JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-DOC-DFM<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**Hearing**<br><br>Date:      Date: April 6, 2020<br>Time:      8:30 a.m.<br>Courtroom: 9D<br>Judge:     Hon. David O. Carter |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 6, 2020, at 8:30 AM, or as soon thereafter as the matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California, 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice all claims asserted by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") against Apple in the above-captioned matter. Plaintiffs' allegations are not timely under the relevant statute of limitations, nor do Plaintiffs plead key requirements of every cause of action. Plaintiffs' Complaint is facially deficient at least for the following reasons and accordingly should be dismissed.

First, Plaintiffs' trade secrets cause of action (No. 11) is defective because it is time-barred by Cal. Civ. Code § 3426.6 and fails to plead required elements of a trade secrets claim. Second, the patent infringement causes of action (Nos. 1–10) are defective because they do not adequately compare the asserted claims to the accused products to demonstrate that each limitation of at least one asserted claim is practiced by the accused products. Third, Plaintiffs' patent ownership cause of action (No. 17) is defective for failing to allege a cognizable state law legal theory, requesting relief that this Court cannot grant, and improperly pleading multiple claims in one cause of action. Lastly, Plaintiffs' correction of inventorship causes of action (Nos. 12–16) are defective because Plaintiffs have no standing to bring these claims and have failed to identify the subject matter that Plaintiffs' employees allegedly jointly invented. Accordingly, none of Plaintiffs' claims is adequately pleaded under the standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and should be dismissed with prejudice, or a more particular statement should be required.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and the [Proposed] Order, the Complaint, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 26, 2020.

Dated: March 4, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
GIBSON, DUNN & CRUTCHER LLP


By: */s/Joshua H. Lerner*
    Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*