JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Roads
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | CASE NO. 8:20-cv-00048-DOC-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS**<br><br>[Defendant Apple Inc.'s Motion to Dismiss Filed Concurrently Herewith]<br><br>**Hearing:**<br>Date:   April 6, 2020<br>Time:   8:30 a.m.<br>Place:  9D<br>Judge:  Hon. David O. Carter |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:

In accordance with Rule 201 of the Federal Rules of Evidence, Defendant Apple Inc. ("Apple"), by and through its attorneys, respectfully requests that the Court take judicial notice of Exhibits A through D accompanying this Request for Judicial Notice in support of Defendant's Motion to Dismiss:

1. **Exhibit A:** A true and correct copy of a letter dated January 24, 2014 sent from Stephen C. Jensen, attorney at Knobbe Martens Olson & Bear LLP, to Timothy D. Cook, Apple's Chief Executive Officer, regarding Apple's offer of employment to Cercacor's Chief Technology Officer, Marcelo Lamego.

2. **Exhibit B:** A true and correct copy of United States Patent Application Publication No. 2016/0061726, published by the U.S. Patent & Trademark Office ("USPTO") on March 3, 2016, listing Trevor J. Ness, Chin San Han, David I. Nazzaro, Marcelo M. Lamego, Naoto Matsuyuki, and Wolf Oetting as inventors, which is publicly available through USPTO's Patent Application Full-Text and Image Database (AppFT).

3. **Exhibit C:** A true and correct copy of Masimo Corporation's Form 10-K for the fiscal year ended January 3, 2015, filed with the U.S. Securities and Exchange Commission ("SEC"), which is made publicly available through the EDGAR system on its website, SEC.gov.

4. **Exhibit D:** A true and correct copy of United States Patent Application Publication No. 2018/0238734, published by the USPTO on August 23, 2018, listing Steven P. Hotelling and Marcelo M. Lamego as inventors, which is publicly available through USPTO's Patent Application Full-Text and Image Database (AppFT).

## JUDICIAL NOTICE IS WARRANTED

This Court "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibits A through D are each relevant to the argument raised by Apple in its concurrently filed Motion to Dismiss that Plaintiffs' trade secret misappropriation claim is time barred.

The Court should take judicial notice of Exhibit A because it is a document relied upon in the Complaint for the allegation that Plaintiffs' "warned Apple about respecting their [intellectual property] rights," and its authenticity is not reasonably subject to dispute. *See* Compl. ¶ 22. Courts may judicially notice "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). In addition, the letter is "explicitly referenced in the complaint, making consideration of [it independently] proper under the incorporation by reference rule." *In re Am. Apparel, Inc. Shareholder Deriv. Litig.*, 2012 WL 9506072, at *19 (C.D. Cal. July 31, 2012). As discussed more fully in the Motion, this letter demonstrates that Plaintiffs accused Apple of improperly attempting to gain access to, or benefit from, their trade secrets in January 2014, which triggered the three-year statute of limitations at that time.

The Court should take judicial notice of Exhibits B and D because they are published patent applications filed with the USPTO that are publicly available through the USPTO's Patent Application Full-Text and Image Database (AppFT) and not reasonably subject to dispute. Courts routinely take judicial notice of USPTO filings and information available through public USPTO search databases. *See, e.g.*,

*Oroamerica Inc. v. D&W Jewelry Co., Inc.*, 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of USPTO registration certificates, patent file history, and patent application materials); *O'Hanlon v. AccessU2 Mobile Sols., LLC*, 2019 WL 1081079, at *6 n.5 (D. Colo. Jan. 22, 2019); *Viveve, Inc. v. Thermigen, LLC*, 2017 WL 5257007, at *11 n.1 (E.D. Tex. Nov. 13, 2017); *TransCardiac Therapeutics, Inc. v. Yoganathan*, 15 F. Supp. 3d 1364, 1372 n.12 (N.D. Ga. 2014). As discussed more fully in the Motion, Plaintiffs alleged that their confidential information was disclosed in certain patent filings—including the published patent application attached as Exhibit B published on March 3, 2016—yet Plaintiffs inexplicably did not file suit for more than three and a half years after it was published. In addition, as also discussed more fully in the Motion, Plaintiffs request that the title of certain patents and patent applications be changed in their favor—including that of the published patent application attached as Exhibit D—yet this application lists an Apple employee who has never been employed by Plaintiffs, and Plaintiffs have not identified any obligation on the part of this employee to assign his rights in the application to them.

      The Court should take judicial notice of Exhibit C because it is an SEC filing that is publicly available and not reasonably subject to dispute. Courts regularly take judicial notice of SEC filings. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Miller v. PCM, Inc.*, 2018 WL 5099722, at *1 n.2 (C.D. Cal. 2018). As discussed more fully in the Motion, Masimo's disclosures in its 2014 10-K indicate that it claimed to have a robust patent portfolio and at least since that time claimed to focus on protecting its intellectual property rights, including apparently through searches for competitors' patent filings. This raises the issue why it did not discover Apple's patent applications—which allegedly disclose its confidential information—earlier, and within the limitations period.

*    *    *

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits A through D, filed concurrently within, and consider these exhibits in ruling on Apple's Motion to Dismiss.

Dated: March 4, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
GIBSON, DUNN & CRUTCHER LLP

By: */s/Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*