Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON &
BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

*Attorneys for Plaintiffs Masimo
Corporation and Cercacor Laboratories,
Inc.*

JOSHUA H. LERNER, SBN 220755
jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

H. MARK LYON, SBN 162061
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendant Apple Inc.*
[Additional counsel on following page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**JOINT 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:    TBD<br>Time:    TBD<br>Ctrm.    TBD |

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:   202.955.8541
Facsimile:    202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:    213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Telephone:  310.552.8546
Facsimile:    310.552.7026

*Attorneys for Defendant Apple Inc.*

-1-

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs"), and Defendant Apple Inc. ("Apple") (together with Plaintiffs, the "Parties") hereby submit this Joint Report and [Proposed] Discovery Plan.

On March 10, 2020, counsel for the Parties conducted a telephonic discovery conference to address topics set forth in Fed. R. Civ. P. 26(f) Local Rule 26-1, and this Court's sample Order Setting Rule 26(f) Scheduling Conference. Participating in the conference were Joseph R. Re, Stephen W. Larson, and Adam B. Powell of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs, and Brian Rosenthal, Angelique Kaounis, and Joshua Lerner of Gibson, Dunn & Crutcher LLP, counsel for Apple.

**A.   <u>Synopsis</u>**

This action involves claims by Plaintiffs against Apple for alleged patent infringement, trade secret misappropriation, correction of inventorship of certain patents assigned to Apple, and declaratory judgment of ownership of certain patents assigned to Apple. On January 9, 2020, Plaintiffs filed the initial Complaint. On March 4, 2020, Apple moved to dismiss the initial Complaint. On March 25, 2020, Plaintiffs filed the First Amended Complaint asserting the following causes of action:

> (1)   Infringement of U.S. Patent No. 10,258,265;
>
> (2)   Infringement of U.S. Patent No. 10,258,266;
>
> (3)   Infringement of U.S. Patent No. 10,292,628;
>
> (4)   Infringement of U.S. Patent No. 10,299,708;
>
> (5)   Infringement of U.S. Patent No. 10,376,190;
>
> (6)   Infringement of U.S. Patent No. 10,376,191;
>
> (7)   Infringement of U.S. Patent No. 10,470,695;
>
> (8)   Infringement of U.S. Patent No. 6,771,994;

(9)     Infringement of U.S. Patent No. 8,457,703;

(10)    Infringement of U.S. Patent No. 10,433,776;

(11)    Infringement of U.S. Patent No. 10,588,553;

(12)    Infringement of U.S. Patent No. 10,588,554;

(13)    Trade Secret Misappropriation Under California's Uniform Trade Secret Act;

(14)    Correction of Inventorship of U.S. Patent No. 10,078,052;

(15)    Correction of Inventorship of U.S. Patent No. 10,247,670;

(16)    Correction of Inventorship of U.S. Patent No. 9,952,095;

(17)    Correction of Inventorship of U.S. Patent No. 10,219,754;

(18)    Correction of Inventorship of U.S. Patent No. 10,524,671;

(19)    Declaratory Judgment of Ownership of U.S. Patent No. 10,078,052;

(20)    Declaratory Judgment of Ownership of U.S. Patent No. 10,247,670;

(21)    Declaratory Judgment of Ownership of U.S. Patent No. 9,952,095;

(22)    Declaratory Judgment of Ownership of U.S. Patent No. 10,219,754;

(23)    Declaratory Judgment of Ownership of U.S. Patent No. 10,524,671; and

(24)    Declaratory Judgment of Ownership of U.S. Patent Application No. 15/960,507.

Apple contends that none of the claims have merit;  Apple will respond to the First Amended Complaint by April 20, 2020, pursuant to the Court's April 2, 2020 Order.

**B.**   **Legal Issues**

The Parties identify the following key disputed issues:

1.      Whether Apple has infringed any valid claim of the asserted

patents;

2.     The scope and meaning of certain claim terms of Plaintiffs' asserted patents;

3.     Whether Apple improperly acquired, used, or disclosed Plaintiffs' alleged trade secrets;

4.     Whether Plaintiffs were injured by any alleged improper acquisition, use, or disclosure of Plaintiffs' alleged trade secrets by Apple;

5.     Whether inventorship for certain patents assigned to Apple should be corrected;

6.     Whether Plaintiffs are the owner of certain patents and patent applications assigned to Apple;

7.     Whether Plaintiffs are entitled to damages and, if so, in what amount;

8.     Whether Plaintiffs are entitled to an injunction and, if so, the terms of the injunction; and

9.     Whether this case is exceptional and whether any party is entitled to attorneys' fees and costs.

Apple identifies the following additional key disputed issues:

1.     Whether Plaintiffs' trade secret claim is barred by the applicable statute of limitations, *see* Cal. Civ. Code § 3426.6;

2.     Whether Plaintiffs can show that they own protectable trade secrets, including by describing the alleged trade secrets with sufficient particularity to separate them from matters of general knowledge in the trade, and demonstrating reasonable measures to maintain secrecy and value of the alleged trade secrets;

3.     Whether Plaintiffs' misappropriation claim was brought or maintained in bad faith such that the Court should award

-3-

reasonable attorney's fees and costs to Apple under Cal. Civ. Code Section 3426.4; and

4.     Whether Plaintiffs' patent infringement, correction of inventorship, and patent ownership claims were brought or maintained in bad faith, such that the Court should award reasonable attorney's fees and costs to Apple under 35 U.S.C. § 285.

Plaintiffs disagree with Apple's recitation of "additional key issues" as unduly argumentative, addressing questions that are not actually issues in this case, and identifying incorrect legal standards.

The Parties reserve all rights to identify additional legal issues that may arise, for example, in connection with possible counterclaims or affirmative defenses, based on the development of evidence in this matter.

**C.     Damages**

Plaintiffs' Statement:

Plaintiffs seek damages in an amount to be ascertained through discovery and proven at trial, plus applicable pre-judgment and post-judgment interest. Plaintiffs seek actual damages, lost profits, unjust enrichment, and/or a reasonable royalty.  The final amount of these categories has yet to be ascertained—and Plaintiffs are unable to provide a realistic range of provable damages until they have obtained further information through discovery which can be provided to their damages expert, including revenue and sales information related to the accused products.  Plaintiffs also allege willful patent infringement, as well as willful and malicious trade secret misappropriation. Thus, Plaintiffs seek reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285 and Cal. Civil Code § 3426.4.  Plaintiffs will also seek punitive and exemplary damages.  Plaintiffs disagree with Apple's contention below that Plaintiffs' claims lack merit because Plaintiffs have not yet calculated damages, especially when Apple is refusing to provide any discovery in this case.

Apple's Statement:

Apple denies that Plaintiffs have been harmed in any way by Apple's conduct, and accordingly Apples denies that any provable damages exist in this case or that Plaintiffs are entitled to any compensatory damages (including lost profits and/or a reasonable royalty), exemplary damages, and/or recovery for unjust enrichment.  The fact that Plaintiffs cannot identify any damages, four months after filing suit, several years after the alleged misappropriation, and over a year after the first accused product was released, is telling.  Apple will respond to any damages theories asserted by Plaintiffs at the appropriate time.  Apple reserves the right to assert counterclaims at a later date and may seek damages at that time.  Further, Plaintiffs' misappropriation claim was made, and continues to be maintained, in bad faith such that the Court should award reasonable attorneys' fees and costs to Apple under Cal. Civ. Code Section 3426.4.  Among other things, the misappropriation claim is barred by the applicable statute of limitations, *see* Cal. Civ. Code Section 3426.3, and Plaintiffs have not alleged cognizable trade secrets or any plausible facts supporting any colorable theory of misappropriation.

**D.**   **Insurance**

The Parties are not aware of any insurance coverage related to this matter.

**E.**   **Motions**

While Plaintiffs do not presently contemplate filing any additional amended pleadings or motions to add additional parties or claims, further discovery or issuance of additional patents may result in additional claims or amended pleadings.  Plaintiffs reserve the right to do so, including in response to any Apple counterclaims.

Apple does not, at this time, anticipate filing any motions to add parties or transfer venue.  As noted above, Apple filed a motion to dismiss the original Complaint and intends to file a motion to dismiss some or all of the claims in

Plaintiffs' First Amended Complaint by April 20, 2020.   Apple has not answered yet and reserves the right to bring counterclaims.

**F.      Discovery and Experts**

With respect to expert disclosures, the Parties have proposed deadlines in the Presumptive Schedule of Pretrial Dates attached hereto as Exhibit A.

**1.      Initial Disclosures**

The Parties do not believe any changes are necessary in the form or requirement for disclosures under Rule 26(a).   The Court granted the Parties' stipulation to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures on April 14, 2020.

**2.      Subjects for Discovery/Discovery Phases/Discovery Cut-Off**

The Parties anticipate that discovery may be needed on at least the topics and disputed issues identified above, as well as any affirmative defenses asserted, and/or counterclaims brought by Apple.   The Parties agree that fact and expert discovery should be conducted in phases.   The proposed timing of expert witness disclosures under Fed. R. Civ. P. 26(a)(2) is set forth below in the proposed schedule attached hereto as Exhibit A.   Although the Parties have served discovery, no discovery has been completed to date.

Plaintiffs' Statement: All discovery should be completed pursuant to the schedule set forth in Exhibit A and in accordance with the Federal Rules of Civil Procedure.   Plaintiffs disagree with Apple's assertion that California Civil Procedure Code Section 2019.210 applies in federal court to bar trade secret discovery until the requirements of the rule are met.   Plaintiffs also disagree with Apple's attempt to use that procedural rule to bar *all* discovery, including patent discovery.   For example, Plaintiffs recently served a narrow set of 25 Requests for Production that concern the asserted patents and technical information about the products accused of patent infringement.   The requested information is necessary for Plaintiffs to provide patent infringement

contentions.  Apple has asserted that all discovery is barred, including discovery relating to the products accused of patent infringement because the information is purportedly *also* relevant to Plaintiffs' trade secret claims.

Regardless, Plaintiffs have repeatedly suggested the proper way for Apple to seek this information is through an interrogatory served under the Federal Rules.  Plaintiffs even offered to give Apple an extra interrogatory if that was the issue.  Apple maintained that all discovery that relates in any way to the trade secret claims (including all patent discovery) is barred until Apple agrees that Plaintiffs have complied with a California state procedural rule.  As addressed in more detail in Section K below, that is improper.

Apple's Statement:  Apple anticipates patent discovery to be completed pursuant to the schedule set forth in Exhibit A except insofar as Plaintiffs attempt to take trade secret related discovery before providing an adequate description of the alleged trade secrets.  Pursuant to California Code of Civil Procedure Section 2019.210 ("Section 2019.210") and consistent with the principles of orderly case management and discovery, Apple requested that Plaintiffs describe their alleged trade secrets with reasonable particularity before they commence trade secret-related discovery.  Plaintiffs declined, thus far, to do so, and accordingly, Apple is in the process of moving for a protective order preventing Plaintiffs from commencing such discovery.

Apple does not agree that Plaintiffs' set of 25 Requests for Production is "narrow."  While the Requests may "concern the asserted patents and technical information about the products accused of patent infringement," as Plaintiffs contend, a large number of the requests *also* concern Plaintiffs' alleged secrets.  Indeed, the Apple products accused of patent infringement are the Apple products that Plaintiffs allege incorporate their trade secrets.  Section 2019.210 is clear that a trade secret plaintiff must describe its purported secrets with "reasonable particularity" "before commencing discovery *relating to* the trade

secret." Cal. Civ. Code § 2019.210 (emphasis added). Plaintiffs have refused to define their purported secrets with the reasonable particularity Section 2019.210 requires, and therefore may not commence discovery that relates to their misappropriation claim even if it *also* relates to their patent claims.

Plaintiffs' conduct threatens the result Section 2019.210 guards against: that Plaintiffs will use their patent infringement claims as an end-run around Section 2019.210, to gain access to Apple's files and claim Apple's confidential information as their own. Plaintiffs' demand that Apple serve an interrogatory does not sufficiently protect against this result, because, among other things, there is nothing stopping Plaintiffs from cutting and pasting the vague description of the secrets in their First Amended Complaint into an interrogatory response. Accordingly, Apple intends to move forward with producing responsive discovery that relates solely to Plaintiffs' patent claims, as well as responsive public discovery that pertains to both the patent and trade secret claims. But as to any non-public discovery that relates to Plaintiffs' trade secret claim or to both the trade secret and patent claims, Apple intends to object to such discovery and await Judge Early's ruling on its protective order motion, which will be filed by joint stipulation of the parties on April 30, 2020.

***

The Parties have proposed a Presumptive Schedule of Pretrial Dates attached hereto as Exhibit A. Plaintiffs present these dates for the completion of all discovery in this case; Apple presents these dates for the completion of non-trade secret related discovery in this case.

### 3.  <u>Written Discovery Requests</u>

Plaintiffs anticipate serving, and have begun serving, written discovery (interrogatories, requests for production, requests for admission) directed to at least the following topics: the structure, function, and operation of Apple's products accused of infringing Plaintiffs' asserted patents; Apple's

misappropriation of Plaintiffs' trade secrets; the correct inventorship and ownership of the Apple patents at issue; Apple's affirmative defenses; and Apple's revenue, costs, profits pricing, margins, marketing, revenues and profits relating to the accused products.  Plaintiffs also anticipate third-party discovery may be necessary for some or all of the above topics.

Apple anticipates serving written discovery (interrogatories, requests for production, requests for admission), and has already begun serving such discovery, directed to at least the following topics: whether Plaintiffs brought their trade secret claim within the applicable statute of limitations period; the alleged bases for any supposed delayed discovery of Plaintiffs' trade secret claim; the development of the alleged trade secrets; ownership of the alleged trade secrets; the bases for Plaintiffs' claim of misappropriation by Apple; Plaintiffs' purported efforts to maintain the secrecy of their alleged trade secrets; the value, if any, of the alleged trade secrets; the facts on which Plaintiffs claim that Apple knew or should have known (i) that Marcelo Lamego purportedly disclosed Plaintiffs' alleged trade secrets to Apple, and/or (ii) the scope of Plaintiffs' alleged trade secrets; the validity of the asserted patents and related patents; the development that led to the asserted patents; practice by Plaintiffs of the asserted patents; marking of products of Plaintiffs that allegedly practice the asserted patents; contributions of those Plaintiffs allege should be named inventors on the identified Apple patents and patent applications; factual and legal bases for ownership and/or correction of inventorship of the identified Apple patents and patent application; Plaintiffs' bases for their claims of patent infringement; the notice, if any, Plaintiffs gave to Apple of its alleged infringement; Plaintiffs' efforts to enforce their alleged intellectual property rights; Plaintiffs' licensing or assignment of the asserted patents; Plaintiffs' claims that they have been harmed by any conduct committed by Apple; the bases, if any, for Plaintiffs' claims for damages, enhanced damages, attorney's

fees, recovery for unjust enrichment, and reasonable royalties, including Plaintiffs' revenue, costs, profits, pricing, margins, marketing, and licensing agreements relating to the alleged trade secrets and patented technology. Apple also anticipates third-party discovery may be necessary for some or all of the above topics.

### 4. Depositions

Plaintiffs anticipate taking the depositions of Apple under Fed. R. Civ. P. 30(b)(6), Apple's employees, non-party witnesses, and expert witnesses concerning the issues identified above. Plaintiffs also anticipate taking the depositions of third parties.

Apple anticipates taking depositions of Plaintiffs under Fed. R. Civ. P. 30(b)(6); Plaintiffs' employees, including but not limited to those employees and former employees identified in the Complaints as inventors on Plaintiffs' relevant patents, and those employees and former employees identified in the Complaints as inventors or contributors to the Apple patents and patent applications; non-party witnesses; and expert witnesses concerning the issues identified above. Apple's estimates are based on the claims alleged in Plaintiffs' First Amended Complaint filed on March 25, 2020. Additional discovery will be needed if counterclaims are brought.

### 5. Electronic Discovery and Document Production

The Parties are negotiating a protocol governing the preservation and production of Electronically Stored Information ("ESI"), which they will submit separately.

### 6. Limitations on Discovery

The Parties request the following exceptions to the limitations on discovery set forth in the Federal Rules of Civil Procedure:

(1) A maximum of 35 interrogatories per side;

(2) A maximum of 50 requests for admission per side; and

(3)     Each expert deposition shall be limited to one seven hour day per expert per report.

Additionally, Plaintiffs assert the issues and claims in this case justify 140 hours of fact depositions per side, with each fact deposition counting as having a duration of at least 3.5 hours.  Defendant asserts depositions should be limited to 80 hours of party fact depositions per side, with each party fact deposition counting as having a duration of at least 3.5 hours.

As set forth above, Apple objects to Plaintiffs' commencement of any trade-secret related discovery until Plaintiffs describe their alleged trade secrets with reasonable particularity under Section 2019.210 and will move for a protective order preventing Plaintiffs from taking the same.  Plaintiffs object to Apple's attempt to use a California state procedural rule to bar all discovery, including patent discovery.

**7.     <u>Other Orders</u>**

The Parties intend to request that the Court enter a protective order governing the confidentiality of information in this case.  The Parties will submit to Magistrate Judge Early a proposed protective order under Federal Rule of Civil Procedure 26(c) to govern the exchange and disclosure of confidential documents and information in this case.  Apple will not agree to produce documents unless and until a satisfactory protective order is issued in this case.

The Parties consent to electronic service and agree that such service of papers may be accomplished by electronic mail, with the same result as if such papers had been delivered in person.  If the e-mail serving papers is sent after midnight (Pacific), those papers will be considered to have been received the following day.

At this time, Plaintiffs do not propose that the Court enter any other order under Rule 26(c), Rule 16(b), or Rule 16(c) beyond those normally issued by

the Court.  However, as set forth herein, Apple will move for a protective order under Rule 26(c) on the basis that Plaintiffs may not commence any trade secret-related discovery until they comply with Section 2019.210.  Plaintiffs object to Apple's attempt to use a California state procedural rule to bar all discovery, including patent discovery.

**G.    Dispositive Motions**

Plaintiffs' Statement:

Plaintiffs anticipate that they may file motions for summary judgment regarding patent infringement, validity, trade secret misappropriation, inventorship, and/or ownership.  Plaintiffs anticipate they may also file pretrial motions relating to expert testimony and motions *in limine*.

Apple's Statement:

Apple filed a motion to dismiss Plaintiffs' claims on March 4, 2020. Plaintiffs voluntarily amended their Complaint on March 25, 2020, and Apple intends to move to dismiss some or all of the claims in the First Amended Complaint on or before April 20, 2020.  Apple reserves the right to move to dismiss any future amended complaint.

If any claims remain after any future motions to dismiss are decided, Apple anticipates that it will move for summary judgment, partial summary judgment, and/or judgment on the pleadings under Rule 15(c) of Plaintiffs' claims of trade secret misappropriation, patent infringement, patent validity, patent eligibility correction of inventorship, and/or declaratory judgment of ownership, and further, that it may seek sanctions (including possibly case or claim-terminating sanctions) against Plaintiffs under Cal. Civ. Code Section 3426.4, among other authorities.  Apple anticipates that it may also file pretrial motions relating to expert testimony and motions *in limine*.  Apple reserves all rights to bring such motions.

**H.    Settlement and Settlement Mechanism**

The Parties have met and conferred regarding ADR and settlement procedures pursuant to L.R. 16-15.   The Parties propose participating in a private mediation in accordance with Settlement Procedure No. 3.

The Parties have submitted concurrently herewith an ADR-01 "Request; ADR Procedure Selection" Form.   The Parties appreciate and understand that the case will not proceed to trial unless all parties with full authority to settle the case have appeared personally at a settlement conference.

**I.    Trial Estimate**

The Parties agree that trial will be by jury on at least all issues for which there is a right to trial by jury.   The Parties estimate a 10-14 day jury trial in which each Party anticipates calling approximately 10-15 witnesses.   Because the Parties' trial estimate exceeds eight days, the Parties will be prepared to discuss the estimate in detail.   The parties reserve the right to request bifurcation of trial.

**J.    Timetable**

The Parties have submitted the Presumptive Schedule of Pretrial Dates attached as Exhibit A to this report.

**K.    Other Issues**

Plaintiffs' statement:

Apple's has attempted to block all discovery from the outset by demanding that Plaintiffs follow Cal. Civ. Proc. Code § 2019.210.   Apple's position is misplaced because Section 2019.210 is a California procedural requirement that does not apply in federal court.   *See SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372, at *3 (C.D. Cal. Mar. 15, 2013) (holding that Cal. Civ. Proc. Code § 2019.210 does not apply in federal courts because it violates Fed. R. Civ. P. 26 and the *Erie* doctrine); *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 WL 273949, at *2 (E.D. Cal. Jan.

-13-

29, 2007) (same).   As *SMC Networks* explained, Section 2019.210 conflicts with the Federal Rules because "§ 2019.210 sets forth a procedural requirement that must be met before discovery may be initiated, while Rule 26 would permit Plaintiff to proceed."   2013 WL 12136372 at *3.   Thus, Section 2019.210's "automatic stay provision 'serve[s] to prevent application of Rule 26.'"   *Id.* (quoting *Funcat*, 2007 WL 273949, at *2).

Indeed, Apple's own argument shows why Section 2019.210 should not be applied in federal courts.   Apple asserts that it should not have to respond to Plaintiffs' First Set of Requests for Production ("RFPs") because the RFPs seek "extensive trade secret-related discovery."   But even a cursory review of those 25 RFPs show they are standard patent RFPs designed to seek information Plaintiffs need to prepare patent infringement contentions against the "Accused Products."   For example, the requests are narrowly tailored to seek documents concerning the "scope of the Masimo Asserted Patents," the "design and operation of the Accused Products," and the "operation of any heart rate algorithms used in any of the Accused Products."   Some RFPS were even narrowly tailored to particular patent claim limitations.

Plaintiffs asked Apple to identify any requests that it believed sought information not directed to the patent infringement allegations, but Apple admitted it could not identify any such request.   Despite that, Apple has refused to provide any responsive information on the grounds that Apple believes the requests ***also*** relate to the trade secret allegations.   Accordingly, Apple is using a California state procedural rule concerning trade secrets to preclude typical patent discovery.   Apple provides no case law to support that position, which has been rejected by at least one court in this District.   *See Bryant v. Mattel*, 2007 WL 5430888, *3 n.3 (C.D. Cal. May 18, 2007) (refusing to limit discovery of product information under Section 2019.210 because the information was

/ / /

-14-

also "relevant to claims other than the trade secret misappropriation claim, such as Mattel's claim for copyright infringement").

Instead of imposing a state procedural rule to bar patent discovery, Apple should serve an interrogatory under the Federal Rules of Civil Procedure.  If Apple had done so immediately after the Rule 26(f) conference on March 10, Plaintiffs would have already responded.  This is precisely the procedure the Court already adopted and followed in *Masimo et al. v. True Wearables et al.*, case no. 8:18-cv-2001-JVS-JDEx, which Apple asserts raises allegations that are "nearly identical" to the allegations in this case.  *See* D.I. 14 (Apple's Notice of Related Cases) at 1.  Apple incorrectly suggests the defendant in *True Wearables* served an interrogatory instead of asking Plaintiffs to identify their trade secrets separate from the interrogatory.  The defendant actually requested a formal identification of trade secrets similar to patent infringement contentions.  This Court addressed the dispute at the scheduling conference and adopted Plaintiffs' argument that the Federal Rules of Civil Procedure apply and Plaintiffs need only respond to an interrogatory asking for such trade secrets.

Apple's attempt to obtain a contrary ruling by rushing to Magistrate Judge Early is inappropriate.  As shown throughout this submission, Apple turned the Section 2019.210 dispute into a scheduling issue by asserting it will not comply with the Court's schedule as to trade secret discovery.  Apple's assertion exemplifies the conflict between Section 2019.210 and the Federal Rules, which should be resolved by this Court because it impacts the schedule.

Apple also incorrectly asserts it includes the section below "because Plaintiffs insisted on addressing the merits of the parties' Section 2019.210 dispute in this filing."  Plaintiffs initial draft did not include this section or discuss Section 2019.210.  Plaintiffs added their position *in response* to Apple's extensive arguments on Section 2019.210.  Apple then responded the day before filing by adding additional arguments and citing case law.  But most of Apple's

-15-

cases did not even discuss the *Erie* conflict.  *See M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *4 (C.D. Cal. Sept. 3, 2019); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  One decision applied Section 2019.210 based on the "circumstances in [that] case," including that plaintiff had initially ***agreed*** to apply Section 2019.210.  *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018).[1] Plaintiffs request the Court apply the standard Federal Rules for discovery just as it did in the *True Wearables* case, which Apple argued involves "nearly identical" allegations.

Apple's Statement:[2]  Apple wants to move forward with trade secret discovery *as quickly possible*, and therefore has repeatedly requested that Plaintiffs comply with the procedures set out in California Code of Civil Procedure Section 2019.210.  Apple informed Plaintiffs that their pleading of the alleged trade secrets was insufficient back on *February 25*, requested Plaintiffs' compliance with Section 2019.210 by letter dated *March 6*, and has repeatedly requested Plaintiffs' compliance with Section 2019.210 ever since. Even though Plaintiffs are alleging secrets that are public, Plaintiffs have steadfastly refused to provide an adequate description of those secrets.

---

[1] Apple also claims it is seeking to move this case forward "as quickly as possible" and faults Plaintiffs for requesting a 14-day extension to respond to Apple's motion for protective order.  Apple omits that it has requested and obtained numerous lengthy extensions to respond to the initial Complaint, file this report, and respond to the Amended Complaint.  D.I. 12; D.I. 26; D.I. 30.

[2] Apple includes this section because Plaintiffs insisted on addressing the merits of the parties' Section 2019.210 dispute in this filing.  Apple notes, however, that this dispute is in the process of being briefed for Judge Early, in a Joint Stipulation to be filed by the parties on April 30, 2020.

Furthermore, Apple has not attempted to "block all discovery from the outset," as Plaintiffs contend above. To the contrary, Apple intends to move forward with discovery that pertains solely to Plaintiffs' patent claims.

Consistent with its goal to move forward on the trade secret claims as quickly as possible, on March 27, 2020, Apple began the process of moving for a protective order prohibiting Plaintiffs from commencing trade secret-related discovery unless and until they identify their allegedly misappropriated trade secrets with the "reasonable particularity" Section 2019.210 requires. Apple was prepared to follow the timing for the motion prescribed by the Local Rules and file on April 15, 2020. *Plaintiffs* requested that Apple delay the filing so that Plaintiffs could have an additional two weeks to prepare their portion, and Apple agreed. At *Plaintiffs'* request, the filing has been delayed until April 30, 2020.

District courts throughout California, *including this Court*, recognize that Section 2019.210 serves an essential function in cases like this one—it discourages meritless trade secret claims, prevents plaintiffs from abusing the discovery process to access the defendant's trade secrets, assists the court in framing the appropriate scope of discovery, and enables a defendant to form "complete and well-reasoned defenses" against claims of misappropriation. *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.). A prompt and particularized disclosure of Plaintiffs' purported secrets is critical to each of those functions, as will be described in detail in Apple's forthcoming motion for a protective order.

Tellingly, the most recent case Plaintiffs cite in support of their contrary position that Section 2019.210 does not apply to CUTSA cases filed in federal court—*SMC Networks*—is from 2013 and has never been followed by another court. This Court is far from alone in recently taking a different approach from *SMC*, and managing discovery in trade secret cases by applying Section

-17-

2019.210.   *See, e.g.*, *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Plaintiffs are wrong to suggest that a contrary approach was taken in the *True Wearables* Case.  In that case, the defendant did not move for a protective order pursuant to Section 2019.210.  Here, Apple initiated the meet and confer process in connection with its motion for a protective order pursuant to Section 2019.210 on March 27, 2020, Apple sent Plaintiffs its portion of the joint stipulation Judge Early requires for presentation of such a motion on April 8, 2020, and, as a result of Plaintiffs' requested two-week extension, the parties' joint stipulation is scheduled to be filed on April 30, 2020.  Moreover, in *True Wearables*, the defendant elected to serve an interrogatory for the identification of trade secrets.  Here, by contrast, Apple has not served an interrogatory for the information covered by Section 2019.210 because an interrogatory response does not sufficiently protect Apple from the harm Section 2019.210 guards against: that Plaintiffs will use a vague identification of their trade secrets to gain access to Apple's files and claim Apple's confidential information as their own.  Plaintiffs say they are willing and able to adequately describe their trade secrets in response to an interrogatory, but refuse to do so in a Section 2019.210 disclosure.  The clear reason is that Plaintiffs seek to use the discovery process to manufacture a trade secret case.  Indeed, Plaintiffs prefer an interrogatory to a Section 2019.210 disclosure because they are free to amend their interrogatory responses throughout the discovery process, including in response to the *Apple* confidential information they discover in Apple's files.  Plaintiffs should be required to describe the trade secrets that Apple allegedly misappropriated at the outset of this case.  This is information that Plaintiffs must have in their

-18-

possession as the result of the Rule 11 investigation they allegedly conducted prior to filing. Its prompt disclosure will prevent Plaintiffs from simply manufacturing a trade secret claim that did not exist at the time of filing and it will protect Apple's confidential information – which are the precise reasons why Section 2019.210 was enacted. Forcing Plaintiffs to specify their alleged trade secrets *before* they commence trade secret-related discovery in Apple's files will prevent unnecessary motion practice later.

Plaintiffs' further argument that their RFPs somehow fall outside the ambit of Section 2019.210 is not persuasive. To begin with, and to dispel any confusion, Apple is prepared to produce documents responsive to the RFPs pertaining solely to Plaintiffs' patent claims, as well as public documents responsive to the RFPs pertaining to Plaintiffs' patent and trade secret claims. But Plaintiffs are wrong to suggest that all of their RFPs simply seek patent-related information. Plaintiffs use the term "Accused Products" throughout their RFPs, defined as "Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product." These are the *very same Apple Watches that Plaintiffs contend incorporate their trade secrets*. Accordingly, these overlapping requests are an attempt to end-run the clear requirements of Section 2019.210. Plaintiffs' discovery of documents pertaining to their purported trade secrets should not commence until Plaintiffs serve an adequate Section 2019.210 disclosure.

This case presents a clear example of the very danger that Section 2019.210 prevents: Plaintiffs have plead vague trade secrets claims, which they already amended once, and now seek access to *Apple's* confidential information. Absent a reasonable description of Plaintiffs' alleged secrets first, Plaintiffs will be able to sift through Apple's information and claim whatever seems most valuable as their own. This is particularly troubling because Apple has a long track record of significant investment in groundbreaking technology, including

the Apple Watch.  Plaintiffs should not be permitted to peruse that information *in search* of a valid claim; they need to first provide at least a description of the secrets at issue here.

For these and the reasons set forth in detail in Apple's portion of the parties' filing before Judge Early on Apple's motion for a protective order, Apple therefore requests that Plaintiffs be barred from commencing any trade secret-related discovery until Plaintiffs serve on counsel a statement, under seal, that includes (1) a summary of the specific alleged trade secrets; (2) the background of the trade secrets and a description of how each secret has derived independent, actual, or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and (4) each of the precise claimed trade secrets, numbered with a list of the specific elements for each, as claims would appear at the end of a patent.

Separately, Apple anticipates a possibly voluminous document production due to the number of patents at issue in this case.  As noted above, the Parties are currently negotiating a protective order.  Apple does not intend to produce documents until an acceptable protective order is issued.

**L.    Conflicts**

The following are subsidiaries of Plaintiff Masimo Corporation:

Masimo (China) Medical Technology Co., Ltd; Masimo (Shanghai) Industrial Co., Ltd.; Masimo 17, LLC; Masimo Americas, Inc.; Masimo Asia Pacific Pte. Ltd; Masimo Australia PTY LTD; Masimo Canada ULC; Masimo International SARL - Dubai, U.A.E.; Masimo de Mexico Holdings I LLC; Masimo de Mexico Holdings II LLC; Masimo Europe Limited – French Branch; Masimo Europe Limited; Masimo Europe Limited - Filiale Italiana; Masimo Europe Limited, Sucursal en España; Masimo Europe Ltd Niederlassung Deutschland; Masimo Holdings LLC; Masimo Holdings LP;

Masimo Hong Kong Limited; Masimo Importação e Distribuição de Produtos Médicos Ltda.; Masimo International SARL; Masimo International Sarl – Jordan; Masimo International Sarl (filiaal Nederlands); Masimo International Technologies SARL; Masimo Japan Kabushiki Kaisha; Masimo Korea LLC; Masimo Medical Technologies India Private Ltd; Masimo Medikal Ürünler Ticaret Limited Şirketi; Masimo Mexico, S. de R.L. de C.V.; Masimo Oesterreich GmbH; Masimo Peru S.R.L.; Masimo Polska Spola z.o.o.; Masimo International Saudi Arabia; Masimo Semiconductor, Inc.; Masimo Sweden AB; OC Property Shelter, LLC; OC Property Ventures, LLC; Patient Doctor Technologies, Inc.; SEDLine, Inc.; SpO2.com; VCCB Holdings, LLC; 25 Sagamore LLC; 52 Discovery LLC; Alton Office Holdings, LLC; and Alton Office Property, LLC.

Apple filed its Statement of Interested Parties and Corporate Disclosure Statement on March 4, 2020.  Dkt. No. 15.

**M.    Patent Cases**

The Presumptive Schedule of Pretrial Dates in Exhibit A identifies the dates and methodology for claim construction and *Markman* hearing.  Plaintiffs do not propose a specific date for the Markman hearing and instead defer to the Court.  Apple proposes that the Markman hearing be held on February 8, 2021, subject to the Court's availability based on its schedule.

**N.    Magistrates**

The Parties do not consent to having a Magistrate Judge preside over these proceedings.

/ / /

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 14, 2020          By: */s/ Stephen W. Larson*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Perry D. Oldham
                                   Stephen W. Larson

                                   Attorneys for Plaintiffs,
                                   Masimo Corporation and
                                   Cercacor Laboratories

GIBSON, DUNN & CRUTCHER LLP

Dated: April 14, 2020          By: */s/ Ilissa Samplin (with permission)*
                                   Joshua H. Lerner
                                   H. Mark Lyon
                                   Brian M. Buroker
                                   Ilissa Samplin
                                   Angelique Kaounis

                                   *Attorneys for Defendant Apple Inc.*

# EXHIBIT A

## JUDGE JAMES V. SELNA
### PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Case No.: | 8:20-cv-00048-JVS (JDEx) |
|---|---|
| Case Name: | Masimo Corporation, et al. v. Apple Inc. |

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) Estimated length: 10-14 days | 8:30 am (Tuesday) | | 4/5/2022 | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | N/A | | |
| Final Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 am (Monday) | -2 | 3/21/2022 | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 3/7/2022 | | |
| Last Day for hand-serving Motions in Limine | | -6 | 2/14/2022 | | |
| Last day for hearing motions | 1:30 pm (Monday) | -7 | 2/7/2022 | | |
| Last day to conduct Private ADR | | | 1/24/2022 | | |

-23-

| | | | | |
|---|---|---|---|---|
| Last day for hand-serving motions and filing (other than Motions in Limine) | | -11 | 1/10/2022 | |
| Expert Discovery cut-off | | | 12/6/2021 | |
| Rebuttal Expert Witness Disclosures | | | 10/18/2021 | |
| Opening Expert Witness Disclosures [See F.R. Civ. P. 26(a)(2)]<br><br>Plaintiffs File Final Infringement Contentions,<br><br>Defendant Files Final Invalidity Contentions. | | | 9/6/2021 | |
| Non-expert Discovery cut-off | | -15 | 7/5/2021 | |
| Defendant further reduces the number of asserted prior art references to no more than 6 references per patent and 25 references total.[3] | | | N/A | 14 days after Plaintiffs further reduce number of asserted claims |
| Plaintiffs further reduce number of asserted patents to 6, the number of asserted claims to no more than 3 claims per patent family, and 12 claims total.[4] | | | N/A | 30 days after Markman decision |
| Markman Decision | | | [set by Court] | |

---

[3]     Apple proposes that Plaintiffs and Defendant will narrow their asserted claims and prior art references from the previously narrowed pool of claims and references.

[4]     Plaintiffs believe Defendant's proposal to include deadlines to limit the number of asserted claims and asserted patents is premature and one-sided.

-24-

| | | | | |
|---|---|---|---|---|
| Markman Hearing | | | [set by Court] | 2/8/2021 | |
| All Parties File Advice of Counsel Disclosures (Patent L.R. 3-7) | | | 1/25/2021 | 30 days after Markman decision | |
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | | | 1/25/2021 | | |
| Last Date to Add Parties / Amend Pleadings | | | 12/23/2020 | | |
| Simultaneous Opening Markman Briefs (Patent L.R. 4-5) | | | 12/21/2020 | | |
| Complete Claim Construction Discovery (Patent L.R. 4-4) | | | 12/7/2020 | | |
| Joint Markman Prehearing Statement Patent L.R. 4-3) | | | 11/9/2020 | | |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence Patent L.R. 4-2) | | | 10/12/2020 | | |
| Exchange of Proposed Claim Terms for Construction (Patent L.R. 4-1) | | | 9/21/2020 | | |
| Invalidity Contentions (Patent L.R 3-3 and 3-4) | | | 9/7/2020 | | |
| Defendant reduces the number of asserted prior art references to no more than 12 references per patent and 50 references total.[5] | | | N/A | 8/10/2020 | |

---

[5]     Apple proposes that a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count

| | | | | | |
|---|---|---|---|---|---|
| Infringement Contentions (Patent L.R. 3-1 and 3-2) | | | 7/27/2020 | | |
| Plaintiffs reduce number of asserted claims to no more than 8 claims per patent and 32 claims total. | | | N/A | 7/27/2020 | |
| Deadline to disclose core technical documents sufficient to show the operation of the accused products.[6] | | | 6/15/2020 | | |
| Initial Disclosures (Rule 26(a)(1)) | | | 4/14/2020 | | |

as one reference, as shall the closely related work of a single prior artist.

[6]    Any discovery-related dates that Apple proposes in this Presumptive Schedule of Pretrial Dates are subject to Plaintiffs providing an adequate identification of their alleged trade secrets in compliance with Section 2019.210 insofar as such an identification is a prerequisite to such discovery.