JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

| | |
|---|---|
| ILISSA SAMPLIN, SBN 314018<br>  isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel.: 213.229.7000 / Fax: 213.229.7520 | ANGELIQUE KAOUNIS, SBN 209833<br>  akaounis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East Suite 4000<br>Los Angeles, CA 90067<br>Tel.: 310.552.8546 / Fax: 310.552.7026 |

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br>a California corporation,<br><br>             Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION IN PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Hearing**<br><br>Date:        Date: June 8, 2020<br>Time:       1:30 p.m.<br>Courtroom: 10C<br>Judge:      Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 8, 2020, at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California, 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Thirteenth Cause of Action for trade secret misappropriation under the California Uniform Trade Secret Act ("CUTSA") asserted by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") against Apple in the First Amended Complaint ("FAC") filed in the above-captioned matter.  Plaintiffs' allegations are not timely under the relevant statute of limitations, and Plaintiffs fail to state a claim for trade secret misappropriation under the CUTSA.  Plaintiffs' CUTSA claim is facially deficient for at least the following three reasons.

First, Plaintiffs' CUTSA claim is time-barred under Cal. Civ. Code § 3426.6, which requires a CUTSA claim to "be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered."  The FAC makes clear that the statute of limitations was triggered as a matter of law at least by January 2014, when Plaintiffs admit they were suspicious of Apple's alleged misappropriation.  The FAC also makes clear that the limitations period was triggered by no later than March 3, 2016, when an Apple patent application that relates to the same category of information (noninvasive physiological monitoring) as Plaintiffs' alleged trade secrets and names Plaintiffs' former employee as inventor was published.  Plaintiffs were on notice of their CUTSA claim by January 2014 or March 2016—both of which dates are outside the three-year limitations period applicable to Plaintiffs' CUTSA claim.

Second, Plaintiffs have failed to plead required elements of a CUTSA claim.  The FAC does not describe Plaintiffs' alleged trade secrets with sufficient particularity to

1  delineate them from matters of general knowledge in the trade, or to permit the Court
2  and Apple to ascertain the boundaries of their purported trade secrets.

3        Third, Plaintiffs have failed to allege that Apple had the requisite knowledge
4  under the CUTSA to establish that Apple misappropriated Plaintiffs' purported trade
5  secrets by "improper means."  The FAC does not allege facts supporting a plausible
6  inference that Apple improperly acquired, disclosed, or used any of Plaintiffs' supposed
7  trade secrets.

8        Accordingly, Plaintiffs' CUTSA claim should be dismissed with prejudice.

9        This Motion is based on this Notice of Motion and Motion, the accompanying
10 Memorandum of Points and Authorities, Apple's Request for Judicial Notice and the
11 supporting Declaration of Ilissa Samplin and exhibits attached thereto, the Original
12 Complaint, the FAC, all pleadings and papers on file in this action, and such further
13 evidence and argument as may be presented at or before the hearing on this matter.

14       This Motion is made following the conference of counsel pursuant to Local Rule
15 7-3, which took place on April 13, 2020.

16 Dated:  April 20, 2020.                    Respectfully submitted,

17                                            JOSHUA H. LERNER
                                             H. MARK LYON
18                                           BRIAN M. BUROKER
                                             ILISSA SAMPLIN
19                                           ANGELIQUE KAOUNIS
                                             GIBSON, DUNN & CRUTCHER LLP
20

21
                                             By: */s/ Joshua H. Lerner*
22                                                Joshua H. Lerner

23
                                             *Attorneys for Defendant Apple Inc.*
24

25

26

27

28