| | |
|---|---|
| 1 | JOSHUA H. LERNER, SBN 220755 |
| |   jlerner@gibsondunn.com |
| 2 | GIBSON, DUNN & CRUTCHER LLP |
| | 555 Mission Street Suite 3000 |
| 3 | San Francisco, CA 94105 |
| | Tel.: 415.393.8200 / Fax: 415.393.8306 |
| 4 | |
| 5 | H. MARK LYON, SBN 162061 |
| |   mlyon@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| 6 | 1881 Page Mill Road |
| | Palo Alto, CA 94304-1211 |
| 7 | Tel.: 650.849.5300 / Fax: 650.849.5333 |
| 8 | BRIAN M. BUROKER, *pro hac vice* |
| |   bburoker@gibsondunn.com |
| 9 | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| 10 | Washington, DC 20036 |
| | Tel.: 202.955.8541 / Fax: 202.467.0539 |
| 11 | |

| | | |
|---|---|---|
| 12 | ILISSA SAMPLIN, SBN 314018 | ANGELIQUE KAOUNIS, SBN 209833 |
| |   isamplin@gibsondunn.com |   akaounis@gibsondunn.com |
| 13 | GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue | 2029 Century Park East Suite 4000 |
| 14 | Los Angeles, CA 90071-3197 | Los Angeles, CA 90067 |
| | Tel.: 213.229.7000 / Fax: 213.229.7520 | Tel.: 310.552.8546 / Fax: 310.552.7026 |

15 *Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC., | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| Plaintiffs, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION IN PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| APPLE INC., | |
| Defendant. | |
| | **Hearing:** |
| | Date: June 8, 2020 |
| | Time: 1:30 p.m. |
| | Place: 10C |
| | Judge: Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:

In accordance with Rule 201 of the Federal Rules of Evidence, Defendant Apple Inc. ("Apple"), by and through its attorneys, respectfully requests that the Court take judicial notice of Exhibits A through D attached to the Declaration of Ilissa Samplin filed in support of this Request for Judicial Notice in support of Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in Plaintiffs' First Amended Complaint ("Motion to Dismiss"):

1. **Exhibit A:** A true and correct copy of a letter dated January 24, 2014, sent from Stephen C. Jensen, attorney at Knobbe Martens Olson & Bear LLP, to Timothy D. Cook, Apple's Chief Executive Officer, regarding Apple's offer of employment to Cercacor's Chief Technology Officer, Marcelo Lamego.

2. **Exhibit B:** A true and correct copy of United States Patent Application Publication No. 2016/0061726, published by the U.S. Patent & Trademark Office ("USPTO") on March 3, 2016, listing Trevor J. Ness, Chin San Han, David I. Nazzaro, Marcelo M. Lamego, Naoto Matsuyuki, and Wolf Oetting as inventors, which is publicly available through USPTO's Patent Application Full-Text and Image Database (AppFT).

3. **Exhibit C:** A true and correct copy of Masimo Corporation's Form 10-K for the fiscal year ended January 3, 2015, filed with the U.S. Securities and Exchange Commission ("SEC"), which is made publicly available through the EDGAR system on the SEC's website, SEC.gov.

4. **Exhibit D**: A true and correct copy of Masimo Corporation's First Amended Complaint filed on June 17, 2019, in the United States District Court for the Central District of California, in the related matter of *Masimo Corp. v. True Wearables, Inc.*, No. 8:18-cv-2001, Docket No. 42.

Gibson, Dunn & Crutcher LLP

1

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' FAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

**JUDICIAL NOTICE IS WARRANTED**

This Court "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibits A through D are each relevant to the arguments raised by Apple in its concurrently filed Motion to Dismiss.

The Court should take judicial notice of Exhibit A because it is a document relied upon in the First Amended Complaint ("FAC") for the allegation that, "On January 24, 2014, Plaintiffs sent a letter to Defendant explaining that Lamego possessed Plaintiffs' confidential proprietary information and warning Apple to respect Plaintiffs' rights in such information" and its authenticity is not reasonably subject to dispute. *See* FAC ¶ 23; *see also id*. ¶ 216. The FAC cites to or quotes from Exhibit A three times. *See* FAC ¶¶ 23, 216, 219. Courts may judicially notice "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). In addition, the letter is "explicitly referenced in the complaint, making consideration of [it independently] proper under the incorporation by reference rule." *In re Am. Apparel, Inc. Shareholder Deriv. Litig.*, 2012 WL 9506072, at *19 (C.D. Cal. July 31, 2012). As discussed more fully in the Motion to Dismiss, this letter demonstrates that Plaintiffs accused Apple of improperly attempting to gain access to, or benefit from, Plaintiffs' alleged trade secrets in January 2014, which triggered the three-year statute of limitations on Plaintiffs' trade secret claim at that time.

The Court should take judicial notice of Exhibit B because it is a published patent application filed with the USPTO that is publicly available through the USPTO's Patent Application Full-Text and Image Database (AppFT), resulted in the issuance of the

2

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' FAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

patent that is attached as Exhibit 27 to the FAC, and is not reasonably subject to dispute. Courts routinely take judicial notice of USPTO filings and information available through public USPTO search databases. *See, e.g.*, *Oroamerica Inc. v. D&W Jewelry Co., Inc.*, 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of USPTO registration certificates, patent file history, and patent application materials); *O'Hanlon v. AccessU2 Mobile Sols., LLC*, 2019 WL 1081079, at *7 n.5 (D. Colo. Jan. 22, 2019); *Viveve, Inc. v. Thermigen, LLC*, 2017 WL 5257007, at *11 n.1 (E.D. Tex. Nov. 13, 2017); *TransCardiac Therapeutics, Inc. v. Yoganathan*, 15 F. Supp. 3d 1364, 1373 n.12 (N.D. Ga. 2014). As discussed more fully in the Motion to Dismiss, the patent application attached as Exhibit B was published on March 3, 2016, relates to the same technology as the three Apple patent applications Plaintiffs allege disclose their confidential information, names Marcelo Lamego as inventor, discloses subject matter that Plaintiffs allege came from their employees, and was the first example Plaintiffs listed in the Original Complaint of an application allegedly containing technologies with which Lamego was intimately involved while working for Plaintiffs. FAC ¶¶ 39–42, 220, 227 & Ex. 27, at 1147; Compl. ¶¶ 23–24, 187. Plaintiffs therefore knew or should have known about the published patent application attached as Exhibit B, and thus were on notice of their trade secret claim by at least March 3, 2016. Yet Plaintiffs inexcusably did not bring their trade secret claim for more than three and a half years after this patent application published, which is after the limitations period for the claim expired.

The Court should take judicial notice of Exhibit C because it is an SEC filing that is publicly available and not reasonably subject to dispute. Courts regularly take judicial notice of SEC filings. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Miller v. PCM, Inc.*, 2018 WL 5099722, at *1 n.2 (C.D. Cal. 2018). As discussed more fully in the Motion to Dismiss, Masimo's disclosures in its 2014 10-K indicate that it claimed to have a robust patent portfolio and at least since that time

3

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' FAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

claimed to focus on protecting its intellectual property rights, including ostensibly through searches for competitors' patent filings. This raises the issue of why Plaintiffs did not discover, within the limitations period, Apple's published patent application, which issued as the patent that is attached as Exhibit 27 to the FAC—and which relates to the same technology at issue in three other Apple patent applications that Plaintiffs allege disclose their confidential information.

The Court should take judicial notice of Exhibit D because it is a pleading filed by Plaintiffs with this Court in the related matter of *Masimo Corp. v. True Wearables, Inc.*, No. 8:18-cv-2001. Exhibit D is publicly available and not reasonably subject to dispute. It is well established that a court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA*, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." (internal citations omitted)). The Court may properly take judicial notice both of the existence of Exhibit D and that it "state[s] what [] [it] state[s]." *Warwick v. Bank of N.Y. Mellon*, 2016 WL 2997166, at *12 (C.D. Cal. May 23, 2016). As referenced in the Motion to Dismiss (at p. 13), Plaintiffs alleged in the *True Wearables* case, just as they have in this case, that their confidential information was disclosed in "multiple" 2014 Apple patent filings. Ex. D. ¶ 37. Plaintiffs also alleged in the *True Wearables* case, just as they have in this case, that as a result of those applications, they learned that "Lamego worked as an engineer on development of non-invasive physiological measurements, including pulse oximetry, for Apple for wearable products, directly in conflict with his assurances to Masimo and Cercacor." *Id*.

* * *

4
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' FAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits A through D, filed concurrently herewith as exhibits to the Declaration of Ilissa Samplin, and consider these exhibits in ruling on Apple's Motion to Dismiss.

Dated:  April 20, 2020.

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/Joshua H. Lerner*
       Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

5

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' FAC
CASE NO. 8:20-cv-00048-JVS (JDEx)