
JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER BARRING TRADE SECRET-RELATED DISCOVERY ABSENT TRADE SECRET IDENTIFICATION** <br><br> Hr'g Date/Time: May 21, 2020, at 10 a.m. <br> Courtroom: 6A <br> Judge: Hon. John D. Early <br> Discovery Cutoff: July 5, 2021 <br> Pretrial Conference: March 21, 2022 <br> Trial: April 5, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 21, 2020, at 10:00 AM, or as soon thereafter as the matter may be heard, in Courtroom 6A of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California, 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 37 and Local Rule 37-2 for a protective order.  Specifically, Apple requests an order that it need not respond to the trade secret-related requests in Plaintiffs' First Set of Requests for Production of Documents ("Requests")—i.e., Request Nos. 5-25—until Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") describe their trade secrets with reasonable particularity consistent with California Code of Civil Procedure Section 2019.210 ("Section 2019.210").  Plaintiffs already objected to producing a trade secret disclosure in compliance with 2019.210, but Judge Selna "stay[ed] the trade secret discovery only pending compliance with 2019.210" and ordered that "[a]ny dispute over compliance shall be heard before the Magistrate Judge."  Order Re Scheduling Dates, Dkt. No. 37, at 1 ("Scheduling Order").[1]  Despite this, Plaintiffs still have not complied with Section 2019.210; nor have they indicated a date certain by which they will do so. Apple will respond to Plaintiffs' patent-related Requests with non-confidential documents, but this Court should grant a protective order prohibiting Plaintiffs from commencing discovery relating to their alleged trade secrets until Plaintiffs provide a Section 2019.210-compliant disclosure.  Plaintiffs' allegations of trade secret misappropriation in this case—and their purposeful delay in complying with Section 2019.210—raise *every* problem that Section 2019.210 is intended to solve:

---

[1] Judge Selna issued the Scheduling Order, included hereto as Attachment A to the Joint Stipulation, on April 17, 2020, after Apple delivered its portion of the stipulation to Plaintiffs' counsel on April 8, 2020.  Apple will therefore address Plaintiffs' arguments made in the Joint Stipulation concerning the Scheduling Order in its Supplemental Memorandum under Local Rule 37-2.3.

*First*, the only description of the alleged trade secrets provided by Plaintiffs—in their First Amended Complaint—provides no hint as to the merits of the misappropriation claim, but instead includes thousands of potential trade secrets in non-descript categories that cover every aspect of Plaintiffs' business.

*Second*, Plaintiffs repeatedly have tried to access Apple's confidential information before they identify their own alleged trade secrets. Specifically, Plaintiffs have sent letters demanding Apple's confidential information and attempted to gain Apple's confidential information through a third-party subpoena in the related action *Masimo Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE (served just one day before Plaintiffs filed the above-captioned action). These actions highlight the obvious risk of Plaintiffs manufacturing an otherwise-nonexistent trade secret claim out of Apple's confidential information.

*Third*, until Plaintiffs specifically define their alleged trade secrets, neither the Court nor the parties can tailor or manage the discovery process in this case, because the appropriate bounds of discovery in this case cannot be measured absent a Section 2019.210-compliant disclosure. The need for Apple to file this very Motion for a Protective Order only underscores this problem.

*Fourth*, a clear articulation of the alleged trade secrets at issue is necessary for Apple to formulate complete and well-reasoned defenses, and will allow Apple to address such basic issues as, for example, the statute of limitations and which alleged secrets were public and when.

Accordingly, the Court should grant a protective order barring Plaintiffs' trade secret-related discovery and order Plaintiffs to promptly comply with Section 2019.210 so that this case may move forward without further delay.

This Motion is based on this Notice of Motion and Motion, the accompanying Joint Stipulation and Apple's supporting declaration and exhibits attached thereto, the Scheduling Order attached to the Joint Stipulation, and such further evidence and argument as may be presented at or before the hearing on this matter. Plaintiffs also

have submitted an accompanying declaration and exhibits in support of their position in the Joint Stipulation.

Dated: April 30, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
　　　Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*