Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404 Facsimile: (949)-760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**SUPPLEMENTAL MEMORANDUM OF PLAINTIFFS MASIMO AND CERCACOR IN OPPOSITION TO APPLE'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:      5/21/2020<br>Time:      10:00 a.m.<br>Location:  Courtroom 6A<br><br>Discovery Cut-Off:      7/5/2021<br>Pre-Trial Conference:   3/21/2022<br>Trial:                  4/5/2022 |

Plaintiffs hereby submit this supplemental memorandum in opposition to Apple's Motion for a Protective Order (Dkt. No. 43).  This responds to material that Apple improperly added to the supposed joint filing *without informing Plaintiffs, much less obtaining Plaintiffs' approval*.

### A.      Apple's New and Unauthorized Additions

On April 8, Apple provided its portion of the Joint Stipulation, which included its requested relief.  Suppl. Powell Decl., Ex. 10.  The parties then submitted a Rule 26(f) report addressing the issues raised in Apple's Motion, including whether and how Section 2019.210 applies.  Powell Decl., Ex. 8.  On April 17, Judge Selna resolved those issues in the Scheduling Order.  *Id.*, Ex. 9.

On April 20, Apple demanded Plaintiffs respond in 24 hours with a date certain on which they would serve a Section 2019.210 disclosure.  Suppl. Powell Decl., Ex. 11.  Plaintiffs explained they would provide that disclosure in due course, and asked Apple to withdraw the current Motion because it was moot in view of Judge Selna's Order.  *Id.*  Apple responded with a L.R. 37-1 letter demanding to meet and confer on a *second* Motion for Protective Order.  *Id.*, Ex. 12.  Because the letter addressed Section 2019.210 in view of Judge Selna's Order, Plaintiffs repeatedly asked Apple if it was withdrawing this Motion to determine whether Plaintiffs had to complete the Joint Stipulation.  *Id.*, Ex. 13.  For days, Apple refused to answer.  *Id.*  Finally, Apple confirmed it would move forward with this Motion *without modification*.  *Id.* ¶ 6, Ex. 14-15.

Plaintiffs thus provided their portion of the Joint Stipulation on April 29 and asked Apple to send "the final version of the filing for our approval to file tomorrow."  Suppl. Powell Decl., Ex. 16.  Apple sent emails identifying minor formatting changes and attaching the Joint Stipulation, Lerner Declaration, and Powell Declaration.  *Id.*, Ex. 17.  Plaintiffs approved the filing "[a]ssuming you made no changes to the joint stipulation or supporting papers other than what you identified in your email."  *Id.*  Late that evening, Apple filed the Motion and

included (1) a multi-page "Notice of Motion" containing extensive argument, including arguments not raised in Apple's portion of the Joint Stipulation, and (2) a Proposed Order seeking relief *different* from the relief Apple requested in the Joint Stipulation. D.I. 43; D.I. 43-5. Apple never provided those documents to Plaintiffs before the "joint filing."

### B. Apple's Notice of Motion is Improper and Unsupported

As a preliminary matter, the Court should strike Apple's argumentative Notice of Motion. *See Polara Eng'g, Inc. v. Campbell Co.*, No. 8:13-CV-0007, Dkt. No. 40 (C.D. Cal. Aug. 29, 2013) (Suppl. Powell Decl., Ex. 18). In *Polara*, this Court *sua sponte* struck an argumentative notice because it did not contain only a "concise statement" of relief. *Id.* (citing L.R. 7-4). As the Court explained, argumentative notices are improper, particularly because the joint stipulation already "contains an introductory statement from both parties." *Id.*

Moreover, Apple's Notice previews that Apple will use its Supplemental Memorandum to make new arguments. For example, Apple asserts that Judge Selna's Order supports Apple's argument that it should not have to provide *patent* discovery that may *also* be relevant to trade secrets. D.I. 43 at 1. Apple does not explain its contention and instead promises to do so in a supplemental memorandum. D.I. 43 at 1, n.1. ***This is wholly improper***, at least because it deprives Plaintiffs of the opportunity to address the new arguments. Plaintiffs repeatedly asked if Apple wanted to revise its portion of the joint stipulation to address Judge Selna's ruling, so Plaintiffs could fairly respond. Rather than do so, Apple opted to sandbag Plaintiffs by reserving its new arguments for the Supplemental Memorandum. This Court should not entertain Apple's improper attempt to circumvent the rules that are designed to allow the orderly presentation of each side's arguments for consideration.

While Plaintiffs still do not know what Apple will argue, Apple's request that this Court decide the issue is improper because Judge Selna's ruling is

clear: Section 2019.210 does ***not*** apply to patent discovery. As Plaintiffs explained, the parties extensively briefed this issue in the Rule 26(f) report. D.I. 43-1 at 29 (citing Powell Decl., Ex. 8). In the Rule 26(f) report, Apple argued ***patent-specific*** deadlines should not apply until Plaintiffs provided an adequate Section 2019.210 disclosure. *Id.* (citing Powell Decl., Ex. 8 at 26, n.6.) Judge Selna rejected Apple's request to stay patent deadlines by holding: "The Court adopts the ***patent specific dates***. The Court stays the ***trade secret discovery only*** pending compliance with Section 2019.210." Powell Decl., Ex. 9 (emphasis added). Thus, Judge Selna determined Section 2019.210 applies to "trade secret discovery only"—not patent discovery that may also be relevant to trade secrets.

If Apple disagrees with Judge Selna's ruling, it should have sought reconsideration. Moreover, if Apple genuinely believed the Order stayed patent discovery, it could simply have objected to Plaintiffs' patent requests. Instead, Apple seeks a do-over through this Motion, and promises to address Judge Selna's Order ***for the first time*** in a supplemental memorandum. Apple's refusal to properly brief these issues suggests Apple knows its arguments would not withstand scrutiny if Plaintiffs were provided a fair opportunity to respond.

**C.     Apple's New Requested Relief is Improper and Unsupported**

Apple also presented a new request for relief in its Proposed Order. Apple's portion of the Joint Stipulation requested an order requiring Plaintiffs to "[1] identify their alleged trade secrets with the reasonable particularity Section 2019.210 requires; and [2] order Plaintiffs to serve on counsel a statement, under seal, that includes [four additional requirements]." D.I. 43-1 at 28. Apple's Proposed Order now ***abandons*** the second request and demands Plaintiffs provide a disclosure within seven days. D.I. 43-5. That request is ***entirely new and unsupported*** by the Joint Stipulation.

Apple's change in position is particularly egregious because Apple made this demand in connection with the meet and confer on Apple's second Rule

37-1 letter. Plaintiffs specifically asked Apple if it was going to file a motion in connection with its second letter, and Apple confirmed it would proceed on the current motion only with **no changes**. Apple then sidestepped Plaintiffs' requests to approve the filing as a whole. As a result, Plaintiffs saw the Proposed Order for the first time when it appeared on the Court's docket.

In addition to being procedurally improper, Apple's requested relief is inconsistent with the statute, Judge Selna's order, and Apple's own admissions. Cal. Civ. Proc. Code § 2019.210 requires a plaintiff to identify its trade secrets "before commencing discovery" on the trade secret claim. Even though the legislature originally proposed requiring disclosure within 60-days of filing suit (Suppl. Powell Decl., Ex. 19 at 6), the statute contains no such requirement. Consistent with the statute, Judge Selna "*stayed* trade secret discovery only" until Plaintiffs provided a disclosure. D.I. 37. Judge Selna did not order Plaintiffs to provide a disclosure, much less do so by a particular date. During the April 27 meet and confer—as to which Apple never brought a motion—Apple identified no authority for demanding a date certain. Suppl. Powell Decl. ¶ 6. Instead, Apple admitted Section 2019.210 does ***not*** require disclosure by a date certain and volunteered that Plaintiffs could choose to never serve a Section 2019.210 disclosure if they chose not to pursue trade secret discovery. *Id.*

Regardless, Plaintiffs have informed Apple that they plan to serve a Section 2019.210 disclosure after entry of a Protective Order. Apple demanded Plaintiffs provide the disclosure pursuant to an agreement amongst counsel to keep it "Attorneys Eyes Only." But Section 2019.210 itself qualifies disclosure on "any orders that may be appropriate under Section 3426.5," which provides that "a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders . . .." Cal. Civ. Proc. Code § 3426.5. Apple also repeatedly stated it "will not agree to produce documents unless and until a satisfactory protective order is issued in this case." D.I. 33 at

11, 20.  When Plaintiffs pointed out the discrepancy in Apple's position, Apple maintained that ***Plaintiffs*** must disclose their trade secrets now, but ***Apple*** should not have to disclose ***any*** confidential information until the Court enters a Protective Order.  Suppl. Powell Decl. ¶ 6.  Plaintiffs' trade secrets are no less valuable and worthy of court-ordered protection.  Apple attempted to distinguish a Section 2019.210 disclosure from documents produced in discovery, arguing the disclosure functions as a "pleading."  *Id.*  But Apple could not explain why that matters, particularly when the statute provides that the secrecy of alleged trade secrets in such a disclosure "shall" be preserved pursuant to a protective order.  *See* Cal. Civ. Proc. Code §§ 2019.210, 3426.5.[1]

### D. **Apple's Recent Discovery Responses Refuse Patent Discovery Beyond RFP Nos. 5-25**

Apple moved on RFP Nos. 5-25, but its recent responses to RFP Nos. 1, 3, and 4 confirm it is also blocking discovery unique to the patent case.  RFP Nos. 1, 3, and 4 seek documents about (1) "the Masimo Asserted Patents," (3) "efforts to design any of the Accused Products around the inventions claimed in the Masimo Asserted Patents," and (4) "the existence, infringement, or scope of the Masimo Asserted Patents."  Powell Decl., Ex. 20 at 13-16.  In response to each request, Apple agreed to provide only a narrow set of documents "subject to" a lengthy 11-line objection stating that Plaintiffs are "not permitted to commence such discovery" until Plaintiffs provide an adequate Section 2019.210 disclosure.  *Id.*  Apple's attempt to block patent discovery is improper.

The Court should deny Apple's motion and order Apple to engage in patent discovery by producing the documents requested by RFP Nos. 1-25.

---

[1] The parties have not yet presented a Protective Order to the Court because Apple insisted on significantly deviating from this Court's model order. Plaintiffs have been trying to resolve as many issues as possible with Apple and will present the remaining disputes to the Court as soon as possible.

-5-

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | | KNOBBE, MARTENS, OLSON & BEAR, LLP |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 7, 2020

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

    Attorneys for Plaintiffs,
    Masimo Corporation and
    Cercacor Laboratories

32746490