Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404 Facsimile:  (949)-760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **SUPPLEMENTAL**<br>) **DECLARATION OF ADAM B.**<br>) **POWELL IN SUPPORT OF**<br>) **PLAINTIFFS' OPPOSITION TO**<br>) **APPLE'S MOTION FOR**<br>) **PROTECTIVE ORDER**<br>)<br>) Date:        5/21/2020<br>) Time:        10:00 a.m.<br>) Location:    Courtroom 6A<br>)<br>) Hon. John D. Early |

I, Adam B. Powell, hereby declare and state as follows:

1.      I am an attorney with the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am licensed to practice law in the State of California.  I am counsel of record for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") in the above-captioned action.  I have personal knowledge of the matters set forth herein, and, if I am called upon to testify, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit 10** is a true and correct copy of an email from Ilissa Samplin (who is counsel of record for Apple) to myself at 4:58pm on April 8, 2020, including the first attachment and excluding the second voluminous attachment.

3.      Attached hereto as **Exhibit 11** is a true and correct copy of an email from myself to Ilissa Samplin at 6:08pm on April 21, 2020.

4.      Attached hereto as **Exhibit 12** is a true and correct copy of an email from Ilissa Samplin to myself at 5:21pm on April 22, 2020, including attachments.

5.      Attached hereto as **Exhibit 13** is a true and correct copy of an email from myself to Ilissa Samplin at 12:31pm on April 27, 2020.

6.      The parties' counsel discussed the matters raised in Ms. Samplin's April 22, 2020, letter on April 27, 2020.  During the call, Apple confirmed it would move forward with its pending Motion for Protective Order as-is without modification.  Apple also confirmed it would not be filing a second Motion for Protective Order as contemplated in its April 22, 2020, letter.  During the meeting, Plaintiffs asked Apple if they had any authority for requiring a date certain for a plaintiff to provide a Section 2019.210 disclosure.  Apple responded that the statute does not provide a deadline other than before trade secret discovery.  Apple also stated the Plaintiffs do not have to serve a Section 2019.210 disclosure if they wanted to indefinitely delay trade secret discovery.

Apple also asserted Plaintiffs should provide their Section 2019.210 disclosure under an assurance of counsel to keep the disclosure "Attorneys Eyes Only." However, Apple maintained that it need not disclose confidential information itself until after the Court enters a Protective Order.  Apple asserted Plaintiffs' Section 2019.210 disclosure was different than Apple's documents because a Section 2019.210 disclosure functions as a pleading.

7.      Attached hereto as **Exhibit 14** is a true and correct copy of an email from myself to Ilissa Samplin and Josh Lerner (who is also counsel of record for Apple) at 2:01pm on April 28, 2020.

8.      Attached hereto as **Exhibit 15** is a true and correct copy of an email from myself to Ilissa Samplin and Josh Lerner at 2:53pm on April 29, 2020.

9.      Attached hereto as **Exhibit 16** is a true and correct copy of an email from myself to Ilissa Samplin and Angelique Kaounis (who is also counsel of record for Apple) at 4:41pm on April 29, 2020, excluding attachments.

10.      Attached hereto as **Exhibit 17** is a true and correct copy of an email from myself to Angelique Kaounis at 12:32pm on April 30, 2020, excluding attachments.

11.      Attached hereto as **Exhibit 18** is a true and correct copy of a document downloaded from the public docket in *Polara Eng'g, Inc. v. Campbell Co.*, No. 8:13-CV-0007, Dkt. No. 40 (C.D. Cal. Aug. 29, 2013).

12.      Attached hereto as **Exhibit 19** is a true and correct copy of what appears to be a memo from the State Bar of California regarding Assembly Bill 501.

13.      Attached hereto as **Exhibit 20** is a true and correct copy of Apple's Responses to Plaintiffs' First Set of Requests for Production.

1   I declare under penalty of perjury under the laws of the State of California
2   that the foregoing is true and correct.
3          Executed on May 7, 2020, in Encinitas, California.
4
5                                          /s/ Adam B. Powell
                                        Adam B. Powell
6   32726075
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28