| | |
|---|---|
| From: | Samplin, Ilissa |
| To: | Adam.Powell; Perry.Oldham; Stephen.Larson; Steve.Jensen; Joe.Re |
| Cc: | Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique |
| Subject: | RE: Masimo v. Apple - Section 2019.210 compliance |
| Date: | Wednesday, April 22, 2020 5:21:38 PM |
| Attachments: | 2020.04.22 Ltr. to A. Powell re 2019.210 Compliance.pdf |

Adam,

Please see the attached correspondence.

Regards,
Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, April 21, 2020 6:09 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

[External Email]
Ilissa,

We will provide a Section 2019.210 disclosure in due course, but will need a Protective Order in place before doing so. We are reviewing Apple's edits that it provided late Thursday evening and will respond to Angelique as soon as we can.

Judge Selna's order also made clear that he was staying "trade secret discovery only," not discovery of other claims that might also "relate" to trade secret claims. Since Apple acknowledged Plaintiffs' RFPs 1-25 all relate to the patent case, please confirm Apple will withdraw its Motion for Protective Order and substantively respond to those requests.

Best regards,
Adam

Exhibit 12
-47-

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, April 20, 2020 5:27 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 compliance

Counsel:

Please confirm, by close of business tomorrow, the date on which we can expect to receive a Section 2019.210-compliant trade secret disclosure, per Judge Selna's April 17 Order.

Regards,
Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 12
-48-

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 12**
**-49-**

April 22, 2020

<u>VIA E-MAIL</u>

Adam Powell
Knobbe, Martens, Olen & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@Knobbe.com

Re:     <u>*Masimo v. Apple*</u> - Section 2019.210 Compliance

Dear Adam:

Plaintiffs should not continue to delay identifying their alleged trade secrets.  Apple has been asking for a description for months.  Plaintiffs' excuses ring hollow.

First, after the parties briefed the issue in great detail in the Rule 26(f) report—in which Plaintiffs sought a ruling—Judge Selna "stay[ed] the trade secret discovery only pending compliance with Section 2019.210."  Section 2019.210, in turn, provides that "[i]n any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Thus, compliance with Section 2019.210 requires a trade secret identification ("TSID") before discovery may commence relating to the trade secret.

Second, Plaintiffs' argument that full discovery should commence on Plaintiffs' RFPs in advance of a TSID because the RFPs relate to the patents is threadbare and nonsensical, as we have now pointed out many times.  Plaintiffs are in no position to argue over the scope of discovery having failed to comply with Section 2019.210, which will assist the parties and the Court in assessing the proper scope of discovery.  But more basically, RFPs 6-25 seek trade secret discovery—they relate to the trade secrets, and they are not fair game merely because they also relate to the patents.  As has been explained numerous times now, Apple intends to move forward with producing responsive public discovery that pertains to both the patent and trade secret claims.  Unless and until Plaintiffs comply with Section 2019.210, they are not entitled to more.

Exhibit 12
-50-

Third, there is no need for delay while the parties resolve any differences pertaining to the Protective Order. Plaintiffs do not need a protective order to provide public information, and the trade secrets allegedly disclosed in Apple's patent application(s) are public. Furthermore, it appears the rest of the alleged secrets may also be public insofar as Plaintiffs allege secrecy only at the time of the misappropriation (but not, by implication, today). If there are any alleged secrets that are not already public, the TSID can be designated AEO pending a final ruling on the Protective Order. This should resolve any of your concerns. The Protective Order is not a valid excuse for Plaintiffs' continued efforts to delay compliance with Section 2019.210.

If Plaintiffs do not intend to follow Judge Selna's Order to comply with Section 2019.210 promptly, please let us know when your team is available for a meet and confer pursuant to Local Rule 37-1—as we will have no choice but to raise Plaintiffs' continued failure to comply with Section 2019.210 promptly with Judge Early. We are available as early as tomorrow, April 23, between 1:00 and 4:30 pm; please confirm whether that time works and, if not, propose an alternative.

Sincerely,

Ilissa Samplin

cc:  all counsel of record (via e-mail)

Exhibit 12
-51-