| | |
|---|---|
| **From:** | Adam.Powell |
| **To:** | Samplin, Ilissa; Lerner, Joshua H. |
| **Cc:** | Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique; Joe.Re; Steve.Jensen; Perry.Oldham; Stephen.Larson; Rosenthal, Brian A. |
| **Subject:** | RE: Masimo v. Apple - Motion for Protective Order |
| **Date:** | Wednesday, April 29, 2020 2:53:00 PM |

Ilissa,

Your last paragraph confirms Apple will definitely move forward with its portion of the joint stipulation in its current form without any modification, and file the motion by April 30. Based on that representation, we have continued preparing our portion of the joint stipulation and will serve it by 5pm today.

We disagree with the remainder of your email and will respond separately.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245  Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, April 29, 2020 9:11 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Motion for Protective Order

Adam:

Your email requires some clarification.

Apple has been trying to move the trade secret case forward from the beginning – Apple has been asking Plaintiffs to identify their alleged secrets for *more than two months*. At the outset, Plaintiffs delayed by insisting that Section 2019.210 does not apply in federal court. Rather than providing a Section 2019.210 disclosure, Plaintiffs took the position that they would only respond to an interrogatory. Importantly, Plaintiffs conceded that they would have responded to the interrogatory *already* – in other words, Plaintiffs have the information ready but are refusing to provide it.

After Apple provided Plaintiffs with Apple's portion of the parties' brief on Apple's request for a

Exhibit 15
-61-

protective order, Plaintiffs — taking two chances to argue this issue — insisted that Judge Selna should decide the issue because it affects the case schedule.  Plaintiffs presented their argument against a 2019.210 disclosure to Judge Selna.  Plaintiffs lost.  Judge Selna stayed trade secret discovery until Plaintiffs *comply with Section 2019.210*, which bars discovery *relating to* the alleged trade secrets until those trade secrets are defined with reasonable particularity.  Apple has since requested Plaintiffs' trade secret disclosure on multiple *additional* occasions.

Plaintiffs claim that they will provide a trade secret disclosure in "due course" and will not commit to a date certain.  The following is our understanding of Plaintiffs' bases for delay (this is our understanding – you do not need to argue that we misquoted you if you disagree).  Plaintiffs' first basis for delay is that there is not a protective order that has been signed by the Court, and Apple has not agreed to produce documents in this case absent a signed protective order.  We are not, however, aware of any basis for Plaintiffs to dispute that a trade secret disclosure is not the same as documents and ESI.  Rather, the trade secret designation mandated by section 2019.210 functions like a pleading in a trade secret case, which is of course very different from documents and ESI produced during the discovery process.  We also cannot see any reason why Plaintiffs would refuse to produce with an AEO designation a document that functions like a pleading.  The only reason we can discern is delay.  Our view is reinforced by the fact that Plaintiffs concede that some of their alleged secrets are public but nonetheless have not identified those (even though a protective order obviously is not necessary for the identification of public information).  Plaintiffs' second basis for delay is that Judge Selna did not provide a deadline for the trade secret disclosure.  Neither Judge Selna nor the statute provides a deadline.  That is because trade secret related discovery cannot proceed until there is a trade secret disclosure.  Furthermore, we asked you how soon Plaintiffs would provide a trade secret disclosure if a signed protective order were required first, but you stated that you would speak to your team and get back to us (which you have not done notwithstanding your demand for a same day response to your questions).  Plaintiffs' third basis for delay is that the document requests at issue are not "trade secret only" discovery.  We have already covered that argument in great detail.  If plaintiffs in trade secret cases could serve trade secret related discovery and avoid Section 2019.210 merely by claiming the discovery relates to some other claim, Section 2019.210 would serve little if any of the important purposes set out in the case law.

Given our desire to get to the bottom of the trade secret claim, and Plaintiffs' ongoing refusal to provide a trade secret disclosure even after Judge Selna's Order, we have no choice but to move forward with the joint motion relating to the protective order.  This is the most efficient way, consistent with our last letter, that we can see to have this issue resolved.  We look forward to receiving your portion by 5 pm today, and we will file the joint stipulation tomorrow.

Regards,
Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

Exhibit 15
-62-

Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, April 28, 2020 2:02 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Subject:** Masimo v. Apple - Motion for Protective Order

[External Email]
Josh and Ilissa,

Thank you for meeting with us yesterday to discuss Apple's motion for protective order. During the meeting, Apple confirmed it will move forward with the current joint stipulation as-is without modification. We understand Plaintiffs will provide their portion of the joint stipulation by 5pm on April 29 and Apple will file the motion by April 30. Apple also confirmed it will not be filing a second motion for protective order as contemplated in Apple's letter of April 22, 2020. Please confirm our understanding is correct by close of business today.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 15
-63-