| | |
|---|---|
| **From:** | Adam.Powell |
| **To:** | Kaounis, Angelique; Joe.Re; Steve.Jensen; Stephen.Larson |
| **Cc:** | Perry.Oldham; Samplin, Ilissa; Lerner, Joshua H.; Semendyai, Vladimir J.; Lyon, H. Mark; Buroker, Brian M. |
| **Subject:** | RE: Masimo et al. v. Apple: meet and confer |
| **Date:** | Thursday, April 30, 2020 12:32:00 PM |
| **Attachments:** | Joint Stipulation re Apple MPO both portions (Final w Plaintiffs Signature).DOCX |

Angelique,

Attached is a version of the joint stipulation adding myself to the caption page and including my signature.  Assuming you made no changes to the joint stipulation or supporting papers other than what you identified in your email below, you may file this version.

We understand Apple included the language of the RFPs at issue in its section, but we do not agree with Apple doing so in an argumentative fashion.  Additionally, the Local Rules require the text of the RFPs "followed by each party's contentions."  Thus, we maintain the RFPs should be included in a non-argumentative joint section after the introductory statements and before each party's contentions.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Wednesday, April 29, 2020 9:17 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Adam,
I am re-attaching the PDF version of the Joint Stipulation here – it looks like it didn't attach to the below email.
Thanks,
Angelique

**Angelique Kaounis**

# GIBSON DUNN

Exhibit 17
-78-

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Wednesday, April 29, 2020 8:59 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Adam,
Thanks for your email.
Attached please find the Final Joint Stipulation (and attachment, per L.R. 37-2.1) and Declarations (with exhibits) to be filed tomorrow. We updated the cover page with the relevant dates based on the Scheduling Order, as required by the Local Rules. We also added Brian Rosenthal's name to the signature block since his PHV application was recently approved by the Court, and added the Rule 5-4.3.4 attestation at the end.

I've attached both a word and PDF version of the Joint Stipulation. Please confirm tomorrow as soon as practicable that we may file the Joint Stipulation (and attachment) and Declarations (with exhibits) in their current form. Also, please either insert your /s signature or confirm that we may do so.
Finally, please note that we do not think the section reciting the text of the RFPs that Plaintiffs added is necessary, given that we had already complied with the local rule by reciting the text of the RFPs at issue. Now, with Plaintiffs' addition, the Joint Stipulation is duplicative because it recites the RFPs multiple times. Nonetheless, we can leave in the section that Plaintiffs added if you insist that it remain.
We look forward to receiving Plaintiffs' confirmation that we may file tomorrow.
Thanks very much,
Angelique
**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, April 29, 2020 4:42 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>

**Exhibit 17**
-79-

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

[External Email]
Counsel,

Attached is Plaintiffs' portion of the Joint Stipulation and a supporting declaration.  Please note, we also included a section reciting the text of the RFPs at issue before the Parties' arguments, as required by the Local Rules.  Please send us the final version of the filing for our approval to file tomorrow.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, April 8, 2020 4:57 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Counsel:

Attached please find Apple's portion of the Joint Stipulation, along with the accompanying declaration and exhibits.

We look forward to receiving Plaintiffs' portion by 5 pm on April 29.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Exhibit 17
-80-

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Tuesday, April 7, 2020 7:42 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Thanks, Adam. We agree. Have a good night.

**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, April 7, 2020 7:28 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>
**Subject:** Re: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique,

Thank you for your email. We agree that Apple may have a 15-day extension to serve its responses to the outstanding RFPs and may provide its portion of the joint stipulation tomorrow. We also agree to both parties providing their portion of the joint stipulations by 5pm. While we appreciate you drafting a stipulation, we actually do not think it is necessary because these extensions do not impact any court deadlines. The parties are always free to provide extensions for discovery responses and Local Rule 37-2.2 describes the joint stipulation schedule "[u]nless the parties agree otherwise." Thus, we prefer to agree to the timeline you suggested below without bothering the

Exhibit 17
-81-

Court.

Thanks,
Adam

> On Apr 7, 2020, at 6:49 PM, Kaounis, Angelique <AKaounis@gibsondunn.com> wrote:
>
> Adam,
> Just checking in – can you please confirm that the stip is acceptable?  Thanks.
>
> **Angelique Kaounis**
>
> # GIBSON DUNN
>
> Gibson, Dunn & Crutcher LLP
> 2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
> Tel +1 310.552.8546 • Fax +1 310.552.7026
> AKaounis@gibsondunn.com • www.gibsondunn.com
>
> ---
>
> **From:** Kaounis, Angelique
> **Sent:** Tuesday, April 7, 2020 3:19 PM
> **To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
> **Cc:** Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>
> **Subject:** RE: Masimo et al. v. Apple: meet and confer
>
> Adam,
>
> Thanks for your email.  Apple agrees to Plaintiffs' request for the 14-day extension in exchange for a similar extension of time to serve its responses and objections to Plaintiffs' RFPs.  We request, however, that the extension to Apple on the RFP responses and objections be 15 days so that the schedule for the motion begins tomorrow, and we can finalize some things on our end, including getting a briefing stip on file.  While we appreciate that you see the RFP responses and objections as a separate matter, we do not.  We timed the protective order motion with the deadline for Apple's responses and objections to Plaintiffs' RFPs in mind—and so if you are asking to change the deadlines for the protective order motion prescribed by the local rules, then we will need Plaintiffs to agree to an extension on the RFP responses that makes their deadline the same as the date on which the parties will file the protective order motion.

Exhibit 17
-82-

In that vein, we propose the following schedule, as also memorialized in the attached draft stipulation:

(1) Apple to send its portion of the joint stipulation on the protective order motion to Plaintiffs by 5 pm on April 8;
(2) Plaintiffs to send their portion of the joint stipulation on the protective order motion to Apple by 5 pm on April 29;
(3) Parties to file the joint stipulation on April 30;
(4) Apple's responses and objections to Plaintiffs' Requests for Production due on April 30.

We are flexible on the times.  5 pm is just a suggestion.

Please let me know if we have an agreement and confirm that we may file the attached stipulation with your consent.

Thank you,


**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, April 7, 2020 12:56 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique,

Nothing in your email contradicts my summary of our conversation.  Among other things, Apple confirmed it will not (or cannot) identify any RFPs that relate solely to the trade secret claims and not to the patent claims.  Apple also confirmed that it will not (or cannot) identify any claims other than the trade secret claim that are "factually

Exhibit 17
-83-

dependent" on the misappropriation allegations.  Your assertion that this is irrelevant is belied by Apple's own letter, which expressly relied on this legal standard in citing the *CBS* and *Advanced Modular* cases.  We do not understand why you would be surprised or assert it is "not well taken" for us to ask Apple about a legal standard that Apple included in its own letter.

As for the extension, Apple continues to apply extensions in an inappropriate and non-reciprocal manner.  As you know, Apple has requested three extensions in this case (responding to the Complaint, serving Initial Disclosures, and responding to the First Amended Complaint), all of which Plaintiffs granted.  When Plaintiffs requested a reciprocal extension to respond to Apple's first motion to dismiss, Apple offered a mere 4-day extension in exchange for a 10-day extension on Apple's reply brief.  When Plaintiffs requested a reciprocal extension to respond to Apple's anticipated second motion to dismiss, Apple again offered a non-reciprocal extension while simultaneously demanding expedited treatment of Apple's motion for protective order.  We pointed out that this appeared to be an improper tactical request for extension and suggested the parties deal with both issues together.  Apple responded by accusing us of being unprofessional and conflating two separate issues.  Despite our better judgment, we granted Apple the requested extension "based on our understanding that Apple will start agreeing to similar courtesies, including an extension of time on Apple's requested motion for protective order if we believe that is necessary."

Against that backdrop, we requested a reasonable two-week extension of time for a total of three weeks to respond to Apple's anticipated motion for protective order.  That is less time than Plaintiffs provided to Apple in all three of Apple's requested extensions.  In particular, we provided a 30-day extension on the initial Complaint (more than 7 weeks total), a 3-week extension on the Initial Disclosures (5 weeks total), and a 12-day extension to respond to the First Amended Complaint (26-days total).  We also originally agreed to a 14-day extension of time to respond to the First Amended Complaint, but settled on a mutual 12-day extension based on Apple's desire not to prepare its reply brief over memorial day.  We agreed to the last extension even though we believed Apple did not need that much time because its second motion to dismiss appeared to be a subset of its first motion to dismiss.  Despite those courtesies, Apple now offers only a 1-week extension (2-weeks total), demands we respond in less than one business day, and threatens to serve its portion of the joint stipulation if we do not respond by 2pm even though nothing requires Apple to do so today.

Please confirm Apple will agree to the requested 14-day extension.  While we believe the deadline to respond to Plaintiffs' RFPs is a separate matter, we will agree Apple may have the same 14-day extension if Apple needs it.

Best regards,
Adam

**Adam Powell**
Partner

Exhibit 17
-84-

858-707-4245 Direct
# Knobbe Martens

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, April 7, 2020 7:48 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Adam,

We write in response to your email.  We respond to the substance of the points you raise below.

First, as threshold matter, you stated that the parties would not agree on the applicability of Section 2019.210 here.  We therefore are unclear why you seem surprised that we are moving forward with the motion for protective order.

Second, Section 2019.210 states that in "any action alleging the misappropriation of a trade secret under [CUTSA], before commencing discovery ***relating*** to the trade secret, the party alleging misappropriation shall identify the trade secret with reasonable particularity . . . ."  *Id*. (emph. added).  Thus, Apple's position that Plaintiffs cannot take discovery "relating" to the alleged secrets until they identify the alleged trade secrets with reasonable particularly is fully supported by the law, including the plain language of the statute itself.

Third, you are correct that RFPs 5-25 relate to the secrets.  They do not just relate in some vague "way."  To the contrary, these RFPs seek discovery of documents that the FAC expressly alleges are trade secrets.  For example, as we mentioned on the call, Request No. 13 seeks "All documents and things that refer or relate to *technical information, specifications*, and research *data* for any of the Accused Products" (emphases added).  Plaintiffs' FAC alleges (at para. 211) that their vastly overbroad trade secrets include "technical information" such as "technical specifications, [and] technical data."  Similarly, Request No. 12 seeks "All *technical documents* for the Accused Products, including, without limitation, product *specifications*, … conceptual or *technical drawings*, *design requirements* documents, *design capture documents*, technical requirements documents, *product briefs*, *product plans*, product requirements, document trees, *assembly design documents*,

Exhibit 17
-85-

*design review documents*, *system design documents*, fabricating drawings, *manufacturing documents*, and technical meeting minutes" (emphases added). Again, Plaintiffs' FAC alleges (at para. 211) that their trade secrets include "design captures, assembly design requirements," "product briefs, technical drawings," "product plans," "design review documents," "system designs," and "manufacturing techniques and procedures." These few examples make abundantly clear that Plaintiffs' requests seek discovery "related to" their alleged trade secrets.

Fourth, when you asked about RFPs "solely related to the trade secrets," you did not cite any case holding that "solely related" is the appropriate standard. It is not. And when we asked you how we should determine the scope of discovery without an adequate trade secret disclosure—given the broad categories alleged in the FAC—you suggested that we should simply ask what discovery is relevant to the patent claims. Given that Plaintiffs have more than once—including on our meet and confer today—suggested that Apple is attempting to delay discovery and refused to provide a trade secret disclosure, we want to be clear that we cannot at this point identify requests that "solely" relate to the trade secrets, and we believe that your request that we do so is needlessly delaying the Court's ruling on the legal issue here, which is *not* whether the discovery is solely related to trade secrets.

Fifth, your suggestion that Apple refused to identify which claims are "factually dependent" on the trade secrets is not well taken. As we explained to you, our letter of March 27, 2020 states six times that the test is whether the discovery **relates** to the alleged trade secrets. You asked us about the *CBS* case, which cites *Advanced Modular*, in holding that 2019.210 applies to discovery that is aimed at claims that are dependent or factually dependent on the trade secret allegations. Far from refusing to answer, we told you our answer was the same. Based on the allegations in the FAC, the RFPs we identified seek information that relates to—and is dependent upon—the trade secret allegations. Importantly, with respect to your demands that we identify the RFPs that are solely related to the trade secret allegations or factually dependent on the trade secret allegations, you confirmed that at least some of the patent causes of action are "factually dependent on the same misappropriation allegations." Specifically, we asked you to confirm that Plaintiffs are alleging the Apple Watch (Series 4 and 5 and later) incorporates Plaintiffs' trade secrets, and you responded affirmatively that Plaintiffs were alleging that those products incorporated "some secrets." Given the FAC's broad allegation that the 4 and 5 series "includes technology that tracks technologies to solve some of the performance issues"—and your confirmation that Plaintiffs are alleging the Watch incorporates some (as yet unidentified) secrets—we are not sure why Plaintiffs are claiming to be confused about Apple's position.

Sixth, we are not sure why you asked us about Ninth Circuit cases addressing 2019.210. Judge Early recently found that "the Ninth Circuit has not decided

Exhibit 17
-86-

whether Section 2019.210 applies in federal court," and went on to hold that in that case, "the procedural requirements of Section 2019.210 are warranted and appropriate to assist in the orderly and expeditious handling of discovery." *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. SACV1900220JVSJDEX, 2019 WL 4284523, at *2 (C.D. Cal. June 11, 2019).

Seventh, turning to the question of an interrogatory, as we have explained multiple times, Plaintiffs' demand that Apple serve an interrogatory is improper. To begin with, Plaintiffs have never agreed—and are not agreeing now—that Plaintiffs will not commence discovery relating to trade secrets until they provide an adequate description of their alleged secrets. That is critical because, as we explained on the call, there is nothing stopping Plaintiffs from cutting and pasting the vague description of the secrets in the FAC into an interrogatory response (served 30 days, if not more, after the interrogatory is propounded) and claiming that they have complied. This will not solve the lack of disclosure problem—it will just invite motion practice, which will further delay the process. Therefore, contrary to Plaintiffs' suggestion that an interrogatory would be faster here, a disclosure pursuant to Section 2019.210 will in fact be faster, as well as more efficient and fair to the parties.

Finally, as for timing, as explained above, Plaintiffs have now argued more than once that Apple is trying to delay discovery. To the contrary, we want to get to the bottom of the trade secret allegations and manage the scope of discovery as quickly as possible. That's why we asked for a disclosure so long ago. It is telling that you conceded that if you can respond to an interrogatory, you should be able to provide a description immediately. In fact, you should have been able to provide one as soon as you filed the original complaint. Regardless, we are not aware of any other information that you have asked us for on this topic, and we understood that you believe there is an unsurmountable issue as to whether Section 2019.210 applies here, even as a case management tool. Therefore, we believe the meet-and-confer process has culminated, and that the parties should move as quickly as possible to seek judicial intervention to resolve this issue. We are not sure why you would need two weeks in addition to the week provided for under the rules, particularly given that the parties have been conferring about these issues for weeks now. Nonetheless, in the interest of mutual courtesy, why don't Plaintiffs take one week in addition to the week provided under the rules, and we will take one additional week to respond to Plaintiffs' first set of RFPs? Please let us know if that works, and we will prepare a stipulation to that effect. If we don't receive your confirmation that you are willing to extend the deadline for the responses by 2 pm Pacific, we will serve Apple's portion of the Joint Stip. by EOD and proceed with the briefing schedule set by the Local Rules.

Thanks very much,
Angelique

**Angelique Kaounis**

Exhibit 17
-87-

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 6, 2020 7:38 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique, Josh, Brian, and Vlad,

Thank you for meeting with me today. During the meeting, Apple maintained that all discovery as to any federal claim that merely "relates" to a California state-law misappropriation claim is barred until the plaintiff complies with California procedural law. During the call, I asked which RFPs Apple asserts "relate" to the trade secret allegations. You responded that nearly all of Masimo's RFPS—RFPs 5 to 25—"relate" to the trade secret allegations in some way and are thus barred until Masimo provides a 2019 statement under California law. I attempted to determine whether Apple would at least acknowledge the RFPs seek discovery relevant to Plaintiffs' patent infringement claims. When I specifically asked which, if any, RFPs Apple asserts "relate" solely to the trade secret claims (and not to the patent claims), you said the question was irrelevant, but that you would get back to me.

We also discussed Apple's case citation and assertion in its letter that discovery as to non-trade secret claims is barred if the claims are "factually dependent on the same misappropriation allegations." I asked Apple to identify which claims are "factually dependent" on the misappropriation allegations. Apple refused, arguing the question is irrelevant because all discovery "relating" in any way to a trade secret claim is barred. We disagree and would like to understand the assertions in Apple's letter, including Apple's own assertions regarding the legal standard Apple identified. Please indicate which causes of action are "factually dependent on the same misappropriation allegations."

Apple also indicated it is not aware of any cases from the Ninth Circuit holding that Section 2019.210 should be applied in Federal Court. I again indicated Plaintiffs would be happy to answer an interrogatory asking them to identify their trade secrets. Apple

Exhibit 17
-88-

refused to serve such an interrogatory unless Plaintiffs agreed in advance to stay all discovery that Apple believes relates in any way to trade secrets (including patent-related discovery) until Apple agreed (or the Court held) that the interrogatory answer satisfies California state law.

Finally, Apple indicated it plans to serve its portion of the joint stipulation tomorrow, which would make Plaintiffs portion due on April 14. Because the parties are still actively discussing this matter and agreed to get back to each other on various issues, we do not believe it is appropriate to push forward with a joint stipulation tomorrow. If Apple does serve the joint stipulation tomorrow, however, we request a two week extension of time to respond after receiving Apple's portion. We will, of course, agree to a reciprocal extension of time if Apple would like more time to prepare its portion of the joint stipulation.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Thursday, April 2, 2020 9:42 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Hi Adam,
Yes, Monday at 4 pm will work. We will circulate a dial in.
Thanks.

**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 2, 2020 7:17 PM

Exhibit 17
-89-

**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Subject:** Re: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique,

I won't be able to meet tomorrow. Are you available on Monday at 4pm?

Thanks,
Adam

> On Apr 2, 2020, at 5:26 PM, Kaounis, Angelique <AKaounis@gibsondunn.com> wrote:
>
> Hi Adam,
> Just following up on the below. Will you be able to meet and confer with us tomorrow regarding Apple's proposed Protective Order motion? If so, please let us know what time works.
> Thanks very much,
> Angelique
>
> **Angelique Kaounis**
>
> # GIBSON DUNN
>
> Gibson, Dunn & Crutcher LLP
> 2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
> Tel +1 310.552.8546 • Fax +1 310.552.7026
> AKaounis@gibsondunn.com • www.gibsondunn.com
>
> **From:** Adam.Powell <Adam.Powell@knobbe.com>
> **Sent:** Monday, March 30, 2020 6:54 PM
> **To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
> **Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
> **Subject:** RE: Masimo et al. v. Apple: meet and confer

Exhibit 17
-90-

[External Email]
Angelique,

We are investigating the issues and cases raised in this letter and doubt we will be prepared to discuss the issues with you on Tuesday or Wednesday. We will provide our availability for a meet and confer after we have had a chance to complete our review.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245  Direct
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, March 27, 2020 9:18 PM
**To:** Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** Masimo et al. v. Apple: meet and confer

Dear Counsel,
Please see attached.
Thanks very much,
Angelique

**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it

Exhibit 17
-91-

has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this

Exhibit 17
-92-

message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<103855731_2 _Apple_Masimo - Stip re Protective Order Motion & RFP Responses.DOCX>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or

Exhibit 17
-93-

our privacy policy.

Exhibit 17
-94-