Case 8:20-cv-00048-JVS-JDE  Document 45-10  Filed 05/07/20  Page 1 of 11  Page ID
#:3540
Case 3:98-cv-00312-WSC-CGA  Document 77  Filed 01/22/99  PageID.1494  Page 14 of 24



# THE STATE BAR OF CALIFORNIA

*Office of the Legislative Representative*

1210 K STREET                          SACRAMENTO, CALIFORNIA 95814

TELEPHONE (916) 444-2762

April 5, 1983

The Honorable Elihu Harris
Assemblyman, 13th District
State Capitol, Room 6031
Sacramento, CA  95814

Dear Assemblyman Harris

RE:  Assembly Bill 501

The State Bar Patent, Trademark and Copyright Section has reviewed
the above-referenced measure and its comments and position are
enclosed herewith.

It is the policy of the State Bar to refer various measures which
affect the practice of law to the State Bar Committees or Sections
for review and comment.  The Patent, Trademark and Copyright
Section, composed of legal experts and attorney practitioners in the
area of patent, trademark and copyright law, has reviewed your
measure and expressed the enclosed concerns.  The comments are
intended to provide input to the legislative process from the
expertise and legal resources of the constituency of the State Bar.
It should be emphasized that its position and comments are those of
the Patent, Trademark and Copyright Section and not the State Bar.

The Office of the Legislative Representative may be contacted for
further information.

Sincerely

Peter Jenson
Legislative Representative

PJ:mc

enc.

cc:  Rubin Lopez, Consultant
     Assembly Judiciary Committee



March 28, 1993

## ASSEMBLY BILL 501

### COMMENTS BY THE PATENT, TRADEMARK AND COPYRIGHT SECTION

I.      Background

The subject bill would codify the trade secret law in California.  The Supreme Court has recognized the propriety of intellectual property rights (as trade secret rights) enforceable by state laws (Kewanee Oil Co. v. Bicron Corp. (S.Ct. 1974), 181 U.S.P.Q. 673.  Such rights have been held enforceable for as long as the embodying product is sold (Aronson v. Quick Point Pencil Company (S.Ct. 1979), 201 U.S.P.Q. 1).

In California the law of trade secrets is established by case law, see Monolith Portland Midwest Company v. Kaiser Aluminum & Chemical Corporation et al. (C.A. 9 1969), 160 U.S.P.Q. 577.  Generally, California recognizes the restatement definition of a trade secret, i.e. information which gives a party an opportunity to obtain an advantage over competitors (Restatement of Torts, Paragraph 757; Walker v. University Books, Inc. et al. (C.A. 9 1979), 202 U.S.P.Q. 793).  A trade secret may constitute a customer list if the list is truly secret (Mayview Corporation et al. v. Rodstein et al. (C.A. 9 1973), 178 U.S.P.Q. 449).

A two-year statute of limitations is applicable to the California law of trade secrets (California Code of Civil Procedure, Section 339).

-1-

FF-31

Exhibit 19
-97-

To support a cause of action for trade secret violation in California, a plaintiff must allege ultimate facts showing the existence of a specific trade secret. Under case law, general allegations of designs, processes, techniques, and know-how are inadequate (Diodes, Inc. v. Franzen et al., 260 C.A.2d 244, 252). Unfortunately, the authority is not always followed. Any trade secret legislation should afford protection against unsupported trade secret litigation.

II.   Summary of Proposed Legislation

AB 501 defines a trade secret in a rather limited context as a basis for injunctive relief. It provides for an injunction that shall be terminated when the trade secret has ceased to exist. The bill provides for permissive damages of the actual loss and exemplary damages if a misappropriation is "willful and malicious".

III.   Section Position

Oppose unless amended.

IV.   Reasons for Position

A.   The subject matter of trade secret litigation is almost invariably complex and difficult. The profits from pirating a trade secret can be considerable with

-2-



Exhibit 19
-98-

Case 8:20-cv-00048-JVS-JDE   Document 45-10   Filed 05/07/20   Page 4 of 11   Page ID
#:3543
Case 3:98-cv-00312-W-CGA   Document 77   Filed 01/22/99   PageID.1497   Page 17 of 24

extreme losses to the owner of the trade secret. Consequently, trade secrets can be enticing to former employees. From the opposite point of view, the trade secret law poses a threat for use by employers to restrain departed employees with baseless trade secret claims.

Against such a background, it is submitted that this legislation should be carefully analyzed and thoroughly considered by persons having a broad base of experience in the field.

B. The following specific changes are now urged in Assembly Bill 501:

1. Page 2, lines 34-35, delete: ", and not being readily ascertainable by proper means by,".

COMMENT:

The clause is somewhat redundant. Presumably, it is intended to further limit the preceding clause. However, if information "derives independent economic value,...from not being generally known" (page 2, lines 33, 34), it likely is not "readily ascertainable".

More significantly, the objectionable language could cast a cloud on most trade secrets by introducing another test. It would invite an argument in almost every trade secret case that, "since the 'trade secret' could have been reverse engineered, or could have been learned from a



-3-

literature search, or could have been compiled from other
knowledge, it was 'readily ascertainable'".

The objectionable language would complicate
the legal processes and impact negatively on trade secret
rights by imposing another criterion.

2.  Page 3, line 4, delete:  "reasonable".

COMMENT:

The word is redundant.  The bill specifies
that an injunction be for a "period of time in order to
eliminate commercial advantage" (page 3, line 5).  Adding
the word "reasonable" to the stated time criterion will only
promote confusion.

3.  Page 3, line 14, delete:  "or in lieu of".

COMMENT:

It is submitted to be inappropriate to
suggest the substitution of damages for injunctive relief.
Plaintiff should be made whole where possible and the
trade secrets should be preserved.

4.  Page 3, line 20, change "and" to --or--
(connecting "willful and malicious").

COMMENT:

It is difficult to prove that an activity
was "willful" or that it was "malicious".  Either occurrence

-4-

Exhibit 19
-100-

Case 8:20-cv-00048-JVS-JDE   Document 45-10   Filed 05/07/20   Page 6 of 11   Page ID
#:3545
Case 3:98-cv-00042-W-CGA   Document 77   Filed 01/22/99   PageID.1499   Page 19 of 24

is submitted as sufficient to constitute a basis for exemplary
damages.

        5.   Page 4, line 19, add:

        --3426.11   A person alleging trade secret
misappropriation under this Title shall, before commencing
discovery relating to the trade secret cause, and in no
event later than thirty days after filing the action,
identify the trade secrets in issue with particularity
subject to such orders as may be appropriate under §3426.5.---

        COMMENT:

        The addition is intended to codify <u>Diodes,
Inc.</u> and afford a measure of protection against the procedure
of initiating an action to pursue extensive discovery
without revelation of the trade secret or secrets.

        These are the conclusions of several individual
practitioners in the field.  It would be wise and helpful to
allow thirty days to check the conclusions with a broader
spectrum of practitioners.

-5-



Exhibit 19
-101-

Case 8:20-cv-00048-JVS-JDE   Document 45-10   Filed 05/07/20   Page 7 of 11   Page ID
#3546
Case 3:98-cv-00312-W-CGA   Document 77   Filed 01/22/99   PageID.1500   Page 20 of 24

**Exhibit 19**
**-102-**

MARCH 2, 1983

MEMORANDUM

FROM:  JOHN CARSON and GREG WOOD

RE:  <u>UNIFORM TRADE SECRETS ACT</u>

The following are suggestions for improvement of the Uniform
Trade Secrets Act if it is to be adopted in California.

1.  In the definition Section 3426.1, subsection (d) at page 2,
    lines 30-37, it would be much better to use the definition
    of "trade secret" from existing California Penal Code §499c(3).
    The problems with the Uniform Act definition of "trade secret"
    are that:

    A.  In addition to "not being generally known", the Section
        requires that in order for information to be a trade
        secret it must <u>also</u> "not be readily ascertainable by
        proper means."  The phrase "readily ascertainable by
        proper means" can certainly be interpreted to include
        reverse engineering or independent creation.  Since
        most trade secrets are capable of reverse engineering
        given sufficient time, and all are capable of independent
        creation, it is likely that much information presently
        considered to be a trade secret under California law
        would not be under the Uniform Act.  For example, under
        the Uniform Act one might successfully argue that, while
        admitting the theft, the defendant should nevertheless
        not be penalized since the defendant could have reverse
        engineered the product in less than one year, thus
        satisfying the "readily ascertainable" test.

        It is submitted that the P.C. §499c definition is much
        more appropriate since it defines a "trade secret" as
        that which is secret.  This would leave to Uniform Act
        §3426.2(a) the appropriate injunction period based on
        reverse engineering.

    B.  In order for there to be a trade secret under the Section,
        information needs to be not generally known and not
        readily ascertainable by other persons "who can obtain
        economic value from its disclosure or use".  This probably
        requires that the only persons qualified to test general
        knowledge or ready ascertainability are competitors.
        This would seem to be an undue limitation since general
        knowledge, even if by others than competitors, should
        disqualify the trade secret.



2.

Penal Code §499c(3) solves many of these problems by defining
a trade secret as that which is "not generally available to the
public, and which gives one who uses it an advantage over competitors
who do not know of or use" it.  This Penal Code Section definition,
if substituted into the proposed Civil Code Section, would cure
many of the problems stated above.

2.  In proposed §3426.2(a), at page 3, line 4, the word "reasonable"
    should be deleted.  The clause states that an injunction
    <u>may</u> be continued for an additional "reasonable" period of
    time in order to eliminate commercial advantage.  The word
    "reasonable" seems to add nothing but confusion to the Section
    since the additional period of time is already to eliminate
    the commercial advantage.  The concept of reasonableness
    is not appropriate where there is another definition of the
    period of time in the same section, that is, "in order to
    eliminate commercial advantage".

3.  In proposed Sections 3426.3 and 3426.4, at various places
    the word "may" should be changed to --shall--.  These instances
    occur at page 3, lines 15, 16, 21, and 27.  In our experience,
    thefts of trade secrets are similar to the problems incurred
    with counterfeiting and with copyright infringement, that is,
    theft of trade secrets is easily accomplished and lucrative,
    but it is very difficult to prove and stop.  Therefore,
    there is much incentive to do it, and not much incentive
    against it.  This leads to the conclusion that just as in
    the counterfeiting and copyright infringement situations,
    damages and profits should (shall) be recovered, as well as
    exemplary damages, attorneys fees and costs in the appropriate
    situations.  The amounts should be the only things that
    are within the discretion of the Court.

4.  In proposed Section 3426.3(a), "or in lieu of" should be
    deleted.  As stated in Paragraph 3, damages are hard to
    prove in any event, and the defendant should not escape with
    only an injunction where loss has been caused.  Even more
    importantly, the plaintiff should be made whole where possible.

5.  In §3426.3(b), page 3, line 20, and §3426.4, page 3, line 26,
    the word "and" should be changed to --or--.  It is very
    difficult to prove either wilfullness or maliciousness, much
    less <u>both</u>.  If the conjunctive "and" were retained, this
    would in effect eliminate, for all practical purposes, the
    possibility of ever awarding exemplary damages or attorney's
    fees, both of which are desirable.

6.  In §3426.3(b), page 3, line 22, "twice" should be changed
    to --three times--.  The reason for this change is the same



Exhibit 19
-104-

3.

as mentioned above (Paragraph 3) with regard to damages, that
is, it is hard enough to discover and prove these causes
of action, and an incentive is needed against these types
of theft. No good reason is seen for the cap of twice rather
than three times since the amount of the award is in the
discretion of the Court "but not exceeding" the limit.

7. With regard to §3426.4, page 3, line 28, after "attorneys
fees" there should be added --and costs--. We assume this
was an oversight since it is more reasonable and usual to
award costs than attorneys fees.

8. With regard to §3426.6, these provisions appear to be desirable.
However, at page 3, line 40 - page 4, line 2, this sentence
is unclear when read with the preceding sentence of that
Section. The intent only becomes clear in reviewing the
comments of the National Conference of Commissioners. It
appears that they intended that the Statute of Limitations
for both the initial taking and all subsequent uses begins
running from the initial discovery of the misappropriation,
and that this was the reason for adding this second sentence
to the initial sentence of this Section which specifies a
three year Statute of Limitations. If this is correct, we
suggest that at the end of line 2 on page 4, after "claim"
there be added the words --, and the three years for bringing
an action in any way relating to the initial misappropriation
or subsequent use runs from the discovery of or period
for reasonable diligence after the initial misappropriation.--

9. One area not addressed by the Uniform Act is the area of
plaintiff's abuse in initiating trade secret lawsuits for
the purpose of harrassing or even driving a competitor out
of business by forcing the competitor to spend large sums
in defending unwarranted litigation. For example, where
a plaintiff's employee quits and opens a competing business,
a plaintiff often files a lawsuit for trade secret misappro-
priation which states that the defendant took and is using
plaintiff's trade secrets, but does not identify the trade
secrets. The plaintiff can then embark upon extensive discovery
which the new business is ill equipped to afford. Furthermore,
by not informing the defendant with any degree of specificity
as to what the alleged trade secrets are, defendant may be
forced to disclose its own business or trade secrets, even
though those matters may be irrelevant, and the defendant may
not learn of the exact nature of the supposedly misappropriated
trade secrets until the eve of trial. Therefore, we suggest
adding a new section which could read:

Exhibit 19
-105-

4.

(New Section) - Any person bringing an action alleging
trade secret misappropriation shall, before discovery
relating to the trade secret cause can be commenced
by that party, but in any event no later than sixty
days after filing the action, identify the trade
secrets in issue with particularity subject to such
orders as may be appropriate under §3426.5.

10.  With regard to §3426.8, page 4, lines 7-10, we are not sure
as to the intent of this Section.  Does this mean that the
California courts should consider themselves bound by case
law in other jurisdictions?  Does this mean that the courts
should look to the legislative history of the National Conference
of Commissioners?  This Section should be made more specific
or should be deleted.