1  JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
     bburoker@gibsondunn.com                   isamplin@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP               GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.             333 South Grand Avenue
10 Washington, DC 20036                      Los Angeles, CA 90071-3197
   Tel.: 202.955.8541 / Fax: 202.467.0539    Tel.: 213.229.7000 / Fax: 213.229.7520
11
12 BRIAN A. ROSENTHAL, *pro hac vice*        ANGELIQUE KAOUNIS, SBN 209833
     brosenthal@gibsondunn.com                 akaounis@gibsondunn.com
13 GIBSON, DUNN & CRUTCHER LLP               GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue                           2029 Century Park East Suite 4000
   New York, NY 10166-0193                   Los Angeles, CA 90067
14 Tel.: 212.351.2339 / Fax: 212.817.9539    Tel.: 310.552.8546 / Fax: 310.552.7026

15 *Attorneys for Defendant Apple Inc.*

16
17                  **UNITED STATES DISTRICT COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**
18                        **SOUTHERN DIVISION**

19 MASIMO CORPORATION,                       CASE NO. 8:20-cv-00048-JVS (JDEx)
   a Delaware corporation; and
20 CERCACOR LABORATORIES, INC.,              **DEFENDANT APPLE INC.'S**
   a Delaware corporation,                   **OBJECTIONS AND RESPONSES TO**
21                                           **PLAINTIFFS MASIMO**
                        Plaintiffs,          **CORPORATION AND CERCACOR**
22                                           **LABORATORIES, INC.'S FIRST SET**
           v.                                **OF REQUESTS FOR PRODUCTION**
23                                           **OF DOCUMENTS TO DEFENDANT**
   APPLE INC.,                               **APPLE INC. (NOS. 1-25)**
24 a California corporation,
25                      Defendant.
26                                           Hon. James V. Selna
27
28

Gibson, Dunn &
Crutcher LLP

                                    1
       **APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
                    Case No. 8:20-CV-00048-JVS (JDEx)

                                                                  **Exhibit 20**
                                                                       **-107-**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") First Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 1–25) (the "First RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the First RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1.   Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose obligations that

Gibson, Dunn & Crutcher LLP

2
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)
**Exhibit 20**
**-108-**

exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, on the grounds that the parties have not yet entered into a protective order governing the use of Apple's sensitive, confidential information in this action.

3.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they:  (i) seek documents or information that are not relevant to any party's claims or defenses in the action; (ii) impose a burden disproportionate to the needs of the case; (iii) seek documents or information beyond the scope of permissible discovery; (iv) are unreasonably cumulative or duplicative; or (v) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

4.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek disclosure of information, documents, and/or things that are not yet subject to discovery by Plaintiffs because Plaintiffs have not complied with California Code of Civil Procedure Section 2019.210's ("Section 2019.210") requirement that they identify with reasonable particularity the alleged trade secret(s) that they claim Apple has misappropriated before commencing any discovery relating to their trade secret misappropriation claim and any other claims that are factually dependent on Plaintiffs' misappropriation allegations. *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210.").  Accordingly, these Responses are given without waiving Apple's right to revise, correct, supplement, or clarify any of its Responses in the event Plaintiffs comply with Section 2019.210 in the future.  These Responses also are given without prejudice to Apple's right to subsequently produce, including at trial, any additional documents, witnesses, or evidence, including, without limitation, documents, witnesses, or evidence that would only be subject to discovery by Plaintiffs if Plaintiffs

first complied with the requirements of Section 2019.210.  Apple will not produce at this time any documents or things (or any other materials whatsoever) that relate to Plaintiffs' trade secret misappropriation claim.

5.      Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent that they demand production of "each," "every," or "all" documents and things concerning the subject matters referenced therein because such a demand causes undue burden and expense.

6.      Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek information, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Apple does not object to a Request on the basis of an applicable privilege.  The inadvertent disclosure of any documents subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.  Apple reserves the right to demand that Plaintiffs return to it any document inadvertently produced. Plaintiffs shall, upon the request of Apple, immediately return or destroy any such documents inadvertently produced.  Further, upon Plaintiffs' discovery of what may be a privileged document produced by Apple, Plaintiffs should immediately inform Apple in writing.

7.      Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek confidential commercial, business, financial, or competitively sensitive information, trade secrets, or any other proprietary information of or about Apple, its respective employees, its clients, and its business partners, including information subject to confidentiality agreements with third

parties.   Apple further objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent that they seek to require Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.   Without waiving any objection herein, Apple will only produce documents in this action subject to the entry of an appropriate protective order in this action.

8.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.  Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

9.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.  To the extent the First RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

10.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.  Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or

Gibson, Dunn &
Crutcher LLP

5
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)                                    **Exhibit 20
-111-**

assumptions are correct or accurate.  The failure to object to any of the defined terms that are listed in the "Definitions" section of the First RFPs, but that are not used by Plaintiffs in any of the First RFPs directed to Apple, shall not be construed as a waiver of any objections to the definitions of those defined terms.

11.    Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to the First RFPs, Apple does not admit the correctness of such assertions.

12.    Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, as being unduly burdensome to the extent they seek documents or information that (i) is not within the possession, custody, or control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in the possession of Plaintiffs; (iv) was already produced by or requested from other parties or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.); or (v) is public.

13.    These Responses, and the production of any documents, do not constitute admissions that such documents were in Apple's possession, custody, or control at any particular point in time other than on the date of production.

14.    Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek discovery from any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are not within Apple's control, and to the extent that a Request seeks such disclosure, it is improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and not on behalf of any parent, subsidiary, or affiliate.

15.    Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to require Apple to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals,

methodologies, and/or breakdowns, etc., that do not already exist.

16.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found.  When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure.  Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents.  Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

17.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form.   Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions.  If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

18.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are beyond Apple's possession, custody, or control.

19.     Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

Gibson, Dunn & Crutcher LLP

7

APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)                                          Exhibit 20
-113-

20. Apple's undertaking to produce documents responsive to the First RFPs, or its failure to object to a Request, is subject to a general proviso that Apple agrees to produce documents only to the extent such documents exist and can be located with reasonable diligence. Further, Apple's undertaking to produce documents responsive to the First RFPs does not constitute an admission that such documents actually exist, but rather that Apple has made or will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist. Apple's objections and responses shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody, or control.

21. By responding to the First RFPs, Apple does not concede the relevancy or materiality of any Request or of the subject to which it refers. Apple's responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding. Apple's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that it is relevant to a claim or defense in this action, or that it is admissible for any purpose. Apple does not waive its right to object to the admissibility of any document produced by any party on any ground.

22. Apple responds to the First RFPs, including the Instructions and Definitions and each specific Request therein, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

23. Apple objects to the First RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

24. Apple reserves all other unarticulated objections.

## **OBJECTIONS TO DEFINITIONS**

1. Apple objects to the Definitions in the First RFPs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the

Gibson, Dunn &
Crutcher LLP

8
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEX)

**Exhibit 20**
-114-

Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the First RFPs in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to the action. Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the First RFPs, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.     Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Masimo Corporation encompassed in the definition.

4.     Apple objects to Plaintiffs' definition of "Cercacor" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.     Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that Plaintiffs have not alleged Apple

Gibson, Dunn &
Crutcher LLP

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-115-**

infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action. In responding to the First RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in the First Amended Complaint in this action, and will limit its responses accordingly.

6.     Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 4 and later devices identified and alleged in the First Amended Complaint to infringe the asserted claims of U.S. Patent Nos. 10,258,265, 10,258,266, 10,292,628, 10,299,708, 10,376,190, 10,376,191, 10,470,695, 6,771,994, 8,457,703, 10,433,776, 10,588,553, and 10,588,554, or to the relevant time frame of alleged infringement.

7.     Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 4 and later devices identified and alleged in the First Amended Complaint to infringe the asserted claims of U.S. Patent Nos. 10,258,265, 10,258,266, 10,292,628, 10,299,708, 10,376,190, 10,376,191, 10,470,695, 6,771,994, 8,457,703, 10,433,776, 10,588,553, and 10,588,554, or to the relevant time frame of alleged infringement.

8.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In

10

1   responding to the First RFPs, Apple will construe this term in accordance with the

2   requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable

3   rules and orders of this Court.

4         9.     Apple objects to the definition of "things" as overly broad, unduly

5   burdensome, vague, and ambiguous.  In responding to the First RFPs, Apple will

6   construe this term in accordance with the requirements of the Federal Rules of Civil

7   Procedure, the Local Rules, and all applicable rules and orders of this Court.

8         10.    Apple objects to the definition of "concerning" as overly broad, unduly

9   burdensome, vague, and ambiguous.  In responding to the First RFPs, Apple will

10  construe this term in accordance with the requirements of the Federal Rules of Civil

11  Procedure, the Local Rules, and all applicable rules and orders of this Court.

12        11.    Apple objects to the definition of "communication" as overly broad, unduly

13  burdensome, vague, and ambiguous.  Apple further objects to the definition of

14  "communication" as imposing undue burden and expense to the extent that, in the

15  context of any particular request, it would encompass emails or other electronically

16  stored information without reasonable limits placed on the number of custodians and

17  keywords to reduce the burden and expense of collection, processing, review, and

18  production.  In responding to the First RFPs, Apple will construe this term in accordance

19  with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all

20  applicable rules and orders of this Court.

21                  **OBJECTIONS TO INSTRUCTIONS**

22        1.     Apple objects to the Instructions to the extent they purport to broaden the

23  obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other

24  applicable rules, or any discovery protocols agreed upon by the parties or ordered by the

25  Court.

26        2.     Apple objects to Instruction No. 1 on the grounds that it purports to impose

27  discovery obligations on persons or entities that are separate and distinct from Apple

28  and are not under Apple's control.  Apple also objects to Instruction No. 1 overly broad,

Gibson, Dunn &
Crutcher LLP

11

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
-117-

unduly burdensome, vague, and ambiguous to the extent it imposes undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.      Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.      Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.      Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.      Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it

Gibson, Dunn &
Crutcher LLP

12

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-118-**

is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things that refer or relate to the Masimo Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions. Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrase "refer or relate to." Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request. Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period. Apple further objects to this Request to the extent it calls for technical design information as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery. *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

1    Subject to and without waiver of the foregoing General and Specific Objections,

2    and subject to compliance with applicable confidentiality requirements and entry of an

3    acceptable protective order and ESI stipulation in this action, Apple agrees to produce

4    non-privileged, non-work product protected information that identifies or mentions one

5    or more of the patents asserted by Plaintiffs in the First Amended Complaint in this

6    action, to the extent such information exists and is located after a reasonably diligent

7    search.  Unless otherwise expressly agreed in writing by the parties, a reasonable search

8    shall be limited to a search of (i) the files of specific custodians negotiated between the

9    parties, whose files are in the possession, custody, or control of Apple, using (ii) specific

10   search terms negotiated between the parties.

11   **REQUEST FOR PRODUCTION NO. 2:**

12   All documents and things that refer or relate to Apple's first awareness of the

13   Masimo Asserted Patents.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

15   Apple incorporates by reference its General Objections and Objections to

16   Definitions and Instructions.  Apple objects to this Request on the grounds that it is

17   vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

18   undefined phrase "refer or relate to."  Apple also objects to this Request on the grounds

19   that it is overly broad and unduly burdensome to the extent it requests "all documents

20   and things" relating to the subject matter of the request.  Apple further objects to this

21   Request to the extent it seeks documents and things protected from discovery by the

22   attorney-client privilege, the work-product doctrine, the common-interest privilege,

23   and/or any other applicable privilege, immunity, or protection.

24   Subject to and without waiver of the foregoing General and Specific Objections,

25   and subject to compliance with applicable confidentiality requirements and entry of an

26   acceptable protective order and ESI stipulation in this action, Apple agrees to produce

27   non-privileged, non-work product protected documents sufficient to show when Apple

28   became aware of each of the patents asserted by Plaintiffs in the First Amended

Gibson, Dunn &
Crutcher LLP

14

1   Complaint in this action, to the extent such documents exist and are located after a

2   reasonably diligent search.  Unless otherwise expressly agreed in writing by the parties,

3   a reasonable search shall be limited to a search of (i) the files of specific custodians

4   negotiated between the parties, whose files are in the possession, custody, or control of

5   Apple, using (ii) specific search terms negotiated between the parties.

6   **REQUEST FOR PRODUCTION NO. 3:**

7       All documents and things that refer or relate to any efforts to design any of the

8   Accused Products around the inventions claimed in the Masimo Asserted Patents.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10      Apple incorporates by reference its General Objections and Objections to

11  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

12  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

13  undefined phrase "refer or relate to."  Apple also objects to this Request on the grounds

14  that it is overly broad and unduly burdensome to the extent it requests "all documents

15  and things" relating to the subject matter of the request.  Apple further objects to this

16  Request to the extent it seeks documents and things protected from discovery by the

17  attorney-client privilege, the work-product doctrine, the common-interest privilege,

18  and/or any other applicable privilege, immunity, or protection.  Apple further objects to

19  this Request on the grounds that it is vague and ambiguous to the extent it purports to

20  refer to "inventions claimed" in the patents asserted by Plaintiffs in the First Amended

21  Complaint when claim construction has not yet occurred in this action.  Apple further

22  objects to this Request on the grounds that it is vague, ambiguous, overly broad, and

23  unduly burdensome to the extent it is not limited to the asserted claims of the patents

24  asserted by Plaintiffs in the First Amended Complaint in this action.  Apple further

25  objects to this Request to the extent it calls for technical design information as premature

26  on the ground that Plaintiffs have not identified their purported trade secrets with

27  reasonable particularity, as required by Section 2019.210, and therefore are not

28  permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The

Gibson, Dunn &
Crutcher LLP

15

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)                                **Exhibit 20
-121-**

1   Court stays the trade secret discovery only pending compliance with 2019.210."); *see*

2   *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

3   Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

4   *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

5   *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

6   *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

7          Subject to and without waiver of the foregoing General and Specific Objections,

8   and subject to compliance with applicable confidentiality requirements and entry of an

9   acceptable protective order and ESI stipulation in this action, Apple agrees to produce

10  non-privileged, non-work product protected information sufficient to show any efforts

11  to design around the asserted claims of the patents asserted by Plaintiffs in the First

12  Amended Complaint of this action, to the extent such information exists and is located

13  after a reasonably diligent search.  Unless otherwise expressly agreed in writing by the

14  parties, a reasonable search shall be limited to a search of (i) the files of specific

15  custodians negotiated between the parties, whose files are in the possession, custody, or

16  control of Apple, using (ii) specific search terms negotiated between the parties.

17  **REQUEST FOR PRODUCTION NO. 4:**

18         All documents and things concerning, evaluating, discussing, and/or commenting

19  on the existence, infringement, or scope of the Masimo Asserted Patents.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

21         Apple incorporates by reference its General Objections and Objections to

22  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

23  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

24  undefined terms "concerning," "evaluating," "discussing," and "commenting."  Apple

25  also objects to this Request on the grounds that it is overly broad and unduly burdensome

26  to the extent it requests "all documents and things" relating to the subject matter of the

27  request.  Apple further objects to this Request to the extent it seeks documents and things

28  protected from discovery by the attorney-client privilege, the work-product doctrine, the

Gibson, Dunn &
Crutcher LLP

16
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
-122-

common-interest privilege, and/or any other applicable privilege, immunity, or
protection.  Apple further objects to this Request on the grounds that it is vague,
ambiguous, overly broad, and unduly burdensome to the extent it does not identify a
relevant time period.  Apple further objects to this Request on the grounds that it is
vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited
to the asserted claims of the patents asserted by Plaintiffs in the First Amended
Complaint in this action.  Apple further objects to this Requests on the grounds that it
calls for a legal conclusion.  Apple further objects to this Request to the extent it calls
for technical design information as premature on the ground that Plaintiffs have not
identified their purported trade secrets with reasonable particularity, as required by
Section 2019.210, and therefore are not permitted to commence such discovery.  *See*
Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only
pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v.
Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J.
Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at
*4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at
*2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at
*4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections,
and subject to compliance with applicable confidentiality requirements and entry of an
acceptable protective order and ESI stipulation in this action, Apple agrees to produce
non-privileged, non-work product protected information that identifies or mentions one
or more of the patents asserted by Plaintiffs in the First Amended Complaint in this
action, to the extent such information exists and is located after a reasonably diligent
search.  Unless otherwise expressly agreed in writing by the parties, a reasonable search
shall be limited to a search of (i) the files of specific custodians negotiated between the
parties, whose files are in the possession, custody, or control of Apple, using (ii) specific
search terms negotiated between the parties.

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-123-**

1   **REQUEST FOR PRODUCTION NO. 5:**

2      Documents sufficient to show the design and operation of the Accused Products.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

4      Apple incorporates by reference its General Objections and Objections to

5 Definitions and Instructions.  Apple objects to this Request to the extent that it seeks

6 information already in Plaintiffs' possession or information that is obtainable from

7 another source, such as publicly available materials, that is more convenient, less

8 burdensome, or less expensive.  Apple further objects to this Request as premature on

9 the ground that Plaintiffs have not identified their purported trade secrets with reasonable

10 particularity, as required by Section 2019.210, and therefore are not permitted to

11 commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays

12 the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*,

13 *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept.

14 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

15 *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

16 *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

17 *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple further

18 objects to this Request to the extent it seeks documents and things protected from

19 discovery by the attorney-client privilege, the work-product doctrine, the common-

20 interest privilege, and/or any other applicable privilege, immunity, or protection.

21      Subject to and without waiver of the foregoing General and Specific Objections,

22 and subject to compliance with applicable confidentiality requirements and entry of an

23 acceptable protective order and ESI stipulation in this action, Apple agrees to produce

24 public documents sufficient to show the design of devices that have already been

25 released to the public and that have been accused by Plaintiffs of infringing one or more

26 claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action.

27 After Plaintiffs have identified their purported trade secrets with reasonable

28 particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order

Gibson, Dunn &
Crutcher LLP

1  (Docket No. 37), and the Court has entered an acceptable protective order in this action,

2  Apple will revise its response to this Request, to the extent necessary, to address the

3  appropriate scope of discovery for non-public documents responsive to this Request.

4  **REQUEST FOR PRODUCTION NO. 6:**

5       All documents and things describing the operation of the Accused Products,

6  including, without limitation, product brochures, user manuals, instructional materials,

7  and directions for use.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

9       Apple incorporates by reference its General Objections and Objections to

10  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

11  overly broad and unduly burdensome to the extent it requests "all documents and things"

12  relating to the subject matter of the request.  Apple also objects to this Request on the

13  grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent

14  it uses the undefined terms "instructional materials" and "directions for use."  Apple

15  further objects to this Request to the extent it seeks documents and things protected from

16  discovery by the attorney-client privilege, the work-product doctrine, the common-

17  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

18  further objects to this Request on the grounds that it is vague, ambiguous, overly broad,

19  and unduly burdensome to the extent it does not identify a relevant time period.  Apple

20  further objects to this Request as premature on the ground that Plaintiffs have not

21  identified their purported trade secrets with reasonable particularity, as required by

22  Section 2019.210, and therefore are not permitted to commence such discovery.  *See*

23  Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only

24  pending compliance with 2019.210.");  *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v.*

25  *Litrinium, Inc.*, 2019 WL 8108729, at \*2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J.*

26  *Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at

27  \*4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at

28  \*2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at

Gibson, Dunn &
Crutcher LLP

19

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
-125-

1   *4 (N.D. Cal. Feb. 28, 2014).

2          Subject to and without waiver of the foregoing General and Specific Objections,

3   and subject to compliance with applicable confidentiality requirements and entry of an

4   acceptable protective order and ESI stipulation in this action, Apple agrees to produce

5   public product brochures and user manuals of devices that have already been released to

6   the public and that have been accused by Plaintiffs of infringing one or more claims of

7   the patents asserted by Plaintiffs in the First Amended Complaint in this action.  After

8   Plaintiffs have identified their purported trade secrets with reasonable particularity, as

9   required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

10  and the Court has entered an acceptable protective order in this action, Apple will revise

11  its response to this Request, to the extent necessary, to address the appropriate scope of

12  discovery for non-public documents responsive to this Request.

13  **REQUEST FOR PRODUCTION NO. 7:**

14         All training materials concerning any of the Accused Products, including, without

15  limitation, training manuals, training videos, presentations, and handouts.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17         Apple incorporates by reference its General Objections and Objections to

18  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

19  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

20  undefined terms "training materials," "training manuals," and "training videos."  Apple

21  also objects to this Request on the grounds that it is overly broad and unduly burdensome

22  to the extent it requests "all training materials" relating to the subject matter of the

23  request.  Apple further objects to this Request to the extent it seeks documents and things

24  protected from discovery by the attorney-client privilege, the work-product doctrine, the

25  common-interest privilege, and/or any other applicable privilege, immunity, or

26  protection.  Apple further objects to this Request on the grounds that it is vague,

27  ambiguous, overly broad, and unduly burdensome to the extent it does not identify a

28  relevant time period.  Apple further objects to this Request as premature on the ground

20

that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery. *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public training materials relating to the devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such documents exist and are located after a reasonably diligent search.   Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties.   After Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable protective order in this action, Apple will revise its response to this Request, to the extent necessary, to address the appropriate scope of discovery for non-public documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All marketing materials concerning any of the Accused Products, including, without limitation, advertisements, promotional materials, pamphlets, brochures,

1  product catalogs, websites, product brochures, informational materials, and videos.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

3         Apple incorporates by reference its General Objections and Objections to

4  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

5  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

6  undefined terms "marketing materials," "promotional materials," and "informational

7  materials."  Apple also objects to this Request on the grounds that it is overly broad and

8  unduly burdensome to the extent it requests "all marketing materials" relating to the

9  subject matter of the request.  Apple further objects to this Request to the extent that it

10 seeks information already in Plaintiffs' possession or information that is obtainable from

11 another source, such as publicly available materials, that is more convenient, less

12 burdensome, or less expensive.  Apple further objects to this Request to the extent it

13 seeks documents and things protected from discovery by the attorney-client privilege,

14 the work-product doctrine, the common-interest privilege, and/or any other applicable

15 privilege, immunity, or protection.  Apple further objects to this Request on the grounds

16 that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does

17 not identify a relevant time period.  Apple further objects to this Request on the grounds

18 that it is overly broad and unduly burdensome to the extent it seeks documents not within

19 the possession, custody, or control of Apple.  Apple further objects to this Request as

20 premature on the ground that Plaintiffs have not identified their purported trade secrets

21 with reasonable particularity, as required by Section 2019.210, and therefore are not

22 permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The

23 Court stays the trade secret discovery only pending compliance with 2019.210."); *see*

24 *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

25 Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

26 *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

27 *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

28 *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

1    Subject to and without waiver of the foregoing General and Specific Objections,

2    and subject to compliance with applicable confidentiality requirements and entry of an

3    acceptable protective order and ESI stipulation in this action, Apple agrees to produce

4    public marketing information relating to the devices that have already been released to

5    the public and that have been accused by Plaintiffs of infringing one or more claims of

6    the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the

7    extent such documents exist and are located after a reasonably diligent search.  Unless

8    otherwise expressly agreed in writing by the parties, a reasonable search shall be limited

9    to a search of (i) the files of specific custodians negotiated between the parties, whose

10   files are in the possession, custody, or control of Apple, using (ii) specific search terms

11   negotiated between the parties.  After Plaintiffs have identified their purported trade

12   secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's

13   April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable

14   protective order in this action, Apple will revise its response to this Request, to the extent

15   necessary, to address the appropriate scope of discovery for non-public documents

16   responsive to this Request.

17   **REQUEST FOR PRODUCTION NO. 9:**

18   All publications, articles, abstracts, papers, presentations, seminars, speeches,

19   press releases, and internet postings relating to any of the Accused Products.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

21   Apple incorporates by reference its General Objections and Objections to

22   Definitions and Instructions.  Apple objects to this Request to the extent that it seeks

23   information already in Plaintiffs' possession or information that is obtainable from

24   another source, such as publicly available materials, that is more convenient, less

25   burdensome, or less expensive.  Apple also objects to this Request on the grounds that

26   it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

27   undefined phrase "internet postings."  Apple also objects to this Request on the grounds

28   that it is overly broad and unduly burdensome to the extent it requests "all" documents

relating to the subject matter of the request.  Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period.  Apple further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents not within the possession, custody, or control of Apple.  Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, Apple states that it is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All videos or DVDs demonstrating or showing the operation of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all videos or DVDs"

relating to the subject matter of the request.  Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period.  Apple further objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks "videos or DVDs" not within the possession, custody, or control of Apple.  Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public videos or DVDs sufficient to show the operation of devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such videos or DVDs exist and are located after a reasonably diligent

1   search.  Unless otherwise expressly agreed in writing by the parties, a reasonable search

2   shall be limited to a search of (i) the files of specific custodians negotiated between the

3   parties, whose files are in the possession, custody, or control of Apple, using (ii) specific

4   search terms negotiated between the parties.  After Plaintiffs have identified their

5   purported trade secrets with reasonable particularity, as required by Section 2019.210

6   and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an

7   acceptable protective order in this action, Apple will revise its response to this Request,

8   to the extent necessary, to address the appropriate scope of discovery for non-public

9   documents responsive to this Request.

10  **REQUEST FOR PRODUCTION NO. 11:**

11          All documents and things that refer or relate to the use, effectiveness, capabilities,

12  functionality, or characteristics of the physiological monitoring features of any of the

13  Accused Products.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15          Apple incorporates by reference its General Objections and Objections to

16  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

17  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

18  undefined phrases "refer or relate to" and "physiological monitoring features."  Apple

19  also objects to this Request on the grounds that it is overly broad and unduly burdensome

20  to the extent it requests "all documents and things" relating to the subject matter of the

21  request.  Apple further objects to this Request to the extent it seeks documents and things

22  protected from discovery by the attorney-client privilege, the work-product doctrine, the

23  common-interest privilege, and/or any other applicable privilege, immunity, or

24  protection.  Apple further objects to this Request on the grounds that it is vague,

25  ambiguous, overly broad, and unduly burdensome to the extent it does not identify a

26  relevant time period.  Apple further objects to this Request on the grounds that it is

27  vague, ambiguous, overly broad, and unduly burdensome to the extent it purports to

28  request documents and things regarding "physiological monitoring features" that are not

Gibson, Dunn &
Crutcher LLP

26

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
-132-

1    covered by one or more claims of the patents asserted by Plaintiffs in the First Amended

2    Complaint in this action.   Apple further objects to this Request as premature on the

3    ground that Plaintiffs have not identified their purported trade secrets with reasonable

4    particularity, as required by Section 2019.210, and therefore are not permitted to

5    commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays

6    the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*,

7    *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept.

8    3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

9    *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

10   *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

11   *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

12           Subject to and without waiver of the foregoing General and Specific Objections,

13   and subject to compliance with applicable confidentiality requirements and entry of an

14   acceptable protective order and ESI stipulation in this action, Apple agrees to produce

15   public documents responsive to the unobjectionable scope of this Request and relating

16   to devices that have already been released to the public and that have been accused by

17   Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

18   First Amended Complaint in this action, to the extent such documents exist and are

19   located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

20   by the parties, a reasonable search shall be limited to a search of (i) the files of specific

21   custodians negotiated between the parties, whose files are in the possession, custody, or

22   control of Apple, using (ii) specific search terms negotiated between the parties.  After

23   Plaintiffs have identified their purported trade secrets with reasonable particularity, as

24   required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

25   and the Court has entered an acceptable protective order in this action, Apple will revise

26   its response to this Request, to the extent necessary, to address the appropriate scope of

27   discovery for non-public documents responsive to this Request.

28

**REQUEST FOR PRODUCTION NO. 12:**

All technical documents for the Accused Products, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.  Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined term "technical documents."  Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all technical documents" relating to the subject matter of the request.  Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action.  Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery*

**Exhibit 20**
**-134-**

*v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public technical specifications and design documents relating to devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such documents exist and are located after a reasonably diligent search. Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties. After Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable protective order in this action, Apple will revise its response to this Request, to the extent necessary, to address the appropriate scope of discovery for non-public documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things that refer or relate to technical information, specifications, and research data for any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions. Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrase "refer or relate to" and the undefined terms "technical information,"

"specifications," and "research data." Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request. Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action. Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery. *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public technical specifications and research data relating to devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such documents exist and are located after a reasonably diligent

1    search.  Unless otherwise expressly agreed in writing by the parties, a reasonable search

2    shall be limited to a search of (i) the files of specific custodians negotiated between the

3    parties, whose files are in the possession, custody, or control of Apple, using (ii) specific

4    search terms negotiated between the parties.  After Plaintiffs have identified their

5    purported trade secrets with reasonable particularity, as required by Section 2019.210

6    and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an

7    acceptable protective order in this action, Apple will revise its response to this Request,

8    to the extent necessary, to address the appropriate scope of discovery for non-public

9    documents responsive to this Request.

10   **REQUEST FOR PRODUCTION NO. 14:**

11        All documents and things concerning the research, design, and development of

12   any of the Accused Products or any component of any of the Accused Products,

13   including, without limitation, laboratory notebooks, invention disclosures, memoranda,

14   product specifications, conceptual or technical drawings, schematics, diagrams,

15   technical specifications, meeting minutes, presentations, and prototypes.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17        Apple incorporates by reference its General Objections and Objections to

18   Definitions and Instructions.  Apple objects to this Request on the grounds that it is

19   vague, ambiguous, overly broad, and unduly burdensome to the extent it refers to "any

20   component of any of the Accused Products" and therefore is not limited to the scope of

21   the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint

22   in this action.  Apple also objects to this Request on the grounds that it is overly broad

23   and unduly burdensome to the extent it requests "all documents and things" relating to

24   the subject matter of the request.  Apple further objects to this Request to the extent it

25   seeks documents and things protected from discovery by the attorney-client privilege,

26   the work-product doctrine, the common-interest privilege, and/or any other applicable

27   privilege, immunity, or protection.  Apple further objects to this Request on the grounds

28   that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does

Gibson, Dunn &
Crutcher LLP

31

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
-137-

not identify a relevant time period.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action.  Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public research and development documents relating to devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such documents exist and are located after a reasonably diligent search. Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties.  After Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable protective order in this action, Apple will revise its response to this Request, to the extent necessary, to address the appropriate scope of discovery for non-public documents

**Exhibit 20**
**-138-**

1   responsive to this Request.

2   **REQUEST FOR PRODUCTION NO. 15:**

3     All documents and things that refer or relate to optical or structural components

4   of any of the Accused Products, including emitters, sensors, detectors, filters, covers,

5   lenses, masks, housing, adhesives, openings, magnets, magnetic shields, carriers, bodies,

6   interior surfaces, walls, protrusions, and sensor subsystems.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

8     Apple incorporates by reference its General Objections and Objections to

9   Definitions and Instructions.  Apple objects to this Request on the grounds that it is

10  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

11  undefined phrase "refer or relate to" and the undefined terms "optical . . . components"

12  and "structural components."  Apple also objects to this Request on the grounds that it

13  is overly broad and unduly burdensome to the extent it requests "all documents and

14  things" relating to the subject matter of the request.  Apple further objects to this Request

15  on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

16  extent it refers to "optical or structural components" without any limitation regarding

17  the scope of the asserted claims of the patents asserted by Plaintiffs in the First Amended

18  Complaint in this action.  Apple further objects to this Request to the extent it seeks

19  documents and things protected from discovery by the attorney-client privilege, the

20  work-product doctrine, the common-interest privilege, and/or any other applicable

21  privilege, immunity, or protection.  Apple further objects to this Request on the grounds

22  that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does

23  not identify a relevant time period.  Apple further objects to this Request on the grounds

24  that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not

25  limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended

26  Complaint in this action.  Apple further objects to this Request as premature on the

27  ground that Plaintiffs have not identified their purported trade secrets with reasonable

28  particularity, as required by Section 2019.210, and therefore are not permitted to

1   commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays

2   the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*,

3   *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept.

4   3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

5   *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

6   *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

7   *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

8          Subject to and without waiver of the foregoing General and Specific Objections,

9   and subject to compliance with applicable confidentiality requirements and entry of an

10  acceptable protective order and ESI stipulation in this action, Apple agrees to produce

11  public documents responsive to the unobjectionable scope of this Request and relating

12  to devices that have already been released to the public and that have been accused by

13  Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

14  First Amended Complaint in this action, to the extent such documents exist and are

15  located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

16  by the parties, a reasonable search shall be limited to a search of (i) the files of specific

17  custodians negotiated between the parties, whose files are in the possession, custody, or

18  control of Apple, using (ii) specific search terms negotiated between the parties.  After

19  Plaintiffs have identified their purported trade secrets with reasonable particularity, as

20  required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

21  and the Court has entered an acceptable protective order in this action, Apple will revise

22  its response to this Request, to the extent necessary, to address the appropriate scope of

23  discovery for non-public documents responsive to this Request.

24  **REQUEST FOR PRODUCTION NO. 16:**

25         All documents and things that refer or relate to any components, surface areas, or

26  adhesives that separate light emitted by LEDs from other components of any of the

27  Accused Products.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gibson, Dunn &
Crutcher LLP

34

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-140-**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.  Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrase "refer or relate to" and the undefined terms "components," "surface areas," and "adhesives."  Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request.  Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period.  Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action.  Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public documents responsive to the unobjectionable scope of this Request and relating

1   to devices that have already been released to the public and that have been accused by

2   Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

3   First Amended Complaint in this action, to the extent such documents exist and are

4   located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

5   by the parties, a reasonable search shall be limited to a search of (i) the files of specific

6   custodians negotiated between the parties, whose files are in the possession, custody, or

7   control of Apple, using (ii) specific search terms negotiated between the parties.  After

8   Plaintiffs have identified their purported trade secrets with reasonable particularity, as

9   required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

10  and the Court has entered an acceptable protective order in this action, Apple will revise

11  its response to this Request, to the extent necessary, to address the appropriate scope of

12  discovery for non-public documents responsive to this Request.

13  **REQUEST FOR PRODUCTION NO. 17:**

14      Documents sufficient to show the operation of any algorithms used to monitor any

15  physiological parameter in any of the Accused Products.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17      Apple incorporates by reference its General Objections and Objections to

18  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

19  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

20  undefined term "physiological parameter."  Apple also objects to this Request on the

21  grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent

22  it purports to request documents regarding "algorithms used to monitor" a

23  "physiological parameter" that are not covered by one or more claims of the patents

24  asserted by Plaintiffs in the First Amended Complaint in this action.  Apple further

25  objects to this Request to the extent it seeks documents and things protected from

26  discovery by the attorney-client privilege, the work-product doctrine, the common-

27  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

28  further objects to this Request on the grounds that it is vague, ambiguous, overly broad,

and unduly burdensome to the extent it does not identify a relevant time period.  Apple

further objects to this Request on the grounds that it is vague, ambiguous, overly broad,

and unduly burdensome to the extent it is not limited to the asserted claims of the patents

asserted by Plaintiffs in the First Amended Complaint in this action.  Apple further

objects to this Request as premature on the ground that Plaintiffs have not identified

their purported trade secrets with reasonable particularity, as required by Section

2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No.

37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending

compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium,*

*Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery*

*v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal.

June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal.

May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal.

Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections,

and subject to compliance with applicable confidentiality requirements and entry of an

acceptable protective order and ESI stipulation in this action, Apple agrees to produce

public documents responsive to the unobjectionable scope of this Request and relating

to devices that have already been released to the public and that have been accused by

Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

First Amended Complaint in this action, to the extent such documents exist and are

located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

by the parties, a reasonable search shall be limited to a search of (i) the files of specific

custodians negotiated between the parties, whose files are in the possession, custody, or

control of Apple, using (ii) specific search terms negotiated between the parties.  After

Plaintiffs have identified their purported trade secrets with reasonable particularity, as

required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

and the Court has entered an acceptable protective order in this action, Apple will revise

Gibson, Dunn &
Crutcher LLP

37

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
-143-

1   its response to this Request, to the extent necessary, to address the appropriate scope of

2   discovery for non-public documents responsive to this Request.

3   **REQUEST FOR PRODUCTION NO. 18:**

4       Documents sufficient to show the operation of any heart rate algorithms used in

5   any of the Accused Products.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7       Apple incorporates by reference its General Objections and Objections to

8   Definitions and Instructions.  Apple objects to this Request on the grounds that it is

9   vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

10  undefined term "heart rate algorithms."  Apple also objects to this Request to the extent

11  it seeks documents and things protected from discovery by the attorney-client privilege,

12  the work-product doctrine, the common-interest privilege, and/or any other applicable

13  privilege, immunity, or protection.  Apple further objects to this Request on the grounds

14  that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does

15  not identify a relevant time period.  Apple further objects to this Request on the grounds

16  that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not

17  limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended

18  Complaint in this action.  Apple further objects to this Request as premature on the

19  ground that Plaintiffs have not identified their purported trade secrets with reasonable

20  particularity, as required by Section 2019.210, and therefore are not permitted to

21  commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays

22  the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.,*

23  *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept.

24  3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

25  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

26  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

27  *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

28

1    Subject to and without waiver of the foregoing General and Specific Objections,

2    and subject to compliance with applicable confidentiality requirements and entry of an

3    acceptable protective order and ESI stipulation in this action, Apple agrees to produce

4    public documents responsive to the unobjectionable scope of this Request and relating

5    to devices that have already been released to the public and that have been accused by

6    Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

7    First Amended Complaint in this action, to the extent such documents exist and are

8    located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

9    by the parties, a reasonable search shall be limited to a search of (i) the files of specific

10   custodians negotiated between the parties, whose files are in the possession, custody, or

11   control of Apple, using (ii) specific search terms negotiated between the parties.  After

12   Plaintiffs have identified their purported trade secrets with reasonable particularity, as

13   required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

14   and the Court has entered an acceptable protective order in this action, Apple will revise

15   its response to this Request, to the extent necessary, to address the appropriate scope of

16   discovery for non-public documents responsive to this Request.

17   **REQUEST FOR PRODUCTION NO. 19:**

18       All documents and things that refer or relate to the development of the heart rate

19   algorithms for any of the Accused Products.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21       Apple incorporates by reference its General Objections and Objections to

22   Definitions and Instructions.  Apple objects to this Request on the grounds that it is

23   vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

24   undefined phrase "refer or relate to" and the undefined terms "development" and "the

25   heart rate algorithms."  Apple also objects to this Request on the grounds that it is overly

26   broad and unduly burdensome to the extent it requests "all documents and things"

27   relating to the subject matter of the request.  Apple further objects to this Request to the

28   extent it seeks documents and things protected from discovery by the attorney-client

Gibson, Dunn &
Crutcher LLP

39
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)                                                    **Exhibit 20**
                                                                                        -145-

1  privilege, the work-product doctrine, the common-interest privilege, and/or any other

2  applicable privilege, immunity, or protection.  Apple further objects to this Request on

3  the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

4  extent it does not identify a relevant time period.  Apple further objects to this Request

5  on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

6  extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the

7  First Amended Complaint in this action.   Apple further objects to this Request as

8  premature on the ground that Plaintiffs have not identified their purported trade secrets

9  with reasonable particularity, as required by Section 2019.210, and therefore are not

10  permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The

11  Court stays the trade secret discovery only pending compliance with 2019.210."); *see*

12  *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

13  Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

14  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

15  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

16  *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

17  Subject to and without waiver of the foregoing General and Specific Objections,

18  and subject to compliance with applicable confidentiality requirements and entry of an

19  acceptable protective order and ESI stipulation in this action, Apple agrees to produce

20  public documents responsive to the unobjectionable scope of this Request and relating

21  to devices that have already been released to the public and that have been accused by

22  Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

23  First Amended Complaint in this action, to the extent such documents exist and are

24  located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

25  by the parties, a reasonable search shall be limited to a search of (i) the files of specific

26  custodians negotiated between the parties, whose files are in the possession, custody, or

27  control of Apple, using (ii) specific search terms negotiated between the parties.  After

28  Plaintiffs have identified their purported trade secrets with reasonable particularity, as

Gibson, Dunn &
Crutcher LLP

40

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-146-**

1  required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

2  and the Court has entered an acceptable protective order in this action, Apple will revise

3  its response to this Request, to the extent necessary, to address the appropriate scope of

4  discovery for non-public documents responsive to this Request.

5  **REQUEST FOR PRODUCTION NO. 20:**

6        All documents and things that refer or relate to selection between any heart rate

7  algorithms used in any of the Accused Products.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

9        Apple incorporates by reference its General Objections and Objections to

10  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

11  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

12  undefined phrase "refer or relate to" and the undefined term "heart rate algorithms."

13  Apple also objects to this Request on the grounds that it is overly broad and unduly

14  burdensome to the extent it requests "all documents and things" relating to the subject

15  matter of the request.  Apple further objects to this Request to the extent it seeks

16  documents and things protected from discovery by the attorney-client privilege, the

17  work-product doctrine, the common-interest privilege, and/or any other applicable

18  privilege, immunity, or protection.  Apple further objects to this Request on the grounds

19  that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does

20  not identify a relevant time period.  Apple further objects to this Request on the grounds

21  that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not

22  limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended

23  Complaint in this action.  Apple further objects to this Request as premature on the

24  ground that Plaintiffs have not identified their purported trade secrets with reasonable

25  particularity, as required by Section 2019.210, and therefore are not permitted to

26  commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays

27  the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.,*

28  *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept.

Gibson, Dunn & Crutcher LLP

41
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)
**Exhibit 20 -147-**

3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public documents responsive to the unobjectionable scope of this Request and relating to devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such documents exist and are located after a reasonably diligent search.  Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties.  After Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable protective order in this action, Apple will revise its response to this Request, to the extent necessary, to address the appropriate scope of discovery for non-public documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things that refer or relate to power consumption by any heart rate algorithms used in any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.  Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrase "refer or relate to" and the undefined term "heart rate algorithms."

42

1   Apple also objects to this Request on the grounds that it is overly broad and unduly

2   burdensome to the extent it requests "all documents and things" relating to the subject

3   matter of the request.   Apple further objects to this Request to the extent it seeks

4   documents and things protected from discovery by the attorney-client privilege, the

5   work-product doctrine, the common-interest privilege, and/or any other applicable

6   privilege, immunity, or protection.  Apple further objects to this Request on the grounds

7   that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does

8   not identify a relevant time period.  Apple further objects to this Request on the grounds

9   that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not

10  limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended

11  Complaint in this action.   Apple further objects to this Request as premature on the

12  ground that Plaintiffs have not identified their purported trade secrets with reasonable

13  particularity, as required by Section 2019.210, and therefore are not permitted to

14  commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays

15  the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*,

16  *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept.

17  3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

18  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

19  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

20  *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

21          Subject to and without waiver of the foregoing General and Specific Objections,

22  and subject to compliance with applicable confidentiality requirements and entry of an

23  acceptable protective order and ESI stipulation in this action, Apple agrees to produce

24  public documents responsive to the unobjectionable scope of this Request and relating

25  to devices that have already been released to the public and that have been accused by

26  Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

27  First Amended Complaint in this action, to the extent such documents exist and are

28  located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

Gibson, Dunn &
Crutcher LLP

43
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)                                    **Exhibit 20**
-149-

by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties. After Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable protective order in this action, Apple will revise its response to this Request, to the extent necessary, to address the appropriate scope of discovery for non-public documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 22:

All documents and things that refer or relate to the operation of any LEDs used to determine pulse rate or heart rate for any of the Accused Products, including but not limited to documents and things that refer or relate to LED timing, duty cycle, current, or power usage.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions. Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrase "refer or relate to." Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request. Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action. Apple further

1  objects to this Request as premature on the ground that Plaintiffs have not identified
2  their purported trade secrets with reasonable particularity, as required by Section
3  2019.210, and therefore are not permitted to commence such discovery.  *See* Dkt. No.
4  37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending
5  compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium,*
6  *Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery*
7  *v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal.
8  June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal.
9  May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal.
10  Feb. 28, 2014).

11       Subject to and without waiver of the foregoing General and Specific Objections,
12  and subject to compliance with applicable confidentiality requirements and entry of an
13  acceptable protective order and ESI stipulation in this action, Apple agrees to produce
14  public documents responsive to the unobjectionable scope of this Request and relating
15  to devices that have already been released to the public and that have been accused by
16  Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the
17  First Amended Complaint in this action, to the extent such documents exist and are
18  located after a reasonably diligent search.  Unless otherwise expressly agreed in writing
19  by the parties, a reasonable search shall be limited to a search of (i) the files of specific
20  custodians negotiated between the parties, whose files are in the possession, custody, or
21  control of Apple, using (ii) specific search terms negotiated between the parties.  After
22  Plaintiffs have identified their purported trade secrets with reasonable particularity, as
23  required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),
24  and the Court has entered an acceptable protective order in this action, Apple will revise
25  its response to this Request, to the extent necessary, to address the appropriate scope of
26  discovery for non-public documents responsive to this Request.

27  **REQUEST FOR PRODUCTION NO. 23:**

28       All documents and things that refer or relate to collecting first heart rate metrics

Gibson, Dunn &
Crutcher LLP

using a first technique during a first period and collecting second heart rate metrics using a second technique during a second period for any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions. Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrase "refer or relate to" and the undefined terms "first heart rate metrics," "first technique," "first period," "second heart rate metrics," "second technique," and "second period." Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request. Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period. Apple further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action. Apple further objects to this Request as premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery. *See* Dkt. No. 37 (April 17, 2020 Order) ("The Court stays the trade secret discovery only pending compliance with 2019.210."); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

Subject to and without waiver of the foregoing General and Specific Objections, and subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order and ESI stipulation in this action, Apple agrees to produce public documents responsive to the unobjectionable scope of this Request and relating to devices that have already been released to the public and that have been accused by Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the First Amended Complaint in this action, to the extent such documents exist and are located after a reasonably diligent search.  Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties.  After Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37), and the Court has entered an acceptable protective order in this action, Apple will revise its response to this Request, to the extent necessary, to address the appropriate scope of discovery for non-public documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on user input for any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.  Apple objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the undefined phrases "refer or relate to" and "changes in collecting heart rate metrics" and the undefined term "user input."  Apple also objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request.  Apple further objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-

1   client privilege, the work-product doctrine, the common-interest privilege, and/or any

2   other applicable privilege, immunity, or protection.  Apple further objects to this Request

3   on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

4   extent it does not identify a relevant time period.  Apple further objects to this Request

5   on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

6   extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the

7   First Amended Complaint in this action.  Apple further objects to this Request as

8   premature on the ground that Plaintiffs have not identified their purported trade secrets

9   with reasonable particularity, as required by Section 2019.210, and therefore are not

10   permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The

11   Court stays the trade secret discovery only pending compliance with 2019.210."); *see

12   also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

13   Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En

14   Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.

15   v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.

16   v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

17       Subject to and without waiver of the foregoing General and Specific Objections,

18   and subject to compliance with applicable confidentiality requirements and entry of an

19   acceptable protective order and ESI stipulation in this action, Apple agrees to produce

20   public documents responsive to the unobjectionable scope of this Request and relating

21   to devices that have already been released to the public and that have been accused by

22   Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the

23   First Amended Complaint in this action, to the extent such documents exist and are

24   located after a reasonably diligent search.  Unless otherwise expressly agreed in writing

25   by the parties, a reasonable search shall be limited to a search of (i) the files of specific

26   custodians negotiated between the parties, whose files are in the possession, custody, or

27   control of Apple, using (ii) specific search terms negotiated between the parties.  After

28   Plaintiffs have identified their purported trade secrets with reasonable particularity, as

Gibson, Dunn &
Crutcher LLP

48

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-154-**

1  required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),

2  and the Court has entered an acceptable protective order in this action, Apple will revise

3  its response to this Request, to the extent necessary, to address the appropriate scope of

4  discovery for non-public documents responsive to this Request.

5  **REQUEST FOR PRODUCTION NO. 25:**

6       All documents and things that refer or relate to changes in collecting heart rate

7  metrics based on a change in operating mode for any of the Accused Products.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

9       Apple incorporates by reference its General Objections and Objections to

10  Definitions and Instructions.  Apple objects to this Request on the grounds that it is

11  vague, ambiguous, overly broad, and unduly burdensome to the extent it uses the

12  undefined phrases "refer or relate to," "changes in collecting heart rate metrics," and

13  "change in operating mode."  Apple also objects to this Request on the grounds that it is

14  overly broad and unduly burdensome to the extent it requests "all documents and things"

15  relating to the subject matter of the request.  Apple further objects to this Request to the

16  extent it seeks documents and things protected from discovery by the attorney-client

17  privilege, the work-product doctrine, the common-interest privilege, and/or any other

18  applicable privilege, immunity, or protection.  Apple further objects to this Request on

19  the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

20  extent it does not identify a relevant time period.  Apple further objects to this Request

21  on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the

22  extent it is not limited to the asserted claims of the patents asserted by Plaintiffs in the

23  First Amended Complaint in this action.  Apple further objects to this Request as

24  premature on the ground that Plaintiffs have not identified their purported trade secrets

25  with reasonable particularity, as required by Section 2019.210, and therefore are not

26  permitted to commence such discovery.  *See* Dkt. No. 37 (April 17, 2020 Order) ("The

27  Court stays the trade secret discovery only pending compliance with 2019.210."); *see*

28  *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

1  Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*
2  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*
3  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*
4  *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).

5  Subject to and without waiver of the foregoing General and Specific Objections,
6  and subject to compliance with applicable confidentiality requirements and entry of an
7  acceptable protective order and ESI stipulation in this action, Apple agrees to produce
8  public documents responsive to the unobjectionable scope of this Request and relating
9  to devices that have already been released to the public and that have been accused by
10 Plaintiffs of infringing one or more claims of the patents asserted by Plaintiffs in the
11 First Amended Complaint in this action, to the extent such documents exist and are
12 located after a reasonably diligent search.  Unless otherwise expressly agreed in writing
13 by the parties, a reasonable search shall be limited to a search of (i) the files of specific
14 custodians negotiated between the parties, whose files are in the possession, custody, or
15 control of Apple, using (ii) specific search terms negotiated between the parties.  After
16 Plaintiffs have identified their purported trade secrets with reasonable particularity, as
17 required by Section 2019.210 and Judge Selna's April 17, 2020, Order (Docket No. 37),
18 and the Court has entered an acceptable protective order in this action, Apple will revise
19 its response to this Request, to the extent necessary, to address the appropriate scope of
20 discovery for non-public documents responsive to this Request.
21 //
22 //
23 //

Gibson, Dunn &
Crutcher LLP

50
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)      **Exhibit 20**
**-156-**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  April 30, 2020

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
     Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

51
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 20**
**-157-**