1  JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*         ILISSA SAMPLIN, SBN 314018
     bburoker@gibsondunn.com                  isamplin@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.            333 South Grand Avenue
10 Washington, DC 20036                     Los Angeles, CA 90071-3197
   Tel.: 202.955.8541 / Fax: 202.467.0539   Tel.: 213.229.7000 / Fax: 213.229.7520
11
   BRIAN A. ROSENTHAL, *pro hac vice*       ANGELIQUE KAOUNIS, SBN 209833
12   brosenthal@gibsondunn.com                akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
13 200 Park Avenue                          2029 Century Park East Suite 4000
   New York, NY 10166-0193                  Los Angeles, CA 90067
14 Tel.: 212.351.2339 / Fax: 212.817.9539   Tel.: 310.552.8546 / Fax: 310.552.7026

15 *Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR PROTECTIVE ORDER BARRING TRADE SECRET-RELATED DISCOVERY ABSENT TRADE SECRET IDENTIFICATION**<br><br>Hr'g Date/Time: May 21, 2020, at 10 a.m.<br>Courtroom: 6A<br>Judge: Hon. John D. Early<br>Discovery Cutoff: July 5, 2021<br>Pretrial Conference: March 21, 2022<br>Trial: April 5, 2022 |

## I. INTRODUCTION

Plaintiffs allege that the Apple Watch incorporates their trade secrets, but five months after filing their complaint, and three weeks after Judge Selna stayed trade secret discovery pending compliance with Section 2019.210, Plaintiffs *still* have not described their alleged trade secrets. While Plaintiffs are stalling in identifying their own secrets, however, they continue to seek access to Apple's confidential information. This is not the behavior of a company with a legitimate trade secret claim. To the contrary, it reflects Plaintiffs' intent to concoct a trade secret claim based on *Apple's* confidential information. This Court should stop Plaintiffs' delay—and protect Apple's confidential information until Plaintiffs comply with Section 2019.210—for three reasons:

*First*, Plaintiffs argue that they may take discovery of Apple's sensitive confidential information as part of their patent case because the discovery is not tied *exclusively* to their trade secret claim. But that is contrary to the plain language of Section 2019.210, which unequivocally bars discovery *relating to* the alleged trade secrets until Plaintiffs describe their alleged secrets. The information Plaintiffs seek in the RFPs here is *identical* to the information Plaintiffs allege as their trade secrets, and therefore the discovery is indisputably trade secret related.

*Second*, Plaintiffs' position erodes the policies promoted by Section 2019.210. Plaintiffs would have the Court allow them to parse through Apple's confidential information—and claim it as their own trade secrets—before Plaintiffs describe a single one of their trade secrets. Plaintiffs also ask the Court to decide the scope of discovery without providing the disclosure designed to assist the Court in doing so.

*Third*, Plaintiffs are wrong to contend that they can provide a Section 2019.210 disclosure whenever *they* decide that discovery is trade secret-related. A trade secret claim is not an invitation to a buffet where Plaintiffs can pick and choose what discovery they want to take before providing a description of their own trade secrets.

Apple has agreed to produce documents that relate solely to the patent claims. Plaintiffs must identify their trade secrets with reasonable particularity to get more.

## II. ARGUMENT

### A. A Protective Order Is Warranted Under Section 2019.210.

Section 2019.210—with which Plaintiffs already were ordered to comply—requires Plaintiffs to identify their trade secrets "before commencing discovery *relating to* the trade secret." Cal. Code Civ. Proc. § 2019.210 (emphasis added). While Plaintiffs contend that their RFPs seek "patent discovery," the RFPs *also relate to* Plaintiffs' CUTSA claim. Indeed, Plaintiffs' RFPs use the *identical* language Plaintiffs use to allege their trade secrets in the FAC. For example, RFPs 12 through 14 seek, in part, "technical information," "design review documents," "technical specifications," "technical drawings," "product briefs," "product plans," "assembly design" documents, and "invention disclosures," which are the *exact same* categories of information Plaintiffs allege constitute their trade secrets. *Compare* RFPs 12–14, *with* FAC ¶ 211.

Plaintiffs nonetheless stall on the basis that Section 2019.210 applies only to discovery that relates *solely* to their CUTSA claim. There is no such limitation in the statute. This Court has recognized that "*Section 2019.210 does not limit discovery 'exclusively' relating to the trade secrets*. A request that relates to both trade secret and other issues still 'relates to' the trade secret." *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019) (emphasis added).

This is not the first time Plaintiffs have made this misguided argument. After Apple served its portion of the Joint Stipulation, Plaintiffs sought a ruling from Judge Selna that Section 2019.210 does not apply to the very same discovery at issue here. *See* ECF No. 33, at 13–14. Judge Selna ruled in *Apple's* favor, "adopt[ing] patent specific dates" for discovery that do not begin until June 2020, and "stay[ing] the trade secret discovery only pending compliance with 2019.210." ECF No. 37, at 1. Yet Plaintiffs still refuse to provide a trade secret disclosure, claiming that when Judge Selna ordered them to comply with Section 2019.210, he did not mean to stay trade secret-*related* discovery pending compliance, but instead intended to enable Plaintiffs to circumvent Section 2019.210 by claiming the RFPs are patent-related. In short, Plaintiffs' reading

of Judge Selna's Order is inconsistent with the statute with which they were ordered to comply. That simply makes no sense in light of the plain language of Section 2019.210.

The cases Plaintiffs cite do not help their cause. In *Loop AI Labs, Inc v. Gatti*, 2015 WL 9269758 (N.D. Cal. Dec. 21, 2015) (Joint Stip. at 33), the plaintiff's non-CUTSA claims—unlike the patent claims here—did not cover the same technology as the CUTSA claim. *Id.* at *1–2, *4. Moreover, the plaintiff in *Loop AI Labs* was under court order to provide within 21 days a "thorough and complete" trade secret disclosure, *which it could not amend in the future* absent a showing of good cause. *Id.* at *4. Here, Plaintiffs have not even agreed on a date by which they will serve their disclosure.

In *Space Data Corp. v. X*, 2017 WL 3007078 (N.D. Cal. July 14, 2017) (Joint Stip. at 31), unlike this case, the plaintiffs provided a Section 2019.210 disclosure *and* amended it prior to the order Plaintiffs cite. Joint Br. at 2, 2017 WL 3007078, ECF No. 105. In *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 831 (2005) (Joint Stip. at 30–31), the plaintiff had already served *three* Section 2019.210 disclosures; Plaintiffs have not even served one.[1] And here, unlike in *Advanced Modular*, the factual dependency of claims is not at issue—but rather the nature of *specific RFPs*. RFPs 5 through 25 seek discovery about the categories of information Plaintiffs claim as trade secrets. Plaintiffs must comply with Section 2019.210 to discover responsive, confidential documents. *See E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *6 (E.D. Cal. June 19, 2018).[2]

Moreover, Plaintiffs are wrong to argue that Apple's position is that "*all* discovery concerning the accused products is barred because it is also relevant to trade secrets."

---

[1] In *ScaleMP, Inc. v. TidalScale, Inc.*, No. 3:18-cv-04716-EDL, ECF No. 52, at 2 (Joint Stip. at 31–32), the plaintiff likewise had already served a Section 2019.210 disclosure, as well as trade secret-identifying documents.

[2] Plaintiffs cite a scheduling order (Joint Stip. at 32 (*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 5:10-cv-03428-LHK, ECF No. 72 (N.D. Cal. Mar. 24, 2011))), in which the court provided a general framework for future discovery but did not assess specific RFPs to determine whether they "relate to" a CUTSA claim—the issue before this Court. Plaintiffs also cite *Bryant v. Mattel, Inc.*, 2007 WL 5430888, at *4 n.3 (C.D. Cal. May 18, 2007) (Joint Stip. at 32–33), which merely addresses Section 2019.210 in a footnote, and Apple has not found a single court that has relied on it.

Joint Stip. at 4. That is not Apple's position. Nor has Apple "refuse[d] to produce any technical discovery." *Id.* at 30. Apple has agreed to produce documents responsive to RFPs 1 through 4. Apple also has agreed to produce public documents responsive to RFPs 5 through 25. Apple merely requests that Plaintiffs provide a Section 2019.210 disclosure before commencing confidential discovery "relating to" their CUTSA claim, as the text of the statute with which Judge Selna ordered compliance requires.

### B.    A Protective Order Promotes The Goals of Section 2019.210.

Section 2019.210 promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Plaintiffs' repeated delays in identifying their own trade secrets, while at the same time seeking Apple's confidential information, is inconsistent with the conduct of a plaintiff with a serious trade secret claim. *See Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery.").

Section 2019.210 also prevents plaintiffs from using the discovery process to obtain the *defendant's* trade secrets. Yet that is exactly what Plaintiffs are doing here after Plaintiffs not only served a subpoena on Apple in the related *True Wearables* action without first complying with Section 2019.210, but also demanded that Apple disclose all unpublished patent applications listing *any previous employee* of Plaintiffs as an inventor even though California rejects the inevitable disclosure doctrine. If Plaintiffs are permitted to proceed without a disclosure, they will be able to review Apple's confidential information and claim it as their own. *Id.* ("[I]t is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever happens to be there as having been . . . stolen from plaintiff."). Plaintiffs also will be able to use information obtained in discovery to craft their disclosure, which again defeats the purpose of the statute. *Gabriel Techs. Corp. v. Qualcomm, Inc.*, 2011 WL 6152240 (S.D. Cal. Dec. 12, 2011), ECF No. 178, at 12–13 (plaintiff used discovery relating to other claims "to expand the scope of its trade secret

to cover [defendant's] technology"). What is worse, Plaintiffs apparently would have the same firm or lawyers review Apple's confidential information and draft Plaintiffs' trade secret disclosure. *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (ordering "temporary ethical wall" because counsel "could not divorce themselves from their knowledge of Defendants' confidential material").

Finally, Section 2019.210 assists the court in framing the scope of discovery. Although there is no serious dispute that Plaintiffs' RFPs 5 through 25 relate to their CUTSA claim, Plaintiffs are withholding the disclosure that would end the debate.

### C. Plaintiffs Must Promptly Serve A Section 2019.210 Disclosure.

There is no excuse for Plaintiffs' delay. Plaintiffs presumably had a Rule 11 basis for filing their CUTSA claim as well as their repeated threats of a preliminary injunction. At least some of the purported trade secrets are allegedly public in published patent applications.[3] Furthermore, Plaintiffs argued that they could have described their purported trade secrets in response to an interrogatory *months ago*. Apple already has offered to treat the disclosure—which, unlike a document produced in discovery, is treated like a pleading—as attorneys' eyes only pending resolution of any issues relating to the stipulated protective order. Therefore, if Plaintiffs have a valid trade secret claim, they should have no trouble producing a Section 2019.210 disclosure now. That Plaintiffs continue to stall cuts against any reason to believe there is a valid CUTSA claim here. The Court should order Plaintiffs to serve their disclosure by May 28, 2020.

### III. CONCLUSION

Apple requests that the Court (1) enter a protective order against discovery of non-public documents responsive to Plaintiffs' RFPs 5 through 25 until Plaintiffs comply with Section 2019.210, and (2) order Plaintiffs to serve a Section 2019.210 disclosure by May 28, 2020, that includes each of the elements identified in ECF No. 43-1, at 28.

---

[3] Plaintiffs' suggestion that the alleged secrets in these published applications remain secret is contrary to decades of case law. *See, e.g.*, *Henry Hope X–Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1342 (9th Cir. 1982) ("Matters disclosed in a patent publication destroy any trade secret contained therein.").

| | |
|---|---|
| Dated: May 7, 2020 | Respectfully submitted,<br><br>JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Joshua H. Lerner*<br>       Joshua H. Lerner<br><br>*Attorneys for Defendant Apple Inc.* |

Gibson, Dunn & Crutcher LLP

Supp. Memo ISO Apple's Mot. for Prot. Order            6            Case No. 8:20-cv-00048-JVS (JDEx)