1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**ESI STIPULATION AND [PROPOSED] ORDER**<br><br>Date:<br>Time:<br>Place:<br>Judge: Hon. Magistrate Judge John D. Early |

Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") and Defendant Apple Inc. ("Defendant"), hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1. **Custodian names and search terms to be exchanged.**  The parties agree to meet and confer in an attempt to reach agreement on a procedure for collection, review, and production of electronically stored information using a reasonable list of custodians and search terms.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, alleged misappropriation of trade secrets, the development, design and operation of the accused products, and sales, marketing and other damages-related information for the accused products).  The parties then shall meet and confer in an attempt to reach agreement on custodians and search terms to be used for electronic searches of the files from those custodians.  The parties agree to meet and confer on the type of ESI that will be collected for each custodian, such as electronic files and email, any necessary negative search limitations to limit unreasonably high search results, and other limitations or requirements proposed by either party.  The parties agree to work in good faith to reach an agreement, but recognize they may not reach an agreement.  The parties reserve all of their rights, including the right to request additional email custodians identified through discovery or additional search terms, and the right to request other discovery.  The parties recognize their discovery obligations may not be met merely by complying with any agreement that may ultimately be reached under this paragraph.  Nothing in this Stipulation prevents the parties from using technology assisted review insofar as it improves the efficacy of discovery, or from opposing the use of technology assisted review.

2. **Format for production of documents – documents existing in electronic format.**  Except as otherwise provided for in this Stipulation, all documents

existing in electronic format shall be produced as Group IV single page TIFF files or in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

      A.    **File and Folder Naming**.  Files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending page of each document.  The file name shall be the same as the Bates number of the first page of the document.  For example, TIFF files shall be named "<PageID>.TIF" (e.g., "ABC000000010.TIF") with no spaces in the filename.  TIFF images will be provided in a folder named "IMAGES" on the production media. All TIFF images for a single document will be in one subfolder within the IMAGES folder, and the number of image files in any one subfolder will not exceed 1000.

      B.    **Extracted Text**.  Except with regard to files that are redacted for privilege, the files shall be accompanied by text files containing the extracted text on a document basis, if available.  To the extent a Producing Party provides text files, the Receiving Party accepts the text files "as is" and the Producing Party accepts no liability as to the accuracy of searches conducted upon such files.  The text files shall be named to match the endorsed number assigned to the image of the first page of the document.  For example, a text file accompanying ABC000000010- ABC000000020 would be named ABC000000010.txt.  Text files shall be accompanied by a Control List File ("LST"). The images shall also be accompanied by an image cross-reference load file (such as Opticon or "LFP") providing the beginning and ending endorsed number of each document and the number of pages it comprises.  For documents which already exist in PDF format prior to production, the producing party may provide them in that same PDF format, whether searchable or non-searchable.

      C.    **Metadata.**  Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include or create metadata for any document that does not contain such metadata in the original.  Notwithstanding the foregoing, if, however, a

party reasonably believes that a produced document has metadata (as reflected in Exhibit A) associated with it—e.g., source code collected from a repository that logs metadata information—then the parties shall meet and confer about the collection of such metadata upon request by the Receiving Party.

   D. **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR or an appropriate encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

  3. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

  4. **Source code.** This Stipulation does not govern the format for production of source code. To the extent the production of source code is required, it shall be produced pursuant to the relevant provision of the Protective Order.

  5. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

  6. **Native files.** Multimedia files and spreadsheets shall be produced as natives with a slipsheet. The parties will meet and confer to discuss additional requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. Files produced natively shall follow the same

naming format as TIFF or PDF images but also contain the confidentiality designation (e.g., "(Confidential) ABC000000010.xls).

7. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

8. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

9. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also is aware of or has identified after a reasonable search an English-language version of that document that it prepared for non-litigation purposes, the producing party shall produce both the original document and all English-language versions, including certified translations. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery. Nothing in this paragraph shall modify a party's existing obligations to conduct a reasonable search for documents.

10. **No Waiver**.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any documents produced, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.  To the extent that the Court may order that attorney-client privilege or work-product protection is not waived by disclosure in this litigation, such disclosure also shall not be deemed a waiver in any other federal or state proceeding (*see* Fed. R. Evid. 502(d)).

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 29, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*

Joshua H. Lerner, SBN 220755
jlerner@gibsondunn.com
555 Mission Street Suite 3000
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:   415.393.8306

H. Mark Lyon, SBN 162061
mlyon@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:  650.849.5300
Facsimile:   650.849.5333

*Attorneys for Defendant Apple Inc.*

| | | |
|---|---|---|
| 1 | Dated: May 28, 2020 | Knobbe, Martens, Olson & Bear LLP |
| 2 | | |
| 3 | | By: ___/s/ Adam B. Powell___ |
| 4 | | Joseph R Re |
| | | joe.re@knobbe.com |
| 5 | | Stephen C Jensen |
| | | steve.jensen@knobbe.com |
| 6 | | Perry D. Oldham |
| | | perry.oldham@knobbe.com |
| 7 | | Stephen W Larson |
| | | stephen.larson@knobbe.com |
| 8 | | 2040 Main Street, Fourteenth Floor |
| | | Irvine, CA 92614 |
| 9 | | Telephone: (949) 760-0404 |
| | | Facsimile: (949) 760-9502 |
| 10 | | |
| 11 | | Adam B. Powell |
| | | adam.powell@knobbe.com |
| 12 | | 12790 El Camino Real |
| | | San Diego, CA 92130 |
| | | Telephone: (858) 707-4000 |
| 13 | | Facsimile: (858) 707-4001 |
| 14 | | *Attorneys for Plaintiffs* |
| | | *Masimo Corporation and* |
| 15 | | *Cercacor Laboratories, Inc.* |
| 16 | | |
| 17 | IT IS SO ORDERED. | |
| 18 | Dated: | |
| 19 | | _____ |
| | | JOHN D. EARLY |
| | | United States Magistrate Judge |

## ATTESTATION REGARDING SIGNATURES

I, Joshua H. Lerner, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 29, 2020        By:   /s/ *Joshua H. Lerner*
                                         Joshua H. Lerner