UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:** Order Denying Defendant's Motion for Protective Order (Dkt. 43)

## I.
## INTRODUCTION

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed their original complaint in this Action against Defendant Apple Inc. ("Apple" or "Defendant") on January 9, 2020. See Dkt. 1. On March 25, 2020, Plaintiffs filed the operative First Amended Complaint, alleging: (1) patent infringement (12 counts); (2) trade secret misappropriation under California Uniform Trade Secrets Act ("CUTSA") Cal. Civ. Code §§ 3426 et seq.; (3) correction of inventorship (five counts); and (4) declaratory relief (six counts). See Dkt. 28 ("FAC") at 11-89. On April 17, 2020, the Honorable James V. Selna, United States District Judge, issued an "Order Re Scheduling Dates" ("Scheduling Order"), adopting "the patent specific dates" provided by the parties in their Rule 26(f) Joint Report and staying "the trade secret discovery only pending compliance with [California Code of Civil Procedure Section] 2019.210." Dkt. 37.

On April 30, 2020, Defendant filed a Motion for Protective Order (Dkt. 43, "Motion")[1], with an accompanying Local Rule 37 Joint Stipulation (Dkt. 43-1, "Joint

[1] The Court declines Plaintiff's invitation to strike Defendant's Notice of Motion (Dkt. 48 at 1-2) but directs Defendant to avoid excessively argumentative notices of motion, which per Local Rule 7-4, should, other than containing the caption, title, date and time for hearing, and the name of the judicial officer hearing the motion, only contain a "concise statement of the relief of Court action the movant seeks." The limitation is particularly important in a motion under Local Rule 37-2, which contains detailed procedures for the presentation of the parties' respective arguments.

Stipulation" or "Jt. Stip.") and supporting and opposing declarations (Dkt. 43-3, 43-4). On May 7, 2020, each party separately filed a Supplemental Memorandum in support of or in opposition to the Motion. See Dkt. 44, 46. Plaintiffs also filed a declaration and exhibits in support of their Supplemental Memorandum. See Dkt. 45, 45-1 to 45-11.

The Motion seeks a protective order directing that Defendant need not respond to requests for production numbers 5 to 25 ("RFP Nos. 5-25") of Plaintiffs' First Set of Requests for Production of Documents ("RFP") until Plaintiffs "describe their trade secrets with reasonable particularity consistent with California Code of Civil Procedure Section 2019.210" ("Section 2019.210"). Jt. Stip. at 1. A protective order is necessary, Defendant argues, because RFP Nos. 5-25 seek information that is "identical to the information Plaintiffs allege as their trade secrets," and Section 2019.210 "unequivocally bars discovery relating to the alleged trade secrets until Plaintiffs describe their alleged secrets." Dkt. 46 at 1 (emphasis omitted). Without a protective order, Defendant argues that Plaintiffs would be permitted "to parse through Apple's confidential information—and claim it as their own trade secrets—before Plaintiffs describe a single one of their trade secrets," thereby "erod[ing] the policies promoted by Section 2019.210." Id.

In opposition, Plaintiffs contend the Motion "is moot because Judge Selna already decided the issues raised in [this] Motion" in the Scheduling Order. Jt. Stip. at 3-4. Plaintiffs argue that RFP Nos. 5-25 seek patent discovery, which is not stayed under the Schedule Order. See Jt. Stip. at 4, 36; see also Jt. Stip. at 34 (RFP Nos. 5-25 "seek 'core technical documents' about the 'Accused Products,' which Plaintiffs specifically defined as the products accused of patent infringement." (emphasis omitted)). Plaintiffs also argue that the California courts interpret Section 2019.210 as barring "discovery on other claims only if the claim 'hinges upon the factual allegations that [defendant] misappropriated [plaintiff's] trade secrets,'" a condition that is not present here. Jt. Stip. at 30-31 (quoting Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 834 (2005)) (emphasis omitted). Thus, Plaintiffs argue, Defendant "cannot refuse to produce responsive documents by asserting some of the information may also be relevant to the trade secret claim." Jt. Stip. at 37 (emphasis omitted).

After having carefully reviewed the materials set forth above in support of and in opposition to the Motion, for the reasons set forth below, the Court DENIES the Motion.
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

## II. RELEVANT LAW

### A. Discovery in General

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. (singularly, "Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Under Rule 34(a)(1), a party may serve on any other party requests, within the scope of Rule 26(b), to produce or permit inspection of, among other things, "any designated documents or electronically stored information." Such requests "must describe with reasonable particularity each item or category of items to be inspected . . . [and] must specify a reasonable time, place, and manner for the inspection . . . ." Rule 34(b)(1)(A), (B).

### B. Motions for Protective Order

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Rule 26(c)(1). For "good cause," a court may issue a protective order "to prevent disclosure of materials for many types of information," including "a trade secret or other confidential research, development, or commercial information." Rule 26(c)(1)(G); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting that the Supreme Court has interpreted Rule 26(c) "as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984))).

The party seeking a protective order has the burden of "showing specific prejudice or harm [that] will result if no protective order is granted." Phillips, 307 F.3d at 1210-11. The showing must be "particularized": "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting Phillips, 307 F.3d at 1211); accord

Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). Moreover, the party seeking the protective order has a "heavy burden" of showing why discovery should be limited. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); see DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." (citing Blankenship, 519 F.2d at 429)); see also La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing DIRECTV, Inc., 209 F.R.D. at 458, for same proposition).

**C. Scheduling Orders**

Rule 16(b) directs district courts to enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(3)(A). Once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Rule 16(b)(4); see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same). As the Ninth Circuit has explained,

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." [Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)]. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see also Tessera, Inc. v. Sony Corp., 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance."); L.H. v. Schwarzenegger, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008) ("Rule 16 and the court's scheduling order are not optional directives; the court is bound by them.").

In addition, this district's Local Rules provide that "[a]ny application to modify an order entered pursuant to [Rule] 16 shall be made to the judicial officer who entered the order." C.D. Cal. R. 16-14. Accordingly, magistrate judges lack authority to deviate from or alter a scheduling order set by a district judge. See Watts v. Allstate Indem. Co., 2012

WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order or to hear untimely discovery disputes); UMG Recordings, Inc. v. Disco Azteca Distribs., Inc., 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order."); see also Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc., 2018 WL 8193374, at *5 n.3 (C.D. Cal. May 14, 2018) (citing Watts, 2012 WL 5289314, at *2, and UMG Recordings, Inc., 2006 WL 2034689, at *3, for same proposition).

**D. Section 2019.210**

Section 2019.210 requires that "[i]n any action alleging the misappropriation of a trade secret under the [California] Uniform Trade Secrets Act . . . , before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . ." Cal. Civ. Proc. Code § 2019.210.

When determining a state law claim, federal courts generally apply federal procedural law and the state's substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1939); see also Indep. Living Ctr. of S. Cal., Inc. v. Kent, 909 F.3d 272, 283 (9th Cir. 2018) (noting that "the Erie doctrine 'applies irrespective of whether the source of subject matter jurisdiction is diversity or federal question.'" (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003))). Whether a rule is substantive or procedural "shifts as the legal context changes," and if a state rule conflicts with any applicable federal rule, the federal rule prevails. Hanna v. Plumer, 380 U.S. 460, 471 (1965).

The Ninth Circuit has not decided whether Section 2019.210 must be applied by district courts hearing CUTSA claims, and district courts that have considered the issue have handled the application of Section 2019.210 in various ways. See Conversion Logic, Inc. v. Measured, Inc., 2020 WL 2046391, at *2 (C.D. Cal. Jan. 16, 2020) (noting that the Ninth Circuit has not decided on the issue and outlining the different ways district courts have addressed the issue); E. & J. Gallo Winery v. Instituut Voor Landouw-En Visserijonderzoek, 2018 WL 3062160, at *3 (E.D. Cal. June 19, 2018) ("While the Ninth Circuit has not decided whether Section 2019.210 applies to actions in federal court, district courts within the circuit have reached differing conclusions on the issue." (quoting Social Apps, LLC v. Zynga, Inc., 2012 WL 2203063, at *1 (N.D. Cal. June 14, 2012), and citing Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc., 2007 WL 273949, at *2 (E.D. Cal. Jan. 29, 2007) (finding Section 2019.210 is a procedural provision and does not supersede the directly conflicting discovery requirements under Rule 26)); Gabriel Techs. Corp. v. Qualcomm Inc., 2012 WL 849167, at *2 (S.D. Cal. Mar. 13, 2012) (finding Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 15, 2020 |
| --- | --- | --- | --- |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

2019.210 does not conflict with any federal rule and its application avoids undesirable forum shopping); AtPac, Inc. v. Aptitude Sols., Inc., 2010 WL 11571246, at *1 (E.D. Cal. Sept. 22, 2010) (concluding Section 2019.210 is inapplicable in federal trade secret actions); Hilderman v. Enea TekSci, Inc., 2010 WL 143440, at *2 (S.D. Cal. Jan. 8, 2010) (finding Section 2019.210 conflicts with Rule 26); Advante Int'l Corp. v. Mintel Learning Tech., 2006 WL 3371576 (N.D. Cal. Nov. 21, 2006) (declining to decide applicability of Section 2019.210 in federal cases but using it as guide); Excelligence Learning Corp. v. Oriental Trading Co., Inc., 2004 WL 2452834 (N.D. Cal. June 14, 2004) (finding Section 2019.210 non-binding but applying it because there was no parallel trade secret discovery provision in federal discovery rules); Comput. Econs., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 988 (S.D. Cal. 1999) (holding Section 2019.210 complements rather than conflicts with federal discovery rules).

Even so, districts courts "possess[ ] inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1891 (2016) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962)); see also Crawford–El v. Britton, 523 U.S. 574, 599 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); Jardin v. DATAllegro, Inc., 2011 WL 3299395, at *3-4 (S.D. Cal. July 29, 2011) (noting that the district court judge "ordered discovery procedures similar to those" that Section 2019.210 require based on the case's facts and the judge's "responsibility and discretion under the Federal Rules of Civil Procedure," instead of deciding that, legally, Section 2019.210 does not apply).

## III.
## DISCUSSION

The Scheduling Order stays "the trade secret discovery only pending compliance with [Section] 2019.210." Plaintiffs argue the stay applies to discovery that is directed "only" to trade secret issues, but dual-purpose discovery with both patent and trade secret aspects is not stayed. Defendant disagrees.

Defendant contends this interpretation of the Scheduling Order—that only discovery exclusively relating to Plaintiffs' trade secret claim is stayed—is "contrary to the plain language of Section 2019.210, which unequivocally bars discovery relating to the alleged trade secrets until Plaintiffs describe their alleged secrets." Dkt. 46 at 1 (emphasis omitted); see also id. at 2-3 (citing Cal. Civ. Proc. Code § 2019.210). In support of this position,

Defendant notes that this Court, in an unrelated case, "recognized that 'Section 2019.210 does not limit discovery "exclusively" relating to the trade secrets. A request that relates to both trade secret and other issues still "relates to" the trade secret.'" Dkt. 46 at 2 (citing M/A-COM Tech. Sols., Inc. v. Litrinium, Inc., 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019)) (emphasis omitted). In addition, Defendant states that "Plaintiffs' RFPs use the identical language Plaintiffs use to allege their trade secrets in the FAC." Dkt. 46 at 2. Specifically, "RFPs 12 through 14 seek, in part, 'technical information,' 'design review documents,' 'technical specifications,' 'technical drawings,' 'product briefs,' 'product plans,' 'assembly design' documents, and 'invention disclosures,' which are the exact same categories of information Plaintiffs allege constitute their trade secrets." Id.; see also Jt. Stip. at 7-8 (RFP Nos. 12-14); FAC ¶ 211. According to Defendant, "[t]he information Plaintiffs seek in the RFPs here is identical to the information Plaintiffs allege as their trade secrets, and therefore the discovery is indisputably trade secret related." Dkt. 46 at 1 (emphasis omitted).

"The district court is given broad discretion in supervising the pretrial phase of litigation." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). District courts also retain broad discretion in deciding discovery issues and controlling . See Dietz, 136 S. Ct. at 1891; Crawford–El, 523 U.S. at 599. As noted, the Ninth Circuit also has not decided whether Section 2019.210 applies in federal court. However, there are good reasons for applying the general procedures of Section 2019.210 as a guide in cases filed in federal court alleging CUTSA claims. See Advante Int'l Corp., 2006 WL 3371576; see also Jardin, 2011 WL 3299395.

Significantly here, the parties presented many of the same arguments raised in the Joint Stipulation in summary form in their respective portions of their Rule 26 Joint Report to Judge Selna. See Dkt. 33 at 13-20. Having considered those arguments, Judge Selna adopted "the patent specific dates" presented by the parties in the Joint Report, and then, one sentence later, stayed "the trade secret discovery only pending compliance with 2019.210." Dkt. 37. Thus, Judge Selna, having considered the parties' positions, applied the parties agreed-to patent specific procedures, but stayed only the trade secret discovery. The word "only," which follows the phrase "the trade secret discovery," appears to reflect an intent to stay trade secret discovery "only," but permit discovery on the patent claims to proceed. Applying a contrary interpretation, that the word "only" refers to the time the "stay" should last, that is, "only" until Plaintiff complies with 2019.210, would render the word "only" superfluous. That is, the sentence "The Court stays the trade secret discovery only pending compliance with 2019.210" would mean the same thing as "The Court stays

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

the trade secret discovery pending compliance with 2019.210" if the word "only" modifies "pending compliance" rather than "trade secret discovery."

Courts should avoid interpretations that render a term superfluous. See A. Scalia & B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012) ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*)" (footnote omitted), noting that "[s]ometimes lawyers will seek to have a crucially important word ignored, such as *only, solely,* or *exclusively* . . ."). The sole interpretation that does not render the word "only" superfluous in the Scheduling Order is an interpretation that "only" limits they type of discovery stayed—trade secret discovery. By staying "only" trade secret discovery, the Scheduling Order, by negative implication, does not stay patent-related discovery, which is subject to the patent-related dates approved in the prior sentence. Regardless of how Section 2019.210 has been applied by California state or other courts, Judge Selna has wide discretion to order pretrial proceeding before him, and the Scheduling Order, binding on this Court and the parties, stays "trade secret discovery only" pending Plaintiff's compliance with Section 2019.210. Discovery that has other purposes is not stayed.

Further, contrary to Defendant's contentions, RFP Nos. 5-25 do not all appear to seek information "identical to the information Plaintiffs allege as their trade secrets." Dkt. 46 at 1. Based on the Court's review, out of the 21 RFPs at issue, only four—RFP Nos. 8, 12, 13 and 14—seek some of the same categories of information Plaintiffs allege as their trade secrets. See Jt. Stip. at 7-8; FAC ¶ 211. Even then, RFP Nos. 8 and 12-14 do not appear to seek solely information related to Plaintiffs' trade secret claim. Indeed, Plaintiffs argue that these requests relate to their patent infringement claims: RFP Nos. 12 to 14 "seek basic technical information about the structure and operation of the Accused Products," and RFP No. 8 seeks information pertaining to "Apple's public assertions about the functionality of its products (including comparisons to other products)," which is "relevant to patent issues, including infringement." Jt. Stip. at 34. Apple itself concedes that RFP Nos. 5-25 "may 'concern the asserted patents and technical information about the products accused of patent infringement' as Plaintiffs contend. . .." Dkt. 33 at 7.

At most, some of RFP Nos. 5-25 may seek documents that overlap with Plaintiffs' trade secret claims. It cannot be said that RFP Nos. 5-25 seek "only" trade secret discovery. In light of Judge Selna's order, which, immediately after approving the patent-specific deadlines approved by the parties, stays "trade secret discovery only" pending Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

compliance with Section 2019.210, Defendant has not met has not met its “heavy” burden in seeking a protective order to stay RFP Nos. 5-25. Accordingly, the Motion is denied.

## IV.
## CONCLUSION

For the foregoing reasons, the Motion (Dkt. 43) is DENIED.

IT IS SO ORDERED.

Initials of Clerk: mba