Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404 Facsimile: (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION FOR AN ORDER REQUIRING APPLE TO COMPLY WITH THE SCHEDULING ORDER**<br><br>Discovery Cut-Off: 7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. hereby apply *Ex Parte* for an Order (1) requiring Defendant Apple to comply with the Scheduling Order by producing core technical documents and (2) modifying the Scheduling Order such that Plaintiffs' infringement contentions are due 42 days after Apple provides such a production. Plaintiffs docketed this motion to be heard by Judge Selna because Plaintiffs seek enforcement and modification of the case schedule. In accordance with Local Rule 7-19.1, Plaintiffs' Counsel notified Counsel for Apple of this Application on June 18, 2020, at 12:05 pm PT. Larson Decl., Ex. 1 at 5; *see also* Larson Decl. ¶ 4 & Ex. 7. Apple indicated it intends to oppose Plaintiffs' Application. Larson Decl. ¶ 4 & Ex. 7.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Apple Failed to Produce Its Core Technical Documents

Plaintiffs bring this *ex parte* application to enforce the Court's Scheduling Order requiring that Apple "disclose core technical documents sufficient to show the operation of the accused products" by June 15, 2020. Dkt. No. 33 at 26. Rather than make the required production, Apple produced approximately eight-hundred pages of non-technical documents, including (1) the "user guide" available on www.apple.com, (2) product packaging, and (3) end-user license agreements.[1] Larson Decl. ¶ 3. Apple failed to produce technical documents describing the following exemplary topics:

- The circular wall and its relationship to emitters and detectors (*see, e.g.*, Claim 1 of the '265, '266, '628, '708, '190, '191, '695, '553 patents and Claim 21 of the '554 patent);

---

[1] In contrast, Plaintiffs have already produced over 74,000 pages of documents. Larson Decl., Ex. 2.

-1-

- The light permeable cover (*see, e.g.*, Claim 1 of the '265, '266, '628, '708, '190, '191, '695, '553 patents and Claim 21 of the '554 patent);
- The protruding convex surface (*see, e.g.*, Claim 1 of the '266, '628, '708, '191 and '553 patents and Claim 21 of the '554 patent);
- Arrangement of the detectors and emitters (*see, e.g.*, Claim 1 of the '708, '190, '191, '553 patents and Claim 21 of the '554 patent);
- Louvers positioned over light sensitive detectors to accept light from light emission devices, wherein the louvers accept the light when the sensor is properly applied to tissue of a patient (*see, e.g.*, Claim 15 of the '994 patent);
- Operation at different power consumption levels (*see, e.g.*, Claim 1 of the '703 patent, Claim 1 of the '776 patent); and
- Operation according to different protocols to determine pulse rate (*see, e.g.*, Claim 1 of the '776 patent).

Apple's flouting of the Court's schedule prejudices Plaintiffs because their upcoming July 27, 2020 deadline to provide infringement contentions was premised on Apple providing core technical documents by June 15, 2020.

As the Ninth Circuit has explained, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citations omitted). Once issued, a scheduling order may be modified only upon a showing of good cause and with the Court's consent. Rule 16(b)(4); *see also Tessera, Inc. v. Sony Corp.*, No. 5:11-cv-04399-EJD, 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance.").

If Apple believed it had a valid reason to extend the schedule, it should have sought relief. Plaintiffs specifically raised Apple's deadline to produce core technical documents. Larson Decl., Ex. 3 at 8. Apple ignored Plaintiffs and disregarded the deadline. After Apple missed the deadline, Apple also ignored Plaintiffs' request that they immediately comply. *Id*. at 7. Apple should not be permitted to engage in such self-help, which disrupts the schedule and Plaintiffs' ability to prepare thorough infringement contentions.

### B. This Court Has Twice Rejected Apple's Attempt to Delay Patent Discovery Based on Plaintiffs' Trade Secret Claims

None of Apple's justifications for refusing to provide technical documents has merit. Apple has refused to provide *any* technical documents—even the core documents relating to Plaintiffs' patent claims—until Plaintiffs provide a Section 2019.210 statement. The parties fully briefed this issue in their Rule 26(f) report. *See* Dkt. No. 33 at 13, 16-20. Apple argued the patent-specific dates should be "subject to Plaintiffs providing an adequate identification of their alleged trade secrets in compliance with Section 2019.210 insofar as such an identification is a prerequisite to such discovery." *Id*. at 26 n.6. This Court rejected Apple's argument and resolved the dispute by holding: "The Court *adopts* the patent specific dates. The Court stays the trade secret discovery *only* pending compliance with 2019.210." Dkt. No. 37.[2]

Unsatisfied with this Court's ruling, Apple sought a contrary order from Judge Early. *See* Dkt. No. 43-1. Specifically, Apple sought a protective order precluding *all* discovery "related" in any way to trade secrets regardless of whether the discovery is also relevant to Plaintiffs' patent claims. *Id.* at 4. On June 15, 2020, Judge Early denied Apple's motion:

---

[2] All emphasis is added unless otherwise noted.

-3-

> Significantly here, the parties presented many of the same arguments raised in the Joint Stipulation in summary form in their respective portions of their Rule 26 Joint Report to Judge Selna. See Dkt. 33 at 13-20. Having considered those arguments, Judge Selna adopted "the patent specific dates" presented by the parties in the Joint Report, and then, one sentence later, stayed "the trade secret discovery *only* pending compliance with 2019.210."

Dkt. No. 54 at 7. Judge Early correctly found that this Court necessarily determined patent discovery and the "patent-related dates" are *not* stayed:

> The sole interpretation that does not render the word "only" superfluous in the Scheduling Order is an interpretation that "only" limits they type of discovery stayed—trade secret discovery. By staying "only" trade secret discovery, the Scheduling Order, by negative implication, does ***not stay patent-related discovery, which is subject to the patent-related dates approved in the prior sentence***.

*Id.* at 8. Thus, Judge Early rejected Apple's attempt to withhold all discovery "related" to trade secrets and held discovery that has "other purposes"—such as patent-related discovery—is *not* stayed. *Id.* at 8. Apple ignores ***both*** this Court's Scheduling Order and Judge Early's decision confirming the plain meaning of that Order. Apple cannot unilaterally impose its twice-rejected assertion that all technical discovery is stayed.[3]

### C. The Scheduling Order Did Not Excuse Compliance Based on the Lack of a Formal Protective Order

Apple has also refused to produce technical documents based on the lack of a formal protective order. But Apple likewise briefed this issue in the parties' Rule 26(f) report before the Court adopted the patent-specific deadlines. Dkt. No. 33 at 11, 20. Apple repeatedly stated it would "***not*** agree to produce

---

[3] Apple also cannot maintain that its pending motion to Judge Early justified any failure to comply with the Scheduling Order because the relief it sought merely addressed Masimo's document requests. *See* Dkt. No. 43-5.

-4-

documents unless and until a satisfactory protective order is issued in this case." *Id.* at 11; *see also id.* at 20 ("Apple does not intend to produce documents until an acceptable protective order is issued."). The Court nonetheless adopted patent dates with **no** exception for the lack of a protective order that is "satisfactory" and "acceptable" to Apple. Dkt. No. 37.

Again, if Apple thought the absence of a formal protective order was a valid basis for seeking a continuance, it should have sought relief from the Court. Apple did not do so, even as it became clear there would be no formal protective order by June 15. Apple simply ignored the deadline. Indeed, Apple remained silent even after Plaintiffs pointed out the upcoming deadline and raised concerns that Apple would not comply. Larson Decl., Ex. 3 at 8.

Nor is there any merit to Apple's concern about the lack of a formal protective order. Plaintiffs have repeatedly offered to keep Apple's documents "Attorneys' Eyes Only" pending formal entry of a protective order. *See, e.g., id.* at 7-8. Apple's refusal to produce documents has delayed its production for months because the formal protective order has been the subject of extensive negotiations. One obstacle has been Apple's numerous departures from Judge Early's Model Order. Larson Decl., Ex. 4 at 42-46, 76, 81-87.[4] The parties will submit their remaining disputes soon, but the matter cannot be set for hearing for several weeks. Apple should comply with the Scheduling Order and produce its core technical documents immediately.

During the parties' meet and confer, Apple took the position that Plaintiffs never suggested they were open to a reciprocal approach. But that is demonstrably incorrect. *See, e.g.*, Larson Decl., ¶ 4 & Ex. 3 at 8 ("Plaintiffs

---

[4] In prior correspondence, Apple has claimed Plaintiffs responded slowly to Apple's proposals. That is simply incorrect. Larson Decl., Ex. 4 at 19 (setting forth a timeline of the parties' correspondence on the Protective Order).

-5-

simply asked for reciprocal treatment of confidential information – that both parties produce confidential information and treat such information as attorneys' eyes only pending entry of a protective order."); Ex. 5 (asking Apple whether it would agree "all parties or no party should produce confidential information prior to entry of a protective order"); Ex. 6 (confirming "Apple's position that it will not produce documents until a Protective Order is entered").

Apple also suggested it might be open to a reciprocal approach only if Plaintiffs agreed to provide their 2019.210 statement on the same day that Apple provides its core technical documents. Larson Decl. ¶ 4. But that is simply another attempt by Apple to relitigate an issue it already lost—tying the production of technical documents to Plaintiffs' service of a 2019.210 statement. Thus, nothing justifies Apple's failure to comply with this Court's Scheduling Order. Indeed, in the parties' communications and in the meet and confer, Apple did not dispute that it had not complied with the June 15 deadline. *See* Ex. 7.

## D. <u>Ex Parte Relief is Necessary and Appropriate</u>

Plaintiffs bring this motion *ex parte* because a regularly noticed motion would not resolve this issue sufficiently in advance of Plaintiffs' July 27, 2020, deadline to provide infringement contentions. A regularly noticed motion could not be heard until July 20. Even if the Court were to grant a regularly noticed Motion on July 20, and Apple were to provide its technical documents the same day, Plaintiffs would then need time to consider those materials and prepare its infringement contentions. Apple cannot unilaterally delay the schedule or prejudice Plaintiffs' compliance with their contention dates. Plaintiffs would be irreparably prejudiced by being forced to provide infringement contentions ***before*** they receive Apple's technical documents—the antithesis of the procedure set forth in this Court's Scheduling Order.

Indeed, each day that passes where Plaintiffs do not have Apple's core technical documents prejudices Plaintiffs' ability to prepare their case and comply with this Court's Scheduling Order. Moreover, Plaintiffs are not at fault for having to bring this application on an *ex parte* basis. *See Malch v. Dolan*, No. EDCV 15-517-DDP, 2018 WL 6017000 at *2 (C.D. Cal. Apr. 12, 2018) (granting *ex parte* application in part where there was insufficient time to bring a properly noticed motion, the moving party would suffer prejudice if not permitted to bring the application, and the moving party was without fault in creating the situation that required *ex parte* relief).

### E. Conclusion

Plaintiffs respectfully request the Court (1) order Apple to produce core technical documents sufficient to show the operation of the Accused Products within two days of the Court's order, and (2) extend Plaintiffs' deadline to provide initial infringement contentions until 42 days after Apple's production of its core technical documents, consistent with the current six-week period. Good cause exists to modify the schedule to ensure Plaintiffs have sufficient time to examine Apple's core technical documents before providing their infringement contentions.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 18, 2020           By: */s/ Stephen W. Larson*
    Joseph R. Re
    Stephen C. Jensen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories

32993155