Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404 Facsimile:  (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **DECLARATION OF STEPHEN**<br>) **LARSON IN SUPPORT OF**<br>) **PLAINTIFFS' *EX PARTE***<br>) **APPLICATION FOR AN ORDER**<br>) **REQUIRING APPLE TO**<br>) **COMPLY WITH THE**<br>) **SCHEDULING ORDER**<br>)<br>)<br>) Discovery Cut-Off:     7/5/2021<br>) Pre-Trial Conference:  3/21/2022<br>) Trial:                         4/5/2022 |

I, Stephen Larson, hereby declare:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and Counsel for Plaintiffs Masimo Corporation; and Cercacor Laboratories, Inc. in this action.  I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, would testify competently thereto.

2.      I submit this Declaration in support of Plaintiffs *Ex Parte* Application For an Order Requiring Apple to Comply with the Scheduling Order.

3.      On June 15, 2020, Apple produced approximately eight-hundred pages of non-technical documents, including the "user guide" available on www.apple.com, product packaging, and end-user license agreements.

4.      Pursuant to L.R. 7-19, on June 18, 2020, I called Ilissa Samplin (who is counsel of record for Apple) and left her a voicemail at 12:09 pm PST describing Plaintiffs' anticipated *ex parte* application and asking Ms. Samplin to return my call and inform me whether Apple would oppose.  Ms. Samplin returned my call at approximately 2:30 pm to discuss, but the parties were unable to reach agreement.  During the parties' meet and confer, Apple took the position that Plaintiffs never suggested they were open to a reciprocal approach.  But that is incorrect, as demonstrated by the exhibits referenced below.  Moreover, during a previous April 27, 2020, conference of counsel, Plaintiffs indicated that any agreement to provide confidential information without a protective order needs to be reciprocal.  Apple responded by asserting that Plaintiffs should provide their confidential Section 2019.210 statement, but Apple should not have to provide confidential information.  During the parties' meet and confer in advance of Plaintiffs' *ex parte* application, Apple also suggested it might be open to a reciprocal approach only if Plaintiffs agreed to

provide their 2019.210 statement on the same day that Apple provides its core technical documents.

5.      Attached hereto as **Exhibit 1** is a true and correct copy of an email from myself to Apple's counsel, including Ms. Samplin, at 2:05 pm PST on June 18, 2020.

6.      Attached hereto as **Exhibit 2** is a true and correct copy of an email from Karina Villanueva (who is a paralegal at Knobbe Martens) to Ms. Samplin and others, copying an email distribution list that includes myself, at 7:10 pm PST on June 16, 2020.

7.      Attached hereto as **Exhibit 3** is a true and correct copy of an email from Mark Kachner (who is also counsel of record for Plaintiffs) to Ms. Samplin, copying an email distribution list that includes myself, at 5:48 pm PST on June 17, 2020.

8.      Attached hereto as **Exhibit 4** is a true and correct copy of an email from Adam Powell (who is also counsel of record for Plaintiffs) to Ms. Samplin, copying an email distribution list that includes myself, at 2:13 pm PST on June 18, 2020.

9.      Attached hereto as **Exhibit 5** is a true and correct copy of a letter sent from Mr. Powell to Angelique Kaounis (who is counsel of record for Apple) on May 11, 2020.

10.      Attached hereto as **Exhibit 6** is a true and correct copy of a letter sent from Ms. Samplin to Mr. Powell on May 15, 2020.

11.      Attached hereto as **Exhibit 7** is a true and correct copy of an email sent from Ms. Samplin to me at 2:58 pm PST on June 18, 2020.

/ / /

/ / /

/ / /

/ / /

-2-

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct under seal.

Executed on June 18, 2020 at Lake Forrest, California.


*/s/ Stephen W. Larson*
Stephen Larson

32993427

# EXHIBIT 1

| | |
|---|---|
| **From:** | Stephen.Larson |
| **To:** | Samplin, Ilissa; Masimo.Apple; Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique; Rosenthal, Brian A.; Morgan, Tracy A. |
| **Cc:** | Joe.Re; Steve.Jensen; Perry.Oldham; Adam.Powell; Andrea, Brian |
| **Subject:** | RE: Masimo v. Apple: ex parte application to enforce scheduling order |
| **Date:** | Thursday, June 18, 2020 2:04:59 PM |

Ilissa,

We disagree with your assertion that we are attempting to "hold Apple to a different standard" than Plaintiffs.  Plaintiffs have repeatedly suggested a reciprocal approach whereby both parties produce confidential information and keep it AEO.  Apple has repeatedly rejected those offers and insisted that Plaintiffs provide confidential information while Apple is not required to do so.

Moreover, Apple should not be surprised that Plaintiffs are seeking this relief.  Plaintiffs raised concerns about Apple complying with this deadline last Friday, and Apple ignored Plaintiffs' email.  Plaintiffs raised this issue again yesterday and Apple ignored that email as well.  I also called you and two other members of your team today to discuss this matter, and no one from your team has called me back.  Further, the parties have extensively discussed these issues in numerous emails and attorney conferences, and are obviously at an impasse.  Indeed, your email again asserts Apple's position that a "Protective Order must be entered before Apple produces any non-public, technical information to Plaintiffs."  We disagree with that position, which will result in substantial delay and prejudice Plaintiffs' ability to provide infringement contentions in accordance with the Scheduling Order.  Given that deadline, and Apple's refusal to produce documents in accordance with the Scheduling Order, *ex parte* relief is more than appropriate under the circumstances.  If you are now suggesting Apple is willing to promptly provide its core technical documents before entry of a formal protective order please let us know by 4 p.m. PST.  If not, we will inform the Court that Apple will oppose Plaintiff's application.

Thanks,
Steve

---

**From:** Samplin, Ilissa [mailto:ISamplin@gibsondunn.com]
**Sent:** Thursday, June 18, 2020 1:10 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: ex parte application to enforce scheduling order

Steve,

**Exhibit 1**
**-3-**

We are surprised by your email.

As you know, Apple's technical information related to the accused products is highly confidential and there is not yet a Protective Order in place.  And both iterations of the Protective Order the parties are proposing (for which we expect to receive Plaintiffs' portion of the joint stipulation tomorrow) include important protections for highly confidential documents like these that extend well beyond the restriction of their use by and disclosure to outside counsel.  A Protective Order must be entered before Apple produces any non-public, technical information to Plaintiffs.  Notably, Plaintiffs have taken the exact same position with respect to their allegedly confidential information.  Plaintiffs have refused to produce complete interrogatory responses, a 2019.210 statement, or trade secret-related discovery until a Protective Order is entered (even though Apple offered to treat such information as attorneys' eyes only pending entry of a Protective Order).  Moreover, Plaintiffs' document productions to date have consisted of entirely public information, pending entry of a Protective Order.  There is no basis for Plaintiffs' inconsistent positions, and blatant attempt to hold Apple to a different standard than the one by which they have been guiding their own discovery conduct.

Nor is there any basis for Plaintiffs to move for ex parte relief.  As the Central District has explained, "ex parte applications are disfavored except in true emergencies." *Gilliam v. Bank of Am., N.A.*, 2017 WL 11001706, at *1 (C.D. Cal. Aug. 21, 2017).  Given that Plaintiffs are seeking to modify the scheduling order, and if successful, will still have 42 days to file their infringement contentions, there is no "true emergency" here.  Plaintiffs therefore cannot make the requisite good cause showing as to why a regularly-noticed motion would be insufficient.  Moreover, the Central District does not permit the filing of discovery motions on an ex parte basis, which is precisely what Plaintiffs seek to do here (the relief requested in your point 1 below is that of a motion to compel).  *See* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").  Accordingly, a full-fledged meet-and-confer process is required for Plaintiffs' motion.  Plaintiffs have not even attempted to engage in that meet-and-confer process yet —but rather have taken inconsistent positions on productions in the absence of a protective order, while threatening to go to Court within just a few hours of giving Apple notice of the dispute.

Apple is ready and willing to engage in the meet-and-confer process the Local Rules require.  Please let us know your team's availability for a call tomorrow.  If you refuse, and instead move forward with the ex parte, we will be sure to let the Court know that Plaintiffs resisted Apple's requests for a Local Rule-compliant meet and confer.

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354

**Exhibit 1**
**-4-**

ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, June 18, 2020 12:05 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** Masimo v. Apple: ex parte application to enforce scheduling order

[External Email]
Counsel,

Plaintiffs intend to file an *ex parte* application today seeking an order (1) requiring Apple to comply with the Scheduling Order by producing core technical documents and (2) modifying the Scheduling Order such that Plaintiffs' infringement contentions are due 42 days after Apple provides such a production.  Please let us know if Apple will oppose.

Thanks,
Steve

**Stephen Larson**
Partner
949-721-5301  Direct
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 1
-5-

# EXHIBIT 2

| From: | Karina.Villanueva |
|---|---|
| To: | Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; brosenthal@gibsondunn.com; Samplin, Ilissa; Kaounis, Angelique |
| Cc: | Adam.Powell; Masimo.Apple |
| Subject: | Masimo Corp. et al. v. Apple | 20-cv-00048 - Document Production |
| Date: | Tuesday, June 16, 2020 7:09:56 PM |

Counsel,

Documents bearing production numbers MASA00021301 - MASA00074889 are available for download at https://knobbe.sharefile.com/d-s764cf947fcd4ee99. The password to the zip file is the same as the prior productions.

Best,
Karina

**Karina Villanueva**
Litigation Paralegal
Karina.Villanueva@knobbe.com

949-721-2928 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com

**Exhibit 2**
**-6-**

# EXHIBIT 3

| From: | Mark.Kachner |
|---|---|
| To: | Samplin, Ilissa; Perry.Oldham; Adam.Powell; Joe.Re; Steve.Jensen; Masimo.Apple |
| Cc: | Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique; Rosenthal, Brian A.; Morgan, Tracy A. |
| Subject: | RE: Masimo v. Apple - Plaintiffs" Responses to Apple"s First Set of Interrogatories |
| Date: | Wednesday, June 17, 2020 5:47:58 PM |

Counsel,

June 15 was the deadline for Apple to "disclose core technical documents sufficient to show the operation of the accused products."  Dkt. No. 33; 36.   Rather than provide such documents, Apple produced approximately eight-hundred pages of the "user guide" available on www.Apple.com, some product packaging, and end-user license agreements.  Apple's failure to provide its core technical documents is prejudicing Plaintiffs' ability to prepare their initial infringement contentions, which are due on July 27, 2020.  Please confirm Apple will immediately produce its core technical documents in accordance with the Court's Scheduling Order.  We reiterate that Plaintiffs will treat those documents as attorneys-eyes-only pending entry of a formal protective order.

Regards, Mark

**Mark Kachner**
Partner

310-407-3472 Direct

**Knobbe Martens**
INTELLECTUAL PROPERTY LAW
**five decades. one focus.**

---

**From:** Mark.Kachner
**Sent:** Friday, June 12, 2020 8:38 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Ilissa,

Apple has been the cause of any delay in this case, not Plaintiffs.  Apple has continued to refuse any discovery, including as to patent issues for which discovery is not stayed.  Apple has not yet produced a single document, and refuses to produce confidential documents until the Court enters a protective order, notwithstanding Plaintiffs' repeated offers to maintain those documents as attorneys-eyes-only pending entry of an order.  Apple also delayed submission of such an order by insisting on many changes to Judge Early's Model Order and delaying its responses to Plaintiffs' repeated attempts to compromise.  In contrast, Plaintiffs have already started producing documents.

Exhibit 3
-7-

Moreover, Plaintiffs simply asked for reciprocal treatment of confidential information – that both parties produce confidential information and treat such information as attorneys' eyes only pending entry of a protective order.  Apple repeatedly rejected any reciprocal approach.

Nothing supports Apple's demand that Plaintiffs provide a date certain by which they will serve any 2019.210 statement.  As we have repeatedly explained, Judge Selna's order did not require a 2019.210 statement at all, much less by a date certain.  During prior conferences of counsel, Apple admitted that nothing requires Plaintiffs to serve a 2019.210 statement by a date certain.  Moreover, Apple already filed a motion with Judge Early seeking such relief, despite admitting it was not required by Judge Selna.  That motion has also not been granted.  Even though it is not required, Plaintiffs explained they are willing to negotiate an appropriate reciprocal timeline.  However, Apple flatly refused to "negotiate a reciprocal timeline."

Apple's ongoing refusal to meet its discovery obligations is prejudicing Plaintiffs' ability to prepare their case.  Based on Apple's positions discussed herein, we are concerned that Apple may not comply with its Court-ordered obligation to provide core technical documents on June 15, introducing further delay.  We expect Apple to comply with its obligations and reserve all our rights in the event that Apple fails to comply with the June 15 deadline.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**

Knobbe | Martens
INTELLECTUAL PROPERTY LAW
**five decades. one focus.**

---

**From:** Samplin, Ilissa [mailto:ISamplin@gibsondunn.com]
**Sent:** Wednesday, June 10, 2020 1:52 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark,

Plaintiffs are continuing to delay the progress of this case.  Your suggestion that trade secret discovery should be reciprocal ties back to your mischaracterization (or misunderstanding) of how Section 2019.210 works.  *Plaintiffs* asserted a trade secret claim in this case.  They may not commence discovery of trade secret-related information until they define their trade secrets with

Exhibit 3
-8-

reasonable particularity.  We have been asking Plaintiffs to do so for months, but we still don't even have an attempt at a Section 2019.210-compliant disclosure from Plaintiffs.  We are not going to negotiate a reciprocal timeline here.

Please give us a time certain soon after the entry of the protective order when you will provide the 2019.210 statement.  We've told you repeatedly that a "reasonable time period" is not a sufficient response, particularly with respect to the 2019.210 statement we have been requesting since the outset of the case.  We have no idea how Plaintiffs or your law firm defines a "reasonable time period."  Indeed, Judge Selna ruled back on April 17, 2020 that Plaintiffs must provide a 2019.210 statement, and Plaintiffs' sole justification for not yet doing so is that they are awaiting entry of a protective order (even though Apple agreed to treat the disclosure as AEO in the interim).  Therefore, you should be in a position to commit to a time certain soon after entry of that protective order.  If you cannot provide a time certain, let us know immediately.

Regards,
Ilissa

**Ilissa Samplin**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 9, 2020 12:48 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Ilissa,

Plaintiffs expect to provide a 2019.210 statement and other confidential information within a reasonable time period after entry of a protective order.  Obviously, document production will happen over a period of time consistent with the parties' prior discussions.  Will Apple promptly provide the extensive discovery it is withholding upon entry of a protective order and service of Plaintiffs' 2019.210 statement?  We are willing to consider a specific reciprocal timeline.

**Exhibit 3**
**-9-**

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Saturday, June 6, 2020 1:42 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark,

Please see the attached letter regarding our meet and confer about Plaintiffs' responses to Apple's First Set of Interrogatories.

As discussed during the meet and confer, please provide a timeline for how long after entry of a Protective Order Plaintiffs will provide the trade secret-related information they have been withholding—including amended interrogatory responses, a Section 2019.210 statement, and documents. Plaintiffs were unable to provide a specific timeline during our meet and confer call, but agreed to discuss internally and revert to Apple with the information requested. We have requested this information on multiple occasions now, and for months. Please provide it by close of business on Tuesday, June 9.

Thank you,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 2, 2020 1:05 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen

Exhibit 3
-10-

<Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Plaintiffs' Responses to Apple's First Set of Interrogatories.

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 1:01 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark-
Which of my two 5/26 letters are you referring to?  Or are you referring to both?  This will help me determine who else from my team will be joining, so I can get back to you on time.  Thanks.

Ilissa Samplin

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 2, 2020 12:59 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
I have a noon meeting tomorrow that I expect will spill over past 1p.  I think I'm safe starting at 1:15, otherwise we can start at 3.

Exhibit 3
-11-

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 12:55 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

I have a 2 pm meet and confer in another matter.  Can you start at 1 pm instead?

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 2, 2020 12:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Ilissa,

We are available to meet and confer on your 5/26 letter tomorrow at 1:30 pm PDT.  Please let me know if that works with your schedule.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**

**Exhibit 3**
**-12-**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 1, 2020 9:11 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark,

Please provide your availability for this meet and confer.  You have had our request for almost a week now.

Would sometime today or tomorrow work?

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Friday, May 29, 2020 10:52 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Ilissa,

We are evaluating the issues raised in your 5/26 letter on Plaintiffs' interrogatory responses.  We are not available for your requested meet and confer at the times you requested.  We are looking into

**Exhibit 3**
**-13-**

our availability next week.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, May 26, 2020 9:49 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>;
Mark.Kachner <Mark.Kachner@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>;
Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Counsel:

Please see the attached correspondence.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Thursday, May 14, 2020 8:01 PM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Counsel,

Please find attached Plaintiffs' Responses to Apple's First Set of Interrogatories.

**Exhibit 3**
**-14-**

Best regards,

Perry

**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**Exhibit 3**
**-15-**

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 3**
**-16-**

# EXHIBIT 4

| | |
|---|---|
| **From:** | Adam.Powell |
| **To:** | Samplin, Ilissa |
| **Cc:** | Perry.Oldham; Joe.Re; Steve.Jensen; Masimo.Apple; Lerner, Joshua H.; Buroker, Brian M.; Lyon, H. Mark; Rosenthal, Brian A.; Kaounis, Angelique; Morgan, Tracy A. |
| **Subject:** | RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order |
| **Date:** | Thursday, June 18, 2020 2:12:43 PM |

Ilissa,

Your rhetoric continues to be unproductive.  The record is clear that the parties did not reach an impasse until you responded to our proposed compromises on Tuesday.  Therefore, under the parties' agreement, Plaintiffs' portion of the joint stipulation is not due until Monday.  As we explained below, however, we are working to provide our portion of the joint stipulation as soon as possible and may be able to do so on Friday.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 16, 2020 5:16 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

This is an incredibly petty dispute.  I am not going to engage in a timeline analysis.  You know how many partners and associates are on your team.  It is bizarre, to say the least, that you would maintain this fight to get an extra weekend with briefing that you have already had ample time to pull together.  We are quite surprised by your firm's efforts in this regard—which appears to be designed to increase Plaintiffs' time to brief these issues, cut back on Apple's time to do the same, and further delay the parties' presentation of the disputes to the Court.

We affirmatively told you on Friday, June 12 that Apple would not be changing its positions on any of the remaining disputes.  Plaintiffs unilaterally decided to compromise on certain items on Saturday, but as I had already told you on Friday, Apple was not changing its positions.  Therefore, by Saturday, at the latest, the parties had reached an impasse on the remaining disputes.  Explanations of the bases for Apple's positions are not required to reach an impasse—you and I both know that an

**Exhibit 4**
**-17-**

impasse is reached when the parties have confirmed that their positions diverge, which became clear on Friday, and then again on Saturday.  Based on the parties' prior agreement, Plaintiffs' portion of the joint stipulation therefore is due on Thursday, June 18.  Your efforts to potentially delay that to Monday, June 22 is absurd.  Even if we give you the benefit of the further conversations that you and I engaged in yesterday, Plaintiffs' portion is due on Friday, June 19.  There is no credible way for Plaintiffs to drag this out beyond then—certainly not into the following week.  Please confirm that you will uphold Plaintiffs' end of the bargain here and provide Plaintiffs' portion of the joint stipulation by no later than Friday, June 19.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 16, 2020 4:41 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

Thank you for finally responding to each issue raised in my Saturday email.  Your email below confirms that your Monday emails did *not* respond to the vast majority of issues raised in my Saturday email.  In particular, your email below confirms your Monday morning email did not address at least Sections 4.5, 11(f) reviewing of source code, 11(f) printing PDFs and directories, 11(f) 200 page cap, 11(h), 11(i) log timing, 11(j) number of individuals with access, 11(j) restrictions on how source code may be transported, and 11(l) "or order of this Court."  Merely asserting that we are at an impasse on all remaining issues does not show Apple specifically addressed each proposal or establish that the parties were genuinely at an impasse.  Indeed, your email last night accepting our reading of Section 11(f) regarding the review of source code confirms the parties had *not* previously reached an impasse.  Prior to your email, we were preparing to brief that issue.

Further, your continued suggestion that Plaintiffs are delaying the protective order is an inaccurate

**Exhibit 4**
**-18-**

attempt to deflect from Apple's delay.  Below is a summary of our communications on this issue, which shows Plaintiffs responded more quickly than Apple on nearly every exchange.

- **March 10**: The parties discussed the protective order.  Plaintiffs offered to provide a draft based on Judge Early's model.  Apple insisted that it would provide the first draft.  Plaintiffs understood Apple would use Judge Early's model order as a starting point.
- **March 27 (17 days later)**: Apple provided the initial draft.
- **March 31 (4 days later)**: Plaintiffs responded that Apple's draft was unacceptable because it was not based on Judge Early's model and contained non-reciprocal provisions.
- **April 2 (2 days later)**: Apple refused to provide a draft based on Judge Early's model.
- **April 6 (4 days later)**: Plaintiffs provided a draft based on Judge Early's model.
- **April 16 (10 days later)**: Apple responded to Plaintiffs' draft.
- **April 28 (12 days later)**: The parties met/conferred.
- **April 30 (2 days later)**: Plaintiffs responded to issues raised during the meet/confer and Apple's draft.
- **May 13 (13 days later)**: Apple responded to Plaintiffs' draft.
- **May 20 (7 days later)**: Plaintiffs responded to Apple's draft.
- **May 30 (10 days later)**: Apple responded to Plaintiffs' draft.
- **June 3 (4 days later)**: The parties met/conferred again.
- **June 3 (same day)**: Plaintiffs responded to issues raised during the meet/confer and in Apple's draft.
- **June 5 (2 days later)**: Apple responded to Plaintiffs.
- **June 8 (next business day)**: Plaintiffs responded to Apple.
- **June 9 (1 day later)**: The parties met/conferred again.
- **June 12 (3 days later)**: Apple responded to Plaintiffs.
- **June 13 (1 day later)**: Plaintiffs responded to Apple.
- **June 15-16 (2-3 days later)**: Apple responded to Plaintiffs.

Apple's late changes and explanations have prevented us from completing our portion of the joint stipulation.  Because Apple did not fully respond to my Saturday email until today, the parties did not reach an impasse until today.  In accordance with our prior agreement, we will provide our portion of the joint stipulation as soon as possible, but no later than Monday (four business days from when the parties reached an impasse on all issues).

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 16, 2020 10:43 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen

**Exhibit 4**
**-19-**

<Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis,
Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Your contention that Apple has still not responded to the "vast majority" of issues raised in your
email of Saturday is confusing and wrong.  The table below has all of the issues you raised and our
responses.  As this table shows, the parties have been at an impasse on all of these issues, and that
impasse was further confirmed to you by my emails yesterday.

| Provision in Saturday email | Apple's Response |
|---|---|
| **9.2(e):** This provision needs to be modified slightly to make clear that the parties can videotape depos.  We assume this won't be controversial, but please confirm Apple agrees to the following change: "(e) court reporters, <u>videographers</u>, and their staff;" | Apple responded on 6/15/20 at 7:05 a.m. Pacific agreeing with this change. |
| **9.2(g):** We accept Apple's edits. | No response was necessary because an agreement was reached. |
| **4.5:** "descriptions of source code" is too vague, especially given the strict page limits for printing.  We tried to be more specific, but Apple rejected our compromise.  We are happy to consider a more specific proposal.  Otherwise, we are at an impasse. | Apple has discussed this issue with Masimo multiple times on the phone and by email.  Apple's default PO language includes the "descriptions of source code (e.g., descriptions of declarations, function and parameters)" language because that information is extremely sensitive and reveals how the code works that deserves the same level of protection as the source code itself.

As a result, since Apple does not want to change its default language (and has stated that on at least three |

**Exhibit 4**
**-20-**

| | different occasions), Apple responded on 6/15/20 at 7:05 a.m. Pacific and stated that we were at an impasse on all remaining issues, including this one – which confirms your email that we are at an impasse. |
|---|---|
| **11(d):** We accept Apple's edits. | No response was necessary because an agreement was reached. |
| **11(f):**<br><br>• **Review of source code**: I don't think we have a dispute.  We deleted the language about "printed for purposes of review and analysis" because we thought it could arguably be read broadly to prevent a party from reviewing/analyzing printouts when preparing court filings and expert reports, which is inconsistent with the first sentence of this paragraph.  However, I don't think that is what Apple means.  If you can confirm, we will accept Apple's change. | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree<br><br>Further, at your request, we stated in our 6/15/20 email of 5:07 p.m. that we agreed with your reading of this provision. |
| **11(f):**<br><br>• **Printing to PDF and printing directory paths**: Your email did not address these provisions, which we included for efficiency.  Please explain Apple's objection so we can try to address it. | As we have explained many times, the purpose of source code review is for the review to take place in the source code review room.  Your new request to except directory paths from the printing limits was rejected because it is inconsistent with that goal – it is clear that Masimo wants to print out the entire directory of code so it can facilitate some of its review of the code (which includes the structure of how files are grouped into file paths) outside of the source code review room.  We rejected that proposal by saying that we did not agree to any of the remaining changes in our 6/15/20, 7:05 a.m. Pacific email indicating that we are at an impasse on all remaining issues, including this one.<br><br>Similarly, your request to permit the receiving party to print PDFs is directly contrary to the previous sentence that makes it clear that the receiving party requests paper copies and later provisions that state that the producing party creates the printed copies only if the |

Exhibit 4<br>-21-

| | request is not objectionable or any objections are resolved. We rejected that proposal by saying that we did not agree to any of the remaining changes in our 6/15/20, 7:05 a.m. Pacific email indicating that we are at an impasse on all remaining issues, including this one. |
|---|---|
| **11(f):**<br>• **200 page cap**: Your email did not address this provision, which was included to clarify that a party may ask the Court to increase the 200-page limit just like the 15-page consecutive limit. Please explain Apple's objection so we can try to address it. | As we have explained many times, limiting the number of pages printed is important and 200 pages was a compromise from our original proposal of 100 that we believe to be more than sufficient. Other provisions in the Protective order already indicate that the Court can modify the protective order; the change to add an explicit statement that the 200 page limit can be modified is thus unnecessary and also could be misconstrued as Apple agreeing that printing more than 200 pages may be necessary in this case. Far larger cases have had smaller limits on printed pages. And, we indicated that we rejected that proposal in our email on 6/15/20 at 7:05 a.m. Pacific that stated that we did not agree with the remaining changes, including this one. |
| **11(h):** We are troubled by Apple's deletion, which you did not mention in your email. Our language merely confirms counsel will not violate their ethical duties. If Apple cannot accept this language, we are at an impasse here. | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree that we were at an impasse; in fact, we stated that we were at an impasse on all issues not addressed in that email.<br><br>Further, your insert does not merely<br><br>11(h) – Your additions are directly contrary to the prior two sentences which make clear that the reviewers should not have any expectation of confidentiality for materials left behind in the source code review room and to clean up. Your addition imposes an additional burden on the producing party to contact the reviewing party and to make judgments about whether something it leaves behind is work product or not. We think it should be easier on the producing party – the reviewing party should not leave anything behind (unless agreed to with the producing party per 11(h)). If anything is left behind, the reviewing party should be the one that has the burden to contact the producing party. |

**Exhibit 4**<br>**-22-**

| | |
|---|---|
| **11(i):**<br>• **Names of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times.  Please let us know if you disagree.<br>• | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree. |
| **11(i):**<br>• **Log Timing**: Under Apple's proposal, a party could request a log on Christmas eve and argue the opposing party violated the Protective Order if it does not respond on Christmas day.  That is clearly unreasonable.  If Apple continues to demand logs on one day's notice, we are at an impasse on this issue. | Apple has previously explained that a one day production of the log is important.   If one party determines that its source code has been disclosed or used contrary to the provisions of the Protective Order, to prevent harm, it is important to be able to identify everyone that has had that code ASAP and one day is reasonable and necessary to meet that end goal.  Forcing the other side to wait three days could allow widespread dissemination of the code without any way for the producing party to begin its investigation of what persons have had access to the source code.<br><br>Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one, which confirmed your Saturday email that indicated that you believed we were at an impasse. |
| **11(j):**<br>• **Number of individuals with access**: We agree to Apple's proposal, provided we clarify that it can be changed by the parties or Court if necessary.  Please let us know if Apple agrees to the following compromise: "<u>Absent agreement of the Parties or order of this Court,</u> no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one.<br><br>Apple further explained in 6/15/20 at 5:07 p.m. Pacific its position on this provision. |

**Exhibit 4**<br>**-23-**

| | |
|---|---|
| appears in any court filing or expert report).  <u>The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the Source Code.</u>" | |
| **11(j):**<br>• **Restrictions on how source code may be transported**: Your email did not address this provision. Please explain Apple's objection so we can try to address it. | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one.<br><br>The language is unclear in many ways.  What is "source code material"?  Is that the printed pages or something else?  The phrase "person authorized under these provisions" is also unclear.   What does "at the direction of" mean?<br><br>The PO already provides provisions on how many copies can be made and where they are to be stored and by whom. |
| **11(k):** We are at an impasse on this issue. | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one. |
| **11(l):**<br>• **"Or order of this Court"**: Your email does not address this change.  If Apple maintains the Court may not order a party to file source code over the other party's objection, we are at an impasse. | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issue, including this one, thus, confirming we do not agree in advance that the Court may order filing source code over another party's objection. |
| **11(l):**<br>• **Name of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times.  Please let us know if you disagree. | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree. |

We have been at an impasse on these issues, and expect to move forward with the briefing as

**Exhibit 4**<br>**-24-**

previously discussed.  Please confirm that we will receive Plaintiffs' portion of the joint stipulation on
Thursday.

Thanks,
Ilissa
**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 15, 2020 8:08 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis,
Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

Attached is our proposed protective order, with redlines showing changes from Apple's draft.  We
disagree with your assertion that the parties reached an impasse on Saturday.  My Saturday email
offered numerous proposed compromises and asked questions regarding Apple's position.  Your
email this morning responding to some (but not all) of those issues cannot retroactively cause the
parties to have reached an impasse on Saturday.  Indeed, it was only your most recent email this
afternoon that established we are not at an impasse on Section 11(f) because the parties agree on
that provision.

Moreover, Apple still has not responded to the vast majority of issues raised in my Saturday email.
We continue to believe the parties could resolve many of the open issues if Apple explained its
position.  As of now, we do not know whether Apple rejected or failed to consider our various
proposals, much less why.  Even if Apple disagrees with all our remaining proposals, Apple's refusal
to explain its position, or why it is unwilling to compromise, is preventing Plaintiffs from preparing
their portion of the joint stipulation.

Best regards,
Adam

**Adam Powell**
Partner

**Exhibit 4**
**-25-**

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 15, 2020 5:07 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

The parties reached an impasse before today.  At latest, the impasse was reached with your email on Saturday.  We expect to receive your portion of the joint stipulation by Thursday.  If we receive it on Friday, it will be late in our view and not in compliance with the parties' agreed upon schedule for this filing.

On your other questions:

11(j).  Apple believes that 10 people is more than enough people to have access to its source code to limit risk of inadvertent misuse and only agreed to 15 to reach a compromise.  Masimo's added language is unnecessary (because the parties can always agree to add more and the Court could obviously modify a protective order) and its language is clearly written to suggest that more than it may be "necessary" that more than 15 people should review the code.  In extremely large cases, the parties have been able to manage within the 10 person limit and thus, Apple cannot imagine a situation in which more than 15 people will become necessary.

11(f).  We can confirm your reading of the review of source code portion.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 4**
**-26-**

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 15, 2020 3:45 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

We do not understand why Apple refuses to even explain its objections to Plaintiffs' proposals.  For example, we offered a very reasonable compromise on Paragraph 11(j), but Apple rejected that proposal without explanation.  We also offered to accept Apple's changes to Paragraph 11(f) regarding source code review if Apple simply confirmed it agrees with our reading of that paragraph.  Again, Apple refused.  We disagree with Apple's insistence on burdening the Court with unnecessary disputes rather than promptly responding to Plaintiffs' proposals.

We will send you our proposed protective order today and will send our portion of the joint stipulation as quickly as possible.  Because the parties did not reach an impasse until today, we reserve the right to provide our portion of the joint stipulation on Friday (4 business days after today).

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 15, 2020 7:06 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

We are fine with the change to 9.2(e), which is now reflected in Apple's version of the protective

Exhibit 4
-27-

order that I sent you on Friday (attached here, with that change made).

We don't understand why you need us to confirm 11(i) and 11(l)- the language does not mention recording dates/times and code reviewed.  There's no way to read the two provisions to require that information.

As I told you on Friday, Apple is ready to move forward on the briefing.  There's nothing left to continue negotiating- we are at an impasse on the remaining items.  Please send over Plaintiffs' version of the protective order as soon as possible, and Plaintiffs' portion of the joint stipulation by Thursday.

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Saturday, June 13, 2020 5:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

I was driving for 6 hours yesterday.  Now that I had a chance to talk to my team, we were able to accept some of Apple's proposals and have some ideas to resolve other issues.  Thus, the parties are not yet at an impasse. We would, however, appreciate it if Apple could respond as quickly as we did (one day), rather than taking four business days like it did last time.  The sooner Apple responds, the sooner the parties can present their remaining disputes to the Court.

**Access to Confidential Material**

**9.2(e):** This provision needs to be modified slightly to make clear that the parties can videotape depos.  We assume this won't be controversial, but please confirm Apple agrees to the following

Exhibit 4
-28-

change: "(e) court reporters, <u>videographers</u>, and their staff;"

**9.2(g):** We accept Apple's edits.

**<u>Source Code</u>**

**4.5:** "descriptions of source code" is too vague, especially given the strict page limits for printing. We tried to be more specific, but Apple rejected our compromise.  We are happy to consider a more specific proposal.  Otherwise, we are at an impasse.

**11(d):** We accept Apple's edits.

**11(f):**
- **Review of source code**: I don't think we have a dispute.  We deleted the language about "printed for purposes of review and analysis" because we thought it could arguably be read broadly to prevent a party from reviewing/analyzing printouts when preparing court filings and expert reports, which is inconsistent with the first sentence of this paragraph.  However, I don't think that is what Apple means.  If you can confirm, we will accept Apple's change.
- **Printing to PDF and printing directory paths**: Your email did not address these provisions, which we included for efficiency.  Please explain Apple's objection so we can try to address it.
- **200 page cap**: Your email did not address this provision, which was included to clarify that a party may ask the Court to increase the 200-page limit just like the 15-page consecutive limit.  Please explain Apple's objection so we can try to address it.

**11(h):** We are troubled by Apple's deletion, which you did not mention in your email.  Our language merely confirms counsel will not violate their ethical duties.  If Apple cannot accept this language, we are at an impasse here.

**11(i):**
- **Names of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times.  Please let us know if you disagree.
- **Log Timing**: Under Apple's proposal, a party could request a log on Christmas eve and argue the opposing party violated the Protective Order if it does not respond on Christmas day.  That is clearly unreasonable.  If Apple continues to demand logs on one day's notice, we are at an impasse on this issue.

**11(j):**
- **Number of individuals with access**: We agree to Apple's proposal, provided we clarify that it can be changed by the parties or Court if necessary.  Please let us know if Apple agrees to the following compromise: "<u>Absent agreement of the Parties or order of this Court,</u> no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report).  <u>The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the Source Code</u>."

**Exhibit 4**
**-29-**

**Restrictions on how source code may be transported**: Your email did not address this provision.  Please explain Apple's objection so we can try to address it.

**11(k):** We are at an impasse on this issue.

**11(l):**

- **"Or order of this Court":** Your email does not address this change.  If Apple maintains the Court may not order a party to file source code over the other party's objection, we are at an impasse.
- **Name of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times.  Please let us know if you disagree.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Saturday, June 13, 2020 12:25 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Ilissa,

Plaintiffs are not "stalling" or holding anything up.   Your email offers numerous compromises, including to Section 4.5, 9.2(g), 11(d), and 11(j).  We are also evaluating if we can accept any of your other changes based on the new justifications you provided below.  We may be able to accept some of your compromises/changes, but I need more than a few hours on a Friday afternoon to coordinate with my team.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

**Exhibit 4**
**-30-**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 12, 2020 9:48 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I did not hear back from you on my email below.  Plaintiffs clearly are stalling on this protective order.  The parties finished meeting and conferring and Apple is ready to move forward with briefing this for the Court.  Attached is Apple's version of the protective order for the joint stipulation.  Please provide Plaintiffs' version as soon as possible.

We look forward to receiving Plaintiffs' portion of the joint stipulation four business days from today.

Regards,
Ilissa
**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 4:01 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,
I don't think your recollection of our call is accurate. In any event, where did we give you the impression that there's room for compromise? Because that wasn't our view at this point, after all

**Exhibit 4
-31-**

the back and forth. We are ready to get the Court's guidance at this point.
Please explain why this is being held up further.
Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Jun 12, 2020, at 3:12 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> Ilissa,
>
> Your recitation of our conversation is not accurate.  I told you that I hoped to be able to
> respond the same day if we reached a definitive impasse early in the morning.  Your
> proposal contains numerous changes and appears to suggest there could be room for
> further compromise.  Given that it took Apple four business days to respond to
> Plaintiffs' proposal, it is not reasonable for Apple to expect a response in just five
> hours.  We are reviewing your changes and will get back to you as soon as possible and,
> in any event, more quickly than Apple responded to Plaintiffs.  I do not anticipate we
> will respond today.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
> _____
>
> **From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Sent:** Friday, June 12, 2020 1:52 PM
> **To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham
> <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen
> <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
> **Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
> <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal,

Exhibit 4
-32-

Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique
<AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam- Please confirm the time we are exchanging protective orders per our call last
week.  As you will recall, you agreed you would be in a position to exchange protective
orders same day, so long as our final positions did not come in at 7 or 8 pm.  Our final
positions got to you before noon, so let's agree on a time later today.  We are ready to
go at whatever time works for you.  Thanks.

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 11:25 AM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; 'Perry.Oldham'
<Perry.Oldham@knobbe.com>; 'Joe.Re' <Joe.Re@knobbe.com>; 'Steve.Jensen'
<Steve.Jensen@knobbe.com>; 'Masimo.Apple' <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal,
Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique
<AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam,

With respect to the source code-related provisions in sections 4.5 and 11, Masimo's
proposal does not resolve all of Apple's concerns but Apple can agree to several of the
proposed modifications, including the proposal regarding handling of CAD files.  A
proposed compromise is attached in clean and a redline showing changes using
Masimo's latest proposal.  In particular, we believe we have reached an impasse on the
following issues:

Section 4.5 – Apple cannot agree to removing the phrase "descriptions of source code
(e.g., descriptions of declarations, functions and parameters)" or imposing a burden to
produce redacted versions of all documents that contain source code discussions.  The
counter-proposal that is limited to quotations of source code is insufficient.
Descriptions of functions can be just as revealing about how the code works and that

**Exhibit 4
-33-**

type of information deserves the highest level of protection given how sensitive it is. The burden of producing redacted versions of all documents that reference source code is extremely high and is often impractical given that the source code description often would need to be redacted in large part to avoid imparting knowledge about how the code works.  Documents that contain descriptions of source code will be made available for review under the source code review procedures and if the description is important, Masimo can request to have it printed per the provisions in Section 11.

Section 11(d) – Apple will agree to provide the licensing software tools in 14 days but 7 is too short.  If Masimo insists on 7 days, we are at an impasse on that issue.

Section 11(f) – Masimo's changes in this section are not accepted.  Apple's language provides the full protections and language needed to be clear that the reviewing party is primarily to be reviewing source code in the review room and not printing materials for off-site, paper-based review.

Section 11(i) – Apple does not agree to remove the requirement to log who accesses the paper copies of the source code.  If there is an inadvertent disclosure of the source code, it is imperative that a log of everyone that had access exists to track down how the disclosure may have occurred.  This is not an academic issue – it has happened in other cases and the log was necessary to identify how the inadvertent disclosure occurred and how to limit harm.  We are at an impasse on this provision.

Section 11(j) – Apple can agree to limiting the number of reviewers to 15, but a limit must exist for the same reasons as above.  Having too many people reviewing the source code increases risk of inadvertent disclosure that is not acceptable.  If Masimo insists on no limit or wants a higher limit, we are at an impasse on that issue as well.

Section 11(k) –  Apple does not agree.  Asking for sections of the source code to be brought to a deposition is not a tremendous burden.

Section 11(l) – Apple does not agree for the same reasons we discussed for 11(i).  We need a log of everyone that has seen the source code.  We are at an impasse on this provision.

**<u>Please confirm that we are exchanging final Protective Orders at 4 pm.</u>**  5 pm also works if that is better for your team.  Please let us know soon.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

Exhibit 4
-34-

333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 9:41 AM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I agree with your position below.  So we are fine with your edits, so long as we make a few further non-controversial nits to make clear the point in your email below:

9.2(g): "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, or other information other documents, or sworn witness testimony."

Like I said, these should be non-controversial given that they just clarify the sentiment in your email below.  So it seems we have agreement here and can drop any dispute about Section 9.2(g).

I'll be back in touch at around 11 with our final positions on the source code document you sent over- we agree with some, and disagree with others.  Per our conversation last week about procedure, let's plan to exchange our respective versions of the competing protective orders today- how about at 4 pm PT, which gives us both a few hours to finalize before exchanging?  Please confirm that works for you.

Thanks,
Ilissa
**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**Exhibit 4**
**-35-**

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, June 11, 2020 12:35 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

I think it would need to be testimony that an individual had access to the information at issue, either by having access to that document or another document containing the same information.  I don't think general testimony that an individual had access to a broad category of documents alone would be enough.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, June 10, 2020 3:06 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Would "sworn witness testimony" have to be about the specific document at issue, or are you saying, for example, that if a witness testified that Joe saw a certain category of documents (within which the document at issue falls), that's sufficient?

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 6:10 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective

**Exhibit 4**
**-36-**

Order

[External Email]
Ilissa - I am still checking with my team on this, but here is a small change to the language we discussed today to cover situations where another document shows the individual had access.  In the interest of time, please ask your team to look at this version.

> 9.2(g): "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the information based on the face of the document, the document's metadata, ~~or other information~~ other documents, or sworn witness testimony."

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 9, 2020 4:54 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Will do.  Thanks.

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 4**
**-37-**

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 4:48 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

[External Email]
Sure.  Let's talk at 5pm.  Please use the following dial in number:

Phone number: 877-678-4585
Room #: 950-412-397

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 9, 2020 4:30 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam,

Apologies my day got away from me.  Any chance you are free to speak within the next
hour (4:30-5:30)?

**Ilissa Samplin**

**Exhibit 4**
**-38-**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 9:04 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

It appears we are at an impasse on the other issues.  However, we are open to discussing further if you have other ideas.  My schedule is fairly open today, so please let me know if you would like to arrange a call to discuss.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 8, 2020 8:25 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson

Exhibit 4
-39-

<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam,

Do you have a response to the other items below that do not relate to source code?  Or
are we to assume that your failure to address them signals that the parties are at an
impasse?

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 8, 2020 5:38 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

[External Email]
Ilissa,

In the interest of compromise, we again attempted to redline Apple's source code
provisions (Sections 4.5 and 11) in the attached document.  Please let us know if Apple
agrees.  If the parties are unable to reach an agreement, we reserve the right to revert
back to our prior proposals, which track Judge Early's language from the *True*

**Exhibit 4**
**-40-**

*Wearables* case.

We continue to disagree with your suggestion that Plaintiffs are the source of any
delay.  We are trying to move this forward as quickly as possible and proposed the 7-
day turnaround to eliminate inequities that result from one parties' time running over a
weekend.  We suggest a mutual four business-day turnaround after the parties reach
an impasse on all issues.  Please let us know if Apple agrees.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 5, 2020 7:44 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam,

Apple's responses are in line below.

In terms of schedule, we do not understand why Plaintiffs need 7 days to prepare their
submission, particularly given that the parties have been engaged in meet and confers
about the issues in dispute for weeks now.  Plaintiffs are, and have been, well aware of
the disputes.  We don't see any reason to continue to delay bringing this protective
order to the Court's attention.  How about we compromise on 5 days per party?

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

**Exhibit 4**
**-41-**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, June 3, 2020 4:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

[External Email]
Ilissa and Brian,

Thank you for discussing this matter with me today.  Below is a summary of our
conversation.

**Section 3**: Plaintiffs believe Judge Early will not agree with Apple's changes to his
model.  We will not include Apple's edits in our draft, but we will indicate that we do
not oppose the changes if the Court deems them acceptable.

<span style="color:red">As I noted on our call, we do not understand why Plaintiffs insist on having this
undisputed issue eat up space in the filing.  If Plaintiffs do not oppose the changes, why
not just agree to them so we can narrow the issues in dispute that the Court must
consider (since there are many)?</span>

**Section 4.5**: Plaintiffs continue to disagree with Apple's definition of "source code," as
including information that is not source code.  In the interest of compromise, we could
agree to the following definition of source code if it resolves this issue: "extremely
sensitive 'Confidential Information or Items' representing computer code, scripts,
assembly, binaries, object code, source code listings (e.g., file names and path
structure), source code comments, object code listings, and Hardware Description
Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design
of any ASIC or other chip, disclosure of which to another Party or Non-Party is likely to
cause harm or significant competitive disadvantage to the Producing Party."

<span style="color:red">Masimo's proposed compromise is still not agreeable to Apple.  First, descriptions of</span>

**Exhibit 4
-42-**

source code in internal documents and emails can and often do reveal important details about how the source code operates and thus deserves the same level of protection as the source code itself.  Thus, limiting the provision to only source code comments is not sufficient.  Second, CAD files are complex sets of data that must be rendered by a CAD review tool.  Therefore, having CAD files on a source code review computer with software to render those files is the way Apple believes is most efficient and protective of the material.  CAD files do not render well into TIF or PDF and Apple will not agree to produce those files natively due to how sensitive and confidential they are.  Again, CAD files are source code in the sense that they are computer files designed to be rendered and interpreted by software and thus are source code and should be categorized as such.

**Section 5.1**: Plaintiffs agree to Apple's proposal.  The parties have no dispute on this section.

Agreed.

**Section 5.5 and 6**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

We are at an impasse on this issue.

**Section 7.1**: The parties agreed to strike the sentence beginning with "The Designating Party must designate," but retain the sentences beginning with "Mass, indiscriminate" and "If it comes to a Designating Party's attention."  The parties have no dispute on this section.

Agreed.

**Section 7.2(d)**: We agree with Apple that "altered" means information that was altered after production of a native file before printing.  The parties have no dispute on this section.

Thank you for confirming.  Agreed.

**Section 8.1**: Plaintiffs explained they are proposing the parties abide by Judge Early's model to avoid disputes as to whether this paragraph imposes additional burdens beyond LR 37-1.  Please let us know if Apple agrees.

In the interest of compromise, Apple will agree to delete the additional language.  The parties now have no dispute on this section.

**Section 9.1 (1st paragraph):** Apple indicated it would agree to our changes to this section if we agreed to Apple's version of Section 5.1, which Plaintiffs have done.  Thus, the parties have no dispute on this section.

**Exhibit 4**
**-43-**

Agreed.

**Section 9.1 (2nd paragraph)**: Plaintiffs disagree with Apple's edits, which impose burdens beyond those required by U.S. Export Administration Regulations.  For example, Apple's proposal would prevent the parties from using a Canadian national who lives in the U.S. as an expert, or taking depositions in Canada.  We understand Apple's concern is that it wants an opportunity to object if it believes Plaintiffs will misinterpret U.S. Export Regulations.  As a compromise, we could agree to add the following to the end of our proposal if it resolves the issue: "Before exporting Designating Material or providing Designating Material to a foreign national, the Receiving Party will provide notice to the Producing Party of the country and/or foreign national to which it intends to export information to allow the Producing Party an opportunity to object.  If the parties are unable to agree, the Producing Party may move the Court for a protective order."  Please let us know if Apple agrees.

Apple does not agree.  Your proposal places the burden on Apple if there is disagreement, which we believe is inconsistent with the export regulations.  Perhaps if Plaintiffs would tell us more about what they plan to do that would run afoul of Apple's proposed language, we could work out a compromise here.  But in the absence of additional information, we are going to need to insist on Apple's proposed language.

**Section 9.2 (b)**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

We are at an impasse on this issue.

**Section 9.2 (c)**: The parties agreed to use the term "person" instead of "Person" in the "Pre-Access Disclosure Requirements" section to avoid ambiguity since "Person" is undefined.  The parties agreed to Plaintiffs' other edits in subparagraph (iv).  The parties disagree on Apple's proposal regarding an ongoing disclosure requirement.

In the interest of compromise, Apple will drop the ongoing disclosure requirement.  The parties now have no dispute on this section.

**Section 9.2(f)**: As discussed, this provision is necessary because Consilio indicated it intends to work for Apple in this case even though it worked for Plaintiffs in the True Wearables case.  You agreed to ask Apple whether it will use Consilio in this case.

We disagree with this provision.  As noted previously, we have never seen a provision like this before and we do not believe this is a protective order issue.  Vendors work across parties all the time.  Can you please provide authority for the provision you are requesting?

**Section 9.2(g)**: Plaintiffs suggest the following compromise if it resolves the issue: "the

Exhibit 4
-44-

author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the information based on the face of the document, or the document's metadata, or other information."  Please let us know if Apple agrees.

With the edits in red above, Apple will compromise on this approach.  Apple cannot agree to the "or other information" language, which continues to present the same problem we raised on our call that prompted these edits (i.e., it must be discernable from the face of the document or the document's metadata, otherwise it is impossible to police).

**Section 9.2(h)**: Plaintiffs explained that this paragraph (which is in Judge Early's model) applies only to "Confidential" information and not AEO or Source Code information.  Please let us know if Apple agrees to Plaintiffs' proposal.

We are at an impasse on this issue.

**Section 9.3**: Plaintiffs disagree with Apple's edits.

We are at an impasse on this issue.

**Section 10**: Plaintiffs disagree with Apple's edits

We are at an impasse on this issue.

**Section 11**: Plaintiffs disagree with Apple's edits

We are at an impasse on this issue.

**Section 14**: Plaintiffs agree to change "designate" to "maintain."  The parties have no dispute on this section.

Agreed.

**Section 16.5:** Plaintiffs continue to object to this paragraph as overbroad.  Plaintiffs are willing to agree that the Protective Order applies to the Parties, anyone who obtains access to the Protected Material, and their successors.  Please let us know if Apple agrees.

In the interest of compromise, Apple will agree to Plaintiffs' proposal.  The parties now have no dispute on this section.

**Section 16.7:** Plaintiffs explained that their edits are necessary because some disputes with third parties (e.g., a motion to quash a subpoena) may need to be resolved in other jurisdictions.  We suggested the parties agree that disputes between the parties

Exhibit 4
-45-

be resolved by the Central District.  Please let us know if Apple agrees.

In the interest of compromise, Apple will agree to Plaintiffs' proposal.  The parties now have no dispute on this section.

**Section 16.8**: Plaintiffs explained that this provision is problematic because the Protective Order changes many discovery rules.  For example, the Protective Order provides more protection for inadvertently produced privileged information.  Please let us know if Apple agrees to remove this paragraph.

Apple disagrees with Plaintiffs' position.  Nonetheless, in the interest of compromise, Apple will agree to drop this provision.  The parties now have no dispute on this issue.

**Section 17 (first sentence)**: Plaintiffs' proposal is consistent with Judge Early's model and avoids disputes as to when exactly "Final Disposition" occurred.  Apple agreed to consider our proposal.

We do not understand the insistence on written notice.  This seems to be an effort to elevate form over substance, and to impose unnecessary burdens on *all parties*, who already know that they will want their highly sensitive information, including source code, returned or destroyed at the end of this action.  We ask you to reconsider this issue, particularly in light of how many compromises we have made above.  If you will not reconsider dropping the written notice requirement, we will have to brief this issue too.

**Section 17 (source code)**: Plaintiffs asked for Apple's position on this change, which is intended to use the defined term in order instead of the undefined term "Source Code."  You thought this change seemed fine, but will follow up.

This is fine.  The parties have no dispute on this issue.

Please let us know Apple's position on these issues by close of business tomorrow.  We will similarly agree to respond to any remaining issues in one business day.  When the parties reach an impasse on all remaining issues, we suggest Plaintiffs provide their portion of the joint stipulation within 7 days, Apple respond with its portion within 7 days, and the parties file the motion the next day.  Please let us know if Apple agrees.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

Exhibit 4
-46-

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 7:30 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Speak to you then.

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Jun 2, 2020, at 6:33 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> 9am works for me.  Please use the dial in number below.
>
> Phone number: 877-678-4585
> Room #: 950-412-397
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 5:51 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Exhibit 4**
**-47-**

**Cc:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>; Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>; Buroker, Brian M. <[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Perry.Oldham <[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson <[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen <[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; Morrisson, Haley S. <[HMorrisson@gibsondunn.com](mailto:HMorrisson@gibsondunn.com)>; Joe.Re <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>; Masimo.Apple <[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>; Morgan, Tracy A. <[TMorgan2@gibsondunn.com](mailto:TMorgan2@gibsondunn.com)>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

I am tied up at 10.  Can we speak at 9?

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
[333 South Grand Avenue, Los Angeles, CA 90071-3197](#)
Tel [+1 213.229.7354](tel:+12132297354) • Fax [+1 213.229.6354](tel:+12132296354)
[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

> On Jun 2, 2020, at 5:45 PM, Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)> wrote:
>
>  [External Email]
> Ilissa,
>
> I think many of these issues are more easily addressed over the phone.  Are you available to talk at 10am pacific tomorrow?  If not, please let me know when you are available.
>
> Thanks,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
> ---
>
> **From:** Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>

**Exhibit 4**
**-48-**

**Sent:** Saturday, May 30, 2020 10:27 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>;
Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re
<Joe.Re@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call -
Proposed Protective Order

Adam:

Here is a summary of our comments to your edits.  You are
correct that there are many areas where the parties have
reached an impasse, but I've flagged where Apple is willing
to compromise to narrow issues in dispute and I am hopeful
that Plaintiffs will do the same, so that we can tee up a
limited number of key disputes for the Court.  While we
recognize that the process has delayed on both sides, we
would appreciate if you could do your best to get back to us
by COB on Tuesday, June 2 (if not before) on the below so
that we can move this forward expeditiously since the
process has dragged on long enough.  Thank you.

PO Section 3:  Apple disagrees with Plaintiffs' deletion.  This
case will involve the production of source code, trade
secrets, and highly confidential and competitive
information.  The designation of such materials shall raise a
presumption of good cause for filing under seal—and, quite
frankly, we are surprised that Plaintiffs would want this any
other way.

PO Section 4.5:  Apple disagrees with Plaintiffs' edits.  Is the
issue here CAD files and associated limitations on
printing?  If that's the issue, let's discuss, as it seems the
parties should be able to resolve this dispute if so.

PO Section 5.1:  Apple disagrees with Plaintiffs' edits.
Apple's language tracks the N.D. Cal's MPO for cases
involving patents and trade secrets.  Apple's language also

Exhibit 4
-49-

reflects the standard scope of protective orders in nearly all cases—i.e., protected material should be used or disclosed only for purposes of prosecuting, defending, or attempting to settle the *present* litigation.

<u>PO Sections 5.5 & 6</u>:  It seems silly to spend time arguing about how confidential material shall be handled at trial.  In the interest of efficiency, we suggest that the parties drop the provisions pertaining to treatment at trial and agree to Paragraph 3 from the N.D. Cal's MPO for cases involving patents and trade secrets:  "Any use of Protected Material at trial shall be governed by a separate agreement or order."  The parties will reserve all their rights with respect to treatment at trial; we will just agree to defer the issue for now, to be taken up in a separate agreement or order down the road.

<u>PO Section 7</u>:  Apple will not agree to the following language, which is incredibly burdensome and unprecedented in a case involving a high volume of ESI:  "The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order."  Again, we do not understand why Plaintiffs would want to take on this immense burden with respect to every piece of ESI flagged for production by Plaintiffs in this case.

If a provision of this type is important to Plaintiffs, Apple will agree to the following compromise provision, limited to written discovery responses:

<u>Partial Designation of Written Discovery</u>.  Where only certain information in a written discovery response meets the requirements for the confidentiality designations listed in Paragraph ___, the Producing Party may so designate that information by marking the first page of the document and every page on which confidential information appears as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion of a page contains Protected Material, the Producing Party must produce two copies of the discovery response – one with the Protected Material redacted, and one with the pages containing Protected Material marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE,"

**Exhibit 4**
**-50-**

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

PO Section 7.2(b):  Apple is willing to accept Plaintiffs' edits.

PO Section 7.2(d):  Apple is generally willing to accept Plaintiffs' edits – but we should make sure we are on the same page of the meaning of "altered."  Sometimes documents are modified in the natural course of an email exchange.  We assume that would *not* be covered by the definition of "altered"—and that by "altered" you mean modified or changed by the litigators for purposes of the deposition or proceedings.  But please clarify if that was not your intent.

PO Section 8.1:  What is the rationale for deleting the requirement that the parties identify the documents or information that they contend should be differently designated and the ground for the objection?  Isn't that the nature of a good faith meet and confer?  Without such information, there would be no possible way for the parties to even attempt to resolve the issue without court intervention.

PO Section 9.1:
- First paragraph:  Apple can only agree to Plaintiffs' edits here if Plaintiffs drop their edits to Section 5.
- Second paragraph:  We are confused by the edits.  Apple's data needs to stay in the United States and be subject to U.S. export controls.  Are Plaintiffs pushing back because they intend to export Apple data?
- Fourth paragraph:  Apple is willing to accept Plaintiffs' edits.

PO Section 9.2(b):  Apple disagrees with Plaintiffs' edits.

PO Section 9.2(c):
- Apple is willing to accept Plaintiffs' proposed language about an expert's staff.
- Apple rejects Plaintiffs' substitution of "expert" for "person" (please share the rationale here, because it doesn't make sense to us).
- Apple is willing to accept Plaintiffs' "past five years" language addition.
- Apple is willing to compromise with the following change to the language Plaintiffs struck:  During the

Exhibit 4
-51-

pendency of and for a period of one (1) year after the Final Disposition of this action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation, or patenting of non-invasive physiological monitoring technologies, or the acquisition of intellectual property assets relating to non-invasive physiological monitoring technologies.

PO Section 9.2(f):  Apple disagrees with Plaintiffs' edits.  We have never seen any language like this before, are not aware of any precedent for it, and do not see a reason why it should be entered in this case.

PO Section 9.2(g):  Apple is willing to accept the red portion of the following language Plaintiffs added; Apple will not agree to the black portion of the language Plaintiffs added (it would be impossible to discern):  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

PO Section 9.2(h):  Apple disagrees with Plaintiffs' edits.  This appears to be a blatant attempted end run around other provisions.  Why would we agree to let, for example, third parties see Apple source code simply because they sit for a deposition and sign a PO?  This is another provision of the type we have never seen before and we are not aware of any precedent for it.

PO Section 9.3:  Apple disagrees with Plaintiffs' edits.

PO Section 10:  Apple disagrees with Plaintiffs' edits.

PO Section 11:  Apple disagrees with Plaintiffs' edits.

PO Section 12 (intro para):  Apple is willing to accept Plaintiffs' edits.

PO Section 12 (c):  Apple is willing to accept Plaintiffs' edits.

PO Section 14:  Apple is willing to accept Plaintiffs' edits if we can agree to change "designate" to "maintain" ("designate" seems to impose a new obligation, whereas this provision is

Exhibit 4
-52-

talking about the right to maintain a prior designation despite any inadvertent disclosure).

PO Section 16.5:  Apple disagrees with Plaintiffs' deletion.

PO Section 16.6:  Apple is willing to accept Plaintiffs' deletion.

PO Section 16.7:  Can you please explain the rationale here?  It seems more efficient for everyone to agree that the same Court hearing this case and entering the Protective Order will have jurisdiction over disputes that arise under that Protective Order.  What are we missing?

PO Section 16.8:  Can you please explain Plaintiffs' concern here?  All this provision says is that the discovery rules remain unchanged.  Unless we are missing something, that seems to be in everyone's' interest.

PO Section 17:  Apple is willing to accept Plaintiffs' modification to 60 days if Plaintiffs will remove the written notice requirement.  We already know that the parties are going to be producing sensitive documents that they will want destroyed or returned at the end of the litigation.  Why require the formality of a written request to trigger return or deletion?  Automatic return or deletion is standard, including under the N.D. Cal's MPO for cases involving patents and trade secrets.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Friday, May 29, 2020 7:36 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa

**Exhibit 4**
**-53-**

<ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrison, Haley S.
<HMorrison@gibsondunn.com>; Joe.Re
<Joe.Re@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Hi Adam,
Thanks for your email.  We plan to get back to you this weekend.
Have a nice weekend.
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, May 28, 2020 5:30 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrison, Haley S.
<HMorrison@gibsondunn.com>; Joe.Re
<Joe.Re@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Angelique,

I am writing to check on the Protective Order.  Please let us

Exhibit 4
-54-

know when Apple expects to provide its response.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe** Martens

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, May 20, 2020 5:17 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Angelique,

Attached are our edits to the Protective Order after accepting Apple's redlines.  The parties may have reached an impasse on some issues, but we hope the parties can agree on other issues to narrow the dispute.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe** Martens

---

**From:** Adam.Powell
**Sent:** Tuesday, May 19, 2020 5:44 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa

**Exhibit 4**
**-55-**

<ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re
<Joe.Re@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call -
Proposed Protective Order

Angelique,

We will respond as soon as we can.  We note that Apple took
13 days to respond to our last draft, but you sent this email
only 5 days after Apple sent its draft to Plaintiffs.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245** Direct
**Knobbe** **Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, May 18, 2020 8:19 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re
<Joe.Re@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>
**Subject:** FW: Masimo v. Apple: follow up from March 10 call
- Proposed Protective Order

Adam,
I am writing to follow up on the below email and
attached draft PO.   Can you please let us know when we
should expect Plaintiffs' responses to our comments?
Thanks very much,

Exhibit 4
-56-

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Wednesday, May 13, 2020 1:50 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Below please find Apple's responses to Plaintiffs' last redlined draft of the stipulated protective order.  We have accepted many of Plaintiffs' suggested edits and also proposed compromise language in several cases.  However, there are some provisions for which Apple does not agree to Plaintiffs' suggested edits.  As to those, we request that Plaintiffs revisit their position and state if there is any compromise they are willing to accept, and if so, the terms of that proposed compromise.
Thanks very much,
Angelique

| PO | Plaintiffs' Proposal | Apple's Response |
|----|----------------------|------------------|
| 1 | Plaintiffs changed wording to clarify that the PO applies to disclosures under Rule 26. | Apple accepts Plaintiffs' edit. |

**Exhibit 4**
**-57-**

| | | |
|---|---|---|
| 2 | Plaintiffs inserted "or any applicable authority" to clarify that a protective order can be entered pursuant to Rule 26(c) or "any applicable authority." | Apple accepts Plaintiffs' edit. |
| 3 | Plaintiffs deleted section about designation of Source Code or AEO material as being presumptively good cause for filing under seal.  Plaintiffs also added paragraph regarding filing under seal for dispositive motions or trial. | Apple accepts Plaintiffs' edits, with Apple's modifications— i.e., (1) deleting the "compelling reasons" language in the first paragraph since we think it can be read to imply a higher burden w/r/t non-dispositive motions; (2) rejecting the proposed deletion of the source code language; and (3) adding "in connection with a dispositive motion or trial" to the second paragraph to clarify. |
| 4.4 | Plaintiffs deleted the word "economic" before the word "harm" in the definition of AEO material. | Apple accepts Plaintiffs' edit. |
| 4.5 | Plaintiffs modify the definition of "Highly Confidential - Source Code."  Plaintiffs also deleted the word "economic" before the word "harm" as they did in paragraph 4.4. | Apple agrees to delete the word "economic" before the word "harm."  Apple does not agree to the |

Exhibit 4
-58-

|  |  | modification of the definition of "source code" and asks Plaintiffs to reconsider Apple's original definition. |
|---|---|---|
| 4.12 & 4.13 | Plaintiffs removed the qualifiers "to whom it is reasonably necessary to disclose the information for this litigation" when discussing which support staff should have access to protected materials. | Apple accepts Plaintiffs' edits. |
| 5.1 | Plaintiffs modified the scope of the PO so that any protected materials could be used in "other cases or proceedings involving the parties." | Apple does not accept Plaintiffs' suggested edits and requests that Plaintiffs reconsider Apple's original language. Apple's original language restricted use of protected material to this case and any affiliated appeals, and prohibited use of the documents in patent prosecutions, reexaminations, or any other competitive purpose. This is a standard provision. |

Exhibit 4
-59-

| 5.3 | Plaintiffs included new language (in red): "Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose." Plaintiffs deleted the following stricken language: "Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material." | Apple accepts Plaintiffs' edit. |
|---|---|---|
| 5.4 | Plaintiffs suggested new language: "This Order does not preclude any Party or Non-Party from using Protected Material for any purpose with the consent of the Producing Party or by order of the Court." | Apple would be willing to accept this language if "for any purpose" is deleted. |
| 5.5 (paragraph 1) | Plaintiffs make various word changes to this paragraph, which deals with the ability of the parties to ask the Court to modify the PO. | Apple accepts Plaintiffs' edits. |
| 5.5 (paragraph 2) | Plaintiffs insert the following two sentences: "Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial." | Apple does not agree to Plaintiffs' insertion of this paragraph. This provision can be read to suggest that the PO would not govern protected |

Exhibit 4
-60-

| | | material once the parties got to trial. |
|---|---|---|
| 6 | Plaintiffs modify this paragraph, which governs the duration of the PO, to include the following: "Once a case proceeds to trial, information that was designated or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record)." | Apple proposes the following compromise language:  "The Party seeking admission of any protected material into evidence at trial shall be required to satisfy applicable filing under seal requirements of the trial court for any information that was designated or maintained pursuant to this protective order that is used or introduced as an exhibit at trial." |
| 7 | Plaintiffs modify this provision (at 7.1), which governs the designation of protected material, to include the following: "<mark>Exercise of Restraint and Care in Designating Material for Protection</mark>. <mark>Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under</mark> | Apple proposes the following compromise language (same as highlighted): "Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates |

Exhibit 4
-61-

| | | |
|---|---|---|
| | the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation." | information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions." |
| 7.2(b) | Plaintiffs change the requirements for how deposition transcripts should be designated when they involve protected material and delete language precluding certain individuals from attending a deposition. | Apple does not accept Plaintiffs' edits. Apple's language is important for ensuring that anyone who picks up the transcript or |

Exhibit 4
-62-

| | | |
|---|---|---|
| | | reviews the video of the deposition is fully aware that it has been designated as protected.  It also contains important provisions regarding the exclusion of individuals from the deposition who do not have authority to access protected material.  However, we are willing to modify Apple's language slightly (as shown in the attached) so that the phrase "shall be marked" instead says "shall be designated pursuant to the terms of this Protective Order and identified . . ." |
| 7.2(d) | Plaintiffs deleted this paragraph concerning production and use of electronic files, stating that they believe it was covered by the ESI stipulation. | Apple will agree to delete the first sentence of this paragraph ("for electronic files . . . . produced in |

Exhibit 4
-63-

| | | electronic format") because that is in the ESI stip. However, we need to keep Apple's language for the rest of the paragraph.  The ESI stipulation does require the parties to include "confidential" in the file name of a native file that is confidential – but nothing else in this paragraph (starting with "When electronic files or documents are printed for use at deposition...") is in the ESI stip. Restrictions on the use of files at depo and the rest of the paragraph are properly (and traditionally) in a PO, so they should not be removed. |
|---|---|---|
| 7.3 (mislabeled as 7.2) | Plaintiffs deleted what was formerly paragraph 16, which also dealt with inadvertent | Apple cannot accept Plaintiffs' |

Exhibit 4
-64-

| | | |
|---|---|---|
| | failures to designate protected materials, and consolidated the paragraph here. | proposal wholesale because the proposal omits important language from Apple's Model. Please see proposed compromise language in attached document. |
| 7.3 (mislabeled as 7.2) | Plaintiffs deleted a paragraph regarding when a Receiving Party is in possession of materials that the Producing Party inadvertently failed to previously designate as such. | Apple does not accept Plaintiffs' proposed deletion and requests that Plaintiffs reconsider Apple's original language. |
| 8.1-8.2 | Plaintiffs modified the dispute procedures to delete some of the language that came from Apple's PO, stating that L.R. 37-1 already covered disputes. | Apple's language and L.R. 37-1 are complementary and Apple's language serves to clarify and bolster L.R. 37-1's purpose. Nonetheless, Apple proposes the following compromise language: "Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in |

Exhibit 4
-65-

| | | |
|---|---|---|
| | | Local Rule 37-1 and shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection." ~~"If the parties are unable to resolve the challenge, tThe~~It shall be the responsibility of the Challenging Party to~~shall~~ initiate the dispute resolution process under Local Rule 37-1 et seq." |
| 9.1 (second paragraph) | Plaintiffs deleted provisions referring to export regulations. | Apple does not agree to Plaintiffs' deletion of these provisions and requests that Plaintiffs reconsider Apple's original language. These are standard provisions that |

Exhibit 4
-66-

| | | address legitimate security concerns. |
|---|---|---|
| 9.1 (third paragraph) | Plaintiffs re-word Apple's language regarding restrictions on the use of material that a Receiving Party obtains from a source other than the Producing Party in this litigation. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' language would invite more disputes than Apple's, which is more specific than Plaintiffs'. |
| 9.2(b) | Plaintiffs suggest a revision as to who has access to protected material. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| 9.2(c) | Plaintiffs revise the requirements for experts' access to protected materials. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' proposed language is too vague in certain |

Exhibit 4
-67-

| | | areas, does not include the provision of information that is critical to Apple (e.g., the person's current employer and title), does not include patent prosecution and other proceedings, does not include time limits for objections, etc. It also deletes the requirement that the expert is not presently an officer, director, employee of a Party or of a competitor of a Party and deletes the requirement for disclosures related to patents of that expert. |
|---|---|---|
| 9.2(g) | Plaintiffs added language allowing the author or recipient of a document containing protected material to be shown the material. | Apple does not agree to Plaintiffs' proposed language for the reasons discussed on our call. |
| 9.2(h) | Plaintiffs added language allowing anyone to be shown | Apple does not agree to |

Exhibit 4
-68-

| | | protected material during a deposition so long as they agreed to be bound by the PO. | Plaintiffs' proposed language. This language does not provide any mechanism for the producing party to have an opportunity to object to disclosure to an individual that should not see the producing party's confidential information, like someone that is a competitive decision-maker with a competitor or supplier. |
|---|---|---|---|
| | 9.3 | Plaintiffs modified who can see AEO material to those who are not "competitive decision-makers of a Party." | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| | 10 | Plaintiffs revised the prosecution bar language. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' |

Exhibit 4
-69-

| | | proposed language does not adequately protect Apple from the risk of misuse of its confidential information during acquisitions, during post-grant proceedings and other circumstances as compared to Apple's proposed provision. |
|---|---|---|
| 11 | Plaintiffs revise the paragraph regarding Source Code. | As a compromise and to address Plaintiffs' articulated concern, Apple proposes a modification for the amount of source code that can be printed (15 consecutive pages and 200 pages in the aggregate).  As to the rest of Plaintiffs' proposed language, Apple does not agree to it and requests that Plaintiffs reconsider Apple's original |

Exhibit 4
-70-

|  |  | language. |
|---|---|---|
| 12 | Plaintiffs revision:  "If a Party is served with a ~~subpoena~~ ~~by any court, arbitral, administrate or legislative body~~ or a court order issued in other litigation that ~~requests or~~ compels disclosure of any Protected Material, that Party must . . ." | Apple does not agree to Plaintiffs' proposed language and request that Plaintiffs reconsider Apple's original language.  The stricken language is important.  Apple needs to know if a party is served with a discovery request in an arbitration, for example. |
| 12(c) | Plaintiffs deleted a requirement that the designating party seek a protective order within 10 days of a full written notice of subpoena. | Apple does not agree to Plaintiffs' proposed edit. This provision encourages the Designating Party to act diligently. |
| 14 | With respect to the unauthorized disclosure of protected material, Plaintiffs propose adding the following revisions to subsection (d) and the sentence after that:  ". . . (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.  A Receiving Party's unauthorized or inadvertent disclosure does not change the status of Discovery Material or | Apple accepts the addition of subsection (d), but does not agree to the alterations in the last sentence. |

Exhibit 4
-71-

| | | |
|---|---|---|
| | alter a Producing Party's ~~waive the~~ right to designate ~~hold~~ the ~~disclosed document or~~ information as Protected Material." | |
| 16 | Plaintiffs attempted to incorporate this paragraph into paragraph 7.3 discussed above. | Apple will agree to delete this provision only if Plaintiffs incorporate the missing provisions into paragraph 7. Please see response regarding paragraph 7.3. |
| 17.5 & 17.6 | Plaintiffs delete these paragraphs. | Apple does not agree to Plaintiffs' wholesale deletion of these paragraphs. |
| 16.5 (formerly 17.7) | Plaintiffs deleted a provision designated C.D. Cal. as the jurisdiction responsible for interpreting and enforcing the PO. | Apple does not agree to Plaintiffs' deletion of these standard sentences. |
| 17.8 | Plaintiffs deleted the provision that states that nothing in the PO modifies the discovery rules. | Apple does not agree to Plaintiffs' deletion of this paragraph. This is in the PO for clarity and should remain. |
| 17 (formerly 18) | Plaintiffs modify the disposition of records so that the requirement is triggered only when a Designating Party serves a written request, rather than automatically | Apple does not agree to Plaintiffs' proposed language and requests that |

Exhibit 4
-72-

| | | after final disposition. | Plaintiffs reconsider Apple's original language. |
|---|---|---|---|
| 17 (formerly 18), penultimate sentence | Plaintiffs modified this provision so that experts are only required to return or destroy any material that is designated as "HIGHLY CONFIDENTIAL - SOURCE CODE." | | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Apple's language required return of any materials that qualified as "Source Code." This would include, for example, notes that the expert took of source code. |

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 30, 2020 12:42 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson

Exhibit 4
-73-

<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call -
Proposed Protective Order

[External Email]
Angelique,

Attached are our edits to the Protective Order.  Please let us
know if you have any questions.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245** Direct
**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Tuesday, April 28, 2020 12:47 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call -
Proposed Protective Order

Angelique,

We disagree with your email below.  We identified
numerous problems with Apple's prior draft.  Apple added
much of that same language to Plaintiffs' draft without even
discussing the matter with Plaintiffs.  By contrast, we are
trying to understand your changes and possibly reach an
agreement before outright rejecting the changes.  We look
forward to discussing these issues at 3:30pm.  Please use the
dial in number below:

Phone number: 877-678-4585

Exhibit 4
-74-

Room #: 950-412-397

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, April 28, 2020 8:49 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call -
Proposed Protective Order

Adam,
Thanks for your email.  We can speak at 3:30 pm Pacific
today.  Please circulate a dial-in.
The record is clear regarding the history of this meet and
confer.  Plaintiffs were unwilling even to comment on
two versions of the draft Protective Order that Apple
previously sent.  After we sent you a mark-up of
Plaintiffs' draft, Plaintiffs still appear to be unwilling to
mark up that draft.
Apple reserves all rights.
Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**Exhibit 4**
**-75-**

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 27, 2020 8:11 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Angelique,

Thank you for your email.  We note that Apple took 17 days to provide the initial draft protective order on Friday, March 27.  We responded two business days later asking Apple to use Judge Early's order as a model.  When Apple refused, we prepared a draft based on Judge Early's model and sent it to Apple promptly on April 6.  Apple then took 10 days to provide its edits.  The edits Apple provided contain extensive changes, most of which appear problematic.  We started redlining edits, but it ended up changing most of the draft back to the way we had it.  The parties will likely need to submit competing proposals, but we would like to meet one more time to try to understand why Apple made a number of changes and see if we can reach an agreement.  Please let us know when you are available to talk over the next few days.  I am generally free after 3pm on Tuesday or Wednesday.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

Exhibit 4
-76-

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, April 27, 2020 2:41 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,
It has been 11 days since we sent you Apple's redline of the proposed Protective Order.  When will Plaintiffs be providing responses to our comments?
Thanks very much,
Angelique

Angelique Kaounis

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Thursday, April 16, 2020 9:00 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your letter, which per my below email is

Exhibit 4
-77-

premature since as promised, I am attaching Apple's redlines to the proposed protective order you sent us. Please review this draft and provide comments to this draft—something Plaintiffs were unwilling to do with regard to either of the drafts we sent you on March 27 and April 3. After you have reviewed and commented on the draft, we would be happy to set up a meet and confer to discuss next week.

In the meantime, in my brief review of your letter, I noted that you have once again misstated the facts of our meet and confer call on March 10. During that call, we specifically raised the fact that we would provide a draft PO based on our/Apple's experience, and that it would be faster if we provided that to you first. In response, someone from your side requested that we take into consideration any material provisions from Judge Early's Model Order, which we did. Apple reserves all rights to further respond to your letter and to make additional edits to the draft PO.

Thanks very much,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 16, 2020 6:21 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Exhibit 4
-78-

[External Email]
Angelique,

Please see my attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Wednesday, April 15, 2020 10:39 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,
Thanks for your email.  We expect to send you a redlined draft in the next day or so.
Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, April 15, 2020 3:44 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Exhibit 4**
**-79-**

**Cc:** Lyon, H. Mark <<u>MLyon@gibsondunn.com</u>>; Lerner, Joshua H. <<u>JLerner@gibsondunn.com</u>>; Buroker, Brian M. <<u>BBuroker@gibsondunn.com</u>>; Samplin, Ilissa <<u>ISamplin@gibsondunn.com</u>>; Perry.Oldham <<u>Perry.Oldham@knobbe.com</u>>; Stephen.Larson <<u>Stephen.Larson@knobbe.com</u>>; Steve.Jensen <<u>Steve.Jensen@knobbe.com</u>>; Joe.Re <<u>Joe.Re@knobbe.com</u>>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

We are writing to follow up on your email below.  Please let us know when you expect to send us the draft protective order.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245** Direct
**Knobbe** Martens

---

**From:** Kaounis, Angelique <<u>AKaounis@gibsondunn.com</u>>
**Sent:** Thursday, April 9, 2020 12:11 PM
**To:** Adam.Powell <<u>Adam.Powell@knobbe.com</u>>
**Cc:** Lyon, H. Mark <<u>MLyon@gibsondunn.com</u>>; Lerner, Joshua H. <<u>JLerner@gibsondunn.com</u>>; Buroker, Brian M. <<u>BBuroker@gibsondunn.com</u>>; Samplin, Ilissa <<u>ISamplin@gibsondunn.com</u>>; Perry.Oldham <<u>Perry.Oldham@knobbe.com</u>>; Stephen.Larson <<u>Stephen.Larson@knobbe.com</u>>; Steve.Jensen <<u>Steve.Jensen@knobbe.com</u>>; Joe.Re <<u>Joe.Re@knobbe.com</u>>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  As explained in my prior email, we stated on the March 10 call that Apple had a model PO that we would modify for purposes of this case.  We did, including by considering the provisions of Judge Early's model PO.  Rather than comment on Apple's draft, Plaintiffs simply rejected it.  When we attempted to

**Exhibit 4**
**-80-**

address Plaintiffs' articulated concern regarding
reciprocity of the patent prosecution bar, Plaintiffs still
refused to comment on Apple's draft—instead insisting
that the parties essentially start from scratch, using Judge
Early's model PO.

In light of Plaintiffs' unwillingness to use Apple's model
PO, we will, as soon as practicable, send you an updated
version of the draft PO that you sent us with Apple's
proposed redlines.  That draft should address most, if not
all of the points you raise below.

thanks very much,
Angelique

Angelique Kaounis

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, April 8, 2020 7:04 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

Your summary of our March 10 meet and confer is not
consistent with our recollection.  We specifically said that
the parties needed to use Judge Early's protective order as a
model and stated that we would prepare a draft.  We agreed
to Apple preparing the initial draft only because we

Exhibit 4
-81-

understood Apple agreed to use Judge Early's protective order as a model.  We recently had a Magistrate Judge in the Central District refuse to enter a Protective Order because it did not follow that Magistrate Judge's model order, resulting in significant delay and wasted resources.  We do not want to risk the same thing happening in this case.

Additionally, your proposal continues to contain numerous objectionable and non-reciprocal provisions, including the prosecution bar issue discussed below.  You claim to have made the patent bar reciprocal, but it still applies only to "any person on behalf of the **Plaintiffs** who receives" designated material.  We object to Apple's proposal for many reasons, including:

1. Apple's proposal does not use Magistrate Judge Early's order as a model.
2. Apple's proposal lacks critical components of Judge Early's order, including a "good cause statement," acknowledgement of under seal filing procedures, and acknowledgement that information introduced at trial typically becomes public absent compelling reasons.
3. Apple's proposal includes an unduly broad and non-reciprocal prosecution bar.  Among other things, the prosecution bar applies only to Plaintiffs' counsel and allows an accused infringer's litigation counsel to file an IPR but does not allow the patentee's litigation counsel to defend the IPR.
4. Apple's proposal includes a non-reciprocal provision allowing Apple's in-house counsel to view AEO information while preventing Plaintiffs' in-house counsel from doing the same.
5. Apple's proposal includes a non-reciprocal provision concerning the number of individuals who may access Apple's source code without the same protection for Plaintiffs' source code.
6. Apple's latest proposal restricts access to AEO and source code material to outside counsel that do not have a "business or ownership interest in a Party."
7. Apple proposal includes unnecessarily complicated source code provisions, including lengthy notification times to inspect, unduly small restrictions on the amount of source code that can be printed, and numerous provisions that infringe on the receiving party's work product.

**Exhibit 4**
**-82-**

8. Apple's proposal restricts access to "Confidential" material to three representatives that must be cleared by the opposing side.

9. Apple's proposal allows untimely objections to experts accessing confidential information.

10. Apple's proposal includes unnecessarily complicated procedures for using native files, designating deposition testimony, and providing AEO information to mock jurors.

11. Apple's proposal includes export provisions that appear to be unwarranted, though we are willing to listen to why Apple believes these provisions are necessary.

For all these reasons, we believe the parties need to start with Judge Early's order as a model.  Since Apple is unwilling to do that, the parties may apparently need to submit competing proposals.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, April 6, 2020 9:11 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  As we explained on our March 10 meet and confer call, in order to expedite the process for agreeing to a protective order, Apple promised to send Plaintiffs its model protective order that we modified for

Exhibit 4
-83-

use in this case.  We did not refuse to use Magistrate Judge Early's model order; to the contrary, we did consider it and found most of it consistent with what Apple intended to propose.  In any event, after Plaintiffs rejected Apple's proposed PO outright without proposing any substantive redlines, we asked Plaintiffs to identify any provisions that you believed were not included, but should have been.  You did not do so.  Further, to address Plaintiffs' previously-stated concern about the non-reciprocal patent bar provision, we sent you an updated version of the proposed PO on Friday.  Again, rather than comment on Apple's updated Protective Order, Plaintiffs have refused to consider it.  Unfortunately, this is not constructive.  We therefore again request that Plaintiffs redline their suggestions into Apple's updated proposed PO.

As for the ESI Stipulation, we will consider Plaintiffs' suggestions and get back to you shortly.  As I requested on our call earlier today, please provide some times for a follow up meet and confer call this week to address the ESI Stip.

Finally, I have attached an updated draft Joint Rule 26(f) Report with Apple's sections included in redline for ease of reference.  We look forward to your thoughts. Apple reserves all rights to modify any of the above-referenced documents in response to Plaintiffs' suggestions or otherwise.

Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 6, 2020 7:29 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>;

Exhibit 4
-84-

Stephen.Larson <Stephen.Larson@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

We never said the parties agreed to use Magistrate Judge
Early's protective order "in its entirety."  We said the parties
agreed to use it as a model.  We continue to believe
Magistrate Judge Early will not appreciate an entirely new
form of protective order.  Because Apple is now refusing to
use Magistrate Judge Early's order as a model and proposed
non-reciprocal provisions, we have prepared the attached
proposal ourselves.  Redlines show changes to Magistrate
Judge Early's model protective order.  We are happy to
consider any changes you have to this proposal.

Also attached are our changes to your draft ESI agreement.
As we discussed today, we are not opposed to a procedure
on custodians and search terms, but are still considering the
specifics.  We will provide our edits to that portion soon and
will likely need to discuss it with you.

Best regards,
Adam

**Adam Powell**
Partner

**858-707-4245 Direct**
**Knobbe Martens**

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Thursday, April 2, 2020 3:29 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>;
Stephen.Larson <Stephen.Larson@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>

**Exhibit 4**
**-85-**

**Subject:** FW: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  To clarify, the parties did not have an agreement to use Magistrate Judge Early's protective order in its entirety.  Rather, we explained that Apple has a model Protective Order it uses and that we would factor in Magistrate Early's model in preparing the proposed PO in this case (which we did).  If there are specific provisions from Magistrate Early's model that you believe are not included in the proposed PO, please let us know.

Separately, in view of Plaintiffs' objection below to Apple's proposed patent prosecution bar provision, we are revisiting the language of that provision and will include proposed revisions in an updated PO that we will send as soon as practicable.

Thanks very much,

Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, March 31, 2020 12:41 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

This Protective Order is not consistent with the parties' agreement to use Magistrate Judge Early's protective order

**Exhibit 4**
**-86-**

as a model.  We do not think Magistrate Judge Early will appreciate the parties using an entirely different format. Additionally, we obviously will not agree to the numerous non-reciprocal provisions in this agreement.  For example, Plaintiffs cannot agree to a prosecution bar that applies only to Plaintiffs' counsel and not to Apple's counsel.  Please provide a revised version that is reciprocal and consistent with the parties' agreement to use Judge Early's protective order as a model.  Alternatively, we are happy to provide the initial draft as we offered during the Rule 16 conference.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, March 27, 2020 4:37 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Counsel,
Consistent with our correspondence below, attached please find Apple's proposed Protective Order and ESI Stipulation (with Exhibit A).  Apple reserves all rights to further revise these documents, including in response to Plaintiffs' suggestions.
We look forward to receiving the draft Joint Report from you today.
Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

**Exhibit 4**
**-87-**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Thursday, March 26, 2020 8:19 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  Apple will endeavor to provide edits by Monday, April 6th (this is 5 working days after the 27th) in exchange for Plaintiffs' agreement to do the same for Apple's draft Protective Order and ESI Protocol (as you suggest below).  If we can send it sooner, we will, and would request that you do so the same.

Thanks very much,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, March 26, 2020 2:05 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Exhibit 4
-88-

[External Email]

Angelique,

We will provide the Rule 26(f) report/schedule and authority
concerning Section 2019.210 by Friday.  However, we are
still waiting for the proposed Protective Order and Electronic
Discovery Plan that  Apple promised to provide.  Please
provide those materials to us by Friday as well.

As for editing those documents, your email suggests that
Apple intends to provide edits to the Rule 26(f) report the
day before it is due.  We do not think that is workable since
the parties may need to exchange multiple drafts to reach an
agreement.  We also do not think it will take the same
amount of time to edit a document that it takes to draft the
document.  Thus, please commit to providing your edits
within one week of receiving our draft.  That should allow
the parties sufficient time to attempt to reach a resolution
on any disagreements.  We will do the same for your draft
Protective Order and Electronic Discovery Plan.

Best regards,
Adam

**Adam Powell**
Partner

**858-707-4245 Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Wednesday, March 25, 2020 8:04 PM
**To:** Joe.Re <Joe.Re@knobbe.com>; Adam.Powell
<Adam.Powell@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker,
Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>
**Subject:** Masimo v. Apple: follow up from March 10 call

Dear Counsel,

We are writing to follow up on the items we understood
you were sending after our March 10 call: a draft Rule
26(f) Report, a proposed schedule, and any authority that

**Exhibit 4**
**-89-**

CCP Section 2019.210 does not apply here.  In light of the April 14 deadline for submission of the Report, we need the draft Report and Schedule by close of business this Friday, March 27.  That will give us a roughly equal amount of time to obtain client comments and respond to your draft and still have a day at the back end to coordinate changes and filing logistics with you.  Please also send us the CCP 2019.210 case law that you referenced by then.

Thanks very much,
Angelique
**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for

**Exhibit 4
-90-**

information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding

Exhibit 4
-91-

without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of

Exhibit 4
-92-

the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 4**
**-93-**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 4
-94-

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 4**
**-95-**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 4
-96-

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Exhibit 4
-97-

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 4
-98-

# EXHIBIT 5

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
T (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

May 11, 2020

**VIA EMAIL**

Angelique Kaounis
Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Angelique:

We write pursuant to Local Rule 37-1 to address deficiencies in Apple's Objections and Responses to Plaintiffs' First Set of Requests For Production.  Plaintiffs' review of Apple's responses is ongoing, and Plaintiffs reserve the right to raise additional issues identified at a later date.

**Section 2019.210**: Apple objected to each RFP (except for RFP No. 2), as "premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery."  The Court's scheduling order "stay[ed] the trade secret discovery *only* pending compliance with 2019.210."  Dkt. No. 37 (emphasis added).  Each of Plaintiffs' RFPs 1-25 relate to patent discovery and therefore are not subject to the Court's stay of trade secret discovery *only*.  As you know, the parties briefed this issue in Apple's pending Motion for Protective Order.  *See* Dkt. No. 43.  Please confirm Apple will abide by the Court's ruling on that Motion or identify any aspect of this objection that Apple believes is not at issue in the Motion for Protective Order.

**Protective Order and ESI Agreement**: Apple refused to produce any documents until "entry of an acceptable protective order and ESI stipulation in this action."  Apple's position is inconsistent with Apple's assertion that Plaintiffs should provide confidential information prior to entry of a protective order.  Please confirm whether Apple asserts all parties or no party should produce confidential information prior to entry of a protective order.  In addition, please confirm Apple will produce documents that do not require electronic searching pending entry of an ESI stipulation.  Apple also states it will produce only information that is located via search terms.  During the conference of counsel on the ESI agreement, the parties discussed and agreed that search terms alone would *not* satisfy their discovery obligations.  Please confirm Apple will withdraw this objection.

**Temporal Scope:** Apple objects to most of Plaintiffs' RFPs on the ground that they are "vague, ambiguous, overly broad, and unduly burdensome" because the request does not identify a relevant time period.  There is no need for an artificial time limit for any of these requests.  If Apple believes that any particular request should be limited to a specific time period, please identify the request, the proposed time period, the basis for the request, and the basis for withholding responsive documents from outside the time period.

**Boilerplate Objections**: Apple raises other boilerplate objections that are not specific to the requests and do not serve as a basis to withhold relevant discovery.  For example, Apple objects to numerous requests on the ground they seek publicly available documents, or documents that Apple suspects may already be in Plaintiffs' possession.  This is not a basis to withhold relevant discovery.  For further example, Apple objects to certain requests that use "undefined terms" such as but not limited to: "instructional materials," "directions for use," "concerning," "evaluating," "training manuals," "training videos," "marketing materials," "promotional materials," internet postings," "physiological monitoring features," "physiological parameter," "heart rate algorithms," and "adhesives."  There is no need to define such terms.  Apple should respond to these requests using the plain and ordinary meaning of these terms.  Please confirm Apple is not using these objections as a basis to withhold requested discovery.

**RFP No. 3-4, 12-25**: Apple objects to these requests on the ground that they are not "limited to the asserted claims . . .."  That is not a basis to withhold discovery.  For example, all efforts to design-around the asserted patents, even if regarding unasserted claims, are relevant and discoverable.  Additionally, the Court already denied Apple's request for an early date requiring Plaintiffs to limit the number of asserted claims.  Please confirm Apple will withdraw this objection and is not relying on it as a basis to withhold documents.

**RFP Nos. 2, 3, and 10**: Apple limited its response to documents "sufficient to show" certain information even though these requests were not so limited.  Please confirm Apple will produce the full scope of requested documents.

**RFP Nos. 5-8, 10-25:** Apple improperly agreed to produce only "public documents."   These requests are not limited to public documents.  Please confirm Apple will produce documents on the full scope of these Requests including non-public documents.

**RFP No. 11, 15-25:** Apple improperly agreed to produce documents responsive to the "unobjectionable scope" of these requests.  Apple's responses include many improper objections discussed throughout this letter.  Please confirm Apple will produce documents on the full scope of these Requests, or state with specificity what responsive documents Apple is withholding and the basis therefore.

**RFP No. 9:** Apple refused to produce responsive documents and states it is willing to meet and confer.  This request seeks clearly relevant documents.  We look forward to discussing Apple's objection.

Please let us know your availability within the next ten days to meet and confer to address the issues raised in this letter.  We suggest doing so when the parties discuss Apple's letter to Plaintiffs' concerning Plaintiffs' responses to Apple's Requests for Production, which Apple sent today.  We are currently reviewing that letter and will provide our availability to meet and confer.

Best regards,

Adam B. Powell

32796726

**Exhibit 5**
**-100-**

# EXHIBIT 6

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

May 15, 2020

<u>VIA E-MAIL</u>

Adam Powell
Knobbe, Martens, Olen & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@Knobbe.com

Re:     *Masimo v. Apple* – Apple's Response to Plaintiffs' Rule 37-1 Letter

Dear Adam:

We write in response to your May 11, 2020 letter alleging certain deficiencies in Apple's
Objections and Responses to Plaintiffs' First Set of Requests for Production.  Please note that
Apple's review of Plaintiffs' May 11 letter is ongoing, and the responses below are not
exhaustive.  Apple reserves the right to raise additional responses at a later date, including
during the course of the parties' upcoming meet-and-confer calls.

**Section 2019.210**:  You are correct that the parties briefed this issue in connection with
Apple's pending Motion for a Protective Order—and Apple stands by all of the arguments
made in its portion of the parties' Joint Stipulation and in its Supplemental Memorandum.
We can revisit this issue after Judge Early rules on that Motion.

***Protective Order and ESI Agreement***:  As we previously explained during meet-and-confer
calls, Apple's position that it will not produce documents until a Protective Order is entered
is not inconsistent with Apple's assertion that Plaintiffs should provide a Section 2019.210
disclosure with an attorneys' eyes only designation.  A Section 2019.210 disclosure is treated
like a pleading.  *See, e.g.*, *Soc. Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal.
June 14, 2012) ("[T]he trade secret designation mandated by section 2019.210 is not itself a
pleading but it functions like one in a trade secret case because it limits the scope of
discovery in much the same way as the allegations of a complaint limit discovery in other
types of civil actions.").  That is not the case for documents produced in discovery.
Plaintiffs' continued delay on this issue is antithetical to the purpose of Section 2019.210.
With respect to your contentions about search terms, we respectfully submit that you are
conflating issues.  The ESI stipulation is not limited to search terms, but rather governs the
production of ESI generally.  Accordingly, Apple will not produce ESI until an ESI

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 6
-101-

**GIBSON DUNN**

Adam Powell
May 15, 2020
Page 2

stipulation has been entered, regardless of whether that ESI is to be identified and collected
via search terms or by other means.

***Temporal Scope***:  Plaintiffs assertion that there is no need for "an artificial time limit for any
of these requests" demonstrates its intention to submit Apple to unbounded and unnecessarily
burdensome discovery.  Temporal limitations for discovery requests are standard—
particularly requests propounded by plaintiffs who have superior knowledge of the relevant
time periods at issue.  For example, it makes no sense that Plaintiffs are unwilling to identify
a relevant time period for documents responsive to Plaintiffs' allegations of patent
infringement when the Apple Watch 4 was released in September 2018.  Plaintiffs are in the
best position to propose time period limitations here.

***"Boilerplate Objections"***:  We reject Plaintiffs' contention that these objections about the
vague and undefined nature of terms used through Plaintiffs' Requests for Production are
"boilerplate."  Plaintiffs failed to define numerous terms in their Requests for Production and
now encourage Apple to respond to the Requests using "the plain and ordinary meaning of
these terms" despite the potential that Plaintiffs and Apple will disagree as to the "plain and
ordinary meaning" of these terms.  As one example, Plaintiffs seek production of "internet
postings" relating to the Accused Products without any indication as to whether Plaintiffs
intend for this request to cover only internet postings from Apple, or publicly-available
internet postings from any number of third parties.  This underscores the reason for Apple's
objection to Plaintiffs' requests that purport to require that Apple go through the burden and
undue expense of identifying publicly-available "websites" or "internet postings"—as well as
other publicly-available materials—that are equally available to Plaintiffs.  Please provide
the basis for Plaintiffs' apparent contention that Apple must go through the burden and
expense of identifying and producing publicly-available materials that are equally available
to Plaintiffs (e.g., on the internet).  Moreover, given Plaintiffs' unwillingness to identify the
intended scope of the vague terms used without definition in the Requests for Production,
Apple expects that Plaintiffs will not object at a later time if Plaintiffs intended for the terms
to have some broader meaning than the meaning interpreted by Apple; otherwise, Plaintiffs
should identify their intended scope of these terms now.  Finally, Plaintiffs have not
identified the specific Requests for Production impacted by this issue.

***RFP Nos. 3-4, 12-25***:  Plaintiffs are entitled to discovery that is relevant to any party's claim
or defense and proportional to the needs of the case.  Yet Plaintiffs seek "all documents and
things" relating to broad categories of documents that have no relevance to this case.
Plaintiffs are not entitled to subject Apple to a burdensome and expensive discovery process
unrelated to the claims asserted in this case, nor are Plaintiffs entitled to a broad fishing
expedition in hopes of concocting new causes of action.  If Plaintiffs contend that any of the
identified Requests for Production seek information that is not within the scope of the

**Exhibit 6**
**-102-**

# GIBSON DUNN

Adam Powell
May 15, 2020
Page 3

asserted claims but would still fall within the allowed scope of discovery under Federal Rule of Civil Procedure 26, Apple invites Plaintiffs to identify the relevant Request and the basis for Plaintiffs' contention so that Apple can consider Plaintiffs' position.  Otherwise, Apple intends to stand on this objection.

***RFP Nos. 2, 3, and 10***:  Please be prepared to explain on our meet-and-confer call the basis for Plaintiffs' desire to subject Apple to the undue burden and expense of identifying and producing "all documents and things" in response to Request for Production Nos. 2, 3, and 10.  For example, documents sufficient to show Apple's first awareness of the Masimo Asserted Patents provides Plaintiffs with the notice information it seeks.  Documents sufficient to show efforts to design around the patents or videos demonstrating the operation of the Accused Products—to the extent such documents exist—similarly provide the information Plaintiffs need without subjecting Apple to the unnecessary and undue burden and expense of a search for "all documents and things."  We do not understand the basis for Plaintiffs' requests for more.

***RFP Nos. 5-8, 10-25***:  As explained above and in Apple's Responses and Objections to Plaintiffs' Requests for Production, Apple will revise its response to these Requests, to the extent necessary, after Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020 Order.  Until that time, Plaintiffs are not entitled to any discovery relating to their alleged trade secrets.

***RFP Nos. 11, 15-25***:  Apple has explained the basis for its objections to these Requests for Production and agreed to produce documents responsive to the unobjectionable scope of the Requests.  Apple will not simply agree to produce documents on the "full scope of these Requests" when aspects of the Requests plainly are objectionable.  To the extent Plaintiffs are willing to modify their Requests to address Apple's objections, Apple will consider those modifications.

***RFP No. 9:***  Apple will meet and confer with Plaintiffs regarding the scope of this Request during our call next week.  Plaintiffs' request for "publications, articles, abstracts, papers, presentations, seminars, speeches, press releases, and internet postings relating to the Accused Products"—nearly all of which would be publicly available—is unnecessarily and unduly burdensome, particularly without a subject matter limitation.  Please be prepared to explain what it is Plaintiffs are looking for here so that the parties can engage in a meaningful discussion next week about appropriate modifications to this Request.

**Exhibit 6
-103-**

**GIBSON DUNN**

Adam Powell
May 15, 2020
Page 4


Sincerely,

Ilissa Samplin

cc:  all counsel of record

**Exhibit 6**
**-104-**

# EXHIBIT 7

| From: | Samplin, Ilissa |
|---|---|
| To: | Stephen.Larson; Masimo.Apple; Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique; Rosenthal, Brian A.; Morgan, Tracy A. |
| Cc: | Joe.Re; Steve.Jensen; Perry.Oldham; Adam.Powell; Andrea, Brian |
| Subject: | RE: Masimo v. Apple: ex parte application to enforce scheduling order |
| Date: | Thursday, June 18, 2020 2:58:51 PM |

Steve,

Your statements on our call just now—less than 1.5 hours before your team is threatening to move forward with an improper ex parte motion—were the first Apple has heard of Plaintiffs' willingness to produce a 2019.210 disclosure as AEO without entry of a Protective Order.  In fact, your partners have consistently taken a different approach.  *See, e.g.*, Apr. 21, 2020 email from A. Powell ("We will provide a Section 2019.210 disclosure in due course, but will need a Protective Order in place before doing so.").  Apple reiterates its request that you hold for a proper meet and confer under the Local Rules.

Regards,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Thursday, June 18, 2020 2:32 PM
**To:** 'Stephen.Larson' <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: ex parte application to enforce scheduling order

Steve,

I don't understand this sentence from your email below:  Plaintiffs have repeatedly suggested a reciprocal approach whereby both parties produce confidential information and keep it AEO.

Your colleagues have *repeatedly* taken the position that Plaintiffs will not produce a 2019.210 disclosure absent entry of a Protective Order, even though we agreed to keep the disclosure AEO.

**Exhibit 7**
**-105-**

Can you please explain?

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, June 18, 2020 2:05 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: ex parte application to enforce scheduling order

[External Email]
Ilissa,

We disagree with your assertion that we are attempting to "hold Apple to a different standard" than Plaintiffs.  Plaintiffs have repeatedly suggested a reciprocal approach whereby both parties produce confidential information and keep it AEO.  Apple has repeatedly rejected those offers and insisted that Plaintiffs provide confidential information while Apple is not required to do so.

Moreover, Apple should not be surprised that Plaintiffs are seeking this relief.  Plaintiffs raised concerns about Apple complying with this deadline last Friday, and Apple ignored Plaintiffs' email.  Plaintiffs raised this issue again yesterday and Apple ignored that email as well.  I also called you and two other members of your team today to discuss this matter, and no one from your team has called me back.  Further, the parties have extensively discussed these issues in numerous emails and attorney conferences, and are obviously at an impasse.  Indeed, your email again asserts Apple's position that a "Protective Order must be entered before Apple produces any non-public, technical information to Plaintiffs."  We disagree with that position, which will result in substantial delay and prejudice Plaintiffs' ability to provide infringement contentions in accordance with the Scheduling Order.  Given that deadline, and Apple's refusal to produce documents in accordance with the Scheduling Order, *ex parte* relief is more than appropriate under the circumstances.  If you are now suggesting Apple is willing to promptly provide its core technical documents before entry of a formal protective order please let us know by 4 p.m. PST.  If not, we will inform the Court that Apple will oppose Plaintiff's application.

**Exhibit 7**
**-106-**

Thanks,
Steve

**From:** Samplin, Ilissa [mailto:ISamplin@gibsondunn.com]
**Sent:** Thursday, June 18, 2020 1:10 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: ex parte application to enforce scheduling order

Steve,

We are surprised by your email.

As you know, Apple's technical information related to the accused products is highly confidential and there is not yet a Protective Order in place.  And both iterations of the Protective Order the parties are proposing (for which we expect to receive Plaintiffs' portion of the joint stipulation tomorrow) include important protections for highly confidential documents like these that extend well beyond the restriction of their use by and disclosure to outside counsel.  A Protective Order must be entered before Apple produces any non-public, technical information to Plaintiffs.  Notably, Plaintiffs have taken the exact same position with respect to their allegedly confidential information.  Plaintiffs have refused to produce complete interrogatory responses, a 2019.210 statement, or trade secret-related discovery until a Protective Order is entered (even though Apple offered to treat such information as attorneys' eyes only pending entry of a Protective Order).  Moreover, Plaintiffs' document productions to date have consisted of entirely public information, pending entry of a Protective Order.  There is no basis for Plaintiffs' inconsistent positions, and blatant attempt to hold Apple to a different standard than the one by which they have been guiding their own discovery conduct.

Nor is there any basis for Plaintiffs to move for ex parte relief.  As the Central District has explained, "ex parte applications are disfavored except in true emergencies."  *Gilliam v. Bank of Am., N.A.*, 2017 WL 11001706, at *1 (C.D. Cal. Aug. 21, 2017).  Given that Plaintiffs are seeking to modify the scheduling order, and if successful, will still have 42 days to file their infringement contentions, there is no "true emergency" here.  Plaintiffs therefore cannot make the requisite good cause showing as to why a regularly-noticed motion would be insufficient.  Moreover, the Central District does not permit the filing of discovery motions on an ex parte basis, which is precisely what Plaintiffs seek to do here (the relief requested in your point 1 below is that of a motion to compel).  *See* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").  Accordingly, a full-fledged meet-and-confer process is required for Plaintiffs' motion.  Plaintiffs have not even attempted to engage in that meet-and-confer process yet

Exhibit 7
-107-

—but rather have taken inconsistent positions on productions in the absence of a protective order, while threatening to go to Court within just a few hours of giving Apple notice of the dispute.

Apple is ready and willing to engage in the meet-and-confer process the Local Rules require.  Please let us know your team's availability for a call tomorrow.  If you refuse, and instead move forward with the ex parte, we will be sure to let the Court know that Plaintiffs resisted Apple's requests for a Local Rule-compliant meet and confer.

Thanks,
Ilissa


**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, June 18, 2020 12:05 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** Masimo v. Apple: ex parte application to enforce scheduling order

[External Email]
Counsel,

Plaintiffs intend to file an *ex parte* application today seeking an order (1) requiring Apple to comply with the Scheduling Order by producing core technical documents and (2) modifying the Scheduling Order such that Plaintiffs' infringement contentions are due 42 days after Apple provides such a production.  Please let us know if Apple will oppose.

Thanks,
Steve


**Stephen Larson**
Partner
949-721-5301 **Direct**
**Knobbe Martens**

**Exhibit 7
-108-**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 7**
**-109-**