# EXHIBIT A

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

1925 Century Park East, Suite 600, Los Angeles, CA 90067
T (310) 551-3450

Mark Kachner
Mark.Kachner@knobbe.com

June 2, 2020

**VIA EMAIL**

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071

Re:   Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Angelique:

We write to respond to your May 26, 2020 letter regarding the parties' meet and confer calls on May 19 and May 20, 2020.

As a preliminary matter, we disagree the entirety of the second paragraph of your May 26, 2020 letter, your characterization of Plaintiffs' May 11, 2020 letter, and your commentary on the efficiency of the parties' meet and confer.

## I. APPLE'S MAY 11 LETTER

**Discovery Related to Trade Secrets**: Your letter repeatedly and incorrectly states Plaintiffs have refused to produce trade secret discovery until after the Court lifts the stay on trade secret discovery only. As explained in my letter to you dated May 22, 2020, "despite the stay, Plaintiffs were not withholding discovery, even for requests related solely to trade secrets." We also explained that "Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order." In view of my May 22, 2020, letter, we are confused as to why Apple believes this is a dispute on which the parties have reached an impasse.

**Apple's RFP No. 15**: Plaintiffs maintain their objections to this request as clarified by Apple. Despite your statement that Apple is "willing to limit the Request," Apple still seeks "documents produced, filed, or served in any litigation or proceeding involving the Asserted Patents or any of their family members." Apple seeks litigation files and reproduction of all written discovery and document productions, for unrelated lawsuits involving patents not at issue in this case. Accordingly, Plaintiffs continue to object because, among other things, Apple's request is overly broad and unduly burdensome, is not reasonably tailored to the issues in this case, and thereby seeks documents neither relevant to any claim or defense in this litigation nor proportional to the needs of the case.

**Apple's RFP No. 17**: Subject to Plaintiffs' objections, Plaintiffs will produce non-privileged documents sufficient to show actual or constructive notice to Apple of any alleged infringement of the Asserted Patents, located after a reasonable search that are within their possession, custody, or control.

INTELLECTUAL PROPERTY + TECHNOLOGY LAW | knobbe.com

**Apple's RFP Nos. 24-25**: Subject to Plaintiffs' objections, Plaintiffs will produce documents sufficient to identify the departments within Masimo and Cercacor.

**Apple's RFP No. 33**: Subject to Plaintiffs' objections, Plaintiffs will produce non-privileged documents and communications concerning the inventorship of the inventions claimed in the Asserted Patents, including documents concerning each inventor's contribution to the Asserted Patents, located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 34**: As we've discussed, Apple's requests that broadly seek documents about all counterparts to the Asserted Patents are overbroad and unduly burdensome, not reasonably tailored to the issues in this case, and thereby seek documents neither relevant to any claim or defense in this litigation nor proportional to the needs of the case.  Subject to Plaintiffs' objections, Plaintiffs agree to produce non-privileged, non-litigation communications concerning each attempt by Plaintiffs or any Licensee—whether successful or unsuccessful—to assign, license, or enforce any of the Asserted Patents, located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 38**: As we've discussed and like Plaintiffs' objections to Apple's RFP No. 34, Apple's requests that broadly seek documents about all counterparts to the Asserted Patents are overbroad and unduly burdensome, not reasonably tailored to the issues in this case, and thereby seek documents neither relevant to any claim or defense in this litigation nor proportional to the needs of the case.  Subject to Plaintiffs' objections, Plaintiffs agree to produce Prior Art that is relevant to the validity, invalidity, enforceability, or unenforceability of the Asserted Patents, located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 44**: Your May 26th letter does not address the issue raised in our earlier May 22nd letter on this request.  Plaintiffs have explained that the only practical way to search for responsive documents for this request is by using ESI search terms and custodians.  Apple previously agreed to consider whether it would agree that electronic searching would satisfy this request.  Please let us know your position.

**Apple's RFP Nos. 45-46**: As we've discussed and like Plaintiffs' objections to Apple's RFP No. 34 and 38, Apple's requests that broadly seek documents about all counterparts or "family members" of the Asserted Patents are overbroad and unduly burdensome, not reasonably tailored to the issues in this case, and thereby seek documents neither relevant to any claim or defense in this litigation nor proportional to the needs of the case.

**Apple's RFP Nos. 47, 48, 49, 50, and 52**: Further to Plaintiffs' prior objections and responses, Plaintiffs agree to produce agreements involving transfer of rights in the Asserted Patents, agreements specifically tied to licensing revenue for the Asserted Patents, as well as any agreements regarding a specific financial interest in this lawsuit distinct from any general financial interest in the Plaintiffs themselves, that such agreements are located after a reasonable search.

**Apple's RFP Nos. 58-59**: Subject to Plaintiffs' objections, Plaintiffs will produce non-privileged representative documents evidencing confidentiality obligations owed by employees, contractors, or third parties to Plaintiffs with respect to Plaintiffs' asserted trade secrets, located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 62**: In response to Apple's amended RFP No. 62, subject to Plaintiffs' prior objections, Plaintiffs will produce responsive non-privileged documents located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 63**: Apple's May 26th letter did not address Plaintiffs objection that this request is overbroad and not proportional to the needs of the case, since it seeks all communications between certain individuals, even communications unrelated to any issue in the case. Plaintiffs suggested limiting this request (as well as RFP No. 72) to communications relevant to issues in this case. Apple narrowed RFP No. 72, but Apple did not respond to Plaintiffs' proposal on this RFP.

**Apple's RFP No. 65 and 67**: Your characterization of Plaintiffs' position is incorrect. As we have explained numerous times, Plaintiffs are not withholding documents based on the stay of trade secret discovery only. Plaintiffs have also explained they will provide their 2019.210 statement and other confidential information after entry of a protective order.

**Apple's RFP No. 69**: In response to Apple's amended RFP No. 69, subject to Plaintiffs' prior objections, Plaintiffs will produce responsive non-privileged documents located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 72**: In response to Apple's amended RFP No. 72, subject to Plaintiffs' prior objections, Plaintiffs will produce responsive non-privileged documents located after a reasonable search that are within their possession, custody, or control.

## II. PLAINTIFFS' MAY 11 LETTER

**Objections to Producing Documents Beyond Those Located by Custodian and Keyword Searching (RFP Nos. 1-4, 7, 8, and 10-25)**: Plaintiffs have repeatedly asked Apple to confirm it agrees that using search terms alone to identify responsive documents would not satisfy Apple's discovery obligations. Rather than confirm, in Apple's latest edits to the ESI Protocol, Apple changed the ESI Protocol to state that the parties agree search terms "may" not satisfy their discovery obligations. This confirms that Apple maintains its position that using search terms and custodians alone to identify responsive documents will satisfy Apple's discovery obligations in at least some circumstances. Accordingly, we repeat our prior request raised during the meet and confer and reiterated in my May 22, 2020 letter – please specifically identify which of Plaintiffs RFPs Apple believes could be responded to based only on searching for ESI documents by custodian and search terms.

**Production of Non-Public Documents (RFP Nos. 5-8 and 10-25)**: We continue to disagree with Apple's position on the scope of the Court's trade secret only discovery stay. This issue has been briefed to the Court in Apple's Motion for a Protective Order.

**Apple's Objection to Requests Not Limited To the Asserted Claims in the First Amended Complaint (General Objection 6-7 and RFP Nos. 3-4, 12-25):** Apple has now withdrawn this objection for Plaintiffs' RFPs Nos. 3-4, but Apple maintains this objection for Plaintiffs' RFPs Nos. 12-25 and stated that it intends to withhold any documents that are relevant specifically to any claim not asserted in this action. Apple could not explain how this objection would impact Apple's document collection process or Apple's process for determining whether to produce a responsive document,

particularly given that (1) the First Amended Complaint asserts patents but does not yet identify asserted claims, and (2) Plaintiffs have not yet narrowed the asserted patents to identify any unasserted claims. For Plaintiffs' RFPs Nos. 12-25, the parties are at an impasse on this issue.

**Plaintiffs' RFP No. 9**: The parties are at an impasse regarding Apple's refusal to produce documents Apple determines are publicly available.

Best regards,

*[signature]*

Mark D. Kachner

32886275