JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER BARRING TRADE SECRET-RELATED DISCOVERY ABSENT TRADE SECRET IDENTIFICATION**<br><br>**Hearing**<br><br>Date:         Date: July 20, 2020<br>Time:         1:30 p.m.<br>Courtroom:   10C<br>Judge:        Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 20, 2020, at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California, 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to reverse Magistrate Judge Early's June 15, 2020 Order denying Apple's Motion for Protective Order Barring Trade Secret-Related Discovery Absent Trade Secret Identification.  Apple also requests that the Court order Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") to describe their purported trade secrets with reasonable particularity pursuant to Section 2019.210 by a date certain before Plaintiffs take discovery relating to the purported trade secrets.

On June 15, 2020, Judge Early denied Apple's Motion for a Protective Order Barring Trade Secret Discovery pending Plaintiffs' compliance with Section 2019.210, plainly having felt constrained by Plaintiffs' reading of this Court's Scheduling Order, which stayed "the trade secret discovery only pending compliance with Section 2019.210."  Dkt. No. 37, at 1.  Plaintiffs improperly claimed—and Magistrate Judge Early unfortunately agreed—that the phrase "trade secret discovery only" in the Scheduling Order means that Plaintiffs may pursue discovery without providing a 2019.210 statement as long as Plaintiffs can claim that the discovery is not "only" trade secret related.  Magistrate Judge Early's Order is contrary to law, and thus should be reversed, for at least the following two reasons.

First, Magistrate Judge Early's Order is inconsistent with the plain language of Section 2019.210 because it authorizes Plaintiffs to pursue discovery without providing a Section 2019.210 disclosure so long as Plaintiffs can claim that the discovery is *also* related to their patent claims and not *solely* to their trade secret claim.  Section 2019.210 expressly states that "before commencing discovery *relating to the trade secret*, the

party alleging the misappropriation shall identify the trade secret with reasonable particularity." Cal. Civ. Proc. Code § 2019.210 (emphasis added). Thus, it is impossible, as a matter of law and logic, for Plaintiffs to comply with Section 2019.210 (and this Court's Scheduling Order requiring Plaintiffs' compliance with Section 2019.210) by pursuing discovery *relating* to the alleged trade secrets without identifying the trade secrets with reasonable particularity—even if that discovery is also related to Plaintiffs' patent claims.

Second, Magistrate Judge Early's Order is inconsistent with the purpose of Section 2019.210. By requiring a plaintiff to identify its trade secrets with particularity before commencing trade secret-related discovery, Section 2019.210 serves four distinct purposes: it (1) dissuades the filing of meritless trade secret claims; (2) prevents plaintiffs from abusing the discovery process as a means to obtain the defendant's trade secrets; (3) assists the court in maintaining the appropriate scope of discovery; and (4) enables defendants to timely form complete and well-reasoned defenses against charges of trade secret misappropriation. *See Comput. Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999); *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019). Magistrate Judge Early's Order frustrates each of these purposes and effectively renders the stay of trade secret discovery that this Court ordered on April 17, 2020 meaningless. *See* Dkt. No. 37. Most notably, if Plaintiffs are permitted to gain access to Apple's confidential information before serving a Section 2019.210-compliant description of their alleged trade secrets, Plaintiffs will be able to use patent-related discovery as means to obtain *Apple's* confidential information and claim it as their own. That is precisely the harm Section 2019.210 was enacted to guard against.

For these reasons, Magistrate Judge Early's Order is contrary to law and should be reversed accordingly, and Plaintiffs should be required to promptly describe their alleged trade secrets with reasonable particularity.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Joshua H. Lerner and the exhibits appended thereto, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

Dated: June 19, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
    Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*