JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER BARRING TRADE SECRET-RELATED DISCOVERY ABSENT TRADE SECRET IDENTIFICATION**<br><br>**Hearing**<br><br>Date: July 20, 2020<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................3

    A. Plaintiffs Raise Their Vague Trade Secret Allegations Six Months Ago. ...............................................................................................................3

    B. Apple Immediately Seeks a Section 2019.210 Statement. .........................3

    C. The Court Stays Trade Secret Discovery Only Pending Compliance with Section 2019.210.................................................................................4

    D. Following Plaintiffs' Erroneous Reading of the Scheduling Order, Judge Early Denies Apple's Motion for a Protective Order. ......................5

III. STANDARD OF REVIEW ...................................................................................5

IV. ARGUMENT .........................................................................................................6

    A. Magistrate Judge Early's Order Is Inconsistent with the Plain Language of Section 2019.210.......................................................................6

    B. Magistrate Judge Early's Order Is Inconsistent with the Purpose of Section 2019.210. .........................................................................................8

V. CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Columbia Pictures, Inc. v. Bunnell*,
  245 F.R.D. 443 (C.D. Cal. 2007) ................................................................................ 6

*Comput. Econs., Inc. v. Gartner Grp., Inc.*,
  50 F. Supp. 2d 980 (S.D. Cal. 1999) .......................................................................... 9

*Crispin v. Christian Audigier, Inc.*,
  717 F. Supp. 2d 965 (C.D. Cal. 2010) ........................................................................ 6

*Jobscience, Inc. v. CVPartners, Inc.*,
  2014 WL 852477 (N.D. Cal. Feb. 28, 2014) ................................................. 9, 10, 13

*Lilith Games (Shanghai) Co. v. uCool, Inc.*,
  2015 WL 4149066 (N.D. Cal. July 9, 2015) .............................................................. 9

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
  2019 WL 4284523 (C.D. Cal. June 11, 2019) ........................................................ 5, 7

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
  2019 WL 8108729 (C.D. Cal. Sept. 3, 2019) ............................................................. 9

*Masimo Corp. et al. v. True Wearables Inc. et al.*,
  No. 8:18-cv-02001-JVS-JDE ................................................................................... 10

*Morton v. Mancari*,
  417 U.S. 535 (1974) ................................................................................................... 8

*Radzanower v. Touche Ross & Co.*,
  426 U.S. 148 (1976) ................................................................................................... 8

*Swarmify, Inc. v. Cloudflare, Inc.*,
  2018 WL 2445515 (N.D. Cal. May 31, 2018) ........................................................... 9

*Watt v. Alaska*,
  451 U.S. 259 (1981) ............................................................................................. 8, 13

**Statutes**

28 U.S.C. § 636 ................................................................................................................ 5

Cal. Civ. Proc. Code § 2019.210 ....................................................................................... 7, 9

**Other Authorities**

A. Scalia and B. Garner, *Reading Law: The Interpretation of Legal Texts* (2012) ................................................................................................................................ 8

**Rules**

Fed R. Civ. P. 72(a) ................................................................................................................ 5

# I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Apple requests that the Court reverse Magistrate Judge Early's June 15, 2020 Order denying Apple's Motion for Protective Order Barring Trade Secret-Related Discovery Absent Trade Secret Identification (the "PO Motion") pending Plaintiffs' compliance with Section 2019.210. Apple also requests that the Court order Plaintiffs to describe their purported trade secrets by a date certain before Plaintiffs take discovery relating to the purported trade secrets. Unless Magistrate Judge Early's Order is reversed, Plaintiffs will continue to evade Section 2019.210 by merely claiming that their trade secret-related discovery is also patent related.

Magistrate Judge Early's Order is the result of Plaintiffs' most recent flawed attempt to pursue trade secret-related discovery without first describing their alleged trade secrets. Apple has been asking Plaintiffs to describe the trade secrets that Plaintiffs allege are incorporated in the Apple Watch Series 4 and 5, as required by Section 2019.210, for *more than four months*. The Court entered a Scheduling Order staying "trade secret discovery only pending compliance with 2019.210" *more than two months ago*. Section 2019.210 bars discovery "*relating*" to the alleged trade secrets until Plaintiffs identify their purported trade secrets with reasonable particularity. A party may not avoid Section 2019.210 merely by claiming that discovery relating to trade secrets also relates to another claim. Discovery is still related to trade secrets even if it also relates to another claim. Nonetheless, Plaintiffs still refuse to provide a description of their alleged trade secrets while they pursue discovery that is unmistakably related to their trade secrets. In conflict with Section 2019.210, Plaintiffs claim that the stay as to "trade secret discovery ***only***" in this Court's Scheduling Order authorizes them to take discovery so long as they can claim that the discovery is also related to their patent claims and not *solely* to their trade secret claim. As set forth in greater detail below, it does not make sense to read the word "only" in the Scheduling Order to mean that Plaintiffs may avoid Section 2019.210 merely by claiming discovery is also patent

related. Unfortunately, Judge Early erroneously felt compelled to accept Plaintiffs' position, and Apple therefore seeks relief.

The reason for reversing Magistrate Judge Early's Order is straightforward: The Order is contrary to the plain language and intent of Section 2019.210. It is *impossible* to comply with Section 2019.210 by serving "discovery relating to the trade secret[s]" while refusing to "identify the trade secret[s] with reasonable particularity." Nonetheless, at Plaintiffs' urging, that is exactly what Magistrate Judge Early's Order permits. Indeed, Magistrate Judge Early's Order renders the core of Section 2019.210—the prohibition on "discovery relating to the trade secret[s]" pending an adequate description of the alleged trade secrets—*meaningless*. Without identifying their alleged trade secrets with particularity, Plaintiffs are permitted to pursue *any* discovery they deem related to another subject, like their patent infringement claims, even if the discovery also relates to the alleged trade secrets. Indeed, at no point have Plaintiffs suggested that they do not also need the information they are seeking for their trade secret claim.

The result of letting Magistrate Judge Early's Order stand will be exactly what Section 2019.210 was enacted to avoid. A description of the alleged trade secrets is required because it is easy for a plaintiff to allege theft of trade secrets with vagueness, take discovery, and then claim whatever is found in the defendant's files as trade secrets stolen from the plaintiff. We now have precisely that risk here. Plaintiffs are delaying providing a description of their purported secrets until it is most advantageous. In fact, just last week Plaintiffs claimed in writing that "Judge Selna's order did not require a 2019.210 statement at all, much less by a date certain." Lerner Decl. Ex. N, at 237. In the interim, Plaintiffs will sift through the discovery they now contend is "patent related"—even though it is *also* trade secret related—and claim Apple's hard work and innovative confidential information as Plaintiffs' own. This is not how trade secret claims are meant to be prosecuted.

Apple has been requesting a description of the purported secrets here for almost half a year. The Court should put an end to Plaintiffs' delay and prevent Plaintiffs from gaining access to Apple's trade secrets before Plaintiffs identify their own.

## II.  BACKGROUND

### A.  Plaintiffs Raise Their Vague Trade Secret Allegations Six Months Ago.

On January 9, 2020, Plaintiffs filed the Original Complaint in this action, alleging that Apple misappropriated seven broad categories of generic business or technical information, "including, but not limited to, Plaintiffs' business plans, know-how, technical information, technical data, designs, manufacturing techniques and other business information." Lerner Decl. Ex. B (Compl.) ¶ 181.

### B.  Apple Immediately Seeks a Section 2019.210 Statement.

Shortly after the parties first met and conferred on the Complaint, Apple requested that Plaintiffs identify their alleged trade secrets. *Id.* Ex. D, at 90. Plaintiffs ignored that request, and later claimed that Section 2019.210 does not apply to this case at all. *Id.* Ex. I, at 205; Dkt. No. 33, at 13–16.

On March 16, 2020, Plaintiffs propounded 25 requests for production on Apple (the "RFPs"), the majority of which relate to Apple's confidential information and fall within the categories of information Plaintiffs allege comprise their trade secrets. Lerner Decl. ¶ 7 & Ex. E. Plaintiffs still refused to provide a Section 2019.210 disclosure.

Based on Plaintiffs' continued refusal to provide a Section 2019.210 disclosure, on March 27, 2020, Apple requested a conference of counsel pursuant to Rule 37-1. *Id.* Ex. H, at 201. During that conference of counsel, which took place on April 6, 2020, Plaintiffs maintained their position that Section 2019.210 does not apply to this case, but stated that even if it did, it applied only to discovery that was "solely" related to Plaintiffs' trade secret claim, and not discovery that relates to trade secrets and other matters. *Id.* ¶¶ 12–13 & Ex. I, at 205–06. Apple advised Plaintiffs that "solely related" was not the correct standard under Section 2019.210. *Id.* Ex. I, at 205; Dkt. No. 43-1, at

17. Apple also explained that because Plaintiffs' RFPs concern the same subject matter as both the trade secret and patent infringement claims in this case, and because Plaintiffs admitted that at least some of the patent causes of action are "factually dependent on the same [trade secret] misappropriation allegations," Apple had no way to determine absent a Section 2019.210 disclosure which RFPs were "solely" related to Plaintiffs' trade secret claim. Lerner Decl. Ex. I, at 206. Plaintiffs still refused to provide a Section 2019.210 statement.

      C.    **The Court Stays Trade Secret Discovery Only Pending Compliance with Section 2019.210.**

On April 14, 2020, the parties filed a Joint Rule 26(f) Report. Even though the parties were already briefing the issue for Magistrate Judge Early, Plaintiffs insisted on arguing in their portion of the 26(f) report (again) that Section 2019.210 does not apply to this case. *See* Dkt. No. 33, at 13–16. Apple pointed out that Plaintiffs' failure to serve a Section 2019.210 disclosure before commencing trade secret-related discovery threatened the very result Section 2019.210 guards against: that Plaintiffs will use their patent infringement claims as an end-run around Section 2019.210, to gain access to Apple's files and claim Apple's confidential information as their own. *Id.* at 8.

The Court issued its Scheduling Order on April 17, 2020. The Court "adopt[ed] the patent specific dates" and "stay[ed] the trade secret discovery only pending compliance with 2019.210." Dkt. No. 37, at 1.

On April 22, 2020, Apple once more asked Plaintiffs to serve a Section 2019.210 disclosure, citing the Scheduling Order's directive that Plaintiffs do so. Lerner Decl. Ex. J, at 214. Apple offered to treat any such disclosure under an "Attorney's Eyes Only" designation pending an entry of a protective order in this case. *Id.* at 215. Plaintiffs responded on May 11, 2020, maintaining their position that "[e]ach of Plaintiffs' RFPs 1-25 relate to patent discovery and therefore are not subject to the Court's stay of trade secret discovery only." *Id.* Ex. K, at 217 (emphasis removed). On May 22, 2020, Plaintiffs rejected Apple's offer to treat their 2019.210 statement under

an "Attorney's Eyes Only" designation, insisting that they "will provide their 2019.210 statement and confidential documents after entry of a protective order." *Id.* Ex. L, at 220; *see also id.* Ex. M, at 229.

### D. Following Plaintiffs' Erroneous Reading of the Scheduling Order, Judge Early Denies Apple's Motion for a Protective Order.

On April 30, 2020, Apple filed the PO Motion, accompanied by a joint stipulation. *See* Dkt. No. 43. On May 7, 2020, both parties filed supplemental briefing pursuant to Local Rule 37-2.3. *See* Dkt. Nos. 44–46.

On May 14, 2020, Judge Early vacated the hearing on the PO Motion. *See* Dkt. No. 47. On June 15, 2020, Judge Early denied Apple's PO Motion. *See* Dkt. No. 54. Judge Early agreed that "there are good reasons for applying the general procedures of Section 2019.210 as a guide in cases filed in federal court alleging CUTSA claims." *Id.* at 7. Judge Early also recognized that the Court has held that "[a] request that relates to both trade secret and other issues still 'relates to' the trade secret." *Id.* (quoting *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019)). Nonetheless, Judge Early was convinced by Plaintiffs' erroneous reading of this Court's Scheduling Order. Judge Early concluded that "the Scheduling Order, binding on this Court and the parties, stays 'trade secret discovery only' pending Plaintiff's compliance with Section 2019.210," and that "[d]iscovery that has other purposes is not stayed." *Id.* at 7–8 ("The word 'only,' which follows the phrase 'the trade secret discovery,' appears to reflect an intent to stay trade secret discovery 'only,' but permit discovery on the patent claims to proceed."). Applying Plaintiffs' interpretation of the Scheduling Order, Judge Early found that "RFP Nos. 5-25 [do not] seek 'only' trade secret discovery," and that Plaintiffs therefore may commence discovery on those RFPs before complying with Section 2019.210. *Id.* at 8.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a District Court "must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that

is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). "Acting as an appellate court, this Court has the power to 'affirm, modify, vacate, set aside or reverse' the magistrate judge's order and 'may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be has as may be just under the circumstances.'" *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (citations omitted).

## IV. ARGUMENT

### A. Magistrate Judge Early's Order Is Inconsistent with the Plain Language of Section 2019.210.

In ruling that Plaintiffs need not identify their trade secrets with reasonable particularity before commencing discovery so long as Plaintiffs can claim that the discovery is not solely trade secret related but is also patent related, Judge Early plainly felt constrained by Plaintiffs' reading of the Court's Scheduling Order, which stayed "the trade secret discovery only pending compliance with Section 2019.210." Dkt. No. 37, at 1. Plaintiffs improperly claimed—and Magistrate Judge Early unfortunately agreed—that the phrase "trade secret discovery only" in the Scheduling Order means that Plaintiffs may pursue discovery without providing a Section 2019.210 disclosure so long as Plaintiffs can claim that the discovery is not "only" trade secret related. In other words, Plaintiffs may proceed with trade secret-related discovery—without a Section 2019.210 statement—as long as they can assert that their discovery is *also* related to another claim.

The problem, as explained at the outset of this motion, is that it is *impossible*, as a matter of law and logic, to comply with Section 2019.210 by pursuing discovery ***relating*** to the trade secrets at issue without identifying the trade secrets with reasonable

particularity.  Section 2019.210 expressly states that "before commencing discovery *relating to the trade secret*, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."  Cal. Civ. Proc. Code § 2019.210 (emphasis added).  Yet, Magistrate Judge Early's Order renders the core of Section 2019.210—the prohibition against commencement of "*discovery relating to the trade secret*" pending a description of the secret—meaningless.  Plaintiffs are permitted to take any discovery they wish relating to the alleged trade secrets without providing a Section 2019.210 statement merely by claiming that the discovery relates to another claim, like the patent infringement claims, that they concede are "factually dependent on the same [trade secret] misappropriation allegations."  Lerner Decl. ¶¶ 12–13 & Ex. I, at 206.

There can be no doubt that Judge Early reached the result he did because of Plaintiffs' reading of the Scheduling Order.  Indeed, in another case, Judge Early recognized that Section 2019.210 is contrary to the *exact* result he reached here: "Section 2019.210 does not limit discovery 'exclusively' relating to the trade secrets.  A request that relates to both trade secret and other issues still "relates to" the trade secret." *M/A-COM Tech.*, 2019 WL 4284523, at *5.[1]  The result in *M/A-COM Tech.* is the right result as a matter of law—it is consistent with Section 2019.210—whereas Magistrate Judge Early's Order here is not.

In sum, Judge Early's reading of the Scheduling Order and the language of Section 2019.210 are at odds.  Apple does not believe that this Court's stay of "trade secret discovery only pending compliance with 2019.210" was intended to render Section 2019.210's stay on discovery "relating to the trade secret[s]" meaningless.  It defies common sense to suggest that the Court ordered "compliance with Section 2019.210" yet intended to allow Plaintiffs to avoid providing a Section 2019.210

---

[1] Plaintiffs also claim that they can pursue trade secret-related discovery that is also patent-related because their patent claims do not "hinge" on their trade secret claims. Dkt. No. 54, at 2.  This argument is unavailing because Apple is not claiming that all patent discovery is stayed; only patent discovery that *also* relates to the trade secrets is stayed by the plain language of Section 2019.210.

disclosure before taking trade secret-related discovery, which is exactly what compliance with Section 2019.10 requires. This is reason enough to reverse Magistrate Judge Early's Order as contrary to law.

### B. Magistrate Judge Early's Order Is Inconsistent with the Purpose of Section 2019.210.

The Supreme Court has explained that when reading two sources of law, a court must read both "to give effect to each if [the court] can do so *while preserving their sense and purpose*." *Watt v. Alaska*, 451 U.S. 259, 267 (1981) (emphasis added); *see also* A. Scalia and B. Garner, *Reading Law: The Interpretation of Legal Texts* 63 (2012) ("A textually permissible interpretation that *furthers rather than obstructs the document's purpose* should be favored." (emphasis added)). If two sources of law "are capable of co-existence, it is the duty of the courts . . . to regard each as effective." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155 (1976) (quoting *Morton v. Mancari*, 417 U.S. 535, 551(1974)).

When reading the Scheduling Order in the context of Section 2019.210, Judge Early should have interpreted both provisions "in a way that renders them compatible, not contradictory." Scalia & Garner, *supra*, at 180. Specifically, Judge Early should have read the Scheduling Order in a manner consistent with Section 2019.210, which is to say he should have concluded that the stay applies to trade secret-*related* discovery only. In other words, if there were discovery that was not in *any way* related to the trade secrets, that discovery could proceed, but trade secret-related discovery is stayed. Instead, Judge Early found that a stay on trade secret-related discovery would render the word "only" in the Scheduling Order meaningless, and that "[t]he sole interpretation that does not render the word 'only' superfluous in the Scheduling Order is an interpretation that 'only' limits the type of discovery stayed—trade secret discovery." Dkt. No. 54, at 8 (quoting Scalia and Garner, *supra*, at 174). This defies the principle that "like all other canons, [the Surplusage Canon] must be applied with judgment and discretion, and *with careful regard to context*." Scalia & Garner, *supra*, at 176 (emphasis added). As a

result, Judge Early's reading of the Scheduling Order renders the entire discovery stay meaningless and frustrates the purposes of Section 2019.210.  This is contrary to law.

Section 2019.210's requirement that plaintiffs identify their trade secrets "before commencing discovery *relating to* the trade secret" is based on critical lessons and policies.  Cal. Code Civ. Proc. § 2019.210 (emphasis added).  Recognizing that trade secret claims are "especially prone to discovery abuse," the California legislature enacted Section 2019.210 "to curb unsupported trade secret lawsuits routinely commenced to harass competitors and former employees." *Comput. Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 992 (S.D. Cal. 1999).  "Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever [sic] happens to be there as having been trade secrets stolen from plaintiff." *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014); *see also Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *3 (N.D. Cal. May 31, 2018).  Importantly, in every case Plaintiffs cited involving both trade secret and patent claims in which the court permitted patent discovery to commence, the plaintiff had already provided a Section 2019.210 statement or the Court had ordered production of the statement by a date certain.

By requiring a plaintiff to identify its trade secrets with particularity before commencing trade secret-related discovery, Section 2019.210 serves four distinct purposes:  Section 2019.210 (1) "promotes well-investigated claims and dissuades the filing of meritless trade secret complaints"; (2) "prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets"; (3) "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope"; and (4) "enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation." *Comput. Econs.*, 50 F. Supp. at 985; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (quoting *Lilith Games (Shanghai)*

*Co. v. uCool, Inc.*, 2015 WL 4149066, at *4 (N.D. Cal. July 9, 2015)) (stating that Section 2019.210's "reasonable particularity" requirement should be understood in light of this four-pronged purpose of the statute).

Plaintiffs' strained interpretation and Judge Early's erroneous application of the Scheduling Order to stay only discovery that is solely related to Plaintiffs' trade secret claim frustrates each of these four purposes and effectively renders the ordered discovery stay meaningless. Such a result is unreasonable, because it interprets the Scheduling Order to require compliance with a statute in a manner that defeats every purpose behind that statute.

First, by opening the door for Plaintiffs to gain access to Apple's confidential information before serving a Section 2019.210-compliant description of their alleged trade secrets, Magistrate Judge Early's Order permits Plaintiffs to build their trade secret case on *Apple's* information, instead of requiring Plaintiffs to demonstrate that their trade secret claim was "well-investigated" and not "meritless" at the outset. *See Jobscience, Inc.*, 2014 WL 852477, at *5 ("A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery.").

Second, Magistrate Judge Early's Order enables Plaintiffs to use patent-related discovery as a means to obtain *Apple's* confidential information before identifying their own alleged trade secrets, instead of preventing such discovery abuse. This is not the first attempt by Plaintiffs to abuse the discovery process as an end-run around Section 2019.210. Plaintiffs started seeking Apple's confidential information even before filing this action by serving on Apple a third-party subpoena in a related action, *Masimo Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE, one day before filing this lawsuit. Dkt. No. 43-1, at 25; Lerner Decl. Ex. A, at 7. The subpoena was directed to the same subject matter as Plaintiffs' trade secret claim in this action (Lerner Decl. Ex. A, at 11–20), and Plaintiffs therefore were plainly aware that it was improper, because it sought Apple's confidential information prior to a Section 2019.210

disclosure when Apple was about to become a defendant in a related trade secret lawsuit. Plaintiffs proceeded anyway. Plaintiffs then demanded Apple's unpublished patent applications. *Id.* Exs. C & G. Plaintiffs even threatened a preliminary injunction, which they never pursued. *Id.* ¶ 9 & Ex. G, at 199. The RFPs at issue in the PO Motion are merely another attempt by Plaintiffs to circumvent Section 2019.210. Plaintiffs have already exhibited their intent to delay describing their alleged trade secrets as long as possible by refusing to even provide a date certain by which they will serve a Section 2019.210 disclosure, and Magistrate Judge Early's Order gives Plaintiffs the green light to continue their delay. Indeed, if Magistrate Judge Early's Order is not reversed, Plaintiffs will have no incentive whatsoever to comply with Section 2019.210 until after they obtain all of Apple's confidential information through patent-related discovery for the very same products at issue in both the patent and trade secret claims. Any Section 2019.210 trade secret description made at that point would be a token gesture—the purposes of Section 2019.210 would already have been frustrated.

Third and Fourth, by permitting any discovery that relates to Plaintiffs' patent claims and also relates to Plaintiffs' trade secret claim, Magistrate Judge Early's Order frustrates the Court's ability to frame the appropriate scope of trade secret discovery in this case and Apple's ability to defend itself against Plaintiffs' trade secret claim. Without knowing the extent of Plaintiffs' alleged trade secrets at the outset, the Court cannot effectively determine if Plaintiffs' discovery requests fall outside the appropriate scope of trade secret discovery. Apple likewise cannot adequately prepare its defense to the trade secret claim without knowing what alleged trade secrets are at issue.

Plaintiffs' own arguments in support of their erroneous interpretation of the Scheduling Order illustrate clearly the present ambiguity in the scope of discovery in this case and the prejudicial effect of that ambiguity on Apple's ability to defend against the trade secret claim. Plaintiffs have repeatedly insisted that the Scheduling Order stayed only discovery "solely" related to their trade secret claim. But without an adequate Section 2019.210 disclosure, Apple has no way to determine which of

Plaintiffs' discovery requests relate "solely" to their trade secret claims and are untimely.

Likewise, Magistrate Judge Early's Order adopting Plaintiffs' interpretation of the Scheduling Order demonstrates the difficulty in framing the appropriate scope of discovery. Magistrate Judge Early's Order states that "RFP Nos. 8 and 12-14 do not appear to seek solely information related to Plaintiffs' trade secret claim," and accepts Plaintiffs' argument that "these requests relate to their patent infringement claims." Dkt. No. 54, at 8. But these RFPs use identical language to the broad categories of information Plaintiffs allege in the First Amended Complaint ("FAC") (*see* Lerner Decl. Ex. F, ¶ 211) as comprising their trade secrets. *Compare, e.g.*, RFP No. 12 ("All technical documents for the Accused Products, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes."), *with* FAC ¶ 211 ("Plaintiffs' technical information includes product plans, engineering plans, product briefs, technical drawings, technical specifications, technical data, product designs, system designs, design captures, assembly design requirements, risk analysis, test procedures and results, test data, design review documents, software requirement specifications, technical know-how, manufacturing techniques and procedures, installation techniques and procedures, and invention disclosures.").

Because Plaintiffs' alleged trades secrets relate to the very same subject matter as their asserted patents—"non-invasive monitoring of physiological parameters and products to perform such monitoring" (FAC ¶ 211)—there is no meaningful way under Magistrate Judge Early's Order for the Court or Apple to separate trade secret discovery from patent discovery unless the discovery is expressly limited to the asserted patents themselves (*e.g.*, RFP Nos. 1–4). Thus, Magistrate Judge Early's Order leads to one of two unreasonable conclusions—either the discovery stay in the Scheduling Order is

meaningless because almost no discovery here is "solely" related to the trade secret claim, or Magistrate Judge Early's Order frustrates the purposes of Section 2019.210 to permit the Court to ascertain the scope of trade secret discovery and Apple to prepare its defenses. Either result renders Magistrate Judge Early's Order contrary to law.

Apple respectfully submits that the only plausible reading of the Scheduling Order that preserves the "sense and purpose" (*Watt*, 451 U.S. at 267) of Section 2019.210 is that all trade secret-related discovery is stayed pending Plaintiffs' compliance with Section 2019.210 even if that discovery overlaps with Plaintiffs' patent claims.

To be clear, Apple is not seeking a stay of all discovery, and in fact would prefer that *all* discovery resume as soon as possible. That is why Apple has been requesting a Section 2019.210 statement for months. If Plaintiffs have a legitimate trade secret claim, they "ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery." *Jobscience*, 2014 WL 852477, at *5. If they do not, they should not be allowed to make one out of whole cloth. This Court should put a stop to Plaintiffs' dilatory tactics and promptly require a Section 2019.210 disclosure from Plaintiffs so that both the trade secret and patent claims in this case can move forward as soon as possible.

## V. CONCLUSION

Apple respectfully requests that the Court reverse Judge Early's Order (Dkt. No. 54), grant Apple's PO Motion (Dkt. No. 43), and order Plaintiffs to promptly comply with Section 2019.210.

//
//
//
//
//
//
//

Dated: June 19, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*