| | |
|---|---|
| JOSHUA H. LERNER, SBN 220755<br>  jlerner@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street Suite 3000<br>San Francisco, CA 94105<br>Tel.: 415.393.8200 / Fax: 415.393.8306 | |
| H. MARK LYON, SBN 162061<br>  mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Tel.: 650.849.5300 / Fax: 650.849.5333 | |
| BRIAN M. BUROKER, *pro hac vice*<br>  bburoker@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel.: 202.955.8541 / Fax: 202.467.0539 | ILISSA SAMPLIN, SBN 314018<br>  isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel.: 213.229.7000 / Fax: 213.229.7520 |
| BRIAN A. ROSENTHAL, *pro hac vice*<br>  brosenthal@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.2339 / Fax: 212.817.9539 | ANGELIQUE KAOUNIS, SBN 209833<br>  akaounis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East Suite 4000<br>Los Angeles, CA 90067<br>Tel.: 310.552.8546 / Fax: 310.552.7026 |

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br>a California corporation,<br><br>        Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DECLARATION OF JOSHUA H. LERNER IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER BARRING TRADE SECRET-RELATED DISCOVERY ABSENT TRADE SECRET IDENTIFICATION**<br><br>**Hearing**<br><br>Date:  July 20, 2020<br>Time:  1:30 p.m.<br>Courtroom:  10C<br>Judge:  Hon. James V. Selna |

# DECLARATION OF JOSHUA H. LERNER

I, Joshua H. Lerner, declare and state as follows:

1. I am an attorney duly licensed to practice law before this Court and all courts of the State of California. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), counsel of record for Apple Inc. ("Apple") in the above-captioned action. I make this declaration in support of the Apple's Motion for Review of and Objections to Magistrate Judge Early's June 15, 2020 Order Denying Apple's Motion for Protective Order Barring Trade Secret-Related Discovery Absent Trade Secret Identification (the "Motion for Review"). I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2. On January 8, 2020, Plaintiffs served a subpoena on Apple in connection with *Masimo Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE (the "*True Wearables* Case"), noticing a deposition and requesting the production of documents. Attached hereto as **Exhibit A** is a true and correct copy of the *True Wearables* Case subpoena.

3. On January 9, 2020, Plaintiffs filed their initial complaint in this action. Attached hereto as **Exhibit B** is a true and correct copy of the initial complaint in this action.

4. After Plaintiffs filed their initial complaint in this action, the parties met and conferred on February 25, 2020. During that meeting, my colleague Angelique Kaounis and I explained that the complaint failed to identify Plaintiffs' alleged trade secrets with sufficient particularity.

5. On March 4, 2020, Plaintiffs demanded in writing that Apple "immediately request non-publication for any pending applications concerning physiological monitoring" that may allegedly contain information from nineteen Plaintiffs' former employees, and requested that Apple provide these confidential pending patent applications to Plaintiffs "so that they can evaluate whether such

1  publication would disclose any of their trade secrets." A true and correct copy of
2  Plaintiffs' March 4, 2020 letter is attached hereto as **Exhibit C**.

3  6.  On March 6, 2020, Apple requested in writing that Plaintiffs identify (by
4  line and page number) their trade secrets that purportedly were disclosed in any
5  published patent application filed by Apple or in any patent held by Apple, as alleged
6  in the complaint. Apple explained that because California Civil Code Section
7  2019.210 ("Section 2019.210") requires Plaintiffs to describe all of their alleged trade
8  secrets with "reasonable particularity" before commencing trade secret-related
9  discovery, Plaintiffs should be able to identify those secrets promptly. A true and
10 correct copy of the March 6, 2020 letter from my colleague, H. Mark Lyon, to
11 Plaintiffs' counsel is attached hereto as **Exhibit D**.

12 7.  On March 16, 2020, Plaintiffs served on Apple their First Set of Requests
13 for Production of Documents, the majority of which fall within the categories of
14 information Plaintiffs allege in their Original Complaint comprise their trade secrets.
15 A true and correct copy of those Requests are attached hereto as **Exhibit E**.

16 8.  On March 25, 2020, Plaintiffs filed their First Amended Complaint
17 ("FAC"). A true and correct copy of the FAC is attached hereto as **Exhibit F**.

18 9.  On March 27, 2020, Plaintiffs rejected Apple's request that they identify
19 their trade secrets with reasonable particularity pursuant to Section 2019.210.
20 Plaintiffs again demanded that Apple "provide [Plaintiffs] with copies of any pending
21 applications naming any of Plaintiffs' former employees as an inventor so [Plaintiffs]
22 can determine whether the applications contain Plaintiffs' trade secrets." If Apple
23 would not turn over its confidential patent applications to Plaintiffs, Plaintiffs
24 threatened "to seek a preliminary injunction to prevent publication of the patent
25 applications at issue." A true and correct copy of Plaintiffs' March 27, 2020 letter is
26 attached hereto as **Exhibit G**.

27 10. On March 27, 2020, Apple sent a letter to Plaintiffs' counsel, initiating the
28 meet-and-confer process pursuant to Rule 37-1 in connection with Apple's Motion for

a Protective Order. A true and correct copy of my letter to Plaintiffs' counsel, dated March 27, 2020, is attached hereto as **Exhibit H**.

11. On April 6, 2020, the parties' counsel met and conferred by telephone. During that call, Apple reiterated its position that Plaintiffs were required to identify their trade secrets with reasonable particularity pursuant to Section 2019.210 and for the purpose of efficient case management, and therefore, that Plaintiffs were not permitted to proceed with discovery "related to" the alleged trade secrets until an adequate disclosure had been made. Plaintiffs expressed the view that unless the discovery requests were "solely" related to trade secrets, they were proper. Apple explained that Section 2019.210 does not require that discovery be "solely" related to the trade secrets to be barred absent a proper trade secret disclosure—only that it be "related"—and Apple provided an example of such a request from Plaintiffs' pending requests for production of documents. Plaintiffs admitted that they are alleging that some of the "Apple Accused Products" identified as the subject of their patent infringement claims incorporated Plaintiffs' alleged trade secrets.

12. Following counsel's April 6 meet and confer, the parties exchanged emails summarizing that call and the parties' respective positions on the issue of a Section 2019.210 disclosure. A true and correct copy of that email exchange is attached hereto as **Exhibit I**.

13. In an April 22, 2020 letter to Plaintiffs, Apple again requested that Plaintiffs provide a Section 2019.210 disclosure, citing the Scheduling Order the Court entered on April 17, 2020. Apple also offered to treat any Section 2019.210 disclosure from Plaintiffs under the "Attorney's Eyes Only" designation until a protective order was entered in this case. A true and correct copy of the April 22, 2020 letter from my colleague, Ilissa Samplin, to Plaintiffs' counsel is attached hereto as **Exhibit J**.

14. The parties were unable to resolve their dispute informally, and therefore proceeded with a Joint Stipulation to Magistrate Judge Early on April 30, 2020.

15. On May 11, 2020, Plaintiffs once more demanded that Apple respond to their First Set of Requests for Production, stating that "[e]ach of Plaintiffs' RFPs 1-25 relate to patent discovery and therefore are not subject to the Court's stay of trade secret discovery *only*." A true and correct copy of Plaintiffs' May 11, 2020 letter is attached hereto as **Exhibit K**.

16. On May 19 and 20, 2020, the parties' counsel met and conferred by telephone. During that call, Apple explained that pursuant to Section 2019.210, the Court's Scheduling Order stayed only Plaintiffs' discovery related to their trade secret claim, but not Apple's discovery requests. Apple once more explained that pursuant to Section 2019.210 and the Court's Scheduling Order, Apple is not required to produce trade secret-related confidential information until Plaintiffs identify their alleged trade secrets. Apple also again offered to limit access to Plaintiffs' Section 2019.210 disclosure to outside counsel only. Plaintiffs reiterated their position that the Scheduling order does not distinguish the stay based on which party serves discovery, and thus they believed all trade secret discovery was stayed. Plaintiffs stated that they will provide a 2019.210 disclosure and confidential documents only after entry of a protective order.

17. Following counsel's May 19 and 20, 2020 meet and confer, the parties exchanged letters summarizing that call and the parties' respective positions on several disputed issues, including the issue of a Section 2019.210 disclosure. Plaintiffs sent a letter summarizing the call on May 22, 2020. A true and correct copy of Plaintiffs' May 22, 2020 letter is attached hereto as **Exhibit L**. Apple sent a letter summarizing the call and responding to Plaintiffs May 22, 2020 letter on May 26, 2020. A true and correct copy of Apple's May 26, 2020 letter from my colleague, Ilissa Samplin, is attached hereto as **Exhibit M**.

18. Following counsel's letters May 22 and 26, 2020 letters, the parties exchanged emails concerning their discovery dispute, including the Section 2019.210 dispute. In a June 9, 2020 email, Plaintiffs continued to maintain their position that

they would "provide a 2019.210 statement and other confidential information . . . after entry of a protective order." In a June 12, 2020 email, Plaintiffs indicated that they were willing to serve their Section 2019.210 disclosure in the absence of a protective order if it were treated as designated "Attorney's Eyes Only," even though they rejected Apple's offers to do so for weeks. In the same June 12, 2020 email, Plaintiffs also took the position that "Judge Selna's order did not require a 2019.210 statement at all, much less by a date certain." A true and correct copy of that email exchange is attached hereto as **Exhibit N**.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATE:  June 19, 2020

By:  /s/ Joshua H. Lerner
        Joshua H. Lerner