# Exhibit A

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| Masimo Corporation and Cercacor Laboratories, Inc. | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No. 8:18-cv-02001-JVS-JDE |
| True Wearables, Inc. and Marcelo Lamego | ) | |
| *Defendants* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Apple Inc.
One Apple Park Way, Cupertino CA 95014

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Please see Exhibit A Attached for Topics.

| Place: Knobbe, Martens, Olson & Bear LLP 333 Bush Street, Suite 2100 San Francisco, CA 94104 | Date and Time: 02/10/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic, audio, video and/or real-time computer means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Exhibit B attached. You are instructed to produce the documents by January 28, 2020 to the attention of Nicholas Belair at KNOBBE, MARTENS, OLSON & BEAR LLP, 333 Bush Street, Suite 2100, San Francisco, CA 94104.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2020

| *CLERK OF COURT* | OR | /s/ Brian C. Claassen |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. , who issues or requests this subpoena, are:
Brian C. Claassen, Knobbe, Martens, Olson & Bear LLP, 2040 Main St., 14th Floor, Irvine CA 92614 (949) 760-0404

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:18-cv-02001-JVS-JDE

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

A. The term "Masimo" shall mean Masimo Corporation and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

B. The term "Cercacor" shall mean Cercacor Laboratories, Inc. and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

C. The term "Plaintiffs" shall mean Masimo and Cercacor, collectively and/or individually.

D. The term "Lamego," shall mean and include the following individual, Marcelo Lamego, and any present or former principal, officer, director, employee, former employee, servant, agent, attorney, or other representative acting on behalf of Defendant Marcelo Lamego.

E. The term "True Wearables" shall mean True Wearables, Inc. and any present or former principal, officer, director, employee, former employee, servant, agent, attorney, or other representative acting on its behalf, and shall include any parent, subsidiary, division, predecessor, successor, or affiliate.

F. The terms "Defendants," "You," and "Your" shall mean Lamego and True Wearables, collectively and/or individually.

G. The terms "Oxxiom" or "Accused Product" shall mean True Wearables, Inc.'s hardware and/or iOS software application pulse oximeter product that, among other things, tracks oxygen saturation ($SpO_2$), pulse rate (PR) and perfusion index (PI).

H. The term "Masimo Asserted Patents" shall mean, individually and collectively: U.S. Patent Nos. 7,186,966 ("the '966 patent"), 7,295,866 ("the '866 patent"), 8,886,271 ("the '271 patent"), 8,983,564 ("the '564 patent"), 10,194,847 ("the '847 patent"), and 10,194,848 ("the '848 patent"), and any other patents that Masimo asserts in this litigation.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Marcelo Lamego's involvement in, and technical disclosures to Apple regarding, physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 2:**

Marcelo Lamego's contributions to Apple's marketing strategies for physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 3:**

Marcelo Lamego's disclosures to Apple relating to light piping reduction in physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 4:**

Marcelo Lamego's disclosures to Apple relating to the weighting and relative importance of separate calculation techniques for non-invasive measurement of blood parameters

**TOPIC NO. 5:**

Marcelo Lamego's disclosures to Apple relating to physiological parameter buffers during measurements in physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 6:**

Marcelo Lamego's involvement in and disclosures to Apple regarding technical aspects of light emission and detection.

**TOPIC NO. 7:**

Apple's communications with Marcelo Lamego concerning Mr. Lamego's employment with Apple and termination thereof.

# EXHIBIT B

## EXHIBIT B

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, and in accordance with the following definitions and instructions, Plaintiffs request that Apple Inc. produce the documents and things identified in the requests for production below.

## DEFINITIONS

1. The term "documents" is used in the broadest sense possible under Rule 34 of the Federal Rules of Civil Procedure, and includes all written or graphic matter, however produced or reproduced, including, but not limited to, originals (or copies where originals are unavailable) of correspondence, electronic mail, computer storage media (including, but not limited to, all active, inactive, and archived data files stored on hard drives, operating systems, software, floppy disks, magnetic tapes, zip drives, CD-ROMS, mainframe computers, desktop computers, home computers, laptops, mobile handheld devices, retired computer systems or any other storage medium), computer software needed to produce in human-readable form data from said computer storage media, instructions for using said computer software, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of directors or committee meetings, memoranda, inter-office communications, studies, analyses, reports, engineering drawings, results of investigations, catalogs, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, charge slips, freight bills, time sheets or logs, stenographers' notebooks, diaries, or papers similar to any of the foregoing, however denominated.

2. The terms "communication" or "communications" mean any communication regardless of the manner in which the communication(s) took place, including, but not limited to, face-to-face conversations, correspondence,

electronic or computer mail, telephone calls, facsimile communications, or telegrams.

3. The terms "describe," "described" or "description" when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident or event, means provide any or all of the following information (to the extent it is available to you): its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of, and what transpired as a part thereof; the identity of each person who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness) or who has any knowledge thereof together with a description of each person's function, role, or knowledge; the identity of each document which refers thereto or which was used, referred to, or prepared in the course or as a result thereof; and identification of each communication which was a part thereof or referred thereto. When used in connection with any evaluation, calculation, or computation, the terms "describe," "described" or "description" mean provide any or all the following information: an explanation of its meaning; an explanation of the manner in which it was derived; the identity of each person who performed any function with respect thereto and a description of his or her function; the identity of each document which refers thereto or which was used, referred to, or prepared in the course of or as a result thereof; and the identity of each communication which occurred in the course of the preparation thereof or which referred thereto.

4. The term "you," "your," and "Apple" means Apple Inc., and its associated entities (including subsidiaries and affiliates), companies acquired by Apple Inc. or, employees, agents, partners, attorneys, and representatives.

-4-

5. The terms "person," "individual," and "entity" shall include natural persons, corporations, and other legal or business entities, whether or not in your employ, and the acts and knowledge of a person, individual or entity are defined to include the acts and knowledge of that person's, individual's, or entity's directors, officers, members, employees, representatives, agents, and attorneys.

6. The singular form of any noun or pronoun used herein includes within its meaning the plural form thereof and vice versa; the neuter, masculine or feminine form of any pronoun used herein includes within its meaning the neuter, masculine and feminine forms; and the use herein of any tense of any verb includes within its meaning all other tenses of the verb. In every such instance, the specific request shall be construed in the broadest sense so as to call for the most complete and inclusive answer.

7. The terms "and" and "or" shall be construed both conjunctively and disjunctively, and the plural shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these requests for production all documents that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. You are to produce every document and thing requested that is in your possession, custody, or control, or within the possession, custody, or control of any employees, agents, consultants, attorneys, and/or any other persons acting or purporting to act on your behalf.

2. If you have any good faith objection to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated. If there is an objection to any part of a request, then the part objected to should be identified and documents responsive to the remaining unobjectionable part should be produced.

3. Each request shall be answered separately.

4. Each request shall be answered on the basis of your entire

knowledge, from all sources.

5. For each document and thing requested herein that you withhold or redact under a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, you shall provide an explanation of the basis for the claim, including:

    a. the date of the document;

    b. the type of document (e.g., letter, memorandum, etc.);

    c. the name and title of any and all authors or senders and any and all addressees and copy recipients of the document and any and all persons to whom the document was shown or to whom its subject matter was disclosed;

    d. the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document or in whose name the document was prepared;

    e. the subject matter of the document;

    f. the REQUEST FOR PRODUCTION to which the document is responsive; and

    g. a statement of the basis upon which the document has been redacted or withheld, including the specific nature of the privilege or exemption claimed and the detailed grounds for claiming such

6. For any document requested herein that has been destroyed or misplaced, you shall provide the information described in paragraphs 5(a)-(e) above, as well as a brief explanation of the circumstances (when, how, by whom, and why) surrounding the document's destruction or loss, and any and all records pertaining to its destruction or loss.

7. If you or your attorneys know of the existence, past or present, of any document described in a request, but such document is not presently in your possession, custody, or control or in the possession, custody, or control of its

agents, representatives, or attorneys, you shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside.

8. Documents shall be produced as they are maintained in the normal course of business, including:

    a. all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

    b. all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; and

    c. each page shall be given a discrete production number.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show Marcelo Lamego's involvement in any Apple program or project relating to physiological parameter monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

**REQUEST FOR PRODUCTION NO. 2:**

All documents constituting, referring, or relating to Marcelo Lamego's technical disclosures to Apple relating to physiological parameter monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

**REQUEST FOR PRODUCTION NO. 3:**

All documents generated in whole or in part by Marcelo Lamego while employed at Apple and relating to physiological parameter monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Marcelo Lamego's contributions to Apple's marketing strategies relating to physiological parameter monitoring, including but

1 | not limited to pulse oximetry and pulse rate monitoring.
2 | **REQUEST FOR PRODUCTION NO. 5:**
3 | All documents constituting, referring, or relating to Marcelo Lamego's
4 | disclosures to Apple regarding light piping reduction in physiological parameter
5 | monitoring, including but not limited to pulse oximetry and pulse rate monitoring.
6 | **REQUEST FOR PRODUCTION NO. 6:**
7 | All documents constituting, referring, or relating to Marcelo Lamego's
8 | disclosures to Apple regarding the weighting and relative importance of separate
9 | calculation techniques for non-invasive measurement of blood parameters.
10 | **REQUEST FOR PRODUCTION NO. 7:**
11 | All documents constituting, referring, or relating to Marcelo Lamego's
12 | disclosures to Apple regarding physiological parameter buffers during
13 | measurements of physiological parameters in physiological parameter monitoring,
14 | including but not limited to pulse oximetry and pulse rate monitoring.
15 | **REQUEST FOR PRODUCTION NO. 8:**
16 | Documents sufficient to show Marcelo Lamego's involvement in any Apple
17 | program or project relating to the technical aspects of light emission and detection
18 | **REQUEST FOR PRODUCTION NO. 9:**
19 | All documents constituting, referring, or relating to Marcelo Lamego's
20 | disclosures to Apple regarding the technical aspects of light emission and
21 | detection.
22 | **REQUEST FOR PRODUCTION NO. 10:**
23 | All communications with Marcelo Lamego regarding his employment at
24 | Apple, including his recruitment and termination.
25 |
26 | / / /
27 | / / /
28 | / / /

**REQUEST FOR PRODUCTION NO. 11:**

All agreements between Marcelo Lamego and Apple concerning his employment by Apple, including but not limited to employment agreements, assignment agreements, confidentiality agreements, separation or termination agreements.