# Exhibit B

1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   stephen.jensen@knobbe.com
3  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
4  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
5  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
6  Irvine, CA  92614
   Telephone:  (949)-760-0404
7  Facsimile:  (949)-760-9502
8
9
10 Attorneys for Plaintiff,
   **Masimo Corporation**
11
12
13         **IN THE UNITED STATES DISTRICT COURT**
14         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
15                    **SOUTHERN DIVISION**
16

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048 ) ) ) **COMPLAINT FOR** ) **(1) PATENT INFRINGEMENT** |
| Plaintiffs, | ) **(2) TRADE SECRET** ) **MISAPPROPRIATION AND** ) **(3) OWNERSHIP OF PATENTS** ) |
| v. | ) **AND DEMAND FOR JURY TRIAL** ) |
| APPLE INC., a California corporation , | ) ) ) |
| Defendant. | ) ) ) |

Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") hereby complain of Defendant APPLE INC. ("Apple"), and allege as follows:

## I. THE PARTIES

1.     Plaintiff Masimo is a Delaware corporation having its principal place of business at 52 Discovery, Irvine, California 92618.

2.     Plaintiff Cercacor is a Delaware corporation having its principal place of business at 15750 Alton Pkwy, Irvine, California 92618.

3.     Upon information and belief, Defendant Apple is a California corporation having a principal place of business at One Apple Park Way, Cupertino, California, 95014.

## II. JURISDICTION AND VENUE

4.     This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*., more particularly, 35 U.S.C. §§ 271 and 281.  This Complaint further alleges trade secret misappropriation and seeks a declaration of ownership of certain patents and patent applications, and, pursuant to 35 U.S.C. § 256, correction of inventorship of certain patents.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

6.     Apple has its principal place of business in California.  Apple is subject to personal jurisdiction in California and has committed the acts complained of in this Judicial District.

7.     Venue is proper in the Southern Division of the Central District of California pursuant to 28 U.S.C. § 1400(b) with respect to patent infringement because Defendant has a regular and established place of business in the County of Orange within the Central District of California and has committed acts of infringement in this Judicial District.  Defendant also has committed acts of

-1-

misappropriation in this Judicial District.  Thus, venue is proper pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### III.  <u>STATEMENT OF THE CASE</u>

8.    This action seeks relief for the theft of Plaintiffs' highly confidential information and trade secrets, and infringement of Masimo's patents by Defendant, and ownership of patents assigned to or filed by Apple on subject matter that belongs to Masimo.

### IV.  <u>STATEMENT OF FACTS</u>

9.    Masimo is a medical technology company that revolutionized non-invasive monitoring of physiological parameters, such as pulse rate, arterial oxygen saturation and many others.

10.    Most of these parameters are measured using light that is transmitted through the body tissue.  The received light, that has been attenuated by the various components of the body tissue, including the blood, is known in the industry as a photoplethysmograph or "PPG."  The transmission and receipt of these light signals is typically accomplished through a sensor that is applied to a body part such as a finger, arm, toe, forehead or ear.

11.    Before Masimo, these non-invasive measurements from the PPG were plagued by unreliability, often when the measurement was needed most, due to the person moving or having low peripheral blood flow (known as "low perfusion").  The industry had essentially given up on solving these problems, concluding they were largely unsolvable.  In the medical context, clinicians had to live with the results – patient monitors gave excessive false alarms, froze their measurements for prolonged periods of time despite potential changes in the physiological parameter (e.g., oxygen saturation or pulse rate), delayed notification of alarms due to long averaging times of sensor data, produced inaccurate measurements, or were unable to obtain data on the most critical

Exhibit B
Page 24

patients and babies who cannot be instructed to stay still. Masimo's pioneering technology, known as Masimo Signal Extraction Technology ("Masimo SET"), solved this problem and dramatically improved the reliability of monitoring and reporting physiological signals derived from the PPG.

12.  Following its initial success with Masimo SET, Masimo invested heavily in developing additional breakthrough measurement technologies, such as non-invasively measuring total hemoglobin, carboxyhemoglobin, and methemoglobin. Masimo has continued to innovate, succeeding where others have consistently failed. Masimo was the first, and remains the only, company delivering these game-changing technologies to hospitals in the United States. Use of Masimo's technology in the clinical setting has been proven to reduce blindness in premature infants, detect congenital heart disease in infants, save lives on the general care floor and post-surgery, and improve transfusion management, while saving money.

13.  From its inception, Masimo has continuously developed cutting-edge noninvasive patient monitoring technologies. Masimo sought and received numerous U.S. patents for many of its inventions. Masimo's revolutionary technology was a key to its gaining significant market praise and penetration. After introduction into the market, many competitors, much larger than Masimo, used Masimo's technology without a license, resulting in patent infringement lawsuits that ultimately confirmed the validity of Masimo's innovations. But, Masimo maintains some technology as trade secrets. Masimo also closely guards its future product and market plans. Only select employees have knowledge of and access to these guarded secrets.

14.  Masimo's innovations also include important advances in sensor technologies that work together as part of Masimo's system and algorithms. Masimo's sensors are integral to the success of the revolutionary technologies Masimo has developed.

-3-

15.     In 1998, Masimo spun certain technologies off into a new company, Masimo Laboratories, Inc. or "Masimo Labs," to further research and develop the technologies. The name of the company was later changed to "Cercacor."  Cercacor and Masimo have a cross-license agreement to facilitate confidential collaboration between the companies.  Cercacor is not owned by Masimo.

16.     Like Masimo, Cercacor is an innovator of non-invasive monitoring technologies.  Cercacor is on the frontline of understanding how measuring, tracking, and analyzing physiological parameters can impact pre-diabetic and diabetic patients, sports training and performance and overall health and wellness principally in the consumer market.  Cercacor continued the development that started at Masimo on non-invasive total hemoglobin (SpHb), methemoglobin (SpMet), and carboxyhemoglobin (SpCO®) and other non-invasive physiological parameters.

17.     Leading hospitals around the world use Cercacor technology licensed to Masimo and sold under the name Masimo rainbow SET.  Like Masimo, Cercacor also maintains some technology as trade secrets, and Cercacor closely guards its future product and market plans.  Only select employees have knowledge of and access to these guarded secrets.

18.     Masimo and Cercacor carefully guard the secrecy of their confidential information and documents.  For example, Masimo and Cercacor have policies regarding labeling confidential information and documents as "CONFIDENTIAL AND PROPRIETARY."  They also restrict these documents and information from disclosure to third parties and employees on a need-to-know basis.  Masimo and Cercacor also have policies in place regarding the use of computers and related equipment that govern how their computer systems may be used.  Those policies also govern the protection of Masimo's and Cercacor's confidential information.  Both Masimo and Cercacor have

-4-

document management systems that restrict access to confidential documents to only those employees with proper security credentials and a need for access. Masimo and Cercacor also require employees to sign agreements precluding the employees from disclosing or making use of any confidential information except as authorized by Masimo and Cercacor and as necessary for the performance of the employees' duties. Masimo and Cercacor also require third parties, including customers, to execute confidential non-disclosure agreements. Masimo and Cercacor implemented such policies and procedures to maintain the confidentiality of sensitive information. These policies remain in place today.

19. In 2013, Apple contacted Masimo and asked to meet regarding a potential collaboration. Apple told Masimo that Apple would like to understand more about Masimo's technology to potentially integrate that technology into Apple's products. Apple and Masimo later entered into a confidentiality agreement, and Masimo's management met with Apple. The meetings included confidential discussions of Masimo's technology. After what seemed to Masimo to have been productive meetings, Apple quickly began trying to hire Masimo employees, including engineers and key management.

20. Masimo employed Michael O'Reilly as its Chief Medical Officer and Executive Vice President for Medical Affairs beginning in January 2008. As part of the Masimo executive team, O'Reilly was privy to extremely sensitive information, including information about mobile medical products and applications, wellness applications, clinical data gathering and analytics, and other technology of Masimo. Upon information and belief, Apple employed O'Reilly in July 2013, shortly after the meetings with Masimo, to assist in wellness and mobile applications that include non-invasive measurement of physiological parameters. Not long after, by December of 2013, O'Reilly was already meeting with the FDA on behalf of Apple to discuss medical

applications and discuss medical products that non-invasively measures blood constituents.

21.     Apple systematically recruited other key Masimo personnel, such as Marcelo Lamego, who was the former Chief Technical Officer of Cercacor and a former Research Scientist at Masimo.  Lamego had unfettered access to Plaintiffs' highly confidential technical information.  He was trained and mentored at Masimo by the most skilled engineers and scientists, and was taught about the keys to effective non-invasive monitoring, something he was not involved in prior to Masimo.  He was also exposed to guarded secrets regarding mobile medical products, including key technology and advance plans for future products.

22.     Given what appeared to be a targeted effort to obtain information and expertise from Masimo and Cercacor, Masimo and Cercacor warned Apple about respecting their rights.

23.     Shortly after joining Apple in January 2014, Lamego pursued on behalf of Apple numerous patent applications on technologies he was intimately involved in at Plaintiffs Cercacor and Masimo, and with which he had no prior experience or knowledge.

24.     For example, Lamego is named as an inventor on U.S. Provisional Patent Application No. 62/043,294, filed Aug. 28, 2014 and titled "Reflective Surface Treatments for Optical Sensors."  Related applications that also name Lamego as an inventor include U.S Patent Application Nos. 14/740,196 and 16/114,003, which issued as U.S. Patent Nos. 10,078,052 and 10,247,670.

25.     As another example, Lamego is named as an inventor on U.S. Provisional Patent Application No. 62/047,818, filed Sep. 9, 2014, entitled "Modulation and Demodulation Techniques for a Health Monitoring System." A related application that names Lamego as the sole inventor includes U.S Patent Application No. 14/621,268, which issued as U.S. Patent No. 10,219,754.

26.   As another example, Lamego is named as an inventor on U.S. Provisional Patent Application No. 62/056,299, filed on Sep. 26, 2014, and entitled "Electronic Device that Computes Health Data."  Related applications that also name Lamego as the sole inventor include U.S Patent Application Nos. 14/617,422, 15/667,832, and 16/700,710.  The '422 Application issued as U.S. Patent No. 9,723,997 and the '832 Application issued as U.S. Patent No. 10,524,671.

27.   As another example, Lamego is named as an inventor on U.S. Provisional Patent Application No. 62/057,089, filed on Sep. 29, 2014, and entitled "Methods and Systems for Modulation and Demodulation of Optical Signals."  Related applications that also name Lamego as an inventor include U.S Patent Application Nos. 14/618,664 and 15/960,507.  The '664 Application issued as U.S. Patent Nos. 9,952,095.

28.   Upon information and belief, Apple announced the first version of its watch in September 2014, and began shipping its watch in April 2015.  The Apple Watch Series 3 was released on September 22, 2017, and upon information and belief had significant performance issues with the non-invasive physiological measurements.  Apple announced The Apple Watch Series 4 on September 12, 2018, and upon information and belief, that watch includes technology that tracks Masimo's technology to solve some of the performance issues, including technology to which Lamego was exposed at Masimo and also technology for which he was an inventor while at Cercacor.  The Apple Watch Series 5 was announced on September 10, 2019 and released on September 20, 2019.  Upon information and belief, the Apple Watch Series 5 also includes Masimo's technology to solve some of the prior performance issues, including technology as to which Lamego was an inventor while at Cercacor.

/ / /

/ / /

Exhibit B
Page 29

# V.  THE PATENTS-IN-SUIT

29.     Masimo is the owner by assignment of U.S. Patent No. 10,258,265 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '265 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 16, 2019.  A true and correct copy of the '265 patent is attached hereto as Exhibit 1.

30.     Masimo is the owner by assignment of U.S. Patent No. 10,258,266 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '266 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 16, 2019.  A true and correct copy of the '266 patent is attached hereto as Exhibit 2.

31.     Masimo is the owner by assignment of U.S. Patent No. 10,292,628 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '628 patent"), which the United States Patent and Trademark Office lawfully and duly issued on May 21, 2019.  A true and correct copy of the '628 patent is attached hereto as Exhibit 3.

32.     Masimo is the owner by assignment of U.S. Patent No. 10,299,708 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '708 patent"), which the United States Patent and Trademark Office lawfully and duly issued on May 21, 2019.  A true and correct copy of the '708 patent is attached hereto as Exhibit 4.

33.     Masimo is the owner by assignment of U.S. Patent No. 10,376,190 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '190 patent"), which the United States Patent and Trademark Office lawfully and duly issued on August 13, 2019.  A true and correct copy of the '190 patent is attached hereto as Exhibit 5.

34.     Masimo is the owner by assignment of U.S. Patent No. 10,376,191 entitled "Multi-stream data collection system for noninvasive measurement of

-8-

blood constituents" ("the '191 patent"), which the United States Patent and Trademark Office lawfully and duly issued on August 13, 2019. A true and correct copy of the '191 patent is attached hereto as Exhibit 6.

35. Masimo is the owner by assignment of U.S. Patent No. 10,470,695 entitled "Advanced pulse oximetry sensor" ("the '695 patent"), which the United States Patent and Trademark Office lawfully and duly issued on November 12, 2019. A true and correct copy of the '695 patent is attached hereto as Exhibit 7.

36. Masimo is the owner by assignment of U.S. Patent No. 6,771,994 entitled "Pulse oximeter probe-off detection system" ("the '994 patent"), which the United States Patent and Trademark Office lawfully and duly issued on August 3, 2004. A true and correct copy of the '994 patent is attached hereto as Exhibit 8.

37. Masimo is the owner by assignment of U.S. Patent No. 8,457,703 entitled "Low power pulse oximeter" ("the '703 patent"), which the United States Patent and Trademark Office lawfully and duly issued on June 4, 2013. A true and correct copy of the '703 patent is attached hereto as Exhibit 9.

38. Masimo is the owner by assignment of U.S. Patent No. 10,433,776 entitled "Low power pulse oximeter" ("the '776 patent"), which the United States Patent and Trademark Office lawfully and duly issued on October 8, 2019. A true and correct copy of the '776 patent is attached hereto as Exhibit 10.

## VI.  FIRST CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,258,265)

39. Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40. Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claims 1-3, 6-11,

13, 17, and 17-25 of the '265 patent under at least 35 U.S.C. § 271(a), (b), and (c).

41.     Upon information and belief, Defendant has directly infringed one or more claims of the '265 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

42.     For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '265 patent.  The Apple Watch Series 4 and 5 devices are adapted to be worn by a wearer and provide an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



43.     The Apple Watch Series 4 and 5 devices include a plurality of emitters of different wavelengths (for example, green and infrared LEDs) and at least four detectors (for example, photodiode sensors) spaced apart from each other as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

/ / /

/ / /

-10-

44.     The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

45.     Upon information and belief, at least some of the technology in the Apple Watch Series 4 and 5 devices is described in Apple's U.S. Patent Application Publication 2019/0072912 (the '912 publication).  A copy of the publication is attached as Exhibit 11.  Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a housing having a surface and a circular wall protruding from the surface, and a light permeable cover arranged above a portion of the housing and covering the detectors as described, for example, in Fig. 4C and the corresponding text of the '912 publication:

/ / /

/ / /

/ / /

-11-

Case 3:20-cv-00048-JVS-JDE Document 57-4 Filed 06/19/20 Page 14 of 65 Page ID
Case 8:20-cv-00048-DOC-JDE Document 1 Filed 01/09/20 Page 13 of 64 Page ID #:13
#:3954



FIG. 4C

46.    Upon information and belief, Defendant has knowledge of Masimo's patents, including the '265 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.   Masimo filed provisional patent applications that led to the '265 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '265 patent.  Defendant had knowledge of the '265 patent no later than the filing of this Complaint.

47.    Upon information and belief, Defendant has actively induced others to infringe the '265 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '265 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the

Exhibit B
Page 34

'265 patent.   Defendant's acts constitute infringement of the '265 patent in violation of 35 U.S.C. § 271(b).

48.   Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '265 patent.   By way of example only, upon information and belief, Defendant actively induces direct infringement of the '265 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices, including use with Apple iPhones.   Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

49.   Upon information and belief, Defendant's acts constitute contributory infringement of the '265 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '265 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are known by Defendant to be especially made or especially adapted for use in an infringement of the '265 patent.

50.   Defendant's infringement of the '265 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '265 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

51.   Because of Defendant's infringement of the '265 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

/ / /

Exhibit B
Page 35

52.     Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## VII.  SECOND CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,258,266)

53.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52.

54.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claims 1-19 of the '266 patent under at least 35 U.S.C. § 271(a), (b), and (c).

55.     Upon information and belief, Defendant has directly infringed one or more claims of the '266 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

56.     For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices 4 and 5 devices include all of the limitations of Claim 1 of the '266 patent.  The Apple Watch Series 4 and 5 devices provides an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

/ / /

/ / /

/ / /

-14-



57.   The Apple Watch Series 4 and 5 devices  a plurality of emitters that emit light into tissue of a user and a plurality of detectors (for example, photodiode sensors) that detect light that has been attenuated by tissue of the user as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

58.   Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a housing configured to house the detectors and a lens located between the tissue of the user and the detectors as described, for example, in Fig. 4C and the corresponding text of the '912 publication:



FIG. 4C

59.     Upon information and belief, the lens has a single outwardly protruding convex surface configured to cause tissue of the user to conform to the protruding convex surface during operation of the noninvasive optical physiological sensor.

60.     Upon information and belief, Defendant has knowledge of Masimo's patents, including the '266 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.   Masimo filed provisional patent applications that led to the '266 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '266 patent.  Defendant had knowledge of the '266 patent no later than the filing of this Complaint.

/ / /

-16-

61.     Upon information and belief, Defendant has actively induced others to infringe the '266 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '266 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '266 patent.   Defendant's acts constitute infringement of the '266 patent in violation of 35 U.S.C. § 271(b).

62.     Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '266 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '266 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

63.     Upon information and belief, Defendant's acts constitute contributory infringement of the '266 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices that constitute material parts of the invention of the asserted claims of the '266 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are known by Defendant to be especially made or especially adapted for use in an infringement of the '266 patent.

64.     Defendant's infringement of the '266 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of

-17-

the '266 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

65.     Because of Defendant's infringement of the '266 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

66.     Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## VIII.  THIRD CAUSE OF ACTION
### (INFRINGEMENT OF U.S. PATENT NO. 10,292,628)

67.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 66.

68.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '628 patent under at least 35 U.S.C. § 271(a), (b), and (c).

69.     Upon information and belief, Defendant has directly infringed one or more claims of the '628 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

70.     For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '628 patent.

71.     Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a housing configured to house a plurality of detectors as described, for example, in Fig. 4C and the corresponding text of the '912 publication:

/ / /

Case 3:20-cv-00048-JVS-JDE   Document 57-4   Filed 06/19/20   Page 21 of 65   Page ID
Case 8:20-cv-00048-DOC-DFM   Document 1-1   Filed 01/09/20   Page 20 of 64   Page ID
#:3961



FIG. 4C

72.    The Apple Watch Series 4 and 5 devices include a plurality of emitters that emit light into tissue of a user and a plurality of detectors that detect light that has been attenuated by tissue of the user as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

/ / /

/ / /

/ / /

Exhibit B
Page 41

Case 3:20-cv-00048-JVS-JDE   Document 57-1   Filed 06/10/20   Page 22 of 65   Page ID
#:3962
Case 8:20-cv-00048-DOC-DFM   Document 1-1   Filed 01/09/20   Page 21 of 64   Page ID #:21



73.    Analysis of the Apple Watch Series 4 and 5 devices shows that the devices include a light permeable cover configured to be located between tissue of the user and the plurality of detectors when the noninvasive optical physiological sensor is worn by the user, wherein the cover comprises an outwardly protruding convex surface configured to cause tissue of the user to conform to at least a portion of the outwardly protruding convex surface when the noninvasive optical physiological sensor is worn by the user and during operation of the noninvasive optical physiological sensor, and wherein the plurality of detectors are configured to receive light passed through the outwardly protruding convex surface after attenuation by tissue of the user, as described, for example, in Fig. 4C and the corresponding text of the '912 publication:

/ / /

/ / /

/ / /

-20-



74.

FIG. 4C

75.     Upon information and belief, Defendant has knowledge of Masimo's patents, including the '628 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.   Masimo filed provisional patent applications that led to the '628 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '628 patent.  Defendant had knowledge of the '628 patent no later than the filing of this Complaint.

76.     Upon information and belief, Defendant has actively induced others to infringe the '628 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '628 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the

Exhibit B
Page 43

'628 patent.   Defendant's acts constitute infringement of the '628 patent in violation of 35 U.S.C. § 271(b).

77.   Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '628 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '628 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices, including use with Apple iPhones.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

78.   Upon information and belief, Defendant's acts constitute contributory infringement of the '628 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '628 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '628 patent.

79.   Defendant's infringement of the '628 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '628 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

80.   Because of Defendant's infringement of the '628 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

/ / /

81.     Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## IX.  FOURTH CAUSE OF ACTION
### (INFRINGEMENT OF U.S. PATENT NO. 10,299,708)

82.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 81.

83.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '708 patent under at least 35 U.S.C. § 271(a), (b), and (c).

84.     Upon information and belief, Defendant has directly infringed one or more claims of the '708 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

85.     For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '708 patent.  The Apple Watch Series 4 and 5 devices are adapted to be worn by a wearer and provide an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

/ / /

/ / /

/ / /

Case 3:20-cv-00048-JVS-JDE   Document 57-4   Filed 06/19/20   Page 26 of 65   Page ID
#:3966
Case 8:20-cv-00048-DOC-DFM   Document 1   Filed 01/09/20   Page 25 of 64   Page ID #:25



86.    Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a platform including a planar surface, a housing including a raised edge portion extending from and enclosing at least a portion of the planar surface, and the housing including a protruding light permeable cover as described, for example, in Fig. 4C and the corresponding text of the '912 publication:

/ / /

/ / /

/ / /

-24-



87.

88.     Upon information and belief, the Apple Watch Series 4 and 5 devices include at least four detectors (for example, photodiode sensors) arranged on the planar surface of the platform and within the housing, wherein the at least four detectors are arranged in a grid pattern such that a first detector and a second detector are arranged across from each other on opposite sides of a central point along a first axis, and a third detector and a fourth detector are arranged across from each other on opposite sides of the central point along a second axis which is perpendicular to the first axis as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

/ / /

/ / /

/ / /

Exhibit B
Page 47

89.    Upon information and belief, Defendant has knowledge of Masimo's patents, including the '708 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.    Masimo filed provisional patent applications that led to the '708 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.    Lamego is a named inventor of the '708 patent.    Defendant had knowledge of the '708 patent no later than the filing of this Complaint.

90.    Upon information and belief, Defendant has actively induced others to infringe the '708 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '708 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '708 patent.    Defendant's acts constitute infringement of the '708 patent in violation of 35 U.S.C. § 271(b).

91.    Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '708 patent.    By way of example only, upon information and belief, Defendant actively induces direct

infringement of the '708 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices, including use with Apple iPhones. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

92. Upon information and belief, Defendant's acts constitute contributory infringement of the '708 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '708 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '708 patent.

93. Defendant's infringement of the '708 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '708 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

94. Because of Defendant's infringement of the '708 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

95. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

/ / /

/ / /

# X.  FIFTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,376,190)

96.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 95.

97.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '190 patent under at least 35 U.S.C. § 271(a), (b), and (c).

98.     Upon information and belief, Defendant has directly infringed one or more claims of the '190 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

99.     For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '190 patent.  The Apple Watch Series 4 and 5 devices are noninvasive optical physiological measurement devices adapted to be worn by a wearer, the noninvasive optical physiological measurement device providing an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



-28-

100.   Upon information and belief, the Apple Watch Series 4 and 5 devices include light emitters and at least four detectors spaced apart from each other and configured to output one or more signals responsive to light from the one or more light emitters attenuated by body tissue, the one or more signals indicative of a physiological parameter of the wearer as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



101.   Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a housing having a surface and a circular raised edge extending from the surface, and a light permeable cover arranged above at least a portion of the housing, the light permeable cover comprising a protrusion arranged to cover the at least four detectors as described, for example, in Fig. 4C and the corresponding text of the '912 publication:

/ / /

/ / /

/ / /



FIG. 4C

102.   Upon information and belief, Defendant has knowledge of Masimo's patents, including the '190 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.   Masimo filed provisional patent applications that led to the '190 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '190 patent.  Defendant had knowledge of the '190 patent no later than the filing of this Complaint.

103.   Upon information and belief, Defendant has actively induced others to infringe the '190 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '190 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the

-30-

'190 patent. Defendant's acts constitute infringement of the '190 patent in violation of 35 U.S.C. § 271(b).

104. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '190 patent. By way of example only, upon information and belief, Defendant actively induces direct infringement of the '190 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices, including use with Apple iPhones. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

105. Upon information and belief, Defendant's acts constitute contributory infringement of the '190 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '190 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '190 patent.

106. Defendant's infringement of the '190 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '190 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

107. Because of Defendant's infringement of the '190 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

/ / /

108.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XI.  SIXTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,376,191)

109.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 108.

110.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '191 patent under at least 35 U.S.C. § 271(a), (b), and (c).

111.   Upon information and belief, Defendant has directly infringed one or more claims of the '191 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

112.   For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '191 patent.  The Apple Watch Series 4 and 5 devices are a noninvasive optical physiological sensor as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

/ / /

/ / /

/ / /

-32-



113.   The Apple Watch Series 4 and 5 devices include a plurality of emitters configured to emit light into tissue of a user and a plurality of detectors configured to detect light that has been attenuated by tissue of the user, wherein the plurality of detectors comprise at least four detectors as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

114.   Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a housing configured to house at least the plurality of detectors in a circular portion of the housing, and a lens configured to be located between

-33-

tissue of the user and the plurality of detectors when the noninvasive optical physiological sensor is worn by the user, wherein the lens comprises a single outwardly protruding convex surface configured to cause tissue of the user to conform to at least a portion of the single outwardly protruding convex surface when the noninvasive optical physiological sensor is worn by the user and during operation of the noninvasive optical physiological sensor as described, for example, in Fig. 4C and the corresponding text of the '912 publication:



FIG. 4C

115.   Upon information and belief, Defendant has knowledge of Masimo's patents, including the '191 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.   Masimo filed provisional patent applications that led to the '191 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named

-34-

Exhibit B
Page 56

inventor of the '191 patent.  Defendant had knowledge of the '191 patent no later than the filing of this Complaint.

116.   Upon information and belief, Defendant has actively induced others to infringe the '191 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '191 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '191 patent.  Defendant's acts constitute infringement of the '191 patent in violation of 35 U.S.C. § 271(b).

117.   Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '191 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '191 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

118.  Upon information and belief, Defendant's acts constitute contributory infringement of the '191 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices that constitute material parts of the invention of the asserted claims of the '191 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '191 patent.

-35-

119.   Defendant's infringement of the '191 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '191 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

120.   Because of Defendant's infringement of the '191 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

121.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XII.  SEVENTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,470,695)

122.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 121.

123.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '695 patent under at least 35 U.S.C. § 271(a), (b), and (c).

124.   Upon information and belief, Defendant has directly infringed one or more claims of the '695 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

125.   For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '695 patent.   The Apple Watch Series 4 and 5 devices are a wrist-worn physiological monitoring device configured for placement on a user at a tissue measurement site as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

-36-



126.   The Apple Watch Series 4 and 5 devices include a light emission source comprising a plurality of emitters configured to irradiate the tissue measurement site by emitting light towards the tissue measurement site, the tissue measurement site being located on a wrist of the user, the plurality of emitters configured to emit one or more wavelengths and a plurality of detectors configured to detect the light emitted by the plurality of emitters after attenuation by a circular portion of the tissue measurement site, the plurality of detectors further configured to output at least one signal responsive to the detected light as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



-37-

127.   Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a processor configured to receive the at least one signal responsive to the output and determine a physiological parameter of the user and a light block forming an enclosing wall between the light emission source and the plurality of detectors, the light block defining the circular portion of the tissue measurement site, the light emission source arranged proximate a first side of the enclosing wall and the plurality of detectors arranged proximate a second side of the enclosing wall, the first side being different than the second side, wherein the enclosing wall prevents at least a portion of light emitted from the light emission source from being detected by the plurality of detectors without attenuation by the tissue, and wherein the plurality of detectors are arranged in an array having a spatial configuration corresponding to the portion of the tissue measurement site as described, for example, in Fig. 4C and the corresponding text of the '912 publication:



FIG. 4C

-38-

128.    Upon information and belief, Defendant has knowledge of Masimo's patents, including the '695 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.   Masimo filed provisional patent applications that led to the '695 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '695 patent.  Defendant had knowledge of the '695 patent no later than the filing of this Complaint.

129.    Upon information and belief, Defendant has actively induced others to infringe the '695 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '695 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '695 patent.   Defendant's acts constitute infringement of the '695 patent in violation of 35 U.S.C. § 271(b).

130.    Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '695 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '695 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

131.    Upon information and belief, Defendant's acts constitute contributory infringement of the '695 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4

-39-

and 5 devices that constitute material parts of the invention of the asserted claims of the '695 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '695 patent.

132.   Defendant's infringement of the '695 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '695 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

133.   Because of Defendant's infringement of the '695 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

134.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XIII.  EIGHTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 6,771,994)

135.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 134.

136.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 15 of the '994 patent under at least 35 U.S.C. § 271(a), (b), and (c).

137.   Upon information and belief, Defendant has directly infringed one or more claims of the '994 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

/ / /

138.   For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 15 of the '994 patent.   Upon information and belief, the Apple Watch Series 4 and 5 devices detects light transmitted through body tissue carrying pulsing blood to determine heart rate as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



139.   The Apple Watch Series 4 and 5 devices include at least one light emission device and a light sensitive detector as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



-41-

140.   The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

141.   Upon information and belief, at least some of the technology in the Apple Watch Series 4 and 5 devices is described in U.S. Patent Application Publication 2019/0090806 (the '806 publication).  A copy of the publication is attached as Exhibit 12.  Analysis of the Apple Watch Series 4 and 5 devices show that the devices include a plurality of louvers positioned over the light sensitive detector to accept light from the at least one light emission device originating from a general direction of the at least one light emission device and then transmitting through body tissue carrying pulsing blood, wherein the louvers accept the light when the sensor is properly applied to tissue of a patient.  Upon information and belief, this technology is described, for example, in Fig. 7 and the corresponding text of the '806 publication:



FIG. 7

142.   Upon information and belief, Defendant has knowledge of Masimo's patents, including the '994 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor.  Masimo filed a patent application that led to the '994 patent on June 16, 2000.  The '994 patent issued on August 3, 2004, and Masimo has maintained the patent while O'Reilly and Lamego were with Masimo and/or Cercacor.  Defendant had knowledge of the '994 patent no later than the filing of this Complaint.

143.   Upon information and belief, Defendant has actively induced others to infringe the '994 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '994 patent.

-42-

To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '994 patent. Defendant's acts constitute infringement of the '994 patent in violation of 35 U.S.C. § 271(b).

144. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '994 patent. By way of example only, upon information and belief, Defendant actively induces direct infringement of the '994 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

145. Upon information and belief, Defendant's acts constitute contributory infringement of the '994 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices that constitute material parts of the invention of the asserted claims of the '994 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '994 patent.

146. Defendant's infringement of the '994 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '994 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

/ / /

/ / /

147.   Because of Defendant's infringement of the '994 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

148.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XIV.   NINTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 8,457,703)

149.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 148.

150.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '703 patent under at least 35 U.S.C. § 271(a), (b), and (c).

151.   Upon information and belief, Defendant has directly infringed one or more claims of the '703 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

152.   For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '703 patent.  The Apple Watch Series 4 and 5 devices provide an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

/ / /

/ / /

/ / /

-44-



153.   The Apple Watch Series 4 and 5 devices drive one or more light sources configured to emit light into tissue and receives one or more signals from one or more detectors configured to detect light after attenuation by tissue as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



154.   The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

/ / /

-45-

155.   Upon information and belief, the Apple Watch Series 4 and 5 devices continuously operate at a lower power consumption level to determine measurement values for heart rate, as described at https://support.apple.com/en-us/HT204666:

> The optical heart sensor in Apple Watch uses what is known as photoplethysmography. This technology, while difficult to pronounce, is based on a very simple fact: Blood is red because it reflects red light and absorbs green light. Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment. When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate.

156.   Upon information and belief, the Apple Watch Series 4 and 5 devices as described above compare processing characteristics to a predetermined threshold, and when the processing characteristics pass the threshold, the Apple Watch Series 4 and 5 devices transition to continuously operating at a higher power consumption level, wherein the continuously operating at the lower power consumption level comprises reducing activation of an attached sensor, the sensor positioning the light sources and the detectors proximate to the tissue.

157.   Masimo filed a provisional patent application that led to the '703 patent on July 2, 2001, The '703 patent issued on June 4, 2013, while

-46-

while O'Reilly and Lamego were with Masimo and/or Cercacor. Defendant had knowledge of the '703 patent no later than the filing of this Complaint.

158. Upon information and belief, Defendant has actively induced others to infringe the '703 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '703 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '703 patent. Defendant's acts constitute infringement of the '703 patent in violation of 35 U.S.C. § 271(b).

159. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '703 patent. By way of example only, upon information and belief, Defendant actively induces direct infringement of the '703 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

160. Upon information and belief, Defendant's acts constitute contributory infringement of the '703 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices that constitute material parts of the invention of the asserted claims of the '703 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '703 patent.

161.  Defendant's infringement of the '703 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '703 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

162.  Because of Defendant's infringement of the '703 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

163.  Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XV.  TENTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,433,776)

164.  Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 163.

165.  Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and 5 devices, infringe at least Claim 1 of the '776 patent under at least 35 U.S.C. § 271(a), (b), and (c).

166.  Upon information and belief, Defendant has directly infringed one or more claims of the '776 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and 5 devices.

167.  For example, upon information and belief, in operation, the Apple Watch Series 4 and 5 devices include all of the limitations of Claim 1 of the '776 patent.  The Apple Watch Series 4 and 5 devices are configured to monitor at least a pulse rate of a patient by processing signals responsive to light

/ / /

-48-

Case 3:20-cv-00048-JVS-JDE    Document 57-4    Filed 06/19/20    Page 51 of 65    Page ID
Case 8:20-cv-00048-DOC-DFM    Document 37-1    Filed 01/09/20    Page 50 of 64    Page ID #:50
#:3991

168.   attenuated by body tissue of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



169.   The Apple Watch Series 4 and 5 devices drive one or more light sources configured to emit light into tissue and receives one or more signals from one or more detectors configured to detect light after attenuation by tissue as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



-49-

170.   Upon information and belief, the Apple Watch Series 4 and 5 devices operate according to a first control protocol, wherein said operating includes activating a first control protocol light source in accordance with the first control protocol, the first control protocol light source including one or more of a plurality of light sources, and when operating according to the first control protocol, calculating, by the patient monitor, measurement values of the pulse rate, the measurement values responsive to light from the first control protocol light source, detected by a detector of an optical sensor after attenuation by body tissue of the patient using the patient monitor as explained, for example, on the Apple website at https://support.apple.com/en-us/HT204666.   That webpage explains the optical heart sensor uses photoplethysmography. "Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment. When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate."   That webpage further explains that the "optical heart sensor can also use infrared light. This mode is what Apple Watch uses when it measures your heart rate in the background, and for heart rate notifications. Apple Watch uses green LED lights to measure your heart rate during workouts and Breathe sessions, and to calculate walking average and Heart Rate Variability (HRV)."

171.   Upon information and belief, the Apple Watch Series 4 and 5 devices operate generate a trigger signal, wherein generating said trigger signal is responsive to at least one of: a comparison of processing characteristics to a

-50-

predetermined threshold, a physiological event, or signal quality characteristics of signals received from the detector, and in response to receiving the trigger signal, operating the patient monitor according to a second control protocol different from the first control protocol, wherein said operating includes activating a second control protocol light source in accordance with the second control protocol, the second control protocol light source including one or more of the plurality of light sources, and when operating the patient monitor according to the second control protocol, calculating the measurement values of the pulse rate, the measurement values responsive to light from the second control protocol light source, detected by the detector after attenuation by the body tissue of the patient using the patient monitor, wherein said operating of the patient monitor according to the first control protocol operates the first control protocol light source according to a first duty cycle and said operating of the patient monitor according to the second control protocol operates the second control protocol light source according to a second duty cycle, wherein power consumption of the first control protocol light source according to the first duty cycle is different than power consumption of the second control protocol light source according to the second duty cycle.

172. Upon information and belief, Defendant has knowledge of Masimo's patents, including the '776 patent, at least based on O'Reilly and Lamego's former positions with Masimo and Cercacor. Masimo filed a provisional patent application that led to the '776 patent on July 2, 2001, The '776 patent issued on June 4, 2013, while while O'Reilly and Lamego were with Masimo and/or Cercacor. Defendant had knowledge of the '776 patent no later than the filing of this Complaint.

173. Upon information and belief, Defendant has actively induced others to infringe the '776 patent by marketing and selling the above Apple Watch Series 4 and 5 devices, knowing and intending that such systems would

be used by customers and end users in a manner that infringes the '776 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and 5 devices be used to infringe the '776 patent. Defendant's acts constitute infringement of the '776 patent in violation of 35 U.S.C. § 271(b).

174. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '776 patent. By way of example only, upon information and belief, Defendant actively induces direct infringement of the '776 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and 5 devices. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

175. Upon information and belief, Defendant's acts constitute contributory infringement of the '776 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and 5 devices that constitute material parts of the invention of the asserted claims of the '776 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '776 patent.

176. Defendant's infringement of the '776 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '776 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

/ / /

177.   Because of Defendant's infringement of the '776 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

178.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XVI.  ELEVENTH CAUSE OF ACTION
## (TRADE SECRET MISAPPROPRIATION UNDER CALIFORNIA'S UNIFORM TRADE SECRET ACT)

179.   Plaintiffs Masimo and Cercacor hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 177.

180.   This is a cause of action for Misappropriation of Trade Secrets under California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq.*, based upon Defendant's wrongful and improper use and disclosure of confidential and proprietary trade secret information of Plaintiffs.

181.   Plaintiffs own trade secrets including, but not limited to, Plaintiffs' business plans, know-how, technical information, technical data, designs, manufacturing techniques and other business information ("Confidential Information").

182.   Plaintiffs' Confidential Information is currently or was, at least at the time of Defendant's misappropriation, not generally known. All individuals with access to Plaintiffs' Confidential Information were instructed to keep it confidential, and they were subject to obligations to keep Plaintiffs' Confidential Information secret.  Additionally, Plaintiffs' Confidential Information is, or at least was at the time of Defendant's misappropriation, not generally known to the public or to other persons who can obtain economic value from its disclosure or use.

Exhibit B
Page 75

183. Plaintiffs' Confidential Information has actual and potential independent economic value because it is, or was, not generally known. The actual and potential independent economic value of Plaintiffs' Confidential Information is derived from not being generally known because it gives or gave Plaintiffs an actual and potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use.

184. Plaintiffs made reasonable efforts under the circumstances to keep Plaintiffs' Confidential Information from becoming generally known. For example, Plaintiffs' efforts included marking documents confidential, instructing those individuals with access to the information to treat it as confidential, restricting access to the information, and requiring individuals and companies to enter into confidentiality agreements with Masimo in order to receive Masimo Confidential Information.

185. Plaintiffs are informed and believe, and thereon allege, that Defendant misappropriated Plaintiffs' Confidential Information by acquisition, disclosure and/or use. Upon information and belief, Defendant acquired, used and disclosed Plaintiffs' Confidential Information at least by filing patent applications containing Masimo's Confidential Information, without Plaintiffs' express or implied consent.

186. Upon information and belief, Lamego disclosed Plaintiffs' Confidential Information at least by September 2014, without Plaintiffs' consent, to Defendant. Additionally, at the time of disclosure, Lamego knew or had reason to know that his knowledge of Plaintiffs' Confidential Information was acquired by an employer-employee relationship, fiduciary relationship, and Lamego's employment agreements, which created a duty for Lamego to keep Plaintiffs' Confidential Information secret.

187. Upon information and belief, Defendant disclosed Plaintiffs' Confidential Information, without Plaintiffs' consent, in published patent filings.

-54-

Defendant knew or had reason to know that the knowledge of Plaintiffs' Confidential Information came from Plaintiffs, and that Lamego had previously acquired Plaintiffs' Confidential Information by virtue of an employer-employee and fiduciary relationship and the Lamego employment agreements, all of which created a duty for Lamego to keep Plaintiffs' Confidential Information secret.

188. Plaintiffs were harmed by Defendant's acquisition, use, and disclosure of Plaintiffs' Confidential Information, and Defendant's actions were substantial factors in causing Plaintiffs' harm. As a direct and proximate result of Defendant's willful, improper, and unlawful acquisition, use, and disclosure of Plaintiffs' trade secrets, Plaintiffs have suffered, and will continue to suffer, great harm and damage. Plaintiffs will continue to be irreparably damaged unless Defendant is enjoined from further use and disclosure of Plaintiffs' Confidential Information.

189. Defendant was unjustly enriched by Defendant's acquisition, use, and disclosure of Plaintiffs' Confidential Information, and Defendant's actions were substantial factors in causing Defendant to be unjustly enriched. Defendant was unjustly enriched because its misappropriation of Plaintiffs' Confidential Information caused Defendant to receive a benefit that it otherwise would not have achieved.

190. If neither damages nor unjust enrichment caused by Defendant's misappropriation of Plaintiffs' Confidential Information is provable at trial, Plaintiffs are entitled to a reasonable royalty for the period of time that Defendant's use of Plaintiffs' Confidential Information could have been prohibited.

191. The aforementioned acts of Defendant in wrongfully misappropriating Plaintiffs' trade secrets were, and continue to be, willful and malicious, warranting an award of reasonable attorneys' fees, as provided by

Exhibit B
Page 77

Cal. Civ. Code § 3426.4, and exemplary damages, as provided by Cal. Civ. Code §§ 3294 and 3426.3(c).

## XVII.  TWELTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,078,052)

192.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 190.

193.  Lamego is a named inventor of U.S. Patent 10,078,052 presently recorded as owned by Apple.  A true and correct copy of the '052 patent is attached hereto as Exhibit 13.

194.  The '052 Patent claims subject matter that Lamego obtained from discussions with Masimo or Cercacor employees Ammar Al-Ali, Mohamed Diab, and Walter Weber.  Al-Ali, Diab, and Weber are joint inventors of the claimed subject matter, regardless of patentability.  Accordingly, Al-Ali, Diab, and Weber should have been named inventors on the '052 Patent.

195.  Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '052 Patent by adding inventors Al-Ali, Diab, and Weber as named inventors.

## XVIII.  THIRTEENTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,247,670)

196.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 194.

197.  Lamego is a named inventor of U.S. Patent 10,247,670 presently recorded as owned by Apple.  A true and correct copy of the '670 patent is attached hereto as Exhibit 14.

198.  The '670 Patent claims subject matter that Lamego obtained from discussions with Masimo or Cercacor employees Al-Ali, Diab, and Weber.  Al-Ali, Diab, and Weber are joint inventors of the claimed subject matter,

regardless of patentability.  Accordingly, Al-Ali, Diab, and Weber should have been named inventors on the '670 Patent.

199.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '670 Patent by adding inventors Al-Ali, Diab, and Weber as named inventors.

## XIX.  FOURTEENTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 9,952,095)

200.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 198.

201.   Lamego is a named inventor of U.S. Patent 9,952,095 presently recorded as owned by Apple.  A true and correct copy of the '095 patent is attached hereto as Exhibit 15.

202.   The '095 Patent claims subject matter that Lamego obtained from discussions with Masimo or Cercacor employees Al-Ali, Diab, and Weber.  Al-Ali, Diab, and Weber are joint inventors of the claimed subject matter, regardless of patentability.  Accordingly, Al-Ali, Diab, and Weber should have been named inventors on the '095 Patent.

203.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '095 Patent by adding inventors Al-Ali, Diab, and Weber as named inventors.

## XX.  FIFTEENTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,219,754)

204.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 202.

/ / /

/ / /

205.   Lamego is a named inventor of U.S. Patent 10,219,754 presently recorded as owned by Apple.  A true and correct copy of the '754 patent is attached hereto as Exhibit 16.

206.   The '754 Patent claims subject matter that Lamego obtained from discussions with Masimo or Cercacor employees Al-Ali, Diab, and Weber.  Al-Ali, Diab, and Weber are joint inventors of the claimed subject matter, regardless of patentability.  Accordingly, Al-Ali, Diab, and Weber should have been named inventors on the '754 Patent.

207.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '754 Patent by adding inventors Al-Ali, Diab, and Weber as named inventors.

## XXI.  SIXTEENTH CAUSE OF ACTION

## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,524,671)

208.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 206.

209.   Lamego is a named inventor of U.S. Patent 10,524,671 presently recorded as owned by Apple.  A true and correct copy of the '671 patent is attached hereto as Exhibit 17.

210.   The '671 Patent claims subject matter that Lamego obtained from discussions with Masimo or Cercacor employees Al-Ali, Diab, and Weber.  Al-Ali, Diab, and Weber are joint inventors of the claimed subject matter, regardless of patentability.  Accordingly, Al-Ali, Diab, and Weber should have been named inventors on the '671 Patent.

211.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '671 Patent by adding inventors Al-Ali, Diab, and Weber as named inventors.

Exhibit B
Page 80

# XXII.  SEVENTEENTH CAUSE OF ACTION

## (DECLARATORY JUDGMENT OF OWNERSHIP OF PATENTS AND PATENT APPLICATIONS)

212.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 210.

213.  U.S. Patents 10,078,052, 10,219,754, 10,247,670, 9,952,095, and 10,524,671 are recorded as owned by Apple (the "Lamego Patents").  U.S. Patent Applications 15/667,832 and 15/960,507 are also recorded as owned by Apple (the "Lamego Applications").

214.  Lamego developed the claimed subject matter in both the Lamego Patents and the Lamego Applications with employees of Masimo and Cercacor while he was employed at those companies.  Lamego, as well as all of the other employees/inventors, had an obligation to assign said subject matter, patents, and patent applications to their employer, Masimo and Cercacor.

215.  As evidenced by the allegations set forth above, Plaintiffs Masimo and Cercacor are exclusive owners, or at least joint owners, of all patents and patent applications that are based on Apple's claiming subject matter developed at Masimo and Cercacor while Lamego and the joint inventors (e.g., Al-Ali, Diab, and/or Weber) were employed at Masimo or Cercacor.  Those patents and patent applications include, at a minimum, the Lamego Patents and Lamego Applications and all original applications, continuations, divisionals, and applications or patents that claim priority to any of these patents and patent applications, including foreign counterparts.

216.  Based on the forgoing, Plaintiffs seek declaratory relief that they are the exclusive owners, or at least joint owners, of those patents and patent applications.  Thus, Plaintiffs seeks an order from the Court ordering Apple to change the title to the patents and patent applications in favor of Masimo and Cercacor.

Exhibit B
Page 81

Case 3:20-cv-00048-JVS-JDE   Document 57-1   Filed 06/19/20   Page 62 of 65   Page ID
#:4002
Case 8:20-cv-00048-DOC-DFM   Document 1   Filed 01/09/20   Page 61 of 64   Page ID #:61

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant for the following relief:

A.      Pursuant to 35 U.S.C. § 271, a determination that Defendant and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them have infringed each of the '265, '266, '628, '708, '190, '191, '994, '695, '703, and '776 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

B.      Pursuant to 35 U.S.C. § 283, an injunction enjoining Defendant and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them from infringing the '265, '266, '628, '708, '190, '191, '994, '695, '703, and '776 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

C.      Pursuant to 35 U.S.C. § 284, an award compensating Masimo for Defendant's infringement of the '265, '266, '628, '708, '190, '191, '994, '695, '703, and '776 patents through payment of not less than a reasonable royalty on Defendant's sales of infringing products;

D.      Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Defendant's infringement of each of the '265, '266, '628, '708, '190, '191, '994, '695, '703, and '776 patents in view of the willful and deliberate nature of the infringement;

E.      Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs;

F.      An assessment of prejudgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs,

pursuant to 35 U.S.C. § 284;

G.     That Defendant be adjudged to have misappropriated Plaintiffs' trade secrets in violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*., and that Defendant's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

H.     That Defendant be adjudged to have been unjustly enriched;

I.     That Plaintiffs be awarded damages for actual losses, unjust enrichment, and/or a reasonable royalty pursuant to 18 U.S.C. § 1836(b)(3)(B) and Cal. Civ. Code § 3426.3.

J.     That Defendant, its agents, servants, employees, and attorneys, and all those persons in active concert or participation with each of them, be forthwith temporarily, preliminarily, and thereafter permanently required to return all of Plaintiffs' trade secrets and confidential information and enjoined from further using and disclosing to any third parties any of Plaintiffs' trade secrets and confidential information;

K.     That Defendant, its agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant, be forthwith temporarily, preliminarily, and thereafter permanently required to return all of Plaintiffs' trade secrets and enjoined from further using and disclosing to any third parties any of Plaintiffs' trade secrets;

L.     That Defendant be enjoined from selling or offering to sell any product, including Defendant's Apple Watch Series 4 and 5 devices, that includes or uses any of Plaintiffs' trade secrets;

M.     That Defendant be directed to file with this Court and to serve on Plaintiffs within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

/ / /

N.      That Defendant be required to account to Plaintiffs for any and all gains, profits, and advantages derived by it, and all damages sustained by Plaintiffs, by reason of Defendant's acts complained herein;

O.      That Plaintiffs be awarded exemplary damages and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C) and (D), and Cal. Civ. Code § 3426.3(c) and 3426.4;

P.      That the U.S. Patent and Trademark Office be directed to correct the inventorship of the Lamego Patents to add the correct inventors;

Q.      An order imposing a constructive trust for the benefit of Plaintiffs over: (1) any trade secrets Defendants obtained from Plaintiffs; (2) any profits, revenues, or other benefits obtained by Defendants as a result of any disclosure or use of trade secrets obtained from Plaintiffs; and (3) the Lamego Patents and the Lamego Patent Applications;

R.      That Plaintiffs be declared exclusive owners, or at least joint owners, of the patents and patent applications that are based on Plaintiffs' developments, including the Lamego Patents and Lamego Patent Applications;

S.      An award of taxable costs; and

T.      That this Court award such other and further relief as this Court may deem just.


                                        Respectfully submitted,

                                        KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  January 9, 2020          By: */s/ Perry D. Oldham*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Perry D. Oldham
                                        Stephen W. Larson

                                        Attorneys for Plaintiff,
                                        Masimo Corporation


                                -62-

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Masimo Corporation hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 9, 2020          By: */s/ Perry D. Oldham*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Perry D. Oldham
                                   Stephen W. Larson

                                   Attorneys for Plaintiff,
                                   Masimo Corporation