# Exhibit H

March 27, 2020

**Via E-Mail**

Perry D. Oldham
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor.
Irvine, CA 92614
Perry.Oldham@knobbe.com

Re:    *Masimo Corp., et al. v. Apple Inc.,* No. 8:20-cv-00048-JVS-JDE (C.D. Cal.)

Dear Mr. Oldham:

      I write to request a conference of counsel pursuant to Local Rule 37-1 to address the continued failure by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") to comply with California Code of Civil Procedure Section 2019.210.  As we explained in our letter dated March 6, 2020, as well as during our meet-and-confer call on March 10, 2020, Plaintiffs cannot take any discovery "related to" their allegedly misappropriated trade secrets until they have complied with Section 2019.210's requirement that they identify their allegedly misappropriated trade secrets with "reasonable particularity."  Plaintiffs have ignored the clear language of Section 2019 and our express request for Plaintiffs' disclosure.  Instead, Plaintiffs improperly demanded that Apple serve an interrogatory, which is inconsistent with Section 2019.210, and prematurely served on Defendant Apple Inc. ("Apple") their First Set of Requests for Production of Documents ("RFPs"), which seeks extensive discovery related to the alleged trade secrets.  Accordingly, Apple intends to move for a protective order prohibiting Plaintiffs from taking any discovery related to their trade secret misappropriation allegations unless and until they comply with Section 2019.210.

      This letter further outlines Apple's position on this issue.  We are available to meet and confer between 2 p.m. and 4 p.m. Pacific on Tuesday, March 31, 2020, or between 10 a.m. and 12 noon Pacific on Wednesday, April 1, 2020.  If you are not available at those times, please contact me as soon as possible and propose an alternative time to meet and confer within the next ten days.  *See* Local Civ. R. 37-1.

      During our meet and confer on March 10, 2020, Plaintiffs asserted that Section 2019.210 does not apply in this case because it is a federal case.  This is incorrect. Federal courts frequently apply Section 2019.210 before permitting Plaintiffs to take trade secret-related discovery.  *See, e.g.*, *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13-04519

WHA, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014). Federal Courts can and do apply Section 2019 for many reasons, including case management. *See, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. 819CV00220JVSJDEX, 2019 WL 8108729, at *4 (C.D. Cal. Sept. 3, 2019) (Early, J.) (requiring Plaintiffs to "identif[y] their trade secrets with reasonably particularity as required by Section 2019.210"); *see also Oleumtech Corp. v. Sheriff*, No. SACV1201199JVSANX, 2013 WL 12133908, at *5 (C.D. Cal. Sept. 11, 2013) ("California statute and case law clearly requires identification of a trade secret with reasonable particularity." (citing Civ. Proc. Code § 2019.210 and *Imax Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998))). Plaintiffs' reliance on *SMC Networks, Inc. v. Hitron Techs., Inc.*, No. SACV121293JSTRNBX, 2013 WL 12136372 (C.D. Cal. Mar. 15, 2013), is misplaced. The *SMC* case is not only outdated, it also is inconsistent with recent cases. *See, e.g.*, *M/A-COM*, 2019 WL 8108729, at *4; *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18CV00404LHKVKD, 2019 WL 176261, at *3 (N.D. Cal. Jan. 10, 2019).

Further, the policy reasons underlying Section 2019.210 underscore that the statute applies here. A prompt and particularized disclosure of Plaintiffs' purportedly misappropriated trade secrets is critical to Apple's ability to prepare its defense, and also to the Court's ability to adjudicate the scope of discovery in this case. *Comput. Econs., Inc. v. Gartner Grp.*, Inc. 50 F. Supp. 2d 980, 985, 992 (S.D. Cal. 1999) (Section 2019.210 disclosure "assists the court in framing the appropriate scope of discovery and in determining whether [Plaintiffs'] discovery requests fall within that scope."). District courts throughout California apply Section 2019.210 in trade secrets cases precisely because the statute's required disclosure "assists the court and parties in defining the appropriate scope of discovery." *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11–CV–04910 YGR, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012); *id.* at *1 (granting motion to compel further trade secret disclosure). Moreover, if you believe that Apple is in possession of Plaintiffs' secrets—which Apple neither believes it possesses nor has any desire to possess—you should immediately identify the secrets. Doing anything else suggests that you lack a basis for your claims and are engaged in exactly the type of conduct that Section 2019.210 is designed to stop.

Section 2019.210 applies not only to claims alleged directly under California's Uniform Trade Secrets Act, but also to those "claims [that] are factually dependent on the same misappropriation allegations." *CBS Broad. Inc. v. Am. Broad. Companies, Inc.*, No. CV124073GAFJEMX, 2012 WL 13013028, at *2 (C.D. Cal. June 26, 2012) (citing *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005)). Therefore, discovery may commence as to those claims only "after the misappropriated trade secrets have been identified with reasonable particularity, as required by section 2019.210." *Advanced Modular*, 132 Cal. App. 4th at 835.

For these reasons, Plaintiffs must provide Apple with an adequate Section 2019.210 disclosure before they engage in any discovery related to the alleged trade secrets.

If Plaintiffs refuse to provide a satisfactory Section 2019.210 disclosure identifying with reasonable particularity their alleged trade secrets, Apple will move for a protective order staying all trade secret-related discovery until such time as Plaintiffs fully comply with their statutory obligation.

Please confirm your availability for a telephone call between 2 p.m. and 4 p.m. Pacific on Tuesday, March 31, 2020, or between 10 a.m. and 12 noon Pacific on Wednesday, April 1, 2020, to discuss these issues.

Sincerely,

Joshua H. Lerner

Cc (all by email): H. Mark Lyon
Angelique Kaounis
Joseph R. Re
Stephen C. Jensen
Stephen W. Larson