# Exhibit J

Case 8:20-cv-00048-JVS-JDE   Document 57-12   Filed 06/19/20   Page 2 of 3   Page ID #:4134

April 22, 2020

<u>VIA E-MAIL</u>

Adam Powell
Knobbe, Martens, Olen & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@Knobbe.com

Re:     <u>Masimo v. Apple</u> - Section 2019.210 Compliance

Dear Adam:

Plaintiffs should not continue to delay identifying their alleged trade secrets.  Apple has been asking for a description for months.  Plaintiffs' excuses ring hollow.

First, after the parties briefed the issue in great detail in the Rule 26(f) report—in which Plaintiffs sought a ruling—Judge Selna "stay[ed] the trade secret discovery only pending compliance with Section 2019.210."  Section 2019.210, in turn, provides that "[i]n any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Thus, compliance with Section 2019.210 requires a trade secret identification ("TSID") before discovery may commence relating to the trade secret.

Second, Plaintiffs' argument that full discovery should commence on Plaintiffs' RFPs in advance of a TSID because the RFPs relate to the patents is threadbare and nonsensical, as we have now pointed out many times.  Plaintiffs are in no position to argue over the scope of discovery having failed to comply with Section 2019.210, which will assist the parties and the Court in assessing the proper scope of discovery.  But more basically, RFPs 6-25 seek trade secret discovery—they relate to the trade secrets, and they are not fair game merely because they also relate to the patents.  As has been explained numerous times now, Apple intends to move forward with producing responsive public discovery that pertains to both the patent and trade secret claims.  Unless and until Plaintiffs comply with Section 2019.210, they are not entitled to more.

Exhibit J
Page 214

Third, there is no need for delay while the parties resolve any differences pertaining to the Protective Order.  Plaintiffs do not need a protective order to provide public information, and the trade secrets allegedly disclosed in Apple's patent application(s) are public.  Furthermore, it appears the rest of the alleged secrets may also be public insofar as Plaintiffs allege secrecy only at the time of the misappropriation (but not, by implication, today).  If there are any alleged secrets that are not already public, the TSID can be designated AEO pending a final ruling on the Protective Order.  This should resolve any of your concerns.  The Protective Order is not a valid excuse for Plaintiffs' continued efforts to delay compliance with Section 2019.210.

If Plaintiffs do not intend to follow Judge Selna's Order to comply with Section 2019.210 promptly, please let us know when your team is available for a meet and confer pursuant to Local Rule 37-1—as we will have no choice but to raise Plaintiffs' continued failure to comply with Section 2019.210 promptly with Judge Early.  We are available as early as tomorrow, April 23, between 1:00 and 4:30 pm; please confirm whether that time works and, if not, propose an alternative.

Sincerely,

Ilissa Samplin


cc:  all counsel of record (via e-mail)