# Exhibit M

May 26, 2020

VIA E-MAIL

Mark Kachner
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Mark.Kachner@knobbe.com

Re: *Masimo v. Apple* – Apple's Response to Plaintiffs' May 22, 2020 Letter and Follow Up re the Parties' Meet and Confers

Dear Mark:

I write in response to your May 22, 2020 letter and as a follow up to the parties' meet and confer on May 19 and 20, 2020.

As an initial matter, we note that your May 11, 2020 letter requesting a meet and confer raised non-specific objections to Apple's Responses to Plaintiffs' First Set of RFPs. Nonetheless, during the parties' meet and confer, you asked us to walk through every one of Apple's responses to Plaintiffs' RFPs, regardless of whether the response was raised in your letter (even admitting at various points that your team had in fact failed to include the issue raised by you during the meet and confer in your May 11 letter). This was not an efficient or good faith use of the meet and confer process; we expect that you will identify specific issues for discussion prior to any future meet and confers so that we can prepare appropriately for the discussion. Relatedly, and as we already discussed, your May 15, 2020 letter responding to Apple's May 11, 2020 letter did nothing to advance the parties' preparation for the meet and confer—which was the goal of the May 15 exchange of letter responses. Our May 11 letter was 5 pages in length; you responded to that letter in *less than a page*, giving Apple absolutely no insight into the basis for Plaintiffs' *many* general offers to "meet and confer" and, therefore, no ability to meaningfully prepare for the discussion. We expect that you will approach the meet and confer process—including the parties' agreed-upon exchanges of letter responses preceding telephonic meet and confers—in good faith in the future.

I. **PLAINTIFFS' RESPONSES AND OBJECTIONS TO APPLE'S DISCOVERY**

**Discovery Related to Trade Secrets:** As we noted during the meet and confer, the Court's Order (Dkt. No. 37) stayed *Plaintiffs' commencement of trade secret-related discovery from*

*Apple* until Plaintiffs provide a satisfactory Section 2019.210 disclosure. This includes discovery that overlaps with Plaintiffs' patent allegations. Under Section 2019.210 and Judge Selna's April 17, 2020 Order (Dkt. No. 37), Apple is not required to produce its confidential information relating to Plaintiffs' allegations of trade secret misappropriation before it receives from Plaintiffs a proper identification of the trade secrets that they contend have been misappropriated. Plaintiffs' refusal to produce such an identification until after entry of a protective order is unacceptable because Apple is willing to limit access to the identification to Apple's outside counsel. Plaintiffs' further refusal to even identify a date by which they will produce a Section 2019.210 disclosure is perplexing.

That being said, Section 2019.210—the statute governing the discovery of trade secret-related information on which Judge Selna's April 17 Order was based—is clear that it does not likewise limit *Apple's commencement of trade secret-related discovery from Plaintiffs*. And that makes perfect sense. Plaintiffs allege that Apple misappropriated their trade secrets. Plaintiffs therefore (presumably) know what those trade secrets are—whereas Apple cannot possibly know what those trade secrets are absent a Section 2019.210 disclosure. Therefore, Plaintiffs are in a position to respond to Apple's trade secret-related discovery requests with documents and information that pertain to the alleged trade secrets and not with documents and information that relate, for example, to Plaintiffs' other trade secrets that are not at issue in this case. Without a Section 2019.210 disclosure, Apple is not in the same position. Plaintiffs must produce discovery responsive to Apple's RFPs pertaining to Plaintiffs' trade secret allegations. Judge Selna's April 17 Order does not relieve Plaintiffs of that obligation.

This is not an isolated issue. Plaintiffs are relying on the same objection to resist producing highly relevant information in response to Apple's first set of interrogatories. For some reason, Plaintiffs are intent on delaying discovery pertaining to their trade secret claim and are relying on a misguided interpretation of Judge Selna's April 17 Order to do so. There simply is no support for Plaintiffs' position—set forth in their responses and objections to Apple's RFPs and interrogatories, and reiterated during our May 19 and 20 meet-and-confer calls—that Apple's discovery requests concerning Plaintiffs' alleged trade secrets are "premature" given the stay put in place by Judge Selna. That stay does not apply to Apple's discovery requests propounded on Plaintiffs.

While it seems clear that the parties are at an impasse on this issue, please let us know by Friday, May 29 whether Plaintiffs will withdraw this objection and amend their responses to Apple's trade secret-related discovery requests accordingly. If not, Apple will have no choice but to seek the Court's guidance on this issue.

**Apple's RFP No. 15:**  Thank you for confirmation that the Asserted Patents have been asserted only against Apple in this litigation and not against any third party.  We understand this to mean that the Asserted Patents have not been asserted in any litigation, agency proceeding, mediation, arbitration, or other legal proceeding.  If this is incorrect, please let us know immediately.

Apple is not willing to limit this Request to documents produced, filed, or served in any litigation or proceeding involving the Asserted Patents, but is willing to limit the Request to non-publicly available documents produced, filed, or served in any litigation or proceeding involving the Asserted Patents or any of their family members.  Indeed, if a family member was asserted in another proceeding, the documents from that proceeding are highly likely to be relevant to this litigation.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 17:**  Apple is willing to limit the scope of this Request to documents sufficient to show actual or constructive notice of any alleged infringement of the Asserted Patents.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP Nos. 24-25:**  We appreciate Plaintiffs' continued investigation into these Requests, and look forward to hearing from you by Friday, May 29 with the results of that investigation.  As noted during the meet and confer, Apple is unable to narrow the scope of these Requests without additional information from Plaintiffs, such as identification of the departments within Masimo and Cercacor.  Without such additional information, Apple maintains that Plaintiffs should produce documents responsive to the Requests as written.

**Apple's RFP No. 33:**  Apple proposes that this Request be limited to "all documents and communications concerning the inventorship of the alleged inventions claimed in the Asserted Patents, including without limitation what each inventors allegedly contributed to each Asserted Patent."  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 34:**  Apple proposes that this Request be limited to "All Communications with third parties concerning each attempt by Plaintiffs or any Licensee—whether successful or unsuccessful—to assign, license, or enforce any of the Asserted Patents and/or any counterparts thereof, including, without limitation, claims against third parties concerning the possible assignment, ownership, licensing (exclusive or non-exclusive, express or implied, written or oral), or infringement thereof."  Apple agrees with Plaintiffs' proposal that this Request not include communications made in the context of litigation, but does include communications made outside of litigation, such as cease and desist letters.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 38:** Apple proposes that this Request be limited to "All Documents, including without limitation, Prior Art, ever known or identified by or to Plaintiffs, the named inventors of any of the Asserted Patents, or any Person substantively involved in the prosecution of any of the Asserted Patents (including any attorney or patent agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of any of the Asserted Patents and/or any counterparts thereof." Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 39-40:** Apple stands by RFP No. 39 as written: "All Documents and Communications relating to validity or invalidity of any of the Asserted Patents or Related Patents and Applications, including without limitation any invalidity contentions served on Plaintiffs and/or summary judgment motions, briefs, and related exhibits and expert reports, filed in any other actions or proceedings involving the Asserted Patents before any tribunal or agency, including, without limitation, in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8**:** 18-CV-02001 (C.D. Cal.), commenced November 8, 2018." During the meet and confer, Apple explained that at least a subset of the patents asserted in *True Wearables* are directly related to at least some of the Asserted Patents in this Action and thus documents responsive to this Request are highly relevant to claims and defenses at issue in this Action. Subject to the production of documents responsive to RFP No. 39, Apple agrees to withdraw RFP No. 40.

**Apple's RFP No. 44:** Apple proposes that this Request be limited to documents predating the earliest priority date of any Asserted Patent that Plaintiffs allegedly practice. Please let us know if this proposal is acceptable to Plaintiffs.

**Apple's RFP Nos. 45-46:** Apple is willing to limit these RFPs to the Asserted Patents and any family members thereof. Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP Nos. 47, 48, 49, 50, and 52:** We appreciate Plaintiffs' willingness to produce assignment records and documents showing any direct financial interest or ownership interest in the Asserted Patents. However, Apple seeks additional documents beyond the documents you identify in response to these RFPs. As explained during the meet and confer, Apple seeks all agreements involving transfer of rights in the Asserted Patents as well as documents sufficient to identify all individuals having a direct financial interest in the Asserted Patents and/or this litigation. To be clear, this would include any agreements with employees or executives that include provisions specifically tied to patent litigation, licensing revenue, or this litigation. Please confirm that Plaintiffs will produce all such documents in response to these RFPs.

**Apple's RFP Nos. 58-59:**  Apple has considered Plaintiffs' objections to these Requests. Apple would be willing to limit these Requests (reserving their rights to re-evaluate, to the extent necessary, following receipt of Plaintiffs' Section 2019.210 disclosure) to documents evidencing the confidentiality obligations owed by any employees, contractors, or third parties to Plaintiffs with respect to the information claimed by Plaintiffs as trade secrets in this case.  This includes all non-disclosure agreements third parties entered into with Plaintiffs concerning information claimed as trade secrets in this case.  This also includes all agreements employees and contractors signed with Plaintiffs about their treatment of information claimed as trade secret in this case.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 62:**  Apple proposes limiting this Request to "All Documents and Communications relating to any exit interviews, post-employment communications, and other communications relating to trade secrets and/or any alleged breach of contract, for all of Your former employees who You believe were subsequently employed by Apple, including but not limited to, Marcelo Lamego and Michael O'Reilly."  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP Nos. 63 and 72:**  As we understand it, Plaintiffs' main objection to these RFPs is that they may not able to determine who is a former employee of Apple.  Apple has considered this objection further and, frankly, is confused by it.  As is the case with any RFP in any litigation, the responding party need only answer within the scope of its knowledge and a reasonable investigation.  In other words, Plaintiffs would answer with respect to persons that they know are former employees of Apple or discern are employees of Apple after a reasonable investigation.  Accordingly, Apple is inclined to stand by these Requests as written.  We are willing to discuss these Requests further if Plaintiffs have any questions about Apple's position.

**Apple's RFP No. 65:**  Plaintiffs agreed that they will in fact produce documents responsive to this Request.  Plaintiffs will not do so, however, until the stay is lifted.  As discussed during the meet and confer and above, Apple rejects Plaintiffs' interpretation of the stay and maintains that the stay has no bearing on *Apple's* commencement of trade secret-related discovery.  The parties are in agreement about the Request and the scope of Plaintiffs' production in response thereto; the parties are at an impasse on the stay issue.

**Apple's RFP No. 67:** Plaintiffs agreed to produce documents that support, refute, or relate to (as that term was clarified by Apple during the meet and confer[1]), the trade secrets in Plaintiffs' Section 2019.210 statement. Plaintiffs will not do so, however, until the stay is lifted. As discussed during the meet and confer and above, Apple rejects Plaintiffs' interpretation of the stay and maintains that the stay has no bearing on *Apple's* commencement of trade secret-related discovery. The parties are in agreement about the Request and the scope of Plaintiffs' production in response thereto; the parties are at an impasse on the stay issue.

**Apple's RFP No. 68:** During the parties' meet and confer, Plaintiffs objected to this Request. Apple explained that the information requested is relevant to Plaintiff's trade secret claims, including, for example, Plaintiff's burden to demonstrate ownership of protectable trade secrets. Plaintiffs requested that Apple narrow the scope of the Request, but Apple cannot possibly do so without a Section 2019.210 disclosure. In the absence of a Section 2019.210 disclosure, Apple maintains the scope of this Request.

**Apple's RFP No. 69:** Based on the parties' discussion during the meet and confer, Apple proposes limiting this Request to "All documents sufficient to identify each Person involved in the design, development, and/or use of any information that you claim to be a Trade Secret misappropriated by Apple." Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 70:** Plaintiffs' response is consistent with Apple's understanding from the meet and confer call.

**Apple's RFP No. 72:** Apple proposes limiting this request to "All Documents and Communications relating to any meetings, telephone calls, videoconferences, or any other in-person or real-time interactions between any current or former employee(s) of Apple and any of Your current or former employee(s), including any notes taken during such interactions and any materials exhibited or exchanged during such interactions, *relating to the subject matter of this Action.*" Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 74:** Apple reserves all rights to re-evaluate this Request upon the receipt of a Section 2019.210 statement from Plaintiffs and upon Plaintiffs' identification of any

---

[1] Apple clarified, and Plaintiffs agreed, that documents that "relate to" the case are documents that may not within their four corners support or refute the claims or defenses at issue in the case but, in conjunction with other documents, do in fact support or refute claims or defenses at issue in the case or have some bearing on matters at issue in the case.

overlap in the trade secrets at issue in the *Sotera* case and this Action.

**Apple's RFP Nos. 75-76:** Apple maintains the scope of these RFPs as they seek information directly relevant to the claims and defenses at issue in this Action. Please let us know if Plaintiffs will reconsider their position—otherwise, Apple will proceed to move to compel accordingly.

II. **APPLE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DISCOVERY**

**Objections to Definition of "Apple iOS Products":** As explained during the meet and confer, Apple objects to Plaintiffs' definition as overbroad and not relevant to this Action because it seeks information related to products that are not accused of infringing the Asserted Patents. Nonetheless, Apple will not withhold responsive information based solely on this objection.

**Objections to Producing Documents Before ESI Protocol Is Entered (RFP Nos. 1-8, and 10-25):** The parties are continuing to negotiate the ESI protocol. Apple will produce the documents it has agreed to produce after a Protective Order and an ESI Protocol are entered.

**Objections to Producing Documents Beyond Those Located by Custodian and Keyword Searching (RFP Nos. 1-4, 7, 8, and 10-25):** Please see Haley Morrisson's email of May 22, 2020 on this topic.

**Production of Non-Public Documents (RFP Nos. 5-8 and 10-25):** Apple reiterates the positions it enumerated during the meet and confer: Apple will produce non-public documents responsive to these RFPs that relate only to patent issues. Apple will not produce non-public documents that relate in any way to Plaintiffs' alleged trade secrets until an acceptable Protective Order has been entered, an acceptable ESI Protocol has been entered, *and* Apple receives an adequate Section 2019.210 disclosure from Plaintiffs.

**Objections to Discovery Based on Section 2019.210 (General Objection 4 and RFP Nos. 1 and 3-25):** Plaintiffs asked Apple to confirm that Apple will produce trade secret-related discovery if Apple's Motion for a Protective Order is denied without requiring Plaintiffs to file a separate motion to compel. As Apple explained during the meet and confer, it cannot take a position on this issue until it sees the scope and content of the Court's ruling (e.g., the Court's ruling could be limited to the specific RFPs raised in the filing, and may not reach the broader question of the timing of trade secret-related discovery generally).

**Plaintiffs' RFP No. 4:** Apple agrees to withdraw its objection related to Plaintiffs' failure to limit the Request to the asserted claims of the Asserted Patents.

**Plaintiffs' RFP No. 9:** Apple maintains its objection to this Request as overbroad to the extent it seeks publicly available documents.

**Plaintiffs' RFP No. 10:** Apple agrees to produce non-privileged documents responsive to this RFP.

\* \* \*

We look forward to receiving Plaintiffs' prompt response to the proposed modifications enumerated above, as well as to the various points on which your team agreed to conduct follow-up. Apple continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' Responses that are not enumerated in this letter or my letter of May 11, 2020, and its right to challenge the sufficiency of Plaintiffs' document productions.

Sincerely,

Ilissa Samplin

cc: all counsel of record (via e-mail)