Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404 Facsimile:  (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **PLAINTIFFS' REPLY IN**<br>) **SUPPORT OF** *EX PARTE*<br>) **APPLICATION FOR AN ORDER**<br>) **REQUIRING APPLE TO**<br>) **COMPLY WITH THE**<br>) **SCHEDULING ORDER**<br>)<br>)<br>) Discovery Cut-Off:        7/5/2021<br>) Pre-Trial Conference:   3/21/2022<br>) Trial:                          4/5/2022 |

## I.  *EX PARTE* RELIEF IS NECESSARY AND APPROPRIATE

Apple admits it failed to provide the "confidential technical documents" required to comply with its June 15, 2020, deadline in the Scheduling Order. Dkt. 56 ("Opp.") at 3.  Apple argues it should be able to *continue* flouting the Order for *weeks* while Plaintiffs file a regularly noticed motion.  *Id.* at 4-7.  But Apple admits such a motion could not be heard until just *seven days* before Plaintiffs' deadline to serve infringement contentions.  *Id.* at 6.  Plaintiffs should not have to scramble because Apple chose to defy this Court's Order.  Plaintiffs would either have to prepare their contentions without important information or assume the Court will grant this Motion and risk missing the deadline if the Court does not.

Apple claims the parties could have resolved these issues if they had discussed them.  Opp. at 5.  But the parties *did* conduct a meet-and-confer and discussed these issues.  Dkt. 55-2 ("Larson Decl.") ¶ 4.  Apple maintains that it will provide no core technical documents before entry of a formal protective order.  Opp. at 6-8.  Thus, further discussions would be futile.  Waiting until the Protective Order is entered in mid-July or later, as Apple suggests, would substantially impact the schedule, which contains numerous deadlines all spaced appropriately after Apple's deadline to provide core technical documents.  Dkt. 37; Dkt. 33 at 25-26.   Moreover, Apple still maintains its twice-rejected argument that it should not have to provide technical documents until Plaintiffs serve a 2019.210 statement.  Opp. at 9-10.

## II.  APPLE'S CONFIDENTIALITY "CONCERNS" ARE UNFOUNDED

Apple claims that Plaintiffs' repeated offers to keep Apple's documents "Attorneys' Eyes Only" are insufficient.  Opp. at 8.  If Apple truly believed that, it should have moved the Court for relief before the Court's June 15, 2020, deadline.   Moreover, Apple never mentioned its supposed "concerns" in response to Plaintiffs' offers.  *See* Larson Decl., ¶ 4 & Exs. 3-5.  Had Apple

done so, the parties could have negotiated an arrangement for Plaintiffs to temporarily hold the documents in a manner consistent with the terms of *Apple's* proposed Protective Order until the Court resolves the dispute.  Apple's "concerns" are merely a post-hoc attempt to justify violating this Court's Order.

### III.  APPLE'S SECTION 2019.210 ARGUMENTS LACK MERIT

While Apple pays lip service to concerns about the protective order, the final pages of Apple's opposition make clear that Apple is really seeking to tie its document production to Plaintiffs' 2019.210 statement—an argument this Court and Judge Early already rejected.  Dkt. 54 at 7-9.  Apple repeatedly argues that Plaintiffs "should be required to provide [a 2019.210] disclosure and information on or before the date that Apple produces *any* responsive confidential documents."  Opp. at 9.[1]  Indeed, Apple concludes its brief by arguing "Plaintiffs should be required to submit their Section 2019.210-compliant trade secret identification on the same date or earlier…." *Id.* at 10.

Judge Early already rejected Apple's position, denying Apple's request for a date certain by which Plaintiffs would provide a Section 2019.210 disclosure.  Dkt. 54.  As Plaintiffs explained, this Court's Order, the legislative history of Section 2019.210, and admissions from Apple's own lawyers all make clear there is no date certain to provide a Section 2019.210 disclosure. *See* Dkt. 44 at 4.  Apple should not be permitted to relitigate that issue.

Indeed, in a footnote, Apple *disclaims* 2019.210 as a basis for its withholding of core technical documents:

> Plaintiffs' Application also suggests that Apple is withholding confidential documents on the basis that Plaintiffs have not yet submitted their Section 2019.210 disclosure of their purported trade secrets. Judge Early denied Apple's motion for a protective

---

[1] All emphasis added unless otherwise noted.

order on that basis on June 15, 2020; ***therefore that is not a basis on which Apple relies here***.

Opp. at 7 n.2.

Apple states that it is seeking review of Judge Early's order, *id.*, but Apple's objections do not extend or stay Apple's deadlines. Moreover, Judge Early's order is well supported. As Plaintiffs' explained, Section 2019.210 bars discovery on non-trade secret claims only if the claim "***hinges upon*** the factual allegations that [defendant] misappropriated [plaintiff's] trade secrets." Dkt. 43-1 at 30-31. Thus, courts routinely order defendants to comply with the deadline Apple ignored—producing "core technical documents" relevant to patent infringement—absent a compliant 2019.210 disclosure. *Id*. at 31-32.

Apple claims Plaintiffs are hoping to "strategically comb through Apple's confidential documents" to draft their 2019.210 statement. Opp. at 9. Nothing supports Apple's unfounded accusations. The June 15 deadline relates to Plaintiffs' patent claims, requiring Apple "disclose core technical documents sufficient to show the operation of the ***accused products***." Dkt. 33 at 26. Likewise, Plaintiffs' document requests have focused on patent infringement and the "accused products." Dkt. 43-1 at 34-37. Judge Early found that, at most, "only four" of Plaintiffs' twenty-one document requests arguably seek "***some*** of the same categories of information" relevant to Plaintiffs' trade secrets. Dkt. 54 at 8. Despite this, Apple has refused to produce a ***single*** confidential document in response to ***any*** document request.[2]

To make matters worse, Apple argues here—as it did before Judge Early—that it should not have to produce documents until Plaintiffs provide a Section 2019.210 disclosure that ***Apple agrees*** is "compliant." Opp. at 10.

---

[2] Plaintiffs have an entirely separate set of trade-secret specific requests they will serve when trade-secret discovery begins.

Regardless of the length or level of detail in Plaintiffs' 2019.210 statement, Apple may assert it is insufficient and refuse to provide technical discovery for **months** as it litigates the sufficiency of Plaintiffs' 2019.210 statement. Indeed, before even seeing Plaintiffs' 2019.210 statement, Apple signaled its intent to "litigate the deficiencies." Dkt. 43-1 at 20, 33.

Accordingly, this dispute is not—as Apple puts it—merely a "simple scheduling issue." Opp. at 1. Apple's attempt to tie all technical discovery to Section 2019.210 threatens to substantially disrupt the schedule and progress of this lawsuit. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

## IV. <u>APPLE'S REMAINING ARGUMENTS LACK MERIT</u>

None of Apple's remaining arguments have merit. First, Apple faults Plaintiffs for filing an *ex parte* motion "the evening before June 19th, a day on which millions of Americans are observing a holiday, Juneteenth." Opp. at 2. Apple never raised this issue during the parties' meet-and-confer, and its own actions belie this objection. Apple filed lengthy objections to Judge Early's Order **on June 19** even though the objections were not due for another ten days. *See* Dkt. 57, Fed. R. Civ. P. 72. Apple also demanded that Plaintiffs provide their portion of the joint stipulation on the Protective Order on **June 19**, instead of Monday, June 22. *See* Larson Decl., Ex. 4 at 17-18. Plaintiffs did so.

Second, Apple claims it has been "pushing" to bring the protective order to the Court, but "Plaintiffs have been delaying as much as possible." Opp. at 2. That is demonstrably incorrect. *See* Larson Decl., Ex. 4 at 19. Apple's assertion that Plaintiffs "needed an additional week" to prepare their portion of the joint stipulation is also incorrect. Opp. at 2. Apple demanded Plaintiffs provide their portion of the joint stipulation on June 19 and Plaintiffs did so.

Third, Apple attempts to distract by claiming Plaintiffs are likewise

-4-

withholding information before entry of a formal Protective Order.  Opp. at 3, 9.

Unlike Apple, Plaintiffs have not violated any Order, and Plaintiffs have—repeatedly—told Apple that Plaintiffs are willing to agree to a *reciprocal* agreement whereby *both* parties produce confidential information and agree to keep it "Attorneys' Eyes Only."  *See* Larson Decl., ¶ 4 & Exs. 3-5.  Apple claims Plaintiffs first offered such a reciprocal agreement on "the eve of filing this Application."  Opp. at 9.  The evidence Plaintiffs submitted with their *ex parte* application—which Apple ignores—shows that is incorrect.  *See* Larson Decl., ¶ 4 & Exs. 3-5.

Finally, the Court should reject Apple's request for *another* seven days to provide its core technical documents.  Opp. at 9 n.5.  Apple should have been readying its documents for production long ago and should be doing so now.  Indeed, it is already one week after Apple's June 15 deadline.  Every additional day further prejudices Plaintiffs' ability to comply with this Court's deadline to provide infringement contentions.

## V.  CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' *Ex Parte* Application Requiring Apple to Comply with the Scheduling Order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 22, 2020          By: */s/  Stephen W. Larson*
　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　Cercacor Laboratories

32993155