UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | June 25, 2020 |

| | |
|---|---|
| Title | **Masimo Corporation et al v. Apple Inc.** |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Apple Inc. ("Apple") moved to dismiss the Thirteenth Cause of Action for trade secret misappropriation under the California Uniform Trade Secret Act ("CUTSA") asserted by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories,  Inc. ("Cercacor") (together, "Plaintiffs").  Mot., Dkt. No. 38.  Plaintiffs opposed.  Opp'n, Dkt. No. 48.  Apple replied.  Reply, Dkt. No. 49.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The background is drawn entirely from Plaintiffs' First Amended Complaint ("FAC") and is therefore based solely on allegations.  See Dkt. No. 28.

This case concerns technology for monitoring physiological parameters, such as pulse rate.  See generally, FAC ¶¶ 9-18.  Plaintiffs filed the FAC on January 9, 2020.

In 2013, Apple contacted Masimo and asked to discuss a potential collaboration. Id. ¶ 19.  The two companies entered into a confidentiality agreement, and held meetings about Masimo's technology.  Id.  Apple then began attempting to hire Masimo employees.  Id.

Relevant to this motion, Apple recruited Marcelo Lamego, who was the Chief Technical Officer of Cercacor and a Research Scientist at Masimo.  Id. ¶ 21.  Lamego had access to "highly confidential technical information," "was taught about the keys to

| | | |
|---|---|---|
| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-48 JVS (JDEx)                          Date    June 25, 2020

Title    **Masimo Corporation et al v. Apple Inc.**

effective non-invasive monitoring," and "learned guarded secrets regarding Plaintiffs'
mobile medical products."  Id. ¶ 22.

On January 24, 2014, Plaintiffs sent a letter to Apple explaining that Lamego
possessed Plaintiffs' confidential proprietary information and warning Apple to respect
Plaintiffs' rights in such information.  Id. ¶ 23.  Based on Plaintiffs' conversations with
Lamego, Plaintiffs' letter to Apple, and Plaintiffs' confidentiality agreement with Apple,
Plaintiffs believed that Lamego would not use or disclose Plaintiffs' confidential
information and that Apple would not induce Lamego to do so or itself use Plaintiffs'
confidential information.  Id.

Shortly after joining Apple in January 2014, but "[u]nbeknownst to Plaintiffs at the
time," Lamego began pursuing patent applications directed towards technologies he
worked on at Plaintiffs' companies.  Id. ¶ 24.

The Apple Watch includes Plaintiffs' technologies.  Id. ¶ 25.  The Series 4 was
announced on September 12, 2018; that watch includes technology that tracks Plaintiffs'
technologies to solve performance issues with non-invasive physiological measurements
evident in the Series 3.  Id.

Plaintiffs' Thirteenth Cause of Action, for Trade Secret Misappropriation under
CUTSA, alleges that Apple misappropriated Plaintiffs' confidential information from
former employees who left Plaintiffs to work for Apple, including Lamego.  Id. ¶ 215.
Apple used and disclosed Plaintiffs' confidential information by incorporating it into
Apple's products and by filing patent applications containing the confidential
information, without Plaintiffs' express or implied consent.  Id. ¶ 218.

Plaintiffs had no way of knowing, or learning, of Apple's improper acquisition,
use, or disclosure prior to January 10, 2017.  Id. ¶ 219.  Apple did not publish Plaintiffs'
confidential information in patent applications until after January 10, 2017, and the first
product at issue was not announced until 2018.  Id.

Apple also requested nonpublication of patent applications, which prevented
Plaintiffs from learning of the contents of those applications until much later.  For
example, Apple  requested non-publication of the '268 Application (which issued as the
'754 Patent), the '422 Application (which issued as the '997 Patent), and the '664

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | June 25, 2020 |

| | |
|---|---|
| Title | **Masimo Corporation et al v. Apple Inc.** |

Application (which issued as the '095 Patent).  Id. ¶ 220.  Apple requested non-publication of those applications to prevent Plaintiffs from learning those applications contained confidential information, and from learning the Apple had acquired, used and disclosed this information.  Id.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'"  Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.

## III. DISCUSSION

### A.    Request for Judicial Notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                              Date   June 25, 2020

Title      **Masimo Corporation et al v. Apple Inc.**

Apple requests that the Court take judicial notice of Exhibits A through D to the Declaration of Ilissa Samplin ("RJN Decl."). See RJN, Dkt. No. 38-2; RJN Decl., Dkt. No. 38-4.

Exhibit A is the January 24, 2014 letter Masimo sent to Apple regarding the latter's offer of employment to Lamego. Exhibit B is United States Patent Application Publication No. 2016/0061726 ("the '726 Application"), published by the U.S. Patent & Trademark Office ("USPTO") on March 3, 2016, listing Lamego as one of the inventors. Exhibit C is Masimo's Form 10-K for the fiscal year ended January 3, 2015, filed with the U.S. Securities and Exchange Commission ("SEC"). Finally, Exhibit D is Masimo's FAC in the related matter of Masimo Corp. v. True Wearables, Inc., SACV 18-2001, filed on June 17, 2019.

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

The Court **grants** Apple's request for judicial notice, as the documents are either relied upon in the FAC (Ex. A) or matters of public record, not subject to reasonable dispute (Exs. B-D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                     Date   June 25, 2020

Title        **Masimo Corporation et al v. Apple Inc.**

**B.        Motion to Dismiss**

**1.        Plaintiffs' CUTSA Claim is Not Time-Barred**

"An action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered."  Cal. Civ. Code § 3426.6.  "Under the 'discovery rule,' the statute of limitations begins to run when a plaintiff discovers, or has reason to discover, the cause of action."  See Klang v. Pflueger, 2014 WL 4922401, at *6 (C.D. Cal. July 10, 2014) (Selna, J.).  "A plaintiff whose complaint shows on its face that its claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  Id. (internal citation and quotation marks removed).

"[W]hen there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit), the limitations period begins, even though the plaintiff has not conducted such an investigation."  Hays v. VDF Futureceuticals, Inc., 2016 WL 5660395, at *3 (D. Haw. Sept. 28, 2016) ((internal citation and quotation marks removed).

 "Dismissal at the pleading stage on statute-of-limitations grounds *ordinarily is improper* unless it is 'apparent from the face of the complaint that the claim is time-barred.'"  ABB Turbo Sys. AG v. Turbousa, Inc., 774 F.3d 979, 985 (Fed. Cir. 2014) (citations omitted) (emphasis added).

Apple proposes two dates for when the statutory limitations period was triggered. First, Apple notes that Plaintiffs sent a warning letter on January 24, 2014, regarding Apple's interest in Plaintiffs' technology and subsequent offer of employment to Lamego.  Mot. at 6-7; see FAC ¶¶ 23-24.  The letter stated that "[i]t is difficult to imagine *any reason* for this sequence of events *other than Apple is attempting to gain access to, or at least the benefit of, Cercacor and Masimo's trade secrets*."  RJN Decl., Ex. A at 4 (emphasis added).  The letter cited Lamego's Employee Confidentiality Agreement, stating "we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information," as such employment would violate his obligations under that agreement.  Id. at 5.  Competing with Plaintiffs would "necessarily involve the use or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                    Date   June 25, 2020

Title   **Masimo Corporation et al v. Apple Inc.**

disclosure of" trade secrets.  Id.

The Court does not find that the statute of limitations period was triggered on January 24, 2014.  Although this letter certainly suggests that Plaintiffs had a *suspicion* Lamego would be in a position to compete with his former employer by drawing upon Plaintiffs' trade secrets, he had not yet begun his employment.  Thus, Plaintiffs would not have reason to suspect that a trade secret had already been misappropriated, as is required.

Apple's second proposed date for the start of the statute of limitations period is March 3, 2016.  The '196 application, which named Lamego as an inventor, was published on this date as the '726 publication.  RJN Decl., Ex. B.

Plaintiffs "had no way of knowing, or learning, of [Apple's] improper acquisition, use, or disclosure prior to January 10, 2017."  FAC ¶ 219.  This is because Apple "did not publish Plaintiffs' Confidential Information in patent applications until after January 10, 2017, and the first product at issue was not announced until 2018."  Id.  Apple requested non-publication of various patent applications containing Plaintiffs' trade secrets.  Id. ¶ 220.  The first Apple Watch Plaintiffs identify as resolving performance issues with non-invasive physiological measurements, with "technology that tracks Plaintiffs' technologies," was the Series 4, which was announced in September 2018.  Id. ¶ 25.

Construing these allegations as true, the Court agrees with Plaintiffs that the '726 publication did not give them constructive notice of the possible misappropriation of their trade secrets.  See Javo Beverage Co. v. Cal. Extration Ventures, 2019 WL 6467802 at *3 (S.D. Cal. Dec. 2, 2019) (reasoning that the publication of the patent application did not cause the statute of limitations period to begin because "[t]he majority of cases relying on the issuance of a patent as constructive notice were either at the summary judgment stage or later in the proceedings with sufficient evidence on the record to decide this issue.").  It is not apparent, on the face of the FAC, that the claim is time-barred.  Accordingly, the Court finds that the CUTSA statute of limitations is not a ground upon which to grant Apple's motion.

## 2.    Sufficiency of Plaintiffs' Trade Secret Allegations

To state a claim for misappropriation of trade secrets, the plaintiff must allege: "(1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | June 25, 2020 |
|---|---|---|---|

| Title | **Masimo Corporation et al v. Apple Inc.** |
|---|---|

plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." Cytodyn, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (2008) (quoting Sargeant Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (2003)).

Apple contends that Plaintiffs have failed to allege any protectable trade secrets because the FAC does not describe Plaintiffs' confidential information with sufficient particularity under Federal Rule of Civil Procedure 8. Mot. at 14-19. Plaintiffs argue that they need not disclose any specific trade secrets and that the broad categories of information they assert are sufficient at the pleading stage. Opp'n at 4-8; see, e.g., Strategic Partners Inc. v. Vestagen Protective Techs., Inc., 2016 WL 10611186, at *4 (C.D. Cal. Nov. 23, 2016).

"To adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure of Cal., LLC v. SoCal Commercial Ins. Servs., 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019) (emphasis added) (internal citation and quotation marks omitted). Although the plaintiff need not define every minute detail, "[t]he Ninth Circuit has rejected the use of 'catchall' language, holding that such language is insufficiently specific 'because it does not clearly refer to tangible trade secret material." Id. (internal citation and quotation marks omitted). The pleadings "must have enough specificity to provide both the Court and defendants with notice of the boundaries of this case." Citcon USA, LLC v. RiverPay Inc., 2018 WL 6813211, at *4 (N.D. Cal. Dec. 27, 2018) (internal citation omitted). A "laundry list of items . . . does not meaningfully define the trade secrets at issue." Invisible Dot, Inc. v. DeDecker, 2019 WL 1718621, at *5 (C.D. Cal. Feb. 6, 2019).

The Court agrees that Plaintiffs have not adequately pled a trade secret. Plaintiffs allege that they "own trade secrets that include, but are not limited to, Plaintiffs' technical information, sales and marketing information, and other business information relating to non-invasive monitoring of physiological parameters and products to perform such monitoring." FAC ¶ 211. The categories (technical, sales and marketing, and other business information) consist of a long list of different types of information. See id. Plaintiffs' broad references to types of information like "product plans," "personnel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | June 25, 2020 |

| | |
|---|---|
| Title | **Masimo Corporation et al v. Apple Inc.** |

information," "product briefs," and "technical drawings," without reference to specific plans, briefs, or drawings, fails to plead a trade secret in a manner that gives Apple fair notice of the claim. See Acrisure, 2019 WL 4137618, at *3; see also Human Longevity, Inc. v. J. Craig Venter Inst., Inc., 2018 WL 6617633, at *4 (S.D. Cal. Dec. 18, 2018) ("allegations of broad categories relating to business or technology are not adequate to support a trade secrets claim . . . ."). Accordingly, the Court **grants** Apple's motion to dismiss this cause of action.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. Plaintiffs have 30 days to amend. To the extent that the amended pleading itself discloses Plaintiffs' trade secrets, the Court would entertain a sealed filing accompanied with a public redacted version.

The Court finds that oral argument would not be helpful in this matter and **vacates** the June 29, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |