Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF STEPHEN C. JENSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Date: July 23, 2020<br>Hearing Time: 10 am<br>Courtroom: 6A<br><br>Discovery Cutoff: July 5, 2021<br>Pretrial Conference: March 21, 2022<br>Trial: April 5, 2022<br><br>Hon. John D. Early |

I, Stephen C. Jensen, hereby declare:

1. I am an attorney with the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am licensed to practice law in the State of California. I am counsel of record for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") in the above-captioned action. I have personal knowledge of the matters set forth herein, and, if I am called upon to testify, I could and would testify competently thereto.

2. I have been a lawyer at Knobbe Martens since graduating from law school in 1990. I have been a partner since 1994. Starting in about 1994, I became Masimo's primary outside patent attorney. I have represented Masimo continuously since then. Initially, I managed Masimo's intellectual property, including patent prosecution. Around 2003 or 2004, after training others at Knobbe, I transferred the patent prosecution responsibility to other partners at Knobbe Martens.

3. I have represented Masimo and Cercacor in many patent lawsuits as well as many other types of lawsuits, including:

- *Mallinckrodt Inc. v. Masimo Corp.*, Case No. 2:00-cv-06506 (C.D. Cal.);
- *Masimo Corp. v. Mallinckrodt Inc.*, Case Nos. 8:01-cv-00638 and 2:01-cv-07292 (C.D. Cal.);
- *Nellcor Puritan v. Masimo Corp.*, Case Nos. 8:02-cv-01133 and 2:03-cv-00603 (C.D. Cal.);
- *Masimo Corp. v. Jay*, Case No. 8:07-cv-01163 (C.D. Cal.);
- *Masimo Corp. v. Philips Electronics N. Am. Corp.*, Case Nos. 1:09-cv-00080, 1:11-cv-00742, and 1:16-cv-00137 (D. Del.);
- *Hygia Health Services, Inc. v. Masimo Corp.*, Case No. 2:09-cv-00885 (N.D. Al.);
- *Essential Medical Devices, Inc. v. Masimo Corp.*, Case No. 1:11-cv-00734 (D. Del.);

- *Dominion Assets LLC v. Masimo Corp.*, Case Nos. 5:12-cv-02773 and 5:14-cv-3002 (N.D. Cal.);
- *Masimo Corp. v. Mindray DS USA, Inc.*, Case Nos. 8:12-cv-02206 (C.D. Cal.), 2:15-cv-00457 (D. N.J.), and 2:15-cv-06900 (D. N.J.);
- *Masimo Corp. v. Shenzhen Mindray Bio-Medical Tech. Co. Ltd.*, 12-cv-02206 (C.D. Cal.)
- *Masimo Corporation v. Nova Biomedical Corp.*, Jams International Arbitration, Reference No. 1220045324;
- *Christian Lewis v. Moore*, Case No. 15-13979 (11th Cir.), appeal from District Court Case No. 2:13-cv-00733;
- *Shandong Lihong Technology Limited Corp v. Masimo Corporation*, Case No. 30-2018-01002779-CU-BT-CJC (Cal. Sup. Ct.);
- *Silkeen LLC v. Masimo Corp.*, Case No. 1:17-cv-01030 (D. Del);
- *U.S. Ex. Rel Ruhe v. Masimo Corp.*, Case No. 2:10-cv-08169 (C.D. Cal);
- *Physicians Healthsource, Inc. v. Masimo Corp.*, Case No. 8:14-cv-00001 (C.D. Cal);
- *Masimo Corp. v. Sotera Wireless, Inc.*, Case No. 30-2013-00659172 (Cal. Sup. Ct.);
- *Masimo Corp. v. Sotera Wireless, Inc.*, Case No. 3:19-cv-01100 (S.D. Cal.); and
- *Masimo Corp. v. True Wearables, Inc.*, Case No. 8:18-cv-02001-JVS-JDE (C.D. Cal.).

Many of these cases have included claims by and against Masimo's direct competitors, including both small organizations and large multi-national organizations.

4. In view of my long history with Masimo and Cercacor, parties in prior cases have also sought to restrict my access to confidential materials. However, in all prior litigation for Masimo and Cercacor, including cases

1  between key competitors, courts have allowed me to access all documents and information, including confidential, attorneys' eyes only materials, under the respective protective orders.

5. Like any litigation attorney in the technology field, I am accustomed to abiding by protective orders. That includes taking precautions for viewing designated materials, and ensuring that I never reveal those materials, and the information contained therein, to my clients. In particular, I would not engage in, and am accustomed to simply abstaining from, any discussion that could arguably implicate any information revealed to me under a protective order. This is the case with any litigation client where I receive information subject to a protective order.

6. I do not currently make business decisions for Masimo or Cercacor. My current role is outside legal. Masimo and Cercacor rely on me to lead various litigation teams by leveraging my extensive understanding of Masimo's and Cercacor's technology to evaluate the complex legal issues that arise in their technology-related litigations. The companies rely on me to make important litigation decisions in consultation with my litigation teams, based on my long-time experience with these clients, particularly when a protective order prevents disclosure to the clients of the underlying reasons for such decisions. I discuss and coordinate strategy for all litigation cases with my litigation teams, and they rely heavily on my guidance and strategy, particularly with respect to complex technical subject matter.

7. Masimo and Cercacor trust me to provide critical legal advice and legal strategy. That trust has grown through years due to my knowledge of their technology, business, trade secrets, and the complex legal issues concerning these areas. No other lawyer at my firm has the same history and breadth of understanding of Masimo's and Cercacor's technology, their legal strategies, their principles, and their legal goals.

8. Masimo's stock is publicly traded. I am aware that Knobbe lawyers have held shares in the last two years or currently hold shares of Masimo. Lawyers at Knobbe also likely own Masimo stock through mutual funds, retirement funds, index funds, and exchange traded funds. However, I am not aware of any lawyer at Knobbe who holds a significant number of shares relative to the size of Masimo. My firm also does not currently hold, and has not held in the past two years, shares of Masimo or Cercacor stock. I am not aware of any lawyer at Knobbe who has a significant number of shares of Cercacor relative to the number of shares outstanding.

9. In view of my (now long) past role as an outside patent prosecution attorney for Masimo, I have generally agreed to be subject to, and have abided by, patent prosecution bars during the pendency of the underlying lawsuits and for limited periods of time following final resolutions of cases. In this way, I have eliminated the risk of inadvertent disclosure of the opposing party's confidential materials in connection with Masimo's ongoing patent prosecution, just like any other member of the litigation team with access to confidential materials. I have already agreed to a similar restriction in this case.

10. In my current role as outside counsel, I do not make competitive decisions for Masimo or Cercacor. Nothing about my role requires that I provide advice on competitive pricing relative to Apple. Nothing about my role requires that I provide technical design advice for Cercacor or Masimo. I provide legal advice relating to various aspects of Masimo's and Cercacor's business, as described above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 19, 2020, in Tustin, California.

*/s/ Stephen C. Jensen*
Stephen C. Jensen

-4-