Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF JOE KIANI IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Date: July 23, 2020<br>Hearing Time: 10 am<br>Courtroom: 6A<br><br>Discovery Cutoff: July 5, 2021<br>Pretrial Conference: March 21, 2022<br>Trial: April 5, 2022<br><br>Hon. John D. Early |

I, Joe Kiani, hereby declare and state as follows:

1. I am the founder, Chairman, and Chief Executive Officer of Plaintiff Masimo Corporation ("Masimo"), and Chairman and Chief Executive Officer of Plaintiff Cercacor Laboratories, Inc. ("Cercacor"). I have personal knowledge of the matters set forth herein and if called upon to testify, I could and would competently testify thereto.

2. Masimo is a publicly traded company on the NASDAQ stock exchange and is included in the Russell 1000. It has a market cap of approximately $12B. Institutional investors typically hold over eighty percent of Masimo's shares, through mutual funds, retirement funds, exchange traded funds, index funds, and the like.

3. Cercacor is a privately held company. Cercacor is a 1998 spin off from Masimo that owns an advanced technology called "rainbow." The "rainbow platform" is capable of noninvasively measuring multiple physiological parameters such as total hemoglobin, carboxyhemoglobin, methemoglobin, and oxygen reserve. Cercacor licenses this technology to Masimo for the professional healthcare market. Cercacor does not focus its research and development on pulse oximetry because it relies on Masimo's long-established industry leading pulse oximetry technology.

4. Stephen Jensen is Masimo's and Cercacor's most trusted outside counsel. Masimo and Cercacor have entrusted Mr. Jensen with the litigation of many cases on their behalf over the past twenty years, and he has been our outside lawyer for over twenty-five years. Masimo and Cercacor rely heavily on Mr. Jensen's broad and unparalleled understanding of Masimo's and Cercacor's business goals, technology, and intellectual property to provide unmatched legal advice.

5. Because I have worked with Mr. Jensen for so long, I have grown to trust his judgment and decisions on legal matters. This becomes particularly

important when Masimo or Cercacor is involved in litigation that involves a court protective order. Those orders prohibit him and his colleagues from disclosing "Attorneys' Eyes Only" information to Masimo and Cercacor, even when that information forms the factual bases for an important decision in the litigation. I find this very uncomfortable, but have learned to live with that discomfort by trusting Mr. Jensen who is allowed to see the relevant information. While I do trust others when it comes to pure legal acumen, Jensen's understanding of Masimo and Cercacor, and their technology and history, combined with his legal acumen, creates a unique trust I do not have with other lawyers. Thus, no other lawyer at Knobbe can replace Jensen. His participation and leadership in this litigation is critical.

6. Even though I highly value Mr. Jensen's advice and counsel, nothing in his role requires him to make competitive decisions for Masimo or Cercacor.

7. Masimo currently also has an in-house legal department under the direction of the General Counsel and Executive Vice President to handle our day-to-day legal affairs. Cercacor, through a shared services agreement with Masimo, has full access to the Masimo in-house legal team.

8. That legal department advises Masimo and Cercacor on a wide range of legal issues including pricing, intellectual property, products liability, regulatory and compliance issues, and personnel issues. Masimo, Cercacor, and I are not currently dependent on Jensen when it comes to the legal issues normally handled by the in-house legal department. Thus, Jensen is not our sole legal advisor or personnel manager as might be the case with smaller companies.

9. In view of Mr. Jensen's history as Masimo's and Cercacor's most trusted outside counsel, it is absolutely critical to Masimo and Cercacor that Mr. Jensen be entitled to fully participate in this litigation and lead his team of

Knobbe Martens' lawyers, just as he has done for many other litigations he has handled for these companies. Because of Jensen's unique history and knowledge about Masimo and Cercacor, they would be severely prejudiced if Jensen could not lead his litigation teams while also having access to the information his colleagues at Knobbe Martens can see.

10. Over the years, I have witnessed that Mr. Jensen is very alert to the sensitivity of confidential information subject to a protective order. During prior litigations, there have been occasions where Mr. Jensen would abstain from any comment due to the possibility that a discussion might implicate something he has seen under a protective order. Mr. Jensen goes to great lengths to base his presentations to Masimo and Cercacor on publicly-available information about competitor products. I have known Mr. Jensen for over 25 years, and have repeatedly observed that he takes his role as an officer of the court and the obligation imposed by protective orders very seriously.

11. To the extent it would help the Court understand the importance of Jensen's participation and leadership to Masimo and Cercacor, I am willing to testify before the Court to answer any questions about this issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 18, 2020, in Irvine, California.

_____
Joe Kiani

32726075