1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
4  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
5  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
6  2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
7  Telephone: (949)-760-0404; Facsimile: (949)-760-9502
8
   Adam B. Powell (Bar. No. 272725)
9  adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
10 12790 El Camino Real
   San Diego, CA 92130
11 Telephone: (858) 707-4000; Facsimile: (858) 707-4001
12
13 Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.
14
   *Counsel for Defendants listed on next page.*
15
                **UNITED STATES DISTRICT COURT**
16        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
                     **SOUTHERN DIVISION**
17

| | |
|---|---|
| 18 MASIMO CORPORATION,<br>a Delaware corporation, and<br>19 CERCACOR LABORATORIES, INC.,<br>a Delaware corporation, | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| 20           Plaintiffs, | **DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF DEFENDANT APPLE INC.'S PORTION OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER** |
| 21       v. | |
| 22 APPLE INC.,<br>a California corporation, | |
| 23           Defendant. | Judge:          Hon. John D. Early |
| 24 | Hr'g Date/Time: July 23, 2020, 10 a.m.<br>Courtroom:   6A |
| 25 | |
| 26 | Discovery Cutoff:   July 5, 2021<br>Pre-Trial Conference: March 21, 2022<br>Trial:           April 5, 2022 |
| 27 | |

28

Gibson, Dunn &
Crutcher LLP

JOSHUA H. LERNER, SBN 220755
   jlerner@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
   mlyon@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
   bburoker@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
   brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
   akaounis@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

1

DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF APPLE'S PORTION OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CASE NO. 8:20-CV-00048-JVS (JDEx)

I, Ilissa Samplin, declare and state as follows:

1.      I am an attorney duly licensed to practice law before this Court and all courts of the State of California.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action.  I make this declaration in support of Apple's portion of the Joint Stipulation Regarding Plaintiffs' Motion for a Protective Order (the "Joint Stipulation").  I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Protective Order that Apple requests the Court enter in the above-captioned action.

3.      On March 10, 2020, the Court entered in the above-captioned action the Initial Order Following Filing of Complaint Assigned to Judge Selna ("Initial Order"). In the Initial Order, Judge Selna directed the parties to review "[c]opies of Judge Selna's orders that may have specific application to this case," including the "Order Setting Rule 26(f) Scheduling Conference," which is "available on the Central District of California website."  A true and correct copy of the Initial Order is attached hereto as **Exhibit B**. A true and correct copy of the Order Setting Rule 26(f) Scheduling Conference, available on Judge Selna's Procedures and Schedules website, located at https://www.cacd.uscourts.gov/honorable-james-v-selna (last visited June 24, 2020), is attached hereto as **Exhibit C**.

4.      A true and correct copy of the United States District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, available at https://www.cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.docx (last visited June 24, 2020), is attached hereto as **Exhibit D**.

2

DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF APPLE'S PORTION OF JOINT STIPULATION
REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

5.      On April 16, 2020, Plaintiffs initiated via a letter the meet-and-confer process in connection with this Joint Stipulation.  Attached hereto as **Exhibit E** is a true and correct copy of the letter sent on June 2, 2020, by Adam Powell (counsel of record for Plaintiffs) to my colleague Angelique Kaounis.

6.      In an April 16, 2020 email, my colleague Angelique Kaounis responded to Mr. Powell's letter, attaching Apple's redlines to the proposed Protective Order and explaining that Plaintiffs' request for a conference of counsel pursuant to Rule 37-1 was premature because the parties were still negotiating the provisions of the Protective Order and Apple had already promised to send proposed edits in redline.  The parties continued to meet and confer about this Protective Order dispute following Ms. Kaounis's April 16 email.  A true and correct copy of the entire email exchange between counsel concerning the meet and confer process and the parties' negotiations regarding this Protective Order dispute, up until the point when Apple understood the parties to be at an impasse on the issues addressed in the Joint Stipulation, is attached hereto as **Exhibit F**.

7.      On June 3, 2020, Mr. Powell sent an email to me and my colleague Brian Buroker, stating, with respect to Section 3 of Apple's proposed protective order, that Plaintiffs "will not include Apple's edits in [Plaintiffs'] draft, but [Plaintiffs] will indicate that [they] do not oppose the changes if the Court deems them acceptable." Attached hereto as **Exhibit G** is true and correct copy of Mr. Powell's June 3, 2020 email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of June, 2020, in Los Angeles, California.


By:  /s/ *Ilissa Samplin*
Ilissa Samplin

3

Gibson, Dunn & Crutcher LLP

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

        Plaintiffs,

    v.

APPLE INC.,
a California corporation,

        Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**STIPULATION AND [PROPOSED]**
**PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, including disclosures under Rule 26, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

-1-

information is justified in this matter, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable authority. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

     3.    <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>

The parties further acknowledge, as set forth in Section 14.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. But designation of information as HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be presumptively

-2-

deemed to present good cause for filing under seal.  Nothing in this section shall in any way limit or detract from this Protective Order's requirements as to Source Code.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    <u>DEFINITIONS</u>

4.1    Action: this pending federal lawsuit.

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26, and as specified above in the Good Cause Statement.

-3-

4.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely confidential and/or sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.

4.5 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.  Other documents that quote source code may be designated pursuant to this Paragraph, provided that the Producing Party also produces a redacted version designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," which removes the quoted source code.  Native Computer Aided Design (CAD) files may be designated pursuant to this Paragraph, provided that any printouts of CAD files shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and will not be included in the page limits discussed in Section 11 below.

4.6 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.7 Designating Party or Producing Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

-4-

4.8    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.9    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.10   House Counsel: attorneys who are employees of a party to this Action.   House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.11   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.12   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.13   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

CODE." Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

4.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.    SCOPE

5.1    All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

5.2    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.

5.3    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose.

5.4    This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Producing Party or by order of the Court.

5.5    This Order does not preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of

-6-

this Order, including, without limitation, moving for an order that certain matter not be produced at all.

5.6    Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

6.    DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the information was made public during trial. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. Pursuant to Paragraph 5.6 above, any use of Protected Material at trial shall be governed by a separate agreement or order.

7.    DESIGNATING PROTECTED MATERIAL

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

-7-

7.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "Confidentiality legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party

-8-

also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are designated within 30 days of receipt of the transcript of the testimony.  During the 30-day period, the entire transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is recorded (by video or otherwise), the original and all copies of the recording shall be  designated pursuant to the terms of this Protective Order.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

-9-

(d) When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 9.2(c), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  The parties reserve the right to object to the use of any image format version of a document produced in native file format to the extent any information has been altered.

7.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. Upon such timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification

-10-

of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in the following Paragraph below) at the appropriately designated level pursuant to the terms of this Order.

A subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in Paragraph 10.

8       CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.    Timing and Form of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.   Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in Local Rule 37-1.

8.2     Meet and Confer. It shall be the responsibility of the Challenging Party to initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3     Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

-11-

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in accordance with Section 5. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 17 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

Nothing in this Protective Order shall preclude a party from using material obtained lawfully from a source other than the Producing Party, even if the Producing Party also designated the material pursuant to this Protective Order.

9.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

-12-

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Not more than three (3) representatives of the Receiving Party who are officers or employees (including House Counsel) to whom disclosure is reasonably necessary for this Action, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper Pre-Access Disclosure Requirements are provided to all Parties and all objections have been resolved under the Objections Process under 9.2(c) below;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, including the expert's support staff, provided that: (1) such consultants or experts are not presently an officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party and (2) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.  At least fourteen (14) days before access to the Protected Material is to be given to a consultant or expert, the consultant or expert shall complete the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the same shall be served upon the producing Party along with the following "Pre-Access Disclosure Requirements":

(i)     a current curriculum vitae of the consultant or expert;

(ii)     identification of the consultant or expert's present employer and job title;

(iii)     identification of all of the person's past and current employment and consulting relationships in the past five years,

-13-

including direct relationships and relationships through entities owned or controlled by the person, including but not limited to, an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of non-invasive physiological monitoring technologies, or relating to the acquisition of intellectual property assets relating to non-invasive physiological monitoring;

(iv)   identification (by application number, title, and filing date) of all pending patent applications on which the person is named as an inventor, in which the person has any ownership interest, or as to which the person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(v)   a listing (by name and number of the case, filing date, and location of court) of any litigation in connection with which the person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

The Party seeking to disclose Protected Material shall provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. Objection Process: The producing party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  In the absence of an objection within fourteen (14) days of the date on which the Producing Party receives notice that a consultant or expert

-14-

will be given access to Protected Material, the person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the person prior to expiration of this fourteen (14) day period.  If an objection is received within that fourteen (14) day period, the Parties agree to meet and confer within seven (7) days following the objection and to use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days of the meet and confer.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) the court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, other documents, or sworn witness testimony;

(h) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i) any other person with the prior written consent of the Producing Party.

9.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or

-15-

permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 9.2 (a), (c)-(i), provided that such Outside Counsel under Paragraph 9.2(a) is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party and such proposed Outside Counsel did not, at the time the lawsuit was filed or within the previous two (2) years from the date the lawsuit was filed, have a business or ownership interest in a Party (i.e., was not a Board member, Director, officer, employee, or hold a title with a Party). Additionally, whether Plaintiffs' trade secret disclosure under California Code of Civil Procedure Section 2019.210 is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  access to said disclosure shall be permitted for three (3) Apple House Counsel.

    10.    <u>PROSECUTION BAR</u>

    Plaintiffs' Language:  Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved, directly or indirectly, in the (i) prosecution of patents or patent applications relating to non-invasive physiological monitoring, including without limitation the patents at issue in this action and any patent or application claiming priority to or otherwise related to the patents at issue in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office") or (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of non-invasive physiological monitoring technologies.   For purposes of this Paragraph,

-16-

"prosecution" means advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of non-invasive physiological monitoring technologies (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office;.  To avoid any doubt, "prosecution" as used in this Paragraph does not include providing patent prosecution counsel with public information to submit to the Patent Office. "Prosecution" as used in this Paragraph also does not include representing a party before a domestic or foreign agency in a patent challenge (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, covered business method review, post-grant review or other patent office proceedings in the United States or elsewhere on behalf of a patentee but only if no amendments to the claims are made to the patent or patent application by anyone during that process.  If an individual that has had access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and participates in a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, covered business method review, post-grant review, or other patent office proceedings in the United States or elsewhere on behalf of a patentee, the claims of the patent involved in such proceedings may not be amended by anyone without violating this protective order.  These prohibitions are not intended to and shall not preclude counsel from participating directly or indirectly in proceedings on behalf of a Party challenging the validity of any patent. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

-17-

information is first received by the affected individual and shall end two (2) years after final resolution of this action, including all appeals.

11.  SOURCE CODE

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 10, and may be disclosed only to the individuals identified in Paragraphs 9.2(a), (c), (d), (e), (g), and (j), subject to the restrictions set forth in Paragraph 9.3.

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel in the Central District of California or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party may visually monitor the activities of the Receiving Party's representatives

-18-

during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.    The Parties agree to cooperate in good faith if additional software becomes necessary on an expedited basis.

(e)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(f)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph (c) in the first instance.  Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be

-19-

on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no more than two hundred (200) pages total. Within ten (10) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  The Parties will cooperate in good faith if a different timeframe for production is required.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(g)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.   All persons viewing Source Code on the source code computer shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The log shall be kept by the Producing Party.

(h)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall

-20-

not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(i)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(f), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(j)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report).

-21-

(k)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition by the Producing Party shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(l)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a

-22-

Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this Order.

12.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, including one issued by any court, arbitral, administrative or legislative body or a court order issued in other litigation, that requests or compels disclosure of any Protected Material, that Party must:

(a)  promptly notify in writing each Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

-23-

action as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

-24-

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

15. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other

-25-

applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

16.    <u>MISCELLANEOUS</u>

16.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

-26-

16.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

16.4   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

16.5   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their successors, and anyone who obtains access to Protected Material.

16.6   <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  All disputes between the Parties concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

16.7   <u>Computation of Time</u>.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

17.   <u>FINAL DISPOSITION</u>

Not later than sixty (60) days after the Final Disposition of this Action, as defined in Paragraph 6, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

-27-

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, but must return or destroy any pleadings, correspondence, and consultant or expert work product that contain information designated "HIGHLY CONFIDENTIAL – SOURCE CODE." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 6 (DURATION).

      18.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____, 2020     **Knobbe, Martens, Olson & Bear LLP**

By:  *DRAFT* _____

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C Jensen
steve.jensen@knobbe.com
Perry D. Oldham
perry.oldham@knobbe.com

-28-

1
2

Stephen W Larson
2040 Main Street, Fourteenth Floor
Irvine, CA  92614

3

*Attorneys for Plaintiffs*

4
5

Dated: _____, 2020

**GIBSON, DUNN & CRUTCHER LLP**

6

By:    *DRAFT*_____

7
8
9

Joshua H. Lerner, SBN 220755
jlerner@gibsondunn.com
555 Mission Street Suite 3000
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:   415.393.8306

10
11
12
13

H. Mark Lyon, SBN 162061
mlyon@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:  650.849.5300
Facsimile:   650.849.5333

14

*Attorneys for Defendant*

15
16

**IT IS SO ORDERED.**

17

Dated:  _____

_____
The Honorable John D. Early
United States Magistrate Judge

18
19
20
21
22
23
24
25
26
27
28

-29-

**ATTESTATION REGARDING SIGNATURES**

I, Joshua H. Lerner, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  June __, 2020          By:    /s/ DRAFT_____

Joshua H. Lerner

-30-

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Masimo Corp., et al. v. Apple Inc.*, United States District Court, Central District of California, Southern Division, Civil Action No. 8:20-cv-00048-JVS (JDEx).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]

-31-

# Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION, et al.<br><br>Plaintiff(s),<br><br>v.<br><br>APPLE INC.<br><br><br>Defendant(s). | CASE NO:<br>8:20–cv–00048–JVS–JDE<br><br>INITIAL ORDER FOLLOWING<br>FILING OF COMPLAINT<br>ASSIGNED TO JUDGE SELNA |

**Important Notice: The Court posts tentative law and motions rulings to the internet. Please see Section P, below**

COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL

DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS

AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS

POSSIBLE THEREAFTER. IF THIS CASE WAS ASSIGNED TO THIS

COURT AFTER BEING REMOVED FROM STATE COURT, THE

DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER

ON ALL OTHER PARTIES.

///

–1–

This case has been assigned to the calendar of Judge James V. Selna. The intent of this Order is to ensure that this case will proceed so as "to secure [a] just, speedy and inexpensive determination." (Fed.R.Civ. P., Rule 1.)

## A.   THE COURT'S ORDERS

Copies of Judge Selna's orders that may have specific application to this case are available on the Central District of California website. See ¶ N. Those orders include the following:

(1)   Order Setting Rule 26(f) Scheduling Conference

(2)   Order re Civil Jury Trials

(3)   Order re Civil Court Trials

(3)   Order re RICO Case Statement

## B.   SERVICE OF PLEADINGS

Although Fed.R.Civ.P., Rule 4(m) does not require the summons and complaint to be served for as much as 120 days, the Court expects that the initial pleadings will be served much sooner than that, and will require plaintiff to show cause before then if it appears that there is undue delay.

## C.   ASSIGNMENT TO A MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form. See ¶ N.

## D.   EX PARTE PRACTICE

*Ex parte* applications are solely for extraordinary relief and should be used with discretion. See Mission Power Engineering Company v. Continental Casualty Co., 883 F. Supp. 488 (C. D. Cal. 1995). The Court will generally decide *ex parte* matters on the papers. Opposition to an *ex parte* application, if any, should be submitted within 24 hours.

## E.   APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF TIME

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must set forth:

1.   The existing due date or hearing date;

2.   Specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations: Have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?

3.   Whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

///

///

–3–

Case 8:20-cv-00048-JVS-JDE   Document 61-5   Filed 06/26/20   Page 42 of 156   Page ID
#:4991
Case 8:20-cv-00048-JVS-JDE   Document 19   Filed 03/10/20   Page 4 of 9   Page ID #:1282

### F.   TROs AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with

F.R.Civ.P., Rule 65 and Local Rule 65. The Court will not rule on any

application for such relief for at least 24 hours after the party subject to the

requested order has been served; such party may file opposing or responding

papers in the interim.


### G.   CASES REMOVED FROM STATE COURT

All documents filed in state court, including documents appended to

the complaint, answers and motions, must be refiled in this Court as a supplement

to the Notice of Renewal, if not already included. See 28 U.S.C. § 1447(a),(b). If

the defendant has not yet answered or moved, the answer or responsive pleading

filed in this Court must comply with the Federal Rules of Civil Procedure and the

Local Rules of the Central District. If before the case was removed a motion was

pending in state court, it must be re−noticed in accordance with Local Rule 7.


### H.   STATUS OF FICTITIOUSLY NAMED DEFENDANTS

This Court intends to adhere to the following procedures where a matter

is removed to this Court on diversity grounds with fictitiously named defendants.

(See 28 U.S.C. §§ 1441(a) and 1447.)


1.   Plaintiff is normally expected to ascertain the identity of and

serve any fictitiously named defendants within 120 days of the removal of the action

to this Court.

///

−4−

2.   If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120–day period, an *ex parte* application requesting permission to extend that period to effectuate service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The *ex parte* application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the *ex parte* application.

3.   If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously–identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply *ex parte* requesting such amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The *ex parte* application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. *See* U.S.C. § 1447(c), (d).

## I.   BANKRUPTCY APPEALS

Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court.

///

///

///

–5–

## J.   <u>MOTIONS UNDER FED.R.CIV.P. RULE 12</u>

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7–3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. <u>See</u> <u>Chang v. Chen</u>, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P., Rule 15(a). A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. <u>See</u> <u>Nolen v. Fitzharris</u>, 450 F.2d 958, 958–59 (9th Cir. 1971); <u>St. Michael's Convalescent Hospital v. California</u>, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P., Rule 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint, and that in many instances the moving party should agree to any amendment that would cure a curable defect.

The moving party shall attach a copy of the challenged pleading to the Memorandum of Points and Authorities in support of the motion.

///

///

–6–

The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or affirmative defense, which a plaintiff might contemplate bringing.

### K.   REQUIREMENTS FOR BRIEFS

In addition to the requirements in Local Rule 11, the Court requires the following for all briefs:

1.   No footnote shall exceed 5 lines. The Court strongly discourages the use of extensive footnotes as a subterfuge to avoid page limitations in the Local Rules.

2.   All footnotes shall be in the same type size as text. See Local Rule 11–3.1.1.

3.   Each case cited shall include a jump cite to the page or pages where the relevant authority appears (e.g., United States v. Doe, 500 U. S. 1, 14, 17 (1997)).

Failure to follow these requirements may result in rejection of a brief for correction.

### L.   LEAD COUNSEL

Lead counsel shall appear on all dispositive motions, scheduling conferences, and settlement conferences. **The Court does not entertain special appearances; only counsel of record may appear.**

Exhibit B
Page 44

### M.   COURTESY COPIES

A courtesy copy of all electronically filed pleadings shall be delivered to Judge Selna's courtesy copy drop on the tenth floor at the rear of the elevator lobby by noon the day following filing. **Failure to make timely delivery of the courtesy copies may result in a delay in hearing a motion or ordering the matter off calendar**.

### N.   ELECTRONIC COPIES

When the Court requires an electronic copy of a document (*e.g.,* with proposed jury instructions), a copy shall be submitted at time of filing in one of the following manners: providing a copy on a disk, CD, or thumb drive in a labeled envelope and lodged with the clerk; or by e–mailing a copy to the Courtroom Deputy (JVS_Chambers@cacd.uscourts.gov). Regardless of media, the document should be formatted in WordPerfect9 or higher.

### O.   WEBSITE

Copies of this Order and other orders of this Court are available on the Central District of California's website, at "www.cacd.uscourts.gov" at Judge Selna's home page located under "Judge's Procedures and Schedules."

### P.   TENTATIVES–DAY OF HEARING AND WEB POSTING

The Court attempts to issue tentative rulings on each motion. Tentatives will be posted on the Court's website: www.cacd.uscourts.gov/. From the home page, click on "Judges' Procedures and Schedules" in the left column. From the

–8–

1    list click on "Hon. James V. Selna," which will take you to Judge Selna's page.

2    Click on the red notice in the upper left: "Click here to view Tentative Rulings."

3    Then click on the desired ruling which comes up in a .pdf file which can be read

4    with an Adobe Acrobat reader. Judge Selna attempts to post tentatives by late

5    Friday afternoon preceding the hearing date. Hard copies of tentatives will also

6    be available from the clerk approximately 15 minutes before the hearing.

7

8        The Court thanks counsel and the parties for their anticipated

9    cooperation.

10

11       **IT IS SO ORDERED.**

12

13   DATED: March 10, 2020      _____

14                James V. Selna
                United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

–9–

# Exhibit C

Exhibit C
Page 47

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   *,                                    )        CASE NO. CV*-JVS(*x)
                                           )
12              Plaintiff(s),              )        ORDER SETTING RULE 26(f)
                                           )        SCHEDULING CONFERENCE
13          v.                             )
                                           )
14   *,                                    )
                Defendant(s).              )        Date:   *
15                                         )        Time:   1:30 p.m.
                                           )
16                                         )
     _____)
17
18
19              This case has been assigned to Judge James V. Selna.  If plaintiff has
20   not already served the complaint (or any amendment thereto) on <u>all</u> defendants,
21   plaintiff shall <u>promptly</u> do so and shall file proofs of service within three days
22   thereafter.  Defendants also shall timely serve and file their responsive pleadings
23   and file proofs of service within three days thereafter.
24
25              This matter is set for a scheduling conference on the above date.  The
26   conference will be held pursuant to Fed.R.Civ.P., Rule 16(b).  The parties are
27   reminded of their obligations under Fed.R.Civ.P., Rule 26(a)(1) to disclose
28   information (without awaiting a discovery request) and under Rule 26(f) to confer
     on a discovery plan not later than twenty-one (21) days prior to the scheduling

Exhibit C
Page 48

conference and to file a report with the Court entitled "Joint Rule 26(f) Report" not later than fourteen (14) days after they confer.  Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.

**Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively <u>before</u> the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery,  because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.**

1.     **<u>Joint Rule 26(f) Report</u>.**

The Joint Rule 26(f) Report, which shall be filed not later than one week before the scheduling conference,  shall be drafted by plaintiff (unless the parties agree otherwise<u>), but shall be submitted and signed jointly.  "Jointly" contemplates a single report, regardless of how many separately-represented parties there are.  The Joint Rule 26(f) Report shall report on all matters enumerated below, which include</u> those required to be discussed by Rule 26(f) and Local Rule 26:

     a.     <u>Synopsis</u>:  a short synopsis (not to exceed two pages) of the main claims, counterclaims, and/or affirmative defenses.

     b.     <u>Legal issues:</u> a brief description of the **key legal issues**.

     c.     <u>Damages:</u>  the realistic range of provable damages.

2

Exhibit C
Page 49

d.   Insurance:  whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

e.   Motions:  a statement of the likelihood of motions seeking to (i) add other parties or claims or (ii) file amended pleadings or (iii) transfer venue.

f.   Discovery and experts:  pursuant to Rule 26(f), state what, if any, changes in the disclosures under R. 26(a) should be made; the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited; what discovery has been conducted thus far; whether applicable limitations should be changed or other limitations imposed; and whether the Court should enter other orders.  Please state how many depositions each side will conduct.  Also discuss the proposed time of expert witness disclosures under F.R.Civ.P. 26(a)(2).

g.   Dispositive motions:  a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

h.   Settlement and settlement mechanism:  a statement of what settlement discussions and/or written communications have occurred (**specifically excluding any statement of the terms discussed**) and a statement pursuant to the Local Rule 16-14.4 selecting a settlement mechanism under that rule.

i.   Trial estimate:  a realistic estimate of the time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.  If the time estimate for trial given in the Rule 26(f) Joint Report exceeds eight court days, counsel shall be prepared to discuss in detail the estimate.

3

Exhibit C
Page 50

j.     Timetable:  **complete of the Presumptive Schedule of Pretrial Dates form attached as Exhibit A to this Order and attach it to the Rule 26(f) report.**  ***Submission of a completed Exhibit A is mandatory.***  The current entries in the "Weeks Before Trial" column merely reflect what the Court believes are appropriate for many, if not most, cases; those entries are not necessarily applicable to this case, and the form is designed to enable counsel to request the Court to set different last dates by which the key requirements must be completed.  Each side should write in the month, day and year it requests for each event.  *E.g.*, for the expert discovery cut-off it might be "10/7/02" for plaintiff and "10/28/02" for defendant, if they cannot agree.  At the conference, the Court will review this form with counsel.  Each entry proposing dates shall fall on a Monday, except the trial date which is a Tuesday.  In appropriate cases the Court will order different dates after it hears from Counsel.  The proposed non-expert and expert discovery cut-off date means: the last day by which all depositions must be completed and responses to all previously-served written discovery must be provided.  The proposed cut-off date for motions means: the last date on which motions may be heard, not noticed.

k.     Other issues:  a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, etc.).

l.     Conflicts:  for conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

4

Exhibit C
Page 51

m.    <u>Patent cases:</u>   propose dates and methodology for claim construction and *Markman* hearings.   The Court intends to follow the process outlined in the rules for patent cases which have been adopted by the Northern District of California.[1]  At a minimum, the Court will require the exchange of Proposed Terms and Claim Elements for Construction,  preparation and filing of a Joint Claim Construction and Prehearing Statement, and simultaneous opening and reply briefs.  <u>See</u> Local Patent Rules, Northern District of California, Rules 4-2, 4-3, 4-5.

n.    <u>Magistrates:</u>  Do the parties wish to have a Magistrate Judge preside?  Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all the proceedings, not just discovery.  They may pick *any* Magistrate Judge (not just the one assigned to this case) from among those Magistrate Judges who accept these designations.  (They are identified on the Central District's website, which also contains the consent form.)

The Joint Rule 26(f) Report should set forth the above enumerated information under section headings corresponding to this Order.

## 2.    **Scheduling Conference.**

---

[1] The rules can be found on the internet at http://www.cand.uscourts.gov/CAND/LocalRul.nsf/fec20e529a5572f0882569b6006607e0/4735a1c69bd18b418825695f00730cdd?OpenDocument

5

Exhibit C
Page 52

Scheduling Conferences will be held in the Ronald Reagan Building, 411 West Fourth Street, Court Room 10C, Santa Ana.  Counsel shall comply with the following:

a.   <u>Participation</u>.  The lead trial attorney **must** attend the Scheduling Conference,  unless excused for good cause shown in advance of the Scheduling Conference.

b.   <u>Continuance</u>.  A continuance of the Scheduling Conference will be granted only for good cause.

**3.**   **Protective Orders.**

If you seek a protective order, propose it to opposing counsel before the Scheduling Conference, if at all possible.  Protective Order should be submitted to the assigned Magistrate Judge for consideration.

**4.**   **Notice to be Provided by Counsel.**

Plaintiff's counsel or, if plaintiff is appearing *pro se,* defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**5.**   **Disclosures to Clients.**

6

Exhibit C
Page 53

1  Counsel are ordered to deliver to their respective clients a copy of

2  this Order and of the Court's Scheduling and Case Management Order, which

3  contains the schedule that the Court sets at the Scheduling Conference.

4

5  **6.** **Court's Website.**

6

7  Copies of this and all other orders of this Court that may become

8  applicable to this case are available on the Central District of California website,

9  at "www.cacd.uscourts.gov," under "Judge's Procedures and Schedules."  Copies

10  of the Local Rules are available on the website.[2]

11

12  The Court thanks the parties and their counsel for their anticipated

13  cooperation in carrying out these requirements.

14

15  IT IS SO ORDERED.

16

17  Dated: _____                    _____

18                                                James V. Selna
                                                  United States District Judge

19  Copies to:
20  All Counsel of Record

21

22

23

24  _____

25  [2]  They may also be purchased from one of the following:

26  Los Angeles Daily Journal      West Publishing Company      Metropolitan News
27  915 East First Street          50 West Kellogg Blvd.        210 South Spring Street
    Los Angeles, CA 90012          St. Paul, MN 55164-9979      Los Angeles, CA 90012
28

# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff,<br><br>        v.<br><br><br>        Defendant. | Case No. C<br><br>STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

[2.4    *Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[2.9    *Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which

to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [*Optional*: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

2.17     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.       SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after

its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g.,

second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the

material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding

transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or

"HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains protected material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not

designate them for protection until after the inspecting Party has indicated which material it would like

copied and produced. During the inspection and before the designation, all of the material made available

for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order. Then, before

producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or

"HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that contains Protected Material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all

protected testimony and specify the level of protection being asserted. When it is impractical to identify

separately each portion of testimony that is entitled to protection and it appears that substantial portions of

the testimony may qualify for protection, the Designating Party may invoke on the record (before the

deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House Counsel of the Receiving Party[3] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants,[5] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

---

[3] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

[5] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items to Designated House Counsel[6] or Experts.[7]</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[8]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's

---

[6] *Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

[7] *Alternative*: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

[8] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[10]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

---

[9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.      PROSECUTION BAR [*Optional*]

        Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents or patent applications relating to [insert subject matter of the invention and of highly confidential technical information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information is first received by the affected individual and shall end two (2) years after final termination of this action.[13]

9.      SOURCE CODE [*Optional*]

        (a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

        (b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

---

[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,

shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[15] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[16]

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

---

[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL - SOURCE CODE" information, such as exhibits to motions or expert reports,

[15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[17]

10.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

---

[17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

Designating Party whose Protected Material may be affected.[18]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
         LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

---

[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[19] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This provision is not intended to

---

[19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.     <u>MISCELLANEOUS</u>

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

[14.3 *Optional:* <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

14.4     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged,

---

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____  _____
                                                 Attorneys for Plaintiff


DATED: _____  _____
                                                Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____  _____
                                           [Name of Judge]
                                           United States District/Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
                [signature]

# Exhibit E

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

April 16, 2020

**VIA EMAIL**

Angelique Kaounis
Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067

Re:    Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Angelique:

We write to request a conference of counsel pursuant to Local Rule 37-1 to address the proposed protective order governing the treatment of confidential information.  Please promptly provide your availability to meet and confer within 10 days.

During the Rule 26(f) conference on March 10, Plaintiffs indicated they planned to prepare a draft protective order based on Magistrate Judge Early's model protective order.  Apple indicated it wanted to prepare the initial draft because Apple had some specific provisions it wanted to include.  Plaintiffs agreed only on the condition that Apple would use Judge Early's order as a model.

On March 26, Plaintiffs contacted Apple to ask about the status of the draft.  Apple provided its draft on March 27.  On March 31, Plaintiffs informed Apple the draft was not acceptable because it did not use Judge Early's order as a model and contained "numerous non-reciprocal provisions," including, for example, a prosecution bar that applied only to Plaintiffs' counsel.  On April 3, Apple responded by providing an updated draft that still did not use Judge Early's order as a model and still contained non-reciprocal provisions, including the non-reciprocal prosecution bar.  On April 6, Plaintiffs provided a draft using Judge Early's order as a model.  On April 8, Plaintiffs suggested the parties submit competing proposals and identified at least the following deficiencies in Apple's draft:

(1)    Apple's proposal does not use Magistrate Judge Early's order as a model.

(2)    Apple's proposal lacks critical components of Judge Early's order, including a "good cause statement," acknowledgement of under seal filing procedures, and acknowledgement that information introduced at trial typically becomes public absent compelling reasons.

(3)    Apple's proposal includes an unduly broad and non-reciprocal prosecution bar.  Among other things, the prosecution bar applies only to Plaintiffs' counsel and allows an accused infringer's litigation counsel to file an IPR but does not allow the patentee's litigation counsel to defend the IPR.

(4)    Apple's proposal includes a non-reciprocal provision allowing Apple's in-house counsel to view AEO information while preventing Plaintiffs' in-house counsel from doing the same.

(5)    Apple's proposal includes a non-reciprocal provision concerning the number of individuals who may access Apple's source code without the same protection for Plaintiffs' source code.

(6)      Apple's latest proposal restricts access to AEO and source code material to outside counsel that do not have a "business or ownership interest in a Party."

(7)      Apple proposal includes unnecessarily complicated source code provisions, including lengthy notification times to inspect, unduly small restrictions on the amount of source code that can be printed, and numerous provisions that infringe on the receiving party's work product.

(8)      Apple's proposal restricts access to "Confidential" material to three representatives that must be cleared by the opposing side.

(9)      Apple's proposal allows untimely objections to experts accessing confidential information.

(10)     Apple's proposal includes unnecessarily complicated procedures for using native files, designating deposition testimony, and providing AEO information to mock jurors.

(11)     Apple's proposal includes export provisions that appear to be unwarranted, though we are willing to listen to why Apple believes these provisions are necessary.

On April 9, Apple agreed to provide edits to Plaintiffs' draft based on Judge Early's model.  During a teleconference on April 9, you indicated you had hoped to send edits that day, but would at least do so "soon."  On April 15, Plaintiffs asked about the status and Apple responded it hoped to have edits in "in the next day or so."  As of the sending of this letter, Apple has not objected to any portion of Plaintiffs' April 6 draft.

As you know, Apple stated in the Rule 26(f) report: "Apple will not agree to produce documents unless and until a satisfactory protective order is issued in this case."  D.I. 33 at 11.  Because Apple maintains it needs a protective order to produce documents, we believe the parties should move this issue forward as quickly as possible.  We hope the parties are able to resolve this dispute without burdening the Court.  However, if the parties are not able to resolve their disputes and/or otherwise reach an agreement, we intend to move for entry of a protective order consistent with the draft that Plaintiffs sent to Apple on April 6.

Please let us know when you are available to discuss this matter.  We suggest doing so during our call on April 17 at 11am.

Best regards,

Adam B. Powell

32641686

# Exhibit F

| From: | Samplin, Ilissa |
|---|---|
| To: | Adam.Powell |
| Cc: | Perry.Oldham; Joe.Re; Steve.Jensen; Masimo.Apple; Lerner, Joshua H.; Buroker, Brian M.; Lyon, H. Mark; Rosenthal, Brian A.; Kaounis, Angelique; Morgan, Tracy A. |
| Subject: | RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order |
| Date: | Monday, June 15, 2020 8:07:00 PM |

Adam,

The parties reached an impasse before today.  At latest, the impasse was reached with your email on Saturday.  We expect to receive your portion of the joint stipulation by Thursday.  If we receive it on Friday, it will be late in our view and not in compliance with the parties' agreed upon schedule for this filing.

On your other questions:

11(j).  Apple believes that 10 people is more than enough people to have access to its source code to limit risk of inadvertent misuse and only agreed to 15 to reach a compromise.  Masimo's added language is unnecessary (because the parties can always agree to add more and the Court could obviously modify a protective order) and its language is clearly written to suggest that more than it may be "necessary" that more than 15 people should review the code.  In extremely large cases, the parties have been able to manage within the 10 person limit and thus, Apple cannot imagine a situation in which more than 15 people will become necessary.

11(f).  We can confirm your reading of the review of source code portion.

Thanks,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 15, 2020 3:45 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

We do not understand why Apple refuses to even explain its objections to Plaintiffs' proposals.  For example, we offered a very reasonable compromise on Paragraph 11(j), but Apple rejected that proposal without explanation.  We also offered to accept Apple's changes to Paragraph 11(f) regarding source code review if Apple simply confirmed it agrees with our reading of that paragraph.  Again, Apple refused.  We disagree with Apple's insistence on burdening the Court with unnecessary disputes rather than promptly responding to Plaintiffs' proposals.

We will send you our proposed protective order today and will send our portion of the joint stipulation as quickly as possible.  Because the parties did not reach an impasse until today, we reserve the right to provide our portion of the joint stipulation on Friday (4 business days after today).

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**
**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 15, 2020 7:06 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

We are fine with the change to 9.2(e), which is now reflected in Apple's version of the protective order that I sent you on Friday (attached here, with that change made).

We don't understand why you need us to confirm 11(i) and 11(l)- the language does not mention recording dates/times and code reviewed.  There's no way to read the two provisions to require that information.

As I told you on Friday, Apple is ready to move forward on the briefing.  There's nothing left to continue negotiating- we are at an impasse on the remaining items.  Please send over Plaintiffs' version of the protective order as soon as possible, and Plaintiffs' portion of the joint stipulation by Thursday.

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Saturday, June 13, 2020 5:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

I was driving for 6 hours yesterday.  Now that I had a chance to talk to my team, we were able to accept some of Apple's proposals and have some ideas to resolve other issues.  Thus, the parties are not yet at an impasse. We would, however, appreciate it if Apple could respond as quickly as we did (one day), rather than taking four business days like it did last time.  The sooner Apple responds, the sooner the parties can present their remaining disputes to the Court.

**Access to Confidential Material**

**9.2(e):** This provision needs to be modified slightly to make clear that the parties can videotape depos.  We assume this won't be controversial, but please confirm Apple agrees to the following change: "(e) court reporters, videographers, and their staff;"

**9.2(g):** We accept Apple's edits.

**Source Code**

**4.5:** "descriptions of source code" is too vague, especially given the strict page limits for printing. We tried to be more specific, but Apple rejected our compromise.  We are happy to consider a more specific proposal.  Otherwise, we are at an impasse.

**11(d):** We accept Apple's edits.

**11(f):**

- **Review of source code**: I don't think we have a dispute.  We deleted the language about "printed for purposes of review and analysis" because we thought it could arguably be read broadly to prevent a party from reviewing/analyzing printouts when preparing court filings and expert reports, which is inconsistent with the first sentence of this paragraph.  However, I don't think that is what Apple means.  If you can confirm, we will accept Apple's change.
- **Printing to PDF and printing directory paths**: Your email did not address these provisions, which we included for efficiency.  Please explain Apple's objection so we can try to address it.
- **200 page cap**: Your email did not address this provision, which was included to clarify that a party may ask the Court to increase the 200-page limit just like the 15-page consecutive limit.  Please explain Apple's objection so we can try to address it.

**11(h):** We are troubled by Apple's deletion, which you did not mention in your email.  Our language merely confirms counsel will not violate their ethical duties.  If Apple cannot accept this language, we are at an impasse here.

**11(i):**

- **Names of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times.  Please let us know if you disagree.
- **Log Timing**: Under Apple's proposal, a party could request a log on Christmas eve and argue the opposing party violated the Protective Order if it does not respond on Christmas day.  That is clearly unreasonable.  If Apple continues to demand logs on one day's notice, we are at an impasse on this issue.

**11(j):**

- **Number of individuals with access**: We agree to Apple's proposal, provided we clarify that it can be changed by the parties or Court if necessary.  Please let us know if Apple agrees to the following compromise: "Absent agreement of the Parties or order of this Court, no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report).  The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the Source Code."
- **Restrictions on how source code may be transported**: Your email did not address this provision.  Please explain Apple's objection so we can try to address it.

**11(k):** We are at an impasse on this issue.

**11(l):**

- **"Or order of this Court":** Your email does not address this change.  If Apple maintains the Court may not order a party to file source code over the other party's objection, we are at an impasse.
- **Name of reviewers**: We reviewed Apple's language again and can accept it as written

because we understand it does not require logging specific code accessed or the particular
dates/times.  Please let us know if you disagree.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
Knobbe **Martens**

---

**From:** Adam.Powell
**Sent:** Saturday, June 13, 2020 12:25 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis,
Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Ilissa,

Plaintiffs are not "stalling" or holding anything up.   Your email offers numerous compromises,
including to Section 4.5, 9.2(g), 11(d), and 11(j).  We are also evaluating if we can accept any of your
other changes based on the new justifications you provided below.  We may be able to accept some
of your compromises/changes, but I need more than a few hours on a Friday afternoon to
coordinate with my team.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
Knobbe **Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 12, 2020 9:48 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis,

Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I did not hear back from you on my email below.  Plaintiffs clearly are stalling on this protective order.  The parties finished meeting and conferring and Apple is ready to move forward with briefing this for the Court.  Attached is Apple's version of the protective order for the joint stipulation.  Please provide Plaintiffs' version as soon as possible.

We look forward to receiving Plaintiffs' portion of the joint stipulation four business days from today.

Regards,
Ilissa
**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 4:01 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,
I don't think your recollection of our call is accurate. In any event, where did we give you the impression that there's room for compromise? Because that wasn't our view at this point, after all the back and forth. We are ready to get the Court's guidance at this point.
Please explain why this is being held up further.
Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

Exhibit F
Page 85

333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On Jun 12, 2020, at 3:12 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Ilissa,

Your recitation of our conversation is not accurate.  I told you that I hoped to be able to respond the same day if we reached a definitive impasse early in the morning.  Your proposal contains numerous changes and appears to suggest there could be room for further compromise.  Given that it took Apple four business days to respond to Plaintiffs' proposal, it is not reasonable for Apple to expect a response in just five hours.  We are reviewing your changes and will get back to you as soon as possible and, in any event, more quickly than Apple responded to Plaintiffs.  I do not anticipate we will respond today.

Best regards,
Adam

**Adam Powell**
Partner

**858-707-4245 Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 12, 2020 1:52 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam- Please confirm the time we are exchanging protective orders per our call last week.  As you will recall, you agreed you would be in a position to exchange protective orders same day, so long as our final positions did not come in at 7 or 8 pm.  Our final positions got to you before noon, so let's agree on a time later today.  We are ready to go at whatever time works for you.  Thanks.

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 11:25 AM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; 'Perry.Oldham' <Perry.Oldham@knobbe.com>; 'Joe.Re' <Joe.Re@knobbe.com>; 'Steve.Jensen' <Steve.Jensen@knobbe.com>; 'Masimo.Apple' <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

With respect to the source code-related provisions in sections 4.5 and 11, Masimo's proposal does not resolve all of Apple's concerns but Apple can agree to several of the proposed modifications, including the proposal regarding handling of CAD files. A proposed compromise is attached in clean and a redline showing changes using Masimo's latest proposal. In particular, we believe we have reached an impasse on the following issues:

Section 4.5 – Apple cannot agree to removing the phrase "descriptions of source code (e.g., descriptions of declarations, functions and parameters)" or imposing a burden to produce redacted versions of all documents that contain source code discussions. The counter-proposal that is limited to quotations of source code is insufficient. Descriptions of functions can be just as revealing about how the code works and that type of information deserves the highest level of protection given how sensitive it is. The burden of producing redacted versions of all documents that reference source code is extremely high and is often impractical given that the source code description often would need to be redacted in large part to avoid imparting knowledge about how the code works. Documents that contain descriptions of source code will be made available for review under the source code review procedures and if the description is important, Masimo can request to have it printed per the provisions in Section 11.

Section 11(d) – Apple will agree to provide the licensing software tools in 14 days but 7 is too short. If Masimo insists on 7 days, we are at an impasse on that issue.

Section 11(f) – Masimo's changes in this section are not accepted.  Apple's language provides the full protections and language needed to be clear that the reviewing party is primarily to be reviewing source code in the review room and not printing materials for off-site, paper-based review.

Section 11(i) – Apple does not agree to remove the requirement to log who accesses the paper copies of the source code.  If there is an inadvertent disclosure of the source code, it is imperative that a log of everyone that had access exists to track down how the disclosure may have occurred.  This is not an academic issue – it has happened in other cases and the log was necessary to identify how the inadvertent disclosure occurred and how to limit harm.  We are at an impasse on this provision.

Section 11(j) – Apple can agree to limiting the number of reviewers to 15, but a limit must exist for the same reasons as above.  Having too many people reviewing the source code increases risk of inadvertent disclosure that is not acceptable.  If Masimo insists on no limit or wants a higher limit, we are at an impasse on that issue as well.

Section 11(k) –  Apple does not agree.  Asking for sections of the source code to be brought to a deposition is not a tremendous burden.

Section 11(l) – Apple does not agree for the same reasons we discussed for 11(i).  We need a log of everyone that has seen the source code.  We are at an impasse on this provision.

**__Please confirm that we are exchanging final Protective Orders at 4 pm.__**  5 pm also works if that is better for your team.  Please let us know soon.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 9:41 AM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.

<[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Rosenthal, Brian A. <[BRosenthal@gibsondunn.com](mailto:BRosenthal@gibsondunn.com)>; Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>; Morgan, Tracy A. <[TMorgan2@gibsondunn.com](mailto:TMorgan2@gibsondunn.com)>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I agree with your position below.  So we are fine with your edits, so long as we make a few further non-controversial nits to make clear the point in your email below:

9.2(g): "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, ~~or other information~~ other documents, or sworn witness testimony."

Like I said, these should be non-controversial given that they just clarify the sentiment in your email below.  So it seems we have agreement here and can drop any dispute about Section 9.2(g).

I'll be back in touch at around 11 with our final positions on the source code document you sent over- we agree with some, and disagree with others.  Per our conversation last week about procedure, let's plan to exchange our respective versions of the competing protective orders today- how about at 4 pm PT, which gives us both a few hours to finalize before exchanging?  Please confirm that works for you.

Thanks,
Ilissa
**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

---

**From:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Sent:** Thursday, June 11, 2020 12:35 PM
**To:** Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

I think it would need to be testimony that an individual had access to the information at issue, either by having access to that document or another document containing the same information.  I don't think general testimony that an individual had access to a broad category of documents alone would be enough.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, June 10, 2020 3:06 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Would "sworn witness testimony" have to be about the specific document at issue, or are you saying, for example, that if a witness testified that Joe saw a certain category of documents (within which the document at issue falls), that's sufficient?

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 6:10 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa - I am still checking with my team on this, but here is a small change to the language we discussed today to cover situations where another document shows the individual had access.  In the interest of time, please ask your team to look at this version.

9.2(g): "the author, recipient, or custodian of a document containing the

information, or any other individual who appears to have had access to the
information based on the face of the document, the document's metadata, ~~or
other information~~ other documents, or sworn witness testimony."

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 9, 2020 4:54 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Will do.  Thanks.

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 4:48 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;

Morrison, Haley S. <HMorrison@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Sure.  Let's talk at 5pm.  Please use the following dial in number:

Phone number: 877-678-4585
Room #: 950-412-397

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 9, 2020 4:30 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Apologies my day got away from me.  Any chance you are free to speak within the next hour (4:30-5:30)?

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 9:04 AM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrison, Haley S. <HMorrison@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

It appears we are at an impasse on the other issues.  However, we are open to discussing further if you have other ideas.  My schedule is fairly open today, so please let me know if you would like to arrange a call to discuss.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 8, 2020 8:25 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrison, Haley S. <HMorrison@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Do you have a response to the other items below that do not relate to source code?  Or

are we to assume that your failure to address them signals that the parties are at an impasse?

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 8, 2020 5:38 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Ilissa,

In the interest of compromise, we again attempted to redline Apple's source code provisions (Sections 4.5 and 11) in the attached document.  Please let us know if Apple agrees.  If the parties are unable to reach an agreement, we reserve the right to revert back to our prior proposals, which track Judge Early's language from the *True Wearables* case.

We continue to disagree with your suggestion that Plaintiffs are the source of any delay.  We are trying to move this forward as quickly as possible and proposed the 7-day turnaround to eliminate inequities that result from one parties' time running over a weekend.  We suggest a mutual four business-day turnaround after the parties reach an impasse on all issues.  Please let us know if Apple agrees.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 5, 2020 7:44 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Apple's responses are in line below.

In terms of schedule, we do not understand why Plaintiffs need 7 days to prepare their submission, particularly given that the parties have been engaged in meet and confers about the issues in dispute for weeks now.  Plaintiffs are, and have been, well aware of the disputes.  We don't see any reason to continue to delay bringing this protective order to the Court's attention.  How about we compromise on 5 days per party?

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, June 3, 2020 4:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark

<[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>;
Perry.Oldham <[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson
<[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen <[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>;
Morrisson, Haley S. <[HMorrisson@gibsondunn.com](mailto:HMorrisson@gibsondunn.com)>; [Joe.Re](mailto:Joe.Re) <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>;
[Masimo.Apple](mailto:Masimo.Apple) <[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>; Morgan, Tracy A.
<[TMorgan2@gibsondunn.com](mailto:TMorgan2@gibsondunn.com)>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

[External Email]
Ilissa and Brian,

Thank you for discussing this matter with me today.  Below is a summary of our
conversation.

**Section 3**: Plaintiffs believe Judge Early will not agree with Apple's changes to his
model.  We will not include Apple's edits in our draft, but we will indicate that we do
not oppose the changes if the Court deems them acceptable.

As I noted on our call, we do not understand why Plaintiffs insist on having this
undisputed issue eat up space in the filing.  If Plaintiffs do not oppose the changes, why
not just agree to them so we can narrow the issues in dispute that the Court must
consider (since there are many)?

**Section 4.5**: Plaintiffs continue to disagree with Apple's definition of "source code," as
including information that is not source code.  In the interest of compromise, we could
agree to the following definition of source code if it resolves this issue: "extremely
sensitive 'Confidential Information or Items' representing computer code, scripts,
assembly, binaries, object code, source code listings (e.g., file names and path
structure), source code comments, object code listings, and Hardware Description
Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design
of any ASIC or other chip, disclosure of which to another Party or Non-Party is likely to
cause harm or significant competitive disadvantage to the Producing Party."

Masimo's proposed compromise is still not agreeable to Apple.  First, descriptions of
source code in internal documents and emails can and often do reveal important
details about how the source code operates and thus deserves the same level of
protection as the source code itself.  Thus, limiting the provision to only source code
comments is not sufficient.  Second, CAD files are complex sets of data that must be
rendered by a CAD review tool.  Therefore, having CAD files on a source code review
computer with software to render those files is the way Apple believes is most efficient
and protective of the material.  CAD files do not render well into TIF or PDF and Apple
will not agree to produce those files natively due to how sensitive and confidential they
are.  Again, CAD files are source code in the sense that they are computer files
designed to be rendered and interpreted by software and thus are source code and

should be categorized as such.

**Section 5.1**: Plaintiffs agree to Apple's proposal.  The parties have no dispute on this section.

Agreed.

**Section 5.5 and 6**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

We are at an impasse on this issue.

**Section 7.1**: The parties agreed to strike the sentence beginning with "The Designating Party must designate," but retain the sentences beginning with "Mass, indiscriminate" and "If it comes to a Designating Party's attention."  The parties have no dispute on this section.

Agreed.

**Section 7.2(d)**: We agree with Apple that "altered" means information that was altered after production of a native file before printing.  The parties have no dispute on this section.

Thank you for confirming.  Agreed.

**Section 8.1**: Plaintiffs explained they are proposing the parties abide by Judge Early's model to avoid disputes as to whether this paragraph imposes additional burdens beyond LR 37-1.  Please let us know if Apple agrees.

In the interest of compromise, Apple will agree to delete the additional language.  The parties now have no dispute on this section.

**Section 9.1 (1st paragraph):** Apple indicated it would agree to our changes to this section if we agreed to Apple's version of Section 5.1, which Plaintiffs have done.  Thus, the parties have no dispute on this section.

Agreed.

**Section 9.1 (2nd paragraph)**: Plaintiffs disagree with Apple's edits, which impose burdens beyond those required by U.S. Export Administration Regulations.  For example, Apple's proposal would prevent the parties from using a Canadian national who lives in the U.S. as an expert, or taking depositions in Canada.  We understand Apple's concern is that it wants an opportunity to object if it believes Plaintiffs will misinterpret U.S. Export Regulations.  As a compromise, we could agree to add the following to the end of our proposal if it resolves the issue: "Before exporting

Designating Material or providing Designating Material to a foreign national, the Receiving Party will provide notice to the Producing Party of the country and/or foreign national to which it intends to export information to allow the Producing Party an opportunity to object.  If the parties are unable to agree, the Producing Party may move the Court for a protective order."  Please let us know if Apple agrees.

Apple does not agree.  Your proposal places the burden on Apple if there is disagreement, which we believe is inconsistent with the export regulations.  Perhaps if Plaintiffs would tell us more about what they plan to do that would run afoul of Apple's proposed language, we could work out a compromise here.  But in the absence of additional information, we are going to need to insist on Apple's proposed language.

**Section 9.2 (b)**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

We are at an impasse on this issue.

**Section 9.2 (c)**: The parties agreed to use the term "person" instead of "Person" in the "Pre-Access Disclosure Requirements" section to avoid ambiguity since "Person" is undefined.  The parties agreed to Plaintiffs' other edits in subparagraph (iv).   The parties disagree on Apple's proposal regarding an ongoing disclosure requirement.

In the interest of compromise, Apple will drop the ongoing disclosure requirement.  The parties now have no dispute on this section.

**Section 9.2(f)**: As discussed, this provision is necessary because Consilio indicated it intends to work for Apple in this case even though it worked for Plaintiffs in the True Wearables case.  You agreed to ask Apple whether it will use Consilio in this case.

We disagree with this provision.  As noted previously, we have never seen a provision like this before and we do not believe this is a protective order issue.  Vendors work across parties all the time.  Can you please provide authority for the provision you are requesting?

**Section 9.2(g)**: Plaintiffs suggest the following compromise if it resolves the issue: "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the information based on the face of the document, or the document's metadata, or other information."  Please let us know if Apple agrees.

With the edits in red above, Apple will compromise on this approach.  Apple cannot agree to the "or other information" language, which continues to present the same problem we raised on our call that prompted these edits (i.e., it must be discernable from the face of the document or the document's metadata, otherwise it is impossible to police).

**Section 9.2(h)**: Plaintiffs explained that this paragraph (which is in Judge Early's model) applies only to "Confidential" information and not AEO or Source Code information. Please let us know if Apple agrees to Plaintiffs' proposal.

<span style="color:red">We are at an impasse on this issue.</span>

**Section 9.3**: Plaintiffs disagree with Apple's edits.

<span style="color:red">We are at an impasse on this issue.</span>

**Section 10**: Plaintiffs disagree with Apple's edits

<span style="color:red">We are at an impasse on this issue.</span>

**Section 11**: Plaintiffs disagree with Apple's edits

<span style="color:red">We are at an impasse on this issue.</span>

**Section 14**: Plaintiffs agree to change "designate" to "maintain."  The parties have no dispute on this section.

<span style="color:red">Agreed.</span>

**Section 16.5:** Plaintiffs continue to object to this paragraph as overbroad.  Plaintiffs are willing to agree that the Protective Order applies to the Parties, anyone who obtains access to the Protected Material, and their successors.  Please let us know if Apple agrees.

<span style="color:red">In the interest of compromise, Apple will agree to Plaintiffs' proposal.  The parties now have no dispute on this section.</span>

**Section 16.7:** Plaintiffs explained that their edits are necessary because some disputes with third parties (e.g., a motion to quash a subpoena) may need to be resolved in other jurisdictions.  We suggested the parties agree that disputes between the parties be resolved by the Central District.  Please let us know if Apple agrees.

<span style="color:red">In the interest of compromise, Apple will agree to Plaintiffs' proposal.  The parties now have no dispute on this section.</span>

**Section 16.8**: Plaintiffs explained that this provision is problematic because the Protective Order changes many discovery rules.  For example, the Protective Order provides more protection for inadvertently produced privileged information.  Please let us know if Apple agrees to remove this paragraph.

Apple disagrees with Plaintiffs' position.  Nonetheless, in the interest of compromise, Apple will agree to drop this provision.  The parties now have no dispute on this issue.

**Section 17 (first sentence)**: Plaintiffs' proposal is consistent with Judge Early's model and avoids disputes as to when exactly "Final Disposition" occurred.  Apple agreed to consider our proposal.

We do not understand the insistence on written notice.  This seems to be an effort to elevate form over substance, and to impose unnecessary burdens on *all parties*, who already know that they will want their highly sensitive information, including source code, returned or destroyed at the end of this action.  We ask you to reconsider this issue, particularly in light of how many compromises we have made above.  If you will not reconsider dropping the written notice requirement, we will have to brief this issue too.

**Section 17 (source code)**: Plaintiffs asked for Apple's position on this change, which is intended to use the defined term in order instead of the undefined term "Source Code."  You thought this change seemed fine, but will follow up.

This is fine.  The parties have no dispute on this issue.

Please let us know Apple's position on these issues by close of business tomorrow.  We will similarly agree to respond to any remaining issues in one business day.  When the parties reach an impasse on all remaining issues, we suggest Plaintiffs provide their portion of the joint stipulation within 7 days, Apple respond with its portion within 7 days, and the parties file the motion the next day.  Please let us know if Apple agrees.

Thanks,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 7:30 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>;

Morgan, Tracy A. <[TMorgan2@gibsondunn.com](mailto:TMorgan2@gibsondunn.com)>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Speak to you then.

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


On Jun 2, 2020, at 6:33 PM, Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)> wrote:

 [External Email]
9am works for me.  Please use the dial in number below.

Phone number: 877-678-4585
Room #: 950-412-397

Best regards,
Adam


**Adam Powell**
Partner
**858-707-4245** Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>
**Sent:** Tuesday, June 2, 2020 5:51 PM
**To:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Cc:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>; Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>; Buroker, Brian M. <[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Perry.Oldham <[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson <[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen <[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; Morrisson, Haley S. <[HMorrisson@gibsondunn.com](mailto:HMorrisson@gibsondunn.com)>; Joe.Re <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>; Masimo.Apple <[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>; Morgan, Tracy A. <[TMorgan2@gibsondunn.com](mailto:TMorgan2@gibsondunn.com)>

**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

I am tied up at 10.  Can we speak at 9?

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 ● Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

> On Jun 2, 2020, at 5:45 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> Ilissa,
>
> I think many of these issues are more easily addressed over the phone.  Are you available to talk at 10am pacific tomorrow?  If not, please let me know when you are available.
>
> Thanks,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
> ---
>
> **From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Sent:** Saturday, May 30, 2020 10:27 AM
> **To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>
> **Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re

<Joe.Re@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam:

Here is a summary of our comments to your edits.  You are correct that there are many areas where the parties have reached an impasse, but I've flagged where Apple is willing to compromise to narrow issues in dispute and I am hopeful that Plaintiffs will do the same, so that we can tee up a limited number of key disputes for the Court.  While we recognize that the process has delayed on both sides, we would appreciate if you could do your best to get back to us by COB on Tuesday, June 2 (if not before) on the below so that we can move this forward expeditiously since the process has dragged on long enough.  Thank you.

PO Section 3:  Apple disagrees with Plaintiffs' deletion.  This case will involve the production of source code, trade secrets, and highly confidential and competitive information.  The designation of such materials shall raise a presumption of good cause for filing under seal—and, quite frankly, we are surprised that Plaintiffs would want this any other way.

PO Section 4.5:  Apple disagrees with Plaintiffs' edits.  Is the issue here CAD files and associated limitations on printing?  If that's the issue, let's discuss, as it seems the parties should be able to resolve this dispute if so.

PO Section 5.1:  Apple disagrees with Plaintiffs' edits.  Apple's language tracks the N.D. Cal's MPO for cases involving patents and trade secrets.  Apple's language also reflects the standard scope of protective orders in nearly all cases—i.e., protected material should be used or disclosed only for purposes of prosecuting, defending, or attempting to settle the *present* litigation.

PO Sections 5.5 & 6:  It seems silly to spend time arguing about how confidential material shall be handled at trial.  In the interest of efficiency, we suggest that the parties drop the provisions pertaining to treatment at trial and agree to Paragraph 3 from the N.D. Cal's MPO for cases involving

patents and trade secrets:  "Any use of Protected Material at trial shall be governed by a separate agreement or order."  The parties will reserve all their rights with respect to treatment at trial; we will just agree to defer the issue for now, to be taken up in a separate agreement or order down the road.

PO Section 7:  Apple will not agree to the following language, which is incredibly burdensome and unprecedented in a case involving a high volume of ESI:  "The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order."  Again, we do not understand why Plaintiffs would want to take on this immense burden with respect to every piece of ESI flagged for production by Plaintiffs in this case.
If a provision of this type is important to Plaintiffs, Apple will agree to the following compromise provision, limited to written discovery responses:
Partial Designation of Written Discovery.  Where only certain information in a written discovery response meets the requirements for the confidentiality designations listed in Paragraph ___, the Producing Party may so designate that information by marking the first page of the document and every page on which confidential information appears as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion of a page contains Protected Material, the Producing Party must produce two copies of the discovery response – one with the Protected Material redacted, and one with the pages containing Protected Material marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

PO Section 7.2(b):  Apple is willing to accept Plaintiffs' edits.

PO Section 7.2(d):  Apple is generally willing to accept Plaintiffs' edits – but we should make sure we are on the same page of the meaning of "altered."  Sometimes documents are modified in the natural course of an email exchange.  We assume that would *not* be covered by the definition of "altered"—and that by "altered" you mean

modified or changed by the litigators for purposes of the deposition or proceedings.  But please clarify if that was not your intent.

PO Section 8.1:  What is the rationale for deleting the requirement that the parties identify the documents or information that they contend should be differently designated and the ground for the objection?  Isn't that the nature of a good faith meet and confer?  Without such information, there would be no possible way for the parties to even attempt to resolve the issue without court intervention.

PO Section 9.1:
- First paragraph:  Apple can only agree to Plaintiffs' edits here if Plaintiffs drop their edits to Section 5.
- Second paragraph:  We are confused by the edits. Apple's data needs to stay in the United States and be subject to U.S. export controls.  Are Plaintiffs pushing back because they intend to export Apple data?
- Fourth paragraph:  Apple is willing to accept Plaintiffs' edits.

PO Section 9.2(b):  Apple disagrees with Plaintiffs' edits.

PO Section 9.2(c):
- Apple is willing to accept Plaintiffs' proposed language about an expert's staff.
- Apple rejects Plaintiffs' substitution of "expert" for "person" (please share the rationale here, because it doesn't make sense to us).
- Apple is willing to accept Plaintiffs' "past five years" language addition.
- Apple is willing to compromise with the following change to the language Plaintiffs struck:  During the pendency of and for a period of one (1) year after the Final Disposition of this action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation, or patenting of non-invasive physiological monitoring technologies, or the acquisition of intellectual property assets relating to non-invasive physiological monitoring technologies.

PO Section 9.2(f):  Apple disagrees with Plaintiffs' edits.  We have never seen any language like this before, are not aware of any precedent for it, and do not see a reason why it should be entered in this case.

PO Section 9.2(g):  Apple is willing to accept the red portion of the following language Plaintiffs added; Apple will not agree to the black portion of the language Plaintiffs added (it would be impossible to discern):  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

PO Section 9.2(h):  Apple disagrees with Plaintiffs' edits.  This appears to be a blatant attempted end run around other provisions.  Why would we agree to let, for example, third parties see Apple source code simply because they sit for a deposition and sign a PO?  This is another provision of the type we have never seen before and we are not aware of any precedent for it.

PO Section 9.3:  Apple disagrees with Plaintiffs' edits.

PO Section 10:  Apple disagrees with Plaintiffs' edits.

PO Section 11:  Apple disagrees with Plaintiffs' edits.

PO Section 12 (intro para):  Apple is willing to accept Plaintiffs' edits.

PO Section 12 (c):  Apple is willing to accept Plaintiffs' edits.

PO Section 14:  Apple is willing to accept Plaintiffs' edits if we can agree to change "designate" to "maintain" ("designate" seems to impose a new obligation, whereas this provision is talking about the right to maintain a prior designation despite any inadvertent disclosure).

PO Section 16.5:  Apple disagrees with Plaintiffs' deletion.

PO Section 16.6:  Apple is willing to accept Plaintiffs' deletion.

PO Section 16.7:  Can you please explain the rationale here?  It seems more efficient for everyone to agree that the same

Court hearing this case and entering the Protective Order will have jurisdiction over disputes that arise under that Protective Order.  What are we missing?

<u>PO Section 16.8</u>:  Can you please explain Plaintiffs' concern here?  All this provision says is that the discovery rules remain unchanged.  Unless we are missing something, that seems to be in everyone's' interest.

<u>PO Section 17</u>:  Apple is willing to accept Plaintiffs' modification to 60 days if Plaintiffs will remove the written notice requirement.  We already know that the parties are going to be producing sensitive documents that they will want destroyed or returned at the end of the litigation.  Why require the formality of a written request to trigger return or deletion?  Automatic return or deletion is standard, including under the N.D. Cal's MPO for cases involving patents and trade secrets.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6364
<u>ISamplin@gibsondunn.com</u> • <u>www.gibsondunn.com</u>

---

**From:** Kaounis, Angelique
**Sent:** Friday, May 29, 2020 7:36 PM
**To:** Adam.Powell <<u>Adam.Powell@knobbe.com</u>>
**Cc:** Lyon, H. Mark <<u>MLyon@gibsondunn.com</u>>; Lerner, Joshua H. <<u>JLerner@gibsondunn.com</u>>; Samplin, Ilissa <<u>ISamplin@gibsondunn.com</u>>; Buroker, Brian M. <<u>BBuroker@gibsondunn.com</u>>; Perry.Oldham <<u>Perry.Oldham@knobbe.com</u>>; Stephen.Larson <<u>Stephen.Larson@knobbe.com</u>>; Steve.Jensen <<u>Steve.Jensen@knobbe.com</u>>; Morrisson, Haley S. <<u>HMorrisson@gibsondunn.com</u>>; <u>Joe.Re</u> <<u>Joe.Re@knobbe.com</u>>; Masimo.Apple <<u>Masimo.Apple@knobbe.com</u>>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Hi Adam,
Thanks for your email.  We plan to get back to you this weekend.
Have a nice weekend.
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, May 28, 2020 5:30 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Angelique,

I am writing to check on the Protective Order.  Please let us know when Apple expects to provide its response.

Thanks,
Adam

**Adam Powell**
Partner
**858-707-4245 Direct**
**Knobbe Martens**

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Wednesday, May 20, 2020 5:17 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Angelique,

Attached are our edits to the Protective Order after accepting Apple's redlines.  The parties may have reached an impasse on some issues, but we hope the parties can agree on other issues to narrow the dispute.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Tuesday, May 19, 2020 5:44 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Angelique,

We will respond as soon as we can.  We note that Apple took 13 days to respond to our last draft, but you sent this email only 5 days after Apple sent its draft to Plaintiffs.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245** **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, May 18, 2020 8:19 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** FW: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,
I am writing to follow up on the below email and attached draft PO.  Can you please let us know when we should expect Plaintiffs' responses to our comments?
Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique

**Sent:** Wednesday, May 13, 2020 1:50 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Below please find Apple's responses to Plaintiffs' last redlined draft of the stipulated protective order.  We have accepted many of Plaintiffs' suggested edits and also proposed compromise language in several cases.  However, there are some provisions for which Apple does not agree to Plaintiffs' suggested edits.  As to those, we request that Plaintiffs revisit their position and state if there is any compromise they are willing to accept, and if so, the terms of that proposed compromise.
Thanks very much,
Angelique

| PO | Plaintiffs' Proposal | Apple's Response |
|----|----------------------|------------------|
| 1 | Plaintiffs changed wording to clarify that the PO applies to disclosures under Rule 26. | Apple accepts Plaintiffs' edit. |
| 2 | Plaintiffs inserted "or any applicable authority" to clarify that a protective order can be entered pursuant to Rule 26(c) or "any applicable authority." | Apple accepts Plaintiffs' edit. |
| 3 | Plaintiffs deleted section about designation of Source Code or AEO material as being presumptively good cause for filing under seal.  Plaintiffs | Apple accepts Plaintiffs' edits, with Apple's modifications— i.e., (1) deleting |

|  | also added paragraph regarding filing under seal for dispositive motions or trial. | the "compelling reasons" language in the first paragraph since we think it can be read to imply a higher burden w/r/t non-dispositive motions; (2) rejecting the proposed deletion of the source code language; and (3) adding "in connection with a dispositive motion or trial" to the second paragraph to clarify. |
|---|---|---|
| 4.4 | Plaintiffs deleted the word "economic" before the word "harm" in the definition of AEO material. | Apple accepts Plaintiffs' edit. |
| 4.5 | Plaintiffs modify the definition of "Highly Confidential - Source Code."  Plaintiffs also deleted the word "economic" before the word "harm" as they did in paragraph 4.4. | Apple agrees to delete the word "economic" before the word "harm."  Apple does not agree to the modification of the definition of "source code" and asks Plaintiffs to reconsider Apple's original definition. |
| 4.12 & 4.13 | Plaintiffs removed the qualifiers "to whom it is | Apple accepts Plaintiffs' edits. |

| | | |
|---|---|---|
| | reasonably necessary to disclose the information for this litigation" when discussing which support staff should have access to protected materials. | |
| 5.1 | Plaintiffs modified the scope of the PO so that any protected materials could be used in "other cases or proceedings involving the parties." | Apple does not accept Plaintiffs' suggested edits and requests that Plaintiffs reconsider Apple's original language. Apple's original language restricted use of protected material to this case and any affiliated appeals, and prohibited use of the documents in patent prosecutions, reexaminations, or any other competitive purpose. This is a standard provision. |
| 5.3 | Plaintiffs included new language (in red):  "Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose." Plaintiffs deleted the following stricken language:  "Nothing in this Protective Order shall | Apple accepts Plaintiffs' edit. |

| | | prevent or restrict a Producing Party's own disclosure or use of its own Protected Material ~~for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.~~" | |
|---|---|---|---|
| 5.4 | | Plaintiffs suggested new language:  "This Order does not preclude any Party or Non-Party from using Protected Material for any purpose with the consent of the Producing Party or by order of the Court." | Apple would be willing to accept this language if "for any purpose" is deleted. |
| 5.5 (paragraph 1) | | Plaintiffs make various word changes to this paragraph, which deals with the ability of the parties to ask the Court to modify the PO. | Apple accepts Plaintiffs' edits. |
| 5.5 (paragraph 2) | | Plaintiffs insert the following two sentences:  "Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial." | Apple does not agree to Plaintiffs' insertion of this paragraph. This provision can be read to suggest that the PO would not govern protected material once the parties got to trial. |
| 6 | | Plaintiffs modify this paragraph, which governs the duration of the PO, to include the following: "Once a case proceeds to trial, information that was designated or maintained pursuant to this protective order used or | Apple proposes the following compromise language: "The Party seeking admission of any protected material into |

| | | |
|---|---|---|
| | introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record)." | evidence at trial shall be required to satisfy applicable filing under seal requirements of the trial court for any information that was designated or maintained pursuant to this protective order that is used or introduced as an exhibit at trial." |
| 7 | Plaintiffs modify this provision (at 7.1), which governs the designation of protected material, to include the following: "==Exercise of Restraint and Care in Designating Material for Protection==. ==Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.== The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted | Apple proposes the following compromise language (same as highlighted): "Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under |

| | | | |
|---|---|---|---|
| | | are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate or routinized designations are prohibited.  <mark>Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.</mark>  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation." | the appropriate standards. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions." |
| 7.2(b) | | Plaintiffs change the requirements for how deposition transcripts should be designated when they involve protected material and delete language precluding certain individuals from attending a deposition. | Apple does not accept Plaintiffs' edits. Apple's language is important for ensuring that anyone who picks up the transcript or reviews the video of the deposition is fully aware that it has been designated as protected.  It also contains important provisions regarding the |

| | | |
|---|---|---|
| | | exclusion of individuals from the deposition who do not have authority to access protected material. However, we are willing to modify Apple's language slightly (as shown in the attached) so that the phrase "shall be marked" instead says "shall be designated pursuant to the terms of this Protective Order and identified . . ." |
| 7.2(d) | Plaintiffs deleted this paragraph concerning production and use of electronic files, stating that they believe it was covered by the ESI stipulation. | Apple will agree to delete the first sentence of this paragraph ("for electronic files . . . . produced in electronic format") because that is in the ESI stip. However, we need to keep Apple's language for the rest of the paragraph.  The |

| | | ESI stipulation does require the parties to include "confidential" in the file name of a native file that is confidential – but nothing else in this paragraph (starting with "When electronic files or documents are printed for use at deposition…") is in the ESI stip. Restrictions on the use of files at depo and the rest of the paragraph are properly (and traditionally) in a PO, so they should not be removed. |
|---|---|---|
| 7.3 (mislabeled as 7.2) | Plaintiffs deleted what was formerly paragraph 16, which also dealt with inadvertent failures to designate protected materials, and consolidated the paragraph here. | Apple cannot accept Plaintiffs' proposal wholesale because the proposal omits important language from Apple's Model. Please see proposed compromise language in |

| | | attached document. |
|---|---|---|
| 7.3 (mislabeled as 7.2) | Plaintiffs deleted a paragraph regarding when a Receiving Party is in possession of materials that the Producing Party inadvertently failed to previously designate as such. | Apple does not accept Plaintiffs' proposed deletion and requests that Plaintiffs reconsider Apple's original language. |
| 8.1-8.2 | Plaintiffs modified the dispute procedures to delete some of the language that came from Apple's PO, stating that L.R. 37-1 already covered disputes. | Apple's language and L.R. 37-1 are complementary and Apple's language serves to clarify and bolster L.R. 37-1's purpose. Nonetheless, Apple proposes the following compromise language: "Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in Local Rule 37-1 and shall particularly identify the documents or information that the Receiving Party contends should be differently |

| | | designated, and shall state the grounds for the objection." ~~"If the parties are unable to resolve the challenge,~~ ~~t~~The~~It~~ shall be the responsibility of the Challenging Party to~~shall~~ initiate the dispute resolution process under Local Rule 37-1 et seq." |
|---|---|---|
| 9.1 (second paragraph) | Plaintiffs deleted provisions referring to export regulations. | Apple does not agree to Plaintiffs' deletion of these provisions and requests that Plaintiffs reconsider Apple's original language. These are standard provisions that address legitimate security concerns. |
| 9.1 (third paragraph) | Plaintiffs re-word Apple's language regarding restrictions on the use of material that a Receiving Party obtains from a source other than the Producing Party in this litigation. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs |

| | | reconsider Apple's original language. Plaintiffs' language would invite more disputes than Apple's, which is more specific than Plaintiffs'. |
|---|---|---|
| 9.2(b) | Plaintiffs suggest a revision as to who has access to protected material. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| 9.2(c) | Plaintiffs revise the requirements for experts' access to protected materials. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' proposed language is too vague in certain areas, does not include the provision of information that is critical to Apple (e.g., the person's current employer and title), does not include patent |

| | | | prosecution and other proceedings, does not include time limits for objections, etc. It also deletes the requirement that the expert is not presently an officer, director, employee of a Party or of a competitor of a Party and deletes the requirement for disclosures related to patents of that expert. |
|---|---|---|---|
| 9.2(g) | | Plaintiffs added language allowing the author or recipient of a document containing protected material to be shown the material. | Apple does not agree to Plaintiffs' proposed language for the reasons discussed on our call. |
| 9.2(h) | | Plaintiffs added language allowing anyone to be shown protected material during a deposition so long as they agreed to be bound by the PO. | Apple does not agree to Plaintiffs' proposed language.  This language does not provide any mechanism for the producing party to have an opportunity to object to disclosure to an |

|  |  | individual that should not see the producing party's confidential information, like someone that is a competitive decision-maker with a competitor or supplier. |
| --- | --- | --- |
| 9.3 | Plaintiffs modified who can see AEO material to those who are not "competitive decision-makers of a Party." | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| 10 | Plaintiffs revised the prosecution bar language. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' proposed language does not adequately protect Apple from the risk of misuse of its confidential information during acquisitions, during post- |

| | | grant proceedings and other circumstances as compared to Apple's proposed provision. |
|---|---|---|
| 11 | Plaintiffs revise the paragraph regarding Source Code. | As a compromise and to address Plaintiffs' articulated concern, Apple proposes a modification for the amount of source code that can be printed (15 consecutive pages and 200 pages in the aggregate). As to the rest of Plaintiffs' proposed language, Apple does not agree to it and requests that Plaintiffs reconsider Apple's original language. |
| 12 | Plaintiffs revision: "If a Party is served with a ~~subpoena by any court, arbitral, administrate or legislative body~~ or a court order issued in other litigation that ~~requests or~~ compels disclosure of any Protected Material, that Party must . . ." | Apple does not agree to Plaintiffs' proposed language and request that Plaintiffs reconsider Apple's original language. The |

|  |  | stricken language is important. Apple needs to know if a party is served with a discovery request in an arbitration, for example. |
| --- | --- | --- |
| 12(c) | Plaintiffs deleted a requirement that the designating party seek a protective order within 10 days of a full written notice of subpoena. | Apple does not agree to Plaintiffs' proposed edit. This provision encourages the Designating Party to act diligently. |
| 14 | With respect to the unauthorized disclosure of protected material, Plaintiffs propose adding the following revisions to subsection (d) and the sentence after that:  ". . . (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.  A Receiving Party's unauthorized or inadvertent disclosure does not change the status of Discovery Material or alter a Producing Party's waive the right to designate hold the disclosed document or information as Protected Material." | Apple accepts the addition of subsection (d), but does not agree to the alterations in the last sentence. |
| 16 | Plaintiffs attempted to incorporate this paragraph | Apple will agree to delete this provision only if Plaintiffs incorporate the missing |

|  | into paragraph 7.3 discussed above. | provisions into paragraph 7. Please see response regarding paragraph 7.3. |
|---|---|---|
| 17.5 & 17.6 | Plaintiffs delete these paragraphs. | Apple does not agree to Plaintiffs' wholesale deletion of these paragraphs. |
| 16.5 (formerly 17.7) | Plaintiffs deleted a provision designated C.D. Cal. as the jurisdiction responsible for interpreting and enforcing the PO. | Apple does not agree to Plaintiffs' deletion of these standard sentences. |
| 17.8 | Plaintiffs deleted the provision that states that nothing in the PO modifies the discovery rules. | Apple does not agree to Plaintiffs' deletion of this paragraph. This is in the PO for clarity and should remain. |
| 17 (formerly 18) | Plaintiffs modify the disposition of records so that the requirement is triggered only when a Designating Party serves a written request, rather than automatically after final disposition. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| 17 (formerly 18), penultimate sentence | Plaintiffs modified this provision so that experts are only required to return or destroy any material that is designated as "HIGHLY CONFIDENTIAL - SOURCE CODE." | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs |

| | | reconsider Apple's original language. Apple's language required return of any materials that qualified as "Source Code." This would include, for example, notes that the expert took of source code. |
| --- | --- | --- |

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 30, 2020 12:42 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Angelique,

Attached are our edits to the Protective Order.  Please let us know if you have any questions.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Tuesday, April 28, 2020 12:47 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Angelique,

We disagree with your email below.  We identified numerous problems with Apple's prior draft.  Apple added much of that same language to Plaintiffs' draft without even discussing the matter with Plaintiffs.  By contrast, we are trying to understand your changes and possibly reach an agreement before outright rejecting the changes.  We look forward to discussing these issues at 3:30pm.  Please use the dial in number below:

Phone number: 877-678-4585
Room #: 950-412-397

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, April 28, 2020 8:49 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,
Thanks for your email.  We can speak at 3:30 pm Pacific today.  Please circulate a dial-in.
The record is clear regarding the history of this meet and confer.  Plaintiffs were unwilling even to comment on two versions of the draft Protective Order that Apple previously sent.  After we sent you a mark-up of Plaintiffs' draft, Plaintiffs still appear to be unwilling to mark up that draft.
Apple reserves all rights.
Thanks,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 27, 2020 8:11 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen

<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]
Angelique,

Thank you for your email.  We note that Apple took 17 days to provide the initial draft protective order on Friday, March 27.  We responded two business days later asking Apple to use Judge Early's order as a model.  When Apple refused, we prepared a draft based on Judge Early's model and sent it to Apple promptly on April 6.  Apple then took 10 days to provide its edits.  The edits Apple provided contain extensive changes, most of which appear problematic.  We started redlining edits, but it ended up changing most of the draft back to the way we had it.  The parties will likely need to submit competing proposals, but we would like to meet one more time to try to understand why Apple made a number of changes and see if we can reach an agreement.  Please let us know when you are available to talk over the next few days.  I am generally free after 3pm on Tuesday or Wednesday.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, April 27, 2020 2:41 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,
It has been 11 days since we sent you Apple's redline of the proposed Protective Order.  When will Plaintiffs be providing responses to our comments?
Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Thursday, April 16, 2020 9:00 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your letter, which per my below email is premature since as promised, I am attaching Apple's redlines to the proposed protective order you sent us. Please review this draft and provide comments to this draft—something Plaintiffs were unwilling to do with regard to either of the drafts we sent you on March 27 and April 3.  After you have reviewed and commented on the draft, we would be happy to set up a meet and confer to discuss next week.

In the meantime, in my brief review of your letter, I noted that you have once again misstated the facts of our meet

and confer call on March 10.  During that call, we specifically raised the fact that we would provide a draft PO based on our/Apple's experience, and that it would be faster if we provided that to you first.  In response, someone from your side requested that we take into consideration any material provisions from Judge Early's Model Order, which we did.  Apple reserves all rights to further respond to your letter and to make additional edits to the draft PO.

Thanks very much,
Angelique


**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 16, 2020 6:21 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

Please see my attached letter.

Best regards,
Adam


**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Wednesday, April 15, 2020 10:39 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,
Thanks for your email.  We expect to send you a redlined draft in the next day or so.
Thanks,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, April 15, 2020 3:44 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]

Angelique,

We are writing to follow up on your email below.  Please let us know when you expect to send us the draft protective order.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Thursday, April 9, 2020 12:11 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  As explained in my prior email, we stated on the March 10 call that Apple had a model PO that we would modify for purposes of this case.  We did, including by considering the provisions of Judge Early's model PO.  Rather than comment on Apple's draft, Plaintiffs simply rejected it.  When we attempted to address Plaintiffs' articulated concern regarding reciprocity of the patent prosecution bar, Plaintiffs still refused to comment on Apple's draft—instead insisting that the parties essentially start from scratch, using Judge Early's model PO.

In light of Plaintiffs' unwillingness to use Apple's model PO, we will, as soon as practicable, send you an updated version of the draft PO that you sent us with Apple's proposed redlines.  That draft should address most, if not all of the points you raise below.

thanks very much,
Angelique


**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, April 8, 2020 7:04 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

Your summary of our March 10 meet and confer is not consistent with our recollection.  We specifically said that the parties needed to use Judge Early's protective order as a model and stated that we would prepare a draft.  We agreed to Apple preparing the initial draft only because we understood Apple agreed to use Judge Early's protective order as a model.  We recently had a Magistrate Judge in the Central District refuse to enter a Protective Order because it did not follow that Magistrate Judge's model order, resulting in significant delay and wasted resources.  We do not want to risk the same thing happening in this case.

Additionally, your proposal continues to contain numerous objectionable and non-reciprocal provisions, including the prosecution bar issue discussed below.  You claim to have made the patent bar reciprocal, but it still applies only to

"any person on behalf of the **Plaintiffs** who receives" designated material.  We object to Apple's proposal for many reasons, including:

1. Apple's proposal does not use Magistrate Judge Early's order as a model.

2. Apple's proposal lacks critical components of Judge Early's order, including a "good cause statement," acknowledgement of under seal filing procedures, and acknowledgement that information introduced at trial typically becomes public absent compelling reasons.

3. Apple's proposal includes an unduly broad and non-reciprocal prosecution bar.  Among other things, the prosecution bar applies only to Plaintiffs' counsel and allows an accused infringer's litigation counsel to file an IPR but does not allow the patentee's litigation counsel to defend the IPR.

4. Apple's proposal includes a non-reciprocal provision allowing Apple's in-house counsel to view AEO information while preventing Plaintiffs' in-house counsel from doing the same.

5. Apple's proposal includes a non-reciprocal provision concerning the number of individuals who may access Apple's source code without the same protection for Plaintiffs' source code.

6. Apple's latest proposal restricts access to AEO and source code material to outside counsel that do not have a "business or ownership interest in a Party."

7. Apple proposal includes unnecessarily complicated source code provisions, including lengthy notification times to inspect, unduly small restrictions on the amount of source code that can be printed, and numerous provisions that infringe on the receiving party's work product.

8. Apple's proposal restricts access to "Confidential" material to three representatives that must be cleared by the opposing side.

9. Apple's proposal allows untimely objections to experts accessing confidential information.

10. Apple's proposal includes unnecessarily complicated procedures for using native files, designating deposition testimony, and providing AEO information to mock jurors.

11. Apple's proposal includes export provisions that appear to be unwarranted, though we are willing to

listen to why Apple believes these provisions are necessary.

For all these reasons, we believe the parties need to start with Judge Early's order as a model.  Since Apple is unwilling to do that, the parties may apparently need to submit competing proposals.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, April 6, 2020 9:11 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>;
Stephen.Larson <Stephen.Larson@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  As we explained on our March 10 meet and confer call, in order to expedite the process for agreeing to a protective order, Apple promised to send Plaintiffs its model protective order that we modified for use in this case.  We did not refuse to use Magistrate Judge Early's model order; to the contrary, we did consider it and found most of it consistent with what Apple intended to propose.  In any event, after Plaintiffs rejected Apple's proposed PO outright without proposing any substantive redlines, we asked Plaintiffs to identify any provisions that you believed were not included, but should have been.  You did not do so.  Further, to address Plaintiffs' previously-stated concern about the non-reciprocal patent bar provision, we sent you an updated version of the proposed PO on Friday.  Again, rather than

comment on Apple's updated Protective Order, Plaintiffs have refused to consider it.  Unfortunately, this is not constructive.  We therefore again request that Plaintiffs redline their suggestions into Apple's updated proposed PO.

As for the ESI Stipulation, we will consider Plaintiffs' suggestions and get back to you shortly.  As I requested on our call earlier today, please provide some times for a follow up meet and confer call this week to address the ESI Stip.

Finally, I have attached an updated draft Joint Rule 26(f) Report with Apple's sections included in redline for ease of reference.  We look forward to your thoughts.  Apple reserves all rights to modify any of the above-referenced documents in response to Plaintiffs' suggestions or otherwise.

Thanks very much,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 6, 2020 7:29 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

We never said the parties agreed to use Magistrate Judge

Early's protective order "in its entirety."  We said the parties agreed to use it as a model.  We continue to believe Magistrate Judge Early will not appreciate an entirely new form of protective order.  Because Apple is now refusing to use Magistrate Judge Early's order as a model and proposed non-reciprocal provisions, we have prepared the attached proposal ourselves.  Redlines show changes to Magistrate Judge Early's model protective order.  We are happy to consider any changes you have to this proposal.

Also attached are our changes to your draft ESI agreement.  As we discussed today, we are not opposed to a procedure on custodians and search terms, but are still considering the specifics.  We will provide our edits to that portion soon and will likely need to discuss it with you.

Best regards,
Adam

**Adam Powell**
Partner

**858-707-4245** Direct

**Knobbe** Martens

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Thursday, April 2, 2020 3:29 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** FW: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  To clarify, the parties did not have an agreement to use Magistrate Judge Early's protective order in its entirety.  Rather, we explained that Apple has a model Protective Order it uses and that we would factor in Magistrate Early's model in preparing the proposed PO in this case (which we did).  If there are specific provisions from Magistrate Early's model that you believe are not included in the proposed PO, please

let us know.

Separately, in view of Plaintiffs' objection below to Apple's proposed patent prosecution bar provision, we are revisiting the language of that provision and will include proposed revisions in an updated PO that we will send as soon as practicable.

Thanks very much,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, March 31, 2020 12:41 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,

This Protective Order is not consistent with the parties' agreement to use Magistrate Judge Early's protective order as a model.  We do not think Magistrate Judge Early will appreciate the parties using an entirely different format.  Additionally, we obviously will not agree to the numerous non-reciprocal provisions in this agreement.  For example, Plaintiffs cannot agree to a prosecution bar that applies only to Plaintiffs' counsel and not to Apple's counsel.  Please provide a revised version that is reciprocal and consistent with the parties' agreement to use Judge Early's protective order as a model.  Alternatively, we are happy to provide the initial draft as we offered during the Rule 16 conference.

Best regards,

Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, March 27, 2020 4:37 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>;
Stephen.Larson <Stephen.Larson@knobbe.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner,
Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Counsel,
Consistent with our correspondence below, attached
please find Apple's proposed Protective Order and ESI
Stipulation (with Exhibit A). Apple reserves all rights to
further revise these documents, including in response to
Plaintiffs' suggestions.
We look forward to receiving the draft Joint Report from
you today.
Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Thursday, March 26, 2020 8:19 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker,
Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Stephen.Larson <Stephen.Larson@knobbe.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen

<Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email.  Apple will endeavor to provide edits by Monday, April 6th (this is 5 working days after the 27th) in exchange for Plaintiffs' agreement to do the same for Apple's draft Protective Order and ESI Protocol (as you suggest below).  If we can send it sooner, we will, and would request that you do so the same.

Thanks very much,
Angelique
**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, March 26, 2020 2:05 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]
Angelique,
We will provide the Rule 26(f) report/schedule and authority concerning Section 2019.210 by Friday.  However, we are still waiting for the proposed Protective Order and Electronic Discovery Plan that  Apple promised to provide.  Please provide those materials to us by Friday as well.

As for editing those documents, your email suggests that Apple intends to provide edits to the Rule 26(f) report the day before it is due.  We do not think that is workable since the parties may need to exchange multiple drafts to reach an

agreement.  We also do not think it will take the same amount of time to edit a document that it takes to draft the document.  Thus, please commit to providing your edits within one week of receiving our draft.  That should allow the parties sufficient time to attempt to reach a resolution on any disagreements.  We will do the same for your draft Protective Order and Electronic Discovery Plan.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Wednesday, March 25, 2020 8:04 PM
**To:** Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>
**Subject:** Masimo v. Apple: follow up from March 10 call

Dear Counsel,

We are writing to follow up on the items we understood you were sending after our March 10 call: a draft Rule 26(f) Report, a proposed schedule, and any authority that CCP Section 2019.210 does not apply here.  In light of the April 14 deadline for submission of the Report, we need the draft Report and Schedule by close of business this Friday, March 27.  That will give us a roughly equal amount of time to obtain client comments and respond to your draft and still have a day at the back end to coordinate changes and filing logistics with you.  Please also send us the CCP 2019.210 case law that you referenced by then.

Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding

without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of

the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the

firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

message.

# Exhibit G

| From: | Adam.Powell |
|---|---|
| To: | Samplin, Ilissa; Buroker, Brian M. |
| Cc: | Kaounis, Angelique; Lyon, H. Mark; Lerner, Joshua H.; Perry.Oldham; Stephen.Larson; Steve.Jensen; Morrisson, Haley S.; Joe.Re; Masimo.Apple; Morgan, Tracy A. |
| Subject: | RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order |
| Date: | Wednesday, June 3, 2020 7:49:59 PM |

[External Email]

Ilissa and Brian,

Thank you for discussing this matter with me today.  Below is a summary of our conversation.

**Section 3**: Plaintiffs believe Judge Early will not agree with Apple's changes to his model.  We will not include Apple's edits in our draft, but we will indicate that we do not oppose the changes if the Court deems them acceptable.

**Section 4.5**: Plaintiffs continue to disagree with Apple's definition of "source code," as including information that is not source code.  In the interest of compromise, we could agree to the following definition of source code if it resolves this issue: "extremely sensitive 'Confidential Information or Items' representing computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), source code comments, object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party."

**Section 5.1**: Plaintiffs agree to Apple's proposal.  The parties have no dispute on this section.

**Section 5.5 and 6**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

**Section 7.1**: The parties agreed to strike the sentence beginning with "The Designating Party must designate," but retain the sentences beginning with "Mass, indiscriminate" and "If it comes to a Designating Party's attention."  The parties have no dispute on this section.

**Section 7.2(d)**: We agree with Apple that "altered" means information that was altered after production of a native file before printing.  The parties have no dispute on this section.

**Section 8.1**: Plaintiffs explained they are proposing the parties abide by Judge Early's model to avoid disputes as to whether this paragraph imposes additional burdens beyond LR 37-1.  Please let us know if Apple agrees.

**Section 9.1 (1st paragraph):** Apple indicated it would agree to our changes to this section if we agreed to Apple's version of Section 5.1, which Plaintiffs have done.  Thus, the parties have no dispute on this section.

**Section 9.1 (2nd paragraph)**: Plaintiffs disagree with Apple's edits, which impose burdens beyond

Exhibit G
Page 153

those required by U.S. Export Administration Regulations.  For example, Apple's proposal would prevent the parties from using a Canadian national who lives in the U.S. as an expert, or taking depositions in Canada.  We understand Apple's concern is that it wants an opportunity to object if it believes Plaintiffs will misinterpret U.S. Export Regulations.  As a compromise, we could agree to add the following to the end of our proposal if it resolves the issue: "Before exporting Designating Material or providing Designating Material to a foreign national, the Receiving Party will provide notice to the Producing Party of the country and/or foreign national to which it intends to export information to allow the Producing Party an opportunity to object.  If the parties are unable to agree, the Producing Party may move the Court for a protective order."  Please let us know if Apple agrees.

**Section 9.2 (b)**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

**Section 9.2 (c)**: The parties agreed to use the term "person" instead of "Person" in the "Pre-Access Disclosure Requirements" section to avoid ambiguity since "Person" is undefined.  The parties agreed to Plaintiffs' other edits in subparagraph (iv).   The parties disagree on Apple's proposal regarding an ongoing disclosure requirement.

**Section 9.2(f)**: As discussed, this provision is necessary because Consilio indicated it intends to work for Apple in this case even though it worked for Plaintiffs in the True Wearables case.  You agreed to ask Apple whether it will use Consilio in this case.

**Section 9.2(g)**: Plaintiffs suggest the following compromise if it resolves the issue: "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the information based on the face of the document, the document's metadata, or other information."  Please let us know if Apple agrees.

**Section 9.2(h)**: Plaintiffs explained that this paragraph (which is in Judge Early's model) applies only to "Confidential" information and not AEO or Source Code information.  Please let us know if Apple agrees to Plaintiffs' proposal.

**Section 9.3**: Plaintiffs disagree with Apple's edits.

**Section 10**: Plaintiffs disagree with Apple's edits

**Section 11**: Plaintiffs disagree with Apple's edits

**Section 14**: Plaintiffs agree to change "designate" to "maintain."  The parties have no dispute on this section.

**Section 16.5:** Plaintiffs continue to object to this paragraph as overbroad.  Plaintiffs are willing to agree that the Protective Order applies to the Parties, anyone who obtains access to the Protected Material, and their successors.  Please let us know if Apple agrees.

**Section 16.7:** Plaintiffs explained that their edits are necessary because some disputes with third

parties (e.g., a motion to quash a subpoena) may need to be resolved in other jurisdictions.  We suggested the parties agree that disputes between the parties be resolved by the Central District.  Please let us know if Apple agrees.

**Section 16.8**: Plaintiffs explained that this provision is problematic because the Protective Order changes many discovery rules.  For example, the Protective Order provides more protection for inadvertently produced privileged information.  Please let us know if Apple agrees to remove this paragraph.

**Section 17 (first sentence)**: Plaintiffs' proposal is consistent with Judge Early's model and avoids disputes as to when exactly "Final Disposition" occurred.  Apple agreed to consider our proposal.

**Section 17 (source code)**: Plaintiffs asked for Apple's position on this change, which is intended to use the defined term in order instead of the undefined term "Source Code."  You thought this change seemed fine, but will follow up.

Please let us know Apple's position on these issues by close of business tomorrow.  We will similarly agree to respond to any remaining issues in one business day.  When the parties reach an impasse on all remaining issues, we suggest Plaintiffs provide their portion of the joint stipulation within 7 days, Apple respond with its portion within 7 days, and the parties file the motion the next day.  Please let us know if Apple agrees.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**