Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404 Facsimile:  (949)-760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' OPPOSITION TO APPLE INC.'S MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE EARLY'S JUNE 15, 2020, ORDER**<br><br>Date:        7/20/2020<br>Time:        1:30 p.m.<br>Location:    Courtroom 10C |

**TABLE OF CONTENTS**

**Page No.**

I.   INTRODUCTION ...................................................................................1

II.  FACTUAL BACKGROUND .................................................................2

     A.   Plaintiffs Served Patent Discovery ...............................................2

     B.   This Court Stays "Trade Secret Discovery Only" .........................3

     C.   Judge Early Rejects Apple's Second Bite At The Apple ..............4

     D.   Apple Withholds Core Technical Documents ................................5

     E.   Apple Rejects Plaintiffs' Many Attempts to Resolve
          These Issues ...................................................................................6

     F.   The Court Resolves Apple's Motion to Dismiss ...........................6

III. ARGUMENT .........................................................................................7

     A.   This Court Rejected Apple's Attempt to Stay Patent
          Discovery ........................................................................................7

     B.   Apple Fails To Show Error in Judge Early's Order ......................8

          1.   None of Apple's Textual Arguments Establish
               Error .....................................................................................9

          2.   None of Apple's Policy Arguments Establish Error ..........12

               a.   Judge Early Correctly Rejected Apple's
                    Request to Rewrite the Scheduling Order ...............13

               b.   Judge Early's Decision Does Not Open the
                    Door For Plaintiffs to Claim Apple's
                    "Innovations" as Their Own ....................................13

               c.   Judge Early's Decision Does Not Frustrate
                    This Court's Ability to Frame the
                    Appropriate Scope of Discovery .............................16

               d.   Judge Early's Decision Does Not Render
                    Section 2019.210 Meaningless .................................17

     C.   Apple's Requested Relief Far Exceeds Section 2019.210 ..........18

IV.  CONCLUSION ....................................................................................19

# TABLE OF AUTHORITIES

**Page No(s).**

*Advanced Modular Sputtering, Inc. v. Superior Court*,
    132 Cal. App. 4th 826 (2005) .................................................................... 9, 12

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
    No. 10-CV-03428-LHK, Dkt. 72 (N.D. Cal. Mar. 24, 2011) ...................... 10

*Bryant v. Mattel*,
    No. 04-CV-09049-SGL, 2007 WL 5430888 (C.D. Cal. May 18,
    2007) ........................................................................................................ 11

*Comput. Econs., Inc. v. Gartner Grp., Inc.*,
    50 F. Supp. 2d 980 (S.D. Cal. 1999) ..................................................... 15, 16

*Jobscience, Inc. v. CV Partners*,
    No. 13-04519-WHA, 2014 WL 852477
    (N.D. Cal. Feb. 28, 2014) ......................................................................... 15

*Loop AI Labs Inc. v. Gatti*,
    No. 15-CV-00798-HSG, 2015 WL 9269758
    (N.D. Cal. Dec. 21, 2015) ....................................................................... 8, 11

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
    No. 19-CV-00220-JVS, 2019 WL 4284523
    (C.D. Cal. June 11, 2019) ........................................................ 11, 12, 15, 16

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
    No. 14-CV-01745-VC, 2015 WL 5948159
    (N.D. Cal. Oct. 14, 2015) ......................................................................... 11

*Perlan Therapeutics, Inc. v. Sup. Court*,
    178 Cal. App. 4th 1333 (2009) ................................................................... 9

*Space Data Corp. v. X*,
    No. 16-CV-03260-BLF, 2017 WL 3007078, *4
    (N.D. Cal. July 14, 2017) ......................................................................... 10

*Swarmfly, Inc. v. Cloudfare, Inc.*,
    No. 17-06957-WHA, 2018 WL 2445515
    (N.D. Cal. May 31, 2018) ......................................................................... 15

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

# OTHER AUTHORITIES

California Code of Civil Procedure § 2019.210 .......................................... *passim*

Fed. R. Civ. P. 1 ................................................................................. 15

# I.  <u>INTRODUCTION</u>

Apple's Motion seeks—for the ***third*** time—to stay patent discovery until Plaintiffs provide an "adequate" Section 2019.210 statement.  Apple made this same argument in the Rule 26(f) report and this Court rejected it, holding: "The Court adopts the ***patent specific dates***.  The Court stays the ***trade secret discovery only*** pending compliance with Section 2019.210." Dkt. 37.[1]  Rather than seek reconsideration from this Court, Apple sought a contrary ruling from Magistrate Judge Early.  Judge Early correctly rejected Apple's attempt to relitigate these issues and held that patent discovery is ***not*** stayed.  Dkt. 54 at 8.

Apple identifies no error in that decision.  The California Court of Appeals has interpreted Section 2019.210 as barring discovery of non-trade secret claims if the claim "hinges upon" the trade secret allegations.  As a result, courts routinely allow patent discovery to proceed even if the plaintiff has not complied with Section 2019.210.  Apple cites no contrary cases.  Instead, Apple relies primarily on policy arguments.  None have merit, much less establish that Judge Early's decision is clearly erroneous or contrary to law.

Indeed, most of Apple's policy arguments are based on a strawman: that Plaintiffs have delayed service of their Section 2019.210 statement so that they could use Apple's technical documents to identify their trade secrets.  That is incorrect.  Like Apple, Plaintiffs are waiting for entry of a protective order to provide confidential information.  Unlike Apple, however, Plaintiffs repeatedly suggested a reciprocal arrangement whereby ***both*** parties would provide their confidential information and hold it on an attorneys-eyes only basis.  Plaintiffs even offered a simultaneous exchange ***on the same day***.  Apple rejected all those proposals, which lays bare the false premise of Apple's motion.

---

[1] All emphasis is added unless noted otherwise.

Apple's real goal is to withhold all patent discovery for months while Apple litigates the **sufficiency** of Plaintiffs' impending 2019.210 statement. Apple cites no cases supporting such an approach, which would wreak havoc on this Court's schedule.  Indeed, Apple has already flouted this Court's deadline to provide core technical documents, prejudicing Plaintiffs' ability to prepare their infringement contentions.  Apple is also engaging in self-help by refusing to produce documents, even though it did not seek a stay of Judge Early's Order.  This Court already held that patent discovery should proceed, and Judge Early correctly enforced this Court's decision.  This Court should reject Apple's meritless third attempt to withhold patent discovery.

## II.  FACTUAL BACKGROUND

### A.  Plaintiffs Served Patent Discovery

On March 16, 2020, Plaintiffs served twenty-five Requests for Production ("RFPs").  Ex. 1.[2]  RFPs 1-4 seek Apple's knowledge of or attempts to design around the "Masimo Asserted Patents."  *Id.* at 8-9.  RFPs 5-25 seek core technical documents and other technical information about the "Accused Products," defined as the products accused of patent infringement.  *Id.* at 7.

RFPs 5-15 seek basic information about the structure and operation of the Accused Products.  For example, RFP 5 seeks "Documents sufficient to show the design and operation of the Accused Products."[3]  *Id.* at 9.  RFPs 16-25 are tailored towards particular patent claim limitations.  For example, RFP 16 seeks information about "components, surface areas, or adhesives that separate light

---

[2] All citations to exhibits are citations to the exhibits attached to the Declaration of Stephen Larson filed herewith unless otherwise noted.

[3] Apple previously argued RFPs 8-9 seek "confidential and sensitive" information about "Apple's marketing strategy."  Dkt. 43-1 at 16.  That is incorrect.  Those requests seek public statements, including "press releases" and "internet postings," about how the Accused Products function.  Ex. 1 at 9-10.

emitted by LEDs from other components of any of the Accused Products." *Id.* at 11. Such information is relevant at least to claim 1 of U.S. Patent No. 10,470,695, which recites: "a light block forming an enclosing wall between the light emission source and the plurality of detectors . . . ." Ex. 2 at Claim 1.

Similarly, RFP 21 seeks information about the power consumption of the heart rate algorithms used in the Accused Products. RFP 22 seeks information about the operation of LEDs used to determine pulse or heart rate, including timing, duty cycle, current, or power usage. RFP 23 seeks information about collecting heart rate metrics using a first technique during a first period and a second technique during a second period. Such information is relevant at least to Claim 1 of U.S. Patent No. 10,433,776, which recites in part:

> wherein said operating of the patient monitor according to the first control protocol operates the first control protocol light source according to a ***first duty cycle*** and said operating of the patient monitor according to the second control protocol operates the second control protocol light source according to a ***second duty cycle***, wherein ***power consumption*** of the first control protocol light source according to the ***first duty cycle*** is different than ***power consumption*** of the second control protocol light source according to the ***second duty cycle***.

Ex. 3 at Claim 1.

## B. <u>This Court Stays "Trade Secret Discovery Only"</u>

On April 14, 2020, the parties submitted their Joint Rule 26(f) report. Dkt. 33. The parties presented extensive argument on whether and how Section 2019.210 applies to this case. *Id.* at 6-8 and 13-20. Apple acknowledged Plaintiffs' RFPs 1-25 may "concern the asserted patents and technical information about the products accused of patent infringement . . .." *Id.* at 7. However, Apple argued it need not provide such discovery until after Plaintiffs provide a Section 2019.210 disclosure because the discovery is ***also*** relevant to Plaintiffs' trade secret claim. *Id.* at 7-8. Apple also argued the patent-specific

deadlines in the Rule 26(f) report—including the deadline to produce "core technical documents" that Apple recently ignored—should not apply until Plaintiffs provide an ***adequate*** Section 2019.210 disclosure. *Id.* at 26, n.6.

Plaintiffs responded that Section 2019.210 does not bar patent discovery merely because it could ***also*** be relevant to trade secrets. *Id.* at 14-15 (citing *Bryant v. Mattel*, 2007 WL 5430888, *3 n.3 (C.D. Cal. May 18, 2007)). Plaintiffs objected to Apple's attempt to use a "California state procedural rule concerning trade secrets to preclude typical patent discovery." *Id.*

On April 17, 2020, this Court rejected Apple's argument. *See* Dkt. 37. The Court held: "The Court adopts the ***patent specific dates***. The Court stays the ***trade secret discovery only*** pending compliance with Section 2019.210." *Id.* Thus, this Court determined Section 2019.210 applies to "trade secret discovery only"—not patent discovery that may also be relevant to trade secrets.

## C.   Judge Early Rejects Apple's Second Bite At The Apple

Despite the clear language of the Scheduling Order, Apple moved for a protective order on RFPs 5-25.  Dkt. 43.  Apple argued Plaintiffs should be barred from seeking "information pertaining to [Plaintiffs'] patent claims" because the requests "*also* seek information *relating* to Plaintiffs' trade secret claim."   Dkt. 43-1 at 16 (emphasis in original).   In its Supplemental Memorandum, Apple argued that limiting trade secret discovery ***only*** is inconsistent with Section 2019.210. *Id.* at 2.

On June 15, 2020, Judge Early correctly rejected Apple's argument, explaining:

> Significantly here, the parties presented many of the same arguments raised in the Joint Stipulation in summary form in their respective portions of their Rule 26 Joint Report to Judge Selna. See Dkt. 33 at 13-20.  Having considered those arguments, Judge Selna adopted "the patent specific dates" presented by the parties in the Joint Report, and then, one sentence later, stayed "the trade secret discovery ***only*** pending compliance with 2019.210."

Dkt. 54 at 7.  Judge Early found that this Court necessarily determined patent discovery and the "patent-related dates" are *not* stayed:

> The sole interpretation that does not render the word "only" superfluous in the Scheduling Order is an interpretation that "only" limits they type of discovery stayed—trade secret discovery.  By staying "only" trade secret discovery, the Scheduling Order, by negative implication, does ***not stay patent-related discovery, which is subject to the patent-related dates approved in the prior sentence***.

*Id.* at 8.  Judge Early also found that, at most, "only four" of the twenty-one document requests at issue arguably seek "*some* of the same categories of information" relevant to Plaintiffs' trade secrets.  Dkt. 54 at 8.[4]

## D.   <u>Apple Withholds Core Technical Documents</u>

Despite Judge Early's ruling, Apple failed to produce its technical documents, including the "core technical documents" due on June 15, 2020, under this Court's Scheduling Order.  Dkt. 33 at 26.  In response to Plaintiffs' *ex parte* application to enforce the schedule, Apple argued it did not have to comply because the Court had not yet issued a protective order addressing confidentiality.  Dkt. 56 at 3, 7-9.  Importantly, Apple expressly stated that Section 2019.210 "is not a basis on which Apple relies" for withholding core technical documents.  Dkt. 56 at 7 n.2.  On June 23, 2020, this Court denied Plaintiffs' *ex parte* application without prejudice, ordering the parties to submit their protective order disputes to Judge Early by June 27.  Dkt. 56 at 2.  The parties did so on June 26.  *See* Dkt. 61.

/ / /

/ / /

---

[4] Judge Early also admonished Apple for filing an improperly argumentative Notice of Motion.  Dkt. 54 at 1 n.1.  Despite that admonishment, Apple filed another argumentative notice with the present Motion.  Dkt. 57.

-5-

**E.     Apple Rejects Plaintiffs' Many Attempts to Resolve These Issues**

Plaintiffs have repeatedly offered a reciprocal approach in which *both* parties agree to provide confidential information (including Plaintiffs' Section 2019.210 statement) pursuant to an agreement to keep the information "Attorneys Eyes Only." *See, e.g.*, Larson Decl., ¶ 3 & Ex. 5 at 69 ("Plaintiffs simply asked for reciprocal treatment of confidential information – that both parties produce confidential information and treat such information as attorneys' eyes only pending entry of a protective order."); Ex. 6 at 78 (asking Apple whether it would agree "all parties or no party should produce confidential information prior to entry of a protective order"). Apple refused, arguing Plaintiffs' Section 2019.210 statement describing Plaintiffs' trade secrets is somehow less deserving of protection than Apple's confidential documents. *Id.*, Ex. 7 at 80. Apple even declined Plaintiffs' offer to provide a 2019.210 statement on the *same day* that Apple provides its core technical documents and other technical discovery. *See id.* ¶ 3; *see also* Dkt. 56 at 9 (acknowledging Plaintiffs made such an offer).

**F.     The Court Resolves Apple's Motion to Dismiss**

Apple moved to dismiss Plaintiffs' trade secret claim by arguing (1) the claim was barred by the statute of limitations, (2) Plaintiffs did not describe their trade secrets with sufficiency particularity, and (3) Plaintiffs did not adequately plead misappropriation. Dkt. 38-1. On June 25, 2020, the Court rejected Apple's statute of limitations argument because Plaintiffs had no "reason to suspect that a trade secret had already been misappropriated" in 2014 or 2016. Dkt. 60 at 6. The Court also credited Plaintiffs' allegation that Apple deliberately hid its misappropriation by "request[ing] non-publication of various patent applications containing Plaintiffs' trade secrets." *Id.* However, the Court required Plaintiffs to describe their trade secrets in more detail within 30 days. *Id.* at 8. Plaintiffs will do so.

# III.  ARGUMENT

## A.    This Court Rejected Apple's Attempt to Stay Patent Discovery

Apple fails to show any error in Judge Early's decision rejecting Apple's attempt to circumvent this Court's Scheduling Order.   As Judge Early recognized, this Court already rejected Apple's argument that patent deadlines should be "subject to Plaintiffs providing an adequate identification of their alleged trade secrets in compliance with Section 2019.210 . . .."  Dkt. 33 (Rule 26 Report) at 26, n.6.  This Court held: "The Court *adopts the patent specific dates*. The Court stays the *trade secret discovery only* pending compliance with 2019.210."  Dkt. 37.   The proper procedure for challenging that Scheduling Order would have been a motion for reconsideration.  Instead, Apple improperly sought a contrary ruling from Judge Early.

As Judge Early held, the plain language of the Scheduling Order "does not stay patent-related discovery, which is subject to the patent-related dates approved in the prior sentence."  Dkt. 54 at 7.  Apple makes no attempt to show error in Judge Early's analysis that Apple's interpretation would render the word "only" superfluous.  As Judge Early explained,

> Courts should avoid interpretations that render a term superfluous. See A. Scalia & B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012) ("If possible, every word and every provision is to be given effect (verba cum effectu sunt accipienda)" (footnote omitted), noting that "[s]ometimes lawyers will seek to have a crucially important word ignored, such as only, solely, or exclusively . . ."). The sole interpretation that does not render the word "only" superfluous in the Scheduling Order is an interpretation that "only" limits they type of discovery stayed—trade secret discovery. By staying "only" trade secret discovery, the Scheduling Order, by negative implication, does not stay patent-related discovery, which is subject to the patent-related dates approved in the prior sentence.

Dkt. 54 at 8.  Judge Early's decision makes sense, particularly in view of the overall Scheduling Order.   Apple asked the Court to stay *patent-specific*

-7-

*deadlines* pending Plaintiffs providing an "adequate" Section 2019.210 disclosure.  Dkt. 33 at 26, n.6.  This Court rejected that argument.  Dkt. 37.  As Judge Early explained, "Judge Selna adopted 'the patent specific dates' presented by the parties in the Joint Report, and then, *one sentence later*, stayed 'the trade secret discovery only pending compliance with 2019.210.'"  Dkt. 54 at 7 (quoting Dkt. 37).  By adopting the patent specific dates and using the word "only," the Court made clear it was *not* adopting Apple's position.

The Scheduling Order thus struck a balance between requiring a Section 2019.210 disclosure for the trade secret case and ensuring the patent case would go forward unimpeded.  Indeed, if the Scheduling Order were interpreted to ban some or all patent discovery while the parties disputed the adequacy of Plaintiffs' Section 2019.210 disclosure, it would be impossible for the parties to comply with the "patent specific dates" in the Scheduling Order.  *See* Dkt. 37. Courts routinely refuse to interpret Section 2019.210 in that manner.  *See, e.g.*, *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015) (finding Section 2019.210 disclosure insufficient, but holding discovery on non-trade secret claims must go forward); *ScaleMP, Inc. v. TidalScale, Inc.*, No. 18-CV-4716 EDL, Dkt. 52 (N.D. Cal. Mar. 15, 2019) (Ex. 8) at 7-9 (same).  Judge Early did not err in confirming the plain language of this Court's Scheduling Order.

**B.**   **Apple Fails To Show Error in Judge Early's Order**

Rather than address the central holding of Judge Early's Order—that this Court already resolved this issue—Apple argues (1) that Judge Early's Order is inconsistent with the plain language of Section 2019.210 and (2) that Judge Early's Order is inconsistent with the purpose of Section 2019.210.  Neither argument shows Judge Early's decision is "clearly erroneous or is contrary to law," as required by Rule 72(a).

/ / /

-8-

### 1.   __None of Apple's Textual Arguments Establish Error__

Apple argues Judge Early's Order contradicts the plain language of Section 2019.210.  Dkt. 57-1 at 6.  As discussed above, however, Judge Early correctly interpreted this Court's Scheduling Order, which already rejected Apple's argument.  Because Apple fails to show any error in that holding, its objections should be overruled for that reason alone.  Apple's real disagreement is not with Judge Early's decision, but ***this Court's*** Scheduling Order.  But Apple never sought reconsideration of that Order.  Apple may ***not*** do so by seeking a contrary discovery ruling from Judge Early.

Regardless, Apple's arguments lack merit.  Section 2019.210 states: "In any action alleging the misappropriation of a trade secret under the [CUTSA], before commencing discovery ***relating to the trade secret***, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."  Dkt. 57-1 at 7 (emphasis in original).  According to Apple, "relating to" means ***all*** discovery as to ***all*** causes of action in Federal court is barred if the discovery is ***also*** relevant in any way to trade secrets.  *Id.*  Apple is incorrect.

The California Court of Appeals has interpreted "relating to" in Section 2019.210 as barring discovery on "any ***cause of action*** which relates to the trade secret."  *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 830 (2005).  Specifically, Section 2019.210 bars discovery of other claims that "***hinge[] upon*** the factual allegations that [defendant] misappropriated [plaintiff's] trade secrets."  *Id.* at 835.  For example, the statute bars contract discovery if the only alleged breach was for disclosing trade secrets.  *Id.*; *see also Perlan Therapeutics, Inc. v. Sup. Court*, 178 Cal. App. 4th 1333, 1337 n.2 (2009) (noting discovery may proceed on "claims not dependent upon proof of [plaintiff]'s claim under the Uniform Trade Secrets Act").

Thus, numerous courts refuse to stay patent discovery even where the discovery could ***also*** be relevant to trade secrets.  Indeed, in *ScaleMP, Inc. v.*

*TidalScale, Inc.*, No. 18-CV-4716 EDL, Dkt. 52 (N.D. Cal. Mar. 15, 2019) (Ex. 8), the defendant made the identical argument Apple makes here: that it should not have to produce technical documents related to patent infringement before the plaintiff fully complies with Section 2019.210. *Id.* at 90. The court rejected that argument, explaining:

> While Plaintiff's patent infringement claim is ***related to*** its trade secret misappropriation claim in the sense that the alleged misappropriation led to Defendant's development of infringing technology, the patent infringement claim does not "hinge" on the misappropriation allegation. ***Plaintiff's ability to succeed on the infringement claim is independent of the viability of its misappropriation claim.*** Thus, the statutory language does not require a postponement of patent-related disclosures in this case, even while Plaintiff revises its trade secret disclosures.

*Id.* at 91.

Similarly, in *Space Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 3007078, *4 (N.D. Cal. July 14, 2017), the court refused to stay patent discovery that also related to trade secrets. Similar to this Court's Scheduling Order, the court in *Space Data* had "stayed trade secret discovery pending Space Data's identification of its trade secrets." *Id.* Like Apple, the defendant argued it should not have to produce technical documents relevant to patent infringement until after the plaintiff identified its trade secrets. *Id.* The court rejected that argument because "the patent infringement claims asserted in this case are substantive and separate from the trade secret claims." *Id.*

Likewise, in *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, Dkt. 72 (N.D. Cal. Mar. 24, 2011) (Ex. 16), the court held discovery "*unique* to Plaintiffs' claims of trade secret misappropriation" could not proceed, but "[a]ll other discovery shall commence now, including discovery of source code relevant to the copyright and patent infringement claims." *Id.* at 169.

Yet, again, in *Bryant*, 2007 WL 5430888, *3 n.3, the defendant argued that "discovery of drawings and designs for unreleased products is barred unless and until [plaintiff] complies with California Code of Civil Procedure section 2019.210." *Id.*   The Court rejected that argument because "[d]rawings and designs for unreleased products are relevant to claims other than the trade secret misappropriation claim, such as [plaintiff]'s claim for copyright infringement." *Id.*   Numerous additional cases refuse to stay discovery on claims that do not hinge on allegations of trade secret misappropriation.   *See, e.g.*, *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC, 2015 WL 5948159, at *4 (N.D. Cal. Oct. 14, 2015) (refusing to limit discovery relevant to the contract claim because "Defendants have not shown that this claim is based on an allegation that [] Defendants disclosed or misused [Plaintiff's] trade secrets"); *Loop AI*, 2015 WL 9269758, at *4 (holding that discovery must move forward on sixteen claims that are "not based on any allegations of misappropriation of trade secrets").[5]

Apple ignores the above authority and, instead, relies on a single case from Judge Early.   Dkt. 57-1 at 7 (citing *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. 19-CV-00220-JVS, 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019)).   But Apple omits that the only non-trade secret claim in *M/A-COM* was a ***contract*** claim that was based on the ***same*** allegations as the trade secret claim.   *See* Ex. 9 at 103 (*M/A-COM* complaint alleging breach of an "obligation to keep such information confidential").   Thus, *M/A-COM* properly applied Section 2019.210 to a contract claim that "hinge[d] upon the factual

---

[5] Apple previously attempted to distinguish Plaintiffs' authorities because the plaintiffs had provided a Section 2019.210 disclosure the court found inadequate.   Dkt. 46 at 3.   But those cases still permitted discovery on non-trade secret claims even where the discovery may have been relevant to trade secrets. That the plaintiff tried and failed to satisfy Section 2019.210 was irrelevant.

allegations that [defendant] misappropriated [plaintiff's] trade secrets." *See Advanced Modular*, 132 Cal. App. 4th at 835.[6]

Apple itself acknowledged the correct standard in the very Rule 37-1 letter giving rise to this dispute.  There, Apple relied on *Advanced Modular* and another case to argue "Section 2019.210 applies not only to claims alleged directly under California's Uniform Trade Secrets Act, but also to those 'claims [that] are ***factually dependent*** on the same misappropriation allegations.'"  Ex. 10 at 107 (quoting *CBS Broad. Inc. v. Am. Broad. Companies, Inc.*, No. 12-CV-4073-GAF, 2012 WL 13013028, at *2 (C.D. Cal. June 26, 2012)).

Apple claims Plaintiffs "concede" their patent claims are "factually dependent on the same [trade secret] misappropriation allegations." Dkt. 57-1 at 2, 7.  As support, Apple quotes ***its own argument from its own email***.  Lerner Decl., Ex. I at 206.  Plaintiffs never suggested the patent allegations were "factually dependent" on trade secret misappropriation.   To the contrary, Plaintiffs repeatedly asked Apple to identify non-trade secret claims that are "factually dependent" on the misappropriation allegations, and Apple refused to do so.  Ex. 11 at 109.  Upon realizing that the correct standard required patent discovery to proceed, Apple adopted the erroneous position it asserts here.  *Id*. Apple's textual arguments establish no error in Judge Early's decision.

## 2. <u>None of Apple's Policy Arguments Establish Error</u>

Unable to establish Judge Early's decision is contrary to ***law***, Apple argues that Judge Early's Order is inconsistent with Apple's characterizations of

---

[6] Apple argues, in a footnote, that discovery on claims that do not "hinge" upon trade secrets, like patent infringement, should nonetheless be stayed if the ***discovery*** "*also* relates to the trade secrets . . . ."  Dkt. 57-1 at 7 n.1. (emphasis in original).  Apple cites no authority to support that argument, which is contrary to the numerous cases cited herein.  *See* Section III.B.1, *supra*.

the "*purpose* of Section 2019.210."  Dkt. 57-1 at 8.  None of Apple's policy arguments establish error in Judge Early's decision.

### a. Judge Early Correctly Rejected Apple's Request to Rewrite the Scheduling Order

First, Apple asserts that "when reading two sources of law, a court must read both to give effect to each [if the court] can do so while preserving their sense and purpose."  Dkt. 57-1 at 8.  Apple then argues that Judge Early should have "interpreted" the Scheduling Order consistent with *Apple's* view of Section 2019.210.  *Id.*  In particular, Apple argues "Judge Early should have read the Scheduling Order in a manner consistent with Section 2019.210, which is to say he should have concluded that the stay applies to trade secret-*related* discovery only."  *Id.* (emphasis in original).  But that rewrites the Scheduling Order.  Judge Early did not err in crediting the plain language of the Scheduling Order over Apple's vague policy arguments.

Apple also claims Judge Early failed to consider the "context of Section of 2019.210."  *Id.* at 8 (citing Scalia & Gardner).  But Judge Early is familiar with Section 2019.210 and dedicated an *entire section* of his order to discussing that provision.  Dkt. 54 at 5-6.  Judge Early confirmed that Apple was not permitted to circumvent this Court's Scheduling Order, which is entirely consistent with Section 2019.210 and the numerous cases interpreting that provision.  Judge Early even explained why Apple's own authority supports his decision.   Dkt. 54 at 8 (citing Scalia & Garner for the principle that "Courts should avoid interpretations that render a term superfluous.").

### b. Judge Early's Decision Does Not Open the Door For Plaintiffs to Claim Apple's "Innovations" as Their Own

Second, Apple argues Judge Early's decision "open[s] the door" for Plaintiffs to access Apple's confidential information and "claim Apple's hard work and innovative confidential information as Plaintiffs' own."  Dkt. 57-1 at

2, 10.  Again, Apple's real dispute is with this Court's Scheduling Order, which rejected Apple's arguments.  Regardless, Apple's argument makes no sense because Plaintiffs still have to prove ownership and misappropriation of the asserted trade secrets.  Other courts have rejected attempts to use similar policy arguments to justify expansive views of Section 2019.210.  *See ScaleMP* (Ex. 8) at 91-92 (rejecting the policy argument that all technical discovery should be barred to prevent a plaintiff from using technical documents relevant to the patent case "to obtain Defendant's trade secrets").

Moreover, Apple's parade of horribles ignores that Plaintiffs have repeatedly proposed that both parties produce confidential information pursuant to an agreement to keep it "Attorneys Eyes Only."  *See, e.g.*, Larson Decl., ¶ 3 & Ex. 5 at 69; Ex. 6 at 78; Ex. 7 at 80.  Plaintiffs have even offered to provide their 2019.210 statement on the ***same day*** Apple provides its core technical documents and other confidential discovery.  Tellingly, Apple has not entertained that mutual exchange.  Plaintiffs will also be providing more detail in an amended complaint pursuant to this Court's June 25 Order.  *See* Dkt. 60 at 8.  Thus, nothing supports Apple's accusations about Plaintiffs' supposed desire to use Apple's confidential documents to prepare their 2019.210 disclosure.

In reality, Apple seeks to delay all patent discovery for months while it litigates the ***sufficiency*** of Plaintiffs' Section 2019.210 statement.  *See* Dkt. 43-1 at 20 (Apple arguing in a "typical case," the plaintiff "serves a Section 2019.210 disclosure and the parties litigate the deficiencies").  Indeed, before even seeing Plaintiffs' second amended complaint, Apple has signaled that it intends to file ***another*** motion to dismiss.  *See* Ex. 12 at 119 (Apple's proposed stipulation providing the parties will "meet and confer on a schedule for Defendant's response to the [Second Amended Complaint], including any motion to dismiss").  Apple's efforts to delay patent discovery while it endlessly litigates Plaintiffs' description of trade secrets would gut this Court's Scheduling Order

-14-

and contradict the Federal policy of ensuring the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Indeed, there is no conceivable interpretation of *Erie* that permits a defendant in Federal court to substantially delay all discovery on Federal claims based on a state procedure applying solely to state claims.

Apple cites *Comput. Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980 (S.D. Cal. 1999), but that case explained the purpose of Section 2019.210 is to prevent plaintiffs from "driving a competitor out of business" by serving "extensive discovery which the new business is ill equipped to afford." *Id.* at 985 n.6. There is no risk that Plaintiffs—who are miniscule compared to Apple—could drive Apple ***out of business*** by serving discovery requests.

Apple cites other cases, but none analyze the scope of discovery in a trade-secret case including patent infringement claims. Dkt. 57-1 at 9 (citing *Swarmify*, *Comput. Econs.*, *Jobscience*, and *M/A-COM*). *Jobscience* actually ordered the defendant to produce ***source code*** before the plaintiff served a Section 2019.210 statement. Ex. 13 at 142-143, 150-151 (22:7-23:24, 30:19-31:7); *see also Jobscience, Inc. v. CV Partners,* No. 13-04519-WHA, 2014 WL 852477 at *6 (N.D. Cal. Feb. 28, 2014) ("This order need not address the inspection and discovery problems concerning the source code ordered at the hearing orally."). *Swarmfly, Inc. v. Cloudfare, Inc.,* No. 17-06957-WHA, 2018 WL 2445515 at *3 (N.D. Cal. May 31, 2018) allowed plaintiff to amend its Section 2019.210 statement ***after*** receiving discovery. *Comput. Econs* and *M/A-COM* do not support Apple's argument for the reasons discussed above.

In a misguided attempt to show Plaintiffs are trying to use Apple's documents to draft their Section 2019.210 statement, Apple claims Plaintiffs "abuse[d] the discovery process" by serving a third-party subpoena on Apple in *Masimo Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE ("*True Wearables*"). Dkt. 57-1 at 10. But Apple admitted it has information

relevant to *True Wearables* by arguing the allegations in both cases were "nearly identical."  Dkt. 14 (Apple's Notice of Related Cases).  Apple speculates about the timing of Plaintiffs' subpoena, but that was dictated by the approaching close of fact discovery.  Once the Court extended the deadline, Plaintiffs withdrew the subpoena to avoid burdening the courts.  Apple's vivid imagination is inconsistent with the actual facts surrounding the subpoena.

Apple similarly misstates the record in pointing to Plaintiffs questions regarding "Apple's unpublished patent applications . . .."  Dkt. 57-1 at 11.  Plaintiffs were merely attempting to ascertain whether there was a risk that Apple's unpublished applications could disclose Plaintiffs trade secrets.  When Apple complained about producing its applications, Plaintiffs asked Apple if it had any unpublished applications that (1) concern physiological monitoring, (2) named Plaintiffs' former employees as inventors, and (3) contained information not previously published.  Ex. 14 at 157.  Apple refused to answer that simple "yes" or "no" question, even though it would ***not*** require revealing confidential information.  Plaintiffs have not yet moved for a preliminary injunction because they are trying to avoid unnecessarily burdening the Court if there is no actual dispute.  Unfortunately, Plaintiffs may need to file such a motion because Apple refuses to provide basic information that may show the parties have no dispute.

c.   **Judge Early's Decision Does Not Frustrate This Court's Ability to Frame the Appropriate Scope of Discovery**

Third, Apple argues the Order "frustrates the Court's ability to frame the appropriate scope of trade secret discovery. . .."  Dkt. 57-1 at 11.  Apple claims "without an adequate Section 2019.210 disclosure, Apple has no way to determine which of Plaintiffs' discovery requests relate 'solely' to their trade secret claims and are untimely."  *Id.* at 11-12.  That makes no sense.  The scope of discovery is clear—discovery that would ordinarily be available in a patent infringement case.  The Court can, and Judge Early did, easily make that

-16-

determination without knowing if the information is **also** relevant to an entirely separate trade secret claim.   Indeed, the parties would have to make that determination even if Plaintiffs did not allege misappropriation of trade secrets in this case.   In contrast, Apple's rule would muddy the scope of discovery by forcing the parties to determine whether information is related **only** to patents.

### d.   <u>Judge Early's Decision Does Not Render Section 2019.210 Meaningless</u>

Fourth, Apple argues the Order renders Section 2019.210 "meaningless" because Plaintiffs can "take any discovery they wish" merely by "claiming that the discovery relates to another claim, like patent infringement . . .."  Dkt. 57-1 at 7.  But patent discovery will not be dictated by whether Plaintiffs' "claim" discovery relates to patent issues.  Judge Early reviewed the **actual** document requests at issue and found, at most, "only four" of the twenty-one requests at issue arguably sought "**some** of the same categories of information" relevant to Plaintiffs' trade secrets.  Dkt. 54 at 8.  That factual finding is well supported. *See* Section II.A, *supra*.

Apple argues RFP 12 and Plaintiffs' description of their trade secrets both reference similar **types** of technical documents.  *Id*. (e.g., technical drawings, technical diagrams, and engineering specifications and schematics).  It is not surprising that Plaintiffs' technical documents contain their trade secrets and Apple's technical documents are relevant to patent infringement.  That does not show Plaintiffs are seeking trade secret discovery through their RFPs.  Indeed, RFP 12—like most other RFPs at issue—is specifically directed to "the Accused Products" (i.e., infringing products).

Thus, Plaintiffs' RFPs are quintessential patent requests.  *See* Section II.A *supra.*  By contrast, trade secret RFPs would seek, for example, information about Apple's employment of Plaintiffs' former employees, whether and how those former employees provided Plaintiffs' confidential information to Apple,

communications with those former employees, and other trade secret information. Plaintiffs will serve such RFPs after providing the confidential Section 2019.210 disclosure. None of Apple's "policy" arguments support ignoring the clear language of the Scheduling Order, which is consistent with how courts throughout California interpret Section 2019.210.

## C.   **Apple's Requested Relief Far Exceeds Section 2019.210**

The Court should also affirm Judge Early's decision because Apple requested relief that far exceeds the scope of Section 2019.210. Apple initially made this overly broad demand in its portion of the Rule 26(f) Report, requesting that the Court order Plaintiffs to provide a statement that contained a (1) summary of the alleged trade secret, (2) the background of the trade secret, (3) contentions regarding economic value, (4) contentions regarding efforts to maintain secrecy, **and** (5) format the disclosure as a list of specific elements "as claims would appear at the end of a patent." Dkt. 33 at 20. The Court rejected Apple's request. *See* Dkt. 37 (requiring only "compliance with 2019.210").

Unsatisfied with this Court's Order, Apple's Motion for Protective Order asked Judge Early for the ***identical*** relief this Court denied. Dkt. 43-1 at 28. Apple appeared to acknowledge it was asking for ***more*** than mere compliance with Section 2019.210. *See id.* (requesting an order requiring Plaintiffs to "[1] identify their alleged trade secrets with the reasonable particularity Section 2019.210 requires; ***and*** [2] order Plaintiffs to serve on counsel a statement, under seal, that includes [the additional requirements]." Judge Early properly denied Apple's request. Dkt. 57.

Apple also requested Plaintiffs provide a Section 2019.210 statement by a date certain. Dkt. 43-5. That request is inconsistent with the statute, this Court's order, and Apple's own admissions. Section 2019.210 requires a plaintiff to identify its trade secrets "before commencing discovery" on the trade secret claim. Even though the legislature originally proposed requiring

-18-

disclosure within 30-days of filing suit (Ex. 15 at 163), the statute contains no such requirement.  Consistent with the statute, this Court "*stayed* trade secret discovery only" until Plaintiffs provided a disclosure.  Dkt. 37.  During an April 27 meet and confer, Apple admitted Section 2019.210 does *not* require disclosure by a date certain and volunteered that Plaintiffs could choose to never serve a Section 2019.210 disclosure if they chose not to pursue trade secret discovery.   Larson Decl. ¶ 2.   Thus, Judge Early properly denied Apple's request for a date certain.  Dkt. 57.  Apple identifies no error in that decision.

Finally, Apple may not—through these objections or otherwise—withhold the "core technical documents" required by this Court's Scheduling Order.  Apple sought no such relief from Judge Early and, as discussed above, Apple specifically represented to this Court that it is not relying on Section 2019.210 as a basis for withholding such documents.  Dkt. 56 at 7 n.2 (Section 2019.210 "is not a basis on which Apple relies" for withholding core technical documents under the Court's Scheduling Order); *see* Section II.D, *supra*.

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, the Court should overrule Apple's objections and order Apple to produce the documents requested by RFPs 5-25.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  June 29, 2020          By: */s/ Stephen W. Larson*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories

-19-