Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404 Facsimile:  (949)-760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**DECLARATION OF STEPHEN W. LARSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE INC.'S MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER**<br><br>Date:        7/20/2020<br>Time:        1:30 p.m.<br>Location:    Courtroom 10C |

I, Stephen W. Larson, hereby declare:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Defendants Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this declaration in support of Plaintiffs' Opposition to Apple Inc.'s Motion for Review of and Objections to Magistrate Judge Early's June 15, 2020 Order.

2.     On April 27, 2020, the parties met and conferred regarding Apple's Motion for a Protective Order.  During the meeting, Plaintiffs asked Apple if they had any authority for requiring a date certain for a plaintiff to provide a Section 2019.210 disclosure.  Apple responded that the statute does not provide a deadline other than before trade secret discovery.  Apple also stated the Plaintiffs do not have to serve a Section 2019.210 disclosure if they wanted to indefinitely delay trade secret discovery.  Apple also asserted Plaintiffs should provide their Section 2019.210 disclosure under an assurance of counsel to keep the disclosure "Attorneys Eyes Only."  However, Apple maintained that it need not disclose confidential information itself until after the Court enters a Protective Order.  Apple asserted Plaintiffs' Section 2019.210 disclosure was different than Apple's documents because a Section 2019.210 disclosure functions as a pleading.

3.     On June 18, 2020, I called Ilissa Samplin (who is counsel of record for Apple) and left her a voicemail at 12:09 pm PST describing Plaintiffs' anticipated ex parte application for an order requiring Apple to comply with the scheduling order by producing core technical documents and asking Ms. Samplin to return my call and inform me whether Apple would oppose.  Ms. Samplin returned my call at approximately 2:30 pm to discuss, but the parties were unable to reach agreement.  During the parties' meet and

confer, Apple took the position that Plaintiffs never suggested they were open to a reciprocal approach, where both parties would agree to produce confidential information prior to entry of the protective order.  But that is incorrect, as demonstrated by Exhibits 4-7 referenced below.  Moreover, during a previous April 27, 2020, conference of counsel, Plaintiffs indicated that any agreement to provide confidential information without a protective order needs to be reciprocal.  Apple responded by asserting that Plaintiffs should provide their confidential Section 2019.210 statement, but Apple should not have to provide confidential information.  During the parties' meet and confer in advance of Plaintiffs' ex parte application, Apple also suggested it might be open to a reciprocal approach only if Plaintiffs agreed to provide their 2019.210 statement on the same day that Apple provides its core technical documents.  Although that was another improper attempt to tie patent discovery to Plaintiffs' Section 2019.210 statement, I informed counsel for Apple that Plaintiffs were open to such an approach, and, if Apple wished to come to such an agreement, counsel from Apple should call me back.  Counsel for Apple never called me back.

4.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s First Set of Requests For Production of Documents To Defendant Apple Inc. (Nos. 1-25).

5.     Attached hereto as Exhibit 2 is a true and correct copy of U.S. Patent No. 10, 470,695.

6.     Attached hereto as Exhibit 3 is a true and correct copy of U.S. Patent No. 10, 433,776.

7.     Attached hereto as Exhibit 4 is a true and correct copy of an email from myself to Apple's counsel, including Ms. Samplin, at 2:05 pm PST on June 18, 2020.

8.     Attached hereto as Exhibit 5 is a true and correct copy of email from Mark Kachner (who is also counsel of record for Plaintiffs) to Ms. Samplin, copying an email distribution list that includes myself, at 5:48 pm PST on June 17, 2020.

9.     Attached hereto as Exhibit 6 is a true and correct copy of a true and correct copy of a letter sent from Adam Powell (who is counsel of record for Plaintiffs) to Angelique Kaounis (who is counsel of record for Apple) on May 11, 2020.

10.     Attached hereto as Exhibit 7 is a true and correct copy of a letter sent from Ms. Kaounis to Mr. Powell on May 15, 2020.

11.     Attached hereto as Exhibit 8 is a true and correct copy of the decision in *ScaleMP, Inc. v. TidalScale, Inc.*, No. 18-CV-4716 EDL, Dkt. 52 (N.D. Cal. Mar. 15, 2019).

12.     Attached hereto as Exhibit 9 is a true and correct copy of the First Amended Complaint filed in *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.* No. 8:19-cv-00220-JVS-JDE, Dkt. 30 (C.D. Cal. Apr. 10, 2019).

13.     Attached hereto as Exhibit 10 is a true and correct copy of a letter sent from Joshua Lerner (who is counsel of record for Apple) to Perry Oldham (who is also counsel of record for Plaintiffs) on March 27, 2020.

14.     Attached hereto as Exhibit 11 is a true and correct copy of email from Mr. Powell to Ms. Kaounis sent at 12:56 pm PST on April 7, 2020.

15.     Attached hereto as Exhibit 12 is a true and correct copy of Apple's proposed Joint Stipulation Extending Defendant Apple Inc.'s Deadline To Answer Plaintiff's First Amended Complaint sent by Ms. Samplin to Mr. Powell on June 28, 2020.

16.     Attached hereto as Exhibit 13 is a true and correct copy of the Hearing Transcript for the hearing held on February 27, 2014 in *Jobscience,*

*Inc., vs. CVPartners, Inc.* No. 3:13-cv-04519-WHA, Dkt No. 46 (N.D. Cal. Feb. 27, 2014).

17.     Attached hereto as Exhibit 14 is a true and correct copy of a letter sent from Mr. Oldham to H. Mark Lyon (who is counsel of record for Apple).

18.     Attached hereto as Exhibit 15 is a true and correct copy of what appears to be a memo from the State Bar of California regarding Assembly Bill 501.

19.     Attached hereto as Exhibit 16 is a true and correct copy of the decision in *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, Dkt. 72 (N.D. Cal. Mar. 24, 2011).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 29, 2020 at Lake Forrest, California.

 */s/ Stephen W. Larson*
Stephen W. Larson

33041394

-4-