# EXHIBIT 1

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Attorneys for Plaintiffs,
**Masimo Corporation and Cercacor Laboratories, Inc.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 1-25)**<br><br>Hon. James V. Selna |

Exhibit 1
-5-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S. Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695,

U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776. To the extent Masimo asserts additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple iOS Products" means products that use Apple's mobile iOS operating system.

7. "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

8. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

9. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

10. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

11. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

12. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

13. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

    a. the basis on which the privilege is claimed;

    b. the author or creator of the information, document, or thing;

    c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

    d. the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing. If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4. Produce each requested document or thing along with all non-identical drafts thereof. Furthermore, produce each document in its entirety, without abbreviation or redaction.

5. Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things that refer or relate to the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things that refer or relate to Apple's first awareness of

-3-

Exhibit 1
-8-

the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things that refer or relate to any efforts to design any of the Accused Products around the inventions claimed in the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning, evaluating, discussing, and/or commenting on the existence, infringement, or scope of the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the design and operation of the Accused Products.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things describing the operation of the Accused Products, including, without limitation, product brochures, user manuals, instructional materials, and directions for use.

**REQUEST FOR PRODUCTION NO. 7:**

All training materials concerning any of the Accused Products, including, without limitation, training manuals, training videos, presentations, and handouts.

**REQUEST FOR PRODUCTION NO. 8:**

All marketing materials concerning any of the Accused Products, including, without limitation, advertisements, promotional materials, pamphlets, brochures, product catalogs, websites, product brochures, informational materials, and videos.

**REQUEST FOR PRODUCTION NO. 9:**

All publications, articles, abstracts, papers, presentations, seminars, speeches, press releases, and internet postings relating to any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 10:**

All videos or DVDs demonstrating or showing the operation of the Accused Products.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of the physiological monitoring features of any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 12:**

All technical documents for the Accused Products, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things that refer or relate to technical information, specifications, and research data for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things concerning the research, design, and development of any of the Accused Products or any component of any of the Accused Products, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or

technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things that refer or relate to optical or structural components of any of the Accused Products, including emitters, sensors, detectors, filters, covers, lenses, masks, housing, adhesives, openings, magnets, magnetic shields, carriers, bodies, interior surfaces, walls, protrusions, and sensor subsystems.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things that refer or relate to any components, surface areas, or adhesives that separate light emitted by LEDs from other components of any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the operation of any algorithms used to monitor any physiological parameter in any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show the operation of any heart rate algorithms used in any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things that refer or relate to the development of the heart rate algorithms for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things that refer or relate to selection between any heart rate algorithms used in any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things that refer or relate to power consumption by any heart rate algorithms used in any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that refer or relate to the operation of any LEDs used to determine pulse rate or heart rate for any of the Accused Products, including but not limited to documents and things that refer or relate to LED timing, duty cycle, current, or power usage.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things that refer or relate to collecting first heart rate metrics using a first technique during a first period and collecting second heart rate metrics using a second technique during a second period for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on user input for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on a change in operating mode for any of the Accused Products.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 16, 2020     By: */s/ Stephen W. Larson*
　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　Stephen W. Larson

　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On March 16, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 1-25)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

JOSHUA H. LERNER
jlerner@gibsondunn.com

H. MARK LYON,
mlyon@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on March 16, 2020, at Irvine, California.

*[signature]*

Karina Villanueva

32027361