# EXHIBIT 4

| | |
|---|---|
| From: | Stephen.Larson |
| To: | Samplin, Ilissa; Masimo.Apple; Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique; Rosenthal, Brian A.; Morgan, Tracy A. |
| Cc: | Joe.Re; Steve.Jensen; Perry.Oldham; Adam.Powell; Andrea, Brian |
| Subject: | RE: Masimo v. Apple: ex parte application to enforce scheduling order |
| Date: | Thursday, June 18, 2020 2:04:59 PM |

Ilissa,

We disagree with your assertion that we are attempting to "hold Apple to a different standard" than Plaintiffs. Plaintiffs have repeatedly suggested a reciprocal approach whereby both parties produce confidential information and keep it AEO. Apple has repeatedly rejected those offers and insisted that Plaintiffs provide confidential information while Apple is not required to do so.

Moreover, Apple should not be surprised that Plaintiffs are seeking this relief. Plaintiffs raised concerns about Apple complying with this deadline last Friday, and Apple ignored Plaintiffs' email. Plaintiffs raised this issue again yesterday and Apple ignored that email as well. I also called you and two other members of your team today to discuss this matter, and no one from your team has called me back. Further, the parties have extensively discussed these issues in numerous emails and attorney conferences, and are obviously at an impasse. Indeed, your email again asserts Apple's position that a "Protective Order must be entered before Apple produces any non-public, technical information to Plaintiffs." We disagree with that position, which will result in substantial delay and prejudice Plaintiffs' ability to provide infringement contentions in accordance with the Scheduling Order. Given that deadline, and Apple's refusal to produce documents in accordance with the Scheduling Order, *ex parte* relief is more than appropriate under the circumstances. If you are now suggesting Apple is willing to promptly provide its core technical documents before entry of a formal protective order please let us know by 4 p.m. PST. If not, we will inform the Court that Apple will oppose Plaintiff's application.

Thanks,
Steve

---

**From:** Samplin, Ilissa [mailto:ISamplin@gibsondunn.com]
**Sent:** Thursday, June 18, 2020 1:10 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: ex parte application to enforce scheduling order

Steve,

**Exhibit 4**
**-65-**

We are surprised by your email.

As you know, Apple's technical information related to the accused products is highly confidential and there is not yet a Protective Order in place. And both iterations of the Protective Order the parties are proposing (for which we expect to receive Plaintiffs' portion of the joint stipulation tomorrow) include important protections for highly confidential documents like these that extend well beyond the restriction of their use by and disclosure to outside counsel. A Protective Order must be entered before Apple produces any non-public, technical information to Plaintiffs. Notably, Plaintiffs have taken the exact same position with respect to their allegedly confidential information. Plaintiffs have refused to produce complete interrogatory responses, a 2019.210 statement, or trade secret-related discovery until a Protective Order is entered (even though Apple offered to treat such information as attorneys' eyes only pending entry of a Protective Order). Moreover, Plaintiffs' document productions to date have consisted of entirely public information, pending entry of a Protective Order. There is no basis for Plaintiffs' inconsistent positions, and blatant attempt to hold Apple to a different standard than the one by which they have been guiding their own discovery conduct.

Nor is there any basis for Plaintiffs to move for ex parte relief. As the Central District has explained, "ex parte applications are disfavored except in true emergencies." *Gilliam v. Bank of Am., N.A.*, 2017 WL 11001706, at *1 (C.D. Cal. Aug. 21, 2017). Given that Plaintiffs are seeking to modify the scheduling order, and if successful, will still have 42 days to file their infringement contentions, there is no "true emergency" here. Plaintiffs therefore cannot make the requisite good cause showing as to why a regularly-noticed motion would be insufficient. Moreover, the Central District does not permit the filing of discovery motions on an ex parte basis, which is precisely what Plaintiffs seek to do here (the relief requested in your point 1 below is that of a motion to compel). *See* L.R. 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."). Accordingly, a full-fledged meet-and-confer process is required for Plaintiffs' motion. Plaintiffs have not even attempted to engage in that meet-and-confer process yet —but rather have taken inconsistent positions on productions in the absence of a protective order, while threatening to go to Court within just a few hours of giving Apple notice of the dispute.

Apple is ready and willing to engage in the meet-and-confer process the Local Rules require. Please let us know your team's availability for a call tomorrow. If you refuse, and instead move forward with the ex parte, we will be sure to let the Court know that Plaintiffs resisted Apple's requests for a Local Rule-compliant meet and confer.

Thanks,
Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354

**Exhibit 4**
**-66-**

ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, June 18, 2020 12:05 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Cc:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** Masimo v. Apple: ex parte application to enforce scheduling order

[External Email]
Counsel,

Plaintiffs intend to file an *ex parte* application today seeking an order (1) requiring Apple to comply with the Scheduling Order by producing core technical documents and (2) modifying the Scheduling Order such that Plaintiffs' infringement contentions are due 42 days after Apple provides such a production. Please let us know if Apple will oppose.

Thanks,
Steve

**Stephen Larson**
Partner
949-721-5301 **Direct**

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 4**
**-67-**