# EXHIBIT 6

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

May 11, 2020

**VIA EMAIL**

Angelique Kaounis
Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067

Re:   Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Angelique:

We write pursuant to Local Rule 37-1 to address deficiencies in Apple's Objections and Responses to Plaintiffs' First Set of Requests For Production. Plaintiffs' review of Apple's responses is ongoing, and Plaintiffs reserve the right to raise additional issues identified at a later date.

**Section 2019.210**: Apple objected to each RFP (except for RFP No. 2), as "premature on the ground that Plaintiffs have not identified their purported trade secrets with reasonable particularity, as required by Section 2019.210, and therefore are not permitted to commence such discovery." The Court's scheduling order "stay[ed] the trade secret discovery *only* pending compliance with 2019.210." Dkt. No. 37 (emphasis added). Each of Plaintiffs' RFPs 1-25 relate to patent discovery and therefore are not subject to the Court's stay of trade secret discovery *only*. As you know, the parties briefed this issue in Apple's pending Motion for Protective Order. *See* Dkt. No. 43. Please confirm Apple will abide by the Court's ruling on that Motion or identify any aspect of this objection that Apple believes is not at issue in the Motion for Protective Order.

**Protective Order and ESI Agreement**: Apple refused to produce any documents until "entry of an acceptable protective order and ESI stipulation in this action." Apple's position is inconsistent with Apple's assertion that Plaintiffs should provide confidential information prior to entry of a protective order. Please confirm whether Apple asserts all parties or no party should produce confidential information prior to entry of a protective order. In addition, please confirm Apple will produce documents that do not require electronic searching pending entry of an ESI stipulation. Apple also states it will produce only information that is located via search terms. During the conference of counsel on the ESI agreement, the parties discussed and agreed that search terms alone would *not* satisfy their discovery obligations. Please confirm Apple will withdraw this objection.

**Temporal Scope:** Apple objects to most of Plaintiffs' RFPs on the ground that they are "vague, ambiguous, overly broad, and unduly burdensome" because the request does not identify a relevant time period. There is no need for an artificial time limit for any of these requests. If Apple believes that any particular request should be limited to a specific time period, please identify the request, the proposed time period, the basis for the request, and the basis for withholding responsive documents from outside the time period.

**Boilerplate Objections**: Apple raises other boilerplate objections that are not specific to the requests and do not serve as a basis to withhold relevant discovery. For example, Apple objects to numerous requests on the ground they seek publicly available documents, or documents that Apple suspects may already be in Plaintiffs' possession. This is not a basis to withhold relevant discovery. For further example, Apple objects to certain requests that use "undefined terms" such as but not limited to: "instructional materials," "directions for use," "concerning," "evaluating," "training manuals," "training videos," "marketing materials," "promotional materials," internet postings," "physiological monitoring features," "physiological parameter," "heart rate algorithms," and "adhesives." There is no need to define such terms. Apple should respond to these requests using the plain and ordinary meaning of these terms. Please confirm Apple is not using these objections as a basis to withhold requested discovery.

**RFP No. 3-4, 12-25**: Apple objects to these requests on the ground that they are not "limited to the asserted claims . . .." That is not a basis to withhold discovery. For example, all efforts to design-around the asserted patents, even if regarding unasserted claims, are relevant and discoverable. Additionally, the Court already denied Apple's request for an early date requiring Plaintiffs to limit the number of asserted claims. Please confirm Apple will withdraw this objection and is not relying on it as a basis to withhold documents.

**RFP Nos. 2, 3, and 10**: Apple limited its response to documents "sufficient to show" certain information even though these requests were not so limited. Please confirm Apple will produce the full scope of requested documents.

**RFP Nos. 5-8, 10-25:** Apple improperly agreed to produce only "public documents." These requests are not limited to public documents. Please confirm Apple will produce documents on the full scope of these Requests including non-public documents.

**RFP No. 11, 15-25:** Apple improperly agreed to produce documents responsive to the "unobjectionable scope" of these requests. Apple's responses include many improper objections discussed throughout this letter. Please confirm Apple will produce documents on the full scope of these Requests, or state with specificity what responsive documents Apple is withholding and the basis therefore.

**RFP No. 9:** Apple refused to produce responsive documents and states it is willing to meet and confer. This request seeks clearly relevant documents. We look forward to discussing Apple's objection.

Please let us know your availability within the next ten days to meet and confer to address the issues raised in this letter. We suggest doing so when the parties discuss Apple's letter to Plaintiffs' concerning Plaintiffs' responses to Apple's Requests for Production, which Apple sent today. We are currently reviewing that letter and will provide our availability to meet and confer.

              Best regards,

              Adam B. Powell

32796726

**Exhibit 6**
**-79-**