# EXHIBIT 7

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

May 15, 2020

<u>VIA E-MAIL</u>

Adam Powell
Knobbe, Martens, Olen & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@Knobbe.com

Re:     *Masimo v. Apple* – Apple's Response to Plaintiffs' Rule 37-1 Letter

Dear Adam:

We write in response to your May 11, 2020 letter alleging certain deficiencies in Apple's Objections and Responses to Plaintiffs' First Set of Requests for Production.  Please note that Apple's review of Plaintiffs' May 11 letter is ongoing, and the responses below are not exhaustive.  Apple reserves the right to raise additional responses at a later date, including during the course of the parties' upcoming meet-and-confer calls.

***Section 2019.210***:  You are correct that the parties briefed this issue in connection with Apple's pending Motion for a Protective Order—and Apple stands by all of the arguments made in its portion of the parties' Joint Stipulation and in its Supplemental Memorandum. We can revisit this issue after Judge Early rules on that Motion.

***Protective Order and ESI Agreement***:  As we previously explained during meet-and-confer calls, Apple's position that it will not produce documents until a Protective Order is entered is not inconsistent with Apple's assertion that Plaintiffs should provide a Section 2019.210 disclosure with an attorneys' eyes only designation.  A Section 2019.210 disclosure is treated like a pleading.  *See, e.g.*, *Soc. Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012) ("[T]he trade secret designation mandated by section 2019.210 is not itself a pleading but it functions like one in a trade secret case because it limits the scope of discovery in much the same way as the allegations of a complaint limit discovery in other types of civil actions.").  That is not the case for documents produced in discovery. Plaintiffs' continued delay on this issue is antithetical to the purpose of Section 2019.210. With respect to your contentions about search terms, we respectfully submit that you are conflating issues.  The ESI stipulation is not limited to search terms, but rather governs the production of ESI generally.  Accordingly, Apple will not produce ESI until an ESI

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**Exhibit 7**
**-80-**

# GIBSON DUNN

Adam Powell
May 15, 2020
Page 2

stipulation has been entered, regardless of whether that ESI is to be identified and collected via search terms or by other means.

***Temporal Scope***:  Plaintiffs assertion that there is no need for "an artificial time limit for any of these requests" demonstrates its intention to submit Apple to unbounded and unnecessarily burdensome discovery.  Temporal limitations for discovery requests are standard— particularly requests propounded by plaintiffs who have superior knowledge of the relevant time periods at issue.  For example, it makes no sense that Plaintiffs are unwilling to identify a relevant time period for documents responsive to Plaintiffs' allegations of patent infringement when the Apple Watch 4 was released in September 2018.  Plaintiffs are in the best position to propose time period limitations here.

***"Boilerplate Objections"***:  We reject Plaintiffs' contention that these objections about the vague and undefined nature of terms used through Plaintiffs' Requests for Production are "boilerplate."  Plaintiffs failed to define numerous terms in their Requests for Production and now encourage Apple to respond to the Requests using "the plain and ordinary meaning of these terms" despite the potential that Plaintiffs and Apple will disagree as to the "plain and ordinary meaning" of these terms.  As one example, Plaintiffs seek production of "internet postings" relating to the Accused Products without any indication as to whether Plaintiffs intend for this request to cover only internet postings from Apple, or publicly-available internet postings from any number of third parties.  This underscores the reason for Apple's objection to Plaintiffs' requests that purport to require that Apple go through the burden and undue expense of identifying publicly-available "websites" or "internet postings"—as well as other publicly-available materials—that are equally available to Plaintiffs.  Please provide the basis for Plaintiffs' apparent contention that Apple must go through the burden and expense of identifying and producing publicly-available materials that are equally available to Plaintiffs (e.g., on the internet).  Moreover, given Plaintiffs' unwillingness to identify the intended scope of the vague terms used without definition in the Requests for Production, Apple expects that Plaintiffs will not object at a later time if Plaintiffs intended for the terms to have some broader meaning than the meaning interpreted by Apple; otherwise, Plaintiffs should identify their intended scope of these terms now.  Finally, Plaintiffs have not identified the specific Requests for Production impacted by this issue.

***RFP Nos. 3-4, 12-25***:  Plaintiffs are entitled to discovery that is relevant to any party's claim or defense and proportional to the needs of the case.  Yet Plaintiffs seek "all documents and things" relating to broad categories of documents that have no relevance to this case.  Plaintiffs are not entitled to subject Apple to a burdensome and expensive discovery process unrelated to the claims asserted in this case, nor are Plaintiffs entitled to a broad fishing expedition in hopes of concocting new causes of action.  If Plaintiffs contend that any of the identified Requests for Production seek information that is not within the scope of the

**Exhibit 7**
**-81-**

# GIBSON DUNN

Adam Powell
May 15, 2020
Page 3

asserted claims but would still fall within the allowed scope of discovery under Federal Rule of Civil Procedure 26, Apple invites Plaintiffs to identify the relevant Request and the basis for Plaintiffs' contention so that Apple can consider Plaintiffs' position.  Otherwise, Apple intends to stand on this objection.

*RFP Nos. 2, 3, and 10*:  Please be prepared to explain on our meet-and-confer call the basis for Plaintiffs' desire to subject Apple to the undue burden and expense of identifying and producing "all documents and things" in response to Request for Production Nos. 2, 3, and 10.  For example, documents sufficient to show Apple's first awareness of the Masimo Asserted Patents provides Plaintiffs with the notice information it seeks.  Documents sufficient to show efforts to design around the patents or videos demonstrating the operation of the Accused Products—to the extent such documents exist—similarly provide the information Plaintiffs need without subjecting Apple to the unnecessary and undue burden and expense of a search for "all documents and things."  We do not understand the basis for Plaintiffs' requests for more.

*RFP Nos. 5-8, 10-25*:  As explained above and in Apple's Responses and Objections to Plaintiffs' Requests for Production, Apple will revise its response to these Requests, to the extent necessary, after Plaintiffs have identified their purported trade secrets with reasonable particularity, as required by Section 2019.210 and Judge Selna's April 17, 2020 Order.  Until that time, Plaintiffs are not entitled to any discovery relating to their alleged trade secrets.

*RFP Nos. 11, 15-25*:  Apple has explained the basis for its objections to these Requests for Production and agreed to produce documents responsive to the unobjectionable scope of the Requests.  Apple will not simply agree to produce documents on the "full scope of these Requests" when aspects of the Requests plainly are objectionable.  To the extent Plaintiffs are willing to modify their Requests to address Apple's objections, Apple will consider those modifications.

*RFP No. 9:*  Apple will meet and confer with Plaintiffs regarding the scope of this Request during our call next week.  Plaintiffs' request for "publications, articles, abstracts, papers, presentations, seminars, speeches, press releases, and internet postings relating to the Accused Products"—nearly all of which would be publicly available—is unnecessarily and unduly burdensome, particularly without a subject matter limitation.  Please be prepared to explain what it is Plaintiffs are looking for here so that the parties can engage in a meaningful discussion next week about appropriate modifications to this Request.

**Exhibit 7**
**-82-**

# GIBSON DUNN

Adam Powell
May 15, 2020
Page 4

Sincerely,

Ilissa Samplin

cc:  all counsel of record

Exhibit 7
-83-