# EXHIBIT 15



# THE STATE BAR OF CALIFORNIA

*Office of the Legislative Representative*

1310 K STREET   SACRAMENTO, CALIFORNIA 95814

TELEPHONE (916) 444-2762

April 5, 1983

The Honorable Elihu Harris
Assemblyman, 13th District
State Capitol, Room 6031
Sacramento, CA 95814

Dear Assemblyman Harris:

RE: Assembly Bill 501

The State Bar Patent, Trademark and Copyright Section has reviewed the above-referenced measure and its comments and position are enclosed herewith.

It is the policy of the State Bar to refer various measures which affect the practice of law to the State Bar Committees or Sections for review and comment. The Patent, Trademark and Copyright Section, composed of legal experts and attorney practitioners in the area of patent, trademark and copyright law, has reviewed your measure and expressed the enclosed concerns. The comments are intended to provide input to the legislative process from the expertise and legal resources of the constituency of the State Bar. It should be emphasized that its position and comments are those of the Patent, Trademark and Copyright Section and not the State Bar.

The Office of the Legislative Representative may be contacted for further information.

Sincerely,

Peter Jenson
Legislative Representative

PJ:mc

enc.

cc: Rubin Lopez, Consultant
    Assembly Judiciary Committee



March 28, 1993

## ASSEMBLY BILL 501

### COMMENTS BY THE PATENT, TRADEMARK AND COPYRIGHT SECTION

I.  Background

The subject bill would codify the trade secret law in California. The Supreme Court has recognized the propriety of intellectual property rights (as trade secret rights) enforceable by state laws (Kewanee Oil Co. v. Bicron Corp. (S.Ct. 1974), 181 U.S.P.Q. 673. Such rights have been held enforceable for as long as the embodying product is sold (Aronson v. Quick Point Pencil Company (S.Ct. 1979), 201 U.S.P.Q. 1).

In California the law of trade secrets is established by case law, see Monolith Portland Midwest Company v. Kaiser Aluminum & Chemical Corporation et al. (C.A. 9 1969), 160 U.S.P.Q. 577. Generally, California recognizes the restatement definition of a trade secret, i.e. information which gives a party an opportunity to obtain an advantage over competitors (Restatement of Torts, Paragraph 757; Walker v. University Books, Inc. et al. (C.A. 9 1979), 202 U.S.P.Q. 793). A trade secret may constitute a customer list if the list is truly secret (Mayview Corporation et al. v. Rodstein et al. (C.A. 9 1973), 178 U.S.P.Q. 449).

A two-year statute of limitations is applicable to the California law of trade secrets (California Code of Civil Procedure, Section 339).

-1-

FF-31
NO.695 P016
01/13/99 15:34 WILSON SONSINI → 6195231340S
Exhibit 15
-159-

To support a cause of action for trade secret violation in California, a plaintiff must allege ultimate facts showing the existence of a specific trade secret. Under case law, general allegations of designs, processes, techniques, and know-how are inadequate (<u>Diodes, Inc. v. Franzen et al.</u>, 260 C.A.2d 244, 252). Unfortunately, the authority is not always followed. Any trade secret legislation should afford protection against unsupported trade secret litigation.

II. Summary of Proposed Legislation

AB 501 defines a trade secret in a rather limited context as a basis for injunctive relief. It provides for an injunction that shall be terminated when the trade secret has ceased to exist. The bill provides for permissive damages of the actual loss and exemplary damages if a misappropriation is "willful <u>and</u> malicious".

III. Section Position

Oppose unless amended.

IV. Reasons for Position

A. The subject matter of trade secret litigation is almost invariably complex and difficult. The profits from pirating a trade secret can be considerable with

-2-



Exhibit 15
-160-

extreme losses to the owner of the trade secret. Consequently, trade secrets can be enticing to former employees. From the opposite point of view, the trade secret law poses a threat for use by employers to restrain departed employees with baseless trade secret claims.

Against such a background, it is submitted that this legislation should be carefully analyzed and thoroughly considered by persons having a broad base of experience in the field.

B. The following specific changes are now urged in Assembly Bill 501:

1. Page 2, lines 34-35, delete: ", and not being readily ascertainable by proper means by,".

COMMENT:

The clause is somewhat redundant. Presumably, it is intended to further limit the preceding clause. However, if information "derives independent economic value,...from not being generally known" (page 2, lines 33, 34), it likely is not "readily ascertainable".

More significantly, the objectionable language could cast a cloud on most trade secrets by introducing another test. It would invite an argument in almost every trade secret case that, "since the 'trade secret' could have been reverse engineered, or could have been learned from a

-3-

Exhibit 15
-161-

literature search, or could have been compiled from other knowledge, it was 'readily ascertainable'".

The objectionable language would complicate the legal processes and impact negatively on trade secret rights by imposing another criterion.

2. Page 3, line 4, delete: "reasonable".

COMMENT:

The word is redundant. The bill specifies that an injunction be for a "period of time in order to eliminate commercial advantage" (page 3, line 5). Adding the word "reasonable" to the stated time criterion will only promote confusion.

3. Page 3, line 14, delete: "or in lieu of".

COMMENT:

It is submitted to be inappropriate to suggest the substitution of damages for injunctive relief. Plaintiff should be made whole where possible and the trade secrets should be preserved.

4. Page 3, line 20, change "and" to --or-- (connecting "willful and malicious").

COMMENT:

It is difficult to prove that an activity was "willful" or that it was "malicious". Either occurrence

-4-

Exhibit 15
-162-

is submitted as sufficient to constitute a basis for exemplary damages.

5. Page 4, line 19, add:

--3426.11 A person alleging trade secret misappropriation under this Title shall, before commencing discovery relating to the trade secret cause, and in no event later than thirty days after filing the action, identify the trade secrets in issue with particularity subject to such orders as may be appropriate under §3426.5.---

COMMENT:

The addition is intended to codify <u>Diodes, Inc.</u> and afford a measure of protection against the procedure of initiating an action to pursue extensive discovery without revelation of the trade secret or secrets.

These are the conclusions of several individual practitioners in the field. It would be wise and helpful to allow thirty days to check the conclusions with a broader spectrum of practitioners.

-5-



Exhibit 15
-164-

MARCH 2, 1983

MEMORANDUM

FROM: JOHN CARSON and GREG WOOD

RE: <u>UNIFORM TRADE SECRETS ACT</u>

The following are suggestions for improvement of the Uniform Trade Secrets Act if it is to be adopted in California.

1. In the definition Section 3426.1, subsection (d) at page 2, lines 30-37, it would be much better to use the definition of "trade secret" from existing California Penal Code §499c(3). The problems with the Uniform Act definition of "trade secret" are that:

   A. In addition to "not being generally known", the Section requires that in order for information to be a trade secret it must <u>also</u> "not be readily ascertainable by proper means." The phrase "readily ascertainable by proper means" can certainly be interpreted to include reverse engineering or independent creation. Since most trade secrets are capable of reverse engineering given sufficient time, and all are capable of independent creation, it is likely that much information presently considered to be a trade secret under California law would not be under the Uniform Act. For example, under the Uniform Act one might successfully argue that, while admitting the theft, the defendant should nevertheless not be penalized since the defendant could have reverse engineered the product in less than one year, thus satisfying the "readily ascertainable" test.

   It is submitted that the P.C. §499c definition is much more appropriate since it defines a "trade secret" as that which is secret. This would leave to Uniform Act §3426.2(a) the appropriate injunction period based on reverse engineering.

   B. In order for there to be a trade secret under the Section, information needs to be not generally known and not readily ascertainable by other persons "who can obtain economic value from its disclosure or use". This probably requires that the only persons qualified to test general knowledge or ready ascertainability are competitors. This would seem to be an undue limitation since general knowledge, even if by others than competitors, should disqualify the trade secret.



Exhibit 15
-165-

2.

Penal Code §499c(3) solves many of these problems by defining a trade secret as that which is "not generally available to the public, and which gives one who uses it an advantage over competitors who do not know of or use" it. This Penal Code Section definition, if substituted into the proposed Civil Code Section, would cure many of the problems stated above.

2. In proposed §3426.2(a), at page 3, line 4, the word "reasonable" should be deleted. The clause states that an injunction <u>may</u> be continued for an additional "reasonable" period of time in order to eliminate commercial advantage. The word "reasonable" seems to add nothing but confusion to the Section since the additional period of time is already to eliminate the commercial advantage. The concept of reasonableness is not appropriate where there is another definition of the period of time in the same section, that is, "in order to eliminate commercial advantage".

3. In proposed Sections 3426.3 and 3426.4, at various places the word "may" should be changed to --shall--. These instances occur at page 3, lines 15, 16, 21, and 27. In our experience, thefts of trade secrets are similar to the problems incurred with counterfeiting and with copyright infringement, that is, theft of trade secrets is easily accomplished and lucrative, but it is very difficult to prove and stop. Therefore, there is much incentive to do it, and not much incentive against it. This leads to the conclusion that just as in the counterfeiting and copyright infringement situations, damages and profits should (shall) be recovered, as well as exemplary damages, attorneys fees and costs in the appropriate situations. The amounts should be the only things that are within the discretion of the Court.

4. In proposed Section 3426.3(a), "or in lieu of" should be deleted. As stated in Paragraph 3, damages are hard to prove in any event, and the defendant should not escape with only an injunction where loss has been caused. Even more importantly, the plaintiff should be made whole where possible.

5. In §3426.3(b), page 3, line 20, and §3426.4, page 3, line 26, the word "and" should be changed to --or--. It is very difficult to prove either wilfullness or maliciousness, much less <u>both</u>. If the conjunctive "and" were retained, this would in effect eliminate, for all practical purposes, the possibility of ever awarding exemplary damages or attorney's fees, both of which are desirable.

6. In §3426.3(b), page 3, line 22, "twice" should be changed to --three times--. The reason for this change is the same



Exhibit 15
-166-

3.

as mentioned above (Paragraph 3) with regard to damages, that is, it is hard enough to discover and prove these causes of action, and an incentive is needed against these types of theft. No good reason is seen for the cap of twice rather than three times since the amount of the award is in the discretion of the Court "but not exceeding" the limit.

7. With regard to §3426.4, page 3, line 28, after "attorneys fees" there should be added --and costs--. We assume this was an oversight since it is more reasonable and usual to award costs than attorneys fees.

8. With regard to §3426.6, these provisions appear to be desirable. However, at page 3, line 40 - page 4, line 2, this sentence is unclear when read with the preceding sentence of that Section. The intent only becomes clear in reviewing the comments of the National Conference of Commissioners. It appears that they intended that the Statute of Limitations for both the initial taking and all subsequent uses begins running from the initial discovery of the misappropriation, and that this was the reason for adding this second sentence to the initial sentence of this Section which specifies a three year Statute of Limitations. If this is correct, we suggest that at the end of line 2 on page 4, after "claim" there be added the words --, and the three years for bringing an action in any way relating to the initial misappropriation or subsequent use runs from the discovery of or period for reasonable diligence after the initial misappropriation.--

9. One area not addressed by the Uniform Act is the area of plaintiff's abuse in initiating trade secret lawsuits for the purpose of harrassing or even driving a competitor out of business by forcing the competitor to spend large sums in defending unwarranted litigation. For example, where a plaintiff's employee quits and opens a competing business, a plaintiff often files a lawsuit for trade secret misappropriation which states that the defendant took and is using plaintiff's trade secrets, but does not identify the trade secrets. The plaintiff can then embark upon extensive discovery which the new business is ill equipped to afford. Furthermore, by not informing the defendant with any degree of specificity as to what the alleged trade secrets are, defendant may be forced to disclose its own business or trade secrets, even though those matters may be irrelevant, and the defendant may not learn of the exact nature of the supposedly misappropriated trade secrets until the eve of trial. Therefore, we suggest adding a new section which could read:



Exhibit 15
-167-

4.

(New Section) - Any person bringing an action alleging trade secret misappropriation shall, before discovery relating to the trade secret cause can be commenced by that party, but in any event no later than sixty days after filing the action, identify the trade secrets in issue with particularity subject to such orders as may be appropriate under §3426.5.

10. With regard to §3426.8, page 4, lines 7-10, we are not sure as to the intent of this Section. Does this mean that the California courts should consider themselves bound by case law in other jurisdictions? Does this mean that the courts should look to the legislative history of the National Conference of Commissioners? This Section should be made more specific or should be deleted.

Exhibit 15
-168-