Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404 Facsimile: (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

*Counsel for Defendants listed on next page.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PROPOSALS REGARDING THE REDUCTION OF CLAIMS AND PRIOR ART REFERENCES**<br><br>Hrg Date:  July 10, 2020<br>Time:        3:00 p.m.<br>Location:  Courtroom 10C<br><br>Discovery Cut-Off:      7/5/2021<br>Pre-Trial Conference:  3/21/2022<br>Trial:                          4/5/2022 |

1  JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
3  555 Mission Street Suite 3000
   San Francisco, CA 94105
4  Tel.:  415.393.8200 / Fax: 415.393.8306

5  H. MARK LYON, SBN 162061
6    mlyon@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
8  Palo Alto, CA 94304-1211
9  Tel.:  650.849.5300 / Fax: 650.849.5333

10 BRIAN M. BUROKER, *pro hac vice*
11   bburoker@gibsondunn.com
   BRIAN ANDREA, *pro hac vice*              ILISSA SAMPLIN, SBN 314018
12   bandrea@gibsondunn.com                  isamplin@gibsondunn.com
13 GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.             333 South Grand Avenue
14 Washington, DC 20036                      Los Angeles, CA 90071-3197
15 Tel.: 202.955.8541 / Fax: 202.467.0539    Tel.: 213.229.7000 / Fax: 213.229.7520

16 BRIAN A. ROSENTHAL, *pro hac vice*        ANGELIQUE KAOUNIS, SBN 209833
17   brosenthal@gibsondunn.com                 akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
18 200 Park Avenue                          2029 Century Park East Suite 4000
19 New York, NY 10166-0193                  Los Angeles, CA 90067
   Tel.: 212.351.2339 / Fax: 212.817.9539   Tel.: 310.552.8546 / Fax: 310.552.7026
20
   *Attorneys for Defendant Apple Inc.*
21
22
23
24
25
26
27
28

Pursuant to the Court's April 17, 2020, Order Re: Scheduling Dates (Dkt. 37), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") and Defendant APPLE INC. ("Apple") hereby submit their respective proposals in advance of the July 10, 2020, conference set by the Court.

## PLAINTIFFS' POSITION

### 1. It is Premature to Make Specific Case Focusing Proposals Now

The parties have insufficient information at this stage to finalize a concrete proposal for focusing the number of asserted claims and prior art. The Federal Circuit has recognized the possibility that "a claim selection comes too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *See e.g., In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1313, n.9 (Fed. Cir. 2011). Those circumstances exist here.

- This case is currently in the pleading stage. Apple has not yet answered the complaint and thus has not yet identified any defenses or asserted any counterclaims to the patents asserted by Plaintiffs.

- Apple has not yet produced any confidential technical documents for any accused product, despite having a June 15, 2020, deadline for producing "core technical documents." Dkt. 33 (Joint 26(f) Report) at 25-26; Dkt. 37.

- The parties agreed to, and the Court approved, a July 27, 2020, deadline for Plaintiffs' infringement contentions, and a September 7, 2020, deadline for Apple's invalidity contentions. Dkt. 33 (Joint 26(f) Report) at 25-26; Dkt. 37. Those contention exchanges have not yet occurred.

Because these threshold events have not yet occurred, it is premature for the parties to propose specific parameters as to how Plaintiffs' infringement case, Apple's defenses to that case, or any Apple counterclaims should be

focused. Any such parameters would be arbitrary without the additional information that will be exchanged by the parties in due course through the pleading and contention process. The early deadlines proposed by Apple would require Plaintiffs to select asserted claims in the next few weeks before Apple has identified its defenses or produced any confidential technical documents.

Apple's proposal is precisely the type of improper and prejudicial early claim selection requirement that would deny Plaintiffs the opportunity to fully evaluate the issues of infringement and validity in this action. *Carl Zeiss AG v. Nikon,* 2018 WL 1858183, at *1 (C.D. Cal. Mar. 1, 2018) (Klausner, J.) (denying motion to limit claims where fact discovery was ongoing and "the parties still have time to exchange significant information that may assist Plaintiffs in deciding how to limit the claims"); *Regents of the University of Minnesota v. AT&T Mobility LLC*, 2016 WL 7670604, at *2-*3 (D. Minn. Dec. 1, 2016), *adopted*, 2017 WL 102962 (D. Minn. 2017) ("To grant the relief requested by Defendants, the Court would not be partaking in a well-reasoned procedure under a workable standard, but would instead be engaging in metaphysical conjecture to choose a number that sounds reasonable as compared to numbers in other cases—cases that do not involve subject matter as technically complicated or pervasive as that here").

Several courts address this issue by allowing case focusing only after substantive exchanges. *See Adobe Sys. Inc. v. Wowza Media Sys. LLC*, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) (granting motion to limit claims at the completion of fact discovery); *Classen Immunotherapies, Inc. v. Biogen Idec,* 2013 WL 680379, at *4 (D. Md. Feb. 22, 2013) (ordering focusing of claims to occur after a claim construction ruling); *MyMedical Records, Inc. v. Walgreen Co.*, 2014 WL 2931695 (C.D. Cal. June 27, 2014) (same); *Gen-Probe Inc. v. Becton Dickinson and Co.*, 2012 WL 579490, at *3 (S.D. Cal. Feb. 22, 2012) (granting motion to limit claims after preliminary invalidity contentions).

Indeed, every case cited by Apple allowed case focusing only after substantive exchanges. *See Broadcom v. Sony*, No. 16-cv-01052-JVS-JCG (C.D. Cal. Sept. 29, 2016) (Powell Decl., Ex. 1) at 4 and 7 (scheduling order providing case focusing to occur according to "Model Order ¶ 2" after invalidity contentions and "Model Order ¶ 3" after the claim construction order); *Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322, at *5 (C.D. Cal. June 30, 2010) (case focusing after invalidity contentions); *Universal Elecs. Inc. v. Roku, Inc.*, Case No. SACV 18-1580 JVS, 2019 WL 1878351 (C.D. Cal. Mar. 14, 2019) (case focusing after contentions and completion of most technical document production, including source code); *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. 19-cv-00835-JVS Andrea Decl. Ex. B (focusing occurring after contentions); *Fisher & Paykel* (Powell Decl., Ex. 2) at 5:17-20 (case management conference transcript noting "if people need to pick and choose [claims], they need to have some sense of what the parties' respective contentions are"). Apple cites no case that supports its demand for case focusing to occur ***prior to*** contentions and document production.

**2. A Phased Approach to Case Focusing Is Appropriate**

Although requiring claim selection now would be premature, Plaintiffs nonetheless believe it would be appropriate for the Court to adopt a general process for case focusing now and to consider specific parameters later. In particular, after the exchange and review of infringement and invalidity contentions, the parties will be better positioned to make informed proposals regarding the specific number of selected claims and prior art references. For example, Plaintiffs will be in a better position to articulate which claims present distinct issues. Thus, Plaintiffs suggest the Court conduct a status conference in October 2020, after the parties have exchanged contentions, to discuss the specific parameters and timing for the focusing of claims and prior art.

/ / /

To the extent the Court wishes to entertain proposals now, Plaintiffs propose that the Court consider a phased approach in which the selected claims and prior art are focused to equal numbers after the parties have exchanged substantive positions, as this Court has done in other matters. One such example would be for the parties to focus the case in three stages to occur (1) after the exchange of contentions and prior to claim construction, (2) at the completion of fact discovery, and (3) at the end of expert discovery. Each round would focus the case to an equal ratio of claims to prior art.

Apple's proposal is prejudicial to Plaintiffs because it would require Plaintiffs to select claims in a vacuum without considering any of Apple's defenses or confidential technical documents. Indeed, Apple's own proposal in the parties' Rule 26(f) report contemplated Plaintiffs would at least have Apple's core technical documents before any focusing. Dkt. 33 at 26. Apple's argument that Plaintiffs do not need Apple's technical documents to understand the structure and operation of Apple's products is contrary to the approach to which Apple agreed and this Court adopted in the Scheduling Order. Despite this Court's Order, Apple has *continued* to withhold technical documents, representing to this Court that it is doing so solely because of the absence of a formal protective order. *See* Dkt. 56 at 7 n.2. But Judge Early has since promptly entered a Protective Order, Dkt. 67, and Apple has *still* not produced these documents. Plaintiffs need these documents, for example, to understand the Accused Products' operation at different power consumption levels (*see, e.g.*, Claim 1 of the '703 patent, Claim 1 of the '776 patent) and operation according to different protocols to determine pulse rate (*see, e.g.*, Claim 1 of the '776 patent).

Moreover, Apple has refused to produce confidential technical documents in response to Plaintiffs' RFPs served over three months ago, despite this Court and Judge Early both rejecting Apple's position that patent discovery is stayed.

*See* Dkt. 64 at 3-5.  Apple should not be permitted to benefit from these self-help actions and force Plaintiffs to select asserted claims in the dark.

Apple's proposal to cap the number of claims that Plaintiffs can assert in this action for any specific patent, and to cap the total number of patents to be asserted, is also prejudicial to Plaintiffs' trial presentation.  Apple should not be able to dictate how Plaintiffs present their infringement case to the jury.

Apple attempts to show overlap in the asserted claims by cherry picking similar claim limitations while ignoring the existence of distinct claim limitations.  For example, Apple represents that "all" of the claims of the '265 patent and '190 patent are "identical" except for the two differences Apple identifies below.  In reality, Claim 1 of the '265 patent also recites "emitters of different wavelengths," while the '190 patent includes no such language.  Moreover, Apple fails to explain why the existence of patents with similar claim limitations would make it more difficult or burdensome for Apple to provide contentions.  If there are truly no substantive differences, Apple's contentions should be the same.

Finally, Apple incorrectly asserts Plaintiffs have refused to discuss these issues.  Apple provided its proposal to Plaintiffs by email and Plaintiffs responded in kind.  Both parties explained their proposals and positions via email.  Apple never requested any additional discussion.  Moreover, the parties previously discussed their positions on case focusing, including Apple's proposal below, when preparing the Rule 26(f) report.

Accordingly, Plaintiffs suggest that the Court consider specific case focusing proposals in October 2020 after the parties have completed the pleadings and exchanged infringement and invalidity contentions.

/ / /

/ / /

/ / /

## DEFENDANT APPLE'S POSITION

Apple's case narrowing proposal, which was set forth in the parties' Joint Rule 26(f) Report, is below:[1]

| Event | Proposed Deadline |
|---|---|
| Plaintiffs limits number of asserted claims to no more than 8 claims per patent and 32 claims total. | Deadline for infringement contentions (July 27, 2020). |
| Apple limits number of asserted prior art references to no more than 12 references per patent and 50 references total. | Deadline for invalidity contentions (September 7, 2020). |
| Plaintiffs reduces number of asserted patents to 6, number of asserted claims to no more than 3 claims per patent family, and 12 claims total. | 30 days after the Court's *Markman* decision. |
| Apple reduces number of asserted prior art references to no more than 6 references per patent and 25 references total. | 14 days after Plaintiffs reduce number of asserted claims. |

As this Court has noted, courts "routinely require plaintiffs to select for litigation a small number of the total asserted claims." *Broadcom Corp. v. Emulex Corp.*, Case No. SACV 09-01058-JVS(ANx), 2010 WL 11465322, at *5 (C.D. Cal. June 30, 2010). There should be no dispute that a staged approach to claim and prior art narrowing is appropriate in this case in particular. Plaintiffs assert twelve (12) patents that have **three hundred two (302) total claims**. While Apple does not yet know which of those claims Plaintiffs will assert in their infringement contentions in late July, it is hardly a stretch to allege that they will seek to assert a large percentage of those claims—likely numbering in the hundreds—especially given the substantial overlap in claim elements across many of those claims. Since Plaintiffs would never try such a

---

[1] In the Joint Rule 26(f) Report, Plaintiffs refused to provide a narrowing proposal, and instead stated that narrowing was "premature and one-sided," which is the same position they are taking now. Dkt. 33 at 24.

-6-

large case to a jury, they will necessarily drop the overwhelming majority of its claims—and very likely several asserted patents—before trial. *See Broadcom v. Sony*, Case No. 8:16-cv-01052-JVS-JCG (C.D. Cal. Sept. 12, 2016 Hearing Tr.) (Andrea Decl., Ex. A) at 12:8-10 ("I can't think of [a patent case] where we had more than six or eight claims."). It does not make any sense for the parties and the Court to litigate hundreds of claims that will never be tried; a structured, reasonable narrowing should be required.

Accordingly, Apple proposes that the Court place reasonable limits on the number of asserted claims—and likewise on Apple's asserted prior art references—that may be asserted in the parties' upcoming infringement and invalidity contentions. This will result in a reasonable starting place for the parties and Court to deal with claim construction. Apple then proposes a second round of reductions to both claims and prior art after the Court issues its *Markman* decision. Without such case narrowing, the parties and the Court will be required to address an exceedingly large number of claims in contentions, fact discovery, claim construction, expert discovery, and summary judgment. This "is an untenable proposition that would substantially drain the parties' and the Court's resources." *Broadcom*, 2010 WL 11465322 at *5.

Apple's proposed initial narrowing is consistent with case narrowing the Court has ordered in other cases, with some adjustments to address the unique circumstances presented by this case. *See Universal Elecs. Inc. v. Roku, Inc.*, Case No. SACV 18-1580 JVS, 2019 WL 1878351 (C.D. Cal. Mar. 14, 2019) (narrowing 106 claims from 9 patents to 25 claims and 35 prior art references prior to claim construction); *Broadcom*, 2010 WL 11465322 at *5 (narrowing 178 claims from 11 patents to 20 claims prior to claim construction); *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, Case No. SACV 19-00835 JVS (C.D. Cal. Nov. 8, 2019 Minutes) (Andrea Decl., Ex. B) (narrowing 133 claims from 10 patents to 40 claims and 40 prior art references prior to claim construction).

-7-

While the number of patents in this case is slightly higher than in those cases, the substantial overlap in the subject matter of the asserted patents warrants the same or even more restrictive narrowing in this case. Eight of the Asserted Patents in this case share an identical specification (the Poeze family), and have highly similar claims relating to the embodiment described in Figure 14D of the common specification. Indeed, all the independent claims of the Poeze family recite a sensor with similar structure, namely at least four detectors, at least one or two emitters, a housing and/or wall, and a cover or lens. While the Poeze family claims recite additional details regarding the sensor, there is substantial overlap across the patents. The additional limitations are repeated across many claims, in different combinations.[2] *Universal Elecs.*, 2019 WL 1878351 at *4 (finding that overlapping subject matter in asserted patents is "sufficient to justify a reduction").

The degree of overlap among the patents is demonstrated with two examples. The claims of the '265 patent and '190 patent are identical to each other except that the '265 patent claims a "plurality" of emitters rather than "one or more" emitters and that the '190 patent uses the term "raised edge" rather than "wall." Similarly, the claims of the '266 patent are identical to those of the '191 patent except that the '191 patent requires a housing to house detectors in a "circular portion" of the housing. Given that Plaintiffs can readily count the number of emitters in the accused products, and determine whether the accused "housing" is "circular" and has a "raised edge" or "wall," there is no need to litigate a near-duplicate set of claims. Many other examples abound; indeed the Poeze family is a study in redundant and vexatious patent claim drafting.

---

[2] For example, all or many of the Poeze patents include claims directed to a cover or lens having at least a portion that is "convex" (in all 8 patents) a cover or lens configured to conform tissue (in all 8 patents), detectors arranged in a "grid pattern" (in 6 patents), communications with a "mobile phone" or "handheld computing device" (in 6 patents), and a "touch-screen" (in 6 patents).

Limiting Plaintiffs to 32 total claims, and no more than 8 claims from a particular patent, is therefore highly appropriate especially in this case.

The timing of Apple's proposed narrowing is reasonable and appropriate. Ten of the twelve Asserted Patents (including the Poeze family, the '994 patent and the '695 patent) are directed to physical devices that are asserted against the structural elements of the Apple Watch. Plaintiffs' position, in which it refuses to even propose a specific plan for narrowing this case despite the Court's order to do so, would not have any narrowing at all at least until after the parties exchange contentions. This would result in the parties generating thousands of pages of contentions on likely hundreds of claims, only to then remove a large percentage of the claims immediately thereafter. That is the epitome of waste. Plaintiffs arguments that they require Apple's confidential technical documents before they can "articulate" which claims they want to assert is simply a further attempt to delay litigating the case they filed, as they have done from the outset of the case. As discussed, Plaintiffs should have no difficulty determining which claims it wants to assert from its patents now, as no discovery is needed to assess the mechanical structure of the product.[3] In any event, if Plaintiffs really need Apple's confidential documents to prepare their infringement contentions, the deadline for the parties' contentions can be pushed back by a reasonable time, which would also push back the date for narrowing claims.

Apple also proposes a second narrowing after the Court issues its *Markman* decision, with a further limitation on the total number of asserted patents (Apple proposes limiting to no more than six patents). At that stage, Plaintiffs will be able to make a fully informed decision as to which patents and claims they want to continue to pursue. By then Plaintiffs will have full view

---

[3] Notably, this Court's typical procedure is to follow the Northern District of California's patent rules, which require disclosure of infringement contentions before the accused infringer provides its confidential technical documents.

-9-

into its infringement case and Apple's invalidity case, and will have the benefit of the Court's constructions. At that point, given the substantial overlap in subject matter of the claims, there would be no reason for the parties and Court to be burdened with 12 patents for expert discovery and summary judgment, when there is no chance that that many patents will be tried. Apple's proposal of 12 claims at that stage, and no more than 3 per patent family, reflects a reasonable number of claims to be tried, and thus a reasonable number of claims for the parties to litigate in expert discovery and summary judgment.

Apple made the same proposed two-stage reduction proposal to Plaintiffs before the submission of the Rule 26(f) statement, and Plaintiffs then refused to provide any counter-proposal. Now Apple has again sought to engage with Plaintiffs to try to come up with a reasonable plan and Plaintiffs again refuse to provide any proposal to narrow this case.[4] Indeed, Plaintiffs did not even accept Apple's invitation to discuss the issue. Plaintiffs' refusal to engage in a narrowing discussion, especially when they brought a 12-patent case with highly overlapping subject matter across hundreds of claims, is inappropriate. Apple respectfully submits that the Court should issue a case-narrowing order in line with Apple's proposal so that this case can be reasonably litigated by the parties and the Court.

/ / /

/ / /

/ / /

/ / /

---

[4] Plaintiffs argument that any narrowing should involve "equal numbers" of claims and prior art should be rejected. As this Court recognized when presented with the same exact argument, a higher number of prior art references is appropriate because "[i]nvalidity arguments based on obviousness for a single claim often require a combination of two, three, or more prior art references." *Universal Elecs.*, 2019 WL 1878351 at *5.

-10-

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: July 3, 2020 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re<br>Stephen C. Jensen<br>Perry D. Oldham<br>Stephen W. Larson<br>Adam B. Powell |
|   | Attorneys for Plaintiffs,<br>Masimo Corporation and<br>Cercacor Laboratories |
|   | GIBSON, DUNN & CRUTCHER LLP |
| Dated: July 3, 2020 | By: */s/ Brian Andrea (with permission)* |
|   | Joshua H. Lerner<br>H. Mark Lyon<br>Brian M. Buroker<br>Brian A. Rosenthal<br>Ilissa Samplin<br>Angelique Kaounis<br>Brian Andrea |
|   | Attorneys for Defendant Apple Inc. |

### ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)

Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from each of the signatories above.

*/s/ Adam B. Powell*
Adam B. Powell

33035331

-11-