JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DECLARATION OF BRIAN ANDREA IN SUPPORT OF JOINT SUBMISSION REGARDING REDUCTION OF CLAIMS AND PRIOR ART REFERENCES**<br><br>Discovery Cut-Off:    7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:                        4/5/2022<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

I, Brian Andrea, declare and state as follows:

1.     I am an attorney permitted to practice law before this Court *pro hac vice* and am licensed to practice law in the District of Columbia and the Commonwealth of Virginia.  I am an associate with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action.

2.     I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3.     I make this declaration in support of the parties' Joint Submission Regarding Reduction of Claims and Prior Art References.

4.     Attached hereto as **Exhibit A** is a true and correct copy of a transcript of the hearing dated September 12, 2016 in *Broadcom v. Sony*, Case No. 8:16-cv-01052-JVS-JCG (C.D. Cal.).

5.     Attached hereto as **Exhibit B** is a true and correct copy of the minutes from the status conference dated November 8, 2019 in *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, Case No. SACV 19-00835 JVS (C.D. Cal.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of July, 2020, in Washington, D.C.


By:   /s/ *Brian Andrea*
          Brian Andrea

Gibson, Dunn &
Crutcher LLP

1

# EXHIBIT A

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

– – –

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

BROADCOM CORPORATION, et al.,  )
                  Plaintiffs,  )
     vs.                       )
                               )   SACV-16-01052-JVS
SONY CORPORATION, et al.,      )
                  Defendants.  )
------------------------------)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

September 12, 2016


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870


SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

2

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiffs:

 3   BRUCE S. SOSTEK

 4   VISHAL PATEL

 5   THOMPSON & KNIGHT, LLP

 6   One Arts Plaza

 7   1722 Routh Street, Suite 1500

 8   Dallas, Texas  75201

 9   (214) 969-1237

10
     For the Defendants:
11
     LUKE L. DAUCHOT
12   KIRKLAND & ELLIS
     333 South Hope Street
13   Los Angeles, CA  90071
     (213) 680-8400
14
     DAVID ROKACH
15   KIRKLAND & ELLIS
     300 North LaSalle Street
16   Chicago, IL  60654
     (312) 862-3169
17

18

19

20

21

22

23

24

25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

3

|       |    |                                                                                    |
|-------|----|------------------------------------------------------------------------------------|
|       | 1  | SANTA ANA, CALIFORNIA; MONDAY, SEPTEMBER 12, 2016; 1:47 P.M.                        |
| 01:47 | 2  | THE CLERK:  Item No. 13, SACV-16-01052-JVS,                                         |
| 01:47 | 3  | Broadcom Corporation, et al., versus Sony Corporation, et                           |
| 01:47 | 4  | al.                                                                                 |
| 01:47 | 5  | Counsel, please step forward and state your                                        |
| 01:47 | 6  | appearances.                                                                        |
| 01:47 | 7  | MR. SOSTEK:  Good afternoon, Your Honor.  Bruce                                     |
| 01:47 | 8  | Sostek for Broadcom Corporation.  I'm here with my colleague                        |
| 01:47 | 9  | Vishal Patel.                                                                       |
| 01:47 | 10 | MR. DAUCHOT:  Good afternoon, Your Honor.  Luke                                     |
| 01:47 | 11 | Dauchot here on behalf of the defendants, and here with me                          |
| 01:48 | 12 | today is my colleague David Rokach.                                                 |
| 01:48 | 13 | THE COURT:  Does anyone else want to enter an                                       |
| 01:48 | 14 | appearance?                                                                         |
| 01:48 | 15 | MR. GILBERT:  Good afternoon, Your Honor.  Tom                                      |
| 01:48 | 16 | Gilbert with counsel, and I am also local counsel for the                           |
| 01:48 | 17 | plaintiffs.                                                                         |
| 01:48 | 18 | THE COURT:  Good afternoon.                                                         |
| 01:48 | 19 | I trust you have all had a chance to review the                                     |
| 01:48 | 20 | tentative.                                                                          |
| 01:48 | 21 | MR. SOSTEK:  We have, Your Honor.                                                   |
| 01:48 | 22 | MR. DAUCHOT:  We have.                                                              |
| 01:48 | 23 | THE COURT:  It's Sony's motion.                                                     |
| 01:48 | 24 | Mr. Dauchot.                                                                        |
| 01:48 | 25 | MR. DAUCHOT:  Your Honor, we are inclined to leave                                  |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

01:48    1    it as the tentative unless the Court is interested in

01:48    2    engaging in further argument.  We have read the tentative.

01:48    3    We obviously have a difference in perspective, but as far as

01:48    4    we are concerned, we are prepared to rest on the Court's

01:48    5    tentative and the briefing as it is.

01:48    6           THE COURT:  That's fine.  Then the tentative is

01:48    7    going to be the order of the Court.  The motion certainly

01:48    8    isn't frivolous, but I think when one takes a step back and

01:49    9    puts it in the perspective of what the available factual

01:49   10    discovery is in the Northern District and the scope of Judge

01:49   11    Chen's activities, it's really not a reason to send the case

01:49   12    to the Northern District, so that's where I come out.

01:49   13           MR. DAUCHOT:  I understand, Your Honor, and we

01:49   14    appreciate the Court's consideration.

01:49   15           THE COURT:  Thank you.

01:49   16           Then let's move to the pretrial conference.  The

01:49   17    parties provide an approach to narrowing the number of

01:49   18    patents and claims, and I'm not adverse to that approach,

01:49   19    but it's clear to me that some substantial narrowing has to

01:49   20    be made here.  We are not going to try ten patents to the

01:49   21    jury if there is only one claim under each patent.

01:49   22           In other cases, I have required the parties to

01:49   23    limit up front -- the plaintiff to limit up front the number

01:49   24    of patents and have gone from there, but I'm willing to go

01:50   25    down the path of the model order, which the parties seem to

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

5

01:50 | 1 | accept as a matter of structure and approach on the
01:50 | 2 | differences of the number of claims to be asserted at each
01:50 | 3 | stage and the number of invalidity references to be asserted
01:50 | 4 | at each stage.  So I'm willing to adopt the basic approach
01:50 | 5 | that you suggest.
01:50 | 6 | Why don't we walk through the schedule.  I would
01:50 | 7 | ask you to keep good notes on this.  What I would like you
01:50 | 8 | to do following the conference today is to prepare a joint
01:50 | 9 | order memorializing all of the rulings that I make as we go
01:50 | 10 | step by step.  I want to make sure that everybody is in sync
01:50 | 11 | as to what your marching orders are and if any adjustments
01:50 | 12 | need to be made give you an opportunity to submit a joint
01:50 | 13 | proposed to me of any differences outside of what you can
01:51 | 14 | agree to okay.
01:51 | 15 | In terms of an overall timetable, this matter was
01:51 | 16 | filed in June 2016.  I think that two years to trial is
01:51 | 17 | plenty enough for a patent, so I'm going to adopt the
01:51 | 18 | plaintiffs' basic outline for a trial schedule leading to a
01:51 | 19 | trial June 12, 2018, a jury trial.
01:51 | 20 | Do you want to be heard on that, Mr. Dauchot?
01:51 | 21 | MR. DAUCHOT:  No, Your Honor.
01:51 | 22 | THE COURT:  Okay.
01:51 | 23 | MR. DAUCHOT:  Your Honor, just as a matter of
01:51 | 24 | protocol, do you mind if we stay seated?
01:51 | 25 | THE COURT:  No.  It's a working session.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

6

| | |
|---|---|
| 01:51 | 1 |
| 01:51 | 2 |
| 01:51 | 3 |
| 01:51 | 4 |
| 01:51 | 5 |

01:51    1          MR. DAUCHOT:  So we can stay seated?

01:51    2          THE COURT:  Please.

01:51    3          MR. DAUCHOT:  Thank you, Your Honor.

01:51    4          MR. SOSTEK:  Thank you, Your Honor.

01:51    5          THE COURT:  If for any reason we do need findings

01:51    6    of fact and conclusions of law, they will be due a week in

01:51    7    advance of trial, which would be -- well, let's make it May

01:52    8    25, 2018.  We will do the final pretrial conference -- let's

01:52    9    think about this.  May 28 is Memorial Day in 2018.  What I

01:52   10    would normally do is just take this up at 8:30 a.m. the next

01:52   11    morning, but I suspect that we will have a lot more to do at

01:52   12    the pretrial conference than your typical pretrial

01:52   13    conference.  So why don't we just put this to 3:00 on the

01:52   14    29th.  I think that will give us plenty of time to consider

01:52   15    whatever in-limine motions you bring, as well as any other

01:52   16    matters appropriately dealt with at the pretrial conference.

01:52   17    So May 29 at 3:00 p.m. for the pretrial conference.

01:52   18          Last to lodge the pretrial papers will be May 21,

01:53   19    2018.  Last for filing motions in-limine April 30, 2018.

01:53   20          MR. DAUCHOT:  Your Honor, may I be heard?

01:53   21          THE COURT:  Sure.

01:53   22          MR. DAUCHOT:  Just on the in-limine issues, you

01:53   23    touched on something that we considered with the in-limines.

01:53   24    The way Your Honor has just articulated the final pretrial

01:53   25    is we will have a hearing and rulings -- well, I don't know

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
01:53    1    when the rulings will come, but --

01:53    2              THE COURT:  Well, pretty quickly.

01:53    3              MR. DAUCHOT:  Here's the issue.  Assuming that

01:53    4    these in-limines touch on case critical issues, which they

01:53    5    often do, you know, experts, Daubert issues, that type of

01:53    6    thing, is this enough time?

01:53    7              THE COURT:  Well, I will go along with this.  I

01:53    8    typically hear the Daubert motions as in-limine motions -- I

01:53    9    hear all those at the pretrial conference, but you are

01:53   10    proposing that the last for dispositive motions as well as

01:54   11    Daubert motions be heard on the same date.  And to the

01:54   12    extent we are really talking about critical rulings, you

01:54   13    will have the Daubert motions at the same time you have the

01:54   14    dispositive motions, which I think gives you enough time

01:54   15    from April 23, 2018, to the time of the pretrial conference.

01:54   16    I generally get these rulings out within a day or two.

01:54   17    That's one of the beauties of having a tentative system.

01:54   18              MR. DAUCHOT:  That's fine.  We have all been

01:54   19    caught in situations where the in-limine rulings don't come

01:54   20    until the day before trial starts, and --

01:54   21              THE COURT:  Well, how can you draft a pretrial

01:54   22    conference -- well, at least with regard to the dispositive

01:55   23    motions, I appreciate that.  You need to know what we are

01:55   24    going to try before you draft the Pretrial Conference Order.

01:55   25    If we need to make some adjustments as we go down the line,
```

01:55   1   fine.  But I'll take your suggestion, and we will make the

01:55   2   last for Daubert motions the last for dispositive motions.

01:55   3   So the last for hearing those will be 1:30 p.m. on April 23,

01:55   4   2018.

01:55   5          Then the last for hand-serving simple motions

01:55   6   in-limine -- well, perhaps not so simple but the ones that

01:55   7   are only motions in-limine will be April 30, 2018, filing

01:55   8   and hand-serving.  Last for filing and hand-serving

01:55   9   dispositive motions including Daubert motions March 16,

01:55   10  2018.  In terms of expert discovery, initial disclosures

01:56   11  December 8, 2017.  Rebuttal disclosures February 2, 2018.

01:56   12  Expert discovery cutoff March 6, 2018.  Nonexpert discovery

01:56   13  cutoff October 13, 2017.

01:56   14         Then we come to the narrowing provisions.

01:56   15  Plaintiff would comply with Paragraph 3, essentially the

01:56   16  final selection of claims 28 days after the Markman ruling,

01:56   17  and then the defendants will file their responsive

01:56   18  invalidity references 14 days after the plaintiff.

01:57   19         Then for the last to conduct a settlement

01:57   20  conference, you propose May 31, 2017.  Your settlement

01:57   21  mechanism is you are going to mediate.  So with regard to

01:57   22  the settlement procedure, whenever you hold the mediation,

01:57   23  would you put in a joint report within seven days letting me

01:57   24  know generally what progress you have been able to make, and

01:57   25  if you have not resolved it, would you let me know if you

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

01:57  1   think the Court's intervention at that point could be

01:57  2   helpful.

01:57  3           In terms of the Markman hearing, we will conduct

01:57  4   the Markman hearing -- I do those after the regular law and

01:57  5   motions calendar, so it will be at 3:00 p.m. on May 1, 2017.

01:57  6   It gives us plenty of time where you are not pushed to the

01:58  7   end of the calendar or we have a lot of people getting antsy

01:58  8   about when you are going to conclude.

01:58  9           In terms of the briefing, opening briefs March 23,

01:58  10  2017.  Responsive briefs April 6, 2017.  I generally do a

01:58  11  Markman tutorial -- you propose -- I do them on Saturday

01:58  12  mornings for a couple of reasons.  There is nothing else on

01:58  13  calendar. It's an informal session.

01:58  14          Does that present a problem?

01:58  15          MR. DAUCHOT:  May I confer with counsel?

01:58  16          THE COURT:  If it is, we can deal with it.

01:58  17          (Defense counsel conferring.)

01:58  18          MR. DAUCHOT:  There is an issue, Your Honor.

01:58  19          THE COURT:  Okay.  Well, I would like to do the

01:59  20  tutorial -- I generally set aside half a day.  I give the

01:59  21  parties -- I let them divide it up any way they want to.

01:59  22  Sometimes the lawyers present.  Sometimes the experts

01:59  23  present.  Sometimes it's a combination.  I have generally

01:59  24  found the lawyers to be better presenters for these, but

01:59  25  it's your call.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

01:59  1          I invite you to videotape the tutorial.  It's

01:59  2   handy to have that.  I regard the tutorial as an informal

01:59  3   session.  We won't be on the record.  On Saturdays, it's so

01:59  4   informal that I come in in a polo shirt, and I invite

01:59  5   counsel to do the same.  I would like to do it at some point

02:00  6   between the opening and the responsive briefs, in that

02:00  7   timeframe so I have the benefit of the tutorial as I am

02:00  8   going through the briefs.

02:00  9          So do you want to meet and confer and come back

02:00 10   with a regular date?

02:00 11          MR. DAUCHOT:  We will, Your Honor.

02:00 12          (Court and clerk conferring.)

02:00 13          THE COURT:  Okay.  Why don't you come up with two

02:00 14   or three dates, and we will check it against the calendar

02:00 15   and get back to you fairly promptly.

02:00 16          Claim construction cutoff, discovery cutoff,

02:00 17   March 6, 2017.  The parties' joint claim construction brief

02:00 18   February 6, 2017.  Preliminary exchange of claim

02:00 19   constructions and extrinsic evidence January 20, 2017.  The

02:01 20   parties' exchange of proposed terms, December 20, 2016.

02:01 21          Then we have the initial limitations.  You propose

02:01 22   40 days after the defendants comply with Patent Rules 3-3

02:01 23   and 3-4.  The plaintiffs file its initial limited list of

02:01 24   claims 14 days thereafter defendants present their

02:01 25   preliminary election of invalidity claims and references.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| | | |
|---|---|---|
| 02:01 | 1 | With regard to the initial patent disclosures, |
| 02:01 | 2 | defendants to serve their invalidity contentions December 8, |
| 02:02 | 3 | 2016.  Plaintiffs to serve their initial infringement |
| 02:02 | 4 | contentions October 10, 2016.  Then it's proposed that |
| 02:02 | 5 | November 4, 2016, be the last to amend the pleadings or add |
| 02:02 | 6 | parties.  That's fine. |
| 02:02 | 7 | I think that takes us through the balance of the |
| 02:02 | 8 | dates. |
| 02:02 | 9 | There is an issue as to contentions with regard to |
| 02:02 | 10 | essentiality of any patent or claim.  I think those should |
| 02:02 | 11 | be dealt with in the normal course.  I will let you debate |
| 02:03 | 12 | as to what the significance of essentiality is.  But in |
| 02:03 | 13 | terms of dealing with it substantively for discovery |
| 02:03 | 14 | purposes, let's just take that up in the course of |
| 02:03 | 15 | discovery.  If for any reason somebody believes it's not |
| 02:03 | 16 | relevant subject matter, you can seek a protective order |
| 02:03 | 17 | from the magistrate.  I can think of at least a couple of |
| 02:03 | 18 | reasons why if a patent is essential that might have |
| 02:03 | 19 | significance if for no other reason that it's worth more if |
| 02:03 | 20 | it's an essential patent in terms of some standards |
| 02:03 | 21 | organization. |
| 02:03 | 22 | Then we come to your disputes over the model order |
| 02:03 | 23 | itself.  I'm inclined to think that the limitations in the |
| 02:03 | 24 | model order itself are sufficient, namely -- you know, 32 |
| 02:04 | 25 | claims -- not 60 -- 32 claims at the first stage and then a |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

02:04 1    total of 40 prior art references at the first stage.  If for
02:04 2    some reason you think there is good cause for more, why
02:04 3    don't you make that application sufficiently in advance for
02:04 4    me to consider, but I think prima facia those limitations
02:04 5    are reasonable.
02:04 6              Then at the second stage, Paragraph 3 of the model
02:04 7    order, I think 16 claims is more than sufficient,
02:04 8    particularly if we are talking about a jury trial.  I have
02:04 9    tried a number of patent cases, but I can't think of one
02:04 10   where we had more than six or eight claims.  I'm willing to
02:05 11   go with 16 claims at this stage, and depending on what they
02:05 12   are and what the complexity is, I may require further
02:05 13   narrowing in terms of what we actually try, but at this
02:05 14   stage if you want to go to 16 claims and 20 prior art
02:05 15   references, that's fine.
02:05 16             Then you propose detailed limitations on discovery
02:05 17   and timing and so on.  With regard to interrogatories, I
02:05 18   think Broadcom's proposal is reasonable:  15 common
02:05 19   interrogatories to be submitted to all defendants and 10
02:05 20   each additional for each opposing party.  On the flipside,
02:06 21   25 for -- well, same for the defendants:  15 common ones,
02:06 22   ten additional for each defendant if they want them.
02:06 23             MR. DAUCHOT:  Our principal issue here was just
02:06 24   the difference in number.  You are basically saying the same
02:06 25   number of interrogatories for each side.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| 02:06 | 1 | THE COURT:  Right, 15 common ones, if you will the |
| 02:06 | 2 | defendants would get, but the defendants would also get 10 |
| 02:06 | 3 | per defendant. |
| 02:06 | 4 | Request for admissions, with the exception of |
| 02:06 | 5 | authentication admissions, each party gets 25 as to each |
| 02:07 | 6 | opposing party.  Again, if you think you have good cause for |
| 02:07 | 7 | more, present an application. |
| 02:07 | 8 | With regard to depositions, I think each side |
| 02:07 | 9 | should start with 120 hours including 30(b)(6).  Parse those |
| 02:07 | 10 | out any way you want, but for starters, you have got 120 |
| 02:07 | 11 | hours.  I also believe that there ought to be additional |
| 02:07 | 12 | hours for the inventors.  Two 7-hour depositions for up to |
| 02:08 | 13 | two inventors for each patent.  Again, if there are multiple |
| 02:08 | 14 | inventors, I expect you in the first instance to meet and |
| 02:08 | 15 | confer.  I think it will be obvious to each side if you |
| 02:08 | 16 | really need another deposition of a third inventor for a |
| 02:08 | 17 | particular patent.  I haven't gone back to look at each of |
| 02:08 | 18 | these patents to see how many inventors there are. |
| 02:08 | 19 | Again, I'm not going to make any specific |
| 02:08 | 20 | adjustment for depositions with translators.  I think you |
| 02:08 | 21 | will both know if you need it.  If you have a dispute over |
| 02:08 | 22 | it, well -- |
| 02:08 | 23 | MR. DAUCHOT:  Your Honor, if I may. |
| 02:08 | 24 | THE COURT:  Yes. |
| 02:08 | 25 | MR. DAUCHOT:  One of the issues with the inventors |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| 02:08 | 1 | is some of these patents have as many as five.  The issue |
| 02:08 | 2 | that we often bump into is -- you know, we happen to depose |
| 02:09 | 3 | two, and then the one who shows up at trial is the one that |
| 02:09 | 4 | wasn't deposed.  Typically the way I resolve it with |
| 02:09 | 5 | opposing counsel is we have an agreement that, look, if the |
| 02:09 | 6 | inventor is going to show up at trial, we are certainly |
| 02:09 | 7 | going to have a chance to depose him.  I assume that's the |
| 02:09 | 8 | way we are going to be -- |
| 02:09 | 9 | THE COURT:  I will write that into the order, yes. |
| 02:09 | 10 | Notwithstanding, no inventor appears unless he has been |
| 02:09 | 11 | deposed 14 days before trial, but I expect you to lay your |
| 02:09 | 12 | cards on the table as to who you expect to call.  I mean |
| 02:09 | 13 | some people are courtesy inventors, and some people are the |
| 02:09 | 14 | core of the invention. |
| 02:09 | 15 | MR. SOSTEK:  We don't expect a problem with that, |
| 02:09 | 16 | Your Honor. |
| 02:09 | 17 | THE COURT:  Okay.  Now, so that everybody is aware |
| 02:09 | 18 | of how these budgets are being used, once you begin the |
| 02:09 | 19 | depositions, I'm going to direct you to confer once a month |
| 02:09 | 20 | and agree where you are on each other's budget.  If you have |
| 02:10 | 21 | a dispute where you are, take it to the magistrate judge. |
| 02:10 | 22 | On expert discovery, basically seven hours for |
| 02:10 | 23 | each expert.  However, if an expert opines on both |
| 02:10 | 24 | infringement and validity or invalidity, an extra seven |
| 02:10 | 25 | hours. |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

02:10  1      On damage experts, a total of 15 hours.  I can't

02:11  2   imagine having more than two before you get to the point

02:11  3   where it's cumulative or duplicative.  But, again, if you

02:11  4   think there is a need for additional experts, meet and

02:11  5   confer amongst yourselves first.

02:11  6      I think that walks us through each of the elements

02:11  7   of discovery.  Any questions or thoughts?

02:11  8      MR. SOSTEK:  No, Your Honor.

02:11  9      MR. ROKACH:  Your Honor, if I could raise one

02:11 10   point.  The schedule that Your Honor set forth includes

02:11 11   specific times where the parties engage in narrowing of the

02:11 12   claims.

02:11 13      THE COURT:  Right.

02:11 14      MR. ROKACH:  And the first phase of that is after

02:11 15   invalidity contentions.  There is a 40-day period where the

02:12 16   plaintiffs narrow and then a 14-day corresponding period for

02:12 17   the defendants.  We would propose that the exchange of claim

02:12 18   construction positions occur after that phase since the

02:12 19   purpose of that phase really is to set the stage for claim

02:12 20   construction.  We think it makes sense to first do the

02:12 21   narrowing and then proceed to claim construction rather than

02:12 22   having it all happen at the same time.

02:12 23      THE COURT:  Well, I think there is some logic to

02:12 24   that.  It would be kind of pointless to be proposing a claim

02:12 25   that turns out not to be among -- the proposed construction

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

Exhibit A
Page 17

| 02:12 | 1 | of a term of a claim that's not one that has been |
| 02:12 | 2 | designated. |
| 02:12 | 3 | MR. ROKACH:  That's exactly how we see it.  And I |
| 02:12 | 4 | think we could leave the close of fact discovery in the same |
| 02:12 | 5 | place so that we don't impact the totality of the schedule. |
| 02:12 | 6 | We just slide forward the claim construction to an earlier |
| 02:12 | 7 | date. |
| 02:12 | 8 | THE COURT:  Mr. Sostek. |
| 02:12 | 9 | MR. SOSTEK:  I will defer to Mr. Patel on this |
| 02:12 | 10 | one, Your Honor. |
| 02:12 | 11 | THE COURT:  Okay. |
| 02:12 | 12 | MR. PATEL:  I'm sorry, Your Honor.  I just wanted |
| 02:13 | 13 | to check the dates that we have there for the claim |
| 02:13 | 14 | construction.  Just doing the math roughly in my head, it |
| 02:13 | 15 | looks like even if we go with the 40 days we would still |
| 02:13 | 16 | have the narrowing occur before we actually exchange |
| 02:13 | 17 | preliminary claim constructions. |
| 02:13 | 18 | MR. ROKACH:  I'm not sure that's correct. |
| 02:13 | 19 | MR. PATEL:  We have December 8 making it roughly |
| 02:13 | 20 | January 8 for 30 days, and January 18 I guess would be the |
| 02:13 | 21 | 40. |
| 02:14 | 22 | THE COURT:  Well, why don't we cut that to 30 |
| 02:14 | 23 | days, 30 and 15. |
| 02:14 | 24 | MR. ROKACH:  If I could just comment on that. |
| 02:14 | 25 | THE COURT:  Sure. |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

02:14   1        MR. ROKACH:  I think that the first phase of the

02:14   2   claim construction exchange is currently set for

02:14   3   December 20, which is just 12 days after our invalidity

02:14   4   contentions, so --

02:14   5        THE COURT:  Exchange of proposed terms.

02:14   6        MR. ROKACH:  I think Your Honor is making a good

02:14   7   point.  We could narrow down the timeframes, and that will

02:14   8   help us slie less, but it seems some amount of sliding is

02:14   9   inevitable.

02:14   10        THE COURT:  Assuming the defendants provide their

02:14   11   invalidity contentions and accompanying documents on the

02:14   12   8th, how much time do you really need to come up with your

02:14   13   initial list of claims?

02:15   14        MR. PATEL:  I don't think 30 is unreasonable.  I

02:15   15   guess my only hesitation with that is we do have the

02:15   16   Christmas and New Year holiday right in that timeframe.  As

02:15   17   you are aware, a lot of people are out of office at that

02:15   18   time.

02:15   19        THE COURT:  Right, but wouldn't you like to

02:15   20   know -- wouldn't the parties like to know what the initial

02:15   21   cut is on the claims before making their exchange of

02:15   22   proposed terms, which is currently scheduled for the 20th of

02:15   23   December?

02:15   24        MR. PATEL:  I do agree that that would be helpful.

02:15   25   I guess with respect to the actual work that really goes

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

18

02:15   1   into that -- you know, that exchange of terms is simply a
02:15   2   list of the terms.  I think the more important ones are when
02:15   3   you have to actually exchange constructions and then the
02:15   4   evidence that goes along with that.
02:15   5       THE COURT:  Well, but you are going to put some
02:15   6   work into -- well, if you want to live with that, that's
02:15   7   fine.
02:15   8       MR. PATEL:  It works for us from a timing
02:15   9   standpoint.  I do agree that if we can make the cutdown
02:16  10   before we do the proposed constructions that's obviously
02:16  11   helpful so we are not wasting effort for the proposed
02:16  12   constructions and the evidence.  I guess the list of terms
02:16  13   is just generally a much easier thing for the parties to
02:16  14   take care of.
02:16  15       THE COURT:  Well, then the preliminary exchange of
02:16  16   terms per the schedule is January 20.  Can we --
02:16  17       MR. PATEL:  Right.  So I think that timing still
02:16  18   works.  I'm happy to cut down our 40 days a little bit so
02:16  19   that we are for sure ahead of that.
02:16  20       THE COURT:  Well, cut it to 30.
02:16  21       MR. PATEL:  I think that will work.
02:16  22       THE COURT:  So by January 7, you would have the
02:16  23   list of claims in the first cut, and then you have two weeks
02:16  24   plus -- or a little less than two weeks to then identify the
02:17  25   terms you are going to make the exchange on.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

02:17  1          MR. ROKACH:  If I can add a little bit to that,

02:17  2    it's difficult for the defendants to have the December 20

02:17  3    date for identifying terms before we know what the claims

02:17  4    are.  We try and avoid just putting a lot of terms on the

02:17  5    list.  We like to think about which ones we have arguments

02:17  6    on and what those arguments are going to be.

02:17  7          Obviously we are fine after the list goes it.  I

02:17  8    think it's important for us to know which claims are going

02:17  9    to be an issue.  And there is potentially a little bit of a

02:17  10   disparity here where the plaintiffs may already have a

02:17  11   pretty good sense of which claims they are going to get down

02:17  12   to and can kind of factor that in.  As the defendants, we

02:17  13   have absolutely no idea.  That makes it kind of difficult

02:17  14   for us to come forward with our list of terms, and there is

02:17  15   inevitably going to be a lot of wasted effort on our part.

02:17  16          THE COURT:  Well, let's say no later than

02:18  17   January 6, 2017, plaintiffs will make their initial

02:18  18   disclosures per Paragraph 2 of the model order.  Then let's

02:18  19   push the date for the initial exchange of proposed terms

02:18  20   to -- why don't we make that -- look, could we just

02:18  21   eliminate that step, the initial list, and just go straight

02:18  22   to the exchange of preliminary claims and constructions?

02:18  23   It's just going to be a list anyway, so why not get the

02:18  24   disclosures and bring them to bear in terms of the exchange

02:18  25   of preliminary constructions and extrinsic evidence.

02:19  1          MR. ROKACH:  The reason why that can sometimes be

02:19  2    difficult is the parties have different lists in mind of

02:19  3    which terms require construction.  We could certainly come

02:19  4    forward with constructions for the terms that we want to

02:19  5    construct, and the plaintiffs could come forward with a list

02:19  6    of constructions for the terms that they think are

02:19  7    important, but then you don't have the parties necessarily

02:19  8    meeting on a level field where everybody is providing

02:19  9    constructions for the terms that everybody wants construed.

02:19  10          THE COURT:  But once you have seen the preliminary

02:19  11   list from each side, I think that's when the meet and confer

02:19  12   takes place as to what terms you are agreed upon need to be

02:19  13   construed or not construed where there is an agreed

02:19  14   construction.  We will just cut out that list stage.  I

02:19  15   don't see any harm in doing that.

02:19  16          MR. PATEL:  I think that works.  Your Honor, I'm

02:19  17   sure we can work with counsel for Sony and make it so it's

02:20  18   fair for everybody.

02:20  19          THE COURT:  Okay.  That's what we are going to do

02:20  20   then.  I think that solves the notice problem.  Then I think

02:20  21   the rest of the dates fall into place.

02:20  22          MR. PATEL:  With respect to cutting the claims

02:20  23   down, do we still want to go down to the 30 days or --

02:20  24          THE COURT:  Thirty days, and 15 days for the

02:20  25   invalidity references.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

21

| | | |
|---|---|---|
| 02:20 | 1 | MR. ROKACH:  Could we just offer an alternative |
| 02:20 | 2 | proposal on that? |
| 02:20 | 3 | THE COURT:  Yes. |
| 02:20 | 4 | MR. ROKACH:  We would suggest that we keep the |
| 02:20 | 5 | exchange of proposed terms.  We simply just slide the dates |
| 02:20 | 6 | forward so that we do that on the 20th and then do the |
| 02:20 | 7 | preliminary constructions on the next day after that, and |
| 02:20 | 8 | the parties can just work together to figure out what the |
| 02:20 | 9 | dates will follow from that.  We just follow the pattern we |
| 02:20 | 10 | already have and just slide everything forward a bit. |
| 02:20 | 11 | THE COURT:  Well, why don't you meet and confer on |
| 02:20 | 12 | that, and when you come back to me with the order |
| 02:21 | 13 | documenting all the rulings here, if you have a difference |
| 02:21 | 14 | of opinion, state them separately, and I will pick one |
| 02:21 | 15 | alternative over the other.  If you really want to keep the |
| 02:21 | 16 | list -- I mean, I think there is room for some interim |
| 02:21 | 17 | slippages before you get to filing your initial claim |
| 02:21 | 18 | construction briefing, so if you want to take advantage of |
| 02:21 | 19 | that, fine. |
| 02:21 | 20 | MR. ROKACH:  Thank you. |
| 02:21 | 21 | MR. PATEL:  Thank you. |
| 02:21 | 22 | THE COURT:  Are there any matters that we haven't |
| 02:21 | 23 | addressed? |
| 02:21 | 24 | MR. PATEL:  The only thing I think is the amount |
| 02:21 | 25 | of time for trial. |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

02:21  1          THE COURT:  Let's see when we get there.  It's my

02:21  2  practice to give each side a time budget, and we have that

02:22  3  discussion at the pretrial conference.  I have tried some

02:22  4  fairly complicated patent cases in eight to ten trial days.

02:22  5  My practice is to give you a budget.  Here is your time for

02:22  6  examinations, cross-examinations.  Use it as you will,

02:22  7  excluding jury selection, opening statements, and closing

02:22  8  arguments.  Let's just see where we are.

02:22  9          In terms of the number of constructions, it's my

02:22  10  practice to construe what you think are the ten most

02:22  11  significant claims.  Additional construction may be required

02:22  12  if you bring summary judgment motions and so on, but for the

02:22  13  purpose of the basic Markman process, I limit it to ten.

02:22  14          On one occasion, the parties really wanted 25, and

02:22  15  they were willing to have a special master do that, and they

02:22  16  agreed to a special master.  I didn't find that very

02:22  17  satisfactory because I wound up reviewing the vast majority

02:23  18  of the constructions that the special master made.  Plus, I

02:23  19  find it very educational to me at this point to get into the

02:23  20  nuts and bolts of what the case is about in terms of the

02:23  21  constructions.  So my strong preference is to do it myself

02:23  22  but to focus it on ten claims.

02:23  23          MR. SOSTEK:  In our case one claim per patent.

02:23  24          THE COURT:  Well, that assumes all the patents are

02:23  25  going to be in play.

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

23

| 02:23 | 1 | MR. SOSTEK:  I'm being optimistic. |
| 02:23 | 2 | THE COURT:  Well, ten is significant.  I had one |
| 02:23 | 3 | case where the parties initially had 600 claims.  The answer |
| 02:23 | 4 | was no.  250?  No.  90?  No.  30?  No.  They basically at |
| 02:23 | 5 | the end of the day got down to only eight claims they wanted |
| 02:24 | 6 | construed.  I enjoy the patent work, but unfortunately I |
| 02:24 | 7 | have other matters on the calendar, so it's not a question |
| 02:24 | 8 | of rolling up my sleeves or my clerks rolling up their |
| 02:24 | 9 | sleeves, but there is just so much resource here. |
| 02:24 | 10 | Okay, I would like to schedule a status conference |
| 02:24 | 11 | about every three months just so that I keep abreast of what |
| 02:24 | 12 | is going on, and if we have any problems, we can spot them |
| 02:24 | 13 | early.  So I guess I would like to do this sometime in |
| 02:24 | 14 | December or the first or second week of January.  Tell me |
| 02:24 | 15 | what your pleasure is. |
| 02:24 | 16 | MR. DAUCHOT:  I have a trial that's going to start |
| 02:25 | 17 | the third week of January I think, so late December would |
| 02:25 | 18 | work better at my end. |
| 02:25 | 19 | MR. SOSTEK:  We would be happy to accommodate Mr. |
| 02:25 | 20 | Dauchot for that. |
| 02:25 | 21 | THE COURT:  What's your suggestion? |
| 02:25 | 22 | MR. DAUCHOT:  Well, the week of the 19th works. |
| 02:25 | 23 | THE COURT:  Okay, or we could do it on any morning |
| 02:25 | 24 | that week at 8:00.  Even if I am in trial, we could do it, |
| 02:25 | 25 | so it doesn't have to be a Monday.  Also, if we do it a day |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| 02:25 | 1 | other than a Monday, a lot of you would be able to watch |
| 02:25 | 2 | Sunday afternoon football at home.  So what's your pleasure. |
| 02:25 | 3 | MR. DAUCHOT:  Your Honor, any day works. |
| 02:25 | 4 | Well, David, you are flying in from Chicago. |
| 02:26 | 5 | Does Tuesday, the 20th, work? |
| 02:26 | 6 | MR. ROKACH:  That's fine. |
| 02:26 | 7 | THE COURT:  Tuesday, the 20th, at a.m.  Could I |
| 02:26 | 8 | ask you to put in a joint report seven days in advance.  It |
| 02:26 | 9 | doesn't have to be elaborate.  Just give me thumbnail as to |
| 02:26 | 10 | where you are in the case.  If there are any problems or |
| 02:26 | 11 | issues we ought to take up, just give me a brief summary so |
| 02:26 | 12 | I can consider the issues.  As I say, it does not have to be |
| 02:26 | 13 | elaborate.  Then from here on out, I plan on doing the same |
| 02:26 | 14 | thing about every three months. |
| 02:26 | 15 | If there is some problem that requires immediate |
| 02:26 | 16 | attention so that we can get past a particular milestone, |
| 02:26 | 17 | I'm willing to entertain telephone conference calls if it |
| 02:26 | 18 | will move the case along and get you past some impasse that |
| 02:26 | 19 | you may be having at a particular moment. |
| 02:26 | 20 | MR. DAUCHOT:  Thank you, Your Honor. |
| 02:27 | 21 | THE COURT:  Okay, anything else we ought to take |
| 02:27 | 22 | up? |
| 02:27 | 23 | MR. SOSTEK:  No, Your Honor. |
| 02:27 | 24 | MR. DAUCHOT:  No, Your Honor. |
| 02:27 | 25 | THE COURT:  Very good.  See you in a couple of |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
02:27    1    months.
02:27    2              (Whereupon, the proceedings were concluded.)
02:27    3                         *     *     *
02:27    4
02:27    5
02:27    6
02:27    7
02:27    8
02:27    9
02:27   10
02:27   11
02:27   12
02:27   13
02:27   14
02:27   15
02:27   16
02:27   17
02:27   18
02:27   19
02:27   20
02:27   21
02:27   22
02:27   23
02:27   24
02:27   25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

26

                              CERTIFICATE

        I hereby certify that pursuant to Section 753,

Title 28, United States Code, the foregoing is a true and

correct transcript of the stenographically reported

proceedings held in the above-entitled matter and that the

transcript page format is in conformance with the

regulations of the Judicial Conference of the United States.


Date:   September 20, 2016



                        /s/   Sharon A. Seffens  9/20/16
                        _____
                        SHARON A. SEFFENS, U.S. COURT REPORTER


            SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**/**

/s [1]   26/16

**0**

0870 [1]   1/21

**1**

1-1053 [1]   1/20
10 [3]   11/4 12/19 13/2
1053 [1]   1/20
12 [4]   1/17 3/1 5/19 17/3
120 [2]   13/9 13/10
1237 [1]   2/9
13 [2]   3/2 8/13
14 [3]   8/18 10/24 14/11
14-day [1]   15/16
15 [6]   12/18 12/21 13/1 15/1
 16/23 20/24
1500 [1]   2/7
16 [5]   8/9 12/7 12/11 12/14
 26/16
1722 [1]   2/7
18 [1]   16/20
19th [1]   23/22
1:30 [1]   8/3
1:47 [1]   3/1

**2**

20 [7]   10/19 10/20 12/14 17/3
 18/16 19/2 26/14
2016 [8]   1/17 3/1 5/16 10/20
 11/3 11/4 11/5 26/14
2017 [10]   8/11 8/13 8/20 9/5
 9/10 9/10 10/17 10/18 10/19
 19/17
2018 [15]   5/19 6/8 6/9 6/19
 6/19 7/15 8/4 8/7 8/10 8/11
 8/12
20th [4]   17/22 21/6 24/5 24/7
21 [1]   6/18
213 [1]   2/13
214 [1]   2/9
23 [3]   7/15 8/3 9/9
25 [3]   6/8 13/5 22/14
25 for [1]   12/21
250 [1]   23/4
28 [3]   6/9 8/16 26/8
29 [1]   6/17
29th [1]   6/14

**3**

3-3 [1]   10/22
3-4 [1]   10/23
30 [10]   6/19 8/7 13/9 16/20
 16/22 16/23 17/14 18/20 20/23
 23/4
300 [1]   2/15
31 [1]   8/20
312 [1]   2/16
3169 [1]   2/16
32 [2]   11/24 11/25
333 [1]   2/12
3:00 [1]   9/5
3:00 on [1]   6/13
3:00 p.m [1]   6/17

**4**

40 [5]   10/22 12/1 16/15 16/21
 18/18
40-day [1]   15/15
411 [1]   1/20
4th [1]   1/20

**5**

543-0870 [1]   1/21

**6**

60 [1]   11/25
600 [1]   23/3
60654 [1]   2/16
680-8400 [1]   2/13

**7**

7-hour [1]   13/12
714 [1]   1/21
75201 [1]   2/8
753 [1]   26/7

**8**

8400 [1]   2/13
862-3169 [1]   2/16
8:00 [1]   23/24
8:30 [1]   6/10
8th [1]   17/12

**9**

9/20/16 [1]   26/16
90 [1]   23/4
90071 [1]   2/13
92701 [1]   1/20
969-1237 [1]   2/9

**A**

a.m [2]   6/10 24/7
able [2]   8/24 24/1
about [8]   6/9 7/12 9/8 12/8
 19/5 22/20 23/11 24/14
above [1]   26/10
above-entitled [1]   26/10
abreast [1]   23/11
absolutely [1]   19/13
accept [1]   5/1
accommodate [1]   23/19
accompanying [1]   17/11
activities [1]   4/11
actual [1]   17/25
actually [3]   12/13 16/16 18/3
add [2]   11/5 19/1
additional [5]   12/20 12/22
 13/11 15/4 22/11
addressed [1]   21/23
adjustment [1]   13/20
adjustments [2]   5/11 7/25
admissions [2]   13/4 13/5
adopt [2]   5/4 5/17
advance [3]   6/7 12/3 24/8
advantage [1]   21/18
adverse [1]   4/18
after [9]   8/16 8/18 9/4 10/22
 15/14 15/18 17/3 19/7 21/7
afternoon [5]   3/7 3/10 3/15
 3/18 24/2
again [4]   13/6 13/13 13/19
 15/3
against [1]   10/14
agree [4]   5/14 14/20 17/24
 18/9
agreed [3]   20/12 20/13 22/16
agreement [1]   14/5
ahead [1]   18/19
al [4]   1/9 1/11 3/3 3/4
all [8]   3/19 5/9 7/9 7/18
 12/19 15/22 21/13 22/24
along [3]   7/7 18/4 24/18
already [2]   19/10 21/10
also [4]   3/16 13/2 13/11 23/25

alternative [2]   21/1 21/15
amended [1]   20/7
amend [1]   11/5
among [1]   15/25
amongst [1]   15/5
amount [2]   17/8 21/24
Ana [3]   1/16 1/20 3/1
Angeles [1]   2/13
another [1]   13/16
answer [1]   23/3
antsy [1]   9/7
any [16]   5/11 5/13 6/5 6/15
 9/21 11/10 11/15 13/10 13/19
 15/7 20/15 21/22 23/12 23/23
 24/3 24/10
anyone [1]   3/13
anything [1]   24/21
anyway [1]   19/23
appearance [1]   3/14
appearances [2]   2/1 3/6
appears [1]   14/10
application [2]   12/3 13/7
appreciate [2]   4/14 7/23
approach [4]   4/17 4/18 5/1 5/4
appropriately [1]   6/16
April [5]   6/19 7/15 8/3 8/7
 9/10
April 23 [2]   7/15 8/3
April 30 [1]   6/19
April 6 [1]   9/10
are [48]
argument [1]   4/2
arguments [3]   19/5 19/6 22/8
art [2]   12/1 12/14
articulated [1]   6/24
Arts [1]   2/6
as [28]
aside [1]   9/20
ask [2]   5/7 24/8
asserted [2]   5/2 5/3
assume [1]   14/7
assumes [1]   22/24
Assuming [2]   7/3 17/10
attention [1]   24/16
authentication [1]   13/5
available [1]   4/9
avoid [1]   19/4
aware [2]   14/17 17/17

**B**

back [5]   4/8 10/9 10/15 13/17
 21/12
balance [1]   11/7
basic [3]   5/4 5/18 22/13
basically [3]   12/24 14/22 23/4
be [42]
bear [1]   19/24
beauties [1]   7/17
because [1]   22/17
been [4]   7/18 8/24 14/10 16/1
before [9]   7/20 7/24 14/11
 15/2 16/16 17/21 18/10 19/3
 21/17
begin [1]   14/18
behalf [1]   3/11
being [2]   14/18 23/1
believe [1]   13/11
believes [1]   11/15
benefit [1]   10/7
better [2]   9/24 23/18
between [1]   10/6
bit [4]   18/18 19/1 19/9 21/10
bolts [1]   22/20
both [2]   13/21 14/23

**B**

Baier [2]   10/19 24/11
briefing [3]   4/5 9/9 21/18
briefs [4]   9/9 9/10 10/6 10/8
bring [6]   6/15 19/24 22/12
BROADCOM [3]   1/9 3/3 3/8
Broadcom's [1]   12/18
BRUCE [2]   2/3 3/7
budget [3]   14/20 22/2 22/5
budgets [1]   14/18
bump [1]   14/2

**C**

CA [2]   1/20 2/13
calendar [5]   9/5 9/7 9/13
  10/14 23/7
CALIFORNIA [3]   1/5 1/16 3/1
call [2]   9/25 14/12
calls [1]   24/17
can [16]   5/13 6/1 7/21 9/16
  11/16 11/17 18/9 18/16 19/1
  19/12 20/1 20/17 21/8 23/12
  24/12 24/16
can't [2]   12/9 15/1
cards [1]   14/12
care [1]   18/14
case [7]   4/11 7/4 22/20 22/23
  23/3 24/10 24/18
cases [3]   4/22 12/9 22/4
caught [1]   7/19
cause [2]   12/2 13/6
CENTRAL [1]   1/5
certainly [3]   4/7 14/6 20/3
CERTIFICATE [1]   26/5
certify [1]   26/7
chance [2]   3/19 14/7
check [2]   10/14 16/13
Chen's [1]   4/11
Chicago [2]   2/16 24/4
Christmas [1]   17/16
claim [16]   4/21 10/16 10/17
  10/18 11/10 15/17 15/19 15/21
  15/24 16/1 16/6 16/13 16/17
  17/2 21/17 22/23
claims [24]   4/18 5/2 8/16
  10/24 10/25 11/25 11/25 12/7
  12/10 12/11 12/14 15/12 17/13
  17/21 18/23 19/3 19/8 19/11
  19/22 20/22 22/11 22/22 23/3
  23/5
clear [1]   4/19
clerk [1]   10/12
clerks [1]   23/8
close [1]   16/4
closing [1]   22/7
Code [1]   26/8
colleague [2]   3/8 3/12
combination [1]   9/23
come [13]   4/12 7/1 7/19 8/14
  10/4 10/9 10/13 11/22 17/12
  19/14 20/3 20/5 21/12
comment [1]   16/24
common [3]   12/18 12/21 13/1
complexity [1]   12/12
complicated [1]   22/4
comply [2]   8/15 10/22
concerned [1]   4/4
conclude [1]   9/8
concluded [1]   25/2
conclusions [1]   6/6
conduct [2]   8/19 9/3
confer [7]   9/15 10/9 13/15
  14/19 15/5 20/11 21/11

conference [16]   4/16 5/8 6/8
  7/22 17/24 22/25 22/3 23/10
  24/17 26/11
conferring [2]   9/17 10/12
conformance [1]   26/11
consider [3]   6/14 12/4 24/12
consideration [1]   4/14
considered [1]   6/23
construct [1]   20/5
construction [13]   10/16 10/17
  15/18 15/20 15/21 15/25 16/6
  16/14 17/2 20/3 20/14 21/18
  22/11
constructions [14]   10/19 16/17
  18/3 18/10 18/12 19/22 19/25
  20/4 20/6 20/9 21/7 22/9 22/18
  22/21
construe [1]   22/10
construed [4]   20/9 20/13 20/13
  23/6
contentions [6]   11/2 11/4 11/9
  15/15 17/4 17/11
core [1]   14/14
CORPORATION [5]   1/9 1/11 3/3
  3/3 3/8
correct [2]   16/18 26/9
corresponding [1]   15/16
could [12]   9/1 15/9 16/4 16/24
  17/7 19/20 20/3 20/5 21/1
  23/23 23/24 24/7
counsel [9]   2/1 3/5 3/16 3/16
  9/15 9/17 10/5 14/5 20/17
couple [3]   9/12 11/17 24/25
course [2]   11/11 11/14
COURT [5]   1/4 4/1 4/7 10/12
  26/17
Court's [3]   4/4 4/14 9/1
courtesy [1]   14/13
Courthouse [1]   1/19
critical [2]   7/4 7/12
cross [1]   22/6
cross-examinations [1]   22/6
cumulative [1]   15/3
currently [2]   17/2 17/22
cut [6]   16/22 17/21 18/18
  18/20 18/23 20/14
cutdown [1]   18/9
cutoff [4]   8/12 8/13 10/16
  10/16
cutting [1]   20/22

**D**

Dallas [1]   2/8
damage [1]   16/1
date [6]   7/11 10/10 16/7 19/3
  19/19 26/14
dates [6]   10/14 11/8 16/13
  20/21 21/5 21/9
Daubert [6]   7/5 7/8 7/11 7/13
  8/2 8/9
DAUCHOT [5]   2/11 3/11 3/24
  5/20 23/20
DAVID [3]   2/14 3/12 24/4
day [10]   6/9 7/16 7/20 9/20
  15/15 15/16 21/7 23/5 23/25
  24/3
days [16]   8/16 8/18 8/23 10/22
  10/24 14/11 16/15 16/20 16/23
  17/3 18/18 20/23 20/24 20/24
  22/4 24/8
deal [1]   9/16
dealing [1]   11/13
dealt [2]   6/16 11/11

debate [1]   11/11
December [3]   10/1 16/1 21/1/2
  16/19 17/3 17/23 19/2 23/14
  23/17
December 20 [3]   10/20 17/3
  19/2
December 8 [2]   8/11 11/2
defendant [2]   12/22 13/3
defendants [15]   1/12 2/10 3/11
  8/17 10/22 10/24 11/2 12/19
  12/21 13/2 13/2 15/17 17/10
  19/2 19/12
Defense [1]   9/17
defer [1]   16/9
depending [1]   12/11
depose [2]   14/2 14/7
deposed [2]   14/4 14/11
deposition [1]   13/16
depositions [4]   13/8 13/12
  13/20 14/19
designated [1]   16/2
detailed [1]   12/16
didn't [1]   22/16
difference [3]   4/3 12/24 21/13
differences [2]   5/2 5/13
different [1]   20/2
difficult [3]   19/2 19/13 20/2
direct [1]   14/19
disclosures [5]   8/10 8/11 11/1
  19/18 19/24
discovery [11]   4/10 8/10 8/12
  8/12 10/16 11/13 11/15 12/14
  14/22 15/7 16/4
discussion [1]   22/3
disparity [1]   19/10
dispositive [5]   7/10 7/14 7/22
  8/2 8/9
dispute [2]   13/21 14/21
disputes [1]   11/22
DISTRICT [4]   1/4 1/5 4/10 4/12
divide [1]   9/21
DIVISION [1]   1/6
do [31]
documenting [1]   21/13
documents [1]   17/11
does [3]   3/13 9/14 24/5 24/12
doesn't [2]   23/25 24/9
doing [3]   16/14 20/15 24/13
don't [14]   5/6 6/13 6/25 7/19
  10/13 12/3 14/15 16/5 16/22
  17/14 19/20 20/7 20/15 21/11
down [8]   4/25 7/25 17/7 18/18
  19/11 20/23 20/23 23/5
draft [2]   7/21 7/24
due [1]   6/6
duplicative [1]   15/3

**E**

each [18]   4/21 5/2 5/4 12/20
  12/20 12/22 12/25 13/5 13/5
  13/8 13/13 13/15 13/17 14/20
  14/23 15/6 20/11 22/2
earlier [1]   16/6
early [1]   23/13
easier [1]   18/13
educational [1]   22/19
effort [2]   18/11 19/15
eight [3]   12/10 22/4 23/5
elaborate [2]   24/9 24/13
election [1]   10/25
elements [1]   15/6
eliminate [1]   19/21
ELLIS [2]   2/12 2/15
else [3]   3/13 9/12 24/21

**E**

end [3]   5/7 23/5 23/18
engage [1]   15/11
engaging [1]   4/2
enjoy [1]   23/6
enough [3]   5/17 7/6 7/14
enter [1]   3/13
entertain [1]   24/17
entitled [1]   26/10
essential [2]   11/18 11/20
essentiality [2]   11/10 11/12
essentially [1]   8/15
et [4]   1/9 1/11 3/3 3/3
even [2]   16/15 23/24
every [2]   23/11 24/14
everybody [5]   5/10 14/17 20/8
 20/9 20/18
everything [1]   21/10
evidence [4]   10/19 18/4 18/12
 19/25
exactly [1]   16/3
examinations [2]   22/6 22/6
exception [1]   13/4
exchange [15]   10/18 10/20
 15/17 16/16 17/2 17/5 17/21
 18/1 18/3 18/15 18/25 19/19
 19/22 19/24 21/5
excluding [1]   22/7
expect [4]   13/14 14/11 14/12
 14/15
expert [5]   8/10 8/12 14/22
 14/23 14/23
experts [4]   7/5 9/22 15/1 15/4
extent [1]   7/12
extra [1]   14/24
extrinsic [2]   10/19 19/25

**F**

facia [1]   12/4
fact [2]   6/6 16/4
factor [1]   19/12
factual [1]   4/9
fair [1]   20/18
fairly [2]   10/15 22/4
fall [1]   20/21
far [1]   4/3
February [2]   8/11 10/18
February 2 [1]   8/11
February 6 [1]   10/18
field [1]   20/8
figure [1]   21/8
file [2]   8/17 10/23
filed [1]   5/16
filing [4]   6/19 8/7 8/8 21/17
final [3]   6/8 6/24 8/16
find [2]   22/16 22/19
findings [1]   6/5
fine [9]   4/6 7/18 8/1 11/6
 12/15 18/7 19/7 21/19 24/6
first [9]   11/25 12/1 13/14
 15/5 15/14 15/20 17/1 18/23
 23/14
five [1]   14/1
flipside [1]   12/20
flying [1]   24/4
focus [1]   22/22
follow [2]   21/9 21/9
following [1]   5/8
football [1]   24/2
foregoing [1]   26/8
format [1]   26/11
forth [1]   15/10
forward [7]   3/5 16/6 19/14

20/4 20/5 21/6 21/10
foundation [1]   5/21
frivolous [1]   14/8
front [2]   4/23 4/23
further [2]   4/2 12/12

**G**

generally [6]   7/16 8/24 9/10
 9/20 9/23 18/13
get [12]   7/16 10/15 13/2 13/2
 15/2 19/11 19/23 21/17 22/1
 22/19 24/16 24/18
gets [1]   13/5
getting [1]   9/7
Gilbert [1]   3/16
give [7]   5/12 6/14 9/20 22/2
 22/5 24/9 24/11
gives [2]   7/14 9/6
go [9]   4/24 5/9 7/7 7/25 12/11
 12/14 16/15 19/21 20/23
goes [3]   17/25 18/4 19/7
going [23]   4/7 4/20 5/17 7/24
 8/21 9/8 10/8 13/19 14/6 14/7
 14/8 14/19 18/5 18/25 19/6
 19/8 19/11 19/15 19/23 20/19
 22/25 23/12 23/16
gone [2]   4/24 13/17
good [10]   3/7 3/10 3/15 3/18
 5/7 12/2 13/6 17/6 19/11 24/25
got [2]   13/10 23/5
guess [5]   16/20 17/15 17/25
 18/12 23/13

**H**

had [4]   3/19 12/10 23/2 23/3
half [1]   9/20
hand [3]   8/5 8/8 8/8
hand-serving [3]   8/5 8/8 8/8
handy [1]   10/2
happen [2]   14/2 15/22
happy [2]   18/18 23/19
harm [1]   20/15
has [4]   4/19 6/24 14/10 16/1
have [53]
haven't [2]   13/17 21/22
having [4]   7/17 15/2 15/22
 24/19
he [1]   14/10
head [1]   16/14
hear [2]   7/8 7/9
heard [3]   5/20 6/20 7/11
hearing [4]   6/25 8/3 9/3 9/4
held [1]   16/10
help [1]   17/8
helpful [3]   9/2 17/24 18/11
here [10]   3/8 3/11 3/11 4/20
 12/23 19/10 21/13 22/5 23/9
 24/13
Here's [1]   7/3
hereby [1]   26/7
hesitation [1]   17/15
him [1]   14/7
hold [1]   8/22
holiday [1]   17/16
home [1]   24/2
Honor [27]
HONORABLE [1]   1/8
Hope [1]   2/12
hour [1]   13/12
hours [6]   13/9 13/11 13/12
 14/22 14/25 15/1
how [5]   7/21 13/18 14/18 16/3
 17/12
However [1]   14/23

**I**

I'll [10]   6/1 8/1
I'm [15]   3/8 4/18 4/24 5/4
 5/17 11/23 12/10 13/19 14/19
 16/12 16/18 18/18 20/16 23/1
 24/17
idea [1]   19/13
identify [1]   18/24
identifying [1]   19/3
IL [1]   2/16
imagine [1]   15/2
immediate [1]   24/15
impact [1]   16/5
impasse [1]   24/18
important [3]   18/2 19/8 20/7
in-lime [7]   6/15 6/19 6/22
 7/8 7/19 8/6 8/7
in-limines [2]   6/23 7/4
inclined [1]   3/25 11/23
includes [1]   15/10
including [2]   8/9 13/9
inevitable [1]   17/9
inevitably [1]   19/15
informal [3]   9/13 10/2 10/4
infringement [2]   11/3 14/24
initial [11]   8/10 10/21 10/23
 11/1 11/3 17/13 17/20 19/17
 19/19 19/21 21/17
initially [1]   23/3
instance [1]   13/14
interested [1]   4/1
interim [1]   21/16
interrogatories [3]   12/17
 12/19 12/25
intervention [1]   9/1
invalidity [9]   5/3 8/10 18/25
 11/2 14/24 15/15 17/3 17/11
 20/25
invention [1]   14/14
inventor [3]   13/16 14/6 14/10
inventors [6]   13/12 13/13
 13/14 13/18 13/25 14/13
invite [2]   10/1 10/4
is [64]
isn't [1]   4/8
issue [6]   7/3 9/18 11/9 12/23
 14/1 19/9
issues [6]   6/22 7/4 7/5 13/25
 24/11 24/12
it [42]
it's [21]   3/23 4/11 4/19 5/25
 9/13 9/23 9/25 10/1 10/3 11/4
 11/15 11/19 11/20 15/3 19/2
 19/8 19/23 20/17 22/1 22/9
 23/7
Item [1]   3/2
its [1]   10/23
itself [2]   11/23 11/24

**J**

JAMES [1]   1/8
January [8]   10/19 16/20 16/20
 18/16 18/22 19/17 23/14 23/17
January 18 [1]   16/20
January 20 [2]   16/19 18/16
January 6 [1]   19/17
January 7 [1]   18/22
joint [5]   5/8 5/12 8/23 10/17
 24/8
judge [3]   1/8 4/10 14/21
judgment [1]   22/12
Judicial [1]   26/12
June [2]   5/16 5/19

**J**

June 12 [1] 3/15
June 2016 [1] 5/16
jury [4]   4/21 5/19 12/8 22/7
just [28]
JVS [2]   1/11 3/2

**K**

keep [4]   5/7 21/4 21/15 23/11
kind [3]   15/24 19/12 19/13
KIRKLAND [2]   2/12 2/15
KNIGHT [1]   2/5
know [13]   6/25 7/5 7/23 8/24
  8/25 12/11 13/21 14/2 17/20
  17/20 18/1 19/3 19/8

**L**

LaSalle [1]   2/15
last [10]   6/18 6/19 7/10 8/2
  8/2 8/3 8/5 8/8 8/19 11/5
late [1]   23/17
later [1]   19/16
law [2]   6/6 9/4
lawyers [2]   9/22 9/24
lay [1]   14/11
leading [1]   5/18
least [2]   7/22 11/17
leave [2]   3/25 16/4
less [2]   17/8 18/24
let [3]   8/25 9/21 11/11
let's [8]   4/16 6/7 6/8 11/14
  19/16 19/18 22/1 22/8
letting [1]   8/23
level [1]   20/8
like [9]   5/7 9/19 10/5 16/15
  17/19 17/20 19/5 23/10 23/13
limine [7]   6/15 6/19 6/22 7/8
  7/19 8/6 8/7
limines [2]   6/23 7/4
limit [3]   4/23 4/23 22/13
limitations [4]   10/21 11/23
  12/4 12/16
limited [1]   10/23
line [1]   7/25
list [14]   10/23 17/13 18/2
  18/12 18/23 19/5 19/7 19/14
  19/21 19/23 20/5 20/11 20/14
  21/16
lists [1]   20/2
little [4]   18/18 18/24 19/1
  19/9
live [1]   18/6
LLP [1]   2/5
local [1]   3/16
lodge [1]   6/18
logic [1]   15/23
look [3]   13/17 14/5 19/20
looks [1]   16/15
Los [1]   2/13
lot [6]   6/11 9/7 17/17 19/4
  19/15 24/1
LUKE [2]   2/11 3/10

**M**

made [3]   4/20 5/12 22/18
magistrate [2]   11/17 14/21
majority [1]   22/17
make [13]   5/9 5/10 6/7 7/25
  8/1 8/24 12/3 13/19 18/9 18/25
  19/17 19/20 20/17
makes [2]   15/20 19/13
making [3]   16/19 17/6 17/21
many [1]   13/18 14/1

**March** [4]   8/9 8/12 9/9 10/17
**March 10** [1]   9/9
**March 23** [1]   8/9
**March 6** [2]   9/12 10/17
marching [1]   5/11
Markman [5]   8/16 9/3 9/4 9/11
  22/13
master [3]   22/15 22/16 22/18
math [1]   16/14
matter [5]   5/1 5/15 5/23 11/16
  26/10
matters [3]   6/16 21/22 23/7
may [13]   6/7 6/9 6/17 6/18
  6/20 8/20 9/5 9/15 12/12 13/23
  19/10 22/11 24/19
May 1 [1]   9/5
May 21 [1]   6/18
May 28 [1]   6/9
May 31 [1]   8/20
me [11]   3/11 4/19 5/13 8/23
  8/25 12/4 21/12 22/19 23/14
  24/9 24/11
mean [2]   14/12 21/16
mechanism [1]   8/21
mediate [1]   8/21
mediation [1]   8/21
meet [5]   10/9 13/14 15/4 20/11
  21/11
meeting [1]   20/8
Memorial [1]   6/9
memorializing [1]   5/9
might [1]   11/18
milestone [1]   24/16
mind [2]   5/24 20/2
model [4]   4/25 11/22 11/24
  12/6 19/18
moment [1]   24/19
MONDAY [3]   3/1 23/25 24/1
month [1]   14/19
months [3]   23/11 24/14 25/1
more [8]   6/11 11/19 12/2 12/7
  12/10 13/7 15/2 18/2
morning [2]   6/11 23/23
mornings [1]   9/12
most [1]   22/10
motion [2]   3/23 4/7
motions [17]   6/15 6/19 7/8 7/8
  7/10 7/11 7/13 7/14 7/23 8/2
  8/2 8/5 8/7 8/9 8/9 9/5 22/12
move [2]   4/16 24/18
Mr [2]   16/8 23/19
Mr. [3]   3/24 5/20 16/9
Mr. Dauchot [2]   3/24 5/20
Mr. Patel [1]   16/9
much [3]   17/12 18/13 23/9
multiple [1]   13/13
my [11]   3/8 3/12 16/14 17/15
  22/1 22/5 22/9 22/21 23/8 23/8
  23/18
myself [1]   22/21

**N**

namely [1]   11/24
narrow [2]   15/16 17/7
narrowing [7]   4/17 4/19 8/14
  12/13 15/11 15/21 16/16
necessarily [1]   20/7
need [9]   5/12 6/5 7/23 7/25
  13/16 13/21 15/4 17/12 20/12
New [1]   17/16
next [2]   6/10 21/7
no [14]   3/2 5/21 5/25 11/19
  14/10 15/8 19/13 19/16 23/4
  23/4 23/4 23/4 24/23 24/24

**Nonexpert** [1]   8/12
normal [1]   8/12
normally [1]   6/10
North [1]   2/15
Northern [2]   4/10 4/12
not [17]   4/11 4/18 4/20 8/6
  8/25 9/6 11/15 11/25 13/19
  13/25 16/1 16/18 18/11 19/23
  20/13 23/7 24/12
notes [1]   5/7
nothing [1]   9/12
notice [1]   20/20
Notwithstanding [1]   14/10
November [1]   11/5
November 4 [1]   11/5
Now [1]   14/17
number [8]   4/17 4/23 5/2 5/3
  12/9 12/24 12/25 22/9
nuts [1]   22/20

**O**

obvious [1]   13/15
obviously [3]   4/3 18/10 19/7
occasion [1]   22/14
occur [2]   15/18 16/16
October [2]   8/13 11/4
October 10 [1]   11/4
October 13 [1]   8/13
offer [1]   21/1
office [1]   17/17
often [2]   7/5 14/2
okay [10]   5/14 5/22 9/19 10/13
  14/17 16/11 20/19 23/10 23/23
  24/21
once [3]   14/18 14/19 20/10
one [15]   2/6 4/8 4/21 7/17
  12/9 13/25 14/3 14/3 15/9 16/1
  16/10 21/14 22/14 22/23 23/2
ones [5]   8/6 12/21 13/1 18/2
  19/5
only [5]   4/21 8/7 17/15 21/24
  23/5
opening [3]   9/9 10/6 22/7
opines [1]   14/23
opinion [1]   21/14
opportunity [1]   5/12
opposing [3]   12/20 13/6 14/5
optimistic [1]   23/1
order [11]   4/7 4/25 5/9 7/24
  11/16 11/22 11/24 12/7 14/9
  19/18 21/12
orders [1]   5/11
organization [1]   11/21
other [6]   4/22 6/15 11/19
  21/15 23/7 24/1
other's [1]   14/20
ought [3]   13/11 24/11 24/21
our [6]   12/23 17/3 18/18 19/14
  19/15 22/23
out [8]   4/12 7/16 13/10 15/25
  17/17 20/14 21/8 24/13
outline [1]   5/18
outside [1]   5/13
over [3]   11/22 13/21 21/15
overall [1]   5/15

**P**

p.m [4]   3/1 6/17 8/3 9/5
page [1]   26/11
papers [1]   6/18
Paragraph [3]   8/15 12/6 19/18
Parse [1]   13/9
part [1]   19/15
particular [3]   13/17 24/16

**P**

particular [1]   24/15
particularly [1]   12/8
parties [13]   4/17 4/22 4/25
  9/21 11/6 11/6 11/11 17/20 18/13
  20/2 20/7 21/8 22/14 23/3
parties' [2]   10/17 10/20
party [3]   12/20 13/5 13/6
past [2]   24/16 24/18
PATEL [3]   2/4 3/9 16/9
patent [13]   4/21 5/17 10/22
  11/1 11/10 11/18 11/20 12/9
  13/13 13/17 22/4 22/23 23/6
patents [6]   4/18 4/20 4/24
  13/18 14/1 22/24
path [1]   4/25
pattern [1]   21/9
people [4]   9/7 14/13 14/13
  17/17
per [4]   13/3 18/16 19/18 22/23
perhaps [1]   8/6
period [2]   15/15 15/16
perspective [2]   4/3 4/9
phase [4]   15/14 15/18 15/19
  17/1
pick [1]   21/14
place [3]   16/5 20/12 20/21
plaintiff [3]   4/23 8/15 8/18
plaintiffs [9]   1/10 2/2 3/17
  10/23 11/3 15/16 19/10 19/17
  20/5
plaintiffs' [1]   5/18
plan [1]   24/13
play [1]   22/25
Plaza [1]   2/6
pleadings [1]   11/5
please [2]   3/5 6/2
pleasure [2]   23/15 24/2
plenty [3]   5/17 6/14 9/6
plus [2]   18/24 22/18
point [6]   9/1 10/5 15/2 15/10
  17/7 22/19
pointless [1]   15/24
polo [1]   10/4
positions [1]   15/18
potentially [1]   19/9
practice [3]   22/2 22/5 22/10
preference [1]   22/21
preliminary [8]   10/18 10/25
  16/17 18/15 19/22 19/25 20/10
  21/7
prepare [1]   5/8
prepared [1]   4/4
present [5]   9/14 9/22 9/23
  10/24 13/7
presenters [1]   9/24
PRESIDING [1]   1/8
pretrial [13]   4/16 6/8 6/12
  6/12 6/16 6/17 6/18 6/24 7/9
  7/15 7/21 7/24 22/3
pretty [2]   7/2 19/11
prima [1]   12/4
principal [1]   12/23
prior [2]   12/1 12/14
problem [4]   9/14 14/15 20/20
  24/15
problems [2]   23/12 24/10
procedure [1]   8/22
proceed [1]   15/21
proceedings [3]   1/15 25/2
  26/10
process [1]   22/13
progress [1]   8/24

**Q**

promptly [1]   10/15
pronounce [1]   5/1
propose [1]   7/2
  12/16 15/11
proposed [10]   5/13 10/20 11/4
  15/25 17/5 17/22 18/10 18/11
  19/19 21/5
proposing [2]   7/10 15/24
protective [1]   11/16
protocol [1]   5/24
provide [2]   4/17 17/10
providing [1]   20/8
provisions [1]   8/14
purpose [2]   15/19 22/13
purposes [1]   11/14
pursuant [1]   26/7
push [1]   19/19
pushed [1]   9/6
put [4]   6/13 8/23 18/5 24/8
puts [1]   4/9
putting [1]   19/4

question [1]   23/7
questions [1]   15/7
quickly [1]   7/2

**R**

raise [1]   15/9
rather [1]   15/21
read [1]   4/2
really [8]   4/11 7/12 13/16
  15/19 17/12 17/25 21/15 22/14
reason [6]   4/11 6/5 11/15
  11/19 12/2 20/1
reasonable [2]   12/5 12/18
reasons [2]   9/12 11/18
Rebuttal [1]   8/11
record [1]   10/3
references [6]   5/3 8/18 10/25
  12/1 12/15 20/25
regard [7]   7/22 8/21 10/2 11/1
  11/9 12/17 13/8
regular [2]   9/4 10/10
regulations [1]   26/12
relevant [1]   11/16
report [2]   8/23 24/8
reported [1]   26/9
REPORTER [1]   26/17
REPORTER'S [1]   1/15
Request [1]   13/4
require [2]   12/12 20/3
required [2]   4/22 22/11
requires [1]   24/15
resolve [1]   14/4
resolved [1]   8/25
resource [1]   23/9
respect [2]   17/25 20/22
responsive [3]   8/17 9/10 10/6
rest [2]   4/4 20/21
review [1]   3/19
reviewing [1]   22/17
right [5]   13/1 15/13 17/16
  17/19 18/13
ROKACH [2]   2/14 3/12
rolling [2]   23/8 23/8
room [1]   21/16
roughly [2]   16/14 16/19
Routh [1]   2/7
RPR [1]   1/19
Rules [1]   10/22
ruling [1]   8/16
rulings [5]   5/9 6/25 7/1 7/12
  7/16 7/19 21/13

**S**

SACV [2]   1/11 3/2
SACV-16-01052-JVS [2]   1/11 3/2
same [8]   7/11 7/13 10/5 12/21
  12/24 15/22 16/4 24/13
Santa [3]   1/16 1/20 3/1
satisfactory [1]   22/17
Saturday [1]   9/11
Saturdays [1]   10/3
say [2]   19/16 24/12
saying [1]   12/24
schedule [6]   5/6 5/18 15/10
  16/5 18/16 23/10
scheduled [1]   17/22
scope [1]   4/10
seated [2]   5/24 6/1
second [2]   12/6 23/14
Section [1]   26/7
see [6]   13/18 16/3 20/15 22/1
  22/8 24/25
seek [1]   11/16
seem [1]   4/25
seems [1]   17/8
seen [1]   20/10
SEFFENS [3]   1/19 26/16 26/17
selection [2]   8/16 22/7
SELNA [1]   1/8
send [1]   4/11
sense [2]   15/20 19/11
separately [1]   21/14
September [3]   1/17 3/1 26/14
serve [2]   11/2 11/3
serving [3]   8/5 8/8 8/8
session [3]   5/25 9/13 10/3
set [4]   9/20 15/10 15/19 17/2
settlement [3]   8/19 8/20 8/22
seven [4]   8/23 14/22 14/24
  24/8
SHARON [3]   1/19 26/16 26/17
shirt [1]   10/4
should [2]   11/10 13/9
show [1]   14/6
shows [1]   14/3
side [5]   12/25 13/8 13/15
  20/11 22/2
significance [2]   11/12 11/19
significant [2]   22/11 23/2
simple [2]   8/5 8/6
simply [2]   18/1 21/5
since [1]   15/18
situations [1]   7/19
six [1]   12/10
sleeves [2]   23/8 23/9
slide [3]   16/6 21/5 21/10
sliding [1]   17/8
slie [1]   17/8
slippages [1]   21/17
so [36]
solves [1]   20/20
some [15]   4/19 7/25 10/5 11/20
  12/2 14/1 14/13 14/13 15/23
  17/8 18/5 21/16 22/3 24/15
  24/18
somebody [1]   11/15
something [1]   6/23
sometime [1]   23/13
sometimes [4]   9/22 9/22 9/23
  20/1
SONY [3]   1/11 3/3 20/17
Sony's [1]   3/23
sorry [1]   16/12
SOSTEK [3]   2/3 3/8 16/8
South [1]   2/12

**S**

SOUTHERN [1] 1/4
special [3] 22/15 22/16 22/18
specific [2] 13/19 15/11
spot [1] 23/12
stage [9] 5/3 5/4 11/25 12/1
 12/6 12/11 12/14 15/19 20/14
standards [1] 11/20
standpoint [1] 18/9
start [2] 13/9 23/16
starters [1] 13/10
starts [1] 7/20
state [2] 3/5 21/14
statements [1] 22/7
STATES [4] 1/4 1/19 26/8 26/12
status [1] 23/10
stay [2] 5/24 6/1
stenographically [1] 26/9
step [5] 3/5 4/8 5/10 5/10
 19/21
still [3] 16/15 18/17 20/23
straight [1] 19/21
Street [4] 1/20 2/7 2/12 2/15
strong [1] 22/21
structure [1] 5/1
subject [1] 11/16
submit [1] 5/12
submitted [1] 12/19
substantial [1] 4/19
substantively [1] 11/13
sufficient [2] 11/24 12/7
sufficiently [1] 12/3
suggest [2] 5/5 21/4
suggestion [2] 8/1 23/21
Suite [2] 1/20 2/7
summary [2] 22/12 24/11
Sunday [1] 24/2
sure [6] 5/10 6/21 16/18 16/25
 18/19 20/17
suspect [1] 6/11
sync [1] 5/10
system [1] 7/17

**T**

table [1] 14/12
take [8] 6/10 8/1 11/14 14/21
 18/14 21/18 24/11 24/21
takes [3] 4/8 11/7 20/12
talking [2] 7/12 12/8
telephone [1] 24/17
Tell [1] 23/14
ten [7] 4/20 12/22 22/4 22/10
 22/13 22/22 23/2
tentative [6] 3/20 4/1 4/2 4/5
 4/6 7/17
term [1] 16/1
terms [28]
Texas [1] 2/8
than [8] 6/12 12/7 12/10 15/2
 15/21 18/24 19/16 24/1
Thank [6] 4/15 6/3 6/4 21/20
 21/21 24/20
that [100]
that's [16] 4/6 4/12 7/17 7/18
 11/6 12/15 14/2 16/1 16/3
 16/18 18/6 18/10 20/11 20/19
 23/16 24/6
their [8] 8/17 10/24 11/2 11/3
 17/10 17/21 19/17 23/8
them [4] 9/11 9/21 12/22 19/24
 21/14 23/12
then [25] 4/6 4/16 8/5 8/14
 8/17 8/19 10/21 11/4 11/22

11/25 12/6 12/16 14/3 15/16
15/21 16/7 18/15 19/17 19/20
19/10 20/7 20/20 20/20 21/6
24/13
there [22] 4/21 4/24 9/12 9/18
 11/9 12/2 13/11 13/13 13/18
 15/4 15/15 15/23 16/13 19/9
 19/14 20/13 21/16 21/22 22/1
 23/9 24/10 24/15
thereafter [1] 10/24
these [6] 7/4 7/16 9/24 13/18
 14/1 14/18
they [11] 6/6 7/4 9/21 12/11
 12/22 19/11 20/6 22/15 22/15
 23/4 23/5
thing [4] 7/6 18/13 21/24
 24/14
think [41]
third [2] 13/16 23/17
Thirty [1] 20/24
this [12] 5/7 5/15 6/9 6/10
 6/13 7/6 7/7 12/11 12/13 16/9
 22/19 23/13
THOMPSON [1] 2/5
those [7] 7/9 8/3 9/4 11/10
 12/4 13/9 19/6
thoughts [1] 15/7
three [3] 10/14 23/11 24/14
through [4] 5/6 10/8 11/7 15/6
thumbnail [1] 24/9
time [12] 6/14 7/6 7/13 7/14
 7/15 9/6 15/22 17/12 17/18
 21/25 22/2 22/5
timeframe [2] 10/7 17/16
timeframes [1] 17/7
times [1] 15/11
timetable [1] 5/15
timing [3] 12/17 18/8 18/17
Title [1] 26/8
today [2] 3/12 5/8
together [1] 21/8
Tom [1] 3/15
total [2] 12/1 15/1
totality [1] 16/5
touch [1] 7/4
touched [1] 6/23
transcript [3] 1/15 26/9 26/11
translators [1] 13/20
trial [14] 5/16 5/18 5/19 5/19
 6/7 7/20 12/8 14/3 14/6 14/11
 21/25 22/4 23/16 23/24
tried [2] 12/9 22/3
true [1] 26/8
trust [1] 3/19
try [4] 4/20 7/24 12/13 19/4
Tuesday [2] 24/5 24/7
turns [1] 15/25
tutorial [5] 9/11 9/20 10/1
 10/2 10/7
two [9] 5/16 7/16 10/13 13/12
 13/13 14/3 15/2 18/23 18/24
type [1] 7/5
typical [1] 6/12
typically [2] 7/8 14/4

**U**

U.S [1] 26/17
under [1] 4/21
understand [1] 4/13
unfortunately [1] 23/6
UNITED [4] 1/4 1/19 26/8 26/12
unless [2] 4/1 14/10
unreasonable [1] 17/14
until [1] 7/9

up [5] 4/23 4/23 6/10 9/21
 13/2 17/4 20/12 23/5 23/14
 17/22 22/17 23/8 23/6 24/11
 24/22
upon [1] 20/12
us [8] 6/14 9/6 11/7 15/6 17/8
 18/8 19/8 19/14
Use [1] 22/6
used [1] 14/18

**V**

validity [1] 14/24
vast [1] 22/17
versus [1] 3/3
very [2] 22/16 22/19 24/25
videotape [1] 10/1
VISHAL [2] 2/4 3/9

**W**

walk [1] 5/6
walks [1] 15/6
want [13] 3/13 5/10 5/20 9/21
 10/9 12/14 12/22 13/10 18/6
 20/4 20/23 21/15 21/18
wanted [3] 16/12 22/14 23/5
wants [1] 20/9
was [3] 5/15 12/23 23/4
wasn't [1] 14/4
wasted [1] 19/15
wasting [1] 18/11
watch [1] 24/1
way [5] 6/24 9/21 13/10 14/4
 14/8
way we [1] 14/8
we [96]
week [5] 6/6 23/14 23/17 23/22
 23/24
weeks [2] 18/23 18/24
well [24] 6/7 6/15 6/25 7/2
 7/7 7/10 7/21 7/22 8/6 9/19
 12/21 13/22 15/23 16/22 18/5
 18/6 18/15 18/20 19/16 21/11
 22/24 23/2 23/22 24/4
were [2] 22/15 25/2
West [1] 1/20
what [24] 4/9 5/7 5/11 5/13
 6/9 7/23 8/24 11/12 12/11
 12/12 12/13 17/20 19/3 19/6
 20/12 20/19 21/8 22/10 22/20
 23/11 23/15
what's [2] 23/21 24/2
whatever [1] 6/15
when [7] 4/8 7/1 9/8 18/2
 20/11 21/12 22/1
whenever [1] 8/22
where [15] 4/12 7/19 9/6 12/10
 14/20 14/21 15/3 15/11 15/15
 19/10 20/8 20/13 22/8 23/3
 24/10
Whereupon [1] 25/2
which [10] 4/25 6/7 7/4 7/14
 17/3 17/22 19/5 19/8 19/11
 20/3
who [2] 14/3 14/12
why [10] 5/6 6/13 10/13 11/18
 12/2 16/22 19/20 19/23 20/1
 21/11
will [31]
willing [5] 4/24 5/4 12/10
 22/15 24/17
within [2] 7/16 8/23
won't [1] 10/3
work [8] 17/25 18/6 18/21
 20/17 21/8 23/6 23/18 24/5

**W**

work into [1]  18/6
working [1]  5/25
works [5]  18/8 18/18 20/16
 23/22 24/3
worth [1]  11/19
would [23]  5/6 5/7 6/7 6/10
 8/15 8/23 8/25 9/19 10/5 13/2
 13/2 15/17 15/24 16/15 16/20
 17/24 18/22 21/4 23/10 23/13
 23/17 23/19 24/1
wouldn't [2]  17/19 17/20
wound [1]  22/17
write [1]  14/9

**Y**

Year [1]  17/16
years [1]  5/16
yes [3]  13/24 14/9 21/3
you [98]
your [41]
yourselves [1]  15/5

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-00835 JVS(DFMx)            Date   November 8, 2019

Title      Fisher & Paykel Healthcare Limited v. Flexicare Incorporated

Present: The
Honorable        **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Benjamin Everton<br>Sheila Swaroop | Christopher Campbell, Peter Sauer,<br>Peter Akrotirianakis |

**Proceedings:   STATUS CONFERENCE**


        Cause is called for hearing and counsel make their appearances.  Court and counsel
confer.  The Court finds that reduction to 40 claims and 40 prior art references is
reasonable.  Plaintiff shall disclose reduced list by 12/2/19 and defendant by 12/9/19.




                                                                        :        15

                                    Initials of Preparer        lmb

Exhibit B
Page 37