Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404 Facsimile:  (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **DECLARATION OF ADAM B.**<br>) **POWELL IN SUPPORT OF THE**<br>) **PROPOSALS REGARDING THE**<br>) **REDUCTION OF CLAIMS AND**<br>) **PRIOR ART REFERENCES**<br>)<br>) Hrg Date:   July 10, 2020<br>) Time:        3:00 p.m.<br>) Location:   Courtroom 10C<br>)<br>) Discovery Cut-Off:        7/5/2021<br>) Pre-Trial Conference:    3/21/2022<br>) Trial:                          4/5/2022 |

1    I, Adam B. Powell, hereby declare and state as follows:

2        1.    I am an attorney with the law firm of Knobbe, Martens, Olson &
3    Bear, LLP, and I am licensed to practice law in the State of California.  I am
4    counsel of record for Plaintiffs Masimo Corporation ("Masimo") and Cercacor
5    Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in the above-
6    captioned action.  I have personal knowledge of the matters set forth herein,
7    and, if I am called upon to testify, I could and would testify competently
8    thereto. I submit this declaration in support of the parties' Joint Submission
9    Regarding Reduction of Claims and Prior Art References.

10       2.    Attached hereto as Exhibit 1 is a true and correct copy of a
11   document obtained from the public docket in *Broadcom Corporation v. Sony
12   Corporation*, No. 8:16-cv-1052-JVS-JCG, Dkt. 67 (C.D. Cal. Sep. 29, 2016).

13       3.    Attached hereto as Exhibit 2 is a true and correct copy of the
14   transcript of a hearing on July 29, 2019, in *Fisher and Paykel Healthcare v.
15   Flexicare, Inc.*, 19-cv-00835-JVS (C.D. Cal. July 29, 2019).

16       I declare under penalty of perjury under the laws of the State of California
17   that the foregoing is true and correct.

18       Executed on July 3, 2020, in Los Angeles, California.

19
20              */s/ Adam B. Powell*
                Adam B. Powell
21
     33093977
22

23

24

25

26

27

28

# EXHIBIT 1

Case 8:20-cv-00048-JVS-JDE   Document 69-2   Filed 07/03/20   Page 4 of 24   Page ID
Case 8:16-cv-01052-JVS-JCG   Document 67   Filed 09/29/16   Page 1 of 8   Page ID #:1086
#:1468

[NOTE CHANGES IN BOLD.]

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BROADCOM CORPORATION ET AL.,** | Case No. 8:16-cv-1052-JVS-JCG |
| Plaintiffs, | |
| v. | **ORDER REGARDING JOINT MOTION FOR SCHEDULING ORDER RE: PRETRIAL DATES** |
| **SONY CORPORATION, ET AL.** | |
| Defendants. | |

Having considered the Parties Joint Motion for Scheduling Order regarding Pretrial Dates, the Court is of the opinion that such Motion should be GRANTED.

It is therefore ORDERED, that the schedule provided below be entered and govern the deadlines for matters set forth therein.

**Exhibit 1**
**-2-**

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial Date | 8:30 a.m. (Tuesdays) | | | | June 12, 2018 |
| File Findings of Fact and Conclusion of Law and Summaries of Direct Testimony | | -1 | | | To extent necessary, May 25, 2018 |
| Final Pretrial Conference: Hearing on Motions in *Limine*; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 3:00 pm | | | | May 29, 2018 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | | | May 21, 2018 |
| Last day for hand-serving Motions in *Limine* | | -6 | | | April 30, 2018 |

Exhibit 1
-3-

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Last day for hearing dispositive motions or motions to strike expert testimony (including *Daubert* motions, but not including Motions in *Limine*) | 1:30 p.m. (Mondays) | -7 | | | April 16, 2018 |
| Last day for hand-serving dispositive motions or motions to strike expert testimony and filing (including *Daubert* motions, but not including Motions in *Limine*)[1] | | -11 | | | March 8, 2018 |
| Expert Discovery cut-off | | | | | February 19, 2018 |
| Rebuttal Expert Witness Disclosures | | | | | January 29, 2018 |
| Quarterly Status Conference (Parties to Submit Joint Report Regarding Quarterly Status Conference 7 days in advance) | 8:00 am | | | | **December 4, 2017** |

[1] For Motions filed the week of March 5, 2018, the Parties agree that Opposition Briefs will be due March 22, 2018 and Reply briefs due April 2, 2018.

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Opening Expert Witness Disclosures by the Party with Burden of Proof | | | | | December 6, 2017 |
| Non-expert Discovery cut-off and last day for hand-serving motions to compel discovery | | | | | October 13, 2017 |
| Quarterly Status Conference (Parties to Submit Joint Report Regarding Quarterly Status Conference 7 days in advance) | 8:00 am | | | | **September 6, 2017** |
| Defendants to Comply with Model Order ¶3 (Exhibit B) | | | | | 14 days after Plaintiffs' compliance with Model Order ¶3 |
| Plaintiffs to Comply with Model Order ¶3 (Exhibit B) | | | | | 28 days after final claim construction ruling |

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Quarterly Status Conference (Parties to Submit Joint Report Regarding Quarterly Status Conference 7 days in advance) | 8:00 am | | | | **June 26, 2017** |
| Last day to conduct Settlement Conference (Parties to submit Joint Report to Court within 7 days of Conference) | | | | | May 31, 2017 |
| *Markman* hearing | 3:00 p.m. (Mondays) | | | | May 1, 2017 |
| Parties to file Responsive Claim Construction Briefs (P.R. 4-5(b) and Court's Order Setting Rule 26(f) Scheduling Conference) | | | | | April 6, 2017 |
| Parties to Present Technology Tutorials to Court | 1:30 pm | | | | March 30, 2017 |

**Exhibit 1**
**-6-**

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|--------|------|--------------------|--------------------|--------------------|-------------|
| Quarterly Status Conference (Parties to Submit Joint Report Regarding Quarterly Status Conference 7 days in advance) | 8:00 am | | | | **March 28, 2017** |
| Parties to file Opening Claim Construction Briefs (P.R. 4-5(a) and Court's Order Setting Rule 26(f) Scheduling Conference) | | | | | March 23, 2017 |
| Claim Construction Discovery cut-off (P.R. 4-4) | | | | | March 6, 2017 |
| Parties to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | | | | | February 16, 2017 |
| Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence (P.R. 4-2) | | | | | February 9, 2017 |

Exhibit 1
-7-

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Parties to Exchange Proposed Terms for Construction (P.R. 4-1) | | | | | January 27, 2017 |
| Defendants to Comply with Model Order ¶2 (Exhibit B) | | | | | January 23, 2017 |
| Plaintiffs to Comply with Model Order ¶2 (Exhibit B) | | | | | January 6, 2017 |
| Quarterly Status Conference | 8:00 am | | | | December 20, 2016 |
| Parties to Submit Joint Report Regarding Quarterly Status Conference | | | | | December 13, 2016 |
| Defendants to serve Invalidity Contentions and accompanying document production (P.R. 3-3 and 3-4) | | | | | December 8, 2016 |
| Last day to amend pleadings or add parties without leave of Court | | | | | November 4, 2016 |

| Matter | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Plaintiffs to serve Infringement Contentions and accompanying document production (P.R. 3-1 and 3-2)[2] | | | | | October 10, 2016 |

Dated: September 29, 2016

_____
Hon. James V. Selna

---

[2] This Court has adopted the Local Patent Rules from the Northern District of California that govern amendments to Infringement and Invalidity contentions under P.R. 3-6.

SCHEDULE OF PRETRIAL DATES                                        Page 8

**Exhibit 1**
**-9-**

# EXHIBIT 2

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

FISHER AND PAYKEL HEALTHCARE, )
                    Plaintiff,  )
      vs.                       )
                                )  SACV-19-00835-JVS
FLEXICARE, INC.,                )
                    Defendant.  )
------------------------------)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

July 29, 2019

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

Exhibit 2
-10-

2

```
 1    APPEARANCES OF COUNSEL:

 2    For the Plaintiff:

 3    SHEILA SWAROOP
      BENJAMIN J. EVERTON
 4    KNOBBE MARTENS OLSON & BEAR, LLP
      2040 Main Street, 14th Floor
 5    Irvine, CA  92614
      (949) 760-0404
 6

 7    For the Defendant:

 8    CHRISTOPHER CAMPBELL
      PETER SAUER
 9    KING & SPALDING
      633 West 5th Street, Suite 1600
10    Los Angeles, CA  90071
      (213) 443-4313
11
      JAMES P. BROGAN
12    KING & SPALDING
      601 South California Avenue, Suite 100
13    Palo Alto, CA  94304
      (720) 535-2400
14

15

16

17

18

19

20

21

22

23

24

25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-11-**

3

|  |  |  |
|---|---|---|
|  | 1 | SANTA ANA, CALIFORNIA; MONDAY, JULY 29, 2019; 10:15 A.M. |
| 10:15 | 2 | THE CLERK:  Item No. 3, SACV-19-00835-JVS, Fisher |
| 10:15 | 3 | and Paykel Healthcare, Ltd., versus Flexicare, Inc. |
| 10:15 | 4 | Appearances please, counsel. |
| 10:15 | 5 | MS. SWAROOP:  Good morning, Your Honor.  Sheila |
| 10:15 | 6 | Swaroop, Knobbe, Martens, Olson & Bear, for plaintiff Fisher |
| 10:15 | 7 | and Paykel Healthcare. |
| 10:15 | 8 | THE COURT:  Good morning. |
| 10:16 | 9 | MR. EVERTON:  Ben Everton, also for Fisher and |
| 10:16 | 10 | Paykel Healthcare. |
| 10:16 | 11 | THE COURT:  Good morning. |
| 10:16 | 12 | MR. CAMPBELL:  Good morning, Your Honor.  Chris |
| 10:16 | 13 | Campbell of King & Spalding for the defendant, Flexicare |
| 10:16 | 14 | Inc., and with my colleagues and I in the courtroom are my |
| 10:16 | 15 | clients Michael Devine, who is the General Manager of |
| 10:16 | 16 | Flexicare Inc., and Shaz Poormand, who is the Vice-President |
| 10:16 | 17 | of Business Development. |
| 10:16 | 18 | THE COURT:  Good morning.  Welcome. |
| 10:16 | 19 | MR. BROGAN:  Good morning, Your Honor.  Jim Brogan |
| 10:16 | 20 | with King & Spalding on behalf of Flexicare. |
| 10:16 | 21 | THE COURT:  Good morning. |
| 10:16 | 22 | MR. SAUER:  Good morning, Your Honor.  Peter Sauer |
| 10:16 | 23 | on behalf of Flexicare for King & Spalding. |
| 10:16 | 24 | THE COURT:  Good morning. |
| 10:16 | 25 | It's clear that we're going to have to at some |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

Exhibit 2
-12-

4

| | | |
|---|---|---|
| 10:16 | 1 | point reduce the number of claims in issue and the number of |
| 10:16 | 2 | prior art references.  I'd like to give you folks a couple |
| 10:16 | 3 | of months to get into this case and to come back in October |
| 10:16 | 4 | with competing proposals as to how we do that, but it's |
| 10:16 | 5 | clear we need to pare the case down to a manageable portion |
| 10:17 | 6 | that a jury can really take up. |
| 10:17 | 7 | So I propose that we have a status conference on |
| 10:17 | 8 | October 21 if that's convenient to counsel at say 11:00 a.m. |
| 10:17 | 9 | Do you want to check your calendars? |
| 10:17 | 10 | MS. SWAROOP:  That's fine for the plaintiffs, Your |
| 10:17 | 11 | Honor. |
| 10:17 | 12 | MR. CAMPBELL:  That works for the defendants, Your |
| 10:17 | 13 | Honor.  Thank you. |
| 10:17 | 14 | THE COURT:  Okay.  My inclination is to adopt |
| 10:17 | 15 | plaintiff's proposed trial schedule.  This matter was filed |
| 10:17 | 16 | on May 3, 2019.  Twenty-one months to trial seems to be |
| 10:17 | 17 | reasonable even in a patent case. |
| 10:17 | 18 | MR. CAMPBELL:  Your Honor, if I may address one |
| 10:17 | 19 | point there.  With regard to the reduction in the competing |
| 10:17 | 20 | proposals, we would ask that the Court consider pushing the |
| 10:18 | 21 | deadline for the invalidity contentions -- |
| 10:18 | 22 | THE COURT:  Sir, get on the mic, please. |
| 10:18 | 23 | MR. CAMPBELL:  I'm sorry, Your Honor. |
| 10:18 | 24 | We would ask that the Court consider pushing the |
| 10:18 | 25 | deadline for invalidity contentions beyond the date where we |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-13-**

5

| | | |
|---|---|---|
| 10:18 | 1 | have a claim reduction so that we know which claims are |
| 10:18 | 2 | specifically at issue in the case.  Otherwise, we are going |
| 10:18 | 3 | to be doing a lot of work on many different asserted claims |
| 10:18 | 4 | that are going to eventually pursuant to what Your Honor |
| 10:18 | 5 | just said be dropped from the case.  So we would simply ask |
| 10:18 | 6 | that concession and modification, because otherwise we are |
| 10:18 | 7 | going to be doing work that is pretty much for naught. |
| 10:18 | 8 | THE COURT:  Ms. Swaroop. |
| 10:18 | 9 | MS. SWAROOP:  Yes, Your Honor.  I think that it |
| 10:18 | 10 | would make sense for both parties to have the benefit of |
| 10:18 | 11 | each other's contentions before we can make a meaningful |
| 10:18 | 12 | narrowing of the case.  I think as Your Honor recognized in |
| 10:18 | 13 | the Broadcom case that counsel cited in the joint report |
| 10:18 | 14 | that's exactly what happened there.  It would make sense for |
| 10:19 | 15 | the parties to have each other's contentions before that |
| 10:19 | 16 | claim hearing. |
| 10:19 | 17 | THE COURT:  I'm not going to defer the date.  I |
| 10:19 | 18 | hear what you're saying, but I think that if people need to |
| 10:19 | 19 | pick and choose, they need to have some sense of what the |
| 10:19 | 20 | parties' respective contentions are. |
| 10:19 | 21 | MR. CAMPBELL:  Understood, Your Honor. |
| 10:19 | 22 | THE COURT:  So the matter will proceed to trial on |
| 10:19 | 23 | February 2, 2021, at 8:30 a.m., jury trial.  We will do the |
| 10:19 | 24 | final pretrial conference on -- it will be one day later. |
| 10:19 | 25 | It will be January 19, 2021, at 11:00 a.m.  The 18th that |

**Exhibit 2**
**-14-**

6

| | | |
|---|---|---|
| 10:19 | 1 | year is Martin Luther King Day. |
| 10:19 | 2 | MS. SWAROOP:  Thank you, Your Honor.  I realized |
| 10:19 | 3 | that after we submitted it, so I appreciate you changing |
| 10:19 | 4 | that. |
| 10:19 | 5 | THE COURT:  Last to lodge the pretrial papers will |
| 10:19 | 6 | be January 11, 2021.  Last for hand-serving motions |
| 10:19 | 7 | in-limine December 21, 2020.  Last for hearing regular |
| 10:19 | 8 | motions December 7, 2020.  Last for hand-serving regular |
| 10:20 | 9 | motions November 9, 2020.  Nonexpert discovery cutoff |
| 10:20 | 10 | September 7, 2020.  As far as expert discovery goes, initial |
| 10:20 | 11 | disclosures September 28, 2020.  Rebuttal disclosures |
| 10:20 | 12 | October 19, 2020.  Expert discovery cutoff November 2, 2020. |
| 10:20 | 13 | Last day for amending the pleadings, January 31, 2020. |
| 10:20 | 14 | Okay, then in terms of the patent specific dates, |
| 10:21 | 15 | I'm going to adopt all of the plaintiff's dates, but I won't |
| 10:21 | 16 | recite them.  The Markman hearing will be January 13, 2020, |
| 10:21 | 17 | at 3:00 p.m. |
| 10:21 | 18 | Let me say in a complicated case I believe the |
| 10:21 | 19 | parties should have continuing discussions, and if there |
| 10:21 | 20 | needs to be adjustments to particular dates, I expect you to |
| 10:21 | 21 | discuss that and come back to me.  I'm generally willing to |
| 10:21 | 22 | adjust most dates, just not the pretrial and the trial date. |
| 10:21 | 23 | Let's use the October status conference date for a |
| 10:22 | 24 | general discussion of any matters you'd like to bring up.  I |
| 10:22 | 25 | would ask you to put in a joint report, please, seven days |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-15-**

| 10:22 | 1 | in advance just giving me a heads-up on what topics we ought |
| 10:22 | 2 | to discuss besides your proposals for reducing the number of |
| 10:22 | 3 | claims at issue and prior art references at issue. |
| 10:22 | 4 | You propose that we make some adjustments with |
| 10:22 | 5 | regard to discovery.  First of all, you raise the issue of |
| 10:22 | 6 | expert depositions.  I believe to the extent an expert puts |
| 10:22 | 7 | in multiple reports that seven hours per report is |
| 10:22 | 8 | reasonable. |
| 10:22 | 9 | With regard to requests for production, the |
| 10:22 | 10 | defense proposes 125.  It seems to be a rather large number, |
| 10:22 | 11 | but I'll go along with that.  To the extent anyone thinks |
| 10:23 | 12 | they need more, you should have discussions among |
| 10:23 | 13 | yourselves, and I would hope you could come to an agreement. |
| 10:23 | 14 | I mean, you're sophisticated counsel.  You know what you |
| 10:23 | 15 | need.  You know what you have got to give.  But prima facie |
| 10:23 | 16 | 125. |
| 10:23 | 17 | MS. SWAROOP:  Your Honor, if I could address that |
| 10:23 | 18 | point.  We started an initial request that was very |
| 10:23 | 19 | comprehensive and very detailed -- |
| 10:23 | 20 | THE COURT:  Right. |
| 10:23 | 21 | MS. SWAROOP:  -- so we had 93 to start out with, |
| 10:23 | 22 | and then we received a request from the defendants that we |
| 10:23 | 23 | should be limited to 125.  We're now talking about serving |
| 10:23 | 24 | e-mail requests through RFPs, not through -- not them being |
| 10:23 | 25 | encompassed by the initial set.  I've actually never had a |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-16-**

| 10:23 | 1 | case where the number of RFPs have been limited.  At this |
| 10:23 | 2 | point, I'm not aware of any particular reason why we would |
| 10:23 | 3 | need to have a limit.  We sort of view these RFPs as a way |
| 10:23 | 4 | to serve very targeted discovery requests after we have been |
| 10:23 | 5 | able to obtain documents from the defendant. |
| 10:23 | 6 | THE COURT:  Well, I'll adopt the 125.  But as I |
| 10:23 | 7 | said, I think you know what you need to give, and you know |
| 10:24 | 8 | what you need.  I'd encourage you to discuss the need for |
| 10:24 | 9 | requests above 125.  If you can't agree, then take it to the |
| 10:24 | 10 | magistrate judge, but I do expect you to be reasonable.  I |
| 10:24 | 11 | mean, I suspect there are a fair number of documents out |
| 10:24 | 12 | there, and to the extent that their request for production |
| 10:24 | 13 | is a pinpointed request for a specific item, I would have |
| 10:24 | 14 | trouble seeing that rejected because it exceeded some |
| 10:24 | 15 | preadopted limit. |
| 10:24 | 16 | MS. SWAROOP:  Thank you, Your Honor. |
| 10:24 | 17 | MR. CAMPBELL:  Thank you, Your Honor. |
| 10:24 | 18 | THE COURT:  Okay.  I think that covers the |
| 10:24 | 19 | discovery issues you wanted to raise. |
| 10:24 | 20 | As far as the number of depositions, I think the |
| 10:25 | 21 | number of depositions -- you want to propose a limit.  My |
| 10:25 | 22 | thought is each percipient deponent is deposed for a |
| 10:25 | 23 | seven-hour day rather than working off some arbitrary hours |
| 10:25 | 24 | budget. |
| 10:25 | 25 | MR. CAMPBELL:  The reason, Your Honor, that we are |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-17-**

| | | |
|---|---|---|
| 10:25 | 1 | asking for a modification of that is due to the sheer number |
| 10:25 | 2 | of inventors, for example, in this case.  We are looking at |
| 10:25 | 3 | ten inventors already that have been identified in our |
| 10:25 | 4 | initial disclosures from whom we would like to take |
| 10:25 | 5 | discovery, as well as additional prior art witnesses.  So |
| 10:25 | 6 | the issue arises is that if we're limited to ten we're not |
| 10:26 | 7 | going to get very far in our case in putting it together. |
| 10:26 | 8 | THE COURT:  Okay, 15 prima facie.  If there is |
| 10:26 | 9 | good cause for more, I think you should sit down and discuss |
| 10:26 | 10 | it.  I would have trouble not allowing you to take the |
| 10:26 | 11 | deposition of an inventor regardless of a prima facie cap. |
| 10:26 | 12 | MR. CAMPBELL:  Thank you. |
| 10:26 | 13 | THE COURT:  Again, if you have difficulties on |
| 10:26 | 14 | that, go back to the magistrate judge. |
| 10:26 | 15 | MS. SWAROOP:  Your Honor, just to clarify, we did |
| 10:26 | 16 | propose up to 15 depositions with an hour limit of 70.  So |
| 10:26 | 17 | is it Your Honor's ruling that it's seven hours per -- |
| 10:26 | 18 | THE COURT:  Per -- |
| 10:26 | 19 | MS. SWAROOP:  Per each of those witnesses.  Thank |
| 10:26 | 20 | you, Your Honor. |
| 10:26 | 21 | THE COURT:  Again, I think you have to see how it |
| 10:26 | 22 | plays out and work cooperatively. |
| 10:26 | 23 | Okay, are there any other issues we should take |
| 10:26 | 24 | up? |
| 10:26 | 25 | MR. CAMPBELL:  Nothing from the defendant, Your |

**Exhibit 2**
**-18-**

10

| | | |
|---|---|---|
| 10:26 | 1 | Honor. |
| 10:26 | 2 | MS. SWAROOP:  Your Honor, I think the defendant |
| 10:26 | 3 | had -- maybe they're not making the request anymore, but |
| 10:27 | 4 | they had -- at page 9 of the report, they had made a request |
| 10:27 | 5 | that Your Honor consider summary judgment concurrent with |
| 10:27 | 6 | claim construction.  So I didn't know if Your Honor was -- |
| 10:27 | 7 | MR. CAMPBELL:  And that's on 112 issues, Your |
| 10:27 | 8 | Honor.  What we're trying to do is follow what the Eastern |
| 10:27 | 9 | District of Texas does.  It's the opportune time because the |
| 10:27 | 10 | Court is familiar with the issues in the case, and the Court |
| 10:27 | 11 | has decided what the claim terms mean, whether or not |
| 10:27 | 12 | they're definite.  So we would propose simply that we have |
| 10:27 | 13 | the opportunity to raise 112 issues at the time of Markman |
| 10:27 | 14 | via summary judgment. |
| 10:27 | 15 | THE COURT:  You can bring that on anytime you want |
| 10:27 | 16 | other than the Markman hearing.  The Markman hearing I think |
| 10:27 | 17 | will be sufficiently complicated that we ought to devote a |
| 10:27 | 18 | single hearing to that.  So if you want to bring it on |
| 10:27 | 19 | before, fine.  If you want to bring it on after you see the |
| 10:27 | 20 | constructions, fine, but I think the Markman hearing on one |
| 10:27 | 21 | day is enough for one day. |
| 10:28 | 22 | Okay, anything else? |
| 10:28 | 23 | MR. CAMPBELL:  Nothing from the defendant, Your |
| 10:28 | 24 | Honor. |
| 10:28 | 25 | THE COURT:  Okay.  Thank you.  We'll see you in |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2
-19-**

| | | |
|---|---|---|
| 10:28 | 1 | October. |
| 10:28 | 2 | MR. CAMPBELL:  Thank you, Your Honor. |
| 10:28 | 3 | MS. SWAROOP:  Thank you, Your Honor. |
| 10:28 | 4 | (Whereupon, the proceedings were concluded.) |
| 10:28 | 5 | *    *    * |
| 10:28 | 6 | |
| 10:28 | 7 | |
| 10:28 | 8 | |
| 10:28 | 9 | |
| 10:28 | 10 | |
| 10:28 | 11 | |
| 10:28 | 12 | |
| 10:28 | 13 | |
| 10:28 | 14 | |
| 10:28 | 15 | |
| 10:28 | 16 | |
| 10:28 | 17 | |
| 10:28 | 18 | |
| 10:28 | 19 | |
| 10:28 | 20 | |
| 10:28 | 21 | |
| 10:28 | 22 | |
| 10:28 | 23 | |
| 10:28 | 24 | |
| 10:28 | 25 | |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-20-**

12

```
10:28    1
10:28    2
10:28    3
10:28    4
10:28    5                    CERTIFICATE
10:28    6
10:28    7        I hereby certify that pursuant to Section 753,
10:28    8   Title 28, United States Code, the foregoing is a true and
10:28    9   correct transcript of the stenographically reported
10:28   10   proceedings held in the above-entitled matter and that the
10:28   11   transcript page format is in conformance with the
10:28   12   regulations of the Judicial Conference of the United States.
10:28   13
10:28   14   Date:  July 2, 2020
10:28   15
10:28   16
10:28   17                    /s/   Sharon A. Seffens   7/2/20
10:28                         _____
10:28   18                    SHARON A. SEFFENS, U.S. COURT REPORTER
10:28   19
10:28   20
        21
        22
        23
        24
        25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit 2**
**-21-**