JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

Attorneys for Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER**<br><br>**Hearing**<br><br>Date: July 20, 2020<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................3

    A. Judge Early's Order Is Erroneous and Contrary to Law. ...........................3

        1. This Court Ordered Plaintiffs to Comply with Section 2019.210 ...........................................................................................3

        2. Judge Early's Order Permits Plaintiffs to Avoid Compliance with Section 2019.210. ..........................................................................4

    B. Apple's Requested Relief Is Consistent with Section 2019.210. ............13

III. CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Modular Sputtering, Inc. v. Superior Court*,
   132 Cal. App. 4th 826 (2005) .................................................................................. 6, 7

*Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*,
   2017 WL 10543565 (C.D. Cal. Mar. 13, 2017) ........................................................ 14

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
   No. 5:10-cv-03428-LHK (N.D. Cal. Mar. 24, 2011) ................................................. 8

*Bryant v. Mattel, Inc.*,
   2007 WL 5430888 (C.D. Cal. May 18, 2007) ............................................................ 8

*Comput. Econs., Inc. v. Gartner Grp., Inc.*,
   50 F. Supp. 2d 980 (S.D. Cal. 1999) .......................................................................... 9

*E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*,
   2018 WL 3062160 (E.D. Cal. June 19, 2018) ............................................................ 8

*Gatan, Inc. v. Nion Co.*,
   2018 WL 2117379 (N.D. Cal. May 8, 2018) ............................................................ 14

*Jobscience, Inc. v. CVPartners, Inc.*,
   2014 WL 852477 (N.D. Cal. Feb. 28, 2014) .................................................. 2, 8, 9, 14

*Lilith Games (Shanghai) Co. v. uCool, Inc.*,
   2015 WL 4149066 (N.D. Cal. July 9, 2015) ............................................................... 9

*Loop AI Labs, Inc v. Gatti*,
   2015 WL 9269758 (N.D. Cal. Dec. 21, 2015) ............................................................ 5

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
   2019 WL 4284523 (C.D. Cal. June 11, 2019) ............................................................ 3

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
   2019 WL 8108729 (C.D. Cal. Sept. 3, 2019) .............................................................. 9

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
   2018 WL 2117424 (N.D. Cal. May 8, 2018) ............................................................ 14

*Radzanower v. Touche Ross & Co.*,
   426 U.S. 148 (1976) .......................................................................................... 12

*ScaleMP, Inc. v. TidalScale, Inc.*,
   No. 3:18-cv-04716 EDL (N.D. Cal. Mar. 15, 2019) .................................................. 6

*Silva v. U.S. Bancorp*,
   2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ............................................................. 9

*Space Data Corp. v. X*,
   2017 WL 3007078 (N.D. Cal. July 14, 2017) .......................................................... 5

*Tatum v. Schwartz*,
   2007 WL 419463 (E.D. Cal. Feb. 5, 2007) ............................................................... 9

**Statutes**

Cal. Civ. Proc. Code § 2019.210 ........................................................................ 1, 4, 12

**Other Authorities**

A. Scalia and B. Garner, *Reading Law: The Interpretation of Legal Texts*
   180 (2012) ................................................................................................................ 12

## I. INTRODUCTION

Apple's Motion simply seeks Plaintiffs' compliance with Section 2019.210. This Court entered a Scheduling Order staying "trade secret discovery only pending compliance with Section 2019.210" nearly three months ago, but Plaintiffs still have not made any effort to comply with the statute. Under the plain language of this Court's Scheduling Order, Plaintiffs' discovery pertaining to trade secrets therefore is stayed. Plaintiffs should not be permitted to end-run around that stay merely by labeling the discovery they seek as "patent discovery." That is, however, precisely what Magistrate Judge Early's June 15, 2020 Order, adopting Plaintiffs' argument, permits Plaintiffs to do. As a result, Plaintiffs may continue to thwart the parties' and more importantly the Court's attempts to define the proper scope of discovery.[1] Judge Early's Order is erroneous and contrary to law, and should be reversed accordingly.

The reach of Section 2019.210 is set forth in the statute: It requires that a plaintiff alleging trade secret misappropriation identify the alleged trade secrets with reasonable particularity before commencing discovery "*relating*" to the alleged trade secrets. Cal. Civ. Proc. Code § 2019.210 (emphasis added). Far from identifying their trade secrets with reasonable particularity more than six months into this case, Plaintiffs have yet to even adequately plead those purported trade secrets under Federal Rule of Civil Procedure 8. *See* Dkt. No. 60, at 6–8. Nonetheless, Plaintiffs seek broad, technical information from Apple regarding the products that Plaintiffs allege incorporate their unspecified trade secrets (the Apple Watch Series 4 and 5). In other words, Plaintiffs seek to discover *Apple's* confidential information and trade secrets pertaining to the Apple Watch Series 4 and 5 before they identify any of their own trade secrets.

Plaintiffs do not dispute that they seek discovery *relating* to trade secrets. Plaintiffs simply contend that because the discovery they seek relating to trade secrets

---

[1] While Plaintiffs' first amended trade secret claim was dismissed on June 25, 2020 (Dkt. No. 60), Plaintiffs have confirmed that they intend to replead the claim. *See* Dkt. No. 68 (Plaintiffs agreeing to a schedule for Apple's motion to dismiss Plaintiffs' to-be-repleaded trade secret misappropriation claim).

Case 8:20-cv-00048-JVS-JDE   Document 71   Filed 07/06/20   Page 6 of 20   Page ID #:5476

*also* relates to their patent claims (because their trade secret and patent claims concern technical features of the *very same products*), they are permitted to bypass the requirements of Section 2019.210 and the stay imposed by this Court. That position—which Judge Early adopted based on Plaintiffs' contention that the word "only" in this Court's Scheduling Order stays only discovery that is *solely* related to Plaintiffs' trade secret claim—would frustrate every policy consideration underlying Section 2019.210. *See, e.g.*, *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever [sic] happens to be there as having been trade secrets stolen from plaintiff.").

Apple does not believe that this Court's stay of "trade secret discovery only pending compliance with 2019.210" was intended to render Section 2019.210's stay of discovery "relating to the trade secret[s]" meaningless. It defies common sense to suggest that the Court ordered "compliance with Section 2019.210" yet intended to allow Plaintiffs to avoid providing a Section 2019.210 disclosure before taking trade secret-related discovery—i.e., avoid complying with Section 2019.210 at all—so long as Plaintiffs argued that the discovery also relates to patents. Unless and until Plaintiffs satisfy the requirements of Section 2019.210, they should not be permitted to obtain discovery from Apple that relates to trade secrets even if it *also* relates to other issues.

To that end, Plaintiffs are wrong to contend that Apple's Motion "identifies no error" in Judge Early's Order. Apple identified the manner in which the Order deviates from (i) the plain language and intent of the statute (Section 2019.210) with which this Court ordered Plaintiffs to comply, and, in turn, (ii) the Scheduling Order wherein the Court ordered compliance. Indeed, Apple cited a prior case where Judge Early correctly recognized that Section 2019.210 is contrary to the *exact* result he reached here: "Section 2019.210 does not limit discovery 'exclusively' relating to the trade secrets. A request that relates to both trade secret and other issues still 'relates to' the trade secret." *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 4284523, at *5 (C.D. Cal. June

APPLE'S REPLY ISO MOT. FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE'S ORDER    2    CASE NO. 8:20-CV-00048-JVS (JDEx)

11, 2019) (Early, J.). Apple also identified how Plaintiffs' erroneous reading of the Scheduling Order—which Judge Early felt compelled to adopt and formed the basis for his ruling—is at odds with Section 2019.210. Apple's Motion is a 13-page detailed explanation of the error inherent in Judge Early's Order.

This Court should prevent Plaintiffs from continuing to obfuscate the proper scope of discovery here and from gaining access to Apple's trade secrets under the guise of patent discovery before they identify their own purported trade secrets with the reasonable particularity required under Section 2019.210.

## II.  ARGUMENT

### A.  Judge Early's Order Is Erroneous and Contrary to Law.

Judge Early based his ruling on the portion of this Court's Scheduling Order that explicitly incorporates Section 2019.210: the sentence staying "trade secret discovery only pending compliance with 2019.210." Dkt. No. 37, at 1. The interpretation of that sentence that Judge Early adopted to decide this dispute is erroneous and contrary to law—as evidenced by, *inter alia*, the language and purpose of the statute that this Court incorporated into that sentence over Plaintiffs' objection.

#### 1.  This Court Ordered Plaintiffs to Comply with Section 2019.210.

Plaintiffs' Opposition Brief proceeds on the incorrect premise that this Court, in entering its Scheduling Order, rejected Apple's position on Section 2019.210. In the Rule 26(f) Report that preceded entry of the Scheduling Order, Apple advocated for application of Section 2019.210—including by citing the many district courts throughout this Circuit that have applied Section 2019.210 to manage discovery in trade secret cases. Dkt. No. 33, at 17–18 (citing cases). Plaintiffs resisted entirely—arguing that Section 2019.210 does not apply in federal court, despite Apple's authority to the contrary, and that Apple should seek identification of Plaintiffs' alleged trade secrets through an interrogatory instead. *Id.* at 6–7. The Court responded with a Scheduling Order that mandates compliance with Section 2019.210 (Dkt. No. 37), thereby rejecting

*Plaintiffs'* position on Section 2019.210, not Apple's.[2]

Indeed, Plaintiffs' lead argument in opposition to Apple's Motion is that in its Scheduling Order this Court "rejected Apple's attempt to stay patent discovery" (Opp. at 7), but Apple never requested a stay of patent discovery. In the Rule 26(f) Report that preceded entry of the Scheduling Order, Apple specifically stated that it "intends to move forward with producing responsive discovery that relates solely to Plaintiffs' patent claims" without a Section 2019.210 disclosure. Dkt. No. 33, at 8. Apple does not have—and has never had—any objection to producing discovery that relates solely to Plaintiffs' patent claims pending Plaintiffs' compliance with Section 2019.210. Indeed, in Apple's very first responses to Plaintiffs' RFPs, Apple agreed to produce documents responsive to RFPs 1 through 4 on that basis. *See* Dkt. No. 46, at 4 (Apple's Supplemental Brief). And now that a Protective Order has been entered (Dkt. No. 67), Apple will begin producing its confidential discovery that relates solely to Plaintiffs' patent claims. Apple's objection is to Plaintiffs "commencing discovery *relating* to the trade secret[s]" (Cal. Civ. Proc. Code § 2019.210) before they have identified their alleged trade secrets with the reasonable particularity Section 2019.210—and, in turn, the Scheduling Order incorporating the statute—requires.

### 2. Judge Early's Order Permits Plaintiffs to Avoid Compliance with Section 2019.210.

There can be no dispute that Judge Early's Order would permit Plaintiffs to commence discovery "relating" to trade secrets before they have complied with Section 2019.210, so long as Plaintiffs can claim the discovery is not "only" trade secret related. Of course—as explained below—Plaintiffs' refusal to describe their alleged trade secrets makes it difficult for Apple or the Court to even address Plaintiffs' flawed argument.

---

[2] Apple therefore had no reason or basis on which to seek reconsideration of this Court's Scheduling Order as Plaintiffs suggest Apple should have done. *See* Opp. at 9.

### a)  Judge Early's Order Is Inconsistent with the Plain Language of the Statute with which this Court Ordered Plaintiffs to Comply.

Section 2019.210 requires that Plaintiffs serve an adequate trade secret disclosure before obtaining any discovery from Apple "relating" to their (soon to be repleaded) trade secret claim. Judge Early's Order, on the other hand, permits Plaintiffs to obtain discovery from Apple "relating" to their trade secret claim *without* a Section 2019.210-compliant disclosure, merely by claiming that the discovery relates to another claim, like their patent infringement claims. Judge Early's Order is flatly at odds with the plain language of the statute with which this Court ordered Plaintiffs to comply.

The cases Plaintiffs cite do not help their cause. To the contrary, none of those cases involved plaintiffs that refused to provide *any* disclosure for more than six months—or circumstances where there was not even a schedule for Section 2019.210 compliance—while attempting to take discovery as to the purported trade secrets. In *Loop AI Labs, Inc v. Gatti*, 2015 WL 9269758 (N.D. Cal. Dec. 21, 2015) (Opp. at 8, 11), the plaintiff expressly alleged that its non-CUTSA claims "are not based on any allegations of misappropriation of trade secrets"—unlike the patent claims here. *Id.* at *1–2, *4. Furthermore—and this is critical—the plaintiff in *Loop AI Labs* was under court order to provide within 21 days a "thorough and complete" trade secret disclosure, *which it could not amend in the future* absent a showing of good cause. *Id.* at *4. Here, Plaintiffs have not even agreed on a date by which they will serve their disclosure, let alone not to subsequently amend it. Plaintiffs' sole articulated reason for not producing a Section 2019.210 disclosure for months was the absence of a Protective Order. *See, e.g.*, Samplin Decl. Ex. B. A Protective Order has since been entered. *See* Dkt. No. 67. Yet Plaintiffs still have not produced a Section 2019.210 disclosure, have not committed to a date by which they will produce a Section 2019.210 disclosure, and have not represented that they will not amend the disclosure they produce in the future.

In *Space Data Corp. v. X*, 2017 WL 3007078 (N.D. Cal. July 14, 2017) (Opp. at 10), unlike this case, the plaintiffs provided a Section 2019.210 disclosure *and* amended

1 it prior to the order Plaintiffs cite. Joint Br. at 2, 2017 WL 3007078, ECF No. 105. In *ScaleMP, Inc. v. TidalScale, Inc.*, No. 3:18-cv-04716 EDL, ECF No. 52 (N.D. Cal. Mar. 15, 2019), at 2 (Opp. at 9–10; Larson Decl. Ex. 8), the plaintiff also had already served a Section 2019.210 disclosure, as well as "a voluminous set of documents" with "hundreds of pages" of extensive highlighting identifying its alleged trade secrets. Larson Decl. Ex. 8, at 88–89 (*ScaleMP*, slip op. at 5–6). And in *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 831 (2005) (Opp. at 9–10), the plaintiff likewise had already served *three* trade secret disclosures—the third of which was deemed by the court to be Section 2019.210-compliant. Plaintiffs here, by contrast, have not even served a single disclosure.

Moreover, Plaintiffs are wrong to suggest that the court in *Advanced Modular* held that "hinging" was the test or a requirement under Section 2019.210. Instead, the court found that on the facts of that particular case, "[a] fair reading of this complaint and its 10 causes of action compels the conclusion that each and every cause of action hinges upon the factual allegation that AMS misappropriated Sputtered Films' trade secrets." *Id.* at 834. The court then held that where a complaint is comprised of causes of action that are "factually dependent on the misappropriation allegation," discovery cannot proceed absent a Section 2019.210-compliant disclosure. The Plaintiffs here already *conceded* that their patent claims are "factually dependent on the same [trade secret] misappropriation allegations" in this case. Dkt. No. 57, at 4, 7 (quoting Lerner Decl. Ex. I, at 206). Plaintiffs made that concession because it is obvious from the face of their claims—they allege that the Apple Watch 4 and 5 incorporate their alleged trade secrets and infringe their patents.

In their Opposition Brief, Plaintiffs attempt for the first time to distance themselves from this concession, which was made orally during the course of the parties' meet and confers on this topic. *See* Opp. at 12. Notably, however, Plaintiffs did not contemporaneously refute Apple's April 7, 2020 summary of the meet and confer in which that statement was made. *See* Samplin Decl. Ex. A [A. Powell April 7, 2020

Response on behalf of Plaintiffs]. Plaintiffs already conceded that this is a case of the type for which *Advanced Modular* requires a Section 2019.210-compliant disclosure. It is improper for Plaintiffs to attempt to backtrack from that concession now, and argue that their claims do not relate, particularly when they are withholding the description of the alleged trade secrets at issue in their trade secret claim. Indeed, even if Plaintiffs had never made their concession, it is obvious from the face of Plaintiffs' pleading that their trade secret misappropriation and patent claims hinge on the same facts. Plaintiffs are accusing the *same* products of incorporating their trade secrets and infringing their patents. Plaintiffs' position in the Opposition Brief about these claims is inconsistent with their own pleading.

In any event, here, unlike in *Advanced Modular*, the factual dependency of *claims* is not at issue—but rather the nature of *specific RFPs*. Plaintiffs' RFPs at issue in Apple's Motion for a Protective Order that Judge Early denied (Plaintiffs' RFPs 5 through 25) seek discovery about the very categories of information Plaintiffs claim as trade secrets. As Apple explained in its Motion (Mot. at 12)—and as Judge Early found (Dkt. No. 54, at 8)—several of these RFPs seek the same categories of information Plaintiffs allege in the First Amended Complaint ("FAC") (*see* Lerner Decl. Ex. F, ¶ 211) as comprising their trade secrets. *Compare, e.g.*, RFP No. 12 ("All technical documents for the Accused Products, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes."), *with* FAC ¶ 211 ("Plaintiffs' technical information includes product plans, engineering plans, product briefs, technical drawings, technical specifications, technical data, product designs, system designs, design captures, assembly design requirements, risk analysis, test procedures and results, test data, design review documents, software requirement

specifications, technical know-how, manufacturing techniques and procedures, installation techniques and procedures, and invention disclosures."). Plaintiffs did not even attempt to refute this obvious overlap in their Opposition Brief. The information Plaintiffs seek in the RFPs here is identical to the information Plaintiffs allege as their trade secrets, and therefore the discovery is indisputably trade secret related. Plaintiffs must comply with Section 2019.210 to discover confidential documents responsive to the RFPs at issue. *See E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *6 (E.D. Cal. June 19, 2018).

Plaintiffs also cite a scheduling order (Opp. at 10 (citing *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 5:10-cv-03428-LHK, ECF No. 72 (N.D. Cal. Mar. 24, 2011))), in which the court provided a general framework for future discovery but did not assess specific RFPs to determine whether they "relate to" a CUTSA claim. In addition, Plaintiffs cite *Bryant v. Mattel, Inc.*, 2007 WL 5430888, at *3 n.3 (C.D. Cal. May 18, 2007) (Opp. at 11), which merely addresses Section 2019.210 in a footnote, and Apple has not found a single court that has relied on it. Neither of these cases help Plaintiffs' position, which is contradicted by the plain language of Section 2019.210, with which this Court ordered them to comply.

### b) Judge Early's Order Is Inconsistent with the Purposes of Section 2019.210.

Judge Early's Order likewise is inconsistent with the purposes of the statute with which this Court ordered Plaintiffs to comply.

***Promoting Well-Investigated Claims***. Apple argued in its Motion that by opening the door for Plaintiffs to gain access to Apple's confidential information before serving a Section 2019.210-compliant description of their alleged trade secrets, Judge Early's Order permits Plaintiffs to build their trade secret case on Apple's information, instead of requiring Plaintiffs to demonstrate that their trade secret claim was "well-investigated" and not "meritless" at the outset. Mot. at 10 (quoting *Jobscience, Inc.*, 2014 WL 852477, at *5 ("A true trade secret plaintiff ought to be able to identify, up

1  front, and with specificity the particulars of the trade secrets without any discovery.")).
2  Plaintiffs did not refute this argument in their Opposition Brief, and therefore concede
3  it. *Cf. Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (finding
4  that plaintiff conceded that his claim "should be dismissed by failing to address
5  Defendants' arguments in his Opposition"); *Tatum v. Schwartz*, 2007 WL 419463, at *3
6  (E.D. Cal. Feb. 5, 2007) (plaintiff "tacitly concede[d] th[e] claim by failing to address
7  defendants' argument in her opposition").

8  ***Preventing Discovery Abuse***.  Courts throughout this Circuit have recognized that
9  an important purpose of Section 2019.210 is that it "prevents plaintiffs from using the
10 discovery process as a means to obtain the *defendant's* trade secrets." *Comput. Econs.,*
11 *Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999) (emphasis added);
12 *see also M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.
13 Cal. Sept. 3, 2019); *Lilith Games (Shanghai) Co. v. uCool, Inc.*, 2015 WL 4149066, at
14 *4 (N.D. Cal. July 9, 2015).  That is Apple's concern here—that Judge Early's Order
15 permits Plaintiffs to use patent-related discovery as a means to obtain *Apple's*
16 confidential information before identifying their own alleged trade secrets, instead of
17 preventing such discovery abuse.

18 Plaintiffs' efforts to distinguish Apple's cases on this score fall flat.  Apple need
19 not cite cases that "analyze the scope of discovery in a trade-secret case including patent
20 infringement claims" to make the basic point that Section 2019.210 is intended to,
21 among other things, prevent the type of discovery abuse that Judge Early's Order
22 threatens to facilitate here. Opp. at 15.  The case law is clear that prevention of that type
23 of discovery abuse is at the heart of Section 2019.210.  *See, e.g.*, *Jobscience, Inc.*, 2014
24 WL 852477, at *5.  Indeed, in the cases Plaintiffs cite involving both trade secret and
25 patent claims in which the court permitted patent discovery to commence, the plaintiff
26 had already provided a Section 2019.210 disclosure or the Court had ordered production
27 of the disclosure by a date certain.  Plaintiffs therefore are wrong to suggest that Section
28 2019.210 serves any different purpose in cases involving both trade secret

misappropriation and patent infringement claims.

As Apple explained in its Motion, Plaintiffs have already exhibited their intent to delay describing their alleged trade secrets as long as possible by refusing to even provide a date certain by which they will serve a Section 2019.210 disclosure, and Judge Early's Order gives Plaintiffs the green light to continue their delay. Mot. at 11. If Judge Early's Order is not reversed, Plaintiffs will have no incentive whatsoever to comply with Section 2019.210 until after they obtain all of Apple's confidential information through patent-related discovery for the very same products at issue in both the patent and trade secret claims. Plaintiffs' new offer to "provide their Section 2019.210 statement on the *same day* Apple provides its core technical documents and other confidential discovery" (Opp. at 14) is a step in the right direction, but does not solve the problem. Section 2019.210 disclosures are heavily litigated—with trade secret plaintiffs regularly ordered to amend, often on multiple occasions, before they achieve the reasonable particularity threshold. There is nothing preventing Plaintiffs from agreeing to their proposed mutual exchange, and then providing a vague and unspecific trade secret disclosure that leaves room for them to later claim ownership of the *Apple* trade secrets they find in Apple's core technical documents and other confidential information.[3] That is the problem Section 2019.210 is intended to avoid, which would be frustrated by Judge Early's Order requiring Apple to produce documents containing *Apple* confidential information before Plaintiffs have identified their own alleged trade secrets with reasonable particularity.

This frustration created by Judge Early's Order is the motivation for Apple's present Motion. Plaintiffs' suggestion that Apple is motivated by some desire to delay "*all* patent discovery for months while it litigates" the sufficiency of Plaintiffs' Section 2019.210 statement (Opp. at 14 (emphasis added)) is, by contrast, demonstrably incorrect. Apple *already agreed* to produce patent-related discovery that is not also

---

[3] For example, Plaintiffs might simply provide the same list of broad categories of alleged trade secrets from their FAC (*see* FAC ¶ 211), which this Court rejected as inadequate even at the pleading stage (Dkt. No. 60).

trade secret-related. *See supra* at 4. And the fact that Apple "signaled that it intends to file *another* motion to dismiss" before receiving Plaintiffs' amended pleading is not indicative of any intent by Apple to delay patent-related discovery as Plaintiffs contend. *Id.* Rather, it is a natural response to Plaintiffs' stated effort to attempt to replead a claim that this Court already dismissed as insufficiently pled. Any delay here is a problem of Plaintiffs' own making. Plaintiffs have refused to produce a Section 2019.210 disclosure *for months*, including after this Court ordered Section 2019.210 compliance.

***Framing Discovery and Enabling a Defense***. Plaintiffs' refusal to provide a Section 2019.210-compliant disclosure makes it impossible for the Court to properly frame the scope of trade secret-related discovery or for Apple to defend itself against Plaintiffs' trade secret claim. Plaintiffs' attempt to argue the contrary only highlights the problem with their position. Plaintiffs assert that the Court can easily frame the appropriate discovery in this case because it can permit all "discovery that would ordinarily be available in a patent infringement case. . . . without knowing if the information is *also* relevant to" Plaintiffs' trade secret claim. Opp. at 16–17. But that would turn Section 2019.210 on its head and leave the Court with no guidance by which to determine if Plaintiffs are improperly attempting to discover information "related to" their trade secret claim without first serving a Section 2019.210 statement—exactly as Plaintiffs are attempting to do here. Plaintiffs' other argument—that the proper scope of *patent*-related discovery would still have to be determined even in the absence of a trade secret claim (*id.* at 17)—is a strawman. Without a trade secret claim, there would be no need for the Court or Apple to determine which discovery is "related to" trade secrets, because there would be no danger that Plaintiffs could abuse the discovery process to manufacture a trade secret claim out of Apple's confidential information.

In sum, Plaintiffs' strained interpretation and Judge Early's erroneous application of the Scheduling Order to stay only discovery that is solely related to Plaintiffs' trade secret claim frustrates each of these purposes and effectively renders the ordered discovery stay meaningless.

In an effort to detract attention from this obvious problem with their position, Plaintiffs lead the policy section of their Opposition Brief by arguing that Apple requested that Judge Early "rewrite" the Scheduling Order. Opp. at 13. Not so. The Scheduling Order clearly and unambiguously mandates compliance with Section 2019.210. *See* Dkt. No. 37, at 1. And Section 2019.210 clearly and unambiguously prohibits a trade secret plaintiff from commencing discovery relating to the trade secrets before those trade secrets have been identified with reasonable particularity. *See* Cal. Civ. Proc. Code § 2019.210. This is all consistent with Apple's argument on this Motion (and in its underlying Motion for Protective Order), and therefore no rewrite of the Scheduling Order was required. By contrast, Plaintiffs' argument—i.e., that they are absolved of Section 2019.210 compliance if they can show that their requested trade secret-related discovery *also* relates to their patent claims—is patently *inconsistent* with Section 2019.210 and, therefore, this Court's Scheduling Order incorporating that statute. *Plaintiffs* seek a rewrite of this Court's Scheduling Order, not Apple.

This is epitomized by the fact that Plaintiffs' interpretation of the sentence of the Scheduling Order incorporating Section 2019.210—which Judge Early unfortunately adopted—does not render the sentence "compatible" with Section 2019.210, but rather, "contradictory" thereto. A. Scalia and B. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012); *see also, e.g.*, *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155 (1976) (noting that if two sources of law "are capable of co-existence, it is the duty of the courts . . . to regard each as effective"). Judge Early should have read the Scheduling Order in a manner consistent with Section 2019.210, by concluding that the stay applies to trade secret-*related* discovery only—i.e., to discovery that relates solely to trade secrets or to trade secrets and other matters, but *not* to discovery that is not in *any way* related to the trade secrets. Judge Early's alternative read—which renders the discovery stay meaningless and frustrates the purposes of Section 2019.210—is contrary to law and should be reversed accordingly. *See* Mot. at 8–9.

**B.      Apple's Requested Relief Is Consistent with Section 2019.210.**

This Court should reverse Judge Early's Order and grant Apple's underlying Motion for Protective Order because the motion is consistent with the language and purpose of Section 2019.210 and, in turn, the Scheduling Order incorporating the statute.

Apple's Motion for Protective Order requested relief from Plaintiffs' RFPs seeking discovery "relating to the trade secret[s]" in the absence of a Section 2019.210-compliant disclosure, as well as a Section 2019.210-compliant disclosure. Plaintiffs asserted a claim of trade secret misappropriation in this case. While the claim has since been dismissed, Plaintiffs committed to amending their pleading to reassert the claim in the short term. *See* Opp. at 6. Section 2019.210 is clear that trade secret plaintiffs like these Plaintiffs must describe their alleged trade secrets with reasonable particularity, yet these Plaintiffs have thrown up every roadblock in resistance to doing so. Apple has been asking Plaintiffs to describe the trade secrets that Plaintiffs allege are incorporated in the Apple Watch Series 4 and 5 for *more than five months* now. That is precisely what Section 2019.210 requires of these Plaintiffs—and therefore Apple's Motion for Protective Order requesting that the Court order the same is entirely consistent with the statute. Plaintiffs' argument that Judge Early's decision should be affirmed alternatively or in addition "because Apple requested relief that far exceeds the scope of Section 2019.210" (Opp. at 18) therefore is another strawman. A request for a Section 2019.210-compliant disclosure is consistent with, and does not "far exceed," the statute.[4]

Plaintiffs appear to take issue with the specific elements of the Section 2019.210 disclosure Apple requested in its Motion for Protective Order. *See* Opp. at 18. But those elements are not new or novel. They are the elements of Section 2019.210 disclosures that plaintiffs routinely have been ordered to provide by courts within this Circuit. For

---

[4] Plaintiffs' suggestion that Apple pursued this relief in its Motion for Protective Order *after* this Court issued its Scheduling Order (Opp. at 18) is wrong. Consistent with Local Rule 37-2.2, Apple sent Plaintiffs its portion of the Joint Stipulation for the Motion on April 8, 2020, and did not edit it after that point (Samplin Decl. ¶ 5)—including after the Court entered the Scheduling Order on April 17, 2020 (Dkt. No. 37).

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO MOT. FOR REVIEW OF AND
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER     13     CASE NO. 8:20-CV-00048-JVS (JDEx)

example, in *Jobscience*, the court ordered the plaintiff to file and serve, consistent with Section 2019.210, a trade secret disclosure with *each* of the elements requested by Apple in its Motion for Protective Order:

> For each trade secret, plaintiff must file, and serve on counsel, a statement, under seal, that should include: (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent. Plaintiff may not take any discovery *at all* until a satisfactory statement has been filed under seal and served on counsel for defendants.

2014 WL 852477, at *5. The courts in *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2018 WL 2117424 (N.D. Cal. May 8, 2018) and *Gatan, Inc. v. Nion Co.*, 2018 WL 2117379 (N.D. Cal. May 8, 2018) did the same. *See Openwave Messaging*, 2018 WL 2117424, at *4 (stating that to satisfy Section 2019.210, Openwave's trade secret disclosure must include "'(1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent'") (quoting *Jobscience*, 2014 WL 852477, at *5); *Gatan*, 2018 WL 2117379, at *4 (deeming plaintiff's trade secret disclosure insufficient under Section 2019.210, and ordering a revised disclosure that includes "(i) a summary in plain English of the specific trade secrets at issue and (ii) a numbered list of the trade secrets with a corresponding list of specific elements for each, as claims would appear at the end of a patent"); *see also, e.g.*, *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, 2017 WL 10543565, at *3, *6 (C.D. Cal. Mar. 13, 2017) (deeming adequate a trade secret disclosure that included (1) "a two-

page narrative describing the 'general category' of trade secrets at issue, (2) a list of [plaintiff's] customers and the [plaintiff's] part numbers at issue for each customer (which list contains 26 customers), and (3) drawings or design proposals that 'describe the selected engineering solution and specifications for each part number'") (citation omitted).

Even if Apple's requested relief was inconsistent with Section 2019.210 (it is not), that would not be a basis on which to affirm Judge Early's Order as Plaintiffs suggest. Opp. at 18. If, for example, the Court agrees that Apple should not be required to produce documents in response to Plaintiffs' RFPs 5 through 25 in the absence of a Section 2019.210-compliant disclosure, but nonetheless does not feel compelled to order Plaintiffs to produce such a disclosure on a specified timeline, it could grant only that portion of Apple's Motion for Protective Order seeking relief from the RFPs. The Court is not constrained by the specific relief requested in Apple's Motion.

The bottom line is that Plaintiffs have refused for months to prosecute their trade secret claim, in an effort to get access to *Apple's* confidential information and trade secrets before doing so. That is inconsistent with the plain language and purpose of Section 2019.210. Apple requests nothing more than Plaintiffs' prompt compliance with that statute.

### III. CONCLUSION

Based on the foregoing and on Apple's moving brief, Apple respectfully requests that the Court reverse Judge Early's Order (Dkt. No. 54), grant Apple's Motion for Protective Order (Dkt. No. 43), and order Plaintiffs to promptly comply with Section 2019.210.

//
//
//

| | | |
|---|---|---|
| Dated: July 6, 2020 | Respectfully submitted, | |
| | JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP | |
| | By: */s/ Joshua H. Lerner*<br>     Joshua H. Lerner | |
| | *Attorneys for Defendant Apple Inc.* | |