# Exhibit B

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

1925 Century Park East, Suite 600, Los Angeles, CA 90067
T (310) 551-3450

Mark Kachner
Mark.Kachner@knobbe.com

May 22, 2020

**VIA EMAIL**

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197

Re:   Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Counsel:

This letter is to follow-up on the parties' meet and confer calls on May 19 and May 20, 2020, where we discussed both parties' letters sent May 11, 2020 regarding Apple's Objections and Responses to Plaintiffs' First Set of Requests for Production (1-25) and Plaintiffs' Objections and Responses to Apple's First Set of Requests for Production (1-78). During this meet and confer there were certain issues Apple agreed to revisit, and certain issues Plaintiffs agreed to revisit. This letter confirms our discussions and is in follow-up on several of the issues Plaintiffs agreed to revisit.

## I. APPLE'S MAY 11 LETTER

**Discovery Related to Trade Secrets**: Apple explained that it understood the Court's Order (Dkt. 37) stayed only discovery requested by Plaintiffs, but did not stay discovery requested by Apple. Plaintiffs explained that the Court's Order (Dkt. No. 37) "stay[ed] the trade secret discovery only pending compliance with 2019.210" and this order does not distinguish the stay based on which party serves discovery. Plaintiffs further explained that despite the stay, Plaintiffs were not withholding discovery, even for requests related solely to trade secrets. However, Plaintiffs explained that for certain requests it is unable to provide responsive documents at this time, such as Apple's request to produce documents sufficient to show Plaintiffs' trade secrets, until after Plaintiffs serve the 2019.210 statement and after entry of a protective order. Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order.

**Apple's RFP No. 4**: Apple clarified that RFP No. 4 is directed to testing, analysis, and/or evaluation that was conducted for the purpose of determining whether any Apple or Masimo product is covered by the asserted claims. Plaintiffs agreed to produce non-privileged documents responsive to the clarified scope of the request.

**Apple's RFP Nos. 5-6**: Apple explained that its use of the phrase "relate to" includes documents that might not directly support or refute a contention when standing alone but that, when considered in connection with other documents, might support or refute a contention. With this understanding, and subject to Plaintiffs' other objections, Plaintiffs agreed to produce responsive, non-privileged documents.

INTELLECTUAL PROPERTY + TECHNOLOGY LAW | knobbe.com

**Apple's RFP No. 11**: Subject to Plaintiffs' objections, Plaintiffs will produce responsive, non-privileged documents.

**Apple's RFP No. 15**: Apple requested that Plaintiffs confirm that the patents asserted thus far in this case have only been asserted against Apple and no third-party. We have confirmed this to be true. Plaintiffs explained that based on their objections, they would not produce entire legal files (as Apple requested) for cases that relate to "Related Patents and Applications" none of which are asserted in this case. Apple explained it would discuss with its team and consider narrowing the request.

**Apple's RFP No. 16**: Apple stated that it is concerned that if Plaintiffs agree to produce only documents "sufficient to show" patent marking, Plaintiffs could withhold documents showing failure to mark. Plaintiffs explained that "all documents" concerning patent marking is overbroad and not proportional to the case, but that Plaintiffs would produce "all documents" that are responsive to the request subject to Plaintiffs' objections and based on a reasonable search.

**Apple's RFP No. 17**: Plaintiffs explained that Apple's request for documents showing constructive or actual notice on a claim-by-claim basis is unnecessary and irrelevant. Plaintiffs asked Apple to explain how any further documents, beyond those sufficient to show actual or constructive knowledge of the asserted patents, would be relevant to any issue in the case. Apple agreed to consider this further and report back to Plaintiffs.

**Apple's RFP No. 18**: Apple asked if Plaintiffs would agree to amend their response and agree to produce responsive, non-privileged documents, sufficient to identify Licensees that manufacture or sell products that utilize "the Asserted Patents or Asserted Technology," located after a reasonable search that are within Plaintiffs' possession, custody, or control. Plaintiffs agree with this proposed narrowing.

**Apple's RFP No. 20**: Apple explained that the request concerns patent marking of the asserted patents, and not unasserted patents. Apple further explained this request seeks documents related to patent marking but not sales data, and that with this request, Apple is not seeking data pulls from Plaintiffs' sales records. With this clarification, and subject to Plaintiffs' objections, Plaintiffs will produce responsive, non-privileged documents located after a reasonable search that are within Plaintiffs' possession, custody, or control.

**Apple's RFP Nos. 24-25**: Plaintiffs explained that the requests are overbroad in part because Plaintiffs' businesses include many departments and many employees that are not relevant to any issue in the case. Plaintiffs further explained that organizational charts could be updated frequently and would include a large amount of information that is not relevant to this case. Plaintiffs proposed narrowing the request to focus on relevant departments or employees. Apple stated that it is interested in information about the departments Marcelo Lamego worked in. Plaintiffs are investigating how they can reasonably search for responsive documents based on this clarification, and Apple agreed to consider adding other limitations to the scope of these requests.

**Apple's RFP No. 29**: Plaintiffs already agreed to produce responsive settlement agreements. During our meet and confer, we discussed that other documents "concerning" a settlement would almost certainly be privileged. Following up on our discussion and subject to Plaintiffs' objections, Plaintiffs agree to

produce responsive, non-privileged documents located after a reasonable search that are within Plaintiffs' possession, custody, or control.

**Apple's RFP No. 33**: Plaintiffs maintained their objection that the request is impermissibly overbroad to the extent it concerns "counterparts" of the asserted patents. Apple stated that it would revisit and considering narrowing the request to particular counterparts of the asserted patents that Apple has reason to believe are relevant to inventorship of the asserted patents.

**Apple's RFP No. 34**: As with RFP 33, Plaintiffs maintained their objection that the request is impermissibly overbroad to the extent it concerns "counterparts" of the asserted patents. Apple stated that it would revisit and considering narrowing the request to particular counterparts of the asserted patents that Apple has reason to believe are relevant to inventorship of the asserted patents. Plaintiffs further explained that their limitation to "non-litigation related communications" excludes communications made in the context of litigation, but includes communications like cease and desist letters. Apple agreed to consider this limitation.

**Apple's RFP No. 38**: Apple confirmed this request does not ask Plaintiffs to gather publicly available documents. Apple explained this request is directed at, for example, prior art that was attached to a response from a third party to a cease and desist letter sent by Plaintiffs. Plaintiffs maintained that this request is overbroad and not proportional to the case, and suggested that Apple consider narrowing the request to be limited to prior art related to the asserted patents. Apple agreed to revisit the scope of this request.

**Apple's RFP No. 39-40**: Plaintiffs explained that there is no overlap in the asserted patents in this case and the patents asserted in the *True Wearables* case. Apple agreed to revisit the scope of this request.

**Apple's RFP No. 41**: Plaintiffs maintained that this request is overbroad and that Plaintiffs do not have any practical way to search for the requested documents. The parties tentatively agreed any relevant documents would be responsive to other requests for which Plaintiffs had agreed to produce documents. Apple agreed to reconsider the scope of this request.

**Apple's RFP No. 42**: Plaintiffs maintained the objection that the request is impermissibly overbroad to the extent it concerns "counterparts" of the asserted patents. Apple stated that it would revisit and considering narrowing the request to particular counterparts of the asserted patents that Apple has reason to believe are relevant. For the asserted patents, Plaintiffs explained that lawyers who worked on prosecution of the patents could be identified in the file history. As a follow-up regarding non-lawyers, Plaintiffs agree that subject to its objections Plaintiffs will produce responsive, non-privileged documents located after a reasonable search that are within their possession, custody, or control.

**Apple's RFP No. 43**: Apple agreed to narrow the request to exclude unpublished materials, which are not prior art. Plaintiffs asked for clarification on the intended scope of the request as it pertains to "patent applications" or "license agreements." Apple agreed to revisit the scope of this request.

**Apple's RFP No. 44**: Plaintiffs maintained that the request was unreasonably overbroad and not proportional to the case. Plaintiffs stated that the only practical way to search for responsive documents

would be with ESI search terms and custodians. Apple agreed to consider whether it would agree that electronic searching would satisfy this request.

**Apple's RFP Nos. 45-46**: Apple is reevaluating the scope of these requests, and considering limiting them to the asserted patents.

**Apple's RFP Nos. 47, 48, and 52**: After discussing Apple's intended scope of these requests, Plaintiffs proposed producing assignment records and documents showing any direct financial interest or ownership interest in the asserted patents. Apple is considering this limitation on scope.

**Apple's RFP Nos. 49-50**: The parties discussed Apple's intended scope of these requests, and Apple is considering limiting the scope to documents related to whether Plaintiffs obtained litigation financing for this case.

**Apple's RFP Nos. 58-59**: Plaintiffs maintained that these requests are overbroad and not proportional to the needs of the case to the extent that they go beyond the asserted technologies and asserted patents and concern documents that are not relevant to this case. Apple refused to narrow the scope of these requests. Regarding timing, Apple stated that it would consider whether it could hold off on demanding documents in response to these RFPs until receiving Plaintiffs' 2019.210 disclosure.

**Apple's RFP No. 62**: Plaintiffs explained that many documents in personnel files are not relevant to this case. Apple agreed to reconsider the scope of this request.

**Apple's RFP Nos. 63 and 72**: Plaintiffs explained that they may not able to determine who is a former employee of Apple. Apple agreed to consider limiting the requests to current employees of Apple. Plaintiffs also maintained that these requests were overbroad and not proportional to the needs of the case, since they seek all communications between certain individuals, even communications unrelated to any issue in the case. Plaintiffs suggested limiting the requests to communications relevant to issues in this case. Apple agreed to reconsider the scope of these requests.

**Apple's RFP No. 65**: Plaintiffs explained that their 2019.210 statement would be sufficient to show the alleged trade secrets.

**Apple's RFP No. 67**: Subject to Plaintiffs' objections, Plaintiffs agreed to produce documents that support, refute, or relate to (as that term was clarified by Apple), the trade secrets in Plaintiffs' 2019.210 statement.

**Apple's RFP No. 68**: Plaintiffs maintained their objections and Apple agreed to reconsider whether the request can be narrowed.

**Apple's RFP No. 69**: Plaintiffs offered to produce documents sufficient to identify the individuals involved in design and development of the trade secrets (as identified in Plaintiffs' 2019.210 statement) but that the request as written is far broader and is unreasonable in scope. Apple agreed to reconsider whether it will narrow the scope of this request.

**Apple's RFP No. 70**: Apple confirmed it is satisfied with Plaintiffs' response.

**Apple's RFP No. 74**: Plaintiffs are not currently aware of any overlap in the trade secrets at issue in the *Sotera* case and this case. If Plaintiffs later identify any overlap, Plaintiffs will reevaluate their response to this request.

**Apple's RFP Nos. 75-76**: Plaintiffs maintained that these requests are overbroad and not proportional to the needs of the case and seek information not at issue in this case. Apple agreed to reconsider the scope of these requests.

## II. PLAINTIFFS' MAY 11 LETTER

**Objections to Definition of "Apple iOS Products"**: Plaintiffs took issue with Apple's objection to the term "Apple iOS Products." Apple requested additional information regarding Plaintiffs' position on the definition. This defined term is included in the definition of "Accused Products" and was intentionally included to ensure that Apple's responses provide responsive information regarding the Apple Watch Series 4 or later devices as well as combinations of the Apple Watch Series 4 or later devices *and* an iOS product. Such information is relevant to at least some claims of U.S. Patent No. 10,588,554. Please confirm Apple is not limiting or redefining the term "Apple iOS Products" and that Apple is not withholding responsive information based on this objection.

**Objections to Producing Documents Before ESI Agreement Is Entered (RFP Nos. 1-8, and 10-25)**: Plaintiffs stated that the ESI protocol has been largely agreed upon, including provisions regarding format and metadata, therefore Apple's objections regarding the ESI agreement should be moot. Apple disagreed regarding the status of the ESI protocol and maintained its objection on the timing of its document production.

**Objections to Producing Documents Beyond Those Located by Custodian and Keyword Searching (RFP Nos. 1-4, 7, 8, and 10-25)**: Plaintiffs again asked for Apple's agreement with the general proposition that using search terms alone to identify responsive documents would not satisfy Apple's discovery obligations. Apple would not confirm. Plaintiffs asked Apple to specifically identify which RFPs Apple believes could be responded to based only on searching for ESI documents by custodian and search terms. Apple was unable to provide such an identification during our call. Please inform us when Apple can provide such an identification.

**Production of Non-Public Documents (RFP Nos. 5-8 and 10-25)**: Plaintiffs asked Apple to confirm that once a Protective Order and ESI Stipulation are entered, Apple will produce non-public documents subject to Apple's other objections. Apple stated that to the extent non-public documents relate only to patent issues, Apple will produce them once a Protective Order and ESI Stipulation have been entered. Apple maintained it will not produce non-public documents that relate to trade secrets in any way until it receives an "adequate" 2019.210 statement from Plaintiffs. Apple agreed that issue was presented in Apple's Motion for Protective Oder.

**Objections to Discovery Based on Section 2019.210 (General Objection 4 and RFP Nos. 1 and 3-25)**: Plaintiffs asked Apple to confirm that Apple would produce responsive documents if Apple's Motion for a Protective Order is denied without requiring Plaintiffs to file a separate motion to compel. Apple could not confirm and stated that it depends on the scope and content of the Court's ruling.

**Apple's Objections Regarding Temporal Scope (RFP Nos. 1, 4, and 6-25)**: Plaintiffs explained that each request to which Apple raised a temporal scope objection had an inherent time limit based on the context of the request. Apple confirmed it is not standing on these objections and Apple will not limit its production in response to these requests to an artificial temporal limitation. Apple confirmed that this statement applies to all of its objections regarding temporal scope (RFP Nos. 1, 4, and 6-26).

**Apple's Objections Regarding Undefined Terms (RFP Nos. 1-6, 7-9, 11-13, and 15-25)**: Apple stated that it is not refusing to produce documents on the basis that any terms or phrases are "undefined." Apple confirmed that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs. Apple confirmed that it is aware of the plain and ordinary meaning for all the terms it had objected to as "undefined" and that it is not aware of two or more potential reasonable definitions for any of those terms. Apple confirmed that this applies to all of its objections regarding all "undefined" terms and/or phrases in the objected to RFPs (RFP Nos. 1-6, 7-9, 11-13, and 15-25).

**Apple's Objections to Providing Documents Related to Non-Asserted Claims of the Asserted Patents (General Objection 6-7 and RFP Nos. 3-4, 12-25)**: The parties discussed Apple's objection to requests that were not limited to the asserted claims of the asserted patents. Apple stated that it is not aware of any documents that are claim-specific at this time, and on that basis Apple is not presently withholding documents based on this objection. However, unless specifically agreed to otherwise as described below, Apple stated that it intends to withhold any documents that are relevant specifically to non-asserted claims. The parties did not reach agreement on this dispute.

**Plaintiffs' RFP No. 3**: Apple agreed to produce all responsive documents, rather than limiting its production to documents "sufficient to show." For this RFP specifically, Apple agreed to withdraw its limitation to produce responsive documents related to asserted claims only, and Apple agreed to produce documents responsive to the full scope of this request regardless of whether the documents relate to asserted or non-asserted claims of the asserted patents.

**Plaintiffs' RFP No. 4**: Apple agreed to reconsider its response to this request and specifically whether it would withdraw its limitation to produce responsive documents related only to the asserted claims of the asserted patents.

**Plaintiffs' RFP No. 9**: Apple maintained its objection to "internet postings." Plaintiffs clarified that it is seeking only documents in Apple's possession, custody or control, such as internet postings Apple saved or archived from the internet. Plaintiffs explained that it is not asking Apple to gather documents it does not already possess. Apple agreed to consider revising its response to this RFP.

**Plaintiffs' RFP No. 10**: Apple stated its belief that any items responsive to this request would be produced in response to RFP No. 6. Please confirm Apple intends to produce "[a]ll videos or DVDs demonstrating or showing the operating of the Accused Products" in response to either this request or RFP No. 6.

Sincerely,

Mark D. Kachner

32641686