1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

12

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

APPLE INC.,
a California corporation,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**

**Hearing**

Date:        August 6, 2020
Time:        10:00 a.m.
Courtroom:   6A
Judge:       Hon. John D. Early

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn & Crutcher LLP

1

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-cv-00048-JVS (JDEx)

Having considered Defendant Apple Inc.'s Motion for Partial Reconsideration of Protective Order (Dkt. No. 67), all the papers filed in support thereof, any papers in opposition thereto, and any oral argument of counsel, and finding good cause, the Court hereby GRANTS Defendant Apple Inc.'s Motion and enters an Amended Protective Order as follows:

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, including disclosures under Rule 26, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial,

to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable authority. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type

3

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEX)

of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    DEFINITIONS

4.1    Action: this pending federal lawsuit.

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26, and as specified above in the Good Cause Statement.

4.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely confidential and/or sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.

4.5    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), source code comments, object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, disclosure of which to another Party or Non-Party is

4

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEx)

likely to cause harm or significant competitive disadvantage to the Producing Party. Other documents that quote source code or internal documents that contain specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be narrowly applied, may be designated pursuant to this Paragraph, provided that the Producing Party also produces a redacted version designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," which removes the quoted source code or specific descriptions of source code. Native Computer Aided Design (CAD) files may be designated pursuant to this Paragraph, provided that any printouts of CAD files shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and will not be included in the page limits discussed in Section 11 below.

4.6    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.7    Designating Party or Producing Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

4.8    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.9    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.10   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.11   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.12   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.13   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

4.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   <u>SCOPE</u>

5.1   All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)
Case No. 8:20-CV-00048-JVS (JDEX)

5.2     The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.

5.3     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose.

5.4     This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Producing Party or by order of the Court.

5.5     This Order does not preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order, including, without limitation, moving for an order that certain matter not be produced at all.

5.6     Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6.     DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the information was made public during trial. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

7.     DESIGNATING PROTECTED MATERIAL

7.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "Confidentiality legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are designated within 30 days of receipt of the transcript of the testimony. During the 30-day period, the entire transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is recorded (by video or otherwise), the original and all copies of the recording shall be designated pursuant to the terms of this Protective Order. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEX)

Confidentiality legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 9.2(c), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. The parties reserve the right to object to the use of any image format version of a document produced in native file format to the extent any information has been altered.

7.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. Upon such timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the

correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in the following Paragraph below) at the appropriately designated level pursuant to the terms of this Order. A subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in Paragraph 10.

8.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1.   <u>Timing and Form of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in Local Rule 37-1.

8.2   <u>Meet and Confer</u>. It shall be the responsibility of the Challenging Party to initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3   <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Gibson, Dunn & Crutcher LLP

11
**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEx)

9.      ACCESS TO AND USE OF PROTECTED MATERIAL

9.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in accordance with Section 5. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 17 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party in a secure manner at a location in the United States that ensures that access is limited to the persons authorized under this Order. For any Protected Material that is subject to export control, such material shall be so marked or designated by the Designating Party and the Receiving Party shall upon receipt be responsible for complying with all applicable United States Export Administration Regulations and shall take all reasonable steps to so comply, including taking steps to ensure such material is not exported outside the United States or provided to foreign nationals to whom such assess is restricted.

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

Nothing in this Protective Order shall preclude a party from using material obtained lawfully from a source other than the Producing Party, even if the Producing Party also designated the material pursuant to this Protective Order.

9.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, including the expert's support staff, provided that: (1) such consultants or experts are not presently an officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party and (2) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party. At least fourteen (14) days before access to the Protected Material is to be given to a consultant or expert, the consultant or expert shall complete the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the same shall be served upon the producing Party along with the following "Pre-Access Disclosure Requirements":

(i)     a current curriculum vitae of the consultant or expert;

(ii)    identification of the consultant or expert's present employer and job title;

(iii)   identification of all of the person's past and current employment and consulting relationships in the past five years, including direct relationships and relationships through entities owned or controlled by the person, including but not limited to, an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of non-invasive physiological monitoring technologies, or relating to the acquisition of intellectual property assets relating to noninvasive physiological monitoring;

13

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)
Case No. 8:20-CV-00048-JVS (JDEX)

(iv)    identification (by application number, title, and filing date) of all pending patent applications on which the person is named as an inventor, in which the person has any ownership interest, or as to which the person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(v)    a listing (by name and number of the case, filing date, and location of court) of any litigation in connection with which the person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

The Party seeking to disclose Protected Material shall provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. Objection Process: The producing party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. In the absence of an objection within fourteen (14) days of the date on which the Producing Party receives notice that a consultant or expert will be given access to Protected Material, the person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the person prior to expiration of this fourteen (14) day period. If an objection is received within that fourteen (14) day period, the Parties agree to meet and confer within seven (7) days following the objection and to use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days of the meet and confer. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d)    the court and its personnel;

14

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEX)

1           (e)     court reporters, videographers, and their staff;

2           (f)     professional jury or trial consultants, mock jurors, and Professional

3  Vendors to whom disclosure is reasonably necessary for this Action and who have

4  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5           (g)     the author, recipient, or custodian of a document containing the

6  information, or any other individual who appears to have had access to the specific

7  information at issue based on the face of the document, the document's metadata, other

8  documents, or sworn witness testimony;

9           (h)     any mediators or settlement officers and their supporting personnel,

10  mutually agreed upon by any of the parties engaged in settlement discussions;

11           (i)     any other person with the prior written consent of the Producing

12  Party; and

13           (j)     during their depositions, witnesses, and attorneys for witnesses, in

14  the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

15  requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

16  not be permitted to keep any confidential information unless they sign the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

18  by the Designating Party or ordered by the court. Pages of transcribed deposition

19  testimony or exhibits to depositions that reveal Protected Material may be separately

20  bound by the court reporter and may not be disclosed to anyone except as permitted

21  under this Protective Order. If a Designating Party believes a party is not acting in good

22  faith in seeking to show Protected Material to a witness during a deposition, the

23  Designating Party may seek a further protective order under Local Rule 37 to prevent

24  the showing of Protected Material to the witness, with the Designating Party bearing the

25  burden of proof to show that the party seeking to show Protected Material to a witness

26  during a deposition is not acting in good faith.

27      9.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

28  <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

Gibson, Dunn & Crutcher LLP

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 9.2 (a), (c)-(i), who are not competitive decision-makers of a Party as defined by applicable authorities. Additionally, whether Plaintiffs' trade secret disclosure under California Code of Civil Procedure Section 2019.210 is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to said disclosure shall be permitted for three (3) Apple House Counsel.

10. PROSECUTION BAR

After the adoption of this provision by the parties, Outside Counsel of Record and any person associated with a Party who receive a Producing Party's material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order who accesses or otherwise learns of, in whole or in part, said material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order shall not, during the pendency of this Action and for two years after final termination of this action, (i) prepare, prosecute, supervise, advise, counsel, or assist in the preparation or prosecution of any patent application seeking a patent on behalf of the Receiving Party or its acquirer, successor, or predecessor in the field of non-invasive monitoring or (ii) prepare, supervise, advise, counsel, or assist in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, on behalf of the Receiving Party or its acquirer, successor, or predecessor relating to the functionality, operation, and design of non-invasive physiological monitoring technologies. To avoid any doubt, "prosecution" as used in this paragraph does not include representing or advising a Party before a domestic or foreign agency in connection with a reissue, ex parte reexamination, covered business method review, *inter partes* review, opposition, cancelation, or similar proceeding; though in connection with any such agency proceeding involving the patents-in-suit, Outside Counsel of

16

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEx)

Record for a Receiving Party shall not: (i) participate in the preparation, prosecution, supervision, advice, counsel, or assistance of any amended claims; (ii) reveal a Producing Party's Protected Material to any prosecuting reexamination counsel or agent; or (iii) use a producing Party's Protected Material for any purpose not permitted by Section 5. The applicability of this provision is to be determined on an individual-by-individual basis such that an individual attorney who has not received Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is not restricted from undertaking any activities by virtue of this provision even if said individual attorney is employed by or works for the same firm or organization as an individual who has received such Protected Material.

11.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(b)   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 10, and may be disclosed only to the individuals identified in Paragraphs 9.2(a), (c), (d), (e), (g), and (j), subject to the restrictions set forth in Paragraph 9.3.

(c)   Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel in the Central District of California or another mutually agreed upon

17

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEX)

location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Parties agree to cooperate in good faith if additional software becomes necessary on an expedited basis.

(e) The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

18

Gibson, Dunn &
Crutcher LLP

[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF
PROTECTIVE ORDER (DKT. NO. 67)
Case No. 8:20-CV-00048-JVS (JDEX)

(f)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph (c) in the first instance. Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code or more than two hundred (200) pages total shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. Within ten (10) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The Parties will cooperate in good faith if a different timeframe for production is required. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(g)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code on the source code computer shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The log shall be kept by the Producing Party.

(h)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room; failure to do so could be deemed a waiver of confidentiality to any materials left behind. The Producing Party is not responsible for any items left in the room following each inspection session. But all counsel remain bound by their ethical duties regarding the handling and possible return of work product inadvertently left behind by a representative of an opposing party. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(i)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(f), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon request from the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party as soon reasonably practicable and in no event more than three (3) days after receipt of such request.

(j)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a

20

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)
Case No. 8:20-CV-00048-JVS (JDEX)

locked room or cabinet at all times when it is not in use. Absent agreement of the Parties or order of this Court, no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report). The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the Source Code. Nothing in this paragraph reflects an agreement by any Party in advance that access by more than fifteen individuals is warranted.

(k)     For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party it wishes to use Source Code at the deposition, and the Producing Party shall bring printed copies of the Source Code to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The Producing Party shall maintain the marked deposition exhibits during the pendency of this case. All other paper copies of Source Code brought to the deposition by the Producing Party shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(l)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties

21

Gibson, Dunn &
Crutcher LLP

[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF
PROTECTIVE ORDER (DKT. NO. 67)
Case No. 8:20-CV-00048-JVS (JDEX)

shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate or order of this Court. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this Order.

12. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, including one issued by any court, arbitral, administrative or legislative body or a court order issued in other litigation, that requests or compels disclosure of any Protected Material, that Party must: (a) promptly notify in writing each Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the

Gibson, Dunn &
Crutcher LLP

Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non- Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

Gibson, Dunn & Crutcher LLP

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

15.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

24

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEX)

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

16.     <u>MISCELLANEOUS</u>

16.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2    <u>Right to Assert Other Objections</u>. By agreeing to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16.3    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

16.4    <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final

25

Gibson, Dunn &
Crutcher LLP

Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

16.5    <u>Successors</u>. This Order shall be binding upon the Parties hereto, their successors, and anyone who obtains access to Protected Material.

16.6    <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. All disputes between the Parties concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

16.7    <u>Computation of Time</u>. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

17.    <u>FINAL DISPOSITION</u>

After the Final Disposition of this Action, as defined in Paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material,

26

Gibson, Dunn & Crutcher LLP

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEX)

but must return or destroy any pleadings, correspondence, and consultant or expert work product that contain information designated "HIGHLY CONFIDENTIAL – SOURCE CODE." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 6 (DURATION).

18.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: _____                           _____
                                                  The Honorable John D. Early
                                                  United States Magistrate Judge

**[Proposed] Order Granting Apple's Motion for Partial Reconsideration of Protective Order (Dkt. No. 67)**
Case No. 8:20-cv-00048-JVS (JDEx)

# EXHIBIT A

I, _____ , acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Masimo Corp., et al. v. Apple Inc.*, United States District Court, Central District of California, Southern Division, Civil Action No. 8:20-cv-00048-JVS (JDEx). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:_____

Present occupation/job description:_____

_____

_____

Name of Company or Firm:_____

Address:_____

Dated:_____

_____

[Signature]

**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**
Case No. 8:20-CV-00048-JVS (JDEx)