JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S NOTICE AND *EX PARTE* APPLICATION FOR AN ORDER STAYING MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER UNTIL THE HEARING ON JULY 20, 2020** <br><br> Hon. James V. Selna <br> No Hearing Noticed |

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Apple Inc. ("Apple") hereby submits this *Ex Parte* Application for an order staying enforcement of Magistrate Judge Early's June 15, 2020 Order Denying Apple's Motion for a Protective Order Barring Trade Secret-Related Discovery Absent a Trade Secret Identification (Dkt. No. 54) until the July 20, 2020 hearing before this Court on Apple's Motion for Review of and Objections to Magistrate Judge Early's Order (the "Motion for Review," Dkt. No. 57).

This Application is made *ex parte* on the grounds that: (1) Apple will be irreparably prejudiced if its request for a short stay is heard according to regular noticed motion procedures; (2) Apple is without fault in creating the need for this *ex parte* relief; and (3) Apple's requested stay is meritorious.

*First*, Plaintiffs have been pursuing a trade secret case for months and have told the Court that they will continue to do so with an amended complaint. Plaintiffs nonetheless have not complied with California Code of Civil Procedure Section 2019.210 ("Section 2019.210"), which ensures that Plaintiffs do not misuse Apple's confidential information in their trade secret case. The Motion for Review will resolve whether Apple must produce its confidential, technical information before Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") comply with Section 2019.210. As set forth in its Motion for Review, Apple maintains that it should not be required to produce this discovery, which is *related* to Plaintiffs' trade secret claim, before Plaintiffs identify their alleged trade secrets with reasonable particularity under Section 2019.210. Requiring Apple to do so would eviscerate the purpose and protections of Section 2019.210 and run counter to the Court's April 17, 2020 Scheduling Order requiring Plaintiffs to comply with the statute (Dkt. No. 37). Notwithstanding that the Motion for Review is fully briefed and scheduled to be heard by this Court in just a few days' time, Plaintiffs are demanding that Apple disclose its confidential, technical information now, before the Motion for Review is decided, even

though Plaintiffs still have not provided a Section 2019.210 disclosure.[1]  Plaintiffs' demand implicates the central issue presented by Apple's Motion for Review—whether Apple should be required to produce its highly sensitive, technical information that relates to Plaintiffs' trade secret claim before Plaintiffs comply with Section 2019.210. Critically, if Apple is forced to produce this information now, before the Court decides the Motion for Review, Plaintiffs will be able to review Apple's confidential information and trade secrets before they identify their own.  That action cannot be undone later, even if the Court subsequently rules in Apple's favor on the Motion for Review, and thus would render any decision in Apple's favor on the Motion for Review meaningless. A temporary stay of Magistrate Judge Early's June 15, 2020 Order pending the July 20, 2020 hearing on the Motion for Review therefore is reasonable and necessary.  This relief must be sought by *ex parte* procedures because the length of the requested stay is shorter than the briefing schedule on a regularly-noticed motion—and, therefore, a regularly-noticed motion would not be decided in time to prevent harm to Apple, given that Magistrate Judge Early's June 15, 2020 Order remains in effect absent a stay or modification (*see* Local R. 72-2.2).  Apple will be irreparably prejudiced if required to produce confidential, technical information now, before this Court has an opportunity to rule on Apple's Motion for Review.

*Second*, Apple is without fault in creating this need for *ex parte* relief.  On June 15, 2020, Magistrate Judge Early denied Apple's Motion for a Protective Order, and on June 19, 2020, Apple filed its Motion for Review of that Order, to be heard by this Court on July 20, 2020.  On June 23, 2020, this Court denied Plaintiffs' *ex parte* application seeking Apple's production of confidential, technical documents in the absence of a protective order, ordering the parties to submit their disputes over the protective order to

---

[1]  The Court dismissed Plaintiffs' trade secret claim with leave to replead on June 25, 2020 (Dkt. No. 60), but Plaintiffs have confirmed that they will replead.  Dkt. No. 64 (stating they will file "an amended complaint pursuant to this Court's June 25 Order"). Thus, Plaintiffs will be required to serve a Section 2019.210 disclosure (*see* Dkt. No. 37), and should not be permitted to commence trade secret-related discovery absent one.

Magistrate Judge Early by June 27, 2020.  Dkt. No. 59.  The parties filed a joint stipulation about their protective order disputes on June 26, 2020 (Dkt. No. 61), and noticed the hearing on the protective order disputes for July 23, 2020—three days after the scheduled hearing before this Court on Apple's Motion for Review.  Given these dates, Apple reasonably anticipated that this Court would decide Apple's Motion for Review *before* Magistrate Judge Early entered a protective order, and therefore saw no need to burden the Court with an unnecessary request for a stay of enforcement of Judge Early's June 15, 2020 Order.  Magistrate Judge Early, however, entered a protective order much sooner, on June 30, 2020, before receiving the parties' supplemental briefs under Local Rule 37-2.3 and without holding a hearing on the parties' protective order disputes.  *See* Dkt. 67.  Plaintiffs are now using the fact of this entered protective order to demand production of Apple's confidential, technical information—even though that discovery is trade secret-related and Plaintiffs have not yet even attempted to comply with Section 2019.  Given the noticed timeline for the parties' disputes about a protective order, Apple could not have anticipated that Magistrate Judge Early would enter a protective order as soon as he did and, therefore, that there would be any need to burden the Court with a request for a stay.  But now that a protective order has been entered, Apple requires a short stay to prevent disclosure of confidential, technical information that this Court may soon order it not to produce until Plaintiffs satisfy Section 2019.210.

*Third*, each factor of the Supreme Court's four-factor test for granting a motion for a stay articulated in *Nken v. Holder*, 556 U.S. 418, 434 (2009), favors this Court's entry of a temporary stay of Judge Early's June 15, 2020 Order until the July 20, 2020 hearing on Apple's Motion for Review.  Most notably, in its Motion for Review, Apple has made a strong showing that Judge Early's Order is contrary to law because it contradicts the plain language and purpose of Section 2019.210, and renders this Court's stay of trade secret discovery pending Plaintiffs' compliance with Section 2019.210 meaningless.  Apple will be irreparably prejudiced in the absence of the short stay

requested, because Judge Early's Order requires production of confidential, technical information that cannot be unlearned once reviewed by Plaintiffs.

Pursuant to Local Rule 7-19, counsel for Apple gave notice of this Application to counsel for Plaintiffs.  On July 10, 2020, at 2:06 p.m., counsel for Apple spoke by telephone with Plaintiffs' counsel, notifying them of the specific date and contents of this Application.  Lerner Decl. ¶ 2.  Plaintiffs' counsel subsequently stated that Plaintiffs intend to oppose this Application.  *Id.*

The contact information for Plaintiffs' counsel is as follows:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

This *Ex Parte* Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Joshua H. Lerner and Exhibits appended thereto, all other papers and pleadings on file in this action, all matters of which judicial notice may be taken, and such argument and

evidence as may be presented at the hearing on this Application, if any.

Dated:  July 10, 2020              Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Joshua H. Lerner*
         Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

1   JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3   San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
5   H. MARK LYON, SBN 162061
      mlyon@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
7   Palo Alto, CA 94304-1211
    Tel.: 650.849.5300 / Fax: 650.849.5333

8   BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
9   BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
      bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, NW             333 South Grand Avenue
11  Washington, DC 20036                    Los Angeles, CA 90071-3197
    Tel.: 202.955.8500 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
12
13  BRIAN A. ROSENTHAL, *pro hac vice*       ANGELIQUE KAOUNIS, SBN 209833
      brosenthal@gibsondunn.com                akaounis@gibsondunn.com
14  GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue                         2029 Century Park East Suite 4000
15  New York, NY 10166-0193                 Los Angeles, CA 90067
    Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16  *Attorneys for Defendant Apple Inc.*

17                 **UNITED STATES DISTRICT COURT**
18  **FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

19  MASIMO CORPORATION,                      CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
20  CERCACOR LABORATORIES, INC.,             **DEFENDANT APPLE INC.'S**
    a Delaware corporation,                  **MEMORANDUM IN SUPPORT OF**
21                                           **ITS *EX PARTE* APPLICATION FOR**
                 Plaintiffs,                 **AN ORDER STAYING MAGISTRATE**
22                                           **JUDGE EARLY'S JUNE 15, 2020**
          v.                                 **ORDER UNTIL THE HEARING ON**
23                                           **JULY 20, 2020**
    APPLE INC.,
24  a California corporation,
                                             Hon. James V. Selna
25               Defendant.                  No Hearing Noticed
26
27
28

## I.    **INTRODUCTION**

Apple brings this *Ex Parte* Application for a stay of enforcement of Magistrate Judge Early's June 15, 2020 Order (Dkt. No. 54) until the July 20, 2020 hearing on Apple's fully-briefed Motion for Review of and Objections to Magistrate Judge Early's June 15, 2020 Order (Dkt. No. 57) (the "Motion for Review"). Apple requests that the Court grant *ex parte* relief and issue this short stay for three reasons.

First, there can be no dispute that this is a trade secret case. Plaintiffs have alleged a trade secret claim from the outset and told Apple—and the Court—that they will amend that claim shortly. Apple will be irreparably prejudiced if required to produce confidential, technical documents now, before the Court decides the Motion for Review and potentially rules that Apple need not produce such documents until Plaintiffs comply with Section 2019.210. If Apple is forced to produce this information now, Plaintiffs will be able to review Apple's confidential information and trade secrets before they identify their own. This knowledge of Apple's confidential, technical information that Plaintiffs would acquire could not be unlearned later, even if the Court subsequently were to rule in Apple's favor on the Motion for Review, and thus would render any decision in Apple's favor on the Motion for Review meaningless. A temporary stay of enforcement of Judge Early's June 15, 2020 Order pending the July 20, 2020 hearing on the Motion for Review therefore is reasonable and necessary to prevent potentially irreversible harm to Apple. This relief must be sought via *ex parte* procedures because the length of the requested stay is shorter than the briefing schedule for a regularly-noticed motion—and, therefore, a regularly-noticed motion for a stay would not be decided in time to prevent harm to Apple where Judge Early's June 15, 2020 Order remains in effect absent such a stay (*see* Local R. 72-2.2).

Second, Apple is not responsible for creating the need for emergency relief. When Plaintiffs filed an *ex parte* application requesting that this Court order Apple to produce its technical documents in the absence of a protective order, the Court denied the

application and ordered the parties to submit their protective order disputes to Magistrate Judge Early by June 27, 2020.  Dkt. No. 59, at 1.  The parties filed a joint stipulation concerning their protective order dispute on July 26, 2020, and noticed the hearing for July 23, 2020—three days after the Motion for Review was noticed to be heard by this Court.  Dkt. No. 61; *see also* Dkt. No. 57.  Thus, Apple expected that its Motion for Review—and the issue of Plaintiffs' non-compliance with Section 2019—would be decided *before* Judge Early entered a protective order.  However, Judge Early entered a protective order on June 30, 2020 (Dkt. No. 67), much earlier than the parties could have anticipated, thus necessitating this emergency request for a short stay to prevent Apple from having to disclose confidential, technical information that this Court may very soon order it not to produce until Plaintiffs comply with Section 2019.210.

Third, Apple's requested 10-day stay is meritorious.  Each factor of the Supreme Court's four-factor test for granting a motion for a stay articulated in *Nken v. Holder*, 556 U.S. 418, 434 (2009), favors this Court's entry of a temporary stay of Judge Early's June 15, 2020 Order until the July 20, 2020 hearing on Apple's Motion for Review.  In the Motion for Review, Apple has made a strong showing that Judge Early's June 15, 2020 Order is contrary to law because it contradicts the plain language and purpose of Section 2019.210, and renders this Court's stay of trade secret discovery pending Plaintiffs' compliance with Section 2019.210 meaningless.  Moreover, Apple will be irreparably prejudiced without a stay, because Judge Early's Order requires production of confidential, technical information that cannot be unlearned once reviewed by Plaintiffs.  A temporary stay also would not substantially injure Plaintiffs, because they do not need Apple's confidential, technical documents now in order to meet any scheduled deadlines in this case—and even if they did, they could seek, with Apple's consent, a short extension of such deadlines.  Lastly, the public interest in expeditious proceedings would not be overly burdened by a short stay because the Motion for Review is scheduled to be heard in just 10 days' time.

This Court should grant Apple's *Ex Parte* Application and stay enforcement of Judge Early's June 15, 2020 Order until the July 20, 2020 hearing on Apple's Motion for Review.

## II.    ARGUMENT

A party moving for *ex parte* relief must show that (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Apple's *Ex Parte* Application satisfies both elements, as well as all of the relevant factors courts consider in determining whether to issue a stay of the type Apple seeks. *See Nken*, 556 U.S. at 434.

### A.    *Ex Parte* Relief is Necessary to Prevent Irreparable Prejudice to Apple.

Absent the relief requested by Apple, Plaintiffs will be permitted to gain access to Apple's confidential, technical information before the Court potentially decides the Motion for Review in Apple's favor, holding that Plaintiffs are not entitled to such information before complying with Section 2019.210. Apple would be irreparably prejudiced as a result.

As explained in Apple's Motion for Review, Magistrate Judge Early's June 15, 2020 Order was contrary to law because it adopted Plaintiffs' erroneous interpretation of this Court's Scheduling Order, which stayed "the trade secret discovery only pending compliance with Section 2019.210." Dkt. No. 37, at 1. Magistrate Judge Early agreed with Plaintiffs that this language stayed only discovery that is *solely* related to Plaintiffs' trade secret claim (Dkt. 57-1, at 6–7), thereby permitting Plaintiffs to commence trade secret-related discovery before they comply with Section 2019.210 so long as the discovery is also related to Plaintiffs' patent claims. *Id.* This was legal error because it contradicts the plain language and purpose of Section 2019.210, and renders the statute with which this Court ordered Plaintiffs to comply meaningless. *Id.* at 6–11.

Accordingly, Apple has requested that the Court reverse Magistrate Judge Early's Order, and require Plaintiffs to provide a Section 2019.210-compliant disclosure before Plaintiffs commence any discovery from Apple that is trade secret-related. *Id.* at 13.

This Court has not yet ruled on the Motion for Review; the Motion is fully briefed (Dkt. Nos. 57, 64, 71), and noticed for hearing on July 20, 2020. Plaintiffs nonetheless are pressuring Apple to produce its confidential, technical documents now, asserting that because a protective order has been entered, they are entitled to Apple's confidential, technical information even though they have not yet complied with Section 2019.210. *See* Lerner Decl. Ex. A, at 5. Apple therefore seeks *ex parte* relief in the form of a stay of enforcement of Judge Early's June 15, 2020 Order, on the basis that it should not be required to produce confidential, technical information before the Court decides the Motion for Review potentially in Apple's favor. *See, e.g.*, *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12129944, at *1 (C.D. Cal. Jan. 14, 2013) (granting *ex parte* application and staying discovery precluded by California's anti-SLAPP statute until the Court resolved defendants' anti-SLAPP motion).

If Apple is forced to produce its confidential, technical information before the Court decides the Motion for Review, the damage will be done. That is because even if the Court decides the Motion in Apple's favor and rules that Plaintiffs cannot obtain trade secret-related discovery before they comply with Section 2019.210 consistent with the Court's Scheduling Order, Plaintiffs will not be able to "un-learn" the Apple confidential, technical information they were exposed to in the interim—including before their amended trade secret claim is due on July 27, 2020. Once Plaintiffs review Apple's confidential information, any decision requiring them to identify their trade secrets with reasonable particularity *before* gaining such access would be meaningless. Plaintiffs will forever have knowledge of the Apple confidential, technical information they reviewed, and would have had ample opportunity to craft their trade secret claim to cover that *Apple* information—which is precisely what Section 2019.210, with which

this Court ordered Plaintiffs to comply, protects against.  *See Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever [*sic*] happens to be there as having been trade secrets stolen from plaintiff."); *see also Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *3 (N.D. Cal. May 31, 2018).  This is the essence of irreparable prejudice to Apple.  And it cannot be rectified "according to regular noticed motion procedures" (*Mission Power*, 883 F. Supp. at 492), because the length of the requested stay—a mere 10 days—is shorter than the briefing schedule on a regularly-noticed motion, and Judge Early's June 15, 2020 Order denying Apple's Motion for a Protective Order with respect to Apple's confidential, technical documents remains in effect absent a stay (*see* Local R. 72-2.2).

**B.**   ***Ex Parte* Relief is Warranted Because Apple Is Without Fault in Creating this Crisis.**

Apple did not create the present circumstances that require *ex parte* relief.  All parties had taken the position that no confidential information would be produced in this case without a protective order.  And on June 23, 2020, this Court denied Plaintiffs' *ex parte* application requesting Apple's production of confidential, technical documents in the absence of an entered protective order, ordering the parties to submit their protective order disputes to Magistrate Judge Early by June 27, 2020, so that a protective order could be entered before production.  Dkt. No. 59.  The parties filed a joint stipulation concerning the protective order disputes with Magistrate Judge Early on June 26, 2020 (the "Protective Order Motion").  The parties noticed the Protective Order Motion for a hearing to take place on July 23, 2020, three days after the Motion for Review was set to be heard by this Court.  Accordingly, Apple expected this Court to rule on the Motion for Review before a protective order—prerequisite to its production of any confidential, technical information—was entered.  Under those circumstances, and in an effort to heed

this Court's warning that "*[e]x parte* applications are solely for extraordinary relief and should be used with discretion" (Dkt. 19 at 3), Apple saw no need then to burden the Court with a request for a stay.  This Court was scheduled to hear Apple's Motion for Review *before* the Protective Order Motion was scheduled to resolve and, in turn, a protective order would be entered.

Circumstances have since changed.  Magistrate Judge Early entered a protective order much sooner than the parties anticipated—on June 30, 2020 (Dkt. No. 67), before the supplemental briefing on the Protective Order Motion was due and well before the noticed hearing on the Protective Order Motion.  Given that the protective order has been entered, Plaintiffs have demanded that Apple immediately produce its confidential, technical information, even though they have not yet attempted to comply with Section 2019.210.  *See* Lerner Decl. Ex. A, at 5.  But this Court has not yet ruled on Apple's Motion for Review—which tees up this very Section 2019.210 issue—and the hearing on that Motion is not scheduled to take place for another 10 days.  This change in sequence of events, created by an earlier-than-anticipated entry of a protective order in this action, caused the change of circumstances that require Apple's request for relief to be made by *ex parte* procedures.

## C.    All Relevant Factors Weigh in Favor of the Stay Apple Seeks.

A district court has discretion to stay proceedings and discovery as part of its "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Mireskandari*, 2013 WL 12129944, at *1 (quoting *Moser v. Encore Capital Grp., Inc.*, No.04CV2085-LAB, 2007 WL 1114113, *3 (S.D. Cal. Mar. 27, 2007), and citing *Filtrol Corp. v Kelleher*, 467 F.2d 242 (9th Cir. 1972)).  The Supreme Court has identified four factors that courts should consider in deciding whether to grant a stay:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The first two of these factors "are the most critical." *Id.*

Here, each factor favors granting a short stay of the type requested by Apple.  As to the first factor, Apple has made a strong showing that it is likely to succeed on its Motion for Review.  As explained above and in the Motion for Review, Magistrate Judge Early's June 15, 2020 Order is contrary to law because it permits Plaintiffs to commence trade secret-related discovery without first complying with Section 2019.210, and therefore is inconsistent with the plain language and purpose of the statute.  Dkt. 57-1, at 6–13; *see also* Cal. Civ. Code § 2019.210 ("[B]efore commencing discovery *relating to the trade secret*, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . .") (emphasis added).  Moreover, as Apple explained in the Motion for Review, Magistrate Judge Early's Order is inconsistent with this Court's Scheduling Order, which stayed trade secret discovery pending Plaintiffs' compliance with Section 2019.210 (Dkt. 37, at 1), and Plaintiffs admittedly have not yet so complied.  That stay would be rendered meaningless if Plaintiffs are permitted to obtain Apple's confidential, technical documents—which relate to their trade secret claim—without first complying with Section 2019.210.  Accordingly, Apple has made a strong showing of its likelihood to prevail on the merits of its Motion for Review.

The second factor also favors a stay.  As discussed above, Apple would be irreparably injured absent a short, 10-day stay of enforcement of Magistrate Judge Early's June 15, 2020 Order.  If Apple is forced to produce trade secret-related discovery before the Court hears the Motion to Review on July 20, 2020, any subsequent decision on the Motion for Review would come too late to prevent Plaintiffs from unlearning what they find in Apple's confidential, technical documents—and using that Apple information to replead their trade secret claim.  This would irreparably harm Apple's ability to defend this case, and could be avoided with just a short, 10-day stay.

The third factor likewise favors a stay.  Plaintiffs would not be substantially injured by the requested stay, because none of the upcoming case deadlines would be materially impacted by a short delay in Apple's production of confidential, technical documents.  For example, a short stay would not impact Plaintiffs' next scheduled deadline—the infringement contentions, which are currently due on July 27, 2020.  Dkt. 33, Ex. A, at 26.

Although Plaintiffs have argued that Apple's confidential, technical information is necessary to their preparation of infringement contentions (Dkt. No. 55, at 2–3, 6), that argument does not withstand scrutiny.  Plaintiffs can prepare their infringement contentions without Apple's confidential, technical documents because 10 of Plaintiffs' 12 asserted patents are directed to physical features of a physiological monitoring device, and the products Plaintiffs accuse of infringing those patents (i.e., the Apple Watch Series 4 and 5) can be physically inspected without reference to any technical documents.  In fact, Plaintiffs have already undertaken such an analysis of the accused Apple Watch devices.  *See* Dkt. 1 ¶¶ 45, 58, 71, 73, 86, 101, 114, 127, 141.  Moreover, Plaintiffs' argument is undermined by the patent procedures of other jurisdictions, including those of the Northern District of California that this Court follows for patent cases, which require Plaintiffs to serve preliminary infringement contentions *before* Defendants are required to produce core technical documents.  *See, e.g.*, N.D. Cal. Patent Local Rule 3-3 and 3-4 (requiring production of core technical documents with defendant's invalidity contentions, which are served 45 days after plaintiff's infringement contentions).  And if Plaintiffs legitimately believed that they needed Apple's confidential, technical information to prepare their case, they would not have delayed providing the Section 2019.210 disclosure that Apple has been requesting *for more than five months*.  Thus, a short stay until the July 20, 2020 hearing on Apple's Motion for Review will not injure Plaintiffs' ability to prosecute their patent case.

Lastly, the public interest in expeditious proceedings would not be significantly

burdened by the very short stay requested here because Apple's Motion for Review is scheduled to be heard in just 10 days.

## CONCLUSION

For all of the foregoing reasons, Apple respectfully requests that the Court stay enforcement of Magistrate Judge Early's June 15, 2020 Order until this Court's July 20, 2020 hearing on Apple's Motion for Review.

Dated: July 10, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*