# Exhibit A

| | |
|---|---|
| **From:** | Adam.Powell |
| **To:** | Samplin, Ilissa; Kaounis, Angelique; Lerner, Joshua H. |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple - Core technical documents and infringement contentions |
| **Date:** | Thursday, July 9, 2020 3:31:17 PM |

[External Email]

Ilissa,

Apple's deadline to produce core technical documents was nearly one month ago on June 15. Thus, Apple's proposal to "discuss a production timeline" continues to flout that deadline. What is Apple's basis for continuing to refuse to provide core technical documents?

Plaintiffs' Section 2019.210 statement is a different issue with no due date. Nonetheless, Plaintiffs will provide that statement in due course.

Your email also ignores my second question concerning confidential information for infringement contentions. Please confirm immediately that Apple will rely solely on public information for its non-infringement positions in this case.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245  Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, July 9, 2020 12:01 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Core technical documents and infringement contentions

Adam,

Thank you for your email. While we are happy to discuss a production timeline with you in response to your inquiries below, we note that it has now been nearly six months since we first asked for Plaintiffs' Section 2019.210 disclosure. As you note below, Judge Early entered a protective order last week, and we still have not received Plaintiffs' Section 2019.210 disclosure. Please let us know when Plaintiffs will produce this document, which you previously agreed to produce after a protective order was entered.

Thanks,

Ilissa
**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 8, 2020 10:32 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Core technical documents and infringement contentions

[External Email]
Counsel,

It has now been nearly a month since Apple ignored the Court's June 15 deadline for Apple to produce its "core technical documents."  In response to Plaintiffs' *ex parte* application to enforce that deadline, Apple pointed to the lack of a formal protective order.  Dkt. 56 at 7-9.  Apple specifically represented that it was **not** relying on Section 2019.210 to withhold such documents. *Id.* at 7 n.2.  The Court denied Plaintiffs' application without prejudice and ordered the parties to promptly submit their protective order disputes to Judge Early, who entered a protective order a week ago.  Despite this, Apple has still not produced a single additional document.  Moreover, in its reply brief filed on Monday, Apple appeared to indicate it will withhold core technical documents until after the parties litigate the sufficiency of Plaintiffs' Section 2019.210 disclosure.  Dkt. 71 at 10.

Apple's ongoing refusal to comply with the Court's Scheduling Order is prejudicial to Plaintiffs, contrary to Apple's express representations to the Court, and contrary to Judge Selna's and Judge Early's rulings declining to stay patent discovery.  Please let us know by noon tomorrow Apple's position as to the "core technical documents" required by the Scheduling Order, including when Apple will comply with that deadline.

Additionally, Apple's portion of the joint submission to Judge Selna on Friday argued that Plaintiffs do not require confidential technical documents to prepare infringement contentions.  Dkt. 69 at 9.  Based on that argument, please also confirm by noon tomorrow that Apple will rely solely on public information for its non-infringement positions in this case.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 Direct
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.