Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Honorable James V. Selna<br><br>**PLAINTIFFS' OPPOSITION TO APPLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER STAYING MAGISTRATE JUDGE EARLY'S JUNE 15, 2020 ORDER** |

**TABLE OF CONTENTS**

**Page No.**

I.   INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF FACTS ......................................................................... 2

III. ARGUMENT ............................................................................................. 4

    A.   Apple Has Not Shown Ex Parte Relief is Appropriate .................... 5

        1.   Apple Will Not Suffer Irreparable Prejudice Absent a Stay ........................................................................... 5

        2.   Apple Created The Alleged Emergency ............................... 6

    B.   Apple Has Not Shown a Stay is Appropriate ................................... 7

        1.   Apple Has Not Shown Any Likelihood of Success .............. 8

        2.   Apple Has Not Shown It Will Be Irreparably Injured ................................................................................ 11

        3.   Issuing a Stay Will Injure Plaintiffs ................................... 12

        4.   The Public Interest Does Not Support a Stay ..................... 12

IV.  CONCLUSION ........................................................................................ 13

# TABLE OF AUTHORITIES

**Page No(s).**

*Advanced Modular Sputtering, Inc. v. Superior Court*,
   132 Cal. App. 4th 826 (2005) .................................................................. 8, 10

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
   No. 10-CV-03428-LHK, Dkt. 72 (N.D. Cal. Mar. 24, 2011) ........................ 9

*Bryant v. Mattel*,
   No. CV 04-09049S-GLR, 2007 WL 5430888 (C.D. Cal. May
   18, 2007) ....................................................................................................... 9

*Comput. Econs., Inc. v. Gartner Grp., Inc.*,
   50 F. Supp. 2d 980 (S.D. Cal. 1999) .......................................................... 11

*Hightower v. JP Morgan Chase*,
   No. CV-111802-PSG, 2012 WL 12878312 (C.D. Cal. Sept. 28,
   2012) ........................................................................................................... 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ...................................................................... 12

*Loop AI Labs Inc. v. Gatti*,
   No. 15-CV-00798-HSG, 2015 WL 9269758
   (N.D. Cal. Dec. 21, 2015) ........................................................................... 10

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
   No. 19-CV-00220-JVS, 2019 WL 4284523
   (C.D. Cal. June 11, 2019) ........................................................................... 10

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
   883 F. Supp. 488 (C.D. Cal. 1995) ............................................................ 4, 5

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   No. 14-CV-01745-VC, 2015 WL 5948159
   (N.D. Cal. Oct. 14, 2015) ............................................................................. 9

*Nken v. Holder*,
   556 U.S. 418 (2009) ............................................................................ 5, 7, 8

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Perlan Therapeutics, Inc. v. Sup. Court*,
  178 Cal. App. 4th 1333 (2009) .................................................................... 8

*In re Republic of Ecuador*,
  No. C-10-80225-MISC-CRB, 2011 WL 736868
  (N.D. Cal. Feb. 22, 2011) ............................................................................ 7

*ScaleMP, Inc. v. TidalScale, Inc.*,
  No. 18-CV-4716 EDL, Dkt. 52 (N.D. Cal. Mar. 15, 2019) .................. 8, 9, 11

*Space Data Corp. v. X*,
  No. 16-CV-03260-BLF, 2017 WL 3007078
  (N.D. Cal. July 14, 2017) ............................................................................ 9

*Tessera, Inc. v. Sony Corp.*,
  No. 5:11-cv-04399-EJD, 2013 WL 97794
  (N.D. Cal. Jan. 7, 2013) ............................................................................ 13

## OTHER AUTHORITIES

Rule 16 .................................................................................................................. 12

Rule 26 ............................................................................................................... 2, 4

Section 2019.210 ........................................................................................ *passim*

## I. INTRODUCTION

Apply improperly seeks emergency relief to address an issue on which it has lost many times. This Court rejected Apple's request to stay patent discovery nearly ***three months*** ago, adopting patent-specific deadlines and staying "trade secret discovery only." Dkt. 37. Apple sought a contrary result from Judge Early, and he rejected Apple's argument nearly a ***month ago***. Dkt. 54. At the recent hearing on Friday, July 10, this Court ***again*** confirmed that patent discovery must go forward immediately.

Surprisingly, Apple filed its *ex parte* application just hours later, seeking to stay Judge Early's Order Denying Apple's Motion for Protective Order, Dkt. 54, (the "Order"). Apple's application lacks merit for many reasons. First, Apple cannot show emergency relief is appropriate because Judge Early issued the relevant order nearly a month ago on June 15. Apple has no legitimate excuse for failing to request a stay back then.

Second, Apple cannot show irreparable harm because the underlying motion regarding Section 2019.210 did ***not*** seek relief from the Scheduling Order's deadline to produce "core technical documents." Notably, Apple represented to this Court that it was withholding such documents ***solely*** because a protective order governing confidentiality had not been entered. Dkt. 56 at 7. Specifically, Apple told this Court that Section 2019.210 "is ***not*** a basis on which Apple relies" to withhold core technical documents. *Id.* at 7 n.2.[1] But when Judge Early promptly entered a protective order, Apple disregarded its representation to this Court and is ***still*** withholding such documents.

Third, all relevant factors weigh against Apple's request for a stay. Most critically, Apple has not made any showing on likelihood of success, much less a "strong showing." This Court rejected Apple's argument when it issued the

---

[1] All emphasis is added unless noted otherwise.

-1-

1  Scheduling Order.  Judge Early then confirmed the Scheduling Order means
2  what it says.  During the July 10 hearing, this Court again reaffirmed that patent
3  discovery should proceed immediately—precisely as this Court and Judge Early
4  repeatedly ordered.  Rather than show error in Judge Early's decision, Apple
5  now reargues, for the fourth time, the merits of whether patent discovery should
6  be stayed pending what Apple deems an "adequate" Section 2019.210
7  statement.  But this Court already rejected those arguments.  If Apple desired a
8  different result, it should have sought reconsideration of the Scheduling Order
9  from this Court, not a contrary ruling from Judge Early.

10  Regardless, Apple's arguments have not improved since Apple presented
11 them to this Court and Judge Early.  The California Court of Appeals has
12 interpreted Section 2019.210 as applying only to causes of action that "hinge
13 upon" trade secret misappropriation.  Thus, courts routinely hold that Section
14 2019.210 does ***not*** bar patent discovery that may ***also*** be relevant to trade
15 secrets.  Apple does not cite a ***single*** case to the contrary.  Plaintiffs' patent
16 claims do not hinge upon trade secret misappropriation because they can
17 succeed independent of the trade secret claims.  Indeed, Apple emphasized that
18 point by moving to dismiss Plaintiffs' trade secret claims ***only***.  Dkt. 38.  The
19 Court should deny Apple's *ex parte* application.

## II.  STATEMENT OF FACTS

21  On March 16, 2020, Plaintiffs served twenty-five Requests for
22 Production.  Dkt. 65, Ex. 1.  Requests 1-4 seek Apple's knowledge of or
23 attempts to design around the "Masimo Asserted Patents."  *Id.* at 3-4.  Requests
24 5-25 seek technical information about the "Accused Products," defined as the
25 products accused of patent infringement.  *Id.* at 2, 4-7.

26  In the Joint Rule 26(f) report, Apple acknowledged Plaintiffs' Requests
27 may "concern the asserted patents and technical information about the products
28 accused of patent infringement . . .."  Dkt. 33 at 7.  However, Apple argued it

need not provide such discovery until after Plaintiffs provide a Section 2019.210 disclosure because the discovery may also be relevant to Plaintiffs' trade secret claim. *Id.* at 7-8. On April 17, 2020, this Court rejected Apple's argument. *See* Dkt. 37 ("The Court adopts the ***patent specific dates***. The Court stays the ***trade secret discovery only*** pending compliance with Section 2019.210.") This Court determined Section 2019.210 applies to "trade secret discovery only"—not patent discovery that may also be relevant to trade secrets. *Id*.

Despite the clear language of the Scheduling Order, Apple sought a contrary ruling from Judge Early by moving for a protective order on Requests 5-25. Dkt. 43. On June 15, 2020, Judge Early correctly rejected Apple's argument as inconsistent with the Scheduling Order, explaining:

> The sole interpretation that does not render the word "only" superfluous in the Scheduling Order is an interpretation that "only" limits they type of discovery stayed—trade secret discovery. By staying "only" trade secret discovery, the Scheduling Order, by negative implication, does ***not stay patent-related discovery, which is subject to the patent-related dates approved in the prior sentence***.

Dkt. 54 at 8.[2]

Despite Judge Early's ruling, Apple refused to produce its technical documents, including the "core technical documents" due on June 15, 2020, under this Court's Scheduling Order. Dkt. 33 at 26. In response to Plaintiffs' *ex parte* application to enforce the schedule, Apple argued it did not have to comply because the Court had not yet issued a protective order addressing confidentiality. Dkt. 56 at 3, 7-9. Apple expressly represented that Section 2019.210 "is ***not*** a basis on which Apple relies" for withholding core technical

---

[2] Judge Early also admonished Apple for filing an improperly argumentative Notice of Motion. Dkt. 54 at 1 n.1. Despite that admonishment, Apple has filed numerous argumentative notices since then. *See* Dkt. 57, 72, 73.

documents. *Id.* at 7 n.2. On June 23, in response to Apple's strong emphasis on the need for a protective order, this Court denied Plaintiffs' *ex parte* application without prejudice, ordering the parties to expeditiously submit their protective order disputes to Judge Early by June 27. Dkt. 59 at 2. The parties did so on June 26, and Judge Early issued a Protective Order just four days later on June 30. Dkt. 61; Dkt. 67.

Despite Judge Early issuing the Protective Order nearly two weeks ago, Apple has still not produced its confidential "core technical documents." Instead, Apple reargued the matter again at the hearing on Friday, July 10. Apple made the same arguments it made in the Rule 26(f) report, the underlying motion to Judge Early, and its Objections to this Court. This Court again explained that patent discovery must proceed "now" even if it is also relevant to trade secrets. Despite two orders rejecting Apple's arguments, topped off by the Court's statements at the July 10 hearing, Apple filed its *ex parte* application to stay later that evening. Dkt. 73.

## III. ARGUMENT

As stated in the Initial Order for this case, *ex parte* applications are "***solely for extraordinary relief*** and should be used with discretion." Dkt. 19 at 3 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)). Apple has the burden of showing: (1) it would be irreparably prejudiced if its application is not granted, and (2) it was without fault in creating the putative crisis that it believes requires *ex parte* relief. *Mission Power*, 883 F. Supp. at 492. As the Court explained:

> When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority. The judge stops processing other motions.

-4-

*Id.* at 491–92.

Because Apple seeks a stay of Judge Early's Order, Apple must also establish that four factors justify the stay: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

As set forth below, Apple fails to meet its burden to establish that *ex parte* relief would be appropriate, and fails to meet its burden to establish that a stay would be appropriate.

## A. Apple Has Not Shown Ex Parte Relief is Appropriate

Apple cannot show it has been irreparably prejudiced or is without fault for bringing this application. *See Mission*, 883 F. Supp. at 492.

### 1. Apple Will Not Suffer Irreparable Prejudice Absent a Stay

Apple cannot show irreparable prejudice because its motion to Judge Early did ***not*** (and could not) seek relief from the Scheduling Order's deadline to produce core technical documents. Instead, the motion addressed specific ***document requests***. *See* Dkt. No. 43-5. Thus, Apple's assertion that it will be forced to produce core technical documents without the stay is misplaced. The Scheduling Order set a deadline to produce those documents and Apple has not filed any motion with Judge Early or this Court seeking relief from that deadline. Thus, even with its requested stay, Apple still has an obligation to produce core technical documents now. Indeed, Plaintiffs made this precise point in their opposition to Apple's Objections. Dkt. 64 at 19. Lacking any legitimate response, Apple simply ignored this argument in its reply. Dkt. 71.

Moreover, Apple cannot show it will be irreparably injured by having to produce patent discovery in a patent case. As this Court made clear at the

July 10 hearing, Apple would have to produce those documents regardless of whether Plaintiffs ever asserted trade secret clams. Apple argues that some documents might relate to Plaintiffs' trade secrets. But Judge Early reviewed the *actual* requests at issue and found, at most, "only four" of the twenty-one requests arguably sought "some of the same categories of information" relevant to trade secrets. Dkt. 54 at 8. Apple cannot show irreparable harm from producing such documents. Indeed, even assuming liability for trade secret misappropriation can be "irreparable harm," this could occur only after Plaintiffs prove a valid claim by establishing ownership and misappropriation of the asserted trade secrets.

### 2. **Apple Created The Alleged Emergency**

Apple also cannot show it is without fault for bringing this application. Apple brings an *emergency* motion to stay an order issued *four weeks ago* on June 15. Dkt. 54. Apple filed objections on June 19, but did not seek to stay Judge Early's Order. Dkt. 57. The next business day, on June 22, Plaintiffs pointed out that Apple had not sought to stay the Order. Dkt. 58 at 3. Plaintiffs have also repeatedly requested production of the documents. Yet Apple waited another *three weeks* before seeking a stay on July 10.

Apple states that it did not move to stay earlier because the hearing on the motion for protective order was set for July 23—after the July 20 hearing on Apple's Objections. According to Apple, it did not need to seek a stay because its Objections would be resolved before entry of a protective order and all parties agreed "no confidential information would be produced in this case without a protective order." Dkt. 73 at 5. Apple is wrong for two reasons.

First, Plaintiffs made clear long ago that they expected Apple to comply with its June 15 deadline to produce core technical documents, and provided proposals to facilitate compliance. Plaintiffs even filed an *ex parte* application seeking to compel Apple to produce those documents. Plaintiffs also—

-6-

repeatedly—suggested a reciprocal approach where **both** parties would produce confidential information pursuant to an agreement to keep it "Attorneys Eyes Only" pending entry of a protective order. *See* Dkt. 55-2, Ex. 3 at 8 ("Plaintiffs simply asked for reciprocal treatment of confidential information – that both parties produce confidential information and treat such information as attorneys' eyes only pending entry of a protective order."). Apple refused, arguing a Section 2019.210 statement describing Plaintiffs' trade secrets is somehow less deserving of protection than Apple's confidential documents. Dkt. 55-2, Ex. 6.

Second, Apple's new assertion blatantly contradicts its prior representations to this Court. As discussed, in opposing Plaintiffs' *ex parte* application to enforce the schedule, Apple relied **solely** on the lack of a protective order. Dkt. 56 at 3, 7-9. Apple expressly represented Section 2019.210 "is **not** a basis on which Apple relies" for withholding core technical documents. *Id.* at 7 n.2. Perhaps based on that representation, this Court denied Plaintiffs' *ex parte* application without prejudice and ordered the parties to promptly submit their protective order disputes to Judge Early by June 27. Dkt. 56 at 2. The parties did so, and Judge Early promptly issued a protective order on June 30. Dkt. 67.[3] Apple now abruptly changes course and claims it **is** relying on Section 2019.210 to withhold such documents. The Court should not reward such gamesmanship.

**B.      Apple Has Not Shown a Stay is Appropriate**

The Court should also deny Apple's request because all four factors weigh heavily against a stay. *See Nken* 556 U.S. at 434.

---

[3]      Apple has already moved for reconsideration of the Protective Order, arguing Judge Early must have failed to consider Apple's arguments merely because he did not expressly explain his rationale. Dkt. 72 at 1. "Merely filing a motion for reconsideration does not stay an impending deadline." *In re Republic of Ecuador*, 2011 WL 736868, at *4 (N.D. Cal. Feb. 22, 2011).

-7-

### 1. Apple Has Not Shown Any Likelihood of Success

Apple has not come close to making a "strong showing that [Apple] is likely to succeed on the merits." Apple argues the Order is inconsistent with the "language and purpose" of Section 2019.210. Dkt. 73 at 7. But Apple fails to cite a single case supporting its erroneous interpretation of Section 2019.210.

Section 2019.210 states: "In any action alleging the misappropriation of a trade secret under the [CUTSA], before commencing discovery **relating to** the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity." According to Apple, "relating to" means **all** discovery as to **all** causes of action in Federal court is barred if the discovery is **also** relevant in any way to trade secrets. Dkt. 73 at 7. Apple is incorrect.

Section 2019.210 does not bar discovery on non-trade secret claims merely because the discovery is **also** relevant to trade secrets. The California Court of Appeals has specifically interpreted the "relating to" language on which Apple relies as barring discovery on a non-trade secret "**cause of action**" that "relates to the trade secret." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 830 (2005). Thus, Section 2019.210 bars discovery on a cause of action that is "factually dependent" or "**hinges upon** the factual allegations that [defendant] misappropriated [plaintiff's] trade secrets." *Id.* at 835. For example, discovery relevant to a contract claim is barred if the only alleged breach was disclosing trade secrets. *Id.*; *see also Perlan Therapeutics, Inc. v. Sup. Court*, 178 Cal. App. 4th 1333, 1337 n.2 (2009) (noting discovery may proceed on "claims not dependent upon proof of [plaintiff]'s [trade secret] claim").

Courts refuse to stay patent discovery even where the discovery could **also** be relevant to trade secrets. In *ScaleMP, Inc. v. TidalScale, Inc.*, No. 18-CV-4716 EDL, Dkt. 52 (N.D. Cal. Mar. 15, 2019) (Dkt. 65, Ex. 8), the court rejected the same argument Apple makes here, explaining:

-8-

> While Plaintiff's patent infringement claim is ***related to*** its trade secret misappropriation claim in the sense that the alleged misappropriation led to Defendant's development of infringing technology, the patent infringement claim does not "hinge" on the misappropriation allegation. ***Plaintiff's ability to succeed on the infringement claim is independent of the viability of its misappropriation claim.*** Thus, the statutory language does not require a postponement of patent-related disclosures in this case, even while Plaintiff revises its trade secret disclosures.

*Id.* at 90-91. Other courts do the same. *See, e.g.*, *Space Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 3007078, *4 (N.D. Cal. July 14, 2017) (rejecting defendant's argument that it should not have to produce technical documents relevant to patent infringement until after the plaintiff complied with Section 2019.210); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, Dkt. 72 (N.D. Cal. Mar. 24, 2011) (Dkt. 65, Ex. 16) at 169 (holding discovery "***unique*** to Plaintiffs' claims of trade secret misappropriation" could not proceed, but "[a]ll other discovery shall commence now, including discovery of source code relevant to the copyright and patent infringement claims"); *see also Bryant v. Mattel*, 2007 WL 5430888, *3 n.3 (C.D. Cal. May 18, 2007) (technical discovery must move forward because it was "relevant to claims other than the trade secret misappropriation claim, such as [plaintiff]'s claim for copyright infringement"); *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC, 2015 WL 5948159, at *4 (N.D. Cal. Oct. 14, 2015); *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015).[4]

---

[4] Apple attempted to distinguish these authorities because the plaintiffs in those cases provided an inadequate Section 2019.210 disclosure. Dkt. 71 at 5. But the courts still permitted discovery on other claims even though it was also relevant to trade secrets and plaintiff had not satisfied Section 2019.210. The fact that plaintiffs tried, and failed, to satisfy Section 2019.210 was irrelevant.

Apple's Objections ignore those cases and rely on a single case from Judge Early. Dkt. 57-1 at 7 (citing *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. 19-CV-00220-JVS, 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019)). Apple made the same argument and referred to the same case during the July 10 hearing before this Court. On both occasions, however, Apple omitted that the only non-trade secret claim in *M/A-COM* was a **contract** claim that was based on the **same** allegations as the trade secret claim. *See* Dkt. 65, Ex. 9 at 103 (*M/A-COM* complaint alleging breach of an "obligation to keep such information confidential"). Thus, *M/A-COM* applied Section 2019.210 to a contract claim that "hinge[ed] upon the factual allegations that [defendant] misappropriated [plaintiff's] trade secrets." *See Advanced Modular*, 132 Cal. App. 4th at 835. Plaintiffs pointed this out in their opposition and Apple's reply contained no response. Dkt. 64 at 11-12; Dkt. 71.

Desperate to find support for its position, Apple includes a new declaration from counsel on reply to support its assertion that Plaintiffs "conceded" their patent claims are "factually dependent on the same [trade secret] misappropriation allegations." Dkt. 71 at 6; Dkt. 71-1 ¶ 4.[5] But Apple's new declaration does **not** support Apple's assertion. Indeed, the declaration carefully avoids stating Plaintiffs made such a concession. Dkt. 71-1 ¶ 4. Instead, it quotes an email from Apple's counsel and asserts Plaintiffs did not dispute the email. *Id.* As explained thoroughly in the attached declaration from Plaintiffs' counsel, Plaintiffs **did** dispute the email by arguing Apple had not "identif[ied] any claims other than the trade secret claim that are 'factually

---

[5] Apple's new evidence was improper. *Hightower v. JP Morgan Chase*, No. CV-111802-PSG, 2012 WL 12878312, at *2 (C.D. Cal. Sept. 28, 2012) ("Motions for reconsideration and objections to a Magistrate Judge's orders are not the place for a party to make a new argument and raise facts not addressed in his original brief.")

-10-

dependent' on the misappropriation allegations." Powell Decl. ¶¶ 2-3 & Ex. 1. Plaintiffs never suggested their non-trade secret claims are "factually dependent" on trade secret misappropriation. *Id.* ¶ 3. Any such assertion would be legally erroneous because the patent infringement claims are not factually dependent on the trade secret claims. They can succeed regardless of whether any trade secrets were misappropriated. Apple cannot change that fact with a misleading declaration.[6]

Failing to find persuasive legal authority, Apple turns to policy arguments. None have merit, much less establish a "strong showing" of likelihood of success. Indeed, other courts have rejected similar policy arguments for an expansive reading of Section 2019.210. *See ScaleMP* (Dkt. 65, Ex. 8) at 91-92 (rejecting argument that all technical discovery should be barred to prevent a plaintiff from using technical documents relevant to the patent case "to obtain Defendant's trade secrets"). Apple's cited case explains that the purpose of Section 2019.210 is to prevent plaintiffs from "driving a competitor out of business" by serving "extensive discovery which the new business is ill equipped to afford." *Comput. Econs., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 n.6 (S.D. Cal. 1999). There is no risk that Plaintiffs could drive ***Apple*** out of business by serving discovery requests. As Apple itself explained, it "is one of the largest technology companies in the world." Dkt. 61-1 at 5.

### 2. Apple Has Not Shown It Will Be Irreparably Injured

As addressed above, Apple cannot show irreparable injury because, regardless of any stay of discovery, Apple still has to produce its core technical

---

[6] This is not the first time the parties disagreed over what happened during a teleconference. To avoid similar misunderstandings, Plaintiffs requested the parties record all teleconferences. Powell Decl., Ex. 2. Apple refused. *Id.*

-11-

documents. Apple did not—and could not—ask Judge Early for relief from that deadline in the Scheduling Order. As for Plaintiffs' document requests (the actual subject of Apple's motion to Judge Early), those requests merely seek discovery available in any patent case. Plaintiffs cannot show irreparable injury from having to produce such documents. Indeed, Judge Early found the vast majority of Plaintiffs' requests are not relevant to trade secrets. Dkt. 54 at 8.

### 3. Issuing a Stay Will Injure Plaintiffs

Apple claims Plaintiffs will not be injured by a stay because infringement contentions are not due until July 27. Dkt. 73 at 8. But the parties stipulated to, and this Court adopted, a schedule in which Apple would produce its core technical documents on June 15 and Plaintiffs would serve infringement contentions on July 27. Dkt. 33 at 26; Dkt. 37. Apple continues to exercise self-help and has now ignored this deadline for ***an entire month*** without seeking relief—leaving only two weeks for infringement contentions when Plaintiffs were supposed to have six weeks. Plaintiffs have been and continue to be prejudiced by Apple's ongoing refusal to comply with this Court's orders.

### 4. The Public Interest Does Not Support a Stay

The public interest does not support allowing Apple to withhold discovery and flout this Court's orders. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citations omitted). Once issued, a scheduling order may be modified only upon a showing of good cause and with the Court's consent. Rule 16(b)(4); *see also Tessera, Inc. v. Sony Corp.*, No. 5:11-cv-04399-EJD, 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance."). Enough is enough. The Court should deny Apple's

Motion and order Apple to finally produce its core technical documents.

## IV. CONCLUSION

For all the reasons discussed above, the Court should deny Apple's *Ex Parte* Application to Stay Judge Early's June 15, 2020, Order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 13, 2020    By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs
Masimo Corporation and
Cercacor Laboratories

33138842