Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Honorable James V. Selna<br>)<br>) **DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER STAYING MAGISTRATE JUDGE EARLY'S JUNE 15, 2020, ORDER**<br>)<br>)<br>)<br>)<br>) |

I, Adam B. Powell, hereby declare:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this declaration in support of Plaintiffs' Opposition to Apple Inc.'s *Ex Parte* Application For an Order Staying Magistrate Judge Early's June 15, 2020, Order.

2.     On April 6, 2020, the parties' counsel met and conferred by telephone.  During the teleconference, I asked Apple's counsel to identify the causes of action that they believed were "factually dependent" on trade secret misappropriation.   Apple's counsel refused and argued my question was irrelevant because "factually dependent" was not the correct legal standard.  Apple's counsel argued that discovery on all causes of action was barred if the discovery was also "related to" trade secrets.  During the teleconference, I acknowledged that Plaintiffs allege certain versions of the Apple Watch incorporate Plaintiffs' trade secrets.  However, I never suggested Plaintiffs' patent claims are factually dependent on the same misappropriation allegations.

3.     After the teleconference, I sent a summary email to Apple's counsel.  Apple's counsel responded on April 7, 2020.  Among other things, Apple's counsel asserted:

> Importantly, with respect to your demands that we identify the RFPs that are solely related to the trade secret allegations or factually dependent on the trade secret allegations, you confirmed that at least some of the patent causes of action are "factually dependent on the same misappropriation allegations." Specifically, we asked you to confirm that Plaintiffs are alleging the Apple Watch (Series 4 and 5 and later) incorporates Plaintiffs' trade secrets, and you responded affirmatively that Plaintiffs were alleging that those products incorporated "some secrets."

I interpreted the quotation "factually dependent on the same misappropriation allegations" as referring to the legal standard, not a statement that counsel had thought I made.  I interpreted the next sentence as Apple's reason for believing Plaintiffs patent claims were "factually dependent" on trade secret misappropriation.  But merely because certain Apple Watch products may also incorporate Plaintiffs' trade secrets does not mean that Plaintiffs' patent claims are "factually dependent" on trade secret misappropriation.  The claims are independent.  Plaintiffs' patent claims can succeed regardless of whether trade secret misappropriation is established.  Accordingly, I responded by email that Apple had not identified "any claims other than the trade secret claim that are 'factually dependent' on the misappropriation allegations."  Attached hereto as **Exhibit 1** is a true and correct copy of the email that I sent to Angelique Kaounis (who is counsel of record for Apple) at 12:55pm on April 7, 2020.  I did not in my email, at the teleconference, or in any other communication, suggest or agree that Plaintiffs' non-trade secret claims are "factually dependent" on trade secret misappropriation.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of an email from myself to Ms. Samplin at 2:03pm on April 27, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 13, 2020, at Encinitas, California.


_/s/ Adam B. Powell_____
Adam B. Powell

33138844

# EXHIBIT 1

| From: | Adam.Powell |
|---|---|
| To: | "Kaounis, Angelique" |
| Cc: | Perry.Oldham; Buroker, Brian M.; Semendyai, Vladimir J.; Lerner, Joshua H.; Samplin, Ilissa; Lyon, H. Mark; Joe.Re; Stephen.Larson; Steve.Jensen |
| Subject: | RE: Masimo et al. v. Apple: meet and confer |
| Date: | Tuesday, April 7, 2020 12:55:55 PM |

Angelique,

Nothing in your email contradicts my summary of our conversation.  Among other things, Apple confirmed it will not (or cannot) identify any RFPs that relate solely to the trade secret claims and not to the patent claims.  Apple also confirmed that it will not (or cannot) identify any claims other than the trade secret claim that are "factually dependent" on the misappropriation allegations.  Your assertion that this is irrelevant is belied by Apple's own letter, which expressly relied on this legal standard in citing the *CBS* and *Advanced Modular* cases.  We do not understand why you would be surprised or assert it is "not well taken" for us to ask Apple about a legal standard that Apple included in its own letter.

As for the extension, Apple continues to apply extensions in an inappropriate and non-reciprocal manner.  As you know, Apple has requested three extensions in this case (responding to the Complaint, serving Initial Disclosures, and responding to the First Amended Complaint), all of which Plaintiffs granted.  When Plaintiffs requested a reciprocal extension to respond to Apple's first motion to dismiss, Apple offered a mere 4-day extension in exchange for a 10-day extension on Apple's reply brief.  When Plaintiffs requested a reciprocal extension to respond to Apple's anticipated second motion to dismiss, Apple again offered a non-reciprocal extension while simultaneously demanding expedited treatment of Apple's motion for protective order.  We pointed out that this appeared to be an improper tactical request for extension and suggested the parties deal with both issues together.  Apple responded by accusing us of being unprofessional and conflating two separate issues.  Despite our better judgment, we granted Apple the requested extension "based on our understanding that Apple will start agreeing to similar courtesies, including an extension of time on Apple's requested motion for protective order if we believe that is necessary."

Against that backdrop, we requested a reasonable two-week extension of time for a total of three weeks to respond to Apple's anticipated motion for protective order.  That is less time than Plaintiffs provided to Apple in all three of Apple's requested extensions.  In particular, we provided a 30-day extension on the initial Complaint (more than 7 weeks total), a 3-week extension on the Initial Disclosures (5 weeks total), and a 12-day extension to respond to the First Amended Complaint (26-days total).  We also originally agreed to a 14-day extension of time to respond to the First Amended Complaint, but settled on a mutual 12-day extension based on Apple's desire not to prepare its reply brief over memorial day.  We agreed to the last extension even though we believed Apple did not need that much time because its second motion to dismiss appeared to be a subset of its first motion to dismiss.  Despite those courtesies, Apple now offers only a 1-week extension (2-weeks total), demands we respond in less than one business day, and threatens to serve its portion of the joint stipulation if we do not respond by 2pm even though nothing requires Apple to do so today.

Please confirm Apple will agree to the requested 14-day extension.  While we believe the deadline to

Exhibit 1
-3-

respond to Plaintiffs' RFPs is a separate matter, we will agree Apple may have the same 14-day extension if Apple needs it.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, April 7, 2020 7:48 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Adam,

We write in response to your email.  We respond to the substance of the points you raise below.

First, as threshold matter, you stated that the parties would not agree on the applicability of Section 2019.210 here.  We therefore are unclear why you seem surprised that we are moving forward with the motion for protective order.

Second, Section 2019.210 states that in "any action alleging the misappropriation of a trade secret under [CUTSA], before commencing discovery **_relating_** to the trade secret, the party alleging misappropriation shall identify the trade secret with reasonable particularity . . . ."  _Id._ (emph. added).  Thus, Apple's position that Plaintiffs cannot take discovery "relating" to the alleged secrets until they identify the alleged trade secrets with reasonable particularly is fully supported by the law, including the plain language of the statute itself.

Third, you are correct that RFPs 5-25 relate to the secrets.  They do not just relate in some vague "way."  To the contrary, these RFPs seek discovery of documents that the FAC expressly alleges are trade secrets.  For example, as we mentioned on the call, Request No. 13 seeks "All documents and things that refer or relate to _technical information, specifications_, and research _data_ for any of the Accused Products" (emphases added).  Plaintiffs' FAC alleges (at para. 211) that their vastly overbroad trade secrets include "technical information" such as "technical specifications, [and] technical data."  Similarly, Request No. 12 seeks "All _technical documents_

Exhibit 1
-4-

for the Accused Products, including, without limitation, product *specifications*, ... conceptual or *technical drawings*, *design requirements* documents, *design capture documents*, technical requirements documents, *product briefs*, *product plans*, product requirements, document trees, *assembly design documents*, *design review documents*, *system design documents*, fabricating drawings, *manufacturing documents*, and technical meeting minutes" (emphases added). Again, Plaintiffs' FAC alleges (at para. 211) that their trade secrets include "design captures, assembly design requirements," "product briefs, technical drawings," "product plans," "design review documents," "system designs," and "manufacturing techniques and procedures."  These few examples make abundantly clear that Plaintiffs' requests seek discovery "related to" their alleged trade secrets.

Fourth, when you asked about RFPs "solely related to the trade secrets," you did not cite any case holding that "solely related" is the appropriate standard.  It is not.  And when we asked how we should determine the scope of discovery without an adequate trade secret disclosure—given the broad categories alleged in the FAC—you suggested that we should simply ask what discovery is relevant to the patent claims.  Given that Plaintiffs have more than once—including on our meet and confer today—suggested that Apple is attempting to delay discovery and refused to provide a trade secret disclosure, we want to be clear that we cannot at this point identify requests that "solely" relate to the trade secrets, and we believe that your request that we do so is needlessly delaying the Court's ruling on the legal issue here, which is *not* whether the discovery is solely related to trade secrets.

Fifth, your suggestion that Apple refused to identify which claims are "factually dependent" on the trade secrets is not well taken.  As we explained to you, our letter of March 27, 2020 states six times that the test is whether the discovery ***relates*** to the alleged trade secrets.  You asked us about the *CBS* case, which cites *Advanced Modular*, in holding that 2019.210 applies to discovery that is aimed at claims that are dependent or factually dependent on the trade secret allegations.  Far from refusing to answer, we told you our answer was the same.  Based on the allegations in the FAC, the RFPs we identified seek information that relates to—and is dependent upon—the trade secret allegations.  Importantly, with respect to your demands that we identify the RFPs that are solely related to the trade secret allegations or factually dependent on the trade secret allegations, you confirmed that at least some of the patent causes of action are "factually dependent on the same misappropriation allegations." Specifically, we asked you to confirm that Plaintiffs are alleging the Apple Watch (Series 4 and 5 and later) incorporates Plaintiffs' trade secrets, and you responded affirmatively that Plaintiffs were alleging that those products incorporated "some secrets."  Given the FAC's broad allegation that the 4 and 5 series "includes technology that tracks technologies to solve some of the performance issues"—and your confirmation that Plaintiffs are alleging the Watch incorporates some (as yet unidentified) secrets—we are not sure why Plaintiffs are claiming to be confused about Apple's position.

Sixth, we are not sure why you asked us about Ninth Circuit cases addressing 2019.210.  Judge Early recently found that "the Ninth Circuit has not decided whether Section 2019.210 applies in federal court," and went on to hold that in that case, "the procedural requirements of Section 2019.210 are warranted and appropriate to assist in the orderly and expeditious

Exhibit 1
-5-

handling of discovery." *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. SACV1900220JVSJDEX, 2019 WL 4284523, at *2 (C.D. Cal. June 11, 2019).

Seventh, turning to the question of an interrogatory, as we have explained multiple times, Plaintiffs' demand that Apple serve an interrogatory is improper. To begin with, Plaintiffs have never agreed—and are not agreeing now—that Plaintiffs will not commence discovery relating to trade secrets until they provide an adequate description of their alleged secrets. That is critical because, as we explained on the call, there is nothing stopping Plaintiffs from cutting and pasting the vague description of the secrets in the FAC into an interrogatory response (served 30 days, if not more, after the interrogatory is propounded) and claiming that they have complied. This will not solve the lack of disclosure problem—it will just invite motion practice, which will further delay the process. Therefore, contrary to Plaintiffs' suggestion that an interrogatory would be faster here, a disclosure pursuant to Section 2019.210 will in fact be faster, as well as more efficient and fair to the parties.

Finally, as for timing, as explained above, Plaintiffs have now argued more than once that Apple is trying to delay discovery. To the contrary, we want to get to the bottom of the trade secret allegations and manage the scope of discovery as quickly as possible. That's why we asked for a disclosure so long ago. It is telling that you conceded that if you can respond to an interrogatory, you should be able to provide a description immediately. In fact, you should have been able to provide one as soon as you filed the original complaint. Regardless, we are not aware of any other information that you have asked us for on this topic, and we understood that you believe there is an unsurmountable issue as to whether Section 2019.210 applies here, even as a case management tool. Therefore, we believe the meet-and-confer process has culminated, and that the parties should move as quickly as possible to seek judicial intervention to resolve this issue. We are not sure why you would need two weeks in addition to the week provided for under the rules, particularly given that the parties have been conferring about these issues for weeks now. Nonetheless, in the interest of mutual courtesy, why don't Plaintiffs take one week in addition to the week provided under the rules, and we will take one additional week to respond to Plaintiffs' first set of RFPs? Please let us know if that works, and we will prepare a stipulation to that effect. If we don't receive your confirmation that you are willing to extend the deadline for the responses by 2 pm Pacific, we will serve Apple's portion of the Joint Stip. by EOD and proceed with the briefing schedule set by the Local Rules.

Thanks very much,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

Exhibit 1
-6-

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 6, 2020 7:38 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique, Josh, Brian, and Vlad,

Thank you for meeting with me today.  During the meeting, Apple maintained that all discovery as to any federal claim that merely "relates" to a California state-law misappropriation claim is barred until the plaintiff complies with California procedural law.  During the call, I asked which RFPs Apple asserts "relate" to the trade secret allegations.  You responded that nearly all of Masimo's RFPS—RFPs 5 to 25—"relate" to the trade secret allegations in some way and are thus barred until Masimo provides a 2019 statement under California law.  I attempted to determine whether Apple would at least acknowledge the RFPs seek discovery relevant to Plaintiffs' patent infringement claims.  When I specifically asked which, if any, RFPs Apple asserts "relate" solely to the trade secret claims (and not to the patent claims), you said the question was irrelevant, but that you would get back to me.

We also discussed Apple's case citation and assertion in its letter that discovery as to non-trade secret claims is barred if the claims are "factually dependent on the same misappropriation allegations."  I asked Apple to identify which claims are "factually dependent" on the misappropriation allegations.  Apple refused, arguing the question is irrelevant because all discovery "relating" in any way to a trade secret claim is barred.  We disagree and would like to understand the assertions in Apple's letter, including Apple's own assertions regarding the legal standard Apple identified.  Please indicate which causes of action are "factually dependent on the same misappropriation allegations."

Apple also indicated it is not aware of any cases from the Ninth Circuit holding that Section 2019.210 should be applied in Federal Court.  I again indicated Plaintiffs would be happy to answer an interrogatory asking them to identify their trade secrets.  Apple refused to serve such an interrogatory unless Plaintiffs agreed in advance to stay all discovery that Apple believes relates in any way to trade secrets (including patent-related discovery) until Apple agreed (or the Court held) that the interrogatory answer satisfies California state law.

Finally, Apple indicated it plans to serve its portion of the joint stipulation tomorrow, which would make Plaintiffs portion due on April 14.  Because the parties are still actively discussing this matter and agreed to get back to each other on various issues, we do not believe it is appropriate to push forward with a joint stipulation tomorrow.  If Apple does serve the joint stipulation tomorrow, however, we request a two week extension of time to respond after receiving Apple's portion.  We will, of course, agree to a reciprocal extension of time if Apple would like more time to prepare its

Exhibit 1
-7-

portion of the joint stipulation.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Thursday, April 2, 2020 9:42 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

Hi Adam,
Yes, Monday at 4 pm will work.  We will circulate a dial in.
Thanks.

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 2, 2020 7:17 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>
**Subject:** Re: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique,

I won't be able to meet tomorrow. Are you available on Monday at 4pm?

Thanks,

**Exhibit 1**
**-8-**

Adam

On Apr 2, 2020, at 5:26 PM, Kaounis, Angelique <AKaounis@gibsondunn.com> wrote:

Hi Adam,
Just following up on the below.  Will you be able to meet and confer with us tomorrow regarding Apple's proposed Protective Order motion?  If so, please let us know what time works.
Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, March 30, 2020 6:54 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Subject:** RE: Masimo et al. v. Apple: meet and confer

[External Email]
Angelique,

We are investigating the issues and cases raised in this letter and doubt we will be prepared to discuss the issues with you on Tuesday or Wednesday.  We will provide our availability for a meet and confer after we have had a chance to complete our review.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe** Martens

**Exhibit 1**
-9-

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, March 27, 2020 9:18 PM
**To:** Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Subject:** Masimo et al. v. Apple: meet and confer

Dear Counsel,
Please see attached.
Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 1
-10-

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 1**
**-11-**

# EXHIBIT 2

| From: | Samplin, Ilissa |
|---|---|
| To: | Adam.Powell |
| Cc: | Perry.Oldham; Stephen.Larson; Steve.Jensen; Joe.Re; Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Kaounis, Angelique |
| Subject: | RE: Masimo v. Apple - Section 2019.210 compliance |
| Date: | Monday, April 27, 2020 2:03:46 PM |

Adam,

We will speak to you at 4 pm.

Apple continues to try to move forward as expeditiously as possible regarding the alleged trade secrets. After Plaintiffs asked Judge Selna to rule on the issue, he ordered Plaintiffs to provide a Section 2019.210 disclosure. We have asked you multiple times when we can expect to receive Plaintiffs' Section 2019.210 disclosure, and you have refused to answer that basic question each time. We also have offered to designate the disclosure AEO for the time being to resolve your concerns about a protective order. To state the obvious, it is hard for us to know if the parties need a motion if you will not tell us when you'll provide the disclosure.

You do not have our permission to record today's call. While we do not understand the basis for the request, we can discuss it further today.

Thanks,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 27, 2020 12:32 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

[External Email]
Ilissa,

Your rhetoric is not helpful. Friday was only the second day into a ten-day response period,

Exhibit 2
-12-

presuming your letter complied with Local Rule 37-1.  However, your letter does not satisfy the requirements of Local Rule 37-1, which provides the letter must "specify the terms of the discovery order to be sought" and "provide any legal authority the moving party believes is dispositive of the dispute."  Your letter stated Apple intended to "raise Plaintiffs' continued failure to comply with Section 2019.210 promptly with Judge Early" but did not state any requested relief or authority for such requested relief.  Such information is necessary for us to prepare for the conference of counsel (and for Apple to comply with LR 37-1).

We also have now asked you three times whether Apple intends to move forward with the joint stipulation in its present form.  You refused to answer that question each time, despite knowing that we were expending resources on our portion of the joint stipulation.  Please answer that simple "yes" or "no" question in advance of our call today.  That information is also necessary for us to prepare for the conference of counsel.  In the event Apple does not file a motion for protective order addressing this issue but continues to refuse to provide patent discovery, Plaintiffs will file a motion to compel.

We also note that the parties have now disagreed over what happened during several teleconferences, including the Rule 26 conference and the April 6, 2020, conference concerning Apple's pending motion for protective order.  To avoid similar disputes, we request that the parties record such teleconferences moving forward.  Please confirm Apple agrees.  We will, of course, indicate the conference is being recorded during each call that we record.

Finally, 3pm this afternoon will not work for us anymore.  Please let us know if 4pm works for you.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Sunday, April 26, 2020 9:23 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Adam,

It seems we are speaking past each other, which could have been avoided if your team would have

Exhibit 2
-13-

gotten on the phone sooner.  In any event, we will speak to you at 3 pm tomorrow.  We can use the following dial-in:

Dial-in:  866-747-5969

Passcode:  2132297354#

Please be prepared to discuss on the call the date by which Plaintiffs will serve a Section 2019.210 compliant trade secret disclosure.  We told you that we would agree to treat the disclosure as AEO until a Protective Order is in place—therefore, there's absolutely no reason for Plaintiffs to keep dragging out their obligation to provide the trade secret disclosure Judge Selna ordered.  We need a date certain from Plaintiffs, and expect to receive that from you during tomorrow's call.

Regards,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Saturday, April 25, 2020 4:38 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Section 2019.210 compliance

[External Email]

Ilissa,

Our response **more quickly** than required by the Local Rules is certainly reasonable.  Regardless, your letter did not say you wanted to talk about the current joint stipulation.  We asked you twice whether Apple intends to move forward with the current joint stipulation.  You refused to answer both times even though you know we are expending resources working on our portion of the joint stipulation.  From your email, it now sounds like Apple does not plan to move forward with the joint stipulation in its present form.  If that is correct, please inform us immediately so that we can stop wasting resources on our response this weekend.  We are happy to discuss the timing of Apple's anticipated revisions and our portion or a new motion on Monday afternoon after 3pm.

Best regards,

Adam

Exhibit 2
-14-

On Apr 24, 2020, at 8:49 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:

Adam,

The status of the Motion for Protective Order is part of what we want to discuss on a call.  We would have gotten on the phone with you yesterday or today to discuss.  You didn't take us up on the offer.

We disagree with your assertion below – plaintiffs are clearly dragging this out because their failure to comply with Section 2019.210 has been an ongoing issue over which the parties have exchanged countless letters and briefing already.  To say you need to spend days considering our short letter before getting on the phone with us to hash out these issues seems disingenuous, and appears to be another attempt to push off for another week the issue of plaintiffs' noncompliance with Section 2019.210.

We, like you, want to get to the bottom of the parties' dispute here so that we can promptly get it before the Court.  A call is most efficient in this regard, and I trust that by Monday morning your team will have had sufficient time to prepare for that call.  Please propose a time.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, April 24, 2020 6:18 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

[External Email]

**Exhibit 2**
**-15-**

Ilissa,

We disagree with your assertion that we dragged anything out by not responding to a L.R. 37-1 letter in less than two days.  We are reviewing your letter and will respond in due course.  However, your letter appears to address the same issues as Apple's existing Motion for Protective Order.  If Apple intends to withdraw that motion in favor of filing a different Motion for Protective Order, please inform us immediately so that we can stop working on our portion of the Joint Stipulation.  If Apple intends to move forward with the existing Motion for Protective Order, we do not see why Apple is demanding a meet and confer on a second duplicative motion.

Best regards,
Adam

**Adam Powell**
Partner
**858-707-4245** Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, April 24, 2020 11:41 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Adam,

I have not heard back from you on our request for a meet and confer.  There's no reason to drag this out.  You raised the issue, and therefore should be able to hop on the phone to discuss it.  Please let us know if there is a time you can speak this afternoon or Monday morning.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

Exhibit 2
-16-

333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Wednesday, April 22, 2020 5:21 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Adam,

Please see the attached correspondence.

Regards,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, April 21, 2020 6:09 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

[External Email]
Ilissa,

We will provide a Section 2019.210 disclosure in due course, but will need a Protective
Order in place before doing so.  We are reviewing Apple's edits that it provided late

Exhibit 2
-17-

Thursday evening and will respond to Angelique as soon as we can.

Judge Selna's order also made clear that he was staying "trade secret discovery only," not discovery of other claims that might also "relate" to trade secret claims.  Since Apple acknowledged Plaintiffs' RFPs 1-25 all relate to the patent case, please confirm Apple will withdraw its Motion for Protective Order and substantively respond to those requests.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, April 20, 2020 5:27 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 compliance

Counsel:

Please confirm, by close of business tomorrow, the date on which we can expect to receive a Section 2019.210-compliant trade secret disclosure, per Judge Selna's April 17 Order.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 2**
**-18-**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is

**Exhibit 2**
**-19-**

strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 2
-20-