UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | July 14, 2020 |
| Title | Masimo Corporation et al v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Review of and Objections to Magistrate Judge's Order**

Defendant Apple Inc. ("Apple") moved to reverse Magistrate Judge Early's June 15, 2020 Order denying its motion for a protective order. Mot., Dkt. No. 57. Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (together, "Plaintiffs") opposed. Opp'n, Dkt. No. 64. Apple replied. Reply, Dkt. No. 71.

For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

Plaintiffs filed their Complaint against Apple on January 9, 2020. Dkt. No. 1. On March 25, 2020, Plaintiffs filed the operative First Amended Complaint ("FAC"), alleging patent infringement, trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA") Cal. Civ. Code §§ 3426 et seq., correction of inventorship, and declaratory relief. See generally, FAC, Dkt. No. 28.

On March 16, 2020, Plaintiffs served their First Set of Requests for Production ("RFPs"), which included 25 RFPs. Declaration of Stephen Larson ("Larson Decl."), Dkt. No. 65, Ex. 1.

On April 14, 2020, the parties filed a Joint Rule 26(f) Report. Dkt. No. 33.

On April 17, 2020, this Court issued a Scheduling Order "adopt[ing] the patent specific dates" provided by the parties in their Rule 26(f) Joint Report and "*stay[ing] the*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                                                Date   July 14, 2020

Title   **Masimo Corporation et al v. Apple Inc.**

*trade secret discovery only* pending compliance with [California Code of Civil Procedure Section] 2019.210." Dkt. No. 37 (emphasis added).

On April 30, 2020, Apple filed a motion for a protective order. Dkt. No. 43. Apple sought a protective order directing that it need not respond to RFP Nos. 5-25 until Plaintiffs "describe their trade secrets with reasonable particularity consistent with California Code of Civil Procedure Section 2019.210" ("Section 2019.210"). Dkt. No. 43-1 ("Jt. Stip.") at 1. A protective order is necessary, Apple argued, because RFP Nos. 5-25 seek information that is "identical to the information Plaintiffs allege as their trade secrets," and Section 2019.210 "unequivocally bars discovery relating to the alleged trade secrets until Plaintiffs describe their alleged secrets." Dkt. No. 46 at 1 (emphasis omitted). Without a protective order, Apple contended that Plaintiffs would be permitted "to parse through Apple's confidential information—and claim it as their own trade secrets—before Plaintiffs describe a single one of their trade secrets," thereby "erod[ing] the policies promoted by Section 2019.210." Id.

Plaintiffs argued that RFP Nos. 5-25 seek patent discovery, which is not stayed under the Scheduling Order. See Jt. Stip. at 4, 36; see also Jt. Stip. at 34. Plaintiffs also argued that California courts interpret Section 2019.210 as barring "discovery on other claims only if the claim 'hinges upon the factual allegations that [defendant] misappropriated [plaintiff's] trade secrets.'" Jt. Stip. at 30-31 (quoting Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 834 (2005)) (emphasis omitted). Therefore, Plaintiffs argued, Apple "cannot refuse to produce responsive documents by asserting some of the information may also be relevant to the trade secret claim." Jt. Stip. at 37 (emphasis omitted).

On June 15, 2020, Magistrate Judge Early denied Apple's motion for a protective order. Order, Dkt. No. 54. Now, Apple requests that this Court reverse Judge Early's Order. See generally, Mot. Apple further requests that the Court order Plaintiffs to promptly describe their purported trade secrets in compliance with Section 2019.210. See id.

**II. LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-48 JVS (JDEx)     Date July 14, 2020

Title    **Masimo Corporation et al v. Apple Inc.**

      A magistrate may issue non-dispositive rulings on pre-trial discovery matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2.1. On a motion to review, a district court may set aside or modify these rulings only when the rulings are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusions. See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 970–71 (C.D. Cal. 2010). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Id. at 971 (internal quotations and citations omitted). "By contrast, [t]he contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." Id. (internal quotations and citations omitted). Courts have interpreted this standard "to provide for de novo review by the district court on issues of law." Med. Imaging Centers of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Forouhar v. Asa, No. C 10–3623 SBA, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011) (internal quotation marks and citations omitted).

### III. DISCUSSION

      Section 2019.210 requires that "[i]n any action alleging the misappropriation of a trade secret under the [California] Uniform Trade Secrets Act . . . , before commencing discovery *relating* to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . ." Cal. Civ. Proc. Code § 2019.210 (emphasis added).

      In his Order, Magistrate Judge Early reasoned that this Court stayed discovery pertaining the Plaintiffs' trade secret claims, but did not stay discovery regarding Plaintiffs' patent claims. Order at 7-8. Judge Early found that RFP Nos. 5-25 did not seek information that was identical to the information Plaintiffs allege as their trade secrets; at most, four of the RFPs seek some of the same categories of information relevant to the trade secrets. Id. at 8. Accordingly, Judge Early concluded that Apple had not met its burden in seeking a protective order to stay RFP Nos. 5-25, and denied Apple's motion for a protective order. Id. at 9.

      Now, Apple contends that Judge Early's Order is inconsistent with the text and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                    Date  July 14, 2020

Title  **Masimo Corporation et al v. Apple Inc.**

purpose of Section 2019.210. Mot. at 6-13. According to Apple, the Order allows Plaintiffs "to take any discovery they wish relating to the alleged trade secrets without providing a Section 2019.210 statement merely by claiming that the discovery relates to another claim, like the patent infringement claims . . . ." Id. at 7. Apple claims that Judge Early should have read the Scheduling Order to state that the stay applies to trade secret-*related* discovery, so as to not conflict with Section 2019.210. Id. at 8. And, Apples compares the wording of the RFPs at issue with the wording of the categories of information Plaintiffs allege comprise their trade secrets in their FAC to argue that "Plaintiffs' alleged trades secrets relate to the very same subject matter as their asserted patents." Id. at 12.

The Court finds that Judge Early's Order was not contrary to law and correctly interpreted the Scheduling Order, which stayed only trade secret discovery pending Plaintiffs' compliance with Section 2019.210. It did not stay discovery related to Plaintiffs' patent claims. Apple asserted in the Rule 26(f) Report that "[a]ny discovery-related dates that [it] proposes . . . are subject to Plaintiffs providing an adequate identification of their alleged trade secrets in compliance with Section 2019.210 insofar as such an identification is a prerequisite to such discovery." Dkt. No. 33 at 26, n.6. The Court reviewed the Joint Report and rejected this argument that patent discovery was contingent on Plaintiffs' compliance with Section 2019.210. Plaintiffs' patent claims are separate from the trade secret claims. See, e.g., Space Data Corp. v. X, 2017 WL 3007078, *4 (N.D. Cal. July 14, 2017). And Judge Early's finding that at most, "only four" of the 21 RFPs at issue arguably seek "some of the same categories of information" relevant to Plaintiffs' trade secrets was well-supported by the content of the RFPs. Accordingly, the Court declines to reverse Judge Early's Order.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter and **vacates** the July 20, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                    Date  July 14, 2020

Title  **Masimo Corporation et al v. Apple Inc.**

                                                              :     0
                        Initials of Preparer    lmb