Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE INC.'S MOTION FOR PARTIAL RECONSIDERATION OF PROTECTIVE ORDER (DKT. NO. 67)**<br><br>Hearing Date:     August 6, 2020<br>Hearing Time:     10:00 a.m.<br>Courtroom:         6A<br>Judge:             John D. Early |

# TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION ................................................................1

II.  STATEMENT OF FACTS .................................................2

III.  ARGUMENT ...................................................................4

    A.  Apple Failed to Meet and Confer .................................5

    B.  Apple Fails to Satisfy the Requirements of Local
        Rule 7-18 ....................................................................5

        1.  Apple Presented No "Material Facts" to the Court ..........6

        2.  Apple Has Not Shown the Court Failed to
            Consider Any Facts ..............................................8

        3.  Apple Improperly Rehashes Its Prior Arguments ...........9

    C.  Apple Failed to Satisfy the Requirements of Fed. R. Civ.
        P. 60(b) ....................................................................10

    D.  Apple's Arguments Also Fail on the Merits ...........................11

        1.  Apple's In-House Counsel Should Not Be
            Provided Access to Plaintiffs' Section 2019.210
            Statement .........................................................11

        2.  Apple's Patent Acquisition Bar Lacks Merit .................14

IV.  CONCLUSION ...............................................................18

# TABLE OF AUTHORITIES

**Page No(s).**

*American GNC Corp. v. LG Electronics, Inc.*,
  No. 3:17-cv-01090-BASBLM, Dkt. 51 (S.D. Cal Oct. 23, 2017) .......... 14

*Audionics Sys., Inc. v. AAMP of Fla., Inc.*,
  2015 WL 11201243 (C.D. Cal. Nov. 4, 2015) ........................................ 6

*Aventis Pharms SA v. Amphstar Pharm., Inc.*,
  2005 WL 5957795 (C.D. Cal. Mar. 25, 2005) .................................... 7, 10

*Bladeroom Grp. Ltd., v. Facebook, Inc.*,
  No. 15-cv-01370 EJD (N.D. Cal.) ........................................................ 13

*Broemer v. Fed. Bureau of Investigation*,
  2009 WL 10672574 (C.D. Cal. Aug. 31, 2009) ...................................... 9

*Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
  No. 3:12-cv-05791, Dkt. 42 (N.D. Cal. July 24, 2013) ......................... 16

*Chagby v. Target Corp.*,
  2009 WL 398972 (C.D. Cal. 2009) ......................................................... 7

*CytoSport, Inc. v. Vital Pharm., Inc.*,
  2010 WL 1904840 (E.D. Cal. May 10, 2010) ....................................... 12

*Data Engine Technologies LLC v. Google Inc.*,
  No. 1-14-cv-01115, Dkt. 33 (D. Del. April 8, 2015) ............................ 15

*E-Contact Techs., LLC v. Apple, Inc.*,
  2012 WL 11924448 (E.D. Tex. June 19, 2012) .................................... 16

*Ellis v. Pennsylvania Higher Education Assistance Agency*,
  2008 WL 4351746 (C.D. Cal. Sept. 23, 2008) ....................................... 9

*Garnet Digital, LLC v. Apple, Inc.*,
  No. 6:11-cv-00647-LED, Dkt. 374 (E.D. Tex. Sept. 20, 2012) .............. 15

*Haitayan v. 7-Eleven, Inc.*,
  2020 WL 3213816 (C.D. Cal. May 18, 2020) ......................................... 7

*Henderson v. J.M. Smucker Co.*,
  2013 WL 12113446 (C.D. Cal. Nov. 20, 2013) .............................. 7, 8, 10

*InfoSpan, Inc. v. Emirates NBD Bank*,
  2015 WL 13404114 (C.D. Cal. Aug. 10, 2015) ..................................... 10

*Intel Corp. v. VIA Techs., Inc.*,
  198 F.R.D. 525 (N.D. Cal. 2000) ......................................................... 12

# TABLE OF AUTHORITIES
### (*Cont'd*)

**Page No(s).**

*Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*,
  2019 WL 343242 (D. Mass. Jan. 25, 2019) ................................ 16

*Jasmin v. Santa Monica Police Dep't*,
  2019 WL 3064486 (C.D. Cal. May 9, 2019) ................................ 8

*Jenam Tech, LLC v. Samsung Elecs. Am., Inc.*,
  2020 WL 757097 (E.D. Tex. Feb. 4, 2020) ................................ 14

*Karamelion LLC v. ADT LLC*,
  No. 2-18-cv-00330-JRG, Dkt. 36 (E.D. Tex. Jan. 24, 2019) ................ 15

*Ketab Corp. v. Mesriani Law Group*,
  2015 WL 2084469 (C.D. Cal. May 5, 2015) ................................ 5

*Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*,
  2011 WL 940335 (C.D. Cal. Mar. 14, 2011) ................................ 10

*Mastronardi Int'l Ltd. v. SunSelect Produce, Inc.*,
  2019 WL 3996608 (E.D. Cal. Aug. 23, 2019) ................................ 13

*MMCA Grp., Ltd. v. Hewlett-Packard Co.*,
  2009 WL 595537 (N.D. Cal. Mar. 5, 2009) ................................ 14

*Mullicane v. Glendora Police Dep't*,
  2018 WL 6264982 (C.D. Cal. Apr. 26, 2018) ..................... 4, 5, 10, 11

*Nazomi Commc'ns, Inc. v. Arm Holdings PCL*,
  2002 WL 32831822 (N.D. Cal. Oct. 11, 2002) ................................ 15

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
  318 F. Supp. 2d 968 (C.D. Cal. 2004) ................................ 7

*PLL Techs. Inc. v. Altera Corp.*,
  No. 1:14-cv-00942, Dkt. 36 (D. Del. Apr. 8, 2015) ................................ 15

*Realtime Adaptive Streaming LLC v. Google LLC*,
  No. 2:18-CV-03629, Dkt. 48 (C.D. Cal. July 18, 2019) ................................ 16

*Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility, LLC*,
  2015 WL 12860290 (S.D. Fla. Feb. 25, 2015) ................................ 14

*Tanasescu v. Kremer*,
  2018 WL 3657450 (C.D. Cal. Apr. 23, 2018) ................................ 10, 11

# TABLE OF AUTHORITIES
## (*Cont'd*)

**Page No(s).**

*Telebuyer, LLC v. Amazon.com, Inc.*,
  No. 2:13-cv-1677, Dkt. 92 (W.D. Wash. Jan. 30, 2014)...........................16

*Twentieth Century-Fox Film Corp. v. Dunnahoo*,
  637 F.2d 1338 (9th Cir. 1981) .....................................................................4

*Uniloc USA, Inc. v. Apple, Inc.*,
  No. 18-cv-00572, Dkt. 81 (N.D. Cal. May 24, 2018) ..............................16

*Union Pac. R.R. Co. v. Coast Packing Co.*,
  236 F. Supp. 2d 1130 (C.D. Cal. 2002)...................................................6, 10

*Unwired Planet LLC v. Apple Inc.*,
  2013 WL 1501489 (D. Nev. Apr. 11, 2013) .............................................15

*Walker v. Life Ins. Co. Of the Sw.*,
  2018 WL 5892163 (C.D. Cal. Oct. 22, 2018) ..........................................5, 6

*Watanabe v. Home Depot USA, Inc.*,
  2003 WL 24272634 (C.D. Cal. Aug. 26, 2003) .........................................10

*Waymo LLC v. Uber Techs., Inc.*,
  No. 17-cv-00939 WHA (N.D. Cal.) ...........................................................13

## OTHER AUTHORITIES

Fed. R. Civ. P. 60............................................................................4, 5, 10, 11

L.R. 7-19 ...............................................................................................................5

L.R. 7-3 .................................................................................................................5

L.R. 7-18 ....................................................................................................*passim*

# I.  <u>INTRODUCTION</u>

Apple's Motion for Reconsideration (the "Motion") does not come close to meeting the requirements for reconsideration.  While several grounds can support reconsideration, Apple argues only that it has made "a ***manifest showing*** of a failure to consider ***material facts*** presented to the Court before such decision."  L.R. 7-18(c).[1]  But Apple cannot show the Court failed to consider material facts because Apple relied exclusively on attorney argument and ***presented no material facts***.  Moreover, even if Apple's attorney argument constituted "material facts," Apple has not shown the Court failed to consider anything.  Instead of making such a showing, Apple ***assumes*** the Court must have failed to consider its arguments merely because the Court did not issue a detailed decision explaining why it rejected Apple's proposals.  But the Court specifically stated it considered Apple's briefing and attorney declaration before ruling on more than twenty disputes presented by the parties.  The Court adopted Plaintiffs' proposal on some disputes, Apple's proposal on other issues, and crafted its own compromises on the remaining issues.  Nothing supports Apple's assertion that the Court failed to consider material facts.

Apple's arguments also fail on the merits.  First, Apple argues the Court should provide Apple's in-house counsel access to Plaintiffs' Section 2019.210 statement.  But Apple fails to cite a single case that supports its position.  To the contrary, courts routinely bar a party's in-house counsel from accessing an opponent's trade secrets if the party is represented by outside counsel.  Indeed, Apple's brief on the underlying motion argued: "The availability of competent outside counsel is typically sufficient to defeat any claim that exclusion of in-house counsel would unduly prejudice the nonmoving party."  Dkt. 61-1 at 46.  Apple presented no evidence to justify departing from that rule in this case.

---

[1] All emphasis is added unless noted otherwise.

Second, Apple argues the Court should impose a patent acquisition bar preventing anyone who views highly confidential material from being involved in Plaintiffs' acquisition or licensing of patents from third parties.  Contrary to Apple's assertion, courts routinely ***deny*** acquisition bars.  The courts that impose acquisition bars typically do so when one party is a patent acquisition and assertion entity because the risk of inadvertent use and disclosure is higher in such circumstances.  Here, Plaintiffs are not patent acquisition and assertion entities.  Plaintiffs develop, make, and sell products.  They acquire and license patents for a variety of purposes that have nothing to do with asserting the patents against others.  The Court should deny Apple's Motion.

## II.  <u>STATEMENT OF FACTS</u>

Plaintiffs understand that the Court expects customized protective orders to be based on the Court's Model Protective Order (the "Model Order").  Thus, Plaintiffs offered to prepare a draft protective order based on the Model Order.  Dkt. 61-2 ¶ 6.  Apple refused and insisted on preparing the initial draft.  *Id.*  Plaintiffs agreed, but only on the condition that Apple would base its draft on the Model Order.  *Id.*  Unfortunately, Apple provided a draft several weeks later that bore no relationship to the Model Order.  See *id.*, Ex. 5 at 11-41.  Plaintiffs again asked Apple to conform its draft to the Model Order, but Apple refused.  *Id.*, Ex. 6 at 2.  Thus, Plaintiffs prepared a draft based on the Model Order.  *Id.*, Ex. 6 at 1, 15-37.  The parties then engaged in numerous meet-and-confers and exchanged numerous drafts to narrow their disputes.  *Id.* ¶¶ 9-10 and Exs. 7-8.

When the parties were unable to reach a resolution, Plaintiffs filed a contested motion for protective order.  Dkt. 61.  Plaintiffs' proposal tracked the Court's Model Order as closely as possible.  For issues not addressed by the Model Order, Plaintiffs proposed using the language this Court recently adopted in *Masimo v. True Wearables*, No. 8:18-cv-02001-JVS-JDE ("*True Wearables*"), which Apple asserts involves "nearly identical" allegations.  *See*

Dkt. 14 (Apple's Notice of Related Cases) at 3.  Instead of using the Model Order, or the *True Wearables* Order, Apple relied primarily on provisions from something it called "Apple's standard protective order."

Regrettably, the parties briefed over twenty different disputes to this Court.  Dkt. 61-1.  Among the disputes were Apple's insistence that (1) merely ***designating*** information "Highly Confidential" was sufficient to grant a motion to seal, (2) one of Plaintiffs' most experienced and important outside counsel could not view "Highly Confidential" material, and (3) Apple's counsel need not abide by their ethical duties if Plaintiffs inadvertently left behind work product.  *See id.* at 7-11, 29-47, 69-70, 77.

On June 30, 2020, this Court issued the Protective Order in this case.  *See* Dkt. 67.  The Court expressly stated that it had considered the Joint Stipulation containing both parties' arguments (Dkt. 61-1), the parties' supporting declarations (Dkt. 61-2 to 61-5), each party's proposed Protective Order (Dkt. 61-2, Ex. 2; Dkt. 61-5, Ex. A), and a recent order from Judge Selna (Dkt. 59).  Dkt. 67 at 1.  The Court adopted Plaintiffs' proposal on some provisions, Apple's proposal on other provisions, and its own language on the remaining provisions.  For example, the Court crafted its own reasonable compromises for the definition of source code, export requirements, access to confidential information during depositions, and various source code provisions.  *See* Dkt. 67 ¶¶ 4.5, 9.1, 9.2(j), 11(h), 11(i), and 11(j).

On July 8, 2020, Apple moved for reconsideration.  Dkt. 72.  Apple argues: (1) its in-house counsel should have access to Plaintiffs' Section 2019.210 statement and (2) Plaintiffs counsel who view highly confidential material should be barred from participating in Plaintiffs' acquisition or licensing of patents from third parties.  Dkt. 72-1 at 1.  Apple does not claim that there has been a "material difference in fact or law" or the "emergence of new material facts or a change of law."  *Id.* at 3-4.  Instead, Apple claims to

have made "a manifest showing of a failure to consider material facts presented to the Court before such decision." *Id.* at 4.   Apple argues it has met that standard because "in the absence of any order or explanation suggesting otherwise, it appears that the Court manifestly failed to consider material facts presented by Apple before entering the Protective Order." *Id.* at 1.   Apple's argument lacks merit for many reasons.[2]

### III.  <u>ARGUMENT</u>

To succeed on a motion for reconsideration, Apple must satisfy both the requirements of Local Rule 7-18 and Fed. R. Civ. P. 60(b). *Mullicane v. Glendora Police Dep't*, 2018 WL 6264982, at *2 (C.D. Cal. Apr. 26, 2018) (Early, J.).   Local Rule 7-18 provides that a motion for reconsideration may be made "only" on one of three grounds: (a) a "material difference in fact or law" that could not have been known to the moving party, (b) the "emergence of new material facts or a change of law," or (c) "a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

Relief under Rule 60(b) "is available ***only*** under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).   A court may grant relief for one of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, (3) fraud, misrepresentation, or misconduct of the opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released, or

---

[2] Apple previously filed an argumentative Notice with its prior Motion for Protective Order. Dkt. 43. This Court admonished Apple "to avoid excessively argumentative notices of motion." Dkt. 54. Despite that admonishment, Apple filed an argumentative Notice with every motion it has filed since then, including this Motion. *See* Dkt. 57, 72, 73.

discharged, or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  "Subparagraph (6) requires a showing that the grounds justifying relief are *extraordinary*; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief."  *Mullicane*, 2018 WL 6264982 at *1-2 (citing *Twentieth Century-Fox*, 637 F.2d at 1341).

**A.    Apple Failed to Meet and Confer**

As a preliminary matter, Apple's Motion should be denied because Apple failed to meet and confer as required by Local Rule 7-3.  Apple has previously emphasized—in this case—the importance of a meet and confer.  Apple argued Plaintiffs *ex parte* application to enforce the scheduling order "should be denied" because Plaintiffs supposedly failed to meet and confer.  Dkt. 56 at 6.  Unlike Apple, however, Plaintiffs *did* conduct a meet-and-confer even though it was not required for *ex parte* applications.  Dkt. 55-2 (declaration describing meet-and-confer); L.R. 7-19 (requiring only notice for an *ex parte* application).  Here, Apple did not even *attempt* to meet and confer.  Thus, pursuant to Apple's own argument, Apple's motion "should be denied as a result."  *See* Dkt. 56 at 6.

**B.    Apple Fails to Satisfy the Requirements of Local Rule 7-18**

Apple's Motion should also be denied for failing to satisfy Local Rule 7-18.  Apple argues only that its Motion is proper under the third prong, which requires "a *manifest showing* of a failure to consider *material facts* presented to the Court before such decision."  Dkt. 72-1 at 4.  As Judge Selna explained, "[r]econsideration for manifest failure is an *extraordinary remedy*, to be used sparingly in the interests of finality and conservation of judicial resources."  *Walker v. Life Ins. Co. Of the Sw.*, 2018 WL 5892163, at *3 n.2 (C.D. Cal. Oct. 22, 2018) (Selna, J.) (internal quotation omitted).  Merely asserting the Court's decision was "simply wrong" is "not a permissible ground for reconsideration under Local Rule 7-18."  *Ketab Corp. v. Mesriani Law Group*, 2015 WL 2084469, at *3 (C.D. Cal. May 5, 2015).  Rather, Apple must make a "manifest

showing" that the Court failed to consider **material facts**.  *See Audionics Sys., Inc. v. AAMP of Fla., Inc.*, 2015 WL 11201243, at *13 (C.D. Cal. Nov. 4, 2015). Apple's Motion fails to make such a showing for three independent reasons.

### 1.    Apple Presented No "Material Facts" to the Court

Apple has not shown, as it must, that the Court failed to consider any "material facts."   Rather than identify material facts that this Court failed to consider, Apple relies exclusively on **attorney argument**.   For example, Apple **argues** it will be prejudiced if its in-house counsel are unable to review Plaintiffs' Section 2019.210 statement.   Dkt. 72-1 at 5-7.   Similarly, Apple **argues** a patent acquisition bar is necessary to protect Apple's confidential information.   *Id.* at 7-10.   But Apple presented no **evidence** on either point in support of the original motion or this Motion for Reconsideration.   Having failed to even present any material facts, Apple cannot show the Court failed to consider material facts.[3]

Even if Apple had identified a specific **fact** that it asserts the Court failed to consider, Apple fails to establish that such a fact was "material."   In *Walker*, 2018 WL 5892163 at *3, the Court acknowledged a specific factual error in its order, but denied reconsideration because the error was "not material" to its order.   In *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1138 (C.D. Cal. 2002), the Court similarly identified a specific factual error in its order but denied reconsideration because the Court had not relied on that fact.   Having not identified any specific facts that the Court failed to consider, Apple cannot establish such facts were material.

---

[3] Apple's lack of evidence stands in stark contrast to the substantial evidence Plaintiffs submitted to rebut Apple's attempt to preclude one of Plaintiffs' outside counsel from viewing Highly Confidential material.  *See* Dkt. 61-3 (declaration from outside counsel); 61-4 (declaration from Plaintiffs' CEO).

Rather than focusing on an overlooked "material fact," Apple primarily takes issue with the Court's ***legal analysis***.  For example, Apple argues the Court's decision was wrong because other courts allow in-house counsel access to their opponent's trade secrets.  Dkt. 72-1 at 4-5.  Apple similarly argues other courts impose acquisition bars.  Dkt. 72-1 at 7-10.  Even if Apple's arguments had merit, which they do not, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent."  *See Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

Indeed, courts in this District routinely deny motions for reconsideration that argue the Court applied the incorrect legal standard.  *See, e.g.*, *Haitayan v. 7-Eleven, Inc.*, 2020 WL 3213816, at *2 (C.D. Cal. May 18, 2020) ("Reconsideration is not a second bite at the apple.  A party's mere disagreement with the court's application of law to facts is not a manifest showing of a failure to consider material facts by the court."); *Chagby v. Target Corp.*, 2009 WL 398972, at *1 (C.D. Cal. 2009) ("Plaintiff's arguments in the Motion are legal ones and Plaintiff's argument that we failed to consider material facts is misplaced."); *Aventis Pharms SA v. Amphstar Pharm., Inc.*, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) ("[W]hile [defendant] may disagree with the court's application of the facts to the law, there is not a 'manifest showing of a failure to consider material facts' by the court.").

Apple also attempts to reframe its legal arguments as issues of material fact.  For example, Apple argues that ***other courts*** in ***other cases*** determined that "[t]he risks of inadvertent disclosure and competitive misuse are the same with respect to both prosecution and acquisition."  Dkt. 72-1 at 9.  Apple then argues "[t]he material fact that the risk is the same for patent prosecution and patent acquisition appears to have been overlooked by the Court . . .."  *Id.* at 10.  That is also insufficient to grant reconsideration.  *See Henderson v. J.M.*

*Smucker Co.*, 2013 WL 12113446, at *3 (C.D. Cal. Nov. 20, 2013) (rejecting the argument that the Court "failed to consider material factual distinctions between this case and the type of cases that have properly awarded fees"). As in *Henderson*, Apple "does not set forth one material fact that [the Court] failed to consider." *See id.* Apple's "attempt to surreptitiously reframe these legal arguments as a failure to consider material facts does not transform them into a proper basis for reconsideration." *See id.*

### 2. Apple Has Not Shown the Court Failed to Consider Any Facts

Even if Apple's attorney argument and case citations could be considered "facts," Apple has not shown the Court failed to consider them. Rather than make such a showing, Apple simply ***assumes*** the Court failed to consider Apple's arguments because the Court did not issue a detailed order explaining its rationale. Dkt. 72-1 at 1 ("Apple submits that in the absence of any order or explanation suggesting otherwise, it appears that the Court manifestly failed to consider material facts presented by Apple before entering the Protective Order.") Not surprisingly, Apple cites no authority to support that assumption.

This Court has rejected a similar argument that the Court "ignored" certain filings because the underlying order specifically stated it had considered those filings. *See Jasmin v. Santa Monica Police Dep't*, 2019 WL 3064486, at *4 (C.D. Cal. May 9, 2019) (Early, J.). Here, the Order specifically stated it considered the Joint Stipulation containing Apple's arguments (Dkt. 61-1), Apple's supporting attorney declaration (Dkt. 61-5), and Apple's proposed Protective Order (Dkt. 61-5, Ex. A). *See* Dkt. 67 at 1. Apple cannot show the Court failed to consider its arguments, much less "material facts."

The Order itself also shows this Court carefully considered each of the parties' many disputes. The Court adopted Plaintiffs' proposal on some provisions, Apple's proposal on other provisions, and its own language on the remaining provisions. For example, the Court crafted its own reasonable

compromises for the definition of source code, export requirements, access to confidential information during depositions, and various source code provisions. *See* Dkt. 67 ¶¶ 4.5, 9.1, 9.2(j), 11(h), 11(i), and 11(j).  Nothing supports Apple's assertion that the Court failed to consider Apple's arguments.

Thus, Apple's Motion is improper because it merely reminds the Court of material it already considered.  *See Broemer v. Fed. Bureau of Investigation*, 2009 WL 10672574, at *3 (C.D. Cal. Aug. 31, 2009) (finding "no manifest showing that the court failed to consider material facts presented to it" because "[t]he court considered the evidence plaintiff cites in issuing its July 30, 2009 order"); *Ellis v. Pennsylvania Higher Education Assistance Agency*, 2008 WL 4351746, at *5 (C.D. Cal. Sept. 23, 2008) (defendant did not make a manifest showing of failure to consider material facts where it merely "remind[ed] the Court of the evidence before it on the Motion for Summary Judgment").

### 3. Apple Improperly Rehashes Its Prior Arguments

Apple's Motion should also be denied because it merely rehashes prior arguments.  *See* Local Rule 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.")  Apple even admits to rehashing prior arguments.  *See* Dkt. 72-1 at 2 (discussing arguments "previously articulated by Apple"), 5 ("As Apple previously explained").  Indeed, many of Apple's arguments are cut-and-paste from prior briefing.  For example, Apple relies on the ***identical*** assertions and the ***identical*** cases to support its argument on providing Plaintiffs' trade secrets to Apple's in-house counsel.  *Compare* Dkt. 61-1 at 48:13-49:7 *with* Dkt. 72-1 at 5:6-24.  Apple similarly relies on the ***identical*** assertions and ***identical*** cases to support its request for an acquisition bar.  *Compare* Dkt. 61-1 at 60:17-62:10 *with* Dkt. 72-1 at 8:24-9:27, Dkt. 61-1 at 62:13-21 *with* Dkt. 72-1 at 8:9-16, Dkt. 61-1 at 60-61 n.12 *with* Dkt. 72-1 at 10:2-16.

/ / /

Courts routinely reject similar motions for reconsideration where a party makes the same arguments it made in the underlying motion.  *See Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*, 2011 WL 940335, at *3 (C.D. Cal. Mar. 14, 2011) (denying reconsideration where plaintiff "recites the arguments that [it] made in response to Defendant's Motion to Dismiss"); *Watanabe v. Home Depot USA, Inc.*, 2003 WL 24272634, at *2 (C.D. Cal. Aug. 26, 2003) ("In the present matter, Defendant improperly argues the exact same points it raised in its previously filed Motion for Summary Judgment"); *Aventis Pharms S A*, 2005 WL 5957795, at *2 (comparing quoted portions of the original motion to the motion for reconsideration, and determining the defendant "does exactly what Local Rule 7-18 prohibits[,] repeating arguments made in its original opposition"); *Henderson*, 2013 WL 12113446, at *3 (C.D. Cal. Nov. 20, 2013) (finding arguments "improper because they were previously raised").

Even if some of Apple's arguments were new, Apple cannot satisfy Local Rule 7-18 by directing the Court to "additional . . . argument[s] which [it] clearly could have made earlier, but did not."  *Union Pac. R.R. Co.*, 236 F. Supp. 2d at 1137-38; *InfoSpan, Inc. v. Emirates NBD Bank*, 2015 WL 13404114, at *3 (C.D. Cal. Aug. 10, 2015).

Accordingly, Apple's Motion should be denied because Apple has not come close to making a "manifest showing of a failure to consider material facts presented to the Court before such decision."  *See* Local Rule 7-18.

**C.**     **Apple Failed to Satisfy the Requirements of Fed. R. Civ. P. 60(b)**

Even if Apple satisfied Rule 7-18, Apple's Motion should also be denied for failure to meet the requirements of Fed. R. Civ. P. 60(b).  *See Mullicane*, 2018 WL 6264982 at *2 ("In addition, even if the Court were to excuse the failure to comply with Local Rule 7-18, Plaintiff has not shown that any of the grounds for relief set forth in Rule 60(b) apply."); *Tanasescu v. Kremer*, 2018 / / /

WL 3657450, at *2 (C.D. Cal. Apr. 23, 2018) (Early, J.) (same).  Apple does not even ***mention*** Rule 60(b), much less show that it satisfied those requirements.

Apple does not attempt to satisfy the specific requirements of subparagraphs (1)-(5) of Rule 60(b).  Thus, Apple must rely on the catchall subparagraph (6): "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  But "[s]ubparagraph (6) requires a showing that the grounds justifying relief are ***extraordinary***; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief."  *Mullicane*, 2018 WL 6264982 at *2 (citing *Twentieth Century-Fox*, 637 F.2d at 1341).  As this Court explained, a motion does not satisfy Rule 60(b) if it contains "arguments that were made by [the movant] and rejected, arguments that could have been prior to the Order made but were not, and various expressions of dissatisfaction with the Order and its factual and legal underpinnings."  *Tanasescu*, 2018 WL 3657450, at *2.  Yet that is exactly what Apple does here.  Apple raising the same arguments and citing the same cases does not approach a showing of "extraordinary" circumstances justifying relief under Rule 60(b).

**D.** **Apple's Arguments Also Fail on the Merits**

Even if Apple's Motion were procedurally proper, it should be denied because both of Apple's requested provisions are improper.  First, Apple fails to show its in-house counsel should have access to Plaintiffs' Section 2019.210 statement describing Plaintiffs' trade secrets.  Second, Apple fails to show that the protective order should bar anyone who receives highly confidential information from being involved in patent acquisition and licensing.

**1.** **Apple's In-House Counsel Should Not Be Provided Access to Plaintiffs' Section 2019.210 Statement**

Apple previously argued that the Section 2019.210 statement in this particular case requires a "more exacting level of particularity" than standard trade secret cases.  Dkt. 61-2, Ex. 25 at 21 n.1.  Despite advocating for such a

high standard, Apple insists that three of its ***in-house*** lawyers should have access to the highly confidential trade secrets set forth in Plaintiffs' Section 2019.210 disclosure.  Dkt. 72-1 at 4.  Apple has not shown its proposal is appropriate here, much less met its high burden on reconsideration.

Contrary to Apple's assertion, courts routinely prevent in-house counsel from viewing highly confidential materials because "[r]equiring a party to rely on its competent outside counsel does not create an 'undue and unnecessary burden.'"  *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000) (rejecting Intel's request to allow its in-house counsel access to highly confidential material because Intel was represented by competent outside counsel); *see also CytoSport, Inc. v. Vital Pharm., Inc.*, 2010 WL 1904840, at *2 (E.D. Cal. May 10, 2010) (rejecting request for outside counsel to view confidential material because forcing defendant to "rely on competent outside counsel does not create an 'undue and unnecessary burden,' sufficient to demonstrate actual prejudice").  "[I]t is not enough that the Protective Order merely increases the difficulty of managing the litigation; rather, [the movant] must show it 'actually prejudice[s] [its] presentation of [its] case.'"  *CytoSport*, 2010 WL 1904840, at *2.

Here, Apple is represented by Gibson Dunn, which claims it has 20 offices, 1400+ lawyers, and "129 years of excellence."  *See* https://www.gibsondunn.com (accessed July 15, 2020).  Apple argues Gibson Dunn is inadequate to represent Apple's interests without in-house counsel also having access to Plaintiffs' trade secrets.  Dkt. 72-1 at 6.  But in its brief on the underlying motion, Apple took the exact ***opposite position*** when trying to preclude even Plaintiffs' ***outside*** counsel (Stephen Jensen) from viewing highly confidential material.  Dkt. 61-1 at 46.  In particular, Apple argued: "The availability of competent outside counsel is typically sufficient to defeat any

/ / /

claim that exclusion of in-house counsel would unduly prejudice the nonmoving party." *Id.*

Moreover, unlike Plaintiffs' factual showing with respect to Jensen, Apple provided ***no evidence*** to support its request. Apple argues "the in-house counsel for whom Apple will seek access are not involved in competitive decision-making." Dkt. 72-1 at 7. But Apple does not even ***name*** its in-house counsel, much less provide ***factual evidence*** to support that argument. Apple also argues "Apple's in-house counsel plays a key role in organizing document discovery in this case" and "needs to know the identity of the purported trade secrets so that it can manage the search for documents." *Id.* at 6. As support, Apple cites only its ***attorney argument*** on the original motion. *Id.* (citing Dkt. 61-1 at 48). Apple similarly argues its in-house counsel needs access to Plaintiffs trade secrets to "mitigate damages," but again cites only attorney argument on the underlying motion. *Id.* (citing Dkt. 61-1 at 48). Having failed to present any factual evidence, Apple cannot complain that the Court did not consider "material facts."

Rather than submit evidence, Apple argues four other courts allowed in-house counsel access to attorneys-eyes-only information. Dkt. 72-1 at 5. But Apple mischaracterizes every decision it cites. For example, contrary to Apple's assertion, *Mastronardi Int'l Ltd. v. SunSelect Produce, Inc.*, 2019 WL 3996608, at *9 (E.D. Cal. Aug. 23, 2019), said nothing about protective orders or allowing in-house counsel access to attorneys-eyes-only information. Apple's reliance on documents from the dockets in *Waymo LLC v. Uber Techs., Inc.,* No. 17-cv-00939 WHA (N.D. Cal.) and *Bladeroom Grp. Ltd., v. Facebook, Inc.*, No. 15-cv-01370 EJD (N.D. Cal.) is also misplaced. Apple does not attach either document, likely because both documents show the parties ***stipulated*** to in-house counsel viewing highly confidential information. *See* Powell Decl., Ex. 1 at 3 & Ex. 2 at 10.

Finally, Apple cites *MMCA Grp., Ltd. v. Hewlett-Packard Co.*, 2009 WL 595537, at *1 (N.D. Cal. Mar. 5, 2009), but that case also does not support Apple's position.  While the court permitted in-house counsel from Hewlett-Packard to access AEO material, it ***denied*** the other defendant's request in part because "[i]t is undisputed that PICA, unlike HP, is a direct competitor of MMCA."  *Id.* at *2.  Here, Apple asserted a variety of restrictive provisions are necessary because the parties are competitors.  *See, e.g.*, Dkt. 61-1 at 44.  Thus, under *MMCA*, Apple's in-house counsel should not be permitted to access Plaintiffs' trade secrets.

Accordingly, Apple has not shown its requested provision is justified, much less made a "manifest showing of a failure to consider material facts presented to the Court before such decision."  *See* Local Rule 7-18.

### 2.     Apple's Patent Acquisition Bar Lacks Merit

Apple also argues that the Protective Order should contain a patent acquisition bar "to prohibit any of Plaintiffs' counsel who actually review Apple's sensitive, technical material from participating in patent acquisitions relating to that material's subject matter until two years after the case ends."  Dkt. 72-1 at 7.  Apple's argument lacks merit for many reasons.

Apple incorrectly asserts acquisition bars are "routinely granted by courts throughout the country in situations like this one."  Dkt. 72-1 at 10.  To the contrary, courts routinely ***deny*** acquisition bars.  *See, e.g., Jenam Tech, LLC v. Samsung Elecs. Am., Inc.*, 2020 WL 757097, at *1 (E.D. Tex. Feb. 4, 2020) (denying acquisition bar because "Defendants have not met their burden, particularly considering the broad restriction the proposed Acquisition Bar would impose upon Plaintiff's counsel and Defendants failure to demonstrate the potential harm of not including the Bar"); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility, LLC*, 2015 WL 12860290, at *1 (S.D. Fla. Feb. 25, 2015) (denying acquisition bar); *American GNC Corp. v. LG*

*Electronics, Inc.*, No. 3:17-cv-01090-BASBLM, Dkt. 51, at 7-8 (S.D. Cal Oct. 23, 2017) (Powell Decl., Ex. 3) (same); *Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-cv-00647-LED, Dkt. 374, at 1 (E.D. Tex. Sept. 20, 2012) (Powell Decl., Ex. 4) (same); *Data Engine Technologies LLC v. Google Inc.*, No. 1-14-cv-01115, Dkt. 33, at 11 (D. Del. April 8, 2015) (Powell Decl., Ex. 5) (same); *Karamelion LLC v. ADT LLC*, No. 2-18-cv-00330-JRG, Dkt. 36, at 6-7 (E.D. Tex. Jan. 24, 2019) (Powell Decl., Ex. 6) (same).

Patent acquisition or licensing bars are usually unnecessary because protective orders provide that confidential information shall be used solely for purposes of the litigation. *PLL Techs. Inc. v. Altera Corp.*, No. 1:14-cv-00942, Dkt. 36, at 7 (D. Del. Apr. 8, 2015) (Powell Decl., Ex. 7) ("Defendants' proposed [acquisition] bar is unnecessary in light of Plaintiff's agreement in the protective order not to 'use' Defendants' protected information for 'any other purpose' besides this litigation."); *Nazomi Commc'ns, Inc. v. Arm Holdings PCL*, 2002 WL 32831822, at *11 (N.D. Cal. Oct. 11, 2002) (denying a licensing bar because "the general rule is that attorneys operating under a protective order will properly handle confidential information"). Such is the case here, where the Protective Order already provides that protected material "shall be used solely for this case or any related appellate proceedings, and not for any other purpose whatsoever . . .." Dkt. 67 ¶ 5.1.

Apple argues an acquisition bar is necessary due to the risk of inadvertent use and disclosure of confidential information. Dkt. 72-1 at 9. Apple asserts "[t]he risks of inadvertent disclosure and competitive misuse are the same with respect to both prosecution and acquisition." *Id.* As support, however, Apple cites cases where it argued an acquisition bar was necessary because the case involved ***non-practicing entities*** that acquire and assert patents as a business model. *See, e.g.*, *Unwired Planet LLC v. Apple Inc.*, 2013 WL 1501489, at *3 (D. Nev. Apr. 11, 2013) (Apple justifying acquisition bar because plaintiff was

"a patent holding company"); *E-Contact Techs., LLC v. Apple, Inc.*, 2012 WL 11924448, at \*1 (E.D. Tex. June 19, 2012) (Apple justifying acquisition bar because "Plaintiff is a non-practicing patent assertion entity which sues multiple defendants for infringement"); *Uniloc USA, Inc. v. Apple, Inc.*, No. 18-cv-00572, Dkt. 81, at 2 (N.D. Cal. May 24, 2018) (Powell Decl., Ex. 8) (Apple justifying acquisition bar because the plaintiff "is a non-practicing entity with a history of repeatedly buying patents and asserting them against Apple—even in the midst of existing litigations").

Indeed, Apple's other cited cases involved non-practicing entities where there is a higher risk of inadvertent use of confidential information during patent acquisition and licensing. *See, e.g.*, *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 2019 WL 343242, at \*1 (D. Mass. Jan. 25, 2019) (plaintiff was "in the business of monetizing patents through litigating and licensing campaigns" and had "acquir[ed] 95,000 patents in its lifetime"); *Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. 3:12-cv-05791, Dkt. 42, at 1 (N.D. Cal. July 24, 2013) (Powell Decl., Ex. 9) (defendant arguing acquisition bar was justified by "unique circumstances of this case," including plaintiff being a non-practicing entity and plaintiff's counsel representing other non-practicing entities); *Realtime Adaptive Streaming LLC v. Google LLC*, No. 2:18-CV-03629, Dkt. 48, at 2 (C.D. Cal. July 18, 2019) (Powell Decl., Ex. 10) (defendant arguing "[a]n acquisition bar is particularly needed in this case, where Realtime is a non-practicing entity and its counsel 'is tremendously active in filing patent infringement actions around the country' on behalf of non-practicing entities"); *Telebuyer, LLC v. Amazon.com, Inc.*, No. 2:13-cv-1677, Dkt. 92, at 1 (W.D. Wash. Jan. 30, 2014) (Powell Decl., Ex. 11) (defendant arguing plaintiff was "one of the most litigious patentees in the United States" whose business is "to own and license patents").

/ / /

No such risk exists for Plaintiffs, who are medical device companies (one of which is publicly held) that acquire and license patents for a variety of purposes that have nothing to do with asserting patents against Apple or any other company.  For example, Plaintiffs may acquire or license a patent that may cover new or existing products to prevent allegations of infringement.  Such allegations are typically addressed by outside litigation counsel.  There is no reason why Plaintiffs' outside litigation counsel should be barred from participating in such discussions, which have nothing to do with Apple.  Any supposed risk of inadvertent use is far lower here than in the non-practicing entity cases cited by Apple.[4]

Regardless, that some courts impose an acquisition bar while others decline to do so shows courts have discretion to impose requirements that are appropriate for each particular case.  There is nothing wrong with the Court's decision not to enter an acquisition bar in this case.  That is particularly true because Apple has not provided any *factual evidence* showing an acquisition bar is necessary or appropriate.  Having failed to present any evidence, Apple cannot complain that the Court did not consider its evidence.  Moreover, Apple merely rehashes arguments this Court already considered.  As discussed above, that is not sufficient to grant reconsideration.

Accordingly, Apple has not shown its requested acquisition bar is justified, much less made a "manifest showing of a failure to consider material facts presented to the Court before such decision." *See* Local Rule 7-18.

/ / /

---

[4] Apple also asserts the "justification" for a prosecution bar and acquisition bar is "identical."  Dkt. 72-1 at 9.  Not so.  A prosecution bar prevents a lawyer from preparing *new* claims, whereas an acquisition bar prevents a lawyer from assisting in transfers of *existing* patents from one entity to another.  That merely shifts to whom an infringer would be liable.

## IV.  <u>CONCLUSION</u>

For all the reasons discussed above, the Court should deny Apple's Motion for Reconsideration.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 16, 2020          By: */s/ Adam B. Powell*
                                    Joseph R. Re
                                    Stephen C. Jensen
                                    Perry D. Oldham
                                    Stephen W. Larson
                                    Adam B. Powell

                                    Attorneys for Plaintiffs
                                    Masimo Corporation and
                                    Cercacor Laboratories