# EXHIBIT 3

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

AMERICAN GNC CORPORATION,

Case No.  3:17-CV-01090-BAS-BLM

12

Plaintiff,

13

**ORDER ON DISPUTED JOINT**
**MOTION FOR PROTECTIVE ORDER**

vs.

14

LG ELECTRONICS INC., LG ELECTRONICS
MOBILECOMM U.S.A., INC., AND LG
ELECTRONICS MOBILE RESEARCH U.S.A.,
LLC,

**[ECF NO. 47]**

15
16
17

Defendants.

18
19

On October 5, 2017, the parties filed a "JOINT MOTION FOR ENTRY OF A

20

PROTECTIVE ORDER WITH POINTS OF DISAGREEMENT."  ECF No. 47 ("Mot.").  While

21

the parties are in agreement over much of the language to be used in the protective order,

22

the motion highlights several areas of disagreement concerning the definition of source

23

code, the amount of expert information required, access to "CONFIDENTIAL" information,

24

source code protection, a patent prosecution bar, an acquisition bar, and a separate

25

agreement for trial.  Id.   The Court has reviewed and considered the motion and exhibits.

26

For many of the disputes, the Court has selected the proposed language of one of the

27

parties.  The more significant issues are discussed below.

28

///

- 1 -

**Exhibit 3**
**-43-**

## PROSECUTION BAR

Defendants propose that the protective order include a prosecution bar. Defendants argue that a prosecution bar is appropriate here because the information to be exchanged is highly confidential and relates to proprietary information about "proprietary and confidential technology." Mot. at 38. Defendants also argue that since Plaintiff has accepted a protective order with a prosecution bar in another case in the Eastern District of Texas, it should be willing to accept a prosecution bar in the instant matter. Id. Defendants note that they are willing to meet and confer on the appropriate scope of the bar, but allege that Plaintiff is unwilling to participate. Id. at 38-39. Defendants further note that the prosecution bar in the Texas case would not offer them any protection if that case were to conclude before the instant matter. Id. at 39.

Plaintiff contends that a one way prosecution bar permitting Defendants' counsel to participate in IPRs, but preventing Plaintiff's counsel from doing the same should not be allowed. Id. at 38. Plaintiff notes that there is no prosecution bar in the model protective order for the Southern District of California and contends that Defendants have failed to demonstrate why this case merits a prosecution bar. Id. at 42. Plaintiff notes that it is not required to agree to a prosecution bar in the instant matter because it has agreed to one in the Texas litigation and that the scope of the prosecution bar in the Texas litigation is totally different than the scope of the bar Defendants propose here. Id. at 43-44. Plaintiff also contends that it has not refused to further meet and confer on the issue and has informed Defendants that it "has no ongoing patent prosecution involving the patents-in-suit" and that Plaintiff's counsel "do not perform or offer any client any traditional prosecution legal services." Id. at 42. Since there are no competitive decision makers for Plaintiff, Defendants cannot establish the need for a prosecution bar. Id. Plaintiff notes that Defendants' proposed prosecution bar is overly broad and senses that Defendants improperly "seek[] to impose punitive measures on AGNC's current litigation counsel (and their business livelihoods) for daring to bring litigation against LGE." Id. at 43. Finally, Plaintiff contends that this District has previously rejected prosecution bars

Exhibit 3
-44-

1    that limit participating in post-grant proceedings like the bar Defendants propose.  Id. at

2    44-46.

3              A.    Legal Standard

4              Pursuant to Federal Rule of Civil Procedure 26, "the court may, for good cause,

5    issue an order to protect a party . . . from annoyance, embarrassment, oppression, or

6    undue burden or expense, including . . . . requiring that a trade secret or other confidential

7    research, development, or commercial information not be revealed or be revealed only in

8    a specific way."  Fed. R. Civ. P. 26(c)(1)(G).  The burden of proof is on the moving party

9    to make a clear showing of particular and specific need for the protective order.  See

10   Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); see also Phoenix Solutions

11   Inc. v. Wells Fargo Bank, N.A., 254 F.R.D. 568, 575 (N.D. Cal. 2008) (citing Fed. R. Civ.

12   P. 26(c)) ("The burden of demonstrating the need for protection from discovery is placed

13   on the party seeking a protective order, not on the party opposing the order.").  While

14   courts regularly authorize protective orders that place limitations on the use of confidential

15   documents, the Federal Circuit has recognized that "there may be circumstances in which

16   even the most rigorous efforts of the recipient of [sensitive] information to preserve

17   confidentiality in compliance with the provisions of ... a protective order may not prevent

18   inadvertent compromise."  In re Deutsche Bank Trust Co., 605 F.3d 1373, 1378 (Fed.Cir.

19   2010).  The court concluded that in such circumstances, the risk of inadvertent disclosure

20   of sensitive information is so great that a prosecution bar, which prohibits an attorney

21   who receives sensitive material from prosecuting related patents on behalf of the same

22   client, may be required.  Id.

23             In Deutsche Bank, 605 F.3d 1373, the Federal Circuit clarified the standard for

24   imposing a prosecution bar.  Initially, the party seeking the prosecution bar must establish

25   that "the kind of information that will trigger the bar is relevant to the preparation and

26   prosecution of patent applications before the PTO."  Id. at 1381.  Then, the party must

27   establish that the bar is necessary given the potential risk of inadvertent disclosure or

28   improper use of the protected information.  Id. at 1378-80.  To do this, the party must

- 3 -

**Exhibit 3**
**-45-**

present "facts on a counsel-by-counsel basis" which establish that each counsel is involved in "competitive decisionmaking." Id. at 1378 (citing U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).  The court confirmed that "competitive decisionmaking" is "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." Id. (citing U.S. Steel, 730 F.2d at 1468 n.3).  Where counsel is involved in competitive decisionmaking, the risk of disclosure may outweigh the need of counsel for the confidential information.  Intel Corp. v. VIA Techs., Inc., 198 F.R.D. 525, 529 (N.D. Cal. 2000).

However, the Federal Circuit rejected the notion that every patent prosecution attorney is necessarily involved in competitive decisionmaking.  Deutsche Bank, 605 F.3d at 1379.  In so finding, the Deutsche Bank court distinguished administrative and oversight duties from activities in which counsel play a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios," with the latter activities posing a more significant risk of inadvertent disclosure than the former. Id. at 1379–80; Xerox Corp. v. Google, Inc., 270 F.R.D. 182, 183 (D. Del. 2010).  As a result, the court emphasized that the competitive decisionmaking and risk of inadvertent disclosure determinations must be made on a counsel-by-counsel basis.  Deutsche Bank, 605 F.3d at 1378.

The moving party also must establish that the scope and terms of the proposed prosecution bar are reasonable.  Deutsche Bank, 605 F.3d at 1381.  "This inquiry measures whether (1) the information designed to trigger the bar, (2) the scope of activities prohibited by the bar, (3) the duration of the bar, and (4) the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information."  Ameranth, Inc. v. Pizza Hut, Inc., 2012 WL 528248, *4 (S.D. Cal. 2012) (citing Deutsche Bank, 605 F.3d at 1381).

If the moving party establishes that a prosecution bar is appropriate, the burden

- 4 -

**Exhibit 3**
**-46-**

1   shifts to the objecting party to establish that an attorney should be exempted from the

2   bar.  Deutsche Bank, 605 F.3d at 1381.  To do this, the party seeking the exemption from

3   a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's

4   representation of the client in matters before the PTO does not and is not likely to implicate

5   competitive decisionmaking related to the subject matter of the litigation so as to give rise

6   to a risk of inadvertent use of confidential information learned in litigation, and (2) that

7   the potential injury to the moving party from restrictions imposed on its choice of litigation

8   and prosecution counsel outweighs the potential injury to the opposing party caused by

9   such inadvertent use.  Id.

10        B.    Analysis

11        Here, Defendants have not satisfied their burden of establishing that the protected

12   information is "relevant to the preparation and prosecution of patent applications before

13   the PTO."  Deutsche Bank, 605 F.3d at 1381.  Defendants propose the following language

14   for the prosecution bar:

15        Any attorney representing a Party, and any person associated with a Party
and permitted to receive the other Party's Confidential Information that

16   is designated CONFIDENTIAL – FOR COUNSEL ONLY and/or RESTRICTED
CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE

17   MATERIAL"), who obtains, receives, has access to, or otherwise learns,
in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under

18   this Order shall not prepare, prosecute, supervise, or assist in the
preparation or prosecution of any patent application pertaining to motion

19   sensing, positioning, mapping, and navigation technology on behalf of the
receiving Party or its acquirer, successor, predecessor, or other affiliate

20   during the pendency of this Action and for one year after its conclusion,
including any appeals. To ensure compliance with the purpose of this

21   provision, each Party shall create an "Ethical Wall" between those persons
with access to HIGHLY SENSITIVE MATERIAL and any individuals who,

22   on behalf of the Party or its acquirer, successor, predecessor, or other
affiliate, prepare, prosecute, supervise or assist in the preparation or

23   prosecution of any patent application pertaining to the field of invention
of the patent-in-suit.  For the avoidance of doubt, "prosecution" includes

24   any activity related to the competitive business decisions involving (i) the
preparation or prosecution (for any person or entity) of patent

25   applications, including among others reexamination and reissue
applications or (ii) directly or indirectly participating, drafting, amending,

26   advising, or otherwise affecting the scope or maintenance of patent
claims.   "Prosecution" as used in this paragraph does not include

27   representing a party challenging a patent before a domestic or foreign
agency (including, but not limited to, a reissue protest, ex parte

28   reexamination, inter partes reexamination, inter partes review, post grant

- 5 -

**Exhibit 3**
**-47-**

1    review or covered business method review)

2    Protective Order Proposed Language Lodged with the Court on October 5, 2017.

3         Defendants' proposed protective order defines the CONFIDENTIAL – FOR COUNSEL

4    ONLY designation as including the information "considered to be most sensitive by the

5    party, including but not limited to trade secret or other confidential research,

6    development, financial or other commercial information."  Id.  As such, Defendants'

7    proposed prosecution ban is overly-broad and could encompass significant amounts and

8    types of information and documents that, while sensitive, are not relevant to patent

9    applications, especially future applications.  Deutsche Bank, 606 F.3d at 1381 ("For

10   example, financial data and other sensitive business information, even if deemed

11   confidential, would not normally be relevant to a patent application and thus would not

12   normally be expected to trigger a patent prosecution bar" and "information related to new

13   inventions and technology under development, especially those that are not already the

14   subject of pending patent applications, may pose a heightened risk of inadvertent

15   disclosure" whereas other sensitive business information would not).  In addition,

16   Defendants' proposed bar definition extends beyond attorneys and includes "any person

17   associated with a party and permitted to receive" the highly confidential information and

18   Defendants provide no facts or support for this extended bar.

19        Because Defendants have failed to "show that the information designated to trigger

20   the bar, the scope of the activities prohibited by the bar, the duration of the bar, and the

21   subject matter covered by the bar reasonably reflect the risk presented by the disclosure

22   of proprietary information," the Court declines to impose a prosecution bar. Plaintiff

23   therefore, is not required to show on a counsel-by-counsel basis that its attorneys are not

24   competitive decision makers nor its potential injury if a prosecution bar were to be put in

25   place.  Deutsche Bank, 605 F.3d at 1381.  However, the Court notes that Plaintiff does

26   state that "[t]here simply are no patent prosecutors who engage in competitive decision

27   making for AGNC; AGNC does not even have in-house counsel."  Id. at 42.

28        Finally, Defendants' argument that a prosecution bar is appropriate in the instant

**Exhibit 3**
**-48-**

matter because Plaintiff has agreed to a prosecution bar in other matters is unavailing. Plaintiff's case in the Eastern District of Texas does not control the current case before the Court in the Southern District of California.

Accordingly, the Court **DENIES** Defendants' request to include a prosecution bar in the parties' protective order.

## ACQUISITION BAR

Defendants propose that the protective order include an acquisition bar for similar reasons as those supporting a prosecution bar.[1] Id. at 47.  Defendants argue that the bar would apply equally to counsel for Defendants and Plaintiff and that since Defendants likely will be producing a much larger amount of information than Plaintiff, the risk of inadvertent disclosure is much higher for Defendants.  Id. at 49-50.  Defendants note that the Court in this district and courts in many other districts have entered protective orders with acquisition bars.  Id. at 47-48.

Plaintiff argues that there should be "[n]o acquisition bar" and notes that this Court's model protective order does not contain such a bar.  Id. at 47.  Plaintiff also argues that the bar would be unduly burdensome "to the point of being personally punitive and harassing."  Id. at 50.  Plaintiff argues that an acquisition bar is unnecessary as Defendants are not producing their "crown jewels" in this case and the request contradicts Defendants' claim that it possesses very little knowledge of the technology at issue in the instant matter.  Id. at 51-52.  Finally, Plaintiff argues that Defendants' proposed bar is over broad and beyond the acquisition bar examples cited by Defendants.  Id. at 52.  If the Court grants Defendants' request for an acquisition bar, Plaintiff asks that the bar be limited to

---

[1] Defendants' proposed language is as follows: "Absent written consent from the producing party, any individual who receives access to "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" information designated by the producing party shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) pertaining to motion sensing, positioning, mapping, and navigation technology; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when access to "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" information is first received by the affected individual and shall end three (3) years after final disposition of this action as provided herein." Protective Order Proposed Language Lodged with the Court on October 5, 2017.

- 7 -

**Exhibit 3
-49-**

1  the patents asserted against Defendants and that it include counsel for both Defendants

2  and Plaintiff.  Id. at 54.

3       For the same reasons the Court denies Defendants' request to include a prosecution

4  bar in the parties' protective order, it also **DENIES** Defendants' request to include an

5  acquisition bar.  In further support, the Court notes that Defendants' acquisition bar

6  definition is even broader than their prosecution bar definition as the acquisition bar also

7  would be imposed on any individual who has access only to "CONFIDENTIAL" information.

8  Id. at 47.  Defendants provide no legal or factual support for this expanded request.

9                    **SEPARATE TRIAL AGREEMENT**

10      Defendants argue that the "[h]andling of designated information at trial should be

11  governed by a separate agreement."  Id. at 54-55.  Specifically, Defendants propose

12  language that states

13  Any use of Confidential Information at trial shall be governed by a separate
    agreement or order.  A receiving Party shall provide a minimum of two business
14  days' notice to the producing Party in the event that the receiving Party intends to
    use any Confidential Information during trial.  Subject to any challenges under
15  paragraph 13, the Parties will not oppose any reasonable request by the producing
    Party.
16

17  Protective Order Proposed Language Lodged with the Court on October 5, 2017.

18      Plaintiff argues that a separate agreement for trial is unnecessary.  Id. at 54.

19  Plaintiff contends that going through this process again for an additional trial protective

20  order would be burdensome and unnecessary as the parties could always "request that

21  the courtroom be sealed" if Court's model protective order did not provide sufficient

22  protections.  Id. at 55.

23      At this time the Court declines to rule on how confidential information will be

24  handled during trial.  The issue is premature as the case is still in its early stages and

25  dates have only been set through claim construction.  See ECF No. 33.  Accordingly, the

26  Court declines to include Defendants' requested language.

27  ///

28  ///

**Exhibit 3**
**-50-**

1

**<u>CONCLUSION</u>**

2      For the foregoing reasons, the Court enters the Protective Order attached as Exhibit

3  A to this Order.[2]

4      **IT IS SO ORDERED**.

5

Dated:   10/23/2017

6

7                                    Hon. Barbara L. Major
                                     United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  [2] In addition to choosing between the parties' disputed language, the Court modified the language of paragraph 12.

- 9 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

17-CV-01090-BAS-BLM

**Exhibit 3**
**-52-**

Case 8:20-cv-00048-JVS-JDE   Document 81-3   Filed 07/16/20   Page 12 of 25   Page ID
#:5710
Case 3:17-cv-01090-BAS-BLM   Document 51   Filed 10/23/17   PageID.1027   Page 11 of 24

1   The Court recognizes that at least some of the documents and information
2   ("materials") being sought through discovery in the above-captioned action are, for
3   competitive reasons, normally kept confidential by the parties. The parties have agreed to
4   be bound by the terms of this Protective Order ("Order") in this action.

5   The materials to be exchanged throughout the course of the litigation between the
6   parties may contain trade secret or other confidential research, technical, cost, price,
7   marketing or other commercial information, as is contemplated by Federal Rule of Civil
8   Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such
9   materials as much as practical during the litigation. THEREFORE:

10   DEFINITIONS

11   1.   The term "Confidential Information" shall mean and include information
12   contained or disclosed in any materials, including documents, portions of documents,
13   answers to interrogatories, responses to requests for admissions, trial testimony,
14   deposition testimony, and transcripts of trial testimony and depositions, including data,
15   summaries, and compilations derived therefrom that is deemed to be Confidential
16   Information by any party to which it belongs.

17   2.   The term "materials" shall include, but shall not be limited to: documents;
18   correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other
19   material that identify customers or potential customers; price lists or schedules or other
20   matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;
21   contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk
22   diaries; appointment books; expense accounts; recordings; photographs; motion pictures;
23   compilations from which information can be obtained and translated into reasonably
24   usable form through detection devices; sketches; drawings; notes (including laboratory
25   notebooks and records); reports; instructions; disclosures; other writings; models and
26   prototypes and other physical objects.

27   3.   The term "counsel" shall mean outside counsel of record, and other
28   attorneys, paralegals, secretaries, and other support staff employed in the law firms

- 11 -

1    identified below:

2    Crosbie Gliner Schiffman Southard & Swanson LLP; Sullivan Hill Lewis Rez & Engel; Global

3    IP Law Group,  LLC; White & Case LLP; Morgan, Lewis & Bockius LLP

4    GENERAL RULES

5           4.      Each party to this litigation that produces or discloses any materials, answers

6    to interrogatories, responses to requests for admission, trial testimony, deposition

7    testimony, and transcripts of trial testimony and depositions, or information that the

8    producing party believes should be subject to this Protective Order may designate the

9    same as "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED

10   CONFIDENTIAL SOURCE CODE."

11          a.      Designation as "CONFIDENTIAL": Any party may designate

12   information as "CONFIDENTIAL" only if, in the good faith belief of such party and its

13   counsel, the unrestricted disclosure of such information could be potentially prejudicial to

14   the business or operations of such party.

15          b.      Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party

16   may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" or a similar

17   designation only if, in the good faith belief of such party and its counsel, the information

18   is among that considered to be most sensitive by the party, including but not limited to

19   trade secret or other confidential research, development, financial or other commercial

20   information.

21          C.      Designation as "RESTRICTED CONFIDENTIAL SOURCE CODE": Any

22   party may designate information as "RESTRICTED CONFIDENTIAL SOURCE CODE" only

23   if, the material is considered extremely sensitive by the party, and represents computer

24   code and associated comments and revision histories, formulas, engineering

25   specifications, or schematics that define or otherwise describe in detail the algorithms or

26   structure of software or hardware designs, disclosure of which to another party or non-

27   party would create a substantial risk of harm that could not be avoided by less restrictive

28   means ("Source Code Material").

5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.      said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE;"

b.      the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below;

c.      the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court; and

d.      to the extent the Confidential Information to be disclosed includes

Case 8:20-cv-00048-JVS-JDE   Document 81-3   Filed 07/16/20   Page 15 of 25   Page ID
#:5713
Case 3:17-cv-01090-BAS-BLM   Document 51   Filed 10/23/17   PageID.1030   Page 14 of 24

information designated as "RESTRICTED CONFIDENTIAL SOURCE CODE," any paper copies of such information used during the deposition may not be left with a court reporter or any unauthorized individual.

7.     All Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," OR "RESTRICTED CONFIDENTIAL SOURCE CODE" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, entities from whom the expert has received payment or rendered services in the last five (5) years, a list of litigation in which the expert has previously offered testimony, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may also be viewed by the additional individuals listed below:

a.     Stenographic and clerical employees associated with the individuals

- 14 -

1   identified above, including court reporters, videographers, jury or trial consultants, and

2   graphics or design vendors; and

3           b.      the Court and its personnel.

4       9.      Information designated "CONFIDENTIAL" shall be viewed only by counsel

5   (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to

6   the terms of paragraph 8), and by the additional individuals listed below, provided each

7   such individual has read this Order in advance of disclosure and has agreed in writing to

8   be bound by its terms:

9           a.      Executives who are required to participate in policy decisions with

10  reference to this action;

11          b.      Technical personnel of the parties with whom Counsel for the parties

12  find it necessary to consult, in the discretion of such counsel, in preparation for trial of

13  this action; and

14          c.      Stenographic and clerical employees associated with the individuals

15  identified above, including court reporters, videographers, jury or trial consultants, and

16  graphics or design vendors; and

17          d.      the Court and its personnel.

18      10.     With respect to material designated "CONFIDENTIAL," "CONFIDENTIAL -

19  FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," any person

20  indicated on the face of the document to be its originator, author or a recipient of a copy

21  thereof, may be shown the same.

22      11.     All information which has been designated as "CONFIDENTIAL,"

23  "CONFIDENTIAL -FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE"

24  by the producing or disclosing party, and any and all reproductions thereof, shall be

25  retained in the custody of the counsel for the receiving party identified in paragraph 3,

26  except that independent experts authorized to view such information under the terms of

27  this Order may retain custody of copies such as are necessary for their participation in this

28  litigation.

**Exhibit 3**
**-57-**

12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. **In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed "Confidential." The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request**.

13.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party,

1   and each person receiving Confidential Information shall take reasonable precautions to
2   prevent the unauthorized or inadvertent disclosure of such information. If Confidential
3   Information is disclosed to any person other than a person authorized by this Order, the
4   party responsible for the unauthorized disclosure must immediately bring all pertinent
5   facts relating to the unauthorized disclosure to the attention of the other parties in writing
6   and, without prejudice to any rights and remedies of the other parties, make every effort
7   to prevent further disclosure by the party and by the person(s) receiving the unauthorized
8   disclosure, including best efforts to retrieve any copies of the disclosed Confidential
9   Information and asking the recipient to execute a copy of the form attached hereto as
10  Exhibit A.

11         15.   No party shall be responsible to another party for disclosure of Confidential
12  Information under this Order if the information in question is not labeled or otherwise
13  identified as such in accordance with this Order.

14         16.   If a party, through inadvertence, produces any Confidential Information
15  without labeling or marking or otherwise designating it as such in accordance with this
16  Order, the designating party may give written notice to the receiving party that the
17  document or thing produced is deemed Confidential Information, and that the document
18  or thing produced should be treated as such in accordance with that designation under
19  this Order. The receiving party must treat the materials as confidential, once the
20  designating party so notifies the receiving party. If the receiving party has disclosed the
21  materials before receiving the designation, the receiving party must notify the designating
22  party in writing of each such disclosure. Counsel for the parties shall agree on a mutually
23  acceptable manner of labeling or marking the inadvertently produced materials as
24  "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED
25  CONFIDENTIAL SOURCE CODE" - SUBJECT TO PROTECTIVE ORDER.

26         17.   Nothing herein shall prejudice the right of any party to object to the
27  production of any discovery material on the grounds that the material is protected as
28  privileged or as attorney work product.

- 17 -

18.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

20.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.     Within 30 days of final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come

17-CV-01090-BAS-BLM

**Exhibit 3**
**-60-**

Case 8:20-cv-00048-JVS-JDE   Document 81-3   Filed 07/16/20   Page 20 of 25   Page ID
#:5718
Case 3:17-cv-01090-BAS-BLM   Document 51   Filed 10/23/17   PageID.1035   Page 19 of 24

or shall come into the receiving party's legitimate knowledge independently of the production by the designating party, where the receiving party has obtained the information lawfully and is under no obligation of confidentiality to the designating party. Prior knowledge must be established by pre-production documentation.

23.    The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24.    Transmission by facsimile or email is acceptable for all notification purposes herein.

25.    This Order may be modified by agreement of the parties, subject to approval by the Court.

26.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

28.    For material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer solely for the limited purpose permitted pursuant to paragraph 28(h) below.  Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel, and the receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice

- 19 -

1   from the receiving party, the producing Party shall make reasonable efforts to

2   accommodate the receiving Party's request for access to the stand-alone computer(s)

3   outside of normal business hours. The Parties agree to cooperate in good faith such that

4   maintaining the producing Party's Source Code Material at the offices of its outside counsel

5   shall not unreasonably hinder the receiving Party's ability to efficiently and effectively

6   conduct the prosecution or defense of this Action;

7        (c) The producing Party shall provide the receiving Party with information

8   explaining how to start, log on to, and operate the stand-alone computer(s) in order to

9   access the produced Source Code Material on the stand-alone computer(s);

10        (d) The producing Party will produce Source Code Material in computer searchable

11   format on the stand-alone computer(s) as described above;

12        (e) Access to material designated RESTRICTED CONFIDENTIAL - SOURCE CODE

13   shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*,

14   not existing employees or affiliates of a Party or an affiliate of a Party) retained for the

15   purpose of this litigation and approved to access such materials pursuant to paragraph

16   5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading,

17   exhibit, expert report, discovery document, deposition transcript, other Court document,

18   provided that the Source Code Documents are appropriately marked under this Order,

19   restricted to those who are entitled to have access to them as specified herein, and, if

20   filed with the Court, filed under seal in accordance with the Court's rules, procedures and

21   orders;

22        (f) To the extent portions of Source Code Material are quoted in a Source Code

23   Document, either (1) the entire Source Code Document will be stamped and treated as

24   RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source

25   Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL

26   
27   
28

---

[3]     For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

**Exhibit 3**
**-62-**

1    SOURCE CODE;

2        (g) No electronic copies of Source Code Material shall be made without prior written

3    consent of the producing Party, except as necessary to create documents which, pursuant

4    to the Court's rules, procedures and order, must be filed or served electronically;

5        (h) The receiving Party shall be permitted to make a reasonable number of

6    printouts and photocopies of Source Code Material, all of which shall be designated and

7    clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party

8    shall maintain a log of all such files that are printed or photocopied;

9        (i) If the receiving Party's outside counsel, consultants, or experts obtain printouts

10    or photocopies of Source Code Material, the receiving Party shall ensure that such outside

11    counsel, consultants, or experts keep the printouts or photocopies in a secured locked

12    area in the offices of such outside counsel, consultants, or expert. The receiving Party

13    may also temporarily keep the printouts or photocopies at: (i) the Court for any

14    proceedings(s) relating to the Source Code Material, for the dates associated with the

15    proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material

16    are taken, for the dates associated with the deposition(s); and (iii) any intermediate

17    location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior

18    to a Court proceeding or deposition); and

19        (k) A producing Party's Source Code Material may only be transported by the

20    receiving Party at the direction of a person authorized under paragraph 28(e) above to

21    another person authorized under paragraph 28(e) above, on paper via hand carry, Federal

22    Express or other similarly reliable courier. Source Code Material may not be transported

23    or transmitted electronically over a network of any kind, including a LAN, an intranet, or

24    the Internet.

25        29.    To the extent that any discovery is taken of persons who are not Parties to

26    this Action ("Third Parties") and in the event that such Third Parties contend the discovery

27    sought involves trade secrets, confidential business information, or other proprietary

28    information, such Third Parties may agree to be bound by this Order.

**Exhibit 3**
**-63-**

30.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of (or testimony concerning) such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

31.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

- 22 -

Exhibit 3
-64-

EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AMERICAN GNC CORPORATION,

               Plaintiff,

       vs.

LG ELECTRONICS INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., AND LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC,

               Defendants.

Case No.  3:17-CV-01090-BAS-BLM

Judge:  Hon. Cynthia Bashant

**AGREEMENT TO BE BOUND**

**BY PROTECTIVE ORDER**

    I, _____, declare and say that:

    1.    I am employed as _____

by _____

    2.    I have read the Protective Order entered in *American GNC Corporation v. LG Electronics Inc. et al*, Case No. 3:17-CV-01090-BAS-BLM, and have received a copy of the Protective Order.

    3.    I promise that I will use any and all "CONFIDENTIAL" "CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "CONFIDENTIAL,"
"CONFIDENTIAL – FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL SOURCE
CODE" information with anyone other than the persons described in paragraph 3 of the
Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to
the jurisdiction of the United States District Court for the Southern District of California
with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of "CONFIDENTIAL,"
"CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL SOURCE
CODE" information in any manner contrary to the provisions of the Protective Order may
subject me to sanctions for contempt of court.

7.      I declare under penalty of perjury that the foregoing is true and correct.


Date: _____     _____