# EXHIBIT 8

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorney for Defendant Apple Inc.*
[Additional counsel listed on following page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | **Case Nos.**  3:18-cv-00359-WHA;<br>  3:18-cv-00360-WHA;<br>  3:18-cv-00363-WHA;<br>  3:18-cv-00365-WHA;<br>  3:18-cv-00572-WHA<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>DATE: Thursday, June 28, 2018<br>TIME: 8:00 a.m.<br>COURTROOM: 12, 19th Floor<br>JUDGE: Hon. William Alsup<br><br>[Accompanying Papers: Declaration of Lauren Abendshien and Exhibits, [Proposed] Protective Order];<br><br>[Filed Concurrently with Administrative Motion to Seal and Accompanying Documents] |

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

1 | COUNSEL CONTINUED:

Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Jennifer Greenblatt (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice*)
Emma C. Neff, M.D., J.D. (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com
labendshien@goldmanismail.com

*Additional Attorneys for Defendant Apple Inc.*

Case 8:20-cv-00048-JVS-JDE   Document 81-8   Filed 07/16/20   Page 4 of 20   Page ID
#:5750
Case 3:18-cv-00572-WHA   Document 81   Filed 05/24/18   Page 3 of 19

\* **REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED** \*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

NOTICE OF MOTION .........................................................................................................1

STATEMENT OF RELIEF REQUESTED ..........................................................................1

I.   Introduction ................................................................................................................1

II.  Background ................................................................................................................3

     A.   The Previously-Entered Protective Order ......................................................3

     B.   Uniloc's Inspection of Apple's Source Code and Additional Suit Against
          Apple ...............................................................................................................4

     C.   The Protections Provided By The Existing Protective Order .........................6

III. Legal Standard ...........................................................................................................7

IV.  To Prevent The Disclosure Or Inadvertent Use Of Apple's Confidential Technical
     Information, The Previously-Agreed Protective Order Should Be Entered On This
     Docket, And Be Amended to Include A Patent-Acquisition Bar ..............................7

     A.   The Previously-Agreed Protective Order Should Be Entered Here ...............8

     B.   The Protective Order Should Include A Patent-Acquisition Bar ...................9

          1.   There Is An Immediate Risk That Uniloc's Counsel Will
               Inadvertently Use Or Rely On Apple's Highly Sensitive Technical
               Information .............................................................................................9

          2.   The Existing Protective Order Does Not Adequately Protect Against
               Risks Associated With Uniloc's Patent-Acquisition Activities ..........12

          3.   The Scope Of Apple's Proposed Acquisition Bar Is Reasonable ........13

V.   Conclusion ................................................................................................................14

APPLE'S NOTICE OF MOTION AND                    i                CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
MOTION FOR ENTRY OF PROTECTIVE ORDER                                      -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-88-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

## TABLE OF AUTHORITIES

**CASES**

*Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
   2013 WL 9868422 (N.D. Cal. Aug. 6, 2013) .............................................. 10, 12

*E-Contact Techs., LLC v. Apple, Inc.*,
   2012 WL 11924448 (E.D. Tex. June 19, 2012)............................................ 12, 13

*EPL Holdings, LLC v. Apple Inc.*,
   2013 WL 2181584 (N.D. Cal. May 20, 2013).................................... 7, 10, 11, 13

*FTC v. Exxon Corp.*,
   636 F.2d 1336 (D.C. Cir. 1980) ............................................................................9

*In re Deutsche Bank Trust Co. Ams.*,
   605 F.3d 1373 (Fed. Cir. 2010) ....................................................... 7, 9, 10, 13

*Inventor Holdings, LLC v. Google, Inc.*,
   2014 WL 4369504 (D. Del. Aug. 27, 2014) ................................................. 12, 13

*Telebuyer, LLC v. Amazon.com, Inc.*,
   2014 WL 5804334 (W.D. Wash. July 7, 2014) ............................................ 10, 11

**RULES AND REGULATIONS**

Fed. R. Civ. P. 26(c)(1) ................................................................................................7

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER
ii
CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
-00363-WHA; -00365-WHA; -00572-WHA

**Exhibit 8**
**-89-**

* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED *

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Thursday, June 28, 2018, in Courtroom 12 of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable William Alsup, Defendant Apple Inc. ("Apple") will and hereby does respectfully move this Court to enter in this case the parties' previously-agreed protective order and amend that order to include a patent-acquisition bar.

# STATEMENT OF RELIEF REQUESTED

Through this motion,[1] Apple seeks an order:

(1) Entering on the docket of this case the parties' previously-agreed protective order governing the production of confidential materials, which for administrative reasons appears only on the docket of a different case between the parties; and

(2) Entering an additional protective-order provision, as set forth herein, barring any of Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s (collectively, "Uniloc") representatives who actually review confidential Apple source code or other technical materials in discovery from participating in or advising on patent-acquisition activities relating to the technologies covered in those materials.

## I.   Introduction

Uniloc filed this and a number of other patent-infringement suits against Apple in the Eastern District of Texas. While those cases were still in Texas, several of them were consolidated. The parties agreed on the terms of a protective order to apply to that group of cases. For administrative reasons, that protective order appeared only on the docket of the "lead" action in Texas. When the actions were later transferred here, however, they were transferred as individual matters. As a result, the parties' previously-agreed protective order does not appear on the present docket. Because Apple has been producing source code and other confidential materials in reliance on the existing safeguards of that order, it should be formally entered on the docket of this case.

---

[1] Apple is concurrently filing an identical copy of this motion in each of the five related cases between Uniloc and Apple that are before this Court. There are no differences between the motions or the exhibits thereto.

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER            1            CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
                                                              -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-90-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

1  Although the protections afforded by the previously-agreed protective order are necessary, information that has subsequently come to light indicates that they are not sufficient. Apple's adversary in this case, Uniloc, is a non-practicing entity with a history of repeatedly buying patents and asserting them against Apple—even in the midst of existing litigations. Apple now faces the real risk that the next time Uniloc chooses new patents to buy, it will be guided in its decisions by counsel with knowledge of Apple's highly confidential source code and technical information.

Events in the parties' ongoing litigations have highlighted the risk Apple faces. Beginning last December, Apple made some of its confidential source code available for Uniloc's inspection through discovery in several of the patent cases Uniloc had brought. This code covered, among other things, the technology Apple uses to wirelessly update the iOS software on iPhones and other mobile devices. Uniloc's longtime software expert inspected this code in early January 2018, and Uniloc's litigation counsel at Prince Lobel Tye LLP ("Prince Lobel") received hard copies of that code a week later. What Apple did not then know, but later learned, was that [REDACTED]

Thus, by late January, the same Prince Lobel lawyers, [REDACTED], also had access to Apple's confidential source code. It did not take long for the risk of that situation to manifest itself. On January 31, Uniloc purchased a patent portfolio that included a patent on wireless software updating. Shortly after that, Uniloc's expert returned to inspect Apple's code—this time with Uniloc's counsel from Prince Lobel in tow. And shortly after *that*, Uniloc sued Apple on the newly-acquired patent, again targeting wireless software updating of Apple's iPhones and other devices. Uniloc has refused to confirm that the litigation counsel who accessed Apple's confidential software-updating code were involved in the acquisition of this new patent, or the decision to sue Apple on it.

The risk this poses to Apple is serious, it is immediate, and it is not one that Apple should be expected to bear. Uniloc's attorneys cannot erase from their minds the confidential technical knowledge they have gained about Apple's products. And Uniloc's business model makes it

APPLE'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER — 2 — CASE NOS. 3:18-CV-00359-WHA; -00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-91-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

probable that such knowledge will be inadvertently used against Apple. Over the past two years, Uniloc has filed 20 separate patent cases against Apple, almost all of which involved patents Uniloc acquired during that same time.

The previously-agreed protective order forbids Uniloc's counsel from intentionally misusing Apple's confidential information. But it does not protect against the unconscious or unknowing misuse of that information when advising Uniloc (or others) on patent acquisitions. The only way to afford Apple that necessary protection is to bar those who have received Apple's confidential technical materials from advising on acquisitions of patents relating to the technologies addressed in those materials.

## II. Background

### A. The Previously-Entered Protective Order

The five cases before the Court were filed by Uniloc in the Eastern District of Texas between May and August 2017. On August 22, 2017, Judge Gilstrap in the Eastern District of Texas consolidated these cases with three other cases Uniloc had filed. (Ex. 1, Consolidation Order, *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 2:17-cv-00470-JRG (E.D. Tex.) ("-470 Action"), Dkt. No. 24.) Judge Gilstrap chose one of the Texas cases as the lead matter and directed that all filings be made in that case. (*Id.*) The parties then agreed to a protective order to govern all of the consolidated Texas cases—including the cases now before this Court. (Exs. 2-3, 10/12/17 Joint Motion for Entry of Protective Order, -470 Action, Dkt. No. 50, Amended 12/21/17, Dkt. No. 69.)[2] Because the cases were consolidated, the Texas Court entered the parties' agreed protective order only on the docket of the lead case. (Exs. 4-5, 11/13/17 Protective Order, -470 Action, Dkt. No. 61, Amended 1/9/18, Dkt. No. 75.)

In January 2018, the relevant cases were deconsolidated and transferred to this District. The former lead case—the only one in which the parties' previously-agreed protective order had been entered—became case number 4:18-cv-00362, assigned to Judge Hamilton. The protective order appears as Docket No. 75 in that action. Since the cases before this Court were transferred to this District, Apple has produced source code and is making technical witnesses available for

---

[2] Some exhibits in support of cited filings have been excluded due to volume.

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

deposition. The parties have agreed that the existing protective order governs Apple's source code and deposition testimony pending further order from this Court. (Ex. 6, 5/17/18 E-mail, Jacobs to Pieja.)

### B. Uniloc's Inspection of Apple's Source Code and Additional Suit Against Apple

Although the parties agreed to a protective order in Texas, several events have unfolded—or have been revealed—since then that raise the need for additional provisions not included in that order.

Back in April 2017, Uniloc had sued Apple for allegedly infringing three patents, including U.S. Patent No. 8,239,852 ("the '852 Patent"). (Ex. 7, 4/3/17 Complaint, *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 5:18-cv-00357-LHK (N.D. Cal.) ("-357 Complaint") (formerly No. 2:17-cv-00258-JRG (E.D. Tex.)), Dkt. No. 1 at ¶¶ 39-55).) The '852 Patent concerns a particular way of determining which software updates a device is licensed to receive and providing those updates wirelessly. (Ex. 8, '852 Patent.) In December 2017, Apple made available for Uniloc's inspection Apple's highly confidential source code showing, among other things, how Apple wirelessly updates the iOS software on iPhones and other mobile devices. (Ex. 9, 12/12/17 E-mail, Pieja to Counsel.). Uniloc's longtime software expert, Chuck Easttom, began to examine the code on January 2, 2018, and Uniloc's counsel of record at Prince Lobel received hard copies of some code a week later. (Ex. 10, Source-Code Inspection Log at p. 1; Ex. 11, 1/10/18 E-mail, Arrigo to Steele.) Mr. Easttom returned to review Apple's source code in person in February and March, accompanied by one of Uniloc's attorneys from Prince Lobel, Jim Foster. (Ex. 10, Source-Code Inspection Log.) Mr. Foster is part of a small group of lawyers at Prince Lobel who represent Uniloc in dozens of patent cases, including all nineteen of Uniloc's current suits against Apple.[3,4]

---

[3] *See* Ex. 12, Excerpts from Docket Sheets as of 5/24/18 for *Uniloc USA, Inc., et al. v. Samsung Elecs. Am., Inc.*, No. 2:16-cv-642-JRG (E.D. Tex.) (consolidated with *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 2:16-cv-00638-JRG (E.D. Tex.)); *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 5:18-cv-00357-LHK (N.D. Cal.) (formerly No. 2:17-cv-00258-JRG (E.D. Tex.)); *Uniloc USA, Inc., et al. v. Apple Inc.*, Nos. 4:18-cv-00361-PJH, -362-PJH, and -364-PJH (N.D. Cal.) (formerly Nos. 2:17-cv-00469-JRG, -470-JRG, and -522-JRG (E.D. Tex.)); *Uniloc USA, Inc., et al. v. Apple Inc.*, Nos. 3:18-cv-00359-WHA, -360-WHA, -363-WHA, -365-WHA, and -572-WHA (N.D. Cal.) (formerly Nos. 2:17-cv-00455-JRG, -457-JRG, -534-JRG, -571-JRG, and -535-JRG (E.D. Tex.)); *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 2:17-cv-00708-JRG (E.D. Tex.); *Uniloc USA, Inc., et al. v. Apple Inc.*, Nos. 1:18-cv-158-LY, -159-LY, -161-LY, -163-LY, -164-LY, -166-LY, -293-LY, and -296-LY (W.D. Tex.). This Court dismissed a twentieth suit, *Uniloc USA, Inc., et al. v. Apple*

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER
4
CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
-00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-93-

* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED *

1 █████████████████████████████████████████████

2 ████████████████████████████████████████

3   On January 31, 2018—shortly after Uniloc began inspecting Apple's software-updating code—Uniloc acquired a patent portfolio that included U.S. Patent No. 6,467,088 ("the '088 Patent," or "alSafadi Patent"). (Ex. 18, Patent Assignment at p. 3.) The alSafadi Patent, like the '852 Patent, concerns wireless software updating. (Ex. 19, '088 Patent.) On April 9, 2018, Uniloc sued Apple for allegedly infringing the alSafadi Patent. In so doing, Uniloc accused the same technology—the process by which Apple wirelessly updates software on iPhones and other iOS-based devices—whose source code Uniloc had just reviewed. (*Compare* Ex. 7, -357 Complaint at ¶¶ 42, 48, *with* Ex. 20, 4/9/18 Complaint, *Uniloc USA, Inc., et al. v. Apple Inc.*, No. 1:18-cv-296-LY (W.D. Tex.), Dkt. No. 1 at ¶¶ 13, 15.)

  Uniloc has shown no signs that its patent-acquisition or -assertion activities are at an end. Since June 2016, Uniloc has sued Apple twenty times, filing the most recent infringement suits a mere month ago. (Note 1, *supra*.) During that same time frame, Uniloc acquired at least four separate patent portfolios from different third parties: Hewlett-Packard, Fullpower, Paragon, and Philips. (*Id.*; Exs. 18, 21-23, Patent Assignments.) Uniloc has, in total, sued Apple on over 30 patents, at least nine of which it acquired *after* Uniloc's attorneys first inspected Apple's source code.[5]

  On April 16, Apple made additional source code available for Uniloc's review in connection with the present case. (Ex. 31, 4/16/18 E-mail, Pieja to Counsel.) Uniloc has indicated that, on May

---

*Inc.*, No. 3:18-cv-00358-WHA (N.D. Cal.) (formerly No. 2:17-cv-00454-JRG (E.D. Tex.) ("358 Action")), on May 18, 2018. (Exs. 13-14, Orders Granting and Entering Final Judgment for Apple, Dkt. Nos. 99, 100.)

[4] Mr. Easttom, too, is apparently working for Uniloc in each of those cases. (*See* Ex. 15, 3/28/18 Easttom Declarations in support of Uniloc's Oppositions to '018 IPR Petitions (IPR2018-00394 and -00395); Ex. 16, Easttom Declaration in support of Uniloc's Opposition to '759 IPR Petition (IPR2018-00294).)

[5] *See* Ex. 10, Source-Code Inspection Log; Ex. 18, Assignment of U.S. Patent Nos. 6,868,079; 7,587,207; 7,167,487; 7,020,106; 6,993,049; 7,969,925; 8,018,877; 6,836,654; and 6,467, 088; Exs. 20, 24-30, Complaints, *Uniloc USA, Inc., et al. v. Apple Inc.*, Nos. 1:18-cv-158-LY, -159-LY, -161-LY, -163-LY, -164-LY, -166-LY, -293-LY, and -296-LY (W.D. Tex.).

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER
5
CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
-00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-94-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

25, the same expert who inspected Apple's prior source code will review that code, as well. (Ex. 32, 5/10/18 E-mail, Jacobs to Counsel.)

### C. The Protections Provided By The Existing Protective Order

As noted above, Uniloc originally filed the present suit—and others, including the suit involving the '852 Patent (now No. 5:18-cv-00357-LHK (N.D. Cal.) ("the -357 case" or "-357 Action"))—in the Eastern District of Texas. While the -357 case was in Texas, the parties agreed to include in that case's protective order a "patent prosecution bar." This bar prohibited any of Uniloc's employees or representatives who received Apple's confidential technical materials from preparing or prosecuting any patent application in the technical fields related to that case. (Ex. 33, 8/29/17 Joint Motion for Entry of Partially-Disputed Protective Order, -357 Action, Dkt. No. 69-1 at pp. 5-6.) Apple also sought to include in the protective order a "patent acquisition bar." That bar would have prohibited Uniloc's employees and representatives who received Apple's confidential technical materials from advising, counseling, participating, or assisting in the acquisition of patents relating to the technologies disclosed in those materials. (*Id*. at pp. 6-7.)

At the time Apple sought a patent-acquisition bar in Texas, Uniloc had not yet inspected Apple's software-updating code or acquired the alSafadi patent. And Apple was unaware of the extent to which Uniloc's litigation counsel at Prince Lobel ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The then-presiding judge denied Apple's request for an acquisition bar without comment and entered a protective order that included only the agreed patent-prosecution bar. (Ex. 34, 9/13/17 Protective Order, -357 Action, Dkt. No. 74 at pp. 5-6.) A substantively-identical, agreed protective order was later entered in the five cases now before this Court. (Ex. 5, 1/9/18 Amended Protective Order, -470 Action, Dkt. No. 75.)

In light of the events described above, Apple is now requesting that the Court add the following patent-acquisition bar to the previously-agreed protective order[6]:

> Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any

---

[6] Apple is seeking related relief in the three cases pending before Judge Hamilton (*Uniloc USA, Inc., et al. v. Apple Inc.*, Nos. 4:18-cv-00361-PJH, -362-PJH, and -364-PJH (N.D. Cal.)). However, the present motion cites documentary evidence that was produced by Hewlett-Packard in response to subpoenas issued only in the litigation before this Court.

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER
6
CASE NOS. 3:18-CV-00359-WHA; -00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-95-

Case 8:20-cv-00048-JVS-JDE   Document 81-8   Filed 07/16/20   Page 12 of 20   Page ID #:5758
Case 3:18-cv-00572-WHA   Document 81   Filed 05/24/18   Page 11 of 19

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not advise, counsel, participate, or assist in the acquisition of any patents or patent applications that (1) relate to the subject matter of the asserted patent in this case; or (2) relate to the subject matter of the HIGHLY SENSITIVE TECHNICAL MATERIAL that such individual reviewed. For the avoidance of doubt, the "acquisition" of patents under this section includes any analysis or evaluation of patents for the purposes of evaluating whether, or for what price, to acquire them. These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one (1) year after the settlement or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action.

### III. Legal Standard

Upon a showing of good cause, the Court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Where a party seeks protection through a patent-prosecution or -acquisition bar, good cause is shown if "the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of [the party's] proprietary competitive information." *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) (discussing patent-prosecution bars); *EPL Holdings, LLC v. Apple Inc.*, No. C-12-04306 JST (JSC), 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013) (explaining that patent-prosecution and -acquisition bars implicate the same concern).

### IV. To Prevent The Disclosure Or Inadvertent Use Of Apple's Confidential Technical Information, The Previously-Agreed Protective Order Should Be Entered On This Docket, And Be Amended to Include A Patent-Acquisition Bar

As set forth above, while this action was pending in Texas, the parties agreed to a protective order in this and other (then-consolidated) cases. This previously-agreed order does not appear on the docket of this case solely because of the mechanics of transferring those cases to this District. The terms of that order are still necessary to protect the parties' confidential information, and Apple has relied on them to produce confidential materials. The prior order should be formally entered here. Further, because recent events underscore an immediate risk that Uniloc's counsel of record

APPLE'S NOTICE OF MOTION AND                    7                    CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
MOTION FOR ENTRY OF PROTECTIVE ORDER                                     -00363-WHA; -00365-WHA; -00572-WHA

**Exhibit 8**
**-96-**

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

will unconsciously be influenced by Apple's confidential information when advising their client on patent acquisitions, the Court should also enter a patent-acquisition bar.

### A. The Previously-Agreed Protective Order Should Be Entered Here

It is only because of an administrative quirk that the parties' previously-agreed protective order does not appear on the dockets of the cases before the Court. Before transfer to this District, the five related patent-infringement suits before this Court, along with three suits now before Judge Hamilton, were consolidated before the same judge. (Ex. 1, 8/22/17 Consolidation Order, -470 Action, Dkt. No. 24.) The parties agreed on the terms for a protective order to apply across all nine actions. (But per the then-presiding judge's instructions, the parties sought entry of that order, and the order issued, only in what is currently case number 4:18-cv-00362-PJH (N.D. Cal.).) (Ex. 5, 1/9/18 Amended Protective Order, -470 Action, Dkt. No. 75.) When the cases were transferred here, they were transferred as individual matters. Consequently, the agreed protective order does not appear on the present dockets.

The provisions of that order govern access to and use of the parties' confidential materials, and are still relevant to this action. The case is ongoing, and the parties' sensitive materials still require protection from unauthorized use and disclosure. Apple has been producing highly confidential source code and other technical materials in the cases before the Court. And it has done so on the understanding—confirmed by Uniloc—that these materials will be treated in accordance with that prior order unless the Court directs otherwise. (Ex. 6, 5/17/18 E-mail, Jacobs to Pieja.) Apple has also been seeking discovery from third parties, such as Hewlett-Packard, who wish to ensure that the confidential materials they produce are entitled to the protective order's safeguards. Apple therefore requests that the terms of that order be formally entered on the docket for this matter.

Uniloc apparently opposes Apple's motion to replicate the previously-agreed order onto the docket of this Court. (Ex. 6, 5/17/18 E-mail, Jacobs to Pieja.) Evidently, Uniloc prefers a "modified" order that changes certain terms. (*Id.*) But Uniloc does not contest that the previous order was agreed to by the parties, entered by the previous court, and is still appropriate here. And, unlike Apple, Uniloc has not explained why any "modification" to that order is supposedly

Case 8:20-cv-00048-JVS-JDE   Document 81-8   Filed 07/16/20   Page 14 of 20   Page ID #:5760
Case 3:18-cv-00572-WHA   Document 81   Filed 05/24/18   Page 13 of 19

* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED *

necessary. Apple respectfully submits that it is entitled to the formal protections of the existing protective order that the parties had agreed to. If Uniloc believes there is good cause to amend that order, Uniloc can seek to do so.

As discussed below, Apple believes there is good cause to amend the existing order in one regard. Recent events demonstrate an immediate risk that Uniloc's counsel will inadvertently use or rely on Apple's highly sensitive information in advising Uniloc on acquiring other patents that can be asserted against Apple. To mitigate that risk, the protective order should include a patent-acquisition bar.

### B. The Protective Order Should Include A Patent-Acquisition Bar

#### 1. There Is An Immediate Risk That Uniloc's Counsel Will Inadvertently Use Or Rely On Apple's Highly Sensitive Technical Information

Apple currently faces a real and immediate risk that, as Uniloc seeks to acquire additional patents and assert them against Apple, Uniloc will be improperly guided by individuals with detailed knowledge of Apple's most confidential secrets: its source code and similar technical information. Since January of this year, Uniloc's software expert and counsel of record from Prince Lobel have been inspecting Apple's highly confidential source code. (Ex. 10, Source-Code Inspection Log; Ex. 11, 1/10/18 E-mail, Arrigo to Steele.) Apple made additional source code available for inspection in the present case on April 16 (Ex. 31, 4/16/18 E-mail, Pieja to Counsel), and some of the same representatives for Uniloc will begin to inspect that material on May 25 (Ex. 32, 5/10/18 E-mail, Jacobs to Counsel.) Apple anticipates that, just as Uniloc has done with each of its inspections before, Uniloc will also request printed source code to be delivered to its counsel's offices at Prince Lobel.

Once Uniloc's expert or counsel has reviewed Apple's source code, it is almost impossible to ensure that this information will not influence the advice they give their client going forward. "It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort . . . to do so." *Deutsche Bank*, 605 F.3d at 1378 (quoting *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)). And once "an attorney . . . has learned the intricacies of [a defendant's] secret technologies," he or she "will be hard-pressed

Case 8:20-cv-00048-JVS-JDE Document 81-8 Filed 07/16/20 Page 15 of 20 Page ID #:5761
Case 3:18-cv-00572-WHA Document 81 Filed 05/24/18 Page 14 of 19

\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \*

not to rely on that knowledge in a subsequent suit against [that defendant]." *Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2013 WL 9868422, at \*1 (N.D. Cal. Aug. 6, 2013). Specifically, "litigation counsel may . . . subconsciously use their knowledge of Apple's confidential information to advise a client on which patents . . . may be asserted against Apple"—and, therefore, "on which patents to acquire" for that purpose. *EPL*, 2013 WL 2181584, at \*4; *Telebuyer, LLC v. Amazon.com, Inc.*, No. 13-cv-1677, 2014 WL 5804334, at \*7 (W.D. Wash. July 7, 2014) (similar) (quoting *EPL*, 2013 WL 2181584, at \*4). In this case, there is a very real possibility that the same litigation counsel and expert who have reviewed Apple's source code—and who cannot now "selectively suppress [that] information," *Deutsche Bank*, 605 F.3d at 1378—will be advising Uniloc on which additional patents to buy and assert against Apple in the future.

Uniloc is represented in all of its current cases against Apple by the same group of attorneys from the Prince Lobel firm. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. In April 2017 (in the -357 case, now before Judge Koh), Uniloc sued Apple on the '852 Patent. Uniloc was represented in that action by the Prince Lobel attorneys of record in this case. At the same time, another of Uniloc's counsel, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

And at that time, the only "litigation counsel" in Uniloc's cases against Apple was Prince Lobel. Two days later—████████████████████████████████████████████████████████████████████████

---
7 ████████████████████████████████████

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER
10
CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
-00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-99-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

1    Recent activities underscore the risk Apple faces: that, in advising Uniloc on which new
2 patents to buy and assert against Apple, Uniloc's litigation counsel will be placed in a position in
3 which they will, inevitably, be unconsciously influenced by the highly confidential information they
4 have obtained (and will obtain) from Apple in existing suits. In the -357 case before Judge Koh,
5 Uniloc sued Apple on a patent about software updates. A few months ago, Uniloc used discovery in
6 that case to review Apple's source code for how Apple updates software on the iPhone and other
7 iOS devices. Uniloc then acquired another patent concerning software updating (the alSafadi patent)
8 and asserted that patent against Apple, again targeting Apple's software updates on the iPhone and
9 other iOS devices. And all of this occurred while Uniloc was represented not just by Prince Lobel,
10 but ████████████████████████████████████████████████████
11 ████.

12    Indeed, there is reason to believe that the very same Uniloc lawyers who reviewed Apple's
13 confidential wireless-software-updating code were involved in acquiring the alSafadi patent on
14 wireless software updating. In an effort to understand what had happened, Apple asked Uniloc
15 whether any of its counsel who had accessed Apple's confidential discovery were involved in the
16 alSafadi acquisition. Uniloc would not answer, instead saying that counsel did not "use" Apple's
17 confidential information to buy the alSafadi patent. (Ex. 6, 5/17/18 E-mail, Jacobs to Pieja.)
18 Uniloc's deflection misses the point. The immediate risk Apple faces is not of explicit or intentional
19 "use" of its confidential information, but of the unconscious way in which exposure to that
20 information will necessarily guide related decisions by Uniloc's counsel. *EPL*, 2013 WL 2181584,
21 at *4; *Telebuyer,* 2014 WL 5804334, at *7 (quoting *EPL*, 2013 WL 2181584, at *4).

22    The risk to Apple here is exacerbated by Uniloc's business model. Uniloc's business is to
23 repeatedly buy patents and assert them against companies such as Apple. Indeed, Uniloc has filed a
24 flurry of infringement suits against Apple in the past two years. Nineteen such cases are pending,
25 and the same group of attorneys from Prince Lobel represents Uniloc in all of them. Since the most
26 recent cases were filed little more than a month ago, there is every indication that Uniloc's
27 acquisition and assertion efforts are ongoing. In selecting which patents to buy next, the most
28 relevant material Uniloc could have is highly confidential technical information about how its

APPLE'S NOTICE OF MOTION AND                    11        CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
MOTION FOR ENTRY OF PROTECTIVE ORDER                              -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-100-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

target's products work—information that Uniloc's litigation counsel have gleaned, and will continue to glean, through discovery in the pending actions.

The law recognizes the risk inherent in this situation: the use or disclosure of Apple's confidential, proprietary information can have "very significant financial consequences." *E-Contact Techs., LLC v. Apple, Inc.*, No. 1:11-CV-426 (LED/KFG), 2012 WL 11924448, at *2 (E.D. Tex. June 19, 2012). And because Uniloc will continue to acquire more patents, "it is difficult to envision circumstances in which the inadvertent disclosure of [Apple's] highly confidential information would *not* be a risk," *Inventor Holdings, LLC v. Google, Inc.*, No. 1:14-cv-00186 (GMS), 2014 WL 4369504, at *1 (D. Del. Aug. 27, 2014) (emphasis added). The law also provides a mechanism for mitigating that risk: because it would be impossible for Uniloc's representatives to compartmentalize their knowledge of Apple's source code, they "should not be permitted to [continue] consult[ing] with their client . . . under circumstances where an inadvertent disclosure of what they have seen . . . could . . . be used to harm" the source of that information. *Id.* at *2. Apple therefore seeks to add a patent-acquisition bar to the terms of the previously-agreed protective order.

    **2.    The Existing Protective Order Does Not Adequately Protect Against Risks Associated With Uniloc's Patent-Acquisition Activities**

While the previously-agreed order recognizes the sensitivity of Apple's confidential source code and technical materials, it does not protect against the type of risk posed by Uniloc's patent-acquisition activities. The agreed order offers protection against *intentional* misuse of Apple's confidential materials. But it does not protect against counsel's subconscious use of or reliance on those materials in advising Uniloc (or others) on patent acquisitions. As courts have recognized, the acquisition bar that Apple seeks to incorporate is justified because it provides exactly that protection:

> [It provides] an additional layer of protection by prohibiting not just disclosure and use, but also advising. It thus prevents attorneys from—inadvertently or otherwise—relying on the confidential information when they advise . . . parties anticipating litigation against [Apple].

*Catch A Wave*, 2013 WL 9868422, at *1. A prohibition of this kind is an accepted and reasonable "*quid pro quo*" for Apple's disclosure of its "confidential, 'crown jewel' technology," *id; see EPL*,

APPLE'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER     12     CASE NOS. 3:18-CV-00359-WHA; -00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-101-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

2013 WL 2181584, at *4; *E-Contact*, 2012 WL 11924448, at *2; *Inventor Holdings*, 2014 WL 4369504, at *1.

Indeed, counsel for Uniloc has conceded that guarding against subconscious or inadvertent misuse of Apple's confidential information is appropriate and not particularly burdensome. Uniloc's counsel, as noted above, earlier agreed to include a patent-prosecution bar in the protective order governing this case. (Ex. 5, 1/9/18 Amended Protective Order, -470 Action, Dkt. No. 75 at pp. 5-7.) The patent-prosecution bar prohibits litigation counsel's involvement in strategic prosecution work related to the subject matter of the case. This prohibition mitigates the risk that counsel will inadvertently use a defendant's confidential information in proceedings before the PTO. *See EPL*, 2013 WL 2181584, at *4. The same risk that justifies a patent-prosecution bar, however, justifies an acquisition bar: "it is hard to conceive that there would be little or no risk of inadvertent [use of information] when [the] same attorneys [instead] advise their client in matters regarding [the] acquisition[] of patents." *E-Contact*, 2012 WL 11924448, at *2.

That the district court in Texas denied Apple's initial request for a patent-acquisition bar does not counsel against its inclusion now. Uniloc did not acquire the alSafadi patent, or assert that patent against Apple, until after this case had been transferred. Further, at the time of the earlier order, Apple did not have the information presented above suggesting that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. This new information, as discussed above, highlights the necessity of an acquisition bar here.

### 3. The Scope Of Apple's Proposed Acquisition Bar Is Reasonable

The acquisition bar that Apple seeks to include in the protective order "reasonably reflect[s] the risk presented by the disclosure of [Apple's] proprietary competitive information" with respect to Uniloc's future patent acquisitions, *Deutsche Bank*, 605 F.3d at 1381 (discussing patent-prosecution bars); *EPL*, 2013 WL 2181584, at *4. The bar concerns only acquisition-related activities. It relates only to highly confidential technical information about specific technologies. And it is of limited duration (*i.e.*, the pendency of this suit and for one year after its termination). Accordingly, the proposed bar sweeps no more broadly than is necessary.

APPLE'S NOTICE OF MOTION AND
MOTION FOR ENTRY OF PROTECTIVE ORDER
13
CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
-00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-102-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

## V.     Conclusion

This case is ongoing, and the parties' confidential information still requires protection under the terms of the previously-agreed protective order. That order should therefore be entered on the present docket. But Apple also faces a substantial and pressing risk that Uniloc's litigation counsel will subconsciously or inadvertently rely on or be influenced by Apple's highly sensitive technical information in advising on future patent acquisitions. Accordingly, the protective order should also include a patent-acquisition bar as phrased in Section II, above.

DATED:  May 24, 2018                                   Respectfully submitted,

                                                         /s/ Michael T. Pieja
                                                        Michael T. Pieja (CA Bar No. 250351)
                                                        Alan E. Littmann (*pro hac vice*)
                                                        Jennifer Greenblatt (*pro hac vice*)
                                                        Doug Winnard (CA Bar No. 275420)
                                                        Andrew J. Rima (*pro hac vice*)
                                                        Emma C. Neff, M.D., J.D. (*pro hac vice*)
                                                        Lauren Abendshien (*pro hac vice*)
                                                        GOLDMAN ISMAIL TOMASELLI
                                                        BRENNAN & BAUM LLP
                                                        564 W. Randolph St., Suite 400
                                                        Chicago, IL 60661
                                                        Tel: (312) 681-6000
                                                        Fax: (312) 881-5191
                                                        mpieja@goldmanismail.com
                                                        alittmann@goldmanismail.com
                                                        jgreenblatt@goldmanismail.com
                                                        dwinnard@goldmanismail.com
                                                        arima@goldmanismail.com
                                                        eneff@goldmanismail.com
                                                        labendshien@goldmanismail.com

                                                        Kenneth Baum (CA Bar No. 250719)
                                                        GOLDMAN ISMAIL TOMASELLI
                                                        BRENNAN & BAUM LLP
                                                        429 Santa Monica Boulevard, Suite 710
                                                        Santa Monica, CA 90401
                                                        Tel: (310) 576-6900
                                                        Fax: (310) 382-9974
                                                        kbaum@goldmanismail.com

                                                        *Attorneys for Defendant Apple Inc.*

APPLE'S NOTICE OF MOTION AND                    14              CASE NOS. 3:18-CV-00359-WHA; -00360-WHA;
MOTION FOR ENTRY OF PROTECTIVE ORDER                                       -00363-WHA; -00365-WHA; -00572-WHA

Exhibit 8
-103-

**\* REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED \***

# PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER** has been served on May 24, 2018, to all counsel of record who are deemed to have consented to electronic service.

/s/ Michael T. Pieja
Michael T. Pieja (CA Bar No. 250351)

APPLE'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER    15    CASE NOS. 3:18-CV-00359-WHA; -00360-WHA; -00363-WHA; -00365-WHA; -00572-WHA

**Exhibit 8
-104-**