# EXHIBIT 9

Case 8:20-cv-00048-JVS-JDE   Document 81-9   Filed 07/16/20   Page 2 of 15   Page ID
#:5768
Case 3:12-cv-05791-WHA   Document 42   Filed 07/24/13   Page 1 of 3

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

JAMES HANNAH
PHONE (650) 752-1712
JHANNAH@KRAMERLEVIN.COM

July 23, 2013

<u>*VIA CM/ECF*</u>

The Honorable Judge William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

   Re: *Catch a Wave Technologies, Inc. v. Sirius XM Radio Inc.*,
     <u>USDC ND California Case No. 3:12-cv-05791-WHA</u>

Dear Honorable Judge Alsup:

  There is a single dispute regarding the Proposed Protective Order involving the scope of a "patent acquisition bar", which prevents counsel from advising any of its clients in the acquisition of patents involving satellite radio signal processing for the purpose of asserting them against the disclosing party when they have had access to that disclosing party's confidential technical information.  The unique circumstances of this case, described in more detail below, justify having such a provision in the Protective Order for this litigation.

  Counsel for Catch A Wave Technologies, Inc. ("CAWT") has already agreed to such a patent acquisition bar for its client, CAWT, but is unwilling to extend that bar to its other clients. Ex. A at 1 (email from Qudus Olaniran to James Hannah).  Certainly, the resistance that CAWT's counsel has made to agreeing to extend the bar to its other clients, where counsel is from a very small law firm[1] who appears to be engaged in extensive representation of other non-practicing entities in the field of satellite radio technology, is alarming.  Consequently, Sirius XM Radio Inc. ("Sirius XM") is seeking to extend a limited subject matter patent acquisition bar to all of counsel's clients for a reasonable period of time.

  The language in dispute in this provision is underlined below:

> "In addition, any individual for or representing the parties who reviews and/or learns, in whole or in part, any technical "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY"

---

[1] The website for CAWT's counsel, the law firm of Freitas Tseng & Kaufman LLP ("FTK"), has what appears to be twelve (12) professionals listed on its website.  http://www.ftklaw.com.

990 MARSH ROAD   MENLO PARK CA 94025-1949   PHONE 650.752.1700   FAX 650.752.1800
1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000
47 AVENUE HOCHE   75008 PARIS FRANCE   PHONE (33-1) 44 09 46 00   FAX (33-1) 44 09 46 01
WWW.KRAMERLEVIN.COM

Exhibit 9
-105-

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Hon. William Alsup
July 23, 2013
Page 2

>information under this Order shall not substantively supervise/assist in the acquisition of patents related to satellite radio signal processing for the purpose of asserting infringement claims against the Producing Party (or any related entity) on behalf of ***any client** /the Receiving Party* for two (2) years after the conclusion of this litigation, including any appeals." Ex. B at 13 (Proposed Joint Stipulated Protective Order).

Sirius XM is seeking the broader patent acquisition bar extending to "any client", recited above, for several reasons. CAWT's counsel, FTK, currently represents non-practicing entities in over fifty-seven (57) pending patent cases. Thirty-eight (38) of these cases involve satellite technology within automobiles in which Sirius XM's partners and/or potential partners are the defendants in the litigations. *See* Ex. C (letter from American Int'l Automobile Dealers Ass'n discussing FTK's client, Beacon Navigation GmbH); *see also* Ex. D (list of FTK's pending cases). In addition to marketing itself as a firm that "frequently represent[s] clients on a contingent fee basis," the firm touts that its "focus is the representation of *patentees in infringement litigation*, International Trade Commission proceedings, and licensing." http://www.ftklaw.com (emphasis added). Furthermore, FTK's publicly available marketing materials, dated May 24, 2013, touts patent acquisition strategies for targeting companies, like Sirius XM. Ex. E at 2-3. Given the size of the firm of CAWT's counsel, what it represents about the work it does, and the numerous patentee litigation matters in which it represents patentees in the same space as the confidential technical information that Sirius XM has produced, Sirius XM is reasonably concerned that those with access to its confidential technical information will, inadvertently or otherwise, use that knowledge to assist in the acquisition of patents on behalf of its clients to sue Sirius XM. Here, where Sirius XM has produced highly sensitive confidential technical information, including its source code, Sirius XM must take all steps to protect such information to ensure that it is not misused, even inadvertently.

There is no logical explanation for why the broader patent acquisition bar is a point of contention. CAWT's counsel has already agreed that confidential information cannot be used for any purpose other than this litigation. Ex. B at 2, ¶1. Thus, it necessarily means that CAWT's counsel cannot use such information for the purposes of assisting with the acquisition of patents. When CAWT's counsel refused to agree to extend the patent acquisition bar for all of its clients and could not articulate a basis during the meet and confer why it could not agree to such a provision, Sirius XM was reasonably perplexed and apprehensive. As a result, Sirius XM has no choice but to ensure that it takes all necessary steps to protect its most sensitive confidential technical information that it has already produced in good faith in this litigation.

There should not be any dispute that Sirius XM's proposed acquisition bar is narrowly tailored. It only applies to those individuals with access to Sirius XM's confidential technical information or source code in this litigation. It also only prevents that individual from using such information to acquire patents in the "satellite radio signal processing" field to sue Sirius

990 MARSH ROAD   MENLO PARK CA 94025-1949   PHONE 650.752.1700   FAX 650.752.1800
1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000
47 AVENUE HOCHE   75008 PARIS FRANCE   PHONE (33-1) 44 09 46 00   FAX (33-1) 44 09 46 01
WWW.KRAMERLEVIN.COM

**Exhibit 9
-106-**

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Hon. William Alsup
July 23, 2013
Page 3

XM for a period of two years.  Given these restrictions on the patent acquisition bar, it is limited, but broad enough to protect the interests of all parties in this litigation.

      Finally, similar acquisition bars have been entered in other cases under similar facts.  *See Unwired Planet, LLC v. Apple, Inc.*, No. 3:12-CV-00505-RCJ (VPC), 2013 WL 1501489, at *7 (D. Nev. Apr. 11, 2013) (entering a protective order barring a non-practicing entity's outside counsel from using confidential information disclosed in the lawsuit for the purpose of giving advice on patent acquisitions for two years).  In *Unwired Planet*, the patentee's lawyers routinely represented non-practicing entities in patent infringement actions.  Accordingly, the court found "that good cause exists to include in the protective order the bar that [plaintiff's] outside counsel cannot use the confidential information obtained in this lawsuit for the purpose of giving advice on patent acquisitions."  *See id*.  In reaching this conclusion, the court recognized that such an acquisition bar "strikes a balance between [plaintiff's] need to access confidential information to prosecute this case, and [defendant's] justifiable concern that [plaintiff] not use this information to acquire patents to assert against [defendant]."  *See id*.  Similarly, Sirius XM's patent acquisition bar does not hinder CAWT's counsel from prosecuting this case in any way.  Rather, it prevents CAWT's counsel from using Sirius XM's confidential technical information to acquire patents to assert against Sirius XM.  For these reasons, Sirius XM respectfully requests the Court to enter the Protective Order attached hereto as Exhibit B.[2]

                                   Respectfully submitted,

                              By: */s/ James Hannah*
                                  PAUL J. ANDRE (State Bar No. 196585)
                                  pandre@kramerlevin.com
                                  LISA KOBIALKA (State Bar No. 191404)
                                  lkobialka@kramerlevin.com
                                  JAMES HANNAH (State Bar No. 237978)
                                  jhannah@kramerlevin.com
                                  KRAMER LEVIN NAFTALIS
                                    & FRANKEL LLP
                                  990 Marsh Road
                                  Menlo Park, CA 94025
                                  Telephone: (650) 752-1700
                                  Facsimile: (650) 752-1800

                                  *Attorneys for Defendant*
                                  SIRIUS XM RADIO INC.

---

[2] In compliance with the Court's standing order limiting attachments to twelve pages, Sirius XM attaches only the portion of the Protective Order in dispute with Sirius XM's proposed language.  A complete version of the Protective Order will be submitted upon the Court's request.

990 MARSH ROAD   MENLO PARK CA 94025-1949   PHONE 650.752.1700   FAX 650.752.1800
1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000
47 AVENUE HOCHE   75008 PARIS FRANCE   PHONE (33-1) 44 09 46 00   FAX (33-1) 44 09 46 01
WWW.KRAMERLEVIN.COM

**Exhibit 9**
**-107-**

**From:** Qudus Olaniran [mailto:QOlaniran@ftklaw.com]
**Sent:** Friday, July 12, 2013 10:45 AM
**To:** Hannah, James
**Cc:** Kobialka, Lisa; CAWT-FTKALL
**Subject:** RE: Sirius adv CAWT - Joint Letter

Dear James,

Based on our July 10 meet and confer, CAWT took the time and effort to reduce its portion of the letter to 1.5 pages as agreed. Instead of keeping with our agreement, you decided to double up on pages and increase the number of exhibits from one to six. Given the drastic deviation from our agreement by Sirius XM, a meeting to discuss would have been in order. In addition, your revision includes new accusations about what Robert Freitas may have said in a presentation that took place in Taiwan a couple of months ago. Unfortunately, Mr. Freitas is preparing for trial and unavailable to respond to the baseless accusations in your letter today. To the extent Sirius XM wants to submit a joint letter, we will provide you with our response on Monday.

In the meantime, we propose the following change to the acquisition/assertion bar be change:
> In addition, any individual for or representing the parties who reviews and/or learns, in whole or in part, any technical "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" information under this Order shall not substantively supervise/assist in the acquisition of patents related to satellite radio signal processing for the purpose of asserting infringement claims against the Producing Party (or any related entity) on behalf of ~~any client~~ [the Receiving Party] for two (2) years after the conclusion of this litigation, including any appeals.

Please let us know if Sirius XM is amenable to this change.

Best regards,
Qudus

**EXHIBIT A**

Exhibit 9
-108-

| | |
|---|---|
| 1 | ROBERT E. FREITAS (SBN 80948) |
|   | rfreitas@ftklaw.com |
| 2 | KAIWEN TSENG (SBN 193756) |
|   | ktseng@ftklaw.com |
| 3 | QUDUS B. OLANIRAN (SBN 267838) |
|   | qolaniran@ftklaw.com |
| 4 | KEN K. FUNG (SBN 283854) |
|   | kfung@ftklaw.com |
| 5 | FREITAS TSENG & KAUFMAN LLP |
|   | 100 Marine Parkway, Suite 200 |
| 6 | Redwood Shores, California 94065 |
|   | Telephone:    (650) 593-6300 |
| 7 | Facsimile:     (650) 593-6301 |
| 8 | Attorneys for Plaintiff, |
|   | CATCH A WAVE TECHNOLOGIES, INC. |

10  PAUL J. ANDRE (State Bar No. 196585)
    pandre@kramerlevin.com
11  LISA KOBIALKA (State Bar No. 191404)
    lkobialka@kramerlevin.com
12  JAMES HANNAH (State Bar No. 237978)
    jhannah@kramerlevin.com
13  KRAMER LEVIN NAFTALIS & FRANKEL LLP
    990 Marsh Road
14  Menlo Park, CA 94025
    Telephone: (650) 752-1700
15  Facsimile: (650) 752-1800

16  *Attorneys for Defendant*
    SIRIUS XM RADIO INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CATCH A WAVE TECHNOLOGIES, INC., | Case No. 3:12-cv-05791-WHA |
| Plaintiff, | **JOINT STIPULATED PROTECTIVE ORDER** |
| v. | **DEMAND FOR JURY TRIAL** |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

Joint Stipulated Protective Order
Case No. 3:12-cv-05791-WHA

**EXHIBIT B**

Exhibit 9
-109-

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.4  Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

///

1 SOURCE CODE" information and shall end two (2) year after final termination of this action. This section shall not preclude an individual from participating in prosecution if that individual only receives access to material disclosing financial information that does not also contain or disclose "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" technical information.

In addition, any individual for or representing the parties who reviews and/or learns, in whole or in part, any technical "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" information under this Order shall not substantively supervise/assist in the acquisition of patents related to satellite radio signal processing for the purpose of asserting infringement claims against the Producing Party (or any related entity) on behalf of any client for two (2) years after the conclusion of this litigation, including any appeals.

8. SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer") in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of

The Honorable James Holbein
Secretary
U.S. International Trade Commission
500 E Street, S.W., Room 112
Washington, DC 20436

*Re: Certain Automotive Navigation Systems, Components Thereof, And Products Containing Same*, Docket No. DN-2850

Dear Secretary Holbein:

The American International Automobile Dealers Association (AIADA) is a non-profit trade organization that for more than 40 years has represented the interests of America's international nameplate automobile dealers before Congress, the White House, and all federal agencies. Our mission is to increase awareness in Washington, D.C. and around the country of our members' contributions to their communities and the American economy, and to preserve and promote a free market for international brand automobiles in the United States.

Our dealer members represent the retail side of an industry sector that supports more than 10,000 franchises, 500,000 American workers, and 21 American manufacturing plants. In addition to their economic influence, our members are active in their communities, charitable leaders, and often the largest employer in town. They sell and service the brands Americans want to drive, representing 54.3 percent of all vehicles sold in the United States last month. Those brands include Acura, Aston Martin, Audi, Bentley, BMW, Ferrari, Honda, Hyundai, Infiniti, Jaguar, Kia, Land Rover, Lexus, Maserati, Maybach, Mazda, Mercedes, MINI, Mitsubishi, Nissan, Porsche, Rolls Royce, Saab, Scion, Smart, Subaru, Suzuki, Toyota, Volkswagen, and Volvo.

AIADA hereby responds to the Commission's invitation to file comments regarding the public interest issues raised by the complaint filed on October 21, 2011 by Beacon Navigation GmbH. In short, the issuance of an exclusion order and/or a cease and desist order in this investigation would negatively affect each of the public interest factors the Commission is commanded by 19 U.S.C. § 1337 to consider in determining whether to issue a remedy, including: adverse health, safety and welfare impacts; a lack of any like or directly competitive articles; and, as a mere patent assertion entity, no real capacity to replace the volumes of automobiles or navigation systems that would be subject to any exclusion order.

The relief sought by Beacon would bar from importation into the United States vast numbers of automobiles produced by most of the world's major automakers and sold by our dealers, as well as navigation systems for domestically produced automobiles. The total volume of affected commerce would be measured in the billions of U.S. dollars, and the exclusion of these products would affect consumers, the environment, as well as the United States economy. In particular, Commission remedial orders would prohibit importation and sale of many new models of automobiles produced by the numerous proposed respondents.

In response to the Commission's specific inquiries, the automobiles subject to Commission remedial orders are used in the United States for business and personal vehicle travel. The accused navigation systems make such travel safer, more convenient, and more efficient by providing a hands-free mechanism for travelers to receive accurate directions.

**EXHIBIT C**

Exhibit 9
-112-

Remedial orders directed to the accused automobiles and navigation systems would have significant negative effects on public health, safety, and welfare. In addition to the aforementioned safety benefits provided by navigation systems, by excluding new automobiles, *i.e.*, those that will be imported after Commission remedial orders go into effect, the Commission would deprive the public of some of the safest vehicles on the market today.[1] Exclusion of these models would also negatively impact the environment because it would prevent the importation and sale of some of the most fuel-efficient vehicles available today. In 2011, more than 160 models of automobiles achieve 30 miles per gallon or greater on the highway, and consumers now enjoy a wide choice of alternative-fuel automobiles.[2] Exclusion of these models would impede the automotive industry's progress on fuel efficiency and alternative-fuel automobiles, harming consumers and the environment alike.

AIADA is unaware of any like or directly competitive automobiles or navigation systems that are produced or are available in the United States. Indeed, Beacon apparently seeks to prevent importation and sale, for its own monetary gain, of nearly **every** automobile produced today that contains a navigation system.

Our response to the Commission's final inquiry is perhaps the most critical one — Beacon, because it is a mere patent assertion entity that does not manufacture automobiles or navigation systems, does not have the capacity to replace the enormous volume of products it seeks to exclude. And because Beacon has proposed nearly every automobile manufacturer in the world as respondents, there are no third parties that could possibly replace the volume of automobiles that Beacon seeks to exclude.

AIADA, therefore, requests that the Commission make clear to Beacon that it will not allow this attack on the automotive industry by a non-practicing, non-competing entity. There is no need for the Commission to subject the automotive industry to a lengthy investigation only to conclude what is obvious from the outset, that the remedy sought by Beacon would be devastating to the automotive industry, its dealers, and the United States economy, and would be harmful to consumers, to public safety, and to the environment. Beacon already has litigation in the United States District Court, and any grievances it has can be remedied in that action. At a minimum, AIADA requests that the Commission order the presiding administrative law judge to take evidence and make findings regarding the negative effects that remedial orders would have on the public interest.

Respectfully submitted,

*Cody Lusk*

Cody Lusk
AIADA President

---

[1] http://www.autoalliance.org/index.cfm?objectid=A96C7CE0-637F-11DF-BA61000C296BA163.

http://www.globalautomakers.org/issues/safety

[2] http://www.autoalliance.org/index.cfm?objectid=97D920F0-637F-11DF-BA61000C296BA163.

**EXHIBIT C**

Exhibit 9
-113-

### Search Result List

| Court | Docket Number | Description | Participant | Filed | Date Retrieved | Active or Closed | Identification |
|---|---|---|---|---|---|---|---|
| U.S. District - California Northern | 3:09cv5659 | Richtek Technology Corporation Et Al V. Upi Semiconductor Corporation Et Al | n/a | 12/02/2009 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:11cv179 | Mosaid Technologies Incorporated V. Dell, Inc. Et Al | n/a | 03/16/2011 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Western | 1:11cv771 | Bandspeed Inc V Parrot, Inc., Et Al. | n/a | 09/06/2011 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:07cv488 | Microlinc, Llc V. Intel Corporation Et Al | n/a | 11/07/2007 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:12cv263 | Rotatable Technologies Llc V. Acer America Corporation Et Al | n/a | 05/01/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2769 | B.E. Technology, L.L.C. V. Facebook, Inc. | n/a | 09/07/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2781 | B.E. Technology, L.L.C. V. Groupon, Inc. | n/a | 09/10/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2823 | B.E. Technology, L.L.C. V. Barnes & Noble, Inc. | n/a | 09/21/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2829 | B.E. Technology, L.L.C. V. Microsoft Corporation | n/a | 09/21/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2833 | B.E. Technology, L.L.C. V. People Media, Inc. | n/a | 09/22/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2834 | B.E. Technology, L.L.C. V. Match.Com L.L.C. | n/a | 09/22/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2866 | B.E. Technology, L.L.C. V. Motorola Mobility Holdings Llc | n/a | 10/02/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:12cv100 | Novelpoint Security Llc V. Samsung Electronics America, Inc. | n/a | 03/09/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Virginia Eastern | 2:12cv510 | Bluestone Innovations, Llc V. Acer, Inc. Et Aldo Not File In This Case. File In Case # | n/a | 09/13/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| | 2:12cv503. | | | | | | |
| U.S. District - Texas Eastern | 2:12cv716 | Novelpoint Tracking Llc V. Hewlett-Packard Company | n/a | 11/12/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:12cv781 | Novelpoint Tracking Llc V. Acer America Corporation | n/a | 12/08/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Wisconsin Eastern | 2:13cv302 | Mykey Technology Inc V. Botchek | n/a | 03/15/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11378 | Beacon Navigation Gmbh V. Chrysler Group Llc | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11380 | Beacon Navigation Gmbh V. Chrysler Group Llc | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11381 | Beacon Navigation Gmbh V Ford Motor Company | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11382 | Beacon Navigation Gmbh V. Ford Motor Company | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11386 | Beacon Navigation Gmbh V. General Motors Llc | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11387 | Beacon Navigation Gmbh V. General Motors Llc | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11389 | Beacon Navigation Gmbh V. Audi Ag Et Al. | n/a | 03/28/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11405 | Beacon Navigation Gmbh V. Audi Ag Et Al. | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11407 | Beacon Navigation Gmbh V. Bayerische Motoren Werke Ag Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11410 | Beacon Navigation Gmbh V. Bayerische Motoren Werke Ag Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11412 | Beacon Navigation Gmbh V. Honda Motor Co. Ltd. Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11413 | Beacon Navigation Gmbh V. Honda Motor Co. Ltd. Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11414 | Beacon Navigation Gmbh V. Hyundai Motor Company Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11416 | Beacon Navigation Gmbh V. Hyundai Motor Company Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11422 | Beacon Navigation Gmbh V. Jaguar Land Rover North America Llc Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11424 | Beacon Navigation Gmbh V. Jaguar Land Rover North America Llc Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11440 | Beacon Navigation Gmbh V. Kia Motors Corp. Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11441 | Beacon Navigation Gmbh V. Kia Motors Corp. Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11444 | Beacon Navigation Gmbh V. Mazda Motor Corporation Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11448 | Beacon Navigation Gmbh V. Mazda Motor Corporation Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11452 | Beacon Navigation Gmbh V. Daimler Ag Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11455 | Beacon Navigation Gmbh V. Daimler Ag Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11459 | Beacon Navigation Gmbh V. Nissan Motor Co. Ltd. Et Al | n/a | 03/29/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11497 | Beacon Navigation Gmbh V. Nissan Motor Co. Ltd. Et Al | n/a | 04/02/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11499 | Beacon Navigation Gmbh V. Dr. Ing. H.C. F. Porsche Ag Et Al | n/a | 04/02/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11504 | Beacon Navigation Gmbh V. Dr. Ing. H.C. F. Porsche Ag Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11505 | Beacon Navigation Gmbh V. Saab Automobile Ab Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11506 | Beacon Navigation Gmbh V. Saab Automobile Ab Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11507 | Beacon Navigation Gmbh V. Fuji Heavy Industries Ltd. Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11508 | Beacon Navigation Gmbh V. Fuji Heavy Industries Ltd. Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11509 | Beacon Navigation Gmbh V. Toyota Motor Corporation Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11510 | Beacon Navigation Gmbh V. Toyota Motor Corporation Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11511 | Beacon Navigation Gmbh V. Volkswagen Ag Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11512 | Beacon Navigation Gmbh V. Volkswagen Ag Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11513 | Beacon Navigation Gmbh V. Volvo Car Corporation Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11514 | Beacon Navigation Gmbh V. Volvo Car Corporation Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11516 | Beacon Navigation Gmbh V. Suzuki Motor Corporation Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Michigan Eastern | 2:13cv11517 | Beacon Navigation Gmbh V. Suzuki Motor Corporation Et Al | n/a | 04/03/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 2:13cv37 | Tierra Intelectual Borinquen, Inc. V. Acer, Inc. Et Al | n/a | 01/22/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Wisconsin Eastern | 2:13cv413 | Mykey Technology, Inc. V. Tefkat Llc | n/a | 04/15/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 3:12cv5791 | Catch A Wave Technologies, Inc. V. Sirius Xm Radio Inc. | n/a | 11/09/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 3:12cv747 | Mycone Dental Supply Co., Inc. V. Creative Nail Design, Inc. | n/a | 02/15/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |

**EXHIBIT D**

Exhibit 9
-114-

| Court | Case No. | Caption | | Filed | Updated | Status | NOS/Cause |
|---|---|---|---|---|---|---|---|
| U.S. District - Washington Western | 3:13cv5266 | Mykey Technology Inc. V. Cru Acquisitions Group Llc | n/a | 04/09/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 4:05cv4063 | Tessera, Inc. V. Advanced Micro Devices, Inc. Et Al | n/a | 10/07/2005 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 4:10cv3724 | U.S. Ethernet Innovations, Llc V. Acer, Inc. Et Al | n/a | 08/23/2010 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 4:12cv5967 | Perfect Surgical Techniques, Inc. V. Olympus Surgical & Industrial America Inc. | n/a | 11/21/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 5:13cv1770 | Bluestone Innovations, Llc V. Lg Electronics, Inc. Et Al | n/a | 04/23/2013 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:10cv491 | Ericsson Inc. Et Al V. D-Link Corporation Et Al | n/a | 09/14/2010 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:10cv597 | Guardian Media Technologies, Ltd. V. Acer America Corporation Et Al | n/a | 11/10/2010 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:11cv139 | Azure Networks Llc Et Al V. Csr Plc Et Al | n/a | 03/22/2011 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:11cv474 | Profectus Technology Llc V. Huawei Technologies Co., Ltd. Et Al | n/a | 09/09/2011 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:11cv677 | Profectus Technology Llc V. Acer Inc. Et Al | n/a | 12/16/2011 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:12cv252 | Azure Networks Llc Et Al V. Mediatek Inc. | n/a | 04/06/2012 | 05/10/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 2:13cv2302 | Mykey Technology Inc. V. Cpr Tools Inc. Et Al | n/a | 04/01/2013 | 05/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 2:09cv8441 | Nomadix, Inc. V. Hewlett-Packard Company Et Al | n/a | 11/17/2009 | 04/28/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 2:13cv2476 | Mykey Technology Inc. V. Cru Acquisitions Group Llc Et Al | n/a | 04/08/2013 | 05/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 8:12cv2126 | Digitech Image Technologies Llc V. Acer America Corporation Et Al | n/a | 12/07/2012 | 05/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 8:13cv43 | Mortgage Grader, Inc. V. Costco Wholesale Corporation | n/a | 01/10/2013 | 05/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 8:12cv1324 | Digitech Image Technologies Llc V. Electronics For Imaging Inc Et Al | n/a | 08/16/2012 | 05/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 8:12cv1659 | Lochner Technologies, Llc V. Apple Inc. Et Al | n/a | 10/01/2012 | 05/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Central | 2:12cv10927 | Mykey Technology, Inc. V. Intelligent Computer Solutions, Inc. | n/a | 12/26/2012 | 03/11/2013 | Active | NOS: (830) Patent; Cause: Fed. Question |
| U.S. District - Tennessee Western | 2:12cv2830 | B.E. Technology, L.L.C. V. Google Inc. | n/a | 09/21/2012 | 04/23/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2767 | B.E. Technology, L.L.C. V. Amazon Digital Services, Inc. | n/a | 09/07/2012 | 01/21/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2832 | B.E. Technology, L.L.C. V. Spark Networks, Inc. | n/a | 09/22/2012 | 03/30/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2831 | B.E. Technology, L.L.C. V. Apple Inc. | n/a | 09/22/2012 | 03/30/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2828 | B.E. Technology, L.L.C. V. Sony Electronics Inc. | n/a | 09/21/2012 | 03/23/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2827 | B.E. Technology, L.L.C. V. Sony Mobile Communications (Usa) Inc. | n/a | 09/21/2012 | 03/23/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2826 | B.E. Technology, L.L.C. V. Sony Computer Entertainment America Llc | n/a | 09/21/2012 | 03/25/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2825 | B.E. Technology, L.L.C. V. Samsung Electronics America, Inc. | n/a | 09/21/2012 | 03/23/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2824 | B.E. Technology, L.L.C. V. Samsung Telecommunications America, Llc | n/a | 09/21/2012 | 03/23/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2783 | B.E. Technology, L.L.C. V. Twitter, Inc. | n/a | 09/10/2012 | 01/12/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2782 | B.E. Technology, L.L.C. V. Pandora Media, Inc. | n/a | 09/10/2012 | 03/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Tennessee Western | 2:12cv2772 | B.E. Technology, L.L.C. V. Linkedin Corporation | n/a | 09/07/2012 | 03/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Texas Eastern | 6:12cv751 | Azure Networks Llc Et Al V. Acer America Corporation Et Al | n/a | 10/07/2012 | 04/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - Wisconsin Eastern | 2:13cv300 | Mykey Technology Inc. V. Botcheck | n/a | 03/15/2013 | 03/18/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 5:05cv334 | Rambus Inc., V. Hynix Semiconductor Inc. Et Al | n/a | 01/25/2005 | 03/07/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 5:06cv244 | Rambus Inc V. Micron Technology Inc. Et Al | n/a | 01/13/2006 | 03/28/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 3:10cv3724 | U.S. Ethernet Innovations, Llc V. Acer, Inc. Et Al | n/a | 08/23/2010 | 11/26/2012 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 3:09cv4920 | Orinda Intellectual Properties Usa Holding Group Inc V. Sony Corporation Et Al | n/a | 10/16/2009 | 03/09/2013 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 5:10cv3724 | Us Ethernet Innovations, Llc V. Acer, Inc Et Al | n/a | 08/23/2010 | 09/05/2012 | Active | NOS: (830) Patent; Cause: Patent Infringement |
| U.S. District - California Northern | 4:11cv4411 | Elpida Memory, Inc. V. Nanya Technology Corporation Et Al | n/a | 09/06/2011 | 10/06/2012 | Active | NOS: (830) Patent; Cause: Patent Infringement |

**Search Title**  Freitas Tseng 44274
**Client Matter Code**  099908/00217

U.S. District Courts (Civil) (Civil)

| | |
|---|---|
| **Courts** | ALL |
| **Attorneys** | "Freitas Tseng" Plaintiff,Defendant,Other |
| **Case Types** | Civil |
| **Nature Of Suit** | Patent (830) |
| **Case Status** | ALL |

EXHIBIT D

**Exhibit 9**
**-115-**



# Patent Monetization Strategies for Taiwan Companies

Robert E. Freitas
Freitas Tseng & Kaufman LLP
Redwood Shores, California
May 24, 2013

Copyright 2011 Freitas Tseng & Kaufman LLP. All Rights Reserved.

**EXHIBIT E**

**Exhibit 9
-116-**

# Due Diligence

- **Patent Acquisition**
  - Patent Quality
    - Validity Analysis
    - Royalty Potential
      - Fundamental
      - Crowded Field
      - Targets
  - Portfolio Size
    - Geographic Scope
    - Impact Not Directly Correlated With Size

FTK

EXHIBIT E

**Exhibit 9**
**-117-**

# Due Diligence

- **Patent Acquisition (cont.)**
  - Target Identification
    - Infringement
    - Potential Recovery
    - Likely Approach to Litigation

FTK

**EXHIBIT E**

**Exhibit 9
-118-**