# EXHIBIT 10

TED DANE (State Bar No. 143195)
ted.dane@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ZACHARY M. BRIERS (State Bar No. 287984)
zachary.briers@mto.com
BRIAN J. SPRINGER (State Bar No. 309094)
brian.springer@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

PETER A. DETRE (State Bar No. 182619)
peter.detre@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Google LLC and YouTube, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REALTIME ADAPTIVE STREAMING LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, and YOUTUBE, LLC,<br><br>Defendants. | Case No. 2:18-CV-03629-GW-JC<br><br>**NOTICE OF MOTION AND MOTION TO SUPPLEMENT PROTECTIVE ORDER TO INCLUDE PATENT ACQUISITION BAR**<br><br>Date: May 6, 2019<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on May 6, 2019, at 8:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable George H. Wu, United States District Court Judge, located at 350 West 1st Street, Los Angeles, California, Defendants Google LLC and YouTube, LLC will and hereby do move the Court to supplement the protective order to include a patent acquisition bar.

This motion is made pursuant to Federal Rule of Civil Procedure 26(c). This motion is based on this notice of motion and motion, all pleadings and papers on file in this action, and such other argument and evidence as may be presented to the Court prior to or at the hearing on this matter.

This motion is made following the conference of counsel.

DATED: April 5, 2019
                MUNGER, TOLLES & OLSON LLP
                    TED DANE
                    PETER A. DETRE
                    PETER E. GRATZINGER
                    ZACHARY M. BRIERS
                    BRIAN J. SPRINGER

By:    */s/ Zachary M. Briers*
        Zachary M. Briers
Attorneys for Defendants Google LLC and YouTube, LLC

Defendants Google LLC and YouTube, LLC (collectively "Google") move to supplement the stipulated protective order to include an "acquisition bar," which will prevent individuals who review Google's confidential source code and technical documentation from subsequently engaging in activities related to the acquisition of patents that cover that same confidential technology for a period of two years.

## I. BACKGROUND

Plaintiff Realtime Adaptive Streaming LLC ("Realtime") has filed dozens of lawsuits against technology companies, alleging infringement of patents related to data compression. In this action, Realtime alleges that Google infringes five patents by offering services—such as YouTube—that support certain video compression standards.[1] The accused services are implemented through software, meaning that Google will be required to produce highly confidential source code and technical documentation, considered Google's "crown jewels," *see buySAFE, Inc. v. Google, Inc.*, No. 13-CV-00781, 2014 WL 2468553, at *2 (E.D. Va. June 2, 2014).

Counsel for Realtime and Google agreed on the terms of a stipulated protective order, which they submitted to the Court in a joint motion. (ECF No. 43.) The stipulated protective order includes a "prosecution bar," preventing individuals who review Google's confidential technical information from being involved in the prosecution of patents relating to data compression for a period of two years after the termination of this action. (ECF No. 43-1 at ¶ 8.) The parties were unable to agree on a similarly worded "acquisition bar," so they agreed to present this contested issue to the Court for resolution. (*Id.* at ¶ 8 n.6.)

As recognized by courts throughout the country, acquisition bars ensure that individuals who access confidential technical information do not "consciously or

---

[1] The asserted patents are U.S. Patent Nos. 7,386,046 ("the '046 patent"); 8,934,535 ("the '535 patent"); 9,578,298 ("the '298 patent"); 9,769,477 ("the '477 patent"); and RE46,777 ("the '777 patent"). The '046 patent, the '535 patent, and the '477 patent are collectively referred to as the "Fallon patents."

subconsciously use their knowledge . . . to advise a client on which patents to acquire." *EPL Holdings, LLC v. Apple Inc.*, No. 12-CV-04306, 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013). An acquisition bar is particularly needed in this case, where Realtime is a non-practicing entity and its counsel "is tremendously active in filing patent infringement actions around the country" on behalf of non-practicing entities. *Intellectual Ventures I, LLC v. Lenovo Group Ltd.*, No. 16-CV-10868, 2019 WL 343242, at *1 (D. Mass. Jan. 25, 2019). And, with its agreement on the prosecution bar, Realtime all but concedes the propriety of a similarly scoped acquisition bar.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 26(c), a court possesses broad power to craft protective orders to prevent disclosure of a party's confidential information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

### A. The Significant Risk of Inadvertent Disclosure Justifies an Acquisition Bar.

This case presents the familiar situation in which one party obtains access to the other party's confidential technical information as part of the litigation. Realtime seeks valuable source code and other confidential technical documentation from Google. Turning over this confidential technology carries significant risks of inadvertent disclosure and competitive misuse. *See Telebuyer, LLC v. Amazon.com, Inc.*, No. 13-CV-01677, 2014 WL 5804334, at *2 (W.D. Wash. July 7, 2014) (describing source code as "highly confidential, technical information" that poses a "heightened risk of inadvertent disclosure" (citation omitted)); *buySAFE*, 2014 WL 2468553, at *2 (stating that "the potential misuse is obvious where Plaintiff has access to [Google's] valuable and confidential source code").

Courts regularly find it appropriate to restrict individuals who receive another party's confidential technical information from later assisting in the acquisition of patents covering the disclosed technology. The rationale for such restrictions is well-established: "It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (alteration omitted) (quoting *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)). Notwithstanding general provisions "specifying that designated confidential information may be used only for purposes of the current litigation," and notwithstanding the good faith of all individuals involved, courts recognize that "there may be circumstances in which even the most rigorous efforts . . . to preserve confidentiality . . . may not prevent inadvertent compromise." *Id.*; *see also Catch A Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. 12-CV-05791, 2013 WL 9868422, at *1 (N.D. Cal. Aug. 6, 2013) ("The patent acquisition bar . . . adds an additional layer of protection by prohibiting not just disclosure and use, but also advising.").

Realtime recognized and endorsed these settled principles when it agreed to a prosecution bar that is nearly identical in scope to the proposed acquisition bar. The justification underlying these two provisions is identical—it will be difficult, if not impossible, for an individual who has seen Google's confidential information to segregate that information mentally when later advising on patent prosecution or acquisition related to that information. The risks of inadvertent disclosure and competitive misuse are the same with respect to both prosecution and acquisition:

> Counsel for Plaintiff has acquiesced to the imposition of a patent prosecution bar, and, therefore, apparently agrees that there could possibly be a risk of inadvertent disclosure of Defendants' confidential information in the course of representing their client before the PTO. Therefore, it is hard to conceive that there would be little or no risk of inadvertent disclosure when these same attorneys advise their client in matters regarding acquisitions of patents.

*E-Contact Techs., LLC v. Apple, Inc.*, No. 11-CV-00426, 2012 WL 11924448, at *2 (E.D. Tex. June 19, 2012); *see also EPL Holdings*, 2013 WL 2181584, at *4 (explaining that patent acquisition and prosecution create the same risk of inadvertent use because "litigation counsel may consciously or subconsciously use their knowledge . . . to advise a client on which patents to acquire"). Courts readily recognize the risk that Google's highly confidential information will improperly be used to acquire patents. *See Inventor Holdings, LLC v. Google, Inc.*, No. 14-CV-00186, 2014 WL 4369504, at *1 (D. Del. Aug. 27, 2014) ("It is difficult to envision circumstances in which the inadvertent disclosure of [Google's] highly confidential information would not be a risk about which to be concerned when the issue being discussed is the future acquisition of patents.").

For these reasons, parties often stipulate to the inclusion of an acquisition bar in protective orders.[2] And when acquisition bars are contested, courts routinely conclude that they are appropriate and necessary in patent cases.[3]

---

[2] *See, e.g.*, *Blue Spike, LLC v. VIZIO, Inc.*, No. 17-CV-01172, 2018 WL 1889037, at *9 (C.D. Cal. Apr. 18, 2018); *FastVDO LLC v. AT&T Mobility LLC*, No. 16-CV-00385, 2016 WL 9049521, at *3 (S.D. Cal. July 25, 2016); Order at 1–2, *In re TLI Commc'ns LLC Patent Litig.*, No. 14-MD-02534 (E.D. Va. Dec. 4, 2014), ECF No. 119.

[3] *See, e.g.*, *Intellectual Ventures I*, 2019 WL 343242, at *4; Order at 3, *Uniloc USA, Inc. v. Apple Inc.*, No. 18-CV-00572 (N.D. Cal. July 2, 2018), ECF No. 107; Order at 10, *Univ. of Va. Patent Found. v. Gen. Elec. Co.*, No. 14-CV-00051 (W.D. Va. June 11, 2015), ECF No. 61; *Telebuyer*, 2014 WL 5804334, at *7; *Inventor Holdings*, 2014 WL 4369504, at *2; *Catch A Wave Techs.*, 2013 WL 9868422, at *1; *EPL Holdings*, 2013 WL 2181584, at *5; *Unwired Planet LLC v. Apple Inc.*, No. 12-CV-00505, 2013 WL 1501489, at *7 (D. Nev. Apr. 11, 2013); Transcript at 29:20–30:4, *Intellectual Ventures I LLC v. Altera Corp.*, No. 10-CV-00065 (D. Del. Aug. 1, 2012), ECF No. 145; *E-Contact Techs.*, 2012 WL 11924448, at *2; *cf. Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 15-CV-00053, 2016 WL 2904592, at *6 (D. Del. May 18, 2016) (requiring covenant not to sue on patents acquired during duration of protective order). On the other hand, cases

An acquisition bar is particularly justified in cases involving non-practicing entities like Realtime and its parent company, Realtime Data LLC, whose primary business is acquiring and asserting patents. *See, e.g., Realtime Data LLC v. Teradata Operations, Inc.*, No. 16-CV-02743, 2017 WL 3453295, at *3 (C.D. Cal. Feb. 27, 2017) ("As the Federal Circuit has recognized, 'Realtime Data, LLC, [is] a non-practicing entity.'" (alteration in original) (quoting *In re Morgan Stanley*, 417 F. App'x 947, 948 (Fed. Cir. 2011) (per curiam))); *Intellectual Ventures I*, 2019 WL 343242, at *3 (entering acquisition bar where plaintiffs were "in the business of acquiring patents and patent applications in order to monetize them"); *Inventor Holdings*, 2014 WL 4369504, at *1 (emphasizing plaintiff's status as a non-practicing entity in entering acquisition bar). Moreover, courts have remarked that Realtime's counsel in this case—lawyers at the firm Russ August & Kabat—are "tremendously active in filing patent infringement actions around the country" on behalf of non-practicing entities. *Intellectual Ventures I*, 2019 WL 343242, at *1.

### B. The Duration and Scope of the Proposed Acquisition Bar Are Reasonable.

Google's proposed acquisition bar is properly tailored with respect to its duration and subject matter. *In re Deutsche Bank*, 605 F.3d at 1381. Like the stipulated prosecution bar, the proposed acquisition bar expires two years after final disposition of this action. Courts regularly impose an acquisition bar that continues for a period of two years following the termination of litigation. *Intellectual Ventures I*, 2019 WL 343242, at *4; *Front Row Techs., LLC v. NBA Media

---

declining to impose an acquisition bar typically involve a failure by the movant to show any risk of inadvertent disclosure. *See, e.g., Intellectual Ventures I*, 2019 WL 343242, at *4 (declining to enter an acquisition bar when movant had not "made a showing of good cause or a significant risk of inadvertent disclosure as required"); *Prism Techs., LLC v. AT & T Mobility, LLC*, No. 12-CV-00122, 2013 WL 100390, at *5–6 (D. Neb. Jan. 8, 2013) (declining to enter an acquisition bar against an individual who was already prohibited from accessing highly confidential information).

1  *Ventures, LLC*, 125 F. Supp. 3d 1260, 1291 (D.N.M. 2015); *Inventor Holdings*, 2014 WL 4369504, at *2; *Catch A Wave Techs.*, 2013 WL 9868422, at *1; *In re Trs. of Bos. Univ. Patent Cases*, No. 12-CV-11935, 2013 WL 12324364, at *3 (D. Mass. Nov. 15, 2013). This limited duration is designed to "allow[] time for the limitations of human memory to run their course or for the information to become largely stale." *Catch A Wave Techs.*, 2013 WL 9868422, at *1.

The subject matter covered by the proposed acquisition bar is no broader than necessary. After extensive discussions with Realtime, Google offered to limit the acquisition bar to patents or patent applications "relating to methods or systems *for video compression*." This restriction is consistent with (and even narrower than) Realtime's own characterization of its patents' scope. ECF No. 31 at 2 (characterizing the Fallon patents as covering "digital data compression systems and methods"). Google's suggested language ensures that the acquisition bar reaches only those "areas of technology where there is risk that individuals may inadvertently exploit their new knowledge in future patent [acquisition]." *Applied Signal Tech., Inc. v. Emerging Mkts. Commc'ns, Inc.*, No. 09-CV-02180, 2011 WL 197811, at *3 (N.D. Cal. Jan. 20, 2011).

In sum, the proposed acquisition bar is appropriate because "the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank*, 605 F.3d at 1381.

### III. CONCLUSION

For the foregoing reasons, Google requests that the Court supplement the stipulated protective order in this action to include the following acquisition bar:

> Absent written consent from the Designating Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google shall not be involved in activity

relating to: (i) the acquisition of patents or patent applications (for any person or entity) relating to methods or systems for video compression; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google is first received by the affected individual and shall end two (2) years after final disposition of this action as provided herein.

DATED: April 5, 2019

MUNGER, TOLLES & OLSON LLP
TED DANE
PETER A. DETRE
PETER E. GRATZINGER
ZACHARY M. BRIERS
BRIAN J. SPRINGER

By: ___/s/ Zachary M. Briers___
Zachary M. Briers
Attorneys for Defendants Google LLC and YouTube, LLC