# EXHIBIT 11

1

The Honorable Richard A. Jones

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9    FOR THE WESTERN DISTRICT OF WASHINGTON
               AT SEATTLE

10

11   TELEBUYER, LLC,

12            Plaintiff,

13        v.

14

15   AMAZON.COM, INC., AMAZON WEB       Case No. 2:13-cv-01677-RAJ
  SERVICES LLC, and VADATA, INC.,

16          Defendants.        **MOTION FOR PROTECTIVE ORDER**

17                               **OF DEFENDANTS AMAZON.COM,**
                                  **INC., AMAZON WEB SERVICES LLC,**

18   AMAZON.COM, INC., AMAZON WEB      **AND VADATA, INC.**
  SERVICES LLC, and VADATA, INC.,

19

20         Counterclaimants,    **Note on Motion Calendar:**
                             **February 7, 2014**

21        v.

22                             **ORAL ARGUMENT REQUESTED**
  TELEBUYER, LLC,

23            Counterclaim-

24            Defendant.

25

26

27

MOTION FOR PROTECTIVE ORDER
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**Exhibit 11**
**-128-**

1

**TABLE OF CONTENTS**

2

                                                                             <u>Page</u>

3   INTRODUCTION ------------------------------------------------------------------- 1

4   STATEMENT OF FACTS ----------------------------------------------------------- 1

5          A.     The Plaintiff -------------------------------------------------------- 1

6          B.     The Patents -------------------------------------------------------- 2

7          C.     This Litigation ----------------------------------------------------- 2

8   LEGAL STANDARDS -------------------------------------------------------------- 4

9   ARGUMENT------------------------------------------------------------------------ 5

10    I.     Good Cause Exists to Restrict the Use of Amazon's Highly Confidential
11           and Valuable Source Code. ----------------------------------------------- 6

12           A.     Reasonable Restrictions on the Use of Source Code Should Extend
13                  to All Information Describing Such Source Code. ------------------------- 6

           B.     The Court Should Implement Reasonable Restrictions on the
14                  Printing and Transport of Source Code. -------------------------------- 7

15    II.    Any Person Receiving Confidential Technical Information Should Be
16           Precluded From Engaging In Competitive Decision-Making Activities. -------------- 8

17           A.     The Prosecution Bar Should Be Defined by the Technical Subject
                    Matter of the Confidential Information Disclosed in This Case, Not
18                  by the Client of the Lawyers Who Receive It. ----------------------------- 8

19           B.     The Prosecution Bar Should Extend to All Patent Reexamination
20                  and Post-Grant Proceedings. ------------------------------------------ 10

21           C.     The Prosecution Bar Should Extend to Patent Acquisition
                    Activities. ------------------------------------------------------- 11
22
           D.     The Prosecution Bar Should Extend for Two Years. ------------------- 12
23   CONCLUSION ------------------------------------------------------------------ 12

24

25

26

27

MOTION FOR PROTECTIVE ORDER                    - i -                **FENWICK & WEST LLP**
Case No. 2:13-cv-01677-RAJ                                          1191 SECOND AVENUE, 10TH FLOOR
                                                                   SEATTLE, WASHINGTON 98101
                                                                   TELEPHONE 206.389.4510
                                                                   FACSIMILE  206.389.4511

**Exhibit 11
-129-**

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Applied Signal Tech., Inc. v. Emerging Markets Commc'n, Inc.*,
   No. C–09–02180 SBA (DMR), 2011 WL 197811 (N.D. Cal. Jan. 20, 2011)------------ 12

*Bear Creek Tech. Inc. v. Verizon Services Corp.*,
   Civil Action No. 12-cv-600 (GMS), 2012 WL 3190762 (D. Del. July 25, 2012) ------- 11

*EPL Holdings, LLC v. Apple Inc.*,
   No. C-12-04306 JST (JSC), 2013 WL 2181584 (N.D. Cal. May 20, 2013) ------------- 12

*In re Deutsche Bank Trust Co. Americas*,
   605 F.3d 1373 (Fed. Cir. 2010) ------------------------------------------------------- passim

*Kelora Sys., LLC v. Target Corp.*,
   Nos. C 11–01548 CW (LB), 2011 WL 6000759 (N.D. Cal. Aug. 29, 2011) --------- 9, 12

*MicroUnity Sys. Eng'g, Inc. v. Dell, Inc.*,
   Case No. 04-cv-120-TJW, 2005 WL 2299455 (E.D. Tex. Aug. 1, 2005) ---------------- 11

*Pragmatus AV, LLC v. Facebook, Inc.*,
   No. 5:11-cv-2168, 2012 U.S. Dist. LEXIS 187990 (N.D. Cal. July 5, 2012)------------ 11

*Unwired Planet LLC v. Apple Inc.*,
   No. 3:12-CV-00505-RCJ (VPC), 2013 WL 1501489 (D. Nev. Apr. 11, 2013) ------ 8, 12

**OTHER AUTHORITIES**

Harmon, Homan and McMahon, *Patents and the Federal Circuit*,
   10th Ed. § 18.1(e) 2011 -------------------------------------------------------------------2

Patent Freedom, "Most Pursued Companies, https://www.patentfreedom.com/about-
   npes/pursued/" (last visited Jan. 8, 2014). --------------------------------------------5

Robert Ambrogi, "For Ronald Katz, Patent Litigation Pays Billions,"
   Bullseye Newsletter ------------------------------------------------------------------------1

**RULES**

Fed R. Civ. P. 26(c)(1)(G) -----------------------------------------------------------------4

MOTION FOR PROTECTIVE ORDER          - ii -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Exhibit 11
-130-

**INTRODUCTION**

In this patent infringement action, Telebuyer demands access to extremely confidential information about Amazon's most competitively sensitive technologies, including the Amazon source code used in www.amazon.com, one of the most valuable trade secrets in American business today. At the same time, Telebuyer refuses to agree to reasonable restrictions to reduce the risk that such highly sensitive information could be inadvertently disclosed or misused. Telebuyer, which has this lawsuit as its only business, demands instead that Amazon put its most confidential information at risk, merely because Telebuyer brought this lawsuit. In order to proceed with discovery and provide Telebuyer the information it seeks about the accused technology while, at the same time, avoiding the disclosure or misuse of Amazon's most confidential and valuable assets, Amazon respectfully moves the Court for a protective order that ensures fair and reasonable restrictions on the use of such sensitive information.

The parties have executed a "Protective Agreement" (Ex. 1[1]) that will govern aspects of discovery other than two crucial disputed issues, which necessitated this motion. Specifically, Amazon moves for a protective order that will provide: (1) appropriate restrictions on the treatment of Amazon's source code; and (2) a reasonable "prosecution bar" that, for a limited time, protects Amazon from having its source code and other confidential materials misused—even inadvertently—by professional patent speculators like Telebuyer to draft new patents or obtain new patent rights specifically directed to Amazon's trade secrets. Amazon respectfully asks the Court to issue a protective order requiring compliance with these reasonable restrictions.

**STATEMENT OF FACTS**

**A.     The Plaintiff**

Telebuyer was founded by Ronald A. Katz to own and license patents. Mr. Katz is one of the most litigious patentees in the United States. He reportedly has made billions asserting his patents related to telephone call processing against companies using call centers.[2] In this action,

---

[1] "Ex." herein refers to exhibits to the accompanying Declaration of Eugene Chiu.

[2] Robert Ambrogi, *For Ronald Katz, Patent Litigation Pays Billions*, Bullseye Newsletter,

MOTION FOR PROTECTIVE ORDER        - 1 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Exhibit 11
-131-

Case 8:20-cv-00048-JVS-JDE   Document 81-11   Filed 07/16/20   Page 6 of 21   Page ID
#:5797
Case 2:13-cv-01677-BJR   Document 92   Filed 01/30/14   Page 5 of 18

1   he seeks to stretch his telephone patents to cover e-commerce technologies used by modern Inter-

2   net pioneers.  To Amazon's knowledge, neither Telebuyer nor Mr. Katz has ever successfully

3   commercialized any e-commerce system, or made or sold any actual products or services.  In-

4   stead, both are patent speculators or patent assertion entities—namely, businesses based solely on

5   manipulating inefficiencies in our patent system to tax the innovations made and used by others.

6       **B.      The Patents**

7       In 1994—nearly 20 years ago—Mr. Katz filed the patent application that led to all seven

8   of the patents-in-suit.  (Ex. 3.)  That application describes a "dial-up telephone system" for con-

9   trolling "traffic" for video conferencing.  In a strategy that let him observe others bringing new

10  technologies to the market, while broadening the net cast by his collection of patents, Mr. Katz in

11  1999 began filing serial continuation and divisional applications grafted onto his original 1994

12  application and aimed at emerging technologies invented by others.[3]  (Ex. 4.)  As industry pio-

13  neers like Amazon developed these new Internet technologies, Mr. Katz continued to amend his

14  claims in an effort to pass these new technologies off as his own.  This resulted in a family of pa-

15  tents purporting to claim exclusive rights to technologies never contemplated by or disclosed in

16  the original 1994 application, and which were obvious and well known by the time Katz tried to

17  add these technologies to his pending applications.

18      Through this process, Mr. Katz amassed over *one thousand claims* in patents that began to

19  issue in 2010, *sixteen years* after he filed his original 1994 telephone traffic control application.

20  Even today, Mr. Katz maintains pending applications that purport to claim priority back to his

21  1994 application (*id.*), allowing him to add and amend claims at will.

22      **C.      This Litigation**

23      Mr. Katz is widely known for pursuing a litigation strategy calculated to overwhelm de-

24  fendants with the costs and cacophony of multi-patent and multi-claim patent litigation in order to

---

25  *available at* http://www.experts.com/Articles/For-Ronald-Katz-Patent-Litigation-Pays-Billions-
26  By-IMS-Expert-Services (last visited Jan. 29, 2014).

27      [3] A continuation application uses the same specification as the parent application.  Harmon,
    Homan & McMahon, *Patents and the Federal Circuit* § 18.1(e) (10th ed. 2011).

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

**Exhibit 11
-132-**

Case 8:20-cv-00048-JVS-JDE   Document 81-11   Filed 07/16/20   Page 7 of 21   Page ID
#:5798
Case 2:13-cv-01677-BJR   Document 92   Filed 01/30/14   Page 6 of 18

1  prevent a meaningful interrogation of the merits of his claims.  His patents are notorious for issu-

2  ing with excessive numbers of patent claims (in this case, they total almost 800), most of which

3  are either duplicative or trivially different from others, simply in order to deluge defendants with

4  needless defense burdens in future litigation.  True to form, Telebuyer filed this lawsuit in the

5  Eastern District of Virginia, a forum widely known for its alacrity, in a calculated attempt to

6  compromise defendants' ability to defend even further—a tactic that the Virginia court rejected.

7  On September 18, 2013 the court in Virginia transferred this action here.

8        In advance of discovery, Amazon proposed to Telebuyer a draft Protective Agreement.

9  Telebuyer's accusations had implicated some of Amazon's most closely guarded and sensitive

10  trade secrets.  Thus, Amazon's draft was intended to ensure the safe and fair treatment of its

11  source code, and it included a reasonable prosecution bar to limit those who access Amazon's

12  confidential information from also prosecuting or acquiring additional patents directed to Ama-

13  zon's trade secrets.  Despite extensive negotiations, the parties' disputes over the scope, though

14  not the principle, of these restrictions proved unresolvable.  But from the outset, Telebuyer's

15  counsel promised that unless Amazon agreed to Telebuyer's unduly narrow proposals, "Telebuyer

16  will simply withdraw from further negotiations and leave the parties to rely instead on the default

17  protections afforded by the federal rules, local rules, and the local model order." (Ex. 5.)

18        On November 27, Telebuyer served discovery requests of predictably overwhelming

19  scope. (Ex. 6.)  Amazon continued to pursue a compromise on the Protective Agreement.  (Ex.

20  7.)  Amazon proposed that the parties memorialize those terms on which they agreed, noting that

21  certain disputes may require resolution by the Court. (Ex. 8.)  As its draft reflected, Amazon con-

22  sidered the parties to have reached agreement on most terms on the treatment of source code, and

23  to have agreed in concept to a prosecution bar, but not its scope.  (*Id.*)  Telebuyer then took an all-

24  or-nothing position, refused to agree to *any* provisions relating to source code or a prosecution

25  bar, and threatened to oppose all such protections if Amazon sought relief from the Court.  (*Id.*)

26        Amazon tried again, and conferred with Telebuyer on December 23.  Amazon revised its

27  draft agreement based on Telebuyer's stated concerns, and sent another draft on January 2. (Ex.

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

Exhibit 11
-133-

9.)  And again, Telebuyer dismissed Amazon's proposal.  Although there remained just one dispute over the definition of source code, Telebuyer refused to enter into the Protective Agreement and insisted that Amazon seek relief from the Court to obtain *any* protections for source code or a prosecution bar.  (*Id.*)  On January 7, despite the unresolved disputes, Amazon made its source code available for Telebuyer's inspection, subject to Telebuyer agreeing in the interim to Amazon's proposed restrictions.  (Ex. 10.)  Telebuyer did not respond and has not inspected the code.

## LEGAL STANDARDS

The Court may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed R. Civ. P. 26(c)(1)(G).  Confidential source code merits special protections in its handling and treatment, and in patent cases, courts routinely implement such protections when source code is made available in discovery.  (*See, e.g.*, Ex. 11 (Model Order).[4])

Courts also implement "prosecution bars" to safeguard against the misuse of confidential information (even if unintentional) by lawyers or others in patent-related activities.  In *In re Deutsche Bank Trust Co. Americas*, the Federal Circuit noted the very real risk that confidential information can be misused, even inadvertently, because "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."  605 F.3d 1373, 1378 (Fed. Cir. 2010) (quotation and citation omitted).

The court articulated a two-step balancing test.  First is to assess whether counsel who receive confidential information are involved in their clients' competitive decision-making, which heightens the risk that such information could be misused.  *Id.*  Attorneys who are "substantially engaged with [patent] prosecution" create a "much greater" risk than those not involved in such activities.  *Id.* at 1380.  The second step is weighing the risk of inadvertent disclosure against the

---

[4] *See, e.g.*, http://www.cand.uscourts.gov/stipprotectorder ("For patent cases, Patent Local Rule 2-2 provides that the 'Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order.").

MOTION FOR PROTECTIVE ORDER          - 4 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Exhibit 11
-134-

1  potential harm to the opposing party caused by restrictions placed on its counsel. *Id.* "[T]he court

2  should consider such things as the extent and duration of counsel's past history in representing the

3  client before the PTO, the degree of the client's reliance and dependence on that past history, and

4  the potential difficulty the client might face if forced to rely on other counsel for the pending liti-

5  gation or engage other counsel to represent it before the PTO." *Id.* at 1381.

6      Finally, the "court must be satisfied that the kind of information that will trigger the bar is

7  relevant" to the barred activities. *Id.* "[I]nformation related to new inventions and technology

8  under development, especially those that are not already the subject of pending patent applica-

9  tions, may pose a heightened risk of inadvertent disclosure by counsel involved in prosecution-

10  related competitive decisionmaking." *Id.*

11                                      **ARGUMENT**

12      Driven by the innovations that earned it the seventh spot on Forbes' list of The World's

13  Most Innovative Companies, Amazon has built a complex, massive, and dynamic e-commerce

14  platform.  The company's crown jewels are its source code, a trade secret of incalculable value.

15  (Radliff Decl., ¶ 2.)  Revealing source code or technical information to outside parties—which

16  Amazon carefully avoids in its business—could undermine nearly two decades of technical and

17  financial investment by Amazon and could expose work in progress, leaking and eroding the val-

18  ue of future plans.  (*Id.*, ¶¶ 3, 4.)

19      In today's litigious climate, Amazon's competitive concerns are limited not just to other

20  e-commerce players who could copy Amazon's technology.  Amazon also must safeguard its

21  trade secrets against the growing industry of patent speculators and Patent Assertion Entities

22  (PAEs) many of whom, like Telebuyer, enjoy a business model based solely on acquiring and

23  prosecuting patents directed to the technologies invented by others.  (*Id.*, ¶ 5.)  In the last five

24  years, PAEs have filed over one hundred patent-related lawsuits against Amazon, making it one

25  of the ten most-targeted companies.[5]  Armed with even *publicly* available information about Am-

26      [5]  Patent Freedom, *Most Pursued Companies*, https://www.patentfreedom.com/about-
npes/pursued/ (last visited Jan. 29, 2014).

27

MOTION FOR PROTECTIVE ORDER       - 5 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

Exhibit 11
-135-

1   azon's technologies, dozens of PAEs like Telebuyer sue Amazon every year.  These parties could

2   (and no doubt would) realize significant and plainly unfair advantages from the advice and assis-

3   tance of lawyers or advisers who have acquired personal knowledge of  Amazon's trade secrets

4   through litigation.

5          **I.**    **GOOD CAUSE EXISTS TO RESTRICT THE USE OF AMAZON'S HIGHLY CONFIDENTIAL AND VALUABLE SOURCE CODE.**

6

7          Amazon moves the Court to order appropriate restrictions on the treatment and handling

8   of source code information ("Source Code") in connection with this action.  (*See* Ex. 2, § I.C.)

9   Good cause exists to grant Amazon's motion because the risk of disclosing or misusing this com-

    petitively sensitive and valuable trade secret outweighs any possible burden to Telebuyer.

10

11         **A.**    **Reasonable Restrictions on the Use of Source Code Should Extend to All Information Describing Such Source Code.**

12          The parties dispute how to define the "Source Code" that deserves special protections.

13   Amazon defines the term to include "computer code and associated comments and revision histo-

14   ries, formulas, engineering specifications, or schematics that define or otherwise describe in detail

15   the algorithms or structure of software designs." (Ex. 2, § I.C.1.)  Telebuyer proposes the defini-

16   tion:  "computer code, 'include' files, make files, link files, and other human readable files used

17   in the *actual generation, building, or compiling of software or firmware.*" (Ex. 12, p. 6 (emphasis

18   added).)  Telebuyer's unduly narrow proposal creates unreasonable risk.

19          Amazon has proposed a model definition of Source Code that has been approved in nu-

20   merous other patent cases and used by sophisticated litigants without issue. (Ex. 11, p. 2, § 2.9.)

21   In contrast, Telebuyer's definition would exclude documents which, though not directly used by a

22   computer for building software, still allow one to easily construct "actual" source code and there-

23   by use Amazon's trade secrets.  As Amazon has explained to Telebuyer, software companies of-

24   ten generate documents describing software in such detail as to enable a reader to create the "ac-

25   tual" code itself.  For example, engineers lay out their designs in pseudocode, which allows easy

26   conversion to "actual" source code. (*See, e.g.*, Ex. 13.)  Similarly, documents describing the de-

27   tailed instructions of source code and its architecture could be just as valuable to a competitor as

MOTION FOR PROTECTIVE ORDER      **- 6 -**
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

**Exhibit 11
-136-**

1    the source code itself.  Because Telebuyer demands discovery into virtually all of Amazon's tech-

2    nology, there is a high likelihood that discovery will reveal pseudocode or other similar infor-

3    mation describing source code.  This information does not meaningfully differ from the "actual"

4    code and deserves the same protections.

5          Telebuyer argues that "Amazon has, in the past, agreed to protective orders based on nar-

6    rower, more conventional definitions of 'source code,'" pointing to a protective order from a Tex-

7    as case, *Global Sessions LP v. Amazon.com Inc., et al.*  (Ex. 5, p. 2.)  But the definition in that or-

8    der, only partially quoted by Telebuyer, actually included "*descriptions* of source code" and was

9    not limited to only "actual" source code as Telebuyer demands now.  The full definition in *Global*

10   *Sessions* is essentially identical to what Amazon proposes here.  (Ex. 14, p. 3, §2(i).)

11         Telebuyer has claimed without basis that Amazon intends to improperly designate and

12   treat even "routine technical documents" as Source Code, to impede discovery.  (Ex. 9.)  There is

13   no basis for this accusation, and Amazon has no intention of making improper designations.  If,

14   during discovery, Telebuyer believes any documents have been improperly designated as Source

15   Code, Amazon will work in good faith with Telebuyer to resolve the issue without involving the

16   Court.  Telebuyer should share this reasonable expectation of cooperation.

17         **B.     The Court Should Implement Reasonable Restrictions on the**
              **Printing and Transport of Source Code.**
18
19         When Amazon conferred with Telebuyer on December 23, the parties had narrowed their

20   disputes in the Source Code section to three provisions:  (1) the definition of Source Code, as dis-

21   cussed above; (2) limits on the printing of source code on paper; and (3) prohibitions on risky

22   forms of transporting source code.  Amazon then revised the draft and sent it to Telebuyer on

23   January 2.  (Ex. 9.)  In response, Telebuyer objected to *only* the definition of Source Code.  But

24   when agreement could not be reached on that definition, Telebuyer withdrew its prior assent to

25   the other related provisions, necessitating this motion on all of them.  (*Id.*)

26         The Court should limit source code printing as Amazon proposes:  to no more than 1,500

27   pages in total and no more than 25 continuous pages, unless more are reasonably required to en-

MOTION FOR PROTECTIVE ORDER            - 7 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE   206.389.4511

Exhibit 11
-137-

Case 8:20-cv-00048-JVS-JDE   Document 81-11   Filed 07/16/20   Page 12 of 21   Page ID
#:5803
Case 2:13-cv-01677-BJR   Document 92   Filed 01/30/14   Page 11 of 18

1    compass an accused "function or method in its entirety."  These limits may be exceeded by

2    agreement after meeting and conferring.  Because *all* produced code will be available electroni-

3    cally, these print limits are entirely reasonable, and reflect a compromise from the parties' initial

4    positions.  Compared to similar cases, Amazon's proposal is generous.  *See, e.g.*, *Unwired Planet*

5    *LLC v. Apple Inc.*, No. 3:12-CV-00505-RCJ (VPC), 2013 WL 1501489, at *7 (D. Nev. Apr. 11,

6    2013) (ordering limitations of 250 total and thirty continuous pages).  (*See also* Ex. 15, pp. 8-9.)

7            Amazon also respectfully asks the Court to order that source code shall not be transported

8    in an unsecured way such as by mail, FedEx, or in checked luggage, and must be hand-

9    transported by persons approved to access the code under the Protective Agreement.  (*See, e.g.*,

10   Ex. 2, p. 11.)  Amazon should not be subjected to the risk that its trade secrets get lost in the mail,

11   misplaced by a courier, or sent to the wrong address.   To ensure minimal inconvenience to

12   Telebuyer, Amazon's proposal minimizes any need to transport source code by courier by permit-

13   ting counsel to make up to six paper copies to keep in multiple offices, and by requiring Amazon

14   to make source code available at depositions.

15   **II.      ANY PERSON RECEIVING CONFIDENTIAL TECHNICAL
            INFORMATION SHOULD BE PRECLUDED FROM ENGAGING**

16   **IN COMPETITIVE DECISION-MAKING ACTIVITIES.**

17           Amazon also moves for a prosecution bar requiring any person who receives its technical

18   confidential information in this action to be restricted, for a limited time, from engaging in related

19   patent prosecution and acquisition activities for others.  (*See* Ex. 2, § II.)  This is necessary to

20   prevent the inadvertent misuse of Amazon's confidential information in connection with the com-

21   petitive affairs of another.  The parties dispute (1) the subject matter of the bar; (2) the types of

22   barred prosecution activities; (3) whether to bar patent acquisition-related activities; and (4) the

23   duration of the restrictions.  Amazon's proposal strikes the right balance between the risk of inad-

24   vertent disclosure and the potential harm to Telebuyer.  *Deutsche Bank*, 605 F.3d at 1381.

25   **A.      The Prosecution Bar Should Be Defined by the Technical Sub-
            ject Matter of the Confidential Information Disclosed in This**

26   **Case, Not by the Client of the Lawyers Who Receive It.**

27           Amazon proposes a reasonable prosecution bar preventing counsel and experts who re-

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

**Exhibit 11
-138-**

1   ceive Amazon's confidential technical information from engaging, for a limited time, in patent

2   prosecution or acquisition activities involving *related technical subject matter.* (Ex. 2, II.C.) Ty-

3   ing the scope of the prosecution bar to the relevant technical subject matter, irrespective of the

4   client, comports with the Federal Circuit's goal of preventing the misuse of confidential infor-

5   mation by or for a competitor. Telebuyer, in contrast, would restrict the prosecution bar to activi-

6   ties only "on behalf of the receiving party [Telebuyer] or its acquirer, successor, predecessor, or

7   other affiliate." (Ex. 12, p. 28.) This would leave counsel and experts who receive Amazon's

8   confidential technical information free to advise *any* clients other than Telebuyer—including nu-

9   merous shell patent assertion entities controlled by Mr. Katz—on matters related to the same type

10  of technology. Telebuyer's proposal does nothing to reduce the risk that Amazon's confidential

11  information could be misused in those clients' competitive decisions.

12          The Federal Circuit recognizes that those who are involved in one party's "competitive

13  decision-making" create the risk of misusing, even inadvertently, the confidential information of

14  another party to which they have been exposed. Competitive decision-making includes "a coun-

15  sel's activities, association, and relationship with a client that are such as to involve counsel's ad-

16  vice and participation in any or all of the client's decisions … made in light of similar or corre-

17  sponding information about a competitor." *Deutsche Bank*, 605 F.3d at 1378 (quotation and cita-

18  tion omitted). Courts have found that prosecution bars that are related to the technical subject

19  matter of the litigation, and are not limited by the identity of the receiving party, "reasonably re-

20  flect[] the risks presented by the disclosure of the Accused Infringers' proprietary competitive in-

21  formation." *Kelora Sys., LLC v. Target Corp.*, Nos. C 11–01548 CW (LB) et al., 2011 WL

22  6000759, at *7 (N.D. Cal. Aug. 29, 2011).

23          Amazon faces a steady stream of litigation by patent speculators, patent aggregators, and

24  patent assertion entities who use patents not to protect investments in technology, but rather to

25  abuse the patent system to write patent claims, or acquire patents, solely to tax the inventive work

26  of Amazon engineers. Those firms could cause incalculable injury to Amazon were they permit-

27  ted to be advised by persons having first-hand knowledge of Amazon trade secrets. Accordingly,

MOTION FOR PROTECTIVE ORDER          - 9 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE   206.389.4511

Exhibit 11
-139-

1   Amazon's proposed prosecution bar is not defined by a particular client, but instead by the tech-

2   nical subject matter in this case:  "1) e-commerce technology for searching, displaying, advertis-

3   ing, offering, and/or selling products and/or services, or 2) traffic control technology for interfac-

4   ing members for video communication over dial-up telephone."  This language mirrors Telebuy-

5   er's own description of the scope of the technical information it seeks in discovery (Ex. 6), and it

6   reflects the technology described in the abstract of Telebuyer's own patents.  (Ex. 3.)  Moreover,

7   Amazon's proposal is consistent with a model prosecution bar.  (*See* Ex. 11, § 8, p. 13.)

8        Telebuyer's lawyers hyperbolically argue that Amazon's proposal "will impede our side's

9   ability to earn a livelihood for years to come."  (Ex. 8.)  This is a fiction that has no factual sup-

10   port and, in any event, counsel's pecuniary interests are not a factor in the *Deutsche Bank* balanc-

11   ing test.  Instead, courts consider the burden on the receiving party and its right to have the benefit

12   of counsel of its choice.  *Deutsche Bank*, 605 F.3d at 1381.  Amazon's terms are limited to the

13   technical subject matter asserted by Telebuyer.  There is no evidence that Plaintiff's counsel ad-

14   vises other clients who will be harmed by this limited prosecution bar.  The potential injury to

15   Amazon resulting from the inadvertent misuse of its confidential information far outweighs any

16   alleged risk to Telebuyer's lawyers' fees.

17        **B.    The Prosecution Bar Should Extend to All Patent Reexamina-
          tion and Post-Grant Proceedings.**

18

19        Amazon's proposed prosecution bar would restrict activities related to "prosecution," de-

20   fined as "directly or indirectly drafting, amending, advising on, or otherwise affecting the scope

21   or maintenance of patent claims" and including "original prosecution, reissue, reexamination, or

22   other proceedings affecting the scope or maintenance of patent claims, including *inter partes* re-

23   view or covered business method review."  (Ex. 2, II.C.)  Telebuyer appears to agree with a bar

24   on original prosecution, but argues that any bar extending to reexaminations and other post-grant

25   proceedings should be limited solely to drafting claims as opposed to counseling, drafting re-

26   sponses, taking discovery, arguing to the Patent Office, and like activities.  (Ex. 12, p. 29.)

27   Telebuyer's proposal is too narrow.  The Federal Circuit's balancing test does not distinguish be-

MOTION FOR PROTECTIVE ORDER           - 10 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

**Exhibit 11
-140-**

1  tween original prosecution and post-grant proceedings as Telebuyer does.  Attorneys involved in

2  "making strategic decisions on the type and scope of patent protection," and "strategically amend-

3  ing or surrendering claim scope" create a "much greater" risk of inadvertently disclosing competi-

4  tive information, regardless of the type of proceedings.  *Deutsche Bank*, 605 F.3d at 1380.

5        Other district courts have found no distinction between the dangers of disclosing confiden-

6  tial information in original prosecution and in other proceedings like reexamination.  *MicroUnity*

7  *Sys. Eng'g, Inc. v. Dell, Inc.*, No. 04-cv-120-TJW, 2005 WL 2299455, at *2-3 (E.D. Tex. Aug. 1,

8  2005); *see also Bear Creek Techs., Inc. v. Verizon Services Corp.*, No. 12-cv-600 (GMS), 2012

9  WL 3190762, at *2 (D. Del. July 25, 2012).  Reflecting this, the frequently used model order in

10  the Northern District of California includes reissue and reexamination activities in its prosecution

11  bar (Ex. 13), and that court has found this provision "entirely reasonable" notwithstanding the

12  "expense of retaining separate reexamination counsel."  *Pragmatus AV, LLC v. Facebook, Inc.*,

13  No. 5:11-cv-2168 EJD (PSG), 2012 U.S. Dist. LEXIS 187990, at *3-4 (N.D. Cal. July 5, 2012).

14        The harm to Amazon of having its competitively sensitive information disclosed or mis-

15  used far outweighs the cost—if any—to Telebuyer of retaining counsel other than its litigation

16  counsel here for any reexamination or other post-grant proceedings.  Indeed, it appears that

17  Telebuyer never has relied on its current litigation counsel, O'Melveny & Myers, for its prosecu-

18  tion work.  Since its original parent application was filed in January 1994, Katz has been repre-

19  sented by multiple other firms and counsel.  (Ex. 16.)  These firms have negotiated claim scope

20  and invalidity issues on Telebuyer's behalf for hundreds of patents and publications cited to the

21  Patent Office.  (*Id.*)  Telebuyer has its choice of many counsel and suffers no harm in continuing

22  to use any of its firms other than O'Melveny & Myers for prosecution-related activities.

### C.   The Prosecution Bar Should Extend to Patent Acquisition Activities.

25        The prosecution bar also should apply to "the acquisition of patents (including patent ap-

26  plications) or any exclusive rights to patents or patent applications" with related subject matter.

27  (Ex. 2, II.C.)  This is designed to minimize the risk of misusing Amazon's confidential infor-

MOTION FOR PROTECTIVE ORDER            - 11 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

Exhibit 11
-141-

Case 8:20-cv-00048-JVS-JDE    Document 81-11    Filed 07/16/20    Page 16 of 21    Page ID
#:5807
Case 2:13-cv-01677-BJR    Document 92    Filed 01/30/14    Page 15 of 18

1  mation in advising a client on acquiring patent rights, to Amazon's competitive detriment.

2       The "purpose of the prosecution bar is to mitigate the risk of inadvertent use of confiden-

3  tial information learned in litigation by barring litigation counsel's involvement in strategic deci-

4  sionmaking related to the subject matter of the litigation." *EPL Holdings, LLC v. Apple Inc.*, No.

5  C-12-04306 JST (JSC), 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013). "The *acquisition of*

6  *patents* implicates this concern since litigation counsel may consciously or subconsciously use

7  their knowledge of [producing party's] confidential information to advise a client on which pa-

8  tents to acquire, that is, patents that may be asserted against [a producing party]." *Id.* (emphasis

9  added). This concern is particularly acute here, as Telebuyer's business model is based on obtain-

10  ing patents. Courts have found that "good cause exists to include in the protective order the bar

11  that [receiving party]'s outside counsel cannot use the confidential information obtained in this

12  lawsuit for the purpose of giving advice on *patent acquisitions*." *Unwired Planet*, 2013 WL

13  1501489, at *7 (emphasis added). Amazon's proposal is reasonably limited to e-commerce tech-

14  nologies, and in response to Telebuyer's concerns, does not preclude counsel from participating in

15  activities directly for the purpose of settling litigations. This strikes the appropriate balance.

16              **D.    The Prosecution Bar Should Extend for Two Years.**

17       Finally, Amazon seeks a prosecution bar extending for two years after the conclusion of

18  litigation (Ex. 2, § II), which courts have found reasonable. (*See* Ex 14, § 8, p. 13.) *See Kelora*,

19  2011 WL 6000759 at *7 (citing *Applied Signal Tech., Inc. v. Emerging Mkts. Commc'ns, Inc.*,

20  No. C–09–02180 SBA (DMR), 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011). A two-year

21  term reasonably reflects the risk to the proprietary competitive information in this litigation, bal-

22  anced with the relative absence of burden on clients of litigation counsel.

23                          **CONCLUSION**

24       For the reasons stated above, the Court should grant Amazon's motion and order the par-

25  ties to comply with the source code provisions and prosecution bar Amazon has proposed, as stat-

26  ed in § I.C. and § II of Exhibit 2 to the accompanying Declaration of Eugene Chiu.

27

MOTION FOR PROTECTIVE ORDER          **- 12 -**
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE   206.389.4511

**Exhibit 11
-142-**

1    January 30, 2014                        Respectfully submitted,

2                                            FENWICK & WEST LLP

3

4                                            By: */s/ Brian D. Buckley*
                                                Brian D. Buckley, WSBA No. 26423
5                                               Ewa M. Davison, WSBA No. 39524
                                                1191 Second Avenue, 10th Floor
6                                               Seattle, Washington 98101
                                                Phone:      (206) 389-4510
7                                               Fax:        (206) 389-4511
                                                Email:      bbuckley@fenwick.com
8                                                           edavison@fenwick.com

9

10   *Of Counsel:*                           Counsel for Defendants
                                             AMAZON.COM, INC., AMAZON WEB
11                                           SERVICES LLC, and VADATA, INC.

12

13   By: */s/ Eugene Chiu*
         Matthew J. Moore (*pro hac vice*)
14       matthew.moore@lw.com
         LATHAM & WATKINS LLP
15       555 Eleventh Street, NW, Suite 1000
         Washington, D.C.  20004-1304
16       Telephone: (202) 637-2200
         Facsimile:  (202) 637-2201
17

18       Douglas E. Lumish (*pro hac vice*)
         doug.lumish@lw.com
19       Richard G. Frenkel (*pro hac vice*)
         rick.frenkel@lw.com
20       Gabriel S. Gross (*pro hac vice*)
         gabe.gross@lw.com
21       Patricia Young (*pro hac vice*)
         patricia.young@lw.com
22       Eugene Chiu
         eugene.chiu@lw.com
23       LATHAM & WATKINS LLP
         140 Scott Drive
24       Menlo Park, California  94025-1008
         Telephone: (650) 328-4600
25       Facsimile:  (650) 463-2600
26

27

MOTION FOR PROTECTIVE ORDER          - 13 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Exhibit 11
-143-

1

Cassius K. Sims (*pro hac vice*)
cassius.sims@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR PROTECTIVE ORDER          - 14 -
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Exhibit 11
-144-

**CERTIFICATE OF SERVICE**

I, Eugene Chiu, hereby certify that on January 30, 2014 I caused the foregoing **MOTION FOR PROTECTIVE ORDER OF DEFENDANTS AMAZON.COM, INC., AMAZON WEB SERVICES LLC, AND VADATA, INC.** to be served on the following parties as indicated below:

| | |
|---|---|
| **Jeremy E. Roller**<br>**Diana S. Breaux**<br>YARMUTH WILSDON PLLC<br>818 Stewart Street, Suite 1400<br>Seattle, WA 98101<br><br>*Attorneys for Plaintiff Telebuyer LLC* | [ ]  By United States Mail<br>[ ]  By Legal Messenger<br>**[X]  By Electronic CM/ECF**<br>[ ]  By Overnight Express Mail<br>[ ]  By Facsimile<br>[ ]  By Email [by agreement of counsel]<br>   jroller@yarmuth.com<br>   dbreaux@yarmuth.com |
| **Alan D. Tse**<br>**Brian M. Berliner**<br>**Mark Alan Samuels**<br>**Xin-Yi Zhou**<br>O'MELVENY & MYERS<br>400 S. Hope Street, Suite 1050<br>Los Angeles, CA 90071-2899<br><br>*Attorneys for Plaintiff Telebuyer LLC* | [ ]  By United States Mail<br>[ ]  By Legal Messenger<br>**[X]  By Electronic CM/ECF**<br>[ ]  By Overnight Express Mail<br>[ ]  By Facsimile<br>[ ]  By Email [by agreement of counsel]<br>   atse@omm.com<br>   bberliner@omm.com<br>   msamuels@omm.com<br>   vzhou@omm.com |

January 30, 2014

By: */s/ Eugene Chiu*
   Eugene Chiu (*pro hac vice*)
   LATHAM & WATKINS LLP

DC\3056445.1

MOTION FOR PROTECTIVE ORDER
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

**Exhibit 11
-145-**

The Honorable Richard A. Jones

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 TELEBUYER, LLC,

11                     Plaintiff,

12               v.

13 AMAZON.COM, INC., AMAZON WEB
   SERVICES LLC, and VADATA, INC.,

14

15                     Defendants.

16 AMAZON.COM, INC., AMAZON WEB
   SERVICES LLC, and VADATA, INC.,

17                     Counterclaimants,

18

19               v.

20 TELEBUYER, LLC,

21                     Counterclaim-
                       Defendant.

Case No. 2:13-cv-01677-RAJ

**[PROPOSED] ORDER GRANTING
MOTION FOR PROTECTIVE ORDER
OF DEFENDANTS AMAZON.COM,
INC., AMAZON WEB SERVICES LLC,
AND VADATA, INC.**

22

23

24

25

26

27

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**Exhibit 11
-146-**

1     Having read and considered the Motion for Protective Order of defendants Amazon.com,

2     Inc., Amazon Web Services LLC, and Vadata, Inc.'s (collectively, "Amazon"), plaintiff

3     Telebuyer, LLC's ("Telebuyer") Opposition thereto, and the entire record herein, it is hereby

4     **ORDERED** that Amazon's motion is **GRANTED**.

5     Accordingly, the Court hereby enters an order requiring the parties to comply with the

6     provisions for a prosecution bar and handling and treatment of source code information as out-

7     lined in § I.C and § II of Exhibit 2 attached to Amazon's motion.

8     IT IS SO ORDERED.

9

10    Dated:_____, 2014

                                           _____

11                                        Honorable Richard A. Jones
                                        United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
Case No. 2:13-cv-01677-RAJ

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Exhibit 11
-147-