Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404 Facsimile:  (949)7 60-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **PLAINTIFFS' NOTICE OF**<br>) **RENEWED *EX PARTE***<br>) **APPLICATION FOR AN ORDER**<br>) **REQUIRING APPLE TO**<br>) **COMPLY WITH THE**<br>) **SCHEDULING ORDER**<br>)<br>)<br>) Discovery Cut-Off:       7/5/2021<br>) Pre-Trial Conference:   3/21/2022<br>) Trial:                          4/5/2022 |

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc., hereby apply *Ex Parte* for an Order: (1) requiring Defendant Apple to comply with the Scheduling Order by producing core technical documents; (2) rejecting Apple's unilaterally-imposed condition on production of technical documents; and (3) modifying the Scheduling Order such that Plaintiffs' infringement contentions are due 42 days after Apple provides complete core technical documents.

Plaintiffs docketed this motion to be heard by Judge Selna because Plaintiffs seek enforcement of the case schedule. In accordance with Local Rule 7-19.1, Plaintiffs' counsel notified Apple's counsel of this Application on July 22, 2020. Powell Decl. ¶ 3. The parties met and conferred, but were unable to resolve their disputes. *Id.* Apple indicated it intends to oppose Plaintiffs' *ex parte* application. *Id.*

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 22, 2020          By: */s/ Adam B. Powell*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Perry D. Oldham
                                   Stephen W. Larson
                                   Adam B. Powell

                                   Attorneys for Plaintiffs,
                                   Masimo Corporation and
                                   Cercacor Laboratories

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiffs bring this renewed *ex parte* application to enforce the Court's Scheduling Order as suggested by the Court during the July 10, 2020, hearing. Even though Apple was obligated to produce "core technical documents" nearly ***six weeks ago*** on June 15, and the Court told Apple the production should happen "now," Apple refuses to provide these documents.

For months, Apple argued it should not have to produce ***any*** confidential technical information until Plaintiffs provide an "adequate" disclosure of trade secrets.  This Court and Judge Early collectively rejected that argument ***five times*** and held patent discovery must go forward.  Most recently, this Court rejected Apple's argument: (1) during a July 10 hearing, (2) in its July 13 order denying Apple's *ex parte* application to stay, and (3) in its July 14 order denying Apple's objections to Judge Early's order.

Incredibly, Apple still refuses to produce its core technical documents. Instead, the day after this Court's July 14 order, Apple again attempted to tie production of patent documents to Section 2019.210.   Specifically, Apple demanded an "ethical wall" prohibiting counsel who view Apple's confidential information from having any involvement in drafting or revising Plaintiffs' Section 2019.210 statement.  Apple then produced only 350 pages of documents "subject to" its "wall" condition.   Plaintiffs declined to download Apple's documents and instead now seek relief from the Court.

Apple's conditional 350-page "production" is improper and plainly insufficient.  Indeed, Apple admits its source code (the programming for the Apple Watch) is necessary to describe the relevant operation of its products. But Apple refuses to allow Plaintiffs to inspect any source code until after Plaintiffs serve infringement contentions.   Apple's unilateral acts violate the Court's Scheduling Order and numerous other orders on this subject.  The Court should order Apple to fully comply with the Scheduling Order without

conditions, extend Plaintiffs' deadline to provide infringement contentions until Apple completes its production, and impose any sanctions the Court deems appropriate.

# I.  STATEMENT OF FACTS

In the Rule 26(f) report, Apple argued the patent-specific deadlines—including its deadline to produce "core technical documents"—should not apply until Plaintiffs provide an **adequate** Section 2019.210 disclosure.  Dkt. 33 at 26, n.6.  This Court rejected Apple's argument on April 17.  Dkt. 37 ("The Court adopts the **patent specific dates**.  The Court stays the **trade secret discovery only** pending compliance with Section 2019.210.")[1]  Despite the clear language of the Scheduling Order, Apple sought a contrary ruling from Judge Early.  Dkt. 43.  On June 15, Judge Early rejected Apple's argument and confirmed the Scheduling Order "does not stay patent-related discovery."  Dkt. 54 at 8.

Despite Judge Early's ruling, Apple did not produce its technical documents.  Instead, in response to Plaintiffs' *ex parte* application to enforce the schedule, Apple argued it did not have to comply because the Court had not yet entered a protective order.  Dkt. 56 at 3, 7-9.  Apple expressly represented, however, that Section 2019.210 "is **not** a basis on which Apple relies" for withholding core technical documents.  *Id.* at 7 n.2.  On June 23, this Court denied Plaintiffs' *ex parte* application without prejudice and ordered the parties to submit their protective order disputes to Judge Early by June 27.  Dkt. 59 at 2.  The parties did so on June 26, and Judge Early issued a Protective Order just four days later on June 30.  Dkt. 61; Dkt. 67.

Despite entry of the Protective Order, Apple **still** did not produce its technical documents.  Instead, Apple argued it should **not** have to produce

---

[1] All emphasis is added unless noted otherwise.  All exhibits are attached to the Declaration of Adam B. Powell unless noted otherwise.

technical documents until Plaintiffs provide an adequate Section 2019.210 statement.  Ex. 1 at 9:19-12:9. Apple threatened to file an *ex parte* application, arguing an ethical wall should separate Plaintiffs' counsel working on the patent and trade secret claims.  *Id.* at 11:4-11, 12:5-9.  The Court rejected Apple's arguments, explaining:

> I guess I analyze things differently.  ***If core confidential documents are relevant to the patents, they should be disclosed now, notwithstanding the fact that they may overlap the trade secrets case.*** We need to go forward with the patent case.  And if and when there is adequate disclosure for trade secrets, all other materials should be produced.  But to the extent the core confidential technical documents are relevant to the patent case, they ***should be disclosed now and in advance of Masimo having to identify which claims it wants to proceed on***.

*Id.* at 12:10-19; *see also id.* at 14:11-15 ("Let's assume Masimo never asserted a trade secret claim.  The confidential information which involves the patent claims would be subject to production whether it was a trade secret or not."). The Court also noted it would entertain, on an *ex parte* basis, a motion to extend Plaintiffs' deadline for infringement contentions and to compel production of core technical documents.  *Id.* at 9:5-18.  Given the Court's clear orders, Plaintiffs hoped such an application would be unnecessary.

Unfortunately, Apple again refused to produce technical documents. Instead, later that same day, Apple filed an *ex parte* application seeking to stay Judge Early's order holding that patent discovery must go forward.  Dkt. 73. Apple once again argued it should not have to produce technical documents until Plaintiffs provided an adequate Section 2019.210 statement.  *Id.* at 4.

This Court denied Apple's *ex parte* application on July 13.  Dkt. 76. Moreover, on July 14, the Court denied Apple's objections to Judge Early's order.   Dkt. 79. The Court held Judge Early "correctly interpreted the Scheduling Order, which stayed only trade secret discovery pending Plaintiffs'

compliance with Section 2019.210." *Id.* at 4.  The Scheduling Order "did *not* stay discovery related to Plaintiffs' patent claims." *Id.*

Undeterred by this Court repeated orders, Apple *still* refused to produce its technical documents and *again* attempted to condition patent discovery on Section 2019.210.  Specifically, Apple demanded an "ethical wall" that prohibits counsel who have access to *any* Apple confidential information from ever drafting or revising Plaintiffs' Section 2019.210 statement. Ex. 2 at 10. Plaintiffs responded that Apple's request was baseless. *Id.* at 9. Plaintiffs explained that they were aware of no authority for imposing such a wall and distinguished the lone case Apple cited.  *Id.*

Apple then produced a scant 350 pages of discovery that it claims contain technical information, but conditioned that production on Plaintiffs agreeing to Apple's wall.  *Id.*, Ex. 3 at 16.  Plaintiffs requested Apple withdraw its unilateral condition and fully comply with its obligations to produce technical documents subject to the existing Protective Order, but Apple refused.  *Id.* at 15-16.  Thus, Plaintiffs could not review Apple's documents.  *Id.* at 16.  Apple also informed Plaintiffs that it would not produce source code until after Plaintiffs provide infringement contentions.  Ex. 4 at 18.  Given Apple's unilateral condition and failure to produce technical documents (including source code), Plaintiffs now seek relief from this Court.

## II.  <u>ARGUMENT</u>

The Ninth Circuit has explained that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citations omitted).  A scheduling order may be modified only upon a showing of good cause and with the Court's consent.  Rule 16(b)(4); *see also Tessera, Inc. v. Sony Corp.*, No. 5:11-cv-04399-EJD, 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere

suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court.   Just like any other order, the court expects compliance.").   Here, Apple never even asked for relief from the Scheduling Order.

## A.   Apple Has Not Complied With the Court's Scheduling Order

Apple purportedly produced two sets of documents on June 15 and July 16.   Neither satisfies Apple's obligation to produce "core technical documents" or its obligation to produce documents in response to the document requests that were the subject of Judge Early's order.

### 1.   Apple's June 15 Production is Insufficient

On June 15, Apple produced eight-hundred pages of non-technical documents, including (1) the "user guide" available on www.apple.com, (2) product packaging, and (3) end-user license agreements.   Dkt. 55-2 ¶ 3.   Apple failed to produce technical documents describing numerous topics.   *See, e.g.*, Dkt. 55 at 1-2.   In response to Plaintiffs' previous *ex parte* application, Apple acknowledged its June 15 production did not satisfy its obligation to produce core technical documents.   *See* Dkt. 56 at 3.

### 2.   Apple's July 16 "Production" Is Insufficient

On July 16, Apple purportedly produced 350 pages of discovery, but conditioned production on Plaintiffs agreeing to an "ethical wall."   Ex. 3 at 16. Thus, Apple did not produce discovery in accordance with the existing Protective Order and, instead, imposed an additional improper condition.   Thus, the July 16 "production" cannot cure the deficiencies in the June 15 production.

Apple's unilateral condition on production is inappropriate and prejudicial for many reasons.   First, Apple did not obtain such relief from the Court.   The parties briefed over ***twenty*** disputed provisions of the protective order, but the Protective Order does not include Apple's wall.   Dkt. 67.   Apple claimed a wall was appropriate during the July 10 hearing, but the Court did not

impose such a wall.  Instead, the Court stated Apple should produce core technical documents "***now***, notwithstanding the fact that they may overlap the trade secrets case."  Ex. 1 at 12:10-19.  This Court has—repeatedly and clearly—rejected Apple's attempt to tie production of its confidential documents to Plaintiffs providing an "adequate" Section 2019.210 disclosure.  The Court should reject Apple's ***fifth*** bite at the proverbial apple.

Second, Apple's requested wall would prejudice Plaintiffs.  Apple's wall would prevent attorneys who review ***any*** Apple confidential documents, including documents relating to trade secrets, from drafting or revising Plaintiffs' Section 2019.210 statement.  Accepting such a wall would require Plaintiffs to segregate its team into two sets of lawyers for the entire case: those who see Apple's confidential documents and those who do not. While each lawyer may focus more on certain issues, Plaintiffs have a single legal team that handles all aspects of this case.

Third, Apple's proposed wall is contrary to law.  A plaintiff can properly amend its Section 2019.210 statement based on information obtained during discovery.  *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal.App.4th 1333, 1350-51 (2009) (explaining amendment would be proper "[i]f, through discovery, [plaintiff] uncovers information suggesting defendants misappropriated additional trade secrets"); *Vacco Industries, Inc. v. Van Den Berg*, 5 Cal. App. 4th 34, 51 n.16 (1992) (affirming decision allowing plaintiff to amend their Section 2019.210 statement "several times" throughout discovery).  Apple's proposed wall would immunize Apple from being liable for all trade secret misappropriation uncovered during discovery.  That is contrary to the Federal Rules, as well as California Court of Appeal decisions interpreting Section 2019.210.

Apple cited only a single case to support its wall.  Ex. 2 at 10 (citing *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011)).

-6-

In *Jardin*, however, the court enacted a temporary ethical wall to prevent plaintiffs' counsel from using confidential information obtained **in an entirely separate case** years earlier. *Jardin*, 2011 WL 3299395 at *5. The court did so because the protective order in the earlier case "limits the use of produced protected information to that case." *Id.* at *1. *Jardin* did not hold or suggest that courts should impose a wall segregating counsel in the same case.

Apple has repeatedly suggested that Plaintiffs do not have valid trade secret claims and will simply manufacture unfounded claims based on Apple's documents. Nothing could be further from the truth. Indeed, Plaintiffs will describe their trade secrets in more detail in an amended complaint in just two days, despite not having received a single confidential Apple document.[2]

Finally, even if Apple's conditional production were valid, it would plainly be insufficient. During the conference of counsel, Apple asserted Plaintiffs could not know if the "production" was sufficient because Plaintiffs' counsel did not review the documents. Powell Decl. ¶ 3. But there is no possibility that Apple's core technical documents relating to products accused of infringing **twelve** patents could total only 350 **pages**.[3] Likewise, Apple's production could not satisfy its obligation to respond to the RFPs Plaintiffs served **four months ago**. Both Judge Early and this Court rejected Apple's attempt to withhold such documents based on Section 2019.210. Dkt. 54; Dkt. 79. But Apple has not produced these documents, prejudicing Plaintiffs.

---

[2] Apple cannot excuse its compliance on the basis that Plaintiffs are adjusting the asserted patents because Apple's deadline expired long before Plaintiffs provided that information as a courtesy. Moreover, the change should not impact Apple's document production because Plaintiffs already told Apple the new patents are in the same families as existing asserted patents. Ex. 5 at 20.

[3] By contrast, Plaintiffs have already produced over 80,000 pages of documents, including thousands of pages of highly confidential documents. Ex. 6.

Moreover, Apple's 350-page production cannot be sufficient because it does not include Apple's source code describing the operation of the accused products.  Such source code is highly relevant at least to (1) operating at different power consumption levels (*see, e.g.*, Claim 1 of the '703 patent, Claim 1 of the '776 patent) and (2) operating according to different protocols to determine pulse rate (*see, e.g.*, Claim 1 of the '776 patent).  Indeed, Apple acknowledged such code is relevant to at least some of the patents-in-suit.  Ex. 4 at 18.  Yet Apple has maintained that it will not produce ***any*** source code until ***after*** Plaintiffs provide infringement contentions.  *Id.*  This Court repeatedly rejected that approach at the July 10 hearing.  Ex. 1 at 9:9-12 ("I don't think that Masimo should be required to make its infringement contentions until you produce the core technical documents"), 12:16-19 ("core confidential technical documents are relevant to the patent case, they should be disclosed now and in advance of Masimo having to identify which claims it wants to proceed on").

During the conference of counsel, Apple attempted to seize on purported technical deficiencies in Plaintiffs' request to inspect source code.  Powell Decl. ¶ 3.  However, Apple refused to identify the purported deficiencies.  *Id.*  To the extent Apple is contending that Plaintiffs have not yet identified the specific attorney who will inspect source code, such notice is not required until five days before inspection.  Dkt. 67 ¶ 11(g).  Further, Apple's argument is merely a distraction because Apple has made clear it will not make any source code available until after Plaintiffs provide infringement contentions.  *See* Ex. 4 at 18.  Apple cannot rely on purported deficiencies to excuse its own failure to collect the relevant source code and offer to make it available for inspection weeks ago.

Accordingly, the Court should order Apple to make a complete production of core technical documents and withdraw its unilateral wall.

**B.**   **The Court Should Extend the Deadline for Infringement Contentions**

At the July 10 hearing, the Court agreed Plaintiffs should not be required

to provide infringement contentions until after Apple provides core technical documents.  Ex. 1 at 9:9-12 ("I don't think that Masimo should be required to make its infringement contentions until you produce the core technical information"); *id.* at 12:16-19 ("But to the extent the core confidential technical documents are relevant to the patent case, they should be disclosed now and in advance of Masimo having to identify which claims it wants to proceed on").

Plaintiffs request the Court extend the deadline to provide infringement contentions (and accompanying items) until six weeks after Apple's core technical document production is complete, which is consistent with the spacing in the current schedule.  *See* Dkt. 33; Dkt. 37.  The Court should also make clear that the deadline is extended until six weeks after Apple provides a ***complete*** production.  Such relief is appropriate to prevent Apple from continuing to engage in self-help by making inadequate productions and then claiming the clock is running on Plaintiffs' contentions.[4]  Indeed, Apple has already contended that a scant 350-page production somehow satisfies its obligation to produce core technical documents sufficient to show the operation of products accused of infringing twelve patents, while withholding all source code.[5]

**C.**   **Ex Parte Relief is Necessary and Appropriate**

*Ex parte* relief is appropriate here because there will be (1) irreparable prejudice if the application is not granted and (2) Plaintiffs are without fault in

_____

[4] While Plaintiffs' assume any disputes over compliance would ordinarily be resolved by Magistrate Judge Early, Plaintiffs recognize the Court may prefer to resolve disputes on an *ex parte* basis to maintain the schedule.  Thus, Plaintiffs' proposed order contains both options for the Court's consideration.

[5] Apple asserted if Plaintiffs' deadline is moved then Apple's invalidity contentions deadline should be moved.  Powell Decl. ¶ 3.  But the Court should not reward Apple for its contempt.  Moreover, if necessary to maintain Apple's deadline and move this case forward, Plaintiffs are willing to provide claim charts based on public information now so long as they can freely amend later.

creating the need for *ex parte* relief.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

First, Plaintiffs' infringement contentions are due in just five days.  The Court already noted that Plaintiffs should not have to provide infringement contentions before reviewing Apple's technical documents.  Ex. 1 at 9:9-12, 12:16-19.  The Court even noted *ex parte* relief was appropriate.  *Id.* at 9:5-8.

Second, Plaintiffs are without fault in creating the need for *ex parte* relief.  Apple has repeatedly disregarded this Court's orders.  Plaintiffs have been diligent in attempting to enforce this Court's order, even previously seeking *ex parte* relief to enforce the deadline. Dkt. 55.  Plaintiffs repeatedly tried to obtain Apple's compliance, but Apple has refused.  Thus, *ex parte* relief is appropriate.  *See Malch v. Dolan*, 2018 WL 6017000 at *2 (C.D. Cal. Apr. 12, 2018).

### III.  <u>CONCLUSION</u>

Plaintiffs respectfully request the Court: (1) order Apple to produce all core technical documents (including source code) within seven days of the Court's order, (2) reject Apple's unilateral "ethical wall," and (3) extend Plaintiffs' deadline to provide initial infringement contentions until six weeks after Apple provides a complete production of core technical documents.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 22, 2020          By: */s/ Adam B. Powell*
                              Joseph R. Re
                              Stephen C. Jensen
                              Perry D. Oldham
                              Stephen W. Larson
                              Adam B. Powell

                              Attorneys for Plaintiffs,
                              Masimo Corporation and
                              Cercacor Laboratories

33187842