Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **DECLARATION OF ADAM B.**<br>) **POWELL IN SUPPORT OF**<br>) **PLAINTIFFS' RENEWED *EX***<br>) ***PARTE* APPLICATION FOR AN**<br>) **ORDER REQUIRING APPLE TO**<br>) **COMPLY WITH THE**<br>) **SCHEDULING ORDER**<br>)<br>)<br>) Discovery Cut-Off:    7/5/2021<br>) Pre-Trial Conference: 3/21/2022<br>) Trial:                        4/5/2022 |

I, Adam B. Powell, hereby declare:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and Counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. in this action.  I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, would testify competently thereto.

2.      I submit this Declaration in support of Plaintiffs Renewed *Ex Parte* Application For an Order Requiring Apple to Comply with the Scheduling Order.

3.      Pursuant to L.R. 7-19, on July 22, 2020, at approximately 11:30am, I left voicemails for Ilissa Samplin, Joshua Lerner, and Brian Andrea (who are all counsel of record for Apple) describing Plaintiffs' anticipated *ex parte* application and asking them to call me back and inform me whether Apple would oppose.  I spoke to Mr. Lerner and other counsel for Apple at 1:45pm.  During the conference, Apple asserted that Plaintiffs could not know that the 350-page production was insufficient without reviewing the documents.  Apple also argued that Plaintiffs did not comply with the technical notice requirements to inspect source code provided in the Protective Order.  I asked Apple to identify the provisions it thought Plaintiffs had not complied with, but Apple refused.  Apple indicated it would identify the provisions in its opposition to Plaintiffs' *ex parte* application.  Apple also indicated that any extension of Plaintiffs' deadline for infringement contentions should also extend Apple's deadline for invalidity contentions.  Apple asserted that it needed to know the claims that Plaintiffs were asserting and how Plaintiffs interpreted those claims to prepare invalidity contentions.  Apple also maintained its "ethical wall" is appropriate and reserved the right to seek relief should Plaintiffs' attorneys violate Apple's purported wall.  The parties were unable to resolve their dispute and Apple indicated it would oppose Plaintiffs' application.

4.     Attached hereto as **Exhibit 1** is a true and correct copy of a transcript of the July 10, 2020, hearing in this matter.

5.     Attached hereto as **Exhibit 2** is a true and correct copy of an email sent from Ms. Samplin to myself at 11:37 a.m. on July 17, 2020.

6.     Attached hereto as **Exhibit 3** is a true and correct copy of an email sent from Ms. Samplin to myself at 5:12 p.m. on July 21, 2020.

7.     Attached hereto as **Exhibit 4** is a true and correct copy of an email sent from Mr. Andrea to an email distribution list that includes myself at 7:44 a.m. on July 21, 2020.

8.     Attached hereto as **Exhibit 5** is a true and correct copy of an email from Brian Rosenthal (who is counsel of record for Apple) to an email distribution list that includes myself at 5:52 p.m. on July 15, 2020.

9.     Attached hereto as **Exhibit 6** is a true and correct copy of an email from Karina Villanueva (who is a litigation paralegal at my firm) to Apple's counsel at 7:35 p.m. on July 21, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 22, 2020, at Encinitas, California.


*/s/ Adam B. Powell*
Adam B. Powell

33187916