# EXHIBIT 2

| | |
|---|---|
| From: | Samplin, Ilissa |
| To: | Adam.Powell; Mark.Kachner; Masimo.Apple |
| Cc: | Lerner, Joshua H.; Lyon, H. Mark; *** Apple-Masimo |
| Subject: | RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses |
| Date: | Friday, July 17, 2020 11:37:29 AM |

Adam,

We obviously disagree with your gross mischaracterization of Apple's position, set forth in the first paragraph of your email below—which is demonstrably wrong based on Apple's production of technical documents to your team less than two hours later.

We also continue to disagree with your incorrect positions on Section 2019.210 and trade secret-related interrogatories. Plaintiffs should not need to prepare their amended complaint *before* serving a Section 2019.210 disclosure or amended interrogatory responses pertaining to their purported trade secrets because Plaintiffs presumably had a Rule 11 basis for their trade secret allegations when they first asserted them back in January 2020. In other words, Plaintiffs knew (or should have known) what their alleged trade secrets were back when they first filed this case and therefore should not need to file an amended complaint before they can describe those trade secrets to Apple—in a Section 2019.210 disclosure and amended interrogatory responses that Plaintiffs previously, and repeatedly, agreed to provide once a protective order was entered, and did not make contingent on the earlier-in-time filing of an amended pleading. Your suggestion that Apple's Motion to Dismiss created this problem is factually incorrect. Plaintiffs' failure to describe their trade secrets even under Federal Rule of Civil Procedure 8 is, and continues to be, the problem here. Your two week offer for amended interrogatory responses is *not* "more than diligent" as you contend below, and you have again failed to even commit to a date certain by which you will serve a Section 2019.210-compliant trade secret disclosure. Please provide a date by which Plaintiffs will serve their Section 2019.210 disclosure; we have been asking for a date for so many months now.

With respect to the ethical wall, are you saying that Plaintiffs intend to review the material Apple produced yesterday without first putting a temporary ethical wall in place?

Apple likewise reserves all rights.

Regards.
Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

Exhibit 2
Page 8

**Sent:** Thursday, July 16, 2020 5:02 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

Your attempt to tie Apple's technical document production to Masimo possibly substituting patents is inconsistent with the facts. I asked you about the timing of Apple's document production on July 8 and July 9. You refused to answer. Masimo did not mention it was considering substituting patents until July 10. Regardless, as a courtesy, we responded yesterday concerning the possible patent family reduction to focus this case. Apple's statement that it is now "preparing" its core technical document production demonstrates the extent to which Apple has flouted—and continues to flout—the Court's Scheduling Order. Apple's statement that it needs more information "before" it produces documents confirms Apple's open contempt for the Court's Order and numerous rulings confirming that Order, which required Apple to produce documents weeks ago.

We disagree with your assertions regarding Section 2019.210 and Plaintiffs' interrogatory responses. Plaintiffs are in the process of preparing an amended complaint, which will describe Plaintiffs' asserted trade secrets in more detail. Plaintiffs' amended complaint will be relevant to the scope of trade secret discovery in this case and the Section 2019.210 statement. Apple's Motion to Dismiss obviously drove that timing. Moreover, Apple apparently already plans to continue prolonging the pleading stage by filing another motion to dismiss, even though it has not yet seen the amended complaint. Apple's demand that we provide discovery now, before we amend the complaint, puts the cart before the horse. It is reasonable for us to amend the complaint first and then update our interrogatories as they relate to the amended complaint. Our agreement to provide discovery just two weeks after amending the complaint is more than diligent.

As for your request that we enact a temporary "ethical wall," that is another baseless attempt to tie Apple's disclosure of technical documents to Section 2019.210—a procedural ploy the Court has now rejected at least *four times*. We are aware of no case imposing such a requirement. The *Jardin* case you cited is irrelevant because it affirmed an order creating a temporary ethical wall for lawyers involved in a separate case. Apple's ongoing defiance and contempt of this Court's numerous orders is prejudicial. Plaintiffs reserve all rights.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

Exhibit 2
Page 9

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, July 15, 2020 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We have not answered your question about the timing of technical documents because you still have not answered our question about whether you are dropping a patent family. We are preparing our core technical document production. Before we produce, we need to know if you are contemplating dropping a patent family, and if so, which one(s). This has an impact on what we produce. If you are not contemplating dropping a patent family, we can make our production shortly.

With respect to your second question, no, we do not agree that we will rely on only public materials to defend our client in this case.

With respect to our request for amended interrogatory responses, please explain why your team feels it needs six weeks from the date the protective order was entered to serve the amended interrogatory responses Mark previously represented that your team was working on, and would be able to serve after entry of a protective order? We don't understand why your team needs 2 weeks from the date of amendment to provide the amendments we've been waiting on for weeks.

Notably, you omitted from your email below any reference to the Section 2019.210 disclosure we've been asking about for many months now. There is no reason why you cannot provide the Section 2019.210 disclosure now—indeed, your team has repeatedly represented that the absence of a protective order was the only cause for delay on the Section 2019.210 disclosure front. A protective order has now been entered. Plaintiffs should be in a position to provide the disclosure now, without any further delay. Please confirm that Plaintiffs will produce a Section 2019.210-compliant disclosure this week.

Finally, please confirm that you will maintain an ethical wall to keep Plaintiffs' attorneys who will have actual access to Apple's confidential information from participating in drafting or revising Plaintiffs' Section 2019.210 statement. As I am sure you can understand and appreciate, this temporary ethical wall is necessary because Plaintiffs' counsel who review Apple's core technical production will be unable to "divorce themselves from their knowledge of [Apple's] confidential material when identifying the information [Apple] allegedly misappropriated." *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (affirming magistrate judge's order creating a temporary ethical wall because plaintiff's counsel that learns defendant's confidential information "simply cannot unring the bell").

**Exhibit 2
Page 10**

Thank you,
Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 15, 2020 10:59 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

You still have not answered the questions I asked last week. You cannot expect us to drop everything and respond in a single business day to your requests while ignoring our questions for a week. Please provide an answer to the following questions as soon as possible.

1. What is Apple's basis for continuing to refuse to provide technical documents?
2. Will Apple confirm it will rely solely on public information for its non-infringement positions in this case?

As you know, Plaintiffs' amended complaint is due July 25. Plaintiffs will agree to supplement their interrogatory answers within two weeks of filing the amended complaint.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 14, 2020 9:40 PM

Exhibit 2
Page 11

**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

We did not receive a response to the email below.  Please confirm, by **10 am PT tomorrow**, whether Plaintiffs will in fact serve their Section 2019.210 disclosure and amended responses to Apple's Interrogatory Nos. 5 through 13, and 17, by June 22, 2020.  We need to know where things stand on these matters as soon as possible, given that the parties have been meeting and conferring about all of them for months now—and Plaintiffs' only purported impediment to production was the absence of a protective order, which has now been entered.

We look forward to your prompt response.

Thank you,
Ilissa
**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Monday, July 13, 2020 11:22 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

You have repeatedly represented that "despite the stay" pertaining to trade secret discovery that you mistakenly contend applies to all parties, "Plaintiffs were not withholding discovery, even for requests related solely to trade secrets"—but rather, that "Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order."  (5/22/20 Kachner Ltr.; 6/2/20 Kachner Ltr.)  You likewise have represented that Plaintiffs would produce responsive documents, and amend numerous deficient interrogatory responses, upon entry of a protective order.  (*See, e.g.*, 6/6/20 Samplin Ltr. confirming parties' 6/3/20 meet and confer.)  As you know, the Protective Order was entered two weeks ago.  Plaintiffs nonetheless are still withholding their

Exhibit 2
Page 12

Section 2109.210 disclosure, as well as documents and information responsive to Apple's trade secret-related and other discovery requests.  There is no justification for Plaintiffs' continued withholding of this relevant and responsive information.

For starters, please confirm that by no later than July 22, 2020, Plaintiffs will produce a Section 2019.210-compliant disclosure, as well as amended responses to Interrogatory Nos. 5 through 13, and 17.  Plaintiffs have now had *ample* time to prepare their Section 2019.210 disclosure and the amended responses to these Interrogatories.  There is no reason for Plaintiffs to continue to delay their production.

Please provide confirmation by 5 pm PT tomorrow, July 14.

Regards,
Ilissa
**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 2
Page 13**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 2**
**Page 14**