Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>     Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation<br><br>     Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER SEAL** |

Pursuant to Local Rule 79-5.2.2(a), and this Court's order on Apple's Motion to Dismiss (Dkt. 60), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Second Amended Complaint (the "SAC"). Plaintiffs have provided a proposed redacted version of the SAC.

This Court invited Plaintiffs to file an amended complaint under seal so Plaintiffs could describe their trade secrets in additional detail. Dkt. 60 at 8 ("To the extent that the amended pleading itself discloses Plaintiffs' trade secrets, ***the Court would entertain a sealed filing*** accompanied with a public redacted version.") (emphasis added). Plaintiffs have described their trade secrets in more detail and respectfully request the Court seal the SAC.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include … sealing the records of the action…" Cal. Civ. Code § 3426.5 (emphasis added).

-1-

## II. ARGUMENT

Plaintiffs' SAC contains descriptions of information that Plaintiffs assert constitutes trade secrets. Each category is described in more detail below.

First, Sections VI.A-VI.C. (paragraphs 41 to 46) of Plaintiffs' SAC discuss Plaintiffs' confidential and proprietary technical trade secrets. Powell Decl. ¶ 4. These portions of the SAC also cite to Plaintiffs' source code (the programming for Plaintiffs' products) by name. *Id.* This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Second, Section VI.D (paragraphs 47 to 48) of Plaintiffs' SAC discusses Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. *Id.* ¶ 5. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Third, Section VI.E (paragraphs 49 to 50) of Plaintiffs' SAC discusses Plaintiffs' trade secrets concerning interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part due to its secrecy. Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential

information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute Plaintiffs' SAC discusses Plaintiffs' "***alleged*** trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Moreover, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' respectfully request that the Court seal Plaintiffs' Second Amended Complaint.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 24, 2020      By: */s/ Adam B. Powell*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Perry D. Oldham
                                        Stephen W. Larson
                                        Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories