1   JOSHUA H. LERNER, SBN 220755
        jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3   San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
5   H. MARK LYON, SBN 162061
        mlyon@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   1881 Page Mill Road
    Palo Alto, CA 94304-1211
7   Tel.: 650.849.5300 / Fax: 650.849.5333

8   BRIAN M. BUROKER, *pro hac vice*
        bburoker@gibsondunn.com
9   BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
        bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.            333 South Grand Avenue
11  Washington, D.C. 20036                   Los Angeles, CA 90071-3197
    Tel.: 202.955.8541 / Fax: 202.467.0539   Tel.: 213.229.7000 / Fax: 213.229.7520
12
    BRIAN A. ROSENTHAL, *pro hac vice*       ANGELIQUE KAOUNIS, SBN 209833
13      brosenthal@gibsondunn.com                akaounis@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
14  200 Park Avenue                          2029 Century Park East Suite 4000
    New York, NY 10166-0193                  Los Angeles, CA 90067
15  Tel.: 212.351.2339 / Fax: 212.817.9539   Tel.: 310.552.8546 / Fax: 310.552.7026

16  *Attorneys for Defendant Apple Inc.*

17              **UNITED STATES DISTRICT COURT**
18      **FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| 19  MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| 20 | |
| 21               Plaintiffs, | **APPLE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' RENEWED EX PARTE APPLICATION FOR AN ORDER REQUIRING APPLE TO COMPLY WITH THE SCHEDULING ORDER** |
| 22        v. | |
| 23  APPLE INC., a California corporation, | |
| 24 | |
| 25               Defendant. | Hon. James V. Selna |
| 26 | No Hearing Noticed |
| 27 | Discovery Cut-Off:   7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:                4/5/2022 |
| 28 | |

Defendant Apple Inc. ("Apple") submits this short supplemental brief in support of its Opposition to Plaintiffs' Renewed *Ex Parte* Application for an Order Requiring Apple to Comply with the Scheduling Order ("Opposition") (Dkt. No. 85).  Since Apple filed its Opposition, Plaintiffs have attempted to significantly alter the scope of the case, which not only further supports denial of Plaintiffs' improper request for *ex parte* relief, but also necessitates that the parties cooperate in discussing a revised case schedule.

On Friday, July 24, 2020, one day after Apple filed its Opposition and two days after Plaintiffs yet again burdened this Court with a premature *ex parte* filing, Plaintiffs filed an Application to file their Second Amended Complaint ("SAC") with portions under seal ("Application") (Dkt. No. 88).[1]  In their SAC, Plaintiffs have drastically altered the complexion of this case yet again.  Plaintiffs removed five patents,[2] and added five different patents.[3]  Although the new patents purport to claim priority to the same patents and applications s several of the previously-asserted patents, many of the claims of the newly asserted patents are directed to materially different functionality, and the SAC accuses previously unrelated features of the Apple Watch devices.  Moreover, the SAC accuses an entirely new product— the Apple Watch Series 3 devices.

Knowing they were about to materially alter the landscape of the case, Plaintiffs should not have rushed to demand that this Court order the production of source code in addition to the core technical documents that Apple has already produced, when both relate to the materially different First Amended Complaint, instead of the new allegations in the SAC.  Rather, Plaintiffs should have asked Apple to meet and confer on a reasonable revision to the case schedule, given that Plaintiffs were intending to

---

[1] Although the Court has not yet granted Plaintiffs' Application, and Plaintiffs thus have not yet filed a SAC, the deadline (July 25, 2020) for Plaintiffs to amend their pleading has passed (*see* Dkt. No. 60, at 8), and Plaintiffs can no longer further amend their SAC.  Apple will therefore treat the un-redacted SAC attached to Plaintiffs' Application (Dkt. No. 89-1) as the operative complaint for the purposes of this filing.

[2] U.S. Patent Nos. 10,258,266, 10,299,708, 10,376,190, 10,376,191, and 10,470,695.

[3] U.S. Patent Nos. 10,624,564, 10,631,765, 10,702,194, 10,702,195, and 10,709,366.

change their allegations and Apple would need additional time to prepare its defenses in response. Accordingly, Plaintiffs' *Ex Parte* Application should be denied, and the Court should order the parties to meet and confer on a revised case schedule to submit to the Court before the end of this week.

Dated: July 27, 2020                    Respectfully submitted,

                                                   JOSHUA H. LERNER
                                                 H. MARK LYON
                                                 BRIAN M. BUROKER
                                                 BRIAN A. ROSENTHAL
                                                 ILISSA SAMPLIN
                                                 ANGELIQUE KAOUNIS
                                                 BRIAN K. ANDREA
                                                 GIBSON, DUNN & CRUTCHER LLP

                                        By: */s/ Joshua H. Lerner*
                                                   Joshua H. Lerner

                                     *Attorneys for Defendant Apple Inc.*