Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404 Facsimile: (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' REPLY TO APPLE'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' RENEWED *EX PARTE* APPLICATION FOR AN ORDER REQUIRING APPLE TO COMPLY WITH THE SCHEDULING ORDER**<br><br>Discovery Cut-Off:   7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:                4/5/2022 |

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") hereby reply to Apple's Supplemental Brief in Opposition to Plaintiffs' Renewed *Ex Parte* Application. Dkt. 90. As a preliminary matter, the Court should reject Apple's filing because it is an unauthorized sur-reply when Plaintiffs did not even file a reply.[1]

Should the Court consider Apple's filing, Plaintiffs write briefly to correct the record. Contrary to Apple's assertions, Plaintiffs did not "drastically alter[] the complexion" of this case by filing the Second Amended Complaint ("SAC"). *See* Dkt. 90 at 1. Apple's supplemental brief omits that Plaintiffs actually *reduced* the number of patent families at issue from four to three, which *simplified* this case. As a courtesy, Plaintiffs told Apple about this likely focusing of the case two weeks ago and Apple responded: "That is indeed very helpful. Thanks." Dkt. 83-5 at 20. Further, as shown in the claim charts attached to the SAC, the substituted patents that are part of one of the remaining patent families claim similar subject matter already at issue. *See, e.g.*, Dkt. 89-1, Ex. 1 at 20. As for the Apple Watch Series 3, Plaintiffs accused that product of infringing two patents because the Series 3 watch contains the same relevant functionality at issue in the Series 4 watch. Thus, Plaintiffs reduced the subject matter of Apple's core technical document production.

Moreover, Apple continues to ignore Plaintiffs' requested relief. Because Plaintiffs reduced the technical subject matter of the patents in the case, Apple should have already collected all of its core technical documents, which were due *six weeks ago* on June 15. Apple also conveniently omits that the Second Amended Complaint describes Plaintiffs' trade secrets in additional detail under seal. *See* Dkt. 89-1 ¶¶ 41-50. This further establishes that Apple's accusations

---

[1] While Plaintiffs disagreed with many of the assertions that Apple made in its Opposition (Dkt. 85), Plaintiffs elected not to burden the Court with a reply.

-1-

1. to support its unilaterally imposed condition of an "ethical wall" are baseless.
2. The Court should (1) order Apple to produce all core technical documents
3. (including source code), (2) reject Apple's unilateral condition it labels an
4. "ethical wall," and (3) grant Plaintiffs' requested extension of its deadline to
5. provide infringement contentions. Apple's deadline for invalidity contentions is
6. a separate issue that should be addressed by a separate motion. However, as
7. Plaintiffs previously explained, Plaintiffs are willing to provide infringement
8. contentions today (based on public information) if Apple needs the information
9. to provide its invalidity contentions. The Court should not reward Apple's
10. defiance of this Court's orders by extending Apple's deadline for invalidity
11. contentions.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 27, 2020    By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

    Attorneys for Plaintiffs,
    Masimo Corporation and
    Cercacor Laboratories

32993155