UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order Denying Motion for Reconsideration (Dkt. 72)

## I. INTRODUCTION

On June 23, 2020, the Honorable James V. Selna, United States District Judge, ordered as follows:

> The parties shall meet and confer and submit a joint proposed protective order to the Magistrate Judge no later than June 27, 2020. Absent complete agreement, the parties shall submit to the Magistrate Judge by the same date a single Protective Order with alternative provisions for the Magistrate Judge to resolve all disputes.

Dkt. 59 at 2. On June 26, 2020, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") and Defendant Apple Inc. ("Defendant") filed a Joint Stipulation (Dkt. 61-1) in support of the Motion for a Protective Order (Dkt. 61, "Motion"), with evidence in support of each side's position (Dkt. 61-2 to 61-5), including the parties' respective proposed protective orders (Dkt. 61-2, Exh. 2, and Dkt. 61-5, Exh. A) and a redlined version reflecting differences between the parties' respective versions (Dkt. 61-2, Exh. 4).

On June 30, 2020, finding good cause, the Court entered a 30-page Protective Order adopting and rejecting portions of each side's proposals and crafting some language independent of the parties' proposals, citing the foregoing filings as the basis for the Protective Order. See Dkt. 67 ("Protective Order") at 1.

On July 8, 2020, Defendant filed a Motion for Partial Reconsideration of the Protective Order (Dkt. 72, "Reconsideration Motion") and supporting Memorandum (Dkt. 72-1 ("Mem."). Defendant asks the Court to reconsider two aspects of the Protective Order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

(1) the denial of Defendant's proposal authorizing three of its in-house counsel to have access to Plaintiffs' trade secret disclosures designated "Highly-Confidential Attorney's Eyes Only" ("AEO"); and (2) the denial of Defendant's proposed patent acquisition bar. Mem. at 1-2. On July 16, 2020, Plaintiffs filed an Opposition (Dkt. 80, "Opposition" or "Opp.") with supporting evidence (Dkt. 83 to 83-6). On July 23, 2020, Defendant filed its Reply. Dkt. 84 ("Reply").

The Reconsideration Motion is now fully briefed, and the Court finds it may be appropriately decided without oral argument. As a result, the hearing noticed for August 6, 2020 is vacated. For the reasons set forth below, the Reconsideration Motion (Dkt. 72) is DENIED.

## II.
## LEGAL STANDARD

Local Civil Rule 7-18 of this Court provides, in part:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Except for certain exempt cases and motions not applicable here and except for "discovery motions (which are governed by Local Rules 37-1 through 37-4), Local Rule 7-3 provides, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to the filing of the motion. Local Rule 7-3. Separately, Local Rule 37-1 provides, in part:

> Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

Local Rules 37-1 to 37-4 describes the procedures required for such "good faith effort[s]" and for the presentation of discovery disputes to the Court through a joint stipulation.

Courts may deny motions for failure to comply with the Local Rules' requirements for such motions. See Tri-Valley CARES v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Pina v. Lewis, 717 F. App'x 739, 740 (9th Cir. 2018) (holding district court may properly deny "a motion to compel for failing to comply with local rules").

### III.
### DISCUSSION

A. <u>Defendant Failed to Meet and Confer Prior to Filing the Reconsideration Motion</u>

Defendant does not dispute that the Reconsideration Motion was not preceded by a meet and confer conference under either Local Rule 7-3 or 37-1. Reply at 5. Instead, Defendant argues no meet and confer requirement existed for the Reconsideration Motion. Defendant's argument is not well-taken.

Defendant argues that Local Rule 7-3 does not apply because it excludes from its ambit "'discovery motions (which are governed by Local Rules 37-1 through 37-4).'" Reply at 5 (quoting Local Rule 7-3). However, as the quoted portion of Local Rule 7-3 provides, a party filing a discovery motion must proceed by way of the procedures "govern[ing] such [discovery] motions," which includes the requirement under Local Rule 37-1 that the moving party arrange for a conference of counsel to confer in good faith to attempt to resolve as many disputes as possible, and, if not resolved, proceed by way of a joint stipulation for presentation to the Court. See Local Rule 37-1, 37-2. Defendant did not do so. As Defendant did not proceed under the procedures required by Local Rules 37-1 to 37-4 for discovery motions, it cannot rely on the "discovery motion" exception to the meet and confer requirements of Local Rule 7-3. Whether under Local Rule 7-3 or Local Rule 37-1, Defendant was required to attempt to meet and confer in good faith prior to filing the Reconsideration Motion. It did not do so.

The Motion is therefore denied for failure to comply with the Local Rules' pre-filing meet and confer requirement. See Tri-Valley CARES, 671 F.3d at 1131; Pina, 717 F. App'x at 740.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

B. <u>Defendant Has Not Shown A Basis For Reconsideration Under Local Rule 7-18</u>

Defendant contends Local Rule 7-18 provides "the standard on this Motion." Reply at 5. The only basis under Local Rule 7-18 proffered by Defendant is its contention that "it appears that the Court manifestly failed to consider material facts presented by [Defendant] before entering the Protective Order," asserting that the Court entered the Protective Order "without explanation." Mem. at 1 & n.1. Defendant's position is again not well-taken.

In entering the 30-page Protective Order, the Court found it was supported by good cause, noting it was "[b]ased on Plaintiffs' Motion for Protective Order (Dkt. 61, "Motion"), the Joint Stipulation of the parties (Dkt. 61-1), the evidence submitted in support of and in opposition to the Motion (Dkt. 61-2 to 61-5), including the parties' respective proposed protective orders (Dkt. 61-2, Exh. 2, and Dkt. 61-5, Exh. A), and the June 23, 2020 Order by the Honorable Judge James V. Selna, United States District Judge (Dkt. 59)." Protective Order at 1. The Court considered the parties' respective evidence, arguments, and authorities contained in the documents recited above, totaling more than 950 pages, and accepted and rejected language proffered by both sides in connection with different disputes. The Court considered all material facts presented to it.

Defendant has not made "a manifest showing of a failure to consider material facts presented to the Court before such decision." That Defendant disagrees with two provisions in the heavily contested Protective Order is not a basis for reconsideration under Local Rule 7-18. The Reconsideration Motion is denied as unsupported under Local Rule 7-18.

C. <u>Nothing in the Reconsideration Motion Causes the Court to Reconsider Its Findings</u>

As noted, the Court considered Defendant's evidence and argument submitted in connection with the Motion. Nonetheless, by the Reconsideration Motion, Defendant asks the Court to reconsider its decision to deny two provisions that Defendant had sought to have included in the Protective Order: (1) a provision permitting three of Defendant's in-house counsel to have access to Plaintiffs' AEO trade secret disclosures; and (2) a patent acquisition bar. The Court has considered the argument set forth in the Reconsideration Motion. Nothing therein causes the Court to change anything in the Protective Order.

As to the first issue, although styled as a "reconsideration" motion, Defendant seeks different relief in the Reconsideration Motion than it sought in the underlying Motion. Defendant now asks that the Protective Order permit two of its in-house counsel "at a minimum" to be permitted access to Defendants' AEO trade secret disclosures (<u>see</u> Mem. at 7, n.3); yet in connection with the Motion, Defendant sought three in-house counsel to be permitted such access. <u>See</u> Dkt. 61-2 at 107 (CM/ECF pagination); Mem. at 6, n.3. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

addition, Defendant now states it "is ready and willing to designate attorneys from its litigation group who are not competitive decision makers and who are willing to be bound by the Protective Order" to have such access (Mem. at 5), but the language it proposed in connection with the Motion was not so limited. Although access to AEO material by outside counsel was limited to persons "not involved in competitive decision-making" on behalf of a party, Defendant's proposal had no such restriction for access to AEO material by its three in-house attorneys. Compare Dkt. 61-2 at 107 (CM/ECF pagination), lines 3-5 with lines 10-14.

Thus, with respect to the first issue upon which Defendant seeks "reconsideration," it does not seek reconsideration. Instead, it is asking the Court to consider and rule on a different proposal. The Court could not have manifestly failed to consider facts or proposal that were not placed before it in the Motion. Further, by seeking to present a different alternative now, Defendant is not in compliance with Judge Selna's June 23, 2020 order, which ordered the parties, if they could not agree to a protective order, to present their proposed "alternative provisions" for a protective order by June 27, 2020. See Dkt. 59 at 2. Defendant made its proposals and briefed them. After considering Defendant's proposal and its supporting evidence and argument on this issue, the Court found Plaintiffs' position was well-taken and supported by good cause. See Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Bolding v. Banner Bank, 2020 WL 3605593, at *1 (W.D. Wash. July 2, 2020) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). Nothing in the Reconsideration Motion causes the Court to reconsider its findings or order on this issue, even as newly presented.

With respect to the second issue, in ruling on the Motion and entering the Protective Order, the Court similarly considered the parties' evidence and argument regarding the appropriateness of a patent acquisition bar as part of the Protective Order, including the nature of the information at issue, the scope of the activities proposed to be limited by the bar, the duration and subject matter of the proposed bar, the risk and potential injury that could be caused by inadvertent use of protected material, and the potential injury to the barred party on whose counsel the restriction would be imposed, among other things, and concluded it was not warranted under the relevant authorities and the facts here. Nothing offered in the Reconsideration Motion causes the Court to reconsider its ruling to not include Defendant's proposed acquisition bar language in the Protective Order. However, if Defendant believes facts and circumstances warrant it, the Protective "Order does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order . . ..." Protective Order, ¶ 5.5. Nothing prevents Defendant from commencing a meet and confer process with Plaintiffs on issues relating to a claimed need for additional protection and, if the parties are unable resolve the issue informally despite a good faith attempt to do so, proceeding as required by the Local Rules to seek to modify the Protective Order.

The Court finds no basis to reconsider the Protective Order at this time.

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. 72) is DENIED.