JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S NOTICE AND *EX PARTE* APPLICATION FOR AN ORDER SCHEDULING A CASE MANAGEMENT CONFERENCE**<br><br>Hon. James V. Selna<br>No Hearing Noticed<br><br>Discovery Cut-Off:  7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:  4/5/2022 |

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Defendant Apple Inc. ("Apple") hereby applies *ex parte* for an Order scheduling a case management conference. Apple docketed this motion to be heard by Judge Selna because Apple seeks modification of the case schedule, and Local Rule 16-14 requires that an "application to modify an order entered under Rule 16 shall be made to the judicial officer who entered the order."

In accordance with Local Rule 7-19.1, Apple's Counsel notified Counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") of this Application on August 4, 2020, at 9:45 am PST. Andrea Decl. ¶ 4. Plaintiffs indicated they intend to oppose Apple's Application. *Id.*

The contact information for Plaintiffs' counsel is as follows:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

This *Ex Parte* Application is based on this Notice, the below Memorandum of Points and Authorities, the accompanying Declaration of Brian K. Andrea and Exhibits

appended thereto, all other papers and pleadings on file in this action, all matters of which judicial notice may be taken, and such argument and evidence as may be presented at the hearing on this Application, if any.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Apple brings this *Ex Parte* Application to request that the Court order a case management conference to discuss preparation of a new schedule. During the July 10 hearing on the reduction of claims, the Court stated that if Plaintiffs change the asserted patents, the Court "would reevaluate the dates for infringement and invalidity contentions in light of that on a fairly short ex-parte basis." *See* 7/10/20 Hearing Tr. at 9:5-8. That is exactly what has happened. The landscape of this case has changed significantly from when the current Scheduling Order was entered, as Plaintiffs just a week ago indicated that they seek to drop half of the originally asserted patents[1] (which Apple already expended significant resources investigating) and are asserting five new patents. *See* Dkt. 89-1 (Proposed Second Amended Complaint).[2]

The five newly-asserted patents contain many asserted claims with new limitations that did not appear in any of the previously asserted patents or claims. For example, the claims include recitations directed at the size of the monitoring device, specific communications between the monitoring device and a mobile phone, various limitations related to touch-screen displays and orientation changes, a specific type of strap, processors configured to modulate the duty cycle of emitters, parallel connection of multiple groups of four or more photodiodes to provide parallel signal streams,

---

[1] Plaintiffs originally asserted ten patents, five of which have now been dropped. Dkt. 1 ¶¶ 29-38. Plaintiffs later added two additional patents, which both remain in the case. Dkt. 28. Plaintiffs also stated that they are now asserting approximately 250 claims from among the asserted patents, including *all but three* of the claims of each of the five new patents.

[2] Plaintiffs' Second Amended Complaint has not yet been filed and thus is not yet the operative Complaint, but rather has only been attached to an application to file it under seal. Dkt. 89.

specific types of preprocessing electronics, and various types of optical paths.³ Indeed, of the nearly 250 claims now being asserted, 130 of them—over half—are brand new claims that Apple saw for the first time a week ago. Now, months into the litigation, Apple must analyze these new claims, including, but not limited to, assessing Plaintiffs' infringement allegations, performing invalidity searching, reviewing prior art, and investigating written description and priority support.

Under the current schedule, Apple's invalidity contentions are due in less than five weeks, on September 7, 2020 (before Plaintiffs are required to serve their infringement contentions), and the parties are due to submit a joint proposal regarding claim narrowing two weeks later. Apple respectfully submits that the current schedule is unfair and prejudicial to Apple, since it does not allow sufficient time for Apple to investigate the newly-asserted patents or prepare its defenses to those patents (including performing prior art searching and preparing invalidity contentions). Apple met and conferred with Plaintiffs to request preparation of a new schedule that reflects the newly-added patents, but Plaintiffs would not agree that a new schedule is appropriate. Andrea Decl. ¶ 5. Plaintiffs also refused to submit a joint request for a case management conference to discuss scheduling. *Id*.

Apple understands and has complied with the Court's recent Order Granting Plaintiffs' Renewed *Ex Parte* Application for an Order Requiring Apple to Comply With the Scheduling Order (Dkt. 92). To that end, Plaintiffs have already downloaded and are reviewing the core technical documents Apple previously produced. Moreover, Apple made arrangements for Plaintiffs to review Apple's source code on August 3, 2020, and Apple is working as quickly as possible to search for any additional documents that may be relevant to the 130 new claims Plaintiffs have added to the case. To the extent Apple implied in its briefing on Plaintiffs' Renewed *Ex Parte* Application

---

³ Thus, the fact that these newly asserted patents are in the same family as some of the previously-asserted patents does not lessen the significant impact their addition has on the posture of this case, or reduce the amount of effort required for Apple to prepare adequate defenses.

that it was not willing to, or had not, produced its core technical documents, Apple did not intend to do so. Apple has taken, and continues to take its obligations to produce core technical documents seriously.

The issue presented here is a separate and independent scheduling issue that was not resolved in the Court's previous Order, yet requires immediate resolution. In its Opposition to Plaintiffs' Renewed *Ex Parte* Application, Apple requested a reciprocal extension of the due date for its invalidity contentions in the event the Court granted an extension of the deadline for Plaintiffs' infringement contentions. *See* Dkt. 85 14-15. The Court's Order extended the due date for Plaintiffs' infringement contentions until forty-two (42) days "after Apple completes its production of core technical documents," but did not address the deadline for Apple's invalidity contentions. *See* Dkt. 92 ¶ 3. Accordingly, Apple requests that the Court schedule a case management conference to discuss a reasonable schedule that allows the parties sufficient time to prepare their contentions, particularly for the patents Plaintiffs just added to the case, prior to moving into claim construction and the remainder of the schedule.

### A. The Current Schedule Is Prejudicial and Unfair to Apple

The current schedule in this case eliminates the "staging" of contentions set forth in the Court's original Scheduling Order, which is used by nearly all district courts for patent cases, including this District. The following table sets forth the upcoming deadlines in view of the Court's amendment to the deadline for Plaintiffs' infringement contentions:

| Event | Current Deadline |
|---|---|
| Apple's Invalidity Contentions | September 7, 2020 (Dkt. 33 at 25) |
| Plaintiffs' Infringement Contentions | September 14, 2020 (Dkt. 92 ¶ 3)[4] |
| Parties' proposal for initial reduction of claims and prior art references | September 21, 2020 (7/10/20 Hearing Tr. at 4:6-14)[5] |

The above schedule is unfair and prejudicial to Apple for multiple reasons. ***First***, Plaintiffs only very recently (July 24, 2020) filed a proposed Second Amended Complaint that seeks to drop five of the previously-asserted patents and add five new patents. If Apple is required to serve its invalidity contentions on September 7, 2020, as set forth in the current schedule, that leaves it with less than five weeks to analyze the claims in the newly-asserted patents, perform prior art searching on those claims, prepare its defenses on the patents, and prepare its invalidity contentions. It is simply not possible or fair for Apple to perform a complete and rigorous analysis in that amount of time. Notably, the original Scheduling Order (Dkt. 37, April 17, 2020) provided Apple just under five months (4 months and 21 days) to analyze the asserted patents and prepare its invalidity contentions. It would be prejudicial to provide Apple with only a quarter of that amount of time to do the same amount of work on the 130 new asserted claims.

***Second***, the current schedule requires Apple to serve its invalidity contentions *before* Plaintiffs' serve their infringement contentions. This is completely contrary to the local rules and the reasons courts, including the Court in this case, utilize staged

---

[4] The Court extended Plaintiffs' deadline for infringement contentions "until forty-two (42) days after Apple completes its production of core technical documents." Dkt. 92 ¶ 3. This deadline is forty-two days after Apple first made its source code available for Plaintiffs' inspection (Apple previously produced its other core technical documents).

[5] During the hearing, the Court suggested that the parties would extend the current deadlines for *Markman* proceedings after adopting a specific case narrowing proposal. *See* 7/10/20 Hearing Tr. at 4:15-5:4.

contentions. *See* N.D. Cal. Patent L.R. at 3-3[6] (setting deadline for invalidity contentions "not later than 45 days after service" of infringement contentions); *see O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) (local patent rules require "both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions"); *Farstone Tech., Inc. v. Apple Inc.*, No. , 2015 WL 3901708, at *2 (C.D. Cal. June 24, 2015) ("'the deadlines for serving infringement and invalidity contentions, exist for a reason—to provide for the orderly and timely disposition of a case while providing adequate notice to opposing sides of the theories of the case'" (quoting *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C12-05791 WHA, 2014 WL 186405, at *1 (N.D. Cal. Jan. 16, 2014))); *NetAirus Techs, LLC v. Apple Inc.*, No. LA CV10-03257 JAK (Ex), 2012 WL 12124908, at *4 (C.D. Cal. Dec. 5, 2012) (noting the desire to "'disallow[] infringement contentions from becoming moving targets throughout the lawsuit'" (quoting *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009))).

It would be unfair to require Apple to prepare its invalidity contentions on the asserted patents without receiving Plaintiffs' disclosure of asserted claims and its allegations regarding infringement. While Plaintiffs provided a version of infringement contentions one week ago, those contentions do not include allegations as to how the Accused Apple Watch products infringe each and every limitation; rather, they simply parrot the claim language and then cite to Apple's published patent applications or web site, providing no more detail than Plaintiffs' Second Amended Complaint and Exhibit 1 attached to that Complaint. *See, e.g.*, Andrea Decl., Ex. A at 16; Dkt. 89-1 (Proposed Second Amended Complaint). Those contentions also include a broad reservation of rights to "modify, amend, or otherwise supplement" after they review Apple's technical

---

[6] As set forth in this Court's Order Setting Rule 26(f) Conference, this Court follows the Local Patent Rules of the Northern District of California. *See* Dkt. 19 at 2 (referencing Order Setting Rule 26(f) Scheduling Conference, available at https://www.cacd.uscourts.gov/sites/default/files/documents/JVS/AD/OrderSettingSchedConfRVSD.pdf).

documents (*id.* at 5) and in fact, now that Apple has provided source code, Plaintiffs are *obligated* to supplement their contentions to cite source code. *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1227 (C.D. Cal. 2010); *Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, No. CV1403009JVSPJWX, 2016 WL 6762573, at *2 (C.D. Cal. June 15, 2016). Moreover, Plaintiffs' infringement contentions do not identify asserted claims for the '776 patent or provide any allegations of infringement of that patent. Andrea Decl., Ex. B. When Apple alerted Plaintiffs of this fact, they were told that "[a]ll 16 claims of the '776 Patent are asserted, and we will provide infringement contentions in accordance with the Court's recent order." Andrea Decl., Ex. C. This only serves to highlight the inequity in the current schedule with respect to contentions: Apple will be required to provide its invalidity contentions without first having Plaintiffs' infringement contentions.

   ***Third***, the Court's July 29, 2020 Order indicates that Plaintiffs may file additional *ex parte* applications if they dispute the sufficiency of Apple's core technical document production, and that if they do so, the deadline "to present infringement contentions will be tolled until forty-two (42) days after the matter is resolved." Dkt. 92 ¶ 4. While Apple believes its core technical document production is complete at this point (although it is performing additional searching to see if there are additional documents specific to the newly-asserted 130 claims), it is entirely possible that Plaintiffs will dispute the sufficiency of the production and file one or more additional *ex parte* applications, which would further extend the deadline for their infringement contentions. And, in the event Plaintiffs file an additional *ex parte* application, the deadline for its infringement contentions will be tolled until after the parties are currently scheduled to submit their proposal for initial reduction of claims and prior art references, as discussed above. As the Court noted during the July 10, 2020 hearing, it is "fundamentally unfair to the parties and inefficient to require reduction of the number of claims for prior art references prior to the full disclosure of the infringement contentions and the invalidity contentions." *See* 7/10/20 Hearing Tr. at 3:18-20.

In short, the parties are now in a situation where 130 brand new claims from five new patents are being asserted that were identified for the first time just over a week ago, and Apple has only weeks to identify prior art and prepare its defenses to those patents before its deadline to serve invalidity contentions. Moreover, the current schedule requires that Apple prepare those invalidity contentions without having Plaintiffs' disclosure of asserted claims and infringement contentions. The case is radically different than it was when the original Scheduling Order was entered, and Apple requests a case management conference so that the parties and the Court can discuss preparation of a new schedule that will accommodate these recent developments and provide sufficient time for the parties to litigate the newly added patents.

**B.     *Ex Parte* Relief Is Necessary and Appropriate**

As discussed above, Apple will suffer prejudice if it were not permitted to bring this application, and Apple is without fault in creating the need for *ex parte* relief, as the scheduling issues are the result of newly added patents. Additionally, this application could not be heard according to regularly-noticed motion procedures, as a regularly-noticed motion would not be heard until September 14, 2020, which is after the current deadline for Apple's invalidity contentions. Accordingly, *ex parte* relief is necessary and appropriate here. *See Malch v. Dolan*, No. EDCV 15-517-DDP, 2018 WL 6017000 at *2 (C.D. Cal. Apr. 12, 2018).

## II.     CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court issue an Order scheduling a case management conference.

| | | |
|---|---|---|
| 1 | Dated: August 4, 2020 | Respectfully submitted, |
| 2 | | JOSHUA H. LERNER |
| 3 | | H. MARK LYON<br>BRIAN M. BUROKER |
| 4 | | BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN |
| 5 | | ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA |
| 6 | | GIBSON, DUNN & CRUTCHER LLP |

By: */s/ Joshua H. Lerner*
     Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*