JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' APPLICATION TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER SEAL**<br><br>Hon. James V. Selna<br>No Hearing Noticed<br><br>Discovery Cut-Off: 7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

## I. INTRODUCTION

Apple requests that the Court deny the majority of Plaintiffs' Application to File Plaintiffs' Second Amended Complaint Under Seal (Dkt. Nos. 88–89) ("Application"). Plaintiffs seek to seal nine paragraphs, spanning six pages of the proposed Second Amended Complaint ("SAC"), but there is no compelling need to seal this information. Plaintiffs provide in these SAC paragraphs only high level descriptions of categories of information. Plaintiffs do not describe any specific trade secrets or identify any specific details that, if publicly disclosed, could cause commercial harm. Indeed, Plaintiffs make no effort to distinguish their high level descriptions of categories of information from the information that Plaintiffs claim is already disclosed in their own patents or Apple's patents. By over designating for sealing the trade secret-related allegations in their SAC, Plaintiffs block Apple's in-house counsel from reviewing the allegations pertaining to their cause of action for trade secret misappropriation, prejudicing Apple's ability to analyze and respond to the claim. Plaintiffs' efforts to hide from Apple the purported bases for their claim of trade secret misappropriation against the company should be denied.

## II. ARGUMENT

### A. Plaintiffs Have Not Meet Their Burden to Seal

Plaintiffs set forth the case law that governs their motion: "[A] 'strong presumption in favor of access' is the starting point" for analyzing an application to seal. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this presumption, it is Plaintiffs' burden to show "[c]ompelling reasons sufficient to outweigh the public's interest in disclosure." Application at 1 (citing *Kamakana*, 447 F.3d at 1178). Plaintiffs' showing must be "supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. The Ninth Circuit has described the "compelling reasons" standard as a "high threshold." *Id.* at 1180. As set forth in detail below, Plaintiffs fail to meet their burden, having made no showing that

disclosure of their high-level descriptions of broad categories of information would result in competitive harm.

Perhaps because they cannot show compelling reasons to support secrecy, Plaintiffs mischaracterize the appropriate standard for their motion in two ways.  *First*, Plaintiffs incorrectly contend that sealing is required under California Code of Civil Procedure Section 3426.5 merely because they have *alleged* that the high level descriptions in the SAC are secrets.  That is wrong.  Courts have long rejected the "premise that merely by filing a pleading characterizing certain information as a trade secret, a party can compel the courts to withhold that information from the public record until such time as it finally adjudged not to be a trade secret." *Cypress Semiconductor Corp. v. Maxim Integrated Prod., Inc.*, 236 Cal. App. 4th 243, 255 (2015).

*Second*, and more disturbing given Apple's months-long effort to get Plaintiffs to provide a description of their purported trade secrets, Plaintiffs incorrectly suggest that the Court should look to California Code of Civil Procedure Section 2019.210 ("Section 2019.210") in ruling on this motion.  Application at 1.  A disclosure pursuant to Section 2019.210 may be sealed under California state law, but there is no Section 2019.210 disclosure here.  Plaintiffs *still* have not provided a Section 2019.210 disclosure—Plaintiffs refuse to even provide a date by which they will do so.  *See* Declaration of Joshua Lerner in Support of Defendant Apple Inc.'s Opposition to Plaintiffs' Application to File Plaintiffs' Second Amended Complaint Under Seal ("Lerner Decl.") ¶ 5.  The SAC is *not* a Section 2019.210 disclosure.  To the contrary, it fails to meet any of the requirements for a Section 2019.210 disclosure.  For example, Section 2019.210 does not allow for catchall phrases, like "including," or broad descriptions of "techniques," all of which appear throughout the SAC.  *See* Dkt. No. 89-1 ¶¶ 41–50.  "[C]atchall" descriptions, "lists [of] categories of alleged trade secrets in broad terms," and "a listing of concepts that [the plaintiff] asserts constitute its trade secret information" are all insufficient under Section 2019.210.  *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1113-14 (N.D. Cal. 2016) (finding 53 paragraphs of asserted trade

secret disclosures were not identified with reasonable particularity under Section 2019.210); *see also Gatan, Inc. v. Nion Co.*, 2018 WL 2117379, at *3 (N.D. Cal. May 8, 2018) (noting that the "use of catchall words such as 'including' weighs against a finding that the designation satisfies § 2019.210"). The parties can address Section 2019.210 when Plaintiffs finally provide a disclosure. Plaintiffs have not shown—nor can they—that the SAC constitutes a sufficient disclosure under Section 2019.210, and any standard applicable to Section 2019.210 therefore has no relevance to Plaintiffs' Application.

In sum, the appropriate standard here is "compelling reasons," which Plaintiffs cannot demonstrate.

### B.  Plaintiffs Do Not Clarify that Any of their Purported Trade Secrets Are Currently Secret

Plaintiffs' Application should be denied for the simple reason that Plaintiffs fail to clarify that their alleged secrets are currently a secret, and Plaintiffs thus fail to demonstrate "compelling reasons" to seal information that is already public. Plaintiffs allege only that their "Confidential Information is currently ***or was, at least at the time of Defendant's misappropriation,*** not generally known to the public or to other persons who can obtain economic value from its disclosure or use." SAC ¶ 230 (emphasis added).[1] Indeed, Plaintiffs allege that their confidential information was publicly disclosed in patents: "Defendant further used ***and disclosed*** Plaintiffs' Confidential Information at least by incorporating it into Defendant's products and by filing patent applications containing Plaintiffs' Confidential Information, without Plaintiffs' express or implied consent." *Id.* ¶ 236 (emphasis added); *see also id.* ¶¶ 237–38 (alleging that Apple "published" and Plaintiffs "discovered" the patents that allegedly contain Plaintiffs' trade secrets after January 10, 2017).

---

[1] Plaintiffs allege that Apple's misappropriation took place in 2014. *See, e.g.*, SAC ¶¶ 24, 52–55.

If Plaintiffs' allegations are to be taken as true, the very trade secrets at issue are already in the public domain as patent filings, and trade secrets disclosed in patents as a matter of law are no longer secret. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 149 (1989); *On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1141 (Fed. Cir. 2004) ("After a patent has issued, the information contained within it is ordinarily regarded as public and not subject to protection as a trade secret."); *Atl. Research Mktg. Sys. v. Troy*, 659 F.3d 1349, 1357 (Fed. Cir. 2011) ("A trade secret is secret. A patent is not. That which is disclosed in a patent cannot be a trade secret." (citing *On-line Techs.*, 386 F.3d at 1141)).

If Plaintiffs have any alleged secrets that are not now public, they should identify and seek to seal them, but Plaintiffs have not demonstrated that the nine paragraphs in the SAC, which by Plaintiffs' own admission contain public information, should be sealed.

### C. There Are No Compelling Reasons to Seal Paragraphs 41, 43, and 45 of the SAC

Plaintiffs claim that Paragraphs 41, 43, and 45 of their SAC contain three categories of technical information and identify source code by name. Application at 2. As set forth below, Plaintiffs have failed to demonstrate compelling reasons to seal any of these allegations.

*Paragraph 41* alleges that Apple misappropriated ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In other words, although certain specific techniques could be a secret, the high level descriptions in the SAC are not.

Moreover, Plaintiffs' own allegations indicate that the very descriptions they offer are public. ███████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████ *Id.* ¶ 266. Again, information in a public patent is not a secret. *Bonito Boats*, 489 U.S. at 149; *On-Line Techs.*, 386 F.3d at 1141. If Plaintiffs wish to seal information that is *currently* a secret, they should identify such information instead of trying to seal nine paragraphs of broad allegations that on their face include public information.

*Paragraph 43* alleges that Apple misappropriated ████████████
████████████████████████████████████████████
████████████████████████ SAC ¶ 43. This paragraph suffers from the same flaws as paragraph 41: The techniques *could* include secrets, but none are described with sufficient specificity here to determine if they *do* include secrets. ████
████████████████████████████████████████████
████████████████████████████ Plaintiffs again fail to provide sufficient detail to distinguish their high-level descriptions from publicly known information. ██
████████████████████████████████████████████
████████████████████████████████████████████
*Id.* ¶ 103. If Plaintiffs have information to point to that is *currently* secret, they should identify such information with specificity. They should not be seeking to seal broadly, in a manner that sweeps in non-secret allegations as their proposals do here.

*Paragraph 45* alleges that Apple misappropriated:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

1  ▮▮▮
2  ▮▮▮
3  *Id.* ¶ 45. Yet again, there is nothing to suggest that the high level description of these
4  techniques is a secret. ▮▮▮
5  ▮▮▮
6  ▮▮▮ Because
7  none of this information is secret on its face, Plaintiffs cannot demonstrate any
8  compelling reasons to seal it.

### D. There Are No Compelling Reasons to Seal Paragraphs 47 and 49 of the SAC

*Paragraph 47* alleges that Apple misappropriated ▮▮▮ and then provides a high-level description of four examples of such strategies. Plaintiffs do not describe a single plan or strategy in any detail that would or could cause commercial harm—Plaintiffs allege no more than ▮▮▮ In other words, Plaintiffs only provide descriptions of categories that *could* include secrets, but do not actually identify any secrets. Plaintiffs do not, for example, claim that it is not publicly known that Plaintiffs have plans and strategies in each of the four areas that Plaintiffs identify.

*Paragraph 49* makes similar generic allegations that Apple misappropriated ▮▮▮ and again provides four *very* high level examples of strategies. As with their allegations in paragraph 47, Plaintiffs in paragraph 49 do not describe a single plan or strategy in any detail that would or could cause commercial harm, and thus provide only descriptions of categories that *could* include secrets— without any information actually identifying secrets. Thus, Plaintiffs have not met their burden to show that compelling reasons exist to seal this information.

### E. Apple Does Not Oppose Sealing the Bates Numbers Identified in Paragraphs 42, 44, 46, 48, and 50 of the SAC

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Apple does not believe that the mere identification of such documents and source code files discloses anything secret, because Plaintiffs did not attach these documents to the SAC or include any excerpts from these documents in the SAC. Nonetheless, Apple does not object to the Court sealing the lines in these paragraphs identifying the bates numbers and file names.[2]

### F. Apple Will Be Prejudiced If Paragraphs 41, 43, 45, 47, and 49 of the SAC Are Sealed

If Plaintiffs' Application is granted in full, Apple's outside counsel will not be able to show Plaintiffs' generic allegations to its in-house counsel. This will inhibit Apple's ability to prepare a defense to Plaintiffs' allegations of trade secret misappropriation, because Apple's in-house counsel will not be able to see the operative allegations, or know the broad categories of information Plaintiffs allege Apple misappropriated. Apple will be unable to investigate internally any facts pertinent to Plaintiffs' allegations, and its ability to mount an adequate defense will be prejudiced. Accordingly, Apple requests that the Court reject Plaintiffs' attempt to seal paragraphs 41, 43, 45, 47, and 49 of the SAC.

### G. Apple Attempted to Resolve This Dispute Informally

Plaintiffs did not show the SAC paragraphs in dispute to Apple before Plaintiffs moved for leave to file their SAC under seal. Instead, Plaintiffs filed a declaration stating that they did not know whether Apple opposed their motion. Notwithstanding that Plaintiffs did not try to avoid this dispute ahead of time, Apple tried to resolve this dispute on multiple occasions since Plaintiffs filed their Application. Counsel for Apple

---

[2] The lines containing only bates numbers and file names are: lines 9–13 in paragraph 42, lines 7–15 in paragraph 44, lines 25–26 in paragraph 46, lines 14–23 in paragraph 48, and lines 10–15 in paragraph 50.

reached out to Plaintiffs three times to determine if they would allow Apple's in-house counsel to see the paragraphs of the SAC in question. *See* Lerner Decl. ¶ 4 & Ex. A, at pp. 3–4. When Apple asked to meet and confer, Plaintiffs did not respond for days, and then refused to provide an answer. Instead, Plaintiffs asked Apple to send a meet and confer letter pursuant to Rule 37-1, even though this is Plaintiffs' motion, and they never attempted to meet and confer on it before filing. *Id.* Ex. A, at pp. 2–3. Apple raised this issue on the parties' August 7, 2020 meet and confer call regarding Apple's forthcoming motion to dismiss. Plaintiffs agreed to consider the issue, but on August 10, 2020, Plaintiffs stated that they would not permit Gibson Dunn to share the unredacted SAC with Apple's in-house counsel. *Id.* ¶ 7 & Ex. B.

### III.   CONCLUSION

For the foregoing reasons, Apple requests that the Court deny Plaintiffs' Application, except with respect to Plaintiffs' request to seal the pages and line numbers in paragraphs 42, 44, 46, 48, and 50 of the SAC that identify documents by bates number and source code files by name.

Dated:  August 10, 2020              Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Joshua H. Lerner*
         Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*