1  JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
     bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*         ILISSA SAMPLIN, SBN 314018
     bandrea@gibsondunn.com                isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.           333 South Grand Avenue
11 Washington, DC 20036                    Los Angeles, CA 90071-3197
   Tel.: 202.955.8541 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
12
   BRIAN A. ROSENTHAL, *pro hac vice*      ANGELIQUE KAOUNIS, SBN 209833
13   brosenthal@gibsondunn.com             akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
14 200 Park Avenue                         2029 Century Park East Suite 4000
   New York, NY 10166-0193                 Los Angeles, CA 90067
15 Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16 *Attorneys for Defendant Apple Inc.*

17                    **UNITED STATES DISTRICT COURT**
18                 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
                              **SOUTHERN DIVISION**
19

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**Hearing**<br><br>Date:       October 5, 2020<br>Time:       1:30 p.m.<br>Courtroom:  10C<br>Judge:      Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California, 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Thirteenth Cause of Action for trade secret misappropriation under the California Uniform Trade Secret Act ("CUTSA") asserted by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") against Apple in the Second Amended Complaint ("SAC") filed in the above-captioned matter.

Plaintiffs CUTSA claim is facially deficient for at least the following two reasons:

*First*, Plaintiffs fail to describe any alleged trade secret with sufficient particularity. Instead, Plaintiffs plead broad categories of information that are untethered to any alleged misappropriation and that are rife with catchall phrases that make it impossible to identify a tangible trade secret. Plaintiffs' failure to describe the alleged trade secrets at this stage—seven months after filing the case and with leave to file under seal—is glaring. If Plaintiffs had a valid claim, they should have had no problem identifying the alleged trade secrets in the Apple Watch and Apple patent filings, which are public. Indeed, Plaintiffs allege that they could not have known about the alleged misappropriation until Apple's patent filings and Watch were public, but Plaintiffs do not describe a single secret in either patents or the Watch.

*Second*, Plaintiffs fail to plead misappropriation of any trade secret by Apple. Plaintiffs do not allege sufficient facts to plausibly claim that Apple acquired, disclosed, or used any of the broad categories information Plaintiffs set out as comprising their purported trade secrets. To the contrary, Plaintiffs fail to tie any of the broad categories of information to *any* alleged misappropriation by Apple, i.e., the incorporation of the

alleged trade secrets in the Apple watch or in an Apple patent filing.  Instead, Plaintiffs' misappropriation allegations hinge on a former employee, Marcelo Lamego, who worked for Apple for less than a year more than six year ago.  Plaintiffs fail to describe any trade secrets allegedly disclosed or used by Lamego, but Plaintiffs also fail to allege facts plausibly establishing that Apple knew or had reason to know that Lamego had a duty to maintain the secrecy of the unidentified information he purportedly shared with Apple, that Lamego breached that duty, or that Apple induced him to do so.

Accordingly, Plaintiffs' CUTSA claim should be dismissed with prejudice.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities (unredacted Memorandum of Points and Authorities filed concurrently with Apple's Application to File Apple's Memorandum of Points and Authorities Under Seal), the Original Complaint, the FAC, the SAC, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 7, 2020.

Dated:  August 14, 2020.                    Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
       Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*