Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' REPLY IN SUPPORT OF THEIR APPLICATION TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER SEAL** |

Pursuant to Local Rule 79-5.2.2(a), and this Court's order on Apple's Motion to Dismiss (Dkt. 60), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Reply in Support of their Application to File Plaintiffs' Section Amended Complaint Under Seal (the "Reply"). Plaintiffs have provided a proposed redacted version of the Reply.

This Court invited Plaintiffs to file the Second Amended Complaint ("SAC") under seal so Plaintiffs could describe their trade secrets in additional detail. Dkt. 60 at 8 ("To the extent that the amended pleading itself discloses Plaintiffs' trade secrets, ***the Court would entertain a sealed filing*** accompanied with a public redacted version.") (emphasis added). Plaintiffs described their trade secrets in more detail and requested the Court seal the SAC. Dkt. 88. Apple opposed Plaintiffs' application to seal. Dkt. 101. Plaintiffs are now filing a Reply in support of their application to seal and ask the Court to seal the Reply for the same reasons they asked the Court to seal the SAC.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, California law provides that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable

-1-

means, which may include . . . sealing the records of the action . . ..." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

Plaintiffs' SAC contains descriptions of information that Plaintiffs assert constitutes trade secrets. Plaintiffs previously explained why the information in the SAC should be sealed. *See* Dkt. 88; Dkt. 89. The Reply should be sealed for the same reasons because it quotes extensively from the SAC. For example, nearly an entire page of the Reply is a block quote from a portion of the SAC that Plaintiffs are asking the Court for permission to file under seal. The information is confidential and valuable to Plaintiffs for the same reasons previously discussed. *See* Powell Decl. ¶ 4; *see also* Dkt. 89 ¶¶ 4-6. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *See* Powell Decl. ¶ 4; *see also* Dkt. 89 ¶¶ 4-6.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that Plaintiffs' SAC—and the Reply that quotes the SAC—discuss Plaintiffs' "***alleged*** trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Moreover, Apple already requested—and this Court granted—permission to file under seal Apple's Opposition Brief discussing Plaintiffs' trade secrets. Dkt. 97; Dkt. 100. For the same reasons, this Court should seal Plaintiffs' reply brief responding to Apple's arguments.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' respectfully request that the Court seal Plaintiffs' Reply in Support of their Application to File Plaintiffs' Section Amended Complaint Under Seal.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 17, 2020      By: */s/ Adam B. Powell*
                                Joseph R. Re
                                Stephen C. Jensen
                                Perry D. Oldham
                                Stephen W. Larson
                                Adam B. Powell

                                Attorneys for Plaintiffs,
                                Masimo Corporation and
                                Cercacor Laboratories

33335277