Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE <br> ) <br> ) Hon. James V. Selna <br> ) Magistrate Judge John D. Early <br> ) <br> ) **PLAINTIFFS' REPLY IN** <br> ) **SUPPORT OF THEIR** <br> ) **APPLICATION TO FILE** <br> ) **PLAINTIFFS' SECOND** <br> ) **AMENDED COMPLAINT UNDER** <br> ) **SEAL** <br> ) <br> ) <br> ) <br> ) <br> ) |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Plaintiffs hereby respond to Apple's Opposition to Plaintiffs' application to file Plaintiffs' Second Amended Complaint Under Seal.  Dkt. 98-1 ("Op.").

## I.  <u>INTRODUCTION</u>

This Court invited Plaintiffs to file the Second Amended Complaint ("SAC") under seal so Plaintiffs could describe their trade secrets in more detail. Plaintiffs did exactly as the Court suggested.

Apple's opposition has nothing to do with whether the Court should seal the SAC or provide public access to the SAC.  Instead, Apple seeks to disclose Plaintiffs' confidential description of trade secrets to Apple's in-house counsel. Indeed, Apple offered ***not*** to oppose Plaintiffs' application if Plaintiffs agreed to provide Apple's in-house counsel access to the sealed SAC.   But Apple specifically requested that same relief ***twice,*** and Judge Early ***denied*** Apple's requests.  Perhaps recognizing it would not prevail on objections under Rule 72(a), Apple instead files an opposition asking this Court to publish Plaintiffs' trade secrets to the world.  Apple should not be permitted to relitigate an issue on which it lost twice under the guise of opposing Plaintiffs' application to seal.

Apple's opposition also fails to show Plaintiffs' application should be denied.   Apple asks this Court to resolve the ***merits*** of Plaintiffs' claim by making factual determinations as to which aspects of Plaintiffs' trade secrets Apple disclosed in its own patent publications.  This Court should decline Apple's invitation to decide the merits of Plaintiffs' claims on a procedural application to seal, particularly when Apple disputes that its patent applications disclosed Plaintiffs' trade secrets.  Contrary to Apple's arguments, California law addresses this situation and provides that the Court should seal "alleged" trade secrets as long as there is a reasonable basis for the plaintiff's allegations.

Apple also fails to show that anything specific that Plaintiffs seek to seal is generally known.   Nor does Apple rebut Plaintiffs' factual declaration explaining why public disclosure of Plaintiffs' trade secrets would harm

Plaintiffs.  Instead, Apple quotes snippets of the SAC out of context and asks this Court to ***assume*** that Plaintiffs' trade secrets must have been published somewhere.  The Court should grant Plaintiffs' application to seal.

## II.  ARGUMENT

### A.  This Court Invited Plaintiffs To File the SAC Under Seal

Apple previously moved to dismiss Plaintiffs' complaint by arguing that Plaintiffs had not disclosed their trade secrets in sufficient detail.  *See* Dkt. 38-1.  The Court ordered Plaintiffs to describe their trade secrets in more detail and specifically invited Plaintiffs to file the SAC under seal.  Dkt. 60 at 8.  As Apple's own precedent observes, "[n]o plaintiff making a good faith identification would disclose its alleged secrets in a non-confidential document."  *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1113 n.2 (N.D. Ca. 2016).  In such circumstances, where "courts have addressed the sufficiency of a plaintiff's identification of alleged trade secrets, the parties have filed the disclosures under seal . . .."  *Loop*, 195 F. Supp. 3d at 1112.  Thus, Plaintiffs properly filed the SAC under seal pursuant to the Court's invitation.

### B.  Apple is Improperly Attempting to Circumvent Judge Early's Ruling

The parties spent months negotiating a Protective Order and eventually submitted over twenty disputes to Judge Early, including whether Apple in-house counsel should have access to Plaintiffs' trade-secret disclosures.  Dkt. 61-1 at 29-30 (Apple proposing revisions to Paragraph 9.3).  Judge Early resolved that issue by rejecting access by Apple's in-house counsel.  *See* Dkt. 67 ¶ 9.3.  On July 8, 2020, Apple moved for reconsideration.  Dkt. 72-1.  Just as it now does in its opposition, Apple argued it would be easier to defend itself if Apple's in-house counsel had access to Plaintiffs' description of trade secrets.  *Id.* at 2-3.  Judge Early denied Apple's motion, finding Apple's argument "not well taken."  Dkt. 93 at 5.  Judge Early found that Plaintiffs' position (that its

1   trade secret disclosures should not be provided to Apple's in-house counsel)
2   was "well-taken and supported by good cause." *Id.*

3       On the very same day that Judge Early issued his ruling, Apple continued
4   demanding that Plaintiffs allow Apple to share Plaintiffs' description of trade
5   secrets with Apple's in-house counsel.  Dkt. 98, Ex. A at 4.  Because Apple
6   made clear it intended to again relitigate the issue, Plaintiffs asked for a Rule
7   37-1 letter explaining Apple's request.  *Id*. at 2-3.  In response, Apple revealed
8   that it would relitigate the issue for a third time by opposing Plaintiffs'
9   application to seal.  *Id*. at 2.  Apple tied its opposition to Plaintiffs agreeing to
10  the ***identical*** relief that Judge Early twice rejected.  *Compare* Suppl. Powell
11  Decl. ¶ 3 (Apple demanding access for three-in-house counsel), *with* Dkt. 93 at
12  4 (rejecting Apple's request for reconsideration on "a provision permitting three
13  of Defendant's inhouse counsel to have access to Plaintiffs' AEO trade secret
14  disclosures").  Apple even identified the same individual in-house counsel that it
15  identified in its reconsideration motion.  Suppl. Powell Decl. ¶ 3.  Apple's
16  opposition has nothing to do with confidentiality and makes clear that Apple's
17  true goal is providing its in-house counsel access to Plaintiffs' trade secrets. *See*
18  Op. at 1, 7, 8.

19      Apple should not be permitted to relitigate the terms of the Protective
20  Order in an opposition to a procedural motion to seal.   The Ninth Circuit has
21  explained that "compelling reasons" to seal exist "when . . . court files have
22  become a vehicle for improper purposes, such as the use of records to . . .
23  ***release trade secrets***."  *Kamakana v. City and County of Honolulu*, 447 F.3d
24  1172, 1179 (9th Cir. 2006).[1]  That is exactly what is occurring here: Apple is
25  trying to circumvent Judge Early's rulings so that its in-house counsel can
26  obtain access to Plaintiffs' trade secrets.  That is improper.

27  _____

28      [1] All emphasis is added unless noted otherwise.

Accordingly, Apple's opposition is not about the public's right to access court filings. Indeed, Apple previously argued that merely designating information as "Highly Confidential – Attorneys Eyes Only," as Plaintiffs did here, should be ***presumptively sufficient*** to seal material in this case. Dkt. 61-1 at 10 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue" (emphasis in original)). The Court should reject Apple's improper attempt to again relitigate this issue.

## C.     Section 3426.5 Supports Plaintiffs' Request to Seal

Apple argues that Section 3426.5 does not support Plaintiffs' request for two reasons. First, Apple argues the statute does not support sealing "alleged" trade secrets, and thus the Court must determine the existence of trade secrets on the ***merits*** before sealing anything. Op. at 2. That directly contradicts the text of Section 3426.5, which states that courts should employ "reasonable means" to "preserve the secrecy" of an "***alleged*** trade secret." Indeed, Apple's own cited authority held that the issue of public disclosure in a patent is a factual issue "for the ***jury*** to decide." *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1357 (Fed. Cir. 2011).

Apple quotes *Cypress Semiconductor Corp. v. Maxim Integrated Prods., Inc.*, 236 Cal. App. 4th 243, 255 (2015), as allegedly rejecting the "premise that merely by filing a pleading characterizing certain information as a trade secret, a party can compel the courts to withhold that information from the public record until such time as it finally adjudged not to be a trade secret." But Apple ***omits the very next sentence*** in *Cypress* where the Court explained that its holding was limited to requests to seal indisputably public information. The Court observed that sealing information alleged to be a trade secret "***would have considerable*** color where the information is at least ***arguably*** secret." *Id.* In

-4-

*Cypress*, the Court found that "there was **no arguably secret information** before the Court" because "[n]early all of the information Cypress sought to place under seal had been compiled by its opponent from public sources where—so far as the record show[ed]—it has remained available to this day . . .." *Id*. As a result, in *Cypress*, there was "**not** a colorable trade secret." *Id*.

No such facts exist here. Apple asserts that some aspects of Plaintiffs' trade secrets must have been disclosed in **Apple's** publications. But Apple fails to present **any evidence** showing that any specific subject matter is generally known. Moreover, Apple does not concede that its patents actually disclose the trade secrets that Plaintiffs ask the Court to seal—likely because Apple intends to dispute that issue. An application to seal is not the proper vehicle to decide the merits of Plaintiffs' claims, which is an issue "for the **jury** to decide." *See Atl. Research*, 659 F.3d at 1357.

Second, Apple argues Section 3426.5 does not apply because the SAC is not a "Section 2019.210 Statement." Op. at 2. But Section 3426.5 is not so limited. Section 3426.5 broadly requires a court to "preserve the secrecy of an **alleged** trade secret by reasonable means," including granting protective orders, holding in camera hearings, and sealing records. Cal. Civ. Code § 3426.5.

Apple cites *Gatan, Inc. v. Nion Co.*, 2018 WL 2117379 (N.D. Cal. May 8, 2018), which addressed whether a trade secret disclosure satisfied Section 2019.210—not the requirements to seal a pleading.[2] *Gatan* did not address sealing information because the plaintiff had filed the information publicly. *Id.* at *4. Where—as here—there is a colorable "alleged" trade secret, Section 3426.5 "obligates the court to employ 'reasonable means' to '*preserve the*

---

[2] Because the issue is not relevant here, Plaintiffs do not address Apple's arguments regarding whether Plaintiffs' allegations satisfy Section 2019.210.

secrecy' of an 'alleged trade secret.'"  *See Cypress,* 236 Cal. App. 4th at 255 (quoting Civ. Code § 3426.5) (emphasis in original).

**D.**      **The Court Should Reject Apple's Remaining Arguments**

The remainder of Apple's brief is directed to the merits of Plaintiffs' trade secret claim.  Op. at 4-7.  For the reasons discussed above, the Court should decline Apple's invitation to decide the merits of Plaintiffs' claim on an application to seal.  Apple's arguments also lack merit for many reasons.

First, Apple relies almost entirely on attorney argument.  Apple quotes various allegations and summarily asserts they are "generic and high-level" and describe "known" techniques.  But Apple cites ***nothing*** to support its attorney argument.  Op. at 4.  Apple identifies no evidence showing that Plaintiffs' trade secrets are generally known, such as was presented in *Cypress*.  Nor does Apple even address, much less rebut, Plaintiffs' declaration addressing each category of trade secrets and explaining (1) why the information is secret and (2) why disclosure would harm Plaintiffs.  Dkt. 89.

Second, Apple's description of Plaintiffs' trade secrets is highly misleading because Apple consistently quotes the ***initial*** topic sentence of each paragraph, while ***omitting*** the extensive detailed descriptions that follow.  *See* Op. at 4-6.  For example, Apple points to Plaintiffs' reference to ███████████ ████████████████████████████████████████████████████████ ████████████████████████████ and asserts (without support) that the description is ████████ ████ ████████ ████████ ████████ ████████ ████████████████████████████ Op. at 4.  Apple studiously omits the ***eight*** detailed bullet points that follow, including:

•  ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████

-6-



Dkt. 89-1 ¶ 41.  Apple makes **no** attempt to show the above subject matter is "generally known," such that it could not constitute a trade secret.  Cal. Civ. Code § 3426.1(d).  Apple similarly omits the details of Plaintiffs' other trade secrets.  *See* Op. at 5-6.

Third, Apple relies on Plaintiffs' allegations that Apple misappropriated some of Plaintiffs' trade secrets by including them in patent applications.  Op. at 3-4.  But Apple has not admitted to such misappropriation.  Apple cannot use its own patents to justify publishing Plaintiffs' trade secrets while simultaneously asserting that its patents did not actually disclose Plaintiffs' trade secrets.

Apple's assertion is also overly simplistic and ignores California law.  For example, Apple cites *On-Line Tech. v. Bodenseewerk Perkin-Elmer*, 386 F.3d 1133 (Fed. Cir. 2004), which addressed requirements set forth in the *Connecticut* trade secrets act and the Restatement of Unfair Competition that

are **not** present in California law.  For example, California requires a trade secret not be "generally known," but the Restatement requires a trade secret not be "generally known **or** readily ascertainable through proper means." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt. f (1995).  Under California law, even if information appears in a public document, that does not mean it is automatically "general known" such that it cannot be a trade secret. *See* Cal. Civ. Code § 3426.1(d).  This guards against a defendant asserting that it should not be liable for misappropriating the plaintiffs' trade secrets merely because it could have obtained the information through permissible means.

Moreover, even disclosure of some aspects of Plaintiffs' trade secrets would not disclose the "value and importance" of such information in particular contexts, which Plaintiffs expressly claim as a trade secret.  *See* Dkt. 89-1 ¶¶ 41, 43, 45, 47, 49.  Even if Apple admitted it improperly disclosed Plaintiffs' technology, such publication would not have disclosed the valuable information that such technology belongs to **Plaintiffs**.  Because Plaintiffs have industry-leading technologies, knowing which particular techniques **Plaintiffs** use is valuable information that competitors could use to improperly compete against Plaintiffs.  Such information would inform competitors' selection of techniques because they would understand which techniques originated with Plaintiffs.  Apple's equivocal assertion that it published information does not show general knowledge of Plaintiffs' trade secrets, much less which techniques are important to Plaintiffs.

Apple also cites *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 149 (1989), which states that "[o]nce **an inventor** has decided to lift the veil of secrecy from his work, he must choose the protection of a federal patent or the dedication of his idea to the public at large."  But Plaintiffs did not choose to disclose their trade secrets.  Apple **misappropriated** them.  Apple cannot use its own misappropriation (particularly while disputing that misappropriation) to

reveal to the world the details of Plaintiffs' techniques and the fact that those techniques originated with Plaintiffs.  Accordingly, Plaintiffs have more than met their burden to show that portions of the SAC should be sealed.[3]

**E.      Plaintiffs Fully Complied with the Local Rules**

Apple complains that Plaintiffs did not meet and confer before filing their application to seal.  Op. at 7-9.  But the Local Rules contain no meet-and-confer requirement when a party seeks to seal its own information.  *See* L.R. 79-5.2.2(a).  The rules do not appear to contemplate a party opposing an application as a ploy to give its in-house counsel access to an opposing party's trade secrets.

Apple also claims that, when "Apple asked to meet and confer," Plaintiffs "did not respond for days, and then refused to provide an answer."  Op. at 8. That is false.  Apple waited ***ten days*** after Plaintiffs filed the SAC before emailing Plaintiffs at 2 pm demanding a response the same day.  Dkt. 98, Ex. A at 4.  After Apple made that request, Judge Early rejected Apple's position for a ***second time***.  Dkt. 93 at 5.  Plaintiffs thus understand Judge Early had resolved the issue.  When Apple persisted in raising an issue on which it had already lost twice, Plaintiffs responded the next day asking what motion Apple was contemplating.  Dkt. 98, Ex. A at 2-3.  When Apple disclosed it would oppose Plaintiffs' application to seal, Plaintiffs responded the same day, and conferred with Apple the next day.  *Id.* at 1.

### III.  CONCLUSION

For the reasons discussed above, the Court should grant Plaintiffs' application to seal.

---

[3] To the extent the Court disagrees, Plaintiffs respectfully request the ability to supplement the record with additional factual evidence before the Court publishes the unredacted version of the SAC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 17, 2020          By: */s/ Adam B. Powell*
                                    Joseph R. Re
                                    Stephen C. Jensen
                                    Perry D. Oldham
                                    Stephen W. Larson
                                    Adam B. Powell

                                    Attorneys for Plaintiffs,
                                    Masimo Corporation and
                                    Cercacor Laboratories

33344625

-10-