Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation<br><br>    Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal: (1) portions of Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunction ("Memorandum"), (2) the Declaration of Mohamed Diab in Support of Plaintiffs' Motion For Preliminary Injunction ("Diab Declaration"), (3) the Declaration of Jeroen Poeze in Support of Plaintiffs' Motion For Preliminary Injunction ("Poeze Declaration"), (4) portions of the Declaration of Joe Kiani in Support of Plaintiffs' Motion For Preliminary Injunction ("Kiani Declaration"), and (5) Exhibits 2 and 15-17 to the Declaration of Adam Powell in Support of Plaintiffs' Motion For Preliminary Injunction ("Powell Preliminary Injunction Declaration").

Plaintiffs have provided proposed redacted versionS of the Memorandum and Kiani Declaration. Plaintiffs do not believe redactions are feasible for the Diab Declaration, Poeze Declarations, or Exhibits 2 and 15-17 to the Powell Preliminary Injunction Declaration due to the amount of confidential information contained therein.

## I. **LEGAL STANDARDS**

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding

compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged *trade secret* by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

Plaintiffs' Memorandum, the Diab Declaration, the Poeze Declaration, the Kiani Declaration, and Exhibits 2 and 15-17 to the Powell Preliminary Injunction Declaration each contain confidential information as described in more detail below.

First, the redacted portions of Plaintiffs' Memorandum detail Plaintiffs' confidential and proprietary technical trade secrets, including explanations of Plaintiffs' confidential algorithms, development efforts, and other technical information. Powell Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.*

The redacted portions of Plaintiffs' Memorandum also correlate aspects of Plaintiffs' trade secrets with Apple's disclosures. *Id.* Publishing that information would disclose Plaintiffs' trade secrets and harm Plaintiffs for the same reasons discussed above. *Id.* Plaintiffs expressly claim the "value and importance" of these techniques as a trade secret. *See* Dkt. 89-1 ¶ 41. Because Plaintiffs have industry-leading technologies, knowing which particular techniques *Plaintiffs* use is valuable information that competitors could use to improperly compete against Plaintiffs. Such information would inform competitors' selection of techniques because they would better understand

which techniques originated with Plaintiffs. For all these reasons, Plaintiffs would be harmed if these trade secrets were disclosed. Powell Decl. ¶ 4.

Second, the Diab Declaration includes a similar explanation of Plaintiffs' technical trade secrets. *Id.* ¶ 5. The Diab Declaration also includes additional details about Plaintiffs' technology and development process that were not included in Plaintiffs' Memorandum. *Id.* Disclosure of the Diab Declaration would harm Plaintiffs for the reasons discussed above. *Id.*

Third, the Poeze Declaration includes a similar explanation of Plaintiffs' technical trade secrets. *Id.* ¶ 6. The Poeze Declaration also contains additional details about Plaintiffs' technology and development process that were not included in Plaintiffs' Memorandum. *Id.* Disclosure of the Poeze Declaration would harm Plaintiffs for the reasons discussed above. *Id.*

Fourth, the redacted portions of the Kiani Declaration discuss Plaintiffs' proprietary technologies and how they were disclosed by Apple, as well as confidential business dealings between Plaintiffs and Apple. *Id.* ¶ 7. Again, because Plaintiffs have industry-leading technologies, knowing which particular techniques **Plaintiffs** use is valuable information that competitors could use to improperly compete against Plaintiffs. Disclosure would reveal Plaintiffs' technical trade secrets by allowing competitors to correlate Plaintiffs' trade secrets to Apple's disclosure. Disclosure would also reveal Plaintiffs' business strategies, and confidential business activities of both parties. *Id.* Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if this information were disclosed. *Id.*

Fifth, Exhibits 15-17 to the Powell Preliminary Injunction Declaration are Plaintiffs' confidential lab notebooks and an email disclosing and describing these same trade secrets. *Id. ¶ 8.* Disclosure of these exhibits would harm Plaintiffs for the same reasons discussed above. *Id.* Exhibit 2 to the Powell

Preliminary Injunction Declaration is an email chain between personnel at Apple and Plaintiffs discussing a confidential meeting between the parties that occurred under a non-disclosure agreement. *Id.* Disclosure would reveal the business activities of both parties and would harm Plaintiffs for the reasons discussed above. *Id.*

### B. The Court Should Grant Plaintiffs' Application to Seal

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that the documents Plaintiffs seek to seal discuss Plaintiffs' "***alleged*** trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

Moreover, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case with the documents here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Apple has previously argued that Plaintiffs' trade secrets should not be sealed because Plaintiffs allege that Apple's patent filings contain some of Plaintiffs' trade secrets. *See* Dkt. 101. But mere publication in a patent does not automatically show specific information is "generally known" under California law, such that the information is not a trade secret. *See* Cal. Civ.

-4-

Code § 3426.1(d); *Kittrich Corporation v. Chilewich Sultan, LLC*, 2013 WL 12131376, at *4 (C.D. Cal., Feb. 20, 2013) (publication on the Internet does not necessarily destroy information's status as a trade secret). Determining whether information is not a trade secret "requires a fact-intensive analysis" to show that the information is generally known. *Kittrich,* 2013 WL 12131376, at *4.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of the Memorandum and Kiani Declaration. Plaintiffs respectfully request the Court seal the Diab Declaration, Poeze Declaration, and Exhibits 2 and 15-17 to the Powell Preliminary Injunction Declaration in their entirety.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 17, 2020     By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories

33282443