JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE AND *EX PARTE* APPLICATION FOR A MODIFIED BRIEFING AND EXPERT OBJECTION SCHEDULE FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>***EXPEDITED CONSIDERATION REQUESTED***<br><br>Hon. James V. Selna<br>No Hearing Noticed |

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Apple Inc. ("Apple") hereby submits this *Ex Parte* Application for a modified briefing schedule and hearing date for the Motion for Preliminary Injunction ("Motion") (Dkt. No. 108) brought by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs").  Specifically, Apple requests that the Court continue the hearing on Plaintiffs' Motion from September 14, 2020 to October 5, 2020, so that Apple has three weeks to oppose the Motion and Plaintiffs have two weeks to file their reply brief.  Otherwise, Apple will have only five days, the same amount of time Plaintiffs have for reply.  Apple's proposal adopts the briefing schedule the parties previously agreed should govern motion practice in this case, particularly where, as here, the motion could have been raised many months ago.  Given that Apple's counsel cannot show the many filings to Apple in-house counsel as well as the technical nature of the three inventor declarations, Apple further requests that the Court order expedited procedures for Plaintiffs' consideration of Apple's proposed expert Dr. Majid Sarrafzadeh, as well as any replacement proposed expert should Plaintiffs object to Dr. Majid Sarrafzadeh (which they indicated they intend to do), because the timeline for objections set forth in Section 9.2(c) of the Protective Order will not permit Apple to involve an expert before its opposition to Plaintiffs' Motion is due to be filed.

Apple needs immediate, *ex parte* relief because Apple's opposition is currently due Monday, August 24, 2020, **just five court days** after Plaintiffs served their 20-page Motion—accompanied by five declarations and 24 exhibits—after 11:00 PM on August 17, 2020 (Plaintiffs' public versions of the Motion started coming through at 11:04 PM and Plaintiffs' under seal versions of the Motion started coming through at approximately 11:35 PM).  Plaintiffs noticed their Motion for hearing on September 14, 2020, giving Apple just five court days to oppose their Motion, and giving themselves the same amount of time, five court days, to prepare a reply brief upon receipt of Apple's opposition (Plaintiffs' reply is currently due August 31, 2020).

This schedule unnecessarily prejudices Apple, and critically, the short schedule is completely unnecessary given that there is absolutely no emergency underlying Plaintiffs' Motion. The patent that Plaintiffs now claim discloses their alleged trade secrets published last year, *ten* months before Plaintiffs filed this case, yet Plaintiffs never identified it. Plaintiffs first made their unfounded demand for the same relief they seek here—that Apple disclose any patent application by any former employee of Plaintiffs—on March 4, 2020, *more than five months ago*. As Apple will show in its Opposition, courts in this district have repeatedly denied requests for injunctions based on similar delays alone.

Furthermore, Plaintiffs intentionally waited to identify the patent that they now claim discloses their purported trade secrets. Since March 2020, Plaintiffs have refused to respond to at least ten letters and countless emails from Apple requesting that Plaintiffs describe their alleged trade secrets, and almost as many requests that Plaintiffs identify any patent that discloses their alleged secrets. (*See, e.g.*, Lerner Decl. ¶¶ 4–8, 10–11 & Exs. A–E, G–H.)[1] Apple has been asking for the patent information repeatedly since March 6, 2020. Rather than identify the patent that they now rely on in their Motion, Plaintiffs delayed, and even reneged on their promise to answer discovery requests directed to the alleged disclosures. Plaintiffs waited to provide any information about the patent that is the focus of their Motion until the Friday night before filing the Motion.

Given that Plaintiffs did not pursue their Motion promptly—and instead hid the bases for it—Plaintiffs should not be heard to complain that Apple's requested extension would result in any prejudice. It will not. To the contrary, as Apple has explained to Plaintiffs, any harm to Plaintiffs here is entirely speculative. Plaintiffs identified one

---

[1] The accompanying Lerner Declaration includes exemplar correspondence; the parties exchanged countless letters and emails—wherein Plaintiffs repeatedly refused to describe their alleged trade secrets and refused to identify any patents that purportedly disclose their alleged trade secrets.

patent by one former employee, who worked at Apple for six months and left six years ago. Plaintiffs' demand for ongoing disclosure of the work being done by every one of their former employees is based on pure, baseless, speculation. Not only does ongoing disclosure run afoul of California law, Plaintiffs are relying on the notion that every one of their former employees will inevitably disclose their secrets—but California rejects the inevitable disclosure doctrine.

Plaintiffs also yet again sealed their papers and refuse to allow Apple's outside counsel to share any of the material with even a limited number of Apple's in-house litigation team. Accordingly, Apple's outside counsel must consult experts. Apple provided Plaintiffs with notice of its requested expert, Dr. Majid Sarrafzadeh, on August 18, 2020, for this purpose. Under Section 9.2(c) of the Protective Order, Plaintiffs can wait until September 1, 2020, to raise any objection to Dr. Majid Sarrafzadeh, and Apple cannot otherwise disclose Plaintiffs' confidential material in the interim. In other words, Plaintiffs can wait to object to Dr. Majid Sarrafzadeh until *after* Apple's current deadline to oppose Plaintiffs' Motion, which would substantially prejudice Apple. And even if Plaintiffs object to Dr. Majid Sarrafzadeh sooner (they have indicated that they are likely to object, but have refused to provide the reason), there still will not be time under the period for objections set forth in Section 9.2(c) for Apple to onboard an alternative expert—even if the Court alters the briefing schedule for Plaintiffs' Motion to provide Apple with its requested three-week opposition period. Accordingly, Apple requests that the Court order Plaintiffs to expedite consideration of Dr. Sarrafzadeh under Section 9.2(c) of the Protective Order and provide any objections by August 24, 2020. Apple further requests an order providing that in the event there is an objection by Plaintiffs to Dr. Sarrafzadeh on or before August 24, 2020, Apple may propose a replacement expert under Section 9.2(c) of the Protective Order and Plaintiffs shall provide objections to the replacement expert, if any, within three calendar days of receiving the disclosure of the replacement expert. Apple is happy to abide by the same expedited schedule for its

objections, if any, to Plaintiffs' proposed expert, Dr. Madisetti, and any replacement.

Apple tried to avoid motion practice by asking Plaintiffs for a modified briefing and expert objection schedule on August 18, 2020, one day after Plaintiffs filed their Motion. (Lerner Decl. ¶¶ 15–16 & Ex. I.) The parties thereafter exchanged multiple emails about a modified briefing and expert objection schedule, as well as multiple iterations of a stipulation and proposed order. (*Id.* ¶ 17.) The parties were unable to reach agreement about the stipulation (*id.* & Ex. J), and Apple therefore moves *ex parte* for relief, given its current August 24, 2020 filing deadline.

The contact information for Plaintiffs' counsel is as follows:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

This *Ex Parte* Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Joshua H. Lerner and Exhibits appended thereto, all other papers and pleadings on file in this

action, all matters of which judicial notice may be taken, and such argument and evidence as may be presented at the hearing on this Application, if any.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Apple brings this *Ex Parte* Application to request that the Court continue the hearing on Plaintiffs' Motion, order a modified briefing schedule for Plaintiffs' Motion, and alter the procedure for expert objections set forth in Section 9.2(c) of the Protective Order for purposes of this Motion. Because Plaintiffs filed their Motion on August 17, 2020, and noticed it for hearing on September 14, 2020, Apple was given ***just five court days*** to oppose an 20-page Motion accompanied by five declarations and 24 exhibits. And because Plaintiffs designated the substantive portions of their Motion highly confidential, Apple does not have any time under the Protective Order's objection procedures to share substantive information with an expert, as it must, in advance of its opposition deadline. This schedule that Plaintiffs selected for their Motion is inequitable and prejudices Apple.

As explained in more detail below, there is no emergency underlying Plaintiffs' Motion, and, thus no need for the oppressive schedule for the Motion in the first place. The patent that Plaintiffs now claim discloses their alleged trade secrets published last year, *ten* months before Plaintiffs filed this case, yet Plaintiffs never identified it. Furthermore, Plaintiffs first made their unfounded demand for the same relief they seek here—that Apple disclose any patent application by any former employee of Plaintiffs— on March 4, 2020, *more than five months ago*. To make matters worse, Plaintiffs waited to provide any information about the patent that is the focus of their Motion until August 14, 2020 (Lerner Decl. ¶ 12), the Friday night before filing their Motion.

Apple tried for two days to work with Plaintiffs to achieve a stipulation on these issues, so as not to burden the Court with this Application. Unfortunately, the parties were unable to reach agreement on the particulars of the stipulation—even though Apple

agreed to extend Plaintiffs' time to file a reply in support of their Motion, as Plaintiffs requested, and even though Apple also agreed to expedite its time period to object to Plaintiffs' proposed expert and any replacement expert, as Plaintiffs requested.

Specifically, Plaintiffs sought to condition any stipulation for a modified briefing schedule and expert objection process on Apple's agreement to the relief requested in their Motion. Even though Apple maintains that there is no factual or legal basis for Plaintiffs' Motion and the requested relief therein—in fact, Plaintiffs' demands are flatly contrary to California law—Apple was willing to agree, and remains willing to agree, on an interim basis, to take all necessary steps with respect to Apple employees to prevent publication or disclosure in any patent, patent application, or patent filing, that (a) concerns measurement or tracking of health-related or physiological information, and (b) names as an inventor or author one or more of Plaintiffs' former employees. Apple was not willing, however, to agree to the broader and incredibly vague interim restrictions Plaintiffs sought—namely, those that would require Apple to police third parties, including the U.S. Patent and Trademark Office, and prevent the disclosure of the aforementioned information in "documents" other than patents, patent applications, and patent filings. Apple therefore had no choice but to move forward with this Application, in view of its impending August 24, 2020 opposition deadline.

Apple respectfully requests that the Court issue an Order (1) continuing the hearing on Plaintiffs' Motion to October 5, 2020, at 1:30 PM; (2) modifying the briefing schedule on Plaintiffs' Motion such that Defendant's Opposition to the Motion shall be due on September 7, 2020, and Plaintiffs' Reply in Support of the Motion shall be due on September 21, 2020; (3) ordering Plaintiffs to expedite consideration of Apple's proposed expert (Dr. Sarrafzadeh) under Section 9.2(c) of the Protective Order and provide any objections by August 24, 2020, and for Apple to do the same with respect to Plaintiffs' proposed expert (Dr. Vijay Madisetti); and (4) ordering that, in the event Plaintiffs object to Dr. Sarrafzadeh on or before August 24, 2020, Apple may propose a

replacement expert under Section 9.2(c) of the Protective Order, and Plaintiffs shall provide objections to the replacement expert, if any, within three calendar days of receiving the disclosure of the replacement expert—and the same in the event Apple objects to Dr. Vijay Madisetti on or before August 24, 2020.

## II.   ARGUMENT

### A.   The Current Schedule Is Prejudicial to Apple, and a Revised Schedule Will Not Harm Plaintiffs

The schedule that Plaintiffs imposed for their Motion leaves Apple with less time to oppose the Motion than a party normally has for a reply brief, and no ability to engage and involve an expert before its opposition brief is due to be filed—even though Plaintiffs filed three substantive, inventor declarations in support of their Motion that Apple must rebut. The following table sets forth the current deadlines under Plaintiffs' schedule, and demonstrates that, in view of the Protective Order's expert objection procedures, Plaintiffs have put Apple in a position where it will be impossible for Apple to retain and involve an expert in time for Apple's opposition deadline:

| Event | Current Deadline |
|---|---|
| Apple's Opposition to Plaintiffs' Motion | August 24, 2020 |
| Plaintiffs' Reply in Support of Plaintiffs' Motion | August 31, 2020 |
| Plaintiffs' Deadline to Object to Apple's Proposed Expert under § 9.2(c) of the Protective Order (before which date Apple cannot share any of Plaintiffs' designated information with an expert) | September 1, 2020 |
| Hearing on Plaintiffs' Motion | September 14, 2020 |

The above schedule is unfair and prejudicial to Apple for multiple reasons.

***First***, the schedule gives Apple ***just five court days*** to oppose a substantial Motion that attaches many substantive declarations and exhibits. Apple has been asking *repeatedly* since March 2020 for any patents that disclose Plaintiffs' alleged trade secrets. Plaintiffs withheld the information for more than five months—until August 14, 2020 (Lerner Decl. ¶ 12), the Friday before the Monday on which it filed this Motion—and then noticed a schedule for its Motion that gives Apple just five court days to oppose. Plaintiffs selected this schedule despite their months of delay in providing Apple with any of the information relevant to this Motion—and also after agreeing with Apple that the default rule for motion practice in this case would be three weeks for oppositions and two weeks for reply briefs. (*See Id.* ¶ 9 & Ex. F.)

***Second***, Plaintiffs selected a schedule for their Motion that makes it impossible for Apple to retain and involve an expert before Apple must oppose the Motion. Section 9.2(c) of the Protective Order creates a 14-day waiting period from the time a party discloses an expert to the time by which the other party is required to notice any objections to that expert. (Dkt. No. 67, at § 9.2(c).) And prior to the expiration of this 14-day waiting period, "[t]here shall be no disclosure of Protected Material" to the proposed expert. (*Id.*) Apple provided the requisite disclosures for its proposed expert, Dr. Majid Sarrafzadeh, on August 18, 2020. Even though Plaintiffs have indicated, without reason, that they likely will object to Dr. Majid Sarrafzadeh, under Section 9.2(c) of the Protective Order, Plaintiffs can wait until September 1, 2020 to do so—*eight days after* Apple's opposition to the Motion is due. And even if Apple were to disclose a replacement expert now—given Plaintiffs' indication that they intend to object to Dr. Majid Sarrafzadeh on some unspecified future date—there would not be enough time to get Plaintiffs' approval to share their under seal filings with the replacement expert in time for Apple's deadline to oppose the Motion.

Apple will be substantially prejudiced if forced to oppose Plaintiffs' Motion without an expert. Plaintiffs designated *all* substantive aspects of their Motion and supporting declarations and exhibits highly confidential – attorneys' eyes only. Under the Protective Order in this case, Apple's outside counsel cannot share any of this technical information with anyone at Apple. Apple's counsel therefore should be given the opportunity to consult experts. Plaintiffs, however, have created a situation where Apple cannot possibly get an expert retained and involved to accomplish that task in time. This is unfair—particularly because Apple is willing to expedite the Section 9.2(c) procedures for Plaintiffs' requested expert, Dr. Vijay Madisetti.

The bottom line is that there is no legitimate reason for this incredibly expedited schedule that Plaintiffs noticed for their Motion—one that would give Apple insufficient time to oppose, and deny Apple the right to engage and involve an expert witness for that purpose.

On the other side of the scale, it is worth repeating that there is no emergency warranting this expedited and oppressive schedule. The patent that Plaintiffs now claim discloses their alleged trade secrets published last year, *ten* months before Plaintiffs filed this case, yet Plaintiffs never identified it despite Apple's *repeated* requests that Plaintiffs identify any patent that discloses their alleged trade secrets. Plaintiffs waited to provide any information about the patent that is the focus of their Motion until the *Friday night before filing the Motion*. Because Plaintiffs did not pursue their Motion promptly in relation to the stated bases for it, Plaintiffs should not be heard to complain that Apple's modest requested extension would result in any prejudice.

Indeed, Plaintiffs first made their unfounded demand for the same relief they seek here—that Apple disclose any patent application by any former employee of Plaintiffs—on March 4, 2020, *more than five months ago*. And yet, since March, 2020, Plaintiffs have refused to respond to at least ten letters and countless emails from Apple requesting that Plaintiffs provide a Section 2019.210 disclosure, and almost as many requests that

Plaintiffs identify any patent that discloses their alleged secrets. (*See, e.g.*, Lerner Decl. ¶¶ 4–8, 10–11 & Exs. A–E, G–H.) This is not the conduct of Plaintiffs with an emergency motion. It is certainly not the conduct of Plaintiffs with a Motion that cannot follow the normal briefing schedule agreed to by the parties for motion practice in this case (*Id.* Ex. F)—let alone a schedule that permits Apple the bare minimum time necessary to retain and involve an expert witness to enable it to defend against these accusations and claims. Apple seeks nothing more than a fair opportunity to oppose Plaintiffs' Motion.

Finally, Plaintiffs' Motion identifies one patent by one former employee who was employed by Apple for six months, six years ago. Not surprisingly, Plaintiffs do not allege any risk of any other patent filings by Apple naming this employee as an inventor. As to all of Plaintiffs' other former employees, Plaintiffs rely on speculation that the employees will inevitably disclose some as yet unidentified trade secret in a future patent application. As Apple will explain in its Opposition, California neither recognizes inevitable disclosure nor saddles former employees with an ongoing duty to disclose their work to former employees. In sum, there is no harm that will flow from a fair briefing schedule; Plaintiffs have only speculation that runs counter to California law.

### B. *Ex Parte* Relief Is Necessary and Appropriate

As discussed above, Apple will suffer prejudice if it is not permitted to bring this Application, and Apple is without fault in creating the need for *ex parte* relief, as the scheduling issues are the result of the date Plaintiffs noticed for the hearing on their Motion. Additionally, this Application could not be heard according to regularly-noticed motion procedures, as a regularly-noticed motion would not be heard until September 21 2020, which is four weeks after Apple's current deadline to oppose Plaintiffs' Motion. Accordingly, *ex parte* relief is necessary and appropriate here. *See Malch v. Dolan*, 2018 WL 6017000, at *2 (C.D. Cal. Apr. 12, 2018).

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court issue an Order (1) continuing the hearing on Plaintiffs' Motion to October 5, 2020, at 1:30 PM; (2) modifying the briefing schedule on Plaintiffs' Motion such that Defendant's Opposition to the Motion shall be due on September 7, 2020, and Plaintiffs' Reply in Support of the Motion shall be due on September 21, 2020; (3) ordering Plaintiffs to expedite consideration of Dr. Sarrafzadeh under Section 9.2(c) of the Protective Order and provide any objections by August 24, 2020, and for Apple to do the same with respect to Plaintiffs' proposed expert, Dr. Vijay Madisetti; and (4) ordering that, in the event Plaintiffs object to Dr. Sarrafzadeh on or before August 24, 2020, Apple may propose a replacement expert under Section 9.2(c) of the Protective Order, and Plaintiffs shall provide objections to the replacement expert, if any, within three calendar days of receiving the disclosure of the replacement expert—and the same in the event Apple objects to Dr. Vijay Madisetti on or before August 24, 2020.

Dated: August 20, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*