JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DECLARATION OF JOSHUA LERNER IN SUPPORT OF APPLE'S *EX PARTE* APPLICATION FOR A MODIFIED BRIEFING AND EXPERT OBJECTION SCHEDULE FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>*EXPEDITED CONSIDERATION REQUESTED*<br><br>Before:  Hon. James V. Selna |

I, Joshua Lerner, declare and state as follows:

1. I am an attorney duly licensed to practice law before this Court and all courts of the State of California. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Defendant Apple Inc. ("Apple") in the above-captioned action.

2. I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3. I make this Declaration pursuant to L.R. 79-5.2.2 in support of Apple's *Ex Parte* Application for a Modified Briefing and Expert Objection Schedule for Plaintiffs' Motion for Preliminary Injunction ("Application").

4. On March 4, 2020, Plaintiffs sent a letter to my partner, H. Mark Lyon, "request[ing] that Apple immediately request non-publication for any pending applications concerning physiological monitoring that may contain information from former Masimo or Cercacor employees" and listing 19 individuals who "have left Masimo or Cercacor and subsequently worked for Apple." The letter did not identify any patents or Plaintiffs' purported confidential and trade secret information. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' March 4, 2020 letter.[1]

5. On March 6, 2020, Mr. Lyon responded to Plaintiffs' March 4 letter. Among other things, the letter requested that Plaintiffs "immediately identify (by line and page number) any alleged trade secrets that have been disclosed in any published patent application filed by Apple or in any patent held by Apple." The letter also requested that Plaintiffs "identify how any of the alleged trade secret information relates to each of [the current or former Apple employees that previously worked for Masimo or Cercacor]—*e.g.*, which specific technologies each individual contributed to, what aspects of that technology were advanced by their contributions, etc." In addition, the

---

[1] The correspondence cited herein includes examples of Apple's requests for information identifying any patent that allegedly disclosed any purported trade secret.

1  letter stated that "if Plaintiffs are claiming joint inventorship as to any patent on which
2  these individuals are named inventors, please identify by page and line number (for each
3  patent) which person invented what." Attached hereto as Exhibit B is a true and correct
4  copy of Mr. Lyon's March 6, 2020 letter.

5        6.    On March 27, 2020, Plaintiffs sent a further letter to Mr. Lyon, expressing
6  Plaintiffs' "concerns that Apple will continue to publish their confidential and trade
7  secret information." The letter did not identify any patents or Plaintiffs' purported
8  confidential and trade secret information, as previously requested by Mr. Lyon.
9  Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' March 27, 2020
10 letter.

11       7.    On April 2, 2020, I responded to Plaintiffs' March 27, 2020 letter. Among
12 other things, I informed Plaintiffs that their "ongoing refusal to identify their alleged
13 secrets . . . is particularly alarming because Plaintiffs claim that their secrets were
14 *already* disclosed in Apple's published patent applications. Therefore, Plaintiffs *must*
15 know by page and line number where their alleged secrets appear in Apple's patent
16 applications." I also noted that Plaintiffs' March 27 letter was "logically and legally
17 flawed," including because Plaintiffs refuse to identify the purported past disclosures of
18 trade secret information in Apple patents that give rise to their non-publication demand.
19 Attached hereto as Exhibit D is a true and correct copy of my April 2, 2020 letter.

20       8.    On April 22, 2020, after receiving additional correspondence from
21 Plaintiffs failing to identify their alleged trade secrets or any Apple patents or patent
22 applications that purportedly disclosed such secrets, I again informed Plaintiffs of their
23 failure to provide examples of disclosures of their alleged confidential information in
24 prior Apple patent applications. In addition I noted that Plaintiffs' "letters also suggest
25 that Plaintiffs' prior employees cannot work within their chosen fields without
26 disclosing Plaintiffs' secrets. That is contrary to California law and Plaintiffs' position

1  is anti-competitive." Attached hereto as Exhibit E is a true and correct copy of my April 22, 2020 letter.

2  9. In July, 2020, we reached agreement with Plaintiffs' counsel that, for motions that are not particularly time sensitive, the parties' default would be a briefing schedule of at least 21 days for opposition and at least 14 days for reply. That understanding was memorialized an email exchange from my partner, Ilissa Samplin, to Plaintiffs' counsel on July 1, 2020. Attached hereto as Exhibit F is a true and correct copy of the July 2020 email exchange.

10. On August 6, 2020, Plaintiffs' counsel emailed Mr. Lyon, asked that Apple "finally answer Plaintiffs' questions . . . regarding whether Apple may allow additional applications to publish that list former Masimo or Cercacor employees as inventors, and whether such unpublished applications currently exist[.]" The email did not identify any patents or Plaintiffs' purported confidential and trade secret information, as previously requested by Mr. Lyon and myself. Attached hereto as Exhibit G is a true and correct copy of Plaintiffs' August 6, 2020 email.

11. On August 13, 2020, Mr. Lyon responded to Plaintiffs' August 6 email. Attached hereto as Exhibit H is a true and correct copy of Mr. Lyon's August 13, 2020 letter.

12. On August 14, 2020, Plaintiffs served an interrogatory response, significantly later than they originally promised to, identifying some information about a patent that Plaintiffs claim discloses some of the alleged trade secrets.

13. On Monday August 17, 2020 at 11:04 p.m. we began receiving Plaintiffs' public filings relating to their Motion for Preliminary Injunction ("Motion"). We began receiving the under seal versions at approximately 11:35 p.m. on August 17, 2020.

14. On August 18, 2020, at approximately 3:00 p.m., Ms. Samplin telephonically informed counsel for Plaintiffs, Adam Powell and Stephen Larson, that

1  Apple wanted to negotiate the briefing schedule for Plaintiffs' Motion, and that if the
2  parties could not agree, Apple would need to move for a new schedule *ex parte*.

3      15.    Ms. Samplin followed up by email approximately fifteen minutes later.  A
4  true and correct copy of that email exchange is attached hereto as Exhibit I.

5      16.    At 8:49 p.m. on August 18, 2020, Plaintiffs responded that they would
6  agree to an extension if Apple agreed to their demand for interim relief.  *See* Ex. I.

7      17.    Over the next few days, Apple attempted to reach an agreement on a
8  stipulation to present to this Court, but could not.  Plaintiffs demanded that Apple agree
9  to prevent not just Apple employees, but agents of any kind and third parties, from
10 making any "publication" of any kind, not just patent filings, relating to broad subject
11 matters that are not limited to any alleged trade secret in this case.  Apple proposed
12 various edits and clarified its understanding in an attempt to reach an interim solution
13 while Apple demonstrates, in its opposition, that Plaintiffs' Motion is baseless.  The
14 parties, however, were unable to reach agreement.  A true and correct copy of the parties'
15 email correspondence concerning the stipulation is attached hereto as Exhibit J.

16 I declare under penalty of perjury under the laws of the United States of America
17 that the foregoing is true and correct.

18 Executed this 20 day of August, 2020, in San Francisco, California.

20 By: /s/ *Joshua Lerner*
       Joshua Lerner