# Exhibit B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel 650.849.5300
www.gibsondunn.com

H. Mark Lyon
Direct: +1 650.849.5307
Fax: +1 650.849.5007
MLyon@gibsondunn.com

March 6, 2020

**Via E-Mail**

Perry D. Oldham
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Flr.
Irvine, CA 92614
Perry.Oldham@knobbe.com

Re:   *Masimo Corp., et al. v. Apple Inc.,* Case No. 8:20-cv-48 (C.D. Cal.)

Dear Mr. Oldham:

I write in response to your March 4, 2020 letter in the above-titled action (the "Action").

Your letter asserts that during the February 25, 2020 conference of counsel, Apple disputed whether it had reason to know that Marcelo Lamego and Michael O'Reilly had a duty not to disclose Masimo or Cercacor "information" to Apple. This is a gross oversimplification of the issues at hand. In fact, as we conveyed on that call, because Masimo and Cercacor have failed to identify their alleged trade secrets with any particularity, and because they have failed to identify any factual basis for Apple to have known that Lamego or O'Reilly had any obligation to maintain secrecy of specific information, Plaintiffs have failed to allege a plausible misappropriation claim against Apple. Plaintiffs' failure to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8 does not somehow shift the burden to Apple to define what Plaintiffs claim to be confidential information in order to disprove their spurious claim.

Turning to your demands, your sudden expressed concern that "Apple will *continue* to publish Masimo's and Cercacor's confidential information, particularly in patent applications" (emph. added) is belied by the fact that Plaintiffs in this case are asserting that Apple has been misappropriating their trade secrets for roughly *six years*, and yet again, Plaintiffs have never made any effort—before or after filing this lawsuit—to identify any information with sufficient detail for Apple to even identify what was allegedly misappropriated. Your letter follows the same theme as the Complaint: without identifying any alleged trade secret information, explaining why Apple would even want or need the information (if it is ever identified), or having a valid basis to question the steps that Apple takes to respect third party rights, you demand that "Apple immediately request non-publication for any pending applications concerning physiological monitoring" that may purportedly contain information from former Masimo or Cercacor (collectively, "Plaintiffs") employees. Making such a demand without

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Exhibit B
Page 8

**GIBSON DUNN**

Perry D. Oldham
March 6, 2020
Page 2

providing any basis for your claims suggests to us that you do not have a basis for the claims, let alone the demand you are making.

In light of Plaintiffs' assertion—both in your letter and in their Complaint (at ¶¶ 185, 187) in the Action—that Apple has supposedly published such information, Plaintiffs should immediately identify (by line and page number) any alleged trade secrets that have been disclosed in any published patent application filed by Apple or in any patent held by Apple. You no doubt already have this information because you must have conducted an investigation before filing a Complaint alleging that Apple disclosed trade secrets in those patent applications and other published patent filings. If Plaintiffs indeed have a factual basis for these allegations, it is strange that they did not identify this information earlier.

Moreover, because Plaintiffs are required to describe *all* of their allegedly misappropriated secrets pursuant to California Code of Civil Procedure ("CCP") section 2019.210 before they conduct discovery, they should have no issue identifying those secrets now. In that regard, please provide a full CCP § 2019.210 disclosure immediately.

Additionally, because Plaintiffs assert that other current or former Apple employees previously worked for Masimo or Cercacor, please also identify how any of the alleged trade secret information relates to each of those individuals—*e.g.*, which specific technologies each individual contributed to, what aspects of that technology were advanced by their contributions, etc. Finally, if Plaintiffs are claiming joint inventorship as to any patent on which these individuals are named inventors, please identify by page and line number (for each patent) which person invented what.

We look forward to Plaintiffs' prompt CCP § 2019.210 disclosure, including the identification of any Masimo and/or Cercacor alleged trade secrets disclosed in any Apple patent application or patent—as well as the identification of the former Masimo or Cercacor employee information requested above.

Sincerely,

H. Mark Lyon

Cc (all by email): Joshua H. Lerner
Joseph R. Re
Stephen C. Jensen
Stephen W. Larson