# Exhibit F

| | |
|---|---|
| **From:** | Adam.Powell |
| **To:** | Samplin, Ilissa |
| **Cc:** | Perry.Oldham; Joe.Re; Steve.Jensen; Masimo.Apple; Lerner, Joshua H.; Buroker, Brian M.; Lyon, H. Mark; Rosenthal, Brian A.; Kaounis, Angelique; Morgan, Tracy A.; Andrea, Brian; *** Apple-Masimo; Stephen.Larson |
| **Subject:** | RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order |
| **Date:** | Wednesday, July 1, 2020 4:47:00 PM |
| **Attachments:** | Joint Stipulation (Plaintiffs" edits).docx |

[External Email]

Ilissa,

Thank you for discussing this matter with me today. As discussed, attached is a revised version of the joint stipulation that includes the 21 day / 21 day / 14 day briefing schedule that you suggested. We are agreeing to this schedule based on our understanding that, for motions that are not particularly time sensitive, the parties default would be a briefing schedule of at least 21 days for opposition and at least 14 days for reply.

If our edits are acceptable, please send us a final version of the full filing in PDF form for our approval.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa
**Sent:** Wednesday, July 1, 2020 12:08 PM
**To:** Adam.Powell
**Cc:** Perry.Oldham ; Joe.Re ; Steve.Jensen ; Masimo.Apple ; Lerner, Joshua H. ; Buroker, Brian M. ; Lyon, H. Mark ; Rosenthal, Brian A. ; Kaounis, Angelique ; Morgan, Tracy A. ; Andrea, Brian ; *** Apple-Masimo ; Stephen.Larson
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Steve- I'm following up on our call yesterday (and Adam, following up on my calls and emails). Please let us know ASAP Plaintiffs' position on this. It shouldn't take this long to get a response and, as you know, our deadline is fast approaching. If Plaintiffs are not going to agree to the stip, then please give us the courtesy of a response within the hour so that we have adequate time to pursue relief. Thank you.

Ilissa Samplin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Tuesday, June 30, 2020 1:58 PM
**To:** Adam.Powell
**Cc:** Perry.Oldham ; Joe.Re ; Steve.Jensen ; Masimo.Apple ; Lerner, Joshua H. ; Buroker, Brian M. ;

Lyon, H. Mark ; Rosenthal, Brian A. ; Kaounis, Angelique ; Morgan, Tracy A. ; Andrea, Brian ; *** Apple-Masimo ; Stephen.Larson

**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam- I just tried your number. Please let me know if you have a few minutes to discuss between now and 2:30 or anytime after 4 pm. This shouldn't be a controversial issue. But if plaintiffs are not going to agree to the stip, let us know ASAP so that we can seek appropriate relief. No reason to delay the response.

Thanks,

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On Jun 29, 2020, at 5:38 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:

Adam,

We are trying to avoid answering a pleading next week that will no longer be the operative pleading if/when Plaintiffs amend. If Plaintiffs do not intend to amend, then this is a non-issue. But if Plaintiffs do intend to amend consistent with the 30 days from Judge Selna's order, then Apple would like to respond to that amended pleading at the appropriate time, rather than also respond to the current pleading that will no longer be operative come the amendment.

I'm available to discuss by phone if that is still unclear.

Thanks,

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 29, 2020 5:32 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;

Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

Plaintiffs are confused as to why this stipulation is necessary. Please explain what Apple is attempting to accomplish so that we can evaluate your request.

Thanks,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Sunday, June 28, 2020 10:47 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Please let me know tomorrow if Plaintiffs are signed off on this stipulation. If Plaintiffs for some reason are not going to agree, we need to know that as soon as possible, so that we can seek relief from the Court.

Thanks,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, June 26, 2020 12:18 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam:

In addition, please let us know if Plaintiffs will agree to the attached stipulation, given the Court's ruling on Apple's motion to dismiss yesterday.

Thank you,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, June 26, 2020 12:03 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

Attached are final versions of the joint stipulation and all supporting documents for filing. Our only changes to the joint stipulation were adding a table of contents and some formatting tweaks for consistency. Please confirm we have your permission to

sign and file on your behalf.

Thanks,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, June 25, 2020 8:02 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam-

Here is the submission with Apple's portions added, along with my declaration and exhibits. The only piece I added outside of the portions marked "Defendant's Position" is a short joint paragraph before the introductory statements to make clear that the single document showing both sides' proposals that Judge Selna ordered can be found at Exhibit 4 to your declaration (and further directing to the Court to our respective competing proposals). Once you've formatted the document, including with the TOC, please send it back to us for review before filing tomorrow.

Thank you,

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Thursday, June 25, 2020 3:43 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;

Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam:

We repeatedly asked for Plaintiffs' portion of the PO submission by last Thursday, June 18, which would have made our portion due by yesterday for a filing today. You insisted on holding out on Plaintiffs' portion until Friday, June 19, which makes our portion due today for a filing tomorrow. We simply are not prepared at this point to depart from that schedule Plaintiffs created by sending us their portion last Friday, given that we mapped out internal and client deadlines based on that schedule.

Thanks,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Thursday, June 25, 2020 2:27 PM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

As I explained to you this morning, if the parties do not file the motion today, the hearing will get pushed back an entire week. We reiterate our request that Apple provide its portion of the joint stipulation early enough today that we can file the motion today and avoid further delay.

As for the exhibit issue, we believe Exhibit 4 to my declaration is sufficient. If Apple has a different proposal, please let us know as soon as possible.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

### Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, June 25, 2020 1:33 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam,

Let me know when you've discussed the exhibit issue with your team so that we can
discuss what needs to be done in that regard.

In terms of the submission, we are still working on it, and will have it to you later in the
day. You can then work on the formatting and send us back a copy to review for filing
tomorrow, as the local rules contemplate.

Thank you,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, June 25, 2020 9:59 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

[External Email]

Ilissa,

I just left you a voicemail. Please call me back when you can.

Thanks,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

### Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, June 25, 2020 7:56 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

And, actually, this is what Judge Selna requires in his order the other day. So let's discuss how to handle when you have a moment this am, unless your team has already prepared a version for us to look at. I am available for a call between 9:30 and 11 if that works for you.

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Wednesday, June 24, 2020 10:55 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective

Order

Adam-

One more thing. While I understand we are both submitting our competing versions of the protective order, I suspect it will be most helpful to Judge Early if we also submit a joint document that shows our competing proposals (i.e., in different colors). If you agree, we can prepare that tomorrow. Let me know.

Thanks,

Ilissa

**Ilissa Samplin**


## GIBSON DUNN


Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa

**Sent:** Wednesday, June 24, 2020 9:55 PM

**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Yes, we believe the parties' prior teleconferences, emails, and agreement to file the joint stipulation this week satisfies Judge Selna's instruction. Apple has not changed its position on any outstanding dispute. We will have our portion of the joint stipulation to you tomorrow, as agreed. I cannot guarantee noon at this point, as that was not previously discussed – but we will get it to you as soon as we are ready to exchange.

Thanks,

Ilissa

**Ilissa Samplin**


## GIBSON DUNN


Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Wednesday, June 24, 2020 1:56 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order
[External Email]
Ilissa,
Judge Selna's Order indicated the parties should meet and confer and submit any
disputes on the protective order by June 27. Having not heard from Apple, we assume
Apple believes the parties' prior teleconferences and agreement to file the joint
stipulation this week satisfies that instruction. Of course, we are always willing to
consider other ideas to limit the disputes before the Court. If Apple changed its
position on any outstanding dispute, or has any proposed compromises, please let us
know today so that the parties may maintain the existing agreed-upon schedule.
Otherwise, we look forward to receiving Apple's portion of the joint stipulation
tomorrow. Please let us know if Apple will agree to provide its portion by noon (pacific)
tomorrow so that we can try to get it filed the same day.
Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 22, 2020 3:04 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order
Adam,
Thanks. Going forward, can your team please copy the following email address on all
communications to our team?

Apple-Masimo@gibsondunn.com

Thank you,

Ilissa

**Ilissa Samplin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Friday, June 19, 2020 5:42 PM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

Attached is Plaintiffs' portion of the joint stipulation.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Adam.Powell

**Sent:** Friday, June 19, 2020 11:58 AM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Ilissa,

While we maintain that our portion of the joint stipulation is not due until Monday, we

are finalizing it now and will provide it to you this afternoon.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

___

**From:** Adam.Powell
**Sent:** Thursday, June 18, 2020 7:34 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Ilissa,

We disagree for the reasons discussed below. Attached is a slightly updated version of
our proposed protective order.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

___

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, June 18, 2020 2:53 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>;
Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>;
Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective
Order

Adam,

To the contrary, the record reflects that you are misconstruing the meaning of an
"impasse" in an effort to secure additional time to complete Plaintiffs' portion of the
filing. This is even more egregious, now that we know that Plaintiffs were preparing for,
and diverting resources to, an improper ex parte motion in the interim.

We look forward to receiving Plaintiffs' portion of the joint stipulation tomorrow, as agreed.

Regards,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, June 18, 2020 2:13 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

Your rhetoric continues to be unproductive. The record is clear that the parties did not reach an impasse until you responded to our proposed compromises on Tuesday. Therefore, under the parties' agreement, Plaintiffs' portion of the joint stipulation is not due until Monday. As we explained below, however, we are working to provide our portion of the joint stipulation as soon as possible and may be able to do so on Friday.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 16, 2020 5:16 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A.

<TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

This is an incredibly petty dispute. I am not going to engage in a timeline analysis. You know how many partners and associates are on your team. It is bizarre, to say the least, that you would maintain this fight to get an extra weekend with briefing that you have already had ample time to pull together. We are quite surprised by your firm's efforts in this regard—which appears to be designed to increase Plaintiffs' time to brief these issues, cut back on Apple's time to do the same, and further delay the parties' presentation of the disputes to the Court.

We affirmatively told you on Friday, June 12 that Apple would not be changing its positions on any of the remaining disputes. Plaintiffs unilaterally decided to compromise on certain items on Saturday, but as I had already told you on Friday, Apple was not changing its positions. Therefore, by Saturday, at the latest, the parties had reached an impasse on the remaining disputes. Explanations of the bases for Apple's positions are not required to reach an impasse—you and I both know that an impasse is reached when the parties have confirmed that their positions diverge, which became clear on Friday, and then again on Saturday. Based on the parties' prior agreement, Plaintiffs' portion of the joint stipulation therefore is due on Thursday, June 18. Your efforts to potentially delay that to Monday, June 22 is absurd. Even if we give you the benefit of the further conversations that you and I engaged in yesterday, Plaintiffs' portion is due on Friday, June 19. There is no credible way for Plaintiffs to drag this out beyond then—certainly not into the following week. Please confirm that you will uphold Plaintiffs' end of the bargain here and provide Plaintiffs' portion of the joint stipulation by no later than Friday, June 19.

Regards,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 16, 2020 4:41 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

Thank you for finally responding to each issue raised in my Saturday email. Your email below confirms that your Monday emails did ***not*** respond to the vast majority of issues raised in my Saturday email. In particular, your email below confirms your Monday morning email did not address at least Sections 4.5, 11(f) reviewing of source code, 11(f) printing PDFs and directories, 11(f) 200 page cap, 11(h), 11(i) log timing, 11(j) number of individuals with access, 11(j) restrictions on how source code may be transported, and 11(l) "or order of this Court." Merely asserting that we are at an impasse on all remaining issues does not show Apple specifically addressed each proposal or establish that the parties were genuinely at an impasse. Indeed, your email last night accepting our reading of Section 11(f) regarding the review of source code confirms the parties had ***not*** previously reached an impasse. Prior to your email, we were preparing to brief that issue.

Further, your continued suggestion that Plaintiffs are delaying the protective order is an inaccurate attempt to deflect from Apple's delay. Below is a summary of our communications on this issue, which shows Plaintiffs responded more quickly than Apple on nearly every exchange.

- **March 10**: The parties discussed the protective order. Plaintiffs offered to provide a draft based on Judge Early's model. Apple insisted that it would provide the first draft. Plaintiffs understood Apple would use Judge Early's model order as a starting point.
- **March 27 (17 days later)**: Apple provided the initial draft.
- **March 31 (4 days later)**: Plaintiffs responded that Apple's draft was unacceptable because it was not based on Judge Early's model and contained non-reciprocal provisions.
- **April 2 (2 days later)**: Apple refused to provide a draft based on Judge Early's model.
- **April 6 (4 days later)**: Plaintiffs provided a draft based on Judge Early's model.
- **April 16 (10 days later)**: Apple responded to Plaintiffs' draft.
- **April 28 (12 days later)**: The parties met/conferred.
- **April 30 (2 days later)**: Plaintiffs responded to issues raised during the meet/confer and Apple's draft.
- **May 13 (13 days later)**: Apple responded to Plaintiffs' draft.
- **May 20 (7 days later)**: Plaintiffs responded to Apple's draft.
- **May 30 (10 days later)**: Apple responded to Plaintiffs' draft.
- **June 3 (4 days later)**: The parties met/conferred again.
- **June 3 (same day)**: Plaintiffs responded to issues raised during the meet/confer and in Apple's draft.
- **June 5 (2 days later)**: Apple responded to Plaintiffs.
- **June 8 (next business day)**: Plaintiffs responded to Apple.
- **June 9 (1 day later)**: The parties met/conferred again.
- **June 12 (3 days later)**: Apple responded to Plaintiffs.

**June 13 (1 day later):** Plaintiffs responded to Apple.

- **June 15-16 (2-3 days later):** Apple responded to Plaintiffs.

Apple's late changes and explanations have prevented us from completing our portion of the joint stipulation. Because Apple did not fully respond to my Saturday email until today, the parties did not reach an impasse until today. In accordance with our prior agreement, we will provide our portion of the joint stipulation as soon as possible, but no later than Monday (four business days from when the parties reached an impasse on all issues).

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 16, 2020 10:43 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Your contention that Apple has still not responded to the "vast majority" of issues raised in your email of Saturday is confusing and wrong. The table below has all of the issues you raised and our responses. As this table shows, the parties have been at an impasse on all of these issues, and that impasse was further confirmed to you by my emails yesterday.

| Provision in Saturday email | Apple's Response |
|---|---|
| **9.2(e):** This provision needs to be modified slightly to make clear that the parties can videotape depos. We assume this won't be controversial, but please confirm Apple agrees to the following change: "(e) court reporters, <u>videographers</u>, and their staff;" | Apple responded on 6/15/20 at 7:05 a.m. Pacific agreeing with this change. |
| **9.2(g):** We accept Apple's edits. | No response was necessary because an agreement was reached. |
| **4.5:** "descriptions of source code" is too vague, especially given the strict | Apple has discussed this issue with Masimo multiple times on the phone and by email. |

| | |
|---|---|
| page limits for printing. We tried to be more specific, but Apple rejected our compromise. We are happy to consider a more specific proposal. Otherwise, we are at an impasse. | Apple's default PO language includes the "descriptions of source code (e.g., descriptions of declarations, function and parameters)" language because that information is extremely sensitive and reveals how the code works that deserves the same level of protection as the source code itself. As a result, since Apple does not want to change its default language (and has stated that on at least three different occasions), Apple responded on 6/15/20 at 7:05 a.m. Pacific and stated that we were at an impasse on all remaining issues, including this one – which confirms your email that we are at an impasse. |
| **11(d):** We accept Apple's edits. | No response was necessary because an agreement was reached. |
| **11(f):**<br><br>• **Review of source code**: I don't think we have a dispute. We deleted the language about "printed for purposes of review and analysis" because we thought it could arguably be read broadly to prevent a party from reviewing/analyzing printouts when preparing court filings and expert reports, which is inconsistent with the first sentence of this paragraph. However, I don't think that is what Apple means. If you can confirm, we will accept Apple's change. | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree<br><br>Further, at your request, we stated in our 6/15/20 email of 5:07 p.m. that we agreed with your reading of this provision. |
| **11(f):**<br><br>• **Printing to PDF and printing directory paths**: Your email did not address these provisions, which we included for efficiency. Please explain Apple's objection so we can try to address it. | As we have explained many times, the purpose of source code review is for the review to take place in the source code review room. Your new request to except directory paths from the printing limits was rejected because it is inconsistent with that goal – it is clear that Masimo wants to print out the entire directory of code so it can facilitate some of its review of the code |

| | (which includes the structure of how files are grouped into file paths) outside of the source code review room. We rejected that proposal by saying that we did not agree to any of the remaining changes in our 6/15/20, 7:05 a.m. Pacific email indicating that we are at an impasse on all remaining issues, including this one. Similarly, your request to permit the receiving party to print PDFs is directly contrary to the previous sentence that makes it clear that the receiving party requests paper copies and later provisions that state that the producing party creates the printed copies only if the request is not objectionable or any objections are resolved. We rejected that proposal by saying that we did not agree to any of the remaining changes in our 6/15/20, 7:05 a.m. Pacific email indicating that we are at an impasse on all remaining issues, including this one. |
|---|---|
| **11(f):** <br> • **200 page cap**: Your email did not address this provision, which was included to clarify that a party may ask the Court to increase the 200-page limit just like the 15-page consecutive limit. Please explain Apple's objection so we can try to address it. | As we have explained many times, limiting the number of pages printed is important and 200 pages was a compromise from our original proposal of 100 that we believe to be more than sufficient. Other provisions in the Protective order already indicate that the Court can modify the protective order; the change to add an explicit statement that the 200 page limit can be modified is thus unnecessary and also could be misconstrued as Apple agreeing that printing more than 200 pages may be necessary in this case. Far larger cases have had smaller limits on printed pages. And, we indicated that we rejected that proposal in our email on 6/15/20 at 7:05 a.m. Pacific that stated that we did not agree with the remaining changes, including this one. |
| **11(h):** We are troubled by Apple's deletion, which you did not mention in your email. Our language merely confirms counsel will not violate their ethical duties. If Apple cannot accept this language, we are at an | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree that we were at an impasse; in fact, we stated that we were at an impasse on all issues not addressed in that email. Further, your insert does not merely |

| | |
|---|---|
| impasse here. | 11(h) – Your additions are directly contrary to the prior two sentences which make clear that the reviewers should not have any expectation of confidentiality for materials left behind in the source code review room and to clean up. Your addition imposes an additional burden on the producing party to contact the reviewing party and to make judgments about whether something it leaves behind is work product or not. We think it should be easier on the producing party – the reviewing party should not leave anything behind (unless agreed to with the producing party per 11(h)). If anything is left behind, the reviewing party should be the one that has the burden to contact the producing party. |
| **11(i):**<br><br>• **Names of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times. Please let us know if you disagree.<br><br>• | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree. |
| **11(i):**<br><br>• **Log Timing**: Under Apple's proposal, a party could request a log on Christmas eve and argue the opposing party violated the Protective Order if it does not respond on Christmas day. That is clearly unreasonable. If Apple continues to demand logs on one day's notice, we are at an impasse on this issue. | Apple has previously explained that a one day production of the log is important. If one party determines that its source code has been disclosed or used contrary to the provisions of the Protective Order, to prevent harm, it is important to be able to identify everyone that has had that code ASAP and one day is reasonable and necessary to meet that end goal. Forcing the other side to wait three days could allow widespread dissemination of the code without any way for the producing party to begin its investigation of what persons have had access to the source code.<br>Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one, |

| | |
|---|---|
| | which confirmed your Saturday email that indicated that you believed we were at an impasse. |
| **11(j):**<br>• **Number of individuals with access**: We agree to Apple's proposal, provided we clarify that it can be changed by the parties or Court if necessary. Please let us know if Apple agrees to the following compromise: "<u>Absent agreement of the Parties or order of this Court,</u> no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report). <u>The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the Source Code</u>." | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one. Apple further explained in 6/15/20 at 5:07 p.m. Pacific its position on this provision. |
| **11(j):**<br>• **Restrictions on how source code may be transported**: Your email did not address this provision. Please explain Apple's objection so we can try to address it. | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one. The language is unclear in many ways. What is "source code material"? Is that the printed pages or something else? The phrase "person authorized under these provisions" is also unclear. What does "at the direction of" mean?<br>The PO already provides provisions on how many copies can be made and where they are to be stored and by whom. |
| **11(k):** We are at an impasse on this issue. | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issues, including this one. |
| **11(l):**<br>• **"Or order of this Court"**: Your email does not address this | Apple responded on 6/15/20 at 7:05 a.m. Pacific indicating that we are at an impasse on all remaining issue, including this one, |

| | |
|---|---|
| change. If Apple maintains the Court may not order a party to file source code over the other party's objection, we are at an impasse. | thus, confirming we do not agree in advance that the Court may order filing source code over another party's objection. |
| **11(l):**<br><br>- **Name of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times. Please let us know if you disagree. | Apple responded on 6/15/20 at 7:05 a.m. Pacific and did not disagree. |

We have been at an impasse on these issues, and expect to move forward with the briefing as previously discussed. Please confirm that we will receive Plaintiffs' portion of the joint stipulation on Thursday.

Thanks,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam_Powell@knobbe.com>

**Sent:** Monday, June 15, 2020 8:08 PM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

Attached is our proposed protective order, with redlines showing changes from Apple's draft. We disagree with your assertion that the parties reached an impasse on Saturday. My Saturday email offered numerous proposed compromises and asked questions regarding Apple's position. Your email this morning responding to some (but

not all) of those issues cannot retroactively cause the parties to have reached an impasse on Saturday. Indeed, it was only your most recent email this afternoon that established we are not at an impasse on Section 11(f) because the parties agree on that provision.

Moreover, Apple still has not responded to the vast majority of issues raised in my Saturday email. We continue to believe the parties could resolve many of the open issues if Apple explained its position. As of now, we do not know whether Apple rejected or failed to consider our various proposals, much less why. Even if Apple disagrees with all our remaining proposals, Apple's refusal to explain its position, or why it is unwilling to compromise, is preventing Plaintiffs from preparing their portion of the joint stipulation.

Best regards,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 15, 2020 5:07 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

The parties reached an impasse before today. At latest, the impasse was reached with your email on Saturday. We expect to receive your portion of the joint stipulation by Thursday. If we receive it on Friday, it will be late in our view and not in compliance with the parties' agreed upon schedule for this filing.

On your other questions:

11(j). Apple believes that 10 people is more than enough people to have access to its source code to limit risk of inadvertent misuse and only agreed to 15 to reach a compromise. Masimo's added language is unnecessary (because the parties can always agree to add more and the Court could obviously modify a protective order) and its language is clearly written to suggest that more than it may be "necessary" that more than 15 people should review the code. In extremely large cases, the parties have been able to manage within the 10 person limit and thus, Apple cannot imagine a situation in which more than 15 people will become necessary.

11(f). We can confirm your reading of the review of source code portion.

Thanks,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Monday, June 15, 2020 3:45 PM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

We do not understand why Apple refuses to even explain its objections to Plaintiffs' proposals. For example, we offered a very reasonable compromise on Paragraph 11(j), but Apple rejected that proposal without explanation. We also offered to accept Apple's changes to Paragraph 11(f) regarding source code review if Apple simply confirmed it agrees with our reading of that paragraph. Again, Apple refused. We disagree with Apple's insistence on burdening the Court with unnecessary disputes rather than promptly responding to Plaintiffs' proposals.

We will send you our proposed protective order today and will send our portion of the joint stipulation as quickly as possible. Because the parties did not reach an impasse until today, we reserve the right to provide our portion of the joint stipulation on Friday (4 business days after today).

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Sent:** Monday, June 15, 2020 7:06 AM

**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;

Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

We are fine with the change to 9.2(e), which is now reflected in Apple's version of the protective order that I sent you on Friday (attached here, with that change made).

We don't understand why you need us to confirm 11(i) and 11(l)- the language does not mention recording dates/times and code reviewed. There's no way to read the two provisions to require that information.

As I told you on Friday, Apple is ready to move forward on the briefing. There's nothing left to continue negotiating- we are at an impasse on the remaining items. Please send over Plaintiffs' version of the protective order as soon as possible, and Plaintiffs' portion of the joint stipulation by Thursday.

Thanks,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Saturday, June 13, 2020 5:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

I was driving for 6 hours yesterday. Now that I had a chance to talk to my team, we were able to accept some of Apple's proposals and have some ideas to resolve other issues. Thus, the parties are not yet at an impasse. We would, however, appreciate it if Apple could respond as quickly as we did (one day), rather than taking four business days like it did last time. The sooner Apple responds, the sooner the parties can present their remaining disputes to the Court.

**Access to Confidential Material**

**9.2(e):** This provision needs to be modified slightly to make clear that the parties can videotape depos. We assume this won't be controversial, but please confirm Apple agrees to the following change: "(e) court reporters, videographers, and their staff;"

**9.2(g):** We accept Apple's edits.

**Source Code**

**4.5:** "descriptions of source code" is too vague, especially given the strict page limits for printing. We tried to be more specific, but Apple rejected our compromise. We are happy to consider a more specific proposal. Otherwise, we are at an impasse.

**11(d):** We accept Apple's edits.

**11(f):**

- **Review of source code**: I don't think we have a dispute. We deleted the language about "printed for purposes of review and analysis" because we thought it could arguably be read broadly to prevent a party from reviewing/analyzing printouts when preparing court filings and expert reports, which is inconsistent with the first sentence of this paragraph. However, I don't think that is what Apple means. If you can confirm, we will accept Apple's change.
- **Printing to PDF and printing directory paths**: Your email did not address these provisions, which we included for efficiency. Please explain Apple's objection so we can try to address it.
- **200 page cap**: Your email did not address this provision, which was included to clarify that a party may ask the Court to increase the 200-page limit just like the 15-page consecutive limit. Please explain Apple's objection so we can try to address it.

**11(h):** We are troubled by Apple's deletion, which you did not mention in your email. Our language merely confirms counsel will not violate their ethical duties. If Apple cannot accept this language, we are at an impasse here.

**11(i):**

- **Names of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times. Please let us know if you disagree.
- **Log Timing**: Under Apple's proposal, a party could request a log on Christmas eve and argue the opposing party violated the Protective Order if it does not respond on Christmas day. That is clearly unreasonable. If Apple continues to demand logs on one day's notice, we are at an impasse on this issue.

**11(j):**

- **Number of individuals with access**: We agree to Apple's proposal, provided we clarify that it can be changed by the parties or Court if necessary. Please let us know if Apple agrees to the following compromise: "Absent agreement of the Parties or order of this Court, no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report). The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the

Source Code."

- **Restrictions on how source code may be transported**: Your email did not address this provision. Please explain Apple's objection so we can try to address it.

**11(k):** We are at an impasse on this issue.

**11(l):**

- **"Or order of this Court":** Your email does not address this change. If Apple maintains the Court may not order a party to file source code over the other party's objection, we are at an impasse.
- **Name of reviewers**: We reviewed Apple's language again and can accept it as written because we understand it does not require logging specific code accessed or the particular dates/times. Please let us know if you disagree.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Adam.Powell
**Sent:** Saturday, June 13, 2020 12:25 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Ilissa,

Plaintiffs are not "stalling" or holding anything up. Your email offers numerous compromises, including to Section 4.5, 9.2(g), 11(d), and 11(j). We are also evaluating if we can accept any of your other changes based on the new justifications you provided below. We may be able to accept some of your compromises/changes, but I need more than a few hours on a Friday afternoon to coordinate with my team.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 12, 2020 9:48 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I did not hear back from you on my email below. Plaintiffs clearly are stalling on this protective order. The parties finished meeting and conferring and Apple is ready to move forward with briefing this for the Court. Attached is Apple's version of the protective order for the joint stipulation. Please provide Plaintiffs' version as soon as possible.

We look forward to receiving Plaintiffs' portion of the joint stipulation four business days from today.

Regards,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 4:01 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I don't think your recollection of our call is accurate. In any event, where did we give you the impression that there's room for compromise? Because that wasn't our view at this point, after all the back and forth. We are ready to get the Court's guidance at this point.

Please explain why this is being held up further.

Thanks,

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Jun 12, 2020, at 3:12 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
> [External Email]
> Ilissa,
> Your recitation of our conversation is not accurate. I told you that I hoped to be able to respond the same day if we reached a definitive impasse early in the morning. Your proposal contains numerous changes and appears to suggest there could be room for further compromise. Given that it took Apple four business days to respond to Plaintiffs' proposal, it is not reasonable for Apple to expect a response in just five hours. We are reviewing your changes and will get back to you as soon as possible and, in any event, more quickly than Apple responded to Plaintiffs. I do not anticipate we will respond today.
> Best regards,
> Adam
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
> **From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Sent:** Friday, June 12, 2020 1:52 PM
> **To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
> **Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
> **Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order
>
> Adam- Please confirm the time we are exchanging protective orders per

our call last week. As you will recall, you agreed you would be in a position
to exchange protective orders same day, so long as our final positions did
not come in at 7 or 8 pm. Our final positions got to you before noon, so
let's agree on a time later today. We are ready to go at whatever time
works for you. Thanks.

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 ● Fax +1 213.229.6354

ISamplin@gibsondunn.com ● www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 11:25 AM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; 'Perry.Oldham'
<Perry.Oldham@knobbe.com>; 'Joe.Re' <Joe.Re@knobbe.com>;
'Steve.Jensen' <Steve.Jensen@knobbe.com>; 'Masimo.Apple'
<Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Rosenthal, Brian A.
<BRosenthal@gibsondunn.com>; Kaounis, Angelique
<AKaounis@gibsondunn.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed
Protective Order

Adam,

With respect to the source code-related provisions in sections 4.5 and 11,
Masimo's proposal does not resolve all of Apple's concerns but Apple can
agree to several of the proposed modifications, including the proposal
regarding handling of CAD files. A proposed compromise is attached in
clean and a redline showing changes using Masimo's latest proposal. In
particular, we believe we have reached an impasse on the following
issues:

Section 4.5 – Apple cannot agree to removing the phrase "descriptions of
source code (e.g., descriptions of declarations, functions and
parameters)" or imposing a burden to produce redacted versions of all
documents that contain source code discussions. The counter-proposal
that is limited to quotations of source code is insufficient. Descriptions of
functions can be just as revealing about how the code works and that type
of information deserves the highest level of protection given how
sensitive it is. The burden of producing redacted versions of all documents
that reference source code is extremely high and is often impractical
given that the source code description often would need to be redacted
in large part to avoid imparting knowledge about how the code works.

Documents that contain descriptions of source code will be made available for review under the source code review procedures and if the description is important, Masimo can request to have it printed per the provisions in Section 11.

Section 11(d) – Apple will agree to provide the licensing software tools in 14 days but 7 is too short. If Masimo insists on 7 days, we are at an impasse on that issue.

Section 11(f) – Masimo's changes in this section are not accepted. Apple's language provides the full protections and language needed to be clear that the reviewing party is primarily to be reviewing source code in the review room and not printing materials for off-site, paper-based review.

Section 11(i) – Apple does not agree to remove the requirement to log who accesses the paper copies of the source code. If there is an inadvertent disclosure of the source code, it is imperative that a log of everyone that had access exists to track down how the disclosure may have occurred. This is not an academic issue – it has happened in other cases and the log was necessary to identify how the inadvertent disclosure occurred and how to limit harm. We are at an impasse on this provision.

Section 11(j) – Apple can agree to limiting the number of reviewers to 15, but a limit must exist for the same reasons as above. Having too many people reviewing the source code increases risk of inadvertent disclosure that is not acceptable. If Masimo insists on no limit or wants a higher limit, we are at an impasse on that issue as well.

Section 11(k) – Apple does not agree. Asking for sections of the source code to be brought to a deposition is not a tremendous burden.

Section 11(l) – Apple does not agree for the same reasons we discussed for 11(i). We need a log of everyone that has seen the source code. We are at an impasse on this provision.

**<u>Please confirm that we are exchanging final Protective Orders at 4 pm.</u>**

5 pm also works if that is better for your team. Please let us know soon.

Thanks,

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, June 12, 2020 9:41 AM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple

<Masimo.Apple@knobbe.com>

**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I agree with your position below. So we are fine with your edits, so long as we make a few further non-controversial nits to make clear the point in your email below:

9.2(g): "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the ~~specific~~ information ~~at issue~~ based on the face of the document, the document's metadata, ~~or other information~~ other documents, or sworn witness testimony."

Like I said, these should be non-controversial given that they just clarify the sentiment in your email below. So it seems we have agreement here and can drop any dispute about Section 9.2(g).

I'll be back in touch at around 11 with our final positions on the source code document you sent over- we agree with some, and disagree with others. Per our conversation last week about procedure, let's plan to exchange our respective versions of the competing protective orders today- how about at 4 pm PT, which gives us both a few hours to finalize before exchanging? Please confirm that works for you.

Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, June 11, 2020 12:35 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa,

I think it would need to be testimony that an individual had access to the information at issue, either by having access to that document or another

document containing the same information. I don't think general testimony that an individual had access to a broad category of documents alone would be enough.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, June 10, 2020 3:06 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Would "sworn witness testimony" have to be about the specific document at issue, or are you saying, for example, that if a witness testified that Joe saw a certain category of documents (within which the document at issue falls), that's sufficient?

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 • Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 6:10 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa - I am still checking with my team on this, but here is a small change to the language we discussed today to cover situations where another document shows the individual had access. In the interest of time, please ask your team to look at this version.

> 9.2(g): "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the information based on the face of the document, the document's metadata, ~~or other information~~ other documents, or sworn witness testimony."

Thanks,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 9, 2020 4:54 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed
Protective Order
Will do. Thanks.
**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 4:48 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed
Protective Order
[External Email]
Sure. Let's talk at 5pm. Please use the following dial in number:
Phone number: 877-678-4585
Room #: 950-412-397

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 9, 2020 4:30 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Apologies my day got away from me. Any chance you are free to speak within the next hour (4:30-5:30)?

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, June 9, 2020 9:04 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order
[External Email]

Ilissa,

It appears we are at an impasse on the other issues. However, we are open to discussing further if you have other ideas. My schedule is fairly open today, so please let me know if you would like to arrange a call to discuss.

Thanks,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 8, 2020 8:25 PM
**To:** Adam.Powell@knobbe.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

Do you have a response to the other items below that do not relate to source code? Or are we to assume that your failure to address them signals that the parties are at an impasse?

Thanks,

Ilissa

**Ilissa Samplin**


GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 8, 2020 5:38 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H.

<JLerner@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed
Protective Order

[External Email]

Ilissa,

In the interest of compromise, we again attempted to redline Apple's
source code provisions (Sections 4.5 and 11) in the attached document.
Please let us know if Apple agrees. If the parties are unable to reach an
agreement, we reserve the right to revert back to our prior proposals,
which track Judge Early's language from the *True Wearables* case.

We continue to disagree with your suggestion that Plaintiffs are the
source of any delay. We are trying to move this forward as quickly as
possible and proposed the 7-day turnaround to eliminate inequities that
result from one parties' time running over a weekend. We suggest a
mutual four business-day turnaround after the parties reach an impasse
on all issues. Please let us know if Apple agrees.

Thanks,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, June 5, 2020 7:44 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; Lerner, Joshua H.
<JLerner@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A.
<TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed
Protective Order

Adam,

Apple's responses are in line below.

In terms of schedule, we do not understand why Plaintiffs need 7 days to prepare their submission, particularly given that the parties have been engaged in meet and confers about the issues in dispute for weeks now. Plaintiffs are, and have been, well aware of the disputes. We don't see any reason to continue to delay bringing this protective order to the Court's attention. How about we compromise on 5 days per party?

Thanks,

Ilissa

**Ilissa Samplin**


GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7354 ● Fax +1 213.229.6354

ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Wednesday, June 3, 2020 4:50 PM

**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>

**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Ilissa and Brian,

Thank you for discussing this matter with me today. Below is a summary of our conversation.

**Section 3**: Plaintiffs believe Judge Early will not agree with Apple's changes to his model. We will not include Apple's edits in our draft, but we will indicate that we do not oppose the changes if the Court deems them acceptable.

<span style="color:red">As I noted on our call, we do not understand why Plaintiffs insist on having this undisputed issue eat up space in the filing. If Plaintiffs do not oppose the changes, why not just agree to them so we can narrow the issues in dispute that the Court must consider (since there are many)?</span>

**Section 4.5**: Plaintiffs continue to disagree with Apple's definition of "source code," as including information that is not source code. In the interest of compromise, we could agree to the following definition of

source code if it resolves this issue: "extremely sensitive 'Confidential Information or Items' representing computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), source code comments, object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party."

Masimo's proposed compromise is still not agreeable to Apple. First, descriptions of source code in internal documents and emails can often do reveal important details about how the source code operates and thus deserves the same level of protection as the source code itself. Thus, limiting the provision to only source code comments is not sufficient. Second, CAD files are complex sets of data that must be rendered by a CAD review tool. Therefore, having CAD files on a source code review computer with software to render those files is the way Apple believes is most efficient and protective of the material. CAD files do not render well into TIF or PDF and Apple will not agree to produce those files natively due to how sensitive and confidential they are. Again, CAD files are source code in the sense that they are computer files designed to be rendered and interpreted by software and thus are source code and should be categorized as such.

**Section 5.1**: Plaintiffs agree to Apple's proposal. The parties have no dispute on this section.

Agreed.

**Section 5.5 and 6**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

We are at an impasse on this issue.

**Section 7.1**: The parties agreed to strike the sentence beginning with "The Designating Party must designate," but retain the sentences beginning with "Mass, indiscriminate" and "If it comes to a Designating Party's attention." The parties have no dispute on this section.

Agreed.

**Section 7.2(d)**: We agree with Apple that "altered" means information that was altered after production of a native file before printing. The parties have no dispute on this section.

Thank you for confirming. Agreed.

**Section 8.1**: Plaintiffs explained they are proposing the parties abide by Judge Early's model to avoid disputes as to whether this paragraph imposes additional burdens beyond LR 37-1. Please let us know if Apple agrees.

In the interest of compromise, Apple will agree to delete the additional language. The parties now have no dispute on this section.

**Section 9.1 (1st paragraph):** Apple indicated it would agree to our changes to this section if we agreed to Apple's version of Section 5.1,

which Plaintiffs have done. Thus, the parties have no dispute on this section.

Agreed.

**Section 9.1 (2ⁿᵈ paragraph)**: Plaintiffs disagree with Apple's edits, which impose burdens beyond those required by U.S. Export Administration Regulations. For example, Apple's proposal would prevent the parties from using a Canadian national who lives in the U.S. as an expert, or taking depositions in Canada. We understand Apple's concern is that it wants an opportunity to object if it believes Plaintiffs will misinterpret U.S. Export Regulations. As a compromise, we could agree to add the following to the end of our proposal if it resolves the issue: "Before exporting Designating Material or providing Designating Material to a foreign national, the Receiving Party will provide notice to the Producing Party of the country and/or foreign national to which it intends to export information to allow the Producing Party an opportunity to object. If the parties are unable to agree, the Producing Party may move the Court for a protective order." Please let us know if Apple agrees.

Apple does not agree. Your proposal places the burden on Apple if there is disagreement, which we believe is inconsistent with the export regulations. Perhaps if Plaintiffs would tell us more about what they plan to do that would run afoul of Apple's proposed language, we could work out a compromise here. But in the absence of additional information, we are going to need to insist on Apple's proposed language.

**Section 9.2 (b)**: Plaintiffs disagree with Apple's edits, which are inconsistent with Judge Early's model order.

We are at an impasse on this issue.

**Section 9.2 (c)**: The parties agreed to use the term "person" instead of "Person" in the "Pre-Access Disclosure Requirements" section to avoid ambiguity since "Person" is undefined. The parties agreed to Plaintiffs' other edits in subparagraph (iv). The parties disagree on Apple's proposal regarding an ongoing disclosure requirement.

In the interest of compromise, Apple will drop the ongoing disclosure requirement. The parties now have no dispute on this section.

**Section 9.2(f)**: As discussed, this provision is necessary because Consilio indicated it intends to work for Apple in this case even though it worked for Plaintiffs in the True Wearables case. You agreed to ask Apple whether it will use Consilio in this case.

We disagree with this provision. As noted previously, we have never seen a provision like this before and we do not believe this is a protective order issue. Vendors work across parties all the time. Can you please provide authority for the provision you are requesting?

**Section 9.2(g)**: Plaintiffs suggest the following compromise if it resolves the issue: "the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the information based on the face of the document, or the document's

metadata~~, or other information~~.” Please let us know if Apple agrees.

<span style="color:red">With the edits in red above, Apple will compromise on this approach. Apple cannot agree to the “or other information” language, which continues to present the same problem we raised on our call that prompted these edits (i.e., it must be discernable from the face of the document or the document’s metadata, otherwise it is impossible to police).</span>

**Section 9.2(h)**: Plaintiffs explained that this paragraph (which is in Judge Early’s model) applies only to “Confidential” information and not AEO or Source Code information. Please let us know if Apple agrees to Plaintiffs’ proposal.

<span style="color:red">We are at an impasse on this issue.</span>

**Section 9.3**: Plaintiffs disagree with Apple’s edits.

<span style="color:red">We are at an impasse on this issue.</span>

**Section 10**: Plaintiffs disagree with Apple’s edits

<span style="color:red">We are at an impasse on this issue.</span>

**Section 11**: Plaintiffs disagree with Apple’s edits

<span style="color:red">We are at an impasse on this issue.</span>

**Section 14**: Plaintiffs agree to change “designate” to “maintain.” The parties have no dispute on this section.

<span style="color:red">Agreed.</span>

**Section 16.5:** Plaintiffs continue to object to this paragraph as overbroad. Plaintiffs are willing to agree that the Protective Order applies to the Parties, anyone who obtains access to the Protected Material, and their successors. Please let us know if Apple agrees.

<span style="color:red">In the interest of compromise, Apple will agree to Plaintiffs’ proposal. The parties now have no dispute on this section.</span>

**Section 16.7:** Plaintiffs explained that their edits are necessary because some disputes with third parties (e.g., a motion to quash a subpoena) may need to be resolved in other jurisdictions. We suggested the parties agree that disputes between the parties be resolved by the Central District. Please let us know if Apple agrees.

<span style="color:red">In the interest of compromise, Apple will agree to Plaintiffs’ proposal. The parties now have no dispute on this section.</span>

**Section 16.8**: Plaintiffs explained that this provision is problematic because the Protective Order changes many discovery rules. For example, the Protective Order provides more protection for inadvertently produced privileged information. Please let us know if Apple agrees to remove this paragraph.

<span style="color:red">Apple disagrees with Plaintiffs’ position. Nonetheless, in the interest of compromise, Apple will agree to drop this provision. The parties now have no dispute on this issue.</span>

**Section 17 (first sentence)**: Plaintiffs’ proposal is consistent with Judge Early’s model and avoids disputes as to when exactly “Final Disposition” occurred. Apple agreed to consider our proposal.

We do not understand the insistence on written notice. This seems to be an effort to elevate form over substance, and to impose unnecessary burdens on *all parties*, who already know that they will want their highly sensitive information, including source code, returned or destroyed at the end of this action. We ask you to reconsider this issue, particularly in light of how many compromises we have made above. If you will not reconsider dropping the written notice requirement, we will have to brief this issue too.

**Section 17 (source code)**: Plaintiffs asked for Apple's position on this change, which is intended to use the defined term in order instead of the undefined term "Source Code." You thought this change seemed fine, but will follow up.

This is fine. The parties have no dispute on this issue.

Please let us know Apple's position on these issues by close of business tomorrow. We will similarly agree to respond to any remaining issues in one business day. When the parties reach an impasse on all remaining issues, we suggest Plaintiffs provide their portion of the joint stipulation within 7 days, Apple respond with its portion within 7 days, and the parties file the motion the next day. Please let us know if Apple agrees.

Thanks,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 7:30 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Speak to you then.

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On Jun 2, 2020, at 6:33 PM, Adam.Powell
<Adam.Powell@knobbe.com> wrote:

[External Email]
9am works for me. Please use the dial in number below.
Phone number: 877-678-4585
Room #: 950-412-397
Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 5:51 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** Re: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

I am tied up at 10. Can we speak at 9?

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On Jun 2, 2020, at 5:45 PM, Adam.Powell

<Adam.Powell@knobbe.com> wrote:

 [External Email]
Ilissa,
I think many of these issues are more easily addressed over the phone. Are you available to talk at 10am pacific tomorrow? If not, please let me know when you are available.
Thanks,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Saturday, May 30, 2020 10:27 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam:
Here is a summary of our comments to your edits. You are correct that there are many areas where the parties have reached an impasse, but I've flagged where Apple is willing to compromise to narrow issues in dispute and I am hopeful that Plaintiffs will do the same, so that we can tee up a limited number of key disputes for the Court. While we recognize that the process has delayed on both sides, we would appreciate if you could do your best to get back to us by COB on Tuesday, June 2 (if not before) on the below so that we can move

this forward expeditiously since the process has dragged on long enough. Thank you.

PO Section 3: Apple disagrees with Plaintiffs' deletion. This case will involve the production of source code, trade secrets, and highly confidential and competitive information. The designation of such materials shall raise a presumption of good cause for filing under seal —and, quite frankly, we are surprised that Plaintiffs would want this any other way.

PO Section 4.5: Apple disagrees with Plaintiffs' edits. Is the issue here the CAD files and associated limitations on printing? If that's the issue, let's discuss, as it seems the parties should be able to resolve this dispute if so.

PO Section 5.1: Apple disagrees with Plaintiffs' edits. Apple's language tracks the N.D. Cal's MPO for cases involving patents and trade secrets. Apple's language also reflects the standard scope of protective orders in nearly all cases—i.e., protected material should be used or disclosed only for purposes of prosecuting, defending, or attempting to settle the *present* litigation.

PO Sections 5.5 & 6: It seems silly to spend time arguing about how confidential material shall be handled at trial. In the interest of efficiency, we suggest that the parties drop the provisions pertaining to treatment at trial and agree to Paragraph 3 from the N.D. Cal's MPO for cases involving patents and trade secrets: "Any use of Protected Material at trial shall be governed by a separate agreement or order." The parties will reserve all their rights with respect to treatment at trial; we will just agree to defer the issue for now, to be taken up in a separate agreement or order down the road.

PO Section 7: Apple will not agree to the following language, which is incredibly burdensome and unprecedented in a case involving a high volume of ESI: "The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other

portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order." Again, we do not understand why Plaintiffs would want to take on this immense burden with respect to every piece of ESI flagged for production by Plaintiffs in this case.

If a provision of this type is important to Plaintiffs, Apple will agree to the following compromise provision, limited to written discovery responses:

<u>Partial Designation of Written Discovery</u>. Where only certain information in a written discovery response meets the requirements for the confidentiality designations listed in Paragraph ____, the Producing Party may so designate that information by marking the first page of the document and every page on which confidential information appears as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion of a page contains Protected Material, the Producing Party must produce two copies of the discovery response – one with the Protected Material redacted, and one with the pages containing Protected Material marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

<u>PO Section 7.2(b)</u>: Apple is willing to accept Plaintiffs' edits.

<u>PO Section 7.2(d)</u>: Apple is generally willing to accept Plaintiffs' edits – but we should make sure we are on the same page of the meaning of "altered." Sometimes documents are modified in the natural course of an email exchange. We assume that would *not* be covered by the definition of "altered"—and that by "altered" you mean modified or changed by the litigators for purposes of the deposition or proceedings. But please clarify if that was not your intent.

<u>PO Section 8.1</u>: What is the rationale for

deleting the requirement that the parties identify the documents or information that they contend should be differently designated and the ground for the objection? Isn't that the nature of a good faith meet and confer? Without such information, there would be no possible way for the parties to even attempt to resolve the issue without court intervention.

PO Section 9.1:

- First paragraph: Apple can only agree to Plaintiffs' edits here if Plaintiffs drop their edits to Section 5.
- Second paragraph: We are confused by the edits. Apple's data needs to stay in the United States and be subject to U.S. export controls. Are Plaintiffs pushing back because they intend to export Apple data?
- Fourth paragraph: Apple is willing to accept Plaintiffs' edits.

PO Section 9.2(b): Apple disagrees with Plaintiffs' edits.

PO Section 9.2(c):

- Apple is willing to accept Plaintiffs' proposed language about an expert's staff.
- Apple rejects Plaintiffs' substitution of "expert" for "person" (please share the rationale here, because it doesn't make sense to us).
- Apple is willing to accept Plaintiffs' "past five years" language addition.
- Apple is willing to compromise with the following change to the language Plaintiffs struck: During the pendency of and for a period of one (1) year after the Final Disposition of this action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation, or patenting of non-invasive physiological monitoring technologies, or the acquisition of intellectual property assets relating to

non-invasive physiological monitoring technologies.

PO Section 9.2(f): Apple disagrees with Plaintiffs' edits. We have never seen any language like this before, are not aware of any precedent for it, and do not see a reason why it should be entered in this case.

PO Section 9.2(g): Apple is willing to accept the red portion of the following language Plaintiffs added; Apple will not agree to the black portion of the language Plaintiffs added (it would be impossible to discern): the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

PO Section 9.2(h): Apple disagrees with Plaintiffs' edits. This appears to be a blatant attempted end run around other provisions. Why would we agree to let, for example, third parties see Apple source code simply because they sit for a deposition and sign a PO? This is another provision of the type we have never seen before and we are not aware of any precedent for it.

PO Section 9.3: Apple disagrees with Plaintiffs' edits.

PO Section 10: Apple disagrees with Plaintiffs' edits.

PO Section 11: Apple disagrees with Plaintiffs' edits.

PO Section 12 (intro para): Apple is willing to accept Plaintiffs' edits.

PO Section 12 (c): Apple is willing to accept Plaintiffs' edits.

PO Section 14: Apple is willing to accept Plaintiffs' edits if we can agree to change "designate" to "maintain" ("designate" seems to impose a new obligation, whereas this provision is talking about the right to maintain a prior designation despite any inadvertent disclosure).

PO Section 16.5: Apple disagrees with Plaintiffs' deletion.

PO Section 16.6: Apple is willing to accept Plaintiffs' deletion.

PO Section 16.7: Can you please explain the rationale here? It seems more efficient for everyone to agree that the same Court hearing this case and entering the Protective Order will have jurisdiction over disputes that arise under that Protective Order. What are we missing?

PO Section 16.8: Can you please explain Plaintiffs' concern here? All this provision says is that the discovery rules remain unchanged. Unless we are missing something, that seems to be in everyone's' interest.

PO Section 17: Apple is willing to accept Plaintiffs' modification to 60 days if Plaintiffs will remove the written notice requirement. We already know that the parties are going to be producing sensitive documents that they will want destroyed or returned at the end of the litigation. Why require the formality of a written request to trigger return or deletion? Automatic return or deletion is standard, including under the N.D. Cal's MPO for cases involving patents and trade secrets.

Thanks,

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Kaounis, Angelique
**Sent:** Friday, May 29, 2020 7:36 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Hi Adam,

Thanks for your email. We plan to get back to you this weekend.

Have a nice weekend.

Angelique

**Angelique Kaounis**


GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, May 28, 2020 5:30 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Angelique,

I am writing to check on the Protective Order. Please let us know when Apple expects to provide its response.

Thanks,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Adam.Powell

<[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Sent:** Wednesday, May 20, 2020 5:17 PM
**To:** Kaounis, Angelique
<[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>
**Cc:** Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>;
Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>;
Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>;
Buroker, Brian M.
<[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Perry.Oldham
<[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson
<[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen
<[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; Morrisson,
Haley S. <[HMorrisson@gibsondunn.com](mailto:HMorrisson@gibsondunn.com)>;
[Joe.Re](mailto:Joe.Re@knobbe.com) <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>; [Masimo.Apple](mailto:Masimo.Apple@knobbe.com)
<[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>
**Subject:** RE: Masimo v. Apple: follow up from
March 10 call - Proposed Protective Order
Angelique,
Attached are our edits to the Protective Order
after accepting Apple's redlines. The parties
may have reached an impasse on some issues,
but we hope the parties can agree on other
issues to narrow the dispute.
Best regards,
Adam
**Adam Powell**
Partner
858-707-4245 **Direct**

## Knobbe Martens

**From:** Adam.Powell
**Sent:** Tuesday, May 19, 2020 5:44 PM
**To:** Kaounis, Angelique
<[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>
**Cc:** Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>;
Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>;
Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>;
Buroker, Brian M.
<[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Perry.Oldham
<[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson
<[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen
<[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; Morrisson,
Haley S. <[HMorrisson@gibsondunn.com](mailto:HMorrisson@gibsondunn.com)>;
[Joe.Re](mailto:Joe.Re@knobbe.com) <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>; [Masimo.Apple](mailto:Masimo.Apple@knobbe.com)
<[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>
**Subject:** RE: Masimo v. Apple: follow up from

March 10 call - Proposed Protective Order

Angelique,

We will respond as soon as we can. We note that Apple took 13 days to respond to our last draft, but you sent this email only 5 days after Apple sent its draft to Plaintiffs.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Sent:** Monday, May 18, 2020 8:19 PM

**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Morrisson, Haley S. <HMorrisson@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>

**Subject:** FW: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

I am writing to follow up on the below email and attached draft PO. Can you please let us know when we should expect Plaintiffs' responses to our comments?

Thanks very much,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Kaounis, Angelique

**Sent:** Wednesday, May 13, 2020 1:50 PM
**To:** 'Adam.Powell'
<Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Samplin, Ilissa <ISamplin@gibsondunn.com>;
Morrisson, Haley S.
<HMorrisson@gibsondunn.com>; Buroker,
Brian M. <BBuroker@gibsondunn.com>;
Perry.Oldham <Perry.Oldham@knobbe.com>;
Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from
March 10 call - Proposed Protective Order
Adam,

Below please find Apple's responses to
Plaintiffs' last redlined draft of the stipulated
protective order. We have accepted many of
Plaintiffs' suggested edits and also proposed
compromise language in several cases.
However, there are some provisions for which
Apple does not agree to Plaintiffs' suggested
edits. As to those, we request that Plaintiffs
revisit their position and state if there is any
compromise they are willing to accept, and if
so, the terms of that proposed compromise.
Thanks very much,

Angelique

| PO | Plaintiffs' Proposal | Apple's Response |
|----|----------------------|------------------|
| 1 | Plaintiffs changed wording to clarify that the PO applies to disclosures under Rule 26. | Apple accepts Plaintiffs' edit. |
| 2 | Plaintiffs inserted "or any applicable authority" to clarify that a protective order can be entered pursuant to Rule | Apple accepts Plaintiffs' edit. |

| | | |
|---|---|---|
| | 26(c) or "any applicable authority." | |
| 3 | Plaintiffs deleted section about designation of Source Code or AEO material as being presumptively good cause for filing under seal. Plaintiffs also added paragraph regarding filing under seal for dispositive motions or trial. | Apple accepts Plaintiffs' edits, with Apple's modifications— i.e., (1) deleting the "compelling reasons" language in the first paragraph since we think it can be read to imply a higher burden w/r/t non-dispositive motions; (2) rejecting the proposed deletion of the source code language; and (3) adding "in connection with a dispositive motion or trial" to the second paragraph to clarify. |
| 4.4 | Plaintiffs deleted the word "economic" before the word "harm" in the definition of AEO material. | Apple accepts Plaintiffs' edit. |
| 4.5 | Plaintiffs modify the definition of "Highly Confidential - Source Code." Plaintiffs also | Apple agrees to delete the word "economic" before the word "harm." Apple does not |

| | | deleted the word "economic" before the word "harm" as they did in paragraph 4.4. | agree to the modification of the definition of "source code" and asks Plaintiffs to reconsider Apple's original definition. |
|---|---|---|---|
| | 4.12 & 4.13 | Plaintiffs removed the qualifiers "to whom it is reasonably necessary to disclose the information for this litigation" when discussing which support staff should have access to protected materials. | Apple accepts Plaintiffs' edits. |
| | 5.1 | Plaintiffs modified the scope of the PO so that any protected materials could be used in "other cases or proceedings involving the parties." | Apple does not accept Plaintiffs' suggested edits and requests that Plaintiffs reconsider Apple's original language. Apple's original language restricted use of protected material to this case and any affiliated appeals, and prohibited use of the documents in patent prosecutions, |

| | | reexaminations, or any other competitive purpose. This is a standard provision. |
|---|---|---|
| 5.3 | Plaintiffs included new language (in red): "Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose." Plaintiffs deleted the following stricken language: "Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material." | Apple accepts Plaintiffs' edit. |
| 5.4 | Plaintiffs | Apple would be |

| | | |
|---|---|---|
| | suggested new language: "This Order does not preclude any Party or Non-Party from using Protected Material for any purpose with the consent of the Producing Party or by order of the Court." | willing to accept this language if "for any purpose" is deleted. |
| 5.5 (paragraph 1) | Plaintiffs make various word changes to this paragraph, which deals with the ability of the parties to ask the Court to modify the PO. | Apple accepts Plaintiffs' edits. |
| 5.5 (paragraph 2) | Plaintiffs insert the following two sentences: "Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial." | Apple does not agree to Plaintiffs' insertion of this paragraph. This provision can be read to suggest that the PO would not govern protected material once the parties got to trial. |
| 6 | Plaintiffs modify this paragraph, which governs the duration of the PO, to include the following: "Once a case proceeds to trial, information that was | Apple proposes the following compromise language: "The Party seeking admission of any protected material into evidence at trial |

| | | designated or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record)." | shall be required to satisfy applicable filing under seal requirements of the trial court for any information that was designated or maintained pursuant to this protective order that is used or introduced as an exhibit at trial." |
|---|---|---|---|
| | 7 | Plaintiffs modify this provision (at 7.1), which governs the designation of protected | Apple proposes the following compromise language (same as highlighted): "Exercise of |

material, to include the following: "Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions."

|  | | | |
|---|---|---|---|
|  | | Mass, indiscriminate or routinized designations are prohibited. ==Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.== If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation." | |
|  | 7.2(b) | Plaintiffs change the requirements for how deposition transcripts should | Apple does not accept Plaintiffs' edits. Apple's language is |

| | | |
|---|---|---|
| | be designated when they involve protected material and delete language precluding certain individuals from attending a deposition. | important for ensuring that anyone who picks up the transcript or reviews the video of the deposition is fully aware that it has been designated as protected. It also contains important provisions regarding the exclusion of individuals from the deposition who do not have authority to access protected material. However, we are willing to modify Apple's language slightly (as shown in the attached) so that the phrase "shall be marked" instead says "shall be designated pursuant to the terms of this Protective Order and identified . . ." |
| 7.2(d) | Plaintiffs deleted this paragraph concerning | Apple will agree to delete the first sentence |

| | | | |
|---|---|---|---|
| | | production and use of electronic files, stating that they believe it was covered by the ESI stipulation. | of this paragraph ("for electronic files . . . . produced in electronic format") because that is in the ESI stip. However, we need to keep Apple's language for the rest of the paragraph. The ESI stipulation does require the parties to include "confidential" in the file name of a native file that is confidential – but nothing else in this paragraph (starting with "When electronic files or documents are printed for use at deposition…") is in the ESI stip. Restrictions on the use of files at depo and the rest of the paragraph are properly (and traditionally) in a PO, so they should not be removed. |

| 7.3 (mislabeled as 7.2) | Plaintiffs deleted what was formerly paragraph 16, which also dealt with inadvertent failures to designate protected materials, and consolidated the paragraph here. | Apple cannot accept Plaintiffs' proposal wholesale because the proposal omits important language from Apple's Model. Please see proposed compromise language in attached document. |
|---|---|---|
| 7.3 (mislabeled as 7.2) | Plaintiffs deleted a paragraph regarding when a Receiving Party is in possession of materials that the Producing Party inadvertently failed to previously designate as such. | Apple does not accept Plaintiffs' proposed deletion and requests that Plaintiffs reconsider Apple's original language. |
| 8.1-8.2 | Plaintiffs modified the dispute procedures to delete some of the language that came from Apple's PO, stating that L.R. 37-1 already covered disputes. | Apple's language and L.R. 37-1 are complementary and Apple's language serves to clarify and bolster L.R. 37-1's purpose. Nonetheless, Apple proposes the following compromise language: "Any challenge to a designation of Discovery Material under |

|  |  | this Order shall comply with the procedures set forth in Local Rule 37-1 and shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection." ~~"If the parties are unable to resolve the challenge,~~ ~~tThe~~It shall be the responsibility of the Challenging Party to~~shall~~ initiate the dispute resolution process under Local Rule 37-1 et seq." |
|---|---|---|
| 9.1 (second paragraph) | Plaintiffs deleted provisions referring to export regulations. | Apple does not agree to Plaintiffs' deletion of these provisions and requests that Plaintiffs reconsider Apple's original language. |

| | | These are standard provisions that address legitimate security concerns. |
|---|---|---|
| 9.1 (third paragraph) | Plaintiffs re-word Apple's language regarding restrictions on the use of material that a Receiving Party obtains from a source other than the Producing Party in this litigation. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' language would invite more disputes than Apple's, which is more specific than Plaintiffs'. |
| 9.2(b) | Plaintiffs suggest a revision as to who has access to protected material. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| 9.2(c) | Plaintiffs revise the requirements for experts' access to protected materials. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Plaintiffs' |

| | | |
|---|---|---|
| | | proposed language is too vague in certain areas, does not include the provision of information that is critical to Apple (e.g., the person's current employer and title), does not include patent prosecution and other proceedings, does not include time limits for objections, etc. It also deletes the requirement that the expert is not presently an officer, director, employee of a Party or of a competitor of a Party and deletes the requirement for disclosures related to patents of that expert. |
| 9.2(g) | Plaintiffs added language allowing the author or recipient of a document containing protected | Apple does not agree to Plaintiffs' proposed language for the reasons discussed on |

|  |  | material to be shown the material. | our call. |
| --- | --- | --- | --- |
|  | 9.2(h) | Plaintiffs added language allowing anyone to be shown protected material during a deposition so long as they agreed to be bound by the PO. | Apple does not agree to Plaintiffs' proposed language. This language does not provide any mechanism for the producing party to have an opportunity to object to disclosure to an individual that should not see the producing party's confidential information, like someone that is a competitive decision-maker with a competitor or supplier. |
|  | 9.3 | Plaintiffs modified who can see AEO material to those who are not "competitive decision-makers of a Party." | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
|  | 10 | Plaintiffs revised the prosecution bar language. | Apple does not agree to Plaintiffs' proposed language and requests that |

| | | |
|---|---|---|
| | | Plaintiffs reconsider Apple's original language. Plaintiffs' proposed language does not adequately protect Apple from the risk of misuse of its confidential information during acquisitions, during post-grant proceedings and other circumstances as compared to Apple's proposed provision. |
| 11 | Plaintiffs revise the paragraph regarding Source Code. | As a compromise and to address Plaintiffs' articulated concern, Apple proposes a modification for the amount of source code that can be printed (15 consecutive pages and 200 pages in the aggregate). As to the rest of Plaintiffs' proposed language, Apple does not agree |

| | | to it and requests that Plaintiffs reconsider Apple's original language. |
|---|---|---|
| 12 | Plaintiffs revision: "If a Party is served with a subpoena ~~by any court, arbitral, administrate or legislative body~~ or a court order issued in other litigation that ~~requests or~~ compels disclosure of any Protected Material, that Party must . . ." | Apple does not agree to Plaintiffs' proposed language and request that Plaintiffs reconsider Apple's original language. The stricken language is important. Apple needs to know if a party is served with a discovery request in an arbitration, for example. |
| 12(c) | Plaintiffs deleted a requirement that the designating party seek a protective order within 10 days of a full written notice of subpoena. | Apple does not agree to Plaintiffs' proposed edit. This provision encourages the Designating Party to act diligently. |
| 14 | With respect to the unauthorized disclosure of protected material, Plaintiffs propose adding the following revisions to subsection (d) and the sentence after | Apple accepts the addition of subsection (d), but does not agree to the alterations in the last sentence. |

Case 8:20-cv-00048-JVS-JDE   Document 125-6   Filed 08/21/20   Page 70 of 99   Page ID #:9087

| | | |
|---|---|---|
| | that: ". . . (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A. A Receiving Party's unauthorized or inadvertent disclosure does not change the status of Discovery Material or alter a Producing Party's waive the right to designate hold the disclosed document or information as Protected Material." | |
| 16 | Plaintiffs attempted to incorporate this paragraph into paragraph 7.3 discussed above. | Apple will agree to delete this provision only if Plaintiffs incorporate the missing provisions into paragraph 7. Please see response regarding paragraph 7.3. |
| 17.5 & 17.6 | Plaintiffs delete these paragraphs. | Apple does not agree to Plaintiffs' wholesale deletion of these paragraphs. |
| 16.5 | Plaintiffs deleted | Apple does not |

| | | |
|---|---|---|
| (formerly 17.7) | a provision designated C.D. Cal. as the jurisdiction responsible for interpreting and enforcing the PO. | agree to Plaintiffs' deletion of these standard sentences. |
| 17.8 | Plaintiffs deleted the provision that states that nothing in the PO modifies the discovery rules. | Apple does not agree to Plaintiffs' deletion of this paragraph. This is in the PO for clarity and should remain. |
| 17 (formerly 18) | Plaintiffs modify the disposition of records so that the requirement is triggered only when a Designating Party serves a written request, rather than automatically after final disposition. | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. |
| 17 (formerly 18), penultimate sentence | Plaintiffs modified this provision so that experts are only required to return or destroy any material that is designated as "HIGHLY CONFIDENTIAL - SOURCE CODE." | Apple does not agree to Plaintiffs' proposed language and requests that Plaintiffs reconsider Apple's original language. Apple's language required return of any materials that qualified as "Source Code." This would |

| | | include, for example, notes that the expert took of source code. |
|---|---|---|

**Angelique Kaounis**


## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, April 30, 2020 12:42 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Angelique,

Attached are our edits to the Protective Order. Please let us know if you have any questions.

Best regards,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Adam.Powell
**Sent:** Tuesday, April 28, 2020 12:47 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>;

Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from
March 10 call - Proposed Protective Order

Angelique,

We disagree with your email below. We
identified numerous problems with Apple's
prior draft. Apple added much of that same
language to Plaintiffs' draft without even
discussing the matter with Plaintiffs. By
contrast, we are trying to understand your
changes and possibly reach an agreement
before outright rejecting the changes. We look
forward to discussing these issues at 3:30pm.
Please use the dial in number below:

Phone number: 877-678-4585

Room #: 950-412-397

Best regards,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique
<AKaounis@gibsondunn.com>
**Sent:** Tuesday, April 28, 2020 8:49 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from
March 10 call - Proposed Protective Order

Adam,

Thanks for your email. We can speak at 3:30

pm Pacific today. Please circulate a dial-in.

The record is clear regarding the history of this meet and confer. Plaintiffs were unwilling even to comment on two versions of the draft Protective Order that Apple previously sent. After we sent you a mark-up of Plaintiffs' draft, Plaintiffs still appear to be unwilling to mark up that draft.

Apple reserves all rights.

Thanks,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Monday, April 27, 2020 8:11 PM

**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

[External Email]

Angelique,

Thank you for your email. We note that Apple took 17 days to provide the initial draft protective order on Friday, March 27. We responded two business days later asking Apple to use Judge Early's order as a model. When Apple refused, we prepared a draft based on Judge Early's model and sent it to Apple promptly on April 6. Apple then took 10 days to

provide its edits. The edits Apple provided contain extensive changes, most of which appear problematic. We started redlining edits, but it ended up changing most of the draft back to the way we had it. The parties will likely need to submit competing proposals, but we would like to meet one more time to try to understand why Apple made a number of changes and see if we can reach an agreement. Please let us know when you are available to talk over the next few days. I am generally free after 3pm on Tuesday or Wednesday.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>

**Sent:** Monday, April 27, 2020 2:41 PM

**To:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>

**Cc:** Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>; Buroker, Brian M. <[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>; Perry.Oldham <[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson <[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen <[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; Joe.Re <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call - Proposed Protective Order

Adam,

It has been 11 days since we sent you Apple's redline of the proposed Protective Order. When will Plaintiffs be providing responses to our comments?

Thanks very much,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-

3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Kaounis, Angelique
**Sent:** Thursday, April 16, 2020 9:00 PM
**To:** 'Adam.Powell'
<Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from
March 10 call

Adam,

Thanks for your letter, which per my below
email is premature since as promised, I am
attaching Apple's redlines to the proposed
protective order you sent us. Please review this
draft and provide comments to this draft—
something Plaintiffs were unwilling to do with
regard to either of the drafts we sent you on
March 27 and April 3. After you have reviewed
and commented on the draft, we would be
happy to set up a meet and confer to discuss
next week.

In the meantime, in my brief review of your
letter, I noted that you have once again
misstated the facts of our meet and confer call
on March 10. During that call, we specifically
raised the fact that we would provide a draft
PO based on our/Apple's experience, and that
it would be faster if we provided that to you
first. In response, someone from your side
requested that we take into consideration any
material provisions from Judge Early's Model
Order, which we did. Apple reserves all rights
to further respond to your letter and to make
additional edits to the draft PO.

Thanks very much,
Angelique

**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Thursday, April 16, 2020 6:21 PM

**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]

Angelique,

Please see my attached letter.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Sent:** Wednesday, April 15, 2020 10:39 PM

**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re

<[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call
Adam,
Thanks for your email. We expect to send you a redlined draft in the next day or so.
Thanks,
Angelique
**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

**From:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Sent:** Wednesday, April 15, 2020 3:44 PM
**To:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>
**Cc:** Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>; Buroker, Brian M. <[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Samplin, Ilissa <[ISamplin@gibsondunn.com](mailto:ISamplin@gibsondunn.com)>; Perry.Oldham <[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson <[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen <[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; Joe.Re <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call
[External Email]
Angelique,
We are writing to follow up on your email below. Please let us know when you expect to send us the draft protective order.
Best regards,
Adam
**Adam Powell**
Partner
858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>

**Sent:** Thursday, April 9, 2020 12:11 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from
March 10 call

Adam,

Thanks for your email. As explained in my prior
email, we stated on the March 10 call that
Apple had a model PO that we would modify
for purposes of this case. We did, including by
considering the provisions of Judge Early's
model PO. Rather than comment on Apple's
draft, Plaintiffs simply rejected it. When we
attempted to address Plaintiffs' articulated
concern regarding reciprocity of the patent
prosecution bar, Plaintiffs still refused to
comment on Apple's draft—instead insisting
that the parties essentially start from scratch,
using Judge Early's model PO.

In light of Plaintiffs' unwillingness to use
Apple's model PO, we will, as soon as
practicable, send you an updated version of the
draft PO that you sent us with Apple's
proposed redlines. That draft should address
most, if not all of the points you raise below.

thanks very much,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-
3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell

<Adam.Powell@knobbe.com>

**Sent:** Wednesday, April 8, 2020 7:04 PM

**To:** Kaounis, Angelique
<AKaounis@gibsondunn.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa
<ISamplin@gibsondunn.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from
March 10 call

[External Email]

Angelique,

Your summary of our March 10 meet and
confer is not consistent with our recollection.
We specifically said that the parties needed to
use Judge Early's protective order as a model
and stated that we would prepare a draft. We
agreed to Apple preparing the initial draft only
because we understood Apple agreed to use
Judge Early's protective order as a model. We
recently had a Magistrate Judge in the Central
District refuse to enter a Protective Order
because it did not follow that Magistrate
Judge's model order, resulting in significant
delay and wasted resources. We do not want to
risk the same thing happening in this case.
Additionally, your proposal continues to
contain numerous objectionable and non-
reciprocal provisions, including the prosecution
bar issue discussed below. You claim to have
made the patent bar reciprocal, but it still
applies only to "any person on behalf of the
**_Plaintiffs_** who receives" designated material.
We object to Apple's proposal for many
reasons, including:

1. Apple's proposal does not use
   Magistrate Judge Early's order as a
   model.
2. Apple's proposal lacks critical
   components of Judge Early's order,

including a "good cause statement," acknowledgement of under seal filing procedures, and acknowledgement that information introduced at trial typically becomes public absent compelling reasons.

3. Apple's proposal includes an unduly broad and non-reciprocal prosecution bar. Among other things, the prosecution bar applies only to Plaintiffs' counsel and allows an accused infringer's litigation counsel to file an IPR but does not allow the patentee's litigation counsel to defend the IPR.

4. Apple's proposal includes a non-reciprocal provision allowing Apple's in-house counsel to view AEO information while preventing Plaintiffs' in-house counsel from doing the same.

5. Apple's proposal includes a non-reciprocal provision concerning the number of individuals who may access Apple's source code without the same protection for Plaintiffs' source code.

6. Apple's latest proposal restricts access to AEO and source code material to outside counsel that do not have a "business or ownership interest in a Party."

7. Apple proposal includes unnecessarily complicated source code provisions, including lengthy notification times to inspect, unduly small restrictions on the amount of source code that can be printed, and numerous provisions that infringe on the receiving party's work product.

8. Apple's proposal restricts access to "Confidential" material to three representatives that must be cleared by the opposing side.

9. Apple's proposal allows untimely objections to experts accessing confidential information.

10. Apple's proposal includes unnecessarily complicated procedures for using native

files, designating deposition testimony, and providing AEO information to mock jurors.

11. Apple's proposal includes export provisions that appear to be unwarranted, though we are willing to listen to why Apple believes these provisions are necessary.

For all these reasons, we believe the parties need to start with Judge Early's order as a model. Since Apple is unwilling to do that, the parties may apparently need to submit competing proposals.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, April 6, 2020 9:11 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email. As we explained on our March 10 meet and confer call, in order to expedite the process for agreeing to a protective order, Apple promised to send Plaintiffs its model protective order that we modified for use in this case. We did not refuse to use Magistrate Judge Early's model order; to the contrary, we did consider it and found most

of it consistent with what Apple intended to propose. In any event, after Plaintiffs rejected Apple's proposed PO outright without proposing any substantive redlines, we asked Plaintiffs to identify any provisions that you believed were not included, but should have been. You did not do so. Further, to address Plaintiffs' previously-stated concern about the non-reciprocal patent bar provision, we sent you an updated version of the proposed PO on Friday. Again, rather than comment on Apple's updated Protective Order, Plaintiffs have refused to consider it. Unfortunately, this is not constructive. We therefore again request that Plaintiffs redline their suggestions into Apple's updated proposed PO.

As for the ESI Stipulation, we will consider Plaintiffs' suggestions and get back to you shortly. As I requested on our call earlier today, please provide some times for a follow up meet and confer call this week to address the ESI Stip.

Finally, I have attached an updated draft Joint Rule 26(f) Report with Apple's sections included in redline for ease of reference. We look forward to your thoughts.

Apple reserves all rights to modify any of the above-referenced documents in response to Plaintiffs' suggestions or otherwise.

Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, April 6, 2020 7:29 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Perry.Oldham

<[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson <[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen <[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; [Joe.Re](mailto:Joe.Re@knobbe.com) <[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>

**Cc:** Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>; Buroker, Brian M. <[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]

Angelique,

We never said the parties agreed to use Magistrate Judge Early's protective order "in its entirety." We said the parties agreed to use it as a model. We continue to believe Magistrate Judge Early will not appreciate an entirely new form of protective order. Because Apple is now refusing to use Magistrate Judge Early's order as a model and proposed non-reciprocal provisions, we have prepared the attached proposal ourselves. Redlines show changes to Magistrate Judge Early's model protective order. We are happy to consider any changes you have to this proposal.

Also attached are our changes to your draft ESI agreement. As we discussed today, we are not opposed to a procedure on custodians and search terms, but are still considering the specifics. We will provide our edits to that portion soon and will likely need to discuss it with you.

Best regards,

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>
**Sent:** Thursday, April 2, 2020 3:29 PM
**To:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>; Perry.Oldham <[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Stephen.Larson <[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Steve.Jensen

<[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; [Joe.Re](mailto:Joe.Re@knobbe.com)
<[Joe.Re@knobbe.com](mailto:Joe.Re@knobbe.com)>
**Cc:** Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>;
Lerner, Joshua H. <[JLerner@gibsondunn.com](mailto:JLerner@gibsondunn.com)>;
Buroker, Brian M.
<[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>
**Subject:** FW: Masimo v. Apple: follow up from
March 10 call

Adam,

Thanks for your email. To clarify, the parties did
not have an agreement to use Magistrate Judge
Early's protective order in its entirety. Rather,
we explained that Apple has a model Protective
Order it uses and that we would factor in
Magistrate Early's model in preparing the
proposed PO in this case (which we did). If
there are specific provisions from Magistrate
Early's model that you believe are not included
in the proposed PO, please let us know.

Separately, in view of Plaintiffs' objection
below to Apple's proposed patent prosecution
bar provision, we are revisiting the language of
that provision and will include proposed
revisions in an updated PO that we will send as
soon as practicable.

Thanks very much,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-
3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

**From:** Adam.Powell
<[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Sent:** Tuesday, March 31, 2020 12:41 PM
**To:** Kaounis, Angelique
<[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>; Stephen.Larson
<[Stephen.Larson@knobbe.com](mailto:Stephen.Larson@knobbe.com)>; Perry.Oldham
<[Perry.Oldham@knobbe.com](mailto:Perry.Oldham@knobbe.com)>; Steve.Jensen
<[Steve.Jensen@knobbe.com](mailto:Steve.Jensen@knobbe.com)>; [Joe.Re](mailto:Joe.Re)

<Joe.Re@knobbe.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M.
<BBuroker@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]

Angelique,

This Protective Order is not consistent with the parties' agreement to use Magistrate Judge Early's protective order as a model. We do not think Magistrate Judge Early will appreciate the parties using an entirely different format. Additionally, we obviously will not agree to the numerous non-reciprocal provisions in this agreement. For example, Plaintiffs cannot agree to a prosecution bar that applies only to Plaintiffs' counsel and not to Apple's counsel. Please provide a revised version that is reciprocal and consistent with the parties' agreement to use Judge Early's protective order as a model. Alternatively, we are happy to provide the initial draft as we offered during the Rule 16 conference.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique
<AKaounis@gibsondunn.com>

**Sent:** Friday, March 27, 2020 4:37 PM

**To:** Adam.Powell
<Adam.Powell@knobbe.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Perry.Oldham
<Perry.Oldham@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Joe.Re
<Joe.Re@knobbe.com>

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>;
Lerner, Joshua H. <JLerner@gibsondunn.com>;
Buroker, Brian M.
<BBuroker@gibsondunn.com>

**Subject:** RE: Masimo v. Apple: follow up from

March 10 call

Counsel,

Consistent with our correspondence below, attached please find Apple's proposed Protective Order and ESI Stipulation (with Exhibit A). Apple reserves all rights to further revise these documents, including in response to Plaintiffs' suggestions.

We look forward to receiving the draft Joint Report from you today.

Thanks,

Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Kaounis, Angelique
**Sent:** Thursday, March 26, 2020 8:19 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>
**Subject:** RE: Masimo v. Apple: follow up from March 10 call

Adam,

Thanks for your email. Apple will endeavor to provide edits by Monday, April 6th (this is 5 working days after the 27th) in exchange for Plaintiffs' agreement to do the same for Apple's draft Protective Order and ESI Protocol (as you suggest below). If we can send it sooner, we will, and would request that you do so the same.

Thanks very much,

Angelique

**Angelique Kaounis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Sent:** Thursday, March 26, 2020 2:05 PM

**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>

**Subject:** RE: Masimo v. Apple: follow up from March 10 call

[External Email]

Angelique,

We will provide the Rule 26(f) report/schedule and authority concerning Section 2019.210 by Friday. However, we are still waiting for the proposed Protective Order and Electronic Discovery Plan that Apple promised to provide. Please provide those materials to us by Friday as well.

As for editing those documents, your email suggests that Apple intends to provide edits to the Rule 26(f) report the day before it is due. We do not think that is workable since the parties may need to exchange multiple drafts to reach an agreement. We also do not think it will take the same amount of time to edit a document that it takes to draft the document. Thus, please commit to providing your edits within one week of receiving our draft. That should allow the parties sufficient time to attempt to reach a resolution on any

disagreements. We will do the same for your draft Protective Order and Electronic Discovery Plan.

Best regards,

Adam

**Adam Powell**

Partner

858-707-4245 **Direct**

## Knobbe Martens

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>

**Sent:** Wednesday, March 25, 2020 8:04 PM

**To:** Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>

**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>

**Subject:** Masimo v. Apple: follow up from March 10 call

Dear Counsel,

We are writing to follow up on the items we understood you were sending after our March 10 call: a draft Rule 26(f) Report, a proposed schedule, and any authority that CCP Section 2019.210 does not apply here. In light of the April 14 deadline for submission of the Report, we need the draft Report and Schedule by close of business this Friday, March 27. That will give us a roughly equal amount of time to obtain client comments and respond to your draft and still have a day at the back end to coordinate changes and filing logistics with you. Please also send us the CCP 2019.210 case law that you referenced by then.

Thanks very much,

Angelique

**Angelique Kaounis**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026

Tel +1 310.552.8546 • Fax +1 310.552.7026

AKaounis@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure,

distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information

regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy

all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this

message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the

firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.