**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**[PLAINTIFFS' PROPOSED] ORDER GRANTING A CONDITIONAL EXTENSION** |

Having considered Defendant Apple Inc.'s Notice and *Ex Parte* Application for a Modified Briefing Schedule and Expert Objections Schedule for Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' Qualified Opposition, and finding good cause therefor, the Court GRANTS Plaintiffs' alternative proposal as follows.

1. The Court conditionally grants Apple's *Ex Parte* Application *if* Apple agrees that, until Plaintiffs Motion for Preliminary Injunction (Dkt. 108) is decided by the Court, Defendant, on an interim basis only, will (1) take all necessary steps in its power to prevent publication of any of Defendant's patents, patent applications, documents, or other presentations of information that (a) concern measurement or tracking of health-related or physiological information, and (b) name as an inventor or author one or more of Plaintiffs' former employees, *until* (2) Defendant provides the material to Plaintiffs' outside counsel on a confidential basis and allows Plaintiffs' outside counsel at least 30 days to seek relief from the Court. For the avoidance of doubt, Defendant is not required to prevent publications by third parties over which Defendant has no control or reasonable means to influence non-publication.

2. If Apple accepts the conditional extension set forth in Paragraph 1, the parties shall inform the Court. The schedule for Plaintiffs' Motion shall be as follows:

   a. Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 108) will be heard on October 5, 2020, at 1:30 PM;

   b. Apple's opposition to Plaintiffs' Motion for Preliminary Injunction shall be due by September 7, 2020;

///

-1-

|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

      c. Plaintiffs' reply in further support of their Motion for Preliminary Injunction shall be due by September 21, 2020;

      d. Plaintiffs shall provide any objections to Apple's proposed expert Dr. Majid Sarrafzadeh by August 24, 2020;

      e. If Plaintiffs object to Dr. Sarrafzadeh, Apple may propose a replacement expert under Section 9.2(c) of the Protective Order and Plaintiffs will provide objections to the replacement expert, if any, within three calendar days of receiving the disclosure of the replacement expert;

      f. Apple shall provide any objections to Plaintiffs' proposed expert Dr. Vijay Madisetti by August 24, 2020; and

      g. If Apple objects to Dr. Madisetti, Plaintiffs may propose a replacement expert under Section 9.2(c) of the Protective Order and Apple will provide objections to the replacement expert, if any, within three calendar days of receiving the disclosure of the replacement expert.

3. If Apple chooses not to accept the conditional extension set forth in Paragraph 1, then Plaintiffs' Motion for Preliminary Injunction will be heard as noticed and briefing will proceed pursuant to the Local Rules.

**IT IS SO ORDERED.**

Dated: _____      _____
                                                          Hon. James V. Selna
                                                           United States District Judge