# EXHIBIT 1

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Perry D. Oldham
Perry.Oldham@knobbe.com

April 17, 2020

H. Mark Lyon
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211

Re:   Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Mark:

We write regarding Plaintiffs' continuing concern that Apple has not confirmed that it will not allow further patent applications to publish or allow other Apple publications that could contain Masimo's and Cercacor's confidential information. In particular, we seek clarity on two issues, and believe the Court would expect Apple to cooperate because the information sought does not require revealing any confidential information and the information could alleviate any need for a preliminary injunction.

First, does Apple have any pending patent applications that:

(a)   Concern measurement or tracking of any health-related or physiological information;

(b)   Name one or more former Masimo or Cercacor employees as an inventor; and

(c)   Contain information that has not previously published in an Apple patent publication (for example as a related application)?

Continuation applications of applications that previously published (e.g., Application No. 16/700,710) are not within our request.

Second, will Apple agree to seek non-publication under 35 U.S.C. § 122(b)((2)(B)(i) for any new patent application that:

(a)   Concerns measurement or tracking of any health-related or physiological information;

(b)   Names one or more former Masimo or Cercacor employees as an inventor; and

(c)   Contains information that has not previously published in an Apple patent publication?

The answers to these questions will help determine whether the parties have an actual dispute about possible future publication of Plaintiffs' confidential information.

Your recent letter, dated April 2, reiterates assertions Apple made in its prior letter on this subject. We disagree with Apple's assertions for at least the reasons already explained.

Best regards,

*Perry Oldham*

Perry D. Oldham

32603532