# EXHIBIT 2

| | |
|---|---|
| **From:** | Lerner, Joshua H. <JLerner@gibsondunn.com> |
| **Sent:** | Friday, August 21, 2020 4:07 PM |
| **To:** | Adam.Powell |
| **Cc:** | Samplin, Ilissa; Stephen.Larson; Masimo.Apple; Lyon, H. Mark; Rosenthal, Brian A.; Buroker, Brian M.; *** Apple-Masimo |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte |

Adam,

Thank you for your email.  Unfortunately, your proposed edits do not solve the fundamental problems.  For example, the edits do not change the fact that you are demanding that Apple monitor not just patent filings but any "documents, or other presentation of information" that name Plaintiffs' former employees as inventors or "authors" and that relate to broad swaths of information that are not secret – "measurement or tracking of health related or physiological information."  Plaintiffs have no basis to claim that publications on these subjects by every one of Plaintiffs' former employees will disclose Plaintiffs' alleged secrets, let alone to demand disclosure of every potential publication on these subjects by all former employees.  There is, to use your example, no basis to try to prevent every former employee of Plaintiffs from opining on these broad subjects in, for example, a white paper.  Indeed, the scope of the relief here highlights that Plaintiffs are speculating about disclosure of alleged trade secrets.  Based on speculation, Plaintiffs are seeking to control, among other things, prosecution of Apple's patents.  While we believe that the Motion for Preliminary Injunction is baseless, if you want to agree that pending a ruling on the Preliminary Injunction, Apple will take necessary steps within its power to prevent publication of patents or patent applications that concern measurement or tracking of health-related or physiological information and that name Plaintiffs' former employees as inventors, we remain open to that.  Please note that Apple will not agree to this interim relief for an unlimited period, i.e., if for some reason the Motion is not ruled on before the end of the year.

Best, Josh

**Joshua H. Lerner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, August 21, 2020 3:42 PM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

[External Email]

Josh,

Your email below confirms our suspicion that the parties do not appear to be communicating well, and that a discussion would have allowed us to explore possible solutions to avoid burdening the Court. However, we will respond by email as you requested.

Your interpretation of our request is broader than our intent and the language we proposed. Our request concerns publications of Apple that (1) concern measurement or tracking of health-related or physiological information *and* (2) name as an inventor or author one or more of Plaintiffs' former employees. Publications not from Apple, outside that subject matter, or that do not name former employees of Plaintiffs as inventors/authors are not included. Our request also does not require Apple to "monitor" third parties. It just requires Apple to "take all necessary steps" to prevent *Apple's* own publications. We are also not asking for a publication bar. Rather, we just ask that Apple refrain from publishing such materials without providing them to us (outside counsel) and giving us an opportunity to object.

Your language would permit Apple's outside counsel (who are not "Apple employees") to seek or allow Apple patent applications to publish. Apple could also allow the USPTO to publish Apple patent applications even if it could easily take action to prevent the publication. Apple's employees could also take a patent application and publish it themselves in a white paper or the like.

We remain open and willing to discuss alternatives that could resolve this dispute without burdening the Court. We propose some suggested language below that we believe resolves your concerns, without allowing the type of loopholes discussed above. Please let us know if this language is acceptable and, if not, let us know what portion of this proposal is objectionable.

> WHEREAS, Apple requested and Plaintiffs agreed to modify the briefing schedule for the Motion in exchange for Defendant's agreement that, until the Motion is decided by the Court, Defendant, on an interim basis only, will (1) take all necessary steps <u>in its power</u> to prevent publication of any of Defendant's patents, patent applications, documents, or other presentations of information that (a) concern measurement or tracking of health-related or physiological information, and (b) name as an inventor or author one or more of Plaintiffs' former employees, until (2) Apple provides the material to Plaintiffs' outside counsel on a confidential basis and allows Plaintiffs' outside counsel at least 30 days to seek relief from the Court. For the avoidance of doubt, Apple is not required to prevent publications by third parties over which Apple has no control or reasonable means to influence non-publication.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

___

**From:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Sent:** Friday, August 21, 2020 10:32 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

Adam,  We will not agree to the scope of relief sought in the Motion for Preliminary injunction.  The stipulation as you repeatedly amended it means that Apple would need to monitor employees', agents', and also third parties' "publication[s]" and "other presentations of information" in any forum regarding broad subjects that are not secrets.  Furthermore, the scope of the demand is untethered to the allegations—the misappropriation alleged in the Motion is disclosure in a patent by Mr. Lamego who worked for Apple six years ago.  In sum, the demand is overbroad and unworkable.  We repeat that we cannot agree to the scope of relief from the Preliminary Injunction, and therefore we cannot reach agreement.  If you have a new draft stipulation that you would like us to consider, please send it over as soon as possible.  Best, Josh

**Joshua H. Lerner**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, August 21, 2020 10:21 AM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

[External Email]
Josh,

We reviewed Apple's *ex parte* application and your declaration.  In reading the application and Paragraph 17 of your declaration, we are not sure what the dispute is.  We would like to speak to you on the phone to ensure we have a real dispute, rather than just a failure to communicate.  Please let us know when you are available to talk.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**

## Knobbe Martens

---

**From:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Sent:** Thursday, August 20, 2020 7:04 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-

Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

Adam,  I'm sorry that we won't be able to reach a resolution here—we do not agree on these points.  Thanks, Josh

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

> On Aug 20, 2020, at 3:42 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
> [External Email]
> Ilissa,
>
> Our requested relief means what it says and applies to more than patent filings.  Apple cannot circumvent Plaintiffs' relief by publishing the same material in some medium other than a patent filing.  We also do not agree to Apple's proposal that the relief applies only to "Apple employees."  Apple must take the necessary steps to prevent publication by others (e.g., its agents, lawyers, or the USPTO).
>
> Please see our attached redlines.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 Direct
>
> **Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, August 20, 2020 1:09 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

Adam,

We see that you edited the interim language to add back "documents, or other presentations of information."  Given that the allegation is that there was a disclosure in a patent filing, we are assuming that this means documents or other presentations of information relating to patent filings.

Please see clean and redline versions attached.

Thanks,
Ilissa


**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, August 19, 2020 7:00 PM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

[External Email]
Josh,

Attached are our edits to the Stipulation and Proposed Order.  Please note, Plaintiffs intend to designate Dr. Vijay Madisetti as an expert and will provide the required disclosure this evening or tomorrow morning.  We modified the draft to state that Apple will also provide its position with respect to Dr. Madisetti no later than August 21.

We are still in the process of reviewing your disclosure with respect to Dr. Sarrafzadeh.  However, as a courtesy, we want to let you know as soon as we could that we will likely object to Dr. Sarrafzadeh.  We will provide our final position no later than August 21.

If Apple agrees to our changes, please return a final PDF version of the full filing for our approval.

Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Sent:** Wednesday, August 19, 2020 3:21 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>

Exhibit 2

**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>

**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

Adam,  Attached is a draft proposed order and stipulation.  Please note that we put in a date certain for a response regarding the expert.  Please let us know today if these work so that we can avoid unnecessary motion practice.  Thank you, Josh

**Joshua H. Lerner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, August 18, 2020 8:49 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

[External Email]
Ilissa,

We can agree to an extension if the extension does not prejudice the relief we requested.  Thus, we will agree to an extension if Apple agrees to the relief requested on an interim basis until the Court rules on the motion.  The extension would also need to be reciprocal as previously discussed, such that Apple would receive 3 weeks to oppose and Plaintiffs would receive 2 weeks to reply.  Please let us know if this works for Apple.

We are reviewing Apple's email regarding Dr. Sarrafzadeh and will get back to you on when we will provide our position on Apple designating him pursuant to the Protective Order.  We note that Dr. Sarrafzadeh signed the Protective Order on August 11, but Apple is just now disclosing him to us.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, August 18, 2020 3:13 PM

**To:** Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lyon, H. Mark <MLyon@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc. - Notice of potential ex parte

Steve and Adam,

I just tried you both and left voicemails.  We would like to negotiate a schedule for Apple's opposition to Plaintiffs' motion for preliminary injunction—specifically, we request 3 weeks to oppose (which, I note, is the general default Adam and I previously agreed to for motion practice in this case).  Please let us know by COB today whether Plaintiffs will agree to this request, otherwise we will move for the extension *ex parte*.  I am available to discuss this afternoon by phone if necessary or helpful.

Also, we request that Plaintiffs expedite their consideration of the attached, and let us know of any objections by <u>tomorrow</u>, given the relevance to our opposition.  Please confirm.

Thank you,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

<2020-08-20 Proposed Order (Plaintiffs edits).DOCX>
<2020-08-20 Stipulation (Plaintiffs edits).DOCX>

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If

it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---