JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br>Plaintiffs, <br><br>v. <br><br>APPLE INC., a California corporation, <br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br>**APPLE'S APPLICATION TO FILE UNDER SEAL APPLE'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO ENFORCE THE COURT'S ORDER AND SUPPORTING DOCUMENTS** <br><br>No Hearing Noticed <br>Hon. James V. Selna |

Pursuant to Local Rule 79-5.2.2, Defendant Apple Inc. ("Apple") hereby applies for leave to seal (1) the unredacted Apple's Opposition to Plaintiffs' *Ex Parte* Application to Enforce the Court's Order (the "Opposition"), (2) the unredacted Declaration of Brian Rosenthal in Support of Apple's Opposition to Plaintiffs' *Ex Parte* Application to Enforce the Court's Order ("Rosenthal Declaration"), and (3) unredacted Exhibits F-G and I-M to the Rosenthal Declaration.

## I.  LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining that it is often appropriate to seal "sources of business information that might harm a litigant's competitive standing"); *Rich v. Shrader*, 2013 WL 6028305, *4 (S.D. Cal. Nov. 13, 2013) (granting application to seal business documents and financial projections because such information could be utilized by business competitors seeking to gain an advantage); *St. Alphonsus Med. Ctr. Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2013 WL 5883736, *1 (D. Idaho Oct. 18, 2013) ("The case law holds that compelling reasons exist to seal trial material when the material contains sensitive trade secrets that could cause substantial harm if publically disseminated."); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, *4 (S.D. Cal. May 24, 2012) (granting application

to seal financial documents containing Nike's non-public, highly confidential financial data, because it could be used for improper purposes by Nike's competitors).

## II.  ARGUMENT

The unredacted Opposition contains confidential information about Apple's unreleased products, references the confidential exhibits described below, and quotes an email from Perry Oldham (counsel of record for Plaintiffs) that describes alleged functionality of Apple's unreleased functionality.

The unredacted Rosenthal Declaration contains specific descriptions of technical details of the accused Apple Watch products.

Exhibit F to the Rosenthal Declaration is a copy of an email sent from Perry Oldham (counsel of record for Plaintiffs) to Brian Andrea (counsel of record for Apple) at 4:33 PM on August 5, 2020.  This is exhibit identifies some of the details from Apple's source code production.  Lerner Decl. ¶ 7.

Exhibit G to the Rosenthal Declaration is a copy of an email sent from Perry Oldham (counsel of record for Plaintiffs) to Brian Andrea (counsel of record for Apple) at 7:03 AM on August 8, 2020.  This is exhibit identifies some of the details from Apple's source code production.  *Id.* ¶ 8.

Exhibit I to the Rosenthal Declaration is a copy of an email sent from Brian Andrea (counsel of record for Apple) to Perry Oldham (counsel of record for Plaintiffs) at 7:29 AM on August 6, 2020.  This exhibit identifies some of the details from Apple's source code production.  *Id.* ¶ 9.

Exhibit J to the Rosenthal Declaration is a copy of an email sent from Brian Andrea (counsel of record for Apple) to Perry Oldham (counsel of record for Plaintiffs) at 6:35 AM on August 10, 2020.  This exhibit identifies some of the details from Apple's source code production.  *Id.* ¶ 10.

Exhibit K to the Rosenthal Declaration is a copy of an email sent from Perry Oldham (counsel of record for Plaintiffs) to Brian Andrea (counsel of record for Apple)

1  at 8:15 AM on August 11, 2020. This exhibit identifies some of the details from Apple's
2  source code production. *Id.* ¶ 11.

3  Exhibit L to the Rosenthal Declaration is a copy of an email sent from Brian
4  Andrea (counsel of record for Apple) to Perry Oldham (counsel of record for Plaintiffs)
5  at 9:01 PM on August 12, 2020. This exhibit identifies some of the details from Apple's
6  source code production. *Id.* ¶ 12.

7  Exhibit M to the Rosenthal Declaration is a copy of an email sent from Brian
8  Andrea (counsel of record for Apple) to Perry Oldham (counsel of record for Plaintiffs)
9  at 6:50 AM on August 20, 2020. This exhibit identifies some of the details from Apple's
10  source code production and a description of technical details of the accused Apple Watch
11  products. *Id.* ¶ 13.

12  Each of these documents contains sensitive competitive information that Apple's
13  competitors cannot obtain from another source and that will cause competitive harm to
14  Apple if the information is released. Indeed, Apple's source code includes highly
15  confidential information regarding the specific processes and functionalities of the
16  Apple Watch product. Moreover, the technical details of the accused Apple Watch
17  products, which includes specific details about how certain components function is not
18  public information and would cause Apple significant harm if released. Courts seal
19  documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727
20  F.3d at 1221. Apple's competitors should not, because of the judicial process, be
21  permitted to access Apple's confidential information that they "could not obtain
22  anywhere else." *Id.* at 1229. Each of these categories of information could be used for
23  improper purposes by Apple's competitors and therefore should be sealed. *See Nixon*,
24  435 U.S. at 597; *Bauer Bros.*, 2012 WL 1899838, *4.

25  Accordingly, Apple respectfully requests an order granting it leave to file under
26  seal the foregoing documents.

| | |
|---|---|
| Dated: August 21, 2020 | Respectfully submitted,<br><br>JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Joshua H. Lerner*<br>　　　Joshua H. Lerner<br><br>*Attorneys for Defendant Apple Inc.* |