JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF WITHDRAWAL OF *EX PARTE* APPLICATION FOR A MODIFIED BRIEFING AND EXPERT OBJECTION SCHEDULE FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. James V. Selna<br><br>No Hearing Noticed |

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Apple Inc. ("Apple") hereby withdraws its *Ex Parte* Application for Modified Briefing and Expert Objection Schedule for Plaintiffs' Motion for Preliminary Injunction ("Application") (Dkt. Nos. 124–25).

Apple filed the Application on August 20, 2020, to request three weeks to respond to Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 108). Plaintiffs filed an Opposition to the Application (the "Opposition") (Dkt. No. 127).

Plaintiffs' Opposition to Apple's Application is fundamentally flawed.

*First*, the "modest" relief described in their Opposition to Apple's Application is anything but modest; it is overbroad and improper. As Apple will show in its Opposition to Plaintiffs' Motion for Preliminary Injunction tomorrow, Plaintiffs seek to control the timing of any publication or presentation of information naming any of their former employees as an author or inventor of any information concerning measurement of health-related information. Dkt. No. 127 at 3. Plaintiffs would have a minimum of sixty days to peruse Apple's confidential information and perhaps suddenly disclose another as yet unidentified alleged trade secret. Plaintiffs have nothing to support this demand other than rank speculation. Furthermore, as Apple will show, the proposed relief is flatly contrary to California law.

*Second*, it is unfortunate that Plaintiffs mischaracterize Apple's attempt to reach a resolution here. The documents that Plaintiffs cite show that Apple tried for days to reach a resolution, and that the day after Apple indicated that it could not agree, Plaintiffs continued to demand that they have the right to review and delay any of the publications described above. As Apple explained to Plaintiffs, their expansive demand was and is unworkable.

*Third*, Plaintiffs threatened to bring their Motion for Preliminary Injunction roughly five months ago. Apple was not "disparaging" Plaintiffs by raising the timing

of Plaintiffs' Motion for Preliminary Injunction.  Apple was stating facts:  Plaintiffs waited five months to bring their Motion, then filed it without any prior notice to Apple, and timed it to allow Apple only one week in which to prepare a response.  Therefore there is no emergency here, and Plaintiffs should have had no issue with a three week extension, which the parties agreed to for non-emergency motions.

Notwithstanding the foregoing, Apple already has uncovered facts that demonstrate the Motion is improper and baseless.  Apple will be able to complete its Opposition to Plaintiffs' Motion for Preliminary Injunction in time to file it tomorrow.  Therefore, to avoid any additional burden on the Court, Apple withdraws its *ex parte* request.

Dated:  August 23, 2020             Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Joshua H. Lerner*
         Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*