# EXHIBIT A

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S SUR-REPLY TO PLAINTIFFS' *EX PARTE* APPLICATION TO ENFORCE THE COURT'S ORDER**<br><br>Hon. James V. Selna<br>No Hearing Noticed<br><br>Discovery Cut-Off:      7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:                        4/5/2022 |

1   After Apple had only 24 hours to file their opposition to Plaintiffs' *Ex Parte*
2   Application ("Application"), Plaintiffs spent *three days* preparing a 16-page reply.
3   Apart from the prejudice to Apple from a Reply not even contemplated by this Court's
4   procedures, Plaintiffs' Reply is rife with misstatements about the facts, misleading
5   arguments, and drastically expands the relief Plaintiffs seek.   Given that Plaintiffs'
6   Application was filed as an *Ex Parte* application, which the Court may rule on at any
7   moment, Apple cannot possibly timely and fully respond to Plaintiffs' Reply, which is
8   several pages longer than its opening brief.  Apple wishes to highlight here only the most
9   central issues.  In addition, Apple respectfully reiterates its request for a hearing, which
10  is necessary for Apple to correct the record with respect to Plaintiffs' many
11  mischaracterizations in their filings, to demonstrate that sanctions are unwarranted, and
12  for the Court to provide clear direction to the Parties on how to resolve the instant
13  dispute.

14  Plaintiffs' Reply serves to illustrate the parties' disagreement as to what a "core
15  technical document production" should entail.  As the case law Apple cited conclusively
16  establishes, the production of "core technical documents" is not intended to be a
17  complete production of every technical document that exists regarding the Accused
18  Products. *See* Opp. at 5–8. Rather, it is intended to be a limited production of documents
19  that illustrate the accused functionality of the Accused Products.  *Id*. at 7 (The "core
20  technical document" production is intended to provide the patent owner with documents
21  "'sufficient to show' the operation of the accused products.") (citing *Drone Techs., Inc.*
22  *v. Parrot S.A.*, 838 F.3d 1283, 1298–99 (Fed. Cir. 2016).  Apple has already provided
23  the core technical document production for the previously-asserted patents, in
24  compliance with this Court's Order, and is working diligently to provide the same for
25  the recently asserted patents.  Anything beyond that is simply improper.

26  Tellingly, Plaintiffs now fully admit that they are improperly seeking much more
27  than core technical documents.  Between their opening Application and Reply, Plaintiffs
28  have greatly enlarged the relief they are seeking.  Their initial proposed order requested

Gibson, Dunn & Crutcher LLP

APPLE'S SUR-REPLY TO PLAINTIFFS' *EX PARTE*
APPLICATION TO ENFORCE THE COURT'S ORDER   1        CASE NO. 8:20-CV-00048-JVS (JDEx)

that Apple "produce core technical documents sufficient to show the operation of the Accused Products, including source code."  Dkt. 122-3.  Now, Plaintiffs are explicitly asking for the *entire source code for the Apple Watch*—the vast majority of which has *nothing* to do with this case and something they have never before requested—and documents for an *unreleased* future version (what plaintiffs call "Series 6") of the Apple Watch (the "Unreleased Watch"):

> For all the reasons discussed above, the Court should order Apple to produce all of its core technical documents sufficient to describe the operation of the Accused Products, including but not limited to: (1) documents concerning "features" that Apple claims are not yet at issue, (2) unredacted copies of all documents Apple previously redacted (unless Apple provides a privilege log for such redactions), (3) cross-referenced documents necessary to understand the documents Apple produced, (4) **the Watch OS7 source code**, (5) documents concerning the features Plaintiffs identified in Section II.A.6, and (6) **documents concerning the Series 6 version of the watch**.

Reply at 17 (emphasis added).  Because they cannot, Plaintiffs do not even bother to apply the "sufficient to show" standard to their extensively overbroad demands, or attempt to show that their demands could possibly be for core technical documents related to their infringement allegations and not part of an attempt to gain unlimited and unfettered discovery of non-accused products.[1]

Case law is clear that the "sufficient to show" language is a *limitation* and that Plaintiffs are not entitled to *all* the source code for the Apple Watch—particularly because the majority of Plaintiffs' demands are untethered from their allegations in the FAC and in the SAC.  In *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1298–99 (Fed. Cir. 2016), for example, the Federal Circuit held that the "district court appears to

---

[1]  Doubly problematic with Plaintiffs' new requested relief is that "Watch OS7" is still under development.  To the extent Plaintiffs seek the entire source code for a software version of what will ultimately be the next version of the Watch OS, it does not yet exist.  Plaintiffs' request puts the entire code base for an unreleased product at risk, even though there is no basis to do so.

Gibson, Dunn & Crutcher LLP

APPLE'S SUR-REPLY TO PLAINTIFFS' *EX PARTE* APPLICATION TO ENFORCE THE COURT'S ORDER   2   CASE NO. 8:20-CV-00048-JVS (JDEx)

have overlooked the 'sufficient to show' limitation in LPR 3.1 by forcing [Defendant] to turn over 'all' of its technical information 'relating to the operation of the accused products.'"  Indeed, courts are clear that the core technical documents to be produced only need to be sufficient to show the operation of the accused functionality.   Courts give special treatment to source code in litigation given the sensitivity surrounding it.[2] In *Uniloc USA, Inc. v. Apple Inc.*, No. 18-CV-00362-PJH (LB), 2018 WL 2002979, at *2 (N.D. Cal. Apr. 30, 2018), for example, the district court denied plaintiff's request for all of Apple's iOS code because "Uniloc's claims relate solely to the 556 Patent, a patent for a step counter," while "Apple iPhones, iPads, and Watches encompass hundreds or thousands of features wholly unrelated to those claims."  Likewise, in *Nazomi Commc'ns, Inc. v. Samsung Telecommunications, Inc.*, No. C-10-05545 RMW, 2012 WL 1980807, at *3 (N.D. Cal. June 1, 2012), the district court denied plaintiff's request for all of Samsung's source code because plaintiff "has not demonstrated the necessity of 'fully understand[ing] the operation of Samsung's products' as opposed to understanding the portion that is covered by its infringement claims."  And in *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 DEP, 2014 WL 1871866, at *4-5 (N.D.N.Y. May 8, 2014), the district court found that "Apple has made available for inspection the source code providing [the accused] functionality" and denied plaintiffs' request for Apple's source code related to non-accused features of Siri.  Here, Plaintiffs have offered no basis for obtaining the entire source code for the Apple Watch, and there is none.

   Plaintiffs also misrepresent Apple's cited authority concerning the impropriety of discovery into the Unreleased Watch.  Plaintiffs argue that "Apple's own cited cases show discovery of different *versions* of the same product is proper," and assert that the

---

[2]  The recognition that source code contains trade secrets that are susceptible to being copied easily is a reason why protective orders, including the one entered in this case, treat source code differently from other confidential material.  *See, e.g.*, Dkt. No. 67 (differentiating between "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" material).

Gibson, Dunn & Crutcher LLP

APPLE'S SUR-REPLY TO PLAINTIFFS' *EX PARTE* APPLICATION TO ENFORCE THE COURT'S ORDER     3           CASE NO. 8:20-CV-00048-JVS (JDEx)

Federal Circuit in *Drone Technologies, Inc. v. Parrot S.A.*, 838 F.3d 1283, 1299 (Fed. Cir. 2016), "denied discovery regarding different products—the 'Bepop Drone' and 'MiniDrones'—but granted discovery on different versions of the same product, i.e., the 'AR.Drone and the AR.Drone 2.0.'" Reply at 10. That is wrong. The Federal Circuit did not "grant" discovery on "different versions of the same product, i.e., the 'AR.Drone and the AR.Drone 2.0'"—both of those products *were already accused* in plaintiff's complaint. *Drone Techs.*, 838 F.3d at 1289. The Federal Circuit held that discovery into source code for products that were not accused in the complaint—just as the rumored Series 6 Watch here has not been accused in the FAC or SAC[3]—is improper, because such discovery was not relevant to plaintiff's infringement claims, and "the district court failed to explain why "all" source code or even *any* source code was needed or relevant in this case" for such non-accused" products. *Id.* at 1300.

Plaintiffs argue that Apple has not shown that there are material differences between the accused Series 3-5 Watches and any potential Series 6 Watch still in development. But the burden to demonstrate relevance is not Apple's—it is Plaintiffs' burden to do so. *See MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2011 WL 4550287, at *3 (C.D. Cal. Oct. 3, 2011) ("When the relevancy of propounded discovery is not apparent, as here, its proponent has the burden to show the relevancy of the discovery request."); *see also Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[I]n general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26 . . . .").[4] Plaintiffs' cited unsubstantiated Internet rumors and speculation is at best hearsay, and cannot help Plaintiffs meet their burden. Plaintiffs also mislead this Court when they assert that Apple has released "new OS7 code" to "***outside*** developers," citing

---

[3]  Such a claim would run afoul of Rule 11, since Plaintiffs would have no idea how an unreleased product is structured or how it operates.

[4]  Moreover, it would be patently unreasonable to expect Apple to supply declarations demonstrating how the products differ given that Apple had 24 hours to respond.

Gibson, Dunn &
Crutcher LLP

APPLE'S SUR-REPLY TO PLAINTIFFS' *EX PARTE*
APPLICATION TO ENFORCE THE COURT'S ORDER   4   CASE NO. 8:20-CV-00048-JVS (JDEx)

in support only a statement from their litigation counsel.  Reply at 8 (citing Suppl. Oldham Decl. ¶ 5(g)) (emphasis in original).  However, Apple does not disclose the Watch OS source code sought here to the public.

For at least the foregoing reasons and those set forth in Apple's Opposition, the Court should deny Plaintiffs' Application.  As stated above, to the extent that the Court is not inclined to simply deny in full Plaintiff's Application, Apple respectfully reiterates its request for a hearing.


Dated:  August 24, 2020                    Respectfully submitted,

                                           JOSHUA H. LERNER
                                           H. MARK LYON
                                           BRIAN M. BUROKER
                                           BRIAN A. ROSENTHAL
                                           ILISSA SAMPLIN
                                           ANGELIQUE KAOUNIS
                                           BRIAN K. ANDREA
                                           GIBSON, DUNN & CRUTCHER LLP


                                           By:  */s/ Joshua H. Lerner*
                                                Joshua H. Lerner

                                           *Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

APPLE'S SUR-REPLY TO PLAINTIFFS' *EX PARTE*
APPLICATION TO ENFORCE THE COURT'S ORDER   5        CASE NO. 8:20-CV-00048-JVS (JDEx)