# EXHIBIT F

March 27, 2020
**VIA EMAIL**

H. Mark Lyon
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211

Re: Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Mark:

We write with respect to Masimo's and Cercacor's concerns that Apple will continue to publish their confidential and trade secret information. Your letter of March 6, 2020, failed to provide any assurance that Apple would limit further publication. We would expect Apple would want to know whether Plaintiffs assert a patent application contains their trade secrets *before* publication, when Apple can still mitigate damages. Rather than engage in good faith, however, Apple largely ignored our requests and raised a number of irrelevant issues. We respond to those issues below and urge you to reevaluate your position before Plaintiffs are forced to seek a preliminary injunction against publication.

We strongly disagree with your assertion that the Complaint failed to plead a claim of misappropriation against Apple. However, it is irrelevant to the issue of whether publication of Apple's pending patent applications will disclose Plaintiffs' trade secrets. Regardless, Plaintiffs' First Amended Complaint filed on March 25, 2020, provides more than sufficient detail to support Plaintiffs' claims.

Apple also demands that Plaintiffs describe their trade secrets in detail. Again, that is not relevant to the issue of whether Apple's pending patent applications will disclose additional trade secrets of Plaintiffs. Regardless, as we previously explained, Plaintiffs will describe their trade secrets in response to an interrogatory. We note that the parties conducted the Rule 26(f) meeting more than two weeks ago, but Apple has still not served an interrogatory seeking identification of Plaintiffs' trade secrets. We are also still waiting for Apple to provide a draft Protective Order, as Apple promised to do during the Rule 26(f) meeting. None of this impacts the issue we raised about future disclosure of trade secrets in Apple's patent publications.

Next, Apple requests that Plaintiffs "immediately identify (by line and page number) any alleged trade secrets that have been disclosed in any published patent application filed by Apple or in any patent held by Apple." Unfortunately, we are aware of no mechanism for the Patent Office to rescind those publications. If you are aware of such a mechanism, please let us know. Otherwise, Apple's prior publication of Plaintiffs' trade secrets will be the subject of litigation but is not the relevant inquiry here. We are trying to prevent further irreparable harm from disclosing Plaintiffs' trade secrets in *future* publications.

We remain deeply concerned that Apple will publish patent applications containing additional trade secrets of Plaintiffs obtained from former Masimo and Cercacor employees. To that end, we reiterate our demand that Apple request non-publication of any applications concerning physiological monitoring that may contain information from former Masimo or Cercacor employees. Apple should also provide us with copies of any pending applications naming any of Plaintiffs' former employees as an inventor so we can determine whether the applications contain Plaintiffs' trade secrets.

We believe it is in both parties' interest to identify any of Plaintiff's trade secret information found in Apple's pending applications before the information is published. Doing so will help preserve Plaintiffs' trade secrets as well as limit Apple's exposure. If Apple refuses to provide such basic information, we may have no choice but to seek a preliminary injunction to prevent publication of the patent applications at issue.

        Best regards,

        *Perry Oldham*
        Perry D. Oldham