# EXHIBIT G

April 2, 2020

**Via E-Mail**

Perry D. Oldham
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor.
Irvine, CA 92614
Perry.Oldham@knobbe.com

Re:   *Masimo Corp., et al. v. Apple Inc.,* No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Perry:

I write in response to your letter of March 27, 2020, demanding that Apple provide Plaintiffs with Apple's confidential patent applications given "Masimo's and Cercacor's concerns that Apple will continue to publish their confidential and trade secret information." This demand is not supported by either the facts or the law, and we reject it. Furthermore, your letter and Plaintiffs' conduct in this case demonstrate that Plaintiffs did not conduct a reasonable investigation of the facts or law pursuant to Rule 11 before filing their trade secret claim.

Your letter is the most recent of Plaintiffs' improper attempts to access Apple's confidential information without first describing their own purported trade secrets. Cal. Code Civ. Proc. § 2019.210; *M/A-Com Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *4 (C.D. Cal. Sept. 3, 2019) (Early, J.) (denying motion to compel and holding that plaintiffs "may not commence discovery relating to the alleged trade secrets" because they failed to identify "their trade secrets with reasonably particularity as required by Section 2019.210"). A description of Plaintiffs' alleged trade secrets is essential in this case because without it, Plaintiffs could review Apple's confidential information and claim whatever they find as having been misappropriated. *See, e.g.*, *Jobscience, Inc. v. CV Partners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) (applying Section 2019.210, noting "it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff," and requiring the plaintiff to "identify, up front, and with specificity the particulars of the trade secrets without discovery").

Plaintiffs' ongoing refusal to identify their alleged secrets before reviewing Apple confidential information is particularly alarming because Plaintiffs claim that their secrets were

Exhibit G
Page 118

*already* disclosed in Apple's published patent applications. Therefore, Plaintiffs *must* know by page and line number where their alleged secrets appear in Apple's patent applications. Again, Plaintiffs' continued refusal to identify their secrets suggests that Plaintiffs lack a basis for their allegations, and that Plaintiffs now hope to sift through Apple's confidential information so that they can claim it as their own.

The timeline of this case buttresses our conclusion that Plaintiffs seek to review Apple's confidential information in order to come up with a trade secret claim, not because Plaintiffs already have one:

First, on January 8, 2020, the day before filing the Complaint in this case, Plaintiffs improperly attempted to access Apple's confidential information by using the *True Wearables* action to serve a subpoena on Apple. That subpoena on its face called for confidential information from Apple relating to Plaintiffs' allegations in this case. When Apple brought this conduct to the Court's attention, Plaintiffs promptly withdrew the subpoena.

Second, on January 9, 2020, Plaintiffs filed the original Complaint in this case without identifying any specific trade secrets, even though Plaintiffs alleged the secrets were already public. After Apple went to the expense of moving to dismiss, Plaintiffs withdrew that Complaint, thereby acknowledging that their description of trade secrets was inadequate. Plaintiffs then filed the Amended Complaint, which *still* does not identify any of the secrets that Plaintiffs allege are already public. It again sets forth nothing more than a non-exclusive list of broad categories of information. As with the previous pleadings, this is not sufficient to survive a motion to dismiss. And even if the Amended Complaint did adequately *plead* a trade secret—which it does not—that still would not satisfy Plaintiffs' obligation to describe the alleged secrets with specificity. A finding that allegations are sufficient to survive a motion to dismiss does not mean the trade secret allegations are sufficient under Section 2019.210. *See e.g.*, *Gatan, Inc. v. Nion Co.*, 2018 WL 2117379, at *2 (N.D. Cal. May 8, 2018) (explaining that the district court's finding that trade secret allegations were sufficient to survive a motion to dismiss "did not prejudge whether plaintiff's trade secret allegations satisfied § 2019.210," and concluding that the disclosures were insufficient under Section 2019.210). Thus, Plaintiffs cannot hide behind the flawed Amended Complaint and demand access to Apple's confidential files in order to manufacture a trade secret claim.

Third, when the parties met and conferred on March 10, 2020, Plaintiffs insisted that they had a colorable basis to argue that Section 2019.210 will not be applied in this case. At the same time, Plaintiffs insisted—as you do again in your letter—that Apple serve an interrogatory seeking a description of Plaintiffs' trade secrets. As we told you then, requiring Apple to serve an interrogatory defeats the very purpose of Section 2019.210, which places

the burden to describe the alleged trade secrets on *Plaintiffs*. *See* Cal. Code Civ. Proc. § 2019.210; *see also M/A-Com Tech. Sols., Inc.*, 2019 WL 8108729, at *4. Tellingly, after two and a half weeks, Plaintiffs provided one case in support of their position—*SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372 (C.D. Cal. Mar. 15, 2013)—which is from 2013 and has never been followed by another court. Notwithstanding the weakness of their position, on March 16, 2020, Plaintiffs served 25 requests for production, the majority of which relate to Apple's confidential information.

Your letter is the latest in the now long line of flawed attempts to gain access to Apple's confidential information. The letter is both logically and legally flawed. To begin with, Plaintiffs claim to be concerned—"deeply concerned"—that Apple will continue to publish their confidential and trade secret information." Plaintiffs' purported concern therefore hinges on Plaintiffs' suggestion that Apple *already* disclosed Plaintiffs' secrets in published applications and will "*continue*" to do so. Yet Plaintiffs refuse to identify the past disclosures that give rise to their demand. Remarkably, your letter states that this information is "irrelevant." Far from irrelevant, the alleged past disclosures are the basis not only for allegations in the original Complaint and the Amended Complaint, but also Plaintiffs' demand for a preview of Apple's patent applications. Again, if Plaintiffs complied with Rule 11 and conducted a reasonable pre-suit investigation, Plaintiffs must be able to identify the alleged secrets that Plaintiffs claim Apple already disclosed—and should be able to do so with minimal burden—before previewing any Apple patent applications.

The other basis for Plaintiffs' demand for a preview of Apple's patent applications—that the inventors were allegedly once employed by or affiliated with Plaintiffs—flies in the face of California law. California does not recognize the inevitable disclosure doctrine. *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1463 (2002) ("Lest there be any doubt about our holding, our rejection of the inevitable disclosure doctrine is complete.").

Finally, Plaintiffs' ongoing refusal to identify their secrets while at the same time demanding a review of Apple's confidential information is inconsistent with the actions of a party with valid claims. Apple has already expressed that it does not believe it has, nor does it want, possession of any of Plaintiffs' alleged secrets. If Plaintiffs truly believed that Apple possessed their secrets, then Plaintiffs would have immediately identified the secrets so that Apple could take steps to investigate and stop using them. Plaintiffs do not need Apple's confidential information to do that.

We reserve our rights as to all remedies for baseless claims and arguments, including your suggestion that you may seek a preliminary injunction. Your letter concedes that Plaintiffs have no factual basis for such a motion, which would only compound the problems

and inefficiencies that have arisen from the manner in which Plaintiffs have litigated their purported trade secret claim.

Sincerely,

Joshua H. Lerner

Cc (all by email): H. Mark Lyon
Brian M. Buroker
Angelique Kaounis
Joseph R. Re
Stephen C. Jensen
Stephen W. Larson