Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO SEAL DOCUMENTS FILED IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs file this Application To Seal Documents Filed In Support of Apple's Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Opposition"). Apple sealed certain aspects of its Opposition, but failed to seal other material that Plaintiffs asked this Court to seal and this Court sealed. *See* Dkt. 110; Dkt. 113. Plaintiffs request that the Court seal Docket Numbers 138 and 140, and 142. Plaintiffs propose that they file redacted versions of those documents within 48 hours of the Court granting this Application.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged *trade secret* by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

In Plaintiffs' Motion for Preliminary Injunction, Plaintiffs identified the specific portions of the Apple patent publication at issue that constitute Plaintiffs' trade secrets. Dkt. 111-1 at 7:11-9:28. Plaintiffs expressly claim the "value and importance" of Plaintiffs' techniques as a trade secret. *See* Dkt. 89-1 ¶ 41. Because Plaintiffs have industry-leading technologies, knowing which

-1-

particular techniques **Plaintiffs** use or consider effective is valuable information that competitors could use to improperly compete against Plaintiffs. Such information would inform competitors' selection of techniques because they would better understand which techniques originated with Plaintiffs. Powell Decl. ¶ 4. Plaintiffs made this identical argument in their Application to Seal Portions of Plaintiffs' Motion for Preliminary Injunction. Dkt. 110. The Court granted Plaintiffs' Application to Seal the next day. Dkt. 113.

Apple's Opposition redacted this material when directly quoting from Plaintiffs' opening brief, but did ***not*** redact the same material when not quoting from Plaintiffs' opening brief. *See* Powell Decl. ¶ 5. Plaintiffs describe the information at issue in greater detail in the attached Sealed Declaration of Adam B. Powell. *See id.* Apple's filing should not remain on the public docket. The Court should seal the information to "preserve the secrecy of an ***alleged*** trade secret." Cal. Civ. Code § 3426.5 (emphasis added).

Apple has previously argued that Plaintiffs' trade secrets should not be sealed because Plaintiffs allege that Apple's patent filings contain some of Plaintiffs' trade secrets. *See* Dkt. 101. As Plaintiffs have explained, mere publication in a patent does not automatically show specific information is "generally known" under California law, such that the information is not a trade secret. *See* Cal. Civ. Code § 3426.1(d); *Kittrich Corporation v. Chilewich Sultan, LLC*, 2013 WL 12131376, at \*4 (C.D. Cal., Feb. 20, 2013) (publication on the Internet does not necessarily destroy information's status as a trade secret). Determining whether information is not a trade secret "requires a fact-intensive analysis" to show that the information is generally known. *Kittrich,* 2013 WL 12131376, at \*4.

Apple indicated it may oppose this Application. Even if Apple opposes, Plaintiffs request the Court grant this Application at least on a temporary basis while it considers the merits of this Application. If the Court later concludes the

information should be published, it may order the parties to refile the documents publicly.

### III. CONCLUSION

Plaintiffs request the Court seal the following documents and order Plaintiffs to file redacted versions within 48 hours:

(1) Defendant Apple Inc.'s Application To File Under Seal Apple's Opposition To Plaintiffs' Motion For Preliminary Injunction And Supporting Documents (Dkt. 138);

(2) Apple's Opposition To Plaintiffs' Motion For Preliminary Injunction (Dkt. 140); and

(3) Declaration Of Majid Sarrafzadeh In Support Of Apple's Opposition To Plaintiffs' Motion For Preliminary Injunction (Dkt. 142).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 25, 2020

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.