JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' APPLICATION TO SEAL DOCUMENTS FILED IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>No Hearing Noticed<br>Hon. James V. Selna |

There is no basis in law or logic for Plaintiffs to request that this Court seal word for word *quotations* from published patents, including patents that Plaintiffs themselves identified and filed publicly in this case. Nonetheless, that is what Plaintiffs object to in Apple's Opposition to Plaintiffs' Motion for Preliminary Injunction: Comparisons of the exact language—with no modifications—set out in published patents.

Plaintiffs' Application to Seal Documents Filed in Support of Apple's Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. Nos. 145–46) is contrary to Local Rule 79-5.2.2, which requires that any motion to seal must be "narrowly tailored to seal only the sealable material." L.R. 79-5.2.2 (a)(ii). Far from being "narrowly tailored," Plaintiffs seek to seal information that *is already public*, and thus cannot show any reason that it should be sealed, much less the required "good cause" or "compelling reasons why the strong presumption of public access in civil cases should be overcome." L.R. 79-5.2.2 (a)(i). Plaintiffs' request is likewise contrary to the Protective Order, which does not apply to public information. And finally, Plaintiffs position lacks any support in the law. In sum, the request is frivolous, should therefore be denied, and the Court should issue an Order to Show Cause why Plaintiffs should not be sanctioned for filing the request. *See* Local Rule 11-9.

## I.   Plaintiffs Are Attempting to Seal Quotes From Published Patents

In its Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Opposition") (Dkt. Nos. 138–43), Apple took great care to redact every characterization Plaintiffs made concerning what constitutes their alleged trade secrets. The *only* relevant portions of its filings that Apple left unredacted are direct quotations from U.S. Patent No. 10,219,754 ("the '754 patent"), which Plaintiffs themselves already made public on this docket. For example, Plaintiffs filed the '754 patent as an unredacted, public exhibit to their First Amended Complaint ("FAC") (Dkt. No. 28), and alleged in the FAC that the '754 patent contains their trade secrets. *See* FAC ¶ 220 & Ex. 30. Further, Plaintiffs described in an unredacted portion of their Second Amended Complaint (Dkt, No. 88-2

(redacted version)) ("SAC") how the '754 allegedly contains subject matter that was allegedly obtained from Plaintiffs:

> For example, Claim 1 of the '754 Patent recites a method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a

> second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

SAC ¶ 266. Thus, The contents of the '754 patent were already made public by Plaintiffs themselves, and Apple has every right—as does anyone else—to quote this public document in unsealed filings and compare it, as Apple does, with other published patents.

There cannot be good cause to seal public documents like the patents that Apple quotes. For example, courts, including this Court, routinely and appropriately deny motions to seal information that a party has already filed publicly in the same action. *See, e.g.*, *Joint Equity Comm. of Inv'rs of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, 2012 WL 234396, at *2 (C.D. Cal. 2012) ("Defendants' assertions of confidentiality are frivolous in large part because Plaintiffs have already filed many of the same documents without seal on the public docket."); *Prospect Capital Corp. v. Enmon*, No. 08 CIV. 3721 (LBS), 2010 WL 2594633, at *2 (S.D.N.Y. June 23, 2010), *aff'd in part and remanded*, 675 F.3d 138 (2d Cir. 2012) ("Arnold & Itkin's motion to file exhibits under seal is also denied. As Arnold & Itkin concedes, the documents it attempts to seal have already been filed with the Court as exhibits to its Supplemental Memorandum of Law."); *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 WL 722489, at *1 (N.D. Cal. 2014) (finding that a request to seal figures that were already revealed in a publicly filed brief "goes too far"); *Cooke v. Town of Colorado City, Ariz.*, 2013 WL 3155411, at *2 (D. Ariz. 2013) ("There can be no secrets in previously publicly disclosed records that no one has previously sought to protect. As a result, there can be no good cause or compelling reasons to keep such non-existent 'secrets.'"). Because

Plaintiffs already filed the entirety of the '754 patent without seal on the public docket, they cannot show as a matter of law any basis for requesting that the Court now seal quotations from that patent.

Moreover, even if Plaintiffs did not publicly file the '754 patent on the docket, their request to seal would still be frivolous, because patents are public documents that cannot by definition contain anything secret. *See Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1355 (Fed. Cir. 2009) ("[I]t is well established that disclosure of a trade secret in a patent places the information comprising the secret into the public domain. Once the information is in the public domain and the element of secrecy is gone, the trade secret is extinguished."); *Henry Hope X–Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1342 (9th Cir. 1982) ("Matters disclosed in a patent publication destroy any trade secret contained therein."); *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 528 (N.D. Cal. 2000) ("It is well established that the disclosure of a trade secret in a patent places the information comprising the secret into the public domain."). Thus, Plaintiffs' assertion that "mere publication in a patent does not automatically show specific information is 'generally known' under California law" (Application at 2) is simply false. Under any applicable law, the subject matter of the '754 patent is in the public domain.

Plaintiffs cite *Kittrich Corp. v. Chilewich Sultan, LLC*, 2013 WL 12131376, at *4 (C.D. Cal., Feb. 20, 2013), for the proposition that publication on the Internet does not necessarily destroy information's status as a trade secret. Application at 2. The court in *Kittrich*, however, explained that "[p]ublication on the Internet does not necessarily destroy the secret *if the publication is sufficiently obscure or transient or otherwise limited so that it does not become generally known to the relevant people*, i.e., potential competitors or other persons to whom the information would have some economic value." *Kittrich*, 2013 WL 12131376, at *4 (citation omitted) (emphasis added). By contrast, a published patent is not akin to some obscure website that may never be visited

by the "relevant people," particularly when the relevant people here are "persons of ordinary skill in the art" who are presumed to know all prior patents in the relevant field. *See Custom Accessories, Inc. v. Jeffrey-Allan Industries, Inc.*, 807 F.2d 955, 962 (Fed. Cir. 1986). Because the entire '754 patent is public, there can be no basis for sealing direct quotations from it.

Notwithstanding that everything in the '754 is public, Plaintiffs attempt to assert that the Court should seal quotations from that patent because they *allege* that the quoted material constitutes their trade secrets. Application at 2. That does not mean the information is still secret; it does not unpublish the '754 patent. Plaintiffs also attempt to argue that portions of the '754 patent should be sealed because "knowing which particular techniques *Plaintiffs* use or consider effective is valuable information that competitors could use to improperly compete against Plaintiffs." *Id.* at 1–2. This argument is also meritless. Again, anyone can review the patent and see this information. Furthermore, the two other patents that Apple quotes in comparison with the '754 patent (U.S. Patent Nos. 8,471,713 and 9,861,305) are Plaintiffs' patents—the quoted language is language that they made public.

Plaintiffs have not established any good cause or compelling reasons to seal quotations from the '754 patent—either in this request, or their prior request to file their Motion for a Preliminary Injunction under seal. Specifically, nothing in the declaration filed in support of Plaintiffs prior request even mentions the '754 patent, or demonstrates any compelling reason to seal a publicly available document. *See* Dkt. No. 111, ¶ 4.[1] Plaintiffs repeat the same arguments in their current request, but again fail to show any good cause for sealing a public patent. When Apple informed the Court that it intends to oppose Plaintiffs' sealing request, Plaintiffs added an additional purported

---

[1] Plaintiffs point to the fact that the Court granted their Application to Seal their Motion for a Preliminary Injunction (Dkt. No. 110), but the Court granted Plaintiffs' application the very next day (Dkt. No. 113), and there was no basis to argue then or now that the Application meant that Apple could not quote public patents in its defense without referencing any of Plaintiffs' internal documents.

Gibson, Dunn & Crutcher LLP

APPLE'S OPPOSITION TO PLAINTIFFS' APPLICATION TO SEAL DOCUMENTS FILED IN SUPPORT OF APPLE'S OPPOSITION     5     CASE NO. 8:20-CV-00048-JVS (JDEx)

justification for their request by asserting that the information should be sealed because it was marked "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." But the Local Rules are clear that simply because "the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." L.R. 79-5.2.2 (a)(i). Thus, Plaintiffs' designation under the Protective Order cannot support their argument for sealing.

In sum, there is nothing to justify sealing quotations from a publicly available patent that Plaintiffs themselves filed without seal on the docket and described in their complaints.

## II. The Court Should Issue an Order to Show Cause Why Plaintiffs Should Not Be Sanctioned for Filing a Frivolous Sealing Request

It is appropriate for a court to issue sanctions when a party files frivolous sealing requests. *See Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (sanctioning law firm $500 per lawyer involved for "objectively frivolous" sealing requests that had "no legitimate justification" and "therefore [were] in clear violation of Rule 11 of the Federal Rules of Civil Procedure"). As discussed above, nothing in Plaintiffs' Application justifies their sealing request. Requesting to seal quotations comparing two public patents—including from one that Plaintiffs already filed publicly in this action—is the height of frivolity and a clear Rule 11 violation. It also highlights the greater problem here: Plaintiffs are going to any lengths to stop Apple from showing that the trade secret claims in this case have been baseless from the outset.

Accordingly, Apple respectfully requests that the Court issue an Order to Show Cause why Plaintiffs should not be sanctioned for their frivolous sealing request.

| | |
|---|---|
| Dated: August 25, 2020 | Respectfully submitted, |
| | JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP |
| | By: */s/ Joshua H. Lerner*<br>    Joshua H. Lerner |
| | *Attorneys for Defendant Apple Inc.* |