Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' APPLICATION TO SEAL DOCUMENTS FILED IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Apple's opposition rests entirely on a strawman: that Plaintiffs supposedly seek to seal quotations from patents or public filings. But quoting isolated statements from public documents is not the issue. The issue is the way that Apple compiled and presented the information.

Apple's Opposition to Plaintiffs' Motion for Preliminary Injunction purports to "walk[] through each bullet point of Plaintiffs alleged trade secrets (Br. at 7-11) and demonstrate[] that each was disclosed in either the '713 Patent, the '305 Patent, or both, before the publication of Apple's '754 Patent." Dkt. 140 at 8. But Apple did far more than just quote the '713 Patent and '305 Patents in isolation. For example, Apple included an "Appendix" with two columns: one column that lists each bullet point of Plaintiffs' combination trade secret and a second column purportedly quoting *separate* publications. Dkt. 140-1. Apple redacted the first column but not the second column. Thus, Apple did not merely quote public documents. Apple cobbled together *separate* publications, had its expert *opine* that the publications could "be used together," and then asserted that the hindsight combination reflects Plaintiffs' trade secret. *See* Dkt. 142 ¶ 142.[1]

Plaintiffs should be permitted to redact such information because it operates to identify a combination that Plaintiffs allege is a trade secret. "[C]ompetitors could not obtain [the information] anywhere else." *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1229, 1221 (Fed. Cir. 2013). Indeed, even "combinations of public information from a variety of different sources

---

[1] Apple also suggests Plaintiffs disclosed their trade secret in the Second Amended Complaint. Dkt. 148 at 2-3. But the paragraph Apple quoted was in Plaintiffs' *correction of inventorship* cause of action. *See* Dkt. 88-2 ¶ 266. Plaintiffs merely quoted Claim 1 of the patent—just as Plaintiffs did for all other patents that they seek to correct inventorship.

-1-

when combined in a novel way can be a trade secret." *Metricolor LLC v. L'oreal S.A.*, 2020 WL 3802942, at *12 (C.D. Cal. July 7, 2020).

Plaintiffs asked this Court to seal the combination that Plaintiffs allege is a trade secret in its Motion for Preliminary Injunction, Apple did not oppose, and this Court granted Plaintiffs' application. Dkt. 110; Dkt. 113. Plaintiffs designated the sealed material "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to the Protective Order. *See* Dkt. 111-1 at 7-9. Under the Court's Protective Order, Apple had an obligation to not disclose such information except to authorized individuals. Dkt. 67 ¶ 9.3. To challenge that designation, Apple must meet and confer with Plaintiffs and file a motion if the parties are unable to resolve their dispute. *Id* ¶¶ 8.1-8.4. "Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge." *Id.* ¶ 8.4. The Protective Order in this case provides the procedure that Apple was required to follow. Instead of following that procedure, Apple simply published the information.

Finally, Apple's arguments on the merits of Plaintiffs' claim are also inappropriate on a procedural application to seal. As Apple's previously cited authority explains, the issue of public disclosure in a patent is a factual issue "for the *jury* to decide." *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1357 (Fed. Cir. 2011) (emphasis added). Until then, courts should "preserve the secrecy" of an "*alleged* trade secret." *See* Cal. Civ. Code § 3426.5. The Ninth Circuit has explained that "compelling reasons" to seal exist "when . . . court files have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, Plaintiffs respectfully request the Court grant their application to seal.

|     |                          |                                                                 |
| --- | ------------------------ | --------------------------------------------------------------- |
| 1   |                          | Respectfully submitted,                                         |
| 2   |                          | KNOBBE, MARTENS, OLSON & BEAR, LLP                              |
| 3   | Dated: August 26, 2020   | By: */s/ Adam B. Powell*                                        |
| 4   |                          | Joseph R. Re                                                    |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 26, 2020

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor
Laboratories, Inc.

33392037

-3-