1  JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306

5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
     bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*         ILISSA SAMPLIN, SBN 314018
     bandrea@gibsondunn.com                  isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.           333 South Grand Avenue
11 Washington, D.C. 20036                  Los Angeles, CA 90071-3197
   Tel.: 202.955.8500 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520

13 BRIAN A. ROSENTHAL, *pro hac vice*      ANGELIQUE KAOUNIS, SBN 209833
     brosenthal@gibsondunn.com               akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
14 200 Park Avenue                         2029 Century Park East Suite 4000
   New York, NY 10166-0193                 Los Angeles, CA 90067
15 Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16 *Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY**<br><br>**OPPOSED**<br><br>*EXPEDITED CONSIDERATION REQUESTED*<br>Magistrate Judge John D. Early<br>No Hearing Noticed |

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Apple Inc. ("Apple") hereby submits this *Ex Parte* Application for an Order compelling Plaintiffs to provide the priority and conception dates upon which they intend to rely for each Asserted Claim by August 31, 2020. Apple requires this information in order to prepare its Invalidity Contentions, due September 7, 2020. Apple also requests that the Order require Plaintiffs to show good cause before providing any later supplement asserting earlier dates than those identified by August 31, 2020. In accordance with Local Rule 7-19.1, Apple's Counsel notified Counsel for Plaintiffs of this Application on August 26, 2020, at 11:45 am PST. Andrea Decl., ¶ 13. Plaintiffs indicated they intend to oppose Apple's Application. *Id.* ¶ 14.

The contact information for Plaintiffs' counsel is as follows:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

This *Ex Parte* Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Brian K.

Andrea and Exhibits appended thereto, all other papers and pleadings on file in this action, all matters of which judicial notice may be taken, and such argument and evidence as may be presented at the hearing on this Application, if any.

Dated: August 27, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian K. Andrea*
    Brian K. Andrea

*Attorneys for Defendant Apple Inc.*

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY**<br><br>**OPPOSED**<br><br>*EXPEDITED CONSIDERATION REQUESTED*<br>Magistrate Judge John D. Early<br>No Hearing Noticed |

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY

CASE NO. 8:20-cv-00048-JVS (JDEx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Apple seeks immediate identification of information Plaintiffs have always had in their possession but have thus far refused to provide since Apple requested it back in April: the priority date and conception date upon which Plaintiffs intend to rely for each Asserted Claim, and the facts supporting their claim that they are entitled to those dates. This information is clearly relevant and necessary for Apple to prepare its Invalidity Contentions, due September 7, 2020, as it has a direct bearing on what prior art references qualify as prior art.

Apple first requested that Plaintiffs provide this information more than four months ago in an interrogatory, Interrogatory No. 2, dated April 14, 2020. Ex. 1 at 13.[1] In response, Plaintiffs agreed to provide the requested information "shortly after serving their Infringement Contentions." Ex. 2 at 30. On June 19, 2020, Plaintiffs did supplement their Response to the Interrogatory, but only to identify the earliest priority date listed on the face of the Asserted Patents; they failed to provide any contentions regarding conception, as requested. Ex. 5 at 86. Plaintiffs served Infringement Contentions on July 27, 2020, Ex. 6., but did not supplement their Response to the Interrogatory with conception dates as promised. Apple sent a letter to Plaintiffs on August 6, 2020, requesting that Plaintiffs provide the information. *See* Ex. 7. While Plaintiffs did provide another Supplemental Response, that Supplemental Response still failed to provide the requested information. Instead, Plaintiffs only added the earliest priority dates for Asserted Patents they added to the case weeks earlier. Ex. 8 at 407–08. Finally, in an effort to avoid burdening the Court with this dispute over clearly relevant information, Apple followed up again with a letter requesting a commitment that Plaintiffs provide the requested information one week before Apple's Invalidity

---

[1] All references to "Ex." are references to the Andrea Declaration.

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER
COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE
DATES OF CONCEPTION AND PRIORITY      1      CASE NO. 8:20-cv-00048-JVS (JDEx)

Contentions are due. Ex. 9 at 451. Plaintiffs refused, necessitating the instant Application. Andrea Decl. ¶ 13.

Despite Apple's efforts to obtain the conception and priority dates upon which Plaintiffs intend to rely on for each Asserted Claim, Plaintiffs have refused to provide them for reasons that are unclear to Apple, taking the incredible position that "the Court addressed this issue." Ex. 10 at 454. In indicating that they will oppose Apple's Application, Plaintiffs stated that "the Court addressed this issue in ruling on Apple's prior ex parte application to extend its deadline for invalidity contentions." Ex. 10 at 454. That is patently false. In July 2020, after the Court extended Plaintiffs' deadline to submit their infringement contentions (Dkt. No. 92), Apple requested a case management conference to discuss scheduling of both parties' contentions in view of the fact that Plaintiffs had only recently asserted five entirely new patents, drastically altering the landscape of the case. Dkt. No. 94. While the Court declined to grant Apple's request, it granted Apple an extension for its invalidity contentions on those five new patents. Dkt. No. 96. Apple never requested that the Court address Plaintiffs' failure to provide the information sought herein, and the Court never addressed such failure. Now, Plaintiffs' refusal to provide Apple with the information it needs to prepare those contentions is preventing Apple from following the Court's order to provide invalidity contentions on the previously asserted patents on September 7, 2020.

There should be no dispute that the information Apple has been seeking is clearly relevant to Apple's invalidity contentions. Apple must be able to identify relevant prior art and, if Plaintiffs are going to contend that certain references do not qualify as prior art based on a conception or priority date, Apple has the right to know that before it serves its invalidity contentions. Moreover, Plaintiffs and their counsel are the only ones that have the information, and have had the information since the filing of the Asserted Patents (the same law firm representing Plaintiffs in this litigation also prosecuted the Asserted Patents). There is no reason Plaintiffs cannot provide the information

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY    2    CASE NO. 8:20-cv-00048-JVS (JDEx)

immediately, prior to the due date for Apple's Invalidity Contentions; indeed, Plaintiffs have offered no credible reason why they cannot provide the information.

Accordingly, Apple brings this *Ex Parte* Application to request that the Court issue an Order compelling the immediate identification of the earliest priority and conception dates that Plaintiffs intend to rely upon for each Asserted Claim. Additionally, after Plaintiffs identify those dates, the Court should require Plaintiffs to show good cause before seeking to assert earlier dates through any subsequent supplemental response.

## II. BACKGROUND

On April 14, 2020, Apple served, *inter alia*, Interrogatory No. 2, which sought:

> Separately for each Asserted Claim of each Asserted Patent that Plaintiffs contend Apple has infringed or is infringing, describe in detail all facts relevant to the alleged priority date for that claim, including without limitation: the alleged priority date, the alleged date of the conception and first reduction to practice, the nature of any problem(s) with existing technology that the inventors were considering or attempting to solve in connection with the conception, the nature of the alleged reduction to practice and the identity of any alleged actual reduction to practice, any alleged diligence between the asserted conception and reduction to practice dates, the identity of each Person who contributed to such conception, diligence, and/or reduction to practice, the nature of each such Person's participation, involvement, and/or contribution, and the identity of all Documents (by Bates numbers) relating to such conception, diligence, and/or reduction to practice.

Ex. 1 at 13. On May 14, 3030, Plaintiffs responded to this Interrogatory, stating only that "[e]ach asserted patent is entitled to a presumption of validity" and refusing to provide any of the requested information. Ex. 2 at 29–30. In response, Apple sent a letter requesting a complete response to the Interrogatory. Ex. 3 at 65.

In a subsequent meet and confer on June 3, 2020, Plaintiffs' Counsel stated that they "are willing to provide the earliest priority date for each claim of the Asserted

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY

3

CASE NO. 8:20-cv-00048-JVS (JDEx)

Patents in Plaintiffs' First Amended Complaint and will report back to Apple as to whether they are willing to provide the remainder of the information sought by the Interrogatory." Ex. 4 at 69. Plaintiffs also confirmed that they would "amend their response to this Interrogatory shortly after serving their Infringement Contentions so that Apple has sufficient time to consider Plaintiffs' response before preparing its invalidity contentions." *Id.* at 69–70. On June 19, 2020, Plaintiffs supplemented their Response to Interrogatory No. 2, listing only the "earliest priority filing date for each Asserted Patent." Ex. 5 at 86.

One month later, Plaintiffs served their Infringement Contentions and Northern District of California Patent Local Rules ("PLR") 3-1 disclosures for the patents asserted in this action on July 27, 2020. *See* Ex. 6. In those disclosures, Plaintiffs asserted that "the Asserted Claims of the Asserted Patents are entitled to the following priority dates based on their earliest filing dates." Ex. 6 at 94. For each of the asserted claims under 3-1(f), Plaintiffs stated that they planned to assert a date of "at least as early as" the priority date listed on the face of each of the Asserted Patents. *Id.* Plaintiffs' broad statements in their interrogatory response and PLR 3-1(f) disclosures are entirely non-committal, and leave open the possibility that Plaintiffs will rely on priority and conception dates earlier than the priority dates on the face of the patents. The fact that Plaintiffs are unwilling to state that those priority dates are the dates they will rely upon for each Asserted claim suggests that Plaintiffs intend to engage in gamesmanship by asserting earlier dates after Apple serves its Invalidity Contentions.

On August 6, 2020, Apple again requested that Plaintiffs supplement their response to Interrogatory No. 2 as well as their PLR 3-1(f) disclosures, noting that Plaintiffs failed to "provide all information sought by this Interrogatory." Ex. 7 at 395–96. Apple explained again that "Plaintiffs' incomplete response prejudices Apple's ability to prepare its invalidity contentions and, more generally, its defenses in this case" and again requested that Plaintiffs supplement their response. *Id.* Plaintiffs did not

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY     4     CASE NO. 8:20-cv-00048-JVS (JDEx)

respond to Apple's letter but, instead, served a second Supplemental Response that did not provide any additional information and merely identified the priority dates on the face of the patents that Plaintiffs newly asserted in their Second Amended Complaint on July 24, 2020. Ex. 8 at 407–08.

In an effort to avoid bringing this issue to the Court, Apple again reached out to Plaintiffs to request their commitment to provide the requested information by August 28, 2020, just over one week before Apple's Invalidity Contentions are due on September 7, 2020. *See* Ex. 9; Andrea Decl. ¶ 13. In response, Plaintiffs declined to provide the requested information, taking the confusing and demonstrably false position that "the Court addressed this issue in ruling on Apple's prior ex parte application to extend its deadline for invalidity contentions." Ex. 10 at 454. Indeed, and as noted above, this issue has never been brought to the Court, nor has the Court addressed it. *See supra,* n.2; Dkt. Nos. 94, 96.

## III. ARGUMENT

Apple requested in April that Plaintiffs identify the earliest priority and conception dates upon which they allege they are entitled to rely for each Asserted Claim, as well as identification of the facts that support their allegations. Ex. 1 at 13. While Plaintiffs promised to provide this information after they served infringement contentions, Ex. 4 at 69, they have not done so. Indeed, Plaintiffs served infringement contentions in late July, Ex. 6, but have continued to refuse to provide the information Apple has requested. The information Apple seeks is clearly relevant to Apple's invalidity contentions and Plaintiffs clearly have the information, yet Plaintiffs have provided no credible justification for failing to provide it. In view of the looming deadline for Apple's invalidity contentions, and Plaintiffs' failure to keep its promise to provide the information, Apple has been forced to submit this Application to compel the information it seeks and needs.

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY     5     CASE NO. 8:20-cv-00048-JVS (JDEx)

### A. The Information Apple Sought By Apple's Interrogatory Seeks Is Clearly Relevant And Necessary For Preparation Of Apple's Invalidity Contentions

Under Federal Rule of Civil Procedure 26(b)(1), Apple "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Apple is entitled to its requested discovery under this standard; Plaintiffs undoubtedly know the conception and priority dates for the Asserted Claims, and the basis for those allegations. This information is critical to Apple's defense, including its assessment of relevant prior art. Apple cannot and should not be forced to guess at the bases for Plaintiffs' claims to priority. Moreover, it cannot be disputed that the information regarding Plaintiffs' alleged priority and conception dates for each Asserted Claim is relevant to Apple's invalidity defenses. *See West v. Ultimate Metals Co.*, 2014 WL 466795, at *1 (N.D. Cal. Feb. 3, 2014) ("In patent cases, the conception and reduction to practice dates are relevant to a party's defenses because they are related to the priority date, which the defendant 'must beat to show that the claims are invalid over the prior art.'"). That is why Apple served its interrogatories early in the case, and why it has continued to push for the information.

Plaintiffs should not be permitted to continue to refuse to provide a sufficient response to Apple's Interrogatory. *West*, at *1 (ordering patentee to respond to interrogatory seeking information about the conception and reduction to practice of the claimed inventions); *Digital Reg. of Texas, LLC v. Adobe Sys. Inc.*, 2013 WL 5442269, at *4 (N.D. Cal. Sept. 30, 2013) (granting request to compel amended responses to interrogatories seeking patentee's "position regarding the date of conception for the patent claims asserted"); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) (ordering patentee to fully respond to interrogatory seeking "the dates of conception and actual reduction to practice of each asserted patent claim, as well as all documents and persons that can corroborate the asserted dates"); *Bos. Sci. Corp. v. Micrus Corp.*, 2007 WL 174475, at *2 (N.D. Cal. Jan. 22, 2007)

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER
COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE
DATES OF CONCEPTION AND PRIORITY        6        CASE NO. 8:20-cv-00048-JVS (JDEx)

(granting motion to compel response to interrogatory seeking the date of conception of each alleged invention claimed in the patents in suit).

Plaintiffs have provided no legitimate basis for their continued refusal to provide the information Apple seeks. Clearly, Plaintiffs—and only Plaintiffs—have the information sought, and have had the information since the outset of the litigation. *Harvatek Corp. v. Cree, Inc.*, 2015 WL 4396379, at *3 (N.D. Cal. July 17, 2015) ("This poses a minimal burden for a patent holder, who should already know the conception date of a patented invention prior to commencing litigation."). Yet the only reasoning they have provided for failing to provide the information is that "the Court already addressed this issue in ruling on Apple's prior ex parte application to extend its deadline for invalidity contentions." Ex. 10 at 454. This statement is demonstrably false—Apple has not requested that the Court address Plaintiffs' refusal to provide the conception and priority information and the Court has not addressed it. Nor is Apple seeking an extension of its invalidity contentions here—rather, it is simply requesting that Plaintiffs provide clearly relevant information that it promised to provide and that is necessary for Apple to prepare its invalidity contentions. Because discovery as to the priority date is relevant to Apple's defense and its assessment of prior art, and because the Federal Rules do not restrict the scope of discovery based on which party bears the burden of establishing an issue in later proceedings, this Court should find Apple's request both relevant and proportional to the needs of the case.

### B. Plaintiff's Infringement Contentions Did Not Mitigate Their Failure To Respond To Apple's Interrogatory

Apple's need for this information was not obviated by Plaintiff's infringement contentions, served in late July. In fact, Plaintiffs' infringement contentions provide even less information than their interrogatory responses, stating only that the asserted claims are entitled to a priority date "at least as early" as the priority dates listed on the face of the Asserted Patents. Ex. 6 at 94. Such a noncommittal disclosure hardly rises to the level of detail required by the local rules. As the Federal Circuit has recognized,

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY  7  CASE NO. 8:20-cv-00048-JVS (JDEx)

the point of requiring early disclosures required by the local patent rules is to "allow the parties to discover their opponent's theories of liability," which "has been difficult to achieve through traditional discovery mechanisms such as contention interrogatories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364, 1365 (Fed. Cir. 2006). Here, Patent Local Rule 3-1(f) requires the patentee to disclose the priority dates of the asserted claims (including the invention (or conception) date of each claim) and any corroborating documentary evidence with the patentee's Patent Local Rule 3-1 infringement contentions. Patent L.R. 3-1(f); *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (noting that those rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed"); *O2 Micro*, 467 F.3d at 1364, 1366 n.12; *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *3 (N.D. Cal. Apr. 25, 2006) ("The patent rules are designed to avoid 'vexatious shuffling of positions' that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action.") (citation omitted); *Blue Spike, LLC v. Adobe Sys., Inc.*, 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (when disclosing the priority date of the asserted claims, the patentee must "assert a particular date—not a start date, end date, or date range"). Plaintiffs' refusal to provide their conception and priority contentions—in response to both Apple's interrogatory and in their infringement contentions—is exactly the type of "shifting sands" approach that courts seek to avoid. Allowing Plaintiff to identify a range of dates, would "allow[] it to reverse the order of the procedure contemplated by the [Northern District's] Patent Local Rules, giving it a preview of [the accused infringer's] invalidity contentions before offering a concrete conception date." *Plexxikon Inc. v. Novartis Pharm. Corp.*, 2020 WL 1820733, at *3 (N.D. Cal. Apr. 10, 2020) (quoting *Harvatek*, 2015 WL 4396379, at *2). Here, Plaintiffs' failure to disclose firm priority and conception dates for the Asserted Claims in response to Apple's Interrogatory and in their Infringement Contentions has left Apple

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY     8     CASE NO. 8:20-cv-00048-JVS (JDEx)

in limbo with respect to developing and asserting what would be case-dispositive invalidity defenses, preventing Apple from being able to "focus its discovery efforts on a specific conception date." *Harvatek.*, 2015 WL 4396379, at *2.

Plaintiffs may argue that they are not obligated to provide conception and priority dates at this point in the case because the Court has given them permission to provide additional infringement contentions after Apple provides its technical documents. Dkt. No. 92. While the Court did grant them an extension to provide additional claim charts based on Apple's technical documents, it did not excuse Plaintiffs from having to provide the information sought by Apple's interrogatory—information that, as discussed above, is clearly relevant and in Plaintiffs' possession.

### C. This Court Should Preclude Plaintiffs From Changing Their Disclosed Priority Dates Without Good Cause

This Circuit has, on numerous occasions, found that the failure to provide firm conception and priority dates early in the case must have consequences. *See, e.g., Blue Spike*, 2015 WL 335842, at *7 (where infringement contentions alleged a priority date "no later than September 7, 2000," the Court struck the "no later than" language without leave to amend); *see also Harvatek*, 2015 WL 4396379, at *3 (striking "at least as early as" from patentee's interrogatory responses and fixing the priority date at April 20, 2009); *Gamevice, Inc. v. Nintendo Co. Ltd.*, 2019 WL 3533078, at *3 (N.D. Cal. Aug. 2, 2019) (precluding patentee from relying on late-disclosed documents to establish date of conception and reduction to practice).

Apple asks this Court to do the same here and preclude any future attempt by Plaintiff to sidestep Apple's invalidity defenses by obscuring their purported priority and conception dates. Apple furthermore asks that the Court order that Plaintiffs, absent a showing of good cause, be bound to the priority and conception dates they provide.

### D. Ex Parte Relief Is Necessary And Appropriate

*Ex parte* relief is appropriate here because of the urgent nature of the request and the prejudice Plaintiffs' continued refusal to provide the requested information has

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE DATES OF CONCEPTION AND PRIORITY

9

CASE NO. 8:20-cv-00048-JVS (JDEx)

caused, and will cause. This Application could not be heard according to regularly-noticed motion procedures, as a regularly-noticed motion would not be heard until early October, over a month after Apple's September 7, 2020 deadline for Invalidity Contentions. Moreover, Apple is without fault in creating the need for *ex parte* relief, as the delay in filing this Application was caused by Plaintiffs repeated promises to supplement their interrogatory responses, who instead only continued to stonewall Apple's efforts to obtain the information.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court issue an Order (1) compelling Plaintiffs to provide the dates of priority and conception upon which they intend to rely for each Asserted Claim by August 31, 2020; and (2) requiring that Plaintiffs show good cause before later asserting priority and conception dates earlier than those identified therein, through any subsequent attempt to supplement their responses.

Dated: August 27, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian K. Andrea*
　　　Brian K. Andrea

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

APPLE'S *EX PARTE* APPLICATION FOR AN ORDER
COMPELLING PLAINTIFFS TO IMMEDIATELY PROVIDE
DATES OF CONCEPTION AND PRIORITY　　10　　CASE NO. 8:20-cv-00048-JVS (JDEx)