Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO PROVIDE DATES OF CONCEPTION AND PRIORITY** |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................. 1

II. STATEMENT OF FACTS .................................................................... 2

III. LEGAL STANDARDS ......................................................................... 5

IV. ARGUMENT ........................................................................................ 6

    A. Judge Selna Squarely Rejected Apple's Request ....................... 6

    B. Apple Also Violated Local Rule 37 ............................................ 7

    C. There Is No Emergency Justifying *Ex Parte* Relief ................... 8

        1. Apple Will Suffer No Irreparable Prejudice ..................... 8

        2. Apple Created The Timing it Faces ................................. 9

    D. Apple's Motion to Compel Should Also Be Denied On The Merits ................................................................................ 10

        1. Apple's Request For Priority Contentions Lacks Merit ................................................................................ 10

        2. Apple's Requested Preemptory Sanction Lacks Merit ................................................................................ 13

V. CONCLUSION ................................................................................... 14

# TABLE OF AUTHORITIES

**Page No(s).**

*Berger v. Rossignol Ski Co.*,
  2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) ..........................................12

*Blue Spike, LLC v. Adobe Sys., Inc.*,
  2015 WL 335842 (N.D. Cal. Jan. 26, 2015) .......................................12, 13

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*,
  224 F.R.D. 644 (N.D. Cal. 2004) ..............................................................12

*Gamevice, Inc. v. Nintendo Co. Ltd.*,
  2019 WL 3533078 (N.D. Cal. Aug. 2, 2019).....................................12, 13

*Harvatek Corp. v. Cree, Inc.*,
  2015 WL 4396379 (N.D. Cal. July 17, 2015) ....................................12, 13

*Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*,
  308 F. Supp. 2d 1106 (N.D. Cal. 2004) ....................................................12

*Kilroy v. L.A. Unified School District Board of Education*,
  2018 WL 6071080 (C.D. Cal. Oct. 26, 2018) .............................................8

*Medversant Techs., LLC v. Morrisey Assocs., Inc.*,
  2010 WL 11459930 (C.D. Cal. Sept. 8, 2010)............................................9

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995)........................................................5, 8

*Nida v. Allcom*,
  2020 WL 2405251 (C.D. Cal. Mar. 11, 2020) ........................................7, 8

*Peck v. Cty. of Orange*,
  2020 WL 4218224 (C.D. Cal. July 22, 2020) .............................................7

*Pina v. Lewis*,
  717 F. App'x 739 (9th Cir. 2018)................................................................7

*Plexxikon Inc. v. Novartis Pharm. Corp.*,
  2020 WL 1820733 (N.D. Cal. Apr. 10, 2020) ..........................................12

*Silva v. Domino's Pizza*,
  2019 WL 7940678 (C.D. Cal. Sep. 5, 2019)...............................................8

*Tri-Valley CARES v. U.S. Dep't of Energy*,
  671 F.3d 1113 (9th Cir. 2012)....................................................................7

**TABLE OF AUTHORITIES**
(*Cont'd*)

**Page No(s).**

## OTHER AUTHORITIES

N.D. Cal. Patent Local Rule 3-1............................................................*passim*

N.D. Cal. Patent Local Rule 3-2............................................................*passim*

Local Rule 37.......................................................................................*passim*

# I. INTRODUCTION

Apple's *ex parte* application (the "Application") improperly seeks a ruling that is contrary to Judge Selna's prior orders. Under the Scheduling Order to which the parties agreed, Plaintiffs will provide priority information when they serve infringement contentions. Judge Selna extended Plaintiffs' deadline to serve such contentions because Apple violated numerous orders in refusing to provide core technical documents. As a result, Plaintiffs' contentions are not yet due.

Apple now seeks a **different** result before this Court—an order compelling Plaintiffs to provide their contentions before they are due. But Apple's Application raises the same arguments it made previously when it asked Judge Selna to extend its deadline to serve invalidity contentions. Indeed, Apple specifically argued it needed Plaintiffs' infringement contentions (which will contain priority information) to prepare its invalidity contentions. Judge Selna **rejected** Apple's argument, explaining: "Should [Apple] later apply to augment or amend its invalidity contentions, the Court will take into account the unusual sequence of disclosures which has resulted from Apple's failure to make timely production." Dkt. 96.

Unsatisfied with Judge Selna's decision, Apple now files this improper *ex parte* discovery motion demanding that Plaintiffs disclose priority information in **one business day**. That is an improper attempt to circumvent Judge Selna's Orders. Moreover, there is no emergency justifying *ex parte* relief. The timing Apple finds itself facing is entirely of Apple's own making. Apple has known about this issue since **June** when Apple agreed Plaintiffs would provide the requested information "after serving their Infringement Contentions." Apple has also known for weeks that Judge Selna ordered Apple to produce invalidity contentions **before** Plaintiffs provide their infringement contentions containing priority information. The Court should deny Apple's Application.

## II. STATEMENT OF FACTS

In the Rule 26(f) Report, the parties agreed to numerous deadlines, including that: (1) Apple would provide "core technical documents" on June 15, (2) Plaintiffs would provide infringement contentions on July 27, and (3) Apple would provide invalidity contentions on September 7. Dkt. 33 at 25-26. The parties also agreed that infringement and invalidity contentions would comply with N.D. Cal. Patent Local Rules 3-1 through 3-4. *Id.* The Court issued a Scheduling Order adopting the parties' proposal. Dkt. 37.

Notwithstanding the Court's Scheduling Order, Apple steadfastly refused to provide core technical documents. First, Apple argued the Court should stay patent discovery based on Section 2019.210. Dkt. 33 at 26, n.6. Judge Selna rejected that argument and stayed "trade secret discovery only . . .." Dkt. 37.

Second, Apple sought a contrary ruling from this Court. Dkt. 43. This Court rejected Apple's argument and confirmed the Scheduling Order "does not stay patent-related discovery." Dkt. 54 at 8.

Third, after having lost before this Court and Judge Selna, Apple simply ignored its deadline to produce core technical documents. Dkt. 56 at 3, 7-9. In response to Plaintiffs' *ex parte* application seeking to enforce the Court's Scheduling Order, Apple argued it was not providing core technical documents because the Court had not yet entered a Protective Order. Dkt. 56 at 3, 7-9. Apple specifically represented that Section 2019.210 was "**not** a basis on which Apple relies" to have refused to produce its documents on time. *Id.* at 7 n.2.[1] Judge Selna denied Plaintiffs' motion without prejudice and directed the parties to promptly submit their protective order disputes to this Court. Dkt. 59 at 1.

---

[1] All emphasis is added unless noted otherwise. Lettered exhibits are attached to the Declaration of Adam Powell. Numbered exhibits are attached to the Declaration of Brian Andrea (Dkt. 153-2).

-2-

Fourth, after this Court entered the Protective Order, Apple *still* refused to produce technical documents. Contrary to its prior statements, Apple again refused to produce technical documents by relying on ***Section 2019.210*** as the basis to withhold documents. Ex. A at 9:19-12:9. Apple again raised its rejected arguments during a court hearing regarding the schedule to focus the asserted patent claims. *Id*. Judge Selna squarely rejected Apple's arguments: "If core confidential documents are relevant to the patents, they should be disclosed ***now*** . . .." *Id.* at 12:10-19. The Court emphasized that such documents "should be disclosed now and ***in advance*** of Masimo having to identify which claims it wants to proceed on." *Id.*

Fifth, despite Judge Selna's clear guidance, later that same day, Apple filed an *ex parte* application seeking to stay this Court's order rejecting Apple's motion seeking a protective order precluding patent discovery based on Section 2019.210. Dkt. 73 at 3-4. Judge Selna denied both Apple's *ex parte* application and Apple's objections to this Court's order. Dkt. 76, 79.

Sixth, undeterred by the Court's repeated orders, Apple conditioned patent discovery on Section 2019.210. Specifically, Apple unilaterally imposed an "ethical wall" prohibiting counsel who have access to Apple's confidential information from drafting or revising Plaintiffs' Section 2019.210 statement. Ex. B at 9. Apple then "produced" a scant 350 pages of discovery, but conditioned Plaintiffs' access to such documents on Plaintiffs agreeing to Apple's wall. Ex. 3 at 16.

Plaintiffs again sought relief from Judge Selna. In response, Apple defended its wall and argued its production was sufficient. Dkt. 85 at 1-2. Judge Selna rejected Apple's arguments, ordered Apple to produce core technical documents, and extended Plaintiffs' deadline for infringement contentions until six weeks ***after*** Apple completes its core technical document production. Dkt. 92. The Court admonished Apple:

> This issue has been litigated multiple times, and Apple has not prevailed. ***Now is the time for Apple to act: The Court expects prompt and full compliance***. Any further recalcitrance on Apple's part will likely draw an application for contempt or sanctions under 28 U.S.C. § 1927 or an invitation from the Court to seek such relief.

*Id.* Judge Selna further ordered: "Should Plaintiffs dispute the sufficiency of Apple's core technical document production, the parties shall present the dispute to this Court on an ex parte basis . . .." Dkt. 92 at 1.

After the Court extended Plaintiffs' deadline for infringement contentions, Apple applied *ex parte* to extend its deadline for invalidity contentions. Apple complained that it is "unfair" to force Apple to "serve its invalidity contentions *before* Plaintiffs' serve their infringement contentions." Dkt. 94 at 5 (emphasis in original). Apple specifically argued it needed more time to investigate "***priority*** support" for the asserted claims. *Id.* at 3.

Plaintiffs explained why any extension was unnecessary, but agreed to extend Apple's deadline for patents Plaintiffs had added in the Second Amended Complaint. Dkt. 95 at 5. The Court adopted Plaintiffs' proposal by extending Apple's deadline for newly asserted patents only. The Court held: "Should [Apple] later apply to augment or amend its invalidity contentions, the Court will take into account the unusual sequence of disclosures which has resulted from Apple's ***failure*** to make timely production." Dkt. 96.

Apple *still* refused to provide core technical documents. Thus, pursuant to Judge Selna's order that such disputes should be decided by him on an *ex parte* basis, Plaintiffs filed another *ex parte* application that is now pending. Dkt. 123. In response, Apple committed to produce some (but not all) documents and reaffirmed that "Plaintiffs' deadline for infringement contentions will automatically be extended until 42 days after" Apple produces such documents. Dkt. 130-1 at 15.

///

In defiance of Judge Selna's order extending Plaintiffs' deadline to provide infringement contentions, and having lost its attempt to extend its own deadline to provide invalidity contentions, Apple now seeks contrary relief from this Court. Specifically, even though Judge Selna ruled that Plaintiffs' infringement contentions (including priority contentions) are not yet due, Apple seeks an order requiring Plaintiffs to provide that information immediately, long before the deadline set by Judge Selna.

### III. **LEGAL STANDARDS**

*Ex parte* applications are solely for extraordinary relief that meet the exacting standard of *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Apple has the burden of showing: (1) it would be irreparably prejudiced if its application is not heard according to the regularly noticed motion procedures, and (2) it was without fault in creating the putative crisis that it believes requires *ex parte* relief. *Mission Power*, 883 F. Supp. at 492. In *Mission Power*, the Court explained that:

> When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority. The judge stops processing other motions.

*Id.* at 491–92. As the Court stated in its Initial Order in this case, "*[e]x parte* applications are **solely for extraordinary relief** and should be used with discretion." Dkt. No. 9 at 3 (emphasis added) (citing *Mission Power*, 883 F. Supp. at 488); *see also id.* at 490 ("*Ex parte* motions are rarely justified.").

Additionally, "[u]nless the Court in its discretion otherwise allows, **no discovery motions** may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the

moving party." L.R. 37-3. *All* discovery motions must be supported by a joint stipulation or a declaration establishing failure to cooperate. L.R. 37-2.4.

## IV. ARGUMENT

The Court should deny Apple's *ex parte* application as procedurally improper for three independent reasons, and deny it as substantively meritless for two additional reasons.

### A. Judge Selna Squarely Rejected Apple's Request

The Court should deny Apple's Application because it attempts to relitigate an issue Judge Selna already decided. Apple stipulated to, and Judge Selna entered, a scheduling order in which Plaintiffs will provide priority information with their infringement contentions. Dkt. 33 at 26; Dkt. 37. The schedule provides that Plaintiffs' contentions are subject to N.D. Cal. Patent Local Rules 3-1 and 3-2, which require priority information with infringement contentions. N.D. Cal. Patent Local Rules 3-1(f) and 3-2(a).

Apple had no problem with the schedule for priority information until Judge Selna extended Plaintiffs' deadline to provide infringement contentions based on Apple's refusal to produce core technical documents. Apple then asked Judge Selna for an extension so that it could obtain Plaintiffs' infringement contentions (including priority information) **before** it had to prepare invalidity contentions. Dkt. 94 at 3, 5. Judge Selna specifically rejected Apple's request. Dkt. 96. Judge Selna explained that, if Apple asked to supplement later, he would consider the "unusual sequence of disclosures" due to Apple's recalcitrance. *Id.*

Unsatisfied with Judge Selna's orders, Apple now asks this Court for a contrary ruling that would require Plaintiffs to provide priority information immediately, long **before** Plaintiffs' deadline to provide infringement contentions and **before** Apple's deadline to provide invalidity contentions. That contradicts **both** of Judge Selna's rulings. Indeed, Apple asked Judge Selna for

that identical sequence and Judge Selna denied Apple's request. If Apple believed it had a basis to challenge that decision, it should have sought reconsideration. Instead, as it has done in the past, Apple attempts to obtain a different result from this Court. Apple's request is plainly improper and should be denied.

### B. Apple Also Violated Local Rule 37

Apple's request also violates Rule 37. Apple's motion seeks to compel further interrogatory answers and, thus, is a classic discovery motion. "As such, the Motion *must* either be supported by a Local Rule 37-2 joint stipulation or a declaration from Plaintiff's counsel [establishing one of three types of refusal to cooperate]." *Nida v. Allcom*, 2020 WL 2405251, at *5 (C.D. Cal. Mar. 11, 2020) (Early, J.) (citing L.R. 37-2.4). "The Court *will not consider* any discovery motion in the absence of a joint stipulation or declaration from counsel for the moving party *establishing* the foregoing." *Id.* (emphasis added in original) (quoting L.R. 37-2.4).

The Court's holding in *Nida* was neither new nor unusual. This Court provides clear guidance that "[s]trict compliance with Local Rule 37-1 and 37-2 is required . . . ."[2] Indeed, it was only a few weeks ago that this Court reminded Apple, in this very case, that "[c]ourts may deny motions for failure to comply with the Local Rules' requirements for such motions." Dkt. 93 at 3; *see Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Pina v. Lewis*, 717 F. App'x 739, 740 (9th Cir. 2018) (district court may properly deny "a motion to compel for failing to comply with local rules"); *Peck v. Cty. of Orange*, 2020 WL 4218224, at *1 (C.D. Cal. July 22, 2020) (denying as procedurally improper a discovery motion

---

[2] https://www.cacd.uscourts.gov/honorable-john-d-early.

-7-

not accompanied by a joint stipulation or declaration complying with L.R. 37); *Silva v. Domino's Pizza*, 2019 WL 7940678, at *1-2 (C.D. Cal. Sep. 5, 2019) (Early, J.) (same); *Kilroy v. L.A. Unified School District Board of Education*, 2018 WL 6071080, at *2-3 (C.D. Cal. Oct. 26, 2018) (Early, J.) (same).

Apple again acts as if it is exempt from the rules. Apple's current Application is not supported by a joint stipulation or a declaration by counsel asserting that Plaintiffs refused to meet and confer or refused to provide their portion of a joint stipulation. Accordingly, Apple's Application presents the same situation as in *Nida*, *Peck*, *Silva*, *Kilroy*, and the numerous additional cases cited therein. The Court should not consider Apple's Application for the same reason. *See Nida*, 2020 WL 2405251, at *5.

## C. There Is No Emergency Justifying *Ex Parte* Relief

### 1. Apple Will Suffer No Irreparable Prejudice

Apple's application is also improper because it fails to establish that *ex parte* relief is appropriate or necessary. Apple argues *ex parte* relief is proper because its application "could not be heard according to regularly-noticed motion procedures." Dkt. 153 at 10. But Apple fails to identify any prejudice. *See id.* Nor could it. There are no tomatoes "about to spoil" and no yachts "about to leave the jurisdiction." *See Mission Power*, 883 F. Supp. at 491-92.

At most, Apple may have to prepare contentions in a manner that anticipates the possibility of earlier priority dates. But that is common in patent cases. Even where a plaintiff identifies an earlier conception date, defendants routinely contest the earlier conception and rely on later prior art. Nothing suggests Apple lacks the resources to prepare invalidity contentions based on the current record. Apple is currently the most valuable company in the entire world with a market cap of $2 trillion and is represented by one of the largest

/ / /

/ / /

law firms in the country with 1,400+ lawyers.³ Apple's lawyers have also filed numerous motions relitigating the same Section 2019.210 issue at least *six* times. *See* Dkt. 33; Dkt. 43-1; Dkt. 57-1; Dkt. 73; Dkt. 83, Ex. A; Dkt. 85. Indeed, Apple's current application is yet another wasteful attempt to relitigate an issue Judge Selna already decided. Dkt. 96. If Apple's legal team is truly pressed for time, Apple should spend less resources relitigating settled issues and more time preparing invalidity contentions.

### 2. **Apple Created The Timing it Faces**

Apple's *ex parte* application is also improper because the timing Apple complains of is entirely Apple's making. Plaintiffs served their initial discovery responses in ***May***. If Apple believed it needed a more detailed response, it could have and should have moved to compel with enough time to obtain a ruling on a regularly noticed motion. Courts in this district reject similar *ex parte* discovery motions. *See, e.g., Medversant Techs., LLC v. Morrisey Assocs., Inc.*, 2010 WL 11459930, at *1-2 (C.D. Cal. Sept. 8, 2010). In *Medversant*, the Court denied an *ex parte* application to compel further invalidity contentions because the moving party had the allegedly insufficient contentions for months. *Id.* (finding the moving party "did not act diligently" and was responsible for creating the alleged "crisis"). Similarly, Apple had Plaintiffs' discovery responses since ***May*** but did nothing.

Apple claims the timing was "caused by Plaintiffs' repeated promises to supplement their interrogatory responses, who instead only continued to stonewall Apple's efforts to obtain the information." Dkt. 153 at 10. That is demonstrably false. ***Apple*** agreed in ***June*** that Plaintiffs would provide the requested information ***after*** infringement contentions. Ex. 4 at 70. Contrary to

---

³ https://www.nytimes.com/2020/08/19/technology/apple-2-trillion.html; https://www.gibsondunn.com/.

Apple's assertion, Plaintiffs never agreed to provide priority information before infringement contentions.[4] If Apple thought it was entitled to this information before infringement contentions, it should have moved to compel long ago.

Apple also cannot justify its Application by complaining that Plaintiffs' infringement contentions are now due after Apple's invalidity contentions. Judge Selna extended Plaintiffs' deadline because *Apple* failed to comply with the Court's orders. Dkt. 92 ("The Court expects prompt and full compliance. Any further recalcitrance on Apple's part will likely draw an application for contempt or sanctions under 28 U.S.C. § 1927 or an invitation from the Court to seek such relief.") Thus, Apple created the current sequence.

Apple's last-minute attempt to obtain a ruling from this Court that is contrary to Judge Selna's ruling is also prejudicial to Plaintiffs. Because Apple improperly seeks relief just a few days before its deadline, Apple's request would require Plaintiffs to provide their contentions *in less than one business day*, on August 31. Apple further requests draconian relief attempting to limit Plaintiffs to those contentions for the entire case, even though the deadline for such information is still well in the future. Apple's attempt to bring these issues to the Court on an emergency basis is improper and should be rejected.

### D. Apple's Motion to Compel Should Also Be Denied On The Merits

#### 1. Apple's Request For Priority Contentions Lacks Merit

Apple's motion is equally flawed on the merits. First, Apple already agreed that Plaintiffs would provide the requested information *after* Plaintiffs provide their infringement contentions. Apple served the interrogatory at issue

---

[4] Apple claims Plaintiffs "confirmed" they would provide priority information "so that Apple has sufficient time to consider Plaintiffs' response before preparing its invalidity contentions." Dkt. 153 at 4. But Apple cites *its own* letter, which acknowledges Plaintiffs would provide priority information *after* infringement contentions. Ex. 4 at 70.

on April 17. Ex. 1 at 13. Plaintiffs answered on May 14. Ex. 2 at 28-30. Plaintiffs objected because the interrogatory was a contention interrogatory "propounded at an early stage of the proceedings . . .." *Id.* at 29. Plaintiffs explained that "[e]ach asserted patent is entitled to a presumption of validity" and that Plaintiffs should not have to provide the requested information at this time. *Id.* The parties conferred and Apple *agreed* that Plaintiffs would "amend their response to this Interrogatory shortly *after* serving their Infringement Contentions . . .." Ex. 4 at 70 (*Apple's* letter summarizing the parties' conference of counsel).

There can be no dispute that Plaintiffs' infringement contentions are not yet due. Indeed, Judge Selna *extended* Plaintiffs deadline because of Apple's "recalcitrance" and failure to comply with the Court's orders. Dkt. 92. Apple even admitted last week that Plaintiffs deadline has been extended until *at least October*. Dkt. 130-1 at 14-15.

Despite these undeniable facts, Apple grossly misrepresents the record to assert that Plaintiffs already "served" their contentions and that Judge Selna merely gave Plaintiffs "permission to provide additional infringement contentions after Apple provides its technical documents." Dkt. 153 at 9. But Judge Selna did not merely give Plaintiffs permission to *supplement* or serve *additional* contentions. He unequivocally held: "Plaintiffs deadline for 'Infringement Contentions (Patent L.R. 3-1 and 3-2)' is *extended* until forty-two (42) days after Apple completes its production of core technical documents." Dkt. 92 at 1.[5] Judge Selna did so because *Apple* had repeatedly failed to comply with the Court's orders. *Id.* at 2 ("The Court expects prompt and full

---

[5] In contrast, when Judge Selna *denied* Apple's motion for an extension, he explained that he would consider the "unusual sequence of disclosures which has resulted from Apple's failure to make timely production" if Apple should "later apply to augment or amend its invalidity contentions." Dkt. 96.

-11-

compliance. Any further recalcitrance on Apple's part will likely draw an application for contempt or sanctions under 28 U.S.C. § 1927 or an invitation from the Court to seek such relief.") Apple cannot use its own misconduct to require Plaintiffs to provide priority information before infringement contentions are due.

Second, Apple's demand that Plaintiffs provide contentions is duplicitous. Just *one day* before it served this Application, Apple refused to answer an interrogatory by stating it would "provide the facts and documents related to its invalidity defenses in its invalidity contentions *pursuant to the deadlines set forth in the Court's Scheduling Orders*." Ex. D at 19. Apple also refused to answer another interrogatory by stating it would provide its non-infringement contentions "*after* it receives the amended infringement contentions that Plaintiffs have indicated they will be providing for all of the Asserted Patents." *Id*. Apple cannot genuinely claim Plaintiffs should be required to provide information that is part of their contentions *before* those contentions are due, while Apple objects to doing the same thing.

Third, Apple's own cited authorities applied N.D. Cal. Patent Local Rule 3-1 and 3-2 to require priority information *with* or *after* infringement contentions—not *before* infringement contentions. *See, e.g.*, *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004); *Blue Spike, LLC v. Adobe Sys., Inc.*, 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015); *Harvatek Corp. v. Cree, Inc.*, 2015 WL 4396379, at *3 (N.D. Cal. July 17, 2015); *Gamevice, Inc. v. Nintendo Co. Ltd.*, 2019 WL 3533078, at *3 (N.D. Cal. Aug. 2, 2019); *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004); *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *3 (N.D. Cal. Apr. 25, 2006); *Plexxikon Inc. v. Novartis Pharm. Corp.*, 2020 WL 1820733, at *3 (N.D. Cal. Apr. 10, 2020). Apple

identifies no case applying N.D. Cal. Patent Local Rule 3-1 and 3-2 that required priority information *before* infringement contentions.

Fourth, requiring Plaintiffs to provide priority infringement now would be a waste of time and resources. Once Plaintiffs have Apple's core technical documents, they may focus the case in their infringement contentions. As Judge Selna explained, Apple is required to produce its core technical documents "now and in advance of Masimo having to identify which claims it wants to proceed on." Ex. A at 12:16-19. Apple produced core technical documents as recently as August 25 and indicated it intends to produce more core technical documents. Powell Decl. ¶ 6. It makes no sense for Plaintiffs to identify priority information before receiving Apple's documents and providing infringement contentions.[6]

### 2. Apple's Requested Preemptory Sanction Lacks Merit

Apple also requests a preemptory sanction that would preclude Plaintiffs from amending their priority contentions. Apple's request is frivolous. Indeed, if the Court were to grant Apple's relief, Plaintiffs' contentions would be due in *less than one business day*, on Monday, August 31. The Court should not permit Apple to delay bringing its motion for months, only to seek draconian relief on a *single*-day's-notice compelling immediate production of information that is not due for weeks. Not surprisingly, Apple cites no case law supporting such a draconian requirement. Apple cites three cases from the Northern District of California applying N.D. Cal. Patent Local Rule 3-1 and 3-2. *Blue Spike*, 2015 WL 335842; *Harvatek*, 2015 WL 4396379; *Gamevice*, 2019 WL 3533078. None required disclosure of priority information *before* infringement

---

[6] Apple similarly argued it should not have to provide invalidity contentions before Plaintiffs focused the case. Dkt. 94 at 6. Judge Selna rejected Apple's argument, holding that the "unusual sequence of disclosures" was the result of "*Apple's* failure to make timely production." Dkt. 96.

-13-

contentions, much less prevented a party from *updating* priority information before infringement contentions. Moreover, despite Judge Selna's warning of sanctions, Apple has not even provided the basic core technical discovery necessary for Plaintiffs to identify their asserted claims. Nothing supports Apple's attempt to circumvent Judge Selna's rulings and require that Plaintiffs commit to priority contentions *before* such contentions are due. The Court should deny Apple's application.

## V. CONCLUSION

For all the reasons discussed above, Plaintiffs respectfully request the Court deny Apple's *Ex Parte* Application.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 28, 2020   By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories

33402188