Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404 Facsimile:  (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **DECLARATION OF ADAM B.**<br>) **POWELL IN SUPPORT OF**<br>) **PLAINTIFFS' OPPOSITION TO**<br>) **APPLE'S** *EX PARTE*<br>) **APPLICATION FOR AN ORDER**<br>) **COMPELLING PLAINTIFFS TO**<br>) **PROVIDE DATES OF**<br>) **CONCEPTION AND PRIORITY**<br>)<br>) |

I, Adam B. Powell, hereby declare:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and Counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. in this action.  I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, would testify competently thereto.  I make this declaration in support of Plaintiffs' Opposition to Apple's *Ex Parte* Application For An Order Compelling Plaintiffs to Provide Dates of Conception and Priority.

2.     Attached hereto as **Exhibit A** is a true and correct copy of a transcript of the July 10, 2020, hearing in this matter.

3.     Attached hereto as **Exhibit B** is a true and correct copy of an email sent from Ilissa Samplin (who is counsel of record for Apple) to myself at 11:37 a.m. on July 17, 2020.

4.     Attached hereto as **Exhibit C** is a true and correct copy of an email sent from Ms. Samplin to myself at 5:12 p.m. on July 21, 2020.

5.     Attached hereto as **Exhibit D** is a true and correct copy of Apple's Supplemental Objections and Responses to Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s Second Set of Interrogatories to Defendant Apple Inc. (Nos. 6-10), dated August 26, 2020.

6.     On August 25, 2020, Apple produced what appears to be some technical documents.  Apple indicated it was "in the process of gathering the remaining documents and source code you recently asked for and that we told you we are collecting, to the extent they exist, and will continue to produce them on a rolling basis as we are able to obtain them."

/ / /

/ / /

/ / /

/ / /

-1-

1        I declare under penalty of perjury under the laws of the United States that

2    the foregoing is true and correct.

3        Executed on August 28, 2020, at Encinitas, California.

4

5                    */s/ Adam B. Powell*

                  Adam B. Powell

6    33401984

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Page 1**

```
 1
 2
 3
 4                UNITED STATES DISTRICT COURT
 5              CENTRAL DISTRICT OF CALIFORNIA
 6                   SOUTHERN DIVISION
 7                        - - -
 8      THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING
 9
10    MASIMO CORPORATION, et al.,  )
          Plaintiffs, )
11              vs.              )
                                 )  SACV-20-00048-JVS
12    APPLE, INC.,               )
          Defendant.  )
13    ------------------------------)
14
15            REPORTER'S TRANSCRIPT OF PROCEEDINGS
16                 Santa Ana, California
17                   July 10, 2020
18
19              SHARON A. SEFFENS, RPR
                United States Courthouse
20            411 West 4th Street, Suite 1-1053
                 Santa Ana, CA  92701
21                 (714) 543-0870
22
23
24
25                                          11:46
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Page 2**

```
 1    APPEARANCES OF COUNSEL:
 2    For the Plaintiffs:
 3    JOSEPH R. RE
      STEPHEN JENSEN
 4    KNOBBE MARTENS
      2040 Main Street, 14th Floor
 5    Irvine, CA  92614
      (949) 760-0404
 6
 7    For the Defendant:
 8    H. MARK LYON
      JOSHUA LERNER
 9    BRIAN ROSENTHAL
      GIBSON DUNN & CRUTCHER, LLP
10    1881 Page Mill Road
      Palo Alto, CA  93403-1211
11    (650) 849-5307
12    JOSHUA LERNER
      GIBSON DUNN & CRUTCHER, LLP
13    555 Mission Street, Suite 3000
      San Francisco, CA  94105-0921
14    (415) 393-8254
15    BRIAN ROSENTHAL
      GIBSON DUNN & CRUTCHER, LLP
16    200 Park Avenue
      New York, NY  10166-0193
17    (212) 351-2339
18
19
20
21
22
23
24
25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Page 3**

```
          1    SANTA ANA, CALIFORNIA; FRIDAY, JULY 10, 2020; 2:58 P.M.   02:59
02:58     2         (Per telephonic conference)
02:58     3              THE CLERK:   Calling Item No. 1, SACV-20-00048-JVS,   03:00
02:58     4    Masimo Corporation versus Apple, Inc.                           03:00
02:58     5         Appearances on behalf of the plaintiff, please.           03:00
02:58     6              MR. RE:   Thank you.  Good afternoon, Your Honor,     03:00
02:58     7    this is Joseph Re of Knobbe Martens on behalf of Masimo         03:00
02:58     8    Corporation, and with me is my partner Stephen Jensen.          03:00
02:58     9              THE CLERK:   And on behalf of the defendants,         03:00
02:58    10    please.                                                         03:00
02:58    11              MR. LYON:   Good afternoon, Your Honor.  It's Mark    03:00
02:58    12    Lyon on behalf of Apple, and with me is Joshua Lerner, and      03:00
02:58    13    Brian Rosenthal.                                                03:00
02:58    14              THE COURT:   Good afternoon.                          03:00
02:58    15              Thank you for your joint report that you filed        03:01
02:58    16    last week.  Let me share my thoughts with you, and then I'd     03:01
02:59    17    be happy to hear you.                                           03:01
02:59    18              I believe it's fundamentally unfair to the parties    03:01
02:59    19    and inefficient to require reduction of the number of claims    03:01
02:59    20    for prior art references prior to the full disclosure of the    03:01
02:59    21    infringement contentions and the invalidity contentions.        03:01
02:59    22    Let me give you an example of the poker world.  Suppose         03:01
02:59    23    Masimo has a claim that it would evaluate as a for basis,       03:01
02:59    24    but when Apple makes its invalidity disclosures, it comes up    03:01
02:59    25    with prior art that would amount to Royal Fresh.  It's          03:01
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Page 4**

```
 1    better for Masimo to designate a claim in light of prior art
 2    demonstrating it wasn't viable.
 3         So my thought is that the initial round of
 4    disclosures ought to come after the parties have made their
 5    invalidity disclosures and their prior art disclosures.  The
 6    date for invalidity contentions is 9/7.  What I would
 7    propose is that within two weeks of that date, the parties
 8    present me with a proposal for an initial reduction of
 9    claims and prior art references that would contemplate
10    actual disclosure of those reductions within 30 days of the
11    Court adopting a specific proposal.  I would then
12    contemplate that there would be a further reduction after
13    the Markman hearing, and I would leave to your discretion
14    the time for final disclosure as to what we go to trial on.
15         I think that that may require some adjustments to
16    events leading to the Markman hearing.  If the invalidity
17    contentions come in 9/7, the parties' exchange of
18    proposed claim terms is 9/21.  I don't think that gives you
19    enough time to reflect on both sides' disclosures, come up
20    with your proposal, and then for narrowing selections of
21    claims and prior art references.
22         So there's that the dates between the exchange of
23    claim terms and the Markman hearing need to be adjusted to
24    accommodate the disclosures pursuant to whatever proposal I
25    adopt for the disclosures following the invalidity and the
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

Exhibit A
Page 2

5

1  infringement contentions and the Markman hearing.  I'm not
2  adverse to slipping the Markman hearing a month or six weeks
3  if that makes sense.  That's in February, and we don't have
4  a trial date in 2021.
5         So those are my general thoughts.  I'll be happy
6  to hear you.
7         Let's begin with you, Mr. Re.
8         MR. RE:   Thank you, Your Honor.
9         I think we're in complete agreement with
10  everything you said.  I do think there needs to be an
11  exchange of information.  I do want to alert the Court that
12  we are planning on amending our pleading that's set forth in
13  the Court's order regarding the Motion to Dismiss.  In fact,
14  we will be substituting out some patents, so there needs to
15  be some more time for the parties to fully evaluate the
16  claims.
17         And, yes, we have not yet received the other
18  party's technical documents which were due back in June, and
19  that we of course need before we do our contentions.  But we
20  agree with everything you said, and I think the parties will
21  work it out and will come up with a proposal for this by
22  September 21 as you indicated.
23         THE COURT:   Mr. Lyon.
24         MR. LYON:   Thank you, Your Honor.
25         Just a couple points.  Let me just raise a

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

6

1  concern, and you may have already considered this, but let
2  me at least just throw it out there so that we can have a
3  discussion if it's helpful.  The one thing I would say with
4  not putting in some kind of target limits at this point is
5  that you end up with potentially hundreds of claims that
6  both parties are going to be charting, that they're going to
7  be discussing and potentially arguing over as far as what
8  claim terms might be involved.
9         That is not a trivial aspect.  I mean, that's
10  something where some of these -- I'm sure you've seen them.
11  Some of these claim charts can wind up being hundreds or
12  thousands of pages long, which is a very significant effort
13  to create, even if it is copying and pasting some of the
14  information because these claims are so related, which still
15  winds up that somebody has to sit down and analyze each
16  individual claim to decide whether or not you can simply
17  copy a paragraph from a different claim or not.  You have to
18  do that, and then that has to go through whatever levels of
19  review with the client and with the firm to make sure that
20  that's okay.
21         Then to the extent that there's any dispute about
22  that, instead of a single claim that the Court is
23  worrying about, it may end up being 15 or 16 claims, which
24  the Court would then have to do a similar review to make
25  sure it all makes sense, and the same argument applies

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

7

1  equally to each of those 15 or 16 claims.
2         So our view of this would be if we set some
3  number, and it could be -- we don't think the numbers we
4  picked are terrible, but if there's a higher number, we
5  could talk about.  But pick some target numbers now so
6  that we can get a bit more reign in on the case before we
7  get into charting everything with the idea that if there's
8  reasons to change these things down the road, that's
9  something that can always be done in good cause.
10         But it really needs to be done at the stage of
11  preparing it for Markman, and then have that kind of a
12  target, sort of like page limits in the brief in a lot of
13  ways.  If you put these claims and limits on people, they'll
14  make some hard choices that they otherwise wouldn't make or
15  -- and that they probably should make, but because of the
16  fact that they don't have to, everything just gets thrown in
17  with the kitchen sink.
18         That's why we were suggesting trying to do
19  something now.  Then if we need to have some discussions
20  about whether, you know, it's 50, 40, claims, whatever it is
21  we pick -- maybe the plaintiffs need a little bit more than
22  that, maybe another ten or so -- we could have those kinds
23  of discussions and maybe stipulate to that at the beginning.
24         This is the first we've heard that they're
25  planning on changing the patents again, so that's a little

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

8

1  troubling because we are already very far into the case, and
2  we're already trying to start gearing up for discovery on
3  the patents that we have.  But that may also throw a monkey
4  wrench into not just this but to more parts of the case
5  schedule if it changes substantially.
6         THE COURT:   I appreciate the fact that at some
7  point the parties will have to make hard choices.  I believe
8  they ought to be able to make fair hard choices.  But if you
9  want to have further discussions among yourselves and come
10  to a consensus as to how to do some limits at this time,
11  that's fine, but I'm not going to impose it.
12         What I'm going to order is that no later than 9/21
13  the parties will submit a joint proposal for the initial
14  round of productions and the number of infringement
15  contentions and prior art references, and a final proposal
16  as to what we ought to do following the Markman hearing, and
17  then what we ought to do as a final third stage in terms of
18  what we're actually going to go to trial on.
19         MR. RE:   T?hank you, Your Honor.
20         May I ask one more question about this, though,
21  Your Honor?  If we have currently set up infringement
22  contentions due on July 27, which then triggers our
23  invalidity contentions on September 7 to trigger off of
24  those -- if the patents are going to be changing because of
25  the new pleading, I guess I would want to know when is that

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**Exhibit A
Page 3**

9

```
03:07   1   going to happen, and are those target changes going to be
03:07   2   reflected in the infringement contentions we are going to
03:07   3   see in July, or is that going to be a completely separate
03:07   4   ball of wax that we have to deal with?
03:07   5          THE COURT:   Well, if Masimo changes the line of
03:07   6   both patents, I would reevaluate the dates for infringement
03:07   7   and invalidity contentions in light of that on a fairly
03:07   8   short ex-parte basis.
03:07   9          Let me circle back to one thing Mr. Re said.  I
03:07  10   don't think that Masimo should be required to make its
03:07  11   infringement contentions until you produce the core
03:08  12   technical information.  I understand that there is presently
03:08  13   in place a protective order to permit that, but to the
03:08  14   extent that production is made, these dates are just going
03:08  15   to drift out there and out there and out there.  And I would
03:08  16   be likely to entertain a motion made to me, not the
03:08  17   magistrate judge, with regard to patent production on the
03:08  18   core confidential information.
03:08  19          MR. LYON:   Your Honor, on that point -- this is
03:08  20   Mark Lyon again, Your Honor.  On that point, we did produce
03:08  21   nonconfidential technical documentation as part of the
03:08  22   schedule, and we're waiting on the protective order which
03:08  23   now is in place.  But as you may know, we filed an objection
03:08  24   to certain orders of Magistrate Early on the staging of
03:08  25   that, which we do hope to have -- because the issue, as you
```

10

```
03:08   1   may know, is that there needs to be a 2019 trade secret
03:08   2   statement in place before we can proceed on the trade secret
03:09   3   discovery.
03:09   4          The whole basis for that rule is to really avoid
03:09   5   the situation where plaintiffs get ahold of all these
03:09   6   technical documents and then can hunt and peck and kind of
03:09   7   try to come up with a list of trade secrets that they
03:09   8   otherwise really don't have but that they are trying to
03:09   9   create that way.  That is the whole purpose of being able to
03:09  10   have those trade secrets in before all that technical
03:09  11   information is out.
03:09  12          If that information is provided ahead of getting
03:09  13   those trade secrets, that bell can't be unrung.  That's one
03:09  14   concern, and we actually have that motion in place.  We
03:09  15   understood from yesterday that Masimo was asking us to
03:09  16   produce that information.  The first that they had come back
03:09  17   and talked to us was in an email yesterday asking for that
03:09  18   information immediately, knowing that we had these
03:09  19   objections out there.  We may need to actually file some
03:09  20   type of an ex-parte application, if necessary, to seek
03:09  21   relief on that so we can get that issue decided first, if
03:09  22   possible.
03:09  23          I don't know, Mr. Lerner, if you want to say
03:09  24   anything more on that.  Please feel free.
03:10  25          MR. LERNER:   First of all, thank you for having
```

11

```
03:10   1   this hearing by telephone, Your Honor.  We know during these
03:10   2   times it's busy, and we appreciate the opportunity to be
03:10   3   heard.
03:10   4          Second, I do not believe that anybody can dispute
03:10   5   the point that these documents are out then you have
03:10   6   the issue that is raised by every case on point, which is,
03:10   7   one can make vague trade secret allegations and then claim
03:10   8   Apple's valuable confidential information based on years of
03:10   9   hard work on this product as their own.  That simply cannot
03:10  10   be undone once these documents are produced, and it leads to
03:10  11   all kinds of issues.
03:10  12          I think the two most relevant here are that what,
03:10  13   for example, do you do with the people that are going to
03:10  14   work on the trade secret disclosure when first Your Honor
03:11  15   did order compliance with Section 2019.210 many months ago?
03:11  16   What do you do with the lawyers who have seen our
03:11  17   confidential information, but also might want to work on
03:11  18   that disclosure, which does at some point obviously need to
03:11  19   be provided?  Our view, as we briefed, is that it should
03:11  20   have been provided a long time ago.
03:11  21          The other key policy matter here, I think, is that
03:11  22   we would not be having these discussions or these problems
03:11  23   if that disclosure had been provided, because I think the
03:11  24   most basic policy guidance behind the rule is it enables the
03:11  25   Court to determine the proper scope of discovery and whether
```

12

```
03:11   1   or not discovery requests fall within it.  That just can't
03:11   2   be done until they provide those document, which the parties
03:11   3   briefed before the scheduling order, which Your Honor then
03:12   4   ruled on.
03:12   5          So as Mr. Lyon says, if necessary -- in fact,
03:12   6   we're planning on it if necessary to raise it as quickly as
03:12   7   possible now, so that we don't run into this waterfall of
03:12   8   problems that will follow if there's not compliance with
03:12   9   this basic rule.
03:12  10          THE COURT:   I guess I analyze things differently.
03:12  11   If core confidential documents are relevant to the patents,
03:12  12   they should be disclosed now, notwithstanding the fact that
03:12  13   they may overlap the trade secrets case.  We need to go
03:12  14   forward with the patent case.  And if and when there is
03:12  15   adequate disclosure for trade secrets, all other materials
03:12  16   should be produced.  But to the extent the core confidential
03:12  17   technical documents are relevant to the patent case, they
03:12  18   should be disclosed now and in advance of Masimo having to
03:12  19   identify which claims it wants to proceed on.
03:12  20          MR. LERNER:   If I may just very briefly respond to
03:12  21   that, Your Honor.  I understand that Masimo has raised that
03:13  22   argument, but it does render the statute a nullity.
03:13  23   2019.210 expressly states:  "Discovery related to the trade
03:13  24   secrets" -- indeed, in cases before Judge Early before, he
03:13  25   said just because discovery relates to a non-trade secret
```

**Exhibit A**
**Page 4**

13

```
03:13    1    claim it doesn't mean it also doesn't relate to the trade
03:13    2    secret.  Here, there's no dispute -- there can't be any
03:13    3    dispute that discovery on the patent side relates to the
03:13    4    trade secrets.  So if we're going to do that, it does render the
03:13    5    statute in this instance a nullity, and we will have, I
03:13    6    think, all the problems that follow and are the very basis
03:13    7    for the rule there.  So I think that it is important to
03:14    8    consider both the express language of that statute and then
03:14    9    what's behind it.
03:14   10
03:14   11            The only other thing I will mention is that every
03:14   12    case that Masimo has cited on this point that involved
03:14   13    parallel claims -- every single one there was a prior trade
03:14   14    secret disclosure.  It's possible that it could have been
03:14   15    amended at some later time, but there was at the very least
03:14   16    some disclosure.
03:14   17            The only exception I can think of was one where
03:14   18    there was a date certain order, and the plaintiff would have
03:14   19    had to show good cause if they ever wanted to change it
03:14   20    later.  Because without either the disclosure or that date
03:14   21    certain and an order that it can't be changed without good
03:14   22    cause, then we have the very real situation that Masimo can
03:15   23    just look through our confidential information in a case
03:15   24    with a patent thicket and use our confidential information
03:15   25    to try and craft their purported secrets in a way that (a)
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

14

```
03:15    1    is allegedly theirs, even though it's based on our
03:15    2    confidential information, but (b) tries to weave around
03:15    3    their many patents so they don't run into the problem that
03:15    4    it's been disclosed.
03:15    5            For those reasons, I think it's in some ways of
03:15    6    critical importance here that we do it.  It's even more
03:15    7    important than I would say in a normal case where there
03:15    8    might not be quite so many patents in the space or so many
03:15    9    allegations that the secrets were allegedly disclosed in the
03:15   10    patents.
03:15   11            THE COURT:   Let's assume Masimo never asserted a
03:15   12    trade secret claim.  The confidential information which
03:15   13    involves the patent claims would be subject to production
03:15   14    whether it was a trade secret or not.  That's what
03:15   15    protective orders are for.
03:16   16            MR. LERNER:   We completely agree with that, Your
03:16   17    Honor.  If there were no trade secret claims in this case,
03:16   18    this would not be a problem.  But every case where there is
03:16   19    a trade secret, given the express language of the statute,
03:16   20    has found that you can't avoid that language.  I'm not aware
03:16   21    of any finding that ignores the language on point.
03:16   22            That's why in all of the cases there was a trade
03:16   23    secret disclosure before you had a ruling that patent
03:16   24    discovery could go forward, or at least as I said, an order
03:16   25    that the trade secret disclosure be produced by a date
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

15

```
03:16    1    certain along with admonition that the list couldn't change
03:16    2    without good cause.
03:17    3            So, yes, if there were no trade secret claim, then
03:17    4    2019.210 by and large would not come into play.  There are
03:17    5    some cases holding that if it's kind of, you know, a wolf in
03:17    6    sheep's clothing and it's obvious it's coming, then the
03:17    7    Court would say you still have to do the 2019.210
03:17    8    disclosure.
03:17    9            But here we don't have that situation.  This is a
03:17   10    case where they've suggested they have a serious trade
03:17   11    secret claim.  They've never described it with any
03:17   12    specificity whatsoever, even though they allege it has been
03:17   13    disclosed in public patent filings.  One could just say
03:17   14    here's the page and line number.
03:17   15            Not withstanding all of those things, there's no
03:17   16    description in a case that's, you know, roughly seven months
03:17   17    old, and they want this confidential information.  Again,
03:18   18    once that's done, we just cannot undo it, and we'll have I
03:18   19    think unfortunately a lot of unnecessary disputes both about
03:18   20    the scope of discovery, but also what to do about the fact
03:18   21    that you then have lawyers who have seen our secrets
03:18   22    drafting what their alleged secrets are.
03:18   23            THE COURT:   Mr. Re.
03:18   24            MR. RE:   Well, Your Honor, this is at least the
03:18   25    second or third time they've made this argument.  You are
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

16

```
03:18    1    correct.  Our patent case is independent of the trade secret
03:18    2    case.  The case law that we already cited and briefed to
03:18    3    Judge Early on these other motions were breach of contract
03:18    4    cases that were factually dependent on the trade secret
03:18    5    claims.  Our case is not dependent on our trade secret case.
03:18    6    And currently the trade secret case has been dismissed on
03:18    7    their Motion to Dismiss.  It's not even pending before the
03:18    8    Court, and obviously the patent case gets to go forward.
03:19    9            I've never seen such strenuous objections to
03:19   10    producing just the core technical documents in a case.  They
03:19   11    are fighting tooth and nail, and they will keep fighting and
03:19   12    fighting no matter what.  They're going to file more motions
03:19   13    I understand today to prevent the disclosures that were due
03:19   14    back in June.  I think the time has come we move forward now
03:19   15    as the Court has indicated.
03:19   16            THE COURT:   Are you going to replead your trade
03:19   17    secret claim?
03:19   18            MR. RE:   Yes, we are.  We plan on complying with
03:19   19    the 30-day leave to amend date at the end of the month.
03:19   20            THE COURT:   Okay.  Well, I think you have my
03:19   21    general views.  Let's see what motion practice that results
03:19   22    in.
03:19   23            Anything else we should take up today?
03:19   24            MR. RE:   No.  Thank you, Your Honor.
03:20   25            MR. LYON:   Thank you, Your Honor.
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER



03:20 1    MR. LERNER:   Thank you very much, Your Honor.

03:20 2    THE COURT:   Okay.  Thank you very much.

03:20 3    (Whereupon, the proceedings were concluded.)

03:20 4                   *   *   *

**CERTIFICATE**

I hereby certify that pursuant to Section 753,
Title 28, United States Code, the foregoing is a true and
correct transcript of the stenographically reported
proceedings held in the above-entitled matter and that the
transcript page format is in conformance with the
regulations of the Judicial Conference of the United States.

Date:  July 20, 2020

                    /s/   Sharon A. Seffens  7/20/20
                    SHARON A. SEFFENS, U.S. COURT REPORTER

**Exhibit A**

**Page 6**

# EXHIBIT B

| From: | Samplin, Ilissa |
|---|---|
| To: | Adam.Powell; Mark.Kachner; Masimo.Apple |
| Cc: | Lerner, Joshua H.; Lyon, H. Mark; *** Apple-Masimo |
| Subject: | RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses |
| Date: | Friday, July 17, 2020 11:37:29 AM |

Adam,

We obviously disagree with your gross mischaracterization of Apple's position, set forth in the first paragraph of your email below—which is demonstrably wrong based on Apple's production of technical documents to your team less than two hours later.

We also continue to disagree with your incorrect positions on Section 2019.210 and trade secret-related interrogatories.  Plaintiffs should not need to prepare their amended complaint *before* serving a Section 2019.210 disclosure or amended interrogatory responses pertaining to their purported trade secrets because Plaintiffs presumably had a Rule 11 basis for their trade secret allegations when they first asserted them back in January 2020.  In other words, Plaintiffs knew (or should have known) what their alleged trade secrets were back when they first filed this case and therefore should not need to file an amended complaint before they can describe those trade secrets to Apple—in a Section 2019.210 disclosure and amended interrogatory responses that Plaintiffs previously, and repeatedly, agreed to provide once a protective order was entered, and did not make contingent on the earlier-in-time filing of an amended pleading.  Your suggestion that Apple's Motion to Dismiss created this problem is factually incorrect.  Plaintiffs' failure to describe their trade secrets even under Federal Rule of Civil Procedure 8 is, and continues to be, the problem here.  Your two week offer for amended interrogatory responses is *not* "more than diligent" as you contend below, and you have again failed to even commit to a date certain by which you will serve a Section 2019.210-compliant trade secret disclosure.  Please provide a date by which Plaintiffs will serve their Section 2019.210 disclosure; we have been asking for a date for so many months now.

With respect to the ethical wall, are you saying that Plaintiffs intend to review the material Apple produced yesterday without first putting a temporary ethical wall in place?

Apple likewise reserves all rights.

Regards.
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>

**Exhibit B**
**Page 7**

**Sent:** Thursday, July 16, 2020 5:02 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

Your attempt to tie Apple's technical document production to Masimo possibly substituting patents
is inconsistent with the facts.  I asked you about the timing of Apple's document production on July 8
and July 9.  You refused to answer.  Masimo did not mention it was considering substituting patents
until July 10.  Regardless, as a courtesy, we responded yesterday concerning the possible patent
family reduction to focus this case.  Apple's statement that it is now "preparing" its core technical
document production demonstrates the extent to which Apple has flouted—and continues to flout
—the Court's Scheduling Order.  Apple's statement that it needs more information "before" it
produces documents confirms Apple's open contempt for the Court's Order and numerous rulings
confirming that Order, which required Apple to produce documents weeks ago.

We disagree with your assertions regarding Section 2019.210 and Plaintiffs' interrogatory
responses.  Plaintiffs are in the process of preparing an amended complaint, which will describe
Plaintiffs' asserted trade secrets in more detail.  Plaintiffs' amended complaint will be relevant to the
scope of trade secret discovery in this case and the Section 2019.210 statement.  Apple's Motion to
Dismiss obviously drove that timing.  Moreover, Apple apparently already plans to continue
prolonging the pleading stage by filing another motion to dismiss, even though it has not yet seen
the amended complaint.  Apple's demand that we provide discovery now, before we amend the
complaint, puts the cart before the horse.  It is reasonable for us to amend the complaint first and
then update our interrogatories as they relate to the amended complaint.  Our agreement to
provide discovery just two weeks after amending the complaint is more than diligent.

As for your request that we enact a temporary "ethical wall," that is another baseless attempt to tie
Apple's disclosure of technical documents to Section 2019.210—a procedural ploy the Court has
now rejected at least *four times*.  We are aware of no case imposing such a requirement.  The *Jardin*
case you cited is irrelevant because it affirmed an order creating a temporary ethical wall for lawyers
involved in a separate case.  Apple's ongoing defiance and contempt of this Court's numerous orders
is prejudicial.  Plaintiffs reserve all rights.


Best regards,
Adam


**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, July 15, 2020 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@knobbe.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We have not answered your question about the timing of technical documents because you still have not answered our question about whether you are dropping a patent family.  We are preparing our core technical document production.  Before we produce, we need to know if you are contemplating dropping a patent family, and if so, which one(s).  This has an impact on what we produce.  If you are not contemplating dropping a patent family, we can make our production shortly.

With respect to your second question, no, we do not agree that we will rely on only public materials to defend our client in this case.

With respect to our request for amended interrogatory responses, please explain why your team feels it needs six weeks from the date the protective order was entered to serve the amended interrogatory responses Mark previously represented that your team was working on, and would be able to serve after entry of a protective order?  We don't understand why your team needs 2 weeks from the date of amendment to provide the amendments we've been waiting on for weeks.

Notably, you omitted from your email below any reference to the Section 2019.210 disclosure we've been asking about for many months now.  There is no reason why you cannot provide the Section 2019.210 disclosure now—indeed, your team has repeatedly represented that the absence of a protective order was the only cause for delay on the Section 2019.210 disclosure front.  A protective order has now been entered.  Plaintiffs should be in a position to provide the disclosure now, without any further delay.  Please confirm that Plaintiffs will produce a Section 2019.210-compliant disclosure this week.

Finally, please confirm that you will maintain an ethical wall to keep Plaintiffs' attorneys who will have actual access to Apple's confidential information from participating in drafting or revising Plaintiffs' Section 2019.210 statement.  As I am sure you can understand and appreciate, this temporary ethical wall is necessary because Plaintiffs' counsel who review Apple's core technical production will be unable to "divorce themselves from their knowledge of [Apple's] confidential material when identifying the information [Apple] allegedly misappropriated." *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (affirming magistrate judge's order creating a temporary ethical wall because plaintiff's counsel that learns defendant's confidential information "simply cannot unring the bell").

**Exhibit B**
**Page 9**

Thank you,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 15, 2020 10:59 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

You still have not answered the questions I asked last week.  You cannot expect us to drop
everything and respond in a single business day to your requests while ignoring our questions for a
week.  Please provide an answer to the following questions as soon as possible.

1. What is Apple's basis for continuing to refuse to provide technical documents?
2. Will Apple confirm it will rely solely on public information for its non-infringement positions in
   this case?

As you know, Plaintiffs' amended complaint is due July 25.  Plaintiffs will agree to supplement their
interrogatory answers within two weeks of filing the amended complaint.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 14, 2020 9:40 PM

**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses


Counsel:

We did not receive a response to the email below.  Please confirm, by **10 am PT tomorrow**, whether Plaintiffs will in fact serve their Section 2019.210 disclosure and amended responses to Apple's Interrogatory Nos. 5 through 13, and 17, by June 22, 2020.  We need to know where things stand on these matters as soon as possible, given that the parties have been meeting and conferring about all of them for months now—and Plaintiffs' only purported impediment to production was the absence of a protective order, which has now been entered.


We look forward to your prompt response.


Thank you,
Ilissa
**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Monday, July 13, 2020 11:22 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses


Counsel:

You have repeatedly represented that "despite the stay" pertaining to trade secret discovery that you mistakenly contend applies to all parties, "Plaintiffs were not withholding discovery, even for requests related solely to trade secrets"—but rather, that "Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order."  (5/22/20 Kachner Ltr.; 6/2/20 Kachner Ltr.)  You likewise have represented that Plaintiffs would produce responsive documents, and amend numerous deficient interrogatory responses, upon entry of a protective order.  (*See, e.g.*, 6/6/20 Samplin Ltr. confirming parties' 6/3/20 meet and confer.)  As you know, the Protective Order was entered two weeks ago.  Plaintiffs nonetheless are still withholding their

Section 2109.210 disclosure, as well as documents and information responsive to Apple's trade secret-related and other discovery requests.  There is no justification for Plaintiffs' continued withholding of this relevant and responsive information.

For starters, please confirm that by no later than July 22, 2020, Plaintiffs will produce a Section 2019.210-compliant disclosure, as well as amended responses to Interrogatory Nos. 5 through 13, and 17.  Plaintiffs have now had *ample* time to prepare their Section 2019.210 disclosure and the amended responses to these Interrogatories.  There is no reason for Plaintiffs to continue to delay their production.

Please provide confirmation by 5 pm PT tomorrow, July 14.


Regards,
Ilissa
**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Exhibit B
Page 12**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and destroy all copies of the original
message.

---

This message may contain confidential and privileged information for the sole use of the
intended recipient. Any review, disclosure, distribution by others or forwarding without
express permission is strictly prohibited. If it has been sent to you in error, please reply to
advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm
and/or our privacy policy.

---

**Exhibit B**
**Page 13**

# EXHIBIT C

| From: | Samplin, Ilissa |
|---|---|
| To: | Adam.Powell |
| Cc: | *** Apple-Masimo; Morgan, Tracy A.; Joe.Re; Steve.Jensen; Perry.Oldham; Stephen.Larson; Masimo.Apple |
| Subject: | RE: Masimo v. Apple - Apple Production (APLPROD002) |
| Date: | Tuesday, July 21, 2020 5:12:17 PM |

Adam,

There is no "ongoing contempt" by Apple as you complain of below.  And frankly, we are confused about what you are even asking of us in your email below.  You have Apple's production of core technical documents and are free to review them.  We've made our position on the need for a temporary ethical wall clear.  We understand that you disagree with our position.  If you choose not to enact the temporary ethical wall we've requested prior to review, and instead use the same team to review and draft Plaintiffs' Section 2019.210 disclosure, you of course do so with full knowledge of Apple's position on this issue.  I'm not sure what more you need from us on the topic at this point.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, July 17, 2020 2:10 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Apple Production (APLPROD002)

[External Email]
Ilissa,

We write in response to Apple's purported document production last night.  Along with the production, Apple stated "[t]hese documents should be treated as subject to the ethical wall referenced in my colleague Ilissa Samplin's July 15, 2020 email."

Apple cannot unilaterally impose restrictions on its document production.  As we explained in our email yesterday, there is no wall in this case and nothing would support imposing Apple's proposed wall.  The parties briefed over twenty protective order disputes to Judge Early, and no such wall

**Exhibit C**
**Page 14**

exists.  Apple has asked the Court at least four times to condition production of technical documents on Section 2019.210 and the Court rejected every single one of Apple's requests.  Apple's attempt to impose a unilateral wall is baseless and demonstrates Apple's continued contempt of the Court's numerous orders on this subject.  Apple's ongoing contempt is prejudicial to Plaintiffs.

Because we do not agree to Apple's unilateral attempt to impose a wall, we have not downloaded Apple's purported document production and do not consider the documents produced.  Please immediately confirm Apple withdraws its unilateral attempt to impose a wall.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Sent:** Thursday, July 16, 2020 6:51 PM
**To:** Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Apple Production (APLPROD002)

Counsel,

Documents bearing production numbers APL-MAS_00000842 - APL-MAS_00001192 are available for download.  The credentials to access the SFTP site are below.  The SFTP password and production .RAR file password will be sent separately.  Please note these files will only remain available on the SFTP site for seven days.  These documents should be treated as subject to the ethical wall referenced in my colleague Ilissa Samplin's July 15, 2020 email.

Production Volume: APLPROD002
Bates Range: APL-MAS_00000842 - APL-MAS_00001192
Password: Sent separately

| Host | sftp.gibsondunn.com |
|---|---|
| Connection type | SFTP/SSH (we recommend using the software FileZilla to connect) |
| Port | 22 |
| Username | 03290-00135_Apple_Productions |
| Password to SFTP | Sent separately |

**Exhibit C
Page 15**

Sincerely,

**Tracy A. Morgan, CP**
Certified Paralegal

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4186 • Fax +1 949.475.4686
TMorgan2@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Exhibit C**
**Page 16**

# EXHIBIT D

1  JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306
4
   H. MARK LYON, SBN 162061
5     mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
      bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.           333 South Grand Avenue
11 Washington, DC 20036                    Los Angeles, CA 90071-3197
   Tel.: 202.955.8541 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
12
   BRIAN A. ROSENTHAL, *pro hac vice*      ANGELIQUE KAOUNIS, SBN 209833
13    brosenthal@gibsondunn.com               akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
14 200 Park Avenue                         2029 Century Park East Suite 4000
   New York, NY 10166-0193                 Los Angeles, CA 90067
15 Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16 *Attorneys for Defendant Apple Inc.*

17
18              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
19                    **SOUTHERN DIVISION**

20 MASIMO CORPORATION,                     CASE NO. 8:20-cv-00048-JVS (JDEx)
   a Delaware corporation; and
21 CERCACOR LABORATORIES, INC.,            **DEFENDANT APPLE INC.'S**
   a Delaware corporation,                 **SUPPLEMENTAL OBJECTIONS**
22                                          **AND RESPONSES TO PLAINTIFFS**
                 Plaintiffs,                **MASIMO CORPORATION AND**
23                                          **CERCACOR LABORATORIES,**
          v.                                **INC.'S SECOND SET OF**
24                                          **INTERROGATORIES TO**
   APPLE INC., a California corporation,    **DEFENDANT APPLE INC. (NOS. 6-**
25                                          **10)**
                 Defendant.
26
27                                          Hon. James V. Selna
                                            Magistrate Judge John D. Early
28

                                      1
Gibson, Dunn &
Crutcher LLP
   **APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF
                                  INTERROGATORIES**
                      Case No. 8:20-CV-00048-JVS (JDEx)

                                                                    **Exhibit D
                                                                    -16-**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Supplemental Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Second Set of Interrogatories to Defendant Apple Inc. (Nos. 6–10) (the "Interrogatories," and each an "Interrogatory").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Supplemental Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Supplemental Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Supplemental Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them.  If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## GENERAL OBJECTIONS

Apple re-asserts and incorporates by reference herein each and every General Objection, Objection to Definition, and Objection to Instruction that Apple previously asserted in its earlier interrogatory responses, including those asserted with respect to the instructions and definitions contained in the Interrogatories.

Gibson, Dunn & Crutcher LLP

2

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit D
-17-

## SPECIFIC OBJECTIONS AND RESPONSES

1

## INTERROGATORY NO. 6:

2

Describe in detail all bases for each affirmative defense that You assert in this case, including an identification of all documents, things, and witnesses supporting your contention. You may wait until thirty (30) days after Plaintiffs serve their initial Section 2019.210 disclosure to describe the bases for any affirmative defense(s) to Plaintiffs' trade secret misappropriation cause of action.

3
4
5
6
7

## RESPONSE TO INTERROGATORY NO. 6 (AUGUST 17, 2020):

8

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects that this Interrogatory is premature and hence improper and unduly burdensome because it calls for information that is subject to deadlines set forth in the Court's Scheduling Order.  Apple objects to this Interrogatory as premature because Plaintiffs have not yet filed their Second Amended Complaint.  Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.  Apple objects to this Interrogatory as premature because Apple has not yet answered Plaintiffs' Complaint and has not yet completed its investigation into the potential defenses it may assert.  Apple objects to this Interrogatory as duplicative of interrogatories previously served by Plaintiffs that request information regarding Apple's defenses.

9
10
11
12
13
14
15
16
17
18
19
20
21
22

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:  Apple will supplement its response to this Interrogatory after it answers Plaintiffs' Complaint and, for certain affirmative defenses (*e.g.*, invalidity), Apple will provide its contentions in accordance with the Court's schedule.

23
24
25
26

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

27
28

Gibson, Dunn & Crutcher LLP

3

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit D
-18-

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (AUGUST 26, 2020):

Subject to and without waiving the foregoing general and specific objections, Apple responds additionally as follows:  Apple's affirmative defenses do not yet exist in this action because it has not filed an Answer to the Complaint in this action.

Based on the information currently available to Apple, Apple intends to allege that the Asserted Patents are invalid at least pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.  Apple will provide the facts and documents related to its invalidity defenses in its invalidity contentions pursuant to the deadlines set forth in the Court's Scheduling Orders.

Apple also expects to assert that Apple does not infringe the Asserted Patents, and will provide its non-infringement contentions (which Plaintiffs have already requested in Plaintiffs' Interrogatory No. 1) after it receives the amended infringement contentions Plaintiffs have indicated they will be providing for all of the Asserted Patents.

Apple also alleges that Plaintiffs have failed to properly plead their trade secret claims for the reasons set forth in Apple's Motion to Dismiss.  *See* Dkt. No. 103-1.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

## INTERROGATORY NO. 7:

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of each Apple Watch Product, including without limitation, when and where the product is and/or was developed (including third party facilities), when and where each product was first released to market, a detailed description of when and why each design change, modification, and improvement concerning physiological monitoring was made between each series of the Apple Watch, a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, the identity of any competitive products examined, analyzed or tested in connection with its design or development, each person

4

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF
INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit D
-19-

1  or entity involved in designing and developing the Apple Watch Products, and what role

2  each person or entity had in creating the Apple Watch Products.

3  **RESPONSE TO INTERROGATORY NO. 7 (AUGUST 17, 2020):**

4        Apple hereby restates and incorporates the General Objections above as though

5  fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

6  information or things protected by the attorney-client privilege, attorney work product

7  doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to

8  this Interrogatory as overly broad and unduly burdensome in that it seeks information

9  related to technical features that are not relevant to this litigation.  Apple objects to this

10  Interrogatory to the extent it seeks information related to products that are not relevant

11  to this litigation, which Masimo has not identified in its Complaint or otherwise accused

12  of infringement.   Apple objects to this Interrogatory as overbroad and unduly

13  burdensome because it is not limited to the publicly released Apple Watch Series 3-5

14  devices identified and alleged in Plaintiffs' infringement allegations to infringe the

15  Asserted Patents.   Apple objects to this Interrogatory as overly broad and unduly

16  burdensome because it is not reasonably limited to the scope of infringement allegations

17  in this litigation.   Apple objects to this Interrogatory as overbroad and unduly

18  burdensome as it is not limited to any relevant time period.  Apple objects to this

19  Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

20  to the extent it is compound and comprises discrete subparts, and asserts that each

21  subpart of each compound Interrogatory counts separately toward the discovery limits

22  set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States

23  District Court for the Central District of California.

24        Subject to and without waiving the foregoing General and Specific Objections,

25  Apple responds as follows:  The Apple Watch Series 3, 4, and 5 products were developed

26  in Cupertino, California.  The Apple Watch Series 3 was first released to market on

27  September 22, 2017.  The Apple Watch Series 4 was first released to market on

28  September 21, 2018.  The Apple Watch Series 5 was first released to market on

Gibson, Dunn &
Crutcher LLP

**Exhibit D
-20-**

September 20, 2019. For a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, Apple directs Plaintiffs to https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/, https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/, and https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/. The Apple Watch Series 3, 4, and 5 products were designed and developed by teams led by Brian Land, Senior Manager, and Steve Waydo, Senior Manager.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 8:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of the product software related to physiological monitoring for each Apple Watch Product, including without limitation, when and where each portion of the product software is and/or was developed (including third party facilities), all versions or revisions (including name and/or version number) of the product software developed at each facility, the development and/or code management software used to develop each such version of the product software, the version control software or system used for each such version of the product software, the procedure for recording changes between each such version of the product software, the process for releasing versions of the product software, each person or entity involved in the design and development of the product software, and what role each person or entity had in the design and development of the product software.

6

**Exhibit D**
**-21-**

**RESPONSE TO INTERROGATORY NO. 8 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as duplicative to the extent it seeks information sought by Interrogatory No. 7.  Apple objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information related to technical features and/or software that are not relevant to this litigation.  Apple objects to this Interrogatory to the extent it seeks information related to products that are not relevant to this litigation, which Masimo has not identified in its Complaint or otherwise accused of infringement.  Apple objects to this Interrogatory as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.  Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period.  Apple objects to this Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory No. 7 in its entirety.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for

7

Gibson, Dunn & Crutcher LLP

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit D -22-**

1   inspection in this action.

2          Apple reserves the right to supplement and/or amend its response to this

3   Interrogatory as it continues its investigation and as discovery progresses.

4   **INTERROGATORY NO. 9:**

5          Describe in detail, with reference to any supporting documents, information, and

6   materials, the operation of pulse rate algorithms associated with each Apple Watch

7   Product, including without limitation the timing, current, and operation of any LEDs

8   used to determine pulse rate, reasons and conditions for changing the timing, current or

9   operation of any LED used to determine pulse rate, reasons and conditions for selecting

10  among algorithms to determine pulse rate, and power usage associated with each type

11  of timing, current, or operation of any LED.

12  **RESPONSE TO INTERROGATORY NO. 9 (AUGUST 17, 2020):**

13         Apple hereby restates and incorporates the General Objections above as though

14  fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

15  information or things protected by the attorney-client privilege, attorney work product

16  doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to

17  this Interrogatory as overly broad and unduly burdensome in that it seeks information

18  related to technical features that are not relevant to this litigation.  Apple objects to this

19  Interrogatory to the extent it seeks information related to products that are not relevant

20  to this litigation, which Masimo has not identified in its Complaint or otherwise accused

21  of infringement.   Apple objects to this Interrogatory as overbroad and unduly

22  burdensome because it is not limited to the publicly released Apple Watch Series 3-5

23  devices identified and alleged in Plaintiffs' infringement allegations to infringe the

24  Asserted Patents.   Apple objects to this Interrogatory as overly broad and unduly

25  burdensome because it is not reasonably limited to the scope of infringement allegations

26  in this litigation.   Apple objects to this Interrogatory as overbroad and unduly

27  burdensome as it is not limited to any relevant time period.  Apple objects to this

28  Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

8

Gibson, Dunn &
Crutcher LLP

to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory Nos. 7 and 8.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 10:**

Describe in detail any test, analysis, comparison, or competitive analysis that You performed concerning any non-Apple physiological monitor. To the extent that such test, analysis, comparison, or competitive analysis was based on any scientific or experimental tests or investigations, Your response should identify at least the date of each such investigation, the individuals who conducted the test or investigation, what test or investigation was conducted, the results or conclusions therefrom, to whom the results were communicated, and all documents concerning such test or investigation.

**RESPONSE TO INTERROGATORY NO. 10 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period. Apple objects to this Interrogatory as overly broad, unduly burdensome

9

Gibson, Dunn & Crutcher LLP

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit D
-24-

1  and irrelevant because it seeks information related to "any non-Apple physiological

2  monitor."  Apple's inspection of "any non-Apple physiological monitor" is irrelevant to

3  the issues presented in this case.  Apple objects to this Interrogatory as overly broad and

4  unduly burdensome because it is not reasonably limited to the scope of infringement

5  allegations in this litigation.

6        Subject to and without waiving the foregoing General and Specific Objections,

7  Apple responds as follows:

8        Apple is willing to meet and confer to discuss the relevance of the information

9  sought by Plaintiffs.

10       Apple reserves the right to supplement and/or amend its response to this

11  Interrogatory as it continues its investigation and as discovery progresses.

12

13

14  Dated:  August 26, 2020                    JOSHUA H. LERNER
                                              H. MARK LYON
15                                            BRIAN M. BUROKER
                                              BRIAN A. ROSENTHAL
16                                            ILISSA SAMPLIN
                                              ANGELIQUE KAOUNIS
17                                            BRIAN K. ANDREA
                                              GIBSON, DUNN & CRUTCHER LLP
18

19
                                              By:  */s/ Joshua H. Lerner*
20                                                   Joshua H. Lerner
21
                                              *Attorneys for Defendant Apple Inc.*
22

23

24

25

26

27

28

10

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit D**
**-25-**

1

**PROOF OF SERVICE**

2

I am a citizen of the United States of America and I am employed in Irvine,

3

California.  I am over the age of 18 and not a party to the within action.

4

On August 26, 2020, I served the within **DEFENDANT APPLE INC.'S**

5

**SUPPLEMENTAL   OBJECTIONS   AND   RESPONSES   TO   PLAINTIFFS**

6

**MASIMO  CORPORATION  AND  CERCACOR  LABORATORIES,  INC.'S**

7

**SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS.**

8

**6-10)** on the parties or their counsel shown at the email addresses shown below:

9

KNOBBE, MARTENS, OLSON & BEAR, LLP

10

Joseph R. Re

11

joseph.re@knobbe.com

12

Stephen C. Jensen

13

steve.jensen@knobbe.com

14

Perry D. Oldham

15

perry.oldham@knobbe.com

16

Stephen W. Larson

17

stephen.larson@knobbe.com

18

Adam B. Powell

19

adam.powell@knobbe.com

20

Mark Kachner

21

mark.kachner@knobbe.com

22

I certify and declare under penalty of perjury under the laws of the State of

23

California that I am employed in the office of a member of the bar of this Court at whose

24

direction the service was made, and that the forgoing is true and correct.

25

Executed on August 26, 2020, at Irvine, California.

26

*/s/ Tracy A. Morgan*

27

Tracy A. Morgan

28

11

Gibson, Dunn &
Crutcher LLP

**Exhibit D**
**-26-**