UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   Order Denying Defendant's Ex Parte Application (Dkt. 153)

# I.
# INTRODUCTION

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed their original complaint in this action against Defendant Apple Inc. ("Defendant") on January 9, 2020. See Dkt. 1. On March 25, 2020, Plaintiffs filed a First Amended Complaint. Dkt. 28. On April 17, 2020, the Honorable James V. Selna, United States District Judge, issued an "Order Re Scheduling Dates" ("Scheduling Order"), adopting patent specific dates requested by the parties as well as other deadlines and procedures. Dkt. 37. On July 24, 2020, Plaintiffs filed a redacted (Dkt. 88-2) Second Amended Complaint alleging claims for: (1) patent infringement (twelve counts); (2) trade secret misappropriation under California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.; (3) correction of inventorship (six counts); and (4) declaratory relief (seven counts). See Dkt. 88-2 ("SAC") (redacted).

After the entry of the Scheduling Order, in slightly more than three months from April 30, 2020 until August 5, 2020, the parties presented eight separate motions or applications regarding either the Scheduling Order or the scope/timing of discovery called for by the Scheduling Order (see Dkt. 43, 55, 57, 61, 72, 73, 82, 94) supported or opposed by seventeen separate filings, many with multiple attachments (see Dkt. 44, 45, 46, 56, 58, 64, 65, 71, 74, 80, 81, 83, 84, 85, 91, 95), all totaling more than 3,190 pages. Of those requests, four were filed as ex parte applications seeking expedited determinations. See Dkt. 55, 72, 82, 94.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

On August 27, 2020, at 9:07 p.m., Defendant added a ninth motion, a fifth ex parte application, regarding the Scheduling Order or the scope or timing of discovery thereunder, filing an Ex Parte Application for an Order Compelling Plaintiffs to Immediately Provide Dates of Conception and Priority (Dkt. 153, "Application" or "App."), seeking "***EXPEDITED CONSIDERATION***" and an order compelling Plaintiffs to provide the requested information by August 31, 2020, effectively one business day later. According to Defendant, the information was requested by Defendant in its Interrogatory No. 2, served on Plaintiffs on April 14, 2020, initially responded to by Plaintiffs on May 14, 2020, and supplemented on June 19, 2020. App. at 3-4. Defendant asserts that Plaintiffs served their Infringement Contentions and Northern District of California Patent Local Rule 3-1 disclosures on July 27, 2020, asserting priority dates for the claims at issue as "at least as early as" the priority dates listed on the face of the Asserted Patents. Id. at 4. Defendant asserts that following a meet and confer effort on August 6, 2020, Plaintiff served a second supplemental response to Interrogatory No. 2, filed under seal with the Application, that Defendant contends remains deficient.

Defendant argues that the supplemental responses to Interrogatory No. 2, in failing to definitively state "the earliest priority and conception dates upon which [Plaintiffs] allege they are entitled to rely for each Asserted Claim, as well as identification of the facts that support their allegations" (App. at 5), are deficient and an immediate order compelling immediate disclosure of the specific "earliest" conception and priority dates, without "as early as" language, as well the facts underlying such contention, is required because the information sought is relevant, proportional, and "urgent" because Defendant's Invalidity Contentions are due to be served by September 7, 2020. Id. at 6, 9-10. Defendant also asks the Court to "preclude" Plaintiffs from "changing their disclosed priority dates without good cause." Id. at 9.

Per this Court's standing Procedures and Schedules Page on the Court's website (http://www.cacd.uscourts.gov/honorable-john-d-early) Plaintiffs' Opposition to the Application was due 24 hours after Defendant filed the Application, that is, by 9:07 p.m. on Friday, August 28, 2020. Plaintiffs timely filed their Opposition to the Application at 7:53 p.m. on August 28. See Dkt. 156. The combined briefing on the Application and the Opposition totals 471 pages.

The Application is now fully briefed. For the reasons stated below, the Application is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

## II. RELEVANT LAW

**A.  Discovery Motions in General**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. (singularly, "Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4). A propounding party may move for an order compelling an answer to an interrogatory if the responding party fails to respond under Rule 33. See Rule 37(a)(3)(B)(iii),(iv). An evasive or incomplete answer is treated as a failure to answer or respond. Rule 37(a)(4). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw–Hill Cos., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); see also DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

**B.  *Ex Parte* Applications**

Ex parte applications, by which moving parties seek "to go to the head of the line in front of all other litigants and receive special treatment," are "rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490, 492 (C.D. Cal. 1995). To justify such rare, special relief, the moving party must, at a minimum, show: (1) its "cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492; see also C.D. Cal. Local Civil Rule 37-3 (for a discovery motion to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party"). These requirements are necessary because ex parte applications "are inherently unfair" as the parties' opportunities to prepare "are grossly unbalanced." Mission Power, 883 F. Supp. at 490.

### III.
### DISCUSSION

The Court finds that Defendant has not met its burden to justify ex parte relief here. In particular, Defendant has not shown its "cause will be irreparably prejudiced" if the dispute regarding Plaintiffs' response to Interrogatory No. 2 is heard according to the regular notice procedures. Defendant concedes that Plaintiffs have provided a substantive response to Interrogatory No. 2, but Defendant contends the phrase "at least as early as" when describing the claimed priority dates, and the absence of factual support, constitutes "non-committal" "gamesmanship." App. at 4. Any alleged failure, however, does not "irreparably prejudice" Defendant in preparing its invalidity contentions by September 7, 2020. Defendant can prepare its response based upon the information thus far provided. Such a response would not "irreparably prejudice" Defendant. To be clear, the Court makes no finding as to the propriety of Plaintiffs' responses to Interrogatory No. 2, and Plaintiffs proceed at their own risk in standing on those responses. See Rule 26(e)(1) ("A party who has . . . responded to an interrogatory . . . must supplement or correct its . . . response: (A) in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ."). Further, to the extent the Application seeks an order limiting Plaintiffs' ability to amend its Infringement Contentions (see App. at 9), such an order would constitute a de facto amendment of the Scheduling Order, which this Court is without power to enter. See C.D. Cal. Local Civil Rule 16-14; Watts v. Allstate Indem. Co., 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order).

The Court makes no finding as to the second prong of Defendant's burden to justify ex parte relief at this time, that is, whether Defendant is "without fault" in creating the "crisis." Although some of the deadlines regarding the service of Infringement Contentions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

and Invalidity Contentions have been amended from the dates originally set by Judge Selna in the Scheduling Order (compare Dkt. 37 with Dkt. 92, 96), as Judge Selna noted in a different context, "the unusual sequence of disclosures" was caused by Defendant's "failure to make timely production" of certain discovery. See Dkt. 96 at 2. Here, however, it does not appear that the "crisis" was created by Defendant's prior failures to provide discovery in a timely manner, and the Court does not find that Defendant acted unreasonably in waiting for Plaintiffs to provide promised further supplemental responses to Interrogatory No. 2 after Plaintiffs served their Infringement Contentions on July 27, 2020. It is a closer call as to whether Defendant's failure to immediately commence the Local Rule 37 meet and confer process on July 27, 2020 upon receiving Plaintiffs' Infringement Contentions (and having not as of that date yet received promised supplemental responses to Interrogatory No. 2) constitutes a failure to act diligently. However, again, the Court does not deny the Application based on a failure of diligence or a failure to show Defendant is not at fault in creating the "crisis"; instead, the Court finds Defendant has not shown irreparable harm will occur if immediate relief is not obtained.

As the Application represents the fifth effort by the parties to obtain ex parte relief on disputed matters within the last four months, and the ninth motion regarding the Scheduling Order or the scope or timing of discovery thereunder, the Court reminds the parties of the following. The District Judge and the assigned Magistrate Judge in this case have a combined 1,000 active civil cases on their respective calendars. The District Judge has a full calendar of active criminal cases in which defendants have a constitutional and statutory right to a public and speedy trial—rights that cannot be overcome by congestion in the Court's calendar. See. U.S. Const. amend. VI; 18 U.S.C. § 3161(h)(7)(C) ("No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar . . . ."). The assigned Magistrate Judge regularly handles duty criminal matters, including initial appearances on new federal arrests, bail determinations, and many types of warrants, applications for which often require immediate attention for the safety of law enforcement agents and the public in general in the execution of search and arrest warrants.

With that in mind, were the parties in each of the combined 1,000 civil cases handled by the judicial officers here to, like the parties here, file nine discovery/scheduling order-related motions every four months with, as here, 3,674 pages of documentation, that would result in 27,000 such motions, with over 11 million pages of supporting and opposing documentary material, to be reviewed and decided by two judicial officers every year, just on issues relating to discovery/scheduling order issues in civil cases, leaving aside civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

dispositive motions, other civil law and motion, civil trials, and the entirety of the criminal related aspects of the docket, including constitutionally mandated speedy criminal trials.

As another court stated in another context:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

Tierno v. Rite Aid Corp., 2008 WL 3876131, at *2 (N.D. Cal. Aug. 19, 2008) (quoting In re Convergent Tech. Sec. Litig., 108 F.R.D. 328, 331 (N.D. Cal. 1985)).

This Court suggests that counsel for the parties keep in mind the "acute sense of responsibility" they have as officers of the Court and further their efforts "to be cooperative, practical and sensible" in resolving issues among themselves.

## IV.
## CONCLUSION

For the foregoing reasons, the Application (Dkt. 153) is DENIED.

IT IS SO ORDERED.