Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404 Facsimile:  (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone:  (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for a Preliminary Injunction ("Reply").

Plaintiffs have provided a proposed redacted version of the Reply.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an *alleged* trade secret by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

The redacted portions of Plaintiffs' Reply detail some of Plaintiffs' technical information, including explanations of Plaintiffs' algorithms, development efforts, and other technical information. Powell Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If

-1-

Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *See id.* The redacted portions of the Reply also discuss confidential business dealings between Plaintiffs and Apple. *Id.* Disclosure would reveal Plaintiffs' confidential business activities. *Id.*

The redacted portions of Plaintiffs' Memorandum also correlate aspects of Plaintiffs' trade secrets with Apple's disclosures or distinguish them from Plaintiffs' disclosures. *Id.* ¶ 5. Publishing that information would disclose Plaintiffs' trade secrets and harm Plaintiffs for the same reasons discussed above. *Id.* Plaintiffs expressly claim the "value and importance" of these techniques as a trade secret. *See* Dkt. 89-1 ¶ 41. Because Plaintiffs have industry-leading technologies, knowing which particular techniques **Plaintiffs** use and consider effective is valuable information that competitors could use to improperly compete against Plaintiffs. Such information would inform competitors' selection of techniques because they would better understand which techniques originated with Plaintiffs. For all these reasons, Plaintiffs would be harmed if these trade secrets were disclosed. Powell Decl. ¶ 5.

**B.      The Court Should Grant Plaintiffs' Application to Seal**

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that the documents Plaintiffs seek to seal discuss Plaintiffs' "*alleged* trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

Moreover, the Court previously granted: (1) Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction (Dkt. 110) and (2) Plaintiffs' Application to Seal Documents Filed in Support of Apple's Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 145). Dkt. 113; Dkt. 152. Those applications sought to seal the same information at issue in this Application. Powell Decl. ¶ 6. Thus, the Court should grant this Application for the same reason it granted the prior applications.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of the Reply.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 31, 2020       By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

    Attorneys for Plaintiffs,
    Masimo Corporation and
    Cercacor Laboratories

33282443