REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

JOSHUA H. LERNER, SBN 220755
jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S NOTICE OF REQUEST TO CROSS-EXAMINE PLAINTIFFS' DECLARANTS AT THE PRELIMINARY INJUNCTION HEARING** <br><br> **Hearing:** <br> Date: September 14, 2020 <br> Time: 1:30 p.m. <br> Place: Courtroom 10C <br> Judge: Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

APPLE'S NOTICE OF REQUEST TO CROSS-EXAMINE PLAINTIFFS' DECLARANTS AT THE PRELIMINARY
INJUNCTION HEARING
CASE NO. 8:20-cv-00048-JVS (JDEx)

## NOTICE OF REQUEST TO CROSS-EXAMINE DECLARANTS

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-8, Defendant Apple Inc. ("Apple") hereby requests to cross-examine Messrs. Joe Kiani, Mohamed Diab, and Jeroen Poeze either at the preliminary injunction hearing scheduled for September 14, 2020 at 1:30 p.m. or by deposition at an earlier time as ordered by the Court.

On August 17, 2020, Plaintiffs moved for a preliminary injunction against Apple. *See* Dkt. No. 108.  Plaintiffs' brief relies heavily on purported facts set forth in the declarations of Messrs. Joe Kiani, Mohamed Diab, and Jeroen Poeze.  *See, e.g.*, Br. at 5-10, 12, 13, 18.  On August 24, 2020, Apple filed an opposition brief.  *See* Dkt. No. 138-1.

Local Rule 7-8 authorizes a party that moves for a preliminary injunction to cross-examine under oath any individuals who submit declarations in support of an opposition brief, so long as those individuals are (1) "reasonably available to the party offering the declaration," and (2) "within the subpoena power of the Court." The cross-examination can proceed either at the motion hearing or at a deposition, whichever the Court orders. The relevant text of Local Rule 7-8 provides:

> On motions for . . . preliminary injunctions, . . . not later than fourteen (14) days prior to the hearing, a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may serve . . . and file a notice of request to cross-examine such declarant. If the party offering the declaration disputes that the declarant is within the subpoena power of the Court and reasonably available to the offering party, such party shall serve and file an objection to the notice of request to cross-examine not later than eleven (11) days prior to the hearing. The offering party shall be under no obligation to produce the declarant unless the Court has granted the request to cross-examine by written order not later than three (3) days prior to the hearing. . . . The Court may, in the alternative, order that the cross-examination be done by deposition taken on two (2) days' notice with the transcript being lodged five (5) days prior to the hearing.

Gibson, Dunn & Crutcher LLP

1    Because Mr. Kiani is the Chief Executive Officer of Masimo Corporation and

2    Cercacor Laboratories Inc.  *See* Kiani Decl. ¶ 1.  Mr. Diab is the co-founder of Masimo

3    Corporation and presently a Masimo Fellow Scientist.  *See* Diab Decl. ¶ 1.  Mr. Poeze

4    is an embedded software engineer at Cercacor Laboratories, Inc.  *See* Poeze Decl. ¶ 1.

5    They are all "reasonably available to the party offering the declaration," as Local Rule

6    7-8 requires.

7    They are also subject to "the subpoena power of the Court."  Messrs. Kiani, Diab,

8    and Poeze are all employed in Irvine, California, which is within 100 miles of the Court.

9    *See* Second Am. Compl. ¶¶ 1, 2.  They can therefore be subpoenaed under Federal Rule

10    of Civil Procedure 45(c)(1)(A).

11    This request to cross-examine Messrs. Kiani, Diab, and Poeze thus satisfies both

12    elements of Local Rule 7-8 and should be granted.  *See, e.g.*, *Americans for Prosperity*

13    *Found. v. Harris*, No. 2:14-CV-09448-R, 2015 WL 12859223, at *3 (C.D. Cal. Feb. 11,

14    2015) (granting request to cross-examine declarants under Local Rule 7-8); *Sublime v.*

15    *Sublime Remembered*, 06-CV-06059-CAS-CW, Dkt. No. 138 (C.D. Cal. May 7, 2013)

16    (granting request to cross-examine declarant under Local Rule 7-8 "because defendant

17    [] has offered a declaration in connection with the hearing").

18    There is a clear need to cross-examine Messrs. Kiani, Diab, and Poeze.  In order

19    to satisfy their burden of showing a likelihood of success on the merits, Plaintiffs must

20    demonstrate an essential element of a trade secret—that their alleged trade secrets are

21    "valuable because [they] [are] unknown to others" and that they have "attempted to keep

22    [them] secret."  *Action Learning Sys., Inc. v. Crowe*, 2014 WL 12564011, at *4 (C.D.

23    Cal. Aug. 11, 2014) (citation omitted).  In order to satisfy their burden on irreparable

24    harm, Plaintiffs must demonstrate that "irreparable harm is likely, not just possible."

25    *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing

26    *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20-21(2008)).

27    With respect to the threshold issue of whether Plaintiffs' alleged trade secrets

28    were actually kept "secret," Mr. Kiani states that ████████████████████████████

3

Gibson, Dunn & Crutcher LLP

APPLE'S NOTICE OF REQUEST TO CROSS-EXAMINE PLAINTIFFS' DECLARANTS AT THE PRELIMINARY INJUNCTION HEARING
CASE NO. 8:20-cv-00048-JVS (JDEx)

1 ███████████████████████████████████████████ " Kiani Decl. ¶ 9, and

2 Mr. Diab states that ████████████████████████████████████████

3 ███████████████████████████████████████████████████████

4 ███████████████████████████████████████████████████████

5 ███████████" Diab Decl. ¶ 31.  Mr. Poeze stated that ████████████

6 ██████████████████████████████████ Poeze Decl. ¶ 1.   These

7 assertions are self-serving and not credible.  As discussed in Apple's opposition brief,

8 Plaintiffs have patented and published each and every detail of the alleged trade secrets

9 that Plaintiffs claim are set forth in Apple's ███ Patent.  *See, e.g.*, Opp. Br. at 2-4, 7-

10 13; *see also* Def. Appendix.  Indeed, Messrs. Kiani, Diab, and Poeze are named inventors

11 on the Masimo patents that disclose these trade secrets.  *See* Opp. Br. at 8.  Apple is

12 entitled to test the basis for Mr. Kiani's and Mr. Diab's representations that Plaintiffs

13 have kept their ███████████████████████████" secret and to question

14 Mr. Poeze about his knowledge of the content of his patent compared with what he

15 described in his declaration.

16       In support of their request for injunctive relief, Plaintiffs argue that their

17 "advantage would be irreparably harmed if Apple were permitted to publish Plaintiffs'

18 trade secrets including through the patent system" based solely on statements from Mr.

19 Kiani.  Br. at 18 (citing Kiani Decl. ¶ 9).  Mr. Kiani stated that "█████████

20 ██████████████████████████████████████████████████████

21 ███████████" Kiani Decl. ¶ 9.  This statement is conclusory and self-serving.  The

22 potential harm Plaintiffs have pointed to is future publication—by Mr. Lamego (even

23 though he departed Apple six years ago) and *other* former employees.  *See, e.g.*, Br. at

24 1.  Indeed, they claim that Apple's refusal to provide any information about pending

25 patent applications naming Plaintiffs' "fifteen other former Masimo or Cercacor

26

27

28

Gibson, Dunn & Crutcher LLP

APPLE'S NOTICE OF REQUEST TO CROSS-EXAMINE PLAINTIFFS' DECLARANTS AT THE PRELIMINARY INJUNCTION HEARING
CASE NO. 8:20-cv-00048-JVS (JDEx)

employees" as inventors prompted this Motion.  *Id*. at 3 (citing Pls. Ex. 6[1]), 11.  And they have fashioned their requested relief to require Apple look out for, stop, and then provide to Plaintiffs' lawyers for review, any publication relating to "measurement or tracking of health-related or physiological information" that names *any* former employee of Plaintiffs as an author or inventor—not just Lamego.  *See* Prop. Order, Dkt. No. 108-1.  Apple seeks to cross-examine Mr. Kiani regarding the basis for his statement concerning alleged harm to Plaintiffs, including to ask which of Plaintiffs' former employees he determined poses a risk of trade secret disclosure and the basis for such belief.

To ensure that an appropriate record is available as this Court considers the Motion, and also is available for consideration as part of any appeal, Apple should be allowed to test whether these aspects of the declarations of Messrs. Kiani, Diab, and Poeze withstand cross-examination, just as Local Rule 7-8 contemplates.

Dated:  August 31, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Joshua H. Lerner*
        Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

---

[1]  Actually, Exhibit 6 identifies *nineteen* former Masimo or Cercacor employees, raising further questions about which former Masimo and Cercacor employees Plaintiffs are even referring to.

Gibson, Dunn &
Crutcher LLP