REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1   JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3   San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
5   H. MARK LYON, SBN 162061
      mlyon@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
7   Palo Alto, CA 94304-1211
    Tel.: 650.849.5300 / Fax: 650.849.5333
8
    BRIAN M. BUROKER, *pro hac vice*
9     bburoker@gibsondunn.com
    BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
10    bandrea@gibsondunn.com                   isamplin@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP            GIBSON, DUNN & CRUTCHER LLP
11  1050 Connecticut Avenue, N.W.          333 South Grand Avenue
    Washington, D.C. 20036                 Los Angeles, CA 90071-3197
12  Tel.: 202.955.8500 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
13  BRIAN A. ROSENTHAL, *pro hac vice*     ANGELIQUE KAOUNIS, SBN 209833
      brosenthal@gibsondunn.com              akaounis@gibsondunn.com
14  GIBSON, DUNN & CRUTCHER LLP            GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue                        2029 Century Park East Suite 4000
15  New York, NY 10166-0193                Los Angeles, CA 90067
    Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16  *Attorneys for Defendant Apple Inc.*

17              **UNITED STATES DISTRICT COURT**
18  **FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

19  MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
20  CERCACOR LABORATORIES, INC.,           **DECLARATION OF ILISSA**
    a Delaware corporation,                **SAMPLIN IN SUPPORT OF**
21                                          **DEFENDANT APPLE INC.'S**
                  Plaintiffs,               **MOTION TO COMPEL PLAINTIFFS**
22                                          **TO PROVIDE A SECTION 2019.210**
          v.                                **DISCLOSURE**
23
    APPLE INC.,
24  a California corporation,               Judge:      Magistrate Judge John D. Early
                                            Date/Time: September 24, 2020, at 10 a.m.
25                Defendant.                Courtroom: 6A
26
27                                          Discovery Cutoff:        7/5/2021
                                            Pre-trial Conference:    3/21/2022
28                                          Trial:                   4/5/2022

Gibson, Dunn &
Crutcher LLP

I, Ilissa Samplin, declare and state as follows:

1.     I am an attorney duly licensed to practice law before this Court and all courts of the State of California.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action.

2.     I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3.     I make this declaration in support of Apple's Motion to Compel Plaintiffs to Provide a Section 2019.210 Disclosure ("Motion").

4.     On April 20, 2020, pursuant to this Court's order staying trade secret discovery pending Plaintiffs' compliance with California Code of Civil Procedure Section 2019.210, I contacted Plaintiffs via email, requesting that they "[p]lease confirm, by close of business tomorrow, the date on which [Apple] can expect to receive a Section 2019.210-compliant trade secret disclosure, per Judge Selna's April 17 Order."  On April 21, 2020, Adam Powell (counsel of record for Plaintiffs) replied that Plaintiffs would "provide a Section 2019.210 disclosure in due course, but w[ould] need a Protective Order in place before doing so."  A true and correct copy of this email exchange between myself and Mr. Powell is attached as **Exhibit A**.

5.     As a result of Plaintiffs' failure to provide a date on which they would produce a Section 2019.210-compliant trade secret disclosure ("Disclosure"), on April 22, 2020, I sent a letter to Adam Powell requesting to meet and confer regarding the same.  A true and correct copy of my April 22, 2020 correspondence to Mr. Powell is attached as **Exhibit B**.

6.     On June 3, 2020, the Parties held a meet and confer call about Plaintiffs' deficient responses to Apple's First Set of Interrogatories—including Plaintiffs' failure to provide substantive responses to any of Apple's trade secret-related interrogatories.  On this call, I once again requested that Plaintiffs promptly provide a Disclosure.  On June 6, 2020, I followed up with an email to Mark Kachner (counsel of record for

Gibson, Dunn & Crutcher LLP

1

SAMPLIN DECL. ISO DEFENDANT'S MOTION TO COMPEL
PLAINTIFFS TO PROVIDE A SECTION 2019.210 DISCLOSURE     CASE NO. 8:20-cv-00048-JVS (JDEx)

1    Plaintiffs), asking that Plaintiffs "please provide a timeline for how long after entry of
2    a Protective Order Plaintiffs will provide . . . a Section 2019.210 statement . . . ."  On
3    June 9, 2020, Mr. Kachner replied that Plaintiffs would provide a Disclosure "within a
4    reasonable time period after entry of a protective order."  I replied to Mr. Kachner on
5    June 10, 2020, repeating that "a 'reasonable time period' is not a sufficient response,
6    particularly with respect to the 2019.210 statement we have been requesting since the
7    outset of the case."  Mr. Kachner responded on June 12, 2020, stating, "[n]othing
8    supports Apple's demand that Plaintiffs provide a date certain by which they will serve
9    any 2019.210 statement," and "Judge Selna's order did not require a 2019.210
10   statement at all, much less by a date certain."  A true and correct copy of this email
11   exchange between myself and Mr. Kachner is attached as **Exhibit C**.

12           7.      Following the Court's entry of a Protective Order on June 30, 2020, and
13   given Plaintiffs' prior representations about providing a Disclosure after a Protective
14   Order was entered, I sent an email to Adam Powell on July 9, 2020, noting that "it has
15   now been nearly six months since we first asked for Plaintiffs' Section 2019.210
16   disclosure," and asking that Plaintiffs "[p]lease let us know when Plaintiffs will
17   produce this document, which you previously agreed to produce after a protective
18   order was entered."  Mr. Powell replied that same day, stating, "Plaintiffs' Section
19   2019.210 statement is a different issue with no due date.  Nonetheless, Plaintiffs will
20   provide that statement in due course."  A true and correct copy of this email exchange
21   between myself and Mr. Powell is attached as **Exhibit D**.

22           8.      On the morning of July 13, 2020, I again emailed Mr. Powell, pointing to
23   the entry of a Protective Order two weeks prior and requesting that Plaintiffs "please
24   confirm that by no later than July 22, 2020, Plaintiffs will produce a Section 2019.210-
25   compliant disclosure."  Having received no response, I emailed Mr. Powell on July 14,
26   again asking that Plaintiffs "confirm by 10 am PT tomorrow, whether Plaintiffs will in
27   fact serve their Section 2019.210 disclosure."  I followed up once more on July 15,
28   noting that "[a] protective order has now been entered," and "Plaintiffs should be in a

Gibson, Dunn & Crutcher LLP

2

SAMPLIN DECL. ISO DEFENDANT'S MOTION TO COMPEL
PLAINTIFFS TO PROVIDE A SECTION 2019.210 DISCLOSURE          CASE NO. 8:20-cv-00048-JVS (JDEx)

position to provide the disclosure now, without any further delay." On July 16, 2020, Mr. Powell responded that "Plaintiffs are in the process of preparing an amended complaint, which will describe Plaintiffs' asserted trade secrets in more detail" and in a manner "relevant to the scope of trade secret discovery in this case and the Section 2019.210 statement." I replied the next day, noting that Plaintiffs "should not need to file an amended complaint before they can describe th[eir] trade secrets to Apple," and again asking Plaintiffs to "[p]lease provide a date by which Plaintiffs will serve their Section 2019.210 disclosure . . . ." A true and correct copy of this email exchange between myself and Mr. Powell is attached as **Exhibit E**.

9.      On July 21, 2020, my partner, Joshua Lerner, sent Plaintiffs a formal letter laying out the bases for the current Motion and requesting a conference of counsel on July 30 pursuant to Local Rule 37-1 to address Plaintiffs' continued failure to provide a Disclosure. A true and correct copy of this July 21 letter is attached as **Exhibit F**.

10.     Having received no reply to Apple's letter, on July 27, 2020, I emailed Mr. Powell reiterating our request for a meet and confer on July 30. *See* Exhibit E. Mr. Powell replied on July 28, 2020, requesting that Apple lay out each issue in dispute, along with a statement as to Apple's position on such issues. *Id.* I replied shortly thereafter, noting that "[o]ur July 21 letter sets forth the basis for the motion to compel Apple is contemplating: This case needs to move forward, Apple is entitled to a Section 2019.210 disclosure pursuant to the statute and cases interpreting it . . . ." *Id.* On July 29, 2020, Mr. Powell responded, threatening sanctions should Apple pursue its Motion and again refusing to provide a Disclosure on the grounds that "Apple asked for a date certain in both its motion for protective order and objections to Judge Early's ruling," and "[b]oth Judge Early and Judge Selna denied Apple's request." *Id.*

11.     On August 14, 2020, Plaintiffs served amended responses to Apple's First Set of Interrogatories. Plaintiffs for the first time identified patents that published in 2017, 2018, and 2019, that purportedly disclose Plaintiffs' trade secrets. A true and correct copy of Plaintiffs' amended interrogatory responses is attached as **Exhibit G**.

The reference to the patents that published in 2017, 2018, and 2019 is on page 36 of Exhibit G.

12.    Plaintiffs could have provided this information months earlier—Apple began asking for it in March, 2020, when my partner, Mark Lyon, sent a detailed request for the same information in response to Plaintiffs' rank speculation that every single one of Plaintiffs' former employees could disclose Plaintiffs' trade secrets.  A true and correct copy of Mr. Lyon's March 6, 2020 letter is attached as **Exhibit H**. The parties exchanged *many* letters following Mr. Lyon's March 6 letter, in which Apple continuously requested an identification of the patent(s) that purportedly disclosed Plaintiffs' alleged secrets.  Plaintiffs refused to provide the information in response to each request—making their very first assertion of a non-exhaustive list of patents that published in 2017, 2018, and 2019, and that purportedly disclose their secrets, on August 14, 2020, more than seven months after they filed this case on January 9, 2020.

13.    On August 17, 2020, Plaintiffs filed their Motion for Preliminary Injunction. Dkt. 111-1.  That Motion alleges that Marcelo Lamego, a former employee of Plaintiffs who worked at Apple for six months six years ago, is listed as an inventor on a patent that published last year and that purportedly discloses Plaintiffs' trade secrets. *Id.* at 7, 14.

14.    Pursuant to Local Rule 37-1, on July 31, 2020, the Parties met and conferred in good faith regarding the issue of Plaintiffs' Disclosure, but were unable to reach a resolution.  Apple still has not received a Disclosure from Plaintiffs.

Executed this 21st day of August, 2020, in Los Angeles, California.

By:   /s/ *Ilissa Samplin*
                Ilissa Samplin

Gibson, Dunn & Crutcher LLP

4

SAMPLIN DECL. ISO DEFENDANT'S MOTION TO COMPEL
PLAINTIFFS TO PROVIDE A SECTION 2019.210 DISCLOSURE          CASE NO. 8:20-cv-00048-JVS (JDEx)

# Exhibit A

**From:** "Adam.Powell" <Adam.Powell@knobbe.com>
**Date:** April 21, 2020 at 7:09:11 PM MDT
**To:** "Samplin, Ilissa" <ISamplin@gibsondunn.com>, "Perry.Oldham" <Perry.Oldham@knobbe.com>, "Stephen.Larson" <Stephen.Larson@knobbe.com>, "Steve.Jensen" <Steve.Jensen@knobbe.com>, "Joe.Re" <Joe.Re@knobbe.com>
**Cc:** "Lerner, Joshua H." <JLerner@gibsondunn.com>, "Lyon, H. Mark" <MLyon@gibsondunn.com>, "Buroker, Brian M." <BBuroker@gibsondunn.com>, "Kaounis, Angelique" <AKaounis@gibsondunn.com>
**Subject:** RE:  Masimo v. Apple - Section 2019.210 compliance

[External Email]
Ilissa,

We will provide a Section 2019.210 disclosure in due course, but will need a Protective Order in place before doing so.  We are reviewing Apple's edits that it provided late Thursday evening and will respond to Angelique as soon as we can.

Judge Selna's order also made clear that he was staying "trade secret discovery only," not discovery of other claims that might also "relate" to trade secret claims.  Since Apple acknowledged Plaintiffs' RFPs 1-25 all relate to the patent case, please confirm Apple will withdraw its Motion for Protective Order and substantively respond to those requests.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe** Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, April 20, 2020 5:27 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 compliance

Counsel:

Please confirm, by close of business tomorrow, the date on which we can expect to receive a Section 2019.210-compliant trade secret disclosure, per Judge Selna's April 17 Order.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

# Exhibit B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

April 22, 2020

<u>VIA E-MAIL</u>

Adam Powell
Knobbe, Martens, Olen & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@Knobbe.com

Re:     *Masimo v. Apple* - Section 2019.210 Compliance

Dear Adam:

Plaintiffs should not continue to delay identifying their alleged trade secrets.  Apple has been asking for a description for months.  Plaintiffs' excuses ring hollow.

First, after the parties briefed the issue in great detail in the Rule 26(f) report—in which Plaintiffs sought a ruling—Judge Selna "stay[ed] the trade secret discovery only pending compliance with Section 2019.210."  Section 2019.210, in turn, provides that "[i]n any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Thus, compliance with Section 2019.210 requires a trade secret identification ("TSID") before discovery may commence relating to the trade secret.

Second, Plaintiffs' argument that full discovery should commence on Plaintiffs' RFPs in advance of a TSID because the RFPs relate to the patents is threadbare and nonsensical, as we have now pointed out many times.  Plaintiffs are in no position to argue over the scope of discovery having failed to comply with Section 2019.210, which will assist the parties and the Court in assessing the proper scope of discovery.  But more basically, RFPs 6-25 seek trade secret discovery—they relate to the trade secrets, and they are not fair game merely because they also relate to the patents.  As has been explained numerous times now, Apple intends to move forward with producing responsive public discovery that pertains to both the patent and trade secret claims.  Unless and until Plaintiffs comply with Section 2019.210, they are not entitled to more.

# GIBSON DUNN

Adam Powell
April 22, 2020
Page 2

Third, there is no need for delay while the parties resolve any differences pertaining to the Protective Order.  Plaintiffs do not need a protective order to provide public information, and the trade secrets allegedly disclosed in Apple's patent application(s) are public.  Furthermore, it appears the rest of the alleged secrets may also be public insofar as Plaintiffs allege secrecy only at the time of the misappropriation (but not, by implication, today).  If there are any alleged secrets that are not already public, the TSID can be designated AEO pending a final ruling on the Protective Order.  This should resolve any of your concerns.  The Protective Order is not a valid excuse for Plaintiffs' continued efforts to delay compliance with Section 2019.210.

If Plaintiffs do not intend to follow Judge Selna's Order to comply with Section 2019.210 promptly, please let us know when your team is available for a meet and confer pursuant to Local Rule 37-1—as we will have no choice but to raise Plaintiffs' continued failure to comply with Section 2019.210 promptly with Judge Early.  We are available as early as tomorrow, April 23, between 1:00 and 4:30 pm; please confirm whether that time works and, if not, propose an alternative.

Sincerely,

Ilissa Samplin

cc:  all counsel of record (via e-mail)

# Exhibit C

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Wednesday, June 17, 2020 5:48 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Counsel,

June 15 was the deadline for Apple to "disclose core technical documents sufficient to show the operation of the accused products." Dkt. No. 33; 36.  Rather than provide such documents, Apple produced approximately eight-hundred pages of the "user guide" available on www.Apple.com, some product packaging, and end-user license agreements.  Apple's failure to provide its core technical documents is prejudicing Plaintiffs' ability to prepare their initial infringement contentions, which are due on July 27, 2020.  Please confirm Apple will immediately produce its core technical documents in accordance with the Court's Scheduling Order.  We reiterate that Plaintiffs will treat those documents as attorneys-eyes-only pending entry of a formal protective order.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct



**From:** Mark.Kachner
**Sent:** Friday, June 12, 2020 8:38 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Ilissa,

Apple has been the cause of any delay in this case, not Plaintiffs.  Apple has continued to refuse any discovery, including as to patent issues for which discovery is not stayed.  Apple has not yet produced a single document, and refuses to produce confidential documents until the Court enters a protective order, notwithstanding Plaintiffs' repeated offers to maintain those documents as attorneys-eyes-only pending entry of an order.  Apple also delayed submission of such an order by insisting on many changes to Judge Early's Model Order and delaying its responses to Plaintiffs' repeated attempts to compromise.  In contrast, Plaintiffs have already started producing documents.  Moreover, Plaintiffs simply asked for reciprocal treatment of confidential information – that both parties produce confidential information and treat such information as attorneys' eyes only pending entry of a protective order.  Apple repeatedly rejected any reciprocal approach.

Nothing supports Apple's demand that Plaintiffs provide a date certain by which they will serve any 2019.210 statement. As we have repeatedly explained, Judge Selna's order did not require a 2019.210 statement at all, much less by a date certain.  During prior conferences of counsel, Apple admitted that nothing requires Plaintiffs to serve a 2019.210 statement by a date certain.  Moreover, Apple already filed a motion with Judge Early seeking such relief, despite admitting it was not required by Judge Selna.  That motion has also not been granted.  Even though it is not required, Plaintiffs explained they are willing to negotiate an appropriate reciprocal timeline.  However, Apple flatly refused to "negotiate a reciprocal timeline."

Apple's ongoing refusal to meet its discovery obligations is prejudicing Plaintiffs' ability to prepare their case.  Based on Apple's positions discussed herein, we are concerned that Apple may not comply with its Court-ordered obligation to provide core technical documents on June 15, introducing further delay.  We expect Apple to comply with its obligations and reserve all our rights in the event that Apple fails to comply with the June 15 deadline.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct



From: Samplin, Ilissa [mailto:ISamplin@gibsondunn.com]
Sent: Wednesday, June 10, 2020 1:52 PM
To: Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
Cc: Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique A. <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
Subject: RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark,

Plaintiffs are continuing to delay the progress of this case.  Your suggestion that trade secret discovery should be reciprocal ties back to your mischaracterization (or misunderstanding) of how Section 2019.210 works.  *Plaintiffs* asserted a trade secret claim in this case.  They may not commence discovery of trade secret-related information until they define their trade secrets with reasonable particularity.  We have been asking Plaintiffs to do so for months, but we still don't even have an attempt at a Section 2019.210-compliant disclosure from Plaintiffs.  We are not going to negotiate a reciprocal timeline here.

Please give us a time certain soon after the entry of the protective order when you will provide the 2019.210 statement.  We've told you repeatedly that a "reasonable time period" is not a sufficient response, particularly with respect to the 2019.210 statement we have been requesting since the outset of the case.  We have no idea how Plaintiffs or your law firm defines a "reasonable time period."  Indeed, Judge Selna ruled back on April 17, 2020 that Plaintiffs must provide a 2019.210 statement, and Plaintiffs' sole justification for not yet doing so is that they are awaiting entry of a protective order (even though Apple agreed to treat the disclosure as AEO in the interim). Therefore, you should be in a position to commit to a time certain soon after entry of that protective order.  If you cannot provide a time certain, let us know immediately.

Regards,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 9, 2020 12:48 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories


[External Email]
Ilissa,

Plaintiffs expect to provide a 2019.210 statement and other confidential information within a reasonable time period after entry of a protective order.  Obviously, document production will happen over a period of time consistent with the parties' prior discussions.  Will Apple promptly provide the extensive discovery it is withholding upon entry of a protective order and service of Plaintiffs' 2019.210 statement?  We are willing to consider a specific reciprocal timeline.


Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct
**Knobbe Martens**


**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Saturday, June 6, 2020 1:42 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark,

Please see the attached letter regarding our meet and confer about Plaintiffs' responses to Apple's First Set of Interrogatories.

As discussed during the meet and confer, please provide a timeline for how long after entry of a Protective Order Plaintiffs will provide the trade secret-related information they have been withholding—including amended interrogatory responses, a Section 2019.210 statement, and documents.  Plaintiffs were unable to provide a specific timeline during our meet and confer call, but agreed to discuss internally and revert to Apple with the information requested.  We have requested this information on multiple occasions now, and for months.  Please provide it by close of business on Tuesday, June 9.

Thank you,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 2, 2020 1:05 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Plaintiffs' Responses to Apple's First Set of Interrogatories.

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 1:01 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark-
Which of my two 5/26 letters are you referring to?  Or are you referring to both?  This will help me determine who else from my team will be joining, so I can get back to you on time.  Thanks.

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 2, 2020 12:59 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
I have a noon meeting tomorrow that I expect will spill over past 1p.  I think I'm safe starting at 1:15, otherwise we can start at 3.

**Mark Kachner**
Partner

310-407-3472 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, June 2, 2020 12:55 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

I have a 2 pm meet and confer in another matter.  Can you start at 1 pm instead?

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

5

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, June 2, 2020 12:50 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Ilissa,

We are available to meet and confer on your 5/26 letter tomorrow at 1:30 pm PDT.  Please let me know if that works with your schedule.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, June 1, 2020 9:11 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Mark,

Please provide your availability for this meet and confer.  You have had our request for almost a week now.

Would sometime today or tomorrow work?

Thanks,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Friday, May 29, 2020 10:52 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell
<Adam.Powell@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A.
<BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Ilissa,

We are evaluating the issues raised in your 5/26 letter on Plaintiffs' interrogatory responses.  We are not available for
your requested meet and confer at the times you requested.  We are looking into our availability next week.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct
**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, May 26, 2020 9:49 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner
<Mark.Kachner@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A.
<BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

Counsel:

Please see the attached correspondence.

Regards,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Thursday, May 14, 2020 8:01 PM

**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique
<AKaounis@gibsondunn.com>
**Subject:** Masimo v. Apple - Plaintiffs' Responses to Apple's First Set of Interrogatories

[External Email]
Counsel,

Please find attached Plaintiffs' Responses to Apple's First Set of Interrogatories.

Best regards,

Perry

**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**

Exhibit D

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, July 9, 2020 1:20 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Core technical documents and infringement contentions

[External Email]
Ilissa,

Apple's deadline to produce core technical documents was nearly one month ago on June 15.  Thus, Apple's proposal to "discuss a production timeline" continues to flout that deadline.  What is Apple's basis for continuing to refuse to provide core technical documents?

Plaintiffs' Section 2019.210 statement is a different issue with no due date.  Nonetheless, Plaintiffs will provide that statement in due course.

Your email also ignores my second question concerning confidential information for infringement contentions.  Please confirm immediately that Apple will rely solely on public information for its non-infringement positions in this case.


Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, July 9, 2020 12:01 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Core technical documents and infringement contentions


Adam,

Thank you for your email.  While we are happy to discuss a production timeline with you in response to your inquiries below, we note that it has now been nearly six months since we first asked for Plaintiffs' Section 2019.210 disclosure.  As you note below, Judge Early entered a protective order last week, and we still have not received Plaintiffs' Section 2019.210 disclosure.  Please let us know when Plaintiffs will produce this document, which you previously agreed to produce after a protective order was entered.


Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 8, 2020 10:32 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Core technical documents and infringement contentions

[External Email]
Counsel,

It has now been nearly a month since Apple ignored the Court's June 15 deadline for Apple to produce its "core technical documents."  In response to Plaintiffs' *ex parte* application to enforce that deadline, Apple pointed to the lack of a formal protective order.  Dkt. 56 at 7-9.  Apple specifically represented that it was ***not*** relying on Section 2019.210 to withhold such documents.  *Id.* at 7 n.2.  The Court denied Plaintiffs' application without prejudice and ordered the parties to promptly submit their protective order disputes to Judge Early, who entered a protective order a week ago.  Despite this, Apple has still not produced a single additional document.  Moreover, in its reply brief filed on Monday, Apple appeared to indicate it will withhold core technical documents until after the parties litigate the sufficiency of Plaintiffs' Section 2019.210 disclosure.  Dkt. 71 at 10.

Apple's ongoing refusal to comply with the Court's Scheduling Order is prejudicial to Plaintiffs, contrary to Apple's express representations to the Court, and contrary to Judge Selna's and Judge Early's rulings declining to stay patent discovery.  Please let us know by noon tomorrow Apple's position as to the "core technical documents" required by the Scheduling Order, including when Apple will comply with that deadline.

Additionally, Apple's portion of the joint submission to Judge Selna on Friday argued that Plaintiffs do not require confidential technical documents to prepare infringement contentions.  Dkt. 69 at 9.  Based on that argument, please also confirm by noon tomorrow that Apple will rely solely on public information for its non-infringement positions in this case.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe** Martens

Exhibit E

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, July 30, 2020 1:15 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

I am not available at 5pm today, but my schedule tomorrow morning is fairly open.  Would 10am work?

Best regards,
Adam

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, July 30, 2020 7:20 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple
<Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark
<MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

I disagree with the substance of your email, but we can discuss that during the meet and confer.  Can your team be
available at 5 pm today instead?

We do not believe recording of meet and confers is necessary and therefore do not agree.  Frankly, we don't even
understand what you are referring to when you say the parties disagree about what happened at meet and confers.  The
parties have fundamental disagreements, but those haven't been about the events that have transpired during meet
and confer calls.

Regards,

Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 29, 2020 6:41 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

We disagree that Apple complied with Local Rule 37-1.  Based on your email, it appears that Apple intends to file a motion to compel requiring Plaintiffs to provide a Section 2019.210 statement by some unknown date.  This issue has been litigated many times.  Apple asked for a date certain in both its motion for protective order and objections to Judge Early's ruling.  Dkt. 43-5, Dkt. 57-17.  Both Judge Early and Judge Selna denied Apple's request.  Dkt. 54, 79.  Plaintiffs reserve all rights, including the right to seek sanctions, if Apple pursues this Motion.  If Apple insists on moving forward, we are available to discuss at 4pm tomorrow.

Additionally, because the parties have now disagreed over what occurred during numerous teleconferences, we reiterate our request to record such teleconferences.  Assuming your team believes their descriptions of our teleconferences have been truthful, they should have no problem agreeing to our suggestion to avoid further disputes.  Please let us know if you will agree.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct

**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 28, 2020 10:08 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

Our July 21 letter sets for the basis for the motion to compel Apple is contemplating:  This case needs to move forward, Apple is entitled to a Section 2019.210 disclosure pursuant to the statute and cases interpreting it, and Plaintiffs are refusing the produce the disclosure or even a date certain by which they will do so.  We have been asking for a Section 2019.210 disclosure or a date certain by which Plaintiffs will produce a Section 2019.210 disclosure for months now, and we still have nothing.  Please provide some times that work for a meet-and-confer call on July 30.

Thank you,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, July 28, 2020 7:51 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

We are confused as to the motion Apple is contemplating and the relief it would be seeking.  Local Rule 37-1 states: "The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  Apple has not provided any of that information.  Please provide the required information so that we can meaningfully prepare for a meet and confer.

Best regards,
Adam

On Jul 27, 2020, at 9:15 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:

Counsel:

I am following up on the attached, to reiterate our request for a meet and confer on July 30.  Please provide by close of business tomorrow, July 28th, times on the 30th that work for your team.

Thank you,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Powell, Nathan
**Sent:** Tuesday, July 21, 2020 8:28 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel,

Please see the attached correspondence.

Regards,
Nathan

**Nathan Powell**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5342 • Fax +1 650.849.5042
NPowell@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, July 17, 2020 11:37 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We obviously disagree with your gross mischaracterization of Apple's position, set forth in the first paragraph of your email below—which is demonstrably wrong based on Apple's production of technical documents to your team less than two hours later.

We also continue to disagree with your incorrect positions on Section 2019.210 and trade secret-related interrogatories. Plaintiffs should not need to prepare their amended complaint *before* serving a Section 2019.210 disclosure or amended interrogatory responses pertaining to their purported trade secrets because Plaintiffs presumably had a Rule 11 basis for their trade secret allegations when they first asserted them back in January 2020. In other words, Plaintiffs knew (or should have known) what their alleged trade secrets were back when they first filed this case and therefore should not need to file an amended complaint before they can describe those trade secrets to Apple—in a Section 2019.210 disclosure and amended interrogatory responses that Plaintiffs previously, and repeatedly, agreed to provide once a protective order was entered, and did not make contingent on the earlier-in-time filing of an amended pleading. Your suggestion that Apple's Motion to Dismiss created this problem is factually incorrect. Plaintiffs' failure to describe their trade secrets even under Federal Rule of Civil Procedure 8 is, and continues to be, the problem here. Your two week offer for amended interrogatory

4

responses is *not* "more than diligent" as you contend below, and you have again failed to even commit
to a date certain by which you will serve a Section 2019.210-compliant trade secret disclosure.  Please
provide a date by which Plaintiffs will serve their Section 2019.210 disclosure; we have been asking for a
date for so many months now.

With respect to the ethical wall, are you saying that Plaintiffs intend to review the material Apple
produced yesterday without first putting a temporary ethical wall in place?

Apple likewise reserves all rights.

Regards.
Ilissa


**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, July 16, 2020 5:02 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

Your attempt to tie Apple's technical document production to Masimo possibly substituting patents is
inconsistent with the facts.  I asked you about the timing of Apple's document production on July 8 and
July 9.  You refused to answer.  Masimo did not mention it was considering substituting patents until
July 10.  Regardless, as a courtesy, we responded yesterday concerning the possible patent family
reduction to focus this case.  Apple's statement that it is now "preparing" its core technical document
production demonstrates the extent to which Apple has flouted—and continues to flout—the Court's
Scheduling Order.  Apple's statement that it needs more information "before" it produces documents
confirms Apple's open contempt for the Court's Order and numerous rulings confirming that Order,
which required Apple to produce documents weeks ago.

We disagree with your assertions regarding Section 2019.210 and Plaintiffs' interrogatory
responses.  Plaintiffs are in the process of preparing an amended complaint, which will describe
Plaintiffs' asserted trade secrets in more detail.  Plaintiffs' amended complaint will be relevant to the
scope of trade secret discovery in this case and the Section 2019.210 statement.  Apple's Motion to
Dismiss obviously drove that timing.  Moreover, Apple apparently already plans to continue prolonging
the pleading stage by filing another motion to dismiss, even though it has not yet seen the amended
complaint.  Apple's demand that we provide discovery now, before we amend the complaint, puts the
cart before the horse.  It is reasonable for us to amend the complaint first and then update our

interrogatories as they relate to the amended complaint.  Our agreement to provide discovery just two
weeks after amending the complaint is more than diligent.

As for your request that we enact a temporary "ethical wall," that is another baseless attempt to tie
Apple's disclosure of technical documents to Section 2019.210—a procedural ploy the Court has now
rejected at least *four times*.  We are aware of no case imposing such a requirement.  The *Jardin* case you
cited is irrelevant because it affirmed an order creating a temporary ethical wall for lawyers involved in a
separate case.  Apple's ongoing defiance and contempt of this Court's numerous orders is
prejudicial.  Plaintiffs reserve all rights.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**
**Knobbe** **Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, July 15, 2020 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; ***
Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We have not answered your question about the timing of technical documents because you still have
not answered our question about whether you are dropping a patent family.  We are preparing our core
technical document production.  Before we produce, we need to know if you are contemplating
dropping a patent family, and if so, which one(s).  This has an impact on what we produce.  If you are
not contemplating dropping a patent family, we can make our production shortly.

With respect to your second question, no, we do not agree that we will rely on only public materials to
defend our client in this case.

With respect to our request for amended interrogatory responses, please explain why your team feels it
needs six weeks from the date the protective order was entered to serve the amended interrogatory
responses Mark previously represented that your team was working on, and would be able to serve
after entry of a protective order?  We don't understand why your team needs 2 weeks from the date of
amendment to provide the amendments we've been waiting on for weeks.

Notably, you omitted from your email below any reference to the Section 2019.210 disclosure we've
been asking about for many months now.  There is no reason why you cannot provide the Section
2019.210 disclosure now—indeed, your team has repeatedly represented that the absence of a
protective order was the only cause for delay on the Section 2019.210 disclosure front.  A protective
order has now been entered.  Plaintiffs should be in a position to provide the disclosure now, without
any further delay.  Please confirm that Plaintiffs will produce a Section 2019.210-compliant disclosure
this week.

Finally, please confirm that you will maintain an ethical wall to keep Plaintiffs' attorneys who will have actual access to Apple's confidential information from participating in drafting or revising Plaintiffs' Section 2019.210 statement.  As I am sure you can understand and appreciate, this temporary ethical wall is necessary because Plaintiffs' counsel who review Apple's core technical production will be unable to "divorce themselves from their knowledge of [Apple's] confidential material when identifying the information [Apple] allegedly misappropriated."  *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at \*5 (S.D. Cal. July 29, 2011) (affirming magistrate judge's order creating a temporary ethical wall because plaintiff's counsel that learns defendant's confidential information "simply cannot unring the bell").


Thank you,
Ilissa



Ilissa Samplin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 15, 2020 10:59 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

You still have not answered the questions I asked last week.  You cannot expect us to drop everything and respond in a single business day to your requests while ignoring our questions for a week.  Please provide an answer to the following questions as soon as possible.

   (1)  What is Apple's basis for continuing to refuse to provide technical documents?
   (2)  Will Apple confirm it will rely solely on public information for its non-infringement positions in this case?

As you know, Plaintiffs' amended complaint is due July 25.  Plaintiffs will agree to supplement their interrogatory answers within two weeks of filing the amended complaint.


Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

7

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 14, 2020 9:40 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

We did not receive a response to the email below.  Please confirm, by **10 am PT tomorrow**, whether Plaintiffs will in fact serve their Section 2019.210 disclosure and amended responses to Apple's Interrogatory Nos. 5 through 13, and 17, by June 22, 2020.  We need to know where things stand on these matters as soon as possible, given that the parties have been meeting and conferring about all of them for months now—and Plaintiffs' only purported impediment to production was the absence of a protective order, which has now been entered.

We look forward to your prompt response.

Thank you,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Monday, July 13, 2020 11:22 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

You have repeatedly represented that "despite the stay" pertaining to trade secret discovery that you mistakenly contend applies to all parties, "Plaintiffs were not withholding discovery, even for requests related solely to trade secrets"—but rather, that "Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order." (5/22/20 Kachner Ltr.; 6/2/20 Kachner Ltr.)  You likewise have represented that Plaintiffs would produce responsive documents, and amend numerous deficient interrogatory responses, upon entry of a protective order.  (*See, e.g.*, 6/6/20 Samplin Ltr. confirming parties' 6/3/20 meet and confer.)  As you know, the Protective Order was entered two weeks ago.  Plaintiffs nonetheless are still withholding their Section 2109.210 disclosure, as well as documents and information responsive to Apple's trade secret-related and other discovery

requests.  There is no justification for Plaintiffs' continued withholding of this relevant and responsive information.

For starters, please confirm that by no later than July 22, 2020, Plaintiffs will produce a Section 2019.210-compliant disclosure, as well as amended responses to Interrogatory Nos. 5 through 13, and 17.  Plaintiffs have now had *ample* time to prepare their Section 2019.210 disclosure and the amended responses to these Interrogatories.  There is no reason for Plaintiffs to continue to delay their production.

Please provide confirmation by 5 pm PT tomorrow, July 14.

Regards,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

Exhibit F

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Joshua H. Lerner
Direct: +1 415.393.8254
Fax: +1 415.374.8499
JLerner@gibsondunn.com

July 21, 2020

VIA E-MAIL

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA  92130
Adam.Powell@knobbe.com

Re:   *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-
       00048-JVS (JDEx) (C.D. Cal.)

Dear Adam:

I write to request a conference of counsel pursuant to Local Rule 37-1 to address Plaintiffs'
continued failure to provide a Section 2019.210 statement describing their alleged trade
secrets.  We believe that the trade secret case needs to move forward, and therefore we
believe that the parties should meet and confer on July 30, which will give us sufficient time
to review the amended complaint.  If after reviewing the amended complaint it appears that a
statement is not necessary, we will of course let you know and cancel the meet and confer,
but otherwise we believe that we should schedule the meet and confer so that the trade secret
side of the case can move forward.

As we have discussed, Section 2019.210 requires that "[i]n any action alleging the
misappropriation of a trade secret under the [California] Uniform Trade Secrets Act . . . ,
before commencing discovery relating to the trade secret, the party alleging the
misappropriation shall identify the trade secret with reasonable particularity . . . ."  Cal. Civ.
Proc. Code § 2019.210 (emphasis added).

Plaintiffs have served discovery that relates to the trade secrets alleged in the case even if the
discovery also relates to the patents.  Plaintiffs promised to provide a Section 2019.210
disclosure after the Court entered a Protective Order.  The Protective Order was entered, but
Plaintiffs still have not provided a Section 2019.210 disclosure, and also have refused to state
when they will do so.  Instead, Plaintiffs have simply claimed that they will do so in "due
course."  Unless Plaintiffs provide a reasonable date certain, we will need to meet and confer
on this before we move to compel.

**GIBSON DUNN**

Adam Powell
July 21, 2020
Page 2


Best,

Joshua H. Lerner


cc:  all counsel of record (via e-mail)

Exhibit G

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404 Facsimile:  (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S SUPPLEMENTAL**<br>) **RESPONSES TO APPLE'S FIRST**<br>) **SET OF INTERROGATORIES 2,**<br>) **4-13, 16, AND 17**<br>) |

**CONTAINS MATERIAL DESIGNATED**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

2    Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR

3    LABORATORIES, INC. ("Cercacor") (collectively "Plaintiffs") hereby

4    supplement their responses to Defendant APPLE INC.'s ("Apple's") First Set of

5    Interrogatories (Nos. 2, 4-13, 16, and 17).



-1-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:**

Separately for each Asserted Claim of each Asserted Patent that Plaintiffs contend Apple has infringed or is infringing, describe in detail all facts relevant to the alleged priority date for that claim, including without limitation: the alleged priority date, the alleged date of the conception and first reduction to practice, the nature of any problem(s) with existing technology that the inventors were considering or attempting to solve in connection with the conception, the nature of the alleged reduction to practice and the identity of any alleged actual reduction to practice, any alleged diligence between the asserted conception and reduction to practice dates, the identity of each Person who contributed to such conception, diligence, and/or reduction to practice, the nature of each such Person's participation, involvement, and/or contribution, and the identity of all Documents (by Bates numbers) relating to such conception, diligence, and/or reduction to practice.

-5-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 4:**

For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   Inventor and/or others conceived of such subject matter and/or reduced such

2   subject matter to practice, identifying when such conception and reduction to

3   practice took place, describing each Person's contribution to the conception

4   and/or reduction to practice of the subject matter, identifying corroborating

5   evidence of conception and/or reduction to practice, and identifying and

6   describing in detail all evidence to support any contention that the inventors

7   named on that Apple Patent did not solely conceive and/or reduce to practice

8   any of the claims of that Apple Patent.



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



-14-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



**INTERROGATORY NO. 5:**

For each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject

-15-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple Patent and/or Apple Application, identifying by patent column and line number or application page and paragraph number all subject matter of such Apple Patent or such Apple Application that Plaintiffs assert was developed by Marcelo Lamego, describing the circumstances under which Marcelo Lamego and/or others conceived of such subject matter, identifying when such conception and reduction to practice took place, identifying any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such subject matter and/or reduction to practice of such subject matter, describing each such Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, identifying which entity—Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and stating in detail any other factual and legal bases for Your contention that You are entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications.

-16-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



**INTERROGATORY NO. 6:**

For each alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person.

-20-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

filler



-25-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  ████████████████████████████████████

2  ████████████████████████████████████

3  ██████████████████ ████████████████

4  ████████████████████████████████████

5  █████████████████████████████

6  **INTERROGATORY NO. 7:**

7      For each alleged Trade Secret that You contend was misappropriated by

8  Apple, describe all actions You have taken to safeguard the alleged Trade

9  Secret's secrecy.

10 ██████████████████████

11 ████████████████████████████████████

12 ████████████████████████████████████

13 ████████████████████████████████████

14 ████████████████████████████████████

15 ████████████████████████████████████

16 ████████████████████████████████████

17 ████████████████████████████████████

18 ████████████████████████████████████

19 ████████████████████████████████████

20 ██████████

21 ████████████████████████████████████

22 ██████████

23 ████████████████████████████████████

24 ████████████████████████ ██████████

25 ████████████████████████████████████

26 ████████████████████████████████████

27 ████████████████████████████████████

28 ████████████████████████████████████

-28-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    ███████████████████████████

2    ████████████████████████████████████

3    ████████████████████

4    ████████████████████████████████████

5    ███████████████████████████████████████

6    ███████████████████████████████████████

7    ███████████████████████████████████████

8    █████████

9    ████████████████████████████████████

10   ███████████████████████████████████████

11   ██

12   ████████████████████████████████████

13   ██████████████████████████████████████

14   ██████████████████ ███████████████████

15   ██████████████████████████████████████

16   ████████████████████████████

## INTERROGATORY NO. 8:

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely when, if ever, the alleged Trade Secret was disclosed, accessed, or otherwise provided to Apple.

21   ██████████████████████████

22   ████████████████████████████████████

23   ███████████████████████████████████████

24   ███████████████████████████████████████

25   ███████████████████████████████████████

26   ███████████████████████████████████████

27   ███████████████████████████████████████

28   ███████████████████████████████████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 9:**

For each date identified in response to Interrogatory No. 8, describe the circumstances of the disclosure, including the recipients and the means of disclosure.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



**INTERROGATORY NO. 10:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret. To the extent Your response for any alleged Trade Secret(s) is that Apple has used, is using, or plans to use the alleged Trade Secret in an Apple product (e.g., the Accused Products), identify and describe how each such product in fact incorporates or uses the Trade Secret(s).



-34-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



## INTERROGATORY NO. 11:

For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access.



-37-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮

4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## INTERROGATORY NO. 12:

Identify all third parties to whom Your alleged Trade Secrets have ever been disclosed, including the circumstances under which each alleged Trade Secret was disclosed to them.

18 ▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6 **<u>INTERROGATORY NO. 13:</u>**

7    For each alleged Trade Secret that You contend was misappropriated by

8 Apple, identify and describe in detail how You were harmed by the alleged

9 misappropriation.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



21    **<u>INTERROGATORY NO. 16:</u>**

22          State all facts and identify and describe in detail all Documents

23    supporting any contention by You that the Asserted Technologies are the basis

24    for, contribute to, or drive consumer demand for any product which Plaintiffs

25    allege competes with the Accused Products.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 17:**

State in detail all factual and legal bases for Your contention that You are entitled to any relief in this case, including but not limited to, monetary damages and injunctive relief, including, without limitation, identifying and describing in detail all Documents and Communications relating to such contention and identifying all individuals having information about such contention.



-46-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

22

     Dated:  August 14, 2020          By: */s/ Adam B. Powell*
23                                          Joseph R. Re
                                            Stephen C. Jensen
24                                          Perry D. Oldham
                                            Stephen W. Larson
25                                          Adam B. Powell

26                                          Attorneys for Plaintiffs,
                                            Masimo Corporation and
27                                          Cercacor Laboratories

28

                                    -49-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

**PROOF OF SERVICE**

2

I am a citizen of the United States of America and I am employed in San

3

Diego, California.  I am over the age of 18 and not a party to the within action.

4

On  August  14,  2020,  I  served  the  within  **PLAINTIFFS  MASIMO**

5

**CORPORATION     AND     CERCACOR     LABORATORIES,     INC.'S**

6

**SUPPLEMENTAL    RESPONSES    TO    APPLE'S    FIRST    SET    OF**

7

**INTERROGATORIES  2, 4-13, 16, AND 17** on  the  parties  or  their  counsel

8

shown at the email addresses shown below:

9

Apple-Masimo@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

10

Joshua H. Lerner
JLerner@gibsondunn.com

11

Ilissa Samplin
ISamplin@gibsondunn.com

12

H. Mark Lyon,
MLyon@gibsondunn.com

13

Angelique Kaounis
AKaounis@gibsondunn.com

14

Brian M. Buroker
BBuroker@gibsondunn.com

15

16

Brian K. Andrea
BAndrea@gibsondunn.com

17

I certify and declare under penalty of perjury under the laws of the State

18

of California that I am a member of the bar of this Court and that the forgoing is

19

true and correct.

20

Executed on August 14, 2020, at Encinitas, California.

21

22

_/s/ Adam B. Powell_

23

Adam B. Powell

33286706

24

25

26

27

28

-50-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Exhibit H



**GIBSON DUNN**

H. Mark Lyon
Direct: +1 650.849.5307
Fax: +1 650.849.5007
MLyon@gibsondunn.com

March 6, 2020

<u>Via E-Mail</u>

Perry D. Oldham
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Flr.
Irvine, CA 92614
Perry.Oldham@knobbe.com

Re:     *Masimo Corp., et al. v. Apple Inc.,* Case No. 8:20-cv-48 (C.D. Cal.)

Dear Mr. Oldham:

I write in response to your March 4, 2020 letter in the above-titled action (the "Action").

Your letter asserts that during the February 25, 2020 conference of counsel, Apple disputed whether it had reason to know that Marcelo Lamego and Michael O'Reilly had a duty not to disclose Masimo or Cercacor "information" to Apple. This is a gross oversimplification of the issues at hand. In fact, as we conveyed on that call, because Masimo and Cercacor have failed to identify their alleged trade secrets with any particularity, and because they have failed to identify any factual basis for Apple to have known that Lamego or O'Reilly had any obligation to maintain secrecy of specific information, Plaintiffs have failed to allege a plausible misappropriation claim against Apple. Plaintiffs' failure to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8 does not somehow shift the burden to Apple to define what Plaintiffs claim to be confidential information in order to disprove their spurious claim.

Turning to your demands, your sudden expressed concern that "Apple will *continue* to publish Masimo's and Cercacor's confidential information, particularly in patent applications" (emph. added) is belied by the fact that Plaintiffs in this case are asserting that Apple has been misappropriating their trade secrets for roughly *six years*, and yet again, Plaintiffs have never made any effort—before or after filing this lawsuit—to identify any information with sufficient detail for Apple to even identify what was allegedly misappropriated. Your letter follows the same theme as the Complaint: without identifying any alleged trade secret information, explaining why Apple would even want or need the information (if it is ever identified), or having a valid basis to question the steps that Apple takes to respect third party rights, you demand that "Apple immediately request non-publication for any pending applications concerning physiological monitoring" that may purportedly contain information from former Masimo or Cercacor (collectively, "Plaintiffs") employees. Making such a demand without

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit B
Page 8

Case 8:20-cv-00048-JVS-JDE   Document 167-2   Filed 09/01/20   Page 90 of 90   Page ID #:13047

# GIBSON DUNN

Perry D. Oldham
March 6, 2020
Page 2

providing any basis for your claims suggests to us that you do not have a basis for the claims, let alone the demand you are making.

In light of Plaintiffs' assertion—both in your letter and in their Complaint (at ¶¶ 185, 187) in the Action—that Apple has supposedly published such information, Plaintiffs should immediately identify (by line and page number) any alleged trade secrets that have been disclosed in any published patent application filed by Apple or in any patent held by Apple. You no doubt already have this information because you must have conducted an investigation before filing a Complaint alleging that Apple disclosed trade secrets in those patent applications and other published patent filings.  If Plaintiffs indeed have a factual basis for these allegations, it is strange that they did not identify this information earlier.

Moreover, because Plaintiffs are required to describe *all* of their allegedly misappropriated secrets pursuant to California Code of Civil Procedure ("CCP") section 2019.210 before they conduct discovery, they should have no issue identifying those secrets now.  In that regard, please provide a full CCP § 2019.210 disclosure immediately.

Additionally, because Plaintiffs assert that other current or former Apple employees previously worked for Masimo or Cercacor, please also identify how any of the alleged trade secret information relates to each of those individuals—*e.g.*, which specific technologies each individual contributed to, what aspects of that technology were advanced by their contributions, etc.  Finally, if Plaintiffs are claiming joint inventorship as to any patent on which these individuals are named inventors, please identify by page and line number (for each patent) which person invented what.

We look forward to Plaintiffs' prompt CCP § 2019.210 disclosure, including the identification of any Masimo and/or Cercacor alleged trade secrets disclosed in any Apple patent application or patent—as well as the identification of the former Masimo or Cercacor employee information requested above.

Sincerely,

H. Mark Lyon

Cc (all by email): Joshua H. Lerner
Joseph R. Re
Stephen C. Jensen
Stephen W. Larson