Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000;
Facsimile: (858) 707-4001

*Attorneys for Plaintiffs Masimo
Corporation and Cercacor Laboratories,
Inc.*

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

*Attorneys for Defendant Apple Inc.*
*[Additional counsel listed on next page]*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC., | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| Plaintiffs, | **JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE A SECTION §2019.210 DISCLOSURE** |
| v. | |
| APPLE INC., | |
| Defendant. | Judge:     Magistrate Judge John D. Early<br>Date/Time: September 24, 2020, at 10 a.m.<br>Courtroom: 6A |
| | Discovery Cutoff:        7/5/2021<br>Pre-trial Conference:   3/21/2022<br>Trial:                        4/5/2022 |

ILISSA SAMPLIN, SBN 314018
 isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
 akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTORY STATEMENTS ............................................................. 1

    A.   Apple's Introductory Statement ................................................. 1

    B.   Plaintiffs' Introductory Statement ............................................ 3

II.  APPLE'S POSITION ............................................................................ 6

    A.   Factual Background .................................................................. 6

    B.   Legal Standard ......................................................................... 8

    C.   Plaintiffs Should Provide A Disclosure Promptly ................... 10

        1. The Four Purposes of Section 2019.210 Are Served by a Prompt Disclosure ........................................................... 10

        2. None of Plaintiffs' Excuses for Delay Are Proper ............. 12

        3. The Lack of a Disclosure Prejudices Apple ....................... 15

        4. The Court's Denial of Apple's Motion for a Protective Order Does Not Mean that Plaintiffs Can Delay Forever ............. 16

    D.   Conclusion .............................................................................. 16

III. PLAINTIFFS' POSITION ................................................................... 17

    A.   Factual Background ................................................................ 17

    B.   Argument ................................................................................ 19

        1. This Court and Judge Selna Have Denied Apple's Request Numerous Times ............................................................... 19

        2. Plaintiffs Are Not Required To Serve A Section 2019.210 Statement By A Date Certain ............................................ 20

        3. None of Apple's Policy Arguments Justify Apple's Attempt To Relitigate These Issues ...................................................... 22

        4. Apple's Requested Relief Again Far Exceeds The Requirements Of Section 2019.210 ......................................................... 25

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2, Defendant Apple Inc. ("Apple"), as movant, and Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs"), as respondents, respectfully submit the following Joint Stipulation regarding Apple's Motion to Compel Plaintiffs to Provide a Section 2019.210 Disclosure.  Pursuant to Local Rule 37-1, the parties met and conferred in good faith following a letter from Apple laying out the grounds for this Motion, but were unable to resolve the disputes presented here.  *See* Declaration of Ilissa Samplin ("Samplin Decl.") ¶¶ 9, 14.

## I.   <u>INTRODUCTORY STATEMENTS</u>

### A.   Apple's Introductory Statement

This *whole* case needs to move forward, not just the portion that Plaintiffs deem advantageous.  To that end, Apple brings this Motion to Compel to require Plaintiffs to finally—after more than seven months—describe their alleged trade secrets with reasonable particularity consistent with California Code of Civil Procedure Section 2019.210 ("Section 2019.210").[1]  Plaintiffs should provide a Disclosure within five days of the Court's order if Apple prevails.

A prompt Disclosure is consistent with *all* the purposes of Section 2019.210:  If Plaintiffs have a valid trade secret claim, they should have been able to describe their trade secrets with reasonable particularity months ago, and certainly now; a Disclosure will assist the Court in determining the appropriate scope of discovery—indeed, that is impossible without a Disclosure; and Apple finally will be able to investigate this case and prepare its defenses.  Plaintiffs' recent Motion for Preliminary injunction highlights all of these issues.  Apple has been asking Plaintiffs to identify by page and line number any patent that allegedly discloses Plaintiffs' purported trade secrets for *five months*.  Plaintiffs repeatedly refused to provide the information.  Then, after gaining access to Apple's confidential information, Plaintiffs suddenly filed a Motion for Preliminary

---

[1]  Hereinafter referred to as "Disclosure."

Injunction, with a five-day opposition period, identifying a single patent that names Marcelo Lamego—a former employee who worked for Apple for six months six years ago—and that published in 2019.   In other words, Plaintiffs are selectively, and strategically, advancing small portions of their ever-shifting trade secret case to maximum advantage, giving Apple mere days to address the gamesmanship.   Absent a Disclosure, this imbalance will continue.

None of Plaintiffs' reasons for delay are appropriate.   First, Plaintiffs refused to provide a Disclosure on the basis that Section 2019.210 does not apply in this case.   This Court rejected that position.   Then Plaintiffs insisted on waiting for the Protective Order. When the Protective Order was entered, they insisted on waiting until they filed the Second Amended Complaint ("SAC").   But now that they have filed the SAC, which is *not* an adequate description of Plaintiffs' purported secrets under Section 2019.210, Plaintiffs *still* refuse to provide a Disclosure.   Plaintiffs continue to repeat that they will provide a disclosure at some unidentified "reasonable time" in "due course."   The problem is that the reasonable time for producing a Disclosure passed long ago— Plaintiffs have had more than *six months* to back up the trade secret claim they filed at the beginning of the year.

Plaintiffs now claim that there will never be any date by which they must produce their Disclosure—and that Apple should not file this Motion—because the Court already ruled that there is no deadline for the Disclosure.   Not so.   Apple previously sought a stay—a Protective Order—until Plaintiffs provided a Disclosure.   Plaintiffs argued that they did not need to provide a Disclosure before commencing discovery relating to trade secrets because Judge Selna's Scheduling Order stayed *only* trade secret discovery.   The Court denied Apple's motion, and therefore Plaintiffs' counsel is reviewing Apple's core technical documents and source code.   Apple is not re-litigating its previous argument or the Court's orders.   Apple is raising an obvious problem that neither it nor the Court addressed:   Plaintiffs' contention that they do not need to provide a Disclosure *until some unidentified time that they deem maximally advantageous to their case*.   That new

issue—separate from the question of whether Plaintiffs needed to provide a Disclosure *before* commencing discovery—is the subject of this Motion.  Importantly, as far as Apple knows, the position in which it finds itself is unprecedented:  Plaintiffs are alleging trade secret misappropriation, Plaintiffs have served discovery that this Court already has found relates to the alleged trade secrets, Plaintiffs are pursuing a preliminary injunction based on alleged secrets that are slowly trickling out whenever it suits Plaintiffs' interests, and Apple still has no Disclosure.

Apple is being prejudiced by Plaintiffs' delay in producing a Disclosure. Plaintiffs are moving forward with the portions of the case that they want to advance while preventing Apple from attacking the trade secrets allegations.  The five days Apple has to oppose Plaintiffs' Motion for Preliminary Injunction is a perfect example—if Apple had a Disclosure, it would have begun preparing its defense long ago, and it should not be prevented from doing so forever.  Delaying a description of alleged trade secrets is a common problem—it is the very reason why Section 2019.210 was enacted—and the Court should put a stop to it so Apple can begin defending itself against Plaintiffs' allegations of trade secret misappropriation.

**B.    Plaintiffs' Introductory Statement**

Apple's motion is long on rhetoric and void of support.  It is a baseless attempt to reargue an issue on which it already lost many times.  Apple has ***repeatedly*** asked this Court and Judge Selna to order Plaintiffs to provide a Section 2019.210 statement by a date certain.  This Court and Judge Selna have repeatedly rejected that request.  Apple's feigned desire to move this case forward contradicts its repeated motions and defiance of multiple court orders.

First, Apple moved for a protective order and requested the Court order Plaintiffs to "serve on Apple no later than seven (7) days of the date of this Order a Section

Gibson, Dunn &
Crutcher LLP

Joint Stip. Re Apple's Mot. to Compel        3        Case No. 8:20-cv-00048-JVS (JDEx)

2019.210-compliant disclosure of their alleged trade secrets." Ex. 1 (Dkt. 43-5);[2] *see also* Ex. 2 (Dkt. 46) at 5.  This Court denied the request.  Ex. 3 (Dkt. 54) at 8-9.

Second, Apple objected to this Court's ruling under Rule 72 and asked Judge Selna to require Plaintiffs to provide a Section 2019.210 statement by a date certain.  Ex. 4 (Dkt. 57-1) at 1; Ex. 5 (Dkt. 57-17).  Apple even moved *ex parte* to stay this Court's order until Judge Selna decided the issue.  Dkt. 73.  Judge Selna denied Apple's *ex parte* application and then denied Apple's objections.  Dkt. 76; Ex. 6 (Dkt. 79).

Third, Apple specifically raised the issue with Judge Selna at a hearing on July 10 and again asked him to order Plaintiffs to produce a Section 2019.210 statement by a date certain.  Ex. 7 at 13:17-14:4.  Judge Selna rejected Apple's request.  *Id.* at 12:10-19; 14:11-15, 16:20-22.

As Judge Selna very recently found, Apple's arguments on Section 2019.210 have been litigated "multiple times" and "Apple has not prevailed."  Ex. 8 (Dkt. 92) at 2.  Judge Selna threatened to sanction Apple and its counsel for stubbornly refusing to accept the Court's decisions:

> ***This issue has been litigated multiple times, and Apple has not prevailed***. Now is the time for Apple to act: The Court expects prompt and full compliance.  Any further recalcitrance on Apple's part will likely draw an application for contempt or sanctions under 28 U.S.C. § 1927 or an invitation from the Court to seek such relief.

*Id*.[3]

Apple attempts to evade the Court's clear orders by arguing its prior motions merely asserted Plaintiffs should not start ***discovery*** before they serve a Section 2019.210 statement.  Not so.  Apple unequivocally sought orders requiring Plaintiffs to provide a Section 2019.210 statement by a date certain.  This Court and Judge Selna repeatedly denied that relief.

---

[2] All citations to exhibits in Plaintiffs' sections are to the exhibits attached to the Declaration of Adam Powell, filed herewith.

[3] All emphasis in Plaintiffs' sections is added unless otherwise noted.

Apple even makes the identical arguments that this Court and Judge Selna already rejected. For example, Apple argues a Section 2019.210 disclosure is required because Plaintiffs will supposedly only provide a disclosure at "some unidentified time that they deem maximally advantageous to their case." But Apple already argued that identical speculation to this Court and Judge Selna. *See, e.g.,* Ex. 4 (Dkt. 57-1) at 2; Ex. 9 (Dkt. 71) at 10. This Court and Judge Selna both rejected that argument. *See* Ex. 3 (Dkt. 54); Ex. 6 (Dkt. 79). Similarly, Apple complains that "Plaintiffs have served discovery" that Apple contends relates to trade secrets but "Apple still has no [2019.210] Disclosure." Apple repeatedly made that same argument to this Court and Judge Selna. *See, e.g.*, Ex. 10 (Dkt. 43-1) at 3; Ex, 2 (Dkt. 46) at 1; Ex. 4 (Dkt. 57-1) at 5. This Court and Judge Selna both rejected that argument. *See* Ex. 3 (Dkt. 54); Ex. 6 (Dkt. 79).

Apple's continued unsupported complaints about the timing of Plaintiffs' Section 2019.210 statement also ignore the facts. Specifically, Apple's repeated claims that it desires to move the case forward are contradicted by the fact that it repeatedly refused to comply with the Scheduling Order requiring production of Apple's technical documents and recently *moved to dismiss* Plaintiffs' Second Amended Complaint ("SAC"). In its motion to dismiss, Apple argues Plaintiffs' *pleading* did not identify Plaintiffs' trade secrets with "sufficient particularity"—a similar standard to Section 2019.210. There is no reason for Plaintiffs to provide a Section 2019.210 statement when Apple is litigating the same issue right now before Judge Selna. Indeed, Apple fails to cite a single case that ever required a Section 2019.210 statement *before* the pleadings were closed. To the contrary, the only cases Apple cites requiring a date certain did so *after* the pleadings closed. It is far more efficient for the Court to resolve Apple's pleading challenge and Apple to answer the SAC *before* Plaintiffs provide a Section 2019.210 statement relating to those trade secrets.

Apple also claims Plaintiffs purportedly suggested they may provide a Section 2019.210 statement earlier. But Plaintiffs never agreed to provide a Section 2019.210 statement by any particular date. Moreover, all of the statements on which Apple relies

were *before* Plaintiffs knew that Apple was going to continue challenging the pleadings. After Plaintiffs filed the SAC describing their trade secrets in substantial detail, Apple should have answered and moved this case forward.  When Apple implied it may file another motion to dismiss, Plaintiffs explained that they should not have to provide a Section 2019.210 statement while the pleadings remained open.  Apple then moved to dismiss the SAC on a similar standard as Section 2019.210.

Simply put, Apple has no basis for bringing yet another motion raising the same issue that it has repeatedly lost.  Apple's attempt to reargue issues on which it lost has become a disturbing pattern in this case.  The Court should deny Apple's Motion.

## II.   <u>APPLE'S POSITION</u>

### A.   **Factual Background**

Plaintiffs filed this case on January 9, 2020.  Since then, Apple repeatedly has asked Plaintiffs to provide a Disclosure.  Despite the seriousness of their allegations, Plaintiffs have not provided a Disclosure or even a date by which they will do so.

At first, Plaintiffs refused to comply with Section 2019.210 on the basis that it does not apply in federal court at all.  Dkt. 33 at 14-15.  Plaintiffs insisted that Apple serve an interrogatory seeking the same information (*id.*), undoubtedly because they wanted the flexibility to amend an interrogatory response throughout the discovery process based on what they find in Apple' files—which is one of the reasons why Section 2019.210 disclosures are necessary in trade secret cases.  If Plaintiffs could respond to an interrogatory, they could and should have been able to provide a Disclosure.  It is now clear that Plaintiffs never intended to provide a detailed description of their alleged secrets.  Indeed, Plaintiffs objected to the application of Section 2019.210 in the parties' Rule 26(f) Report, but on April 17, 2020, the Court stayed trade secret discovery only pending compliance with Section 2019.210.  Dkt. 37.   Plaintiffs *still* did not provide a Disclosure.

In the intervening four months, Plaintiffs steadfastly refused to provide a Disclosure or to commit to a date by which they will do so.  Plaintiffs continue to respond

Gibson, Dunn & Crutcher LLP

to Apple's request with rote statements that they will provide a Disclosure in "due course" or at a "reasonable time."  Below are just a few examples from the last four months.

April 21:  "We will provide a Section 2019.210 disclosure *in due course*, but will need a Protective Order in place before doing so."  Samplin Decl. ¶ 4 & Ex. A.

June 9:  "Plaintiffs expect to provide a 2019.210 statement and other confidential information *within a reasonable time* period after entry of a protective order."  *Id.* ¶ 6 & Ex. C.

June 12:  "Nothing supports Apple's demand that Plaintiffs provide a date certain by which they will serve any 2019.210 statement.  As we have repeatedly explained, Judge Selna's order did not require a 2019.210 statement at all, much less by a date certain."  *Id.* ¶ 6 & Ex. C.

July 9:  "Plaintiffs' Section 2019.210 statement is a different issue with no due date.  Nonetheless, Plaintiffs will provide that statement *in due course*."  *Id.* Ex. D.

July 16:  "Plaintiffs are in the process of preparing an amended complaint, which will describe Plaintiffs' asserted trade secrets in more detail.  Plaintiffs' amended complaint will be relevant to the scope of trade secret discovery in this case and the Section 2019.210 statement."  *Id.* ¶ 8 & Ex. E.

July 30:  Plaintiffs refused to provide a Disclosure or a deadline on the basis that Apple asked for a prompt Disclosure when Apple sought a stay of discovery.  *Id.* ¶ 10 & Ex. E.

August 14:  Plaintiffs serve belated amended responses to Apple's First Set of Interrogatories, identifying—for the very first time—a non-exhaustive list of patents that published in 2017, 2018, and 2019, that allegedly disclosed Plaintiffs' unspecified trade secrets, but not identifying by page and line number where the alleged trade secrets appear.  *Id.* ¶ 11 & Ex. G.  Plaintiffs could and should have disclosed this information at the beginning of the case—Apple began asking for it in March 2020 and repeatedly

followed up on the request. *Id.* ¶ 12 & Ex. H.   Instead, Plaintiffs withheld the information.

<u>August 17</u>:  Plaintiffs filed their Motion for Preliminary Injunction alleging that a patent that published in 2019 disclosed Plaintiffs' alleged trade secrets.

The problem, as set forth in more detail below, is that while the Court did not grant Apple's motion for a stay, it also did not rule that Plaintiffs can avoid providing a Disclosure forever.   Furthermore, the Court recognized that at least some of the discovery that Plaintiffs already served is trade secret-related even if the discovery is not "solely" related to trade secrets.  Dkt. 54 at 8.  Thus, a Disclosure is required.

**B.     Legal Standard**

"[T]he California Legislature enacted [California Code of Civil Procedure] § 2019[.210] contemporaneously with, and as an integral part of, the Uniform Trade Secrets Act." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 991-92 (S.D. Cal. 1999).   Section 2019.210 provides that in any action alleging misappropriation of trade secrets under CUTSA, "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Cal. Civ. Proc. Code § 2019.210.

The early identification of trade secrets serves four purposes that are relevant here:

> First, it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets. Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.

*Computer Econ.*, 50 F. Supp. 2d at 988-92.

Under Section 2019.210, a plaintiff is required "to identify or designate the trade secrets at issue with 'sufficient particularity' to limit the permissible scope of discovery by distinguishing the trade secrets 'from matters of general knowledge in the trade or of

special knowledge of those persons . . . skilled in the trade.'" *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005) (quoting *IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998)) (citation omitted).

Where "alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field." *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1112 (N.D. Cal. 2016) (citation and internal quotation marks omitted). "Catchall descriptions, lists of categories of alleged trade secrets in broad terms, or a listing of concepts that the plaintiff asserts constitute its trade secret information are all insufficient under Section 2019.210," as are "designations that are not sufficiently concrete, leaving room for the designating party to change the meaning of the trade secret after the completion of discovery." *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.) (citation, internal alterations, and quotation marks omitted).

Even if discovery begins without a Disclosure, trade secret plaintiffs are not exempted from compliance with Section 2019.210. To the contrary, courts order plaintiffs in trade secret cases to comply with Section 2019.210 where, as here, there is no stay on discovery. In *Loop AI Labs Inc v. Gatti*, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015), for example, the court did not stay discovery on the non-trade secret claims, but ordered plaintiff to file and serve a Disclosure within 21 days.

Finally, a party should not be able to use a preliminary injunction to learn more about a defendant's information and defenses without a fixed Disclosure. Otherwise, the plaintiff can "reboot its alleged trade secrets lineup and try again when the opening skirmish illuminates glaring flaws in [plaintiff's] case. *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *3 (N.D. Cal. May 31, 2018) (permitting a new Disclosure after discovery commenced and after a motion for preliminary injunction was filed on

the condition that "the new disclosure would be the final definition of Swarmify's alleged trade secrets for this case").

### C.   Plaintiffs Should Provide A Disclosure Promptly

#### 1.   The Four Purposes of Section 2019.210 Are Served by a Prompt Disclosure

Plaintiffs' strategy of do little and delay in providing a Disclosure is a common one. "Trade secret plaintiffs rarely provide a precise and complete identification of the alleged trade secrets at issue without a court order requiring them to do so. This is a strategy, not an accident. The tactical advantages a plaintiff gains from non-identification are too tempting for a plaintiff to voluntarily provide such identification." *Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333, 1344 (2009) (internal quotations and citations omitted). Unless forced to identify its trade secrets with particularity as required by Section 2019.210, a plaintiff can make tactical use of discovery to "change its claims to conform to the information defendant revealed in discovery." *Social Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012). To state the obvious, "to prepare a defense against claims that it has misappropriated trade secrets, [the defendant] will need to know the substance of the secrets it has allegedly stolen," and the defendant cannot do so without that substance. *Via Techs., Inc. v. Asus Computer Int'l*, 2016 WL 5930280 at *3 (N.D. Cal. Oct. 12, 2016) (emphasis in original).

Plaintiffs' gamesmanship should not be allowed to continue. It frustrates all of the purposes of Section 2019.210 and prejudices Apple:

*First*, if Plaintiffs have a valid trade secret claim, they should have provided a Disclosure as early as possible. With every day that passes, it becomes more difficult to determine if Plaintiffs could have described a single valid trade secret without reviewing Apple's confidential information. The fact that the Court allowed Plaintiffs to access Apple's confidential information so that the patent case could move forward does not change this urgent need for the trade secret side of the case to also move forward:

"Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff. *A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery*." *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) (emphasis added).

*Second*, a Disclosure will make it easy for the parties, and, if necessary, the Court, to determine if Plaintiffs are using discovery to obtain Apple's trade secrets. Right now, Plaintiffs can simply claim that discovery is not "solely" trade secret-related. The Disclosure will make it possible to determine if Plaintiffs' positions are legitimate. *Computer Econ.*, 50 F. Supp. 2d at 989 ("Only until a plaintiff identifies its allegedly misappropriated trade secrets can the court determine the relevance, and therefore the scope, of discovery.").

*Third*, a Disclosure will make it possible for the Court to frame the scope of discovery. Right now, neither Apple nor the Court have any way to frame discovery— there are no boundaries on Plaintiffs' trade secret misappropriation claim because the purported trade secrets have not been described with reasonable particularity. *Loop AI Labs Inc.*, 2015 WL 9269758, at *2–3 (rule requiring pre-discovery identification of trade secrets "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope").

*Fourth*, without a Disclosure, Apple is in the dark as to how to prepare its defense in this case. *Jobscience, Inc.*, 2014 WL 1724763, at *2 ("Defendants cannot reasonably prepare [their] defenses and search for art in the field if the boundaries of the trade secret are … undetermined"). Plaintiffs accuse the Apple Watch of incorporating Plaintiffs' confidential information, but without a Disclosure, Apple has no idea what part of the Apple Watch incorporates any confidential information. Likewise, Plaintiffs accuse Apple of disclosing Plaintiffs' confidential information in patent filings, but Apple does not have a complete list of such patent filings (Plaintiffs' interrogatory response lists

examples) or any indication of where in those filings the alleged secrets appear (Plaintiffs have not pointed to line or page numbers for any patent filing). Apple has been repeatedly asking for identification of the patent filings, including line and page numbers, for *five months*. Plaintiffs withheld information about any patents that allegedly disclose their trade secrets until Friday, August 14, 2020, when they could spring those allegations to maximum advantage in their Motion for Preliminary Injunction filed the following Monday, on August 17, 2020. Samplin Decl. ¶ 11 & Ex. G.

## 2. None of Plaintiffs' Excuses for Delay Are Proper

The Court rejected Plaintiffs' arguments that (a) Section 2019.210 does not apply to this case, and (b) that Apple should serve an interrogatory instead of seeking a Disclosure. *See* Dkt. 33 (Joint 26(f) Report); Dkt. 37 (staying trade secret discovery "only pending compliance with 2019.210").

Plaintiffs' delay pending entry of the Protective Order was also improper. *Soc. Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *5 (N.D. Cal. June 14, 2012) (finding trade secret disclosure insufficient and ordering plaintiff to serve an amended disclosure, noting "[t]he Court is mindful that an identification of the trade secrets at issue might require a protective order or sealing order . . . [h]owever, the need to seek further protective or sealing orders does not excuse [plaintiff's] failure to identify the trade secrets."). Furthermore, Apple offered to treat the disclosure as Attorneys' Eyes Only—which, under the Protective Order in this case, permits the Disclosure to be shared only with Apple's outside counsel, and does not permit even Apple's in-house litigation counsel to view it—yet Plaintiffs still refused to produce it.

Plaintiffs' delay pending the filing of the SAC was also improper. It is well-established that the standard for pleading a trade secret claim is different from the standard for providing a reasonably particular description under Section 2019.210. *M/A-COM Tech. Sols., Inc.*, 2019 WL 4284523, at *3 ("A finding that allegations are sufficient to survive a motion to dismiss does not mean the trade secret allegations are

sufficient under Section 2019.210."); *Gatan, Inc.*, 2018 WL 2117379, at *2 (noting the district court's finding that trade secret allegations were sufficient to survive a motion to dismiss "did not prejudge whether plaintiff's trade secret allegations satisfied § 2019.210," and concluding the disclosures were insufficient under Section 2019.210).

The Court should reject any suggestion that the SAC is a sufficient Disclosure. An adequate Disclosure under Section 2019.210 at a minimum first "must clearly identify what the 'thing' is that is alleged to be a trade secret, and second, [Plaintiffs] must be able to clearly articulate why that 'thing' belongs in the legal category of trade secret." *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011).   The SAC, however, is rife with language that courts have held improper in a Disclosure under Section 2019.210.   As this Court held in another case, "catchall" descriptions, a "lists [of] categories of alleged trade secrets in broad terms," or "a listing of concepts that [the plaintiff] asserts constitute its trade secret information" are all insufficient under Section 2019.210.   *M/A-COM Tech. Sols., Inc*, 2019 WL 4284523, at *2 (citing *Loop AI Labs Inc.*, 195 F. Supp. 3d at 1113-114); *see also Gatan, Inc.*, 2018 WL 2117379, at *3 (noting the "use of catchall words such as 'including' weighs against a finding that the designation satisfies § 2019.210").   Designations that are not sufficiently concrete, leaving room for the designating party to change the meaning of the trade secret after the completion of discovery, are inadequate.   *M/A-COM Tech. Sols., Inc.*, 2019 WL 4284523, at *2 (noting the words "details of" a process or product, without specifying those details, are inadequate under § 2019.210); *see also Jobscience, Inc.*, 2014 WL 852477, at *5 (applying § 2019.210, noting "it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff," and requiring the plaintiff to "identify, up front, and with specificity the particulars of the trade secrets without discovery").

The SAC's introductory paragraph setting out Plaintiffs' alleged secrets already was found to be too vague to pass even the pleading standard.   Dkt. 60 at 7.   The next

nine paragraphs describe five broad categories of techniques and strategies. Each category runs afoul of the cases prohibiting catchall phrases and high-level descriptions that enable the plaintiff to keep shifting the purported secrets. Each category in the SAC lists a "technique" or "strategy," the "value and importance of such" technique or strategy, followed by the catchall word "including," and then various sub-categories. *See, e.g.*, SAC ¶¶ 41, 43, 45, 47. Then, rather than identifying a specific document or code, Plaintiffs claim that "Plaintiffs' documents that relate to the trade secrets in the preceding paragraph include [documents by bates number]." *Id*. ¶¶ 42, 44, 46, 48. These paragraphs fail to identify any alleged trade secrets with "'sufficient particularity' to limit the permissible scope of discovery by distinguishing the trade secrets 'from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.'" *Advanced Modular Sputtering*, 132 Cal. App. 4th at 835 (quoting *IMAX Corp.*, 152 F.3d at 1164-65) (citation omitted). Indeed, the SAC does nothing to distinguish the purported secrets alleged therein from public information. *See, e.g.*, *Perlan Therapeutics*, 178 Cal. App. 4th at 1352 (Section 2019.210 disclosure inadequate where plaintiff "did not clearly explain how its secrets (or secret combinations of publicly available processes) differed from publicly available knowledge"); *Bladeroom Grp. Ltd. v. Facebook, Inc.*, 2015 WL 8028294 at *4 (N.D. Cal. Dec. 7, 2015) (trade secret disclosures inadequate where it unclear "which aspects are publicly known and which are not"); *Top Agent Network, Inc. v. Zillow, Inc.*, 2015 WL 7709655, at *5 (N.D. Cal. Apr. 13, 2015) ("failure to distinguish the allegedly shared trade secrets from non-trade secret information renders [misappropriation] claim defective").

In sum, the SAC is not sufficiently particular, leaves Plaintiffs ample room to shift their trade secret allegations during the life of the case, and therefore cannot serve as a Disclosure under Section 2019.210. Lest there be any doubt about this, Plaintiffs' Motion for Preliminary Injunction shifts the sands again: Plaintiffs allege disclosure in a patent that appears nowhere in the SAC. Dkt. 111-1. Thus, there can be no dispute that the SAC does not even include, let alone describe, the alleged trade secrets.

And while Plaintiffs' belated amended responses to Apple's trade secret-related interrogatories—served on the Friday before Plaintiffs filed their Motion for Preliminary Injunction the following Monday—identify the patent referenced in the Motion for Preliminary Injunction, they in all other respects suffer from the exact same deficiencies as the SAC. The interrogatory responses provide merely the same broad overview of the alleged trade secrets as that contained in the SAC, without the more particularized information requested by the interrogatories (e.g., the identity of each person involved in the conception, design, development, and/or use of each alleged trade secrets, and the specific efforts taken to maintain the secrecy of each specific alleged secret). *See* Samplin Decl. Ex. G. Thus, the interrogatory responses are on their face deficient—and certainly do not satisfy Plaintiffs' Disclosure requirement in any event.

### 3. The Lack of a Disclosure Prejudices Apple

Apple cannot defend against trade secrets that have not been identified with reasonable particularity. To give but a few examples, by refusing to describe the alleged trade secrets with specificity, Plaintiffs make it impossible for Apple to investigate if any part of the Apple Watch or Apple's patents incorporate any of Plaintiffs' confidential information. Furthermore, if there are valid trade secrets here—and there is nothing to suggest that there are—Apple has no ability to identify those secrets and remove them from the Apple Watch or Apple patent filings or otherwise remedy any alleged misappropriation. It not only defies common sense that a true trade secret plaintiff would not want identify its alleged secrets quickly (to stop a defendant from continuing to use or disclose the secrets), it also is unfair to allow Plaintiffs to run up alleged damages by keeping Apple from curing any alleged misappropriation. The recent Motion for Preliminary Injunction is a prime example: Apple should not be left with just a few days to analyze trade secrets that trickle out in motions with short opposition periods; that does not give Apple a fair opportunity to defend itself. If Plaintiffs are permitted to stay the course, Apple will be forced to "wait until the eve of

1  trial to effectively defend against charges of trade secret misappropriation." *Computer*
2  *Econ.*, 50 F. Supp. 2d at 988-92.

3       Again, this whole case should move forward, not just the portions that Plaintiffs
4  deem most advantageous at the moment. Plaintiffs made weighty trade secret
5  allegations, and now they need to back them up.

6            **4.**    **The Court's Denial of Apple's Motion for a Protective Order**
7                  **Does Not Mean that Plaintiffs Can Delay Forever**

8       Plaintiffs' latest excuse for delay is that "Apple asked for a date certain in both its
9  motion for protective order and objections to Judge Early's ruling. Dkt. 43-5, Dkt. 57-
10  17. Both Judge Early and Judge Selna denied Apple's request." Samplin Decl. ¶ 10 &
11  Ex. E. The problem with this excuse is that Apple previously asked for production of a
12  Disclosure *before* discovery commenced. Dkt. 43. Apple did not brief—and the Court
13  did not decide—the unprecedented suggestion by Plaintiffs that they should be able to
14  delay production of a Disclosure until some unspecified, future date that is best for their
15  case (and harmful to Apple's case).

16       Thus, contrary to Plaintiffs' contention, Apple is not asking to re-litigate old
17  issues or revisit a prior ruling. Apple lost its Motion for a Protective Order and Plaintiffs'
18  lawyers are reviewing Apple's core technical documents and source code. Apple
19  believes that this is improper, but it is moving forward. To begin to prepare a defense
20  to Plaintiffs' trade secret misappropriation claim, however, Apple needs a Disclosure
21  (even if Plaintiffs have the benefit of Apple's confidential information in drafting the
22  Disclosure). Apple should not be forced to wait any longer, let alone until trial, to finally
23  learn the details of the allegations against it.

24       **D.**    **Conclusion**

25       Within five days of an order from this Court, Plaintiffs should serve on Apple a
26  Disclosure that includes: (1) a summary of the specific, alleged trade secrets; (2) the
27  background of the alleged trade secrets and a description of how each alleged secret has
28  derived independent, actual or potential economic value by virtue of not being generally

Gibson, Dunn & Crutcher LLP

Joint Stip. Re Apple's Mot. to Compel     16      Case No. 8:20-cv-00048-JVS (JDEx)

known to the public; (3) a description of how each alleged secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent.

## III.   **PLAINTIFFS' POSITION**

Plaintiffs would like nothing more than to move this case forward.  However, the Apple's refusal to comply with the Scheduling Order and repeated arguments regarding Section 2019.210 have taken months to resolve.  Judge Selna eventually threatened Apple with sanctions for failure to comply.  Apple has repeatedly proclaimed that it intends to litigate the sufficiency of Plaintiffs' identification of trade secret as long as it possibly can, regardless of how specific Plaintiffs' disclosure is.  Plaintiffs have long suggested to Apple a willingness to agree to mutual exchange dates for a Section 2019.210 statement and Apple's full production of documents.  Apple was never willing to even discuss such an exchange.  Apparently, Apple's idea of "moving the case forward" is to delay its own discovery obligations and prolong the pleadings as long as possible.

### A.   **Factual Background**

Both this Court and Judge Selna have already rejected the relief sought by Apple many times.  First, Apple argued that Judge Selna should bar patent discovery until Plaintiffs provided an "adequate" Section 2019.210 statement.  Ex. 11 (Dkt. 33) at 26, n.6.  Judge Selna rejected that argument and stayed "trade secret discovery only . . .." Ex. 12 (Dkt. 37).  Notably, Judge Selna entered a Scheduling Order that did ***not*** set a deadline for Plaintiffs to serve a Section 2019.210 statement.

Second, despite Judge Selna's clear decision, Apple sought a contrary ruling from this Court.  Apple requested an order halting all discovery and requiring Plaintiffs to produce a Section 2019.210 disclosure within seven days.  Ex. 1 (Dkt. 43-5).  Apple argued that "Plaintiffs are wrong to contend that they can provide a Section 2019.210 disclosure whenever *they* decide that discovery is trade secret-related" and that "[t]he

Court should order Plaintiffs to serve their [Section 2019.210] disclosure by May 28, 2020." Ex. 2 (Dkt. 46) at 1, 5 (emphasis in original); *see also* Ex. 1 (Dkt. 43-5). This Court rejected Apple's argument and denied Apple's Motion. Ex. 3 (Dkt. 54) at 8-9.

Third, unsatisfied with this Court's Order, Apple objected under Rule 72 and filed an *ex parte* application to stay this Court's Order. Ex. 4 (Dkt. 57-1); Dkt. 73. Again, Apple requested that Judge Selna "promptly require a Section 2019.210 disclosure," arguing Judge Selna had previously "ordered Section 2019.210 compliance." Ex. 4 (Dkt. 57-1) at 13; Ex. 9 (Dkt. 71) at 11. Judge Selna rejected Apple's request by denying both the application to stay and Apple's objections. *See* Dkt. 76; Ex. 6 (Dkt. 79).

Fourth, while Apple's objections were pending, Apple raised the issue again at a hearing before Judge Selna. Apple argued that Judge Selna should require "the [Section 2019] disclosure or that **date certain** and an order that it can't be changed without good cause." Ex. 7 at 13:17-14:4. Judge Selna rejected that request. *Id.* at 12:10-13; 14:11-15, 16:20-22.

Fifth, undeterred by Judge Selna and this Court's repeated orders, Apple unilaterally conditioned patent discovery on Section 2019.210. Apple attempted to impose an "ethical wall" prohibiting counsel who have access to Apple's confidential information from drafting or revising Plaintiffs' Section 2019.210 statement. Ex. 13 at 158. Apple thus attempted to impose its own condition requiring Plaintiffs to either (1) provide a Section 2019.210 statement immediately or (2) segregate its counsel into two separate teams that could not coordinate. Judge Selna ordered Apple to remove its unilateral "wall" and proceed with patent discovery. Ex. 8 at 1 (Dkt. 92). Judge Selna admonished Apple:

> ***This issue has been litigated multiple times, and Apple has not prevailed.*** Now is the time for Apple to act: The Court expects prompt and full compliance. Any further recalcitrance on Apple's part will likely draw an application for contempt or sanctions under 28 U.S.C. § 1927 or an invitation from the Court to seek such relief.

*Id.* at 2.  In continued defiance of this Court and Judge Selna's numerous orders, Apple now brings yet another motion seeking an order requiring Plaintiffs' to serve a Section 2019.210 statement by a date certain.

**B.     Argument**

**1.     This Court and Judge Selna Have Denied Apple's Request Numerous Times**

This Court and Judge Selna have collectively denied Apple's requests for a date certain at least ***three separate times***—once in this Court's order denying Apple's motion for a protective order (Ex. 3 (Dkt. 54)), once in Judge Selna's order denying Apple's objections (Ex. 6 (Dkt. 79)), and once at a hearing before Judge Selna (Ex. 7 at 12:10-13; 14:11-15, 16:20-22).  Judge Selna also rejected Apple's many attempts at self-help in refusing to participate in patent discovery pending an "adequate" Section 2019.210 statement.  Those decisions are now law of the case.  *SAS v. Sawabeh Information Services Co.*, No. CV 11-04147 MMM (MANx),2015 WL 12763541, at *6 (C.D. Cal., June 22, 2015) ("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court.") (quoting *United States v. Almazan–Becerra*, 537 F.3d 1094, 1096–97 (9th Cir. 2008)).  Apple cannot circumvent these decisions by filing yet another motion seeking ***identical*** relief.  Apple's Motion should be denied.

Apple attempts to sidestep these prior orders by claiming its prior motions merely argued Plaintiffs should not start ***discovery*** before they serve a Section 2019.210 statement.  Not so.  Apple unequivocally sought an order requiring Plaintiffs to provide a Section 2019.210 statement by a date certain.  Indeed, Apple's proposed order stated: "Plaintiffs shall serve on Apple no later than seven (7) days of the date of this Order a Section 2019.210-compliant disclosure of their alleged trade secrets." Ex. 1 (Dkt. 43-5).  This Court ***denied*** that relief. Ex. 3 (Dkt. 54).  Judge Selna similarly overruled Apple's objections and denied Plaintiffs' ongoing attempts to require a Section 2019.210 disclosure by a particular date. Ex. 9 (Dkt. 71) at 13-15 (Apple requesting the same

relief again); Ex. 6 (Dkt. 79) (Judge Selna denying the same relief again.); Ex. 7 at 13:17-14:4 (Apple requesting the same relief at a hearing); *Id.* at 12:10-13, 14:11-15, 16:20-22 (Judge Selna rejecting the relief).

Apple's present Motion seeks the identical relief it sought in its prior motions. Joint Stipulation at 1 (requesting "[d]isclosure within five days of the Court's order"). But Apple's arguments are essentially unchanged.  Indeed, large swaths of Apple's arguments above track Apple's previous arguments.  *Compare* Joint Stipulation Section II.C.1, *supra* ("The Four Purposes of Section 2019.210 Are Served by a Prompt Disclosure") *with* Ex. 10 (Dkt. 43-1) at 21-28 (section entitled "Plaintiffs' Refusal To Comply With Section 2019.210 Frustrates Each Of The ***Four Purposes*** Of The Statute") *and* Ex. 4 (Dkt. 57-1) at 8-13 (section entitled "Magistrate Judge Early's Order Is Inconsistent with the Purpose of Section 2019.210").  Apple even seeks to relitigate the issue of whether Plaintiffs served patent discovery, claiming that "Plaintiffs have served discovery that this Court already has found relates to the alleged trade secrets."  Joint Stipulation at 3.  In reality, this Court and Judge Selna found that Plaintiffs served ***patent*** discovery that "at most" only "arguably seek some of the same categories of information relevant to Plaintiffs' trade secrets."  Ex. 6 (Dkt. 79) at 4 (internal quotations omitted). This Court should reject Apple's fourth attempt to litigate this issue.

## 2. Plaintiffs Are Not Required To Serve A Section 2019.210 Statement By A Date Certain

Apple's arguments have not improved since this Court and Judge Selna previously rejected them.  Nothing requires Plaintiffs to provide a Section 2019.210 statement at this stage.  Indeed, the California legislature specifically ***rejected*** including a date certain requirement in Section 2019.210.  *See* Ex. 14 at 168, 172-73.  The initial legislative proposal required disclosure within 60 days of filing suit.  *Id* at 172-73.  The final statute contains no such requirement.  *See* Cal. Civ. Code § 2019.210.  Thus, the legislature necessarily determined that a date certain was not required.

Gibson, Dunn & Crutcher LLP

Joint Stip. Re Apple's Mot. to Compel          20          Case No. 8:20-cv-00048-JVS (JDEx)

1    Apple likewise cites no case law supporting its position.  Apple's cases requiring

2    a Section 2019.210 statement by a date certain required such a disclosure **after** the

3    defendant **answered** the complaint.  *See Loop AI Labs Inc v. Gatti*, No. 15-cv-00798-

4    HSG-DMR, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015) (Order requiring a

5    Section 2019.210 statement by January 11, 2016); Ex. 15 (Answer filed September 16,

6    2015); *Jobscience, Inc. v. CVPartners*, Inc., No. C-13-04519-WHA, 2014 WL 852477,

7    at *5 (N.D. Cal. Feb. 28, 2014) (ordering plaintiff to produce a Section 2019.210

8    statement after defendant answers).  Nothing requires Plaintiffs to serve a Section

9    2019.210 statement before even seeing Apple's answer, including any defenses.

10    None of Apple's other arguments have merit.  First, Apple complains that if

11    "Plaintiffs are permitted to stay the course, Apple will be forced to 'wait until the eve of

12    trial to effectively defend against charges of trade secret misappropriation.'"  Joint

13    Stipulation at 15-16 (*citing Computer Econ., Inc. c. Gartner Group, Inc*, 50 F. Supp. 2d

14    980,  988-92 (S.D. Cal. 1999).  That argument must be intended as hyperbole, because

15    this is clearly not the "eve of trial."  Apple has not even answered the Complaint, and

16    trial is not scheduled until April ***2022***.

17    Second, Apple points to Plaintiffs' prior statements that a Protective Order would

18    be necessary before Plaintiffs provided a Section 2019.210 statement.  But as Apple

19    pointed out, with a string of quotes, Plaintiffs never agreed to a specific deadline.

20    Moreover, all of those statements were **before** Apple told Plaintiffs they planned to move

21    to dismiss the SAC.  After Plaintiffs filed the SAC describing their trade secrets in more

22    detail, Apple should have answered and allowed this case to move forward.  When Apple

23    implied it may file another motion to dismiss, Plaintiffs explained that they should not

24    have to provide a Section 2019.210 statement while the pleadings remained open.

25    Powell Decl. ¶ 2.  It is not appropriate for Apple to demand a Section 2019.210 statement

26    while Apple continues to challenge the trade secret pleadings.

27    Third, Apple argues Plaintiffs are not entitled to rely on the recently filed SAC

28    because "the standard for pleading a trade secret claim is different from the standard for

providing a reasonably particular description under Section 2019.210."[4]  But that hardly supports Apple's argument.  This Court should not require Plaintiffs to serve a Section 2019.210 statement while the parties are addressing the adequacy of Plaintiffs' SAC in motion practice before Judge Selna.  Apple puts the cart before the horse by demanding that Plaintiffs simultaneously provide two separate trade secret disclosures that will be addressed by two separate Judges.

Indeed, in its motion to dismiss, Apple makes arguments nearly identical to the arguments Apple will undoubtedly make when, as it has promised, it challenges Plaintiffs' Section 2019.210 statement regardless of the detail provided.  No law or logic requires Plaintiffs to serve a Section 2019.210 statement inviting Apple to bring the *same* challenges and make the *same* arguments before this Court.

### 3.   None of Apple's Policy Arguments Justify Apple's Attempt To Relitigate These Issues

Rather than identify any authority supporting its position, Apple resorts to speculation and policy arguments.  But none of Apple's policy arguments support Apple's attempt to relitigate issues it already lost.  Indeed, Apple made matching arguments in its unsuccessful motions to this Court and Judge Selna.  Ex. 10 (Dkt. 43-1) at 21-28; Ex. 4 (Dkt. 57-1) at 8-13.  The Court may wish to review Apple's arguments in its objections to this Court's previous order, which closely track its arguments above. *See, e.g.*, Ex. 4 (Dkt. 57-1) at 8-13 ("Magistrate Judge Early's Order Is Inconsistent with the Purpose of Section 2019.210").  Judge Selna rejected those arguments.  Ex. 6 (Dkt. 79).  Nothing justifies Apple's attempt to obtain a different ruling from this Court.

Regardless, Apple's policy arguments are just as unpersuasive as they were the last time Apple asserted them.  First, Apple argues that Plaintiffs "should have provided a disclosure as early as possible" because "[w]ith every day that passes, it becomes more

---

[4] Apple also argues that the SAC does not satisfy Section 2019.210.  Apple's argument is irrelevant because Apple acknowledges Section 2019.210 does not apply to pleadings.

1  difficult to determine if Plaintiffs could have described a single valid trade secret without

2  reviewing Apple's confidential information."   Joint Stipulation at 10.   But Plaintiffs

3  already identified numerous trade secrets in the SAC before Apple produced *any*

4  confidential discovery.  Dkt. 89-1 ¶¶ 41-50.  Plaintiffs have also now provided strong

5  evidence of Apple's misappropriation in their pending Motion for Preliminary

6  Injunction.  *See, e.g.*, Dkt. 116 at 7-10.

7         Moreover, Apple's argument makes no sense because Plaintiffs will still have to

8  prove ownership and misappropriation at trial.  Indeed, despite Apple's desire to cast a

9  Section 2019.210 statement in stone, its *own* cited authority acknowledges that plaintiffs

10 are *permitted* to amend trade secret disclosures based on evidence uncovered in

11 discovery.  *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal.App.4th 1333, 1350

12 (Cal.App. 4 Dist., 2009) ("If, through discovery, Perlan uncovers information suggesting

13 defendants misappropriated additional trade secrets, it may have good cause to amend

14 its trade secret statement under appropriate circumstances."); *see also Swarmfly, Inc. v.

15 Cloudfare, Inc.*, No. 17-06957-WHA, 2018 WL 2445515 at *3 (N.D. Cal. May 31, 2018)

16 (allowing plaintiffs to amend its Section 2019.210 statement after receiving discovery).

17 Apple's cited case, *Jobscience*, does not hold otherwise and even allowed the plaintiffs

18 to review the defendant's source code *before* serving a Section 2019.210 statement.  Ex.

19 16 at 22:7-23:24, 30:19- 31:7; *see also Jobscience,* 2014 WL 852477 at *6 ("This order

20 need not address the inspection and discovery problems concerning the source code

21 ordered at the hearing orally.").

22         Second, Apple argues that a Section 2019.210 statement would make it possible

23 to determine "if Plaintiffs are using discovery to obtain Apple's trade secrets" by serving

24 discovery that is "solely" trade secret-related.  Joint Statement at 11.  But the Court can

25 already make this determination—discovery is not "solely" related to trade secrets if it

26 is relevant to Plaintiffs' patent case.  Whether the discovery is *also* relevant in some way

27 to trade secrets is irrelevant.  Apples cited case does not show otherwise.  *See Computer

28 Econ.*, 50 F.Supp.2d at 989.  Instead, it explained that a trade secret disclosure allows

courts to determine what discovery was relevant to those ***trade secrets***.  Plaintiffs have not yet served trade secret discovery.

Third, Apple argues a Section 2019.210 statement would "make it possible for the Court to frame the scope of discovery."  Joint Stipulation at 11.  But a Section 2019.210 statement is irrelevant to the patent discovery that Plaintiffs served.  The Court has no need to frame the scope of trade secret discovery because Plaintiffs have not served trade secret discovery.  Apple's cited case again addressed the scope of ***trade secret*** discovery and is not relevant here.  *See Loop AI Labs Inc.*, 2015 WL 9269758, at *2–3.

Fourth, Apple argues that "it is in the dark as to how to prepare its defense in this case" without a Section 2019.210 statement.  Joint Stipulation at 11.  But trial is not until April ***2022,*** and Apple is still challenging the pleadings.  Apple complains that Plaintiffs' Motion for Preliminary Injunction demonstrates Apple's inability to prepare defenses.  Joint Stipulation at 9.  But the Motion for Preliminary Injunction concerns the ***precise trade secret*** that Plaintiffs identified in the SAC nearly ***one month*** earlier.  *Compare* Dkt. 89-1, ¶ 41 *with* Dkt. 116 at 7-9.  Apple cannot ignore Plaintiffs' disclosures and feign ignorance.[5]

Apple's cited case, *Jobscience*, is distinguishable.  There, the court faulted plaintiffs for not defining trade secrets with the requisite specificity almost two months ***after*** defendant had answered the complaint.  *See* Ex. 17 (answer filed on March 14, 2014).  Here, Apple has not answered the SAC and has made it clear it will not do so anytime soon.  There is no prejudice to Apple in maintaining a stay on trade secret discovery until the pleadings close.  Indeed, Apple requested that stay.  Apple's incessant

---

[5] Apple also claims the confidential documents it produced somehow guided the trade secrets in Plaintiffs' Motion for Preliminary Injunction, but provides no factual support. The motion addresses an Apple patent ***publication*** that disclosed Plaintiffs' trade secrets, completely unrelated to any confidential documents Apple produced.  Further, Plaintiffs described the exact same trade secrets in the SAC before reviewing any Apple confidential information.

Gibson, Dunn &
Crutcher LLP

requests for an early Section 2019.210 statement is obviously not about "moving the case forward."

Moreover, Plaintiffs' actions are entirely consistent with the true purpose of Section 2019.210.  As Apple's own cited case explains, the purpose of Section 2019.210 is to prevent plaintiffs from "driving a competitor out of business" by serving "extensive discovery which the new business is ill equipped to afford."  *Computer Econ.*, 50 F. Supp. 2d at 985 n.6.  As Apple itself explained, it "is one of the largest technology companies in the world."  Dkt. 61-1 at 5.  There is no risk that Plaintiffs could drive ***Apple*** out of business by serving discovery requests, especially when trade secret discovery is stayed.

### 4. Apple's Requested Relief Again Far Exceeds The Requirements Of Section 2019.210

Finally, Apple again seeks relief that far exceeds the "reasonable particularity" requirement of Section 2019.210.  *See* Joint Statement at 16-17.  Specifically, Apple demands that Plaintiffs also provide background information about the trade secret, contentions regarding economic value, contentions regarding efforts to maintain secrecy, and format the trade secrets as a list of specific elements "as claims would appear at the end of a patent."  *Id.*  Judge Selna and this Court already rejected the ***identical*** request.  *See* Ex. 11 (Dkt. 33) at 20 (Apple requesting ***identical*** relief in the Rule 26(f)); Ex. 12 (Dkt. 37) (Court order requiring only "compliance with 2019.210"); Ex. 10 (Dkt. 43-1) at 28 (Apple requesting this relief in front of this Court); Ex. 3 (Dkt. 54) (this Court denying the requested relief); Ex. 9 (Dkt. 71) at 13-15 (Apple requesting the same relief again in front of Judge Selna); Ex. 6 (Dkt. 79) (Judge Selna denying the same relief again.).  This Court should reject Apple's fourth attempt at a do-over.

Apple cites ***no authority*** for these additional requirements.  Indeed, Apple previously acknowledged it was asking for ***more*** than mere compliance with Section 2019.210.  Ex. 10 (Dkt. 43-1) at 28 (Apple's prior request for an order requiring Plaintiffs to "[1] identify their alleged trade secrets with the reasonable particularity

1   Section 2019.210 requires; *and* [2] order Plaintiffs to serve on counsel a statement, under

2   seal, that includes [the additional requirements]").

3       In prior briefing, Plaintiffs argued Apple had cited **no authority** for its request.

4   *Id.* at 39-40; Ex. 18 (Dkt. 64) at 18-19.  Apple's reply brief on its Rule 72 objections

5   identified three cases for the first time when Plaintiffs had no opportunity to respond.

6   Ex. 9 (Dkt. 71) at 13-15.  Apple's decision to again not cite any support for its request

7   indicates that Apple apparently intends to sandbag Plaintiffs again by citing new cases

8   when Plaintiffs again have no opportunity to respond.  That is, of course, improper.

9       To the extent Apple cites the same cases in a supplemental memorandum, none

10   of those cases support its position.  Three cases were from the Northern District of

11   California and merely cited to each other and imposed these requirements without

12   discussion.  Dkt. 71 at 13-15 (citing *Jobscience,*  2014 WL 852477, at *5; *Openwave*

13   *Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-cv-00253-WHO, 2018 WL 2117424

14   (N.D. Cal. May 8, 2018) (citing *Jobscience*); *Gatan, Inc. v. Nion Co.*, No. 15-cv-01862-

15   PJH, 2018 WL 2117379 (N.D. Cal. May 8, 2018) (same)).  Apple's fourth case, which

16   is from this District, found a Section 2019.210 disclosure sufficient even though it did

17   ***not*** contain the additional requirements that Apple asks this Court to impose.  *See Bal*

18   *Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 13-cv-01880-JLS-KES, 2017 WL 10543565,

19   at *3, *6 (C.D. Cal. Mar. 13, 2017).

20       As the California Court of Appeals explained, Section 2019.210 may be satisfied

21   by any showing that is "reasonable, i.e. fair, proper, just, and rational, under all of the

22   circumstances . . .."  *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal.

23   App. 4th 826, 836 (2005) (internal quotations and citation omitted).  Apple's suggested

24   additions are nowhere to be found in the statue and inconsistent with the cases

25   interpreting the statute.  Nothing justifies Apple's baseless attempt to relitigate these

26   issues.  The Court should deny Apple's motion.

27

28

1    Dated: September 1, 2020          GIBSON, DUNN & CRUTCHER LLP

2

3                                      By:    /s/ *Joshua H. Lerner*
                                              Joshua H. Lerner
4                                             H. Mark Lyon
                                              Brian M. Buroker
5                                             Brian A. Rosenthal
                                              Ilissa Samplin
6                                             Brian K. Andrea
                                              Angelique Kaounis

7                                      *Attorneys for Defendant Apple Inc.*

8

9    Dated:  September 1, 2020         KNOBBE, MARTENS, OLSON & BEAR LLP

10

11                                     By:    /s/ *Adam B. Powell*
                                              Joseph R. Re
12                                            Stephen C Jensen
                                              Perry D. Oldham
13                                            Stephen W Larson
                                              Adam B. Powell

14                                     *Attorneys for Plaintiffs Masimo Corporation*
15                                     *and Cercacor Laboratories, Inc.*

16   33386406

17

18

19

20

21

22

23

24

25

26

27

28