Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC., a California corporation<br><br>　　　　　　Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SECOND AMENDED COMPLAINT AND SUPPORTING DOCUMENTS**<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal (1) portions of Plaintiffs' Opposition To Apple's Motion To Dismiss The Thirteenth Cause Of Action In Plaintiffs' Second Amended Complaint ("Opposition"); and (2) Exhibits 2-8 to the supporting Declaration of Adam B. Powell ("Powell Opposition Declaration"). Plaintiffs have provided a proposed redacted version of the Opposition.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an *alleged* trade secret by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

**A.    The Information Plaintiffs Seek To Seal Is Confidential**

Plaintiffs' Opposition contains descriptions of information that Plaintiffs assert constitutes trade secrets. Each category is described in more detail below.

-1-

1          First, the Opposition discusses Plaintiffs' confidential and proprietary technical trade secrets.  Powell Decl. ¶ 4.  This information is confidential and valuable to Plaintiffs in part because of its secrecy.  Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets.  If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs.  Thus, Plaintiffs would be harmed if these trade secrets were disclosed.  *Id.*

          Second, the Opposition discusses Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies.  *Id.* ¶ 5.  This information is confidential and valuable in part because of its secrecy.  Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans.  For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have.  Thus, Plaintiffs would be harmed if these trade secrets were disclosed.  *Id.*

          Third, the Opposition discusses Plaintiffs' trade secrets concerning interactions with hospitals.  *Id.* ¶ 6.  This information is confidential and valuable in part due to its secrecy.  Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities.  Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies.  Thus, Plaintiffs would be harmed if these trade secrets were disclosed.  *Id.*

          Fourth, Exhibits 2-8 are documents that are cited in the Opposition that further elaborate on and describe Plaintiffs' trade secrets discussed above.  *Id.* ¶ 7.  Disclosure of these documents would harm Plaintiffs for the same reasons described above.  *Id.*

### B. The Court Should Grant Plaintiffs' Application to Seal

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute Plaintiffs' Opposition discusses Plaintiffs' "*alleged* trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5.

Moreover, this Court has already sealed some of this same information. First, this Court granted Apple's application to file under seal its opening brief, which discusses some of the same information at issue in this application. *See* Dkt. 107. Second, the Court granted Plaintiffs' applications to seal the briefing on Plaintiffs' Motion for Preliminary Injunction, which discusses some of the same technical trade secret information at issue in this Application. *See* Dkts. 113, 152, 171. The Court should grant this Application for the same reason it granted the prior applications.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' respectfully request that the Court seal Plaintiffs' Opposition.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 4, 2020        By: */s/ Adam B. Powell*
             Joseph R. Re
             Stephen C. Jensen
             Perry D. Oldham
             Stephen W. Larson
             Adam B. Powell

             Attorneys for Plaintiffs,
             Masimo Corporation and
             Cercacor Laboratories

-3-