Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. 108)** |

If oral argument were held on Plaintiffs' Motion for Preliminary Injunction (Dkt. 108), Plaintiffs would explain a minor request for modification to the following paragraph, which would not impact the overall outcome of the decision:

> Plaintiffs present a third reason for proving misappropriation – respondeat superior. Mot. at 16-17. To grant relief in a motion for preliminary injunction, there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). Apple correctly notes that the theory of respondeat superior was not alleged in Plaintiffs' Second Amended Complaint. Opp'n at 15. The Court therefore declines to consider this basis for granting a preliminary injunction.

Tentative Order at 9. Plaintiffs request the Court modify this paragraph to state that the Second Amended Complaint ("SAC") does allege Apple is liable under respondeat superior. While making this change will not modify the Tentative Order's ultimate conclusion, it will alleviate unnecessary motion practice to amend the SAC. Plaintiffs would make the following points at any hearing:

"Under the doctrine of respondeat superior, an innocent employer may be liable for the torts its employee commits while acting within the scope of his employment." *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, 2010 WL 2764714, at *3 (N.D. Cal. July 13, 2010) (internal quotations omitted). An employer is vicariously liable "if the employee's act was an outgrowth of his employment, inherent in the working environment, typical of or broadly incidental to the employer's business, or, in a general way, foreseeable from his duties." *Id.* (granting preliminary injunction).

Here, Plaintiffs allege Apple is liable for the conduct of Plaintiffs' former employees within the scope of their employment at Apple. Dkt. 89-1 ¶¶ 233-235. Plaintiffs' reply brief (Dkt. 161-1 at 11, n.11) cited to Paragraph 235 of the SAC, which states that Apple is liable for using and disclosing Plaintiffs' trade

secrets because "Lamego used and disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant." Dkt. 89-1 ¶ 235; *see also id.* ¶ 234 ("Lamego disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant.").

The SAC also contains factual allegations plausibly showing the acts of Plaintiffs' former employees were an outgrowth of, and generally foreseeable from, their duties at Apple. *See, e.g.*, *id.* ¶¶ 21-24, 233-235. For example, Apple put Lamego in a position where he was developing the same technology that he had developed at Cercacor. *Id.* ¶¶ 21-24. Plaintiffs warned Apple that "Lamego possessed Plaintiffs' confidential proprietary information" and asked Apple to respect Plaintiffs' confidential information. *Id.* ¶ 23. Despite those warnings, "shortly after joining Apple in January 2014, Lamego began pursuing on behalf of Apple numerous patent applications directed toward technologies he worked on at Plaintiffs, and with which he had no prior experience or knowledge." *Id.* ¶ 24. Plaintiffs' allegations are sufficient to plead respondeat superior by alleging that Lamego's acts of using and disclosing Plaintiffs' trade secrets were within the scope of his employment at Apple. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 926 (9th Cir. 2001) ("Even though [plaintiff] did not specifically state she was basing her claim against the [defendant] on the doctrine of 'respondeat superior,' under the federal liberal pleading standards, [plaintiff's] allegations establish a sufficient basis to assert a claim that the [defendant] is liable under that doctrine.").

Accordingly, Plaintiffs respectfully request the Court change the Tentative Order to state that the SAC does allege Apple is liable under respondeat superior. Because this change will not modify the Tentative Order's ultimate conclusion, Plaintiffs do not believe oral argument is necessary to make this small change.

/ / /

|   |   |
|---|---|
| 1 | Plaintiffs also note that the Court's Tentative Order contains Plaintiffs' confidential information, which this Court previously sealed.  *See* Dkt. 113, 144, 152, 166.  Plaintiffs respectfully request the Court seal the final Order for the same reasons and allow Plaintiffs to file a redacted version within seven days of issuance.  Alternatively, if the Court prefers, Plaintiffs will file a formal application to seal the final Order within seven days of issuance. |

                                                        Respectfully submitted,

                                                        KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  September 15, 2020      By: */s/ Adam B. Powell*
                                                   Joseph R. Re
                                                   Stephen C. Jensen
                                                   Perry D. Oldham
                                                   Stephen W. Larson
                                                   Adam B. Powell

                                                 Attorneys for Plaintiffs,
                                                 Masimo Corporation and
                                                 Cercacor Laboratories

33493849