JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION IN PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:   October 5, 2020<br>Time:   1:30 p.m.<br>Place:   10C<br>Judge:   Hon. James V. Selna |

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:**

In accordance with Rule 201 of the Federal Rules of Evidence, Defendant Apple Inc. ("Apple"), by and through its attorneys, respectfully requests that the Court take judicial notice of Exhibits A and B attached to the Declaration of Joshua Lerner filed in support of this Request for Judicial Notice in support of Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in Plaintiffs' Second Amended Complaint ("Motion to Dismiss"):

1. **Exhibit A:** A true and correct copy of the Application Data Sheet filed by Cercacor Laboratories, Inc., on January 13, 2014, for Patent Application No. 14/153,393, which is publicly available through USPTO's Public Patent Application Information Retrieval (Public PAIR). On page 3 of the Application Data Sheet, Cercacor checked the box next to "Request Not to Publish."

2. **Exhibit B:** A true and correct copy of a Masimo press release, "New Clinical Studies Presented at the American Society of Anesthesiologists Annual Meeting Show Benefits of Masimo Noninvasive Technologies: SpHb, PVI, RRa, and SEDLine," (Oct. 11, 2011), which is publicly available at https://investor.masimo.com/news/news-details/2011/New-Clinical-Studies-Presented-at-the-American-Society-of-Anesthesiologists-Annual-Meeting-Show-Benefits-of-Masimo-Noninvasive-Technologies-SpHb-PVI-RRa-and-SEDLine/default.aspx.

## JUDICIAL NOTICE IS WARRANTED

This Court "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice

1
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  Exhibits A and B are relevant to the arguments raised by Apple in its concurrently filed Reply and in its Memorandum, both in support of Apple's Motion to Dismiss.

The Court should take judicial notice of Exhibit A because it is a published patent application document filed with the USPTO that is publicly available through the USPTO's Public Patent Application Information Retrieval (Public PAIR) and is not reasonably subject to dispute.  Courts routinely take judicial notice of USPTO filings and information available through public USPTO search databases.  *See, e.g., Oroamerica Inc. v. D&W Jewelry Co., Inc.*, 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of USPTO registration certificates, patent file history, and patent application materials); *O'Hanlon v. AccessU2 Mobile Sols., LLC*, 2019 WL 1081079, at *7 n.5 (D. Colo. Jan. 22, 2019); *Viveve, Inc. v. Thermigen, LLC*, 2017 WL 5257007, at *11 n.1 (E.D. Tex. Nov. 13, 2017); *TransCardiac Therapeutics, Inc. v. Yoganathan*, 15 F. Supp. 3d 1364, 1373 n.12 (N.D. Ga. 2014).  As discussed more fully in the Reply In Support Of Apple's Motion to Dismiss, Exhibit A is an Application Data Sheet filed by Cercacor Laboratories, Inc., on January 13, 2014, for Patent Application No. 14/153,393, which is publicly available through USPTO's Public Patent Application Information Retrieval (Public PAIR).  On page 3 of the Application Data Sheet, Cercacor checked the box next to "Request Not to Publish."

The Court should take judicial notice of Exhibit B "to indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).  Exhibit B is a published press release and the fact that the contents of this press release are presented on Masimo's public website is not reasonably subject to dispute.  Courts routinely take judicial notice of "press releases and news articles … to 'indicate what was in the public realm at the time …'" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (collecting

2
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

cases); *Soundgarden v. UMG Recordings, Inc.*, 2020 WL 1815855, at *4 (C.D. Cal. Apr. 6, 2020); *Carmel v. Mizuho Bank, Ltd.*, 2018 WL 6981840, at *2 (C.D. Cal. Nov. 13, 2018).  Here, Apple requests only that the Court take judicial notice of the press release "as an indication of what information was in the public realm at the time." *Von Saher*, 592 F.3d at 960.  Apple does not ask the Court to take judicial notice of the truth of the facts stated in press release.  *Gerritsen*, 112 F. Supp. 3d at 1029.  As discussed more fully in Apple's Memorandum and Apple's Reply In Support Of Apple's Motion to Dismiss, the Exhibit B press release publicly describes Plaintiffs' studies and relationships with hospitals relating to Masimo's technology, and the resultant data.  For example, the press release states that "over 25 new clinical studies evaluating Masimo noninvasive patient monitoring technologies were presented at the largest gathering of anesthesiologists in the world," and lists, for example, "Researchers Steven Frank, M.D., James Rothschild, M.D., and John Ulatowski, M.D., at Johns Hopkins Hospital in Maryland" and "Researchers Peter Winch, M.D., Aymen Naguib, M.D., Julie Rice, R.N., and Joseph Tobias, M.D., at Nationwide Children's Hospital."  The press release also publicly describes the results of a number of studies.

*   *   *

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits A and B filed concurrently herewith as an exhibit to the Declaration of Joshua Lerner, and consider these exhibits in ruling on Apple's Motion to Dismiss.

3

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Dated: September 18, 2020.

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

4
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP