UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

REDACTED   CIVIL MINUTES - GENERAL

Case No.   SACV 20-00048 JVS(JDEx)                                  Date   Sept. 16, 2020

Title      Masimo Corporation et al. v. Apple Inc.

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Preliminary Injunction**

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc., (collectively – "Plaintiffs") filed a motion for preliminary injunction. Mot., ECF No 116. Defendant Apple, Inc. ("Apple") filed an opposition to the motion. Opp'n, ECF No. 150. Plaintiffs filed a reply. Reply, ECF No. 161-1.

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

   A.   The Technology at Issue

Plaintiffs are two companies that confidentially collaborate to develop technology that is used in medical devices. Mot. at 1-2. Relevant to this litigation is Plaintiffs' techniques to noninvasively monitor physiological parameters. Id. To monitor physiological parameters without entering the body, Plaintiffs have developed signal processing techniques that are able to analyze how the human body absorbs light at various frequencies. Diab Decl., ECF No. 119, ¶ 4.

One difficulty in measuring how the body absorbs light at multiple frequencies occurs when light from those multiple sources first reaches the detector: the detector is only able to produce a single digital data stream that describes overall intensity of the light detected. Id. at ¶ 5. What is needed, however, is a way to parse from this single data stream how the body absorbed the light at each of the various frequencies used. Id. To extract relevant information about the body's absorption of light at the different

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00048 JVS(JDEx)          Date  Sept. 16, 2020

Title  Masimo Corporation et al. v. Apple Inc.

frequencies used, Masimo uses a technique called modulation and demodulation. Id. Modulation is the intentional variation of a wave, in this case light, so that it carries information, while demodulation is the process of extracting the relevant information carried by the modulated wave. For modulation, Masimo specifically uses a process called "time-division multiplexing" that involves turning on and off different light sources in a repeatable pattern. Id. at 8.



B.   *Factual Background*

For about seven years up to January 2014, Marcelo Lamego ("Lamego") was the Chief Technological Officer of Ceracor Laboratories ("Ceracor"). Pl. Ex. 4 at 16. During this time, Lamego was intimately involved with the development of Plaintiffs' technology. Diab Decl. at ¶ 31. He specifically told one Ceracor employee to implement the technique described above. Poeze Decl. at ¶ 6. In May 2009, Lamego also signed a confidentiality agreement that extended to beyond the time when he was employed by Ceracor. Pl. Ex. 5 at 23, a practice that is routine at Plaintiff companies. Kiani Decl., ECF No. 118, at ¶ 8.

In January 2014, Lamego left Ceracor for Apple, where he worked until June of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00048 JVS(JDEx)                                Date   Sept. 16, 2020

Title   Masimo Corporation et al. v. Apple Inc.

that year. Pl. Ex. 4 at 16. That January, Plaintiffs' counsel sent a letter to Apple notifying the company about Lamego's confidentiality agreement. Pl. Ex. 5. In September 2014, Apple filed an application for what became Patent 10,219,754 ("'754 Patent"). Pl. Ex. 14 at 322. The '754 Patent listed Lamego as the sole inventor. Id. Apple also requested non-publication of the application so that it would not be published until the '754 Patent was issued. Pl. Ex. 13 at 279. The '754 Patent was issued in March 2019. Pl. Ex. 14 at 322.

Plaintiffs also have filed for two patents particularly relevant here because of their connection to the technology described above. One application, for Patent 9,861,305 ("the '305 Patent"), was filed in October 2006 with a non-publication request. Def. Ex. C at 57. The '305 Patent was issued in 2018. Id. A second application, for Patent 8,471,713 ("the '713 Patent"), was filed in July 2009, and the patent was issued in June 2013. Def. Ex. D at 79.

On January 9, 2020, Plaintiffs filed their complaint with this court, alleging a variety of causes of action against Apple including trade secret misappropriation under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq. ("CUTSA"). Compl. ECF No. 1. On July 27, Plaintiffs filed an application to submit a second amended complaint. SAC, ECF No. 89-1. Specifically, Plaintiffs argue that the '754 Patent made public the technique described above, which they argue was a trade secret. Mot. at 7. Starting on March 6, Apple has refused at least three times to answer questions from Plaintiffs about whether there are currently unpublished patent applications that list Plaintiffs' former employees as inventors and about whether they will allow any such patent applications to publish. to Pl. Ex. 7-11.

On August 17, Plaintiffs filed the instant motion for preliminary injunction. Mot. Plaintiffs ask the Court to grant the following preliminary injunction:

> 1. Apple shall take all necessary steps to prevent publication of any Apple patent, patent application, document, or other presentation of information that: (a) Concerns measurement or tracking of health-related or physiological information; and (b) Names as an inventor or author one or more of Plaintiffs' former employees; Until, 2. Apple provides Plaintiffs with a copy of the patent, patent application, document, or other presentation of information on a confidential basis and either: (a) Plaintiffs do not seek injunctive relief within 60 days of receiving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-00048 JVS(JDEx)     Date Sept. 16, 2020

Title    Masimo Corporation et al. v. Apple Inc.

the information from Apple; or (b) Plaintiffs seek injunctive relief and the Court denies such relief.

Prop. Order, ECF No. 110-1, at 1.

## II. LEGAL STANDARD

On an application for a preliminary injunction, the plaintiff has the burden to establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Moreover, in the Ninth Circuit, the plaintiff may meet this burden if it "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1429 (9th Cir. 1995) (internal quotations and citation omitted). "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." Global Horizons, Inc. v. U.S. Dep't of Labor, 510 F.3d 1054, 1058 (9th Cir. 2007) (citing Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987)).

## III. DISCUSSION

    A.     *Success on the Merits*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS(JDEx) | Date | Sept. 16, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

To prove a prima facie case of trade secret appropriation, the CUTSA "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (Cal. Ct. App. 2008) (citing Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (Cal. Ct. App. 2003)). See also Cal. Civ. Code § 3426.1. The Court addresses the first two of these elements in turn, and combines the analysis of damage to the plaintiff in its analysis of irreparable harm.

       1.    *The Existence of a Trade Secret*

The CUTSA defines a trade secret as:

information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code §3426.1(d). Plaintiffs argue that the technique described above is a trade secret that gives Plaintiffs an advantage over competitors by virtue of not being known. Mot. at 12 (citing Kiani Decl. at ¶ 9). Plaintiffs further argue that they took reasonable steps to maintain secrecy, such as requiring that employees sign non-disclosure and confidentiality agreements and notifying Apple that Lamego knew trade secrets when Apple hired Lamego. Mot. at 13-14 (citing Kiani Decl. at ¶ 8, Ex. 5, Ex. 12).

Apple's primary response is that Plaintiffs' technique was not secret, and that each step of the process had already been published by Plaintiffs at the time Apple submitted the application for its '754 patent. Opp'n at 7. Apple thoroughly analyzes the ten bullet points that comprise Plaintiffs' summary of their trade secret and describes how each part of the trade secret had also been published in the '713 Patent, the '305 Patent, or both. Id. at 8-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00048 JVS(JDEx)                                    Date   Sept. 16, 2020

Title      Masimo Corporation et al. v. Apple Inc.

    Plaintiffs argue that the '305 Patent cannot be used as evidence that aspects of the '754 Patent were publicly known because Apple filed its application for the '754 Patent in 2014 while the '305 Patent did not issue until 2018. Compare Ex. 22 at 540 ('754 Patent Application) with Ex. C at 57 ('305 Patent). The Court finds it to be clear that the '754 Patent application was submitted before the '305 Patent was published and so the '305 Patent cannot be used as evidence that Plaintiffs' claimed trade secret was public when Apple filed its own application. The Court therefore concludes that, based on the evidence before it, Apple is unlikely to be able to show that aspects of Plaintiffs' claimed trade secrets were publicly known where Apple has relied exclusively on information in the '305 Patent. Namely, this applies to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    Plaintiffs further focus on how Plaintiffs' two previous patents did not describe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS(JDEx) | Date | Sept. 16, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |



The Court therefore concludes that Plaintiffs are likely to prove that the existence of the trade secret that they allege.

        2.    *The Acquisition, Disclosure or Use of the Trade Secret by Improper Means*

            a.    *Acquisition*

A defendant misappropriates trade secrets by acquisition if it "knew or had reason to know that the trade secret was acquired by improper means," which includes "breach or inducement of a breach of a duty to maintain secrecy." Cal. Civ. Code §§ 3426.1(a) & (b)(1). The core of Plaintiffs' argument that Apple acquired Plaintiffs' trade secrets by improper means has two parts. First, Apple should have known that Lamego possessed trade secrets and had a duty to maintain secrecy because of a letter Plaintiffs sent to Apple alerting the company of Lamego's knowledge and confidentiality agreement and because of Apple planning to "dig deep" while meeting with Plaintiffs under a confidentiality agreement about Plaintiffs' technology. Mot. at 14-15. Second, Apple should have known that the particular information that Apple incorporated into its application for the '754 Patent was confidential because of how quickly Lamego produced the information after arriving at Apple, their request for non-publication of the '754 Patent application, and their inability to secure Lamego's signature on a declaration that he was the true inventor of the '754 Patent. <u>Id.</u>

The Court agrees that Plaintiffs are likely to show that Apple should have known that Lamego possessed confidential information and a duty to maintain secrecy. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-00048 JVS(JDEx)                      Date   Sept. 16, 2020

Title       Masimo Corporation et al. v. Apple Inc.

the Court does not believe that merely planning to "dig deep" in a meeting suggests anything about Lamego's personal obligations to maintain secrecy, the confidentiality agreement sent to Apple did include a clause stating "[a]fter my employment with [Ceracor] has terminated, I will not disclose or make use of any Confidential Information for any purpose, either on my own or on behalf of another business." Ex. 5 at 23. Although Apple argues that the letter only seeks to enforce "invalid" clauses, Opp'n at 14, the above provision in the confidentiality agreement clearly states a duty to maintain confidentiality that goes beyond the non-competition and non-solicit clauses that Apple focuses on.

   The Court further agrees that Plaintiffs are likely to show that Apple should have known that the particular information incorporated in the '754 Patent was confidential. Apple provides evidence that Plaintiffs have failed to secure a signed declaration from Lamego stating that he was the true inventor of an invention for an application Plaintiffs submitted after Lamego left Plaintiff companies. See Ex. I. at 127. The Court therefore does not draw any negative inferences from Apple's failure to secure a similar declaration. But the Court does not agree with Apple's argument that it should not have known the information included in the '754 Patent was confidential because the letter sent to Apple about Lamego does not identify the above mentioned process as a trade secret. Opp'n at 14. Apple was still on notice that Lamego possessed confidential information for which he had a duty to maintain secrecy because of its receipt of Lamego's confidentiality agreement.

   Plaintiffs point to two further pieces of evidence suggesting that Apple knew that the information in the '754 Patent could have been confidential information. First, Plaintiffs note that Lamego would have had to have generated independently the process included in the '754 Patent within the six months that he worked at Apple within a few months of starting at Apple. Reply at 10. Second, they note that Apple requested non-publication of the '754 Patent application, even though Apple did not submit such a request for another patent on which Lamego is listed as an inventor. Id. (citing Ex. 27 at 74). Apple does note that the submission of non-publication requests is common by Apple. Lerner Decl., ECF No. 141, ¶ 4 (noting that Apple submitted more than 300 such requests in the last six years). But this information, without knowing the full number of patent applications Apple submits, does not tell the Court whether submitting non-publication requests is in fact the norm for applications. From these pieces of evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00048 JVS(JDEx)    Date  Sept. 16, 2020

Title  Masimo Corporation et al. v. Apple Inc.

combined, the Court concludes that Plaintiffs are likely to show that Apple misappropriated Plaintiffs' trade secrets through acquisition.

      b.    *Disclosure or Use*

A defendant misappropriates a trade secret through disclosure or use who (A) uses improper means to acquire the knowledge or (B) at the time of disclosure or use knew or had reason to know the information was (i) derived from or through a person who had used improper means to acquire the information, (ii) acquired while under a duty to maintain its secrecy, or (iii) derived from a person who owed a duty to the plaintiff to maintain its secrecy. Cal. Civ. Code § 3426.1(b)(2).

The Court agrees that the Plaintiffs are likely to win on the disclosure or use prong. Plaintiffs are likely to show disclosure or use through the publication of the '754 Patent, which incorporates the information found above to be Plaintiffs' trade secrets. See supra Section III.A.1. Plaintiffs have presented evidence showing thahis amounts to disclosure of Plaintiffs' trade secret.

Next, the Court turns to the two main prongs of misappropriation through disclosure or use. Section 3426.1(b)(2)(A) incorporates improper acquisition, which the Court has also found the Plaintiffs are likely to prove. See supra Section III.A.2.a. Thus, finding that Apple disclosed or used Plaintiffs' trade secret and that Apple improperly acquired that trade secret is sufficient to find that Plaintiffs are likely to prove misappropriation through disclosure or use.

The Court still turns to analyze the arguments for proving misappropriation under § 3426.1(b)(2)(B). Plaintiffs argue that they are likely to show that Apple knew or had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS(JDEx) | Date | Sept. 16, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

reason to know that the information was acquired from Lamego while he was under an existing duty to maintain secrecy. Mot. at 16. The Court agrees. As stated above, the Court believes that Apple had reason to know that Lamego was under a duty to not reveal trade secrets and that the provision of the information included in the '754 Patent was in violation of that duty. See supra Section III.A.2.a.

Plaintiffs present a third reason for proving misappropriation - respondeat superior. Mot. at 16-17. But, because the Court has already found that Plaintiffs are likely to demonstrate misappropriation, the Court declines to consider this theory.

Finally, Apple argues that Plaintiffs cannot secure a preliminary injunction because they have failed to describe their trade secrets "with sufficient particularity." Opp'n at 16 (citing CanWe Studios LLC v. Sinclair, 2013 WL 12120437, at *2 (C.D. Cal. Nov. 20, 2013)). On a motion for preliminary injunction on the basis of trade secret misappropriation, a plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1453 (Cal. Ct. App. 2002). Here, however, Plaintiffs have defined their trade secret with sufficient particularity for Apple to provide more than twenty pages of detailed analysis about whether Plaintiffs' trade secret was in fact already public knowledge. Opp'n at 713; Opp'n App'x A. The trade secret was also sufficiently described for the Court to discern with particularity what is in fact secret. See supra Section III.A.1. The Court therefore does not deny a preliminary injunction on this ground.

Thus, based on the above analysis, the Court concludes that Plaintiffs are likely to succeed on the merits.

  B.  *Irreparable Harm*

The Court next turns to whether Plaintiffs have demonstrated irreparable harm if the Court does not grant this motion. Plaintiffs claim to maintain certain technologies, which are known by former employees, as trade secrets. Mot. at 18. Plaintiffs argue that granting an injunction requiring Apple to provide advance notice to Plaintiffs "before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS(JDEx) | Date | Sept. 16, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

publishing patent applications or other publications that name Plaintiffs' former employees as inventors" would provide Plaintiffs sufficient notice to seek relief from such publication should it risk revealing Plaintiffs' trade secrets. Id.

Apple does not object to the argument that, in theory, the loss of trade secrets can result in irreparable harm. See Opp'n at 17-18. "[T]he loss of trade secrets cannot be measured in money damages . . . [because] a trade secret once lost . . . is lost forever." Super Chefs, Inc. v. Second Bite Foods, Inc., 2015 WL 12914441 at *4 (citing FMC Corp. v. Taiwan Tainan Giant Industrial Co., 730 F.2d 61, 63 (2d Cir. 1984)). Apple does, however, provide several arguments as to why this case is not one where Plaintiffs are likely to suffer that irreparable harm. Opp'n at 17-20. Apple first argues that Plaintiffs have failed to identify any specific advantage that would be lost as a result of a specific secret being revealed, meaning that there is only a conclusory assertion of harm. Opp'n at 17. Plaintiffs' response for why they are likely to suffer irreparable harm is best summarized in one sentence from their reply brief: "Apple's refusal to provide [information about whether Apple has pending patent applications identifying Plaintiffs' former employees as inventors] justifies an inference that it intends to allow more applications to publish in this field naming Plaintiffs' former employees as inventors." Reply at 15.

The Court does not find this to be a reasonable inference. "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Cottrell, 632 F.3d at 1131 (emphasis in original). The Court cannot accept Plaintiffs' suggestion that Apple's refusal to voluntarily comply with Plaintiffs' proposed preliminary injunction shows the need to issue the preliminary injunction that Plaintiffs seek. See Reply at 15 (presenting as evidence that "Plaintiffs' apprehension is not speculation" that Apple declined to voluntarily comply with preliminary injunction during proposed extension of time to file an opposition to this motion). Nor does the Court believe that Apple's refusal to answer questions about its current pending patent applications is sufficient to conclude that it is "likely" that Apple will infringe on Plaintiffs' trade secrets. Id. As this case demonstrates, all companies have an interest in keeping the intellectual property secret, and there is no reason for the Court to believe that Apple's refusal to answer Plaintiffs' questions is not just a manifestation of that interest. The Court therefore finds that Plaintiffs have not made a sufficient showing that they are likely to suffer irreparable harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00048 JVS(JDEx)                                    Date  Sept. 16, 2020

Title  Masimo Corporation et al. v. Apple Inc.

  Nor is the Court certain about whether there would be irreparable harm in this case. A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." Miller v. California Pacific Medical Center, 991 F.2d 536, 555 (9th Cir. 1993) (citing Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985)). Apple argues that Plaintiffs did not file the present motion until five months after Apple's refusal to notify Plaintiffs before the publication of a patent application involving Plaintiffs' former employees. Opp'n at 19. More significantly, Apple notes that Plaintiffs waited ten months between the filing of the '754 Patent, at which point Plaintiffs theoretically would have notice that Apple might be misappropriating its trade secrets, and when it filed the instant lawsuit. Id.

  Plaintiffs dismiss this latter point by noting that "the harm from Apple publishing the '754 Patent already occurred." Reply at 20 n.9. But if the '754 Patent was not a cause of urgency and is irrelevant to Plaintiffs' concerns about future trade secret misappropriation, then the Court is only further persuaded by Apple's argument that the irreparable harm alleged in this motion is untethered from Apple's allegedly wrongful acts. Opp'n at 18. If there were a "direct connection between Plaintiffs' harm . . . and Apple's wrongful disclosure of those trade secrets" as Plaintiffs claim, then this ten-month delay is unexplained. Reply at 16. If the '754 Patent and the underlying trade secret claim is irrelevant and the delay can be excused, then the proposed preliminary injunction is too broad because "[w]here injunctive relief is warranted, the order must be narrowly tailored to 'remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law.'" Gallagher Benefit Services, Inc. v. De La Torre, 283 Fed. Appx. 543, 546 (9th Cir. 2008) (citing Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004)).

  Although "delay is but a single factor to consider in evaluating irreparable injury," Cuviello v. City of Vallejo, 944 F.3d 816, 833 (9th Cir. 2019), the Court considers Plaintiffs' failure to show a likelihood of irreparable harm, together with Plaintiffs' proposed preliminary injunction being either delayed or disconnected from the underlying harm, to cause this prong to weigh against issuance of the preliminary injunction.

  C. *Balance of Equities*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-00048 JVS(JDEx)      Date Sept. 16, 2020

Title     Masimo Corporation et al. v. Apple Inc.

       Plaintiffs next argue that the balance of the equities weighs heavily in their favor because the hardship of Apple publishing Plaintiffs' trade secrets would outweigh Apple being required to provide covered patent applications to Plaintiffs' counsel. Mot. at 18. Plaintiffs would not be barred from publishing their patent applications unless Plaintiffs sought a subsequent injunction. Reply at 21.

       But, as noted earlier, the Court does not believe that Plaintiffs have shown that it is likely that Apple will publish one of Plaintiffs' trade secrets. See supra Section III.B. By contrast, Apple argues that its First Amendment rights will be violated because the injunctive order would bar Apple from publishing certain documents or making certain presentations, amounting to a prior restraint. Opp'n at 23. Under the First Amendment, restrictions on speech must be "narrowly drawn," extending "only as far as the interest it serves." Central Hudson Gas & Electric Corp. v. Public Service Commission of New York, 447 U.S. 557, 565 (1980). Here, Plaintiffs' failure to show a likelihood of irreparable harm means that the Court cannot find there to be a sufficiently broad interest to justify an injunction stopping Apple from releasing documents or presentations related to "measurement or tracking of health-related or physiological information" and listing any of Plaintiffs' former employees as an author or inventor. Prop. Order at 1. The Court finds the proposed injunction to not be narrowly tailored, and therefore for the balance of the equities to weigh against granting the injunction.

       D.     *Public Interest*

       Finally, the Court turns to whether issuing Plaintiffs' proposed preliminary injunction would be in the public interest. "If . . . the impact of an injunction reaches beyond the parties, carrying with it a potential for public consequences, the public interest will be relevant to whether the district court grants the preliminary injunction." Stormans Inc. v. Selecky, 586 F.3d 1109, 1139 (9th Cir. 2009). Here, Apple argues that the proposed injunction is not in the public interest because it "requires the disclosure of *all* former employees' inventions or publications relating to health information as long as they are listed as an inventor or author." Reply at 25 (emphasis in original). Consequently, Apple argues, this would act as a restriction on former employees' employment and employee mobility. Id.

       This argument goes too far. The proposed injunction would merely require the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS(JDEx) | Date | Sept. 16, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

disclosure of Apple's patent applications listing Plaintiffs' former employees as inventors. Prop. Order at 1. The proposed injunction would not restrict Apple from submitting the patent application or directly implicate the employees' mobility. The Court therefore concludes that the proposed preliminary injunction is not against the public interest.

### IV. CONCLUSION

As the Court neither finds there to be a likelihood of irreparable harm, nor concludes that the balance of the equities weighs in favor of the Plaintiffs, the Court **DENIES** Plaintiffs' motion for a preliminary injunction. The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |