Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO STAY** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal (1) portions of Plaintiffs' Opposition to Apple's Motion to Stay the Patent Infringement Case ("Opposition"); (2) portions of the Declaration of Joe Kiani in Support of Plaintiffs' Opposition ("Kiani Declaration"); (3) portions of the Declaration of Catharine M. Lawton in Support of Plaintiffs' Opposition ("Lawton Declaration"); and (4) Exhibit 20 to the Declaration of Stephen Larson in Support of Plaintiffs' Opposition ("Larson Declaration"). Plaintiffs have provided a proposed redacted version of the Opposition, Kiani Declaration, and Lawton Declaration.

## I. **LEGAL STANDARDS**

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an ***alleged*** trade secret by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

/ / /

/ / /

-1-

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

Plaintiffs' Opposition, the Kiani Declaration, the Lawton Declaration, and Exhibit 20 to the Larson Declaration each contain confidential information as described in more detail below.

First, the redacted portions of Plaintiffs' Opposition discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. Powell Decl. ¶ 4. The redacted portions of Plaintiffs' Opposition also discuss Plaintiffs' confidential product development. *Id.* This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Second, the redacted portions of the Kiani Declaration discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies and Plaintiffs' confidential product development. *Id.* ¶ 5. Thus, disclosure would reveal Plaintiffs' business strategies and information about confidential product development. *Id.* Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if this information were disclosed. *Id.*

Third, the redacted portions of the Lawton Declaration discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies and Plaintiffs' confidential product development. *Id.* ¶ 6. Thus, disclosure would reveal Plaintiffs' business strategies and information about confidential product development. *Id.* Disclosure may enable Plaintiffs' competitors to

employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if this information were disclosed. *Id.* The redacted portions of the Lawton Declaration also reference Apple's financial information produced in this litigation, which Apple designated pursuant to the Protective Order. *Id.*

Fourth, Exhibit 20 to the Larson Declaration is an email chain between personnel at Apple and Plaintiffs discussing a confidential meeting between the parties that occurred under a non-disclosure agreement. *Id.* ¶ 7. Disclosure would reveal the business activities of both parties and would harm Plaintiffs for the reasons discussed above. *Id.*

### B. The Court Should Grant Plaintiffs' Application to Seal

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that the documents Plaintiffs seek to seal discuss Plaintiffs' "*alleged* trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

Moreover, the Court previously granted: (1) Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction (Dkt. 110) and (2) Plaintiffs' Application to Seal Portions of Plaintiffs Opposition to Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint (Dkt. 179). Dkt. 113; Dkt. 182. Those applications sought to seal much of the same information at issue in this Application. Thus, the Court

should grant this Application for the same reasons it granted the prior applications.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of the Opposition, portions of the Kiani Declaration, portions of the Lawton Declaration, and Exhibit 20 to the Larson Declaration.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 28, 2020    By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

    Attorneys for Plaintiffs,
    Masimo Corporation and
    Cercacor Laboratories

33282443