JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DECLARATION OF BRIAN K. ANDREA IN SUPPORT OF APPLE'S REPLY IN SUPPORT OF ITS MOTION TO STAY THE PATENT INFRINGEMENT CASE PENDING *INTER PARTES* REVIEW PROCEEDINGS**<br><br>**Hearing:**<br>Date:   October 19, 2020<br>Time:   1:30 p.m.<br>Place:  Courtroom 10C<br>Judge:  Hon. James V. Selna |

I, Brian K. Andrea, declare and state as follows:

1. I am an attorney permitted to practice law before this Court *pro hac vice* and am licensed to practice law in Virginia and the District of Columbia. I am an associate with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Defendant Apple Inc. ("Apple") in the above-captioned action.

2. I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3. I make this Declaration in support of Apple's Reply in Support of Its Motion to Stay the Patent Infringement Case Pending *Inter Partes* Review Proceedings ("Motion").

4. On April 14, 2020, the parties exchanged their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Plaintiffs' Initial Disclosures are attached hereto as **Exhibit A**.

5. On June 15, 2020, Apple produced to Plaintiffs publicly available core technical documents. On July 16, 2020, Apple produced additional highly confidential core technical documents sufficient to show the structure and operation of the accused features of the accused products, as set forth in Plaintiffs' First Amended Complaint. On August 3, 2020, Apple made available for inspection the source code for the accused features of the accused products, based on the allegations in the First Amended Complaint.

6. No depositions have yet been noticed or scheduled in this action.

7. The parties have not yet negotiated search terms or custodians for electronically stored information ("ESI").

8. Per the Court's August 6, 2020 Order (Dkt. No. 96), Apple's invalidity contentions are scheduled to be completed on October 22, 2020.

9. On September 1, 2020, my colleague Brian A. Rosenthal (counsel of record for Apple) sent an email to Plaintiffs' counsel, notifying them that Apple "intend[s] to

move to stay the patent counts of the pending case in view of IPR petitions that have been and will be filed," and requesting a meet and confer pursuant to Local Rule 7-3. A true and correct copy of this email is attached hereto as **Exhibit B**.

10. On September 9, 2020, at the urging of Judge Early, the parties held a meet and confer and reached a compromise with respect to two pending disputes between the parties—the sufficiency of Apple's core technical production and Plaintiffs' failure to provide a trade secret disclosure pursuant to California Code of Civil Procedure Section 2019.210. By the terms of that compromise, the parties agreed that by October 9, 2020, Plaintiffs would provide a Section 2019.210 trade secret disclosure and Apple would produce additional technical documents. The parties agreed that Plaintiffs would provide preliminary infringement contentions by November 13, 2020. Other terms of the compromise are reflected in the transcript of the parties' discussion.

11. On September 28, 2020, Perry Oldham (counsel of record for Plaintiffs) sent an email to my colleague Brian A. Rosenthal, stating that "Plaintiffs have confirmed based on public information" that the Apple Watch Series 6 and SE are "accused product[s] in this case," and asking Apple to confirm when it will "make its source code for Series 6 available for inspection," as well as "the same information for the Series SE." On September 29, 2020, my colleague Brian K. Andrea (counsel of record for Apple) responded to Mr. Oldham, explaining that Mr. Oldham's email "provides no explanation as to the basis for those allegations [that the Apple Watch Series 6 and SE are accused products]," and requesting "at a minimum" that Plaintiffs identify "what patents and claims Plaintiffs allege those products infringe." On October 1, 2020, Mr. Oldham responded via email, stating that Plaintiffs had not previously agreed to identify all patents and claims Plaintiffs accuse the Apple Watch Series 6 and SE of infringing, stating instead that "as an example, the Series 6 appears to infringe at least the '703 Patent and the Series SE appears to infringe all the unexpired patents in suit." A true and correct copy of this email exchange is attached hereto as **Exhibit C**.

12. In addition to the nine IPR petitions Apple previously filed between August 1, 2020, and September 9, 2020, challenging the seven patents that were asserted in the original Complaint and the First Amended Complaint, Apple filed six IPR petitions on September 30, 2020, challenging all claims of the remaining five patents-in-suit that were newly asserted in the Second Amended Complaint ("SAC"): U.S. Patent Nos. 10,624,564 (IPR2020-01713), 10,631,765 (IPR2020-01714 and IPR2020-01715), 10,702,194 (IPR2020-01716), 10,702,195 (IPR2020-01733), and 10,709,366 (IPR2020-01737). These petitions are attached hereto as **Exhibits D-I**, respectively. Apple has now filed *Inter Partes* Review ("IPR") petitions challenging at least all asserted claims of all twelve of the Asserted Patents.

13. Before filing each of the above IPR petitions, Apple stipulated to Plaintiffs that in the event the Patent Trial and Appeal Board ("PTAB") institutes on any ground raised in its IPR petitions, Apple will not assert in this litigation that same ground against the corresponding claims of those five patents-in-suit. Those stipulations are attached hereto as **Exhibits J–N**, respectively.

14. Attached hereto as **Exhibit O** is a true and correct copy of Lex Machina's Patent Trial and Appeal Board statistics, which contains data between January 1, 2019, and September 29, 2020, for trials listing Apple Inc. as the Petitioner that reached the institution stage of proceedings. This document was retrieved from Lex Machina's service available at https://lexmachina.com/ on October 1, 2020.

15. Attached hereto as **Exhibit P** is a true and correct copy of Lex Machina's Patent Trial and Appeal Board statistics, which contains data between September 16, 2012, and October 2, 2020, and lists all IPR trials that reached final decision. The list has been annotated only by the addition of a column (marked in red) that calculates the duration between the institution date and the final decision date for each IPR trial. This document was retrieved from Lex Machina's service available at https://lexmachina.com/ on October 2, 2020.

16. Attached hereto as **Exhibit Q** is a true and correct copy of a webpage from Fitbit's website, which describes the SpO2 Signature feature. This webpage was retrieved from Fitbit's website (located at https://gallery.fitbit.com/details/fadb02f3-5d1b-4588-a05c-e6a9db74bf7a) on October 5, 2020.

17. Attached hereto as **Exhibit R** is a true and correct copy of a webpage from Garmin's website, which lists the fēnix® 6 - Pro Solar Edition smart watch for sale, and describes its "Pulse Ox Sensor" feature. This webpage was retrieved from Garmin's website (located at https://buy.garmin.com/en-US/US/p/702902) on October 5, 2020.

18. Attached hereto as **Exhibit S** is a true and correct copy of a webpage from Amazon's website, which lists for sale the V19 Fitness Activity Tracker & Health Smart Watch with Dual Heart Rate HRV Monitor Blood Pressure Oxygen SpO2. This webpage was retrieved from Amazon's website (located at https://www.amazon.com/dp/B0117V8Q2O/) on October 5, 2020.

19. Attached hereto as **Exhibit T** is a true and correct copy of a webpage from Amazon's website, which lists for sale the Facelake ® FL400 Pulse Oximeter. This webpage was retrieved from Amazon's website (located at https://www.amazon.com/dp/B086QPLY19) on October 5, 2020.

20. Attached hereto as **Exhibit U** is a true and correct copy of the transcript of the telephonic conference held with Judge Early on September 2, 2020.

21. Attached hereto as **Exhibit V** is a true and correct copy of an article by Susan Decker entitled "Apple Accused of Delaying Masimo Legal Fight to Gain Watch Sales" that was published on Bloomberg's website on September 29, 2020, at 1:20 PM EDT. This document was retrieved from Bloomberg's website (https://www.bloomberg.com/news/articles/2020-09-29/apple-accused-of-delaying-masimo-legal-fight-to-gain-watch-sales) on October 5, 2020.

22. Attached hereto as **Exhibit W** is a true and correct copy of plaintiff's opposition filed in *Biomet Biologics, LLC v. Bio Rich Medical, Inc.*, No. SACV 10-1582 DOC (C.D. Cal. Aug. 29, 2011) (ECF 57).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of October, 2020, in Oakton, Virginia.

By: /s/ *Brian K. Andrea*
      Brian K. Andrea