Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SECOND AMENDED COMPLAINT (DKT. 104)** |

Plaintiffs hereby request oral argument or modification of the Tentative on Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 104). The Tentative concludes the SAC fails to plead a plausible claim of misappropriation based on certain allegedly vague language. As discussed below, Plaintiffs respectfully submit the Tentative is incorrect. If necessary to avoid ambiguity, however, Plaintiffs consent to the Court *sua sponte* striking the allegedly vague language to resolve this Motion. To the extent doing so would not fully address the Court's concerns, Plaintiffs submit that oral argument is important for Plaintiffs to understand the Court's concerns and correct any additional deficiencies.

### A. The SAC Pleads Misappropriation Of At Least One Trade Secret

Plaintiffs respectfully submit the Tentative errs by dismissing Plaintiffs claims even though the SAC plausibly alleges misappropriation of at least one trade secret. The Tentative appears to acknowledge the SAC alleges misappropriation of at least some "specific trade secrets." Tentative at 5-6. Indeed, this Court recently determined that Plaintiffs met a higher standard and established they are likely to succeed on the merits. Dkt. 206 at 7-9 (denying motion for preliminary injunction on other grounds). This Court determined Plaintiffs are likely to prove "the existence of the trade secret that they allege" and are likely to prove that "Apple misappropriated Plaintiffs' trade secrets" through acquisition, use, and disclosure. *Id.* The Court also found "Plaintiffs have defined their trade secret with sufficient particularity" for Apple to provide "more than twenty pages of detailed analysis" and for "the Court to discern with particularity what is in fact secret." *Id.* at 10.

The SAC describes and alleges misappropriation of the same trade secret at issue in the Motion for Preliminary Injunction, using the same description. Dkt. 89-1 at 12:13-13:7. Because Plaintiffs describe **at least one** trade secret in sufficient detail, Plaintiffs' claim survives a motion to dismiss. *See Hill*

-1-

*Phoenix, Inc. v. Classic Refrigeration SoCal, Inc.*, 2019 WL 7172977, at *6 (C.D. Cal. Sept. 6, 2019) (denying motion to dismiss where "Plaintiff has pled that it owned ***at least one*** trade secret" and that "Defendants used Plaintiff's trade secret" (emphasis added)); *Patrick v. Turner*, 2008 WL 4650403 at *17 (Cal. Ct. App. Oct. 22, 2008) (unpublished) (noting some of the trade secret descriptions were "woefully vague," but rejecting challenge to pleadings because "plaintiff sufficiently described ***at least one*** misappropriated trade secret" (emphasis added)); *see also Consolidated Container Company LP v. Ecoplast Corporation*, 2017 WL 3047894, at *4 (C.D. Cal. 2017) (noting the complaint "advances four theories of misrepresentation" and "[i]f any of these theories is viable, [plaintiff's] fraud claim survives").[1]  Any disagreement about the scope of Plaintiffs' other trade secrets will be addressed in connection with Plaintiffs' Section 2019.210 statement.  The parties agreed Plaintiffs will serve that statement on October 9 and this Court directed that Judge Early will resolve any disputes regarding that statement.  *See* Dkt. 37.

**B.**     **The SAC Pleads Misappropriation As To All Asserted Trade Secrets**

Even if the Court were to determine that it needs to evaluate whether the SAC states a claim with respect to each and every asserted trade secret individually, the SAC does so.  Plaintiffs respectfully submit that the analysis in the Tentative that reaches a contrary conclusion is incorrect for two reasons.  First, Plaintiffs amended the SAC to make clear that paragraph 39 describes trade secrets that Plaintiffs own, not trade secrets that Plaintiffs assert Apple misappropriated.  Second, the phrases "at least" and "including" in paragraphs 40-50 do not render the SAC impermissibly vague.

---

[1] Plaintiffs could not have raised this argument in their Opposition because the Court issued the Order on Plaintiffs' Motion for Preliminary Injunction after Plaintiffs filed their Opposition.  *See* Dkt. 179-2; Dkt. 206.

### 1. Paragraph 39 Is Irrelevant To The Issue Before This Court

The Tentative proposes to hold the SAC is insufficient because paragraphs 41-50 are mere examples of the trade secrets described in paragraph 39. In particular, the Tentative finds paragraph 39 describes information that "Plaintiffs allege Apple misappropriated . . .." Tentative at 1 (citing Dkt. 89-1 ¶ 39). It then finds the "specific trade secrets" in paragraphs 41-50 cannot be considered because they "come[] under the umbrella of ¶ 39, which the Court has already found insufficient . . .."' *Id.* at 5; *see also id.* ("the 'specific trade secrets' merely provide some examples of what is within the broad allegations of ¶ 39."). Paragraphs 41-50 do "not serve to remedy the problems with SAC ¶ 39 if they merely state what is 'at least' included within it." *Id.* at 5-6.

Plaintiffs respectfully submit the Tentative's conclusion is incorrect because the SAC specifically states that Paragraph 39 describes only the trade secrets that Plaintiffs "own"—not the trade secrets that Plaintiffs allege Apple misappropriated. *See* Dkt. 89-1 (SAC) ¶ 39 ("Plaintiffs ***own*** trade secrets that include" (emphasis added)). The SAC never alleges Apple misappropriated the trade secrets described in Paragraph 39.

Plaintiffs recognize the Court previously held that paragraph 211 of the First Amended Complaint ("FAC"), which is similar to paragraph 39 of the SAC, was insufficient to describe the trade secrets that Apple misappropriated. Dkt. 60. In response to the Court's prior ruling, Plaintiffs amended the SAC so that paragraph 39 no longer defined the information described therein as the "Confidential Information" that Apple misappropriated. *Compare* Dkt. 28 (FAC) ¶ 211 (ending with "[t]he aforementioned information is referred to herein as Plaintiffs' 'Confidential Information'") *with* Dkt. 89-1 (SAC) ¶ 39 (including no such definition). Plaintiffs included the background material in paragraph 39 to avoid any inference that removing it constituted an admission that Plaintiffs do not own such trade secrets. Plaintiffs thought they made this

-3-

clear, and did not intend any ambiguity that appears to have resulted from including paragraph 39. However, that paragraph no longer purports to identify the trade secrets that Plaintiffs allege were misappropriated.

Instead, it is paragraph 40 that expressly introduces the specific trade secrets Plaintiffs allege Apple misappropriated: "Plaintiffs allege Apple misappropriated at least the following specific trade secrets discussed in ***Paragraphs 41-50*** below." *Id.* ¶ 40 (emphasis added). Paragraph 40 thus establishes that paragraphs 41-50, ***not paragraph 39***, describe the trade secrets that Apple misappropriated. Plaintiffs' Opposition presented this point. *See* Dkt. 187 at 17, n.3 ("Paragraph 39 describes the type of trade secrets that Plaintiffs own. At issue here are Paragraphs 41-50, which described trade secrets Plaintiffs currently allege Apple misappropriated.").

Accordingly, the SAC alleges Apple misappropriated the specific trade secrets described in paragraphs 41-50, not the broader description in paragraph 39 concerning trade secrets Plaintiffs own. While Plaintiffs maintain they own the trade secrets described in paragraph 39, ***Plaintiffs consent to the Court sua sponte striking paragraph 39*** if necessary or helpful to avoid ambiguity as to the trade secrets that Plaintiffs allege Apple misappropriated.

### 2. The Phrases "At Least" And "Including" Do Not Render Paragraphs 40-50 Impermissibly Vague

The Tentative states the specific trade secrets described in paragraphs 41-50 come under the "umbrella" of "¶ 40, which states that Apple misappropriated 'at least' the 'specific trade secrets.'" Tentative at 5. The phrase "at least" in paragraph 40 does not refer to the broader description in paragraph 39. *See* Dkt. 89-1 ¶ 40. Instead, it merely acknowledges the misappropriated trade secrets of which Plaintiffs are currently aware and described in the SAC may not be the full extent of Apple's misappropriation. Like any other claim, discovery may reveal additional acts of misappropriation. *See id.* ("The full extent of Apple's

-4-

misappropriation will be revealed through discovery. However, **based on the information currently available to Plaintiffs**, Plaintiffs allege Apple misappropriated *at least* the following specific trade secrets discussed in Paragraphs 41-50 below." (emphasis added)). This language does not render the identified trade secrets vague. If discovery shows Apple misappropriated additional trade secrets, the Court can address at that time whether Plaintiffs are required to and may amend their Section 2019.210 statement.

The Tentative found the word "including" at the end of the first sentence of paragraphs 41, 43, 45, 47, and 49 "suggests that the lists that follow each of these broad headings is not exhaustive either." *Id.* at 6. Plaintiffs used that word as a transition, not to broaden the descriptions to include paragraph 39.

The Tentative also found paragraphs 42, 44, 46, 48, and 50 do not provide "further clarity." *Id.* Plaintiffs understand the Tentative as holding those paragraphs do not cure other deficiencies, not that those paragraphs render other portions of the SAC vague. Plaintiffs included those paragraphs identifying specific documents to comply with the Court's prior Order (Dkt. 60).

Nonetheless, if necessary or helpful to avoid ambiguity, Plaintiffs would have no objection to the Court *sua sponte* striking one or more of the following:

- The phrase "at least" in paragraph 40;
- The word "including" from the first sentence in paragraphs 41, 43, 45, 47, and 49; or
- The entirety of paragraphs 42, 44, 46, 48, and 50.

**C.   Conclusion**

Plaintiffs request the Court deny Apple's motion. Alternatively, Plaintiffs consent to the Court striking the material discussed above to allow this case to move forward without the need for additional pleadings and yet another motion to dismiss. If striking the material does not resolve the Court's concerns, Plaintiffs request oral argument to better understand the Court's ruling.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | Dated: October 6, 2020 | By: */s/ Adam B. Powell* |
| 4 | | Joseph R. Re |
| 5 | | Stephen C. Jensen<br>Perry D. Oldham |
| 6 | | Stephen W. Larson<br>Adam B. Powell |
| 7 | | Attorneys for Plaintiffs, |
| 8 | 33634003 | Masimo Corporation and<br>Cercacor Laboratories |