JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF 104)** <br><br> Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR
ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS (ECF 104)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Plaintiffs filed this case ten months ago with sensational allegations that Apple disclosed Plaintiffs' trade secrets in patent filings and incorporated their trade secrets in its Apple Watches. But after three opportunities and an invitation from the Court to describe any alleged trade secrets under seal, Plaintiffs still failed to put any boundaries around the non-exhaustive categories of information they allege as trade secrets. The Court's Tentative Order ("Order") dismissing the Thirteenth Cause of Action in the Second Amended Complaint ("SAC") is correct as a matter of well-established law and gives Plaintiffs yet another opportunity to properly plead their trade secret claim. Plaintiffs' Request for Oral Argument ("Request" or "Req."), on the other hand, is wrong on the law and facts and should be denied for three reasons:

*First*, Plaintiffs suggest that pleading at least one alleged trade secret is the standard and that the Court agreed Plaintiffs did so. Both suggestions are simply wrong.

*Second*, Plaintiffs ask the Court to ignore Paragraph 39 of the SAC because it only lists trade secrets that Plaintiffs allegedly own and not secrets Apple allegedly misappropriated. Paragraph 39, however, can serve no logical purpose other than as an amorphous pool of alleged trade secrets that Plaintiffs may accuse Apple of misappropriating *after* Plaintiffs conduct discovery of Apple's trade secrets. This is contrary to established case law that prevents exactly this type of bait and switch where the allegedly "specific" trade secrets are not adequately pleaded.

*Third*, Plaintiffs also request that the Court delete certain paragraphs, lines, or words to somehow cobble together an adequate clam. But that is not a proper request in an Opposition brief, let alone a Request for Oral Argument. Plaintiffs' invitation for the Court to redline the SAC reinforces the ever-shifting nature of their trade secret claim.

Each of these flaws is an independent reason to deny Plaintiffs' Request.

A. **Pleading "At Least One" Secret Is Not The Test**

Plaintiffs fail to meet the well-established pleading standard that this Court has set out: "[P]laintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those

Gibson, Dunn & Crutcher LLP

1

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR
ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS (ECF 104)
CASE NO. 8:20-CV-00048-JVS (JDEx)

persons who are skilled in the trade, and to permit the defendant to *ascertain at least the boundaries within which the secret lies*." *Acrisure of California, LLC v. SoCal Commercial Insurance Services*, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019) (emphasis added) (citation and quotation marks omitted). Plaintiffs are silent as to the multiple cases cited by the Court establishing that catchall phrases and non-exhaustive lists of categories of information make for a deficient pleading (Order at 3)—including, most importantly, *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2018 WL 2298500 (N.D. Cal. May 21, 2018), which the Court explained is "*very similar*" to this case (Order at 5 (emphasis added)).

Plaintiffs also incorrectly claim that the Court "acknowledge[d] the SAC alleges misappropriation of *at least some* 'specific trade secrets.'" Req. at 1 (emphasis added) (citing Order at 5–6). In fact, the phrase "specific trade secrets" in the Order is a quotation from the SAC (*see* SAC ¶ 40), not an acknowledgement that any of the alleged trade secrets were described with specificity. Rather, the Order makes the opposite point—that the "'specific trade secrets' do not actually 'narrow' the impermissibly vague and unbounded description of the trade secrets that precedes them." Order at 5.

Instead of addressing the cases in the Court's Order, Plaintiffs contend that the Court erred because "Plaintiffs describe at least one trade secret in sufficient detail." Req. at 1. That is *not* the law. Plaintiffs' lead case is *Hill Phoenix, Inc. v. Classic Refrigeration SoCal, Inc.*, but the sufficiency of the description of the alleged trade secrets—the core issue here—was not at issue in *Hill*. 2019 WL 7172977, at *6 (C.D. Cal. Sept. 6, 2019). The case relied on in *Hill—Aqua Connect, Inc. v.Code Rebel, LLC*, 2012 WL 469737, at *2 (C.D. Cal. Feb. 13, 2012))—also does not address the adequacy of the description of the alleged trade secrets. Plaintiffs fall back on *Patrick v. Turner*, an unpublished state court decision involving a different claim (unfair competition). 2008 WL 4650403, at *17 (Cal. Ct. App. Oct. 22, 2008). The holding in *Patrick* was tied to the state court standard for demurrers and is not relevant to the Federal standard for pleading trade secret misappropriation. *Nastrom v. JPMorgan Chase Bank, N.A.*,

2
DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR
ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS (ECF 104)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP

No. 1:11-CV-01998-SAB, 2013 WL 245734, at *6 (E.D. Cal. Jan. 22, 2013) (finding plaintiffs' opposition to a motion to dismiss to be "of extremely limited benefit given the failure to cite proper legal authority" because it relied on California state law). Lastly, Plaintiffs' reliance on *Consolidated Container* is misplaced because it concerned a fraud claim and had nothing to do with trade secret misappropriation or the sufficiency of a trade secret description. *See Consol. Container Co. LP v. Ecoplast Corp.*, 2017 WL 3047894, at *4 (C.D. Cal. Apr. 27, 2017).

Plaintiffs fail to address *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, where the court rejected exactly the standard Plaintiffs suggest here: "***the court is not analyzing whether plaintiff will likely succeed on at least one of its trade secrets claims***, but whether plaintiff has sufficiently put defendant on notice of the contours of its complaint such that allowing discovery will not unleash a 'fishing expedition.'" 2020 WL 4937129, at *4 (E.D. Cal. Aug. 24, 2020) (emphasis added). Relatedly, Plaintiffs also fail to address the trade secret cases that explain *why* it is important for trade secret claimants to plead the alleged secrets adequately: It is easy to plead trade secrets vaguely and then fill in later after discovery of defendant's confidential information, which is exactly what Plaintiffs are doing here. *See Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 1724763, at *2 (N.D. Cal. May 1, 2014).

Plaintiffs make passing reference to the Court's Order denying their preliminary injunction motion (Req. at 1 (citing ECF 206 at 10)), but that motion hurts rather than helps Plaintiffs here. As Apple explained, Plaintiffs took advantage of their vague pleadings and pivoted to a new and narrower trade secret after Apple argued that the alleged secret in Plaintiffs' opening brief was public. ECF 201-1 at 13–14; ECF 161-1 at 2–8. If anything, the preliminary injunction briefing demonstrated that Plaintiffs' alleged secrets are impossible to nail down. And again, as *Cutera* explains, in contrast to a preliminary injunction, "at the motion to dismiss stage, ***the precise query is different***." 2020 WL 4937129, at *4 (emphasis added). The question is whether Plaintiffs put Apple on notice of the contours of their claim, and the answer is no.

3

Gibson, Dunn & Crutcher LLP

Finally, Plaintiffs briefly argue that the sufficiency of their trade secret description should be resolved in the context of a Section 2019.210 analysis (Req. at 2), but as Judge Early has explained already, the pleading standard is different from the disclosure standard under Section 2019.210. *See M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 4284523, at *3 (C.D. Cal. June 11, 2019).

### B. The SAC Does Not Adequately Describe "All Asserted Trade Secrets"

Plaintiffs ask the Court to ignore their broad allegations in Paragraph 39 of the SAC because that paragraph merely describes as "background material" all the trade secrets that Plaintiffs purportedly "own," and not those that they allege that Apple misappropriated. Req. at 3–4. Plaintiffs further argue that the only relevant descriptions of their alleged trade secrets are contained in Paragraphs 40–50 of the SAC. *Id.*

The first and obvious problem is that the inclusion of Paragraph 39 allows Plaintiffs to belatedly modify their trade secret allegations to fall within the unbounded examples in Paragraph 39. Given the catchall language in this paragraph, this could include *any* trade secret. The pleading standard for trade secret claims exists to prevent exactly what Plaintiffs openly admit that they want to do here (Req. at 4–5)—allege "at least" certain secrets vaguely and wait to concoct other alleged secrets after taking discovery. *See Cutera*, 2020 WL 4937129, at *4.

Furthermore, Plaintiffs' argument is inconsistent with the SAC. Plaintiffs claim that they "amended the SAC so that paragraph 39 no longer defined the" alleged trade secrets (Req. at 3), but Paragraph 39 in the SAC is identical to Paragraph 211 in the FAC (which attempted to describe the trade secrets Apple allegedly misappropriated), except that Plaintiffs moved the definition of "Confidential Information" to Paragraph 51 in the SAC, presumably to also include the allegations in Paragraphs 40–50. Paragraph 51 *still* defines "Confidential Information" to *include* "[t]he aforementioned information"— which necessarily includes the allegations in Paragraph 39. SAC ¶ 51. Paragraph 51 does not exclude Paragraph 39 as Plaintiffs' Request suggests. In addition, Plaintiffs' Thirteenth Cause of Action (the CUTSA claim) incorporates "the allegations set forth in

4
DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR
ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS (ECF 104)
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

paragraphs 1 *through 55*"—without omitting Paragraph 39—and accuses Apple of misappropriating "Confidential Information" that Plaintiffs "own." *Id.* ¶¶ 228–42 (emphasis added). Thus, Paragraph 39 is part of the "Confidential Information" that Plaintiffs accuse Apple of misappropriating.

Plaintiffs also fail to address that the Order is not based solely on Paragraph 39. The Court also found that "SAC ¶ 40 must be naturally read as showing that Plaintiffs expressly do not intend for the following list of 'specific trade secrets' to be an exhaustive recitation of the trade secrets that Plaintiffs allege Apple misappropriated." Order at 5. The Court also "d[id] not conclude that the 'specific trade secrets' are defined clearly enough to stand on their own." *Id.* at 6. Plaintiffs argue that the Order is wrong because "[t]he phrase 'at least' in paragraph 40 does not refer to the broader description in paragraph 39" or "render the identified trade secrets vague." Req. at 4–5. But even if Paragraph 39 is removed from the analysis (it should not be), that argument is irrelevant. Even if *some* trade secrets may not be vague, the use of catchall words such as "at least" and "including" in Paragraphs 40–50 demonstrate, as the Court found, that those paragraphs are not an "exhaustive" list of allegedly misappropriated trade secrets and thus do not put Apple or the Court on notice of the boundaries of Plaintiffs' claim.

## C. The Court Should Not Edit the SAC for Plaintiffs

Plaintiffs ask this Court to *sua sponte* amend the SAC for them. Req. at 1, 4–5. This is improper. "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Barbera v. WMC Mortgage Corp.*, 2006 WL 167632, *2 n.4 (N.D. Cal. Jan. 19, 2006) (citation omitted); *see also Dietz Int'l Pub. Adjusters of Cal., Inc. v. Evanston Ins. Co.*, 2009 WL 10673937, at *3 n.27 (C.D. Cal. Dec. 14, 2009). If Plaintiffs have a bona fide trade secret claim, they should properly plead it and not ask the Court to edit the SAC for them in a post-tentative motion.

## D. Conclusion

Apple requests that the Court should deny Plaintiffs' Request and issue the Order without modification.

Dated: October 9, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joshua H. Lerner
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

6
DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS (ECF 104)
CASE NO. 8:20-CV-00048-JVS (JDEX)