UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant Apple Inc. ("Apple") filed a motion to dismiss the thirteenth cause of action, alleging trade secret misappropriation, in the second amended complaint ("SAC") of Plaintiffs Masimo Corporation ("Masimo") and Ceracor Laboratories, Inc. ("Ceracor") (collectively – "Plaintiffs"). MTD, ECF No. 121. Plaintiffs filed an opposition. Opp'n, ECF No. 187. Apple filed a response. Reply, ECF No. 204. Plaintiffs later filed a request for oral argument. ROA, ECF No. 214. Apple opposed. ROA Opp'n, ECF No. 218.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The background of this case is well known to the parties and is only recited here to the extent necessary to frame the discussion below. This case concerns technology for monitoring physiological parameters, such as pulse rate. See SAC ¶¶ 9-18. In 2014, Apple recruited Marcelo Lamego, who was the Chief Technical Officer of Cercacor and a Research Scientist at Masimo. Id. ¶ 21, 24. Lamego had access to "highly confidential technical information," "was taught about the keys to effective non-invasive monitoring," and "learned guarded secrets regarding Plaintiffs' mobile medical products." Id. ¶ 22. Plaintiffs' thirteenth cause of action, for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), alleges that Apple misappropriated Plaintiffs' confidential information from former employees who left Plaintiffs to work for Apple, including Lamego. Id. ¶ 228-42.

The trade secrets that Plaintiffs allege Apple misappropriated "include, but are not limited to, Plaintiffs' technical information, sales and marketing information, and other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

business information relating to non-invasive monitoring of physiological parameters and products to perform such monitoring." Id. ¶ 39. Plaintiffs allege that "Apple misappropriated at least the following specific trade secrets": ■■■

Id. ¶¶ 40, 41, 43, 45, 47, and 49.

On June 25, 2020, the Court dismissed Plaintiffs' allegation of trade secret misappropriation in its First Amended Complaint ("FAC") for Plaintiffs failing to plead its trade secrets "in a manner that gives Apple fair notice of the claim." Order, ECF No. 60, at 8. Plaintiffs subsequently filed the SAC at issue in this case. SAC, ECF No. 89-1.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

*A.     Trade Secret Misappropriation*

To prove a prima facie case of trade secret misappropriation, the CUTSA "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (Cal. Ct. App. 2008) (citing Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (Cal. Ct. App. 2003)). See also Cal. Civ. Code § 3426.1.

"To adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure of California, LLC v. SoCal Commercial Insurance Services, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019) (emphasis added) (internal citation and quotation marks omitted). Although the plaintiff need not define every minute detail, "[t]he Ninth Circuit has rejected the use of 'catchall' language, holding that such language is insufficiently specific 'because it does not clearly refer to tangible trade secret material." Id. (internal citation and quotation marks omitted). The pleadings "must have enough specificity to provide both the Court and defendants with notice of the boundaries of this case." Citcon USA, LLC v. RiverPay Inc., 2018 WL 6813211, at *4 (N.D. Cal. Dec. 27, 2018) (internal citation omitted). A "laundry list of items . . . does not meaningfully define the trade secrets at issue." Invisible Dot, Inc. v. DeDecker, 2019 WL 1718621, at *5 (C.D. Cal. Feb. 6, 2019).

Plaintiffs allege three categories of trade secrets: technical trade secrets, business and marketing plans and strategies, and strategies for interacting with hospitals. See SAC ¶¶ 39-50. The Court notes that SAC ¶ 39 is almost a word-for-word restatement of the trade secret allegation in FAC ¶ 211 that the Court rejected in its previous order. See Order at 8. Plaintiffs have added to their allegations eleven paragraphs that describe "specific trade secrets," that Plaintiffs allege Apple has misappropriated "at least." SAC ¶ 40. The Court must therefore address whether the inclusion of these new paragraphs is sufficient to overcome the Court's previous finding that what is now SAC ¶ 39 "without reference to specific plans, briefs, or drawings, fails to plead a trade secret in a manner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

that gives Apple fair notice of the claim" because it merely alleges "broad categories relating to business or technology." Order at 8.

Apple's primary argument for why Plaintiffs' allegations still fail is that they use "non-exhaustive examples of general categories of information," thereby failing to provide Apple notice of the "boundaries" of the trade secrets. Reply at 3-4 (emphasis in original). In support, Apple cites several cases that have found that the use of non-exhaustive descriptions of trade secrets fail for being indefinite. MTD at 6 (citing Acrisure, 2019 WL 4137618, at *3; Emazing Lights LLC v. De Oca, 2016 WL 3658945, at *2 (C.D. Cal. Jan. 7, 2016); Becton, Dickinson & Co. v. Cytek Biosciences Inc., 2018 WL 2298500, at *3 (N.D. Cal. May 21, 2018)); Reply at 3 (citing Cutera, Inc. v. Lutronic Aesthetics, Inc., 2020 WL 4937129, at *5 (E.D. Cal. Aug. 24, 2020); Zoom Imaging Solutions, Inc. v. Roe, 2019 WL 5862594, at *5 (E.D. Cal. Nov. 8, 2019); Cascade Designs Inc. v. Windcatcher Technologies LLC, 2016 WL 374564, at *2–3 (W.D. Wash. Feb. 1, 2016)).

In response, Plaintiffs cite their own set of cases, which they argue have found sufficient trade secret allegations notwithstanding their use of "including" or "including but not limited to." See Opp'n at 7-8 (citing Cedars Sinai Medical Center v. Quest Diagnostic Inc., 2018 WL 2558388 at *6 (C.D. Cal. Feb. 27, 2018); TMC Aerospace, Inc. v. Elbit Systems of America LLC, 2016 WL 3475322, at *5 (C.D. Cal. Jan. 29, 2016); Brocade Communications Systems, Inc. v. A10 Networks, Inc., 2011 WL 1044899, at *1 (N.D. Cal. Mar. 23, 2011); TMX Funding, Inc. v. Impero Technologies, Inc., 2010 WL 2509979, at *3 (N.D. Cal. June 17, 2010); New Show Studios LLC v. Needle, 2014 WL 2988271, at *9 (C.D. Cal. June 30, 2014); Roadrunner Transportation Services. v. Tarwater, 2010 WL 11483986, at *4 (C.D. Cal. Dec. 20, 2010)).

Having considered the two lines of cases cited, the Court finds Plaintiffs' trade secrets to still be indefinite and therefore meriting dismissal. The Court first notes that while Apple's cases do dismiss allegations for trade secret misappropriation for being non-exclusive, use of the word "including" alone was never sufficient on its own for the court to find dismissal warranted. See Cutera, 2020 WL 4937129, at *5 (relying on use of words "includes, but is not limited to"); Zoom, 2019 WL 5862594, at *5 (using words "including, without limitation"); Acrisure, 2019 WL 4137618, at *3 (not mentioning the use of the word "including"); Becton, 2019 WL 2298500, at *3 (rejecting trade secrets that were "too broadly stated" because of the terms used and that included "other . . . products");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Emazing, 2016 WL 3658945, at *2 (noting trade secret "includes but is not limited to" the enumerated items).

It is true, as Plaintiffs suggest, that the SAC uses only the word "include" in the descriptions of their "specific trade secrets." See Opp'n at 8; SAC ¶¶ 41-46. The problem for Plaintiffs, however, lies in how each of these "specific trade secrets" still comes under the umbrella of ¶ 39, which the Court has already found insufficient, and ¶ 40, which states that Apple misappropriated "at least" the "specific trade secrets." SAC ¶ 40 (emphasis added). SAC ¶ 40 further states that "[t]he full extent of Apple's misappropriation will be revealed through discovery." Thus, SAC ¶ 40 must be naturally read as showing that Plaintiffs expressly do not intend for the following list of "specific trade secrets" to be an exhaustive recitation of the trade secrets that Plaintiffs allege Apple misappropriated. The "specific trade secrets" do not actually narrow the broad allegations in ¶ 39 that the Court has previously found insufficient. Rather, the "specific trade secrets" merely provide some examples of what is within the broad allegations of ¶ 39.[1] Indeed, the description of trade secrets in ¶ 39 is quite expansive, stating that "Plaintiffs own trade secrets that include, but are not limited to" the "broad categories" that this Court has rejected. Order at 8. The SAC employs language in their SAC that was directly at issue in the cases Apple cites.

This case is very similar to Becton. 2019 WL 2298500, at *3. In that case, the court found that the complaint alleged that each defendant had downloaded "one or more categories of information," which were "too broadly stated to identify the trade secrets on which Becton's claims are based." Id. In response, Becton had pointed to the inclusion of a paragraph in its complaint that stated "[e]xamples of confidential and proprietary information related to [a particular Becton project] and other [Becton] flow cytometry products." Id. The court was not persuaded, however, concluding that because of "the inclusion of the phrase 'and other [Becton] flow cytometry products,' Becton's reference to [the particular Becton project] does not, contrary to Becton's argument, serve to narrow the examples listed thereafter." Id. at *3.

---

[1] While Plaintiffs argue that they merely included ¶ 39 in the SAC to avoid "an admission that Plaintiffs do not own such trade secrets," ROA at 3, ¶ 39 has no apparent function in the SAC except to define the scope of trade secrets that Apple may have misappropriated. Indeed, ¶ 39 is also incorporated by reference into the trade secret misappropriation claim. SAC ¶ 228. The broad categories of trade secrets alleged in ¶ 39 therefore bear on whether the trade secret misappropriation claim more broadly can stand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Here, the descriptions of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are, like the reference to the particular Becton project, an attempt to provide specific examples of trade secrets to illustrate the broad overall category of trade secrets alleged. But examples are all that they are. The "specific trade secrets" do not actually "narrow" the impermissibly vague and unbounded description of the trade secrets that precedes them. See id. It is true that the eleven new paragraphs are over five pages long, as Plaintiffs note. See Opp'n at 8. But the length of these paragraphs does not serve to remedy the problems with SAC ¶ 39 if they merely state what is "at least" included within it.

Moreover, the Court does not conclude that the "specific trade secrets" are defined clearly enough to stand on their own. Each of the categories of technical trade secrets uses the word "including" after a broad heading, such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SAC ¶¶ 41, 43, 45. Each of these headings is certainly not narrow enough to define a clearly identifiable trade secret. The use of the word "including" suggests that the lists that follow each of these broad headings is not exhaustive either. Further, the documents that Plaintiffs reference in the paragraphs following each of these headings merely "relate" to the broad headings. See SAC ¶¶ 42, 44, 46. These documents are neither attached to the SAC, nor do the allegations indicate whether the documents contain the trade secrets so that Apple can gain further clarity on the broad headings for trade secrets that the Plaintiffs allege. This is notably different than in the cases that Plaintiffs cite as showing that sufficiency of using the word "include" in trade secret allegations. See, e.g., Cedars Sinai, 2018 WL 2558388, at *6 ("As discussed above, Cedars–Sinai also identifies the specific confidential communications that allegedly contain these trade secrets."); TMC Aerospace, 2016 WL 3475322, at *5 (noting that "Plaintiff's trade secrets describe how to manufacture [the] systems" described in a particular patent). While it is true that Plaintiffs did literally make "reference to specific plans, briefs, or drawings" in their SAC, see Order at 8, their failure to do so in such a way as to narrow the scope of the alleged trade secrets does not address the Court's underlying concern.

Plaintiffs argue in their request for oral argument that this Court's previous order rejecting Plaintiffs' motion for a preliminary injunction held that the SAC had sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

alleged the ███████████████████████████████████. ROA at 1-2 (citing Order, ECF No. 206, at 7-10). But even if the technique described in the final bullet point of SAC ¶ 41 was sufficiently precise for the Court to determine that one trade secret was alleged, this is insufficient to save the misappropriation claim. The test for whether the trade secret claim can survive dismissal is not whether, as Plaintiffs argue, the SAC describes "at least one trade secret in sufficient detail. Id. at 1 (emphasis in original). Rather, the SAC must "provide both the Court and defendants with notice of the boundaries of this case." CitCon USA, 2018 WL 6813211, at *4. Sufficiently alleging one trade secret does not provide notice as to the "boundaries" of the case when the overall allegations of Plaintiffs' trade secrets are impermissibly broad, as the Court explained above.

The Court therefore cannot find that the new allegations serve to sufficiently put Apple on notice of the trade secrets that it is alleged of misappropriating. The Court therefore **GRANTS** Apple's motion to dismiss the thirteenth cause of action.

    B.    *Leave to Amend*

Plaintiffs seek leave to amend the allegations of their complaint. Opp'n at 25. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, the Court does not find that there was undue delay given that Plaintiff's complaint has only twice been amended, and only once following dismissal. The Court is not convinced that the action was filed in bad faith. Finally, the Court is not convinced that any amendment of the SAC would be futile or that Apple will be unduly prejudiced. Therefore, the Court **GRANTS** Plaintiffs 30 days leave to amend their claims.

If it would assist Plaintiffs in making an adequate disclosure, the Court would consider allowing portions of an amended pleading to be filed under seal, and upon an adequate showing would further consider restricting some or all disclosures to attorneys-eyes only. The Court is prepared to provide full protection for Plaintiffs' trade secrets, but they must disclose them.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. Plaintiffs are granted 30 days to amend. Having considered Plaintiffs' request for oral argument, the Court finds that arguments were adequately presented in the briefing papers and **DENIES** the request.

The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |