Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DENY ACCESS TO CONFIDENTIAL INFORMATION**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:     November 19, 2020<br>Time:     10:00 a.m.<br>Ctrm:     6A<br><br>Discovery Cut-Off:    7/5/2021<br>Pre-Trial Conference:  3/21/2022<br>Trial:            4/5/2022 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   THE COURT SHOULD GRANT PLAINTIFFS' MOTION

### A.   Apple's Experts Remain Active In The Field

Apple's arguments highlight the core reason for exclusion:

> Most fundamentally, the technical experts that Plaintiffs refer to [as unobjectionable]—Mr. David Rich and Dr. Michael Polson—***are no longer working in the technical field of this litigation***. Plaintiffs' objections to Drs. Sarrafzadeh and Warren, if sustained, would mean that Apple would be denied the counsel of anyone ***who is currently researching non-invasive monitoring***.

Joint Stipulation, Dkt. 227, ("JS") at 34 (emphases added).  That is precisely Plaintiffs' point.  As the Northern District of California observed, "[n]either the parties nor the Court on its own have been able to identify a case within the Ninth Circuit where a party's objections to an expert were overruled where that expert ***actively consulted in the very field at issue***."  *Symantec Corp. v. Acronis Corp.*, 2012 WL 3582974, at *3 n.1 (N.D. Cal. Aug. 20, 2012) (emphasis added).  Far from citing cases allowing such experts, Apple cites a case where it successfully ***objected*** to such experts. JS at 29, 31.  Specifically, the court held the expert to whom Apple objected "presents precisely the same risks as the expert in *Symantec*" because "[h]e is an active consultant in the field at issue." *GPNE Corp. v. Apple Inc.*, 2014 WL 1027948, at *2 (N.D. Cal. Mar. 13, 2014).

Apple attempts to dismiss *Symantec* by asserting its experts "do not consult on any product development[,]" JS at 20, 26, but Apple does not dispute its experts consult "in the very field at issue."  Apple also asserts its experts "are both career academics" who "are not developing any products or services" and have no plans to do so.  *Id.* at 4, 5, 21.  These representations are of little comfort because Apple rejected Plaintiffs' request that the experts merely confirm they will not do what Apple claims they have no intention of doing.

Plaintiffs properly objected and sought additional restrictions based on these specific experts' activity in the field and the extremely confidential trade

-1-

secrets at issue in this case.  Apple criticizes Plaintiffs for not providing more detail regarding the experts' current activities.  However, Apple not only withheld that information, Apple has successfully argued that any uncertainty created by withholding such information should be resolved *against* the proffering (and withholding) party.  *See THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *4 (N.D. Cal., May 13, 2016).  Apple argues *THX* involved in-house counsel, but Apple does not explain why it would be more appropriate to withhold information about experts than in-house counsel.  Accordingly, any uncertainty about the specifics of the experts' current research should be resolved against allowing access.

**B.    Sarrafzadeh's Duty Of Candor Includes Confidential Information**

Apple asserts there is no tension between Sarrafzadeh's obligations under the Protective Order and his duty of candor to the Patent Office because the latter "is not implicated" by Plaintiffs' confidential information.  JS at 6.  Apple asserts Plaintiffs' confidential information could not "constitute prior art" or be "inconsistent with[] a position taken during prosecution."  *Id.* at 31.  Apple argues an inventor "would only violate his duty to the PTO under Rule 1.56 if he were exposed to *public information* that was material to the patentability of his claims."  *Id.* at 31 (quoting *GPNE*, 2014 WL 1027948, at *2).

Apple is incorrect on all points, and successfully obtained a contrary ruling *last week*.  *See Apple Inc v. Voip-Pal.com, Inc.*, No. 20-cv-02460, Dkt. 53, Slip Op. at 4 n.2 (N.D. Cal. Oct. 30, 2020) [Ex. 12][1] ("non-public prior art" may include "confidential technical information about products that were on sale as of the prior art date, but as to which the sale of the product did not reveal the confidential technical information.")  The court observed that an entity "is

---

[1] Exs. 1-11 are attached to the Katzenellenbogen Decl. (Dkt. 227-1), and Exs. 12-15 are to the Supplemental Katzenellenbogen Decl. submitted herewith.

1    not relieved of its duty to disclose to the USPTO information that is material to

2    patentability . . . even if that material is subject to a protective order." *Id.* at 5.

3        Apple also asserts that Plaintiffs' expert's patent application presents the

4    same issues.  JS at 32.  It does not.  An application concerning "cloud storage

5    services" is outside the relevant technical field set forth in the prosecution bar

6    ("non-invasive monitoring").

7    **C.    Apple Does Not Establish Unfair Prejudice**

8        Apple argues it does not have the burden of establishing unfair prejudice.

9    JS at 33.  Numerous cases cited by both parties, including prior Apple cases,

10   establish this burden.  *See Symantec*, 2012 WL 3582974, at *3 (proffering party

11   failed to show prejudice); *GPNE*, 2014 WL 1027948, at *2 (same).

12       Apple does not meet its burden of showing prejudice.  Apple asserts

13   Sarrafzadeh is highly qualified, but not that his qualifications are unique or no

14   other experts have similar qualifications.  JS at 33-34.  Apple cites nine "papers

15   and textbook chapters" as allegedly showing Warren's technical prowess.  *Id.* at

16   44-45.  But he is not the sole author on any of them, and co-authoring nine

17   articles does not make him unique.  *See id.*  Apple also asserts there are "likely"

18   only two or three experts with his experience, but provides no support for that

19   assertion.  *See id.* at 45.  Apple's desire to use these experts does not mean

20   Apple will suffer prejudice from using other experts.  *See Emerson Elec. Co. v.*

21   *Sipco, LLC*, 2016 WL 6833741, at *5 (N.D. Cal. Nov. 21, 2016) (recognizing

22   the facts that make an expert valuable may make him or her objectionable).

23   Moreover, if Apple believes its experts are truly irreplaceable, Apple could

24   compensate them for any opportunities they lose by agreeing to Plaintiffs'

25   restrictions.  *See Univ. of Virginia Patent Found. v. General Elec. Co.*, 2016

26   WL 379813 at *5 (W.D. Va. Jan. 29, 2016).

27   **D.    Prior Courts Ordered Restrictions on Warren**

28       Apple asserts Warren "*has already seen* the confidential information of

-3-

Masimo on the same subject matter as is at issue in this case" in a prior patent case.  JS at 41.  Apple asserts that, "it bends the mind to imagine how Dr. Warren seeing [the information] again could somehow pose any threat of competitive harm."  *Id.* at 42.  It hardly "bends the mind" to recognize that discovery in this trade secret case will include different information than discovery in the prior case.  Moreover, Apple ignores that Warren's prior access was conditioned on an activity bar that applied for the same duration as Plaintiffs' proposal and was directed to the specific technology at issue in that case.  JS at 40 (citing Ex. 11).  Plaintiffs are not objecting to Warren "seeing" Plaintiffs' information, only to him doing so without restrictions analogous to the restrictions the prior court imposed after similar briefing.

## II.     PLAINTIFFS TRIED TO RESOLVE THIS DISPUTE

### A.     Plaintiffs Timely Presented Their Objections

Apple argues Plaintiffs' attempts to meet and confer improperly delayed this Motion.  JS at 24-25.  The record shows Plaintiffs acted promptly.  Plaintiffs notified Apple on August 19, the day after Apple designated Sarrafzadeh, that Plaintiffs would likely object.  Ex. 4 at 9.  Plaintiffs continued investigating and formally objected on August 31, the day before objections were due.  *Id.* at 11.  The parties exchanged additional correspondence and, on September 8, ***Apple*** requested additional information "prior to a meet and confer."  *Id.* at 9-10.  Plaintiffs provided it the next day, identified areas of concern, and asked Apple to identify all of Sarrafzadeh's pending patent applications.  *Id.* at 9.  Apple provided a list of applications on September 17, ***30 days*** after Apple's initial expert designation.  *Id.* at 7.  Apple did not provide any information about Sarrafzadeh's organizations.  *Id.* at 7.  The parties met and conferred on September 25 and ***Apple*** requested the parties wait to file this motion until the parties discussed Apple's other experts.  *Id.* at 4-5.

-4-

**B.** <u>**The Parties Have Not Fully Explored Potential Compromise**</u>

Apple implies its experts would have agreed to unidentified restrictions if Plaintiffs had used the right words. *See* JS at 37. Apple identifies three concerns with Plaintiffs' wording for the first time in its briefing. *See* Ex. 13. First, Apple argues "[t]he excluded field is not limited to optical—or even noninvasive—physiological monitoring technology" and is "broader in scope than set forth in the Prosecution Bar." JS at 35, 37. Second, Apple argues Plaintiffs seek to prevent supervising graduate students. *Id.* at 35, 46. Third, Apple argues Plaintiffs' request regarding the prosecution bar is broader than the defined field. *Id.* at 37. Plaintiffs would have welcomed a discussion and could easily have addressed these issues if Apple had raised these concerns earlier. Indeed, after receiving Apple's portion of the joint stipulation, Plaintiffs explained that their proposal was limited to a ***subset*** of non-invasive monitoring and that Plaintiffs did not intend to preclude supervising graduate students. Ex. 13. Plaintiffs asked Apple's experts to agree that:

> [F]or the duration of this case plus two years, they will not research or develop technology for non-invasively measuring respiration from the pleth, oxygen saturation, ECG or any other parameter measured by Rainbow SET[.]

*Id*. Despite Plaintiffs addressing Apple's stated concerns, Apple rejected the proposal and again declined to propose revisions. Ex. 14. Plaintiffs remain open to discussing alternative proposals to resolve this dispute.

Apple suggests that it "asked Plaintiffs if their technical expert would agree to a ***similar*** proposal if the Court deems the Protective Order's protections insufficient, and Plaintiffs refused." JS at 5-6 (emphasis added); *id.* at 36. But Apple's proposal was not "similar." Apple proposed barring research in the fields of "digital signal processing" and "wireless/telecommunications systems and protocols[,]" which are ***different*** from and not a subset of the "non-invasive monitoring" field at issue and specified in the protective order. Ex. 15, p.13.

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 5, 2020    By: */s/ Benjamin A. Katzenellenbogen*
                             Joseph R. Re
                             Stephen C. Jensen
                             Benjamin A. Katzenellenbogen
                             Perry D. Oldham
                             Stephen W. Larson
                             Adam B. Powell

                             Attorneys for Plaintiffs
                             Masimo Corporation and
                             Cercacor Laboratories

33804640