# EXHIBIT 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>VOIP-PAL.COM, INC.,<br><br>          Defendant. | Case No.  20-cv-02397-LHK (VKD)<br><br>**ORDER RE DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 42 |
| APPLE, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>VOIP-PAL.COM, INC.,<br><br>          Defendant. | Case No.  20-cv-02460-LHK (VKD)<br><br>Re: Dkt. No. 50 |
| AT&T CORP., AT&T SERVICES, INC., AND AT&T MOBILITY LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>VOIP-PAL.COM, INC.,<br><br>          Defendant. | Case No.  20-cv-02995-LHK (VKD)<br><br>Re: Dkt. No. 50 |
| CELLCO PARTNERSHIP d/b/a/ Verizon Wireless,<br><br>          Plaintiff,<br><br>     v.<br><br>VOIP-PAL.COM, INC.,<br><br>          Defendant. | Case No.  20-cv-03092-LHK (VKD)<br><br>Re: Dkt. No. 45 |

**Exhibit 12**
-2-

1  Plaintiffs Twitter, Inc., Apple, Inc., AT&T Corp., AT&T Services, Inc., AT&T Mobility
2  LLC, and Cellco Partnership d/b/a Verizon Wireless and defendant VoIP-Pal.com, Inc. are parties
3  to four cases involving the same or related patents. The parties have reached agreement on most
4  of the terms of a proposed protective order to govern the protection of confidential information of
5  exchanged during discovery. The parties disagree with respect to three terms of the proposed
6  protective order concerning (1) the scope of a prosecution bar, (2) disclosure of plaintiffs' non-
7  public prior art to VoIP-Pal's patent prosecution counsel, and (3) storage of protected information
8  outside the United States and sharing such information with foreign nationals.

9  The parties have jointly submitted their respective arguments on these matters to the Court.
10 The Court finds that the dispute may be resolved without a hearing. Civil L.R. 7-1(b).[1]

## I. BACKGROUND

12 Plaintiffs have filed four related actions seeking declaratory judgments of non-
13 infringement and invalidity of U.S. Patent No. 10,218,606 ("the '606 patent") or, in the case of
14 Apple, of the '606 patent and U.S. Patent No. 9,935,872 ("the '872 patent"). The '606 patent and
15 the '872 patent are part of the same patent family and share a common specification. These
16 patents generally involve the field of routing of IP-based communications. *See* Case No. 20-2460,
17 Dkt. No. 10, Exs. 1, 2. The parties propose to rely upon the same protective order in each action.

## II. DISCUSSION

### A. Scope of Prosecution Bar

20 The parties agree that the protective order should contain a prosecution bar that applies to
21 information designated "Confidential Outside Counsel Only" or "Restricted Confidential – Source
22 Code." Dkt. No. 42-1, sections IV.A., IV.C. They disagree about how to describe the subject
23 matter encompassed by the prosecution bar. Plaintiffs argue for a broad description: "routing
24 communications over networks and management of user identities and contacts." *Id.* at 22. VoIP-
25 Pal argues for a narrow description: "any process or apparatus in a telephone communications
26 network where call classification criteria associated with the caller are used to classify the call as a

---

[1] Unless otherwise noted, all docket citations in this order are to the docket in Case No. 5:20-cv-02397-LHK.

1 public network call or private network call and a routing message identifying an address, on the

2 private network, associated with the callee is produced when the call is classified as a private

3 network call, and a routing message[] identifying a gateway to the public network is produced

4 when the call is classified as a public network call." *Id.*

5       The parties agree that the prosecution bar must be tailored to the risks of improper use

6 during prosecution of confidential information likely to be disclosed during discovery. *See* Dkt.

7 No. 42 at 4, 7; *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010)

8 (prosecution bar should "reasonably reflect the risk present by the disclosure of proprietary

9 competitive information"); *Applied Signal Technology, Inc. v. Emerging Markets*

10 *Communications, Inc.*, Case No. C-09-02180 SBA (DMR), 2011 WL 197811 at *3 (observing that

11 prosecution bar should reflect "the areas of technology where there is risk that individuals may

12 inadvertently exploit their new knowledge in future patent prosecution"). Unfortunately, the

13 parties provide no information that would permit the Court to assess the nature of the confidential

14 information likely to be disclosed to VoIP-Pal about the accused instrumentalities or the prior art.

15       In the absence of useful information from the parties, the Court has reviewed the asserted

16 patents and the operative complaints filed in each action. Based on that review, the Court believes

17 that neither side's proposed prosecution bar fairly captures the scope of the technology about

18 which confidential information may be disclosed—plaintiffs' is too broad and VoIP-Pal's is too

19 narrow. Instead, the Court suggests the following:

20
21
22
23
> methods, systems, processes or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the communication across private networks or between private networks and public networks.

24       If the parties do not agree that this language accurately defines the scope of the prosecution

25 bar that should be entered, they shall file a further joint submission with no more than 600 words

26 per side explaining how and why the language should be modified. After receiving the parties'

27 further submission, the Court may set a hearing to discuss the disagreement. Alternatively, if the

28 parties agree on language that differs from what the Court suggests, they may simply include the

agreed language in a revised proposed protective order and ask that the Court adopt it.

The Court asks that the parties make their further submission by **November 13, 2020**.

B. **Exception to Prosecution Bar for VoIP-Pal's Prosecution Counsel's Access to Plaintiffs' Non-Public Prior Art**

The parties dispute whether VoIP-Pal's patent prosecution counsel, who would otherwise be subject to the prosecution bar, should nevertheless be permitted access to plaintiffs' non-public prior art[2] and still be permitted to engage in patent prosecution activities on VoIP-Pal's behalf.

VoIP-Pal argues that its patent prosecution counsel requires access to plaintiffs' non-public prior art so that VoIP-Pal can satisfy its duty of candor to the USPTO—specifically, its obligation to disclose information material to patentability that it may obtain in litigation. Dkt. No. 42 at 9. VoIP-Pal fears that if it cannot share non-public prior art with its prosecution counsel, it may be subject to a charge of inequitable conduct before the USPTO. *Id.* Further, VoIP-Pal observes that its prosecution counsel is unlikely to be able to use plaintiffs' non-public prior art to draft claims to cover plaintiffs' products, but would at most be able to use the information to avoid the prior art. *Id.* at 8.

Plaintiffs argue that VoIP-Pal's prosecution counsel are engaged in precisely the type of prosecution activity that the Federal Circuit has described as well within the scope of "competitive decisionmaking," including "investigating prior art relating to [] inventions, . . . writing, reviewing, or approving new applications or continuations-in-part of applications . . . or strategically amending or surrendering claim scope during prosecution." *Id.* at 5-6 (citing *In re Deutsche Bank*, 605 F.3d at 1380). Plaintiffs further argue that, in any event, VoIP-Pal could not disclose plaintiffs' confidential information to the USPTO without plaintiffs' permission. *Id.* at 6.

*In re Deutsche Bank* supplies the analytical framework for resolving this dispute. As the parties do not dispute that a patent prosecution bar is appropriate, the Court considers whether

---

[2] Plaintiffs explain that the "non-public prior art" at issue consists of confidential technical information about products that were on sale as of the prior art date, but as to which the sale of the product did not reveal the confidential technical information. Dkt. No. 42 at 5. The Court further understands that only such prior art that is designated "Confidential Outside Counsel Only" or "Restricted Confidential – Source Code" would be subject to the prosecution bar, absent an exception.

4

Exhibit 12
-5-

VoIP-Pal has shown, with respect to its prosecution counsel and plaintiffs' non-public prior art: "(1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to [VoIP-Pal] from restrictions imposed . . . outweighs the potential injury to [plaintiffs] caused by such inadvertent use." *In re Deutsch Bank,* 605 F.3d at 1381.

The Court agrees with plaintiffs that the contemplated activities of VoIP-Pal's patent prosecution counsel are precisely the type of activities that the Federal Circuit has described as "competitive decisionmaking." Moreover, in the circumstances here, disclosing plaintiffs' non-public prior art to such prosecution counsel does not merely create a risk of inadvertent use or disclosure of plaintiffs' confidential information, but rather a risk of *deliberate* use or disclosure of the information. After all, VoIP-Pal asks for permission to share plaintiffs' non-public prior art with its prosecution counsel for the express purpose of having counsel disclose the prior art to the USPTO if it is material to the patentability of VoIP-Pal's pending applications. These two considerations strongly favor plaintiffs, as the disclosure to VoIP-Pal's prosecution counsel is likely to give rise to the kind of injury to plaintiffs' interests that a prosecution bar is designed to address.

On the other hand, VoIP-Pal is correct that it is not relieved of its duty to disclose to the USPTO information that is material to patentability under 37 C.F.R. §1.56(b), even if that material is subject to a protective order. *See* MPEP 724; MPEP 2001.06. Plaintiffs cite no support for their contrary view. VoIP-Pal's duties to the USPTO could place it in a difficult position if, as the Court assumes, its principal concern is the continuing prosecution of patents in the same patent family as the '606 patent and the '872 patent. However, the difficulty arises only if a particular piece of non-public prior art satisfies the definition of "material to patentability" set out in 37 C.F.R. §1.56(b), and if the duty to disclose cannot be satisfied by providing a redacted version of the prior art to the USPTO, as suggested in MPEP 724. *See* MPEP 724 ("[I]t may be possible to submit the information in such a manner that legitimate trade secrets, etc., will not be disclosed, e.g., by appropriate deletions of nonmaterial portions of the information."). In these

circumstances, a blanket exception to the prosecution bar providing that all of plaintiffs' non-public prior art may be shared with VoIP-Pal's prosecution counsel seems too blunt an instrument to address VoIP-Pal's concerns about its duty of disclosure to the USPTO.

The Court declines to adopt VoIP-Pal's suggested language for the relevant portion of section IV.C. of the proposed protective order. *See* Dkt. No. 42-1 at 23, line 17. The Court will adopt plaintiffs' suggested language for this portion of section IV.C., except that the language should reflect that only prior art that is designated "Confidential Outside Counsel Only" or "Restricted Confidential – Source Code" is subject to the prosecution bar in the first place, and not merely "non-confidential" prior art. *See id.* at 23, line 14. If VoIP-Pal believes that it must disclose a particular piece of non-public prior art to prosecution counsel and the USPTO in order to satisfy its duty of candor, VoIP-Pal may seek relief from this portion of the protective order on a case-by-case basis using the discovery dispute resolution procedure set out in Judge DeMarchi's Standing Order for Civil Cases.

### C.  Storage of and Access to Protected Information in Canada and by Canadians

The parties dispute whether VoIP-Pal should be permitted to share information plaintiffs' designate as "Confidential" under the protective order with VoIP-Pal's party representatives in Canada. Dkt. No. 42 at 11. Plaintiffs object to having any of their confidential information stored outside the United States or shared with VoIP-Pal's Canadian party representatives. *Id.* at 3-4. The dispute implicates two aspects of the proposed protective order: (1) whether all protected material must be stored in the United States, and (2) whether VoIP-Pal's party representatives who may be Canadian or who may reside in Canada may access material designated "Confidential."

With respect to the storage provision, VoIP-Pal proposes that section III.G of the protective order state that protected information may be stored and maintained "at a location in the United States or Canada." Dkt. No. 42-1 at 5. VoIP-Pal acknowledges that it maintains offices and has personnel in the United States, but it says its party representatives are primarily in Canada. VoIP-Pal does not explain why, as a general matter, it should be permitted to store all of plaintiffs' protected information—including materials designated "Confidential Outside Counsel Only" or "Restricted Confidential – Source Code" that party representatives may not access—outside the

6

Exhibit 12
-7-

1  United States. Given that some portion of the protected information is likely to be highly
2  confidential, and possibly even subject to export controls, a provision that generally authorizes
3  storage of protected information outside the United States, as VoIP-Pal proposes, is not warranted
4  here.

5  With respect to the party-access provision, under the terms of the proposed protective order
6  "up to three (3) representatives who are officers or employees, who may be but need not be, in-
7  house counsel for a Party or a Party's parent company or corporate affiliate," and who meet the
8  other criteria of section III.J.4.c. of the proposed order, may have access to materials designated
9  "Confidential" by an adverse party. No party representatives are permitted access to materials
10  designated "Confidential Outside Counsel Only" or "Restricted Confidential – Source Code."
11  VoIP-Pal does not say who its party representatives are or whether any of them are Canadian or
12  reside outside the United States. While the Court agrees that it may be necessary and appropriate
13  for a party representative to have access to plaintiffs' "Confidential" information in order for
14  VoIP-Pal to defend these actions, even if such a representative is a Canadian or resides in Canada,
15  VoIP-Pal's proposed language is not limited to addressing this concern.

16  The Court declines to adopt VoIP-Pal's proposed language for sections III.G and VII.C.
17  However, if and when VoIP-Pal identifies a party representative who would otherwise be entitled
18  to have access to "Confidential" material but for his or her nationality or place of residence, VoIP-
19  Pal may seek relief from the Court to address this issue using the discovery dispute resolution
20  procedure set out in Judge DeMarchi's Standing Order for Civil Cases.

21  **IT IS SO ORDERED.**

22  Dated: October 30, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge