# EXHIBIT 14

| | |
|---|---|
| **From:** | Andrea, Brian <BAndrea@gibsondunn.com> |
| **Sent:** | Wednesday, November 4, 2020 7:17 AM |
| **To:** | Ben.Katzenellenbogen |
| **Cc:** | *** Apple-Masimo; Masimo.Apple |
| **Subject:** | RE: Masimo v Apple - Sarrafzadeh and Warren |

Ben,

As we have stated many times (and as established in our portion of the joint stipulation), Plaintiffs do not have good cause to object to Drs. Sarrafzadeh or Warren, and thus have no basis to insist that Drs. Sarrafzadeh and Warren agree to any restrictions on their work beyond what is already set forth in the Protective Order to which they have agreed to be bound.

Apple's portion of the joint stipulation does not say whatsoever that Apple or Drs. Sarrafzadeh or Warren are willing to agree to any restrictions "if only Plaintiffs had used the right language." Rather, as you have apparently recognized, Apple's portion explains why the restrictions Plaintiffs have pushed for are substantively unreasonable and unduly prejudicial. You did not propose the narrowed restrictions you propose below, but if you had, Apple would have explained why those were unreasonable and unduly prejudicial as well.

Your email ignores that Apple did indicate that Dr. Warren may be willing to agree to the same restrictions he agreed to previously in the *Masimo v. Philips* litigation if Rainbow SET becomes at issue in this case and we would like Dr. Warren to be able to have access to that information. Plaintiffs failed to respond to that proposal.

Thanks,
Brian


**Brian Andrea**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

1

**Exhibit 14**
-10-