# EXHIBIT 15

| | |
|---|---|
| **From:** | Andrea, Brian <BAndrea@gibsondunn.com> |
| **Sent:** | Wednesday, October 28, 2020 11:52 AM |
| **To:** | Adam.Powell |
| **Cc:** | *** Apple-Masimo; Masimo.Apple |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Plaintiffs' Position on Restrictions on Technical Experts |

Adam,

Thank you for responding to our email, despite our repeated requests for a response last week so that we have sufficient time to consider your response before the due date for our opposition to Plaintiffs' portion of the joint stipulation.  Our inquiry was simply whether or not Plaintiffs, in the event the Court agrees with your position that restrictions should be placed on experts that perform research and/or teaching in subject matter that relates to the work of the party disclosing confidential information, despite the experts' agreement to be bound by the terms of the Protective Order.  We understand your response to be that you will not agree to such restrictions on your own experts who work in the same technology areas as Apple, despite your continued insistence that Apple's technical experts be subject to such restrictions.

As for your other questions, we  don't see any benefit to continued discussion on those issues, as Apple has made its position very clear and the parties' are already in the process of preparing a joint stipulation to be filed tomorrow.  Indeed, despite Apple's willingness to respond to Plaintiffs' repeated requests for information and "clarification" throughout this process, Plaintiffs have made clear that no amount of additional information will be sufficient for Plaintiffs to withdraw their objections to Drs. Warren and Sarrafzadeh.

Thanks,
Brian



**Brian Andrea**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, October 26, 2020 7:50 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Plaintiffs' Position on Restrictions on Technical Experts

[External Email]
Brian,

The premise of your question appears to reflect a misunderstanding of Plaintiffs' position.

Plaintiffs have not proposed adding blanket restrictions on all technical experts.  Indeed, Plaintiffs approved two of Apple's proposed technical experts without any additional restrictions.  The necessity and scope of additional restrictions as a possible way to resolve objections depends on the individual expert.  The activities of Apple's previously approved experts did not warrant a continued objection, whereas the activities of Dr. Sarrafzadeh and Dr. Warren do.

In addition, as set forth in our portion of the joint stipulation, Dr. Sarrafzadeh is a named inventor on pending patent applications in the field of "non-invasive monitoring."  Accordingly, to allow Plaintiffs to understand Apple's position on the limitations the protective order imposes in such circumstances, we asked (before and during the meet-and-confer) for Apple to explain how Dr. Sarrafzadeh proposes to comply with the protective order and the duty of candor to the Patent Office.  Apple refused to explain.  This suggested that Apple is interpreting the Protective Order differently than Plaintiffs, and Plaintiffs continue to desire to understand Apple's interpretation.

We also request the following clarifications.

First, is Apple is proposing the restrictions set forth in your email below as a blanket prohibition on all experts?  If so, is Apple representing that its experts would agree to these restrictions?  Alternatively, is Apple suggesting these restrictions are necessary to resolve specific objections?  If so, which objections to which expert?

Second, the parties negotiated and agreed on the relevant scope of technology to which the patent prosecution bar applies: "non-invasive monitoring."  Please explain why Apple suggests a prohibition on future research and development activities that would apply to a broader range of technologies than the patent prosecution bar.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 Direct

**Knobbe Martens**

---

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Thursday, October 22, 2020 9:24 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Plaintiffs' Position on Restrictions on Technical Experts

Adam,

We still have not received a response to the email below.  Please let us know your position on this by the end of this week at the latest.

Thanks,
Brian


**Brian Andrea**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

Exhibit 15
-12-

1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

**From:** Andrea, Brian
**Sent:** Friday, October 16, 2020 9:18 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Plaintiffs' Position on Restrictions on Technical Experts

Adam,

Given that Plaintiffs intend to maintain their objections to Dr. Warren and Dr. Sarrafzadeh, Apple needs to better understand Plaintiffs position regarding the restrictions you are seeking to impose on technical experts despite their agreement to be bound by the Protective Order. Specifically, if the Court accepts your arguments that additional restrictions should be placed on Drs. Warren and Sarrafzadeh, are Plaintiffs willing to impose similar restrictions on their own technical experts, namely that, for the duration of this case plus two years:

(1) The expert will not directly research or develop, or supervise those who are researching or developing, products or technology in the fields of digital signal processing, wireless/telecommunications systems and protocols, measurement of physiological parameters using signals derived from optical sources, and wearable devices; and

(2) The expert's agreement to Paragraph 10 of the Protective Order includes, but is not limited to, his agreement that he will not: (a) file, or assist in the filing of, any new patent application naming him as an inventor that relates to such products or technology; or (b) analyze or identify for disclosure to the Patent Office any potential prior art in connection with any patent or patent application naming him as an inventor that relates to such technology.

Please let us know your position on this by Tuesday so that we can be prepared to respond to Plaintiffs' portion of the joint stipulation.

Thanks,
Brian



**Brian Andrea**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to

3

**Exhibit 15**
-13-

you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.