Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE PLAINTIFFS' THIRD AMENDED COMPLAINT UNDER SEAL** |

Pursuant to Local Rule 79-5.2.2(a), and this Court's order on Apple's Motion to Dismiss (Dkt. 219), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Third Amended Complaint (the "TAC"). Plaintiffs have provided a proposed redacted version of the TAC.

This Court invited Plaintiffs to file its third amended complaint under seal so Plaintiffs could describe their trade secrets in additional detail. Dkt. 219 at 8. Plaintiffs have described their trade secrets in more detail and respectfully request the Court seal the TAC.

## I. **LEGAL STANDARDS**

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . .." Cal. Civ. Code § 3426.5 (emphasis added).

/ / /

/ / /

-1-

## II. ARGUMENT

Plaintiffs' TAC contains descriptions of information that Plaintiffs assert constitute trade secrets. Each category is described in more detail below.

First, paragraphs 40-42, 45, 232, 234, 238, and 244 discuss Plaintiffs' confidential and proprietary technical trade secrets. Powell Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Second, paragraphs 43 and 240 discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. *Id.* ¶ 5. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Third, paragraphs 44 and 242 discuss Plaintiffs' trade secrets concerning interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part due to its secrecy. Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

-2-

Fourth, paragraphs 233, 235-237, 239, 241, and 243 explain how Apple misappropriated Plaintiffs' specific trade secrets and contain discussions of the specific trade secrets and various disclosures by Apple. *Id.* ¶ 7. Apple has previously argued that the Court should not seal quotations from public documents that allegedly disclose Plaintiffs' trade secrets. *See e.g.*, Dkt. 145. The Court rejected these arguments. *See* Dkt. 152 (rejecting Apple's argument and sealing quotations from patents). As Plaintiffs previously explained, mere publication does not automatically show specific information is "generally known" under California law, such that the information is not a trade secret. *See* Cal. Civ. Code § 3426.1(d); *Kittrich Corporation v. Chilewich Sultan, LLC*, 2013 WL 12131376, at *4 (C.D. Cal., Feb. 20, 2013) (publication on the Internet does not necessarily destroy information's status as a trade secret). Determining whether information is not a trade secret "requires a fact-intensive analysis" to show that the information is generally known. *Kittrich,* 2013 WL 12131376, at *4. Further, Plaintiffs expressly claim the "value and importance" of Plaintiffs' techniques as a trade secret. Because Plaintiffs have industry-leading technologies, knowing which particular techniques Plaintiffs use or consider effective is valuable information that competitors could use to improperly compete against Plaintiffs. Such information would inform competitors' selection of techniques because they would better understand which techniques and information originated with Plaintiffs. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute Plaintiffs' TAC discusses Plaintiffs' "***alleged*** trade secret[s]," which should be sealed in accordance with Cal. Civ.

1  Code § 3426.5 (emphasis added).  Further, Apple has argued that designating
2  information as "Highly Confidential – Attorneys Eyes Only," as is the case here,
3  should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at
4  11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing
5  under seal of any materials marked with these elevated designations in *this*
6  case—where highly confidential information, source code, competitive
7  information, and potentially trade secrets are at issue").
8   Moreover, the Court previously granted numerous applications to seal
9  similar information that Plaintiffs allege is a trade secret, including: (1)
10 Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction
11 (Dkt. 110); (2) Plaintiffs' Application to Seal Documents Filed in Support of
12 Apple's Opposition to Plaintiffs Motion for Preliminary Injunction (Dkt. 145);
13 (3) Plaintiffs' Application to Seal Portions of Plaintiffs Opposition to Apple's
14 Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second
15 Amended Complaint (Dkt. 179); and (4) Plaintiffs' Application to Seal Portions
16 of Plaintiffs' Opposition to Apple's Motion to Stay (Dkt. 208).  Dkt. 113; Dkt.
17 152; Dkt. 182; Dkt. 210.  The Court should grant this Application for the same
18 reasons it granted the prior applications.

### III.  CONCLUSION

20  For the reasons discussed above, Plaintiffs respectfully request that the
21 Court seal Plaintiffs' Third Amended Complaint.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

-4-

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 12, 2020        By: */s/ Adam B. Powell*
  Joseph R. Re
  Stephen C. Jensen
  Perry D. Oldham
  Stephen W. Larson
  Adam B. Powell

  Attorneys for Plaintiffs,
  Masimo Corporation and
  Cercacor Laboratories