UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge | |
|---|---|---|
| Maria Barr | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| n/a | | n/a |

**Proceedings:** Order Re: Plaintiff's Motion to Deny Access to Confidential Information (Dkt. 226)

## I.
## INTRODUCTION

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed their original complaint in this action against Defendant Apple Inc. ("Defendant") on January 9, 2020. See Dkt. 1. On March 25, 2020, Plaintiffs filed a First Amended Complaint. Dkt. 28. On April 17, 2020, the Honorable James V. Selna, United States District Judge, issued an "Order Re Scheduling Dates" ("Scheduling Order"), adopting patent specific dates requested by the parties as well as other deadlines and procedures. Dkt. 37. On November 13, 2020, Plaintiffs filed a Third Amended Complaint alleging claims for: (1) patent infringement (12 counts); (2) trade secret misappropriation under California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.; (3) correction of inventorship (6 counts); and (4) declaratory relief (7 counts). See Dkt. 230-2 (redacted).

On October 29, 2020, Plaintiffs filed a Motion to Deny Access to Confidential Information, with a Local Rule 37 joint stipulation and supporting and opposing declarations and exhibits. See Dkt. 226 ("Motion"), 227 ("Joint Stipulation" or "Jt. Stip."), 227-1 to 227-4. Plaintiffs seek an order sustaining their objections to Defendant's experts, Drs. Majid Sarrafzadeh ("Dr. Sarrafzadeh") and Steve Warren ("Dr. Warren"), under Paragraph 9.2(c) of the Protective Order (see Dkt. 67), "and denying them access to Plaintiffs' Protected Material unless Drs. Sarrafzadeh and/or Warren agree in writing, for the duration of the litigation plus two years, to refrain from directly researching or developing, or supervising those who are researching or developing, technology for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

measuring ECG, respiration from the pleth, oxygen saturation, or any other parameter measured by Plaintiffs' Rainbow SET technology." Motion at 1 (original pagination used unless stated). On November 5, 2020, Plaintiffs filed a Supplemental Memorandum in support of the Motion with supporting declaration and exhibits. Dkt. 228 ("Pls.' Supp. Mem."), 229, 229-1 to 229-4. The parties conferred under Local Rule 37-1 on September 25 and October 13, 2020. See Motion at 1. The Application is now fully briefed.

Before filing this Motion, Plaintiffs' counsel had requested information on Drs. Sarrafzadeh and Warren that Defendant's counsel declined to provide. See Dkt. 227-1 at 5-14, 53-64 (CM/ECF pagination). Plaintiffs now argue, among other contentions, that Defendant "cannot refuse to provide" the information Plaintiffs requested "and then argue Plaintiffs have not met their burden to cite such information." Jt. Stip. at 12-13.

**II.**
**THE OPERATIVE LANGUAGE IN THE PROTECTIVE ORDER**

Paragraph 9.2(c) of the Protective Order ("Paragraph 9.2(c)"), at least initially, governs the parties' dispute here. Paragraph 9.2(c) allows a party to "disclose any information or item designated 'CONFIDENTIAL,'" unless "ordered by the court or permitted in writing by the Designating Party," to

> Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, including the expert's support staff, provided that: (1) such consultants or experts are not presently an officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party and (2) such expert or consultant is not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

Dkt. 67 at 13-14. Under Paragraph 9.2(c), the disclosing party "shall provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant." Id. at 14. Paragraph 9.3 of the Protective Order relates to information or items designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and adopts the conditions stated in Paragraph 9.2(c). See id. at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

## III.
## DISCUSSION

After carefully reviewing the materials set forth above in support of and in opposition to the Motion, for the reasons explained below, the Court finds that certain information was "reasonably requested" by Plaintiffs and not provided by Defendant as to each proposed expert.

**A.     Dr. Warren**

Dr. Warren is a professor and researcher at Kansas State University ("KSU") Mike Wiegers Department of Electrical and Computer Engineering, with an ancillary appointment in the KSU Department of Gerontology, who teaches "courses that support the Biomedical Engineering, Electrical Engineering, and Computer Engineering curricula." Dkt. 227-4 ¶ 2. Dr. Warren is also the founder and director of the KSU Medical Component Design Laboratory ("MCDL"). His roles and responsibilities as MCDL's manager and director are:

- Acquire grants to support research, education, and service endeavors;
- Foster academic research and teaching relationships;
- Host study protocols that employ human subjects;
- Disseminate research and education methods and results through peer-reviewed publications, invited presentations, conference participation, workshops, and short courses;
- Provide administrative oversight for the undergraduate Biomedical Engineering degree program and the Bioengineering Option within the undergraduate Electrical Engineering degree program;
- Support academic coursework for the KSU Biomedical Engineering,
- Electrical Engineering, and Computer Engineering curricula;
- Advise and mentor undergraduate and graduate students;
- Guide undergraduate and graduate research projects;
- Serve on academic and administrative committees; and
- Work with student groups as a faculty advisor.

Dkt. 227-4 ¶ 3.

Dr. Warren's current and planned research activities are:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

- Design and testing of sensor beds to monitor the nighttime well-being of children with severe disabilities;
- Development of technology-based tools to (a) help children with special needs perform activities of daily living, (b) monitor the health of children with severe disabilities, many of whom have an autism spectrum disorder and are non-verbal, and quantify the effectiveness of medications and other therapies utilized to help these children learn and develop;
- Creation of proposals for research funding to assess and track the emotional state of companion animals; and
- Creation of proposals for research funding to monitor and track animal behavior based on training methods.

Dkt. 227-4 ¶ 4. Dr. Warren further states that "[n]one of [his] current research efforts include the design or development of pulse oximeters or any other devices for measurement of other blood analytes." Id. ¶ 5. Moreover, Dr. Warrant is not developing, marketing, or selling any products or services, and he does not have plans to do so in the future. Id. ¶ 6.

During the meet-and-confer, Plaintiffs' counsel had asked Apple's counsel for the physiological parameters of Dr. Warren's current and planned research activities at MCDL. Dkt. 227-1 at 5. Apple's counsel purportedly said he did not know and "refused to ask Dr. Warren that question at least as to" two of Dr. Warren's research activities—"research regarding sensor beds for children with disabilities" and "monitoring health of individuals on the autistic spectrum"—in MCDL. Id. In response to Plaintiffs' recount of the telephonic conference, Defendant's counsel replied, in part, "We disagree with many of your statements." Id.

Despite Dr. Warren stating in a sworn statement that none of his "current research efforts include the design or development of pulse oximeters or any other devices for measurement of other blood analytes," the Protective Order the parties have negotiated and agreed on limits an individual's involvement "in the field of non-invasive monitoring." Dkt. 67 at 17; see also id. at 14 (requiring disclosure of an expert's or consultant's work "relating to the design, development, operation, or patenting of non-invasive physiological monitoring technologies"). By the Protective Order, therefore, noninvasive physiological monitoring technologies besides pulse oximetry or measuring blood analytes are relevant in assessing whether Dr. Warren should be precluded under Paragraph 9.2(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Thus, the information Plaintiffs requested on the physiological parameters of Dr. Warren's current and future research and development activities is reasonable.

**B.   Dr. Sarrafzadeh**

Dr. Sarrafzadeh is a professor at the Department of Computer Science at the University of California, Los Angeles ("UCLA"). Dkt. 227-3 ¶ 2. In addition to teaching courses in computer science and mentoring and supervising students, Dr. Sarrafzadeh is "engaged in research in various projects in the areas of mobile health, medical data analytics, embedded systems, sports analytics, the design and analysis of algorithms, and health analytics." Id. Plaintiffs are concerned that Dr. Sarrafzadeh's activities "pose an unnecessarily high risk of inadvertent use or disclosure" because Dr. Sarrafzadeh (1) conducts research and develops technology in the field of noninvasive physiological monitoring and (2) is named as an inventor in a pending patent application relating to noninvasive physiological monitoring. Jt. Stip. at 11; accord id. at 7-9.

As to Dr. Sarrafzadeh's research and development activities, Plaintiffs point to Dr. Sarrafzadeh's assistance with three health initiatives at UCLA and founding of three medical device companies (hereinafter, the "Six Organizations"): (1) UCLA Center for Systematic, Measurable, Actionable, Resilient and Technology (SMART) Health ("SMART Health"); (2) UCLA BRITE Center; (3) UCLA Wireless Health Institute ("WHI"); (4) MediSens Wireless; (5) Bruin Biometrics; and (6) WANDA. Jt. Stip. at 11-12.

According to Dr. Sarrafzadeh's declaration, he has not had technical discussions, activities, or engagements with any of the Six Organizations for at least the past year and does not "expect" doing so "in the foreseeable future." Dkt. 227-3 ¶ 4. Dr. Sarrafzadeh also states that he is no longer SMART Health's co-director or WHI's co-director or member, and he is "unaware of [the] current activities" of both organizations. Id. Further, Dr. Sarrafzadeh states that WANDA was sold last year. Id. Dr. Sarrafzadeh is "not currently developing, marketing, or selling any products or services, and [he does] not have any plans to do so in the future." Id. ¶ 2.

Plaintiffs' counsel had asked Defendant's counsel to explain "what Dr. Sarrafzadeh does for each" of the Six Organizations. Dkt. 227-1 at 56. Defendant's counsel refused on grounds that Dr. Sarrafzadeh's curriculum vitae "identifies his role with each organization" and that Defendant's counsel "confirmed that he has [had] no involvement in technical discussions or activities for any of the organizations." Id. at 55. Defendant's counsel contends "such a representation should be more than sufficient for Plaintiffs to determine whether his involvement in those organizations is objectionable." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Contrary to Defendants' position, Dr. Sarrafzadeh's curriculum vitae and declaration, without more, do not appear to contain enough information to show he should not be precluded under Paragraph 9.2(c). Although Dr. Sarrafzadeh's curriculum vitae lists the Six Organizations and his title for each, it does not elaborate on his activities or responsibilities. In other words, one does not know by reviewing Dr. Sarrafzadeh's curriculum vitae, or his declaration, what he does at each of the Six Organizations as a director or founder. In the Joint Stipulation, Defendant argues Dr. Sarrafzadeh's activities is public information, including a website link (http://web.cs.ucla.edu/~majid/) as an example. This website, however, only lists some of the Six Organizations and, like his curriculum vitae, is silent on Dr. Sarrafzadeh's activities and responsibilities. And though Dr. Sarrafzadeh represents that he has not had technical discussions, activities, or engagements with any of the Six Organizations in at least the past year, as Plaintiffs noted, "[b]eyond technical consulting, Dr. Sarrafzadeh's activities could be relevant if he were involved in other business decisions, including information indicating he is a competitive decision maker." Dkt. 227-1 at 54; see also Paragraph 9.2(c) (excluding consultants and experts who are competitive decisionmakers, as defined by U.S. Steel, 730 F.2d at 1468 at n.3, of a Party or a Party's competitor). For these reasons, Plaintiffs' request for additional information on Dr. Sarrafzadeh's roles and responsibilities at the Six Organizations is reasonable.

Regarding Dr. Sarrafzadeh's pending patent application ("the Pending Application"), U.S. Patent Application No. 16/296,018, the parties present conflicting descriptions on what Dr. Sarrafzadeh's duties to the Patent and Trademark Office ("PTO") entail. Compare Jt. Stip. at 7-9, and Pls.' Supp. Mem. at 2-3, with Jt. Stip. at 31. This suggests that what a named inventor needs to do to satisfy obligations under 37 C.F.R. § 1.56 varies. Notably, Plaintiffs' counsel had asked Apple's counsel to describe Dr. Sarrafzadeh's "current role in preparation and prosecution of patents on which he is a named inventor," such as whether "he review[s] applications before filing, discuss[es] pending or new claims, discuss[es] claim amendments or office actions, provide[s] declarations to support arguments made in response to office actions, provide[s] invention disclosures, or identify potential prior art." Dkt. 227-1 at 56.

In his declaration, Dr. Sarrafzadeh states he has "agreed to be bound by the Protective Order," including its "'Prosecution Bar,' without exception." Dkt. 227-3 ¶ 5. To his knowledge, Dr. Sarrafzadeh is not the "not the owner or assignee of any currently pending patent applications" and has not "applied for a patent on behalf of [him]self or any successor or predecessor in interest." Id. In addition, Dr. Sarrafzadeh has "assigned [his]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

rights to all currently pending patent applications that list [him] as an inventor to [his] employer." Id. Dr. Sarrafzadeh's statements, however, do not clarify what kind of interactions he will have with the PTO with respect to the Pending Application. Given the lack of clarity as to Dr. Sarrafzadeh's role in prosecuting the Pending Application, Plaintiffs' request for more information on this subject was reasonable. Still, Plaintiffs' request—information on Dr. Sarrafzadeh's "current role in preparation and prosecution of patents on which he is a named inventor"—is not specific to the Pending Application and so overbroad. Instead, the relevant question here is on Dr. Sarrafzadeh's current or expected role in prosecuting the Pending Application.

**IV.**
**CONCLUSION AND ORDER**

For the foregoing reasons, Defendant failed to comply with Paragraph 9.2(c) by refusing to provide information reasonably requested by Plaintiffs. Rather than rule on Plaintiffs' objections now, the Court allows Defendant, if it continues to seek to provide information under the Protective Order to Dr. Warren and Dr. Sarrafzadeh, an opportunity to cure by providing to Plaintiff the following further information **within 7 days** of this Order:

- The physiological parameters that are or will be measured for each of Dr. Warren's current and future research activities at MCDL listed in Paragraph 4 of Dr. Warren's declaration (Dkt. 227-4 ¶ 4);
- Dr. Sarrafzadeh's roles, activities, and responsibilities for each of the Six Organizations listed in Paragraph 4 of Dr. Sarrafzadeh's declaration (Dkt. 227-3 ¶ 4);
- Dr. Sarrafzadeh's current or expected role in prosecuting the Pending Application, U.S. Patent Application No. 16/296,018, including whether he reviews applications before filing, discusses pending or new claims, discusses claim amendments or office actions, provides declarations to support arguments made in response to office actions, provides invention disclosures, or identify potential prior art.

If Defendant fails to provide the above-information within 7 days of this Order, Plaintiffs shall file a Notice so stating, and, other than as set forth below, no further filings on the Motion are permitted.

Alternatively, if Defendant provides the further information set forth above within 7 days from the date of this Order, the parties are ordered to further meet and confer regarding Plaintiffs' objections by telephone or videoconference within 7 days from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

provision of such further information. Within 7 days of any such further meet and confer, the parties are ordered file a joint report of the outcome of such further meet and confer efforts, setting forth the date of the conference, the time spent, the names of the persons participating, and the results.

If Defendant does not provide the further information directed above within 7 days from the date of this Order, or if Defendant timely provides such information but the parties still cannot resolve the dispute following a further meet and confer, the parties are each ordered to, by separate filings made within 21 days from the date of this Order, provide admissible evidence of their reasonable expenses including attorneys' fees incurred in making or opposing the Motion, not including time spent meeting and conferring, and if the party does not believe an award of reasonable expenses against it is warranted under Federal Rules of Civil Procedure 37(a)(5) or 37(b)(2), the party may set forth any evidence and/or argument in support of such position in the same filing. No further filings regarding the Motion or this Order are permitted absent further order of the Court.

IT IS SO ORDERED.