JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**Hearing**<br><br>Date:         January 4, 2021<br>Time:         1:30 p.m.<br>Courtroom: 10C<br>Judge:        Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 4, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California, 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Thirteenth Cause of Action for trade secret misappropriation under the California Uniform Trade Secret Act ("CUTSA") asserted by Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") against Apple in the Third Amended Complaint ("TAC") filed in the above-captioned matter (ECF 233).

Plaintiffs' CUTSA claim is facially deficient for at least the following two reasons:

*First*, despite this Court's prior orders (*see* ECF 60, 219), Plaintiffs fail to plead their alleged trade secrets in a manner that puts Apple on notice of the bounds of the claim. Plaintiffs still allege six overbroad categories with improper catchall language that provide no way for Apple or the Court to distinguish the alleged secrets from information generally known in the trade or to know the boundaries of this case. Plaintiffs' continued failure to describe the alleged trade secrets at this stage—eleven months after filing the case, with leave to file under seal, and with specific direction from the Court—warrants dismissal with prejudice.

*Second*, Plaintiffs fail to sufficiently allege reasonable efforts to protect their trade secrets. Plaintiffs plead no facts that justify their complete failure to take any action as their alleged trade secrets and inventions published *year after year*. Plaintiffs' conclusory recitals of boilerplate secrecy measures, untethered to the alleged trade secrets misappropriated, are not entitled to an assumption of truth and do not overcome the factual allegations to the contrary.

*Third*, Plaintiffs fail to plead misappropriation of any trade secret by Apple. Plaintiffs do not allege sufficient facts to plausibly claim that Apple knew or should have known that it had acquired, disclosed, or used any of Plaintiffs' alleged trade secrets or even that it did so.  Plaintiffs' misappropriation allegations hinge on former employees, Marcelo Lamego and Michael O'Reilly.  But Plaintiffs fail to allege facts plausibly establishing that Apple knew or had reason to know that Lamego or O'Reilly had a duty to maintain the secrecy of the unidentified information they purportedly shared with Apple, or that Lamego or O'Reilly breached that duty.  Further, Plaintiffs fail to allege which purported trade secrets were used, how they were used, or when they were used.  Finally, Plaintiffs fail to plausibly allege either that Apple induced Lamego or O'Reilly to breach a duty to Plaintiffs or facts permitting the application of the doctrine of respondeat superior.

Accordingly, Plaintiffs' CUTSA claim should be dismissed with prejudice.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities (unredacted Memorandum of Points and Authorities filed concurrently with Apple's Application to File Apple's Memorandum of Points and Authorities Under Seal), Apple's Request for Judicial Notice and the supporting Declaration of Joshua Lerner and exhibits attached thereto (unredacted Declaration of Joshua Lerner and exhibits attached thereto filed concurrently with Apple's Application to File Under Seal), the Original Complaint, the FAC, the SAC, the TAC, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 20, 2020.

Dated: November 30, 2020.

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
        Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*