JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION IN PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:     January 4, 2021<br>Time:    1:30 p.m.<br>Place:    10C<br>Judge:   Hon. James V. Selna |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:**

In accordance with Rule 201 of the Federal Rules of Evidence, Defendant Apple Inc. ("Apple"), by and through its attorneys, respectfully requests that the Court take judicial notice of Exhibits 1-17 attached to the Declaration of Joshua Lerner filed in support of this Request for Judicial Notice in support of Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in Plaintiffs' Third Amended Complaint ("Motion to Dismiss") and ECF Nos. 28-28, 28-29, 28-30, 38-5, and 38-6:

1. **Exhibit 1:** A true and correct copy of United States Patent No. 6,985,763, published by the U.S. Patent & Trademark Office ("USPTO") on January 10, 2006, listing David Boas, Maria Angela Franceshini, and Sergio Fantini as inventors, which is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

2. **Exhibit 2:** A true and correct copy of United States Patent No. 5,564,417, published by the USPTO on October 15, 1996, listing Britton Chance as inventor, which is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

3. **Exhibit 3:** A true and correct copy of an excerpt of the journal article titled "Signal-enhancement reflective pulse oximeter with Fresnel lens," written by Shuang-Chao Chun and Ching-Cherng Sun, and published in Optics Communications, Volume 375, September 15, 2016.

4. **Exhibit 4:** A true and correct copy of an excerpt of the entry titled "Fresnel lens" published on Wikipedia, which is publicly available at: https://en.wikipedia.org/wiki/Fresnel_lens and was downloaded on November 30, 2020.

Gibson, Dunn & Crutcher LLP

1
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

5. **Exhibit 5:** A true and correct copy of United States Patent No. 6,792,300, published by the USPTO on September 14, 2004, listing Mohamed Diab, Esmaiel Kiani-Azarbayjany, David R. Tobler, Thomas J. Gerhardt, Euge E. Mason, and Mike A. Mills as inventors, which is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

6. **Exhibit 6:** A true and correct copy of a Masimo press release, "New Clinical Studies Presented at the American Society of Anesthesiologists Annual Meeting Show Benefits of Masimo Noninvasive Technologies: SpHb, PVI, RRa, and SEDLine," (Oct. 11, 2011), which is publicly available at https://investor.masimo.com/news/news-details/2011/New-Clinical-Studies-Presented-at-the-American-Society-of-Anesthesiologists-Annual-Meeting-Show-Benefits-of-Masimo-Noninvasive-Technologies-SpHb-PVI-RRa-and-SEDLine/default.aspx.

7. **Exhibit 7:** A true and correct copy of United States Patent No. 9,723,997, published by the USPTO on August 8, 2017, listing Marcelo Lamego as inventor, which is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

8. **Exhibit 8:** A true and correct copy of an Information Disclosure Statement filed with the USPTO on December 20, 2018, in connection with United States Patent No. 10,448,871, which is publicly available in the prosecution history of the patent through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

9. **Exhibit 9:** A true and correct copy of an Information Disclosure Statement filed with the USPTO on December 18, 2018, in connection with United States Patent No. 10,258,265, which is publicly available in the prosecution history of the patent through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

2
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

10. **Exhibit 10:** A true and correct copy of United States Patent Application No. 15/960,507, filed with the USPTO on April 23, 2018, listing Steven P. Hotelling and Marcelo Lamego as inventors, which is publicly available through USPTO's Patent Application Full-Text and Image Database (AppFT). This patent application published on August 23, 2018 as U.S. Patent Publication No. 2018 / 0238734 A1.

11. **Exhibit 11:** A true and correct copy of an Information Disclosure Statement filed with the USPTO on December 18, 2018, in connection with United States Patent No. 10,258,266, which is publicly available in the prosecution history of the patent through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

12. **Exhibit 12:** A true and correct copy of an Information Disclosure Statement filed with the USPTO on November 15, 2019, in connection with United States Patent No. 10,638,961, which is publicly available in the prosecution history of the patent through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

13. **Exhibit 13:** A true and correct copy of the USPTO website titled "724 Trade Secret, Proprietary, and Protective Order Materials [R-08.2012]" (June 25, 2020), on which the USPTO has published Section 724 of Chapter 7 of the Manual of Patent Examining Procedure ("MPEP").

14. **Exhibit 14:** A true and correct copy of an Information Disclosure Statement filed with the USPTO on April 13, 2020, in connection with United States Patent No. 10,702,194, which is publicly available in the prosecution history of the patent through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

15. **Exhibit 15:** A true and correct copy of an Information Disclosure Statement filed with the USPTO on January 7, 2020, in connection with United States

3

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Patent No. 10,638,961, which is publicly available in the prosecution history of the patent through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

16. **Exhibit 16:** A true and correct copy of an Application Data Sheet filed by Cercacor Laboratories, Inc., on January 13, 2014, for Patent Application No. 14/153,393, which is publicly available through USPTO's Public Patent Application Information Retrieval (Public PAIR) system.

17. **Exhibit 17:** A true and correct copy of an excerpt of MASA00080451, which is a document produced in this litigation by Plaintiffs and designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and cited in the Third Amended Complaint as allegedly reflecting Plaintiffs' alleged trade secrets.

18. ECF No. 28[1]-28 is United States Patent No. 10,247,670, published by the USPTO on April 2, 2019, listing Trevor J. Ness, Chin San Han, David I. Nazzaro, Marcelo Lamego, Naoto Matsuyuki, and Wolf Oetting as inventors and is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

19. ECF No. 28-29 is United States Patent No. 9,952,095, published by the USPTO on April 24, 2018, listing Steven P. Hotelling and Marcelo Lamego as inventors and is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

20. ECF No. 28-30 is United States Patent No. 10,219,754, published by the USPTO on March 5, 2019, listing Marcelo Lamego as inventor, which is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

---

[1] ECF No. 28 is Plaintiffs' First Amended Complaint.

4
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

21. ECF No. 38-5 is a true and correct copy of a letter dated January 24, 2014, sent from Stephen C. Jensen, attorney at Knobbe Martens Olson & Bear LLP, to Timothy D. Cook, Apple's Chief Executive Officer, regarding Apple's offer of employment to Cercacor's former Chief Technology Officer, Marcelo Lamego. The letter includes as an attachment a document entitled "Masimo Labs Employee Confidentiality Agreement (United States)."

22. ECF No. 38-6 is a true and correct copy of United States Patent Application Publication No. 2016/0061726, published by the U.S. Patent & Trademark Office ("USPTO") on March 3, 2016, listing Trevor J. Ness, Chin San Han, David I. Nazzaro, Marcelo M. Lamego, Naoto Matsuyuki, and Wolf Oetting as inventors, which is publicly available through USPTO's Patent Application Full-Text and Image Database (AppFT).

## JUDICIAL NOTICE IS WARRANTED

This Court "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibits 1-17 are relevant to the arguments raised by Apple in its concurrently filed Motion to Dismiss.

The Court should take judicial notice of (i) Exhibits 1–2, 5, 7 and ECF Nos. 28-28, 28-29, and 28-30 because they are published patents publicly available through USPTO's PatFT database; (ii) Exhibits 8–9, 11–12, 14–16 because they are published patent/application documents filed with the USPTO that are publicly available through the USPTO's Public Patent Application Information Retrieval (Public PAIR) system; and (iii) Exhibit 10 and ECF 38-6 because they are published patent applications filed with the USPTO that are publicly available through the USPTO's AppFT database. These documents are not reasonably subject to dispute. Courts routinely take judicial

5
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

notice of USPTO filings and information available through public USPTO search databases. *See, e.g.*, *Oroamerica Inc. v. D&W Jewelry Co., Inc.*, 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of USPTO registration certificates, patent file history, and Information Disclosure Statements); *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."); *Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F.Supp. 1109, 1114 (N.D. Cal. 1998) (granting request for judicial notice of two patents and documents from the file history of one of the patents); *O'Hanlon v. AccessU2 Mobile Sols., LLC*, 2019 WL 1081079, at *7 n.5 (D. Colo. Jan. 22, 2019) (taking judicial notice of information from the USPTO Public PAIR system); *TransCardiac Therapeutics, Inc. v. Yoganathan*, 15 F. Supp. 3d 1364, 1373 n.12 (N.D. Ga. 2014). In addition, ECF Nos. 28-28, 28-29, 28-30 and Exhibits 7 and 10 are documents relied upon in the Third Amended Complaint ("TAC"). *See* TAC ¶¶ 47, 48, 50, 233, 239, 248, 261–66, 275-80, 282–87, 304–10, 312–18, 320–26, 328–34, 344–49. Courts may judicially notice "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The Court may also consider ECF Nos. 28-28, 28-29, 28-30 and Exhibits 7 and 10 independently pursuant to the doctrine of incorporation by reference because all of these documents are referred to in the TAC. *See Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013) ("Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice. 'That doctrine permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings.'" (quoting *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999))); *see also In re Am. Apparel, Inc. Shareholder Deriv. Litig.*, 2012 WL 9506072,

6
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

at *19 (C.D. Cal. July 31, 2012). The Court also previously took judicial notice of ECF No. 38-6. *See* ECF 60 at 4. As discussed more fully in Apple's Motion to Dismiss, each of these documents demonstrates that Plaintiffs were aware of disclosures of their alleged trade secrets and repeatedly took no action to maintain their secrecy over the course of several years.

This Court should take judicial notice of Exhibit 3 because it is an excerpt containing the Abstract from an article published in a scientific journal that is publicly available for purchase from a website that hosts scientific journal articles, and courts may take judicial notice of publications to show what was in the public realm at a given time. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 251 n.5, 266 n.3 (S.D.N.Y. 2003) ("The Court may take judicial notice of newspaper articles for the fact of their publication without transforming this motion into one for summary judgment.").

This Court should take judicial notice of Exhibit 4 because courts may take judicial notice of facts publicly available on the Internet. *See Pretty in Plastic, Inc. v. Bunn*, No. CV 18-6091, 2019 WL 1771654, at *3 (C.D. Cal. Feb. 8, 2019), *aff'd*, 793 F. App'x 593 (9th Cir. 2020) (granting judicial notice of the "Merriam-Webster Dictionary definition of 'unicorn' and the 'unicorn' entry in the Encyclopedia Britannica"); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citations omitted); *Schaffer v. Clinton*, 240 F.3d 878, 885 n. 8 (10th Cir. 2001) (taking judicial notice of information included in a political reference almanac and citing to the almanac's website).

The Court should take judicial notice of Exhibit 6 "to indicate what was in the public realm at the time." *Von Saher*, 592 F.3d at 960. Exhibit 6 is a published press release and the fact that the contents of this press release are presented on Masimo's

7
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

public website is not reasonably subject to dispute.  Courts routinely take judicial notice of "press releases and news articles … to 'indicate what was in the public realm at the time. . . .'"  *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (collecting cases); *Soundgarden v. UMG Recordings, Inc.*, 2020 WL 1815855, at *4 (C.D. Cal. Apr. 6, 2020); *Carmel v. Mizuho Bank, Ltd.*, 2018 WL 6981840, at *2 (C.D. Cal. Nov. 13, 2018).  Here, Apple requests only that the Court take judicial notice of the press release "as an indication of what information was in the public realm at the time."  *Von Saher*, 592 F.3d at 960.  Apple does not ask the Court to take judicial notice of the truth of the facts stated in press release.  *Gerritsen*, 112 F. Supp. 3d at 1029.

The Court should take judicial notice of Exhibit 13 because it is a public document available on the USPTO.gov website and therefore "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Houston v. Medtronic, Inc.*, 957 F.Supp.2d 1166, 1170 n. 1 (C.D. Cal. 2013) (citing Fed. R. Evid. 201(b)); *see also Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) ("[It is] appropriate to take judicial notice of . . . information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

As discussed more fully in Apple's Motion to Dismiss, each of Exhibits 3, 4, 6, and 14 demonstrates the state of industry knowledge in the relevant field at the indicated time, and reflects that Plaintiffs have not described their alleged secrets with sufficient particularity to distinguish them from what is generally known.

The Court should take judicial notice of Exhibit 17 because it is an excerpt of a document relied upon in the TAC (*see* TAC ¶¶ 44, 243), and ECF No. 38-5 because it is a document relied upon in the TAC (*see* TAC ¶ 229).  Courts may judicially notice "documents not attached to a complaint . . . if no party questions their authenticity and

8
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

the complaint relies on those documents." *Harris*, 682 F.3d at 1132 (citing *Lee*, 250 F.3d at 688). In addition, the document that is excerpted in Exhibit 17 and the document located on the docket at ECF No. 38-5 are "explicitly referenced in the complaint, making consideration of [them independently] proper under the incorporation by reference rule." *Gammel*, 2013 WL 1947525, at *3; *Am. Apparel*, 2012 WL 9506072, at *19. The Court previously took judicial notice of ECF No. 38-5. *See* ECF 60 at 4. As discussed more fully in Apple's Motion to Dismiss, Exhibit 17 demonstrates that some of Plaintiffs' alleged trade secret information is public, and ECF No. 38-5 demonstrates that Plaintiffs' use of the phrase "Confidential Information" in the TAC is ambiguous.

\*    \*    \*

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits 1-17 filed concurrently herewith as an exhibit to the Declaration of Joshua Lerner and ECF Nos. 28-28, 28-29, 28-30, 38-5, and 38-6, and consider these documents in ruling on Apple's Motion to Dismiss.

Dated: November 30, 2020                    Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/Joshua H. Lerner*
     Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

9
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' TAC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP