1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
4  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
5  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
6  2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
7  Telephone: (949) 760-0404 Facsimile: (949) 760-9502

8  Adam B. Powell (Bar No. 272725)
9  adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
10 12790 El Camino Real
   San Diego, CA 92130
11 Telephone: (858) 707-4000 Facsimile: (858) 707-4001

12
13 Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.

14

15              **IN THE UNITED STATES DISTRICT COURT**

16              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17                        **SOUTHERN DIVISION**

18

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |
| Plaintiffs, | ) **PLAINTIFFS' APPLICATION TO**<br>) **FILE UNDER SEAL PLAINTIFFS'**<br>) **OPPOSITION TO APPLE'S**<br>) **MOTION TO DISMISS**<br>) **PLAINTIFFS' THIRD AMENDED**<br>) **COMPLAINT** |
| v. | |
| APPLE INC., a California corporation | |
| Defendant. | |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Opposition To Apple's Motion To Dismiss Plaintiffs' Third Amended Complaint ("Opposition"). Plaintiffs have provided a proposed redacted version of the Opposition.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an **alleged** trade secret by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

Plaintiffs' Opposition contains descriptions of information that Plaintiffs assert constitutes trade secrets. Each category is described in more detail below.

First, the Opposition discusses Plaintiffs' confidential and proprietary technical trade secrets. Powell Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology

leaders with leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Second, the Opposition discusses Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. *Id.* ¶ 5. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Third, the Opposition discusses Plaintiffs' trade secrets concerning interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part due to its secrecy. Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

**B.    The Court Should Grant Plaintiffs' Application to Seal**

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that Plaintiffs' Opposition discusses

Plaintiffs' "*alleged* trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5.

Moreover, this Court has already sealed this same information. This Court invited Plaintiffs to file its third amended complaint under seal so Plaintiffs could describe their trade secrets in detail. Dkt. 219 at 8. This Court then granted Plaintiffs' Application to Seal the Third Amended Complaint, which discusses the same information at issue in this application. *See* Dkt. 232. The Court also previously granted Plaintiffs' Application to Seal Plaintiff's Opposition to Apple's Motion to Dismiss the Second Amended Complaint, which discusses some of the same trade secret information at issue in this Application. *See* Dkt. 182. The Court should grant this Application for the same reason it granted the prior applications.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' respectfully request that the Court seal Plaintiffs' Opposition.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 14, 2020     By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories