1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
4  Stephen W. Larson (Bar No. 240844)
5  stephen.larson@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
6  2040 Main Street, Fourteenth Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404 Facsimile: (949) 760-9502
8
   Adam B. Powell (Bar No. 272725)
9  adam.powell@knobbe.com
10 **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   12790 El Camino Real
11 San Diego, CA 92130
   Telephone: (858) 707-4000 Facsimile: (858) 707-4001
12
13 Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION (DKT. 241)** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Request For Oral Argument On Apple's Motion To Dismiss The Thirteenth Cause of Action In Plaintiffs' Third Amended Complaint (Dkt. 241) ("Request"). Plaintiffs have provided a proposed redacted version of the Request.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an *alleged* trade secret by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

Plaintiffs' Request contains descriptions and discussions of information that Plaintiffs assert constitutes trade secrets. In particular, the Request quotes and discusses portions of Plaintiffs' Third Amended Complaint, which was filed under seal, and this Court's Tentative Order Regarding Motion to Dismiss

Thirteenth Cause of Action of TAC, which is currently under seal. Powell Decl. ¶ 4. When quoting and discussing these documents, the Request discusses Plaintiffs' technical trade secrets and Plaintiffs' marketing trade secrets. *Id.* This information is confidential and valuable to Plaintiffs in part because of its secrecy. *Id.* Disclosure of Plaintiffs' technical trade secrets would harm Plaintiffs by allowing Plaintiffs' competitors to reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.* Disclosure of Plaintiffs' marketing trade secrets would harm Plaintiffs because it may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. *Id.*

B.   **The Court Should Grant Plaintiffs' Application to Seal**

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that Plaintiffs' Request discusses Plaintiffs' "*alleged* trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5.

Moreover, this Court has already sealed this same information. This Court invited Plaintiffs to file its Third Amended Complaint under seal so Plaintiffs could describe their trade secrets in detail. Dkt. 219 at 8. This Court then granted Plaintiffs' Application to Seal the Third Amended Complaint, which discusses the same information at issue in this application. *See* Dkt. 232. The Court's Tentative Order is also currently under seal. The Court should grant this Application for the same reason it granted the prior applications.

/ / /

/ / /

## III. CONCLUSION

For the reasons discussed above, Plaintiffs' respectfully request that the Court seal Plaintiffs' Request.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 5, 2021

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories