Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON APPLE'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' THIRD AMENDED COMPLAINT (DKT. 241)** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Plaintiffs hereby request oral argument on Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Third Amended Complaint ("TAC"). Plaintiffs address the issues below in the order in which they appear in the Tentative Order.

A. **The Tentative Appears To Contain An Inadvertent Error**

The Tentative quotes paragraph 44.1 concerning "█████████████" and concludes "the trade secret is alleged with sufficient specificity . . . ." Tentative at 9. The Tentative then inconsistently holds: "As all of Plaintiffs' trade secrets relating to ██████████ are dependent on the secrets listed in ¶¶ 44.1 and 44.2, each of which the Court finds to be unprotectable, the Court DISMISSES this category of trade secrets." *Id.* The inclusion of paragraph 44.1 appears to be inadvertent because the Court previously concluded paragraph 44.1 was sufficient. *See id.* At oral argument, Plaintiffs would request that the Court modify the Tentative to clarify that trade secret 44.1, as well as trade secrets that further narrow trade secret 44.1 (as set forth in trade secrets 44.8 and 44.9), are not dismissed.

B. **The TAC Plausibly Describes Plaintiffs' Trade Secret 44.2**

With respect to trade secret 44.2, the Tentative "agrees with Apple that █████████████████████████████████████" Tentative at 9 (citing Dkt. 237-1 at 10). At oral argument, Plaintiffs would draw this Court's attention to Plaintiffs' description of trade secret 44.2, which is far more detailed than merely █████████



TAC ¶ 44.2.

The Tentative also concludes that "merely stating that a strategy is effective does not make a strategy secret." *Id.* (citing TAC ¶ 242). In oral argument, Plaintiffs would draw the Court's attention to Paragraph 242, which alleges the strategy "was not generally known in the industry . . . ." TAC ¶ 242; *see* Cal. Civ. Code § 3426.1(d) (requiring a trade secret not be "generally known"). Specifically, the TAC alleges:



TAC ¶ 242.

Finally, the Tentative states Plaintiffs cited "no authority" for the proposition that Apple's argument was "an improper attack on the merits . . . ." Tentative at 9. At oral argument, Plaintiffs would explain that they cited such authority earlier in their brief. For example, Plaintiffs quoted *MACOM Technology Solutions Inc. v. Litrinium, Inc.*, 2019 WL 4282906, at *7 (C.D. Cal. June 3, 2019), for the proposition that courts should not "'undertake a summary judgment-like review'" to "'determine whether information has been made public, particularly at the pleading stage where all inferences are to be drawn in Plaintiffs' favor.'" Dkt. 247-1 at 7. Plaintiffs' legal standards section quoted *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835-36 (2005), for the proposition that even the discovery standard set forth in Section 2019.210 does not "'require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence.'" Dkt. 247-1 at 2. The legal standards section also quoted *Brescia v. Angelin*, 172 Cal. App. 4th 133, 150 (2009), for the proposition that "[d]esignations 'should be liberally construed in favor of the trade secret claimant, and . . . doubts about its adequacy should be resolved in favor of permitting discovery to go forward.'" Dkt. 247-1 at 3.

Accordingly, at oral argument, Plaintiffs would request the Court modify the

Tentative to state that trade secret 44.2, as well as trade secrets that further narrow trade secret 44.2 (trade secrets 44.3-44.9), are not dismissed. Moreover, even if the Court were to dismiss trade secret 44.2, it should not dismiss trade secrets 44.3-44.9 merely because they reference trade secret 44.2. Trade secrets 44.3-44.9 contain additional elements and, therefore, can be protectable even if trade secret 44.2 is not. *See Altavion, Inc. v. Konica Minolta Sys. Laboratory, Inc.*, 226 Cal. App. 4th 26, 47 (2014) (trade secret protectable "even if some or all of the elements" were "in the public domain").

### C. The TAC Plausibly Alleges Improper Acquisition Through Inducement

For all but one trade secret, the Tentative holds Plaintiffs sufficiently alleged Apple "Acquired, Used, or Disclosed" Plaintiffs' trade secrets. *See* Tentative at 12-13. The Court then dismissed "Plaintiffs' inducement claim . . .." Tentative at 14. But the TAC contains no separate inducement claim. Inducement is merely one way of showing improper acquisition. *See* Cal. Civ. Code § 3426.1(a). Thus, Plaintiffs respectfully submit the "inducement" section of the Tentative is unnecessary and should be removed.

This section of the Tentative also incorrectly adopts Apple's argument that Plaintiffs presented only a "one-sentence" allegation regarding inducement. *See* Dkt. 256 at 23-24. In particular, the Tentative finds that "[t]he extent of Plaintiffs' allegations of inducement are that 'on information and belief, Defendant induced its employees, including Lamego and O'Reilly, to disclose Plaintiffs' Confidential Information and the employees disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant.'" Tentative at 14 (quoting TAC ¶ 230). Plaintiffs' Opposition cited additional paragraphs that provide much more detail. Dkt. 247-1 at 24 (citing TAC ¶¶ 19-24, 229-30). The Tentative summarizes those paragraphs elsewhere:

> "Plaintiffs allege Apple (1) met with Plaintiffs because it desired Plaintiffs' technology, (2) systematically recruited Plaintiffs' employees, including Masimo's Chief Medical Officer and Cercacor's CEO, when discussions broke down, (3) obtained extensive patent disclosures from Lamego in the short time he worked at Apple, and (4) selectively requested non-publication of Lamego applications containing Plaintiffs' trade secrets." Opp'n at 19 (citing TAC ¶¶ 19-24, 229, 248). Plaintiffs also allege that they sent Apple

a letter on January 24, 2014, notifying the company that Lamego possessed Plaintiffs' confidential information. TAC ¶ 23.

Tentative at 11. The Tentative found those allegations sufficient to show the "knowledge" element because they suggest "Apple had a demonstrated interest in Plaintiffs' technology, quickly obtained patentable information in Plaintiffs' field from Plaintiffs' former employees known to have confidential information shortly after negotiations with Plaintiffs broke down, and then requested non-publication such that Plaintiffs did not promptly have notice of the information Apple was patenting." *Id.*

For the same reason, those allegations are also sufficient to plead improper acquisition through inducement. Indeed, Plaintiffs cited case law approving of far less detailed allegations. *See* Dkt. 247-1 at 23 (citing *Calendar Research LLC v. StubHub, Inc.*, 2020 WL 4390391, at *5 (C.D. Cal. May 13, 2020)). In *Calendar Research*, the Court found sufficient allegations that the defendant: (1) knew of the valuable trade secrets, (2) desired the technology, and (3) knew the individuals were not authorized to possess or disseminate it. *Id*. The Court found those allegations sufficient because additional detail was "not presumptively in the knowledge of the pleading party." *Id.* Similarly, Plaintiffs should not be expected to detail, at this stage, internal Apple meetings or emails where Apple induced Lamego or O'Reilly to share Plaintiffs' secrets.

### D. The TAC Plausibly Alleges Respondeat Superior

The Tentative finds that "[t]he only allegation that Lamego and O'Reilly themselves misappropriated Plaintiffs' trade secrets is that they 'used and disclosed Plaintiffs' Confidential Information within the scope of their employment for Defendant and for the benefit of Defendant.'" Tentative at 14 (quoting TAC ¶ 246). In oral argument, Plaintiffs would explain the TAC contains far more allegations, including:

> O'Reilly and Lamego disclosed Plaintiffs' Confidential Information, without Plaintiffs' consent, to Defendant. At the time of disclosure, O'Reilly and Lamego knew, or had reason to know, that their knowledge of Plaintiffs' Confidential Information was acquired by an employer-employee relationship, fiduciary relationship, and employment agreements, which

> created a duty for them to keep Plaintiffs' Confidential Information secret. O'Reilly and Lamego also knew, or had reason to know, that disclosing Plaintiffs' Confidential Information to Defendant constituted a breach of those obligations.

TAC ¶ 228; Cal. Civ. Code § 3426.1(2) (one misappropriates by use or disclosure if one "knew or had reason to know that his or her knowledge of the trade secret" was "acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use").

The TAC also alleges Apple used the secrets described "in paragraphs 232-244," which it had "improperly obtained from Plaintiffs and their former employees without Plaintiffs' express or implied consent." TAC ¶ 231. For each category of trade secrets, the TAC alleges how Lamego or O'Reilly was exposed to the trade secret and how the trade secret was used at Apple. *Id.* ¶¶ 232-244. For example, the TAC details ███████████████████████████████████████████████████████████████████████████████████████████████████████████

Next, the TAC alleges why Apple was responsible for Lamego and O'Reilly's use and disclosure. TAC ¶ 246. Among other things, the TAC alleges Apple "hired O'Reilly and assigned him to help develop Defendant's relationships with clinicians and strategic plans for clinical monitoring" and "hired Lamego, assigned him to help develop Defendant's non-invasive monitoring technology, quickly obtained patent disclosures from him, and then applied for numerous patents listing Lamego as an inventor." *Id.* The TAC alleges O'Reilly's and Lamego's acts of misappropriation were an "outgrowth of [their] employment and inherent in the working environment" because Apple "assigned O'Reilly to develop Defendant's relationships with clinicians and strategic plans for clinical monitoring" and "assigned Lamego to help develop Defendant's non-invasive monitoring technology and provide patent disclosures." *Id.* Accordingly, at oral argument, Plaintiffs would request the Court modify the Tentative to state that Plaintiffs adequately pleaded respondeat superior.

-5-

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: January 5, 2021 | By: */s/ Adam B. Powell*<br>Joseph R. Re<br>Stephen C. Jensen<br>Benjamin A. Katzenellenbogen<br>Perry D. Oldham<br>Stephen W. Larson<br>Adam B. Powell<br><br>Attorneys for Plaintiffs<br>MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC. |

34145959

-6-