JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH SECTION 2019.210**<br><br>Judge: Hon. John D. Early<br>Date/Time: January 21, 2021 / 10:00 AM<br>Courtroom: 6A<br><br>Discovery Cutoff: 7/5/2021<br>Pre-trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

### A.  Plaintiffs Rely on Inapposite Legal Standards

"In the trade secret context, the framework for discovery laid out by California Code of Civil Procedure § 2019.210 is tried and true." *Acorn Bay v. Camelbak Prods. LLC*, No. C 20-05214 (N.D. Cal. Nov. 6, 2020), Dkt. 31 (Lerner Decl. ("Dec.") Ex. A) at 1.  Plaintiffs cannot avoid it by relying on inapposite standards and arguments.

Plaintiffs wrongly rely on *InteliClear v. ETC Global Holdings*, 978 F.3d 653 (9th Cir. 2020), a summary judgment case, to argue their Disclosure is adequate because they allege one trade secret.  Joint Stip. ("JS") 36, 39.  On summary judgment, a plaintiff's "burden is only to identify at least one" claim "with sufficient particularity to create a triable issue." *InteliClear*, 978 F.3d at 659.  By contrast, Section 2019.210's purpose is to "assist[] the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope." *Advanced Modular Sputtering v. Sup. Ct.*, 132 Cal. App. 4th 826, 834 (2005).  Courts continue to require a particularized description "[f]or each trade secret" prior to discovery.  Dec. Ex. A at 1.

Plaintiffs also are wrong to rely on the pleading standard (JS 6), which "is lower" than that of Section 2019.210.  Dec. Ex. B (Early, J.) at 15:9–19; *M/A-COM Tech. Sols. v. Litrinium*, 2019 WL 4284523, at *3 (C.D. Cal. June 11, 2019).  Judge Selna held that "███████████████████████████████████████████████████████████████████" because their "███████████████████████████████████████████████." Dec. Ex. C at 8.  A 2019.210 disclosure serves that function and must provide more detail than a pleading.

### B.  Plaintiffs Must Distinguish Their Alleged Secrets from the Art

Plaintiffs' alleged secrets are technical, relate to technology allegedly covered by their patents (TAC ¶¶ 9–17), and are at most incremental advances in their field.  Samplin Dec. Ex. E ("publications have mentioned . . . ███████████████████" and "███████████████████████"); Madisetti ¶ 53; Polson ¶ 155 ("█████████████████ █████████████████████████████").  Thus, a "more exacting level of particularity" is required to distinguish from public knowledge. *Sputtering*, 132 Cal. App. 4th at 836.

Rather than explain how their alleged secrets differ from the art, Plaintiffs

mischaracterize Dr. Polson's declaration, which focuses on the correct inquiry under Section 2019.210—whether Plaintiffs' descriptions allow Apple to determine "█████ ████████████████████████████████████████████████." Polson ¶ 20. They do not. Plaintiffs' expert, Dr. Madisetti, merely parrots their argument that the alleged secrets were not readily ascertainable[1] or known at the time of misappropriation.[2] But those are separate issues with no bearing on whether Plaintiffs' Disclosure differentiates the alleged secrets from the art. Indeed, Madisetti's only relevant rebuttal is an entirely insufficient and *conclusory* paragraph: "████████████████████ ████████████████████████████████████████████████ ████████████████████████████." Madisetti ¶¶ 36, 41, 48, 56, etc.[3]

More troubling is Madisetti's suggestion that Plaintiffs' secrets are ████████████████████████████████. Madisetti ¶¶ 32, 34. The alleged secrets are "techniques" and "strategies," not ████████ (*no* secret is described as a ████████ in the Disclosure). If Plaintiffs want to claim now, for the first time, that their Disclosure describes ████████, they must re-write it as a matter of established law. Plaintiffs must "describe[] how [they] believe[] the ████████ . . . distinguish[es] the alleged trade secrets from the prior art." *Brescia v. Angelin*, 172 Cal. App. 4th 133, 146 (2009); *Perlan Therapeutics v. Superior Court*, 178 Cal. App. 4th 1333, 1352 (2009). Plaintiffs cannot use a new "'████████' theory . . . to gerrymander a claim." Graves & Range, *Ident. of Trade Secret Claims in Litig.*, 5 Nw. J. Tech. & Intell. Prop. 68, 77–78 (2006).

Finally, Plaintiffs cannot equate Polson's declaration with that of

---

[1] Plaintiffs are wrong that "information can be a trade secret even though it is readily ascertainable." JS 62 n.12. More recent decisions explain that "[i]nformation that is readily ascertainable" cannot be a trade secret; it "derives no independent value from not being generally known." *Syngenta Crop Prot., Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1172 (2006); *In re Sotera Wireless, Inc.*, 591 B.R. 453, 458–59 (S.D. Cal. 2018).

[2] Plaintiffs suggest that they need not differentiate their own patent, which published after the alleged misappropriation. JS 33. That argument is illogical and not supported by the law. If Plaintiffs publicly disclosed exactly the same secret, that is relevant to reasonable efforts, the statute of limitations, and damages.

[3] *Proofpoint, Inc. v. Vade Secure, Inc.*, where defendants "failed to explain why the level of specificity" was "not reasonable," is distinguishable. 2020 WL 1911195, at *7 (N.D. Cal. Apr. 20, 2020). Apple *has* explained its inability to discern the boundaries of the alleged secrets or investigate whether they differ from general trade knowledge.

Gibson, Dunn & Crutcher LLP

3
SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH § 2019.210
CASE NO. 8:20-cv-00048-JVS (JDEx)

Dr. Sarrafzadeh's supporting Apple's PI opposition. JS 53–54. At the time of the PI, Plaintiffs had not provided a Disclosure, and Judge Selna applied a "sufficient particularity" standard to just *one* alleged secret. Plaintiffs' Disclosure, on the other hand, includes *dozens* of alleged secrets, and the standard under Section 2019.210 is different—Plaintiffs must identify the *specific aspects* of each alleged secret that differ from prior art. *Brescia*, 172 Cal. App. 4th at 150 n.2; *M/A-COM*, 2019 WL 8108729, at *4 (disclosure "identify[ing] designs" deficient where "[d]efendants' expert explain[ed]" that such designs "are described in public materials").

### C. Plaintiffs Fail to Identify the Allegedly Misappropriated Trade Secrets

Plaintiffs suggest that no authority requires them to describe the *misappropriated* secrets, but Section 2019.210 expressly requires exactly that. Cal. Code Civ. Proc. § 2019.210. Merely identifying certain patents fails to do so, as patents encompass publicly known elements. 35 U.S.C. § 103. Patent claims also, by definition, recite only minimum requirements of a claimed invention and cannot convey boundaries of trade secrets. *See SanDisk Corp. v. Memorex Prod.*, 415 F.3d 1278, 1284 (Fed. Cir. 2005). Plaintiffs must identify the alleged secrets in Apple's patents and the Apple Watch to show how *Plaintiffs believe* their secrets are "separate" from general knowledge.

### C. Plaintiffs Hide Behind Vague Descriptions of Their Alleged Secrets

Plaintiffs accuse Apple of omitting "detail" from their alleged secrets, but Apple did not omit any specificity. For example, Plaintiffs argue that this (underlined) omitted portion explains "'▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.'" JS 39. But it does not explain *what* "▬▬▬▬▬▬▬▬▬▬▬▬▬▬, *how* they relate to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ or *what* role "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" play. Plaintiffs say "Apple well understands [their] reference to '▬▬▬▬▬▬▬'" because Apple's expert discussed "such ▬▬▬▬▬▬▬" in its PI opposition. *Id.* But Apple's expert opined only on "▬▬▬▬▬▬▬" in *Plaintiffs'*

4
SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH § 2019.210
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

*'713 and '305 patents*—not their alleged secrets. ECF 142 ¶¶ 32–33, 39, 42. Plaintiffs have argued that those patents do not disclose their secrets (ECF 161-1 at 2–6), but now assert that "███████████" are the same (JS 39). This is Plaintiffs' "shifting of sands" approach to describing their alleged secrets. Dec. Ex. B (Early, J.) at 14:20–15:7.

Plaintiffs argue they need not describe "'how' Plaintiffs have implemented" their secrets because the secrets can "fall into a continuum." JS 40–41 (quoting *BladeRoom v. Facebook*, 2017 WL 2224838, at *2 (N.D. Cal. May 22, 2017)). *BladeRoom* held only that the *types* of information that *can* qualify as secret span a continuum, not that a specific secret need not be described with particularity. Plaintiffs also argue that Apple cannot rely on *I-Flow v. Apex Med. Techs.*, because a later decision in the case accepted a "description far less detailed" than their Disclosure. JS 51–53. But the plaintiff in *I-Flow* alleged that it communicated its secrets to the defendant in a "Collaborative Effort" (Powell Dec. Ex. 20 at 234 ¶ 2), so there was no doubt about the secrets' boundaries. Here, there was no collaborative effort—most claims are tied to Lamego, who worked at Apple for a period of months six years ago, and Plaintiffs have not pled the secrets that Lamego and O'Reilly allegedly conveyed to Apple. *See, e.g.*, Dec. Ex. C at 13–14.

Plaintiffs argue (JS 41-42) that the disclosure in *Freeman v. Frank Russell*, 2016 WL 5719819, at *11 (S.D. Cal. Sept. 30, 2016), was nothing like the Disclosure here. The opposite is true. "Emphasizing volatility . . . in constructing, using and marketing a broad-market set of market-weighted stock indexes . . . could mean anything." *Id.* Here, saying "███████████████████" likewise could mean anything, and Plaintiffs can "later attempt to define" the ██████████████████████████████████████████████████. *Id.* This defect permeates the Disclosure, which lacks details to limit any category of secrets (██████████████████████████████████). Dec. Ex. C at 9, 13.

Plaintiffs claim that Apple is not prejudiced by their deficient Disclosure, but the tactics employed here have been found to prejudice defendants, and the order that Apple seeks is a common and reliable way to avoid that prejudice. *See* Dec. Ex. A at 1–2.

Gibson, Dunn & Crutcher LLP

5
SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH § 2019.210
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | |
|---|---|
| Dated: January 7, 2021 | Respectfully submitted,<br><br>JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Joshua H. Lerner*<br>       Joshua H. Lerner<br><br>*Attorneys for Defendant Apple Inc.* |

Gibson, Dunn & Crutcher LLP

6
SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH § 2019.210
CASE NO. 8:20-cv-00048-JVS (JDEx)