Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**SUPPLEMENTAL MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO APPLE'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH SECTION 2019.210**<br><br>Date:  January 21, 2021<br>Time:  10:00am<br>Ctrm:  6A<br><br>Discovery Cut-Off:  7/5/2021<br>Pre-Trial Conference:  3/21/2022<br>Trial:  4/5/2022 |

Plaintiffs file this supplemental memorandum to discuss the impact of a new and important order that Judge Selna issued yesterday. Dkt. 264 (the "Order"). That Order squarely rejected numerous arguments advanced by Apple in the present Motion. Plaintiffs respectfully submit the Order forecloses Apple's same arguments here.

A. **Background**

Plaintiffs served their initial Section 2019.210 disclosure on October 9. Ex. A.[1] At Apple's request, Plaintiffs amended the disclosure on November 6. Ex. E (the "Disclosure"). Plaintiffs then included the same numbered trade secrets from the Disclosure in their Third Amended Complaint on November 13. *Compare* Disclosure *with* Ex. I (Dkt. 233, the "TAC") ¶¶ 40-45. While the numbered trade secrets in the Disclosure and TAC are the same, the Disclosure contains an additional paragraph following each list of trade secrets explaining how the trade secrets differ from that which is generally known. Disclosure at 5:13-24, 6:26-7:9, 8:12-25, 10:8-25, 12:10-13:2, 13:18-14:4.

Apple moved to dismiss, arguing Plaintiffs had not adequately described their trade secrets in the TAC. Dkt. 241 ("MTD"). Apple then filed the present Motion, arguing Plaintiffs have not adequately described the same trade secrets in their Disclosure. Dkt. 259-1 ("Jt. Stip."). As explained below, Apple's present arguments overlap significantly with Apple's arguments in the MTD.

On January 6, the Court largely denied the MTD and rejected multiple arguments Apple makes in the present Motion. Order at 4-10. The Court found Plaintiffs adequately described nearly all of their trade secrets. *Id.* The Court also granted partial dismissal and leave to amend on issues not relevant to this Motion. *Id.* at 14-16.

///

///

---

[1] All lettered exhibits are attached to the Declaration of Ilissa Samplin (Dkt. 260-2) and all numbered exhibits are attached to the Declaration of Adam Powell (Dkt. 260-5). All emphasis is added unless noted otherwise.

### B. The Court Rejected The Same Arguments Apple Presents In This Motion

The Court's Order rejected numerous arguments Apple makes in this Motion. Those rulings against Apple apply equally here and do not depend on any differences between the pleading standard and the standard under Section 2019.210.

*First*, Apple argued in both Apple's MTD and this Motion that Plaintiffs' trade secret descriptions failed to address Judge Selna's prior ruling. *Compare* Jt. Stip. at 11 *with* MTD at 3. The Court rejected that argument, finding "Plaintiffs **have addressed** the Court's previous concerns." Order at 16.

*Second*, Apple argued in both motions the phrase "value, importance, and appropriateness" was open-ended and failed to identify Plaintiffs' trade secrets with specificity. *Compare* Jt. Stip. at 11-12 *with* MTD at 3-4. The Court rejected that argument because "Plaintiffs are referring to the 'value, importance, and appropriateness' of a set list of trade secrets." *Id.* at 5. The Court found Plaintiffs sufficiently described their trade secrets because "[t]he scope of this phrase is necessarily circumscribed by the preceding lists of trade secrets, meaning that it cannot be later used as a means for claiming trade secrets about which Apple does not have notice." *Id.*

*Third*, Apple argued in both motions that Plaintiffs' trade secret description included improper "catch-all" phrases such as "at least." *Compare* Jt. Stip. at 12 *with* MTD at 4. The Court rejected that argument because "Plaintiffs use the phrase 'at least one of the following,' a phrase that in fact suggests selection of one or more items from a closed list." *Id.* at 5-6.

*Fourth*, Apple argued in both motions that many trade secrets had been publicly disclosed in patents and other publications. *Compare* Jt. Stip. at 17-22 *with* MTD at 5-10. The Court rejected that argument, explaining that, if "a defendant believes that an alleged trade secret is already disclosed by patents, [cite], the appropriate time to raise such an argument is during summary judgment." Order at 7.

*Fifth*, Apple argued extensively in both motions that Plaintiffs did not explain precisely "how" Plaintiffs practice each trade secret. Compare Jt. Stip. at 17-19, 21 *with*

MTD at 5-10. The Court found that "[m]ost of Apple's [MTD] arguments boil down to criticisms that the allegations do not specify how to achieve the stated trade secrets." Order at 7. The Court rejected all of those arguments, explaining that it does not "consider the trade secrets that Plaintiffs have alleged to be merely general 'types of information' as Apple suggests." *Id.* at 8.

**Sixth**, Apple argued in both motions that trade secrets D.2, D.3, and D.5 were the "basic job of any medical professional." *Compare* Jt. Stip. at 21 *with* MTD at 9. The Court rejected that argument because those secrets are "tied" to the sufficiently described "overarching strategy" in trade secret D.1. Order at 8-9.

**Seventh**, Apple argued in both motions that Plaintiffs somehow did something improper by alleging their trade secrets were secret "at the time of Defendant's misappropriation." *Compare* Jt. Stip. at 26 *with* MTD at 21. The Court rejected that argument: "The Court also fails to see why the allegation that Plaintiffs' trade secrets were not publicly known 'at least at the time of Defendant's misappropriation' shapes the analysis." Order at 13 n.5. The Court explained that the "order in which Apple is alleged to have improperly published Plaintiffs' trade secrets does not change the analysis of whether Apple misappropriated those trade secrets generally." *Id.*

## C. The Court's Order Applied The Same Standard Apple Advocates Here

Apple cannot distinguish the above rulings or the Order on the basis that the Order applied a lower standard than applies here. This Court previously indicated that the pleading standard is lower than the discovery standard of Section 2019.210. Ex. 2 at 33. While Plaintiffs agree the pleading standard should be lower than the discovery standard, Apple repeatedly argued Plaintiffs should be required to provide more detail in this case, in part because Judge Selna allowed Plaintiffs to seal the pleadings.[2] *See, e.g.*, Dkt. 121

---

[2] In addressing the "sufficient particularity" standard, the California Court of Appeal acknowledged the conflict in requiring too much detail in a public complaint because doing so would "destroy the very thing for which [plaintiff] sought protection." *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252-53 (1968). Earlier in this case, Judge Selna required more detail while allowing Plaintiffs to seal their pleading. Dkt. 60 at 8.

at 1-5; Dkt. 256 at 16. As shown below, Apple advocated the same standard in both this Motion and the MTD and, most importantly, the Court's MTD Order applied the standard Apple advocated on both this Motion and MTD.

On this Motion, Apple argues for the following standard: "Plaintiffs are required to identify 'the trade secrets at issue **with sufficient particularity** to . . . distinguish[] the trade secrets from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade.'" Jt. Stip. at 16 (quoting *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005)) (emphasis and modifications added by Apple).

On the MTD, Apple argued for, and the Court applied, the following standard: Plaintiffs must "'describe the trade secret **with sufficient particularity** to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'" Order at 6 (quoting *Acrisure of California, LLC v. SoCal Commercial Ins. Servs., Inc.*, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019)); Dkt. 237-1 (Apple's MTD opening brief) at 3.

The Court's MTD Order also repeatedly relied on cases applying Section 2019.210's discovery standard. For example, the Court quoted one Section 2019.210 case for the proposition that a plaintiff need not outline "every minute detail of its claimed trade secret at the outset of the litigation." Order at 8 (quoting *Advanced Modular*, 132 Cal. App. 4th at 835). Apple's present Motion cites the same *Advanced Modular* case for the same proposition. Jt. Stip. at 10. The Court also cited a different Section 2019.210 case and concluded that meeting the "sufficient particularity" pleading standard allows the "scope of discovery" to be "appropriately tailored" and "the defendant will be capable of forming 'complete and well-reasoned defenses' as to the misappropriation of that trade secret." Order at 6 (citing *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.*, 226 Cal. App. 4th 26, 44 (2014)).

Accordingly, Apple cannot dismiss the Order as inapplicable to this dispute.

**D.    Discovery Should Proceed On All The Trade Secrets The Court Approved**

The Court found all of Plaintiffs' trade secrets sufficiently described in the TAC except for certain hospital interactions trade secrets (Disclosure at Trade Secrets E.2 – E.7). Order at 9 (dismissing corresponding trade secrets 44.2 – 44.7). Plaintiffs intend to further amend the description of those trade secrets in the pleadings, as invited by Judge Selna. *See* Order at 16. The Court need not address those trade secrets until after Plaintiffs amend the pleadings.[3]

As the Order also explained, so long as at least "a single trade secret" is described sufficiently, "the scope of discovery can consequently be appropriately tailored" around that trade secret. Order at 6. Accordingly, Plaintiffs submit that their Disclosure is sufficient and discovery should proceed now as to all trade secrets other than Trade Secrets E.2 – E.7.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 7, 2021

By: /s/ *Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

---

[3] Although the Disclosure already includes additional information not present in the TAC, Plaintiffs will amend the Disclosure to include additional detail on these trade secrets when Plaintiffs file the amended pleading.