1  Joseph R. Re (Bar No. 134479)
2  joseph.re@knobbe.com
   Stephen C. Jensen (Bar No. 149894)
3  steve.jensen@knobbe.com
   Perry D. Oldham (Bar No. 216016)
4  perry.oldham@knobbe.com
   Stephen W. Larson (Bar No. 240844)
5  stephen.larson@knobbe.com
   KNOBBE, MARTENS, OLSON &
6
   BEAR, LLP
7  2040 Main Street, Fourteenth Floor
8  Irvine, CA 92614
   Telephone:  (949)-760-0404
9  Facsimile:  (949)-760-9502
10
11 Adam B. Powell (Bar. No. 272725)
   adam.powell@knobbe.com
12 KNOBBE, MARTENS, OLSON &
13 BEAR, LLP
   12790 El Camino Real
14 San Diego, CA 92130
   Telephone: (858) 707-4000;
15 Facsimile: (858) 707-4001
16
   *Attorneys for Plaintiffs Masimo*
17 *Corporation and Cercacor Laboratories,*
   *Inc.*

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

*Attorneys for Defendant Apple Inc.*
*[Additional counsel listed on next page]*

18         **UNITED STATES DISTRICT COURT**
19         **CENTRAL DISTRICT OF CALIFORNIA**
20              **SOUTHERN DIVISION**

21 MASIMO CORPORATION,
   a Delaware corporation; and
   CERCACOR LABORATORIES, INC.,
22 a Delaware corporation,

23              Plaintiffs,
24
        v.
25
   APPLE INC.,
26 a California corporation,

27              Defendants.
28

CASE NO. 8:20-cv-00048-JVS (JDEx)

**JOINT STIPULATION REGARDING
DEFENDANT APPLE INC.'S MOTION
TO COMPEL SUPPLEMENTAL
RESPONSES TO INTERROGATORIES
6, 10, 11 AND 13**

Judge:       Hon. John D. Early
Date/Time: February 4, 2021 / 10:00 AM
Courtroom: 6A

Discovery Cutoff:        7/5/2021
Pre-trial Conference:    3/21/2022
Trial:                   4/5/2022

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

1

2

3

4

5

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

6

7

8

9

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

10

11

12

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

13

14

15

16

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

---

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

# TABLE OF CONTENTS

Page

I. THE INTERROGATORIES AT ISSUE .................................................................. 1

II. INTRODUCTORY STATEMENTS ................................................................ 26

    A.    Apple's Introductory Statement .................................................. 26

    B.    Plaintiffs' Introductory Statement.............................................. 28

III. ARGUMENT ...................................................................................................... 31

    A.    Interrogatory No. 6: Requesting Identification of Plaintiffs' Development Efforts for Each Alleged Trade Secret .............................. 31

        1.    Apple's Position ................................................................ 31

        2.    Plaintiffs' Position ........................................................... 39

            a.    Apple's Demand For Separate Contentions As To Each And Every Numbered Trade Secret Is Unduly Burdensome and Not Proportional To The Needs Of The Case ............ 39

            b.    Plaintiffs Provided Sufficient Detail About Development Efforts ............ 41

            c.    Plaintiffs Did Not Provide "Incomplete" Identifications Of Involved Individuals ............ 45

            d.    Apple's Other Arguments Lack Merit................................ 45

    B.    Interrogatory No. 10: Requesting Information Regarding Alleged Misappropriation of Each Alleged Trade Secret ..................................... 47

        1.    Apple's Position ............................................................... 47

        2.    Plaintiffs' Position ........................................................... 54

            a.    Interrogatory No. 10 Is An Early Contention Interrogatory ............ 54

            b.    Plaintiffs Provided More Than Enough Detail At This Stage ............ 55

            c.    Factual Allegations Are Not Irrelevant Merely Because They Are Included In The Complaint .................. 57

            d.    Apple's Demand For A Separate Response For Every Trade Secret Is Unduly Burdensome................................... 58

i

Gibson, Dunn & Crutcher LLP

e.    Apple's Interrogatory Does Not Seek Contentions On
"Independent Research" ........................................................ 59

f.    Apple's Interrogatory Does Not Seek Contentions As
To Inducement And Respondeat Superior .......................... 60

g.    Apple's Other Arguments Lack Merit.................................. 61

C.   Interrogatory No. 11: Requesting Information Concerning Access
to Each Alleged Trade Secret........................................................ 61

1.    Apple's Position............................................................................ 61

2.    Plaintiffs' Position ..................................................................... 63

a.    Apple's Interrogatory Is Unduly Burdensome And Not
Proportional To The Needs Of The Case. .......................... 64

b.    Apple's Demand For A Separate Response For Every
Trade Secret Is Unduly Burdensome................................... 65

c.    Apple's Demand That Plaintiffs Provide Time Periods
Of Access Is Unduly Burdensome ...................................... 65

D.   Interrogatory No. 13: Requesting Identification of the Alleged
Harm Caused by Apple's Alleged Misappropriation of Each
Alleged Trade Secret..................................................................... 66

1.    Apple's Position............................................................................ 66

2.    Plaintiffs' Position ..................................................................... 69

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2, Defendant Apple Inc. ("Apple"), as movant, and Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs"), as respondents, respectfully submit the following Joint Stipulation regarding Apple's Motion to Compel Responses to Interrogatories 6, 10, 11, and 13. The parties met and conferred, but were unable to resolve the disputes presented here.

## I. THE INTERROGATORIES AT ISSUE

| Interrogatory | Plaintiffs' Objections and Responses |
|---|---|
| **Interrogatory No. 6:** For each alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person. | **Plaintiffs' Original Response (May 14, 2020):** Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory. Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs. Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement. Thus, Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.<br><br>Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:<br><br>Plaintiffs have been developing extensive technology since before Lamego started working for Plaintiffs. Marcelo Lamego was placed in an office with Diab for much of Lamego's tenure at Masimo. Diab was tasked with teaching Lamego everything he could regarding Masimo technology, so Lamego could become an expert in every aspect of Masimo's technology. Lamego had unfettered access to Masimo's |

1

personnel, Masimo's information, and Masimo's documents, including technical documents and computer code.  He attended brainstorming sessions at the highest levels and design reviews.  He was comprehensively exposed to Masimo's technology, as well as its business and marketing strategies and plans that were currently being executed and plans that were executed well into the future.

Eventually, once Lamego had been taught extensively by Diab and others, when Masimo Labs was spun off from Masimo, Lamego was made the Chief Technical Officer.  Lamego was responsible for all design, development, and marketing, and was responsible for maintaining procedures to protect all confidential and proprietary information.  Lamego was exposed to trade secrets from all levels of the Plaintiffs' organizations, and was at Cercacor, the executive officer responsible to safeguarding all that information.

Michael O'Reilly joined Masimo on February 4, 2008 as its Executive Vice President of Medical Affairs and Chief Medical Officer.  He remained in that position until July 19, 2013, when he left Masimo.  O'Reilly was also involved in all executive staff meetings and many other meetings regarding Masimo products, strategy, and marketing.  He was also responsible for Masimo's data analysis and collection relationships with hospitals, as well as many interactions with regulatory agencies, and was taught Masimo's strategies for interacting with institutions with clinical data and regulatory agencies.  He was also responsible for providing clinical input to the engineering teams at Masimo for development of medical products, and therefore interacted with the technical development teams on a regular basis.  He was, in those roles, privy to Masimo's strategies, product plans, marketing plans, future technologies of interest, regulatory body strategies and contacts, hospital relationship strategies and contacts, the identities of key technologies and target technologies, products and markets at Masimo.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or

2

supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**<u>Plaintiffs' First Supplemental Response (August 14, 2020)</u>**: Plaintiffs incorporate their original objections and response above as if set forth in full herein.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:



ng

3

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)



Gibson, Dunn &
Crutcher LLP



JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)



59, MASA00080715, and MASA00080781-96.

Discovery in this matter has only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**Plaintiffs' Second Supplemental Response (October 16, 2020)**:

Plaintiffs incorporate their objections and response above as if set forth in full herein. Subject to and without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:

Plaintiffs incorporate their Section 2019.210 Statement, including any supplements or amendments, in full by reference.

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)



JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)



9

Gibson, Dunn &
Crutcher LLP



10

Gibson, Dunn &
Crutcher LLP



11

Gibson, Dunn &
Crutcher LLP



Gibson, Dunn &
Crutcher LLP



13

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)



14

Gibson, Dunn &
Crutcher LLP



Gibson, Dunn &
Crutcher LLP



JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP



only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information."

**Interrogatory No. 10**: For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret.  To the extent Your response for any alleged Trade Secret(s) is that Apple

**Plaintiffs' Original Response (May 14, 2020)**:

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement.  Plaintiffs further object that

17

| | | |
|---|---|---|
| 1 | has used, is using, or plans to use the alleged Trade Secret in an Apple product (e.g., the Accused Products), identify and describe how each such product in fact incorporates or uses the Trade Secret(s). | this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case. |

this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate their response to Interrogatory No. 8, including any supplements, in full by reference.

Documents and information regarding Apple's "plans to use" and "plans to disclose" Plaintiffs' trade secrets are likely in the exclusive possession, custody or control of Apple. Plaintiffs expect Apple will produce documents and other information regarding Apple's past, present, and planned future misappropriation of Plaintiffs' trade secrets.  However, Apple has refused to even identify additional patent applications that may have been filed but not yet published, which could disclose additional Masimo trade secrets.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**Plaintiffs' First Supplemental Response (August 14, 2020)**:

Plaintiffs incorporate their original objections and response above as if set forth in full herein.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:

Plaintiffs incorporate their response to Interrogatory No. 6, including any supplements, in full by reference.

Apple has misappropriated Plaintiffs' trade secrets at least by disclosing them in some of Apple's patents and patent applications that published after January 10, 2017.  For example, ▮▮▮▮▮▮▮▮▮▮▮▮

18

Gibson, Dunn & Crutcher LLP



Apple also published

Plaintiffs also believe Apple has misappropriated Plaintiffs' trade secrets by using them to develop features for the Apple Watch Series 4 and later devices. Documents and information regarding how Apple used Plaintiffs' trade secrets in developing the Apple Watch Series 4 and later devices is likely in the possession, custody or control of Apple. Plaintiffs expect Apple will produce documents, source code, and other information that shows how Apple's products incorporate Plaintiffs' trade secrets. However, Apple has so far refused to produce such information.

Discovery in this matter has only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Plaintiffs' Second Supplemental Response (October 16, 2020)**:

Plaintiffs incorporate their objections and response above as if set forth in full herein.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:

██████████████████████████████
███████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████  Plaintiffs incorporate their briefing and declarations supporting their Motion for Preliminary Injunction (Dkt. Nos. 108, 109, 116, 117, 118, 119, 120, 161, 162) in full by reference.

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

|   |   |
|---|---|
| 1 | ████████████████████████████ |
| 2 | ████████████████████████████ |
| 3 | ████████████████████████████ |
| 4 | ████████████████████████████ |
| 5 | ████████████████████████████ |
| 6 | ████████████████████████████ |
| 7 | ████████████████████████████ |
| 8 | ████████████████████████████ |
| 9 | ████████████████████████████ |

Discovery in this matter has only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

| **Interrogatory No. 11**: For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access. | **Plaintiffs' Original Response (May 14, 2020)**:

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate their response to Interrogatory Nos. 7-10, including any supplements, in full by reference.  At least the following individuals had access to some aspects of |

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Plaintiffs' trade secrets:  Joe Kiani, Mohammed Diab, Ammar Al-Ali, Walter Weber, Bilal Muhsin, Kevin Pauley, Marcelo Lamego, Michael O'Reilly, and some prior employees of Plaintiffs who are or were employed by Apple after leaving Plaintiffs.  All such individuals were and have a duty to maintain the information as secret.

Plaintiffs further respond that Plaintiffs' trade secrets need only have been the subject of efforts that are reasonable under the circumstances to maintain their secrecy.  Plaintiffs' policies and practices were more than sufficient to establish that Plaintiffs' trade secrets were the subject of efforts that were reasonable under the circumstances to maintain their secrecy.  Compiling information regarding every example of how Plaintiffs' policies were implemented is neither relevant nor proportional to the needs of this case.  Plaintiffs expect Apple will produce documents and other information that establishes the individuals employed by Apple to whom Lamego disclosed or otherwise provided Plaintiffs' trade secrets while he was an Apple employee.  The Apple patents and patent applications that contained Plaintiffs' trade secrets, which published after January 10, 2017, indicate Lamego disclosed or otherwise provided trade secrets in those applications to at least the other named inventors of those patents and applications.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**Plaintiffs' First Supplemental Response (August 14, 2020)**:

Plaintiffs incorporate their original objections and response above as if set forth in full herein.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:

Gibson, Dunn & Crutcher LLP

Plaintiffs incorporate their response to Interrogatory No. 6, including any supplements, in full by reference.

Discovery in this matter has only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**Plaintiffs' Second Supplemental Response (October 16, 2020)**:

Plaintiffs incorporate their objections and response above as if set forth in full herein.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:

All such individuals were and have a duty to maintain the information as secret.

| | |
|---|---|
| | Discovery in this matter has only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information. |
| **Interrogatory No. 13**: For each alleged Trade Secret that You contend was misappropriated by Apple, identify and describe in detail how You were harmed by the alleged misappropriation. | **Plaintiffs' Original Response (May 14, 2020)**:<br><br>Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery.  *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (contention interrogatories in complex patent action properly answered at the close of substantive discovery); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). Plaintiffs further object to this request as premature to the extent that it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement. Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.<br><br>Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:<br><br>Plaintiffs' trade secrets derive actual and potential independent economic value from not being generally known and giving Plaintiffs an actual and potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use. Apple's misappropriation has deprived Plaintiffs of that actual |

24

Gibson, Dunn & Crutcher LLP

and potential value.  By wrongfully obtaining access to and using Plaintiffs' trade secrets, Apple deprived Plaintiffs of the business advantage Plaintiffs have over others, as well as misappropriated to Apple a business advantage over others that should exclusively belong to Plaintiffs.

Apple has improperly and unjustly benefitted from its misappropriation through head start, avoided development costs, increased sales, increased convoyed sales, increased revenue, increased brand and product recognition, and avoided licensing fees.

The harm Plaintiffs have suffered from Apple's trade secret misappropriation includes:  Apple's disclosure of Plaintiffs' trade secrets in some of Apple's patents and patent applications, which published after January 10, 2017; Apple's use of Plaintiffs' trade secrets to file those patents and patent applications; Apple's use of Plaintiffs' trade secrets to obtain those patents and patent applications and cast a cloud on Plaintiffs' ongoing ability to continue to exploit their trade secrets; Plaintiffs' having to compete against products that were developed using and which incorporate Plaintiffs' trade secrets; Plaintiffs' having to compete against products that were developed as a result of the head start Plaintiffs' trade secrets provided; Plaintiffs' lost sales, lost convoyed sales, and other lost revenue; Plaintiffs' lost licensing revenue; Plaintiffs' lost research and collaboration opportunities; and Plaintiffs' lost investment value and lost business value.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**Plaintiffs' First Supplemental Response (August 14, 2020)**:

Plaintiffs incorporate their original objections and response above as if set forth in full herein.  Subject to and

Gibson, Dunn &
Crutcher LLP

|  | without waiving the foregoing general and specific objections, Plaintiffs further respond as follows:<br><br>Plaintiffs incorporate their response to Interrogatory No. 6, including any supplements, in full by reference.<br><br>Discovery in this matter has only recently begun, Apple has provided minimal discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information. |
|---|---|

## II. INTRODUCTORY STATEMENTS

### A.  Apple's Introductory Statement

Apple moves to compel responses to four interrogatories requesting basic information about each of the alleged trade secrets in this case—each secrets' alleged development, misappropriation, and access, and the harm Plaintiff contends it suffered.  Apple tried for *months* to get answers to these interrogatories, and it cannot wait any longer if it is to have a fair opportunity to defend this case.  Indeed, just like Plaintiffs' delay in pleading viable trade secrets, and Plaintiffs' delay in providing an adequate Section 2019.210 disclosure, the failure to provide straightforward answers to these interrogatories is wasting Apple's and the Court's resources.  This case has been pending for one year—Plaintiffs should be able to tell Apple how each allege secret was developed, misappropriated, accessed, and at least some harm that Plaintiffs allegedly suffered.  If no such information exists, Plaintiffs should so state in response to these Interrogatories.  Apple should not be required to continue to expend money and resources defending a case filed without such information.

The Interrogatories at issue are directed to the essential elements of Plaintiffs' trade secret claim:

**Interrogatory No. 6** requests that Plaintiffs describe in detail how they developed *each* purported trade secret they contend Apple misappropriated.  To be a trade secret,

26

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

the information must not be generally known to the public, industry competitors, or others who could realize economic value from its disclosure or use. Plaintiffs' purported development efforts are relevant to this analysis. Indeed, Plaintiffs do not dispute their relevance—they merely refuse to provide certain details or to parse the information on a trade-secret-by-trade-secret basis.

**Interrogatory No. 10** requests that Plaintiffs state precisely how they contend Apple acquired, used, disclosed, or plans to use or disclose *each* purported trade secret at issue. This is the *sine qua non* of a misappropriation claim. To file this case, Plaintiffs must have been in possession of facts leading them to believe that Apple engaged in misappropriation. Apple needs to know those facts so that it can investigate the allegations and defend against them. And Apple needs to know those facts on a trade-secret-by-trade-secret basis. Plaintiffs have no basis for withholding this information.

**Interrogatory No. 11** requests that Plaintiffs identify all employees, independent contractors, or consultants who had access to *each* purported trade secret. After months of hedging, Plaintiffs finally represented that they are not withholding the names of any known individuals. However, Plaintiffs refuse to connect those individuals to specific alleged secrets. The individual names are meaningless unless tied to specific secrets.

**Interrogatory No. 13** requests that Plaintiffs identify and describe in detail how they were harmed by the alleged misappropriation. This is an element of their claim. Apple is not asking for a detailed quantification of damages at this stage. Apple is asking for Plaintiffs' theories of harm, which Plaintiffs needed to develop or ascertain to file their claim in the first place. Plaintiffs' delay and obfuscation are unjustified.

At every turn, Plaintiffs have provided untenable excuses for their failure to provide this basic information. Plaintiffs claim that Apple should wait for a ruling on the Third Amended Complaint ("TAC") and Plaintiffs' 2019.210 disclosure, but Plaintiffs have failed to plead their trade secret claim for nearly a year, and waited ten months to provide an inadequate Section 2019.210 disclosure. Furthermore, a ruling on these motions will not solve the problems here—neither the TAC nor the 2019.210

27

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

1   disclosure provides the information sought in these Interrogatories.   Plaintiffs are

2   obligated to supplement now because they are unjustifiably withholding responsive

3   information.   Fed. R. Civ. P. 26(e)(1)(A) (requiring supplementation "in a timely

4   manner" when a response is incomplete).

5   **B.      Plaintiffs' Introductory Statement**

6           This Motion is a waste of judicial resources.   Contrary to Apple's assertion,

7   Plaintiffs have repeatedly told Apple that they are not withholding information.

8   Plaintiffs conducted a reasonable investigation and provided substantive responses

9   based on their investigation to date.   Plaintiffs have already supplemented as they learn

10  new facts and will continue to do so throughout the case, just as Rule 26 requires.

11          Plaintiffs have also worked with Apple and tried to address Apple's stated

12  concerns without burdening the Court.   For example, Apple complained that Plaintiffs'

13  Motion for Preliminary Injunction contained information that was not present in

14  Plaintiffs' interrogatory responses.   While a party is not required to supplement to

15  include information already disclosed elsewhere, Plaintiffs still supplemented.   When

16  Apple demanded that Plaintiffs provide citations to the specific portions of Apple's

17  patents that contain Plaintiffs' trade secrets, Plaintiffs also supplemented.   Illustrating

18  the adage that "no good deed goes unpunished," Apple now argues that those

19  supplements reflect Plaintiffs' intent to "delay."   Apple's accusations regarding

20  Plaintiffs' intent are inappropriate, baseless, and irrelevant to the issue at hand: the

21  sufficiency of Plaintiffs' current responses.   On that issue, Apple largely ignores

22  Plaintiffs' responses and endlessly asks for more detail.   Apple does so even though the

23  pleadings have not yet closed and Apple has refused to produce any trade secret

24  discovery itself.   Apple's arguments lack merit.

25          ***Interrogatory No. 6***.   This interrogatory seeks Plaintiffs' development efforts for

26  the trade secrets that Plaintiffs contend Apple misappropriated.   Plaintiffs list specific

27  trade secrets and provide detailed information about their development efforts for

28  categories of trade secrets.   For example, Plaintiffs defined a number of ████████

28

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

█████████████████████████ and then described how they developed that category of trade secrets.  Plaintiffs' approach is reasonable and consistent with how Plaintiffs actually developed the trade secrets.  Plaintiffs' response is more than sufficient, and Plaintiffs have confirmed they will supplement as they learn additional facts.

*Interrogatory No. 10*.  As Apple acknowledges, this interrogatory "requests that Plaintiffs state precisely how they ***contend Apple*** acquired, used, disclosed, or plans to use or disclose each purported trade secret at issue."  Jt. Stip. at 27.  This is a classic premature contention interrogatory that Plaintiffs should not have to answer at this stage.  *See In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) (explaining it is "generally accepted" that courts will "***not*** order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period").  That is particularly true here because Apple has refused to provide any trade secret discovery, which Plaintiffs need to provide complete contentions.  Though Plaintiffs could have refused to respond entirely at this stage, Plaintiffs provided a substantial response based on their investigation to date and confirmed they would supplement as discovery proceeds.  That is more than sufficient at this stage.

*Interrogatory No. 11*.  This interrogatory seeks an identification of each individual who had access to the trade secrets that Plaintiffs contend Apple misappropriated.  Plaintiffs identified individuals they knew of and confirmed they would supplement if they learned of additional individuals.  Thus, Plaintiffs are not withholding discovery and there is nothing to compel.  Apple claims the names are "meaningless unless tied to specific trade secrets," but Plaintiffs ***did*** provide separate lists of individuals for each category of trade secrets.

*Interrogatory No. 13*.  This Interrogatory seeks Plaintiffs' contentions as to how they were harmed by Apple's misappropriation.  Despite these interrogatories again being improper premature contention interrogatories, Plaintiffs provided substantive responses explaining the types of harm suffered.  Plaintiffs explained they are not

29

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

withholding information and that they will supplement as discovery proceeds. Thus, there is again nothing to compel. Apple asks for more detail, but provides no support for its assertion that such exacting detail is required at this stage.

Apple's interrogatories are particularly burdensome because they are part of a broader set seeking Plaintiffs' contentions as to virtually every aspect of their pleading. *See, e.g.*, Ex. A[1] at Nos. 2-3 (seeking contentions on patent infringement), Nos. 4-5 (seeking contentions on patent ownership), Nos 6-13 (seeking contentions on trade secret misappropriation). Apple admits its interrogatories are "directed to the essential elements of Plaintiffs' trade secret claim" and even characterizes Interrogatory 10 as "the *sine qua non* of a misappropriation claim." Jt. Stip. at 26. Courts have found that such early contention interrogatories that "systematically track all the allegations in an opposing party's pleadings [are] a ***serious form of discovery abuse***." *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985). That is because such interrogatories can be "almost mindlessly generated, can be used to impose ***great burdens*** on opponents, and can generate a great deal of counterproductive friction between parties and counsel." *Id.* Such is the case here.

The abusiveness of Apple's discovery demands is particularly apparent in view of Apple's overall approach to discovery. Though Judge Selna stated that ***all*** trade secret discovery was stayed pending compliance with Section 2019.210, Apple insisted that the stay applied only to Plaintiffs and that Apple was free to take one-way discovery. To keep the case moving, Plaintiffs provided discovery to Apple even though Apple refused to produce a ***single*** trade secret document or respond to a ***single*** trade secret interrogatory. Indeed, while Plaintiffs provided their Section 2019.210 statement months ago, Apple still refuses to produce discovery. Despite this, Apple now demands that Plaintiffs provide full trial-ready contentions. The Court should reject Apple's

---

[1] All citations to lettered exhibits in Plaintiffs' sections are citations to exhibits attached to the Declaration of Ilissa Samplin, filed herewith. All citations to numbered exhibits are citations to exhibits attached to the Declaration of Mark Kachner, filed herewith. All emphasis is added unless otherwise noted.

30

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

"heads-I-win, tails-you-lose" strategy and hold that no further supplements are required until after Apple provides meaningful discovery.

## III. ARGUMENT

Consistent with Local Rule 37-2, in this section the parties address their disputes with respect to individual Interrogatories and responses, and include the text of the disputed Interrogatories and Plaintiffs' responses.

### A. Interrogatory No. 6: Requesting Identification of Plaintiffs' Development Efforts for Each Alleged Trade Secret

#### 1. Apple's Position

Plaintiffs have made much of the fact that the TAC alleges that "███████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████." MTD Opp. at 6 (emphasis added). Apple's Interrogatory asks a basic question: "For *each* alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret . . . ." Samplin Decl. Ex. A at 11 (emphasis added). There can be no dispute that this information is relevant. Apple is entitled to know the who, what, when, and where of the development of these alleged secrets. This information will inform the alleged effort that went into development, potential costs, and the purposes of the purported development. *See, e.g.*, *Beaulieu Grp., LLC v. Bates*, 2016 WL 7626471, at *14 (C.D. Cal. Oct. 18, 2016). This information also is relevant to damages. *See, e.g.*, *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of Cal., Inc.*, 2015 WL 3825318, at *6 (C.D. Cal. June 18, 2015). After seven months, many letters from Apple, several meet and confers, and three iterations of an interrogatory response, however, Plaintiffs *still* have not described how they allegedly developed each trade secret they contend Apple misappropriated.

Plaintiffs originally responded to Interrogatory No. 6 on May 14, 2020, with no information about development. Plaintiffs also objected to Apple's Interrogatories as premature, arguing that the Court stayed all trade secret discovery until they comply

31

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

with Section 2019.210.  Apple explained to Plaintiffs that this objection is contrary to law, because a Section 2019.210 stay applies only to Plaintiffs' commencement of discovery.  See Cal. Civ. Code Proc. § 2019.210 ("before commencing discovery relating to the trade secret, the party alleging misappropriation shall identify the trade secret with reasonable particularity"); see also M/A-COM Tech. Sols., Inc. v. Litrinium, Inc., 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019) (Early, J.) ("Plaintiffs may not commence [trade secret] discovery" until complying with Section 2019.210); E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek, 2018 WL 3062160, at *6 (E.D. Cal. June 19, 2018) (same).  Although Plaintiffs have continued to include this objection in amendments to this Interrogatory response (see Samplin Decl. Ex. E at 20, 22; Ex J at 5, 7), Plaintiffs have represented that they are not withholding any information on the basis of this objection (id. Ex. D at 2; Ex. K at 7). After a letter from Apple on May 26 and a meet and confer on June 3, Plaintiffs agreed to supplement following entry of a Protective Order.

Plaintiffs' First Supplemental Response, served on August 14, 2020, did not cure the deficiencies.  Plaintiffs merely cut-and-pasted the five broad categories of information alleged in the Second Amended Complaint ("SAC") as their trade secrets. Compare pp. 3-7, supra, with SAC ¶¶ 40–50.  Not only were these broad categories "certainly not narrow enough to define a clearly identifiable trade secret," as Judge Selna ruled in dismissing the SAC (ECF 219 at 6), but they also were not even remotely responsive to the Interrogatory, because they do not discuss development.  Apple again explained that Plaintiffs' response "provid[ed] [no] information on the development of each alleged secret, let alone the circumstances of conception and the persons involved." Samplin Decl. Ex. F at 1.  Apple also outlined the responsive information Plaintiffs had included in their Motion for a Preliminary Injunction but not in their response to this Interrogatory.  In recognition of these deficiencies, Plaintiffs agreed to produce a Second Supplemental Response by October 16, 2020.  Plaintiffs' Second Supplemental Response remains incomplete—and, therefore, deficient—for several reasons.

32

***No Responses for Each Alleged Trade Secret***.  Plaintiffs still have not responded for *each* alleged trade secret, as the Interrogatory requires.  Instead, in their Second Supplemental Response, Plaintiffs continue to describe broad categories of information without identifying specific alleged secrets within those categories.  Plaintiffs' incorporation of their prior responses into their Second Supplemental response does not cure the problem because their prior responses were likewise deficient in this regard.  Plaintiffs' Second Supplemental Response leaves Apple unable to discern Plaintiffs' specific alleged trade secrets, let alone the circumstances surrounding and the persons involved in the conception, design, development, and/or use of each individual secret.

During a meet and confer on November 18, 2020—*six* months after they were first served with Interrogatory No. 6—Plaintiffs for the first time said they did not previously understand that Apple's Interrogatory requested development information for *each* alleged trade secret.  This is not credible.  The Interrogatory expressly requests development information for "each" alleged trade secret.  *See supra* p. 1.  And on November 9, 2020, Apple had expressly explained to Plaintiffs that their First Supplemental Response was deficient in part because "instead of providing the requested information '*for each alleged Trade Secret*'"—as the Interrogatory explicitly requests—"Plaintiffs describe broad categories of alleged trade secrets under vague headings that fall far short of identifying *any specific alleged trade secret*."  Samplin Ex. F at 1.  The plain language of the Interrogatory and Apple's letters could not have been clearer:  Apple requests information *for each alleged trade secret*—not for each *category* of alleged trade secrets.  Plaintiffs' feigned confusion was yet another effort to delay identification of their purported trade secrets—just as they have done in multiple iterations of pleadings and in their deficient Section 2019.210 disclosure.

Indeed, although Plaintiffs agreed during the November 18 meet and confer to consider Apple's request for trade-secret-by-trade-secret information, Plaintiffs predictably later informed Apple that they have no intention of providing development information on a trade-secret-by-trade-secret basis.  Importantly, Plaintiffs have never

33

Gibson, Dunn &
Crutcher LLP

disputed the relevance of the development information requested—nor could they.  *See, e.g.*, *Beaulieu Grp.*, WL 7626471, at *14 ("Thus, without evidence that this list was developed through substantial effort—or even that it was secret—Plaintiff has failed to raise a triable issue as to whether the customer list constituted a trade secret that Defendant misappropriated."); *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 62 (2014) (holding that "[t]o be protectable as a trade secret, the information at issue must derive independent economic value . . . from not being generally known," and finding plaintiff's secret protectable based on "testimony regarding the company's investment in developing the technology"); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521–22 (1997) (explaining that while courts are reluctant to protect customer lists that contain information that is "readily ascertainable" through public sources, "where the employer has expended time and effort identifying customers with particular needs or characteristics, courts will prohibit former employees from using this information to capture a share of the market").  Instead, Plaintiffs have unilaterally decided that "additional detail is [not] required at this stage" in an effort to avoid responding to Apple's Interrogatory as written.  Samplin Decl. Ex. N at 1.  Plaintiffs' argument is flawed for at least two reasons.

First, trade-secret-by-trade-secret information is critical in a misappropriation case where multiple trade secrets purportedly are at issue.  Here, Plaintiffs have argued that they have identified dozens of *separate* secrets.  Numerous courts have required discovery for *each* alleged trade secret, not mere categories of secrets, just as Apple has requested here.  *See, e.g.*, *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) (instructing plaintiff to set forth "a description of how *each secret* has been the subject of reasonable efforts to maintain its secrecy") (emphasis added); *see also, e.g.*, *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2018 WL 2117424, at *4 (N.D. Cal. May 8, 2018) (same); *I-Flow Corp. v. Apex Med. Techs., Inc.*, 2008 WL 11342247, at *3 (S.D. Cal. Oct. 10, 2008) (finding interrogatory responses to be "inadequate" because plaintiff "failed to identify the number of trade secrets and *state*

Gibson, Dunn & Crutcher LLP

34

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

*for each trade secret* whether it is a compilation, *as specifically requested* by [the interrogatories]") (emphasis added); *AMEC Env't & Infrastructure, Inc. v. Geosyntec Consultants, Inc.*, 2013 WL 3923459, at *4 (N.D. Cal. July 26, 2013) (deeming "blanket categorizations" of alleged trade secrets in interrogatory responses "insufficient" in detail, and holding that "further responses would 'contribute meaningfully' to clarifying the issues in the case, narrowing the scope of the dispute, and setting up settlement discussion") (citation omitted); *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2006 WL 8442954, at *4 (N.D. Cal. Sept. 6, 2006) ("The court ORDERS [defendant] to supplement its response as to *each trade secret* with more specific dates, if it can, or with a statement explaining why it cannot.") (emphasis added).

Second, trade secret plaintiffs "do[] not get to decide when [they] should produce information, particularly when discovery is not phased," and "cannot dictate the discovery tools [the defendant] must use to investigate the bases for the claims." *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 3655917, at *X (N.D. Cal. Aug. 2, 2018) (stating that a plaintiff "is required to participate in discovery," and that a plaintiff's refusal to do so based on "unilateral decisions about timing" of discovery responses may violate the Northern District of California's Guidelines for Professional Conduct). That is precisely what Plaintiffs seek to do here, in an effort to delay Plaintiffs' identification of their secrets and Apple's preparation of its defense in this action. This case was filed *nearly one year ago*. It is time for Plaintiffs to provide basic discovery about *each* of the trade secrets they contend Apple misappropriated.

***No Detailed Description of Development Efforts***. Plaintiffs' Second Supplemental Response also fails to "describe in detail" any conception, design, development, and/or use, even for the broad categories of information that Plaintiffs allege encompass their secrets. For example, Plaintiffs state that certain laboratory notebooks "███████████████," but do not explain where in those notebooks Apple should look or what efforts are discussed therein. *See* ECF 117 (Exs. 15–16). Moreover, these notebooks do not provide any details about ██████

35

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

1  ███████████████████████████████████████████████████

2  █████████, or whether and how ████████████████████████

3  ████████████████. Plaintiffs also do not identify any other documents besides these

4  two laboratory notebooks that would provide additional details about their purported

5  development efforts, even though Plaintiffs state that their "efforts" to ██████████████

6  were made "over a period of years." Samplin Decl. Ex. J at 13. Plaintiffs plainly have

7  not described "in detail" their developments efforts with respect to their alleged

8  "████████" trade secret, and therefore should be required to supplement their response.

9  *See, e.g.*, *N. Am. Lubricants Co. v. Terry*, 2011 WL 5828232, at *6 (E.D. Cal. Nov. 18,

10 2011) (in response to a "describe in detail" interrogatory, court requires

11 supplementation, noting that "voluminous files or items may be reasonably categorized,

12 but the descriptions must be sufficiently specific to notify defendants of the subject

13 matter and basis of the trade secret claims").

14 As another example, Plaintiffs assert that the "████████████ category of

15 purported trade secrets was developed by ██████████████████, but they provide

16 virtually no information about those development efforts. Plaintiffs identify no criteria

17 for determining ██████████████████████████████████

18 ██████████████████. Plaintiffs state that they developed their alleged

19 "███████████████████████" and identify a document with Bates

20 number MASA00081212–25, which they contend ███████████████████████

21 ███████████████████████████████████████████████

22 █████████████████████████ Samplin Decl. Ex. J at 17. But

23 MASA00081212–25 does not describe any *development* efforts—it provides no details

24 about (i) how (or even if) Plaintiffs actually developed the ████████████████████

25 ███████████████ or the steps they took to do so, (ii) how the ████████████████

26 ████████████ is supposed to work to ████████████████████ (ii) whether

27 Plaintiffs ██████████████████████████████████████████████

28 ██████████████████████, (iii) whether Plaintiffs ever ██████████████████



36

Gibson, Dunn &
Crutcher LLP

1     ███████████████████, and (iv) whether anyone else was involved in any alleged

2 developments of the "███████████████████████." *See* Samplin Decl. Ex.

3 O.  In fact, more than half of this document is comprised of press releases about *other*

4 companies' products, which obviously does not describe *Plaintiffs'* development efforts.

5 *Id.*  The other document Plaintiffs identify (MASA00081209–11) suffers from the same

6 flaws—it describes the "concept" of "████████████████████" ███████████

7 ███████████████, but no details about how *Plaintiffs* developed their purported

8 ████████████ idea, or who specifically developed it.  *See* Samplin Decl. Ex. P.  In

9 short, these documents do not "describe in detail" how Plaintiffs allegedly *developed*

10 their alleged ██████████ trade secrets, which is the information the Interrogatory

11 requires.  *See, e.g.*, Samplin Decl. Ex. M at 2-3 (explaining that the "invention disclosure

12 documents cited [in Plaintiffs' Second Supplemental Interrogatory Response] do not

13 describe any *development* efforts, let alone who developed which part of the secret and

14 when").

15      Plaintiffs' purported ████████████████████████████████████

16 ████████████████████ categories fare no better because Plaintiffs again fail to

17 identify any alleged trade secret or any associated development efforts.  Plaintiffs state

18 that they ████████████████████████████████████████████████████████

19 ████████████████████████████████████ Samplin Decl. Ex. J at 17.

20 ████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████ ██████████

23 ████████ █████ ██ █ █████ █████ ██ ████ █ ██████ ████████

24 ████████████████████████████████████████████████████████████

25 ████████████████████████ ████████████████████████████████

26 ████████████████████████████████████████████ ██████████████

27 ████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████

Gibson, Dunn &
Crutcher LLP

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ██.  Plaintiffs provide no information about the content of those discussions, the time of

4 the discussions, who else was present, or the outcome.  ████████████████████

5 ████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████

13 With respect to their purported "████████████████████████████,"

14 Plaintiffs do not describe any techniques or *how* any alleged techniques were developed.

15 Instead, Plaintiffs make broad assertions about discovering that their "█████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ████████."  *Id.* at 23.  Plaintiffs do not describe ████████████████████

20 ████████████████████████████████, and their responses therefore is lacking in

21 the detail requested.

22 Plaintiffs have failed to adequately describe their purported development efforts,

23 which is the entire focus of Interrogatory No. 6.

24 ***Incomplete Identifications of Involved Individuals***.  Plaintiffs' Second

25 Supplemental Response also does not provide "the identity of each Person involved in

26 the conception, design, development, and/or use of" Plaintiffs' alleged trade secrets, as

27 required by this Interrogatory.  Instead, Plaintiffs provide incomplete lists of individuals.

28 For example, Plaintiffs state that their alleged ████████████████████████ trade

38

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

secrets were developed and implemented "by Masimo and Cercacor engineers, including *at least* [certain specific individuals]." *Id.* at 13 (emphasis added). For each of the other broad categories of alleged trade secrets, Plaintiffs assert that they were generally "developed by Plaintiffs' employees." Although Plaintiffs identify *some* specific individuals that worked on these categories of alleged trade secrets, their hedging language allows them to continue to shield from Apple the identities of other relevant individuals. And because Plaintiffs fail to identify any specific alleged trade secret within their broad categories, they consequently also fail to tie any identified individual to any specific secret. There is no valid reason why Plaintiffs—ten months into this case—are still refusing to identify "each Person" who developed each of their alleged trade secrets. This is information entirely within Plaintiffs' possession, and Apple is entitled to discover it.

Seven months after Apple served this Interrogatory on April 14, Plaintiffs still dispute their obligation to describe their development efforts in detail, and for each alleged trade secret. The Court should put a stop to Plaintiffs' continued attempts to delay this case and order Plaintiffs to supplement their response to this Interrogatory.

## 2.     Plaintiffs' Position

Interrogatory No. 6 seeks information about the development of the trade secrets that Plaintiffs contend Apple misappropriated. Ex. A at 11. Plaintiffs provided detailed contentions based on their investigation to date and promised to supplement as discovery progresses. Apple ignores those details and argues that Plaintiffs' response is deficient for three reasons. Apple's arguments all lack merit.

### a.     Apple's Demand For Separate Contentions As To Each And Every Numbered Trade Secret Is Unduly Burdensome and Not Proportional To The Needs Of The Case

Apple's primary argument is that Plaintiffs must provide separate contentions for each and every numbered trade secret. *See* Jt. Stip. at 33-35. That demand is unduly burdensome and not proportional to the needs of the case. In Plaintiffs' Section 2019.210 statement, Plaintiffs detailed forty-nine numbered trade secrets that Apple

39

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

misappropriated.[2]  Ex. 1.  Plaintiffs' interrogatory response reasonably categorized these forty-nine trade secrets and explained how the trade secrets were developed by category, which is consistent with the facts of this case and how Plaintiffs' trade secrets were actually developed.  Indeed, at least one court in California has rejected the identical argument advanced by Apple, explaining that asking the plaintiff to describe in detail how persons developed each of 43 claimed trade secrets "is improper and unduly burdensome."  *See Anokiwave Inc., v. Rebeiz*, 2019 WL 3935817, at *3 (S.D. Cal. Aug. 20, 2019).  Apple's own cited case recognizes that "voluminous files or items may be reasonably categorized."  *See, e.g.*, *N. Am. Lubricants Co. v. Terry*, 2011 WL 5828232, at *6 (E.D. Cal. Nov. 18, 2011).

Apple cites no case requiring a plaintiff to separately describe their development efforts for each numbered trade secret.  Apple relies on *Memry Corp. v. Kentucky Oil Tech.*, N.V., 2006 WL 8442954, at *4 (N.D. Cal. Sept. 6, 2006), but that case actually ***rejected*** the defendants' request for a "secret-by-secret" response when, like here, "the burden outweighs the potential benefit" and the response could be provided by category instead.  Apple argues that two cases required the plaintiff to set forth "a description of how *each secret* has been the subject of reasonable efforts to maintain its secrecy."  Jt. Stip. at 34 (quoting *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) and *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2018 WL 2117424, at *4 (N.D. Cal. May 8, 2018)).  But neither case stated that such a requirement meant the defendant must provide separate answers for each and every trade secret.  Nor did those cases compel further responses when a plaintiff described development efforts by category of trade secret.  Plaintiffs have provided the requested discovery as to "each trade secret" by category, consistent with the facts.

Apple also cites *I-Flow Corp. v. Apex Med. Techns., Inc.*, 2008 WL 11342247, at *3 (S. D. Cal., Oct. 10, 2008), but that case merely required that the plaintiffs state

---

[2]  Apple argues that Plaintiffs "made much" of the fact that the TAC alleges misappropriation of forty-nine trade secrets.  Jt. Stip. at 28.  Apple cites a single sentence in one brief for its contention that Plaintiffs "made much" of this simple fact.

40

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

whether each trade secret was a "compilation." It did not require the plaintiffs to separately describe development efforts of forty-nine trade secrets when the trade secrets could instead be reasonably categorized. Finally, in *AMEC Env't & Infrastructure, Inc. v. Geosyntec Consultants Inc.*, 2013 WL 3923459, at *2 (N.D. Cal. July 26, 2013), the court rejected plaintiffs' "blanket characterization" of "thousands of documents" it had designated as trade secrets in an interrogatory response. Here, Plaintiffs have not provided "blanket characterizations" of thousands of documents. Plaintiffs identified specific trade secrets, broke them into reasonable categories, and provided their development efforts by category consistent with the facts.

Finally, Apple cites *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 3655917, at *1-2 (N.D. Cal. Aug. 2, 2018), to argue that Plaintiffs are improperly deciding when to produce information and what discovery tools Apple may use. But the plaintiff in *Vendavo* refused to provide **any** response. Here, Plaintiffs provided a substantive response based on their investigation to date and will supplement as discovery continues. *See Hasan v. Johnson*, 2012 WL 569370, at *5 (E.D. Cal. Feb. 21, 2012) (denying a motion to compel when the defendant had not yet completed his investigation).

### b. Plaintiffs Provided Sufficient Detail About Development Efforts

Apple also argues that Plaintiffs failed to provide sufficient detail about their development efforts. Jt. Stip. at 35-38. As a preliminary matter, Apple does not address, much less identify, any deficiency in Plaintiffs' discussion of their ███████████ ██████████████████ trade secrets.

As for the trade secrets that Apple does address, Apple's critiques largely boil down to the types of questions that could be asked regarding any description of facts. Indeed, Apple repeatedly focuses on minor details, ████████████████████ ██████████████████ or the dates of meetings where trade secrets were discussed. Merely because Apple was able to follow up with questions does not mean Plaintiffs' responses are inadequate. As Judge Selna observed in his order rejecting Apple's similar challenges to Plaintiffs' trade secret descriptions in their complaint, merely asking

41

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

endless "how" questions fails to show that the information provided is deficient, particularly at this stage. *See* Ex. 10 at 7-8. Competent counsel could follow up with such questions no matter how much detail a party provides. Apple has made very clear it will always ask for more detail. Apple will have an opportunity to ask such questions during depositions. Plaintiffs provided information obtained after a reasonable search and will supplement as they discover more. Apple also complains that Plaintiffs' responses do not explain "how" Plaintiffs are using their trade secrets (Jt. Stip. at 36), but this interrogatory did not request that information. Apple served a separate interrogatory asking for that information, and Plaintiffs provided a substantive response. *See* Ex. 2.

Apple's remaining critiques ignore the actual details provided by Plaintiffs responses. ███████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████ Ex. J at 13. Apple complains that Plaintiffs "do not explain where in those notebooks Apple should look or what efforts are discussed therein." Joint Stip. at 36. But Plaintiffs interrogatory responses cited to a document containing *excerpts* of only relevant portions of the notebooks. Ex. J at 13. Apple further argues that the notebooks do not reveal "██████████████████████████." Jt. Stip. at 36. But, the notebooks describe ████████████████. *See, e.g.*, Ex. 12 (cited by Apple as Dkt. 117, Ex. 15) at 342 ████████████████████████████████████████
██████████. Apparently, Apple believes Plaintiffs must count those ████ for Apple and provide a number in their interrogatory response. Apple similarly argues that ████████
█████████████████████████████████████████████████████████
Again, the notebook contains that information. *See, e.g., id.* at 341 ████████████████
███████████████████████████████████████████████████████
████████████████

Gibson, Dunn & Crutcher LLP

1    Apple also complains that Plaintiffs have not identified documents beyond these

2    notebooks.  But Plaintiffs identified documents of which they are currently aware and

3    will supplement if they discover more.  Plaintiffs' collection efforts may reveal more

4    information, but those efforts have been hindered because Apple has refused to engage

5    in the process to identify and collecting documents from custodians under the ESI order.

6    Kachner Decl. ¶¶ 5-8; Exs. 3-9 (Plaintiffs requesting the parties exchange custodians

7    and Apple refusing or ignoring the requests).  Such ESI searching, on both sides, will

8    likely provide more information on the issues addressed by Apple's interrogatories.

9    Apple should not be permitted to refuse to engage in the process of beginning ESI

10   searching while simultaneously demanding that Plaintiffs must provide detailed

11   contentions now.  To the extent Apple requires that Plaintiffs unilaterally perform their

12   own ESI searching, review all the relevant documents, and provide detailed responses

13   based on that ESI searching, that is unduly burdensome and prejudicial.  The ESI order

14   provides a bilateral process.  Plaintiffs should not have to engage in *two* burdensome

15   stages of ESI searching, while Apple refuses to participate, merely to satisfy Apple's

16   unreasonable demands for detailed contentions at this early stage.

17   Apple next argues that Plaintiffs' description of the development of their ███

18   ████████████████ "provide[s] virtually no information about those development

19   efforts."  Again, Apple ignores the details Plaintiffs provided.  ██████████████

20   ████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   ████████████████   █████████████████████████████████████

24   ████████████████████████████████████████████████████████

25   █████████████████████████████████████ These documents describe the

26   development efforts of which Plaintiffs are presently aware.  Plaintiffs will supplement

27   as they learn more.

28

Gibson, Dunn &
Crutcher LLP

As for Plaintiffs' business and marketing trade secrets, Apple repeatedly argues that Plaintiffs' identified trade secrets "cannot constitute a trade secret." Jt. Stip. at 37-38. But Judge Selna rejected many of those arguments in ruling on Apple's recent motion to dismiss. *See* Ex. 10 at 6-9.  Moreover, Apple's argument is an improper argument on the merits and is unrelated to the sufficiency of Plaintiffs' responses. Apple's argument also relies on unsupported attorney argument with no evidence.  For example, Apple cites no support for its assertion that Plaintiffs "hold themselves out to the public" based on a certain distinction or that Plaintiffs "informed clinicians" of a specific strategy. Jt. Stip. at 37.  Apple appears to be arguing that the use of a sales and marketing strategy renders the strategy unprotectable, but that is inconsistent with well-established case law protecting such sales and marketing trade secrets. *See, e.g.*, *Whyte v. Schlage,* 101 Cal.App.4th 1443, 1455-56 (2002).

Apple's arguments on the actual development of Plaintiffs' business and marketing trade secrets simply ignores Plaintiffs' response.  For example, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮   Apple dismisses these responses as "not connected to Plaintiffs' allegations of misappropriation and therefore [] irrelevant." Jt. Stip. at 38.  But Apple's interrogatory asked about Plaintiffs' *development*—not Apple's misappropriation.

Finally, Apple argues that Plaintiffs do not describe how any of Plaintiffs' ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were developed.  Once again, Apple simply turns a blind eye to Plaintiffs' response. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

44

Gibson, Dunn & Crutcher LLP

1

2

3

4 ███████████   ███████████   Plaintiffs provided more than enough detail at this

5 stage and will supplement as they discover more.

### c.   Plaintiffs Did Not Provide "Incomplete" Identifications Of Involved Individuals

Apple also argues the phrase "at least" renders Plaintiffs' response "incomplete" because it would allow Plaintiffs to identify additional individuals later.  Jt. Stip. at 38-39.  Apple cites no authority to support its position that the phrase "at least" is somehow improper in an interrogatory response or that Plaintiffs may not add information later.  Indeed, that is the *opposite* of the law, which requires parties to supplement their interrogatory responses as they learn more information.  *See* Fed. Civ. P. 26(e).  Moreover, as Plaintiffs have repeatedly explained, Plaintiffs' use of the word "at least" does *not* indicate they are withholding anything.  Ex. L at 2.  Rather, Plaintiffs used the phrase "'at least' merely to acknowledge that they may later learn of other individuals."  *Id.*  That is entirely consistent with the Federal Rules.

### d.   Apple's Other Arguments Lack Merit

In addition to its three primary arguments, Apple makes other assertions that are not relevant to the issue before this Court (the sufficient of Plaintiffs' current response).  The only apparent purpose of many of these arguments is to cast false aspersions on Plaintiffs.  Nevertheless, Plaintiffs briefly address them for completeness.

First, Apple argues that Plaintiffs' original interrogatory responses provided "no information about development."  Jt. Stip. at 31.  That is irrelevant to whether Plaintiffs' current responses are sufficient.  Moreover, Apple omits that the Court had not yet entered a protective order and the parties agreed that Plaintiffs would provide confidential details in supplemental responses.  Ex. D at 2.  Apple implies Plaintiffs agreed to supplement only after Apple began the meet and confer process, but Plaintiffs'

45

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

1  original response stated "Plaintiffs intend to supplement this interrogatory after a

2  protective order has been entered in this case." Ex. B at 20-21.

3      Second, Apple complains that Plaintiffs made objections based on the Court

4  staying trade secret discovery. Jt. Stip. at 32. Apple cites several cases, but omits the

5  Court's order in *this* case starting: "The Court stays the trade secret discovery only

6  pending compliance with 2019.210." Dkt. 37 at 1. The Court did not impose a one-way

7  stay of trade secret discovery. Regardless, Apple admits Plaintiffs informed Apple

8  months ago that they were *not* relying on the stay to withhold discovery. Despite the

9  objection being proper, Plaintiffs sought to move the case forward by producing

10  discovery even though Apple refused to reciprocate. Apple nonetheless includes this

11  irrelevant objection in an effort to "black hat" Plaintiffs.

12      Third, Apple argues that Plaintiffs' first supplemental response was insufficient

13  because it described "broad categories" of trade secrets that Judge Selna found were

14  "certainly not narrow enough to define a clearly identifiable trade secret . . .." Jt. Stip.

15  at 32 (quoting Dkt. 219 at 6). That is not relevant nor true. The Court did not criticize

16  the description of any of Plaintiffs' *specific* trade secrets. *See* Ex. L. Instead, the Court

17  found that Plaintiffs' use of the phrases "including" and "at least" indicated that

18  Plaintiffs' trade secret lists were non-exhaustive. *Id.* at 5-6. Plaintiffs removed those

19  phrases that Judge Selna found objectionable, and Judge Selna recently found nearly all

20  of Plaintiffs' trade secrets were sufficiently detailed. *See* Ex. 10 at 6-9.

21      Fourth, Apple argues that Plaintiffs agreed to supplement "in recognition of

22  [certain] deficiencies . . .." Jt. Stip. at 32. That is not true and Apple provides nothing

23  to support its attempt to attribute motive to Plaintiffs. Plaintiffs believed their responses

24  were sufficient, but amended to try to avoid burdening the Court.

25      Fifth, Apple argues it is not "credible" for Plaintiffs to have asserted during the

26  November 18 meet and confer that they did not understand Apple was demanding a

27  separate response for each numbered trade secret. Jt. Stip. at 33. That is also irrelevant

28  and incorrect. While Apple's letters asserted Plaintiffs needed to respond to *other*

46

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

interrogatories on a "trade-secret-by-trade-secret basis" (Ex. I at 1), Apple did not assert Plaintiffs needed to respond to this interrogatory on a "trade-secret-by-trade-secret basis" until its November 27 letter (Ex. M at 2).   Apple's prior letters on this interrogatory used the word "each," but focused on whether Plaintiffs' separate trade secret descriptions were too broad.  *See* Ex. K at 1-2.  Apple first made its position clear on this issue during the November 18, 2020, meet and confer.  Ex. L at 1.  Plaintiffs requested that Apple provide any authority to support its position, but Apple declined. Kachner Decl. ¶ 2.

Finally, Apple suggests Plaintiffs are attempting to "delay this case."  Jt. Stip. at 39.  Apple's accusations of "delay" are unhelpful and contrary to the record.  Even though Judge Selna had stayed trade secret discovery, Plaintiffs served their initial response on May 14.  Ex. B.  Plaintiffs properly supplemented in August and October. Ex. E; Ex. J.  Apple then waited weeks before initiating the meet and confer process on the supplemental responses on November 9.  Ex. K.  The parties promptly met and conferred, and then exchanged additional letters until December 7.  Ex. N.  Apple then waited three weeks, serving the joint stipulation on December 30.  Ex. 11.  Thus, nothing supports Apple's endless rhetoric about delay.  Indeed, Apple never explains why such a delay would benefit Plaintiffs.  While Plaintiffs have provided substantial trade secret discovery and tried to move this case forward, Apple has refused to provide ***any*** trade secret discovery despite Plaintiffs serving a Section 2019.210 disclosure months ago.

**B.**   **Interrogatory No. 10: Requesting Information Regarding Alleged Misappropriation of Each Alleged Trade Secret**

**1.**   **Apple's Position**

This Interrogatory also asks a basic question that goes to the heart of Plaintiffs' trade secret misappropriation claim:  "For *each* alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, . . . has disclosed, is disclosing . . . the alleged trade secret."  Samplin Decl. Ex. A at 11 (emphasis added).

47

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Under CUTSA, a corporation can be liable for "misappropriation" based on

(1) *Acquisition* of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) *Disclosure or use* of a trade secret of another without express or implied consent by a person who:  (A) Used improper means to acquire knowledge of the trade secret; or (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:  (i) Derived from or through a person who had utilized improper means to acquire it; (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use . . . .

Cal Civ. Code § 3426.1(b) (emphases added).  "[M]ere possession of information is not enough to establish improper acquisition of a trade secret."  *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 333, *reh'g denied* (June 19, 2020), *publication ordered* (Sept. 30, 2020), *review filed* (Nov. 6, 2020), *review granted and cause transferred sub nom. Hooked Media Grp. v. Apple*, 472 P.3d 1064 (Cal. 2020).  Likewise, showing that company employees had the allegedly trade secret information is not sufficient to establish that the company improperly acquired or used it.  *Id.* at 332 (quoting *FLIR Systems, Inc. v. Parrish*, 174 Cal. App. 4th 1270 (2009)).

Apple's Interrogatory No. 10 requests the factual basis for Plaintiffs' claim that Apple acquired, disclosed, or used their trade secrets—which should have been known to Plaintiffs when they filed their claim against the company in January 2020.  To date, Plaintiffs have hidden behind vague allegations.  *See, e.g.*, TAC ¶ 25 ("Apple announced the Apple Watch Series 4 on September 12, 2018, and upon information and belief, that watch includes technology that tracks Plaintiffs' technologies to solve some of the performance issues."); *id.* ¶ 230 ("Defendant induced its employees, including Lamego and O'Reilly, to disclose Plaintiffs' Confidential Information.").  Plaintiffs *still* have not described how they contend Apple acquired, disclosed, or used *each* of the purported trade secrets at issue in this case.  Apple cannot defend itself against a claim of

48

Gibson, Dunn & Crutcher LLP

misappropriation without knowing how it is accused of having engaged in misappropriation. *See Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, 2016 WL 5719819, at *1 (S.D. Cal. Sept. 30, 2016) (holding that the plaintiff's strategy of "oh, it's in here somewhere" was untenable, and that the defendant was "entitled to know what [it was] dealing with before" it had endured a year and a half of litigation), *aff'd*, 729 F. App'x 590 (9th Cir. 2018).

Plaintiffs originally responded to Interrogatory No. 10 by incorporating their response to Interrogatory 8, which stated that "Lamego . . . shared some of Plaintiffs' trade secrets with Apple," including by disclosing them in connection with the filing of unnamed patents and by "us[ing]" them "in the Apple Watch Series 4 and later devices." Samplin Decl. Ex. B at 24-25.  Plaintiffs did not state for *any* trade secret "precisely how" they contend Apple acquired, used, or disclosed the secret, nor did they explain how "the Apple Watch Series 4 and later devices" incorporate or use any alleged secret. After a letter from Apple on May 26 and a meet and confer on June 3, Plaintiffs agreed to supplement, but their First Supplemental Response did not cure these deficiencies. Plaintiffs incorporated their response to Interrogatory No. 6, which says nothing about acquisition, use, or disclosure.   Plaintiffs also responded that "Apple has misappropriated Plaintiffs' trade secrets at least by disclosing" their ███████████

████████████████████████████████████████████████████

██████████  Samplin Decl. Ex. E at 36.  Plaintiffs provided no details as to *which*

███████████████████████████████████  secrets had been published or the relevant page and line numbers—and their "at least" language suggested that Plaintiffs were withholding information.  The parties met and conferred, and in recognition of these deficiencies, Plaintiffs agreed to produce a second supplemental response by October 16.   Plaintiffs' Second Supplemental Response remains incomplete and, therefore, deficient.  When Apple raised the issue with Plaintiffs, they offered to amend again to include TAC allegations that were not included in their Second Supplemental Response.  That would not solve the deficiencies for multiple reasons.

49

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

***Complaint Allegations Are Insufficient***.  A mere copy and paste of the TAC's misappropriation allegations would be insufficient because "statements in a complaint are just allegations; interrogatory responses, however, must contain facts, and the party responding must verify that those facts are true and correct to the best of [its] knowledge." *Loop AI Labs Inc v. Gatti*, 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016) (quoting *Hash v. Cate*, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012)); *see also McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (same).  Indeed, most of Plaintiffs' misappropriation allegations in the TAC are made "on information and belief."  *See, e.g.*, TAC ¶¶ 20, 25-26, 228-231, 235-236, 241, 243-244, 246, 248.  Apple is entitled to the "information" and "belief" on which Plaintiffs base their claims of trade secret misappropriation in this case.  Plaintiffs are seeking to avoid providing that critical information here, and it is precisely why Apple was forced to bring this motion.  *See, e.g.*, *Green Crush, LLC v. Paradise Splash I, Inc.*, 2019 WL 8640653, at *2 (C.D. Cal. Apr. 8, 2019) ("Rather than answering these interrogatories with specific facts supporting [the SAC's] allegations, Plaintiff merely recites the same allegations in the operative SAC without providing any specific, responsive information. . . .  Defendants' interrogatories seek factual information, not contentions or legal arguments.  Plaintiff's recitation of its SAC without providing any substantive information is inadequate.").

***No Responses for Each Alleged Trade Secret***.  As with Interrogatory No. 6, Plaintiffs have refused to respond to Interrogatory No. 10 on a trade-secret-by-trade-secret basis, even though the Interrogatory expressly requests misappropriation information for *each* alleged secret.  This is improper.  Again, trade-secret-by-trade-secret information is critical in a case where the defendant is alleged to have misappropriated more than one trade secret.  *See, e.g.*, *Openwave Messaging*, 2018 WL 2117424, at *4; *Jobscience*, 2014 WL 852477, at *5; *I-Flow Corp.*, 2008 WL 11342247, at *3; *Memry Corp.*, 2006 WL 8442954, at *4.  And Plaintiffs do not get to unilaterally decide when they should produce such critical information.  *See, e.g.*, *Vendavo*, 2018

50

Gibson, Dunn & Crutcher LLP

WL 3655917, at *1-2.  The case has been pending for nearly one year.  Plaintiffs have no basis to continue to withhold such information in the face of a properly served Interrogatory specifically requesting that information.

Plaintiffs' offer to amend to include the same information alleged in their TAC would not solve the problem, because the TAC's misappropriation allegations likewise are not separated by alleged trade secret.  On acquisition (Cal. Civ. Code § 3426.1(b)(1)), the TAC alleges that Apple "knew, or had reason to know, that its employees obtained Plaintiffs' Confidential Information pursuant to a duty or obligation to keep Plaintiffs' Confidential Information secret" (TAC ¶ 229).  The TAC alleges that Apple knew O'Reilly's and Lamego's prior positions at Masimo and Cercacor, knew that each employee was "under a duty to maintain the secrecy of the information they obtained from Plaintiffs," knew that Plaintiffs considered "the information confidential" by virtue of Apple's prior relationship with Plaintiffs, and received a copy of Lamego's Employee Confidentiality Agreement with Cercacor and thus knew that Lamego was under a duty no to disclose or use Confidential Information belonging to Cercacor.  *Id.*  Not a single one of those allegations points to a specific alleged trade secret.  Each allegation refers to general "Confidential Information," and Apple therefore has no idea which purported trade secrets Plaintiffs contend it misappropriated by virtue of unlawful acquisition.  The same is true of Plaintiffs' Motion for a Preliminary Injunction, in which Plaintiffs assert that "[a]lmost immediately after hiring Lamego, Apple started obtaining patent disclosures from Lamego concerning the very technology that Lamego had spent the prior decade developing with Plaintiffs."  Dkt. 111-1 at 15.  Apple is entitled to know *which* purported secrets Plaintiffs contend Apple acquired from Lamego.

On use and disclosure (Cal. Civ. Code § 3426.1(b)(2)), the TAC alleges that, "[o]n information and belief, [Apple] used and disclosed Plaintiffs' Confidential Information at least by incorporating it into Defendant's products, by filing patent applications containing Plaintiffs' Confidential Information, and using Plaintiffs' business and sales strategies without Plaintiffs' express or implied consent" (TAC ¶ 231).  Incorporation

51

Gibson, Dunn & Crutcher LLP

of this allegation into Plaintiffs' Interrogatory response would not resolve the deficiency because this is an "on information and belief" allegation. Apple is entitled to know what information and beliefs Plaintiffs have and why. Moreover, Plaintiffs do not tie the allegation to any specific alleged trade secrets. For example, Plaintiffs allege in the TAC that Apple "included" Plaintiffs' "██████████████████████████████████████ ██████████████████████████████" in certain patent filings and patents (*id.* ¶¶ 233, 239), but those are just *categories* of information that encompass ████████████████ alleged trade secrets (*id.* ¶¶ 40, 42). The lack of more specific information makes it impossible for Apple to know which secrets are allegedly contained in the referenced patent filings, or to determine the timing of the alleged misappropriation. Similarly, with respect to their "████████████████████████████████████████████" category of alleged secrets, Plaintiffs allege that "███████████████████████████████████████ ████████████████████████████████" and point to similar features in the Apple Watch (*id.* ¶¶ 234-47), but do not tie those features to *specific* alleged trade secrets. Plaintiffs' allegations concerning their business marketing and hospital interaction secrets likewise fail to explain how Apple allegedly misappropriated the specific alleged secrets within these categories. And with respect to Plaintiffs alleged "████████████████ ██████████████████" the TAC is devoid of any facts at all stating how Apple is purportedly misappropriating any alleged trade secrets within this category. *Id.* ¶ 244. Plaintiffs cannot unilaterally rewrite Apple's Interrogatory—as calling for information based on *categories* of alleged trade secrets, as opposed to *each* alleged secret—to deprive Apple of basic, and highly relevant, misappropriation-related information.

In sum, Plaintiffs' TAC allegations do not resolve the lack of trade secret-specific information. Apple requested via Interrogatory No. 10 misappropriation information for *each* specific alleged trade secret. The TAC is devoid of this information, as are each of Plaintiffs' iterations of their response to Interrogatory No. 10.

***No Distinction from Independent Research***. There are numerous additional reasons why Apple rejected Plaintiffs' offer to amend this Interrogatory response by

52

Gibson, Dunn & Crutcher LLP

merely copying and pasting the TAC's misappropriation allegations.  Notably, the TAC fails to offer any concrete allegations (aside from conclusory and unsupported "on information and belief" statements) to support the plausible conclusion that the presence of any of the features of the Apple Watch Plaintiffs identify as purportedly secret (e.g., "████████████████████████████████") was necessarily the result of misappropriation, rather than the product of independent research.  Again, Apple is entitled to know the "information" and "belief" that informed these allegations.  This information is critically important because "the UTSA does not prevent a person from using independently developed or properly obtained trade secret information already in the possession of another."  *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 963 (C.D. Cal. 2011); *see also Founder Starcoin, Inc. v. Launch Labs, Inc.*, 2018 WL 3343790, at *9 (S.D. Cal. July 9, 2018) (same).  If Plaintiffs contend that their purported trade secrets were obtained by improper means—as opposed to by independent research—they need to set out the facts supporting that contention in their response to Interrogatory No. 10.  They have repeatedly refused to do so—which begs the question of whether Plaintiffs even have any facts in support of misappropriation, as they must have in order to maintain their misappropriation claim.

***No Explanation of Alleged Inducement or Vicarious Liability***.  Finally, in their TAC, Plaintiffs provide no factual details about how Apple allegedly induced Lamego and O'Reilly to breach their confidentiality agreements and disclose Plaintiffs' alleged trade secrets.  Without any such factual details, the allegations in the TAC with respect to inducement would not sufficiently respond to this Interrogatory.  Apple needs to know how Plaintiffs contend that *Apple* engaged in misappropriation.  In their TAC, Plaintiffs also provide no factual details about how Lamego or O'Reilly allegedly engaged in misappropriation of Plaintiffs' alleged trade secrets.  Without any such factual details, the allegations in the TAC with respect to respondeat superior would not sufficiently respond to this Interrogatory.  Apple needs to know what actions by Lamego or O'Reilly Plaintiffs contend amount to misappropriation for which Apple should be held

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

1  vicariously liable. This is all basic information to which Apple was entitled *months* ago.

2  Plaintiffs should not be permitted to further delay.

3      **2.      Plaintiffs' Position**

4      Interrogatory No. 10 seeks Plaintiffs' contentions as to precisely **how** Apple

5  misappropriated Plaintiffs' trade secrets. Ex. A at 11-12. This is a classic contention

6  interrogatory. Moreover, this contention interrogatory is particularly problematic

7  because it requires information in **Apple's** possession. While Apple has so far refused

8  to provide **any** trade secret discovery, Plaintiffs still provided a detailed response based

9  on the information available to them and will supplement as discovery progresses.

10  Apple ignores those details and essentially demands that Plaintiffs prove their entire case

11  before receiving any discovery from Apple. Apple cites no case compelling further

12  responses in such circumstances.

13      **a.      Interrogatory No. 10 Is An Early Contention Interrogatory**

14      Interrogatory No. 10 is a classic contention interrogatory that asks Plaintiffs to

15  "state precisely how You **contend** that Apple acquired, has used, is using, plans to use,

16  has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret." Ex. A

17  at 11. This interrogatory is particularly problematic because it seeks information that is

18  almost entirely in Apple's possession, but Apple has refused to provide **any** trade secret

19  discovery. It is also still early in the case. The pleadings have not yet closed, the parties

20  are just beginning the process of discussing ESI discovery, and there have been no

21  depositions. Kachner Decl. ¶ 12.

22      Apple's own cited case explain that courts "**disfavor** contention interrogatories

23  asked **before** discovery is undertaken," and "courts tend to deny contention

24  interrogatories filed before substantial discovery has taken place." *AMEC Env't &*

25  *Infrastructure, Inc. v. Geosyntec Consultants, Inc.*, 2013 WL 3923459, at *2 (N.D. Cal.

26  July 26, 2013). Courts are particularly "reluctant to allow contention interrogatories"

27  when "the responding party has not yet obtained enough information through discovery

28  to respond." *Folz v. Union Pac. R.R. Co.*, 2014 WL 357929, at *2 (S.D. Cal. Jan. 31,

54

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

2014); *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (explaining courts "disfavor contention interrogatories asked before discovery is undertaken").   Accordingly, "it is generally accepted that courts '[will] ***not*** order responses to contention interrogatories until late in the pretrial period' and that 'the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period.'"   *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) (quoting *In re Convergent Tech. Securities Litig.*, 108 F.R.D. 328, 333 (N.D. Cal. 1985)).   As discussed, Apple's approach of serving early contention interrogatories that "systematically track all the allegations in an opposing party's pleadings is a ***serious form of discovery abuse***." *In re Convergent*, 108 F.R.D. at 333.   That is because such interrogatories can be "almost mindlessly generated, can be used to impose ***great burdens*** on opponents, and can generate a great deal of counterproductive friction between parties and counsel." *Id.*

Apple provides little analysis as to ***why***—contrary to all of this law—this Court should nonetheless order Plaintiffs to provide more detail in response to Apple's early contention interrogatories.   At most, Apple suggests Plaintiffs had no proper basis to file suit. Jt. Stip. at 48 (arguing Plaintiffs "should have" known such facts before filing suit). That insinuation is baseless.   *See* Dkt. 206 at 10 (Judge Selna finding "Plaintiffs are likely to succeed on the merits").   Regardless, this Court has rejected the same argument. *See Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (rejecting the argument that plaintiffs should answer contention interrogatories because "Plaintiff was required to have had evidence to support these allegations when she filed her Complaint").

### b.   Plaintiffs Provided More Than Enough Detail At This Stage

Even though Apple's requests seek contentions not required at this stage, to move this case forward, Plaintiffs provided substantive responses based on information currently available to them and committed to supplement as they learned additional facts.   In another case, Apple itself successfully argued that is sufficient even though it

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

was "***not*** early in the case." *See Qualcomm Inc. v. Apple Inc.*, 2018 WL 5829940, at *2 (S.D. Cal. Nov. 7, 2018) (denying motion to compel where Apple "identified certain relevant licenses and states that it will identify others as its investigation proceeds and third parties are given notice").

Apple complains that Plaintiffs have "hidden behind vague allegations" like "Apple announced the Apple Watch Series 4 on September 12, 2018, and upon information and belief, that watch includes technology that tracks Plaintiffs' technologies to solve some of the performance issues." Jt. Stip. at 48 (quoting TAC ¶ 25). That is not true either. Apple simply omits the extensive details in Plaintiffs' response. For example, Plaintiffs' responses state "



Gibson, Dunn &
Crutcher LLP



These facts set forth in the TAC are relevant here because there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process . . .." Fed. R. Civ. P. 26, Advisory Committee Notes. Supplementations "need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." *Id.* Thus, Plaintiffs will properly add these same facts the next time they supplement.

### c.   Factual Allegations Are Not Irrelevant Merely Because They Are Included In The Complaint

Apple argues that any facts recited in the complaint are not relevant because statements in the complaint are "just allegations." Jt. Stip. at 50. But Apple does not explain why detailed factual misappropriation contentions are somehow rendered irrelevant merely because the plaintiff included them in the complaint. That is especially true here where ***Apple*** demanded that Plaintiffs included detailed misappropriation allegations in the complaint. *See* Dkt. 103-1 at 14-15 (Apple's prior motion to dismiss

arguing the pleading must contain detailed contentions, including an identification of "line and page number" where Plaintiffs' trade secrets are present in Apple's patents). Courts routinely consider allegations in the complaint in declining to order further responses to early contention interrogatories. *See, e.g.*, *Allergan*, 2016 WL 10719393, at *5 (holding "it is entirely appropriate to defer compelling further response to this interrogatory, especially considering the detail articulated in Plaintiffs' Complaint"); *In re Convergent*, 108 F.R.D. at 337 (denying motion to compel and explaining "an attempt to justify early use of contention interrogatories on the ground that answers would clarify the issues [is] not [ ] especially persuasive," when the complaint is detailed).

Apple relies on several cases that sought contentions after ***substantial*** discovery. For example, Apple cites *Green Crush, LLC v. Paradise Splash I, Inc.*, 2019 WL 8640653, at *3 (C.D. Cal. Apr. 8, 2019), but discovery in that case was "substantially complete." Similarly, in *Loop AI Labs Inc v. Gatti*, 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016), the court granted a motion to compel further responses ***after*** discovery had already ***closed***—not ***before*** the defendant had produced ***any*** trade secret discovery. The court also found the plaintiff's responses were "plainly and grossly deficient" because "Plaintiff responded by directing [defendant] to 'all productions by all parties and non-parties in this case, and any further materials has [sic] may be obtained through discovery or otherwise.'" *Id.* Apple's other cited cases are also inapposite. *See Hash v. Cate*, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012) (finding plaintiff may not simply "refer to his complaint" in interrogatory answers); *McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (finding response insufficient when it merely stated "[s]ee paragraphs 2-6 as stated in the Fourth Amended Complaint filed under case no. 1:10-cv-00386-LJO-MJS (PC)"). Apple cites no case requiring detailed misappropriation contentions before the defendant even begins producing discovery.

> **d.    Apple's Demand For A Separate Response For Every Trade Secret Is Unduly Burdensome**

Gibson, Dunn & Crutcher LLP

58

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

Apple also argues that Plaintiffs response is deficient because it responds by category instead of providing a separate response for each and every numbered trade secret. Jt. Stip. at 50-52. As discussed, nothing supports Apple's assertion that Plaintiffs must provide a separate response for each of Plaintiffs' forty-nine numbered trade secrets. *See* Section III.A.2.a, *supra*. Plaintiffs properly responded to this request by logically grouped category.

Apple claims that "not a single one" of Plaintiffs' allegations in the TAC "points to a specific alleged trade secret," instead merely referring to "general 'Confidential Information.'" Jt. Stip. at 51; *see also id.* at 52 (arguing the TAC makes it "impossible for Apple to know which secrets are allegedly contained in the referenced patent filings"). That is not true. As discussed above, Plaintiffs interrogatory responses and TAC contain detailed misappropriation allegations as to specific trade secrets. Indeed, Apple itself identified Plaintiffs' specific trade secrets in its own patents. Dkt. 259-1 at 13-14 (Apple arguing "a comparison between Plaintiffs' Disclosure and [two patents] shows that Plaintiffs repeatedly cut and paste" from Apple patent claims). Likewise, Plaintiffs included annotated pictures showing where two specific trade secrets are present in the Apple Watch. *Compare* Dkt. 233 ¶¶ 236-237 *with* Ex. 1 at B.1 and B.3.

### e.   Apple's Interrogatory Does Not Seek Contentions On "Independent Research"

Next, Apple argues that Plaintiffs must show—with no discovery—that Apple's actions were "necessarily the result of misappropriation, rather than the product of independent research." Jt. Stip. at 53. As a preliminary matter, Interrogatory 10 says nothing about independent research. *See* Ex. A at 11-12.

Moreover, Apple does not explain how or why Plaintiffs should be expected to make such a showing at this phase of the case. While the burden of proof on misappropriation as a whole remains with the plaintiff, the ***defendant*** bears the "burden of producing evidence" of independent derivation. *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1669 (2003). That makes sense because such evidence is

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

1  exclusively in the possession, custody, or control of the defendant.  As the California

2  Court of Appeal explained, "a plaintiff is not required to prove improper use by

3  presenting evidence specifically refuting reverse engineering or independent derivation

4  . . .."  *Id.* at 1673.  Plaintiffs cannot be expected to identify—before discovery even

5  begins—evidence affirmatively refuting an "independent derivation" theory that Apple

6  has never even explained, much less produced any evidence to support.

7      Apple cites two cases, but neither supports its position.  *See Mattel, Inc. v. MGA*

8  *Entm't, Inc.*, 782 F. Supp. 2d 911, 963 (C.D. Cal. 2011) (mentioning independent

9  derivation in passing while denying defendant's motion for summary judgment on

10  independent economic value); *Founder Starcoin, Inc. v. Launch Labs, Inc.*, 2018 WL

11  3343790, at *9 (S.D. Cal. July 9, 2018) (denying preliminary injunction because the

12  ***defendant*** presented evidence of independent development).   Neither *Mattel* nor

13  *Founder* addressed discovery, much less compelled a plaintiff to refute an independent

14  development contention that the defendant ***never provided***.

15          **f.      Apple's Interrogatory Does Not Seek Contentions As To
                    Inducement And Respondeat Superior**

16

17      Similarly, Apple argues that Plaintiffs must provide "details about how Apple

18  allegedly induced Lamego and O'Reilly to breach their confidentiality agreements and

19  disclose Plaintiffs' alleged trade secrets."  Jt. Stip. at 53.  But Interrogatory 10 says

20  nothing about inducement or respondeat superior.  *See* Ex. A at 11-12.

21      Moreover, Apple cites no authority for its assertion that Plaintiffs should be

22  required to provide such information in contention interrogatories before Apple provides

23  any discovery.  Nor could it.  As discussed, courts routinely decline to require early

24  contention interrogatories, especially when the propounding party has "control over or

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1  adequate access to much of the evidence relevant to their alleged misconduct." *In re*

2  *Convergent*, 108 F.R.D. at 339; *see also Folz*, 2014 WL 357929, at *2.[3]

3  ### g.  Apple's Other Arguments Lack Merit

4  Similar to Interrogatory No. 6, Apple presents several other arguments that are

5  not relevant to the issue before this Court (the sufficiency of Plaintiffs' current response).

6  Apple again argues Plaintiffs' initial responses did not provide enough detail, the phrase

7  "at least" indicates Plaintiffs are withholding information, and Plaintiffs agreed their

8  responses were deficient. Jt. Stip. at 49. Those arguments are all irrelevant and incorrect

9  for the reasons discussed above. *See* Section III.A.2.d, *supra*.

10  Apple also cites *Freeman Inv. Mgmt. Co., LLC v. Frank Russel Co.*, 2016 WL

11  5719819, at *1 (S.D. Cal. Sept. 30, 2016), to support its argument that it cannot defend

12  itself without more information. Jt. Stip. at 38. But *Freeman* was a summary judgment

13  case addressing whether trade secrets were described with sufficient particularity. 2016

14  WL 5719819 at *1. That case said nothing about misappropriation contention

15  interrogatories, much less those served before the defendant provided discovery.

16  ## C.  Interrogatory No. 11: Requesting Information Concerning Access to Each
17  Alleged Trade Secret

18  ### 1.  Apple's Position

19  This Interrogatory seeks information that is uniquely in the possession of

20  Plaintiffs: all of Plaintiffs' employees, independent contractors, or consultants, who at

21  any time had access to each of the alleged trade secrets in this case, and the time period

22  of their access. To qualify for protection under CUTSA, the alleged trade secret material

23  must be "the subject of efforts that are reasonable under the circumstances to maintain

24  its secrecy." Cal. Civ. Code § 3426.1. Plaintiffs bear the burden of showing that

25  reasonable measures were taken to protect the secrecy of *each* of their allegedly

26

27  _____

[3] Judge Selna recently concluded the TAC contains sufficient allegations of Apple's
direct misappropriation, but granted partial dismissal on inducement and respondeat

28  superior. Dkt. 264 at 11-15. Plaintiffs intend to amend, as invited by the Court. *See id.*

Gibson, Dunn &
Crutcher LLP

61

Joint Stipulation Regarding Defendant Apple Inc.'s
Motion to Compel Responses to Interrogatories 6, 10, 11 and 13
Case No. 8:20-cv-00048-JVS (JDEx)

misappropriated trade secrets.  *See Jobscience, Inc.*, 2014 WL 852477, at \*5 (instructing plaintiff to set forth "a description of how each secret has been the subject of reasonable efforts to maintain its secrecy"); *Openwave Messaging, Inc.*, 2018 WL 2117424, at \*4 (same).  Apple's Interrogatory No. 11 requests information relevant to this element of Plaintiffs' claim.  The identity of the persons who had access to Plaintiffs' alleged secrets and their relationship to Plaintiffs is critical to the analysis of whether the alleged secrets were the subject of reasonable efforts to maintain secrecy.

In three iterations of their response to this Interrogatory, Plaintiffs included "at least" language—i.e., responding that "at least the following individuals had access to aspects" of the categories of alleged trade secrets.  Apple thrice expressed its concern that Plaintiffs were using this "at least" language to withhold responsive information from Apple.  After repeated letters and meet and confers on this topic, Plaintiffs *finally* represented that "they are not withholding anything" of which they are currently aware, and that "[i]f Plaintiffs identify additional individuals, they will supplement their response."  Samplin Decl. Ex. L at 2.  Apple agreed to accept Plaintiffs' hedging language based on this representation.  However, that did not resolve the parties' dispute about Interrogatory No. 11.  Plaintiffs' Second Supplemental Response remains incomplete—and, therefore, deficient—for several reasons.

***No Responses for Each Alleged Trade Secret***.  As with Interrogatory Nos. 6 and 10, Plaintiffs have refused to respond to Interrogatory No. 11 on a trade-secret-by-trade-secret basis, even though the Interrogatory expressly requests access information for *each* alleged secret.  Instead, in their Second Supplemental Response, Plaintiffs identify individuals for each of their broad categories of alleged trade secrets, without specifying which of those individuals had access to which of Plaintiffs' alleged trade secrets within each category.  There is no reason that Plaintiffs cannot—one year into this case— provide lists of individuals that had access to *each* of their alleged trade secrets, particularly when they allege that these trade secrets were developed by their employees. Plaintiffs do not need any information from Apple—nor should they need information

62

Gibson, Dunn & Crutcher LLP

from any other person or entity—to identify *their own* employees, contractors, or consultants with whom they provided access to each specific alleged secret.   As Apple informed Plaintiffs on November 27, 2020, if Plaintiffs' response is that all of the individuals identified for each category of alleged secrets had access to each and every one of the alleged secrets in that category, then Plaintiffs should so state in their Interrogatory response.  Plaintiffs refused to do so following the parties' correspondence on this issue, which makes it all the more apparent that there is trade-secret-by-trade-secret information about access that Plaintiffs are withholding.  Plaintiffs should be ordered to amend their response to Interrogatory No. 11 to include a list of the requested individuals of whom Plaintiffs are currently aware for *each* alleged trade secret.

***No Identification of Time Periods of Access***.  All iterations of Plaintiffs' response to this Interrogatory also fail to identify "the period of time over which the individuals had . . . access," as specifically requested by the Interrogatory.  Plaintiffs' response to the Interrogatory therefore is demonstrably incomplete.   The requested time period information is important because Apple needs to evaluate whether Plaintiffs treated the asserted secrets as secrets at the times Plaintiffs contend they were still secret (Plaintiffs allege that at least certain of their purported secrets were disclosed via patent filings that became public at different times).   Again, this Interrogatory seeks information that is uniquely within Plaintiffs' possession—information about the employees, contractors, and consultants to whom Plaintiffs granted access and the timing of that access. Plaintiffs need to supply the requested time period information in response to this Interrogatory, or else state that they do not have records of access from which to discern this information.

### 2.    Plaintiffs' Position

Interrogatory No. 11 demands that Plaintiffs identify all individuals who had access to Plaintiffs trade secrets and the period of time over which each individual had such access.  Ex. A at 12.  Apple's request is unduly burdensome and not proportional to the needs of the case because it would require Plaintiffs to create a compilation based

63

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

1    on ████████████ That kind of detail has no bearing on the case.  Despite this

2    request being objectionable on its face, Plaintiffs still provided a substantive answer

3    listing the people Plaintiffs are presently aware of that had access to Plaintiffs' trade

4    secrets.  Plaintiffs told Apple they were not withholding any information and would

5    supplement if they learned additional facts.  Apple again demands separate lists for each

6    numbered trade secret and precise time periods over which each individual had access,

7    but cites no authority requiring such a burdensome, and likely impossible, exercise.

### a.    Apple's Interrogatory Is Unduly Burdensome And Not Proportional To The Needs Of The Case.

10        Plaintiffs' employees created, developed, and refined Plaintiffs trade secrets over

11   many years, ████████████.  *See, e.g.*, Ex. J at 14.  Because Plaintiffs have

12   been developing their trade secrets ████████, this interrogatory would require that

13   Plaintiffs compile and examine almost ████████ of employee activity.  As Plaintiffs

14   explained to Apple, such a request is overly burdensome and not proportional to the

15   needs of this case.  Ex. H at 2.  That is particularly true because Plaintiffs have informed

16   Apple that all individuals with access to Plaintiffs' trade secrets were under a duty to

17   maintain the secrecy of that information at all times.  Ex. J at 29, 31; Ex. H at 2.  The

18   precise names of individuals with access are immaterial to whether Plaintiffs took steps

19   to maintain the secrecy of their trade secrets.  Apple identifies no issue or defense to

20   which these particular details are even relevant.

21        Nevertheless, Plaintiffs conducted a reasonable search and provided the names of

22   individuals who had access to Plaintiffs' trade secrets.  As Plaintiffs explained to Apple,

23   Plaintiffs "are not withholding discoverable information and will supplement their

24   responses as Plaintiffs' investigation progresses and Plaintiffs learn responsive facts."

25   Ex. L at 2 (internal quotations omitted).  Thus, even if Apple's demand were proper, the

26   Court should deny this motion to compel as premature.  *See Hasan*, 2012 WL 569370,

27   at *5 (denying a motion to compel when the defendant had not yet completed his

28   investigation).

64

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

### b. Apple's Demand For A Separate Response For Every Trade Secret Is Unduly Burdensome

Apple again argues that Plaintiffs response is deficient because it responds by category instead of providing a separate response for each and every numbered trade secret. Jt. Stip. at 62-63. As discussed, nothing supports Apple's assertion that Plaintiffs' must provide a separate response for each and every numbered trade secret, rather than the logically grouped trade secrets as presented. *See* Section III.A.2.a, *supra*.

In addition to unreasonably asking Plaintiffs to compile and examine ████████ ██ of employee activity, Apple would unreasonably require Plaintiffs to delineate, for example, whether and when a particular employee had access to a particular numbered trade secret as opposed to other related trade secrets. Apple's demand is exceedingly burdensome. It is also contrary to the facts of how employees worked on the technology relating to groups of related trade secrets and, therefore, not even feasible. Apple never explains what it seeks to obtain from its proposed burdensome and irrelevant exercise. Apple fails to show that its demanded exercise would identify witnesses otherwise not identified. Nor does Apple show the specific time periods and access are relevant to Plaintiffs' efforts to protect the confidentiality of its trade secrets. As discussed, because Plaintiffs' employees are all obligated to protect Plaintiffs' trade secrets, Plaintiffs have no need to document the information Apple demands.

Apple also argues that Plaintiffs must be withholding information because they have not stated whether each individual had access to each trade secret in each category. Jt. Stip. at 63. That is not true. Plaintiffs repeatedly told Apple they are not withholding information and would supplement if they learn of additional information.

### c. Apple's Demand That Plaintiffs Provide Time Periods Of Access Is Unduly Burdensome

Apple also argues that Plaintiffs must identify "the period of time over which the individuals" had access. Jt. Stip. at 63. Apple claims the "requested time period information is important because Apple needs to evaluate whether Plaintiffs treated the

65

Gibson, Dunn & Crutcher LLP

1  asserted secrets as secrets at the times Plaintiffs contend they were still secret." Jt. Stip.

2  at 63. Creating a compilation of which employee accessed each trade secret and when

3  over a ▮▮▮▮▮▮ span would be extraordinarily burdensome, if not impossible. The

4  resulting compilation would also be irrelevant because all individuals with access to

5  Plaintiffs' trade secrets had a duty to maintain the secrets as confidential. In view of

6  those facts, Apple has not explained how the information it seeks has any bearing on this

7  case. Apple's demand thus is overly burdensome and does nothing to advance

8  discovery. *See, e.g.*, *Ellis v. Albonico*, 2006 WL 8458726, at *2 (E.D. Cal. Apr. 6, 2006)

9  (finding a request that defendants "comb through their personnel files for over the past

10  ten years" overly burdensome).

11  **D.    Interrogatory No. 13: Requesting Identification of the Alleged Harm**

12      **Caused by Apple's Alleged Misappropriation of Each Alleged Trade Secret**

13      **1.    Apple's Position**

14      This Interrogatory asks that "[f]or each alleged Trade Secret that You contend

15  was misappropriated by Apple, identify and describe in detail how You were harmed by

16  the alleged misappropriation." A requisite element of Plaintiffs' claim of trade secret

17  misappropriation against Apple is that Plaintiffs "*suffered harm* as a direct and

18  proximate result of [Apple's] use or disclosure of the trade secret." *MedioStream, Inc.*

19  *v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1114 (N.D. Cal. 2012) (emphasis added).

20  Plaintiffs therefore must have known the harm they were claiming by the time they filed

21  this action such to have a Rule 11 basis for asserting a misappropriation claim against

22  Apple in the first place. *See O'Hagin's, Inc. v. UBS AG*, 2017 WL 2992445, at *4 (C.D.

23  Cal. Apr. 3, 2017) ("The Ninth Circuit has held that when a plaintiff fails to allege

24  necessary elements of his claim, a court may find the complaint is legally baseless and

25  thus impose Rule 11 sanctions.") (citing *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.

26  2005)); *Feregrino v. Micro Focus (US) Inc.*, 2009 WL 33308, at *2 (S.D. Cal. Jan. 5,

27  2009) ("Plaintiff has the burden to allege in good faith, consistent with Rule 11, all the

28  necessary elements to state [their] claim."). Yet, Plaintiffs have failed to describe that

66

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

harm to Apple in their Interrogatory responses.  Plaintiffs provided no evidence of harm in their Motion for a Preliminary Injunction either, but presumably had some basis for their vague allegation that "Plaintiffs' quality and reliability advantage . . . is under attack by Apple."  ECF 111-1 at 18.  Yet, neither iteration of Plaintiffs' response to Interrogatory No. 13 provides *any* information about harm.[4]  We are one year into this case, and Plaintiffs are still withholding this information from Apple.

In response to Apple's complaints about Plaintiffs' refusal to respond to this Interrogatory, Plaintiffs have taken the position that Apple's request for an identification of Plaintiffs' purported harm is premature.  Plaintiffs are wrong, and their position has been squarely rejected by courts within this Circuit.  For example, in *AMEC Environment & Infrastructure, Inc. v. Geosyntec Consultants Inc.*, 2013 WL 3923459 (N.D. Cal. July 26, 2013), a trade secret case, the court rejected a similar position from the plaintiff:

> As to the economic harm, the court appreciates AMEC's argument that its damages theory is what the expert disclosures will show.  Geosyntec said that it is not looking now for the complete damages information and instead needs some understanding of the particular harms that AMEC suffered such as the loss of a client or project.  The court agrees that client- or project-specific harm is appropriate.

*Id.* at *5 (citation omitted); *see also, e.g., Kaneka Corp. v. Zhejiang Med. Co.*, 2016 WL 11266869, at *6 (C.D. Cal. Oct. 18, 2016) ("Plaintiff's response to Interrogatory No. 1 adequately identifies Plaintiff's damages theories . . . but improperly avoids identifying any substantive facts supporting those theories by vaguely promising that the relevant facts will be disclosed in an expert report."); *Corning Optical Commc'ns Wireless, Ltd. v. Solid, Inc.*, 306 F.R.D. 276 (N.D. Cal. 2015) (rejecting the proposition that a plaintiff in a patent case may respond to an interrogatory seeking disclosure of the plaintiff's damages theories simply by stating "wait until we serve our expert report," because such

---

[4]  Plaintiffs' response to Interrogatory No. 6, which they incorporate into their First Supplemental Response to Interrogatory No. 13, does not disclose anything about harm, and therefore does not cure any of the deficiencies referenced herein.

Gibson, Dunn &
Crutcher LLP

a response prejudices the parties and prevents the court from determining proportionality necessary to resolve other discovery disputes); *Aristocrat Techs. v. Int'l Game Tech.*, 2009 WL 3573327, at *2 (N.D. Cal. Oct. 30, 2009) (a plaintiff "can adequately respond without the benefit of an expert report" to an interrogatory seeking all facts that "tend to either enhance or reduce the alleged damages" based on the information in its possession at the time of the response).

*Loop AI Labs Inc v. Gatti*, 2016 WL 2342128 (N.D. Cal. May 3, 2016) is further instructive. There, the defendant propounded an interrogatory that asked Plaintiff to "[d]escribe all bases for [plaintiff's] claimed damages, including all bases for valuations of the business or of [plaintiff's] technology, trade secrets, patents, or confidential information." *Id.* at *1. The court held that this was a "permissible interrogator[y] seeking the factual bases for [plaintiff's] allegations," and concluded that the plaintiff's response that only "list[ed] the categories of damages Plaintiff seeks" was non-responsive because it "d[id] not answer the question of how Plaintiff values its business, technology, trade secrets, patents, or confidential information." *Id.* at *2. Plaintiffs' responses here are just as non-responsive as the one in *Loop AI*. Plaintiffs' Original Response merely includes general "categories of damages" without identifying any specific harm that Plaintiffs have allegedly suffered. Plaintiffs' First Supplemental Response fails to remedy this deficiency because it does not contain any information whatsoever about Plaintiffs' alleged harm.

Apple is not asking Plaintiffs for a detailed quantification of damages. Apple also understands that Plaintiffs' theory of harm may develop as the case progresses—which is precisely why there is a continuing obligation under the Federal Rules to amend discovery responses. Apple is asking for a description of the type of harm Plaintiffs presently contend they have suffered as a result of the misconduct of which they have accused Apple. That purported harm—on which Plaintiffs relied when filing a trade secret misappropriation claim against Apple—is not dependent on discovery from Apple, nor is it dependent on expert disclosures. As in each of the cases cited above,

Plaintiffs should be ordered to amend their response to this Interrogatory to specify the type of harm, and supply the facts associated with the harm, on which they based the filing of their trade secret misappropriation claim.

**2.     Plaintiffs' Position**

Interrogatory No. 13 seeks Plaintiffs' contentions as to how Plaintiffs were harmed by Apple's misappropriation. Ex. A at 12.  Apple acknowledges it is "not asking Plaintiffs for a detailed quantification of damages."  Plaintiffs explained such a quantification is premature at this stage and is the subject of expert discovery.

Apple instead asks "for a description of the ***type*** of harm Plaintiffs presently contend they have suffered."  Jt. Stip. at 68.  But Plaintiffs' interrogatory response provides exactly that information.  Among other things, Plaintiffs' response describes "the ***type*** of harm Plaintiffs presently contend they have suffered," just as Apple requested (Jt. Stip. at 68), including (1) Plaintiffs' having to "compete against products that were developed using and which incorporate Plaintiffs' trade secrets," (2) Plaintiffs' having to "compete against products that were developed as a result of the head start Plaintiffs' trade secrets provided," (3) Plaintiffs' "lost sales," (4) Plaintiffs' "lost convoyed sales," (5) Plaintiffs' "lost licensing revenue," (6) Plaintiffs' lost "research and collaboration opportunities," and (7) Plaintiffs' lost "investment value and lost business value."  Ex. E at 42.  Plaintiffs further explained that they are continuing to investigate the subject matter of this interrogatory and agreed to supplement as discovery proceeds.  Apple does not address the types of harms Plaintiffs identified, or why such an identification is inappropriate, incomplete, or deficient.  Instead, Apple ignores Plaintiffs' response specifically identifying the "type" of harms at issue and thus fails to show any deficiency.

Plaintiffs' interrogatory responses are more than appropriate at this stage of the case.  As discussed, Apple's own cited case explains that courts "disfavor contention interrogatories asked before discovery is undertaken," and "courts tend to deny contention interrogatories filed before substantial discovery has taken place."  *AMEC*

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

*Evn't*, 2013 WL 3923459, at *2.   Here, the pleadings have not yet closed, Apple has provided no trade secret discovery, the parties are just beginning the process of discussing the protocol for ESI discovery, and there have been no depositions.   Kachner Decl. ¶ 12.   Thus, this contention interrogatory is "premature because substantial discovery remains to be conducted."   *Anokiwave, Inc. v. Rebeiz*, 2019 WL 3935817 *8-9 (S.D. Cal. Aug. 20, 2019).

Apple cites no case compelling a further response to this interrogatory at this stage.   Apple relies heavily on *AMEC Env't*, 2013 WL 3923459, at *5, but that case supports Plaintiffs—not Apple.   That court ordered the plaintiff to provide "some understanding of the particular harms that AMEC suffered," which Plaintiffs already provided here.   *Id.*   The Court then ordered the parties to discuss timing for Plaintiff to supplement its damages contentions, and "if the parties cannot agree, the timing has to be around the time fact discovery ***closes***…"   *Id.*   The Court did ***not*** order Plaintiff to provide detailed damages contentions early in fact discovery.

Apple also cites *Loop AI Labs Inc v. Gatti*, 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016), but the court in that case granted a motion to compel further responses ***after*** discovery had already ***closed***—not ***before*** the defendant had produced ***any*** trade secret discovery.   *Loop AI Labs* is also distinguishable on its facts.   There, the court found the plaintiff's responses were "plainly and grossly deficient" because "Plaintiff responded by directing [defendant] to 'all productions by all parties and non-parties in this case, and any further materials has [sic] may be obtained through discovery or otherwise.'"   *Id.*   The court also criticized the defendant for including "thousands of bates numbers with no explanation" and "nearly 100 pages of allegations that appear to be cut and pasted from Plaintiff's second amended complaint."   *Id.   Loop AI* is nothing like this case and does not support Apple's demand for early responses to contention interrogatories, before significant discovery has occurred.

Similarly, in *Corning Optical Commc'ns Wireless, Ltd. v. Solid, Inc.*, 306 F.R.D. 276 (N.D. Cal. 2015), the court decided the motion to compel "a few weeks from the

70

Gibson, Dunn &
Crutcher LLP

*close* of fact discovery." This case does not support Apple's request for comprehensive early damages contentions. Also, unlike the Plaintiff in *Corning*, Plaintiffs have not refused to provide any damages discovery or deferred the entire topic to expert reports.

Apple's reliance on *Kaneka Corp. v. Zhejiang Med. Co.*, 2016 WL 11266869, at *6 (C.D. Cal. Oct. 18, 2016) is also misplaced. The interrogatory at issue in *Kaneka Corp.* sought information that Apple's interrogatory No. 13 does not request: "all facts" supporting patent damages claims and "all documents supporting those claims." To the extent Apple argues Interrogatory No. 13 seeks "all facts" supporting Plaintiffs' damages contentions, numerous cases hold that such an exacting level of detail is not required at this early stage. *See e.g., Anokiwave, Inc.*, 2019 WL 3935817 *8-9; *AMEC Env't*, 2013 WL 3923459, at *2, 5; *Loop AI Labs Inc*, 2016 WL 2342128, at *2. Moreover, unlike the patentee in *Kaneka Corp.*, Plaintiffs here are not deferring all damages disclosure to expert reports, and have committed to providing further factual information about their damages contentions as discovery proceeds.

*Aristocrat Techs. v. Int'l Game Tech.*, 2009 WL 3573327, at *2 (N.D. Cal. Oct. 30, 2009) also does not support Apple. In *Aristocrat*, the court rejected patentee-plaintiff's argument that it "cannot produce the requested damages evidence without a report from its expert…" Here, Plaintiffs are not deferring all damages disclosure to expert reports. Plaintiffs describe the types of harms Plaintiffs presently contend they have suffered, as Apple requested, and will provide further factual information as discovery proceeds.

Finally, Apple argues the Court should compel further responses to test Plaintiffs' Rule 11 basis for filing suit. Jt. Stip. at 66-67. As discussed, Apple's Rule 11 arguments are baseless. *See* Dkt. 206 at 10 (Judge Selna holding "Plaintiffs are likely to succeed on the merits"). Dkt. 206 at 10. Regardless, this Court has rejected the same argument advanced. *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (rejecting the argument that contention interrogatories are not premature

because "Plaintiff was required to have had evidence to support these allegations when she filed her Complaint").  The Court should deny Apple's Motion.

Dated:  January 13, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Dated:  January 13, 2021

KNOBBE, MARTENS, OLSON & BEAR LLP

By:   */s/ Mark D. Kachner*
Joseph R. Re
Stephen C Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W Larson
Mark D. Kachner
Adam B. Powell

*Attorneys for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.*

## ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)

Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from each of the signatories above.

By: */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorney for Defendant Apple Inc.*

72

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION REGARDING DEFENDANT APPLE INC.'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES 6, 10, 11 AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 20-00048JVS(JDEx)                    Date    April 17, 2020

Title    Masimo Corporation, et al v Apple, Inc

---

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:    [IN CHAMBERS] ORDER RE SCHEDULING DATES**

The Court has read and considered the parties Rule 26(f) Report and sets the following dates:

| | |
|---|---|
| **Jury Trial** | **April 5, 2022 at 8:30 a.m.** |
| **Final PreTrial Conference** | **March 21, 2022 at 11:00 a.m.** |
| File PreTrial Documents not later than March 7, 2022 | |
| File motions in limine not later than February 14, 2022 | |
| **Discovery Cut-off** | **July 5, 2021** |
| **Expert Discovery Cut-off** | **December 6, 2021** |
| Initial disclosure of Experts not later than September 6, 2021 | |
| Rebuttal disclosure of Experts not later than October 18, 2021 | |
| **Law and Motion Cut-off** | **February 7, 2022 at 1:30 p.m.** |
| Motions to be filed and served not later than January 10, 2022 | |
| **Markman Hearing** | **February 8, 2021 at 3:00 p.m.** |

Counsel inform the Court that their selection for a settlement procedure pursuant to Local Rule 16-15 is ADR #3, private mediation.  The Court orders that any settlement discussions shall be completed not later than November 30, 2021.  Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

The Court adopts discvoery limits in Sections 6a-c.  Total hours for depositions 100.  Court will deal with reduction of claims, prior art references at a hearing on **July 10, 2020 at 3:00 p.m.** Parties shall submit joint/separate proposals in one filing by July 3, 2020.  The Court adopts the patent specific dates.  The Court stays the trade secret discovery only pending compliance with 2019.210.  Any dispute over compliance shall be heard before the Magistrate Judge.

|   |   | : | 0 |
|---|---|---|---|
| | Initials of Preparer | lmb | |

Exhibit B

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

        Plaintiffs,

      v.

APPLE INC., a California corporation

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 8:20-cv-00048-JVS-JDE

Hon. James V. Selna
Magistrate Judge John D. Early

**ORDER GRANTING
STIPULATION TO AMEND THE
SCHEDULING ORDER**

This matter is before the Court pursuant to the parties' Stipulation to Amend the Scheduling Order.  Based on the stipulation of the parties, and good cause appearing, the Court GRANTS the Stipulation and AMENDS the Scheduling Order as shown below.

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Joint Claim Narrowing Proposal | September 21, 2020 | November 23, 2020 |
| Exchange of Proposed Claim Terms for Construction (Patent L.R. 4-1) | September 21, 2020 | December 7, 2020 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | October 12, 2020 | January 11, 2021 |
| Invalidity Contentions on newly asserted patents (Patent L.R 3-3 and 3-4) | October 22, 2020 | |
| Infringement Contentions (Patent L.R. 3-1 and 3-2) | November 13, 2020 | |
| Joint Markman Prehearing Statement (Patent L.R. 4-3) | November 9, 2020 | February 1, 2021 |
| Complete Claim Construction Discovery (Patent L.R. 4-4) | December 7, 2020 | March 1, 2021 |
| Simultaneous Opening Markman Briefs (Patent L.R. 4-5) | December 21, 2020 | March 15, 2021 |
| Last Date to Add Parties / Amend Pleadings | December 23, 2020 | |

| Event | Current Deadline | New Deadline |
|---|---|---|
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | January 25, 2021 | April 12, 2021 |
| *Markman* hearing | February 8, 2021 | April 26, 2021 at 3:00 p.m. |
| Non-expert Discovery cut off | July 5, 2021 | |

**IT IS SO ORDERED.**

Dated: September 21, 2020

_____
Honorable James V. Selna

33525107

# Exhibit C

(Filed Under Seal)