Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF MARK D. KACHNER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES**<br><br>Date:  January 28, 2021<br>Time: 10:00 am<br>Ctrm: 6A<br><br>Discovery Cut-Off:  7/5/2021<br>Pre-Trial Conference:  3/21/2022<br>Trial:  4/5/2022 |

I, Mark D. Kachner, hereby declare as follows:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in support of Plaintiffs' Opposition To Apple's Motion To Compel Supplemental Responses to Interrogatories.

2.      On November 18, 2020, I participated in a meet and confer with counsel for Apple regarding Plaintiffs' interrogatory responses.  During that meet and confer, Plaintiffs' counsel asked Apple's counsel if they had any authority supporting Apple's position that Plaintiffs must provide a separate contention as to each and every numbered trade secret.  Apple did not provide any authority.

3.      Attached hereto as **Exhibit 1 [filed under seal]** is a true and correct copy of Masimo Corporation and Cercacor Laboratories, Inc.'s Section 2019.210 Statement, dated November 6, 2020.

4.      Attached hereto as **Exhibit 2 [filed under seal]** is a true and correct copy of Plaintiffs' Responses to Apple's Fifth Set of Interrogatories (No. 26), dated December 18, 2020.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of an October 1, 2020 letter sent by my partner Stephen Larson, counsel of record for Plaintiffs, to Brian Andrea, counsel of record for Apple.  In that letter, Plaintiffs proposed that the parties exchange proposed custodians for ESI searching pursuant to Section 1 of the ESI order. Ex. 3 at 5.  Attached hereto as **Exhibit 4** is a true and correct copy of an October 17, 2020 letter from Mr. Andrea to Mr. Larson responding to Mr. Larson's October 1, 2020 letter.  In the letter, Apple refuses to exchange proposed custodians and claims it "is premature and inappropriate." Ex. 4 at 5.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of a November 16, 2020 letter from Mr. Larson to Mr. Andrea.  In that letter, Plaintiffs again request that

parties exchange lists of proposed custodians so that the parties can begin the ESI process as outlined in the ESI order.  Ex. 5 at 4.  Attached hereto as **Exhibit 6** is a true and correct copy of a November 25, 2020 letter from Mr. Andrea to Mr. Larson responding to Mr. Larson's November 16, 2020 letter.  In that letter, Apple again refused to exchange custodians, now demanding that the parties first agree to limit the number of proposed custodians, contrary to the ESI order. Ex. 6 at 4.

7.      Attached hereto as **Exhibit 7** is a true and correct copy of a December 6, 2020 letter from my partner Adam Powell, counsel of record for Plaintiffs, to Mr. Andrea.  This letter explains that, during a meet and confer on December 1, Apple agreed to provide a proposal to limit the number of custodians.  Ex. 7 at 3.  Attached hereto as **Exhibit 8** is a true and correct copy of an email sent on December 2, 2020 from Mr. Andrea to Mr. Powell.  In that email, Apple proposed that the parties limit their lists of custodians to a mere eight custodians.

8.      Attached here to as **Exhibit 9** is a true and correct copy of a December 30, 2020 letter sent from Mr. Powell to Ilissa Samplin, counsel of record for Apple.  In that letter, Plaintiffs explained that, pursuant to the ESI order, the parties should first exchange lists of custodians and then the parties can evaluate and potentially discuss whether any limitations to the number of custodians would be appropriate.  Ex. 8 at 3-4.  Plaintiffs proposed exchanging lists of custodians on January 15, 2021.  Ex. 9 at 4.  Apple has not responded to this letter.

9.      Attached hereto as **Exhibit 10 [filed under seal]** is a true and correct copy of Judge Selna's Order Regarding Motion to Dismiss Thirteenth Cause of Action of the Third Amended Complaint, dated January 6, 2020.

10.     Attached hereto as **Exhibit 11** is a true and correct copy of a December 30, 2020 email attaching Apple's portion of this Joint Stipulation, attachments omitted, sent by Ms. Samplin to an email distribution list that includes myself.

11.    Attached hereto as **Exhibit 12 [filed under seal]** is a true and correct copy of excerpts from Masimo laboratory notebooks from 2003-2005, filed at Dkt. 117 in this case.

12.    As of January 11, 2021, the pleadings have not yet closed and Apple has not yet answered Plaintiffs' complaint.  Further, as discussed above, and as demonstrated in Exhibits 3-9 of this Declaration, the parties are just beginning the process of discussing the protocol for ESI discovery under the ESI Order. Additionally, there have been no depositions in this case.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on January 11, 2021, at Los Angeles, California.

_/s/ Mark D. Kachner_
Mark D. Kachner

34187941

# EXHIBIT 3

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

October 1, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:    Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

      We write pursuant to Local Rule 37-1 to address various discovery issues and request a meet and confer.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

      **Apple's Improper Exclusive Reliance on Custodians and Search Terms:**  Apple has taken the position that, as to one or more requests, it may rely <u>solely</u> on search terms and ESI searches to look for responsive documents.  That is improper.  Apple should perform a reasonable search for documents separate and apart from ESI searching by, for example, talking to potential custodians and witnesses to determine where relevant documents may exist.  During the parties June 30th meet and confer, "Apple agreed to let Plaintiffs know if it determines that it will use search terms and custodians alone to satisfy Apple's discovery obligations for a particular RFP."  However, to date, Apple has not identified any such RFPs.  Please confirm that Apple will satisfy its discovery obligations and will not limit its searching to the use of search terms and custodians for any RFP.

      **Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Based on the correspondence between the parties, we understand that Apple is not withholding and does not intend to withhold documents based on its objections for these RFPs and that Apple intends to produce all non-privileged documents responsive to these RFPs.  Please confirm and let us know when Apple intends to produce such documents.

      **Plaintiffs' RFPs 5-8, 10-11, and 26-27:**  Based on the correspondence between the parties, we understand that Apple has withheld documents responsive to these RFPs based solely on Apple's position that Plaintiffs must first serve a Section 2019.210 statement that Apple deems adequate. Because the Court rejected Apple's position in its April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), we expect Apple will produce these documents.  Please confirm and let us know when Apple intends to produce such documents.

      **Plaintiffs' RFP 9:** Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please confirm Apple will no longer withhold documents based on that position.  Apple also previously stated

# Knobbe Martens

that it intends to withhold publicly available documents.  As we previously explained, this is improper.  Apple should produce all documents in its possession, custody, or control, even if they are otherwise publicly available.  Please confirm Apple will produce such documents.  We understand Apple is not withholding and does not intend to withhold documents based on any other objections.  Please let us know if that is incorrect.

**Plaintiffs' RFPs 12-25:**  Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please confirm Apple will no longer withhold documents based on that position.  Apple also previously stated that it intends to withhold any documents that are "relevant specifically to any claim not asserted in this action."  As we have explained, Apple is not permitted to withhold responsive documents based on Apple's contention those documents are relevant to unasserted claims.  Indeed, Plaintiffs are entitled to Apple's documents, including for the purposes of selecting asserted claims.  Please confirm Apple will not maintain this objection.  We understand Apple is not withholding any documents based on any other objection.  Please let us know if that is incorrect.

**Plaintiffs' RFPs 28-33, 35-39, 41-46, 58, 60:**  Based on the correspondence between the parties, we understand Apple contends that these RFPs are premature until it receives Plaintiffs' infringement contentions, but that Apple will produce documents responsive to these RFPs upon receiving such contentions.  We disagree, but look forward to promptly receiving Apple's documents after Plaintiffs serve their infringement contentions.  Please let us know when you will provide these documents.

**Plaintiffs' RFPs 47-49:**  Based on the correspondence between the parties, we understand Apple intends to provide documents related only to how often a user's heart rate is measured and the operation of the LEDs in the Accused Products, but not as to the remainder of these Requests.  As we have previously explained, that is improper.  Please confirm Apple will produce all documents responsive to this request.

**Apple's Improper Attempts to Limit Document Productions to Accused Features:**  Apple has thus far improperly limited Apple's core technical document production to include only documents that relate to features Apple claims were accused of infringement.  Apple has not stated any such objection to RFPs 1-60 and any such objection would be improper. Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  Apple objects to all RFPs 61-147 on the basis of Section 2019.210 and states that it will "withhold" "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210. . . ."  None of Plaintiffs' RFPs, however, seek only documents relevant to Plaintiffs' trade secret misappropriation claim.  If Apple disagrees and is withholding documents on this basis, please identify the specific RFPs and explain Apple's position.

**Temporal Scope:**  Apple objects to Plaintiffs' RFPs 67-74, 76, 78, 79, 88-91, 97, 98, 100-109, 122-125, 129, 131-135, and 143 on the ground that they are "vague, ambiguous, overly broad, and

**Knobbe Martens**                                                                    Page 3

___

unduly burdensome" because the request does not identify a relevant time period.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Undefined Terms:**  Apple objects to certain requests that use "undefined" terms or phrases such as but not limited to: "refer or relate to," "concerning," "evaluating," "discussing," "commenting," "instructional materials," "directions for use," "training materials," "training manuals," "training videos," "marketing materials," "promotional materials," "informational materials," "internet postings," "physiological monitoring features," "technical documents," "technical information," "specifications," "research data," "pulse rate," "heart rate," "optical . . . components," "structural components," "components," "surface areas," "adhesives," "physiological parameter," "heart rate algorithms," "development," "first heart rate metrics," "first technique," "first period," "second heart rate metrics," "second technique," "second period," "changes in collecting heart rate metrics," "change in operating mode," and "user input."  Please confirm Apple will interpret these terms and phrases according to their plain and ordinary meaning and produce responsive documents accordingly.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Products Not Identified in the Complaint:**  Apple objects to Plaintiffs RFPs 63-72, 74, 76, 78-84, 86, 87, 97, 100-109, and 131-134 to the extent that they seek "documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement."  Apple is incorrect that products not specifically accused of infringement are not relevant to this litigation.  For example, the features of the Series 1 Watch are relevant to this case at least because a comparison between the Series 1 Watch and the Series 3 and later watches may be relevant to showing the value of the features in the later watches.  Apple also objects to RFP 85 because it requests documents related to "Defendant's products" and Apple claims that this term is "undefined and appears to seek documents related to products that are not relevant to this litigation."  This RFP requests documents "referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any <u>physiological parameter</u>, for use in Defendant's products."  This request is clear and seeks relevant documents.  Please confirm Apple is not relying on and does not intend to rely on these objections to withhold relevant documents.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple objects to Plaintiffs' RFPs 63-73, 75, 79, 80, 82-84, 97, 100-105, 107, and 131-134 as overbroad and unduly burdensome because they are not "limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents."  As a preliminary matter, Plaintiffs have not yet served their infringement contentions because the Court extended Plaintiffs' deadline to do so.  To the extent Apple's objection is based on Plaintiffs' preliminary contentions that were limited to public information only, that is improper.  Further, as discussed above, Apple is incorrect that products not accused of infringement cannot be relevant to this litigation.  Please confirm Apple is not using this objection as a basis to withhold requested discovery.

**Public Documents**:  Apple objects to Plaintiffs' RFPs 61-96, 104, 110- 112, 114-121, 126-129, 133, 134, 136-142, and 145-147, to the extent they seek "information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive."  To the extent Apple intends to withhold documents within Apple's possession, custody, or control based on this objection, that is improper.  Please confirm

# Knobbe Martens

Apple is not withholding and does not intend to withhold public documents within Apple's possession, custody, or control.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  In addition to the issues identified above, Apple has indicated that it only "agrees to produce documents related to the technical features accused of infringement" for these RFPs.  As the parties have discussed, this objection is improper.  Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  In addition to the issues identified above, Apple has requested that the parties meet and confer on the scope of these requests.  Plaintiffs believe that the scope of these requests is appropriate, but are willing to meet and confer.  So that the parties can have a productive discussion, please provide Apple's position on what documents it is willing to provide in advance of the parties' meet and confer.

**Plaintiffs' RFPs 80-82, 101, 136:**  In addition to the issues identified above, Apple's objections limit its production of documents responsive to these RFPs to documents identified in a "search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties."  As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97:**  In addition to the issues identified above, Apple contends that these requests are "overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request."  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.  Further, Plaintiff's believe that the scope of these requests is appropriate but are willing to meet and confer both on these requests specifically and on ESI more generally as discussed below.

**Plaintiffs' RFPs 91, 129, and 136:**  In addition to the issues identified above, Apple objects to these requests because they seek any or all communications that Apple contends "will be negotiated and produced pursuant to the ESI Order in this case."  Plaintiffs do not understand this objection or its basis.  Please explain this objection and confirm that Apple is not relying on and does not intend to rely on this objection to withhold any requested discovery.

**Plaintiffs' RFPs 98 and 99:**  In addition to the issues identified above, Apple has indicated that it "is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information."  These RFPs relate to forecasts and projections that are prepared in the ordinary course of business.  Thus, there is no need to wait for a future mutual exchange of generated financial spreadsheets.  However, Plaintiffs are willing to meet and confer.  So that the parties can have a productive discussion, please explain Apple's position on these RFPs prior to the meet and confer.

**Plaintiffs' RFPs 132 and 144:**  In addition to the issues identified above, Apple has stated that it will not produce documents responsive to these requests because "Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be

Exhibit 3
-42-

located after a reasonably diligent search."  Plaintiffs find it difficult to believe that a company the size of Apple does not have documents showing Apple's organizational structure or the reporting and supervisory obligations of various employees.   Apple should produce documents providing the requested information, regardless of whether Apple internally labels these documents as "organizational charts."  Please confirm Apple will produce such documents.

### Compliance with ESI Order

Pursuant to Section 1 of the ESI order, the parties agreed to exchange proposed custodians "who are knowledgeable about and were involved with the core issues or subjects in this case" in connection with the meet and confer process on ESI.  Moreover, as discussed above, Apple has referenced and conditioned its production of documents with reference to its production of ESI.  Plaintiffs propose that the parties exchange proposed custodians on October 15.  Please let us know if Apple agrees.  If Apple does not agree, please propose another date for this exchange.

### Apple's Deficient Document Production

To date, Apple has produced approximately 1,000 documents.  Apple has failed to produce responsive documents even as to RFPs as to which it committed to produce documents months ago. Please let us know when Apple will make substantial document productions.

### Plaintiffs Interrogatories Nos. 1 and 6-10

**Plaintiffs' Interrogatory No. 1:**   This interrogatory requests details on Apple's non-infringement positions.  Apple previously indicated it would provide a full response to Interrogatory No. 1 after Plaintiffs provide infringement contentions.  Under the new schedule proposed by the Parties, Plaintiffs' infringement contentions are due November 13, 2020.  Plaintiffs request that Apple will provide a full response by December 7, 2020.  Please confirm Apple will do so.

**Plaintiffs' Interrogatory No. 7:**   This interrogatory requests details on the design and development of the Apple Watch.  Apple's response is woefully deficient and provides little of the requested information.  Please confirm that Apple will supplement its response by October 8

**Plaintiffs' Interrogatory No. 8:**   This interrogatory requests details on the design and development of the product software related to physiological monitoring for each Apple Watch product. Again, Apple's response is woefully deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 9:**   This interrogatory requests details on the operation of the pulse rate algorithm associated with each of the Apple Watches.  Yet again, Apple's response is deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 10.**   This interrogatory requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor. Apple's response requests a meet and confer to discuss the relevance of the information sought by Plaintiffs.   This interrogatory clearly seeks relevant information and Apple needs to provide a

**Knobbe Martens**                                                           Page 6

substantive response.  So that the parties can have a productive discussion, please explain Apple's position prior to the meet and confer.

### Invalidity Contentions and Plaintiffs' Interrogatory No. 2

Apples' invalidity contentions are woefully deficient.  Apple was required, among other things, to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."  Apple's invalidity contentions failed to provide the necessary obviousness analysis and instead asserts that Apple may rely on any potential combination of its identified references for any potential claim.  This amounts to billions of potential combinations.  Apple also fails to provide any evidence or reasoned explanation on how or why limitations missing in any particular reference would be obvious to a person of ordinary skill in the art.  Please confirm Apple will immediately provide proper invalidity contentions.

Plaintiffs' Interrogatory No. 2 asks for Apple's invalidity positions in this case, including an explanation of why it would have been obvious to combine the prior art references on which you rely in alleging obviousness.  Apple has previously taken the position that it will provide a response to this interrogatory "in accordance with the Scheduling Order entered in this case."  Apple has served invalidity contentions, but as discussed above, those contentions are deficient.  Please confirm that Apple will fully respond to interrogatory number two, including an identification of the specific prior-art combinations on which Apple will rely and an explanation of why it would have been obvious to combine such references.

### Apple Watch Series 6 and SE

Apple recently released the Apple Watch Series 6 and Series SE.  We notified you that these products are accused of infringement in this case.  Moreover, Plaintiffs' definition of "Accused Products" and "Apple Watch Products" encompass both of these products.  Please confirm that, as to each of Plaintiffs' RFPs, Apple will provide the requested discovery as to the Apple Watch Series 6 and Series SE.

### Apple's Refusal to Comply with Paragraph 4.5 of the Protective Order

Apple has inappropriately refused to produce documents contained in the "docs" subdirectory with respect to AppleRTPFirmware-115.9.  Per Paragraph 4.5 of the Protective Order, Apple must produce these documents.  Apple incorrectly claims it is entitled to redact the entirety of the documents under the Protective Order.  The Protective Order allows Apple to redact only the portions that "contain *specific* descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be *narrowly applied*."  The documents contained in the "docs" subdirectory for AppleRTPFirmware-115.9 extend well beyond "specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters)."  Please confirm that Apple will produce these documents.

Please let us know your availability to meet and confer pursuant to L.R. 37-1, to address the issues in this letter.  Please also provide the responses requested by this letter before the meet and confer.  In addition, please confirm Plaintiffs may record the parties' meet and confer.

# Knobbe Martens

Best regards

Stephen W. Larson

32796726

Exhibit 3
-45-

# EXHIBIT 4

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

October 17, 2020

<u>VIA E-MAIL (STEPHEN.LARSON@KNOBBE.COM)</u>

Stephen Larson
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor
Irvine, CA 92614

Re:   <u>Masimo Corp. et al. v. Apple, Inc., C.A. 8:20-cv-00048 (C.D. Cal.)</u>

Dear Steve:

I am writing in response to your letter dated October 1, 2020.  In view of the Court's October 14, 2020 Order granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations in your letter are moot, and thus Apple has not responded to those issues.

Your letter raised a kitchen-sink list of objections to three rounds of Apple's discovery requests (the most recent of which were served seven weeks prior to your letter), as well as a host of other issues.  In the interest of accommodating Plaintiffs' request for a letter and meet and confer on these topics, Apple provides this response.  However, it continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' October 1 letter that are not addressed in this letter.

**<u>Plaintiffs' First and Second Set of Requests For Production (RFP Nos. 1-60)</u>**

**<u>"Apple's Improper Exclusive Reliance on Custodians and Search Terms":</u>**  Plaintiffs request that Apple identify whether it has identified any RFPs that may be satisfied by use of search terms and custodians alone.  Apple responds that it has identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as RFPs where it intends to use search terms and custodians to identify responsive documents.

**<u>Plaintiffs' RFP Nos. 5-8, 10-11, and 26-27:</u>**  Apple has objected to some or all of these RFPs on grounds other than Plaintiffs' failure to comply with Section 2019.210, including for example Plaintiffs' failure to provide any temporal scope for these RFPs and the overbroad nature of these RFPs, which seek documents with no relevance to any claim or defense in this case and publicly available documents.  *See, e.g.*, May 26, 2020 Letter from I. Samplin to M. Kachner, at 7–8.  Thus, your assertion in your letter that Apple is withholding documents "solely" based on its Section 2019.210-related objection is incorrect.

**Exhibit 4
-46-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 2

In addition, Plaintiffs have argued for months that these RFPs relate to their patent infringement claims, as the Court noted.  Dkt. No. 79 at 2 ("Plaintiffs argued that RFP Nos. 5-25 seek patent discovery." (citing Dkt. No. 43-1 at 4, 34, 36)); 6/23/2020 Kachner to Samplin letter.  Moreover, Judge Early found that one of these RFPs (RFP 8) "seek[s] some of the same categories of information Plaintiffs allege as their trade secrets," and even then is still "relevant to patent issues, including infringement," as Plaintiffs themselves argued.  Dkt. No. 54 at 8 (citing Dkt. No. 43-1 at 34); *see also* Dkt. No. 79 at 4.  As explained above, on October 14, 2020, the Court stayed the patent infringement case, which includes discovery related to those claims.  Thus, your issues related to these RFPs are moot on that basis alone, and Apple is not obligated to respond to these requests until the patent infringement case is resumed.

Even if these RFPs constitute trade secret discovery—and Plaintiffs have made clear their position that they do not—Plaintiffs' October 9, 2020 attempt at a Section 2019.210 statement is deficient, and thus does not comply with Section 2019.210.  Accordingly, Apple will maintain its objection to these RFPs until Plaintiffs serve an adequate Section 2019.210 disclosure.

**Plaintiffs' RFP No. 9:**  As explained above, Plaintiffs have consistently argued for months that this Request is "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to this Request are moot, and Apple is not obligated to respond to this Request until the Court lifts the stay.

In addition, to the extent this Request constitutes trade secret discovery—and not only have Plaintiffs consistently argue that it does not, this Request is also not one of the four that the Court found related to "some of the same categories of information Plaintiffs allege as their trade secrets" (Dkt. No. 54 at 8)—Plaintiffs.  have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to this Request because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Plaintiffs' RFP Nos. 12-25:**  As explained above, Plaintiffs have consistently argued for months that these RFPs are "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to these RFPs are moot, and Apple is not obligated to respond to these RFPs until the Court lifts the stay.

In addition, to the extent these RFPs constitutes trade secret discovery—and Plaintiffs have consistently argued that they do not—Plaintiffs have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to these RFPs because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Exhibit 4**
**-47-**

## GIBSON DUNN

Stephen Larson
October 17, 2020
Page 3

### Plaintiffs' Third Set of Requests For Production (RFP Nos. 61-147)

**Section 2019.210:**  Apple does not understand your issue concerning these RFPs.  In its August 17, 2020 Objections and Responses to Plaintiffs' Third Set of RFPs, Apple stated for each of these RFPs that "based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210."  Thus, Apple has agreed to produce responsive documents that are not related solely to Plaintiffs' trade secret misappropriation claim.[1]  Discovery of "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim" is stayed pending Plaintiffs' compliance with Section 2019.210.  Dkt. No. 37 at 1.  As explained in our recent correspondence, Plaintiffs have not yet complied with Section 2019.210, so Apple stands by this objection.

**"Temporal Scope":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs lack a temporal limitation.  Apple confirms that it is not withholding documents based on this objection.  As Apple explained previously, temporal limitations for discovery requests are standard—particularly requests propounded by plaintiffs who have superior knowledge of the relevant time periods at issue.  Plaintiffs are in the best position to propose time period limitations here.  Upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Undefined Terms":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs use vague or ambiguous terms or phrases.  Apple confirms that it is not withholding documents based on this objection.  Apple is not refusing to produce responsive documents on the basis that any terms or phrases are "vague, ambiguous, overly broad, and unduly burdensome." Apple confirms that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs when searching for responsive documents.

**"Public Documents":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs seek information already in Plaintiffs' possession or information that is obtainable from another source.  Apple confirms that it is not withholding documents based on this objection.  To the extent a reasonable search yields publicly available documents responsive to Plaintiffs' RFPs, Apple will

---

[1]  To the extent these RFPs seek documents that are relevant to Plaintiffs' patent infringement claims, patent discovery has been stayed by the Court's October 14, 2020 Order (Dkt. No. 220).

**Exhibit 4**
**-48-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 4

produce them, but it will not specifically search for publicly available documents as those
documents are just as easily available to Plaintiffs. Apple also notes that Plaintiffs made this
same objection to Apple's RFP Nos. 15, 31, 38, 39, 42, 43, and 47, and the approach to
public documents should be reciprocal.

**Plaintiffs' RFP Nos. 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Plaintiffs request that
Apple provide its position with regards to these RFPs in advance of the parties' meet and
confer.

Apple objects to RFP Nos. 67-69 and 88 because they are irrelevant to the issues in the
present action and not reasonably calculated to lead to the discovery of admissible evidence.
Indeed, it is unclear how documents related to FDA correspondence or approval (RFP Nos.
67-79) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation.

Apple objects to RFP Nos. 88, 101, 122, 128-130, and 133-135 because they are overly
broad and unduly burdensome and not reasonably tailored to the issues in this case.  As a
result, these RFPs seek documents nor proportional to the needs of the case.   However,
Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through
these overbroad requests, as Apple may be willing to agree to provide certain documents if
Plaintiffs are willing to narrow the scope of the requests.

Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in
the disputed patents."  As previously explained, the language of this Request requires Apple
to draw a legal conclusion in order to respond.  Apple is willing to meet and confer to discuss
the scope of this request.  However, Apple is willing to meet and confer to discuss what
specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing
to agree to provide certain documents if Plaintiffs are willing to narrow the scope of the
requests.

**Plaintiffs' RFP Nos. 80-82, 101, 136:**  Plaintiffs request that Apple confirm that it will
perform a reasonable search for and produce the documents requested by these RFPs.  As
explained above, Apple has identified RFP Nos. 80-82 and 136 as RFPs whose discovery
obligations are met by a search of (i) the files of specific custodians negotiated between the
parties, whose files are in the possession, custody, or control of Apple and (ii) specific search
terms negotiated between the parties.  Plaintiffs' inclusion of RFP No. 101 in this list is
nonsensical, as Apple did not identify RFP No. 101 as an RFP for which it intends to use
search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 89-97, 129, and 136:**  Apple maintains that these RFPs are overly
broad and unduly burdensome, and the use of search terms and custodians to identify
responsive documents is the reasonable and proportional way of identifying responsive

**Exhibit 4**
**-49-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 5

documents.  However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to perform searches for certain documents if Plaintiffs are willing to narrow the scope of the requests.

**Plaintiffs' RFP Nos. 132 and 144:**  Plaintiffs request that Apple produce organizational charts responsive to their RFPs.  Apple maintains its objection.  As noted in Apple's Responses to these RFPs, Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be located after a reasonably diligent search.

### "Compliance with ESI Order"

Apple believes that the exchange of custodians at this stage in the case is premature and inappropriate.  Indeed, and as discussed above, Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer.  Apple also contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur.

### "Apple's Deficient Document Production"

As Apple's investigation of the facts relevant to this litigation is ongoing and, while its efforts to identify responsive documents are ongoing, its ability to collect certain documents relevant to the issues in this case has been hindered by Plaintiffs inability to provide a sufficient disclosure of its trade secrets.  Apple will continue to produce documents on a rolling basis, as it has been doing since the outset of discovery.

*       *       *

Apple is available to meet and confer with Plaintiffs, as requested by your October 1, 2020 letter, on the following days and times:  Tuesday October 20 between 9am and 10am PT; Wednesday October 21 between 9:30am and 11am PT; and Thursday October 22 between 10am and 11:30am PT.  Please let us know if any of those times work for you.

With respect to your request for confirmation that "Plaintiffs may record the parties' meet and confer," Apple is amenable to recording the meet and confer.  If Plaintiffs would like to record the meet and confer, please arrange for a court reporter to transcribe the call.

**Exhibit 4**
**-50-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 6

Sincerely,

Brian K. Andrea

**Exhibit 4**
**-51-**

# EXHIBIT 5

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

November 16, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your October 17, 2020 letter, and pursuant to Local Rule 37-1 to address various ongoing discovery issues and request a meet and confer.  Apple's letter did not address Plaintiffs' requests for Apple's positions on numerous issues.

### Apple's Reliance on Custodians and Search Terms

Apple has now identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as the only RFPs as to which it intends to solely use search terms to identify responsive documents.  Plaintiffs disagree that Apple can satisfy its discovery obligations as to these requests through ESI searching alone.  For example, RFP 26 requests "[a]ll documents and things identified in, and/or relevant to the subject matter of Apple's responses to Plaintiffs' Interrogatories, including any and all supplements and amendments thereto."  At a minimum, as part of a reasonable search, Apple should identify all the documents it cited in its responses to Plaintiffs' interrogatories and consult with relevant Apple employees that may have other documents responsive to this request.  As another example, RFP 89 requests "[a]ll documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology."  As part of a reasonable search, at a minimum, Apple should consult with relevant employees to identify responsive documents as well as determine whether Apple currently and/or in the past has maintained files or folders containing responsive documents.  Apple should take a similar approach to identify documents responsive to the other RFPs separate and apart from ESI searching.   Please confirm Apple will do so.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' letter requested that Apple identify when it would produce responsive documents.  Apple did not respond.  Please identify Apple's positions as to these RFPs.  To the extent that Apple is asserting that it need not provide responsive documents due to the recent stay of the patent case, Apple should have collected and produced responsive documents months ago and long before the stay.  Regardless, many of these requests seek discovery that is relevant to claims that have not been stayed.  For example, RFP 51 requests year-end financial statements that

# Knobbe Martens

are relevant to Plaintiffs' non-patent claims.  Please provide Apple's position as to RFPs 1, 3, 4, 34, 40, 51, and 59.

**Plaintiffs' RFPs 5-27:**  Apple asserts that it need not respond to these requests because the Court stayed the patent infringement case and because Plaintiffs have purportedly not yet served an adequate 2019.210 statement.  Plaintiffs disagree on both points.  First, Plaintiffs 2019.210 statement is adequate.  Indeed, Plaintiffs recently revised their Section 2019.210 statement to address Apple's purported concerns and Apple has failed to identify any specific deficiency.  Second, Apple ignores that it repeatedly argued that documents requested by these RFPs relate to Plaintiffs' trade secret requests.  Indeed, both parties acknowledged these RFPs could be relevant to *both* trade secrets and patents.  As such, Apple cannot use the stay to avoid producing responsive documents.  Moreover, Judge Early, found that at least RFPs 8 and 12-14 seek "some of the same categories of information Plaintiffs allege as their trade secrets."  RFP 26, which requests documents related to Apple's interrogatory responses, also clearly seeks documents related to Plaintiffs' non-patent claims.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  In our previous letter, we requested that Apple identify each RFP in response to which Apple is withholding documents based on its section 2019.210 objection.  Apple did not respond.  Plaintiffs are entitled to understand the objections upon which Apple is relying to withhold documents in response to each of Plaintiffs' RFPs.  Plaintiffs request again that Apple provide this information so that the parties can have a productive meet and confer.

**Temporal Scope:**  Apple confusingly asserts "it is not withholding documents based on this objection" while also stating that "[u]pon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period."  Plaintiffs disagree with this approach.  Unless a time frame is specified in a RFP, Apple should produce all documents responsive to that RFP that are obtained after a reasonable search.  To the extent that Apple is limiting its production to a certain time period, Apple should identify such limitations for each RFP so that the parties can conduct a productive meet and confer.

**Products Not Identified in the Complaint:**  Apple did not respond to Plaintiffs' letter regarding this issue.  Please provide Apple's position.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so the parties can have a productive meet and confer.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple did not respond to Plaintiffs' letter regarding this issue.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so that the parties can have a productive meet and confer.

**Public Documents:**  Apple asserts that it is not withholding documents based on this objection. However, Apple also asserts that "it will not specifically search for publicly available documents as those are equally available to Plaintiffs."  Apple cannot unilaterally refuse to search for and produce documents merely because it contends the documents are publicly available elsewhere, particularly without informing Plaintiffs what documents it is refusing to search for.  So that the parties can conduct

Exhibit 5
-53-

# Knobbe Martens

a meaningful meet and confer, please identify the categories of documents that Apple contends are publicly available and that Apple contends it need not search for and produce.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple did not respond to our letter on this issue.  Please provide Apple's position.  To extent Apple contends that it need not respond to these RFPs because the patent case is stayed, Apple is incorrect.  For example, RFP 70 requests documents related to the clinical trials of the Apple Watch, which are relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plans and strategies for interacting with hospitals.  RFP 70 seeks technical documents relevant to many issues in this case.  RFP 71 requests documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products, which is a general RFP that relates to all of Plaintiffs' non-patent claims and will allow Plaintiffs to evaluate proposed custodians for ESI searching.  Please provide Apple's position on these RFPs.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  We disagree with Apple's positions on these requests.  First, Apple's letter claims it is unclear "how documents related to FDA correspondence or approval (RFP Nos. 67-69) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation."  FDA correspondence and approval, however, are at least relevant to the timing of when various features were incorporated into Apples devices.  They are also relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plan and strategies for interacting with hospitals.  These RFPs also seek technical documents relevant to many other issues in this case.

Second, Apple again claims that RFP Nos. 88, 101, 122, 128-130, and 133-135 are overly broad and unduly burdensome.  However, Apple does not explain why.  Apple should provide its position so that the parties can have a productive meet and confer.

Third, Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in the disputed patents" because the "language of this Request requires Apple to draw a legal conclusion in order to respond."  Apple need not draw a legal conclusion to produce relevant discovery.  Apple should interpret the phrase "subject matter disclosed or claimed in the disputed patents" according to its plain and ordinary meaning.

**Plaintiffs' RFPs 80-82, and 136:**  Apple continues to identify RFPs 80-82 and 136 as RFPs "whose discovery obligations are met by a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple and (ii) specific search terms negotiated between the parties." As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching for these RFPs.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97, 129 and 136:**  Apple continues to identify these RFPs as RFPs where it intends to solely use search terms and custodians to identify responsive documents.  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Apple also argues that these RFPs are overly broad and unduly burdensome.  However, Apple does not explain why.  Please provide your position so that the parties can have a productive discussion at the meet and confer.  Finally, Apple continues to object to RFPs 91, 129, and 136 because they seek "'any

Exhibit 5
-54-

# Knobbe Martens

communications,' which will be negotiated and produced pursuant to the ESI Order in this case." Plaintiffs' letter asked Apple to explain this objection, but Apple did not do so.  Please explain.

**Plaintiffs' RFPs 98 and 99:**  Apple did not respond to Plaintiffs' letter regarding this issue. Please provide Apple's position.

**Plaintiffs' RFPs 132 and 144:**  Apple continues to assert that it does not have organizational charts.  Please identify what documents Apple maintains that show Apple's organizational structure or the reporting and supervisory obligations of various employees, regardless of whether they are labeled as organization charts.

## Compliance with ESI Order

In the stipulated ESI Order, the parties agreed to "provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case" in conjunction with a meet and confer on ESI.  Apple asserts it is "premature" to do so because "Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer."  Plaintiffs provided an adequate section 2019.210 statement, however, and have responded to Apple's discovery.  Further, in the parties' October 27, 2020, Joint Stipulation, Apple agreed "that it will not use the fact that it has not yet Answered as a basis for refusing to provide or delaying providing discovery."  Thus, it is not premature for the parties to begin the stipulated process to agree on search terms and custodians.  Apple further "contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur."  The stipulated ESI Order, however, does not require this.  Please confirm that Apple will proceed in accordance with the stipulated ESI Order.

## Apple's Deficient Document Production

Apple claims it will produce documents on a rolling basis, but has produced less than 1400 documents.  Apple has not produced responsive documents even as to RFPs as to which it committed to produce documents months ago.  Moreover, Apple agreed to produce the documents identified in its initial disclosures almost four months ago, but has not produced the documents, including documents concerning Apple's conception, reduction to practice, diligence, ownership, marketing, sales, development, operation, regulation, and implementation of the inventions claimed in the patents and patent applications at issue in Plaintiffs' Correction of Inventorship and Declaratory Judgment claims. Please let us know when Apple will make substantial document productions.

## Plaintiffs' Interrogatories Nos. 7-10

As explained in Plaintiffs' letter, Interrogatories 7-9 request details on the design and development of the Apple Watch.  Apple's responses are woefully deficient and provides little of the requested information.  Apple did not respond to Plaintiffs' letter on this topic.  To the extent Apple contends that it need not respond to these interrogatories because the patent case is stayed, Apple is incorrect.  The requested information is relevant to Plaintiffs' non-patent claims at least to show when Plaintiffs' trade secrets were incorporated into the Apple Watch and to show if Apple in fact invented

Exhibit 5
-55-

# Knobbe Martens

any of the subject matter claimed in the disputed patents.  Please confirm that Apple will supplement its response by December 2, 2020.

Interrogatory 10 also requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor.  Apple's response requested a meet and confer to discuss the relevance of this interrogatory.  Plaintiffs' letter asked Apple to explain its position, but Apple did not respond.  Again, to the extent that Apple contends that it need not respond to this interrogatory because the patent case is stayed, Apple is incorrect.  The requested information is relevant, for example, to any contention by Apple that it independently derived Plaintiffs' trade secrets and to any contention by Apple that it invented any of the subject matter claimed in the disputed patents.  Apple should explain its position on Interrogatory 10 so the parties can have a productive meet and confer.

## Apple Watch Series 6 and SE

Plaintiffs' letter requested that Apple confirm that it will not withhold documents on the Apple Watch Series 6 and SE now that those products are released.  Apple did not respond.  Please confirm that Apple will provide Plaintiffs' requested discovery as to the Apple Watch Series 6 and Series SE.

Best regards,

Stephen W. Larson

32796726

Exhibit 5
-56-

# EXHIBIT 6

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

November 25, 2020

VIA E-MAIL

Stephen W. Larson
Knobbe, Martens, Olson & Bear, LLP
2040 Main St., 14th Fl.,
Irvine, CA 92614
Stephen.Larson@Knobbe.com

Re:   *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Steve:

I write in response to your letter dated November 16, 2020.

As an initial matter, Apple notes that many of the "issues" identified in Plaintiffs' letter, including but not limited to the sections of Plaintiffs' letter labeled "Plaintiffs' RFPs 5-27," "Section 2019.210 Statement," "Plaintiffs' RFPs 63-65, 70-85, and 87," "Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135," "Plaintiffs' RFPs 98 and 99," "Plaintiffs' RFPs 98 and 99," "Plaintiffs' Interrogatories Nos. 7-10," and "Apple Watch Series 6 and SE," concern the parties' disagreement as to whether or not Plaintiffs' requests seek discovery related to their trade secret allegations. As Plaintiffs are aware, discovery from Apple related to Plaintiffs' trade secret allegations has been stayed pending Plaintiffs' compliance with Section 2019.210. (Dkt. No. 37). As we already informed you, Plaintiffs' November 6 amended disclosure remains deficient, and therefore does not comply with Section 2019.210. *See* 11/12/2020 Samplin to Powell Ltr. Accordingly, Apple maintains its objection to producing any discovery that is solely related to Plaintiffs' trade secret allegations. *See* Cal. Civ. Code § 2019.210. If Plaintiffs provide a Section 2019.210-complaint disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of Plaintiffs' discovery requests.

## "Apple's Reliance on Custodians and Search Terms"

Apple is willing to remove RFPs 26, 89-97, and 117 from its list of RFPs that may be satisfied through the use of search terms and custodians alone. For each of these RFPs, Apple will perform a reasonable search beyond search terms and custodians to locate information responsive to such RFPs, to the extent such documents exist.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**Exhibit 6**
**-57-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 2

Apple maintains its position as to RFPs 31, 32, 80-82, 128, 129, and 136.  These RFPs are exceedingly broad in scope, and thus targeted searches for responsive documents without search terms and custodians are unreasonable, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs specifically request clarification of Apple's objection to RFPs 91, 129, and 136 because they seek "'any communications.'"   As Plaintiffs are aware, communications such as email will be located and produced pursuant to the ESI Order in this case.    Accordingly, Apple will use search terms and custodians to locate "any communications" responsive to these RFPs that may exist.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' RFPs 1, 3, 4, 34, 40, and 59 are directed to Plaintiffs' patent infringement allegations and seek discovery that is relevant only to claims that have been stayed.  Apple is not obligated to respond to these requests unless and until the patent infringement case is resumed.  Regarding Plaintiffs' RFP 51, Apple agrees to produce all Apple year-end SEC financial statements and/or annual reports from 2015 to the present.

**Plaintiffs' RFPs 5-27:**  To the extent Plaintiffs' RFPs 5-27 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  And even if Plaintiffs are correct that these RFPs *also* relate to patents, the patent infringement case is stayed—and, therefore, Apple has no obligation to produce responsive documents based on Plaintiffs' purported patents justification.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as it pertains to the trade secret claim.

### Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210 Statement:**  Apple is withholding documents responsive to Plaintiffs' RFPs 61-109, 122-25, and 130-47 based on its Section 2019.210 objection.  To the extent these RFPs are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.  With respect to RFPs 110-121 and 126-129, Apple agrees to produce responsive documents, subject to its objections, to the extent any such documents exist and can be located after a reasonable search.

**"Temporal Scope":**  Without temporal limitations, the scope of certain RFPs are overbroad and irrelevant to the issues in the present action.  For example, Plaintiffs' RFP 106 requests "All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology," and RFP 133 requests "Documents sufficient to identify any legal proceeding involving any of the Apple Watch Products."  These Requests are not sufficiently

**Exhibit 6**
**-58-**

Stephen W. Larson
November 25, 2020
Page 3

tailored to lead to the discovery of admissible evidence.  Plaintiffs, with superior knowledge of the relevant time periods at issue, are in the best position to propose time period limitations. Apple maintains its position that upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Products Not Identified in the Complaint":**  The RFPs for which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**"Not Limited to the Publicly Released Apple Watch Series 3-5 Devices":**  The RFPs for which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**"Public Documents":**  Apple agrees not to withhold documents solely on the grounds that they are easily available to Plaintiffs.  Apple will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Plaintiffs' RFPs 63-65, 70-85, and 87 are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' issues with Apple's responses to these RFPs are moot,.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  To the extent RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

Exhibit 6
-59-

# GIBSON DUNN

Stephen W. Larson
November 25, 2020
Page 4

**Plaintiffs' RFPs 98-99:**  To the extent that RFPs 98-99 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Plaintiffs' RFPs 132-144:**  As Apple has explained several times, Apple does not maintain formal or informal organizational charts.  In lieu of organizational charts, Apple maintains and relies upon an internal directory, but no documents responsive to these RFPs have been located in that directory following a reasonable search.

### "Compliance with ESI Order"

Plaintiffs' trade secret discovery is stayed pending compliance with Section 2019.210. Accordingly, Apple's position is that it would be inefficient and unduly burdensome to proceed with exchanging custodians and ESI until the full scope of the case has been crystallized, as opposed to proceeding with custodian and ESI exchanges related to Plaintiffs' inventorship and ownership allegations now and Plaintiffs' trade secret allegations down the road, after Plaintiffs comply with Section 2019.210.  That being said, in the interest of moving the litigation along, Apple is willing to begin the stipulated process of negotiating search terms and custodians, but reiterates its request that the parties first discuss and agree on a reasonable number of custodians before proceeding.  Plaintiffs' position appears to be that the parties can identify an infinite number of custodians, which is entirely unreasonable.

### "Apple's Deficient Document Production"

As Apple has explained previously, Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple will continue to produce documents on a rolling basis, as it has been doing.  Apple notes that its ability to search for, identify, and produce documents relevant to Plaintiffs' trade secret allegations has been hindered by Plaintiffs' failure to serve a Section 2019.210-compliant disclosure.

### Plaintiffs' Interrogatories Nos. 7-10

As noted above, to the extent these Interrogatories are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these Interrogatories.

**Exhibit 6**
**-60-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 5

<u>**"Apple Watch Series 6 and SE"**</u>

As noted above, to the extent information requested regarding the Apple Watch Series 6 and
SE is related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs
provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs
regarding the relevance and scope of Plaintiffs' discovery requests.

\*       \*       \*

Apple is available to meet and confer with Plaintiffs on the following days and times:  Tuesday,
December 1 between 11 and 12:30 pm PT or any time Thursday, December 3 after 10 am PT.
Please let us know which date and time works for you.

Sincerely,

Brian K. Andrea

Exhibit 6
-61-

# EXHIBIT 7

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 6, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to memorialize our December 1, 2020, meet and confer regarding the issues raised in our November 16, 2020, and October 1, 2020, letters.  At the end of our call, Apple agreed that it would provide its position on several issues discussed below by December 4, 2020, but we have not received Apple's position.  Please provide Apple's position on those issues as soon as possible.

## Apple's Reliance on Custodians and Search Terms

During the meet and confer, Apple admitted that it intends to limit production of **all** email communications to include only communications identified through searching custodians and search terms.  That is inappropriate.  The process outlined in the ESI Order may locate many responsive documents, but it does not provide a basis for a party to refuse to conduct a reasonable search, including by interviewing relevant custodians to identify and collect documents responsive to particular requests.

Apple indicated it would likely remove RFP 91 from its list of RFPs that it contends its searching obligations may be satisfied through the use of search terms and custodians alone, but that it would let us know.  For RFPs 80-82, Apple agreed to investigate whether it maintains a database of customer complaints, and if so, Apple would agree to search that database for responsive documents.

## Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Apple argued that RFPs 1, 3, 4, 34, 40, and 59 are stayed because they relate solely to patent discovery.  With respect to RFP 51, the parties discussed Apple's position that it would agree to produce all year-end SEC financial statements and/or annual reports from 2015 to the present.  Plaintiffs proposed that Apple agree to produce all such statements from two years prior to Michael O'Reilly leaving Masimo to the present.  Apple agreed to consider this request.

**Plaintiffs' RFPs 5-27:**  Apple acknowledged that some of these requests relate to Plaintiffs' trade secret claims, but refused to further discuss these RFPs until after it agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' Third Set of Requests For Production (RFPs 61-147)**

**Section 2019.210**:   The parties discussed Apples position that it is withholding documents responsive to RFPs 61-109, 122-125, and 130-147 based on its Section 2019.210 objection.   First, Plaintiffs pointed out that RFPs 61 and 62 specifically request documents related to claims other than trade secret misappropriation.   Apple agreed to produce documents responsive to these RFPs for claims other than patent infringement.   Second, Plaintiffs explained that RFP 71 is a general RFP intended to obtain information about who works on the Apple Watch, which is relevant to all claims.   Apple agreed to provide the identity of anyone who contributed to the Disputed Patents and was not listed as an inventor, and agreed to provide its position on the full scope of this RFP.   Third, Plaintiffs explained that RFPs 88-97 are general RFPs that request documents that are relevant at least to Plaintiffs' patent ownership claims.   Apple agreed to provide its position in writing.   Fourth, Plaintiffs explained that RFPs 122-125 relate to the patent ownership claims because they relate to Apple's practices for compensating employees for invention disclosures.   Apple agreed to perform a reasonable search and produce documents responsive to these RFPs.   Finally, Plaintiffs explained that RFPs 130-147 are general RFPs that request documents relevant to both Plaintiffs' trade secrets and ownership claims. Apple asserted that it was maintaining its Section 2019.210 objection to RFPs 130-147, but would take another look and confirm its position.

**Temporal Scope:**  Plaintiffs explained that Apple's most recent letter listed only RFPs 133 and 106 as "examples" of RFPs that Apple contends are overbroad without temporal limitations.  Plaintiffs have been asking Apple to identify each RFP that it believes should be limited to a specific time period since at least October 1, 2020.  Apple agreed to provide a list of the RFPs it believes should be limited to a specific time period.  For RFPs 133 and 106, Apple agreed to provide a specific time period that Apple planned to use to restrict its production.

**Products Not Identified in the Complaint:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Public Documents:**  Apple confirmed it is not relying on this objection to withhold documents. Apple agreed it will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 98 and 99:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Exhibit 7**
**-63-**

**Plaintiffs' RFPs 132 and 144:**  Apple agreed to investigate whether Apple's internal directory could show Apple's organizational structure or the reporting and supervisory obligations of various employees and whether some or all of the internal directory could be produced as a PDF.

<u>**Compliance with ESI Order**</u>

Plaintiffs explained that they believe the parties should begin the stipulated process to agree on search terms and custodians outlined in the ESI Order. Apple argued the parties should first agree on limiting the number of custodians to be exchanged and asked Plaintiffs to provide their position. Plaintiffs explained that Apple is the party seeking a limit, so Apple should provide its proposal.  Apple provided its proposal in an email on December 2.  Plaintiffs will respond to Apple's email separately.

<u>**Apple's Deficient Document Production**</u>

Apple refused to agree to a date by which it would make a substantial production of patent ownership and inventorship documents.  Apple argued there is no deadline for production and that this litigation is still in its early stages.  Apple argued that Plaintiffs should not expect many ownership and inventorship documents and that Apple's further production is likely to consist of a small number of patent prosecution documents.  Apple's statements confirm Plaintiffs' concerns regarding Apple's production of patent ownership and inventorship documents.

<u>**Plaintiffs' Interrogatories Nos. 7-10**</u>

Apple refused to discuss it position on these interrogatories until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

<u>**Apple Watch Series 6 and SE**</u>

Apple refused to discuss it position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

Best regards,

Adam B. Powell

**Exhibit 7**
**-64-**

# EXHIBIT 8

| | |
|---|---|
| **From:** | Andrea, Brian <BAndrea@gibsondunn.com> |
| **Sent:** | Wednesday, December 2, 2020 3:50 PM |
| **To:** | Adam.Powell |
| **Cc:** | *** Apple-Masimo; Masimo.Apple |
| **Subject:** | Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - ESI custodians |

Adam,

Further to our discussion regarding ESI custodians during the meet and confer yesterday, Apple proposes that the parties be limited to eight (8) custodians, which we believe is appropriate and a reasonable limitation for a case like this.  Of course, Apple envisions that additional custodians could be identified later in the case if good cause exists to exceed the agreed limitation.  Please let us know if Plaintiffs are willing to agree.

Best regards,
Brian

**Brian Andrea**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 8**
**-65-**

# EXHIBIT 9

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 30, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Ilissa:

We write to address certain matters in your December 9, 2020, letter as well as Apple's position on ESI custodians.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147**: We understand from your December 9, 2020, letter that Apple is withdrawing Apple's Section 2019.210 objection to RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147. We also understand that Apple is no longer withholding documents to these RFPs based on its remaining objections. Please confirm Apple will be producing documents responsive to these RFPs and inform us when Apple expects to make a substantial production.

**RFPs 122 and 133-35:** For these RFPs, Apple first claims that it is withdrawing its Section 2019.210 objection. Later in the letter, however, Apple argues that, to the extent these RFPs seek trade secret discovery, trade secret discovery is stayed and that "[i]f Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as they pertain to the trade secret claim." Please confirm that Apple is withdrawing its Section 2019.210 objection for RFPs 122 and 133-35. Please also confirm that Apple is not withholding responsive documents to RFPs 122 and 135 based on any other objection and will be producing responsive documents. For RFPs 133-134, Plaintiffs' agree that Apple's production of public complaints from legal proceedings involving the Apple Watch would satisfy Apple's obligation to respond to RFP 133. After Apple has produced these documents, Plaintiffs will further consider their position on RFP 134.

**Apple's Document Production:** During the parties' meet and confer, Apple confirmed that it would produce documents responsive to Plaintiffs' patent ownership and inventorship RFPs. However, Apple argued that Plaintiffs should not expect many documents and that Apple's production is likely to consist of a small number of patent prosecution documents. Apple now appears to have produced some of the file histories for the Disputed Patents and documents related to Apple's policy of compensating employees that file patent applications. Apple's arguments and recent production raise concerns that Apple is not adequately searching for and producing documents responsive to Plaintiffs' RFPs. For example, Plaintiffs' RFPs request documents such as:

- Any document on which Apple may or intends to rely to show (a) the alleged contribution of the named inventors to the conception or reduction to practice of the subject matter of the Disputed Patents, (b) that the named inventors satisfy the requirements to have been properly identified as inventors on the Disputed Patents; or (c) that the Disputed Patents were properly assigned to and are owned by Apple;

- Any documents that refute or otherwise relate to (a) any alleged contribution of the named inventors to the conception or reduction to practice of the subject matter of the Disputed Patents, (b) whether the named inventors satisfy the requirements to have been properly identified as inventors on the Disputed Patents; or (c) whether the Disputed Patents were properly assigned to and are owned by Apple;

- All documents reflecting work that the named inventors performed as part of allegedly inventing, developing, or reducing to practice the subject matter of the Disputed Patents, including laboratory notebooks, engineering documents, experiment or test records, communications, reports, meeting minutes, self or other evaluations, and correspondence;

- Communications from or to any named inventor regarding the subject matter of the Disputed Patents;

- Communications regarding Apple's meetings with Plaintiffs;

- All documents reflecting information exchanged between Apple and Plaintiffs, or any of their employees or independent contractors, regarding the subject matter of the Disputed Patents;

- Projections, consumer surveys, or other documents related to the value of the inventions or subject matter of the Disputed Patents; and

- The prosecution files for the Disputed Patents and related patents and patent applications, including any invention disclosures, memoranda, or other documents that provided the basis for preparation of drafts or final version of any of the patents, patent applications, or documents filed during prosecution.

Please confirm that Apple will search for and produce documents, like those listed above, that are responsive to Plaintiffs' patent ownership and inventorship RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:**  For these RFPs, Apple has refused to meet and confer on its various objections and has instead claimed that it will not meet and confer on these RFPs until Apple receives a Section 2019.210 disclosure that it deems sufficient.  As you know, Plaintiffs contend that their Section 2019.210 is more than sufficient, and no Court has held otherwise.  Nothing in the Court's stay allowed Apple to unilaterally withhold discovery based on its position on sufficiency.  Accordingly, Apple's blanket refusal to meet and confer on its objections to Plaintiffs' RFPs delays discovery and is contrary to the Local Rules.

**ESI Custodians:**  Apple has proposed that the parties be limited to eight custodians.  The ESI order does not contain any such limit.  Instead, the ESI order states that "each party shall provide a

**Exhibit 9**
**-67-**

proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, alleged misappropriation of trade secrets, the development, design and operation of the accused products, and sales, marketing and other damages-related information for the accused products)."  Pursuant to the ESI order, the parties should exchange lists of custodians who are knowledgeable about or were involved with core issues or subjects in this case.  The parties can then evaluate the proposed lists of custodians and potentially discuss whether any limitations would be appropriate.  Plaintiffs submit that the parties should exchange their lists of custodians on January 15, 2021.

Best regards,

Adam B. Powell

32796726

**Exhibit 9**
**-68-**

# EXHIBIT 11

| | |
|---|---|
| **From:** | Samplin, Ilissa <ISamplin@gibsondunn.com> |
| **Sent:** | Wednesday, December 30, 2020 3:45 PM |
| **To:** | Masimo.Apple |
| **Cc:** | *** Apple-Masimo |
| **Subject:** | Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - Motion to Compel |
| **Attachments:** | Samplin Decl. ISO MTC Rog Responses.pdf; Exhibits to Samplin Decl. ISO Mot. to Compel Supp. Rog Responses.pdf; Apple_Masimo_ Joint Stipulation re Motion to Compel Interrogatory Responses_104335382_4.DOCX |

Counsel:

Please see the attached.  We've also included highlights in Apple's portion for proposed redactions.  When you send back your portion, please likewise include proposed redactions for your portion, as well as any additional proposed redactions for Apple's portion.

Best regards,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 11**
**-88-**