JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| Plaintiffs, | **DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13** |
| v. | |
| APPLE INC., a California corporation, | Judge:      Hon. John D. Early Date/Time:  February 4, 2021 / 10:00 AM Courtroom: 6A |
| Defendants. | Discovery Cutoff:          7/5/2021 Pre-trial Conference:      3/21/2022 Trial:                          4/5/2022 |

Gibson, Dunn & Crutcher LLP

SAMPLIN DECLARATION IN SUPPORT OF APPLE'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-CV-00048-JVS (JDEx)

I, Ilissa Samplin, declare and state as follows:

1.      I am an attorney duly licensed to practice law before this Court and all courts of the State of California.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action.

2.      I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3.      I make this declaration in support of Apple's Motion to Compel Supplemental Responses to Interrogatories 6, 10, 11, and 13 (the "Motion").

4.      On April 14, 2020, Apple served its First Set of Interrogatories on Plaintiffs.  A true and correct copy of Apple's First Set of Interrogatories is attached as **Exhibit A**.

5.      On May 14, 2020, Plaintiffs submitted responses to Apple's First Set of Interrogatories.  A true and correct copy of Plaintiffs' Responses to Apple's First Set of Interrogatories is attached as **Exhibit B**.

6.      On May 26, 2020, I sent a letter to Perry Oldham, counsel of record for Plaintiffs, explaining the reasons why Plaintiffs' May 14, 2020 interrogatory responses were deficient and requesting a conference of counsel pursuant to Local Rule 37-1.  A true and correct copy of my May 26, 2020 letter to Mr. Oldham is attached as **Exhibit C**.

7.      On June 3, 2020, the parties met and conferred in good faith pursuant to Local Rule 37-1 regarding the deficiencies in Plaintiffs' interrogatory responses.  During that call, Plaintiffs agreed to provide amended interrogatory responses upon entry of a protective order.

8.      On June 6, 2020, I sent a letter to Mark Kachner, counsel of record for Plaintiffs, memorializing the parties' June 3, 2020 meet and confer call.  A true and correct copy of my June 6, 2020 letter to Mr. Kachner is attached as **Exhibit D**.

Gibson, Dunn & Crutcher LLP

1

SAMPLIN DECLARATION IN SUPPORT OF APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13 CASE NO. 8:20-cv-00048-JVS (JDEx)

9.      On August 14, 2020, nearly a month and a half after this Court entered a protective order, Plaintiffs served amended responses to Apple's First Set of Interrogatories.  A true and correct copy of Plaintiffs' Supplemental Responses to Apple's First Set of Interrogatories 2, 4-13, 16, and 17 is attached as **Exhibit E [filed under seal]**.

10.     On August 25, 2020, I sent another letter to Mr. Kachner noting the continued deficiencies in Plaintiffs' Supplemental Responses to Apple's First Set of Interrogatories 2, 4-13, 16 and 17, and requesting supplemental responses.   A true and correct copy of my August 25, 2020 letter to Mr. Kachner is attached as **Exhibit F [filed under seal]**.

11.     On September 4, 2020, the parties met and conferred in good faith pursuant to Local Rule 37-1 regarding the deficiencies in Plaintiffs' Supplemental Responses to Apple's First Set of Interrogatories 2, 4-13, 16, and 17.  On that call, Plaintiffs agreed to provide further amended interrogatory responses and to get back to me with information about the timing for those amended responses.

12.     On September 9, 2020, having heard nothing from Plaintiffs, I followed up with Mr. Kachner via email, recapitulating the parties' September 4, 2020 call and requesting a response on the timing of Plaintiffs' amended interrogatory responses.  A true and correct copy of my email to Mr. Kachner is attached as **Exhibit G**.

13.     On September 11, 2020, Mr. Kachner responded to my September 9 email by letter.  A true and correct copy of Mr. Kachner's September 11, 2020 letter to me is attached as **Exhibit H**.

14.     On September 28, 2020, I responded to Mr. Kachner's September 11, 2020 letter, objecting to Plaintiffs' delay in providing supplemental interrogatory responses. A true and correct copy of my September 28, 2020 letter to Mr. Kachner is attached as **Exhibit I**.

15.     On October 16, 2020, Plaintiffs served additional Supplemental Responses to Apple's First Set of Interrogatories 6, 10 and 11.  A true and correct copy of Plaintiffs'

2

SAMPLIN DECLARATION IN SUPPORT OF APPLE'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-cv-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

October 16, 2020 Supplemental Responses to Apple's First Set of Interrogatories 6, 10 and 11 is attached hereto as **Exhibit J [filed under seal]**.

16.    On November 9, 2020, I wrote a letter to Mr. Kachner regarding the continued deficiencies in Plaintiffs' October 16, 2020 supplemental interrogatory responses and requesting a conference of counsel pursuant to Local Rule 37-1.  A true and correct copy of my November 9, 2020 letter to Mr. Kachner is attached as **Exhibit K [filed under seal]**.

17.    On November 18, 2020, the parties met and conferred in good faith pursuant to Local Rule 37-1 regarding the continued deficiencies in Plaintiffs' interrogatory responses, but could not resolve the dispute.

18.    On November 24, 2020, I received a letter from Mr. Kachner about Plaintiffs' supplemental interrogatory responses.  A true and correct copy Mr. Kachner's November 24, 2020 letter is attached as **Exhibit L [filed under seal]**.

19.    I responded to Mr. Kachner's November 24, 2020 letter on November 27, 2020.  A true and correct copy of my November 27, 2020 letter to Mr. Kachner is attached as **Exhibit M [filed under seal]**.

20.    On December 7, 2020, Mr. Kachner sent me another letter, explaining that Plaintiffs were refusing to supplement their Interrogatory responses further.  A true and correct copy of Mr. Kachner's December 7, 2020 letter to me is attached as **Exhibit N [filed under seal]**.

21.    A true and correct copy of the document bearing the bates stamp MASA00081212–25, produced by Plaintiffs on July 24, 2020, is attached hereto as **Exhibit O [filed under seal]**.

22.    A true and correct copy of the document bearing the bates stamp MASA00081209–11, produced by Plaintiffs on July 24, 2020, is attached hereto as **Exhibit P [filed under seal]**.

Gibson, Dunn & Crutcher LLP

3

SAMPLIN DECLARATION IN SUPPORT OF APPLE'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-cv-00048-JVS (JDEx)

Executed this 30th day of December, 2020, in Los Angeles, California.

By:   _/s/ Ilissa Samplin_
        Ilissa Samplin

Gibson, Dunn &
Crutcher LLP

# Exhibit A

1
2
3
4

JOSHUA H. LERNER, SBN 220755
   jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

5
6
7

H. MARK LYON, SBN 162061
   mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

8
9
10
11

BRIAN M. BUROKER, *pro hac vice*
   bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

12
13
14

ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
   akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

15

*Attorneys for Defendant Apple Inc.*

16
17

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

18
19
20
21
22
23
24

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

        Plaintiffs,

   v.

APPLE INC.,
a California corporation,

        Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.**

Action Filed:   January 9, 2020

25
26
27
28

Gibson, Dunn &
Crutcher LLP

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Apple Inc.("Apple") hereby requests that Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") answer the following interrogatories separately, fully, in writing, and under oath within thirty (30) days of service, in the manner required by Federal Rules of Civil Procedure and in accordance with the definitions and instructions below.

## I.   <u>DEFINITIONS</u>

Notwithstanding any definition set forth below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  In these interrogatories, the following terms are to be given their ascribed definitions.

1.      The term **"Action"** refers to *Masimo Corporation et al. v. Apple Inc.*, Civil Action No. 8:20-cv-00048-JVS (JDEx), commenced on January 9, 2020.

2.      The term **"Complaint"** refers to the current operative complaint in the Action.

3.      The term **"Masimo"** refers to Masimo Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Masimo Corporation's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Masimo Corporation.

4.      The term **"Cercacor"** refers to Cercacor Laboratories, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Cercacor Laboratories, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal

1

entities, whether foreign or domestic, that are owned, partially owned, or controlled by Cercacor Laboratories, Inc.

5.      The terms **"You," "Your,"** or **"Plaintiffs,"** refer to Masimo and Cercacor, jointly or individually.

6.      The terms "**Defendant**" or "**Apple**" refer to Apple Inc.

7.      The term **"the '265 patent"** means U.S. Patent No. 10,258,265.

8.      The term **"the '266 patent"** refers to U.S. Patent No. 10,258,266.

9.      The term **"the '628 patent"** refers to U.S. Patent No. 10,292,628.

10.    The term **"the '708 patent"** refers to U.S. Patent No. 10,299,708.

11.    The term **"the '190 patent"** refers to U.S. Patent No. 10,376,190.

12.    The term **"the '191 patent"** refers to U.S. Patent No. 10,376,191.

13.    The term **"the '695 patent"** refers to U.S. Patent No. 10,470,695.

14.    The term **"the '994 patent"** refers to U.S. Patent No. 6,771,994.

15.    The term **"the '703 patent"** refers to U.S. Patent No. 8,457,703.

16.    The term **"the '776 patent"** refers to U.S. Patent No. 10,433,776.

17.    The term "**the '553 patent**" refers to U.S. Patent No. 10,588,553.

18.    The term "**the '554 patent**" refers to U.S. Patent No. 10,588,554.

19.    The terms **"Asserted Patents"** or **"Patents-in-Suit"** refer to the '265 patent, the '266 patent, the '628 patent, the '708 patent, the '190 patent, the '191 patent, the 695 patent, the '994 patent, the '703 patent, the '776 patent, the '553 patent, and the '554 patent, collectively, as well as any applications for and/or counterparts to these patents, and any other patents that You may accuse Apple of infringing in this Action, and their applications and/or counterparts.

20.    The term **"Related Patents and Applications"** refers to (i) all U.S. or foreign patents and patent applications related to the Asserted Patents or their applications by way of subject matter or claimed priority date, and (ii) any patent or patent application that claims priority to an Asserted Patent, or to which an Asserted Patent claims priority.

2

21.     The terms **"Asserted Claim"** or **"Asserted Claims"** means the claims of the Asserted Patents that Plaintiffs contend Apple has infringed and/or is infringing.

22.     The term **"Asserted Technologies"** refers to the alleged inventions claimed by the Asserted Claims.

23.     The term **"Apple Patents"** refers to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, and 10,524,671, collectively, as well as any applications for and/or counterparts to these patents, and any other of Apple's patents for which Plaintiffs may bring claims of correction of inventorship in this Action, and their applications and/or counterparts.

24.     The term **"Apple Applications"** refers to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710, 14/618,664, and 15/960,507, and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively, and any counterparts thereof, and any other of Apple's patent applications for which Plaintiffs may bring claims of ownership in this Action, and any counterparts thereof.

25.     The term "**Alleged Inventors**" refers to Messrs. Al-Ali, Diab, and Weber, as described in paragraphs 22, 227, 234, 241, 248, 255, 262, 270, 278, 286, and/or 294 of the Complaint, collectively, and any other individuals who Plaintiffs may contend in this Action should be named as inventors on the Apple Patents and Apple Applications.

26.     The terms "**Trade Secret**" or "**Trade Secrets**" means the information identified in paragraph 211 of the Complaint as alleged trade secrets and any other trade secret that Plaintiffs allege Apple misappropriated.  In referring to any information identified in paragraph 211 of the Complaint as a "Trade Secret," Apple in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in paragraph 211 of the Complaint concerning the

3

purported "Trade Secrets" satisfy Plaintiffs' obligations under California Code of Civil Procedure Section 2019.210 to describe their alleged trade secrets with reasonable particularity.

27.     The term **"Accused Products"** refers to the Apple Watch Series 4 and later devices, alone or in combination with Apple iPhones, that Plaintiffs assert infringe any of the Asserted Patents, and any other products that Plaintiffs are permitted to accuse of infringing any of the Asserted Patents in this Action.  In referring to any product as an "Accused Product," Apple in no way communicates its agreement that the product infringes the Asserted Patents.

28.     The term **"Prior art"** refers to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Asserted Patents.

29.     The term **"Licensee"** refers to any entity having a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that the entity has any rights to the Asserted Patents or Related Patents, may practice one or more claims of the Asserted Patent and/or that Plaintiffs will not file suit or otherwise enforce against that entity one or more claims of the Asserted Patent or Related Patents and Applications.

30.     The terms **"Person"** or **"Persons"** shall mean any natural person, or any business, legal or governmental entity or association, including, without limitation, the owners, officers, directors, agents, trustees, parents, or subsidiaries, affiliates, assignees, predecessors, and successors of such entities or associations and/or natural persons.

31.     The term **"Communication"** shall mean every manner of disclosure, transfer, or exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

32.     The terms **"Document"** or **"Documents"** is used in the most comprehensive and broadest sense permitted by the Federal Rules of Civil Procedure

4

26 and 34, and specifically includes electronically stored information and every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence.  A draft or non-identical copy is a separate Document within the meaning of this term.

33.     The terms **"Thing"** or **"Things"** are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

34.     The term **"each"** shall mean each and every.

35.     The term **"any"** shall include the word "all," and vice versa.

36.     The terms **"and," "or,"** and **"and/or"** shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

37.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine or neutral form shall include all of the other genders.

38.     The use of the term "**the**" shall not be construed as limiting the scope of any interrogatory.

39.     References to **"employees," "officers," "directors,"** or **"agents"** shall include both current and former employees, officers, directors, and agents.

40.     A request for **"identification,"** to **"identify,"** or to "**describe**" requires the following:

(a)     When used with respect to a person other than a natural person, including, but not limited to, any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (1) its full name; (2) the address of its principal office or place of business; (3) all names under which it is doing business or ever has done business; (4) the nature of the venture

5

(e.g., sole proprietorship, partnership, corporation, etc.); and (5) the identities of its officers, directors, partners, or administrators.

(b)     When used with respect to a natural person, provide (1) the full name; (2) any other names that person uses presently or has used in the past; (3) present or last known business and residence addresses; (4) present or last known telephone number; (5) present or last known employer and address thereof; and (6) present or last known job, position, or title of that person.

(c)     When used with respect to a Document or tangible thing, to state: (1) the type of Document or tangible thing (e.g., letter, memorandum, computer disk drive, etc.); (2) the date it was created; (3) its author and signatories; (4) its addresses and all other persons receiving copies; (5) the nature and substance of the Document in sufficient particularity to enable it to be identified; and (6) its location and its custodian (or, if it is no longer within your possession, custody, or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved the disposition; and identify the person or persons having knowledge of its contents).

(d)     When used with respect to a Communication, provide the date of the Communication, identify the person who initiated the Communication, identify each person who received such Communication, identify the form of the Communication, identify any Document which embodies the Communication, and provide a general description of the content of the Communication.

(e)     When used with respect to an act, event, instance, occasion, meeting, conversation, allegation, or contention, means to state all facts concerning the subject matter in detail, including the date and place thereof, to identify the individual participants, to summarize separately for each individual participant what she or he said or did, and to identify each Document or Communication used or prepared in connection therewith or making any reference thereto.

Gibson, Dunn & Crutcher LLP

## II.  **INSTRUCTIONS**

1.      Each interrogatory is to be answered fully based on information in Your possession, custody, or control, or in the possession, custody, or control of Your representatives, agents, or attorneys.

2.      If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If Your objection is on the ground that the answer would reveal the substance of a privileged Document or Communication, include an identification of:

(a)      the nature of the privilege or protection claimed;

(b)      the person who made the Document or Communication, whether oral or in writing;

(c)      if the Communication was oral, all persons present while the Communication was made;

(d)      if the Document or Communication was written, the author, addressees, and any other recipients;

(e)      the date and place of the Communication or the creation of the Document; and

(f)      the general subject matter of the Document or Communication.

3.      If, for any reason other than a claim of privilege, You refuse to respond to any interrogatory herein, please state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

4.      If You respond to any interrogatory by reference to any Document or Communication, You are requested to produce that Document or Communication, and specify which Documents and/or Communications are produced in response to each interrogatory.

5.      If the responding party elects to specify and produce business records

in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6.      Unless otherwise stated, each interrogatory is directed towards each Plaintiff in this Action, and each Plaintiff in this action must separately verify the interrogatories to which it responds pursuant to Federal Rule of Civil Procedure 33(b).

7.      If, in responding to these interrogatories, You encounter any ambiguities when construing an interrogatory, instruction, or definition, in Your response set forth the matter deemed ambiguous and the construction used in answering.

8.      These interrogatories are continuing in nature.  If You receive or otherwise become aware of information responsive to any interrogatory after You have served your responses to these interrogatories, You must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

9.      Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each interrogatory.

## III.   <u>INTERROGATORIES</u>

### <u>INTERROGATORY NO. 1</u>

Identify by name and title at least five people at Masimo and at least five people at Cercacor having the most knowledge about or responsibility for Masimo's products and Cercacor's products, respectively, that Plaintiffs allege compete with the Accused Products, including the products' manner of operation, marketing, development, sales and offers to sell, use by Your customers, financial information related to them, Your patent and patent applications related to them, and Your licensing efforts of those patents and applications.

## INTERROGATORY NO. 2

Separately for each Asserted Claim of each Asserted Patent that Plaintiffs contend Apple has infringed or is infringing, describe in detail all facts relevant to the alleged priority date for that claim, including without limitation: the alleged priority date, the alleged date of the conception and first reduction to practice, the nature of any problem(s) with existing technology that the inventors were considering or attempting to solve in connection with the conception, the nature of the alleged reduction to practice and the identity of any alleged actual reduction to practice, any alleged diligence between the asserted conception and reduction to practice dates, the identity of each Person who contributed to such conception, diligence, and/or reduction to practice, the nature of each such Person's participation, involvement, and/or contribution, and the identity of all Documents (by Bates numbers) relating to such conception, diligence, and/or reduction to practice.

## INTERROGATORY NO. 3

For each Asserted Claim of each Asserted Patent, provide a detailed, element-by-element, limitation-by-limitation, description of all facts you contend should be considered in determining whether that Asserted Claim is non-obvious under 35 U.S.C. § 103, including without limitation, identifying each secondary consideration or other objective evidence of non-obviousness that you contend is relevant, such as for example, any alleged commercial success and nexus to the claimed subject matter, any alleged long-felt need in the art for the claimed subject matter, any alleged failure of others to solve the problems addressed by the claimed subject matter, any alleged skepticism or disbelief by any person relating to the claimed subject matter, any alleged positive recognition in the industry for the claimed subject matter, any alleged copying of the claimed subject matter, and any alleged unexpected results produced by the claimed subject matter.

**INTERROGATORY NO. 4**

For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged Inventor and/or others conceived of such subject matter and/or reduced such subject matter to practice, identifying when such conception and reduction to practice took place, describing each Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, and identifying and describing in detail all evidence to support any contention that the inventors named on that Apple Patent did not solely conceive and/or reduce to practice any of the claims of that Apple Patent.

**INTERROGATORY NO. 5**

For each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple Patent and/or Apple Application, identifying by patent column and line number or application page and paragraph number all subject matter of such Apple Patent or such Apple Application that Plaintiffs assert was developed by Marcelo Lamego, describing the circumstances under which Marcelo Lamego and/or others conceived of such subject matter, identifying when such conception and reduction to practice took place, identifying any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such subject matter and/or reduction to practice of such subject matter, describing each such Person's contribution to the conception and/or

reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, identifying which entity—Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and stating in detail any other factual and legal bases for Your contention that You are entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications.

**INTERROGATORY NO. 6:**

For each alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person.

**INTERROGATORY NO. 7:**

For each alleged Trade Secret that You contend was misappropriated by Apple, describe all actions You have taken to safeguard the alleged Trade Secret's secrecy.

**INTERROGATORY NO. 8:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely when, if ever, the alleged Trade Secret was disclosed, accessed, or otherwise provided to Apple.

**INTERROGATORY NO. 9:**

For each date identified in response to Interrogatory No. 8, describe the circumstances of the disclosure, including the recipients and the means of disclosure.

**INTERROGATORY NO. 10:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret.  To the extent Your response for any alleged Trade Secret(s) is that Apple

Gibson, Dunn & Crutcher LLP

has used, is using, or plans to use the alleged Trade Secret in an Apple product (e.g., the Accused Products), identify and describe how each such product in fact incorporates or uses the Trade Secret(s).

**INTERROGATORY NO. 11:**

For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access.

**INTERROGATORY NO. 12:**

Identify all third parties to whom Your alleged Trade Secrets have ever been disclosed, including the circumstances under which each alleged Trade Secret was disclosed to them.

**INTERROGATORY NO. 13:**

For each alleged Trade Secret that You contend was misappropriated by Apple, identify and describe in detail how You were harmed by the alleged misappropriation.

**INTERROGATORY NO. 14:**

Identify and describe in detail any assessments and/or valuations of the Asserted Patents and/or any Related Patents and Applications, performed by You or for You, in Your possession, or of which You have knowledge, including, without limitation, any assessments and/or valuations performed in connection with any acquisition of, licensing of, or transfer of any rights in the Asserted Patents and/or any Related Patents and Applications, any consideration paid for or pricing associated with the acquisition of, licensing of, or transfer of any rights in the Asserted Patents and/or any Related Patents and Applications, or any assessments and/or valuations performed or discussed concerning any products involving the Asserted Technologies, whether such products are Yours or those of third parties, including, without limitation, identifying and describing in detail all Documents and

Communications relating to such assessments and/or valuations and identifying the three (3) Persons most knowledgeable about any such assessments and/or valuations.

**INTERROGATORY NO. 15:**

State whether any assessment, investigation, or prior art search concerning the validity, invalidity, enforceability, or unenforceability of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications has been performed by You or for You, is in Your possession, or of which You have knowledge, and identify and describe in detail all Documents and Communications, including without limitation, Prior Art, ever known or identified by or to You, the named inventors of any of the Asserted Patents, or any Person substantively involved in the prosecution of any of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications (including any attorney or patent agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of any of the Asserted Patents, their foreign counterparts, any Related Patents and Applications, or any other patent listing one or more named inventors on the cover as an inventor, including English language translations thereof, including any invalidity contentions served on You in any other actions or proceedings involving the any of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications before any tribunal or agency, including, without limitation, in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.), commenced November 8, 2018.

**INTERROGATORY NO. 16:**

State all facts and identify and describe in detail all Documents supporting any contention by You that the Asserted Technologies are the basis for, contribute to, or drive consumer demand for any product which Plaintiffs allege competes with the Accused Products.

Gibson, Dunn & Crutcher LLP

1   **INTERROGATORY NO. 17:**

2         State in detail all factual and legal bases for Your contention that You are

3   entitled to any relief in this case, including but not limited to, monetary damages and

4   injunctive relief, including, without limitation, identifying and describing in detail

5   all Documents and Communications relating to such contention and identifying all

6   individuals having information about such contention.

7

8   Dated:  April 14, 2020                    Respectfully submitted,

9                                              JOSHUA H. LERNER
                                               H. MARK LYON
10                                             BRIAN M. BUROKER
                                               ILISSA SAMPLIN
11                                             ANGELIQUE KAOUNIS
                                               GIBSON, DUNN & CRUTCHER LLP
12

13                                             By:  */s/Joshua H. Lerner*
14                                                   Joshua H. Lerner

15                                             *Attorneys for Defendant Apple Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Ilissa Samplin, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 14th day of April, 2020, I served a true and correct copy of the foregoing **DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.** by electronic mail on the following counsel of record:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

*Attorneys for Plaintiffs Masimo Corporation and*
*Cercacor Laboratories, Inc.*

By: */s/ Ilissa Samplin*
Ilissa Samplin

# Exhibit B

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Attorneys for Plaintiffs,
**Masimo Corporation and Cercacor Laboratories, Inc.**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES (NOS. 1-17)**<br>)<br>) Hon. James V. Selna<br>)<br>)<br>)<br>) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby respond to Defendant APPLE INC. ("Apple") First Set of Interrogatories.

## GENERAL STATEMENT AND OBJECTIONS

Plaintiffs assert each of the following General Objections to each of Apple's instructions, definitions, and interrogatories.  In addition to these General Objections, Plaintiffs state specific objections to individual interrogatories, including objections that are not generally applicable to all interrogatories.  By setting forth specific objections, Plaintiffs are not limiting or restricting these General Objections.

1.      Plaintiffs object generally to Apple's definitions and instructions to the extent that they fail to comply with, or impose obligations in excess of, Rule 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of this Court.  Plaintiffs will respond to the interrogatories in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Plaintiffs object to these interrogatories to the extent they seek information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case.  To the extent Plaintiffs respond to any request, Plaintiffs do not concede that the information sought by these requests is relevant or proportional.

3.      Plaintiffs object to these interrogatories to the extent they seek information not in the possession, custody, or control of Plaintiffs.  Plaintiffs' responses are limited to information that is within their possession, custody, or control.

4.      Plaintiffs object to these interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege, rule, or immunity.

-1-

Any specific objections to specific interrogatories stated on the grounds of attorney-client privilege and/or work product in no way limits the generality of this objection.  Nothing in Plaintiffs' responses is intended to be or should be considered a waiver of any attorney-client privilege, work product protection, the right of privacy, or any other applicable privilege or doctrine.  To the extent any interrogatory may be construed as calling for information protected by any such privilege or doctrine, a continuing objection to each and every such interrogatory is hereby stated.

5.      Plaintiffs object to these interrogatories to the extent they seek third-party proprietary information, trade secrets and/or other confidential information and/or protected information that Plaintiffs are obligated to avoid disclosing.

6.      Plaintiffs object to these interrogatories to the extent they are overly broad and unduly burdensome, the burden of responding outweighs their likely benefit, they are unlimited in time, or would require an unreasonably detailed and unreasonably extensive search of all of Plaintiffs' information and files.  Plaintiffs will make a reasonable investigation as required by the Federal Rules of Civil Procedure.

7.      Plaintiffs object to these interrogatories to the extent they seek disclosure of Plaintiffs' proprietary information, trade secrets and/or other confidential information and/or protected information prior to entry of a protective order, particularly in view of Defendants' refusal to produce any documents until "entry of an acceptable protective order and ESI stipulation in this action."

8.      Plaintiffs object to these interrogatories to the extent they seek information that would be relevant only to Plaintiffs' trade secret claims while Apple is simultaneously arguing to the Court that Plaintiff's trade secret claims should not be part of this case and should be dismissed.

-2-

9.     In light of the Court's Order, dated April 17, 2020, in which "[t]he Court stays the trade secret discovery only pending compliance with 2019.210[,]" Plaintiffs object to these interrogatories to the extent they seek information that would be relevant only to Plaintiffs' trade secret claims prior to Plaintiffs providing their 2019.210 statement.  Maintaining such interrogatories is a violation of the Court's April 17, 2020, order.

10.    Plaintiffs object to Apple's definitions, instructions, and for interrogatories to the extent that they are vague, ambiguous, or unintelligible. Words and terms used in the following responses are used in accordance with their normal meanings and connotations.

11.    Plaintiffs particularly object to Apple's definitions of the terms "Masimo" and "Cercacor" as overly broad and unduly burdensome.  As used herein, the term "Masimo" means Masimo Corporation only, and the term "Cercacor" means Cercacor Laboratories, Inc., only.  As stated above, the term "Plaintiffs" means Masimo and Cercacor, collectively and/or individually.

12.    Plaintiffs also particularly object to Apple's definitions of the terms "Related Patents and Applications" and "Asserted Technologies," and Apple's instructions regarding "identification," "identify," and "describe" as overly broad and unduly burdensome, and rendering the interrogatories vague, ambiguous, or unintelligible.  As with other words and terms used in the following responses, any usage of these terms in accordance with their normal meanings and connotations

13.    Only the express and overt meaning of these responses is intended.  No response should be construed to contain implied statements, representations, or admissions of any kind.  The fact that Plaintiffs respond or object to an interrogatory should not be understood as an admission that Plaintiffs accept or admit the existence of any "fact" set forth in or assumed by the interrogatory.

14.    Plaintiffs' responses are made without, in any way, waiving or

-3-

intending to waive, but, on the contrary, intending to preserve and preserving:

    a.    The right to raise all objections as to competence, authenticity, relevance, materiality, privilege and admissibility with regard to the information and documents identified and/or produced in response to these Interrogatories, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

    b.    The right to object to the use of the information and/or documents for any purpose, including without limitation their use in any subsequent proceeding in, or the trial of, this or any other action;

    c.    The right to assert or raise, in this action or in any other context, attorney-client privilege, work product protection, the protections afforded by Rule 26(b)(4)(B), the right of privacy, or any other applicable privilege or protective doctrine; and

    d.    The right to object on any ground at any time to interrogatories or other discovery relating to information and/or information or the subject matter thereof.

    15.    Plaintiffs are providing information that has been identified by means of a reasonable investigation and that is the subject of legitimate discovery.  The following responses are based upon information presently available to and located by Plaintiffs after a reasonable search.  However, discovery is ongoing in this case, and Plaintiffs have not yet completed their investigation of the facts relating to this case.  Nor have Plaintiffs completed discovery or preparation for trial.  Plaintiffs give these responses without prejudice to Plaintiffs' right to supplement their responses, should additional information be discovered, and to rely upon any additional discovered evidence. Moreover, certain of these interrogatories are premature in that they seek contentions or other information that Plaintiffs cannot or are not obligated provide at this stage of the case, or seek information that is partially or wholly

within the possession of Apple or third parties and that has not yet been produced to Plaintiffs.  Finally, certain of these interrogatories are subject to specific objections and are therefore not the subject of legitimate discovery.

16.   Without waiving the specific objections set forth below, and subject to the limitations and General Objections set forth above, Plaintiffs provide the following responses:

## **RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify by name and title at least five people at Masimo and at least five people at Cercacor having the most knowledge about or responsibility for Masimo's products and Cercacor's products, respectively, that Plaintiffs allege compete with the Accused Products, including the products' manner of operation, marketing, development, sales and offers to sell, use by Your customers, financial information related to them, Your patent and patent applications related to them, and Your licensing efforts of those patents and applications.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as vague, ambiguous, or unintelligible, particularly to the extent it purports to ask Plaintiffs to identify at least five persons "having the most knowledge about or responsibility for" a variety of topics.  Plaintiffs object that it would not be possible to identify five people most knowledgeable about any topic.  Plaintiffs further object to this interrogatory as compound and contend

that it should be counted as multiple interrogatories because it attempts to combine multiple requests for information into a single interrogatory.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs cannot identify who might have the "most" knowledge of or responsibility for such a wide variety of topics including products' "manner of operation, marketing, development, sales and offers to sell," use by customers, "financial information," as well as related "patent and patent applications" and "licensing efforts of those patents and applications." Apple offers no suggestion for how it would purport to weigh and compare the amount of knowledge one person has about one or more of the cited topics to the knowledge another person has about a different combination of one or more of the cited topics. Apple does not explain how to compare the amount of knowledge a person has about one topic to the amount of knowledge another person has about a different topic, or whether a person having more knowledge about one area should be considered more or less knowledgeable than a person having less knowledge about a larger number of topics.

To the extent Plaintiffs are able to understand the interrogatory, Plaintiffs identify the following individuals who may have knowledge about one or more of the cited topics and who may be contacted through Plaintiffs' counsel:

- Ammar Al-Ali
- Mohamed Diab
- Walter Weber
- Bilal Muhsin
- Kevin Pauley
- Gerry Hammarth
- Joe Kiani

To the extent Plaintiffs are able to understand the interrogatory, Plaintiffs

identify the following additional individuals who may have knowledge about one or more of the cited topics:

- Marcelo Lamego
- Michael O'Reilly

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**INTERROGATORY NO. 2:**

Separately for each Asserted Claim of each Asserted Patent that Plaintiffs contend Apple has infringed or is infringing, describe in detail all facts relevant to the alleged priority date for that claim, including without limitation: the alleged priority date, the alleged date of the conception and first reduction to practice, the nature of any problem(s) with existing technology that the inventors were considering or attempting to solve in connection with the conception, the nature of the alleged reduction to practice and the identity of any alleged actual reduction to practice, any alleged diligence between the asserted conception and reduction to practice dates, the identity of each Person who contributed to such conception, diligence, and/or reduction to practice, the nature of each such Person's participation, involvement, and/or contribution, and the identity of all Documents (by Bates numbers) relating to such conception, diligence, and/or reduction to practice.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable

privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery.  *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (contention interrogatories in complex patent action properly answered at the close of substantive discovery); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this request as premature to the extent that it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Each asserted patent is entitled to a presumption of validity.  Apple has not challenged the validity of any asserted patent, much less identified any supporting evidence of invalidity.  Apple would bear the burden of proof to rebut the presumption of validity through clear and convincing evidence.  Plaintiffs have no obligation to affirmatively buttress the presumption of validity, particularly in the absence of any assertion of invalidity.  *See Friskit, Inc. v. Real Networks, Inc.*, No. C 03-5085 WWS (MEJ), 2006 WL 1305218, at *1-2 (N.D. Cal. May 11, 2006) (denying defendant's request that plaintiff provide in response to defendant's interrogatory an element-by-element claim chart, because "the burden is on [defendant] to show invalidity").

Under the current schedule, Apple is due to disclose any invalidity contentions no later than September 7, 2020.  If Apple asserts that any claims are invalid under theories that raise issues of inventorship, conception, diligence, reduction practice, and/or the priority date to which claims may be entitled, Plaintiffs anticipate supplementing this response.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**<u>INTERROGATORY NO. 3:</u>**

For each Asserted Claim of each Asserted Patent, provide a detailed, element-by-element, limitation-by-limitation, description of all facts you contend should be considered in determining whether that Asserted Claim is non-obvious under 35 U.S.C. § 103, including without limitation, identifying each secondary consideration or other objective evidence of non-obviousness that you contend is relevant, such as for example, any alleged commercial success and nexus to the claimed subject matter, any alleged long-felt need in the art for the claimed subject matter, any alleged failure of others to solve the problems addressed by the claimed subject matter, any alleged skepticism or disbelief by any person relating to the claimed subject matter, any alleged positive recognition in the industry for the claimed subject matter, any alleged copying of the claimed subject matter, and any alleged unexpected results produced by the claimed subject matter.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery.  *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (contention interrogatories in complex patent action properly answered at the close of substantive discovery); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).  Plaintiffs also object to the extent responsive information is in the exclusive possession, custody, or control of Apple.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this request as premature to the extent that it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Each asserted patent is entitled to a presumption of validity, including a presumption of non-obviousness under 35 U.S.C. § 103.  Apple has not challenged the validity of any asserted patent, much less identified any supporting evidence of invalidity.  Apple would bear the burden of proof to

-10-

rebut the presumption of validity through clear and convincing evidence. Plaintiffs have no obligation to affirmatively buttress the presumption of validity, particularly in the absence of any assertion of invalidity. *See Friskit, Inc. v. Real Networks, Inc.*, No. C 03-5085 WWS (MEJ), 2006 WL 1305218, at *1-2 (N.D. Cal. May 11, 2006) (denying defendant's request that plaintiff provide in response to defendant's interrogatory an element-by-element claim chart, because "the burden is on [defendant] to show invalidity").

Under the current schedule, Apple is due to disclose any invalidity contentions no later than September 7, 2020. If, in its invalidity contentions, Apple asserts that any claims are invalid as obvious under 35 U.S.C. § 103, and provides a supporting disclosure, Plaintiffs anticipate supplementing this response.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information. In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 4:**

For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged Inventor and/or others conceived of such subject matter and/or reduced such

subject matter to practice, identifying when such conception and reduction to practice took place, describing each Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, and identifying and describing in detail all evidence to support any contention that the inventors named on that Apple Patent did not solely conceive and/or reduce to practice any of the claims of that Apple Patent.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs also object to this interrogatory as vague and ambiguous, particularly based on the phrase "and/or others." Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Defendants must identify which of the many interrogatories it desires Plaintiffs to answer in this single interrogatory.  Plaintiffs further note that inventorship is determined with respect to the subject matter claimed in a patent, not the subject matter disclosed in a patent specification.  Many improper subparts of this interrogatory seek information that is irrelevant and where the burden of compiling it would be disproportionate to the needs of the case.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs. Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs

-12-

respond as follows:

U.S. Patent No. 10,078,052 (the "'052 Patent")

The '052 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '052 Patent recites an electronic device comprising a housing defining an aperture; an optical sensing system comprising a light emitter for emitting light through the aperture, the light emitter positioned adjacent the aperture; and a light detector for obtaining a first portion of the light after the first portion of the light reflects from an object; and a reflector disposed about the aperture and adapted to reflect a second portion of the light back into the object after the second portion of the light reflects from the object.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab, while employed by Plaintiffs and while Lamego was under an obligation to assign any such invention to Masimo and/or Cercacor.  Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '052 Patent

U.S. Patent No. 10,247,670 (the "'670 Patent")

The '670 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '670 Patent recites an electronic device comprising a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab, while employed by Plaintiffs and while Lamego was under an obligation to assign such invention to Masimo and/or Cercacor.  Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '670 Patent.

U.S. Patent No. 9,952,095 (the "'095 Patent")

The '095 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '095 Patent recites an electronic device comprising a housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing. Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab, while employed by Plaintiffs and while Lamego was under an obligation to assign such invention to Masimo and/or Cercacor. Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '095 Patent.

U.S. Patent No. 10,219,754 (the "'754 Patent")

The '754 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '754 Patent recites a method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample

-14-

corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user. Lamego obtained this subject matter from discussions with, or jointly conceived it with, Al-Ali, Diab, and Weber, while employed by Plaintiffs and while Lamego was under an obligation to assign such invention to Masimo and/or Cercacor. Accordingly,

1    Al-Ali, Diab, and Weber are joint inventors of any patentable subject matter
2    claimed in the '754 Patent.

3        <u>U.S. Patent No. 10,524,671 (the "'671 Patent")</u>

4        The '671 Patent claims subject matter that Lamego obtained from
5    discussions with, or jointly conceived with, Masimo employees.  For example,
6    Claim 1 of the '671 Patent recites a wearable device, comprising a first light
7    source; a second light source, the second light source operating at a different
8    wavelength than the first light source; at least one light receiver; and a
9    processing unit communicably coupled to the first light source, the second light
10   source, and the at least one light receiver; wherein the processing unit is
11   configured to: use the first light source and the second light source to emit light
12   into a body part of a user; and dependent on the light emitted by the first light
13   source and received by the at least one light receiver, compute a pulse rate of the
14   user using the light emitted by the second light source and received by the at
15   least one light receiver.  Lamego obtained this subject matter from discussions
16   with, or jointly conceived it with, Diab and Kiani, while employed by Plaintiffs
17   and while Lamego was under an obligation to assign such invention to Masimo
18   and/or Cercacor.  Accordingly, Diab and Kiani are joint inventors of any
19   patentable subject matter claimed in the '671 Patent.

20       Plaintiffs expect Apple will produce documents and other information
21   that further confirms the named inventors obtained the claimed subject matter
22   from discussions with, or jointly conceived it with, Diab and Kiani.

23       Discovery in this matter has only recently begun, the Court has not
24   entered a Protective Order, Apple has not yet filed an Answer or provided any
25   discovery, and Plaintiffs are continuing to investigate the subject matter of this
26   interrogatory.  Plaintiffs reserve the right to amend and/or supplement this
27   interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil
28   Procedure as they identify additional information.  In particular, Plaintiffs

-16-

1  expect they may provide additional information in accordance with the expert

2  discovery deadlines set forth in the Court's scheduling order.

3  **INTERROGATORY NO. 5:**

4       For each of the Apple Patents and for each of the Apple Applications,

5  identify in detail all facts relating to Plaintiffs' contention that any subject

6  matter of such Apple Patent and/or Apple Application was developed by

7  Marcelo Lamego while working for Plaintiffs and/or was otherwise developed

8  at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple

9  Patent and/or Apple Application, identifying by patent column and line number

10  or application page and paragraph number all subject matter of such Apple

11  Patent or such Apple Application that Plaintiffs assert was developed by

12  Marcelo Lamego, describing the circumstances under which Marcelo Lamego

13  and/or others conceived of such subject matter, identifying when such

14  conception and reduction to practice took place, identifying any other employee

15  of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such

16  subject matter and/or reduction to practice of such subject matter, describing

17  each such Person's contribution to the conception and/or reduction to practice of

18  the subject matter, identifying corroborating evidence of conception and/or

19  reduction to practice, identifying which entity—Masimo, Cercacor, or

20  Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such

21  Apple Patent or Apple Application, and stating in detail any other factual and

22  legal bases for Your contention that You are entitled to joint and/or exclusive

23  ownership of the Apple Patents and/or Apple Applications.

24  **RESPONSE TO INTERROGATORY NO. 5:**

25       Plaintiffs incorporate their General Statement and Objections.  Plaintiffs

26  object to this interrogatory to the extent it seeks information protected by the

27  attorney-client privilege, work product doctrine, or any other applicable

28  privilege or immunity.  Plaintiffs further object to this interrogatory to the extent

it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory. Plaintiffs further note that inventorship is determined with respect to the subject matter claimed in a patent, not the subject matter disclosed in a patent specification. Many improper subparts of this interrogatory seek information that is irrelevant and where the burden of compiling it would be disproportionate to the needs of the case. Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs. Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate their response to Interrogatory No. 4, including any supplements, in full by reference. Plaintiffs further respond that any inventive contribution that Lamego could have made to the alleged invention of the subject matter claimed in U.S. Patent Application No. 15/960,507 (the "'507 Application) was made while Lamego was employed by Plaintiffs and while Lamego was under an obligation to assign such invention to Masimo and/or Cercacor. For example, Claim 21 of the '507 Application recites a biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: an emitter for transmitting modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog

-18-

to digital converter to receive an output of the high pass filter.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Al-Ali, Diab, and Weber, while they were employees of Masimo, or while Lamego was an employee of Cercacor.

In written assignments, Lamego, as well as Al-Ali, Diab, and Weber, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, or improvements) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.  Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '052, '670, '095, '750 and '671 Patents, and the '507 Application.

In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, or improvements) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '052, '670, '095, '750 and '671 Patents, and the '507 Application from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '052, '670, '095, '750 and '671 Patents, and the '507 Application.

Plaintiffs expect Apple will produce documents and other information that further confirms the named inventors obtained the claimed subject matter from discussions with, Lamego, who in turn obtained the contribution from Al-Ali, Diab and Weber.

Discovery in this matter has only recently begun, the Court has not

-19-

1  entered a Protective Order, Apple has not yet filed an Answer or provided any

2  discovery, and Plaintiffs are continuing to investigate the subject matter of this

3  interrogatory.   Plaintiffs reserve the right to amend and/or supplement this

4  interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil

5  Procedure as they identify additional information.   In particular, Plaintiffs

6  expect they may provide additional information in accordance with the expert

7  discovery deadlines set forth in the Court's scheduling order.

8  **INTERROGATORY NO. 6:**

9      For each alleged Trade Secret You contend Apple misappropriated,

10  describe in detail how You allegedly developed such Trade Secret, including,

11  without limitation, the circumstances under which You conceived of such Trade

12  Secret, the identity of each Person involved in the conception, design,

13  development, and/or use of such Trade Secret, and the nature and level of

14  involvement of each such Person.

15  **RESPONSE TO INTERROGATORY NO. 6:**

16      Plaintiffs incorporate their General Statement and Objections.  Plaintiffs

17  object to this interrogatory to the extent it seeks information protected by the

18  attorney-client privilege, work product doctrine, or any other applicable

19  privilege or immunity.  Plaintiffs further object to this interrogatory to the extent

20  it seeks information that is not relevant to any party's claims or defenses nor

21  proportional to the needs of the case.   Plaintiffs further object to this

22  interrogatory as compound and contend that it should be counted as multiple

23  interrogatories because it combines multiple requests for information into a

24  single interrogatory.  Plaintiffs further object that this interrogatory seeks highly

25  confidential information belonging to Plaintiffs.  Plaintiffs further object to this

26  interrogatory because it prematurely seeks information that would be relevant

27  only to Plaintiffs' trade secret claims because the Court has stayed such

28  discovery until Plaintiffs provide their 2019.210 statement.   Thus, Plaintiffs

intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs have been developing extensive technology since before Lamego started working for Plaintiffs.  Marcelo Lamego was placed in an office with Diab for much of Lamego's tenure at Masimo.  Diab was tasked with teaching Lamego everything he could regarding Masimo technology, so Lamego could become an expert in every aspect of Masimo's technology. Lamego had unfettered access to Masimo's personnel, Masimo's information, and Masimo's documents, including technical documents and computer code. He attended brainstorming sessions at the highest levels and design reviews.  He was comprehensively exposed to Masimo's technology, as well as its business and marketing strategies and plans that were currently being executed and plans that were executed well into the future.

Eventually, once Lamego had been taught extensively by Diab and others, when Masimo Labs was spun off from Masimo, Lamego was made the Chief Technical Officer. Lamego was responsible for all design, development, and marketing, and was responsible for maintaining procedures to protect all confidential and proprietary information.  Lamego was exposed to trade secrets from all levels of the Plaintiffs' organizations, and was at Cercacor, the executive officer responsible to safeguarding all that information.

Michael O'Reilly joined Masimo on February 4, 2008 as its Executive Vice President of Medical Affairs and Chief Medical Officer.  He remained in that position until July 19, 2013, when he left Masimo.  O'Reilly was also involved in all executive staff meetings and many other meetings regarding Masimo products, strategy, and marketing.  He was also responsible for Masimo's data analysis and collection relationships with hospitals, as well as

-21-

many interactions with regulatory agencies, and was taught Masimo's strategies for interacting with institutions with clinical data and regulatory agencies.  He was also responsible for providing clinical input to the engineering teams at Masimo for development of medical products, and therefore interacted with the technical development teams on a regular basis.  He was, in those roles, privy to Masimo's strategies, product plans, marketing plans, future technologies of interest, regulatory body strategies and contacts, hospital relationship strategies and contacts, the identities of key technologies and target technologies, products and markets at Masimo.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**INTERROGATORY NO. 7:**

For each alleged Trade Secret that You contend was misappropriated by Apple, describe all actions You have taken to safeguard the alleged Trade Secret's secrecy.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement.  Thus, Plaintiffs

-22-

intend to supplement this interrogatory and after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs made reasonable efforts under the circumstances to keep their confidential information from becoming generally known.   For example, Plaintiffs' efforts included marking documents confidential, instructing individuals with access to the information to treat it as confidential, restricting access to the information, and requiring individuals and companies to enter into confidentiality agreements with Plaintiffs in order to receive Plaintiffs' Confidential Information.

Plaintiffs have policies regarding labeling confidential information and documents as "CONFIDENTIAL AND PROPRIETARY." They also restrict these documents and information from disclosure to third parties and employees on a need-to-know basis. Plaintiffs also have policies in place regarding the use of computers and related equipment that govern how their computer systems may be used. Those policies also govern the protection of Plaintiffs' confidential information. Plaintiffs have document management systems that restrict access to confidential documents to only those employees with proper security credentials and a need for access. Plaintiffs also require employees to sign agreements precluding the employees from disclosing or making use of any confidential information except as authorized by Plaintiffs and as necessary for the performance of the employees' duties. Plaintiffs also require third parties, including customers, to execute confidential non-disclosure agreements. Plaintiffs implemented such policies and procedures to maintain the confidentiality of sensitive information.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any

-23-

discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 8:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely when, if ever, the alleged Trade Secret was disclosed, accessed, or otherwise provided to Apple.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement.  Thus, Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Lamego joined Apple in 2014 and shared some of Plaintiffs' trade secrets with Apple.  For example, Lamego disclosed or otherwise provided Plaintiffs' trade secrets to Apple in connection with preparing and filing some patent applications that later published after January 10, 2017.  Plaintiffs expect Apple will produce documents and other information that establishes when and how

Lamego disclosed or otherwise provided Plaintiffs' trade secrets to Apple while he was an Apple employee.

The Apple patents and patents applications that contained Plaintiffs' trade secrets, which published after January 10, 2017, indicate Lamego disclosed or otherwise provided trade secrets in those applications at least to others involved in preparing, reviewing, and filing those patents and applications.   It also appears that Apple used Masimo and/or Cercacor's trade secrets in the Apple Watch Series 4 and later devices.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.   Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.   In particular, as discovery continues, Plaintiffs expect to supplement this response to identify documents that contain or otherwise reflect the trade secrets to which Lamego had access to while employed by Plaintiffs.   Plaintiffs also expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 9:**

For each date identified in response to Interrogatory No. 8, describe the circumstances of the disclosure, including the recipients and the means of disclosure.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object that this interrogatory seeks

highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate their response to Interrogatory No. 8, including any supplements, in full by reference.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 10:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret. To the extent Your response for any alleged Trade Secret(s) is that Apple has used, is using, or plans to use the alleged Trade Secret in an Apple product (e.g., the Accused Products), identify and describe how each such product in fact incorporates or uses the Trade Secret(s).

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate their response to Interrogatory No. 8, including any supplements, in full by reference.

Documents and information regarding Apple's "plans to use" and "plans to disclose" Plaintiffs' trade secrets are likely in the exclusive possession, custody or control of Apple.  Plaintiffs expect Apple will produce documents and other information regarding Apple's past, present, and planned future misappropriation of Plaintiffs' trade secrets.  However, Apple has refused to even identify additional patent applications that may have been filed but not yet published, which could disclose additional Masimo trade secrets.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information. In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 11:**

For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiffs further object to this interrogatory because it prematurely seeks information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement. Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs. Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate their response to Interrogatory Nos. 7-10, including any supplements, in full by reference.  At least the following individuals had access to some aspects of Plaintiffs' trade secrets: Joe Kiani, Mohammed Diab, Ammar Al-Ali, Walter Weber, Bilal Muhsin, Kevin Pauley, Marcelo Lamego, Michael O'Reilly, and some prior employees of Plaintiffs who are or were employed by Apple after leaving Plaintiffs.  All such individuals were and have a duty to maintain the information as secret.

Plaintiffs further respond that Plaintiffs' trade secrets need only have been the subject of efforts that are reasonable under the circumstances to maintain their secrecy.  Plaintiffs' policies and practices were more than sufficient to establish that Plaintiffs' trade secrets were the subject of efforts that were reasonable under the circumstances to maintain their secrecy.  Compiling information regarding every example of how Plaintiffs' policies were implemented is neither relevant nor proportional to the needs of this case. Plaintiffs expect Apple will produce documents and other information that establishes the individuals employed by Apple to whom Lamego disclosed or otherwise provided Plaintiffs' trade secrets while he was an Apple employee. The Apple patents and patent applications that contained Plaintiffs' trade secrets, which published after January 10, 2017, indicate Lamego disclosed or otherwise provided trade secrets in those applications to at least the other named inventors of those patents and applications.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert

1  discovery deadlines set forth in the Court's scheduling order.

2  **INTERROGATORY NO. 12:**

3  Identify all third parties to whom Your alleged Trade Secrets have ever

4  been disclosed, including the circumstances under which each alleged Trade

5  Secret was disclosed to them.

6  **RESPONSE TO INTERROGATORY NO. 12:**

7  Plaintiffs incorporate their General Statement and Objections.  Plaintiffs

8  object to this interrogatory to the extent it seeks information protected by the

9  attorney-client privilege, work product doctrine, or any other applicable

10  privilege or immunity.  Plaintiffs further object to this interrogatory to the extent

11  it seeks information that is not relevant to any party's claims or defenses nor

12  proportional to the needs of the case.   Plaintiffs further object to this

13  interrogatory because it prematurely seeks information that would be relevant

14  only to Plaintiffs' trade secret claims because the Court has stayed such

15  discovery until Plaintiffs provide their 2019.210 statement.   Plaintiffs further

16  object that this interrogatory seeks highly confidential information belonging to

17  Plaintiffs.  Plaintiffs intend to supplement this interrogatory after a protective

18  order has been entered in this case.

19  Subject to and without waiving the foregoing objections, Plaintiffs

20  respond as follows:

21  Plaintiffs incorporate their response to Interrogatory Nos. 7-11, including

22  any supplements, in full by reference.  Other than as a result of the wrongdoing

23  of Apple and Lamego, Plaintiffs are not currently aware of any third parties that

24  have had access to Plaintiffs' asserted trade secrets, or who could identify what

25  has been disclosed, is a Masimo trade secret.  To the extent Plaintiffs disclosed

26  any of the alleged trade secrets to others, Plaintiffs standard practice and

27  procedure was to disclose the information only if the third party had a duty to

28  maintain the information as secret, for example, as a result of a non-disclosure

-30-

1    or other confidentiality agreement.

2         Discovery in this matter has only recently begun, the Court has not

3    entered a Protective Order, Apple has not yet filed an Answer or provided any

4    discovery, and Plaintiffs are continuing to investigate the subject matter of this

5    interrogatory.   Plaintiffs reserve the right to amend and/or supplement this

6    interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil

7    Procedure as they identify additional information.   In particular, Plaintiffs

8    expect they may provide additional information in accordance with the expert

9    discovery deadlines set forth in the Court's scheduling order.

10   **INTERROGATORY NO. 13:**

11        For each alleged Trade Secret that You contend was misappropriated by

12   Apple, identify and describe in detail how You were harmed by the alleged

13   misappropriation.

14   **RESPONSE TO INTERROGATORY NO. 13:**

15        Plaintiffs incorporate their General Statement and Objections.   Plaintiffs

16   object to this interrogatory to the extent it seeks information protected by the

17   attorney-client privilege, work product doctrine, or any other applicable

18   privilege or immunity.   Plaintiffs object to this interrogatory on the grounds that

19   it is a contention interrogatory propounded at an early stage of the proceedings

20   when Plaintiffs have not yet had an opportunity to conduct meaningful

21   discovery. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D.

22   275, 287 (N.D. Cal. 1991) (contention interrogatories in complex patent action

23   properly answered at the close of substantive discovery); *see also In re*

24   *Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).

25   Plaintiffs further object to this request as premature to the extent that it calls for

26   expert opinions in advance of the deadlines set forth in the Court's scheduling

27   order.   Plaintiffs further object to this interrogatory because it prematurely seeks

28   information that would be relevant only to Plaintiffs' trade secret claims because

-31-

the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement. Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs. Plaintiffs intend to supplement this interrogatory after a protective order has been entered in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs' trade secrets derive actual and potential independent economic value from not being generally known and giving Plaintiffs an actual and potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use. Apple's misappropriation has deprived Plaintiffs of that actual and potential value. By wrongfully obtaining access to and using Plaintiffs' trade secrets, Apple deprived Plaintiffs of the business advantage Plaintiffs have over others, as well as misappropriated to Apple a business advantage over others that should exclusively belong to Plaintiffs.

Apple has improperly and unjustly benefitted from its misappropriation through head start, avoided development costs, increased sales, increased convoyed sales, increased revenue, increased brand and product recognition, and avoided licensing fees.

The harm Plaintiffs have suffered from Apple's trade secret misappropriation includes: Apple's disclosure of Plaintiffs' trade secrets in some of Apple's patents and patent applications, which published after January 10, 2017; Apple's use of Plaintiffs' trade secrets to file those patents and patent applications; Apple's use of Plaintiffs' trade secrets to obtain those patents and patent applications and cast a cloud on Plaintiffs' ongoing ability to continue to exploit their trade secrets; Plaintiffs' having to compete against products that were developed using and which incorporate Plaintiffs' trade secrets; Plaintiffs' having to compete against products that were developed as a result of the head

start Plaintiffs' trade secrets provided; Plaintiffs' lost sales, lost convoyed sales, and other lost revenue; Plaintiffs' lost licensing revenue; Plaintiffs' lost research and collaboration opportunities; and Plaintiffs' lost investment value and lost business value.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 14:**

Identify and describe in detail any assessments and/or valuations of the Asserted Patents and/or any Related Patents and Applications, performed by You or for You, in Your possession, or of which You have knowledge, including, without limitation, any assessments and/or valuations performed in connection with any acquisition of, licensing of, or transfer of any rights in the Asserted Patents and/or any Related Patents and Applications, any consideration paid for or pricing associated with the acquisition of, licensing of, or transfer of any rights in the Asserted Patents and/or any Related Patents and Applications, or any assessments and/or valuations performed or discussed concerning any products involving the Asserted Technologies, whether such products are Yours or those of third parties, including, without limitation, identifying and describing in detail all Documents and Communications relating to such assessments and/or valuations and identifying the three (3) Persons most knowledgeable about any such assessments and/or valuations.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Plaintiffs further object that this interrogatory is vague and ambiguous because it is unclear what Apple means by the phrases "consideration paid for or pricing associated with the acquisition of, licensing of, or transfer of any rights" in certain patents, and "assessments and/or valuations performed or discussed concerning any products involving" certain technologies.  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs are not presently aware of any non-privileged assessments or valuations of the patents Plaintiffs are asserting against Apple in this litigation.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**INTERROGATORY NO. 15:**

State whether any assessment, investigation, or prior art search

-34-

concerning the validity, invalidity, enforceability, or unenforceability of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications has been performed by You or for You, is in Your possession, or of which You have knowledge, and identify and describe in detail all Documents and Communications, including without limitation, Prior Art, ever known or identified by or to You, the named inventors of any of the Asserted Patents, or any Person substantively involved in the prosecution of any of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications (including any attorney or patent agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of any of the Asserted Patents, their foreign counterparts, any Related Patents and Applications, or any other patent listing one or more named inventors on the cover as an inventor, including English language translations thereof, including any invalidity contentions served on You in any other actions or proceedings involving the any of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications before any tribunal or agency, including, without limitation, in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.), commenced November 8, 2018.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a

1    single interrogatory.

2          Subject to and without waiving the foregoing objections, Plaintiffs

3    respond as follows:

4          Each individual associated with the filing and prosecution of the patents

5    Plaintiffs are asserting against Apple in this litigation disclosed to the Patent

6    Office all information known to that individual to be material to patentability.

7    That information is set forth in the prosecution file history of each patent and is

8    believed to be set forth on the face of each patent.  Pursuant to Fed. R. Civ.

9    P. 33(d), Plaintiffs will produce any additional references alleged to be prior art

10   to the patents Plaintiffs are asserting against Apple in this litigation, and any

11   invalidity contentions regarding the patents Plaintiffs are asserting against

12   Apple in this litigation, that were produced in prior litigation.

13         Discovery in this matter has only recently begun, the Court has not

14   entered a Protective Order, Apple has not yet filed an Answer or provided any

15   discovery, and Plaintiffs are continuing to investigate the subject matter of this

16   interrogatory.   Plaintiffs reserve the right to amend and/or supplement this

17   interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil

18   Procedure as they identify additional information.

19   **INTERROGATORY NO. 16:**

20         State all facts and identify and describe in detail all Documents

21   supporting any contention by You that the Asserted Technologies are the basis

22   for, contribute to, or drive consumer demand for any product which Plaintiffs

23   allege competes with the Accused Products.

24   **RESPONSE TO INTERROGATORY NO. 16:**

25         Plaintiffs incorporate their General Statement and Objections.  Plaintiffs

26   object to this interrogatory to the extent it seeks information protected by the

27   attorney-client privilege, work product doctrine, or any other applicable

28   privilege or immunity.  Plaintiffs further object to this interrogatory to the extent

it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery.  *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (contention interrogatories in complex patent action properly answered at the close of substantive discovery); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this interrogatory as premature to the extent it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Masimo's monitoring products practice U.S. Patent Nos. 8,457,703 and 10,433,776.

Plaintiffs' investigation into this issue continues.

Discovery in this matter has only recently begun, the Court has not entered a Protective Order, Apple has not yet filed an Answer or provided any discovery, and Plaintiffs are continuing to investigate the subject matter of this interrogatory.  Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.  In particular, Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order.

**INTERROGATORY NO. 17:**

State in detail all factual and legal bases for Your contention that You are entitled to any relief in this case, including but not limited to, monetary damages

and injunctive relief, including, without limitation, identifying and describing in detail all Documents and Communications relating to such contention and identifying all individuals having information about such contention.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiffs incorporate their General Statement and Objections.  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Plaintiffs further object to this interrogatory as compound and contend that it should be counted as multiple interrogatories because it combines multiple requests for information into a single interrogatory.  Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery.  *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (contention interrogatories in complex patent action properly answered at the close of substantive discovery); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985).  Plaintiffs further object that this interrogatory seeks highly confidential information belonging to Plaintiffs.  Plaintiffs further object to this interrogatory as premature to the extent it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs seek restitution, disgorgement, lost profits, price erosion, and/or reasonable royalties, compensatory damages, punitive damages, and/or exemplary damages.  Plaintiffs also seek their reasonable attorneys' fees, costs,

1    and interest.   Plaintiffs are also seeking equitable relief in the form of an
2    injunction against further misappropriation and infringement.

3        Plaintiffs are entitled to compensatory damages for their actual loss from
4    Apple's trade secret misappropriation.   Plaintiffs suffered lost profits, loss of
5    investment value of the trade secrets, and loss of business value.

6        Plaintiffs are also entitled to compensatory damages based on Apple's
7    unjust enrichment.   Apple generated profits due to the use of Plaintiffs' trade
8    secrets.   Apple filed some patent applications and obtained patents, which
9    published after January 10, 2017, due to the use and disclosure of some of
10   Plaintiffs' trade secrets.   Apple also unjustly benefited from the saved cost of
11   development and a head start period based on Apple's misappropriation of
12   Plaintiffs' trade secrets.

13       Masimo lost sales and would have sold additional products but for
14   Apple's trade secret misappropriation and sales of infringing products.   *See*
15   *generally Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995) (*en*
16   *banc*).   Masimo also made sales at lower prices than Masimo would have but for
17   Apple's trade secret misappropriation and sales of infringing products.   The
18   pulse oximetry sensors, cables, and other accessories that Masimo would have
19   sold over the life of the Masimo monitor products that it would have sold are
20   convoyed sales in that they function together to achieve the desired result, and
21   are considered components of a single assembly or parts of a complete machine,
22   and Masimo would have made sales of these components over the life Masimo's
23   monitor products.   *See generally Juicy Whip, Inc. v. Orange Bang, Inc. 382 F.3d*
24   *1367* (Fed. Cir. 2004).

25       Plaintiffs are not aware of any acceptable and available non-infringing
26   alternatives.    To the extent any acceptable and available non-infringing
27   alternatives existed, Masimo would still be entitled to lost profits based on
28   Masimo's share of the market.   *See State Industries, Inc. v. Mor-Flo Industries,*

-39-

1  *Inc.*, 883 F.2d 1573 (Fed. Cir. 1989).   Masimo had the manufacturing and

2  marketing capability to make additional sales because Masimo could easily have

3  met the market demand.   Plaintiffs' claim for lost profits set forth above is based

4  generally on 35 U.S.C. § 284; *Rite-Hite Corp.*; *Panduit Corp. v. Stahlin Bros.*

5  *Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978) and its progeny.

6      In the alternative, Plaintiffs would be entitled to damages in an amount

7  not less than a reasonable royalty for Apple's use and disclosure of Plaintiffs'

8  trade secrets and for Apple's sales of infringing products.   *See* 35 U.S.C. § 284.

9  Plaintiffs have not yet determined what a reasonable royalty rate would have

10  been.

11      Discovery in this matter has only recently begun, the Court has not

12  entered a Protective Order, Apple has not yet filed an Answer or provided any

13  discovery, and Plaintiffs are continuing to investigate the subject matter of this

14  interrogatory.   Plaintiffs reserve the right to amend and/or supplement this

15  interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil

16  Procedure as they identify additional information.   In particular, Plaintiffs

17  expect they may provide additional information in accordance with the expert

18  discovery deadlines set forth in the Court's scheduling order.

19

20                          KNOBBE, MARTENS, OLSON & BEAR, LLP

21

22  Dated:  May 14, 2020          By: */s/*  Perry D. Oldham

23                          Joseph R. Re
                          Stephen C. Jensen
24                          Perry D. Oldham
                          Stephen W. Larson

25                          Attorneys for Plaintiffs,
26                          Masimo Corporation and
                          Cercacor Laboratories, Inc.

27

28

                          -40-

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On May 14, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES (NOS. 1-17)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on May 14, 2020, at Irvine, California.


    /s/  Perry D. Oldham
Perry D. Oldham

32648803

-41-

Exhibit C

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

May 26, 2020

VIA E-MAIL

Perry Oldham
Knobbe, Martens, Olen & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Perry.Oldham@Knobbe.com

Re:     *Masimo v. Apple* – Plaintiffs' Responses to Apple's First Set of Interrogatories

Dear Perry:

I write pursuant to Local Rule 37-1 regarding several deficiencies in Plaintiffs' Responses to Apple's First Set of Interrogatories (the "Interrogatories").  Please note that Apple's review of Plaintiffs' Responses to the Interrogatories is ongoing, and the issues discussed below are not exhaustive.  Apple reserves the right to raise additional issues with respect to Plaintiffs' Responses to the Interrogatories in the future.

***Interrogatory No. 1:***  Interrogatory No. 1 requests that Plaintiffs "[i]dentify by name and title at least five people at Masimo and at least five people at Cercacor having the most knowledge about or responsibility for Masimo's products and Cercacor's products."  In response, Plaintiffs objected to the Interrogatory as "vague, ambiguous, or unintelligible, particularly to the extent it purports to ask Plaintiffs to identify at least five persons 'having the most knowledge about or responsibility for' a variety of topics."   Plaintiffs' professed confusion about how they could identify who might have the "most" knowledge of or responsibility for a topic is at the very least disingenuous given that Plaintiffs' Interrogatory No. 1 to Apple requests that Apple likewise identify individuals "who are most knowledgeable" about a range of topics.  Surely Plaintiffs believe it is possible to answer Apple's Interrogatory No. 1, or else their mirror-image Interrogatory to Apple was not propounded in good faith.  Plaintiffs identified seven individuals who "may have knowledge about one or more of the cited topics," but did not include those individuals' titles or identify whether they worked for Masimo or Cercacor.  Please confirm that Plaintiffs will amend their response to Interrogatory No. 1 to include the requested information and to identify for each individual the responsive products for which the individual has knowledge or responsibility.

**GIBSON DUNN**

Perry Oldham
May 26, 2020
Page 2

***Interrogatory No. 2:***  Interrogatory No. 2 requests that Plaintiffs "[s]eparately for each Asserted Claim of each Asserted Patent that Plaintiffs contend Apple has infringed or is infringing, describe in detail all facts relevant to the alleged priority date for that claim." Plaintiffs presently refuse to answer this Interrogatory on the grounds that "[e]ach asserted patent is entitled to a presumption of validity" and Apple is not due to disclose any invalidity contentions until September 7, 2020.  Plaintiffs' refusal to answer is improper.  Inventorship, conception, diligence, reduction to practice, and priority date is all information Plaintiffs should provide regardless of Apple's invalidity theories.  Apple is entitled to know the earliest priority date Plaintiffs are asserting.  Apple needs to know this information to prepare its invalidity contentions.  Please confirm that Plaintiffs will amend their response to Interrogatory No. 2 to include the requested information.

***Interrogatory No. 5:***  Interrogatory No. 5 requests that Plaintiffs, "[f]or each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs."  In response, Plaintiffs provide a laundry list of claim elements that appear in one of the Apple Patents, and assert, in conclusory fashion, that Marcelo Lamego must have gotten the information from Masimo or Cercacor.  The response is based on speculation and insinuation and short on facts.  Please confirm that Plaintiffs will amend their response to Interrogatory No. 5 to identify what facts they have to support Plaintiffs' contentions and the specific elements Lamego allegedly obtained from Plaintiffs.

***Interrogatory Nos. 6-13:***  Plaintiffs responded to all of Apple's Interrogatories concerning Plaintiffs' alleged Trade Secrets by stating that the Interrogatories are "premature" because they "seek[] information that would be relevant only to Plaintiffs' trade secret claims because the Court has stayed such discovery until Plaintiffs provide their 2019.210 statement." Plaintiffs also asserted that "[m]aintaining such interrogatories is a violation of the Court's April 17, 2020, order."  At this point, Plaintiffs' objections are made in bad faith.  At the very least, they are nonsensical.  As I previously explained in my May 11 letter to you, Section 2019.210 pertains only to the commencement of discovery by the party alleging misappropriation.  *See* Cal. Civ. Code Proc. § 2019.210 ("before commencing discovery relating to the trade secret, *the party alleging misappropriation* shall identify the trade secret with reasonable particularity") (emphasis added).  Accordingly, while Plaintiffs' trade secret discovery to Apple has been stayed, Apple's discovery regarding Plaintiffs' trade secret allegations has not.  Plaintiffs' refusal to provide detailed information about its alleged trade secrets in response to Apple's Interrogatories only perpetuates the problem and the need for a stay of Plaintiffs' trade secret discovery to Apple.  Indeed, the information Plaintiffs provided in their responses to Interrogatories Nos. 6-13 is so high level as to be meaningless:

**GIBSON DUNN**

Perry Oldham
May 26, 2020
Page 3

It does not enable Apple to even begin to evaluate its defenses against the trade secret claim. Please confirm that Plaintiffs will amend their responses to Interrogatory Nos. 6 through 13 to provide the requested information with respect to each of Plaintiffs' alleged trade secrets. Consistent with Apple's agreement to limit the scope of RFP No. 69, Apple agrees to limit Interrogatory No. 6 so as not to request that Plaintiffs identify "the nature and level of involvement of each such Person."

With respect to the foregoing Interrogatories, we are at an impasse. The same issue arose with respect to Apple's trade secret-related RFPs, and Plaintiffs refused to budge for the same reasons Plaintiffs set forth in response to Apple's trade secret-related Interrogatories. Please let us know immediately if you disagree and instead intend to provide information responsive to each of these Interrogatories in short order. If Plaintiffs are maintaining their position that there is a stay in place preventing Apple's discovery of this trade secret-related information from Plaintiffs, as Plaintiffs did with respect to Apple's trade secret-related RFPs, there is no reason to drag this out (other than intentional delay on Plaintiffs' part).

***Interrogatory No. 14:***  Interrogatory No. 14 requests that Plaintiffs "[i]dentify and describe in detail any assessments and/or valuations of the Asserted Patents and/or any Related Patents and Applications." In response, Plaintiffs stated that they "are not presently aware of any non-privileged assessments or valuations of the patents Plaintiffs are asserting against Apple in this litigation." Please confirm that Plaintiffs will amend their response to Interrogatory No. 14 to identify whether they are withholding any identification of valuations (as distinct from assessments) of the Asserted Patents on the grounds of privilege, and, if so, to state their purported basis for asserting privilege over such valuations.

***Interrogatory No. 16:***  Interrogatory No. 16 requests that Plaintiffs "[s]tate all facts and identify and describe in detail all Documents supporting any contention by You that the Asserted Technologies are the basis for, contribute to, or drive consumer demand for any product which Plaintiffs allege competes with the Accused Products." Plaintiffs stated only that "Masimo's monitoring products practice U.S. Patent Nos. 8,457,703 and 10,433,776." Even though it is early in the case, this response is plainly insufficient given the number of monitoring products Plaintiffs make. Please confirm that Plaintiffs will amend their response to Interrogatory No. 16 to identify which of Plaintiffs' monitoring products practice which patents and explain whether and how the patented features drive demand, if at all, for those products.

***Interrogatory No. 17:***  Interrogatory No. 17 requests that Plaintiffs "[s]tate in detail all factual and legal bases for Your contention that You are entitled to any relief in this case, including but not limited to, monetary damages and injunctive relief." Plaintiffs' response identifies the legal bases for Plaintiffs' contentions, but provides few facts. Please confirm

**GIBSON DUNN**

Perry Oldham
May 26, 2020
Page 4


that Plaintiffs will amend their response to Interrogatory No. 17 to identify the products for which they allegedly lost sales and the products for which they allegedly had to reduce their pricing, to support Plaintiffs' price erosion theory.  In addition, please confirm that Plaintiffs will amend their response to Interrogatory No. 17 to provide the factual basis for each of the alleged categories of trade secret damages.  Finally, Plaintiffs stated that, "[t]o the extent any acceptable and available non-infringing alternatives existed, Masimo would still be entitled to lost profits based on Masimo's share of the market."  Please confirm that Plaintiffs will amend their response to Interrogatory No. 17 to identify what they consider "the market" to be.

*       *       *

Apple is available to meet and confer about these issues this week.  Please confirm as soon as possible whether Plaintiffs are available for a telephonic meet and confer on Thursday, May 28 between 10 am and 1 pm or 2:30 and 4:30 pm, or on Friday, May 29 between 1 and 4:30 pm.  If not, please provide alternative options.

Sincerely,

Ilissa Samplin


cc:  all counsel of record (via e-mail)

# Exhibit D

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct:  +1 213.229.7354
Fax:  +1 213.229.6354
ISamplin@gibsondunn.com

June 6, 2020

<u>VIA E-MAIL</u>

Mark Kachner
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Mark.Kachner@knobbe.com

Re**:**   *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Mark**:**

I write as a follow-up to the parties' meet and confer call on June 3, 2020 about Apple's May 26, 2020 letter regarding Plaintiffs' Responses to Apple's First Set of Interrogatories (1-17). During the meet and confer, Apple raised certain issues Plaintiffs agreed to consider and revisit.  This letter confirms our discussions.

**Apple's Interrogatory No. 1:**  First, Apple questioned Plaintiffs' objection that the Interrogatory is "vague, ambiguous, or unintelligible."  Plaintiffs confirmed that they were not withholding information based on that objection.  Second, Apple explained that Plaintiffs' response did not sufficiently provide the information sought by the Interrogatory because it did not identify titles for the individuals that were identified and it was not clear which individuals were being identified as knowledgeable about Masimo's products versus Cercacor's products.  Plaintiffs responded that they would amend their response and provide titles and an identification of the subject area about which each identified individual is knowledgeable.  Apple will further assess Plaintiffs' response once the amended response is provided.

**Apple's Interrogatory No. 2:**  Apple indicated that this Interrogatory seeks information necessary for Apple to assess Plaintiffs' inventorship and priority claims, and that Plaintiffs' refusal to provide the information prejudices Apple's ability to prepare its invalidity contentions and otherwise prepare its defenses in this case.  Plaintiffs responded that they are willing to provide the earliest priority date for each claim of the Asserted Patents in Plaintiffs' First Amended Complaint and will report back to Apple as to whether they are willing to provide the remainder of the information sought by the Interrogatory.  Plaintiffs

**GIBSON DUNN**

Mark Kachner
June 6, 2020
Page 2

also confirmed that they would amend their response to this Interrogatory shortly after serving their Infringement Contentions so that Apple has sufficient time to consider Plaintiffs' response before preparing its invalidity contentions.

**Apple's Interrogatory No. 5:**  Plaintiffs agreed to supplement their response to this Interrogatory after entry of a Protective Order.  Apple will further assess Plaintiffs' response once the amended response is provided.

**Apple's Interrogatory Nos. 6-13:**  Plaintiffs confirmed that they will provide the information sought by these Interrogatories after entry of a Protective Order, and that they are not withholding information responsive to these Interrogatories based on their bilateral interpretation of the stay imposed by Judge Selna (Dkt. 37).  Likewise, Plaintiffs confirmed that the absence of a Protective Order is the only reason they have yet to respond to these Interrogatories in full.  Apple again asked Plaintiffs to provide a timeline for how long after entry of a Protective Order Plaintiffs will provide the trade secret-related information they have been withholding—including amended responses to these Interrogatories, a Section 2019.210 statement, and documents.  Plaintiffs were unable to provide a specific timeline during the call, but agreed to discuss internally and revert to Apple with the information requested.  Please provide this information as soon as possible.

Plaintiffs further confirmed that when they amend their responses to these Interrogatories, they will do so with specificity for each purported trade secret they allege has been misappropriated.  Apple will further assess the sufficiency of Plaintiffs' responses at that time.

With respect to **Apple's Interrogatory No. 11** in particular, Apple asked for clarification about the "[a]t least the following individuals had access" language.  Plaintiffs responded that this language was used for two reasons:  (1) because Plaintiffs may learn about additional responsive individuals during the discovery process, and (2) because Plaintiffs are withholding certain responsive information pending entry of a Protective Order.  With respect to (2), Apple explained that the identities of the individuals sought by this Interrogatory is not confidential information that would be impacted by a Protective Order.  Plaintiffs agreed to look into this further, and to amend to provide any additional information they are currently aware of but are withholding—or otherwise provide authority for continuing to withhold known, responsive information pending entry of a Protective Order.  We look forward to receiving Plaintiffs' response.

With respect to **Apple's Interrogatory No. 12**, Apple inquired about the following language in Plaintiffs' response:  "Plaintiffs expect they may provide additional information in accordance with the expert discovery deadlines set forth in the Court's scheduling order."  Apple requested that Plaintiffs explain how expert discovery could possibly provide the

**GIBSON DUNN**

Mark Kachner
June 6, 2020
Page 3

information sought by Interrogatory No. 12, namely the identities of "all third parties to whom Your alleged Trade Secrets have ever been disclosed." Plaintiffs did not have a response to Apple's question during the meet and confer, and agreed to reconsider their response accordingly. We look forward to Plaintiffs' response.

**Apple's Interrogatory No. 14:** Apple asked Plaintiffs to confirm that they were not withholding any assessments or evaluations on the grounds of privilege. Plaintiffs stated that they were not aware of any such information being withheld and that if there were, they would be logged on the privilege log. I can confirm that this is acceptable to Apple.

Apple further asked whether Plaintiffs were refusing to provide information regarding any valuations or assessments of patents/applications related to the Asserted Patents. Plaintiffs confirmed that they were not willing to provide such information, as it is their position that such information is not relevant. Apple disagrees with Plaintiffs' position; indeed, valuations or assessments of related patents/applications are highly relevant to the value of the Asserted Patents. Please let us know if you are willing to reconsider your position on this Interrogatory, or if the parties are at an impasse.

**Apple's Interrogatory No. 16:** Apple indicated that Plaintiffs' response to this Interrogatory was insufficient because it does not indicate what products allegedly practice the '703 and '776 Patents or explain how the patented features allegedly drive demand for those products. Apple explained that such information was relevant to Plaintiffs' damages theories; indeed, Plaintiffs' refusal to provide such information prejudices Apple's ability to prepare its damages case. Plaintiffs agreed to supplement their response to specifically identify the products and agreed to provide the remainder of the information sought by the Interrogatory after entry of a Protective Order. Apple will further assess Plaintiffs' response once the amended response is provided.

**Apple's Interrogatory No. 17:** Plaintiffs agreed to supplement their response to this Interrogatory after entry of a Protective Order. Apple will further assess Plaintiffs' amended response on receipt.

*     *     *

We look forward to receiving Plaintiffs' amended Interrogatory responses, as discussed above, as well as Plaintiffs' responses on the various points to which your team agreed to conduct follow-up—including, in particular, Plaintiffs' timeline for serving amended Interrogatory responses after entry of a Protective Order. Apple continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' Interrogatory responses that are not enumerated in this letter.

**GIBSON DUNN**

Mark Kachner
June 6, 2020
Page 4


Sincerely,

Ilissa Samplin


cc:  all counsel of record (via e-mail)

# Exhibit E

## (Filed Under Seal)

# Exhibit F

## (Filed Under Seal)

Exhibit G

**From:** Samplin, Ilissa
**Sent:** Wednesday, September 9, 2020 8:01 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple, 20-cv-00048 - Interrogatory Responses

Mark,

I'm writing in follow-up to our September 4 meet and confer about Plaintiffs' interrogatory responses.  During the meet and confer, you agreed to speak to your team and then get back to me with information about the timing for Plaintiffs' amended responses.  I have not heard from you since.  I look forward to receiving this information by close of business today, September 9.

Interrogatory No. 6:  We discussed two categories of amendments.  First, with respect to the information provided in Plaintiffs' PI Motion that goes beyond the scope of what Plaintiffs provided in their interrogatory response, you agreed that Plaintiffs would amend their interrogatory response to account for the discrepancy.  You agreed that Plaintiffs should be able to serve this amendment shortly.  Please confirm that Plaintiffs will do so by end of week.  Second, with respect to information about all other purported trade secrets, you stated that Plaintiffs would supplement "in time."  When pressed for a date certain, you agreed to go back to your team.  We have not heard from you since.  We reiterate our request for a date certain by which Plaintiffs will provide this information about purported trade secrets they have put at issue in this case.  "In time" is not specific or sufficient.  Apple should not have to wait until the next time Plaintiffs decide to spring responsive information on Apple in an emergency motion (as was the case with Plaintiffs' PI Motion); Apple is entitled to responsive information about the other purported trade secrets now.

Interrogatory No. 7:  We are entitled to answers about each alleged trade secret.  Reasonable measures is an element of Plaintiffs' misappropriation claim with respect to *each* alleged trade secret—a general recitation of measures that does not tie to the specific alleged trade secrets at issue in this case is not a complete response to the interrogatory propounded.  You agreed to discuss this issue with your team.  Please confirm that Plaintiffs will amend their interrogatory response on a per-alleged secret basis.

Interrogatory Nos. 8, 9, and 10:  We can agree to interpret these interrogatories as you did on the call—i.e., that they seek evidence about disclosure "to Apple," as opposed to "by Apple."  But the "by Apple" piece indisputably is covered by Interrogatory No. 10, in response to which Plaintiffs have not provided a sufficient response—e.g., the response is devoid of the line and pages numbers of the patents that purportedly disclose the alleged trade secrets.  You acknowledged that Plaintiffs have more information that they have for some reason not yet supplied in response to Interrogatory No. 10.  As to the information already disclosed in Plaintiffs' PI Motion—but for some reason not in their response to Interrogatory No. 10—you again agreed that Plaintiffs should be able to serve an amended response shortly.  Please confirm that Plaintiffs will do so by end of week.  As to information about all other purported trade secrets, you stated that Plaintiffs would get back to us about the date by which they will supplement.  Please provide that date.

Interrogatory No. 11:  You acknowledged that Plaintiffs' response does not name which of their former employees had access to their purported trade secrets, and that this is an issue considering that Plaintiffs have asserted that "some" of

their former employees had access to their trade secrets, but not "all." You agreed to take this issue back to your team. But we have not heard from you since. Please confirm that Plaintiffs will amend this interrogatory response by end of week to identify the specific former employees, as the information is highly relevant to the pending PI Motion. Further, your assertion that you do not believe it is necessary to identify every single person who had access to the trade secrets is puzzling. How can Plaintiffs assert that information is secret if they do not know all persons who had access? This goes to reasonable measures, an element of Plaintiffs' misappropriation claim. Therefore, to the extent additional names are missing from Plaintiffs' interrogatory response—i.e., in addition to the missing former employee names—that information must be provided expeditiously. Please confirm.

Interrogatory No. 12: You confirmed that there was a cut and paste error in this response, and that Plaintiffs are not waiting on expert discovery to provide a response—but rather that Plaintiffs will supplement as the facts develop, and are not presently withholding any responsive information.

Interrogatory No. 17: Apple is entitled to know the damages Plaintiffs are claiming *per alleged trade secret*, particularly because Plaintiffs have pointed to different types of alleged secrets. What are Plaintiffs' damages theories per secret? What are the damages Plaintiffs seek per secret? What injunctive relief, if any, do Plaintiffs seek per secret? We are entitled to answers and we are not aware of any justification for Plaintiffs' delay.

Thanks,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, September 4, 2020 7:24 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple, 20-cv-00048 - Interrogatory Responses

Mark,

Let's speak at 1 pm PT.

We can use this dial in:

866-747-5969
2132297354#

Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On Sep 3, 2020, at 4:32 PM, Mark.Kachner <Mark.Kachner@knobbe.com> wrote:

[External Email]
Ilissa,

We are available to meet and confer with you tomorrow anytime from 11am – 2pm PDT.  However, because all of the discovery requests addressed in your 8/25 letter relate to trade secret discovery, we think it would be more efficient to talk after the parties meet early next week pursuant to Judge Early's instructions.  If you still would like to meet and confer tomorrow, please let me know.

Best, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**

**Knobbe** Martens

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, September 1, 2020 9:18 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple, 20-cv-00048 - Interrogatory Responses

Mark,

We haven't heard back from you on this letter.  Please confirm that Plaintiffs will respond to the questions posed, as well as provide supplemental responses to Apple's interrogatories, by September 4.  If you would like to meet and confer about the letter, please propose a time this week so that we can get it on calendar.

Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

3

**From:** Samplin, Ilissa
**Sent:** Tuesday, August 25, 2020 6:09 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple, 20-cv-00048 - Interrogatory Responses

Mark,

Please see the attached correspondence.

Best regards,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Exhibit H

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

1925 Century Park East, Suite 600, Los Angeles, CA 90067
**T** (310) 551-3450

Mark Kachner
Mark.Kachner@knobbe.com

September 11, 2020

**<u>VIA EMAIL</u>**

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Angelique:

We write to respond to your September 9, 2020 email regarding follow-up from our September 4, 2020 meet and confer.

Apple's Interrogatory No. 6

We disagree with your account of the meet and confer, including your statement that we would supplement our interrogatories at some vague "time" in the future.  We recognized our obligation under Rule 26 to supplement throughout discovery.  However, there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process . . .."  Fed. R. Civ. P. 26, Advisory Committee Notes.  Moreover, "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches."  *Id.*

With respect to information you requested from Plaintiffs' Motion for Preliminary Injunction, we are not required to supplement immediately to provide the same information that Apple already has from the briefing on the Motion for Preliminary Injunction.  However, we will include this same information, which Apple already has, with our next supplemental response.

As for the other information that you are requesting, as I explained during the meet and confer, we also disagree that our response is inadequate at this stage.  Nevertheless, we will provide additional information about the development of Plaintiffs' other trade secrets.  As you know, the parties recently agreed that Plaintiffs will provide their Section 2019.210 disclosure on October 9.  Because the information that you are requesting is dependent on that disclosure, Plaintiffs will supplement their response to this Interrogatory by October 16.

Apple's Interrogatory No. 7

During the meet and confer, I asked Apple to provide authority supporting its demand that we separate out Plaintiffs' efforts to maintain secrecy on a trade-secret-by-trade-secret basis.  Apple provided no such authority.  As I explained during the meet and confer, Plaintiffs provided a complete response

based on their investigation to date.  Plaintiffs will supplement if they learn additional facts, including any differences in how each trade secret is protected.

Apple's Interrogatory Nos. 8 and 9

We disagree with your characterization that the parties are merely "interpreting" these Interrogatories as seeking evidence about disclosure "to Apple."  Interrogatory No. 8 is limited to trade secrets "disclosed, accessed, or otherwise provided ***to Apple***," and Interrogatory No. 9 is limited to the Plaintiffs' "response to Interrogatory No. 8."  We are glad to see Apple now agrees that these Interrogatories mean what they say and that the parties have no dispute on Plaintiffs' responses to these Interrogatories at this time.

Apple's Interrogatory No. 10

We also disagree that our response to Interrogatory No. 10 is inadequate.  As discussed above with respect to Interrogatory No. 6, we are not required to supplement immediately to provide the same information from the Motion for Preliminary Injunction that Apple already has.  However, we will include that same information with our next supplemental response.  We will provide that supplemental response by October 16.  That response will include information from the Motion for Preliminary Injunction and information that Plaintiffs know based on public information.  However, much of the information about how Apple's products or sales/marketing efforts use Plaintiffs' trade secrets is within Apple's possession, custody, or control.  Thus, Plaintiffs will supplement their response to include those facts as discovery proceeds.

Apple's Interrogatory No. 11

As we discussed at the meet and confer, Apple appears to be requesting that Plaintiffs conduct an exhaustive investigation and list every single employee who has ever had access to each trade secret.  Such a request is overly burdensome and not proportional to the needs of this case, particularly at this stage and particularly because all of Plaintiffs' employees are under contractual duties to maintain the secrecy of Plaintiffs' trade secrets.  Plaintiffs provided a complete response based on their investigation to date.  Plaintiffs will supplement if they learn additional facts.

Apple's Interrogatory No. 17

During the meet and confer, I asked Apple to provide authority supporting the level of detail that Apple is requesting at this stage in the case.  Apple provided no such authority.  Plaintiffs provided a complete response based on their investigation to date.  Plaintiffs will supplement their responses as they learn new facts during discovery.

Best regards,

Mark D. Kachner

33486151

# Exhibit I

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

September 28, 2020

<u>VIA E-MAIL</u>

Mark Kachner
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Mark.Kachner@knobbe.com

Re**:**   *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Mark:

I write in response to your September 11 letter regarding the parties' September 4 meet and confer about certain of Plaintiffs' responses to Apple's interrogatories.

We disagree with the notion that Plaintiffs' interrogatory responses must await service of Plaintiffs' Section 2019.210 disclosure. These trade secret-related interrogatories have been pending for months; Apple is entitled to complete responses now. In the interest of compromise, we are willing to agree to receive Plaintiffs' Section 2019.210 disclosure and amended interrogatory responses on the same date, October 9. That will have given your team *weeks* to get this material together. We see no reason why Plaintiffs should need an additional week for their amended interrogatory responses, and you have not even purported to supply one. Please confirm that Plaintiffs will provide their amended interrogatory responses by no later than October 9. If not, please immediately provide your availability for a meet and confer on Tuesday, September 29.

Separately, we disagree with many of the assertions in your September 11 letter—including your characterization of Apple's position on Interrogatory Nos. 8 and 9. But in the interest of moving these disputes forward, I will focus this correspondence on Interrogatory No. 11, as well as your suggestion that Apple had some obligation to provide, and failed to provide, legal authority to support its positions with respect to Interrogatory Nos. 7 and 17.

<u>Apple's Interrogatory No. 7</u>:  We are surprised that Plaintiffs continue to resist breaking out their efforts to maintain secrecy on a trade-secret-by-trade-secret basis. That is Plaintiffs' burden in this case—to prove that reasonable measures were taken to protect the secrecy of

**GIBSON DUNN**

Mark Kachner
September 28, 2020
Page 2

*each* of their allegedly misappropriated trade secrets.  The CUTSA could not be more clear
on that point.  Cal. Civ. Code. 3426.1(d) ("Trade secret," in the singular, means information
that derives independent economic value from not being generally known to the public or
others who can obtain economic value from "*its*" disclosure or use and "[i]s the subject of
efforts that are reasonable under the circumstances to maintain *its* secrecy") (emphases
added); *see Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28,
2014) (instructing plaintiff to set forth "a description of how *each secret* has been the subject
of reasonable efforts to maintain its secrecy") (emphasis added); *see also Openwave
Messaging, Inc. v. Open-Xchange, Inc.*, 2018 WL 2117424, at *4 (N.D. Cal. May 8,
2018).  The purpose of this interrogatory is to flesh out Plaintiffs' position on reasonable
measures with respect to each alleged trade secret.  In a case where a plaintiff has an
evidentiary burden with respect to multiple distinct trade secrets, it would make no sense for
that plaintiff to be able to hide behind one generalized statement that does not address the
distinct trade secrets.  Indeed, courts regularly direct plaintiffs to respond to interrogatories
by trade secret for this reason.  *See, e.g.*, *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2006 WL
8442954, at *4 (N.D. Cal. Sept. 6, 2006) ("The court ORDERS KOT to supplement its
response *as to each trade secret* with more specific dates, if it can, or with a statement
explaining why it cannot.") (emphasis added).

Apple's Interrogatory No. 11:  Plaintiffs have not provided a complete response to this
interrogatory.  Indeed, during our meet and confer call you recognized that Plaintiffs failed to
name which of their former employees purportedly had access to Plaintiffs' trade secrets—
which is a problem given that Plaintiffs have asserted that "some," but not "all," of their
former employees had access to Plaintiffs' trade secrets.  If this interrogatory response is in
fact based on Plaintiffs' reasonable investigation to date, as you contend it is, then it should
identify the "some" former employees by name.  Moreover, Plaintiffs' interrogatory response
purports to identify the individuals that had "access to *some* aspects of Plaintiffs' trade
secrets."  This suggests that Plaintiffs' investigation has identified the specific trade secrets
to which each specific individual had access.  That is information to which Apple is entitled,
yet it is missing from Plaintiffs' interrogatory response.  Please confirm that Plaintiffs will
amend their response to this interrogatory to correct these deficiencies.

Apple's Interrogatory No. 17:  We are not sure what authority you seek.  Damages are an
element of Plaintiffs' trade secret claim.  Apple is, of course, entitled to know what Plaintiffs
claim as those damages.  If Plaintiffs are not aware of their damages, their interrogatory
response should say that.  But we are not aware of any authority for Plaintiffs' steadfast
refusal to provide *any* damages-related information in response to this interrogatory.  If
Plaintiffs have a case that stands for the proposition that a trade secret plaintiff can withhold
damages related information until expert discovery, we would be happy to review and
consider it.  But we are not aware of any such authority, and given that damages is an

# GIBSON DUNN

Mark Kachner
September 28, 2020
Page 3

element of the claim on which Plaintiffs carry the burden, we reiterate our request for this information.

We look forward to receiving your response on Interrogatory Nos. 7, 11, and 17 by no later than Thursday, October 1.

Sincerely,

Ilissa Samplin

cc: all counsel of record (via e-mail)

# Exhibit J

## (Filed Under Seal)

# Exhibit K

## (Filed Under Seal)

# Exhibit L

## (Filed Under Seal)

# Exhibit M

## (Filed Under Seal)

# Exhibit N

## (Filed Under Seal)

# Exhibit O

(Filed Under Seal)

# Exhibit P

## (Filed Under Seal)