1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13**<br><br>Hon. John D. Early |
|---|---|

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-cv-00048-JVS (JDEx)

This matter is before the Court pursuant to Defendant Apple Inc.'s ("Apple") Motion to Compel Supplemental Responses to Interrogatories 6, 10, 11, and 13 under Federal Rule of Civil Procedure 37 and Local Rule 37-2.

Having considered the documents filed in support of and in opposition to the motion, including the parties' Joint Stipulation and the parties' declarations and exhibits, the argument of counsel, and all other matters properly before the Court, being fully advised on the proceedings, and for good cause appearing:

IT IS HEREBY ORDERED that Apple's Motion to Compel is GRANTED, and Plaintiffs shall amend their responses to Apple's Interrogatories 6, 10, 11, and 13 as follows:

1. For Interrogatory 6, Plaintiffs shall provide a response that describes in detail how they allegedly developed *each* of the alleged trade secrets they contend Apple misappropriated, including the circumstances under which Plaintiffs conceived of such alleged trade secret, the identity of each person involved in the conception, design, development, and/or use of such alleged trade secret, and the nature and level of involvement of each such person.

2. For Interrogatory 10, Plaintiffs shall provide a response that states, for *each* alleged trade secret Plaintiffs contend was misappropriated by Apple, how Plaintiffs contend Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged trade secret, including by providing (1) concrete allegations to support the conclusion that the presence of any of the features of the Apple Watch Plaintiffs identify as secret was necessarily the result of misappropriation, rather than the product of independent research, and (2) factual details about how Apple allegedly induced Lamego and O'Reilly to breach their confidentiality agreements and disclose Plaintiffs' alleged trade secrets.

3. For Interrogatory 11, Plaintiffs shall provide a response that identifies, for *each* alleged trade secret Plaintiffs contend was misappropriated by Apple,

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-cv-00048-JVS (JDEx)

all individuals, whether Plaintiffs' employees or independent contractors or consultants, who at any time had access to the trade secret, including the period of time over which the individuals had such access.

4. For Interrogatory 13, Plaintiffs shall provide a response that identifies and describes in detail, for *each* alleged trade secret Plaintiffs contend was misappropriated by Apple, how Plaintiffs were harmed by the alleged misappropriation.

**IT IS SO ORDERED.**

Dated: _____  _____

The Honorable John D. Early
United States Magistrate Judge

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-cv-00048-JVS (JDEx)