## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### ***REDACTED CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

---

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:    [IN CHAMBERS] <u>Order Regarding Motion to Dismiss Thirteenth Cause of Action of the Third Amended Complaint</u>**

Defendant Apple Inc. ("Apple") filed a motion to dismiss the thirteenth cause of action, alleging trade secret misappropriation, in the third amended complaint ("TAC") of Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively – "Plaintiffs"). MTD, ECF No. 241. Plaintiffs filed an opposition. Opp'n, ECF No. 247-1. Apple filed a response. Reply, ECF No. 252-1. Apple also filed a request for judicial notice. RJN, ECF No. ECF 238-3. Plaintiffs did not file an opposition to the RJN. Plaintiffs subsequently filed a request for oral argument. ROA, ECF No. 262-1.

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

### I. BACKGROUND

The background of this case is well known to the parties and is only recited here to the extent necessary to frame the discussion below. This case concerns technology for monitoring physiological parameters, such as pulse rate. <u>See</u> TAC, ECF No. 233, ¶¶ 9-16. In 2014, Apple recruited Marcelo Lamego, who was the Chief Technical Officer of Cercacor and a Research Scientist at Masimo. <u>Id.</u> ¶ 21, 24. Lamego had access to "highly confidential technical information," "was taught about the keys to effective non-invasive monitoring," and "learned guarded secrets regarding Plaintiffs' mobile medical products." <u>Id.</u> ¶ 22. Plaintiffs' thirteenth cause of action, for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), alleges that Apple misappropriated Plaintiffs' confidential information from former employees who left Plaintiffs to work for Apple, including Lamego. <u>Id.</u> ¶ 223-52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

The trade secrets that Plaintiffs allege Apple misappropriated "include, but are not limited to, Plaintiffs' technical information, sales and marketing information, and other business information relating to non-invasive monitoring of physiological parameters and products to perform such monitoring." Id. ¶ 39. Plaintiffs allege that "Apple misappropriated at least the following specific trade secrets":

On June 25, 2020, the Court dismissed Plaintiffs' claim of trade secret misappropriation in its First Amended Complaint ("FAC") for Plaintiffs failing to plead its trade secrets "in a manner that gives Apple fair notice of the claim." FAC Order, ECF No. 60, at 8. Plaintiffs subsequently filed the SAC at issue in this case. SAC, ECF No. 89-1. On October 13, 2020, the Court dismissed the same claim on the same basis. SAC Order, ECF No. 219, at 7. Plaintiffs filed their TAC on November 13. TAC.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

*A.    Request for Judicial Notice*

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

Apple requests that the Court take judicial notice of 22 separate documents. RJN at 1-5. The Court will take judicial notice of Exhibits 1, 2, 5, 7-12, and 14-16, as well as ECF Nos. 28-28, 28-29, 28-30, and 38-6 because each of these documents is a document filed by or with the United States Patent and Trademark Office ("USPTO") and publicly available through databases. See RJN at 5-6 (citing Threshold Enterprises Ltd. v. Pressed Juicery, Inc., 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                    Date   January 6, 2020

Title   Masimo Corporation et al. v. Apple Inc.

The Court also takes notice of Exhibits 3, the abstract of an article published in a scientific journal; 6, a press release on Masimo's website; and 13, a public document on the USPTO website, because each is a matter of public record. The Court does not, however, take judicial notice of any disputed facts within those documents. See Khoja, 899 F.3d at 999. The Court takes notice of Exhibit 17 and ECF 38-5 because each of those documents is relied on by the TAC. See TAC ¶¶ 44 (citing MASA00080451, the label given in discovery to Exhibit 17) and 229 (mentioning "a letter dated January 24, 2014, from Plaintiffs," which is ECF 38-5).

The Court declines to take judicial notice of Exhibit 4, a Wikipedia page for ▮▮▮▮▮▮▮▮▮ however. There is no exception that allows a Court to take judicial notice of any fact found on the Internet. While Courts may sometimes take judicial notice of documents accessible on the Internet, that does not extend to Wikipedia pages, which can be freely edited by whoever has an Internet connection.

### B.  *Trade Secret Misappropriation*

To prove a prima facie case of trade secret misappropriation, the CUTSA "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (Cal. Ct. App. 2008) (citing Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (Cal. Ct. App. 2003)). See also Cal. Civ. Code § 3426.1.

### 1.  *Ownership of a Trade Secret*

"To adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure of California, LLC v. SoCal Commercial Insurance Services, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019) (emphasis added) (internal citation and quotation marks omitted). Although the plaintiff need not define every minute detail, "[t]he Ninth Circuit has rejected the use of 'catchall' language, holding that such language is insufficiently specific 'because it does not clearly refer to tangible trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

secret material." Id. (internal citation and quotation marks omitted). The pleadings "must have enough specificity to provide both the Court and defendants with notice of the boundaries of this case." Citcon USA, LLC v. RiverPay Inc., 2018 WL 6813211, at *4 (N.D. Cal. Dec. 27, 2018) (internal citation omitted). A "laundry list of items . . . does not meaningfully define the trade secrets at issue." Invisible Dot, Inc. v. DeDecker, 2019 WL 1718621, at *5 (C.D. Cal. Feb. 6, 2019).

The Court notes that Plaintiffs have made several relevant changes to their trade secret allegations from the SAC. First, what used to be paragraph 39 has been deleted. See SAC ¶ 39. Second, the phrase "at least" has been removed from what used to be paragraph 40, which is now paragraph 39. TAC ¶ 39. Third, the word "including" no longer precedes each trade secret. Id. ¶¶ 40-45. Fourth, the term "Confidential Information" was defined to include the trade secrets listed in paragraphs 40 through 45. Id. ¶ 46. Finally, the word "appropriateness" was added to the final subparagraph of paragraphs 40 through 45 so that the TAC alleges that the "value, importance, and appropriateness" of the trade secrets alleged in the other subparagraphs are themselves a trade secret. Id. ¶¶ 40-45.

Apple makes several arguments for why these changes still are insufficient, each of which the Court addresses in turn.

####    a.    Non-Exhaustive List of Trade Secrets

First, Apple makes several arguments for why it believes that Plaintiffs are alleging a non-exhaustive list of trade secrets. Mot. at 3-5. For example, "[f]or each and every alleged category of trade secrets, Plaintiffs now claim as a secret the . . . 'value, importance, and appropriateness' of each alleged secret in the entire category." Id. at 3-4. Apple argues that this amounts to using "catchall" language that fails to describe the secret with sufficient particularity. Id. But Plaintiffs are referring to the "value, importance, and appropriateness" of a set list of trade secrets. The scope of this phrase is necessary circumscribed by the preceding lists of trade secrets, meaning that it cannot be later used as a means for claiming trade secrets about which Apple does not have notice. See Opp'n at 4-5.

Apple next argues that Plaintiffs' use of the words "at least" suggests that their list of trade secrets is not exhaustive. Mot. at 4; Reply at 13-14. But Plaintiffs are not using

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

the word "at least" in a way that leaves them room to assert new trade secrets later. Apple only points to instances where Plaintiffs use the phrase "at least one of the following," a phrase that in fact suggests selection of one or more items from a closed list. See TAC ¶¶ 43 (Nos. 4-5).[1]

Apple also contends that Plaintiffs use the term "Confidential Information" in a way that would allow them to smuggle into the case what is broadly defined as "confidential information" in Lamego's Employee Confidentiality Agreement. Mot. at 4-5. But the TAC clearly defines "Confidential Information," with capital letters, as the trade secrets mentioned in paragraphs 40 to 45. This is unambiguous and does not allow for Plaintiffs to import the definition of confidential information in Lamego's Employee Confidentiality Agreement.

      *b.     Distinction from Generally Known Information*

Second, Apple contends that Plaintiffs do not describe some of their trade secrets in a way that allows for them to be distinguished from information generally known in the trade. Mot. at 5-11. As stated earlier, "[t]o adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure, 2019 WL 4137618, at *3 (internal citation and quotation marks omitted). The Court clarifies that this standard does not mean that failure to describe one trade secret with sufficient particularity to separate it from matters of general knowledge will lead to dismissal of a misappropriation claim with respect to all trade secrets. So long as a single trade secret is alleged in a way that separates it from matters of general knowledge of the trade, then the defendant will have notice of the existence of that trade secret and the misappropriation claim against it for that trade secret. The scope of discovery can consequently be appropriately tailored, and the defendant will be capable of forming "complete and well-reasoned defenses" as to the misappropriation of that trade secret. See Altavion, Inc. v. Konica Minolta Systems

---

[1]Nor does stating that a method described in a trade secret could "optionally" include an additional feature make the overall list of trade secrets non-exhaustive. See Mot. at 6. What follows the word "optionally" is a single additional feature that could be incorporated and about which Apple has notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

Laboratory, Inc., 226 Cal. App. 4th 26, 44 (2014). As such, the failure to describe one trade secret with sufficient particularity properly leads to the dismissal of the misappropriation claim with respect to that trade secret alone.[2]

Moreover, to the extent that a defendant believes that an alleged trade secret is already disclosed by patents, see Mot. at 5-7, the appropriate time to raise such an argument is during summary judgment. "Whether the alleged trade secrets are actually generally known to the public is a question of fact and beyond the scope of a motion to dismiss." MACOM Technology Solutions Inc. v. Litrinium, Inc., 2019 WL 4282906, at *7 (C.D. Cal. June 3, 2019) (citing Nelson Bros. Professional Real Estate LLC v. Jaussi, 2017 WL 8220703, at *5 (C.D. Cal. Mar. 23, 2017)). Such an approach is consistent with the maxim that when deciding a motion to dismiss, the Court must assume all well-pleaded facts to be true. See Iqbal, 556 U.S. at 678. It also allows discovery's "iterative process[,] where requests between parties lead to a refined and sufficiently particularized trade secret identification," to run its course. InteliClear, LLC v. ETC Global Holdings, Inc., 978 F.3d 653, 662 (9th Cir. 2020). The Court therefore declines to dismiss Plaintiffs' misappropriation claim with respect to any of alleged trade secrets because of prior disclosure in patents. See Mot. at 5-7. See Macrom, 2019 WL 4282906, at *7 ("[T]he Court will not undertake a summary judgment-like review of the patents at issue in comparison to the alleged trade secret information to determine whether information has been made public, particularly at the pleading stage where all inferences are to be drawn in Plaintiffs' favor.").

As such, the Court instead turns to Apple's other arguments that certain alleged trade secrets are not sufficiently distinguished from generally known information. Most of Apple's arguments boil down to criticisms that the allegations do not specify how to achieve the stated trade secrets.[3] But merely saying that a trade secret is not sufficiently

---

[2] By contrast, if the plaintiff describes its trade secrets at a level of generality that does not even allow the defendant to ascertain "the boundaries within which the secret lies," then the defendant does not have notice of the claim against it. This justifies wholesale dismissal because discovery may otherwise devolve into a fishing expedition or an opportunity for the plaintiff to discover the defendant's trade secrets. See Altavion, 226 Cal. App. 4th at 44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

detailed is not sufficient to justify dismissal. As the Ninth Circuit has acknowledged, "plaintiffs in trade secret actions may have commercially valid reasons to avoid being overly specific at the outset in defining their intellectual property." InteliClear, 978 F.3d at 662. Trade secret identification is naturally refined during discovery, and so trade secrets do not have to be described in minute detail to survive a motion to dismiss. Id.; Acrisure, 2019 WL 4137618, at *3 ("The plaintiff need not, however, 'define every minute detail of its claimed trade secret at the outset of the litigation.'" (quoting Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 835 (2005)). Nor does the Court consider the trade secrets that Plaintiffs have alleged to be merely general "types of information" as Apple suggests. See Reply at 5 (citing Vendavo, Inc. v. Price f(x) AG, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018)). The Court therefore rejects these criticisms as a sufficient basis for dismissal.

Apple next makes arguments specific to individual trade secrets in the TAC. ███
████████████████████████████████████████████████████████████████
████████████████████████████████ Mot. at 6. But Apple does not provide any facts to support this assertion that the trade secret is so broadly known. Here, again, the Plaintiffs have adequately disclosed the boundaries.

Next, Apple contends that the business and marketing plans and strategies trade secrets does not include "allegations explaining how to implement these ideas or identifying how these alleged strategies are any different from those generally known in the physiological monitoring device industry." Mot. at 8-9. The Court does not agree. Although Apple asserts that Plaintiffs' business and marketing plans and strategies are not trade secrets because "Plaintiffs' product sales' locations and dates are publicly available," Id. at 9, the Court fails to see why that is sufficient to justify dismissal of trade secrets that relate to far more than where and when its products are sold. See TAC ¶ 43.1.

The Court also rejects Apple's argument that ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

███████████████ Id. ¶ 43.5 (emphasis added); see Mot. at 9. This secret instead is tied to the ████████

TAC ¶ 43.1. Rather than summarizing the job of any medical professional, ████████

████████ Apple then turns its attention to ████████

████████ does not distinguish public information from what is secret. Mot at 10. The Court concludes that Apple is holding Plaintiffs to too high of a bar. A compilation can be a trade secret, Altavion, 226 Cal. App. 4th at 47, and the trade secret is alleged with sufficient specificity for discovery's "iterative process[,] where requests between parties lead to a refined and sufficiently particularized trade secret identification," to run its course. InteliClear, 978 F.3d at 662. As noted previously, the Plaintiffs need not define in minute detail every contour of the trade secret to survive a motion to dismiss. Acrisure, 2019 WL 4137618, at *3.

████████ On the other hand, the Court agrees with Apple that ████████ ████████ Although Plaintiffs dismiss this argument as an improper attack on the merits, Plaintiffs provide no reasoning for this proposition where, as here, the information is facially public. See Opp'n at 15-16. As the trade secrets relating to interacting with hospitals set forth in paragraphs 44.3 through 44.7 are dependent on the secret listed in paragraph 44.2, which the Court finds to be unprotectable, the Court **DISMISSES** the trade secrets in paragraphs 44.2 through 44.7.

Lastly, Apple argues that Plaintiffs need to have specified which trade secrets were owned by Masimo and which were owned by Cercacor. Mot. at 11. But Apple has cited to no law requiring that plaintiffs suing together specify which of them owns a particular trade secret. The only case that Apple does cite is one in which there was an individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

plaintiff who did not allege ownership of the trade secrets at issue. <u>California Police Activities League</u> v. <u>California Police Youth Charities, Inc.</u>, 2009 WL 537091, at *2 (N.D. Cal. Mar. 3, 2009). As such, the Court rejects this basis for dismissing Plaintiffs' trade secrets.

        *c.    Efforts to Maintain Secrecy*

The Court now turns to Apple's arguments that Plaintiffs have failed to allege that they took reasonable steps to maintain the secrecy of their trade secrets. Mot. at 12-15. Under the California Uniform Trade Secrets Act, a trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code §3426.1(d). Apple argues, in essence, that Plaintiffs forfeited their rights to their alleged trade secrets by not promptly objecting to Apple's disclosure of Plaintiffs' trade secrets. <u>See</u> Reply at 18 ("Plaintiffs do not allege they took corrective action or objected to any breach in their confidential relationship with Lamego."); Mot. at 14 (Plaintiffs "never approached Apple nor warned against future publications.").

The Court disagrees that this is a basis for dismissal. The parties mainly argue about the applicability of <u>HiRel</u> <u>Connectors, Inc.</u> v. <u>Department</u> of <u>Defense</u> of <u>the</u> <u>United States</u>, 2005 WL 4958547 (C.D. Cal. Jan. 4, 2005). <u>See</u> Opp'n at 17-18; Reply at 18-19. As relevant, that case rejected the argument that equated "filing a 'timely' suit <u>against</u> a known <u>misappropriator</u> with taking 'reasonable' efforts to protect trade secrets as <u>against</u> <u>the rest of the world.</u>" <u>HiRel</u>, 2005 WL 4958547, at *5 (emphasis added). The <u>HiRel</u> court's conclusion is sound; if the owner of a trade secret allows for one party to publish its trade secrets to the world, and the owner takes no reasonable efforts to counteract that misappropriation, the information can hardly be considered "secret" when other parties subsequently appropriate it. But this does not mean that a suit filed within the statute of limitations against a known misappropriator, alleged in this case to be Apple, must be dropped if the owner does not take immediate action against that misappropriator. <u>Cf.</u> <u>id.</u> at *6 ("While California law certainly provides Plaintiff with a three year period within which to file suit, this Court finds that merely filing suit against the alleged wrongdoer does not constitute "reasonable efforts" to protect the trade secrets <u>against</u> <u>others</u> who might be interested in obtaining those secrets."). Nor can Apple draw a line between itself and Lamego because Lamego was an employee of Apple when he is alleged of having publicly published Plaintiffs' trade secrets. <u>HiRel</u> therefore does not provide a basis for dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

### 2. *Remaining Elements of Misappropriation*

Apple finally makes a series of arguments for why Plaintiffs have failed to allege the elements of a trade secret misappropriation claim. The Court addresses them in turn.

#### a. *Knowledge*

To plead a claim for trade secret misappropriation, a plaintiff must "allege facts that tend to exclude general knowledge or innocuous (i.e., competitive marketplace) explanations." CleanFish, LLC v. Sims, 2020 WL 1274991, at *11 (N.D. Cal. Mar. 17, 2020). In determining whether the TAC's allegations are sufficient to allege knowledge, the Court must consider the entire sequence of events in context, and not the individual allegations in isolation. See Soo Park v. Thompson, 851 F.3d 910, 929 n.22 (9th Cir. 2017). "Plaintiffs allege Apple (1) met with Plaintiffs because it desired Plaintiffs' technology, (2) systematically recruited Plaintiffs' employees, including Masimo's Chief Medical Officer and Cercacor's CEO, when discussions broke down, (3) obtained extensive patent disclosures from Lamego in the short time he worked at Apple, and (4) selectively requested non-publication of Lamego applications containing Plaintiffs' trade secrets." Opp'n at 19 (citing TAC ¶¶ 19-24, 229, 248). Plaintiffs also allege that they sent Apple a letter on January 24, 2014, notifying the company that Lamego possessed Plaintiffs' confidential information. TAC ¶ 23.

Apple makes a series of arguments criticizing Plaintiffs' allegations of knowledge. See Mot. at 15-20. But Apple attacks these allegations in isolation and does not consider the entire sequence of events in context. See id. Indeed, the Court considers these allegations taken together to be sufficient to tend to exclude innocuous explanations. The allegations suggest that Apple had a demonstrated interest in Plaintiffs' technology, quickly obtained patentable information in Plaintiffs' field from Plaintiffs' former employees known to have confidential information shortly after negotiations with Plaintiffs broke down, and then requested non-publication such that Plaintiffs did not promptly have notice of the information Apple was patenting.

At their core, Apple's arguments assert that Plaintiffs have failed to allege that Apple hired employees because of their knowledge of specific trade secrets owned by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

Plaintiffs.[4] But Plaintiffs' need not allege that Apple had knowledge that the specific information Lamego and O'Reilly used was Plaintiffs' trade secret. To impose such a requirement would in effect place a burden on a trade secret owner to disclose its trade secrets to protect them, a course of action that would be contrary to the mandate that owners make reasonable efforts to maintain their secrecy. See supra Section III.B.1.c.

Apple then argues that dismissal is appropriate because Plaintiffs are relying on a theory of inevitable disclosure. Mot. at 17-18. But, Apple's primary case, Hooked Media Group, Inc. v. Apple Inc., 5 Cal. App. 5th 323 (Cal. Ct. App. 2020), is inapposite because that case was on summary judgment. Id. at 329. Moreover, Plaintiffs are not relying on the doctrine of inevitable disclosure for their misappropriation claim does not rest on the idea that Lamego and O'Reilly inevitably used trade secrets gained in the course of their employment with Plaintiffs while employed by Apple. See Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1458-59 (Cal. Ct. App. 2002) ("The doctrine's justification is that unless the employee has an uncanny ability to compartmentalize information the employee will necessarily rely—consciously or subconsciously—upon knowledge of the former employer's trade secrets in performing his or her new job duties." (citation omitted)). Rather, Plaintiffs contend that trade secret information was further specifically disclosed to the public as part of patent applications.

The Court therefore rejects this basis for dismissal.

       b.     *Acquired, Used, or Disclosed Trade Secrets*

"[T]here is no requirement that" a plaintiff "plead exactly how [d]efendants improperly obtained or used the alleged trade secret." Metricolor LLC v. L'Oreal S.A., 2020 WL 3802942, at *11 n.7 (C.D. Cal. July 7, 2020) (citing Autodesk, Inc. v. ZWCAD Software, Inc., 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015)). "That is because, at the pleading stage, 'discovery has not yet commenced,' and 'it would be unreasonable to

---

[4] See Reply at 20 (allegations of meetings between Masimo and Apple in 2013 "fail to support an inference that Apple knew that the specific information Lamego or O'Reilly allegedly later used or disclosed contained Plaintiffs' trade secrets"); id. ("Plaintiffs offer no facts tending to show that Apple hired employees for their knowledge of Plaintiffs' trade secrets."); id. ("Apple argues here that general knowledge that Plaintiffs possessed trade secrets does not suffice to show that Apple knew it was wrongfully acquiring specific secrets.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

require a plaintiff to demonstrate the precise ways in which [d]efendants have used their
trade secrets, given that [d]efendants are the only ones who possess such information.'"
Id. (citing Autodesk, 2015 WL 2265479, at *6). Rather, Plaintiffs merely must plausibly
allege that Apple misappropriated Plaintiffs' trade secrets. Iqbal, 556 U.S. 662, 678.
Plaintiffs have done this.

Most of Apple's arguments that Plaintiffs have failed to state a claim for
misappropriation fail. First, Apple acknowledges that Plaintiffs have identified "portions
of three issued patents that purportedly include some alleged secrets. Mot. at 20-21
(citing TAC ¶¶ 233, 239), which is sufficient to state a claim.[5] Second, misappropriation
of ███████████████████████████████████ is properly alleged because
similarities between Apple's products and Plaintiffs' trade secrets, together with the
allegations relating to Apple's knowledge of Plaintiffs' trade secrets, see supra Section
III.B.2.b., is sufficient to plausible allege misappropriation. See Metricolor, 2020 WL
3802942, at *13. The same logic applies to Plaintiffs' business and marketing plans and
strategies trade secrets. Cf. Mot. at 21-22.

However, Apple is correct in arguing that Plaintiffs' allegations of
misappropriating ██████████████████████████ are conclusory. See Mot.
at 22. The extent of Plaintiffs' allegations is that ████████████████
██████████████████████████████████████████
█████████████████████ TAC ¶ 244. This alone fails to provide any
factual allegations that allow Plaintiffs' claim to rise to the level of plausiblity. The Court
therefore **DISMISSES** Plaintiffs' misappropriation claim with respect to the oxygen
saturation technique trade secrets.

### c.   Inducement

Next, Apple argues that the Court must dismiss Plaintiffs' inducement theory

---

[5] The Court also fails to see why the allegation that Plaintiffs' trade secrets were not publicly
known "at least at the time of Defendant's misappropriation" shapes the analysis. See Mot. at 21
(quoting TAC ¶ 225). That allegation merely states that the trade secrets became publicly known
following the allege misappropriation. Furthermore, the order in which Apple is alleged to have
improperly published Plaintiffs' trade secrets does not change the analysis of whether Apple
misappropriated those trade secrets generally. Cf. Reply at 22.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

because it is merely based on "information and belief." Mot. at 22-23 (quoting TAC ¶ 230).[6] The extent of Plaintiffs' allegations of inducement are that "on information and belief, Defendant induced its employees, including Lamego and O'Reilly, to disclose Plaintiffs' Confidential Information and the employees disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant." TAC ¶ 230.[7] The Court agrees that this allegation alone is insufficient to state a claim. Plaintiffs argue that they can allege inducement based on information and belief without a factual basis because the circumstances of inducement "is not presumptively in the knowledge of the pleading party. Opp'n at 23 (quoting Calendar Research LLC v. Stubhub, Inc., 2017 WL 10378336, at *4 (C.D. Cal. Aug. 16, 2017)). "But while facts may be alleged upon information and belief, that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under Iqbal/Twombly." Menzel v. Scholastic, Inc., 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018). To find otherwise would contravene the basic teachings of those Iqbal, See Iqbal, 556 U.S. at 678. Merely stating that Apple induced Lamego and O'Reilly to disclose Plaintiffs' trade secrets without more detail is conclusory, and therefore Plaintiffs' theory of induced misappropriation is **DISMISSED**.

### d.   *Respondeat Superior*

Finally, the Court agrees with Apple that Plaintiffs have failed to state a theory based on respondeat superior because they have failed to state a claim that Lamego and O'Reilly misappropriated their trade secrets. See Mot. at 23-24. The only allegations that Lamego and O'Reilly themselves misappropriated Plaintiffs' trade secrets are that they

---

[6] Plaintiffs argue that the Court need not address Plaintiffs' theory of misappropriation by inducement because it is "merely one way of showing improper acquisition." ROA at 3. But courts properly evaluate separate theories on which a claim is alleged and dismiss those theories that are insufficient. Cf. Dent v. National Football League, 968 F.3d 1126, 1132-35 (9th Cir. 2020) (dismissing a per se theory of negligence while concluding that a voluntary undertaking theory of negligence was sufficiently alleged).

[7] While Plaintiffs cite to TAC paragraphs 19-24 and 229 as containing additional allegations of inducement, see Opp'n at 24; ROA at 3-4, those paragraphs only contain allegations about Lamego and O'Reilly's knowledge of the trade secrets and Plaintiffs' warning to Apple about Lamego and O'Reilly's possession of trade secrets. They do not contain allegations about how Apple induced misappropriation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|----------|------------------------|------|-----------------|

| Title | Masimo Corporation et al. v. Apple Inc. |
|-------|------------------------------------------|

"used and disclosed Plaintiffs' Confidential Information within the scope of their employment for Defendant and for the benefit of Defendant," TAC ¶ 246, and they "disclosed Plaintiffs' Confidential Information, without Plaintiffs' consent to Defendant." Id. ¶ 228. These are conclusory allegations that are insufficient to state a claim. Without sufficient allegations to state a claim for misappropriation against Apple's employees, Plaintiffs cannot state a theory of respondeat superior against Apple itself. Brain Injury Association of California v. Yari, 2020 WL 3643482, at *6 (C.D. Cal. Apr. 30, 2020) ("[A]n employer may be vicariously liable for an employee's tort so long as it was committed within the scope of the employment." (emphasis added)) The Court therefore **DISMISSES** Plaintiffs' theory of respondeat superior.

### C.    *Leave to Amend*

Plaintiffs seek leave to amend the allegations of their complaint. Opp'n at 25. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, the Court does not find that there was undue delay. Although the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

has already been amended three times, Plaintiffs have addressed the Court's previous concerns. Where the Court did grant partial dismissal, it was for a reason different than that given in the Court's previous orders. The Court is not convinced that the action was filed in bad faith. Finally, the Court is not convinced that any amendment of the TAC would be futile or that Apple will be unduly prejudiced. Therefore, the Court **GRANTS** Plaintiffs 30 days leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion. Having considered Plaintiffs' request for oral argument, the Court concludes that arguments were sufficiently presented in the briefing papers. The Court therefore **DENIES** the request. The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |