JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13**<br><br>Judge:        Hon. John D. Early<br>Date/Time: February 4, 2021 / 10:00 AM<br>Courtroom: 6A<br><br>Discovery Cutoff:       7/5/2021<br>Pre-trial Conference:  3/21/2022<br>Trial:                            4/5/2022 |

Gibson, Dunn & Crutcher LLP

SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Plaintiffs' portion of the joint stipulation ("JS") confirms that there is no basis for their continued withholding of basic information about their 49 alleged trade secrets.

**A.     Interrogatory No. 6: Development Efforts for Each Alleged Trade Secret**

Plaintiffs do not dispute the relevance of their development efforts. They merely refuse to parse the information on a trade-secret-by-trade-secret basis on claims of burden and disproportionality. The only case they cite, *Anokiwave Inc., v. Rebeiz*, 2019 WL 3935817 (S.D. Cal. Aug. 20, 2019) (JS 40), does not support them. There, the court held that "[r]equiring Plaintiff to respond to the requests as to each of the eighteen persons identified and addressing each of the 43 identified secrets in a single interrogatory is improper and unduly burdensome." *Id.* at *3. 774 responses was deemed unduly burdensome. Apple requests 49—which cannot be unduly burdensome or disproportionate because it tracks the number of alleged secrets in this case. Plaintiffs cannot allege misappropriation of 49 secrets and then argue that an interrogatory calling for information about those 49 secrets is unduly burdensome or disproportionate.

Plaintiffs' efforts to distinguish *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2006 WL 8442954 (N.D. Cal. Sept. 6, 2006) (JS 40), fall flat. There, the defendant requested a secret-by-secret response identifying each document that referenced each alleged secret—which, "with 26 trade secrets and 5000 pages of documents," meant the plaintiff would have had to produce "a matrix consisting of up to 130,000 entries." *Id.* at *4. Apple does not seek a burdensome identification of documents—but rather, the basic development process behind each alleged secret it has been accused of misappropriating.

Plaintiffs are also wrong that the information they provided for each category of secrets rises to the level of development efforts. JS 41-45. Yes, Plaintiffs provided names of inventors, summaries of the inventions or products, and citations to documents describing the inventions or products. But, as Apple explained (*id.* 35-38), that does not comprise the sum total of Plaintiffs' development efforts with respect to these alleged secrets—information Plaintiffs concede is relevant, and to which Apple is entitled.

Perhaps most remarkable is Plaintiffs' claim to have "provided a substantive

Gibson, Dunn & Crutcher LLP

response *based on their investigation to date*," and commitment to "supplement *as discovery continues*." *Id.* 41 (emphases added); *id.* 43. It is a mystery to Apple why Plaintiffs are *still* investigating their secrets more than one year into this case. Their efforts to deflect blame for deficient interrogatory responses onto Apple, based on Apple's purported refusal to engage in the process to identify and collect documents from custodians (*id.* 43, an entirely inaccurate contention), makes no sense because Plaintiffs should know by now how they developed their own secrets. They do not need agreed-upon ESI procedures to learn that basic information about the purported secrets on which they based their filing of this case. They need to produce that information.[1]

**B.   Interrogatory No. 10: Information Regarding Alleged Misappropriation**

Plaintiffs' lead argument—that contention interrogatories are inapt at this stage of discovery under *In re Convergent Techs.*, 108 F.R.D. 328, 346 (N.D. Cal. 1985) (JS 55), is wrong because "*Convergent* is not controlling authority," and this District "does not find it persuasive as a rule of general application." *Kraft Ams. v. Oldcastle Precast*, 2013 WL 12125759, at *7 (C.D. Cal. Dec. 18, 2013). Instead, "this Court prefers to consider contention interrogatories in the same manner it would consider any interrogatory, placing the burden on the party opposing discovery." *Cable & Comp. Tech. v. Lockheed Saunders*, 175 F.R.D. 646, 652 (C.D. Cal. 1997). Where a defendant propounds "straightforward 'factual' contention interrogatories which [a] plaintiff should ... be able to answer now," "plaintiffs must answer . . . with information as they now possess." *Id.*[2]

*Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011), cited by Plaintiffs (JS 55), follows *Convergent*, and thus diverges from the weight of the authority in this District, which is that "Rule 11 requires plaintiffs to have a basis

---

[1] Plaintiffs argue that a stay of trade secret discovery pending compliance with Section 2019.210 goes both ways (JS 46), which is contrary to the plain text of the statute. In any event, Plaintiffs concede they abandoned this position (*id.*), and must respond.

[2] *See also Peck v. Cty. of Orange*, 2020 WL 4218223, at *6 (C.D. Cal. July 10, 2020) (finding "no bar to asking contention interrogatories during fact discovery" and ordering plaintiff to "fully answer . . . based on the information available to her at present"); *Kraft*, 2013 WL 12125759, at *8 (contention interrogatories asking for "the facts on which [plaintiff] relied to support its misappropriation [claim] . . . not improper").

2
SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

for their allegations in the complaint, and contention interrogatories seek information about that basis." *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007).[3] *Kas* is further distinguishable in that the plaintiff was asked to describe "all the facts that support her contentions," whereas Plaintiffs here have been asked for a straightforward recitation of the facts on which they base their claim that Apple misappropriated 49 alleged secrets. 2011 WL 13234106, at *3. "[A]n objection that 'discovery has only just begun' makes no sense at all." *O'Connell*, 245 F.R.D. at 650.

Plaintiffs' suggestion that such information is uniquely in *Apple's* possession (JS 54) likewise makes no sense, because Plaintiffs presumably had some Rule 11 basis to allege that Apple misappropriated 49 of their alleged secrets in the first place. Plaintiffs have not argued otherwise in the JS. Apple is entitled to discover all facts underlying Plaintiffs' misappropriation accusations now. If Plaintiffs discover additional information later, they can amend, as is their obligation. *See Cable*, 175 F.R.D. at 652.

And, again, Plaintiffs' contention that a secret-by-secret response would be unduly burdensome and disproportionate (JS 59) ignores that *Plaintiffs* charged Apple with misappropriating 49 distinct secrets. Apple is entitled to know Plaintiffs' bases for alleging that it misappropriated *each* of these 49 purported trade secrets.

The pages Plaintiffs spend regurgitating allegations from their TAC do not help their argument. None of these repeated allegations (JS 56-57) tie specific alleged secrets to specific Apple patents or to the Apple Watch. Apple needs to know *how* Plaintiffs contend Apple misappropriated each of the 49 alleged secrets—which alleged secrets were disclosed in which patents, and which alleged secrets were disclosed in which portions of the Apple Watch. Plaintiffs' efforts to evade producing such basic information in discovery, by merely referring back to their pleading, is improper.[4]

---

[3] *See, e.g.*, *Sony Corp. v. Vizio, Inc.*, 2009 WL 10675016, at *2 (C.D. Cal. Aug. 10, 2009) ("[P]rior to commencing the instant action, plaintiff was required to have a position regarding Vizio's infringement . . . . Thus, the subject interrogatory is not premature and plaintiff must respond to the best of its knowledge.").

[4] Plaintiffs rely on *In re Allergan, Inc. Sec. Litig.*, 2016 WL 1071939, at *5 (C.D. Ca. Sept. 23, 2016), where the court deferred compelling a further interrogatory response

3

SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Tellingly, Plaintiffs bury Apple's case, *Hash v. Cate*, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012), in a string cite. (JS 58.) There, the court held that a plaintiff may not simply "refer to his complaint" in an interrogatory response. Plaintiffs here do little more than copy and paste from their pleading, which is equally improper.

Finally, Plaintiffs are wrong to argue that this interrogatory does not seek information about independent research, inducement, or respondeat superior. JS 59-61. "[T]he UTSA does not prevent a person from using independently developed or properly obtained trade secret information already in the possession of another." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 963 (C.D. Cal. 2011). Thus, an interrogatory requesting information about use and acquisition necessarily asks about the ways Apple purportedly acquired or used the alleged secrets without independent research, by inducement, or through its employees—the means charged in this case.

## C. Interrogatory No. 11: Access to Each Alleged Trade Secret

Plaintiffs' argument highlights the importance of a secret-by-secret response. First, Plaintiffs argue their alleged secrets were the result of work by countless employees. That is irrelevant. Apple needs to know—and Plaintiffs have a burden to show—whether Plaintiffs made reasonable efforts as to the secrets *alleged in this case*. If, as they claim, Plaintiffs identified the alleged secrets with particularity, they should be able to identify who had access. If they cannot, that is equally relevant, as it shows that Plaintiffs do not know who had access—the opposite of reasonable efforts.

Second, Plaintiffs' counter-argument—that they take reasonable efforts to protect their secrets—is circular. Indeed, that argument is exactly what Apple seeks to test. Apple has good reason to believe that until this litigation, Plaintiffs did not believe the secrets were in fact secret. To give but one example, Plaintiffs repeatedly cited the very Apple patents they now claim disclose their alleged trade secrets as prior art in submissions to the PTO. Likewise, Plaintiffs have marketed many of their ▇

---

given the detail in the complaint. But here the complaint is not detailed when it comes to aspects of the alleged misappropriation, as evidenced, among other things, by the Court's dismissal of the inducement allegations. Kachner Decl. Ex. 10, at 13-14.

4

███████████████████ publicly. Neither Apple nor the Court is required to take Plaintiffs at their word that they took reasonable efforts to protect the alleged secrets.

Third, the alleged secrets cover different information and time frames. For example, the alleged technical secrets purportedly came from Lamego, whereas the alleged commercial secrets purportedly came from O'Reilly. Apple has a right to know what Plaintiffs thought was secret while these individuals were employed by Plaintiffs, and during what time frame (if ever) Plaintiffs treated the information as secret.

### D. Interrogatory No. 13: Alleged Harm Caused by Alleged Misappropriation

Plaintiffs mischaracterize this interrogatory as seeking "damages contentions." JS 70. Apple propounded a *separate* damages interrogatory on which it did not move to compel because Apple recognizes that a detailed quantification of damages may not be practicable for Plaintiffs at this juncture. Plaintiffs' purported "harm"—the information *actually* sought by this interrogatory—is different. It is a prima facie element of Plaintiffs' misappropriation claim, and ripe for discovery now.

The purported harm Plaintiffs have identified to date (JS 69) is non-specific—reading more like a general list of the types of harm that could exist in any trade secret case. The point is that, more than one year into this case, Apple is entitled to know what *specific* harm Plaintiffs contend gives rise to their misappropriation claim. In attempting to distinguish Apple's case, *AMEC Environment & Infrastructure, Inc. v. Geosyntec Consultants Inc.*, 2013 WL 3923459 (N.D. Cal. July 26, 2013) (JS 69-70), Plaintiffs completely miss the operative portion of that opinion—where the court ordered plaintiffs to respond to a similar interrogatory with "client- or project specific harm." *Id.* at *5. That is precisely the information from Plaintiffs that Apple is missing.

Plaintiffs again argue that they need discovery from Apple to amend their response. But *Plaintiffs*' harm is information known to *Plaintiffs*—it is not information to be discovered in *Apple's* files. Indeed, harm is an element of Plaintiffs' claim. They had to have identified their harm to bring this case. The information responsive to this interrogatory is uniquely in Plaintiffs' possession, and Apple is entitled to discover it.

Gibson, Dunn & Crutcher LLP

5

SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)

Dated: January 21, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
      Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

6

SUPPLEMENTAL BRIEF ISO APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6, 10, 11, AND 13
CASE NO. 8:20-CV-00048-JVS (JDEX)