Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF MARK D. KACHNER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO APPLE'S INTERROGATOY NOS. 4–5 AND 23**<br><br>Date:  February 18, 2021<br>Time: 10:00 am<br>Ctrm: 6A<br><br>Discovery Cut-Off:       7/5/2021<br>Pre-Trial Conference:    3/21/2022<br>Trial:                            4/5/2022 |

I, Mark D. Kachner, hereby declare as follows:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in support of Plaintiffs' Opposition to Apple's Motion to Compel Supplemental Responses to Apple's Interrogatory Nos. 4–5 and 23.

2.      As of the date of my signature below, Apple has not yet filed an answer in this case.  Further, the parties are still negotiating ESI discovery in this case and have not yet exchanged lists of proposed custodians.  Additionally, no party has taken a deposition.

3.      On December 16, 2020, Apple produced 53 documents in this case.  This document production did not include documents that disclose what Apple employees contributed to the subject matter of the disputed patents, such as laboratory notebooks or invention disclosure forms.

4.      Attached hereto as **Exhibit 1** is a true and correct copy of Apple's Supplemental Objections and Responses to Plaintiffs' Second Set of Interrogatories (Nos. 6-10).

5.      Attached hereto as **Exhibit 2** is a true and correct copy of the "STIPULATION AND ORDER FOR EVENT DATES THROUGH CLAIM CONSTRUCTION HEARING," Dkt. No. 68, obtained from the public docket in *Swanson v. ALZA Corp.*, Case No. 4:12-cv-04579-PJH.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from Apple's Objections and Reponses to Plaintiffs' Third Set of Requests for Production (Nos. 61-147).

7.      Attached hereto as **Exhibit 4** is a true and correct copy of an October 1, 2020, letter from Stephen Larson (who is counsel of record for Plaintiffs) to Brian Andrea (who is counsel of record for Apple).

8.      Attached here to as **Exhibit 5** is a true and correct copy of an October 17, 2020, letter from Mr. Andrea to Mr. Larson.

9.      Attached hereto as **Exhibit 6** is a true and correct copy of a November 16, 2020, letter from Mr. Larson to Mr. Andrea.

10.      Attached hereto as **Exhibit 7** is a true and correct copy of a November 25, 2020, letter from Mr. Andrea to Mr. Larson.

11.      Attached hereto as **Exhibit 8** is a true and correct copy of a December 6, 2020, letter from Adam Powell (counsel of record for Plaintiffs) to Mr. Andrea.

12.      Attached hereto as **Exhibit 9** is a true and correct copy of a January 13, 2021, letter from Ilissa Samplin (who is counsel of record for Apple) to Mr. Powell.

13.      Attached hereto as **Exhibit 10 [Filed Under Seal]** is a true and correct copy of Plaintiffs' November 6, 2020, Section 2019.210 Statement.

14.      Attached hereto as **Exhibit 11** is a true and correct copy of the minutes from "Hearing re Defendant Apple Inc.'s Motion to Compel [260]", filed at Dkt. No. 279 in this case.

15.      Attached hereto as **Exhibit 12** is a true and correct copy of the redacted Memorandum of Points and Authorities in Support of Defendant Apple Inc.'s Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Third Amended Complaint, filed at Dkt. No. 236-1 in this case.

16.      Attached hereto as **Exhibit 13** is a true and correct copy of the redacted [IN CHAMBERS] Order Regarding Motion to Dismiss Thirteenth Cause of Action of the Third Amended Complaint, filed at Dkt. No. 273 in this case.

/ / /

/ / /

/ / /

I declare under the penalty of perjury that the foregoing is true and correct. Executed on January 27, 2021, at Los Angeles, California.

*/s/ Mark D. Kachner*
Mark D. Kachner

# EXHIBIT 1

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

|  |  |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 6-10)** <br><br> Hon. James V. Selna <br> Magistrate Judge John D. Early |

Gibson, Dunn & Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Supplemental Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Second Set of Interrogatories to Defendant Apple Inc. (Nos. 6–10) (the "Interrogatories," and each an "Interrogatory").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing. The following Supplemental Responses are made to the best of Apple's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Supplemental Responses herein. Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Supplemental Responses as further information becomes available. Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## GENERAL OBJECTIONS

Apple re-asserts and incorporates by reference herein each and every General Objection, Objection to Definition, and Objection to Instruction that Apple previously asserted in its earlier interrogatory responses, including those asserted with respect to the instructions and definitions contained in the Interrogatories.

Gibson, Dunn & Crutcher LLP

**Exhibit 1**
**-5-**

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 6:

Describe in detail all bases for each affirmative defense that You assert in this case, including an identification of all documents, things, and witnesses supporting your contention. You may wait until thirty (30) days after Plaintiffs serve their initial Section 2019.210 disclosure to describe the bases for any affirmative defense(s) to Plaintiffs' trade secret misappropriation cause of action.

## RESPONSE TO INTERROGATORY NO. 6 (AUGUST 17, 2020):

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects that this Interrogatory is premature and hence improper and unduly burdensome because it calls for information that is subject to deadlines set forth in the Court's Scheduling Order. Apple objects to this Interrogatory as premature because Plaintiffs have not yet filed their Second Amended Complaint. Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action. Apple objects to this Interrogatory as premature because Apple has not yet answered Plaintiffs' Complaint and has not yet completed its investigation into the potential defenses it may assert. Apple objects to this Interrogatory as duplicative of interrogatories previously served by Plaintiffs that request information regarding Apple's defenses.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows: Apple will supplement its response to this Interrogatory after it answers Plaintiffs' Complaint and, for certain affirmative defenses (*e.g.*, invalidity), Apple will provide its contentions in accordance with the Court's schedule.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

Gibson, Dunn & Crutcher LLP

3

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 1**
-6-

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (AUGUST 26,**
2  **2020):**

3       Subject to and without waiving the foregoing general and specific objections,
4  Apple responds additionally as follows:  Apple's affirmative defenses do not yet exist
5  in this action because it has not filed an Answer to the Complaint in this action.

6       Based on the information currently available to Apple, Apple intends to allege
7  that the Asserted Patents are invalid at least pursuant to 35 U.S.C. §§ 101, 102, 103,
8  and/or 112.  Apple will provide the facts and documents related to its invalidity defenses
9  in its invalidity contentions pursuant to the deadlines set forth in the Court's Scheduling
10  Orders.

11       Apple also expects to assert that Apple does not infringe the Asserted Patents, and
12  will provide its non-infringement contentions (which Plaintiffs have already requested
13  in Plaintiffs' Interrogatory No. 1) after it receives the amended infringement contentions
14  Plaintiffs have indicated they will be providing for all of the Asserted Patents.

15       Apple also alleges that Plaintiffs have failed to properly plead their trade secret
16  claims for the reasons set forth in Apple's Motion to Dismiss.  *See* Dkt. No. 103-1.

17       Apple reserves the right to supplement and/or amend its response to this
18  Interrogatory as it continues its investigation and as discovery progresses.

19  **INTERROGATORY NO. 7:**

20       Describe in detail, with reference to any supporting documents, information, and
21  materials, the design and development of each Apple Watch Product, including without
22  limitation, when and where the product is and/or was developed (including third party
23  facilities), when and where each product was first released to market, a detailed
24  description of when and why each design change, modification, and improvement
25  concerning physiological monitoring was made between each series of the Apple Watch,
26  a detailed description of the complete development of physiological monitoring
27  capabilities used in the Apple Watch Products, the identity of any competitive products
28  examined, analyzed or tested in connection with its design or development, each person

Gibson, Dunn & Crutcher LLP

4

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 1**
**-7-**

1  or entity involved in designing and developing the Apple Watch Products, and what role

2  each person or entity had in creating the Apple Watch Products.

3  **RESPONSE TO INTERROGATORY NO. 7 (AUGUST 17, 2020):**

4      Apple hereby restates and incorporates the General Objections above as though

5  fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

6  information or things protected by the attorney-client privilege, attorney work product

7  doctrine, or any other applicable privilege, immunity, or protection.   Apple objects to

8  this Interrogatory as overly broad and unduly burdensome in that it seeks information

9  related to technical features that are not relevant to this litigation.   Apple objects to this

10  Interrogatory to the extent it seeks information related to products that are not relevant

11  to this litigation, which Masimo has not identified in its Complaint or otherwise accused

12  of infringement.     Apple objects to this Interrogatory as overbroad and unduly

13  burdensome because it is not limited to the publicly released Apple Watch Series 3-5

14  devices identified and alleged in Plaintiffs' infringement allegations to infringe the

15  Asserted Patents.    Apple objects to this Interrogatory as overly broad and unduly

16  burdensome because it is not reasonably limited to the scope of infringement allegations

17  in this litigation.    Apple objects to this Interrogatory as overbroad and unduly

18  burdensome as it is not limited to any relevant time period.   Apple objects to this

19  Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

20  to the extent it is compound and comprises discrete subparts, and asserts that each

21  subpart of each compound Interrogatory counts separately toward the discovery limits

22  set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States

23  District Court for the Central District of California.

24      Subject to and without waiving the foregoing General and Specific Objections,

25  Apple responds as follows:  The Apple Watch Series 3, 4, and 5 products were developed

26  in Cupertino, California.   The Apple Watch Series 3 was first released to market on

27  September 22, 2017.   The Apple Watch Series 4 was first released to market on

28  September 21, 2018.   The Apple Watch Series 5 was first released to market on

5

Gibson, Dunn &
Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)                                     **Exhibit 1**
-8-

September 20, 2019. For a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, Apple directs Plaintiffs to https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/, https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/, and https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/. The Apple Watch Series 3, 4, and 5 products were designed and developed by teams led by Brian Land, Senior Manager, and Steve Waydo, Senior Manager.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 8:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of the product software related to physiological monitoring for each Apple Watch Product, including without limitation, when and where each portion of the product software is and/or was developed (including third party facilities), all versions or revisions (including name and/or version number) of the product software developed at each facility, the development and/or code management software used to develop each such version of the product software, the version control software or system used for each such version of the product software, the procedure for recording changes between each such version of the product software, the process for releasing versions of the product software, each person or entity involved in the design and development of the product software, and what role each person or entity had in the design and development of the product software.

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 1
-9-

## RESPONSE TO INTERROGATORY NO. 8 (AUGUST 17, 2020):

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as duplicative to the extent it seeks information sought by Interrogatory No. 7.  Apple objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information related to technical features and/or software that are not relevant to this litigation.  Apple objects to this Interrogatory to the extent it seeks information related to products that are not relevant to this litigation, which Masimo has not identified in its Complaint or otherwise accused of infringement.  Apple objects to this Interrogatory as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.  Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period.  Apple objects to this Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory No. 7 in its entirety.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for

7

Gibson, Dunn &
Crutcher LLP

**Exhibit 1**
**-10-**

1    inspection in this action.

2          Apple reserves the right to supplement and/or amend its response to this

3    Interrogatory as it continues its investigation and as discovery progresses.

4    **INTERROGATORY NO. 9:**

5          Describe in detail, with reference to any supporting documents, information, and

6    materials, the operation of pulse rate algorithms associated with each Apple Watch

7    Product, including without limitation the timing, current, and operation of any LEDs

8    used to determine pulse rate, reasons and conditions for changing the timing, current or

9    operation of any LED used to determine pulse rate, reasons and conditions for selecting

10   among algorithms to determine pulse rate, and power usage associated with each type

11   of timing, current, or operation of any LED.

12   **RESPONSE TO INTERROGATORY NO. 9 (AUGUST 17, 2020):**

13         Apple hereby restates and incorporates the General Objections above as though

14   fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

15   information or things protected by the attorney-client privilege, attorney work product

16   doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to

17   this Interrogatory as overly broad and unduly burdensome in that it seeks information

18   related to technical features that are not relevant to this litigation.  Apple objects to this

19   Interrogatory to the extent it seeks information related to products that are not relevant

20   to this litigation, which Masimo has not identified in its Complaint or otherwise accused

21   of infringement.   Apple objects to this Interrogatory as overbroad and unduly

22   burdensome because it is not limited to the publicly released Apple Watch Series 3-5

23   devices identified and alleged in Plaintiffs' infringement allegations to infringe the

24   Asserted Patents.   Apple objects to this Interrogatory as overly broad and unduly

25   burdensome because it is not reasonably limited to the scope of infringement allegations

26   in this litigation.   Apple objects to this Interrogatory as overbroad and unduly

27   burdensome as it is not limited to any relevant time period.  Apple objects to this

28   Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

**Exhibit 1**
-11-

to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory Nos. 7 and 8.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 10:**

Describe in detail any test, analysis, comparison, or competitive analysis that You performed concerning any non-Apple physiological monitor. To the extent that such test, analysis, comparison, or competitive analysis was based on any scientific or experimental tests or investigations, Your response should identify at least the date of each such investigation, the individuals who conducted the test or investigation, what test or investigation was conducted, the results or conclusions therefrom, to whom the results were communicated, and all documents concerning such test or investigation.

**RESPONSE TO INTERROGATORY NO. 10 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period.  Apple objects to this Interrogatory as overly broad, unduly burdensome

9

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 1
-12-

and irrelevant because it seeks information related to "any non-Apple physiological monitor."  Apple's inspection of "any non-Apple physiological monitor" is irrelevant to the issues presented in this case.  Apple objects to this Interrogatory as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple is willing to meet and confer to discuss the relevance of the information sought by Plaintiffs.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

Dated: August 26, 2020

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
      Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

10

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 1**
**-13-**

1

**PROOF OF SERVICE**

2

I am a citizen of the United States of America and I am employed in Irvine,

3

California.  I am over the age of 18 and not a party to the within action.

4

On August 26, 2020, I served the within **DEFENDANT APPLE INC.'S**

5

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS**

6

**MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S**

7

**SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS.**

8

**6-10)** on the parties or their counsel shown at the email addresses shown below:

9

KNOBBE, MARTENS, OLSON & BEAR, LLP

10

Joseph R. Re

11

joseph.re@knobbe.com

12

Stephen C. Jensen

13

steve.jensen@knobbe.com

14

Perry D. Oldham

15

perry.oldham@knobbe.com

16

Stephen W. Larson

17

stephen.larson@knobbe.com

18

Adam B. Powell

19

adam.powell@knobbe.com

20

Mark Kachner

21

mark.kachner@knobbe.com

22

I certify and declare under penalty of perjury under the laws of the State of

23

California that I am employed in the office of a member of the bar of this Court at whose

24

direction the service was made, and that the forgoing is true and correct.

25

Executed on August 26, 2020, at Irvine, California.

26

*/s/ Tracy A. Morgan*

27

Tracy A. Morgan

28

# EXHIBIT 2

GERALD P. DODSON (SBN 139602)
jdodson@carrferrell.com
K. BRIAN BATHURST (SBN 211454)
bbathurst@carrferrell.com
BRYAN J. BOYLE (SBN 253725)
bboyle@carrferrell.com
CARR & FERRELL LLP
120 Constitution Avenue
Menlo Park, CA 94025
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

*Attorneys for DR. JAMES M. SWANSON*

Kurt G. Calia (CA Bar No. 214300)
Email: kcalia@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA  94065
Telephone:     (650) 632-4700
Facsimile:      (650) 632-4718

Elena DiMuzio (CA Bar No. 239953)
Email: edimuzio@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:     (415) 591-6000
Facsimile:      (415) 591-6091

George F. Pappas (*pro hac vice*)
Allison E. Kerndt (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC  20004
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291

*Attorneys for Defendant ALZA CORPORATION*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DR. JAMES M. SWANSON, an individual,

    Plaintiff,

    v.

ALZA CORPORATION, a corporation,

    Defendant.

Case No. 4:12-cv-04579-PJH

STIPULATION AND [PROPOSED] ORDER FOR EVENT DATES THROUGH CLAIM CONSTRUCTION HEARING

Exhibit 2
-15-

**STIPULATION**

WHEREAS, on March 28, 2013 an Initial Case Management Conference was held before the Court;

WHEREAS, the Court's Civil Minutes of March 28, 2013 (Docket No. 63) set forth the proceedings of the Initial Case Management Conference;

WHEREAS, at the Initial Case Management Conference the Court ordered the parties to meet and confer and submit a stipulation and proposed order to the Court calculating all dates up through the January 29, 2014 claim construction hearing; and

WHEREAS, the respective counsel of record for the parties represent they have met and conferred on or before April 16, 2013;

NOW, THEREFORE, it is hereby stipulated by and between the parties through their respective counsel of record, subject to the approval of the Court, that the following dates be set for the corresponding events:

| Event | Rules Deadline (where applicable) | Court Ordered Date | Stipulated Date |
|---|---|---|---|
| Plaintiff to Provide Inventorship Contentions[1] | | Within 4 weeks of initial CMC | April 25, 2013 |
| Initial Disclosures (Fed. R. Civ. P. 26(a)(1)(C)) | April 3, 2013 | | May 16, 2013 |

---

[1] As stated in the Joint Case Management Statement, these Inventorship Contentions shall mirror the disclosures required by the Patent Local Rules and contain, in chart form, "an identification of (i) each claim of the ALZA patents to which he believes he contributed, (ii) which claim element(s) he believes he contributed to, and (iii) all evidentiary bases for his inventorship contentions." As with infringement or invalidity contentions under the Patent Local Rules, Plaintiff would be permitted to amend these contentions by order of the Court upon a timely showing of good cause.

**Exhibit 2**
**-16-**

| Event | Rules Deadline (where applicable) | Court Ordered Date | Stipulated Date |
|---|---|---|---|
| Motions to Add Parties or to Amend Pleadings | | 90 days before claim construction hearing | October 29, 2013 |
| Deadline for filing summary judgment motion on jurisdiction | | Defendant may file at anytime | Defendant may file at anytime |
| Hearing on summary judgment motion | Not less than 35 days after service of the motion | | Not less than 35 days after service of the motion |
| Invalidity Contentions and Accompanying Document Production (Patent Local Rules 3-3 & 3-4) | 14 days after Case Management Conference | | August 14, 2013 |
| Exchange of Proposed Terms for Construction (Patent Local Rule 4-1) | 14 days after service of the Invalidity Contentions | | August 28, 2013 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent Local Rule 4-2) | 21 days after service of the Exchange of Proposed Terms | | September 18, 2013 |
| Joint Claim Construction and Prehearing Statement (Patent Local Rule 4-3) | 60 days after service of the Invalidity Contentions | | October 14, 2013 |

**Exhibit 2**
**-17-**

| Event | Rules Deadline (where applicable) | Court Ordered Date | Stipulated Date |
|---|---|---|---|
| Completion of Claim Construction Discovery (Patent Local Rule 4-4) | 30 days after service of the Joint Claim Construction and Prehearing Statement | | November 13, 2013 |
| Opening Claim Construction Brief (Patent Local Rule 4-5(a)) | 45 days after service of the Joint Claim Construction Prehearing Statement | | November 27, 2013 |
| Responsive Claim Construction Brief (Patent Local Rule 4-5(b)) | 14 days after service of the Opening Claim Construction Brief | | December 13, 2013 |
| Reply Claim Construction Brief (Patent Local Rule 45-(c)) | 7 days after service of the Responsive Claim Construction Brief | | December 20, 2013 |
| Claim Construction Hearing (Patent Rule 4-6) | 2 weeks after submission of the Reply Claim Construction Brief (or other date set by the Court) | January 29, 2014 | January 29, 2014 |

///

///

///

///

///

///

///

**Exhibit 2**
**-18-**

1                        Respectfully submitted,

2  Dated:  April 17, 2013         CARR & FERRELL *LLP*

3

4                        By:   /s/ Gerald P. Dodson
                              GERALD P. DODSON

5                              K. BRIAN BATHURST
                              BRYAN J. BOYLE

6

7                      *Attorneys for Plaintiff DR. JAMES M. SWANSON*

8  Dated:  April 17, 2013         COVINGTON & BURLING, LLP

9                        By:   /s/ Kurt G. Calia

10                              KURT G. CALIA
                              GEORGE F. PAPPAS

11                              ELENA DIMUZIO
                              ALLISON E. KERNDT

12

13                      *Attorneys for Defendant ALZA CORPORATION*

14

15                  **CASE MANAGEMENT ORDER**

16      The above STIPULATION AND PROPOSED ORDER FOR EVENT DATES

17  THROUGH CLAIM CONSTRUCTION is approved as the Initial Case Management Order for

18  this case and all parties shall comply with its provisions. [In addition, the Court makes the

19  further orders stated below:]

20  IT IS SO ORDERED.

21

22  Dated:  4/19/1

23                       HON. PHYLLIS J. HAMILTON
                       **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28

**Exhibit 2**
**-19-**

# EXHIBIT 3

1   JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3   San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
    H. MARK LYON, SBN 162061
5     mlyon@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   1881 Page Mill Road
    Palo Alto, CA 94304-1211
7   Tel.: 650.849.5300 / Fax: 650.849.5333

8   BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
9   BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
      bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.            333 South Grand Avenue
11  Washington, DC 20036                     Los Angeles, CA 90071-3197
    Tel.: 202.955.8541 / Fax: 202.467.0539   Tel.: 213.229.7000 / Fax: 213.229.7520
12
    BRIAN A. ROSENTHAL, *pro hac vice*       ANGELIQUE KAOUNIS, SBN 209833
13    brosenthal@gibsondunn.com                akaounis@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP              GIBSON, DUNN & CRUTCHER LLP
14  200 Park Avenue                          2029 Century Park East Suite 4000
    New York, NY 10166-0193                  Los Angeles, CA 90067
15  Tel.: 212.351.2339 / Fax: 212.817.9539   Tel.: 310.552.8546 / Fax: 310.552.7026

16  *Attorneys for Defendant Apple Inc.*

17
18            **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
19                 **SOUTHERN DIVISION**

20  MASIMO CORPORATION,                  CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
21  CERCACOR LABORATORIES, INC.,         **DEFENDANT APPLE INC.'S**
    a Delaware corporation,              **OBJECTIONS AND RESPONSES TO**
22                                       **PLAINTIFFS MASIMO**
                  Plaintiffs,            **CORPORATION AND CERCACOR**
23                                       **LABORATORIES, INC.'S THIRD SET**
            v.                           **OF REQUESTS FOR PRODUCTION**
24                                       **OF DOCUMENTS TO DEFENDANT**
    APPLE INC., a California corporation,  **APPLE INC. (NOS. 61-147)**
25
                  Defendant.
26                                       Hon. James V. Selna
                                         Magistrate Judge John D. Early
27
28

Gibson, Dunn &
Crutcher LLP

1  claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to

2  waive, the preceding objection.

3       Subject to and without waiver of the foregoing General and Specific Objections

4  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5  Apple agrees to produce documents responsive to the unobjectionable scope of this

6  Request, to the extent such information exists and is located after a reasonably diligent

7  search.

8  **REQUEST FOR PRODUCTION NO. 110:**

9       All documents and things that tend to support or rebut any contention that the

10 named inventors were properly identified as inventors on the Disputed Patents.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

12      Apple incorporates by reference its General Objections and Objections to

13 Definitions and Instructions.

14      Apple objects to this Request to the extent it seeks documents and things protected

15 from discovery by the attorney-client privilege, the work-product doctrine, the common-

16 interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

17 objects to this Request as overbroad and unduly burdensome to the extent it seeks

18 information neither relevant to the issues in the present action nor reasonably calculated

19 to lead to the discovery of admissible evidence.  Apple objects to this Request to the

20 extent that it seeks information already in Plaintiffs' possession or information that is

21 obtainable from another source, such as publicly available materials, that is more

22 convenient, less burdensome, or less expensive.  Apple objects to this Request as

23 overbroad and unduly burdensome to the extent it seeks documents not within Apple's

24 possession, custody, or control.  Apple objects to this Request on the grounds that it is

25 overly broad and unduly burdensome to the extent it requests "[a]ll documents and

26 things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

27 ownership claims related to the Disputed Patents is based on Apple's alleged use of

28 Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as the only inventors on the Disputed Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks

information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request. Plaintiffs' inventorship and/or ownership claims related to the Disputed Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because Plaintiffs have not yet complied with Section 2019.210. *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014). Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this

1    Request, to the extent such information exists and is located after a reasonably diligent

2    search.

3    **REQUEST FOR PRODUCTION NO. 112:**

4         All documents and things that tend to support or rebut any contention that the

5    Disputed Patents are owned by Apple.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

7         Apple incorporates by reference its General Objections and Objections to

8    Definitions and Instructions.

9         Apple objects to this Request to the extent it seeks documents and things protected

10   from discovery by the attorney-client privilege, the work-product doctrine, the common-

11   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

12   objects to this Request as overbroad and unduly burdensome to the extent it seeks

13   information neither relevant to the issues in the present action nor reasonably calculated

14   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

15   extent that it seeks information already in Plaintiffs' possession or information that is

16   obtainable from another source, such as publicly available materials, that is more

17   convenient, less burdensome, or less expensive.  Apple objects to this Request as

18   overbroad and unduly burdensome to the extent it seeks documents not within Apple's

19   possession, custody, or control.  Apple objects to this Request on the grounds that it is

20   overly broad and unduly burdensome to the extent it requests "[a]ll documents and

21   things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

22   ownership claims related to the Disputed Patents is based on Apple's alleged use of

23   Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

24   Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see*

25   *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

26   Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

27   *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

28   *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

*v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 113:**

For the Disputed Patents and counterparts thereof, all documents and things concerning the inventorship of the alleged inventions claimed in the Asserted Patents, including without limitation what each inventor allegedly contributed to each Disputed Patents and counterparts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll

Gibson, Dunn & Crutcher LLP

**Exhibit 3
-25-**

documents and things" relating to the subject matter of the request.   Plaintiffs' inventorship and/or ownership claims related to the Disputed Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at \*2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at \*4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at \*2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at \*4 (N.D. Cal. Feb. 28, 2014).   Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things referring or relating to the inventorship of one or more of the Disputed Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request. Plaintiffs' inventorship and/or ownership claims related to the Disputed Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because Plaintiffs have not yet complied with Section 2019.210. *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014). Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

1    Subject to and without waiver of the foregoing General and Specific Objections

2    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3    Apple agrees to produce documents responsive to the unobjectionable scope of this

4    Request, to the extent such information exists and is located after a reasonably diligent

5    search.

6    **REQUEST FOR PRODUCTION NO. 115:**

7    All documents and things referring to, relating to, or evidencing invention of any

8    of the subject matter claimed in the Disputed Patents.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

10    Apple incorporates by reference its General Objections and Objections to

11    Definitions and Instructions.

12    Apple objects to this Request to the extent it seeks documents and things protected

13    from discovery by the attorney-client privilege, the work-product doctrine, the common-

14    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

15    objects this Request as overbroad and unduly burdensome to the extent it seeks

16    information neither relevant to the issues in the present action nor reasonably calculated

17    to lead to the discovery of admissible evidence.  Apple objects to this Request to the

18    extent that it seeks information already in Plaintiffs' possession or information that is

19    obtainable from another source, such as publicly available materials, that is more

20    convenient, less burdensome, or less expensive.  Apple objects to this Request as

21    overbroad and unduly burdensome to the extent it seeks documents not within Apple's

22    possession, custody, or control.  Apple objects to this Request on the grounds that it is

23    overly broad and unduly burdensome to the extent it requests "[a]ll documents and

24    things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

25    ownership claims related to the Disputed Patents is based on Apple's alleged use of

26    Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

27    Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see*

28    *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

1    Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

2    *Visserijonderzoek*, 2018 WL 3062160, at \*4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

3    *v. Cloudflare, Inc.*, 2018 WL 2445515, at \*2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

4    *v. CVPartners, Inc.*, 2014 WL 852477, at \*4 (N.D. Cal. Feb. 28, 2014).  Apple expressly

5    preserves its objection to producing any documents or things that relate to Plaintiffs'

6    trade secret misappropriation claim, even if they also relate to *other* claims, until

7    Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17,

8    June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents

9    or things that relate solely to Plaintiffs' trade secret misappropriation claim until

10   Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the

11   preceding objection.

12        Subject to and without waiver of the foregoing General and Specific Objections

13   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

14   Apple agrees to produce documents responsive to the unobjectionable scope of this

15   Request, to the extent such information exists and is located after a reasonably diligent

16   search.

17   **REQUEST FOR PRODUCTION NO. 116:**

18        All documents and things referring to, relating to, or evidencing conception and/or

19   reduction to practice of any of the subject matter claimed in the Disputed Patents.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

21        Apple incorporates by reference its General Objections and Objections to

22   Definitions and Instructions.

23        Apple objects to this Request to the extent it seeks documents and things protected

24   from discovery by the attorney-client privilege, the work-product doctrine, the common-

25   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

26   objects to this Request as overbroad and unduly burdensome to the extent it seeks

27   information neither relevant to the issues in the present action nor reasonably calculated

28   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

1   extent that it seeks information already in Plaintiffs' possession or information that is

2   obtainable from another source, such as publicly available materials, that is more

3   convenient, less burdensome, or less expensive.   Apple objects to this Request as

4   overbroad and unduly burdensome to the extent it seeks documents not within Apple's

5   possession, custody, or control.   Apple objects to this Request on the grounds that it is

6   overly broad and unduly burdensome to the extent it requests "[a]ll documents and

7   things" relating to the subject matter of the request.   Plaintiffs' inventorship and/or

8   ownership claims related to the Disputed Patents is based on Apple's alleged use of

9   Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

10  Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see*

11  *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

12  Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

13  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

14  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

15  *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).   Apple expressly

16  preserves its objection to producing any documents or things that relate to Plaintiffs'

17  trade secret misappropriation claim, even if they also relate to *other* claims, until

18  Plaintiffs comply with Section 2019.210.   Nonetheless, based on this Court's April 17,

19  June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents

20  or things that relate solely to Plaintiffs' trade secret misappropriation claim until

21  Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the

22  preceding objection.

23      Subject to and without waiver of the foregoing General and Specific Objections

24  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

25  Apple agrees to produce documents responsive to the unobjectionable scope of this

26  Request, to the extent such information exists and is located after a reasonably diligent

27  search.

28  **REQUEST FOR PRODUCTION NO. 117:**

All documents and things referring or relating to the preparation, decision to file, filing, prosecution and/or enforcement of the Disputed Patents, including but not limited to:

(a)   the complete prosecution files for each patent;

(b)   the complete prosecution files for any parent application or priority application;

(c)   the complete prosecution files for any continuation or divisional patent application claiming priority from or relating to any of the patents;

(d)   all documents and things that provided a basis for the preparation of any of the patents;

(e)   all documents and things that constitute, relate to, or refer to communications between or on behalf of, the inventors, Defendant, Defendant's attorneys, or any patent attorney or agent that relate or refer to any of the patents;

(f)   all drafts of any of the patents; and

(g)   all drafts of any papers filed during the prosecution of any of the patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 117:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll

Gibson, Dunn & Crutcher LLP

documents and things" relating to the subject matter of the request.   Plaintiffs' inventorship and/or ownership claims related to the Disputed Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple objects to this Request because it seeks "all  . . . communications," which will be negotiated and produced pursuant to the ESI Order in this case.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 118:

All foreign counterparts to the Disputed Patents, and all documents and things relating or referring to the foreign counterparts, including but not limited to complete prosecution files.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 118:

1    Apple incorporates by reference its General Objections and Objections to

2    Definitions and Instructions.

3    Apple objects to this Request to the extent it seeks documents and things protected

4    from discovery by the attorney-client privilege, the work-product doctrine, the common-

5    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

6    objects to this Request as overbroad and unduly burdensome to the extent it seeks

7    information neither relevant to the issues in the present action nor reasonably calculated

8    to lead to the discovery of admissible evidence.  Apple objects to this Request to the

9    extent that it seeks information already in Plaintiffs' possession or information that is

10   obtainable from another source, such as publicly available materials, that is more

11   convenient, less burdensome, or less expensive.  Apple objects to this Request as

12   overbroad and unduly burdensome to the extent it seeks documents not within Apple's

13   possession, custody, or control.  Apple objects to this Request on the grounds that it is

14   overly broad and unduly burdensome to the extent it requests "[a]ll documents and

15   things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

16   ownership claims related to the Disputed Patents is based on Apple's alleged use of

17   Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

18   Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see

19   also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

20   Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En

21   Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.

22   v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.

23   v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly

24   preserves its objection to producing any documents or things that relate to Plaintiffs'

25   trade secret misappropriation claim, even if they also relate to *other* claims, until

26   Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17,

27   June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents

28   or things that relate solely to Plaintiffs' trade secret misappropriation claim until

1    Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the

2    preceding objection.

3       Subject to and without waiver of the foregoing General and Specific Objections

4    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5    Apple agrees to produce documents responsive to the unobjectionable scope of this

6    Request, to the extent such information exists and is located after a reasonably diligent

7    search.

8    **REQUEST FOR PRODUCTION NO. 119:**

9       All documents and things that refer or relate to any alleged invention described in

10   or claimed in the Disputed Patents.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

12      Apple incorporates by reference its General Objections and Objections to

13   Definitions and Instructions.

14      Apple objects to this Request to the extent it seeks documents and things protected

15   from discovery by the attorney-client privilege, the work-product doctrine, the common-

16   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

17   objects to this Request as overbroad and unduly burdensome to the extent it seeks

18   information neither relevant to the issues in the present action nor reasonably calculated

19   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

20   extent that it seeks information already in Plaintiffs' possession or information that is

21   obtainable from another source, such as publicly available materials, that is more

22   convenient, less burdensome, or less expensive.  Apple objects to this Request as

23   overbroad and unduly burdensome to the extent it seeks documents not within Apple's

24   possession, custody, or control.  Apple objects to this Request on the grounds that it is

25   overly broad and unduly burdensome to the extent it requests "[a]ll documents and

26   things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

27   ownership claims related to the Disputed Patents is based on Apple's alleged use of

28   Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 120:

All documents and things that refer or relate to, or otherwise evidence, the inventive contribution of any of the named inventors to the subject matter claimed in any of the Disputed Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 120:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

1   objects to this Request as overbroad and unduly burdensome to the extent it seeks

2   information neither relevant to the issues in the present action nor reasonably calculated

3   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

4   extent that it seeks information already in Plaintiffs' possession or information that is

5   obtainable from another source, such as publicly available materials, that is more

6   convenient, less burdensome, or less expensive.  Apple objects to this Request as

7   overbroad and unduly burdensome to the extent it seeks documents not within Apple's

8   possession, custody, or control.  Apple objects to this Request on the grounds that it is

9   overly broad and unduly burdensome to the extent it requests "[a]ll documents and

10  things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

11  ownership claims related to the Disputed Patents is based on Apple's alleged use of

12  Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

13  Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see*

14  *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

15  Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

16  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

17  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

18  *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly

19  preserves its objection to producing any documents or things that relate to Plaintiffs'

20  trade secret misappropriation claim, even if they also relate to *other* claims, until

21  Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17,

22  June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents

23  or things that relate solely to Plaintiffs' trade secret misappropriation claim until

24  Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the

25  preceding objection.

26          Subject to and without waiver of the foregoing General and Specific Objections

27  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

28  Apple agrees to produce documents responsive to the unobjectionable scope of this

1   Request, to the extent such information exists and is located after a reasonably diligent

2   search.

3   **REQUEST FOR PRODUCTION NO. 121:**

4       All documents and things referring to, relating to, or evidencing any contribution

5   by Defendant's employees to the subject matter claimed in the Disputed Patents.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

7       Apple incorporates by reference its General Objections and Objections to

8   Definitions and Instructions.

9       Apple objects to this Request to the extent it seeks documents and things protected

10  from discovery by the attorney-client privilege, the work-product doctrine, the common-

11  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

12  objects to this Request as overbroad and unduly burdensome to the extent it seeks

13  information neither relevant to the issues in the present action nor reasonably calculated

14  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

15  extent that it seeks information already in Plaintiffs' possession or information that is

16  obtainable from another source, such as publicly available materials, that is more

17  convenient, less burdensome, or less expensive.  Apple objects to this Request as

18  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

19  possession, custody, or control.  Apple objects to this Request on the grounds that it is

20  overly broad and unduly burdensome to the extent it requests "[a]ll documents and

21  things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

22  ownership claims related to the Disputed Patents is based on Apple's alleged use of

23  Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

24  Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see*

25  *also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

26  Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En*

27  *Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

28  *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

*v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and things referring or relating to Defendant's practices, procedures, and/or policies relating to submission of information for possible inclusion in patent applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this

Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and things that refer or relate to, or otherwise evidence, any incentive or reward program for employees who develop new inventions, including any program in which employees receive bonuses or other forms of compensation in exchange for the disclosure and recording of inventions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information

predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Plaintiffs' inventorship and/or ownership claims related to the Disputed Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210— without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents sufficient to show any Apple incentive or reward program for employees who develop new inventions, and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 124:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees named as inventors on issued foreign or U.S. patents and/or filed foreign or U.S. patent applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

1    Apple incorporates by reference its General Objections and Objections to

2  Definitions and Instructions.

3    Apple objects to this Request to the extent it seeks documents and things protected

4  from discovery by the attorney-client privilege, the work-product doctrine, the common-

5  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

6  objects to this Request as overbroad and unduly burdensome to the extent it seeks

7  information neither relevant to the issues in the present action nor reasonably calculated

8  to lead to the discovery of admissible evidence.  Apple objects to this Request on the

9  grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll

10  documents and things" relating to the subject matter of the request.  Apple objects to this

11  Request as overbroad and unduly burdensome to the extent it requests information

12  predating the release of the Accused Products and, in fact, is not limited to any relevant

13  time period.  Plaintiffs' inventorship and/or ownership claims related to the Disputed

14  Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets,

15  and thus this Request is improper because Plaintiffs have not yet complied with Section

16  2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v.*

17  *Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J.*

18  *Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at

19  *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at

20  *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at

21  *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any

22  documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if

23  they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

24  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

25  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

26  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

27  without waiving, or intending to waive, the preceding objection.

28

1    Subject to and without waiver of the foregoing General and Specific Objections

2    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3    Apple agrees to produce documents sufficient to show any Apple policy regarding

4    compensation for employees named as inventors on issued foreign or U.S. patents and/or

5    filed foreign or U.S. patent applications, and responsive to the unobjectionable scope of

6    this Request, to the extent such information exists and is located after a reasonably

7    diligent search.

8    **REQUEST FOR PRODUCTION NO. 125:**

9    All documents and things that refer or relate to, or otherwise evidence, any policy

10   regarding compensation for employees who submit invention disclosure forms for use

11   in evaluating whether to file a patent application.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

13   Apple incorporates by reference its General Objections and Objections to

14   Definitions and Instructions.

15   Apple objects to this Request to the extent it seeks documents and things protected

16   from discovery by the attorney-client privilege, the work-product doctrine, the common-

17   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

18   objects to this Request as overbroad and unduly burdensome to the extent it seeks

19   information neither relevant to the issues in the present action nor reasonably calculated

20   to lead to the discovery of admissible evidence.  Apple objects to this Request on the

21   grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll

22   documents and things" relating to the subject matter of the request.  Apple objects to this

23   Request as overbroad and unduly burdensome to the extent it requests information

24   predating the release of the Accused Products and, in fact, is not limited to any relevant

25   time period.  Plaintiffs' inventorship and/or ownership claims related to the Disputed

26   Patents is based on Apple's alleged use of Plaintiffs' allegedly confidential trade secrets,

27   and thus this Request is improper because Plaintiffs have not yet complied with Section

28   2019.210.  *See* Dkt. Nos. 37, 54, 79; *see also, e.g.*, *M/A-COM Tech. Sols., Inc. v.*

*Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D. Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210— without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents sufficient to show any Apple policy regarding compensation for employees who submit invention disclosure forms for use in evaluating whether to file a patent application, and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and things referring or relating to the value and/or potential value of the technology claimed or disclosed in the Disputed Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks

information neither relevant to the issues in the present action nor reasonably calculated
to lead to the discovery of admissible evidence.   Apple objects to this Request to the
extent that it seeks information already in Plaintiffs' possession or information that is
obtainable from another source, such as publicly available materials, that is more
convenient, less burdensome, or less expensive.   Apple objects to this Request as
overbroad and unduly burdensome to the extent it seeks documents not within Apple's
possession, custody, or control.   Apple objects to this Request on the grounds that it is
overly broad and unduly burdensome to the extent it requests "[a]ll documents and
things" relating to the subject matter of the request.   Plaintiffs' inventorship and/or
ownership claims related to the Disputed Patents is based on Apple's alleged use of
Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because
Plaintiffs have not yet complied with Section 2019.210.   *See* Dkt. Nos. 37, 54, 79; *see
also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.
Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En
Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.
v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.
v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).   Apple expressly
preserves its objection to producing any documents or things that relate to Plaintiffs'
trade secret misappropriation claim, even if they also relate to *other* claims, until
Plaintiffs comply with Section 2019.210.   Nonetheless, based on this Court's April 17,
June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents
or things that relate solely to Plaintiffs' trade secret misappropriation claim until
Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the
preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections
and under the provisions of the Protective Order and ESI Stipulation entered in this case,
Apple agrees to produce documents responsive to the unobjectionable scope of this

1   Request, to the extent such information exists and is located after a reasonably diligent

2   search.

3   **REQUEST FOR PRODUCTION NO. 127:**

4        All documents and things referring or relating to the advantages or disadvantages

5   of the technology claimed or disclosed in the Disputed Patents over competing

6   technologies.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

8        Apple incorporates by reference its General Objections and Objections to

9   Definitions and Instructions.

10       Apple objects to this Request to the extent it seeks documents and things protected

11  from discovery by the attorney-client privilege, the work-product doctrine, the common-

12  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

13  objects to this Request as overbroad and unduly burdensome to the extent it seeks

14  information neither relevant to the issues in the present action nor reasonably calculated

15  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

16  extent that it seeks information already in Plaintiffs' possession or information that is

17  obtainable from another source, such as publicly available materials, that is more

18  convenient, less burdensome, or less expensive.  Apple objects to this Request as

19  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

20  possession, custody, or control.  Apple objects to this Request on the grounds that it is

21  overly broad and unduly burdensome to the extent it requests "[a]ll documents and

22  things" relating to the subject matter of the request.  Plaintiffs' inventorship and/or

23  ownership claims related to the Disputed Patents is based on Apple's alleged use of

24  Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

25  Plaintiffs have not yet complied with Section 2019.210.  *See* Dkt. Nos. 37, 54, 79; *see

26  also, e.g.*, *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 8108729, at *2 (C.D.

27  Cal. Sept. 3, 2019) (Early, J.); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En

28  Visserijonderzoek*, 2018 WL 3062160, at *4 (E.D. Cal. June 19, 2018); *Swarmify, Inc.*

*v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 128:**

All communications between Defendant and Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control.  Apple objects to this Request because it seeks "all communications," which will be negotiated and produced pursuant to the ESI Order in this case.  Apple objects to this Request to the extent it requires Apple to draw a legal conclusion in order to respond.  Apple objects to this

Request as overbroad and unduly burdensome to the extent it seeks information already in Plaintiffs' possession, custody, or control.   Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.   Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 129:**

All communications between Defendant and any individual who previously worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control.  Apple objects to this Request because it seeks "all

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 3**
**-47-**

communications," which will be negotiated and produced pursuant to the ESI Order in this case.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.   Apple objects to this Request to the extent it requires Apple to draw a legal conclusion in order to respond.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information already in Plaintiffs' possession, custody, or control.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple expressly preserves its objection

1   Request, to the extent such information exists and is located after a reasonably diligent

2   search.

3

4

5   Dated:  August 17, 2020            JOSHUA H. LERNER

6                                      H. MARK LYON
                                       BRIAN M. BUROKER
7                                      BRIAN A. ROSENTHAL
                                       ILISSA SAMPLIN
8                                      ANGELIQUE KAOUNIS
                                       BRIAN K. ANDREA
9                                      GIBSON, DUNN & CRUTCHER LLP

10

11                                     By:  */s/ Joshua H. Lerner*
                                            Joshua H. Lerner

12

13                                     *Attorneys for Defendant Apple Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2      I am a citizen of the United States of America and I am employed in Irvine,

3  California. I am over the age of 18 and not a party to the within action.

4      On August 17, 2020, I served the within DEFENDANT APPLE INC.'S

5  OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION

6  AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR

7  PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)

8  on the parties or their counsel shown at the email addresses shown below:

9                KNOBBE, MARTENS, OLSON & BEAR, LLP

10                         Joseph R. Re

11                      joseph.re@knobbe.com

12                       Stephen C. Jensen

13                     steve.jensen@knobbe.com

14                        Perry D. Oldham

15                     perry.oldham@knobbe.com

16                       Stephen W. Larson

17                    stephen.larson@knobbe.com

18                        Adam B. Powell

19                     adam.powell@knobbe.com

20                         Mark Kachner

21                    mark.kachner@knobbe.com

22      I certify and declare under penalty of perjury under the laws of the State of

23  California that I am employed in the office of a member of the bar of this Court at

24  whose direction the service was made, and that the forgoing is true and correct.

25      Executed on August 17, 2020, at Irvine, California.

26                         _Tracy A Morgan_
                    _____
27          Tracy A. Morgan

28

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 4

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

October 1, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

        We write pursuant to Local Rule 37-1 to address various discovery issues and request a meet and confer.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Apple's Improper Exclusive Reliance on Custodians and Search Terms:**  Apple has taken the position that, as to one or more requests, it may rely solely on search terms and ESI searches to look for responsive documents.  That is improper.  Apple should perform a reasonable search for documents separate and apart from ESI searching by, for example, talking to potential custodians and witnesses to determine where relevant documents may exist.  During the parties June 30th meet and confer, "Apple agreed to let Plaintiffs know if it determines that it will use search terms and custodians alone to satisfy Apple's discovery obligations for a particular RFP."  However, to date, Apple has not identified any such RFPs.  Please confirm that Apple will satisfy its discovery obligations and will not limit its searching to the use of search terms and custodians for any RFP.

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Based on the correspondence between the parties, we understand that Apple is not withholding and does not intend to withhold documents based on its objections for these RFPs and that Apple intends to produce all non-privileged documents responsive to these RFPs.  Please confirm and let us know when Apple intends to produce such documents.

**Plaintiffs' RFPs 5-8, 10-11, and 26-27:**  Based on the correspondence between the parties, we understand that Apple has withheld documents responsive to these RFPs based solely on Apple's position that Plaintiffs must first serve a Section 2019.210 statement that Apple deems adequate.  Because the Court rejected Apple's position in its April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), we expect Apple will produce these documents.  Please confirm and let us know when Apple intends to produce such documents.

**Plaintiffs' RFP 9:** Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please confirm Apple will no longer withhold documents based on that position.  Apple also previously stated

# Knobbe Martens

that it intends to withhold publicly available documents. As we previously explained, this is improper. Apple should produce all documents in its possession, custody, or control, even if they are otherwise publicly available. Please confirm Apple will produce such documents. We understand Apple is not withholding and does not intend to withhold documents based on any other objections. Please let us know if that is incorrect.

**Plaintiffs' RFPs 12-25:** Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement. As explained above, the Court rejected Apple's position. Thus, please confirm Apple will no longer withhold documents based on that position. Apple also previously stated that it intends to withhold any documents that are "relevant specifically to any claim not asserted in this action." As we have explained, Apple is not permitted to withhold responsive documents based on Apple's contention those documents are relevant to unasserted claims. Indeed, Plaintiffs are entitled to Apple's documents, including for the purposes of selecting asserted claims. Please confirm Apple will not maintain this objection. We understand Apple is not withholding any documents based on any other objection. Please let us know if that is incorrect.

**Plaintiffs' RFPs 28-33, 35-39, 41-46, 58, 60:** Based on the correspondence between the parties, we understand Apple contends that these RFPs are premature until it receives Plaintiffs' infringement contentions, but that Apple will produce documents responsive to these RFPs upon receiving such contentions. We disagree, but look forward to promptly receiving Apple's documents after Plaintiffs serve their infringement contentions. Please let us know when you will provide these documents.

**Plaintiffs' RFPs 47-49:** Based on the correspondence between the parties, we understand Apple intends to provide documents related only to how often a user's heart rate is measured and the operation of the LEDs in the Accused Products, but not as to the remainder of these Requests. As we have previously explained, that is improper. Please confirm Apple will produce all documents responsive to this request.

**Apple's Improper Attempts to Limit Document Productions to Accused Features:** Apple has thus far improperly limited Apple's core technical document production to include only documents that relate to features Apple claims were accused of infringement. Apple has not stated any such objection to RFPs 1-60 and any such objection would be improper. Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210:** Apple objects to all RFPs 61-147 on the basis of Section 2019.210 and states that it will "withhold" "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210. . . ." None of Plaintiffs' RFPs, however, seek only documents relevant to Plaintiffs' trade secret misappropriation claim. If Apple disagrees and is withholding documents on this basis, please identify the specific RFPs and explain Apple's position.

**Temporal Scope:** Apple objects to Plaintiffs' RFPs 67-74, 76, 78, 79, 88-91, 97, 98, 100-109, 122-125, 129, 131-135, and 143 on the ground that they are "vague, ambiguous, overly broad, and

# Knobbe Martens

unduly burdensome" because the request does not identify a relevant time period.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Undefined Terms:**  Apple objects to certain requests that use "undefined" terms or phrases such as but not limited to: "refer or relate to," "concerning," "evaluating," "discussing," "commenting," "instructional materials," "directions for use," "training materials," "training manuals," "training videos," "marketing materials," "promotional materials," "informational materials," "internet postings," "physiological monitoring features," "technical documents," "technical information," "specifications," "research data," "pulse rate," "heart rate," "optical . . . components," "structural components," "components," "surface areas," "adhesives," "physiological parameter," "heart rate algorithms," "development," "first heart rate metrics," "first technique," "first period," "second heart rate metrics," "second technique," "second period," "changes in collecting heart rate metrics," "change in operating mode," and "user input."  Please confirm Apple will interpret these terms and phrases according to their plain and ordinary meaning and produce responsive documents accordingly.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Products Not Identified in the Complaint:**  Apple objects to Plaintiffs RFPs 63-72, 74, 76, 78-84, 86, 87, 97, 100-109, and 131-134 to the extent that they seek "documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement."  Apple is incorrect that products not specifically accused of infringement are not relevant to this litigation.  For example, the features of the Series 1 Watch are relevant to this case at least because a comparison between the Series 1 Watch and the Series 3 and later watches may be relevant to showing the value of the features in the later watches.  Apple also objects to RFP 85 because it requests documents related to "Defendant's products" and Apple claims that this term is "undefined and appears to seek documents related to products that are not relevant to this litigation."  This RFP requests documents "referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any <u>physiological parameter</u>, for use in Defendant's products."  This request is clear and seeks relevant documents.  Please confirm Apple is not relying on and does not intend to rely on these objections to withhold relevant documents.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple objects to Plaintiffs' RFPs 63-73, 75, 79, 80, 82-84, 97, 100-105, 107, and 131-134 as overbroad and unduly burdensome because they are not "limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents."  As a preliminary matter, Plaintiffs have not yet served their infringement contentions because the Court extended Plaintiffs' deadline to do so.  To the extent Apple's objection is based on Plaintiffs' preliminary contentions that were limited to public information only, that is improper.  Further, as discussed above, Apple is incorrect that products not accused of infringement cannot be relevant to this litigation.  Please confirm Apple is not using this objection as a basis to withhold requested discovery.

**Public Documents**:  Apple objects to Plaintiffs' RFPs 61-96, 104, 110- 112, 114-121, 126-129, 133, 134, 136-142, and 145-147, to the extent they seek "information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive."  To the extent Apple intends to withhold documents within Apple's possession, custody, or control based on this objection, that is improper.  Please confirm

Exhibit 4
-53-

# Knobbe Martens

Apple is not withholding and does not intend to withhold public documents within Apple's possession, custody, or control.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  In addition to the issues identified above, Apple has indicated that it only "agrees to produce documents related to the technical features accused of infringement" for these RFPs.  As the parties have discussed, this objection is improper.  Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  In addition to the issues identified above, Apple has requested that the parties meet and confer on the scope of these requests.  Plaintiffs believe that the scope of these requests is appropriate, but are willing to meet and confer.  So that the parties can have a productive discussion, please provide Apple's position on what documents it is willing to provide in advance of the parties' meet and confer.

**Plaintiffs' RFPs 80-82, 101, 136:**  In addition to the issues identified above, Apple's objections limit its production of documents responsive to these RFPs to documents identified in a "search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties."  As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97:**  In addition to the issues identified above, Apple contends that these requests are "overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request."  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.  Further, Plaintiff's believe that the scope of these requests is appropriate but are willing to meet and confer both on these requests specifically and on ESI more generally as discussed below.

**Plaintiffs' RFPs 91, 129, and 136:**  In addition to the issues identified above, Apple objects to these requests because they seek any or all communications that Apple contends "will be negotiated and produced pursuant to the ESI Order in this case."  Plaintiffs do not understand this objection or its basis.  Please explain this objection and confirm that Apple is not relying on and does not intend to rely on this objection to withhold any requested discovery.

**Plaintiffs' RFPs 98 and 99:**  In addition to the issues identified above, Apple has indicated that it "is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information."  These RFPs relate to forecasts and projections that are prepared in the ordinary course of business.  Thus, there is no need to wait for a future mutual exchange of generated financial spreadsheets.  However, Plaintiffs are willing to meet and confer.  So that the parties can have a productive discussion, please explain Apple's position on these RFPs prior to the meet and confer.

**Plaintiffs' RFPs 132 and 144:**  In addition to the issues identified above, Apple has stated that it will not produce documents responsive to these requests because "Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be

# Knobbe Martens

located after a reasonably diligent search."  Plaintiffs find it difficult to believe that a company the size of Apple does not have documents showing Apple's organizational structure or the reporting and supervisory obligations of various employees.  Apple should produce documents providing the requested information, regardless of whether Apple internally labels these documents as "organizational charts."  Please confirm Apple will produce such documents.

### Compliance with ESI Order

Pursuant to Section 1 of the ESI order, the parties agreed to exchange proposed custodians "who are knowledgeable about and were involved with the core issues or subjects in this case" in connection with the meet and confer process on ESI.  Moreover, as discussed above, Apple has referenced and conditioned its production of documents with reference to its production of ESI.  Plaintiffs propose that the parties exchange proposed custodians on October 15.  Please let us know if Apple agrees.  If Apple does not agree, please propose another date for this exchange.

### Apple's Deficient Document Production

To date, Apple has produced approximately 1,000 documents.  Apple has failed to produce responsive documents even as to RFPs as to which it committed to produce documents months ago.  Please let us know when Apple will make substantial document productions.

### Plaintiffs Interrogatories Nos. 1 and 6-10

**Plaintiffs' Interrogatory No. 1:**  This interrogatory requests details on Apple's non-infringement positions.  Apple previously indicated it would provide a full response to Interrogatory No. 1 after Plaintiffs provide infringement contentions.  Under the new schedule proposed by the Parties, Plaintiffs' infringement contentions are due November 13, 2020.  Plaintiffs request that Apple will provide a full response by December 7, 2020.  Please confirm Apple will do so.

**Plaintiffs' Interrogatory No. 7:**  This interrogatory requests details on the design and development of the Apple Watch.  Apple's response is woefully deficient and provides little of the requested information.  Please confirm that Apple will supplement its response by October 8

**Plaintiffs' Interrogatory No. 8:**  This interrogatory requests details on the design and development of the product software related to physiological monitoring for each Apple Watch product.  Again, Apple's response is woefully deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 9:**  This interrogatory requests details on the operation of the pulse rate algorithm associated with each of the Apple Watches.  Yet again, Apple's response is deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 10.**  This interrogatory requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor.  Apple's response requests a meet and confer to discuss the relevance of the information sought by Plaintiffs.  This interrogatory clearly seeks relevant information and Apple needs to provide a

substantive response.  So that the parties can have a productive discussion, please explain Apple's position prior to the meet and confer.

## Invalidity Contentions and Plaintiffs' Interrogatory No. 2

Apples' invalidity contentions are woefully deficient.  Apple was required, among other things, to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."  Apple's invalidity contentions failed to provide the necessary obviousness analysis and instead asserts that Apple may rely on any potential combination of its identified references for any potential claim.  This amounts to billions of potential combinations.  Apple also fails to provide any evidence or reasoned explanation on how or why limitations missing in any particular reference would be obvious to a person of ordinary skill in the art.  Please confirm Apple will immediately provide proper invalidity contentions.

Plaintiffs' Interrogatory No. 2 asks for Apple's invalidity positions in this case, including an explanation of why it would have been obvious to combine the prior art references on which you rely in alleging obviousness.  Apple has previously taken the position that it will provide a response to this interrogatory "in accordance with the Scheduling Order entered in this case."  Apple has served invalidity contentions, but as discussed above, those contentions are deficient.  Please confirm that Apple will fully respond to interrogatory number two, including an identification of the specific prior-art combinations on which Apple will rely and an explanation of why it would have been obvious to combine such references.

## Apple Watch Series 6 and SE

Apple recently released the Apple Watch Series 6 and Series SE.  We notified you that these products are accused of infringement in this case.  Moreover, Plaintiffs' definition of "Accused Products" and "Apple Watch Products" encompass both of these products.  Please confirm that, as to each of Plaintiffs' RFPs, Apple will provide the requested discovery as to the Apple Watch Series 6 and Series SE.

## Apple's Refusal to Comply with Paragraph 4.5 of the Protective Order

Apple has inappropriately refused to produce documents contained in the "docs" subdirectory with respect to AppleRTPFirmware-115.9.  Per Paragraph 4.5 of the Protective Order, Apple must produce these documents.  Apple incorrectly claims it is entitled to redact the entirety of the documents under the Protective Order.  The Protective Order allows Apple to redact only the portions that "contain *specific* descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be *narrowly applied*."  The documents contained in the "docs" subdirectory for AppleRTPFirmware-115.9 extend well beyond "specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters)."  Please confirm that Apple will produce these documents.

Please let us know your availability to meet and confer pursuant to L.R. 37-1, to address the issues in this letter.  Please also provide the responses requested by this letter before the meet and confer.  In addition, please confirm Plaintiffs may record the parties' meet and confer.

# Knobbe Martens

Best regards,

Stephen W. Larson

32796726

# EXHIBIT 5

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

October 17, 2020

VIA E-MAIL (STEPHEN.LARSON@KNOBBE.COM)

Stephen Larson
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor
Irvine, CA 92614

Re:   Masimo Corp. et al. v. Apple, Inc., C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Steve:

I am writing in response to your letter dated October 1, 2020.  In view of the Court's October 14, 2020 Order granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations in your letter are moot, and thus Apple has not responded to those issues.

Your letter raised a kitchen-sink list of objections to three rounds of Apple's discovery requests (the most recent of which were served seven weeks prior to your letter), as well as a host of other issues.  In the interest of accommodating Plaintiffs' request for a letter and meet and confer on these topics, Apple provides this response.  However, it continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' October 1 letter that are not addressed in this letter.

### Plaintiffs' First and Second Set of Requests For Production (RFP Nos. 1-60)

**"Apple's Improper Exclusive Reliance on Custodians and Search Terms":**  Plaintiffs request that Apple identify whether it has identified any RFPs that may be satisfied by use of search terms and custodians alone.  Apple responds that it has identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as RFPs where it intends to use search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 5-8, 10-11, and 26-27:**  Apple has objected to some or all of these RFPs on grounds other than Plaintiffs' failure to comply with Section 2019.210, including for example Plaintiffs' failure to provide any temporal scope for these RFPs and the overbroad nature of these RFPs, which seek documents with no relevance to any claim or defense in this case and publicly available documents.  *See, e.g.*, May 26, 2020 Letter from I. Samplin to M. Kachner, at 7–8.  Thus, your assertion in your letter that Apple is withholding documents "solely" based on its Section 2019.210-related objection is incorrect.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 5
-58-

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 2

In addition, Plaintiffs have argued for months that these RFPs relate to their patent infringement claims, as the Court noted.  Dkt. No. 79 at 2 ("Plaintiffs argued that RFP Nos. 5-25 seek patent discovery." (citing Dkt. No. 43-1 at 4, 34, 36)); 6/23/2020 Kachner to Samplin letter.  Moreover, Judge Early found that one of these RFPs (RFP 8) "seek[s] some of the same categories of information Plaintiffs allege as their trade secrets," and even then is still "relevant to patent issues, including infringement," as Plaintiffs themselves argued.  Dkt. No. 54 at 8 (citing Dkt. No. 43-1 at 34); *see also* Dkt. No. 79 at 4.  As explained above, on October 14, 2020, the Court stayed the patent infringement case, which includes discovery related to those claims.  Thus, your issues related to these RFPs are moot on that basis alone, and Apple is not obligated to respond to these requests until the patent infringement case is resumed.

Even if these RFPs constitute trade secret discovery—and Plaintiffs have made clear their position that they do not—Plaintiffs' October 9, 2020 attempt at a Section 2019.210 statement is deficient, and thus does not comply with Section 2019.210.  Accordingly, Apple will maintain its objection to these RFPs until Plaintiffs serve an adequate Section 2019.210 disclosure.

**Plaintiffs' RFP No. 9:**  As explained above, Plaintiffs have consistently argued for months that this Request is "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to this Request are moot, and Apple is not obligated to respond to this Request until the Court lifts the stay.

In addition, to the extent this Request constitutes trade secret discovery—and not only have Plaintiffs consistently argue that it does not, this Request is also not one of the four that the Court found related to "some of the same categories of information Plaintiffs allege as their trade secrets" (Dkt. No. 54 at 8)—Plaintiffs.  have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to this Request because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Plaintiffs' RFP Nos. 12-25:**  As explained above, Plaintiffs have consistently argued for months that these RFPs are "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to these RFPs are moot, and Apple is not obligated to respond to these RFPs until the Court lifts the stay.

In addition, to the extent these RFPs constitutes trade secret discovery—and Plaintiffs have consistently argued that they do not—Plaintiffs have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to these RFPs because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Exhibit 5**
**-59-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 3

### Plaintiffs' Third Set of Requests For Production (RFP Nos. 61-147)

**Section 2019.210:**  Apple does not understand your issue concerning these RFPs.  In its August 17, 2020 Objections and Responses to Plaintiffs' Third Set of RFPs, Apple stated for each of these RFPs that "based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210."  Thus, Apple has agreed to produce responsive documents that are not related solely to Plaintiffs' trade secret misappropriation claim.[1]  Discovery of "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim" is stayed pending Plaintiffs' compliance with Section 2019.210.  Dkt. No. 37 at 1.  As explained in our recent correspondence, Plaintiffs have not yet complied with Section 2019.210, so Apple stands by this objection.

**"Temporal Scope":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs lack a temporal limitation. Apple confirms that it is not withholding documents based on this objection.  As Apple explained previously, temporal limitations for discovery requests are standard—particularly requests propounded by plaintiffs who have superior knowledge of the relevant time periods at issue.  Plaintiffs are in the best position to propose time period limitations here.  Upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Undefined Terms":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs use vague or ambiguous terms or phrases.  Apple confirms that it is not withholding documents based on this objection.  Apple is not refusing to produce responsive documents on the basis that any terms or phrases are "vague, ambiguous, overly broad, and unduly burdensome." Apple confirms that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs when searching for responsive documents.

**"Public Documents":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs seek information already in Plaintiffs' possession or information that is obtainable from another source.  Apple confirms that it is not withholding documents based on this objection.  To the extent a reasonable search yields publicly available documents responsive to Plaintiffs' RFPs, Apple will

---

[1]  To the extent these RFPs seek documents that are relevant to Plaintiffs' patent infringement claims, patent discovery has been stayed by the Court's October 14, 2020 Order (Dkt. No. 220).

**Exhibit 5**
**-60-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 4

produce them, but it will not specifically search for publicly available documents as those
documents are just as easily available to Plaintiffs. Apple also notes that Plaintiffs made this
same objection to Apple's RFP Nos. 15, 31, 38, 39, 42, 43, and 47, and the approach to
public documents should be reciprocal.

**Plaintiffs' RFP Nos. 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Plaintiffs request that
Apple provide its position with regards to these RFPs in advance of the parties' meet and
confer.

Apple objects to RFP Nos. 67-69 and 88 because they are irrelevant to the issues in the
present action and not reasonably calculated to lead to the discovery of admissible evidence.
Indeed, it is unclear how documents related to FDA correspondence or approval (RFP Nos.
67-79) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation.

Apple objects to RFP Nos. 88, 101, 122, 128-130, and 133-135 because they are overly
broad and unduly burdensome and not reasonably tailored to the issues in this case.  As a
result, these RFPs seek documents nor proportional to the needs of the case.   However,
Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through
these overbroad requests, as Apple may be willing to agree to provide certain documents if
Plaintiffs are willing to narrow the scope of the requests.

Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in
the disputed patents."  As previously explained, the language of this Request requires Apple
to draw a legal conclusion in order to respond.  Apple is willing to meet and confer to discuss
the scope of this request.  However, Apple is willing to meet and confer to discuss what
specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing
to agree to provide certain documents if Plaintiffs are willing to narrow the scope of the
requests.

**Plaintiffs' RFP Nos. 80-82, 101, 136:**  Plaintiffs request that Apple confirm that it will
perform a reasonable search for and produce the documents requested by these RFPs.  As
explained above, Apple has identified RFP Nos. 80-82 and 136 as RFPs whose discovery
obligations are met by a search of (i) the files of specific custodians negotiated between the
parties, whose files are in the possession, custody, or control of Apple and (ii) specific search
terms negotiated between the parties.  Plaintiffs' inclusion of RFP No. 101 in this list is
nonsensical, as Apple did not identify RFP No. 101 as an RFP for which it intends to use
search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 89-97, 129, and 136:**  Apple maintains that these RFPs are overly
broad and unduly burdensome, and the use of search terms and custodians to identify
responsive documents is the reasonable and proportional way of identifying responsive

**Exhibit 5**
**-61-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 5

documents.  However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to perform searches for certain documents if Plaintiffs are willing to narrow the scope of the requests.

**Plaintiffs' RFP Nos. 132 and 144:**  Plaintiffs request that Apple produce organizational charts responsive to their RFPs.  Apple maintains its objection.  As noted in Apple's Responses to these RFPs, Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be located after a reasonably diligent search.

### "Compliance with ESI Order"

Apple believes that the exchange of custodians at this stage in the case is premature and inappropriate.  Indeed, and as discussed above, Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer.  Apple also contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur.

### "Apple's Deficient Document Production"

As Apple's investigation of the facts relevant to this litigation is ongoing and, while its efforts to identify responsive documents are ongoing, its ability to collect certain documents relevant to the issues in this case has been hindered by Plaintiffs inability to provide a sufficient disclosure of its trade secrets.  Apple will continue to produce documents on a rolling basis, as it has been doing since the outset of discovery.

*       *       *

Apple is available to meet and confer with Plaintiffs, as requested by your October 1, 2020 letter, on the following days and times:  Tuesday October 20 between 9am and 10am PT; Wednesday October 21 between 9:30am and 11am PT; and Thursday October 22 between 10am and 11:30am PT.  Please let us know if any of those times work for you.

With respect to your request for confirmation that "Plaintiffs may record the parties' meet and confer," Apple is amenable to recording the meet and confer.  If Plaintiffs would like to record the meet and confer, please arrange for a court reporter to transcribe the call.

**Exhibit 5**
**-62-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 6

Sincerely,

Brian K. Andrea

**Exhibit 5**
**-63-**

# EXHIBIT 6

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

November 16, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:    Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your October 17, 2020 letter, and pursuant to Local Rule 37-1 to address various ongoing discovery issues and request a meet and confer.   Apple's letter did not address Plaintiffs' requests for Apple's positions on numerous issues.

### Apple's Reliance on Custodians and Search Terms

Apple has now identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as the only RFPs as to which it intends to solely use search terms to identify responsive documents.  Plaintiffs disagree that Apple can satisfy its discovery obligations as to these requests through ESI searching alone.  For example, RFP 26 requests "[a]ll documents and things identified in, and/or relevant to the subject matter of Apple's responses to Plaintiffs' Interrogatories, including any and all supplements and amendments thereto."  At a minimum, as part of a reasonable search, Apple should identify all the documents it cited in its responses to Plaintiffs' interrogatories and consult with relevant Apple employees that may have other documents responsive to this request.  As another example, RFP 89 requests "[a]ll documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology."  As part of a reasonable search, at a minimum, Apple should consult with relevant employees to identify responsive documents as well as determine whether Apple currently and/or in the past has maintained files or folders containing responsive documents.  Apple should take a similar approach to identify documents responsive to the other RFPs separate and apart from ESI searching.   Please confirm Apple will do so.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' letter requested that Apple identify when it would produce responsive documents.  Apple did not respond.  Please identify Apple's positions as to these RFPs.  To the extent that Apple is asserting that it need not provide responsive documents due to the recent stay of the patent case, Apple should have collected and produced responsive documents months ago and long before the stay.  Regardless, many of these requests seek discovery that is relevant to claims that have not been stayed.  For example, RFP 51 requests year-end financial statements that

are relevant to Plaintiffs' non-patent claims.  Please provide Apple's position as to RFPs 1, 3, 4, 34, 40, 51, and 59.

**Plaintiffs' RFPs 5-27:**  Apple asserts that it need not respond to these requests because the Court stayed the patent infringement case and because Plaintiffs have purportedly not yet served an adequate 2019.210 statement.  Plaintiffs disagree on both points.  First, Plaintiffs 2019.210 statement is adequate.  Indeed, Plaintiffs recently revised their Section 2019.210 statement to address Apple's purported concerns and Apple has failed to identify any specific deficiency.  Second, Apple ignores that it repeatedly argued that documents requested by these RFPs relate to Plaintiffs' trade secret requests.  Indeed, both parties acknowledged these RFPs could be relevant to *both* trade secrets and patents.  As such, Apple cannot use the stay to avoid producing responsive documents.  Moreover, Judge Early, found that at least RFPs 8 and 12-14 seek "some of the same categories of information Plaintiffs allege as their trade secrets."  RFP 26, which requests documents related to Apple's interrogatory responses, also clearly seeks documents related to Plaintiffs' non-patent claims.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  In our previous letter, we requested that Apple identify each RFP in response to which Apple is withholding documents based on its section 2019.210 objection.  Apple did not respond.  Plaintiffs are entitled to understand the objections upon which Apple is relying to withhold documents in response to each of Plaintiffs' RFPs.  Plaintiffs request again that Apple provide this information so that the parties can have a productive meet and confer.

**Temporal Scope:**  Apple confusingly asserts "it is not withholding documents based on this objection" while also stating that "[u]pon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period."  Plaintiffs disagree with this approach.  Unless a time frame is specified in a RFP, Apple should produce all documents responsive to that RFP that are obtained after a reasonable search.  To the extent that Apple is limiting its production to a certain time period, Apple should identify such limitations for each RFP so that the parties can conduct a productive meet and confer.

**Products Not Identified in the Complaint:**  Apple did not respond to Plaintiffs' letter regarding this issue.  Please provide Apple's position.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so the parties can have a productive meet and confer.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple did not respond to Plaintiffs' letter regarding this issue.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so that the parties can have a productive meet and confer.

**Public Documents:**  Apple asserts that it is not withholding documents based on this objection.  However, Apple also asserts that "it will not specifically search for publicly available documents as those are equally available to Plaintiffs."  Apple cannot unilaterally refuse to search for and produce documents merely because it contends the documents are publicly available elsewhere, particularly without informing Plaintiffs what documents it is refusing to search for.  So that the parties can conduct

# Knobbe Martens

a meaningful meet and confer, please identify the categories of documents that Apple contends are publicly available and that Apple contends it need not search for and produce.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple did not respond to our letter on this issue.  Please provide Apple's position.  To extent Apple contends that it need not respond to these RFPs because the patent case is stayed, Apple is incorrect.  For example, RFP 70 requests documents related to the clinical trials of the Apple Watch, which are relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plans and strategies for interacting with hospitals.  RFP 70 seeks technical documents relevant to many issues in this case.  RFP 71 requests documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products, which is a general RFP that relates to all of Plaintiffs' non-patent claims and will allow Plaintiffs to evaluate proposed custodians for ESI searching.  Please provide Apple's position on these RFPs.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  We disagree with Apple's positions on these requests.  First, Apple's letter claims it is unclear "how documents related to FDA correspondence or approval (RFP Nos. 67-69) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation."  FDA correspondence and approval, however, are at least relevant to the timing of when various features were incorporated into Apples devices.  They are also relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plan and strategies for interacting with hospitals.  These RFPs also seek technical documents relevant to many other issues in this case.

Second, Apple again claims that RFP Nos. 88, 101, 122, 128-130, and 133-135 are overly broad and unduly burdensome.  However, Apple does not explain why.  Apple should provide its position so that the parties can have a productive meet and confer.

Third, Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in the disputed patents" because the "language of this Request requires Apple to draw a legal conclusion in order to respond."  Apple need not draw a legal conclusion to produce relevant discovery.  Apple should interpret the phrase "subject matter disclosed or claimed in the disputed patents" according to its plain and ordinary meaning.

**Plaintiffs' RFPs 80-82, and 136:**  Apple continues to identify RFPs 80-82 and 136 as RFPs "whose discovery obligations are met by a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple and (ii) specific search terms negotiated between the parties." As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching for these RFPs.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97, 129 and 136:**  Apple continues to identify these RFPs as RFPs where it intends to solely use search terms and custodians to identify responsive documents.  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Apple also argues that these RFPs are overly broad and unduly burdensome.  However, Apple does not explain why.  Please provide your position so that the parties can have a productive discussion at the meet and confer.  Finally, Apple continues to object to RFPs 91, 129, and 136 because they seek "'any

Exhibit 6
-66-

communications,' which will be negotiated and produced pursuant to the ESI Order in this case." Plaintiffs' letter asked Apple to explain this objection, but Apple did not do so.  Please explain.

**Plaintiffs' RFPs 98 and 99:**  Apple did not respond to Plaintiffs' letter regarding this issue. Please provide Apple's position.

**Plaintiffs' RFPs 132 and 144:**  Apple continues to assert that it does not have organizational charts.  Please identify what documents Apple maintains that show Apple's organizational structure or the reporting and supervisory obligations of various employees, regardless of whether they are labeled as organization charts.

## Compliance with ESI Order

In the stipulated ESI Order, the parties agreed to "provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case" in conjunction with a meet and confer on ESI.  Apple asserts it is "premature" to do so because "Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer."  Plaintiffs provided an adequate section 2019.210 statement, however, and have responded to Apple's discovery.  Further, in the parties' October 27, 2020, Joint Stipulation, Apple agreed "that it will not use the fact that it has not yet Answered as a basis for refusing to provide or delaying providing discovery."  Thus, it is not premature for the parties to begin the stipulated process to agree on search terms and custodians.  Apple further "contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur."  The stipulated ESI Order, however, does not require this.  Please confirm that Apple will proceed in accordance with the stipulated ESI Order.

## Apple's Deficient Document Production

Apple claims it will produce documents on a rolling basis, but has produced less than 1400 documents.  Apple has not produced responsive documents even as to RFPs as to which it committed to produce documents months ago.  Moreover, Apple agreed to produce the documents identified in its initial disclosures almost four months ago, but has not produced the documents, including documents concerning Apple's conception, reduction to practice, diligence, ownership, marketing, sales, development, operation, regulation, and implementation of the inventions claimed in the patents and patent applications at issue in Plaintiffs' Correction of Inventorship and Declaratory Judgment claims. Please let us know when Apple will make substantial document productions.

## Plaintiffs' Interrogatories Nos. 7-10

As explained in Plaintiffs' letter, Interrogatories 7-9 request details on the design and development of the Apple Watch.  Apple's responses are woefully deficient and provides little of the requested information.  Apple did not respond to Plaintiffs' letter on this topic.  To the extent Apple contends that it need not respond to these interrogatories because the patent case is stayed, Apple is incorrect.  The requested information is relevant to Plaintiffs' non-patent claims at least to show when Plaintiffs' trade secrets were incorporated into the Apple Watch and to show if Apple in fact invented

**Knobbe Martens**

any of the subject matter claimed in the disputed patents.  Please confirm that Apple will supplement its response by December 2, 2020.

Interrogatory 10 also requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor.  Apple's response requested a meet and confer to discuss the relevance of this interrogatory.  Plaintiffs' letter asked Apple to explain its position, but Apple did not respond.  Again, to the extent that Apple contends that it need not respond to this interrogatory because the patent case is stayed, Apple is incorrect.  The requested information is relevant, for example, to any contention by Apple that it independently derived Plaintiffs' trade secrets and to any contention by Apple that it invented any of the subject matter claimed in the disputed patents. Apple should explain its position on Interrogatory 10 so the parties can have a productive meet and confer.

### Apple Watch Series 6 and SE

Plaintiffs' letter requested that Apple confirm that it will not withhold documents on the Apple Watch Series 6 and SE now that those products are released.  Apple did not respond.  Please confirm that Apple will provide Plaintiffs' requested discovery as to the Apple Watch Series 6 and Series SE.

Best regards,

Stephen W. Larson

32796726

# EXHIBIT 7

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

November 25, 2020

<u>VIA E-MAIL</u>

Stephen W. Larson
Knobbe, Martens, Olson & Bear, LLP
2040 Main St., 14th Fl.,
Irvine, CA 92614
Stephen.Larson@Knobbe.com

Re:     *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Steve:

I write in response to your letter dated November 16, 2020.

As an initial matter, Apple notes that many of the "issues" identified in Plaintiffs' letter, including but not limited to the sections of Plaintiffs' letter labeled "Plaintiffs' RFPs 5-27," "Section 2019.210 Statement," "Plaintiffs' RFPs 63-65, 70-85, and 87," "Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135," "Plaintiffs' RFPs 98 and 99," "Plaintiffs' RFPs 98 and 99," "Plaintiffs' Interrogatories Nos. 7-10," and "Apple Watch Series 6 and SE," concern the parties' disagreement as to whether or not Plaintiffs' requests seek discovery related to their trade secret allegations.  As Plaintiffs are aware, discovery from Apple related to Plaintiffs' trade secret allegations has been stayed pending Plaintiffs' compliance with Section 2019.210.  (Dkt. No. 37).  As we already informed you, Plaintiffs' November 6 amended disclosure remains deficient, and therefore does not comply with Section 2019.210. *See* 11/12/2020 Samplin to Powell Ltr.  Accordingly, Apple maintains its objection to producing any discovery that is solely related to Plaintiffs' trade secret allegations.  *See* Cal. Civ. Code § 2019.210.  If Plaintiffs provide a Section 2019.210-complaint disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of Plaintiffs' discovery requests.

## **"Apple's Reliance on Custodians and Search Terms"**

Apple is willing to remove RFPs 26, 89-97, and 117 from its list of RFPs that may be satisfied through the use of search terms and custodians alone.  For each of these RFPs, Apple will perform a reasonable search beyond search terms and custodians to locate information responsive to such RFPs, to the extent such documents exist.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**Exhibit 7**
**-69-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 2

Apple maintains its position as to RFPs 31, 32, 80-82, 128, 129, and 136. These RFPs are exceedingly broad in scope, and thus targeted searches for responsive documents without search terms and custodians are unreasonable, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs specifically request clarification of Apple's objection to RFPs 91, 129, and 136 because they seek "'any communications.'" As Plaintiffs are aware, communications such as email will be located and produced pursuant to the ESI Order in this case. Accordingly, Apple will use search terms and custodians to locate "any communications" responsive to these RFPs that may exist.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:** Plaintiffs' RFPs 1, 3, 4, 34, 40, and 59 are directed to Plaintiffs' patent infringement allegations and seek discovery that is relevant only to claims that have been stayed. Apple is not obligated to respond to these requests unless and until the patent infringement case is resumed. Regarding Plaintiffs' RFP 51, Apple agrees to produce all Apple year-end SEC financial statements and/or annual reports from 2015 to the present.

**Plaintiffs' RFPs 5-27:** To the extent Plaintiffs' RFPs 5-27 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed. And even if Plaintiffs are correct that these RFPs *also* relate to patents, the patent infringement case is stayed—and, therefore, Apple has no obligation to produce responsive documents based on Plaintiffs' purported patents justification. If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as it pertains to the trade secret claim.

### Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210 Statement:** Apple is withholding documents responsive to Plaintiffs' RFPs 61-109, 122-25, and 130-47 based on its Section 2019.210 objection. To the extent these RFPs are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed. If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs. With respect to RFPs 110-121 and 126-129, Apple agrees to produce responsive documents, subject to its objections, to the extent any such documents exist and can be located after a reasonable search.

**"Temporal Scope":** Without temporal limitations, the scope of certain RFPs are overbroad and irrelevant to the issues in the present action. For example, Plaintiffs' RFP 106 requests "All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology," and RFP 133 requests "Documents sufficient to identify any legal proceeding involving any of the Apple Watch Products." These Requests are not sufficiently

**Exhibit 7**
**-70-**

# GIBSON DUNN

Stephen W. Larson
November 25, 2020
Page 3

tailored to lead to the discovery of admissible evidence.  Plaintiffs, with superior knowledge of the relevant time periods at issue, are in the best position to propose time period limitations. Apple maintains its position that upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Products Not Identified in the Complaint":**  The RFPs for which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**"Not Limited to the Publicly Released Apple Watch Series 3-5 Devices":**  The RFPs for which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**"Public Documents":**  Apple agrees not to withhold documents solely on the grounds that they are easily available to Plaintiffs.  Apple will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Plaintiffs' RFPs 63-65, 70-85, and 87 are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' responses to these RFPs are moot,.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  To the extent RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Exhibit 7**
-71-

# GIBSON DUNN

Stephen W. Larson
November 25, 2020
Page 4

**Plaintiffs' RFPs 98-99:**  To the extent that RFPs 98-99 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Plaintiffs' RFPs 132-144:**  As Apple has explained several times, Apple does not maintain formal or informal organizational charts.  In lieu of organizational charts, Apple maintains and relies upon an internal directory, but no documents responsive to these RFPs have been located in that directory following a reasonable search.

### "Compliance with ESI Order"

Plaintiffs' trade secret discovery is stayed pending compliance with Section 2019.210. Accordingly, Apple's position is that it would be inefficient and unduly burdensome to proceed with exchanging custodians and ESI until the full scope of the case has been crystallized, as opposed to proceeding with custodian and ESI exchanges related to Plaintiffs' inventorship and ownership allegations now and Plaintiffs' trade secret allegations down the road, after Plaintiffs comply with Section 2019.210.  That being said, in the interest of moving the litigation along, Apple is willing to begin the stipulated process of negotiating search terms and custodians, but reiterates its request that the parties first discuss and agree on a reasonable number of custodians before proceeding.  Plaintiffs' position appears to be that the parties can identify an infinite number of custodians, which is entirely unreasonable.

### "Apple's Deficient Document Production"

As Apple has explained previously, Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple will continue to produce documents on a rolling basis, as it has been doing.  Apple notes that its ability to search for, identify, and produce documents relevant to Plaintiffs' trade secret allegations has been hindered by Plaintiffs' failure to serve a Section 2019.210-compliant disclosure.

### Plaintiffs' Interrogatories Nos. 7-10

As noted above, to the extent these Interrogatories are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these Interrogatories.

**Exhibit 7**
**-72-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 5


### "Apple Watch Series 6 and SE"

As noted above, to the extent information requested regarding the Apple Watch Series 6 and SE is related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of Plaintiffs' discovery requests.

\*        \*        \*

Apple is available to meet and confer with Plaintiffs on the following days and times:  Tuesday, December 1 between 11 and 12:30 pm PT or any time Thursday, December 3 after 10 am PT. Please let us know which date and time works for you.


Sincerely,

Brian K. Andrea

Exhibit 7
-73-

# EXHIBIT 8

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 6, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:    Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to memorialize our December 1, 2020, meet and confer regarding the issues raised in our November 16, 2020, and October 1, 2020, letters.  At the end of our call, Apple agreed that it would provide its position on several issues discussed below by December 4, 2020, but we have not received Apple's position.  Please provide Apple's position on those issues as soon as possible.

## Apple's Reliance on Custodians and Search Terms

During the meet and confer, Apple admitted that it intends to limit production of *all* email communications to include only communications identified through searching custodians and search terms.  That is inappropriate.  The process outlined in the ESI Order may locate many responsive documents, but it does not provide a basis for a party to refuse to conduct a reasonable search, including by interviewing relevant custodians to identify and collect documents responsive to particular requests.

Apple indicated it would likely remove RFP 91 from its list of RFPs that it contends its searching obligations may be satisfied through the use of search terms and custodians alone, but that it would let us know.  For RFPs 80-82, Apple agreed to investigate whether it maintains a database of customer complaints, and if so, Apple would agree to search that database for responsive documents.

## Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Apple argued that RFPs 1, 3, 4, 34, 40, and 59 are stayed because they relate solely to patent discovery.  With respect to RFP 51, the parties discussed Apple's position that it would agree to produce all year-end SEC financial statements and/or annual reports from 2015 to the present.  Plaintiffs proposed that Apple agree to produce all such statements from two years prior to Michael O'Reilly leaving Masimo to the present.  Apple agreed to consider this request.

**Plaintiffs' RFPs 5-27:**  Apple acknowledged that some of these requests relate to Plaintiffs' trade secret claims, but refused to further discuss these RFPs until after it agrees that Plaintiffs' Section 2019.210 statement is adequate.

### Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  The parties discussed Apples position that it is withholding documents responsive to RFPs 61-109, 122-125, and 130-147 based on its Section 2019.210 objection.  First, Plaintiffs pointed out that RFPs 61 and 62 specifically request documents related to claims other than trade secret misappropriation.  Apple agreed to produce documents responsive to these RFPs for claims other than patent infringement.  Second, Plaintiffs explained that RFP 71 is a general RFP intended to obtain information about who works on the Apple Watch, which is relevant to all claims.  Apple agreed to provide the identity of anyone who contributed to the Disputed Patents and was not listed as an inventor, and agreed to provide its position on the full scope of this RFP.  Third, Plaintiffs explained that RFPs 88-97 are general RFPs that request documents that are relevant at least to Plaintiffs' patent ownership claims.  Apple agreed to provide its position in writing.  Fourth, Plaintiffs explained that RFPs 122-125 relate to the patent ownership claims because they relate to Apple's practices for compensating employees for invention disclosures.  Apple agreed to perform a reasonable search and produce documents responsive to these RFPs.  Finally, Plaintiffs explained that RFPs 130-147 are general RFPs that request documents relevant to both Plaintiffs' trade secrets and ownership claims.  Apple asserted that it was maintaining its Section 2019.210 objection to RFPs 130-147, but would take another look and confirm its position.

**Temporal Scope:**  Plaintiffs explained that Apple's most recent letter listed only RFPs 133 and 106 as "examples" of RFPs that Apple contends are overbroad without temporal limitations.  Plaintiffs have been asking Apple to identify each RFP that it believes should be limited to a specific time period since at least October 1, 2020.  Apple agreed to provide a list of the RFPs it believes should be limited to a specific time period.  For RFPs 133 and 106, Apple agreed to provide a specific time period that Apple planned to use to restrict its production.

**Products Not Identified in the Complaint:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Public Documents:**  Apple confirmed it is not relying on this objection to withhold documents.  Apple agreed it will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 98 and 99:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Exhibit 8**
-75-

**Plaintiffs' RFPs 132 and 144:**  Apple agreed to investigate whether Apple's internal directory could show Apple's organizational structure or the reporting and supervisory obligations of various employees and whether some or all of the internal directory could be produced as a PDF.

### Compliance with ESI Order

Plaintiffs explained that they believe the parties should begin the stipulated process to agree on search terms and custodians outlined in the ESI Order. Apple argued the parties should first agree on limiting the number of custodians to be exchanged and asked Plaintiffs to provide their position. Plaintiffs explained that Apple is the party seeking a limit, so Apple should provide its proposal.  Apple provided its proposal in an email on December 2.  Plaintiffs will respond to Apple's email separately.

### Apple's Deficient Document Production

Apple refused to agree to a date by which it would make a substantial production of patent ownership and inventorship documents.  Apple argued there is no deadline for production and that this litigation is still in its early stages.  Apple argued that Plaintiffs should not expect many ownership and inventorship documents and that Apple's further production is likely to consist of a small number of patent prosecution documents.   Apple's statements confirm Plaintiffs' concerns regarding Apple's production of patent ownership and inventorship documents.

### Plaintiffs' Interrogatories Nos. 7-10

Apple refused to discuss it position on these interrogatories until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

### Apple Watch Series 6 and SE

Apple refused to discuss it position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

Best regards,

Adam B. Powell

**Exhibit 8**
**-76-**

# EXHIBIT 9

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

January 13, 2021

VIA E-MAIL

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:     *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam:

I write in response to your letter dated December 30, 2020.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147:**  Apple confirms that it is withdrawing its Section 2019.210 objection to these RFPs.  Apple is not withholding documents to these RFPs based on any other objections.  As Apple has previously explained, Apple's investigation of Plaintiffs' allegations in this case is ongoing.  Apple will continue to produce responsive, non-privileged documents on a rolling basis, to the extent that such documents exist and can be located after a reasonable search.

**RFPs 122 and 133-35:**  Apple confirms that it is withdrawing its Section 2019.210 objection to these RFPs.  Apple is not withholding documents responsive to RFPs 122 and 135 based on any other objection and will continue to produce responsive, non-privileged documents on a rolling basis, to the extent that such documents exist and can be located after a reasonable search.

With respect to RFPs 133-34, Plaintiffs' December 30, 2020 letter does not address a proposal made by Apple, and which Plaintiffs agreed to consider, during the parties' meet and confer call on December 1, 2020.  Specifically, during the call, Apple noted that Plaintiffs had previously declined to produce documents similar in scope to the documents requested by Plaintiffs' RFP Nos. 133-134, i.e., documents responsive to Apple's RFP Nos. 75-76, which request documents concerning any litigation or prior legal action in which Plaintiffs have made trade secret appropriation claims.  Apple proposed agreeing to produce the complaints from legal proceedings involving the Apple Watch if Plaintiffs likewise agreed to produce the complaints from Plaintiffs' prior legal proceedings that involve claims for trade secret misappropriation.  Please let us know if we have an agreement on this proposal.

**Exhibit 9**
-77-

# GIBSON DUNN

Page 2

**Apple's Document Production:** Plaintiffs' purported "concerns that Apple is not adequately searching for and producing responsive to Plaintiffs' RFPs" (Dec. 30 2020 Ltr. at 1), are entirely unfounded. Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple continues to produce documents on a rolling basis, as Apple has done and intends to continue doing. Apple has diligently produced the non-privileged documents located to date that are responsive to Plaintiffs' correction of inventorship and ownership allegations, including but not limited to Apple's files for each of the Apple Patents and Apple Application subject to Plaintiffs' claims (including the patents, file histories, and assignment documents), the Marcelo Lamego hiring documents and agreements, and Apple's Patent Recognition Program. Moreover, I note that Plaintiffs have refused to provide basic factual information regarding their correction of inventorship and ownership allegations in response to Apple's Interrogatory Nos. 4-5 and 23, leaving Apple in the dark as far as the contours of the parties' dispute and the scope of relevant documents. Plaintiffs' attempt to flip the burden on Plaintiffs' correction of inventorship and ownership allegations, by refusing to provide information to Apple while at the same time seeking broad discovery from Apple, is improper.

Plaintiffs' December 30, 2020 letter also provides eight bullet points listing exemplary categories of documents Plaintiffs seek from Apple, without identifying the RFPs that purport to request those categories of documents. It is unclear whether Plaintiffs are seeking documents pursuant to RFPs they have already served, or if they are attempting to expand the scope of document discovery by way of correspondence in lieu of formal discovery requests. As you know, the latter is improper. Apple has already responded to—and the parties have engaged in extensive correspondence and meet and confers regarding—Plaintiffs' RFPs, and thus Plaintiffs already have Apple's position on the scope of documents it has agreed to produce, to the extent such documents exist and are located after a reasonable search. Apple refers Plaintiffs to its discovery responses and the parties' correspondence for Apple's position on each of the categories listed in Plaintiffs' letter, to the extent those categories even correspond to existing RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:** Plaintiffs completely misstate and mischaracterize Apple's position regarding these RFPs. Apple has not "refused to meet and confer on various objections"; rather, Apple's position (which it made very clear to Plaintiffs during numerous meet and confers) is that Apple believes it is a waste of the parties' time and resources to discuss Apple's objections to these RFPs while the parties' dispute about Plaintiffs' Section 2019.210 statement remains pending. The scope of Plaintiffs' allegations may change depending on how the Court resolves the dispute, which will in turn impact the scope of Apple's objections and responses to these RFPs. For example, Apple may have objected to a request based on overbreadth, but may be able to drop that objection later if the Court orders Plaintiffs to identify their alleged secrets with greater particularity and Plaintiffs comply. Thus, Apple maintains that it would be most

**Exhibit 9**
-78-

**GIBSON DUNN**

Page 3

efficient for the parties to discuss Apple's full positions on the scope and relevance of these RFPs once the bounds of the trade secrets are identified.  Accordingly, and contrary to your letter, Apple suggested holding off on discussing the scope of such RFPs until resolution of the 2019.210 disclosure issue.  While Apple's position remains that a discussion about the specific objections to these RFPs is premature and an inefficient use of the parties' resources, to the extent Plaintiffs insist on discussing Apple's objections beyond its Section 2019.210 objection now, before the Court rules on Apple's Section 2019.210 motion to compel, Apple is willing to do so—with a reservation of all rights to modify its positions based on the Court's ruling.

**ESI Custodians:**  Plaintiffs' refusal to even discuss reasonable limits on ESI custodians is concerning, as it suggests that it is Plaintiffs' position that they may identify an infinite number of custodians in this case.  As you know, the number of custodians in a case greatly impacts cost, burdens, and various other factors.  In an effort to prevent this case from spiraling out of control on either side, Apple submits that the best course of action is for the parties to exchange their thoughts on a reasonable number of custodians at this juncture.  As you may know, the Model Order for E-Discovery adopted by the Northern District of California, numerous other district courts, and the Federal Circuit Advisory Counsel all set limits on the number of document custodians.  Apple is not proposing anything controversial here.

When Apple first requested that the parties discuss reasonable limits on ESI custodians, Plaintiffs asked that Apple provide its proposal.  Apple provided its proposal—eight custodians—to Plaintiffs on December 2, 2020.  To date, Plaintiffs have provided no indication as to what they consider to be a reasonable number of custodians, instead insisting that there should be no limit.  This is not a helpful or productive approach to discovery.  It remains Apple's position that, to begin the stipulated process outlined in the ESI Order, the parties should discuss and attempt to agree upon a reasonable number of ESI custodians.  A limit on the number of custodians will help the parties select and prioritize the custodians to identify and ensure that the scope of discovery is proportional to the needs of the case.  Of course, if good cause exists for the identification of additional custodians later in the case, Apple would not oppose, but for now, the parties should be able to agree on a reasonable number on each side.

**Exhibit 9**
**-79-**

**GIBSON DUNN**

Page 4

Accordingly, Apple reiterates its request that Plaintiffs respond to Apple's proposal with the number of ESI custodians they consider reasonable in this case.  Please let us know if we can reach agreement here.  Otherwise, we will need to seek the Court's guidance.

Sincerely,

Ilissa Samplin

**Exhibit 9**
**-80-**

# EXHIBIT 11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | January 21, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | CS 01/21/21 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Stephen C. Jensen | Joshua H. Lerner |
| Adam Powell | Ilissa S. Samplin |
| | Brian K. Andrea |

**Proceedings:**     Hearing re Defendant Apple Inc.'s Motion to Compel [260]

The Motion (Dkt. 260, "Motion") of against Defendant Apple Inc. to Compel Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. to Comply with California Code of Civil Procedure Section 2019.210 came on for hearing by telephone. Counsel made appearances. After hearing from counsel whether any material change in circumstance had arisen since the filing of supplemental memoranda relating to the Motion, the Court stated its tentative ruling and heard argument. Following the completion of argument, the Court made findings and DENIED the Motion (Dkt. 260) for the reasons stated on the record.

Separately, after counsel for the parties identified several potentially looming discovery-related motions in addition to the Motion and to a motion set for hearing on February 4, 2021 (see Dkt. 272), the Court directed the parties to confer regarding the potential appointment of a discovery special master within five days. In that regard, the parties were directed to exchange three names of persons who would be acceptable to the respective side as a discovery special master, with such exchange not representing consent to any appointment. At the conference, the parties were ordered to confer regarding all of the applicable matters contained in Rule 53 of the Federal Rules of Civil Procedure. Within ten days from the hearing, a status report regarding the matters discussed at the conferences was ordered to be filed. The status report could be filed jointly, but if joint language could not be agreed to, then Plaintiffs' counsel was directed to file such status report.

|   | 1 | : | 15 |
|---|---|---|---|

Initials of Clerk:     mba

**Exhibit 11**
**-97-**

# EXHIBIT 12

Case 8:20-cv-00048-JVS-JDE  Document 230  Filed 11/30/20  Page 1 of 39  Page ID
#:17665

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE
FILED UNDER SEAL**

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br>a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:     January 4, 2021<br>Time:     1:30 p.m.<br>Place:    Courtroom 10C<br>Judge:   Hon. James V. Selna |

**Exhibit 12
-98-**

1

## TABLE OF CONTENTS

2

Page

3   I.     INTRODUCTION ...................................................................................... 1

4   II.    PLAINTIFFS' CUTSA CLAIM SHOULD BE DISMISSED ............................ 3

5          A.     Plaintiffs Still Do Not Meet the Standard for Alleging Their Trade

6                 Secrets. .......................................................................................... 3

7                 1.     Plaintiffs Are Still Improperly Hedging by Pleading a Non-
                         Exhaustive List of Alleged Trade Secrets. .................................... 3

8                 2.     It Is Still Impossible to Differentiate the Alleged Trade

9                        Secrets from the State of the Art.............................................. 5

10                3.     Plaintiffs' Copying of Apple's Patent Claims Does Not
                         Provide the Required Particularity.......................................... 11

11         B.     Plaintiffs' New Allegations Prove that They Failed to Take

12                Reasonable Efforts to Maintain Secrecy of Their Alleged Trade
                  Secrets. ........................................................................................ 12

13         C.     After Four Tries, Plaintiffs Still Fail to Plead Facts Sufficient to

14                Raise a Plausible Claim that Apple Engaged in Misappropriation.......... 15

15                1.     Plaintiffs Still Fail to Allege That Apple Knew It Was
                         Acquiring, Using, or Disclosing Plaintiffs' Purported Trade

16                       Secrets. ................................................................................. 15

17                2.     Plaintiffs Still Fail to Allege That Apple Acquired, Used, or
                         Disclosed Plaintiffs' Purported Trade Secrets............................. 20

18                3.     Plaintiffs Still Fail to Allege That Apple Induced a Breach.......... 22

19                4.     Plaintiffs Still Fail to Allege That Apple Is Vicariously

20                       Liable Under *Respondeat Superior*. .................................. 23

21  III.   PLAINTIFFS SHOULD BE DENIED FURTHER LEAVE TO AMEND ....... 24

22  IV.    CONCLUSION ...................................................................................... 25

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Abagninin v. AMVAC Chem. Corp.*,
    545 F.3d 733 (9th Cir. 2008) ................................................... 25

*Acrisure of Cal., LLC v. SoCal Com. Ins. Servs.*,
    2019 WL 4137618 (C.D. Cal. Mar. 27, 2019) ..................................... 1, 3

*Aetna Bldg. Maint. Co. v. West*,
    39 Cal. 2d 198 (Cal. 1952) ...................................................... 6

*Agency Solutions.com, LLC v. TriZetto Grp., Inc.*,
    819 F. Supp. 2d 1001 (E.D. Cal. 2011) ......................................... 12

*Alamar Biosciences Inc. v. Difco Labs. Inc.*,
    1996 WL 648286 (E.D. Cal. Oct. 13, 1996) ..................................... 13

*Allen v. City of Beverly Hills*,
    911 F.2d 367 (9th Cir. 1990) ................................................... 25

*AlterG, Inc. v. Boost Treadmills LLC*,
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) ....................................... 9, 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................... 22

*Barnes-Mohammed v. Cty. of Santa Barbara*,
    2008 WL 793479 (C.D. Cal. Mar. 24, 2008) ..................................... 25

*Basalite Concrete Prod., LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*,
    2013 WL 2156582 (E.D. Cal. May 17, 2013), *aff'd*, 615 F. App'x 894
    (9th Cir. 2015) ............................................................... 25

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................... 18

*Blantz v. Cal. Dep't of Corr. & Reba., Div. of Corr. Health Care Servs.*,
    727 F.3d 917 (9th Cir. 2013) ................................................... 17

*Brenner v. Manson*,
    383 U.S. 519 (1966) ........................................................... 12

Gibson, Dunn & Crutcher LLP

**Exhibit 12**
**-100-**

*Brown v. Adidas Int'l,*
  938 F. Supp. 628 (S.D. Cal. 1996) ........................................................ 21

*Cal. Police Activities League v. Cal. Police Youth Charities, Inc.,*
  2009 WL 537091 (N.D. Cal. Mar. 3, 2009) ......................................... 11

*Calendar Research LLC v. StubHub, Inc.,*
  2017 WL 10378336 (C.D. Cal. Aug. 16, 2017) ............................... 22, 23

*Carr v. AutoNation Inc.,*
  2018 WL 288018 (E.D. Cal. Jan. 4, 2018) ........................................... 16

*In re Century Alum. Co. Sec. Litig.,*
  729 F.3d 1104 (9th Cir. 2013) ............................................................. 20

*CitCon USA, LLC v. RiverPay Inc.,*
  2018 WL 6813211 (N.D. Cal. Dec. 27, 2018) .................................. 3, 11

*CleanFish, LLC v. Sims,*
  2020 WL 1274991 (N.D. Cal. Mar. 17, 2020) ..................... 5, 16, 18, 19

*Cutera, Inc. v. Lutronic Aesthetics, Inc.,*
  2020 WL 4937129 (E.D. Cal. Aug. 24, 2020) ..................................... 23

*Digital Mentor, Inc. v. Ovivo USA,*
  2018 WL 993944 (W.D. Wash. Feb. 21, 2018) ...................................... 8

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
  751 F.3d 990 (9th Cir. 2014) ............................................................... 16

*Edwards v. Arthur Andersen LLP,*
  44 Cal. 4th 937 (2008) ........................................................................ 18

*Elsevier Inc. v. Doctor Evidence, LLC,*
  2018 WL 557906 (S.D.N.Y. Jan. 23, 2018) ...................................... 9, 10

*Emazing Lights LLC v. De Oca,*
  2016 WL 3658945 (C.D. Cal. Jan. 7, 2016) .......................................... 9

*Eminence Capital v. Aspeon Inc.,*
  316 F.3d 1048 (9th Cir. 2003) ............................................................. 25

*Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.,*
  2016 WL 5719819 (S.D. Cal. Sept. 30, 2016), *aff'd*, 729 F. App'x 590
  (9th Cir. 2018) .................................................................................... 11

Gibson, Dunn & Crutcher LLP

*GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*,
2016 WL 6601656 (C.D. Cal. July 25, 2016) ........................................................ 25

*HiRel Connectors, Inc. v. U.S.*,
2003 WL 27168678 (C.D. Cal. Apr. 14, 2003) ................................................ 12, 13

*Hooked Media Grp., Inc. v. Apple Inc.*,
269 Cal. Rptr. 3d 406 (Cal. App. 2020) ....................................... 17, 18, 19

*IDX Sys. Corp. v. Epic Sys. Corp.*,
285 F.3d 581 (7th Cir. 2002) .......................................................................... 4

*Imax Corp. v. Cinema Techs., Inc.*,
152 F.3d 1161 (9th Cir. 1998) ........................................................................ 5

*Integral Dev. Corp. v. Tolat*,
675 F. App'x 700 (9th Cir. 2017) ................................................................... 12

*Intermedics, Inc. v. Ventritex, Inc.*,
822 F. Supp. 634 (N.D. Cal. 1993) ............................................................ 12, 13

*Jobscience, Inc. v. CVPartners, Inc.*,
2014 WL 1724763 (N.D. Cal. May 1, 2014) ................................................... 4

*Kavanagh v. Tuller*,
2017 WL 1496436 (S.D. Cal. Apr. 26, 2017) ................................................. 9

*Kilgore v. Dir.*,
2016 WL 8678365 (E.D. Cal. Feb. 26, 2016) ............................................... 25

*Lamont v. Krane*,
2019 WL 2113903 (N.D. Cal. May 14, 2019) ............................................... 19

*Lohan Media LLC v. Thane Int'l, Inc.*,
2001 WL 1827169 (C.D. Cal. Nov. 16, 2001) .............................................. 10

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
2019 WL 6655274 (C.D. Cal. Sept. 23, 2019) ......................................... 19, 20

*MACOM Tech. Sols. Inc. v. Litrinium, Inc.*,
2019 WL 4282906 (C.D. Cal. June 3, 2019) .......................................... 20, 21, 24

*MAI Sys. Corp. v. Peak Comput.*,
991 F.2d 511 (9th Cir. 1993) ......................................................................... 8

Gibson, Dunn &
Crutcher LLP

Exhibit 12
-102-

*MedioStream, Inc. v. Microsoft Corp.*,
   869 F. Supp. 2d 1095 (N.D. Cal. 2012)...................................................17

*Menzel v. Scholastic, Inc.*,
   2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) .......................................23

*Park v. Thompson*,
   851 F.3d 910 (9th Cir. 2017) .................................................................23

*Pellerin v. Honeywell Int'l, Inc.*,
   877 F. Supp. 2d 983 (S.D. Cal. 2012) ............................................18, 24

*Physician's Surrogacy, Inc. v. German*,
   2018 WL 638229 (S.D. Cal. Jan. 31, 2018) .........................................20

*Space Data Corp. v. X*,
   2017 WL 5013363 (N.D. Cal. Feb. 16, 2017)......................7, 20, 21, 22

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985) .............................................................12

*Steckman v. Hart Brewing*,
   143 F.3d 1293 (9th Cir. 1998) ...............................................................25

*U.S. Legal Support, Inc. v. Hofioni*,
   2013 WL 6844756 (E.D. Cal. Dec. 20, 2013) .......................................24

*Universal Analytics, Inc. v. MacNeal-Schwendler Corp.*,
   707 F. Supp. 1170 (C.D. Cal. 1989), *aff'd*, 914 F.2d 1256 (9th Cir.
   1990) ........................................................................................................24

*Veronica Foods Co. v. Ecklin*,
   2017 WL 2806706 (N.D. Cal. June 29, 2017).....................16, 21, 22, 24

*Whyte v. Schlage Lock Co.*,
   101 Cal. App. 4th 1443 (2002) .................................................17, 19, 24

*Yamaguchi v. Harnsmut*,
   106 Cal. App. 4th 472 (Cal. App. 2003) ...............................................23

**Statutes**

Cal. Civ. Code § 3426.1..............................................................................16

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          v          CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 12
-103-

**Other Authorities**

MPEP § 724.02 ........................................................................................................... 14

Exhibit 12
-104-

1

**TABLE OF ABBREVIATIONS**

2

3

| Abbreviation | Document |
|---|---|
| Apple | Defendant Apple Inc. |
| Masimo | Plaintiff Masimo Corporation |
| Cercacor | Plaintiff Cercacor Laboratories, Inc. |
| Plaintiffs | Masimo and Cercacor, collectively |
| FAC | Plaintiffs' First Amended Complaint |
| SAC | Plaintiffs' Second Amended Complaint |
| TAC | Plaintiffs' Third Amended Complaint |
| '052 patent | U.S. Patent No. 10,078,052 |
| '095 patent | U.S. Patent No. 9,952,095 |
| '300 patent | U.S. Patent No. 6,792,300 |
| '417 patent | U.S. Patent No. 5,564,417 |
| '670 patent | U.S. Patent No. 10,247,670 |
| '754 patent | U.S. Patent No. 10,219,754 |
| '763 patent | U.S. Patent No. 6,985,763 |
| '997 patent | U.S. Patent No. 9,723,997 |
| '507 application | U.S. Patent Application No. 15/960,507 |
| '832 application | U.S. Patent Application No. 15/667,832 |
| PTO | U.S. Patent and Trademark Office |
| IDS | Information Disclosure Statement |
| MPEP | Manual of Patent Examining Procedure |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

**Exhibit 12**
**-105-**

| RJN | Apple's Request for Judicial Notice in Support of Its Motion to Dismiss (filed concurrently herewith) |
| RJN Decl. | Lerner Declaration in Support of Apple's Request for Judicial Notice |
| PI Motion | Plaintiffs' Preliminary Injunction Motion |

# I.   **INTRODUCTION**

Plaintiffs have failed *four* times to plead a viable trade secret misappropriation claim.  Plaintiffs' TAC proves that it is time to dismiss the claim with prejudice.  There are three reasons to do so.

*First*, the Court has instructed Plaintiffs *twice* to "describe the trade secret[s] with sufficient particularity to separate [them] from matters of general knowledge" to enable Apple "to ascertain at least the boundaries within which the secret lies."  ECF 219 at 3 (quoting *Acrisure of Cal., LLC v. SoCal Com. Ins. Servs.*, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019); ECF 60 at 7 (same).  The Court also expressly advised Plaintiffs that they "must disclose" the alleged trade secrets.  ECF 219 at 8.  Yet Plaintiffs *still* fail to follow the Court's instructions.  While Plaintiffs deleted the phrase "including" from the beginning of the lists of alleged secrets in the TAC, Plaintiffs moved the problem to the end:  Plaintiffs now allege the trade secrets include unidentified ███████ ██████████████ of every category of alleged secrets.  The TAC is just the latest move in a shell game that makes it impossible for Apple—and the Court—to discern the boundaries of the trade secret claim.  Further, the individual examples continue to suffer from the same flaws the Court previously identified:  they are still full of vague terms and catchall phrases like "at least."  Thus, Plaintiffs still fail to adequately plead the alleged trade secrets.

*Second*, the reason for Plaintiffs' shifting descriptions is now apparent:  Even if the vague examples were secrets (they are not), Plaintiffs *utterly* failed to take reasonable efforts to protect them.  Plaintiffs accused Apple of hiring Lamego to obtain Plaintiffs' trade secrets in 2014.  Yet Plaintiffs plead no reasonable efforts thereafter to protect the alleged trade secrets.  To the contrary, the face of the TAC shows that Plaintiffs did *nothing* as patent applications naming Lamego as an inventor began to publish in early *2016* and *every* year thereafter.  The patent publications contained not just Plaintiffs' claimed inventions, but the very information that Plaintiffs now allege as trade secrets.  Plaintiffs' alleged trade secrets first published more than *two years* before Plaintiffs filed

**Exhibit 12
-107-**

1    this case, but Plaintiffs did nothing in the interim.  Each publication, according to

2    Plaintiffs, violated Lamego's agreements with Plaintiffs to assign inventions and protect

3    trade secrets.  But far from taking steps to protect their alleged secrets, Plaintiffs did the

4    opposite, repeatedly citing Lamego's patents to the PTO in IDSs *without taking any*

5    *steps to protect confidentiality or limit exposure*.  Such a proliferation of disclosure casts

6    doubt on whether Plaintiffs ever considered this information secret before filing this

7    case; but, the Court need not reach that question because Plaintiffs' failure to take any

8    reasonable steps to protect the confidentiality of the alleged secrets which published *year*

9    *after year* can be addressed here as a matter of law.

10       Finally, Plaintiffs fail to plead Apple's misappropriation of any specific trade

11   secret.  As before, Plaintiffs' allegations do not support a reasonable inference that Apple

12   knew or had reason to know that Plaintiffs' former employees—Lamego or O'Reilly—

13   purportedly shared *specific* information comprising Plaintiffs' alleged trade secrets.

14   Instead, Plaintiffs' theories of impropriety turn on two impermissible foundations:  that

15   Apple (i) should have assumed Plaintiffs' former employees would inevitably disclose

16   Plaintiffs' unspecified confidential information in their employment for Apple (TAC

17   ¶ 247), and (ii) should not have exercised its statutory right to request non-publication

18   of certain patent applications (*id.*, ¶ 248)—which Plaintiffs themselves exercise—to

19   shield alleged misappropriation.  Neither is viable.  And Plaintiffs fail to allege that

20   Apple used or disclosed any *specific* trade secrets—instead vaguely claiming that broad

21   technical subject matter to which the alleged secrets pertain (i) is referenced in Apple

22   patent filings and (ii) relates to the Apple Watch.  Further, Plaintiffs fail to allege any

23   facts supporting their theory that Apple induced either former employee to breach a duty

24   of secrecy to Plaintiffs or that Apple is liable under a *respondeat superior* theory.

25       If Plaintiffs had a valid trade secret claim against Apple, they would have taken

26   action as soon as Apple published its first patent naming Lamego as an inventor instead

27   of sitting on their hands for almost three years; they also would have specified the alleged

28   secrets long ago and alleged a colorable misappropriation theory—they have not.

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          2          CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-108-

1    Plaintiffs' trade secret claim should be dismissed with prejudice.

## II.    PLAINTIFFS' CUTSA CLAIM SHOULD BE DISMISSED[1]

**A.    Plaintiffs Still Do Not Meet the Standard for Alleging Their Trade Secrets.**

The Court has given Plaintiffs two opportunities to "describe the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit [Apple] to *ascertain at least the boundaries within which the secret lies*." ECF 219 at 3 (quoting *Acrisure*, 2019 WL 4137618, at *3 (emphasis added); ECF 60 at 7 (same).

### 1.    Plaintiffs Are Still Improperly Hedging by Pleading a Non-Exhaustive List of Alleged Trade Secrets.

The question once again before the Court is whether Plaintiffs' latest amendment to their trade secret allegations "narrow[s] the scope of the alleged trade secrets" to "address the Court's underlying concern." ECF 219 at 7.  Because Plaintiffs still fail to "provide . . . notice of the boundaries of this case," the answer is no.  *Id.* (quoting *CitCon USA, LLC v. RiverPay Inc.*, 2018 WL 6813211, at *4 (N.D. Cal. Dec. 27, 2018)).

The Court ruled that the threshold flaw in the SAC was that "merely stat[ing] what is 'at least' included" in Plaintiffs' alleged secrets is insufficient to identify the full scope of those claimed secrets.  ECF 219 at 6.  That catchall language "show[ed] that Plaintiffs expressly do not intend for the . . . 'specific trade secrets' to be an exhaustive recitation" of what they "allege Apple misappropriated."  *Id.* at 5.

In the TAC, Plaintiffs delete the term "including" from the introduction to the list of exemplary alleged trade secrets, but Plaintiffs do not solve the problem; they exacerbate it.  The TAC still includes broad open-ended language.  The difference is that Plaintiffs moved the catchall language from the beginning of the list to the end of each broad category.  For each and every alleged category of trade secrets, Plaintiffs now claim as a secret the unidentified ███████████████████████ of each alleged secret in the entire category.  Plaintiffs provide *no* specifics that explain *how* the

---

[1] As the Court has set out the relevant legal standard twice, Apple does not repeat it.

**Exhibit 12
-109-**

1  other alleged secrets ██████████████████████. TAC ¶¶ 40–45.  Thus, the

2  new language is at least as problematic as Plaintiffs' prior catchall language because

3  "[n]o details are provided for how [Plaintiffs] allegedly achieve[] the desired" ████

4  ████████████████████—thus "mak[ing] it virtually impossible to distinguish

5  the alleged trade secrets from knowledge in the field." *Jobscience, Inc. v. CVPartners,*

6  *Inc.*, 2014 WL 1724763, at *3 (N.D. Cal. May 1, 2014); *IDX Sys. Corp. v. Epic Sys.*

7  *Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) ("[A] plaintiff must do more than just identify

8  a kind of technology and then invite the court to hunt through the details in search of

9  items meeting the statutory definition [of a trade secret].").

10         Further, several of the amended alleged trade secrets still employ the catchall

11  phrase "at least one of" followed by an open-ended list of items, thereby at best

12  providing a floor for the alleged secrets, but no ceiling.  For example, Plaintiffs' alleged

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ███████████████████ (TAC ¶ 42 (No. 1) (emphasis added)), which leaves open the

16  possibility of Plaintiffs later adding countless other types of sensors to the list.  Plaintiffs'

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████ *Id.* ¶ 43 (Nos. 4–5) (emphases added).  These

21  "examples" still "do not actually 'narrow'" the preceding descriptions.  ECF 219 at 6.

22         Plaintiffs further muddle their claim with references to "Confidential

23  Information" that is apparently distinct from their alleged trade secrets.  *See* TAC ¶ 8

24  ("seek[ing] relief for the theft of Plaintiffs' highly confidential information *and* trade

25  secrets" (emphasis added)); *id.* ¶ 229 (alleging Apple misappropriated Plaintiffs'

26  "Confidential Information" as defined—*differently*—in "Lamego's Employee

27  Confidentiality Agreement" (ECF 38-5 at 2; ECF 60 at 4)).  At the same time, Plaintiffs

28  define the term "Confidential Information" in the TAC to suggest equivalence with their

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC        4        CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 12
-110-

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 107 of 145   Page ID
#:25100
Case 8:20-cv-00048-JVS-JDE   Document 236-1   Filed 11/30/20   Page 14 of 35   Page ID
#:17678

1   trade secrets.   TAC ¶ 46 ("[I]nformation in Paragraphs 40–45 is . . . Plaintiffs'
2   'Confidential Information.'").   This inconsistency further renders the alleged trade
3   secrets impermissibly vague.

**2.    It Is Still Impossible to Differentiate the Alleged Trade Secrets from the State of the Art.**

6    Each of Plaintiffs' "technical" categories of secrets (TAC ¶¶ 40–42, 45) is
7   described in general terms that provide no way to determine if the category is exhaustive
8   or to distinguish the alleged secrets from information generally known in the trade.

9   ██████████████████████████: As just one example, Plaintiffs allege as a
10  trade secret ███████████████████████████████████████████
11  ██████████████████████████████████████████████████████
12  ██████████████████████████████████████████████████████
13  ████████████████████████ TAC ¶ 40 (No. 7).  Plaintiffs do not explain how basic
14  knowledge that ██████████████████████████████████████ can
15  be secret.  Nor do they explain *how* they ████████████████████████████
16  ██████████████████████████████████████████████████████
17  ██████  This lack of detail leaves the "description of . . . purported 'trade secrets'
18  indistinguishable from matters of general knowledge within the . . . industry," which in
19  this case has been known for decades.  *CleanFish, LLC v. Sims*, 2020 WL 1274991, at
20  *9 (N.D. Cal. Mar. 17, 2020) (dismissing claim); *see Imax Corp. v. Cinema Techs., Inc.*,
21  152 F.3d 1161, 1167 (9th Cir. 1998) (because plaintiff's trade secret claim involved a
22  "sophisticated and highly complex" system, "reasonable specificity could only be
23  achieved by identifying the precise numerical dimensions and tolerances as trade
24  secrets"); *see e.g.*, ██████████████████████████████████████
25  ██████████████████████████████████████████████████████
26  ██████████████████████████████████████████████████████
27  ██████████████████████████████████████████████████████
28  ██████████████████████████████████████████████████████

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          5          CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-111-

1 ███████████████████████████████████████████

2 ███████████   Moreover, allowing such broad allegations without any specifics as to

3 how to use the alleged secret would allow Plaintiffs to later narrow any of these alleged

4 secrets to counter Apple's defenses—as Plaintiffs did in their reply in support of their

5 PI Motion after Apple pointed out that Plaintiffs' broadly alleged secrets could not be

6 secret. *Compare* ECF 111-1 at 4–6, *with* ECF 161-1 at 2–3.

7   Plaintiffs also describe ███████████████████████

8 ███████████████████████████████████████████

9 ███████████████████████████████████████████

10 ███████   TAC ¶ 40 (No. 2).   Similarly, Plaintiffs describe ███████████

11 ███████████████████████████████████████████

12 ███████████████████████████████████████████

13 ███████████████████████████████████████████

14 ███████████████████████████████████████████

15 ███████████   TAC ¶ 40 (No. 6).   Plaintiffs also continue to improperly include

16 catchall language (e.g., "optionally"). *Id.* (Nos. 3, 6).   And Plaintiffs' allegation of

17 ███████████████████████████████████████████

18 ███████████████████████████████████████████

19 ███████████████████████████████████████████.

20 *See Aetna Bldg. Maint. Co. v. West*, 39 Cal. 2d 198, 206 (Cal. 1952) ("procedure for

21 estimating the price of a new contract" not a trade secret where "any competitor in the

22 business must consider all of the factors which enter into [Plaintiff's] computations").

23 █████████████████████:   Plaintiffs claim as secret

24 ██████████████████. TAC ¶ 41 (No. 3).   ███████████

25 ███████████████████████████████████████████

26 ███████—before Plaintiffs allege Apple misappropriated the lens. *See* RJN Decl. Ex. 3;

27 TAC ¶ 235 (alleging that █████████████████████████

28 █████████████████████████████; *id.* ¶ 25 ("Apple announced

1  the Apple Watch Series 4 on September 12, 2018").  Without more, Apple cannot

2  discern what Plaintiffs claim to be secret about this use.

3  　　　　　Plaintiffs also claim as secret ██████████████████████████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████

6  TAC ¶ 41 (Nos. 4–5).  But Plaintiffs do not describe *how* to ████████████████

7  ████████████████████████████████████████████████████████████████████

8  ████████████████████████████  Plaintiffs also allege that ████████████████████

9  ████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████

11  ████████████  *Id.* ¶ 41 (Nos. 1–2).  But this also is too general to distinguish from general

12  trade knowledge, as Plaintiffs' own early patents illustrate.  *E.g.,* ██████████████

13  ████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████

16  ████████████████████  Again, the critical point here is not whether these patents definitively

17  disclose Plaintiffs' alleged secrets, but that the trade secrets, as pleaded in the TAC, still

18  lack specificity such that Apple cannot fairly determine the bounds of the alleged secrets

19  because  Plaintiffs'  broad  allegations  appear  to  cover  commonly  known  trade

20  information.  *Space Data Corp. v. X*, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017)

21  (claim dismissed where it was "not made clear which aspects of its technology and other

22  information are part of patents and pending patent applications, if any, and which are

23  secret" (citation omitted)).

24  　　　　██████████████████:  Plaintiffs' allegations here also remain non-exhaustive and

25  indistinct from trade knowledge.  Plaintiffs allege that ████████████████████████

26  ████████████████████████████████████████████████████████████████████

27  ████████████████████████████  TAC ¶ 43 (Nos. 1–3).  But Plaintiffs do not

28  identify *how* or against *what* ████████████████████████████████████████████

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 110 of 145   Page ID
#:25103
Case 8:20-cv-00048-JVS-JDE   Document 236-1   Filed 11/30/20   Page 17 of 35   Page ID
#:17681

1  ████████████████████████████████.  Plaintiffs also claim

2  as secret ████████████████████████████████████

3  █████████████████████████████████████████████

4  █████████████████████  *Id.* (Nos. 4–5).

5         *Oxygen Saturation Calculation Techniques*:  These allegations include even less

6  detail to separate them from general trade knowledge.  For example, Plaintiffs appear to

7  claim as secret the general process of using pulse oximetry: ████████████████

8  █████████████████████████████████████████████

9  █████████████████████████████████████████████

10 █████████████████████████████████████████████

11 ████████████  *Id.* ¶ 45 (Nos. 1–2).  Nowhere does the TAC contain any details on this

12 █████████████████████.  *See Digital Mentor, Inc. v. Ovivo USA*, 2018 WL

13 993944, at *2 (W.D. Wash. Feb. 21, 2018) (on preliminary injunction motion, "[s]imply

14 stating that an algorithm exists and indicating that it collects information, produces an

15 action, and indicates how to perform that action is not enough information to determine

16 whether [defendant] has misappropriated that algorithm" (citing *MAI Sys. Corp. v. Peak*

17 *Comput.*, 991 F.2d 511, 522 (9th Cir. 1993)).

18 ███████████████████████:  This category's allegations have

19 not materially changed from the SAC.  Rather, they still boil down to the broad ideas of

20 █████████████████████████████████████████████

21 █████████████████████████████████████████████

22 ████████████████████.  This paragraph is devoid of allegations explaining how

23 ████████████████████████████████████ are any different

24 from those generally known in the physiological monitoring device industry.

25        For example, Plaintiffs allege that their strategies include ████████████

26 █████████████████████████████████████████████

27 █████████████████████████████████████████████

28 ███████████████████████████  TAC ¶ 43 (Nos. 1–4, 6).  Plaintiffs do not

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          8          CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-114-

1    identify:   specific products, applications, or portals, or how they work; differences

2    between using those products inside or outside the professional patient care field; what

3    data is collected or how it is analyzed; or how any of these "strategies" streamline

4    medical research.  And Plaintiffs still claim their product "marketing" constitutes a trade

5    secret, even though Apple previously explained that Plaintiffs' product sales' locations

6    and dates are publicly available.  ECF 121 at 8 (citing *Kavanagh v. Tuller*, 2017 WL

7    1496436, at *4 (S.D. Cal. Apr. 26, 2017) (disclosure "to the public through marketing

8    and sales of [a] product" is "'fatal to the existence of a trade secret.'" (citation omitted))).

9    Plaintiffs also allege that ███████████████████████████████████

10   ████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ██████████████   TAC ¶ 43 (No. 3); *see Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL

13   557906, at *6 (S.D.N.Y. Jan. 23, 2018) (dismissing under the DTSA "general assertions

14   regarding 'analytics, analytics tools, and analytics programming'"); *see also AlterG, Inc.*

15   *v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144–46 (N.D. Cal. 2019).  Plaintiffs

16   even claim as secret the basic job of *any* medical professional: ████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████   TAC ¶ 43 (No. 5); *see id.*

20   (No. 2) ██████████████████████████████████████████████████████

21   ███████████████████████████████████████████████████

22   ██████████████████████   This category describes the alleged

23   secrets at such a high-level of generality that they are "thorough[]" to the point of

24   "meaninglessness" where "[a]ny piece of information could potentially be labeled as a

25   trade secret." *Emazing Lights LLC v. De Oca*, 2016 WL 3658945, at *2 (C.D. Cal. Jan.

26   7, 2016).  Plaintiffs still cite ████████████████████████████████████

27   ██████████████████   without explaining what information therein is allegedly secret.  TAC

28   ¶ 44 (No. 1).   This is particularly troubling because some of the information is

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC        9        CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-115-

1  indisputably public.  *Compare* RJN Decl. Ex. 17 ████████████████████████

2  ███████████████████████████████████████████ *with* RJN Decl.

3  Ex. 6 at 101 (publicly available article touting Masimo's study conducted by the same

4  doctors).  Plaintiffs also allege as secret their ████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ███████████████████████████████████ TAC ¶ 44 (Nos. 5–7).  Again, Plaintiffs fail to

8  explain what ████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████

10  ████████████████████████████ can possibly qualify as a trade secret.

11       The other alleged secrets in this category strain credulity.  Plaintiffs allege a secret

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  TAC ¶ 44 (Nos. 2–4).  Any researcher knows ███████████████

17  ███████████████████████████████████, and the suggestion that ████████████

18  ████████████████████████████████ is beyond belief.  *See Lohan Media*

19  *LLC v. Thane Int'l, Inc.*, 2001 WL 1827169, at *4 (C.D. Cal. Nov. 16, 2001) (on

20  preliminary injunction, allegation "that the five payment plan worked better than the ten

21  payment plan" was not a trade secret because it was "a concept that any first year

22  business school student would know."); *see also Elsevier*, 2018 WL 557906, at *5–6

23  ("[A]ssessments of the risk of bias of the evidence based on the funding source" was an

24  "extraordinarily general categor[y]" that did "not give rise to a plausible allegation of a

25  trade secret's existence [under the DTSA].").

26       Plaintiffs also allege that the ████████████████████████████████████

27  ████████████████████████ is *itself* a trade secret.  Such allegations of "positive . . .

28  learnings" "are vague" and fail to state a claim.  *AlterG*, 388 F. Supp. 3d at 1145.

Further compounding the above deficiencies is Plaintiffs' failure to delineate which trade secrets are owned by whom. *See Cal. Police Activities League v. Cal. Police Youth Charities, Inc.*, 2009 WL 537091, at *4 (N.D. Cal. Mar. 3, 2009) (dismissing trade secret claim because the complaint did not allege "factual basis of ownership"). Apple has thus been deprived notice of what *each* Plaintiff claims are its trade secrets, which affects Apple's purported duties with respect to the information.

Even assuming that the TAC sufficiently identifies *one* alleged trade secret (it does not), that does not satisfy Rule 8 because the alleged secrets are still engulfed within general categories of information indistinguishable from trade knowledge. Identifying only *some* trade secrets with particularity does not provide the necessary "*notice as to the boundaries* of the case when the overall allegations of Plaintiffs' trade secrets are impermissibly broad." ECF 219 at 7 (quoting *CitCon*, 2018 WL 6813211, at *4) (emphasis added); *see generally Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, 2016 WL 5719819, at *11 (S.D. Cal. Sept. 30, 2016), *aff'd*, 729 F. App'x 590 (9th Cir. 2018) (on summary judgment, "where at least some of the Plaintiff's 492 trade secrets are not sufficiently particular[,] Plaintiff's failure to identify those trade secrets that really were sufficiently particular does not impose a burden on either the Court or Defendant to do so for it").

### 3.    Plaintiffs' Copying of Apple's Patent Claims Does Not Provide the Required Particularity.

Several alleged trade secrets in the TAC are simply copies of method claims from Apple's patents, which only highlights their lack of particularity. ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████  Likewise, alleged ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

This is insufficient to provide notice of alleged secrets because patent claims—unlike

Exhibit 12
-117-

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 114 of 145   Page ID
#:25107
Case 8:20-cv-00048-JVS-JDE   Document 236-1   Filed 11/30/20   Page 21 of 35   Page ID
#:17685

1   trade secret allegations—by their nature outline the *minimum* requirements to practice a

2   patented invention.  *See SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121

3   (Fed. Cir. 1985) ("The law does not require . . . that an applicant describe in his

4   specification every conceivable and possible future embodiment of his invention."); *see*

5   *also Brenner v. Manson*, 383 U.S. 519, 534 (1966).

6        By contrast, "a [trade secret] plaintiff first must *clearly identify* the information"

7   to show it "qualifies as a trade secret."  *Integral Dev. Corp. v. Tolat*, 675 F. App'x 700,

8   702 (9th Cir. 2017) (emphasis added); *see Agency Solutions.com, LLC v. TriZetto Grp.,*

9   *Inc.*, 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011) ("plaintiff must clearly identify what

10  the 'thing' is that is alleged to be a trade secret," and "be able to clearly articulate why

11  that 'thing' belongs in the legal category of trade secret").  Merely copying Apple's

12  patent claim language, which covers embodiments that may not be expressly disclosed,

13  is far from "clearly identifying" the claimed secrets.  Plaintiffs' alleged secrets "are [still

14  not] defined clearly enough to stand on their own" and remain non-exhaustive in a way

15  that "does not address the Court's underlying concern."  ECF 219 at 7.

16  **B.    Plaintiffs' New Allegations Prove that They Failed to Take Reasonable**
        **Efforts to Maintain Secrecy of Their Alleged Trade Secrets.**
17

18        The face of the TAC demonstrates that Plaintiffs did *not* take reasonable efforts

19  to maintain secrecy of their alleged trade secrets.  A trade secret owner fails to take

20  reasonable efforts where it has suspicions or knows another is disclosing its secrets but

21  fails to timely object.  *See HiRel Connectors, Inc. v. U.S.*, 2003 WL 27168678, at *10–

22  11 (C.D. Cal. Apr. 14, 2003).  Where, as here, a plaintiff alleges that the defendant

23  misappropriated one trade secret, "it is unreasonable for that plaintiff simply to assume

24  that that defendant can be trusted to protect other secrets." *Intermedics, Inc. v. Ventritex,*

25  *Inc.*, 822 F. Supp. 634, 653 (N.D. Cal. 1993).  "[T]o withstand a motion to dismiss"

26  where disclosures are alleged, the owner must allege facts showing it did not "fail to

27  object." *HiRel*, 2003 WL 27168678, at *10–11; *see Alamar Biosciences Inc. v. Difco*

28  *Labs. Inc.*, 1996 WL 648286, at *6 (E.D. Cal. Oct. 13, 1996) ("[Trade secret plaintiff]

**Exhibit 12**
**-118-**

1    must exercise eternal vigilance.  This calls for constant warnings to all . . . to whom the

2    trade secret has become known and obtaining from each an agreement, preferably in

3    writing, acknowledging its secrecy and promising to respect it.").  Here, Plaintiffs failed

4    in their "responsibility to take prompt and assertive corrective action with respect to all

5    of [their] interests whenever [they] detect[ed] a fracture in a once confidential

6    relationship" with their former employees.  *Intermedics*, 822 F. Supp. at 654.

7      In *HiRel*, the plaintiff sued the federal government and others, alleging

8    misappropriation of secrets in a missile component specification.  2003 WL 27168678,

9    at *4–7.  The court dismissed because the plaintiffs failed to plead reasonable efforts.

10    *Id*. at *10–11.  While the plaintiff—just like Plaintiffs here—pointed to its boilerplate

11    description of NDAs and physical security to protect its trade secrets, the plaintiffs—

12    just like Plaintiffs here—failed to plead *any* corrective action for years after the

13    government published the alleged secrets.  *Id*.  Thus, the allegations of reasonable efforts

14    were deficient as a matter of law.  *Id*.

15      As the timeline below demonstrates, Plaintiffs sent Apple a letter attaching

16    Lamego's employment agreement with Plaintiffs, and warning that employing Lamego

17    in his area of expertise would breach the agreement.  But Plaintiffs did nothing for years

18    after patent applications that Plaintiffs claim breached the agreement began to publish.

19    Indeed, Plaintiffs make *no allegations whatsoever* about their efforts to object or

20    otherwise take action over the course of years of Apple patent publications naming

21    Lamego as an inventor or after the release of multiple versions of the Apple Watch.

22      *2014*:  As the Court is well aware, Plaintiffs were watching Apple, having sent

23    Apple a letter demanding that Apple not employ Lamego in an area that involves

24    "healthcare technology."  ECF 38-5 at 2; ECF 60 at 5.

25      *2016*:  Plaintiffs were on notice of any breach of Lamego's agreement with them

26    more than three and a half years before they filed this case.  On March 3, 2016, an

27    application for the '052 patent published with Lamego listed as an inventor.  ECF 38-6

28    at 2; ECF 60 at 4.  While Plaintiffs now claim that Lamego was contractually required

**Exhibit 12
-119-**

1    to assign inventions in the '052 patent to Plaintiffs (TAC ¶¶ 253–59), at the time—and

2    for the intervening years before filing this case—*Plaintiffs did nothing*.  They never

3    approached Apple nor warned against future publications.  Plaintiffs did, however, cite

4    the '052 patent in *two* separate IDSs to the PTO in 2018.  RJN Decl. Exs. 8 at 125, 9 at

5    153.[2]

6        *2017*:  On August 8, 2017, the '997 patent published and listed Lamego as an

7    inventor.  RJN Decl. Ex. 7 at 106.  Plaintiffs now allege that the '997 patent disclosed

8    Plaintiffs' alleged ███████████████████ secrets and inventions—in breach of

9    Lamego's agreements with Plaintiffs.  TAC ¶¶ 238–39, 283.  But again, Plaintiffs did

10   nothing at the time, nor in the intervening two years (plus), before filing this lawsuit.

11   They never approached Apple nor warned against future publications.  Instead, Plaintiffs

12   cited the '997 patent in *two* IDSs to the PTO in 2018 (RJN Decl. Exs. 8 at 124, 11 at

13   153)—*without* seeking confidential treatment for those IDSs and their now-claimed

14   secrets, even though the PTO regulations provide for such treatment where IDSs contain

15   alleged trade secrets (*see* MPEP § 724.02 (RJN Decl. Ex. 13)).

16       *2018*:  In 2018, Plaintiffs watched two Apple patents and one patent application

17   naming Lamego as an inventor publish—each time, they did nothing to claim secrecy.

18   The '095 and '670 patents and the '507 application published on April 24, 2018,

19   December 20, 2018, and August 23, 2018, respectively.  ECF 28-29 at 1184; ECF 28-

20   28 at 1165; RJN Decl. Ex. 10 at 166.  While Plaintiffs now claim that Lamego was

21   contractually required to assign the inventions in the '095 and '670 patents and the '507

22   application to Plaintiffs (TAC ¶¶ 263, 270, 346), at the time—and for the intervening

23   years before filing this case—*Plaintiffs did nothing*.  They never approached Apple nor

24   warned against future publications.  They did, however, cite the '095 patent in *two* IDSs

25   to the PTO in 2018 and the '670 patent in *two* IDSs to the PTO in 2019 and 2020.  RJN

26

27
   ―――――――――――――
28   [2] That Plaintiffs repeatedly cited to the disputed Lamego patents in their IDSs makes it all the more egregious that they have tried to keep certain patent claims under seal, and withheld them from Apple's in-house counsel and expert. *E.g.*, ECF 61-1 at 35–36.

1    Decl. Exs. 8 at 125, 11 at 208, 12 at 223, 14 at 267, 269.

2          Apple announced the Apple Watch Series 4 on September 12, 2018, widely

3    publicizing its optical heart rate sensors capable of taking electrocardiograms.   TAC

4    ¶¶ 25, 236.     Despite this, Plaintiffs never approached Apple about its alleged

5    incorporation of Plaintiffs' ███████████████████ trade secrets in the

6    Apple Watch Series 4 or Apple's alleged use of Plaintiffs' ██████████████

7    ███████████████         *See id.* ¶ 235–37, 241.

8          *2019*:   The '754 patent published on March 5, 2019, and listed Lamego as an

9    inventor.   ECF 28-30 at 1201.   Plaintiffs now allege that the '754 patent disclosed

10   Plaintiffs' alleged █████████████ secrets and Plaintiffs' inventions—

11   in breach of Lamego's agreements with Plaintiffs.   TAC ¶¶ 232–33, 277.   Indeed,

12   Plaintiffs relied on a narrow slice of the '754 patent in arguing that they could assert a

13   trade secret claim in their PI Motion.   ECF 111-1 at 7; ECF 161-1 at 2–3.   But Plaintiffs

14   did nothing in the nine months before Plaintiffs filed this lawsuit.   They never

15   approached Apple nor warned against future publications.   Plaintiffs did, however,

16   *repeatedly* cite the '754 patent in two IDSs to the PTO—including one filed *two days*

17   before filing this lawsuit—without seeking any confidential treatment for the

18   information they now claim as a secret.   RJN Decl. Exs. 14 at 269, 15 at 302.

19         In sum, Plaintiffs have not—and indeed cannot—plead reasonable efforts with

20   respect to the alleged trade secrets.   Plaintiffs took no measures to protect the alleged

21   secrets here for years after the secrets—along with Plaintiffs' claimed inventions—

22   purportedly published in violation of the very contracts that Plaintiffs rely on to allege

23   confidentiality and inventorship here.

24   **C.    After Four Tries, Plaintiffs Still Fail to Plead Facts Sufficient to Raise a
             Plausible Claim that Apple Engaged in Misappropriation.**
25

26         **1.    Plaintiffs Still Fail to Allege That Apple Knew It Was Acquiring,
                   Using, or Disclosing Plaintiffs' Purported Trade Secrets.**
27

28         Plaintiffs still do not allege facts showing that Apple knew or had reason to know

Gibson, Dunn &
Crutcher LLP

**Exhibit 12
-121-**

1    (i) that Lamego and O'Reilly provided Apple with Plaintiffs' trade secrets in breach of

2    a duty, or that Apple, without authorization, (ii) used or (iii) disclosed Plaintiffs' alleged

3    trade secrets.  Cal. Civ. Code § 3426.1; *e.g.*, *Carr v. AutoNation Inc.*, 2018 WL 288018,

4    at *2 (E.D. Cal. Jan. 4, 2018).  To plead a trade secret claim, a Plaintiff must "allege

5    facts that tend to exclude general knowledge or innocuous (*i.e.*, competitive

6    marketplace) explanations." *CleanFish*, 2020 WL 1274991, at *11; *see Eclectic Props.*

7    *E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) ("plaintiffs cannot

8    offer allegations that are merely consistent with their favored explanation but are also

9    consistent" with an innocuous explanation); *Veronica Foods Co. v. Ecklin*, 2017 WL

10   2806706, at *14 (N.D. Cal. June 29, 2017) (similar).  Here, the TAC's allegations are

11   entirely consistent with innocent conduct, and thus, insufficient to state a

12   misappropriation claim.

13        First, Plaintiffs allege that in 2013 Apple and Masimo "entered into a

14   confidentiality agreement" and held meetings that "included confidential discussions of

15   Masimo's technology." TAC ¶ 19. But even if Apple was aware Masimo had

16   confidential information, that does not support an inference that Apple knew the *specific*

17   information Lamego or O'Reilly allegedly later used or disclosed contained Plaintiffs'

18   trade secrets.  *CleanFish*, 2020 WL 1274991, at *10 (allegation that defendant

19   "contacted and continuously communicated with [former employee], while . . .

20   employed by Plaintiff" insufficient to show knowledge).  Indeed, in denying Plaintiffs'

21   PI Motion, this Court held that "Apple planning to 'dig deep' while meeting with

22   Plaintiffs" did not "suggest[] anything about Lamego's personal obligations to maintain

23   secrecy" and so did not show that "Apple should have known that Lamego possessed

24   trade secrets and had a duty to maintain secrecy." ECF 198 at 7-8.[3]  This disconnect is

---

[3] While the Court's PI Order stated that Plaintiffs were likely to succeed in showing misappropriation (ECF 198 at 8-9), the Court's later Order granting Apple's Motion to Dismiss Plaintiffs' SAC did not address Plaintiffs' failure to adequately plead misappropriation, and it stated that Plaintiffs were still required to satisfy Rule 8's pleading requirements.  ECF 219 at 7.

Exhibit 12
-122-

1    underscored by the fact that Plaintiffs narrowed the alleged secrets at issue during the PI

2    briefing, but they have not alleged that Apple knew the narrowed example was a secret.

3    *Compare* ECF 111-1 at 4–6, *with* ECF 161-1 at 2–3 *and* TAC ¶¶ 229, 245.

4              Second, Plaintiffs allege, "on information and belief," that "Apple targeted and

5    recruited Plaintiffs' employees, including O'Reilly and Lamego, because of their

6    knowledge of Plaintiffs' Confidential Information."   TAC ¶ 229.   Such conclusory

7    allegations raised "on information and belief," unaccompanied by specific factual

8    allegations of Defendant's alleged improper actions, are insufficient.   *See Blantz v. Cal.*

9    *Dep't of Corr. & Reba., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926–27 (9th

10   Cir. 2013).   And Plaintiffs' allegations about recruitment are equally consistent with the

11   truth:   that Apple hired these individuals for their perceived knowledge and skill in

12   relevant fields, which California law specifically allows.   *Hooked Media Grp., Inc. v.*

13   *Apple Inc*., 269 Cal. Rptr. 3d 406, 413 (Cal. App. 2020) ("California's policy favoring

14   free mobility of employees specifically allows" engineers to "dr[a]w on knowledge and

15   skills they gained from [prior employer]" for new employer).

16             Third, Plaintiffs allege they sent Apple a January 24, 2014 letter, warning that

17   Lamego possessed Plaintiffs' confidential information and attaching his employment

18   agreement.   TAC ¶ 23.   But a letter stating that Lamego generally possessed *unspecified*

19   confidential information—and seeking to prohibit him from working in the *entire*

20   "healthcare technology" field (*id*.)—does not establish that Apple knew or had reason

21   to know that Apple wrongfully acquired *specific* alleged trade secrets.   *See*

22   *MedioStream, Inc. v. Microsoft Corp.,* 869 F. Supp. 2d 1095, 1114 (N.D. Cal. 2012).

23   Plaintiffs' reliance on the warning letter is particularly problematic because the letter

24   violates longstanding California law that a former employer may not control a former

25   employee's ability to earn a living based only on the notion that the employee will

26   "inevitably" rely on a former employer's trade secrets.   *Whyte v. Schlage Lock Co*., 101

27   Cal. App. 4th 1443, 1462 (2002).   Put simply, "evidence that Apple hired [employees]

28   with knowledge of [Plaintiffs'] trade secrets and that the [employees] inevitably would

1    have relied on that knowledge in their work for Apple does not support a claim for

2    improper acquisition of a trade secret." *Hooked Media*, 269 Cal. Rptr. 3d at 413–14.

3            Even if this ill-founded warning letter put Apple "on notice" that Lamego had

4    some confidential information that he was required to keep secret (ECF 198 at 8), the

5    letter did not specify any trade secrets (ECF 38-5 at 2; ECF 60 at 4).  Thus, the letter

6    alone cannot support an inference that Apple knew or should have known that Lamego

7    actually disclosed to Apple or used any trade secret-protected information, as is required.

8    *CleanFish*, 2020 WL 1274991, at *10.  Were the result otherwise, former employers'

9    warning letters—which (i) rely on facially void noncompete clauses (under Cal. Bus. &

10   Prof. Code Section 16600) and (ii) do not reference specific trade secrets—would

11   seemingly always give rise to a new employer's knowledge of unidentified trade secrets

12   and discourage hiring and employee mobility.  This is wrong as a matter of law (*Pellerin

13   v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012)), and is at odds with

14   "California settled public policy in favor of open competition" (*Edwards v. Arthur

15   Andersen LLP*, 44 Cal. 4th 937, 945 (2008)).

16           Fourth, Plaintiffs allege Lamego "worked at Apple for less than one year," and

17   "Apple knew or at least should have known that Lamego could not develop" independent

18   technology "in such a short amount of time."  TAC ¶ 229.  Plaintiffs' claim relies on

19   rank speculation insufficient to withstand a motion to dismiss.  *Bell Atl. Corp. v.

20   Twombly*, 550 U.S. 544, 555 (2007) ("[Factual allegations must be enough to raise a

21   right to relief above the speculative level[.]").  Indeed, in *Hooked Media*, the plaintiff

22   argued that its former employees performed "tasks at Apple similar to the work they did

23   [for plaintiff]" and "within weeks" created a "detailed plan" for a system "much like

24   [plaintiff's] version" that had allegedly "similar" source code.  269 Cal. Rptr. 3d at 413–

25   14.  The court rejected this evidence as insufficient to support a claim for improper

26   acquisition of trade secrets.  *Id*.  The same analysis applies here.  That Lamego's tenure

27   at Apple was productive is "merely consistent" with Plaintiffs' allegations—it does not

28   "plausibly suggest" Apple knew or should have known he was using or disclosing

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          18          CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 12
-124-

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 121 of 145   Page ID
#:25114
Case 8:20-cv-00048-JVS-JDE   Document 236-1   Filed 11/30/20   Page 28 of 35   Page ID
#:17692

1    Plaintiffs' purported trade secrets. *Twombly*, 550 U.S. at 557. "[T]he mere fact that a

2    competitor markets a product faster than it took another . . . to develop their product,

3    does not plausibly allege that the competitor's product must have been created with trade

4    secrets." *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 6655274, at *9 (C.D.

5    Cal. Sept. 23, 2019).

6        Plaintiffs' assertion that the "Lamego Patents" were filed soon after Lamego

7    arrived at Apple likewise does not move the needle. Plaintiffs allege no facts to support

8    that Apple should have speculated, due to Lamego's work pace—in an industry in which

9    he had worked for years—that he *must* have misappropriated trade secrets. *E.g.*, *Lamont

10   v. Krane*, 2019 WL 2113903, at *4 (N.D. Cal. May 14, 2019) (defendant's alleged use

11   of AI in its cloud platform one month after meeting with inventor of AI technologies

12   insufficient to state claim). Plaintiffs' allegations at best may suggest Apple was aware

13   Lamego drew on knowledge and skills he gained while working for Plaintiffs to develop

14   a product for his new employer. That is not actionable. *Hooked Media*, 269 Cal. Rptr.

15   3d at 413–14; *Whyte*, 101 Cal. App. 4th at 1464. And Plaintiffs fail to plead facts

16   supporting a plausible inference that Apple knew or should have known Lamego was

17   exceeding his own knowledge and skills. Plaintiffs' allegations, therefore, cannot

18   support an inference that Apple "knew that any information [Lamego used or]

19   communicated to [it] contained trade secrets." *CleanFish*, 2020 WL 1274991, at *10.

20       Fifth, Plaintiffs allege that Apple requested non-publication of certain patent

21   applications, and that "[o]n information and belief," Apple normally does not do so.

22   TAC ¶ 248. Apple's exercise of its statutory right to not publish under 35 U.S.C.

23   § 122(b)(2)(B)(i) does not reflect that Apple knew certain patent applications contained

24   trade secrets. As this Court has explained, "Apple submitted more than 300 such

25   requests in the last six years," ECF 198 at 8–9, and importantly, it is a judicially

26   noticeable fact that Plaintiffs *also* submit such requests. *See* RJN Decl. Ex. 16 at 308.

27   Invoking this right cannot support a plausible inference of Apple's requisite knowledge

28   "within the meaning of *Iqbal* and *Twombly*"—to the contrary, "[w]hen faced with two

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC        19        CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 12
-125-

1  possible explanations, . . . plaintiffs cannot offer allegations that are 'merely consistent

2  with' their favored explanation but are also consistent with the alternative

3  explanation. . . . Something more is needed, such as facts tending to exclude the

4  possibility that the alternative explanation is true." *In re Century Alum. Co. Sec. Litig.*,

5  729 F.3d 1104, 1108 (9th Cir. 2013) (internal quotation marks and citations omitted).

> **2.    Plaintiffs Still Fail to Allege That Apple Acquired, Used, or Disclosed Plaintiffs' Purported Trade Secrets.**

8   A trade secret plaintiff must "allege facts providing a reasonable basis for th[e]

9  Court to infer" that the defendant improperly acquired, disclosed, or used the alleged

10 trade secrets. *Space Data*, 2017 WL 5013363, at *2 (use); *see Physician's Surrogacy,*

11 *Inc. v. German*, 2018 WL 638229, at *8 (S.D. Cal. Jan. 31, 2018) (under DTSA,

12 "Plaintiff must more specifically connect allegations of misappropriation to specific

13 Defendants' actions").  Plaintiffs have been alleging for *eleven months* that Apple

14 incorporated their purported secrets in the Apple Watch and Apple's patent filings.

15 ECF 1 ¶¶ 179–91. Yet Plaintiffs still "do not allege which trade secrets were purportedly

16 used, how they were used, or when they were used." *MACOM Tech. Sols. Inc. v.*

17 *Litrinium, Inc.*, 2019 WL 4282906, at *9 (C.D. Cal. June 3, 2019).  Plaintiffs instead

18 point to similarities in product design and conduct by Apple that is consistent with

19 innocent conduct and not actionable by itself.

20   *First*, Plaintiffs assert that Apple ████████████████████████████████████

21 ████████████████████████████████████████████████ in certain patent

22 filings and patents. TAC ¶¶ 233, 239. But ████████████████████████████████

23 ████████████████████████████████████████████. TAC ¶ 40.  And

24 although the information is in Plaintiffs' possession—indeed, they are the *only* ones who

25 ostensibly understand the bounds of those claimed secrets, Plaintiffs fail to allege *which*

26 *of these sixteen purported secrets* from among this set Apple allegedly "included," when

27 they were included, and in which patent filings. *M/A COM*, 2019 WL 4282906, at *9.

28 While it is true that Plaintiffs identify portions of three issued patents that purportedly

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          20          CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 12**
**-126-**

1   include some alleged secrets (TAC ¶¶ 233, 239), they only vaguely allege their

2   "Confidential Information is currently or was, *at least at the time of Defendant's*

3   *misappropriation*, not generally known" (*id.* ¶ 225 (emphasis added)).   Further, the

4   timing of alleged disclosure, including whether the alleged specific secrets were

5   incorporated into specific patent applications, is critical, because if "'the information is

6   in the public domain . . . secrecy is gone [and] the trade secret is extinguished.'"

7   *Veronica Foods*, 2017 WL 2806706, at *13 (citation omitted).   By failing to allege how

8   and when misappropriation occurred as to each secret, Plaintiffs fail to state a claim.

9   *MACOM*, 2019 WL 4282906, at *9; *Space Data*, 2017 WL 5013363, at *2.

10         *Second*, Plaintiffs allege "Apple implemented Plaintiffs' ███████████

11   █████████████████████████ s in the Apple Watch," pointing to aspects of the

12   design of the Apple Watch like the inclusion of █████████████████ .   TAC

13   ¶¶ 234–37.   The mere similarity of these design features to Plaintiffs' products is

14   insufficient to support a reasonable inference that their inclusion in the Apple Watch

15   resulted from misappropriation.   *Brown v. Adidas Int'l*, 938 F. Supp. 628, 634 (S.D. Cal.

16   1996) (similarities in product design, without more, do not support a misappropriation

17   claim).   And Plaintiffs offer no concrete allegations to support that these design features

18   arose from misappropriation.   For example, although Plaintiffs allege that Lamego was

19   involved in discussions and experiments concerning ████████████ while he was

20   employed with Plaintiffs (TAC ¶ 234), Plaintiffs nowhere allege that Lamego was

21   responsible for—or even involved with—designing the █████████████████

22   Plaintiffs identified as embodying Plaintiffs' trade secrets (*see id.* ¶¶ 236–37).

23   Requiring Plaintiffs to allege facts that "'tend[] to exclude' an innocent explanation,"

24   *Veronica Foods*, 2017 WL 2806706, at *14, is all the more critical when dealing with

25   technologies, like a Fresnel lens, that have existed for centuries.   RJN Decl. Ex. 4.

26         *Third*, Plaintiffs allege Apple misappropriated Plaintiffs' █████████████

27   ████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████

Exhibit 12
-127-

1  ████████████████████████████████████████████████████████

2  ████████████████████████████████  (*id*. ¶¶ 241–43).  These allegations do not state

3  a claim for misappropriation because they are "'merely consistent with' . . . a theory of

4  innocent market entry."  *Veronica Foods*, 2017 WL 2806706, at *14 (citation omitted).

5  For example,  ██████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ██████████████████████  with one of the leading technology providers in the world.

9       *Finally*, for certain purported trade secrets, Plaintiffs allege no facts whatsoever

10  to support an inference of misappropriation.  Plaintiffs allege, "[o]n information and

11  belief, Apple is using Plaintiffs'  ███████████████████████████████

12  ████████████████████████████████████████████████████████████

13  TAC ¶ 244.  These conclusory allegations, devoid of facts, are insufficient to state a

14  claim.  *Space Data*, 2017 WL 5013363, at *2.

15       **3.    Plaintiffs Still Fail to Allege That Apple Induced a Breach.**

16       Plaintiffs allege that Apple induced Lamego and O'Reilly to breach their duty to

17  maintain secrecy in conclusory fashion: "on information and belief, Defendant induced

18  its employees, including Lamego and O'Reilly, to disclose Plaintiffs' Confidential

19  Information."  TAC ¶ 230.  The TAC in this regard provides nothing more than an

20  "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556

21  U.S. 662, 678 (2009).  This "naked assertion" does not meet the pleading standard.  *Id.*

22       Plaintiffs wrongly contend that they are not required to allege precisely how

23  Apple induced a breach, because pleading "on information and belief" is adequate if the

24  information "'is not presumptively in the[ir] knowledge.'"  ECF 180-1 at 20–22 (quoting

25  *Calendar Research LLC v. StubHub, Inc.*, 2017 WL 10378336, at *4 (C.D. Cal. Aug.

26  16, 2017)).  But unlike here, the plaintiff in *Calendar Research* pleaded detailed factual

27  content including that individual defendant(s) [1] "downloaded proprietary . . .

28  information, [2] maintained access to . . . source code, [3] planned to build a similar

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          22          CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-128-

1    group-scheduling application while working for StubHub," and [4] "had frequent

2    communications" with StubHub employees who disclosed that "StubHub wanted to

3    incorporate the source code . . . into [its] existing and future applications." *Id*. at *1, *4

4    (citation omitted).  Based on these allegations and others, the court concluded that

5    Calendar Research adequately alleged that StubHub acquired trade secrets through the

6    individual defendants' theft. *Id*. *Calendar Research* cannot save Plaintiffs' claim.

7            Even if the facts were "peculiarly within" Apple's control (they are not), that

8    "does not excuse the requirement that the plaintiff allege something more than bare

9    conclusions." *Menzel v. Scholastic, Inc*., 2018 WL 1400386, at *3 (N.D. Cal. Mar. 19,

10   2018); *see Cutera, Inc. v. Lutronic Aesthetics, Inc*., 2020 WL 4937129, at *9 (E.D. Cal.

11   Aug. 24, 2020) (conclusory allegations of defendant's knowledge insufficient despite

12   question of knowledge being "peculiarly" within defendant's control).  Information and

13   belief allegations "must still be 'based on factual information that makes the inference

14   of culpability plausible.'" *Menzel*, 2018 WL 1400386, at *2; *e.g.*, *Park v. Thompson*,

15   851 F.3d 910, 928 (9th Cir. 2017) (even though relevant facts were known only to

16   defendant, Park pleaded sufficient facts about the "entire sequence of events").

17          This Court should dismiss Plaintiffs' inducement trade secret claim, because their

18   "bare" conclusory allegations based on information and belief are insufficient under

19   *Twombly* and *Iqbal*.  *Menzel*, 2018 WL 1400386, at *2–3.

20          **4.    Plaintiffs Still Fail to Allege That Apple Is Vicariously Liable Under**

21               ***Respondeat Superior*.**

22          Plaintiffs fail to allege liability under the doctrine of *respondeat superior at least*

23   because they fail to allege any trade secret misappropriation committed by their former

24   employees for which Apple could be held liable. *See generally Yamaguchi v. Harnsmut*,

25   106 Cal. App. 4th 472, 481 (Cal. App. 2003) (setting forth doctrinal test).  For one, as

26   discussed above (in Section II.A.), Plaintiffs fail to allege that their Confidential

27   Information actually constitute trade secrets.  Nor can Plaintiffs establish that Lamego

28   or O'Reilly used or disclosed that Confidential Information while employed by Apple.

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          23          CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-129-

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 126 of 145   Page ID
#:25119
Case 8:20-cv-00048-JVS-JDE   Document 236-1   Filed 11/30/20   Page 33 of 35   Page ID
#:17697

1    Plaintiffs make only conclusory "information and belief" allegations that Lamego

2    and O'Reilly used or disclosed Plaintiffs' Confidential Information.  *See, e.g.*, TAC

3    ¶ 230.  Plaintiffs fail to allege each of the purported trade secrets Lamego allegedly

4    disclosed and Apple allegedly included in its patent applications.  TAC ¶¶ 24–25; *see*

5    *supra*, Section II.C.2.  Generic allegations that a former employee works in a similar

6    area and improves a competing product cannot show misappropriation.  *Universal*

7    *Analytics, Inc. v. MacNeal-Schwendler Corp.*, 707 F. Supp. 1170, 1177–78 (C.D. Cal.

8    1989), *aff'd*, 914 F.2d 1256 (9th Cir. 1990).  Similarly, Plaintiffs' allegations that ████

9    ████████████████████████████████████████████ (TAC ¶ 241) are merely

10   consistent with innocent market entry.  *Veronica Foods*, 2017 WL 2806706, at *14.

11   At most, Plaintiffs allege facts showing that Lamego and O'Reilly had access to

12   and learned of Plaintiffs' Confidential Information while employed by Plaintiffs.  TAC

13   ¶¶ 20, 22–23, 228–29.  But mere "'access to and acqui[sition of] trade secret

14   information'" by a former employee "is insufficient to establish misappropriation".

15   *Pellerin*, 877 F. Supp. 2d at 989; *MACOM*, 2019 WL 4282906, at *9 ("mere allegation

16   that [former employee] left … for a competitor … is insufficient to infer that [former

17   employee] acquired, disclosed, and/or used Plaintiffs' trade secret information").

18   Plaintiffs' assertion of *respondeat superior* against Apple is thus nothing more

19   than a claim based on inevitable disclosure.  Imposing vicarious liability under

20   *respondeat superior* here would directly conflict with California's rejection of the

21   inevitable disclosure doctrine and chill employee mobility in the same way and to the

22   same degree as the inevitable disclosure doctrine itself.  *See U.S. Legal Support, Inc. v.*

23   *Hofioni*, 2013 WL 6844756, at *11 n.8 (E.D. Cal. Dec. 20, 2013) (recognizing conflict

24   between use of *respondeat superior* in misappropriation claim against new employer

25   and inevitable disclosure doctrine); *Whyte*, 101 Cal. App. 4th at 1458.

26   **III.   PLAINTIFFS SHOULD BE DENIED FURTHER LEAVE TO AMEND**

27   Plaintiffs' trade secret claim should be dismissed with prejudice.  This Court's

28   "discretion to deny leave to amend is *particularly* broad where plaintiff has previously

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          24          CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 12
-130-

1  amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.

2  1990) (emphasis added).  As the Court explained, the "general rule that parties are

3  allowed to amend their pleadings . . . does not extend to cases in which any amendment

4  would be an exercise in futility, or where the amended complaint would also be subject

5  to dismissal."  ECF 219 at 8 (quoting *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298

6  (9th Cir. 1998)); *see Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir.

7  2008) ("[r]epeated failure to cure deficiencies" sufficient to deny leave).  Further,

8  prejudice to the opposing party "carries the greatest weight" in the analysis.  ECF 219

9  at 8 (quoting *Eminence Capital v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

10  After *four* chances (two after dismissal) to plead a plausible trade secret claim,

11  Plaintiffs again have failed.  Further amendment would be futile.  *GeoData Sys. Mgmt.,*

12  *Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2016 WL 6601656, at *8 (C.D. Cal. July 25,

13  2016) (dismissing with prejudice after three failed tries); *see also Basalite Concrete*

14  *Prod., LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2013 WL 2156582, at *9

15  (E.D. Cal. May 17, 2013), *aff'd*, 615 F. App'x 894 (9th Cir. 2015).  Further amendment

16  would also cause delay and undue prejudice to Apple, which has now spent nearly a year

17  and millions of dollars responding to serial baseless complaints.  *See Barnes-Mohammed*

18  *v. Cty. of Santa Barbara*, 2008 WL 793479, at *5 (C.D. Cal. Mar. 24, 2008) (finding

19  undue prejudice to defendants where plaintiff serially "failed . . . to set forth a short and

20  plain statement of her claims, despite repeated attempts by the Court to educate her on

21  the process"); *Kilgore v. Dir.*, 2016 WL 8678365, at *2 (E.D. Cal. Feb. 26, 2016) (undue

22  prejudice where amendment would cause "a considerable delay of . . . proceedings").

23  Plaintiffs' trade secret claim should be dismissed without leave to amend.

## IV.   <u>CONCLUSION</u>

24

25  Apple respectfully requests that the Court dismiss with prejudice Plaintiffs'

26  Thirteenth Cause of Action for trade secret misappropriation.

27

28

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 128 of 145   Page ID
#:25121
Case 8:20-cv-00048-JVS-JDE   Document 236-1   Filed 11/30/20   Page 35 of 35   Page ID
#:17699

1    Dated:  November 30, 2020

2                                         JOSHUA H. LERNER
                                          H. MARK LYON
3                                         BRIAN M. BUROKER
                                          BRIAN A. ROSENTHAL
4                                         ILISSA SAMPLIN
                                          ANGELIQUE KAOUNIS
5                                         BRIAN K. ANDREA
                                          GIBSON, DUNN & CRUTCHER LLP
6

7                                         By:  /s/ Joshua H. Lerner
                                                  Joshua H. Lerner
8
                                          Attorneys for Defendant APPLE INC.
9

10   104247126.38

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

MEMO. ISO APPLE'S MOT. TO DISMISS THE
THIRTEENTH CAUSE OF ACTION IN THE TAC          26          CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 12
-132-

# EXHIBIT 13

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 130 of 145   Page ID
#:25123
Case 8:20-cv-00048-JVS-JDE   Document 273   Filed 01/06/21   Page 1 of 16   Page ID
#:22098

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2021 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

| Present: The Honorable | James V. Selna, U.S. District Court Judge | |
|---|---|---|
| Lisa Bredahl | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings:   **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss Thirteenth Cause of Action of the Third Amended Complaint</u>**

Defendant Apple Inc. ("Apple") filed a motion to dismiss the thirteenth cause of action, alleging trade secret misappropriation, in the third amended complaint ("TAC") of Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively – "Plaintiffs"). MTD, ECF No. 241. Plaintiffs filed an opposition. Opp'n, ECF No. 247-1. Apple filed a response. Reply, ECF No. 252-1. Apple also filed a request for judicial notice. RJN, ECF No. ECF 238-3. Plaintiffs did not file an opposition to the RJN. Plaintiffs subsequently filed a request for oral argument. ROA, ECF No. 262-1.

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

## I. BACKGROUND

The background of this case is well known to the parties and is only recited here to the extent necessary to frame the discussion below. This case concerns technology for monitoring physiological parameters, such as pulse rate. <u>See</u> TAC, ECF No. 233, ¶¶ 9-16. In 2014, Apple recruited Marcelo Lamego, who was the Chief Technical Officer of Cercacor and a Research Scientist at Masimo. <u>Id.</u> ¶ 21, 24. Lamego had access to "highly confidential technical information," "was taught about the keys to effective non-invasive monitoring," and "learned guarded secrets regarding Plaintiffs' mobile medical products." <u>Id.</u> ¶ 22. Plaintiffs' thirteenth cause of action, for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), alleges that Apple misappropriated Plaintiffs' confidential information from former employees who left Plaintiffs to work for Apple, including Lamego. <u>Id.</u> ¶ 223-52.

Exhibit 13
-133-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|----------|----------------------|------|-----------------|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

The trade secrets that Plaintiffs allege Apple misappropriated "include, but are not limited to, Plaintiffs' technical information, sales and marketing information, and other business information relating to non-invasive monitoring of physiological parameters and products to perform such monitoring." Id. ¶ 39. Plaintiffs allege that "Apple misappropriated at least the following specific trade secrets":

On June 25, 2020, the Court dismissed Plaintiffs' claim of trade secret misappropriation in its First Amended Complaint ("FAC") for Plaintiffs failing to plead its trade secrets "in a manner that gives Apple fair notice of the claim." FAC Order, ECF No. 60, at 8. Plaintiffs subsequently filed the SAC at issue in this case. SAC, ECF No. 89-1. On October 13, 2020, the Court dismissed the same claim on the same basis. SAC Order, ECF No. 219, at 7. Plaintiffs filed their TAC on November 13. TAC.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the

**Exhibit 13
-134-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | | Date | January 6, 2020 |

| | | |
|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | |

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. Discussion

### A.   Request for Judicial Notice

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

Apple requests that the Court take judicial notice of 22 separate documents. RJN at 1-5. The Court will take judicial notice of Exhibits 1, 2, 5, 7-12, and 14-16, as well as ECF Nos. 28-28, 28-29, 28-30, and 38-6 because each of these documents is a document filed by or with the United States Patent and Trademark Office ("USPTO") and publicly available through databases. See RJN at 5-6 (citing Threshold Enterprises Ltd. v. Pressed Juicery, Inc., 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice.")).

**Exhibit 13**
**-135-**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

The Court also takes notice of Exhibits 3, the abstract of an article published in a scientific journal; 6, a press release on Masimo's website; and 13, a public document on the USPTO website, because each is a matter of public record. The Court does not, however, take judicial notice of any disputed facts within those documents. See Khoja, 899 F.3d at 999. The Court takes notice of Exhibit 17 and ECF 38-5 because each of those documents is relied on by the TAC. See TAC ¶¶ 44 (citing MASA00080451, the label given in discovery to Exhibit 17) and 229 (mentioning "a letter dated January 24, 2014, from Plaintiffs," which is ECF 38-5).

The Court declines to take judicial notice of Exhibit 4, a Wikipedia page for ██████████ however. There is no exception that allows a Court to take judicial notice of any fact found on the Internet. While Courts may sometimes take judicial notice of documents accessible on the Internet, that does not extend to Wikipedia pages, which can be freely edited by whoever has an Internet connection.

### B.    *Trade Secret Misappropriation*

To prove a prima facie case of trade secret misappropriation, the CUTSA "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (Cal. Ct. App. 2008) (citing Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (Cal. Ct. App. 2003)). See also Cal. Civ. Code § 3426.1.

### 1.    *Ownership of a Trade Secret*

"To adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure of California, LLC v. SoCal Commercial Insurance Services, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019) (emphasis added) (internal citation and quotation marks omitted). Although the plaintiff need not define every minute detail, "[t]he Ninth Circuit has rejected the use of 'catchall' language, holding that such language is insufficiently specific 'because it does not clearly refer to tangible trade

**Exhibit 13**
**-136-**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

secret material." Id. (internal citation and quotation marks omitted). The pleadings "must have enough specificity to provide both the Court and defendants with notice of the boundaries of this case." Citcon USA, LLC v. RiverPay Inc., 2018 WL 6813211, at *4 (N.D. Cal. Dec. 27, 2018) (internal citation omitted). A "laundry list of items . . . does not meaningfully define the trade secrets at issue." Invisible Dot, Inc. v. DeDecker, 2019 WL 1718621, at *5 (C.D. Cal. Feb. 6, 2019).

The Court notes that Plaintiffs have made several relevant changes to their trade secret allegations from the SAC. First, what used to be paragraph 39 has been deleted. See SAC ¶ 39. Second, the phrase "at least" has been removed from what used to be paragraph 40, which is now paragraph 39. TAC ¶ 39. Third, the word "including" no longer precedes each trade secret. Id. ¶¶ 40-45. Fourth, the term "Confidential Information" was defined to include the trade secrets listed in paragraphs 40 through 45. Id. ¶ 46. Finally, the word "appropriateness" was added to the final subparagraph of paragraphs 40 through 45 so that the TAC alleges that the "value, importance, and appropriateness" of the trade secrets alleged in the other subparagraphs are themselves a trade secret. Id. ¶¶ 40-45.

Apple makes several arguments for why these changes still are insufficient, each of which the Court addresses in turn.

### a. Non-Exhaustive List of Trade Secrets

First, Apple makes several arguments for why it believes that Plaintiffs are alleging a non-exhaustive list of trade secrets. Mot. at 3-5. For example, "[f]or each and every alleged category of trade secrets, Plaintiffs now claim as a secret the . . . 'value, importance, and appropriateness' of each alleged secret in the entire category." Id. at 3-4. Apple argues that this amounts to using "catchall" language that fails to describe the secret with sufficient particularity. Id. But Plaintiffs are referring to the "value, importance, and appropriateness" of a set list of trade secrets. The scope of this phrase is necessary circumscribed by the preceding lists of trade secrets, meaning that it cannot be later used as a means for claiming trade secrets about which Apple does not have notice. See Opp'n at 4-5.

Apple next argues that Plaintiffs' use of the words "at least" suggests that their list of trade secrets is not exhaustive. Mot. at 4; Reply at 13-14. But Plaintiffs are not using

**Exhibit 13**
**-137-**

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 135 of 145   Page ID
#:25128
Case 8:20-cv-00048-JVS-JDE   Document 273   Filed 01/06/21   Page 6 of 16   Page ID
#:22103

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

the word "at least" in a way that leaves them room to assert new trade secrets later. Apple only points to instances where Plaintiffs use the phrase "at least one of the following," a phrase that in fact suggests selection of one or more items from a closed list. See TAC ¶¶ 43 (Nos. 4-5).[1]

Apple also contends that Plaintiffs use the term "Confidential Information" in a way that would allow them to smuggle into the case what is broadly defined as "confidential information" in Lamego's Employee Confidentiality Agreement. Mot. at 4-5. But the TAC clearly defines "Confidential Information," with capital letters, as the trade secrets mentioned in paragraphs 40 to 45. This is unambiguous and does not allow for Plaintiffs to import the definition of confidential information in Lamego's Employee Confidentiality Agreement.

### b.    Distinction from Generally Known Information

Second, Apple contends that Plaintiffs do not describe some of their trade secrets in a way that allows for them to be distinguished from information generally known in the trade. Mot. at 5-11. As stated earlier, "[t]o adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure, 2019 WL 4137618, at *3 (internal citation and quotation marks omitted). The Court clarifies that this standard does not mean that failure to describe one trade secret with sufficient particularity to separate it from matters of general knowledge will lead to dismissal of a misappropriation claim with respect to all trade secrets. So long as a single trade secret is alleged in a way that separates it from matters of general knowledge of the trade, then the defendant will have notice of the existence of that trade secret and the misappropriation claim against it for that trade secret. The scope of discovery can consequently be appropriately tailored, and the defendant will be capable of forming "complete and well-reasoned defenses" as to the misappropriation of that trade secret. See Altavion, Inc. v. Konica Minolta Systems

---

[1]Nor does stating that a method described in a trade secret could "optionally" include an additional feature make the overall list of trade secrets non-exhaustive. See Mot. at 6. What follows the word "optionally" is a single additional feature that could be incorporated and about which Apple has notice.

**Exhibit 13
-138-**

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 136 of 145   Page ID
#:25129
Case 8:20-cv-00048-JVS-JDE   Document 273   Filed 01/06/21   Page 7 of 16   Page ID
#:22104

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

Laboratory, Inc., 226 Cal. App. 4th 26, 44 (2014). As such, the failure to describe one
trade secret with sufficient particularity properly leads to the dismissal of the
misappropriation claim with respect to that trade secret alone.[2]

Moreover, to the extent that a defendant believes that an alleged trade secret is
already disclosed by patents, see Mot. at 5-7, the appropriate time to raise such an
argument is during summary judgment. "Whether the alleged trade secrets are actually
generally known to the public is a question of fact and beyond the scope of a motion to
dismiss." MACOM Technology Solutions Inc. v. Litrinium, Inc., 2019 WL 4282906, at
*7 (C.D. Cal. June 3, 2019) (citing Nelson Bros. Professional Real Estate LLC v. Jaussi,
2017 WL 8220703, at *5 (C.D. Cal. Mar. 23, 2017)). Such an approach is consistent with
the maxim that when deciding a motion to dismiss, the Court must assume all well-
pleaded facts to be true. See Iqbal, 556 U.S. at 678. It also allows discovery's "iterative
process[,] where requests between parties lead to a refined and sufficiently particularized
trade secret identification," to run its course. InteliClear, LLC v. ETC Global Holdings,
Inc., 978 F.3d 653, 662 (9th Cir. 2020). The Court therefore declines to dismiss
Plaintiffs' misappropriation claim with respect to any of alleged trade secrets because of
prior disclosure in patents. See Mot. at 5-7. See Macom, 2019 WL 4282906, at *7
("[T]he Court will not undertake a summary judgment-like review of the patents at issue
in comparison to the alleged trade secret information to determine whether information
has been made public, particularly at the pleading stage where all inferences are to be
drawn in Plaintiffs' favor.").

As such, the Court instead turns to Apple's other arguments that certain alleged
trade secrets are not sufficiently distinguished from generally known information. Most
of Apple's arguments boil down to criticisms that the allegations do not specify how to
achieve the stated trade secrets.[3] But merely saying that a trade secret is not sufficiently

---

[2] By contrast, if the plaintiff describes its trade secrets at a level of generality that does not even
allow the defendant to ascertain "the boundaries within which the secret lies," then the defendant does
not have notice of the claim against it. This justifies wholesale dismissal because discovery may
otherwise devolve into a fishing expedition or an opportunity for the plaintiff to discover the defendant's
trade secrets. See Altavion, 226 Cal. App. 4th at 44.

Exhibit 13
-139-

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

detailed is not sufficient to justify dismissal. As the Ninth Circuit has acknowledged, "plaintiffs in trade secret actions may have commercially valid reasons to avoid being overly specific at the outset in defining their intellectual property." InteliClear, 978 F.3d at 662. Trade secret identification is naturally refined during discovery, and so trade secrets do not have to be described in minute detail to survive a motion to dismiss. Id.; Acrisure, 2019 WL 4137618, at *3 ("The plaintiff need not, however, 'define every minute detail of its claimed trade secret at the outset of the litigation.'" (quoting Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 835 (2005)). Nor does the Court consider the trade secrets that Plaintiffs have alleged to be merely general "types of information" as Apple suggests. See Reply at 5 (citing Vendavo, Inc. v. Price f(x) AG, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018)). The Court therefore rejects these criticisms as a sufficient basis for dismissal.

Apple next makes arguments specific to individual trade secrets in the TAC. ██ ████████████████████████████████████████ Mot. at 6. But Apple does not provide any facts to support this assertion that the trade secret is so broadly known. Here, again, the Plaintiffs have adequately disclosed the boundaries.

Next, Apple contends that the business and marketing plans and strategies trade secrets does not include "allegations explaining how to implement these ideas or identifying how these alleged strategies are any different from those generally known in the physiological monitoring device industry." Mot. at 8-9. The Court does not agree. Although Apple asserts that Plaintiffs' business and marketing plans and strategies are not trade secrets because "Plaintiffs' product sales' locations and dates are publicly available," Id. at 9, the Court fails to see why that is sufficient to justify dismissal of trade secrets that relate to far more than where and when its products are sold. See TAC ¶ 43.1.

The Court also rejects Apple's argument that ████████████████████████████ ████████████████████████████████████████████████████████████████

**Exhibit 13**

**-140-**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

███████████████ Id. ¶ 43.5 (emphasis added); see Mot. at 9. This secret instead is tied to the ██████████████████████████████████████

TAC ¶ 43.1. Rather than summarizing the job of any medical professional, ███████████████████████████████

████████ Apple then turns its attention to ████████████████████████████████████████████████████████████████████████████████ does not distinguish public information from what is secret. Mot at 10. The Court concludes that Apple is holding Plaintiffs to too high of a bar. A compilation can be a trade secret, <u>Altavion</u>, 226 Cal. App. 4th at 47, and the trade secret is alleged with sufficient specificity for discovery's "iterative process[,] where requests between parties lead to a refined and sufficiently particularized trade secret identification," to run its course. <u>InteliClear</u>, 978 F.3d at 662. As noted previously, the Plaintiffs need not define in minute detail every contour of the trade secret to survive a motion to dismiss. <u>Acrisure</u>, 2019 WL 4137618, at *3.

████ On the other hand, the Court agrees with Apple that ████████████████████████████████████████████████████████ Although Plaintiffs dismiss this argument as an improper attack on the merits, Plaintiffs provide no reasoning for this proposition where, as here, the information is facially public. <u>See</u> Opp'n at 15-16. As the trade secrets relating to interacting with hospitals set forth in paragraphs 44.3 through 44.7 are dependent on the secret listed in paragraph 44.2, which the Court finds to be unprotectable, the Court **DISMISSES** the trade secrets in paragraphs 44.2 through 44.7.

Lastly, Apple argues that Plaintiffs need to have specified which trade secrets were owned by Masimo and which were owned by Cercacor. Mot. at 11. But Apple has cited to no law requiring that plaintiffs suing together specify which of them owns a particular trade secret. The only case that Apple does cite is one in which there was an individual

**Exhibit 13
-141-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

plaintiff who did not allege ownership of the trade secrets at issue. <u>California Police Activities League v. California Police Youth Charities, Inc.</u>, 2009 WL 537091, at *2 (N.D. Cal. Mar. 3, 2009). As such, the Court rejects this basis for dismissing Plaintiffs' trade secrets.

### c.    *Efforts to Maintain Secrecy*

The Court now turns to Apple's arguments that Plaintiffs have failed to allege that they took reasonable steps to maintain the secrecy of their trade secrets. Mot. at 12-15. Under the California Uniform Trade Secrets Act, a trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code §3426.1(d). Apple argues, in essence, that Plaintiffs forfeited their rights to their alleged trade secrets by not promptly objecting to Apple's disclosure of Plaintiffs' trade secrets. <u>See</u> Reply at 18 ("Plaintiffs do not allege they took corrective action or objected to any breach in their confidential relationship with Lamego."); Mot. at 14 (Plaintiffs "never approached Apple nor warned against future publications.").

The Court disagrees that this is a basis for dismissal. The parties mainly argue about the applicability of <u>HiRel Connectors, Inc. v. Department of Defense of the United States</u>, 2005 WL 4958547 (C.D. Cal. Jan. 4, 2005). <u>See</u> Opp'n at 17-18; Reply at 18-19. As relevant, that case rejected the argument that equated "filing a 'timely' suit <u>against a known misappropriator</u> with taking 'reasonable' efforts to protect trade secrets as <u>against the rest of the world.</u>" <u>HiRel</u>, 2005 WL 4958547, at *5 (emphasis added). The <u>HiRel</u> court's conclusion is sound; if the owner of a trade secret allows for one party to publish its trade secrets to the world, and the owner takes no reasonable efforts to counteract that misappropriation, the information can hardly be considered "secret" when other parties subsequently appropriate it. But this does not mean that a suit filed within the statute of limitations against a known misappropriator, alleged in this case to be Apple, must be dropped if the owner does not take immediate action against that misappropriator. <u>Cf. id.</u> at *6 ("While California law certainly provides Plaintiff with a three year period within which to file suit, this Court finds that merely filing suit against the alleged wrongdoer does not constitute "reasonable efforts" to protect the trade secrets <u>against others</u> who might be interested in obtaining those secrets."). Nor can Apple draw a line between itself and Lamego because Lamego was an employee of Apple when he is alleged of having publicly published Plaintiffs' trade secrets. <u>HiRel</u> therefore does not provide a basis for dismissal.

**Exhibit 13**
**-142-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-48 JVS (JDEx)                            Date    January 6, 2020

Title    Masimo Corporation et al. v. Apple Inc.

2.    *Remaining Elements of Misappropriation*

Apple finally makes a series of arguments for why Plaintiffs have failed to allege the elements of a trade secret misappropriation claim. The Court addresses them in turn.

a.    *Knowledge*

To plead a claim for trade secret misappropriation, a plaintiff must "allege facts that tend to exclude general knowledge or innocuous (i.e., competitive marketplace) explanations." CleanFish, LLC v. Sims, 2020 WL 1274991, at *11 (N.D. Cal. Mar. 17, 2020). In determining whether the TAC's allegations are sufficient to allege knowledge, the Court must consider the entire sequence of events in context, and not the individual allegations in isolation. See Soo Park v. Thompson, 851 F.3d 910, 929 n.22 (9th Cir. 2017). "Plaintiffs allege Apple (1) met with Plaintiffs because it desired Plaintiffs' technology, (2) systematically recruited Plaintiffs' employees, including Masimo's Chief Medical Officer and Cercacor's CEO, when discussions broke down, (3) obtained extensive patent disclosures from Lamego in the short time he worked at Apple, and (4) selectively requested non-publication of Lamego applications containing Plaintiffs' trade secrets." Opp'n at 19 (citing TAC ¶¶ 19-24, 229, 248). Plaintiffs also allege that they sent Apple a letter on January 24, 2014, notifying the company that Lamego possessed Plaintiffs' confidential information. TAC ¶ 23.

Apple makes a series of arguments criticizing Plaintiffs' allegations of knowledge. See Mot. at 15-20. But Apple attacks these allegations in isolation and does not consider the entire sequence of events in context. See id. Indeed, the Court considers these allegations taken together to be sufficient to tend to exclude innocuous explanations. The allegations suggest that Apple had a demonstrated interest in Plaintiffs' technology, quickly obtained patentable information in Plaintiffs' field from Plaintiffs' former employees known to have confidential information shortly after negotiations with Plaintiffs broke down, and then requested non-publication such that Plaintiffs did not promptly have notice of the information Apple was patenting.

At their core, Apple's arguments assert that Plaintiffs have failed to allege that Apple hired employees because of their knowledge of specific trade secrets owned by

**Exhibit 13
-143-**

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 141 of 145   Page ID
#:25134
Case 8:20-cv-00048-JVS-JDE   Document 273   Filed 01/06/21   Page 12 of 16   Page ID
#:22109

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

Plaintiffs.[4] But Plaintiffs' need not allege that Apple had knowledge that the specific information Lamego and O'Reilly used was Plaintiffs' trade secret. To impose such a requirement would in effect place a burden on a trade secret owner to disclose its trade secrets to protect them, a course of action that would be contrary to the mandate that owners make reasonable efforts to maintain their secrecy. See supra Section III.B.1.c.

Apple then argues that dismissal is appropriate because Plaintiffs are relying on a theory of inevitable disclosure. Mot. at 17-18. But, Apple's primary case, Hooked Media Group, Inc. v. Apple Inc., 5 Cal. App. 5th 323 (Cal. Ct. App. 2020), is inapposite because that case was on summary judgment. Id. at 329. Moreover, Plaintiffs are not relying on the doctrine of inevitable disclosure for their misappropriation claim does not rest on the idea that Lamego and O'Reilly inevitably used trade secrets gained in the course of their employment with Plaintiffs while employed by Apple. See Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1458-59 (Cal. Ct. App. 2002) ("The doctrine's justification is that unless the employee has an uncanny ability to compartmentalize information the employee will necessarily rely—consciously or subconsciously—upon knowledge of the former employer's trade secrets in performing his or her new job duties." (citation omitted)). Rather, Plaintiffs contend that trade secret information was further specifically disclosed to the public as part of patent applications.

The Court therefore rejects this basis for dismissal.

### b.   Acquired, Used, or Disclosed Trade Secrets

"[T]here is no requirement that" a plaintiff "plead exactly how [d]efendants improperly obtained or used the alleged trade secret." Metricolor LLC v. L'Oreal S.A., 2020 WL 3802942, at *11 n.7 (C.D. Cal. July 7, 2020) (citing Autodesk, Inc. v. ZWCAD Software, Inc., 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015)). "That is because, at the pleading stage, 'discovery has not yet commenced,' and 'it would be unreasonable to

---

[4] See Reply at 20 (allegations of meetings between Masimo and Apple in 2013 "fail to support an inference that Apple knew that the specific information Lamego or O'Reilly allegedly later used or disclosed contained Plaintiffs' trade secrets"); id. ("Plaintiffs offer no facts tending to show that Apple hired employees for their knowledge of Plaintiffs' trade secrets."); id. ("Apple argues here that general knowledge that Plaintiffs possessed trade secrets does not suffice to show that Apple knew it was wrongfully acquiring specific secrets.").

**Exhibit 13
-144-**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

require a plaintiff to demonstrate the precise ways in which [d]efendants have used their trade secrets, given that [d]efendants are the only ones who possess such information.'" Id. (citing Autodesk, 2015 WL 2265479, at *6). Rather, Plaintiffs merely must plausibly allege that Apple misappropriated Plaintiffs' trade secrets. Iqbal, 556 U.S. 662, 678. Plaintiffs have done this.

Most of Apple's arguments that Plaintiffs have failed to state a claim for misappropriation fail. First, Apple acknowledges that Plaintiffs have identified "portions of three issued patents that purportedly include some alleged secrets. Mot. at 20-21 (citing TAC ¶¶ 233, 239), which is sufficient to state a claim.[5] Second, misappropriation of ███████████████████████████████ is properly alleged because similarities between Apple's products and Plaintiffs' trade secrets, together with the allegations relating to Apple's knowledge of Plaintiffs' trade secrets, see supra Section III.B.2.b., is sufficient to plausible allege misappropriation. See Metricolor, 2020 WL 3802942, at *13. The same logic applies to Plaintiffs' business and marketing plans and strategies trade secrets. Cf. Mot. at 21-22.

However, Apple is correct in arguing that Plaintiffs' allegations of misappropriating ████████████████████████████ are conclusory. See Mot. at 22. The extent of Plaintiffs' allegations is that ████████████████████████████████████████████████████ ████████████████████████████████████████ TAC ¶ 244. This alone fails to provide any factual allegations that allow Plaintiffs' claim to rise to the level of plausiblity. The Court therefore **DISMISSES** Plaintiffs' misappropriation claim with respect to the oxygen saturation technique trade secrets.

### c.    Inducement

Next, Apple argues that the Court must dismiss Plaintiffs' inducement theory

---

[5] The Court also fails to see why the allegation that Plaintiffs' trade secrets were not publicly known "at least at the time of Defendant's misappropriation" shapes the analysis. See Mot. at 21 (quoting TAC ¶ 225). That allegation merely states that the trade secrets became publicly known following the allege misappropriation. Furthermore, the order in which Apple is alleged to have improperly published Plaintiffs' trade secrets does not change the analysis of whether Apple misappropriated those trade secrets generally. Cf. Reply at 22.

**Exhibit 13**
**-145-**

Case 8:20-cv-00048-JVS-JDE   Document 288-3   Filed 01/28/21   Page 143 of 145   Page ID
#:25136
Case 8:20-cv-00048-JVS-JDE   Document 273   Filed 01/06/21   Page 14 of 16   Page ID
#:22111

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

because it is merely based on "information and belief." Mot. at 22-23 (quoting TAC ¶ 230).[6] The extent of Plaintiffs' allegations of inducement are that "on information and belief, Defendant induced its employees, including Lamego and O'Reilly, to disclose Plaintiffs' Confidential Information and the employees disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant." TAC ¶ 230.[7] The Court agrees that this allegation alone is insufficient to state a claim. Plaintiffs argue that they can allege inducement based on information and belief without a factual basis because the circumstances of inducement "is not presumptively in the knowledge of the pleading party. Opp'n at 23 (quoting Calendar Research LLC v. Stubhub, Inc., 2017 WL 10378336, at *4 (C.D. Cal. Aug. 16, 2017)). "But while facts may be alleged upon information and belief, that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under Iqbal/Twombly." Menzel v. Scholastic, Inc., 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018). To find otherwise would contravene the basic teachings of those Iqbal, See Iqbal, 556 U.S. at 678. Merely stating that Apple induced Lamego and O'Reilly to disclose Plaintiffs' trade secrets without more detail is conclusory, and therefore Plaintiffs' theory of induced misappropriation is **DISMISSED**.

### d.    *Respondeat Superior*

Finally, the Court agrees with Apple that Plaintiffs have failed to state a theory based on respondeat superior because they have failed to state a claim that Lamego and O'Reilly misappropriated their trade secrets. See Mot. at 23-24. The only allegations that Lamego and O'Reilly themselves misappropriated Plaintiffs' trade secrets are that they

---

[6] Plaintiffs argue that the Court need not address Plaintiffs' theory of misappropriation by inducement because it is "merely one way of showing improper acquisition." ROA at 3. But courts properly evaluate separate theories on which a claim is alleged and dismiss those theories that are insufficient. Cf. Dent v. National Football League, 968 F.3d 1126, 1132-35 (9th Cir. 2020) (dismissing a per se theory of negligence while concluding that a voluntary undertaking theory of negligence was sufficiently alleged).

[7] While Plaintiffs cite to TAC paragraphs 19-24 and 229 as containing additional allegations of inducement, see Opp'n at 24; ROA at 3-4, those paragraphs only contain allegations about Lamego and O'Reilly's knowledge of the trade secrets and Plaintiffs' warning to Apple about Lamego and O'Reilly's possession of trade secrets. They do not contain allegations about how Apple induced misappropriation.

**Exhibit 13
-146-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

"used and disclosed Plaintiffs' Confidential Information within the scope of their employment for Defendant and for the benefit of Defendant," TAC ¶ 246, and they "disclosed Plaintiffs' Confidential Information, without Plaintiffs' consent to Defendant." Id. ¶ 228. These are conclusory allegations that are insufficient to state a claim. Without sufficient allegations to state a claim for misappropriation against Apple's employees, Plaintiffs cannot state a theory of respondeat superior against Apple itself. Brain Injury Association of California v. Yari, 2020 WL 3643482, at *6 (C.D. Cal. Apr. 30, 2020) ("[A]n employer may be vicariously liable for an employee's tort so long as it was committed within the scope of the employment." (emphasis added)) The Court therefore **DISMISSES** Plaintiffs' theory of respondeat superior.

  *C. Leave to Amend*

  Plaintiffs seek leave to amend the allegations of their complaint. Opp'n at 25. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

  In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

  Here, the Court does not find that there was undue delay. Although the complaint

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | January 6, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

has already been amended three times, Plaintiffs have addressed the Court's previous concerns. Where the Court did grant partial dismissal, it was for a reason different than that given in the Court's previous orders. The Court is not convinced that the action was filed in bad faith. Finally, the Court is not convinced that any amendment of the TAC would be futile or that Apple will be unduly prejudiced. Therefore, the Court **GRANTS** Plaintiffs 30 days leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion. Having considered Plaintiffs' request for oral argument, the Court concludes that arguments were sufficiently presented in the briefing papers. The Court therefore **DENIES** the request. The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

### IT IS SO ORDERED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

**Exhibit 13
-148-**