JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> DEMAND FOR JURY TRIAL <br><br> Hon. James V. Selna |

### ANSWER[1]

Defendant Apple Inc. ("Apple"), by its undersigned counsel, hereby responds to each of the numbered paragraphs in the Third Amended Complaint ("TAC") filed against it by Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") as follows:

### GENERAL DENIAL

Except as otherwise expressly admitted in this Answer, Apple denies each and every allegation contained in the TAC, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the TAC, and specifically denies any liability to Plaintiffs.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the TAC to which no responsive pleading is required shall be deemed to be denied.  Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.[2]

### RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Apple states as follows in response to the specific allegations in the TAC:

1.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the TAC, and therefore Apple denies them.

2.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the TAC, and therefore Apple denies them.

---

[1] Apple is filing this Answer to Plaintiffs' Third Amended Complaint because Plaintiffs refused to grant Apple an extension to answer until after they amended their Complaint in light of the Court's Order granting in part and denying in part Apple's motion to dismiss with leave to amend.  Dkt. Nos. 264, 273.  Providing piecemeal answers to a pleading is inefficient.  But rather than burden the Court with an *ex parte* motion, Apple is responding to the partially dismissed Third Amended Complaint now. Apple reserves all rights to amend its Answer in any and all respects after Plaintiffs file their Fourth Amended Complaint.

[2] Answers to each paragraph of the TAC are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the TAC or any subsequent amended complaint.

3.      Apple admits the allegations in paragraph 3 of the TAC.

4.      Apple admits that the TAC purports to set forth claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, more particularly, 35 U.S.C. §§ 271 and 281.  Apple denies having committed any act of infringement alleged in the TAC.  Apple admits that the TAC purports to set forth claims for correction of inventorship of certain United States patents arising under the patent laws of the United States, more particularly 35 U.S.C. § 256.  Apple denies that any list of inventors on any of its patents or patent applications that are identified in the TAC is incorrect or incomplete, and further denies that any correction of inventorship is required.  Apple admits that the TAC purports to set forth a claim for trade secret misappropriation.    Apple    denies    having    committed    any    act    of    trade    secret misappropriation alleged in the TAC.  Apple admits that the TAC purports to set forth a declaratory action for ownership of certain patents and patent applications.  Apple denies that anyone other than Apple displays the title to ownership of its patents and patent applications identified in the TAC.

5.      Apple admits that this Court has subject matter jurisdiction over claims 1–12 and 14–18 asserted in the TAC pursuant to 28 U.S.C. §§ 1331 and 1338(a).  With respect to the remaining allegations and characterizations in paragraph 5 of the TAC, Apple lacks knowledge or information sufficient to form a belief about the truth of such allegations and the associated legal conclusion, and therefore Apple denies them.

6.      Apple admits that its principal place of business is in California and that it is subject to personal jurisdiction in California.  Apple denies having committed any act complained of in the TAC, and therefore denies the remaining allegations and characterizations in paragraph 6 of the TAC.

7.      Apple admits that it has a regular place of business in the County of Orange within the Central District of California.  Apple denies that the inventive contributions to its patents and/or patent applications identified in the TAC took place in the Central District of California.  Apple denies having committed any act complained of in the

TAC, and therefore denies the remaining allegations and characterizations in paragraph 7 of the TAC.

8.     Apple admits that the TAC purports to set forth claims against Apple for trade secret misappropriation, patent infringement, correction of inventorship, and a declaration of ownership.  Apple denies having committed any act complained of in the TAC, and therefore denies the remaining allegations and characterizations in paragraph 8 of the TAC.

9.     To the extent paragraph 9 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 9 of the TAC, and therefore Apple denies them.

10.     To the extent paragraph 10 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 10 of the TAC, and therefore Apple denies them.

11.     To the extent paragraph 11 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 11 of the TAC, and therefore Apple denies them.

12.     To the extent paragraph 12 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 12 of the TAC, and therefore Apple denies them.

13.     To the extent paragraph 13 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 13 of the TAC, and therefore Apple denies them.

14.     To the extent paragraph 14 of the TAC implicates legal conclusions, no

response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 14 of the TAC, and therefore Apple denies them.

15.    To the extent paragraph 15 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 15 of the TAC, and therefore Apple denies them.

16.    To the extent paragraph 16 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 16 of the TAC, and therefore Apple denies them.

17.    To the extent paragraph 17 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 17 of the TAC, and therefore Apple denies them.

18.    To the extent paragraph 18 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 18 of the TAC, and therefore Apple denies them.

19.    To the extent paragraph 19 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that in 2013, representatives of Apple and Masimo held a meeting and that Apple and Masimo entered into a confidentiality agreement.  Apple denies the remaining allegations and characterizations in paragraph 19 of the TAC.

20.    To the extent paragraph 20 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology.  Apple admits that O'Reilly has assisted with projects related to wellness

and non-invasive measurement of physiological parameters.  Apple admits that O'Reilly met with the FDA on behalf of Apple in or around December 2013 regarding the FDA's regulation of consumer products.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 20 of the TAC, and therefore Apple denies them.

21.   To the extent paragraph 21 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it hired Marcelo Lamego in 2014.  Apple denies that it "systematically recruited other key Masimo personnel, such as Marcelo Lamego."  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 21 of the TAC, and therefore Apple denies them.

22.   To the extent paragraph 23 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 22 of the TAC, and therefore Apple denies them.

23.   To the extent paragraph 23 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014, containing the language quoted in paragraph 23 of the TAC.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 23 of the TAC, and therefore Apple denies them.

24.   To the extent paragraph 24 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Marcelo Lamego, after joining Apple, contributed to and was listed as an inventor of certain patent applications assigned to Apple.  Apple denies the remaining allegations and characterizations in paragraph 24 of the TAC.

25.   Apple admits that it announced the first version of the Apple Watch in September 2014, and began shipping its watch in April 2015.  Apple admits that the

Apple Watch Series 3 was released on September 22, 2017.  Apple admits that the Apple Watch Series 4 was released on September 12, 2018.  Apple admits that the Apple Watch Series 5 was announced on September 10, 2019, and released on September 20, 2019.  Apple admits that the Apple Watch Series 6 and Series SE were announced on September 15, 2020, and released on September 18, 2020.  Apple denies the remaining allegations and characterizations in paragraph 25 of the TAC.

26.     To the extent paragraph 26 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 26 of the TAC, and therefore Apple denies them.

27.     Apple admits that the first page of U.S. Patent No. 10,258,265 displays the title as "Multi-stream data collection system for noninvasive measurement of blood constituents," lists Masimo as the assignee, and lists an issue date of April 16, 2019.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the TAC, and therefore Apple denies them.

28.     Apple admits that the first page of U.S. Patent No. 10,292,628 displays the title as "Multi-stream data collection system for noninvasive measurement of blood constituents," lists Masimo Inc. the assignee, and lists an issue date of May 21, 2019.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the TAC, and therefore Apple denies them.

29.     Apple admits that the first page of U.S. Patent No. 10,588,553 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of March 17, 2020.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the TAC, and therefore Apple denies them.

30.     Apple admits that the first page of U.S. Patent No. 10,588,554 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of March 17, 2020.

Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the TAC, and therefore Apple denies them.

31.     Apple admits that the first page of U.S. Patent No. 10,624,564 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of April 21, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the TAC, and therefore Apple denies them.

32.     Apple admits that the first page of U.S. Patent No. 10,631,765 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of April 28, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32 of the TAC, and therefore Apple denies them.

33.     Apple admits that the first page of U.S. Patent No. 10,702,194 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of July 7, 2020.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the TAC, and therefore Apple denies them.

34.     Apple admits that the first page of U.S. Patent No. 10,702,195 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of July 7, 2020.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34 of the TAC, and therefore Apple denies them.

35.     Apple admits that the first page of U.S. Patent No. 10,709,366 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of July 14, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of the TAC, and therefore Apple denies them.

36.     Apple admits that the first page of U.S. Patent No. 6,771,994 displays the title as "Pulse oximeter probe-off detection system," lists Masimo as the assignee, and lists an issue date of August 3, 2004.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the TAC, and therefore Apple denies them.

37.     Apple admits that the first page of U.S. Patent No. 8,457,703 displays the title as "Low power pulse oximeter," lists Masimo as the assignee, and lists an issue date of June 4, 2013.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 of the TAC, and therefore Apple denies them.

38.     Apple admits that the first page of U.S. Patent No. 10,433,776 displays the title as "Low power pulse oximeter," lists Masimo as the assignee, and lists an issue date of October 8, 2019.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 of the TAC, and therefore Apple denies them.

39.     To the extent paragraph 39 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 39 of the TAC.

40.     To the extent paragraph 40 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 40 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

41.     To the extent paragraph 41 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 41 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

42.     To the extent paragraph 42 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 42 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

43.     To the extent paragraph 43 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 43 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

44.     Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to paragraphs 44.2–44.7 of the TAC is required.  To the extent paragraphs 44.1 and 44.8–44.9 of the TAC implicate legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 44 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

45.     Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

46.     This paragraph states a definition to be used in the TAC to which no response is required.

47.     Apple admits that U.S. Provisional Patent Application No. 62/043,294 displays the title "Reflective Surface Treatments for Optical Sensors," lists Marcelo Lamego as an inventor, and was filed August 28, 2014.  Apple admits that U.S. Patent

Application No. 14/740,196 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,078,052. Apple admits that U.S. Patent Application No. 16/114,003 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,247,670. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 47 of the TAC, and therefore Apple denies them.

48.     Apple admits that U.S. Provisional Patent Application No. 62/047,818 displays the title "Modulation and Demodulation Techniques for a Health Monitoring System," lists Marcelo Lamego as an inventor, and was filed September 9, 2014. Apple admits that U.S. Patent Application No. 14/621,268 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,219,754. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 48 of the TAC, and therefore Apple denies them.

49.     Apple admits that U.S. Provisional Patent Application No. 62/056,299 displays the title "Electronic Device that Computes Health Data," lists Marcelo Lamego as an inventor, and was filed September 26, 2014. Apple admits that U.S. Patent Application No. 14/617,422 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 9,723,997. Apple admits that U.S. Patent Application No. 15/667,832 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,524,671. Apple admits that U.S. Patent Application No. 16/700,710 lists Marcelo Lamego as an inventor. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 49 of the TAC, and therefore Apple denies them.

50.     Apple admits that U.S. Provisional Patent Application No. 62/057,089 displays the title "Methods and Systems for Modulation and Demodulation of Optical Signals," lists Marcelo Lamego as an inventor, and was filed September 29, 2014. Apple admits that U.S. Patent Application No. 14/618,664 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 9,952,095. Apple admits that U.S. Patent Application No.

15/960,507 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 50 of the TAC, and therefore Apple denies them.

51.    Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

52.    To the extent paragraph 52 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 52 of the TAC, and specifically denies that it has committed any acts of infringement.

53.    To the extent paragraph 53 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 53 of the TAC, and specifically denies that it has committed any acts of infringement.

54.    To the extent paragraph 54 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 54 of the TAC, currently contains the image shown in paragraph 54 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 54 of the TAC, and specifically denies that it has committed any acts of infringement.

55.    To the extent paragraph 55 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 55 of the TAC, currently contains the image shown in paragraph 55 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 55 of the TAC, and specifically denies that it has committed any acts of infringement.

56.    To the extent paragraph 56 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 56 of the TAC, and specifically denies that it has committed any acts of infringement.

57.     To the extent paragraph 57 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 57 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 57 of the TAC, and specifically denies that it has committed any acts of infringement.

58.     To the extent paragraph 58 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,258,265 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 58 of the TAC, and therefore Apple denies them.

59.     To the extent paragraph 59 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 59 of the TAC, and specifically denies that it has committed any acts of infringement.

60.     To the extent paragraph 60 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 60 of the TAC, and specifically denies that it has committed any acts of infringement.

61.     To the extent paragraph 61 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 61 of the TAC, and specifically denies that it has committed any acts of infringement.

62.     To the extent paragraph 62 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 62 of the TAC, and specifically denies that it has committed any acts of infringement.

63.     To the extent paragraph 63 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 63 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

64.     To the extent paragraph 64 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 64, and specifically denies that it has committed or is committing any acts of infringement.

65.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

66.     To the extent paragraph 66 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 66 of the TAC, and specifically denies that it has committed any acts of infringement.

67.     To the extent paragraph 67 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 67 of the TAC, and specifically denies that it has committed any acts of infringement.

68.     To the extent paragraph 68 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 68 of the TAC, and specifically denies that it has committed any acts of infringement.

69.     To the extent paragraph 69 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that U.S.

Patent Application Publication 2019/0072912 contains the image shown in paragraph 69 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 69 of the TAC, and specifically denies that it has committed any acts of infringement.

70.    To the extent paragraph 70 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 70 of the TAC, currently contains the image shown in paragraph 70 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 70 of the TAC, and specifically denies that it has committed any acts of infringement.

71.    To the extent paragraph 71 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 71 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 71 of the TAC, and specifically denies that it has committed any acts of infringement.

72.    To the extent paragraph 72 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,292,628 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 72 of the TAC, and therefore Apple denies them.

73.    To the extent paragraph 73 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 73 of the TAC, and specifically denies that it has committed any acts of infringement.

74.    To the extent paragraph 74 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 74 of the TAC, and specifically denies that it has committed any acts of infringement.

75.     To the extent paragraph 75 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 75 of the TAC, and specifically denies that it has committed any acts of infringement.

76.     To the extent paragraph 76 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 76 of the TAC, and specifically denies that it has committed any acts of infringement.

77.     To the extent paragraph 77 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 77 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

78.     To the extent paragraph 78 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 78, and specifically denies that it has committed or is committing any acts of infringement.

79.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

80.     To the extent paragraph 80 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 80 of the TAC, and specifically denies that it has committed any acts of infringement.

81.     To the extent paragraph 81 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 81 of the TAC, and specifically denies that it has committed any acts of infringement.

82.     To the extent paragraph 82 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 82 of the TAC, currently contains the image shown in paragraph 82 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 82 of the TAC, and specifically denies that it has committed any acts of infringement.

83.     To the extent paragraph 83 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 83 of the TAC, currently contains the image shown in paragraph 83 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 83 of the TAC, and specifically denies that it has committed any acts of infringement.

84.     To the extent paragraph 84 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 84 of the TAC, and specifically denies that it has committed any acts of infringement.

85.     To the extent paragraph 85 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 85 of the TAC.   Apple denies the remaining allegations and characterizations in paragraph 85 of the TAC, and specifically denies that it has committed any acts of infringement.

86.     To the extent paragraph 86 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,588,553 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations and characterizations in paragraph 86 of the TAC, and therefore Apple denies them.

87.     To the extent paragraph 87 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 87 of the TAC, and specifically denies that it has committed any acts of infringement.

88.     To the extent paragraph 88 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 88 of the TAC, and specifically denies that it has committed any acts of infringement.

89.     To the extent paragraph 89 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 89 of the TAC, and specifically denies that it has committed any acts of infringement.

90.     To the extent paragraph 90 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 90 of the TAC, and specifically denies that it has committed any acts of infringement.

91.     To the extent paragraph 91 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 91 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

92.     To the extent paragraph 92 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 92, and specifically denies that it has committed or is committing any acts of infringement.

Gibson, Dunn &
Crutcher LLP

93.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

94.     To the extent paragraph 94 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 94, and specifically denies that it commits any acts of infringement.

95.     To the extent paragraph 95 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 95, and specifically denies that it commits any acts of infringement.

96.     To the extent paragraph 96 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 96 of the TAC, currently contains the image shown in paragraph 96 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 96 of the TAC, and specifically denies that it has committed any acts of infringement.

97.     To the extent paragraph 97 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 97 of the TAC, currently contains the image shown in paragraph 97 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 97 of the TAC, and specifically denies that it has committed any acts of infringement.

98.     To the extent paragraph 98 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 98 of the TAC, and specifically denies that it has committed any acts of infringement.

99.    To the extent paragraph 99 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 99 of the TAC.   Apple denies the remaining allegations and characterizations in paragraph 99 of the TAC, and specifically denies that it has committed any acts of infringement.

100.   To the extent paragraph 100 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 100 of the TAC, currently contains the image shown in paragraph 100 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 100 of the TAC, and specifically denies that it has committed any acts of infringement.

101.   To the extent paragraph 101 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,588,554 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 101 of the TAC, and therefore Apple denies them.

102.   To the extent paragraph 102 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 102, and specifically denies that it has committed any acts of infringement.

103.   To the extent paragraph 103 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 103, and specifically denies that it has committed any acts of infringement.

104.   To the extent paragraph 104 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 104, and specifically denies that it has committed any acts of infringement.

105.   To the extent paragraph 105 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 105, and specifically denies that it has committed any acts of infringement.

106.   To the extent paragraph 106 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 106 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

107.   To the extent paragraph 107 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 107, and specifically denies that it has committed or is committing any acts of infringement.

108.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

109.   To the extent paragraph 109 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 109, and specifically denies that it commits any acts of infringement.

110.   To the extent paragraph 110 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 110, and specifically denies that it commits any acts of infringement.

111.   To the extent paragraph 111 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

Gibson, Dunn & Crutcher LLP

page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 111 of the TAC, currently contains the image shown in paragraph 111 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 111 of the TAC, and specifically denies that it has committed any acts of infringement.

112.   To the extent paragraph 112 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 112 of the TAC, currently contains the image shown in paragraph 112 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 112 of the TAC, and specifically denies that it has committed any acts of infringement.

113.   To the extent paragraph 113 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 113 of the TAC, and specifically denies that it has committed any acts of infringement.

114.   To the extent paragraph 114 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 114 of the TAC.   Apple denies the remaining allegations and characterizations in paragraph 114 of the TAC, and specifically denies that it has committed any acts of infringement.

115.   To the extent paragraph 115 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page  https://support.apple.com/en-us/HT204666,  which  is  cited  in  paragraph  115, currently contains the image shown in paragraph 115 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 115 of the TAC, and specifically denies that it has committed any acts of infringement.

116.   To the extent paragraph 116 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the

Gibson, Dunn & Crutcher LLP

web page https://support.apple.com/guide/watch/change-languageorientation-apple-watch-apd0bf18f46b/watchos, which is cited in paragraph 116 of the TAC, currently describes configuring the orientation of the Apple Watch.  Apple denies the remaining allegations and characterizations in paragraph 116 of the TAC, and specifically denies that it has committed any acts of infringement.

117.   To the extent paragraph 117 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,624,564 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 117 of the TAC, and therefore Apple denies them.

118.   To the extent paragraph 118 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 118, and specifically denies that it has committed any acts of infringement.

119.   To the extent paragraph 119 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 119, and specifically denies that it has committed any acts of infringement.

120.   To the extent paragraph 120 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 120, and specifically denies that it has committed any acts of infringement.

121.   To the extent paragraph 121 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 121, and specifically denies that it has committed any acts of infringement.

122.   To the extent paragraph 122 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 122 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

123.   To the extent paragraph 123 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 123, and specifically denies that it has committed or is committing any acts of infringement.

124.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

125.   To the extent paragraph 125 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 125, and specifically denies that it has committed any acts of infringement.

126.   To the extent paragraph 126 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 126, and specifically denies that it has committed any acts of infringement.

127.   To the extent paragraph 127 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 127 of the TAC, currently contains the image shown in paragraph 127 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 127 of the TAC, and specifically denies that it has committed any acts of infringement.

128.   To the extent paragraph 128 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

page https://support.apple.com/en-us/HT204666, which is cited in paragraph 128 of the TAC, currently contains the image shown in paragraph 128 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 128 of the TAC, and specifically denies that it has committed any acts of infringement.

129.   To the extent paragraph 129 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 129 of the TAC, and specifically denies that it has committed any acts of infringement.

130.   To the extent paragraph 130 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 130 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 130 of the TAC, and specifically denies that it has committed any acts of infringement.

131.   To the extent paragraph 131 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 131 of the TAC, currently contains the image shown in paragraph 131 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 131 of the TAC, and specifically denies that it has committed any acts of infringement.

132.   To the extent paragraph 132 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,631,765 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 132 of the TAC, and therefore Apple denies them.

133.   To the extent paragraph 133 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 133, and specifically denies that it has committed any acts of infringement.

134.   To the extent paragraph 134 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 134, and specifically denies that it has committed any acts of infringement.

135.   To the extent paragraph 135 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 135, and specifically denies that it has committed any acts of infringement.

136.   To the extent paragraph 136 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 136, and specifically denies that it has committed any acts of infringement.

137.   To the extent paragraph 137 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 137 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

138.   To the extent paragraph 138 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 138, and specifically denies that it has committed or is committing any acts of infringement.

139.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

140.   To the extent paragraph 140 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 140, and specifically denies that it has committed any acts of infringement.

141.   To the extent paragraph 141 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 141, and specifically denies that it has committed any acts of infringement.

142.   To the extent paragraph 142 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 142 of the TAC, currently contains the image shown in paragraph 142 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 142 of the TAC, and specifically denies that it has committed any acts of infringement.

143.   To the extent paragraph 143 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 143 of the TAC, currently contains the image shown in paragraph 143 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 143 of the TAC, and specifically denies that it has committed any acts of infringement.

144.   To the extent paragraph 144 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 144, and specifically denies that it commits any acts of infringement.

145.   To the extent paragraph 145 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 145 of the TAC.   Apple denies the remaining allegations and characterizations in paragraph 145 of the TAC, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

146.   To the extent paragraph 146 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 146 of the TAC, currently contains the image shown in paragraph 146 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 146 of the TAC, and specifically denies that it has committed any acts of infringement.

147.   To the extent paragraph 147 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,702,194 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 147 of the TAC, and therefore Apple denies them.

148.   To the extent paragraph 148 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 148, and specifically denies that it has committed any acts of infringement.

149.   To the extent paragraph 149 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 149, and specifically denies that it has committed any acts of infringement.

150.   To the extent paragraph 150 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 150, and specifically denies that it has committed any acts of infringement.

151.   To the extent paragraph 151 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 151, and specifically denies that it has committed any acts of infringement.

152.   To the extent paragraph 152 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 152 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

153.   To the extent paragraph 153 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 153, and specifically denies that it has committed or is committing any acts of infringement.

154.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

155.   To the extent paragraph 155 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 155, and specifically denies that it has committed any acts of infringement.

156.   To the extent paragraph 156 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 156, and specifically denies that it has committed any acts of infringement.

157.   To the extent paragraph 157 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 157 of the TAC, currently contains the image shown in paragraph 157 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 157 of the TAC, and specifically denies that it has committed any acts of infringement.

158.   To the extent paragraph 158 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

1   page https://support.apple.com/en-us/HT204666, which is cited in paragraph 158 of the

2   TAC, currently contains the image shown in paragraph 158 of the TAC.  Apple denies

3   the remaining allegations and characterizations in paragraph 158 of the TAC, and

4   specifically denies that it has committed any acts of infringement.

5   159.   To the extent paragraph 159 of the TAC implicates legal conclusions, no

6   response is required.  To the extent that a response is required, Apple admits that U.S.

7   Patent Application Publication 2019/0072912 contains the image shown in paragraph

8   159 of the TAC.  Apple denies the remaining allegations and characterizations in

9   paragraph 159 of the TAC, and specifically denies that it has committed any acts of

10   infringement.

11   160.   To the extent paragraph 160 of the TAC implicates legal conclusions, no

12   response is required.  To the extent that a response is required, Apple admits that the

13   first page of U.S. Patent No. 10,702,195 lists Marcelo Lamego as an inventor.  Apple

14   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

15   allegations and characterizations in paragraph 160 of the TAC, and therefore Apple

16   denies them.

17   161.   To the extent paragraph 161 of the TAC implicates legal conclusions, no

18   response is required.  To the extent that a response is required, Apple denies the

19   allegations and characterizations in paragraph 161, and specifically denies that it has

20   committed any acts of infringement.

21   162.   To the extent paragraph 162 of the TAC implicates legal conclusions, no

22   response is required.  To the extent that a response is required, Apple denies the

23   allegations and characterizations in paragraph 162, and specifically denies that it has

24   committed any acts of infringement.

25   163.   To the extent paragraph 163 of the TAC implicates legal conclusions, no

26   response is required.  To the extent that a response is required, Apple denies the

27   allegations and characterizations in paragraph 163, and specifically denies that it has

28   committed any acts of infringement.

164.   To the extent paragraph 164 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 164, and specifically denies that it has committed any acts of infringement.

165.   To the extent paragraph 165 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 165 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

166.   To the extent paragraph 166 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 166, and specifically denies that it has committed or is committing any acts of infringement.

167.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

168.   To the extent paragraph 168 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 168, and specifically denies that it has committed any acts of infringement.

169.   To the extent paragraph 169 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 169, and specifically denies that it has committed any acts of infringement.

170.   To the extent paragraph 170 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 170 of the TAC, currently contains the image shown in paragraph 170 of the TAC.

Apple denies the remaining allegations and characterizations in paragraph 170 of the TAC, and specifically denies that it has committed any acts of infringement.

171.   To the extent paragraph 171 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 171 of the TAC, currently contains the image shown in paragraph 171 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 171 of the TAC, and specifically denies that it has committed any acts of infringement.

172.   To the extent paragraph 172 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 172 of the TAC.   Apple denies the remaining allegations and characterizations in paragraph 172 of the TAC, and specifically denies that it has committed any acts of infringement.

173.   To the extent paragraph 173 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,709,366 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 173 of the TAC, and therefore Apple denies them.

174.   To the extent paragraph 174 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 174, and specifically denies that it has committed any acts of infringement.

175.   To the extent paragraph 175 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 175, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

176.   To the extent paragraph 176 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 176, and specifically denies that it has committed any acts of infringement.

177.   To the extent paragraph 177 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 177, and specifically denies that it has committed any acts of infringement.

178.   To the extent paragraph 178 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 178 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

179.   To the extent paragraph 179 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 179, and specifically denies that it has committed or is committing any acts of infringement.

180.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

181.   To the extent paragraph 181 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 181, and specifically denies that it has committed any acts of infringement.

182.   To the extent paragraph 182 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 182, and specifically denies that it has committed any acts of infringement.

183.   To the extent paragraph 183 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 183 of the TAC, currently contains the image shown in paragraph 183 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 183 of the TAC, and specifically denies that it has committed any acts of infringement.

184.   To the extent paragraph 184 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 194 of the TAC, currently contains the image shown in paragraph 184 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 184 of the TAC, and specifically denies that it has committed any acts of infringement.

185.   To the extent paragraph 185 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 185 of the TAC, and specifically denies that it has committed any acts of infringement.

186.   To the extent paragraph 186 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0090806 contains the image shown in paragraph 186 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 186 of the TAC, and specifically denies that it has committed any acts of infringement.

187.   To the extent paragraph 187 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 6,771,994 lists an issue date of August 3, 2004.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 144 of the TAC, and therefore Apple denies them.

Gibson, Dunn &
Crutcher LLP

188.   To the extent paragraph 188 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 188, and specifically denies that it has committed any acts of infringement.

189.   To the extent paragraph 189 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 189, and specifically denies that it has committed any acts of infringement.

190.   To the extent paragraph 190 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 190, and specifically denies that it has committed any acts of infringement.

191.   To the extent paragraph 191 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 191, and specifically denies that it has committed any acts of infringement.

192.   To the extent paragraph 192 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 192 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

193.   To the extent paragraph 193 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 193, and specifically denies that it has committed or is committing any acts of infringement.

194.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

195.   To the extent paragraph 195 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 195, and specifically denies that it has committed any acts of infringement.

196.   To the extent paragraph 196 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 196, and specifically denies that it has committed any acts of infringement.

197.   To the extent paragraph 197 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 197 of the TAC, currently contains the image shown in paragraph 197 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 197 of the TAC, and specifically denies that it has committed any acts of infringement.

198.   To the extent paragraph 198 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 198 of the TAC, currently contains the image shown in paragraph 198 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 198 of the TAC, and specifically denies that it has committed any acts of infringement.

199.   To the extent paragraph 199 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 199 of the TAC, and specifically denies that it has committed any acts of infringement.

200.   To the extent paragraph 200 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

The optical heart sensor in Apple Watch uses what is known as

Gibson, Dunn &
Crutcher LLP

photoplethysmography. This technology, while difficult to pronounce, is based on a very simple fact: Blood is red because it reflects red light and absorbs green light.  Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment.

When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate.

Apple denies the remaining allegations and characterizations in paragraph 200 of the TAC, and specifically denies that it has committed any acts of infringement.

201.  To the extent paragraph 201 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 201, and specifically denies that it has committed any acts of infringement.

202.  To the extent paragraph 202 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 8,457,703 lists an issue date of June 4, 2013.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 202 of the TAC, and therefore Apple denies them.

203.  To the extent paragraph 203 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 203, and specifically denies that it has committed any acts of infringement.

204.   To the extent paragraph 204 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 204, and specifically denies that it has committed any acts of infringement.

205.   To the extent paragraph 205 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 205, and specifically denies that it has committed any acts of infringement.

206.   To the extent paragraph 206 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 206, and specifically denies that it has committed any acts of infringement.

207.   To the extent paragraph 207 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 207 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

208.   To the extent paragraph 208 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 208, and specifically denies that it has committed or is committing any acts of infringement.

209.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

210.   To the extent paragraph 210 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 210, and specifically denies that it has committed any acts of infringement.

211.   To the extent paragraph 211 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 211, and specifically denies that it has committed any acts of infringement.

212.   To the extent paragraph 212 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 197 of the TAC, currently contains the image shown in paragraph 212 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 212 of the TAC, and specifically denies that it has committed any acts of infringement.

213.   To the extent paragraph 213 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 198 of the TAC, currently contains the image shown in paragraph 213 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 213 of the TAC, and specifically denies that it has committed any acts of infringement.

214.   To the extent paragraph 214 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment.

When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart

sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate.

Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

> The optical heart sensor can also use infrared light. This mode is what Apple Watch uses when it measures your heart rate in the background, and for heart rate notifications. Apple Watch uses green LED lights to measure your heart rate during workouts and Breathe sessions, and to calculate walking average and Heart Rate Variability (HRV).

Apple denies the remaining allegations and characterizations in paragraph 214 of the TAC.

215. To the extent paragraph 215 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 215, and specifically denies that it has committed any acts of infringement.

216. To the extent paragraph 216 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that U.S. Patent No. 10,433,776 lists an issue date of June 4, 2013. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 216 of the TAC, and therefore Apple denies them.

217. To the extent paragraph 217 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 217, and specifically denies that it has committed any acts of infringement.

218. To the extent paragraph 218 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 218, and specifically denies that it has committed any acts of infringement.

219.   To the extent paragraph 219 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 219, and specifically denies that it has committed any acts of infringement.

220.   To the extent paragraph 220 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 220, and specifically denies that it has committed any acts of infringement.

221.   To the extent paragraph 221 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 221 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

222.   To the extent paragraph 222 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 222, and specifically denies that it has committed or is committing any acts of infringement.

223.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

224.   To the extent paragraph 224 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 224 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

225.   To the extent paragraph 225 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 225 of the TAC, and therefore Apple denies them.

226.   To the extent paragraph 226 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 226 of the TAC, and therefore Apple denies them.

227.   To the extent paragraph 227 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 227 of the TAC, and therefore Apple denies them.

228.   To the extent paragraph 228 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 228 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

229.   To the extent paragraph 229 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014, containing the language quoted in paragraph 229 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 229 of the TAC.

230.   Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

231.   To the extent paragraph 231 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 231 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

232.   To the extent paragraph 232 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 232 of the TAC is "not generally

known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 232 of the TAC, and therefore Apple denies them.

233.   To the extent paragraph 233 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Provisional Patent Application No. 62/047,818 was filed on September 9, 2014.  Apple admits that U.S. Patent Application No. 14/621,268 is titled "Modulation and Demodulation Techniques for a Health Monitoring System" and was issued on March 5, 2019 as U.S. Patent No. 10,219,754.  Apple denies the remaining allegations and characterizations in paragraph 233 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

234.   To the extent paragraph 234 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 234 of the TAC is "not generally known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 234 of the TAC, and therefore Apple denies them.

235.   To the extent paragraph 235 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 235 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

236.   To the extent paragraph 236 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the pictures, which are cited in paragraph 236 of the TAC, appear to be of the Apple Watch Series 5.  Apple denies the remaining allegations and characterizations in paragraph 236 of the TAC.

237.   To the extent paragraph 237 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the

pictures, which are cited in paragraph 237 of the TAC, appear to be of the Apple Watch Series 6. Apple denies the remaining allegations and characterizations in paragraph 237 of the TAC.

238. To the extent paragraph 238 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 238 of the TAC is "not generally known." Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 238 of the TAC, and therefore Apple denies them.

239. To the extent paragraph 239 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that Provisional Patent Application No. 62/056,299 was filed on September 26, 2014. Apple admits that U.S. Application No. 14/617,422 is titled "Electronic Device That Computes Health Data" and was issued on August 8, 2017 as U.S. Patent No. 9,723,997. Apple admits that U.S. Application No. 15/667,832 is titled "Electronic Device That Computes Health Data" and was published December on 14, 2017. Apple admits that U.S. Application No. 15/667,832 issued on January 7, 2020 as U.S. Patent No. 10,524,671. Apple denies the remaining allegations and characterizations in paragraph 239 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

240. To the extent paragraph 240 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 240 of the TAC is "not generally known." Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 240 of the TAC, and therefore Apple denies them.

241. To the extent paragraph 241 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that it

employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology.  Apple admits that the web page https://www.apple.com/healthcare/apple-watch/ contains the language "Apple Watch.  Helping your patients identify early warning signs."  Apple admits that the web page https://www.apple.com/watch/ contains the language "The future of health is on your wrist."  Apple admits that the web page https://www.apple.com/healthcare/ contains the remaining language quoted in paragraph 241 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 241 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

242.   To the extent paragraph 242 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 242 of the TAC is "not generally known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 242 of the TAC, and therefore Apple denies them.

243.   To the extent paragraph 243 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology.  Apple admits that on September 15, 2020 it announced the launch of health research studies with the University of California Irvine, the University of Toronto, and the University of Washington to measure blood oxygen and other parameters with the Apple Watch.  Apple denies the remaining allegations and characterizations in paragraph 246 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

244.   Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

245.   To the extent paragraph 245 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 245 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

246.   Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

247.   To the extent paragraph 247 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the Apple Watch Series 4 was announced on September 12, 2018.   Apple admits that on September 15, 2020 it announced the launch of health research studies with the University of California Irvine, the University of Toronto, and the University of Washington to measure blood oxygen and other parameters with the Apple Watch. Apple denies the remaining allegations and characterizations in paragraph 247 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

248.   To the extent paragraph 248 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014 containing the language quoted in paragraph 248 of the TAC.   Apple admits that it requested non-publication of U.S. Patent Application Nos. 14/621,268, 14/617,422, and the 14/618,664.   Apple denies the remaining allegations and characterizations in paragraph 248 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

249.   To the extent paragraph 249 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 249 of the TAC, and specifically denies

that Plaintiffs have suffered or will suffer irreparable harm and injury, including monetary damages.

250.   To the extent paragraph 250 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 250 of the TAC, and specifically denies that it has committed or is committing any acts of trade secret misappropriation.

251.   To the extent paragraph 251 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 251 of the TAC, and specifically denies that it has committed or is committing any acts of trade secret misappropriation.

252.   To the extent paragraph 252 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 252 of the TAC, and specifically denies that it has committed or is committing any acts of trade secret misappropriation, including that it purportedly has done so willfully or maliciously.

253.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

254.   Apple admits that the first page of U.S. Patent No. 10,078,052 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

255.   To the extent paragraph 255 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,078,052 reads as follows:

> An electronic device comprising: a housing defining an aperture; an optical sensing system comprising: a light emitter for emitting light through the aperture, the light emitter positioned adjacent the aperture; and a light detector for obtaining a first portion of the light after the first portion of the light reflects from an object; and a reflector disposed about the aperture and

1    adapted to reflect a second portion of the light back into the object after the

2    second portion of the light reflects from the object.

3    Apple denies the remaining allegations and characterizations in paragraph 255 of the

4    TAC.

5        256.   To the extent paragraph 256 of the TAC implicates legal conclusions, no

6    response is required.  To the extent that a response is required, Apple lacks knowledge

7    or information sufficient to form a belief as to the truth of the allegations and

8    characterizations in paragraph 256 of the TAC, and therefore Apple denies them.

9        257.   To the extent paragraph 257 of the TAC implicates legal conclusions, no

10   response is required.  To the extent that a response is required, Apple lacks knowledge

11   or information sufficient to form a belief as to the truth of the allegations and

12   characterizations in paragraph 257 of the TAC, and therefore Apple denies them.

13       258.   To the extent paragraph 258 of the TAC implicates legal conclusions, no

14   response is required.  To the extent that a response is required, Apple admits that an

15   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

16   Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and

17   characterizations in paragraph 258 of the TAC.

18       259.   To the extent paragraph 259 of the TAC implicates legal conclusions, no

19   response is required.   To the extent that a response is required, Apple denies the

20   allegations and characterizations in paragraph 259 of the TAC.

21       260.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

22   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

23   TAC.

24       261.   Apple admits that the first page of U.S. Patent No. 10,247,670 lists Marcelo

25   Lamego as an inventor and is presently recorded as owned by Apple.

26       262.   To the extent paragraph 262 of the TAC implicates legal conclusions, no

27   response is required.  To the extent that a response is required, Apple admits that the

28   first claim of U.S. Patent No. 10,247,670 reads as follows:

Gibson, Dunn &
Crutcher LLP

> An electronic device comprising: a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening.

Apple denies the remaining allegations and characterizations in paragraph 262 of the TAC.

263.   To the extent paragraph 263 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 263 of the TAC, and therefore Apple denies them.

264.   To the extent paragraph 264 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 264 of the TAC, and therefore Apple denies them.

265.   To the extent paragraph 265 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 265 of the TAC.

266.   To the extent paragraph 266 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 266 of the TAC.

267.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

268.   Apple admits that the first page of U.S. Patent No. 9,952,095 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

269.   To the extent paragraph 269 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 9,952,095 reads as follows:

> An electronic device comprising: a housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing.

Apple denies the remaining allegations and characterizations in paragraph 269 of the TAC.

270.   To the extent paragraph 270 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 270 of the TAC, and therefore Apple denies them.

271.   To the extent paragraph 271 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 271 of the TAC, and therefore Apple denies them.

272.   To the extent paragraph 272 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an

agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 272 of the TAC.

273.   To the extent paragraph 273 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 273 of the TAC.

274.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

275.   To the extent paragraph 275 of the TAC implicates legal conclusions, no response is required.   Apple admits that the first page of U.S. Patent No. 10,219,754 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.   Apple denies the remaining allegations and characterizations in paragraph 275 of the TAC.

276.   To the extent paragraph 276 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,219,754 reads as follows:

A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising: determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce

Gibson, Dunn & Crutcher LLP

second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

Apple denies the remaining allegations and characterizations in paragraph 276 of the TAC.

277.   To the extent paragraph 277 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 277 of the TAC, and therefore Apple denies them.

278.   To the extent paragraph 278 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge

1    or information sufficient to form a belief as to the truth of the allegations and

2    characterizations in paragraph 278 of the TAC, and therefore Apple denies them.

3          279.   To the extent paragraph 279 of the TAC implicates legal conclusions, no

4    response is required.  To the extent that a response is required, Apple admits that an

5    agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

6    Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and

7    characterizations in paragraph 279 of the TAC.

8          280.   To the extent paragraph 280 of the TAC implicates legal conclusions, no

9    response is required.  To the extent that a response is required, Apple denies the

10   allegations and characterizations in paragraph 280 of the TAC.

11         281.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

12   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

13   TAC.

14         282.   Apple admits that the first page of U.S. Patent No. 9,723,997 lists Marcelo

15   Lamego as an inventor and is presently recorded as owned by Apple.

16         283.   To the extent paragraph 283 of the TAC implicates legal conclusions, no

17   response is required.  To the extent that a response is required, Apple admits that the

18   twentieth claim of U.S. Patent No. 9,723,997 reads as follows:

19         A method for using a mobile personal computing device to obtain health

20         data, comprising: using a camera and a proximity sensor to emit light into

21         a body part of a user touching a surface of the mobile personal computing

22         device; using at least two of the camera, an ambient light sensor, or the

23         proximity sensor to receive at least part of the emitted light reflected by the

24         body part of the user and generate sensor data; and computing health data

25         of the user, utilizing the processing unit, using at least the sensor data

26         regarding the received light.

27   Apple denies the remaining allegations and characterizations in paragraph 283 of the

28   TAC.

284.   To the extent paragraph 284 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 284 of the TAC, and therefore Apple denies them.

285.   To the extent paragraph 285 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 285 of the TAC, and therefore Apple denies them.

286.   To the extent paragraph 286 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 286 of the TAC.

287.   To the extent paragraph 287 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 287 of the TAC.

288.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

289.   Apple admits that the first page of U.S. Patent No. 10,524,671 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

290.   To the extent paragraph 290 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,524,671 reads as follows:

A wearable device, comprising: a first light source; a second light source, the second light source operating at a different wavelength than the first light source; at least one light receiver; and a processing unit communicably coupled to the first light source, the second light source, and the at least one

Gibson, Dunn &
Crutcher LLP

light receiver; wherein the processing unit is configured to: use the first light source and the second light source to emit light into a body part of a user; and dependent on the light emitted by the first light source and received by the at least one light receiver, compute a pulse rate of the user using the light emitted by the second light source and received by the at least one light receiver.

Apple denies the remaining allegations and characterizations in paragraph 290 of the TAC.

291. To the extent paragraph 291 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 291 of the TAC, and therefore Apple denies them.

292. To the extent paragraph 292 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 292 of the TAC, and therefore Apple denies them.

293. To the extent paragraph 293 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3). Apple denies the remaining allegations and characterizations in paragraph 293 of the TAC.

294. To the extent paragraph 294 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 294 of the TAC.

295. Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

1     296.   Apple admits that U.S. Patent 10,078,052 is presently recorded as owned
2   by Apple.

3     297.   To the extent paragraph 297 of the TAC implicates legal conclusions, no
4   response is required.  To the extent that a response is required, Apple admits that the
5   first claim of U.S. Patent No. 10,078,052 reads as follows:

6        An electronic device comprising: a housing defining an aperture; an optical
7        sensing system comprising: a light emitter for emitting light through the
8        aperture, the light emitter positioned adjacent the aperture; and a light
9        detector for obtaining a first portion of the light after the first portion of the
10        light reflects from an object; and a reflector disposed about the aperture and
11        adapted to reflect a second portion of the light back into the object after the
12        second portion of the light reflects from the object.

13   Apple denies the remaining allegations and characterizations in paragraph 297 of the
14   TAC.

15     298.   To the extent paragraph 298 of the TAC implicates legal conclusions, no
16   response is required.   To the extent that a response is required, Apple denies the
17   allegations and characterizations in paragraph 298 of the TAC.

18     299.   To the extent paragraph 299 of the TAC implicates legal conclusions, no
19   response is required.  To the extent that a response is required, Apple lacks knowledge
20   or information sufficient to form a belief as to the truth of the allegations and
21   characterizations in paragraph 299 of the TAC, and therefore Apple denies them.

22     300.   To the extent paragraph 300 of the TAC implicates legal conclusions, no
23   response is required.  To the extent that a response is required, Apple lacks knowledge
24   or information sufficient to form a belief as to the truth of the allegations and
25   characterizations in paragraph 300 of the TAC, and therefore Apple denies them.

26     301.   To the extent paragraph 301 of the TAC implicates legal conclusions, no
27   response is required.  To the extent that a response is required, Apple admits that an
28   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 301 of the TAC.

302.   To the extent paragraph 302 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 302 of the TAC.

303.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

304.   Apple admits that U.S. Patent 10,247,670 is presently recorded as owned by Apple.

305.   To the extent paragraph 305 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,247,670 reads as follows:

> An electronic device comprising: a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening.

Apple denies the remaining allegations and characterizations in paragraph 305 of the TAC.

306.   To the extent paragraph 306 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 306 of the TAC, and therefore Apple denies them.

307.   To the extent paragraph 307 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 307 of the TAC, and therefore Apple denies them.

308.   To the extent paragraph 308 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 308 of the TAC, and therefore Apple denies them.

309.   To the extent paragraph 309 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).  Apple denies the remaining allegations and characterizations in paragraph 309 of the TAC.

310.   To the extent paragraph 310 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 310 of the TAC.

311.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

312.   Apple admits that U.S. Patent 9,952,095 is presently recorded as owned by Apple.

313.   To the extent paragraph 313 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 9,952,095 reads as follows:

> An electronic device comprising:  housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high

pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the Housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing.

Apple denies the remaining allegations and characterizations in paragraph 313 of the TAC.

314.   To the extent paragraph 314 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 314 of the TAC, and therefore Apple denies them.

315.   To the extent paragraph 315 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 315 of the TAC, and therefore Apple denies them.

316.   To the extent paragraph 316 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 316 of the TAC, and therefore Apple denies them.

317.   To the extent paragraph 317 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 317 of the TAC.

318.   To the extent paragraph 318 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 318 of the TAC.

319.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

320.   Apple admits that U.S. Patent 10,219,754 is presently recorded as owned by Apple.

321.   To the extent paragraph 321 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,219,754 reads as follows:

A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising: determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated

1    signal; and decimating each demodulated signal; performing a second
2    decimation stage after the first decimation stage by: low pass filtering each
3    demodulated signal; and decimating each demodulated signal;
4    demultiplexing each demodulated signal after the second decimation stage
5    to produce a first signal associated with the first light source and a second
6    signal associated with the second light source; multiplying the first signal
7    by the first multiplier value using a first multiplier circuit to obtain a first
8    conditioned signal; multiplying the second signal by the second multiplier
9    value using a second multiplier circuit to obtain a second conditioned
10   signal; and analyzing the first conditioned signal and the second
11   conditioned signal to estimate the physiological parameter of the user.

12   Apple denies the remaining allegations and characterizations in paragraph 321 of the
13   TAC.

14      322.   To the extent paragraph 322 of the TAC implicates legal conclusions, no
15   response is required.  To the extent that a response is required, Apple lacks knowledge
16   or information sufficient to form a belief as to the truth of the allegations and
17   characterizations in paragraph 322 of the TAC, and therefore Apple denies them.

18      323.   To the extent paragraph 323 of the TAC implicates legal conclusions, no
19   response is required.  To the extent that a response is required, Apple lacks knowledge
20   or information sufficient to form a belief as to the truth of the allegations and
21   characterizations in paragraph 323 of the TAC, and therefore Apple denies them.

22      324.   To the extent paragraph 324 of the TAC implicates legal conclusions, no
23   response is required.  To the extent that a response is required, Apple lacks knowledge
24   or information sufficient to form a belief as to the truth of the allegations and
25   characterizations in paragraph 324 of the TAC, and therefore Apple denies them.

26      325.   To the extent paragraph 325 of the TAC implicates legal conclusions, no
27   response is required.  To the extent that a response is required, Apple admits that an
28   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

Gibson, Dunn &
Crutcher LLP

Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 325 of the TAC.

326.   To the extent paragraph 326 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 326 of the TAC.

327.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

328.   Apple admits that U.S. Patent 10,524,671 is presently recorded as owned by Apple.

329.   To the extent paragraph 329 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the twentieth claim of U.S. Patent No. 9,723,997 reads as follows:

> A method for using a mobile personal computing device to obtain health data, comprising: using a camera and a proximity sensor to emit light into a body part of a user touching a surface of the mobile personal computing device; using at least two of the camera, an ambient light sensor, or the proximity sensor to receive at least part of the emitted light reflected by the body part of the user and generate sensor data; and computing health data of the user, utilizing the processing unit, using at least the sensor data regarding the received light.

Apple denies the remaining allegations and characterizations in paragraph 329 of the TAC.

330.   To the extent paragraph 330 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 330 of the TAC, and therefore Apple denies them.

331.   To the extent paragraph 331 of the TAC implicates legal conclusions, no

response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 331 of the TAC, and therefore Apple denies them.

332.   To the extent paragraph 332 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 332 of the TAC, and therefore Apple denies them.

333.   To the extent paragraph 333 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 333 of the TAC, and therefore Apple denies them.

334.   To the extent paragraph 334 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 334 of the TAC.

335.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

336.   Apple admits that U.S. Patent 10,524,671 is presently recorded as owned by Apple.

337.   To the extent paragraph 337 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,524,671 reads as follows:

A wearable device, comprising: a first light source; a second light source, the second light source operating at a different wavelength than the first light source; at least one light receiver; and a processing unit communicably coupled to the first light source, the second light source, and the at least one light receiver; wherein the processing unit is configured to: use the first light source and the second light source to emit light into a body part of a

user; and dependent on the light emitted by the first light source and received by the at least one light receiver, compute a pulse rate of the user using the light emitted by the second light source and received by the at least one light receiver.

Apple denies the remaining allegations and characterizations in paragraph 337 of the TAC.

338.   To the extent paragraph 338 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 338 of the TAC, and therefore Apple denies them.

339.   To the extent paragraph 339 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 339 of the TAC, and therefore Apple denies them.

340.   To the extent paragraph 340 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 340 of the TAC, and therefore Apple denies them.

341.   To the extent paragraph 341 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 341 of the TAC, and therefore Apple denies them.

342.   To the extent paragraph 342 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 342 of the TAC.

343.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

344.   Apple admits that U.S. Patent 15/960,507 is presently recorded as owned by Apple.

345.   To the extent paragraph 345 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the twenty-first claim of U.S. Patent No. 15/960,507 reads as follows:

> A biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: an emitter for transmitting modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog to digital converter to receive an output of the high pass filter.

Apple denies the remaining allegations and characterizations in paragraph 345 of the TAC.

346.   To the extent paragraph 346 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 346 of the TAC, and therefore Apple denies them.

347.   To the extent paragraph 347 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 347 of the TAC, and therefore Apple denies them.

Gibson, Dunn & Crutcher LLP

348.   To the extent paragraph 348 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 348 of the TAC, and therefore Apple denies them.

349.   To the extent paragraph 349 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 349 of the TAC.

## PRAYER FOR RELIEF

The section of the TAC titled "Prayer for Relief" sets forth the statement of relief requested by Plaintiffs to which no response is required.  Apple denies that Plaintiffs are entitled to any relief against Apple, and requests that the Court dismiss all claims with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiffs' demand for jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Apple asserts the following affirmative defenses, without assuming the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiffs.  In addition to the affirmative defenses described below, Apple specifically reserves all rights to assert additional affirmative defenses as additional information becomes available.  Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

350.   Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally

Gibson, Dunn & Crutcher LLP

or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND AFFIRMATIVE DEFENSE

351.   Each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

352.   Plaintiffs' claims are barred, in whole or in part, by reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines limiting the scope of the claims and their equivalents.

353.   Plaintiffs are estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

354.   To the extent that Plaintiffs and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Plaintiffs for the acts alleged to have been performed before Apple received actual notice that the accused devices were allegedly infringing the Asserted Patents.

355.   Plaintiffs' claims for relief are further barred, in whole or in part, under 35 U.S.C. §§ 286 and 288.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

356.   Plaintiffs failed to give proper notice to Apple of its claims under the patent laws of the United States and has failed to establish any basis for damages and/or liability prior to patent issuance.

## FIFTH AFFIRMATIVE DEFENSE

357.   Plaintiffs' non-patent infringement claims are barred, in whole or in part, by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

358.   Plaintiffs' claim for injunctive relief is barred, in whole or in part, because there exists an adequate remedy at law, and Plaintiffs' claims otherwise fail to meet the requirements for such relief.

## SEVENTH AFFIRMATIVE DEFENSE

359.   Plaintiffs' TAC fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

360.   Plaintiffs' remedies are limited by 28 U.S.C. § 1498(a).

## NINTH AFFIRMATIVE DEFENSE

361.   Apple has not and does not willfully infringe any claim of the Asserted Patents, nor has Apple willfully or maliciously misappropriated any of Plaintiffs' alleged trade secrets.

## TENTH AFFIRMATIVE DEFENSE

362.   Plaintiffs' case against Apple is not exceptional under 35 U.S.C. § 285, but Plaintiffs' requirement that Apple mount a defense of this matter by filing and prosecuting the present lawsuit is exceptional under 35 U.S.C. § 285.

## ELEVENTH AFFIRMATIVE DEFENSE

363.   Plaintiffs' Thirteenth Cause of Action is barred, in whole or in part, insofar as it challenges the exercise of rights protected by the First Amendment to the United States Constitution.

1

## TWELFTH AFFIRMATIVE DEFENSE

2      364.   Plaintiffs' Thirteenth Cause of Action is barred, in whole or in part, by the

3  applicable statute of limitations.

4

## THIRTEENTH AFFIRMATIVE DEFENSE

5      365.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

6  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

7  because Plaintiffs have failed to identify any legally-protected trade secret information.

8

## FOURTEENTH AFFIRMATIVE DEFENSE

9      366.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

10  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

11  because the alleged trade secret information was readily ascertainable by proper means.

12

## FIFTEENTH AFFIRMATIVE DEFENSE

13      367.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

14  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

15  because Plaintiffs have not exercised reasonable or sufficient efforts to maintain the

16  secrecy of any information at issue in their claim.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18      368.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

19  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

20  because Apple did not misappropriate any alleged trade secrets from Plaintiffs.

21

## SEVENTEENTH AFFIRMATIVE DEFENSE

22      369.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

23  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

24  because the alleged trade secret information lacks independent economic value.

25

## EIGHTEENTH AFFIRMATIVE DEFENSE

26      370.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

27  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

28

Gibson, Dunn & Crutcher LLP

68

because Apple independently conceived of, and/or developed, the information that Plaintiffs allege Apple misappropriated.

## NINETEENTH AFFIRMATIVE DEFENSE

371.   Without in any way admitting any of the conduct alleged in the TAC occurred or is in any way unlawful, Plaintiffs cannot prevail against Apple and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action because there is no causal relationship between the alleged wrongdoing and the injuries, if any, allegedly suffered by Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

372.   Plaintiffs cannot prevail against Apple on Plaintiffs' inventorship and ownership claims, in whole or in part, because Apple independently developed the inventions and technologies disclosed and claimed by the Disputed Patents.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

373.   Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

374.   Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

375.   Plaintiffs are not entitled to attorney's fees in connection with this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

376.   Plaintiffs' alleged damages are too remote and speculative to ascertain or apportion and are not recoverable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

377.   Plaintiffs' alleged damages were the result of one or more intervening or superseding causes, including the acts of persons and/or entities other than Apple, or caused or contributed to by Plaintiffs' own actions, inactions, negligence, fault, lack of

Gibson, Dunn &
Crutcher LLP

diligence or failure to mitigate any of their alleged damages, not by actions or inaction of Apple.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

378.   Plaintiffs' patent infringement claims are barred, in whole or in part, because Plaintiffs fail to show that they have proper standing to assert infringement of the Asserted Patents and seek equitable or other remedies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

379.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to show that they have provided the requisite proof to prevail on their asserted claims and seek equitable or other remedies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

380.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action because Plaintiffs fail to show that they have ownership of the alleged trade secrets or proper standing to assert misappropriation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

381.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action because the cause of action is preempted by federal law.

## THIRTIETH AFFIRMATIVE DEFENSE

382.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action because the cause of action is predicated on the imposition of unenforceable agreements on Plaintiffs' former employees, which directly or indirectly impede competition.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses.   Apple has not knowingly and intentionally waived any applicable defenses.   Apple hereby gives notice that it intends

1    to rely upon any other matter constituting an avoidance or affirmative defense as set

2    forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right

3    to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses

4    as its investigation continues and as discovery may require.

**JURY TRIAL DEMAND**

6        Apple demands a trial by jury on all issues so triable.

8    Dated:  February 3, 2021          Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Joshua H. Lerner*
      Joshua H. Lerner

*Attorneys for Defendant and Counterclaim-
Plaintiff Apple Inc.*

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP