Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO APPLE'S INTERROGATORY NOS. 4–5 AND 23**<br><br>Date: February 18, 2021<br>Time: 10:00 am<br>Ctrm: 6A<br><br>Discovery Cut-Off:     7/5/2021<br>Pre-Trial Conference:  3/21/2022<br>Trial:                 4/5/2022 |

Plaintiffs file this supplemental memorandum to address events occurring after Plaintiffs served their portion of the joint stipulation. *See* Dkt. 288-1 ("Jt. Stip.").

### A. Apple's Discovery Responses Contradict Apple's Position

Less than one day after Apple filed its Motion, Apple served a response to Plaintiffs' Interrogatory No. 14 that directly contradicted Apple's position in the Motion. Plaintiffs' interrogatory requested Apple's inventorship positions and largely mirrored Apple's Interrogatory Nos. 4 and 5 at issue in this Motion. *Compare* Ex. E at 9-10, 15-16 *with* Ex. 14 at 13.[1] Apple responded by making many of the ***same*** objections that Apple extensively criticizes in its Motion. For example, Apple objected that Interrogatory No. 14 is "***premature*** and prejudicial because [Apple] has not completed its investigation of the facts and documents relating to this case and has ***not fully completed its discovery in this action***." Ex. 14 at 14. Apple also objected on the grounds of relevance, overbreadth, and proportionality. *Id.* Based on these objections, Apple provided responses that are similar or less detailed than Plaintiffs' responses, which Apple contends are insufficient. *Id.* at 15-16. For example, Apple responded:

> The properly named inventors of the '052 and '670 patents are Trevor J. Ness, Chin San Han, David I. Nazzaro, Marcelo M. Lamego, Naoto Matsuyuki, and Wolf Oetting. The inventors conceived of the invention recited by claim 1 of the '052 patent and by claim 1 of the '670 patent by at least June 2014. The invention was reduced to practice by at least August 28, 2014, the filing date of U.S. Provisional Application No. 62/043,294.

*Id.* at 15. Apple then cited the '052 and '670 patents and public file histories. *Id.* Apple provided a similar response for the other disputed patents and applications. *Id.* at 15-16.

Apple's responses undermine Apple's arguments in this Motion. While Apple argues it seeks only "basic information" (Jt. Stip. at 16, 18), Apple's Motion actually

---

[1] Lettered exhibits are attached to the Declaration of Brian Andrea (Dkt. 288-2). Exhibits 1-13 are attached to the Declaration of Mark Kachner (Dkt. 288-3) and Exhibits 14-18 are attached to the Supplemental Declaration of Mark Kachner, filed herewith. All emphasis is added unless otherwise noted.

-1-

demands far more than "basic information." In particular, Apple argues the text of its interrogatory requires disclosure of "[1] the specific subject matter Plaintiffs allege they contributed, [2] which individual(s) invented that specific subject matter and when, [3] what evidence Plaintiffs are aware of that support their contention, and [4] an identification of how the subject matter they supposedly contributed differs from what was known in the prior art." *Id.* at 20. Despite the language of Plaintiffs' interrogatory being nearly identical to Apple's interrogatories, Apple provided **none** of this information. Specifically, Apple did not provide the information it requested in categories [1], [2], or [4] and the only "evidence" it cited was the patents (or applications) and their file histories. Ex. 14 at 15-16. Apple also did not follow its own demand to format the response as "a table that would clearly delineate which allegations are relevant to each alleged inventor of each Disputed Patent." *See* Jt. Stip at 20, n.4.

Apple's responses also contradict its argument in this Motion that the parties must provide detailed contentions at this stage. Jt. Stip. at 11. In its Motion, Apple argues that "providing 'inventorship contentions' early in the case is appropriate, because such contentions allow the parties to understand the other parties' theories, assess their own case, and prevent the 'shifting sands' approach the Federal Circuit has warned against in patent cases." *Id.* at 10. Faced with responding to nearly identical interrogatories, however, Apple objected that such interrogatories are **premature** and provided a response that is similar or less detailed than Plaintiffs' response.

Apple's responses to Plaintiffs' other interrogatories similarly contradict its arguments here. For example, Plaintiffs' Interrogatory No. 4 sought "all facts of which You are aware that relate to the determination of a reasonable royalty if You are found to infringe any of the Asserted Patents . . .." Ex. 16 at 6. Plaintiffs' Interrogatory No. 6 sought the basis for Apple's affirmative defenses. Ex. 1 at 3. Apple objected to both interrogatories as "**premature** and prejudicial because [Apple] has **not completed its investigation** of the facts and documents to relating to this case and has not fully completed its discovery in this action." Ex. 16 at 6; Ex. 1 at 3. Apple provided little to

no facts in response to each Interrogatory. Ex. 16 at 6-7; Ex. 1 at 3-4. Apple's objections and responses confirm that Apple is unfairly requesting that Plaintiffs provide information that Apple itself will not provide.

Plaintiffs are not arguing that Apple's responses relieve Plaintiffs of their discovery obligations. Rather, Apple's objections and limited responses contradict its arguments and show Plaintiffs' objections and responses are appropriate at this stage. Plaintiffs expect **both** parties will engage in substantial discovery and then **both** parties will supplement their contentions.

### B. Apple's Motion Is Premature Because Apple Refuses To Produce Discovery That Is Relevant To Plaintiffs' Contentions

Apple argued Plaintiffs must provide more detail because Apple's interrogatories do "not depend on any documents or information in Apple's possession . . ..". Jt. Stip. at 20-21. Plaintiffs' portion of the joint stipulation explained why discovery from Apple is relevant to Plaintiffs' contentions. *Id.* at 31. Plaintiffs have repeatedly asked Apple when it would produce such discovery. Jt. Stip. at 31-32 (citing Exs. 3-9). For months, Apple stated it would produce discovery on a "rolling basis." *Id.* On January 13, Apple argued it was improper for Plaintiffs to seek such discovery before providing more detailed responses to Apple's contention interrogatories. Ex. 9 at 2. Plaintiffs asked Apple to meet and confer on this issue (Ex. 17 at 1-3), but Apple has not responded.

Apple has also hindered Plaintiffs from taking depositions that are relevant to Apple's interrogatories. In November, Plaintiffs sought to depose Wolf Oetting, who is a named inventor on a disputed patent. Ex. 18 at 7. Apple initially argued the deposition was premature because Apple had not yet produced Oetting's documents. *Id.* On December 6, Plaintiffs explained that Apple "should have produced documents months ago and can still produce documents before the deposition." *Id.* at 6. The parties both reserved their rights as to a second deposition and Apple offered, and Plaintiffs accepted, a February 22 deposition date. *Id.* at 2-3. Earlier this week, however, Apple postponed the deposition unless Plaintiffs agreed they (1) would not seek another deposition after

-3-

Apple produces documents and (2) would provide more detailed responses to Apple's contention interrogatories at issue in this Motion before the deposition. *Id.* at 1-2.[2]

Apple thus refuses to produce documents or witnesses for depositions until **after** Plaintiffs provide more detailed contentions.[3] That is backwards. *See In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("[I]t is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until **near the end of the discovery period**."). Discovery should proceed in an orderly and typical fashion. Namely, the parties should **both** produce documents, **both** produce witnesses for depositions, and then **both** supplement their contentions after substantial discovery. The Court should hold that Plaintiffs' responses are adequate at this stage of the case.

C.  **Apple's Answer Does Not Explain Its Supposed Defenses**

Yesterday evening, Apple filed an Answer with thirty affirmative defenses.[4] Dkt. 291 at 65-70. While Apple's portion of the joint stipulation relied on "equitable estoppel" as a basis to support Apple's requested discovery (Jt. Stip. at 37), Apple's Answer included no such defense. *See* Dkt. 291 at 65-70. Apple included defenses for waiver, unclean hands, and laches, but each was a single conclusory sentence with no supporting factual allegations. *See, e.g., id.* ¶ 357 ("Plaintiffs' non-patent infringement claims are barred, in whole or in part, by the equitable doctrine of laches."). Apple has also not supplemented its response to Plaintiffs' Interrogatory No. 6 requesting an explanation of Apple's defenses. Thus, Plaintiffs still have no understanding of the basis

---

[2] Apple faulted Plaintiffs for asking for a deposition before the parties exchange lists of ESI custodians on February 5. Ex. 18 at 2. But Plaintiffs have been asking Apple to exchange such custodian lists for more than four months. *Id.* at 1.

[3] Earlier this week, another court found Apple improperly delayed document production. Ex. 15 at 2.

[4] Plaintiffs' portion of the joint stipulation inadvertently indicated that Apple's answer was due on February 4 when it was due on February 3. *See* Jt. Stip. at 42; Dkt. 275.

for Apple's defenses or how the interrogatories at issue are relevant to such defenses. *See* Jt. Stip. at 42. Plaintiffs should have the opportunity to address and understand these defenses before having to provide more detailed contentions based on such defenses.

### D. Apple Modified Its Requested Relief After Plaintiffs Provided Their Portion Of The Joint Stipulation

Plaintiffs' portion of the joint stipulation explained that Apple had not clearly articulated the relief it demanded. *See e.g.,* Jt. Stip. at 13-14, 40-41. ***After*** Plaintiffs provided their portion of the joint stipulation, Apple provided a Notice of Motion and Proposed Order that purported to address Plaintiffs' concerns. Dkt. Nos. 288 at 2; 288-4 at 1. Because Apple did not provide that apparent clarification until after Plaintiffs provided their portion of the joint stipulation, Plaintiffs had no opportunity to address it. Regardless, Apple's late attempt to clarify the relief it seeks does not resolve numerous other deficiencies in Apple's Motion. As Plaintiffs explained, even if Apple has now limited its request, Apple's request is still premature, overbroad, and seeks information that is neither relevant nor proportional to the needs of the case. *See* Jt. Stip. at 41-44.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 4, 2021

By: */s/ Mark D. Kachner*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

34315436