Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF MARK D. KACHNER IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO APPLE'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO APPLE'S INTERROGATORY NOS. 4–5 AND 23**<br><br>Date:  February 18, 2021<br>Time: 10:00 am<br>Ctrm: 6A<br><br>Discovery Cut-Off:   7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:            4/5/2022 |

I, Mark D. Kachner, hereby declare as follows:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in support of Plaintiffs' Supplemental Memorandum in Opposition to Apple's Motion to Compel Supplemental Responses to Apple's Interrogatory Nos. 4–5 and 23.

2.      Attached hereto as **Exhibit 14** is a true and correct copy of Apple's Objections and Responses to Plaintiffs' Fourth Set of Interrogatories (Nos. 14-16).

3.      Attached hereto as **Exhibit 15** is a true and correct copy of a DISCOVERY ORDER, Dkt. No. 304, obtained from the public docket in *Epic Games v. Apple Inc.*, Case No. 20-cv-05640-YGR (TSH).

4.      Attached hereto as **Exhibit 16** is a true and correct copy of Apple's Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-5).

5.      Attached hereto as **Exhibit 17** is a true and correct copy of a January 27, 2021, letter from Adam Powell (who is also counsel of record for Plaintiffs) to Ilissa Samplin (who is counsel of record for Apple).

6.      Attached hereto as **Exhibit 18** is a true and correct copy of a February 4, 2021, email chain from Mr. Powell to Brian Andrea (who is counsel of record for Apple).

I declare under the penalty of perjury that the foregoing is true and correct. Executed on February 4, 2021, at Los Angeles, California.


            */s/ Mark D. Kachner*
            Mark D. Kachner

# EXHIBIT 14

1  JOSHUA H. LERNER, SBN 220755
    jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3  San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
    mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
    Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
    bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*        ILISSA SAMPLIN, SBN 314018
    bandrea@gibsondunn.com                  isamplin@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP          GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.         333 South Grand Avenue
11  Washington, DC 20036                 Los Angeles, CA 90071-3197
    Tel.: 202.955.8541 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
12
13  BRIAN A. ROSENTHAL, *pro hac vice*   ANGELIQUE KAOUNIS, SBN 209833
    brosenthal@gibsondunn.com             akaounis@gibsondunn.com
14  GIBSON, DUNN & CRUTCHER LLP          GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue                       2029 Century Park East Suite 4000
    New York, NY 10166-0193               Los Angeles, CA 90067
15  Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16  *Attorneys for Defendant Apple Inc.*

17
18  **UNITED STATES DISTRICT COURT**
    **CENTRAL DISTRICT OF CALIFORNIA**
19  **SOUTHERN DIVISION**

20  MASIMO CORPORATION,                   CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
21  CERCACOR LABORATORIES, INC.,          **DEFENDANT APPLE INC.'S**
    a Delaware corporation,               **OBJECTIONS AND RESPONSES TO**
22                                        **PLAINTIFFS MASIMO**
                                          **CORPORATION AND CERCACOR**
23            Plaintiffs,                 **LABORATORIES, INC.'S FOURTH**
                                          **SET OF INTERROGATORIES TO**
24        v.                              **DEFENDANT APPLE INC. (NOS. 14–**
                                          **16)**
    APPLE INC., a California corporation,
25
26            Defendant.
                                          Hon. James V. Selna
27                                        Magistrate Judge John D. Early
28

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Fourth Set of Interrogatories to Defendant Apple Inc. (Nos. 14–16) (the "Interrogatories," and each an "Interrogatory").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them.  If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## GENERAL OBJECTIONS

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection,

Gibson, Dunn & Crutcher LLP

2

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 14**
-3-

Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.  Apple's objections and responses do not constitute any admission by Apple of the relevance, materiality, or admissibility into evidence of the subject matter, documents, or facts contained or referred to in any Interrogatory or in Apple's response.

1.    Apple objects to the Interrogatories, including the Definitions and Instructions and each specific Interrogatory therein, to the extent they:  (i) seek documents or information that are not relevant to any party's claims or defenses in the action; (ii) impose a burden disproportionate to the needs of the case; (iii) seek documents or information beyond the scope of permissible discovery; (iv) are unreasonably cumulative or duplicative; or (v) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Apple objects to the Interrogatories, including the Definitions and Instructions and each specific Interrogatory therein, to the extent they seek disclosure of information, documents, and/or things related to Plaintiffs' trade secret allegations because Plaintiffs have not complied with California Code of Civil Procedure Section 2019.210's ("Section 2019.210") requirement that they identify with reasonable particularity the alleged trade secret(s) that they claim Apple has misappropriated.  *See* Dkt. Nos. 37, 54, 79.  Apple is not withholding materials solely on that basis unless the Interrogatory is solely related to Plaintiffs' trade secret allegations.   Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.  Accordingly, these Responses are made without waiving Apple's right to revise, correct, supplement, or clarify any of its Responses in the event Plaintiffs comply

with Section 2019.210 in the future.  These Responses also are made without prejudice to Apple's right to subsequently produce, including at trial, any additional documents, witnesses, or evidence, including, without limitation, documents, witnesses, or evidence that would only be subject to discovery by Plaintiffs if Plaintiffs first complied with the requirements of Section 2019.210.

2. By stating that it will provide information or produce documents in response to any particular Interrogatory, Apple makes no representation that any such information or documents exist, but, rather, if such information or documents exist, and are within Apple's possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place to be agreed upon by the parties.

3. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they require Apple to draw a legal conclusion in order to respond, or seek to impose any requirements or obligations on Apple in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, including any Discovery Order and Docket Control Order, or any stipulation or agreement of the parties.

4. Apple objects to the Interrogatories on the ground and to the extent that they prematurely request legal and/or factual contentions.  Apple also objects to the Interrogatories as premature to the extent that they seek information related to opinion testimony or to expert discovery.

5. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they include, use, or refer to any of the terms used, defined, or referred to in U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents") to the extent such Interrogatories

would require Apple prematurely to reach a legal conclusion as to the meaning of those terms.  Apple's response to any such Interrogatory is not an admission or statement regarding claim construction.

6.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they purport to cover any claims not asserted in Plaintiffs' Infringement Contentions. Apple will provide answers only as to Plaintiffs' specific allegations.  Apple uses the terms "Asserted Claim" or "Asserted Claims" herein to refer to the claims that Plaintiffs allege are infringed in their Infringement Contentions.

7.     Apple objects to each Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  Apple's responses to these Interrogatories are made without waiving its objections to the number of interrogatories served by Plaintiffs herein, or in the future.

8.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they call upon Apple to investigate, collect, and disclose information that is not relevant to the claims or defenses of either party or the subject matter of this litigation, or that is not proportional to the needs of the case, including to the extent the Interrogatories seek information regarding products, services, systems, or components which may be outside the scope of any infringement allegations or listing of accused products Plaintiffs have provided to Apple. Apple will interpret the Interrogatories as requesting a response that Apple can provide upon reasonable efforts that are proportional to the relevance of the information to the claims or defenses at issue in this case.  Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information regarding products or services offered or sold by Apple that Plaintiffs have not specifically identified in their infringement allegations.  It is Plaintiffs' burden to identify products, services, systems, or

1   components that allegedly infringe, and that burden cannot be shifted to Apple through

2   Interrogatories.  Apple will not provide information on products, services, systems, or

3   components other than those identified in Plaintiffs' infringement allegations.

4        9.      Apple objects to the Interrogatories to the extent they seek to require Apple

5   to identify facts and evidence in support of an issue for which Plaintiffs bear the burden

6   of proof.

7        10.     Apple objects to the Interrogatories, including the Definitions and

8   Instructions, to the extent they seek information outside of Apple's possession, custody,

9   and control.

10       11.     Apple objects to the Interrogatories, including the Definitions and

11  Instructions, to the extent they seek information or documents that are a matter of public

12  record, equally accessible and/or ascertainable to Plaintiffs (such as information that is

13  currently within Plaintiffs' control), or that can be obtained from a source other than

14  Apple.

15       12.     Apple objects to the Interrogatories to the extent they call for information

16  that may be derived or ascertained from the documents previously produced, whether by

17  Apple or any other party in this proceeding, on the grounds that the burden of deriving

18  or ascertaining answers to these Interrogatories is substantially the same for Plaintiffs as

19  for Apple pursuant to Federal Rule of Civil Procedure 33(d).

20       13.     Apple objects to the Interrogatories, including the Definitions and

21  Instructions, to the extent they call for information protected from discovery by the

22  attorney-client privilege, attorney work-product doctrine, common-interest privilege, or

23  any other applicable privilege or immunity, or that is otherwise protected from

24  disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence,

25  the Local Rules of this Court, or the relevant statutory or case law. Disclosure of any

26  such information shall not be deemed a waiver of any privilege or immunity.

27       14.     Apple objects to the Interrogatories, including the Definitions and

28  Instructions, to the extent they are vague, ambiguous, confusing, overbroad, duplicative,

Gibson, Dunn &
Crutcher LLP

6

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 14
-7-

1   unduly burdensome, and/or they fail to define necessary terms.

2       15.    Apple objects to the Interrogatories, including the Definitions and
3   Instructions, to the extent they assume disputed facts or facts that are inaccurate,
4   argumentative, or otherwise defective in form.  Apple denies any such disputed or
5   inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories,
6   Definitions, or Instructions.

7       16.    Apple objects to the Interrogatories, including the Definitions and
8   Instructions, to the extent they seek confidential proprietary or trade secret information
9   of third parties.  Apple will endeavor to work with third parties to obtain their consent,
10  if necessary, before identifying or producing such information and/or documents.

11      17.    Apple objects to each Interrogatory to the extent that it does not contain an
12  appropriate restriction on the covered time and geographic scope as overly broad, unduly
13  burdensome, and seeking information that is not relevant.

14      18.    Apple objects to the Interrogatories, including the Definitions and
15  Instructions, to the extent they seek to compel Apple to generate or create information
16  and/or documents that do not already exist, and to the extent that they seek documents
17  or information not maintained in the ordinary course of business.

18      19.    Apple objects to the Interrogatories, including the Definitions and
19  Instructions, to the extent they seek disclosure of Apple's trade secrets, proprietary or
20  other confidential or competitively sensitive business and technical information or
21  documents, or personal information that is protected by statutory, constitutional,
22  common law, or privacy rights.  To the extent such non-privileged information or
23  documents exist, are in Apple's possession, custody, or control, and can be located
24  through a reasonable search and produced without unreasonable burden and duplicative
25  effort, Apple will provide such information or documents only pursuant to the terms and
26  protection of the Protective Order.

27                 **OBJECTIONS TO DEFINITIONS**

28      1.    Apple objects to the Definitions in the Interrogatories to the extent they

purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.   Apple will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.      Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc." Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to this action. Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.   In responding to the Interrogatories, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.      Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Masimo Corporation encompassed in the definition.

4.      Apple objects to Plaintiffs' definition of "Cercacor" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.      Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the

Exhibit 14
-9-

definition purports to include "additional patents" that Plaintiffs have not alleged Apple infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action. Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information on patents that Plaintiffs are no longer asserting. In responding to the Interrogatories, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly.

6.    Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.    Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8.    Apple objects to Plaintiffs' definition of "Accused Products" as overly

broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9.     Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint.  Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Interrogatories, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.  Apple objects to the definition of "Disputed Patents" because it includes pending U.S. Patent Application No. 15/960,507 ("'507 Application"), and Plaintiffs have not addressed (in their Complaint or otherwise) the currently-pending claims of the '507 application.

10.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11.     Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Interrogatories, Apple will

construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12.     Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

13.     Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous.   Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## OBJECTIONS TO INSTRUCTIONS

1.     Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2.     Apple objects to Instruction No. 3 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple also objects to Instruction No. 3 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple further objects to Instruction No. 3 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any

1   other privilege or protection.

2       3.      Apple objects to Instruction No. 4 on the grounds that it is overly broad,

3   unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms

4   "derivation" and "source" and otherwise demands that the "derivation" and "source" be

5   identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it

6   is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to

7   impose undue burdens and requirements beyond those imposed by the Federal Rules of

8   Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

9       4.      Apple objects to Instruction No. 5 on the grounds that it is overly broad,

10  unduly burdensome, vague, and ambiguous to the extent it purports to impose undue

11  burdens and requirements beyond those imposed by the Federal Rules of Civil

12  Procedure, the Local Rules, and all applicable rules and orders of this Court.

13      5.      Apple objects to Instruction No. 6 on the grounds that it is overly broad,

14  unduly burdensome, vague, and ambiguous to the extent it purports to impose undue

15  burdens and requirements beyond those imposed by the Federal Rules of Civil

16  Procedure, the Local Rules, and all applicable rules and orders of this Court.

17      6.      Apple objects to Instruction No. 7 on the grounds that it is overly broad,

18  unduly burdensome, vague, and ambiguous to the extent it purports to impose undue

19  burdens and requirements beyond those imposed by the Federal Rules of Civil

20  Procedure, the Local Rules, and all applicable rules and orders of this Court.

21      7.      Apple objects to Instruction No. 8 as overly broad, unduly burdensome,

22  vague, and ambiguous to the extent it purports to impose undue burdens and

23  requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local

24  Rules, and all applicable rules and orders of this Court, including to the extent it purports

25  to require production of a privilege log that is more detailed than that required under the

26  Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of

27  this Court.

28      8.      Apple objects to Instruction No. 9 on the grounds that it is overly broad,

Gibson, Dunn & Crutcher LLP

APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 14
-13-

1   unduly burdensome, vague, and ambiguous to the extent it purports to impose undue
2   burdens and requirements beyond those imposed by the Federal Rules of Civil
3   Procedure, the Local Rules, and all applicable rules and orders of this Court.

4         9.     Apple objects to Instruction No. 10 on the grounds that it is overly broad,
5   unduly burdensome, vague, and ambiguous to the extent it purports to impose undue
6   burdens and requirements beyond those imposed by the Federal Rules of Civil
7   Procedure, the Local Rules, and all applicable rules and orders of this Court.

8        10.    Apple objects to Instruction No. 12 on the grounds that it is overly broad,
9   unduly burdensome, vague, and ambiguous to the extent it purports to impose undue
10  burdens and requirements beyond those imposed by the Federal Rules of Civil
11  Procedure, the Local Rules, and all applicable rules and orders of this Court.

12  **SPECIFIC OBJECTIONS AND RESPONSES**
13  **INTERROGATORY NO. 14:**

14       For each Disputed Patent, identify in detail all facts relating to the alleged
15  invention of the subject matter of the Disputed Patent by the named inventors, including
16  identifying by column and line number all subject matter of each Disputed Patent that
17  was contributed by each named inventor, describing the circumstances under which such
18  subject matter was conceived and reduced to practice, identifying when such conception
19  and reduction to practice took place, identifying all persons involved in such conception
20  and reduction to practice, describing each named inventor's contribution and the
21  contributions of any other persons to the conception and reduction to practice of such
22  subject matter, and identifying all evidence allegedly corroborating such conception and
23  reduction to practice.

24  **RESPONSE TO INTERROGATORY NO. 14:**

25       Apple hereby restates and incorporates the General Objections above as though
26  fully set forth herein. Apple objects to this Interrogatory to the extent it seeks
27  information protected from discovery by the attorney-client privilege, the work-product
28  doctrine, the common-interest privilege, and/or any other applicable privilege,

immunity, or protection.  Apple objects to this Interrogatory as premature and prejudicial because Plaintiffs have not yet filed their Fourth Amended Complaint and Apple has not yet completed its investigation into Plaintiffs' allegations and potential defenses it may assert.  Apple objects to this Interrogatory as overbroad and prejudicial to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.  Apple objects that this Interrogatory as premature and prejudicial to the extent it requires legal conclusions in order to provide the information sought.  Apple objects to this Interrogatory as premature and prejudicial because it calls for information that is more appropriately the subject of expert discovery and subject to separate timing requirements per the Court's Scheduling Order.  Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims of the Disputed Patents in this action.  Apple objects to this Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  Apple objects to this Interrogatory because Plaintiffs bear the "heavy burden of proving [their alleged co-inventorship] by clear and convincing evidence," and Plaintiffs have refused to provide basic factual information regarding their allegations in response to, for example, Apple's Interrogatory Nos. 4–5 and 23. *Shum v. Intel Corp.*, 633 F.3d 1067, 1083 (Fed. Cir. 2010) (*quoting Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004)); *see also Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).  Apple objects to this Interrogatory to the extent it seeks information about claims of the Disputed Patents that Plaintiffs have not identified as subject to their correction of inventorship/ownership

1   allegations.  Apple objects to this Interrogatory and premature and prejudicial because

2   it requests information regarding the pending '507 application, and Plaintiffs have not

3   addressed (in their Complaint or in their interrogatory responses) the currently-pending

4   claims of the '507 application.  Apple limits its response below to the claims Plaintiffs

5   have identified in their Complaint and responses to Interrogatory Nos. 4 and 5 dated

6   August 14, 2020.

7        Subject to and without waiving the foregoing General and Specific Objections,

8   Apple responds as follows:

9        As an initial matter, Apple notes that the named inventors for each of the Disputed

10   Patents are presumed to be correct, and Plaintiffs have not presented any evidence that

11   supports a finding to the contrary.  *See  Hess v. Advanced Cardiovascular Sys., Inc*., 106

12   F.3d 976, 980 (Fed. Cir. 1997); *Ethicon Inc. v. U.S. Surgical Corp*., 135 F.3d 1456, 1461

13   (Fed. Cir. 1998) (noting that correction of inventorship allegations must be corroborated

14   by evidence).  To the extent Plaintiffs present such evidence, Apple reserves the right to

15   respond and will supplement its response to this Interrogatory accordingly.

16        Notwithstanding Plaintiffs' refusal to provide information and evidence regarding

17   the factual allegations that allegedly support their correction of ownership/inventorship

18   claims, Apple responds with respect to each of the Disputed Patents below.   The

19   information below is based on Apple's investigation thus far.

20        **U.S. Patent No. 10,078,052, claim 1** and **U.S. Patent No. 10,247,670, claim 1:**

21   The properly named inventors of the '052 and '670 patents are Trevor J. Ness, Chin San

22   Han, David I. Nazzaro, Marcelo M. Lamego, Naoto Matsuyuki, and Wolf Oetting.  The

23   inventors conceived of the invention recited by claim 1 of the '052 patent and by claim

24   1 of the '670 patent by at least June 2014.  The invention was reduced to practice by at

25   least August 28, 2014, the filing date of U.S. Provisional Application No. 62/043,294.

26   Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by

27   reference the following documents:   APL-MAS_58140, APL-MAS_58175, APL-

28   MAS_58275, and APL-MAS_58725.

**U.S. Patent No. 10,219,754, claim 1:**  The properly named inventor of the '754 patent is Marcelo Lamego.  Mr. Lamego conceived of the invention recited by claim 1 of the '754 patent by at least March 2014.  The invention was reduced to practice by at least September 9, 2014, the filing date of U.S. Provisional Application No. 62/047,818.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the following documents:  APL-MAS_58158 and APL-MAS_58456.

**U.S. Patent No. 9,723,997, claim 20** and **U.S. Patent No. 10,524,671, claim 1:**  The properly named inventor of the '997 patent is Marcelo Lamego.  The inventor conceived of the invention recited by claim 20 of the '997 patent and by claim 1 of the '671 patent by at least March 2014.  The invention was reduced to practice by at least September 26, 2014, the filing date of U.S. Provisional Application No. 62/056,299.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the following documents:   APL-MAS_58194, APL-MAS_58242, APL-MAS_58851, and APL-MAS_59939.

**U.S. Patent No. 9,952,095, claim 1** and **U.S. Patent App. No. 15/960,507, claim 21:**  The properly named inventors of the '095 patent and the '507 application are Steven P. Hotelling and Marcelo Lamego.  The inventors conceived of the invention recited by claim 1 of the '095 patent and by claim 21 of the '507 application by at least March 2014.  The invention was reduced to practice by at least September 29, 2014, the filing date of U.S. Provisional Application No. 62/057,089.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the following documents:  APL-MAS_58258, APL-MAS_58210, APL-MAS_60227.

Apple reserves the right to amend and/or supplement its response as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 15:**

For each Disputed Patent, identify in detail all ways that Apple uses, implements, incorporates, or practices the subject matter of the disputed patents and the dates that Apple first did so, including identifying all products that practice the inventions of the

Disputed Patents or use or incorporate the subject matter of the Disputed Patents, and explaining how the products practice the inventions of the Disputed Patents or use or incorporate the subject matter of the Disputed Patents.

**RESPONSE TO INTERROGATORY NO. 15:**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as premature and prejudicial because Plaintiffs have not yet filed their Fourth Amended Complaint and Apple has not yet completed its investigation into Plaintiffs' allegations and potential defenses it may assert.  Apple objects to this Interrogatory as overbroad and prejudicial to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case.  Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.  Apple objects that this Interrogatory as premature and prejudicial to the extent it requires legal conclusions in order to provide the information sought.  Apple objects to this Interrogatory as premature and prejudicial because it calls for information that is more appropriately the subject of expert discovery and subject to separate timing requirements per the Court's Scheduling Order.  Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims of the Disputed Patents in this action.  Apple objects to this Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  Apple objects to this Interrogatory because Plaintiffs bear the

1   "heavy burden of proving [their alleged co-inventorship] by clear and convincing

2   evidence," and Plaintiffs have refused to provide basic factual information regarding

3   their allegations in response to, for example, Apple's Interrogatory Nos. 4–5 and 23.

4   *Shum v. Intel Corp.*, 633 F.3d 1067, 1083 (Fed. Cir. 2010) (quoting *Eli Lilly & Co. v.*

5   *Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004)); *see also Hess v. Advanced*

6   *Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).  Apple objects to this

7   Interrogatory to the extent it seeks information about claims of the Disputed Patents that

8   Plaintiffs have not identified as subject to their correction of inventorship/ownership

9   allegations.  Apple objects to this Interrogatory and premature and prejudicial because

10  it requests information regarding the pending '507 application, and Plaintiffs have not

11  addressed (in their Complaint or in their interrogatory responses) the currently-pending

12  claims of the '507 application.  Apple limits its response below to the claims Plaintiffs

13  have identified in their Complaint and responses to Interrogatory Nos. 4 and 5 dated

14  August 14, 2020.  Apple objects to this Interrogatory as vague and ambiguous as to the

15  term "Disputed Patents"; for purposes of this Interrogatory, Apple presumes Plaintiffs

16  intend this phrase to refer to the defined term "Disputed Patents."

17      Subject to and without waiving the foregoing General and Specific Objections,

18  Apple responds as follows:

19      Notwithstanding Plaintiffs' refusal to provide information and evidence regarding

20  the factual allegations that allegedly support their correction of ownership/inventorship

21  claims, Apple responds below based Apple's investigation thus far.

22      The Apple Watch products do not contain any features similar to those disclosed

23  and recited by claim 1 of U.S. Patent No. 10,219,754, claim 20 of U.S. Patent No.

24  9,723,997, claim 1 of U.S. Patent No. 10,524,671, claim 1 of U.S. Patent No. 9,952,095,

25  or claim 21 of U.S. Patent App. No. 15/960,507, and thus, Apple has no reason to believe

26  that any of its products use, implement, incorporate or practice the inventions recited by

27  those claims.

28      The Apple Watch Series 4-6 or Apple Watch SE do not contain any features

1   similar to those disclosed and recited by claim 1 of U.S. Patent No. 10,078,052 and claim

2   1 of U.S. Patent No. 10,247,670, and thus, Apple has no reason to believe that any of

3   those products use, implement, incorporate or practice the inventions recited by those

4   claims.  Apple's investigation with respect to those claims and the Apple Watch Series

5   0-3 is still ongoing and Apple will supplement its response with respect to those products

6   as its investigation proceeds.

7          Apple reserves the right to amend and/or supplement its response as it continues

8   its investigation and as discovery progresses.

9   **INTERROGATORY NO. 16:**

10          For each of Plaintiffs' claims asserted against You, state in detail all factual and

11   legal bases for Your contentions concerning Plaintiffs' damages in this case, including

12   all factual and legal bases concerning the amount of monetary damages and extent of

13   injunctive or other equitable relief to which Plaintiffs would be entitled upon prevailing

14   on each of Plaintiffs' claims against You, and identifying and describing in detail all

15   Documents and Communications relating to such contentions and identifying all

16   individuals having information about such contentions.

17   **RESPONSE TO INTERROGATORY NO. 16:**

18          Apple hereby restates and incorporates the General Objections above as though

19   fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks

20   information protected from discovery by the attorney-client privilege, the work-product

21   doctrine, the common-interest privilege, and/or any other applicable privilege,

22   immunity, or protection.  Apple objects to this Interrogatory as overbroad and prejudicial

23   to the extent it seeks information that is not relevant to any party's claims or defenses

24   nor proportional to the needs of the case.  Apple objects to this Interrogatory as

25   premature and prejudicial because it has not completed its investigation of the facts and

26   documents relating to this case and has not fully completed its discovery in this action.

27   Apple objects that this Interrogatory as premature and prejudicial to the extent it requires

28   legal conclusions in order to provide the information sought.  Apple objects to this

Gibson, Dunn &
Crutcher LLP

19

1    Interrogatory as premature and prejudicial because it calls for information that is more

2    appropriately the subject of expert discovery and subject to separate timing requirements

3    per the Court's Scheduling Order.  Apple objects to this Interrogatory as improper as it

4    calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and

5    comprises discrete subparts, and asserts that each subpart of each compound

6    Interrogatory counts separately toward the discovery limits set forth in the Federal Rules

7    of Civil Procedure and the Local Rules of the United States District Court for the Central

8    District of California.  Apple objects to this Interrogatory as premature and prejudicial

9    because Plaintiffs have not yet filed their Fourth Amended Complaint and Apple has not

10   yet completed its investigation into Plaintiffs' allegations and potential defenses it may

11   assert.  Apple objects to this Interrogatory as premature and prejudicial to the extent it

12   seeks Apple's contentions as to Plaintiffs' patent infringement allegations, as the Court

13   has stayed claims one through twelve of the Second Amended Complaint pending *inter*

14   *partes* review.  Dkt. 220.

15          Subject to and without waiving the foregoing General and Specific Objections,

16   Apple responds as follows:

17          Plaintiffs have not provided any facts sufficient to provide notice of their own

18   damages theories they intend to pursue, including in response to Apple's similar

19   interrogatory served April 14, 2020 and even though Apple has already provided

20   extensive sales, cost, and revenue information regarding the Apple Watch and Apple

21   iPhone.  *See* APL-MAS_29211-29231.  Plaintiffs have also not provided sufficient

22   information regarding their trade secret or correction of inventorship/ownership claims.

23   *See, e.g.,* Dkts. 259-1, 271-1, 288-1.  Based on the limited information Plaintiffs have

24   provided in their responses to Apple's interrogatories, Plaintiffs have not provided any

25   information sufficient to even allege that they are entitled to damages in this case, which

26   is further confirmed by Apple's investigation thus far, and thus Plaintiffs are not entitled

27   to any damages.

28

1    Apple reserves the right to amend and/or supplement its response as it continues

2    its investigation and as discovery progresses.

3

4    Dated:  January 29, 2021          JOSHUA H. LERNER
                                       H. MARK LYON
5                                      BRIAN M. BUROKER
                                       BRIAN A. ROSENTHAL
6                                      ILISSA SAMPLIN
                                       ANGELIQUE KAOUNIS
7                                      BRIAN K. ANDREA
                                       GIBSON, DUNN & CRUTCHER LLP
8

9

10                                     By:  /s/ Joshua H. Lerner
                                            Joshua H. Lerner
11

12                                     *Attorneys for Defendant Apple Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On January 29, 2021, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 14-16) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on January 29, 2021, at Irvine, California.

*/s/ Tracy A. Morgan*
Tracy A. Morgan

Gibson, Dunn & Crutcher LLP

# EXHIBIT 15

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    EPIC GAMES, INC.,                              Case No.  20-cv-05640-YGR   (TSH)

8                    Plaintiff and Counter-
                                                    **DISCOVERY ORDER**
9    defendant,
                                                    Re: Dkt. No. 297
10           v.

11   APPLE INC.,

12                    Defendant and

13   Counterclaimant.

14

15          We are here on Epic Games' motion to compel Apple to produce non-custodial documents

16   responsive to RFPs 12-14, 18, 19, 25 and 31 by February 5, 2021.  ECF No. 297.  Epic served

17   these RFPs on October 23, 2020.  ECF No. 275, Ex. 1.  On December 26, 2020 Apple agreed to

18   produce non-custodial documents in response to these RFPs.  ECF No. 297-7.  On January 27,

19   2021, Apple stated that it planned to complete those productions by February 15, 2021.  ECF No.

20   297-13.

21          The case scheduling order provides that the fact discovery cutoff is February 15, 2021,

22   which is also the date that opening expert reports are due.  ECF No. 116.  In setting this schedule,

23   Judge Gonzalez Rogers set a separate deadline of January 6, 2021 for the completion of document

24   productions.  ECF No. 111 at 100.  Epic observes that there is no disagreement about whether

25   Apple must produce non-custodial documents in response to these RFPs because it agreed to do

26   so.  Epic also observes that Apple did not produce them by the January 6 deadline to do so.  Epic

27   now argues that the Court should order Apple to produce them by February 5 so that Epic's

28   experts will have at least some opportunity to consider them in preparing their expert reports.

United States District Court
Northern District of California

**Exhibit 15**
**-24-**

Apple responds that the close of fact discovery is February 15 and asserts it will produce the documents by then.  Apple acknowledges that with respect to document productions, January 6 was the deadline to produce.  But Apple says that it has told everyone that due to Epic's excessive document demands, it would not be able to complete document productions by January 6, and Apple observes that Epic itself has made some document productions after that date, which Epic agrees is true.  More generally, Apple blames Epic for requesting (and obtaining) a fast case schedule and then asking for lots of discovery, which Apple says renders that schedule infeasible.

Let's begin with the ground rules.  January 6 was the Court-ordered deadline to complete document productions.  If Judge Gonzalez Rogers had set a February 15 deadline for the close of fact discovery and said nothing else, then February 15 would have been the deadline for all forms of discovery, including document productions.  But she did say something else, which is that document productions had to be completed by January 6.  Accordingly, Apple's argument that it is acceptable for it to complete these document productions by February 15 is wrong.

Both sides have violated the January 6 deadline, but that deadline was never altered by Judge Gonzalez Rogers.  You're not allowed to violate a court order just because your opponent did, or because you announced to the world that compliance was infeasible and you planned to violate it.  So, Epic's own failures to produce by that date don't excuse Apple's non-compliance, and Apple's existing non-compliance with that deadline does not justify more noncompliance.

Besides, Epic is making a more specific argument now and is not just complaining about missed deadlines.  Epic is saying that for Apple to produce these particular documents by February 15 prejudices Epic's ability to have its experts use them.  Given the topics at issue, it is logical that Epic's experts would want to be able to consider these documents in preparing their reports.

Apple does not have a good response to this problem and at the hearing acknowledged this.  Apple said it is working as hard as possible but cannot promise to complete these document productions by February 5.  At this point the Court views the problem as a practical one.  Epic is entitled to these documents in time for its experts to be able to review them, but this is a late-breaking discovery dispute and February 5 is only four days away.  The Court will not order Apple to do something that might be impossible, but it will order Apple to try as hard as it can.

**Exhibit 15**
**-25-**

1    Accordingly, the Court orders Apple to use its best efforts to produce non-custodial documents

2    responsive to RFPs 12-14, 18, 19, 25 and 31 by February 5, 2021

3         **IT IS SO ORDERED.**

4

5    Dated: February 1, 2021

6

7                                              THOMAS S. HIXSON
                                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3

Exhibit 15
-26-

# EXHIBIT 16

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, pro hac vice
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 1-5)** <br><br> Hon. James V. Selna <br> Magistrate Judge John D. Early |

1

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Exhibit 16
-27-

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Supplemental Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") First Set of Interrogatories to Defendant Apple Inc. (Nos. 1–5) (the "Interrogatories").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Supplemental Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Supplemental Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Supplemental Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them.  If Masimo subsequently asserts an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## **GENERAL OBJECTIONS**

Apple re-asserts and incorporates by reference herein each and every General Objection, Objection to Definition, and Objection to Instruction that Apple previously asserted in its earlier interrogatory responses, including those asserted with respect to the instructions and definitions contained in the Interrogatories.

Gibson, Dunn & Crutcher LLP

2

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 16
-28-

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1:

For each Accused Product that you contend does not infringe one or more claims of the Masimo Asserted Patents either literally or under the doctrine of equivalents, explain separately for each Accused Product the full and complete basis for each non-infringement contention, including an explanation of which claim limitations are missing from each Accused Product, your complete factual basis supporting your contention that each claim limitation is missing from each Accused Product, an identification of all documents, things, and witnesses supporting your contentions, and the three (3) individuals who are most knowledgeable about the structure, function, and operation of the Accused Product supporting or relating to Your non-infringement defense.

## RESPONSE TO INTERROGATORY NO. 1 (JUNE 11, 2020):

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as overly broad and unduly burdensome in that it requests "three (3)" individuals who are most knowledgeable about the structure, function, and operation of the Accused Product.  Apple objects to this Interrogatory as premature and hence improper and unduly burdensome as it calls for information that is appropriately the subject of expert discovery and subject to deadlines set forth in the Court's Scheduling Order.  Apple objects to this Interrogatory as premature because Plaintiffs have not yet provided their infringement contentions or identified the claims they allege are infringed by each Accused Product.  Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims in this action.

Subject to and without waiving the foregoing General and Specific Objections,

1  Apple responds as follows:  Brian Land and Stephen Waydo are the individuals most

2  knowledgeable about the structure, function, and operation of the Accused Products.

3     Apple will provide the information sought by this Interrogatory in accordance

4  with the Scheduling Order entered in this case.  Apple will respond to this Interrogatory

5  after Plaintiffs provide their infringement contentions.

6     Apple reserves the right to supplement and/or amend its response to this

7  Interrogatory as it continues its investigation and as discovery progresses.

8  **INTERROGATORY NO. 2:**

9     For each of the Masimo Asserted Patents that you contend is invalid or

10 unenforceable, explain separately for each claim of each Masimo Asserted Patent your

11 full and complete basis for asserting invalidity or unenforceability, including without

12 limitation describing in detail each alleged basis for invalidity or unenforceability,

13 identifying by page and line or figure number where each limitation of each claim can

14 be found in the prior art, explaining why it would have been obvious to combine the

15 prior art references on which you rely in alleging obviousness, and identifying all

16 documents, things, and witnesses supporting your contentions.

17 **RESPONSE TO INTERROGATORY NO. 2 (JUNE 11, 2020):**

18    Apple hereby restates and incorporates the General Objections above as though

19 fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks

20 information or things protected by the attorney-client privilege, attorney work product

21 doctrine, or any other applicable privilege, immunity, or protection.  Apple objects that

22 this Interrogatory is premature and hence improper and unduly burdensome because it

23 calls for information that is appropriately the subject of expert discovery and subject to

24 separate timing requirements for invalidity contentions per the Court's Scheduling

25 Order.  Apple objects to this Interrogatory as premature and prejudicial because it

26 implicates claim construction issues, and the Court has yet to construe the claims in this

27 action.

28    Subject to and without waiving the foregoing General and Specific Objections,

Gibson, Dunn & Crutcher LLP

4

**Exhibit 16**
-30-

1   Apple responds as follows:   Apple will provide the information sought by this

2   Interrogatory in accordance with the Scheduling Order entered in this case.

3        Apple reserves the right to supplement and/or amend its response to this

4   Interrogatory as it continues its investigation and as discovery progresses.

5   **INTERROGATORY NO. 3:**

6        Identify the circumstances and dates relating to your first awareness of each of the

7   Masimo Asserted Patents, including without limitation the identity of each person

8   through which you were first informed of such patents, the date and manner in which

9   you obtained or received any copies or other information relating to such patents, the

10  location of each copy or piece of information, and the identity of each person to whom

11  such copies or information were distributed, and identify all documents, things, and

12  witnesses supporting your response.

13  **RESPONSE TO INTERROGATORY NO. 3 (JUNE 11, 2020):**

14       Apple hereby restates and incorporates the General Objections above as though

15  fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

16  information or things protected by the attorney-client privilege, attorney work product

17  doctrine, or any other applicable privilege, immunity, or protection.   Apple objects to

18  this Interrogatory as vague, ambiguous, overly broad and unduly burdensome in that it

19  fails to define "circumstances."   Apple objects to this Interrogatory as premature and

20  prejudicial because it has not completed its investigation of the facts and documents

21  relating to this case and has not fully completed its discovery in this action

22       Subject to and without waiving the foregoing general and specific objections,

23  Apple responds as follows:   Apple first became aware of U.S. Patent Nos. 10,258,265,

24  10,258,266, 10,292,628, 10,299,708, 10,376,190, 10,376,191, 10,470,695, 6,771,994,

25  8,457,703, and 10,433,776 on or around January 9, 2020, the date Plaintiffs served their

26  original Complaint (Dkt. No. 1) in this matter.   Apple first became aware of U.S. Patent

27  Nos. 10,588,553, and 10,588,554 on or around March 25, 2020, the date Plaintiffs served

28  their First Amended Complaint (Dkt. No. 28) in this matter.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (AUGUST 12, 2020):**

Subject to and without waiving the foregoing general and specific objections, Apple responds additionally as follows:   Apple first became aware of U.S. Patent Nos. 10,624,564, 10,631,765, 10,702,194, 10,702,195, and 10,709,366 on or around July 24, 2020, the date Plaintiffs filed an Application to file their Second Amended Complaint (Dkt. No. 88) in this matter.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 4:**

Identify all facts of which You are aware that relate to the determination of a reasonable royalty if You are found to infringe any of the Asserted Patents, including but not limited to facts relevant to each of the factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**RESPONSE TO INTERROGATORY NO. 4 (JUNE 11, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.   Apple objects to this Interrogatory to the extent it seeks a legal conclusion.   Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information already in Plaintiffs' possession, custody, or control.   Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.   Apple objects to this Interrogatory for prematurely seeking expert opinion and/or testimony in violation of the Scheduling Order.   Apple objects to this Interrogatory to

Exhibit 16
-32-

1   the extent it improperly seeks to shift Masimo's burden regarding damages to Apple;

2   indeed, Plaintiffs have not provided any information whatsoever to indicate what they

3   seek in damages or royalties.

4        Subject to and without waiving the foregoing general and specific objections,

5   Apple responds as follows:  Apple denies that it infringes any of the claims of the

6   Asserted Patents identified in Plaintiffs' Complaint, and thus the damages and royalty

7   rate should be $0.   Apple will provide the information sought by this Interrogatory in

8   accordance with the Scheduling Order entered in this case and in response to information

9   that may be provided by Plaintiffs' in response to fact and expert discovery in this matter

10  regarding the reasonable royalty they seek.

11       Apple reserves the right to supplement and/or amend its response to this

12  Interrogatory as it continues its investigation and as discovery progresses.

13  **INTERROGATORY NO. 5:**

14       Separately for each Apple Watch Product, provide on a monthly basis from April

15  2015 to present, the total unit and dollar sales, revenue, total net profit, and total gross

16  profit realized for each Apple Watch made, used, sold, offered for sale, imported, or

17  exported by You, and identify all documents, things, and witnesses supporting your

18  response.

19  **RESPONSE TO INTERROGATORY NO. 5 (JUNE 11, 2020):**

20       Apple hereby restates and incorporates the General Objections above as though

21  fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

22  information related to products that are not relevant to this litigation, which Masimo has

23  not identified in its Complaint or otherwise accused of infringement.  Apple objects to

24  this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome to the

25  extent that the phrase "realized" is not defined.  Apple objects to this Interrogatory as

26  premature and prejudicial because it has not completed its investigation of the facts and

27  documents relating to this case and has not fully completed its discovery in this action.

28  Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent

7

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 16**
-33-

it requests information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the ordinary course of business. Apple will interpret the Interrogatory as requesting sales and revenue information in the type and form that it is kept in the ordinary course of business.  Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Interrogatory as premature and prejudicial to the extent that Apple has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.  Apple objects to this Interrogatory as overly broad and unduly burdensome because the patents are directed to specific features of a physiological measurement device, and Plaintiffs have not provided any evidence to establish that damages should be based on the sale of the Accused Products as a whole.  Apple objects to this Interrogatory as premature because a Protective Order has not been entered in this action.

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows:  Apple is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information after entry of a Protective Order in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

1

Dated: August 12, 2020

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By: /s/ Joshua H. Lerner
     Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

**<u>PROOF OF SERVICE</u>**

I am a citizen of the United States of America and I am employed in Washington, D.C. I am over the age of 18 and not a party to the within action.

On August 12, 2020, I served the within DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 1–5) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury that the forgoing is true and correct. Executed on August 12, 2020, at Washington, D.C.


/s/ Brian Andrea

Brian Andrea

# EXHIBIT 17

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

January 27, 2021

**VIA EMAIL**

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Ilissa:

We write in response to your December 18 and January 13, 2021, letters.  Now that the Court found Apple's Section 2019.210 objections lacked merit, Plaintiffs expect Apple will begin substantially participating in trade secret discovery.  We write pursuant to Local Rule 37-1 to address Plaintiffs' trade secret requests and to address the parties' other ongoing disputes.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147**: Thank you for confirming that Apple is not withholding documents responsive to these RFPS based on any of its objections.  Please provide a date by which Apple will provide a substantial production of documents responsive to these RFPs.

**RFPs 122 and 133-35:**  Thank you for confirming that Apple is not withholding documents responsive to RFPS 122 and 135 based on any of its objections.  Please provide a date by which Apple will provide a substantial production of documents responsive to these RFPs.  As for RFPs 133-134, Plaintiffs' agree to produce public complaints for prior legal proceedings where Plaintiffs have made trade secret misappropriation claims if Apple produces public complaints from legal proceedings involving the Apple Watch.  However, Plaintiffs do not agree that this satisfies Apple's obligations to produce documents responsive to RFP 134.  As Plaintiffs already explained, after Apple has produced the relevant public complaints, Plaintiffs will further consider their position on RFP 134.

**Apple's Document Production:**  Apple continues to state that it will produce documents responsive to Plaintiffs' patent ownership and inventorship claims on a rolling basis.  However, Plaintiffs served RFPs requesting documents relevant to these claims, such as RFPs 110-129, almost *6 months ago*.  The only documents Apple has produced responsive to these RFPs are the publicly available file histories of the Disputed Patents, Marcelo Lamego's hiring documents and agreement, and a single document describing Apple's Patent Recognition Program.  Apple's refusal to produce documents substantially hinders Plaintiffs ability to proceed in this case, including Plaintiffs' ability to depose Marcelo Lamego.  Apple has had months to search for documents. Please provide a date by which Apple will provide a substantial production.

Plaintiffs' December 30 letter provided Apple numerous exemplary categories of the documents sought by Plaintiffs' RFPs that Apple has not yet produced.  All of these documents, and more, are responsive at least to Plaintiffs' RFPs 110-129.  For example, RFP 112 (requesting "all documents and

things that tend to support or rebut any contention that the Disputed Patents are owned by Apple") or RFP 114 (requesting "[a]ll documents and things referring or relating to the inventorship of one or more of the Disputed Patents") requests the exemplary categories of documents.  While we believe it is unnecessary, below are exemplary RFPs that request each category of documents discussed in our December 30 letter.

- "Any document on which Apple may or intends to rely to show (a) the alleged contribution of the named inventors to the conception or reduction to practice of the subject matter of the Disputed Patents, (b) that the named inventors satisfy the requirements to have been properly identified as inventors on the Disputed Patents; or (c) that the Disputed Patents were properly assigned to and are owned by Apple."  *See, e.g.*, RFPs 110-116, 119-121.

- "Any documents that refute or otherwise relate to (a) any alleged contribution of the named inventors to the conception or reduction to practice of the subject matter of the Disputed Patents, (b) whether the named inventors satisfy the requirements to have been properly identified as inventors on the Disputed Patents; or (c) whether the Disputed Patents were properly assigned to and are owned by Apple."  *See, e.g.*, RFPs 110-116, 119-121.

- "All documents reflecting work that the named inventors performed as part of allegedly inventing, developing, or reducing to practice the subject matter of the Disputed Patents, including laboratory notebooks, engineering documents, experiment or test records, communications, reports, meeting minutes, self or other evaluations, and correspondence."  *See, e.g.*, RFPs 110-116, 119-121.

- "Communications from or to any named inventor regarding the subject matter of the Disputed Patents."  *See, e.g.*, RFPs 110-115, 119-121.

- "Communications regarding Apple's meetings with Plaintiffs."  *See, e.g.*, RFPs 110-115, 128, 129.

- "All documents reflecting information exchanged between Apple and Plaintiffs, or any of their employees or independent contractors, regarding the subject matter of the Disputed Patents."  *See, e.g.*, RFPs 110-115, 119-121, 128, 129.

- "Projections, consumer surveys, or other documents related to the value of the inventions or subject matter of the Disputed Patents."  *See, e.g.*, RFPs 126, 127.

- "The prosecution files for the Disputed Patents and related patents and patent applications, including any invention disclosures, memoranda, or other documents that provided the basis for preparation of drafts or final version of any of the patents, patent applications, or documents filed during prosecution."  *See, e.g.*, RFPs 110-117, 119-122.

Apple further argues that Plaintiffs requests for documents are inappropriate because Plaintiffs have not responded to Apple's interrogatories Nos. 4, 5, and 23.  However, Plaintiffs already provided substantial responses to these interrogatories and Apple does not attempt to explain why it needs information from

**Exhibit 17**
**-38-**

Plaintiffs to search for documents related to the patents that Apple itself filed. Please confirm that Apple will search for and produce the above documents and provide a date by which Apple will provide a substantial production of documents responsive to Plaintiffs' patent ownership and inventorship RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:** Apple represented in writing that Apple refused to even meet and confer on various objections to these RFPs because Plaintiffs had not provided a Section 2019.210 statement. *See e.g.*, November 25, 2020 Letter from Brian Andrea to Stephen Larson at 3-4 (asserting that Apple will meet and confer on RFPS 67-69, 86, 88, 98-99, 101, 122, 128-130, and 133-135 only "if Plaintiffs provide a Section 2019.210-compliant disclosure"). Regardless, the Court has now confirmed that Plaintiffs' Section 2019.210 statement is more than sufficient. Please provide Apple's position on these RFPs by [DATE], including any objections on which Apple is relying to withhold documents.

**RFPs 207, 214-15, 223–33, 238-41, 244-46, and 248:** Apple previously refused to produce documents responsive to these RFPs based on Apple's unjustified position that Plaintiffs' Section 2019.210 statement was insufficient. However, the Court has rejected Apple's objection and confirmed that Plaintiffs statement was sufficient. Accordingly, Apple should now start producing substantial document productions in response to Plaintiffs' requests. Plaintiffs further address each individual RFP below:

- **RFP 207:** Plaintiffs disagree that Plaintiffs' RFP 207 is overbroad and unduly burdensome. However, in the interest of reaching a reasonable compromise, Plaintiffs propose limiting this RFP to documents sufficient to identify Apple's past and planned interactions with hospitals and individual hospital employees, representatives, and decision makers relating to 1) physiological monitoring, 2) clinical trials or medical studies for Apple products, or 3) the clinical sites reflected in MASA00080194, MASA00080449, MASA00080450, MASA00080451, and MASA00080452. Please confirm this resolves Apple's objection

- **RFPs 214-15:** Thank you for confirming that Apple will produce documents related to meetings regarding Plaintiffs' patient monitoring products or Apple implementing any physiological monitoring technology. Please provide a date by which Apple will make a substantial production of these documents.

- **RFP 223:** Plaintiffs disagree that this RFP is overbroad. However, Plaintiffs are willing to consider providing the date on which each Former Employee departed Masimo or Cercacor if Apple provides a list of any current or former Apple employee who worked at Masimo or Cercacor so that Plaintiffs can investigate.

- **RFPs 224-225:** Thank you for confirming that Apple will produce documents regarding the use of confidential information received by an employee from its former employer or any other employee onboarding documents that discuss the treatment of confidential information, as well as documents regarding Apple's treatment of its own confidential information. Please provide a date by which Apple will make a substantial production of these documents.

**Exhibit 17**
**-39-**

- **RFP 226:**  Thank you for acknowledging that if "there is a responsive document that originated with Masimo or Cercacor, Plaintiffs are entitled to receive it in discovery." However, your letter incorrectly states that Plaintiffs did not propose a limitation for Apple to evaluate.  Plaintiffs proposed that Apple search for and review documents that mention "Masimo" or "Cercacor" and produce the documents responsive to this RFP. If Apple performs such a search and believes the search yielded too many documents, the parties can discuss whether further modifications are appropriate.  Please let us know if Apple agrees.

- **RFP 227:**  Apple claims that Apple does not maintain a "company" metadata field, and therefore cannot produce documents responsive to this RFP.  However, Apple agreed to investigate whether Apple maintains any similar metadata field data, and Plaintiffs note that such metadata fields are included by default in Microsoft products like Microsoft word.  Please confirm whether Apple maintains any similar metadata on its documents. If not, please explain what software Apple uses for typical office documents (e.g., word processing, spreadsheets, presentations, email, and messaging applications) so that Plaintiffs can investigate.

- **RFPs 228–29:**  Plaintiffs maintain that these RFPs seek relevant information.  However, Plaintiffs are willing to consider providing the date on which each Former Employee departed Masimo or Cercacor if Apple provides a list of any current or former Apple employee who worked at Masimo or Cercacor so that Plaintiffs can investigate.

- **RFP 230:**  Apple claims that Plaintiffs did not provide their position on this RFP. However, Plaintiffs already explained that Apple should search for and produce responsive documents that relate to Masimo and Cercacor, or their products.  Please provide Apple' position.

- **RFPs 231–33:** Plaintiffs maintain that these RFPs seek relevant information.  Apple now "objects to these RFPs on the grounds that they seek information related to 'any of the Apple Watch Products,' and are not limited to the products accused in the Complaint." However, Apple did not include that objection in their RFP responses.  Regardless, Apple is incorrect that products not accused in the Complaint are not relevant to this litigation. For example, the features of earlier watches are relevant to this case at least because a comparison between earlier watches and products accused in the Complaint may show when Apple incorporated Plaintiffs' trade secrets into their products or could show the value of the features in the later watches.  However, in the interest of reaching a reasonable compromise, Plaintiffs are willing to limit these RFPs to documents that relate to the physiological monitoring features of the Apple Watch Products.  Please confirm that this resolves Apple's objections.

- **RFP 238:**  Plaintiffs maintain that this RFP seeks relevant information.  However, Plaintiffs are willing to consider providing the date on which each Former Employee

Exhibit 17
-40-

departed Masimo or Cercacor if Apple provides a list of any current or former Apple employee who worked at Masimo or Cercacor so that Plaintiffs can investigate.

- **RFP 239:**  Apple claims that this RFP seeks documents that are not relevant to the case because there are no solicitation claims in this case.  But Plaintiffs' pleading references and relies on Apple's solicitation of Plaintiffs' employees.  Plaintiffs are entitled to discovery regarding these allegations.  The documents sought by RFP 239 are relevant to show, for example, that Apple was intentionally targeting Plaintiffs' employees in order to misappropriate Plaintiffs trade secrets.  Please confirm that Apple will produce the requested documents.

- **RFP 240:**  Apple proposes that this RFP be limited to documents within Michael O'Reilly's and Marcelo Lamego's Apple human resource files that relate to any "promotion, reprimand, or acquisition, use, or disclosure of confidential information."  However, this RFP already seeks a limited selection of documents.  Plaintiffs should be allowed to determine for themselves if documents within O'Reily and Lamego's human resource files relate to their use of confidential information.  To the extent the human resource files contain purely private information (e.g., social security numbers), Apple may redact such information.

- **RFP 241:**  Apple proposes that this RFP be limited to documents concerning hiring or termination of Plaintiffs' Former Employees based on the "acquisition, use, or disclosure of confidential information."  However, this RFP already seeks a limited selection of documents.  Plaintiffs should be allowed to determine for themselves if documents concerning the hiring or termination of the Former Employees related to their use of confidential information.  Please confirm that Apple will produce all documents concerning hiring or termination of Former Employees.

- **RFP 244:**  Plaintiffs maintain that this RFP seeks relevant information.  However, in the interest of reaching a compromise, Plaintiffs are willing to limit this RFP to request all communications between Michael O'Reilly and any hospital or healthcare provider in the first twelve months that Mr. O'Reilly worked at Apple that relate to 1) physiological monitoring, 2) clinical trials or medical studies for Apple products, or 3) the clinical sites reflected in MASA00080194, MASA00080449, MASA00080450, MASA00080451, and MASA00080452.  Please confirm this resolves Apple's objection.

- **RFP 245:**  Thank you for confirming that Apple will produce "documents sufficient to show any change in Michael O'Reilly's job title or job responsibilities at Apple."  However, this RFP also requests that Apple produce documents sufficient to show the reason for any change in Michael O'Reilly's job title or job responsibilities.  Please confirm that Apple will produce these documents as well.

- **RFP 246:** Plaintiffs maintain that this RFP seeks relevant information.  However, in the interest of reaching a reasonable compromise, Plaintiffs are willing to limit this RFP to request all communications between Marcelo Lamego and any hospital or healthcare

**Exhibit 17**
-41-

provider while Mr. Lamego worked at Apple that relates to 1) physiological monitoring, 2) clinical trials or medical studies for Apple products, or 3) the clinical sites reflected in MASA00080194, MASA00080449, MASA00080450, MASA00080451, and MASA00080452.  Please confirm this resolves Apple's objection.

- **RFP 248:** Thank you for confirming that Apple will produce "documents sufficient to show any change in Marcelo Lamego's job title or job responsibilities at Apple." However, this RFP also requests that Apple produce documents sufficient to show the reason for any change in Marcelo Lamego's job title or job responsibilities.  Please confirm that Apple will produce these documents as well.

**Interrogatories Nos. 7-10:**  During the parties' previous correspondence Plaintiffs explained that Apple's responses to these interrogatories was woefully deficient, but Apple refused to provide its position on these interrogatories, claiming it would only meet and confer with Plaintiffs "[i]f Plaintiffs provide a Section 2019.210-compliant disclosure."  *See* Nov. 25, 2020 Letter from Andrea to Larson. As explained above, the Court has now confirmed that Plaintiffs 2019.210 statement was sufficient the entire time.  Please confirm that Apple will supplement its responses to these interrogatories.

Best regards,

Adam B. Powell

32796726

Exhibit 17
-42-

# EXHIBIT 18

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Thursday, February 4, 2021 6:06 PM |
| **To:** | Andrea, Brian; Perry.Oldham |
| **Cc:** | Masimo.Apple; Karina.Villanueva; *** Apple-Masimo; Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Samplin, Ilissa; Kaounis, Angelique; Rosenthal, Brian A. |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery |

Brian,

We do not believe it is appropriate for Apple to use its own failure to produce documents to delay depositions.   Plaintiffs have been asking Apple to produce patent ownership documents for months and first requested this deposition on November 18.  On December 6, we explained that "Apple should have produced documents months ago and can still produce documents before the deposition."  We have also been asking Apple to exchange ESI custodians since October 1.  Only after we served a joint stipulation did Apple finally agree to exchange custodians as required by the ESI Order.   Please inform us when you expect to produce Mr. Oetting's documents.

Apple also appears to be changing its position as to whether it will allow the deposition to go forward.  Apple initially refused to allow the deposition unless Plaintiffs agreed not to seek a second deposition.  Seven weeks ago, Apple agreed the deposition would go forward subject to its intent to object to a second deposition.  Since then, the parties exchanged scheduling emails and eventually agreed on a date that worked for everyone.  Now, Apple appears to be again refusing to present the witness unless Plaintiffs agree not to seek a second deposition.

Finally, Apple has provided no basis for its new claim that it need not produce ownership/inventorship discovery until after Plaintiffs provide contentions that Apple deems sufficient.  We are aware of no authority supporting this position.  To the contrary, courts routinely hold that detailed contentions are best provided after substantial discovery occurs.

Please confirm whether Apple is now refusing to proceed unless Plaintiffs agree to the conditions you have imposed.

Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Monday, February 1, 2021 6:05 AM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

Perry,

**Exhibit 18**
**-43-**

Thanks for your response.

As we previously made clear, Apple is not willing to put Mr. Oetting up for deposition twice and Apple agrees that this deposition should not occur until after Mr. Oetting's documents have been produced.  As you know, the parties have agreed to exchange a list of ESI custodians next Friday (February 5) and Apple intends to identify Mr. Oetting as a custodian.  Once the parties have agreed on the list of custodians, we will work on negotiating search terms.  We do not believe it is feasible for the parties to complete this process and produce Mr. Oetting's documents prior to  February 22.

Moreover, Plaintiffs' portion of the joint stipulation filed yesterday makes clear that Plaintiffs have no intention of providing any additional information about their correction of inventorship/ownership allegations prior to February 22.  As you know, Apple does not believe it is fair or proper for Plaintiffs to refuse to provide basic information about their allegations while demanding discovery from Apple regarding those allegations.

For both of these reasons, we believe Mr. Oetting's deposition should be postponed until after (1) the parties agree on search terms and all of Mr. Oetting's documents have been produced; and (2) the Court resolves Apple's motion to compel filed yesterday.  This will ensure both parties have all of the information they require to prepare for the deposition and avoid any need to seek a second deposition of Mr. Oetting down the road.  If, however, Plaintiffs would like to proceed with Mr. Oetting's deposition on February 22, please confirm that Plaintiffs will not seek a second deposition of Mr. Oetting even if Mr. Oetting's ESI documents are produced after February 22 and that Plaintiffs will provide supplemental responses to Apple's Interrogatory Nos. 4, 5, and 23 within the next week.  Please let us know how you would like to proceed.

Thanks,
Brian


**Brian Andrea**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Thursday, January 28, 2021 9:40 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

[External Email]
Brian,

Please reserve that date for Mr. Oetting's deposition.  We expect Apple will provide Mr. Oetting's documents reasonably in advance of the deposition.

**Exhibit 18**
**-44-**

Thanks,

Perry


**Perry Oldham**

Partner

949-721-2961

**Knobbe Martens**

---

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Friday, January 22, 2021 3:42 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery


Perry,

Mr. Oetting is available for deposition on February 22.  As his calendar fills up rather quickly, please let us know if this date works for you as soon as possible.

Thanks,
Brian

**Brian Andrea**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

**From:** Andrea, Brian
**Sent:** Thursday, January 14, 2021 5:58 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

**Exhibit 18**
**-45-**

Perry,

Mr. Oetting indicated that he is not available in the first week of February.  We have asked him to provide us some dates in February that he is available and we will let you know as soon as we hear back from him.

Thanks,
Brian


**Brian Andrea**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Thursday, January 14, 2021 4:55 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery


[External Email]
Hi Brian,

Can you please let us know Mr. Oetting's availability in the first week of February?

Best regards,

Perry


**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**


**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Wednesday, December 23, 2020 10:44 AM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

**Exhibit 18**
**-46-**

Hi Perry,

We did not ask Mr. Oetting for his availability in February, but we will inquire.

Thanks, and happy holidays,
Brian


**Brian Andrea**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Tuesday, December 22, 2020 3:47 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

[External Email]
Brian,

Is Mr. Oetting available the first week in February?

Thanks,

Perry


**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**

---

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Thursday, December 17, 2020 7:30 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

Adam,

**Exhibit 18**
**-47-**

Wolf Oetting is available for a deposition by video conference on January 20, 21, or 22, 2020.  We reiterate our position that taking Mr. Oetting's deposition at this stage of the case is premature, particularly if Plaintiffs' intend to identify Mr. Oetting as an ESI custodian.  Should Plaintiffs pursue Mr. Oetting's deposition now, and seek a second deposition of Mr. Oetting later in the case, Apple will oppose a second deposition.

Please let us know how Plaintiffs would like to proceed.  I note that Mr. Oetting has limited availability, so we would appreciate confirmation as to whether you intend to proceed, and on what date, as soon as possible.

Thanks, and best regards,
Brian


**Brian Andrea**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Sunday, December 6, 2020 4:36 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

[External Email]
Dear Brian,

We understand it is Apple's position that Apple will not make Mr. Oetting available more than once.  However, Plaintiffs cannot agree in advance that Apple' position is appropriate.  The parties should discuss and resolve that issue if it arises.  We also disagree with Apple's position that this deposition is premature because of Apple's own failure to produce documents, such as patent ownership documents.  Apple should have produced documents months ago and can still produce documents before the deposition.  Apple also objects based on Section 2019.210, but Plaintiffs provided a sufficient Section 2019.210 statement and, regardless, Apple cannot rely on Section 2019.210 to preclude all fact discovery.  Apple further objects on the ground that Plaintiffs have not provided 30(b)(6) topics, but Plaintiffs need not provide 30(b)(6) topics to depose an individual.  Finally, your email states that Mr. Oetting will not be available until January because Apple "shuts down at the end of December."  But that does not justify Apple refusing to provide a deposition date at any time during December.  Please provide Mr. Oetting's availability for a deposition in December.

Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** **Martens**

**Exhibit 18**
**-48-**

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Monday, November 30, 2020 6:06 AM
**To:** Karina.Villanueva <Karina.Villanueva@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

Counsel,

We have received and reviewed your notice to take the deposition of Wolf Oetting.  As an initial matter, we note that your request is premature given that we have not produced documents from Mr. Oetting and Plaintiffs have not provided a list of 30(b)(6) topics or a sufficient Section 2019.210 statement.  Apple will not make Mr. Oetting available more than once, so if Plaintiffs would like to proceed now, we will need your agreement that you will not pursue a second deposition of Mr. Oetting later in the case.

If you would like to proceed, we will work on getting Mr. Oetting's availability for a deposition.  Please note that Apple shuts down at the end of December, so we do not anticipate him having availability until January at the earliest.

Best regards,
Brian


**Brian Andrea**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

**From:** Karina.Villanueva <Karina.Villanueva@knobbe.com>
**Sent:** Wednesday, November 18, 2020 5:41 PM
**To:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Discovery

[External Email]
Counsel,

Attached please find Plaintiffs' Notice of Deposition of Wolf Oetting. Please note, Plaintiffs selected December 14 as the deposition date, but are of course willing to make reasonable accommodations based on Mr. Oetting's schedule."

Best,

**Karina Villanueva**
Litigation Paralegal
Karina.Villanueva@knobbe.com

949-721-2928 **Direct**

**Exhibit 18**
**-49-**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Exhibit 18**
**-50-**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

9

**Exhibit 18**
**-51-**