JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax:310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23**<br><br>Judge:         Hon. John D. Early<br>Date/Time: February 18, 2021 / 10:00 AM<br>Courtroom: 6A<br><br>Discovery Cutoff:         7/5/2021<br>Pre-trial Conference:   3/21/2022<br>Trial:                              4/5/2022 |

Gibson, Dunn & Crutcher LLP

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23
CASE NO. 8:20-CV-00048-JVS (JDEx)

Plaintiffs' portion of the joint stipulation ("JS") confirms that there is no basis for Plaintiffs' continued withholding of basic factual information about their alleged contributions to the Apple "Disputed Patents." Plaintiffs brought this case—over a year ago—alleging that their employees contributed to the invention of the Disputed Patents, yet they still refuse to identify which employees contributed to which features of which claims and which documents support their allegations. Plaintiffs have no basis to withhold this basic discovery.

Plaintiffs' arguments that providing the requested information is "burdensome" are meritless. These interrogatories seek basic facts about Plaintiffs' allegations that Plaintiffs alone have in their possession. There are only two possible reasons for Plaintiffs' refusal to provide the information: (1) they do not know the facts, and thus had no basis to file the case in the first place; or (2) they do not want to tell Apple these facts. Plaintiffs insist they had a Rule 11 basis to bring their claims—stating they "had more than enough information to satisfy Rule 11" (JS 14, 33), which leads to the only conclusion that Plaintiffs simply do not want to tell Apple what they are alleging.[1]

Plaintiffs' refusal to provide these basic contentions is no different than a patent plaintiff refusing to provide infringement contentions before taking discovery. That is why courts have repeatedly held that basic information about inventorship allegations should be provided early in the case. *See, e.g., Swanson v. ALZA Corp.*, 2014 WL 4441161, at *2 (N.D. Cal. Sept. 9, 2014).

### A.   Apple's Interrogatory Nos. 4–5.

Plaintiffs' argument—despite Plaintiffs never objecting on this basis—that Apple's Interrogatory Nos. 4–5 are contention interrogatories that are "a serious form of discovery abuse" and impose "great burdens" on Plaintiffs is a significant overreach. JS 28. As Apple previously noted (Dkt. 280-1 at 2–3) and Plaintiffs concede (JS 28),

---

[1] That Apple did not move to dismiss the inventorship claims is irrelevant to the present dispute. Apple devoted its page-constrained briefs to dismissing Plaintiffs' deficient trade secret claims, which have already been at least partially dismissed three times.

1
Gibson, Dunn & Crutcher LLP

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23
CASE NO. 8:20-CV-00048-JVS (JDEX)

"whether contention interrogatories are appropriate is appropriately addressed on a case-by-case and interrogatory-by-interrogatory basis." *Id.* (quoting *Kraft Ams. v. Oldcastle Precast*, 2013 WL 12125759, at *7 (C.D. Cal. Dec. 18, 2013)). Indeed, "this Court prefers to consider contention interrogatories in the same manner it would consider any interrogatory placing the burden on the party opposing discovery." *Cable & Comp. Tech. v. Lockheed Sanders*, 175 F.R.D. 646, 652 (C.D. Cal. 1997). None of Plaintiffs' cited cases (JS 28–29) support their refusal to provide appropriate responses at this time. *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3–4 (C.D. Cal. Sept. 23, 2016) (rejecting attempt to obtain "theory of the case"); *Sec. & Exch. Comm'n v. Moshayedi*, 2013 WL 12172127, at *1 (C.D. Cal. Mar. 21, 2013) (18 separate interrogatories seeking "legal theories and work product"); *Timken Co. v. Wilshire Assocs. Inc.*, 2013 WL 12141419, at *4 (C.D. Cal. Jan. 10, 2013) (3 interrogatories "not focused on any particular issue or contention in dispute"); *Open Text Inc v. Northwell Health, Inc.*, 2020 WL 6050595, at *4 (C.D. Cal. Aug. 6, 2020) (inapposite scenario where defendant had not yet answered despite close of fact discovery in less than a month). If a defendant propounds "straightforward 'factual' contention interrogatories which [a] plaintiff should . . . be able to answer now," "plaintiffs must answer . . . with information as they now possess." *Cable & Comp. Tech.*, 175 F.R.D. at 652. That is exactly what Apple seeks.[2]

As discussed at length (JS 19–20), Plaintiffs' plainly deficient responses do not come close to being a "reasonable response," as Plaintiffs claim.[3] JS 13. Plaintiffs' paraphrasing of their responses demonstrates their deficiencies: "Plaintiffs identified *at least one claim* for each disputed patent, *recited the claim elements at issue*, and

---

[2] *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011), cited by Plaintiffs (JS 33), asked the plaintiff to describe "all the facts that support her contentions." By contrast, these interrogatories seek basic information about Plaintiffs' alleged inventors regarding *who* contributed *what* to the Disputed Patents.

[3] Apple reached out to Plaintiffs on December 23, 2020 in a final attempt to avoid this briefing. Plaintiffs never responded. While Plaintiffs complain that this was close to the holidays (JS 34 n.5), Plaintiffs could have requested additional time to respond.

2
SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

explained that they believe *Lamego obtained the claimed subject matter from, or jointly conceived of it with*, specifically named Masimo or Cercacor employees." JS 30 (emphasis added). That response is not nearly enough. Plaintiffs refuse to identify the full list of claims they allegedly co-invented. And even for the one exemplary claim, because Plaintiffs recite the <u>entire claim</u>, it is impossible to discern which aspects of the claimed invention they allege they invented. Plaintiffs also allege merely that they "believe" Lamego obtained the subject matter from their employees, but provide no basis for such a belief and no supporting evidence. Apple is not asking for "detailed and complex legal theories," but instead seeks the basic facts relating to Plaintiffs' allegations—what aspects of which claims do they allege were invented by whom, and what evidence supports those allegations. This basic information is required for any claim for correction of inventorship and Plaintiffs undoubtedly possess it. *See* JS 19.

Plaintiffs also argue for the first time that much of the information sought by the interrogatories is irrelevant. In particular, they allege that they should not be required to "identify each individual's contribution 'by column and line number' of the specification" because inventorship is a "claim-by-claim" question. JS 26. This argument misses the point; Plaintiffs have not even provided a list of *claims*—and which aspects of those claims—they allege they invented. Whether they provide the information with reference to the specification or the claims, Plaintiffs must provide an identification of what subject matter was allegedly contributed by whom.

Plaintiffs argue they are unable to provide each employee's alleged contribution because "development does not necessarily occur in that manner" and that "[p]arsing precisely who 'invented' every phrase or limitation in each claim is not consistent with how the information was developed and shared at Plaintiffs." JS 26. That specious argument does not excuse Plaintiffs' refusal to answer the interrogatories in full. Plaintiffs have alleged that their employees contributed to the claimed subject matter.[4]

---

[4] Plaintiffs state they do not claim "to have invented light emitters or detectors," yet they argue that they cannot identify which portions of the claims they *did* invent. JS 30.

3

Thus, there is no reason that Plaintiffs cannot identify who contributed what subject matter and identify any supporting evidence at this time. Moreover, as discussed in the JS, Plaintiffs' responses should identify how the information that was allegedly contributed is not "well-known concepts and/or current state of the art." JS 21-22. This is critical to a correction of inventorship inquiry—if, for example, the only contribution Plaintiffs' engineers made to Lamego's knowledge was an understanding of well-known concepts, Plaintiffs cannot use such contributions as a basis for their claim. *Id.*

Finally, Plaintiffs inexplicably argue that they cannot provide the requested information until after they take discovery from Apple and third-party Lamego. JS 31–32. But Plaintiffs' allegations are based on contributions allegedly made by their own employees to work Lamego did *while employed by Plaintiffs*. Dkt. 231-1 ¶¶ 256, 263, 270, 277, 284, 291, 299, 307, 315, 323, 331, 339, 346. No discovery will inform Plaintiffs what subject matter *their own employees* allegedly contributed to the inventions. Rather, that information is solely in Plaintiffs' possession; there is no credible reason Plaintiffs require discovery to understand their own allegations.

### B.  Apple's Interrogatory No. 23.

Plaintiffs' arguments that Interrogatory No. 23 is overbroad and irrelevant should be rejected. First, Plaintiffs' claim that the interrogatory is "overbroad on its face" (JS 39-40) completely ignores that Apple clarified the information sought in response to Plaintiffs' concerns. Dkt. 288-2, Ex. H at 152; JS 35. Rather than address the narrowed scope, Plaintiffs opt to respond to a straw man. The information Apple seeks is directly relevant to the issues in this case, and Plaintiffs should be ordered to respond. Moreover, Plaintiffs' arguments are contradicted by their own actions: Plaintiffs previously asked about Apple's first awareness of Plaintiffs' asserted patents (Ex. A at 10 (Interrog. No. 3)) which Apple answered (Ex. C at 37–38), yet now refuse to respond to Apple's request for information about Plaintiffs' first awareness of the Disputed Patents. Second, Plaintiffs argue that the information sought is "neither relevant nor proportional to the needs of the case." As previously discussed (JS 36–38), the information is directly

Gibson, Dunn & Crutcher LLP

4

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23
CASE NO. 8:20-CV-00048-JVS (JDEX)

relevant to Apple's defenses, including equitable defenses such as laches and equitable estoppel as well as to Plaintiffs' allegations that they took reasonable steps to protect their trade secrets. Plaintiffs' attempt to invoke privilege as a basis to refuse to respond is inappropriate. *See, e.g.*, *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3502481, at *1 (N.D. Cal. Aug. 10, 2011) ("Defendant may not invoke attorney-client privilege in response to Plaintiff's inquiries about when and how Defendant learned about Plaintiff's intellectual property at issue."); *Panasonic Corp. v. Getac Tech. Corp.*, 2020 WL 6163239, at *2 (C.D. Cal. Oct. 5, 2020) (noting that "privilege 'only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney'"). An interrogatory seeking the circumstances as to how a party first became aware of disputed intellectual property is plainly appropriate for discovery. *Panasonic*, 2020 WL 6163239, at *1 (ordering response to Interrogatory seeking awareness of asserted patents). Fourth, Plaintiffs argue that Apple has not yet answered the Complaint, and thus they "presently have no understanding of what defenses Apple will plead nor the basis for any such defenses." JS 42. Apple filed its Answer yesterday (Dkt. 291) asserting the defenses it has stated it would assert. Finally, Plaintiffs twist the Court's ruling on Apple's Motion to Dismiss (Dkt. 288-3, Ex. 13) into an argument that Plaintiffs' first awareness of the Disputed Patents is not relevant to their trade secret claims. JS 31–32. This argument is incorrect and conflates different legal standards. The Court held that Plaintiffs *alleged* that they took reasonable steps to maintain the secrecy of their trade secrets. Dkt. 288-3, Ex. 13 at 142–43. But the Court did not in any way suggest that Plaintiffs' first awareness of Apple's publication was *irrelevant* to Plaintiffs' claims. The standard for a motion to dismiss is inapplicable to that of a discovery dispute. *See Estate of Sanchez v. Cty. of Stanislaus*, 2020 WL 1952667, at *3 n.1 (E.D. Cal. Apr. 23, 2020). Under Plaintiffs' logic, no defendant would ever be able to file a motion for summary judgment on an issue it lost in a motion to dismiss. This is contrary to law.

Gibson, Dunn & Crutcher LLP

5

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23
CASE NO. 8:20-CV-00048-JVS (JDEx)

Dated: February 4, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
      Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

6

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4–5 AND 23
CASE NO. 8:20-CV-00048-JVS (JDEX)