# Exhibit B

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 1-5)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Gibson, Dunn & Crutcher LLP

1
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
Case No. 8:20-cv-00048-JVS (JDEx)

Exhibit B
Page 14

1  Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") First Set of Interrogatories to Defendant Apple Inc. (Nos. 1–5) (the "Interrogatories").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing. The following Responses are made to the best of Apple's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein. Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available. Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them. If Masimo subsequently asserts an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## GENERAL OBJECTIONS

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction. Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa. A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason. However, the omission of any General Objection,

Gibson, Dunn & Crutcher LLP

2
**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
Case No. 8:20-cv-00048-JVS (JDEx)

Exhibit B
Page 15

Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections. Apple's objections and responses do not constitute any admission by Apple of the relevance, materiality, or admissibility into evidence of the subject matter, documents, or facts contained or referred to in any Interrogatory or in Apple's response.

1. By stating that it will provide information or produce documents in response to any particular Interrogatory, Apple makes no representation that any such information or documents exist, but, rather, if such information or documents exist, and are within Apple's possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place to be agreed upon by the parties.

2. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they require Apple to draw a legal conclusion in order to respond, or seek to impose any requirements or obligations on Apple in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, including any Discovery Order and Docket Control Order, or any stipulation or agreement of the parties.

3. Apple objects to the Interrogatories on the ground and to the extent that they prematurely request legal and/or factual contentions. Apple also objects to the Interrogatories as premature to the extent that they seek information related to opinion testimony or to expert discovery.

4. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they include, use, or refer to any of the terms used, defined, or referred to in U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S. Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No. 10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554 (collectively, the "Asserted Patents") to the extent such Interrogatories

Gibson, Dunn &
Crutcher LLP

3
APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit B
Page 16

would require Apple prematurely to reach a legal conclusion as to the meaning of those terms. Apple's response to any such Interrogatory is not an admission or statement regarding claim construction.

5. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they purport to cover any claims not asserted in Masimo's Infringement Contentions. Apple will provide answers only as to Masimo's specific allegations. Apple uses the terms "Asserted Claim" or "Asserted Claims" herein to refer to the claims that Masimo alleges are infringed in its Infringement Contentions.

6. Apple objects to each Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. Apple's responses to these Interrogatories are made without waiving its objections to the number of interrogatories served by Masimo herein, or in the future.

7. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they call upon Apple to investigate, collect, and disclose information that is not relevant to the claims or defenses of either party or the subject matter of this litigation, or that is not proportional to the needs of the case, including to the extent the Interrogatories seek information regarding products, services, systems, or components which may be outside the scope of any infringement allegations or listing of accused products Masimo has provided to Apple. Apple will interpret the Interrogatories as requesting a response that Apple can provide upon reasonable efforts that are proportional to the relevance of the information to the claims or defenses at issue in this case. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information regarding products or services offered or sold by Apple that Masimo has not specifically identified in its Amended Complaint (Dkt. 100). It is Masimo's burden to identify products, services, systems, or components

that allegedly infringe, and that burden cannot be shifted to Apple through Interrogatories. Apple will not provide information on products, services, systems, or components other than those identified in Masimo's Amended Complaint.

8. Apple objects to the Interrogatories to the extent they seek to require Apple to identify facts and evidence in support of an issue for which Masimo bears the burden of proof.

9. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information outside of Apple's possession, custody, and control.

10. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information or documents that are a matter of public record, equally accessible and/or ascertainable to Masimo (such as information that is currently within Masimo's control), or that can be obtained from a source other than Apple.

11. Apple objects to the Interrogatories to the extent they call for information that may be derived or ascertained from the documents previously produced, whether by Apple or any other party in this proceeding, on the grounds that the burden of deriving or ascertaining answers to these Interrogatories is substantially the same for Masimo as for Apple pursuant to Federal Rule of Civil Procedure 33(d).

12. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they call for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, or the relevant statutory or case law. Disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

13. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they are vague, ambiguous, confusing, overbroad, duplicative,

unduly burdensome, and/or they fail to define necessary terms.

14. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they assume disputed facts or facts that are inaccurate, argumentative, or otherwise defective in form. Apple denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

15. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek confidential proprietary or trade secret information of third parties. Apple will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

16. Apple objects to each Interrogatory to the extent that it does not contain an appropriate restriction on the covered time and geographic scope as overly broad, unduly burdensome, and seeking information that is not relevant.

17. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to compel Apple to generate or create information and/or documents that do not already exist, and to the extent that they seek documents or information not maintained in the ordinary course of business.

18. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of Apple's trade secrets, proprietary or other confidential or competitively sensitive business and technical information or documents, or personal information that is protected by statutory, constitutional, common law, or privacy rights. To the extent such non-privileged information or documents exist, are in Apple's possession, custody, or control, and can be located through a reasonable search and produced without unreasonable burden and duplicative effort, Apple will provide such information or documents only pursuant to the terms and protection of the Protective Order.

**OBJECTIONS TO DEFINITIONS**

1. Apple objects to the Definitions in the Interrogatories to the extent they

purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court. Apple will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2. Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc." Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to the action. Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection. In responding to the Interrogatories, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3. Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Masimo Corporation encompassed in the definition.

4. Apple objects to Plaintiffs' definition of "Cercacor" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5. Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the

definition purports to include "additional patents" that Plaintiffs have not alleged Apple infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action. In responding to the Interrogatories, Apple will construe this term to mean the patents asserted by Plaintiffs in the First Amended Complaint in this action, and will limit its responses accordingly.

6. Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 4 and later devices identified and alleged in the First Amended Complaint to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

7. Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 4 and later devices identified and alleged in the First Amended Complaint to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8. Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 4 and later devices identified and alleged in the First Amended Complaint to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9. Apple objects to the definition of "documents" as overly broad, unduly

burdensome, vague, and ambiguous. Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

10. Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous. In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11. Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous. In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12. Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous. Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## OBJECTIONS TO INSTRUCTIONS

1. Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other

applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2. Apple objects to Instruction No. 3 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control. Apple also objects to Instruction No. 3 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court. Apple further objects to Instruction No. 3 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3. Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically." Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4. Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5. Apple objects to Instruction No. 6 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

6. Apple objects to Instruction No. 7 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue

Gibson, Dunn &
Crutcher LLP

10
APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit B
Page 23

burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

7. Apple objects to Instruction No. 8 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

8. Apple objects to Instruction No. 9 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

9. Apple objects to Instruction No. 10 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

10. Apple objects to Instruction No. 12 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

For each Accused Product that you contend does not infringe one or more claims of the Masimo Asserted Patents either literally or under the doctrine of equivalents, explain separately for each Accused Product the full and complete basis for each non-infringement contention, including an explanation of which claim limitations are missing from each Accused Product, your complete factual basis supporting your

1 contention that each claim limitation is missing from each Accused Product, an
2 identification of all documents, things, and witnesses supporting your contentions, and
3 the three (3) individuals who are most knowledgeable about the structure, function, and
4 operation of the Accused Product supporting or relating to Your non-infringement
5 defense.

6 **RESPONSE TO INTERROGATORY NO. 1:**

7 Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as overly broad and unduly burdensome in that it requests "three (3)" individuals who are most knowledgeable about the structure, function, and operation of the Accused Product.  Apple objects to this Interrogatory as premature and hence improper and unduly burdensome as it calls for information that is appropriately the subject of expert discovery and subject to deadlines set forth in the Court's Scheduling Order.  Apple objects to this Interrogatory as premature because Plaintiffs have not yet provided their infringement contentions or identified the claims they allege are infringed by each Accused Product.  Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims in this action.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:  Brian Land and Stephen Waydo are the individuals most knowledgeable about the structure, function, and operation of the Accused Products.

Apple will provide the information sought by this Interrogatory in accordance with the Scheduling Order entered in this case.  Apple will respond to this Interrogatory after Plaintiffs provide their infringement contentions.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

Gibson, Dunn &
Crutcher LLP

12
APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit B
Page 25

**INTERROGATORY NO. 2:**

For each of the Masimo Asserted Patents that you contend is invalid or unenforceable, explain separately for each claim of each Masimo Asserted Patent your full and complete basis for asserting invalidity or unenforceability, including without limitation describing in detail each alleged basis for invalidity or unenforceability, identifying by page and line or figure number where each limitation of each claim can be found in the prior art, explaining why it would have been obvious to combine the prior art references on which you rely in alleging obviousness, and identifying all documents, things, and witnesses supporting your contentions.

**RESPONSE TO INTERROGATORY NO. 2:**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects that this Interrogatory is premature and hence improper and unduly burdensome because it calls for information that is appropriately the subject of expert discovery and subject to separate timing requirements for invalidity contentions per the Court's Scheduling Order. Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims in this action.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows: Apple will provide the information sought by this Interrogatory in accordance with the Scheduling Order entered in this case.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 3:**

Identify the circumstances and dates relating to your first awareness of each of the Masimo Asserted Patents, including without limitation the identity of each person

through which you were first informed of such patents, the date and manner in which you obtained or received any copies or other information relating to such patents, the location of each copy or piece of information, and the identity of each person to whom such copies or information were distributed, and identify all documents, things, and witnesses supporting your response.

**RESPONSE TO INTERROGATORY NO. 3:**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome in that it fails to define "circumstances." Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows: Apple first became aware of U.S. Patent Nos. 10,258,265, 10,258,266, 10,292,628, 10,299,708, 10,376,190, 10,376,191, 10,470,695, 6,771,994, 8,457,703, and 10,433,776 on or around January 9, 2020, the date Plaintiffs served their original Complaint (Dkt. No. 1) in this matter. Apple first became aware of U.S. Patent Nos. 10,588,553, and 10,588,554 on or around March 25, 2020, the date Plaintiffs served their First Amended Complaint (Dkt. No. 28) in this matter.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 4:**

Identify all facts of which You are aware that relate to the determination of a reasonable royalty if You are found to infringe any of the Asserted Patents, including but not limited to facts relevant to each of the factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**RESPONSE TO INTERROGATORY NO. 4:**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory to the extent it seeks a legal conclusion. Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information already in Plaintiffs' possession, custody, or control. Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action. Apple objects to this Interrogatory for prematurely seeking expert opinion and/or testimony in violation of the Scheduling Order. Apple objects to this Interrogatory to the extent it improperly seeks to shift Masimo's burden regarding damages to Apple; indeed, Plaintiffs have not provided any information whatsoever to indicate what they seek in damages or royalties.

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows: Apple denies that it infringes any of the claims of the Asserted Patents identified in Plaintiffs' Complaint, and thus the damages and royalty rate should be $0. Apple will provide the information sought by this Interrogatory in accordance with the Scheduling Order entered in this case and in response to information that may be provided by Plaintiffs' in response to fact and expert discovery in this matter regarding the reasonable royalty they seek.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 5:**

Separately for each Apple Watch Product, provide on a monthly basis from April 2015 to present, the total unit and dollar sales, revenue, total net profit, and total gross profit realized for each Apple Watch made, used, sold, offered for sale, imported, or

exported by You, and identify all documents, things, and witnesses supporting your response.

**RESPONSE TO INTERROGATORY NO. 5:**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information related to products that are not relevant to this litigation, which Masimo has not identified in its Complaint or otherwise accused of infringement.  Apple objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome to the extent that the phrase "realized" is not defined.  Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action. Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent it requests information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the ordinary course of business. Apple will interpret the Interrogatory as requesting sales and revenue information in the type and form that it is kept in the ordinary course of business.  Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Interrogatory as premature and prejudicial to the extent that Apple has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.  Apple objects to this Interrogatory as overly broad and unduly burdensome because the patents are directed to specific features of a physiological measurement device, and Plaintiffs have not provided any evidence to establish that damages should be based on the sale of the Accused Products as a whole.  Apple objects to this Interrogatory as premature because a Protective Order has not been entered in this action.

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows:  Apple is willing to meet and confer to discuss the mutual

1 exchange of relevant and reasonable financial information after entry of a Protective
2 Order in this action.
3     Apple reserves the right to supplement and/or amend its response to this
4 Interrogatory as it continues its investigation and as discovery progresses.

7 Dated: June 11, 2020

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
    Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On June 11, 2020, I served the within **DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 1-5)** on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on June 11, 2020, at Irvine, California.

*Tracy A Morgan*
Tracy A. Morgan