# Exhibit C

Exhibit C
Page 32

| | |
|---|---|
| JOSHUA H. LERNER, SBN 220755<br>  jlerner@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street Suite 3000<br>San Francisco, CA 94105<br>Tel.: 415.393.8200 / Fax: 415.393.8306 | |
| H. MARK LYON, SBN 162061<br>  mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Tel.: 650.849.5300 / Fax: 650.849.5333 | |
| BRIAN M. BUROKER, *pro hac vice*<br>  bburoker@gibsondunn.com<br>BRIAN K. ANDREA, pro hac vice<br>  bandrea@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel.: 202.955.8541 / Fax: 202.467.0539 | ILISSA SAMPLIN, SBN 314018<br>  isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel.: 213.229.7000 / Fax: 213.229.7520 |
| BRIAN A. ROSENTHAL, *pro hac vice*<br>  brosenthal@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.2339 / Fax: 212.817.9539 | ANGELIQUE KAOUNIS, SBN 209833<br>  akaounis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East Suite 4000<br>Los Angeles, CA 90067<br>Tel.: 310.552.8546 / Fax: 310.552.7026 |

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 1-5)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

1

Gibson, Dunn & Crutcher LLP

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEX)

Exhibit C
Page 33

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Supplemental Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") First Set of Interrogatories to Defendant Apple Inc. (Nos. 1–5) (the "Interrogatories").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing. The following Supplemental Responses are made to the best of Apple's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Supplemental Responses herein. Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Supplemental Responses as further information becomes available. Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them. If Masimo subsequently asserts an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## **GENERAL OBJECTIONS**

Apple re-asserts and incorporates by reference herein each and every General Objection, Objection to Definition, and Objection to Instruction that Apple previously asserted in its earlier interrogatory responses, including those asserted with respect to the instructions and definitions contained in the Interrogatories.

Gibson, Dunn & Crutcher LLP

2

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit C
Page 34

# SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1:

For each Accused Product that you contend does not infringe one or more claims of the Masimo Asserted Patents either literally or under the doctrine of equivalents, explain separately for each Accused Product the full and complete basis for each non-infringement contention, including an explanation of which claim limitations are missing from each Accused Product, your complete factual basis supporting your contention that each claim limitation is missing from each Accused Product, an identification of all documents, things, and witnesses supporting your contentions, and the three (3) individuals who are most knowledgeable about the structure, function, and operation of the Accused Product supporting or relating to Your non-infringement defense.

## RESPONSE TO INTERROGATORY NO. 1 (JUNE 11, 2020):

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory as overly broad and unduly burdensome in that it requests "three (3)" individuals who are most knowledgeable about the structure, function, and operation of the Accused Product. Apple objects to this Interrogatory as premature and hence improper and unduly burdensome as it calls for information that is appropriately the subject of expert discovery and subject to deadlines set forth in the Court's Scheduling Order. Apple objects to this Interrogatory as premature because Plaintiffs have not yet provided their infringement contentions or identified the claims they allege are infringed by each Accused Product. Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims in this action.

Subject to and without waiving the foregoing General and Specific Objections,

Apple responds as follows: Brian Land and Stephen Waydo are the individuals most knowledgeable about the structure, function, and operation of the Accused Products.

Apple will provide the information sought by this Interrogatory in accordance with the Scheduling Order entered in this case. Apple will respond to this Interrogatory after Plaintiffs provide their infringement contentions.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 2:**

For each of the Masimo Asserted Patents that you contend is invalid or unenforceable, explain separately for each claim of each Masimo Asserted Patent your full and complete basis for asserting invalidity or unenforceability, including without limitation describing in detail each alleged basis for invalidity or unenforceability, identifying by page and line or figure number where each limitation of each claim can be found in the prior art, explaining why it would have been obvious to combine the prior art references on which you rely in alleging obviousness, and identifying all documents, things, and witnesses supporting your contentions.

**RESPONSE TO INTERROGATORY NO. 2 (JUNE 11, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects that this Interrogatory is premature and hence improper and unduly burdensome because it calls for information that is appropriately the subject of expert discovery and subject to separate timing requirements for invalidity contentions per the Court's Scheduling Order. Apple objects to this Interrogatory as premature and prejudicial because it implicates claim construction issues, and the Court has yet to construe the claims in this action.

Subject to and without waiving the foregoing General and Specific Objections,

Apple responds as follows: Apple will provide the information sought by this Interrogatory in accordance with the Scheduling Order entered in this case.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 3:**

Identify the circumstances and dates relating to your first awareness of each of the Masimo Asserted Patents, including without limitation the identity of each person through which you were first informed of such patents, the date and manner in which you obtained or received any copies or other information relating to such patents, the location of each copy or piece of information, and the identity of each person to whom such copies or information were distributed, and identify all documents, things, and witnesses supporting your response.

**RESPONSE TO INTERROGATORY NO. 3 (JUNE 11, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome in that it fails to define "circumstances." Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows: Apple first became aware of U.S. Patent Nos. 10,258,265, 10,258,266, 10,292,628, 10,299,708, 10,376,190, 10,376,191, 10,470,695, 6,771,994, 8,457,703, and 10,433,776 on or around January 9, 2020, the date Plaintiffs served their original Complaint (Dkt. No. 1) in this matter. Apple first became aware of U.S. Patent Nos. 10,588,553, and 10,588,554 on or around March 25, 2020, the date Plaintiffs served their First Amended Complaint (Dkt. No. 28) in this matter.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (AUGUST 12, 2020):**

Subject to and without waiving the foregoing general and specific objections, Apple responds additionally as follows: Apple first became aware of U.S. Patent Nos. 10,624,564, 10,631,765, 10,702,194, 10,702,195, and 10,709,366 on or around July 24, 2020, the date Plaintiffs filed an Application to file their Second Amended Complaint (Dkt. No. 88) in this matter.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 4:**

Identify all facts of which You are aware that relate to the determination of a reasonable royalty if You are found to infringe any of the Asserted Patents, including but not limited to facts relevant to each of the factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**RESPONSE TO INTERROGATORY NO. 4 (JUNE 11, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory to the extent it seeks a legal conclusion. Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information already in Plaintiffs' possession, custody, or control. Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action. Apple objects to this Interrogatory for prematurely seeking expert opinion and/or testimony in violation of the Scheduling Order. Apple objects to this Interrogatory to

the extent it improperly seeks to shift Masimo's burden regarding damages to Apple; indeed, Plaintiffs have not provided any information whatsoever to indicate what they seek in damages or royalties.

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows: Apple denies that it infringes any of the claims of the Asserted Patents identified in Plaintiffs' Complaint, and thus the damages and royalty rate should be $0. Apple will provide the information sought by this Interrogatory in accordance with the Scheduling Order entered in this case and in response to information that may be provided by Plaintiffs' in response to fact and expert discovery in this matter regarding the reasonable royalty they seek.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 5:**

Separately for each Apple Watch Product, provide on a monthly basis from April 2015 to present, the total unit and dollar sales, revenue, total net profit, and total gross profit realized for each Apple Watch made, used, sold, offered for sale, imported, or exported by You, and identify all documents, things, and witnesses supporting your response.

**RESPONSE TO INTERROGATORY NO. 5 (JUNE 11, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information related to products that are not relevant to this litigation, which Masimo has not identified in its Complaint or otherwise accused of infringement. Apple objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome to the extent that the phrase "realized" is not defined. Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action. Apple objects to this Interrogatory as overly broad and unduly burdensome to the extent

1  it requests information of a type not maintained by Apple and/or in a format different
2  from the format in which Apple maintains its data in the ordinary course of business.
3  Apple will interpret the Interrogatory as requesting sales and revenue information in the
4  type and form that it is kept in the ordinary course of business. Apple objects to this
5  Interrogatory as overly broad and unduly burdensome to the extent it seeks information
6  not relevant to the subject matter of this litigation and not reasonably calculated to lead
7  to the discovery of admissible evidence. Apple objects to this Interrogatory as premature
8  and prejudicial to the extent that Apple has not completed its investigation of the facts
9  and documents relating to this case and has not fully completed its discovery in this
10 action. Apple objects to this Interrogatory as overly broad and unduly burdensome
11 because the patents are directed to specific features of a physiological measurement
12 device, and Plaintiffs have not provided any evidence to establish that damages should
13 be based on the sale of the Accused Products as a whole. Apple objects to this
14 Interrogatory as premature because a Protective Order has not been entered in this action.

15     Subject to and without waiving the foregoing general and specific objections,
16 Apple responds as follows: Apple is willing to meet and confer to discuss the mutual
17 exchange of relevant and reasonable financial information after entry of a Protective
18 Order in this action.

19     Apple reserves the right to supplement and/or amend its response to this
20 Interrogatory as it continues its investigation and as discovery progresses.

| | |
|---|---|
| Dated: August 12, 2020 | JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Joshua H. Lerner*<br>         Joshua H. Lerner<br><br>*Attorneys for Defendant Apple Inc.* |

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Washington, D.C. I am over the age of 18 and not a party to the within action.

On August 12, 2020, I served the within DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 1–5) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury that the forgoing is true and correct. Executed on August 12, 2020, at Washington, D.C.

/s/ Brian Andrea
Brian Andrea