Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404 Facsimile:  (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone:  (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>                 Plaintiffs,<br><br>        v.<br><br>APPLE INC., a California corporation<br><br>                 Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) **PLAINTIFFS' APPLICATION TO**<br>) **FILE PLAINTIFFS' FOURTH**<br>) **AMENDED COMPLAINT UNDER**<br>) **SEAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1    Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO
2 CORPORATION ("Masimo") and CERCACOR LABORATIES, INC.
3 ("Cercacor") respectfully request that the Court seal portions of Plaintiffs'
4 Fourth Amended Complaint (the "FAC").  Plaintiffs have provided a proposed
5 redacted version of the FAC.

6    At the Court's invitation, Plaintiffs filed their Third Amended Complaint
7 under seal so Plaintiffs could describe their trade secrets in additional detail.
8 *See, e.g.,* Dkt. 219 at 8.  Plaintiffs continue to provide additional details about
9 their trade secrets, and respectfully request the Court seal the FAC.

## I. LEGAL STANDARDS

11    The public's "access to judicial records is not absolute."  *Kamakana v.*
12 *City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  "'[C]ompelling
13 reasons' sufficient to outweigh the public's interest in disclosure and justify
14 sealing court records exist" when disclosure would "release trade secrets."  *Id.*
15 at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)).
16 "One factor that weighs in favor of sealing documents is when the release of the
17 documents will cause competitive harm to a business."  *Apple Inc. v. Samsung*
18 *Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be
19 sealed where "competitors could not obtain [the information] anywhere else."
20 *Id.* at 1229 (reversing district court's refusal to seal material after finding
21 compelling reasons to seal the material).  Moreover, identifications of trade
22 secrets are "subject to any orders that may be appropriate under Section 3426.5
23 of the Civil Code."  Cal. Code Civ. P. § 2019.210.  Section 3426.5 states that a
24 court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means,
25 which may include . . . sealing the records of the action . . .."  Cal. Civ. Code
26 § 3426.5 (emphasis added).
27 / / /
28 / / /

-1-

## II. ARGUMENT

Plaintiffs' FAC contains descriptions of information that Plaintiffs assert constitute trade secrets as well as other confidential information. Each category is described in more detail below.

First, paragraphs 40, 41, 42, 45, 234, 237, 242 and 254 discuss Plaintiffs' confidential and proprietary technical trade secrets. Powell Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Second, paragraphs 43 and 245 discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. *Id.* ¶ 5. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Third, paragraphs 44 and 248-251 discuss Plaintiffs' trade secrets concerning interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part due to its secrecy. Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with

1    Plaintiffs or undermine Plaintiffs' strategies.  Thus, Plaintiffs would be harmed

2    if these trade secrets were disclosed.  *Id.*

3          Fourth, paragraphs 231, 235-236, 238-241, 243-244, 246-247, 252-253

4    255-256, 258, and 260 explain Apple's misappropriation of Plaintiffs' trade

5    secrets.  *Id.* ¶ 7.  Information in these paragraphs has been designated "Highly

6    Confidential – Attorney's Eye's Only" under the Protective Order.  *Id.*  These

7    paragraphs further discuss how Apple disclosed Plaintiffs trade secrets.  *Id.*

8    Apple has previously argued that the Court should not seal quotations from

9    public documents that allegedly disclose Plaintiffs' trade secrets.  *See e.g.*, Dkt.

10   145.  The Court rejected these arguments.  *See* Dkt. 152 (rejecting Apple's

11   argument and sealing quotations from patents).  As Plaintiffs previously

12   explained, mere publication does not automatically show specific information is

13   "generally known" under California law, such that the information is not a trade

14   secret.  *See* Cal. Civ. Code § 3426.1(d); *Kittrich Corporation v. Chilewich*

15   *Sultan, LLC*, 2013 WL 12131376, at *4 (C.D. Cal., Feb. 20, 2013) (publication

16   on the Internet does not necessarily destroy information's status as a trade

17   secret).  Determining whether information is not a trade secret "requires a fact-

18   intensive analysis" to show that the information is generally known.  *Kittrich,*

19   2013 WL 12131376, at *4.  Further, Plaintiffs expressly claim the value and

20   importance of Plaintiffs' techniques as a trade secret.  Because Plaintiffs have

21   industry-leading technologies, knowing which particular techniques Plaintiffs

22   use or consider effective is valuable information that competitors could use to

23   improperly compete against Plaintiffs.  Such information would inform

24   competitors' selection of techniques because they would better understand

25   which techniques and information originated with Plaintiffs.  *Id.*

26         Courts seal documents where, as here, disclosure "will cause competitive

27   harm."  *See Apple*, 727 F.3d at 1221.  Plaintiffs' competitors should not,

28   because of the judicial process, be permitted to access Plaintiffs' confidential

information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute Plaintiffs' TAC discusses Plaintiffs' "***alleged*** trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5 (emphasis added). Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Moreover, the Court previously granted numerous applications to seal similar information that Plaintiffs allege is a trade secret, including: (1) Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction (Dkt. 110); (2) Plaintiffs' Application to Seal Documents Filed in Support of Apple's Opposition to Plaintiffs Motion for Preliminary Injunction (Dkt. 145); (3) Plaintiffs' Application to Seal Portions of Plaintiffs Opposition to Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint (Dkt. 179); (4) Plaintiffs' Application to Seal Portions of Plaintiffs' Opposition to Apple's Motion to Stay (Dkt. 208); and (5) Plaintiffs' Application and [Proposed] Order Granting Leave to File Third Amended Complaint Under Seal (Dkt. 230). Dkt. 113; Dkt. 152; Dkt. 182; Dkt. 210; Dkt. 233. The Court should grant this Application for the same reasons it granted the prior applications.

### III.  CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal Plaintiffs' Fourth Amended Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 5, 2021        By: */s/ Adam B. Powell*
                                      Joseph R. Re
                                      Stephen C. Jensen
                                      Perry D. Oldham
                                        Stephen W. Larson
                                        Adam B. Powell

                                      Attorneys for Plaintiffs,
                                      Masimo Corporation and
                                      Cercacor Laboratories