UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   Order Re: Defendant's Motions to Compel (Dkt. 272, 288)
**[FILED INITIALLY UNDER SEAL]**

## I.
## INTRODUCTION

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed their original complaint in this action against Defendant Apple Inc. ("Defendant" or "Apple") on January 9, 2020. See Dkt. 1. On November 13, 2020, Plaintiffs filed a Third Amended Complaint ("TAC") alleging claims for: (1) patent infringement (12 counts); (2) trade secret misappropriation under California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.; (3) correction of inventorship (6 counts); and (4) declaratory relief (7 counts). See Dkt. 230-2 (redacted). On February 5, 2021, Plaintiff filed an application to file a Fourth Amended Complaint under seal. Dkt. 296.

On January 13, 2021, Defendant filed a Motion to Compel Further Supplemental Responses to Interrogatories 6, 10, 11 and 13, with joint stipulation and supporting and opposing evidence. Dkt. 272 ("First Motion"), 272-1 ("First Joint Stipulation" or "First Jt. Stip."), 272-2 to 272-4. On January 21, 2021, Defendant filed a Supplemental Memorandum in support of the First Motion. See Dkt. 281.

On January 28, 2021, Defendant filed a Motion to Compel Further Supplemental Responses to Interrogatories 4, 5, and 23, with a joint stipulation and supporting and opposing evidence. Dkt. 288 ("Second Motion"), 288-1 ("Second Joint Stipulation" or "Second Jt. Stip."), 288-2 to 288-4. On February 3, 2021, the Court continued the hearing on the First Motion to coincide with the hearing on the Second Motion. Dkt. 290. On February 4, 2021, the parties filed their respective Supplemental Memorandum supporting or opposing the Second Motion with evidence. Dkt. 292 to 292-1, 293, 294 to 294-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

The Court finds the First Motion and Second Motion may properly be decided without oral argument, vacates the hearing set for February 18, 2021, and rules as follows.

## II.
## RELEVANT LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). Relevance under Rule 26(b)(1) is defined broadly. See Snipes v. United States, 334 F.R.D. 548, 550 (N.D. Cal. 2020); V5 Techs. v. Switch, Ltd., 334 F.R.D. 306, 309 (D. Nev. 2019), aff'd sub nom. V5 Techs., LLC v. Switch, LTD., 2020 WL 1042515 (D. Nev. Mar. 3, 2020) (noting that relevance for discovery purposes remains broad even after the 2015 amendments of the Federal Rules of Civil Procedure). Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). If the answer to an interrogatory may be determined by examining a party's business records, and "if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may answer by specifying (and making available) the records in sufficient detail to allow the interrogating party to locate and them as readily as the propounding party. Rule 33(d).

"The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4); see Moore v. Gipson, 2018 WL 746489, at *2 (E.D. Cal. Feb. 7, 2018) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable")). A propounding party may move for an order compelling an answer to an interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii). An evasive or incomplete answer or response is treated as a failure to answer. Rule 37(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw-Hill Cos., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted)). Once the minimal showing or relevance is made, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

"Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). Still, courts have recognized that contention interrogatories "may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded." Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 652 (C.D. Cal. 1997); SPH Am., LLC v. Research in Motion, Ltd., 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016). While contention interrogatories that are served close to trial can "be a useful tool to narrow the issues in dispute" and may be appropriate, "[c]ourts are reluctant to allow contention interrogatories when the responding party has not yet obtained enough information through discovery to respond . . . ." Protective Optics, Inc. v. Panoptx, Inc., 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007); FootBalance Sys. Inc. v. Zero Gravity Inside, Inc., 2018 WL 722834, at *1 (S.D. Cal. Feb. 5, 2018) (citing Tennison v. City & Cty. of S.F., 226 F.R.D. 615, 618 (N.D. Cal 2005); Lexington Ins. Co. v. Commonwealth Ins. Co., 1999 WL 33292943 (N.D. Cal. Sept. 17, 1999)).

As with any other discovery device, contention interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case under Rule 26(b)(1). See Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013) (requiring a "listing every single fact in support of [the parties'] contentions would be unduly burdensome"); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) (contention interrogatories "are often overly broad and unduly burdensome" when they require a party to state "every fact" or "all facts" supporting responses); S.E.C. v. Berry, 2011 WL 2441706 *4 (N.D. Cal. June 15, 2011) (contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome") (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

quotation marks and citation omitted); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011) (an interrogatory "seeking every fact that underlies every affirmative defense is unduly burdensome"); In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *2 ("Additionally, pursuant to Rule 26, because the contention interrogatories . . . seek 'all facts' supporting [the party's] allegations, they are overly broad and unduly burdensome on their face."); Anaya v. CBS Broad. Inc., 2007 WL 2219458, at *6 (D. N.M. May 16, 2007) ("A contention interrogatory that seeks, in one paragraph, all of the facts supporting allegations, however, is overly broad and unduly burdensome on its face.").

"[A]s a general rule, a party moving to compel responses to contention interrogatories at an early stage in litigation must show that the responses would 'contribute meaningfully' to one of the following: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56." AMEC Env't & Infrastructure, Inc. v. Geosyntec Consultants Inc., 2013 WL 3923459, at *2 (N.D. Cal. July 26, 2013) (citing In Re Convergent Techs. Sec. Litig., 108 F.R.D. 328, 337 (N.D.Cal.1985)).

## III.
## DISCUSSION

**A.    First Motion**

Interrogatory Nos. 6, 10, 11, and 13 propounded by Defendant request information "about each of the alleged trade secrets in this case—each secrets' alleged development, misappropriation, and access, and the harm Plaintiff contends it suffered." First Jt. Stip. at 26. These interrogatories ask:

Interrogatory No. 6:
For each alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person.

Interrogatory No. 10:
For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret. To the extent Your response for any alleged Trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Secret(s) is that Apple has used, is using, or plans to use the alleged Trade Secret in an Apple product (e.g., the Accused Products), identify and describe how each such product in fact incorporates or uses the Trade Secret(s).

Interrogatory No. 11:
For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access.

Interrogatory No. 13:
For each alleged Trade Secret that You contend was misappropriated by Apple, identify and describe in detail how You were harmed by the alleged misappropriation.

First Jt. Stip. at 1, 17, 21, 24.

Defendant's primary contention on this First Motion is that Plaintiffs' responses to the interrogatories at issue are not detailed enough. For Interrogatory Nos. 6, 10, and 11, Defendant challenges Plaintiffs' refusal to provide trade-secret-by-trade-secret answers on each trade secret's "alleged development, misappropriation, and access . . . ." First Jt. Stip. at 26; see also id. at 33, 50, 62. Defendant also argues that Plaintiffs' responses to Interrogatory Nos. 6, 10, and 11 are incomplete because they lack certain information. See id. at 35-39, 52-54, 63. As for Interrogatory No. 13, Defendant argues "neither iteration of Plaintiffs' response . . . provides any information about harm," so "Plaintiffs should be ordered to amend their response . . . to specify the type of harm, and supply the facts associated with the harm, on which they based the filing of their trade secret misappropriation claim." Id. at 67, 69. Plaintiffs' specific arguments on these interrogatories vary, but generally Plaintiffs contend that their responses are sufficient and Defendant's demands are overly burdensome and not proportional to the needs of this case. See First Jt. Stip. at 39, 55, 58-59, 64-65, 69.

For Interrogatory Nos. 6 and 10, Plaintiffs' responses are not deficient because they do offer trade-secret-by-trade-secret information. Defendant argues that Plaintiffs' responses are unclear because responses are not tied to a specific trade secret. See First Jt. Stip. at 33, 50-51. The Court does not find Plaintiffs' responses to these two interrogatories as unclear as Defendant claims, especially as Plaintiffs answered using the same six categories used in their California Code of Civil Procedure Section 2019.210 ("Section 2019.210") trade secret

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

disclosures, which lists the particular trade secrets belonging in each category. Dkt. 272-2 Ex. 1 (under seal). Because information stated under each category in Plaintiffs' answers to Interrogatory Nos. 6 and 10 may be understood as relating or applicable to the trade secrets listed under the same category in Plaintiff's Section 2019.210 statement, the Court finds those responses sufficient at least as to Defendant's challenge to the alleged failure to answer on a trade-secret-by-trade-secret basis.

Defendant also contends that Plaintiffs' responses to Interrogatory Nos. 6 and 10 are missing certain information, suggesting that Plaintiffs have not fully responded to these requests. See First Jt. Stip. at 35-38, 52-54. Reviewing Plaintiffs' responses, the Court finds that Plaintiffs answered what these interrogatories ask. For example, the Court cites, without restating as the responses were filed under seal, Plaintiffs' responses to Interrogatory No. 6 set forth at pages 7-8 of the First Joint Stipulation. In these responses, Plaintiff described their developmental efforts for certain trade secrets. Regarding Interrogatory No. 10, in arguing Plaintiffs' responses are inadequate, Defendant states Plaintiffs have offered no support that the identified features of the Apple Watch are not the result of independent research and "no factual details about how Apple allegedly induced Lamego and O'Reilly to breach their confidentiality agreements and disclose Plaintiffs' alleged trade secrets." First Jt. Stip. at 52-54. As Plaintiffs note, however, Interrogatory No. 10 does not ask for such specific information from Plaintiffs. See First Jt. Stip. at 17; cf. Big Baboon, Inc. v. Dell, Inc., 2010 WL 11459799, at *3 (C.D. Cal. Mar. 16, 2010) ("The interrogatory did not specify that it sought invalidity charts or other detailed information. Instead, it was a generic contention interrogatory seeking all facts in support of all affirmative defenses. Given the broad language of the interrogatory, it is not surprising that Plaintiff did not receive more specific responses.").

Further, as to Interrogatory No. 6, Defendant argues Plaintiffs are withholding names of individuals who were involved "in the conception, design, development, and/or use of" Plaintiffs' alleged trade secrets as shown by Plaintiffs "hedging" their response with the phrase "at least." First Jt. Stip. at 38-39. The Court does not find Plaintiffs' use of "at least" here a sign that Plaintiffs are withholding information, especially when Defendant has not come forth with evidence that Plaintiffs are doing so. Cf. Grossman v. Directors Guild of Am., Inc., 2018 WL 5914242, at *5 (C.D. Cal. Aug. 22, 2018) (citing Unilin Beheer B.V. v. NSL Trading Corp., 2015 WL 12698382, at *5 (C.D. Cal. Feb. 27, 2015) ("A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel.") (citations omitted))); Chester v. King, 2019 WL 4013354, at *4 (E.D. Cal. Aug. 26, 2019) (stating that the "[d]efendant cannot be expected to provide answers that he does not have, or has not been able to obtain despite due diligence."). "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

burden is on the party seeking to compel discovery to cast doubt on the responding party's assertion that it does not have the requested information." Bos. v. ClubCorp USA, Inc., 2019 WL 1873293, at *8 (C.D. Cal. Mar. 11, 2019) (quoting Gary Friedrich Enters., LLC v. Marvel Enters., Inc., 2011 WL 2623458 at *1 (S.D. N.Y. June 1, 2011)). Defendant's disbelief of Plaintiffs' representations, without more, does not justify an order compelling further responses when, facially, the supplemental responses are substantively sufficient.

For the reasons above, the First Motion as to Interrogatory Nos. 6 and 10 is denied.

As to Interrogatory No. 11, Defendant similarly takes issue with the lack of trade-secret-by-trade-secret response from Plaintiffs. But the situation for Interrogatory No. 11 is unlike Interrogatory Nos. 6 and 10, because Defendant purportedly informed Plaintiffs that

> if Plaintiffs' response is that all of the individuals identified for each category of alleged secrets had access to each and every one of the alleged secrets in that category, then Plaintiffs should so state in their Interrogatory response. Plaintiffs refused to do so following the parties' correspondence on this issue . . . .

First Jt. Stip. at 63. Plaintiffs do not refute Defendant's assertion. Instead, Plaintiffs argue that requiring them to "create a compilation based on" a certain number of years of records is overly burdensome and not proportional to the needs of the case, particularly when "Plaintiffs have informed Apple that all individuals with access to Plaintiffs' trade secrets were under a duty to maintain the secrecy of that information at all times." Id. at 64. Plaintiffs also state that "they [are] not withholding any information and would supplement if they learned additional facts," and so "even if Apple's demand were proper, the Court should deny this motion to compel as premature." Id.

Despite Plaintiffs' claim that all individuals who had access to their trade secrets "were under a duty to maintain the secrecy of that information at all times," Defendant is nevertheless entitled to obtain discovery to assess Plaintiffs' efforts to maintain the secrecy of their alleged trade secrets. First Jt. Stip. at 64. Furthermore, though Plaintiffs contend examining the specified number of years of records and compiling information based on such records is a "burdensome" and "likely impossible[ ] exercise," Plaintiffs do not explain how this is so or provide evidence to support the claim of undue burden. Id.; A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996))). And considering that the Court's reason for concluding that answering category-by-category is acceptable for Interrogatory Nos. 6 and 10 does not appear to apply to Interrogatory No. 11, a more detailed response for Interrogatory No. 11 is warranted. While Plaintiffs state, and Defendant does not deny, that no depositions have occurred yet, given that the Court has already found Plaintiffs' Section 2019.210 statement sufficient, directing Plaintiffs to provide more detailed response to Interrogatory No. 11 is not premature. See Dkt. 272-2 ¶ 12. The First Motion is therefore granted as to Interrogatory No. 11. Plaintiffs shall provide a supplemental response as set forth below in this Order.

Lastly, on Interrogatory No. 13, although Defendant does not appear to seek a trade-secret-by-trade-secret response from Plaintiffs (see First Jt. Stip. at 27-28, 68-69; Dkt. 281 at 5), Defendant contends Plaintiffs' response to this interrogatory is too generic, "reading more like a general list of the types of harm that could exist in any trade secret case." Dkt. 281 at 5; see also First Jt. Stip. at 66-67. Plaintiffs argue they have properly responded: "Apple asks 'for a description of the type of harm Plaintiffs presently contend they have suffered.' . . . Plaintiffs' interrogatory response provides exactly that information." Id. at 69 (quoting id. at 68) (emphasis omitted).

Reviewing Plaintiffs' responses to Interrogatory No. 13, the Court finds that Plaintiff sufficiently answered this request. While Plaintiffs statement that "[d]iscovery in this matter has only recently begun . . . , and Plaintiffs are continuing to investigate the subject matter of this interrogatory" qualifies Plaintiffs' response, Plaintiffs still provided a substantive response and did not solely refer to information that is expected to be reveal in an expert report unlike the several cases Defendant cites in support of its position. See First Jt. Stip. at 67-68. Rather, Plaintiffs' responses offer "some understanding of the particular harms" they allegedly suffered because of Defendant's alleged misappropriation. First Jt. Stip. at 67 (quoting AMEC Env't & Infrastructure, Inc., 2013 WL 3923459, at *5). Plaintiffs' responses are also not as threadbare as the interrogatory answer described in Loop AI Labs Inc v. Gatti, which "simply lists the categories of damages [the plaintiff] seeks . . . ." 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016).

The First Motion is therefore denied as to Interrogatory No. 13.

**B.    The Second Motion**

Interrogatory Nos. 4, 5, and 23 propounded by Defendant seeks "factual information about Plaintiffs' correction of inventorship and ownership allegations." Second Jt. Stip. at 10. These interrogatories ask:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Interrogatory No. 4:
For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged Inventor and/or others conceived of such subject matter and/or reduced such subject matter to practice, identifying when such conception and reduction to practice took place, describing each Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, and identifying and describing in detail all evidence to support any contention that the inventors named on that Apple Patent did not solely conceive and/or reduce to practice any of the claims of that Apple Patent.

Interrogatory No. 5:
For each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple Patent and/or Apple Application, identifying by patent column and line number or application page and paragraph number all subject matter of such Apple Patent or such Apple Application that Plaintiffs assert was developed by Marcelo Lamego, describing the circumstances under which Marcelo Lamego and/or others conceived of such subject matter, identifying when such conception and reduction to practice took place, identifying any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such subject matter and/or reduction to practice of such subject matter, describing each such Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, identifying which entity— Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and stating in detail any other factual and legal bases for Your contention that You are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications.

Interrogatory No. 23:
Identify all facts of which You are aware that relate to each of the Apple Patents and each of the Apple Applications. Your response should identify at least the circumstances and dates relating to your first awareness of each of the Apple Patents and each of the Apple Applications.

Second Jt. Stip. at 1-2, 6-8, 9.

    **1.    Interrogatory Nos. 4 and 5**
Defendant argues Interrogatory Nos. 4 and 5 seek "basic information" on

the identity of the specific subject matter from each claim Plaintiffs allege their alleged inventors contributed, who invented that subject matter and when, what evidence Plaintiffs are aware of that support their contention, and an identification of how the subject matter they supposedly contributed differs from what was known in the prior art.

Second Jt. Stip. at 10, 11. Defendant explains these interrogatories relate to the elements Plaintiffs need to establish to show their "own employees should be listed as co-inventors on the Disputed Patents (and that Plaintiffs thus have an ownership right in the Disputed Patents)." Id. at 19. Defendant states that it needs this information to "understand the scope of the dispute, prepare its defenses, and determine whether or not claim construction is necessary. . . . Without knowledge of Plaintiffs' actual allegations, Apple is left to guess as to the contours of Plaintiffs' allegations and the actual dispute between the parties." Id.

    Although Plaintiffs responded to Interrogatory Nos. 4 and 5, rather than solely objecting to the requests, Defendants argue Plaintiffs' answers are nevertheless insufficient. At to Interrogatory No. 4, Defendant contests Plaintiffs' "canned response" for "each of the Disputed Patents"—which Defendant claims is "almost verbatim" to language in the TAC—simply "listed out verbatim all of the elements of one claim from the patent and concluded that Lamego allegedly developed 'this subject matter' while he was employed by Plaintiffs, and identified one or more of Plaintiffs' employees who allegedly co-invented 'this subject matter.'" Second Jt. Stip. at 15, 17. As to Interrogatory No. 5, Defendant states Plaintiffs offer "no additional details" besides adding "that because Lamego had agreed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

assign patentable subject matter conceived during his employment with Plaintiffs, Plaintiffs therefore own the Disputed Patents." Id. at 15, 17.

Defendant contends that "Plaintiffs' responses do not even come close to providing the information Apple requested. The responses for each of the Disputed Patents essentially amount to: 'at least one claim of Apple's patent recites the following elements; we invented this claim; therefore we own Apple's patent.'" Second Jt. Stip. at 19; see also id. at 17 ("Plaintiffs' responses are deficient and 'merely provide a laundry list of claim elements that appear in [each Disputed Patent], and assert, in conclusory fashion, that Marcelo Lamego must have obtained information regarding those claim elements from Masimo or Cercacor.'"). Instead, Defendant states that a full and complete response should, "for each claim of each of the Apple Patents or Application," include:

- "the specific subject matter Plaintiffs allege they contributed" by "column and line number";
- identification of the individuals who "invented that specific subject matter" and when such individuals invented the specific subject matter;
- "identification of supporting evidence (including documents and/or source code)" that "Plaintiffs are aware of that support their contention"; and
- "identification of how the subject matter they supposedly contributed differs from what was known in the prior art."

Second Jt. Stip. at 18, 20; Dkt. 288-4 at 2.

Defendant also contends that these requests are not premature, because Plaintiffs "do not need discovery from [Defendant] to answer these interrogatories" and "are in possession of this information if they had a Rule 11 basis to make the allegations in the first place." Second Jt. Stip. at 16, see also id. at 18, 20, 22. "[Defendant] seeks responses to the interrogatories that set forth the facts of which Plaintiffs are aware at this time," but, Defendant states, "to date, Plaintiffs have not provided those facts." Id. at 20, see also id. at 23 ("[T]he fact that there is still discovery to be exchanged is not a valid reason for Plaintiffs to withhold providing information about their claims that is currently—and has been since the beginning of this suit—in their possession." (emphasis omitted)).

Plaintiffs challenge Interrogatory Nos. 4 and 5, seeking "all facts" and "all evidence" in support of various claims, as overly broad, seeking information that is irrelevant, and not proportional to the needs of this case given the "stage of the case." Second Jt. Stip. at 25-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

"The interrogatories are also overbroad because they ask for detailed and complex legal positions as to each separate person who contributed to the claimed subject matter in numerous patents and applications." Id. at 26. In addition, Plaintiffs argue obtaining information on "each individual's contribution 'by column and line number' of the specification" is irrelevant "because inventorship is determined with respect to the subject matter claimed in a patent, not the subject matter disclosed in a patent specification." Second Jt. Stip. at 26 (emphasis omitted). Plaintiffs assert such detailed information that "[p]ars[es] precisely who 'invented' every phrase or limitation in each claim" is also irrelevant because it is "is not consistent with how the information was developed and shared at Plaintiffs and is not necessary for Plaintiffs to prove their claims because a person is properly named as an inventor of a patent if they contributed to any aspect of any claim." Id. Plaintiffs further argue Defendant's request that Plaintiffs "engage in a burdensome exercise of explaining 'how the subject matter they supposedly contributed differs from what was known in the prior art'" is not only irrelevant to the issue of inventorship but also information that Defendant's interrogatories did not request. Id. at 26-27.

Moreover, Plaintiffs argue that Interrogatory Nos. 4 and 5 are improper and premature contention interrogatories because it is "still early in the case," and "[t]he pleadings have not yet closed, . . . the parties are just beginning to discuss ESI discovery, and there have been no depositions." Second Jt. Stip. at 28 (citing Dkt. 288-3 ¶ 2). Plaintiffs note that "[c]ourts tend to deny contention interrogatories filed before substantial discovery has taken place." Second Jt. Stip. at 28 (quoting AMEC Env't & Infrastructure, Inc., 2013 WL 3923459, at *2). While Defendant insists Plaintiffs are the only ones with the information sought, Plaintiffs counter that further discovery is necessary because "these interrogatories ask detailed questions about the contributions of Marcelo Lamego and others who worked with him, [so] Plaintiffs need discovery from Lamego and others," but "Lamego is a third-party to whom Plaintiffs cannot talk because they are currently suing him and his new company . . . ." Second Jt. Stip. at 10, 31. Plaintiffs also argue that information from Defendant is necessary, but Defendant has been "withholding discovery relating to the very contentions on which it moves to compel," reinforcing Plaintiffs' stance that the contention interrogatories at issue are premature. Id. at 13, 31-32; Dkt. 292 at 1-4. Plaintiffs state that "[j]ust because [they] bear the burden of proof [for their claims] does not mean [Defendant's] early contention interrogatories are proper. Indeed, one purpose of discovery is to obtain information from an opposing party to support a party's claims or defenses." Second Jt. Stip. at 31 (citing Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

While Interrogatory Nos. 4 and 5 seek information that is relevant to this case, Plaintiffs' answers to these interrogatories are sufficient at this stage. First, unlike Defendant's assertions, Interrogatory Nos. 4 and 5 do not expressly ask Plaintiffs to describe "how the subject matter they supposedly contributed differs from what was known in the prior art," so Plaintiffs' answers are not deficient for not having this information. Second Jt. Stip. at 20; see also id. at 1, 6. For Interrogatory No. 4, even though Plaintiffs' response as to each patent follows the same structure, Plaintiffs identified one claim for each disputed patent, stated that Plaintiffs believed Lamego obtained the specified subject matter "from discussions with, or jointly conceived it with" named Masimo or Cercacor employees while Lamego was employed by Plaintiffs. See Second Jt. Stip. at 1-6. Likewise, in response to Interrogatory No. 5, Plaintiffs explain that

> Lamego, as well as Al-Ali, Diab, and Weber, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, or improvements) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter. Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '052, '670, '095, '750 and '671 Patents, and the '507 Application.

Second Jt. Stip. at 7. Plaintiffs also references a separate document as an example of a written assignment between Lamego and Cercacor. See id. Plaintiffs' answers are sufficient at this stage of the case.

While Defendant presents Interrogatory Nos. 4 and 5 as narrow requests that ask for information on a few points, these requests, as written, are not so limited. Indeed, both requests ask Plaintiffs to "identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent" or "Apple Application" "was invented by each of the Alleged Inventors" or "developed by Marcelo Lamego while working for Plaintiffs," and include a non-exhaustive list of information sought. See Jt. Stip. at 1-2, 6-8 (emphasis added). Contention interrogatories "'are often overly broad and unduly burdensome' when they require a party to state 'every fact' or 'all facts' supporting responses." Campbell v. Facebook Inc., 2015 WL 3533221, at *5 (N.D. Cal. June 3, 2015) (quoting Haggarty, 2012 WL 4113341, at *2 and citing Former S'holders of Cardiospectra, Inc., 2013 WL 5513275, at *2 ("listing every single fact in support of their contentions would be unduly burdensome")). Given that the parties here have not taken depositions and are just starting discussions on the production of ESI documents, an order directing Plaintiffs to supplement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

their responses at this time "would be of questionable value to the goal of efficiently advancing the litigation." In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1-2 (N.D. Cal. Dec. 11, 2008) (noting that "courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete" and concluding the defendant's contention interrogatories were premature). Nonetheless, all parties are reminded that they are subject to Rule 26(e)(1)(A)'s mandate supplement any interrogatory response "in a timely madder if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

For the reasons set forth above, the Second Motion as to Interrogatory Nos. 4 and 5 is denied.

**2.  Interrogatory No. 23**

Interrogatory No. 23 seeks "facts about Plaintiffs' knowledge, awareness, and actions taken with respect to each [Disputed Patent]." Second Jt. Stip. at 35 (alteration in original). Defendant explains this information is relevant to its defenses in this case—specifically laches and equitable estoppel. See id. at 36, 39. During the meet and confer process, Defendant purportedly informed Plaintiffs of the specific types of information sought:

- the date Plaintiffs first learned about each Disputed Patent;
- how Plaintiffs learned about each Disputed Patent;
- who first learned about each Disputed Patent, who they discussed each [Disputed Patent] with, and when those discussions occurred; and
- what actions Plaintiffs took with respect to each [Disputed Patent] after they learned of them, including but not limited to internal discussions, discussions with prosecution counsel, . . . any steps that were taken to investigate the inventorship/ownership of each [Disputed Patent], and any alleged harm Plaintiffs believe they suffered as a result of Apple's filing of each [Disputed Patent].

Second Jt. Stip. at 35-36 (alterations in original); see also Dkt. 288-4 at 2-3.

Subject to several objections, including those based on "attorney-client privilege, work product doctrine, or any other applicable privilege or immunity," Plaintiffs answered:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

    Plaintiffs incorporate by reference their responses to Interrogatories Nos. 4 and 5, including any supplements thereto. Plaintiffs also incorporate by reference the allegations set forth in their Complaint, including any amendments thereto, regarding the Apple Patents and each of the Apple Applications. Plaintiffs are further aware of the contents of and statements made in the Apple Patents and Applications, as well as the prosecution histories of the Apple Patents and Applications.
    Plaintiffs request a meet and confer about the scope of this interrogatory.
    Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

Second Jt. Stip. at 9-10.

    Plaintiffs contend Interrogatory No. 23 is overbroad and seeks information that is neither relevant nor proportional to the needs of this case. See Second Jt. Stip. at 41-44. Plaintiffs first contend that this interrogatory seeks privileged information because it asks for privileged information with prosecution counsel. Id. at 41. Plaintiffs also argue that Defendant's relevancy argument falls short because Defendant had not asserted any defenses yet, given that Defendant had not filed an Answer to the TAC at the time the Second Motion was filed. Second Jt. Stip. at 42. So "[t]he Court should not order discovery as to defenses that Apple has not pleaded and has maintained 'do not yet exist.'" Id.

    Plaintiffs also state that even if Defendant timely files its Answer, which Defendant did on February 3, 2021 (see Dkt. 291), "the timing of the . . . [Second] Motion will prevent Plaintiffs from having any opportunity to explain whether Apple's actual defenses warrant the discovery Apple seeks." Second Jt. Stip. at 42. Plaintiffs further suggest Defendant's grounds for asserting equitable estoppel and laches as defenses are lacking. See Second Jt. Stip. at 43-44. In their Supplemental Memorandum, Plaintiffs contend that Defendant's Answer did not include equitable estoppel as a defense and asserted defenses of waiver, unclean hands, and laches with a "single conclusory sentence with no supporting factual allegations." Dkt. 292 at 4. Plaintiffs therefore "still have no understanding of the basis for Apple's defenses or how the interrogatories at issue are relevant to such defenses," and "Plaintiffs should have the opportunity to address and understand these defenses before having to provide more detailed contentions based on such defenses." Dkt. 292 at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

As an initial matter, Defendant's statement in the Second Joint Stipulation (Second Jt. Stip. at 34-35) that it "clarified" that Interrogatory No. 23 only seeks the categories of information does not appear to be a clarifying, but in fact appears to be an expansion of categories of information sought. Even read broadly Interrogatory No. 23 seeks facts "relating to" the Apple Patents and Apple Applications, including the circumstances and dates Plaintiffs became aware of the Apple Patents and Apple Applications. Second Jt. Stip. 9. Defendant's "narrowing," stripped of expanded categories of information, seeks: (1) the date Plaintiffs first learned about each Disputed Patent; (2) how Plaintiffs learned about each Disputed Patent; and (3) who first learned about each Disputed Patent. The Court therefore limits Interrogatory No. 23 to those categories of information.

So limited, Interrogatory No. 23 relates to Defendant's defenses in this case and thus seeks relevant information. Notably, Defendant asserted defenses include estoppel and laches in its Answer to the TAC. Dkt. 291 ¶¶ 352-53, 357. The Court finds paragraphs 352 and 353 of the Answer raises the issue of estoppel sufficiently to allow discovery on estoppel-related facts. Despite Plaintiffs' argument that Defendant's basis for these defenses is unclear and that Plaintiffs did not have adequate "opportunity to address and understand these defenses," Defendant had articulated its reasons in the Second Joint Stipulation and purportedly explained its position during the meet and confer process. See Second Jt. Stip. at 36-39. Plaintiffs also state that Judge Selna had rejected Defendant's "identical argument" on Plaintiffs' first awareness of Defendant's disclosure in its motion to dismiss. Second Jt. Stip. at 43; see also Dkt. 273 at 10. But Judge Selna only "disagree[d]" that Defendant's contention "is a basis for dismissal." Dkt. 273 at 10. As Defendant observes, Judge Selna addressed neither the relevancy of Plaintiffs' first awareness of Defendant's disclosure nor the merits of Defendant asserting estoppel and laches as defenses.

On the issue of Plaintiffs' privilege/trial preparation objections, the parties have not provided sufficient information for the Court to rule on such objections. However, as limited by the Court, Interrogatory No. 23 does not appear to call for any privileged information. To the extent Plaintiff contends information responsive to Interrogatory No. 23, as limited herein, is shielded from discovery by any privilege or related doctrine, Plaintiff shall serve an appropriate privilege log with its supplemental response ordered below. See Rule 26(b)(5).

As to Plaintiffs' contention that they should not be compelled to answer interrogatories about Defendant's potential defenses that had not yet been asserted, Defendant filed an Answer to the TAC on February 3, 2021 (see Dkt. 291). Although Plaintiffs thereafter filed an application to file a fourth amended complaint under seal (see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Dkt. 295), Plaintiffs have not provided any reason to believe the fourth amended complaint materially alter Plaintiffs' allegations against Defendant in a way that renders Defendant's affirmative defenses asserted in its Answer to the TAC inapplicable.

Lastly, although Plaintiffs answered Interrogatory No. 23 by incorporating their answers to Interrogatory Nos. 4 and 5, Plaintiffs' responses to Interrogatory Nos. 4 and 5 do not include information on "the circumstances and dates relating to your first awareness of each of the Apple Patents and each of the Apple Applications." Second Jt. Stip. at 9; see also id. at 1-8. Thus, the response is not a complete response to Interrogatory No. 23, as limited herein.

The Second Motion is thus granted in part as to Interrogatory No. 23. Plaintiffs shall provide a supplemental response to this interrogatory as set forth below in this Order.

## IV.
## CONCLUSION

For the foregoing reasons, Defendant's First Motion (Dkt. 272) and Second Motion (Dkt. 288) are GRANTED in part and DENIED in part as set forth below.

The First Motion is GRANTED as to Interrogatory No. 11. Plaintiffs shall, within 21 days from the date of this Order, serve a supplemental response to Interrogatory No. 11 that identifies the employees, independent contractors, or consultants who had access to the trade secrets at issue in this case, and, identifying which trade secret(s) each person had access to, if known. The First Motion is DENIED is all other respects.

The Second Motion is GRANTED in part as to Interrogatory No. 23. Plaintiffs shall, within 21 days from the date of this Order, serve a supplemental response to Interrogatory No. 23 describing: (1) the date Plaintiffs first learned about each Apple Patent or Application; (2) how Plaintiffs learned about each Apple Patent or Application; and (3) who first learned about each Apple Patent or Application. The Second Motion is DENIED in all other respects.

IT IS SO ORDERED.