JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' FOURTH AMENDED COMPLAINT**<br><br>**Hearing**<br><br>Date: April 19, 2021<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 19, 2021, at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court for the Central District of California at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California 92701, Defendant Apple Inc. ("Apple") will and hereby does move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice portions of the Thirteenth Cause of Action for trade secret misappropriation under the California Uniform Trade Secret Act ("CUTSA") asserted by Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") against Apple in the Fourth Amended Complaint filed in the above-captioned matter. Portions of Plaintiffs' CUTSA claim are facially deficient for at least the following reasons.

*First*, the Court has instructed Plaintiffs *three times* to "describe the trade secret[s] with sufficient particularity to separate [them] from matters of general knowledge" to enable Apple "to ascertain at least the boundaries within which the secret lies." ECF 273 at 4 (quoting *Acrisure of Cal., LLC v. SoCal Com. Ins. Servs.*, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019); ECF 219 at 3 (same); ECF 60 at 7 (same). The Court found that one of Plaintiffs' purported secrets (*see* Third Am. Compl. ¶ 44.2, ECF 233) consists of "facially public" "information" incapable of trade secret protection. ECF 273 at 9. The Court likewise found "unprotectable" the alleged secrets "dependent on" the predicate failed public "secret" regarding independent research. *Id*. Plaintiffs nonetheless plead the same failed underlying secret (Fourth Am. Compl. ¶ 44.2)—and tack on more faulty supplements (*id.* ¶ 44.3–.5). Accordingly, Plaintiffs still have not adequately pled these alleged trade secrets.

*Second*, Plaintiffs have not amended the misappropriation allegations concerning certain trade secrets (Fourth Am. Compl. ¶¶ 248–53) to adequately assert misuse or disclosure of actual confidential information or to plausibly allege anything beyond innocent conduct. While the Court addressed misappropriation of each of the other

alleged categories of trade secrets in its last dismissal order, it did not do so for these secrets. ECF 273 at 13. Therefore, Plaintiffs still do not adequately allege improper use or disclosure of these alleged secrets.

*Third*, Plaintiffs repeat the defective theory that "it *appears*" that Apple is using Plaintiffs' trade secrets (Fourth Am. Compl. ¶¶ 254–57). ECF 264 at 13. But the Court already found that these allegations were "conclusory" and failed to "rise to the level of plausibility." ECF 264 at 13 (citing Third Am. Compl. ("TAC") ¶ 244) (emphasis added). The Fourth Amended Complaint provides nothing new to support Plaintiffs' baseless speculation.

*Fourth*, Plaintiffs' allegations still do not support a reasonable inference that Apple induced either of Plaintiffs' former employees to use or disclose Plaintiffs' alleged secrets. Instead, Plaintiffs posit innocuous allegations that Apple (i) paid its employees well, and (ii) hired people for technical subject matter expertise—in other words, Apple acted properly, as an industry-leading technology company would, to advance its business initiatives. Fourth Am. Compl. ¶¶ 230–32.

*Finally*, Plaintiffs continue to rely on irrelevant and/or conclusory allegations— which the Court already rejected—to support their theory of *respondeat superior* liability. The so-called "new" allegations parrot statements (sometimes reproduced multiple times) contained in Plaintiffs' prior failed complaints that still fail to plausibly suggest that Plaintiffs' former employees misappropriated Plaintiffs' alleged trade secrets. *See, e.g.*, Fourth Am. Compl. ¶¶ 233–61.

Accordingly, and further explained in Apple's accompanying Memorandum of Points and Authorities, the above-referenced portions of Plaintiffs' CUTSA claim should be dismissed with prejudice.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Apple's Request for Judicial Notice and the supporting Declaration and exhibits attached thereto, all pleadings and papers on file in

this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 17, 2021.

Dated:  February 26, 2021.                     Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua H. Lerner*
          Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*