JOSHUA H. LERNER, SBN 220755
jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

MASIMO CORPORATION,
CERCACOR LABORATORIES, INC.,

Plaintiffs,

v.

APPLE INC.,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS PORTIONS OF THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION IN PLAINTIFFS' FOURTH AMENDED COMPLAINT**

**Hearing:**
Date: April 19, 2021
Time: 1:30 p.m.
Place: Courtroom 10C
Judge: Hon. James V. Selna

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:**

In accordance with Rule 201 of the Federal Rules of Evidence, Defendant Apple Inc. ("Apple"), by and through its attorneys, respectfully requests that the Court take judicial notice of Exhibits 1 through 11 attached to the Declaration of Joshua Lerner filed in support of this Request for Judicial Notice in support of Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action for Trade Secret Misappropriation in Plaintiffs' Fourth Amended Complaint ("Motion to Dismiss") and ECF No. 288-2 at 341-46:

1. **Exhibit 1:** A true and correct copy of a publication from the U.S. Department of Health and Human Services, Food and Drug Administration ("FDA") titled "Guidance for Clinical Trial Sponsors Establishment and Operation of Clinical Trial Data Monitoring Committees" dated March 2006, which is publicly available at https://www.fda.gov/media/75398/download.
2. **Exhibit 2:** A true and correct copy of a publication from the FDA titled "Guidance for Clinical Investigators, Industry, and FDA Staff Financial Disclosure by Clinical Investigators" dated February 2013, which is publicly available at https://www.fda.gov/media/85293/download.
3. **Exhibit 3:** A true and correct copy of Form FDA 3454 from the FDA titled "Certification: Financial Interests and Arrangements of Clinical Investigators," which is publicly available at https://www.fda.gov/media/70465/download.
4. **Exhibit 4**: A true and correct copy of a page from Masimo's website that reflects a listing of its patents, which is publicly available at https://www.masimo.com/company/masimo/patents/ (last visited Feb. 23, 2021).

1

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

5. **Exhibit 5:** A true and correct copy of a journal article titled "History of Blood Gas Analysis. VII Pulse Oximetry," written by John W. Severinghaus, MD, and Yoshiyuki Honda, MD. This article is publicly available from Masimo's (Chinese) website at https://www.masimo.cn/Nellcorfiction/PDF_FF/History of Pulse Oximetry.pdf.

6. **Exhibit 6:** A true and correct copy of an excerpt of MASA00080451, which is a document produced in this litigation by Plaintiffs and designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and cited in the Fourth Amended Complaint as reflecting Plaintiffs' alleged trade secrets.

7. **Exhibit 7:** A true and correct copy of a Masimo press release titled "New Clinical Studies Presented at the American Society of Anesthesiologists Annual Meeting Show Benefits of Masimo Noninvasive Technologies: SpHb, PVI, RRa, and SEDLine," (Oct. 11, 2011), which is publicly available at https://investor.masimo.com/news/news-details/2011/New-Clinical-Studies-Presented-at-the-American-Society-of-Anesthesiologists-Annual-Meeting-Show-Benefits-of-Masimo-Noninvasive-Technologies-SpHb-PVI-RRa-and-SEDLine/default.aspx.

8. **Exhibit 8:** A true and correct copy of a Masimo press release titled "Canada's World-Renowned Hospital for Sick Children Standardizes on Masimo SET Pulse Oximetry," (Sept. 19, 2002), which is publicly available at https://www.masimo.com/company/news/news-media/2002/#news-51293e24-6fbd-4f50-a3f4-74700aed9a3b. Other press releases from 2002 that were included on the webpage have been redacted.

9. **Exhibit 9:** A true and correct copy of a journal article titled "Noninvasive Continuous Hemoglobin Monitoring in Combat Casualties: A Pilot Study," by Elizabeth Bridges and Jennifer J. Hatzfeld, published in 2016 by Shock journal, which is publicly available at

2
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

https://journals.lww.com/shockjournal/Fulltext/2016/09001/Noninvasive_Continuous_Hemoglobin_Monitoring_in.8.aspx.

10. **Exhibit 10**: A true and correct copy of a Masimo press release titled, "Masimo Signal Extraction Pulse Oximetry Debuted at the American Society of Anesthesiology Conference," (Oct. 14, 1998), which is publicly available at https://www.masimo.com/company/news/news-media/2005/#news-702b969a-bc54-4da1-9d92-0c85d1678c15. Other press releases from 1998 that were included on the webpage have been redacted.

11. **Exhibit 11:** A true and correct copy of Marcelo Lamego's LinkedIn profile.

12. ECF No. 288-2 at 341-46 is a true and correct copy of United States Patent No. 4,854,699, published by the USPTO on August 8, 1989, which is publicly available through USPTO's Patent Full-Text and Image Database (PatFT).

**JUDICIAL NOTICE IS WARRANTED**

This Court "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). These Exhibits are relevant to arguments raised by Apple in its concurrently filed Motion to Dismiss that Plaintiffs' allegations concerning two of their alleged trade secrets simply state known scientific principles inherent in any pulse oximetry device or are facially public.

This Court should take judicial notice of Exhibits 1, 2 and 3 because they are public documents available on the FDA.gov website and therefore "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Houston v. Medtronic, Inc.*, 957 F.Supp.2d 1166, 1170 n. 1 (C.D. Cal. 2013) (citing Fed. R. Evid. 201(b)); *see also Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) ("[It is] appropriate to take judicial notice of . . .

3

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

This Court should take judicial notice of Exhibit 4 because it is a listing of Masimo's patents, and Exhibit 5 because it is a publicly available scientific article, and each of these is available from Masimo's own website, so Plaintiffs cannot reasonably dispute their accuracy. This Court should also take judicial notice of Exhibit 9 because it is a publicly available scientific article. Courts may take judicial notice of publications to show what was in the public realm at a given time. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 251 n.5, 266 n.3 (S.D.N.Y. 2003) ("The Court may take judicial notice of newspaper articles for the fact of their publication without transforming this motion into one for summary judgment."). Further, this Court should take judicial notice of Exhibit 5 because it describes a scientific fact about pulse oximetry. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 n.11(1993) ("[F]irmly established . . . scientific law[s] . . . properly are subject to judicial notice under Federal Rule of Evidence 201."); *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017) (noting that "[t]he kind of things about which courts ordinarily take judicial notice" include "scientific facts").

The Court should also take judicial notice of Exhibits 7, 8, and 10 "to indicate what was in the public realm at the time." *Von Saher*, 592 F.3d at 960. Exhibits 6, 8, and 10 are published press releases and the fact that the contents of these press releases are presented on Masimo's public website is not reasonably subject to dispute. Courts routinely take judicial notice of "press releases and news articles … to 'indicate what was in the public realm at the time. . . .'" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (collecting cases); *Soundgarden v. UMG Recordings, Inc.*, 2020 WL 1815855, at *4 (C.D. Cal. Apr. 6, 2020); *Carmel v. Mizuho*

4

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

*Bank, Ltd.*, 2018 WL 6981840, at *2 (C.D. Cal. Nov. 13, 2018). Here, Apple requests only that the Court take judicial notice of the press releases "as an indication of what information was in the public realm at the time." *Von Saher*, 592 F.3d at 960. Apple does not ask the Court to take judicial notice of the truth of the facts stated in press release. *Gerritsen*, 112 F. Supp. 3d at 1029. The Court previously took judicial notice of Exhibit 7. *See* ECF 264 at 4.

The Court should take judicial notice of Exhibit 6 because it is an excerpt of a document relied upon in the Fourth Amended Complaint ("4th AC") (*see* 4th AC, Dkt. No. 296-1 ¶¶ 44, 252). Courts may judicially notice "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). In addition, the document that is excerpted in Exhibit 7 is "explicitly referenced in the complaint, making consideration of [it independently] proper under the incorporation by reference rule." *Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013); *In re Am. Apparel, Inc. Shareholder Deriv. Litig.*, 2012 WL 9506072, at *19 (C.D. Cal. July 31, 2012). The Court previously took judicial notice of Exhibit 6. *See* ECF 264 at 4.

The Court should take judicial notice of Exhibit 11 because "the existence of the LinkedIn webpage of [Marcelo Lamego] and the text included on that page can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Burnett v. McLane Foodservice, Inc.*, 2019 WL 446225, at *4 (C.D. Cal. Feb. 5, 2019) (granting request for judicial notice of LinkedIn page, subject to the limitation that notice is not appropriate as to the truth of the statements made in the document). Apple does not ask the Court to take judicial notice of the truth of the statements made in Mr. Lamego's LinkedIn profile.

5
APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

The Court should take judicial notice of ECF No. 288-2 at 341-46 because it is a published patent publicly available through USPTO's PatFT database. This document is not reasonably subject to dispute. Courts routinely take judicial notice of USPTO filings and information available through public USPTO search databases. *See, e.g., Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."); *Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F.Supp. 1109, 1114 (N.D. Cal. 1998) (granting request for judicial notice of two patents and documents from the file history of one of the patents); *see also* Dkt. No. 273 at 3 (granting Apple's request for judicial notice of documents that were filed by or with the USPTO and publicly available through databases).

* * *

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits 1 through 11 filed concurrently herewith as exhibits to the Declaration of Joshua Lerner and ECF No. 288-2 at 341-46 and consider these documents in ruling on Apple's Motion to Dismiss.

Dated: February 26, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

6

APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
APPLE'S MOT. TO DISMISS THE THIRTEENTH CAUSE OF ACTION IN PLAINTIFFS' 4TH AC
CASE NO. 8:20-cv-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP