Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL EXHIBITS REGARDING PLAINTIFFS' MOTION TO COMPEL** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request leave to file under seal (1) Exhibits 17, 24, and 25 to the Declaration of Adam B. Powell in Support of Plaintiffs' Motion to Compel Apple to Comply With The ESI Order ("Powell Declaration"), and (2) Exhibits D and E to the Declaration of Brian K. Andrea in Support of Defendant Apple Inc's Opposition to Plaintiffs' Motion to Compel Apple to Comply With The ESI Order ("Andrea Declaration").

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . .." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

Exhibit 17 to the Powell Declaration, and Exhibits D and E to the Andrea Declaration, contain personnel information that Plaintiffs have designated as "Highly Confidential – Attorneys' Eyes Only." Powell Decl. ¶ 4. This information is confidential and reveals some of Plaintiffs' key employees who are knowledgeable about Plaintiffs' trade secrets. Disclosure of this information would harm Plaintiffs

-1-

because, for example, it could allow competitors, including Apple, to improperly target and recruit Plaintiffs' key employees. *Id.* Indeed, Plaintiffs are alleging in this case that Apple improperly recruited Plaintiffs' employees to steal Plaintiffs' trade secrets. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Apple designated Exhibits 24 and 25 as "Highly Confidential – Attorneys' Eyes Only." Powell Decl. ¶ 5. Plaintiffs take no position on whether these documents should be sealed. However, Plaintiffs respectfully request the Court seal these materials based on Apple's representation that they meet the requirements of the Protective Order. *Id.*

Apple asked Plaintiffs to include the following statement: Apple does not agree that any of the information in Exhibit 17 to the Powell Declaration and Exhibits D and E to the Andrea Declaration is confidential or that its disclosure would harm Plaintiffs. Nevertheless, Apple does not wish to burden the Court with a dispute concerning Plaintiffs' request at this time. Thus, Apple does not oppose Plaintiffs' application.

### III.  CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal Exhibits 17, 24, and 25 to the Powell Declaration and Exhibits D and E to the Andrea Declaration.

/ / /

/ / /

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: March 4, 2021 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

34521320