UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | March 5, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge | |
|---|---|---|
| Maria Barr | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| n/a | | n/a |

**Proceedings:**   Order Re: Plaintiffs' Motion to Compel (Dkt. 314) and Plaintiffs' Application to File Under Seal (Dkt. 316)

   Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed their original complaint in this action against Defendant Apple Inc. ("Defendant" or "Apple") on January 9, 2020. See Dkt. 1. On November 13, 2020, Plaintiffs filed a Third Amended Complaint ("TAC") alleging claims for: (1) patent infringement (12 counts); (2) trade secret misappropriation under California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.; (3) correction of inventorship (6 counts); and (4) declaratory relief (7 counts). See Dkt. 230-2 (redacted). On February 5, 2021, Plaintiff filed an application to file a Fourth Amended Complaint under seal, which included a redacted and a sealed unredacted copy of the Fourth Amended Complaint. Dkt. 295-2, 296-1 (sealed).

   On March 4, 2021, Plaintiffs filed a "Motion to Compel Apple to Comply with the ESI Order" (Dkt. 314, "Order"), a Joint Stipulation (Dkt. 315, "Jt. Stip."), and supporting and opposing evidence, some of which is sought to be filed under seal (Dkt. 315-1 to 315-4, 316). The sealing request (Dkt. 316) is GRANTED.

   The Court finds the Motion may properly be decided without further briefing or oral argument, vacates the hearing set for March 25, 2021, and DENIES the Motion (Dkt. 314) for the following reasons.

   By the Motion, Plaintiffs ask the Court to "order [Defendant] to comply with the ESI Order by identifying all custodians who are 'knowledgeable about and were involved with the core issues or subjections in the case (e.g. the asserted patents, alleged misappropriation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | March 5, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

of trade secrets, the development, design and operation of the accused products, and sales, marketing and other damages related information for the accused products).' ESI Order at 1." Jt. Stip. at 3. In citing to the "ESI Order," Plaintiffs refer to an order titled "ORDER RE: ESI STIPULATION, Docket Entry No. 52 in this action. See Jt. Stip. at 1; Dkt. 315-1 at ¶ 4; Dkt. 315-1 at 18 (a copy of Dkt. 52).

However, the "ESI Order" referenced by Plaintiff does not, in fact, order the parties to take, or not take, any action. Rather, the full text of the order upon which Plaintiffs base the Motion provides: "Defendant Apple Inc. and Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. have placed their written Stipulation re ESI (Dkt. 51) on the record." See Dkt. 52. Thus, the Court did "order" the parties to do anything, but rather noted the parties' stipulation. In fact, although the parties requested the Court to make their Stipulation an order of the Court (see Dkt. 51 at 6; Dkt. 51-2), the Court declined to do so.

Thus, the Motion is based upon an erroneous premise. The Court cannot order Defendant to "comply with the ESI Order" because the "ESI Order" does not order Defendant to take any action. The Court declines to otherwise intervene at this time in a dispute over the interpretation of the parties' agreement other than to note that all parties will be bound by their agreements, representations to opposing counsel, and representations to the Court, and are placed on notice that failure to do so or any knowing failure to identify in a timely manner all appropriate custodians as part of the iterative, good faith discovery process may result in a future order excluding evidence or other consequences.

If counsel for the parties jointly believe that an informal telephonic discovery conference with the Court is warranted at this time, they may send an email to Maria_Barr@cacd.uscourts.gov, with all parties' counsel copied on the email, by noon on March 8, 2021, jointly requesting such a conference and jointly requesting one of the following dates and times: March 10 at 3:00 p.m., March 11 at 11:00 a.m. or March 11 at 1:00 p.m. Nothing other than a joint request, with a single jointly requested date and time, will be considered.

For the foregoing reasons, the Motion (Dkt. 314) is DENIED and the sealing request (Dkt. 316) is GRANTED.

| | Courtroom Deputy: | mba |
|---|---|---|