1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
8
   Adam B. Powell (Bar. No. 272725)
9  adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
10 3579 Valley Centre Drive
   San Diego, CA 92130
11 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

12 Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.

13

14                    **IN THE UNITED STATES DISTRICT COURT**

15                   **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                              **SOUTHERN DIVISION**

17

18  MASIMO CORPORATION,                  ) Case No. 8:20-cv-00048-JVS-JDE
    a Delaware corporation; and          )
19  CERCACOR LABORATORIES, INC.,         ) Hon. James V. Selna
    a Delaware corporation               ) Magistrate Judge John D. Early
20                                       )
              Plaintiffs,                ) **PLAINTIFFS' APPLICATION TO**
21                                       ) **FILE UNDER SEAL PLAINTIFFS'**
         v.                              ) **OPPOSITION TO APPLE'S**
22  APPLE INC., a California corporation ) **MOTION TO DISMISS**
                                         )
23                                       )
              Defendant.                 )
24                                       )
                                         )
25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Opposition to Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action in Plaintiffs' Fourth Amended Complaint ("Opposition") and Exhibits A-C. Plaintiffs have provided a proposed redacted version of the Opposition.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

The redacted portions of Plaintiffs' Opposition contains descriptions of information that Plaintiffs assert constitute trade secrets as well as other confidential information. Each category is described in more detail below.

-1-

First, redacted portions of Plaintiffs' Opposition discuss Plaintiffs' confidential and proprietary technical trade secrets. Powell Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Second, the redacted portions of Plaintiffs' Opposition discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. *Id.* ¶ 5. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine, or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Third, the redacted portions of Plaintiffs' Opposition discuss Plaintiffs' trade secrets concerning interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part due to its secrecy. Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Fourth, the redacted portions of the Opposition explain Apple's misappropriation of Plaintiffs' trade secrets. *Id.* ¶ 7. Information in these paragraphs has been designated as "Highly Confidential – Attorney's Eyes Only" under the Protective Order. *Id.* Because Plaintiffs have industry-leading

technologies, knowing which particular techniques Plaintiffs use or consider effective is valuable information that competitors could use to improperly compete against Plaintiffs. Such information would inform competitors' selection of techniques and strategies because they would better understand which techniques and strategies originated with Plaintiffs. *Id.*

Fifth, Exhibit A is a redlined comparison of Plaintiffs' Third Amended Complaint ("TAC") and Fourth Amended Complaint ("FAC"). *Id.* ¶ 8. Exhibit A contains same information that Plaintiffs assert is confidential as discussed above. Thus, Plaintiffs would be harmed if this information was disclosed for the same reasons discussed above. *Id.* Because Plaintiffs already filed public versions of the TAC and FAC (*see* Dkt. 230-2 and 295-2), Plaintiffs did not want to burden the Court with considering the same redactions in the redlined comparison of those documents.

Sixth, Exhibit B is Apple's interrogatory responses, which reference Plaintiffs' trade secrets and contain much of the same information that Plaintiffs assert is confidential as discussed in paragraphs 4-7 above. *Id.* ¶ 9. Thus, Plaintiffs would be harmed if this information was disclosed for the same reasons discussed in paragraphs 4-7 above. *Id.*

Seventh, Exhibit C references Plaintiffs' trade secrets and contains some of the same information that Plaintiffs assert is confidential as discussed in paragraphs 4-7 above. *Id.* ¶ 10. Thus, Plaintiffs would be harmed if this information was disclosed for the same reasons discussed in paragraphs 4-7 above. *Id.* Exhibit C also includes information that Apple has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order in this case. *Id.*

**B.     The Court Should Grant Plaintiffs' Application to Seal**

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not,

because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute the redacted portions of Plaintiffs' Opposition and the exhibits discuss Plaintiffs' "*alleged* trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5 (emphasis added).

Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue") (emphasis in original).

Apple has previously argued that the Court should not seal quotations from public documents that allegedly disclose Plaintiffs' trade secrets. *See e.g.*, Dkt. 145. The Court rejected these arguments. *See* Dkt. 152 (rejecting Apple's argument and sealing quotations from patents). As Plaintiffs previously explained, mere publication does not automatically show specific information is "generally known" under California law, such that the information is not a trade secret. *See* Cal. Civ. Code § 3426.1(d); *Kittrich Corp. v. Chilewich Sultan, LLC*, 2013 WL 12131376, at *4 (C.D. Cal. Feb. 20, 2013) (publication on the Internet does not necessarily destroy information's status as a trade secret). Determining whether information is not a trade secret "requires a fact-intensive analysis" to show that the information is generally known. *Kittrich*, 2013 WL 12131376, at *4. Further, Plaintiffs expressly claim the value and importance of Plaintiffs' techniques as a trade secret. Because Plaintiffs have industry-leading technologies, knowing which particular techniques Plaintiffs use or consider effective is valuable information that competitors could use to improperly

compete against Plaintiffs. Such information would inform competitors' selection of techniques and strategies because they would better understand which techniques and strategies originated with Plaintiffs.

Moreover, the Court previously granted numerous applications to seal similar information that Plaintiffs allege is a trade secret, including: (1) Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction (Dkt. 110); (2) Plaintiffs' Application to Seal Documents Filed in Support of Apple's Opposition to Plaintiffs Motion for Preliminary Injunction (Dkt. 145); (3) Plaintiffs' Application to Seal Portions of Plaintiffs Opposition to Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint (Dkt. 179); (4) Plaintiffs' Application to Seal Portions of Plaintiffs' Opposition to Apple's Motion to Stay (Dkt. 208); (5) Plaintiffs' Application and [Proposed] Order Granting Leave to File Third Amended Complaint Under Seal (Dkt. 230); and (6) Plaintiffs' Application to File Under Seal Plaintiffs' Opposition to Apple's Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. 246). Dkt. 113; Dkt. 152; Dkt. 182; Dkt. 210; Dkt. 233; Dkt. 249. The Court should grant this Application for the same reasons it granted the prior applications.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of Plaintiffs' Opposition to Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action in Plaintiffs' Fourth Amended Complaint ("Opposition") and Exhibits A-C.

/ / /

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 19, 2021             By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories

-6-