# EXHIBIT D

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 173-248)** <br><br> Hon. James V. Selna <br> Magistrate Judge John D. Early |

1  Apple (or the Court) determines that Plaintiffs have provided an amended disclosure that
2  complies with Section 2019.210, Apple will amend its response to this Request, to the
3  extent necessary

**REQUEST FOR PRODUCTION NO. 212:**

The complete source code, including all versions, revisions, and comments, for any of Your products that calculate oxygen saturation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculate to lead to the discovery of admissible evidence. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession. Apple objects to this Request as overbroad and unduly burdensome, including because it seeks "[t]he complete source code, including prior versions revisions, and comments," is not limited to any relevant time period. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, to the extent this Request is even relevant to Plaintiffs' patent infringement allegations, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210

Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 213:**

Documents sufficient to identify any pulse oximetry algorithm that You have implemented or ever considered implementing in the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculate to lead to the discovery of admissible evidence. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, including because it uses the undefined phrase "pulse oximetry algorithm." Apple objects to this Request to the extent it is duplicative and/or cumulative of Plaintiffs' Request for Production Nos. 210-11.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, to the extent this Request is even relevant to Plaintiffs' patent infringement allegations, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

| | |
|---|---|
| Dated: November 9, 2020 | JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Joshua H. Lerner*<br>　　　Joshua H. Lerner<br><br>*Attorneys for Defendant Apple Inc.* |

# PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On November 9, 2020, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 173-248) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on November 9, 2020, at Irvine, California.

*/s/ Tracy A. Morgan*
Tracy A. Morgan

Gibson, Dunn & Crutcher LLP