Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO COMPEL PLAINTIFFS TO IMMEDIATELY PROCEED WITH ESI DISCOVERY**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date: April 29, 2021<br>Time: 10:00 am<br>Ctrm: 6A<br><br>Discovery Cut-Off:        7/5/2021<br>Pre-Trial Conference:   3/21/2022<br>Trial:                          4/5/2022 |

I, Adam B. Powell, hereby declare as follows:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in Support of Plaintiffs' Opposition to Apple's Motion to Compel Plaintiffs to Immediately Proceed with ESI Discovery.

2.     Attached hereto as **Exhibit 1** is a true and correct copy of an October 1, 2020, letter from Stephen Larson (who is counsel of records for Plaintiffs) to Brian Andrea (who is counsel of record for Apple).

3.     Attached hereto as **Exhibit 2** is a true and correct copy of a January 22, 2021, email from myself to Apple's counsel, excluding attachments.

4.     Attached hereto as **Exhibit 3** is a true and correct copy of the attachment to Exhibit 2 (Plaintiffs' portion of the Joint Stipulation Regarding Plaintiffs' Motion to Compel Apple to Comply with ESI Order), served on January 22, 2021.

5.     Attached hereto as **Exhibit 4** is a true and correct copy of a February 24, 2021, email from myself to Apple's counsel, excluding attachments.

6.     Attached hereto as **Exhibit 5 [Filed Under Seal]** is a true and correct copy of a March 12, 2021, email from Mr. Andrea to Plaintiffs' counsel.

7.     Attached hereto as **Exhibit 6** is a true and correct copy of a March 30, 2021, email from Angelique Kaounis (who is counsel of record for Apple) to myself.

8.     Attached hereto as **Exhibit 7** is a true and correct copy of a March 31, 2021, email from Ms. Kaounis to Plaintiff's counsel, excluding attachments.

9.     Attached hereto as **Exhibit 8** is a true and correct copy of an April 2, 2021, email from Ms. Kaounis to myself, excluding attachments.

10.    Attached hereto as **Exhibit 9** is a true and correct an April 27, 2020, email from myself to Ilissa Samplin (who is counsel of record for Apple).

11.     Attached hereto as **Exhibit 10** is a true and correct copy of a July 29, 2020, email from myself to Ms. Samplin.

12.     Attached hereto as **Exhibit 11** is a true and correct copy of a February 10, 2021, email from myself to Mr. Andrea.

13.     Attached hereto as **Exhibit 12** is a true and correct copy of a July 30, 2020, email from Ms. Samplin to myself.

14.     Attached hereto as **Exhibit 13 [Filed Under Seal]** is a consolidated exhibit consisting of true and correct copies of (a) Plaintiffs' May 12, 2020, Second Set of Requests for Production of Documents to Defendant (Nos. 26-60); (b) Plaintiffs' July 17, 2020, Third Set of Requests for Production to Defendant (Nos. 61-147); (c) Plaintiffs' October 9, 2020, Fourth Set of Requests for Production to Defendant Apple Inc. (Nos. 148-172); and (d) Plaintiffs' October 9, 2020, Fifth Set of Requests for Production to Defendant Apple Inc. (Nos. 173-248).

15.     Attached hereto as **Exhibit 14 [Filed Under Seal]** is a true and correct copy of a March 25, 2021, letter from myself to Ms. Samplin.

16.     Attached hereto as **Exhibit 15** is a true and correct copy of the Joint Case Management Schedule and Order as Modified by Court, *Bulletin Mktg. LLC v. Google*, 5:17-cv-07211-BLF (N.D. Cal. July 31, 2018), Dkt. 50.

17.     Attached hereto as **Exhibit 16** is a true and correct copy of the Order Re: July/Court Trial, *William Morris Endeavor Ent., LLC v. Writers Guild of Am. W., Inc.*, No. 2:19-cv-05465-AB-AFMx (C.D. Cal. Jan. 8, 2020), Dkt. 74.

18.     Attached hereto as **Exhibit 17** is a true and correct copy of the Order Regarding Revised Case Schedule in *Nevro Corp v. Bos. Sci. Corp.*, 3:16-cv-06830-VC (N.D. Cal. July 20, 2017), Dkt. 170

19.     Attached hereto as **Exhibit 18** is a true and correct copy of the Order Re: Joint Discovery Letters and Motions to File Under Seal, *Nevro Corp v. Bos. Sci. Corp.*, 3:16-cv-06830-VC (N.D. Cal. Jan. 19, 2018), Dkt. 270.

20.    Attached hereto as **Exhibit 19 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00063327-334.

21.    Attached hereto as **Exhibit 20 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00075590-593.

22.    Attached hereto as **Exhibit 21 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00067230-234.

23.    Attached hereto as **Exhibit 22 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00067169-172.

24.    Attached hereto as **Exhibit 23 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00067176-179.

25.    Attached hereto as **Exhibit 24 [Filed Under Seal]** is a true and correct excerpt of a document that Apple produced in discovery as APL-MAS_00083078.

26.    Attached hereto as **Exhibit 25 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00081085-111.

27.    **Exhibit 26** is intentionally omitted.

28.    Attached hereto as **Exhibit 27 [Filed Under Seal]** is a true and correct enlarged excerpt of a document, which Apple produced as APL-MAS_00067460.

29.    Attached hereto as **Exhibit 28 [Filed Under Seal]** is a true and correct excerpt of a document that Apple produced in discovery as APL-MAS_00078066-101.

30.    Attached hereto as **Exhibit 29 [Filed Under Seal]** is a true and correct excerpt of a document that Apple produced in discovery as APL-MAS_00067086.

31.    Attached hereto as **Exhibit 30 [Filed Under Seal]** is a true and correct excerpt of a document that Apple produced in discovery as APL-MAS_00069551-603.

32.    Attached hereto as **Exhibit 31 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00029083-095.

33.    Attached hereto as **Exhibit 32 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00056543-547.

34.     Attached hereto as **Exhibit 33 [Filed Under Seal]** is a true and correct copy of a document, which Apple produced as APL-MAS_00067192-194.

35.     Attached hereto as **Exhibit 34 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00083938.

36.     Attached hereto as **Exhibit 35 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00001003-008.

37.     Attached hereto as **Exhibit 36 [Filed Under Seal]** is a true and correct copy of a document that Apple produced in discovery as APL-MAS_00090173-199.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 7, 2021, at Encinitas, California.

*/s/ Adam B. Powell*
Adam B. Powell

34735207

# EXHIBIT 1

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

October 1, 2020

## VIA EMAIL

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

        We write pursuant to Local Rule 37-1 to address various discovery issues and request a meet and confer.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

        **Apple's Improper Exclusive Reliance on Custodians and Search Terms:**  Apple has taken the position that, as to one or more requests, it may rely <u>solely</u> on search terms and ESI searches to look for responsive documents.  That is improper.  Apple should perform a reasonable search for documents separate and apart from ESI searching by, for example, talking to potential custodians and witnesses to determine where relevant documents may exist.  During the parties June 30th meet and confer, "Apple agreed to let Plaintiffs know if it determines that it will use search terms and custodians alone to satisfy Apple's discovery obligations for a particular RFP."  However, to date, Apple has not identified any such RFPs.  Please confirm that Apple will satisfy its discovery obligations and will not limit its searching to the use of search terms and custodians for any RFP.

        **Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Based on the correspondence between the parties, we understand that Apple is not withholding and does not intend to withhold documents based on its objections for these RFPs and that Apple intends to produce all non-privileged documents responsive to these RFPs.  Please confirm and let us know when Apple intends to produce such documents.

        **Plaintiffs' RFPs 5-8, 10-11, and 26-27:**  Based on the correspondence between the parties, we understand that Apple has withheld documents responsive to these RFPs based solely on Apple's position that Plaintiffs must first serve a Section 2019.210 statement that Apple deems adequate.  Because the Court rejected Apple's position in its April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), we expect Apple will produce these documents.  Please confirm and let us know when Apple intends to produce such documents.

        **Plaintiffs' RFP 9:** Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please confirm Apple will no longer withhold documents based on that position.  Apple also previously stated

# Knobbe Martens

that it intends to withhold publicly available documents. As we previously explained, this is improper. Apple should produce all documents in its possession, custody, or control, even if they are otherwise publicly available. Please confirm Apple will produce such documents. We understand Apple is not withholding and does not intend to withhold documents based on any other objections. Please let us know if that is incorrect.

**Plaintiffs' RFPs 12-25:** Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement. As explained above, the Court rejected Apple's position. Thus, please confirm Apple will no longer withhold documents based on that position. Apple also previously stated that it intends to withhold any documents that are "relevant specifically to any claim not asserted in this action." As we have explained, Apple is not permitted to withhold responsive documents based on Apple's contention those documents are relevant to unasserted claims. Indeed, Plaintiffs are entitled to Apple's documents, including for the purposes of selecting asserted claims. Please confirm Apple will not maintain this objection. We understand Apple is not withholding any documents based on any other objection. Please let us know if that is incorrect.

**Plaintiffs' RFPs 28-33, 35-39, 41-46, 58, 60:** Based on the correspondence between the parties, we understand Apple contends that these RFPs are premature until it receives Plaintiffs' infringement contentions, but that Apple will produce documents responsive to these RFPs upon receiving such contentions. We disagree, but look forward to promptly receiving Apple's documents after Plaintiffs serve their infringement contentions. Please let us know when you will provide these documents.

**Plaintiffs' RFPs 47-49:** Based on the correspondence between the parties, we understand Apple intends to provide documents related only to how often a user's heart rate is measured and the operation of the LEDs in the Accused Products, but not as to the remainder of these Requests. As we have previously explained, that is improper. Please confirm Apple will produce all documents responsive to this request.

**Apple's Improper Attempts to Limit Document Productions to Accused Features:** Apple has thus far improperly limited Apple's core technical document production to include only documents that relate to features Apple claims were accused of infringement. Apple has not stated any such objection to RFPs 1-60 and any such objection would be improper. Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210:** Apple objects to all RFPs 61-147 on the basis of Section 2019.210 and states that it will "withhold" "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210. . . ." None of Plaintiffs' RFPs, however, seek only documents relevant to Plaintiffs' trade secret misappropriation claim. If Apple disagrees and is withholding documents on this basis, please identify the specific RFPs and explain Apple's position.

**Temporal Scope:** Apple objects to Plaintiffs' RFPs 67-74, 76, 78, 79, 88-91, 97, 98, 100-109, 122-125, 129, 131-135, and 143 on the ground that they are "vague, ambiguous, overly broad, and

# Knobbe Martens

unduly burdensome" because the request does not identify a relevant time period.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Undefined Terms:**  Apple objects to certain requests that use "undefined" terms or phrases such as but not limited to: "refer or relate to," "concerning," "evaluating," "discussing," "commenting," "instructional materials," "directions for use," "training materials," "training manuals," "training videos," "marketing materials," "promotional materials," "informational materials," "internet postings," "physiological monitoring features," "technical documents," "technical information," "specifications," "research data," "pulse rate," "heart rate," "optical . . . components," "structural components," "components," "surface areas," "adhesives," "physiological parameter," "heart rate algorithms," "development," "first heart rate metrics," "first technique," "first period," "second heart rate metrics," "second technique," "second period," "changes in collecting heart rate metrics," "change in operating mode," and "user input."  Please confirm Apple will interpret these terms and phrases according to their plain and ordinary meaning and produce responsive documents accordingly.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Products Not Identified in the Complaint:**  Apple objects to Plaintiffs RFPs 63-72, 74, 76, 78-84, 86, 87, 97, 100-109, and 131-134 to the extent that they seek "documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement."  Apple is incorrect that products not specifically accused of infringement are not relevant to this litigation.  For example, the features of the Series 1 Watch are relevant to this case at least because a comparison between the Series 1 Watch and the Series 3 and later watches may be relevant to showing the value of the features in the later watches.  Apple also objects to RFP 85 because it requests documents related to "Defendant's products" and Apple claims that this term is "undefined and appears to seek documents related to products that are not relevant to this litigation."  This RFP requests documents "referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any <u>physiological parameter</u>, for use in Defendant's products."  This request is clear and seeks relevant documents.  Please confirm Apple is not relying on and does not intend to rely on these objections to withhold relevant documents.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple objects to Plaintiffs' RFPs 63-73, 75, 79, 80, 82-84, 97, 100-105, 107, and 131-134 as overbroad and unduly burdensome because they are not "limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents."  As a preliminary matter, Plaintiffs have not yet served their infringement contentions because the Court extended Plaintiffs' deadline to do so.  To the extent Apple's objection is based on Plaintiffs' preliminary contentions that were limited to public information only, that is improper.  Further, as discussed above, Apple is incorrect that products not accused of infringement cannot be relevant to this litigation.  Please confirm Apple is not using this objection as a basis to withhold requested discovery.

**Public Documents**:  Apple objects to Plaintiffs' RFPs 61-96, 104, 110- 112, 114-121, 126-129, 133, 134, 136-142, and 145-147, to the extent they seek "information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive."  To the extent Apple intends to withhold documents within Apple's possession, custody, or control based on this objection, that is improper.  Please confirm

# Knobbe Martens

Apple is not withholding and does not intend to withhold public documents within Apple's possession, custody, or control.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  In addition to the issues identified above, Apple has indicated that it only "agrees to produce documents related to the technical features accused of infringement" for these RFPs.  As the parties have discussed, this objection is improper.  Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  In addition to the issues identified above, Apple has requested that the parties meet and confer on the scope of these requests.  Plaintiffs believe that the scope of these requests is appropriate, but are willing to meet and confer.  So that the parties can have a productive discussion, please provide Apple's position on what documents it is willing to provide in advance of the parties' meet and confer.

**Plaintiffs' RFPs 80-82, 101, 136:**  In addition to the issues identified above, Apple's objections limit its production of documents responsive to these RFPs to documents identified in a "search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties."  As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97:**  In addition to the issues identified above, Apple contends that these requests are "overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request."  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.  Further, Plaintiff's believe that the scope of these requests is appropriate but are willing to meet and confer both on these requests specifically and on ESI more generally as discussed below.

**Plaintiffs' RFPs 91, 129, and 136:**  In addition to the issues identified above, Apple objects to these requests because they seek any or all communications that Apple contends "will be negotiated and produced pursuant to the ESI Order in this case."  Plaintiffs do not understand this objection or its basis.  Please explain this objection and confirm that Apple is not relying on and does not intend to rely on this objection to withhold any requested discovery.

**Plaintiffs' RFPs 98 and 99:**  In addition to the issues identified above, Apple has indicated that it "is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information."  These RFPs relate to forecasts and projections that are prepared in the ordinary course of business.  Thus, there is no need to wait for a future mutual exchange of generated financial spreadsheets.  However, Plaintiffs are willing to meet and confer.  So that the parties can have a productive discussion, please explain Apple's position on these RFPs prior to the meet and confer.

**Plaintiffs' RFPs 132 and 144:**  In addition to the issues identified above, Apple has stated that it will not produce documents responsive to these requests because "Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be

Exhibit 1
-8-

# Knobbe Martens

located after a reasonably diligent search."  Plaintiffs find it difficult to believe that a company the size of Apple does not have documents showing Apple's organizational structure or the reporting and supervisory obligations of various employees.   Apple should produce documents providing the requested information, regardless of whether Apple internally labels these documents as "organizational charts."  Please confirm Apple will produce such documents.

## Compliance with ESI Order

Pursuant to Section 1 of the ESI order, the parties agreed to exchange proposed custodians "who are knowledgeable about and were involved with the core issues or subjects in this case" in connection with the meet and confer process on ESI.  Moreover, as discussed above, Apple has referenced and conditioned its production of documents with reference to its production of ESI.  Plaintiffs propose that the parties exchange proposed custodians on October 15.  Please let us know if Apple agrees.  If Apple does not agree, please propose another date for this exchange.

## Apple's Deficient Document Production

To date, Apple has produced approximately 1,000 documents.  Apple has failed to produce responsive documents even as to RFPs as to which it committed to produce documents months ago. Please let us know when Apple will make substantial document productions.

## Plaintiffs Interrogatories Nos. 1 and 6-10

**Plaintiffs' Interrogatory No. 1:**   This interrogatory requests details on Apple's non-infringement positions.  Apple previously indicated it would provide a full response to Interrogatory No. 1 after Plaintiffs provide infringement contentions.  Under the new schedule proposed by the Parties, Plaintiffs' infringement contentions are due November 13, 2020.  Plaintiffs request that Apple will provide a full response by December 7, 2020.  Please confirm Apple will do so.

**Plaintiffs' Interrogatory No. 7:**   This interrogatory requests details on the design and development of the Apple Watch.  Apple's response is woefully deficient and provides little of the requested information.  Please confirm that Apple will supplement its response by October 8

**Plaintiffs' Interrogatory No. 8:**   This interrogatory requests details on the design and development of the product software related to physiological monitoring for each Apple Watch product. Again, Apple's response is woefully deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 9:**  This interrogatory requests details on the operation of the pulse rate algorithm associated with each of the Apple Watches.  Yet again, Apple's response is deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 10.**  This interrogatory requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor. Apple's response requests a meet and confer to discuss the relevance of the information sought by Plaintiffs.   This interrogatory clearly seeks relevant information and Apple needs to provide a

**Knobbe Martens**

substantive response.  So that the parties can have a productive discussion, please explain Apple's position prior to the meet and confer.

### Invalidity Contentions and Plaintiffs' Interrogatory No. 2

Apples' invalidity contentions are woefully deficient.  Apple was required, among other things, to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."  Apple's invalidity contentions failed to provide the necessary obviousness analysis and instead asserts that Apple may rely on any potential combination of its identified references for any potential claim.  This amounts to billions of potential combinations.  Apple also fails to provide any evidence or reasoned explanation on how or why limitations missing in any particular reference would be obvious to a person of ordinary skill in the art.  Please confirm Apple will immediately provide proper invalidity contentions.

Plaintiffs' Interrogatory No. 2 asks for Apple's invalidity positions in this case, including an explanation of why it would have been obvious to combine the prior art references on which you rely in alleging obviousness.  Apple has previously taken the position that it will provide a response to this interrogatory "in accordance with the Scheduling Order entered in this case."  Apple has served invalidity contentions, but as discussed above, those contentions are deficient.  Please confirm that Apple will fully respond to interrogatory number two, including an identification of the specific prior-art combinations on which Apple will rely and an explanation of why it would have been obvious to combine such references.

### Apple Watch Series 6 and SE

Apple recently released the Apple Watch Series 6 and Series SE.  We notified you that these products are accused of infringement in this case.  Moreover, Plaintiffs' definition of "Accused Products" and "Apple Watch Products" encompass both of these products.  Please confirm that, as to each of Plaintiffs' RFPs, Apple will provide the requested discovery as to the Apple Watch Series 6 and Series SE.

### Apple's Refusal to Comply with Paragraph 4.5 of the Protective Order

Apple has inappropriately refused to produce documents contained in the "docs" subdirectory with respect to AppleRTPFirmware-115.9.  Per Paragraph 4.5 of the Protective Order, Apple must produce these documents.  Apple incorrectly claims it is entitled to redact the entirety of the documents under the Protective Order.  The Protective Order allows Apple to redact only the portions that "contain *specific* descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be *narrowly applied*."  The documents contained in the "docs" subdirectory for AppleRTPFirmware-115.9 extend well beyond "specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters)."  Please confirm that Apple will produce these documents.

Please let us know your availability to meet and confer pursuant to L.R. 37-1, to address the issues in this letter.  Please also provide the responses requested by this letter before the meet and confer.  In addition, please confirm Plaintiffs may record the parties' meet and confer.

Exhibit 1
-10-

**Knobbe Martens**                                                    Page 7

Best regards,

Stephen W. Larson

32796726

# EXHIBIT 2

| From: | Adam.Powell |
|---|---|
| Sent: | Friday, January 22, 2021 6:43 PM |
| To: | *** Apple-Masimo; Lerner, Joshua H.; Lyon, H. Mark; Buroker, Brian M.; Samplin, Ilissa; Kaounis, Angelique; BAndrea@gibsondunn.com; BRosenthal@gibsondunn.com |
| Cc: | Masimo.Apple |
| Subject: | Masimo v. Apple - Motion to Compel Compliance With ESI Order |
| Attachments: | 2021-01-22 Joint Stipulation re ESI Order.DOC; 2021-01-22 Powell Declaration.pdf; Exhibits 1-17.pdf |

Counsel,

During the hearing yesterday, Apple made clear it believes the parties must limit the number of custodians before providing lists of potentially relevant custodians pursuant to the ESI Order.  Based on that statement, it appears to us that the parties are at an impasse.  Accordingly, attached is a short joint stipulation addressing this issue.  We look forward to receiving Apple's portion of the joint stipulation.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

**Exhibit 2**
**-12-**

# EXHIBIT 3

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

*Counsel for Defendants listed on next page.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**JOINT STIPILATION REGARDING PLAINTIFFS' MOTION TO COMPEL APPLE TO COMPLY WITH ESI ORDER**<br><br>Date:<br>Time:          10:00 a.m.<br>Ctrm:          6A<br><br>Discovery Cut-Off:          7/5/2021<br>Pre-Trial Conference:       3/21/2022<br>Trial:                          4/5/2022 |

**Exhibit 3**
**-13-**

JOSHUA H. LERNER, SBN 220755
    jlerner@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
    mlyon@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
    bburoker@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
    brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
    akaounis@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

Attorneys for Defendant Apple Inc.

**Exhibit 3**
-14-

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs"), as movant, and Defendant Apple, Inc. ("Apple"), as respondent, through their respective counsel of record, submit this joint stipulation in connection with Masimo's Motion To Compel Apple To Comply With The ESI Order.  This Joint Stipulation was prepared following the parties' conference of counsel, which took place on December 1, 2020.

## I.  **INTRODUCTORY STATEMENTS**

### A.  **Plaintiffs' Introduction**

Plaintiffs regret having to bring this Motion because the parties already have an ESI Order from the Court.  In June 2020, the parties stipulated to—and the Court entered—the ESI Stipulation and [Proposed] Order.  Ex. 1 ("ESI Order"); Ex. 2 (this Court entering the ESI Order).[1]  The ESI Order provides the parties must exchange lists of custodians who are "knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, alleged misappropriation of trade secrets, the development, design and operation of the accused products, and sales, marketing and other damages related information for the accused products)."  ESI Order at 1.  Thereafter, the parties are to meet and confer on the final list of custodians and search terms.  *Id.*

For months, Apple has argued it need not provide its list until Plaintiffs agree to limit the number of custodians at issue in advance.  Apple proposed the parties limit the number to eight.  But nothing in the ESI Order requires or contemplates such an artificial number, much less ***before*** exchanging lists of potential custodians.  Plaintiffs request the parties follow the ESI Order, which requires the parties to exchange proposed lists of potential custodians and ***then*** meet and confer on final lists.  The parties can discuss potential limitations once they know the number and identity of potential custodians.

---

[1] In Plaintiffs' section of the Joint Stipulation, all citations to numbered exhibits are to the exhibits attached to the Declaration of Adam Powell.  All emphasis in Plaintiffs' sections is added unless noted otherwise.

**Exhibit 3**
-15-

1   Moreover, Apple's proposal for an additional restriction to the ESI Order is
2   insufficient in a case of this magnitude.  This case includes claims for trade secret
3   misappropriation and correction of inventorship/ownership of numerous Apple patents
4   and patent applications.  There are at least two former employees of Plaintiffs at issue, six
5   other Apple employees named as inventors, and five other Apple employees listed on
6   Apple's initial disclosures.  That alone is thirteen custodians without including others who
7   worked on relevant projects at Apple.  Without the exchange required by the ESI Order,
8   Plaintiffs have no idea how many Apple employees are at issue and should not be required
9   to limit the number of custodians up front.

10   Apple's approach is prejudicing Plaintiffs by significantly delaying discovery.
11   Apple is refusing to comply with the ESI Order while arguing it need not produce
12   discovery until the parties agree on final custodians and search terms.  If Apple now
13   disagrees with the ESI Order, Apple should have moved the Court for relief long ago.

14   Apple's approach also risks prejudicing Plaintiffs by concealing evidence relevant
15   to Plaintiffs' claims.  Limiting the number of custodians at issue will necessarily limit
16   discovery.  The parties and the Court may need to conduct a proportionality analysis to
17   balance Plaintiffs' interest in obtaining discovery against Apple's interest in saving costs.
18   *See* Fed. R. Civ. P. 26.  Such analysis is not possible until Apple provides its list of
19   proposed custodians.

20   As Judge Selna previously explained, requiring Plaintiffs to narrow their case at the
21   onset without sufficient information from Apple is "fundamentally unfair."  Ex. 3 at 3:18-
22   4:2 (rejecting Apple's proposal to narrow the asserted patent claims at the onset of this
23   case).  Plaintiffs are willing to discuss limiting the number of custodians, but should not
24   have to do so until Apple provides a list of the universe of potential custodians, just as
25   required by the ESI Order.

26   **B.**   **Apple's Introduction**
27   ***

28   **II.  PLAINTIFFS' POSITION**

-2-

**Exhibit 3**
-16-

A.    **Factual Background**

Apple prepared the original ESI stipulation and asked Plaintiffs to agree.  Ex. 4.

The parties made some minor changes, stipulated to the ESI Order on June 1, and the

Court entered the Order the same day.  *See* Exs. 1 and 2.  The ESI Order provides:

> In connection with the meet and confer process, ***each party shall provide a
> proposed list of individual custodians*** who are knowledgeable about and
> were involved with the core issues or subjects in this case (e.g., the asserted
> patents, alleged misappropriation of trade secrets, the development, design
> and operation of the accused products, and sales, marketing and other
> damages related information for the accused products).  ***The parties then
> shall meet and confer in an attempt to reach agreement*** on custodians and
> search terms to be used for electronic searches of the files from those
> custodians.

ESI Order at 1.

On October 1, Plaintiffs requested the parties exchange the required lists of

custodians.  Ex. 5 at 5.  Apple asserted the exchange was "premature and inappropriate"

because (1) Plaintiffs' 2019.210 disclosure was purportedly inadequate, (2) Apple had not

yet filed an answer, and (3) the parties should first limit the number of custodians before

exchanging lists.  Ex. 6 at 2, 5.

Plaintiffs provided their 2019.210 disclosure months ago and explained the

disclosure was adequate.[2]  Ex. 7 at 2.  Plaintiffs also reminded Apple it had previously

agreed—as a condition to obtaining an extension—that "it will not use the fact that it has

not yet Answered as a basis for refusing to provide or delaying providing discovery."  *Id.*

at 4.  Finally, Plaintiffs explained the ESI Order does not limit the number of custodians

up front and asked Apple to "proceed in accordance with the stipulated ESI Order."  *Id.*

Apple again demanded the parties agree to limit the number of custodians before

exchanging their lists.  Ex. 8 at 4.  The parties met and conferred on December 1, 2020,

---

[2] This Court recently confirmed Plaintiffs' Section 2019.210 disclosure was and is
sufficient.  Ex. 13 (Dkt. 279).

-3-

**Exhibit 3**
**-17-**

1  and exchanged additional correspondence thereafter.  Exs. 9-12.  During a separate

2  hearing on January 21, 2020, Apple asserted the parties had reached an impasse on this

3  issue.  Thus, Plaintiffs seek the Court's assistance.

4  **B.**   **Argument**

5       Despite the entry of the ESI Order six months ago, Apple refuses to engage with

6  Plaintiffs unless Plaintiffs agree to limit the number of custodians in advance.  Apple's

7  approach is inconsistent with the terms of the ESI Order and is prejudicing Plaintiffs.

8       **1.**    **Apple's Position Is Inconsistent With The Order**

9       The ESI Order is clear and unambiguous.  The parties agreed, and the Court

10  ordered, that the parties would exchange a "proposed list of individual custodians who are

11  knowledgeable about and were involved with the core issues or subjects in this case . . .."

12  ESI Order at 1.  Nowhere does the ESI Order limit the number of custodians before the

13  parties exchange lists.  Instead, the order provides the parties should meet and confer to

14  discuss the custodians *after* the exchange.  *Id.* ("The parties *then* shall meet and confer in

15  an attempt to reach agreement on *custodians* and search terms *to be used* for electronic

16  searches").  Apple thus defies the ESI Order.

17       Apple's numerical limit of eight is also inappropriate.  Indeed, courts regularly

18  allow parties to *search* far more custodians than Apple is even willing to put on a list to

19  begin the discussion.  *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, 2015 WL 7775243, at *1-

20  2 (N.D. Cal. Dec. 3, 2015) (granting plaintiff's request to add 10 custodians to existing list

21  of 27 custodians); *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 2014 WL 806122, at *7-

22  8 (D. Kan. Feb. 28, 2014) (finding that searching 60 custodians was not unreasonable in

23  case with $70 million at issue).

24       This case currently involves numerous claims for trade secret misappropriation and

25  correction of inventorship/ownership of Apple patents and patent applications.  *See* Dkt.

26  No. 230-2 at ¶ 223-231, 245-349.  Plaintiffs' trade secret claims primarily concern secrets

27  taken to Apple by Plaintiffs' former employees, Lamego and O'Reilly.  *Id.* at ¶ 9-25, 223-

28  231, 245-252.    The  correction  of  inventorship/ownership  claims  concern  7

-4-

**Exhibit 3**
**-18-**

patents/applications that name 6 inventors other than Lamego.  Ex. 14.  Apple's initial disclosures list five other Apple employees.  Ex. 15 at 2-4.  That alone would present thirteen possible custodians, not to mention other individuals who may have discoverable information.  Apple has recruited more than fifteen of Plaintiffs' employees.  Other relevant individuals could include other Apple employees who (1) worked with Lamego, (2) worked with O'Reilly, (3) were involved in the accused aspects of the Apple Watch, (4) were involved in the accused business and marketing strategies, or (5) were involved in the patent applications at issue but not listed as an inventor.  To date, Apple has refused to answer discovery requests that would provide some of this information.  *See* Ex. 16 at 13-14.  Without the required list from Apple, Plaintiffs have no way of knowing how many potential custodians are at issue.

During the meet and confer, Apple argued "Plaintiffs' position appears to be that the parties can identify an infinite number of custodians . . .."  Ex. 8 at 4.  That is not correct.  The ESI Order requires the custodians be "knowledgeable" and "involved with the core issues or subjects in this case . . .."  ESI Order at 1.  That is not an infinite number of custodians.  Moreover, Plaintiffs are not demanding the parties search all custodians identified in the initial lists.  The ESI Order—which Apple proposed—provides that the parties must identify such custodians before the parties agree on a final list of custodians.  After Apple provides its list, the parties will be more informed and can discuss whether and how to limit the list or apply some terms to a subset of custodians.  There is no reason to apply an arbitrary numerical limit up front.

Similarly misplaced are Apple's arguments that courts often limit the number of ESI custodians and that Plaintiffs should propose a specific number.  The issue here is not whether limitations may eventually be applied.   The issue is whether Apple may unilaterally impose such a restriction in a vacuum without providing the list of custodians required by the ESI Order.  Plaintiffs will meet and confer regarding a potential limitation after receiving Apple's list, but should not have to agree to an arbitrary number up front.

**Exhibit 3**
**-19-**

## 2.   __Apple's Approach Is Prejudicing Plaintiffs__

Apple is prejudicing Plaintiffs' ability to conduct discovery.  For months, Apple has refused to participate in the ESI process while simultaneously refusing to produce documents on the basis that the parties have not yet agreed on custodians and search terms.  *See, e.g.*, Ex. 8 at 2.

Apple's demand also risks substantively harming Plaintiffs.  Apple's artificial limit will necessarily limit discovery and could result in Plaintiffs never learning critical facts.  Ordinarily, the parties and the Court would conduct a proportionality analysis to balance Plaintiffs' interest in obtaining discovery against Apple's purported interest in saving costs.  *See* Fed. R. Civ. P. 26.  But here Apple is withholding the necessary input to that analysis: the list of potentially relevant custodians required by the ESI Order.

Judge Selna previously addressed a similar attempt by Apple to narrow this case before Plaintiffs received sufficient information.  In particular, Apple demanded that Plaintiffs narrow the number of asserted patent claims before substantial discovery took place.  *See* Ex. 3.  Judge Selna found it was "fundamentally unfair and inefficient" to require reductions at that stage.  *Id.* at 3:18-21.  In response to Apple's argument that reductions would force Plaintiffs to make "hard choices," Judge Selna explained Plaintiffs "ought to be able to make ***fair*** hard choices."  *Id.* at 7:2-8:8.  Similarly, here, Plaintiffs should be able to make an informed decision about the appropriate number of custodians.[3]

Apple has suggested Plaintiffs should first agree to eight custodians and then seek relief from the Court if additional custodians are necessary.  But Apple is withholding the information Plaintiffs may need to make such a showing.  Moreover, because Apple seeks to depart from the ESI Order, Apple should bear the burden of obtaining the Court's permission to deviate from that Order.  Apple's approach would impose that burden on Plaintiffs.  *See* Ex. 12 (Apple arguing Plaintiffs could add additional custodians "if good

---

[3] Other courts have rejected attempts by Apple to artificially limit the number of Apple employees who may be deposed.  *See, e.g., In re Apple iPhone Antitrust Litig.*, case no. 4:20-cv-05640 at *2 (N.D. Cal. Dec. 18, 2020) (attached as Exhibit 17).

**Exhibit 3**
**-20-**

1  cause exists for the identification of additional custodians"). That is unreasonable and

2  contrary to law. *See, e.g.*, *Black*, 2014 WL 806122, at *8 (granting request to search

3  custodians because the party resisting discovery could not make a "particular and specific

4  demonstration" of undue burden).

5  **C.**   **Conclusion**

6        For at least the reasons discussed above, Plaintiffs request the Court order Apple to

7  provide a list of proposed custodians pursuant to the ESI Order.

8                              **III.  APPLE'S POSITION**

9  **\*\*\***

10

11

12                              Respectfully submitted,

13                              KNOBBE, MARTENS, OLSON & BEAR, LLP

14

15  Dated:_____   By: */s/*_____
                                    Joseph R. Re
16                                  Stephen C. Jensen
                                    Benjamin A. Katzenellenbogen
17                                  Perry D. Oldham
                                    Stephen W. Larson
18                                  Adam B. Powell

19                                  Attorneys for Plaintiffs,
                                    Masimo Corporation and
20                                  Cercacor Laboratories

21                              GIBSON, DUNN & CRUTCHER LLP

22  Dated:_____   By: */s/*_____
                                    Joshua H. Lerner
23                                  H. Mark Lyon
                                    Brian M. Buroker
24                                  Brian A. Rosenthal
                                    Ilissa Samplin
25                                  Brian K. Andrea
                                    Angelique Kaounis
26

27                                  Attorneys for Defendant Apple Inc.

28

                                    -7-

**Exhibit 3**
**-21-**

1                  **ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)**

2          Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of

3 this document has been obtained from each of the signatories above.

4

5

     Dated:_____     By: */s/*_____

6                               Adam B. Powell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 3**
**-22-**

# EXHIBIT 4

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Wednesday, February 24, 2021 6:31 PM |
| **To:** | *** Apple-Masimo |
| **Cc:** | Masimo.Apple |
| **Subject:** | Masimo v. Apple - Motion to Compel Compliance With ESI Order |
| **Attachments:** | 2021-02-24 Joint Stipulation.doc; Powell Declaration.pdf |

Counsel,

Attached is a joint stipulation addressing our dispute on the ESI Order.  I will send the exhibits in a separate email because of their size.  Please let me know if you do not receive them.

We look forward to receiving Apple's portion in seven days.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**Exhibit 4**
**-23-**

# EXHIBIT 6

| | |
|---|---|
| **From:** | Kaounis, Angelique <AKaounis@gibsondunn.com> |
| **Sent:** | Tuesday, March 30, 2021 7:19 PM |
| **To:** | Adam.Powell; Andrea, Brian |
| **Cc:** | *** Apple-Masimo; Masimo.Apple |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians |

Adam,

We write briefly to correct the misstatements in your email.  We have been clear about our proposed compromise and about the relief we intend to seek from the Court if Plaintiffs remain unwilling to proceed with ESI discovery now.  Nonetheless, to reiterate, if we are unable to reach a resolution, Apple will ask the Court to compel Plaintiffs to proceed with ESI discovery on twelve custodians per side, without prejudice to either side's ability to pursue ESI from additional custodians in the future.

Apple is preparing a written response to each of the issues raised in your March 23 and March 25 letters.  The March 29 call was convened due to the urgent need to move forward with a proportional, workable, mutually agreeable set of initial custodians.  In the interest of efficiency, we asked you to show patience for a couple days while we work with our client to finalize responses.  We did not refuse to discuss anything.  Rather, we tried to keep the focus on the most important and time-sensitive issue:  agreeing on a way to move forward with ESI discovery now.  But rather than provide a straightforward explanation of Plaintiffs' position on that issue, you instead insisted that the parties discuss other issues, which we did discuss.  In particular, 1) we invited you to share case law supporting your request for custodial files from Tim Cook, and 2) we told you that although we were not able to replicate the legibility you claim to have with APL-MAS_0075595, that we were trying to solve the issue for you.  Please refer to our forthcoming written responses to the other issues set forth in your March 25 letter for Apple's responses to Plaintiffs' other issues.

Thanks,
Angelique


**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, March 30, 2021 8:51 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Angelique and Brian,

**Exhibit 6**
**-29-**

I write to memorialize our March 29 meet and confer.  We disagree with your email, which once again does not accurately reflect our meeting.  Our meet and confer was unhelpful because Apple refused to fully discuss the parties' disputes, including the issues raised in Apple's own March 17 letter and Plaintiffs' responsive March 23 letter.  For example, Apple refused to discuss: (1) whether Plaintiffs' former employees are appropriate custodians, (2) whether Tim Cook is an appropriate custodian, (3) Lamego/Nazarro's files, and (4) whether Apple would produce a new version of APL-MAS_0075595.  Apple argued it need not discuss these issues because Plaintiffs' March 25 Local Rule 37 letter mentioned them and Apple intended to wait ten days to respond to that letter.  We explained that the issues we were trying to discuss were covered by Apple's own March 17 letter and our March 23 response, not just our separate March 25 Local Rule 37 letter.

Rather than discuss all aspects of Apple's own letter, Apple demanded that Plaintiffs preemptively agree to Apple's demand to search just twelve Apple custodians.  Your email below argues that, because both parties will eventually search at least 12 custodians, Plaintiffs should select 12 Apple custodians now.  But Apple is refusing to provide the information that would be necessary for Plaintiffs to make an informed decision even as to 12 custodians, including hit counts for all custodians and search terms.  Such information is important to target and prioritize ESI discovery.  For example, hit counts would help Plaintiffs better understand the relevance of various Apple custodians and prioritize its requests for ESI searching.  We also do not know whether Apple will agree to search Tim Cook's files or whether it will agree to search any of Plaintiffs' former employees other than O'Reilly.  Thus, these issues are interrelated and cannot be isolated.  Indeed, Apple promised in the ESI stipulation that it would discuss custodians <u>and</u> search terms in an attempt to reach an <u>overall agreement</u>.  Apple's refusal to do so is unnecessarily delaying this process.

Apple's claim that it urgently seeks to "make progress" is belied by the many months in which Apple refused to engage in any ESI discussions.   Apple's demand that Plaintiffs select 12 custodians in the dark makes no sense in view of Apple's commitment to provide the other information and engage in an overall discussion in the next few days.  Likewise, providing our position in writing in less than 24 hours can hardly be considered "delay" or refusing to answer Apple's question by a "date certain."  We simply need reasonable information, consistent with what we have been willing to provide Apple, given Apple's refusal to search more than 12 custodians.

During the call, you stated that Apple will immediately proceed with twelve custodians regardless of whether Plaintiffs agree.  While Plaintiffs maintain that Apple should provide hit counts for <u>all</u> of Plaintiffs' custodians, nothing is preventing Apple from running searches on whatever custodians it likes.  During the meet and confer, Apple threatened to move the Court, but did not indicate what relief Apple seeks.  Even though Local Rule 37-1 required Apple's letter to clearly identify "the terms of the discovery order to be sought," Apple's letter did not do so.  Moreover, plaintiffs have not placed an arbitrary limit on searching, and simply look to find an equitable approach.  Plaintiffs also have not in any way refused to begin that process, which they have already started.  As discussed above, nothing is preventing Apple from performing searches on its own custodians.  Please clarify what relief Apple plans to seek from the Court if the parties do not reach an agreement.

During the meet and confer, the parties also discussed (1) the type of documents covered by ESI searching and (2) Plaintiffs search of the twelve custodians that Apple identified.  On the first issue, Apple stated that it planned to search all files, including messaging and chat logs, but that it envisioned the negotiated ESI search terms would apply only to email searching.  We responded that we would consider Apple's position and get back to you.  On the second issue, Plaintiffs again explained they never refused to search the twelve custodians that Apple identified.  To the contrary, we explained that we had already begun pulling files and would provide hit counts as soon as possible.  Apple demanded Plaintiffs provide a "date certain" as to when we would provide hit counts, while Apple could not provide a date certain itself when we asked the same question.  As we explained, Plaintiffs are working diligently to pull the data, process the data, and provide hit counts as soon as possible.  We likewise request hit counts from Apple.

Best regards,
Adam

**Adam Powell**
Partner

**Exhibit 6**
**-30-**

858-707-4245 Direct

## Knobbe Martens

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, March 29, 2021 8:02 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We write to memorialize today's meet and confer call.  We are disappointed by Plaintiffs' refusal to agree to Apple moving forward with 12 custodians on each side, particularly in view of the fact that Plaintiffs have indicated they do intend to request that Apple search the ESI of the 12 custodians Apple has identified.  We are endeavoring in good faith to make progress, with the understanding that all parties reserve rights to seek additional custodians later, depending on the discovery that unfolds.   It is likewise disheartening that Plaintiffs cannot commit to providing a final answer to Apple's proposal to begin with 12 custodians by a date certain.  Your suggestion that we asked you for an "on the spot" answer is detached from the documented reality of the parties' discussions.  We presented this proposal to Plaintiffs on March 17, followed up on March 22 asking for a response to allow us to "move forward with ESI discovery immediately," reiterated this request on March 23, and then once again posed the same question on March 26.  In no way were you put on the spot today.  Accordingly, we renew our request that you let us know today—or tomorrow at the latest—whether Plaintiffs will agree to commence ESI discovery with the list of 12 custodians presented in Apple's March 17 letter.

We will respond in writing to the issues raised in your March 23 and March 25 letters later this week.  In the meantime, we need to move forward with an initial set of custodians.  Discovery is an iterative, collaborative process.  The fact that other issues remain to be decided does not justify Plaintiffs' delay.

Thanks,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Exhibit 6**
**-31-**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 6**
**-32-**

# EXHIBIT 7

| | |
|---|---|
| **From:** | Kaounis, Angelique <AKaounis@gibsondunn.com> |
| **Sent:** | Wednesday, March 31, 2021 8:57 PM |
| **To:** | Masimo.Apple |
| **Cc:** | *** Apple-Masimo |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians |
| **Attachments:** | Joint Stip re ESI Custodians.DOC |

Counsel:

Attached please find Apple's portion of the Joint Stipulation regarding Apple's Motion to Compel Plaintiffs to Immediately Proceed With ESI Discovery.

The accompanying attorney declaration and the exhibits (both public and under seal versions of the exhibits) will follow shortly via ShareFile because of their size.  Please let us know if you have any issues retrieving them.

When you send back Plaintiffs' portion, please include proposed redactions in yellow highlighting for Plaintiffs' portion, as well as any proposed redactions for Apple's portion.

We look forward to receiving Plaintiffs' portion of the Joint Stipulation in seven days.

Thanks,
Angelique


**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Tuesday, March 30, 2021 7:19 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We write briefly to correct the misstatements in your email.  We have been clear about our proposed compromise and about the relief we intend to seek from the Court if Plaintiffs remain unwilling to proceed with ESI discovery now.  Nonetheless, to reiterate, if we are unable to reach a resolution, Apple will ask the Court to compel Plaintiffs to proceed with ESI discovery on twelve custodians per side, without prejudice to either side's ability to pursue ESI from additional custodians in the future.

Apple is preparing a written response to each of the issues raised in your March 23 and March 25 letters.  The March 29 call was convened due to the urgent need to move forward with a proportional, workable, mutually

1

**Exhibit 7**
**-33-**

agreeable set of initial custodians.  In the interest of efficiency, we asked you to show patience for a couple days while we work with our client to finalize responses.  We did not refuse to discuss anything.  Rather, we tried to keep the focus on the most important and time-sensitive issue:  agreeing on a way to move forward with ESI discovery now.  But rather than provide a straightforward explanation of Plaintiffs' position on that issue, you instead insisted that the parties discuss other issues, which we did discuss.  In particular, 1) we invited you to share case law supporting your request for custodial files from Tim Cook, and 2) we told you that although we were not able to replicate the legibility you claim to have with APL-MAS_0075595, that we were trying to solve the issue for you.  Please refer to our forthcoming written responses to the other issues set forth in your March 25 letter for Apple's responses to Plaintiffs' other issues.

Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, March 30, 2021 8:51 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Angelique and Brian,

I write to memorialize our March 29 meet and confer.  We disagree with your email, which once again does not accurately reflect our meeting.  Our meet and confer was unhelpful because Apple refused to fully discuss the parties' disputes, including the issues raised in Apple's own March 17 letter and Plaintiffs' responsive March 23 letter.  For example, Apple refused to discuss: (1) whether Plaintiffs' former employees are appropriate custodians, (2) whether Tim Cook is an appropriate custodian, (3) Lamego/Nazarro's files, and (4) whether Apple would produce a new version of APL-MAS_0075595.  Apple argued it need not discuss these issues because Plaintiffs' March 25 Local Rule 37 letter mentioned them and Apple intended to wait ten days to respond to that letter.  We explained that the issues we were trying to discuss were covered by Apple's own March 17 letter and our March 23 response, not just our separate March 25 Local Rule 37 letter.

Rather than discuss all aspects of Apple's own letter, Apple demanded that Plaintiffs preemptively agree to Apple's demand to search just twelve Apple custodians.  Your email below argues that, because both parties will eventually search at least 12 custodians, Plaintiffs should select 12 Apple custodians now.  But Apple is refusing to provide the information that would be necessary for Plaintiffs to make an informed decision even as to 12 custodians, including hit counts for all custodians and search terms.  Such information is important to target and prioritize ESI discovery.  For example, hit counts would help Plaintiffs better understand the relevance of various Apple custodians and prioritize its requests for ESI searching.  We also do not know whether Apple will agree to search Tim Cook's files or whether it will agree to search any of Plaintiffs' former employees other than O'Reilly.  Thus, these issues are interrelated and cannot be isolated.  Indeed, Apple promised in the ESI stipulation that it would discuss custodians <u>and</u> search terms in an attempt to reach an <u>overall agreement</u>.  Apple's refusal to do so is unnecessarily delaying this process.

**Exhibit 7**
**-34-**

Apple's claim that it urgently seeks to "make progress" is belied by the many months in which Apple refused to engage in any ESI discussions.  Apple's demand that Plaintiffs select 12 custodians in the dark makes no sense in view of Apple's commitment to provide the other information and engage in an overall discussion in the next few days.  Likewise, providing our position in writing in less than 24 hours can hardly be considered "delay" or refusing to answer Apple's question by a "date certain."  We simply need reasonable information, consistent with what we have been willing to provide Apple, given Apple's refusal to search more than 12 custodians.

During the call, you stated that Apple will immediately proceed with twelve custodians regardless of whether Plaintiffs agree.  While Plaintiffs maintain that Apple should provide hit counts for all of Plaintiffs' custodians, nothing is preventing Apple from running searches on whatever custodians it likes.  During the meet and confer, Apple threatened to move the Court, but did not indicate what relief Apple seeks.  Even though Local Rule 37-1 required Apple's letter to clearly identify "the terms of the discovery order to be sought," Apple's letter did not do so.  Moreover, plaintiffs have not placed an arbitrary limit on searching, and simply look to find an equitable approach.  Plaintiffs also have not in any way refused to begin that process, which they have already started.  As discussed above, nothing is preventing Apple from performing searches on its own custodians.  Please clarify what relief Apple plans to seek from the Court if the parties do not reach an agreement.

During the meet and confer, the parties also discussed (1) the type of documents covered by ESI searching and (2) Plaintiffs search of the twelve custodians that Apple identified.  On the first issue, Apple stated that it planned to search all files, including messaging and chat logs, but that it envisioned the negotiated ESI search terms would apply only to email searching.  We responded that we would consider Apple's position and get back to you.  On the second issue, Plaintiffs again explained they never refused to search the twelve custodians that Apple identified.  To the contrary, we explained that we had already begun pulling files and would provide hit counts as soon as possible.  Apple demanded Plaintiffs provide a "date certain" as to when we would provide hit counts, while Apple could not provide a date certain itself when we asked the same question.  As we explained, Plaintiffs are working diligently to pull the data, process the data, and provide hit counts as soon as possible.  We likewise request hit counts from Apple.

Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, March 29, 2021 8:02 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians


Adam,

We write to memorialize today's meet and confer call.  We are disappointed by Plaintiffs' refusal to agree to Apple moving forward with 12 custodians on each side, particularly in view of the fact that Plaintiffs have indicated they do intend to request that Apple search the ESI of the 12 custodians Apple has identified.  We are endeavoring in good faith to make progress, with the understanding that all parties reserve rights to seek additional custodians later, depending on the discovery that unfolds.  It is likewise disheartening that Plaintiffs cannot commit to providing a final answer to Apple's proposal to begin with 12 custodians by a date certain.  Your suggestion that we asked you for an "on the spot" answer is detached from the documented reality of the parties' discussions.  We presented this proposal to Plaintiffs on March 17, followed up on March 22 asking for a response to allow us to "move forward with ESI discovery immediately," reiterated this request on March 23, and then once again posed the same question on March 26.  In no way were you put on the spot today.  Accordingly, we renew our request

3

**Exhibit 7**
**-35-**

that you let us know today—or tomorrow at the latest—whether Plaintiffs will agree to commence ESI discovery with the list of 12 custodians presented in Apple's March 17 letter.

We will respond in writing to the issues raised in your March 23 and March 25 letters later this week.  In the meantime, we need to move forward with an initial set of custodians.  Discovery is an iterative, collaborative process.  The fact that other issues remain to be decided does not justify Plaintiffs' delay.

Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 7
-36-**

# EXHIBIT 8

| | |
|---|---|
| **From:** | Kaounis, Angelique <AKaounis@gibsondunn.com> |
| **Sent:** | Friday, April 2, 2021 12:40 PM |
| **To:** | Adam.Powell |
| **Cc:** | *** Apple-Masimo; Masimo.Apple |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians |
| **Attachments:** | [Proposed] Order Re Mot. to Compel Plaintiffs to Immediately Proceed with ESI Disc._104509505_1.DOCX |

Adam,

When we spoke on March 29, we emphasized the need for discovery to proceed immediately given the rapidly approaching discovery cut-off in July.  We told you that if we were unable to reach a resolution, we would need to get the Court involved—and soon.  The relief that we seek is clear and you have been aware of it:  Apple is asking the Court to compel Plaintiffs to proceed with ESI discovery on twelve custodians per side, without prejudice to either side's ability to pursue ESI from additional custodians in the future.  Nonetheless, per your request, a proposed order is attached.

With respect to your request for an extension of time, your email does not articulate any reason for needing an extension to respond to a motion on a singular issue that the parties have been discussing for months.  While Apple has gladly provided extensions in the past, we have been abundantly clear that time is of the essence because of the July discovery deadline.  Absent a compelling justification, we cannot offer an extension in this case—we waited as long as we felt we could.

Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, April 2, 2021 11:45 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Angelique,

I recognize we sent the below email yesterday evening.  However, because it is the Friday before Easter, we would appreciate it if you could provide Apple's position on the requested extension by 1 or 2 pm.

Thanks,
Adam

1

**Exhibit 8**
**-37-**

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Thursday, April 1, 2021 8:32 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Angelique,

We were very surprised to receive your joint stipulation late last night.  Your last email on March 30 did not call for a response or assert the parties had reached an impasse.  Instead, you specifically stated that you would be responding to us on all outstanding issues in a "forthcoming written response" that we received this afternoon after Apple served its joint stipulation.  We reasonably expected that Apple would be providing its response and the parties would engage in further discussions.

Indeed, even after receiving your joint stipulation, we still do not understand what Apple is requesting from us or the Court.  Your email stated Apple would ask the Court to "compel Plaintiffs to proceed with ESI discovery on twelve custodians per side" if the parties did not reach an agreement, but did not explain what specific relief you would be requesting.  Your motion likewise does not explain the specific relief you are seeking and did not include a proposed order.  As we explained, Plaintiffs are already searching the custodians that Apple identified and Apple is free to search its own custodians. Please explain the relief sought and provide a proposed order for our review by tomorrow.

We also request a courtesy one week extension to serve our response.  Please let us know if Apple agrees.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Wednesday, March 31, 2021 8:57 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Counsel:

Attached please find Apple's portion of the Joint Stipulation regarding Apple's Motion to Compel Plaintiffs to Immediately Proceed With ESI Discovery.

The accompanying attorney declaration and the exhibits (both public and under seal versions of the exhibits) will follow shortly via ShareFile because of their size.  Please let us know if you have any issues retrieving them.

When you send back Plaintiffs' portion, please include proposed redactions in yellow highlighting for Plaintiffs' portion, as well as any proposed redactions for Apple's portion.

**Exhibit 8**
**-38-**

We look forward to receiving Plaintiffs' portion of the Joint Stipulation in seven days.

Thanks,
Angelique

**Angelique Kaounis**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Tuesday, March 30, 2021 7:19 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We write briefly to correct the misstatements in your email. We have been clear about our proposed compromise and about the relief we intend to seek from the Court if Plaintiffs remain unwilling to proceed with ESI discovery now. Nonetheless, to reiterate, if we are unable to reach a resolution, Apple will ask the Court to compel Plaintiffs to proceed with ESI discovery on twelve custodians per side, without prejudice to either side's ability to pursue ESI from additional custodians in the future.

Apple is preparing a written response to each of the issues raised in your March 23 and March 25 letters. The March 29 call was convened due to the urgent need to move forward with a proportional, workable, mutually agreeable set of initial custodians. In the interest of efficiency, we asked you to show patience for a couple days while we work with our client to finalize responses. We did not refuse to discuss anything. Rather, we tried to keep the focus on the most important and time-sensitive issue: agreeing on a way to move forward with ESI discovery now. But rather than provide a straightforward explanation of Plaintiffs' position on that issue, you instead insisted that the parties discuss other issues, which we did discuss. In particular, 1) we invited you to share case law supporting your request for custodial files from Tim Cook, and 2) we told you that although we were not able to replicate the legibility you claim to have with APL-MAS_0075595, that we were trying to solve the issue for you. Please refer to our forthcoming written responses to the other issues set forth in your March 25 letter for Apple's responses to Plaintiffs' other issues.

Thanks,
Angelique

**Angelique Kaounis**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

Exhibit 8
-39-

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, March 30, 2021 8:51 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Angelique and Brian,

I write to memorialize our March 29 meet and confer.  We disagree with your email, which once again does not accurately reflect our meeting.  Our meet and confer was unhelpful because Apple refused to fully discuss the parties' disputes, including the issues raised in Apple's own March 17 letter and Plaintiffs' responsive March 23 letter.  For example, Apple refused to discuss: (1) whether Plaintiffs' former employees are appropriate custodians, (2) whether Tim Cook is an appropriate custodian, (3) Lamego/Nazarro's files, and (4) whether Apple would produce a new version of APL-MAS_0075595.  Apple argued it need not discuss these issues because Plaintiffs' March 25 Local Rule 37 letter mentioned them and Apple intended to wait ten days to respond to that letter.  We explained that the issues we were trying to discuss were covered by Apple's own March 17 letter and our March 23 response, not just our separate March 25 Local Rule 37 letter.

Rather than discuss all aspects of Apple's own letter, Apple demanded that Plaintiffs preemptively agree to Apple's demand to search just twelve Apple custodians.  Your email below argues that, because both parties will eventually search at least 12 custodians, Plaintiffs should select 12 Apple custodians now.  But Apple is refusing to provide the information that would be necessary for Plaintiffs to make an informed decision even as to 12 custodians, including hit counts for all custodians and search terms.  Such information is important to target and prioritize ESI discovery.  For example, hit counts would help Plaintiffs better understand the relevance of various Apple custodians and prioritize its requests for ESI searching.  We also do not know whether Apple will agree to search Tim Cook's files or whether it will agree to search any of Plaintiffs' former employees other than O'Reilly.  Thus, these issues are interrelated and cannot be isolated.  Indeed, Apple promised in the ESI stipulation that it would discuss custodians <u>and</u> search terms in an attempt to reach an <u>overall agreement</u>.  Apple's refusal to do so is unnecessarily delaying this process.

Apple's claim that it urgently seeks to "make progress" is belied by the many months in which Apple refused to engage in any ESI discussions.   Apple's demand that Plaintiffs select 12 custodians in the dark makes no sense in view of Apple's commitment to provide the other information and engage in an overall discussion in the next few days.  Likewise, providing our position in writing in less than 24 hours can hardly be considered "delay" or refusing to answer Apple's question by a "date certain."  We simply need reasonable information, consistent with what we have been willing to provide Apple, given Apple's refusal to search more than 12 custodians.

During the call, you stated that Apple will immediately proceed with twelve custodians regardless of whether Plaintiffs agree.  While Plaintiffs maintain that Apple should provide hit counts for <u>all</u> of Plaintiffs' custodians, nothing is preventing Apple from running searches on whatever custodians it likes.  During the meet and confer, Apple threatened to move the Court, but did not indicate what relief Apple seeks.  Even though Local Rule 37-1 required Apple's letter to clearly identify "the terms of the discovery order to be sought," Apple's letter did not do so.  Moreover, plaintiffs have not placed an arbitrary limit on searching, and simply look to find an equitable approach.  Plaintiffs also have not in any way refused to begin that process, which they have already started.  As discussed above, nothing is preventing Apple from performing searches on its own custodians.  Please clarify what relief Apple plans to seek from the Court if the parties do not reach an agreement.

During the meet and confer, the parties also discussed (1) the type of documents covered by ESI searching and (2) Plaintiffs search of the twelve custodians that Apple identified.  On the first issue, Apple stated that it planned to search all files, including messaging and chat logs, but that it envisioned the negotiated ESI search terms would apply only to email searching.  We responded that we would consider Apple's position and get back to you.  On the second issue,

**Exhibit 8**
**-40-**

Plaintiffs again explained they never refused to search the twelve custodians that Apple identified.  To the contrary, we explained that we had already begun pulling files and would provide hit counts as soon as possible.  Apple demanded Plaintiffs provide a "date certain" as to when we would provide hit counts, while Apple could not provide a date certain itself when we asked the same question.  As we explained, Plaintiffs are working diligently to pull the data, process the data, and provide hit counts as soon as possible.  We likewise request hit counts from Apple.


Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Monday, March 29, 2021 8:02 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We write to memorialize today's meet and confer call.  We are disappointed by Plaintiffs' refusal to agree to Apple moving forward with 12 custodians on each side, particularly in view of the fact that Plaintiffs have indicated they do intend to request that Apple search the ESI of the 12 custodians Apple has identified.  We are endeavoring in good faith to make progress, with the understanding that all parties reserve rights to seek additional custodians later, depending on the discovery that unfolds.   It is likewise disheartening that Plaintiffs cannot commit to providing a final answer to Apple's proposal to begin with 12 custodians by a date certain.  Your suggestion that we asked you for an "on the spot" answer is detached from the documented reality of the parties' discussions.  We presented this proposal to Plaintiffs on March 17, followed up on March 22 asking for a response to allow us to "move forward with ESI discovery immediately," reiterated this request on March 23, and then once again posed the same question on March 26.  In no way were you put on the spot today.  Accordingly, we renew our request that you let us know today—or tomorrow at the latest—whether Plaintiffs will agree to commence ESI discovery with the list of 12 custodians presented in Apple's March 17 letter.

We will respond in writing to the issues raised in your March 23 and March 25 letters later this week.  In the meantime, we need to move forward with an initial set of custodians.  Discovery is an iterative, collaborative process.  The fact that other issues remain to be decided does not justify Plaintiffs' delay.

Thanks,
Angelique


**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**Exhibit 8**
**-41-**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Exhibit 8
-42-**

# EXHIBIT 9

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Monday, April 27, 2020 12:32 PM |
| **To:** | Lit MASIMOL.1214L |
| **Subject:** | FW: Masimo v. Apple - Section 2019.210 compliance |

**From:** Adam.Powell
**Sent:** Monday, April 27, 2020 12:32 PM
**To:** 'Samplin, Ilissa' <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Ilissa,

Your rhetoric is not helpful.  Friday was only the second day into a ten-day response period, presuming your letter complied with Local Rule 37-1.  However, your letter does not satisfy the requirements of Local Rule 37-1, which provides the letter must "specify the terms of the discovery order to be sought" and "provide any legal authority the moving party believes is dispositive of the dispute."  Your letter stated Apple intended to "raise Plaintiffs' continued failure to comply with Section 2019.210 promptly with Judge Early" but did not state any requested relief or authority for such requested relief.  Such information is necessary for us to prepare for the conference of counsel (and for Apple to comply with LR 37-1).

We also have now asked you three times whether Apple intends to move forward with the joint stipulation in its present form.  You refused to answer that question each time, despite knowing that we were expending resources on our portion of the joint stipulation.  Please answer that simple "yes" or "no" question in advance of our call today.  That information is also necessary for us to prepare for the conference of counsel.  In the event Apple does not file a motion for protective order addressing this issue but continues to refuse to provide patent discovery, Plaintiffs will file a motion to compel.

We also note that the parties have now disagreed over what happened during several teleconferences, including the Rule 26 conference and the April 6, 2020, conference concerning Apple's pending motion for protective order.  To avoid similar disputes, we request that the parties record such teleconferences moving forward.  Please confirm Apple agrees.  We will, of course, indicate the conference is being recorded during each call that we record.

Finally, 3pm this afternoon will not work for us anymore.  Please let us know if 4pm works for you.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

1

Exhibit 9
-43-

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Sunday, April 26, 2020 9:23 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Adam,

It seems we are speaking past each other, which could have been avoided if your team would have gotten on the phone sooner.  In any event, we will speak to you at 3 pm tomorrow.  We can use the following dial-in:
Dial-in:  866-747-5969
Passcode:  2132297354#

Please be prepared to discuss on the call the date by which Plaintiffs will serve a Section 2019.210 compliant trade secret disclosure.  We told you that we would agree to treat the disclosure as AEO until a Protective Order is in place—therefore, there's absolutely no reason for Plaintiffs to keep dragging out their obligation to provide the trade secret disclosure Judge Selna ordered.  We need a date certain from Plaintiffs, and expect to receive that from you during tomorrow's call.

Regards,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Saturday, April 25, 2020 4:38 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Section 2019.210 compliance

[External Email]

Ilissa,

Exhibit 9
-44-

Our response *more quickly* than required by the Local Rules is certainly reasonable.  Regardless, your letter did not say you wanted to talk about the current joint stipulation.  We asked you twice whether Apple intends to move forward with the current joint stipulation.  You refused to answer both times even though you know we are expending resources working on our portion of the joint stipulation.  From your email, it now sounds like Apple does not plan to move forward with the joint stipulation in its present form.  If that is correct, please inform us immediately so that we can stop wasting resources on our response this weekend.  We are happy to discuss the timing of Apple's anticipated revisions and our portion or a new motion on Monday afternoon after 3pm.



Best regards,

Adam



On Apr 24, 2020, at 8:49 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:


Adam,

The status of the Motion for Protective Order is part of what we want to discuss on a call.  We would have gotten on the phone with you yesterday or today to discuss.  You didn't take us up on the offer.

We disagree with your assertion below – plaintiffs are clearly dragging this out because their failure to comply with Section 2019.210 has been an ongoing issue over which the parties have exchanged countless letters and briefing already.  To say you need to spend days considering our short letter before getting on the phone with us to hash out these issues seems disingenuous, and appears to be another attempt to push off for another week the issue of plaintiffs' noncompliance with Section 2019.210.

We, like you, want to get to the bottom of the parties' dispute here so that we can promptly get it before the Court.  A call is most efficient in this regard, and I trust that by Monday morning your team will have had sufficient time to prepare for that call.  Please propose a time.

Thanks,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com



**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, April 24, 2020 6:18 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>

3

**Exhibit 9**
**-45-**

Cc: Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

[External Email]
Ilissa,

We disagree with your assertion that we dragged anything out by not responding to a L.R. 37-1 letter in less than two days.  We are reviewing your letter and will respond in due course.  However, your letter appears to address the same issues as Apple's existing Motion for Protective Order.  If Apple intends to withdraw that motion in favor of filing a different Motion for Protective Order, please inform us immediately so that we can stop working on our portion of the Joint Stipulation.  If Apple intends to move forward with the existing Motion for Protective Order, we do not see why Apple is demanding a meet and confer on a second duplicative motion.


Best regards,
Adam


**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, April 24, 2020 11:41 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Adam,

I have not heard back from you on our request for a meet and confer.  There's no reason to drag this out.  You raised the issue, and therefore should be able to hop on the phone to discuss it.  Please let us know if there is a time you can speak this afternoon or Monday morning.


Thanks,
Ilissa


Ilissa Samplin

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 9**
**-46-**

**From:** Samplin, Ilissa
**Sent:** Wednesday, April 22, 2020 5:21 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

Adam,

Please see the attached correspondence.

Regards,
Ilissa


Ilissa Samplin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, April 21, 2020 6:09 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 compliance

[External Email]
Ilissa,

We will provide a Section 2019.210 disclosure in due course, but will need a Protective Order in place before doing so.  We are reviewing Apple's edits that it provided late Thursday evening and will respond to Angelique as soon as we can.

Judge Selna's order also made clear that he was staying "trade secret discovery only," not discovery of other claims that might also "relate" to trade secret claims.  Since Apple acknowledged Plaintiffs' RFPs 1-25 all relate to the patent case, please confirm Apple will withdraw its Motion for Protective Order and substantively respond to those requests.

Best regards,
Adam

**Exhibit 9**
**-47-**

**Adam Powell**
Partner

858-707-4245 Direct

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, April 20, 2020 5:27 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 compliance

Counsel:

Please confirm, by close of business tomorrow, the date on which we can expect to receive a Section 2019.210-compliant trade secret disclosure, per Judge Selna's April 17 Order.

Regards,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and

**Exhibit 9**
**-48-**

then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

_____

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

_____

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

_____

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

_____

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

_____

**Exhibit 9 -49-**

# EXHIBIT 10

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Wednesday, July 29, 2020 6:41 PM |
| **To:** | Samplin, Ilissa |
| **Cc:** | Powell, Nathan; Mark.Kachner; Masimo.Apple; Lerner, Joshua H.; Lyon, H. Mark; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses |

Ilissa,

We disagree that Apple complied with Local Rule 37-1.  Based on your email, it appears that Apple intends to file a motion to compel requiring Plaintiffs to provide a Section 2019.210 statement by some unknown date.  This issue has been litigated many times.  Apple asked for a date certain in both its motion for protective order and objections to Judge Early's ruling.  Dkt. 43-5, Dkt. 57-17.  Both Judge Early and Judge Selna denied Apple's request.  Dkt. 54, 79.  Plaintiffs reserve all rights, including the right to seek sanctions, if Apple pursues this Motion.  If Apple insists on moving forward, we are available to discuss at 4pm tomorrow.

Additionally, because the parties have now disagreed over what occurred during numerous teleconferences, we reiterate our request to record such teleconferences.  Assuming your team believes their descriptions of our teleconferences have been truthful, they should have no problem agreeing to our suggestion to avoid further disputes.  Please let us know if you will agree.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 28, 2020 10:08 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

Our July 21 letter sets for the basis for the motion to compel Apple is contemplating:  This case needs to move forward, Apple is entitled to a Section 2019.210 disclosure pursuant to the statute and cases interpreting it, and Plaintiffs are refusing the produce the disclosure or even a date certain by which they will do so.  We have been asking for a Section 2019.210 disclosure or a date certain by which Plaintiffs will produce a Section 2019.210 disclosure for months now, and we still have nothing.  Please provide some times that work for a meet-and-confer call on July 30.

Thank you,
Ilissa

**Exhibit 10**
**-50-**

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, July 28, 2020 7:51 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

We are confused as to the motion Apple is contemplating and the relief it would be seeking.  Local Rule 37-1 states: "The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  Apple has not provided any of that information.  Please provide the required information so that we can meaningfully prepare for a meet and confer.

Best regards,
Adam

> On Jul 27, 2020, at 9:15 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:
>
>
> Counsel:
>
> I am following up on the attached, to reiterate our request for a meet and confer on July 30.  Please provide by close of business tomorrow, July 28th, times on the 30th that work for your team.
>
> Thank you,
> Ilissa
>
>
> **Ilissa Samplin**
>
> **GIBSON DUNN**
>
> Gibson, Dunn & Crutcher LLP
> 333 South Grand Avenue, Los Angeles, CA 90071-3197
> Tel +1 213.229.7354 • Fax +1 213.229.6354
> ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 10**
**-51-**

**From:** Powell, Nathan
**Sent:** Tuesday, July 21, 2020 8:28 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel,

Please see the attached correspondence.

Regards,
Nathan

**Nathan Powell**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5342 • Fax +1 650.849.5042
NPowell@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Friday, July 17, 2020 11:37 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We obviously disagree with your gross mischaracterization of Apple's position, set forth in the first paragraph of your email below—which is demonstrably wrong based on Apple's production of technical documents to your team less than two hours later.

We also continue to disagree with your incorrect positions on Section 2019.210 and trade secret-related interrogatories.  Plaintiffs should not need to prepare their amended complaint *before* serving a Section 2019.210 disclosure or amended interrogatory responses pertaining to their purported trade secrets because Plaintiffs presumably had a Rule 11 basis for their trade secret allegations when they first asserted them back in January 2020.  In other words, Plaintiffs knew (or should have known) what their alleged trade secrets were back when they first filed this case and therefore should not need to file an amended complaint before they can describe those trade secrets to Apple—in a Section 2019.210 disclosure and amended interrogatory responses that Plaintiffs previously, and repeatedly, agreed to provide once a protective order was entered, and did not make contingent on the earlier-in-time filing of an amended pleading.  Your suggestion that Apple's Motion to Dismiss created this problem is factually incorrect.  Plaintiffs' failure to describe their trade secrets even under Federal Rule of Civil Procedure 8 is, and continues to be, the problem here.  Your two week offer for amended interrogatory responses is *not* "more than diligent" as you contend below, and you have again failed to even commit

3

**Exhibit 10**
**-52-**

to a date certain by which you will serve a Section 2019.210-compliant trade secret disclosure.  Please provide a date by which Plaintiffs will serve their Section 2019.210 disclosure; we have been asking for a date for so many months now.

With respect to the ethical wall, are you saying that Plaintiffs intend to review the material Apple produced yesterday without first putting a temporary ethical wall in place?

Apple likewise reserves all rights.

Regards.
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, July 16, 2020 5:02 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

Your attempt to tie Apple's technical document production to Masimo possibly substituting patents is inconsistent with the facts.  I asked you about the timing of Apple's document production on July 8 and July 9.  You refused to answer.  Masimo did not mention it was considering substituting patents until July 10.  Regardless, as a courtesy, we responded yesterday concerning the possible patent family reduction to focus this case.  Apple's statement that it is now "preparing" its core technical document production demonstrates the extent to which Apple has flouted—and continues to flout—the Court's Scheduling Order.  Apple's statement that it needs more information "before" it produces documents confirms Apple's open contempt for the Court's Order and numerous rulings confirming that Order, which required Apple to produce documents weeks ago.

We disagree with your assertions regarding Section 2019.210 and Plaintiffs' interrogatory responses.  Plaintiffs are in the process of preparing an amended complaint, which will describe Plaintiffs' asserted trade secrets in more detail.  Plaintiffs' amended complaint will be relevant to the scope of trade secret discovery in this case and the Section 2019.210 statement.  Apple's Motion to Dismiss obviously drove that timing.  Moreover, Apple apparently already plans to continue prolonging the pleading stage by filing another motion to dismiss, even though it has not yet seen the amended complaint.  Apple's demand that we provide discovery now, before we amend the complaint, puts the cart before the horse.  It is reasonable for us to amend the complaint first and then update our

**Exhibit 10**
**-53-**

interrogatories as they relate to the amended complaint.  Our agreement to provide discovery just two weeks after amending the complaint is more than diligent.

As for your request that we enact a temporary "ethical wall," that is another baseless attempt to tie Apple's disclosure of technical documents to Section 2019.210—a procedural ploy the Court has now rejected at least *four times*.  We are aware of no case imposing such a requirement.  The *Jardin* case you cited is irrelevant because it affirmed an order creating a temporary ethical wall for lawyers involved in a separate case.  Apple's ongoing defiance and contempt of this Court's numerous orders is prejudicial.  Plaintiffs reserve all rights.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, July 15, 2020 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We have not answered your question about the timing of technical documents because you still have not answered our question about whether you are dropping a patent family.  We are preparing our core technical document production.  Before we produce, we need to know if you are contemplating dropping a patent family, and if so, which one(s).  This has an impact on what we produce.  If you are not contemplating dropping a patent family, we can make our production shortly.

With respect to your second question, no, we do not agree that we will rely on only public materials to defend our client in this case.

With respect to our request for amended interrogatory responses, please explain why your team feels it needs six weeks from the date the protective order was entered to serve the amended interrogatory responses Mark previously represented that your team was working on, and would be able to serve after entry of a protective order?  We don't understand why your team needs 2 weeks from the date of amendment to provide the amendments we've been waiting on for weeks.

Notably, you omitted from your email below any reference to the Section 2019.210 disclosure we've been asking about for many months now.  There is no reason why you cannot provide the Section 2019.210 disclosure now—indeed, your team has repeatedly represented that the absence of a protective order was the only cause for delay on the Section 2019.210 disclosure front.  A protective order has now been entered.  Plaintiffs should be in a position to provide the disclosure now, without any further delay.  Please confirm that Plaintiffs will produce a Section 2019.210-compliant disclosure this week.

**Exhibit 10**
**-54-**

Finally, please confirm that you will maintain an ethical wall to keep Plaintiffs' attorneys who will have actual access to Apple's confidential information from participating in drafting or revising Plaintiffs' Section 2019.210 statement.  As I am sure you can understand and appreciate, this temporary ethical wall is necessary because Plaintiffs' counsel who review Apple's core technical production will be unable to "divorce themselves from their knowledge of [Apple's] confidential material when identifying the information [Apple] allegedly misappropriated."  *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (affirming magistrate judge's order creating a temporary ethical wall because plaintiff's counsel that learns defendant's confidential information "simply cannot unring the bell").


Thank you,
Ilissa


Ilissa Samplin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 15, 2020 10:59 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

You still have not answered the questions I asked last week.  You cannot expect us to drop everything and respond in a single business day to your requests while ignoring our questions for a week.  Please provide an answer to the following questions as soon as possible.

(1) What is Apple's basis for continuing to refuse to provide technical documents?
(2) Will Apple confirm it will rely solely on public information for its non-infringement positions in this case?

As you know, Plaintiffs' amended complaint is due July 25.  Plaintiffs will agree to supplement their interrogatory answers within two weeks of filing the amended complaint.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**Exhibit 10**
**-55-**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 14, 2020 9:40 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

We did not receive a response to the email below.  Please confirm, by **10 am PT tomorrow**, whether Plaintiffs will in fact serve their Section 2019.210 disclosure and amended responses to Apple's Interrogatory Nos. 5 through 13, and 17, by June 22, 2020.  We need to know where things stand on these matters as soon as possible, given that the parties have been meeting and conferring about all of them for months now—and Plaintiffs' only purported impediment to production was the absence of a protective order, which has now been entered.

We look forward to your prompt response.

Thank you,
Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Monday, July 13, 2020 11:22 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

You have repeatedly represented that "despite the stay" pertaining to trade secret discovery that you mistakenly contend applies to all parties, "Plaintiffs were not withholding discovery, even for requests related solely to trade secrets"—but rather, that "Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order."  (5/22/20 Kachner Ltr.; 6/2/20 Kachner Ltr.)  You likewise have represented that Plaintiffs would produce responsive documents, and amend numerous deficient interrogatory responses, upon entry of a protective order.  (*See, e.g.*, 6/6/20 Samplin Ltr. confirming parties' 6/3/20 meet and confer.)  As you know, the Protective Order was entered two weeks ago.  Plaintiffs nonetheless are still withholding their Section 2109.210 disclosure, as well as documents and information responsive to Apple's trade secret-related and other discovery

**Exhibit 10
-56-**

requests.  There is no justification for Plaintiffs' continued withholding of this relevant and responsive information.

For starters, please confirm that by no later than July 22, 2020, Plaintiffs will produce a Section 2019.210-compliant disclosure, as well as amended responses to Interrogatory Nos. 5 through 13, and 17.  Plaintiffs have now had *ample* time to prepare their Section 2019.210 disclosure and the amended responses to these Interrogatories.  There is no reason for Plaintiffs to continue to delay their production.

Please provide confirmation by 5 pm PT tomorrow, July 14.

Regards,
Ilissa

**Ilissa Samplin**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**Exhibit 10**
**-57-**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<2020.07.21 M&C Letter.pdf>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 10
-58-

# EXHIBIT 11

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Wednesday, February 10, 2021 8:27 PM |
| **To:** | Andrea, Brian |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians |

Brian,

We disagree with your characterization of virtually everything that you claim occurred during the meet and confer.  Your email again shows why we have suggested that the parties should record meet and confers.

We will reiterate our position.  During the meet and confer, Plaintiffs explained the basis for our assertion that Apple's list is deficient.  In particular, we explained that Apple's list excluded at least the custodians that Plaintiffs had already identified to Apple in its prior joint stipulation and in email correspondence.  We explained that it was not reasonable for Apple to demand that we identify all *other* missing individuals in Apple's list.  While we know Apple's list excluded relevant custodians, we have no way of knowing the universe of custodians that Apple has never disclosed to us.  We explained that we believe the ESI Order puts that obligation on Apple—not Plaintiffs.  This is because only Apple can perform that investigation.  Indeed, that is why we conducted a reasonable investigation on our side and identified 46 potential ESI custodians.

We also told you at the very beginning of the call that we have no problem explaining the relevance of each custodian on our list.  However, we explained that does not resolve our dispute because Apple's list is facially deficient.  Even if Apple explains that its eight custodians are relevant, that does not show that *other* individuals are irrelevant.  Thus, while we will provide the requested information at 5pm pacific on Friday, the exchange will not resolve this dispute.

It is inappropriate for Apple to supplement its list only when Plaintiffs can identify someone who is missing.  We maintain the ESI Order requires Apple to identify the reasonable universe of potential custodians.  We believe the parties are at an impasse because Apple has steadfastly refused to provide such a list.  Therefore, we have a fundamental disagreement as to Apple's obligation under the ESI Order.  That disagreement has not changed.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 Direct

**Knobbe** Martens

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Wednesday, February 10, 2021 3:16 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam—

I write to memorialize the parties' discussion in this afternoon's meet and confer regarding the identification of ESI custodians.

**Exhibit 11**
**-59-**

Plaintiffs took the position that Apple's list of ESI custodians was deficient, but refused to provide a basis for that position.  Apple made clear that it conducted a reasonable investigation and identified those individuals knowledgeable about the core issues in this case, as required by the ESI Order, and thus it did not understand how Plaintiffs can possibly claim that Apple's list is deficient.  *See* Dkt. 51.  Apple noted that it seemed that Plaintiffs have individuals in mind that they believe Apple should identify,  but Plaintiffs refused to identify those individuals.  Instead, Plaintiffs took the position that they were not obligated to provide that information to Apple.  Apple disagreed, noting that the meet and confer process is intended to facilitate an exchange of information between the parties so that the parties can come to ground or at least narrow their disputes, and asked multiple times that Plaintiffs provide the basis for their argument that Apple's list is deficient.

Eventually, after multiple requests, Plaintiffs identified two former Apple employees, Marcelo Lamego and David Nazzaro, as well as "individuals identified in Apple's Initial Disclosures."  Apple agreed to consider whether those individuals should be on its list of ESI custodians and indicated that it would get back to Plaintiffs with a response.

Plaintiffs also took the position that the parties are at an "impasse." Apple disagreed, noting that it was willing to investigate the issues Plaintiffs raised (as discussed above) and also suggesting that the parties exchange further information that would allow each party to assess the sufficiency of each others' list.  Indeed, Apple noted that it has no idea what the relevance is to this case of the vast majority of the forty-six (46) individuals Plaintiffs identified.  Apple suggested that each party should exchange information about the knowledge that each identified individual has, and after that exchange occurs, the parties should have another call to discuss the sufficiency of each others' lists.  Plaintiffs eventually agreed to exchange this information, and asked that Apple suggest a time for the exchange.  Apple suggests the parties exchange descriptions of the relevant knowledge their respective proposed ESI custodians possess at 5:00 p.m. PST on Friday, February 12, 2021.  Please let us know if Plaintiffs agree.

Best,
Brian

**Brian Andrea**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Exhibit 11**
**-60-**

# EXHIBIT 12

| | |
|---|---|
| **From:** | Samplin, Ilissa <ISamplin@gibsondunn.com> |
| **Sent:** | Thursday, July 30, 2020 7:20 AM |
| **To:** | Adam.Powell |
| **Cc:** | Powell, Nathan; Mark.Kachner; Masimo.Apple; Lerner, Joshua H.; Lyon, H. Mark; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses |

Adam,

I disagree with the substance of your email, but we can discuss that during the meet and confer.  Can your team be available at 5 pm today instead?

We do not believe recording of meet and confers is necessary and therefore do not agree.  Frankly, we don't even understand what you are referring to when you say the parties disagree about what happened at meet and confers.  The parties have fundamental disagreements, but those haven't been about the events that have transpired during meet and confer calls.

Regards,

Ilissa

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 29, 2020 6:41 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

We disagree that Apple complied with Local Rule 37-1.  Based on your email, it appears that Apple intends to file a motion to compel requiring Plaintiffs to provide a Section 2019.210 statement by some unknown date.  This issue has been litigated many times.  Apple asked for a date certain in both its motion for protective order and objections to Judge Early's ruling.  Dkt. 43-5, Dkt. 57-17.  Both Judge Early and Judge Selna denied Apple's request.  Dkt. 54, 79.  Plaintiffs reserve all rights, including the right to seek sanctions, if Apple pursues this Motion.  If Apple insists on moving forward, we are available to discuss at 4pm tomorrow.

**Exhibit 12**
**-61-**

Additionally, because the parties have now disagreed over what occurred during numerous teleconferences, we reiterate our request to record such teleconferences.  Assuming your team believes their descriptions of our teleconferences have been truthful, they should have no problem agreeing to our suggestion to avoid further disputes.  Please let us know if you will agree.


Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 28, 2020 10:08 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

Our July 21 letter sets for the basis for the motion to compel Apple is contemplating:  This case needs to move forward, Apple is entitled to a Section 2019.210 disclosure pursuant to the statute and cases interpreting it, and Plaintiffs are refusing the produce the disclosure or even a date certain by which they will do so.  We have been asking for a Section 2019.210 disclosure or a date certain by which Plaintiffs will produce a Section 2019.210 disclosure for months now, and we still have nothing.  Please provide some times that work for a meet-and-confer call on July 30.

Thank you,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, July 28, 2020 7:51 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Powell, Nathan <NPowell@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

2

**Exhibit 12**
-62-

We are confused as to the motion Apple is contemplating and the relief it would be seeking.  Local Rule 37-1 states: "The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  Apple has not provided any of that information.  Please provide the required information so that we can meaningfully prepare for a meet and confer.

Best regards,
Adam

On Jul 27, 2020, at 9:15 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:

Counsel:

I am following up on the attached, to reiterate our request for a meet and confer on July 30.  Please provide by close of business tomorrow, July 28th, times on the 30th that work for your team.

Thank you,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Powell, Nathan
**Sent:** Tuesday, July 21, 2020 8:28 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel,

Please see the attached correspondence.

Regards,
Nathan

**Nathan Powell**

GIBSON DUNN

3

**Exhibit 12**
-63-

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5342 • Fax +1 650.849.5042
NPowell@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, July 17, 2020 11:37 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We obviously disagree with your gross mischaracterization of Apple's position, set forth in the first paragraph of your email below—which is demonstrably wrong based on Apple's production of technical documents to your team less than two hours later.

We also continue to disagree with your incorrect positions on Section 2019.210 and trade secret-related interrogatories.  Plaintiffs should not need to prepare their amended complaint *before* serving a Section 2019.210 disclosure or amended interrogatory responses pertaining to their purported trade secrets because Plaintiffs presumably had a Rule 11 basis for their trade secret allegations when they first asserted them back in January 2020.  In other words, Plaintiffs knew (or should have known) what their alleged trade secrets were back when they first filed this case and therefore should not need to file an amended complaint before they can describe those trade secrets to Apple—in a Section 2019.210 disclosure and amended interrogatory responses that Plaintiffs previously, and repeatedly, agreed to provide once a protective order was entered, and did not make contingent on the earlier-in-time filing of an amended pleading.  Your suggestion that Apple's Motion to Dismiss created this problem is factually incorrect.  Plaintiffs' failure to describe their trade secrets even under Federal Rule of Civil Procedure 8 is, and continues to be, the problem here.  Your two week offer for amended interrogatory responses is *not* "more than diligent" as you contend below, and you have again failed to even commit to a date certain by which you will serve a Section 2019.210-compliant trade secret disclosure.  Please provide a date by which Plaintiffs will serve their Section 2019.210 disclosure; we have been asking for a date for so many months now.

With respect to the ethical wall, are you saying that Plaintiffs intend to review the material Apple produced yesterday without first putting a temporary ethical wall in place?

Apple likewise reserves all rights.

Regards.
Ilissa

Ilissa Samplin

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

Exhibit 12
-64-

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, July 16, 2020 5:02 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

Your attempt to tie Apple's technical document production to Masimo possibly substituting patents is inconsistent with the facts.  I asked you about the timing of Apple's document production on July 8 and July 9.  You refused to answer.  Masimo did not mention it was considering substituting patents until July 10.  Regardless, as a courtesy, we responded yesterday concerning the possible patent family reduction to focus this case.  Apple's statement that it is now "preparing" its core technical document production demonstrates the extent to which Apple has flouted—and continues to flout—the Court's Scheduling Order.  Apple's statement that it needs more information "before" it produces documents confirms Apple's open contempt for the Court's Order and numerous rulings confirming that Order, which required Apple to produce documents weeks ago.

We disagree with your assertions regarding Section 2019.210 and Plaintiffs' interrogatory responses.  Plaintiffs are in the process of preparing an amended complaint, which will describe Plaintiffs' asserted trade secrets in more detail.  Plaintiffs' amended complaint will be relevant to the scope of trade secret discovery in this case and the Section 2019.210 statement.  Apple's Motion to Dismiss obviously drove that timing.  Moreover, Apple apparently already plans to continue prolonging the pleading stage by filing another motion to dismiss, even though it has not yet seen the amended complaint.  Apple's demand that we provide discovery now, before we amend the complaint, puts the cart before the horse.  It is reasonable for us to amend the complaint first and then update our interrogatories as they relate to the amended complaint.  Our agreement to provide discovery just two weeks after amending the complaint is more than diligent.

As for your request that we enact a temporary "ethical wall," that is another baseless attempt to tie Apple's disclosure of technical documents to Section 2019.210—a procedural ploy the Court has now rejected at least *four times*.  We are aware of no case imposing such a requirement.  The *Jardin* case you cited is irrelevant because it affirmed an order creating a temporary ethical wall for lawyers involved in a separate case.  Apple's ongoing defiance and contempt of this Court's numerous orders is prejudicial.  Plaintiffs reserve all rights.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe** **Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, July 15, 2020 4:46 PM

5

**Exhibit 12**
**-65-**

**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Adam,

We have not answered your question about the timing of technical documents because you still have not answered our question about whether you are dropping a patent family.  We are preparing our core technical document production.  Before we produce, we need to know if you are contemplating dropping a patent family, and if so, which one(s).  This has an impact on what we produce.  If you are not contemplating dropping a patent family, we can make our production shortly.

With respect to your second question, no, we do not agree that we will rely on only public materials to defend our client in this case.

With respect to our request for amended interrogatory responses, please explain why your team feels it needs six weeks from the date the protective order was entered to serve the amended interrogatory responses Mark previously represented that your team was working on, and would be able to serve after entry of a protective order?  We don't understand why your team needs 2 weeks from the date of amendment to provide the amendments we've been waiting on for weeks.

Notably, you omitted from your email below any reference to the Section 2019.210 disclosure we've been asking about for many months now.  There is no reason why you cannot provide the Section 2019.210 disclosure now—indeed, your team has repeatedly represented that the absence of a protective order was the only cause for delay on the Section 2019.210 disclosure front.  A protective order has now been entered.  Plaintiffs should be in a position to provide the disclosure now, without any further delay.  Please confirm that Plaintiffs will produce a Section 2019.210-compliant disclosure this week.

Finally, please confirm that you will maintain an ethical wall to keep Plaintiffs' attorneys who will have actual access to Apple's confidential information from participating in drafting or revising Plaintiffs' Section 2019.210 statement.  As I am sure you can understand and appreciate, this temporary ethical wall is necessary because Plaintiffs' counsel who review Apple's core technical production will be unable to "divorce themselves from their knowledge of [Apple's] confidential material when identifying the information [Apple] allegedly misappropriated." *Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (affirming magistrate judge's order creating a temporary ethical wall because plaintiff's counsel that learns defendant's confidential information "simply cannot unring the bell").

Thank you,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 12**
**-66-**

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, July 15, 2020 10:59 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

[External Email]
Ilissa,

You still have not answered the questions I asked last week.  You cannot expect us to drop everything and respond in a single business day to your requests while ignoring our questions for a week.  Please provide an answer to the following questions as soon as possible.

　　(1)　What is Apple's basis for continuing to refuse to provide technical documents?
　　(2)　Will Apple confirm it will rely solely on public information for its non-infringement positions in this case?

As you know, Plaintiffs' amended complaint is due July 25.  Plaintiffs will agree to supplement their interrogatory answers within two weeks of filing the amended complaint.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, July 14, 2020 9:40 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

We did not receive a response to the email below.  Please confirm, by **10 am PT tomorrow**, whether Plaintiffs will in fact serve their Section 2019.210 disclosure and amended responses to Apple's Interrogatory Nos. 5 through 13, and 17, by June 22, 2020.  We need to know where things stand on these matters as soon as possible, given that the parties have been meeting and conferring about all of them for months now—and Plaintiffs' only purported impediment to production was the absence of a protective order, which has now been entered.

We look forward to your prompt response.

Thank you,

**Exhibit 12**
-67-

Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Monday, July 13, 2020 11:22 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Section 2019.210 disclosure and amended interrogatory responses

Counsel:

You have repeatedly represented that "despite the stay" pertaining to trade secret discovery that you mistakenly contend applies to all parties, "Plaintiffs were not withholding discovery, even for requests related solely to trade secrets"—but rather, that "Plaintiffs will provide their 2019.210 statement and confidential documents after entry of a protective order." (5/22/20 Kachner Ltr.; 6/2/20 Kachner Ltr.) You likewise have represented that Plaintiffs would produce responsive documents, and amend numerous deficient interrogatory responses, upon entry of a protective order. (*See, e.g.*, 6/6/20 Samplin Ltr. confirming parties' 6/3/20 meet and confer.) As you know, the Protective Order was entered two weeks ago. Plaintiffs nonetheless are still withholding their Section 2109.210 disclosure, as well as documents and information responsive to Apple's trade secret-related and other discovery requests. There is no justification for Plaintiffs' continued withholding of this relevant and responsive information.

For starters, please confirm that by no later than July 22, 2020, Plaintiffs will produce a Section 2019.210-compliant disclosure, as well as amended responses to Interrogatory Nos. 5 through 13, and 17. Plaintiffs have now had *ample* time to prepare their Section 2019.210 disclosure and the amended responses to these Interrogatories. There is no reason for Plaintiffs to continue to delay their production.

Please provide confirmation by 5 pm PT tomorrow, July 14.

Regards,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 12**
**-68-**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<2020.07.21 M&C Letter.pdf>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 12**
-69-

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Exhibit 12**
**-70-**

# EXHIBIT 15

1  RANDOLPH GAW (S.B. #223718)
   rgaw@gawpoe.com
2  MARK POE (S.B. #223714)
   mpoe@gawpoe.com
3  SAMUEL SONG (S.B. #245007)
   ssong@gawpoe.com
4  VICTOR MENG (S.B. #254102)
   vmeng@gawpoe.com
5  GAW | POE LLP
   4 Embarcadero, Suite 1400
6  San Francisco, CA 94111
   Telephone: (415) 766-7451
7  Facsimile: (415) 737-0642

8  Attorneys for Plaintiff
   BULLETIN MARKETING LLC
9
   COOLEY LLP
10 MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
   JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
11 KYLE C. WONG (224021) (kwong@cooley.com)
   AUDREY J. MOTT-SMITH (300550) (amottsmith@cooley.com)
12 101 California Street, 5th Floor
   San Francisco, CA 94111-5800
13 Telephone:   (415) 693-2000
   Facsimile:   (415) 693-2222
14
   Attorneys for Defendant
15 GOOGLE LLC

16

17              **UNITED STATES DISTRICT COURT**

18            **NORTHERN DISTRICT OF CALIFORNIA**

19                  **SAN JOSE DIVISION**

20 BULLETIN MARKETING LLC,            Case No. 5:17-cv-07211-BLF

21              Plaintiff,            **JOINT CASE MANAGEMENT
                                       SCHEDULE AND [PROPOSED] ORDER**
22       v.
                                      **AS MODIFIED BY COURT**
23 GOOGLE LLC.
                                      Date:        Not Applicable
24              Defendant.            Time:        Not Applicable
                                      Courtroom:   3
25                                    Judge:       Hon. Beth Labson Freeman

26

27

28

                            - 1 -          JOINT CASE MGMT. SCHEDULE &
                                              [PROPOSED] ORDER
                                           CASE NO. 5:17-CV-07211-BLF

                                                              **Exhibit 15
                                                               -134-**

### JOINT CASE MANAGEMENT SCHEDULE

Plaintiff Bulleting Marketing LLC ("Plaintiff") and defendant Google LLC ("Google") (collectively, the "Parties") hereby submit the following proposed Joint Case Management Schedule and [Proposed] Order ("Schedule") pursuant to the Court's order on June 21, 2018.

| Discovery & Briefing Timeline | | |
| --- | --- | --- |
| **Event** | **Plaintiff's Date** | **Google's Date** |
| Deadline to file a Second Amended Complaint pursuant to the Court's July 13, 2018 Order Granting with Leave to Amend in Part and Without Leave to Amend in Party and Denying in Part Defendant's Motion to Dismiss | August 13, 2018 | |
| Deadline for joinder of additional parties or other amendments to the pleadings | August 13, 2018 | |
| Deadline for Google to file a motion to dismiss or an Answer to Plaintiff's Second Amended Class Action Complaint[1] | September 18, 2018 | |
| Deadline for Plaintiff to file opposition to Google's motion to dismiss, if necessary. | October 16, 2018 | |
| Deadline for Google to file reply to Plaintiff's opposition to Google's motion to dismiss, if necessary. | November 6, 2018 | |
| Deadline for Google to file Answer if Google files a motion to dismiss the Second Amended Complaint. | 30 days after order on the motion to dismiss that permits the case to go forward without further amendment and Plaintiff confirms its intent not to amend. | |
| Deadline for the Parties to file Initial Disclosures | 14 days after Google files its Answer. | |

---

[1] This Schedule assumes that Plaintiff will amend its First Amended Complaint as directed by the Court during the hearing on June 21, 2018.  If Plaintiff chooses not to amend its First Amended Complaint, Google's deadline to file an Answer shall be 30 days from the date Plaintiff confirm its intent not to further amend the pleadings.

JOINT CASE MGMT. SCHEDULE&
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

**Exhibit 15
-135-**

| | | | |
|---|---|---|---|
| Deadline for Plaintiff to disclose the identity of and the general subjects of the opinions of any expert(s) that will support its Motion for Class Certification | June 4, 2019 | | |
| Deadline for Plaintiff to file a Motion for Class Certification | July 16, 2019 | | |
| Deadline for Google to disclose the identity of and the general subjects of the opinions of any expert(s) that will support Google's Opposition to Class Certification | July 30, 2019 | | |
| Deadline for Google to file an Opposition to Plaintiff's Motion for Class Certification | August 27, 2019 | | |
| Deadline for Plaintiff to file any Reply in Support of its Motion for Class Certification | October 1, 2019 | | |
| Hearing on Plaintiff's Motion for Class Certification | October 17, 2019 at 9:00 AM | | |
| Fact discovery cutoff | January 29, 2021 | August 7, 2020 | |
| Deadline to file discovery motions | February 5, 2021 | August 14, 2020 | |
| Deadline for opening exchange of expert reports | March 5, 2021 | November 5, 2020 | |
| Deadline for exchange of rebuttal expert reports | April 23, 2021 | February 5, 2021 | |
| Expert discovery cutoff | May 28, 2021 | March 12, 2021 | |
| Deadline for filing dispositive motions | June 10, 2021 | | |
| Deadline for filing oppositions to dispositive motions | August 12, 2021 | | |
| Deadline for filing replies to dispositive motions | September 16, 2021 | | |
| Hearing on dispositive motions | September 30, 2021 at 9:00 AM | | |
| Deadline to exchange drafts of proposed jury instructions, proposed jury questionnaire (if any), and proposed verdict forms. | February 17, 2022 | | |

JOINT CASE MGMT. SCHEDULE &
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

Exhibit 15
-136-

| Deadline to exchange witness lists, exhibits lists, deposition designations, and other materials required by Paragraphs C(1), C(2), and C(3) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | February 17, 2022 |
|---|---|
| Deadline to meet and confer pursuant to Paragraph A of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | March 3, 2022 |
| Deadline for Parties to exchange exhibit objections, counter-designations, and objections to deposition designations | March 3, 2022 |
| Deadline to file motions in limine | March 10, 2022 |
| Deadline for Plaintiff to file Joint Pretrial Statement containing the information in Paragraphs B, C(1), C(2), and C(3) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | March 10, 2022 |
| Deadline to file oppositions to motions in limine | March 17, 2022 |
| Deadline to exchange Jury Materials pursuant to Paragraph C(5) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | March 17, 2022 |
| Deadline for the Parties to file and serve the materials in Paragraph C(5) of the Court's Standing Order re Final Pretrial Conference – Jury Trial (Preliminary statement to the Jury, *voire dire* jury questionnaire (if any), jury instructions, and verdict form). | March 17, 2022 |
| Final Pretrial Conference | March 24, 2022 at 1:30 PM |
| Deadline to file trial briefs | April 11, 2022 |
| Delivery of exhibits to Courtroom Deputy pursuant to Paragraph C(2)(c) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | April 14, 2022 |
| Trial | April 18, 2022 at 9:00 AM |

JOINT CASE MGMT. SCHEDULE&
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

Exhibit 15
-137-

Case 8:20-cv-00048-JVS-JDE   Document 333-3   Filed 04/08/21   Page 83 of 115   Page ID
#:29109
Case 5:17-cv-07211-BLF   Document 50   Filed 07/31/18   Page 5 of 11

1

2    Plaintiff's Position

3         The Court set a date of September 30, 2021 to hear dispositive motions in this putative

4    class action – one that may concern the claims of tens of thousands of members of the proposed

5    Publisher Class that may potentially be worth tens or hundreds of millions of dollars in damages

6    in the aggregate.  And with respect to that hearing, Plaintiff has agreed to Google's request for a

7    very lengthy briefing schedule for those dispositive motions.  Plaintiff agreed to a deadline of

8    June 10, 2021 for the parties to file their opening briefs – nearly five months after Plaintiff's

9    proposed date cutoff for fact discovery, January 29, 2021.  Plaintiff also agreed to allow Google

10   to have *9 weeks* to file its opposition brief to any motion filed by Plaintiff, and 5 weeks to file its

11   reply brief.[2]  Plaintiff's proposed schedule also gives the parties nearly 3 months to conduct

12   expert discovery before filing their opening briefs on those dispositive motions.

13        Thus, Plaintiff is surprised that Google insists on cutting off fact discovery *approximately*

14   *20 months before trial* (on August 7, 2020) –to ostensibly avoid "an unnecessarily truncated

15   briefing schedule for the Parties."  The real reason why Google wants to end fact discovery so

16   early in the case schedule is the same reason all defendants want to limit discovery – because it

17   disadvantages a plaintiff who has the burden to prove its case based on documents solely in the

18   custody and control of the defendant.  Indeed, Google's proposed schedule largely serves to

19   create months where the parties sit around and do nothing.  Google wants to have an astonishing

20   7 months for expert discovery alone, which – in real world practice – would result in 5 months of

21   the parties sitting idle (as everyone knows that experts would have begun work long before the

22   fact discovery cut-off).  And Google's proposed expert discovery cut-off date of March 12, 2021

23   creates a three-month idle period between that date and June 10, 2021.

24        There is simply no rational reason for Google's requested schedule—leaving a ten month

25   idle period in 2020-2021—and it is unfair to Plaintiff to have to pretend that time froze back on

26   ───────────────

27   [2] The briefing schedules are obviously reciprocal, but Plaintiff would have preferred less briefing
     time so that the parties could have more time for discovery.  But Plaintiff chose to compromise so
     that the Court would have one fewer dispute to resolve.

28

JOINT CASE MGMT. SCHEDULE &
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

**Exhibit 15
-138-**

1  August 7, 2020 when trial begins on April 18, 2022. Google's concern about witnesses becoming

2  unavailable or forgetting events is not a legitimate reason for preventing any discovery from

3  taking place after August 7, 2020 (if Google was so concerned, it could certainly take its

4  discovery as soon as possible.)  Rather, Google's concern shows why it is important not to

5  artificially cut off discovery too soon.  For example, if Google's employees fail to recall things

6  during their depositions, Plaintiff will need the extra time to track down the added evidence that

7  will aid in their recollection.[3]

8  Google's Position

9      It is unnecessary for fact discovery to continue for longer than the approximately *two*

10 *years* Google has proposed.  Not only is this true as a general proposition, it is especially true

11 given the energized approach to discovery Plaintiff already has exhibited; Plaintiff served its first

12 discovery requests on June 5, 2018, and has since served two notices of intent to serve subpoenas

13 on a total of 23 third parties.  Plaintiff does not even attempt to argue that two years in an

14 insufficient amount of time in which to conduct discovery or explain why it cannot make its case

15 in that significant period of time.  (Plaintiff also erroneously suggests that the only documents

16 relevant to its claims are in Google's possession; Bulletin alleged it is an AdX Network Partner

17 Manager that performed under an agreement with Google, meaning its own documents regarding

18 its performance, for example, will be highly relevant.)  Nor does Plaintiff explain how Google's

19 schedule actually prejudices Plaintiff.  In short, under Google's schedule, Plaintiff has ample time

20 to conduct discovery, and Plaintiff provides no persuasive argument otherwise.   Plaintiff's

21 proposed date for the close of fact discovery—which would leave open fact discovery for nearly

22 31 months after Plaintiffs' initial requests—simply promotes inefficiency.  Rather, Plaintiff's

23

24 _____

[3] Plaintiff is uncertain as to what point Google is trying to make about Plaintiff having already
25 commenced discovery and served document subpoenas.  Is Google insinuating that Plaintiff has
done something wrong?  Moreover, it would seem to be a better argument to have a earlier fact
26 discovery cut-off date if Plaintiff was being dilatory with discovery, as it would incentivize
Plaintiff to get going.  And if for some reason Google feels that any discovery Plaintiff is serving
27 in 2021 is unduly burdensome or cumulative after all the other discovery that has taken place
already, Google has the option of moving for a protective order at that time.
28

1   argument that Google's schedule will result in the Parties "sitting idle" ignores the obvious goal

2   of conducting discovery efficiently, instead opting for a path that is bound to create more work

3   for the Parties.   Prolonging discovery also increases the chances that witnesses become

4   unavailable or their memories fade.   Moreover, Plaintiff's proposal pushes back the dates for

5   expert discovery, ultimately leaving less than a month between the end of expert discovery and

6   the deadline for the filing of dispositive motions.   In a case where the Court has set the hearing

7   date for dispositive motions for September 30, 2021—over three years from now—there is no

8   reason to set a schedule that creates an unnecessarily truncated briefing schedule for the Parties.

9   Therefore, Google respectfully requests the Court adopt its proposed dates for the close of fact

10  discovery and expert discovery.

11  **IT IS SO STIPULATED.**

12

13       Dated:  July 20, 2018                    GAW | POE LLP

14

15                                                By:   */s/ Randolph Gaw*
                                                       _____
16                                                       Randolph Gaw

17                                                Attorneys for Plaintiff Bulletin Marketing LLC

18       Dated:  July 20, 2018                    COOLEY LLP

19

20                                                By:   */s/ Kyle C. Wong*
                                                       _____
21                                                       Kyle C. Wong
                                                       Attorneys for Defendant Google, LLC
22

23

24                                         **ORDER**

25       The Court finds that Defendant's proposed discovery deadlines are appropriate in this

26  case.  As Defendant points out, Plaintiff's proposal sets less than a month between the expert

27  discovery cutoff and the deadline for filing dispositive motions.  Such a schedule would

28  unnecessarily burden the parties by requiring them to prepare their dispositive motions only a few

JOINT CASE MGMT. SCHEDULE&
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

**Exhibit 15
-140-**

1    weeks after the close of expert discovery.  As such, the Court adopts Defendant's proposed

2    deadlines which reasonably address that issue.

3         The Court also notes that the parties' briefing schedule for dispositive motions leaves only

4    two weeks before the hearing on those motions.  Given the complexity of this case, two weeks are

5    insufficient for the Court to review the parties' briefing.  As such, the Court will advance the

6    parties' proposed briefing schedule regarding their dispositive motions by one week.

7         Accordingly, the Court adopts the following Case Management Schedule:

8

9

| Discovery & Briefing Timeline | | |
|---|---|---|
| **Event** | **Plaintiff's Date** | **Google's Date** |
| Deadline to file a Second Amended Complaint pursuant to the Court's July 13, 2018 Order Granting with Leave to Amend in Part and Without Leave to Amend in Party and Denying in Part Defendant's Motion to Dismiss | August 13, 2018 | |
| Deadline for joinder of additional parties or other amendments to the pleadings | August 13, 2018 | |
| Deadline for Google to file a motion to dismiss or an Answer to Plaintiff's Second Amended Class Action Complaint[4] | September 18, 2018 | |
| Deadline for Plaintiff to file opposition to Google's motion to dismiss, if necessary. | October 16, 2018 | |
| Deadline for Google to file reply to Plaintiff's opposition to Google's motion to dismiss, if necessary. | November 6, 2018 | |
| Deadline for Google to file Answer if Google files a motion to dismiss the Second Amended Complaint. | 30 days after order on the motion to dismiss that permits the case to go forward without further amendment and Plaintiff confirms its intent not to amend. | |

---

[4] This Schedule assumes that Plaintiff will amend its First Amended Complaint as directed by the Court during the hearing on June 21, 2018.  If Plaintiff chooses not to amend its First Amended Complaint, Google's deadline to file an Answer shall be 30 days from the date Plaintiff confirm its intent not to further amend the pleadings.

JOINT CASE MGMT. SCHEDULE&
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

Exhibit 15
-141-

| | |
|---|---|
| Deadline for the Parties to file Initial Disclosures | 14 days after Google files its Answer. |
| Deadline for Plaintiff to disclose the identity of and the general subjects of the opinions of any expert(s) that will support its Motion for Class Certification | June 4, 2019 |
| Deadline for Plaintiff to file a Motion for Class Certification | July 16, 2019 |
| Deadline for Google to disclose the identity of and the general subjects of the opinions of any expert(s) that will support Google's Opposition to Class Certification | July 30, 2019 |
| Deadline for Google to file an Opposition to Plaintiff's Motion for Class Certification | August 27, 2019 |
| Deadline for Plaintiff to file any Reply in Support of its Motion for Class Certification | October 1, 2019 |
| Hearing on Plaintiff's Motion for Class Certification | October 17, 2019 at 9:00 AM |
| Fact discovery cutoff | ~~January 29, 2021~~ **August 7, 2020** |
| Deadline to file discovery motions | ~~February 5, 2021~~ **August 14, 2020** |
| Deadline for opening exchange of expert reports | ~~March 5, 2021~~ **November 5, 2020** |
| Deadline for exchange of rebuttal expert reports | ~~April 23, 2021~~ **February 5, 2021** |
| Expert discovery cutoff | ~~May 28, 2021~~ **March 12, 2021** |
| Deadline for filing dispositive motions | ~~June 10, 2021~~ **June 3, 2021** |
| Deadline for filing oppositions to dispositive motions | ~~August 12, 2021~~ **August 5, 2021** |
| Deadline for filing replies to dispositive motions | ~~September 16, 2021~~ **September 9, 2021** |
| Hearing on dispositive motions | September 30, 2021 at 9:00 AM |

JOINT CASE MGMT. SCHEDULE &
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

Exhibit 15
-142-

| | |
|---|---|
| Deadline to exchange drafts of proposed jury instructions, proposed jury questionnaire (if any), and proposed verdict forms. | February 17, 2022 |
| Deadline to exchange witness lists, exhibits lists, deposition designations, and other materials required by Paragraphs C(1), C(2), and C(3) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | February 17, 2022 |
| Deadline to meet and confer pursuant to Paragraph A of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | March 3, 2022 |
| Deadline for Parties to exchange exhibit objections, counter-designations, and objections to deposition designations | March 3, 2022 |
| Deadline to file motions in limine | March 10, 2022 |
| Deadline for Plaintiff to file Joint Pretrial Statement containing the information in Paragraphs B, C(1), C(2), and C(3) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | March 10, 2022 |
| Deadline to file oppositions to motions in limine | March 17, 2022 |
| Deadline to exchange Jury Materials pursuant to Paragraph C(5) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | March 17, 2022 |
| Deadline for the Parties to file and serve the materials in Paragraph C(5) of the Court's Standing Order re Final Pretrial Conference – Jury Trial (Preliminary statement to the Jury, *voire dire* jury questionnaire (if any), jury instructions, and verdict form). | March 17, 2022 |
| Final Pretrial Conference | March 24, 2022 at 1:30 PM |
| Deadline to file trial briefs | April 11, 2022 |

JOINT CASE MGMT. SCHEDULE &
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

Exhibit 15
-143-

| Delivery of exhibits to Courtroom Deputy pursuant to Paragraph C(2)(c) of the Court's Standing Order re Final Pretrial Conference – Jury Trial. | April 14, 2022 |
|---|---|
| Trial | April 18, 2022 at 9:00 AM |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  July 31, 2018

_____
THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

JOINT CASE MGMT. SCHEDULE&
[PROPOSED] ORDER
CASE NO. 5:17-CV-07211-BLF

Exhibit 15
-144-

# EXHIBIT 16

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, CREATIVE ARTISTS AGENCY, LLC, and UNITED TALENT AGENCY, LLC, | Case No. 2:19-cv-05465-AB-AFMx |

**ORDER RE: JURY/COURT TRIAL**

    **I.**    **SCHEDULE**

    **II.**    **TRIAL PREPARATION**

    **III.**    **CONDUCT OF ATTORNEYS AND PARTIES**

10  WILLIAM MORRIS ENDEAVOR
11  ENTERTAINMENT, LLC,
    CREATIVE ARTISTS AGENCY,
    LLC, and UNITED TALENT
12  AGENCY, LLC,
13              Plaintiffs and
                Counterclaim Defendants,
14
       v.
15

16  WRITERS GUILD OF AMERTICA,
    WEST, INC. and WRITERS GUILD
17  OF AMERICA, EAST, INC.,
18              Defendants and
                Counterclaimants,
19  and PATRICIA CARR, ASHLEY
20  GABLE, BARBARA HALL, DERIC
    A. HUGHES, DEIDRE MANGAN,
21  DAVID SIMON, and MEREDITH
    STIEHM
22              Counterclaimants.
23
24
25
26
27
28

1.

**Exhibit 16**
**-145-**

# I.    SCHEDULE

The Scheduling Order governing this case is set forth in the Schedule of Pretrial and Trial Dates chart below.  Whether this is a jury trial or court trial is indicated in the upper right hand box.  If the parties wish to set additional dates, they may file a Stipulation and Proposed Order so seeking.  This may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

Please refer to the Court's Standing Order for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, alternative dispute resolution, and other matters pertaining to all cases.

Exhibit 16
-146-

### JUDGE ANDRÉ BIROTTE JR.
### SCHEDULE OF PRETRIAL AND TRIAL DATES

| Trial and Final Pretrial Conference Dates | Court Order mm/dd/yyyy |
|---|---|
| Trial | 03/23/2021 at 8:30 a.m.<br>☒ Jury Trial<br>☐ Court Trial<br>5–7 Day(s) |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine | 03/05/2021 at 11:00 a.m. |

| Event [1]<br>*Note:* Hearings shall be on Fridays at 10:00 a.m.<br>Other dates can be any day of the week. | Weeks Before FPTC | Court Order mm/dd/yyyy |
|---|---|---|
| Last Date to *Hear* Motion to Amend Pleadings/Add Parties  *[Friday]* | | 10/23/2020 |
| Non-Expert Discovery Cut-Off | 17 | 10/01/2020 |
| Expert Disclosure (Initial) | | 09/11/2020 |
| Expert Disclosure (Rebuttal) | | 10/09/2020 |
| Expert Discovery Cut-Off | 12[2] | 12/11/2020 |
| Last Date to *Hear* Motions  *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 12/11/2020 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 12/25/2020<br>☐ 1. Magistrate Judge<br>☒ 2. Court's Mediation Panel<br>☐ 3. Private Mediation |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 03/02/2021 |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony  *(court trial only)* | 2 | 03/09/2021 |

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.  *Class actions and patent and ERISA cases in particular may need to vary from the above*.**

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

3.

**Exhibit 16**
**-147-**

**A.   Deadlines for Motions.**

All motions must be noticed to be *heard* on or before their respective deadlines. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

**B.   Discovery Cut-Off and Discovery Disputes**

1.   <u>Discovery Cut-off</u>:  The cut-off date for discovery *is not* the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, must be completed.  Thus, written discovery must be served, and depositions must begin, sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient.  Given the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

2.   <u>Expert Discovery</u>:  All expert disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts.  The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

3.   <u>Discovery Disputes</u>:  Counsel must use best efforts to resolve discovery problems among themselves in a courteous, reasonable and professional manner.  Counsel must adhere to the Civility and Professionalism Guidelines at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines .

4.   <u>Discovery Motions</u>:  Discovery motions are handled by the Magistrate Judge assigned to the case.  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the

4.

**Exhibit 16**
**-148-**

1 motion is granted.

2 **C. Law and Motion and Local Rule 7-3**

3 The Court reminds the parties of their obligation under Local Rule 7-3 to meet

4 and confer to attempt to resolve disputes before filing a motion.  This Court also

5 requires the parties to meet and confer on any other request for relief (except those

6 identified in Local Rules 7-3 and 16-12) .

7 Please see the Standing Order for specific instructions regarding Motions to

8 Dismiss, Motions to Amend, Motions for Summary Judgment, and other requests.

9 **D.    Settlement Conference/Alternative Dispute Resolution Procedures**

10 Pursuant to Local Rule 16-15, the parties in every case must participate in a

11 Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.  The

12 Scheduling Order indicates the procedure the parties shall use.  If the parties prefer an

13 ADR procedure other than the one ordered by the Court, they shall file a Stipulation

14 and Proposed Order.  This request will not necessarily be granted.

15 Counsel shall file a Joint Report regarding the outcome of settlement

16 discussions, the likelihood of possible further discussions, and any help the Court may

17 provide with regard to settlement negotiations, by 7 days after the settlement

18 conference.  No case will proceed to trial unless all parties, including the principals of

19 all corporate parties, have appeared personally at a settlement conference.

20 **E.    Final Pretrial Conference/Proposed Final Pretrial Conference Order**

21 The Court has set  a Final Pretrial Conference ("FPTC") pursuant to Federal

22 Rule of Civil Procedure 16 and Local Rule 16-8. **THE COURT REQUIRES**

23 **STRICT COMPLIANCE WITH FED. R. CIV. P. 16 AND 26, AND LOCAL**

24 **RULE 16.**  Each party appearing in this action must be represented at the FPTC by

25 the lead trial counsel for that party.  Counsel must be prepared to discuss streamlining

26 the trial, including presentation of testimony by deposition excerpts or summaries,

27 time limits, stipulations as to undisputed facts, and qualification of experts by

28 admitted resumes.

Exhibit 16
-149-

1    The parties must file a proposed Proposed Final Pretrial Conference Order

2    ("Proposed FPTCO") 2 weeks (14 days) before the FPTC.  The parties must adhere to

3    this deadline so chambers can prepare.  A template for the Proposed FPTCO is

4    available on Judge Birotte's webpage.  The parties MUST use this template.

5    In specifying the surviving pleadings under section 1, state which claims or

6    counterclaims have been dismissed or abandoned, e.g., "Plaintiff's second cause of

7    action for breach of fiduciary duty has been dismissed."  Also, in multiple-party cases

8    where not all claims or counterclaims will be prosecuted against all remaining parties

9    on the opposing side, please specify to which party each claim or counterclaim is

10   directed.

11   The parties must attempt to agree on and set forth as many uncontested facts as

12   possible.  The Court will usually read the uncontested facts to the jury at the start of

13   trial.  A carefully drafted and comprehensively stated stipulation of facts will shorten

14   the trial and increase jury understanding of the case.

15   In drafting the factual issues in dispute, the parties should attempt to state issues

16   in ultimate fact form, not in the form of evidentiary fact issues.  The issues of fact

17   should track the elements of a claim or defense on which the jury will be required to

18   make findings.

19   Issues of law should state legal issues on which the Court will be required to

20   rule during the trial and should not list ultimate fact issues to be submitted to the trier

21   of fact.

22   The parties shall email the Proposed FPTCO in Microsoft Word format to

23   chambers at AB_Chambers@cacd.uscourts.gov .

24   **II.    TRIAL PREPARATION**

25   **THE PARTIES MUST STRICTLY COMPLY WITH LOCAL RULE 16.**

26   Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and

27   confer in person 40 days in advance to prepare for the FPTC.  Please review Local

28   Rule 16-2.  This Order sets forth some requirements different from or in addition to

**Exhibit 16
-150-**

those set out in Local Rule 16.  The Court may take the FPTC off calendar or impose other sanctions for failure to comply with these requirements.

**A.      Schedule for Filing Pretrial Documents for Jury and Court Trials**

All pretrial document copies shall be delivered to the Court "binder-ready" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner).  Except for motions in limine, oppositions, the Joint Status Report Regarding Settlement, and Declarations containing direct testimony, **Counsel shall email all of the above, including any amended documents, in Microsoft Word format to AB_Chambers@cacd.uscourts.gov** .

The schedule for filing pretrial documents is as follows:

- ♦   At least **3 weeks (21 days)** before the Final Pretrial Conference:
  - Motions in Limine
  - Memoranda of Contentions of Fact and Law
  - Witness Lists
  - Joint Exhibit List
  - Joint Status Report Regarding Settlement
  - Proposed Findings of Fact and Conclusions of Law *(court trial only)*
  - Declarations containing Direct Testimony *(court trial only)*
- ♦   At least **2 weeks (14 days)** before the Final Pretrial Conference:
  - Oppositions to Motions in Limine
  - Joint Proposed Final Pretrial Conference Order
  - Joint/Agreed Proposed Jury Instructions *(jury trial only)*
  - Disputed Proposed Jury Instructions *(jury trial only)*
  - Joint Proposed Verdict Forms  *(jury trial only)*
  - Joint Statement of the Case  *(jury trial only)*
  - Proposed Additional Voir Dire Questions, if any *(jury trial only)*
  - Evidentiary Objections to Declarations of Direct *Testimony (court trial only)*

7.

**Exhibit 16**
**-151-**

### 1. Motions in Limine

Motions in limine will be heard and ruled on at the FPTC.  The Court may rule on motions in limine orally only instead of in writing.  All motions in limine must be filed at least 3 weeks (21 days) before the final pretrial conference; oppositions must be filed at least 2 weeks (14 days) before the final pretrial conference; there will be no replies.  Motions in limine and oppositions must not exceed 10 pages in length.

Before filing a motion in limine, counsel **must** meet and confer to determine whether opposing counsel intends to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion.  Motions in limine should address specific issues (e.g., not "to exclude all hearsay").  Motions in limine should not be disguised motions for summary adjudication of issues.  The Court may strike excessive or unvetted motions in limine.

### 2. Witness Lists

Witness Lists must be filed 3 weeks (21 days) before the FPTC.  They must be in the format specified in Local Rule 16-5, and must also include for each witness (i) a brief description of the testimony, (ii) what makes the testimony unique, and (iii) a time estimate in hours for direct and cross-examination (separately stated).  Please follow the template posted to Judge Birotte's webpage.   Any Amended Witness List must be filed by 12:00 p.m. (noon) the Friday before trial.

### 3. Joint Exhibit List

The Joint Exhibit List must be filed 3 weeks (21 days) before the FPTC.  It must be in the format specified in Local Rule 16-6, and shall include an additional column stating any objections to authenticity and/or admissibility, and the reasons for the objections.  Please follow the template posted to Judge Birotte's webpage.  Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) the Friday before trial.

### 4. Jury Instructions  *(jury trial only)*

Jury instructions must be filed no later than 2 weeks (14 days) prior to the FPTC.  The parties shall make every attempt to agree upon jury instructions before

**Exhibit 16 -152-**

submitting proposals to the Court.  **The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.**  The parties shall meet and confer on jury instructions according to the following schedule:

- *4 weeks (28 days) before FPTC*:  Counsel shall exchange proposed jury instructions (general and special)
- *3 weeks (21 days) before FPTC*: Counsel shall exchange any objections to the instructions
- *Until 2 weeks (14 days) before FPTC*:  Counsel shall meet and confer with the goal of reaching an agreement on one set of Joint/Agreed Jury Instructions.
- *2 weeks (14 days) before FPTC*: counsel shall file their (1) Joint/Agreed Proposed Jury Instructions and their (2) Disputed Jury Instructions.

If the parties disagree on any proposed jury instructions, they shall file: (i) **1 set** of Joint/Agreed Proposed Jury Instructions to which all parties agree; and (ii) **1 set** of Disputed Jury Instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's position as to each disputed instruction.  Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially.  If there are excessive or frivolous disagreements over jury instructions or the special verdict form, the Court will order the parties to further meet and confer before trial and/or during trial until they substantially narrow their disagreements.

*Sources*:  When the *Manual of Model Jury Instructions for the Ninth Circuit* provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case.  Where California law applies, counsel should use the current edition of the *Judicial Council of California Civil Jury Instructions* ("CACI").  If neither applies, counsel should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*.  Counsel may submit alternatives to these instructions only if there is a

9.

**Exhibit 16 -153-**

reasoned argument that they do not properly state the law or that they are incomplete. The Court seldom if ever gives instructions derived solely from cases.

*Format*:  Each requested instruction shall (1) cite the authority or source of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be numbered, (5) cover only one subject or principle of law, and (6) not repeat principles of law contained in any other requested instruction.  If a standard instruction has blanks or offers options (i.e. "he/she"), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

*Index*:  The Proposed Instructions must have an index that includes the following for each instruction, as illustrated in the example below:

- the number of the instruction;
- the title of the instruction;
- the source of the instruction and any relevant case citations; and
- the page number of the instruction.

*Example:*

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

During the trial and before closing argument, the Court will meet with counsel to settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

**5.  Joint Verdict Forms**  *(jury trial only)*

The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court.  Counsel shall file a proposed verdict form(s) no later than 2 weeks (14 days) before the FPTC.  If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline"

10.

**Exhibit 16**
**-154-**

1  of any disputed language; and (iii) the factual or legal basis for each party's respective

2  position if the entire form is being disputed.

3  **6. Joint Statement of the Case** *(jury trial only)*

4  By 2 weeks (14 days) before the FPTC, counsel must file a Joint Statement of

5  the Case for the Court to read to the panel of prospective jurors before commencement

6  of voir dire. This should be a brief neutral statement. no more than one page long.

7  **7. Voir Dire** *(jury trial only)*

8  The Court will conduct the voir dire.  The Court asks prospective jurors basic

9  questions (jurors' place of residence, employment, whether familiar with the parties or

10  counsel, etc.), and may ask additional case-specific questions.  By 2 weeks (14 days)

11  before the FPTC, counsel may, but are not required to, file proposed case-specific voir

12  dire questions for the Court's consideration.

13  Generally, a jury consists of eight jurors.  In most cases, the Court seats 16

14  prospective jurors in the jury box and conducts its initial voir dire.  Each side has 3

15  peremptory challenges.  If 16 jurors are seated in the box and all 6 peremptory

16  challenges are exercised, the remaining 8 jurors will constitute the jury panel.  If fewer

17  than 6 peremptory challenges are exercised, the 8 jurors in the lowest numbered seats

18  will be the jury.  The Court will not necessarily accept a stipulation to a challenge for

19  cause.  If one or more challenges for cause are accepted, and all 6 peremptory

20  challenges are exercised, the Court may decide to proceed with 6 or 7 jurors.

21  **8. Proposed Findings of Fact and Conclusions of Law** *(court trial*

22  *only)*

23  For any trial requiring findings of fact and conclusions of law, counsel for each

24  party shall, no later than 3 weeks (21 days) before the FPTC, file and serve on

25  opposing counsel its Proposed Findings of Fact and Conclusions of Law in the format

26  specified in Local Rule 52-3.

27  The parties may submit Supplemental Proposed Findings of Fact and

28  Conclusions of Law during the trial.  Once trial concludes, the Court may order the

11.

**Exhibit 16**
**-155-**

Case 8:20-cv-00048-JVS-JDE   Document 333-3   Filed 04/08/21   Page 102 of 115   Page ID
#:29128
Case 2:19-cv-05465-AB-AFM   Document 74   Filed 01/08/20   Page 12 of 18   Page ID #:1469

1    parties to file Revised Proposed Findings of Fact and Conclusions of Law.

2    **9. Declarations for Direct Testimony (*court trial only*)**

3    When ordered by the Court in a particular case, each party shall, at least 3

4    weeks (21 days) before the FPTC, file declarations containing the direct testimony of

5    each witness whom that party intends to call at trial.  If such declarations are filed,

6    each party shall file any evidentiary objections to the declaration(s) submitted by any

7    other party by 2 weeks (14 days) before the FPTC.  Such objections shall be submitted

8    in the following three-column format: (i) the left column should contain a verbatim

9    quote of each statement objected to (including page and line number); (ii) the middle

10   column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with

11   a citation to the Fed. R. Evid. or, where applicable, a case citation; and (iii) the right

12   column should provide space for the court's ruling on the objection.  The Court

13   anticipates issuing its ruling on the objections the same date as the FPTC.

14   **B.    Trial Exhibits**

15   Trial exhibits that consist of documents must be submitted to the Court in three-

16   ring binders.  Counsel shall submit to the Court **1 original set of exhibit binders,** and

17   **2 copies**: the original set shall be for the witnesses, and the 2 copies are for the Court.

18   All exhibits must be placed in three-ring binders indexed by exhibit number with tabs

19   or dividers on the right side.  Exhibits shall be numbered 1, 2, 3, etc., ***not*** 1.1, 1.2, etc.

20   The defendant's exhibit numbers shall not duplicate plaintiff's numbers.  For all 3 sets

21   of binders, the spine of each binder shall indicate the volume number and the range of

22   exhibit numbers included in the volume.

23   - The ***original set of exhibits*** shall have official exhibit tags (yellow tags for

24     plaintiff's exhibits, and blue tags for defendant's exhibits) affixed to the

25     front upper right-hand corner of the exhibit, with the case number, case

26     name, and exhibit number stated on each tag.  Tags may be obtained from

27     the Clerk's Office, or counsel may print their own exhibit tags using Forms

28     G-14A and G-14B on the "Court Forms" section of the Court's website.

**Exhibit 16
-156-**

- The **_2 sets of copies of the exhibits_** shall **_not_** have official exhibit tags but must be indexed with tabs or dividers on the right side.

Counsel will review the exhibit list and the exhibit binders with the Courtroom Deputy Clerk ("CRD") before the admitted exhibits are given to the jury.

The Court provides audio/visual equipment for use during trial.  More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-technology .  The Court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

Counsel must meet and confer not later than 10 days before trial to stipulate as far as possible to foundation, to waiver of the best evidence rule, and to exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

### C.    Materials to Present on First Day of Trial

Counsel must present these materials to the CRD on the **_first day of trial_**:

1. The **3 sets of exhibit binders** (1 original, 2 copies) described above.
2. Any **deposition transcripts** to be used at trial, either as evidence or for impeachment.  These lodged depositions are for the Court's use; counsel must use their own copies during trial.

### D.    Court Reporter

Any party requesting special court reporter services for any hearing (i.e., real time transmission, daily transcripts) shall notify the court reporter at least 2 weeks before the hearing date.

### E.    Jury Trial

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:30 p.m., with a 1-hour lunch break.  Counsel must appear at 8:30 a.m. to discuss preliminary matters with the Court  The Court will call a jury panel only when it is satisfied that the matter is ready for trial.  Jury selection usually takes

13.

**Exhibit 16**
**-157-**

1  only a few hours.  Counsel should be prepared to proceed with opening statements and

2  witness examination immediately after jury selection.

3        Fridays are usually reserved for the Court's calendar, so generally there will not

4  be trial on Fridays.  Therefore, during the first week, trial days are generally Tuesday

5  through Thursday.  After the first week, trial days are generally Monday through

6  Thursday.  Trial days are from 9:00 a.m. to approximately 4:30 p.m., with two 15-

7  minute breaks and a 1-hour lunch break.

8  **III.  CONDUCT OF ATTORNEYS AND PARTIES**

9        **A.  Meeting and Conferring Throughout Trial**

10        The parties **must** meet and confer on an ongoing basis throughout trial on all

11  issues as they come up.  The Court will not resolve any issue during trial unless and

12  until the parties have attempted to resolve it themselves.  The Court strictly enforces

13  this rule.

14        **B.  Opening Statements, Examining Witnesses, and Summation**

15        Counsel must use the lectern.  Counsel must not consume time by writing out

16  words, drawing charts or diagrams, etc.  Counsel may prepare such materials in

17  advance.  The Court will establish and enforce time limits for opening statements and

18  closing arguments, and for examination of witnesses.

19        **C.  Objections to Questions**

20        Counsel must not use objections to make a speech, recapitulate testimony, or

21  attempt to guide the witness.

22        When objecting, counsel must rise to state the objection and state only that

23  counsel objects and the legal ground of objection.  If counsel wishes to argue an

24  objection further, counsel must ask for permission to do so.

25        **D.  General Decorum**

26        1.  Counsel must not approach the CRD or the witness box without

27  specific permission and must return to the lectern when the purpose for approaching

28  has been accomplished.

**Exhibit 16**
-158-

1       2.     Counsel must rise when addressing the Court, and when the Court

2  or the jury enters or leaves the courtroom, unless directed otherwise.

3       3.     Counsel must address all remarks to the Court.  Counsel must not

4  address the CRD, the court reporter, persons in the audience, or opposing counsel.

5  Any request to re-read questions or answers shall be addressed to the Court.  Counsel

6  must ask the Court's permission to speak with opposing counsel.

7       4.     Counsel must not address or refer to witnesses or parties by first

8  names alone, with the exception of witnesses under 14 years old.

9       5.     Counsel must not offer a stipulation unless counsel have conferred

10  with opposing counsel and have verified that the stipulation will be acceptable.

11       6.     While Court is in session, counsel must not leave counsel table to

12  confer with any person in the back of the courtroom without the Court's permission.

13       7.     Counsel must not make facial expressions, nod, shake their heads,

14  comment, or otherwise exhibit in any way any agreement, disagreement, or other

15  opinion or belief concerning the testimony of a witness. Counsel shall admonish their

16  clients and witnesses not to engage in such conduct.

17       8.     Counsel must never talk to jurors at all, and must not talk to co-

18  counsel, opposing counsel, witnesses, or clients where the conversation can be

19  overheard by jurors.  Counsel should admonish their clients and witnesses to avoid

20  such conduct.

21       9.     Where a party has more than one lawyer, only one may conduct

22  the direct or cross-examination of a particular witness, or make objections as to that

23  witness.

24      **E.**     **Promptness of Counsel and Witnesses**

25       1.     Promptness is expected from counsel and witnesses.  Once counsel

26  are engaged in trial, this trial is counsel's first priority.  The Court will not delay the

27  trial or inconvenience jurors.

28       2.     If a witness was on the stand at a recess or adjournment, counsel

**Exhibit 16**
**-159-**

1    who called the witness shall ensure the witness is back on the stand and ready to

2    proceed when trial resumes.

3          3.     Counsel must notify the CRD in advance if any witness should be

4    accommodated based on a disability or for other reasons.

5          4.     No presenting party may be without witnesses. If a party's

6    remaining witnesses are not immediately available and there is more than a brief

7    delay, the Court may deem that party to have rested.

8          5.     The Court attempts to cooperate with professional witnesses and

9    generally accommodates them by permitting them to be called out of sequence.

10   Counsel must anticipate any such possibility and discuss it with opposing counsel. If

11   there is an objection, counsel must confer with the Court in advance.

12       **F.**     **Exhibits**

13          1.     Each counsel must keep counsel's own list of exhibits and must

14   note when each has been admitted into evidence.

15          2.     Each counsel is responsible for any exhibits that counsel secures

16   from the CRD and must return them before leaving the courtroom at the end of the

17   session.

18          3.     An exhibit not previously marked must, at the time of its first

19   mention, be accompanied by a request that it be marked for identification. Counsel

20   must show a new exhibit to opposing counsel before the court session in which it is

21   mentioned.

22          4.     Counsel must advise the CRD of any agreements with respect to

23   the proposed exhibits and as to those exhibits that may be received without further

24   motion to admit.

25          5.     When referring to an exhibit, counsel must refer to its exhibit

26   number. Witnesses should be asked to do the same.

27          6.     Counsel must not ask witnesses to draw charts or diagrams, or ask

28   the Court's permission for a witness to do so. Any graphic aids must be fully

**Exhibit 16
-160-**

1   prepared before the court session starts.

2       **G.**    **Depositions**

3         1.     In using depositions of an adverse party for impeachment, counsel

4   may adhere to either one of the following procedures:

5          a.     If counsel wishes to read the questions and answers as

6   alleged impeachment and ask the witness no further questions on that subject,

7   counsel shall first state the page and line where the reading begins and the page

8   and line where the reading ends, and allow time for any objection.  Counsel

9   may then read the portions of the deposition into the record.

10          b.     If counsel wishes to ask the witness further questions on the

11   subject matter, the deposition shall be placed in front of the witness and the

12   witness told to read the relevant pages and lines silently.  Then counsel may

13   either ask the witness further questions on the matter and thereafter read the

14   quotations, or read the quotations and thereafter ask further questions.  Counsel

15   should have an extra copy of the deposition for this purpose.

16         2.     Where a witness is absent and the witness's testimony is offered by

17   deposition, counsel may (a) have a reader occupy the witness chair and read the

18   testimony of the witness while the examining lawyer asks the questions, or (b) have

19   counsel read both the questions and the answers.

20       **H.**    **Using Numerous Answers to Interrogatories and Requests for**

21            **Admission**

22   Whenever counsel expects to offer a group of answers to interrogatories or

23   requests for admissions extracted from one or more lengthy documents, counsel

24   should prepare a new document listing each question and answer and identifying the

25   document from which it has been extracted.  Copies of this new document should be

26   given to the Court and opposing counsel.

27       **I.**    **Advance Notice of Unusual or Difficult Issues**

28   If any counsel anticipate that a difficult question of law or evidence will

Exhibit 16
-161-

1  necessitate legal argument requiring research or briefing, counsel **must** give the Court

2  advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an

3  unexpected legal issue arises that could not have been foreseen and addressed in

4  advance.  Counsel must also advise the CRD at the end of each trial day of any issues

5  that must be addressed outside the presence of the jury so that there is no interruption

6  of the trial.  **THE COURT WILL NOT KEEP JURORS WAITING.**

7

8       **Parties appearing pro se must comply with the Federal Rules of Civil**

9  **Procedure and the Local Rules.**  *See* **Local Rules 1-3 and 83-2.2.3.**

10

11       **IT IS SO ORDERED.**

12

13  Dated:  January 8, 2020       _____

14                               HONORABLE ANDRÉ BIROTTE JR.
                                 UNITED STATES DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 16**
**-162-**

# EXHIBIT 17

1

2

3

4

5

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13

14   NEVRO CORP.,                          Case No.    3:16-cv-06830-VC-MEJ

15                 Plaintiff,              [~~PROPOSED~~] ORDER
                                           REGARDING REVISED CASE
16          v.                             SCHEDULE
                                            AS MODIFIED
17   BOSTON SCIENTIFIC CORPORATION and     Judge:    Hon. Vince Chhabria
     BOSTON SCIENTIFIC NEUROMODULATION
18   CORPORATION,

19                 Defendants.

20

21

22

23

24

25

26

27

28

**Exhibit 17**
**-163-**

The Court is adopting the revised case schedule proposed by Boston Scientific

Corporation and Boston Scientific Neuromodulation Corporation (collectively "BSC") (*See* ECF

No. 164-1).  That schedule is set forth below.

**REVISED CASE SCHEDULE**

| Event | Deadlines |
|---|---|
| Revised Narrowed Invalidity Contentions | August 10, 2017<br><br>BSC to Amend for New Claims |
| Supplement Interrogatory Responses | August 17, 2017<br><br>For all responses except those addressing BSC's revised narrowed invalidity contentions (Interrogatory Nos. 10-11)<br><br>August 24, 2017:<br><br>For responses to BSC Interrogatory Nos. 10-11 |
| Identify Claim Terms (Patent L.R. 4-1) | August 24, 2017<br><br>BSC to supplement for New Claims |
| Exchange Preliminary Claim Constructions (Patent L.R. 4-2) | July 13, 2017<br><br>No change for 36 initially asserted claims |
| Supplement Preliminary Claim Construction for new claims (Patent L.R. 4-2) | September 14, 2017 |
| Exchange of privilege logs | July 28, 2017 |
| Deadline for Substantial Completion of Document Production | September 18, 2017 |
| Last Day to Amend Pleadings | July 20, 2017 |
| Joint Claim Construction Statement (Patent L.R. 4-3) | September 29, 2017 |
| Claim Construction Discovery Cut-off (Patent L.R. 4-4) | October 30, 2017 |
| Disclosures of Opinions of Counsel (Patent L.R. 3-7) | October 17, 2017 |
| Last Day to Serve Written Discovery | October 15, 2017 |

| | |
|---|---|
| Exchange of supplementation of privilege logs | November 2, 2017 |
| Fact-discovery cut-off | November 17, 2017 |
| Nevro to further narrow the number of its asserted claims to no more than 20 claims | December 1, 2017 |
| BSC to further narrow its prior art references to 40 prior art grounds for invalidity and no more than 28 unique references | December 15, 2017 |
| Last Day for Party with Burden of Proof to Serve Opening Expert Reports | January 8, 2018 |
| Rebuttal Expert Reports | February 5, 2018 |
| Expert Discovery Cut-off | March 5, 2018 |
| Dispositive Motions Deadline<br><br>(Nevro to file opening claim construction brief and MSJ) | April 4, 2018 |
| (BSC to file responsive claim construction brief, opposition to Nevro's MSJ, and opening MSJ) | April 18, 2018 |
| (Nevro to file reply claim construction brief, reply to Nevro's MSJ, and opposition to BSC's MSJ) | May 2, 2018 |
| (BSC to file reply to BSC's MSJ) | May 16, 2018 |
| Tutorial | June 6, 2018 |
| Last Day for Hearing on Dispositive Motions | June 20, 2018<br>(Claim Construction & MSJ Hearing) |
| Pretrial Filing Submission (Standing Order A-G) | ~~October 5~~<br>~~August 17~~, 2018 |
| Pretrial Conference | ~~October 15~~<br>~~August 27~~, 2018 |
| Jury Selection | ~~September 17, 2018~~ To be Determined |
| Trial | ~~October 29~~<br>~~September 24~~, 2018 |

1

2  **IT IS SO ORDERED.**

3

4  Dated:  July 20, 2017

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



The Unit

IT IS SO ORDERED
AS MODIFIED

Judge Vince Chhabria

**Exhibit 17**
**-166-**

# EXHIBIT 18

1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    NEVRO CORP,                          Case No.  16-cv-06830-VC (MEJ)

8              Plaintiff,                 **ORDER RE: JOINT DISCOVERY
                                          LETTERS AND MOTIONS TO FILE
9         v.                              UNDER SEAL**

10   BOSTON SCIENTIFIC CORPORATION, et    Re: Dkt. Nos. 220, 226, 228, 229, 231, 233,
     al.,                                 251
11
               Defendants.

12

13         On January 18, 2018, the parties met and conferred in person to further address their

14   discovery disputes.  As a result, the parties have agreed to withdraw the joint letters regarding

15   Nevro's Response to BSC's Interrogatory No. 14 (Dkt. No. 220), Nevro's Response to BSC's

16   Interrogatory Nos. 26-30 (Dkt. No. 229), and Nevro's Second and Third Set of Email Production

17   Requests (Dkt. Nos. 231, 251).  Jan. 18, 2018 Joint Letter, Dkt. No. 267.  Accordingly, the Court

18   FINDS these four joint letters AS MOOT.[1]

19         The Court further FINDS AS MOOT the Motions to File Under Seal submitted in

20   connection with these joint letters (Dkt. Nos. 225, 228, 231).

21         The Court will address the remaining disputes (Dkt. Nos. 222, 235) in a separate order.

22         **IT IS SO ORDERED.**

23   Dated: January 19, 2018

24   _____

25   MARIA-ELENA JAMES
     United States Magistrate Judge

26

27

28   _____

[1] Docket No. 251 corrects Docket No. 226.  The Court therefore FINDS AS MOOT Docket No.
226 as well.

United States District Court
Northern District of California

**Exhibit 18**
**-167-**