JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DECLARATION OF ANGELIQUE KAOUNIS IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DE-DESIGNATE** <br><br> Judge: Hon. John D. Early <br> Date/Time: April 22, 2021 / 10:00 AM <br> Courtroom: 6A <br><br> Discovery Cutoff: 7/5/2021 <br> Pre-trial Conference: 3/21/2022 <br> Trial: 4/5/2022 |

Gibson, Dunn & Crutcher LLP

I, Angelique Kaounis, declare and state as follows:

1.     I am an attorney duly licensed to practice law before this Court and all courts of the State of California.  I am Of Counsel with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action.  I make this declaration in support of Apple's Motion to De-Designate (the "Motion").  I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2.     On December 11, 2020, my colleague Joshua Lerner sent a letter to Perry Oldham, counsel of record for Plaintiffs, explaining the reasons why Plaintiffs' sealing and designation of certain information in their Third Amended Complaint and CCP Section 2019.210 Disclosure as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") under the Protective Order was improper.  A true and correct copy of Mr. Lerner's December 11, 2020 letter to Mr. Oldham is attached as **Exhibit A (filed under seal)**.

3.     On January 4, 2021, Adam Powell, counsel of record for Plaintiffs, sent Mr. Lerner a letter in response.  A true and correct copy of Mr. Powell's January 4, 2021 letter to Mr. Lerner is attached as **Exhibit B (filed under seal)**.

4.     On January 4, 2021, following a telephonic meet and confer with Plaintiffs on that same day, I sent an email to Mr. Powell seeking clarification of Plaintiffs' position on several items.  A true and correct copy of my January 4, 2021 email to Mr. Powell is attached as **Exhibit C (filed under seal)**.

5.     On January 4, 2021, Mr. Powell sent me a follow-up email regarding the parties' meet and confer.  On January 5, 2021, I responded to Mr. Powell by email, reiterating Apple's position that the information in the patent filings and pictures of Apple Watches are public, and clarifying what transpired during the meet and confer.  A true and correct copy of this January 4–5, 2021 email exchange is attached as **Exhibit D (filed under seal)**.

6.     On January 20, 2021, I sent a letter to Mr. Powell, responding to his letter

of January 4, 2021, and further explaining the reasons why Plaintiffs' sealing and designation of certain information in their Third Amended Complaint and CCP Section 2019.210 Disclosure as AEO under the Protective Order was improper.  A true and correct copy of my January 20, 2021 letter to Mr. Powell is attached as **Exhibit E (filed under seal)**.

7.     On January 30, 2021 Mr. Powell sent me a letter in response to my January 20, 2021 letter.  A true and correct copy of Mr. Powell's January 30, 2021 letter to me is attached as **Exhibit F (filed under seal)**.

8.     On February 17, 2021, I sent another letter to Mr. Powell explaining the reasons why Plaintiffs' designation of certain information in their Fourth Amended Complaint ("4th AC") and CCP Section 2019.210 Disclosure as AEO under the Protective Order was improper and requesting a conference of counsel pursuant to Local Rule 37-1.  A true and correct copy of my February 17, 2021 letter to Mr. Powell is attached as **Exhibit G (filed under seal)**.

9.     On March 1, 2021 Adam Powell sent a letter to me in response to my February 17, 2021 letter regarding Plaintiffs' confidentiality designations and promised to send a compromise that week.  A true and correct copy of Mr. Powell's March 1, 2021 letter to me is attached as **Exhibit H (filed under seal)**.

10.     On March 1, 2021, the parties met and conferred in good faith pursuant to Local Rule 37-1 regarding Plaintiffs' disputed AEO designations, which are hindering Apple's ability to defend itself in this matter.

11.     On Friday, March 5, 2021 Mr. Powell emailed me Plaintiffs' compromise proposal as a way to resolve the dispute.  In the document accompanying his email (a copy of the 4th AC), Plaintiffs highlighted in (a) blue the current AEO material that they would be willing to allow Apple in-house counsel to see, and (b) green the current AEO material that they would de-designate to non-confidential.  Plaintiffs stated that the pictures on pages 88–89 of the 4th AC could not be highlighted, but will remain AEO. Plaintiffs also said they would agree to similar changes to the Section 2019.210

statement.  A true and correct copy of Mr. Powell's March 5 email to me appending Plaintiffs' compromise proposal is attached as **Exhibit I (filed under seal)**.

12.   A chart prepared by Apple's defense counsel comparing the contested AEO designations in the 4th AC to Plaintiffs' March 5 compromise position regarding allegations and pictures in the 4th AC is attached as **Exhibit J (filed under seal)**.

13.   On March 9, 2021, I sent an email to Mr. Powell asking if Plaintiffs would permit outside counsel to show Apple's in-house counsel the allegations highlighted in blue and green (per Plaintiffs' compromise proposal) for purposes of discussing Plaintiffs' proposed compromise and determining whether Apple could narrow the rest of the issues in dispute.  Mr. Powell responded by email on March 9, 2021.  He declined Apple's request, explaining that in-house counsel could only be shown the blue and green highlighted-allegations if Apple agreed (in advance of in-house counsel seeing the proposed compromise) that Plaintiffs' compromise resolved the overall dispute.  A true and correct copy of the March 9, 2021 email exchanges between me and Mr. Powell are attached as **Exhibit K**.

14.   The parties met and conferred further on March 12, 2021 during a lengthy (85-minute) call.  On March 15, 2021, I sent Mr. Powell an email identifying several proposals and points that Plaintiffs agreed to consider during the meet and confer.  I also requested that Plaintiffs respond as soon as practicable whether Plaintiffs would agree that Apple in-house counsel could view their proposed compromise (i.e., a version of the Complaint showing only the allegations highlighted in blue and green and the other public allegations) via Zoom or Webex on the condition that the Zoom/WebEx would not be recorded and Apple's in-house counsel would not take notes, as discussed on the March 12 call.  On March 16, I sent a follow-up email asking for Plaintiffs' response by noon on March 17, 2021.  On March 16, 2021, Mr. Powell responded that he did not anticipate being able to respond by noon on March 17, 2021.  On March 17, 2021, I followed up again with Mr. Powell and informed him that Apple must move forward unless it received a response by 4 p.m. on March 17, 2021.  On March 17, 2021, Mr.

Powell responded and confirmed that Apple's in-house counsel could be shown the blue and green highlighting in Plaintiffs' proposed compromise and that Plaintiffs expected to have "some additional ideas for compromise." On March 17, 2021, I responded to Mr. Powell and requested that Plaintiffs respond by close of business on March 19, 2021 to the remainder of my previous email and set forth the details of any additional compromises to which Plaintiffs will agree. On March 19, 2021, Mr. Powell responded and proposed minor additional compromises. On March 22, 2021, I responded to Mr. Powell to identify the issues which the parties had resolved through negotiation and the remaining information for which the parties are at an impasse. On March 23, 2021, Mr. Powell confirmed what issues had been resolved and sought further confirmation about other information at issue. I responded on March 23, 2021 to explain that Apple had detailed its position but that Plaintiffs had not explained how the remaining information at issue constitutes AEO. A true and correct copy of the emails exchanged between me and Mr. Powell between March 15, 2021 and March 23, 2021 are attached as **Exhibit L (filed under seal)**.

15.    A true and correct copy of the transcript from the December 10, 2020 hearing on Plaintiffs' Motion to Strike in the case *Masimo Corp., et al. v. True Wearables, Inc., et al.*, Case No. 8:18-cv-02001 (C.D. Cal.) is attached as **Exhibit M.**

16.    A true and correct copy of the Second Interim Order On Motions To Seal Documents (Partial Relief) issued by the United States Bankruptcy Court for the Southern District of California in the case *In re Sotera Wireless, Inc.*, Case No. 16-05968-LT11, Dkt. 1091, dated September 12, 2017, is attached as **Exhibit N.**

17.    A true and correct copy of an October 19, 2020 email from Adam Powell to my colleague Vladimir Semendyai regarding Plaintiffs' proposed redactions to the Court's Order on Apple's Motion to Dismiss, Dkt. 219, is attached as **Exhibit O (filed under seal)**.

18.    A true and correct copy of an eBay listing for an ████████████

████████████████████████████████████████

1 ██████████████████████████████████████████████████████

2 ███████████████████████████████████ (last visited Mar. 17, 2021), is

3 attached as **Exhibit P (filed under seal)**.

4          19.    A true and correct copy of an article documenting the teardown of an Apple

5 Watch    Series    5, ████████  █████  ██  ██  ██  ██████  ██

6 ████████████████████████████████████████████████ (last

7 visited Mar. 17, 2021), is attached as **Exhibit Q (filed under seal)**.

8          20.    A true and correct copy of a webpage from System Plus Consulting's report

9 catalogue, which offers to sell a report analyzing the ████████████████████

10 ██████████████████████████████████████████████████████

11 ███████████████████████████████████ (last visited Mar. 17,

12 2021), is attached as **Exhibit R (filed under seal)**.

13          21.    A true and correct copy of an article documenting the teardown of an Apple

14 Watch    Series    6,    published    September    12,    2020    and    available    at

15 https://www.ifixit.com/Teardown/Apple+Watch+Series+6+Teardown/136694    (last

16 visited Mar. 17, 2021) is attached as **Exhibit S**.

17          22.    A true and correct copy of an April 24, 2015 article from Tech Insights

18 titled "Apple Watch Teardown," available at https://www.techinsights.com/blog/apple-

19 watch-teardown (last visited Mar. 17, 2021), is attached as **Exhibit T**.

20          23.    A true and correct copy of an email exchange between Mr. Powell and my

21 colleague Ilissa Samplin between February 12, 2021 and February 17, 2021 concerning

22 Plaintiffs' ESI custodian chart is attached as **Exhibit U (filed under seal)**.

23          24.    A true and correct copy of ████████ LinkedIn profile, which Apple's

24 counsel accessed through LinkedIn on March 16, 2021 is attached as **Exhibit V (filed**

25 **under seal)**.

26          25.    A true and correct copy of ████████ LinkedIn profile, which

27 Apple's counsel accessed through LinkedIn on March 16, 2021 is attached as **Exhibit**

28 **W (filed under seal)**.

26.     A true and correct copy of ███████ LinkedIn profile, which Apple's counsel accessed through LinkedIn on March 16, 2021 is attached as **Exhibit X (filed under seal)**.

27.     A true and correct copy of a publicly available record from https://ClinicalTrials.gov/ about the study titled "Halo Index and Adaptive Alarm Thresholds During Routine PACU Inpatient Care: 'Normal' vs. 'Non-normal' Recovery (Halo)," which identifies ████████████████████ ███████ and Masimo Corporation as the collaborator and has a "First Posted" date of March 14, 2013, is attached as **Exhibit Y**.

28.     A true and correct copy of an abstract for the study titled "Accuracy of continuous noninvasive hemoglobin monitoring for the prediction of blood transfusions in trauma patients" which is publicly available through PubMed (https://pubmed.ncbi.nlm.nih.gov/), a database maintained by the United States National Library of Medicine at the National Institutes of Health, with a publication date of 2015, is attached as **Exhibit Z**. ████████████████ ███████████████████ and the abstract specifies that a "Masimo Radical-7 co-oximeter sensor (Masimo Corporation, Irvine, CA)" was used during the study.

29.     A true and correct copy of a press released published by Masimo Corporation on its website (at https://www.masimo.com/company/news/news-media/2009/#news-595092be-142f-4390-8fed-a02581f392c6), dated January 20, 2009, and titled "Clinicians at Dartmouth-Hitchcock Medical Center Present New Data Showing Masimo Rainbow SET® Oximetry and Patient SafetyNet™ Improves Patient Outcomes and Reduces the Cost of Care" is attached as **Exhibit AA**.

30.     A true and correct copy of a press released published on PRNewsWire.com (at https://www.prnewswire.com/news-releases/new-multi-center-study-finds-clinical-practice-change-with-masimo-set-pulse-oximetry-reduces-severe-eye-damage-more-than-50-in-premature-newborns-104090258.html), dated September 30, 2010, and titled "New Multi-Center Study Finds Clinical Practice Change with Masimo SET Pulse

Gibson, Dunn & Crutcher LLP

1   Oximetry Reduces Severe Eye Damage More Than 50% in Premature Newborns" is

2   attached as **Exhibit AB**. ███████████████████████████████

3   ████████████████

4         31.    A true and correct copy of the Information Disclosure Statement ("IDS")

5   filed with the United States Patent & Trademark Office ("USPTO") on December 20,

6   2018 during prosecution of the application that issued as U.S. Patent No. 10,448,871,

7   which is publicly available through the USPTO's Public Patent Application Information

8   Retrieval ("Public PAIR") system, is attached as **Exhibit AC.**

9         32.    A true and correct copy of the IDS filed with the USPTO on December 18,

10  2018 during prosecution of the application that issued as U.S. Patent No. 10,258,265,

11  which is publicly available through the Public PAIR system, is attached as **Exhibit AD.**

12        33.    A true and correct copy of the IDS filed with the USPTO on December 18,

13  2018 during prosecution of the application that issued as U.S. Patent No. 10,258,266,

14  which is publicly available through the Public PAIR system, is attached as **Exhibit AE**.

15        34.    A true and correct copy of the IDS filed with the USPTO on November 15,

16  2019 during prosecution of the application that issued as U.S. Patent No. 10,638,961,

17  which is publicly available through the Public PAIR system, is attached as **Exhibit AF**.

18        35.    A true and correct copy of the IDS filed with the USPTO on April 13, 2020

19  during prosecution of the application that issued as U.S. Patent No. 10,702,194, which

20  is publicly available through the Public PAIR system, is attached as **Exhibit AG**.

21        36.    A true and correct copy of the First Amended Complaint (Dkt. No. 28) filed

22  in this case is attached as **Exhibit AH**.

23        37.    A true and correct copy of the Protective Order (Dkt. No. 67) entered in

24  this case is attached as **Exhibit AI**.

25        38.    A true and correct copy of the sealed Order Denying Motion for

26  Reconsideration (Dkt. No. 93) entered in this case is attached as **Exhibit AJ**.

27        39.    A true and correct copy of the Order Regarding Motion to Dismiss (Dkt.

28  No. 219) entered in this case is attached as **Exhibit AK (filed under seal)**.

1     Executed this 24th day of March 2021, in Los Angeles, California.

2

3                     By: _____

4                        Angelique Kaounis

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAOUNIS DECLARATION IN SUPPORT OF APPLE'S MOTION TO DE-DESIGNATE
CASE NO. 8:20-cv-00048-JVS (JDEx)

# Exhibit A

### Redacted Version of Document Proposed to Be Filed Under Seal

# Exhibit B

## Redacted Version of Document Proposed to Be Filed Under Seal

# Exhibit C

Redacted Version of Document
Proposed to Be Filed Under Seal

Exhibit C
Page 19

# Exhibit D

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit E

## Redacted Version of Document Proposed to Be Filed Under Seal

# Exhibit F

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit G

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit H

## Redacted Version of Document
## Proposed to Be Filed Under Seal

# Exhibit I

## Redacted Version of Document Proposed to Be Filed Under Seal

Exhibit I
Page 51

# Exhibit J

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit K

**Morrisson, Haley S.**

| | |
|---|---|
| **From:** | Adam.Powell <Adam.Powell@knobbe.com> |
| **Sent:** | Tuesday, March 9, 2021 8:42 PM |
| **To:** | Kaounis, Angelique |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple: de-designation letter |

[External Email]
Angelique,

As we explained, we offered to allow in-house counsel to see much of this material as a compromise to resolve the overall dispute.  If Apple agrees this resolves our dispute, then you may show the blue and green highlighted materials to in-house counsel.  However, we do not agree that you can show this material to in-house counsel up front and then later state it does not resolve our dispute.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, March 9, 2021 9:35 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple: de-designation letter

Adam,

Thank you for your email.  In the interest of trying to resolve the issues in Apple's anticipated motion to de-designate, please confirm by close of business today that we can show the blue and green highlighted materials to Apple in-house counsel so that we can discuss Plaintiffs' position with them and determine whether we can narrow the rest of the issues in dispute.

Thanks very much,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

Exhibit K
Page 195

# Exhibit L

Redacted Version of Document
Proposed to Be Filed Under Seal

Exhibit L
Page 196

# Exhibit M

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)


MASIMO CORPORATION, ET AL,    ) CASE NO: 8:18-CV-02001-JVS-JDE
                              )
              Plaintiffs,     )              CIVIL
                              )
       vs.                    )       Santa Ana, California
                              )
TRUE WEARABLES, INC, ET AL,   )    Thursday, December 10, 2020
                              )
              Defendants.     )
_____

HEARING RE: PLAINTIFFS' MOTION TO STRIKE [DKT.NO.132]


BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE


<u>APPEARANCES</u>:              SEE PAGE 2


Court Reporter:            Recorded; AT&T

Courtroom Deputy:          Maria Barr

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 8365
                           Corpus Christi, TX 78468
                           361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>APPEARANCES</u>:


For Plaintiffs:          STEPHEN C. JENSEN, ESQ.
                         IRFAN A. LATEEF, ESQ.
                         JOSEPH R. RE, ESQ.
                         BRIAN C. CLAASSEN, ESQ.
                         Knobbe Martens Olson & Bear, LLP
                         2040 Main Street
                         14th Floor
                         Irvine, CA 92614


For Defendants:          PETER A. GERGELY, ESQ.
                         Merchant & Gould, PC
                         767 Third Avenue
                         Suite 23-C
                         New York, NY 10017

                         PAIGE S. STRADLEY, ESQ.
                         Merchant & Gould, PC
                         80 South 8th Street
                         3200 IDS Center
                         Minneapolis, MN 55402

                         RYAN J. FLETCHER, ESQ.
                         ZACH KACHMER, ESQ.
                         Merchant & Gould, PC
                         1801 California Street
                         Suite 3300
                         Denver, CO 80202

                         AMANDA R. WASHTON, ESQ.
                         Conkle Kremer & Engel, PLC
                         3130 Wilshire Blvd.
                         Suite 500
                         Santa Monica, CA 90403

Exhibit M
Page 209

3

```
 1              Santa Ana, California; Thursday, December 10, 2020

 2                          (Remote appearances)

 3                           (Call to Order)

 4         THE COURT:  Calling case Masimo Corporation, et al.

 5   versus True Wearables, Inc., et al., Central District of

 6   California, Case Number SACV 18-2001-JVS.  We're here on a

 7   Motion to Strike Plaintiffs' Interrogatory Responses and Compel

 8   a Redesignation of Interrogatory Responses, Filed by

 9   Defendants.

10         We'll take appearances.  Since we are proceeding by

11   phone, what I'll do is I'm going to go down the list of the

12   people who I understand are on the call for each side and one

13   representative will just confirm if that's correct.

14         On behalf of Plaintiff I have Mr. Stephen Jensen,

15   Mr. Brian Claassen and Irfan Lateef.  Is that correct?

16         MR. JENSEN:  That's correct, your Honor.  This is

17   Mr. Jensen.

18         THE COURT:  Thank you.

19         And on behalf of Defendants we have Paige S.

20   Stradley, Peter A. Gergely, Zach Kachmer and Amanda Washton.

21   Is that -- oh, and Ryan Fletcher.  Is that correct?

22         MR. GERGELY:  Yes, your Honor.

23         THE COURT:  And who was that speaking?

24         MR. GERGELY:  Peter Gergely.

25         THE COURT:  All right.  So we're going to proceed
```

Exhibit M
Page 210

4

1    with the motion.  I've received the motion, the joint

2    stipulation, the supporting and opposing evidence and

3    Defendants' supplemental memorandum.

4         We'll start with the defendant counsel.  I'll give

5    you some tentative thoughts.

6         I'll note one thing that appears to I think is a

7    material difference since the filing of the motion and the

8    supplemental memoranda.  And that is, this morning Judge Selna

9    approved the stipulated amended scheduling order which

10   continues the fact discovery cutoff from January 22nd, 2021 to

11   May 21st, 2021 which I think does implicate some of the issues

12   raised.

13        Here are my tentative thoughts, very generally at a

14   high level rather than in the granular level, but at a high

15   level the motion raises two issues with respect to the first

16   issue.

17        I'm inclined to deny the motion to strike portions of

18   the plaintiffs' interrogatory responses.  And here's where the

19   change in the discovery cutoff makes a difference to some

20   extent but there's a bigger issue and that is whether I have

21   authority under the general referral as a discovery issue and

22   the specific order that Judge Selna made orally at the

23   scheduling conference regarding the issue of trade secret

24   disclosures and who has authority to make rulings on those.

25        And at an even more basic level, whether I, as a

1    magistrate judge, have authority to do what Defendants asked me

2    to do.   And I'll read from their portion of the joint

3    stipulation that what's requested is that the Court, (quote),

4    "intervene with a much needed course correction to return and

5    limit this case to the five original trade secrets that remain

6    from the list Plaintiffs provided at the outset of the case

7    that's at page 4 of the joint stipulation."

8             And then stated differently by Defendants at page 6

9    of the joint stipulation, (quote), "The court's determination

10   of this first issue will, in effect, be a determination of

11   which of plaintiffs' alleged trade secrets are properly at

12   issue in this suit," (close quote).

13            I don't believe as the discovery referee generally --

14   or the discovery judicial officer generally that my referral

15   would authorize me to limit the issues for trial.   And in

16   particular, in light of the comments Judge Selna made about the

17   trade secret designation and how it's to be handled, I don't

18   believe that I have authorization or I have authority to grant

19   Plaintiffs the relief that they seek.

20            I will say I'm not unsympathetic to the position that

21   Plaintiffs are in.   And the -- regardless of whether Section

22   2019.210 applies in federal court or not, it's a generally a

23   good practice.   And federal courts under Rule 26, even if

24   they're not applying 2019.210, do require plaintiffs in trade

25   secret actions to specify and identify their trade secrets with

6

1    particularity early in the case.  It's a good idea, it's a good

2    practice, and it certainly has the risk of abuse if a party

3    unilaterally and without cause, just before a discovery cutoff

4    or just before trial, seeks to shift gears and change their

5    theory.  I don't think that's what happened here but I am not

6    unmindful of the difficulties that the amendments or the

7    supplementation to the interrogatory response at issue has

8    caused the defendants but I do think that the extension of the

9    discovery cutoff alleviates some of those concerns, not all of

10   them but some of those concerns.  And if pushed, I would

11   probably find that Plaintiffs acted without bad faith and had

12   good cause for the amendments.  But again, I'm not sure that I

13   have the authority to grant the relief that Defendants seek at

14   the outset.  So that's my tentative thoughts as to the first

15   issue.

16           As to the second issue, this would be a mixed bag.  I

17   think there is clearly some information in the discovery

18   responses and the incorporated documents in the discovery

19   responses that would fall within the category of attorney's

20   eyes only and that Plaintiff has made a sufficient evidentiary

21   showing to support that but I also think that there's aspects

22   that do not fall within it.  And I think we went through it in

23   this case -- and I hope I'm not mistaking it with another case

24   -- where we had a similar issue about an under-seal filing.  It

25   might have even been Mr. Lamego's declaration where I directed

1    the parties to meet and confer and really focus on what's

2    really confidential and in this case, what's really the

3    (quote/unquote) "crown jewels" as to what needs to be

4    designated as attorney's eyes only because it's there for a

5    reason.   It's there because -- and it applies to both sides --

6    to protect competitive harm and not prohibit people from access

7    to the courts and require them to turn over their crown jewels

8    to competitors.   But there's a flip side to it.   It does make

9    things more difficult.   And again, this goes both ways.   It

10   makes things more difficult.   So I would expect both sides to

11   be very judicious in their designation of attorney's-eyes-only

12   information.   And I think from my review -- and I'm not going

13   to go through line by line, document by document -- but in my

14   review there is material that probably should not be designated

15   as attorney's eyes only but there clearly is material that

16   Plaintiff has met -- has made a sufficient showing.

17         So those are my tentative thoughts.   Let me hear from

18   counsel for the moving parties defendants.   And just because

19   we're proceeding with the audio recording, be sure to state

20   your name before you speak.

21         **MR. GERGELY:**   Good morning, your Honor.   This is

22   Peter Gergely representing the defendants.

23         With respect to your authority to decide the issue, I

24   believe you do have the authority.

25         Judge Selna ordered that Plaintiffs identify their

1    trade secrets in an interrogatory response.  He ordered that on

2    February 25th of 2019.  They made their identification of

3    15 alleged trade secrets on March 15th.  And he said that if

4    there is an issue with respect to the adequacy of that

5    identification, that we should come back to him, ex parte, on

6    seven days' notice.  The issue here isn't adequacy; it's the

7    wholesale swapping out of trade secrets.

8           Basically what happened is the parties engaged in

9    some discovery --

10           **THE COURT:**  Just so you know, I read the briefing, I

11   read the meet-and-confer letters.  I understand what happened.

12           There's two reasons why I'm concerned that I lack

13   authority.  One is whether Judge Selna, for lack of a better

14   term -- to use an administrative law concept -- has taken over

15   the field with respect to the trade secret designations.  But

16   there's a separate concern is as a discovery referee -- and I

17   read what you're asking me to do.  You're not asking me to

18   compel a response; you're not asking me to do what the

19   California state court remedy would be in a 2019.210 issue

20   which is to prohibit Plaintiffs from taking discovery.  You are

21   asking me to make a, (quote/unquote), "course correction" and,

22   (quote,) "limit this case to the five original trade secrets."

23   And separately you're asking me to rule with something which

24   would, (quote), "in effect, be a determination of which of

25   Plaintiffs' alleged trade secrets are properly at issue in this

Exhibit M
Page 215

1  suit." (period, close/quote).

2      My referral, I get to make rulings on discovery

3  matters.  I don't get to decide what's at issue for trial.  So

4  obviously if you've got some authority that you think that I

5  have that authority, let me know but if you are asking me, for

6  instance, for monetary sanctions; if you are asking me to

7  compel a further response; if you are asking me to do a

8  discovery-related issue -- and there are discovery-related

9  sanctions that can be recommended but you're not going under

10  Rule 37; you're not claiming that there's been a violation of a

11  court order under Rule 37 for a discovery issue.  And I don't

12  see how I can unilaterally step in and tell Judge Selna what

13  issues he's going to have to present to the jury for trial.

14      **MR. GERGELY:**  Your Honor, I think Rule 37(c)(1)

15  provides your authority.  This is essentially a discovery

16  issue.

17      **THE COURT:**  Well you just used -- the key word there,

18  "essentially".  I'm not sure that it is.  It's an order by

19  Judge Selna regarding the destination of trade secrets.  And

20  your request for relief is a trial-related order.  So it's

21  really about the pleadings and about the nature of the claims

22  that are going to go forward.  And I'm not sure that I have

23  authority to make the order that you seek.

24      **MR. GERGELY:**  I think I understand.

25      So are you saying that Rule 37 motions should be

1   brought to Judge Selna?

2          **THE COURT:**  I'm saying this isn't a Rule 37 motion.

3          **MR. GERGELY:**  I understand.  I understood --

4          **THE COURT:**  What I'm saying is that it's not a

5   clear-cut issue but what's difficult is when something's not a

6   clear-cut issue, it's usually wiser for the magistrate judge

7   who has to go -- and the Ninth Circuit's repeated it many times

8   and the district judges abide by it -- we're only authorized to

9   do what the district judges authorize us to do in a civil case.

10  And if you go to the original referral order you'll see it's

11  for discovery matters.  And then what I'm doing is combining

12  that with Judge Selna's comments at the scheduling conference

13  about if there's an issue regarding the adequacy of the trade

14  secret disclosures, it's to be brought to him.  And it causes

15  me a concern about whether he, combining those two things,

16  wants to keep track of that.  Because as you request, the

17  ultimate sanction here -- unlike 2019.210 where the -- that's

18  clearly a discovery sanction, right?  If they haven't

19  adequately disclosed their trade secrets under 2019.210, it's a

20  discovery sanction.  They don't get to take discovery.  What

21  you're asking for is something far more significant and grave.

22  And in light of the history of the scheduling conference and

23  the discovery referral, I don't think that I have the authority

24  to do what you want.

25          Now, that would be without prejudice.  You could

1   certainly raise it, obviously, with Judge Selna.  And if

2   there's an issue going forward -- since you've got your

3   discovery cutoff extended -- there is -- you take issue with

4   the sufficiency of even the new amended disclosures and whether

5   they're sufficiently specific.  Potentially, I don't think it's

6   in your joint stipulation but a potential remedy for that is

7   that we call timeout on Plaintiffs ability to continue to take

8   any affirmative discovery until that's remedied.  And we can --

9   it's not before me right now but it's certainly something we

10  can talk about.

11          But in terms of the remedy you ask, I don't think

12  that even under Rule 37 that I can impose, which is issue

13  sanctions or evidence preclusion.

14          **MR. GERGELY:**  Yeah.  Your Honor, I do note that we

15  did bring our motion under Local Rule 37-2 so we did implicate

16  Rule 37.

17          **THE COURT:**  What I'm saying is you brought it under

18  that but the remedy you seek is for a failure to or a

19  subsequent disclosure of trade secrets and you basically want

20  them stricken from the case.  I don't think that that's

21  something, regardless of what is in the notice of motion, that

22  I'm authorized to bring.  And obviously the attorney's-eyes-

23  only designation, I'm authorized to hear that.  If you are here

24  to seek a sanction or a remedy of by analogy under 2019.210,

25  Plaintiffs affirmative discovery has to stop until they specify

1    with adequate specificity -- and I'm not saying they haven't;

2    I'm just saying that that's a remedy that I could get on but

3    I'm not sure that I have it but I'll let you keep going.

4              And then ultimately, I also mentioned that if push

5    came to shove I would probably find that Plaintiffs have shown

6    sufficient cause for the delayed -- not delayed but for the

7    timing of their renewed amended trade secret disclosures.  I'll

8    hear you on that as well.  And also let me know whether you

9    think that the extended discovery cutoff, which now provides

10   roughly six months of discovery from today, affects that.

11             **MR. GERGELY:**  Your Honor, I don't think they've shown

12   good cause or nor have they shown timely supplementation under

13   Rule 26(e).   They haven't identified a single document that

14   wasn't available to them as early as July 2019.  I believe

15   that's when they first inspected the source code.

16             And in discovery, the plaintiffs actually furnished a

17   list of its new source code.  Mr. Kashmer (phonetic) pulled

18   those files and actually traced them all aback to the original

19   source code files that were available back in July of 2019.

20             So the plaintiffs have posited a number of excuses as

21   to why they waited essentially 16 months to come up with their

22   new trade secret list but they haven't identified a single

23   document that they didn't have as early as July 2019.  So they

24   could have done this a year ago -- excuse me -- not a year ago;

25   they could have done it back in July of 2019.

13

1          I believe we produced source code files a month

2     later.  They went in, inspected source code.  We produced

3     pronounced August of 2019.

4          They say that there was some quibbling about

5     Mr. McNames (phonetic), the expert, and his access to source

6     code files.  The pulled the log on the source code computer; he

7     never looked at any source code on the computer.  There's no

8     affidavit or declaration from Mr. McNames saying that he was

9     involved in this trade secret identification whatsoever.

10          They said that there was some motion practice with

11     respect to Mr. Jensen.  There's no affidavit or declaration

12     from Mr. Jensen that he was involved in this trade secret

13     identification or that he -- his involvement was somehow

14     critical to this process.  All of this is just attorney

15     argument so they haven't shown good cause at all.

16          There's nothing in the record to show why they

17     delayed 16 months to basically swap out this list, basically

18     changing from 15 trade secrets, deleting 10 of them, and then

19     replacing that list with 17 more trade secrets, basically

20     completely changing the scope of their trade secret case.  So I

21     don't think they've shown good cause at all.

22          I think with respect to your authority, I

23     respectfully disagree.  I think you do have authority.  This is

24     a discovery issue but I'm not going to say anything further on

25     that.

Exhibit M
Page 220

14

1          With respect to the level of confidentiality that's

2     at issue with respect to the interrogatory responses, the

3     declarations that were submitted by Messrs. Diab and Chen

4     (phonetic) refer to this information as confidential.  The

5     underlying documents themselves are labeled confidential and

6     proprietary.  Neither Mr. Chen nor Mr. Diab state that these

7     documents are trade secrets.  The protective order allows for

8     designation of confidential when those documents are

9     confidential and proprietary and not publicly known.  And

10    that's all their declarations establish.

11         With respect to the higher level of confidentiality,

12    attorney's eyes only, they would have to establish that this

13    information is highly confidential such that the disclosure to

14    a competitor would cause competitive harm.  And they haven't

15    met that burden at all, neither Mr. Chen nor Mr. Diab

16    established that in their declarations.  The only thing that

17    they established is that these documents are entitled to

18    baseline confidential designation.  And that's all we're asking

19    for is that they be relabeled attorney's eyes only to

20    confidential.

21         Which by the way, the first time we got a list of

22    trade secrets from the plaintiffs, they were simply labeled

23    confidential.  I don't believe they were labeled attorney's

24    eyes only so that's not merited.  All they've established is

25    the right to have these labeled confidential and that would

Exhibit M
Page 221

15

1   enable Mr. Lamego to look at that list and assist in his

2   defense which is reasonable.  Which you think about it, if we

3   got to trial and a list of trade secrets was labeled

4   confidential, would Mr. Lamego not be entitled to participate

5   in his defense?  Would he have to leave the courtroom?  That

6   doesn't seem reasonable.

7           **THE COURT:**  Well, I'll --

8       **(Voices overlap)**

9           **MR. GERGELY:**  We're not talking about the underlying

10  documents, we're just asking that the list -- the list of the

11  trade secrets that they've identified in their interrogatory

12  responses be labeled confidential so that he can look at them

13  and participate in his defense.

14          **THE COURT:**  Let me be clear.

15          I'm not ruling on anything about trial.  The

16  protective order doesn't cover trial and nothing here for your

17  hypothetical would affect whether Mr. Lamego would or wouldn't

18  be present for trial.

19          **MR. GERGELY:**  I understand that.  I'm just -- I'm

20  saying taking their logic to its extreme.

21          But in any event, it's clear that Chen and Diab have

22  only established that the interrogatory responses are entitled

23  to a confidential designation.  They have not made the showing

24  under the protective order.  And it's Plaintiffs' burden under

25  the protective order to show that this information, these

**EXCEPTIONAL REPORTING SERVICES, INC**

Exhibit M
Page 222

1  interrogatory responses, are entitled to a highly confidential

2  protection such that the disclosure of that information to

3  Mr. Lamego would cause competitive harm.  And you know, they're

4  saying that he's seen this information before anyway so I'm not

5  sure how they've made that showing.  I don't think they have.

6  In effect, it's a very clear standard and they haven't met it.

7          **THE COURT:**  All right.  Anything further?

8          **MR. GERGELY:**  No.

9          **THE COURT:**  All right.  Let me hear from -- who's

10  going to speak on behalf of Plaintiffs?

11          **MR. JENSEN:**  Steve Jensen, your Honor, thank you.

12          **THE COURT:**  All right.  Mr. Jensen, you may proceed.

13          **MR. JENSEN:**  Thank you.

14          You, in your tentative, already made most of my

15  points so I won't belabor those.  I think there are a few

16  things that Mr. Gergely said that require some clarification.

17          And first I guess I'd like to say that I agree that

18  they are basically seeking to limit the issues of trial which I

19  do not think is an appropriate decision on a motion -- on a

20  discovery motion.  I believe that they're asking that those

21  things be precluded.

22          **THE COURT:**  I want to be clear.

23          If this were a discovery motion, then under Rule

24  37(c), if it's a violation of a prior discovery order -- issue

25  sanctions, evidentiary sanctions, even dismissal is an option.

1   Now that would be something that I couldn't do unilaterally; I

2   could conceivably prepare a report and recommendation for Judge

3   Selna on an issue such as that.

4           What I am suggesting is the issue regarding the trade

5   secret designation and the supplement is not really a discovery

6   issue.  And part of the reason I'm saying that is because Judge

7   Selna took an active hand.  It was more or a case

8   management/trial management issue -- and I'm using his

9   statement at this scheduling conference as sort of an

10  interpretive view on that.

11          So I want to be clear.

12          I am not saying that a discovery -- that a magistrate

13  reference for discovery can never make a recommendation

14  regarding Rule 37(c)-type sanctions.  I can and I have.  In

15  this case, I don't view this as that sort of issue.  All right?

16          **MR. JENSEN:**  Yeah, and I'm in complete agreement with

17  that, your Honor.

18          I think it's also -- and you've noted -- that this

19  case is actually still fairly early.  That due to the pandemic.

20  There have been multiple continuances in the case driven by the

21  pandemic.  And as you noted just yesterday, the parties

22  stipulated to another extension hoping that we can take some

23  depositions in person, principally on our side, that of

24  Mr. Lamego.  And so that also puts us nowhere near some of the

25  cases that have been discussed in the briefing of the eve of

1    trial on this cutoff of discovery.  There is -- we're just not

2    there.  There has not been a single merits deposition taken by

3    the defendant.  The only deposition taken by the defendant was

4    the deposition of Christiano Dalvy (phonetic) which was

5    directed to try and again to exclude me from the case.

6              So now with respect to the delay, the supposed delay,

7    I heard Counsel for defendants in his argument today state that

8    there was not a single document that we had identified that

9    came from the later production.  That is simply not true.

10             Our interrogatory responses, for example, to their

11   Interrogatory Number 11, that is attached to the briefing.

12   It's Document Number 134-3.  I can pick almost any page from

13   that.  I'm looking at page 76 of 86.

14             There is a whole list of documents that include, for

15   example, the patent applications which were produced on April

16   15th, 2020 which were extremely helpful in trying to understand

17   the source codes.

18             The MATLAB files were produced in May.  That was the

19   subject of a prior order.

20             In addition, Mr. Gergely said that they had checked

21   the log and that our expert, who was not approved until March

22   of 2020, had not looked at the source code computer.  Well

23   that's correct because he cannot look at the source code

24   computer because he can't get to the source code computer.  So

25   the work with Mr. McNames, which has been extensive in trying

 1   to slog through what happens in these products, was time

 2   consuming and manual and without the help of the computer from

 3   his perspective.  My team has spent hours trying to work

 4   through what that is but there are documents, contrary to the

 5   argument, that are in that thing.

 6           They, in their briefing, pointed to a patent

 7   application that is listed among a list of many documents in

 8   that interrogatory response which was a five-part interrogatory

 9   asking us to identify all the documents that we would rely on.

10   In very conservative fashion, we identified that.  But nowhere

11   has the defendant suggested -- and it does not -- and neither

12   have we -- that that document discloses the additional trade

13   secrets added.  That document informs a timeline of

14   development.  But I'm sure if that document actually disclosed

15   these additional quite narrow trade secrets we have added --

16   which were discovered during trade -- during discovery -- if

17   that document actually published those, I am quite confident

18   Defendants would have done -- would have made that showing line

19   by line in their initial brief.  They have not done so and it

20   does not disclose that stuff.  And we aren't claiming that it

21   discloses those trade secrets.  It does not get into the

22   algorithms at issue in those new trade secrets.  It simply

23   informs the timeline.

24           McNames couldn't start reviewing this stuff and

25   helping us until 2016.  And I will tell you that -- sorry --

1    until 2020, until March of 2020.

2              And in addition, the difficulty, the two-way

3    difficulty you noted also -- and this will go over to the AEO

4    issue -- we can't go back to our client and say, hey, here's

5    something we found in the source code, and that seems like

6    something that you guys were working on.  Is that -- was that a

7    trade secret?  So the lawyers are challenged, with the expert,

8    to then find documents.  And we can't just make up a trade

9    secret and carry our burden at trial.  We have to prove it is

10   the plaintiff's trade secret.  That means we have to go march

11   through documents without asking the engineers at the client,

12   hey, did you guys work on this?  Find that.  Find that with our

13   expert and identify.  And ultimately, as these cases go, the

14   team will normally then look to me to make the final call on

15   that.  I was approved in June -- the middle of June and we

16   supplemented our response two weeks later.  I think we were

17   incredibly diligent, particularly given the difficulty of

18   reviewing the code and the need for us to involve our expert

19   because we cannot involve the engineers at the client in trying

20   to identify these trade secrets.  And that flows into the AEO

21   issue.

22             There is quite a bit of detail, if we look at these

23   interrogatories -- at this interrogatory response.  And again,

24   the declarations of Chen and Diab, of course they are only

25   directed to the documents in the case because we don't believe

```
1    that we can show them the interrogatory response because it

2    identifies things that would tip them off as to what we have

3    found in the code of the defendants.  As you mentioned, this is

4    a two-way street.  These protective orders make it more

5    cumbersome for the lawyers but it also makes it more cumbersome

6    for us.  We would not have felt comfortable having Diab and

7    Chen review that interrogatory response with some added trade

8    secrets that they have no knowledge of and say, hey, guys, can

9    you write a declaration that says this is very secret of the

10   plaintiffs.  So we look to the documents that correlate to

11   those and that's all we can have them look at.  If the

12   defendants would like us to show that list to them, the two-way

13   street is -- you know, it's a two-way street.  And on the AEO

14   issue, as you mentioned, I think there is some stuff that could

15   be backed off and indeed we propose that we agree to some

16   paired down availability to try to give the defendant, Marcelo

17   Lamego, some high level ability to understand what's at issue

18   in the case.

19          I think as we briefed, they wanted it all or nothing.

20   I'm still willing to do that and still willing to take a hard

21   look at those things and try to really carefully consider what

22   could be shown to Lamego.  It's not that I'm saying I would

23   release that, just the confidential in general, but I think

24   there are things that we would be able to come up with to say

25   okay, this is things that you can show to Lamego.  And --
```

22

1          **THE COURT:**  Let me interrupt you.

2          Mr. Gergely's primary argument on the AEO designation

3    was, leaving aside what you just talked about, is that there's,

4    according to him, no evidence that the designated information

5    is likely to cause -- the disclosure of which is likely to

6    cause competitive harm.  Is there something you can point me to

7    to refute his argument?

8          **MR. JENSEN:**  So I think that the best thing on that,

9    as I mentioned, your Honor, I can't really have the client

10   review these added trade secret categories because I just don't

11   feel comfortable.  Even though it's our trade secret, it would

12   trigger the client to think, oh, here's something that's in the

13   defendant's product that the client doesn't currently

14   understand.  I think the best thing I can point you to are the

15   Chen and Diab declarations which talk about the underlying

16   documents which are related to -- those that support that those

17   things are our trade secrets.  That --

18      **(Voices overlap)**

19          **THE COURT:**  It doesn't even have to be a trade secret

20   to be AEO.  That's one ground.  It can also be highly

21   confidential or business.  But regardless of what it is, it has

22   to -- the disclosure of which has to be likely to cause

23   competitive harm.  So that's what I'm looking for.  Do I have

24   -- and I didn't see --

25          **MR. JENSEN:**  Yes.

Exhibit M
Page 229

1          **THE COURT:**  I didn't see that in --

2      **(Voices overlap)**

3          **MR. JENSEN:**  Okay, thank you, your Honor.

4          I think the place to look for that is really in our

5  Application to File Under Seal related to this motion.  It's

6  Document Number 133.  And the showing that is done there -- and

7  we go through quite a bit of things but I think related to

8  these, it is at Page 4 of 9 in the docket where we're talking

9  about the redacted portions of this joint stipulation.  And we

10  go through the various pieces because some of those are indeed

11  our interrogatory responses and that's where we make our

12  showing with respect to the competitive harm.

13          **THE COURT:**  All right.

14          **MR. JENSEN:**  Again, Document 133 --

15          **THE COURT:**  I'm looking at --

16          **MR. JENSEN:**  -- the court's docket.

17          **THE COURT:**  Is there anything --

18          **MR. JENSEN:**  I think it principally starts at Page 4,

19  yeah, Page 4 and goes on through several pages where we go

20  through what's confidential, your Honor.

21          **THE COURT:**  Understood.  And I see that and I see

22  some references to trade secrets.  Is there something that

23  talks about -- oh, I do see competitive harm.  Therefore what I

24  see is:

25          "Plaintiffs have serious concern that the public

24

1          disclosure of the information disclosed in the above-

2          identified documents creates an unnecessary risk of

3          public harm to the plaintiffs."

4          Now, that's in an argument section.  Is there

5    anything from an evidentiary section that supports that

6    particular argument?

7          **MR. JENSEN:**  I think that there is -- other than the

8    declarations we have put in, I mean, the only other thing I

9    think you could do is a declaration from the attorney because

10   we are stuck in this quandary that we can't tell the client

11   what we have put in those additional interrogatory responses.

12   I would love to show it to the client but I don't feel

13   comfortable doing that.

14         **THE COURT:**  All right.  I interrupted you; you can

15   proceed.

16      **(Pause)**

17         **MR. JENSEN:**  Oh, okay, all right.  Okay.  I was not

18   following there.

19         So I think those were my main points in response to

20   Mr. Gergely's argument, your Honor.

21         It might be -- I think they had made a claim in their

22   supplement that we hadn't cited any cases to show the timing

23   that you could make these additions.  I think I should just

24   point out a couple of things.

25         We didn't wholesale change our trade secrets.  We did

25

1   consolidate related ones.  And I think that in terms of ones

2   that I would -- as I looked through it yesterday, that I would

3   say are gone from the case, there's only two that I could

4   identify.  Many others that were related were consolidated and

5   made much more detailed.  And then there were some that were

6   added.

7            But the -- they said that there was no case.  I would

8   simply point the Court to -- if it is -- I don't think it's

9   actually relevant based upon your statement of your tentative

10  thoughts but the Nea Firmia (phonetic) case and -- from the

11  Northern District of California and Oppel Labs (phonetic) is

12  almost directly on point; it is from Oregon.  There were

13  amendments allowed without any showing of good cause.  I think

14  this would show good cause because we could not have learned

15  about this stuff without discovery.  That's why the client

16  doesn't know about it.  But there are -- those cases do -- our

17  place is even when -- even when the amendment was made in

18  response to a summary judgment motion at the end of the case

19  and even when the amendment was made at the close of discovery.

20  And in those cases, one of them they pointed out -- I think it

21  was maybe Advantay (phonetic) maybe where they said, hey, well

22  it's another day was the end of discovery.  And the magistrate

23  said, well, we're going to let the discovery proceed even

24  though it's the end of the discovery cutoff and it'll be for

25  another day whether or not the issue was actually recoverable.

EXCEPTIONAL REPORTING SERVICES, INC

26

```
 1  So there are cases that, contrary to what was said in the
 2  supplement, I think I just needed to point out that those cases
 3  -- I think Swarma Fye (phonetic), Advantay, Oppel Lab and Nia
 4  Athermia (phonetic)  -- and even Calendar Research (phonetic)
 5  talk about those kinds of amendments and the -- even 2019 has
 6  not been read, by any case I could find, to cut off amendment.
 7  It's just a discovery tool to start discovery and it's not cast
 8  in stone to never be changed in any case I could find.
 9          THE COURT:  All right.  Anything further?
10          MR. JENSEN:  Those were my only comments, your Honor,
11  in response to.  I think given your comments on the tentative,
12  I don't think I need to belabor and certainly not repeat what
13  was in my briefs.
14          THE COURT:  All right.  Let me hear again from
15  Mr. Gergely.  It's your motion, I'll let you respond.
16          MR. GERGELY:  Yeah.  I heard a couple of additional
17  excuses as to why they didn't make this disclosure earlier.
18  They said that there were some patent applications produced in
19  April of 2020.  I'm not sure what they're talking about.  If
20  these are the ones where they said that they received these in
21  August of '19 without filing receipts, I'm not sure why that
22  makes a difference.  You know, they had the information back in
23  August of '19.  I think that's what they're referring to.  I
24  don't think that these are new ones that were produced that
25  they're relying on.
```

Exhibit M
Page 233

1          The MATLABs data produced in May of 2020, they

2    haven't accused that in any of their interrogatories so that

3    seems to be a red herring.

4          I don't understand the argument with respect to

5    somehow their client needs to be involved in looking at the

6    interrogatory responses to make trade secret identifications.

7    That seems to make no sense.  That's their information.  Their

8    client can look at whatever information they want to in terms

9    of the plaintiffs' information.  It doesn't seem relevant to

10   me.

11         **THE COURT:**  He's arguing --

12         **MR. GERGELY:**  So going back --

13         **THE COURT:**  He's arguing that implicit --

14         **MR. GERGELY:**  -- to the identification --

15         **THE COURT:**  Hold -- let me just clarify and get your

16   position on it.

17         He's arguing that implicit in an interrogatory

18   response that says "here are our trade secrets that we contend

19   were stolen by your client," and to the extent some of that

20   information came from their review of discovery that's been

21   produced that was attorney's eyes only, that implicit in that

22   is a possibility that the client would infer what your client's

23   attorneys-eyes-only information is.  Now, it's a two-step

24   process but that's -- you asked -- you don't understand.  I

25   think I understand what Mr. Jensen's argument is.  Whether I

28

1    agree with it or not, I'm not sure but that's his argument, I

2    think.

3             Mr. Jensen, is that correct?

4             **MR. JENSEN:**  Yes, that's correct.  And if we obtain

5    clarity that I could show that to my client, I would show it to

6    him within 15 minutes of this hearing.

7             **MR. GERGELY:**  Your Honor, this issue goes to have

8    they met their burden with respect to establishing AEO

9    protection.  And I understand the interrogatory response is an

10   excerpt of underlying documents.  The underlying documents Chen

11   and Diab already said are confidential.  And they didn't say

12   that they are highly confidential or if those were disclosed

13   would cause competitive harm.  It seems like this is a very

14   attenuated excuse for the failure to meet that standard.

15            **THE COURT:**  All right.

16        **(Pause)**

17            You can continue, Mr. Gergely, if there's anything

18   else.

19            **MR. GERGELY:**  I think that's all I have to say on

20   that.  I mean, that --

21            **THE COURT:**  On any other topic that Mr. Jensen

22   raised.

23            **MR. GERGELY:**  No, your Honor.

24            **THE COURT:**  All right.  Well I'm going to take the

25   motion under submission.  I'm inclined to continue with the

Exhibit M
Page 235

1  tentative.  I will make a couple of comments in findings that

2  are generally applicable.  And regardless of the issue of

3  whether 29 -- or 2019.210 has been ordered to apply, I think a

4  fair reading of the scheduling order and what happened, the

5  transcript of the scheduling conferences that Judge Selna did

6  direct and anticipate an early production and disclosure of

7  trade secrets in support of the trade secret theft claim.  And

8  that's a good practice.  And even if it's not a federal

9  procedure rule under Rule 26, that's what he's done and it's a

10  good practice.  And the reason for it is stated in the

11  California and in the federal cases is the concern that a party

12  that doesn't have any trade secret at all throws out a trade

13  secret case, takes the other side's deposition and then

14  manufactures a trade secret from discovery that was already

15  taken when none existed before.  And I don't think that's the

16  concern here.  Plaintiffs did not take up Judge Selna on his

17  offer that if they felt that the initial disclosure was

18  insufficient they should raise it with him ex parte within

19  seven days.  So at least with respect to the initial

20  disclosures, I can only interpret that to mean that Defendants

21  viewed those initial disclosures as adequate to proceed, at

22  least adequate to continue to get more information.  I don't

23  think we have a situation here where it's a claim that a

24  plaintiff just genned up trade secrets out of a defendant's

25  discovery.

30

1          Now, based on what Mr. Jensen described, it is a

2   situation that once some trade secrets were identified,

3   additional violations for alleged trade secret theft

4   apparently, a factual basis for that arose during the course of

5   discovery.  And we have conflicting interests here.  In any

6   trade secret case in any situation like this, we don't

7   inoculate someone who allegedly stole trade secrets and

8   information that would support that claim only gets revealed

9   during discovery.  It doesn't mean that those potential wrongs

10   or harms are inoculated but we also need to be careful to make

11   sure that -- in Mr. Gergely's words -- I don't remember if it

12   was here today or in the briefing -- that there is no reverse

13   engineering of further trade secrets -- further trade secret

14   claims.  So we have this balancing.

15          And what I see here is a situation that the

16   plaintiffs did not walk into court with nothing to stand on,

17   waited for discovery and then genned up a trade secret case.  I

18   do understand the defense's difficulties in now having to

19   respond to new trade secret allegations but I believe that the

20   discovery cutoff alleviates a good portion of those concerns.

21   If there were other discovery-related protocols we could put in

22   place to make sure that Plaintiff gets the discovery they need

23   in a timely fashion with respect to those trade secrets, or if

24   they felt that the new disclosures were not sufficient, that

25   steps couldn't be taken to get that teed up quickly, it would

1    be a different thing.  But the relief that's sought here, I

2    don't think that this is a discovery related issue; it's a

3    trial case management issue.  It's a trial issue that Judge

4    Selna has, I think, to at least some extent, taken off what --

5    well, I should be careful in how I say it.  But I don't think

6    that I can grant the relief that Defendants seek.  Even if I

7    could, based on the totality of the circumstances, and based on

8    -- again, I'm giving some substantial weight.  If there was a

9    discovery cutoff remaining of January 22nd, I might look at

10   this differently but we now have -- Defendants have until May

11   21st to follow up with discovery on these alleged new trade

12   secrets or these new disclosures.

13          I think that on balance there is good cause for the

14   disclosure even to the extent I could reach the issue and to

15   the extent good cause is the appropriate standard.  Good cause

16   has been shown and that the harm, if any, can be alleviated by

17   further discovery which we now have another six months to

18   undertake.

19          So the first part of the motion is denied.

20          The second part, I'm going to leave a little bit open

21   and this is the part that I'm going to take under submission.

22          I'm going to direct that Mr. Jensen follow through on

23   his offer on behalf of his clients to go through those trade

24   secret disclosures, make a determination whether there can be

25   some non-attorneys-eyes-only portions of those disclosures and

1    do as much as can be done with respect to that portion to see

2    whether it can be designated at a lower designation.

3           And again, this is -- you folks are going to have to

4    work together.  There's no two ways around it.  When you have a

5    case like this with attorneys-eyes-only designations for what's

6    probably going to be very important information to both sides,

7    this is an issue that's going to constantly be boomeranging

8    back one way.  So each side needs to be careful about the

9    stridency of the position they take because they might be on

10   the other side of the same argument in a couple of weeks.

11          Work together.  Try to, as narrowly as possible,

12   designate attorneys-eyes-only information from the trade secret

13   disclosures.  And to the extent it can be -- you can do two.

14   You can do one that's written in its entirety and another one

15   that's redacted to redact attorney's eyes only but leave the

16   remainder confidential.  I don't really want to get into the

17   details because I don't know what's -- what high level of

18   confidentiality, what high level of competitive harm these

19   different things may cause.  But I'm going to direct that

20   Mr. Jensen, who's offered it, I'm going to direct him to take

21   him up on that and to serve a revised trade secret disclosure

22   interrogatory -- amended trade secret disclosure interrogatory

23   response that the other one can stand as AEO but this new one

24   will redact AEO information and either be designated as

25   confidential or no designation at all.

1          Do you understand that, Mr. Jensen?

2          **MR. JENSEN:**  I do, your Honor.  And I welcome the --

3    taking me up on my offer.

4          I would like, if there was a friendly amendment, that

5    I could talk with Opposing Counsel about potentially because I

6    think it would allow me to do more if I could -- but this is

7    going to take his agreement, obviously, but there are things

8    that I could show to Lamego, in addition to the lawyers, as

9    opposed to simply removing if it's confidential.  I can do it

10   either way; I just think it might get more but --

11         **(Voices overlap)**

12         **THE COURT:**  I'm going to make my order and then the

13   parties are free to stipulate to amend the order or to seek to

14   amend the order.  We're coming up on holidays.  I'd like to not

15   have this lingering too long.

16         Tell me what your proposal is, Mr. Jensen?

17         **MR. JENSEN:**  Well, so I think your order will work

18   fine.  And I will -- I will work with Opposing Counsel on some

19   potential way to maybe even get them more but I think your

20   order will work fine.

21         **THE COURT:**  All right.  And in terms of a time frame,

22   one week?

23         **MR. JENSEN:**  Yes, seven days would be great.

24         **THE COURT:**  All right.  Mr. Gergely, I know you don't

25   agree with my order but is one week -- is there any reason why

34

1    it would need to be sooner from your client's perspective?

2             MR. GERGELY:  No, your Honor, I think seven days is

3    fine.

4             Just one inquiry with respect to the first issue that

5    you decided.  Is that without prejudice given your questions

6    about authority?

7             THE COURT:  Oh, you can bring this to Judge Selna's

8    attention.  You can bring this to my attention to the extent

9    it's -- well, I guess Judge Selna said that if you're

10   questioning this, whether the adequacy of the disclosure is

11   sufficient, that's supposed to go to him.  I was going to say

12   this all leaves open the issue of what -- you know, you had an

13   alternative argument that the amended disclosures are too

14   open-ended.  You cited -- and I'm blanking on the case -- but

15   it's a case that Judge Selna and I worked on together about

16   insufficient 2019-210 disclosures.

17            But again, I read his language that both sides have

18   cited to me that he's sort of taken over the field on that

19   issue.  So the short answer to your question is of course it's

20   without prejudice.  Frankly everything I do is without

21   prejudice to Judge Selna taking a different view of it.

22            MR. GERGELY:  Right.  Well, what I understood it was,

23   this isn't going to follow the traditional report and

24   recommendation route where I would then appeal that up to Judge

25   Selna.  If I decided that I wanted to challenge Plaintiffs'

35

1    practice with respect to changing their trade secrets late, I

2    would bring that to Judge Selna in the first instance.

3            **THE COURT:**  So again, I want to be careful.

4            You could do it by way of objection to my order,

5    okay.  The objection would then be Judge Selna will say, no,

6    no, I think Judge Early has authority to do that and then we

7    throw back into the court here.  But that's why I'm also saying

8    as an alternative, were I to have authority, I'm finding that

9    there is sufficient cause for the -- I don't want to use the

10   term "late" -- there's sufficient cause for the timing of the

11   amended disclosure here.

12           So you could do it as an objection to my order or you

13   could do it as I am saying with respect to the first ground

14   that's without prejudice to you taking it to Judge Selna

15   directly.  Does that make sense?  I'm not telling you what you

16   should do; I'm just telling you that I don't think that I have

17   the authority but if I do, this is my finding and then I'll

18   leave it up to you to what the appropriate way to revisit that

19   with Judge Selna if you choose to do so.

20           **MR. GERGELY:**  I understand, thank you.

21           **THE COURT:**  All right.  So I'm going to order

22   Plaintiffs within seven days to serve an amended disclosure but

23   only amended it as to what a lower designation, if any, of

24   portions of the disclosure lower than attorney's eyes only

25   within seven days.

**EXCEPTIONAL REPORTING SERVICES, INC**

36

1          And then if the parties want to continue to dispute

2    the adequacy of that disclosure, it can be presented to me just

3    by way of a joint filing and request a ruling with respect to

4    the amended disclosure.

5          And should the parties have some other alternative

6    way of attempting to resolve that issue, they're certainly free

7    to and within seven days can file a joint statement that the

8    issue's been resolved on another basis.

9          All right?

10          **MR. GERGELY:**  Thank you, your Honor.

11          **THE COURT:**  All right.  So from Plaintiffs'

12    standpoint, recognizing that you don't agree with the order, is

13    there anything further?

14          **MR. JENSEN:**  From Plaintiff --

15          **THE COURT:**  I'm sorry, from Defendant's standpoint,

16    from Defendant's standpoint.

17          **MR. GERGELY:**  No, nothing further, thank you, your

18    Honor.

19          **THE COURT:**  And from Plaintiff's standpoint?

20          **MR. JENSEN:**  Nothing further, your Honor.

21          **THE COURT:**  All right. Thank you.  We are in recess.

22        **(Proceeding adjourned)**

23

24

25

Exhibit M
Page 243

37

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    **December 16, 2020**

        Signed                                                Dated

*TONI HUDSON, TRANSCRIBER*

Exhibit M
Page 244

# Exhibit N

**Order Entered on**
September 12, 2017
**by Clerk U.S. Bankruptcy Court
Southern District of California**

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>SOTERA WIRELESS, INC., | BANKRUPTCY NO.   16-05968-LT11<br><br>(Substantively Consolidated) |
| SOTERA WIRELESS, INC.<br>    CASE NO. 16-06968-LT11<br><br>SOTERA RESEARCH, INC.<br>    CASE NO. 16-05969-LT11<br><br>Debtors. | Date of Hearing:   n/a<br>Time of Hearing:   n/a<br> Name of Judge:   Laura S. Taylor |

**SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through seventeen (17).

DATED:   September 12, 2017

Judge, United States Bankruptcy Court

Page 2  | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re Sotera Wireless, Inc.                                              Case No. 16-05968-LT11

Masimo asks the Court to seal various trial documents and redact information in others. Masimo's redactions are simultaneously overbroad and not broad enough.  It appears that Masimo approached sealing in a haphazard fashion; it failed to account for its own public disclosures and did not adequately consider the Court's previous rulings on the matter.

**First, we review the relevant legal standard.**

Section 107(a) "establishes a general right of public access to bankruptcy filings."  *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011).  With only two exceptions, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).  The two exceptions "are construed narrowly and do not affect [the] analysis regarding the public confidence fostered by the otherwise broad scope of § 107."  *In re Crawford*, 194 F.3d 954, 960 n.8 (9th Cir. 1999).

To invoke § 107(b) and its two exceptions, what must a party show?  The party seeking to invoke § 107(b) bears the burden of showing that the information falls within one of the exceptions.  *In re Dreier LLP*, 485 B.R. 821, 822–23 (Bankr. S.D.N.Y. 2013).  That party must present evidence; mere assertion of a desire for sealing is not enough.  *In re Motors Liquidation Co.*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016) ("Evidence—not just argument—is required to support the extraordinary remedy of sealing.").

What then?  Once a party shows that information falls within one of the exceptions, however, § 107(b) "[makes] it mandatory for a [bankruptcy] court to protect documents falling into one of the enumerated exceptions."  *In re Khan*, BAP No. CC-13-1297-DPaTa, 2013 WL 6645436, at *3 (B.A.P. 9th Cir. Dec. 17, 2013) (quotation marks omitted).

In this case, only one exception is relevant.  Section 107(b) directs the Court to "protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."  11 U.S.C. § 107(b)(1).  "The 'commercial information' exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake."  *In re Motors Liquidation Co.,* 561 B.R. at 43 (internal quotation marks omitted).  Commercial information includes only information that would "afford an unfair advantage to competitors by providing them information as to the commercial operations of the debtor."  *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

In other orders and in its memorandum decision, the Court extensively discussed its conclusions (as reached in the context of this case and the Masimo / Sotera litigation) regarding what is and is not a trade secret.  In broad summary, it found that Masimo was incorrect in many of its trade secret related assertions.

**Second, we consider whether Masimo's evidence is sufficient.**

Masimo's evidence is lacking.  In the last order on sealing, the Court admonished Masimo that it had the burden to present evidence supporting its sealing requests.  Dkt. # 962 at 3 ("Masimo, who again bears the burden, presented no evidence when it initially filed its post-trial sealing

Page 3   | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                          Case No. 16-05968-LT11

requests. . . . It, thus, failed to show that the information was a trade secret or confidential research, development, or commercial information."). It also told Masimo what type of evidence it expected. *Id.* at 7–8.

Masimo provided two declarations in support of its present motion; one from Bilal Muhsin and another from Matt Anacone. Sotera argued and demonstrated that the declarations are unreliable. The Court agrees. To substantiate this, the Court looks at each declaration.

### Mr. Anacone's declaration

Masimo supports several of its proposed redactions with Mr. Anacone's declaration.

*Masimo's customers or potential customers*

One type of redactions is to customer names. In his declaration, Mr. Anacone states:

> Masimo redacted the names of Masimo's customers or potential customers. . . . The identity of Masimo's customers is generally confidential. While the identity of some customers has been published (*e.g.*, in press releases from Masimo or the hospital), those publications do not generally contain additional details about the customer . . . .

Dkt. # 1001-1 at ¶ 3.

As a general point, all of the proposed redactions to customer names are suspect because Mr. Anacone does not provide the identities of the customers that *have been published* in press releases. Put differently, Masimo has apparently put little to no effort into its attempt to sidestep the general right of public access to bankruptcy filings. In any event, this Court's docket contradicts Masimo's point. And the Court recognizes Masimo's point that other public disclosures of customer names do not include additional details, but perhaps Masimo could have better effectuated its intent by redacting those additional details instead of the names; but it did not. Instead, it opted to redact the names of publicly known clients.

Exhibit N to Masimo's motion is its redactions to its proposed findings of fact, Dkt. # 782.

- At paragraph 57, Masimo proposes redacting "McLaren Health Care Corporation" in paragraph 5. But Masimo did not redact or propose redactions to "McLaren Health Care Corporation" in the admitted exhibit list. *See* Dkt. # 884 at 3.

- In paragraph 57, Masimo proposes redacting the "St. Joseph" in "Copy of St. Joseph's Deal Sheet 072012.xlsx." But it did not redact or propose redactions to this description in the admitted exhibit list: "Spreadsheet Re: St. Joseph's Hospital Health Center Deal Sheet Revision 1.1 (Oct. 25, 2011) [Copy of St. Joseph's Deal Sheet 072012.xlsx]." *Id.* at 6.

Page 4  | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                          Case No. 16-05968-LT11

- In paragraph 60, Masimo proposes redacting the bracketed text in this filename: " '[Wilson] PSN Quote Tool 092911.xls' (September 12, 2012)[.]" In the admitted exhibit list, the following text appears: "Spreadsheet Re: Masimo Estimated PSN Quote [Wilson PSN Quote Tool 092911.xls]."

Masimo proposes redacting a number of customers names at Exhibit I, the Joint Exhibit List, Dkt. # 616. More specifically, Masimo proposes redacting names in various exhibit descriptions. For present purposes, the Court approaches them through three categories: exhibits that appear on the admitted exhibit list; redactions to names that also appear on the admitted exhibit list; and redactions to names that appear elsewhere.

First, the following exhibits appear on the admitted exhibit list, Dkt. # 884, in unredacted form: 59, 60, 61, 62, 255, 412, 448, 463, 604, 782, 784, 1901, 1956, 2062, and 2063. There is thus no reason why they should be redacted on the Joint Exhibit List. The Court **denies** the requests.

Second, that some exhibit titles exist in unredacted form also has a collateral effect on some of Masimo's other proposed redactions.

- Exhibits 59, 60, and 61, which are on the admitted exhibit list, are a three exhibit run with names and hospitals: Gail Mutchler, MD (Riverside Methodist Hospital); Sharon Neenan (Riverside Hospital); and Ken Burkholder (Ohio Health – Riverside). This three-exhibit run recurs throughout the Joint Exhibit List three times at exhibits: 758–760; 873–875; and 1457–1459. Putting aside the inefficiency of including the same exhibits four times, each time, Masimo proposes redacting the names and hospitals. Related, Masimo also proposes redacting: "Ken Burkholder (Ohio Health)" at 43 and 416; "Ken Burkholder" at 780; "Sharon Neenan" at 414; "Gail Mutchler MD (Riverside Methodist Hospital) at 415; and "Ohio Health" at 1845. The Court **denies** the requests because they duplicate information already available on the docket.

- Exhibit 255, on the admitted exhibit list, is titled: "Masimo SafetyNet Quotation Re: McLaren Health Care Corporation." Exhibit 448, also on the list, is titled: "7/23/2012 Email from David Hunt to David Hunt Re: McLaren Health Care Corporation Quotation, and attachment." Both appear on the admitted list. And yet Masimo proposes redacting the name "McLaren Health Care Corporation" at exhibit 906. The Court **denies** that request.

- Exhibit 782, on the list, refers to "Holland Hospital." Despite this, Masimo proposes redacting "Holland Hospital" at exhibit 803 and 1973. The Court **denies** this request.

- Exhibit 784, again on the admitted exhibit list, contains "St. Joseph's." Still, Masimo proposes redacting "St. Joseph" or a variant at exhibit 259. The Court **denies** this request.

- Exhibit 1956, on the list, refers to "Mayo." Despite this, Masimo proposes redacting "Mayo" at exhibits: 95, 364, 365, 504, 505, 506, 507, 508, 827, 1481, 1544, 1555, 1767, 1964, 2079, and 2080. The Court **denies** this request.

Page 5  | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                          Case No. 16-05968-LT11

- Exhibit 1901, which, as expected, is on the admitted exhibit list, contains "St Lukes Episcopal TX." Yet Masimo proposes redacting a variant of "St. Luke's" at exhibits: 490, 1925, 1926, 1948, 1949, 1950, 1954, 1955 and 2085. The Court **denies** this request.

- Exhibits 2062 and 2063, on the admitted exhibit list, both refer to "Baylor Health Care System." Nevertheless, Masimo proposes redacting "Baylor" at exhibits 1593 and 2093. The Court **denies** this request.

- Masimo proposes redacting "David Hargraves" at exhibit 2089; but "David Hargraves" was discussed extensively at trial and his name appears unredacted on the admitted exhibit list at exhibits: 1624, 1625, 1685, 1687, 4168, and 4265. The Court **denies** this request.

Third, there are redactions to names that do not otherwise appear on the admitted exhibit list but are disclosed elsewhere.

- Masimo proposes redacting "Grace" at exhibit 801. But it did not propose redacting "Grace" at exhibits 2207 or 2315. The Court **denies** the request.

- Masimo proposes redacting "Dubois Regional Med Center" at exhibit 806, which is titled "Executive Summary – Dubois Regional Med Center." But it did not propose redacting "Dubois Regional Med Center" at exhibit 256 ("Document Re: Executive Summary – Dubois Regional Med Center"), 417 ("Masimo Executive Summary – Dubois Regional Med Center"), 433 ("Masimo Executive Summary – Dubois Regional Med Center"), or 915 ("Executive Summary – Dubois Regional Med Center"). Because the exact same text appears elsewhere, the Court **denies** the request

- Masimo proposes redacting "Freeman Health Systems" at exhibits 1302 ("BK Account Plan Freeman Health Systems") and 1307 ("BK Account Plan Freeman Health Systems"). But it did not propose redacting the exact same text at exhibit 1246 ("BK Account Plan Freeman Health System"). The Court **denies** the request.

- During trial, Mr. Kiani testified that Masimo had converted entire hospitals to Patient SafetyNet. Dkt. # 814, Trial Tr. 1731:5–12 (listing Northwestern, Cedars-Sinai, and the Mayo Clinic). Masimo did not propose redacting these names in the trial transcript. And yet Masimo now proposes redacting: Cedars-Sinai at exhibits 1561 and 2065; Northwestern at 1344, 1887, 2081, 2082, 2083, and 2084; and Mayo as discussed above. The Court **denies** the request.

- At exhibit 2069, Masimo proposes redacting "Learning Lab" from "Learning Lab Subscriptions and Research Agreement." But Masimo does not propose redacting "John Hopkins Medicine Learning Lab, Research Design Proposal" at exhibits 1915 and 1916. There are two possibilities. First, the "Learning Lab" from exhibit 2069 is Johns Hopkins Medicine's learning lab. In that case, Masimo did not uniformly redact the information. Second, the "Learning Lab" from exhibit 2069 is not connected with Johns Hopkins. In

Page 6  | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                                                 Case No. 16-05968-LT11

that case, "Learning Lab" is not a specific enough term to identify Masimo's client. Accordingly, the Court **denies** the request.

- Masimo proposes redacting various names associated with Dartmouth-Hitchcock at exhibits 2064, 2066, 2067, 2072, 2073, 2074, 2075, 2076, and 2077. But Masimo's relationship with the Dartmouth-Hitchcock hospital network is not confidential. *See, e.g.*, Mem. Dec. ¶ 368; Dkt. # 798, Trial Tr. 1325:14 (Dartmouth Hitchcock Hospital). The Court **denies** this request.

- Masimo proposes redacting "Johns Hopkins" from exhibits 2070 and 2071. But the fact that Johns Hopkins is involved with Masimo is not confidential or a secret. The *Horizons* article discusses Masimo's study at the John Hopkins Hospital. *See, e.g.*, Mem. Dec. at ¶ 341. The Court **denies** this request.

- Masimo proposes redacting "St. Joseph Mercy Oakland" from exhibits 451, 453, 457, 458, 459, 797, 798. But these exhibits refer to *Sotera* providing St. Joseph Mercy Oakland with a quote; and Sotera does not ask that these be redacted. On one hand, the Court determined that Hunt used Masimo's Customer Trade Secrets in selling to hospitals. And St. Joseph Mercy Oakland was one of Hunt's sales. On the other hand, Masimo did not propose redacting the following exchange from Hunt's deposition designation:

| | |
|---|---|
| Q | To how many customers have you sold the ViSi Mobile product? |
| A | Personally five. |
| Q | Who are those five? |
| A | Wright-Patterson Air Force Base, Carle Hospital, C-a-r-l-e, Carle Foundation Hospital, Presence St. Joseph, St. Joe Mercy Oakland, and Cleveland Clinic. |

Dkt. # 1001-3 at 663. Accordingly, the Court **denies** the request.

These are not all of Masimo's proposed redactions to Exhibit I; these are simply the ones that are either contradicted by Masimo's own papers or that anyone with a familiarity with this case would realize are not private. The Court will note the outstanding requests below.

### The number of hospitals Masimo has pursued

Elsewhere, Mr. Anacone discusses Masimo's proposed redactions to the number of hospitals it pursued as potential customers and those that either installed or agreed to install Masimo Patient SafetyNet. Dkt. #1001-1 at ¶ 7. He continues:

Masimo also redacted its estimate for the time a company like Sotera would have needed its sales or account managers to spend to develop the information on those hospitals contained in Masimo's trade secret documents. Masimo's estimate is based on its own internal and confidential activities. Thus, these numbers are generally confidential and their disclosure would reveal Masimo's market

Page 7 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                         Case No. 16-05968-LT11

position and sales strategy.  To the best of my knowledge, this confidential information has not been publically disclosed.

*Id.*

As Sotera points out, all of this information has been or will be publicly disclosed because Masimo did not propose corresponding redactions to the trial transcript.  At Trial Tr. 749:25–750:9, Dr. Mangum testifies that there were 1,075 hospitals on the customer list, with 170 on the install list and 905 on the pipeline reports, and that it would have taken 32 hours per hospital to develop that information.  Dkt. # 683, Trial Tr. 749:25–750:9.  *See also* Dkt. # 812, Trial Tr. 474:20–22 ("A really conservative number, really conservative number would be 32 hours. That's a very conservative number.").  As if the failure to comprehensively redact the trial transcripts was not enough, Masimo also failed to propose redacting the 32 hour number in the exhibits attached to its own motion.  *See* Dkt. # 1001-3 at 182:22–23 ("For each Installed and Pipeline hospital, [Dr. Mangum] assumes that Sotera would require 32 hours to collect the trade secret information.").  That number is now public; Masimo made it public.  In short, although Mr. Anacone's statement does not technically appear to be incorrect on this point, Masimo has either disclosed or allowed to be disclosed the information that it wants redacted.

**Mr. Muhsin's declaration**

Masimo provides Mr. Muhsin's declaration to support its motion.  But Sotera impeaches Mr. Muhsin on an important point: the extent to which Mr. Muhsin verified that allegedly confidential information has not been publicly disclosed.  The Court considers three examples.

*Masimo's acquisition of Vital Insite*

The first example involves Masimo's acquisition of Vital Insite.  In his declaration, Mr. Muhsin states:

> Masimo redacted confidential information about its acquisition of Vital Insite, including purchase price and acquisition strategy.  To the best of my knowledge, this confidential information has not been publicly disclosed.  The disclosure of this confidential information would harm Masimo because it would reveal to competitors Masimo's technical and product priorities as well as product development and acquisition strategies.

Dkt. # 1001-2 at 4.  Masimo thus proposes redacting the following bracketed text in Dr. Mangum's expert witness statement: "While the acquisition included other intellectual property that Vital Insite owned, I am informed that [Masimo's interest was in Vital Insite's cNIBP technology and could only acquire that by acquiring Vital Insite's entire IP portfolio.]"

Sotera impeaches Mr. Muhsin.  Sotera submits a copy of a December 10, 1999 press release from Masimo.  Dkt. # 1020-1.  In it, Masimo announces that it acquired Vital Insite and that it was interested in Vital Insite's cNIBP technology.  Indeed, the press release includes quotations from Mr. Kiani stating: "We were interested in Vital Insite's Sonic Vibration

Page 8   | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                                Case No. 16-05968-LT11

Technology(TM) . . . . We feel that by combining Sonic Vibration Technology with Signal Extraction Technology, we should be able provide [sic] a reliable CNIBP product to the market soon." *Id.* at 5.

The Court thus finds that Masimo did, indeed, publicly reveal to competitors its technical and product priorities and product development and acquisition strategies. Mr. Muhsin's declaration to the contrary is not believable.

### *Masimo's settlement with Nellcor*

The second example involves Masimo's settlement with Nellcor. Mr. Muhsin also states that Masimo redacted "information from its confidential settlement agreement with Nellcor." Dkt. # 1001-2 at 4. He continues: "The agreement provides for the confidentiality of its terms, including the royalty rates and royalty payments made under the agreement. To the best of my knowledge, this confidential information has not been publicly disclosed." *Id.*

Sotera impeaches Mr. Muhsin again. It points to Trial Exhibit 831, a January 31, 2011 Masimo Corporation 8-K SEC filing. At paragraph 5.1, Masimo publicly discloses that, *inter alia*: "Nellcor agrees to pay Masimo Corp. a 13% running royalty;" "[e]ffective March 15, 2011, the running royalty shall be reduced to 7.75%, provided, however, that the running royalty shall increase from 7.75% to 11.75%" if a condition is met; and "Nellcor will pay an advance royalty of $66,230,000 on or before January 19, 2006[.]"

True, the proposed redacted numbers are not the same as in the 8-K SEC filing, but that is beside the relevant point: Mr. Muhsin's statement that the royalty rates and royalty payments have not been publicly disclosed is not believable; they were.

### *Mr. Muhsin's Expert Witness Statement*

Masimo proposes redacting portions of Mr. Muhsin's Expert Witness Statement at paragraphs 47–49 and 51. In its brief, Masimo argues that the statement "includes details about Masimo's internal operations, including [Muhsin's] experience with Masimo customers and how Masimo's customers responded to different approaches." Dkt. # 1001 at 9. It continues: "His statement also describes Masimo's confidential knowledge, processes, and product configurations. Disclosure of this confidential information would harm Masimo because it explains what is needed for a successful implementation." *Id.* (citations omitted).

Mr. Muhsin's declaration tracks the argument. He explains that his statement related to his interactions with hospitals and care locations. Dkt. # 1001-2 at ¶ 4. He then declares:

> I describe Masimo's process for making recommendations to hospitals, and the analysis that goes into those recommendations. I also describe how Masimo's customers respond to different sales strategies. Masimo considers these procedures and approaches for making recommendations to hospitals to be confidential information. To the best of my knowledge, this confidential information has not been publicly disclosed.

Page 9  | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                             Case No. 16-05968-LT11

*Id.* Now, consider the proposed redactions. At paragraph 47 of the witness statement, Masimo proposes redacting: "Masimo developed effective analytics of that care location's alarm experience and regarding how different alarm strategies would affect alarms and patient care." Next, Masimo proposes redacting the entirety of paragraphs 48–49. Paragraph 48 goes into some depth about customized alarm analytics but still only discusses the process at a generic level. Paragraph 49 appears to go into even more depth but simply repeats a surface-level repetition of some of the alleged trade secrets in this case (collecting data from hospitals, using a dual-band wireless infrastructure, and customizing the analytics to the care location). Paragraph 50 is, similarly, a surface-level repetition of the alleged trade secrets.

The Court struggles to understand why Masimo thinks that this latter information needs to be redacted; Masimo sued Sotera for allegedly appropriating these alleged trade secrets. And anyone with even a passing familiarity with this case or, more importantly, who had read any of the Court's post-trial orders, would know the Court's opinion on whether the former information (i.e., customized alarm analytics) is a trade secret or confidential. It is not. Given the Court's previous ruling that customized alarm analytics is not a trade secret, confidential, or proprietary, these proposed redactions border on the frivolous.

Sotera goes a step further and argues that Masimo's redactions are inappropriate for an additional reason: Masimo did not seek to redact any discussion of this information from the trial transcript. And, in fact, Masimo did not.

In any event, what this does is underscore that Masimo put little effort into tailoring its redactions to the findings in this case. Or, for that matter, the broader reality that Masimo published the *Horizons* article and disclosed to the world its version of customized alarm analytics. Perhaps more importantly, this undercuts the credibility of Mr. Muhsin's declaration.

**A review of Masimo's other sealing requests does not suggest a different result.**

As discussed below, the Court will deny Masimo's present request and provide Masimo yet another opportunity to submit an appropriate sealing request. Nevertheless, the Court also provides Masimo the benefit of the Court's rulings on Masimo's proposed redactions in the following four exhibits.

*Exhibit B: Dkt. # 575, Muhsin Expert Witness Statement*

The Court's analysis above disposes of all of Masimo's proposed redactions to Muhsin's expert witness statement.

The Court directs the Clerk of Court to unseal Dkt. # 575.

*Exhibit C: Dkt. # 576, Walbrink Expert Witness Statement*

Masimo suggests redactions to numbers showing "Masimo's Rainbow Acoustic Monitoring settings in a particular implementation." In his declaration, Mr. Muhsin states:

Page 10 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                    Case No. 16-05968-LT11

> The Walbrink Expert Witness Statement contains a discussion of Masimo's Rainbow Acoustic Monitoring settings that were prepared for use in a particular implementation.  *See* Dkt. No. 576 at 32-33.  Masimo redacted the specific settings used in that implementation.  Masimo also redacted a photograph that also showed the specific settings.  Those settings were for a specific implementation and are not generally known.

Dkt. # 1001-2 ¶ 3.  He then suggests: "Disclosure of this information would harm Masimo because it would provide a competitor with a competitive advantage in determining their own settings."  *Id.*  These descriptions differ somewhat from Walbrink's witness statement.  In it, he describes the documents as Masimo "files including a description of 'How RAM detects and measures Respiratory Rate' . . . ."  Dkt. # 576 at 32.  He explains that the last page "of those documents shows a table with a column for 'Alarms Hi/Lo.' "  *Id.*  The picture "captures the same table."  *Id.*

The redactions at paragraphs 82 and 83 on page 32 are about respiration rate numbers.  Specifically, at paragraph 82 Masimo wants to redact that the "Hi/Lo" values were 30 and 4 (i.e., a high respiration rate threshold of 30 breaths per minute and a low respiration rate threshold of 4 breaths per minute).  The redaction at page 33 is the picture of the table providing these values.

The Court struggles with Masimo's redaction request.

First, that Masimo considered lowering the respiration rate to four breaths per minute is no longer confidential or a trade secret.  *See* Mem. Dec. ¶ 220.  So that Masimo has documents referring to a four breath per minute threshold is neither confidential nor a trade secret.  Next, Masimo has never argued that the *high* respiration rate threshold is confidential information or a trade secret; it argued that the *low* respiration rate threshold was a trade secret.  So at best, only the low threshold should be redacted, but Masimo suggests redacting both.

Second, if Mr. Muhsin's trial testimony is to be believed, Masimo, after running a study, decided not to adopt the fourth breaths per minute threshold.  *See* Mem. Dec. ¶¶ 218–22.

Third, the Court questions that these numbers come from a "specific implementation."  To provide some context, the Court has reviewed the exhibits that Walbrink refers to—they are in evidence.  It appears that Masimo developed a script for presentations or a recorded video presentation about its Rainbow Respiratory Acoustic Monitoring device.  For instance, exhibit 398 appears to be the script that Mr. Welch used for an April 7, 2011 presentation or video on the subject.  Part way through it, the following language appears: "We will first review the settings available in the Rad87 and then recommend settings for various clinical scenarios."  Ex. 398 at 3.  Later, the presentation reads, "Here is a useful table of Masimo RAM settings:" followed by the tabular information that Masimo wants redacted.  *Id.* at 4.

Fourth, in any event, the Court discussed, in its memorandum decision, whether setting the lower respiratory rate for an alarm monitor at four breaths per minute was a trade secret:

Page 11 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)

In re SOTERA WIRELESS, INC.                                                Case No. 16-05968-LT11

---

Like every patient monitoring company, Masimo's lower and upper limits for all of the vital signs it monitors, including respiratory rate, are published in its user's manuals.  Dkt. # 798; Test. J. Welch at 1367:23–1366:6.  Masimo must publish its alarm limits in its user manuals pursuant to FDA regulations.  Dkt. # 736; Ex. D (Jansen Depo. Test.) at 182:6–19.

*Id.* ¶ 223.  The Court continued:

The Court finds that there is a small possibility that there was some element of relevant trade secret in connection with Masimo's analysis of lower limits for respiratory rate when Mr. Welch left Masimo.  The limit was not then established, and the user manual establishing it was not yet published.

*Id.* ¶ 225.

There are a few possibilities.

- If the table reproduces Masimo's alarm limits for the respiratory rate vital sign, then that information is publicly available in its user manual.  But the table suggests a four breath per minute lower threshold, which Masimo did not adopt.
- If the table reproduces alarm limits that Masimo never adopted, then Masimo's competitors would not achieve a competitive advantage by using it.  True, Muhsin suggests a competitor could use the information to set its own settings.  But that Masimo is required to disclose its alarm limits in its manuals negates any competitive advantage: a competitor does not need to look at this Court's docket, it just needs to look at Masimo's user manuals.  If Masimo is concerned that the sheer fact that it considered and rejected a four breath per minute lower limit would afford competitors an advantage, then the Court's memorandum decision has already disclosed that.

In any event, the Court concludes that this information is neither a trade secret or confidential research, development, or commercial information.  Accordingly, it **denies** the request.

The Court directs the Clerk of Court to unseal Dkt. # 576.

*Exhibit N: Dkt. # 782, Masimo Proposed Findings of Fact*

The Court's analysis above disposes of all of Masimo's proposed redactions to Masimo's proposed findings of fact.

The Court directs the Clerk of Court to unseal Dkt. # 782.

*Exhibit Q: Trial Transcripts*

*Dkt. # 669: April 3, 2017.*

Page 12 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                         Case No. 16-05968-LT11

Masimo redacts the entirety of 186:21–189:10.  This is not the first time Masimo has done so.  The Court addressed this in its tentative ruling:

> This is Mr. Kiani's testimony, on cross examination, about Masimo's negotiations with UPMC.  Sotera argues that the negotiations are four years old and may not reflect the eventual deal.  That said, Sotera concedes that some of the information should be redacted: the proposed amount of Masimo's contribution and, if it is not disclosed in public financial statements, Masimo's margin on its capital equipment.  The Court concludes that this testimony refers to Masimo's confidential negotiations with a prospective, now actual, client.  It also includes some details about the eventual deal.  Accordingly, the Court will likely grant this redaction request subject to the requirement of declaratory evidence that it has not been publically disclosed in financial statements or otherwise.

Dkt. # 962 at 8.  In its motion, Masimo suggests that Mr. Anacone's declaration at paragraphs 4 and 5 address this.  But paragraph 4 does not refer to Trial Tr. 186–189; only paragraph 5 does.  In it, Mr. Anacone states that Masimo redacted confidential terms from actual and expected agreements including sensor sales volume, net sensor prices, Masimo's margin, and other confidential terms.  These terms, he asserts, are generally confidential: "To the best of my knowledge, this confidential information has not been publically disclosed."  Dkt. # 1001-1 at 4.  Mr. Anacone does not, however, explain what type of search he performed to determine if the information had not been publically disclosed; for instance, he fails to indicate if he searched Masimo's financial statements.

In any event, the proposed redactions go beyond just volume, prices, margin, and other terms.  As Sotera accurately points out, the redactions are overbroad.  Masimo should have tailored its redactions; it did not.  The Court could deny this redaction request in its entirety.  That said, the Court **grants** the request in part.  Masimo may redact the numbers at 187:10, 189:8, 189:9, and 189:10.

Accordingly, the Court leaves Dkt. # 669 under seal and **directs** Masimo to arrange for the filing of a redacted version of the transcript with the court reporter.

*Dkt. # 670, April 4, 2017.*

Masimo proposes redactions at 288:25–289:3; there, Mr. Muhsin states that Jim Welch, himself, and a team of engineers worked on customized alarm analytics.  The Court cannot fathom how this is confidential.  Masimo submitted Mr. Muhsin as an expert witness on alarm analytics; Mr. Welch has deep expertise in the field, as well.  So that Mr. Welch and Mr. Muhsin worked on alarm analytics at Masimo is not a trade secret or confidential.  Also, as Sotera points out, Mr. Muhsin discusses the exact same information at 282, which Masimo does not propose redacting.

At 292:20–293:2, Masimo proposes redactions to a generic description of how it presents a tool to hospitals.  That a sales person would "walk in and present" to a hospital, and then "talk about it in terms of introducing what we are going to do[,]" and then "have follow-on conference calls

Page 13 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                        Case No. 16-05968-LT11

and discuss this with their clinicians" is not confidential.  On the contrary, it is a description of
the travelling salesperson at the most mundane.

At 295:2–296:8, Masimo proposes redactions to a list of locations where it gathered data and
then the technical details about how it gathered data.  Masimo's redactions are indiscriminate.
For instance, the Court is familiar with and has already determined that Masimo's *publishing* the
results of its gathering data from Dartmouth is not confidential or a trade secret.  And yet
Masimo still redacts Dartmouth.  Masimo next suggests redacting that they connected hospital
devices to a Masimo server and then "pull[ed]" data from the hospital to Masimo's servers for
further analysis.  But it then does not redact this exact same information, in shorter form, at
296:25–297:3.

At 298:2–12, Masimo redacts Mr. Muhsin's description of Exhibit 1901, a report Masimo
created for St. Lukes.  The Court has already determined that redacting "St. Lukes" is not
appropriate.  Mr. Muhsin generally justifies this proposed redaction with: "Masimo redacted
information relating to its internal commercial operations and specific details such as the tools
used, individuals involved, customers involved, the scope of data gathered, and Masimo's
reasons for using specific approaches."  Dkt. # 1001-1 at ¶ 11.  The only specific information in
the redacted text is that the data comes from the 18th floor, that there were 33 instruments, and
that monitoring was run for 12 days.  But Mr. Muhsin's testimony does not describe the results
of the data collection or Masimo's recommendation to St. Lukes.  The Court concludes that,
absent that information, the parameters of the data collection does not fall within any exception
to § 107.

At 301:13–303:24, Masimo redacts Mr. Muhsin's description of Exhibit 2331.  As Mr. Muhsin
explains, the exhibit is an internal presentation about alarm management.  Given the Court's
earlier determinations—that customized alarm analytics is not a trade secret or confidential and
that Masimo did not redact Mr. Muhsin's earlier description of the Masimo "cloud"—the Court
sees nothing unique in this section of redacted text.

At 399:6–400:11, Masimo redacts sections of Mr. Muhsin's deposition transcript that Sotera
used at trial.  It involves Sotera's counsel asking Mr. Muhsin if he can list hospitals, other than St.
Lukes, that Masimo provided customized alarm analytics to.  The specific hospitals that Mr.
Muhsin recalls are Baylor and Cedars Sinai.  Above, the Court denied the request to redact St.
Lukes, Baylor, and Cedars Sinai in the exhibit list.  The Court also denied requests to redact a
description of customized alarm analytics.  Accordingly, the Court denies the requests here.

At 411:3–20, Masimo redacts Mr. Muhsin's testimony about why Masimo chose not to include
customized analytics in the Patient SafetyNet product, and instead offers the analytics to
customers apart from the product.  Sotera suggests that Mr. Muhsin's explanation makes no
sense.  The Court agrees in part and disagrees in part.  Mr. Muhsin was not particularly eloquent.
But he expresses the following idea: creating customized analytics for clients requires gathering
and analyzing extensive data; some of that data is "noise" and unhelpful, but you cannot know
which data is unhelpful until you have gathered and analyzed the data; accordingly, Masimo
decided not to embed customized analytics within an individual Patient SafetyNet deployment
because engineering the above analytics into the individual deployments would be complicated

and because, in any event, the individual deployment would likely not be able to gather enough data. That idea, however, is not a trade secret or confidential research, development, or commercial information.

Accordingly, the Court directs the Clerk of Court to unseal Dkt. # 670.

**Finally, the Court provides Masimo another opportunity.**

The above discussion illustrates a problem with Masimo's sealing request. Masimo must support its motion with credible and competent evidence. It has not. The Court, thus, could deny the motion in its entirety.

Mr. Muhsin repeatedly states: "To the best of my knowledge, this confidential information has not been publicly disclosed." *See* Dkt. # 1001-2 at ¶¶ 3–11. Mr. Anacone also repeatedly makes this statement. But it is unclear what "best of my knowledge" entails. Giving Mr. Muhsin the benefit of the doubt, he did not look at either Masimo's publicly filed financial disclosures or Masimo's own press releases. The Court would expect those to be the *first* places Masimo looked. In fact, the Court explicitly directed Masimo to look at its own financial disclosures. *See* Dkt. # 962 at 8 ("Accordingly, the Court will likely grant this redaction request subject to the requirement of declaratory evidence that it has not been publicly disclosed in financial statements or otherwise."). Apparently, Masimo did not.[1]

At this point, the Court is not persuaded that Masimo gave the undertaking appropriate attention or care. In fact, Masimo's motion is sufficiently lacking that it very well may have been sanctionable. At present, the Court is not going to initiate the sanctions process. It, however, in the interest of full disclosure, provides Masimo with that cautionary note.

The Court provides Masimo one more opportunity to reconsider its proposed redactions and to submit evidence supporting those redactions. If Masimo submits a new motion, the Court directs it to, at minimum:

- Provide detailed and competent evidence;

- Review its own public disclosures, such as press releases and financial statements;

---

[1] In the Court's tentative ruling on sealing, it stated its intention to redact Masimo's pricing information that appears in the memorandum decision: "Accordingly, the Court is inclined to redact the pricing dollar amounts provided that Masimo provides evidence, through declaration, that it has not placed this information in the public domain." Dkt. # 962 at 7. Masimo provided declaratory evidence, the Court issued its first interim order, and the Court thereafter prepared three versions of its memorandum decision. But now, as discussed above, Sotera has impeached the declaratory evidence that Masimo provided and the Court relied upon. This suggests that the Court should revisit its interim order and unseal the memorandum decision. Because the Court is providing Masimo another opportunity, it declines to do so at the present. But if Masimo does not provide satisfactory evidence, the Court may unseal the memorandum decision.

Page 15 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                    Case No. 16-05968-LT11

- Perform basic internet searches to see if the information is otherwise in the public domain, such as customers disclosing Masimo's relationship with them;

- Perform basic "ctrl-f" searches through the trial transcripts and other court filings;[2]

- Incorporate the Court's rulings from this order;[3] and

- Reread and account for the Court's memorandum decision, order denying Masimo's motion for a stay pending appeal, and other post-trial tentative rulings and orders (including this one) on sealing.[4]

The Court recognizes that this is an undertaking and mistakes will be made. But Sotera should not have been put to the time and cost of policing Masimo's redactions. The Court will tolerate minor mistakes. If there is anything more serious, however, the Court will likely issue an order to show cause.

By the Court's reckoning, the following docket entries either have outstanding redactions or requests to remain under seal. The Court briefly touches on any points that Sotera raised. If Masimo feels strongly enough, in its next filing it should directly address Sotera's concerns.

- Dkt. # 572.

- Dkt. # 574 (motion Exhibit A). Sotera argues that the redaction at page 30 line 9, to Masimo's claimed damages in this case, is improper. The Court tends to agree.

- Dkt. # 577 (motion Exhibit D). Sotera states that it does not have specific objections, but suggests that "the listing of names of fields in Excel spreadsheets appears to be administrative, not substantive." Dkt. # 1020 at 9–10. Masimo should consider this point.

  o Masimo also asks that exhibits C–G be left under seal in their entirety.

- Dkt. # 578 (motion Exhibit E).

- Dkt. # 579. This is Sotera's initial deposition designations; Masimo suggests leaving them under seal because they were resubmitted but with the Court's rulings on the

---

[2] This simple process likely would have caught Masimo's inconsistent redactions to the exhibit names. The Court used it to prepare this analysis.

[3] Sotera represents that many of the proposed redactions are customer names. To the extent the Court has addressed those customer names in this order, Masimo should remove those proposed redactions. That said, although the Court does not invite them, the Court recognizes that these orders are subject to reconsideration requests.

[4] As the Court observed earlier, a review of the Court's post-trial orders and decision would have made abundantly clear the Court's position on whether customized alarm analytics or a description of it is a trade secret or otherwise confidential.

Page 16 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)

In re SOTERA WIRELESS, INC.                                         Case No. 16-05968-LT11

objections.  The Court agrees in part.  In its memorandum decision at footnote 36, the Court was forced to cite Dkt. # 579 because Sotera improperly implemented the Court's rulings on the objections.  If Masimo arranges for Sotera to file a corrected version, the Court is amenable to leaving Dkt. # 579 under seal.

- Dkt. # 582 (motion Exhibit F).

  o Sotera suggests the 8:15, 9:9, 9:13, and 10:11–12 redactions are not confidential information because hospitals are free to reveal when their contracts are up.  This is true.  But UPMC did not offer this information.  On the other hand, Masimo may have disclosed some of this information during the trial.  Masimo should check on this point.

  o Sotera next suggests that the 17:14–16 redactions are to Sotera's own customers.  This is true; the redactions are to the customers that Mr. Hunt sold to.  These are the very same names that Masimo did not redact in Mr. Hunt's deposition designation.  Dkt. # 1001-3 at 663.

- Dkt. # 603 (motion Exhibit G).

- Dkt. # 615-1 (motion Exhibit H)

- Dkt. # 616 (motion Exhibit I).  This is the joint exhibit list.  There are a variety of outstanding redactions requests that the Court defers ruling on.  For instance, at exhibits 2086, 2087, and 2088, Masimo proposes redacting names of individuals who signed nondisclosure and confidentiality agreements.  At exhibits 1235, 1236, 1237, 1238, 1240, 1241, and 1291–97, Masimo proposes redacting a customer name.  Masimo should, as appropriate, review press releases and other materials to determine if it has disclosed its relationship with this customer.  When it does this review, Masimo should also look for materials referring to the customer's new name.  The remainder are exhibits: 827 (to a name, as the Court already determined that redacting "Mayo Clinic" was inappropriate), 1538, 1551, 1556, 1594, 2060, 2061, and 2387.

- Dkt. # 620-1 (motion Exhibit J).

- Dkt. # 625-1.

- Dkt. # 626 (motion Exhibit K).

  o Sotera notes that in Table UE-2b: "Masimo has redacted the fact that Masimo pays 6.2% of gross wages in social security taxes and that Masimo pays 1.45% of gross wages in Medicare taxes."  Dkt. # 1020 at 11.  It continues: "These are the standard rates, and Table UE[-2b] itself cites to the federal Social Security website as the source."  *Id.*  The Court agrees.

Signed by Judge Laura Stuart Taylor September 12, 2017

Page 17 | SECOND INTERIM ORDER ON MOTIONS TO SEAL DOCUMENTS (PARTIAL RELIEF)
In re SOTERA WIRELESS, INC.                                    Case No. 16-05968-LT11

---

- o  That said, the Court expresses its willingness, despite Masimo's lack of evidence on the matter at present, to redact the information about Masimo's individual employees, such as time spent on a matter, compensation by engineer by year, etc.

- Dkt. # 719 (motion Exhibit L).

- Dkt. # 736 (motion Exhibit M).  Sotera suggests, among other things, that the unredacted discussions about the technical product trade secrets in the trial transcripts are more extensive than Mr. Sampath's discussion, here, that Masimo seeks to redact.  Masimo should consider this point.

If Masimo does not file its renewed motion by October 9, 2017, the Court will direct the Clerk of Court to unseal the above docket entries.  Sotera may, but need not, file a responsive brief within 14 days of Masimo's filing a renewed motion.  The matter will then be under submission.

If Masimo files a renewed motion with redacted exhibits, the Court directs Masimo to provide the Court an electronic copy of the exhibits but with transparent or translucent redactions.

The Court concludes with two housekeeping notes:

First, Masimo originally proposed redactions to a supposed Dkt. # 581-1.  The Court noted that it did not exist.  Sotera, in a footnote, states: "Sotera believes that this document was delivered to the Court directly along with courtesy copies of the other pretrial filings, but that it was inadvertently not filed on the actual docket, although it was served on Masimo.  With the Court's permission, Sotera intends to ask the clerk to file this document to the docket."  Dkt. # 1020 at 12 n.5.  Because a footnote in a reply does not amount to a motion or ex parte application, the Court expresses no opinion on this or Sotera's e-filing mistake.  That said, Sotera should consider whether the exhibits already exist elsewhere in the record and what is to be gained by filing the documents now.

Second, Sotera refers to motion Exhibit P, Dkt. # 941.  It suggests that the Court's discussion of this document has already disclosed its substance.  The Court already addressed this document in its first sealing order.  If Sotera wants, it may bring an appropriate motion.

IT IS SO ORDERED.

# Notice Recipients

District/Off: 0974–3          User: Admin.          Date Created: 9/12/2017
Case: 16–05968–LT11          Form ID: pdfO1          Total: 5

**Recipients of Notice of Electronic Filing:**
aty          Lauren Nicole Gans          lgans@shensonlawgroup.com
aty          Marshall Hogan          MHogan@foley.com
aty          Victor A. Vilaplana          vavilaplana@foley.com
aty          Victoria Foltz          vfoltz@cooley.com

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Sotera Wireless, Inc.          10020 Huennekens St.          San Diego, CA 92121

TOTAL: 1

# Exhibit O

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit P

### Redacted Version of Document
### Proposed to Be Filed Under Seal

# Exhibit Q

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit R

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit S

TEARDOWN

# Apple Watch Series 6 Teardown

Published: September 21, 2020

Comments: 29 Favorites: 4 Views: 84.2k

## Tools Featured in this Teardown

Buy these tools

| | | |
|---|---|---|
| iOpener | $19.99 | Buy |
| Technician's Razor Set | $14.99 | Buy |
| iFixit Opening Picks set of 6 | $4.99 | Buy |
| 64 Bit Driver Kit | $34.99 | Buy |
| Tri-point Y000 Screwdriver | $8.99 | Buy |
| Tweezers | $4.99 | Buy |
| Spudger | $3.99 | Buy |

## Video Overview

Apple Watch Series 6 Teardown: All the Improve...

3/17/2021                                   Apple Watch Series 6 Teardown - iFixit

## Introduction

The Apple Watch Series 6 is here to take your breath away—or at least tell you a whole lot about your breathing. We're pushing our VO2 max just thinking about seeing new sensors (and no finicky Force Touch) inside this latest model, so let's get our blood pumping with some very small-space exercise.

If you're keen on getting a glimpse into more gizmos, stay tuned and follow us on Twitter, Instagram or Facebook. If you'd rather get the news straight to your inbox, sign up for our newsletter!

This teardown is **not** a repair guide. To repair your Apple Watch Series 6, use our service manual.

## Step 1    Apple Watch Series 6 Teardown






- Outward comparison of the Series 6 (right) with its one-year-old sibling (left) reveals only subtle differences, but that's what teardowns are for. These details we already know:

  - LTPO OLED Retina display optimized for always-on functionality—this time without Force Touch

  - 64-bit dual-core Apple S6 SiP (System in Package)

  - Updated sensor array measuring heart rate, ECG, and now blood oxygen levels

  - Compass and realtime altimeter

  - Water resistance to a depth of 50 meters

- Today's teardown victim is a 44 mm GPS + LTE model, purchased at retail in Germany—but we've also got a 40 mm model that may make a guest appearance, should any interesting comparisons arise.

💬 Add a comment

Exhibit S
Page 302

3/17/2021                                                Apple Watch Series 6 Teardown - iFixit

## Step 2



  

- Underneath the stretchy new watchband, confirmation that this is indeed a new Apple Watch—model number **A2376**—and not merely some blue-hued lookalike.

  - The other band slot features ...nothing at all, so our photo editor indulged in a bit of tech fantasy and added a combination lock—as if opening the case could be so easy. Alas, we expect the same ol' opening procedure we perform every year.

- Well, *almost* the same: In a surprise twist, the Series 6 takes after newer (post-6s) iPhones and opens to the side like a book!

- The procedure is also slightly simplified due to the absence of a Force Touch gasket—a feature now defunct as of watchOS 7.

  - ⓘ We're happy to see a fragile, damage-prone part retired, but sad to see the final nail in the coffin for Apple's nifty pressure-sensitive display technology. We're torn, but we'll call this a win.

💬 7 comments

Exhibit S
Page 303

3/17/2021                                      Apple Watch Series 6 Teardown - iFixit

## Step 3



 



**TOOL USED ON THIS STEP:**
**iFixit Opening Picks (Set of 6)**                    $4.99

- Safety first! Let's get this battery disconnected. The connector is still hidden underneath the battery, but a quick flip from an opening pick takes care of that.

  - Subtract one tiny tri-point and one teeny bracket and this wee powerhouse is a freed powerhouse.

- The 44 mm Watch cell is rated at 1.17 Wh—a slight increase over the Series 5, but not quite at the level of the 1.3 Wh Galaxy Watch3.

- The smaller 40 mm Series 6 retains the radical metal-pouch design introduced on the Series 5, now with a 1.024 Wh capacity.

  - 🗲 We're a little surprised the larger model still doesn't get the new battery design this year—we thought Watches might follow the pattern set by the iPhone, where Max models got the new battery design in its second year.

- ⓘ Summing up: that's a 3.5% increase for the 44 mm battery, and an even bigger 8.5% increase for the 40 mm from their Series 5 counterparts.

  - Slowly but surely, Apple Watches seem to be clawing back capacity after the big drop from Series 3 to Series 4.

💬 One comment

Exhibit S
Page 304

3/17/2021                                           Apple Watch Series 6 Teardown - iFixit

## Step 4



  

- The Series 6 features a new, brighter display than the Series 5. It's also brighter on the inside!

- This year's model not only eschews that pesky Force Touch gasket, it also has fewer display connectors to wrestle. The NFC cable is now routed through a display-side jumper—and there's only one grounding cable. We love streamlined design, especially when it simplifies repairs!

- Aside from the aforementioned changes, these displays (Series 5 on the left, 6 on the right) look about the same to the naked eye.

  ⓘ That said, we *did* bend a newly-placed spring contact during opening, so maybe wait for our repair guides before you bust these bad boys open.

- **Teardown update**: Here's a closer look at the display, X-ray style. This shows the smaller, 40 mm model's screen, which we stripped apart for our YouTube audience.

💬 Add a comment

## Answers

We are a community of people helping each other fix stuff. Come hang out with us.

Answers Forum

Exhibit S
Page 305

3/17/2021 Apple Watch Series 6 Teardown - iFixit

## Step 5



  

- At first glance, the tri-point-trapped Taptic Engine seems old hat—but it turns out to be bigger than the one in the 5. Maybe the slimmed-down Series 4 shaker wasn't up to snuff?

  - It's also made using 100% recycled rare earth metals and tungsten this time, which is awesome. (But let's not forget, reuse > recycling.)

  - **Update**: Since we've got Creative Electron's X-rays on tap, here's a nifty bonus image of the Taptic Engine's innards. Shake and bake!

  - More battery *and* more Taptic Engine—Apple mentioned neither of these in their announcement, but it seems they've quietly pulled out all the stops this year.

- With all the brawn out of the way, it's time to tackle the brains of this operation: the S6 SiP. Even with our trusty tools, this intricate maze of cabling and hidden screws is no picnic.

- But as usual, time + tools + technique prevails! At last this Watch regurgitates its remaining contents.

  💬 Add a comment

Exhibit S
Page 306

3/17/2021                                    Apple Watch Series 6 Teardown - iFixit

## Step 6



  

- Like most brains, the grey matter in this Series 6 is pretty inscrutable: it's encased in hardened resin, as per usual, making further exploration extremely difficult.

- 📌 **Update**: Unless you have an X-ray machine, that is! Here's an inside look at the S6 package. If you're wondering what all the tiny shapes are, check out the original Apple Watch X-ray teardown for an explainer.

- There *are* a few more conventional ICs piggybacked onto the package, and we can at least spot a Skyworks chip marked 239-7. The other chips are more mysterious, and none is an exact match for the U1 chip we found in last year's iPhones.

  - ⓘ It was probably too much to ask for a labeled U1 package, but there *has* been more obvious printing in the past.

- Sans-brains, we can see the Series 6 frame has a slightly modified footprint with a narrower lip for the adhesive gasket, which is now carefully routed around the band mechanism.

- 📌 The modified case and lack of Force Touch gasket probably accounts for the fact that this year's model is a hair thinner, with overall thickness at 10.4 mm (down from 10.74 mm last year).

  - Apple somehow packed more battery *and* more Taptic Engine into a (barely) smaller design. Impressive!

💬 Add a comment

Exhibit S
Page 307

## Step 7



- We interrupt this program to bring you some x-ray speculation:

  - Processor and memory (SDRAM/NAND Flash) Package on Package

  - Power Management IC

  - WiFi / Bluetooth SoC

  - Microcontroller

💬 Add a comment

Exhibit S
Page 308

3/17/2021                                    Apple Watch Series 6 Teardown - iFixit

## Step 8



  

- Fused display up top, fused sensor array below—we won't find anything but broken pieces if we bust this apart, so let's switch on those X-rays from Creative Electron again for a better look.

  ⓘ The dark rectangle in the center is a dense magnet for centering the charger (and may also help wick away heat from the S6 package). It's surrounded by the control board for the down-firing LEDs and sensors, and the ropey coils of copper for the inductive charger.

- And here's the (reassembled) pulse oximeter communicating with aliens lighting up in Christmas-y fashion!

  ⓘ By shining red, green, and infrared light into your skin, then sensing via photodiode how it bounces back, the watch can tell how oxygenated your blood is (redder means more oxygen).

  - Low blood oxygen levels (hypoxemia) can be an indication of COVID-19 or other serious medical issues.

  - The Apple Watch doesn't track body temp like the Oura Ring 2 does. But while both measurements are informative, neither is meant to provide hospital-grade certainty.

  - As a reminder, we're not health experts—so read up! Find out more about how blood oxygen tracking works at CNET, or a *lot more* at the Respiratory Medicine journal.

  🗨 Add a comment

Exhibit S
Page 309

3/17/2021                                    Apple Watch Series 6 Teardown - iFixit

## Step 9



 

- Leaving all the tiny tri-point screws out of the picture for clarity, we feast our eyes on the latest edition of Apple's ~~mobile health diagnostic machine~~ timepiece.

- Repair-wise, we're happy to see the fussy Force Touch gasket gone, and only two fragile cables tethering the display.

- Thicker rubber-like adhesive on the display and back plate also safeguards the watch against unwanted ingress (or in our specific case, *wanted* ingress).

ⓘ Despite the almost imperceptibly thinner design, Apple packed in brand-new sensors in addition to the larger-capacity battery and beefier Taptic Engine.

  - They just keep polishing this thing to a higher and higher gloss and it's almost sneaky how much of it they don't tell you about, keeping all the focus on the whiz-bang health features.

⊡ Huge thanks to Creative Electron for partnering up with us once again! They're responsible for all the mind-bending X-rays in this teardown.

💬 Add a comment

## Final Thoughts

Screen replacements are difficult but possible. The screen is the first thing to come off, and detaches via ZIF connectors.

Battery replacements are reasonably straightforward, once you're inside.

Tiny tri-point screws throughout the watch can be difficult to remove and keep track of.

Several component flex cables are mounted directly to the S6 package, requiring skilled microsoldering to replace if they are torn.

### Repairability Score



Repairability 6 out of 10
(10 is easiest to repair)

Exhibit S
Page 310

# Exhibit T

## Apple Watch Teardown

Home

Posted: April 24, 2015

Contributing Authors: Jim Morrison, Daniel Yang and Chad Davis

## Apple Delivers a Wearable in Total Apple Fashion

A few days ago, Apple sent us our tracking number indicating that our shipment would arrive today, Friday, April 24th. We were pleasantly surprised to be a recipient of a Watch today considering the stir Apple created a while back when they flipped availability dates from today to "May-June". Kind of like Christmas.



Apple Watch

### A much anticipated gadget

The Watch has been long anticipated. It will be interesting to see what impact this device has on the market, considering that ever since Apple introduced the iPhone 3GS, Apple has had a way of causing the consumer flood gates to open and creating a surge in consumer demand for toys. Look at the smartphone industry today, nearly 2 B units per year. Currently the wearables market sits at around $25 B per year with the potential to grow to $50 B by 2017. Could this Watch change this?

   

 

The disassembly of the Watch was no easy feat. Starting at the screen or (display module) we put our efforts to separating and revealing the technical treasures beneath. Obviously the object of our desire was Apple's S1 package, an announced encapsulated module of integrated circuits, PCB technologies and other goodies. The following image shows our gaining entry into the device. We caution anyone looking to try this at home as more likely than not, if the display module wasn't broken before it will be after attempting to access the battery, integrated circuits or other mechanical or technical devices inside. It is also unclear if Apple will offer replacement display modules and we doubt given the Sapphire screen technology there will be third party replacements in the near future.



Samsung

### X-ray vision

Before getting too deep into the Watch, we took an X-ray of the watch in its entirety to see how the chip layout and count compare to our previous understandings from the launch. There is a lot of silicon in this device.

Exhibit T
Page 312

   

## STMicroelectronics gyroscope and accelerometer

At the top left corner of the S1 module we were expecting to see a motion sensor from InvenSense, but, surprise surprise, we have a brand new STMicroelectronics 3 mm x 3 mm land grid array (LGA) package featuring a 3D digital gyroscope and accelerometer. The package marks feature the letter C followed by a three digit numeric 4,5,1. Great job on STMicroelectronics for this socket win.



STMicroelectronics gyroscope and accelerometer

Update: Friday we discovered the design win by STMicroelectronics for the 6 axis sensor for acceleration and roll, pitch and yaw (gyroscope). This is the first time that we see a true 6X sensor in an Apple product that doesn't require an external accelerometer. In the iPhone 6 and 6+ we saw an Invensense 6 axis sensor and a Bosch 3 axis accelerometer. Here in an even more compact design, the Apple Watch, we finally have a solution for all 6 axis in a single component. We have some more indepth photos of the STMicroelectronics 6 axis sensor today to share with you. From the side view x-ray you can see two die stacked together; the MEMS sensor and the control ASIC. The plan view image looking down shows the wire bond attach area on the lower device. Later we hope to bring you some additional images of the ASIC and the MEMS die once we have separated them...



   

## Analog Devices touch screen controller

Another surprise to us in the Watch is the socket scored by Analog devices for capacitive touch screen controller on which we observed package markings of AD7166. The ADI site does not list the AD7166 as a standard part number, however we did come across a link to a Product Change Notification (PCN) showing import and export documentation (on the analog devices website) for an "AD7166-202A Cortex M3 Based Cap" and dated April 2015. The link no longer functions so it was probably recently taken down. Too bad.



© AD7166

-202ACBZ
#1443
3003967.1
SINGAPORE

nalog Devices touch screen controller

 

## Texas Instruments OPA2376

Exhibit T
Page 313

3/17/2021                                                    Apple Watch Teardown | TechInsights



The Texas Instruments OPA2376 Precision, low noise, low quiescent current Op Amp

Texas Instruments OPA2376

Another clearly visible device is the Texas Instruments OPA2376 Precision, low noise, low quiescent current Op Amp:

Update: The S1 is a system in package – for sure!

It's been almost a week and a half since we first got our hands on the new Apple Watch. On day one we were able to show you only what was not sealed inside the S1 system in package (SiP). The two key words here are system and package.

## System

Inside the S1 SiP alone we have cataloged more than 30 components. Now, some of those components contain multiple die; the package-on-package (PoP) assembly, for example, contains the new Apple processor and the DRAM die. The NFC solution also contains the secure element as well as the NXP NFC controller and radio. So there are 30 individual components, and at least 30 pieces of silicon, all in a package that is only 26 mm x 28 mm. That is quite an accomplishment.



Package

## Package

Apple and/or their suppliers have designed and manufactured a 26 mm x 28 mm package that is very unique. Let's consider its construction for a moment. We have a common motherboard to which all of the components (wafer scale packages, PoPs, BGAs, etc.) have been attached. The entire motherboard, with all of its components, is then overmolded with a packaging compound containing silica or alumina spheres suspended in a resin. We see this same type of material in conventional IC packaging, but we have never observed this being used over a 26 mm x 28 mm motherboard. Was this designed to protect devices from perspiration? If yes, why then are some devices, like the 6-axis sensor and the second touch controller, not contained within the S1 SiP?


Apple Watch


Apple Watch

## Some of the key findings so far:

- The new Apple APL0778 application processor measures 5.2 mm x 6.2 mm and is fabbed on Samsung's 28 nm LP process.
- Dialog has the PMIC socket for the watch, but Maxim got the codec and amplifier sockets. What happened to Cirrus? They had been the incumbent in iPhones and iPads for several generations.
- NXP scored the NFC and secure element and interface socket and Austria Micro Systems got the NFC signal booster
- STMicroelectronics not only grabbed the 6-axis sensor, but they also have an STM32 MCU within the S1, as well as the optical emitter/sensor encoder die under the shaft of the Digital Crown.
- Texas Instruments has 6 wins in the S1 ranging from battery management to op amps.
- Skyworks Wi-Fi LNA + switch and PA
- Above you see a composite image of all the dies we have been able to identify so far.

## Apple Watch Cost

Getting past challenges we have not encountered in other Wearable devices to date, we feel we finally have a number for what it costs to create the latest Apple device. Based on our expertise in tearing down

Exhibit T
Page 314

3/17/2021



Apple Watch Cost

devices for over 15 years and over 2,500 bits of technology, our initial bill of materials for the Apple Watch is rough $140.00. Please note this does not include the investment in research and development, custom tooling, warranty costs, the development of Apple's alloy materials or any intellectual property. So while the BoM cost is roughly one-third the retail price, one can safely assume that the cost per device if you added these costs on would be significantly higher.

Remarkably, the largest cost impact was seen in the mechanical design of the Apple Watch. The Apple Watch we reviewed has a stainless steel housing and Sapphire cover glass (not the aluminum or cheaper Ion-X glass found in the Sport). We chose this device as we feel it is the best representation of build, quality and fashion for the target market/consumer.

On a pound for pound basis, common stainless steel typically costs 5x the cost of common aluminum alloys – a major differentiation from the lower end Apple Sport. In our cost estimates, we account for this, but the material costs are relatively small compared to the finished part cost. Our analysis shows numerous manufacturing (forging, extrusions, etc.) and processing steps (12 station multi-axis milling, application of finishes, laser etching, etc.) were required to develop, manufacture and bring this product to market. All these manufacturing and processing steps significantly add to the finished part cost – and likely reflect on Tim Cook's comment about the final margins of the Watch compared to other Apple electronics.

For the displays, the Sport Watch has a display with an Ion-X lens, which is comparable to Corning's Gorilla Glass. The Sapphire glass we analyzed is known to be more expensive relative to Gorilla Glass. It is believed to be more durable and of better viewing quality.

With regards to the fit, finish and customer experience, Apple delivered a first rate product with its Watch. There did not appear to be any area where Apple did not pay attention to design. The unit we analyzed contained an expensive jewelry type box, which we believe to be in the $5 or greater range.

Also included is their new wireless charging data cable. While ordinary microUSB type cables are cheap (less than $0.50), the wireless charging cable for the watch contains the wireless charging coil along with a donut shaped circuit board packed with components. (8+ integrated circuits alone are used in the adapter. We estimate this solution to be in the $4+ range.

Search our analysis and website

*Start searching our library today*                    🔍

## Recent News and Blogs

| All | Technology Blog | Webinars | Featured Analysis | Latest News | IP Blogs | Events | Careers |







Exhibit T
Page 315

# Exhibit U

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit V

Redacted Version of Document
Proposed to Be Filed Under Seal

Exhibit V
Page 323

# Exhibit W

Redacted Version of Document
Proposed to Be Filed Under Seal

# Exhibit X

Redacted Version of Document
Proposed to Be Filed Under Seal

Exhibit X
Page 331

# Exhibit Y

**COVID-19 is an emerging, rapidly evolving situation.**

Public health information (CDC)

Research information (NIH)

SARS-CoV-2 data (NCBI)

Prevention and treatment information (HHS)



U.S. National Library of Medicine

*ClinicalTrials.gov*

**Find Studies** ▾

New Search
Advanced Search
See Studies by Topic
See Studies on Map

How to Search
How to Use Search Results
How to Find Results of Studies
How to Read a Study Record

**About Studies** ▾

Learn About Studies
Other Sites About Studies
Glossary of Common Site Terms

**Submit Studies** ▾

Submit Studies to ClinicalTrials.gov PRS
Why Should I Register and Submit Results?
FDAAA 801 and the Final Rule

How to Apply for a PRS Account
How to Register Your Study
How to Edit Your Study Record
How to Submit Your Results

Frequently Asked Questions
Support Materials
Training Materials

**Resources** ▾

Selected Publications
Clinical Alerts and Advisories
RSS Feeds

Trends, Charts, and Maps
Downloading Content for Analysis

**About Site** ▾

What's New
ClinicalTrials.gov Background
About the Results Database

Exhibit Y
Page 336

History, Policies, and Laws
ClinicalTrials.gov Modernization
Media/Press Resources
Linking to This Site
Terms and Conditions
Disclaimer

**PRS Login**

---

Trial record **1 of 1** for:    masimo | ( Map: Vermont, United States )

Previous Study |  Return to List  | Next Study

## Halo Index and Adaptive Alarm Thresholds During Routine PACU Inpatient Care: "Normal" vs. "Non-normal" Recovery (Halo)

 The safety and scientific validity of this study is the responsibility of the study sponsor and investigators. Listing a study does not mean it has been evaluated by the U.S. Federal Government. Read our disclaimer for details.

ClinicalTrials.gov Identifier: NCT01811433

Recruitment Status ⓘ : Completed
First Posted ⓘ : March 14, 2013
Last Update Posted ⓘ : September 19, 2014

**Sponsor:**
Donald Mathews

**Collaborator:**
**Masimo** Corporation

**Information provided by (Responsible Party):**
Donald Mathews, University of Vermont

| Study Details | Tabular View | No Results Posted | Disclaimer |

Exhibit Y
Page 337

How to Read a Study Record

---

## Study Description                                    Go to  ▾

Brief Summary:

The purpose of this study is to determine whether the Halo Index has utility in detecting the difference between normal and non-normal recovery of patients in the first few hours immediately following major inpatient surgery. A small but significant percentage of patients who undergo major surgery will experience a major life-threatening complication in the first 30 days following surgery.

The chance of developing one or more of these complications increases with the size of the surgery and with the severity of the patient's preexisting medical problems. It is unknown whether fluctuations in a patient's vital signs and other measures of bodily function that occur early in the recovery period are associated with postoperative complications. If this is so, it may be possible to predict who is at increased risk for complications based on monitoring during the early recovery period.

This study will make use of the Halo Index, a compilation of measures of patient functions collected by non-invasive monitoring devices. In addition to heart rate, blood pressure, temperature, and breathing rate, these include measures of dissolved oxygen in the blood, the amount of hemoglobin in the blood, and other parameters.

Patients will have two additional non-invasive monitors attached during their stay in the hospital post-anesthesia care unit (PACU). After the patient has been discharged from the hospital, their medical record will be reviewed at two time points: The first will be soon after discharge. Normal recovery patients will be defined as those who require only IV fluids, pain medications and anti-emetic medications. Non-normal recovery will include those who require transfusions of blood products, airway interventions such as a breathing tube, blood pressure medications, or heart rhythm medications. The second chart review will occur 30 days after surgery. In this review, the presence or absence of the following events will be ascertained: rapid response team calls, admission to the intensive care unit, infection, pneumonia, the need for transfusion of 5 or more units of blood within a three-day period, septic shock, the need for ventilation with a breathing tube, blood clot in the lung, kidney failure, coma, stroke, heart attack, and death.

| Condition or disease ⓘ |
|---|
| Patients Recovering From Inpatient Surgery |

Exhibit Y
Page 338

Detailed Description:

The purpose of this study is to define normal and non-normal recovery of patients in the post-anesthesia care unit (PACU) following major inpatient surgery using the Halo Index, a measure derived from physiologic parameters collected through the Patient SafetyNet system.

Background Masimo has developed a series of patient monitors designed to improve perioperative care. The Radical-7 pulse oximeter not only delivers accurate, artifact-rejecting pulse and oximetry information, but can also be configured to measure hemoglobin levels and pleth variability index (an assessment of the adequacy of fluid volume replacement). The rainbow Acoustic Respiration Monitor is able to document presence and adequacy of ventilation. These parameters have been combined in the SafetyNet Remote Monitoring system. With this system, data from individual patient monitors are wireless transmitted to a central station. When certain alarm thresholds are crossed, the system can automatically notify caregivers. Use of this system on a post-operative floor has shown it to result in significantly fewer rapid response team (RRT) calls and ICU admission compared to routine care.

As an enhancement, Masimo has developed the Halo Index. The Halo Index is calculated through an amalgamation of SafetyNet parameters. The index provides global trend information about the patient's overall physiologic status. Often patient deterioration occurs over time, with subtle changes that are appreciated only through trend analysis. Conceptually, the Halo Index and associated alarms will improve patient care compared with care based on periodic human assessment and routine monitoring.

While the SafetyNet and Halo index are intended for use on the post-operative patient care floors with relatively high patient-to-nurse staffing ratios, there may well be monitoring utility in the PACU, where there is greater patient acuity. It is quite possible that the Halo index will be able to detect evidence of "mal-recovery" in the PACU and may allow intervention in such patients that will improve outcome. Before such an assessment of benefit can be made, it is necessary to define the behavior of the Halo index during "normal" recovery and to see if the index has a different characteristic in those patients whose PACU discharge is delayed for medical reasons or those who require unusual medical interventions.

In addition, significant percentage of patients who undergo major surgery will experience morbidity in the first 30 days following surgery. Major morbidity can be defined as an occurrence of one or more of the following postoperative complications: organ space infection, pneumonia, unplanned intubation, pulmonary embolism, ventilator dependence more than 48 hours, acute renal failure, stroke/cerebral vascular accident with neurologic

Exhibit Y
Page 339

deficit, coma more than 24 hours, cardiac arrest requiring cardiopulmonary resuscitation, myocardial infarction, transfusion of 5 or more units erythrocytes within 72 hours, sepsis/septic shock, and mortality.

The chance of developing one or more of these morbid outcomes increases with the size of the surgery and with the severity of the patient's preexisting medical problems, ranging from less than 1% to over 50% depending on these factors. It is unknown whether perturbations in early recovery parameters are associated with postoperative morbidity. If so, it may be possible to predict who is at increased risk for morbidity based on monitoring during the early recovery period.

## Study Design                                    Go to  ▼

| | |
|---:|:---|
| Study Type ❶ : | Observational |
| Actual Enrollment ❶ : | 500 participants |
| Time Perspective: | Prospective |
| Official Title: | Halo Index and Adaptive Alarm Thresholds During Routine PACU Inpatient Care: "Normal" vs. "Non-normal" Recovery |
| Study Start Date ❶ : | March 2013 |
| Actual Primary Completion Date ❶ : | June 2014 |
| Actual Study Completion Date ❶ : | June 2014 |

## Groups and Cohorts                              Go to  ▼

## Outcome Measures                                Go to  ▼

Primary Outcome Measures ❶ :

1. Normal vs. non-normal recovery after surgery as defined by the Halo Index.
   [ Time Frame: 30 days after surgery ]

   To evaluate whether the Halo Index shows a predictable and reproducible pattern in those patients who experience "normal" post-anesthesia care unit (PACU) recovery following major inpatient surgery, and that this "normal" pattern is different from those who experience "non-normal" recovery.

Secondary Outcome Measures ❶ :

Exhibit Y
Page 340

1. Association between postoperative morbidity and non-normal recovery from surgery.
   [ Time Frame: 30 days after surgery ]

   To determine whether there is an association between major 30-day post-op morbidity and the incidence of "non-normal" recovery, and whether PACU Halo scores are predictive of postoperative 30-day morbidity.

**Eligibility Criteria**                                      Go to  

---

**Information from the National Library of Medicine**    NIH NLM

*Choosing to participate in a study is an important personal decision. Talk with your doctor and family members or friends about deciding to join a study. To learn more about this study, you or your doctor may contact the study research staff using the contacts provided below. For general information,* Learn About Clinical Studies.

---

| | |
|---|---|
| Ages Eligible for Study: | 18 Years and older   (Adult, Older Adult) |
| Sexes Eligible for Study: | All |
| Accepts Healthy Volunteers: | No |
| Sampling Method: | Non-Probability Sample |

**Study Population**

Patients presenting for surgery with a planned inpatient stay of 24 hours or greater.

**Criteria**

Inclusion Criteria:

- planned post-operative admission of 24 hours or greater

- age greater than 18

Exclusion Criteria:

- patients requiring mechanical ventilation with endotracheal intubation or laryngeal mask airway (oral/nasal airway are acceptable)

- patients receiving transfusion of blood products on arrival to the post-anesthesia care unit (PACU)

- patients requiring vasoactive medications including vasopressors on arrival to PACU.

## Contacts and Locations

Go to ▼

---

**Information from the National Library of Medicine** 

*To learn more about this study, you or your doctor may contact the study research staff using the contact information provided by the sponsor.*

*Please refer to this study by its ClinicalTrials.gov identifier (NCT number): **NCT01811433***

---

**Locations**

**United States, Vermont**

Fletcher Allen Health Care
    Burlington, **Vermont**, **United States**, 05401

**Sponsors and Collaborators**

Donald Mathews

**Masimo** Corporation

**Investigators**

Principal Investigator:   Donald M Mathews, M.D.   University of Vermont

## More Information

Go to ▼

---

**Publications:**

Taenzer AH, Pyke JB, McGrath SP, Blike GT. Impact of pulse oximetry surveillance on rescue events and intensive care unit transfers: a before-and-after concurrence study.

Anesthesiology. 2010 Feb;112(2):282-7. doi: 10.1097/ALN.0b013e3181ca7a9b. Erratum in: Anesthesiology. 2019 Dec 13;:null.

Dalton JE, Kurz A, Turan A, Mascha EJ, Sessler DI, Saager L. Development and validation of a risk quantification index for 30-day postoperative mortality and morbidity in noncardiac surgical patients. Anesthesiology. 2011 Jun;114(6):1336-44. doi: 10.1097/ALN.0b013e318219d5f9.

| | |
|---|---|
| Responsible Party: | Donald Mathews, Attending Anesthesiologist and Professor of Anesthesiology, University of Vermont |
| ClinicalTrials.gov Identifier: | NCT01811433    History of Changes |
| Other Study ID Numbers: | **Masimo** 27353 |
| First Posted: | March 14, 2013   Key Record Dates |
| Last Update Posted: | September 19, 2014 |
| Last Verified: | September 2014 |

Keywords provided by Donald Mathews, University of Vermont:
    Postoperative Period
    Anesthesia Recovery Period
    Postoperative Complications
    Pulse Oximetry

# Exhibit Z

FULL TEXT LINKS



J Clin Monit Comput. 2015 Dec;29(6):815-21. doi: 10.1007/s10877-015-9671-1. Epub 2015 Mar 10.

# Accuracy of continuous noninvasive hemoglobin monitoring for the prediction of blood transfusions in trauma patients

Samuel M Galvagno Jr [1] [2], Peter Hu [3] [4], Shiming Yang [5], Cheng Gao [4], David Hanna [6], Stacy Shackelford [7] [8], Colin Mackenzie [3] [4]

Affiliations

### Affiliations

1. Department of Anesthesiology, University of Maryland School of Medicine, 22 South Greene Street, T1R83, Baltimore, MD, 21201, USA. sgalvagno@anes.umm.edu.
2. Program in Trauma, R Adams Cowley Shock Trauma Center, University of Maryland School of Medicine, Baltimore, MD, USA. sgalvagno@anes.umm.edu.
3. Department of Anesthesiology, University of Maryland School of Medicine, 22 South Greene Street, T1R83, Baltimore, MD, 21201, USA.
4. Program in Trauma, R Adams Cowley Shock Trauma Center, University of Maryland School of Medicine, Baltimore, MD, USA.
5. Department of Biomedical Engineering, University of Maryland, Baltimore County (UMBC), Baltimore, MD, USA.
6. University of Maryland School of Medicine, Baltimore, USA.
7. Department of Surgery, University of Maryland School of Medicine, Baltimore, MD, USA.
8. Center for Sustainment in Trauma and Readiness Skills (Baltimore-CSTARS), United States Air Force, Baltimore, MD, USA.

PMID: 25753142   DOI: 10.1007/s10877-015-9671-1

FOLLOW NCBI



Follow NLM

National Library of Medicine
8600 Rockville Pike
Bethesda, MD 20894

Copyright
FOIA
Privacy

Help
Accessibility
Careers

NLM   NIH   HHS   USA.gov

## Abstract

Early detection of hemorrhagic shock is required to facilitate prompt coordination of blood component therapy delivery to the bedside and to expedite performance of lifesaving interventions. Standard physical findings and vital signs are difficult to measure during the acute resuscitation stage, and these measures are often inaccurate until patients deteriorate to a state of decompensated shock. The aim of this study is to examine a severely injured trauma patient population to determine whether a noninvasive SpHb monitor can predict the need for urgent blood transfusion (universal donor or additional urgent blood transfusion) during the first 12 h of trauma patient resuscitation. We hypothesize that trends in continuous SpHb, combined with easily derived patient-specific factors, can identify the immediate need for transfusion in trauma patients. Subjects were enrolled if directly admitted to the trauma center, >17 years of age, and with a shock index (heart rate/systolic blood pressure) >0.62. Upon admission, a Masimo Radical-7 co-oximeter sensor (Masimo Corporation, Irvine, CA) was applied, providing measurement of continuous non-invasive hemoglobin (SpHb) levels. Blood was drawn and hemoglobin concentration analyzed and conventional pulse oximetry photopletysmograph signals were continuously recorded. Demographic information and both prehospital and admission vital signs were collected. The primary outcome was transfusion of at least one unit of packed red blood cells within 24 h of admission. Eight regression models (C1-C8) were evaluated for the prediction of blood use by comparing area under receiver operating curve (AUROC) at different time intervals after admission. 711 subjects had continuous vital signs waveforms

Exhibit Z
Page 345

available, to include heart rate (HR), SpHb and SpO2 trends. When SpHb was monitored for 15 min, SpHb did not increase AUROC for prediction of transfusion. The highest ROC was recorded for model C8 (age, sex, prehospital shock index, admission HR, SpHb and SpO2) for the prediction of blood products within the first 3 h of admission. When data from 15 min of continuous monitoring were analyzed, significant improvement in AUROC occurred as more variables were added to the model; however, the addition of SpHb to any of the models did not improve AUROC significantly for prediction of blood use within the first 3 h of admission in comparison to analysis of conventional oximetry features. The results demonstrate that SpHb monitoring, accompanied by continuous vital signs data and adjusted for age and sex, has good accuracy for the prediction of need for transfusion; however, as an independent variable, SpHb did not enhance predictive models in comparison to use of features extracted from conventional pulse oximetry. Nor was shock index better than conventional oximetry at discriminating hemorrhaging and prediction of casualties receiving blood. In this population of trauma patients, noninvasive SpHb monitoring, including both trends and absolute values, did not enhance the ability to predict the need for blood transfusion.

**Keywords:** Blood transfusion; Continuous hemoglobin; Detection of hemorrhage; Hemorrhagic shock; Noninvasive monitoring; Transfusion prediction.

## LinkOut - more resources

**Full Text Sources**

Springer

**Medical**

ClinicalTrials.gov

MedlinePlus Health Information

# Exhibit AA



SEARCH          MENU

NEWS DETAILS

## Clinicians at Dartmouth-Hitchcock Medical Center Present New Data Showing Masimo Rainbow SET(R) Oximetry and Patient SafetyNet(TM) Improves Patient Outcomes and Reduces the Cost of Care

*01/20/2009*

Presentation at the Society for Technology in Anesthesia Annual Meeting Quantifies Decreases in Rescue Calls and ICU Transfers with Improved ICU Utilization

IRVINE, Calif., Jan. 20 /PRNewswire-FirstCall/ -- Masimo (Nasdaq: MASI), the inventor of Pulse CO-Oximetry and Measure-Through Motion and Low Perfusion pulse oximetry, today announced that a team of clinicians at Dartmouth-Hitchcock Medical Center (DHMC) presented new outcome data from their year-long implementation study showing Masimo Rainbow SET Pulse CO-Oximetry and Patient SafetyNet remote monitoring and clinician notification system helps improve patient outcomes and reduce the cost of care by decreasing rescue calls and ICU transfers, resulting in improved ICU utilization. Study findings were presented at the Society for Technology in Anesthesia (STA) Annual Meeting in San Antonio, Texas on January 15, 2009.

Clinical data tracked by Dr. George T. Blike, Medical Director of Patient Safety, and his team at DHMC during the 12-month study period showed that, after the implementation of Masimo Rainbow SET and Patient SafetyNet, there was a 70% reduction in rescue calls and a 48% reduction in ICU transfers. In addition, the team found that the reduction in ICU transfers helped to free up an estimated 163 ICU-days annually for its 36-bed post-surgical unit, thereby increasing ICU access for more critically ill patients. The findings and data also indicate that there is a measurable cost advantage associated with Masimo Patient SafetyNet's ability to assist clinicians in the identification of the onset of patient distress earlier -- preventing codes, rescues, and ICU transfers -- contributing to significant decreases in patient care costs on the general care floor.

Financial data presented by the team showed that the cost of care for patients undergoing bilateral or multiple major joint prosthesis operations of the lower extremity who did not deteriorate to the point of rescue was 60% less ($19,987) than the cost of care for patients who did ($49,602). Additionally, the length of stay for non-rescued patients was 68% shorter than that of rescued patients (3.9 days versus 12.3 days). For major joint replacement operations of the lower extremity, the length of stay for patients who did not require a rescue call was 38% shorter (3.6 days versus 5.8 days), which resulted in a 31% decrease in their cost of care ($13,648 versus $19,765).

George T. Blike, M.D., Medical Director of Patient Safety at DHMC, stated; "The data tracked in this 12-month study demonstrates that routine patient monitoring on the general care floor using Masimo Rainbow SET and the Patient SafetyNet system, with its ability to measure oxygen saturation continuously and directly page a nurse when problems are identified, was associated with statistically significant reductions in the need for urgent and emergent interventions. Initial analysis shows we reduced the need for ICU transfers and, we believe, the cost of care through early detection and intervention of physiologic abnormalities. These results are such that we have expanded implementation of the system to two additional post-surgical units."

The Masimo Patient SafetyNet system combines the "gold standard" Measure-Through Motion and Low Perfusion performance of Masimo Rainbow SET Pulse CO-Oximetry technology with wireless clinician alerts via pager to help provide a new level of safety to patients on general care floors, where nurse-to-patient ratios preclude the level of direct surveillance required and recommended to preempt adverse events. When physiologic parameters deteriorate, Masimo Patient SafetyNet system provides accurate, actionable alarm notification directly to a qualified clinician--enabling immediate and early intervention.

Skip to main content

The growing frequency of unrecognized adverse incidents and avoidable patient safety issues resulting in death or serious physical injury is a preventable and costly human tragedy that the Journal of the American Medical Association has reported may account for 2.4 million extra hospital days, over 32,500 deaths, and $9.3 billion in excess charges in the United States annually.(1) These startling statistics have prompted the convergence of leading healthcare accreditation

Exhibit AA
Page 348



SEARCH                    MENU

The Joint Commission's National Patient Safety Goals call for the "improved recognition and response to changes in a patient's condition" and recommend "a suitable method that enables health care staff members to directly request additional assistance from a specially trained individual(s) when the patient's condition appears to be worsening."(2) The Anesthesia Patient Safety Foundation (APSF) recommendations advise healthcare professionals to "give consideration to the potential safety value of continuous postoperative monitoring of oxygenation and ventilation in at-risk patients without delay," urging that "it is critical that any monitoring system be linked to a reliable process to summon a competent healthcare professional to the patient's bedside in a timely manner." (3) The American Society of Anesthesiologists (ASA) Clinical Practice Guidelines have established that "continuous pulse oximetry monitoring in a step-down unit reduces the likelihood of perioperative complications among patients who are believed to be at increased perioperative risk from OSA.(4)

Masimo Founder and CEO, Joe E. Kiani, stated; "By revolutionizing pulse oximetry with the invention of Signal Extraction Technology (SET), we created a new era where pulse oximeters could measure through motion and low perfusion, resulting in the virtual elimination of false alarms with an increased ability to detect true events. The clinical community and Masimo collectively hoped that our technology could help caring clinicians improve the quality of care for their patients. In the last ten years, we have witnessed our technology being used to help save the eyesight of neonates, detect congenital heart defects in newborns and save countless lives. The evidence gathered by Dr. Blike and his team at Dartmouth-Hitchcock Medical Center continues to illustrate the substantial impact of Masimo technology on patient safety benchmarks. These caring clinical professionals have done their hospital and the medical community a great service by implementing a solid protocol with Masimo Rainbow SET and Patient SafetyNet to more effectively and efficiently care for their patients after surgery on the general care floor. Their results provide a compelling case and opportunity for hospitals to improve healthcare outcomes while decreasing costs."

A study published in the Journal of Critical Care Medicine estimates that there are approximately 820,000 unmonitored beds in non-critical care settings in the U.S.

(1) The Journal of the American Medical Association (JAMA). Excess Length of Stay, Charges, Mortality Attributable to Medical Injuries During Hospitalization, 2003.

(2) The Joint Commission: "Facts about the 2008 National Patient Safety Goals"; June 1, 2007. http://www.jointcommission.org/PatientSafety/NationalPatientSafetyGoals/08_nps gs.htm

(3) Anesthesia Patient Safety Foundation (APSF) Initiatives: "Safety During Patient-Controlled Analgesia"; October 13, 2006. www.apsf.org/initiatives/pca.mspx

(4) American Society of Anesthesiologists (ASA): "Practice Guidelines for the Perioperative Management of Patients with Obstructive Sleep Apnea"; Anesthesiology 2006;104:1081-93.

About Masimo

Masimo (NASDAQ: MASI) develops innovative monitoring technologies that significantly improve patient care--helping solve "unsolvable" problems. In 1995, the company debuted Measure-Through Motion and Low Perfusion pulse oximetry, known as Masimo SET, which virtually eliminated false alarms and increased pulse oximetry's ability to detect life-threatening events. More than 100 independent and objective studies demonstrate Masimo SET provides the most reliable SpO2 and pulse rate measurements even under the most challenging clinical conditions, including patient motion and low peripheral perfusion. In 2005, Masimo introduced Masimo Rainbow SET Pulse CO-Oximetry, a breakthrough noninvasive blood constituent monitoring platform that can measure many blood constituents that previously required invasive procedures. Masimo Rainbow SET continuously and noninvasively measures total hemoglobin (SpHb(TM)), oxygen content (SpOC(TM)), carboxyhemoglobin (SpCO(TM)), methemoglobin (SpMet(R)), and PVI(TM), in addition to oxyhemoglobin (SpO2), pulse rate (PR), and perfusion index (PI), allowing early detection and treatment of potentially life-threatening conditions. Founded in 1989, Masimo has the mission of "Improving Patient Outcomes and Reducing Cost of Care by Taking Noninvasive Monitoring to New Sites and Applications." Additional information about Masimo and its products may be found at www.masimo.com.

Forward-Looking Statements

This press release includes forward-looking statements as defined in Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934, in connection with the Private Securities Litigation Reform Act of 1995. These forward-looking statements are based on current expectations about future events affecting us and are subject to risks and uncertainties, all of which are difficult to predict and many of which are beyond our control and could cause our actual results to differ materially and adversely from those expressed in our forward-looking statements as a result of various risk factors, including, but not limited to: risks related to our assumption that the positive results and clinical outcomes presented by Dartmouth-Hitchcock Medical Center will be repeated at other hospitals, risks related to our assumption that Masimo Patient SafetyNet will deliver a sufficient level of clinical improvement over alternative remote monitoring systems to allow for rapid adoption of the technology on general care floors, as well as other factors discussed in the "Risk Factors" section of our Quarterly Report on Form 10-Q for the fiscal quarter ended September 27, 2008, filed with the Securities and Exchange Commission ("SEC") on October 29, 2008, which may be obtained for free at the SEC's website at www.sec.gov. Although we believe that the expectations reflected in our forward-looking statements are reasonable, we do not know whether our expectations will prove correct. All forward-looking statements included in this press release are expressly qualified in their entirety by the foregoing cautionary statements. You are cautioned not to place undue reliance on these forward-looking statements, which speak only as of today's date. We do not undertake any obligation to update, amend or clarify these forward-looking statements or the "Risk Factors" contained in our Quarterly Report on Form 10-Q for the fiscal quarter ended September 27, 2008, whether as a result of new information, future events or otherwise, except as may be required under the applicable securities laws.

Skip to main content

Contact:
Dana Banks

Exhibit AA

Page 349



SEARCH

MENU

Masimo, SET, Signal Extraction Technology, Improving Outcomes and Reducing Cost of Care by Taking Noninvasive Monitoring to New Sites and Applications, Rainbow, SpHb, SpOC, SpCO, SpMet, PVI, Radical-7, Rad-87, Rad-57,Rad-9, Rad-8, Rad-5,Pulse CO-Oximetry and Pulse CO-Oximeter are trademarks or registered trademarks of Masimo Corporation. CPT is a trademark of the American Medical Association.

SOURCE Masimo Web Site:
http://www.apsf.org/initiatives/pca.mspx
http://www.jointcommission.org/PatientSafety/NationalPatientSafetyGoals/08_npsgs.htm
http://www.masimo.com

*View All News*



Follow us



  Twitter   LinkedIn   YouTube

Privacy

Privacy Notice

Cookie Notice

Resources

*Information Request*          *Email Alerts*

© 2021 Masimo. All Rights Reserved.

Powered By Q4 Inc. 5.53.0.1

Exhibit AA
Page 350

# Exhibit AB

# New Multi-Center Study Finds Clinical Practice Change with Masimo SET Pulse Oximetry Reduces Severe Eye Damage More Than 50% in Premature Newborns

## Only Use of Masimo SET Reduced Severe Blindness and Corrective Laser Surgery

NEWS PROVIDED BY

**Masimo** →

Sep 30, 2010, 12:59 ET

IRVINE, Calif., Sept. 30 /PRNewswire-FirstCall/ -- Masimo (Nasdaq: MASI) announced today that a new multi-center study published in the International Peer-Reviewed Academic Journal, Acta Paediatrica, shows that a change in clinical practice with the use of Masimo SET pulse oximetry technology led to a significant reduction of severe Retinopathy of Prematurity (ROP)—a devastating eye disease resulting in partial or complete blindness—in premature newborns. The study also confirmed that conventional pulse oximetry technology is not effective in reducing ROP, even when clinical practice is changed to reflect lowered oxygen saturation targets. (1)

Exhibit AB
Page 352

ROP is the second leading cause of blindness in childhood in the United States—affecting over 20% of premature babies. (2) A major cause of ROP is the use of excess oxygen to treat respiratory problems in premature babies, which stimulates abnormal vessel growth within the eye.  Although the use of pulse oximetry is established as a standard-of-care technology for measuring oxygen saturation and appropriately titrating oxygen administration to prevent ROP, accuracy and reliability varies greatly by which pulse oximetry technology is used. Masimo SET pulse oximetry technology is clinically-proven to measure-through motion and low perfusion, leading to accurate and reliable monitoring of oxygen saturation in premature newborns. Although previous clinical studies have shown a reduction in the incidence of ROP in premature newborns when Masimo SET pulse oximetry is used in combination with appropriate titration of oxygen administration, (3) (4) this is the first published study showing a head-to-head comparison of Masimo SET vs. another "next generation" pulse oximetry.

In the current study, researchers examined the role that SpO2 technology plays in the prevention of ROP in 571 high-risk premature newborns (weighing less than 1,250 grams / 2.75 lbs) at two Emory University (Atlanta, GA) hospitals during two consecutive three-year periods (Periods 1 and 2) and an 18-month follow-up period (Period 3).  During Period 1, Nellcor pulse oximeters were used in both centers and oxygen saturation targets were set at 92-100%.  In Period 2, new practice guidelines for lower oxygen saturation targets of 88-93% for premature infants were implemented at both centers, but only one center switched to Masimo SET oximeters.  In Period 3, the center previously using Nellcor oximeters switched to Masimo SET.

Study results showed that in Period 1, when both centers were using Nellcor, ROP rates were not different between centers.  In period 2, when both centers implemented a practice change, the center switching to Masimo SET reduced ROP rates from 12% to 5% while the center using Nellcor did not reduce ROP rates at all, remaining at a 13% ROP rate.  In period 3, the center previously using

Exhibit AB
Page 353

conventional pulse oximetry switched to Masimo SET and reduced ROP rates from 13% to 6%.  Researchers concluded that the "reduction in the incidence of severe ROP and need for laser therapy was associated with the use of signal extraction pulse oximetry (Masimo SET)" and the study "findings lend further support to the significance of using improved saturation monitors in managing critically-ill infants."

According to lead researcher, Armando Castillo, MD, Neonatologist at Northeast Georgia Medical Center, "Our study findings show that Masimo SET is not only clinically beneficial, but uniquely impactful for reducing the incidence and prevalence of ROP in Extremely Low Birth Weight infants.  As such, NICU clinicians wanting to use evidence-based strategies should seriously consider implementing Masimo SET."

**About Masimo**

Masimo (NASDAQ: MASI) is the global leader in innovative noninvasive monitoring technologies that significantly improve patient care—helping solve "unsolvable" problems.  In 1995, the company debuted Measure-Through Motion and Low Perfusion pulse oximetry, known as Masimo SET®, which virtually eliminated false alarms and increased pulse oximetry's ability to detect life-threatening events.  More than 100 independent and objective studies demonstrate Masimo SET provides the most reliable SpO2 and pulse rate measurements even under the most challenging clinical conditions, including patient motion and low peripheral perfusion.  In 2005, Masimo introduced rainbow® SET Pulse CO-Oximetry™ technology, allowing noninvasive and continuous monitoring of blood constituents that previously required invasive procedures, including total hemoglobin (SpHb®), oxygen content (SpOC™), carboxyhemoglobin (SpCO®), methemoglobin (SpMet®), and Pleth Variability Index (PVI®), in addition to SpO2, pulse rate, and perfusion index (PI).  In 2008, Masimo introduced Patient SafetyNet™, a remote monitoring and wireless

Exhibit AB
Page 354

clinician notification system designed to help hospitals avoid preventable deaths and injuries associated with failure to rescue events.  In 2009, Masimo introduced rainbow Acoustic Monitoring™, the first-ever noninvasive and continuous monitoring of acoustic respiration rate (RRa™).  Masimo's rainbow SET technology platform offers a breakthrough in patient safety by helping clinicians detect life-threatening conditions and helping guide treatment options.  In 2010, Masimo acquired SEDLine®, a pioneer in the development of innovative brain function monitoring technology and devices.  Masimo SET and Masimo rainbow SET technologies can be also found in over 100 multiparameter patient monitors from over 50 medical device manufacturers around the world.  Founded in 1989, Masimo has the mission of "Improving Patient Outcomes and Reducing Cost of Care … by Taking Noninvasive Monitoring to New Sites and Applications®." Additional information about Masimo and its products may be found at www.masimo.com.

**Forward Looking Statements**

This press release includes forward-looking statements as defined in Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934, in connection with the Private Securities Litigation Reform Act of 1995. These forward-looking statements are based on current expectations about future events affecting us and are subject to risks and uncertainties, all of which are difficult to predict and many of which are beyond our control and could cause our actual results to differ materially and adversely from those expressed in our forward-looking statements as a result of various risk factors, including, but not limited to: risks related to our belief that using Masimo SET pulse oximetry technology will help to dramatically reduce the incidence of ROP, risks related to our belief that Masimo SET provides superior sensitivity and specificity to more accurately and reliably measure oxygen saturation in premature newborns weighing less than 1,250 grams than conventional pulse oximetry technologies, risks related to our assumptions regarding the repeatability of clinical results, as

Exhibit AB
Page 355

well as other factors discussed in the "Risk Factors" section of our most recent reports filed with the Securities and Exchange Commission ("**SEC**"), which may be obtained for free at the SEC's website at www.sec.gov. Although we believe that the expectations reflected in our forward-looking statements are reasonable, we do not know whether our expectations will prove correct. All forward-looking statements included in this press release are expressly qualified in their entirety by the foregoing cautionary statements. You are cautioned not to place undue reliance on these forward-looking statements, which speak only as of today's date. We do not undertake any obligation to update, amend or clarify these forward-looking statements or the "Risk Factors" contained in our most recent reports filed with the SEC, whether as a result of new information, future events or otherwise, except as may be required under the applicable securities laws.

Masimo, SET, Signal Extraction Technology, Improving Patient Outcome and Reducing Cost of Care... by Taking Noninvasive Monitoring to New Sites and Applications, rainbow, SpHb, SpOC, SpCO, SpMet, PVI, rainbow Acoustic Monitoring, RRa, Radical-7, Rad-87, Rad-57,Rad-8, Rad-5,Pulse CO-Oximetry, Pulse CO-Oximeter, and SEDLine  are trademarks or registered trademarks of Masimo Corporation.

(1) Castillo A.,  Deulofeut R., Critz A.,  Sola A.  "Prevention of Retinopathy of Prematurity in Preterm Infants through Changes in Clinical Practice and SpO2 Technology." Acta Paediatrica, accepted article published online ahead of print here.

(2) Naveed Hussain, Jonathan Clive, and Vineet Bhandari. "Current Incidence of Retinopathy of Prematurity." 1989-1997 Pediatrics, Sep 1999; 104: e26.

(3) Chow L, Wright K, Sola A. "Can Changes in Clinical Practice Decrease the Incidence of Severe Retinopathy of Prematurity in Very Low Birth Weight Infants?" Pediatrics 2003; 111(2):339-345.

(4) Sola A., Rogido, Marta, Deulofeut, Richard. "Oxygen as a Neonatal Health Hazard: Call for Detente in Clinical Practice." Acta Paediatrica 2007; 96:801-812.

**Media Contacts:**

Dana Banks, phone: (949) 297-7348, email: dbanks@masimo.com

SOURCE Masimo

Exhibit AB
Page 357

# Exhibit AC

Docket No.:  MAS.1007A                                              **Customer No. 64735**

---

### INFORMATION DISCLOSURE STATEMENT

| | | |
|---|---|---|
| First Inventor | : | Ammar Al-Ali |
| App. No. | : | 15/195199 |
| Filed | : | June 28, 2016 |
| For | : | ADVANCED PULSE OXIMETRY SENSOR |
| Examiner | : | Fardanesh, Marjan |
| Art Unit | : | 3735 |
| Conf. No. | : | 3453 |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

**References and Listing**

Pursuant to 37 CFR 1.56, an Information Disclosure Statement listing references is provided herewith. Copies of any listed foreign and non-patent literature references are being submitted.

**No Disclaimers**

To the extent that anything in the Information Disclosure Statement or the listed references could be construed as a disclaimer of any subject matter supported by the present application, Applicant hereby rescinds and retracts such disclaimer.

**Timing of Disclosure**

This Information Disclosure Statement is being filed after receipt of a First Office Action, but before the mailing date of a Final Action and before the mailing date of a Notice of Allowance.

This Statement is accompanied by the fees set forth in 37 CFR 1.17(p).  The Commissioner is hereby authorized to charge any additional fees which may be required or to credit any overpayment to Account No. 11-1410.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  <u>December 20, 2018</u>                By: <u>/Aaron S. Johnson/</u>
                                          Aaron S. Johnson
                                          Registration No. 74,164
                                          Registered Practitioner
                                          Customer No. 64735
                                          (949) 760-0404

29628289

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 15/195199 |
|---|---|---|
| | Filing Date | June 28, 2016 |
| | First Named Inventor | Ammar Al-Ali |
| | Art Unit | 3735 |
| *(Multiple sheets used when necessary)* | Examiner | Fardanesh, Marjan |
| SHEET 1 OF 4 | Attorney Docket No. | MAS.1007A |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | 7,519,327 | 4/14/2009 | White | |
| | 2 | 7,601,123 | 10/13/2009 | Tweed, et al. | |
| | 3 | 7,726,209 | 6/1/2010 | Ruotoistenmäki | |
| | 4 | 7,862,523 | 1/4/2011 | Ruotoistenmaki | |
| | 5 | 8,289,130 | 10/16/2012 | Nakajima et al. | |
| | 6 | 8,364,389 | 1/29/2013 | Dorogusker et al. | |
| | 7 | 8,615,290 | 12/24/2013 | Lin et al. | |
| | 8 | 8,655,004 | 2/18/2014 | Prest et al. | |
| | 9 | 8,760,517 | 6/24/2014 | Sarwar et al. | |
| | 10 | 9,072,437 | 7/7/2015 | Paalasmaa | |
| | 11 | 9,081,889 | 7/14/2015 | Ingrassia, Jr. et al. | |
| | 12 | 9,210,566 | 12/8/2015 | Ziemianska et al. | |
| | 13 | 9,311,382 | 4/12/2016 | Varoglu et al. | |
| | 14 | 9,357,665 | 5/31/2016 | Myers et al. | |
| | 15 | 9,489,081 | 11/8/2016 | Anzures et al. | |
| | 16 | 9,497,534 | 11/15/2016 | Prest et al. | |
| | 17 | 9,526,430 | 12/27/2016 | Srinivas et al. | |
| | 18 | 9,553,625 | 1/24/2017 | Hatanaka et al. | |
| | 19 | 9,593,969 | 3/14/2017 | King | |
| | 20 | 9,651,405 | 5/16/2017 | Gowreesunker et al. | |
| | 21 | 9,668,676 | 6/6/2017 | Culbert | |
| | 22 | 9,699,546 | 7/4/2017 | Qian et al. | |
| | 23 | 9,716,937 | 7/25/2017 | Qian et al. | |
| | 24 | 9,723,997 | 8/8/2017 | Lamego | |
| | 25 | 9,781,984 | 10/10/2017 | Baranski et al. | |
| | 26 | 9,838,775 | 12/5/2017 | Qian et al. | |
| | 27 | 9,848,823 | 12/26/2017 | Raghuram et al. | |
| | 28 | 9,866,671 | 1/9/2018 | Thompson et al. | |
| | 29 | 9,867,575 | 1/16/2018 | Maani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|
| | Application No. | 15/195199 | |
| | Filing Date | June 28, 2016 | |
| | First Named Inventor | Ammar Al-Ali | |
| | Art Unit | 3735 | |
| *(Multiple sheets used when necessary)* | Examiner | Fardanesh, Marjan | |
| SHEET 2 OF 4 | Attorney Docket No. | MAS.1007A | |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 30 | 9,898,049 | 2/20/2018 | Myers et al. | |
| | 31 | 9,918,646 | 3/20/2018 | Singh Alvarado et al. | |
| | 32 | 9,952,095 | 4/24/2018 | Hotelling et al. | |
| | 33 | 10,039,080 | 7/31/2018 | Miller et al. | |
| | 34 | 10,055,121 | 8/21/2018 | Chaudhri et al. | |
| | 35 | 10,066,970 | 9/4/2018 | Gowreesunker et al. | |
| | 36 | 10,076,257 | 9/18/2018 | Lin et al. | |
| | 37 | 10,078,052 | 9/18/2018 | Ness et al. | |
| | 38 | 2014/0171146 | 6/19/2014 | Ma et al. | |
| | 39 | 2015/0173671 | 6/25/2015 | Paalasmaa et al. | |
| | 40 | 2015/0255001 | 9/10/2015 | Haughav et al. | |
| | 41 | 2015/0281424 | 10/1/2015 | Vock et al. | |
| | 42 | 2015/0318100 | 11/5/2015 | Rothkopf et al. | |
| | 43 | 2016/0019360 | 1/21/2016 | PAHWA et al. | |
| | 44 | 2016/0023245 | 1/28/2016 | Zadesky et al. | |
| | 45 | 2016/0038045 | 2/11/2016 | Shapiro | |
| | 46 | 2016/0051157 | 2/25/2016 | Waydo | |
| | 47 | 2016/0051158 | 2/25/2016 | Silva | |
| | 48 | 2016/0058302 | 3/3/2016 | Raghuram et al. | |
| | 49 | 2016/0058309 | 3/3/2016 | Han | |
| | 50 | 2016/0058312 | 3/3/2016 | Han et al. | |
| | 51 | 2016/0058356 | 3/3/2016 | RAGHURAM et al. | |
| | 52 | 2016/0058370 | 3/3/2016 | RAGHURAM et al. | |
| | 53 | 2016/0071392 | 3/10/2016 | Hankey et al. | |
| | 54 | 2016/0154950 | 6/2/2016 | NAKAJIMA et al. | |
| | 55 | 2016/0157780 | 6/9/2016 | RIMMINEN et al. | |
| | 56 | 2016/0213309 | 7/28/2016 | SANNHOLM et al. | |
| | 57 | 2016/0256058 | 9/8/2016 | Pham et al. | |
| | 58 | 2016/0256082 | 9/8/2016 | Ely et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 15/195199 |
|---|---|---|---|
| | | Filing Date | June 28, 2016 |
| | | First Named Inventor | Ammar Al-Ali |
| | | Art Unit | 3735 |
| (Multiple sheets used when necessary) | | Examiner | Fardanesh, Marjan |
| SHEET 3 OF 4 | | Attorney Docket No. | MAS.1007A |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 59 | 2016/0267238 | 9/15/2016 | Nag | |
| | 60 | 2016/0287181 | 10/6/2016 | Han et al. | |
| | 61 | 2016/0296173 | 10/13/2016 | Culbert | |
| | 62 | 2016/0296174 | 10/13/2016 | Isikman et al. | |
| | 63 | 2016/0310027 | 10/27/2016 | Han | |
| | 64 | 2016/0378069 | 12/29/2016 | Rothkopf | |
| | 65 | 2016/0378071 | 12/29/2016 | Rothkopf | |
| | 66 | 2017/0007183 | 1/12/2017 | Dusan et al. | |
| | 67 | 2017/0010858 | 1/12/2017 | Prest et al. | |
| | 68 | 2017/0074897 | 3/16/2017 | Mermel et al. | |
| | 69 | 2017/0084133 | 3/23/2017 | Cardinali et al. | |
| | 70 | 2017/0086689 | 3/30/2017 | Shui et al. | |
| | 71 | 2017/0086742 | 3/30/2017 | Harrison-Noonan et al. | |
| | 72 | 2017/0086743 | 3/30/2017 | Bushnell et al. | |
| | 73 | 2017/0094450 | 3/30/2017 | Tu et al. | |
| | 74 | 2017/0164884 | 6/15/2017 | Culbert et al. | |
| | 75 | 2017/0248446 | 8/31/2017 | Gowreesunker et al. | |
| | 76 | 2017/0273619 | 9/28/2017 | Alvarado et al. | |
| | 77 | 2017/0281024 | 10/5/2017 | Narasimhan et al. | |
| | 78 | 2017/0293727 | 10/12/2017 | Klaassen et al. | |
| | 79 | 2017/0325698 | 11/16/2017 | Allec et al. | |
| | 80 | 2017/0325744 | 11/16/2017 | Allec et al. | |
| | 81 | 2017/0340209 | 11/30/2017 | Klaassen et al. | |
| | 82 | 2017/0340219 | 11/30/2017 | Sullivan et al. | |
| | 83 | 2017/0347885 | 12/7/2017 | Tan et al. | |
| | 84 | 2017/0354332 | 12/14/2017 | Lamego | |
| | 85 | 2017/0354795 | 12/14/2017 | BLAHNIK et al. | |
| | 86 | 2017/0358239 | 12/14/2017 | Arney et al. | |
| | 87 | 2017/0358240 | 12/14/2017 | Blahnik et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 15/195199 |
|---|---|---|---|
| | | Filing Date | June 28, 2016 |
| | | First Named Inventor | Ammar Al-Ali |
| | | Art Unit | 3735 |
| *(Multiple sheets used when necessary)* | | Examiner | Fardanesh, Marjan |
| SHEET 4 OF 4 | | Attorney Docket No. | MAS.1007A |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 88 | 2017/0358242 | 12/14/2017 | Thompson et al. | |
| | 89 | 2017/0360306 | 12/14/2017 | Narasimhan et al. | |
| | 90 | 2017/0366657 | 12/21/2017 | Thompson et al. | |
| | 91 | 2018/0014781 | 1/18/2018 | Clavelle et al. | |
| | 92 | 2018/0025287 | 1/25/2018 | Mathew et al. | |
| | 93 | 2018/0042556 | 2/15/2018 | SHAHPARNIA et al. | |
| | 94 | 2018/0049694 | 2/22/2018 | Singh Alvarado et al. | |
| | 95 | 2018/0050235 | 2/22/2018 | Tan et al. | |
| | 96 | 2018/0055375 | 3/1/2018 | MARTINEZ et al. | |
| | 97 | 2018/0055439 | 3/1/2018 | Pham et al. | |
| | 98 | 2018/0056129 | 1/1/2018 | NARASIMHA RAO et al. | |
| | 99 | 2018/0078151 | 3/22/2018 | ALLEC et al. | |
| | 100 | 2018/0078182 | 3/22/2018 | CHEN et al. | |
| | 101 | 2018/0110469 | 4/26/2018 | MAANI et al. | |
| | 102 | 2018/0153418 | 6/7/2018 | SULLIVAN et al. | |
| | 103 | 2018/0164853 | 6/14/2018 | Myers et al. | |
| | 104 | 2018/0196514 | 7/12/2018 | ALLEC et al. | |
| | 105 | 2018/0228414 | 8/16/2018 | SHAO et al. | |
| | 106 | 2018/0238734 | 8/23/2018 | Hotelling et al. | |
| | 107 | 2018/0279956 | 10/4/2018 | WAYDO et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No. | Foreign Patent Document Country Code-Number-Kind Code Example:   JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | | | | | | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | | | |

29627918

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AC
Page 363

# Exhibit AD

**Application No.:**   **16/212440**
**Filing Date:**   **December 6, 2018**

**References for Examiner Consideration**

Applicant wishes to draw the Examiner's attention to, and encourages the Examiner to review, the following co-owned patents and/or applications and their existing and ongoing prosecution history, including without limitation Office Actions, Amendments, Remarks, and any other potentially relevant documents:

| Docket No. | Patent No. | Title | Issued |
|---|---|---|---|
| MASCER.002C1 | 9,277,880 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/08/2016 |
| MASCER.003A | 8,630,691 | MULTI-STREAM SENSOR FRONT ENDS FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 01/14/2014 |
| MASCER.003D1 | 8,909,310 | MULTI-STREAM SENSOR FRONT ENDS FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/09/2014 |
| MASCER.004A | 8,203,704 | MULTI-STREAM SENSOR FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 06/19/2012 |
| MASCER.004C1 | 8,570,503 | HEAT SINK FOR NONINVASIVE MEDICAL SENSOR | 10/29/2013 |
| CERCA.005A | 8,515,509 | MULTI-STREAM EMITTER FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/20/2013 |
| MASCER.006A | 8,577,431 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 11/05/2013 |
| MASCER.006C1 | 9,717,425 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 08/01/2017 |
| MASCER.007A | 8,437,825 | CONTOURED PROTRUSION FOR IMPROVING SPECTROSCOPIC MEASUREMENT OF BLOOD CONSTITUENTS | 05/07/2013 |
| MASCER.007C1 | 9,591,975 | CONTOURED PROTRUSION FOR IMPROVING SPECTROSCOPIC MEASUREMENT OF BLOOD CONSTITUENTS | 03/14/2017 |
| MASCER.008A | 8,688,183 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 04/01/2014 |
| MASCER.008C1 | 9,186,102 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 11/17/2015 |
| MASCER.008C2 | 9,668,680 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 06/06/2017 |
| MASCER.009DA | D621516 | PATIENT MONITORING SENSOR | 08/10/2010 |
| MASCER.010DA | D606659 | PATIENT MONITOR | 12/22/2009 |

Exhibit AD
Page 365

**Application No.:**   **16/212440**
**Filing Date:**        **December 6, 2018**

| Docket No. | Serial No. | Title | Filed |
|---|---|---|---|
| MASCER.002A | 12/534827 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/03/2009 |
| MASCER.002C2 | 14/981290 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/28/2015 |
| MASCER.002C4 | 16/212537 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/06/2018 |
| MASCER.004C3 | 14/064055 | MULTI-STREAM SENSOR FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 10/25/2013 |
| MASCER.006C2 | 15/660743 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 07/26/2017 |
| MASCER.011A | 12/497506 | HEAT SINK FOR NONINVASIVE MEDICAL SENSOR | 07/02/2009 |

Applicant notes that cited references, office actions, responses, and notices of allowance currently exist or will exist with reference to the above-referenced matters. Applicant also understands that the Examiner has access to sophisticated online Patent Office computing systems that provide ready access to the full file histories of these matters including, for example, specifications, drawings, pending claims, cited art, office actions, responses, declarations, and notices of allowance. Rather than submit copies of these file histories, Applicant respectfully requests that the Examiner continue to review these file histories online for past, current, and future information about these matters that may be relevant to examination of the present application. Also, if the Examiner cannot readily access these file histories, Applicant would be pleased to provide any portion of any of the file histories at any time upon specific Examiner request.

**No Disclaimers**

To the extent that anything in the Information Disclosure Statement or the listed references could be construed as a disclaimer of any subject matter supported by the present application, Applicant hereby rescinds and retracts such disclaimer.

**Timing of Disclosure**

This Information Disclosure Statement is being filed within three months of the filing date, and no fee is believed to be required.

Exhibit AD
Page 366

**Application No.:**    **16/212440**
**Filing Date:**       **December 6, 2018**


The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment, to Account No. 11-1410.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: <u>December 18, 2018</u>     By: /Scott Cromar/_____
                                 Scott A. Cromar
                                 Registration No. 65,066
                                 Registered Practitioner
                                 Customer No. 64735
                                 (949) 760-0404

29624527

Exhibit AD
Page 367

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/212440 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 1 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number *Number - Kind Code (if known)* Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | 3,910,701 | 10-07-1975 | Henderson et al. | |
| | 2 | 4,114,604 | 09-19-1978 | Shaw et al. | |
| | 3 | 4,258,719 | 03-31-1981 | Lewyn | |
| | 4 | 4,267,844 | 05-19-1981 | Yamanishi | |
| | 5 | 4,438,338 | 03-20-1984 | Stitt | |
| | 6 | 4,444,471 | 04-24-1984 | Ford et al. | |
| | 7 | 4,653,498 | 03-31-1987 | New, Jr. et al. | |
| | 8 | 4,655,225 | 04-07-1987 | Dahne et al. | |
| | 9 | 4,684,245 | 08-04-1987 | Goldring | |
| | 10 | 4,709,413 | 11-24-1987 | Forrest | |
| | 11 | 4,755,676 | 07-05-1988 | Gaalema et al. | |
| | 12 | 4,781,195 | 11-01-1988 | Martin | |
| | 13 | 4,805,623 | 02-21-1989 | Jöbsis | |
| | 14 | 4,880,304 | 11-14-1989 | Jaeb et al. | |
| | 15 | 4,960,128 | 10-02-1990 | Gordon et al. | |
| | 16 | 4,964,408 | 10-23-1990 | Hink et al. | |
| | 17 | 5,028,787 | 07-02-1991 | Rosenthal, et al. | |
| | 18 | 5,035,243 | 07-30-1991 | Muz, Edwin | |
| | 19 | 5,041,187 | 08-20-1991 | Hink et al. | |
| | 20 | 5,043,820 | 08-27-1991 | Wyles et al. | |
| | 21 | 5,069,213 | 12-03-1991 | Polczynski | |
| | 22 | 5,069,214 | 12-03-1991 | Samaras et al. | |
| | 23 | 5,077,476 | 12-31-1991 | Rosenthal | |
| | 24 | 5,086,229 | 02-04-1992 | Rosenthal et al. | |
| | 25 | 5,122,925 | 06-16-1992 | Inpyn | |
| | 26 | 5,131,391 | 07-21-1992 | Sakai et al. | |
| | 27 | 5,137,023 | 08-11-1992 | Mendelson, et al. | |
| | 28 | 5,159,929 | 11-03-1992 | McMillen et al. | |
| | 29 | 5,163,438 | 11-17-1992 | Gordon et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|
| | Application No. | 16/212440 | |
| | Filing Date | December 6, 2018 | |
| | First Named Inventor | Poeze, Jeroen et al. | |
| | Art Unit | 2688 | |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned | |
| SHEET 2 OF 33 | Attorney Docket No. | MASCER.002C3 | |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 30 | 5,222,295 | 06-29-1993 | Dorris, Jr. | |
| | 31 | 5,222,495 | 06-29-1993 | Clarke et al. | |
| | 32 | 5,222,496 | 06-29-1993 | Clarke et al. | |
| | 33 | 5,249,576 | 10-05-1993 | Goldberger et al. | |
| | 34 | 5,250,342 | 10-05-1993 | Lang | |
| | 35 | 5,278,627 | 01-11-1994 | Aoyagi et al. | |
| | 36 | 5,297,548 | 03-29-1994 | Pologe, Jonas A. | |
| | 37 | 5,319,355 | 06-07-1994 | Russek | |
| | 38 | 5,337,744 | 08-16-1994 | Branigan | |
| | 39 | 5,337,745 | 08-16-1994 | Benaron | |
| | 40 | 5,341,805 | 08-30-1994 | Stavridi, et al. | |
| | 41 | 5,362,966 | 11-08-1994 | Rosenthal et al. | |
| | 42 | 5,377,676 | 01-03-1995 | Vari, et al. | |
| | 43 | 5,427,093 | 06-27-1995 | Ogawa et al. | |
| | 44 | 5,431,170 | 07-11-1995 | Mathews | |
| | 45 | 5,437,275 | 08-01-1995 | Amundsen et al. | |
| | 46 | 5,441,054 | 08-15-1995 | Tsuchiya | |
| | 47 | 5,452,717 | 09-26-1995 | Branigan et al. | |
| | 48 | 5,456,252 | 10-10-1995 | Vari, et al. | |
| | 49 | 5,479,934 | 01-02-1996 | Imran | |
| | 50 | 5,482,034 | 01-09-1996 | Lewis et al. | |
| | 51 | 5,482,036 | 01-09-1996 | Diab et al. | |
| | 52 | 5,490,505 | 02-13-1996 | Diab et al. | |
| | 53 | 5,490,506 | 02-13-1996 | Takatani et al. | |
| | 54 | 5,494,043 | 02-27-1996 | O'Sullivan et al. | |
| | 55 | 5,511,546 | 04-30-1996 | Hon | |
| | 56 | 5,533,511 | 07-09-1996 | Kaspari et al. | |
| | 57 | 5,534,851 | 07-09-1996 | Russek | |
| | 58 | 5,551,422 | 09-03-1996 | Simonsen et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/212440 | |
| Filing Date | December 6, 2018 | |
| First Named Inventor | Poeze, Jeroen et al. | |
| Art Unit | 2688 | |
| Examiner | Unassigned | |

*(Multiple sheets used when necessary)*

SHEET 3 OF 33

| Attorney Docket No. | MASCER.002C3 |
|---|---|

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 59 | 5,553,616 | 09-09-1996 | Ham et al. | |
| | 60 | 5,553,615 | 09-10-1996 | Carim et al. | |
| | 61 | 5,561,275 | 10-01-1996 | Savage, et al. | |
| | 62 | 5,562,002 | 10-08-1996 | Lalin | |
| | 63 | 5,590,649 | 01-07-1997 | Caro et al. | |
| | 64 | 5,602,924 | 02-11-1997 | Durand et al. | |
| | 65 | 5,625,458 | 04-29-1997 | Alfano et al. | |
| | 66 | 5,632,272 | 05-27-1997 | Diab et al. | |
| | 67 | 5,638,816 | 06-17-1997 | Kiani-Azarbayjany et al. | |
| | 68 | 5,638,818 | 06-17-1997 | Diab et al. | |
| | 69 | 5,645,440 | 07-08-1997 | Tobler et al. | |
| | 70 | 5,676,143 | 10-14-1997 | Simonsen, et al. | |
| | 71 | 5,685,299 | 11-11-1997 | Diab et al. | |
| | 72 | 5,743,262 | 04-28-1998 | Lepper, Jr. et al. | |
| | 73 | 5,750,927 | 05-12-1998 | Baltazar, Osni | |
| | 74 | 5,752,914 | 05-19-1998 | Delonzor et al. | |
| | 75 | 5,758,644 | 06-02-1998 | Diab et al. | |
| | 76 | 5,760,910 | 06-02-1998 | Lepper, Jr. et al. | |
| | 77 | 5,766,131 | 06-16-1998 | Kondo et al. | |
| | 78 | 5,769,785 | 06-23-1998 | Diab et al. | |
| | 79 | 5,782,757 | 07-21-1998 | Diab et al. | |
| | 80 | 5,785,659 | 07-28-1998 | Caro et al. | |
| | 81 | 5,791,347 | 08-11-1998 | Flaherty et al. | |
| | 82 | 5,792,052 | 08-11-1998 | Isaacson et al. | |
| | 83 | 5,810,734 | 09-22-1998 | Caro et al. | |
| | 84 | 5,823,950 | 10-20-1998 | Diab et al. | |
| | 85 | 5,826,885 | 10-27-1998 | Helgeland | |
| | 86 | 5,830,131 | 11-03-1998 | Caro et al. | |
| | 87 | 5,833,618 | 11-10-1998 | Caro et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212440 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 4 OF 33 | | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 88 | 5,851,178 | 12-22-1998 | Aronow | |
| | 89 | 5,860,919 | 01-19-1999 | Kiani-Azarbayjany et al. | |
| | 90 | 5,890,929 | 04-06-1999 | Mills et al. | |
| | 91 | 5,902,235 | 05-11-1999 | Lewis et al. | |
| | 92 | 5,903,357 | 05-11-1999 | Colak | |
| | 93 | 5,904,654 | 05-18-1999 | Wohltmann et al. | |
| | 94 | 5,919,134 | 07-06-1999 | Diab | |
| | 95 | 5,934,925 | 08-10-1999 | Tobler et al. | |
| | 96 | 5,940,182 | 08-17-1999 | Lepper, Jr. et al. | |
| | 97 | 5,957,840 | 09-28-1999 | Terasawa et al. | |
| | 98 | 5,995,855 | 11-30-1999 | Kiani et al. | |
| | 99 | 5,997,343 | 12-07-1999 | Mills et al. | |
| | 100 | 6,002,952 | 12-14-1999 | Diab et al. | |
| | 101 | 6,011,986 | 01-04-2000 | Diab et al. | |
| | 102 | 6,027,452 | 02-22-2000 | Flaherty et al. | |
| | 103 | 6,036,642 | 03-14-2000 | Diab et al. | |
| | 104 | 6,045,509 | 04-04-2000 | Caro et al. | |
| | 105 | 6,049,727 | 04-11-2000 | Crothall, Katherine D. | |
| | 106 | 6,067,462 | 05-23-2000 | Diab et al. | |
| | 107 | 6,081,735 | 06-27-2000 | Diab et al. | |
| | 108 | 6,088,607 | 07-11-2000 | Diab et al. | |
| | 109 | 6,110,522 | 08-29-2000 | Lepper, Jr. et al. | |
| | 110 | 6,124,597 | 09-26-2000 | Shehada | |
| | 111 | 6,128,521 | 10-03-2000 | Marro et al. | |
| | 112 | 6,129,675 | 10-10-2000 | Jay | |
| | 113 | 6,144,866 | 11-07-2000 | Miesel et al. | |
| | 114 | 6,144,868 | 11-07-2000 | Parker | |
| | 115 | 6,151,516 | 11-21-2000 | Kiani-Azarbayjany et al. | |
| | 116 | 6,152,754 | 11-28-2000 | Gerhardt et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T$^1$** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 5 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code (if known)<br>Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 117 | 6,157,850 | 12-05-2000 | Diab et al. | |
| | 118 | 6,165,005 | 12-26-2000 | Mills et al. | |
| | 119 | 6,172,743 | 01-09-2001 | Kley, et al. | |
| | 120 | 6,181,958 | 01-30-2001 | Steuer et al. | |
| | 121 | 6,184,521 | 02-06-2001 | Coffin, IV et al. | |
| | 122 | 6,206,830 | 03-27-2001 | Diab et al. | |
| | 123 | 6,223,063 | 04-24-2001 | Chaiken et al. | |
| | 124 | 6,229,856 | 05-08-2001 | Diab et al. | |
| | 125 | 6,232,609 | 05-15-2001 | Snyder, et al. | |
| | 126 | 6,236,872 | 05-22-2001 | Diab et al. | |
| | 127 | 6,241,683 | 06-05-2001 | Macklem, et al. | |
| | 128 | 6,253,097 | 06-26-2001 | Aronow et al. | |
| | 129 | 6,256,523 | 07-03-2001 | Diab et al. | |
| | 130 | 6,263,222 | 07-17-2001 | Diab et al. | |
| | 131 | 6,278,522 | 08-21-2001 | Lepper, Jr. et al. | |
| | 132 | 6,278,889 | 08-21-2001 | Robinson | |
| | 133 | 6,280,213 | 08-28-2001 | Tobler et al. | |
| | 134 | 6,285,896 | 09-04-2001 | Tobler et al. | |
| | 135 | 6,301,493 | 10-09-2001 | Marro et al. | |
| | 136 | 6,317,627 | 11-13-2001 | Ennen et al. | |
| | 137 | 6,321,100 | 11-20-2001 | Parker | |
| | 138 | 6,325,761 | 12-04-2001 | Jay | |
| | 139 | 6,334,065 | 12-25-2001 | Al-Ali et al. | |
| | 140 | 6,343,223 | 01-29-2002 | Chin et al. | |
| | 141 | 6,343,224 | 01-29-2002 | Parker | |
| | 142 | 6,345,194 | 02-05-2002 | Robert Nelson, et al. | |
| | 143 | 6,349,228 | 02-19-2002 | Kiani et al. | |
| | 144 | 6,353,750 | 03-05-2002 | Kimura et al. | |
| | 145 | 6,360,113 | 03-09-2002 | Dettling, Allen | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | |
|---|---|
| Application No. | 16/212440 |
| Filing Date | December 6, 2018 |
| First Named Inventor | Poeze, Jeroen et al. |
| Art Unit | 2688 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C3 |

*(Multiple sheets used when necessary)*

SHEET 6 OF 33

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 146 | 6,360,114 | 03-09-2002 | Diab et al. | |
| | 147 | 6,360,115 | 03-19-2002 | Roger Greenwald, et al. | |
| | 148 | 6,368,283 | 04-09-2002 | Xu, et al. | |
| | 149 | 6,371,921 | 04-16-2002 | Caro et al. | |
| | 150 | 6,377,829 | 04-23-2002 | Al-Ali | |
| | 151 | 6,388,240 | 05-14-2002 | Schulz et al. | |
| | 152 | 6,397,091 | 05-28-2002 | Diab et al. | |
| | 153 | 6,430,437 | 08-06-2002 | Marro | |
| | 154 | 6,430,525 | 08-06-2002 | Weber et al. | |
| | 155 | 6,463,311 | 10-08-2002 | Diab | |
| | 156 | 6,470,199 | 10-22-2002 | Kopotic et al. | |
| | 157 | 6,501,975 | 12-31-2002 | Diab et al. | |
| | 158 | 6,505,059 | 01-07-2003 | Kollias, et al. | |
| | 159 | 6,515,273 | 02-04-2003 | Al-Ali | |
| | 160 | 6,519,487 | 02-11-2003 | Parker | |
| | 161 | 6,522,521 | 02-18-2003 | Mizuno et al. | |
| | 162 | 6,525,386 | 02-25-2003 | Mills et al. | |
| | 163 | 6,526,300 | 02-25-2003 | Kiani et al. | |
| | 164 | 6,541,756 | 04-01-2003 | Schulz et al. | |
| | 165 | 6,542,764 | 04-01-2003 | Al-Ali et al. | |
| | 166 | 6,580,086 | 06-17-2003 | Schulz et al. | |
| | 167 | 6,584,336 | 06-24-2003 | Ali et al. | |
| | 168 | 6,595,316 | 07-22-2003 | Cybulski et al. | |
| | 169 | 6,597,932 | 07-22-2003 | Tian et al. | |
| | 170 | 6,597,933 | 07-22-2003 | Kiani et al. | |
| | 171 | 6,606,509 | 08-12-2003 | Schmitt, Joseph M. | |
| | 172 | 6,606,511 | 08-12-2003 | Ali et al. | |
| | 173 | 6,632,181 | 10-14-2003 | Flaherty et al. | |
| | 174 | 6,636,759 | 10-21-2003 | Robinson | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212440 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 7 OF 33 | | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 175 | 6,639,668 | 10-28-2003 | Trepagnier, Pierre | |
| | 176 | 6,639,867 | 10-28-2003 | Shim | |
| | 177 | 6,640,116 | 10-28-2003 | Diab | |
| | 178 | 6,643,530 | 11-04-2003 | Diab et al. | |
| | 179 | 6,650,917 | 11-18-2003 | Diab et al. | |
| | 180 | 6,654,624 | 11-25-2003 | Diab et al. | |
| | 181 | 6,658,276 | 12-02-2003 | Kiani et al. | |
| | 182 | 6,661,161 | 12-09-2003 | Lanzo et al. | |
| | 183 | 6,668,185 | 12-23-2003 | Toida | |
| | 184 | 6,671,531 | 12-30-2003 | Al-Ali et al. | |
| | 185 | 6,678,543 | 01-13-2004 | Diab et al. | |
| | 186 | 6,681,133 | 01-20-2004 | Chaiken et al. | |
| | 187 | 6,684,090 | 01-27-2004 | Ali et al. | |
| | 188 | 6,684,091 | 01-27-2004 | Parker | |
| | 189 | 6,697,656 | 02-24-2004 | Al-Ali | |
| | 190 | 6,697,657 | 02-24-2004 | Shehada, et al. | |
| | 191 | 6,697,658 | 02-24-2004 | Al-Ali | |
| | 192 | 6,699,194 | 03-02-2004 | Diab et al. | |
| | 193 | 6,714,804 | 03-30-2004 | Al-Ali et al. | |
| | 194 | 6,721,582 | 04-13-2004 | Trepagnier, et al. | |
| | 195 | 6,721,585 | 04-13-2004 | Parker | |
| | 196 | 6,725,075 | 04-20-2004 | Al-Ali | |
| | 197 | 6,728,560 | 04-27-2004 | Kollias, et al. | |
| | 198 | 6,735,459 | 05-11-2004 | Parker | |
| | 199 | 6,745,060 | 06-01-2004 | Diab et al. | |
| | 200 | 6,748,254 | 06-08-2004 | O'Neil et al. | |
| | 201 | 6,760,607 | 07-06-2004 | Al-Ali | |
| | 202 | 6,770,028 | 08-03-2004 | Ali et al. | |
| | 203 | 6,771,994 | 08-03-2004 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 8 OF 33 | Attorney Docket No. | MASCER.002C3 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 204 | 6,792,300 | 09-14-2004 | Diab et al. | |
| | 205 | 6,813,511 | 11-02-2004 | Diab et al. | |
| | 206 | 6,816,010 | 11-09-2004 | Seetharaman et al. | |
| | 207 | 6,816,241 | 11-09-2004 | Grubisic, et al. | |
| | 208 | 6,816,741 | 11-09-2004 | Diab | |
| | 209 | 6,822,564 | 11-23-2004 | Al-Ali | |
| | 210 | 6,826,419 | 11-30-2004 | Diab et al. | |
| | 211 | 6,830,711 | 12-14-2004 | Mills et al. | |
| | 212 | 6,850,787 | 02-01-2005 | Weber et al. | |
| | 213 | 6,850,788 | 02-01-2005 | Al-Ali | |
| | 214 | 6,852,083 | 02-08-2005 | Caro et al. | |
| | 215 | 6,861,639 | 03-01-2005 | Al-Ali | |
| | 216 | 6,898,452 | 05-24-2005 | Al-Ali et al. | |
| | 217 | 6,912,413 | 06-28-2005 | Rantala et al. | |
| | 218 | 6,920,345 | 07-19-2005 | Al-Ali et al. | |
| | 219 | 6,931,268 | 08-16-2005 | Kiani-Azarbayjany et al. | |
| | 220 | 6,934,570 | 08-23-2005 | Kiani et al. | |
| | 221 | 6,939,305 | 09-06-2005 | Flaherty et al. | |
| | 222 | 6,943,348 | 09-13-2005 | Coffin IV | |
| | 223 | 6,950,687 | 09-27-2005 | Al-Ali | |
| | 224 | 6,961,598 | 11-01-2005 | Diab | |
| | 225 | 6,970,792 | 11-29-2005 | Diab | |
| | 226 | 6,979,812 | 12-27-2005 | Al-Ali | |
| | 227 | 6,985,764 | 01-10-2006 | Mason et al. | |
| | 228 | 6,993,371 | 01-31-2006 | Kiani et al. | |
| | 229 | 6,995,400 | 02-07-2006 | Mizuyoshi | |
| | 230 | 6,996,427 | 02-07-2006 | Ali et al. | |
| | 231 | 6,999,904 | 02-14-2006 | Weber et al. | |
| | 232 | 7,003,338 | 02-21-2006 | Weber et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T¹ - Place a check mark in this area when an English language Translation is attached.

Exhibit AD Page 375

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 9 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 233 | 7,003,339 | 02-21-2006 | Diab et al. | |
| | 234 | 7,015,451 | 03-21-2006 | Dalke et al. | |
| | 235 | 7,024,233 | 04-04-2006 | Ali et al. | |
| | 236 | 7,027,849 | 04-11-2006 | Al-Ali | |
| | 237 | 7,030,749 | 04-18-2006 | Al-Ali | |
| | 238 | 7,039,449 | 05-02-2006 | Al-Ali | |
| | 239 | 7,041,060 | 05-09-2006 | Flaherty et al | |
| | 240 | 7,044,918 | 05-16-2006 | Diab | |
| | 241 | 7,047,054 | 05-16-2006 | Benni | |
| | 242 | 7,067,893 | 06-27-2006 | Mills et al. | |
| | 243 | 7,092,757 | 08-15-2006 | Larson et al. | |
| | 244 | 7,096,052 | 08-22-2006 | Mason et al. | |
| | 245 | 7,096,054 | 08-22-2006 | Abdul-Hafiz et al. | |
| | 246 | 7,132,641 | 11-07-2006 | Schulz et al. | |
| | 247 | 7,142,901 | 11-28-2006 | Kiani et al. | |
| | 248 | 7,149,561 | 12-12-2006 | Diab | |
| | 249 | 7,186,966 | 03-06-2007 | Al-Ali | |
| | 250 | 7,190,261 | 03-13-2007 | Al-Ali | |
| | 251 | 7,215,984 | 05-08-2007 | Diab | |
| | 252 | 7,215,986 | 05-08-2007 | Diab | |
| | 253 | 7,221,971 | 05-22-2007 | Diab | |
| | 254 | 7,225,006 | 05-29-2007 | Al-Ali et al. | |
| | 255 | 7,225,007 | 05-29-2007 | Al-Ali | |
| | 256 | 7,230,227 | 06-12-2007 | Wilcken et al. | |
| | 257 | 7,239,905 | 07-03-2007 | Kiani-Azarbayjany et al. | |
| | 258 | 7,245,953 | 07-17-2007 | Parker | |
| | 259 | 7,254,429 | 08-07-2007 | Schurman et al. | |
| | 260 | 7,254,431 | 08-07-2007 | Al-Ali | |
| | 261 | 7,254,433 | 08-07-2007 | Diab et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 10 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 262 | 7,254,434 | 08-07-2007 | Schulz et al. | |
| | 263 | 7,272,425 | 09-18-2007 | Al-Ali | |
| | 264 | 7,274,955 | 09-25-2007 | Kiani et al. | |
| | 265 | 7,280,858 | 10-09-2007 | Al-Ali et al. | |
| | 266 | 7,289,835 | 10-30-2007 | Mansfield et al. | |
| | 267 | 7,292,883 | 11-06-2007 | De Felice et al. | |
| | 268 | 7,295,866 | 11-13-2007 | Al-Ali | |
| | 269 | 7,328,053 | 02-05-2008 | Diab et al. | |
| | 270 | 7,332,784 | 02-19-2008 | Mills, et al. | |
| | 271 | 7,340,287 | 03-04-2008 | Mason et al. | |
| | 272 | 7,341,559 | 03-11-2008 | Schulz et al. | |
| | 273 | 7,343,186 | 03-11-2008 | Lamego et al. | |
| | 274 | 7,355,512 | 04-08-2008 | Al-Ali | |
| | 275 | 7,356,365 | 04-08-2008 | Schurman | |
| | 276 | 7,365,923 | 04-29-2008 | Hargis et al. | |
| | 277 | 7,371,981 | 05-13-2008 | Abdul-Hafiz | |
| | 278 | 7,373,193 | 05-13-2008 | Al-Ali et al. | |
| | 279 | 7,373,194 | 05-13-2008 | Weber et al. | |
| | 280 | 7,376,453 | 05-20-2008 | Diab et al. | |
| | 281 | 7,377,794 | 05-27-2008 | Al Ali et al. | |
| | 282 | 7,377,899 | 05-27-2008 | Weber et al. | |
| | 283 | 7,383,070 | 06-03-2008 | Diab et al. | |
| | 284 | 7,395,189 | 07-01-2008 | Qing et al. | |
| | 285 | 7,415,297 | 08-19-2008 | Al-Ali et al. | |
| | 286 | 7,428,432 | 09-23-2008 | Ali et al. | |
| | 287 | 7,438,683 | 10-21-2008 | Al-Ali et al. | |
| | 288 | 7,440,787 | 10-21-2008 | Diab | |
| | 289 | 7,454,240 | 11-18-2008 | Diab et al. | |
| | 290 | 7,467,002 | 12-16-2008 | Weber et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

Exhibit AD
Page 377

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/212440 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 11 OF 33 | Attorney Docket No. | MASCER.002C3 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 291 | 7,469,157 | 12-23-2008 | Diab et al. | |
| | 292 | 7,471,969 | 12-30-2008 | Diab et al. | |
| | 293 | 7,471,971 | 12-30-2008 | Diab et al. | |
| | 294 | 7,483,729 | 01-27-2009 | Al-Ali et al. | |
| | 295 | 7,483,730 | 01-27-2009 | Diab et al. | |
| | 296 | 7,489,958 | 02-10-2009 | Diab et al. | |
| | 297 | 7,496,391 | 02-24-2009 | Diab et al. | |
| | 298 | 7,496,393 | 02-24-2009 | Diab et al. | |
| | 299 | 7,499,741 | 03-03-2009 | Diab et al. | |
| | 300 | 7,499,835 | 03-03-2009 | Weber et al. | |
| | 301 | 7,500,950 | 03-10-2009 | Al-Ali et al. | |
| | 302 | 7,509,153 | 03-24-2009 | Blank et al. | |
| | 303 | 7,509,154 | 03-24-2009 | Diab et al. | |
| | 304 | 7,509,494 | 03-24-2009 | Al-Ali | |
| | 305 | 7,510,849 | 03-31-2009 | Schurman et al. | |
| | 306 | 7,519,327 | 04-14-2009 | White | |
| | 307 | 7,526,328 | 04-28-2009 | Diab et al. | |
| | 308 | 7,530,942 | 05-12-2009 | Diab | |
| | 309 | 7,530,949 | 05-12-2009 | Al Ali et al. | |
| | 310 | 7,530,955 | 05-12-2009 | Diab et al. | |
| | 311 | 7,563,110 | 07-21-2009 | Al-Ali et al. | |
| | 312 | 7,596,398 | 09-29-2009 | Al-Ali et al. | |
| | 313 | 7,601,123 | 10-13-2009 | Tweed, et al. | |
| | 314 | 7,606,606 | 10-20-2009 | Laakkonen | |
| | 315 | 7,618,375 | 11-17-2009 | Flaherty | |
| | 316 | 7,647,083 | 01-12-2010 | Al-Ali et al. | |
| | 317 | 7,657,294 | 02-02-2010 | Eghbal et al. | |
| | 318 | 7,657,295 | 02-02-2010 | Coakley et al. | |
| | 319 | 7,657,296 | 02-02-2010 | Raridan et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212440 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 12 OF 33 | | Attorney Docket No. | MASCER.002C3 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 320 | 7,726,209 | 06-01-2010 | Ruotoistenmäki | |
| | 321 | 7,729,733 | 06-01-2010 | Al-Ali et al. | |
| | 322 | 7,734,320 | 06-08-2010 | Al-Ali | |
| | 323 | 7,761,127 | 07-20-2010 | Al-Ali et al. | |
| | 324 | 7,761,128 | 07-20-2010 | Al-Ali et al. | |
| | 325 | 7,764,982 | 07-27-2010 | Dalke et al. | |
| | 326 | 7,791,155 | 09-07-2010 | Diab | |
| | 327 | 7,801,581 | 09-21-2010 | Diab | |
| | 328 | 7,809,418 | 10-05-2010 | Xu | |
| | 329 | 7,822,452 | 10-26-2010 | Schurman et al. | |
| | 330 | 7,844,313 | 11-30-2010 | Kiani et al. | |
| | 331 | 7,844,314 | 11-30-2010 | Al-Ali | |
| | 332 | 7,844,315 | 11-30-2010 | Al-Ali | |
| | 333 | 7,862,523 | 01-04-2011 | Ruotoistenmaki | |
| | 334 | 7,865,222 | 01-04-2011 | Weber et al. | |
| | 335 | 7,873,497 | 01-18-2011 | Weber et al. | |
| | 336 | 7,880,606 | 02-01-2011 | Al-Ali | |
| | 337 | 7,880,626 | 02-01-2011 | Al-Ali et al. | |
| | 338 | 7,891,355 | 02-22-2011 | Al-Ali et al. | |
| | 339 | 7,894,868 | 02-22-2011 | Al-Ali et al. | |
| | 340 | 7,899,506 | 03-01-2011 | Xu et al. | |
| | 341 | 7,899,507 | 03-01-2011 | Al-Ali et al. | |
| | 342 | 7,899,518 | 03-01-2011 | Trepagnier et al. | |
| | 343 | 7,904,132 | 03-08-2011 | Weber et al. | |
| | 344 | 7,909,772 | 03-22-2011 | Popov et al. | |
| | 345 | 7,910,875 | 03-22-2011 | Al-Ali | |
| | 346 | 7,919,713 | 04-05-2011 | Al-Ali et al. | |
| | 347 | 7,937,128 | 05-03-2011 | Al-Ali | |
| | 348 | 7,937,129 | 05-03-2011 | Mason et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 13 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 349 | 7,937,130 | 05-03-2011 | Diab et al. | |
| | 350 | 7,941,199 | 05-10-2011 | Kiani | |
| | 351 | 7,951,086 | 05-31-2011 | Flaherty et al. | |
| | 352 | 7,957,780 | 06-07-2011 | Lamego et al. | |
| | 353 | 7,962,188 | 06-14-2011 | Kiani et al. | |
| | 354 | 7,962,190 | 06-14-2011 | Diab et al. | |
| | 355 | 7,976,472 | 07-12-2011 | Kiani | |
| | 356 | 7,988,637 | 08-02-2011 | Diab | |
| | 357 | 7,990,382 | 08-02-2011 | Kiani | |
| | 358 | 7,991,446 | 08-02-2011 | Ali et al. | |
| | 359 | 8,008,088 | 08-08-2011 | Bellott et al. | |
| | 360 | 8,000,761 | 08-16-2011 | Al-Ali | |
| | 361 | 8,019,400 | 09-13-2011 | Diab et al. | |
| | 362 | 8,028,701 | 10-04-2011 | Al-Ali et al. | |
| | 363 | 8,029,765 | 10-04-2011 | Bellott et al. | |
| | 364 | 8,036,728 | 10-11-2011 | Diab et al. | |
| | 365 | 8,044,998 | 10-25-2011 | Heenan | |
| | 366 | 8,046,040 | 10-25-2011 | Ali et al. | |
| | 367 | 8,046,041 | 10-25-2011 | Diab et al. | |
| | 368 | 8,046,042 | 10-25-2011 | Diab et al. | |
| | 369 | 8,048,040 | 11-01-2011 | Kiani | |
| | 370 | 8,050,728 | 11-01-2011 | Al-Ali et al. | |
| | 371 | 8,118,620 | 02-21-2012 | Al-Ali et al. | |
| | 372 | 8,126,528 | 02-28-2012 | Diab et al. | |
| | 373 | 8,126,531 | 02-28-2012 | Crowley | |
| | 374 | 8,128,572 | 03-06-2012 | Diab et al. | |
| | 375 | 8,130,105 | 03-06-2012 | Al-Ali et al. | |
| | 376 | 8,145,287 | 03-27-2012 | Diab et al. | |
| | 377 | 8,150,487 | 04-03-2012 | Diab et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| Application No. | 16/212440 |
| Filing Date | December 6, 2018 |
| First Named Inventor | Poeze, Jeroen et al. |
| Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 14 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code (if known)<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 378 | 8,175,672 | 05-08-2012 | Parker | |
| | 379 | 8,180,420 | 05-15-2012 | Diab et al. | |
| | 380 | 8,182,443 | 05-22-2012 | Kiani | |
| | 381 | 8,185,180 | 05-22-2012 | Diab et al. | |
| | 382 | 8,190,223 | 05-29-2012 | Al-Ali et al. | |
| | 383 | 8,190,227 | 05-29-2012 | Diab et al. | |
| | 384 | 8,203,438 | 06-19-2012 | Kiani et al. | |
| | 385 | 8,203,704 | 06-19-2012 | Merritt et al. | |
| | 386 | 8,219,170 | 07-10-2012 | Hausmann et al. | |
| | 387 | 8,224,411 | 07-17-2012 | Al-Ali et al. | |
| | 388 | 8,228,181 | 07-24-2012 | Al-Ali | |
| | 389 | 8,229,532 | 07-24-2012 | Davis | |
| | 390 | 8,229,533 | 07-24-2012 | Diab et al. | |
| | 391 | 8,233,955 | 07-31-2012 | Al-Ali et al. | |
| | 392 | 8,244,325 | 08-14-2012 | Al-Ali et al. | |
| | 393 | 8,255,026 | 08-28-2012 | Al-Ali | |
| | 394 | 8,255,027 | 08-28-2012 | Al-Ali et al. | |
| | 395 | 8,255,028 | 08-28-2012 | Al-Ali et al. | |
| | 396 | 8,260,577 | 09-04-2012 | Weber et al. | |
| | 397 | 8,265,723 | 09-11-2012 | McHale et al. | |
| | 398 | 8,274,360 | 09-25-2012 | Sampath et al. | |
| | 399 | 8,289,130 | 10-16-2012 | Nakajima et al. | |
| | 400 | 8,301,217 | 10-30-2012 | Al-Ali et al. | |
| | 401 | 8,306,596 | 11-06-2012 | Schurman et al. | |
| | 402 | 8,310,336 | 11-13-2012 | Muhsin et al. | |
| | 403 | 8,315,683 | 11-20-2012 | Al-Ali et al. | |
| | 404 | 8,332,006 | 12-11-2012 | Naganuma et al. | |
| | 405 | 8,337,403 | 12-25-2012 | Al-Ali et al. | |
| | 406 | 8,346,330 | 01-01-2013 | Lamego | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 15 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 407 | 8,353,842 | 01-15-2013 | Al-Ali et al. | |
| | 408 | 8,355,766 | 01-15-2013 | MacNeish, III et al. | |
| | 409 | 8,359,080 | 01-22-2013 | Diab et al. | |
| | 410 | 8,364,223 | 01-29-2013 | Al-Ali et al. | |
| | 411 | 8,364,226 | 01-29-2013 | Diab et al. | |
| | 412 | 8,364,389 | 01-29-2013 | Dorogusker et al. | |
| | 413 | 8,374,665 | 02-12-2013 | Lamego | |
| | 414 | 8,380,272 | 02-19-2013 | Barrett et al. | |
| | 415 | 8,385,995 | 02-26-2013 | Al-ali et al. | |
| | 416 | 8,385,996 | 02-26-2013 | Smith et al. | |
| | 417 | 8,388,353 | 03-05-2013 | Kiani et al. | |
| | 418 | 8,399,822 | 03-19-2013 | Al-Ali | |
| | 419 | 8,401,602 | 03-19-2013 | Kiani | |
| | 420 | 8,405,608 | 03-26-2013 | Al-Ali et al. | |
| | 421 | 8,414,499 | 04-09-2013 | Al-Ali et al. | |
| | 422 | 8,418,524 | 04-16-2013 | Al-Ali | |
| | 423 | 8,421,022 | 04-16-2013 | Rozenfeld | |
| | 424 | 8,423,106 | 04-16-2013 | Lamego et al. | |
| | 425 | 8,428,674 | 04-23-2013 | Duffy et al. | |
| | 426 | 8,428,967 | 04-23-2013 | Olsen et al. | |
| | 427 | 8,430,817 | 04-30-2013 | Al-Ali et al. | |
| | 428 | 8,437,825 | 05-07-2013 | Dalvi et al. | |
| | 429 | 8,455,290 | 06-04-2013 | Siskavich | |
| | 430 | 8,457,703 | 06-04-2013 | Al-Ali | |
| | 431 | 8,457,707 | 06-04-2013 | Kiani | |
| | 432 | 8,463,349 | 06-11-2013 | Diab et al. | |
| | 433 | 8,466,286 | 06-18-2013 | Bellot et al. | |
| | 434 | 8,471,713 | 06-25-2013 | Poeze et al. | |
| | 435 | 8,473,020 | 06-25-2013 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212440 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 16 OF 33 | | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 436 | 8,483,787 | 07-09-2013 | Al-Ali et al. | |
| | 437 | 8,489,364 | 07-16-2013 | Weber et al. | |
| | 438 | 8,498,684 | 07-30-2013 | Weber et al. | |
| | 439 | 8,504,128 | 08-06-2013 | Blank et al. | |
| | 440 | 8,509,867 | 08-13-2013 | Workman et al. | |
| | 441 | 8,515,509 | 08-20-2013 | Bruinsma et al. | |
| | 442 | 8,523,781 | 09-03-2013 | Al-Ali | |
| | 443 | 8,529,301 | 09-10-2013 | Al-Ali et al. | |
| | 444 | 8,532,727 | 09-10-2013 | Ali et al. | |
| | 445 | 8,532,728 | 09-10-2013 | Diab et al. | |
| | 446 | 8,547,209 | 10-01-2013 | Kiani et al. | |
| | 447 | 8,548,548 | 10-01-2013 | Al-Ali | |
| | 448 | 8,548,549 | 10-01-2013 | Schurman et al. | |
| | 449 | 8,548,550 | 10-01-2013 | Al-Ali et al. | |
| | 450 | 8,570,167 | 10-29-2013 | Al-Ali | |
| | 451 | 8,571,617 | 10-29-2013 | Reichgott et al. | |
| | 452 | 8,571,618 | 10-29-2013 | Lamego et al. | |
| | 453 | 8,571,619 | 10-29-2013 | Al-Ali et al. | |
| | 454 | 8,560,032 | 10-15-2013 | Al-Ali et al. | |
| | 455 | 8,560,034 | 10-15-2013 | Diab et al. | |
| | 456 | 8,570,503 | 10-29-2013 | Hung Vo | |
| | 457 | 8,581,732 | 11-12-2013 | Al-Ali et al. | |
| | 458 | 8,577,431 | 11-05-2013 | Lamego et al. | |
| | 459 | 8,584,345 | 11-19-2013 | Al-Ali et al. | |
| | 460 | 8,588,880 | 11-19-2013 | Abdul-Hafiz et al. | |
| | 461 | 8,600,467 | 12-03-2013 | Al-Ali et al. | |
| | 462 | 8,602,971 | 12-10-2013 | Farr | |
| | 463 | 8,606,342 | 12-10-2013 | Diab | |
| | 464 | 8,615,290 | 12-24-2013 | Lin et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| Application No. | 16/212440 | |
| Filing Date | December 6, 2018 | |
| First Named Inventor | Poeze, Jeroen et al. | |
| Art Unit | 2688 | |
| Examiner | Unassigned | |
| Attorney Docket No. | MASCER.002C3 | |

*(Multiple sheets used when necessary)*

SHEET 17 OF 33

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 465 | 8,626,255 | 01-07-2014 | Al-Ali et al. | |
| | 466 | 8,630,691 | 01-14-2014 | Lamego et al. | |
| | 467 | 8,634,889 | 01-21-2014 | Al-Ali et al. | |
| | 468 | 8,641,631 | 02-04-2014 | Sierra et al. | |
| | 469 | 8,652,060 | 02-18-2014 | Al-Ali | |
| | 470 | 8,655,004 | 02-18-2014 | Prest et al. | |
| | 471 | 8,663,107 | 03-04-2014 | Kiani | |
| | 472 | 8,666,468 | 03-04-2014 | Al-Ali | |
| | 473 | 8,667,967 | 03-11-2014 | Al-Ali et al. | |
| | 474 | 8,670,811 | 03-11-2014 | O'Reilly | |
| | 475 | 8,670,814 | 03-11-2014 | Diab et al. | |
| | 476 | 8,676,286 | 03-18-2014 | Weber et al. | |
| | 477 | 8,682,407 | 03-25-2014 | Al-Ali | |
| | 478 | 8,688,183 | 04-01-2014 | Bruinsma et al. | |
| | 479 | 8,690,799 | 04-08-2014 | Telfort et al. | |
| | 480 | 8,700,112 | 04-15-2014 | Kiani | |
| | 481 | 8,702,627 | 04-22-2014 | Telfort et al. | |
| | 482 | 8,706,179 | 04-22-2014 | Parker | |
| | 483 | 8,712,494 | 04-29-2014 | MacNeish, III et al. | |
| | 484 | 8,718,738 | 05-06-2014 | Blank et al. | |
| | 485 | 8,715,206 | 05-06-2014 | Telfort et al. | |
| | 486 | 8,718,735 | 05-06-2014 | Lamego et al. | |
| | 487 | 8,718,737 | 05-06-2014 | Diab et al. | |
| | 488 | 8,720,249 | 05-13-2014 | Al-Ali | |
| | 489 | 8,721,541 | 05-13-2014 | Al-Ali et al. | |
| | 490 | 8,721,542 | 05-13-2014 | Al-Ali et al. | |
| | 491 | 8,723,677 | 05-13-2014 | Kiani | |
| | 492 | 8,740,792 | 06-03-2014 | Kiani et al. | |
| | 493 | 8,754,776 | 06-17-2014 | Poeze et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 18 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 494 | 8,755,535 | 06-17-2014 | Telfort et al. | |
| | 495 | 8,755,856 | 06-17-2014 | Diab et al. | |
| | 496 | 8,755,872 | 06-17-2014 | Marinow | |
| | 497 | 8,760,517 | 06-24-2014 | Sarwar et al. | |
| | 498 | 8,761,850 | 06-24-2014 | Lamego | |
| | 499 | 8,764,671 | 07-01-2014 | Kiani | |
| | 500 | 8,768,423 | 07-01-2014 | Shakespeare et al. | |
| | 501 | 8,771,204 | 07-08-2014 | Telfort et al. | |
| | 502 | 8,777,634 | 07-15-2014 | Kiani et al. | |
| | 503 | 8,781,543 | 07-15-2014 | Diab et al. | |
| | 504 | 8,781,544 | 07-15-2014 | Al-Ali et al. | |
| | 505 | 8,781,549 | 07-15-2014 | Al-Ali et al. | |
| | 506 | 8,788,003 | 07-22-2014 | Schurman et al. | |
| | 507 | 8,790,268 | 07-29-2014 | Al-Ali | |
| | 508 | 8,801,613 | 08-12-2014 | Al-Ali et al. | |
| | 509 | 8,821,397 | 09-02-2014 | Al-Ali et al. | |
| | 510 | 8,821,415 | 09-02-2014 | Al-Ali et al. | |
| | 511 | 8,830,449 | 09-09-2014 | Lamego et al. | |
| | 512 | 8,831,700 | 09-09-2014 | Schurman et al. | |
| | 513 | 8,840,549 | 09-23-2014 | Al-Ali et al. | |
| | 514 | 8,847,740 | 09-30-2014 | Kiani et al. | |
| | 515 | 8,849,365 | 09-30-2014 | Smith et al. | |
| | 516 | 8,852,094 | 10-07-2014 | Al-Ali et al. | |
| | 517 | 8,852,994 | 10-07-2014 | Wojtczuk et al. | |
| | 518 | 8,868,147 | 10-21-2014 | Stippick et al. | |
| | 519 | 8,868,150 | 10-21-2014 | Al-Ali et al. | |
| | 520 | 8,870,792 | 10-28-2014 | Al-Ali et al. | |
| | 521 | 8,886,271 | 11-11-2014 | Kiani et al. | |
| | 522 | 8,888,539 | 11-18-2014 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | Application No. | 16/212440 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 19 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 523 | 8,888,708 | 11-18-2014 | Diab et al. | |
| | 524 | 8,892,180 | 11-18-2014 | Weber et al. | |
| | 525 | 8,897,847 | 11-25-2014 | Al-Ali | |
| | 526 | 8,911,377 | 12-16-2014 | Al-Ali | |
| | 527 | 8,912,909 | 12-16-2014 | Al-Ali et al. | |
| | 528 | 8,920,317 | 12-30-2014 | Al-Ali et al. | |
| | 529 | 8,921,699 | 12-30-2014 | Al-Ali et al | |
| | 530 | 8,922,382 | 12-30-2014 | Al-Ali et al. | |
| | 531 | 8,909,310 | 12-09-2014 | Lamego et al. | |
| | 532 | 8,929,964 | 01-06-2015 | Al-Ali et al. | |
| | 533 | 8,942,777 | 01-27-2015 | Diab et al. | |
| | 534 | 8,948,834 | 02-03-2015 | Diab et al. | |
| | 535 | 8,948,835 | 02-03-2015 | Diab | |
| | 536 | 8,965,471 | 02-24-2015 | Lamego | |
| | 537 | 8,983,564 | 03-17-2015 | Al-Ali | |
| | 538 | 8,989,831 | 03-24-2015 | Al-Ali et al. | |
| | 539 | 8,996,085 | 03-31-2015 | Kiani et al. | |
| | 540 | 8,998,809 | 04-07-2015 | Kiani | |
| | 541 | 9,028,429 | 05-12-2015 | Telfort et al. | |
| | 542 | 9,037,207 | 05-19-2015 | Al-Ali et al. | |
| | 543 | 9,060,721 | 06-23-2015 | Reichgott et al. | |
| | 544 | 9,066,666 | 06-30-2015 | Kiani | |
| | 545 | 9,066,680 | 06-30-2015 | Al-Ali et al. | |
| | 546 | 9,072,437 | 07-07-2015 | Paalasmaa | |
| | 547 | 9,072,474 | 07-07-2015 | Al-Ali et al. | |
| | 548 | 9,078,560 | 07-14-2015 | Schurman et al. | |
| | 549 | 9,081,889 | 07-14-2015 | Ingrassia, Jr. et al. | |
| | 550 | 9,084,569 | 07-21-2015 | Weber et al. | |
| | 551 | 9,095,316 | 08-04-2015 | Welch et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 20 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 552 | 9,106,038 | 08-11-2015 | Telfort et al. | |
| | 553 | 9,107,625 | 08-18-2015 | Telfort et al. | |
| | 554 | 9,107,626 | 08-18-2015 | Al-Ali et al. | |
| | 555 | 9,113,831 | 08-25-2015 | Al-Ali | |
| | 556 | 9,113,832 | 08-25-2015 | Al-Ali | |
| | 557 | 9,119,595 | 09-01-2015 | Lamego | |
| | 558 | 9,131,881 | 09-15-2015 | Diab et al. | |
| | 559 | 9,131,882 | 09-15-2015 | Al-Ali et al. | |
| | 560 | 9,131,883 | 09-15-2015 | Al-Ali | |
| | 561 | 9,131,917 | 09-15-2015 | Telfort et al. | |
| | 562 | 9,138,180 | 09-22-2015 | Coverston et al. | |
| | 563 | 9,138,182 | 09-22-2015 | Al-Ali et al. | |
| | 564 | 9,138,192 | 09-22-2015 | Weber et al. | |
| | 565 | 9,142,117 | 09-22-2015 | Muhsin et al. | |
| | 566 | 9,153,112 | 10-06-2015 | Kiani et al. | |
| | 567 | 9,153,121 | 10-06-2015 | Kiani et al. | |
| | 568 | 9,161,696 | 10-20-2015 | Al-Ali et al. | |
| | 569 | 9,161,713 | 10-20-2015 | Al-Ali et al. | |
| | 570 | 9,167,995 | 10-27-2015 | Lamego et al. | |
| | 571 | 9,176,141 | 11-03-2015 | Al-Ali et al. | |
| | 572 | 9,186,102 | 11-17-2015 | Bruinsma et al. | |
| | 573 | 9,192,312 | 11-24-2015 | Al-Ali | |
| | 574 | 9,192,329 | 11-24-2015 | Al-Ali | |
| | 575 | 9,192,351 | 11-24-2015 | Telfort et al. | |
| | 576 | 9,195,385 | 11-24-2015 | Al-Ali et al. | |
| | 577 | 9,210,566 | 12-08-2015 | Ziemianska et al. | |
| | 578 | 9,211,072 | 12-15-2015 | Kiani | |
| | 579 | 9,211,095 | 12-15-2015 | Al-Ali | |
| | 580 | 9,218,454 | 12-22-2015 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AD
Page 387

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 21 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 581 | 9,226,696 | 01-05-2016 | Kiani | |
| | 582 | 9,241,662 | 01-26-2016 | Al-Ali et al. | |
| | 583 | 9,245,668 | 01-26-2016 | Vo et al. | |
| | 584 | 9,259,185 | 02-16-2016 | Abdul-Hafiz et al. | |
| | 585 | 9,267,572 | 02-23-2016 | Barker et al. | |
| | 586 | 9,277,880 | 03-08-2016 | Poeze et al. | |
| | 587 | 9,289,167 | 03-22-2016 | Diab et al. | |
| | 588 | 9,295,421 | 03-29-2016 | Kiani et al. | |
| | 589 | 9,307,928 | 04-12-2016 | Al-Ali et al. | |
| | 590 | 9,311,382 | 04-12-2016 | Varoglu et al. | |
| | 591 | 9,323,894 | 04-26-2016 | Kiani | |
| | 592 | 9,326,712 | 05-03-2016 | Kiani | |
| | 593 | 9,333,316 | 05-10-2016 | Kiani | |
| | 594 | 9,339,220 | 05-17-2016 | Lamego et al. | |
| | 595 | 9,341,565 | 05-17-2016 | Lamego et al. | |
| | 596 | 9,351,673 | 05-31-2016 | Diab et al. | |
| | 597 | 9,351,675 | 05-31-2016 | Al-Ali et al. | |
| | 598 | 9,357,665 | 05-31-2016 | Myers et al. | |
| | 599 | 9,364,181 | 06-14-2016 | Kiani et al. | |
| | 600 | 9,368,671 | 06-14-2016 | Wojtczuk et al. | |
| | 601 | 9,370,325 | 06-21-2016 | Al-Ali et al. | |
| | 602 | 9,370,326 | 06-21-2016 | McHale et al. | |
| | 603 | 9,370,335 | 06-21-2016 | Al-ali et al. | |
| | 604 | 9,375,185 | 06-28-2016 | Ali et al. | |
| | 605 | 9,386,953 | 07-12-2016 | Al-Ali | |
| | 606 | 9,386,961 | 07-12-2016 | Al-Ali et al. | |
| | 607 | 9,392,945 | 07-19-2016 | Al-Ali et al. | |
| | 608 | 9,397,448 | 07-19-2016 | Al-Ali et al. | |
| | 609 | 9,489,081 | 11-08-2016 | Anzures et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 22 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 610 | 9,497,534 | 11-15-2016 | Prest et al. | |
| | 611 | 9,526,430 | 12-27-2016 | Srinivas et al. | |
| | 612 | 9,553,625 | 01-24-2017 | Hatanaka et al. | |
| | 613 | 9,591,975 | 03-14-2017 | Dalvi et al. | |
| | 614 | 9,593,969 | 03-14-2017 | King | |
| | 615 | 9,651,405 | 05-16-2017 | Gowreesunker et al. | |
| | 616 | 9,668,676 | 06-06-2017 | Culbert | |
| | 617 | 9,668,680 | 06-06-2017 | Bruinsma et al. | |
| | 618 | 9,699,546 | 07-04-2017 | Qian et al. | |
| | 619 | 9,716,937 | 07-25-2017 | Qian et al. | |
| | 620 | 9,717,425 | 08-01-2017 | Kiani et al. | |
| | 621 | 9,723,997 | 08-08-2017 | Lamego | |
| | 622 | 9,781,984 | 10-10-2017 | Baranski et al. | |
| | 623 | 9,838,775 | 12-05-2017 | Qian et al. | |
| | 624 | 9,848,823 | 12-26-2017 | Raghuram et al. | |
| | 625 | 9,866,671 | 01-09-2018 | Thompson et al. | |
| | 626 | 9,867,575 | 01-16-2018 | Maani et al. | |
| | 627 | 9,898,049 | 02-20-2018 | Myers et al. | |
| | 628 | 9,918,646 | 03-20-2018 | Singh Alvarado et al. | |
| | 629 | 9,952,095 | 04-24-2018 | Hotelling et al. | |
| | 630 | 10,039,080 | 07-31-2018 | Miller et al. | |
| | 631 | 10,055,121 | 08-21-2018 | Chaudhri et al. | |
| | 632 | 10,066,970 | 09-04-2018 | Gowreesunker et al. | |
| | 633 | 10,076,257 | 09-18-2018 | Lin et al. | |
| | 634 | 10,078,052 | 09-18-2018 | Ness et al. | |
| | 635 | 2002/0099279 | 07-25-2002 | Pfeiffer et al. | |
| | 636 | 2006/0005944 | 01-12-2006 | Wang et al. | |
| | 637 | 2006/0025659 | 02-02-2006 | Kiguchi et al. | |
| | 638 | 2006/0076473 | 04-13-2006 | Wilcken et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AD
Page 389

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212440 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 23 OF 33 | | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 639 | 2007/0149864 | 06-28-2007 | Laakkonen | |
| | 640 | 2007/0238955 | 10-11-2007 | Tearney et al. | |
| | 641 | 2007/0293792 | 12-20-2007 | Sliwa et al. | |
| | 642 | 2008/0130232 | 06-05-2008 | Yamamoto | |
| | 643 | 2008/0139908 | 06-12-2008 | Kurth | |
| | 644 | 2009/0030327 | 01-29-2009 | Chance, Britton | |
| | 645 | 2009/0043180 | 02-12-2009 | Tschautscher et al. | |
| | 646 | 2009/0129102 | 05-21-2009 | Xiao et al. | |
| | 647 | 2009/0247984 | 10-01-2009 | Lamego et al. | |
| | 648 | 2009/0259114 | 10-15-2009 | Johnson et al. | |
| | 649 | 2009/0275844 | 11-05-2009 | Al-Ali | |
| | 650 | 2009/0306487 | 12-10-2009 | Crowe et al. | |
| | 651 | 2010/0004518 | 01-07-2010 | Vo et al. | |
| | 652 | 2010/0030040 | 02-04-2010 | Poeze et al. | |
| | 653 | 2010/0217102 | 08-26-2010 | LeBoeuf et al. | |
| | 654 | 2011/0001605 | 01-06-2011 | Kiani et al. | |
| | 655 | 2011/0004082 | 01-06-2011 | Poeze et al. | |
| | 656 | 2011/0082711 | 04-07-2011 | Poeze et al. | |
| | 657 | 2011/0105854 | 05-05-2011 | Kiani et al. | |
| | 658 | 2011/0105865 | 05-05-2011 | Yu et al. | |
| | 659 | 2011/0208015 | 08-25-2011 | Welch et al. | |
| | 660 | 2011/0213212 | 09-01-2011 | Al-Ali | |
| | 661 | 2011/0230733 | 09-22-2011 | Al-Ali | |
| | 662 | 2011/0237911 | 09-29-2011 | Lamego et al. | |
| | 663 | 2012/0059267 | 03-08-2012 | Lamego et al. | |
| | 664 | 2012/0179006 | 07-12-2012 | Jansen et al. | |
| | 665 | 2012/0209082 | 08-16-2012 | Al-Ali | |
| | 666 | 2012/0209084 | 08-16-2012 | Olsen et al. | |
| | 667 | 2012/0227739 | 09-13-2012 | Kiani | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 24 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number *Number - Kind Code (if known)* Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 668 | 2012/0283524 | 11-08-2012 | Kiani et al. | |
| | 669 | 2012/0296178 | 11-22-2012 | Lamego et al. | |
| | 670 | 2012/0319816 | 12-20-2012 | Al-Ali | |
| | 671 | 2012/0330112 | 12-27-2012 | Lamego et al. | |
| | 672 | 2013/0023775 | 01-24-2013 | Lamego et al. | |
| | 673 | 2013/0041591 | 02-14-2013 | Lamego | |
| | 674 | 2013/0045685 | 02-21-2013 | Kiani | |
| | 675 | 2013/0046204 | 02-21-2013 | Lamego et al. | |
| | 676 | 2013/0060147 | 03-07-2013 | Welch et al. | |
| | 677 | 2013/0096405 | 04-18-2013 | Garfio | |
| | 678 | 2013/0096936 | 04-18-2013 | Sampath et al. | |
| | 679 | 2013/0190581 | 07-25-2013 | Al-Ali et al. | |
| | 680 | 2013/0197328 | 08-01-2013 | Diab et al. | |
| | 681 | 2013/0211214 | 08-15-2013 | Olsen | |
| | 682 | 2013/0243021 | 09-19-2013 | Siskavich | |
| | 683 | 2013/0253334 | 09-26-2013 | Al-Ali et al. | |
| | 684 | 2013/0296672 | 11-07-2013 | O'Neil et al. | |
| | 685 | 2013/0317370 | 11-28-2013 | Dalvi et al. | |
| | 686 | 2013/0324808 | 12-05-2013 | Al-Ali et al. | |
| | 687 | 2013/0331670 | 12-12-2013 | Kiani | |
| | 688 | 2013/0338461 | 12-19-2013 | Lamego et al. | |
| | 689 | 2014/0012100 | 01-09-2014 | Al-Ali et al. | |
| | 690 | 2014/0034353 | 02-06-2014 | Al-Ali et al. | |
| | 691 | 2014/0051953 | 02-20-2014 | Lamego et al. | |
| | 692 | 2014/0058230 | 02-27-2014 | Abdul-Hafiz et al. | |
| | 693 | 2014/0077956 | 03-20-2014 | Sampath et al. | |
| | 694 | 2014/0081100 | 03-20-2014 | Muhsin et al. | |
| | 695 | 2014/0081175 | 03-20-2014 | Telfort | |
| | 696 | 2014/0066783 | 03-06-2014 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 25 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 697 | 2014/0094667 | 04-03-2014 | Schurman et al. | |
| | 698 | 2014/0100434 | 04-10-2014 | Diab et al. | |
| | 699 | 2014/0114199 | 04-24-2014 | Lamego et al. | |
| | 700 | 2014/0120564 | 05-01-2014 | Workman et al. | |
| | 701 | 2014/0121482 | 05-01-2014 | Merritt et al. | |
| | 702 | 2014/0121483 | 05-01-2014 | Kiani | |
| | 703 | 2014/0127137 | 05-08-2014 | Bellott et al. | |
| | 704 | 2014/0129702 | 05-08-2014 | Lamego et al. | |
| | 705 | 2014/0135588 | 05-15-2014 | Al-Ali et al. | |
| | 706 | 2014/0142401 | 05-22-2014 | Al-Ali et al. | |
| | 707 | 2014/0163344 | 06-12-2014 | Al-Ali | |
| | 708 | 2014/0163402 | 06-12-2014 | Lamego et al. | |
| | 709 | 2014/0166076 | 06-19-2014 | Kiani et al. | |
| | 710 | 2014/0171146 | 06-19-2014 | Ma et al. | |
| | 711 | 2014/0171763 | 06-19-2014 | Diab | |
| | 712 | 2014/0180038 | 06-26-2014 | Kiani | |
| | 713 | 2014/0180154 | 06-26-2014 | Sierra et al. | |
| | 714 | 2014/0155712 | 06-05-2014 | Lamego et al. | |
| | 715 | 2014/0194709 | 07-10-2014 | Al-Ali et al. | |
| | 716 | 2014/0194711 | 07-10-2014 | Al-Ali | |
| | 717 | 2014/0194766 | 07-10-2014 | Al-Ali et al. | |
| | 718 | 2014/0206963 | 07-24-2014 | Al-Ali | |
| | 719 | 2014/0213864 | 07-31-2014 | Abdul-Hafiz et al. | |
| | 720 | 2014/0243627 | 08-28-2014 | Diab et al. | |
| | 721 | 2014/0266790 | 09-18-2014 | Al-Ali et al. | |
| | 722 | 2014/0275808 | 09-18-2014 | Poeze et al. | |
| | 723 | 2014/0275835 | 09-18-2014 | Lamego et al. | |
| | 724 | 2014/0275871 | 09-18-2014 | Lamego et al. | |
| | 725 | 2014/0275872 | 09-18-2014 | Merritt et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 26 OF 33 | Attorney Docket No. | MASCER.002C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 726 | 2014/0275881 | 09-18-2014 | Lamego et al. | |
| | 727 | 2014/0288400 | 09-25-2014 | Diab et al. | |
| | 728 | 2014/0303520 | 10-09-2014 | Telfort et al. | |
| | 729 | 2014/0316228 | 10-23-2014 | Blank et al. | |
| | 730 | 2014/0323825 | 10-30-2014 | Al-Ali et al. | |
| | 731 | 2014/0296664 | 10-27-2014 | Bruinsma et al. | |
| | 732 | 2014/0330092 | 11-06-2014 | Al-Ali et al. | |
| | 733 | 2014/0330098 | 11-06-2014 | Merritt et al. | |
| | 734 | 2014/0330099 | 11-06-2014 | Al-Ali et al. | |
| | 735 | 2014/0333440 | 11-13-2014 | Kiani | |
| | 736 | 2014/0336481 | 11-13-2014 | Shakespeare et al. | |
| | 737 | 2014/0343436 | 11-20-2014 | Kiani | |
| | 738 | 2015/0018650 | 01-15-2015 | Al-Ali et al. | |
| | 739 | 2015/0173671 | 06-25-2015 | Paalasmaa et al. | |
| | 740 | 2015/0255001 | 09-10-2015 | Haughav et al. | |
| | 741 | 2015/0281424 | 10-01-2015 | Vock et al. | |
| | 742 | 2015/0318100 | 11-05-2015 | Rothkopf et al. | |
| | 743 | 2015/0351697 | 12-10-2015 | Weber et al. | |
| | 744 | 2015/0359429 | 12-17-2015 | Al-Ali et al. | |
| | 745 | 2015/0351704 | 12-20-2015 | Kiani et al. | |
| | 746 | 2015/0366472 | 12-24-2015 | Kiani | |
| | 747 | 2015/0366507 | 12-24-2015 | Blank | |
| | 748 | 2015/0374298 | 12-31-2015 | Al-Ali et al. | |
| | 749 | 2015/0380875 | 12-31-2015 | Coverston et al. | |
| | 750 | 2016/0000362 | 01-07-2016 | Diab et al. | |
| | 751 | 2016/0007930 | 01-14-2016 | Weber et al. | |
| | 752 | 2016/0019360 | 01-21-2016 | Pahwa et al. | |
| | 753 | 2016/0023245 | 01-28-2016 | Zadesky et al. | |
| | 754 | 2016/0029932 | 02-04-2016 | Al-Ali | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | |
|---|---|
| Application No. | 16/212440 |
| Filing Date | December 6, 2018 |
| First Named Inventor | Poeze, Jeroen et al. |
| Art Unit | 2688 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C3 |

*(Multiple sheets used when necessary)*

SHEET 27 OF 33

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 755 | 2016/0029933 | 02-04-2016 | Al-Ali et al. | |
| | 756 | 2016/0038045 | 02-11-2016 | Shapiro | |
| | 757 | 2016/0045118 | 02-18-2016 | Kiani | |
| | 758 | 2016/0051157 | 02-25-2016 | Waydo | |
| | 759 | 2016/0051158 | 02-25-2016 | Silva | |
| | 760 | 2016/0051205 | 02-25-2016 | Al-Ali et al. | |
| | 761 | 2016/0058302 | 03-03-2016 | Raghuram et al. | |
| | 762 | 2016/0058309 | 03-03-2016 | Han | |
| | 763 | 2016/0058312 | 03-03-2016 | Han et al. | |
| | 764 | 2016/0058338 | 03-03-2016 | Schurman et al. | |
| | 765 | 2016/0058347 | 03-03-2016 | Reichgott et al. | |
| | 766 | 2016/0058356 | 03-03-2016 | Raghuram et al. | |
| | 767 | 2016/0058370 | 03-03-2016 | Raghuram et al. | |
| | 768 | 2016/0066823 | 03-10-2016 | Al-Ali et al. | |
| | 769 | 2016/0066824 | 03-10-2016 | Al-Ali et al. | |
| | 770 | 2016/0066879 | 03-10-2016 | Telfort et al. | |
| | 771 | 2016/0071392 | 03-10-2016 | Hankey et al. | |
| | 772 | 2016/0072429 | 03-10-2016 | Kiani et al. | |
| | 773 | 2016/0073967 | 03-17-2016 | Lamego et al. | |
| | 774 | 2016/0081552 | 03-24-2016 | Wojtczuk et al. | |
| | 775 | 2016/0095543 | 04-07-2016 | Telfort et al. | |
| | 776 | 2016/0095548 | 04-07-2016 | Al-Ali et al. | |
| | 777 | 2016/0103598 | 04-14-2016 | Al-Ali et al. | |
| | 778 | 2016/0113527 | 04-28-2016 | Al-Ali et al. | |
| | 779 | 2016/0143548 | 05-26-2016 | Al-Ali | |
| | 780 | 2016/0154950 | 06-02-2016 | Nakajima et al. | |
| | 781 | 2016/0157780 | 06-09-2016 | Rimminen et al. | |
| | 782 | 2016/0166183 | 06-16-2016 | Poeze et al. | |
| | 783 | 2016/0166210 | 06-16-2016 | Al-Ali | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/212440 | |
| Filing Date | December 6, 2018 | |
| First Named Inventor | Poeze, Jeroen et al. | |
| Art Unit | 2688 | |
| Examiner | Unassigned | |
| Attorney Docket No. | MASCER.002C3 | |

*(Multiple sheets used when necessary)*

SHEET 28 OF 33

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 784 | 2016/0192869 | 07-07-2016 | Kiani et al. | |
| | 785 | 2016/0196388 | 07-07-2016 | Lamego | |
| | 786 | 2016/0197436 | 07-07-2016 | Barker et al. | |
| | 787 | 2016/0213281 | 07-28-2016 | Eckerbom, et al. | |
| | 788 | 2016/0213309 | 07-28-2016 | Sannholm et al. | |
| | 789 | 2016/0256058 | 09-08-2016 | Pham et al. | |
| | 790 | 2016/0256082 | 09-08-2016 | Ely et al. | |
| | 791 | 2016/0267238 | 09-15-2016 | Nag | |
| | 792 | 2016/0287181 | 10-06-2016 | Han et al. | |
| | 793 | <u>2016/0296173</u> | 10-13-2016 | Culbert | |
| | 794 | 2016/0296174 | 10-13-2016 | Isikman et al. | |
| | 795 | 2016/0310027 | 10-27-2016 | Han | |
| | 796 | 2016/0378069 | 12-29-2016 | Rothkopf | |
| | 797 | 2016/0378071 | 12-29-2016 | Rothkopf | |
| | 798 | 2017/0007183 | 01-12-2017 | Dusan et al. | |
| | 799 | 2017/0010858 | 01-12-2017 | Prest et al. | |
| | 800 | 2017/0074897 | 03-16-2017 | Mermel et al. | |
| | 801 | 2017/0084133 | 03-23-2017 | Cardinali et al. | |
| | 802 | 2017/0086689 | 03-30-2017 | Shui et al. | |
| | 803 | 2017/0086742 | 03-30-2017 | Harrison-Noonan et al. | |
| | 804 | 2017/0086743 | 03-30-2017 | Bushnell et al. | |
| | 805 | 2017/0094450 | 03-30-2017 | Tu et al. | |
| | 806 | 2017/0164884 | 06-15-2017 | Culbert et al. | |
| | 807 | 2017/0248446 | 08-31-2017 | Gowreesunker et al. | |
| | 808 | 2017/0273619 | 09-28-2017 | Alvarado et al. | |
| | 809 | 2017/0281024 | 10-05-2017 | Narasimhan et al. | |
| | 810 | 2017/0293727 | 10-12-2017 | Klaassen et al. | |
| | 811 | 2017/0325698 | 11-16-2017 | Allec et al. | |
| | 812 | 2017/0325744 | 11-16-2017 | Allec et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 29 OF 33 | Attorney Docket No. | MASCER.002C3 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 813 | 2017/0340209 | 11-30-2017 | Klaassen et al. | |
| | 814 | 2017/0340219 | 11-30-2017 | Sullivan et al. | |
| | 815 | 2017/0347885 | 12-07-2017 | Tan et al. | |
| | 816 | 2017/0354332 | 12-14-2017 | Lamego | |
| | 817 | 2017/0354795 | 12-14-2017 | Blahnik et al. | |
| | 818 | 2017/0358239 | 12-14-2017 | Arney et al. | |
| | 819 | 2017/0358240 | 12-14-2017 | Blahnik et al. | |
| | 820 | 2017/0358242 | 12-14-2017 | Thompson et al. | |
| | 821 | 2017/0360306 | 12-14-2017 | Narasimhan et al. | |
| | 822 | 2017/0366657 | 12-21-2017 | Thompson et al. | |
| | 823 | 2018/0014781 | 01-18-2018 | Clavelle et al. | |
| | 824 | 2018/0025287 | 01-25-2018 | Mathew et al. | |
| | 825 | 2018/0042556 | 02-15-2018 | Shahparnia et al. | |
| | 826 | 2018/0049694 | 02-22-2018 | Singh Alvarado et al. | |
| | 827 | 2018/0050235 | 02-22-2018 | Tan et al. | |
| | 828 | 2018/0055375 | 03-01-2018 | Martinez et al. | |
| | 829 | 2018/0055390 | 03-01-2018 | Kiani | |
| | 830 | 2018/0055439 | 03-01-2018 | Pham et al. | |
| | 831 | 2018/0056129 | 01-01-2018 | Narasimha Rao et al. | |
| | 832 | 2018/0078151 | 03-22-2018 | Allec et al. | |
| | 833 | 2018/0078182 | 03-22-2018 | Chen et al. | |
| | 834 | 2018/0110469 | 04-26-2018 | Maani et al. | |
| | 835 | 2018/0153418 | 06-07-2018 | Sullivan et al. | |
| | 836 | 2018/0164853 | 06-14-2018 | Myers et al. | |
| | 837 | 2018/0196514 | 07-12-2018 | Allec et al. | |
| | 838 | 2018/0228414 | 08-16-2018 | Shao et al. | |
| | 839 | 2018/0238734 | 08-23-2018 | Hotelling et al. | |
| | 840 | 2018/0279956 | 10-04-2018 | Waydo et al. | |
| | 841 | D326,715 | 06-02-1992 | Schmidt, Michael | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/212440 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 30 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 842 | D353,195 | 12-06-1994 | Savage et al. | |
| | 843 | D353,196 | 12-06-1994 | Savage et al. | |
| | 844 | D356,870 | 03-28-1995 | Ivers et al. | |
| | 845 | D359,546 | 06-20-1995 | Savage, et al. | |
| | 846 | D361,840 | 08-29-1995 | Savage et al. | |
| | 847 | D362,063 | 09-05-1995 | Savage et al. | |
| | 848 | D363,120 | 10-10-1995 | Savage et al. | |
| | 849 | D378,414 | 03-11-1997 | Allen et al. | |
| | 850 | D390,666 | 02-01-1998 | Lagerlof, Ingemar | |
| | 851 | D393,830 | 04-28-1998 | Tobler et al. | |
| | 852 | D403,070 | 12-22-1998 | Maeda et al. | |
| | 853 | D414,870 | 10-05-1999 | Saltzstein et al. | |
| | 854 | D452,012 | 12-11-2001 | Phillips, Barney L. | |
| | 855 | D455,834 | 04-16-2002 | Donars et al. | |
| | 856 | D463,561 | 09-24-2002 | Fukatsu et al. | |
| | 857 | D481,459 | 10-28-2003 | Nahm, Werner | |
| | 858 | D502,655 | 03-08-2005 | Huang, Chun-Mu | |
| | 859 | D508,862 | 08-30-2005 | Behar et al. | |
| | 860 | D510,625 | 10-11-2005 | Widener et al. | |
| | 861 | D514,461 | 02-07-2006 | Harju, Jonne | |
| | 862 | D535,031 | 01-09-2007 | Barrett et al. | |
| | 863 | D537,164 | 02-20-2007 | Shigemori et al. | |
| | 864 | D547,454 | 07-24-2007 | Hsieh, Chin-Chih | |
| | 865 | D549,830 | 08-28-2007 | Behar et al. | |
| | 866 | D550,364 | 09-04-2007 | Glover et al. | |
| | 867 | D551,350 | 09-18-2007 | Lorimer et al. | |
| | 868 | D553,248 | 10-16-2007 | Nguyen | |
| | 869 | D554,263 | 10-30-2007 | Al-Ali | |
| | 870 | D562,985 | 02-26-2008 | Brefka et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212440 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 31 OF 33 | Attorney Docket No. | MASCER.002C3 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 871 | D566,282 | 04-08-2008 | Al-Ali et al. | |
| | 872 | D567,125 | 04-22-2008 | Okabe et al. | |
| | 873 | D569,001 | 05-13-2008 | Omaki | |
| | 874 | D569,521 | 05-20-2008 | Omaki | |
| | 875 | D587,657 | 03-03-2009 | Al-Ali et al. | |
| | 876 | D603,966 | 11-10-2009 | Jones et al. | |
| | 877 | D606,659 | 12-22-2009 | Kiani et al. | |
| | 878 | D609,193 | 02-02-2010 | Al-Ali et al. | |
| | 879 | D614,305 | 04-20-2010 | Al-Ali et al. | |
| | 880 | D621,516 | 08-10-2010 | Kiani et al. | |
| | 881 | D692,145 | 10-22-2013 | Al-Ali et al. | |
| | 882 | D755,392 | 05-03-2016 | Hwang et al. | |
| | 883 | RE 37,922 | 03-17-1983 | Shim | |
| | 884 | RE 38,476 | 03-01-2004 | Diab et al. | |
| | 885 | RE 38,492 | 04-06-2004 | Diab et al. | |
| | 886 | RE 39,672 | 06-05-2007 | Shehada et al. | |
| | 887 | RE 41,317 | 05-04-2010 | Parker | |
| | 888 | RE 41,912 | 11-02-2010 | Parker | |
| | 889 | RE 42,753 | 09-27-2011 | Kiani-Azarbayjany et al. | |
| | 890 | RE 43,169 | 02-07-2012 | Parker | |
| | 891 | RE 43,860 | 12-11-2012 | Parker | |
| | 892 | RE 44,823 | 04-01-2014 | Parker | |
| | 893 | RE 44,875 | 04-29-2014 | Kiani et al. | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code-Number-Kind Code Example: JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | 894 | EP 419223 | 03-27-1991 | Minnesota Mining and Manufacturing Company | | |
| | 895 | EP 1 518 494 | 03-30-2005 | Hitachi, Ltd. | | |
| | 896 | JP 2002-500908 A | 01-15-2002 | Lightouch Medical Inc. | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| Application No. | 16/212440 |
| Filing Date | December 6, 2018 |
| First Named Inventor | Poeze, Jeroen et al. |
| Art Unit | 2688 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C3 |

*(Multiple sheets used when necessary)*

SHEET 32 OF 33

| | | | | | | |
|---|---|---|---|---|---|---|
| | 897 | JP 2007-389463 A | 11-08-2007 | Konica Minolta Sensing Inc. | | |
| | 898 | JP 2003-265444 A | 09-24-2003 | Shimadzu Corp. | | Abs |
| | 899 | JP 08-185864 | 07-16-1996 | Matsushita Electric Ind Co Ltd | | Abs |
| | 900 | JP 2001-66990 | 03-16-2001 | Sumitomo Bakelite Co Ltd | | Abs |
| | 901 | JP 05-325705 A | 12-10-1993 | Fuji Porimatetsuku KK | | Abs |
| | 902 | JP 2001-087250 A | 04-03-2001 | Cas Medical Systems Inc. | | Abs |
| | 903 | JP 2006-177837 A | 07-06-2006 | Hitachi Ltd. | | Abs |
| | 904 | JP 2003-024276 A | 01-28-2003 | Pentax Corp. | | Abs |
| | 905 | JP 2008-099222 A | 04-24-2008 | Konica Minolta Holdings Inc. | | Abs |
| | 906 | JP 2006-198321 A | 08-03-2006 | Hitachi Ltd. | | Abs |
| | 907 | JP 2003-508104 A | 03-04-2003 | Quantum Vision Inc. | | Abs |
| | 908 | JP 5756752 | 06-05-2015 | Masimo Laboratories, Inc. | | |
| | 909 | WO 1993/12712 | 07-08-1993 | Vivascan Corp | | |
| | 910 | WO 1999/000053 | 01-07-1999 | TOA Medical Electronics | | |
| | 911 | WO 2000/25112 | 05-04-2000 | Rolfe | | |
| | 912 | WO 2001/09589 | 02-08-2001 | Abbott Laboratories | | |
| | 913 | WO 2010/003134 | 01-07-2010 | Masimo Laboratories, Inc. | | |
| | 914 | WO 2014/149781 | 09-25-2014 | Cercacor Laboratories, Inc. | | |
| | 915 | WO 2014/158820 | 10-02-2014 | Cercacor Laboratories, Inc. | | |
| | 916 | WO 1999/01704 | 07-29-1999 | General Electric Company | | |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
| | 917 | PCT International Search Report, App. No. PCT/US2010/047899, Date of Actual Completion of Search: 01/26/2011, 4 pages. | |
| | 918 | International Search Report and Written Opinion for PCT/US2009/049638, mailed January 7, 2010. | |
| | 919 | International Search Report issued in Application No. PCT/US2009/052756, mailed February 10, 2009 in 14 pages. | |
| | 920 | International Preliminary Report on Patentability and Written Opinion of the International Searching Authority issued in Application No. PCT US2009/049638, mailed January 5, 2011 in 9 pages. | |
| | 921 | International Preliminary Report on Patentability and Written Opinion of the International Searching Authority issued in Application No. PCT/US2009/052756, mailed February 8, 2011 in 8 pages. | |
| | 922 | Burritt, Mary F.; Current Analytical Approaches to Measuring Blood Analytes; Vol. 36; No. 8(B); 1990 | |
| | 923 | Hall, et al., Jeffrey W.; Near-Infrared Spectrophotometry: A New Dimension in Clinical Chemistry; Vol. 38; No. 9; 1992 | |
| | 924 | Kuenstner, et al., J. Todd; Measurement of Hemoglobin in Unlysed Blood by Near-Infrared Spectroscopy; Vol. 48; Number 4, 1994 | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212440 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 33 OF 33 | | Attorney Docket No. | MASCER.002C3 |

| | | |
|---|---|---|
| | 925 | Manzke, et al., B., Multi Wavelength Pulse Oximetry in the Measurement of Hemoglobin Fractions; SPIE, Vol. 2676, April 24, 1996 | |
| | 926 | Naumenko, E. K.; Choice of Wavelengths for Stable Determination of Concentrations of Hemoglobin Derivatives from Absorption Spectra of Erythrocytes; Vol. 63; No. 1; pp. 60-66 January – February 1996; Original article submitted November 3, 1994 | |
| | 927 | Schmitt, Joseph M.; Simple Photon Diffusion Anaylsis of the Effects of Multiple Scattering on Pulse Oximetry; March 14, 1991; revised August 30, 1991 | |
| | 928 | Schmitt, et al., Joseph M.; Measurement of Blood Hematocrit by Dual-Wavelength near-IR Photoplethysmography; Vol. 1641; 1992 | |
| | 929 | Schnapp, et al., L.M.; Pulse Oximetry.  Uses and Abuses.; Chest 1990; 98; 1244-1250 DOI 10.1378/Chest.98.5.1244 | |
| | 930 | http://www.masimo.com/rainbow/pronto.htm Noninvasive & Immediate Hemoglobin Testing, printed on August 20, 2009 | |
| | 931 | http://www.masimo.com/pulseOximeter/Rad5.htm; Signal Extraction Pulse Oximeter, printed on August 20, 2009 | |
| | 932 | http://blogderoliveira.blogspot.com/2008_02_01_archive.html; Ricardo Oliveira, printed on August 20, 2009 | |
| | 933 | http://www.masimo.com/rad-57/; Noninvasive Measurement of Methemoglobin, Carboxyhemoglobin and Oxyhemoglobin in the blood. Printed on August 20, 2009 | |
| | 934 | http://amivital.ugr.es/blog/?tag+spo2; Monitorizacion de la hemoglobina...y mucho mas, printed on August 20, 2009 | |
| | 935 | http://www.masimo.com/spco/; Carboxyhemoglobin Noninvasive > Continuous > Immediate, printed on August 20, 2009 | |
| | 936 | http://www.masimo.com/PARTNERS/WELCHALLYN.htm; Welch Allyn Expands Patient Monitor Capabilities with Masimo Pulse Oximetry Technology, printed on August 20, 2009 | |
| | 937 | http://www.masimo.com/pulseOximeter/PPO.htm; Masimo Personal Pulse Oximeter, printed on August 20, 2009 | |
| | 938 | http://www.masimo.com/generalFloor/system.htm; Masimo Patient SafetyNet System at a Glance, printed on August 20, 2009 | |
| | 939 | http://www.masimo.com/partners/GRASEBY.htm; Graseby Medical Limited, printed on August 20, 2009 | |
| | 940 | Japanese Office Action, re JP Application No. 2011-516895, mailed September 2, 2014, with translation.  (CERCA.007JP). | |
| | 941 | Japanese Notice of Allowance, re JP Application No. 2011-516895, issued on May 12, 2015, no translation.  (CERCA/MASCER.007JP). | |
| | 942 | European Office Action issued in application no. 10763901.5 on 01/11/2013.  (CERCA.008EP). | |
| | 943 | European Office Action issued in application no. 10763901.5 on 08/27/2014.  (CERCA.008EP). | |
| | 944 | European Office Action issued in application no. 10763901.5 on 08/06/2015.  (CERCA.008EP). | |
| | 945 | European Office Action issued in Application No. 09791157.2, dated June 20, 2016. (MASCER.002EP). | |
| | 946 | KANUKURTHY et al., "Data Acquisition Unit for an Implantable Multi-Channel Optical Glucose Sensor", Electro/Information Technology Conference, Chicago, IL, USA, May 17-20, 2007, pp. 1-6 | |
| | 947 | SMITH, "The Pursuit of Noninvasive Glucose: 'Hunting the Deceitful Turkey'", 2006 | |
| | 948 | SMALL et al., "Data Handling Issues for Near-Infrared Glucose Measurements", http://www.ieee.org/organizations/pubs/newsletters/leos/apr98/datahandling.htm, accessed 11/27/2007 | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

# Exhibit AE

**Application No.:** 16/212537
**Filing Date:** December 6, 2018

**References for Examiner Consideration**

Applicant wishes to draw the Examiner's attention to, and encourages the Examiner to review, the following co-owned patents and/or applications and their existing and ongoing prosecution history, including without limitation Office Actions, Amendments, Remarks, and any other potentially relevant documents:

| Docket No. | Patent No. | Title | Issued |
|---|---|---|---|
| MASCER.002C1 | 9,277,880 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/08/2016 |
| MASCER.003A | 8,630,691 | MULTI-STREAM SENSOR FRONT ENDS FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 01/14/2014 |
| MASCER.003D1 | 8,909,310 | MULTI-STREAM SENSOR FRONT ENDS FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/09/2014 |
| MASCER.004A | 8,203,704 | MULTI-STREAM SENSOR FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 06/19/2012 |
| MASCER.004C1 | 8,570,503 | HEAT SINK FOR NONINVASIVE MEDICAL SENSOR | 10/29/2013 |
| CERCA.005A | 8,515,509 | MULTI-STREAM EMITTER FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/20/2013 |
| MASCER.006A | 8,577,431 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 11/05/2013 |
| MASCER.006C1 | 9,717,425 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 08/01/2017 |
| MASCER.007A | 8,437,825 | CONTOURED PROTRUSION FOR IMPROVING SPECTROSCOPIC MEASUREMENT OF BLOOD CONSTITUENTS | 05/07/2013 |
| MASCER.007C1 | 9,591,975 | CONTOURED PROTRUSION FOR IMPROVING SPECTROSCOPIC MEASUREMENT OF BLOOD CONSTITUENTS | 03/14/2017 |
| MASCER.008A | 8,688,183 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 04/01/2014 |
| MASCER.008C1 | 9,186,102 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 11/17/2015 |
| MASCER.008C2 | 9,668,680 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 06/06/2017 |
| MASCER.009DA | D621516 | PATIENT MONITORING SENSOR | 08/10/2010 |
| MASCER.010DA | D606659 | PATIENT MONITOR | 12/22/2009 |

-2-

**Application No.:**     **16/212537**
**Filing Date:**          **December 6, 2018**

| Docket No. | Serial No. | Title | Filed |
|---|---|---|---|
| MASCER.002A | 12/534827 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/03/2009 |
| MASCER.002C2 | 14/981290 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/28/2015 |
| MASCER.002C3 | 16/212440 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/06/2018 |
| MASCER.004C3 | 14/064055 | MULTI-STREAM SENSOR FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 10/25/2013 |
| MASCER.006C2 | 15/660743 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 07/26/2017 |
| MASCER.011A | 12/497506 | HEAT SINK FOR NONINVASIVE MEDICAL SENSOR | 07/02/2009 |

Applicant notes that cited references, office actions, responses, and notices of allowance currently exist or will exist with reference to the above-referenced matters. Applicant also understands that the Examiner has access to sophisticated online Patent Office computing systems that provide ready access to the full file histories of these matters including, for example, specifications, drawings, pending claims, cited art, office actions, responses, declarations, and notices of allowance. Rather than submit copies of these file histories, Applicant respectfully requests that the Examiner continue to review these file histories online for past, current, and future information about these matters that may be relevant to examination of the present application. Also, if the Examiner cannot readily access these file histories, Applicant would be pleased to provide any portion of any of the file histories at any time upon specific Examiner request.

**No Disclaimers**

To the extent that anything in the Information Disclosure Statement or the listed references could be construed as a disclaimer of any subject matter supported by the present application, Applicant hereby rescinds and retracts such disclaimer.

**Timing of Disclosure**

This Information Disclosure Statement is being filed within three months of the filing date, and no fee is believed to be required.

**Application No.:**    **16/212537**
**Filing Date:**      **December 6, 2018**


The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment, to Account No. 11-1410.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: <u>December 18, 2018</u>        By: /Scott Cromar/_____
                                   Scott A. Cromar
                                   Registration No. 65,066
                                   Registered Practitioner
                                   Customer No. 64735
                                   (949) 760-0404

29625449

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 1 OF 33 | Attorney Docket No. | MASCER.002C4 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | 3,910,701 | 10-07-1975 | Henderson et al. | |
| | 2 | 4,114,604 | 09-19-1978 | Shaw et al. | |
| | 3 | 4,258,719 | 03-31-1981 | Lewyn | |
| | 4 | 4,267,844 | 05-19-1981 | Yamanishi | |
| | 5 | 4,438,338 | 03-20-1984 | Stitt | |
| | 6 | 4,444,471 | 04-24-1984 | Ford et al. | |
| | 7 | 4,653,498 | 03-31-1987 | New, Jr. et al. | |
| | 8 | 4,655,225 | 04-07-1987 | Dahne et al. | |
| | 9 | 4,684,245 | 08-04-1987 | Goldring | |
| | 10 | 4,709,413 | 11-24-1987 | Forrest | |
| | 11 | 4,755,676 | 07-05-1988 | Gaalema et al. | |
| | 12 | 4,781,195 | 11-01-1988 | Martin | |
| | 13 | 4,805,623 | 02-21-1989 | Jöbsis | |
| | 14 | 4,880,304 | 11-14-1989 | Jaeb et al. | |
| | 15 | 4,960,128 | 10-02-1990 | Gordon et al. | |
| | 16 | 4,964,408 | 10-23-1990 | Hink et al. | |
| | 17 | 5,028,787 | 07-02-1991 | Rosenthal, et al. | |
| | 18 | 5,035,243 | 07-30-1991 | Muz, Edwin | |
| | 19 | 5,041,187 | 08-20-1991 | Hink et al. | |
| | 20 | 5,043,820 | 08-27-1991 | Wyles et al. | |
| | 21 | 5,069,213 | 12-03-1991 | Polczynski | |
| | 22 | 5,069,214 | 12-03-1991 | Samaras et al. | |
| | 23 | 5,077,476 | 12-31-1991 | Rosenthal | |
| | 24 | 5,086,229 | 02-04-1992 | Rosenthal et al. | |
| | 25 | 5,122,925 | 06-16-1992 | Inpyn | |
| | 26 | 5,131,391 | 07-21-1992 | Sakai et al. | |
| | 27 | 5,137,023 | 08-11-1992 | Mendelson, et al. | |
| | 28 | 5,159,929 | 11-03-1992 | McMillen et al. | |
| | 29 | 5,163,438 | 11-17-1992 | Gordon et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AE
Page 405

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 2 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 30 | 5,222,295 | 06-29-1993 | Dorris, Jr. | |
| | 31 | 5,222,495 | 06-29-1993 | Clarke et al. | |
| | 32 | 5,222,496 | 06-29-1993 | Clarke et al. | |
| | 33 | 5,249,576 | 10-05-1993 | Goldberger et al. | |
| | 34 | 5,250,342 | 10-05-1993 | Lang | |
| | 35 | 5,278,627 | 01-11-1994 | Aoyagi et al. | |
| | 36 | 5,297,548 | 03-29-1994 | Pologe, Jonas A. | |
| | 37 | 5,319,355 | 06-07-1994 | Russek | |
| | 38 | 5,337,744 | 08-16-1994 | Branigan | |
| | 39 | 5,337,745 | 08-16-1994 | Benaron | |
| | 40 | 5,341,805 | 08-30-1994 | Stavridi, et al. | |
| | 41 | 5,362,966 | 11-08-1994 | Rosenthal et al. | |
| | 42 | 5,377,676 | 01-03-1995 | Vari, et al. | |
| | 43 | 5,427,093 | 06-27-1995 | Ogawa et al. | |
| | 44 | 5,431,170 | 07-11-1995 | Mathews | |
| | 45 | 5,437,275 | 08-01-1995 | Amundsen et al. | |
| | 46 | 5,441,054 | 08-15-1995 | Tsuchiya | |
| | 47 | 5,452,717 | 09-26-1995 | Branigan et al. | |
| | 48 | 5,456,252 | 10-10-1995 | Vari, et al. | |
| | 49 | 5,479,934 | 01-02-1996 | Imran | |
| | 50 | 5,482,034 | 01-09-1996 | Lewis et al. | |
| | 51 | 5,482,036 | 01-09-1996 | Diab et al. | |
| | 52 | 5,490,505 | 02-13-1996 | Diab et al. | |
| | 53 | 5,490,506 | 02-13-1996 | Takatani et al. | |
| | 54 | 5,494,043 | 02-27-1996 | O'Sullivan et al. | |
| | 55 | 5,511,546 | 04-30-1996 | Hon | |
| | 56 | 5,533,511 | 07-09-1996 | Kaspari et al. | |
| | 57 | 5,534,851 | 07-09-1996 | Russek | |
| | 58 | 5,551,422 | 09-03-1996 | Simonsen et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:**  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AE
Page 406

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 3 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 59 | 5,553,616 | 09-09-1996 | Ham et al. | |
| | 60 | 5,553,615 | 09-10-1996 | Carim et al. | |
| | 61 | 5,561,275 | 10-01-1996 | Savage, et al. | |
| | 62 | 5,562,002 | 10-08-1996 | Lalin | |
| | 63 | 5,590,649 | 01-07-1997 | Caro et al. | |
| | 64 | 5,602,924 | 02-11-1997 | Durand et al. | |
| | 65 | 5,625,458 | 04-29-1997 | Alfano et al. | |
| | 66 | 5,632,272 | 05-27-1997 | Diab et al. | |
| | 67 | 5,638,816 | 06-17-1997 | Kiani-Azarbayjany et al. | |
| | 68 | 5,638,818 | 06-17-1997 | Diab et al. | |
| | 69 | 5,645,440 | 07-08-1997 | Tobler et al. | |
| | 70 | 5,676,143 | 10-14-1997 | Simonsen, et al. | |
| | 71 | 5,685,299 | 11-11-1997 | Diab et al. | |
| | 72 | 5,743,262 | 04-28-1998 | Lepper, Jr. et al. | |
| | 73 | 5,750,927 | 05-12-1998 | Baltazar, Osni | |
| | 74 | 5,752,914 | 05-19-1998 | Delonzor et al. | |
| | 75 | 5,758,644 | 06-02-1998 | Diab et al. | |
| | 76 | 5,760,910 | 06-02-1998 | Lepper, Jr. et al. | |
| | 77 | 5,766,131 | 06-16-1998 | Kondo et al. | |
| | 78 | 5,769,785 | 06-23-1998 | Diab et al. | |
| | 79 | 5,782,757 | 07-21-1998 | Diab et al. | |
| | 80 | 5,785,659 | 07-28-1998 | Caro et al. | |
| | 81 | 5,791,347 | 08-11-1998 | Flaherty et al. | |
| | 82 | 5,792,052 | 08-11-1998 | Isaacson et al. | |
| | 83 | 5,810,734 | 09-22-1998 | Caro et al. | |
| | 84 | 5,823,950 | 10-20-1998 | Diab et al. | |
| | 85 | 5,826,885 | 10-27-1998 | Helgeland | |
| | 86 | 5,830,131 | 11-03-1998 | Caro et al. | |
| | 87 | 5,833,618 | 11-10-1998 | Caro et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 4 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 88 | 5,851,178 | 12-22-1998 | Aronow | |
| | 89 | 5,860,919 | 01-19-1999 | Kiani-Azarbayjany et al. | |
| | 90 | 5,890,929 | 04-06-1999 | Mills et al. | |
| | 91 | 5,902,235 | 05-11-1999 | Lewis et al. | |
| | 92 | 5,903,357 | 05-11-1999 | Colak | |
| | 93 | 5,904,654 | 05-18-1999 | Wohltmann et al. | |
| | 94 | 5,919,134 | 07-06-1999 | Diab | |
| | 95 | 5,934,925 | 08-10-1999 | Tobler et al. | |
| | 96 | 5,940,182 | 08-17-1999 | Lepper, Jr. et al. | |
| | 97 | 5,957,840 | 09-28-1999 | Terasawa et al. | |
| | 98 | 5,995,855 | 11-30-1999 | Kiani et al. | |
| | 99 | 5,997,343 | 12-07-1999 | Mills et al. | |
| | 100 | 6,002,952 | 12-14-1999 | Diab et al. | |
| | 101 | 6,011,986 | 01-04-2000 | Diab et al. | |
| | 102 | 6,027,452 | 02-22-2000 | Flaherty et al. | |
| | 103 | 6,036,642 | 03-14-2000 | Diab et al. | |
| | 104 | 6,045,509 | 04-04-2000 | Caro et al. | |
| | 105 | 6,049,727 | 04-11-2000 | Crothall, Katherine D. | |
| | 106 | 6,067,462 | 05-23-2000 | Diab et al. | |
| | 107 | 6,081,735 | 06-27-2000 | Diab et al. | |
| | 108 | 6,088,607 | 07-11-2000 | Diab et al. | |
| | 109 | 6,110,522 | 08-29-2000 | Lepper, Jr. et al. | |
| | 110 | 6,124,597 | 09-26-2000 | Shehada | |
| | 111 | 6,128,521 | 10-03-2000 | Marro et al. | |
| | 112 | 6,129,675 | 10-10-2000 | Jay | |
| | 113 | 6,144,866 | 11-07-2000 | Miesel et al. | |
| | 114 | 6,144,868 | 11-07-2000 | Parker | |
| | 115 | 6,151,516 | 11-21-2000 | Kiani-Azarbayjany et al. | |
| | 116 | 6,152,754 | 11-28-2000 | Gerhardt et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 5 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 117 | 6,157,850 | 12-05-2000 | Diab et al. | |
| | 118 | 6,165,005 | 12-26-2000 | Mills et al. | |
| | 119 | 6,172,743 | 01-09-2001 | Kley, et al. | |
| | 120 | 6,181,958 | 01-30-2001 | Steuer et al. | |
| | 121 | 6,184,521 | 02-06-2001 | Coffin, IV et al. | |
| | 122 | 6,206,830 | 03-27-2001 | Diab et al. | |
| | 123 | 6,223,063 | 04-24-2001 | Chaiken et al. | |
| | 124 | 6,229,856 | 05-08-2001 | Diab et al. | |
| | 125 | 6,232,609 | 05-15-2001 | Snyder, et al. | |
| | 126 | 6,236,872 | 05-22-2001 | Diab et al. | |
| | 127 | 6,241,683 | 06-05-2001 | Macklem, et al. | |
| | 128 | 6,253,097 | 06-26-2001 | Aronow et al. | |
| | 129 | 6,256,523 | 07-03-2001 | Diab et al. | |
| | 130 | 6,263,222 | 07-17-2001 | Diab et al. | |
| | 131 | 6,278,522 | 08-21-2001 | Lepper, Jr. et al. | |
| | 132 | 6,278,889 | 08-21-2001 | Robinson | |
| | 133 | 6,280,213 | 08-28-2001 | Tobler et al. | |
| | 134 | 6,285,896 | 09-04-2001 | Tobler et al. | |
| | 135 | 6,301,493 | 10-09-2001 | Marro et al. | |
| | 136 | 6,317,627 | 11-13-2001 | Ennen et al. | |
| | 137 | 6,321,100 | 11-20-2001 | Parker | |
| | 138 | 6,325,761 | 12-04-2001 | Jay | |
| | 139 | 6,334,065 | 12-25-2001 | Al-Ali et al. | |
| | 140 | 6,343,223 | 01-29-2002 | Chin et al. | |
| | 141 | 6,343,224 | 01-29-2002 | Parker | |
| | 142 | 6,345,194 | 02-05-2002 | Robert Nelson, et al. | |
| | 143 | 6,349,228 | 02-19-2002 | Kiani et al. | |
| | 144 | 6,353,750 | 03-05-2002 | Kimura et al. | |
| | 145 | 6,360,113 | 03-09-2002 | Dettling, Allen | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 6 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 146 | 6,360,114 | 03-09-2002 | Diab et al. | |
| | 147 | 6,360,115 | 03-19-2002 | Roger Greenwald, et al. | |
| | 148 | 6,368,283 | 04-09-2002 | Xu, et al. | |
| | 149 | 6,371,921 | 04-16-2002 | Caro et al. | |
| | 150 | 6,377,829 | 04-23-2002 | Al-Ali | |
| | 151 | 6,388,240 | 05-14-2002 | Schulz et al. | |
| | 152 | 6,397,091 | 05-28-2002 | Diab et al. | |
| | 153 | 6,430,437 | 08-06-2002 | Marro | |
| | 154 | 6,430,525 | 08-06-2002 | Weber et al. | |
| | 155 | 6,463,311 | 10-08-2002 | Diab | |
| | 156 | 6,470,199 | 10-22-2002 | Kopotic et al. | |
| | 157 | 6,501,975 | 12-31-2002 | Diab et al. | |
| | 158 | 6,505,059 | 01-07-2003 | Kollias, et al. | |
| | 159 | 6,515,273 | 02-04-2003 | Al-Ali | |
| | 160 | 6,519,487 | 02-11-2003 | Parker | |
| | 161 | 6,522,521 | 02-18-2003 | Mizuno et al. | |
| | 162 | 6,525,386 | 02-25-2003 | Mills et al. | |
| | 163 | 6,526,300 | 02-25-2003 | Kiani et al. | |
| | 164 | 6,541,756 | 04-01-2003 | Schulz et al. | |
| | 165 | 6,542,764 | 04-01-2003 | Al-Ali et al. | |
| | 166 | 6,580,086 | 06-17-2003 | Schulz et al. | |
| | 167 | 6,584,336 | 06-24-2003 | Ali et al. | |
| | 168 | 6,595,316 | 07-22-2003 | Cybulski et al. | |
| | 169 | 6,597,932 | 07-22-2003 | Tian et al. | |
| | 170 | 6,597,933 | 07-22-2003 | Kiani et al. | |
| | 171 | 6,606,509 | 08-12-2003 | Schmitt, Joseph M. | |
| | 172 | 6,606,511 | 08-12-2003 | Ali et al. | |
| | 173 | 6,632,181 | 10-14-2003 | Flaherty et al. | |
| | 174 | 6,636,759 | 10-21-2003 | Robinson | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

Exhibit AE
Page 410

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 7 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 175 | 6,639,668 | 10-28-2003 | Trepagnier, Pierre | |
| | 176 | 6,639,867 | 10-28-2003 | Shim | |
| | 177 | 6,640,116 | 10-28-2003 | Diab | |
| | 178 | 6,643,530 | 11-04-2003 | Diab et al. | |
| | 179 | 6,650,917 | 11-18-2003 | Diab et al. | |
| | 180 | 6,654,624 | 11-25-2003 | Diab et al. | |
| | 181 | 6,658,276 | 12-02-2003 | Kiani et al. | |
| | 182 | 6,661,161 | 12-09-2003 | Lanzo et al. | |
| | 183 | 6,668,185 | 12-23-2003 | Toida | |
| | 184 | 6,671,531 | 12-30-2003 | Al-Ali et al. | |
| | 185 | 6,678,543 | 01-13-2004 | Diab et al. | |
| | 186 | 6,681,133 | 01-20-2004 | Chaiken et al. | |
| | 187 | 6,684,090 | 01-27-2004 | Ali et al. | |
| | 188 | 6,684,091 | 01-27-2004 | Parker | |
| | 189 | 6,697,656 | 02-24-2004 | Al-Ali | |
| | 190 | 6,697,657 | 02-24-2004 | Shehada, et al. | |
| | 191 | 6,697,658 | 02-24-2004 | Al-Ali | |
| | 192 | 6,699,194 | 03-02-2004 | Diab et al. | |
| | 193 | 6,714,804 | 03-30-2004 | Al-Ali et al. | |
| | 194 | 6,721,582 | 04-13-2004 | Trepagnier, et al. | |
| | 195 | 6,721,585 | 04-13-2004 | Parker | |
| | 196 | 6,725,075 | 04-20-2004 | Al-Ali | |
| | 197 | 6,728,560 | 04-27-2004 | Kollias, et al. | |
| | 198 | 6,735,459 | 05-11-2004 | Parker | |
| | 199 | 6,745,060 | 06-01-2004 | Diab et al. | |
| | 200 | 6,748,254 | 06-08-2004 | O'Neil et al. | |
| | 201 | 6,760,607 | 07-06-2004 | Al-Ali | |
| | 202 | 6,770,028 | 08-03-2004 | Ali et al. | |
| | 203 | 6,771,994 | 08-03-2004 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 8 OF 33 | Attorney Docket No. | MASCER.002C4 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 204 | 6,792,300 | 09-14-2004 | Diab et al. | |
| | 205 | 6,813,511 | 11-02-2004 | Diab et al. | |
| | 206 | 6,816,010 | 11-09-2004 | Seetharaman et al. | |
| | 207 | 6,816,241 | 11-09-2004 | Grubisic, et al. | |
| | 208 | 6,816,741 | 11-09-2004 | Diab | |
| | 209 | 6,822,564 | 11-23-2004 | Al-Ali | |
| | 210 | 6,826,419 | 11-30-2004 | Diab et al. | |
| | 211 | 6,830,711 | 12-14-2004 | Mills et al. | |
| | 212 | 6,850,787 | 02-01-2005 | Weber et al. | |
| | 213 | 6,850,788 | 02-01-2005 | Al-Ali | |
| | 214 | 6,852,083 | 02-08-2005 | Caro et al. | |
| | 215 | 6,861,639 | 03-01-2005 | Al-Ali | |
| | 216 | 6,898,452 | 05-24-2005 | Al-Ali et al. | |
| | 217 | 6,912,413 | 06-28-2005 | Rantala et al. | |
| | 218 | 6,920,345 | 07-19-2005 | Al-Ali et al. | |
| | 219 | 6,931,268 | 08-16-2005 | Kiani-Azarbayjany et al. | |
| | 220 | 6,934,570 | 08-23-2005 | Kiani et al. | |
| | 221 | 6,939,305 | 09-06-2005 | Flaherty et al. | |
| | 222 | 6,943,348 | 09-13-2005 | Coffin IV | |
| | 223 | 6,950,687 | 09-27-2005 | Al-Ali | |
| | 224 | 6,961,598 | 11-01-2005 | Diab | |
| | 225 | 6,970,792 | 11-29-2005 | Diab | |
| | 226 | 6,979,812 | 12-27-2005 | Al-Ali | |
| | 227 | 6,985,764 | 01-10-2006 | Mason et al. | |
| | 228 | 6,993,371 | 01-31-2006 | Kiani et al. | |
| | 229 | 6,995,400 | 02-07-2006 | Mizuyoshi | |
| | 230 | 6,996,427 | 02-07-2006 | Ali et al. | |
| | 231 | 6,999,904 | 02-14-2006 | Weber et al. | |
| | 232 | 7,003,338 | 02-21-2006 | Weber et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*****Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 9 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 233 | 7,003,339 | 02-21-2006 | Diab et al. | |
| | 234 | 7,015,451 | 03-21-2006 | Dalke et al. | |
| | 235 | 7,024,233 | 04-04-2006 | Ali et al. | |
| | 236 | 7,027,849 | 04-11-2006 | Al-Ali | |
| | 237 | 7,030,749 | 04-18-2006 | Al-Ali | |
| | 238 | 7,039,449 | 05-02-2006 | Al-Ali | |
| | 239 | 7,041,060 | 05-09-2006 | Flaherty et al | |
| | 240 | 7,044,918 | 05-16-2006 | Diab | |
| | 241 | 7,047,054 | 05-16-2006 | Benni | |
| | 242 | 7,067,893 | 06-27-2006 | Mills et al. | |
| | 243 | 7,092,757 | 08-15-2006 | Larson et al. | |
| | 244 | 7,096,052 | 08-22-2006 | Mason et al. | |
| | 245 | 7,096,054 | 08-22-2006 | Abdul-Hafiz et al. | |
| | 246 | 7,132,641 | 11-07-2006 | Schulz et al. | |
| | 247 | 7,142,901 | 11-28-2006 | Kiani et al. | |
| | 248 | 7,149,561 | 12-12-2006 | Diab | |
| | 249 | 7,186,966 | 03-06-2007 | Al-Ali | |
| | 250 | 7,190,261 | 03-13-2007 | Al-Ali | |
| | 251 | 7,215,984 | 05-08-2007 | Diab | |
| | 252 | 7,215,986 | 05-08-2007 | Diab | |
| | 253 | 7,221,971 | 05-22-2007 | Diab | |
| | 254 | 7,225,006 | 05-29-2007 | Al-Ali et al. | |
| | 255 | 7,225,007 | 05-29-2007 | Al-Ali | |
| | 256 | 7,230,227 | 06-12-2007 | Wilcken et al. | |
| | 257 | 7,239,905 | 07-03-2007 | Kiani-Azarbayjany et al. | |
| | 258 | 7,245,953 | 07-17-2007 | Parker | |
| | 259 | 7,254,429 | 08-07-2007 | Schurman et al. | |
| | 260 | 7,254,431 | 08-07-2007 | Al-Ali | |
| | 261 | 7,254,433 | 08-07-2007 | Diab et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*****Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 10 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 262 | 7,254,434 | 08-07-2007 | Schulz et al. | |
| | 263 | 7,272,425 | 09-18-2007 | Al-Ali | |
| | 264 | 7,274,955 | 09-25-2007 | Kiani et al. | |
| | 265 | 7,280,858 | 10-09-2007 | Al-Ali et al. | |
| | 266 | 7,289,835 | 10-30-2007 | Mansfield et al. | |
| | 267 | 7,292,883 | 11-06-2007 | De Felice et al. | |
| | 268 | 7,295,866 | 11-13-2007 | Al-Ali | |
| | 269 | 7,328,053 | 02-05-2008 | Diab et al. | |
| | 270 | 7,332,784 | 02-19-2008 | Mills, et al. | |
| | 271 | 7,340,287 | 03-04-2008 | Mason et al. | |
| | 272 | 7,341,559 | 03-11-2008 | Schulz et al. | |
| | 273 | 7,343,186 | 03-11-2008 | Lamego et al. | |
| | 274 | 7,355,512 | 04-08-2008 | Al-Ali | |
| | 275 | 7,356,365 | 04-08-2008 | Schurman | |
| | 276 | 7,365,923 | 04-29-2008 | Hargis et al. | |
| | 277 | 7,371,981 | 05-13-2008 | Abdul-Hafiz | |
| | 278 | 7,373,193 | 05-13-2008 | Al-Ali et al. | |
| | 279 | 7,373,194 | 05-13-2008 | Weber et al. | |
| | 280 | 7,376,453 | 05-20-2008 | Diab et al. | |
| | 281 | 7,377,794 | 05-27-2008 | Al Ali et al. | |
| | 282 | 7,377,899 | 05-27-2008 | Weber et al. | |
| | 283 | 7,383,070 | 06-03-2008 | Diab et al. | |
| | 284 | 7,395,189 | 07-01-2008 | Qing et al. | |
| | 285 | 7,415,297 | 08-19-2008 | Al-Ali et al. | |
| | 286 | 7,428,432 | 09-23-2008 | Ali et al. | |
| | 287 | 7,438,683 | 10-21-2008 | Al-Ali et al. | |
| | 288 | 7,440,787 | 10-21-2008 | Diab | |
| | 289 | 7,454,240 | 11-18-2008 | Diab et al. | |
| | 290 | 7,467,002 | 12-16-2008 | Weber et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 11 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 291 | 7,469,157 | 12-23-2008 | Diab et al. | |
| | 292 | 7,471,969 | 12-30-2008 | Diab et al. | |
| | 293 | 7,471,971 | 12-30-2008 | Diab et al. | |
| | 294 | 7,483,729 | 01-27-2009 | Al-Ali et al. | |
| | 295 | 7,483,730 | 01-27-2009 | Diab et al. | |
| | 296 | 7,489,958 | 02-10-2009 | Diab et al. | |
| | 297 | 7,496,391 | 02-24-2009 | Diab et al. | |
| | 298 | 7,496,393 | 02-24-2009 | Diab et al. | |
| | 299 | 7,499,741 | 03-03-2009 | Diab et al. | |
| | 300 | 7,499,835 | 03-03-2009 | Weber et al. | |
| | 301 | 7,500,950 | 03-10-2009 | Al-Ali et al. | |
| | 302 | 7,509,153 | 03-24-2009 | Blank et al. | |
| | 303 | 7,509,154 | 03-24-2009 | Diab et al. | |
| | 304 | 7,509,494 | 03-24-2009 | Al-Ali | |
| | 305 | 7,510,849 | 03-31-2009 | Schurman et al. | |
| | 306 | 7,519,327 | 04-14-2009 | White | |
| | 307 | 7,526,328 | 04-28-2009 | Diab et al. | |
| | 308 | 7,530,942 | 05-12-2009 | Diab | |
| | 309 | 7,530,949 | 05-12-2009 | Al Ali et al. | |
| | 310 | 7,530,955 | 05-12-2009 | Diab et al. | |
| | 311 | 7,563,110 | 07-21-2009 | Al-Ali et al. | |
| | 312 | 7,596,398 | 09-29-2009 | Al-Ali et al. | |
| | 313 | 7,601,123 | 10-13-2009 | Tweed, et al. | |
| | 314 | 7,606,606 | 10-20-2009 | Laakkonen | |
| | 315 | 7,618,375 | 11-17-2009 | Flaherty | |
| | 316 | 7,647,083 | 01-12-2010 | Al-Ali et al. | |
| | 317 | 7,657,294 | 02-02-2010 | Eghbal et al. | |
| | 318 | 7,657,295 | 02-02-2010 | Coakley et al. | |
| | 319 | 7,657,296 | 02-02-2010 | Raridan et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 12 OF 33 | Attorney Docket No. | MASCER.002C4 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 320 | 7,726,209 | 06-01-2010 | Ruotoistenmäki | |
| | 321 | 7,729,733 | 06-01-2010 | Al-Ali et al. | |
| | 322 | 7,734,320 | 06-08-2010 | Al-Ali | |
| | 323 | 7,761,127 | 07-20-2010 | Al-Ali et al. | |
| | 324 | 7,761,128 | 07-20-2010 | Al-Ali et al. | |
| | 325 | 7,764,982 | 07-27-2010 | Dalke et al. | |
| | 326 | 7,791,155 | 09-07-2010 | Diab | |
| | 327 | 7,801,581 | 09-21-2010 | Diab | |
| | 328 | 7,809,418 | 10-05-2010 | Xu | |
| | 329 | 7,822,452 | 10-26-2010 | Schurman et al. | |
| | 330 | 7,844,313 | 11-30-2010 | Kiani et al. | |
| | 331 | 7,844,314 | 11-30-2010 | Al-Ali | |
| | 332 | 7,844,315 | 11-30-2010 | Al-Ali | |
| | 333 | 7,862,523 | 01-04-2011 | Ruotoistenmaki | |
| | 334 | 7,865,222 | 01-04-2011 | Weber et al. | |
| | 335 | 7,873,497 | 01-18-2011 | Weber et al. | |
| | 336 | 7,880,606 | 02-01-2011 | Al-Ali | |
| | 337 | 7,880,626 | 02-01-2011 | Al-Ali et al. | |
| | 338 | 7,891,355 | 02-22-2011 | Al-Ali et al. | |
| | 339 | 7,894,868 | 02-22-2011 | Al-Ali et al. | |
| | 340 | 7,899,506 | 03-01-2011 | Xu et al. | |
| | 341 | 7,899,507 | 03-01-2011 | Al-Ali et al. | |
| | 342 | 7,899,518 | 03-01-2011 | Trepagnier et al. | |
| | 343 | 7,904,132 | 03-08-2011 | Weber et al. | |
| | 344 | 7,909,772 | 03-22-2011 | Popov et al. | |
| | 345 | 7,910,875 | 03-22-2011 | Al-Ali | |
| | 346 | 7,919,713 | 04-05-2011 | Al-Ali et al. | |
| | 347 | 7,937,128 | 05-03-2011 | Al-Ali | |
| | 348 | 7,937,129 | 05-03-2011 | Mason et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/212537 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 13 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 349 | 7,937,130 | 05-03-2011 | Diab et al. | |
| | 350 | 7,941,199 | 05-10-2011 | Kiani | |
| | 351 | 7,951,086 | 05-31-2011 | Flaherty et al. | |
| | 352 | 7,957,780 | 06-07-2011 | Lamego et al. | |
| | 353 | 7,962,188 | 06-14-2011 | Kiani et al. | |
| | 354 | 7,962,190 | 06-14-2011 | Diab et al. | |
| | 355 | 7,976,472 | 07-12-2011 | Kiani | |
| | 356 | 7,988,637 | 08-02-2011 | Diab | |
| | 357 | 7,990,382 | 08-02-2011 | Kiani | |
| | 358 | 7,991,446 | 08-02-2011 | Ali et al. | |
| | 359 | 8,008,088 | 08-08-2011 | Bellott et al. | |
| | 360 | 8,000,761 | 08-16-2011 | Al-Ali | |
| | 361 | 8,019,400 | 09-13-2011 | Diab et al. | |
| | 362 | 8,028,701 | 10-04-2011 | Al-Ali et al. | |
| | 363 | 8,029,765 | 10-04-2011 | Bellott et al. | |
| | 364 | 8,036,728 | 10-11-2011 | Diab et al. | |
| | 365 | 8,044,998 | 10-25-2011 | Heenan | |
| | 366 | 8,046,040 | 10-25-2011 | Ali et al. | |
| | 367 | 8,046,041 | 10-25-2011 | Diab et al. | |
| | 368 | 8,046,042 | 10-25-2011 | Diab et al. | |
| | 369 | 8,048,040 | 11-01-2011 | Kiani | |
| | 370 | 8,050,728 | 11-01-2011 | Al-Ali et al. | |
| | 371 | 8,118,620 | 02-21-2012 | Al-Ali et al. | |
| | 372 | 8,126,528 | 02-28-2012 | Diab et al. | |
| | 373 | 8,126,531 | 02-28-2012 | Crowley | |
| | 374 | 8,128,572 | 03-06-2012 | Diab et al. | |
| | 375 | 8,130,105 | 03-06-2012 | Al-Ali et al. | |
| | 376 | 8,145,287 | 03-27-2012 | Diab et al. | |
| | 377 | 8,150,487 | 04-03-2012 | Diab et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 14 OF 33 | Attorney Docket No. | MASCER.002C4 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 378 | 8,175,672 | 05-08-2012 | Parker | |
| | 379 | 8,180,420 | 05-15-2012 | Diab et al. | |
| | 380 | 8,182,443 | 05-22-2012 | Kiani | |
| | 381 | 8,185,180 | 05-22-2012 | Diab et al. | |
| | 382 | 8,190,223 | 05-29-2012 | Al-Ali et al. | |
| | 383 | 8,190,227 | 05-29-2012 | Diab et al. | |
| | 384 | 8,203,438 | 06-19-2012 | Kiani et al. | |
| | 385 | 8,203,704 | 06-19-2012 | Merritt et al. | |
| | 386 | 8,219,170 | 07-10-2012 | Hausmann et al. | |
| | 387 | 8,224,411 | 07-17-2012 | Al-Ali et al. | |
| | 388 | 8,228,181 | 07-24-2012 | Al-Ali | |
| | 389 | 8,229,532 | 07-24-2012 | Davis | |
| | 390 | 8,229,533 | 07-24-2012 | Diab et al. | |
| | 391 | 8,233,955 | 07-31-2012 | Al-Ali et al. | |
| | 392 | 8,244,325 | 08-14-2012 | Al-Ali et al. | |
| | 393 | 8,255,026 | 08-28-2012 | Al-Ali | |
| | 394 | 8,255,027 | 08-28-2012 | Al-Ali et al. | |
| | 395 | 8,255,028 | 08-28-2012 | Al-Ali et al. | |
| | 396 | 8,260,577 | 09-04-2012 | Weber et al. | |
| | 397 | 8,265,723 | 09-11-2012 | McHale et al. | |
| | 398 | 8,274,360 | 09-25-2012 | Sampath et al. | |
| | 399 | 8,289,130 | 10-16-2012 | Nakajima et al. | |
| | 400 | 8,301,217 | 10-30-2012 | Al-Ali et al. | |
| | 401 | 8,306,596 | 11-06-2012 | Schurman et al. | |
| | 402 | 8,310,336 | 11-13-2012 | Muhsin et al. | |
| | 403 | 8,315,683 | 11-20-2012 | Al-Ali et al. | |
| | 404 | 8,332,006 | 12-11-2012 | Naganuma et al. | |
| | 405 | 8,337,403 | 12-25-2012 | Al-Ali et al. | |
| | 406 | 8,346,330 | 01-01-2013 | Lamego | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 15 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 407 | 8,353,842 | 01-15-2013 | Al-Ali et al. | |
| | 408 | 8,355,766 | 01-15-2013 | MacNeish, III et al. | |
| | 409 | 8,359,080 | 01-22-2013 | Diab et al. | |
| | 410 | 8,364,223 | 01-29-2013 | Al-Ali et al. | |
| | 411 | 8,364,226 | 01-29-2013 | Diab et al. | |
| | 412 | 8,364,389 | 01-29-2013 | Dorogusker et al. | |
| | 413 | 8,374,665 | 02-12-2013 | Lamego | |
| | 414 | 8,380,272 | 02-19-2013 | Barrett et al. | |
| | 415 | 8,385,995 | 02-26-2013 | Al-ali et al. | |
| | 416 | 8,385,996 | 02-26-2013 | Smith et al. | |
| | 417 | 8,388,353 | 03-05-2013 | Kiani et al. | |
| | 418 | 8,399,822 | 03-19-2013 | Al-Ali | |
| | 419 | 8,401,602 | 03-19-2013 | Kiani | |
| | 420 | 8,405,608 | 03-26-2013 | Al-Ali et al. | |
| | 421 | 8,414,499 | 04-09-2013 | Al-Ali et al. | |
| | 422 | 8,418,524 | 04-16-2013 | Al-Ali | |
| | 423 | 8,421,022 | 04-16-2013 | Rozenfeld | |
| | 424 | 8,423,106 | 04-16-2013 | Lamego et al. | |
| | 425 | 8,428,674 | 04-23-2013 | Duffy et al. | |
| | 426 | 8,428,967 | 04-23-2013 | Olsen et al. | |
| | 427 | 8,430,817 | 04-30-2013 | Al-Ali et al. | |
| | 428 | 8,437,825 | 05-07-2013 | Dalvi et al. | |
| | 429 | 8,455,290 | 06-04-2013 | Siskavich | |
| | 430 | 8,457,703 | 06-04-2013 | Al-Ali | |
| | 431 | 8,457,707 | 06-04-2013 | Kiani | |
| | 432 | 8,463,349 | 06-11-2013 | Diab et al. | |
| | 433 | 8,466,286 | 06-18-2013 | Bellot et al. | |
| | 434 | 8,471,713 | 06-25-2013 | Poeze et al. | |
| | 435 | 8,473,020 | 06-25-2013 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 16 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 436 | 8,483,787 | 07-09-2013 | Al-Ali et al. | |
| | 437 | 8,489,364 | 07-16-2013 | Weber et al. | |
| | 438 | 8,498,684 | 07-30-2013 | Weber et al. | |
| | 439 | 8,504,128 | 08-06-2013 | Blank et al. | |
| | 440 | 8,509,867 | 08-13-2013 | Workman et al. | |
| | 441 | 8,515,509 | 08-20-2013 | Bruinsma et al. | |
| | 442 | 8,523,781 | 09-03-2013 | Al-Ali | |
| | 443 | 8,529,301 | 09-10-2013 | Al-Ali et al. | |
| | 444 | 8,532,727 | 09-10-2013 | Ali et al. | |
| | 445 | 8,532,728 | 09-10-2013 | Diab et al. | |
| | 446 | 8,547,209 | 10-01-2013 | Kiani et al. | |
| | 447 | 8,548,548 | 10-01-2013 | Al-Ali | |
| | 448 | 8,548,549 | 10-01-2013 | Schurman et al. | |
| | 449 | 8,548,550 | 10-01-2013 | Al-Ali et al. | |
| | 450 | 8,570,167 | 10-29-2013 | Al-Ali | |
| | 451 | 8,571,617 | 10-29-2013 | Reichgott et al. | |
| | 452 | 8,571,618 | 10-29-2013 | Lamego et al. | |
| | 453 | 8,571,619 | 10-29-2013 | Al-Ali et al. | |
| | 454 | 8,560,032 | 10-15-2013 | Al-Ali et al. | |
| | 455 | 8,560,034 | 10-15-2013 | Diab et al. | |
| | 456 | 8,570,503 | 10-29-2013 | Hung Vo | |
| | 457 | 8,581,732 | 11-12-2013 | Al-Ali et al. | |
| | 458 | 8,577,431 | 11-05-2013 | Lamego et al. | |
| | 459 | 8,584,345 | 11-19-2013 | Al-Ali et al. | |
| | 460 | 8,588,880 | 11-19-2013 | Abdul-Hafiz et al. | |
| | 461 | 8,600,467 | 12-03-2013 | Al-Ali et al. | |
| | 462 | 8,602,971 | 12-10-2013 | Farr | |
| | 463 | 8,606,342 | 12-10-2013 | Diab | |
| | 464 | 8,615,290 | 12-24-2013 | Lin et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/212537 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 17 OF 33 | Attorney Docket No. | MASCER.002C4 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 465 | 8,626,255 | 01-07-2014 | Al-Ali et al. | |
| | 466 | 8,630,691 | 01-14-2014 | Lamego et al. | |
| | 467 | 8,634,889 | 01-21-2014 | Al-Ali et al. | |
| | 468 | 8,641,631 | 02-04-2014 | Sierra et al. | |
| | 469 | 8,652,060 | 02-18-2014 | Al-Ali | |
| | 470 | 8,655,004 | 02-18-2014 | Prest et al. | |
| | 471 | 8,663,107 | 03-04-2014 | Kiani | |
| | 472 | 8,666,468 | 03-04-2014 | Al-Ali | |
| | 473 | 8,667,967 | 03-11-2014 | Al-Ali et al. | |
| | 474 | 8,670,811 | 03-11-2014 | O'Reilly | |
| | 475 | 8,670,814 | 03-11-2014 | Diab et al. | |
| | 476 | 8,676,286 | 03-18-2014 | Weber et al. | |
| | 477 | 8,682,407 | 03-25-2014 | Al-Ali | |
| | 478 | 8,688,183 | 04-01-2014 | Bruinsma et al. | |
| | 479 | 8,690,799 | 04-08-2014 | Telfort et al. | |
| | 480 | 8,700,112 | 04-15-2014 | Kiani | |
| | 481 | 8,702,627 | 04-22-2014 | Telfort et al. | |
| | 482 | 8,706,179 | 04-22-2014 | Parker | |
| | 483 | 8,712,494 | 04-29-2014 | MacNeish, III et al. | |
| | 484 | 8,718,738 | 05-06-2014 | Blank et al. | |
| | 485 | 8,715,206 | 05-06-2014 | Telfort et al. | |
| | 486 | 8,718,735 | 05-06-2014 | Lamego et al. | |
| | 487 | 8,718,737 | 05-06-2014 | Diab et al. | |
| | 488 | 8,720,249 | 05-13-2014 | Al-Ali | |
| | 489 | 8,721,541 | 05-13-2014 | Al-Ali et al. | |
| | 490 | 8,721,542 | 05-13-2014 | Al-Ali et al. | |
| | 491 | 8,723,677 | 05-13-2014 | Kiani | |
| | 492 | 8,740,792 | 06-03-2014 | Kiani et al. | |
| | 493 | 8,754,776 | 06-17-2014 | Poeze et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 18 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 494 | 8,755,535 | 06-17-2014 | Telfort et al. | |
| | 495 | 8,755,856 | 06-17-2014 | Diab et al. | |
| | 496 | 8,755,872 | 06-17-2014 | Marinow | |
| | 497 | 8,760,517 | 06-24-2014 | Sarwar et al. | |
| | 498 | 8,761,850 | 06-24-2014 | Lamego | |
| | 499 | 8,764,671 | 07-01-2014 | Kiani | |
| | 500 | 8,768,423 | 07-01-2014 | Shakespeare et al. | |
| | 501 | 8,771,204 | 07-08-2014 | Telfort et al. | |
| | 502 | 8,777,634 | 07-15-2014 | Kiani et al. | |
| | 503 | 8,781,543 | 07-15-2014 | Diab et al. | |
| | 504 | 8,781,544 | 07-15-2014 | Al-Ali et al. | |
| | 505 | 8,781,549 | 07-15-2014 | Al-Ali et al. | |
| | 506 | 8,788,003 | 07-22-2014 | Schurman et al. | |
| | 507 | 8,790,268 | 07-29-2014 | Al-Ali | |
| | 508 | 8,801,613 | 08-12-2014 | Al-Ali et al. | |
| | 509 | 8,821,397 | 09-02-2014 | Al-Ali et al. | |
| | 510 | 8,821,415 | 09-02-2014 | Al-Ali et al. | |
| | 511 | 8,830,449 | 09-09-2014 | Lamego et al. | |
| | 512 | 8,831,700 | 09-09-2014 | Schurman et al. | |
| | 513 | 8,840,549 | 09-23-2014 | Al-Ali et al. | |
| | 514 | 8,847,740 | 09-30-2014 | Kiani et al. | |
| | 515 | 8,849,365 | 09-30-2014 | Smith et al. | |
| | 516 | 8,852,094 | 10-07-2014 | Al-Ali et al. | |
| | 517 | 8,852,994 | 10-07-2014 | Wojtczuk et al. | |
| | 518 | 8,868,147 | 10-21-2014 | Stippick et al. | |
| | 519 | 8,868,150 | 10-21-2014 | Al-Ali et al. | |
| | 520 | 8,870,792 | 10-28-2014 | Al-Ali et al. | |
| | 521 | 8,886,271 | 11-11-2014 | Kiani et al. | |
| | 522 | 8,888,539 | 11-18-2014 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 19 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 523 | 8,888,708 | 11-18-2014 | Diab et al. | |
| | 524 | 8,892,180 | 11-18-2014 | Weber et al. | |
| | 525 | 8,897,847 | 11-25-2014 | Al-Ali | |
| | 526 | 8,911,377 | 12-16-2014 | Al-Ali | |
| | 527 | 8,912,909 | 12-16-2014 | Al-Ali et al. | |
| | 528 | 8,920,317 | 12-30-2014 | Al-Ali et al. | |
| | 529 | 8,921,699 | 12-30-2014 | Al-Ali et al | |
| | 530 | 8,922,382 | 12-30-2014 | Al-Ali et al. | |
| | 531 | 8,909,310 | 12-09-2014 | Lamego et al. | |
| | 532 | 8,929,964 | 01-06-2015 | Al-Ali et al. | |
| | 533 | 8,942,777 | 01-27-2015 | Diab et al. | |
| | 534 | 8,948,834 | 02-03-2015 | Diab et al. | |
| | 535 | 8,948,835 | 02-03-2015 | Diab | |
| | 536 | 8,965,471 | 02-24-2015 | Lamego | |
| | 537 | 8,983,564 | 03-17-2015 | Al-Ali | |
| | 538 | 8,989,831 | 03-24-2015 | Al-Ali et al. | |
| | 539 | 8,996,085 | 03-31-2015 | Kiani et al. | |
| | 540 | 8,998,809 | 04-07-2015 | Kiani | |
| | 541 | 9,028,429 | 05-12-2015 | Telfort et al. | |
| | 542 | 9,037,207 | 05-19-2015 | Al-Ali et al. | |
| | 543 | 9,060,721 | 06-23-2015 | Reichgott et al. | |
| | 544 | 9,066,666 | 06-30-2015 | Kiani | |
| | 545 | 9,066,680 | 06-30-2015 | Al-Ali et al. | |
| | 546 | 9,072,437 | 07-07-2015 | Paalasmaa | |
| | 547 | 9,072,474 | 07-07-2015 | Al-Ali et al. | |
| | 548 | 9,078,560 | 07-14-2015 | Schurman et al. | |
| | 549 | 9,081,889 | 07-14-2015 | Ingrassia, Jr. et al. | |
| | 550 | 9,084,569 | 07-21-2015 | Weber et al. | |
| | 551 | 9,095,316 | 08-04-2015 | Welch et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | |
|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 20 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 552 | 9,106,038 | 08-11-2015 | Telfort et al. | |
| | 553 | 9,107,625 | 08-18-2015 | Telfort et al. | |
| | 554 | 9,107,626 | 08-18-2015 | Al-Ali et al. | |
| | 555 | 9,113,831 | 08-25-2015 | Al-Ali | |
| | 556 | 9,113,832 | 08-25-2015 | Al-Ali | |
| | 557 | 9,119,595 | 09-01-2015 | Lamego | |
| | 558 | 9,131,881 | 09-15-2015 | Diab et al. | |
| | 559 | 9,131,882 | 09-15-2015 | Al-Ali et al. | |
| | 560 | 9,131,883 | 09-15-2015 | Al-Ali | |
| | 561 | 9,131,917 | 09-15-2015 | Telfort et al. | |
| | 562 | 9,138,180 | 09-22-2015 | Coverston et al. | |
| | 563 | 9,138,182 | 09-22-2015 | Al-Ali et al. | |
| | 564 | 9,138,192 | 09-22-2015 | Weber et al. | |
| | 565 | 9,142,117 | 09-22-2015 | Muhsin et al. | |
| | 566 | 9,153,112 | 10-06-2015 | Kiani et al. | |
| | 567 | 9,153,121 | 10-06-2015 | Kiani et al. | |
| | 568 | 9,161,696 | 10-20-2015 | Al-Ali et al. | |
| | 569 | 9,161,713 | 10-20-2015 | Al-Ali et al. | |
| | 570 | 9,167,995 | 10-27-2015 | Lamego et al. | |
| | 571 | 9,176,141 | 11-03-2015 | Al-Ali et al. | |
| | 572 | 9,186,102 | 11-17-2015 | Bruinsma et al. | |
| | 573 | 9,192,312 | 11-24-2015 | Al-Ali | |
| | 574 | 9,192,329 | 11-24-2015 | Al-Ali | |
| | 575 | 9,192,351 | 11-24-2015 | Telfort et al. | |
| | 576 | 9,195,385 | 11-24-2015 | Al-Ali et al. | |
| | 577 | 9,210,566 | 12-08-2015 | Ziemianska et al. | |
| | 578 | 9,211,072 | 12-15-2015 | Kiani | |
| | 579 | 9,211,095 | 12-15-2015 | Al-Ali | |
| | 580 | 9,218,454 | 12-22-2015 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/212537 | |
| Filing Date | December 6, 2018 | |
| First Named Inventor | Poeze, Jeroen et al. | |
| Art Unit | 2688 | |
| Examiner | Unassigned | |
| Attorney Docket No. | MASCER.002C4 | |

*(Multiple sheets used when necessary)*

SHEET 21 OF 33

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 581 | 9,226,696 | 01-05-2016 | Kiani | |
| | 582 | 9,241,662 | 01-26-2016 | Al-Ali et al. | |
| | 583 | 9,245,668 | 01-26-2016 | Vo et al. | |
| | 584 | 9,259,185 | 02-16-2016 | Abdul-Hafiz et al. | |
| | 585 | 9,267,572 | 02-23-2016 | Barker et al. | |
| | 586 | 9,277,880 | 03-08-2016 | Poeze et al. | |
| | 587 | 9,289,167 | 03-22-2016 | Diab et al. | |
| | 588 | 9,295,421 | 03-29-2016 | Kiani et al. | |
| | 589 | 9,307,928 | 04-12-2016 | Al-Ali et al. | |
| | 590 | 9,311,382 | 04-12-2016 | Varoglu et al. | |
| | 591 | 9,323,894 | 04-26-2016 | Kiani | |
| | 592 | 9,326,712 | 05-03-2016 | Kiani | |
| | 593 | 9,333,316 | 05-10-2016 | Kiani | |
| | 594 | 9,339,220 | 05-17-2016 | Lamego et al. | |
| | 595 | 9,341,565 | 05-17-2016 | Lamego et al. | |
| | 596 | 9,351,673 | 05-31-2016 | Diab et al. | |
| | 597 | 9,351,675 | 05-31-2016 | Al-Ali et al. | |
| | 598 | 9,357,665 | 05-31-2016 | Myers et al. | |
| | 599 | 9,364,181 | 06-14-2016 | Kiani et al. | |
| | 600 | 9,368,671 | 06-14-2016 | Wojtczuk et al. | |
| | 601 | 9,370,325 | 06-21-2016 | Al-Ali et al. | |
| | 602 | 9,370,326 | 06-21-2016 | McHale et al. | |
| | 603 | 9,370,335 | 06-21-2016 | Al-ali et al. | |
| | 604 | 9,375,185 | 06-28-2016 | Ali et al. | |
| | 605 | 9,386,953 | 07-12-2016 | Al-Ali | |
| | 606 | 9,386,961 | 07-12-2016 | Al-Ali et al. | |
| | 607 | 9,392,945 | 07-19-2016 | Al-Ali et al. | |
| | 608 | 9,397,448 | 07-19-2016 | Al-Ali et al. | |
| | 609 | 9,489,081 | 11-08-2016 | Anzures et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 22 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 610 | 9,497,534 | 11-15-2016 | Prest et al. | |
| | 611 | 9,526,430 | 12-27-2016 | Srinivas et al. | |
| | 612 | 9,553,625 | 01-24-2017 | Hatanaka et al. | |
| | 613 | 9,591,975 | 03-14-2017 | Dalvi et al. | |
| | 614 | 9,593,969 | 03-14-2017 | King | |
| | 615 | 9,651,405 | 05-16-2017 | Gowreesunker et al. | |
| | 616 | 9,668,676 | 06-06-2017 | Culbert | |
| | 617 | 9,668,680 | 06-06-2017 | Bruinsma et al. | |
| | 618 | 9,699,546 | 07-04-2017 | Qian et al. | |
| | 619 | 9,716,937 | 07-25-2017 | Qian et al. | |
| | 620 | 9,717,425 | 08-01-2017 | Kiani et al. | |
| | 621 | 9,723,997 | 08-08-2017 | Lamego | |
| | 622 | 9,781,984 | 10-10-2017 | Baranski et al. | |
| | 623 | 9,838,775 | 12-05-2017 | Qian et al. | |
| | 624 | 9,848,823 | 12-26-2017 | Raghuram et al. | |
| | 625 | 9,866,671 | 01-09-2018 | Thompson et al. | |
| | 626 | 9,867,575 | 01-16-2018 | Maani et al. | |
| | 627 | 9,898,049 | 02-20-2018 | Myers et al. | |
| | 628 | 9,918,646 | 03-20-2018 | Singh Alvarado et al. | |
| | 629 | 9,952,095 | 04-24-2018 | Hotelling et al. | |
| | 630 | 10,039,080 | 07-31-2018 | Miller et al. | |
| | 631 | 10,055,121 | 08-21-2018 | Chaudhri et al. | |
| | 632 | 10,066,970 | 09-04-2018 | Gowreesunker et al. | |
| | 633 | 10,076,257 | 09-18-2018 | Lin et al. | |
| | 634 | 10,078,052 | 09-18-2018 | Ness et al. | |
| | 635 | 2002/0099279 | 07-25-2002 | Pfeiffer et al. | |
| | 636 | 2006/0005944 | 01-12-2006 | Wang et al. | |
| | 637 | 2006/0025659 | 02-02-2006 | Kiguchi et al. | |
| | 638 | 2006/0076473 | 04-13-2006 | Wilcken et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/212537 |
|---|---|---|---|
| | | Filing Date | December 6, 2018 |
| | | First Named Inventor | Poeze, Jeroen et al. |
| | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 23 OF 33 | | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 639 | 2007/0149864 | 06-28-2007 | Laakkonen | |
| | 640 | 2007/0238955 | 10-11-2007 | Tearney et al. | |
| | 641 | 2007/0293792 | 12-20-2007 | Sliwa et al. | |
| | 642 | 2008/0130232 | 06-05-2008 | Yamamoto | |
| | 643 | 2008/0139908 | 06-12-2008 | Kurth | |
| | 644 | 2009/0030327 | 01-29-2009 | Chance, Britton | |
| | 645 | 2009/0043180 | 02-12-2009 | Tschautscher et al. | |
| | 646 | 2009/0129102 | 05-21-2009 | Xiao et al. | |
| | 647 | 2009/0247984 | 10-01-2009 | Lamego et al. | |
| | 648 | 2009/0259114 | 10-15-2009 | Johnson et al. | |
| | 649 | 2009/0275844 | 11-05-2009 | Al-Ali | |
| | 650 | 2009/0306487 | 12-10-2009 | Crowe et al. | |
| | 651 | 2010/0004518 | 01-07-2010 | Vo et al. | |
| | 652 | 2010/0030040 | 02-04-2010 | Poeze et al. | |
| | 653 | 2010/0217102 | 08-26-2010 | LeBoeuf et al. | |
| | 654 | 2011/0001605 | 01-06-2011 | Kiani et al. | |
| | 655 | 2011/0004082 | 01-06-2011 | Poeze et al. | |
| | 656 | 2011/0082711 | 04-07-2011 | Poeze et al. | |
| | 657 | 2011/0105854 | 05-05-2011 | Kiani et al. | |
| | 658 | 2011/0105865 | 05-05-2011 | Yu et al. | |
| | 659 | 2011/0208015 | 08-25-2011 | Welch et al. | |
| | 660 | 2011/0213212 | 09-01-2011 | Al-Ali | |
| | 661 | 2011/0230733 | 09-22-2011 | Al-Ali | |
| | 662 | 2011/0237911 | 09-29-2011 | Lamego et al. | |
| | 663 | 2012/0059267 | 03-08-2012 | Lamego et al. | |
| | 664 | 2012/0179006 | 07-12-2012 | Jansen et al. | |
| | 665 | 2012/0209082 | 08-16-2012 | Al-Ali | |
| | 666 | 2012/0209084 | 08-16-2012 | Olsen et al. | |
| | 667 | 2012/0227739 | 09-13-2012 | Kiani | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 24 OF 33 | Attorney Docket No. | MASCER.002C4 |

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:  1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 668 | 2012/0283524 | 11-08-2012 | Kiani et al. | |
| | 669 | 2012/0296178 | 11-22-2012 | Lamego et al. | |
| | 670 | 2012/0319816 | 12-20-2012 | Al-Ali | |
| | 671 | 2012/0330112 | 12-27-2012 | Lamego et al. | |
| | 672 | 2013/0023775 | 01-24-2013 | Lamego et al. | |
| | 673 | 2013/0041591 | 02-14-2013 | Lamego | |
| | 674 | 2013/0045685 | 02-21-2013 | Kiani | |
| | 675 | 2013/0046204 | 02-21-2013 | Lamego et al. | |
| | 676 | 2013/0060147 | 03-07-2013 | Welch et al. | |
| | 677 | 2013/0096405 | 04-18-2013 | Garfio | |
| | 678 | 2013/0096936 | 04-18-2013 | Sampath et al. | |
| | 679 | 2013/0190581 | 07-25-2013 | Al-Ali et al. | |
| | 680 | 2013/0197328 | 08-01-2013 | Diab et al. | |
| | 681 | 2013/0211214 | 08-15-2013 | Olsen | |
| | 682 | 2013/0243021 | 09-19-2013 | Siskavich | |
| | 683 | 2013/0253334 | 09-26-2013 | Al-Ali et al. | |
| | 684 | 2013/0296672 | 11-07-2013 | O'Neil et al. | |
| | 685 | 2013/0317370 | 11-28-2013 | Dalvi et al. | |
| | 686 | 2013/0324808 | 12-05-2013 | Al-Ali et al. | |
| | 687 | 2013/0331670 | 12-12-2013 | Kiani | |
| | 688 | 2013/0338461 | 12-19-2013 | Lamego et al. | |
| | 689 | 2014/0012100 | 01-09-2014 | Al-Ali et al. | |
| | 690 | 2014/0034353 | 02-06-2014 | Al-Ali et al. | |
| | 691 | 2014/0051953 | 02-20-2014 | Lamego et al. | |
| | 692 | 2014/0058230 | 02-27-2014 | Abdul-Hafiz et al. | |
| | 693 | 2014/0077956 | 03-20-2014 | Sampath et al. | |
| | 694 | 2014/0081100 | 03-20-2014 | Muhsin et al. | |
| | 695 | 2014/0081175 | 03-20-2014 | Telfort | |
| | 696 | 2014/0066783 | 03-06-2014 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

$T^1$ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 25 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 697 | 2014/0094667 | 04-03-2014 | Schurman et al. | |
| | 698 | 2014/0100434 | 04-10-2014 | Diab et al. | |
| | 699 | 2014/0114199 | 04-24-2014 | Lamego et al. | |
| | 700 | 2014/0120564 | 05-01-2014 | Workman et al. | |
| | 701 | 2014/0121482 | 05-01-2014 | Merritt et al. | |
| | 702 | 2014/0121483 | 05-01-2014 | Kiani | |
| | 703 | 2014/0127137 | 05-08-2014 | Bellott et al. | |
| | 704 | 2014/0129702 | 05-08-2014 | Lamego et al. | |
| | 705 | 2014/0135588 | 05-15-2014 | Al-Ali et al. | |
| | 706 | 2014/0142401 | 05-22-2014 | Al-Ali et al. | |
| | 707 | 2014/0163344 | 06-12-2014 | Al-Ali | |
| | 708 | 2014/0163402 | 06-12-2014 | Lamego et al. | |
| | 709 | 2014/0166076 | 06-19-2014 | Kiani et al. | |
| | 710 | 2014/0171146 | 06-19-2014 | Ma et al. | |
| | 711 | 2014/0171763 | 06-19-2014 | Diab | |
| | 712 | 2014/0180038 | 06-26-2014 | Kiani | |
| | 713 | 2014/0180154 | 06-26-2014 | Sierra et al. | |
| | 714 | 2014/0155712 | 06-05-2014 | Lamego et al. | |
| | 715 | 2014/0194709 | 07-10-2014 | Al-Ali et al. | |
| | 716 | 2014/0194711 | 07-10-2014 | Al-Ali | |
| | 717 | 2014/0194766 | 07-10-2014 | Al-Ali et al. | |
| | 718 | 2014/0206963 | 07-24-2014 | Al-Ali | |
| | 719 | 2014/0213864 | 07-31-2014 | Abdul-Hafiz et al. | |
| | 720 | 2014/0243627 | 08-28-2014 | Diab et al. | |
| | 721 | 2014/0266790 | 09-18-2014 | Al-Ali et al. | |
| | 722 | 2014/0275808 | 09-18-2014 | Poeze et al. | |
| | 723 | 2014/0275835 | 09-18-2014 | Lamego et al. | |
| | 724 | 2014/0275871 | 09-18-2014 | Lamego et al. | |
| | 725 | 2014/0275872 | 09-18-2014 | Merritt et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 26 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:  1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 726 | 2014/0275881 | 09-18-2014 | Lamego et al. | |
| | 727 | 2014/0288400 | 09-25-2014 | Diab et al. | |
| | 728 | 2014/0303520 | 10-09-2014 | Telfort et al. | |
| | 729 | 2014/0316228 | 10-23-2014 | Blank et al. | |
| | 730 | 2014/0323825 | 10-30-2014 | Al-Ali et al. | |
| | 731 | 2014/0296664 | 10-27-2014 | Bruinsma et al. | |
| | 732 | 2014/0330092 | 11-06-2014 | Al-Ali et al. | |
| | 733 | 2014/0330098 | 11-06-2014 | Merritt et al. | |
| | 734 | 2014/0330099 | 11-06-2014 | Al-Ali et al. | |
| | 735 | 2014/0333440 | 11-13-2014 | Kiani | |
| | 736 | 2014/0336481 | 11-13-2014 | Shakespeare et al. | |
| | 737 | 2014/0343436 | 11-20-2014 | Kiani | |
| | 738 | 2015/0018650 | 01-15-2015 | Al-Ali et al. | |
| | 739 | 2015/0173671 | 06-25-2015 | Paalasmaa et al. | |
| | 740 | 2015/0255001 | 09-10-2015 | Haughav et al. | |
| | 741 | 2015/0281424 | 10-01-2015 | Vock et al. | |
| | 742 | 2015/0318100 | 11-05-2015 | Rothkopf et al. | |
| | 743 | 2015/0351697 | 12-10-2015 | Weber et al. | |
| | 744 | 2015/0359429 | 12-17-2015 | Al-Ali et al. | |
| | 745 | 2015/0351704 | 12-20-2015 | Kiani et al. | |
| | 746 | 2015/0366472 | 12-24-2015 | Kiani | |
| | 747 | 2015/0366507 | 12-24-2015 | Blank | |
| | 748 | 2015/0374298 | 12-31-2015 | Al-Ali et al. | |
| | 749 | 2015/0380875 | 12-31-2015 | Coverston et al. | |
| | 750 | 2016/0000362 | 01-07-2016 | Diab et al. | |
| | 751 | 2016/0007930 | 01-14-2016 | Weber et al. | |
| | 752 | 2016/0019360 | 01-21-2016 | Pahwa et al. | |
| | 753 | 2016/0023245 | 01-28-2016 | Zadesky et al. | |
| | 754 | 2016/0029932 | 02-04-2016 | Al-Ali | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 27 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 755 | 2016/0029933 | 02-04-2016 | Al-Ali et al. | |
| | 756 | 2016/0038045 | 02-11-2016 | Shapiro | |
| | 757 | 2016/0045118 | 02-18-2016 | Kiani | |
| | 758 | 2016/0051157 | 02-25-2016 | Waydo | |
| | 759 | 2016/0051158 | 02-25-2016 | Silva | |
| | 760 | 2016/0051205 | 02-25-2016 | Al-Ali et al. | |
| | 761 | 2016/0058302 | 03-03-2016 | Raghuram et al. | |
| | 762 | 2016/0058309 | 03-03-2016 | Han | |
| | 763 | 2016/0058312 | 03-03-2016 | Han et al. | |
| | 764 | 2016/0058338 | 03-03-2016 | Schurman et al. | |
| | 765 | 2016/0058347 | 03-03-2016 | Reichgott et al. | |
| | 766 | 2016/0058356 | 03-03-2016 | Raghuram et al. | |
| | 767 | 2016/0058370 | 03-03-2016 | Raghuram et al. | |
| | 768 | 2016/0066823 | 03-10-2016 | Al-Ali et al. | |
| | 769 | 2016/0066824 | 03-10-2016 | Al-Ali et al. | |
| | 770 | 2016/0066879 | 03-10-2016 | Telfort et al. | |
| | 771 | 2016/0071392 | 03-10-2016 | Hankey et al. | |
| | 772 | 2016/0072429 | 03-10-2016 | Kiani et al. | |
| | 773 | 2016/0073967 | 03-17-2016 | Lamego et al. | |
| | 774 | 2016/0081552 | 03-24-2016 | Wojtczuk et al. | |
| | 775 | 2016/0095543 | 04-07-2016 | Telfort et al. | |
| | 776 | 2016/0095548 | 04-07-2016 | Al-Ali et al. | |
| | 777 | 2016/0103598 | 04-14-2016 | Al-Ali et al. | |
| | 778 | 2016/0113527 | 04-28-2016 | Al-Ali et al. | |
| | 779 | 2016/0143548 | 05-26-2016 | Al-Ali | |
| | 780 | 2016/0154950 | 06-02-2016 | Nakajima et al. | |
| | 781 | 2016/0157780 | 06-09-2016 | Rimminen et al. | |
| | 782 | 2016/0166183 | 06-16-2016 | Poeze et al. | |
| | 783 | 2016/0166210 | 06-16-2016 | Al-Ali | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 28 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number *Number - Kind Code (if known)* Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 784 | 2016/0192869 | 07-07-2016 | Kiani et al. | |
| | 785 | 2016/0196388 | 07-07-2016 | Lamego | |
| | 786 | 2016/0197436 | 07-07-2016 | Barker et al. | |
| | 787 | 2016/0213281 | 07-28-2016 | Eckerbom, et al. | |
| | 788 | 2016/0213309 | 07-28-2016 | Sannholm et al. | |
| | 789 | 2016/0256058 | 09-08-2016 | Pham et al. | |
| | 790 | 2016/0256082 | 09-08-2016 | Ely et al. | |
| | 791 | 2016/0267238 | 09-15-2016 | Nag | |
| | 792 | 2016/0287181 | 10-06-2016 | Han et al. | |
| | 793 | 2016/0296173 | 10-13-2016 | Culbert | |
| | 794 | 2016/0296174 | 10-13-2016 | Isikman et al. | |
| | 795 | 2016/0310027 | 10-27-2016 | Han | |
| | 796 | 2016/0378069 | 12-29-2016 | Rothkopf | |
| | 797 | 2016/0378071 | 12-29-2016 | Rothkopf | |
| | 798 | 2017/0007183 | 01-12-2017 | Dusan et al. | |
| | 799 | 2017/0010858 | 01-12-2017 | Prest et al. | |
| | 800 | 2017/0074897 | 03-16-2017 | Mermel et al. | |
| | 801 | 2017/0084133 | 03-23-2017 | Cardinali et al. | |
| | 802 | 2017/0086689 | 03-30-2017 | Shui et al. | |
| | 803 | 2017/0086742 | 03-30-2017 | Harrison-Noonan et al. | |
| | 804 | 2017/0086743 | 03-30-2017 | Bushnell et al. | |
| | 805 | 2017/0094450 | 03-30-2017 | Tu et al. | |
| | 806 | 2017/0164884 | 06-15-2017 | Culbert et al. | |
| | 807 | 2017/0248446 | 08-31-2017 | Gowreesunker et al. | |
| | 808 | 2017/0273619 | 09-28-2017 | Alvarado et al. | |
| | 809 | 2017/0281024 | 10-05-2017 | Narasimhan et al. | |
| | 810 | 2017/0293727 | 10-12-2017 | Klaassen et al. | |
| | 811 | 2017/0325698 | 11-16-2017 | Allec et al. | |
| | 812 | 2017/0325744 | 11-16-2017 | Allec et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AE
Page 432

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 29 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 813 | 2017/0340209 | 11-30-2017 | Klaassen et al. | |
| | 814 | 2017/0340219 | 11-30-2017 | Sullivan et al. | |
| | 815 | 2017/0347885 | 12-07-2017 | Tan et al. | |
| | 816 | 2017/0354332 | 12-14-2017 | Lamego | |
| | 817 | 2017/0354795 | 12-14-2017 | Blahnik et al. | |
| | 818 | 2017/0358239 | 12-14-2017 | Arney et al. | |
| | 819 | 2017/0358240 | 12-14-2017 | Blahnik et al. | |
| | 820 | 2017/0358242 | 12-14-2017 | Thompson et al. | |
| | 821 | 2017/0360306 | 12-14-2017 | Narasimhan et al. | |
| | 822 | 2017/0366657 | 12-21-2017 | Thompson et al. | |
| | 823 | 2018/0014781 | 01-18-2018 | Clavelle et al. | |
| | 824 | 2018/0025287 | 01-25-2018 | Mathew et al. | |
| | 825 | 2018/0042556 | 02-15-2018 | Shahparnia et al. | |
| | 826 | 2018/0049694 | 02-22-2018 | Singh Alvarado et al. | |
| | 827 | 2018/0050235 | 02-22-2018 | Tan et al. | |
| | 828 | 2018/0055375 | 03-01-2018 | Martinez et al. | |
| | 829 | 2018/0055390 | 03-01-2018 | Kiani | |
| | 830 | 2018/0055439 | 03-01-2018 | Pham et al. | |
| | 831 | 2018/0056129 | 01-01-2018 | Narasimha Rao et al. | |
| | 832 | 2018/0078151 | 03-22-2018 | Allec et al. | |
| | 833 | 2018/0078182 | 03-22-2018 | Chen et al. | |
| | 834 | 2018/0110469 | 04-26-2018 | Maani et al. | |
| | 835 | 2018/0153418 | 06-07-2018 | Sullivan et al. | |
| | 836 | 2018/0164853 | 06-14-2018 | Myers et al. | |
| | 837 | 2018/0196514 | 07-12-2018 | Allec et al. | |
| | 838 | 2018/0228414 | 08-16-2018 | Shao et al. | |
| | 839 | 2018/0238734 | 08-23-2018 | Hotelling et al. | |
| | 840 | 2018/0279956 | 10-04-2018 | Waydo et al. | |
| | 841 | D326,715 | 06-02-1992 | Schmidt, Michael | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 30 OF 33 | Attorney Docket No. | MASCER.002C4 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 842 | D353,195 | 12-06-1994 | Savage et al. | |
| | 843 | D353,196 | 12-06-1994 | Savage et al. | |
| | 844 | D356,870 | 03-28-1995 | Ivers et al. | |
| | 845 | D359,546 | 06-20-1995 | Savage, et al. | |
| | 846 | D361,840 | 08-29-1995 | Savage et al. | |
| | 847 | D362,063 | 09-05-1995 | Savage et al. | |
| | 848 | D363,120 | 10-10-1995 | Savage et al. | |
| | 849 | D378,414 | 03-11-1997 | Allen et al. | |
| | 850 | D390,666 | 02-01-1998 | Lagerlof, Ingemar | |
| | 851 | D393,830 | 04-28-1998 | Tobler et al. | |
| | 852 | D403,070 | 12-22-1998 | Maeda et al. | |
| | 853 | D414,870 | 10-05-1999 | Saltzstein et al. | |
| | 854 | D452,012 | 12-11-2001 | Phillips, Barney L. | |
| | 855 | D455,834 | 04-16-2002 | Donars et al. | |
| | 856 | D463,561 | 09-24-2002 | Fukatsu et al. | |
| | 857 | D481,459 | 10-28-2003 | Nahm, Werner | |
| | 858 | D502,655 | 03-08-2005 | Huang, Chun-Mu | |
| | 859 | D508,862 | 08-30-2005 | Behar et al. | |
| | 860 | D510,625 | 10-11-2005 | Widener et al. | |
| | 861 | D514,461 | 02-07-2006 | Harju, Jonne | |
| | 862 | D535,031 | 01-09-2007 | Barrett et al. | |
| | 863 | D537,164 | 02-20-2007 | Shigemori et al. | |
| | 864 | D547,454 | 07-24-2007 | Hsieh, Chin-Chih | |
| | 865 | D549,830 | 08-28-2007 | Behar et al. | |
| | 866 | D550,364 | 09-04-2007 | Glover et al. | |
| | 867 | D551,350 | 09-18-2007 | Lorimer et al. | |
| | 868 | D553,248 | 10-16-2007 | Nguyen | |
| | 869 | D554,263 | 10-30-2007 | Al-Ali | |
| | 870 | D562,985 | 02-26-2008 | Brefka et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AE
Page 434

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/212537 |
|---|---|---|
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 31 OF 33 | Attorney Docket No. | MASCER.002C4 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:  1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 871 | D566,282 | 04-08-2008 | Al-Ali et al. | |
| | 872 | D567,125 | 04-22-2008 | Okabe et al. | |
| | 873 | D569,001 | 05-13-2008 | Omaki | |
| | 874 | D569,521 | 05-20-2008 | Omaki | |
| | 875 | D587,657 | 03-03-2009 | Al-Ali et al. | |
| | 876 | D603,966 | 11-10-2009 | Jones et al. | |
| | 877 | D606,659 | 12-22-2009 | Kiani et al. | |
| | 878 | D609,193 | 02-02-2010 | Al-Ali et al. | |
| | 879 | D614,305 | 04-20-2010 | Al-Ali et al. | |
| | 880 | D621,516 | 08-10-2010 | Kiani et al. | |
| | 881 | D692,145 | 10-22-2013 | Al-Ali et al. | |
| | 882 | D755,392 | 05-03-2016 | Hwang et al. | |
| | 883 | RE 37,922 | 03-17-1983 | Shim | |
| | 884 | RE 38,476 | 03-01-2004 | Diab et al. | |
| | 885 | RE 38,492 | 04-06-2004 | Diab et al. | |
| | 886 | RE 39,672 | 06-05-2007 | Shehada et al. | |
| | 887 | RE 41,317 | 05-04-2010 | Parker | |
| | 888 | RE 41,912 | 11-02-2010 | Parker | |
| | 889 | RE 42,753 | 09-27-2011 | Kiani-Azarbayjany et al. | |
| | 890 | RE 43,169 | 02-07-2012 | Parker | |
| | 891 | RE 43,860 | 12-11-2012 | Parker | |
| | 892 | RE 44,823 | 04-01-2014 | Parker | |
| | 893 | RE 44,875 | 04-29-2014 | Kiani et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No. | Foreign Patent Document<br>*Country Code-Number-Kind Code*<br>Example:  JP 1234567 A1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | 894 | EP 419223 | 03-27-1991 | Minnesota Mining and Manufacturing Company | | |
| | 895 | EP 1 518 494 | 03-30-2005 | Hitachi, Ltd. | | |
| | 896 | JP 2002-500908 A | 01-15-2002 | Lightouch Medical Inc. | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Application No. | 16/212537 |
|---|---|---|---|---|
| | | | Filing Date | December 6, 2018 |
| | | | First Named Inventor | Poeze, Jeroen et al. |
| | | | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | | | Examiner | Unassigned |
| SHEET 32 OF 33 | | | Attorney Docket No. | MASCER.002C4 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 897 | JP 2007-389463 A | 11-08-2007 | Konica Minolta Sensing Inc. | | | |
| 898 | JP 2003-265444 A | 09-24-2003 | Shimadzu Corp. | | | Abs |
| 899 | JP 08-185864 | 07-16-1996 | Matsushita Electric Ind Co Ltd | | | Abs |
| 900 | JP 2001-66990 | 03-16-2001 | Sumitomo Bakelite Co Ltd | | | Abs |
| 901 | JP 05-325705 A | 12-10-1993 | Fuji Porimatetsuku KK | | | Abs |
| 902 | JP 2001-087250 A | 04-03-2001 | Cas Medical Systems Inc. | | | Abs |
| 903 | JP 2006-177837 A | 07-06-2006 | Hitachi Ltd. | | | Abs |
| 904 | JP 2003-024276 A | 01-28-2003 | Pentax Corp. | | | Abs |
| 905 | JP 2008-099222 A | 04-24-2008 | Konica Minolta Holdings Inc. | | | Abs |
| 906 | JP 2006-198321 A | 08-03-2006 | Hitachi Ltd. | | | Abs |
| 907 | JP 2003-508104 A | 03-04-2003 | Quantum Vision Inc. | | | Abs |
| 908 | JP 5756752 | 06-05-2015 | Masimo Laboratories, Inc. | | | |
| 909 | WO 1993/12712 | 07-08-1993 | Vivascan Corp | | | |
| 910 | WO 1999/000053 | 01-07-1999 | TOA Medical Electronics | | | |
| 911 | WO 2000/25112 | 05-04-2000 | Rolfe | | | |
| 912 | WO 2001/09589 | 02-08-2001 | Abbott Laboratories | | | |
| 913 | WO 2010/003134 | 01-07-2010 | Masimo Laboratories, Inc. | | | |
| 914 | WO 2014/149781 | 09-25-2014 | Cercacor Laboratories, Inc. | | | |
| 915 | WO 2014/158820 | 10-02-2014 | Cercacor Laboratories, Inc. | | | |
| 916 | WO 1999/01704 | 07-29-1999 | General Electric Company | | | |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
| | 917 | PCT International Search Report, App. No. PCT/US2010/047899, Date of Actual Completion of Search: 01/26/2011, 4 pages. | |
| | 918 | International Search Report and Written Opinion for PCT/US2009/049638, mailed January 7, 2010. | |
| | 919 | International Search Report issued in Application No. PCT/US2009/052756, mailed February 10, 2009 in 14 pages. | |
| | 920 | International Preliminary Report on Patentability and Written Opinion of the International Searching Authority issued in Application No. PCT US2009/049638, mailed January 5, 2011 in 9 pages. | |
| | 921 | International Preliminary Report on Patentability and Written Opinion of the International Searching Authority issued in Application No. PCT/US2009/052756, mailed February 8, 2011 in 8 pages. | |
| | 922 | Burritt, Mary F.; Current Analytical Approaches to Measuring Blood Analytes; Vol. 36; No. 8(B); 1990 | |
| | 923 | Hall, et al., Jeffrey W.; Near-Infrared Spectrophotometry: A New Dimension in Clinical Chemistry; Vol. 38; No. 9; 1992 | |
| | 924 | Kuenstner, et al., J. Todd; Measurement of Hemoglobin in Unlysed Blood by Near-Infrared Spectroscopy; Vol. 48; Number 4, 1994 | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/212537 |
| | Filing Date | December 6, 2018 |
| | First Named Inventor | Poeze, Jeroen et al. |
| | Art Unit | 2688 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 33 OF 33 | Attorney Docket No. | MASCER.002C4 |

| | | | |
|---|---|---|---|
| | 925 | Manzke, et al., B., Multi Wavelength Pulse Oximetry in the Measurement of Hemoglobin Fractions; SPIE, Vol. 2676, April 24, 1996 | |
| | 926 | Naumenko, E. K.; Choice of Wavelengths for Stable Determination of Concentrations of Hemoglobin Derivatives from Absorption Spectra of Erythrocytes; Vol. 63; No. 1; pp. 60-66 January – February 1996; Original article submitted November 3, 1994 | |
| | 927 | Schmitt, Joseph M.; Simple Photon Diffusion Anaylsis of the Effects of Multiple Scattering on Pulse Oximetry; March 14, 1991; revised August 30, 1991 | |
| | 928 | Schmitt, et al., Joseph M.; Measurement of Blood Hematocrit by Dual-Wavelength near-IR Photoplethysmography; Vol. 1641; 1992 | |
| | 929 | Schnapp, et al., L.M.; Pulse Oximetry.  Uses and Abuses.; Chest 1990; 98; 1244-1250 DOI 10.1378/Chest.98.5.1244 | |
| | 930 | http://www.masimo.com/rainbow/pronto.htm Noninvasive & Immediate Hemoglobin Testing, printed on August 20, 2009 | |
| | 931 | http://www.masimo.com/pulseOximeter/Rad5.htm; Signal Extraction Pulse Oximeter, printed on August 20, 2009 | |
| | 932 | http://blogderoliveira.blogspot.com/2008_02_01_archive.html; Ricardo Oliveira, printed on August 20, 2009 | |
| | 933 | http://www.masimo.com/rad-57/; Noninvasive Measurement of Methemoglobin, Carboxyhemoglobin and Oxyhemoglobin in the blood. Printed on August 20, 2009 | |
| | 934 | http://amivital.ugr.es/blog/?tag+spo2; Monitorizacion de la hemoglobina...y mucho mas, printed on August 20, 2009 | |
| | 935 | http://www.masimo.com/spco/; Carboxyhemoglobin Noninvasive > Continuous > Immediate, printed on August 20, 2009 | |
| | 936 | http://www.masimo.com/PARTNERS/WELCHALLYN.htm; Welch Allyn Expands Patient Monitor Capabilities with Masimo Pulse Oximetry Technology, printed on August 20, 2009 | |
| | 937 | http://www.masimo.com/pulseOximeter/PPO.htm; Masimo Personal Pulse Oximeter, printed on August 20, 2009 | |
| | 938 | http://www.masimo.com/generalFloor/system.htm; Masimo Patient SafetyNet System at a Glance, printed on August 20, 2009 | |
| | 939 | http://www.masimo.com/partners/GRASEBY.htm; Graseby Medical Limited, printed on August 20, 2009 | |
| | 940 | Japanese Office Action, re JP Application No. 2011-516895, mailed September 2, 2014, with translation.  (CERCA.007JP). | |
| | 941 | Japanese Notice of Allowance, re JP Application No. 2011-516895, issued on May 12, 2015, no translation.  (CERCA/MASCER.007JP). | |
| | 942 | European Office Action issued in application no. 10763901.5 on 01/11/2013.  (CERCA.008EP). | |
| | 943 | European Office Action issued in application no. 10763901.5 on 08/27/2014.  (CERCA.008EP). | |
| | 944 | European Office Action issued in application no. 10763901.5 on 08/06/2015.  (CERCA.008EP). | |
| | 945 | European Office Action issued in Application No. 09791157.2, dated June 20, 2016. (MASCER.002EP). | |
| | 946 | KANUKURTHY et al., "Data Acquisition Unit for an Implantable Multi-Channel Optical Glucose Sensor", Electro/Information Technology Conference, Chicago, IL, USA, May 17-20, 2007, pp. 1-6 | |
| | 947 | SMITH, "The Pursuit of Noninvasive Glucose: 'Hunting the Deceitful Turkey'", 2006 | |
| | 948 | SMALL et al., "Data Handling Issues for Near-Infrared Glucose Measurements", http://www.ieee.org/organizations/pubs/newsletters/leos/apr98/datahandling.htm, accessed 11/27/2007 | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:**  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T$^1$** - Place a check mark in this area when an English language Translation is attached.

# Exhibit AF

Docket No.: MAS.1007C2                                    **Customer No. 64735**

---

## INFORMATION DISCLOSURE STATEMENT

| | | |
|---|---|---|
| First Inventor | : | Ammar Al-Ali |
| App. No. | : | 16/532061 |
| Filed | : | August 5, 2019 |
| For | : | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS |
| Examiner | : | Fardanesh, Marjan |
| Art Unit | : | 3791 |
| Conf. No. | : | 3325 |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

### References and Listing

Pursuant to 37 CFR 1.56, an Information Disclosure Statement listing references is provided herewith.  Copies of any listed foreign and non-patent literature references are being submitted.   Any foreign references may also include English abstract(s) and/or machine translation(s), but no representation is made as to their accuracy.

If the Examiner would like additional information regarding these references or if anything is unclear, the Examiner is invited to contact the undersigned for assistance.

### No Disclaimers

To the extent that anything in the Information Disclosure Statement or the listed references could be construed as a disclaimer of any subject matter supported by the present application, Applicant hereby rescinds and retracts such disclaimer.

### Timing of Disclosure

This Information Disclosure Statement is being filed after receipt of a First Office Action, but before the mailing date of a Final Action and before the mailing date of a Notice of Allowance.

**Application No.:**   **16/532061**
**Filing Date:**       **August 5, 2019**


This Statement is accompanied by the fees set forth in 37 CFR 1.17(p). The Commissioner is hereby authorized to charge any additional fees which may be required or to credit any overpayment to Account No. 11-1410.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: November 15, 2019          By: /Aaron S. Johnson/
                                      Aaron S. Johnson
                                      Registration No. 74,164
                                      Registered Practitioner
                                      Customer No. 64735
                                      (949) 760-0404

31712777

Exhibit AF
Page 440

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/532061 |
|---|---|---|
| | Filing Date | August 5, 2019 |
| | First Named Inventor | Ammar Al-Ali |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Fardanesh, Marjan |
| SHEET 1 OF 1 | Attorney Docket No. | MAS.1007C2 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | 5,203,329 | 04-20-1993 | Takatani et al. | |
| | 2 | 5,699,808 | 12-23-1997 | John | |
| | 3 | 7,613,490 | 11-03-2009 | Sarussi et al. | |
| | 4 | 8,452,364 | 05-28-2013 | Hannula et al. | |
| | 5 | 9,277,880 | 03-08-2016 | Poeze et al. | |
| | 6 | 9,684,900 | 06-20-2017 | Motoki et al. | |
| | 7 | 10,078,052 | 09-18-2018 | Ness et al. | |
| | 8 | 10,247,670 | 04-02-2019 | Ness et al. | |
| | 9 | 2006/0009607 | 01-12-2006 | Lutz et al. | |
| | 10 | 2014/0107493 | 04-17-2014 | Yuen et al. | |
| | 11 | 2014/0135588 | 05-15-2014 | Al-Ali et al. | |
| | 12 | 2016/0071392 | 03-10-2016 | Hankey et al. | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code-Number-Kind Code Example:   JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | 13 | WO 1996/027325 A1 | 09-12-1996 | Huch et al. | | X-abs |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 14 | Anliker et al., "AMON: a wearable multiparameter medical monitoring and alert system," in *IEEE Transactions on Information Technology in Biomedicine*, vol. 8, no. 4, Dec. 2004. | |
| | 15 | Lukowicz, et al. "AMON: a wearable medical computer for high risk patients," *Proceedings. Sixth International Symposium on Wearable Computers*, 2002. | |

31712215

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

# Exhibit AG

Docket No.: MASCER.002C20                                          Page 2 of 5
App. No.: 16/829536

**References for Examiner Consideration**

Applicant wishes to draw the Examiner's attention to, and encourages the Examiner to review, the following co-owned patents and/or applications and their existing and ongoing prosecution history, including without limitation Office Actions, Amendments, Remarks, and any other potentially relevant documents:

| Docket No. | Patent No. | Title | Issued |
|---|---|---|---|
| MASCER.002C1 | 9,277,880 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/08/2016 |
| MASCER.002C2 | 10,335,068 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 07/02/2019 |
| MASCER.002C3 | 10,258,265 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 04/16/2019 |
| MASCER.002C4 | 10,258,266 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 04/16/2019 |
| MASCER.002C5 | 10,299,708 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 05/28/2019 |
| MASCER.002C6 | 10,292,628 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 05/21/2019 |
| MASCER.002C7 | 10,376,190 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/13/2019 |
| MASCER.002C8 | 10,376,191 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/13/2019 |
| MASCER.002C11 | 10,588,553 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/17/2020 |
| MASCER.002C13 | 10,588,554 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/17/2020 |
| MASCER.002C14 | 10,610,138 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 04/07/2020 |
| MASCER.002C15 | 10,582,886 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/10/2020 |
| MASCER.003A | 8,630,691 | MULTI-STREAM SENSOR FRONT ENDS FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 01/14/2014 |

Exhibit AG
Page 443

Docket No.:  MASCER.002C20

App. No.:  16/829536

Page 3 of 5

| Docket No. | Patent No. | Title | Issued |
|---|---|---|---|
| MASCER.003D1 | 8,909,310 | MULTI-STREAM SENSOR FRONT ENDS FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/09/2014 |
| MASCER.004A | 8,203,704 | MULTI-STREAM SENSOR FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 06/19/2012 |
| MASCER.004C1 | 8,570,503 | HEAT SINK FOR NONINVASIVE MEDICAL SENSOR | 10/29/2013 |
| CERCA.005A | 8,515,509 | MULTI-STREAM EMITTER FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/20/2013 |
| MASCER.006A | 8,577,431 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 11/05/2013 |
| MASCER.006C1 | 9,717,425 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 08/01/2017 |
| MASCER.007A | 8,437,825 | CONTOURED PROTRUSION FOR IMPROVING SPECTROSCOPIC MEASUREMENT OF BLOOD CONSTITUENTS | 05/07/2013 |
| MASCER.007C1 | 9,591,975 | CONTOURED PROTRUSION FOR IMPROVING SPECTROSCOPIC MEASUREMENT OF BLOOD CONSTITUENTS | 03/14/2017 |
| MASCER.008A | 8,688,183 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 04/01/2014 |
| MASCER.008C1 | 9,186,102 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 11/17/2015 |
| MASCER.008C2 | 9,668,680 | EMITTER DRIVER FOR NONINVASIVE PATIENT MONITOR | 06/06/2017 |
| MASCER.009DA | D621516 | PATIENT MONITORING SENSOR | 08/10/2010 |
| MASCER.010DA | D606659 | PATIENT MONITOR | 12/22/2009 |
| MAS.1007A | 10,448,871 | ADVANCED PULSE OXIMETRY SENSOR | 10/22/2019 |
| MAS.1007C1 | 10,470,695 | ADVANCED PULSE OXIMETRY SENSOR | 11/12/2019 |

| Docket No. | Serial No. | Title | Filed |
|---|---|---|---|
| MASCER.002A | 12/534827 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/03/2009 |
| MASCER.002C9 | 16/449143 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 06/21/2019 |
| MASCER.002C10 | 16/534956 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/07/2019 |
| MASCER.002C12 | 16/541987 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 08/15/2019 |
| MASCER.002C16 | 16/725478 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/23/2019 |

Exhibit AG
Page 444

Docket No.:  MASCER.002C20
App. No.:  16/829536

Page 4 of 5

| Docket No. | Serial No. | Title | Filed |
|---|---|---|---|
| MASCER.002C17 | 16/725292 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 12/23/2019 |
| MASCER.002C18 | 16/829510 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/25/2020 |
| MASCER.002C19 | 16/829578 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/25/2020 |
| MASCER.002C21 | 16/834467 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/30/2020 |
| MASCER.002C22 | 16/834538 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/30/2020 |
| MASCER.002C23 | 16/834533 | MULTI-STREAM DATA COLLECTION SYSTEM FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 03/30/2020 |
| MASCER.004C3 | 14/064055 | MULTI-STREAM SENSOR FOR NONINVASIVE MEASUREMENT OF BLOOD CONSTITUENTS | 10/25/2013 |
| MASCER.006C2 | 15/660743 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 07/26/2017 |
| MASCER.006C3 | 16/805605 | NOISE SHIELDING FOR A NONINVASIVE DEVICE | 02/28/2020 |
| MASCER.011A | 12/497506 | HEAT SINK FOR NONINVASIVE MEDICAL SENSOR | 07/02/2009 |
| MAS.1007C2 | 16/532061 | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS | 08/05/2019 |
| MAS.1007C3 | 16/532065 | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS | 08/05/2019 |
| MAS.1007C4 | 16/791955 | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS | 02/14/2020 |
| MAS.1007C5 | 16/791963 | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS | 02/14/2020 |
| MAS.1007C6 | 16/835712 | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS | 03/31/2020 |
| MAS.1007C7 | 16/835772 | PHYSIOLOGICAL MEASUREMENT DEVICES, SYSTEMS, AND METHODS | 03/31/2020 |

Applicant notes that cited references, office actions, responses, and notices of allowance currently exist or will exist with reference to the above-referenced matters. Applicant also understands that the Examiner has access to sophisticated online Patent Office computing systems that provide ready access to the full file histories of these matters including, for example, specifications, drawings, pending claims, cited art, office actions, responses, declarations, and notices of allowance. Rather than submit copies of these file histories, Applicant respectfully

Exhibit AG
Page 445

Docket No.:  MASCER.002C20
App. No.:  16/829536

requests that the Examiner continue to review these file histories online for past, current, and future information about these matters that may be relevant to examination of the present application. With respect to parent applications of the present application, if any, Applicant understands that, in accordance with MPEP 609, the Examiner of the present application will consider information which has been considered by the Patent Office in the parent application. If the Examiner cannot readily access these file histories and information, Applicant would be pleased to provide any portion of any of the file histories or information at any time upon specific Examiner request.

**No Disclaimers**

To the extent that anything in the Information Disclosure Statement or the listed references could be construed as a disclaimer of any subject matter supported by the present application, Applicant hereby rescinds and retracts such disclaimer.

**Timing of Disclosure**

This Information Disclosure Statement is being filed within three months of the filing date or date of national phase entry, and no fee is believed to be required.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  April 13, 2020                    By: /Scott Cromar/_____
                                                     Scott A. Cromar
                                                     Registration No. 65,066
                                                     Registered Practitioner
                                                     (949) 760-0404

32619957

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/829536 | |
| Filing Date | March 25, 2020 | |
| First Named Inventor | Jeroen Poeze | |
| Art Unit | 3791 | |
| Examiner | Unassigned | |
| Attorney Docket No. | MASCER.002C20 | |

*(Multiple sheets used when necessary)*

SHEET 1 OF 60

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | 3,910,701 | 10-07-1975 | Henderson et al. | |
| | 2 | 4,114,604 | 09-19-1978 | Shaw et al. | |
| | 3 | 4,258,719 | 03-31-1981 | Lewyn | |
| | 4 | 4,267,844 | 05-19-1981 | Yamanishi | |
| | 5 | 4,438,338 | 03-20-1984 | Stitt | |
| | 6 | 4,444,471 | 04-24-1984 | Ford et al. | |
| | 7 | 4,653,498 | 03-31-1987 | New, Jr. et al. | |
| | 8 | 4,655,225 | 04-07-1987 | Dahne et al. | |
| | 9 | 4,684,245 | 08-04-1987 | Goldring | |
| | 10 | 4,709,413 | 11-24-1987 | Forrest | |
| | 11 | 4,755,676 | 07-05-1988 | Gaalema et al. | |
| | 12 | 4,781,195 | 11-01-1988 | Martin | |
| | 13 | 4,805,623 | 02-21-1989 | Jöbsis | |
| | 14 | 4,825,872 | 05-02-1989 | Tan et al. | |
| | 15 | 4,880,304 | 11-14-1989 | Jaeb et al. | |
| | 16 | 4,960,128 | 10-02-1990 | Gordon et al. | |
| | 17 | 4,964,408 | 10-23-1990 | Hink et al. | |
| | 18 | 5,028,787 | 07-02-1991 | Rosenthal, et al. | |
| | 19 | 5,035,243 | 07-30-1991 | Muz, Edwin | |
| | 20 | 5,041,187 | 08-20-1991 | Hink et al. | |
| | 21 | 5,043,820 | 08-27-1991 | Wyles et al. | |
| | 22 | 5,069,213 | 12-03-1991 | Polczynski | |
| | 23 | 5,069,214 | 12-03-1991 | Samaras et al. | |
| | 24 | 5,077,476 | 12-31-1991 | Rosenthal | |
| | 25 | 5,086,229 | 02-04-1992 | Rosenthal et al. | |
| | 26 | 5,099,842 | 03-31-1992 | Mannheimer et al. | |
| | 27 | 5,122,925 | 06-16-1992 | Inpyn | |
| | 28 | 5,131,391 | 07-21-1992 | Sakai et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 2 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 29 | 5,137,023 | 08-11-1992 | Mendelson, et al. | |
| | 30 | 5,158,091 | 10-27-1992 | Butterfiled et al. | |
| | 31 | 5,159,929 | 11-03-1992 | McMillen et al. | |
| | 32 | 5,163,438 | 11-17-1992 | Gordon et al. | |
| | 33 | 5,203,329 | 04-20-1993 | Takatani et al. | |
| | 34 | 5,222,295 | 06-29-1993 | Dorris, Jr. | |
| | 35 | 5,222,495 | 06-29-1993 | Clarke et al. | |
| | 36 | 5,222,496 | 06-29-1993 | Clarke et al. | |
| | 37 | 5,228,449 | 07-20-1993 | Christ et al. | |
| | 38 | 5,249,576 | 10-05-1993 | Goldberger et al. | |
| | 39 | 5,250,342 | 10-05-1993 | Lang | |
| | 40 | 5,278,627 | 01-11-1994 | Aoyagi et al. | |
| | 41 | 5,297,548 | 03-29-1994 | Pologe, Jonas A. | |
| | 42 | 5,319,355 | 06-07-1994 | Russek | |
| | 43 | 5,333,616 | 08-02-1994 | Mills et al. | |
| | 44 | 5,337,744 | 08-16-1994 | Branigan | |
| | 45 | 5,337,745 | 08-16-1994 | Benaron | |
| | 46 | 5,341,805 | 08-30-1994 | Stavridi, et al. | |
| | 47 | 5,358,519 | 10-25-1994 | Grandjean | |
| | 48 | 5,362,966 | 11-08-1994 | Rosenthal et al. | |
| | 49 | 5,377,676 | 01-03-1995 | Vari, et al. | |
| | 50 | 5,427,093 | 06-27-1995 | Ogawa et al. | |
| | 51 | 5,431,170 | 07-11-1995 | Mathews | |
| | 52 | 5,431,170 | 07-11-1995 | Mathews | |
| | 53 | 5,437,275 | 08-01-1995 | Amundsen et al. | |
| | 54 | 5,441,054 | 08-15-1995 | Tsuchiya | |
| | 55 | 5,452,717 | 09-26-1995 | Branigan et al. | |
| | 56 | 5,456,252 | 10-10-1995 | Vari, et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Application No. | 16/829536 |
|---|---|---|---|---|
| | | | Filing Date | March 25, 2020 |
| | | | First Named Inventor | Jeroen Poeze |
| | | | Art Unit | 3791 |
| (Multiple sheets used when necessary) | | | Examiner | Unassigned |
| SHEET 3 OF 60 | | | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code (if known)<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 57 | 5,462,051 | 10-31-1995 | Oka et al. | |
| | 58 | 5,479,934 | 01-02-1996 | Imran | |
| | 59 | 5,482,034 | 01-09-1996 | Lewis et al. | |
| | 60 | 5,482,036 | 01-09-1996 | Diab et al. | |
| | 61 | 5,490,505 | 02-13-1996 | Diab et al. | |
| | 62 | 5,490,506 | 02-13-1996 | Takatani et al. | |
| | 63 | 5,490,523 | 02-13-1996 | Isaacson et al. | |
| | 64 | 5,494,043 | 02-27-1996 | O'Sullivan et al. | |
| | 65 | 5,497,771 | 03-12-1996 | Rosenheimer | |
| | 66 | 5,511,546 | 04-30-1996 | Hon | |
| | 67 | 5,533,511 | 07-09-1996 | Kaspari et al. | |
| | 68 | 5,534,851 | 07-09-1996 | Russek | |
| | 69 | 5,551,422 | 09-03-1996 | Simonsen et al. | |
| | 70 | 5,553,615 | 09-10-1996 | Carim et al. | |
| | 71 | 5,553,616 | 09-09-1996 | Ham et al. | |
| | 72 | 5,561,275 | 10-01-1996 | Savage, et al. | |
| | 73 | 5,562,002 | 10-08-1996 | Lalin | |
| | 74 | 5,564,429 | 10-15-1996 | Bornn et al. | |
| | 75 | 5,584,296 | 12-17-1997 | Cui et al. | |
| | 76 | 5,590,649 | 01-07-1997 | Caro et al. | |
| | 77 | 5,601,079 | 02-11-1997 | Wong et al. | |
| | 78 | 5,602,924 | 02-11-1997 | Durand et al. | |
| | 79 | 5,623,925 | 04-29-1997 | Swenson et al. | |
| | 80 | 5,625,458 | 04-29-1997 | Alfano et al. | |
| | 81 | 5,632,272 | 05-27-1997 | Diab et al. | |
| | 82 | 5,638,816 | 06-17-1997 | Kiani-Azarbayjany et al. | |
| | 83 | 5,638,818 | 06-17-1997 | Diab et al. | |
| | 84 | 5,645,440 | 07-08-1997 | Tobler et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 4 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 85 | 5,676,143 | 10-14-1997 | Simonsen, et al. | |
| | 86 | 5,685,299 | 11-11-1997 | Diab et al. | |
| | 87 | 5,687,717 | 11-18-1997 | Halpern et al. | |
| | 88 | 5,699,808 | 12-23-1997 | John | |
| | 89 | 5,729,203 | 03-17-1998 | Oka et al. | |
| | 90 | 5,743,262 | 04-28-1998 | Lepper, Jr. et al. | |
| | 91 | 5,750,927 | 05-12-1998 | Baltazar, Osni | |
| | 92 | 5,752,914 | 05-19-1998 | Delonzor et al. | |
| | 93 | 5,758,644 | 06-02-1998 | Diab et al. | |
| | 94 | 5,760,910 | 06-02-1998 | Lepper, Jr. et al. | |
| | 95 | 5,766,131 | 06-16-1998 | Kondo et al. | |
| | 96 | 5,769,785 | 06-23-1998 | Diab et al. | |
| | 97 | 5,782,757 | 07-21-1998 | Diab et al. | |
| | 98 | 5,785,659 | 07-28-1998 | Caro et al. | |
| | 99 | 5,791,347 | 08-11-1998 | Flaherty et al. | |
| | 100 | 5,792,052 | 08-11-1998 | Isaacson et al. | |
| | 101 | 5,795,300 | 08-18-1998 | Bryars | |
| | 102 | 5,800,349 | 09-01-1998 | Isaacson et al. | |
| | 103 | 5,807,247 | 09-15-1998 | Merchant et al. | |
| | 104 | 5,810,734 | 09-22-1998 | Caro et al. | |
| | 105 | 5,823,950 | 10-20-1998 | Diab et al. | |
| | 106 | 5,826,885 | 10-27-1998 | Helgeland | |
| | 107 | 5,830,131 | 11-03-1998 | Caro et al. | |
| | 108 | 5,830,137 | 11-03-1998 | Scharf | |
| | 109 | 5,833,618 | 11-10-1998 | Caro et al. | |
| | 110 | 5,851,178 | 12-22-1998 | Aronow | |
| | 111 | 5,860,919 | 01-19-1999 | Kiani-Azarbayjany et al. | |
| | 112 | 5,890,929 | 04-06-1999 | Mills et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C20 |

*(Multiple sheets used when necessary)*

SHEET 5 OF 60

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 113 | 5,902,235 | 05-11-1999 | Lewis et al. | |
| | 114 | 5,903,357 | 05-11-1999 | Colak | |
| | 115 | 5,904,654 | 05-18-1999 | Wohltmann et al. | |
| | 116 | 5,919,134 | 07-06-1999 | Diab | |
| | 117 | 5,934,925 | 08-10-1999 | Tobler et al. | |
| | 118 | 5,940,182 | 08-17-1999 | Lepper, Jr. et al. | |
| | 119 | 5,957,840 | 09-28-1999 | Terasawa et al. | |
| | 120 | 5,987,343 | 11-16-1999 | Kinast | |
| | 121 | 5,995,855 | 11-30-1999 | Kiani et al. | |
| | 122 | 5,997,343 | 12-07-1999 | Mills et al. | |
| | 123 | 6,002,952 | 12-14-1999 | Diab et al. | |
| | 124 | 6,011,986 | 01-04-2000 | Diab et al. | |
| | 125 | 6,018,673 | 01-25-2000 | Chin et al. | |
| | 126 | 6,027,452 | 02-22-2000 | Flaherty et al. | |
| | 127 | 6,036,642 | 03-14-2000 | Diab et al. | |
| | 128 | 6,045,509 | 04-04-2000 | Caro et al. | |
| | 129 | 6,049,727 | 04-11-2000 | Crothall, Katherine D. | |
| | 130 | 6,067,462 | 05-23-2000 | Diab et al. | |
| | 131 | 6,081,735 | 06-27-2000 | Diab et al. | |
| | 132 | 6,088,607 | 07-11-2000 | Diab et al. | |
| | 133 | 6,102,856 | 08-15-2000 | Groff et al. | |
| | 134 | 6,110,522 | 08-29-2000 | Lepper, Jr. et al. | |
| | 135 | 6,124,597 | 09-26-2000 | Shehada | |
| | 136 | 6,128,521 | 10-03-2000 | Marro et al. | |
| | 137 | 6,129,675 | 10-10-2000 | Jay | |
| | 138 | 6,144,866 | 11-07-2000 | Miesel et al. | |
| | 139 | 6,144,868 | 11-07-2000 | Parker | |
| | 140 | 6,151,516 | 11-21-2000 | Kiani-Azarbayjany et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

$T^1$ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|

| | | |
|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C20 |

*(Multiple sheets used when necessary)*

SHEET 6 OF 60

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 141 | 6,152,754 | 11-28-2000 | Gerhardt et al. | |
| | 142 | 6,157,850 | 12-05-2000 | Diab et al. | |
| | 143 | 6,165,005 | 12-26-2000 | Mills et al. | |
| | 144 | 6,167,258 | 12-26-2000 | Schmidt et al. | |
| | 145 | 6,172,743 | 01-09-2001 | Kley, et al. | |
| | 146 | 6,175,752 | 01-16-2001 | Say et al. | |
| | 147 | 6,181,958 | 01-30-2001 | Steuer et al. | |
| | 148 | 6,184,521 | 02-06-2001 | Coffin, IV et al. | |
| | 149 | 6,202,930 | 03-20-2001 | Plesko | |
| | 150 | 6,206,830 | 03-27-2001 | Diab et al. | |
| | 151 | 6,223,063 | 04-24-2001 | Chaiken et al. | |
| | 152 | 6,229,856 | 05-08-2001 | Diab et al. | |
| | 153 | 6,232,609 | 05-15-2001 | Snyder, et al. | |
| | 154 | 6,236,872 | 05-22-2001 | Diab et al. | |
| | 155 | 6,241,680 | 06-05-2001 | Miwa | |
| | 156 | 6,241,683 | 06-05-2001 | Macklem, et al. | |
| | 157 | 6,241,684 | 06-05-2001 | Amano et al. | |
| | 158 | 6,253,097 | 06-26-2001 | Aronow et al. | |
| | 159 | 6,256,523 | 07-03-2001 | Diab et al. | |
| | 160 | 6,263,222 | 07-17-2001 | Diab et al. | |
| | 161 | 6,278,522 | 08-21-2001 | Lepper, Jr. et al. | |
| | 162 | 6,278,889 | 08-21-2001 | Robinson | |
| | 163 | 6,280,213 | 08-28-2001 | Tobler et al. | |
| | 164 | 6,285,896 | 09-04-2001 | Tobler et al. | |
| | 165 | 6,297,969 | 10-02-2001 | Mottahed | |
| | 166 | 6,301,493 | 10-09-2001 | Marro et al. | |
| | 167 | 6,308,089 | 10-23-2001 | von der Ruhr et al. | |
| | 168 | 6,317,627 | 11-13-2001 | Ennen et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

Exhibit AG
Page 452

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Application No. | 16/829536 |
|---|---|---|---|---|
| | | | Filing Date | March 25, 2020 |
| | | | First Named Inventor | Jeroen Poeze |
| | | | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | | | Examiner | Unassigned |
| SHEET 7 OF 60 | | | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 169 | 6,321,100 | 11-20-2001 | Parker | |
| | 170 | 6,325,761 | 12-04-2001 | Jay | |
| | 171 | 6,334,065 | 12-25-2001 | Al-Ali et al. | |
| | 172 | 6,343,223 | 01-29-2002 | Chin et al. | |
| | 173 | 6,343,224 | 01-29-2002 | Parker | |
| | 174 | 6,345,194 | 02-05-2002 | Robert Nelson, et al. | |
| | 175 | 6,349,228 | 02-19-2002 | Kiani et al. | |
| | 176 | 6,353,750 | 03-05-2002 | Kimura et al. | |
| | 177 | 6,356,203 | 03-12-2002 | Halleck et al. | |
| | 178 | 6,360,113 | 03-09-2002 | Dettling, Allen | |
| | 179 | 6,360,114 | 03-09-2002 | Diab et al. | |
| | 180 | 6,360,115 | 03-19-2002 | Roger Greenwald, et al. | |
| | 181 | 6,368,283 | 04-09-2002 | Xu, et al. | |
| | 182 | 6,371,921 | 04-16-2002 | Caro et al. | |
| | 183 | 6,377,829 | 04-23-2002 | Al-Ali | |
| | 184 | 6,388,240 | 05-14-2002 | Schulz et al. | |
| | 185 | 6,397,091 | 05-28-2002 | Diab et al. | |
| | 186 | 6,430,437 | 08-06-2002 | Marro | |
| | 187 | 6,430,525 | 08-06-2002 | Weber et al. | |
| | 188 | 6,463,187 | 10-08-2002 | Baruch et al. | |
| | 189 | 6,463,311 | 10-08-2002 | Diab | |
| | 190 | 6,470,199 | 10-22-2002 | Kopotic et al. | |
| | 191 | 6,470,893 | 10-29-2002 | Boesen, Peter V. | |
| | 192 | 6,475,153 | 11-05-2002 | Khair et al. | |
| | 193 | 6,491,647 | 12-10-2002 | Bridger et al. | |
| | 194 | 6,501,975 | 12-31-2002 | Diab et al. | |
| | 195 | 6,505,059 | 01-07-2003 | Kollias, et al. | |
| | 196 | 6,515,273 | 02-04-2003 | Al-Ali | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

$T^1$ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 8 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **197** | 6,516,289 | 02-04-2003 | David et al. | |
| | **198** | 6,519,487 | 02-11-2003 | Parker | |
| | **199** | 6,522,521 | 02-18-2003 | Mizuno et al. | |
| | **200** | 6,525,386 | 02-25-2003 | Mills et al. | |
| | **201** | 6,526,300 | 02-25-2003 | Kiani et al. | |
| | **202** | 6,541,756 | 04-01-2003 | Schulz et al. | |
| | **203** | 6,542,764 | 04-01-2003 | Al-Ali et al. | |
| | **204** | 6,556,852 | 04-29-2003 | Schulze et al. | |
| | **205** | 6,580,086 | 06-17-2003 | Schulz et al. | |
| | **206** | 6,584,336 | 06-24-2003 | Ali et al. | |
| | **207** | 6,595,316 | 07-22-2003 | Cybulski et al. | |
| | **208** | 6,597,932 | 07-22-2003 | Tian et al. | |
| | **209** | 6,597,933 | 07-22-2003 | Kiani et al. | |
| | **210** | 6,606,509 | 08-12-2003 | Schmitt, Joseph M. | |
| | **211** | 6,606,511 | 08-12-2003 | Ali et al. | |
| | **212** | 6,632,181 | 10-14-2003 | Flaherty et al. | |
| | **213** | 6,636,759 | 10-21-2003 | Robinson | |
| | **214** | 6,639,668 | 10-28-2003 | Trepagnier, Pierre | |
| | **215** | 6,639,867 | 10-28-2003 | Shim | |
| | **216** | 6,640,116 | 10-28-2003 | Diab | |
| | **217** | 6,643,530 | 11-04-2003 | Diab et al. | |
| | **218** | 6,650,917 | 11-18-2003 | Diab et al. | |
| | **219** | 6,650,939 | 11-18-2003 | Takpke, II et al. | |
| | **220** | 6,654,624 | 11-25-2003 | Diab et al. | |
| | **221** | 6,658,276 | 12-02-2003 | Kiani et al. | |
| | **222** | 6,661,161 | 12-09-2003 | Lanzo et al. | |
| | **223** | 6,668,185 | 12-23-2003 | Toida | |
| | **224** | 6,671,526 | 12-30-2003 | Aoyagi et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 9 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 225 | 6,671,531 | 12-30-2003 | Al-Ali et al. | |
| | 226 | 6,678,543 | 01-13-2004 | Diab et al. | |
| | 227 | 6,681,133 | 01-20-2004 | Chaiken et al. | |
| | 228 | 6,684,090 | 01-27-2004 | Ali et al. | |
| | 229 | 6,684,091 | 01-27-2004 | Parker | |
| | 230 | 6,697,656 | 02-24-2004 | Al-Ali | |
| | 231 | 6,697,657 | 02-24-2004 | Shehada, et al. | |
| | 232 | 6,697,658 | 02-24-2004 | Al-Ali | |
| | 233 | 6,699,194 | 03-02-2004 | Diab et al. | |
| | 234 | 6,714,804 | 03-30-2004 | Al-Ali et al. | |
| | 235 | 6,721,582 | 04-13-2004 | Trepagnier, et al. | |
| | 236 | 6,721,585 | 04-13-2004 | Parker | |
| | 237 | 6,725,075 | 04-20-2004 | Al-Ali | |
| | 238 | 6,728,560 | 04-27-2004 | Kollias, et al. | |
| | 239 | 6,735,459 | 05-11-2004 | Parker | |
| | 240 | 6,745,060 | 06-01-2004 | Diab et al. | |
| | 241 | 6,748,254 | 06-08-2004 | O'Neil et al. | |
| | 242 | 6,760,607 | 07-06-2004 | Al-Ali | |
| | 243 | 6,770,028 | 08-03-2004 | Ali et al. | |
| | 244 | 6,771,994 | 08-03-2004 | Kiani et al. | |
| | 245 | 6,785,568 | 08-31-2004 | Chance | |
| | 246 | 6,792,300 | 09-14-2004 | Diab et al. | |
| | 247 | 6,801,799 | 10-05-2004 | Mendelson | |
| | 248 | 6,811,535 | 11-02-2004 | Palti et al. | |
| | 249 | 6,813,511 | 11-02-2004 | Diab et al. | |
| | 250 | 6,816,010 | 11-09-2004 | Seetharaman et al. | |
| | 251 | 6,816,241 | 11-09-2004 | Grubisic, et al. | |
| | 252 | 6,816,741 | 11-09-2004 | Diab | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|
| | Application No. | 16/829536 | |
| | Filing Date | March 25, 2020 | |
| | First Named Inventor | Jeroen Poeze | |
| | Art Unit | 3791 | |
| (Multiple sheets used when necessary) | Examiner | Unassigned | |
| SHEET 10 OF 60 | Attorney Docket No. | MASCER.002C20 | |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 253 | 6,822,564 | 11-23-2004 | Al-Ali | |
| | 254 | 6,826,419 | 11-30-2004 | Diab et al. | |
| | 255 | 6,830,711 | 12-14-2004 | Mills et al. | |
| | 256 | 6,831,266 | 12-14-2004 | Paritsky et al. | |
| | 257 | 6,850,787 | 02-01-2005 | Weber et al. | |
| | 258 | 6,850,788 | 02-01-2005 | Al-Ali | |
| | 259 | 6,852,083 | 02-08-2005 | Caro et al. | |
| | 260 | 6,861,639 | 03-01-2005 | Al-Ali | |
| | 261 | 6,897,788 | 05-24-2005 | Khair et al. | |
| | 262 | 6,898,452 | 05-24-2005 | Al-Ali et al. | |
| | 263 | 6,912,413 | 06-28-2005 | Rantala et al. | |
| | 264 | 6,920,345 | 07-19-2005 | Al-Ali et al. | |
| | 265 | 6,931,268 | 08-16-2005 | Kiani-Azarbayjany et al. | |
| | 266 | 6,934,570 | 08-23-2005 | Kiani et al. | |
| | 267 | 6,939,305 | 09-06-2005 | Flaherty et al. | |
| | 268 | 6,943,348 | 09-13-2005 | Coffin IV | |
| | 269 | 6,950,687 | 09-27-2005 | Al-Ali | |
| | 270 | 6,961,598 | 11-01-2005 | Diab | |
| | 271 | 6,970,792 | 11-29-2005 | Diab | |
| | 272 | 6,979,812 | 12-27-2005 | Al-Ali | |
| | 273 | 6,985,764 | 01-10-2006 | Mason et al. | |
| | 274 | 6,993,371 | 01-31-2006 | Kiani et al. | |
| | 275 | 6,995,400 | 02-07-2006 | Mizuyoshi | |
| | 276 | 6,996,427 | 02-07-2006 | Ali et al. | |
| | 277 | 6,999,904 | 02-14-2006 | Weber et al. | |
| | 278 | 7,003,338 | 02-21-2006 | Weber et al. | |
| | 279 | 7,003,339 | 02-21-2006 | Diab et al. | |
| | 280 | 7,015,451 | 03-21-2006 | Dalke et al. | |

| Examiner Signature | Date Considered |
|---|---|
| | |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| **Application No.** | 16/829536 | |
| **Filing Date** | March 25, 2020 | |
| **First Named Inventor** | Jeroen Poeze | |
| **Art Unit** | 3791 | |
| **Examiner** | Unassigned | |

*(Multiple sheets used when necessary)*

SHEET 11 OF 60

| | |
|---|---|
| **Examiner** | Unassigned |
| **Attorney Docket No.** | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 281 | 7,024,233 | 04-04-2006 | Ali et al. | |
| | 282 | 7,026,619 | 04-11-2006 | Cranford | |
| | 283 | 7,027,849 | 04-11-2006 | Al-Ali | |
| | 284 | 7,030,749 | 04-18-2006 | Al-Ali | |
| | 285 | 7,039,449 | 05-02-2006 | Al-Ali | |
| | 286 | 7,041,060 | 05-09-2006 | Flaherty et al | |
| | 287 | 7,044,918 | 05-16-2006 | Diab | |
| | 288 | 7,047,054 | 05-16-2006 | Benni | |
| | 289 | 7,048,687 | 05-23-2006 | Reuss et al. | |
| | 290 | 7,060,963 | 06-13-2006 | Maegawa et al. | |
| | 291 | 7,067,893 | 06-27-2006 | Mills et al. | |
| | 292 | 7,092,757 | 08-15-2006 | Larson et al. | |
| | 293 | 7,096,052 | 08-22-2006 | Mason et al. | |
| | 294 | 7,096,054 | 08-22-2006 | Abdul-Hafiz et al. | |
| | 295 | 7,113,815 | 09-26-2006 | O'Neil et al. | |
| | 296 | 7,132,641 | 11-07-2006 | Schulz et al. | |
| | 297 | 7,142,901 | 11-28-2006 | Kiani et al. | |
| | 298 | 7,149,561 | 12-12-2006 | Diab | |
| | 299 | 7,186,966 | 03-06-2007 | Al-Ali | |
| | 300 | 7,190,261 | 03-13-2007 | Al-Ali | |
| | 301 | 7,215,984 | 05-08-2007 | Diab | |
| | 302 | 7,215,986 | 05-08-2007 | Diab | |
| | 303 | 7,221,971 | 05-22-2007 | Diab | |
| | 304 | 7,225,006 | 05-29-2007 | Al-Ali et al. | |
| | 305 | 7,225,007 | 05-29-2007 | Al-Ali | |
| | 306 | 7,227,156 | 06-05-2007 | Colvin, Jr. et al. | |
| | 307 | 7,230,227 | 06-12-2007 | Wilcken et al. | |
| | 308 | 7,239,905 | 07-03-2007 | Kiani-Azarbayjany et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE | | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 12 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 309 | 7,245,953 | 07-17-2007 | Parker | |
| | 310 | 7,254,429 | 08-07-2007 | Schurman et al. | |
| | 311 | 7,254,431 | 08-07-2007 | Al-Ali | |
| | 312 | 7,254,433 | 08-07-2007 | Diab et al. | |
| | 313 | 7,254,434 | 08-07-2007 | Schulz et al. | |
| | 314 | 7,272,425 | 09-18-2007 | Al-Ali | |
| | 315 | 7,274,955 | 09-25-2007 | Kiani et al. | |
| | 316 | 7,280,858 | 10-09-2007 | Al-Ali et al. | |
| | 317 | 7,289,835 | 10-30-2007 | Mansfield et al. | |
| | 318 | 7,292,883 | 11-06-2007 | De Felice et al. | |
| | 319 | 7,295,866 | 11-13-2007 | Al-Ali | |
| | 320 | 7,328,053 | 02-05-2008 | Diab et al. | |
| | 321 | 7,332,784 | 02-19-2008 | Mills, et al. | |
| | 322 | 7,340,287 | 03-04-2008 | Mason et al. | |
| | 323 | 7,341,559 | 03-11-2008 | Schulz et al. | |
| | 324 | 7,343,186 | 03-11-2008 | Lamego et al. | |
| | 325 | 7,355,512 | 04-08-2008 | Al-Ali | |
| | 326 | 7,356,365 | 04-08-2008 | Schurman | |
| | 327 | 7,365,923 | 04-29-2008 | Hargis et al. | |
| | 328 | 7,371,981 | 05-13-2008 | Abdul-Hafiz | |
| | 329 | 7,373,193 | 05-13-2008 | Al-Ali et al. | |
| | 330 | 7,373,194 | 05-13-2008 | Weber et al. | |
| | 331 | 7,376,453 | 05-20-2008 | Diab et al. | |
| | 332 | 7,377,794 | 05-27-2008 | Al Ali et al. | |
| | 333 | 7,377,899 | 05-27-2008 | Weber et al. | |
| | 334 | 7,383,070 | 06-03-2008 | Diab et al. | |
| | 335 | 7,395,189 | 07-01-2008 | Qing et al. | |
| | 336 | 7,415,297 | 08-19-2008 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 13 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 337 | 7,428,432 | 09-23-2008 | Ali et al. | |
| | 338 | 7,438,683 | 10-21-2008 | Al-Ali et al. | |
| | 339 | 7,440,787 | 10-21-2008 | Diab | |
| | 340 | 7,454,240 | 11-18-2008 | Diab et al. | |
| | 341 | 7,467,002 | 12-16-2008 | Weber et al. | |
| | 342 | 7,469,157 | 12-23-2008 | Diab et al. | |
| | 343 | 7,471,969 | 12-30-2008 | Diab et al. | |
| | 344 | 7,471,971 | 12-30-2008 | Diab et al. | |
| | 345 | 7,483,729 | 01-27-2009 | Al-Ali et al. | |
| | 346 | 7,483,730 | 01-27-2009 | Diab et al. | |
| | 347 | 7,489,958 | 02-10-2009 | Diab et al. | |
| | 348 | 7,496,391 | 02-24-2009 | Diab et al. | |
| | 349 | 7,496,393 | 02-24-2009 | Diab et al. | |
| | 350 | 7,499,741 | 03-03-2009 | Diab et al. | |
| | 351 | 7,499,835 | 03-03-2009 | Weber et al. | |
| | 352 | 7,500,950 | 03-10-2009 | Al-Ali et al. | |
| | 353 | 7,509,153 | 03-24-2009 | Blank et al. | |
| | 354 | 7,509,154 | 03-24-2009 | Diab et al. | |
| | 355 | 7,509,494 | 03-24-2009 | Al-Ali | |
| | 356 | 7,510,849 | 03-31-2009 | Schurman et al. | |
| | 357 | 7,519,327 | 04-14-2009 | White | |
| | 358 | 7,526,328 | 04-28-2009 | Diab et al. | |
| | 359 | 7,530,942 | 05-12-2009 | Diab | |
| | 360 | 7,530,949 | 05-12-2009 | Al Ali et al. | |
| | 361 | 7,530,955 | 05-12-2009 | Diab et al. | |
| | 362 | 7,563,110 | 07-21-2009 | Al-Ali et al. | |
| | 363 | 7,596,398 | 09-29-2009 | Al-Ali et al. | |
| | 364 | 7,601,123 | 10-13-2009 | Tweed, et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 14 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 365 | 7,606,606 | 10-20-2009 | Laakkonen | |
| | 366 | 7,613,490 | 11-03-2009 | Sarussi et al. | |
| | 367 | 7,618,375 | 11-17-2009 | Flaherty | |
| | 368 | 7,647,083 | 01-12-2010 | Al-Ali et al. | |
| | 369 | 7,657,294 | 02-02-2010 | Eghbal et al. | |
| | 370 | 7,657,295 | 02-02-2010 | Coakley et al. | |
| | 371 | 7,657,296 | 02-02-2010 | Raridan et al. | |
| | 372 | 7,726,209 | 06-01-2010 | Ruotoistenmäki | |
| | 373 | 7,729,733 | 06-01-2010 | Al-Ali et al. | |
| | 374 | 7,734,320 | 06-08-2010 | Al-Ali | |
| | 375 | 7,740,588 | 06-22-2010 | Sciarra | |
| | 376 | 7,740,589 | 06-22-2010 | Maschke et al. | |
| | 377 | 7,761,127 | 07-20-2010 | Al-Ali et al. | |
| | 378 | 7,761,128 | 07-20-2010 | Al-Ali et al. | |
| | 379 | 7,764,982 | 07-27-2010 | Dalke et al. | |
| | 380 | 7,791,155 | 09-07-2010 | Diab | |
| | 381 | 7,801,581 | 09-21-2010 | Diab | |
| | 382 | 7,809,418 | 10-05-2010 | Xu | |
| | 383 | 7,822,452 | 10-26-2010 | Schurman et al. | |
| | 384 | 7,844,313 | 11-30-2010 | Kiani et al. | |
| | 385 | 7,844,314 | 11-30-2010 | Al-Ali | |
| | 386 | 7,844,315 | 11-30-2010 | Al-Ali | |
| | 387 | 7,862,523 | 01-04-2011 | Ruotoistenmaki | |
| | 388 | 7,865,222 | 01-04-2011 | Weber et al. | |
| | 389 | 7,869,849 | 01-11-2011 | Ollerdessen et al. | |
| | 390 | 7,873,497 | 01-18-2011 | Weber et al. | |
| | 391 | 7,880,606 | 02-01-2011 | Al-Ali | |
| | 392 | 7,880,626 | 02-01-2011 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 15 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 393 | 7,884,314 | 02-08-2011 | Hamada | |
| | 394 | 7,891,355 | 02-22-2011 | Al-Ali et al. | |
| | 395 | 7,894,868 | 02-22-2011 | Al-Ali et al. | |
| | 396 | 7,899,506 | 03-01-2011 | Xu et al. | |
| | 397 | 7,899,507 | 03-01-2011 | Al-Ali et al. | |
| | 398 | 7,899,510 | 03-01-2011 | Hoarau | |
| | 399 | 7,899,518 | 03-01-2011 | Trepagnier et al. | |
| | 400 | 7,904,132 | 03-08-2011 | Weber et al. | |
| | 401 | 7,909,772 | 03-22-2011 | Popov et al. | |
| | 402 | 7,910,875 | 03-22-2011 | Al-Ali | |
| | 403 | 7,919,713 | 04-05-2011 | Al-Ali et al. | |
| | 404 | 7,937,128 | 05-03-2011 | Al-Ali | |
| | 405 | 7,937,129 | 05-03-2011 | Mason et al. | |
| | 406 | 7,937,130 | 05-03-2011 | Diab et al. | |
| | 407 | 7,941,199 | 05-10-2011 | Kiani | |
| | 408 | 7,951,086 | 05-31-2011 | Flaherty et al. | |
| | 409 | 7,957,780 | 06-07-2011 | Lamego et al. | |
| | 410 | 7,962,188 | 06-14-2011 | Kiani et al. | |
| | 411 | 7,962,190 | 06-14-2011 | Diab et al. | |
| | 412 | 7,976,472 | 07-12-2011 | Kiani | |
| | 413 | 7,988,637 | 08-02-2011 | Diab | |
| | 414 | 7,990,382 | 08-02-2011 | Kiani | |
| | 415 | 7,991,446 | 08-02-2011 | Ali et al. | |
| | 416 | 8,000,761 | 08-16-2011 | Al-Ali | |
| | 417 | 8,008,088 | 08-08-2011 | Bellott et al. | |
| | 418 | 8,019,400 | 09-13-2011 | Diab et al. | |
| | 419 | 8,028,701 | 10-04-2011 | Al-Ali et al. | |
| | 420 | 8,029,765 | 10-04-2011 | Bellott et al. | |

| Examiner Signature | Date Considered |
|---|---|
| | |

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/829536 |
|---|---|---|---|
| | | Filing Date | March 25, 2020 |
| | | First Named Inventor | Jeroen Poeze |
| | | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 16 OF 60 | | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 421 | 8,036,727 | 10-11-2011 | Schurman et al. | |
| | 422 | 8,036,728 | 10-11-2011 | Diab et al. | |
| | 423 | 8,044,998 | 10-25-2011 | Heenan | |
| | 424 | 8,046,040 | 10-25-2011 | Ali et al. | |
| | 425 | 8,046,041 | 10-25-2011 | Diab et al. | |
| | 426 | 8,046,042 | 10-25-2011 | Diab et al. | |
| | 427 | 8,048,040 | 11-01-2011 | Kiani | |
| | 428 | 8,050,728 | 11-01-2011 | Al-Ali et al. | |
| | 429 | 8,071,935 | 12-06-2011 | Besko et al. | |
| | 430 | 8,118,620 | 02-21-2012 | Al-Ali et al. | |
| | 431 | 8,126,528 | 02-28-2012 | Diab et al. | |
| | 432 | 8,126,531 | 02-28-2012 | Crowley | |
| | 433 | 8,128,572 | 03-06-2012 | Diab et al. | |
| | 434 | 8,130,105 | 03-06-2012 | Al-Ali et al. | |
| | 435 | 8,145,287 | 03-27-2012 | Diab et al. | |
| | 436 | 8,150,487 | 04-03-2012 | Diab et al. | |
| | 437 | 8,175,672 | 05-08-2012 | Parker | |
| | 438 | 8,180,420 | 05-15-2012 | Diab et al. | |
| | 439 | 8,182,443 | 05-22-2012 | Kiani | |
| | 440 | 8,185,180 | 05-22-2012 | Diab et al. | |
| | 441 | 8,190,223 | 05-29-2012 | Al-Ali et al. | |
| | 442 | 8,190,227 | 05-29-2012 | Diab et al. | |
| | 443 | 8,203,438 | 06-19-2012 | Kiani et al. | |
| | 444 | 8,203,704 | 06-19-2012 | Merritt et al. | |
| | 445 | 8,204,566 | 06-19-2012 | Schurman et al. | |
| | 446 | 8,219,170 | 07-10-2012 | Hausmann et al. | |
| | 447 | 8,219,172 | 07-10-2012 | Schurman et al. | |
| | 448 | 8,224,411 | 07-17-2012 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 17 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 449 | 8,228,181 | 07-24-2012 | Al-Ali | |
| | 450 | 8,229,532 | 07-24-2012 | Davis | |
| | 451 | 8,229,533 | 07-24-2012 | Diab et al. | |
| | 452 | 8,233,955 | 07-31-2012 | Al-Ali et al. | |
| | 453 | 8,244,325 | 08-14-2012 | Al-Ali et al. | |
| | 454 | 8,244,326 | 08-14-2012 | Ninomiya et al. | |
| | 455 | 8,255,026 | 08-28-2012 | Al-Ali | |
| | 456 | 8,255,027 | 08-28-2012 | Al-Ali et al. | |
| | 457 | 8,255,028 | 08-28-2012 | Al-Ali et al. | |
| | 458 | 8,260,577 | 09-04-2012 | Weber et al. | |
| | 459 | 8,265,723 | 09-11-2012 | McHale et al. | |
| | 460 | 8,274,360 | 09-25-2012 | Sampath et al. | |
| | 461 | 8,280,469 | 12-02-2012 | Baker, Jr. | |
| | 462 | 8,280,473 | 10-02-2012 | Al-Ali | |
| | 463 | 8,289,130 | 10-16-2012 | Nakajima et al. | |
| | 464 | 8,301,217 | 10-30-2012 | Al-Ali et al. | |
| | 465 | 8,306,596 | 11-06-2012 | Schurman et al. | |
| | 466 | 8,310,336 | 11-13-2012 | Muhsin et al. | |
| | 467 | 8,315,683 | 11-20-2012 | Al-Ali et al. | |
| | 468 | 8,332,006 | 12-11-2012 | Naganuma et al. | |
| | 469 | 8,337,403 | 12-25-2012 | Al-Ali et al. | |
| | 470 | 8,346,330 | 01-01-2013 | Lamego | |
| | 471 | 8,353,842 | 01-15-2013 | Al-Ali et al. | |
| | 472 | 8,355,766 | 01-15-2013 | MacNeish, III et al. | |
| | 473 | 8,359,080 | 01-22-2013 | Diab et al. | |
| | 474 | 8,364,223 | 01-29-2013 | Al-Ali et al. | |
| | 475 | 8,364,226 | 01-29-2013 | Diab et al. | |
| | 476 | 8,364,389 | 01-29-2013 | Dorogusker et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*****Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 18 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number *Number - Kind Code (if known)* Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 477 | 8,374,665 | 02-12-2013 | Lamego | |
| | 478 | 8,380,272 | 02-19-2013 | Barrett et al. | |
| | 479 | 8,385,995 | 02-26-2013 | Al-ali et al. | |
| | 480 | 8,385,996 | 02-26-2013 | Smith et al. | |
| | 481 | 8,388,353 | 03-05-2013 | Kiani et al. | |
| | 482 | 8,399,822 | 03-19-2013 | Al-Ali | |
| | 483 | 8,401,602 | 03-19-2013 | Kiani | |
| | 484 | 8,405,608 | 03-26-2013 | Al-Ali et al. | |
| | 485 | 8,414,499 | 04-09-2013 | Al-Ali et al. | |
| | 486 | 8,418,524 | 04-16-2013 | Al-Ali | |
| | 487 | 8,421,022 | 04-16-2013 | Rozenfeld | |
| | 488 | 8,423,106 | 04-16-2013 | Lamego et al. | |
| | 489 | 8,428,674 | 04-23-2013 | Duffy et al. | |
| | 490 | 8,428,967 | 04-23-2013 | Olsen et al. | |
| | 491 | 8,430,817 | 04-30-2013 | Al-Ali et al. | |
| | 492 | 8,437,825 | 05-07-2013 | Dalvi et al. | |
| | 493 | 8,452,364 | 05-28-2013 | Hannula et al. | |
| | 494 | 8,455,290 | 06-04-2013 | Siskavich | |
| | 495 | 8,457,703 | 06-04-2013 | Al-Ali | |
| | 496 | 8,457,707 | 06-04-2013 | Kiani | |
| | 497 | 8,463,349 | 06-11-2013 | Diab et al. | |
| | 498 | 8,466,286 | 06-18-2013 | Bellot et al. | |
| | 499 | 8,471,713 | 06-25-2013 | Poeze et al. | |
| | 500 | 8,473,020 | 06-25-2013 | Kiani et al. | |
| | 501 | 8,483,787 | 07-09-2013 | Al-Ali et al. | |
| | 502 | 8,489,364 | 07-16-2013 | Weber et al. | |
| | 503 | 8,496,595 | 07-30-2013 | Jornod | |
| | 504 | 8,498,684 | 07-30-2013 | Weber et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 19 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 505 | 8,504,128 | 08-06-2013 | Blank et al. | |
| | 506 | 8,509,867 | 08-13-2013 | Workman et al. | |
| | 507 | 8,515,509 | 08-20-2013 | Bruinsma et al. | |
| | 508 | 8,515,515 | 08-20-2013 | McKenna et al. | |
| | 509 | 8,523,781 | 09-03-2013 | Al-Ali | |
| | 510 | 8,529,301 | 09-10-2013 | Al-Ali et al. | |
| | 511 | 8,532,727 | 09-10-2013 | Ali et al. | |
| | 512 | 8,532,728 | 09-10-2013 | Diab et al. | |
| | 513 | 8,547,209 | 10-01-2013 | Kiani et al. | |
| | 514 | 8,548,548 | 10-01-2013 | Al-Ali | |
| | 515 | 8,548,549 | 10-01-2013 | Schurman et al. | |
| | 516 | 8,548,550 | 10-01-2013 | Al-Ali et al. | |
| | 517 | 8,560,032 | 10-15-2013 | Al-Ali et al. | |
| | 518 | 8,560,034 | 10-15-2013 | Diab et al. | |
| | 519 | 8,570,167 | 10-29-2013 | Al-Ali | |
| | 520 | 8,570,503 | 10-29-2013 | Hung Vo | |
| | 521 | 8,571,617 | 10-29-2013 | Reichgott et al. | |
| | 522 | 8,571,618 | 10-29-2013 | Lamego et al. | |
| | 523 | 8,571,619 | 10-29-2013 | Al-Ali et al. | |
| | 524 | 8,577,431 | 11-05-2013 | Lamego et al. | |
| | 525 | 8,581,732 | 11-12-2013 | Al-Ali et al. | |
| | 526 | 8,584,345 | 11-19-2013 | Al-Ali et al. | |
| | 527 | 8,588,880 | 11-19-2013 | Abdul-Hafiz et al. | |
| | 528 | 8,591,426 | 11-26-2013 | Onoe et al. | |
| | 529 | 8,600,467 | 12-03-2013 | Al-Ali et al. | |
| | 530 | 8,602,971 | 12-10-2013 | Farr | |
| | 531 | 8,606,342 | 12-10-2013 | Diab | |
| | 532 | 8,615,290 | 12-24-2013 | Lin et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 20 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 533 | 8,626,255 | 01-07-2014 | Al-Ali et al. | |
| | 534 | 8,630,691 | 01-14-2014 | Lamego et al. | |
| | 535 | 8,634,889 | 01-21-2014 | Al-Ali et al. | |
| | 536 | 8,641,631 | 02-04-2014 | Sierra et al. | |
| | 537 | 8,652,060 | 02-18-2014 | Al-Ali | |
| | 538 | 8,655,004 | 02-18-2014 | Prest et al. | |
| | 539 | 8,663,107 | 03-04-2014 | Kiani | |
| | 540 | 8,666,468 | 03-04-2014 | Al-Ali | |
| | 541 | 8,667,967 | 03-11-2014 | Al-Ali et al. | |
| | 542 | 8,670,811 | 03-11-2014 | O'Reilly | |
| | 543 | 8,670,814 | 03-11-2014 | Diab et al. | |
| | 544 | 8,676,286 | 03-18-2014 | Weber et al. | |
| | 545 | 8,682,407 | 03-25-2014 | Al-Ali | |
| | 546 | 8,688,183 | 04-01-2014 | Bruinsma et al. | |
| | 547 | 8,690,799 | 04-08-2014 | Telfort et al. | |
| | 548 | 8,700,111 | 04-15-2014 | LeBoeuf et al. | |
| | 549 | 8,700,112 | 04-15-2014 | Kiani | |
| | 550 | 8,702,627 | 04-22-2014 | Telfort et al. | |
| | 551 | 8,706,179 | 04-22-2014 | Parker | |
| | 552 | 8,712,494 | 04-29-2014 | MacNeish, III et al. | |
| | 553 | 8,715,206 | 05-06-2014 | Telfort et al. | |
| | 554 | 8,718,735 | 05-06-2014 | Lamego et al. | |
| | 555 | 8,718,737 | 05-06-2014 | Diab et al. | |
| | 556 | 8,718,738 | 05-01-2014 | Blank et al. | |
| | 557 | 8,720,249 | 05-13-2014 | Al-Ali | |
| | 558 | 8,721,541 | 05-13-2014 | Al-Ali et al. | |
| | 559 | 8,721,542 | 05-13-2014 | Al-Ali et al. | |
| | 560 | 8,723,677 | 05-13-2014 | Kiani | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 21 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 561 | 8,740,792 | 06-03-2014 | Kiani et al. | |
| | 562 | 8,754,776 | 06-17-2014 | Poeze et al. | |
| | 563 | 8,755,535 | 06-17-2014 | Telfort et al. | |
| | 564 | 8,755,856 | 06-17-2014 | Diab et al. | |
| | 565 | 8,755,872 | 06-17-2014 | Marinow | |
| | 566 | 8,760,517 | 06-24-2014 | Sarwar et al. | |
| | 567 | 8,761,850 | 06-24-2014 | Lamego | |
| | 568 | 8,764,671 | 07-01-2014 | Kiani | |
| | 569 | 8,768,423 | 07-01-2014 | Shakespeare et al. | |
| | 570 | 8,768,426 | 07-01-2014 | Haisley et al. | |
| | 571 | 8,771,204 | 07-08-2014 | Telfort et al. | |
| | 572 | 8,777,634 | 07-15-2014 | Kiani et al. | |
| | 573 | 8,781,543 | 07-15-2014 | Diab et al. | |
| | 574 | 8,781,544 | 07-15-2014 | Al-Ali et al. | |
| | 575 | 8,781,549 | 07-15-2014 | Al-Ali et al. | |
| | 576 | 8,788,003 | 07-22-2014 | Schurman et al. | |
| | 577 | 8,790,268 | 07-29-2014 | Al-Ali | |
| | 578 | 8,801,613 | 08-12-2014 | Al-Ali et al. | |
| | 579 | 8,821,397 | 09-02-2014 | Al-Ali et al. | |
| | 580 | 8,821,415 | 09-02-2014 | Al-Ali et al. | |
| | 581 | 8,830,449 | 09-09-2014 | Lamego et al. | |
| | 582 | 8,831,700 | 09-09-2014 | Schurman et al. | |
| | 583 | 8,838,210 | 09-16-2014 | Wood et al. | |
| | 584 | 8,840,549 | 09-23-2014 | Al-Ali et al. | |
| | 585 | 8,845,543 | 09-30-2014 | Diab et al. | |
| | 586 | 8,847,740 | 09-30-2014 | Kiani et al. | |
| | 587 | 8,849,365 | 09-30-2014 | Smith et al. | |
| | 588 | 8,852,094 | 10-07-2014 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C20 |

*(Multiple sheets used when necessary)*

SHEET 22 OF 60

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 589 | 8,852,994 | 10-07-2014 | Wojtczuk et al. | |
| | 590 | 8,868,147 | 10-21-2014 | Stippick et al. | |
| | 591 | 8,868,150 | 10-21-2014 | Al-Ali et al. | |
| | 592 | 8,870,792 | 10-28-2014 | Al-Ali et al. | |
| | 593 | 8,886,271 | 11-11-2014 | Kiani et al. | |
| | 594 | 8,888,539 | 11-18-2014 | Al-Ali et al. | |
| | 595 | 8,888,708 | 11-18-2014 | Diab et al. | |
| | 596 | 8,892,180 | 11-18-2014 | Weber et al. | |
| | 597 | 8,897,847 | 11-25-2014 | Al-Ali | |
| | 598 | 8,909,310 | 12-09-2014 | Lamego et al. | |
| | 599 | 8,911,377 | 12-16-2014 | Al-Ali | |
| | 600 | 8,912,909 | 12-16-2014 | Al-Ali et al. | |
| | 601 | 8,920,317 | 12-30-2014 | Al-Ali et al. | |
| | 602 | 8,920,332 | 12-30-2014 | Hong et al. | |
| | 603 | 8,921,699 | 12-30-2014 | Al-Ali et al | |
| | 604 | 8,922,382 | 12-30-2014 | Al-Ali et al. | |
| | 605 | 8,929,964 | 01-06-2015 | Al-Ali et al. | |
| | 606 | 8,942,777 | 01-27-2015 | Diab et al. | |
| | 607 | 8,948,834 | 02-03-2015 | Diab et al. | |
| | 608 | 8,948,835 | 02-03-2015 | Diab | |
| | 609 | 8,965,471 | 02-24-2015 | Lamego | |
| | 610 | 8,983,564 | 03-17-2015 | Al-Ali | |
| | 611 | 8,989,831 | 03-24-2015 | Al-Ali et al. | |
| | 612 | 8,996,085 | 03-31-2015 | Kiani et al. | |
| | 613 | 8,998,809 | 04-07-2015 | Kiani | |
| | 614 | 9,028,429 | 05-12-2015 | Telfort et al. | |
| | 615 | 9,037,207 | 05-19-2015 | Al-Ali et al. | |
| | 616 | 9,060,721 | 06-23-2015 | Reichgott et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 23 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 617 | 9,066,666 | 06-30-2015 | Kiani | |
| | 618 | 9,066,680 | 06-30-2015 | Al-Ali et al. | |
| | 619 | 9,072,437 | 07-07-2015 | Paalasmaa | |
| | 620 | 9,072,474 | 07-07-2015 | Al-Ali et al. | |
| | 621 | 9,078,560 | 07-14-2015 | Schurman et al. | |
| | 622 | 9,081,889 | 07-14-2015 | Ingrassia, Jr. et al. | |
| | 623 | 9,084,569 | 07-21-2015 | Weber et al. | |
| | 624 | 9,095,316 | 08-04-2015 | Welch et al. | |
| | 625 | 9,106,038 | 08-11-2015 | Telfort et al. | |
| | 626 | 9,107,625 | 08-18-2015 | Telfort et al. | |
| | 627 | 9,107,626 | 08-18-2015 | Al-Ali et al. | |
| | 628 | 9,113,831 | 08-25-2015 | Al-Ali | |
| | 629 | 9,113,832 | 08-25-2015 | Al-Ali | |
| | 630 | 9,119,595 | 09-01-2015 | Lamego | |
| | 631 | 9,131,881 | 09-15-2015 | Diab et al. | |
| | 632 | 9,131,882 | 09-15-2015 | Al-Ali et al. | |
| | 633 | 9,131,883 | 09-15-2015 | Al-Ali | |
| | 634 | 9,131,917 | 09-15-2015 | Telfort et al. | |
| | 635 | 9,138,180 | 09-22-2015 | Coverston et al. | |
| | 636 | 9,138,182 | 09-22-2015 | Al-Ali et al. | |
| | 637 | 9,138,192 | 09-22-2015 | Weber et al. | |
| | 638 | 9,142,117 | 09-22-2015 | Muhsin et al. | |
| | 639 | 9,153,112 | 10-06-2015 | Kiani et al. | |
| | 640 | 9,153,121 | 10-06-2015 | Kiani et al. | |
| | 641 | 9,161,696 | 10-20-2015 | Al-Ali et al. | |
| | 642 | 9,161,713 | 10-20-2015 | Al-Ali et al. | |
| | 643 | 9,167,995 | 10-27-2015 | Lamego et al. | |
| | 644 | 9,176,141 | 11-03-2015 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| Application No. | 16/829536 |
|---|---|
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |

| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
|---|---|---|
| SHEET 24 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **645** | 9,186,102 | 11-17-2015 | Bruinsma et al. | |
| | **646** | 9,192,312 | 11-24-2015 | Al-Ali | |
| | **647** | 9,192,329 | 11-24-2015 | Al-Ali | |
| | **648** | 9,192,351 | 11-24-2015 | Telfort et al. | |
| | **649** | 9,195,385 | 11-24-2015 | Al-Ali et al. | |
| | **650** | 9,210,566 | 12-08-2015 | Ziemianska et al. | |
| | **651** | 9,211,072 | 12-15-2015 | Kiani | |
| | **652** | 9,211,095 | 12-15-2015 | Al-Ali | |
| | **653** | 9,218,454 | 12-22-2015 | Kiani et al. | |
| | **654** | 9,226,696 | 01-05-2016 | Kiani | |
| | **655** | 9,241,662 | 01-26-2016 | Al-Ali et al. | |
| | **656** | 9,245,668 | 01-26-2016 | Vo et al. | |
| | **657** | 9,259,185 | 02-16-2016 | Abdul-Hafiz et al. | |
| | **658** | 9,267,572 | 02-23-2016 | Barker et al. | |
| | **659** | 9,277,880 | 03-08-2016 | Poeze et al. | |
| | **660** | 9,289,167 | 03-22-2016 | Diab et al. | |
| | **661** | 9,295,421 | 03-29-2016 | Kiani et al. | |
| | **662** | 9,307,928 | 04-12-2016 | Al-Ali et al. | |
| | **663** | 9,311,382 | 04-12-2016 | Varoglu et al. | |
| | **664** | 9,323,894 | 04-26-2016 | Kiani | |
| | **665** | 9,326,712 | 05-03-2016 | Kiani | |
| | **666** | 9,333,316 | 05-10-2016 | Kiani | |
| | **667** | 9,339,220 | 05-17-2016 | Lamego et al. | |
| | **668** | 9,339,236 | 05-17-2016 | Frix et al. | |
| | **669** | 9,341,565 | 05-17-2016 | Lamego et al. | |
| | **670** | 9,351,673 | 05-31-2016 | Diab et al. | |
| | **671** | 9,351,675 | 05-31-2016 | Al-Ali et al. | |
| | **672** | 9,357,665 | 05-31-2016 | Myers et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*__Examiner:__ Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 25 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 673 | 9,364,181 | 06-14-2016 | Kiani et al. | |
| | 674 | 9,368,671 | 06-14-2016 | Wojtczuk et al. | |
| | 675 | 9,370,325 | 06-21-2016 | Al-Ali et al. | |
| | 676 | 9,370,326 | 06-21-2016 | McHale et al. | |
| | 677 | 9,370,335 | 06-21-2016 | Al-ali et al. | |
| | 678 | 9,375,185 | 06-28-2016 | Ali et al. | |
| | 679 | 9,386,953 | 07-12-2016 | Al-Ali | |
| | 680 | 9,386,961 | 07-12-2016 | Al-Ali et al. | |
| | 681 | 9,392,945 | 07-19-2016 | Al-Ali et al. | |
| | 682 | 9,397,448 | 07-19-2016 | Al-Ali et al. | |
| | 683 | 9,408,542 | 08-09-2016 | Kinast et al. | |
| | 684 | 9,436,645 | 09-06-2016 | Al-Ali et al. | |
| | 685 | 9,445,759 | 09-20-2016 | Lamego et al. | |
| | 686 | 9,466,919 | 10-11-2016 | Kiani et al. | |
| | 687 | 9,474,474 | 10-25-2016 | Lamego et al. | |
| | 688 | 9,480,422 | 11-01-2016 | Al-Ali | |
| | 689 | 9,480,435 | 11-01-2016 | Olsen | |
| | 690 | 9,489,081 | 11-08-2016 | Anzures et al. | |
| | 691 | 9,492,110 | 11-15-2016 | Al-Ali et al. | |
| | 692 | 9,497,534 | 11-15-2016 | Prest et al. | |
| | 693 | 9,510,779 | 12-06-2016 | Poeze et al. | |
| | 694 | 9,517,024 | 12-13-2016 | Kiani et al. | |
| | 695 | 9,526,430 | 12-27-2016 | Srinivas et al. | |
| | 696 | 9,532,722 | 01-03-2017 | Lamego et al. | |
| | 697 | 9,538,949 | 01-10-2017 | Al-Ali et al. | |
| | 698 | 9,538,980 | 01-10-2017 | Telfort et al. | |
| | 699 | 9,549,696 | 01-24-2017 | Lamego et al. | |
| | 700 | 9,553,625 | 01-24-2017 | Hatanaka et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/829536 |
|---|---|---|---|
| | | Filing Date | March 25, 2020 |
| | | First Named Inventor | Jeroen Poeze |
| | | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 26 OF 60 | | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 701 | 9,554,737 | 01-31-2017 | Schurman et al. | |
| | 702 | 9,560,996 | 02-07-2017 | Kiani | |
| | 703 | 9,560,998 | 02-07-2017 | Al-Ali et al. | |
| | 704 | 9,566,019 | 02-14-2017 | Al-Ali et al. | |
| | 705 | 9,579,039 | 02-28-2017 | Jansen et al. | |
| | 706 | 9,591,975 | 03-14-2017 | Dalvi et al. | |
| | 707 | 9,593,969 | 03-14-2017 | King | |
| | 708 | 9,622,692 | 04-18-2017 | Lamego et al. | |
| | 709 | 9,622,693 | 04-18-2017 | Diab | |
| | 710 | 9,636,055 | 05-02-2017 | Al-Ali et al. | |
| | 711 | 9,636,056 | 05-02-2017 | Al-Ali | |
| | 712 | 9,649,054 | 05-16-2017 | Lamego et al. | |
| | 713 | 9,651,405 | 05-16-2017 | Gowreesunker et al. | |
| | 714 | 9,662,052 | 05-30-2017 | Al-Ali et al. | |
| | 715 | 9,668,676 | 06-06-2017 | Culbert | |
| | 716 | 9,668,679 | 06-06-2017 | Schurman et al | |
| | 717 | 9,668,680 | 06-06-2017 | Bruinsma et al. | |
| | 718 | 9,668,703 | 06-06-2017 | Al-Ali | |
| | 719 | 9,675,286 | 06-13-2017 | Diab | |
| | 720 | 9,681,812 | 06-20-2017 | Presura | |
| | 721 | 9,684,900 | 06-20-2017 | Motoki et al. | |
| | 722 | 9,687,160 | 06-27-2017 | Kiani | |
| | 723 | 9,693,719 | 07-04-2017 | Al-Ali et al. | |
| | 724 | 9,693,737 | 07-04-2017 | Al-Ali | |
| | 725 | 9,697,928 | 07-04-2017 | Al-Ali et al. | |
| | 726 | 9,699,546 | 07-04-2017 | Qian et al. | |
| | 727 | 9,700,249 | 07-11-2017 | Johnson et al. | |
| | 728 | 9,716,937 | 07-25-2017 | Qian et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner:* Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

Exhibit AG
Page 472

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | |
|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C20 |

*(Multiple sheets used when necessary)*

SHEET 27 OF 60

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 729 | 9,717,425 | 08-01-2017 | Kiani et al. | |
| | 730 | 9,717,448 | 08-01-2017 | Frix et al. | |
| | 731 | 9,717,458 | 08-01-2017 | Lamego et al. | |
| | 732 | 9,723,997 | 08-08-2017 | Lamego | |
| | 733 | 9,724,016 | 08-08-2017 | Al-Ali et al. | |
| | 734 | 9,724,024 | 08-08-2017 | Al-Ali | |
| | 735 | 9,724,025 | 08-08-2017 | Kiani et al. | |
| | 736 | 9,730,640 | 08-15-2017 | Diab et al. | |
| | 737 | 9,743,887 | 08-29-2017 | Al-Ali et al. | |
| | 738 | 9,749,232 | 08-29-2017 | Sampath et al. | |
| | 739 | 9,750,442 | 09-05-2017 | Olsen | |
| | 740 | 9,750,443 | 09-05-2017 | Smith et al. | |
| | 741 | 9,750,461 | 09-05-2017 | Telfort | |
| | 742 | 9,752,925 | 09-05-2017 | Chu et al. | |
| | 743 | 9,775,545 | 10-03-2017 | Al-Ali et al. | |
| | 744 | 9,775,546 | 10-03-2017 | Diab et al. | |
| | 745 | 9,775,570 | 10-03-2017 | Al-Ali | |
| | 746 | 9,778,079 | 10-03-2017 | Al-Ali et al. | |
| | 747 | 9,781,984 | 10-10-2017 | Baranski et al. | |
| | 748 | 9,782,077 | 10-10-2017 | Lamego et al. | |
| | 749 | 9,782,110 | 10-10-2017 | Kiani | |
| | 750 | 9,787,568 | 10-10-2017 | Lamego et al. | |
| | 751 | 9,788,735 | 10-17-2017 | Al-Ali | |
| | 752 | 9,788,768 | 10-17-2017 | Al-Ali et al. | |
| | 753 | 9,795,300 | 10-24-2017 | Al-Ali | |
| | 754 | 9,795,310 | 10-24-2017 | Al-Ali | |
| | 755 | 9,795,358 | 10-24-2017 | Telfort et al. | |
| | 756 | 9,795,739 | 10-24-2017 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | | |
|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C20 |

*(Multiple sheets used when necessary)*

SHEET 28 OF 60

## U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 757 | 9,801,556 | 10-31-2017 | Kiani | |
| | 758 | 9,801,588 | 10-31-2017 | Weber et al. | |
| | 759 | 9,808,188 | 11-07-2017 | Perea et al. | |
| | 760 | 9,814,418 | 11-14-2017 | Weber et al. | |
| | 761 | 9,820,691 | 11-21-2017 | Kiani | |
| | 762 | 9,833,152 | 12-05-2017 | Kiani et al. | |
| | 763 | 9,833,180 | 12-05-2017 | Shakespeare et al. | |
| | 764 | 9,838,775 | 12-05-2017 | Qian et al. | |
| | 765 | 9,839,373 | 12-12-2017 | Al-Ali et al. | |
| | 766 | 9,839,381 | 12-12-2017 | Weber et al. | |
| | 767 | 9,847,002 | 12-19-2017 | Kiani et al. | |
| | 768 | 9,847,749 | 12-19-2017 | Kiani et al. | |
| | 769 | 9,848,800 | 12-26-2017 | Lee et al. | |
| | 770 | 9,848,806 | 12-26-2017 | Al-Ali et al. | |
| | 771 | 9,848,807 | 12-26-2017 | Lamego | |
| | 772 | 9,848,823 | 12-26-2017 | Raghuram et al. | |
| | 773 | 9,861,298 | 01-09-2018 | Eckerbom et al. | |
| | 774 | 9,861,304 | 01-09-2018 | Al-Ali et al. | |
| | 775 | 9,861,305 | 01-09-2018 | Weber et al. | |
| | 776 | 9,866,671 | 01-09-2018 | Thompson et al. | |
| | 777 | 9,867,575 | 01-16-2018 | Maani et al. | |
| | 778 | 9,867,578 | 01-16-2018 | Al-Ali et al. | |
| | 779 | 9,872,623 | 01-23-2018 | Al-Ali | |
| | 780 | 9,876,320 | 01-23-2018 | Coverston et al. | |
| | 781 | 9,877,650 | 01-30-2018 | Muhsin et al. | |
| | 782 | 9,877,686 | 01-30-2018 | Al-Ali et al. | |
| | 783 | 9,891,079 | 02-13-2018 | Dalvi | |
| | 784 | 9,891,590 | 02-13-2018 | Shim et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | |
|---|---|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |

| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
|---|---|---|
| SHEET 29 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **785** | 9,895,107 | 02-20-2018 | Al-Ali et al. | |
| | **786** | 9,898,049 | 02-20-2018 | Myers et al. | |
| | **787** | 9,913,617 | 03-13-2018 | Al-Ali et al. | |
| | **788** | 9,918,646 | 03-20-2018 | Singh Alvarado et al. | |
| | **789** | 9,924,893 | 03-27-2018 | Schurman et al. | |
| | **790** | 9,924,897 | 03-27-2018 | Abdul-Hafiz | |
| | **791** | 9,936,917 | 04-10-2018 | Poeze et al. | |
| | **792** | 9,943,269 | 04-17-2018 | Muhsin et al. | |
| | **793** | 9,949,676 | 04-24-2018 | Al-Ali | |
| | **794** | 9,952,095 | 04-24-2018 | Hotelling et al. | |
| | **795** | 9,955,937 | 05-01-2018 | Telfort | |
| | **796** | 9,965,946 | 05-08-2018 | Al-Ali | |
| | **797** | 9,980,667 | 05-29-2018 | Kiani et al. | |
| | **798** | 9,986,919 | 06-05-2018 | Lamego et al. | |
| | **799** | 9,986,952 | 06-05-2018 | Dalvi et al. | |
| | **800** | 9,989,560 | 06-05-2018 | Poeze et al. | |
| | **801** | 9,993,207 | 06-12-2018 | Al-Ali et al. | |
| | **802** | 10,007,758 | 06-26-2018 | Al-Ali et al. | |
| | **803** | 10,010,276 | 07-03-2018 | Al-Ali et al. | |
| | **804** | 10,032,002 | 07-24-2018 | Kiani et al. | |
| | **805** | 10,039,080 | 07-31-2018 | Miller et al. | |
| | **806** | 10,039,491 | 08-07-2018 | Thompson et al. | |
| | **807** | 10,039,482 | 08-07-2018 | Al-Ali et al. | |
| | **808** | 10,052,037 | 08-21-2018 | Kinast et al. | |
| | **809** | 10,055,121 | 08-21-2018 | Chaudhri et al. | |
| | **810** | 10,058,275 | 08-28-2018 | Al-Ali et al. | |
| | **811** | 10,064,562 | 09-04-2018 | Al-Ali | |
| | **812** | 10,066,970 | 09-04-2018 | Gowreesunker et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | |
|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| Examiner | Unassigned |
| Attorney Docket No. | MASCER.002C20 |

*(Multiple sheets used when necessary)*

SHEET 30 OF 60

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code (if known)<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 813 | 10,076,257 | 09-18-2018 | Lin et al. | |
| | 814 | 10,078,052 | 09-18-2018 | Ness et al. | |
| | 815 | 10,086,138 | 10-02-2018 | Novak, Jr. | |
| | 816 | 10,092,200 | 10-09-2018 | Al-Ali et al. | |
| | 817 | 10,092,244 | 10-09-2018 | Chuang et al. | |
| | 818 | 10,092,249 | 10-09-2018 | Kiani et al. | |
| | 819 | 10,098,550 | 10-16-2018 | Al-Ali et al. | |
| | 820 | 10,098,591 | 10-16-2018 | Al-Ali et al. | |
| | 821 | 10,098,610 | 10-16-2018 | Al-Ali et al. | |
| | 822 | 10,117,587 | 11-06-2018 | Han | |
| | 823 | 10,123,726 | 11-13-2018 | Al-Ali et al. | |
| | 824 | 10,130,289 | 11-20-2018 | Al-Ali et al. | |
| | 825 | 10,130,291 | 11-20-2018 | Schurman et al. | |
| | 826 | 10,149,616 | 12-11-2018 | Al-Ali et al. | |
| | 827 | 10,154,815 | 12-18-2018 | Al-Ali et al. | |
| | 828 | 10,159,412 | 12-25-2018 | Lamego et al. | |
| | 829 | 10,165,954 | 01-01-2019 | Lee | |
| | 830 | 10,188,296 | 01-29-2019 | Al-Ali et al. | |
| | 831 | 10,188,331 | 01-29-2019 | Al-Ali et al. | |
| | 832 | 10,188,348 | 01-29-2019 | Kiani et al. | |
| | 833 | 10,194,847 | 02-05-2019 | Al-Ali | |
| | 834 | 10,194,848 | 02-05-2019 | Kiani et al. | |
| | 835 | 10,201,286 | 02-12-2019 | Waydo | |
| | 836 | 10,201,298 | 02-12-2019 | Al-Ali et al. | |
| | 837 | 10,205,272 | 02-12-2019 | Kiani et al. | |
| | 838 | 10,205,291 | 02-12-2019 | Scruggs et al. | |
| | 839 | 10,213,108 | 02-26-2019 | Al-Ali | |
| | 840 | 10,215,698 | 02-26-2019 | Han et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*\*Examiner:* Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 31 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 841 | 10,219,706 | 03-05-2019 | Al-Ali | |
| | 842 | 10,219,746 | 03-05-2019 | McHale et al. | |
| | 843 | 10,219,754 | 03-05-2019 | Lamego | |
| | 844 | 10,226,187 | 03-12-2019 | Al-Ali et al | |
| | 845 | 10,226,576 | 03-12-2019 | Kiani | |
| | 846 | 10,231,657 | 03-19-2019 | Al-Ali et al | |
| | 847 | 10,231,670 | 03-19-2019 | Blank et al. | |
| | 848 | 10,231,676 | 03-19-2019 | Al-Ali et al | |
| | 849 | 10,247,670 | 04-02-2019 | Ness et al. | |
| | 850 | 10,251,585 | 04-09-2019 | Al-Ali et al. | |
| | 851 | 10,251,586 | 04-09-2019 | Lamego | |
| | 852 | 10,255,994 | 04-09-2019 | Sampath et al. | |
| | 853 | 10,258,265 | 04-16-2019 | Poeze et al. | |
| | 854 | 10,258,266 | 04-16-2019 | Poeze et al. | |
| | 855 | 10,265,024 | 04-23-2019 | Lee et al. | |
| | 856 | 10,271,748 | 04-30-2019 | Al-Ali | |
| | 857 | 10,278,626 | 05-07-2019 | Schurman et al. | |
| | 858 | 10,278,648 | 05-07-2019 | Al-Ali et al. | |
| | 859 | 10,279,247 | 05-07-2019 | Kiani | |
| | 860 | 10,285,626 | 05-14-2019 | Kestelli et al. | |
| | 861 | 10,292,628 | 05-21-2019 | Poeze et al. | |
| | 862 | 10,292,657 | 05-21-2019 | Abdul-Hafiz et al. | |
| | 863 | 10,292,664 | 05-21-2019 | Al-Ali | |
| | 864 | 10,299,708 | 05-28-2019 | Poeze et al. | |
| | 865 | 10,299,709 | 05-28-2019 | Perea et al. | |
| | 866 | 10,305,775 | 05-28-2019 | Lamego et al. | |
| | 867 | 10,307,111 | 06-04-2019 | Muhsin et al. | |
| | 868 | 10,325,681 | 06-18-2019 | Sampath et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

Exhibit AG
Page 477

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 32 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 869 | 10,327,337 | 06-18-2019 | Triman et al. | |
| | 870 | 10,327,713 | 06-25-2019 | Barker et al. | |
| | 871 | 10,332,630 | 06-25-2019 | Al-Ali | |
| | 872 | 10,335,033 | 07-02-2019 | Al-Ali | |
| | 873 | 10,335,068 | 07-02-2019 | Poeze et al. | |
| | 874 | 10,335,072 | 07-02-2019 | Al-Ali et al. | |
| | 875 | 10,342,470 | 07-09-2019 | Al-Ali et al. | |
| | 876 | 10,342,487 | 07-09-2019 | Al-Ali et al. | |
| | 877 | 10,342,497 | 07-09-2019 | Al-Ali et al. | |
| | 878 | 10,349,895 | 07-16-2019 | Telfort et al. | |
| | 879 | 10,349,898 | 07-16-2019 | Al-Ali et al. | |
| | 880 | 10,354,504 | 07-16-2019 | Kiani et al. | |
| | 881 | 10,357,206 | 07-23-2019 | Weber et al. | |
| | 882 | 10,357,209 | 07-23-2019 | Al-Ali | |
| | 883 | 10,366,787 | 07-30-2019 | Sampath et al. | |
| | 884 | 10,368,787 | 08-06-2019 | Reichgott et al. | |
| | 885 | 10,376,190 | 08-13-2019 | Poeze et al. | |
| | 886 | 10,376,191 | 08-13-2019 | Poeze et al. | |
| | 887 | 10,383,520 | 08-20-2019 | Wojtczuk et al. | |
| | 888 | 10,383,527 | 08-20-2019 | Al-Ali | |
| | 889 | 10,388,120 | 08-20-2019 | Muhsin et al. | |
| | 890 | 10,390,716 | 08-27-2019 | Shimuta | |
| | 891 | 10,398,320 | 09-03-2019 | Kiani et al. | |
| | 892 | 10,398,383 | 09-03-2019 | van Dinther et al. | |
| | 893 | 10,405,804 | 09-10-2019 | Al-Ali | |
| | 894 | 10,406,445 | 09-10-2019 | Vock et al. | |
| | 895 | 10,413,666 | 09-17-2019 | Al-Ali et al. | |
| | 896 | 10,416,079 | 09-17-2019 | Magnussen et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 33 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 897 | 10,420,493 | 09-24-2019 | Al-Ali et al. | |
| | 898 | 10,433,776 | 10-08-2019 | Al-Ali | |
| | 899 | 10,441,181 | 10-15-2019 | Telfort et al. | |
| | 900 | 10,448,844 | 10-22-2019 | Al-Ali et al. | |
| | 901 | 10,448,871 | 10-22-2019 | Al-Ali | |
| | 902 | 10,456,038 | 10-29-2019 | Lamego et al. | |
| | 903 | 10,463,284 | 11-05-2019 | Al-Ali et al. | |
| | 904 | 10,463,340 | 11-05-2019 | Telfort et al. | |
| | 905 | 10,470,695 | 11-12-2019 | Al-Ali | |
| | 906 | 10,471,159 | 11-12-2019 | Lapotko et al. | |
| | 907 | 10,478,107 | 11-19-2019 | Kiani et al. | |
| | 908 | 10,503,379 | 12-10-2019 | Al-Ali et al. | |
| | 909 | 10,505,311 | 12-10-2019 | Al-Ali et al. | |
| | 910 | 10,512,436 | 12-24-2019 | Muhsin et al. | |
| | 911 | 10,524,706 | 01-07-2020 | Telfort et al. | |
| | 912 | 10,524,738 | 01-07-2020 | Olsen | |
| | 913 | 10,531,811 | 01-14-2020 | Al-Ali et al. | |
| | 914 | 10,531,819 | 01-14-2020 | Diab et al. | |
| | 915 | 10,531,835 | 01-14-2020 | Al-Ali et al. | |
| | 916 | 10,532,174 | 01-14-2020 | Al-Ali | |
| | 917 | 10,537,285 | 01-21-2020 | Sherim et al. | |
| | 918 | 10,542,903 | 01-28-2020 | Al-Ali et al. | |
| | 919 | 10,548,561 | 02-04-2020 | Telfort et al. | |
| | 920 | 10,555,678 | 02-11-2020 | Dalvi et al. | |
| | 921 | 10,568,514 | 02-25-2020 | Wojtczuk et al. | |
| | 922 | 10,568,553 | 02-25-2020 | O'Neil et al. | |
| | 923 | 10,575,779 | 03-03-2020 | Poeze et al. | |
| | 924 | 10,582,886 | 03-10-2020 | Poeze et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 34 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 925 | 10,588,518 | 03-17-2020 | Kiani | |
| | 926 | 10,588,553 | 03-17-2020 | Poeze et al. | |
| | 927 | 10,588,554 | 03-17-2020 | Poeze et al. | |
| | 928 | 10,588,556 | 03-17-2020 | Kiani et al. | |
| | 929 | 10,595,747 | 03-24-2020 | Al-Ali et al. | |
| | 930 | 10,608,817 | 03-31-2020 | Haider et al. | |
| | 931 | 10,610,138 | 04-07-2020 | Poeze et al. | |
| | 932 | 2002/0045836 | 04-18-2002 | Alkawwas | |
| | 933 | 2002/0099279 | 07-25-2002 | Pfeiffer et al. | |
| | 934 | 2002/0111546 | 08-15-2002 | Cook et al. | |
| | 935 | 2003/0036690 | 02-20-2003 | Geddes et al. | |
| | 936 | 2003/0158501 | 08-21-2003 | Uchida et al. | |
| | 937 | 2004/0054290 | 03-18-2004 | Chance | |
| | 938 | 2004/0114783 | 06-17-2004 | Spycher et al. | |
| | 939 | 2004/0133081 | 07-08-2004 | Teller et al. | |
| | 940 | 2005/0020927 | 01-27-2005 | Blondeau et al. | |
| | 941 | 2005/0054940 | 03-10-2005 | Almen | |
| | 942 | 2005/0116820 | 06-02-2005 | Goldreich | |
| | 943 | 2005/0192490 | 09-01-2005 | Yamamoto et al. | |
| | 944 | 2006/0005944 | 01-12-2006 | Wang et al. | |
| | 945 | 2006/0009607 | 01-12-2006 | Lutz et al. | |
| | 946 | 2006/0020180 | 01-26-2006 | Al-Ali | |
| | 947 | 2006/0025659 | 02-02-2006 | Kiguchi et al. | |
| | 948 | 2006/0161054 | 07-20-2006 | Reuss et al. | |
| | 949 | 2006/0182659 | 08-17-2006 | Unlu et al. | |
| | 950 | 2006/0253010 | 11-09-2006 | Brady et al. | |
| | 951 | 2006/0258928 | 11-16-2006 | Ortner et al. | |
| | 952 | 2007/0073117 | 03-29-2007 | Raridan | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

$T^1$ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 35 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 953 | 2007/0106172 | 05-10-2007 | Abreu | |
| | 954 | 2007/0149864 | 06-28-2007 | Laakkonen | |
| | 955 | 2007/0208395 | 09-06-2007 | Leclerc et al. | |
| | 956 | 2007/0238955 | 10-11-2007 | Tearney et al. | |
| | 957 | 2007/0249916 | 10-25-2007 | Pesach et al. | |
| | 958 | 2007/0260130 | 11-08-2007 | Chin | |
| | 959 | 2007/0293792 | 12-20-2007 | Sliwa et al. | |
| | 960 | 2008/0004513 | 01-03-2008 | Walker et al. | |
| | 961 | 2008/0015424 | 01-17-2008 | Bernreuter | |
| | 962 | 2008/0076980 | 03-27-2008 | Hoarau | |
| | 963 | 2008/0081966 | 04-03-2008 | Debreczeny | |
| | 964 | 2008/0130232 | 06-05-2008 | Yamamoto | |
| | 965 | 2008/0139908 | 06-12-2008 | Kurth | |
| | 966 | 2008/0190436 | 08-14-2008 | Jaffe et al. | |
| | 967 | 2008/0221426 | 09-11-2008 | Baker et al. | |
| | 968 | 2008/0221463 | 09-11-2008 | Baker | |
| | 969 | 2009/0030327 | 01-29-2009 | Chance, Britton | |
| | 970 | 2009/0043180 | 02-12-2009 | Tschautscher et al. | |
| | 971 | 2009/0129102 | 05-21-2009 | Xiao et al. | |
| | 972 | 2009/0163775 | 06-25-2009 | Barrett et al. | |
| | 973 | 2009/0177097 | 07-09-2009 | Ma et al. | |
| | 974 | 2009/0187085 | 07-23-2009 | Pav | |
| | 975 | 2009/0234206 | 09-17-2009 | Gaspard et al. | |
| | 976 | 2009/0247885 | 10-01-2009 | Suzuki et al. | |
| | 977 | 2009/0247984 | 10-01-2009 | Lamego et al. | |
| | 978 | 2009/0259114 | 10-15-2009 | Johnson et al. | |
| | 979 | 2009/0270699 | 10-29-2009 | Scholler et al. | |
| | 980 | 2009/0275813 | 11-05-2009 | Davis | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

***Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

$T^1$ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 36 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 981 | 2009/0275844 | 11-05-2009 | Al-Ali | |
| | 982 | 2009/0306487 | 12-10-2009 | Crowe et al. | |
| | 983 | 2010/0004518 | 01-07-2010 | Vo et al. | |
| | 984 | 2010/0030040 | 02-04-2010 | Poeze et al. | |
| | 985 | 2010/0030043 | 02-04-2010 | Kuhn | |
| | 986 | 2010/0113948 | 05-06-2010 | Yang et al. | |
| | 987 | 2010/0130841 | 05-27-2010 | Ozawa et al. | |
| | 988 | 2010/0210925 | 08-19-2010 | Holley et al. | |
| | 989 | 2010/0305416 | 12-02-2010 | Bedard et al. | |
| | 990 | 2011/0001605 | 01-06-2011 | Kiani et al. | |
| | 991 | 2011/0004079 | 01-06-2011 | Al-Ali et al. | |
| | 992 | 2011/0004106 | 01-06-2011 | Iwamiya et al. | |
| | 993 | 2011/0082711 | 04-07-2011 | Poeze et al. | |
| | 994 | 2011/0085721 | 04-14-2011 | Guyon et al. | |
| | 995 | 2011/0105854 | 05-05-2011 | Kiani et al. | |
| | 996 | 2011/0105865 | 05-05-2011 | Yu et al. | |
| | 997 | 2012/0165629 | 06-28-2012 | Merritt et al. | |
| | 998 | 2011/0208015 | 08-25-2011 | Welch et al. | |
| | 999 | 2011/0213212 | 09-01-2011 | Al-Ali | |
| | 1000 | 2011/0230733 | 09-22-2011 | Al-Ali | |
| | 1001 | 2011/0237911 | 09-29-2011 | Lamego et al. | |
| | 1002 | 2011/0245697 | 10-06-2011 | Miettinen | |
| | 1003 | 2012/0059267 | 03-08-2012 | Lamego et al. | |
| | 1004 | 2012/0150052 | 06-04-2012 | Buchheim et al. | |
| | 1005 | 2012/0179006 | 07-12-2012 | Jansen et al. | |
| | 1006 | 2012/0197093 | 08-02-2012 | LeBoeuf et al. | |
| | 1007 | 2012/0197137 | 08-02-2012 | Jeanne et al. | |
| | 1008 | 2012/0209084 | 08-16-2012 | Olsen et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/829536 |
|---|---|---|---|
| | | Filing Date | March 25, 2020 |
| | | First Named Inventor | Jeroen Poeze |
| | | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 37 OF 60 | | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example: 1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1009** | 2012/0227739 | 09-13-2012 | Kiani | |
| | **1010** | 2012/0283524 | 11-08-2012 | Kiani et al. | |
| | **1011** | 2012/0296178 | 11-22-2012 | Lamego et al. | |
| | **1012** | 2012/0319816 | 12-20-2012 | Al-Ali | |
| | **1013** | 2012/0330112 | 12-27-2012 | Lamego et al. | |
| | **1014** | 2013/0018233 | 01-17-2013 | Cinbis et al. | |
| | **1015** | 2013/0023775 | 01-24-2013 | Lamego et al. | |
| | **1016** | 2013/0041591 | 02-14-2013 | Lamego | |
| | **1017** | 2013/0045685 | 02-21-2013 | Kiani | |
| | **1018** | 2013/0046204 | 02-21-2013 | Lamego et al. | |
| | **1019** | 2013/0060147 | 03-07-2013 | Welch et al. | |
| | **1020** | 2013/0085346 | 04-04-2013 | Lin et al. | |
| | **1021** | 2013/0096405 | 04-18-2013 | Garfio | |
| | **1022** | 2013/0096936 | 04-18-2013 | Sampath et al. | |
| | **1023** | 2013/0131474 | 05-23-2013 | Gu et al. | |
| | **1024** | 2013/0190581 | 07-25-2013 | Al-Ali et al. | |
| | **1025** | 2013/0197328 | 08-01-2013 | Diab et al. | |
| | **1026** | 2013/0204112 | 08-08-2013 | White et al. | |
| | **1027** | 2013/0211214 | 08-15-2013 | Olsen | |
| | **1028** | 2013/0243021 | 09-19-2013 | Siskavich | |
| | **1029** | 2013/0296672 | 11-07-2013 | O'Neil et al. | |
| | **1030** | 2013/0324808 | 12-05-2013 | Al-Ali et al. | |
| | **1031** | 2013/0331670 | 12-12-2013 | Kiani | |
| | **1032** | 2013/0338461 | 12-19-2013 | Lamego et al. | |
| | **1033** | 2014/0012100 | 01-09-2014 | Al-Ali et al. | |
| | **1034** | 2014/0034353 | 02-06-2014 | Al-Ali et al. | |
| | **1035** | 2014/0051953 | 02-20-2014 | Lamego et al. | |
| | **1036** | 2014/0051955 | 02-20-2014 | Tiao et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

$T^1$ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 38 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1037** | 2014/0058230 | 02-27-2014 | Abdul-Hafiz et al. | |
| | **1038** | 2014/0073887 | 03-13-2014 | Petersen et al. | |
| | **1039** | 2014/0073960 | 03-13-2014 | Rodriguez-Llorente et al. | |
| | **1040** | 2014/0077956 | 03-20-2014 | Sampath et al. | |
| | **1041** | 2014/0081100 | 03-20-2014 | Muhsin et al. | |
| | **1042** | 2014/0081175 | 03-20-2014 | Telfort | |
| | **1043** | 2014/0094667 | 04-03-2014 | Schurman et al. | |
| | **1044** | 2014/0100434 | 04-10-2014 | Diab et al. | |
| | **1045** | 2014/0107493 | 04-17-2014 | Yuen et al. | |
| | **1046** | 2014/0114199 | 04-24-2014 | Lamego et al. | |
| | **1047** | 2014/0120564 | 05-01-2014 | Workman et al. | |
| | **1048** | 2014/0121482 | 05-01-2014 | Merritt et al. | |
| | **1049** | 2014/0121483 | 05-01-2014 | Kiani | |
| | **1050** | 2014/0127137 | 05-08-2014 | Bellott et al. | |
| | **1051** | 2014/0129702 | 05-08-2014 | Lamego et al. | |
| | **1052** | 2014/0135588 | 05-15-2014 | Al-Ali et al. | |
| | **1053** | 2014/0142401 | 05-22-2014 | Al-Ali et al. | |
| | **1054** | 2014/0163344 | 06-12-2014 | Al-Ali | |
| | **1055** | 2014/0163402 | 06-12-2014 | Lamego et al. | |
| | **1056** | 2014/0166076 | 06-19-2014 | Kiani et al. | |
| | **1057** | 2014/0171146 | 06-19-2014 | Ma et al. | |
| | **1058** | 2014/0171763 | 06-19-2014 | Diab | |
| | **1059** | 2014/0180154 | 06-26-2014 | Sierra et al. | |
| | **1060** | 2014/0180160 | 06-26-2014 | Brown et al. | |
| | **1061** | 2014/0187973 | 07-03-2014 | Brown et al. | |
| | **1062** | 2014/0192177 | 07-10-2014 | Bartula et al. | |
| | **1063** | 2014/0194709 | 07-10-2014 | Al-Ali et al. | |
| | **1064** | 2014/0194711 | 07-10-2014 | Al-Ali | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*****Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 39 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:   1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1065** | 2014/0194766 | 07-10-2014 | Al-Ali et al. | |
| | **1066** | 2014/0206954 | 07-24-2014 | Yuen et al. | |
| | **1067** | 2014/0206963 | 07-24-2014 | Al-Ali | |
| | **1068** | 2014/0213864 | 07-31-2014 | Abdul-Hafiz et al. | |
| | **1069** | 2014/0221854 | 08-07-2014 | Wai | |
| | **1070** | 2014/0243627 | 08-28-2014 | Diab et al. | |
| | **1071** | 2014/0266790 | 09-18-2014 | Al-Ali et al. | |
| | **1072** | 2014/0275808 | 09-18-2014 | Poeze et al. | |
| | **1073** | 2014/0275871 | 09-18-2014 | Lamego et al. | |
| | **1074** | 2014/0275872 | 09-18-2014 | Merritt et al. | |
| | **1075** | 2014/0275881 | 09-18-2014 | Lamego et al. | |
| | **1076** | 2014/0276013 | 09-18-2014 | Muehlemann et al. | |
| | **1077** | 2014/0276116 | 09-18-2014 | Takahashi et al. | |
| | **1078** | 2014/0288400 | 09-25-2014 | Diab et al. | |
| | **1079** | 2014/0296664 | 10-27-2014 | Bruinsma et al. | |
| | **1080** | 2014/0303520 | 10-09-2014 | Telfort et al. | |
| | **1081** | 2014/0316217 | 10-23-2014 | Purdon et al. | |
| | **1082** | 2014/0316218 | 10-23-2014 | Purdon et al. | |
| | **1083** | 2014/0316228 | 10-23-2014 | Blank et al. | |
| | **1084** | 2014/0323825 | 10-30-2014 | Al-Ali et al. | |
| | **1085** | 2014/0323897 | 10-30-2014 | Brown et al. | |
| | **1086** | 2014/0323898 | 10-30-2014 | Purdon et al. | |
| | **1087** | 2014/0330098 | 11-06-2014 | Merritt et al. | |
| | **1088** | 2014/0330099 | 11-06-2014 | Al-Ali et al. | |
| | **1089** | 2014/0333440 | 11-13-2014 | Kiani | |
| | **1090** | 2014/0336481 | 11-13-2014 | Shakespeare et al. | |
| | **1091** | 2014/0343436 | 11-20-2014 | Kiani | |
| | **1092** | 2014/0357966 | 12-04-2014 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:**  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| Application No. | 16/829536 | |
| Filing Date | March 25, 2020 | |
| First Named Inventor | Jeroen Poeze | |
| Art Unit | 3791 | |
| Examiner | Unassigned | |

*(Multiple sheets used when necessary)*

SHEET 40 OF 60

Attorney Docket No. MASCER.002C20

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1093** | 2014/0361147 | 12-11-2014 | Fei | |
| | **1094** | 2014/0378844 | 12-25-2014 | Fei | |
| | **1095** | 2015/0005600 | 01-01-2015 | Blank et al. | |
| | **1096** | 2015/0011907 | 01-08-2015 | Purdon et al. | |
| | **1097** | 2015/0018650 | 01-15-2015 | Al-Ali et al. | |
| | **1098** | 2015/0032029 | 01-29-2015 | Al-Ali et al. | |
| | **1099** | 2015/0065889 | 03-05-2015 | Gandelman et al. | |
| | **1100** | 2015/0073235 | 03-12-2015 | Kateraas et al. | |
| | **1101** | 2015/0080754 | 03-19-2015 | Purdon et al. | |
| | **1102** | 2015/0087936 | 03-26-2015 | Al-Ali et al. | |
| | **1103** | 2015/0094546 | 04-02-2015 | Al-Ali | |
| | **1104** | 2015/0099950 | 04-09-2015 | Al-Ali et al. | |
| | **1105** | 2015/0101844 | 04-16-2015 | Al-Ali et al. | |
| | **1106** | 2015/0106121 | 04-16-2015 | Muhsin et al. | |
| | **1107** | 2015/0119725 | 04-30-2015 | Martin et al. | |
| | **1108** | 2015/0173671 | 06-25-2015 | Paalasmaa et al. | |
| | **1109** | 2015/0196249 | 07-16-2015 | Brown et al. | |
| | **1110** | 2015/0216459 | 08-06-2015 | Al-Ali et al. | |
| | **1111** | 2015/0255001 | 09-10-2015 | Haughav et al. | |
| | **1112** | 2015/0257689 | 09-17-2015 | Al-Ali et al. | |
| | **1113** | 2015/0281424 | 10-01-2015 | Vock et al. | |
| | **1114** | 2015/0318100 | 11-05-2015 | Rothkopf et al. | |
| | **1115** | 2015/0351697 | 11-05-2015 | Weber et al. | |
| | **1116** | 2015/0351704 | 12-20-2015 | Kiani et al. | |
| | **1117** | 2015/0366472 | 12-24-2015 | Kiani | |
| | **1118** | 2015/0366507 | 12-24-2015 | Blank | |
| | **1119** | 2015/0374298 | 12-31-2015 | Al-Ali et al. | |
| | **1120** | 2015/0380875 | 12-31-2015 | Coverston et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 41 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1121** | 2016/0000362 | 01-07-2016 | Diab et al. | |
| | **1122** | 2016/0007930 | 01-14-2016 | Weber et al. | |
| | **1123** | 2016/0019360 | 01-21-2016 | Pahwa et al. | |
| | **1124** | 2016/0022160 | 01-28-2016 | Pi et al. | |
| | **1125** | 2016/0023245 | 01-28-2016 | Zadesky et al. | |
| | **1126** | 2016/0029932 | 02-04-2016 | Al-Ali | |
| | **1127** | 2016/0029933 | 02-04-2016 | Al-Ali et al. | |
| | **1128** | 2016/0038045 | 02-11-2016 | Shapiro | |
| | **1129** | 2016/0041531 | 02-11-2016 | Mackie et al. | |
| | **1130** | 2016/0045118 | 02-18-2016 | Kiani | |
| | **1131** | 2016/0051157 | 02-25-2016 | Waydo | |
| | **1132** | 2016/0051158 | 02-25-2016 | Silva | |
| | **1133** | 2016/0051205 | 02-25-2016 | Al-Ali et al. | |
| | **1134** | 2016/0058302 | 03-03-2016 | Raghuram et al. | |
| | **1135** | 2016/0058309 | 03-03-2016 | Han | |
| | **1136** | 2016/0058310 | 03-03-2016 | Iijima | |
| | **1137** | 2016/0058312 | 03-03-2016 | Han et al. | |
| | **1138** | 2016/0058338 | 03-03-2016 | Schurman et al. | |
| | **1139** | 2016/0058356 | 03-03-2016 | Raghuram et al. | |
| | **1140** | 2016/0058370 | 03-03-2016 | Raghuram et al. | |
| | **1141** | 2016/0066823 | 03-10-2016 | Al-Ali et al. | |
| | **1142** | 2016/0066824 | 03-10-2016 | Al-Ali et al. | |
| | **1143** | 2016/0066879 | 03-10-2016 | Telfort et al. | |
| | **1144** | 2016/0071392 | 03-10-2016 | Hankey et al. | |
| | **1145** | 2016/0072429 | 03-10-2016 | Kiani et al. | |
| | **1146** | 2016/0073967 | 03-17-2016 | Lamego et al. | |
| | **1147** | 2016/0106367 | 04-21-2016 | Jorov et al. | |
| | **1148** | 2016/0113527 | 04-28-2016 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 42 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>*Number - Kind Code (if known)*<br>Example:   1,234,567 B1 | Publication Date<br>MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1149** | 2016/0143548 | 05-26-2016 | Al-Ali | |
| | **1150** | 2016/0154950 | 06-02-2016 | Nakajima et al. | |
| | **1151** | 2016/0157780 | 06-09-2016 | Rimminen et al. | |
| | **1152** | 2016/0166210 | 06-16-2016 | Al-Ali | |
| | **1153** | 2016/0192869 | 07-07-2016 | Kiani et al. | |
| | **1154** | 2016/0196388 | 07-07-2016 | Lamego | |
| | **1155** | 2016/0197436 | 07-07-2016 | Barker et al. | |
| | **1156** | 2016/0213281 | 07-28-2016 | Eckerbom, et al. | |
| | **1157** | 2016/0213309 | 07-28-2016 | Sannholm et al. | |
| | **1158** | 2016/0256058 | 09-08-2016 | Pham et al. | |
| | **1159** | 2016/0256082 | 09-08-2016 | Ely et al. | |
| | **1160** | 2016/0267238 | 09-15-2016 | Nag | |
| | **1161** | 2016/0270735 | 09-22-2016 | Diab et al. | |
| | **1162** | 2016/0283665 | 09-29-2016 | Sampath et al. | |
| | **1163** | 2016/0287107 | 10-06-2016 | Szabados et al. | |
| | **1164** | 2016/0287181 | 10-06-2016 | Han et al. | |
| | **1165** | 2016/0287786 | 10-06-2016 | Kiani | |
| | **1166** | 2016/0296173 | 10-13-2016 | Culbert | |
| | **1167** | 2016/0296174 | 10-13-2016 | Isikman et al. | |
| | **1168** | 2016/0310027 | 10-27-2016 | Han | |
| | **1169** | 2016/0314260 | 10-27-2016 | Kiani | |
| | **1170** | 2016/0327984 | 11-10-2016 | Al-Ali et al. | |
| | **1171** | 2016/0367173 | 12-22-2016 | Dalvi et al. | |
| | **1172** | 2016/0378069 | 12-29-2016 | Rothkopf | |
| | **1173** | 2016/0378071 | 12-29-2016 | Rothkopf | |
| | **1174** | 2017/0007183 | 01-12-2017 | Dusan et al. | |
| | **1175** | 2017/0010858 | 01-12-2017 | Prest et al. | |
| | **1176** | 2017/0014083 | 01-19-2017 | Diab et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 43 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1177** | 2017/0024748 | 01-26-2017 | Haider | |
| | **1178** | 2017/0042488 | 02-16-2017 | Muhsin | |
| | **1179** | 2017/0055896 | 03-02-2017 | Al-Ali et al. | |
| | **1180** | 2017/0074897 | 03-16-2017 | Mermel et al. | |
| | **1181** | 2017/0084133 | 03-23-2017 | Cardinali et al. | |
| | **1182** | 2017/0086689 | 03-30-2017 | Shui et al. | |
| | **1183** | 2017/0086742 | 03-30-2017 | Harrison-Noonan et al. | |
| | **1184** | 2017/0086743 | 03-30-2017 | Bushnell et al. | |
| | **1185** | 2017/0094450 | 03-30-2017 | Tu et al. | |
| | **1186** | 2017/0143281 | 05-25-2017 | Olsen | |
| | **1187** | 2017/0147774 | 05-25-2017 | Kiani | |
| | **1188** | 2017/0164884 | 06-15-2017 | Culbert et al. | |
| | **1189** | 2017/0172435 | 06-22-2017 | Presura | |
| | **1190** | 2017/0172476 | 06-22-2017 | Schilthuizen | |
| | **1191** | 2017/0173632 | 06-22-2017 | Al-Ali | |
| | **1192** | 2017/0196464 | 07-13-2017 | Jansen et al. | |
| | **1193** | 2017/0196470 | 07-13-2017 | Lamego et al. | |
| | **1194** | 2017/0202505 | 07-20-2017 | Kirenko et al. | |
| | **1195** | 2017/0209095 | 07-27-2017 | Wagner et al. | |
| | **1196** | 2017/0228516 | 08-10-2017 | Sampath et al. | |
| | **1197** | 2017/0245790 | 08-31-2017 | Al-Ali et al. | |
| | **1198** | 2017/0248446 | 08-31-2017 | Gowreesunker et al. | |
| | **1199** | 2017/0251974 | 09-07-2017 | Shreim et al. | |
| | **1200** | 2017/0273619 | 09-28-2017 | Alvarado et al. | |
| | **1201** | 2017/0281024 | 10-05-2017 | Narasimhan et al. | |
| | **1202** | 2017/0293727 | 10-12-2017 | Klaassen et al. | |
| | **1203** | 2017/0311891 | 11-02-2017 | Kiani et al. | |
| | **1204** | 2017/0325698 | 11-16-2017 | Allec et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 44 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1205** | 2017/0325744 | 11-16-2017 | Allec et al. | |
| | **1206** | 2017/0340209 | 11-30-2017 | Klaassen et al. | |
| | **1207** | 2017/0340219 | 11-30-2017 | Sullivan et al. | |
| | **1208** | 2017/0340293 | 11-30-2017 | Al-Ali et al. | |
| | **1209** | 2017/0347885 | 12-07-2017 | Tan et al. | |
| | **1210** | 2017/0354332 | 12-14-2017 | Lamego | |
| | **1211** | 2017/0354795 | 12-14-2017 | Blahnik et al. | |
| | **1212** | 2017/0358239 | 12-14-2017 | Arney et al. | |
| | **1213** | 2017/0358240 | 12-14-2017 | Blahnik et al. | |
| | **1214** | 2017/0358242 | 12-14-2017 | Thompson et al. | |
| | **1215** | 2017/0360306 | 12-14-2017 | Narasimhan et al. | |
| | **1216** | 2017/0366657 | 12-21-2017 | Thompson et al. | |
| | **1217** | 2018/0008146 | 01-11-2018 | Al-Ali et al. | |
| | **1218** | 2018/0014781 | 01-18-2018 | Clavelle et al. | |
| | **1219** | 2018/0025287 | 01-25-2018 | Mathew et al. | |
| | **1220** | 2018/0042556 | 02-15-2018 | Shahparnia et al. | |
| | **1221** | 2018/0049694 | 02-22-2018 | Singh Alvarado et al. | |
| | **1222** | 2018/0050235 | 02-22-2018 | Tan et al. | |
| | **1223** | 2018/0055375 | 03-01-2018 | Martinez et al. | |
| | **1224** | 2018/0055390 | 03-01-2018 | Kiani | |
| | **1225** | 2018/0055439 | 03-01-2018 | Pham et al. | |
| | **1226** | 2018/0056129 | 03-01-2018 | Narasimha Rao et al. | |
| | **1227** | 2018/0064381 | 03-08-2018 | Shakespeare et al. | |
| | **1228** | 2018/0070867 | 03-15-2018 | Smith et al. | |
| | **1229** | 2018/0078151 | 03-22-2018 | Allec et al. | |
| | **1230** | 2018/0078182 | 03-22-2018 | Chen et al. | |
| | **1231** | 2018/0082767 | 03-22-2018 | Al-Ali et al. | |
| | **1232** | 2018/0085068 | 03-29-2018 | Telfort | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*****Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | |
|---|---|---|---|
| | Application No. | 16/829536 | |
| | Filing Date | March 25, 2020 | |
| | First Named Inventor | Jeroen Poeze | |
| | Art Unit | 3791 | |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned | |
| SHEET 45 OF 60 | Attorney Docket No. | MASCER.002C20 | |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1233** | 2018/0087937 | 03-29-2018 | Al-Ali et al. | |
| | **1234** | 2018/0103874 | 04-19-2018 | Lee et al. | |
| | **1235** | 2018/0103905 | 04-19-2018 | Kiani | |
| | **1236** | 2018/0110469 | 04-26-2018 | Maani et al. | |
| | **1237** | 2018/0125368 | 05-10-2018 | Lamego et al. | |
| | **1238** | 2018/0125430 | 05-10-2018 | Al-Ali et al. | |
| | **1239** | 2018/0132769 | 05-17-2018 | Weber et al. | |
| | **1240** | 2018/0146901 | 05-31-2018 | Al-Ali et al. | |
| | **1241** | 2018/0146902 | 05-31-2018 | Kiani et al. | |
| | **1242** | 2018/0153418 | 06-07-2018 | Sullivan et al. | |
| | **1243** | 2018/0153442 | 06-07-2018 | Eckerbom, et al. | |
| | **1244** | 2018/0153446 | 06-07-2018 | Kiani | |
| | **1245** | 2018/0153448 | 06-07-2018 | Weber et al. | |
| | **1246** | 2018/0164853 | 06-14-2018 | Myers et al. | |
| | **1247** | 2018/0168491 | 06-21-2018 | Al-Ali et al. | |
| | **1248** | 2018/0184917 | 07-05-2018 | Kiani | |
| | **1249** | 2018/0192924 | 07-12-2018 | Al-Ali | |
| | **1250** | 2018/0192953 | 07-12-2018 | Shreim et al. | |
| | **1251** | 2018/0196514 | 07-12-2018 | Allec et al. | |
| | **1252** | 2018/0199871 | 07-19-2018 | Pauley et al. | |
| | **1253** | 2018/0206795 | 07-26-2018 | Al-Ali | |
| | **1254** | 2018/0206815 | 07-26-2018 | Telfort | |
| | **1255** | 2018/0213583 | 07-26-2018 | Al-Ali | |
| | **1256** | 2018/0214090 | 08-02-2018 | Al-Ali et al. | |
| | **1257** | 2018/0218792 | 08-02-2018 | Muhsin et al. | |
| | **1258** | 2018/0225960 | 08-09-2018 | Al-Ali et al. | |
| | **1259** | 2018/0228414 | 08-16-2018 | Shao et al. | |
| | **1260** | 2018/0238718 | 08-23-2018 | Dalvi | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| Application No. | 16/829536 |
| Filing Date | March 25, 2020 |
| First Named Inventor | Jeroen Poeze |
| Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 46 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1261** | 2018/0238734 | 08-23-2018 | Hotelling et al. | |
| | **1262** | 2018/0242853 | 08-30-2018 | Al-Ali | |
| | **1263** | 2018/0242923 | 08-30-2018 | Al-Ali et al. | |
| | **1264** | 2018/0242926 | 08-30-2018 | Muhsin et al. | |
| | **1265** | 2018/0247353 | 08-30-2018 | Al-Ali et al. | |
| | **1266** | 2018/0247712 | 08-30-2018 | Muhsin et al. | |
| | **1267** | 2018/0256087 | 09-13-2018 | Al-Ali et al. | |
| | **1268** | 2018/0279956 | 10-04-2018 | Waydo et al. | |
| | **1269** | 2018/0285094 | 10-04-2018 | Housel et al. | |
| | **1270** | 2018/0296161 | 10-18-2018 | Shreim et al. | |
| | **1271** | 2018/0300919 | 10-18-2018 | Muhsin et al. | |
| | **1272** | 2018/0310822 | 11-01-2018 | Indorf et al. | |
| | **1273** | 2018/0310823 | 11-01-2018 | Al-Ali et al. | |
| | **1274** | 2018/0317826 | 11-08-2018 | Muhsin | |
| | **1275** | 2018/0317841 | 11-08-2018 | Novak, Jr. | |
| | **1276** | 2018/0333055 | 11-22-2018 | Lamego et al. | |
| | **1277** | 2018/0333087 | 11-22-2019 | Al-Ali | |
| | **1278** | 2019/0000317 | 01-03-2019 | Muhsin et al. | |
| | **1279** | 2019/0015023 | 01-17-2019 | Monfre | |
| | **1280** | 2019/0029574 | 01-31-2019 | Schurman et al. | |
| | **1281** | 2019/0029578 | 01-31-2019 | Al-Ali et al. | |
| | **1282** | 2019/0058280 | 02-21-2019 | Al-Ali et al. | |
| | **1283** | 2019/0069813 | 03-07-2019 | Al-Ali | |
| | **1284** | 2019/0076028 | 03-14-2019 | Al-Ali et al. | |
| | **1285** | 2019/0082979 | 03-21-2019 | Al-Ali et al. | |
| | **1286** | 2019/0090760 | 03-28-2019 | Kinast et al. | |
| | **1287** | 2019/0090764 | 03-28-2019 | Al-Ali | |
| | **1288** | 2019/0117070 | 04-25-2019 | Muhsin et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 47 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1289** | 2019/0117139 | 04-25-2019 | Al-Ali et al. | |
| | **1290** | 2019/0117141 | 04-25-2019 | Al-Ali | |
| | **1291** | 2019/0117930 | 04-25-2019 | Al-Ali | |
| | **1292** | 2019/0122763 | 04-25-2019 | Sampath et al. | |
| | **1293** | 2019/0133525 | 05-09-2019 | Al-Ali et al. | |
| | **1294** | 2019/0142283 | 05-16-2019 | Lamego et al. | |
| | **1295** | 2019/0142344 | 05-16-2019 | Telfort et al. | |
| | **1296** | 2019/0150856 | 05-23-2019 | Kiani et al. | |
| | **1297** | 2019/0167161 | 06-06-2019 | Al-Ali et al. | |
| | **1298** | 2019/0175019 | 06-13-2019 | Al-Ali et al. | |
| | **1299** | 2019/0192076 | 06-27-2010 | McHale et al. | |
| | **1300** | 2019/0200941 | 07-04-2019 | Chandran et al. | |
| | **1301** | 2019/0201623 | 07-04-2019 | Kiani | |
| | **1302** | 2019/0214778 | 07-11-2019 | Scruggs et al. | |
| | **1303** | 2019/0209025 | 07-11-2019 | Al-Ali | |
| | **1304** | 2019/0216319 | 07-18-2019 | Poeze et al. | |
| | **1305** | 2018/0216370 | 08-02-2018 | Ishiguro et al. | |
| | **1306** | 2019/0216379 | 07-18-2019 | Al-Ali et al. | |
| | **1307** | 2019/0221966 | 07-18-2019 | Kiani et al. | |
| | **1308** | 2019/0223804 | 07-25-2019 | Blank et al | |
| | **1309** | 2019/0231199 | 08-01-2019 | Al-Ali et al. | |
| | **1310** | 2019/0231241 | 08-01-2019 | Al-Ali et al. | |
| | **1311** | 2019/0231270 | 08-01-2019 | Abdul-Hafiz et al. | |
| | **1312** | 2019/0239787 | 08-08-2019 | Pauley et al. | |
| | **1313** | 2019/0239824 | 08-08-2019 | Muhsin et al. | |
| | **1314** | 2019/0254578 | 08-22-2019 | Lamego | |
| | **1315** | 2019/0261857 | 08-29-2019 | Al-Ali | |
| | **1316** | 2019/0269370 | 09-05-2019 | Al-Ali et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:**  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T¹** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 48 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example:  1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1317** | 2019/0274627 | 09-12-2019 | Al-Ali et al. | |
| | **1318** | 2019/0274635 | 09-12-2019 | Al-Ali et al. | |
| | **1319** | 2019/0290136 | 09-26-2019 | Dalvi et al. | |
| | **1320** | 2019/0298270 | 10-03-2019 | Al-Ali et al. | |
| | **1321** | 2019/0304601 | 10-03-2019 | Sampath et al. | |
| | **1322** | 2019/0304605 | 10-03-2019 | Al-Ali | |
| | **1323** | 2019/0307377 | 10-10-2019 | Perea et al. | |
| | **1324** | 2019/0320906 | 10-24-2019 | Olsen | |
| | **1325** | 2019/0320959 | 10-24-2019 | Al-Ali | |
| | **1326** | 2019/0320988 | 10-24-2019 | Ahmed et al. | |
| | **1327** | 2019/0325722 | 10-24-2019 | Kiani et al. | |
| | **1328** | 2019/0350506 | 11-21-2019 | Al-Ali | |
| | **1329** | 2019/0357813 | 11-28-2019 | Poeze et al. | |
| | **1330** | 2019/0357823 | 11-28-2019 | Reichgott et al. | |
| | **1331** | 2019/0357824 | 11-28-2019 | Al-Ali | |
| | **1332** | 2019/0358524 | 11-28-2019 | Kiani | |
| | **1333** | 2019/0365294 | 12-05-2019 | Poeze et al. | |
| | **1334** | 2019/0374139 | 12-12-2019 | Kiani et al. | |
| | **1335** | 2019/0374173 | 12-12-2019 | Kiani et al. | |
| | **1336** | 2019/0374713 | 12-12-2019 | Kiani et al. | |
| | **1337** | 2019/0386908 | 12-19-2019 | Lamego et al. | |
| | **1338** | 2019/0388039 | 12-26-2019 | Al-Ali | |
| | **1339** | 2020/0000338 | 01-02-2020 | Lamego et al. | |
| | **1340** | 2020/0000415 | 01-02-2020 | Barker et al. | |
| | **1341** | 2020/0015716 | 01-16-2020 | Poeze et al. | |
| | **1342** | 2020/0021930 | 01-16-2020 | Iswanto et al. | |
| | **1343** | 2020/0037453 | 01-30-1930 | Triman et al. | |
| | **1344** | 2020/0037891 | 02-06-2020 | Kiani et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 49 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1345** | 2020/0037966 | 02-06-2020 | Al-Ali | |
| | **1346** | 2020/0046257 | 02-13-2020 | Eckerbom, et al. | |
| | **1347** | 2020/0054253 | 02-20-2020 | Al-Ali et al. | |
| | **1348** | 2020/0060591 | 02-27-2020 | Diab et al. | |
| | **1349** | 2020/0060628 | 02-27-2020 | Al-Ali et al. | |
| | **1350** | 2020/0060629 | 02-27-2020 | Muhsin et al. | |
| | **1351** | 2020/0060869 | 02-27-2020 | Telfort et al. | |
| | **1352** | 2020/0074819 | 03-05-2020 | Muhsin et al. | |
| | **1353** | D326,715 | 06-02-1992 | Schmidt, Michael | |
| | **1354** | D353,195 | 12-06-1994 | Savage et al. | |
| | **1355** | D353,196 | 12-06-1994 | Savage et al. | |
| | **1356** | D356,870 | 03-28-1995 | Ivers et al. | |
| | **1357** | D359,546 | 06-20-1995 | Savage, et al. | |
| | **1358** | D361,840 | 08-29-1995 | Savage et al. | |
| | **1359** | D362,063 | 09-05-1995 | Savage et al. | |
| | **1360** | D363,120 | 10-10-1995 | Savage et al. | |
| | **1361** | D378,414 | 03-11-1997 | Allen et al. | |
| | **1362** | D390,666 | 02-01-1998 | Lagerlof, Ingemar | |
| | **1363** | D393,830 | 04-28-1998 | Tobler et al. | |
| | **1364** | D403,070 | 12-22-1998 | Maeda et al. | |
| | **1365** | D414,870 | 10-05-1999 | Saltzstein et al. | |
| | **1366** | D452,012 | 12-11-2001 | Phillips, Barney L. | |
| | **1367** | D455,834 | 04-16-2002 | Donars et al. | |
| | **1368** | D463,561 | 09-24-2002 | Fukatsu et al. | |
| | **1369** | D481,459 | 10-28-2003 | Nahm, Werner | |
| | **1370** | D502,655 | 03-08-2005 | Huang, Chun-Mu | |
| | **1371** | D508,862 | 08-30-2005 | Behar et al. | |
| | **1372** | D510,625 | 10-11-2005 | Widener et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T**[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|

| | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 50 OF 60 | Attorney Docket No. | MASCER.002C20 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1373 | D514,461 | 02-07-2006 | Harju, Jonne | |
| | 1374 | D535,031 | 01-09-2007 | Barrett et al. | |
| | 1375 | D537,164 | 02-20-2007 | Shigemori et al. | |
| | 1376 | D547,454 | 07-24-2007 | Hsieh, Chin-Chih | |
| | 1377 | D549,830 | 08-28-2007 | Behar et al. | |
| | 1378 | D550,364 | 09-04-2007 | Glover et al. | |
| | 1379 | D551,350 | 09-18-2007 | Lorimer et al. | |
| | 1380 | D553,248 | 10-16-2007 | Nguyen | |
| | 1381 | D554,263 | 10-30-2007 | Al-Ali | |
| | 1382 | D562,985 | 02-26-2008 | Brefka et al. | |
| | 1383 | D566,282 | 04-08-2008 | Al-Ali et al. | |
| | 1384 | D567,125 | 04-22-2008 | Okabe et al. | |
| | 1385 | D569,001 | 05-13-2008 | Omaki | |
| | 1386 | D569,521 | 05-20-2008 | Omaki | |
| | 1387 | D587,657 | 03-03-2009 | Al-Ali et al. | |
| | 1388 | D603,966 | 11-10-2009 | Jones et al. | |
| | 1389 | D606,659 | 12-22-2009 | Kiani et al. | |
| | 1390 | D609,193 | 02-02-2010 | Al-Ali et al. | |
| | 1391 | D614,305 | 04-20-2010 | Al-Ali et al. | |
| | 1392 | D621,516 | 08-10-2010 | Kiani et al. | |
| | 1393 | D692,145 | 10-22-2013 | Al-Ali et al. | |
| | 1394 | D755,392 | 05-03-2016 | Hwang et al. | |
| | 1395 | D788,312 | 05-30-2017 | Al-Ali et al. | |
| | 1396 | D820,865 | 06-19-2018 | Muhsin et al. | |
| | 1397 | D822,215 | 07-03-2018 | Al-Ali et al. | |
| | 1398 | D822,216 | 07-03-2018 | Barker et al. | |
| | 1399 | D833,624 | 11-13-2018 | DeJong et al. | |
| | 1400 | D835,282 | 12-04-2018 | Barker et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 51 OF 60 | Attorney Docket No. | MASCER.002C20 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number Number - Kind Code (if known) Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | **1401** | D835,283 | 12-04-2018 | Barker et al. | |
| | **1402** | D835,284 | 12-04-2018 | Barker et al. | |
| | **1403** | D835,285 | 12-04-2018 | Barker et al. | |
| | **1404** | D864,120 | 10-22-2019 | Forrest et al. | |
| | **1405** | RE 37,922 | 12-10-2002 | Sharan | |
| | **1406** | RE 38,476 | 03-01-2004 | Diab et al. | |
| | **1407** | RE 38,492 | 04-06-2004 | Diab et al. | |
| | **1408** | RE 39,672 | 06-05-2007 | Shehada et al. | |
| | **1409** | RE 41,317 | 05-04-2010 | Parker | |
| | **1410** | RE 41,912 | 11-02-2010 | Parker | |
| | **1411** | RE 42,753 | 09-27-2011 | Kiani-Azarbayjany et al. | |
| | **1412** | RE 43,169 | 02-07-2012 | Parker | |
| | **1413** | RE 43,860 | 12-11-2012 | Parker | |
| | **1414** | RE 44,823 | 04-01-2014 | Parker | |
| | **1415** | RE 44,875 | 04-29-2014 | Kiani et al. | |
| | **1416** | RE47,218 | 02-05-2019 | Ali-Ali | |
| | **1417** | RE47,244 | 02-19-2019 | Kiani et al. | |
| | **1418** | RE47,249 | 02-19-2019 | Kiani et al. | |
| | **1419** | RE47,353 | 04-16-2019 | Kiani et al. | |
| | **1420** | RE47,882 | 03-03-2020 | Al-Ali | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code-Number-Kind Code Example: JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | **1421** | CN 1270793 A | 10-25-2000 | Lu | | X |
| | **1422** | CN 101484065 B | 11-09-2011 | Univ Nottingham | | X |
| | **1423** | EP 419223 | 03-27-1991 | Minnesota Mining and Manufacturing Company | | |
| | **1424** | EP 0 781 527 | 07-02-1997 | Instrumentarium Oy | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

Exhibit AG
Page 497

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| (Multiple sheets used when necessary) | Examiner | Unassigned |
| SHEET 52 OF 60 | Attorney Docket No. | MASCER.002C20 |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code-Number-Kind Code Example:   JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | 1425 | EP 1 518 494 | 03-30-2005 | Hitachi, Ltd. | | |
| | 1426 | EP 2 277 440 | 01-26-2011 | Pioneer Corp | | |
| | 1427 | EP 0922432 A1 | 06-16-1999 | Seiko Epson Corp | | |
| | 1428 | EP 1526805 A1 | 05-04-2005 | Healthstats International Pte Ltd | | |
| | 1429 | EP 1860989 A1 | 12-05-2007 | Masimo Laboratories Inc | | |
| | 1430 | EP 1880666 A1 | 01-23-2008 | ETA Manufacture Horlogere Suisse SA | | X |
| | 1431 | EP 0630208 A1 | 12-28-1994 | Myllyymaeki | | |
| | 1432 | EP 0770349 A1 | 05-02-1997 | Akasaka et al. | | |
| | 1433 | EP 0880936 A2 | 12-02-1998 | Akai | | |
| | 1434 | EP 0985373 A1 | 03-15-2000 | Cvetkovic | | X |
| | 1435 | EP 1124609 B1 | 08-02-2006 | Medtronic Inc | | |
| | 1436 | EP 1875213 A2 | 01-09-2008 | Sensors for Medicine and Science Inc | | |
| | 1437 | EP 2165196 A1 | 03-24-2010 | Siliconfile Technologies Inc | | |
| | 1438 | GB 2243691 A | 11-06-1991 | Payne et al. | | |
| | 1439 | JP 08-185864 | 07-16-1996 | Matsushita Electric Ind Co Ltd | | X-Abstract |
| | 1440 | JP 2002-500908 A | 01-15-2002 | Lightouch Medical Inc. | | X-Abstract |
| | 1441 | JP 2007-389463 A | 11-08-2007 | Konica Minolta Sensing Inc. | | X-Abstract |
| | 1442 | JP 2003-265444 A | 09-24-2003 | Shimadzu Corp. | | X-Abstract |
| | 1443 | JP 11-244266 /app JP 2001-66990 /pub | 03-16-2001 | Sumitomo Bakelite Co Ltd | | X-Abstract |
| | 1444 | JP 04-158843 / app JP 05-325705 A / pub | 12-10-1993 | Fuji Porimatetsuku KK | | X-Abstract |
| | 1445 | JP 2001-087250 A | 04-03-2001 | Cas Medical Systems Inc. | | X-Abstract |
| | 1446 | JP 2006-177837 A | 07-06-2006 | Hitachi Ltd. | | X-Abstract |
| | 1447 | JP 2003-024276 A | 01-28-2003 | Pentax Corp. | | X-Abstract |
| | 1448 | JP 2008-099222 A | 04-24-2008 | Konica Minolta Holdings Inc. | | X-Abstract |
| | 1449 | JP 2006-198321 A | 08-03-2006 | Hitachi Ltd. | | X-Abstract |
| | 1450 | JP 2003-508104 A | 03-04-2003 | Quantum Vision Inc. | | X-Abstract |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Application No. | 16/829536 |
|---|---|---|---|
| | | Filing Date | March 25, 2020 |
| | | First Named Inventor | Jeroen Poeze |
| | | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | | Examiner | Unassigned |
| SHEET 53 OF 60 | | Attorney Docket No. | MASCER.002C20 |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document *Country Code-Number-Kind Code* Example:  JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | **1451** | JP 5756752 | 06-05-2015 | Masimo Laboratories, Inc. | | X-Abstract |
| | **1452** | JP 2005160641 A | 06-23-2005 | Denso Corp | | X |
| | **1453** | JP 3741147 B2 | 02-01-2006 | Denso Corp | | X |
| | **1454** | JP 3803351 B2 | 08-02-2006 | Seiko Epson Corp; Seiko Instruments Inc. | | X |
| | **1455** | JP 2007319232 A | 12-13-2007 | Toshiba Corp | | X |
| | **1456** | JPH 11235320 A | 08-31-1999 | Seiko Epson Corp | | X |
| | **1457** | JP 2004329406 A | 11-25-2004 | Iiguru Kk | | X |
| | **1458** | JP 2005270543 A | 10-06-2005 | Seiko Instruments Inc. | | X |
| | **1459** | JP 2006102164 A | 04-20-2006 | Nippon Telegraph & Telephone; NTT Advanced Tech Kk | | X |
| | **1460** | JPH 09257508 A | 10-03-1997 | Matsushita Electric Works Ltd | | X |
| | **1461** | JPH 10314133 A | 12-02-1998 | Ido | | X |
| | **1462** | JPH 1170086 A | 03-16-1999 | Atsukusu KK | | X |
| | **1463** | JP 2919326 B2 | 07-12-1999 | Corporation Miyuki | | X |
| | **1464** | KR 20070061122 A | 06-13-2007 | Korea Electronics Telecomm | | X |
| | **1465** | KR 100755079 B1 | 09-06-2007 | Samsung Electronics Co Ltd | | X |
| | **1466** | WO 1993/12712 | 07-08-1993 | Vivascan Corp | | |
| | **1467** | WO 1996/27325 | 09-12-1996 | Huch et al. | | X |
| | **1468** | WO 1999/000053 | 01-07-1999 | TOA Medical Electronics | | |
| | **1469** | WO 2000/25112 | 05-04-2000 | Rolfe | | |
| | **1470** | WO 2001/09589 | 02-08-2001 | Abbott Laboratories | | |
| | **1471** | WO 2010/003134 | 01-07-2010 | Masimo Laboratories, Inc. | | |
| | **1472** | WO 2014/149781 | 09-25-2014 | Cercacor Laboratories, Inc. | | |
| | **1473** | WO 2014/158820 | 10-02-2014 | Cercacor Laboratories, Inc. | | |
| | **1474** | WO 1999/01704 | 07-29-1999 | General Electric Company | | |
| | **1475** | WO 2007/004083 A1 | 01-11-2007 | Koninklijke Philips NV | | |
| | **1476** | WO 2006/060949 A1 | 06-15-2006 | Jang | | X-Abstract |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application No. | 16/829536 |
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 54 OF 60 | Attorney Docket No. | MASCER.002C20 |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code-Number-Kind Code Example:   JP 1234567 A1 | Publication Date MM-DD-YYYY | Name | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | 1477 | WO 2006/079862 A2 | 08-03-2006 | Santha et al. | | |
| | 1478 | WO 2006/090371 A2 | 08-31-2006 | Software Solutions Ltd | | |
| | 1479 | WO 2007/017266 A2 | 02-15-2007 | Flore Ingo | | |
| | 1480 | WO 94/23643 A1 | 10-27-1994 | Noninvasive Medical Technology Corporation | | |
| | 1481 | WO 1995/000070 A1 | 01-05-1995 | Increa Oy | | |
| | 1482 | WO 1997/009923 A1 | 03-20-1997 | Medison Co Ltd | | |
| | 1483 | WO 1999/063883 A1 | 12-16-1999 | S P O Medical Equipment Ltd | | |
| | 1484 | WO 2000/028892 A1 | 05-25-2000 | Micromedical Ind Limited | | |
| | 1485 | WO 2008/107238 A1 | 09-12-2008 | Univ Rennes; Univ Bretagne Sud | | X |
| | 1486 | CN 101564290 B | 10-28-2009 | Univ Huazhong Science Tech | | X |
| | 1487 | CN 103906468 A | 07-02-2014 | Oxitone Medical Ltd | | X |
| | 1488 | KR 20100091592 A | 08-19-2010 | Elbio Co Ltd | | X |
| | 1489 | WO 2013/030744 A1 | 03-07-2013 | Oxitone Medical Ltd | | |
| | 1490 | WO 2014/184447 A1 | 11-20-2014 | Pulseon Oy | | |
| | 1491 | WO 2006/113070 A2 | 10-26-2006 | Sensors for Med & Science Inc | | |
| | 1492 | WO 2009/001988 A1 | 12-31-2008 | Siliconfile Technologies Inc | | |
| | 1493 | WO 2009/137524 A2 | 11-12-2009 | Masimo Corp | | |
| | 1494 | WO 2011/069122 A1 | 06-09-2011 | Masimo Corp | | |
| | 1495 | WO 2013/181368 A1 | 12-05-2013 | Covidien LP | | |
| | 1496 | WO 2014/178793 A1 | 11-06-2014 | Heptagon Micro Optics Pte Ltd | | |
| | 1497 | WO 2016/066312 A1 | 05-06-2016 | AMS AG | | |
| | 1498 | WO 2013/106607 A2 | 07-18-2013 | Maxim Integrated Products, Inc. | | |
| | 1499 | WO 2014/115075 A1 | 07-31-2014 | Empatica SRL | | |
| | 1500 | WO 2014/153200 A1 | 09-25-2014 | Echo Labs Inc | | |
| | 1501 | WO 2015/187732 A1 | 12-10-2015 | Texas A&M Univ Sys | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 55 OF 60 | Attorney Docket No. | MASCER.002C20 |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T¹ |
|---|---|---|---|
| | 1502 | PCT International Search Report, App. No. PCT/US2010/047899, Date of Actual Completion of Search: 01/26/2011, 4 pages. | |
| | 1503 | International Search Report and Written Opinion for PCT/US2009/049638, mailed January 7, 2010. | |
| | 1504 | International Search Report issued in Application No. PCT/US2009/052756, mailed February 10, 2009 in 14 pages. | |
| | 1505 | International Preliminary Report on Patentability and Written Opinion of the International Searching Authority issued in Application No. PCT US2009/049638, mailed January 5, 2011 in 9 pages. | |
| | 1506 | International Preliminary Report on Patentability and Written Opinion of the International Searching Authority issued in Application No. PCT/US2009/052756, mailed February 8, 2011 in 8 pages. | |
| | 1507 | International Preliminary Report on Patentability and Written Opinion for International Application No. PCT/US2016/040190, dated January 2, 2018, in 7 pages. | |
| | 1508 | Burritt, Mary F.; Current Analytical Approaches to Measuring Blood Analytes; Vol. 36; No. 8(B); 1990 | |
| | 1509 | Hall, et al., Jeffrey W.; Near-Infrared Spectrophotometry: A New Dimension in Clinical Chemistry; Vol. 38; No. 9; 1992 | |
| | 1510 | Kuenstner, et al., J. Todd; Measurement of Hemoglobin in Unlysed Blood by Near-Infrared Spectroscopy; Vol. 48; Number 4, 1994 | |
| | 1511 | Manzke, et al., B., Multi Wavelength Pulse Oximetry in the Measurement of Hemoglobin Fractions; SPIE, Vol. 2676, April 24, 1996 | |
| | 1512 | Naumenko, E. K.; Choice of Wavelengths for Stable Determination of Concentrations of Hemoglobin Derivatives from Absorption Spectra of Erythrocytes; Vol. 63; No. 1; pp. 60-66 January – February 1996; Original article submitted November 3, 1994 | |
| | 1513 | Schmitt, Joseph M.; Simple Photon Diffusion Anaylsis of the Effects of Multiple Scattering on Pulse Oximetry; March 14, 1991; revised August 30, 1991 | |
| | 1514 | Schmitt, et al., Joseph M.; Measurement of Blood Hematocrit by Dual-Wavelength near-IR Photoplethysmography; Vol. 1641; 1992 | |
| | 1515 | Schnapp, et al., L.M.; Pulse Oximetry. Uses and Abuses.; Chest 1990; 98; 1244-1250 DOI 10.1378/Chest.98.5.1244 | |
| | 1516 | http://www.masimo.com/rainbow/pronto.htm Noninvasive & Immediate Hemoglobin Testing, printed on August 20, 2009 | |
| | 1517 | http://www.masimo.com/pulseOximeter/Rad5.htm; Signal Extraction Pulse Oximeter, printed on August 20, 2009 | |
| | 1518 | http://blogderoliveira.blogspot.com/2008_02_01_archive.html; Ricardo Oliveira, printed on August 20, 2009 | |
| | 1519 | http://www.masimo.com/rad-57/; Noninvasive Measurement of Methemoglobin, Carboxyhemoglobin and Oxyhemoglobin in the blood. Printed on August 20, 2009 | |
| | 1520 | http://amivital.ugr.es/blog/?tag+spo2; Monitorizacion de la hemoglobina...y mucho mas, printed on August 20, 2009 | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T¹ - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 56 OF 60 | Attorney Docket No. | MASCER.002C20 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
| | 1521 | http://www.masimo.com/spco/; Carboxyhemoglobin Noninvasive > Continuous > Immediate, printed on August 20, 2009 | |
| | 1522 | http://www.masimo.com/PARTNERS/WELCHALLYN.htm; Welch Allyn Expands Patient Monitor Capabilities with Masimo Pulse Oximetry Technology, printed on August 20, 2009 | |
| | 1523 | http://www.masimo.com/pulseOximeter/PPO.htm; Masimo Personal Pulse Oximeter, printed on August 20, 2009 | |
| | 1524 | http://www.masimo.com/generalFloor/system.htm; Masimo Patient SafetyNet System at a Glance, printed on August 20, 2009 | |
| | 1525 | http://www.masimo.com/partners/GRASEBY.htm; Graseby Medical Limited, printed on August 20, 2009 | |
| | 1526 | Japanese Office Action, re JP Application No. 2011-516895, mailed September 2, 2014, with translation.  (CERCA.007JP). | |
| | 1527 | Japanese Notice of Allowance, re JP Application No. 2011-516895, issued on May 12, 2015, no translation.  (CERCA/MASCER.007JP). | |
| | 1528 | European Office Action issued in application no. 10763901.5 on 01/11/2013.  (CERCA.008EP). | |
| | 1529 | European Office Action issued in application no. 10763901.5 on 08/27/2014.  (CERCA.008EP). | |
| | 1530 | European Office Action issued in application no. 10763901.5 on 08/06/2015.  (CERCA.008EP). | |
| | 1531 | European Office Action issued in Application No. 09791157.2, dated June 20, 2016. (MASCER.002EP). | |
| | 1532 | KANUKURTHY et al., "Data Acquisition Unit for an Implantable Multi-Channel Optical Glucose Sensor", Electro/Information Technology Conference, Chicago, IL, USA, May 17-20, 2007, pp. 1-6 | |
| | 1533 | KONIG et al., "Reflectance Pulse Oximetry - Principles and Obstetric Application in the Zurich System", Journal of Clinical Monitoring and Computing, Vol. 14, No. 6, August 1998, pp. 403-412. | |
| | 1534 | SMITH, "The Pursuit of Noninvasive Glucose: 'Hunting the Deceitful Turkey'", 2006 | |
| | 1535 | SMALL et al., "Data Handling Issues for Near-Infrared Glucose Measurements", http://www.ieee.org/organizations/pubs/newsletters/leos/apr98/datahandling.htm, accessed 11/27/2007 | |
| | 1536 | D. C. Zheng and Y. T. Zhang, "A ring-type device for the noninvasive measurement of arterial blood pressure," Proceedings of the 25th Annual International Conference of the IEEE Engineering in Medicine and Biology Society (IEEE Cat. No.03CH37439), 17-21 September, 2003, Cancun, pp. 3184-3187 Vol.4. | |
| | 1537 | Sokwoo Rhee *et al.*, "Artifact-Resistant Power-Efficient Design of Finger-Ring Plethysmographic Sensors," IEEE Transactions on Biomedical Engineering, July 2001, pp. 795-805, Vol. 48, No. 7. | |
| | 1538 | L. Xu *et al.*, "An integrated wrist-worn routine monitoring system for the elderly using BSN," 2008 5th International Summer School and Symposium on Medical Devices and Biosensors, Hong Kong, 2008, pp. 45-48. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 57 OF 60 | Attorney Docket No. | MASCER.002C20 |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 1539 | J Kraitl *et al.*, "An optical device to measure blood components by a photoplethysmographic method," Journal of Optics A: Pure and Applied Optics. 7, 2005, pp. S318-S324. | |
| | 1540 | K. Nakajima *et al.*, "Monitoring of heart and respiratory rates by photoplethysmography using digital filtering technique," Med. Eng. Phy. Vol. 18, No. 5, pp. 365-372, 1996. | |
| | 1541 | Russell Dresher, "Wearable Forehead Pulse Oximetry: Minimization of Motion and Pressure Artifacts," May 3, 2006, 93 pages. | |
| | 1542 | Sonnia Maria López Silva *et al.*, "Near-infrared transmittance pulse oximetry with laser diodes," Journal of Biomedical Optics Vol. 8 No. 3, July 2003, pp. 525-533. | |
| | 1543 | Fabio Buttussi *et al.*, "MOPET: A context-aware and user-adaptive wearable system for fitness training," Artificial Intelligence in Medicine 42, 2008, pp. 153-163. | |
| | 1544 | Stephen A. Mascaro *et al.*, "Photoplethysmograph Fingernail Sensors for Measuring Finger Forces Without Haptic Obstruction," IEEE Transactions on Robotics and Automation, Vol. 17, No. 5, October 2001, pp. 698-708. | |
| | 1545 | Stephen A. Mascaro *et al.*, "Measurement of Finger Posture and Three-Axis Fingertip Touch Force Using Fingernail Sensors," IEEE International Conference on Robotics and Automation, 2002, pp. 1-11. | |
| | 1546 | Akira Sakane *et al.*, "Estimating Arterial Wall Impedance using a Plethysmogram," IEEE 2003, pp. 580-585. | |
| | 1547 | Nuria Oliver *et al.*, "HealthGear: A Real-time Wearable System for Monitoring and Analyzing Physiological Signals," Proceedings of the International Workshop on Wearable and Implantable Body Sensor Networks 2006 IEEE, pp. 1-4. | |
| | 1548 | Yuan-Hsiang Lin *et al.*, "A wireless PDA-based physiological monitoring system for patient transport," IEEE Transactions on Information Technology in Biomedicine, Vol. 8, No. 4, pp. 439-447, Dec. 2004. | |
| | 1549 | R. Fensli *et al.*, "A Wireless ECG System for Continuous Event Recording and Communication to a Clinical Alarm Station," Conf Proc IEEE Eng Med Biol Soc, 2004, pp. 1-4. | |
| | 1550 | E. Higurashi *et al.*, "An integrated laser blood flowmeter," Journal of Lightwave Technology, Vol. 21, No. 3, pp. 591-595, March 2003. | |
| | 1551 | T. Kiyokura *et al.*, "Wearable Laser Blood Flowmeter for Ubiquitous Healthcare Service," 2007 IEEE/LEOS International Conference on Optical MEMS and Nanophotonics, Hualien, 2007, pp. 4-5. | |
| | 1552 | Takumi Morita *et al.*, "Integrated Blood Flowmeter Using Micromachining Technology," December 2004, pp. 77-80. | |
| | 1553 | Eiji Higurashi et al., "Hybrid integration technologies for optical micro-systems", Proc. SPIE 5604, Optomechatronic Micro/Nano Components, Devices, and Systems, 25 October 2004, pp. 67-73. | |
| | 1554 | L. Grajales *et al.*, "Wearable multisensor heart rate monitor," International Workshop on Wearable and Implantable Body Sensor Networks (BSN'06), Cambridge, MA, 2006, pp. 4-157. | |
| | 1555 | N. Townsend, "Pulse Oximetry," Medical Electronics, 2001, pp. 32-42. | |
| | 1556 | Nonin Medical, Inc., "Operator's Manual – Models 8600F0 and 8600F0M Pulse Oximeters," 2005, 25 pages. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 58 OF 60 | Attorney Docket No. | MASCER.002C20 |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 1557 | C. J. Pujary, "Investigation of Photodetector Optimization in Reducing Power Consumption by a Noninvasive Pulse Oximeter Sensor," Worcester Polytechnic Institute, January 16, 2004, 133 pages. | |
| | 1558 | B. McGarry *et al.*, "Reflections on a candidate design of the user-interface for a wireless vital-signs monitor," Proceedings of DARE 2000 on Designing Augmented Reality Environments, January 2000, pp. 33-40. | |
| | 1559 | J. C. D. Conway *et al.*, "Wearable computer as a multi-parametric monitor for physiological signals," Proceedings IEEE International Symposium on Bio-Informatics and Biomedical Engineering, Arlington, VA, USA, 2000, pp. 236-242. | |
| | 1560 | J. A. Tamada *et al.*, "Noninvasive Glucose Monitoring: Comprehensive Clinical Results," JAMA, November 17, 1999, Vol. 282, No. 19, pp.1839–1844. | |
| | 1561 | B.-H. Yang *et al.*, "Development of the ring sensor for healthcare automation," Robotics and Autonomous Systems, 2000, pp. 273-281. | |
| | 1562 | Laukkanen RM et al., "Heart Rate Monitors: State of the Art," Journal of Sports Science, January 1998, pp. S3-S7. | |
| | 1563 | S. Warren et al., "Designing Smart Health Care Technology into the Home of the Future," Workshops on Future Medical Devices: Home Care Technologies for the 21st Century, April 1999, 19 pages. | |
| | 1564 | A. C. M. Dassel *et al.*, "Reflectance Pulse Oximetry at the Forehead Improves by Pressure on the Probe," Journal of Clinical Monitoring, Vol. 11, No. 4, July 1995, pp. 237-244. | |
| | 1565 | B-H. Yang *et al.*, "A Twenty-Four Hour Tele-Nursing System Using a Ringer Sensor," Proceedings of 1998 IEEE International Conference on Robotics and Automation, May 16-20, 1998, 6 pages. | |
| | 1566 | S. Rhee *et al.*, "The Ring Sensor: a New Ambulatory Wearable Sensor for Twenty-Four Hour Patient Monitoring," Proceedings of the 20th Annual International Conference of the IEEE Engineering in Medicine and Biology Society, October 29-November 1 1998, 4 pages. | |
| | 1567 | S. Rhee *et al.*, "Design of a Artifact-Free Wearable Plethysmographic Sensor," 21st Annual International Conferemce IEEE Engineering in Medicine and Biology Society, October 13-16, 1999, p. 786. | |
| | 1568 | T. Martin *et al.*, "Issues in Wearable Computing for Medical Montioring Applications: A Case Study of a Wearable ECG Monitoring Device," In Proceedings of International Symposium of Wearable Computers (ISWC'00), February 2000, pp. 43-49. | |
| | 1569 | S. Rhee *et al.*, "Artifact-Resistant, Power Efficient Design of Finger-Ring Plethysmographic Sensors, Part I: Design and Analysis," 22nd Annual International Conference IEEE Engineering in Medicine and Biology Society, July 23-28, 2000, pp. 2792-2795. | |
| | 1570 | C. Pujary *et al.*, "Photodetector Size Considerations in the Design of a Noninvasive Reflectance Pulse Oximeter for Telemedicine Applications," Proceedings of IEEE Annual Northeast Bioengineering Conference, 2003, pp. 148-149. | |
| | 1571 | M. Savage *et al.*, "Optimizing Power Consumption in the Design of a Wearable Wireless Telesensor: Comparison of Pulse Oximeter Modes," Proceedings of IEEE 29th Annual Nonheust Bioengineering Conference, 2003, pp.150-151. | |
| | 1572 | A. Tura *et al.*, "A Wearable Device with Wireless Bluetooth-based Data Transmission," Measurement Science Review, Vol. 3, Sec. 2, 2003, pp. 1-4. | |
| | 1573 | R. Paradiso, "Wearable Health Care System for Vital Signs Monitoring," In Proceedings of IEEE International Conference on Information Technology Applications in Biomedicine, May 2003, pp. 283-286. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 59 OF 60 | Attorney Docket No. | MASCER.002C20 |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 1574 | H.H. Asada *et al.*, "Mobile Monitoring with Wearable Photoplethysmographic Biosensors," IEEE Engineering in Medicine and Biology Magazine, May/June 2003, pp. 28-40. | |
| | 1575 | Y. Mendelson *et al.*, "Minimization of LED Power Consumption in the Design of a Wearable Pulse Oximeter,"Proceedings of the IASTED International Conference Biomedical Engineering, June 25-27, 2003, 6 pages. | |
| | 1576 | Y. Mendelson *et al.*, "Measurement Site and Photodetector Size Considerations in Optimizing Power Consumption of a Wearable Reflectance Pulse Oximeter," Proceedings of the 25th Annual International Conference of the IEEE EMBS, September 17-21, 2003, pp. 3016-3019. | |
| | 1577 | D. Marculescu *et al.*, "Ready to Ware," IEEE Spectrum, Vol. 40, Issue 10, October 2003, pp. 28-32. | |
| | 1578 | P. Celka *et al.*, "Motion Resistant Earphone Located Infrared Based Hearth Rate Measurement Device," In Proceeding of the 2nd International Conference on Biomedical Engineering, Innsbruck, Austria, February 16-18, 2004, pp. 582-585. | |
| | 1579 | D. Konstantas *et al.*, "Mobile Patient Monitoring: The MobiHealth System," In Proceedings of International Conference on Medical and Care Compunetics, NCC'04, February 2004, 8 pages. | |
| | 1580 | S. Pentland, "Healthwear: Medical Technology Becomes Wearable," IEEE Computer Society, Vol. 37, Issue 5, May 2004, pp. 34-41. | |
| | 1581 | P. Branche *et al.*, "Signal Quality and Power Consumption of a New Prototype Reflectance Pulse Oximeter Sensor," Proceeding of the 31th Annual Northeast Bioengineering Conference, Hoboken, NJ, IEEE, 2005, pp. 1-2. | |
| | 1582 | U. Anliker *et al.*, "AMON: A Wearable Multiparameter Medical Monitoring and Alert System," IEEE Transactions on Information Technology in Biomedicine, January 2005, pp. 1-11. | |
| | 1583 | P. T. Gibbs *et al.*, "Active Motion Artifact Cancellation for Wearable Health Monitoring Sensors Using Collocated MEMS Accelerometers," Proceedings of SPIE Smart Structures and Materials: Sensors and Smart Structures Technologies for Civil, Mechanical, and Aerospace Systems, May 17, 2005, pp. 811-819. | |
| | 1584 | C. W. Mundt *et al.*, "A Multiparameter Wearable Physiologic Monitoring System for Space and Terrestrial Applications," IEEE Transactions on Information Technology in Biomedicine, Vol. 9, No. 3, September 2005, pp. 382-391. | |
| | 1585 | Y. Mendelson *et al.*, "A Wearable Reflectance Pulse Oximeter for Remote Physiological Monitoring," Proceedings of the 28th IEEE EMBS Annual International Conference, August 30-September 3, 2006, pp. 912-915. | |
| | 1586 | B-S. Lin *et al.*, "RTWPMS: A Real-Time Wireless Physiological Monitoring System," IEEE Transactions on Information Technology in Biomedicine, Vol. 10, No. 4, October 2006, pp. 647-656. | |
| | 1587 | T. Torfs *et al.*, "Body-Heat Powered Autonomous Pulse Oximeter," IEEE Sensors 2006, EXCO, October 22-25, 2006, pp. 427-430. | |
| | 1588 | P.S. Pandian *et al.*, "Smart Vest: Wearable Multi-Parameter Remote Physiological Monitoring System," Medical Engineering & Physics 30, 2008. pp. 466-477. | |
| | 1589 | G. Tamannagari, "Power Efficient Design of Finder-Ring Sensor for Patient Monitoring," Master of Science in Electrical Engineering, The University of Texas at San Antonio, College of Engineering, Department of Electrical Engineering, December 2008, 74 pages. | |
| | 1590 | M. Yamashita *et al.*, "Development of a Ring-Type Vital Sign Telemeter," Biotelemetry XIII, March 26-31, 1995, pp. 145-150. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 16/829536 |
|---|---|---|
| | Filing Date | March 25, 2020 |
| | First Named Inventor | Jeroen Poeze |
| | Art Unit | 3791 |
| *(Multiple sheets used when necessary)* | Examiner | Unassigned |
| SHEET 60 OF 60 | Attorney Docket No. | MASCER.002C20 |

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 1591 | P. Renevey *et al.*, "Wrist-Located Pulse Detection Using IR Signals, Activity and Nonlinear Artifact Cancellation," Proceedings of the 23rd Annual EMBS International Conference, October 25-28, 2001, pp. 3030-3033. | |
| | 1592 | Y. Mendelson *et al.*, "A Mobile PDA-Based Wireless Pulse Oximeter," Proceedings of the IASTED International Conference Telehealth, July 19-21, 2005, pp. 1-6. | |
| | 1593 | P. Shaltis *et al.*, "Novel Design for a Wearable, Rapidly Depolyable, Wireless Noninvasive Triage Sensor," Proceedings of the 2005 IEEE, Engineering in Medicine and Biology 27th Annual Conference, September 1-4, 2005, pp 3567-3570. | |
| | 1594 | Y-S. Yan *et al.*, An Efficient Motion-Resistant Method for Wearable Pulse Oximeter," IEEE Transactions on Information Technology in Biomedicine, Vol. 12, No. 3, May 2008, pp. 399-405. | |
| | 1595 | P. C. Branche *et al.*, "Measurement Reproducibility and Sensor Placement Considerations in Designing a Wearable Pulse Oximeter for Military Applications," IEEE, 2004, pp. 216-217. | |
| | 1596 | G. Comtois, "A Comparative Evaluation of Adaptive Noise Cancellation Algorithms for Minimizing Motion Artifacts in a Forehead-Mounted Wearable Pulse Oximeter," Proceedings of the 29th Annual international Conference of the IEEE EMBS, August 23-26, 2007, pp. 1528-1531. | |
| | 1597 | G. Comtois *et al.*, "A Noise Reference Input to an Adaptive Filter Algorithm for Signal Processing in a Wearable Pulse Oximeter," IEEE, 2007, pp. 106-107. | |
| | 1598 | R. P. Dresher *et al.*, "A New Reflectance Pulse Oximeter Housing to Reduce Contact Pressure Effects," IEEE, 2006, pp. 49-50. | |
| | 1599 | R. P. Dresher *et al.*, "Reflectance Forehead Pulse Oximetry: Effects on Contact Pressure During Walking," Proceedings of the 28th IEEE EMBS Annual International Conference, August 30-September 3, 2006, pp. 3529-3532. | |
| | 1600 | W. S. Johnston *et al.*, "Extracting Breathing Rate Information from a Wearable Reflectance Pulse Oximeter Sensor," Proceedings of the 26th Annual International Conference of the IEEE EMBS, September 1-5, 2004, pp. 5388-5391. | |
| | 1601 | W. Johnston *et al.*, "Extracting Heart Rate Variability from a Wearable Reflectance Pulse Oximeter," IEEE, 2005, pp. 1-2. | |
| | 1602 | W. S. Johnston *et al.*, "Investigation of Signal Processing Algorithms for an Embedded Microcontroller-Based Wearable Pulse Oximeter," Proceedings of the 28th IEEE EMBS Annual International Conference, August 30-September 3, 2006, pp. 5888-5891. | |
| | 1603 | P. Lukowicz *et al.*, "AMON: A Wearable Medical Computer for High Risk Patient," Proceedings of the 6th International Symposium on Wearable Computers (ISWC'02), 2002, pp. 1-2. | |
| | 1604 | P. Lukowicz *et al.*, "The WearARM Modular, Low-Power Computing Core," IEEE Micro, May-June 2001, pp. 16-28. | |
| | 1605 | Y. Mendelson *et al.*, "Accelerometery-Based Adaptive Noise Cancellation for Remote Physiological Monitoring by a Wearable Pulse Oximeter," Proceedings of the 3rd IASTED International Conference TELEHEALTH, May 31-June 1, 2007, pp. 28-33. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

**\*Examiner:** Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

**T[1]** - Place a check mark in this area when an English language Translation is attached.

# Exhibit AH

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff,
**Masimo Corporation**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**FIRST AMENDED COMPLAINT FOR**<br>**(1) PATENT INFRINGEMENT**<br>**(2) TRADE SECRET MISAPPROPRIATION**<br>**(3) CORRECTION OF INVENTORSHIP AND**<br>**(4) OWNERSHIP OF PATENTS**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Hon. James V. Selna |

Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") hereby complain of Defendant APPLE INC. ("Apple"), and allege as follows:

## I.  THE PARTIES

1.      Plaintiff Masimo is a Delaware corporation having its principal place of business at 52 Discovery, Irvine, California 92618.

2.      Plaintiff Cercacor is a Delaware corporation having its principal place of business at 15750 Alton Pkwy, Irvine, California 92618.

3.      Upon information and belief, Defendant Apple is a California corporation having a principal place of business at One Apple Park Way, Cupertino, California, 95014.

## II.  JURISDICTION AND VENUE

4.      This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*., more particularly, 35 U.S.C. §§ 271 and 281.  This civil action includes claims for correction of inventorship of certain United States patents arising under the patent law of the United States, more particularly 35 U.S.C. § 256.   This Complaint further alleges trade secret misappropriation and seeks a declaration of ownership of certain patents and patent applications.

5.      This Court has subject matter jurisdiction over claims 1-12 and 14-18 pursuant to at least 28 U.S.C. §§ 1331 and 1338(a), and has at least supplemental jurisdiction over claims 13 and 19-24 pursuant to at least 28 U.S.C. §§ 1367(a), including because, as alleged in more detail below, they are sufficiently related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

-1-

6.    Apple has its principal place of business in California.  Apple is subject to personal jurisdiction in California and has committed the acts complained of in this Judicial District.

7.    Venue is proper in the Southern Division of the Central District of California pursuant to 28 U.S.C. § 1400(b) with respect to patent infringement because Defendant has a regular and established place of business in the County of Orange within the Central District of California and committed acts of infringement in this Judicial District.  Defendant also committed acts of misappropriation in this Judicial District.  Inventive contributions to the patents and patent application as to which Plaintiffs seek correction of inventorship and/or declarations of ownership also took place in this Judicial District.  Thus, venue is proper pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## III.  STATEMENT OF THE CASE

8.    This action seeks relief for the theft of Plaintiffs' highly confidential information and trade secrets, and infringement of Masimo's patents by Defendant, correction of inventorship, and ownership of patents assigned to or filed by Apple on subject matter that belongs to Plaintiffs.

## IV.  STATEMENT OF FACTS

9.    Masimo is a medical technology company that revolutionized non-invasive monitoring of physiological parameters, such as pulse rate, arterial oxygen saturation and many others.

10.    Most of these parameters are measured using light that is transmitted through the body tissue.  The received light, that has been attenuated by the various components of the body tissue, including the blood, is known in the industry as a photoplethysmograph or "PPG."  The transmission and receipt

Exhibit AH
Page 510

of this light is typically accomplished through a sensor that is applied to a body part such as a finger, arm, toe, forehead or ear.

11.   Before Masimo, non-invasive measurements from the PPG were plagued by unreliability, often when the measurement was needed most, due to the person moving or having low peripheral blood flow (known as "low perfusion"). The industry had essentially given up on solving these problems, concluding they were largely unsolvable. In the medical context, clinicians had to live with the results – patient monitors gave excessive false alarms, froze their measurements for prolonged periods of time despite potential changes in the physiological parameter (e.g., oxygen saturation or pulse rate), delayed notification of alarms due to long averaging times of sensor data, produced inaccurate measurements, or were unable to obtain data on the most critical patients and babies who cannot be instructed to stay still. Masimo's pioneering technology, known as Masimo Signal Extraction Technology ("Masimo SET"), solved this problem and dramatically improved the reliability of monitoring and reporting physiological signals derived from the PPG.

12.   Following its initial success with Masimo SET, Masimo invested heavily in developing additional breakthrough measurement technologies, such as non-invasively measuring total hemoglobin, carboxyhemoglobin, and methemoglobin. Masimo has continued to innovate, succeeding where others have consistently failed. Masimo was the first, and remains the only, company delivering these game-changing technologies to hospitals in the United States. Use of Masimo's technology in the clinical setting has been proven to reduce blindness in premature infants, detect congenital heart disease in infants, save lives on the general care floor and post-surgery, and improve transfusion management, while saving money.

13.   From its inception, Masimo has continuously developed cutting-edge noninvasive patient monitoring technologies. Masimo sought and received

-3-

numerous U.S. patents for many of its inventions. Masimo's revolutionary technology was a key to its gaining significant market praise and penetration. After introduction into the market, many competitors, much larger than Masimo, used Masimo's technology without a license, resulting in patent infringement lawsuits that ultimately confirmed the validity of Masimo's innovations. Masimo also maintains some technology as trade secrets. Masimo also closely guards its future product and market plans. Only select employees have knowledge of and access to these guarded secrets.

14. Masimo's innovations also include important advances in sensor technologies that work together as part of Masimo's system and algorithms. Masimo's sensors are integral to the success of the revolutionary technologies Masimo has developed.

15. In 1998, Masimo spun certain technologies off into a new company, Masimo Laboratories, Inc. or "Masimo Labs," to further research and develop the technologies. The name of the company was later changed to Cercacor Laboratories Inc. or "Cercacor." Cercacor and Masimo have a cross-license agreement to facilitate confidential collaboration between the companies. Cercacor is not owned by Masimo.

16. Like Masimo, Cercacor is an innovator of non-invasive monitoring technologies. Cercacor is on the frontline of understanding how measuring, tracking, and analyzing physiological parameters can impact pre-diabetic and diabetic patients, sports training and performance and overall health and wellness principally in the consumer market. Cercacor continued the development that started at Masimo on non-invasive total hemoglobin (SpHb®), methemoglobin (SpMet®), and carboxyhemoglobin (SpCO®) and other non-invasive physiological parameters.

17. Leading hospitals around the world use Cercacor technology licensed to Masimo and sold under the name Masimo rainbow SET. Like

-4-

Exhibit AH
Page 512

Masimo, Cercacor also maintains some technology as trade secrets, and Cercacor closely guards its future product and market plans. Only select employees have knowledge of and access to these guarded secrets.

18.   Plaintiffs carefully guard the secrecy of their confidential information and documents. For example, Plaintiffs have policies regarding labeling confidential information and documents as "CONFIDENTIAL AND PROPRIETARY." They also restrict these documents and information from disclosure to third parties and employees on a need-to-know basis. Plaintiffs also have policies in place regarding the use of computers and related equipment that govern how their computer systems may be used. Those policies also govern the protection of Plaintiffs' confidential information. Plaintiffs have document management systems that restrict access to confidential documents to only those employees with proper security credentials and a need for access. Plaintiffs also require employees to sign agreements precluding the employees from disclosing or making use of any confidential information except as authorized by Plaintiffs and as necessary for the performance of the employees' duties. Plaintiffs also require third parties, including customers, to execute confidential non-disclosure agreements. Plaintiffs implemented such policies and procedures to maintain the confidentiality of sensitive information. These policies remain in place today.

19.   In 2013, Apple contacted Masimo and asked to meet regarding a potential collaboration. Apple told Masimo that Apple would like to understand more about Masimo's technology to potentially integrate that technology into Apple's products. Apple and Masimo later entered into a confidentiality agreement, and Masimo's management met with Apple. The meetings included confidential discussions of Masimo's technology. After what seemed to Masimo to have been productive meetings, Apple quickly began trying to hire Masimo employees, including engineers and key management.

-5-

20.     Masimo employed Michael O'Reilly as its Chief Medical Officer and Executive Vice President for Medical Affairs beginning in January 2008. As part of the Masimo executive team, O'Reilly was privy to extremely sensitive information, including information about mobile medical products and applications, wellness applications, clinical data gathering and analytics, and other technology of Masimo.  Upon information and belief, Apple employed O'Reilly in July 2013, shortly after the meetings with Masimo, to assist in wellness and mobile applications that include non-invasive measurement of physiological parameters.  Not long after, by December of 2013, O'Reilly was already meeting with the FDA on behalf of Apple to discuss medical applications and discuss medical products that non-invasively measures blood constituents.

21.     Apple systematically recruited other key Masimo personnel, such as Marcelo Lamego, who was the former Chief Technical Officer of Cercacor and a former Research Scientist at Masimo.  Lamego was a Masimo employee during 2000-2001 and 2003-2006, and the Cercacor Chief Technical Officer during 2006-2014.

22.     Lamego had unfettered access to Plaintiffs' highly confidential technical information.  He was trained and mentored at Masimo by the most skilled engineers and scientists, and was taught about the keys to effective non-invasive monitoring, something he was not involved in prior to Masimo. Masimo engineers and scientists taught Lamego about non-invasive monitoring, including, among others, Ammar Al-Ali, Mohamed Diab, and Walter Weber. The Masimo engineers, including Al-Ali, Diab, and Weber, were Masimo employees at all relevant times.   Lamego also had access to and learned guarded secrets regarding Plaintiffs' mobile medical products, including key technology and advance plans for future products.

-6-

23.     When Lamego left Cercacor, he assured Plaintiffs that he would not violate his agreements with Plaintiffs and volunteered that he would not work on technology similar to Plaintiffs' technology.   On January 24, 2014, Plaintiffs sent a letter to Defendant explaining that Lamego possessed Plaintiffs' confidential proprietary information and warning Apple to respect Plaintiffs' rights in such information.   The letter stated "we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information." The letter also asked that "Apple refrain from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple" and asked Apple to "direct Mr. Lamego to honor his obligations to all of his prior employers."   Based on Plaintiffs' conversations with Lamego, Plaintiffs' letter to Apple, and Plaintiffs' confidentiality agreement with Apple, Plaintiffs reasonably believed that Lamego would not use or disclose Plaintiffs' confidential information and that Defendant would not induce Lamego to do so or itself use Plaintiffs' confidential information.

24.     Unbeknownst to Plaintiffs at the time, it now appears that, shortly after joining Apple in January 2014, Lamego began pursuing on behalf of Apple numerous patent applications directed toward technologies he worked on at Plaintiffs, and with which he had no prior experience or knowledge.

25.     Upon information and belief, Apple announced the first version of its watch in September 2014, and began shipping its watch in April 2015.   The Apple Watch Series 3 was released on September 22, 2017, and upon information and belief had significant performance issues with the non-invasive physiological measurements.   Apple announced the Apple Watch Series 4 on September 12, 2018, and upon information and belief, that watch includes technology that tracks Plaintiffs' technologies to solve some of the performance issues.   The Apple Watch Series 5 was announced on September 10, 2019 and

-7-

released on September 20, 2019.  Upon information and belief, the Apple Watch Series 5 also includes Plaintiffs' technologies to solve some of the prior performance issues, including technology as to which Lamego was an inventor while at Plaintiffs.

26.　As set forth in detail below, and on information and belief, each portion of evidence cited by Plaintiffs, such as the selected portions of Apple patent applications and Apple websites, accurately portrays, in relevant part, the structure, design, function and/or operation of the Apple Watch Series 4 and later devices.

## V.  <u>THE PATENTS-IN-SUIT</u>

27.　Masimo is the owner by assignment of U.S. Patent No. 10,258,265 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '265 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 16, 2019.  A true and correct copy of the '265 patent is attached hereto as Exhibit 1.

28.　Masimo is the owner by assignment of U.S. Patent No. 10,258,266 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '266 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 16, 2019.  A true and correct copy of the '266 patent is attached hereto as Exhibit 2.

29.　Masimo is the owner by assignment of U.S. Patent No. 10,292,628 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '628 patent"), which the United States Patent and Trademark Office lawfully and duly issued on May 21, 2019.  A true and correct copy of the '628 patent is attached hereto as Exhibit 3.

30.　Masimo is the owner by assignment of U.S. Patent No. 10,299,708 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '708 patent"), which the United States Patent and

Exhibit AH
Page 516

Trademark Office lawfully and duly issued on May 21, 2019.  A true and correct copy of the '708 patent is attached hereto as Exhibit 4.

31.   Masimo is the owner by assignment of U.S. Patent No. 10,376,190 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '190 patent"), which the United States Patent and Trademark Office lawfully and duly issued on August 13, 2019.  A true and correct copy of the '190 patent is attached hereto as Exhibit 5.

32.   Masimo is the owner by assignment of U.S. Patent No. 10,376,191 entitled "Multi-stream data collection system for noninvasive measurement of blood constituents" ("the '191 patent"), which the United States Patent and Trademark Office lawfully and duly issued on August 13, 2019.  A true and correct copy of the '191 patent is attached hereto as Exhibit 6.

33.   Masimo is the owner by assignment of U.S. Patent No. 10,470,695 entitled "Advanced pulse oximetry sensor" ("the '695 patent"), which the United States Patent and Trademark Office lawfully and duly issued on November 12, 2019.  A true and correct copy of the '695 patent is attached hereto as Exhibit 7.

34.   Masimo is the owner by assignment of U.S. Patent No. 6,771,994 entitled "Pulse oximeter probe-off detection system" ("the '994 patent"), which the United States Patent and Trademark Office lawfully and duly issued on August 3, 2004.  A true and correct copy of the '994 patent is attached hereto as Exhibit 8.

35.   Masimo is the owner by assignment of U.S. Patent No. 8,457,703 entitled "Low power pulse oximeter" ("the '703 patent"), which the United States Patent and Trademark Office lawfully and duly issued on June 4, 2013.  A true and correct copy of the '703 patent is attached hereto as Exhibit 9.

36.   Masimo is the owner by assignment of U.S. Patent No. 10,433,776 entitled "Low power pulse oximeter" ("the '776 patent"), which the United

-9-

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 287 of 412 Page ID
Case 8:20-cv-00048-JVS-JDE Document 28-4 Filed 03/26/20 Page 19 of 95 Page ID #:3123
#:29518

States Patent and Trademark Office lawfully and duly issued on October 8, 2019. A true and correct copy of the '776 patent is attached hereto as Exhibit 10.

37. Masimo is the owner by assignment of U.S. Patent No. 10,588,553 entitled "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents" ("the '553 patent"), which the United States Patent and Trademark Office lawfully and duly issued on March 17, 2020. A true and correct copy of the '553 patent is attached hereto as Exhibit 11.

38. Masimo is the owner by assignment of U.S. Patent No. 10,588,554 entitled "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents" ("the '554 patent"), which the United States Patent and Trademark Office lawfully and duly issued on March 17, 2020. A true and correct copy of the '554 patent is attached hereto as Exhibit 12.

## VI. THE DISPUTED LAMEGO PATENTS

39. Lamego is named as an inventor on U.S. Provisional Patent Application No. 62/043,294, filed Aug. 28, 2014 and titled "Reflective Surface Treatments for Optical Sensors." Related applications that also name Lamego as an inventor include U.S Patent Application Nos. 14/740,196 and 16/114,003, which issued as U.S. Patent Nos. 10,078,052 and 10,247,670.

40. Lamego is also named as an inventor on U.S. Provisional Patent Application No. 62/047,818, filed Sep. 9, 2014, entitled "Modulation and Demodulation Techniques for a Health Monitoring System." A related application that names Lamego as the sole inventor includes U.S Patent Application No. 14/621,268, which issued as U.S. Patent No. 10,219,754.

41. Lamego is also named as an inventor on U.S. Provisional Patent Application No. 62/056,299, filed on Sep. 26, 2014, and entitled "Electronic Device that Computes Health Data." Related applications that also name Lamego as the sole inventor include U.S Patent Application Nos. 14/617,422,

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 288 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 284   Filed 03/29/20   Page 12 of 96   Page ID #:29519
#:29519

15/667,832, and 16/700,710.  The '422 Application issued as U.S. Patent No. 9,723,997 and the '832 Application issued as U.S. Patent No. 10,524,671.

42.    Lamego is also named as an inventor on U.S. Provisional Patent Application No. 62/057,089, filed on Sep. 29, 2014, and entitled "Methods and Systems for Modulation and Demodulation of Optical Signals."  Related applications that also name Lamego as an inventor include U.S Patent Application Nos. 14/618,664 and 15/960,507.  The '664 Application issued as U.S. Patent No. 9,952,095.

## VII.  <u>FIRST CAUSE OF ACTION</u>
## (INFRINGEMENT OF U.S. PATENT NO. 10,258,265)

43.    Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

44.    Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claims 1-3, 6-11, 13, 17, and 17-25 of the '265 patent under at least 35 U.S.C. § 271(a), (b), and (c).

45.    Upon information and belief, Defendant has directly infringed one or more claims of the '265 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

46.    For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '265 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 13.  The Apple Watch Series 4 and later devices are adapted to be worn by a wearer and provide an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Exhibit AH
Page 519



47.    The Apple Watch Series 4 and later devices include a plurality of emitters of different wavelengths (for example, green and infrared LEDs) and at least four detectors (for example, photodiode sensors) spaced apart from each other as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



48.    The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

Exhibit AH
Page 520

49.     Upon information and belief, the relevant technology in the Apple Watch Series 4 and later devices is described in the below citations to U.S. Patent Application Publication 2019/0072912 (the '912 publication).  A copy of the publication is attached as Exhibit 25.  The Apple Watch Series 4 and later devices include a housing having a surface and a circular wall protruding from the surface, and a light permeable cover arranged above a portion of the housing and covering the detectors.  Fig. 4C and the corresponding text of the '912 publication show, for example, such housing:



FIG. 4C

50.     Upon information and belief, Defendant has knowledge of Masimo's patents, including the '265 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed provisional patent applications that led to the '265 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of

-13-

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 291 of 412   Page ID
#:29522
Case 8:20-cv-00048-JVS-JDE   Document 284   Filed 03/29/20   Page 15 of 95   Page ID #:913

the '265 patent.  Defendant had knowledge of the '265 patent no later than the filing of the original Complaint.

51.    Upon information and belief, Defendant has actively induced others to infringe the '265 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '265 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '265 patent.  Defendant's acts constitute infringement of the '265 patent in violation of 35 U.S.C. § 271(b).

52.    Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '265 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '265 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices, including use with Apple iPhones. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

53.    Upon information and belief, Defendant's acts constitute contributory infringement of the '265 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '265 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are known by Defendant to be especially made or especially adapted for use in an infringement of the '265 patent.

-14-

54.     Defendant's infringement of the '265 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '265 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

55.     Because of Defendant's infringement of the '265 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

56.     Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## VIII.  SECOND CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,258,266)

57.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

58.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claims 1-19 of the '266 patent under at least 35 U.S.C. § 271(a), (b), and (c).

59.     Upon information and belief, Defendant has directly infringed one or more claims of the '266 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

60.     For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices 4 and 5 devices include all of the limitations of Claim 1 of the '266 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 14.  The Apple Watch Series 4 and later devices provide an indication of a physiological parameter (for example, heart rate) of the

Exhibit AH
Page 523

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 293 of 412 Page ID
Case 8:20-cv-00048-JVS-JDE Document 28-4 Filed 03/29/20 Page 19 of 96 Page ID #:329
#:29524

wearer as shown in the image below found on the Apple website at
https://www.apple.com/apple-watch-series-4/health/:



61.    The Apple Watch Series 4 and later devices include a plurality of
emitters that emit light into tissue of a user and a plurality of detectors (for
example, photodiode sensors) that detect light that has been attenuated by tissue
of the user as shown in the image below found on the Apple website at
https://support.apple.com/en-us/HT204666:



62.    The Apple Watch Series 4 and later devices include a housing
configured to house the detectors and a lens located between the tissue of the

-16-

user and the detectors.   Fig. 4C and the corresponding text of the '912 publication show, for example, such housing:



FIG. 4C

63.    Upon information and belief, the lens has a single outwardly protruding convex surface configured to cause tissue of the user to conform to the protruding convex surface during operation of the noninvasive optical physiological sensor.

64.    Upon information and belief, Defendant has knowledge of Masimo's patents, including the '266 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.   Masimo filed provisional patent applications that led to the '266 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.   Lamego is a named inventor of the '266 patent.   Defendant had knowledge of the '266 patent no later than the filing of the original Complaint.

-17-

Exhibit AH
Page 525

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 295 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 28-4   Filed 03/29/20   Page 19 of 95   Page ID #:31
#:29526

65.     Upon information and belief, Defendant has actively induced others to infringe the '266 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '266 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '266 patent.  Defendant's acts constitute infringement of the '266 patent in violation of 35 U.S.C. § 271(b).

66.     Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '266 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '266 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

67.     Upon information and belief, Defendant's acts constitute contributory infringement of the '266 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices that constitute material parts of the invention of the asserted claims of the '266 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are known by Defendant to be especially made or especially adapted for use in an infringement of the '266 patent.

68.     Defendant's infringement of the '266 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of

-18-

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 296 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 284   Filed 03/29/20   Page 20 of 96   Page ID #1352
#:29527

the '266 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

69.   Because of Defendant's infringement of the '266 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

70.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## IX.  THIRD CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,292,628)

71.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

72.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '628 patent under at least 35 U.S.C. § 271(a), (b), and (c).

73.   Upon information and belief, Defendant has directly infringed one or more claims of the '628 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

74.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '628 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 15.

75.   The Apple Watch Series 4 and later devices include a housing configured to house a plurality of detectors. Fig. 4C and the corresponding text of the '912 publication show, for example, such housing:

Exhibit AH
Page 527

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 297 of 412 Page ID
Case 8:20-cv-00048-JVS-JDE Document 28-4 Filed 03/29/20 Page 29 of 95 Page ID #3353
#:29528



**FIG. 4C**

76.    The Apple Watch Series 4 and later devices include a plurality of emitters that emit light into tissue of a user and a plurality of detectors that detect light that has been attenuated by tissue of the user as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

Exhibit AH
Page 528

Case 8:20-cv-00048-JVS-JDE   Document 284-4   Filed 03/29/20   Page 22 of 96   Page ID #:13594



77.    The Apple Watch Series 4 and later devices include a light permeable cover configured to be located between tissue of the user and the plurality of detectors when the noninvasive optical physiological sensor is worn by the user, wherein the cover comprises an outwardly protruding convex surface configured to cause tissue of the user to conform to at least a portion of the outwardly protruding convex surface when the noninvasive optical physiological sensor is worn by the user and during operation of the noninvasive optical physiological sensor, and wherein the plurality of detectors are configured to receive light passed through the outwardly protruding convex surface after attenuation by tissue of the user.  Fig. 4C and the corresponding text of the '912 publication show, for example, such cover:

Exhibit AH
Page 529

**FIG. 4C**

78.    Upon information and belief, Defendant has knowledge of Masimo's patents, including the '628 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed provisional patent applications that led to the '628 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '628 patent.  Defendant had knowledge of the '628 patent no later than the filing of the original Complaint.

79.    Upon information and belief, Defendant has actively induced others to infringe the '628 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '628 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be

-22-

Exhibit AH
Page 530

used to infringe the '628 patent.  Defendant's acts constitute infringement of the '628 patent in violation of 35 U.S.C. § 271(b).

80.    Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '628 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '628 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices, including use with Apple iPhones.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

81.    Upon information and belief, Defendant's acts constitute contributory infringement of the '628 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '628 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '628 patent.

82.    Defendant's infringement of the '628 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '628 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

83.    Because of Defendant's infringement of the '628 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

Exhibit AH
Page 531

84.     Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## X.  FOURTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,299,708)

85.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

86.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '708 patent under at least 35 U.S.C. § 271(a), (b), and (c).

87.     Upon information and belief, Defendant has directly infringed one or more claims of the '708 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

88.     For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '708 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 16.  The Apple Watch Series 4 and later devices are adapted to be worn by a wearer and provide an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 302 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 28-4   Filed 03/29/20   Page 26 of 96   Page ID
#:29533



89.    The Apple Watch Series 4 and later devices include a platform including a planar surface, a housing including a raised edge portion extending from and enclosing at least a portion of the planar surface, and the housing including a protruding light permeable cover. Fig. 4C and the corresponding text of the '912 publication show, for example, such platform and housing:



FIG. 4C

Exhibit AH
Page 533

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 303 of 412 Page ID
Case 8:20-cv-00048-JVS-JDE Document 284 Filed 03/29/20 Page 29 of 98 Page ID
#:29534

90.     Upon information and belief, the Apple Watch Series 4 and later devices include at least four detectors (for example, photodiode sensors) arranged on the planar surface of the platform and within the housing, wherein the at least four detectors are arranged in a grid pattern such that a first detector and a second detector are arranged across from each other on opposite sides of a central point along a first axis, and a third detector and a fourth detector are arranged across from each other on opposite sides of the central point along a second axis which is perpendicular to the first axis as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



91.     Upon information and belief, Defendant has knowledge of Masimo's patents, including the '708 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed provisional patent applications that led to the '708 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '708 patent.  Defendant had knowledge of the '708 patent no later than the filing of the original Complaint.

92.     Upon information and belief, Defendant has actively induced others to infringe the '708 patent by marketing and selling the above Apple

-26-

Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '708 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '708 patent.  Defendant's acts constitute infringement of the '708 patent in violation of 35 U.S.C. § 271(b).

93.    Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '708 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '708 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices, including use with Apple iPhones.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

94.    Upon information and belief, Defendant's acts constitute contributory infringement of the '708 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '708 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '708 patent.

95.    Defendant's infringement of the '708 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '708 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

Exhibit AH
Page 535

96.     Because of Defendant's infringement of the '708 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

97.     Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XI.  FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF U.S. PATENT NO. 10,376,190)

98.     Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

99.     Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '190 patent under at least 35 U.S.C. § 271(a), (b), and (c).

100.   Upon information and belief, Defendant has directly infringed one or more claims of the '190 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

101.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '190 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 17.  The Apple Watch Series 4 and later devices are noninvasive optical physiological measurement devices adapted to be worn by a wearer, the noninvasive optical physiological measurement device providing an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Exhibit AH
Page 536

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 306 of 412 Page ID
#:29537
Case 8:20-cv-00048-JVS-JDE Document 284 Filed 03/29/20 Page 30 of 96 Page ID #:342



102.   Upon information and belief, the Apple Watch Series 4 and later devices include light emitters and at least four detectors spaced apart from each other and configured to output one or more signals responsive to light from the one or more light emitters attenuated by body tissue, the one or more signals indicative of a physiological parameter of the wearer as shown in the image below   found   on   the   Apple   website   at   https://support.apple.com/en-us/HT204666:



103.   The Apple Watch Series 4 and later devices include a housing having a surface and a circular raised edge extending from the surface, and a

Exhibit AH
Page 537

1 light permeable cover arranged above at least a portion of the housing, the light
2 permeable cover comprising a protrusion arranged to cover the at least four
3 detectors. Fig. 4C and the corresponding text of the '912 publication show, for
4 example, such housing:



FIG. 4C

19
20 104. Upon information and belief, Defendant has knowledge of
21 Masimo's patents, including the '190 patent, at least based on O'Reilly and
22 Lamego's former positions with Plaintiffs. Masimo filed provisional patent
23 applications that led to the '190 patent in August 2008, while O'Reilly and
24 Lamego were with Masimo and/or Cercacor. Lamego is a named inventor of
25 the '190 patent. Defendant had knowledge of the '190 patent no later than the
26 filing of the original Complaint.

27 105. Upon information and belief, Defendant has actively induced
28 others to infringe the '190 patent by marketing and selling the above Apple

Exhibit AH
Page 538

Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '190 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '190 patent. Defendant's acts constitute infringement of the '190 patent in violation of 35 U.S.C. § 271(b).

106. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '190 patent. By way of example only, upon information and belief, Defendant actively induces direct infringement of the '190 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices, including use with Apple iPhones. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

107. Upon information and belief, Defendant's acts constitute contributory infringement of the '190 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '190 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '190 patent.

108. Defendant's infringement of the '190 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '190 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

Exhibit AH
Page 539

109. Because of Defendant's infringement of the '190 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

110. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XII. SIXTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,376,191)

111. Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

112. Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '191 patent under at least 35 U.S.C. § 271(a), (b), and (c).

113. Upon information and belief, Defendant has directly infringed one or more claims of the '191 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

114. For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '191 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 18. The Apple Watch Series 4 and later devices are a noninvasive optical physiological sensor as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Exhibit AH
Page 540



115.   The Apple Watch Series 4 and later devices include a plurality of emitters configured to emit light into tissue of a user and a plurality of detectors configured to detect light that has been attenuated by tissue of the user, wherein the plurality of detectors comprise at least four detectors as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



116.   The Apple Watch Series 4 and later devices include a housing configured to house at least the plurality of detectors in a circular portion of the housing, and a lens configured to be located between tissue of the user and the

-33-

plurality of detectors when the noninvasive optical physiological sensor is worn by the user, wherein the lens comprises a single outwardly protruding convex surface configured to cause tissue of the user to conform to at least a portion of the single outwardly protruding convex surface when the noninvasive optical physiological sensor is worn by the user and during operation of the noninvasive optical physiological sensor. Fig. 4C and the corresponding text of the '912 publication show, for example, such housing and lens:



117. Upon information and belief, Defendant has knowledge of Masimo's patents, including the '191 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs. Masimo filed provisional patent applications that led to the '191 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor. Lamego is a named inventor of

-34-

Exhibit AH
Page 542

the '191 patent. Defendant had knowledge of the '191 patent no later than the filing of the original Complaint.

118. Upon information and belief, Defendant has actively induced others to infringe the '191 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '191 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '191 patent. Defendant's acts constitute infringement of the '191 patent in violation of 35 U.S.C. § 271(b).

119. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '191 patent. By way of example only, upon information and belief, Defendant actively induces direct infringement of the '191 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

120. Upon information and belief, Defendant's acts constitute contributory infringement of the '191 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices that constitute material parts of the invention of the asserted claims of the '191 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '191 patent.

Exhibit AH
Page 543

121.   Defendant's infringement of the '191 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '191 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

122.   Because of Defendant's infringement of the '191 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

123.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XIII.  SEVENTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,470,695)

124.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

125.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '695 patent under at least 35 U.S.C. § 271(a), (b), and (c).

126.   Upon information and belief, Defendant has directly infringed one or more claims of the '695 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

127.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '695 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 19.   The Apple Watch Series 4 and later devices are a wrist-worn physiological monitoring device configured for placement on a user at a tissue

Exhibit AH
Page 544

measurement site as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



128.   The Apple Watch Series 4 and later devices include a light emission source comprising a plurality of emitters configured to irradiate the tissue measurement site by emitting light towards the tissue measurement site, the tissue measurement site being located on a wrist of the user, the plurality of emitters configured to emit one or more wavelengths and a plurality of detectors configured to detect the light emitted by the plurality of emitters after attenuation by a circular portion of the tissue measurement site, the plurality of detectors further configured to output at least one signal responsive to the detected light as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

Exhibit AH
Page 545

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 315 of 412   Page ID
#:29546
Case 8:20-cv-00048-JVS-JDE   Document 284   Filed 03/29/20   Page 39 of 95   Page ID #:9151



129.   The Apple Watch Series 4 and later devices include a processor configured to receive the at least one signal responsive to the output and determine a physiological parameter of the user and a light block forming an enclosing wall between the light emission source and the plurality of detectors, the light block defining the circular portion of the tissue measurement site, the light emission source arranged proximate a first side of the enclosing wall and the plurality of detectors arranged proximate a second side of the enclosing wall, the first side being different than the second side, wherein the enclosing wall prevents at least a portion of light emitted from the light emission source from being detected by the plurality of detectors without attenuation by the tissue, and wherein the plurality of detectors are arranged in an array having a spatial configuration corresponding to the portion of the tissue measurement site.  Fig. 4C and the corresponding text of the '912 publication show, for example, such light block:

Exhibit AH
Page 546



FIG. 4C

130.  Upon information and belief, Defendant has knowledge of Masimo's patents, including the '695 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed provisional patent applications that led to the '695 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '695 patent.  Defendant had knowledge of the '695 patent no later than the filing of the original Complaint.

131.  Upon information and belief, Defendant has actively induced others to infringe the '695 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '695 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '695 patent.  Defendant's acts constitute infringement of the '695 patent in violation of 35 U.S.C. § 271(b).

Exhibit AH
Page 547

132.   Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '695 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '695 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

133.   Upon information and belief, Defendant's acts constitute contributory infringement of the '695 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices that constitute material parts of the invention of the asserted claims of the '695 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '695 patent.

134.   Defendant's infringement of the '695 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '695 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

135.   Because of Defendant's infringement of the '695 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

136.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby

Exhibit AH
Page 548

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 318 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 284-1   Filed 03/29/20   Page 42 of 98   Page ID
#:29549

causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XIV.  EIGHTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 6,771,994)

137.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

138.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 15 of the '994 patent under at least 35 U.S.C. § 271(a), (b), and (c).

139.   Upon information and belief, Defendant has directly infringed one or more claims of the '994 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

140.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 15 of the '994 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 20.  Upon information and belief, the Apple Watch Series 4 and later devices detects light transmitted through body tissue carrying pulsing blood to determine heart rate as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Exhibit AH
Page 549



141.   The Apple Watch Series 4 and later devices include at least one light emission device and a light sensitive detector as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

142.   The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

143.   Upon information and belief, the relevant technology in the Apple Watch Series 4 and later devices is described in the below citations to U.S. Patent Application Publication 2019/0090806 (the '806 publication).  A copy of

Exhibit AH
Page 550

the publication is attached as Exhibit 26. The Apple Watch Series 4 and later devices include a plurality of louvers positioned over the light sensitive detector to accept light from the at least one light emission device originating from a general direction of the at least one light emission device and then transmitting through body tissue carrying pulsing blood, wherein the louvers accept the light when the sensor is properly applied to tissue of a patient. Upon information and belief, this technology is described, for example, in Fig. 7 and the corresponding text of the '806 publication:



FIG. 7

144. Upon information and belief, Defendant has knowledge of Masimo's patents, including the '994 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs. Masimo filed a patent application that led to the '994 patent on June 16, 2000. The '994 patent issued on August 3, 2004, and Masimo has maintained the patent while O'Reilly and Lamego were with Masimo and/or Cercacor. Defendant had knowledge of the '994 patent no later than the filing of the original Complaint.

145. Upon information and belief, Defendant has actively induced others to infringe the '994 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '994 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '994 patent. Defendant's acts constitute infringement of the '994 patent in violation of 35 U.S.C. § 271(b).

146. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '994 patent. By way of example

-43-

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 321 of 412   Page ID
#:29552
Case 8:20-cv-00048-JVS-JDE   Document 28-4   Filed 03/26/20   Page 45 of 95   Page ID #:1357

only, upon information and belief, Defendant actively induces direct infringement of the '994 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices.   Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

147. Upon information and belief, Defendant's acts constitute contributory infringement of the '994 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices that constitute material parts of the invention of the asserted claims of the '994 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '994 patent.

148.  Defendant's infringement of the '994 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '994 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

149.  Because of Defendant's infringement of the '994 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

150.  Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 322 of 412 Page ID
Case 8:20-cv-00048-JVS-JDE Document 28-4 Filed 03/29/20 Page 46 of 96 Page ID #:358
#:29553

## XV.  NINTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 8,457,703)

151.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

152.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '703 patent under at least 35 U.S.C. § 271(a), (b), and (c).

153.   Upon information and belief, Defendant has directly infringed one or more claims of the '703 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

154.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '703 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 21.  The Apple Watch Series 4 and later devices provide an indication of a physiological parameter (for example, heart rate) of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



-45-

155.   The Apple Watch Series 4 and later devices drive one or more light sources configured to emit light into tissue and receives one or more signals from one or more detectors configured to detect light after attenuation by tissue as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



156.   The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

157.   Upon information and belief, the Apple Watch Series 4 and later devices continuously operate at a lower power consumption level to determine measurement values for heart rate, as described at https://support.apple.com/en-us/HT204666:

The optical heart sensor in Apple Watch uses what is known as photoplethysmography. This technology, while difficult to pronounce, is based on a very simple fact: Blood is red because it reflects red light and absorbs green light. Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment.

-46-

When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate.

158.   Upon information and belief, the Apple Watch Series 4 and later devices as described above compare processing characteristics to a predetermined threshold, and when the processing characteristics pass the threshold, the Apple Watch Series 4 and later devices transition to continuously operating at a higher power consumption level, wherein the continuously operating at the lower power consumption level comprises reducing activation of an attached sensor, the sensor positioning the light sources and the detectors proximate to the tissue.

159.   Upon information and belief, Defendant has knowledge of Masimo's patents, including the '703 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed a provisional patent application that led to the '703 patent on July 2, 2001.  The '703 patent issued on June 4, 2013, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Defendant had knowledge of the '703 patent no later than the filing of the original Complaint.

160.   Upon information and belief, Defendant has actively induced others to infringe the '703 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '703 patent.  To that end, Defendant provides instructions and teachings to its

Exhibit AH
Page 555

customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '703 patent.  Defendant's acts constitute infringement of the '703 patent in violation of 35 U.S.C. § 271(b).

161.  Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '703 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '703 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

162.  Upon information and belief, Defendant's acts constitute contributory infringement of the '703 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices that constitute material parts of the invention of the asserted claims of the '703 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '703 patent.

163.  Defendant's infringement of the '703 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '703 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

164.  Because of Defendant's infringement of the '703 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

Exhibit AH
Page 556

165.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XVI.  <u>TENTH CAUSE OF ACTION</u>
## <u>(INFRINGEMENT OF U.S. PATENT NO. 10,433,776)</u>

166.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

167.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '776 patent under at least 35 U.S.C. § 271(a), (b), and (c).

168.   Upon information and belief, Defendant has directly infringed one or more claims of the '776 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

169.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '776 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 22.  The Apple Watch Series 4 and later devices are configured to monitor at least a pulse rate of a patient by processing signals responsive to light attenuated by body tissue of the wearer as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Exhibit AH
Page 557

Case 8:20-cv-00048-JVS-JDE    Document 334-3    Filed 04/08/21    Page 327 of 412   Page ID
#:29558
Case 8:20-cv-00048-JVS-JDE    Document 28-4 Filed 03/29/20    Page 59 of 95   Page ID #:363



170.    The Apple Watch Series 4 and later devices drive one or more light sources configured to emit light into tissue and receives one or more signals from one or more detectors configured to detect light after attenuation by tissue as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

171.    Upon information and belief, the Apple Watch Series 4 and later devices operate according to a first control protocol, wherein said operating includes activating a first control protocol light source in accordance with the

Exhibit AH
Page 558

first control protocol, the first control protocol light source including one or more of a plurality of light sources, and when operating according to the first control protocol, calculating, by the patient monitor, measurement values of the pulse rate, the measurement values responsive to light from the first control protocol light source, detected by a detector of an optical sensor after attenuation by body tissue of the patient using the patient monitor as explained, for example, on the Apple website at https://support.apple.com/en-us/HT204666. That webpage explains the optical heart sensor uses photoplethysmography. "Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment. When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate." That webpage further explains that the "optical heart sensor can also use infrared light. This mode is what Apple Watch uses when it measures your heart rate in the background, and for heart rate notifications. Apple Watch uses green LED lights to measure your heart rate during workouts and Breathe sessions, and to calculate walking average and Heart Rate Variability (HRV)."

172. Upon information and belief, the Apple Watch Series 4 and later devices generate a trigger signal, wherein generating said trigger signal is responsive to at least one of: a comparison of processing characteristics to a predetermined threshold, a physiological event, or signal quality characteristics of signals received from the detector, and in response to receiving the trigger signal, operating the patient monitor according to a second control protocol

-51-

different from the first control protocol, wherein said operating includes activating a second control protocol light source in accordance with the second control protocol, the second control protocol light source including one or more of the plurality of light sources, and when operating the patient monitor according to the second control protocol, calculating the measurement values of the pulse rate, the measurement values responsive to light from the second control protocol light source, detected by the detector after attenuation by the body tissue of the patient using the patient monitor, wherein said operating of the patient monitor according to the first control protocol operates the first control protocol light source according to a first duty cycle and said operating of the patient monitor according to the second control protocol operates the second control protocol light source according to a second duty cycle, wherein power consumption of the first control protocol light source according to the first duty cycle is different than power consumption of the second control protocol light source according to the second duty cycle.

173. Upon information and belief, Defendant has knowledge of Masimo's patents, including the '776 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs. Masimo filed a provisional patent application that led to the '776 patent on July 2, 2001. The '776 patent issued on June 4, 2013, while O'Reilly and Lamego were with Masimo and/or Cercacor. Defendant had knowledge of the '776 patent no later than the filing of the original Complaint.

174. Upon information and belief, Defendant has actively induced others to infringe the '776 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '776 patent. To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be

-52-

used to infringe the '776 patent.  Defendant's acts constitute infringement of the '776 patent in violation of 35 U.S.C. § 271(b).

175.   Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '776 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '776 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices.   Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

176.  Upon information and belief, Defendant's acts constitute contributory infringement of the '776 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4 and later devices that constitute material parts of the invention of the asserted claims of the '776 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '776 patent.

177.   Defendant's infringement of the '776 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '776 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

178.  Because of Defendant's infringement of the '776 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

Exhibit AH
Page 561

179.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XVII.  ELEVENTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 10,588,553)

180.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

181.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 1 of the '553 patent under at least 35 U.S.C. § 271(a), (b), and (c).

182.   Upon information and belief, Defendant has directly infringed one or more claims of the '553 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

183.   For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices include all of the limitations of Claim 1 of the '553 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 23.  The Apple Watch Series 4 and later devices are noninvasive optical physiological sensor devices as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:

Case 8:20-cv-00048-JVS-JDE Document 334-3 Filed 04/08/21 Page 332 of 412 Page ID
Case 8:20-cv-00048-JVS-JDE Document 28-4 Filed 03/29/20 Page 56 of 96 Page ID
#:29563



184.   The Apple Watch Series 4 and later devices include a plurality of emitters configured to emit light into tissue of a user, and at least four detectors, wherein at least one of the at least four detectors is configured to detect light that has been attenuated by tissue of the user, and wherein the at least four detectors are arranged on a substrate as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:

185.   The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

Exhibit AH
Page 563

186.   Upon information and belief, the relevant technology in the Apple Watch Series 4 and later devices is described in the below citations to U.S. Patent Application Publication 2019/0072912 (the '912 publication).  A copy of the publication is attached as Exhibit 25.  The Apple Watch Series 4 and later devices include a wall configured to circumscribe at least the at least four detectors and a cover configured to be located between tissue of the user and the at least four detectors when the noninvasive optical physiological sensor is worn by the user, wherein the cover comprises a single protruding convex surface operable to conform tissue of the user to at least a portion of the single protruding convex surface when the noninvasive optical physiological sensor is worn by the user, and wherein the wall operably connects to the substrate and the cover.  Fig. 4C and the corresponding text of the '912 publication show, for example, such wall and cover:



FIG. 4C

Exhibit AH
Page 564

187. Upon information and belief, Defendant has knowledge of Masimo's patents, including the '553 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed provisional patent applications that led to the '553 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '553 patent.  Defendant had knowledge of the '553 patent no later than the filing of this First Amended Complaint.

188. Upon information and belief, Defendant has actively induced others to infringe the '553 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '553 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '553 patent.  Defendant's acts constitute infringement of the '553 patent in violation of 35 U.S.C. § 271(b).

189. Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '553 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '553 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices, including use with Apple iPhones. Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

190. Upon information and belief, Defendant's acts constitute contributory infringement of the '553 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4

-57-

and later devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '553 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are known by Defendant to be especially made or especially adapted for use in an infringement of the '553 patent.

191.   Defendant's infringement of the '553 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '553 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

192.   Because of Defendant's infringement of the '553 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

193.   Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XVIII.  <u>TWELFTH CAUSE OF ACTION</u>
## <u>(INFRINGEMENT OF U.S. PATENT NO. 10,588,554)</u>

194.   Plaintiff Masimo hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

195.   Upon information and belief, Defendant's products, including at least the Apple Watch Series 4 and later devices, infringe at least Claim 21 of the '554 patent under at least 35 U.S.C. § 271(a), (b), and (c).

196.   Upon information and belief, Defendant has directly infringed one or more claims of the '554 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of physiological monitors, including the Apple Watch Series 4 and later devices.

-58-

197. For example, upon information and belief, in operation, the Apple Watch Series 4 and later devices in combination with iPhone devices include all of the limitations of Claim 21 of the '554 patent as set forth herein and further illustrated in the claim chart shown in Exhibit 24. The Apple Watch Series 4 and later devices are physiological measurement systems with physiological sensors as shown in the image below found on the Apple website at https://www.apple.com/apple-watch-series-4/health/:



198. The Apple Watch Series 4 and later devices include a plurality of emitters configured to emit light into tissue of a user, and at least four detectors, wherein each of the at least four detectors has a corresponding window that allows light to pass through to the detector as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666:



199.   The detectors output signals responsive to light from the light emitters attenuated by body tissue.  Upon information and belief, the signals are indicative of a physiological parameter (for example, heart rate) of the wearer.

200.   Upon information and belief, the relevant technology in the Apple Watch Series 4 and later devices is described in the below citations to U.S. Patent Application Publication 2019/0072912 (the '912 publication).  A copy of the publication is attached as Exhibit 25.  The Apple Watch Series 4 and later devices include a wall that surrounds at least the at least four detectors, a cover comprising a single protruding convex surface, wherein the single protruding convex surface is configured to be located between tissue of the user and the at least four detectors when the physiological sensor device is worn by the user, wherein at least a portion of the single protruding convex surface is sufficiently rigid to cause tissue of the user to conform to at least a portion of a shape of the single protruding convex surface when the physiological sensor device is worn by the user, and wherein the cover operably connects to the wall.  Fig. 4C and the corresponding text of the '912 publication show, for example, such wall and cover:

-60-



*FIG. 4C*

201.   The Apple Watch Series 4 and later devices communicate wirelessly with handheld computing devices as shown in the image below found on the Apple website at https://support.apple.com/en-us/HT204666 and as further described at https://support.apple.com/en-us/HT204505:

Exhibit AH
Page 569

202.  Upon information and belief, Defendant has knowledge of Masimo's patents, including the '554 patent, at least based on O'Reilly and Lamego's former positions with Plaintiffs.  Masimo filed provisional patent applications that led to the '554 patent in August 2008, while O'Reilly and Lamego were with Masimo and/or Cercacor.  Lamego is a named inventor of the '554 patent.  Defendant had knowledge of the '554 patent no later than the filing of this First Amended Complaint.

203.  Upon information and belief, Defendant has actively induced others to infringe the '554 patent by marketing and selling the above Apple Watch Series 4 and later devices, knowing and intending that such systems would be used by customers and end users in a manner that infringes the '554 patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such Apple Watch Series 4 and later devices be used to infringe the '554 patent.  Defendant's acts constitute infringement of the '554 patent in violation of 35 U.S.C. § 271(b).

204.  Upon information and belief, Defendant actively induces users to directly infringe the asserted claims of the '554 patent.  By way of example only, upon information and belief, Defendant actively induces direct infringement of the '554 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use of the Apple Watch Series 4 and later devices, including use with Apple iPhones.  Upon information and belief, Defendant knew or should have known that these activities would cause direct infringement.

205.  Upon information and belief, Defendant's acts constitute contributory infringement of the '554 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of the Apple Watch Series 4

-62-

Exhibit AH
Page 570

and later devices and Apple iPhones that constitute material parts of the invention of the asserted claims of the '554 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use and are known by Defendant to be especially made or especially adapted for use in an infringement of the '554 patent.

206. Defendant's infringement of the '554 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '554 patent and its infringement thereof, thus acting in reckless disregard of Masimo's patent rights.

207. Because of Defendant's infringement of the '554 patent, Masimo has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

208. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## XIX.  THIRTEENTH CAUSE OF ACTION
## (TRADE SECRET MISAPPROPRIATION UNDER
## CALIFORNIA'S UNIFORM TRADE SECRET ACT)

209. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

210. This is a cause of action for Misappropriation of Trade Secrets under California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq.*, based upon Defendant's wrongful and improper acquisition, use, and disclosure of confidential and proprietary trade secret information of Plaintiffs.

211. Plaintiffs own trade secrets that include, but are not limited to, Plaintiffs' technical information, sales and marketing information, and other business information relating to non-invasive monitoring of physiological

Exhibit AH
Page 571

parameters and products to perform such monitoring.  Plaintiffs' technical information includes product plans, engineering plans, product briefs, technical drawings, technical specifications, technical data, product designs, system designs, design captures, assembly design requirements, risk analysis, test procedures and results, test data, design review documents, software requirement specifications, technical know-how, manufacturing techniques and procedures, installation techniques and procedures, and invention disclosures.  Plaintiffs' sales and marketing information includes product plans, business plans, customer information, sales pipelines, proposal and quote generation tools, pricing models, pricing schedules, sales training materials, product training materials, marketing and launch plans, marketing analysis, and competitive analysis.  Plaintiffs' other business information includes information for successfully operating a non-invasive patient monitoring company, including personnel information, supplier information, and other business spreadsheets and analysis.  Plaintiffs trade secrets also include combinations and selections of the above information, and knowledge of the varying importance of the information.  Plaintiffs trade secrets also include knowledge for selecting which information and technology are important for improving reliability, improving measurements, and how to successfully combine and implement them to achieve the desired functionality.  Plaintiffs' trade secrets also include negative information, what works well under certain conditions, and trade-offs of selecting certain techniques.   The aforementioned information is referred to herein as Plaintiffs' "Confidential Information."

212.   Plaintiffs' Confidential Information is currently or was, at least at the time of Defendant's misappropriation, not generally known to the public or to other persons who can obtain economic value from its disclosure or use.  All individuals with access to Plaintiffs' Confidential Information were instructed to keep it confidential, and they were subject to obligations to keep Plaintiffs' Confidential Information secret.   For example, Plaintiffs marked documents

Exhibit AH
Page 572

confidential, and instructed those individuals with access to the information to treat it as confidential, restricted access to the information, and required individuals and companies to enter into confidentiality agreements with Plaintiffs in order to receive Plaintiffs' Confidential Information.

213. Plaintiffs' Confidential Information derives independent economic value, actual and potential, because it is, or was at the time of Defendant's misappropriation, not generally known to the public or to other persons who can obtain economic value from its disclosure or use. The actual and potential independent economic value of Plaintiffs' Confidential Information is derived from not being generally known because it gives or gave Plaintiffs an actual and potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use. If others obtained access to Plaintiffs' Confidential Information, they could use the information to deprive Plaintiffs of the business advantage it has over others, as well as to themselves obtain a business advantage over others.

214. Plaintiffs made reasonable efforts under the circumstances to keep Plaintiffs' Confidential Information from becoming generally known. For example, Plaintiffs' efforts included marking documents confidential, instructing individuals with access to the information to treat it as confidential, restricting access to the information, and requiring individuals and companies to enter into confidentiality agreements with Plaintiffs in order to receive Plaintiffs' Confidential Information. Accordingly, Plaintiffs' Confidential Information constitutes a "trade secret" pursuant to Cal. Civ. Code § 3426.1.

215. Plaintiffs are informed and believe, and thereon allege, that Defendant misappropriated Plaintiffs' Confidential Information by acquisition at least from Plaintiffs' former employees who left Plaintiffs to work for Defendant. For example, upon information and belief, Lamego disclosed Plaintiffs' Confidential Information, without Plaintiffs' consent, to Defendant. At the time of

Exhibit AH
Page 573

Case 8:20-cv-00048-JVS-JDE   Document 334-2   Filed 04/08/21   Page 343 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 284-4   Filed 03/29/20   Page 60 of 98   Page ID #:29574
#:29574

disclosure, Lamego knew, or had reason to know, that his knowledge of Plaintiffs' Confidential Information was acquired by an employer-employee relationship, fiduciary relationship, and Lamego's employment agreements, which created a duty for Lamego to keep Plaintiffs' Confidential Information secret.  Lamego also knew, or had reason to know, that disclosing Plaintiffs' Confidential Information to Defendant constituted a breach of those obligations.

216.   At the time of acquisition, Defendant also knew, or had reason to know, that Lamego obtained Plaintiffs' Confidential information pursuant to a duty or obligation to keep Plaintiffs' Confidential information secret.  This duty or obligation arose from an employer-employee relationship, fiduciary relationship, and Lamego's employment agreements.  Among other things, Defendant knew Lamego was the Chief Technical Officer of Cercacor and a Research Scientist at Masimo.  Defendant knew Lamego was under a duty to maintain the secrecy of the information he obtained from Plaintiffs.  Defendant knew Plaintiffs considered the information confidential by virtue of its prior relationship with Plaintiffs.  Defendant had also received a letter dated January 24, 2014, from Plaintiffs explaining that Lamego possessed Plaintiffs' Confidential Information, asking Defendant not to use such information, and attaching a copy of Lamego's Employee Confidentiality Agreement with Cercacor.  Nevertheless, Defendant induced Lamego to disclose Plaintiffs' Confidential Information and Lamego disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant.  Thus, Defendant acquired Plaintiffs' trade secrets through the improper means of its employees breaching a duty to maintain secrecy owed to Plaintiffs, as well as inducing its employees to breach a duty to maintain secrecy owed to Plaintiffs.

217.   Upon information and belief, Defendant used and disclosed Plaintiffs' Confidential Information it obtained from Plaintiffs and their former employees without Plaintiffs' express or implied consent.  For example, Lamego

-66-

used and disclosed Plaintiffs' Confidential Information for the benefit of Defendant while employed by Defendant. As discussed above, Lamego knew or had reason to know that his knowledge of Plaintiffs' Confidential Information was acquired under circumstances giving rise to a duty to maintain its secrecy and limit its use.

218. Defendant further used and disclosed Plaintiffs' Confidential Information at least by incorporating it into Defendant's products and by filing patent applications containing Plaintiffs' Confidential Information, without Plaintiffs' express or implied consent. As discussed above, Defendant knew or had reason to know that its knowledge of Plaintiffs' Confidential Information came from Plaintiffs, Lamego's knowledge of Plaintiffs' Confidential Information came from Plaintiffs, and that Lamego had previously acquired Plaintiffs' Confidential Information by virtue of employer-employee and fiduciary relationships and the Lamego employment agreements, all of which created a duty for Lamego to keep Plaintiffs' Confidential Information secret.

219. Plaintiffs had no way of knowing, or learning, of Defendant's improper acquisition, use, or disclosure prior to January 10, 2017. Defendant did not publish Plaintiffs' Confidential Information in patent applications until after January 10, 2017, and the first product at issue was not announced until 2018. Additionally, based at least on Plaintiffs' conversations with Lamego, Plaintiffs' letter to Apple, and Plaintiffs' confidentiality agreement with Apple, Plaintiffs had no reason to suspect or believe that Defendant had ignored Plaintiffs' letter and improperly acquired, used, and disclosed Plaintiffs' Confidential Information until after Plaintiffs discovered patent applications published after January 10, 2017, and accused products announced in 2018.

220. Defendant and Lamego also led Plaintiffs to believe they intended to respect Plaintiffs' intellectual property rights and concealed Defendant's acquisition, use, and disclosure of Plaintiffs' Confidential Information. Plaintiffs

-67-

notified Defendant that Lamego possessed the Confidential Information on January 24, 2014. Defendant never informed Plaintiffs that Lamego had used or disclosed the Confidential Information. Defendant also requested non-publication of patent applications, which prevented Plaintiffs from learning of the contents of those applications until much later. For example, Defendant requested non-publication of the '268 Application (which issued as the '754 Patent), the '422 Application (which issued as the '997 Patent), and the '664 Application (which issued as the '095 Patent). On information and belief, Defendant requested non-publication of those applications to prevent Plaintiffs from learning those applications contained Plaintiffs' Confidential Information, and from learning the Defendant had acquired, used and disclosed Plaintiffs' Confidential Information.

221. Plaintiffs were harmed by Defendant's acquisition, use, and disclosure of Plaintiffs' Confidential Information, and Defendant's actions were substantial factors in causing Plaintiffs' harm. As a direct and proximate result of Defendant's willful, improper, and unlawful acquisition, use, and disclosure of Plaintiffs' trade secrets, Plaintiffs have suffered, and will continue to suffer, great harm and damage. Plaintiffs will continue to be irreparably damaged unless Defendant is enjoined from further use and disclosure of Plaintiffs' Confidential Information.

222. Defendant was unjustly enriched by Defendant's acquisition, use, and disclosure of Plaintiffs' Confidential Information, and Defendant's actions were substantial factors in causing Defendant to be unjustly enriched. Defendant was unjustly enriched because its misappropriation of Plaintiffs' Confidential Information caused Defendant to receive a benefit that it otherwise would not have achieved.

223. If neither damages nor unjust enrichment caused by Defendant's misappropriation of Plaintiffs' Confidential Information is provable at trial,

-68-

Case 8:20-cv-00048-JVS-JDE  Document 334-3  Filed 04/08/21  Page 346 of 412  Page ID
Case 8:20-cv-00048-JVS-JDE  Document 283  Filed 03/29/20  Page 70 of 96  Page ID #:13872
#:29577

Plaintiffs are entitled to a reasonable royalty for the period of time that Defendant's use of Plaintiffs' Confidential Information could have been prohibited.

224.   The aforementioned acts of Defendant wrongfully misappropriating Plaintiffs' trade secrets were, and continue to be, willful and malicious, warranting an award of reasonable attorneys' fees, as provided by Cal. Civ. Code § 3426.4, and exemplary damages, as provided by Cal. Civ. Code §§ 3294 and 3426.3(c).

## XX.  FOURTEENTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,078,052)

225.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

226.  Lamego is a named inventor of U.S. Patent 10,078,052 presently recorded as owned by Apple.  A true and correct copy of the '052 Patent is attached hereto as Exhibit 27.

227.  The '052 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '052 Patent recites an electronic device comprising a housing defining an aperture; an optical sensing system comprising a light emitter for emitting light through the aperture, the light emitter positioned adjacent the aperture; and a light detector for obtaining a first portion of the light after the first portion of the light reflects from an object; and a reflector disposed about the aperture and adapted to reflect a second portion of the light back into the object after the second portion of the light reflects from the object.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab.  Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '052 Patent, and should have been named as an inventor on the '052 Patent.

Exhibit AH
Page 577

228. In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

229. Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '052 Patent and Masimo has standing to seek correction of inventorship to perfect Masimo's ownership interest in the '052 Patent.

230. In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter. An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3). Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '052 Patent from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '052 Patent and has standing to seek correction of inventorship to perfect Cercacor's ownership interest in the '052 Patent.

231. Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '052 Patent by adding inventor Diab as a named inventor.

Exhibit AH
Page 578

# XXI.  FIFTEENTH CAUSE OF ACTION

## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,247,670)

232.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

233.  Lamego is a named inventor of U.S. Patent 10,247,670 presently recorded as owned by Apple.  A true and correct copy of the '670 Patent is attached hereto as Exhibit 28.

234.  The '670 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '670 Patent recites an electronic device comprising a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab.  Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '670 Patent, and should have been named as an inventor on the '670 Patent.

235.  In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

236.  Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '670 Patent and Masimo has standing to seek correction of inventorship to perfect Masimo's ownership interest in the '670 Patent.

-71-

237.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '670 Patent from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '670 Patent and has standing to seek correction of inventorship to perfect Cercacor's ownership interest in the '670 Patent.

238.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '670 Patent by adding inventor Diab as a named inventors.

## XXII.  SIXTEENTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 9,952,095)

239.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

240.   Lamego is a named inventor of U.S. Patent 9,952,095 presently recorded as owned by Apple.  A true and correct copy of the '095 Patent is attached hereto as Exhibit 29.

241.   The '095 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '095 Patent recites an electronic device comprising a housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the

-72-

measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing. Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab. Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '095 Patent, and should have been named as an inventor on the '095 Patent.

242. In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

243. Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '095 Patent and Masimo has standing to seek correction of inventorship to perfect Masimo's ownership interest in the '095 Patent.

244. In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter. An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No.

Exhibit AH
Page 581

16-3). Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '095 Patent from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '095 Patent and has standing to seek correction of inventorship to perfect Cercacor's ownership interest in the '095 Patent.

245. Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '095 Patent by adding inventor Diab as a named inventor.

## XXIII. **SEVENTEENTH CAUSE OF ACTION**
## **(CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,219,754)**

246. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

247. Lamego is a named inventor of U.S. Patent 10,219,754 presently recorded as owned by Apple. A true and correct copy of the '754 Patent is attached hereto as Exhibit 30.

248. The '754 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '754 Patent recites a method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second

-74-

Exhibit AH
Page 582

initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Al-Ali, Diab, and Weber.  Accordingly, Al-Ali, Diab, and Weber are joint inventors of any patentable subject matter claimed in the '754 Patent, and should have been named as inventors on the '754 Patent.

249.  In written assignments, Lamego, as well as Al-Ali, Diab, and Weber, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade

Exhibit AH
Page 583

secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

250.   Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '754 Patent and Masimo has standing to seek correction of inventorship to perfect Masimo's ownership interest in the '754 Patent.

251.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '754 Patent from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '754 Patent and has standing to seek correction of inventorship to perfect Cercacor's ownership interest in the '754 Patent.

252.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '754 Patent by adding inventors Al-Ali, Diab, and Weber as named inventors.

## XXIV.  EIGHTEENTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 10,524,671)

253.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

Exhibit AH
Page 584

254. Lamego is a named inventor of U.S. Patent 10,524,671 presently recorded as owned by Apple. A true and correct copy of the '671 Patent is attached hereto as Exhibit 31.

255. The '671 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '671 Patent recites a wearable device, comprising a first light source; a second light source, the second light source operating at a different wavelength than the first light source; at least one light receiver; and a processing unit communicably coupled to the first light source, the second light source, and the at least one light receiver; wherein the processing unit is configured to: use the first light source and the second light source to emit light into a body part of a user; and dependent on the light emitted by the first light source and received by the at least one light receiver, compute a pulse rate of the user using the light emitted by the second light source and received by the at least one light receiver. Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab. Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '671 Patent, and should have been named as an inventor on the '671 Patent.

256. In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

257. Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '671 Patent and Masimo has standing to seek correction of inventorship to perfect Masimo's ownership interest in the '671 Patent.

-77-

Exhibit AH
Page 585

258.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '671 Patent from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '671 Patent and has standing to seek correction of inventorship to perfect Cercacor's ownership interest in the '671 Patent.

259.   Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '671 Patent by adding inventor Diab as a named inventor.

## XXV.  NINETEENTH CAUSE OF ACTION
## (DECLARATORY JUDGMENT OF OWNERSHIP OF
## U.S. PATENT NO. 10,078,052)

260.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

261.   U.S. Patent 10,078,052 is recorded as owned by Apple.

262.   The '052 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '052 Patent recites an electronic device comprising a housing defining an aperture; an optical sensing system comprising a light emitter for emitting light through the aperture, the light emitter positioned adjacent the aperture; and a light detector for obtaining a first portion of the light after the first portion of the light reflects from an object; and a reflector disposed about

-78-

Exhibit AH
Page 586

the aperture and adapted to reflect a second portion of the light back into the object after the second portion of the light reflects from the object. Lamego obtained this subject matter from discussions with, or jointly conceived it with Diab. Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '052 Patent, and should have been named as an inventor on the '052 Patent

263. Lamego and Diab made any inventive contributions to at least Claim 1 while they were employees of Masimo.

264. In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

265. Those assignments vested in Masimo all legal and equitable title to patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '052 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '052 Patent, including foreign counterparts.

266. In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter. An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3). That assignment vested in Cercacor all legal and equitable title to patents and patent applications reciting inventions made during his employment, such that, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '052 Patent from, or jointly conceived such subject

Exhibit AH
Page 587

matter with, Cercacor employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '052 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '052 Patent, including foreign counterparts.

267. Based on the forgoing, Plaintiffs seek declaratory relief under at least 28 U.S.C. §§ 2201 & 2202, as well as applicable state contract law and federal patent law, declaring that Masimo is at least a joint owner of the '052 Patent (or, to the extent it is determined that Masimo employees invented all of the patentable subject matter claimed in the '052 Patent, that Masimo is the exclusive owner), and, in the alternative, that Cercacor is a joint owner of the '052 Patent. Plaintiffs also seek an order from the Court directing the Patent Office to amend the Patent Office records to reflect the ownership interest of Masimo and/or Cercacor.

## XXVI. <u>TWENTIETH CAUSE OF ACTION</u>
## <u>(DECLARATORY JUDGMENT OF OWNERSHIP OF</u>
## <u>U.S. PATENT NO. 10,247,670)</u>

268. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

269. U.S. Patent 10,247,670 is recorded as owned by Apple.

270. The '670 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '670 Patent recites an electronic device comprising a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening. Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab. Accordingly,

Exhibit AH
Page 588

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 358 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 284-4   Filed 03/29/20   Page 82 of 96   Page ID #:4354
#:29589

Diab is a joint inventor of any patentable subject matter claimed in the '670 Patent, and should have been named as an inventor on the '670 Patent.

271.  Lamego and Diab made any inventive contributions to at least Claim 1 while they were employees of Masimo.

272.  In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

273.  Those assignments vested in Masimo all legal and equitable title to patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '670 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '670 Patent, including foreign counterparts.

274.  In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  That assignment vested in Cercacor all legal and equitable title to patents and patent applications reciting inventions made during his employment, such that, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '670 Patent from, or jointly conceived such subject matter with, Cercacor employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '670 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '670 Patent, including foreign counterparts.

Exhibit AH
Page 589

275.   Based on the forgoing, Plaintiffs seek declaratory relief under at least 28 U.S.C. §§ 2201 & 2202, as well as applicable state contract law and federal patent law, declaring that Masimo is at least a joint owner of the '670 Patent (or, to the extent it is determined that Masimo employees invented all of the patentable subject matter claimed in the '670 Patent, that Masimo is the exclusive owner), and, in the alternative, that Cercacor is a joint owner of the '670 Patent.  Plaintiffs also seek an order from the Court directing the Patent Office to amend the Patent Office records to reflect the ownership interest of Masimo and/or Cercacor.

## XXVII.  TWENTY-FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT OF OWNERSHIP OF
## U.S. PATENT NO. 9,952,095)

276.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

277.   U.S. Patent 9,952,095 is recorded as owned by Apple.

278.   The '095 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '095 Patent recites an electronic device comprising a housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the housing; and an analog to

-82-

digital converter coupled to an output of the output amplifier and disposed within the housing.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab.  Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '095 Patent, and should have been named as an inventor on the '095 Patent.

279.   Lamego and Diab made any inventive contributions to at least Claim 1 while they were employees of Masimo.

280.   In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

281.   Those assignments vested in Masimo all legal and equitable title to patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '095 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '095 Patent, including foreign counterparts.

282.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  That assignment vested in Cercacor all legal and equitable title to patents and patent applications reciting inventions made during his employment, such that, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '095 Patent from, or jointly conceived such subject matter with, Cercacor employees while Lamego was an employee of Cercacor,

-83-

Cercacor would be a joint owner of the '095 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '095 Patent, including foreign counterparts.

283.   Based on the forgoing, Plaintiffs seek declaratory relief under at least 28 U.S.C. §§ 2201 & 2202, as well as applicable state contract law and federal patent law, declaring that Masimo is at least a joint owner of the '095 Patent (or, to the extent it is determined that Masimo employees invented all of the patentable subject matter claimed in the '095 Patent, that Masimo is the exclusive owner), and, in the alternative, that Cercacor is a joint owner of the '095 Patent.  Plaintiffs also seek an order from the Court directing the Patent Office to amend the Patent Office records to reflect the ownership interest of Masimo and/or Cercacor.

## XXVIII.  TWENTY-SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT OF OWNERSHIP OF
## U.S. PATENT NO. 10,219,754)

284.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

285.   U.S. Patent 10,219,754 is recorded as owned by Apple.

286.   The '754 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees.  For example, Claim 1 of the '754 Patent recites a method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the

-84-

filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.  Lamego obtained this subject matter from discussions with, or jointly conceived it with, Al-Ali, Diab, and Weber.  Accordingly, Al-Ali, Diab, and Weber are joint inventors of any patentable subject matter claimed in the '754 Patent, and should have been named as inventors on the '754 Patent.

287.  Lamego, Al-Ali, Diab, and Weber made any inventive contributions to at least Claim 1 while they were employees of Masimo.

-85-

288.   In written assignments, Lamego, Al-Ali, Diab, and Weber, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

289.   Those assignments vested in Masimo all legal and equitable title to patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '754 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '754 Patent, including foreign counterparts.

290.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  That assignment vested in Cercacor all legal and equitable title to patents and patent applications reciting inventions made during his employment, such that, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '754 Patent from, or jointly conceived such subject matter with, Cercacor employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '754 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '754 Patent, including foreign counterparts.

291.   Based on the forgoing, Plaintiffs seek declaratory relief under at least 28 U.S.C. §§ 2201 & 2202, as well as applicable state contract law and federal patent law, declaring that Masimo is at least a joint owner of the '754 Patent (or, to the extent it is determined that Masimo employees invented all of

Exhibit AH
Page 594

the patentable subject matter claimed in the '754 Patent, that Masimo is the exclusive owner), and, in the alternative, that Cercacor is a joint owner of the '754 Patent. Plaintiffs also seek an order from the Court directing the Patent Office to amend the Patent Office records to reflect the ownership interest of Masimo and/or Cercacor.

## XXIX. TWENTY-THIRD CAUSE OF ACTION
## (DECLARATORY JUDGMENT OF OWNERSHIP OF
## U.S. PATENT NO. 10,524,671)

292. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

293. U.S. Patent 10,524,671 is recorded as owned by Apple.

294. The '671 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '671 Patent recites a wearable device, comprising a first light source; a second light source, the second light source operating at a different wavelength than the first light source; at least one light receiver; and a processing unit communicably coupled to the first light source, the second light source, and the at least one light receiver; wherein the processing unit is configured to: use the first light source and the second light source to emit light into a body part of a user; and dependent on the light emitted by the first light source and received by the at least one light receiver, compute a pulse rate of the user using the light emitted by the second light source and received by the at least one light receiver. Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab. Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '671 Patent, and should have been named as an inventor on the '671 Patent.

295. Lamego and Diab made any inventive contributions to at least Claim 1 while they were employees of Masimo.

-87-

Exhibit AH
Page 595

296.   In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

297.   Those assignments vested in Masimo all legal and equitable title to patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '671 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '671 Patent, including foreign counterparts.

298.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  That assignment vested in Cercacor all legal and equitable title to patents and patent applications reciting inventions made during his employment, such that, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '671 Patent from, or jointly conceived such subject matter with, Cercacor employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '671 Patent and all applications, patents, continuations, divisionals, and reissues that claim priority to the '671 Patent, including foreign counterparts.

299.   Based on the forgoing, Plaintiffs seek declaratory relief under at least 28 U.S.C. §§ 2201 & 2202, as well as applicable state contract law and federal patent law, declaring that Masimo is at least a joint owner of the '671 Patent (or, to the extent it is determined that Masimo employees invented all of

Exhibit AH
Page 596

the patentable subject matter claimed in the '671 Patent, that Masimo is the exclusive owner), and, in the alternative, that Cercacor is a joint owner of the '671 Patent.  Plaintiffs also seek an order from the Court directing the Patent Office to amend the Patent Office records to reflect the ownership interest of Masimo and/or Cercacor.

### XXX.  TWENTY-FOURTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF OWNERSHIP OF
### U.S. PATENT APPLICATION NO. 15/960,507)

300.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42.

301.  U.S. Patent Application 15/960,507 is recorded as owned by Apple.

302.  Any inventive contribution that Lamego could have made to the alleged invention of the subject matter claimed in the '507 application was made while he was a Masimo employee during 2000-2001 and 2003-2006, or a Cercacor employee during 2006-2014.  This includes, for example, Claim 21 of the '507 Application recites a biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: an emitter for transmitting modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog to digital converter to receive an output of the high pass filter."

303.  In written assignments, Lamego agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their

Exhibit AH
Page 597

employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

304.   Those assignments vested in Masimo all legal and equitable title to patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '507 Application and all applications, patents, continuations, divisionals, and reissues that claim priority to the '507 Application, including foreign counterparts.

305.   In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter.  An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3).  That assignment vested in Cercacor all legal and equitable title to patents and patent applications reciting inventions made during his employment, such that, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '507 Application from, or jointly conceived such subject matter with, Cercacor employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '507 Application and all applications, patents, continuations, divisionals, and reissues that claim priority to the '507 Application, including foreign counterparts.

306.   Based on the forgoing, Plaintiffs seek declaratory relief under at least 28 U.S.C. §§ 2201 & 2202, as well as applicable state contract law and federal patent law, declaring that Masimo is at least a joint owner of the '507 Application (or, to the extent it is determined that Masimo employees invented all of the patentable subject matter claimed in the '507 Application, that Masimo is the exclusive owner), and, in the alternative, that Cercacor is a joint owner of the '507 Application.  Plaintiffs also seek an order from the Court directing the

Patent Office to amend the Patent Office records to reflect the ownership interest of Masimo and/or Cercacor.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant for the following relief:

A.    Pursuant to 35 U.S.C. § 271, a determination that Defendant and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them have infringed each of the '265, '266, '628, '708, '190, '191, '994, '695, '703, '776, '553, and '554 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

B.    Pursuant to 35 U.S.C. § 283, an injunction enjoining Defendant and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them from infringing the '265, '266, '628, '708, '190, '191, '994, '695, '703, '776, '553, and '554 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

C.    Pursuant to 35 U.S.C. § 284, an award compensating Masimo for Defendant's infringement of the '265, '266, '628, '708, '190, '191, '994, '695, '703, '776, '553, and '554 patents through payment of not less than a reasonable royalty on Defendant's sales of infringing products;

D.    Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Defendant's infringement of each of the '265, '266, '628, '708, '190, '191, '994, '695, '703, '776, '553, and '554 patents in view of the willful and deliberate nature of the infringement;

E.    Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional

-91-

Exhibit AH
Page 599

case, and an award of reasonable attorneys' fees and non-taxable costs;

F.     An assessment of prejudgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

G.     That Defendant be adjudged to have misappropriated Plaintiffs' trade secrets in violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.*, and that Defendant's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

H.     That Defendant be adjudged to have been unjustly enriched;

I.     That Plaintiffs be awarded damages for actual losses, unjust enrichment, and/or a reasonable royalty pursuant to Cal. Civ. Code § 3426.3.

J.     That Defendant, its agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant, be forthwith temporarily, preliminarily, and thereafter permanently required to return all of Plaintiffs' trade secrets and confidential information and enjoined from further using and disclosing to any third parties any of Plaintiffs' trade secrets and confidential information;

K.     That Defendant be enjoined from selling or offering to sell any product, including Defendant's Apple Watch Series 4 and later devices, that includes or uses any of Plaintiffs' trade secrets;

L.     That Defendant be directed to file with this Court and to serve on Plaintiffs within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

M.     That Defendant be required to account to Plaintiffs for any and all gains, profits, and advantages derived by it, and all damages sustained by Plaintiffs, by reason of Defendant's acts complained herein;

Exhibit AH
Page 600

N.     That Plaintiffs be awarded exemplary damages and reasonable attorneys' fees pursuant to Cal. Civ. Code § 3426.3(c) and 3426.4;

O.     That the U.S. Patent and Trademark Office be directed to correct the inventorship of the '052, '670, '095, '754 and '671 patents to add the correct inventors;

P.     An order imposing a constructive trust for the benefit of Plaintiffs over: (1) any trade secrets Defendants obtained from Plaintiffs; (2) any profits, revenues, or other benefits obtained by Defendants as a result of any disclosure or use of trade secrets obtained from Plaintiffs; and (3) the Lamego Patents and the Lamego Patent Applications;

Q.     That Plaintiffs be declared exclusive owners, or at least joint owners, of the patents and patent applications that are based on Plaintiffs' developments, including the '052, '670, '095, '754 and '671 patents, and the '507 application, and all applications, patents, continuations, divisionals, and reissues that claim priority to those patents and that patent application, including foreign counterparts;

R.     An award of taxable costs; and

S.     That this Court award such other and further relief as this Court may deem just.


                                     Respectfully submitted,

                                     KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  March 25, 2020      By: */s/ Perry D. Oldham*
                                     Joseph R. Re
                                     Stephen C. Jensen
                                     Perry D. Oldham
                                     Stephen W. Larson

                                     Attorneys for Plaintiffs,
                                     Masimo Corporation and
                                       Cercacor Laboratories, Inc.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 25, 2020        By: */s/ Perry D. Oldham*

Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

32313943

-94-

# Exhibit AI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

                Plaintiffs,

      v.

APPLE INC.,
a California corporation,

                Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

PROTECTIVE ORDER

       Based on Plaintiffs' Motion for Protective Order (Dkt. 61, "Motion"), the Joint Stipulation of the parties (Dkt. 61-1), the evidence submitted in support of and in opposition to the Motion (Dkt. 61-2 to 61-5), including the parties' respective proposed protective orders (Dkt. 61-2, Exh. 2, and Dkt. 61-5, Exh. A), and the June 23, 2020 Order by the Honorable Judge James V. Selna, United States District Judge (Dkt. 59), and good cause appearing therefor, the Motion is granted, in part, and the Court finds and orders as follows.

Case 8:20-cv-00048-JVS-JDE   Document 634-3   Filed 04/28/21   Page 374 of 412   Page ID
#:29605
Case 8:20-cv-00048-JVS-JDE   Document 634-3   Filed 04/28/21   Page 2 of 32   Page ID #:9857

## 1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, including disclosures under Rule 26, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

-1-

information is justified in this matter, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable authority. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

-2-

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.   <u>DEFINITIONS</u>

4.1   Action: this pending federal lawsuit.

4.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26, and as specified above in the Good Cause Statement.

4.4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely confidential and/or sensitive "Confidential

-3-

Exhibit AI
Page 607

Information or Items," disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.

4.5    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), source code comments, object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.  Other documents that quote source code or internal documents that contain specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be narrowly applied, may be designated pursuant to this Paragraph, provided that the Producing Party also produces a redacted version designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," which removes the quoted source code or specific descriptions of source code.  Native Computer Aided Design (CAD) files may be designated pursuant to this Paragraph, provided that any printouts of CAD files shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and will not be included in the page limits discussed in Section 11 below.

4.6    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.7    Designating Party or Producing Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," HIGHLY CONFIDENTIAL –

-4-

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

4.8    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.9    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.10    House Counsel: attorneys who are employees of a party to this Action.   House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.11    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.13    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

-5-

4.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."   Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

4.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   SCOPE

5.1   All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.   Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

5.2   The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.

5.3   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose.

-6-

Case 8:20-cv-00048-JVS-JDE   Document 634-3   Filed 04/26/21   Page 380 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 674-3   Filed 05/30/20   Page 9 of 32   Page ID #:9383
#:29611

5.4    This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Producing Party or by order of the Court.

5.5    This Order does not preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order, including, without limitation, moving for an order that certain matter not be produced at all.

5.6    Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6.    <u>DURATION</u>

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the information was made public during trial. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

7.    <u>DESIGNATING PROTECTED MATERIAL</u>

7.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

-7-

Exhibit AI
Page 611

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "Confidentiality legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

-8-

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are designated within 30 days of receipt of the transcript of the testimony.  During the 30-day period, the entire transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is recorded (by video or otherwise), the original and all copies of the recording shall be  designated pursuant to the terms of this Protective Order.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

-9-

Exhibit AI
Page 613

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 9.2(c), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  The parties reserve the right to object to the use of any image format version of a document produced in native file format to the extent any information has been altered.

7.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. Upon such timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving

-10-

Exhibit AI
Page 614

Parties shall return or securely destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in the following Paragraph below) at the appropriately designated level pursuant to the terms of this Order.

A subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in Paragraph 10.

8      CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.   Timing and Form of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.   Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in Local Rule 37-1.

-11-

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 385 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 67-4   Filed 06/30/20   Page 13 of 32   Page ID #4368
#:29616

8.2    <u>Meet and Confer</u>. It shall be the responsibility of the Challenging Party to initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in accordance with Section 5.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 17 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party in a secure manner at a location in the United States that ensures that access is limited to the persons authorized under this Order. For any Protected Material that is subject to export control, such material shall be so marked or designated by the Designating Party and the Receiving Party shall upon receipt be responsible for complying with all applicable United States Export Administration Regulations and shall take all reasonable steps to so comply,

Exhibit AI
Page 616

including taking steps to ensure such material is not exported outside the United States or provided to foreign nationals to whom such assess is restricted.

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

Nothing in this Protective Order shall preclude a party from using material obtained lawfully from a source other than the Producing Party, even if the Producing Party also designated the material pursuant to this Protective Order.

9.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, including the expert's support staff, provided that: (1) such consultants or experts are not presently an officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party and (2) such expert or consultant is not

-13-

involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party. At least fourteen (14) days before access to the Protected Material is to be given to a consultant or expert, the consultant or expert shall complete the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the same shall be served upon the producing Party along with the following "Pre-Access Disclosure Requirements":

> (i)     a current curriculum vitae of the consultant or expert;

> (ii)    identification of the consultant or expert's present employer and job title;

> (iii)   identification of all of the person's past and current employment and consulting relationships in the past five years, including direct relationships and relationships through entities owned or controlled by the person, including but not limited to, an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of non-invasive physiological monitoring technologies, or relating to the acquisition of intellectual property assets relating to non-invasive physiological monitoring;

> (iv)    identification (by application number, title, and filing date) of all pending patent applications on which the person is named as an inventor, in which the person has any ownership interest, or as to which the person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

-14-

Exhibit AI
Page 618

(v)    a listing (by name and number of the case, filing date, and location of court) of any litigation in connection with which the person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

The Party seeking to disclose Protected Material shall provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. Objection Process: The producing party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  In the absence of an objection within fourteen (14) days of the date on which the Producing Party receives notice that a consultant or expert will be given access to Protected Material, the person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the person prior to expiration of this fourteen (14) day period.  If an objection is received within that fourteen (14) day period, the Parties agree to meet and confer within seven (7) days following the objection and to use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days of the meet and confer.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) the court and its personnel;

(e) court reporters, videographers, and their staff;

-15-

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, other documents, or sworn witness testimony;

(h) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(i) any other person with the prior written consent of the Producing Party; and

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. If a Designating Party believes a party is not acting in good faith in seeking to show Protected Material to a witness during a deposition, the Designating Party may seek a further protective order under Local Rule 37 to prevent the showing of Protected Material to the witness, with the Designating Party bearing the burden

-16-

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 390 of 412   Page ID
Case 8:20-cv-00048-JVS-JDE   Document 67-4   Filed 06/30/20   Page 18 of 32   Page ID #:3173
#:29621

of proof to show that the party seeking to show Protected Material to a witness during a deposition is not acting in good faith.

9.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 9.2 (a), (c)-(i), who are not competitive decision-makers of a Party as defined by applicable authorities.

10.   <u>PROSECUTION BAR</u>

After the adoption of this provision by the parties, Outside Counsel of Record and any person associated with a Party who receive a Producing Party's material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order who accesses or otherwise learns of, in whole or in part, said material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order shall not prepare, prosecute, supervise, advise, counsel, or assist in the preparation or prosecution of any patent application seeking a patent on behalf of the Receiving Party or its acquirer, successor, or predecessor in the field of non-invasive monitoring during the pendency of this Action and for two years after final termination of this action.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing or advising a Party before a domestic or foreign agency in connection with a reissue, ex parte reexamination, covered business method review, *inter partes* review, opposition, cancelation, or similar proceeding; though in connection with any such agency proceeding involving the patents-in-suit, Outside Counsel

-17-

of Record for a Receiving Party shall not: (i) participate in the preparation, prosecution, supervision, advice, counsel, or assistance of any amended claims; (ii) reveal a Producing Party's Protected Material to any prosecuting reexamination counsel or agent; or (iii) use a producing Party's Protected Material for any purpose not permitted by Section 5. The applicability of this provision is to be determined on an individual-by-individual basis such that an individual attorney who has not received Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is not restricted from undertaking any activities by virtue of this provision even if said individual attorney is employed by or works for the same firm or organization as an individual who has received such Protected Material.

11.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(b)   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 10, and may be disclosed only to the individuals identified in Paragraphs 9.2(a), (c), (d), (e), (g), and (j), subject to the restrictions set forth in Paragraph 9.3.

(c)   Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and

-18-

searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel in the Central District of California or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for

-19-

use on the Source Code Computer.        The Parties agree to cooperate in good faith if additional software becomes necessary on an expedited basis.

(e)        The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(f)        The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph (c) in the first instance.  Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code or more than two hundred (200) pages total shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.   Within ten (10) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.   The Parties will cooperate in good faith if a different timeframe for production is required.    If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.   The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.   The printed pages

-20-

shall constitute part of the Source Code produced by the Producing Party in this action.

(g)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.    All persons viewing Source Code on the source code computer shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The log shall be kept by the Producing Party.

(h)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room; failure to do so could be deemed a waiver of confidentiality to any materials left behind.  The Producing Party is not responsible for any items left in the room following each inspection session. But all counsel remain bound by their ethical duties regarding the handling and possible return of work product inadvertently left behind by a representative of an opposing party. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

-21-

Exhibit AI
Page 625

(i)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(f), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon request from the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party as soon reasonably practicable and in no event more than three (3) days after receipt of such request.

(j)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  Absent agreement of the Parties or order of this Court, no more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report).  The Parties agree to cooperate in good faith if it becomes necessary for more than fifteen (15) individuals to have access to the printed portions of the Source Code. Nothing in this paragraph reflects an agreement by any Party in advance that access by more than fifteen individuals is warranted.

(k)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party it wishes to use Source Code at the deposition, and the Producing Party shall bring printed

-22-

copies of the Source Code to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The Producing Party shall maintain the marked deposition exhibits during the pendency of this case. All other paper copies of Source Code brought to the deposition by the Producing Party shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(l)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate or order of this Court. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials

-23-

containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.   Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this Order.

12.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, including one issued by any court, arbitral, administrative or legislative body or a court order issued in other litigation, that requests or compels disclosure of any Protected Material, that Party must:

(a)  promptly notify in writing each Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

-24-

Case 8:20-cv-00048-JVS-JDE  Document 334-3  Filed 04/08/21  Page 398 of 412  Page ID
Case 8:20-cv-00048-JVS-JDE  Document 67-4  Filed 06/30/20  Page 26 of 32  Page ID #:3531
#:29629

action as "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a
determination by the court from which the subpoena or order issued, unless the
Party has obtained the Designating Party's permission. The Designating Party
shall bear the burden and expense of seeking protection in that court of its
confidential material and nothing in these provisions should be construed as
authorizing or encouraging a Receiving Party in this Action to disobey a lawful
directive from another court.

13.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced
by a Non-Party in this Action and designated as Protected Material. Such
information produced by Non-Parties in connection with this litigation is
protected by the remedies and relief provided by this Order. Nothing in these
provisions should be construed as prohibiting a Non-Party from seeking
additional protections.

(b) In the event that a Party is required, by a valid discovery
request, to produce a Non-Party's confidential information in its possession, and
the Party is subject to an agreement with the Non-Party not to produce the Non-
Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-
Party that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective
Order in this Action, the relevant discovery request(s), and a reasonably specific
description of the information requested; and

-25-

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

Exhibit AI
Page 630

15.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

16.    MISCELLANEOUS

16.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2    Right to Assert Other Objections. By agreeing to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

Exhibit AI
Page 631

disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

16.4  <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

16.5  <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their successors, and anyone who obtains access to Protected Material.

16.6  <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  All disputes between the Parties concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

16.7  <u>Computation of Time</u>.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

-28-

## 17.    FINAL DISPOSITION

After the Final Disposition of this Action, as defined in Paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, but must return or destroy any pleadings, correspondence, and consultant or expert work product that contain information designated "HIGHLY CONFIDENTIAL – SOURCE CODE." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 6 (DURATION).

/ / /

/ / /

/ / /

/ / /

-29-

18.     <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated:  June 30, 2020

_____

JOHN D. EARLY
United States Magistrate Judge

-30-

Case 8:20-cv-00048-JVS-JDE   Document 334-3   Filed 04/08/21   Page 404 of 412   Page ID #:29637
Case 8:20-cv-00048-JVS-JDE   Document 67-4   Filed 06/30/20   Page 32 of 32   Page ID #:3637
#:29635

### EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Masimo Corp., et al. v. Apple Inc.*, United States District Court, Central District of California, Southern Division, Civil Action No. 8:20-cv-00048-JVS (JDEx). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]

-31-

# Exhibit AJ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**      (In Chambers) Order Denying Motion for Reconsideration (Dkt. 72)

### I.
### INTRODUCTION

On June 23, 2020, the Honorable James V. Selna, United States District Judge, ordered as follows:

> The parties shall meet and confer and submit a joint proposed protective order to the Magistrate Judge no later than June 27, 2020. Absent complete agreement, the parties shall submit to the Magistrate Judge by the same date a single Protective Order with alternative provisions for the Magistrate Judge to resolve all disputes.

Dkt. 59 at 2. On June 26, 2020, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") and Defendant Apple Inc. ("Defendant") filed a Joint Stipulation (Dkt. 61-1) in support of the Motion for a Protective Order (Dkt. 61, "Motion"), with evidence in support of each side's position (Dkt. 61-2 to 61-5), including the parties' respective proposed protective orders (Dkt. 61-2, Exh. 2, and Dkt. 61-5, Exh. A) and a redlined version reflecting differences between the parties' respective versions (Dkt. 61-2, Exh. 4).

On June 30, 2020, finding good cause, the Court entered a 30-page Protective Order adopting and rejecting portions of each side's proposals and crafting some language independent of the parties' proposals, citing the foregoing filings as the basis for the Protective Order. See Dkt. 67 ("Protective Order") at 1.

On July 8, 2020, Defendant filed a Motion for Partial Reconsideration of the Protective Order (Dkt. 72, "Reconsideration Motion") and supporting Memorandum (Dkt. 72-1 ("Mem.")). Defendant asks the Court to reconsider two aspects of the Protective Order:

Exhibit AJ
Page 637

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

(1) the denial of Defendant's proposal authorizing three of its in-house counsel to have access to Plaintiffs' trade secret disclosures designated "Highly-Confidential Attorney's Eyes Only" ("AEO"); and (2) the denial of Defendant's proposed patent acquisition bar. Mem. at 1-2. On July 16, 2020, Plaintiffs filed an Opposition (Dkt. 80, "Opposition" or "Opp.") with supporting evidence (Dkt. 83 to 83-6). On July 23, 2020, Defendant filed its Reply. Dkt. 84 ("Reply").

The Reconsideration Motion is now fully briefed, and the Court finds it may be appropriately decided without oral argument. As a result, the hearing noticed for August 6, 2020 is vacated. For the reasons set forth below, the Reconsideration Motion (Dkt. 72) is DENIED.

### II.
### LEGAL STANDARD

Local Civil Rule 7-18 of this Court provides, in part:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Except for certain exempt cases and motions not applicable here and except for "discovery motions (which are governed by Local Rules 37-1 through 37-4), Local Rule 7-3 provides, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to the filing of the motion. Local Rule 7-3. Separately, Local Rule 37-1 provides, in part:

Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

Local Rules 37-1 to 37-4 describes the procedures required for such "good faith effort[s]" and for the presentation of discovery disputes to the Court through a joint stipulation.

Courts may deny motions for failure to comply with the Local Rules' requirements for such motions. See Tri-Valley CARES v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Pina v. Lewis, 717 F. App'x 739, 740 (9th Cir. 2018) (holding district court may properly deny "a motion to compel for failing to comply with local rules").

**III.**
**DISCUSSION**

A. Defendant Failed to Meet and Confer Prior to Filing the Reconsideration Motion

Defendant does not dispute that the Reconsideration Motion was not preceded by a meet and confer conference under either Local Rule 7-3 or 37-1. Reply at 5. Instead, Defendant argues no meet and confer requirement existed for the Reconsideration Motion. Defendant's argument is not well-taken.

Defendant argues that Local Rule 7-3 does not apply because it excludes from its ambit "'discovery motions (which are governed by Local Rules 37-1 through 37-4).'" Reply at 5 (quoting Local Rule 7-3). However, as the quoted portion of Local Rule 7-3 provides, a party filing a discovery motion must proceed by way of the procedures "govern[ing] such [discovery] motions," which includes the requirement under Local Rule 37-1 that the moving party arrange for a conference of counsel to confer in good faith to attempt to resolve as many disputes as possible, and, if not resolved, proceed by way of a joint stipulation for presentation to the Court. See Local Rule 37-1, 37-2. Defendant did not do so. As Defendant did not proceed under the procedures required by Local Rules 37-1 to 37-4 for discovery motions, it cannot rely on the "discovery motion" exception to the meet and confer requirements of Local Rule 7-3. Whether under Local Rule 7-3 or Local Rule 37-1, Defendant was required to attempt to meet and confer in good faith prior to filing the Reconsideration Motion. It did not do so.

The Motion is therefore denied for failure to comply with the Local Rules' pre-filing meet and confer requirement. See Tri-Valley CARES, 671 F.3d at 1131; Pina, 717 F. App'x at 740.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

B. <u>Defendant Has Not Shown A Basis For Reconsideration Under Local Rule 7-18</u>

Defendant contends Local Rule 7-18 provides "the standard on this Motion." Reply at 5. The only basis under Local Rule 7-18 proffered by Defendant is its contention that "it appears that the Court manifestly failed to consider material facts presented by [Defendant] before entering the Protective Order," asserting that the Court entered the Protective Order "without explanation." Mem. at 1 & n.1. Defendant's position is again not well-taken.

In entering the 30-page Protective Order, the Court found it was supported by good cause, noting it was "[b]ased on Plaintiffs' Motion for Protective Order (Dkt. 61, "Motion"), the Joint Stipulation of the parties (Dkt. 61-1), the evidence submitted in support of and in opposition to the Motion (Dkt. 61-2 to 61-5), including the parties' respective proposed protective orders (Dkt. 61-2, Exh. 2, and Dkt. 61-5, Exh. A), and the June 23, 2020 Order by the Honorable Judge James V. Selna, United States District Judge (Dkt. 59)." Protective Order at 1. The Court considered the parties' respective evidence, arguments, and authorities contained in the documents recited above, totaling more than 950 pages, and accepted and rejected language proffered by both sides in connection with different disputes. The Court considered all material facts presented to it.

Defendant has not made "a manifest showing of a failure to consider material facts presented to the Court before such decision." That Defendant disagrees with two provisions in the heavily contested Protective Order is not a basis for reconsideration under Local Rule 7-18. The Reconsideration Motion is denied as unsupported under Local Rule 7-18.

C. <u>Nothing in the Reconsideration Motion Causes the Court to Reconsider Its Findings</u>

As noted, the Court considered Defendant's evidence and argument submitted in connection with the Motion. Nonetheless, by the Reconsideration Motion, Defendant asks the Court to reconsider its decision to deny two provisions that Defendant had sought to have included in the Protective Order: (1) a provision permitting three of Defendant's in-house counsel to have access to Plaintiffs' AEO trade secret disclosures; and (2) a patent acquisition bar. The Court has considered the argument set forth in the Reconsideration Motion. Nothing therein causes the Court to change anything in the Protective Order.

As to the first issue, although styled as a "reconsideration" motion, Defendant seeks different relief in the Reconsideration Motion than it sought in the underlying Motion. Defendant now asks that the Protective Order permit two of its in-house counsel "at a minimum" to be permitted access to Defendants' AEO trade secret disclosures (<u>see</u> Mem. at 7, n.3); yet in connection with the Motion, Defendant sought three in-house counsel to be permitted such access. <u>See</u> Dkt. 61-2 at 107 (CM/ECF pagination); Mem. at 6, n.3. In

Exhibit AJ
Page 640

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
| --- | --- | --- | --- |
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

addition, Defendant now states it "is ready and willing to designate attorneys from its litigation group who are not competitive decision makers and who are willing to be bound by the Protective Order" to have such access (Mem. at 5), but the language it proposed in connection with the Motion was not so limited. Although access to AEO material by outside counsel was limited to persons "not involved in competitive decision-making" on behalf of a party, Defendant's proposal had no such restriction for access to AEO material by its three in-house attorneys. Compare Dkt. 61-2 at 107 (CM/ECF pagination), lines 3-5 with lines 10-14.

Thus, with respect to the first issue upon which Defendant seeks "reconsideration," it does not seek reconsideration. Instead, it is asking the Court to consider and rule on a different proposal. The Court could not have manifestly failed to consider facts or proposal that were not placed before it in the Motion. Further, by seeking to present a different alternative now, Defendant is not in compliance with Judge Selna's June 23, 2020 order, which ordered the parties, if they could not agree to a protective order, to present their proposed "alternative provisions" for a protective order by June 27, 2020. See Dkt. 59 at 2. Defendant made its proposals and briefed them. After considering Defendant's proposal and its supporting evidence and argument on this issue, the Court found Plaintiffs' position was well-taken and supported by good cause. See Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Bolding v. Banner Bank, 2020 WL 3605593, at *1 (W.D. Wash. July 2, 2020) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). Nothing in the Reconsideration Motion causes the Court to reconsider its findings or order on this issue, even as newly presented.

With respect to the second issue, in ruling on the Motion and entering the Protective Order, the Court similarly considered the parties' evidence and argument regarding the appropriateness of a patent acquisition bar as part of the Protective Order, including the nature of the information at issue, the scope of the activities proposed to be limited by the bar, the duration and subject matter of the proposed bar, the risk and potential injury that could be caused by inadvertent use of protected material, and the potential injury to the barred party on whose counsel the restriction would be imposed, among other things, and concluded it was not warranted under the relevant authorities and the facts here. Nothing offered in the Reconsideration Motion causes the Court to reconsider its ruling to not include Defendant's proposed acquisition bar language in the Protective Order. However, if Defendant believes facts and circumstances warrant it, the Protective "Order does not

Case 8:20-cv-00048-JVS-JDE   Document 93   Filed 08/04/20   Page 6 of 6   Page ID #:6331

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | August 4, 2020 |
|----------|--------------------------|------|----------------|
| Title | Masimo Corporation, et al., v. Apple Inc. | | |

preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order . . .." Protective Order, ¶ 5.5. Nothing prevents Defendant from commencing a meet and confer process with Plaintiffs on issues relating to a claimed need for additional protection and, if the parties are unable resolve the issue informally despite a good faith attempt to do so, proceeding as required by the Local Rules to seek to modify the Protective Order.

The Court finds no basis to reconsider the Protective Order at this time.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. 72) is DENIED.

Exhibit AJ
Page 642

# Exhibit AK

Redacted Version of Document
Proposed to Be Filed Under Seal