JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DECLARATION OF JOSHUA LERNER IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DE-DESIGNATE** <br><br> Judge:    Magistrate Judge John D. Early <br> Date/Time:  April 22, 2021 / 10:00 AM <br> Courtroom: 6A <br><br> Discovery Cutoff:    7/5/2021 <br> Pre-trial Conference:  3/21/2022 <br> Trial:    4/5/2022 |

## <u>DECLARATION OF JOSHUA LERNER</u>

I, Joshua Lerner, declare and state as follows:

1.      I am an attorney duly licensed to practice law before this Court and all courts of the State of California.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in the above-captioned action.  I make this declaration in support of Apple's Motion to De-Designate (the "Motion").  I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2.      Apple's ability to defend itself has been hampered by Plaintiffs' overbroad and improper Attorneys' Eyes Only ("AEO") designations in Plaintiffs' Fourth Amended Complaint ("4th AC") and their Amended Section 2019.210 Disclosure ("2019 Disclosure").  Plaintiffs have designated as AEO category headings that the Court has found not to be trade secrets, information copied from Apple's patents, and boilerplate allegations of misappropriation.

3.      Due to Plaintiffs' AEO designations, Apple's defense counsel cannot even share with Apple's in-house counsel or witnesses the names of the high level categories of Plaintiffs' alleged technical trade secrets.  These AEO designations have hampered Apple's ability to identify possible custodians and witnesses—and identify which documents are relevant.

4.      Plaintiffs assert that certain Apple patents—published by the United States Patent & Trademark Office—disclose their alleged trade secrets.  Due to Plaintiffs' designations, however, Apple's defense counsel cannot inform Apple's witnesses—including the inventors named on the patents themselves—which claims or disclosures contained in those publicly available patents are the subject of Plaintiffs' trade secret misappropriation claim.

5.      Due to Plaintiffs' AEO designations, Apple's defense counsel also cannot review with Apple in-house counsel or Apple witness any interrogatory response that (i)

Gibson, Dunn &
Crutcher LLP

cites the relevant portions of Apple's published patents in the context of generally discussing the alleged trade secrets, or (ii) refers to Plaintiffs' high level categories of technical trade secrets.

6.     Due to Plaintiffs' AEO designations, Apple's defense counsel also cannot show Apple's in-house counsel or witnesses pictures of the Apple Watch that are included in the complaint, although these pictures merely depict a portion of the Apple Watch that any consumer could see by simply taking the Apple Watch apart. Specifically, pictures of portions of the Apple Watch follow Paragraphs 239 and 240 of the 4th AC and have been designated as AEO.  The pictures purportedly disclose the general location of where the allegedly misappropriated secrets reside in the Apple Watch and what structures incorporate the alleged secrets.  It is important to Apple's defense that it be allowed to show its in-house counsel and personnel the portion of the Apple Watch structure at issue.  Sharing this information with Apple personnel under the Protective Order is necessary in order to fully investigate Plaintiffs' allegations, identify the individuals most knowledgeable about the subject matter—including possible custodians and witnesses, and identify which documents are relevant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of March 2021, in San Francisco, California.


By:  */s/Joshua H. Lerner*
     Joshua H. Lerner

DECLARATION OF JOSHUA LERNER IN SUPPORT OF APPLE'S MOTION TO DE-DESIGNATE
CASE NO. 8:20-CV-00048-JVS (JDEX)