Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**DECLARATION OF MOHAMED DIAB IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO DE-DESIGNATE** |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

I, Mohamed Diab, hereby declare as follows:

1. I am the co-founder and a Senior Research Scientist at Masimo Corporation ("Masimo"). I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.

2. I make this declaration in support of Plaintiffs' Opposition to Apple's Motion to De-Designate.

3. I understand the term "Plaintiffs" is used in this litigation to refer jointly to Masimo and Cercacor Laboratories, Inc., and I used that term in this declaration.

4. I understand Plaintiffs' Fourth Amended Complaint uses the phrases "█████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████" to describe categories of Plaintiffs' asserted trade secrets. Plaintiffs spent decades developing these trade secrets. ████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

-1-

1 ▮
2 ▮
3 ▮

4  5.  Plaintiffs maintain these techniques, and the knowledge of which techniques work in particular circumstances, as confidential because they have put significant resources into developing these techniques and believe these techniques are part of what makes Plaintiffs' products the most accurate products on the market. Plaintiffs' identified categories of asserted trade secrets reflect Plaintiffs' acquired knowledge of which techniques, processes, and methods are most appropriate to achieve Plaintiffs' desired results. Plaintiffs have spent decades of time, effort, and resources identifying the value, importance, and appropriateness of the confidential techniques within these categories.

 6.  Plaintiffs also believe our competitors would find these techniques incredibly valuable and use them to compete against us. Disclosing Plaintiffs' identified categories of trade secrets to Apple or other competitors would inform Plaintiffs' competitors regarding which aspects of Plaintiffs' technology are important and suggest areas where Plaintiffs' competitors should focus their research. Disclosing this confidential information would give Plaintiffs' competitors an unfair head start in developing competing "▮

▮

▮."

 7.  Disclosing Plaintiffs' identified categories of trade secrets to Apple or other competitors would harm Plaintiffs and benefit Plaintiffs' competitors by revealing which techniques Plaintiffs identified as being of importance through decades of research. Few if any competitors focus as much attention on researching and developing techniques in these areas. ▮

-2-

1 ███████████████████████████████████████████
2 ███████████████████████████████████████████
3 ███████████████████████████████████████████
4 ███████████████████████████████████████████
5 ████████████████████████████

6     8.    I have reviewed patents from other companies during my career
7 and understand that not every feature disclosed in a patent is the company's
8 most important technology and that some features are never commercialized,
9 and many do not even work. I also consider the source of the information in
10 determining how reliable and important the information is. Apple is not
11 considered a leader in health care or non-invasive monitoring. Therefore, I do
12 not believe that Apple's patents would be considered likely to be a good source
13 of information about valuable techniques for non-invasively measuring
14 physiological parameters, ████████████████████████████████
15 ████████

16    9.    Plaintiffs believe that disclosing to Plaintiffs' competitors that
17 ███████████████████████████████████████████
18 ███████████████████████████████████████████
19 ███████████████████████████████████████████
20 ███████████████████████████████████████████
21 ███████████████████████████████████████████
22 ███████████████████████████████████████████
23 ███████████████████████████████████████████
24 ███████████████████████████████████████████
25 ███████████████████████████████████████████
26 ████████████████████████████

27    10.   I have reviewed the images below Paragraphs 239 and 240 of the
28 Fourth Amended Complaint, which identify features of the Apple Watch that

-3-

Plaintiffs assert incorporate or use Plaintiffs' confidential techniques. Disclosure of those images would harm Plaintiffs and benefit Plaintiffs' competitors by informing Plaintiffs' competitors of the features and structures that Plaintiffs consider important and informing them where to focus their research and development efforts. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

11. Plaintiffs also maintain their personnel information as confidential. Plaintiffs employ some of the brightest minds in the industry and much of our success comes from the people that work with us on particular projects. While I am aware that some employees have LinkedIn profiles, I am not aware of Plaintiffs publicly identifying the names of key employees who helped develop Plaintiffs' specific confidential technical or marketing information in the categories above. I am also not aware of Plaintiffs publicly identifying the names of key employees who know about Plaintiffs' confidential information, much less the confidential information at issue in this particular case. Plaintiffs believe that disclosing to Plaintiffs' competitors a list of Plaintiffs' employees who helped develop or who know about Plaintiffs' confidential technical or marketing information at issue here would harm Plaintiffs and benefit Plaintiffs' competitors because it would enable them to use that information to target and recruit Plaintiffs' critical research and marketing employees.

12. Plaintiffs are technology leaders with industry-leading performance due, in part, to their decades-long investment in their confidential technical and marketing information. As a general matter, disclosure of any of

Plaintiffs' confidential information to Plaintiffs' competitors would harm Plaintiffs and benefit Plaintiffs' competitors because it would inform competitors in identifying areas of research and in developing their own products to compete against Plaintiffs' products. This would enable competitors to profit from Plaintiffs' lengthy and costly identification and development of Plaintiffs' confidential information.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 7, 2021, at Laguna Niguel, California.

*/s/ Mohamed Diab*

Mohamed Diab

34727229