Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO APPLE'S MOTION TO DE-DESIGNATE** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal portions of Plaintiffs' Supplemental Memorandum In Opposition To Apple's Motion To De-Designate ("Supplemental Memo"). Plaintiffs have provided a proposed redacted version of the Supplemental Memo.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . .." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

### A. The Information Plaintiffs Seek To Seal Is Confidential

The redacted portions of Plaintiffs' Supplemental Memo contain descriptions of information that Plaintiffs assert constitute trade secrets as well as other information Apple has designated as highly confidential. Each category is described in more detail below.

First, redacted portions of Plaintiffs' Supplemental Memo discuss Plaintiffs' confidential and proprietary trade secret category headings. Katzenellenbogen Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secret category headings were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. For example, competitors could use Plaintiffs' trade secret category headings as a roadmap to focus their competitive research on these specific areas. Thus, Plaintiffs would be harmed if these trade secret category headings were disclosed. *Id.*

Second, the redacted portions of Plaintiffs' Supplemental Memo discuss material that has been designated by Apple as "highly confidential" under the protective order in this case. *Id.* ¶ 5.

**B.     The Court Should Grant Plaintiffs' Application to Seal**

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Determining whether information is not a trade secret "requires a fact-intensive analysis" to show that the information is generally known. *Kittrich*

*Corp. v. Chilewich Sultan, LLC*, 2013 WL 12131376, at *4 (C.D. Cal. Feb. 20, 2013). Because Plaintiffs have industry-leading technologies, knowing which particular techniques Plaintiffs use or consider effective is valuable information that competitors could use to improperly compete against Plaintiffs. Such information would inform competitors' selection of techniques and strategies because they would better understand which techniques and strategies originated with Plaintiffs.

Moreover, the Court previously granted numerous applications to seal similar information that Plaintiffs allege is a trade secret, including: (1) Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction (Dkt. 110); (2) Plaintiffs' Application to Seal Documents Filed in Support of Apple's Opposition to Plaintiffs Motion for Preliminary Injunction (Dkt. 145); (3) Plaintiffs' Application to Seal Portions of Plaintiffs Opposition to Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint (Dkt. 179); (4) Plaintiffs' Application to Seal Portions of Plaintiffs' Opposition to Apple's Motion to Stay (Dkt. 208); (5) Plaintiffs' Application and [Proposed] Order Granting Leave to File Third Amended Complaint Under Seal (Dkt. 230); and (6) Plaintiffs' Application to File Under Seal Plaintiffs' Opposition to Apple's Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. 246). Dkt. 113; Dkt. 152; Dkt. 182; Dkt. 210; Dkt. 232; Dkt. 249. The Court should grant this Application for the same reasons it granted the prior applications.

Apple designated some of this material as "highly confidential." Katzenellenbogen Decl. ¶ 5. Plaintiffs respectfully request the Court seal that material based on Apple's representation that it meets the requirements of the Protective Order. *Id.*

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of Plaintiffs' Supplemental Memorandum In Opposition To Apple's Motion To De-Designate ("Supplemental Memo").

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 15, 2021            By: */s/ Benjamin A. Katzenellenbogen*
                                      Joseph R. Re
                                      Stephen C. Jensen
                                      Benjamin A. Katzenellenbogen
                                      Perry D. Oldham
                                      Stephen W. Larson
                                      Adam B. Powell

                                      Attorneys for Plaintiffs,
                                      Masimo Corporation and
                                      Cercacor Laboratories