1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
8
   Adam B. Powell (Bar. No. 272725)
9  adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
10 3579 Valley Centre Drive
   San Diego, CA 92130
11 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

12 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

13

14            **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
15                         **SOUTHERN DIVISION**

16                                          ) Case No. 8:20-cv-00048-JVS-JDE
                                            )
17 MASIMO CORPORATION,                      )
   a Delaware corporation; and             ) **PLAINTIFFS' SUPPLEMENTAL**
18 CERCACOR LABORATORIES, INC.,            ) **MEMORANDUM IN OPPOSITION**
   a Delaware corporation                   ) **TO MOTION TO DE-DESIGNATE**
19                                          )
               Plaintiffs,                   )
20                                          ) [Discovery Document: Referred to
                                            ) Magistrate Judge John D. Early]
21        v.                                 )
                                            )
22 APPLE INC., a California corporation     )
                                            ) Date:    April 29, 2021
23             Defendant.                    ) Time:    10:00 AM
                                            ) Ctrm:    6C
24                                          )
                                            ) Discovery Cut-Off:      7/5/2021
25                                          ) Pre-Trial Conference:  3/21/2022
                                            ) Trial:                 4/5/2022
26                                          )
                                            )
27 _____ )
              **UNREDACTED VERSION OF DOCUMENT**
28              **PROPOSED TO BE FILED UNDER SEAL**

Plaintiffs submit this Supplemental Memorandum in Opposition to Apple's Motion to De-Designate (Dkt. No. 336) to address Apple's most recent designations of its own highly confidential information.

## I.  APPLE'S CONFIDENTIALITY DESIGNATIONS CONFIRM THAT PLAINTIFFS' DESIGNATIONS ARE PROPER

The day after Plaintiffs provided their portion of the Joint Stipulation regarding this Motion, Apple designated as "highly confidential" (or "AEO") the same type of information that Apple asserts Plaintiffs improperly designated. Apple made its designations in a different motion—the Joint Stipulation Regarding Apple's Motion To Compel Plaintiffs To Immediately Proceed With ESI Discovery (hereafter "ESI Motion"). *See* Ex. 12 (Dkt. 331) at 1 (representing the information Apple redacted in the ESI Motion contains "information designated 'highly confidential' under the protective order in this case"). Apple's designations of its own information as AEO confirms that Plaintiffs' designations are proper.

## A.  Apple's Designations Confirm Plaintiffs Properly Designated Their Highly Confidential Categories of Trade Secrets

Apple asserts that Plaintiffs' categories of trade secrets "do not themselves reveal confidential, let alone extremely confidential, sensitive confidential, or trade secret, information." Jt. Stip. at 12. Whether those words would reveal highly confidential information in the abstract is irrelevant. In the context of Plaintiffs' trade secret allegations, the categories identify highly confidential information that was properly designated AEO. *See id.* at 29-31. Plaintiffs' categories of trade secrets identify specific information regarding Plaintiffs' trade secrets that, if revealed to competitors, would provide them with a roadmap to identify the technological areas Plaintiffs spent decades identifying as important. *See* Diab Decl. at ¶ 6-7.

Apple's AEO designations of Apple's own information confirm the importance of context. In the ESI Motion, Apple designated for redaction terms like ████ ████████ and ██████ that do not themselves reveal confidential technology. *See*

-1-

1  Ex. 13 (Dkt. 332-1) at 27-28, 30-31. However, in context, the term ████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████ *See id.* Apple appears to have designated its code names based on the context

5  in which they appear. Apple's designations confirm that Plaintiffs' designations based

6  on context are appropriate. This is particularly true because Plaintiffs' category

7  headings—████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  convey far more information by themselves than mere code names.

10         Apple also argued that Plaintiffs' categories do not define a clearly identifiable

11  trade secret. Jt. Stip. at 13.  But Apple's designation of the words ████████ and ████

12  which do not define clearly identifiable trade secrets, confirms that this is not the

13  standard.   Highly confidential information need not constitute trade secrets to be

14  properly designated AEO. *See* Kaounis Decl. (Dkt. 334-3), Ex. AI (Dkt. 67) at ¶ 4.4. In

15  addition to being wrong, Apple's criticisms of Plaintiffs' designations are also

16  inconsistent with Apple's repeated references to fairness. *See, e.g.*, Jt. Stip. at 23 ("This

17  is a matter of fairness. . . ."); *id.* at 25th ("Fundamental fairness requires that this

18  information be de-designated."); *id.* ("Plaintiffs' designations would lead to an absurd

19  and unfair result"). Apple cannot object to Plaintiffs designating the same type of

20  information Apple designates as AEO.

21  **B.     Apple's Designations Confirm That Plaintiffs Properly Designated Their**

22          **ESI Custodian Chart**

23         Apple asserts that connecting the name of an employee to statements summarizing

24  the employee's job responsibilities or describing areas of knowledge "does not warrant

25  AEO protection." Jt. Stip. at 67.  However, in its ESI Motion, Apple designated as AEO

26  information that identifies job responsibilities and areas of knowledge of various Apple

27  employees.   For example, Apple redacted the following information about various

28  employees: ████████████████████████████████████████████████

-2-



Ex. 13 (Dkt. 332-1) at 27-32. Each description cited an exhibit that Apple also designated AEO. *Id.*; *see also* Ex. 12 (Dkt. 331) at 1.

Apple's designation of this information as AEO confirms that companies (including Apple) recognize the extreme commercial sensitivity of employee job responsibilities and areas of knowledge. *See In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 163 (N.D. Cal. 1992) (recognizing confidential nature of documents that contain identities of key personnel). Apple's designation of this employee information confirms that Plaintiffs properly designated their ESI custodian chart as AEO. *See* Jt Stip. at 66.

## C.   **Apple's Designations Confirm That Plaintiffs' Properly Designated Contextual Allegations**

Plaintiffs properly designated allegations in the Fourth Amended Complaint that contained highly confidential information about Plaintiffs' trade secrets as AEO. *See* Jt. Stip. at 9-11 (citing ¶¶ 234, 236, 237, 241, 242, 244, 247, 250, 253, 254, 256, and 258).

1  Plaintiffs designated sentences that included some words and phrases that, on their own,

2  might not reveal highly confidential information. *See* Jt. Stip. at 41.

3      In its ESI Motion, Apple similarly designated sentences that contained code

4  names without trying to parse confidential words or phrases from non-confidential

5  words and phrases. For example, Apple designated the following complete sentences

6  describing employee responsibilities: ███████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  █████████████████████████████████ Ex. 13 (Dkt. 332-1) at 27-31.

22      Apple's designation of its own information at the sentence level confirms that

23  Plaintiffs properly designated their information at the same level.

24  **II.  <u>APPLE'S PROPOSED ORDER CONFLICTS WITH ITS ARGUMENTS</u>**

25      Apple argues in the Joint Stipulation that "allowing the information [at issue] to

26  be shared with Apple's in-house counsel and personnel could not create any risk of harm

27  to Plaintiffs" because "[t]hese individuals will be bound by the terms of the PO"

28  regarding use of "confidential information." Jt. Stip. at 14. ***After*** Plaintiffs provided their

portion of the joint stipulation, however, Apple served its Proposed Order requesting a draconian finding that none of the designated information at issue qualifies for even "confidential" protection and should be made entirely ***public***. Dkt. 336-5. Apple's request is inconsistent with Apple's arguments that Plaintiffs' information would continue to be governed by the terms of the Protective Order. Plaintiffs' information should remain AEO to protect against the risk of even inadvertent use or disclosure, and it certainly should not be made public. *See* Jt. Stip. at 29.

Apple's Proposed Order also confirms that Apple is trying to use this discovery Motion to obtain a determination on the merits that some aspects of Plaintiffs' trade secrets have been publicly disclosed. Rather than narrowly requesting permission to share limited information with Apple's in-house counsel and personnel, Apple seeks a ruling that none of the information at issue is even ***confidential***. Apple's request is both legally incorrect and procedurally improper. *See A.O. Smith Corp. v. Petroleum Iron Works Co. of Ohio*, 73 F.2d 531, 539 (6th Cir. 1934) (trade secrets can include information that was "long unnoticed upon the public commons" until "one more observant than the rest makes discovery."); Ex. 10 (Dkt. 264) at 7 ("to the extent that a defendant believes that an alleged trade secret is already disclosed by patents . . . ***the appropriate time to raise such an argument is during summary judgment***." (emphasis added)).

Plaintiffs respectfully request the Court reject Apple's attempt to use this discovery motion to try to gain an advantage on the merits. Plaintiffs' designations are reasonable, consistent with the Protective Order, and consistent with Apple's own confidentiality designations.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 15, 2021                By: /s/ Benjamin A. Katzenellenbogen
                                         Joseph R. Re
                                         Stephen C. Jensen
                                         Benjamin A. Katzenellenbogen
                                         Perry D. Oldham
                                         Stephen W. Larson
                                         Mark D. Kachner
                                         Adam B. Powell

                                         Attorneys for Plaintiffs
                                         MASIMO CORPORATION and
                                         CERCACOR LABORATORIES, INC.

34769886