JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DE-DESIGNATE**<br><br>Judge:       Magistrate Judge John D. Early<br>Date/Time: April 29, 2021 / 10:00 AM<br>Courtroom: 6A<br><br>Discovery Cutoff:       7/5/2021<br>Pre-trial Conference:  3/21/2022<br>Trial:                        4/5/2022 |

Gibson, Dunn & Crutcher LLP

Supp. Brief ISO Apple's Mot. to De-Designate       Case No. 8:20-cv-00048-JVS (JDEx)

The issue before the Court is whether *Plaintiffs* have met *their burden* to show information qualifies as "AEO"—that the information is "extremely confidential and/or sensitive 'Confidential Information,' disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage" to Plaintiffs. PO § 4.4. Plaintiffs have not carried their burden.

A.  **Plaintiffs' Arguments Are Wrong and Do Not Address the Relevant Issue**

*First*, Apple's motion does not attempt to litigate "the merits that Apple's publication rendered Plaintiffs' trade secrets generally known." JS 6. Whether Plaintiffs' trade secrets were known (p. 36-7) and thus *not* a protectable secret *at the time of alleged misappropriation* is likewise irrelevant. The issue before the Court is whether Plaintiffs have met their burden to demonstrate that the disputed information presently qualifies for an AEO designation under the PO.

*Second*, Apple is not seeking to relitigate anything. Judge Selna has not addressed whether the specific disputed information qualifies as AEO. This is distinct from whether information on the public docket should be sealed or whether Apple's in-house counsel should have access to the descriptions of *all* of Plaintiffs' alleged trade secrets.

*Third*, Plaintiffs' argument (p. 47) that there is "nothing unusual or unfair" about relying on sophisticated outside counsel is inapt. It assumes Plaintiffs have met their burden to justify their AEO designations in the first instance. They have not. Apple does not dispute that *proper* AEO designations require it to rely on outside counsel. But here, Apple is prejudiced by Plaintiffs' manifestly overbroad and unsupported designations.

*Finally*, the issue is not whether "Apple's in-house counsel needs more access" to certain information (though it does). JS 4. Plaintiffs' overbroad AEO designations are not excused because they let Apple in-house counsel see a small subset of the disputed information *once, without being able to take notes*, simply to evaluate a compromise proposal. *See* Kaounis Decl. ¶ 14. Nor does Apple have the burden to show it needs information that is improperly designated in the first place. *See, e.g.*, PO § 8.4.

Gibson, Dunn & Crutcher LLP

1

Supp. Brief ISO Apple's Mot. to De-Designate        Case No. 8:20-cv-00048-JVS (JDEx)

B. **Claimed Trade Secret Category Headings Are Not AEO**

Plaintiffs' declaration purports to address "confidential techniques *within* the[ir] categories" of technical trade secrets, Diab. Decl. ¶ 5 (emph. added),[1] but does not demonstrate that the *category names* are unknown to others. Indeed, Plaintiffs' pulse oximeters exist to calculate ▇▇▇▇▇▇▇▇, and they obviously do so using ▇▇▇▇. It is likewise no secret that Plaintiffs find value in "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Plaintiffs publicly allege that the "'▇▇ Patent claims subject matter that Lamego obtained from . . . Masimo employees," and publicly quote ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ from that Patent. *See* Ex. 6, 4th AC ¶¶ ▇▇▇▇. The Court's public Order on Plaintiffs' motion for preliminary injunction further states that "Masimo uses a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." ECF 206 at 2; *see also* ECF 273 at 13 (order publicly referencing "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"

Plaintiffs' allegations of harm likewise lack merit. Plaintiffs' assertion that its competitors would gain an "unfair head start," JS 30, simply by knowing their claimed technical trade secret *categories* lacks any basis in fact or logic, as does the assertion that knowing these headings would allow anyone to "piece together Plaintiffs' trade secrets," *id.* at 31. The headings reveal *nothing* about Plaintiffs' alleged underlying secrets, and this Court does not have to accept Plaintiffs' implausible claims suggesting otherwise. *See Oracle Am. v. Google*, 2012 WL 1189898, at *1 (N.D. Cal. Jan. 4, 2012) (denying motion after finding "attorney-prepared declaration" was "unpersuasive").[3]

---

[1] The declarant, Mr. Diab, does not describe himself as having a role at Cercacor; it is thus unclear how he has personal knowledge of Cercacor's trade secrets or the impact that disclosure would have on Cercacor. *See e.g.*, Diab Decl. ¶¶ 1-4.

[2] Plaintiffs cite *Scranton Prod. v. Bobrick Washroom Equip.*, 190 F. Supp. 3d 419, 440 (M.D. Pa. 2016). That opinion found four words that "relate[d]" to plaintiff's trade secrets merited an AEO designation, but did not reveal the words or describe how they related to trade secrets at issue.

[3] Further underscoring the impropriety of Plaintiffs' AEO designations is that the names of categories of technical trade secrets are frequently disclosed—often in more detail than Plaintiffs' headings. *See, e.g.*, *Keyssa v. Essential Prods.*, 2019 WL 176790, at *2 (N.D. Cal. Jan 11, 2019) (describing trade secret categories as: "Circuitry and semiconductor architecture," "antennae, transmitter, and deceiver designs to minimize channel crosstalk and maximize signal integrity," and "Methods for minimizing electromagnetic interference, radiofrequency interference, and electrostatic discharge").

C. **Near-Verbatim References to Apple's Patents Are Not AEO**

Once information is published in a patent, it is public. *Stutz Motor Car v. Reebok*, 909 F. Supp. 1353, 1359 (C.D. Cal. 1995). Public information does not qualify for AEO protection. PO § 4.4. Plaintiffs do not dispute that the allegations in 4th AC Paragraphs 40(10)–(15) and 42(4)–(5) are: (1) published in Apple's patents, *see* JS 40 (claiming Apple "improperly published Plaintiffs' information [in patents]"); 4th AC ¶¶ 235, 243, and (2) copied near verbatim from the '███ and '███ Patents, *see* chart at JS § II.A.2.b. The inquiry stops there—public information cannot be "highly confidential."

In an attempt to evade this logic, Plaintiffs rely on a misguided "context" argument: that their allegations are confidential because no one "would have selected these Apple patents . . . as being particularly important, and then focused on specific portions . . . as providing critical information." *Id.* at 37. Put differently, Plaintiffs claim that the "secret" is the value they place on these specific patent excerpts. This argument fails for a simple reason: Plaintiffs have already publicly accused Apple of incorporating their ███████████ and ███████████ into Apple's patents. *See* 4th AC ¶¶ ███████████████████████████████████████████████████████████████████████████████████████. That Plaintiffs have based four public patent ownership claims on this information broadcasts that they find it valuable. Regardless, there is no authority for this illogical position—Plaintiffs have identified no case holding that an alleged trade secret published in a patent or revealed in a commercially available product is not actually "public" so long as the information is not explicitly identified as a trade secret.[4]

Plaintiffs' cases are inapposite. In *Atlantic Research Marketing Systems, Inc. v.*

---

[4] Plaintiffs are also wrong to suggest that whether something is public turns on whether it is generally known. JS 37. There is no "generally known" standard for confidentiality designations—it is either public or it is not—and it is *Plaintiffs'* burden to show that information is AEO. PO § 8.4.

*Troy*, the court held that whether the alleged trade secret was "'something beyond' what was disclosed in the [] patent" was a "matter[] for the jury." 659 F.3d 1345, 1357 (Fed. Cir. 2011). This misses the point. The information here ***is*** the language of the patents—it does not go "beyond" it. And unlike in *Cedars Sinai Med. Ctr. v. Quest Diagnostic*, 2018 WL 2558388, at *5 (C.D. Cal. Feb. 27, 2018), the Court here need not "sift through" the patents to "discern whether they fully disclose everything about" Plaintiffs' alleged secrets—there is no dispute that *all* the information at issue is published in patents. *Id*.

### D. Other Boilerplate Allegations (in JS § II.A.1) Are Not AEO

Plaintiffs concede that they have not "[e]xercise[d] [] [r]estraint and [c]are in [d]esignating [m]aterial" AEO. PO § 7.1. Based on the chart they included, JS 44-45, and their request that only information within brackets remain designated AEO, JS 43-44, Plaintiffs concede that: (1) the disputed allegations in Paragraphs 247 and 253 do not merit AEO protection; (2) the disputed allegations in Paragraphs 234, 236-37, 241-42, 244, 254, 256, 258 do not merit AEO protection if the Court agrees that the category headings of the technical trade secrets are not AEO; and (3) the rest of the disputed allegations in Paragraphs 236, 244, and 250 do not merit AEO protection if the Court agrees that the references to the ' ▮▮▮▮▮▮▮▮ Patents and certain healthcare institutions in those paragraphs are not AEO. *See* Appendix A. The Court should find that these references are not AEO, as Plaintiffs publicly allege that the ▮▮▮▮▮▮▮▮ Patents claim subject matter that Lamego obtained from Masimo. *See* 4th AC ¶¶ ▮▮▮▮▮▮▮▮. Plaintiffs' relationships with the institutions in Paragraph 250 are also public. JS 26 n.2.

Separately, Plaintiffs' assertion that de-designating information would allow Apple to "freely circulate" the information to Apple's engineers, JS 46, is belied by the PO, PO. § 5 ("Protected Material shall be used solely for this case…").

### E. Apple Watch Images Are Not AEO

Plaintiffs argue that Apple Watch images are confidential because there is nothing

Gibson, Dunn & Crutcher LLP

4

Supp. Brief ISO Apple's Mot. to De-Designate        Case No. 8:20-cv-00048-JVS (JDEx)

that "would identify these specific images, or this combination of images, as identifying aspects of Plaintiffs' trade secrets." JS 59. But again, Plaintiffs offer no support for their "context" argument.[5] Pictures derived from the commercially-available Apple Watch are not confidential. Examples are readily available on the internet. JS 53-54.

Plaintiffs' claim that "disclosing these images" in the context of the Complaint would provide "highly confidential information" about their alleged trade secrets, JS 59, and that the images alone "■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■," Diab Decl. ¶ 10 (emphasis added), makes no sense. And the argument that "[c]ompetitors, including Apple, could use this information to focus their research and development efforts," JS 59—is also meritless. Apple is not requesting to *unseal* these allegations; thus "other competitors" will not gain access to these images. And since Apple built the Watch, it already knows the internal structures and their value. The Court does not have to accept Plaintiffs' illogical assertions of supposed harm. *See, e.g.*, *Oracle*, 2012 WL 1189898, at *1.

**F.    Plaintiffs' ESI Disclosures Are Not AEO**

Whether Apple's in-house counsel already has access to the ESI custodian chart is irrelevant—the issue is whether Plaintiffs have properly designated it AEO. They have not. Plaintiffs' argument that their ESI custodians list merits "AEO" designation is solely rooted in the unfounded concern that Apple will "recruit Plaintiffs' employees." JS 69. Further, this Court has previously de-designated an employee list and rejected the claim that employee names and a "vague and brief description of the subject matter of their anticipated testimony" represent a "roadmap" to recruiting personnel. *Bryant v. Mattel*, 2007 WL 5416684, at *4-5 (C.D. Cal. Feb. 6, 2007) (confidentiality designation was "unnecessary because the protective order contains a prohibition against using any Litigation Materials . . . for non-litigation purposes").

---

[5]  Plaintiffs' cases are irrelevant; they concern whether information qualifies as a trade secret *at the time of misappropriation*.

Gibson, Dunn & Crutcher LLP

5

Supp. Brief ISO Apple's Mot. to De-Designate     Case No. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| 1 | Dated: April 15, 2021 | GIBSON, DUNN & CRUTCHER LLP |

By:   /s/ *Joshua H. Lerner*

Joshua H. Lerner
H. Mark Lyon
Brian M. Buroker
Brian A. Rosenthal
Ilissa Samplin
Angelique Kaounis
Brian K. Andrea

*Attorneys for Defendant Apple Inc.*