Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000;
Facsimile: (858) 707-4001

*Attorneys for Plaintiffs Masimo Corp. and Cercacor Labs., Inc.*

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

*Attorneys for Defendant Apple Inc.*
*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, CERCACOR LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **SUPPLEMENTAL MEMORANDUM REGARDING APPLE'S MOTION TO COMPEL PLAINTIFFS TO IMMEDIATELY PROCEED WITH ESI DISCOVERY** <br><br> Judge:      Magistrate Judge John D. Early <br> Date/Time: April 29, 2021 / 10:00 AM <br> Courtroom: 6A <br><br> Discovery Cutoff:           7/5/2021 <br> Pre-trial Conference:      3/21/2022 <br> Trial:                              4/5/2022 |

Gibson, Dunn & Crutcher LLP

Supp. Mem. Re Apple's Mot. to Compel       Case No. 8:20-cv-00048-JVS (JDEx)

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

Now that Plaintiffs finally lifted their embargo on moving forward with a dozen custodians, Apple asks that the Court enter Apple's proposed order that the parties "proceed with ESI discovery for twelve custodians per side, without prejudice to either side's ability to seek ESI from additional custodians later, if reasonable and appropriate." Both sides win if the Court enters the proposed order to immediately proceed with twelve custodians each: Plaintiffs can continue to search the custodians they agree are relevant, and Apple may collect, search, and produce documents from key individuals involved with the core issues or subjects in this case. Plaintiffs can argue for more custodians if there is a reasonable and appropriate basis for doing so, but discovery will not be on hold while they do that. Indeed, Apple has already agreed to add two additional custodians based on the information Plaintiffs provided (for the first time) in their opposition.

Turning to Plaintiffs' arguments, Apple is—to be clear—not requesting a protective order. Apple seeks a simple arrangement that is contemplated by the ESI Agreement and laid out in plain terms in the proposed order.

## A. Entering the Proposed Order Will Move Discovery Forward Efficiently

The ESI Agreement entered by the parties in this matter is the culmination of lengthy negotiations, during which the parties agreed to work together "in an attempt to reach agreement on a procedure" for ESI discovery "using a reasonable list of custodians" who were "knowledgeable about and who were involved with the core issues or subjects in this case. Dkt. 51 ¶ 1. Since October, Apple has endeavored to do just that—discuss a reasonable procedure. Plaintiffs have resisted, instead insisting on unbounded ESI discovery and "disclos[ure] [of] all potential custodians," J.S. at 42, an arrangement never contemplated during negotiations, let alone provided for in the final ESI Agreement. As the chronology of the parties' correspondence on ESI discovery demonstrates, this unfortunate defiance of the spirit and letter of the ESI Agreement is what ushered this dispute to the Courthouse.

Apple expended considerable energy over the past two months attempting to work with Plaintiffs to discern their basis for alleging that the nearly 50 Apple custodians from

-1-

whom they seek ESI have relevant, non-duplicative information. *See, e.g.*, J.S. at 5–10, Dkt. 333-2, Exs. P, V, AK. Regrettably, instead of providing that information as part of the meet and confer process and obviating the need for motion practice, Plaintiffs provided this information *for the very first time* in six pages of briefing. J.S. at 26-33. Although the form and timing is unfortunate, Apple is considering the information Plaintiffs provided and will continue discussions. While Apple hopes the parties can continue to discuss without the Court's involvement, Apple notes that an initial review of the information Plaintiffs provided illustrates the overbreadth of Plaintiffs' position. For example, Plaintiffs copied and pasted the phrase "likely has technical documents relating to the Accused Products" 27 times. (J.S. at 26–31.) Then, 28 times, Plaintiffs' copied and pasted the verbatim accusation that proposed custodians may have documents related to the "implementation of Plaintiffs' trade secrets." (J.S. at 27–32.) The repetition illustrates that Plaintiffs lack a basis to believe these individuals have relevant, non-duplicative ESI that Plaintiffs will not receive from the individuals Apple identified as those whom actually are " knowledgeable about and were involved with the core issues or subjects in this case," as required by the ESI Agreement. Dkt. 51 ¶ 1. To the contrary, Plaintiffs are fishing, and looking for bait wherever they can find it. For example, it appears that Plaintiffs copied at least 19 names from a New Hire Onboarding document produced by Apple that lists a directory of Apple employees that Mr. Lamego may want to meet. (Dkt. 332-3, Ex. 19.)

With respect to Tim Cook, the CEO of Apple, his only connection to this case is that the Fourth Amended Complaint alleges that he "interviewed" O'Reilly and made general statements about Apple's commitment to healthcare. Dkt. 296-1 ¶ 230. Plaintiffs argue that Mr. Cook is "directly relevant" because he "recruited O'Reilly to leave Masimo and join Apple," J.S. at 4, 32, but that allegation is not in the Complaint and cannot form a legitimate basis to justify collecting his documents. Mr. Cook is not a relevant custodian and Plaintiffs "do[] not have a factual basis to obtain ESI discovery from [a senior executive]." *Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal.

Feb. 20, 2019) (holding that plaintiffs "may elect to obtain ESI from a custodian who is a senior executive," only if they "ha[ve] a factual basis to believe that such senior executive has relevant information."); *see also Lauris v. Novartis*, 2016 WL 7178602, at *5 (E.D. Cal. Dec. 8, 2016) ("[T]he Court will require more than mere speculation to order Defendants to include the apex custodians in the search protocol.").

**B.     The Proportionality Requirement of Rule 26 Supports Apple's Approach**

"[T]he right to discovery, even plainly relevant discovery, is not limitless" and must also be proportional to the needs of the case. *AECOM Energy & Construction, Inc. v. Ripley*, No. 17-cv-5398-RSWL-SS, 2018 WL 4705914, at *2 (C.D. Cal. Apr. 26, 2018). Plaintiffs' cases highlight that Rule 26 was amended "to confront the problem of over-discovery and to allow the court to proportion discovery." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 5055241, at *2 (D.N.J. Aug. 21, 2015).

Plaintiffs' expansive wish list of nearly fifty custodians remains a disproportionate approach to ESI discovery, and the cases they cite do not suggest otherwise. In an effort to make their list appear palatable, Plaintiffs cherry-pick cases unrelated to trade secrets where the parties agreed that a relatively large number of custodians was appropriate given the scope and history of the case. Despite what Plaintiffs' misleading parentheticals may suggest, these cases nearly uniformly support Apple's proposal to begin with a workable set of key custodians and expand if necessary. Plaintiff's only authority from this jurisdiction is *U.S. v. Allergan, Inc.*, 2021 WL 969215, at *2 (C.D. Cal. Mar. 1, 2021), where the Court rejected the relator's attempt to "add 50 additional custodians" in a false claims act case alleging more than twelve years of fraudulent conduct. The cases they cite from other jurisdictions likewise do not justify starting with 49 custodians in *this* case. *Kleen Products LLC v. Packaging Corporation of America.*, 2012 WL 4498465, at *15 (N.D. Ill. Sept. 28, 2012) was an antitrust case alleging seven years of anticompetitive behavior, where the Court afforded plaintiffs the opportunity to select "eight additional custodians" because they "had no input on the initial custodian determinations" and the case was 'still in the early stages of discovery." *Black & Veatch Corp. v. Aspen Ins. (UK)*

-3-

*Ltd.*, 2014 WL 806122, at *7-8 (D. Kan. Feb. 28, 2014) was decided under a different legal standard, as plaintiffs there were seeking a protective order, but the list of 60 custodians in that case was deemed reasonable as it represented a subset of 467 identified individuals involved in a contract dispute.  The court in *Garcia Ramirez v. U.S. Immigration and Customs Enforcement*, 331 F.R.D. 194, 199 (D.D.C. 2019), a class action challenging immigrant youth detention practices, also was faced with a motion for a protective order but its decision supports Apple's proposal, as discovery there began with eighteen initial custodians.[1]  *City of Sterling Heights*, 2015 WL 5055241, at *3-4 is also fully consistent with the sensible approach Defendants seek: there, the court rejected plaintiffs' request for "22 to 45 additional custodians" and instead allowed "up to an additional ten."  Similarly, in *Oracle Am., Inc. v. Google Inc.*, 2015 WL 7775243, at *1–2 (N.D. Cal. Dec. 3, 2015), the court rejected Plaintiffs' proposal "to add twenty-two individuals to the existing list of twenty-seven" and instead allowed "ten additional custodians."

While Plaintiffs harp on the point that Apple is a large and profitable company (*see, e.g.*, J.S. at 26, 39), a lawsuit against Apple does not merit a large number of custodians without regard for proportionality.  *See City of Sterling Heights*, 2015 WL 5055241, at *4 ("Although Prudential is a large corporation with substantial resources, the Court should not be-and is not-insensitive to these costs.").  The fact that Plaintiffs asserted trade secret claims regarding the development of the Apple Watch does not entitle them to discovery from every employee who worked on that device or interacted with someone who did.  For example, many of Plaintiffs' allegations—and their alleged basis for seeking ESI from nearly 50 individuals—relate to the conduct of Marcelo Lamego, who worked at Apple for

---

[1] Unlike the situation in *Garcia Ramirez*, Apple has not "gathered and searched" data from Plaintiffs' entire custodian list, and doing so would incur substantial costs. *Williams v. Apple, Inc.*, 2020 WL 5107639 (N.D. Cal. Aug. 31, 2020). Plaintiffs assert that "any burden is primarily associated with the number of **documents** reviewed—not **custodians** searched." J.S. at 3; *see also id.* at 39. Plaintiffs offer no support for this baseless view.

six months and had no direct reports, contrary to Plaintiffs' belief otherwise. The approach laid out in the proposed order is fully in line with what courts do in comparable cases. *See, e.g., Alta Devices, Inc.*, 2019 WL 8757255, at *1 (finding that plaintiffs' "demand for ESI discovery from 33 custodians is not proportional to the needs of this [trade secrets] case" and limiting the list to "no more than **10** custodians."); *see also Intel Corp. v. Rivers*, 2019 WL 4318583, at *5 (E.D. Cal. Sept. 12, 2019) (finding it "reasonable" to search a "specific set" of **11** custodians in a trade secrets matter.)

At the end of the day, if the goal is to generate relevant, non-duplicative information, the best way to do that is to move forward with a reasonable procedure designed to efficiently identify and produce that information from those that have it. That's what was contemplated by the parties' ESI Agreement, and what Apple wants to do here. Plaintiffs ask the Court to "deny Apple's motion and order Apple to conduct [] a reasonable search under the Federal Rules." (JS at 19.) However, if a reasonable search under the Federal Rules is what Plaintiffs seek, *granting* Apple's motion will provide them their desired outcome. Thus, Apple respectfully asks the Court to enter the proposed order, and set dates for a mutual exchange of search terms and commencement of rolling productions.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

Dated: April 15, 2021    By: /s/
Joshua H. Lerner
H. Mark Lyon
Brian M. Buroker
Brian A. Rosenthal
Ilissa Samplin
Brian K. Andrea
Angelique Kaounis

*Attorneys for Defendant Apple Inc.*