Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL PLAINTIFFS TO IMMEDIATELY PROCEED WITH ESI DISCOVERY**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date: April 29, 2021<br>Time: 10:00 AM<br>Ctrm: 6C<br><br>Discovery Cut-Off: 7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

Plaintiffs submit this Supplemental Memorandum in Opposition to Apple's Motion to Compel (Dkt. No. 333) to address new facts occurring after Plaintiffs served their portion of the joint stipulation.

A. **Apple's Notice of Motion Confirms Apple Is Attempting To Shift Its Burden**

After Plaintiffs provided their portion of the joint stipulation, Apple served a Notice of Motion that confirms Apple is improperly attempting to shift its burden. Specifically, Apple's Notice requests the Court limit Apple's discovery obligations to twelve custodians unless **Plaintiffs** later make "a proper showing of **good cause**." Dkt. 333 at 2.[1] As the party seeking to limit discovery to twelve custodians, Apple bears the "'heavy burden' of showing why discovery should be limited." *Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 4579259, at *3 (C.D. Cal. June 7, 2019). Apple's Notice shows Apple is trying to limit its discovery obligations without meeting its burden.

Apple initially attempted to impose a "good cause" requirement during the parties' negotiations (*see* Ex. G; Ex. J at 3), but later withdrew that requirement (*see* Ex. 6 at 1 (Apple offering a "compromise" that replaced the good cause requirement with a statement that the limitation was "without prejudice" to more searching)). Apple's joint stipulation similarly stated Apple's request is "without prejudice" to more discovery "as reasonable and appropriate." Dkt. 332-1 at 1-2, 11. Plaintiffs repeatedly asked Apple to clearly identify its requested relief. Ex. 7 at 2. Apple chastised Plaintiffs by arguing its relief was "clear and you have been aware of it: Apple is asking the Court to compel Plaintiffs to proceed with ESI discovery on twelve custodians per side, ***without prejudice*** to either side's ability to pursue ESI from additional custodians in the future." *Id.* at 1. Apple's proposed order also stated the limitation was "without prejudice" to more searching if "reasonable and appropriate." Dkt. 333-4. After Plaintiffs served

---

[1] All emphasis is added unless otherwise noted. All citations to lettered exhibits are to the exhibits attached to the Declaration of Brian Andrea. All citations to numbered exhibits are citations to exhibits attached to the Declaration of Adam B. Powell or the Supplemental Declaration of Adam B. Powell, filed herewith.

their portion of the joint stipulation, however, Apple served a Notice of Motion requesting the Court limit discovery to just twelve custodians absent "a proper showing of **good cause**." Dkt. 333 at 2.  As discussed, that would improperly flip the burden.

This is not the first time Apple has attempted to deny Plaintiffs a fair opportunity to respond by raising new issues in a notice of motion.  Apple previously filed a notice that made new arguments.  *See* Dkt. 43.  The Court admonished Apple and reminded Apple that notices of motion should "only contain a 'concise statement of the relief or Court action the movant seeks.'"  Dkt. 54 at 1 n.1.  The Court explained "[t]he limitation is particularly important in a motion under Local Rule 37-2, which contains detailed procedures for the presentation of the parties' respective arguments."  *Id.*  Here, Apple's Notice changes the relief sought by seeking to impose a "good cause" burden on Plaintiffs to obtain discovery from more than twelve Apple custodians.  The Federal Rules do not support any such limit, and Apple provides no authority for imposing a "good cause" requirement on Plaintiffs.

B.  **Plaintiffs Continue To Push ESI Discovery Forward**

Plaintiffs agree ESI discovery should move forward and have been diligently searching ESI related to Apple's proposed custodians.  Since filing the joint stipulation, Plaintiffs have continued to collect and are processing about two terabytes of data.  Suppl. Powell Decl. ¶ 2.  Plaintiffs' discovery vendor has finished processing much of the data and is running Apple's search terms.  Plaintiffs anticipate sending to Apple the hit counts for several custodians tomorrow and will continue sending hit counts on a rolling basis.  *Id.*  Hit counts are a valuable tool that parties can use to evaluate the likelihood that custodians possess responsive documents, assess whether search terms are too broad or too narrow, and estimate the actual burden of searching a custodian's ESI.  While Apple suggests a mutual exchange of hit counts next week, Plaintiffs plan to send hit counts as soon as they are ready, even if Apple has not done so yet.  *Id.*  Apple should do the same for *all* custodians on Plaintiffs' list—not just the twelve that Apple selected—so the parties can evaluate the relevance of each potential Apple custodian.

Plaintiffs also accommodated Apple's request to prioritize document collection for two custodians. The day after Plaintiffs served their portion of the joint stipulation, Apple requested that Plaintiffs "prioritize collection and production" of two people that Apple asked to depose. Ex. 38 at 2. Apple did not include one of those two people in its list of twelve ESI custodians, which confirms even Apple does not believe twelve custodians is sufficient. Suppl. Powell Decl. ¶ 4. Plaintiffs readily agreed to prioritize these custodians and expect to have hit counts for both individuals soon. *Id.*; Ex. 38 at 1. Contrary to Apple's assertions, Plaintiffs have been pushing ESI discovery forward and will continue doing so by searching more than 12 custodians.

C.  **Apple's New April 14 Letter Is Inaccurate**

Apple's recent letter regarding the parties' dispute (Ex. 39) makes several assertions, none of which are persuasive. Among other things, Apple argues it "took filing a joint stipulation for Plaintiffs to agree to provide *any* information" about the custodians Plaintiffs asked Apple to search. Ex. 39 at 1 (emphasis in original). That is demonstrably incorrect. After Plaintiffs served their list of Apple custodians on March 12, Apple demanded Plaintiffs limit their list to twelve custodians without discussing or entertaining the relevance of additional custodians. *See* Exs. AG, AK, AM; Ex. 8. Apple did not ask about the relevance of the custodians that Plaintiffs asked Apple to search until an April 2 meeting on a separate motion—*after* Apple served its joint stipulation on March 31. Suppl. Powell Decl. ¶ 3.[2] Plaintiffs explained the relevance of the custodians during the meeting (*id.*), in writing after the meeting (Ex. 37 at 1-3), and in their portion of the joint stipulation just three business days later (Dkt. 332-1 at 26-33).

Apple's letter also accuses Plaintiffs of selecting Apple custodians based on "rank speculation" because Plaintiffs asserted many have technical information. Ex. 39 at 1. Plaintiffs identified individuals with documented interactions with Lamego regarding

---

[2] Emails and letters prior to March 12 are immaterial because they refer to the relevance of potential custodians that each side *disclosed* to the other side. The issue here is the relevance of custodians that each side asked the other to search on March 12.

the trade secrets at issue, with citations to *specific* Apple documents. Dkt. 332-1 at 26-33. Plaintiffs identified particular trade secrets and RFPs as to which these custodians are likely to have responsive documents. *Id.* Any perceived lack of additional information is due to Apple's refusal to disclose a full list of *potential* custodians. Notably, Apple never explained what each custodian does at Apple and why **Apple** believes the additional custodians lack relevant information. To the contrary, Apple argues "the proper way" to request information about Apple's employees is "through the formal discovery process, which permits Apple to make formal objections . . . ." Ex. 39 at 2 (discussing Plaintiffs' former employees now working for Apple). Apple cannot withhold information about its custodians and simultaneously complain that Plaintiffs' explanations are incomplete. More importantly, Apple—not Plaintiffs—has the burden of identifying relevant Apple custodians. Plaintiffs' identification of missing custodians shows Apple's list is incomplete, but Plaintiffs lack the information necessary to identify all missing Apple custodians. The Court should reject Apple's self-help refusal to search more than twelve custodians unless **Plaintiffs** can prove a custodian is missing.

Apple's letter also argues Plaintiffs failed to satisfy the "apex" doctrine for seeking documents from Tim Cook. *Id.* at 2. As Plaintiffs explained, Apple's own cited authority found the "apex" doctrine applies to depositions—not document collection. *See* Dkt. 332-1 at 33 (quoting *Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019)). Other courts agree. *See, e.g.*, *Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *2 (N.D. Ill. Apr. 22, 2016) (concluding "all of the cases this Court reviewed on the [apex] issue were concerned with preventing ***depositions*** of high ranking corporate officials"); *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (rejecting apex argument for collecting documents). Even if the "apex" doctrine applies, **Apple** bears the burden of limiting discovery. *See Dyson*, 2016 WL 1613489, at *2 (finding that, even if the doctrine applied to document collection, the responding party has the burden). Apple did not attempt to show it would be burdensome to collect ESI from Tim Cook.

As it has done in the past, Apple's letter adds two custodians only after **Plaintiffs** proved their relevance. Ex. 39 at 2 (adding Ueyn Block and Tao Shui); *see also* Ex. AD at 9 (February 12 email adding Haggerty and Caldbeck after Plaintiffs identified their relevance). The letter illustrates Apple's approach to this dispute: (1) Apple discloses few custodians and withholds the identity of others, (2) Apple withholds information about Apple custodians that Plaintiffs identify, and (3) Apple agrees to add custodians only if **Plaintiffs** prove their relevance. But that is not Plaintiffs' burden. Apple has the burden to perform reasonable searches with appropriate custodians in response to Plaintiffs' RFPs. Moreover, the ESI agreement and the Court's recent order on ESI acknowledge it is ***Apple's*** obligation to disclose all potential custodians. Dkt. 51 (ESI agreement); Dkt. 318 (the Court warning "failure to identify in a timely manner all appropriate custodians as part of the iterative, good faith discovery process may result in a future order excluding evidence or other consequences"). Apple, not Plaintiffs, has the information necessary to identify all potential Apple custodians in the first instance.

### D.    Conclusion

Plaintiffs respectfully request the Court reject Apple's unsupported attempt to limit discovery to twelve custodians and reject Apple's "good cause" condition.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 15, 2021

By: /s/ Adam B. Powell
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

34769749