Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC., a California corporation<br><br>　　　　Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL EXHIBITS SUPPORTING PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request that the Court seal exhibits supporting Plaintiffs' Supplemental Memorandum in Opposition to Apple's Motion to Compel ("Supplemental Memo").

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).

## II. ARGUMENT

Exhibit 38 discusses two individuals with knowledge of Plaintiffs trade secrets. Powell Decl. ¶ 4. Disclosure of the identities of these individuals is likely to cause harm or significant competitive disadvantage to Plaintiffs because others could use the information to recruit the individuals and seek out Plaintiffs' confidential information. *Id.* Plaintiffs are technology leaders with leading performance due, in part, to their years-long investment in their technical trade secrets. If individuals with knowledge of these trade secrets were disclosed, Plaintiffs' competitors could recruit them and subsequently reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. Thus, Plaintiffs would be harmed if these individuals' identities were disclosed. Plaintiffs' concern is particularly acute in this case, where Plaintiffs

have alleged that Apple has already systematically hired Plaintiffs' employees for purposes of obtaining Plaintiffs' trade secrets.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue") (emphasis in original).

Apple requested Plaintiffs file Exhibit 37 under seal in a prior filing. Powell Decl. ¶ 5. Exhibit 39 contains similar information, so Plaintiffs request the Court seal Exhibit 39 because Apple may assert it is also confidential. *Id.*

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal Exhibits 37-39 in Support of Plaintiffs' Supplemental Memorandum in Opposition to Apple's Motion to Compel.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 15, 2021    By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories