Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON THE TENTATIVE ORDER DATED APRIL 15, 2021** |

1  Plaintiffs understand the statements in the Tentative that "[t]he vast majority of Plaintiffs' claims have survived dismissal" and "[t]he complaint has already been amended four times." Tentative at 12. Although Plaintiffs disagree with aspects of the Tentative, Plaintiffs recognize the time and effort the Court has invested and, therefore, request oral argument on only a single issue.

In dismissing Trade Secret 44.2, the Tentative discusses whether information is "readily ascertainable" and states that "information easily gathered from publicly available sources cannot be a trade secret despite that compiled information being solely in the possession of a single firm at the time." *Id.* at 5. Apple raised this argument for the first time in its reply brief. Dkt. 329 at 3. Plaintiffs did not have a chance to respond.

If granted oral argument, Plaintiffs would explain that Apple failed to cite cases establishing that California law is contrary to Apple's argument and the Tentative. Apple made a similar argument in its motion to dismiss the Second Amended Complaint six months ago (Dkt. 121 at 7-8) and Plaintiffs' opposition explained the law on "readily ascertainable" (Dkt. 187 at 10-12). Apple's reply did not contradict Plaintiffs' explanation of the law. Dkt. 204 at 7.

Alternatively, Plaintiffs respectfully request the Court delete the following unnecessary statements in the Tentative:

> This would run contrary to rulings holding that information easily gathered from publicly available sources cannot be a trade secret despite that compiled information being solely in the possession of a single firm at the time. *See, e.g., Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521 (1997) ("With respect to the general availability of customer information, courts are reluctant to protect customer lists to the extent they embody information which is 'readily ascertainable' through public sources, such as business directories."). "As a general principle, the more difficult information is to obtain, and the more time and resources expended by an employer in gathering it, the more likely a court will find such information constitutes a trade secret." *Id.* (citing *Courtesy Temporary Service, Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1287 (1990)).

Tentative at 5.

Plaintiffs also request the ability to submit proposed redactions to the final order as the Court allowed in the past. *See* Dkt. 264 at 16 (directing the parties to "meet and confer and notify the Court which parts of the order should be redacted within 7 days").

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 20, 2021

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.