Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' APPLICATION TO FILE UNDER SEAL THE JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request leave to file under seal (1) portions of the Joint Stipulation Regarding Plaintiffs' Motion to Compel Apple to Produce Documents and Fully Answer Interrogatories ("Joint Stipulation"), (2) Exhibits 3, 7, 12, 20-21, 23-26, and 28-30 to the Declaration of Adam B. Powell in Support of Plaintiffs' Motion to Compel Apple to Produce Documents and Fully Answer Interrogatories ("Powell Declaration"), and (3) Exhibits B, C, F, I, J, and K to the Declaration of Ilissa Samplin in Support of Defendant Apple Inc's Opposition to Plaintiffs' Motion to Compel Apple to Produce Documents and Fully Answer Interrogatories ("Samplin Declaration"). Plaintiffs have provided a proposed redacted version of the Joint Stipulation.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

Portions of the Joint Stipulation, Exhibits 3, 7, 12, 20-21, 23-26, and 28-30 to the Powell Declaration, and Exhibits B, C, and F to the Samplin Declaration each contain confidential information as described in more detail below.

First, Exhibit 26 is an unredacted copy of Plaintiffs' Fourth Amended Complaint (Dkt. No. 296-1), which describes Plaintiffs' trade secrets. Powell Decl. ¶ 4. Exhibit 28 is an unredacted copy of Plaintiffs' Section 2019.210 Statement, which similarly describes Plaintiffs' trade secret. *Id.* Exhibit 30 is a copy of Apple's Eighth Set of Requests for Production (Nos. 128-253), which quote from Plaintiffs' descriptions of trade secrets. *Id.* Exhibit C to the Samplin Declaration is a copy of Plaintiffs' Supplemental Responses to Apple's First Set of Interrogatories (Nos. 6, 10, and 11), which discuss Plaintiffs' trade secrets. *Id.* These documents discuss Plaintiffs' confidential and proprietary technical trade secrets. This information is confidential and valuable to Plaintiffs in part because of its secrecy. *Id.* Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.* Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

The documents discussed above also discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies. *Id.* ¶ 5. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. *Id.* Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

The documents discussed above also discuss Plaintiffs' trade secrets concerning interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part due to its secrecy. Disclosure would reveal the activity Plaintiffs are engaged in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Disclosure may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. *Id.* Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Exhibit 3 consists of Plaintiffs' Fifth Set of Requests for Production, which include descriptions of Plaintiffs' technical trade secrets, business and marketing trade secrets, and trade secrets concerning interactions with hospitals. *Id.* ¶ 7. Exhibit 7 consists of Apple's respective responses, which include these same descriptions of Plaintiffs' trade secrets. *Id.* This information is confidential for the same reasons described above, and Plaintiffs would be harmed if these trade secrets were disclosed for the same reasons described above. *Id.*

Exhibits 12, 20-21, and 23-25 to the Powell Declaration and Exhibit F to the Samplin Declaration are a series of letters that counsel for the parties exchanged, which discuss and describe Plaintiffs' trade secrets. *Id.* ¶ 8. This information is confidential for the same reasons described above, and Plaintiffs would be harmed if these trade secrets were disclosed for the same reasons described above. *Id.*

The Joint Stipulation contain descriptions of Plaintiffs' technical trade secrets. Exhibit 29 is a copy of the September 16, 2020, Order Regarding Motion for Preliminary Injunction (Dkt. No. 198), which describes Plaintiffs' technical trade secrets. *Id.* ¶ 9. Exhibit B to the Samplin Declaration is a copy of Plaintiffs' Reply in Support of Their Motion for Preliminary Injunction and describes Plaintiffs' technical trade secrets. *Id.* This information is confidential for the same reasons described above, and Plaintiffs would be harmed if these trade secrets were disclosed for the same reasons described above. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Moreover, the Court previously granted numerous applications to seal similar information that Plaintiffs allege is a trade secret, including: (1) Plaintiffs' Application to Seal Portions of Motion for Preliminary Injunction (Dkt. 110); (2) Plaintiffs' Application to Seal Documents Filed in Support of Apple's Opposition to Plaintiffs Motion for Preliminary Injunction (Dkt. 145); (3) Plaintiffs' Application to Seal Portions of Plaintiffs Opposition to Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint (Dkt. 179); (4) Plaintiffs' Application to Seal Portions of Plaintiffs' Opposition to Apple's Motion to Stay (Dkt. 208); (5) Plaintiffs' Application and [Proposed] Order Granting Leave to File Third Amended Complaint Under Seal (Dkt. 230); and (6) Plaintiffs' Application for Leave to File Under Seal portions of Plaintiffs' Opposition to Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action in Plaintiffs' Fourth Amended Complaint and Exhibits A-C (Dkt. 319). Dkt. 113; Dkt. 152; Dkt. 182; Dkt. 210; Dkt. 233; Dkt. 322. The Court should grant this Application for the same reasons it granted the prior applications.

Apple has requested that Exhibits I, J, and K be filed under seal and these exbibits appear to contain information that Apple has designated as "Highly Confidential – Attorneys' Eyes Only." Powell Decl. ¶ 10. Plaintiffs respectfully request the Court seal

these materials based on Apple's representation that they meet the requirements of the Protective Order.

Plaintiffs have included additional redactions to Apple's portion of the joint stipulation because the redactions relate to material that Plaintiffs designated as highly confidential. Plaintiffs told Apple they would discuss the redactions with Apple later pursuant to the Protective Order, but the dispute should not hold up this filing. Until the dispute is resolved, the material should remain sealed.

Apple asked Plaintiffs to include the following statement: "Plaintiffs have included additional redactions to Apple's portion of the joint stipulation without Apple's permission. Apple disagrees that these additional redactions are proper, and requested that Plaintiffs remove them. Plaintiffs refused, and demanded that Apple pursue this challenge under Paragraphs 8.1 – 8.3 of the Protective Order (Dkt. 67). Apple reserves all right to challenge Plaintiffs' overbroad redactions."

### III.  CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal the Joint Stipulation; Exhibits 3, 7, 12, 20-21, 23-26, and 28-30 to the Powell Declaration; and Exhibits B, C, F, I, J, and K to the Samplin Declaration.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 22, 2021

By: /s/ Adam B. Powell
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.