Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND FULLY ANSWER INTERROGATORIES**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:     May 13, 2021<br>Time:     10:00 a.m.<br>Ctrm:    6A<br><br>Discovery Cut-Off:        7/5/2021<br>Pre-Trial Conference:    3/21/2022<br>Trial:                           4/5/2022 |

I, Adam B. Powell, hereby declare as follows:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in Support of Plaintiffs' Motion To Compel Apple To Produce Documents And Fully Answer Interrogatories (the "Motion").

2.     On February 16 and 17, 2021, I participated in a meet and confer with counsel for Apple regarding Apple's responses to Plaintiffs' requests for production and Apple's response to interrogatories that are the subject of Plaintiffs' Motion.  The parties discussed their respective positions at length over several hours and were able to resolve some of their disputes.  However, the parties were unable to resolve the disputes that are the subject of Plaintiffs' Motion.

3.     Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' Third Set of Requests for Production (Nos. 61-147).

4.     Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Fourth Set of Requests for Production (Nos. 148-172).

5.     Attached hereto as **Exhibit 3 [Filed Under Seal]** is a true and correct copy of Plaintiffs' Fifth Set of Requests for Production (Nos. 173-248).

6.     Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Second Set of Interrogatories (Nos. 6-10).

7.     Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of Apple's Objections and Responses to Plaintiffs' Third Set of Requests for Production (Nos. 61-147).

8.     Attached hereto as **Exhibit 6** is a true and correct copy of excerpts of Apple's Objections and Responses to Plaintiffs' Fourth Set of Requests for Production (Nos. 148-172).

9.     Attached hereto as **Exhibit 7 [Filed Under Seal]** is a true and correct copy of excerpts of Apple's Objections and Responses to Plaintiffs' Fifth Set of Requests for Production (Nos. 173-248).

10.     Attached hereto as **Exhibit 8** is a true and correct copy of Apple's Supplemental Objections and Responses to Plaintiffs' Second Set of Interrogatories (Nos. 6-10).

11.     Attached hereto as **Exhibit 9** is a true and correct copy of an October 1, 2020, letter from Stephen Larson (counsel of record for Plaintiffs) to Brian Andrea (counsel of record for Apple).

12.     Attached hereto as **Exhibit 10** is a true and correct copy of an October 17, 2020, letter from Mr. Andrea to Mr. Larson.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of a November 16, 2020, letter from Mr. Larson to Mr. Andrea.

14.     Attached hereto as **Exhibit 12 [Filed Under Seal]** is a true and correct copy of a November 24, 2020, letter from Mr. Larson to Mr. Andrea.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of a November 25, 2020, letter from Mr. Andrea to Mr. Larson.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of a December 6, 2020, letter from myself to Mr. Andrea.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of another December 6, 2020, letter from myself to Mr. Andrea.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of a December 9, 2020, letter from Ilissa Samplin (counsel of record for Apple) to myself.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of a December 18, 2020, letter from Ms. Samplin to myself.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of a December 30, 2020, letter from myself to Mr. Andrea.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of a January 13, 2021, letter from Ms. Samplin to myself.

22.     Attached hereto as **Exhibit 20 [Filed Under Seal]** is a true and correct copy of a January 27, 2021, letter from myself to Ms. Samplin.

23.     Attached hereto as **Exhibit 21 [Filed Under Seal]** is a true and correct copy of a February 11, 2021, letter from Ms. Samplin to myself.

24.     Attached hereto as **Exhibit 22** is a true and correct copy of a February 15, 2021, email chain from Ms. Samplin to myself.

25.     Attached hereto as **Exhibit 23 [Filed Under Seal]** is a true and correct copy of a February 19, 2021, letter from myself to Ms. Samplin.

26.     Attached hereto as **Exhibit 24 [Filed Under Seal]** is a true and correct copy of a March 9, 2021, letter from Ms. Samplin to myself.

27.     Attached hereto as **Exhibit 25 [Filed Under Seal]** is a true and correct copy of a March 25, 2021, letter from myself to Ms. Samplin.

28.     Attached hereto as **Exhibit 26 [Filed Under Seal]** is a true and correct copy of Plaintiffs' Fourth Amended Complaint, filed at Dkt. No. 296-1 in this case.

29.     Attached hereto as **Exhibit 27** is a true and correct copy of Apple's Amended Answer to Plaintiffs' Third Amended Complaint, filed at Dkt. No. 306 in this case.

30.     Attached hereto as **Exhibit 28 [Filed Under Seal]** is a true and correct copy of Plaintiffs' Section 2019.210 Statement, served on November 6, 2020.

31.     Attached hereto as **Exhibit 29 [Filed Under Seal]** is a true and correct copy of the September 16, 2020, Order Regarding Motion for Preliminary Injunction, filed at Dkt. No. 198 in this case.

32.     Attached hereto as **Exhibit 30 [Filed Under Seal]** is a true and correct copy of Apple's Eighth Set of Requests for Production (Nos. 128-253).

33.     Attached hereto as **Exhibit 31** is a true and correct copy of a screen capture of the website found at https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/.

34.     Attached hereto as **Exhibit 32** is a true and correct copy of a screen capture of the website found at https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/.

35.     Attached hereto as **Exhibit 33** is a true and correct copy of a screen capture of the website found at https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/.

36.     Attached hereto as **Exhibit 34** is a true and correct copy of a document found linked at https://www.apple.com/newsroom/2021/01/apple-reports-first-quarter-results/.

37.     Attached hereto as **Exhibit 35** is a true and correct copy of a screen capture of the website found at https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html.

38.     Per L.R. 37-2.1, attached hereto as **Exhibit 36** is a true and correct copy of the April 17, 2020, initial scheduling order, filed at Dkt. No. 37 in this case.  Also included is the Court's September 21, 2020, order granting the parties stipulation to amend the scheduling order, filed at Dkt. No. 205, and the redacted version of the Court's October 13, 2020, Order Regarding Motion for Stay, filed at Dkt. No. 222, in this case.


I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 7, 2021, at Encinitas, California.

*/s/ Adam B. Powell*
Adam B. Powell

34736530

-4-

# EXHIBIT 1

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>          Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation<br><br>          Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S THIRD SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 61-147)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 1
-5-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Plaintiffs within the time prescribed by the Federal Rules of Civil Procedure.  These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.     The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2.     "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3.     "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4.     The term "Plaintiffs" means Masimo and Cercacor as defined above.

5.     "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S.

-1-

Exhibit 1
-6-

Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No. 10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554.  To the extent Masimo asserts additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.   "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch.

7.   "Apple iOS Products" means products that use Apple's mobile iOS operating system.

8.   "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

9.   The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, and U.S. Patent App. No. 15/960,507.   To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10.   The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11.   The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

Exhibit 1
-7-

12.     The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

13.     The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

14.     The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15.     The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1.     Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2.     If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

        a.     the basis on which the privilege is claimed;

        b.     the author or creator of the information, document, or thing;

        c.     each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

        d.     the date of the information or document.

3.     If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing.  Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of

-3-

Exhibit 1
-8-

the document or thing.  If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4.      Produce each requested document or thing along with all non-identical drafts thereof.  Furthermore, produce each document in its entirety, without abbreviation or redaction.

5.      Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things that tend to support or rebut any of Your affirmative defenses to Plaintiffs' causes of action other than trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things that tend to support or rebut any contention that Masimo has not been harmed by Your acts, other than trade secret misappropriation, alleged to be improper in this case.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show any heart rate algorithms used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things that refer or relate to selection between any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and things that refer or relate to power consumption by any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any of the Apple Watch Products or

-4-

Exhibit 1
-9-

any component of any of the Apple Watch Products that relate to pulse rate detection, pulse rate measurement, power consumption by pulse rate detection, or power consumption by pulse rate measurement, including, without limitation, testing protocols, reports, results, notes, and summaries.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things concerning any attempt to obtain FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things concerning the FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things that refer or relate to clinical trials of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning any changes made to any of the Apple Watch Products' firmware, software, or comments thereto that relate to physiological monitoring.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning any changes made to firmware, software, or comments thereto, between the Apple Watch Series 3 and Apple Watch Series 4 and later.

Exhibit 1
-10-

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 3.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 4 and later.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 78:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple Watch Products: LEDs, photodiodes, duty cycle, changes in measurement modes, heart rate context, calculation of physiological parameters based on detected optical signals, determination of heart rate, the health application, the breathe application, and communications of physiological parameters to Apple iOS Products.

**REQUEST FOR PRODUCTION NO. 79:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple iOS Products: communication of physiological parameters from Apple Watch Products, the health application, and tracking of physiological parameters over time.

Exhibit 1
-11-

**REQUEST FOR PRODUCTION NO. 80:**

All documents including all communications discussing the importance of accurate measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 81:**

All documents including all communications discussing the importance of accurate measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia in the marketplace.

**REQUEST FOR PRODUCTION NO. 82:**

All documents including all communications related to complaints, concerns, or criticisms about the accuracy or reliability of measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia for any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of the physiological monitoring features of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to show any algorithm used to monitor any physiological parameter in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and things referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any physiological parameter, for use in Defendant's products.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and things referring or relating to, or otherwise evidencing, the parameters by which Defendant or its customers evaluates the performance of physiological parameter monitoring technology.

**Exhibit 1**
**-12-**

1  **REQUEST FOR PRODUCTION NO. 87:**

2      All documents and things referring or relating to Apple's efforts to train

3  its sales and marketing personnel on measurements for pulse rate, heart rate,

4  plethysmograph, or detecting arrhythmia.

5  **REQUEST FOR PRODUCTION NO. 88:**

6      All documents and things referring or relating to, or otherwise

7  evidencing, any Apple policies, procedures, or guidelines for employees relating

8  to the documentation of research and development efforts.

9  **REQUEST FOR PRODUCTION NO. 89:**

10     All documents and things that refer or relate to Masimo or Cercacor.

11 **REQUEST FOR PRODUCTION NO. 90:**

12      All documents and things that refer or relate to any Masimo or Cercacor

13 product or technology.

14 **REQUEST FOR PRODUCTION NO. 91:**

15     All documents and things that refer or relate to any communication about

16 Masimo or Cercacor, or any Masimo or Cercacor product or technology.

17 **REQUEST FOR PRODUCTION NO. 92:**

18     All documents and things that refer or relate to technical information,

19 specifications, or research data for any Masimo or Cercacor product or

20 technology.

21 **REQUEST FOR PRODUCTION NO. 93:**

22     All documents and things that refer or relate to the use, effectiveness,

23 capabilities, functionality, or characteristics of any Masimo or Cercacor product

24 or technology.

25 **REQUEST FOR PRODUCTION NO. 94:**

26     All documents and things that relate to how any Masimo or Cercacor

27 product or technology is designed or manufactured.

28 / / /

**Exhibit 1**
**-13-**

**REQUEST FOR PRODUCTION NO. 95:**

All documents and things relating to any analysis, study, investigation, or test of any Masimo or Cercacor product or technology by Apple, including without limitation, emails, test results, notes, memoranda, and the actual products or systems examined.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 97:**

All and things that refer or relate to any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things that relate to any comparison of any of the Apple Watch Products to any of the Masimo or Cercacor products or technologies.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

/ / /

/ / /

Exhibit 1
-14-

**REQUEST FOR PRODUCTION NO. 102:**

All documents and things related to Apple's evaluation of the health care market for Apple products including the Apple Watch Products, including but not limited to market size, market importance to Apple's business, evaluation of target customers, and Apple's considerations in entering the health care market.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and things relating to differences, similarities, or comparisons between the consumer market and the health care market for Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and things that relate to Apple's efforts to promote and/or market any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and things that relate to any market studies, market share, competition, and/or competitor products relating to any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things referring or relating to, or otherwise evidencing, the impact or projected impact of Defendant's incorporation of any physiological measurement technology in Defendant's Apple Watch Products on the sales price or sales volume of any third-party product that competes for sales with the Apple Watch Products.

///

Exhibit 1
-15-

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things referring or relating to, or otherwise evidencing, any internal intellectual property strategy, business strategy, or plan relating to physiological monitoring technology.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things referring or relating to forecasts, projections, or strategic evaluations regarding Defendant's consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as inventors on the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as the only inventors on the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things that tend to support or rebut any contention that the Disputed Patents are owned by Apple.

**REQUEST FOR PRODUCTION NO. 113:**

For the Disputed Patents and counterparts thereof, all documents and things concerning the inventorship of the alleged inventions claimed in the Asserted Patents, including without limitation what each inventor allegedly contributed to each Disputed Patents and counterparts thereof.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things referring or relating to the inventorship of one or more of the Disputed Patents.

Exhibit 1
-16-

**REQUEST FOR PRODUCTION NO. 115:**

All documents and things referring to, relating to, or evidencing invention of any of the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and things referring to, relating to, or evidencing conception and/or reduction to practice of any of the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and things referring or relating to the preparation, decision to file, filing, prosecution and/or enforcement of the Disputed Patents, including but not limited to:

    (a)    the complete prosecution files for each patent;

    (b)    the complete prosecution files for any parent application or priority application;

    (c)    the complete prosecution files for any continuation or divisional patent application claiming priority from or relating to any of the patents;

    (d)    all documents and things that provided a basis for the preparation of any of the patents;

    (e)    all documents and things that constitute, relate to, or refer to communications between or on behalf of, the inventors, Defendant, Defendant's attorneys, or any patent attorney or agent that relate or refer to any of the patents;

    (f)    all drafts of any of the patents; and

    (g)    all drafts of any papers filed during the prosecution of any of the patents.

/ / /

/ / /

Exhibit 1
-17-

**REQUEST FOR PRODUCTION NO. 118:**

All foreign counterparts to the Disputed Patents, and all documents and things relating or referring to the foreign counterparts, including but not limited to complete prosecution files.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and things that refer or relate to any alleged invention described in or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and things that refer or relate to, or otherwise evidence, the inventive contribution of any of the named inventors to the subject matter claimed in any of the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 121:**

All documents and things referring to, relating to, or evidencing any contribution by Defendant's employees to the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and things referring or relating to Defendant's practices, procedures, and/or policies relating to submission of information for possible inclusion in patent applications.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and things that refer or relate to, or otherwise evidence, any incentive or reward program for employees who develop new inventions, including any program in which employees receive bonuses or other forms of compensation in exchange for the disclosure and recording of inventions.

**REQUEST FOR PRODUCTION NO. 124:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees named as inventors on issued foreign or U.S. patents and/or filed foreign or U.S. patent applications.

-13-

Exhibit 1
-18-

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees who submit invention disclosure forms for use in evaluating whether to file a patent application.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and things referring or relating to the value and/or potential value of the technology claimed or disclosed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 127:**

All documents and things referring or relating to the advantages or disadvantages of the technology claimed or disclosed in the Disputed Patents over competing technologies.

**REQUEST FOR PRODUCTION NO. 128:**

All communications between Defendant and Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 129:**

All communications between Defendant and any individual who previously worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to identify Your senior management and personnel responsible for research and development, testing, clinical trials, regulatory approval, marketing, and sales of any of the Apple Watch Products, including, but not limited to, organizational charts.

/ / /

-14-

Exhibit 1
-19-

**REQUEST FOR PRODUCTION NO. 132:**

Organizational charts for Apple personnel responsible for human resources as well as research and development, testing, clinical trials, regulatory approval, marketing, and sales of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to identify any legal proceeding involving any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 134:**

Documents that refer or relate to any legal proceeding involving any of the Apple Watch Products, including without limitation, pleadings, hearing transcripts, deposition transcripts, declarations, exhibits, briefs, and production documents.

**REQUEST FOR PRODUCTION NO. 135:**

All documents and things concerning Your document retention and destruction policies or procedures.

**REQUEST FOR PRODUCTION NO. 136:**

All documents and things that refer or relate to any communication between You and any other person regarding the above-captioned lawsuit.

**REQUEST FOR PRODUCTION NO. 137:**

All documents and things exchanged between You and any expert witness or consultant in connection with the above-captioned lawsuit, which relate to the compensation for the expert's or consultant's study or testimony, identify facts or data that You provided and the expert or consultant considered in forming his or her opinions to be expressed, or identify the assumptions You provided and the expert or consultant relied on in forming his or her opinions to be expressed.

/ / /

/ / /

Exhibit 1
-20-

**REQUEST FOR PRODUCTION NO. 138:**

All documents and things whose identity is sought in any interrogatory served by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 139:**

All documents and things cited, referenced, or identified in Your discovery responses.

**REQUEST FOR PRODUCTION NO. 140:**

All documents and things relating to, identified in and/or relevant to Apple's Initial Disclosures, including any and all supplements and amendments thereto.

**REQUEST FOR PRODUCTION NO. 141:**

To the extent not already requested or required, all documents and things produced or provided by any non-party in connection with this Action, including documents and things produced in response to subpoenas served by Apple.

**REQUEST FOR PRODUCTION NO. 142:**

All documents and things provided to any expert witness whom You have retained or plan to retain either to testify at trial or to provide an opinion relating to the matters at issue in this action.

**REQUEST FOR PRODUCTION NO. 143:**

Documents sufficient to identify Apple's procedures or policies for the storage, retention, and destruction of documents or records.

**REQUEST FOR PRODUCTION NO. 144:**

All organizational charts for Apple from January 2003 to the present.

**REQUEST FOR PRODUCTION NO. 145:**

All documents and things used or relied upon in preparing Your discovery responses in this case, including initial disclosures, responses to

Exhibit 1
-21-

requests for production, responses to interrogatories, responses to requests for admission, and all supplemental disclosures and responses.

**REQUEST FOR PRODUCTION NO. 146:**

All documents and things relating to the contents and/or subject matter of any declarations or affidavits filed by You in this litigation.

**REQUEST FOR PRODUCTION NO. 147:**

All documents and things upon which You intend to rely upon, use, or introduce at trial, for any purpose, including to introduce into evidence, or use as impeachment, rebuttal, or demonstrative purposes.


KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 17, 2020          By: */s/ Adam B. Powell*
                                  Joseph R. Re
                                  Stephen C. Jensen
                                  Perry D. Oldham
                                  Stephen W. Larson
                                  Adam B. Powell

                                  Attorneys for Plaintiffs,
                                  Masimo Corporation and
                                  Cercacor Laboratories, Inc.

-17-

Exhibit 1
-22-

**<u>PROOF OF SERVICE</u>**

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On July 17, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

Apple-Masimo@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 17, 2020, at Irvine, California.

_____
Karina Villanueva

32420011

-18-

Exhibit 1
-23-

# EXHIBIT 2

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404; Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 2
-24-

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,
2  Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR
3  LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request
4  that Defendant APPLE INC. ("Apple") respond to the following Requests for
5  the Production of Documents and Things (the "Requests") within thirty (30)
6  days of service of these Requests and produce the documents and things
7  described herein at the offices of counsel for Masimo within the time prescribed
8  by the Federal Rules of Civil Procedure.  These Requests are deemed continuing
9  in nature, requiring amended or supplemental responses as necessary.

10                              **DEFINITIONS**

11    Notwithstanding any definition set forth below, each word, term or phrase
12  used in these Requests is intended to have the broadest meaning permitted under
13  the Federal Rules of Civil Procedure.  As used in these Requests, the following
14  terms are to be interpreted in accordance with these definitions:

15    1.    The terms "Apple," "Defendant," "You," and "Your" mean
16  Defendant Apple, Inc., as well as any present or former officer, director,
17  employee, agent, attorney, or other representative acting for or on behalf of
18  Defendant Apple, Inc.

19    2.    "Masimo" means Masimo Corporation, including its divisions,
20  departments, parents, subsidiaries, affiliates or predecessors.

21    3.    "Cercacor" means Cercacor Laboratories, Inc., including its
22  divisions, departments, parents, subsidiaries, affiliates or predecessors.

23    4.    The term "Plaintiffs" shall mean Masimo and Cercacor as defined
24  above.

25    5.    "Masimo Asserted Patents" means the patents Plaintiffs are
26  asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No.
27  10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S.
28  Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

-1-

Exhibit 2
-25-

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.      "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch.

7.      "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8.      "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9.      The "Disputed Patents" means the patents Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 10,219,754, U.S. Patent No. 9,723,997, U.S. Patent No. 10,524,671, and U.S. Patent No. 9,952,095.  To the extent Plaintiffs identify additional such patents in a future pleading, "Disputed Patents" shall be construed to include such patents.

10.      The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11.      The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

12.      The term "and" shall be construed to include "or" and vice versa,

Exhibit 2
-26-

1   and each of them shall be the logical equivalent of "and/or."

2   13.   The term "concerning" shall mean relating to, referring to,

3   describing, evidencing, or constituting.

4   14.   The term "communication" shall mean and refer to the transmittal

5   of information (in the form of facts, ideas, inquiries, or otherwise).

6   15.   The use of the singular form of any word also includes the plural

7   and vice versa, and a verb tense includes all other verb tenses wherever possible.

8   **INSTRUCTIONS**

9   1.   Produce all documents specified below that are in Your possession,

10   custody, or control, or otherwise known and available to You, Your agents,

11   employees, representatives, investigators, attorneys or their agents, employees,

12   representatives, or investigators at the time and place indicated.

13   2.   If You claim that any requested documents or things are privileged,

14   then provide all information falling within the scope of the Request that is not

15   privileged and identify with sufficient particularity for purposes of a motion to

16   compel the information, document, or thing, separately, with respect to which

17   You claim a privilege, and state:

18       a.   the basis on which the privilege is claimed;

19       b.   the author or creator of the information, document, or thing;

20       c.   each individual or other person to whom the information,

21   document, copy thereof, or thing was sent or otherwise disclosed; and

22       d.   the date of the information or document.

23   3.   If You are aware of the existence, past or present, of a requested

24   document or thing, but the document or thing is not in Your possession,

25   custody, or control, then so state in Your response to the request for that

26   document or thing.  Identify such document or thing and identify, by name, title,

27   and address, the person who last maintained possession, custody, or control of

28   the document or thing.  If the requested document or thing no longer exists, then

-3-

**Exhibit 2**
-27-

1  Your response should state when, how, and why this is the case.

2      4.      Produce each requested document or thing along with all non-

3  identical drafts thereof.  Furthermore, produce each document in its entirety,

4  without abbreviation or redaction.

5      5.      Identify specifically the derivation and source of each document

6  and thing to be produced.

7  **REQUESTS FOR PRODUCTION**

8  **REQUEST FOR PRODUCTION NO. 148:**

9  All document and things that refer or relate to the calculation of oxygen

10 saturation in any Apple Watch Product.

11 **REQUEST FOR PRODUCTION NO. 149:**

12 Documents sufficient to show any pulse oximetry algorithms used in any

13 of the Apple Watch Products.

14 **REQUEST FOR PRODUCTION NO. 150:**

15 All documents and things that refer or relate to selection between any

16 pulse oximetry algorithm used in any of the Apple Watch Products.

17 **REQUEST FOR PRODUCTION NO. 151:**

18 All documents and things that refer or relate to power consumption by

19 any pulse oximetry algorithm used in any of the Apple Watch Products.

20 **REQUEST FOR PRODUCTION NO. 152:**

21 The complete source code, including versions, revisions, and comments,

22 that relates to the following features of Apple Watch Products: determination of

23 oxygen saturation.

24 **REQUEST FOR PRODUCTION NO. 153:**

25 All documents and things that refer or relate to the operation of any LEDs

26 used to determine oxygen saturation for any Apple Watch Product, including

27 but not limited to documents and things that refer or relate to LED timing, duty

28 cycle, current, or power usage.

-4-

**Exhibit 2**
**-28-**

**REQUEST FOR PRODUCTION NO. 154:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any Apple Watch Product or any component of any Apple Watch Product that relate to pulse oximetry or power consumption by pulse oximetry, including, without limitation, testing protocols, reports, results, notes, and summaries.

**REQUEST FOR PRODUCTION NO. 155:**

All documents and things concerning any decision by Apple not to seek FDA approval of the pulse oximetry feature of any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 156:**

All documents and things concerning any attempt to obtain FDA approval of the pulse oximetry feature of any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 157:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the pulse oximetry feature of any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 158:**

All documents and things that refer or relate to the value of including pulse oximetry capabilities in a smartwatch.

**REQUEST FOR PRODUCTION NO. 159:**

All documents and things that refer or relate to all communications discussing the importance of accurate measurements for pulse oximetry to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 160:**

All documents including all communications discussing the importance of accurate measurements for pulse oximetry in the marketplace.

Exhibit 2
-29-

**REQUEST FOR PRODUCTION NO. 161:**

All documents including all communications related to complaints, concerns, or criticisms about the accuracy or reliability of measurements for pulse oximetry for any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 162:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse oximetry.

**REQUEST FOR PRODUCTION NO. 163:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 5 and the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 164:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with including pulse oximetry in an Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 165:**

All documents and things related to Masimo's MightySat pulse oximeter.

**REQUEST FOR PRODUCTION NO. 166:**

All documents and things related to Masimo's iSpO2 pulse oximeter.

**REQUEST FOR PRODUCTION NO. 167:**

All documents and things related to Apple marketing or selling Masimo's MightySat pulse oximeter, including but not limited to all documents and things related to Apple's inclusion of MightySat on Apple's website, Apple's removal of MightySat from Apple's website, and Apple's communications with customers about the MightySat.

**REQUEST FOR PRODUCTION NO. 168:**

All documents and things related to Apple marketing or selling Masimo's iSpO2 pulse oximeter, including but not limited to all documents and things

**Exhibit 2**
-30-

1  related to Apple Magazine's publication of marketing materials for iSpO2 and
2  Apple's communications with customers about iSpO2.

3  **REQUEST FOR PRODUCTION NO. 169:**

4      All documents and things related to Apple's sales or marketing of
5  Masimo's MightySat pulse oximeter, including but not limited to
6  communications discussing sales or marketing of the MightySat in relation to
7  Apple's own marketing, research, or product development for Apple's own
8  pulse oximetry product.

9  **REQUEST FOR PRODUCTION NO. 170:**

10      All documents and things related to Apple's sales or marketing of
11 Masimo's iSpO2 pulse oximeter, including but not limited to communications
12 discussing sales or marketing of the iSpO2 pulse oximeter in relation to Apple's
13 own marketing, research, or product development for Apple's own pulse
14 oximetry product.

15 **REQUEST FOR PRODUCTION NO. 171:**

16      All documents and things referring to any analysis or study of products
17 that compete or will compete with the pulse oximetry portion of the Apple
18 Watch Series 6.

19 **REQUEST FOR PRODUCTION NO. 172:**

20      All documents and things referring to performance of the pulse oximetry
21 feature in the Apple Watch Series 6, including documents relating or referring to
22 whether the pulse oximetry feature in the Apple Watch Series 6 accurately or
23 reliably measures blood oxygen levels.

24
25
26
27
28

**Exhibit 2**
**-31-**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  October 9, 2020          By: */s/ Adam B. Powell*
                                      Joseph R. Re
                                      Stephen C. Jensen
                                      Perry D. Oldham
                                      Stephen W. Larson
                                      Adam B. Powell

                                      Attorneys for Plaintiffs,
                                      Masimo Corporation and
                                      Cercacor Laboratories, Inc.

Exhibit 2
-32-

## <u>PROOF OF SERVICE</u>

I am a citizen of the United States of America and I am employed in San Diego, California.  I am over the age of 18 and not a party to the within action.

On October 9, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 9, 2020, at Encinitas, California.

*/s/ Adam B. Powell*

Adam B. Powell

33102222

-9-

Exhibit 2
-33-

# EXHIBIT 4

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S SECOND SET OF**<br>) **INTERROGATORIES TO**<br>) **DEFENDANT APPLE INC. (NOS.**<br>) **6-10)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 4
-51-

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") direct the following interrogatories to Defendant APPLE INC. ("Apple").   These interrogatories are to be answered in writing and under oath, based upon all information and knowledge reasonably available to Apple, its attorneys, agents and all others acting on its behalf in accordance with the Definitions and Instructions below within thirty (30) days of service of these Interrogatories.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

1.     The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2.      "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3.     "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4.     The term "Plaintiffs" means Masimo and Cercacor as defined above.

5.     "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S. Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No.

-1-

Exhibit 4
-52-

10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.     "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch.

7.     "Apple iOS Products" means products that use Apple's mobile iOS operating system.

8.     "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

9.     The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, and U.S. Patent App. No. 15/960,507.  To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10.     The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11.     The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

12.     The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

Exhibit 4
-53-

13. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

14. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Each of these instructions is incorporated into each of the interrogatories to which it pertains.

2. Each interrogatory must operate and be responded to independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors or successors, as well as to information in the possession of Your officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever an answer to these interrogatories contains information which is not based upon Your personal knowledge, state the source and nature of such information.

4. If in answering any interrogatory, You seek to invoke the procedures of Rule 33(d) of the Federal Rules of Civil Procedure, state fully all facts which support Your contention that the burden of ascertaining the answer to the interrogatory is substantially the same for Masimo as it is for You, and specify those business records from which You contend Masimo may ascertain or derive the answer.

5. An interrogatory requiring You to "describe" a subject means You shall provide a complete and detailed explanation of the subject in writing, identify all documents (by production range where applicable) relevant to the

**Exhibit 4**
**-54-**

1    subject, and identify all persons with knowledge relevant to the subject.

2        6.    If any objection is made to any interrogatory herein, the objection

3    must state with particularity the basis therefor, and the interrogatory must be

4    answered to the extent not objected to.

5        7.    If any identified document or information was, but no longer is, in

6    Your possession or under Your control, state precisely what disposition was

7    made of it and identify the person who ordered or authorized such disposition.

8        8.    If You object to any interrogatory or fail to answer any

9    interrogatory on the ground that either the attorney-client privilege or the work-

10   product doctrine, or both, or any other claim of privilege applies, then as to such

11   information or such documents allegedly subject to such asserted privilege, You

12   are requested to supply the following information: (i) the nature of the document

13   or information; (ii) the sender, author, or source of the information, (iii) the date

14   of the document or communication; (iv) the name of each person to whom the

15   information, or the original or any copy of a document, was circulated; (v) the

16   names occurring on any circulation list associated with such document, where

17   applicable; (vi) a summary statement of the subject matter of the document or

18   information; (vii) the privilege(s) or doctrine claimed with respect to the

19   document or information; and (viii) the basis for the claim of the privilege(s) or

20   doctrine.

21       9.    If in response to an interrogatory You do not know all of the facts

22   necessary to provide a complete and specific answer, You should provide an

23   answer to such portion of the interrogatory as You can, and provide such facts

24   as are known to You and any estimates, approximations, or beliefs that You

25   consider reliable.  Any such estimates, approximations, or beliefs should be

26   clearly denoted as such, and the bases for Your belief in their reliability should

27   be explained.

28   / / /

Exhibit 4
-55-

10.    In the event that You object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that interrogatory for purposes of Your response.

11.    Nothing in these interrogatories shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization.

12.    If in answering any of these interrogatories You encounter any ambiguity in construing the interrogatory or any definition or instruction relevant to the interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the interrogatory.

13.    These interrogatories are continuing and require supplemental responses to the extent required pursuant to Fed. R. Civ. P. 26(e).

## INTERROGATORIES

### INTERROGATORY NO. 6:

Describe in detail all bases for each affirmative defense that You assert in this case, including an identification of all documents, things, and witnesses supporting your contention.  You may wait until thirty (30) days after Plaintiffs serve their initial Section 2019.210 disclosure to describe the bases for any affirmative defense(s) to Plaintiffs' trade secret misappropriation cause of action.

### INTERROGATORY NO. 7:

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of each Apple Watch Product, including without limitation, when and where the product is and/or was developed (including third party facilities), when and where each product was first released to market, a detailed description of when and why each

-5-

Exhibit 4
-56-

design change, modification, and improvement concerning physiological monitoring was made between each series of the Apple Watch, a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, the identity of any competitive products examined, analyzed or tested in connection with its design or development, each person or entity involved in designing and developing the Apple Watch Products, and what role each person or entity had in creating the Apple Watch Products.

**INTERROGATORY NO. 8:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of the product software related to physiological monitoring for each Apple Watch Product, including without limitation, when and where each portion of the product software is and/or was developed (including third party facilities), all versions or revisions (including name and/or version number) of the product software developed at each facility, the development and/or code management software used to develop each such version of the product software, the version control software or system used for each such version of the product software, the procedure for recording changes between each such version of the product software, the process for releasing versions of the product software, each person or entity involved in the design and development of the product software, and what role each person or entity had in the design and development of the product software.

**INTERROGATORY NO. 9:**

Describe in detail, with reference to any supporting documents, information, and materials, the operation of pulse rate algorithms associated with each Apple Watch Product, including without limitation the timing, current, and operation of any LEDs used to determine pulse rate, reasons and

-6-

Exhibit 4
-57-

1   conditions for changing the timing, current or operation of any LED used to

2   determine pulse rate, reasons and conditions for selecting among algorithms to

3   determine pulse rate, and power usage associated with each type of timing,

4   current, or operation of any LED.

5   **<u>INTERROGATORY NO. 10:</u>**

6           Describe in detail any test, analysis, comparison, or competitive analysis

7   that You performed concerning any non-Apple physiological monitor.  To the

8   extent that such test, analysis, comparison, or competitive analysis was based on

9   any scientific or experimental tests or investigations, Your response should

10  identify at least the date of each such investigation, the individuals who

11  conducted the test or investigation, what test or investigation was conducted, the

12  results or conclusions therefrom, to whom the results were communicated, and

13  all documents concerning such test or investigation.

14

15                                  KNOBBE, MARTENS, OLSON & BEAR, LLP

16

17  Dated: _July 17, 2020_____        By: */s/ Adam B. Powell*_____

18                                          Joseph R. Re
                                            Stephen C. Jensen
19                                          Perry D. Oldham
                                            Stephen W. Larson
20                                          Adam B. Powell

21                                          Attorneys for Plaintiffs,
                                            Masimo Corporation and
22                                          Cercacor Laboratories, Inc.

23

24

25

26

27

28

-7-

**Exhibit 4**
-58-

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On July 17, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO APPLE INC. (NOS. 6-10)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 17, 2020, at Irvine, California.

Karina Villanueva

32406202

-8-

Exhibit 4
-59-

# EXHIBIT 5

1  JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.:  415.393.8200 / Fax: 415.393.8306
4
   H. MARK LYON, SBN 162061
5     mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.:  650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
      bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP           GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.          333 South Grand Avenue
11 Washington, DC 20036                   Los Angeles, CA 90071-3197
   Tel.: 202.955.8541 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
12
   BRIAN A. ROSENTHAL, *pro hac vice*     ANGELIQUE KAOUNIS, SBN 209833
13    brosenthal@gibsondunn.com              akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP           GIBSON, DUNN & CRUTCHER LLP
14 200 Park Avenue                        2029 Century Park East Suite 4000
   New York, NY 10166-0193                Los Angeles, CA 90067
15 Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16 *Attorneys for Defendant Apple Inc.*

17

18                    **UNITED STATES DISTRICT COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
19                         **SOUTHERN DIVISION**

20 MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
   a Delaware corporation; and
21 CERCACOR LABORATORIES, INC.,           **DEFENDANT APPLE INC.'S**
   a Delaware corporation,                **OBJECTIONS AND RESPONSES TO**
22                                         **PLAINTIFFS MASIMO**
                                          **CORPORATION AND CERCACOR**
23              Plaintiffs,               **LABORATORIES, INC.'S THIRD SET**
                                          **OF REQUESTS FOR PRODUCTION**
24        v.                              **OF DOCUMENTS TO DEFENDANT**
                                          **APPLE INC. (NOS. 61-147)**
25 APPLE INC., a California corporation,

26              Defendant.                Hon. James V. Selna
                                          Magistrate Judge John D. Early
27

28

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Third Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 61–147) (the "Third RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Third RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1.      Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose obligations that

1    exceed the scope of permissible discovery under the Federal Rules of Civil Procedure,

2    the Local Rules, and all applicable rules and orders of this Court.

3        2.        Apple objects to the Third RFPs, including the Instructions and Definitions

4    and each specific Request therein, to the extent they:  (i) seek documents or information

5    that are not relevant to any party's claims or defenses in the action; (ii) impose a burden

6    disproportionate to the needs of the case; (iii) seek documents or information beyond the

7    scope of permissible discovery; (iv) are unreasonably cumulative or duplicative; or

8    (v) seek information that is obtainable from some other source that is more convenient,

9    less burdensome, or less expensive.  Apple objects to the Third RFPs, including the

10   Instructions and Definitions and each specific Request therein, to the extent they seek

11   disclosure of information, documents, and/or things related to Plaintiffs' trade secret

12   allegations and Plaintiffs have not complied with California Code of Civil Procedure

13   Section 2019.210's ("Section 2019.210") requirement that they identify with reasonable

14   particularity the alleged trade secret(s) that they claim Apple has misappropriated.  *See*

15   Dkt. Nos. 37, 54, 79.  Apple is not withholding materials solely on that basis unless the

16   Request is solely related to Plaintiffs' trade secret allegations.  Apple expressly preserves

17   its objection to producing any documents or things that relate to Plaintiffs' trade secret

18   misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

19   with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July

20   14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

21   relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

22   with Section 2019.210—without waiving, or intending to waive, the preceding

23   objection.  Accordingly, these Responses are given without waiving Apple's right to

24   revise, correct, supplement, or clarify any of its Responses in the event Plaintiffs comply

25   with Section 2019.210 in the future.  These Responses also are given without prejudice

26   to Apple's right to subsequently produce, including at trial, any additional documents,

27   witnesses, or evidence, including, without limitation, documents, witnesses, or evidence

28   that would only be subject to discovery by Plaintiffs if Plaintiffs first complied with the

1   requirements of Section 2019.210.

2       3.    Apple objects to the Third RFPs, including the Instructions and Definitions

3 and each specific Request therein, to the extent they are vague, ambiguous, overbroad,

4 and/or unduly burdensome, including to the extent that they demand production of

5 "each," "every," or "all" documents and things concerning the subject matters

6 referenced therein because such a demand causes undue burden and expense.

7       4.    Apple objects to the Third RFPs, including the Instructions and Definitions

8 and each specific Request therein, to the extent they seek information, documents, and/or

9 things protected from discovery by the attorney-client privilege, the work-product

10 doctrine, the common-interest privilege, and/or any other applicable privilege,

11 immunity, or protection. Specific objections on the grounds of privilege are provided

12 for emphasis and clarity only, and the absence of a specific objection should not be

13 interpreted as evidence that Apple does not object to a Request on the basis of an

14 applicable privilege. The inadvertent disclosure of any documents subject to such

15 privilege or protection is not intended to relinquish any privilege or protection and shall

16 not be deemed to be a waiver of any applicable privilege or protection. Apple reserves

17 the right to demand that Plaintiffs return to it any document inadvertently produced.

18 Plaintiffs shall, upon the request of Apple, immediately return or destroy any such

19 documents inadvertently produced. Further, upon Plaintiffs' discovery of what may be

20 a privileged document produced by Apple, Plaintiffs should immediately inform Apple

21 in writing.

22      5.    Apple objects to the Third RFPs, including the Instructions and Definitions

23 and each specific Request therein, to the extent they seek confidential commercial,

24 business, financial, or competitively sensitive information, trade secrets, or any other

25 proprietary information of or about Apple, its respective employees, its clients, and its

26 business partners, including information subject to confidentiality agreements with third

27 parties. Apple further objects to the Third RFPs, including the Instructions and

28 Definitions and each specific Request therein, to the extent that they seek to require

Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

6.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.  Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

7.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.  To the extent the Third RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

8.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.  Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or assumptions are correct or accurate.  The failure to object to any of the defined terms that are listed in the "Definitions" section of the Third RFPs, but that are not used by Plaintiffs in any of the Third RFPs directed to Apple, shall not be construed as a waiver of any objections to the definitions of those defined terms.

9.      Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to the Third RFPs, Apple does not admit the correctness of such assertions.

10.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, as being unduly burdensome to the extent they seek documents or information that (i) is not within the possession, custody, or control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in the possession of Plaintiffs; (iv) was already produced by or requested from other parties or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.); or (v) is public.

11.     These Responses, and the production of any documents, do not constitute admissions that such documents were in Apple's possession, custody, or control at any particular point in time other than on the date of production.

12.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek discovery from any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are not within Apple's control, and to the extent that a Request seeks such disclosure, it is improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and not on behalf of any parent, subsidiary, or affiliate.

13.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to require Apple to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

14.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files

(including electronic files) where responsive documents reasonably would be expected to be found.  When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure.  Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents.  Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

15.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form.   Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions.  If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

16.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are beyond Apple's possession, custody, or control.

17.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

18.    Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the use of specific search terms not previously negotiated between the parties.

19.    Apple's undertaking to produce documents responsive to the Third RFPs,

1   or its failure to object to a Request, is subject to a general proviso that Apple agrees to

2   produce documents only to the extent such documents exist and can be located with

3   reasonable diligence.  Further, Apple's undertaking to produce documents responsive to

4   the Third RFPs does not constitute an admission that such documents actually exist, but

5   rather that Apple has made or will continue to make a reasonable, good faith search and

6   attempt to ascertain whether responsive documents do in fact exist.  Apple's objections

7   and responses shall not be construed as representations regarding the existence or non-

8   existence of specific documents in its possession, custody, or control.

9       20.     By responding to the Third RFPs, Apple does not concede the relevancy or

10  materiality of any Request or of the subject to which it refers.  Apple's responses are

11  made subject to, and without waiving, any objections as to the competency, relevancy,

12  materiality, privilege, or admissibility of any of the responses given, or of the subject

13  matter, in any proceeding in this action or in any other subsequent proceeding.  Apple's

14  willingness to provide any document or information in response to a Request shall not

15  be interpreted as an admission that it is relevant to a claim or defense in this action, or

16  that it is admissible for any purpose.  Apple does not waive its right to object to the

17  admissibility of any document produced by any party on any ground.

18      21.     Apple responds to the Third RFPs, including the Instructions and

19  Definitions and each specific Request therein, without waiving or intending to waive,

20  but rather preserving and intending to preserve, its right to object to any other discovery

21  requests.

22      22.     Apple objects to the Third RFPs, including the Instructions and Definitions

23  and each specific Request therein, to the extent they rely on terms that are not defined

24  and could be understood to have multiple meanings.

25      23.     Apple reserves all other unarticulated objections.

26                        **OBJECTIONS TO DEFINITIONS**

27      1.      Apple objects to the Definitions in the Third RFPs to the extent they purport

28  to impose requirements that are inconsistent with, or beyond those contemplated by, the

Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the Third RFPs in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.      Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to the action.  Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the Third RFPs, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.      Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Masimo Corporation encompassed in the definition.

4.      Apple objects to Plaintiffs' definition of "Cercacor" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.      Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that Plaintiffs have not alleged Apple

Gibson, Dunn & Crutcher LLP

**Exhibit 5**
**-68-**

infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Third RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly. Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information on patents that Plaintiffs are no longer asserting.   Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as prejudicial and premature to the extent it seeks information related to patents only recently asserted in Plaintiffs' forthcoming Second Amended Complaint (and after service of this Request) because such responses would require Apple to respond to the Third RFPs in less than thirty days, in violation of the Federal Rules of Civil Procedure.  Accordingly, these Responses are given without waiving Apple's right to revise, correct, supplement, or clarify any of its Responses in response to patents only recently asserted in Plaintiffs' forthcoming Second Amended Complaint.

6.     Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.      Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8.      Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9.      Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint.  Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Third RFPs, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.

10.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Third RFPs, Apple will construe this term in accordance with the

requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11.     Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Third RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12.     Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Third RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

13.     Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Third RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## OBJECTIONS TO INSTRUCTIONS

1.     Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2.     Apple objects to Instruction No. 1 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple also objects to Instruction No. 1 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue

burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.     Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.     Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.     Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.     Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 5**
**-72-**

1   impose undue burdens and requirements beyond those imposed by the Federal Rules of

2   Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

3   <u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

4   <u>**REQUEST FOR PRODUCTION NO. 61:**</u>

5        All documents and things that tend to support or rebut any of Your affirmative

6   defenses to Plaintiffs' causes of action other than trade secret misappropriation.

7   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**</u>

8        Apple incorporates by reference its General Objections and Objections to

9   Definitions and Instructions.

10       Apple objects to this Request to the extent it seeks documents and things protected

11  from discovery by the attorney-client privilege, the work-product doctrine, the common-

12  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

13  objects to this Request as overbroad and unduly burdensome to the extent it seeks

14  information neither relevant to the issues in the present action nor reasonably calculated

15  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

16  extent that it seeks information already in Plaintiffs' possession or information that is

17  obtainable from another source, such as publicly available materials, that is more

18  convenient, less burdensome, or less expensive.  Apple objects to this Request as

19  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

20  possession, custody, or control.   Apple expressly preserves its objection to producing

21  any documents or things that relate to Plaintiffs' trade secret misappropriation claim,

22  even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

23  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

24  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

25  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

26  without waiving, or intending to waive, the preceding objection.

27       Subject to and without waiver of the foregoing General and Specific Objections

28  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

1  Apple agrees to produce documents responsive to the unobjectionable scope of this
2  Request, to the extent such information exists and is located after a reasonably diligent
3  search.

4  **REQUEST FOR PRODUCTION NO. 62:**

5  All documents and things that tend to support or rebut any contention that Masimo
6  has not been harmed by Your acts, other than trade secret misappropriation, alleged to
7  be improper in this case.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

9  Apple incorporates by reference its General Objections and Objections to
10  Definitions and Instructions.

11  Apple objects to this Request to the extent it seeks documents and things protected
12  from discovery by the attorney-client privilege, the work-product doctrine, the common-
13  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple
14  objects to this Request as overbroad and unduly burdensome to the extent it seeks
15  information neither relevant to the issues in the present action nor reasonably calculated
16  to lead to the discovery of admissible evidence.  Apple objects to this Request to the
17  extent that it seeks information already in Plaintiffs' possession or information that is
18  obtainable from another source, such as publicly available materials, that is more
19  convenient, less burdensome, or less expensive.  Apple objects to this Request as
20  overbroad and unduly burdensome to the extent it seeks documents not within Apple's
21  possession, custody, or control.  Apple expressly preserves its objection to producing
22  any documents or things that relate to Plaintiffs' trade secret misappropriation claim,
23  even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.
24  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,
25  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'
26  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—
27  without waiving, or intending to waive, the preceding objection.

28

Gibson, Dunn &
Crutcher LLP

1    Subject to and without waiver of the foregoing General and Specific Objections

2    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3    Apple agrees to produce documents responsive to the unobjectionable scope of this

4    Request, to the extent such information exists and is located after a reasonably diligent

5    search.

6    **REQUEST FOR PRODUCTION NO. 63:**

7    Documents sufficient to show any heart rate algorithms used in any of the Apple

8    Watch Products.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

10    Apple incorporates by reference its General Objections and Objections to

11    Definitions and Instructions.

12    Apple objects to this Request to the extent it seeks documents and things protected

13    from discovery by the attorney-client privilege, the work-product doctrine, the common-

14    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

15    objects to this Request as overbroad and unduly burdensome to the extent it seeks

16    information neither relevant to the issues in the present action nor reasonably calculated

17    to lead to the discovery of admissible evidence.  Apple objects to this Request to the

18    extent that it seeks information already in Plaintiffs' possession or information that is

19    obtainable from another source, such as publicly available materials, that is more

20    convenient, less burdensome, or less expensive.  Apple objects to this Request to the

21    extent it seeks documents related to products that are not relevant to this litigation or

22    documents related to products Plaintiffs have not identified in their Complaint or

23    otherwise accused of infringement.  Apple objects to this Request as overbroad and

24    unduly burdensome because it is not limited to the publicly released Apple Watch Series

25    3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

26    Asserted Patents.  Apple objects to this Request as vague, ambiguous, overly broad, and

27    unduly burdensome because it uses the undefined phrase "heart rate algorithm," which

28    does not appear reasonably limited to the scope of infringement allegations in this

Gibson, Dunn &
Crutcher LLP

16

litigation.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things that refer or relate to selection between any heart rate algorithm used in any of the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or

Gibson, Dunn & Crutcher LLP

17

**Exhibit 5**
**-76-**

1   documents related to products Plaintiffs have not identified in their Complaint or

2   otherwise accused of infringement.  Apple objects to this Request as overbroad and

3   unduly burdensome because it is not limited to the publicly released Apple Watch Series

4   3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

5   Asserted Patents.  Apple objects to this Request as vague, ambiguous, overly broad, and

6   unduly burdensome because it uses the undefined phrase "heart rate algorithm," which

7   does not appear reasonably limited to the scope of infringement allegations in this

8   litigation.  Apple objects to this Request on the grounds that it is overly broad and unduly

9   burdensome to the extent it requests "[a]ll documents and things" relating to the subject

10   matter of the request.  Apple expressly preserves its objection to producing any

11   documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if

12   they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

13   Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

14   54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

15   trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

16   without waiving, or intending to waive, the preceding objection.

17        Subject to and without waiver of the foregoing General and Specific Objections

18   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

19   Apple agrees to produce documents related to the technical features accused of

20   infringement and responsive to the unobjectionable scope of this Request, to the extent

21   such information exists and is located after a reasonably diligent search.

22   **REQUEST FOR PRODUCTION NO. 65:**

23        All documents and things that refer or relate to power consumption by any heart

24   rate algorithm used in any of the Apple Watch Products.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

26        Apple incorporates by reference its General Objections and Objections to

27   Definitions and Instructions.

28

18

**Exhibit 5
-77-**

1   Apple objects to this Request to the extent it seeks documents and things protected

2   from discovery by the attorney-client privilege, the work-product doctrine, the common-

3   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

4   objects to this Request as overbroad and unduly burdensome to the extent it seeks

5   information neither relevant to the issues in the present action nor reasonably calculated

6   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

7   extent that it seeks information already in Plaintiffs' possession or information that is

8   obtainable from another source, such as publicly available materials, that is more

9   convenient, less burdensome, or less expensive.  Apple objects to this Request to the

10  extent it seeks documents related to products that are not relevant to this litigation or

11  documents related to products Plaintiffs have not identified in their Complaint or

12  otherwise accused of infringement.  Apple objects to this Request as overbroad and

13  unduly burdensome because it is not limited to the publicly released Apple Watch Series

14  3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

15  Asserted Patents.  Apple objects to this Request as vague, ambiguous, overly broad, and

16  unduly burdensome because it uses the undefined phrase "heart rate algorithm," which

17  does not appear reasonably limited to the scope of infringement allegations in this

18  litigation.  Apple objects to this Request on the grounds that it is overly broad and unduly

19  burdensome to the extent it requests "[a]ll documents and things" relating to the subject

20  matter of the request.   Apple expressly preserves its objection to producing any

21  documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if

22  they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

23  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

24  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

25  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

26  without waiving, or intending to waive, the preceding objection.

27   Subject to and without waiver of the foregoing General and Specific Objections

28  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

1   Apple agrees to produce documents related to the technical features accused of

2   infringement and responsive to the unobjectionable scope of this Request, to the extent

3   such information exists and is located after a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 66:**

5   All documents and things that refer or relate to any testing and/or analysis of the

6   properties and/or characteristics of any of the Apple Watch Products or any component

7   of any of the Apple Watch Products that relate to pulse rate detection, pulse rate

8   measurement, power consumption by pulse rate detection, or power consumption by

9   pulse rate measurement, including, without limitation, testing protocols, reports, results,

10   notes, and summaries.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

12   Apple incorporates by reference its General Objections and Objections to

13   Definitions and Instructions.

14   Apple objects to this Request to the extent it seeks documents and things protected

15   from discovery by the attorney-client privilege, the work-product doctrine, the common-

16   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

17   objects to this Request as overbroad and unduly burdensome to the extent it seeks

18   information neither relevant to the issues in the present action nor reasonably calculated

19   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

20   extent that it seeks information already in Plaintiffs' possession or information that is

21   obtainable from another source, such as publicly available materials, that is more

22   convenient, less burdensome, or less expensive.  Apple objects to this Request to the

23   extent it seeks documents related to products that are not relevant to this litigation or

24   documents related to products Plaintiffs have not identified in their Complaint or

25   otherwise accused of infringement.  Apple objects to this Request as overbroad and

26   unduly burdensome because it is not limited to the publicly released Apple Watch Series

27   3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

28   Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad

**Exhibit 5
-79-**

1    and unduly burdensome to the extent it requests "[a]ll documents and things" relating to

2    the subject matter of the request.  Apple expressly preserves its objection to producing

3    any documents or things that relate to Plaintiffs' trade secret misappropriation claim,

4    even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

5    Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

6    54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

7    trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

8    without waiving, or intending to waive, the preceding objection.

9         Subject to and without waiver of the foregoing General and Specific Objections

10   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

11   Apple agrees to produce documents related to the technical features accused of

12   infringement and responsive to the unobjectionable scope of this Request, to the extent

13   such information exists and is located after a reasonably diligent search.

14   **REQUEST FOR PRODUCTION NO. 67:**

15        All documents and things concerning any attempt to obtain FDA approval of any

16   of the Apple Watch Products.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

18        Apple incorporates by reference its General Objections and Objections to

19   Definitions and Instructions.

20        Apple objects to this Request to the extent it seeks documents and things protected

21   from discovery by the attorney-client privilege, the work-product doctrine, the common-

22   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

23   objects to this Request as overbroad and unduly burdensome to the extent it seeks

24   information neither relevant to the issues in the present action nor reasonably calculated

25   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

26   extent that it seeks information already in Plaintiffs' possession or information that is

27   obtainable from another source, such as publicly available materials, that is more

28   convenient, less burdensome, or less expensive.  Indeed, documents sought by this

21

**Exhibit 5**
**-80-**

1   Apple agrees to produce documents related to the technical features accused of
2   infringement and responsive to the unobjectionable scope of this Request, to the extent
3   such information exists and is located after a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 71:**

5      Documents sufficient to identify all persons involved in the research, design, and
6   development of any physiological monitoring capability of the Apple Watch Products.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

8      Apple incorporates by reference its General Objections and Objections to
9   Definitions and Instructions.

10     Apple objects to this Request to the extent it seeks documents and things protected
11  from discovery by the attorney-client privilege, the work-product doctrine, the common-
12  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple
13  objects to this Request as overbroad and unduly burdensome to the extent it seeks
14  information neither relevant to the issues in the present action nor reasonably calculated
15  to lead to the discovery of admissible evidence.  Apple objects to this Request to the
16  extent that it seeks information already in Plaintiffs' possession or information that is
17  obtainable from another source, such as publicly available materials, that is more
18  convenient, less burdensome, or less expensive.  Apple objects to this Request to the
19  extent it seeks documents related to products that are not relevant to this litigation or
20  documents related to products Plaintiffs have not identified in their Complaint or
21  otherwise accused of infringement.  Apple objects to this Request as overbroad and
22  unduly burdensome because it is not limited to the publicly released Apple Watch Series
23  3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the
24  Asserted Patents.  Apple objects to this Request as overbroad and unduly burdensome
25  to the extent it requests information predating the release of the Accused Products and,
26  in fact, is not limited to any relevant time period.  Apple objects to this Request as vague,
27  ambiguous, overly broad, and unduly burdensome because it is not limited to the
28  asserted claims of the patents asserted by Plaintiffs in their Complaint.   Apple expressly

preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning any changes made to any of the Apple Watch Products' firmware, software, or comments thereto that relate to physiological monitoring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or

**Exhibit 5
-82-**

documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents" relating to the subject matter of the request.   Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning any changes made to firmware, software, or comments thereto, between the Apple Watch Series 3 and Apple Watch Series 4 and later.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

1    Apple incorporates by reference its General Objections and Objections to

2  Definitions and Instructions.

3    Apple objects to this Request to the extent it seeks documents and things protected

4  from discovery by the attorney-client privilege, the work-product doctrine, the common-

5  interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

6  objects to this Request as overbroad and unduly burdensome to the extent it seeks

7  information neither relevant to the issues in the present action nor reasonably calculated

8  to lead to the discovery of admissible evidence. Apple objects to this Request to the

9  extent that it seeks information already in Plaintiffs' possession or information that is

10  obtainable from another source, such as publicly available materials, that is more

11  convenient, less burdensome, or less expensive. Apple objects to this Request on the

12  grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll

13  documents" relating to the subject matter of the request. Apple objects to this Request

14  as overbroad and unduly burdensome because it is not limited to the publicly released

15  Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement

16  allegations to infringe the Asserted Patents. Apple objects to this Request as overbroad

17  and unduly burdensome to the extent it requests information predating the release of the

18  Accused Products and, in fact, is not limited to any relevant time period. Apple objects

19  to this Request as vague, ambiguous, overly broad, and unduly burdensome because it

20  is not limited to the asserted claims of the patents asserted by Plaintiffs in their

21  Complaint.    Apple expressly preserves its objection to producing any documents or

22  things that relate to Plaintiffs' trade secret misappropriation claim, even if they also

23  relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based

24  on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will

25  withhold only documents or things that relate solely to Plaintiffs' trade secret

26  misappropriation claim until Plaintiffs comply with Section 2019.210—without

27  waiving, or intending to waive, the preceding objection.

28

30

**Exhibit 5**
**-84-**

1    Subject to and without waiver of the foregoing General and Specific Objections

2    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3    Apple agrees to produce documents related to the technical features accused of

4    infringement and responsive to the unobjectionable scope of this Request, to the extent

5    such information exists and is located after a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 74:**

7    All documents and things that refer or relate to the performance of noninvasive

8    physiological measurements for the Apple Watch Series 3.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

10   Apple incorporates by reference its General Objections and Objections to

11   Definitions and Instructions.

12   Apple objects to this Request to the extent it seeks documents and things protected

13   from discovery by the attorney-client privilege, the work-product doctrine, the common-

14   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

15   objects to this Request as overbroad and unduly burdensome to the extent it seeks

16   information neither relevant to the issues in the present action nor reasonably calculated

17   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

18   extent that it seeks information already in Plaintiffs' possession or information that is

19   obtainable from another source, such as publicly available materials, that is more

20   convenient, less burdensome, or less expensive.  Apple objects to this Request to the

21   extent it seeks documents related to products that are not relevant to this litigation or

22   documents related to products Plaintiffs have not identified in their Complaint or

23   otherwise accused of infringement.  Apple objects to this Request on the grounds that it

24   is overly broad and unduly burdensome to the extent it requests "[a]ll documents and

25   things" relating to the subject matter of the request.  Apple objects to this Request as

26   overbroad and unduly burdensome to the extent it requests information predating the

27   release of the Accused Products and, in fact, is not limited to any relevant time period.

28   Apple objects to this Request as vague, ambiguous, overly broad, and unduly

Gibson, Dunn &
Crutcher LLP

31

burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint.   Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210— without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things that refer or relate to the performance of noninvasive physiological measurements for the Apple Watch Series 4 and later.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request on the

Gibson, Dunn & Crutcher LLP

**Exhibit 5**
**-86-**

1 | grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll
2 | documents and things" relating to the subject matter of the request.  Apple objects to this
3 | Request as overbroad and unduly burdensome because it is not limited to the publicly
4 | released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs'
5 | infringement allegations to infringe the Asserted Patents.  Apple objects to this Request
6 | as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to
7 | the asserted claims of the patents asserted by Plaintiffs in their Complaint.     Apple
8 | expressly preserves its objection to producing any documents or things that relate to
9 | Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims,
10 | until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April
11 | 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only
12 | documents or things that relate solely to Plaintiffs' trade secret misappropriation claim
13 | until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive,
14 | the preceding objection.

15 | Subject to and without waiver of the foregoing General and Specific Objections
16 | and under the provisions of the Protective Order and ESI Stipulation entered in this case,
17 | Apple agrees to produce documents related to the technical features accused of
18 | infringement and responsive to the unobjectionable scope of this Request, to the extent
19 | such information exists and is located after a reasonably diligent search.

20 | **REQUEST FOR PRODUCTION NO. 76:**

21 | All documents and things that refer or relate to changes in the performance of
22 | non-invasive physiological measurements between the Apple Watch Series 3 and the
23 | Apple Watch Series 4.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

25 | Apple incorporates by reference its General Objections and Objections to
26 | Definitions and Instructions.

27 | Apple objects to this Request to the extent it seeks documents and things protected
28 | from discovery by the attorney-client privilege, the work-product doctrine, the common-

1   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

2   objects to this Request as overbroad and unduly burdensome to the extent it seeks

3   information neither relevant to the issues in the present action nor reasonably calculated

4   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

5   extent that it seeks information already in Plaintiffs' possession or information that is

6   obtainable from another source, such as publicly available materials, that is more

7   convenient, less burdensome, or less expensive.  Apple objects to this Request to the

8   extent it seeks documents related to products that are not relevant to this litigation or

9   documents related to products Plaintiffs have not identified in their Complaint or

10  otherwise accused of infringement.  Apple objects to this Request on the grounds that it

11  is overly broad and unduly burdensome to the extent it requests "[a]ll documents and

12  things" relating to the subject matter of the request.  Apple objects to this Request as

13  overbroad and unduly burdensome to the extent it requests information predating the

14  release of the Accused Products and, in fact, is not limited to any relevant time period.

15  Apple objects to this Request as vague, ambiguous, overly broad, and unduly

16  burdensome because it is not limited to the asserted claims of the patents asserted by

17  Plaintiffs in their Complaint.   Apple expressly preserves its objection to producing any

18  documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if

19  they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

20  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

21  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

22  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

23  without waiving, or intending to waive, the preceding objection.

24      Subject to and without waiver of the foregoing General and Specific Objections

25  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

26  Apple agrees to produce documents related to the technical features accused of

27  infringement and responsive to the unobjectionable scope of this Request, to the extent

28  such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 4 and the Apple Watch Series 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Gibson, Dunn & Crutcher LLP

**Exhibit 5**
**-89-**

1    Subject to and without waiver of the foregoing General and Specific Objections
2    and under the provisions of the Protective Order and ESI Stipulation entered in this case,
3    Apple agrees to produce documents related to the technical features accused of
4    infringement and responsive to the unobjectionable scope of this Request, to the extent
5    such information exists and is located after a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 78:**

7    The complete source code, including prior versions, revisions, and comments, that
8    relates to the following features of Apple Watch Products:  LEDs, photodiodes, duty
9    cycle, changes in measurement modes, heart rate context, calculation of physiological
10   parameters based on detected optical signals, determination of heart rate, the health
11   application, the breathe application, and communications of physiological parameters to
12   Apple iOS Products.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

14   Apple incorporates by reference its General Objections and Objections to
15   Definitions and Instructions.

16   Apple objects to this Request to the extent it seeks documents and things protected
17   from discovery by the attorney-client privilege, the work-product doctrine, the common-
18   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple
19   objects to this Request as overbroad and unduly burdensome to the extent it seeks
20   information neither relevant to the issues in the present action nor reasonably calculated
21   to lead to the discovery of admissible evidence.  Apple objects to this Request to the
22   extent that it seeks information already in Plaintiffs' possession or information that is
23   obtainable from another source, such as publicly available materials, that is more
24   convenient, less burdensome, or less expensive.  Apple objects to this Request to the
25   extent it seeks documents related to products that are not relevant to this litigation or
26   documents related to products Plaintiffs have not identified in their Complaint or
27   otherwise accused of infringement.  Apple objects to this Request as overbroad and
28   unduly burdensome because it is not limited to the publicly released Apple Watch Series

1  **REQUEST FOR PRODUCTION NO. 83:**

2      All documents and things that refer or relate to the use, effectiveness, capabilities,

3  functionality, or characteristics of the physiological monitoring features of any of the

4  Apple Watch Products.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

6      Apple incorporates by reference its General Objections and Objections to

7  Definitions and Instructions.

8      Apple objects to this Request to the extent it seeks documents and things protected

9  from discovery by the attorney-client privilege, the work-product doctrine, the common-

10  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

11  objects to this Request as overbroad and unduly burdensome to the extent it seeks

12  information neither relevant to the issues in the present action nor reasonably calculated

13  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

14  extent that it seeks information already in Plaintiffs' possession or information that is

15  obtainable from another source, such as publicly available materials, that is more

16  convenient, less burdensome, or less expensive.  Apple objects to this Request to the

17  extent it seeks documents related to products that are not relevant to this litigation or

18  documents related to products Plaintiffs have not identified in their Complaint or

19  otherwise accused of infringement.  Apple objects to this Request as overbroad and

20  unduly burdensome because it is not limited to the publicly released Apple Watch Series

21  3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

22  Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad

23  and unduly burdensome to the extent it requests "[a]ll documents and things" relating to

24  the subject matter of the request.  Apple expressly preserves its objection to producing

25  any documents or things that relate to Plaintiffs' trade secret misappropriation claim,

26  even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

27  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

28  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

Gibson, Dunn & Crutcher LLP

1   trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—
2   without waiving, or intending to waive, the preceding objection.

3         Subject to and without waiver of the foregoing General and Specific Objections
4   and under the provisions of the Protective Order and ESI Stipulation entered in this case,
5   Apple agrees to produce documents related to the technical features accused of
6   infringement and responsive to the unobjectionable scope of this Request, to the extent
7   such information exists and is located after a reasonably diligent search.

8   **REQUEST FOR PRODUCTION NO. 84:**

9         Documents sufficient to show any algorithm used to monitor any physiological
10   parameter in any of the Apple Watch Products.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

12         Apple incorporates by reference its General Objections and Objections to
13   Definitions and Instructions.

14         Apple objects to this Request to the extent it seeks documents and things protected
15   from discovery by the attorney-client privilege, the work-product doctrine, the common-
16   interest privilege, and/or any other applicable privilege, immunity, or protection. Apple
17   objects to this Request as overbroad and unduly burdensome to the extent it seeks
18   information neither relevant to the issues in the present action nor reasonably calculated
19   to lead to the discovery of admissible evidence. Apple objects to this Request to the
20   extent that it seeks information already in Plaintiffs' possession or information that is
21   obtainable from another source, such as publicly available materials, that is more
22   convenient, less burdensome, or less expensive. Apple objects to this Request to the
23   extent it seeks documents related to products that are not relevant to this litigation or
24   documents related to products Plaintiffs have not identified in their Complaint or
25   otherwise accused of infringement. Apple objects to this Request as overbroad and
26   unduly burdensome because it is not limited to the publicly released Apple Watch Series
27   3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the
28   Asserted Patents. Apple objects to this Request as overly broad and unduly burdensome

Gibson, Dunn &
Crutcher LLP

Exhibit 5
-92-

1   because it is not reasonably limited to the scope of infringement allegations in this

2   litigation.  Apple expressly preserves its objection to producing any documents or things

3   that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to

4   *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this

5   Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold

6   only documents or things that relate solely to Plaintiffs' trade secret misappropriation

7   claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to

8   waive, the preceding objection.

9           Subject to and without waiver of the foregoing General and Specific Objections

10  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

11  Apple agrees to produce documents related to the technical features accused of

12  infringement and responsive to the unobjectionable scope of this Request, to the extent

13  such information exists and is located after a reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 85:**

15          All documents and things referring or relating to, or otherwise evidencing, factors

16  Apple considered when selecting technology that it used to monitor any physiological

17  parameter, for use in Defendant's products.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

19          Apple incorporates by reference its General Objections and Objections to

20  Definitions and Instructions.

21          Apple objects to this Request to the extent it seeks documents and things protected

22  from discovery by the attorney-client privilege, the work-product doctrine, the common-

23  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

24  objects to this Request as overbroad and unduly burdensome to the extent it seeks

25  information neither relevant to the issues in the present action nor reasonably calculated

26  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

27  extent that it seeks information already in Plaintiffs' possession or information that is

28  obtainable from another source, such as publicly available materials, that is more

Gibson, Dunn &
Crutcher LLP

**Exhibit 5
-93-**

convenient, less burdensome, or less expensive.  Apple objects to this Request because it seeks documents related to "Defendant's products," which is undefined and appears to seek documents related to products that are not relevant to this litigation.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and things referring or relating to, or otherwise evidencing, the parameters by which Defendant or its customers evaluates the performance of physiological parameter monitoring technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

47

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 5
-94-

interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request. Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 5**
**-95-**

extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple responds that this Request is overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request.

**REQUEST FOR PRODUCTION NO. 97:**

All and things that refer or relate to any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or

**Exhibit 5**
-96-

documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple responds that this Request is overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 3 and the Apple Watch Series 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

Exhibit 5
-97-

interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "associated with changes."  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.   Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "associated with changes."  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things that relate to any comparison of any of the Apple Watch Products to any of the Masimo or Cercacor products or technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "Masimo or Cercacor products or technologies."  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 101:

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 5
-100-

1    *v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018); *Jobscience, Inc.*

2    *v. CVPartners, Inc.*, 2014 WL 852477, at *4 (N.D. Cal. Feb. 28, 2014).  Apple expressly

3    preserves its objection to producing any documents or things that relate to Plaintiffs'

4    trade secret misappropriation claim, even if they also relate to *other* claims, until

5    Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17,

6    June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents

7    or things that relate solely to Plaintiffs' trade secret misappropriation claim until

8    Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the

9    preceding objection.

10         Subject to and without waiver of the foregoing General and Specific Objections

11    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

12    Apple agrees to produce documents responsive to the unobjectionable scope of this

13    Request, to the extent such information exists and is located after a reasonably diligent

14    search.

15    **REQUEST FOR PRODUCTION NO. 128:**

16         All communications between Defendant and Plaintiffs referring or relating to

17    subject matter disclosed or claimed in the Disputed Patents.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

19         Apple incorporates by reference its General Objections and Objections to

20    Definitions and Instructions.

21         Apple objects to this Request to the extent that it seeks information already in

22    Plaintiffs' possession or information that is obtainable from another source, such as

23    publicly available materials, that is more convenient, less burdensome, or less expensive.

24    Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks

25    documents not within Apple's possession, custody, or control.  Apple objects to this

26    Request because it seeks "all communications," which will be negotiated and produced

27    pursuant to the ESI Order in this case.  Apple objects to this Request to the extent it

28    requires Apple to draw a legal conclusion in order to respond.  Apple objects to this

Gibson, Dunn &
Crutcher LLP

101
**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 5
-101-**

1  Request as overbroad and unduly burdensome to the extent it seeks information already

2  in Plaintiffs' possession, custody, or control.   Apple expressly preserves its objection to

3  producing any documents or things that relate to Plaintiffs' trade secret misappropriation

4  claim, even if they also relate to *other* claims, until Plaintiffs comply with Section

5  2019.210.   Nonetheless, based on this Court's April 17, June 15, and July 14 Orders

6  (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely

7  to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section

8  2019.210—without waiving, or intending to waive, the preceding objection.

9         Subject to and without waiver of the foregoing General and Specific Objections,

10  Apple is willing to meet and confer regarding the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 129:**

12         All communications between Defendant and any individual who previously

13  worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the

14  Disputed Patents.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

16         Apple incorporates by reference its General Objections and Objections to

17  Definitions and Instructions.

18         Apple objects to this Request to the extent it seeks documents and things protected

19  from discovery by the attorney-client privilege, the work-product doctrine, the common-

20  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

21  objects to this Request as overbroad and unduly burdensome to the extent it seeks

22  information neither relevant to the issues in the present action nor reasonably calculated

23  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

24  extent that it seeks information already in Plaintiffs' possession or information that is

25  obtainable from another source, such as publicly available materials, that is more

26  convenient, less burdensome, or less expensive.   Apple objects to this Request as

27  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

28  possession, custody, or control.  Apple objects to this Request because it seeks "all

Gibson, Dunn & Crutcher LLP

102

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 5
-102-

communications," which will be negotiated and produced pursuant to the ESI Order in this case.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.   Apple objects to this Request to the extent it requires Apple to draw a legal conclusion in order to respond.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information already in Plaintiffs' possession, custody, or control.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple expressly preserves its objection

Gibson, Dunn &
Crutcher LLP

103

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 5
-103-

1 Request, to the extent such information exists and is located after a reasonably diligent

2 search.

3

4

5 Dated: August 17, 2020

JOSHUA H. LERNER
6                                          H. MARK LYON
   BRIAN M. BUROKER
7                                          BRIAN A. ROSENTHAL
   ILISSA SAMPLIN
8                                          ANGELIQUE KAOUNIS
   BRIAN K. ANDREA
9                                          GIBSON, DUNN & CRUTCHER LLP

10

11 By:  */s/ Joshua H. Lerner*
         Joshua H. Lerner

12

13                                         *Attorneys for Defendant Apple Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

123
**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 5
-104-

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On August 17, 2020, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on August 17, 2020, at Irvine, California.

_Tracy A Morgan_
Tracy A. Morgan

Gibson, Dunn & Crutcher LLP

124

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 5**
**-105-**

# EXHIBIT 6

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Gibson, Dunn & Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Fourth Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 148-172) (the "Fourth RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Fourth RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose

1  obligations that exceed the scope of permissible discovery under the Federal Rules of

2  Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

3        2.      Apple objects to the Fourth RFPs, including the Instructions and

4  Definitions and each specific Request therein, to the extent they:  (i) seek documents or

5  information that are not relevant to any party's claims or defenses in the action;

6  (ii) impose a burden disproportionate to the needs of the case; (iii) seek documents or

7  information beyond the scope of permissible discovery; (iv) are unreasonably

8  cumulative or duplicative; or (v) seek information that is obtainable from some other

9  source that is more convenient, less burdensome, or less expensive.

10        3.      Apple objects to the Fourth RFPs, including the Instructions and

11  Definitions and each specific Request therein, to the extent they seek disclosure of

12  information, documents, and/or things related to Plaintiffs' trade secret allegations

13  because Plaintiffs have not complied with California Code of Civil Procedure Section

14  2019.210's ("Section 2019.210") requirement that they identify with reasonable

15  particularity the alleged trade secret(s) that they claim Apple has misappropriated.  *See*

16  Dkt. Nos. 37, 54, 79.  Apple is not withholding materials solely on that basis unless the

17  Request is solely related to Plaintiffs' trade secret allegations.  Apple expressly preserves

18  its objection to producing any documents or things that relate to Plaintiffs' trade secret

19  misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

20  with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July

21  14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

22  relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

23  with Section 2019.210—without waiving, or intending to waive, the preceding

24  objection.  Accordingly, these Responses are made without waiving Apple's right to

25  revise, correct, supplement, or clarify any of its Responses in the event Plaintiffs comply

26  with Section 2019.210 in the future.  These Responses also are made without prejudice

27  to Apple's right to subsequently produce, including at trial, any additional documents,

28  witnesses, or evidence, including, without limitation, documents, witnesses, or evidence

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-108-**

1   that would only be subject to discovery by Plaintiffs if Plaintiffs first complied with the

2   requirements of Section 2019.210.

3         4.    Apple objects to the Fourth RFPs, including the Instructions and

4   Definitions and each specific Request therein, to the extent they are vague, ambiguous,

5   overbroad, and/or unduly burdensome, including to the extent that they demand

6   production of "each," "every," or "all" documents and things concerning the subject

7   matters referenced therein because such a demand causes undue burden and expense.

8         5.    Apple objects to the Fourth RFPs, including the Instructions and

9   Definitions and each specific Request therein, to the extent they seek information,

10  documents, and/or things protected from discovery by the attorney-client privilege, the

11  work-product doctrine, the common-interest privilege, and/or any other applicable

12  privilege, immunity, or protection.  Specific objections on the grounds of privilege are

13  provided for emphasis and clarity only, and the absence of a specific objection should

14  not be interpreted as evidence that Apple does not object to a Request on the basis of an

15  applicable privilege.  The inadvertent disclosure of any documents subject to such

16  privilege or protection is not intended to relinquish any privilege or protection and shall

17  not be deemed to be a waiver of any applicable privilege or protection.  Apple reserves

18  the right to demand that Plaintiffs return to it any document inadvertently produced.

19  Plaintiffs shall, upon the request of Apple, immediately return or destroy any such

20  documents inadvertently produced.  Further, upon Plaintiffs' discovery of what may be

21  a privileged document produced by Apple, Plaintiffs should immediately inform Apple

22  in writing.

23        6.    Apple objects to the Fourth RFPs, including the Instructions and

24  Definitions and each specific Request therein, to the extent they seek confidential

25  commercial, business, financial, or competitively sensitive information, trade secrets, or

26  any other proprietary information of or about Apple, its respective employees, its clients,

27  and its business partners, including information subject to confidentiality agreements

28  with third parties.  Apple further objects to the Fourth RFPs, including the Instructions

Gibson, Dunn &
Crutcher LLP

4

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-109-

and Definitions and each specific Request therein, to the extent that they seek to require Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

7.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.  Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

8.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.  To the extent the Fourth RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

9.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.  Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or assumptions are correct or accurate.  The failure to object to any of the defined terms that are listed in the "Definitions" section of the Fourth RFPs, but that are not used by Plaintiffs in any of the Fourth RFPs directed to Apple, shall not be construed

Gibson, Dunn & Crutcher LLP

1    as a waiver of any objections to the definitions of those defined terms.

2         10.    Apple objects to the Fourth RFPs, including the Instructions and

3    Definitions and each specific Request therein, to the extent they lack foundation, or

4    incorporate allegations and assertions that are disputed or erroneous.  By responding and

5    objecting to the Fourth RFPs, Apple does not admit the correctness of such assertions.

6         11.    Apple objects to the Fourth RFPs, including the Instructions and

7    Definitions and each specific Request therein, as being unduly burdensome to the extent

8    they seek documents or information that (i) is not within the possession, custody, or

9    control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in

10   the possession of Plaintiffs; (iv) was already produced by or requested from other parties

11   or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-

12   02001 (C.D. Cal.); or (v) is public.

13        12.    These Responses, and the production of any documents, do not constitute

14   admissions that such documents were in Apple's possession, custody, or control at any

15   particular point in time other than on the date of production.

16        13.    Apple objects to the Fourth RFPs, including the Instructions and

17   Definitions and each specific Request therein, to the extent they seek discovery from

18   any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are

19   not within Apple's control, and to the extent that a Request seeks such disclosure, it is

20   improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and

21   not on behalf of any parent, subsidiary, or affiliate.

22        14.    Apple objects to the Fourth RFPs, including the Instructions and

23   Definitions and each specific Request therein, to the extent they purport to require Apple

24   to compile information in a manner that is not maintained in the ordinary course of

25   business, or to create documents, including but not limited to charts, tables, reviews,

26   proposals, methodologies, and/or breakdowns, etc., that do not already exist.

27        15.    Apple objects to the Fourth RFPs, including the Instructions and

28   Definitions and each specific Request therein, to the extent they purport to impose an

obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found.  When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure.  Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents.  Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

16.   Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form.  Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions.  If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

17.   Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are beyond Apple's possession, custody, or control.

18.   Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

19.   Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the use of specific search terms not previously negotiated between the parties.

Exhibit 6
-112-

20.     Apple's undertaking to produce documents responsive to the Fourth RFPs, or its failure to object to a Request, is subject to a general proviso that Apple agrees to produce documents only to the extent such documents exist and can be located with reasonable diligence.  Further, Apple's undertaking to produce documents responsive to the Fourth RFPs does not constitute an admission that such documents actually exist, but rather that Apple has made or will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.   Apple's objections and responses shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody, or control.

21.     By responding to the Fourth RFPs, Apple does not concede the relevancy or materiality of any Request or of the subject to which it refers.  Apple's responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding.  Apple's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that it is relevant to a claim or defense in this action, or that it is admissible for any purpose.  Apple does not waive its right to object to the admissibility of any document produced by any party on any ground.

22.     Apple responds to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

23.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

24.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they relate to Plaintiffs' patent infringement allegations.  In view of the Court's October 14, 2020 Order (Dkt.

APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Exhibit 6
-113-

No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot.

25.     Apple reserves all other unarticulated objections.

## OBJECTIONS TO DEFINITIONS

1.     Apple objects to the Definitions in the Fourth RFPs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the Fourth RFPs in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to this action.  Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the Fourth RFPs, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.     Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Masimo Corporation encompassed in the definition.

4.     Apple objects to Plaintiffs' definition of "Cercacor" as overly broad,

unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.     Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that Plaintiffs have not alleged Apple infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information regarding patents that Plaintiffs are no longer asserting.  In responding to the Fourth RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly.

6.     Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.     Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the

10

Exhibit 6
-115-

definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8.     Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9.     Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint.  Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Fourth RFPs, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.

10.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11. Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous. In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12. Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous. In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

13. Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous. Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## **OBJECTIONS TO INSTRUCTIONS**

1. Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2. Apple objects to Instruction No. 1 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control. Apple also objects to Instruction No. 1 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court. Apple

further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.      Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.      Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.      Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.      Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 148:

All document and things that refer or relate to the calculation of oxygen saturation in any Apple Watch Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, to the extent this Request is even relevant to Plaintiffs' patent infringement allegations, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in

1   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

2   pending compliance with Section 2019.210, Apple declines to respond to this Request

3   at this time.

4   **REQUEST FOR PRODUCTION NO. 149:**

5        Documents sufficient to show any pulse oximetry algorithms used in any of the

6   Apple Watch Products.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

8        Apple incorporates by reference its General Objections and Objections to

9   Definitions and Instructions.

10        Apple objects to this Request as overbroad and unduly burdensome to the extent

11   it seeks information neither relevant to the issues in the present action nor reasonably

12   calculated to lead to the discovery of admissible evidence.  Apple objects to this Request

13   to the extent it seeks documents related to products that are not relevant to this litigation

14   or documents related to products Plaintiffs have not identified in their Complaint or

15   otherwise accused of infringement.  Apple objects to this Request because it is seeks

16   discovery related to Plaintiffs' patent infringement allegations, which have been stayed

17   by the Court.

18        Subject to and without waiver of the foregoing General and Specific Objections

19   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

20   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

21   to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

22   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

23   documents related to trade secret discovery, because Plaintiffs' Section 2019.210

24   Statement, dated November 6, 2020, is deficient, including for reasons identified in

25   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

26   pending compliance with Section 2019.210, Apple declines to respond to this Request

27   at this time.

28

Gibson, Dunn &
Crutcher LLP

15

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-120-

**REQUEST FOR PRODUCTION NO. 150:**

All documents and things that refer or relate to selection between any pulse oximetry algorithm used in any of the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, including because it uses the undefined phrase "selection between any pulse oximetry algorithm."  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in

16

**Exhibit 6
-121-**

1    Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

2    pending compliance with Section 2019.210, Apple declines to respond to this Request

3    at this time.

4    **REQUEST FOR PRODUCTION NO. 151:**

5         All documents and things that refer or relate to power consumption by any pulse

6    oximetry algorithm used in any of the Apple Watch Products.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

8         Apple incorporates by reference its General Objections and Objections to

9    Definitions and Instructions.

10         Apple objects to this Request to the extent it seeks documents and things protected

11   from discovery by the attorney-client privilege, the work-product doctrine, the common-

12   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

13   objects to this Request as overbroad and unduly burdensome to the extent it seeks

14   information neither relevant to the issues in the present action nor reasonably calculated

15   to lead to the discovery of admissible evidence. Apple objects to this Request as vague,

16   ambiguous, overly broad, and unduly burdensome, including because it uses the

17   undefined phrase "power consumption by any pulse oximetry algorithm."  Apple objects

18   to this Request to the extent it seeks documents related to products that are not relevant

19   to this litigation or documents related to products Plaintiffs have not identified in their

20   Complaint or otherwise accused of infringement.  Apple objects to this Request on the

21   grounds that it is overly broad and unduly burdensome because it requests "all

22   documents and things" relating to the subject matter of the request.  Apple objects to this

23   Request because it is seeks discovery related to Plaintiffs' patent infringement

24   allegations, which have been stayed by the Court.

25         Subject to and without waiver of the foregoing General and Specific Objections

26   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

27   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

28   to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

Gibson, Dunn &
Crutcher LLP

17
**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-122-**

1   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

2   documents related to trade secret discovery, because Plaintiffs' Section 2019.210

3   Statement, dated November 6, 2020, is deficient, including for reasons identified in

4   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

5   pending compliance with Section 2019.210, Apple declines to respond to this Request

6   at this time.

7   **REQUEST FOR PRODUCTION NO. 152:**

8   The complete source code, including versions, revisions, and comments, that

9   relates to the following features of Apple Watch Products: determination of oxygen

10  saturation.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

12  Apple incorporates by reference its General Objections and Objections to

13  Definitions and Instructions.

14  Apple objects to this Request to the extent it seeks documents and things protected

15  from discovery by the attorney-client privilege, the work-product doctrine, the common-

16  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

17  objects to this Request as overbroad and unduly burdensome to the extent it seeks

18  information neither relevant to the issues in the present action nor reasonably calculated

19  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

20  extent it seeks documents related to products that are not relevant to this litigation or

21  documents related to products Plaintiffs have not identified in their Complaint or

22  otherwise accused of infringement.  Apple objects to this Request as overbroad and

23  unduly burdensome, including because it seeks "[t]he complete source code, including

24  prior versions, revisions, and comments," is not limited to any relevant time period, and

25  is not limited to the technical features accused of infringement.  Apple objects to this

26  Request because it is seeks discovery related to Plaintiffs' patent infringement

27  allegations, which have been stayed by the Court.

28

Gibson, Dunn &
Crutcher LLP

18

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6**
**-123-**

1        Subject to and without waiver of the foregoing General and Specific Objections

2   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3   to the extent this Request is even relevant to Plaintiffs' patent infringement allegations,

4   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

5   to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

6   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

7   documents related to trade secret discovery, because Plaintiffs' Section 2019.210

8   Statement, dated November 6, 2020, is deficient, including for reasons identified in

9   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

10  pending compliance with Section 2019.210, Apple declines to respond to this Request

11  at this time.

12  **REQUEST FOR PRODUCTION NO. 153:**

13       All documents and things that refer or relate to the operation of any LEDs used to

14  determine oxygen saturation for any Apple Watch Product, including but not limited to

15  documents and things that refer or relate to LED timing, duty cycle, current, or power

16  usage.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

18       Apple incorporates by reference its General Objections and Objections to

19  Definitions and Instructions.

20       Apple objects to this Request to the extent it seeks documents and things protected

21  from discovery by the attorney-client privilege, the work-product doctrine, the common-

22  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

23  objects to this Request as overbroad and unduly burdensome to the extent it seeks

24  information neither relevant to the issues in the present action nor reasonably calculated

25  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

26  extent it seeks documents related to products that are not relevant to this litigation or

27  documents related to products Plaintiffs have not identified in their Complaint or

28  otherwise accused of infringement.  Apple objects to this Request on the grounds that it

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6**
**-124-**

is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, to the extent this Request is even relevant to Plaintiffs' patent infringement allegations, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

## REQUEST FOR PRODUCTION NO. 154:

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any Apple Watch Product or any component of any Apple Watch Product that relate to pulse oximetry or power consumption by pulse oximetry, including, without limitation, testing protocols, reports, results, notes, and summaries.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 154:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks

Exhibit 6
-125-

1   information neither relevant to the issues in the present action nor reasonably calculated

2   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

3   extent it seeks documents related to products that are not relevant to this litigation or

4   documents related to products Plaintiffs have not identified in their Complaint or

5   otherwise accused of infringement.  Apple objects to this Request on the grounds that it

6   is overly broad and unduly burdensome because it requests "all documents and things"

7   relating to the subject matter of the request.  Apple objects to this Request because it is

8   seeks discovery related to Plaintiffs' patent infringement allegations, which have been

9   stayed by the Court.

10          Subject to and without waiver of the foregoing General and Specific Objections

11  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

12  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

13  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

14  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

15  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

16  Statement, dated November 6, 2020, is deficient, including for reasons identified in

17  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

18  pending compliance with Section 2019.210, Apple declines to respond to this Request

19  at this time.

20  **REQUEST FOR PRODUCTION NO. 155:**

21          All documents and things concerning any decision by Apple not to seek FDA

22  approval of the pulse oximetry feature of any Apple Watch Product.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

24          Apple incorporates by reference its General Objections and Objections to

25  Definitions and Instructions.

26          Apple objects to this Request to the extent it seeks documents and things protected

27  from discovery by the attorney-client privilege, the work-product doctrine, the common-

28  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

Gibson, Dunn & Crutcher LLP

21

**Exhibit 6
-126-**

1  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

2  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

3  Statement, dated November 6, 2020, is deficient, including for reasons identified in

4  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

5  pending compliance with Section 2019.210, Apple declines to respond to this Request

6  at this time.

7  **REQUEST FOR PRODUCTION NO. 172:**

8      All documents and things referring to performance of the pulse oximetry feature

9  in the Apple Watch Series 6, including documents relating or referring to whether the

10  pulse oximetry feature in the Apple Watch Series 6 accurately or reliably measures blood

11  oxygen levels.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

13      Apple incorporates by reference its General Objections and Objections to

14  Definitions and Instructions.

15      Apple objects to this Request to the extent it seeks documents and things protected

16  from discovery by the attorney-client privilege, the work-product doctrine, the common-

17  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

18  objects to this Request as overbroad and unduly burdensome to the extent it seeks

19  information neither relevant to the issues in the present action nor reasonably calculated

20  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

21  extent that it seeks information already in Plaintiffs' possession or information that is

22  obtainable from another source, such as publicly available materials, that is more

23  convenient, less burdensome, or less expensive.  Apple objects to this Request as

24  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

25  possession, custody, or control.  Apple objects to this Request on the grounds that it is

26  overly broad and unduly burdensome because it requests "all documents and things"

27  referring to the subject matter of the request.  Apple objects to this Request because it is

28

1    seeks discovery related to Plaintiffs' patent infringement allegations, which have been

2    stayed by the Court.

3            Subject to and without waiver of the foregoing General and Specific Objections

4    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5    in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

6    to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

7    Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

8    documents related to trade secret discovery, because Plaintiffs' Section 2019.210

9    Statement, dated November 6, 2020, is deficient, including for reasons identified in

10   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

11   pending compliance with Section 2019.210, Apple declines to respond to this Request

12   at this time.

13

14

15   Dated:  November 9, 2020                JOSHUA H. LERNER
                                             H. MARK LYON
16                                           BRIAN M. BUROKER
                                             BRIAN A. ROSENTHAL
17                                           ILISSA SAMPLIN
                                             ANGELIQUE KAOUNIS
18                                           BRIAN K. ANDREA
                                             GIBSON, DUNN & CRUTCHER LLP
19

20

21   By:  */s/ Joshua H. Lerner*
                                             Joshua H. Lerner
22

23                                           *Attorneys for Defendant Apple Inc.*

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

42
APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-128-

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On November 9, 2020, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on November 9, 2020, at Irvine, California.

*/s/ Tracy A. Morgan*

Tracy A. Morgan

Gibson, Dunn & Crutcher LLP

# EXHIBIT 8

1   JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3   San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
5   H. MARK LYON, SBN 162061
      mlyon@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
7   Palo Alto, CA 94304-1211
    Tel.: 650.849.5300 / Fax: 650.849.5333

8   BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
9   BRIAN K. ANDREA, *pro hac vice*        ILISSA SAMPLIN, SBN 314018
      bandrea@gibsondunn.com                 isamplin@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP         GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.        333 South Grand Avenue
11  Washington, DC 20036                 Los Angeles, CA 90071-3197
    Tel.: 202.955.8541 / Fax: 202.467.0539   Tel.: 213.229.7000 / Fax: 213.229.7520
12
    BRIAN A. ROSENTHAL, *pro hac vice*   ANGELIQUE KAOUNIS, SBN 209833
13    brosenthal@gibsondunn.com            akaounis@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP         GIBSON, DUNN & CRUTCHER LLP
14  200 Park Avenue                      2029 Century Park East Suite 4000
    New York, NY 10166-0193              Los Angeles, CA 90067
15  Tel.: 212.351.2339 / Fax: 212.817.9539   Tel.: 310.552.8546 / Fax: 310.552.7026

16  *Attorneys for Defendant Apple Inc.*

17
18              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
19                    **SOUTHERN DIVISION**

20  MASIMO CORPORATION,                  CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
21  CERCACOR LABORATORIES, INC.,         **DEFENDANT APPLE INC.'S**
    a Delaware corporation,              **SUPPLEMENTAL OBJECTIONS**
22                                       **AND RESPONSES TO PLAINTIFFS**
                    Plaintiffs,          **MASIMO CORPORATION AND**
23                                       **CERCACOR LABORATORIES,**
          v.                             **INC.'S SECOND SET OF**
24                                       **INTERROGATORIES TO**
    APPLE INC., a California corporation, **DEFENDANT APPLE INC. (NOS. 6-**
25                                       **10)**
                    Defendant.
26
27                                       Hon. James V. Selna
                                         Magistrate Judge John D. Early
28

                                        1

Gibson, Dunn &
Crutcher LLP

Exhibit 8
-153-

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Supplemental Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Second Set of Interrogatories to Defendant Apple Inc. (Nos. 6–10) (the "Interrogatories," and each an "Interrogatory").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Supplemental Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Supplemental Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Supplemental Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

Apple responds to these Interrogatories as it interprets and understands them.  If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Apple's understanding, Apple reverses its right to alter or supplement its objections or responses.

## **GENERAL OBJECTIONS**

Apple re-asserts and incorporates by reference herein each and every General Objection, Objection to Definition, and Objection to Instruction that Apple previously asserted in its earlier interrogatory responses, including those asserted with respect to the instructions and definitions contained in the Interrogatories.

Gibson, Dunn & Crutcher LLP

2

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEX)

Exhibit 8
-154-

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 6:

Describe in detail all bases for each affirmative defense that You assert in this case, including an identification of all documents, things, and witnesses supporting your contention. You may wait until thirty (30) days after Plaintiffs serve their initial Section 2019.210 disclosure to describe the bases for any affirmative defense(s) to Plaintiffs' trade secret misappropriation cause of action.

### RESPONSE TO INTERROGATORY NO. 6 (AUGUST 17, 2020):

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects that this Interrogatory is premature and hence improper and unduly burdensome because it calls for information that is subject to deadlines set forth in the Court's Scheduling Order.  Apple objects to this Interrogatory as premature because Plaintiffs have not yet filed their Second Amended Complaint.  Apple objects to this Interrogatory as premature and prejudicial because it has not completed its investigation of the facts and documents relating to this case and has not fully completed its discovery in this action.  Apple objects to this Interrogatory as premature because Apple has not yet answered Plaintiffs' Complaint and has not yet completed its investigation into the potential defenses it may assert.  Apple objects to this Interrogatory as duplicative of interrogatories previously served by Plaintiffs that request information regarding Apple's defenses.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:  Apple will supplement its response to this Interrogatory after it answers Plaintiffs' Complaint and, for certain affirmative defenses (*e.g.*, invalidity), Apple will provide its contentions in accordance with the Court's schedule.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

3

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-155-

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (AUGUST 26, 2020):**

Subject to and without waiving the foregoing general and specific objections, Apple responds additionally as follows:  Apple's affirmative defenses do not yet exist in this action because it has not filed an Answer to the Complaint in this action.

Based on the information currently available to Apple, Apple intends to allege that the Asserted Patents are invalid at least pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.  Apple will provide the facts and documents related to its invalidity defenses in its invalidity contentions pursuant to the deadlines set forth in the Court's Scheduling Orders.

Apple also expects to assert that Apple does not infringe the Asserted Patents, and will provide its non-infringement contentions (which Plaintiffs have already requested in Plaintiffs' Interrogatory No. 1) after it receives the amended infringement contentions Plaintiffs have indicated they will be providing for all of the Asserted Patents.

Apple also alleges that Plaintiffs have failed to properly plead their trade secret claims for the reasons set forth in Apple's Motion to Dismiss.  *See* Dkt. No. 103-1.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 7:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of each Apple Watch Product, including without limitation, when and where the product is and/or was developed (including third party facilities), when and where each product was first released to market, a detailed description of when and why each design change, modification, and improvement concerning physiological monitoring was made between each series of the Apple Watch, a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, the identity of any competitive products examined, analyzed or tested in connection with its design or development, each person

4

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 8 -156-**

1   or entity involved in designing and developing the Apple Watch Products, and what role

2   each person or entity had in creating the Apple Watch Products.

3   **RESPONSE TO INTERROGATORY NO. 7 (AUGUST 17, 2020):**

4        Apple hereby restates and incorporates the General Objections above as though

5   fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

6   information or things protected by the attorney-client privilege, attorney work product

7   doctrine, or any other applicable privilege, immunity, or protection.   Apple objects to

8   this Interrogatory as overly broad and unduly burdensome in that it seeks information

9   related to technical features that are not relevant to this litigation.   Apple objects to this

10   Interrogatory to the extent it seeks information related to products that are not relevant

11   to this litigation, which Masimo has not identified in its Complaint or otherwise accused

12   of infringement.   Apple objects to this Interrogatory as overbroad and unduly

13   burdensome because it is not limited to the publicly released Apple Watch Series 3-5

14   devices identified and alleged in Plaintiffs' infringement allegations to infringe the

15   Asserted Patents.   Apple objects to this Interrogatory as overly broad and unduly

16   burdensome because it is not reasonably limited to the scope of infringement allegations

17   in this litigation.   Apple objects to this Interrogatory as overbroad and unduly

18   burdensome as it is not limited to any relevant time period.   Apple objects to this

19   Interrogatory as improper as it calls for a narrative.   Apple objects to this Interrogatory

20   to the extent it is compound and comprises discrete subparts, and asserts that each

21   subpart of each compound Interrogatory counts separately toward the discovery limits

22   set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States

23   District Court for the Central District of California.

24        Subject to and without waiving the foregoing General and Specific Objections,

25   Apple responds as follows:  The Apple Watch Series 3, 4, and 5 products were developed

26   in Cupertino, California.   The Apple Watch Series 3 was first released to market on

27   September 22, 2017.   The Apple Watch Series 4 was first released to market on

28   September 21, 2018.   The Apple Watch Series 5 was first released to market on

5

Exhibit 8
-157-

1    September 20, 2019.   For a detailed description of the complete development of

2    physiological monitoring capabilities used in the Apple Watch Products, Apple directs

3    Plaintiffs to https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-

4    built-in-cellular-and-more/,      https://www.apple.com/newsroom/2018/09/redesigned-

5    apple-watch-series-4-revolutionizes-communication-fitness-and-health/,          and

6    https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/.   The

7    Apple Watch Series 3, 4, and 5 products were designed and developed by teams led by

8    Brian Land, Senior Manager, and Steve Waydo, Senior Manager.

9         Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple

10   incorporates by reference the documents bearing bates numbers APL-MAS_00000001

11   through APL-MAS_00001192, as well as the source code it has made available for

12   inspection in this action.

13        Apple reserves the right to supplement and/or amend its response to this

14   Interrogatory as it continues its investigation and as discovery progresses.

15   **INTERROGATORY NO. 8:**

16        Describe in detail, with reference to any supporting documents, information, and

17   materials, the design and development of the product software related to physiological

18   monitoring for each Apple Watch Product, including without limitation, when and where

19   each portion of the product software is and/or was developed (including third party

20   facilities), all versions or revisions (including name and/or version number) of the

21   product software developed at each facility, the development and/or code management

22   software used to develop each such version of the product software, the version control

23   software or system used for each such version of the product software, the procedure for

24   recording changes between each such version of the product software, the process for

25   releasing versions of the product software, each person or entity involved in the design

26   and development of the product software, and what role each person or entity had in the

27   design and development of the product software.

28

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 8**
**-158-**

**RESPONSE TO INTERROGATORY NO. 8 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as duplicative to the extent it seeks information sought by Interrogatory No. 7.  Apple objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information related to technical features and/or software that are not relevant to this litigation.  Apple objects to this Interrogatory to the extent it seeks information related to products that are not relevant to this litigation, which Masimo has not identified in its Complaint or otherwise accused of infringement.  Apple objects to this Interrogatory as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.  Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period.  Apple objects to this Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory No. 7 in its entirety.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for

7

Gibson, Dunn & Crutcher LLP

Exhibit 8
-159-

1  inspection in this action.

2      Apple reserves the right to supplement and/or amend its response to this

3  Interrogatory as it continues its investigation and as discovery progresses.

4  **INTERROGATORY NO. 9:**

5      Describe in detail, with reference to any supporting documents, information, and

6  materials, the operation of pulse rate algorithms associated with each Apple Watch

7  Product, including without limitation the timing, current, and operation of any LEDs

8  used to determine pulse rate, reasons and conditions for changing the timing, current or

9  operation of any LED used to determine pulse rate, reasons and conditions for selecting

10 among algorithms to determine pulse rate, and power usage associated with each type

11 of timing, current, or operation of any LED.

12 **RESPONSE TO INTERROGATORY NO. 9 (AUGUST 17, 2020):**

13     Apple hereby restates and incorporates the General Objections above as though

14 fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

15 information or things protected by the attorney-client privilege, attorney work product

16 doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to

17 this Interrogatory as overly broad and unduly burdensome in that it seeks information

18 related to technical features that are not relevant to this litigation.  Apple objects to this

19 Interrogatory to the extent it seeks information related to products that are not relevant

20 to this litigation, which Masimo has not identified in its Complaint or otherwise accused

21 of infringement.   Apple objects to this Interrogatory as overbroad and unduly

22 burdensome because it is not limited to the publicly released Apple Watch Series 3-5

23 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

24 Asserted Patents.   Apple objects to this Interrogatory as overly broad and unduly

25 burdensome because it is not reasonably limited to the scope of infringement allegations

26 in this litigation.   Apple objects to this Interrogatory as overbroad and unduly

27 burdensome as it is not limited to any relevant time period.  Apple objects to this

28 Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

8

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-160-

to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory Nos. 7 and 8.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 10:**

Describe in detail any test, analysis, comparison, or competitive analysis that You performed concerning any non-Apple physiological monitor. To the extent that such test, analysis, comparison, or competitive analysis was based on any scientific or experimental tests or investigations, Your response should identify at least the date of each such investigation, the individuals who conducted the test or investigation, what test or investigation was conducted, the results or conclusions therefrom, to whom the results were communicated, and all documents concerning such test or investigation.

**RESPONSE TO INTERROGATORY NO. 10 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period.  Apple objects to this Interrogatory as overly broad, unduly burdensome

9

Gibson, Dunn & Crutcher LLP

APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-161-

and irrelevant because it seeks information related to "any non-Apple physiological monitor." Apple's inspection of "any non-Apple physiological monitor" is irrelevant to the issues presented in this case. Apple objects to this Interrogatory as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple is willing to meet and confer to discuss the relevance of the information sought by Plaintiffs.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

Dated: August 26, 2020

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joshua H. Lerner
        Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

10

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-162-

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On August 26, 2020, I served the within **DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 6-10)** on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on August 26, 2020, at Irvine, California.

*/s/ Tracy A. Morgan*
Tracy A. Morgan

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 8
-163-

# EXHIBIT 9

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

October 1, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

        We write pursuant to Local Rule 37-1 to address various discovery issues and request a meet and
confer.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

        **Apple's Improper Exclusive Reliance on Custodians and Search Terms:**  Apple has taken
the position that, as to one or more requests, it may rely <u>solely</u> on search terms and ESI searches to look
for responsive documents.  That is improper.  Apple should perform a reasonable search for documents
separate and apart from ESI searching by, for example, talking to potential custodians and witnesses to
determine where relevant documents may exist.  During the parties June 30th meet and confer, "Apple
agreed to let Plaintiffs know if it determines that it will use search terms and custodians alone to satisfy
Apple's discovery obligations for a particular RFP."  However, to date, Apple has not identified any
such RFPs.  Please confirm that Apple will satisfy its discovery obligations and will not limit its
searching to the use of search terms and custodians for any RFP.

        **Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Based on the correspondence between the parties,
we understand that Apple is not withholding and does not intend to withhold documents based on its
objections for these RFPs and that Apple intends to produce all non-privileged documents responsive to
these RFPs.  Please confirm and let us know when Apple intends to produce such documents.

        **Plaintiffs' RFPs 5-8, 10-11, and 26-27:**  Based on the correspondence between the parties, we
understand that Apple has withheld documents responsive to these RFPs based solely on Apple's
position that Plaintiffs must first serve a Section 2019.210 statement that Apple deems adequate.
Because the Court rejected Apple's position in its April 17, June 15, and July 14 Orders (Dkt. Nos. 37,
54, 79), we expect Apple will produce these documents.  Please confirm and let us know when Apple
intends to produce such documents.

        **Plaintiffs' RFP 9:** Based on the correspondence between the parties, we understand Apple has
withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its
Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please
confirm Apple will no longer withhold documents based on that position.  Apple also previously stated

**Exhibit 9
-164-**

# Knobbe Martens

that it intends to withhold publicly available documents.  As we previously explained, this is improper.
Apple should produce all documents in its possession, custody, or control, even if they are otherwise
publicly available.  Please confirm Apple will produce such documents.  We understand Apple is not
withholding and does not intend to withhold documents based on any other objections.  Please let us
know if that is incorrect.

**Plaintiffs' RFPs 12-25:**  Based on the correspondence between the parties, we understand Apple
has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its
Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please
confirm Apple will no longer withhold documents based on that position.  Apple also previously stated
that it intends to withhold any documents that are "relevant specifically to any claim not asserted in this
action."  As we have explained, Apple is not permitted to withhold responsive documents based on
Apple's contention those documents are relevant to unasserted claims.  Indeed, Plaintiffs are entitled to
Apple's documents, including for the purposes of selecting asserted claims.  Please confirm Apple will
not maintain this objection.  We understand Apple is not withholding any documents based on any other
objection.  Please let us know if that is incorrect.

**Plaintiffs' RFPs 28-33, 35-39, 41-46, 58, 60:**  Based on the correspondence between the parties,
we understand Apple contends that these RFPs are premature until it receives Plaintiffs' infringement
contentions, but that Apple will produce documents responsive to these RFPs upon receiving such
contentions.  We disagree, but look forward to promptly receiving Apple's documents after Plaintiffs
serve their infringement contentions.  Please let us know when you will provide these documents.

**Plaintiffs' RFPs 47-49:**  Based on the correspondence between the parties, we understand Apple
intends to provide documents related only to how often a user's heart rate is measured and the operation
of the LEDs in the Accused Products, but not as to the remainder of these Requests.  As we have
previously explained, that is improper.  Please confirm Apple will produce all documents responsive to
this request.

**Apple's Improper Attempts to Limit Document Productions to Accused Features:**  Apple
has thus far improperly limited Apple's core technical document production to include only documents
that relate to features Apple claims were accused of infringement.  Apple has not stated any such
objection to RFPs 1-60 and any such objection would be improper. Please confirm that Apple will
produce all responsive documents, including—at a minimum—all responsive documents related to
physiological monitoring.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  Apple objects to all RFPs 61-147 on the basis of Section 2019.210 and states
that it will "withhold" "documents or things that relate solely to Plaintiffs' trade secret misappropriation
claim until Plaintiffs comply with Section 2019.210. . . ."  None of Plaintiffs' RFPs, however, seek only
documents relevant to Plaintiffs' trade secret misappropriation claim.  If Apple disagrees and is
withholding documents on this basis, please identify the specific RFPs and explain Apple's position.

**Temporal Scope:**  Apple objects to Plaintiffs' RFPs 67-74, 76, 78, 79, 88-91, 97, 98, 100-109,
122-125, 129, 131-135, and 143 on the ground that they are "vague, ambiguous, overly broad, and

# Knobbe Martens

unduly burdensome" because the request does not identify a relevant time period.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Undefined Terms:**  Apple objects to certain requests that use "undefined" terms or phrases such as but not limited to: "refer or relate to," "concerning," "evaluating," "discussing," "commenting," "instructional materials," "directions for use," "training materials," "training manuals," "training videos," "marketing materials," "promotional materials," "informational materials," "internet postings," "physiological monitoring features," "technical documents," "technical information," "specifications," "research data," "pulse rate," "heart rate," "optical . . . components," "structural components," "components," "surface areas," "adhesives," "physiological parameter," "heart rate algorithms," "development," "first heart rate metrics," "first technique," "first period," "second heart rate metrics," "second technique," "second period," "changes in collecting heart rate metrics," "change in operating mode," and "user input."  Please confirm Apple will interpret these terms and phrases according to their plain and ordinary meaning and produce responsive documents accordingly.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Products Not Identified in the Complaint:**  Apple objects to Plaintiffs RFPs 63-72, 74, 76, 78-84, 86, 87, 97, 100-109, and 131-134 to the extent that they seek "documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement."  Apple is incorrect that products not specifically accused of infringement are not relevant to this litigation.  For example, the features of the Series 1 Watch are relevant to this case at least because a comparison between the Series 1 Watch and the Series 3 and later watches may be relevant to showing the value of the features in the later watches.  Apple also objects to RFP 85 because it requests documents related to "Defendant's products" and Apple claims that this term is "undefined and appears to seek documents related to products that are not relevant to this litigation."  This RFP requests documents "referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any <u>physiological parameter</u>, for use in Defendant's products."  This request is clear and seeks relevant documents.  Please confirm Apple is not relying on and does not intend to rely on these objections to withhold relevant documents.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple objects to Plaintiffs' RFPs 63-73, 75, 79, 80, 82-84, 97, 100-105, 107, and 131-134 as overbroad and unduly burdensome because they are not "limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents."  As a preliminary matter, Plaintiffs have not yet served their infringement contentions because the Court extended Plaintiffs' deadline to do so.  To the extent Apple's objection is based on Plaintiffs' preliminary contentions that were limited to public information only, that is improper.  Further, as discussed above, Apple is incorrect that products not accused of infringement cannot be relevant to this litigation.  Please confirm Apple is not using this objection as a basis to withhold requested discovery.

**Public Documents**:  Apple objects to Plaintiffs' RFPs 61-96, 104, 110- 112, 114-121, 126-129, 133, 134, 136-142, and 145-147, to the extent they seek "information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive."  To the extent Apple intends to withhold documents within Apple's possession, custody, or control based on this objection, that is improper.  Please confirm

Exhibit 9
-166-

# Knobbe Martens

Apple is not withholding and does not intend to withhold public documents within Apple's possession, custody, or control.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  In addition to the issues identified above, Apple has indicated that it only "agrees to produce documents related to the technical features accused of infringement" for these RFPs.  As the parties have discussed, this objection is improper.  Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  In addition to the issues identified above, Apple has requested that the parties meet and confer on the scope of these requests.  Plaintiffs believe that the scope of these requests is appropriate, but are willing to meet and confer.  So that the parties can have a productive discussion, please provide Apple's position on what documents it is willing to provide in advance of the parties' meet and confer.

**Plaintiffs' RFPs 80-82, 101, 136:**  In addition to the issues identified above, Apple's objections limit its production of documents responsive to these RFPs to documents identified in a "search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties."  As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97:**  In addition to the issues identified above, Apple contends that these requests are "overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request."  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.  Further, Plaintiff's believe that the scope of these requests is appropriate but are willing to meet and confer both on these requests specifically and on ESI more generally as discussed below.

**Plaintiffs' RFPs 91, 129, and 136:**  In addition to the issues identified above, Apple objects to these requests because they seek any or all communications that Apple contends "will be negotiated and produced pursuant to the ESI Order in this case."  Plaintiffs do not understand this objection or its basis.  Please explain this objection and confirm that Apple is not relying on and does not intend to rely on this objection to withhold any requested discovery.

**Plaintiffs' RFPs 98 and 99:**  In addition to the issues identified above, Apple has indicated that it "is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information."  These RFPs relate to forecasts and projections that are prepared in the ordinary course of business.  Thus, there is no need to wait for a future mutual exchange of generated financial spreadsheets.  However, Plaintiffs are willing to meet and confer.  So that the parties can have a productive discussion, please explain Apple's position on these RFPs prior to the meet and confer.

**Plaintiffs' RFPs 132 and 144:**  In addition to the issues identified above, Apple has stated that it will not produce documents responsive to these requests because "Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be

Exhibit 9
-167-

located after a reasonably diligent search."  Plaintiffs find it difficult to believe that a company the size of Apple does not have documents showing Apple's organizational structure or the reporting and supervisory obligations of various employees.  Apple should produce documents providing the requested information, regardless of whether Apple internally labels these documents as "organizational charts."  Please confirm Apple will produce such documents.

## Compliance with ESI Order

Pursuant to Section 1 of the ESI order, the parties agreed to exchange proposed custodians "who are knowledgeable about and were involved with the core issues or subjects in this case" in connection with the meet and confer process on ESI.  Moreover, as discussed above, Apple has referenced and conditioned its production of documents with reference to its production of ESI.  Plaintiffs propose that the parties exchange proposed custodians on October 15.  Please let us know if Apple agrees.  If Apple does not agree, please propose another date for this exchange.

## Apple's Deficient Document Production

To date, Apple has produced approximately 1,000 documents.  Apple has failed to produce responsive documents even as to RFPs as to which it committed to produce documents months ago.  Please let us know when Apple will make substantial document productions.

## Plaintiffs Interrogatories Nos. 1 and 6-10

**Plaintiffs' Interrogatory No. 1:**  This interrogatory requests details on Apple's non-infringement positions.  Apple previously indicated it would provide a full response to Interrogatory No. 1 after Plaintiffs provide infringement contentions.  Under the new schedule proposed by the Parties, Plaintiffs' infringement contentions are due November 13, 2020.  Plaintiffs request that Apple will provide a full response by December 7, 2020.  Please confirm Apple will do so.

**Plaintiffs' Interrogatory No. 7:**  This interrogatory requests details on the design and development of the Apple Watch.  Apple's response is woefully deficient and provides little of the requested information.  Please confirm that Apple will supplement its response by October 8

**Plaintiffs' Interrogatory No. 8:**  This interrogatory requests details on the design and development of the product software related to physiological monitoring for each Apple Watch product.  Again, Apple's response is woefully deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 9:**  This interrogatory requests details on the operation of the pulse rate algorithm associated with each of the Apple Watches.  Yet again, Apple's response is deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 10.**  This interrogatory requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor.  Apple's response requests a meet and confer to discuss the relevance of the information sought by Plaintiffs.  This interrogatory clearly seeks relevant information and Apple needs to provide a

# Knobbe Martens

substantive response.  So that the parties can have a productive discussion, please explain Apple's position prior to the meet and confer.

## Invalidity Contentions and Plaintiffs' Interrogatory No. 2

Apples' invalidity contentions are woefully deficient.  Apple was required, among other things, to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."  Apple's invalidity contentions failed to provide the necessary obviousness analysis and instead asserts that Apple may rely on any potential combination of its identified references for any potential claim.  This amounts to billions of potential combinations.  Apple also fails to provide any evidence or reasoned explanation on how or why limitations missing in any particular reference would be obvious to a person of ordinary skill in the art.  Please confirm Apple will immediately provide proper invalidity contentions.

Plaintiffs' Interrogatory No. 2 asks for Apple's invalidity positions in this case, including an explanation of why it would have been obvious to combine the prior art references on which you rely in alleging obviousness.  Apple has previously taken the position that it will provide a response to this interrogatory "in accordance with the Scheduling Order entered in this case."  Apple has served invalidity contentions, but as discussed above, those contentions are deficient.  Please confirm that Apple will fully respond to interrogatory number two, including an identification of the specific prior-art combinations on which Apple will rely and an explanation of why it would have been obvious to combine such references.

## Apple Watch Series 6 and SE

Apple recently released the Apple Watch Series 6 and Series SE.  We notified you that these products are accused of infringement in this case.  Moreover, Plaintiffs' definition of "Accused Products" and "Apple Watch Products" encompass both of these products.  Please confirm that, as to each of Plaintiffs' RFPs, Apple will provide the requested discovery as to the Apple Watch Series 6 and Series SE.

## Apple's Refusal to Comply with Paragraph 4.5 of the Protective Order

Apple has inappropriately refused to produce documents contained in the "docs" subdirectory with respect to AppleRTPFirmware-115.9.  Per Paragraph 4.5 of the Protective Order, Apple must produce these documents.  Apple incorrectly claims it is entitled to redact the entirety of the documents under the Protective Order.  The Protective Order allows Apple to redact only the portions that "contain *specific* descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be *narrowly applied*."  The documents contained in the "docs" subdirectory for AppleRTPFirmware-115.9 extend well beyond "specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters)."  Please confirm that Apple will produce these documents.

Please let us know your availability to meet and confer pursuant to L.R. 37-1, to address the issues in this letter.  Please also provide the responses requested by this letter before the meet and confer.  In addition, please confirm Plaintiffs may record the parties' meet and confer.

# Knobbe Martens

Best regards,

Stephen W. Larson

32796726

# EXHIBIT 10

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

October 17, 2020

VIA E-MAIL (STEPHEN.LARSON@KNOBBE.COM)

Stephen Larson
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor
Irvine, CA 92614

Re:    Masimo Corp. et al. v. Apple, Inc., C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Steve:

I am writing in response to your letter dated October 1, 2020.  In view of the Court's October 14, 2020 Order granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations in your letter are moot, and thus Apple has not responded to those issues.

Your letter raised a kitchen-sink list of objections to three rounds of Apple's discovery requests (the most recent of which were served seven weeks prior to your letter), as well as a host of other issues.  In the interest of accommodating Plaintiffs' request for a letter and meet and confer on these topics, Apple provides this response.  However, it continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' October 1 letter that are not addressed in this letter.

### Plaintiffs' First and Second Set of Requests For Production (RFP Nos. 1-60)

**"Apple's Improper Exclusive Reliance on Custodians and Search Terms":**  Plaintiffs request that Apple identify whether it has identified any RFPs that may be satisfied by use of search terms and custodians alone.  Apple responds that it has identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as RFPs where it intends to use search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 5-8, 10-11, and 26-27:**  Apple has objected to some or all of these RFPs on grounds other than Plaintiffs' failure to comply with Section 2019.210, including for example Plaintiffs' failure to provide any temporal scope for these RFPs and the overbroad nature of these RFPs, which seek documents with no relevance to any claim or defense in this case and publicly available documents.  *See, e.g.*, May 26, 2020 Letter from I. Samplin to M. Kachner, at 7–8.  Thus, your assertion in your letter that Apple is withholding documents "solely" based on its Section 2019.210-related objection is incorrect.

Exhibit 10
-171-

# GIBSON DUNN

Stephen Larson
October 17, 2020
Page 2

In addition, Plaintiffs have argued for months that these RFPs relate to their patent infringement claims, as the Court noted.  Dkt. No. 79 at 2 ("Plaintiffs argued that RFP Nos. 5-25 seek patent discovery." (citing Dkt. No. 43-1 at 4, 34, 36)); 6/23/2020 Kachner to Samplin letter.  Moreover, Judge Early found that one of these RFPs (RFP 8) "seek[s] some of the same categories of information Plaintiffs allege as their trade secrets," and even then is still "relevant to patent issues, including infringement," as Plaintiffs themselves argued.  Dkt. No. 54 at 8 (citing Dkt. No. 43-1 at 34); *see also* Dkt. No. 79 at 4.  As explained above, on October 14, 2020, the Court stayed the patent infringement case, which includes discovery related to those claims.  Thus, your issues related to these RFPs are moot on that basis alone, and Apple is not obligated to respond to these requests until the patent infringement case is resumed.

Even if these RFPs constitute trade secret discovery—and Plaintiffs have made clear their position that they do not—Plaintiffs' October 9, 2020 attempt at a Section 2019.210 statement is deficient, and thus does not comply with Section 2019.210.  Accordingly, Apple will maintain its objection to these RFPs until Plaintiffs serve an adequate Section 2019.210 disclosure.

**Plaintiffs' RFP No. 9:**  As explained above, Plaintiffs have consistently argued for months that this Request is "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to this Request are moot, and Apple is not obligated to respond to this Request until the Court lifts the stay.

In addition, to the extent this Request constitutes trade secret discovery—and not only have Plaintiffs consistently argue that it does not, this Request is also not one of the four that the Court found related to "some of the same categories of information Plaintiffs allege as their trade secrets" (Dkt. No. 54 at 8)—Plaintiffs. have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to this Request because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Plaintiffs' RFP Nos. 12-25:**  As explained above, Plaintiffs have consistently argued for months that these RFPs are "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to these RFPs are moot, and Apple is not obligated to respond to these RFPs until the Court lifts the stay.

In addition, to the extent these RFPs constitutes trade secret discovery—and Plaintiffs have consistently argued that they do not—Plaintiffs have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to these RFPs because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Exhibit 10**
**-172-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 3

## Plaintiffs' Third Set of Requests For Production (RFP Nos. 61-147)

**Section 2019.210:**  Apple does not understand your issue concerning these RFPs.  In its August 17, 2020 Objections and Responses to Plaintiffs' Third Set of RFPs, Apple stated for each of these RFPs that "based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210."  Thus, Apple has agreed to produce responsive documents that are not related solely to Plaintiffs' trade secret misappropriation claim.[1]  Discovery of "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim" is stayed pending Plaintiffs' compliance with Section 2019.210.  Dkt. No. 37 at 1.  As explained in our recent correspondence, Plaintiffs have not yet complied with Section 2019.210, so Apple stands by this objection.

**"Temporal Scope":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs lack a temporal limitation.  Apple confirms that it is not withholding documents based on this objection.  As Apple explained previously, temporal limitations for discovery requests are standard—particularly requests propounded by plaintiffs who have superior knowledge of the relevant time periods at issue.  Plaintiffs are in the best position to propose time period limitations here.  Upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Undefined Terms":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs use vague or ambiguous terms or phrases.  Apple confirms that it is not withholding documents based on this objection.  Apple is not refusing to produce responsive documents on the basis that any terms or phrases are "vague, ambiguous, overly broad, and unduly burdensome." Apple confirms that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs when searching for responsive documents.

**"Public Documents":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs seek information already in Plaintiffs' possession or information that is obtainable from another source.  Apple confirms that it is not withholding documents based on this objection.  To the extent a reasonable search yields publicly available documents responsive to Plaintiffs' RFPs, Apple will

---

[1]  To the extent these RFPs seek documents that are relevant to Plaintiffs' patent infringement claims, patent discovery has been stayed by the Court's October 14, 2020 Order (Dkt. No. 220).

**Exhibit 10**
-173-

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 4

produce them, but it will not specifically search for publicly available documents as those
documents are just as easily available to Plaintiffs. Apple also notes that Plaintiffs made this
same objection to Apple's RFP Nos. 15, 31, 38, 39, 42, 43, and 47, and the approach to
public documents should be reciprocal.

**Plaintiffs' RFP Nos. 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Plaintiffs request that
Apple provide its position with regards to these RFPs in advance of the parties' meet and
confer.

Apple objects to RFP Nos. 67-69 and 88 because they are irrelevant to the issues in the
present action and not reasonably calculated to lead to the discovery of admissible evidence.
Indeed, it is unclear how documents related to FDA correspondence or approval (RFP Nos.
67-79) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation.

Apple objects to RFP Nos. 88, 101, 122, 128-130, and 133-135 because they are overly
broad and unduly burdensome and not reasonably tailored to the issues in this case.  As a
result, these RFPs seek documents nor proportional to the needs of the case.   However,
Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through
these overbroad requests, as Apple may be willing to agree to provide certain documents if
Plaintiffs are willing to narrow the scope of the requests.

Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in
the disputed patents."  As previously explained, the language of this Request requires Apple
to draw a legal conclusion in order to respond.  Apple is willing to meet and confer to discuss
the scope of this request.  However, Apple is willing to meet and confer to discuss what
specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing
to agree to provide certain documents if Plaintiffs are willing to narrow the scope of the
requests.

**Plaintiffs' RFP Nos. 80-82, 101, 136:**  Plaintiffs request that Apple confirm that it will
perform a reasonable search for and produce the documents requested by these RFPs.  As
explained above, Apple has identified RFP Nos. 80-82 and 136 as RFPs whose discovery
obligations are met by a search of (i) the files of specific custodians negotiated between the
parties, whose files are in the possession, custody, or control of Apple and (ii) specific search
terms negotiated between the parties.  Plaintiffs' inclusion of RFP No. 101 in this list is
nonsensical, as Apple did not identify RFP No. 101 as an RFP for which it intends to use
search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 89-97, 129, and 136:**  Apple maintains that these RFPs are overly
broad and unduly burdensome, and the use of search terms and custodians to identify
responsive documents is the reasonable and proportional way of identifying responsive

**Exhibit 10
-174-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 5

documents.  However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to perform searches for certain documents if Plaintiffs are willing to narrow the scope of the requests.

**Plaintiffs' RFP Nos. 132 and 144:**  Plaintiffs request that Apple produce organizational charts responsive to their RFPs.  Apple maintains its objection.  As noted in Apple's Responses to these RFPs, Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be located after a reasonably diligent search.

**"Compliance with ESI Order"**

Apple believes that the exchange of custodians at this stage in the case is premature and inappropriate.  Indeed, and as discussed above, Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer.  Apple also contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur.

**"Apple's Deficient Document Production"**

As Apple's investigation of the facts relevant to this litigation is ongoing and, while its efforts to identify responsive documents are ongoing, its ability to collect certain documents relevant to the issues in this case has been hindered by Plaintiffs inability to provide a sufficient disclosure of its trade secrets.  Apple will continue to produce documents on a rolling basis, as it has been doing since the outset of discovery.

*     *     *

Apple is available to meet and confer with Plaintiffs, as requested by your October 1, 2020 letter, on the following days and times:  Tuesday October 20 between 9am and 10am PT; Wednesday October 21 between 9:30am and 11am PT; and Thursday October 22 between 10am and 11:30am PT.  Please let us know if any of those times work for you.

With respect to your request for confirmation that "Plaintiffs may record the parties' meet and confer," Apple is amenable to recording the meet and confer.  If Plaintiffs would like to record the meet and confer, please arrange for a court reporter to transcribe the call.

**Exhibit 10**
**-175-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 6

Sincerely,

Brian K. Andrea

Exhibit 10
-176-

# EXHIBIT 11

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

November 16, 2020

**<u>VIA EMAIL</u>**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your October 17, 2020 letter, and pursuant to Local Rule 37-1 to address various ongoing discovery issues and request a meet and confer.   Apple's letter did not address Plaintiffs' requests for Apple's positions on numerous issues.

### **<u>Apple's Reliance on Custodians and Search Terms</u>**

Apple has now identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as the only RFPs as to which it intends to solely use search terms to identify responsive documents.   Plaintiffs disagree that Apple can satisfy its discovery obligations as to these requests through ESI searching alone.   For example, RFP 26 requests "[a]ll documents and things identified in, and/or relevant to the subject matter of Apple's responses to Plaintiffs' Interrogatories, including any and all supplements and amendments thereto."   At a minimum, as part of a reasonable search, Apple should identify all the documents it cited in its responses to Plaintiffs' interrogatories and consult with relevant Apple employees that may have other documents responsive to this request.   As another example, RFP 89 requests "[a]ll documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology."   As part of a reasonable search, at a minimum, Apple should consult with relevant employees to identify responsive documents as well as determine whether Apple currently and/or in the past has maintained files or folders containing responsive documents.   Apple should take a similar approach to identify documents responsive to the other RFPs separate and apart from ESI searching.   Please confirm Apple will do so.

### **<u>Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)</u>**

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' letter requested that Apple identify when it would produce responsive documents.   Apple did not respond.   Please identify Apple's positions as to these RFPs.   To the extent that Apple is asserting that it need not provide responsive documents due to the recent stay of the patent case, Apple should have collected and produced responsive documents months ago and long before the stay.   Regardless, many of these requests seek discovery that is relevant to claims that have not been stayed.   For example, RFP 51 requests year-end financial statements that

# Knobbe Martens

are relevant to Plaintiffs' non-patent claims.  Please provide Apple's position as to RFPs 1, 3, 4, 34, 40, 51, and 59.

**Plaintiffs' RFPs 5-27:**  Apple asserts that it need not respond to these requests because the Court stayed the patent infringement case and because Plaintiffs have purportedly not yet served an adequate 2019.210 statement.  Plaintiffs disagree on both points.  First, Plaintiffs 2019.210 statement is adequate.  Indeed, Plaintiffs recently revised their Section 2019.210 statement to address Apple's purported concerns and Apple has failed to identify any specific deficiency.  Second, Apple ignores that it repeatedly argued that documents requested by these RFPs relate to Plaintiffs' trade secret requests.  Indeed, both parties acknowledged these RFPs could be relevant to ***both*** trade secrets and patents.  As such, Apple cannot use the stay to avoid producing responsive documents.  Moreover, Judge Early, found that at least RFPs 8 and 12-14 seek "some of the same categories of information Plaintiffs allege as their trade secrets."  RFP 26, which requests documents related to Apple's interrogatory responses, also clearly seeks documents related to Plaintiffs' non-patent claims.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  In our previous letter, we requested that Apple identify each RFP in response to which Apple is withholding documents based on its section 2019.210 objection.  Apple did not respond.  Plaintiffs are entitled to understand the objections upon which Apple is relying to withhold documents in response to each of Plaintiffs' RFPs.  Plaintiffs request again that Apple provide this information so that the parties can have a productive meet and confer.

**Temporal Scope:**  Apple confusingly asserts "it is not withholding documents based on this objection" while also stating that "[u]pon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period."  Plaintiffs disagree with this approach.  Unless a time frame is specified in a RFP, Apple should produce all documents responsive to that RFP that are obtained after a reasonable search.  To the extent that Apple is limiting its production to a certain time period, Apple should identify such limitations for each RFP so that the parties can conduct a productive meet and confer.

**Products Not Identified in the Complaint:**  Apple did not respond to Plaintiffs' letter regarding this issue.  Please provide Apple's position.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so the parties can have a productive meet and confer.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple did not respond to Plaintiffs' letter regarding this issue.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so that the parties can have a productive meet and confer.

**Public Documents:**  Apple asserts that it is not withholding documents based on this objection.  However, Apple also asserts that "it will not specifically search for publicly available documents as those are equally available to Plaintiffs."  Apple cannot unilaterally refuse to search for and produce documents merely because it contends the documents are publicly available elsewhere, particularly without informing Plaintiffs what documents it is refusing to search for.  So that the parties can conduct

# Knobbe Martens

a meaningful meet and confer, please identify the categories of documents that Apple contends are publicly available and that Apple contends it need not search for and produce.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple did not respond to our letter on this issue.  Please provide Apple's position.  To extent Apple contends that it need not respond to these RFPs because the patent case is stayed, Apple is incorrect.  For example, RFP 70 requests documents related to the clinical trials of the Apple Watch, which are relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plans and strategies for interacting with hospitals.   RFP 70 seeks technical documents relevant to many issues in this case.  RFP 71 requests documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products, which is a general RFP that relates to all of Plaintiffs' non-patent claims and will allow Plaintiffs to evaluate proposed custodians for ESI searching.  Please provide Apple's position on these RFPs.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  We disagree with Apple's positions on these requests.  First, Apple's letter claims it is unclear "how documents related to FDA correspondence or approval (RFP Nos. 67-69) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation."  FDA correspondence and approval, however, are at least relevant to the timing of when various features were incorporated into Apples devices.  They are also relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plan and strategies for interacting with hospitals.  These RFPs also seek technical documents relevant to many other issues in this case.

Second, Apple again claims that RFP Nos. 88, 101, 122, 128-130, and 133-135 are overly broad and unduly burdensome.  However, Apple does not explain why.  Apple should provide its position so that the parties can have a productive meet and confer.

Third, Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in the disputed patents" because the "language of this Request requires Apple to draw a legal conclusion in order to respond."  Apple need not draw a legal conclusion to produce relevant discovery.  Apple should interpret the phrase "subject matter disclosed or claimed in the disputed patents" according to its plain and ordinary meaning.

**Plaintiffs' RFPs 80-82, and 136:**  Apple continues to identify RFPs 80-82 and 136 as RFPs "whose discovery obligations are met by a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple and (ii) specific search terms negotiated between the parties." As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching for these RFPs.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97, 129 and 136:**  Apple continues to identify these RFPs as RFPs where it intends to solely use search terms and custodians to identify responsive documents.  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Apple also argues that these RFPs are overly broad and unduly burdensome.  However, Apple does not explain why.  Please provide your position so that the parties can have a productive discussion at the meet and confer.  Finally, Apple continues to object to RFPs 91, 129, and 136 because they seek "'any

**Knobbe Martens**                                                          Page 4

communications,' which will be negotiated and produced pursuant to the ESI Order in this case."
Plaintiffs' letter asked Apple to explain this objection, but Apple did not do so.  Please explain.

      **Plaintiffs' RFPs 98 and 99:**  Apple did not respond to Plaintiffs' letter regarding this issue.
Please provide Apple's position.

      **Plaintiffs' RFPs 132 and 144:**  Apple continues to assert that it does not have organizational
charts.  Please identify what documents Apple maintains that show Apple's organizational structure or
the reporting and supervisory obligations of various employees, regardless of whether they are labeled
as organization charts.

<u>**Compliance with ESI Order**</u>

      In the stipulated ESI Order, the parties agreed to "provide a proposed list of individual
custodians who are knowledgeable about and were involved with the core issues or subjects in this case"
in conjunction with a meet and confer on ESI.  Apple asserts it is "premature" to do so because
"Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and
Apple has not yet filed an answer."  Plaintiffs provided an adequate section 2019.210 statement,
however, and have responded to Apple's discovery.  Further, in the parties' October 27, 2020, Joint
Stipulation, Apple agreed "that it will not use the fact that it has not yet Answered as a basis for refusing
to provide or delaying providing discovery."  Thus, it is not premature for the parties to begin the
stipulated process to agree on search terms and custodians.  Apple further "contends that the parties
should discuss reasonable limits on the number of custodians before any exchanges of custodians can
occur."  The stipulated ESI Order, however, does not require this.  Please confirm that Apple will
proceed in accordance with the stipulated ESI Order.

<u>**Apple's Deficient Document Production**</u>

      Apple claims it will produce documents on a rolling basis, but has produced less than 1400
documents.  Apple has not produced responsive documents even as to RFPs as to which it committed to
produce documents months ago.  Moreover, Apple agreed to produce the documents identified in its
initial disclosures almost four months ago, but has not produced the documents, including documents
concerning Apple's conception, reduction to practice, diligence, ownership, marketing, sales,
development, operation, regulation, and implementation of the inventions claimed in the patents and
patent applications at issue in Plaintiffs' Correction of Inventorship and Declaratory Judgment claims.
Please let us know when Apple will make substantial document productions.

<u>**Plaintiffs' Interrogatories Nos. 7-10**</u>

      As explained in Plaintiffs' letter, Interrogatories 7-9 request details on the design and
development of the Apple Watch.  Apple's responses are woefully deficient and provides little of the
requested information.  Apple did not respond to Plaintiffs' letter on this topic.  To the extent Apple
contends that it need not respond to these interrogatories because the patent case is stayed, Apple is
incorrect.  The requested information is relevant to Plaintiffs' non-patent claims at least to show when
Plaintiffs' trade secrets were incorporated into the Apple Watch and to show if Apple in fact invented

# Knobbe Martens

any of the subject matter claimed in the disputed patents.  Please confirm that Apple will supplement its response by December 2, 2020.

Interrogatory 10 also requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor.  Apple's response requested a meet and confer to discuss the relevance of this interrogatory.  Plaintiffs' letter asked Apple to explain its position, but Apple did not respond.  Again, to the extent that Apple contends that it need not respond to this interrogatory because the patent case is stayed, Apple is incorrect.  The requested information is relevant, for example, to any contention by Apple that it independently derived Plaintiffs' trade secrets and to any contention by Apple that it invented any of the subject matter claimed in the disputed patents. Apple should explain its position on Interrogatory 10 so the parties can have a productive meet and confer.

## Apple Watch Series 6 and SE

Plaintiffs' letter requested that Apple confirm that it will not withhold documents on the Apple Watch Series 6 and SE now that those products are released.  Apple did not respond.  Please confirm that Apple will provide Plaintiffs' requested discovery as to the Apple Watch Series 6 and Series SE.

Best regards,

Stephen W. Larson

32796726

# EXHIBIT 13

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

November 25, 2020

<u>VIA E-MAIL</u>

Stephen W. Larson
Knobbe, Martens, Olson & Bear, LLP
2040 Main St., 14th Fl.,
Irvine, CA 92614
Stephen.Larson@Knobbe.com

Re:   *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-
      00048-JVS (JDEx) (C.D. Cal.)

Dear Steve:

I write in response to your letter dated November 16, 2020.

As an initial matter, Apple notes that many of the "issues" identified in Plaintiffs' letter,
including but not limited to the sections of Plaintiffs' letter labeled "Plaintiffs' RFPs 5-27,"
"Section 2019.210 Statement," "Plaintiffs' RFPs 63-65, 70-85, and 87," "Plaintiffs' RFPs 67-
69, 86, 88, 101, 122, 128-130, and 133-135," "Plaintiffs' RFPs 98 and 99," "Plaintiffs' RFPs
98 and 99," "Plaintiffs' Interrogatories Nos. 7-10," and "Apple Watch Series 6 and SE,"
concern the parties' disagreement as to whether or not Plaintiffs' requests seek discovery
related to their trade secret allegations. As Plaintiffs are aware, discovery from Apple related
to Plaintiffs' trade secret allegations has been stayed pending Plaintiffs' compliance with
Section 2019.210. (Dkt. No. 37). As we already informed you, Plaintiffs' November 6
amended disclosure remains deficient, and therefore does not comply with Section 2019.210.
*See* 11/12/2020 Samplin to Powell Ltr. Accordingly, Apple maintains its objection to
producing any discovery that is solely related to Plaintiffs' trade secret allegations. *See* Cal.
Civ. Code § 2019.210. If Plaintiffs provide a Section 2019.210-complaint disclosure, Apple
will meet and confer with Plaintiffs regarding the relevance and scope of Plaintiffs' discovery
requests.

### <u>"Apple's Reliance on Custodians and Search Terms"</u>

Apple is willing to remove RFPs 26, 89-97, and 117 from its list of RFPs that may be satisfied
through the use of search terms and custodians alone. For each of these RFPs, Apple will
perform a reasonable search beyond search terms and custodians to locate information
responsive to such RFPs, to the extent such documents exist.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 13
-186-

# GIBSON DUNN

Stephen W. Larson
November 25, 2020
Page 2

Apple maintains its position as to RFPs 31, 32, 80-82, 128, 129, and 136.  These RFPs are exceedingly broad in scope, and thus targeted searches for responsive documents without search terms and custodians are unreasonable, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs specifically request clarification of Apple's objection to RFPs 91, 129, and 136 because they seek "'any communications.'"  As Plaintiffs are aware, communications such as email will be located and produced pursuant to the ESI Order in this case.  Accordingly, Apple will use search terms and custodians to locate "any communications" responsive to these RFPs that may exist.

## Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' RFPs 1, 3, 4, 34, 40, and 59 are directed to Plaintiffs' patent infringement allegations and seek discovery that is relevant only to claims that have been stayed.  Apple is not obligated to respond to these requests unless and until the patent infringement case is resumed.  Regarding Plaintiffs' RFP 51, Apple agrees to produce all Apple year-end SEC financial statements and/or annual reports from 2015 to the present.

**Plaintiffs' RFPs 5-27:**  To the extent Plaintiffs' RFPs 5-27 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  And even if Plaintiffs are correct that these RFPs *also* relate to patents, the patent infringement case is stayed—and, therefore, Apple has no obligation to produce responsive documents based on Plaintiffs' purported patents justification.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as it pertains to the trade secret claim.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210 Statement:**  Apple is withholding documents responsive to Plaintiffs' RFPs 61-109, 122-25, and 130-47 based on its Section 2019.210 objection.  To the extent these RFPs are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.  With respect to RFPs 110-121 and 126-129, Apple agrees to produce responsive documents, subject to its objections, to the extent any such documents exist and can be located after a reasonable search.

**"Temporal Scope":**  Without temporal limitations, the scope of certain RFPs are overbroad and irrelevant to the issues in the present action.  For example, Plaintiffs' RFP 106 requests "All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology," and RFP 133 requests "Documents sufficient to identify any legal proceeding involving any of the Apple Watch Products."  These Requests are not sufficiently

**Exhibit 13**
-187-

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 3

tailored to lead to the discovery of admissible evidence.  Plaintiffs, with superior knowledge
of the relevant time periods at issue, are in the best position to propose time period limitations.
Apple maintains its position that upon Plaintiffs' identification of relevant time periods, Apple
will provide information and documents in its possession, custody, or control for the relevant
time period.

**"Products Not Identified in the Complaint":**  The RFPs for which Plaintiffs raise this
discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent
infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses
to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the
Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information
Apple is obligated to produce notwithstanding the stay, please identify such Requests and
explain in detail Plaintiffs' purported justification for production despite the stay.

**"Not Limited to the Publicly Released Apple Watch Series 3-5 Devices":**  The RFPs for
which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement
allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues
with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these
RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual
Requests seek information Apple is obligated to produce notwithstanding the stay, please
identify such Requests and explain in detail Plaintiffs' purported justification for production
despite the stay.

**"Public Documents":**  Apple agrees not to withhold documents solely on the grounds that
they are easily available to Plaintiffs.  Apple will produce responsive public documents to the
extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Plaintiffs' RFPs 63-65, 70-85, and 87 are directed to
Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and
therefore Plaintiffs' issues with Apple's responses to these RFPs are moot,.  Apple is not
obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend
that certain individual Requests seek information Apple is obligated to produce
notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs'
purported justification for production despite the stay.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  To the extent RFPs 67-69,
86, 88, 101, 122, 128-130, and 133-135 are related to Plaintiffs' trade secret allegations, trade
secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure,
Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Exhibit 13**
**-188-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 4

**Plaintiffs' RFPs 98-99:**  To the extent that RFPs 98-99 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Plaintiffs' RFPs 132-144:**  As Apple has explained several times, Apple does not maintain formal or informal organizational charts.  In lieu of organizational charts, Apple maintains and relies upon an internal directory, but no documents responsive to these RFPs have been located in that directory following a reasonable search.

### "Compliance with ESI Order"

Plaintiffs' trade secret discovery is stayed pending compliance with Section 2019.210. Accordingly, Apple's position is that it would be inefficient and unduly burdensome to proceed with exchanging custodians and ESI until the full scope of the case has been crystallized, as opposed to proceeding with custodian and ESI exchanges related to Plaintiffs' inventorship and ownership allegations now and Plaintiffs' trade secret allegations down the road, after Plaintiffs comply with Section 2019.210.  That being said, in the interest of moving the litigation along, Apple is willing to begin the stipulated process of negotiating search terms and custodians, but reiterates its request that the parties first discuss and agree on a reasonable number of custodians before proceeding.  Plaintiffs' position appears to be that the parties can identify an infinite number of custodians, which is entirely unreasonable.

### "Apple's Deficient Document Production"

As Apple has explained previously, Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple will continue to produce documents on a rolling basis, as it has been doing.  Apple notes that its ability to search for, identify, and produce documents relevant to Plaintiffs' trade secret allegations has been hindered by Plaintiffs' failure to serve a Section 2019.210-compliant disclosure.

### Plaintiffs' Interrogatories Nos. 7-10

As noted above, to the extent these Interrogatories are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these Interrogatories.

**Exhibit 13
-189-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 5


### "Apple Watch Series 6 and SE"

As noted above, to the extent information requested regarding the Apple Watch Series 6 and
SE is related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs
provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs
regarding the relevance and scope of Plaintiffs' discovery requests.

*      *      *

Apple is available to meet and confer with Plaintiffs on the following days and times:  Tuesday,
December 1 between 11 and 12:30 pm PT or any time Thursday, December 3 after 10 am PT.
Please let us know which date and time works for you.


Sincerely,

Brian K. Andrea

Exhibit 13
-190-

# EXHIBIT 14

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 6, 2020

<u>**VIA EMAIL**</u>

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to memorialize our December 1, 2020, meet and confer regarding the issues raised in our November 16, 2020, and October 1, 2020, letters.  At the end of our call, Apple agreed that it would provide its position on several issues discussed below by December 4, 2020, but we have not received Apple's position.  Please provide Apple's position on those issues as soon as possible.

## <u>Apple's Reliance on Custodians and Search Terms</u>

During the meet and confer, Apple admitted that it intends to limit production of ***all*** email communications to include only communications identified through searching custodians and search terms.  That is inappropriate.  The process outlined in the ESI Order may locate many responsive documents, but it does not provide a basis for a party to refuse to conduct a reasonable search, including by interviewing relevant custodians to identify and collect documents responsive to particular requests.

Apple indicated it would likely remove RFP 91 from its list of RFPs that it contends its searching obligations may be satisfied through the use of search terms and custodians alone, but that it would let us know.  For RFPs 80-82, Apple agreed to investigate whether it maintains a database of customer complaints, and if so, Apple would agree to search that database for responsive documents.

## <u>Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)</u>

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Apple argued that RFPs 1, 3, 4, 34, 40, and 59 are stayed because they relate solely to patent discovery.  With respect to RFP 51, the parties discussed Apple's position that it would agree to produce all year-end SEC financial statements and/or annual reports from 2015 to the present.  Plaintiffs proposed that Apple agree to produce all such statements from two years prior to Michael O'Reilly leaving Masimo to the present.  Apple agreed to consider this request.

**Plaintiffs' RFPs 5-27:**  Apple acknowledged that some of these requests relate to Plaintiffs' trade secret claims, but refused to further discuss these RFPs until after it agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' Third Set of Requests For Production (RFPs 61-147)**

**Section 2019.210**:  The parties discussed Apples position that it is withholding documents responsive to RFPs 61-109, 122-125, and 130-147 based on its Section 2019.210 objection.  First, Plaintiffs pointed out that RFPs 61 and 62 specifically request documents related to claims other than trade secret misappropriation.  Apple agreed to produce documents responsive to these RFPs for claims other than patent infringement.  Second, Plaintiffs explained that RFP 71 is a general RFP intended to obtain information about who works on the Apple Watch, which is relevant to all claims.  Apple agreed to provide the identity of anyone who contributed to the Disputed Patents and was not listed as an inventor, and agreed to provide its position on the full scope of this RFP.  Third, Plaintiffs explained that RFPs 88-97 are general RFPs that request documents that are relevant at least to Plaintiffs' patent ownership claims.  Apple agreed to provide its position in writing.  Fourth, Plaintiffs explained that RFPs 122-125 relate to the patent ownership claims because they relate to Apple's practices for compensating employees for invention disclosures.  Apple agreed to perform a reasonable search and produce documents responsive to these RFPs.  Finally, Plaintiffs explained that RFPs 130-147 are general RFPs that request documents relevant to both Plaintiffs' trade secrets and ownership claims. Apple asserted that it was maintaining its Section 2019.210 objection to RFPs 130-147, but would take another look and confirm its position.

**Temporal Scope:**  Plaintiffs explained that Apple's most recent letter listed only RFPs 133 and 106 as "examples" of RFPs that Apple contends are overbroad without temporal limitations.  Plaintiffs have been asking Apple to identify each RFP that it believes should be limited to a specific time period since at least October 1, 2020.  Apple agreed to provide a list of the RFPs it believes should be limited to a specific time period.  For RFPs 133 and 106, Apple agreed to provide a specific time period that Apple planned to use to restrict its production.

**Products Not Identified in the Complaint:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Public Documents:**  Apple confirmed it is not relying on this objection to withhold documents. Apple agreed it will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 98 and 99:**  Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Exhibit 14**
**-192-**

**Plaintiffs' RFPs 132 and 144:**  Apple agreed to investigate whether Apple's internal directory could show Apple's organizational structure or the reporting and supervisory obligations of various employees and whether some or all of the internal directory could be produced as a PDF.

## Compliance with ESI Order

Plaintiffs explained that they believe the parties should begin the stipulated process to agree on search terms and custodians outlined in the ESI Order. Apple argued the parties should first agree on limiting the number of custodians to be exchanged and asked Plaintiffs to provide their position. Plaintiffs explained that Apple is the party seeking a limit, so Apple should provide its proposal.  Apple provided its proposal in an email on December 2.  Plaintiffs will respond to Apple's email separately.

## Apple's Deficient Document Production

Apple refused to agree to a date by which it would make a substantial production of patent ownership and inventorship documents.  Apple argued there is no deadline for production and that this litigation is still in its early stages.  Apple argued that Plaintiffs should not expect many ownership and inventorship documents and that Apple's further production is likely to consist of a small number of patent prosecution documents.   Apple's statements confirm Plaintiffs' concerns regarding Apple's production of patent ownership and inventorship documents.

## Plaintiffs' Interrogatories Nos. 7-10

Apple refused to discuss it position on these interrogatories until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

## Apple Watch Series 6 and SE

Apple refused to discuss it position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

Best regards,

Adam B. Powell

**Exhibit 14**
-193-

# EXHIBIT 15

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 6, 2020

**<u>VIA EMAIL</u>**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to memorialize our December 3, 2020, meet and confer regarding the issues raised by our November 24, 2020, letter.

**Section 2019.210:**  Apple confirmed that it was withholding documents responsive to Plaintiffs' RFPs 148–206, 208–13, 216–22, 234–37, 242–43, and 247 "pending compliance with Section 2019.210."  Apple further confirmed that, absent its Section 2019.210 objection, it believed that these requests were "fair" and that Apple would produce documents 30 days after Apple or the Court determined that Plaintiffs' Section 2019.210 statement was adequate.  As we have discussed, Plaintiffs believe their Section 2019.210 statement is more than adequate, and that Apple should not be withholding these documents.

**Patent Discovery:**  Apple stated that, to the extent that Plaintiffs' RFPs' 148–72, 185–202, and 212–13 are related to the patent case, Apple believes those RFPs are stayed.  Plaintiffs disagree, but Plaintiffs requested that Apple inform Plaintiffs if there are any other RFPs that Apple believes are impacted by the patent stay in Plaintiffs' Fourth and Fifth Set of RFPs.

**RFPs 207, 214–15, 223–33, 238–41, 244–46, and 248:**  Apple stated that it was objecting to these RFPs on the basis of Section 2019.210.  Apple distinguished these RFPs from the RFPs discussed in "Section 2019.210" above by stating it would produce documents for the RFPs discussed in "Section 2019.210" above after the Section 2019.210 dispute was resolved, but that there are purportedly additional issues with RFPs 207, 214–15, 223–33, 238–41, 244–46, and 248.  The parties then discussed Apple's issues with these RFPs as outlined below:

- RFP 207 – Apple asserted that this RFP is not relevant because it requests documents on planned interactions with hospitals.  Plaintiffs explained that, to the extent Apple was planning to target specific hospitals based on Masimo's trade secrets, but had not yet done so, this could still be trade secret misappropriation.  Apple agreed to further consider this RFP and provide its position to Plaintiffs.

- RFPs 214-15 – Apple claimed these RFPs are too broad because they purportedly include no subject matter or date restriction.  While Plaintiffs do not believe the parties have had enough meetings to justify further restrictions, Plaintiffs are willing to restrict these RFPs to meetings

regarding Plaintiffs' patient monitoring products or Apple implementing any physiological monitoring technology, if that would resolve the parties' dispute regarding these RFPs.  Please let us know if Apple agrees that change would address its concerns.

- RFP 223 – Plaintiffs explained that this RFP seeks documents that Former Employees authored, prepared, edited, modified, or reviewed while employed at Masimo or Cercacor. Plaintiffs further explained that these RFPs request only documents that are in Apple's possession, custody, or control.  Apple agreed to further consider this RFP and provide its position to Plaintiffs.

- RFPs 224-225 – Plaintiffs explained that these RFPs seek documents such as agreements and policies regarding the use of confidential information received by an employee from their former employer or other employee onboarding documents.  Apple agreed Plaintiffs are entitled to such documents but argued that the RFPs were too broad as written.  Plaintiffs also believe that agreements and policies with the Former Employees related to Apple's treatment of its own confidential information and/or noncompete agreements are also relevant because Apple has argued that Plaintiffs have not taken reasonable efforts to maintain the secrecy of their trade secrets and violated California's public policy against employee mobility.  Apple's actions on those topics are relevant to showing whether Plaintiffs acted reasonably.  Please let us know if Apple agrees.

- RFP 226 – Apple asserted that it could not search for documents related to this RFP because the RFP goes to an ultimate issue in the case.  Plaintiffs explained that this RFP seeks documents such as documents that contain Masimo or Cercacor's name.  Apple agreed that Plaintiffs were entitled to such documents but argued that the RFPs were too broad as written.  Plaintiffs disagree and believe it is not unduly burdensome for Apple to search for documents that mention Masimo or Cercacor.  If such a search results in too many documents, then the parties can discuss whether further modifications are appropriate.  Please let us know if Apple agrees.

- RFP 227 – Apple agreed to investigate whether it has documents with a "Company" or similar metadata field and if so, to produce those documents responsive to this RFP.

- RFPs  228-229 – Apple stated it would likely produce the requested computers, Computer Media, networks, or databases, but Apple would provide its position in writing.

- RFP 230 – Apple asserted it could not search for documents related to this RFP because the RFP goes to an ultimate issue in the case.  Plaintiffs maintain that Apple should still provide documents that relate to Masimo and Cercacor, or their products.  While Apple may claim it cannot identify all such documents on their face, that does not mean that Apple should not produce documents that it can identify.  Please provide Apple's position.

- RFPs  231-233 – Apple agreed to further consider these RFPs and provide its position to Plaintiffs.

- RFP 238 – Apple argued it did not know how to search for documents responsive to this RFP.  Apple stated that it wanted to "table" this RFP until the parties reach agreement on Apple's

**Exhibit 15**
**-195-**

production of employee onboarding documents.  We do not believe that is necessary, but will await Apple's position on the employee onboarding documents.

- RFP 239 – Apple claimed this RFP is too broad because it is not limited to soliciting Former Employees to disclose trade secrets.  Plaintiffs maintain that Apple's efforts to recruit Plaintiffs' employees are directly relevant to this case and Apple should not withhold documents just because it asserts a given document by itself does not show Apple recruited an employee to obtain trade secrets.  Please let us know if Apple will agree to produce responsive documents.

- RFPs 240 – Apple asserted that this request was too broad, but that Apple would consider producing employee onboarding documents and reviews, reprimands, and promotions.  Apple agreed to provide its position in writing.

- RFP 241 – Apple claimed that this request was too broad, but that Apple would consider producing documents that related to Apple's hiring or termination of Former Employees related to their use of Masimo or Cercacor information.  Plaintiffs maintain that Apple cannot unilaterally withhold documents merely because it contends the documents themselves do not prove Apple hired or terminated an employee for their use of Masimo or Cercacor confidential information.  Please let us know if Apple will produce.

- RFPs 244-245 – Apple asserted that these RFPs are too broad because they are purportedly not limited by subject matter.  Plaintiffs explained that these RFPs are narrowly limited in time and thus Apple should produce all the communications so that Plaintiffs could themselves examine these communications.  Apple agreed to consider this request and provide its position to Plaintiffs.

- RFPs 246 and 248 – Apple agreed to further consider these requests and provide its position to Plaintiffs.

**Overbroad and Unduly Burdensome:**  Apple argued that RFPs 148-72 are overbroad because the patent case is stayed and these RFPs allegedly implicate the patent case.  Apple argued that these RFPs are also overbroad because Plaintiffs have purportedly not yet provided a Section 2019.210 statement.  Apple confirmed it is withholding all responsive documents to these RFPs based on these objections.  Plaintiffs disagree with Apple's position and request that Apple produce the requested documents.  Apple also argued that RFPs 178-248 are overbroad because Plaintiffs have purportedly not provided a sufficient Section 2091.210 statement.  Plaintiffs asked Apple if it is objecting to these RFPs as overbroad for any reason beyond Section 2019.210.  Apple explained that it did not believe so, but that it would confirm.  Plaintiffs again disagree with Apple's position and request that Apple produce the requested documents.

**Vague and Ambiguous:**  Apple explained that it is currently only objecting to Plaintiffs' RFPs 173–83, 185–95, 197–211, 214–15, 223–27, 229–33, 238–41, 244–46, and 248 as vague an ambiguous based on Plaintiffs Section 2019.210 statement.  As discussed, Plaintiffs believe their Section 2019.210 statement is more than adequate, and that Apple should not be withholding these documents.

**Temporal Scope:**  Apple confirmed it would provide its position to Plaintiffs on this issue in writing.

**Exhibit 15**
**-196-**

**Products Not Identified in the Complaint:**  Apple refused to discuss its position on this issue until after Apple agrees Plaintiffs' Section 2019.210 statement is adequate.

**Expert Discovery:**  Apple confirmed it is not withholding documents based on this objection.

**ESI Order:**  Apple stated that it is objecting to producing "communications," particularly emails, except through the procedure outlined in the ESI order. Apple stated that it would, however, produce letters stored as documents on Apple computers.  Plaintiffs maintain that the ESI procedure does not relieve Apple of its obligation of performing reasonable searches for the requested documents.

**Information In Plaintiffs' Possession And Publicly Available Documents:**  Apple confirmed it is not relying on these objections to withhold documents.

**Undefined Terms:**  Apple agreed to interpret these terms according to their plain and ordinary meaning.

**Plaintiffs' RFPs 152, 185, and 212:**  Apple stated that it would revisit these RFPs after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.  Plaintiffs asked if Apple would produce these documents if the Court found Plaintiffs' current Section 2019.210 statement to be adequate.  Apple refused to provide its position based on Plaintiffs' current Section 2019.210 statement.

**Plaintiffs' RFPs 161 and 163-64:**  The parties discussed Apple's objection that these RFPs sought "information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the normal course of business."  Apple confirmed that it is not withholding documents based on this objection.

**Plaintiffs' RFP 207:**  Apple agreed to revisit this RFP as discussed above.

**Plaintiffs' RFP 240:**  Apple agreed to revisit this RFP as discussed above.  Apple further agreed that it would not withhold documents responsive to this RFP based on its privacy interest objection but would instead simply redact sensitive personal information such as social security numbers.

**Plaintiffs' RFPs 228 and 229:**  The parties specifically discussed Apple's objections to these RFPs "to the extent [they seek] the production of intangible things."  In particular, the parties discussed how to handle any cloud databases that may be at issue.  The parties agreed to further discuss these RFPs if cloud databases or other similar databases become an issue in the case.

At the end of our call, Apple agreed it would provide its position on all outstanding issues by early in the week of December 7, 2020.

Best regards,

Adam B. Powell

32796726

**Exhibit 15**
-197-

# EXHIBIT 16

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

December 9, 2020

<u>VIA E-MAIL</u>

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:     *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam,

I write in response to your letter dated December 6, 2020, and in follow-up to the parties' meet and confer call on December 1, 2020 regarding Plaintiffs' First, Second, and Third Sets of Requests for Production, Plaintiffs' Interrogatories, and other discovery issues raised in the parties' letters exchanged on October 1, 2020, October 17, 2020, November 16, 2020, and November 25, 2020.

## Custodians and Search Term

Apple confirmed that it would remove RFPs 26, 89-97, and 117 from its list of RFPs that may be satisfied through the use of search terms and custodians alone.  Plaintiffs asked Apple to confirm whether it would remove RFP 91 from this list.  Apple declines to remove RFP 91 from the list and maintains its position that any RFPs that seek email communications can only be practicably satisfied through the use of custodians and search terms.

Regarding Plaintiffs' RFPs 80-82, you are correct that we agreed to investigate whether Apple maintains a database of customer complaints.  However, you are incorrect in asserting that Apple agreed to search that database for responsive documents if such a database exists.  We agreed to take the first step, after which we can have further discussions.  We will get back to you when we have more information.

## Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Regarding Plaintiffs' RFP 51, Apple agrees to produce all Apple year-end SEC financial statements and/or annual reports from 2011 to the present.  Please confirm that this resolves Plaintiffs' concerns.

**Exhibit 16**
**-198-**

**GIBSON DUNN**

Page 2

**Plaintiffs' RFPs 5-27:**  Apple explained that to the extent RFPs 5-27 seek trade secret-related discovery, trade secret discovery is stayed and Apple therefore is not obligated to discuss these RFPs—nor can it meaningfully discuss these RFPs in the absence of the requisite Section 2019.210-related information from Plaintiffs.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

<u>**Plaintiffs' Third Set of Requests For Production (RFPs 61-147)**</u>

**Section 2019.210:**  With respect to Plaintiffs' RFPs 61-109, 122-25, and 130-47, Plaintiffs \ asked Apple to re-evaluate whether it would maintain its Section 2019.210 objection.  Apple agrees to withdraw its Section 2019.210 objection to Plaintiffs' RFPs 61-62, 88, 130-145, and 147.  Apple also agrees to withdraw its Section 2019.210 to Plaintiffs' RFPs 122-25, and to produce policies relating to any incentive or reward program for employees who develop new inventions (Apple has been unable to identify any additional policies that may exist and are responsive to these RFPs, but to the extent any additional policies are discovered upon a reasonable search, Apple will produce them).  Apple maintains its Section 2019.210 objection (and all of its other enumerated objections) to Plaintiffs' RFPs 63-87, 89-109, and 146.

With respect to RFPs 133-34, Plaintiffs offered to narrow their request to documents sufficient to identify legal proceedings involving the Apple Watch, agreeing that the request would be satisfied by Apple's production of the public complaints from such proceedings.  Apple will agree to produce the public complaints from legal proceedings involving the Apple Watch provided that Plaintiffs would not oppose a like request for public complaints from Plaintiffs' prior litigations involving claims of trade secret misappropriation.  Please confirm that Plaintiffs will agree to this compromise.

**"Temporal Scope":**  Apple identifies Plaintiffs' RFPs 101, 104, and 105 as RFPs for which Apple maintains its temporal scope objection.

**"Products Not Identified in the Complaint," "Not Limited to the Publicly Released Apple Watch Series 3-5 Devices," "Plaintiffs' RFPs 63-65, 70-85, and 87," "Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135," "Plaintiffs' RFPs 98-99," and "Apple Watch Series 6 and SE":**  Regarding the aforementioned sections in the parties' previous correspondence, Apple confirmed that to the extent Plaintiffs' RFPs seek discovery related to patent infringement allegations, because the patent infringement case is stayed Apple has no obligation to respond or produce responsive documents based on Plaintiffs' purported patents justification.  To the extent the RFPs seek trade secret-related discovery, trade secret discovery also is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as they pertain to the trade secret claim:

**Exhibit 16
-199-**

**GIBSON DUNN**

Page 3

**Plaintiffs' RFPs 132, 144:**  Plaintiffs asked Apple whether it would print its entire directory database to show organizational structure.  Apple has determined that its directory database does not display or indicate any reporting or managing employees above or below an employee and therefore printing the directory would not provide Plaintiffs with the information they seek—and any such project would be unduly burdensome.

### Apple's Document Production

Plaintiffs have complained about the size of Apple's document productions in the case to date.  These complaints ring hollow.  The majority of Plaintiffs' productions in this case were made before the patent case was stayed.  Apple has no obligation to produce documents responsive to a stayed patent case.  Moreover, much of what Plaintiffs produced was produced in accordance with the local patent rules.  While your letter appears to count those productions towards the number of documents produced by Plaintiffs in this case to date, your letter *discounts* productions Apple likewise made pursuant to the local patent rules towards the number of documents produced by Apple in the case to date.  This makes no sense, and demonstrates the faults in Plaintiffs' argument.  In addition, Plaintiffs' recent productions consist largely of journal papers, news articles, and other information that are not relevant to the issues in this case.  For example, Plaintiffs produced the full text—*515 pages*—of Walter Isaacson's biography of the late Apple founder, Steve Jobs.  (MASA00099426– MASA00099941).  Moreover, under Section 2019.210, trade secret-related discovery is stayed with respect to documents in Apple's possession, custody, or control, but *not* with respect to trade secret-related discovery in Plaintiffs' possession, custody, or control—and therefore it is to be expected that Plaintiffs are currently producing more documents than Apple.  Finally, Plaintiffs' December 6 letter states that "Apple's statements confirm Plaintiffs' concerns regarding Apple's production of patent ownership and inventorship documents."  However, Plaintiffs never expressed such "concerns" during the parties' meet and confer.  As a result, Apple has no idea what purported "concerns" Plaintiffs are referring to.  Apple's investigation of Plaintiffs' allegations in this case is ongoing.  Apple will continue to produce documents on a rolling basis that are responsive to the limited aspects of the case that have not been stayed.

### Plaintiffs' Interrogatories Nos. 7-10

Plaintiffs are correct that Apple maintains its Section 2019.210 objection with respect to these Interrogatories.

**Exhibit 16**
**-200-**

GIBSON DUNN

Page 4

Sincerely,

Ilissa Samplin

Exhibit 16
-201-

# EXHIBIT 17

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

December 18, 2020

<u>VIA E-MAIL</u>

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:    *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam,

I write in response to your letter of December 6, 2020, and in follow-up to the parties' meet
and confer call on December 3, 2020 regarding Plaintiffs' Fourth and Fifth Sets of Requests
for Production and other discovery issues raised in Plaintiffs' November 24, 2020 letter.

**Section 2019.210:**  Plaintiffs are incorrect in stating that Apple "confirmed that, absent its
Section 2019.210 objection, it believed that these requests were 'fair' and that Apple would
produce documents 30 days after Apple or the Court determined that Plaintiffs' Section
2019.210 statement was adequate."  During the meet and confer, Apple explained that it is
objecting to and withholding documents responsive to RFPs 148–206, 208–13, 216–22, 234–
37, 242–43, and 247 on the grounds that these RFPs seek trade secret-related discovery, which
is stayed pending Plaintiffs' compliance with Section 2019.210.  However, Apple did not
agree—and does not agree—to drop any of its other objections to these RFPs, which may
justify withholding responsive documents even if Plaintiffs provide a sufficient Section
2019.210 disclosure—for example, if the RFP is no longer relevant (e.g., if the specific alleged
secret to which the RFP pertains is removed from the Section 2019.210 disclosure).  When
Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with
Plaintiffs regarding the relevance and scope of these RFPs.

**Patent Discovery:**  Plaintiffs' December 6 letter misstates the RFPs to which Apple objects
as related to Plaintiffs' patent infringement allegations, for which discovery is stayed.  Apple
declines to respond to RFPs 148–72, 185-86, 191, 197, 212–13 to the extent they seek patent
infringement-related discovery.

**Plaintiffs' RFPs 207, 214–15, 223–33, 238–41, 244–46, and 248:**  Apple explained that these
RFPs are objectionable based on the trade secret stay, and also on other grounds (e.g.,
overbreadth).  The parties discussed the following specific RFPs:

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 17
-202-

**GIBSON DUNN**

Page 2

- **RFP 207:**  Apple maintains its objection to Plaintiffs' RFP 207 as overbroad and unduly burdensome because, as written, the RFP seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets.  Thus, even if Plaintiffs identify their alleged trade secrets in compliance with Section 2019.210, the RFP would be overbroad and unduly burdensome because it is not in any way tied to those alleged secrets.

- **RFPs 214–15:**  Apple agrees to produce documents responsive to Plaintiffs' proposed narrowing of these RFPs (i.e., documents that refer or relate to any meetings with Masimo or Cercacor regarding Plaintiffs' patient monitoring products or Apple implementing any physiological monitoring products), to the extent such documents exist and can be located after a reasonable search.

- **RFP 223:**  As written, this RFP is overbroad to the extent it seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets.  In the interest of reaching a reasonable compromise, Apple requests that Plaintiffs identify the date on which each Former Employee departed Masimo or Cercacor.  With this information, Apple will be more reasonably able to search for and identify responsive documents.

- **RFPs 224–25:**  Apple largely agrees with Plaintiffs' proposed narrowing of these RFPs, but some of the terminology used by Plaintiffs is vague.  So that the parties are on the same page, Apple agrees to produce documents regarding the use of confidential information received by an employee from its former employer or any other employee onboarding documents that discuss the treatment of confidential information, as well as documents regarding Apple's treatment of its own confidential information, to the extent such documents exist and can be located after a reasonable search.  Please let us know if we have an agreement on these RFPs.

- **RFP 226:**  Plaintiffs' recollection with respect to this RFP is not an accurate summary of the parties' discussion.  The parties agreed that to the extent there is a responsive document that originated with Masimo or Cercacor, Plaintiffs are entitled to receive it in discovery.  The parties did not, as Plaintiffs contend, agree that Plaintiffs are entitled to any document that says "Masimo" or "Cercacor."  Apple also explained that, as written, the RFP seeks documents that go to the ultimate issues in dispute in the case and, therefore, it would be impossible for Apple to commit to producing responsive documents.  During the parties' meet and confer, Plaintiffs agreed to propose a limitation, such as all documents that display "Masimo" or "Cercacor" copyrights.  However, no such compromise is reflected in Plaintiffs' December 6 letter (which notes that this RFP includes—but, presumably is

**Exhibit 17**
**-203-**

**GIBSON DUNN**

Page 3

not limited to—documents "such as" those that display "Masimo" or "Cercacor"
copyrights).  Please provide a limitation for Apple to evaluate.

- **RFP 227:**  Apple does not have a "company" metadata field, and therefore cannot produce
documents responsive to this RFP.

- **RFPs 228–29:**  As written, these RFPs seek documents that are neither relevant to the
issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets.  Apple requests
that Plaintiffs first provide the dates on which each Former Employee left Plaintiffs'
employ.  That will enable Apple to reasonably tailor its search to the types of devices
Plaintiffs expressed that they seek by way of these RFPs (and, as discussed during our call,
any production in response to these RFPs would be subject to an agreed-upon forensic
protocol).

- **RFP 230:**  As written, this RFP seeks documents that are neither relevant to the issues in
this case nor remotely tailored to Plaintiffs' alleged trade secrets.  During the meet and
confer, Plaintiffs agreed to re-evaluate this RFP and consider proposing a limitation, but
we have not yet received a proposed limitation from Plaintiffs.  Please advise as to
Plaintiffs' position.

- **RFPs 231–33:**  As written, these RFPs seek documents that are neither relevant to the
issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets.  Furthermore,
Apple objects to these RFPs on the grounds that they seek information related to "any of
the Apple Watch Products," and are not limited to the products accused in the Complaint.

- **RFP 238:**  As written, this RFP seeks documents that are neither relevant to the issues in
this case nor remotely tailored to Plaintiffs' alleged trade secrets.  Apple requests that
Plaintiffs first identify the dates on which each Former Employee left Plaintiffs' employ.
That will enable Apple to reasonably tailor its search to the types of documents Plaintiffs
expressed that they seek by way of this RFP (i.e., any documents indicating that a Former
Employee was working for Apple while still working for Masimo or Cercacor).

- **RFP 239:**  Apple maintains its objection that RFP 239 is overbroad to the extent it seeks
documents that are neither relevant to the issues in this case nor remotely tailored to
Plaintiffs' alleged trade secrets.  There are no solicitation claims in this case, and Plaintiffs
have not been able to articulate any theory of relevance.  If Plaintiffs have more information
to provide, Apple will consider it.  But based on the RFP as written, and the unconvincing
articulation of relevance from Plaintiffs to date, Apple cannot agree to produce responsive
documents.

**Exhibit 17**
**-204-**

# GIBSON DUNN

Page 4

- **RFP 240:**  Apple explained that it objects to producing entire human resource files as an invasion of privacy and because documents in the files are neither relevant nor remotely tailored to the claims in this case.  Plaintiffs explained that they are specifically interested in documents relating to onboarding or "reprimands relating to stealing confidential information."  Apple will produce documents within Michael O'Reilly's and Marcelo Lamego's Apple human resource files that relate to any promotion, reprimand, or acquisition, use, or disclosure of confidential information.  Please confirm whether this proposal resolves the dispute.

- **RFP 241:**  Apple maintains its objection to producing all documents concerning Apple's hiring or termination of any of the Former Employees, because the RFP is overbroad.  Apple proposes that this RFP be limited to documents concerning hiring or termination based on the acquisition, use, or disclosure of confidential information.  Please confirm whether this proposal resolves the dispute.

- **RFP 244:**  Apple objects to this RFP because it is not limited by subject matter, and therefore seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Plaintiffs' 12-month time limitation does not alleviate the problem.  We are happy to keep trying to negotiate this RFP, but right now it is too broad and we haven't received an acceptable narrowing proposal from Plaintiffs.

- **RFP 245:**  Apple objects to this RFP because it is not limited by subject matter, and therefore seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Nonetheless, Apple is willing to produce documents sufficient to show any change in Michael O'Reilly's job title or job responsibilities at Apple, to the extent such documents exist and can be located after a reasonable search.  Please confirm whether this proposal resolves the dispute.

- **RFP 246:**  Apple objects to this RFP because it is not limited by subject matter, and therefore seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Additionally, while this RFP seeks "all communications between Marcelo Lamego and any hospital or healthcare provider while Mr. Lamego worked at Apple," the Complaint does not allege that Lamego's contributions at Apple related to hospital or healthcare provider interactions—and, therefore, we do not see how the requested communications bear any relevance to this action.

- **RFP 248:**  Apple objects to this RFP on the grounds that it is too broad and seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Nonetheless, Apple is willing to produce documents sufficient to show any change in

**Exhibit 17
-205-**

GIBSON DUNN

Page 5

Marcelo Lamego's job title or job responsibilities at Apple, to the extent such documents exist and are located after a reasonable search.

**"Overbroad and Unduly Burdensome":**  As Plaintiffs note, Apple has objected to RFPs 148–72 on the basis of Section 2019.210 and the patent stay.  Plaintiffs asked Apple whether it is withholding documents responsive to these RFPs on any other basis.  At the moment, Apple's basis for withholding is Section 2019.210 and the patent stay.  That being said, other objections may provide additional grounds later (e.g., if the Court agrees with Apple that Plaintiffs' disclosure does not comply with Section 2019.210, and Plaintiffs thereafter serve a more targeted disclosure that eliminates certain information, and therefore renders RFPs related to that eliminated information irrelevant).  When Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**"Temporal Scope":**  Apple maintains its temporal scope objection to Plaintiffs' RFP 225.

**"ESI Order":**  As previously explained, Apple reiterates that it is performing reasonable searches for responsive documents, in accordance with the ESI Order, and that its searches for email communications necessarily will involve the use of custodians and search terms.

Sincerely,

Ilissa Samplin

Exhibit 17
-206-

# EXHIBIT 18

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 30, 2020

<u>**VIA EMAIL**</u>

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:    Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Ilissa:

We write to address certain matters in your December 9, 2020, letter as well as Apple's position on ESI custodians.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147**: We understand from your December 9, 2020, letter that Apple is withdrawing Apple's Section 2019.210 objection to RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147. We also understand that Apple is no longer withholding documents to these RFPs based on its remaining objections. Please confirm Apple will be producing documents responsive to these RFPs and inform us when Apple expects to make a substantial production.

**RFPs 122 and 133-35:** For these RFPs, Apple first claims that it is withdrawing its Section 2019.210 objection. Later in the letter, however, Apple argues that, to the extent these RFPs seek trade secret discovery, trade secret discovery is stayed and that "[i]f Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as they pertain to the trade secret claim." Please confirm that Apple is withdrawing its Section 2019.210 objection for RFPs 122 and 133-35. Please also confirm that Apple is not withholding responsive documents to RFPs 122 and 135 based on any other objection and will be producing responsive documents. For RFPs 133-134, Plaintiffs' agree that Apple's production of public complaints from legal proceedings involving the Apple Watch would satisfy Apple's obligation to respond to RFP 133. After Apple has produced these documents, Plaintiffs will further consider their position on RFP 134.

**Apple's Document Production:** During the parties' meet and confer, Apple confirmed that it would produce documents responsive to Plaintiffs' patent ownership and inventorship RFPs. However, Apple argued that Plaintiffs should not expect many documents and that Apple's production is likely to consist of a small number of patent prosecution documents. Apple now appears to have produced some of the file histories for the Disputed Patents and documents related to Apple's policy of compensating employees that file patent applications. Apple's arguments and recent production raise concerns that Apple is not adequately searching for and producing documents responsive to Plaintiffs' RFPs. For example, Plaintiffs' RFPs request documents such as:

- Any document on which Apple may or intends to rely to show (a) the alleged contribution of the named inventors to the conception or reduction to practice of the subject matter of the Disputed Patents, (b) that the named inventors satisfy the requirements to have been properly identified as inventors on the Disputed Patents; or (c) that the Disputed Patents were properly assigned to and are owned by Apple;

- Any documents that refute or otherwise relate to (a) any alleged contribution of the named inventors to the conception or reduction to practice of the subject matter of the Disputed Patents, (b) whether the named inventors satisfy the requirements to have been properly identified as inventors on the Disputed Patents; or (c) whether the Disputed Patents were properly assigned to and are owned by Apple;

- All documents reflecting work that the named inventors performed as part of allegedly inventing, developing, or reducing to practice the subject matter of the Disputed Patents, including laboratory notebooks, engineering documents, experiment or test records, communications, reports, meeting minutes, self or other evaluations, and correspondence;

- Communications from or to any named inventor regarding the subject matter of the Disputed Patents;

- Communications regarding Apple's meetings with Plaintiffs;

- All documents reflecting information exchanged between Apple and Plaintiffs, or any of their employees or independent contractors, regarding the subject matter of the Disputed Patents;

- Projections, consumer surveys, or other documents related to the value of the inventions or subject matter of the Disputed Patents; and

- The prosecution files for the Disputed Patents and related patents and patent applications, including any invention disclosures, memoranda, or other documents that provided the basis for preparation of drafts or final version of any of the patents, patent applications, or documents filed during prosecution.

Please confirm that Apple will search for and produce documents, like those listed above, that are responsive to Plaintiffs' patent ownership and inventorship RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:** For these RFPs, Apple has refused to meet and confer on its various objections and has instead claimed that it will not meet and confer on these RFPs until Apple receives a Section 2019.210 disclosure that it deems sufficient. As you know, Plaintiffs contend that their Section 2019.210 is more than sufficient, and no Court has held otherwise. Nothing in the Court's stay allowed Apple to unilaterally withhold discovery based on its position on sufficiency. Accordingly, Apple's blanket refusal to meet and confer on its objections to Plaintiffs' RFPs delays discovery and is contrary to the Local Rules.

**ESI Custodians:** Apple has proposed that the parties be limited to eight custodians. The ESI order does not contain any such limit. Instead, the ESI order states that "each party shall provide a

**Exhibit 18**
**-208-**

proposed list of individual custodians who are knowledgeable about and were involved with the core
issues or subjects in this case (e.g., the asserted patents, alleged misappropriation of trade secrets, the
development, design and operation of the accused products, and sales, marketing and other damages-
related information for the accused products)."  Pursuant to the ESI order, the parties should exchange
lists of custodians who are knowledgeable about or were involved with core issues or subjects in this
case.  The parties can then evaluate the proposed lists of custodians and potentially discuss whether any
limitations would be appropriate.  Plaintiffs submit that the parties should exchange their lists of
custodians on January 15, 2021.


                              Best regards,


                              Adam B. Powell

32796726

**Exhibit 18
-209-**

# EXHIBIT 19

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

January 13, 2021

VIA E-MAIL

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:     *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam:

I write in response to your letter dated December 30, 2020.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147:**  Apple confirms that it is withdrawing its Section 2019.210 objection to these RFPs.  Apple is not withholding documents to these RFPs based on any other objections.  As Apple has previously explained, Apple's investigation of Plaintiffs' allegations in this case is ongoing.  Apple will continue to produce responsive, non-privileged documents on a rolling basis, to the extent that such documents exist and can be located after a reasonable search.

**RFPs 122 and 133-35:**  Apple confirms that it is withdrawing its Section 2019.210 objection to these RFPs.  Apple is not withholding documents responsive to RFPs 122 and 135 based on any other objection and will continue to produce responsive, non-privileged documents on a rolling basis, to the extent that such documents exist and can be located after a reasonable search.

With respect to RFPs 133-34, Plaintiffs' December 30, 2020 letter does not address a proposal made by Apple, and which Plaintiffs agreed to consider, during the parties' meet and confer call on December 1, 2020.  Specifically, during the call, Apple noted that Plaintiffs had previously declined to produce documents similar in scope to the documents requested by Plaintiffs' RFP Nos. 133-134, i.e., documents responsive to Apple's RFP Nos. 75-76, which request documents concerning any litigation or prior legal action in which Plaintiffs have made trade secret appropriation claims.  Apple proposed agreeing to produce the complaints from legal proceedings involving the Apple Watch if Plaintiffs likewise agreed to produce the complaints from Plaintiffs' prior legal proceedings that involve claims for trade secret misappropriation.  Please let us know if we have an agreement on this proposal.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**Exhibit 19
-210-**

**GIBSON DUNN**

Page 2

**Apple's Document Production:**  Plaintiffs' purported "concerns that Apple is not adequately searching for and producing responsive to Plaintiffs' RFPs" (Dec. 30 2020 Ltr. at 1), are entirely unfounded.  Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple continues to produce documents on a rolling basis, as Apple has done and intends to continue doing.  Apple has diligently produced the non-privileged documents located to date that are responsive to Plaintiffs' correction of inventorship and ownership allegations, including but not limited to Apple's files for each of the Apple Patents and Apple Application subject to Plaintiffs' claims (including the patents, file histories, and assignment documents), the Marcelo Lamego hiring documents and agreements, and Apple's Patent Recognition Program.  Moreover, I note that Plaintiffs have refused to provide basic factual information regarding their correction of inventorship and ownership allegations in response to Apple's Interrogatory Nos. 4-5 and 23, leaving Apple in the dark as far as the contours of the parties' dispute and the scope of relevant documents.  Plaintiffs' attempt to flip the burden on Plaintiffs' correction of inventorship and ownership allegations, by refusing to provide information to Apple while at the same time seeking broad discovery from Apple, is improper.

Plaintiffs' December 30, 2020 letter also provides eight bullet points listing exemplary categories of documents Plaintiffs seek from Apple, without identifying the RFPs that purport to request those categories of documents.  It is unclear whether Plaintiffs are seeking documents pursuant to RFPs they have already served, or if they are attempting to expand the scope of document discovery by way of correspondence in lieu of formal discovery requests.  As you know, the latter is improper.  Apple has already responded to—and the parties have engaged in extensive correspondence and meet and confers regarding—Plaintiffs' RFPs, and thus Plaintiffs already have Apple's position on the scope of documents it has agreed to produce, to the extent such documents exist and are located after a reasonable search.  Apple refers Plaintiffs to its discovery responses and the parties' correspondence for Apple's position on each of the categories listed in Plaintiffs' letter, to the extent those categories even correspond to existing RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:**  Plaintiffs completely misstate and mischaracterize Apple's position regarding these RFPs.  Apple has not "refused to meet and confer on various objections"; rather, Apple's position (which it made very clear to Plaintiffs during numerous meet and confers) is that Apple believes it is a waste of the parties' time and resources to discuss Apple's objections to these RFPs while the parties' dispute about Plaintiffs' Section 2019.210 statement remains pending. The scope of Plaintiffs' allegations may change depending on how the Court resolves the dispute, which will in turn impact the scope of Apple's objections and responses to these RFPs. For example, Apple may have objected to a request based on overbreadth, but may be able to drop that objection later if the Court orders Plaintiffs to identify their alleged secrets with greater particularity and Plaintiffs comply.  Thus, Apple maintains that it would be most

**Exhibit 19
-211-**

**GIBSON DUNN**

Page 3

efficient for the parties to discuss Apple's full positions on the scope and relevance of these RFPs once the bounds of the trade secrets are identified.  Accordingly, and contrary to your letter, Apple suggested holding off on discussing the scope of such RFPs until resolution of the 2019.210 disclosure issue.  While Apple's position remains that a discussion about the specific objections to these RFPs is premature and an inefficient use of the parties' resources, to the extent Plaintiffs insist on discussing Apple's objections beyond its Section 2019.210 objection now, before the Court rules on Apple's Section 2019.210 motion to compel, Apple is willing to do so—with a reservation of all rights to modify its positions based on the Court's ruling.

**ESI Custodians:**  Plaintiffs' refusal to even discuss reasonable limits on ESI custodians is concerning, as it suggests that it is Plaintiffs' position that they may identify an infinite number of custodians in this case.  As you know, the number of custodians in a case greatly impacts cost, burdens, and various other factors.  In an effort to prevent this case from spiraling out of control on either side, Apple submits that the best course of action is for the parties to exchange their thoughts on a reasonable number of custodians at this juncture.  As you may know, the Model Order for E-Discovery adopted by the Northern District of California, numerous other district courts, and the Federal Circuit Advisory Counsel all set limits on the number of document custodians.  Apple is not proposing anything controversial here.

When Apple first requested that the parties discuss reasonable limits on ESI custodians, Plaintiffs asked that Apple provide its proposal.  Apple provided its proposal—eight custodians—to Plaintiffs on December 2, 2020.  To date, Plaintiffs have provided no indication as to what they consider to be a reasonable number of custodians, instead insisting that there should be no limit.  This is not a helpful or productive approach to discovery.  It remains Apple's position that, to begin the stipulated process outlined in the ESI Order, the parties should discuss and attempt to agree upon a reasonable number of ESI custodians.  A limit on the number of custodians will help the parties select and prioritize the custodians to identify and ensure that the scope of discovery is proportional to the needs of the case.  Of course, if good cause exists for the identification of additional custodians later in the case, Apple would not oppose, but for now, the parties should be able to agree on a reasonable number on each side.

**Exhibit 19
-212-**

**GIBSON DUNN**

Page 4

Accordingly, Apple reiterates its request that Plaintiffs respond to Apple's proposal with the number of ESI custodians they consider reasonable in this case.  Please let us know if we can reach agreement here.  Otherwise, we will need to seek the Court's guidance.

Sincerely,

Ilissa Samplin

**Exhibit 19
-213-**

# EXHIBIT 22

| | |
|---|---|
| **From:** | Samplin, Ilissa <ISamplin@gibsondunn.com> |
| **Sent:** | Monday, February 15, 2021 9:55 PM |
| **To:** | Adam.Powell |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple - Discovery Letter |

Adam,

Here's the remainder of Apple's positions on the RFPs you asked about.

**RFPs 5–25, 27, 63–65, 70–79, 83–85, 87:**  By Plaintiffs' own admission, RFPs 5–25 and 27 were drafted in search of patent-related discovery.  That is what Plaintiffs previously argued in briefing about these RFPs.  And as we previously explained, Plaintiffs' RFPs 63–65, 70–79, 83–85, and 87 also were directed to Plaintiffs' patent infringement case, which is stayed.  Accordingly, these RFPs are overbroad and unduly burdensome—they are not narrowly tailored to the specific technology alleged in Plaintiffs' Section 2019.210 statement.  Apple requests that Plaintiffs narrow these RFPs.

**RFP 26:**  Apple agrees to produce all documents cited in Apple's responses to Plaintiffs' Interrogatories.

**RFPs 67–69, 155–57:**  Apple objects to these RFPs as overbroad and unduly burdensome, and seeking discovery that is not relevant to the claims at issue in this case.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these seemingly irrelevant RFPs.

**RFPs 97, 100:**  Apple objects to these RFPs as overbroad and unduly burdensome to the extent they seek discovery related to products not at issue in this case.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these seemingly overbroad RFPs.

**RFPs 98, 99, 107, 163, 164:**  Apple objects to these RFPs on the grounds that they seek discovery in a format different than what Apple maintains.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these RFPs.

**RFPs 158–160:**  Apple objects to Plaintiffs' RFPs 158–160 as vague and overbroad based on their use of vague terms such as "value" and "importance."  Apple does not understand the relevance of these RFPs, but is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these vague and overbroad RFPs.

**RFPs 106, 108, 109:**  Apple objects to these RFPs as overly broad and unduly burdensome because they seek discovery that is not relevant to the claims at issue in this case.  For example, Apple does not understand how the "consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring" is relevant to the issues in this case.  Apple requests that Plaintiffs propose a limitation in order to appropriately narrow these RFPs.

**RFPs 63–66, 86, 148–54, 172:**  Apple objects to these RFPs as overly broad and unduly burdensome because they seek information related to algorithms and features not at issue in this case.  To appropriately narrow Plaintiffs' overbroad RFPs, Apple makes the following proposals:

- **RFPs 63, 86, 148, 149:**  Apple proposes to produce documents sufficient to show the development of algorithms calculating oxygen saturation used in the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

**Exhibit 22**
**-225-**

- **RFPs 64, 150:** Apple proposes to produce documents sufficient to show the selection of algorithms calculating oxygen saturation by the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 65, 151:** Apple proposes to produce documents sufficient to show the power consumption of algorithms calculating oxygen saturation used in the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 66, 154:** Apple proposes to produce documents sufficient to show testing or analysis of algorithms calculating oxygen saturation used in the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 152, 153, 172:** Apple proposes to produce documents sufficient to show the calculation of oxygen saturation by the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

**RFPs 185, 186:** Apple objects to Plaintiffs' RFPs 185 and 186 on the grounds that they are overbroad and not relevant because they seek information related to source code not at issue in this case.

**RFPs 80–82, 161:** For these RFPs, you previously requested that we investigate whether there is a database of complaints.  There are a few systems that can be queried, but we are talking about highly overbroad results when these systems are queried for the "Apple Watch."  As I'm sure you can imagine, people complain about all sorts of issues—and these databases are largely for injury or property damage.  We are not aware of any infringement or trade secret-related complaints made through these databases.

**RFPs 165–170:** Apple objects to Plaintiffs' RFPs 165–170 on the grounds that they are overbroad and unduly burdensome because they seek information related to products not at issue in this case.

**RFPs 184, 196:** Apple objects to Plaintiffs' RFPs 184 and 196 as overly broad and vague to the extent they use the term "implementing any of the technique(s) described."  Apple does not understand to which techniques Plaintiffs are referring.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these RFPs.

**RFPs 101–05, 171, 173–83, 187–95, 197–206:** Apple objects to these RFPs as overbroad and unduly burdensome to the extent they seek discovery related to products not accused in the Complaint.  Apple responds that it will only consider these RFPs if they are (1) limited to the Apple Watch Series 4 or later, and (2) limited to a time period beginning in January 2013, six months before Apple hired the former Masimo employee that Plaintiffs claim misappropriated Plaintiffs' alleged trade secrets.  Apple's further responses to these RFPs (in addition to these two proposed limitations) follow:

- **RFP 101:** Apple objects to RFP 101 as overbroad and unduly burdensome.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through this overbroad RFP.

- **RFP 102:** Apple objects to RFP 102 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show Apple's evaluation of the health care market, including the evaluation of target customers and Apple's considerations in entering the health care market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 103:** Apple objects to RFP 103 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show the differences, similarities, or comparisons between the consumer market and the health care market, to the extent such documents exist and can be located following a reasonable search. .

**Exhibit 22**
**-226-**

- **RFP 104:**  Apple objects to RFP 104 as overbroad and unduly burdensome.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through this overbroad RFP.

- **RFP 105:**  Apple objects to RFP 105 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show market studies for measurement of physiological parameters in connection with entry into the clinical health care market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 171:**  Apple objects to RFP 171 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show the study of products that compete or will compete with the pulse oximetry portion of the Apple Watch Series 6, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 173:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 174-179:**  To the extent Apple can discern Plaintiffs' alleged trade secrets, Apple will produce documents responsive to these RFPs, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 180:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 181-182:**  Apple will agree to produce documents responsive to the "implementing" part of these RFPs ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

- **RFP 183**:  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

- **RFP 187:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 188-189:**  Apple will agree to produce documents responsive to the "implementing" part of these RFPs ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

- **RFP 190:**  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

- **RFP 191:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFP 192:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 193-194:**  Apple will agree to produce documents responsive to the "implementing" part of these RFPs ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

- **RFP 195**:  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

**Exhibit 22**
-227-

- **RFP 197:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFP 198:**  Apple objects to RFP 198 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show Apple's assessment, if any, of Plaintiffs' Business and Marketing Plans and Strategies of specified products to healthcare providers and/or the consumer market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 199–202:**  Apple objects to RFPs 199–202 to the extent they are cumulative in view of Plaintiffs' RFP 105.  As explained above, Apple proposes producing documents sufficient to show market studies for measurement of physiological parameters in connection with entry into the clinical health care market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 203:**  Apple objects to RFP 203 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show Apple's assessment, if any, of Plaintiffs' Strategies for Interacting with Hospitals with regards to specified products, to the extent such documents exist and can be located following a reasonable search.

**RFP 204–06:**  Apple objects to RFP 204–206 as overbroad and unduly burdensome.  Apple further objects to RFPs 205 and 206 to the extent they are cumulative of Plaintiffs' RFP 204.  Apple proposes producing documents sufficient to show Apple's implementation or consideration of marketing or clinical test/studies with hospitals for measurement of specified physiological parameters, to the extent such documents exist and can be located following a reasonable search.

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Monday, February 15, 2021 2:04 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Adam,

I write to provide Apple's positions regarding Plaintiffs' RFPs 5–27, 63–87, 97–109, 128–132, 148–206, 208–13, 216–22, 234–37, 242–43, and 247.  We will follow up in another email with the remainder.

**RFPs 128, 129:**  Apple objects to RFPs 128 and 129 on the basis that they request "subject matter disclosed or claimed in the Disputed Patents."  As discussed previously with you, that language is vague, and it is not clear what Plaintiffs seek.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these overbroad RFPs.

**RFP 130:**  Apple objects to Plaintiffs' RFP 130 as overbroad and unduly burdensome.  Apple does not understand how documents related to Apple's relationship with affiliates is relevant to the issues in this case—indeed, we are not even aware of what affiliates you have in mind here.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through this overbroad RFP.

**Exhibit 22**
**-228-**

**RFPs 131, 132:**  As explained in previous correspondence, Apple does not maintain organizational charts, formal or informal.  As also explained previously, Apple determined that the printing of its entire directory database would not only fail to provide Plaintiffs with the information they seek, but also would be unduly burdensome.  I'm not sure there is much more to say on these RFPs.

**RFP 208:**  Apple will agree to produce responsive documents, to the extent such documents exist and can be located following a reasonable search.

**RFP 209:**  Apple will agree to produce responsive documents to the "implementing" part of this RFP ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

**RFP 210:**  This RFP is overbroad and unduly burdensome—including because it seeks documents relating to "considering" which is not relevant, and because it seeks "all" documents and things on a broad topic.  We are happy to meet and confer about this further.

**RFP 211**:  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

**RFP 212:**  Apple does not agree to this overbroad RFP.  We have already produced source code for the accused products at issue in this case.

**RFP 213:**  Apple will agree to produce responsive documents to the "have implemented" part of this RFP ("ever considered implementing" is not relevant), to the extent such documents exist and can be located following a reasonable search.

**RFPs 216, 217:**  Apple objects to these RFPs on the grounds that they are overbroad and unduly burdensome.  As worded, these RFPs seek discovery related to topics not at issue in this case.  Apple requests that Plaintiffs propose a subject matter limitation in order to appropriately tailor this RFP.  Once Plaintiffs make their proposal, Apple will consider Plaintiffs' request.

**RFP 218:**  Apple proposes producing documents sufficient to show Apple's decision to discuss physiological monitoring technology with Masimo or Cercacor, to the extent such documents exist and can be located following a reasonable search.

**RFP 219:**  Apple proposes producing documents sufficient to show Apple's decision not to pursue physiological monitoring technology with Plaintiffs, to the extent such documents exist and can be located following a reasonable search.

**RFP 220:**  Apple proposes producing documents sufficient to show Apple's decision to enter into a non-disclosure agreement with Plaintiffs, to the extent such documents exist and can be located following a reasonable search.

**RFP 221:**  Apple proposes producing documents sufficient to show Apple's purpose for entering into a non-disclosure agreement with Plaintiffs, to the extent such documents exist and can be located following a reasonable search.

**RFPs 234–37:**  This goes back to the "Former Employees" issues discussed in our letter of last week.  These RFPs are overbroad on this basis, and RFPs 236 and 237 are further overbroad based on their lack of subject matter limitations.  Apple cannot agree to produce documents in response to these RFPs as written.  We are happy to meet and confer about these further.

**RFPs 242–43:**  These RFPs are overbroad and unduly burdensome.  Apple cannot agree to produce documents in response to these RFPs as written.  We are happy to meet and confer about these further.

**Exhibit 22**
**-229-**

**RFP 247:**  Apple will agree to produce responsive documents, subject to claims of privilege, to the extent such documents exist and can be located following a reasonable search.


Regards,
Ilissa


**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, February 12, 2021 4:31 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

[External Email]
Ilissa,

Thank you for sending us the letter.  After our initial review, we noticed that Apple has not provided its position as to RFPs 5–27, 63–87, 97–109, 128–132, 148–206, 208–13, 216–22, 234–37, 242–43, and 247.  While Apple's formal responses included its objections, Apple has not explained whether it is willing to search for and produce responsive documents for any of these requests.  If Apple will produce documents, we do not know if Apple is relying on its objections to narrow its search or withhold documents.  While we appreciate that Apple is willing to discuss its responses during the meet and confer, we think it would be inefficient to review each RFP one-by-one over the phone to learn whether Apple intends to produce responsive documents.  We assume that Apple intends to produce responsive documents for the vast majority of these RFPs, so we can save a lot of time if you tell us Apple's position for each RFP in advance.  We would appreciate it if you could provide Apple's position at least 24 hours before our call at 2pm on Tuesday.

Please use the following dial in number for our call:

        Phone number: 888-475-4499
        Room #: 221-856-8931


Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, February 11, 2021 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Exhibit 22**
**-230-**

**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Adam,

Thank you for your patience.  Attached please find our response to your January 27 letter.  Please let us know if your team can accommodate the requested 9 am meet and confer tomorrow.  As noted in my separate correspondence to you, unfortunately the necessary members of our team for this meet and confer are not available in the afternoon.

Thank you,
Ilissa


Ilissa Samplin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, February 8, 2021 6:12 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

[External Email]
Ilissa,

We will talk to you on Wednesday at 1:30pm.  Please use the following dial in number:

Phone number: 888-475-4499
Room #: 221-856-8931

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, February 8, 2021 11:08 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Discovery Letter

We will have our written response to you tomorrow. If you would rather meet and confer on Thursday, that's fine too.

**Exhibit 22**
**-231-**

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On Feb 8, 2021, at 11:06 AM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Ilissa,

We are available at 1:30pm on Wednesday to discuss this issue and the issue mentioned in Brian's email on February 5.  Please confirm that you will have your written response to us today.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, February 5, 2021 7:15 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Discovery Letter

Adam:

Brian emailed earlier about this. We are available to discuss these issues on Wednesday as well, and we will have our written response to you before then. Please let us know if the time slot we proposed on Wednesday will work for your team.

Thank you,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 22
-232-**

On Feb 5, 2021, at 6:36 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Dear Ilissa,

We have not yet received your response to our letter of January 27.  Pursuant to Rule 37-1, the parties should meet and confer on the issues raised by our letter by Monday, February 8.  Please provide your written response to our letter by Monday morning.  Please also provide you availability to meet and confer on Tuesday.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Wednesday, January 27, 2021 10:12 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Discovery Letter

Ilissa,

Please see the attached letter.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**Exhibit 22**
**-233-**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 22**
**-234-**

# EXHIBIT 27

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

APPLE INC.,
a California corporation,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

DEMAND FOR JURY TRIAL

Hon. James V. Selna

**Exhibit 27**
-470-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 200 of 365   Page ID
#:31166
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 2 of 85   Page ID
#:26390

# ANSWER[1]

Defendant Apple Inc. ("Apple"), by its undersigned counsel, hereby responds to each of the numbered paragraphs in the Third Amended Complaint ("TAC") filed against it by Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted in this Answer, Apple denies each and every allegation contained in the TAC, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the TAC, and specifically denies any liability to Plaintiffs.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the TAC to which no responsive pleading is required shall be deemed to be denied.  Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.[2]

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Apple states as follows in response to the specific allegations in the TAC:

1.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the TAC, and therefore Apple denies them.

2.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the TAC, and therefore Apple denies them.

---

[1] Apple is filing this Answer to Plaintiffs' Third Amended Complaint because Plaintiffs refused to grant Apple an extension to answer until after they amended their Complaint in light of the Court's Order granting in part and denying in part Apple's motion to dismiss with leave to amend.  Dkt. Nos. 264, 273.  Providing piecemeal answers to a pleading is inefficient.  But rather than burden the Court with an *ex parte* motion, Apple is responding to the partially dismissed Third Amended Complaint now.  Apple reserves all rights to amend its Answer in any and all respects after Plaintiffs file their Fourth Amended Complaint.

[2] Answers to each paragraph of the TAC are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the TAC or any subsequent amended complaint.

1

**Exhibit 27
-471-**

3.      Apple admits the allegations in paragraph 3 of the TAC.

4.      Apple admits that the TAC purports to set forth claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, more particularly, 35 U.S.C. §§ 271 and 281.  Apple denies having committed any act of infringement alleged in the TAC.  Apple admits that the TAC purports to set forth claims for correction of inventorship of certain United States patents arising under the patent laws of the United States, more particularly 35 U.S.C. § 256.  Apple denies that any list of inventors on any of its patents or patent applications that are identified in the TAC is incorrect or incomplete, and further denies that any correction of inventorship is required.  Apple admits that the TAC purports to set forth a claim for trade secret misappropriation.   Apple denies having committed any act of trade secret misappropriation alleged in the TAC.  Apple admits that the TAC purports to set forth a declaratory action for ownership of certain patents and patent applications.  Apple denies that anyone other than Apple displays the title to ownership of its patents and patent applications identified in the TAC.

5.      Apple admits that this Court has subject matter jurisdiction over claims 1–12 and 14–18 asserted in the TAC pursuant to 28 U.S.C. §§ 1331 and 1338(a).  With respect to the remaining allegations and characterizations in paragraph 5 of the TAC, Apple lacks knowledge or information sufficient to form a belief about the truth of such allegations and the associated legal conclusion, and therefore Apple denies them.

6.      Apple admits that its principal place of business is in California and that it is subject to personal jurisdiction in California.  Apple denies having committed any act complained of in the TAC, and therefore denies the remaining allegations and characterizations in paragraph 6 of the TAC.

7.      Apple admits that it has a regular place of business in the County of Orange within the Central District of California.  Apple denies that the inventive contributions to its patents and/or patent applications identified in the TAC took place in the Central District of California.  Apple denies having committed any act complained of in the

Gibson, Dunn & Crutcher LLP

2

**Exhibit 27
-472-**

1  TAC, and therefore denies the remaining allegations and characterizations in paragraph
2  7 of the TAC.

3      8.    Apple admits that the TAC purports to set forth claims against Apple for
4  trade secret misappropriation, patent infringement, correction of inventorship, and a
5  declaration of ownership.  Apple denies having committed any act complained of in the
6  TAC, and therefore denies the remaining allegations and characterizations in paragraph
7  8 of the TAC.

8      9.    To the extent paragraph 9 of the TAC implicates legal conclusions, no
9  response is required.  To the extent that a response is required, Apple lacks knowledge
10  or information sufficient to form a belief about the truth of the allegations and
11  characterizations in paragraph 9 of the TAC, and therefore Apple denies them.

12      10.   To the extent paragraph 10 of the TAC implicates legal conclusions, no
13  response is required.  To the extent that a response is required, Apple lacks knowledge
14  or information sufficient to form a belief about the truth of the allegations and
15  characterizations in paragraph 10 of the TAC, and therefore Apple denies them.

16      11.   To the extent paragraph 11 of the TAC implicates legal conclusions, no
17  response is required.  To the extent that a response is required, Apple lacks knowledge
18  or information sufficient to form a belief about the truth of the allegations and
19  characterizations in paragraph 11 of the TAC, and therefore Apple denies them.

20      12.   To the extent paragraph 12 of the TAC implicates legal conclusions, no
21  response is required.  To the extent that a response is required, Apple lacks knowledge
22  or information sufficient to form a belief about the truth of the allegations and
23  characterizations in paragraph 12 of the TAC, and therefore Apple denies them.

24      13.   To the extent paragraph 13 of the TAC implicates legal conclusions, no
25  response is required.  To the extent that a response is required, Apple lacks knowledge
26  or information sufficient to form a belief about the truth of the allegations and
27  characterizations in paragraph 13 of the TAC, and therefore Apple denies them.

28      14.   To the extent paragraph 14 of the TAC implicates legal conclusions, no

Gibson, Dunn &
Crutcher LLP

3

**Exhibit 27
-473-**

1   response is required.  To the extent that a response is required, Apple lacks knowledge
2   or information sufficient to form a belief about the truth of the allegations and
3   characterizations in paragraph 14 of the TAC, and therefore Apple denies them.

4        15.    To the extent paragraph 15 of the TAC implicates legal conclusions, no
5   response is required.  To the extent that a response is required, Apple lacks knowledge
6   or information sufficient to form a belief about the truth of the allegations and
7   characterizations in paragraph 15 of the TAC, and therefore Apple denies them.

8        16.    To the extent paragraph 16 of the TAC implicates legal conclusions, no
9   response is required.  To the extent that a response is required, Apple lacks knowledge
10  or information sufficient to form a belief about the truth of the allegations and
11  characterizations in paragraph 16 of the TAC, and therefore Apple denies them.

12       17.    To the extent paragraph 17 of the TAC implicates legal conclusions, no
13  response is required.  To the extent that a response is required, Apple lacks knowledge
14  or information sufficient to form a belief about the truth of the allegations and
15  characterizations in paragraph 17 of the TAC, and therefore Apple denies them.

16       18.    To the extent paragraph 18 of the TAC implicates legal conclusions, no
17  response is required.  To the extent that a response is required, Apple lacks knowledge
18  or information sufficient to form a belief about the truth of the allegations and
19  characterizations in paragraph 18 of the TAC, and therefore Apple denies them.

20       19.    To the extent paragraph 19 of the TAC implicates legal conclusions, no
21  response is required.  To the extent that a response is required, Apple admits that in
22  2013, representatives of Apple and Masimo held a meeting and that Apple and Masimo
23  entered into a confidentiality agreement.  Apple denies the remaining allegations and
24  characterizations in paragraph 19 of the TAC.

25       20.    To the extent paragraph 20 of the TAC implicates legal conclusions, no
26  response is required.  To the extent that a response is required, Apple admits that it
27  employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical
28  Technology.  Apple admits that O'Reilly has assisted with projects related to wellness

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP

**Exhibit 27
-474-**

1   and non-invasive measurement of physiological parameters.  Apple admits that O'Reilly

2   met with the FDA on behalf of Apple in or around December 2013 regarding the FDA's

3   regulation of consumer products.  Apple lacks knowledge or information sufficient to

4   form a belief about the truth of the remaining allegations and characterizations in

5   paragraph 20 of the TAC, and therefore Apple denies them.

6          21.    To the extent paragraph 21 of the TAC implicates legal conclusions, no

7   response is required.  To the extent that a response is required, Apple admits that it hired

8   Marcelo Lamego in 2014.   Apple denies that it "systematically recruited other key

9   Masimo personnel, such as Marcelo Lamego."  Apple lacks knowledge or information

10  sufficient to form a belief about the truth of the remaining allegations and

11  characterizations in paragraph 21 of the TAC, and therefore Apple denies them.

12         22.    To the extent paragraph 23 of the TAC implicates legal conclusions, no

13  response is required.  To the extent that a response is required, Apple lacks knowledge

14  or information sufficient to form a belief about the truth of the allegations and

15  characterizations in paragraph 22 of the TAC, and therefore Apple denies them.

16         23.    To the extent paragraph 23 of the TAC implicates legal conclusions, no

17  response is required.  To the extent that a response is required, Apple admits that it

18  received a letter from Plaintiffs on or around January 24, 2014, containing the language

19  quoted in paragraph 23 of the TAC.  Apple lacks knowledge or information sufficient to

20  form a belief about the truth of the remaining allegations and characterizations in

21  paragraph 23 of the TAC, and therefore Apple denies them.

22         24.    To the extent paragraph 24 of the TAC implicates legal conclusions, no

23  response is required.  To the extent that a response is required, Apple admits that Marcelo

24  Lamego, after joining Apple, contributed to and was listed as an inventor of certain

25  patent applications assigned to Apple.   Apple denies the remaining allegations and

26  characterizations in paragraph 24 of the TAC.

27         25.    Apple admits that it announced the first version of the Apple Watch in

28  September 2014, and began shipping its watch in April 2015.  Apple admits that the

Gibson, Dunn &
Crutcher LLP

5

**Exhibit 27**
**-475-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 205 of 365   Page ID
#:31171
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 7 of 85   Page ID
#:26395

1  Apple Watch Series 3 was released on September 22, 2017.  Apple admits that the Apple

2  Watch Series 4 was released on September 12, 2018.  Apple admits that the Apple Watch

3  Series 5 was announced on September 10, 2019, and released on September 20, 2019.

4  Apple admits that the Apple Watch Series 6 and Series SE were announced on

5  September 15, 2020, and released on September 18, 2020.  Apple denies the remaining

6  allegations and characterizations in paragraph 25 of the TAC.

7       26.    To the extent paragraph 26 of the TAC implicates legal conclusions, no

8  response is required.  To the extent that a response is required, Apple lacks knowledge

9  or information sufficient to form a belief about the truth of the allegations and

10  characterizations in paragraph 26 of the TAC, and therefore Apple denies them.

11       27.    Apple admits that the first page of U.S. Patent No. 10,258,265 displays the

12  title as "Multi-stream data collection system for noninvasive measurement of blood

13  constituents," lists Masimo as the assignee, and lists an issue date of April 16, 2019.

14  Apple lacks knowledge or information sufficient to form a belief about the truth of the

15  remaining allegations in paragraph 27 of the TAC, and therefore Apple denies them.

16       28.    Apple admits that the first page of U.S. Patent No. 10,292,628 displays the

17  title as "Multi-stream data collection system for noninvasive measurement of blood

18  constituents," lists Masimo as the assignee, and lists an issue date of May 21, 2019.

19  Apple lacks knowledge or information sufficient to form a belief about the truth of the

20  remaining allegations in paragraph 28 of the TAC, and therefore Apple denies them.

21       29.    Apple admits that the first page of U.S. Patent No. 10,588,553 displays the

22  title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

23  Constituents," lists Masimo as the assignee, and lists an issue date of March 17, 2020.

24  Apple lacks knowledge or information sufficient to form a belief about the truth of the

25  remaining allegations in paragraph 29 of the TAC, and therefore Apple denies them.

26       30.    Apple admits that the first page of U.S. Patent No. 10,588,554 displays the

27  title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

28  Constituents," lists Masimo as the assignee, and lists an issue date of March 17, 2020.

Gibson, Dunn &
Crutcher LLP

6

**Exhibit 27
-476-**

1    Apple lacks knowledge or information sufficient to form a belief about the truth of the

2    remaining allegations in paragraph 30 of the TAC, and therefore Apple denies them.

3        31.    Apple admits that the first page of U.S. Patent No. 10,624,564 displays the

4    title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

5    Constituents," lists Masimo as the assignee, and lists an issue date of April 21, 2020.

6    Apple lacks knowledge or information sufficient to form a belief about the truth of the

7    remaining allegations in paragraph 31 of the TAC, and therefore Apple denies them.

8        32.    Apple admits that the first page of U.S. Patent No. 10,631,765 displays the

9    title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

10   Constituents," lists Masimo as the assignee, and lists an issue date of April 28, 2020.

11   Apple lacks knowledge or information sufficient to form a belief about the truth of the

12   remaining allegations in paragraph 32 of the TAC, and therefore Apple denies them.

13       33.    Apple admits that the first page of U.S. Patent No. 10,702,194 displays the

14   title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

15   Constituents," lists Masimo as the assignee, and lists an issue date of July 7, 2020.  Apple

16   lacks knowledge or information sufficient to form a belief about the truth of the

17   remaining allegations in paragraph 33 of the TAC, and therefore Apple denies them.

18       34.    Apple admits that the first page of U.S. Patent No. 10,702,195 displays the

19   title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

20   Constituents," lists Masimo as the assignee, and lists an issue date of July 7, 2020.  Apple

21   lacks knowledge or information sufficient to form a belief about the truth of the

22   remaining allegations in paragraph 34 of the TAC, and therefore Apple denies them.

23       35.    Apple admits that the first page of U.S. Patent No. 10,709,366 displays the

24   title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

25   Constituents," lists Masimo as the assignee, and lists an issue date of July 14, 2020.

26   Apple lacks knowledge or information sufficient to form a belief about the truth of the

27   remaining allegations in paragraph 35 of the TAC, and therefore Apple denies them.

28

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27**
**-477-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 207 of 365   Page ID
#:31173
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 9 of 85   Page ID
#:26397

36.     Apple admits that the first page of U.S. Patent No. 6,771,994 displays the title as "Pulse oximeter probe-off detection system," lists Masimo as the assignee, and lists an issue date of August 3, 2004.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the TAC, and therefore Apple denies them.

37.     Apple admits that the first page of U.S. Patent No. 8,457,703 displays the title as "Low power pulse oximeter," lists Masimo as the assignee, and lists an issue date of June 4, 2013.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 of the TAC, and therefore Apple denies them.

38.     Apple admits that the first page of U.S. Patent No. 10,433,776 displays the title as "Low power pulse oximeter," lists Masimo as the assignee, and lists an issue date of October 8, 2019.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 of the TAC, and therefore Apple denies them.

39.     To the extent paragraph 39 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 39 of the TAC.

40.     To the extent paragraph 40 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 40 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

41.     To the extent paragraph 41 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 41 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 27
-478-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 208 of 365   Page ID
#:31174
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 10 of 85   Page ID
#:26398

42.    To the extent paragraph 42 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 42 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

43.    To the extent paragraph 43 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 43 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

44.    Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to paragraphs 44.2–44.7 of the TAC is required.  To the extent paragraphs 44.1 and 44.8–44.9 of the TAC implicate legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 44 of the TAC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

45.    Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

46.    This paragraph states a definition to be used in the TAC to which no response is required.

47.    Apple admits that U.S. Provisional Patent Application No. 62/043,294 displays the title "Reflective Surface Treatments for Optical Sensors," lists Marcelo Lamego as an inventor, and was filed August 28, 2014.  Apple admits that U.S. Patent

9

Gibson, Dunn &
Crutcher LLP

**Exhibit 27
-479-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 209 of 365   Page ID
#:31175
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 11 of 85   Page ID
#:26399

1    Application No. 14/740,196 lists Marcelo Lamego as an inventor and issued as U.S.
2    Patent No. 10,078,052.  Apple admits that U.S. Patent Application No. 16/114,003 lists
3    Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,247,670.  Apple lacks
4    knowledge or information sufficient to form a belief about the truth of the remaining
5    allegations and characterizations in paragraph 47 of the TAC, and therefore Apple denies
6    them.

7          48.    Apple admits that U.S. Provisional Patent Application No. 62/047,818
8    displays the title "Modulation and Demodulation Techniques for a Health Monitoring
9    System," lists Marcelo Lamego as an inventor, and was filed September 9, 2014.  Apple
10   admits that U.S. Patent Application No. 14/621,268 lists Marcelo Lamego as an inventor
11   and issued as U.S. Patent No. 10,219,754.  Apple lacks knowledge or information
12   sufficient to form a belief about the truth of the remaining allegations and
13   characterizations in paragraph 48 of the TAC, and therefore Apple denies them.

14         49.    Apple admits that U.S. Provisional Patent Application No. 62/056,299
15   displays the title "Electronic Device that Computes Health Data," lists Marcelo Lamego
16   as an inventor, and was filed September 26, 2014.  Apple admits that U.S. Patent
17   Application No. 14/617,422 lists Marcelo Lamego as an inventor and issued as U.S.
18   Patent No. 9,723,997.  Apple admits that U.S. Patent Application No. 15/667,832 lists
19   Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,524,671.  Apple admits
20   that U.S. Patent Application No. 16/700,710 lists Marcelo Lamego as an inventor.  Apple
21   lacks knowledge or information sufficient to form a belief about the truth of the
22   remaining allegations and characterizations in paragraph 49 of the TAC, and therefore
23   Apple denies them.

24         50.    Apple admits that U.S. Provisional Patent Application No. 62/057,089
25   displays the title "Methods and Systems for Modulation and Demodulation of Optical
26   Signals," lists Marcelo Lamego as an inventor, and was filed September 29, 2014.  Apple
27   admits that U.S. Patent Application No. 14/618,664 lists Marcelo Lamego as an inventor
28   and issued as U.S. Patent No. 9,952,095.  Apple admits that U.S. Patent Application No.

Gibson, Dunn &
Crutcher LLP

10

Exhibit 27
-480-

1   15/960,507 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information

2   sufficient to form a belief about the truth of the remaining allegations and

3   characterizations in paragraph 50 of the TAC, and therefore Apple denies them.

4           51.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

5   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

6   TAC.

7           52.     To the extent paragraph 52 of the TAC implicates legal conclusions, no

8   response is required.  To the extent that a response is required, Apple denies the

9   allegations and characterizations in paragraph 52 of the TAC, and specifically denies

10  that it has committed any acts of infringement.

11          53.     To the extent paragraph 53 of the TAC implicates legal conclusions, no

12  response is required.  To the extent that a response is required, Apple denies the

13  allegations and characterizations in paragraph 53 of the TAC, and specifically denies

14  that it has committed any acts of infringement.

15          54.     To the extent paragraph 54 of the TAC implicates legal conclusions, no

16  response is required.  To the extent that a response is required, Apple denies that the web

17  page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph

18  54 of the TAC, currently contains the image shown in paragraph 54 of the TAC.  Apple

19  denies the remaining allegations and characterizations in paragraph 54 of the TAC, and

20  specifically denies that it has committed any acts of infringement.

21          55.     To the extent paragraph 55 of the TAC implicates legal conclusions, no

22  response is required.  To the extent that a response is required, Apple denies that the web

23  page https://support.apple.com/en-us/HT204666, which is cited in paragraph 55 of the

24  TAC, currently contains the image shown in paragraph 55 of the TAC.  Apple denies

25  the remaining allegations and characterizations in paragraph 55 of the TAC, and

26  specifically denies that it has committed any acts of infringement.

27          56.     To the extent paragraph 56 of the TAC implicates legal conclusions, no

28  response is required.  To the extent that a response is required, Apple denies the

Gibson, Dunn &
Crutcher LLP

11

**Exhibit 27
-481-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 211 of 365   Page ID
#:31177
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 13 of 85   Page ID
#:26401

allegations and characterizations in paragraph 56 of the TAC, and specifically denies that it has committed any acts of infringement.

57.   To the extent paragraph 57 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 57 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 57 of the TAC, and specifically denies that it has committed any acts of infringement.

58.   To the extent paragraph 58 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,258,265 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 58 of the TAC, and therefore Apple denies them.

59.   To the extent paragraph 59 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 59 of the TAC, and specifically denies that it has committed any acts of infringement.

60.   To the extent paragraph 60 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 60 of the TAC, and specifically denies that it has committed any acts of infringement.

61.   To the extent paragraph 61 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 61 of the TAC, and specifically denies that it has committed any acts of infringement.

62.   To the extent paragraph 62 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP

**Exhibit 27
-482-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 212 of 365   Page ID
#:31178
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 14 of 85   Page ID
#:26402

allegations and characterizations in paragraph 62 of the TAC, and specifically denies that it has committed any acts of infringement.

63.   To the extent paragraph 63 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 63 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

64.   To the extent paragraph 64 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 64, and specifically denies that it has committed or is committing any acts of infringement.

65.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

66.   To the extent paragraph 66 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 66 of the TAC, and specifically denies that it has committed any acts of infringement.

67.   To the extent paragraph 67 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 67 of the TAC, and specifically denies that it has committed any acts of infringement.

68.   To the extent paragraph 68 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 68 of the TAC, and specifically denies that it has committed any acts of infringement.

69.   To the extent paragraph 69 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S.

Gibson, Dunn & Crutcher LLP

**Exhibit 27
-483-**

1   Patent Application Publication 2019/0072912 contains the image shown in paragraph
2   69 of the TAC.   Apple denies the remaining allegations and characterizations in
3   paragraph 69 of the TAC, and specifically denies that it has committed any acts of
4   infringement.

5        70.   To the extent paragraph 70 of the TAC implicates legal conclusions, no
6   response is required.  To the extent that a response is required, Apple denies that the web
7   page https://support.apple.com/en-us/HT204666, which is cited in paragraph 70 of the
8   TAC, currently contains the image shown in paragraph 70 of the TAC.  Apple denies
9   the remaining allegations and characterizations in paragraph 70 of the TAC, and
10  specifically denies that it has committed any acts of infringement.

11       71.   To the extent paragraph 71 of the TAC implicates legal conclusions, no
12  response is required.  To the extent that a response is required, Apple admits that U.S.
13  Patent Application Publication 2019/0072912 contains the image shown in paragraph
14  71 of the TAC.   Apple denies the remaining allegations and characterizations in
15  paragraph 71 of the TAC, and specifically denies that it has committed any acts of
16  infringement.

17       72.   To the extent paragraph 72 of the TAC implicates legal conclusions, no
18  response is required.  To the extent that a response is required, Apple admits that the
19  first page of U.S. Patent No. 10,292,628 lists Marcelo Lamego as an inventor.  Apple
20  lacks knowledge or information sufficient to form a belief as to the truth of the remaining
21  allegations and characterizations in paragraph 72 of the TAC, and therefore Apple denies
22  them.

23       73.   To the extent paragraph 73 of the TAC implicates legal conclusions, no
24  response is required.  To the extent that a response is required, Apple denies the
25  allegations and characterizations in paragraph 73 of the TAC, and specifically denies
26  that it has committed any acts of infringement.

27       74.   To the extent paragraph 74 of the TAC implicates legal conclusions, no
28  response is required.   To the extent that a response is required, Apple denies the

Exhibit 27
-484-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 214 of 365   Page ID
#:31180
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 16 of 85   Page ID
#:26404

1  allegations and characterizations in paragraph 74 of the TAC, and specifically denies
2  that it has committed any acts of infringement.

3      75.    To the extent paragraph 75 of the TAC implicates legal conclusions, no
4  response is required.   To the extent that a response is required, Apple denies the
5  allegations and characterizations in paragraph 75 of the TAC, and specifically denies
6  that it has committed any acts of infringement.

7      76.    To the extent paragraph 76 of the TAC implicates legal conclusions, no
8  response is required.   To the extent that a response is required, Apple denies the
9  allegations and characterizations in paragraph 76 of the TAC, and specifically denies
10  that it has committed any acts of infringement.

11      77.    To the extent paragraph 77 of the TAC implicates legal conclusions, no
12  response is required.   To the extent that a response is required, Apple denies the
13  allegations and characterizations in paragraph 77 of the TAC, and specifically denies
14  that Masimo has suffered or will suffer irreparable harm and injury, including monetary
15  damages.

16      78.    To the extent paragraph 78 of the TAC implicates legal conclusions, no
17  response is required.   To the extent that a response is required, Apple denies the
18  allegations and characterizations in paragraph 78, and specifically denies that it has
19  committed or is committing any acts of infringement.

20      79.    Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
21  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
22  TAC.

23      80.    To the extent paragraph 80 of the TAC implicates legal conclusions, no
24  response is required.   To the extent that a response is required, Apple denies the
25  allegations and characterizations in paragraph 80 of the TAC, and specifically denies
26  that it has committed any acts of infringement.

27      81.    To the extent paragraph 81 of the TAC implicates legal conclusions, no
28  response is required.   To the extent that a response is required, Apple denies the

Exhibit 27
-485-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 215 of 365   Page ID
#:31181
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 17 of 85   Page ID
#:26405

1  allegations and characterizations in paragraph 81 of the TAC, and specifically denies
2  that it has committed any acts of infringement.

3      82.    To the extent paragraph 82 of the TAC implicates legal conclusions, no
4  response is required.  To the extent that a response is required, Apple denies that the web
5  page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph
6  82 of the TAC, currently contains the image shown in paragraph 82 of the TAC.  Apple
7  denies the remaining allegations and characterizations in paragraph 82 of the TAC, and
8  specifically denies that it has committed any acts of infringement.

9      83.    To the extent paragraph 83 of the TAC implicates legal conclusions, no
10  response is required.  To the extent that a response is required, Apple denies that the web
11  page https://support.apple.com/en-us/HT204666, which is cited in paragraph 83 of the
12  TAC, currently contains the image shown in paragraph 83 of the TAC.  Apple denies
13  the remaining allegations and characterizations in paragraph 83 of the TAC, and
14  specifically denies that it has committed any acts of infringement.

15      84.    To the extent paragraph 84 of the TAC implicates legal conclusions, no
16  response is required.   To the extent that a response is required, Apple denies the
17  allegations and characterizations in paragraph 84 of the TAC, and specifically denies
18  that it has committed any acts of infringement.

19      85.    To the extent paragraph 85 of the TAC implicates legal conclusions, no
20  response is required.  To the extent that a response is required, Apple admits that U.S.
21  Patent Application Publication 2019/0072912 contains the image shown in paragraph
22  85 of the TAC.  Apple denies the remaining allegations and characterizations in
23  paragraph 85 of the TAC, and specifically denies that it has committed any acts of
24  infringement.

25      86.    To the extent paragraph 86 of the TAC implicates legal conclusions, no
26  response is required.  To the extent that a response is required, Apple admits that the
27  first page of U.S. Patent No. 10,588,553 lists Marcelo Lamego as an inventor.  Apple
28  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27
-486-**

Case 8:20-cv-00048-JVS-JDE    Document 352-3    Filed 04/22/21    Page 216 of 365    Page ID
#:31182
Case 8:20-cv-00048-JVS-JDE    Document 306    Filed 02/24/21    Page 18 of 85    Page ID
#:26406

1    allegations and characterizations in paragraph 86 of the TAC, and therefore Apple denies
2    them.

3        87.    To the extent paragraph 87 of the TAC implicates legal conclusions, no
4    response is required.   To the extent that a response is required, Apple denies the
5    allegations and characterizations in paragraph 87 of the TAC, and specifically denies
6    that it has committed any acts of infringement.

7        88.    To the extent paragraph 88 of the TAC implicates legal conclusions, no
8    response is required.   To the extent that a response is required, Apple denies the
9    allegations and characterizations in paragraph 88 of the TAC, and specifically denies
10   that it has committed any acts of infringement.

11       89.    To the extent paragraph 89 of the TAC implicates legal conclusions, no
12   response is required.   To the extent that a response is required, Apple denies the
13   allegations and characterizations in paragraph 89 of the TAC, and specifically denies
14   that it has committed any acts of infringement.

15       90.    To the extent paragraph 90 of the TAC implicates legal conclusions, no
16   response is required.   To the extent that a response is required, Apple denies the
17   allegations and characterizations in paragraph 90 of the TAC, and specifically denies
18   that it has committed any acts of infringement.

19       91.    To the extent paragraph 91 of the TAC implicates legal conclusions, no
20   response is required.   To the extent that a response is required, Apple denies the
21   allegations and characterizations in paragraph 91 of the TAC, and specifically denies
22   that Masimo has suffered or will suffer irreparable harm and injury, including monetary
23   damages.

24       92.    To the extent paragraph 92 of the TAC implicates legal conclusions, no
25   response is required.   To the extent that a response is required, Apple denies the
26   allegations and characterizations in paragraph 92, and specifically denies that it has
27   committed or is committing any acts of infringement.

28

Gibson, Dunn &
Crutcher LLP

17

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27
-487-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 217 of 365   Page ID
#:31183
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 19 of 85   Page ID
#:26407

93.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

94.     To the extent paragraph 94 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 94, and specifically denies that it commits any acts of infringement.

95.     To the extent paragraph 95 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 95, and specifically denies that it commits any acts of infringement.

96.     To the extent paragraph 96 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 96 of the TAC, currently contains the image shown in paragraph 96 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 96 of the TAC, and specifically denies that it has committed any acts of infringement.

97.     To the extent paragraph 97 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 97 of the TAC, currently contains the image shown in paragraph 97 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 97 of the TAC, and specifically denies that it has committed any acts of infringement.

98.     To the extent paragraph 98 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 98 of the TAC, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn &
Crutcher LLP

**Exhibit 27
-488-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 218 of 365   Page ID
#:31184
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 20 of 85   Page ID
#:26408

99.   To the extent paragraph 99 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 99 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 99 of the TAC, and specifically denies that it has committed any acts of infringement.

100.   To the extent paragraph 100 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 100 of the TAC, currently contains the image shown in paragraph 100 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 100 of the TAC, and specifically denies that it has committed any acts of infringement.

101.   To the extent paragraph 101 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,588,554 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 101 of the TAC, and therefore Apple denies them.

102.   To the extent paragraph 102 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 102, and specifically denies that it has committed any acts of infringement.

103.   To the extent paragraph 103 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 103, and specifically denies that it has committed any acts of infringement.

104.   To the extent paragraph 104 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

Gibson, Dunn &
Crutcher LLP

19

Exhibit 27
-489-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 219 of 365   Page ID
#:31185
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 21 of 85   Page ID
#:26409

1    allegations and characterizations in paragraph 104, and specifically denies that it has
2    committed any acts of infringement.

3         105.   To the extent paragraph 105 of the TAC implicates legal conclusions, no
4    response is required.   To the extent that a response is required, Apple denies the
5    allegations and characterizations in paragraph 105, and specifically denies that it has
6    committed any acts of infringement.

7         106.   To the extent paragraph 106 of the TAC implicates legal conclusions, no
8    response is required.   To the extent that a response is required, Apple denies the
9    allegations and characterizations in paragraph 106 of the TAC, and specifically denies
10   that Masimo has suffered or will suffer irreparable harm and injury, including monetary
11   damages.

12        107.   To the extent paragraph 107 of the TAC implicates legal conclusions, no
13   response is required.   To the extent that a response is required, Apple denies the
14   allegations and characterizations in paragraph 107, and specifically denies that it has
15   committed or is committing any acts of infringement.

16        108.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
17   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
18   TAC.

19        109.   To the extent paragraph 109 of the TAC implicates legal conclusions, no
20   response is required.   To the extent that a response is required, Apple denies the
21   allegations and characterizations in paragraph 109, and specifically denies that it
22   commits any acts of infringement.

23        110.   To the extent paragraph 110 of the TAC implicates legal conclusions, no
24   response is required.   To the extent that a response is required, Apple denies the
25   allegations and characterizations in paragraph 110, and specifically denies that it
26   commits any acts of infringement.

27        111.   To the extent paragraph 111 of the TAC implicates legal conclusions, no
28   response is required.  To the extent that a response is required, Apple denies that the web

Gibson, Dunn &
Crutcher LLP

20

**Exhibit 27
-490-**

page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 111 of the TAC, currently contains the image shown in paragraph 111 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 111 of the TAC, and specifically denies that it has committed any acts of infringement.

112.   To the extent paragraph 112 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 112 of the TAC, currently contains the image shown in paragraph 112 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 112 of the TAC, and specifically denies that it has committed any acts of infringement.

113.   To the extent paragraph 113 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 113 of the TAC, and specifically denies that it has committed any acts of infringement.

114.   To the extent paragraph 114 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 114 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 114 of the TAC, and specifically denies that it has committed any acts of infringement.

115.   To the extent paragraph 115 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page  https://support.apple.com/en-us/HT204666,  which  is  cited  in  paragraph  115, currently contains the image shown in paragraph 115 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 115 of the TAC, and specifically denies that it has committed any acts of infringement.

116.   To the extent paragraph 116 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the

Gibson, Dunn & Crutcher LLP

Exhibit 27
-491-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 221 of 365   Page ID
#:31187
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 23 of 85   Page ID
#:26411

1  web   page   https://support.apple.com/guide/watch/change-languageorientation-apple-
2  watch-apd0bf18f46b/watchos, which is cited in paragraph 116 of the TAC, currently
3  describes configuring the orientation of the Apple Watch.  Apple denies the remaining
4  allegations and characterizations in paragraph 116 of the TAC, and specifically denies
5  that it has committed any acts of infringement.

6      117.   To the extent paragraph 117 of the TAC implicates legal conclusions, no
7  response is required.  To the extent that a response is required, Apple admits that the
8  first page of U.S. Patent No. 10,624,564 lists Marcelo Lamego as an inventor.  Apple
9  lacks knowledge or information sufficient to form a belief as to the truth of the remaining
10  allegations and characterizations in paragraph 117 of the TAC, and therefore Apple
11  denies them.

12      118.   To the extent paragraph 118 of the TAC implicates legal conclusions, no
13  response is required.  To the extent that a response is required, Apple denies the
14  allegations and characterizations in paragraph 118, and specifically denies that it has
15  committed any acts of infringement.

16      119.   To the extent paragraph 119 of the TAC implicates legal conclusions, no
17  response is required.  To the extent that a response is required, Apple denies the
18  allegations and characterizations in paragraph 119, and specifically denies that it has
19  committed any acts of infringement.

20      120.   To the extent paragraph 120 of the TAC implicates legal conclusions, no
21  response is required.  To the extent that a response is required, Apple denies the
22  allegations and characterizations in paragraph 120, and specifically denies that it has
23  committed any acts of infringement.

24      121.   To the extent paragraph 121 of the TAC implicates legal conclusions, no
25  response is required.  To the extent that a response is required, Apple denies the
26  allegations and characterizations in paragraph 121, and specifically denies that it has
27  committed any acts of infringement.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27
-492-**

122.   To the extent paragraph 122 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 122 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

123.   To the extent paragraph 123 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 123, and specifically denies that it has committed or is committing any acts of infringement.

124.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

125.   To the extent paragraph 125 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 125, and specifically denies that it has committed any acts of infringement.

126.   To the extent paragraph 126 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 126, and specifically denies that it has committed any acts of infringement.

127.   To the extent paragraph 127 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 127 of the TAC, currently contains the image shown in paragraph 127 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 127 of the TAC, and specifically denies that it has committed any acts of infringement.

128.   To the extent paragraph 128 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

Gibson, Dunn & Crutcher LLP

23

**Exhibit 27**
**-493-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 223 of 365   Page ID
#:31189
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 25 of 85   Page ID
#:26413

1   page https://support.apple.com/en-us/HT204666, which is cited in paragraph 128 of the

2   TAC, currently contains the image shown in paragraph 128 of the TAC.  Apple denies

3   the remaining allegations and characterizations in paragraph 128 of the TAC, and

4   specifically denies that it has committed any acts of infringement.

5        129.   To the extent paragraph 129 of the TAC implicates legal conclusions, no

6   response is required.   To the extent that a response is required, Apple denies the

7   allegations and characterizations in paragraph 129 of the TAC, and specifically denies

8   that it has committed any acts of infringement.

9        130.   To the extent paragraph 130 of the TAC implicates legal conclusions, no

10  response is required.  To the extent that a response is required, Apple admits that U.S.

11  Patent Application Publication 2019/0072912 contains the image shown in paragraph

12  130 of the TAC.   Apple denies the remaining allegations and characterizations in

13  paragraph 130 of the TAC, and specifically denies that it has committed any acts of

14  infringement.

15       131.   To the extent paragraph 131 of the TAC implicates legal conclusions, no

16  response is required.  To the extent that a response is required, Apple denies that the web

17  page https://support.apple.com/en-us/HT204666, which is cited in paragraph 131 of the

18  TAC, currently contains the image shown in paragraph 131 of the TAC.  Apple denies

19  the remaining allegations and characterizations in paragraph 131 of the TAC, and

20  specifically denies that it has committed any acts of infringement.

21       132.   To the extent paragraph 132 of the TAC implicates legal conclusions, no

22  response is required.  To the extent that a response is required, Apple admits that the

23  first page of U.S. Patent No. 10,631,765 lists Marcelo Lamego as an inventor.  Apple

24  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

25  allegations and characterizations in paragraph 132 of the TAC, and therefore Apple

26  denies them.

27       133.   To the extent paragraph 133 of the TAC implicates legal conclusions, no

28  response is required.   To the extent that a response is required, Apple denies the

Gibson, Dunn &
Crutcher LLP

24

Exhibit 27
-494-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 224 of 365   Page ID
#:31190
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 26 of 85   Page ID
#:26414

1    allegations and characterizations in paragraph 133, and specifically denies that it has
2    committed any acts of infringement.

3        134.   To the extent paragraph 134 of the TAC implicates legal conclusions, no
4    response is required.   To the extent that a response is required, Apple denies the
5    allegations and characterizations in paragraph 134, and specifically denies that it has
6    committed any acts of infringement.

7        135.   To the extent paragraph 135 of the TAC implicates legal conclusions, no
8    response is required.   To the extent that a response is required, Apple denies the
9    allegations and characterizations in paragraph 135, and specifically denies that it has
10   committed any acts of infringement.

11       136.   To the extent paragraph 136 of the TAC implicates legal conclusions, no
12   response is required.   To the extent that a response is required, Apple denies the
13   allegations and characterizations in paragraph 136, and specifically denies that it has
14   committed any acts of infringement.

15       137.   To the extent paragraph 137 of the TAC implicates legal conclusions, no
16   response is required.   To the extent that a response is required, Apple denies the
17   allegations and characterizations in paragraph 137 of the TAC, and specifically denies
18   that Masimo has suffered or will suffer irreparable harm and injury, including monetary
19   damages.

20       138.   To the extent paragraph 138 of the TAC implicates legal conclusions, no
21   response is required.   To the extent that a response is required, Apple denies the
22   allegations and characterizations in paragraph 138, and specifically denies that it has
23   committed or is committing any acts of infringement.

24       139.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
25   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
26   TAC.

27       140.   To the extent paragraph 140 of the TAC implicates legal conclusions, no
28   response is required.   To the extent that a response is required, Apple denies the

Gibson, Dunn &
Crutcher LLP

25

Exhibit 27
-495-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 225 of 365   Page ID
#:31191
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 27 of 85   Page ID
#:26415

1   allegations and characterizations in paragraph 140, and specifically denies that it has
2   committed any acts of infringement.

3          141.   To the extent paragraph 141 of the TAC implicates legal conclusions, no
4   response is required.   To the extent that a response is required, Apple denies the
5   allegations and characterizations in paragraph 141, and specifically denies that it has
6   committed any acts of infringement.

7          142.   To the extent paragraph 142 of the TAC implicates legal conclusions, no
8   response is required.  To the extent that a response is required, Apple denies that the web
9   page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph
10  142 of the TAC, currently contains the image shown in paragraph 142 of the TAC.
11  Apple denies the remaining allegations and characterizations in paragraph 142 of the
12  TAC, and specifically denies that it has committed any acts of infringement.

13         143.   To the extent paragraph 143 of the TAC implicates legal conclusions, no
14  response is required.  To the extent that a response is required, Apple denies that the web
15  page https://support.apple.com/en-us/HT204666, which is cited in paragraph 143 of the
16  TAC, currently contains the image shown in paragraph 143 of the TAC.  Apple denies
17  the remaining allegations and characterizations in paragraph 143 of the TAC, and
18  specifically denies that it has committed any acts of infringement.

19         144.   To the extent paragraph 144 of the TAC implicates legal conclusions, no
20  response is required.   To the extent that a response is required, Apple denies the
21  allegations and characterizations in paragraph 144, and specifically denies that it
22  commits any acts of infringement.

23         145.   To the extent paragraph 145 of the TAC implicates legal conclusions, no
24  response is required.  To the extent that a response is required, Apple admits that U.S.
25  Patent Application Publication 2019/0072912 contains the image shown in paragraph
26  145 of the TAC.   Apple denies the remaining allegations and characterizations in
27  paragraph 145 of the TAC, and specifically denies that it has committed any acts of
28  infringement.

Gibson, Dunn &
Crutcher LLP

26

Exhibit 27
-496-

146.   To the extent paragraph 146 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 146 of the TAC, currently contains the image shown in paragraph 146 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 146 of the TAC, and specifically denies that it has committed any acts of infringement.

147.   To the extent paragraph 147 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,702,194 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 147 of the TAC, and therefore Apple denies them.

148.   To the extent paragraph 148 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 148, and specifically denies that it has committed any acts of infringement.

149.   To the extent paragraph 149 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 149, and specifically denies that it has committed any acts of infringement.

150.   To the extent paragraph 150 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 150, and specifically denies that it has committed any acts of infringement.

151.   To the extent paragraph 151 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 151, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27
-497-**

152.   To the extent paragraph 152 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 152 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

153.   To the extent paragraph 153 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 153, and specifically denies that it has committed or is committing any acts of infringement.

154.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

155.   To the extent paragraph 155 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 155, and specifically denies that it has committed any acts of infringement.

156.   To the extent paragraph 156 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 156, and specifically denies that it has committed any acts of infringement.

157.   To the extent paragraph 157 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 157 of the TAC, currently contains the image shown in paragraph 157 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 157 of the TAC, and specifically denies that it has committed any acts of infringement.

158.   To the extent paragraph 158 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies that the web

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27
-498-**

1  page https://support.apple.com/en-us/HT204666, which is cited in paragraph 158 of the
2  TAC, currently contains the image shown in paragraph 158 of the TAC.  Apple denies
3  the remaining allegations and characterizations in paragraph 158 of the TAC, and
4  specifically denies that it has committed any acts of infringement.

5        159.   To the extent paragraph 159 of the TAC implicates legal conclusions, no
6  response is required.  To the extent that a response is required, Apple admits that U.S.
7  Patent Application Publication 2019/0072912 contains the image shown in paragraph
8  159 of the TAC.  Apple denies the remaining allegations and characterizations in
9  paragraph 159 of the TAC, and specifically denies that it has committed any acts of
10 infringement.

11       160.   To the extent paragraph 160 of the TAC implicates legal conclusions, no
12 response is required.  To the extent that a response is required, Apple admits that the
13 first page of U.S. Patent No. 10,702,195 lists Marcelo Lamego as an inventor.  Apple
14 lacks knowledge or information sufficient to form a belief as to the truth of the remaining
15 allegations and characterizations in paragraph 160 of the TAC, and therefore Apple
16 denies them.

17       161.   To the extent paragraph 161 of the TAC implicates legal conclusions, no
18 response is required.  To the extent that a response is required, Apple denies the
19 allegations and characterizations in paragraph 161, and specifically denies that it has
20 committed any acts of infringement.

21       162.   To the extent paragraph 162 of the TAC implicates legal conclusions, no
22 response is required.  To the extent that a response is required, Apple denies the
23 allegations and characterizations in paragraph 162, and specifically denies that it has
24 committed any acts of infringement.

25       163.   To the extent paragraph 163 of the TAC implicates legal conclusions, no
26 response is required.  To the extent that a response is required, Apple denies the
27 allegations and characterizations in paragraph 163, and specifically denies that it has
28 committed any acts of infringement.

Exhibit 27
-499-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 229 of 365   Page ID
#:31195
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 31 of 85   Page ID
#:26419

164.   To the extent paragraph 164 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 164, and specifically denies that it has committed any acts of infringement.

165.   To the extent paragraph 165 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 165 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

166.   To the extent paragraph 166 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 166, and specifically denies that it has committed or is committing any acts of infringement.

167.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

168.   To the extent paragraph 168 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 168, and specifically denies that it has committed any acts of infringement.

169.   To the extent paragraph 169 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 169, and specifically denies that it has committed any acts of infringement.

170.   To the extent paragraph 170 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 170 of the TAC, currently contains the image shown in paragraph 170 of the TAC.

Gibson, Dunn &
Crutcher LLP

30

**Exhibit 27**
**-500-**

Apple denies the remaining allegations and characterizations in paragraph 170 of the TAC, and specifically denies that it has committed any acts of infringement.

171.   To the extent paragraph 171 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 171 of the TAC, currently contains the image shown in paragraph 171 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 171 of the TAC, and specifically denies that it has committed any acts of infringement.

172.   To the extent paragraph 172 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 172 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 172 of the TAC, and specifically denies that it has committed any acts of infringement.

173.   To the extent paragraph 173 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,709,366 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 173 of the TAC, and therefore Apple denies them.

174.   To the extent paragraph 174 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 174, and specifically denies that it has committed any acts of infringement.

175.   To the extent paragraph 175 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 175, and specifically denies that it has committed any acts of infringement.

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

**Exhibit 27**
**-501-**

176.   To the extent paragraph 176 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 176, and specifically denies that it has committed any acts of infringement.

177.   To the extent paragraph 177 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 177, and specifically denies that it has committed any acts of infringement.

178.   To the extent paragraph 178 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 178 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

179.   To the extent paragraph 179 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 179, and specifically denies that it has committed or is committing any acts of infringement.

180.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

181.   To the extent paragraph 181 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 181, and specifically denies that it has committed any acts of infringement.

182.   To the extent paragraph 182 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 182, and specifically denies that it has committed any acts of infringement.

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

**Exhibit 27**
**-502-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 232 of 365   Page ID
#:31198
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 34 of 85   Page ID
#:26422

183.   To the extent paragraph 183 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 183 of the TAC, currently contains the image shown in paragraph 183 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 183 of the TAC, and specifically denies that it has committed any acts of infringement.

184.   To the extent paragraph 184 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 194 of the TAC, currently contains the image shown in paragraph 184 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 184 of the TAC, and specifically denies that it has committed any acts of infringement.

185.   To the extent paragraph 185 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 185 of the TAC, and specifically denies that it has committed any acts of infringement.

186.   To the extent paragraph 186 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0090806 contains the image shown in paragraph 186 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 186 of the TAC, and specifically denies that it has committed any acts of infringement.

187.   To the extent paragraph 187 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 6,771,994 lists an issue date of August 3, 2004.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 144 of the TAC, and therefore Apple denies them.

Gibson, Dunn &
Crutcher LLP

33

Exhibit 27
-503-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 233 of 365   Page ID
#:31199
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 35 of 85   Page ID
#:26423

188.   To the extent paragraph 188 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 188, and specifically denies that it has committed any acts of infringement.

189.   To the extent paragraph 189 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 189, and specifically denies that it has committed any acts of infringement.

190.   To the extent paragraph 190 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 190, and specifically denies that it has committed any acts of infringement.

191.   To the extent paragraph 191 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 191, and specifically denies that it has committed any acts of infringement.

192.   To the extent paragraph 192 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 192 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

193.   To the extent paragraph 193 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 193, and specifically denies that it has committed or is committing any acts of infringement.

194.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

Gibson, Dunn &
Crutcher LLP

34
DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 27
-504-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 234 of 365   Page ID
#:31200
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 36 of 85   Page ID
#:26424

195.   To the extent paragraph 195 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 195, and specifically denies that it has committed any acts of infringement.

196.   To the extent paragraph 196 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 196, and specifically denies that it has committed any acts of infringement.

197.   To the extent paragraph 197 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 197 of the TAC, currently contains the image shown in paragraph 197 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 197 of the TAC, and specifically denies that it has committed any acts of infringement.

198.   To the extent paragraph 198 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 198 of the TAC, currently contains the image shown in paragraph 198 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 198 of the TAC, and specifically denies that it has committed any acts of infringement.

199.   To the extent paragraph 199 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 199 of the TAC, and specifically denies that it has committed any acts of infringement.

200.   To the extent paragraph 200 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

The optical heart sensor in Apple Watch uses what is known as

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP

**Exhibit 27**
**-505-**

1  photoplethysmography. This technology, while difficult to pronounce, is

2  based on a very simple fact: Blood is red because it reflects red light and

3  absorbs green light.   Apple Watch uses green LED lights paired with

4  light-sensitive photodiodes to detect the amount of blood flowing through

5  your wrist at any given moment.

6  When your heart beats, the blood flow in your wrist — and the green light

7  absorption — is greater. Between beats, it's less. By flashing its LED lights

8  hundreds of times per second, Apple Watch can calculate the number of

9  times the heart beats each minute — your heart rate. The optical heart

10  sensor supports a range of 30–210 beats per minute. In addition, the optical

11  heart sensor is designed to compensate for low signal levels by increasing

12  both LED brightness and sampling rate.

13  Apple denies the remaining allegations and characterizations in paragraph 200 of the

14  TAC, and specifically denies that it has committed any acts of infringement.

15      201.   To the extent paragraph 201 of the TAC implicates legal conclusions, no

16  response is required.   To the extent that a response is required, Apple denies the

17  allegations and characterizations in paragraph 201, and specifically denies that it has

18  committed any acts of infringement.

19      202.   To the extent paragraph 202 of the TAC implicates legal conclusions, no

20  response is required.   To the extent that a response is required, Apple admits that the

21  first page of U.S. Patent No. 8,457,703 lists an issue date of June 4, 2013.  Apple lacks

22  knowledge or information sufficient to form a belief as to the truth of the remaining

23  allegations and characterizations in paragraph 202 of the TAC, and therefore Apple

24  denies them.

25      203.   To the extent paragraph 203 of the TAC implicates legal conclusions, no

26  response is required.   To the extent that a response is required, Apple denies the

27  allegations and characterizations in paragraph 203, and specifically denies that it has

28  committed any acts of infringement.

Gibson, Dunn &
Crutcher LLP

36

**Exhibit 27
-506-**

1    204.   To the extent paragraph 204 of the TAC implicates legal conclusions, no

2    response is required.   To the extent that a response is required, Apple denies the

3    allegations and characterizations in paragraph 204, and specifically denies that it has

4    committed any acts of infringement.

5    205.   To the extent paragraph 205 of the TAC implicates legal conclusions, no

6    response is required.   To the extent that a response is required, Apple denies the

7    allegations and characterizations in paragraph 205, and specifically denies that it has

8    committed any acts of infringement.

9    206.   To the extent paragraph 206 of the TAC implicates legal conclusions, no

10   response is required.   To the extent that a response is required, Apple denies the

11   allegations and characterizations in paragraph 206, and specifically denies that it has

12   committed any acts of infringement.

13   207.   To the extent paragraph 207 of the TAC implicates legal conclusions, no

14   response is required.   To the extent that a response is required, Apple denies the

15   allegations and characterizations in paragraph 207 of the TAC, and specifically denies

16   that Masimo has suffered or will suffer irreparable harm and injury, including monetary

17   damages.

18   208.   To the extent paragraph 208 of the TAC implicates legal conclusions, no

19   response is required.   To the extent that a response is required, Apple denies the

20   allegations and characterizations in paragraph 208, and specifically denies that it has

21   committed or is committing any acts of infringement.

22   209.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

23   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

24   TAC.

25   210.   To the extent paragraph 210 of the TAC implicates legal conclusions, no

26   response is required.   To the extent that a response is required, Apple denies the

27   allegations and characterizations in paragraph 210, and specifically denies that it has

28   committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

37

Exhibit 27
-507-

211.   To the extent paragraph 211 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 211, and specifically denies that it has committed any acts of infringement.

212.   To the extent paragraph 212 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 197 of the TAC, currently contains the image shown in paragraph 212 of the TAC. Apple denies the remaining allegations and characterizations in paragraph 212 of the TAC, and specifically denies that it has committed any acts of infringement.

213.   To the extent paragraph 213 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 198 of the TAC, currently contains the image shown in paragraph 213 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 213 of the TAC, and specifically denies that it has committed any acts of infringement.

214.   To the extent paragraph 214 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment.

When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27**
**-508-**

1    sensor is designed to compensate for low signal levels by increasing both

2    LED brightness and sampling rate.

3  Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states

4  as follows:

5       The optical heart sensor can also use infrared light. This mode is what

6       Apple Watch uses when it measures your heart rate in the background, and

7       for heart rate notifications. Apple Watch uses green LED lights to measure

8       your heart rate during workouts and Breathe sessions, and to calculate

9       walking average and Heart Rate Variability (HRV).

10  Apple denies the remaining allegations and characterizations in paragraph 214 of the

11  TAC.

12     215.   To the extent paragraph 215 of the TAC implicates legal conclusions, no

13  response is required.   To the extent that a response is required, Apple denies the

14  allegations and characterizations in paragraph 215, and specifically denies that it has

15  committed any acts of infringement.

16     216.   To the extent paragraph 216 of the TAC implicates legal conclusions, no

17  response is required.   To the extent that a response is required, Apple denies that U.S.

18  Patent No. 10,433,776 lists an issue date of June 4, 2013.   Apple lacks knowledge or

19  information sufficient to form a belief as to the truth of the remaining allegations and

20  characterizations in paragraph 216 of the TAC, and therefore Apple denies them.

21     217.   To the extent paragraph 217 of the TAC implicates legal conclusions, no

22  response is required.   To the extent that a response is required, Apple denies the

23  allegations and characterizations in paragraph 217, and specifically denies that it has

24  committed any acts of infringement.

25     218.   To the extent paragraph 218 of the TAC implicates legal conclusions, no

26  response is required.   To the extent that a response is required, Apple denies the

27  allegations and characterizations in paragraph 218, and specifically denies that it has

28  committed any acts of infringement.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27**
**-509-**

Case 8:20-cv-00048-JVS-JDE    Document 352-3    Filed 04/22/21    Page 239 of 365    Page ID
#:31205
Case 8:20-cv-00048-JVS-JDE    Document 306    Filed 02/24/21    Page 41 of 85    Page ID
#:26429

219.    To the extent paragraph 219 of the TAC implicates legal conclusions, no response is required.    To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 219, and specifically denies that it has committed any acts of infringement.

220.    To the extent paragraph 220 of the TAC implicates legal conclusions, no response is required.    To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 220, and specifically denies that it has committed any acts of infringement.

221.    To the extent paragraph 221 of the TAC implicates legal conclusions, no response is required.    To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 221 of the TAC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

222.    To the extent paragraph 222 of the TAC implicates legal conclusions, no response is required.    To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 222, and specifically denies that it has committed or is committing any acts of infringement.

223.    Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

224.    To the extent paragraph 224 of the TAC implicates legal conclusions, no response is required.    To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 224 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

225.    To the extent paragraph 225 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 225 of the TAC, and therefore Apple denies them.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27
-510-**

226.   To the extent paragraph 226 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 226 of the TAC, and therefore Apple denies them.

227.   To the extent paragraph 227 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 227 of the TAC, and therefore Apple denies them.

228.   To the extent paragraph 228 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 228 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

229.   To the extent paragraph 229 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014, containing the language quoted in paragraph 229 of the TAC.  Apple denies the remaining allegations and characterizations in paragraph 229 of the TAC.

230.   Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

231.   To the extent paragraph 231 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 231 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

232.   To the extent paragraph 232 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 232 of the TAC is "not generally

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 241 of 365   Page ID
#:31207
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 43 of 85   Page ID
#:26431

1  known." Apple lacks knowledge or information sufficient to form a belief as to the truth

2  of the remaining allegations and characterizations in paragraph 232 of the TAC, and

3  therefore Apple denies them.

4      233.   To the extent paragraph 233 of the TAC implicates legal conclusions, no

5  response is required.  To the extent that a response is required, Apple admits that

6  Provisional Patent Application No. 62/047,818 was filed on September 9, 2014.  Apple

7  admits that U.S. Patent Application No. 14/621,268 is titled "Modulation and

8  Demodulation Techniques for a Health Monitoring System" and was issued on March

9  5, 2019 as U.S. Patent No. 10,219,754.  Apple denies the remaining allegations and

10 characterizations in paragraph 233 of the TAC, and specifically denies that it has

11 committed any acts of trade secret misappropriation.

12     234.   To the extent paragraph 234 of the TAC implicates legal conclusions, no

13 response is required.  To the extent that a response is required, Apple denies that all of

14 the alleged trade secret information in paragraph 234 of the TAC is "not generally

15 known." Apple lacks knowledge or information sufficient to form a belief as to the truth

16 of the remaining allegations and characterizations in paragraph 234 of the TAC, and

17 therefore Apple denies them.

18     235.   To the extent paragraph 235 of the TAC implicates legal conclusions, no

19 response is required.  To the extent that a response is required, Apple denies the

20 allegations and characterizations in paragraph 235 of the TAC, and specifically denies

21 that it has committed any acts of trade secret misappropriation.

22     236.   To the extent paragraph 236 of the TAC implicates legal conclusions, no

23 response is required.  To the extent that a response is required, Apple admits that the

24 pictures, which are cited in paragraph 236 of the TAC, appear to be of the Apple Watch

25 Series 5.  Apple denies the remaining allegations and characterizations in paragraph 236

26 of the TAC.

27     237.   To the extent paragraph 237 of the TAC implicates legal conclusions, no

28 response is required.  To the extent that a response is required, Apple admits that the

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27**
**-512-**

1   pictures, which are cited in paragraph 237 of the TAC, appear to be of the Apple Watch

2   Series 6.  Apple denies the remaining allegations and characterizations in paragraph 237

3   of the TAC.

4        238.   To the extent paragraph 238 of the TAC implicates legal conclusions, no

5   response is required.  To the extent that a response is required, Apple denies that all of

6   the alleged trade secret information in paragraph 238 of the TAC is "not generally

7   known."  Apple lacks knowledge or information sufficient to form a belief as to the truth

8   of the remaining allegations and characterizations in paragraph 238 of the TAC, and

9   therefore Apple denies them.

10        239.   To the extent paragraph 239 of the TAC implicates legal conclusions, no

11   response is required.   To the extent that a response is required, Apple admits that

12   Provisional Patent Application No. 62/056,299 was filed on September 26, 2014.  Apple

13   admits that U.S. Application No. 14/617,422 is titled "Electronic Device That Computes

14   Health Data" and was issued on August 8, 2017 as U.S. Patent No. 9,723,997.  Apple

15   admits that U.S. Application No. 15/667,832 is titled "Electronic Device That Computes

16   Health Data" and was published December on 14, 2017.  Apple admits that U.S.

17   Application No. 15/667,832 issued on January 7, 2020 as U.S. Patent No. 10,524,671.

18   Apple denies the remaining allegations and characterizations in paragraph 239 of the

19   TAC, and specifically denies that it has committed any acts of trade secret

20   misappropriation.

21        240.   To the extent paragraph 240 of the TAC implicates legal conclusions, no

22   response is required.  To the extent that a response is required, Apple denies that all of

23   the alleged trade secret information in paragraph 240 of the TAC is "not generally

24   known."  Apple lacks knowledge or information sufficient to form a belief as to the truth

25   of the remaining allegations and characterizations in paragraph 240 of the TAC, and

26   therefore Apple denies them.

27        241.   To the extent paragraph 241 of the TAC implicates legal conclusions, no

28   response is required.  To the extent that a response is required, Apple admits that it

Gibson, Dunn &
Crutcher LLP

43

**Exhibit 27
-513-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 243 of 365   Page ID
#:31209
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 45 of 85   Page ID
#:26433

1   employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical

2   Technology.  Apple admits that the web page https://www.apple.com/healthcare/apple-

3   watch/ contains the language "Apple Watch.  Helping your patients identify early

4   warning signs."  Apple admits that the web page https://www.apple.com/watch/ contains

5   the language "The future of health is on your wrist."  Apple admits that the web page

6   https://www.apple.com/healthcare/  contains  the  remaining  language  quoted  in

7   paragraph 241 of the TAC.  Apple denies the remaining allegations and characterizations

8   in paragraph 241 of the TAC, and specifically denies that it has committed any acts of

9   trade secret misappropriation.

10      242.   To the extent paragraph 242 of the TAC implicates legal conclusions, no

11   response is required.  To the extent that a response is required, Apple denies that all of

12   the alleged trade secret information in paragraph 242 of the TAC is "not generally

13   known."  Apple lacks knowledge or information sufficient to form a belief as to the truth

14   of the remaining allegations and characterizations in paragraph 242 of the TAC, and

15   therefore Apple denies them.

16      243.   To the extent paragraph 243 of the TAC implicates legal conclusions, no

17   response is required.  To the extent that a response is required, Apple admits that it

18   employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical

19   Technology.  Apple admits that on September 15, 2020 it announced the launch of health

20   research studies with the University of California Irvine, the University of Toronto, and

21   the University of Washington to measure blood oxygen and other parameters with the

22   Apple Watch.  Apple denies the remaining allegations and characterizations in paragraph

23   246 of the TAC, and specifically denies that it has committed any acts of trade secret

24   misappropriation.

25      244.   Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and

26   in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of

27   Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of

28   the TAC is required.

Gibson, Dunn &
Crutcher LLP

44

**Exhibit 27
-514-**

Case 8:20-cv-00048-JVS-JDE    Document 352-3    Filed 04/22/21    Page 244 of 365    Page ID
#:31210
Case 8:20-cv-00048-JVS-JDE    Document 306    Filed 02/24/21    Page 46 of 85    Page ID
#:26434

245. To the extent paragraph 245 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 245 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

246. Pursuant to the Court's Order dated January 19, 2021 (Dkt. No. 275), and in light of the Court's ruling on Apple's Motion to Dismiss the Thirteenth Cause of Action for Trade Secret Misappropriation in the TAC, no response to this paragraph of the TAC is required.

247. To the extent paragraph 247 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that the Apple Watch Series 4 was announced on September 12, 2018. Apple admits that on September 15, 2020 it announced the launch of health research studies with the University of California Irvine, the University of Toronto, and the University of Washington to measure blood oxygen and other parameters with the Apple Watch. Apple denies the remaining allegations and characterizations in paragraph 247 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

248. To the extent paragraph 248 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014 containing the language quoted in paragraph 248 of the TAC. Apple admits that it requested non-publication of U.S. Patent Application Nos. 14/621,268, 14/617,422, and the 14/618,664. Apple denies the remaining allegations and characterizations in paragraph 248 of the TAC, and specifically denies that it has committed any acts of trade secret misappropriation.

249. To the extent paragraph 249 of the TAC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 249 of the TAC, and specifically denies

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27**
-515-

1   that Plaintiffs have suffered or will suffer irreparable harm and injury, including
2   monetary damages.

3      250.   To the extent paragraph 250 of the TAC implicates legal conclusions, no
4   response is required.  To the extent that a response is required, Apple denies the
5   allegations and characterizations in paragraph 250 of the TAC, and specifically denies
6   that it has committed or is committing any acts of trade secret misappropriation.

7      251.   To the extent paragraph 251 of the TAC implicates legal conclusions, no
8   response is required.  To the extent that a response is required, Apple denies the
9   allegations and characterizations in paragraph 251 of the TAC, and specifically denies
10  that it has committed or is committing any acts of trade secret misappropriation.

11     252.   To the extent paragraph 252 of the TAC implicates legal conclusions, no
12  response is required.  To the extent that a response is required, Apple denies the
13  allegations and characterizations in paragraph 252 of the TAC, and specifically denies
14  that it has committed or is committing any acts of trade secret misappropriation,
15  including that it purportedly has done so willfully or maliciously.

16     253.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
17  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
18  TAC.

19     254.   Apple admits that the first page of U.S. Patent No. 10,078,052 lists Marcelo
20  Lamego as an inventor and is presently recorded as owned by Apple.

21     255.   To the extent paragraph 255 of the TAC implicates legal conclusions, no
22  response is required.  To the extent that a response is required, Apple admits that the
23  first claim of U.S. Patent No. 10,078,052 reads as follows:

24        An electronic device comprising: a housing defining an aperture; an optical
25        sensing system comprising: a light emitter for emitting light through the
26        aperture, the light emitter positioned adjacent the aperture; and a light
27        detector for obtaining a first portion of the light after the first portion of the
28        light reflects from an object; and a reflector disposed about the aperture and

**Exhibit 27
-516-**

1    adapted to reflect a second portion of the light back into the object after the

2    second portion of the light reflects from the object.

3    Apple denies the remaining allegations and characterizations in paragraph 255 of the

4    TAC.

5        256.   To the extent paragraph 256 of the TAC implicates legal conclusions, no

6    response is required.  To the extent that a response is required, Apple lacks knowledge

7    or information sufficient to form a belief as to the truth of the allegations and

8    characterizations in paragraph 256 of the TAC, and therefore Apple denies them.

9        257.   To the extent paragraph 257 of the TAC implicates legal conclusions, no

10   response is required.  To the extent that a response is required, Apple lacks knowledge

11   or information sufficient to form a belief as to the truth of the allegations and

12   characterizations in paragraph 257 of the TAC, and therefore Apple denies them.

13       258.   To the extent paragraph 258 of the TAC implicates legal conclusions, no

14   response is required.  To the extent that a response is required, Apple admits that an

15   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

16   Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and

17   characterizations in paragraph 258 of the TAC.

18       259.   To the extent paragraph 259 of the TAC implicates legal conclusions, no

19   response is required.  To the extent that a response is required, Apple denies the

20   allegations and characterizations in paragraph 259 of the TAC.

21       260.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

22   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

23   TAC.

24       261.   Apple admits that the first page of U.S. Patent No. 10,247,670 lists Marcelo

25   Lamego as an inventor and is presently recorded as owned by Apple.

26       262.   To the extent paragraph 262 of the TAC implicates legal conclusions, no

27   response is required.  To the extent that a response is required, Apple admits that the

28   first claim of U.S. Patent No. 10,247,670 reads as follows:

Gibson, Dunn & Crutcher LLP

47

Exhibit 27
-517-

1   An electronic device comprising: a housing with a surface; a reflective layer

2   that is formed on the surface, wherein the reflective layer has first and

3   second openings; a light emitter that emits light through the first opening;

4   and a light detector that receives the light emitted by the light emitter

5   through the second opening.

6   Apple denies the remaining allegations and characterizations in paragraph 262 of the

7   TAC.

8   263.   To the extent paragraph 263 of the TAC implicates legal conclusions, no

9   response is required.  To the extent that a response is required, Apple lacks knowledge

10  or information sufficient to form a belief as to the truth of the allegations and

11  characterizations in paragraph 263 of the TAC, and therefore Apple denies them.

12  264.   To the extent paragraph 264 of the TAC implicates legal conclusions, no

13  response is required.  To the extent that a response is required, Apple lacks knowledge

14  or information sufficient to form a belief as to the truth of the allegations and

15  characterizations in paragraph 264 of the TAC, and therefore Apple denies them.

16  265.   To the extent paragraph 265 of the TAC implicates legal conclusions, no

17  response is required.  To the extent that a response is required, Apple admits that an

18  agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

19  Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and

20  characterizations in paragraph 265 of the TAC.

21  266.   To the extent paragraph 266 of the TAC implicates legal conclusions, no

22  response is required.   To the extent that a response is required, Apple denies the

23  allegations and characterizations in paragraph 266 of the TAC.

24  267.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

25  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

26  TAC.

27  268.   Apple admits that the first page of U.S. Patent No. 9,952,095 lists Marcelo

28  Lamego as an inventor and is presently recorded as owned by Apple.

Gibson, Dunn &
Crutcher LLP

48

Exhibit 27
-518-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 248 of 365   Page ID
#:31214
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 50 of 85   Page ID
#:26438

269.   To the extent paragraph 269 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 9,952,095 reads as follows:

> An electronic device comprising: a housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing.

Apple denies the remaining allegations and characterizations in paragraph 269 of the TAC.

270.   To the extent paragraph 270 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 270 of the TAC, and therefore Apple denies them.

271.   To the extent paragraph 271 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 271 of the TAC, and therefore Apple denies them.

272.   To the extent paragraph 272 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that an

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 27
-519-

1    agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's
2    Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and
3    characterizations in paragraph 272 of the TAC.

4        273.   To the extent paragraph 273 of the TAC implicates legal conclusions, no
5    response is required.   To the extent that a response is required, Apple denies the
6    allegations and characterizations in paragraph 273 of the TAC.

7        274.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
8    forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
9    TAC.

10       275.   To the extent paragraph 275 of the TAC implicates legal conclusions, no
11   response is required.  Apple admits that the first page of U.S. Patent No. 10,219,754 lists
12   Marcelo Lamego as an inventor and is presently recorded as owned by Apple.   Apple
13   denies the remaining allegations and characterizations in paragraph 275 of the TAC.

14       276.   To the extent paragraph 276 of the TAC implicates legal conclusions, no
15   response is required.   To the extent that a response is required, Apple admits that the
16   first claim of U.S. Patent No. 10,219,754 reads as follows:

17       A method for estimating physiological parameters when modulated light
18       from a first light source and a second light source is emitted toward a body
19       part of a user, the method comprising: determining a first multiplier value
20       by: turning on the first light source; generating a first initial signal in
21       response to capturing a first light sample corresponding to the first light
22       source; demodulating the first initial signal to produce first initial
23       demodulated signals; filtering and decimating the first initial demodulated
24       signals; and determining the first multiplier value based on the filtered and
25       decimated first initial demodulated signals; determining a second multiplier
26       value by: turning on the second light source; generating a second initial
27       signal in response to capturing a second light sample corresponding to the
28       second light source; demodulating the second initial signal to produce

Gibson, Dunn &
Crutcher LLP

50

**Exhibit 27**
**-520-**

second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

Apple denies the remaining allegations and characterizations in paragraph 276 of the TAC.

277.   To the extent paragraph 277 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 277 of the TAC, and therefore Apple denies them.

278.   To the extent paragraph 278 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge

Gibson, Dunn & Crutcher LLP

Exhibit 27
-521-

1   or information sufficient to form a belief as to the truth of the allegations and
2   characterizations in paragraph 278 of the TAC, and therefore Apple denies them.

3      279.   To the extent paragraph 279 of the TAC implicates legal conclusions, no
4   response is required.  To the extent that a response is required, Apple admits that an
5   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's
6   Motion to Dismiss (Dkt. No. 16-3).  Apple denies the remaining allegations and
7   characterizations in paragraph 279 of the TAC.

8      280.   To the extent paragraph 280 of the TAC implicates legal conclusions, no
9   response is required.  To the extent that a response is required, Apple denies the
10  allegations and characterizations in paragraph 280 of the TAC.

11     281.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
12  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
13  TAC.

14     282.   Apple admits that the first page of U.S. Patent No. 9,723,997 lists Marcelo
15  Lamego as an inventor and is presently recorded as owned by Apple.

16     283.   To the extent paragraph 283 of the TAC implicates legal conclusions, no
17  response is required.  To the extent that a response is required, Apple admits that the
18  twentieth claim of U.S. Patent No. 9,723,997 reads as follows:

19         A method for using a mobile personal computing device to obtain health
20         data, comprising: using a camera and a proximity sensor to emit light into
21         a body part of a user touching a surface of the mobile personal computing
22         device; using at least two of the camera, an ambient light sensor, or the
23         proximity sensor to receive at least part of the emitted light reflected by the
24         body part of the user and generate sensor data; and computing health data
25         of the user, utilizing the processing unit, using at least the sensor data
26         regarding the received light.

27  Apple denies the remaining allegations and characterizations in paragraph 283 of the
28  TAC.

Gibson, Dunn &
Crutcher LLP

52

**Exhibit 27**
**-522-**

284.   To the extent paragraph 284 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 284 of the TAC, and therefore Apple denies them.

285.   To the extent paragraph 285 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 285 of the TAC, and therefore Apple denies them.

286.   To the extent paragraph 286 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 286 of the TAC.

287.   To the extent paragraph 287 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 287 of the TAC.

288.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

289.   Apple admits that the first page of U.S. Patent No. 10,524,671 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

290.   To the extent paragraph 290 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,524,671 reads as follows:

> A wearable device, comprising: a first light source; a second light source,
> the second light source operating at a different wavelength than the first
> light source; at least one light receiver; and a processing unit communicably
> coupled to the first light source, the second light source, and the at least one

Exhibit 27
-523-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 253 of 365   Page ID
#:31219
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 55 of 85   Page ID
#:26443

1     light receiver; wherein the processing unit is configured to: use the first

2     light source and the second light source to emit light into a body part of a

3     user; and dependent on the light emitted by the first light source and

4     received by the at least one light receiver, compute a pulse rate of the user

5     using the light emitted by the second light source and received by the at

6     least one light receiver.

7  Apple denies the remaining allegations and characterizations in paragraph 290 of the

8  TAC.

9     291.   To the extent paragraph 291 of the TAC implicates legal conclusions, no

10  response is required.  To the extent that a response is required, Apple lacks knowledge

11  or information sufficient to form a belief as to the truth of the allegations and

12  characterizations in paragraph 291 of the TAC, and therefore Apple denies them.

13     292.   To the extent paragraph 292 of the TAC implicates legal conclusions, no

14  response is required.  To the extent that a response is required, Apple lacks knowledge

15  or information sufficient to form a belief as to the truth of the allegations and

16  characterizations in paragraph 292 of the TAC, and therefore Apple denies them.

17     293.   To the extent paragraph 293 of the TAC implicates legal conclusions, no

18  response is required.  To the extent that a response is required, Apple admits that an

19  agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

20  Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and

21  characterizations in paragraph 293 of the TAC.

22     294.   To the extent paragraph 294 of the TAC implicates legal conclusions, no

23  response is required.   To the extent that a response is required, Apple denies the

24  allegations and characterizations in paragraph 294 of the TAC.

25     295.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

26  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

27  TAC.

28

Gibson, Dunn &
Crutcher LLP

54

**Exhibit 27**
**-524-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 254 of 365   Page ID
#:31220
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 56 of 85   Page ID
#:26444

296.  Apple admits that U.S. Patent 10,078,052 is presently recorded as owned by Apple.

297.  To the extent paragraph 297 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,078,052 reads as follows:

> An electronic device comprising: a housing defining an aperture; an optical sensing system comprising: a light emitter for emitting light through the aperture, the light emitter positioned adjacent the aperture; and a light detector for obtaining a first portion of the light after the first portion of the light reflects from an object; and a reflector disposed about the aperture and adapted to reflect a second portion of the light back into the object after the second portion of the light reflects from the object.

Apple denies the remaining allegations and characterizations in paragraph 297 of the TAC.

298.  To the extent paragraph 298 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 298 of the TAC.

299.  To the extent paragraph 299 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 299 of the TAC, and therefore Apple denies them.

300.  To the extent paragraph 300 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 300 of the TAC, and therefore Apple denies them.

301.  To the extent paragraph 301 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

Gibson, Dunn &
Crutcher LLP

55
DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 27
-525-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 255 of 365   Page ID
#:31221
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 57 of 85   Page ID
#:26445

Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 301 of the TAC.

302.   To the extent paragraph 302 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 302 of the TAC.

303.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

304.   Apple admits that U.S. Patent 10,247,670 is presently recorded as owned by Apple.

305.   To the extent paragraph 305 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,247,670 reads as follows:

> An electronic device comprising: a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening.

Apple denies the remaining allegations and characterizations in paragraph 305 of the TAC.

306.   To the extent paragraph 306 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 306 of the TAC, and therefore Apple denies them.

307.   To the extent paragraph 307 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 307 of the TAC, and therefore Apple denies them.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27
-526-**

308.   To the extent paragraph 308 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 308 of the TAC, and therefore Apple denies them.

309.   To the extent paragraph 309 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 309 of the TAC.

310.   To the extent paragraph 310 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 310 of the TAC.

311.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

312.   Apple admits that U.S. Patent 9,952,095 is presently recorded as owned by Apple.

313.   To the extent paragraph 313 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 9,952,095 reads as follows:

> An electronic device comprising:  housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 27
-527-

1   pass filter having a cutoff frequency above that of a periodic biometric

2   property of the measurement site; an output amplifier coupled to an output

3   of the high pass filter and disposed within the Housing; and an analog to

4   digital converter coupled to an output of the output amplifier and disposed

5   within the housing.

6   Apple denies the remaining allegations and characterizations in paragraph 313 of the

7   TAC.

8       314.   To the extent paragraph 314 of the TAC implicates legal conclusions, no

9   response is required.  To the extent that a response is required, Apple lacks knowledge

10   or information sufficient to form a belief as to the truth of the allegations and

11   characterizations in paragraph 314 of the TAC, and therefore Apple denies them.

12       315.   To the extent paragraph 315 of the TAC implicates legal conclusions, no

13   response is required.  To the extent that a response is required, Apple lacks knowledge

14   or information sufficient to form a belief as to the truth of the allegations and

15   characterizations in paragraph 315 of the TAC, and therefore Apple denies them.

16       316.   To the extent paragraph 316 of the TAC implicates legal conclusions, no

17   response is required.  To the extent that a response is required, Apple lacks knowledge

18   or information sufficient to form a belief as to the truth of the allegations and

19   characterizations in paragraph 316 of the TAC, and therefore Apple denies them.

20       317.   To the extent paragraph 317 of the TAC implicates legal conclusions, no

21   response is required.  To the extent that a response is required, Apple admits that an

22   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

23   Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and

24   characterizations in paragraph 317 of the TAC.

25       318.   To the extent paragraph 318 of the TAC implicates legal conclusions, no

26   response is required.   To the extent that a response is required, Apple denies the

27   allegations and characterizations in paragraph 318 of the TAC.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27**
**-528-**

319.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

320.   Apple admits that U.S. Patent 10,219,754 is presently recorded as owned by Apple.

321.   To the extent paragraph 321 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,219,754 reads as follows:

A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising: determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

**Exhibit 27**
**-529-**

1    signal; and decimating each demodulated signal; performing a second

2    decimation stage after the first decimation stage by: low pass filtering each

3    demodulated signal; and decimating each demodulated signal;

4    demultiplexing each demodulated signal after the second decimation stage

5    to produce a first signal associated with the first light source and a second

6    signal associated with the second light source; multiplying the first signal

7    by the first multiplier value using a first multiplier circuit to obtain a first

8    conditioned signal; multiplying the second signal by the second multiplier

9    value using a second multiplier circuit to obtain a second conditioned

10   signal; and analyzing the first conditioned signal and the second

11   conditioned signal to estimate the physiological parameter of the user.

12   Apple denies the remaining allegations and characterizations in paragraph 321 of the

13   TAC.

14   322.  To the extent paragraph 322 of the TAC implicates legal conclusions, no

15   response is required.  To the extent that a response is required, Apple lacks knowledge

16   or information sufficient to form a belief as to the truth of the allegations and

17   characterizations in paragraph 322 of the TAC, and therefore Apple denies them.

18   323.  To the extent paragraph 323 of the TAC implicates legal conclusions, no

19   response is required.  To the extent that a response is required, Apple lacks knowledge

20   or information sufficient to form a belief as to the truth of the allegations and

21   characterizations in paragraph 323 of the TAC, and therefore Apple denies them.

22   324.  To the extent paragraph 324 of the TAC implicates legal conclusions, no

23   response is required.  To the extent that a response is required, Apple lacks knowledge

24   or information sufficient to form a belief as to the truth of the allegations and

25   characterizations in paragraph 324 of the TAC, and therefore Apple denies them.

26   325.  To the extent paragraph 325 of the TAC implicates legal conclusions, no

27   response is required.  To the extent that a response is required, Apple admits that an

28   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

Gibson, Dunn &
Crutcher LLP

60

Exhibit 27
-530-

Case 8:20-cv-00048-JVS-JDE    Document 352-3    Filed 04/22/21    Page 260 of 365    Page ID
#:31226
Case 8:20-cv-00048-JVS-JDE    Document 306    Filed 02/24/21    Page 62 of 85    Page ID
#:26450

Motion to Dismiss (Dkt. No. 16-3).   Apple denies the remaining allegations and characterizations in paragraph 325 of the TAC.

326.   To the extent paragraph 326 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 326 of the TAC.

327.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

328.   Apple admits that U.S. Patent 10,524,671 is presently recorded as owned by Apple.

329.   To the extent paragraph 329 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the twentieth claim of U.S. Patent No. 9,723,997 reads as follows:

A method for using a mobile personal computing device to obtain health
data, comprising: using a camera and a proximity sensor to emit light into
a body part of a user touching a surface of the mobile personal computing
device; using at least two of the camera, an ambient light sensor, or the
proximity sensor to receive at least part of the emitted light reflected by the
body part of the user and generate sensor data; and computing health data
of the user, utilizing the processing unit, using at least the sensor data
regarding the received light.

Apple denies the remaining allegations and characterizations in paragraph 329 of the TAC.

330.   To the extent paragraph 330 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 330 of the TAC, and therefore Apple denies them.

331.   To the extent paragraph 331 of the TAC implicates legal conclusions, no

Gibson, Dunn &
Crutcher LLP

61

**Exhibit 27**
**-531-**

1   response is required.  To the extent that a response is required, Apple lacks knowledge
2   or information sufficient to form a belief as to the truth of the allegations and
3   characterizations in paragraph 331 of the TAC, and therefore Apple denies them.

4        332.   To the extent paragraph 332 of the TAC implicates legal conclusions, no
5   response is required.  To the extent that a response is required, Apple lacks knowledge
6   or information sufficient to form a belief as to the truth of the allegations and
7   characterizations in paragraph 332 of the TAC, and therefore Apple denies them.

8        333.   To the extent paragraph 333 of the TAC implicates legal conclusions, no
9   response is required.  To the extent that a response is required, Apple lacks knowledge
10  or information sufficient to form a belief as to the truth of the allegations and
11  characterizations in paragraph 333 of the TAC, and therefore Apple denies them.

12       334.   To the extent paragraph 334 of the TAC implicates legal conclusions, no
13  response is required.  To the extent that a response is required, Apple denies the
14  allegations and characterizations in paragraph 334 of the TAC.

15       335.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set
16  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the
17  TAC.

18       336.   Apple admits that U.S. Patent 10,524,671 is presently recorded as owned
19  by Apple.

20       337.   To the extent paragraph 337 of the TAC implicates legal conclusions, no
21  response is required.  To the extent that a response is required, Apple admits that the
22  first claim of U.S. Patent No. 10,524,671 reads as follows:

23       A wearable device, comprising: a first light source; a second light source,
24       the second light source operating at a different wavelength than the first
25       light source; at least one light receiver; and a processing unit communicably
26       coupled to the first light source, the second light source, and the at least one
27       light receiver; wherein the processing unit is configured to: use the first
28       light source and the second light source to emit light into a body part of a

62

**Exhibit 27
-532-**

1    user; and dependent on the light emitted by the first light source and

2    received by the at least one light receiver, compute a pulse rate of the user

3    using the light emitted by the second light source and received by the at

4    least one light receiver.

5    Apple denies the remaining allegations and characterizations in paragraph 337 of the

6    TAC.

7        338.   To the extent paragraph 338 of the TAC implicates legal conclusions, no

8    response is required.  To the extent that a response is required, Apple lacks knowledge

9    or information sufficient to form a belief as to the truth of the allegations and

10   characterizations in paragraph 338 of the TAC, and therefore Apple denies them.

11       339.   To the extent paragraph 339 of the TAC implicates legal conclusions, no

12   response is required.  To the extent that a response is required, Apple lacks knowledge

13   or information sufficient to form a belief as to the truth of the allegations and

14   characterizations in paragraph 339 of the TAC, and therefore Apple denies them.

15       340.   To the extent paragraph 340 of the TAC implicates legal conclusions, no

16   response is required.  To the extent that a response is required, Apple lacks knowledge

17   or information sufficient to form a belief as to the truth of the allegations and

18   characterizations in paragraph 340 of the TAC, and therefore Apple denies them.

19       341.   To the extent paragraph 341 of the TAC implicates legal conclusions, no

20   response is required.  To the extent that a response is required, Apple admits that an

21   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

22   Motion to Dismiss (Dkt. No. 16-3).  Apple lacks knowledge or information sufficient to

23   form a belief as to the truth of the remaining allegations and characterizations in

24   paragraph 341 of the TAC, and therefore Apple denies them.

25       342.   To the extent paragraph 342 of the TAC implicates legal conclusions, no

26   response is required.  To the extent that a response is required, Apple denies the

27   allegations and characterizations in paragraph 342 of the TAC.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

**Exhibit 27**
**-533-**

343.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the TAC.

344.   Apple admits that U.S. Patent 15/960,507 is presently recorded as owned by Apple.

345.   To the extent paragraph 345 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the twenty-first claim of U.S. Patent No. 15/960,507 reads as follows:

> A biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: an emitter for transmitting modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog to digital converter to receive an output of the high pass filter.

Apple denies the remaining allegations and characterizations in paragraph 345 of the TAC.

346.   To the extent paragraph 346 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 346 of the TAC, and therefore Apple denies them.

347.   To the extent paragraph 347 of the TAC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 347 of the TAC, and therefore Apple denies them.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 27
-534-

348.   To the extent paragraph 348 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. No. 16-3).   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 348 of the TAC, and therefore Apple denies them.

349.   To the extent paragraph 349 of the TAC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 349 of the TAC.

## PRAYER FOR RELIEF

The section of the TAC titled "Prayer for Relief" sets forth the statement of relief requested by Plaintiffs to which no response is required.   Apple denies that Plaintiffs are entitled to any relief against Apple, and requests that the Court dismiss all claims with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiffs' demand for jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Apple asserts the following affirmative defenses, without assuming the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiffs.   In addition to the affirmative defenses described below, Apple specifically reserves all rights to assert additional affirmative defenses as additional information becomes available.   Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

350.   Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally

Gibson, Dunn &
Crutcher LLP

65

**Exhibit 27**
**-535-**

1   or under the Doctrine of Equivalents, and has not otherwise committed any acts in
2   violation of 35 U.S.C. § 271.

3   ## SECOND AFFIRMATIVE DEFENSE

4   351.   Each asserted claim of the Asserted Patents is invalid for failure to comply
5   with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable
6   statutory provisions of Title 35 of the United States Code.

7   ## THIRD AFFIRMATIVE DEFENSE

8   352.   Plaintiffs' patent infringement claims are barred, in whole or in part, by
9   reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines
10   limiting the scope of the claims and their equivalents.

11   353.   Plaintiffs are estopped from construing any valid claim of the Asserted
12   Patents to be infringed or to have been infringed, either literally or by application of the
13   Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale
14   by Apple in view of prior art and/or because of admissions, representations, and/or
15   statements made to the Patent Office during prosecution of any application leading to
16   the issuance of the Asserted Patents or any related patent, because of disclosures or
17   language in the specifications of the Asserted Patents, and/or because of limitations in
18   the claims of the Asserted Patents.

19   ## FOURTH AFFIRMATIVE DEFENSE

20   354.   To the extent that Plaintiffs and/or any predecessors in interest or any
21   licensees to the Asserted Patents failed to properly mark any of their relevant products
22   or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice
23   that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to
24   Plaintiffs for the acts alleged to have been performed before Apple received actual notice
25   that the accused devices were allegedly infringing the Asserted Patents.

26   355.   Plaintiffs' claims for relief are further barred, in whole or in part, under 35
27   U.S.C. §§ 286 and 288.

28

Gibson, Dunn &
Crutcher LLP

66

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27**
**-536-**

356.   Plaintiffs failed to give proper notice to Apple of its claims under the patent laws of the United States and have failed to establish any basis for damages and/or liability prior to patent issuance.

**FIFTH AFFIRMATIVE DEFENSE**

357.   Plaintiffs' non-patent infringement claims are barred, in whole or in part, by the equitable doctrine of laches.

358.   Based on information and belief, including because Masimo disclosed in its Form 10-K for the fiscal year ended January 3, 2015 that it "search[es] for existing intellectual property rights," Plaintiffs have been aware of Apple's publication of subject matter related to the subject matter of U.S. Patent Nos. 10,078,052; 10,247,670; 9,952,095; 10,219,754; 9,723,997; and 10,524,671, and U.S. Patent Application No. 15/960,507 since as early as 2016, yet only brought claims for ownership and correction of inventorship in January 2020.  For example, Plaintiffs were aware of several of these patents because Plaintiffs cited the patents to the PTO in conjunction with their own patent applications, yet Plaintiffs did not file suit until January 2020:

- U.S. Patent Application No. 14/740,196, which issued as U.S. Patent No. 10,078,052 ("the '052 patent"), the subject of Counts 14 and 20 in this action, was published as U.S. Patent Publication No. 2016/006726 on March 3, 2016. Plaintiffs cited the '052 patent in four separate Information Disclosure Statements ("IDSs") to the PTO (three in 2018 and one in 2019).  *See* Dkt. No. 288, Ex. N at 175, Ex. O at 203, Ex. P at 240, Ex. Q at 255.

- U.S. Patent Application No. 14/617,422 was issued on August 8, 2017 as U.S. Patent No. 9,723,997 ("the '997 patent"), the subject of Counts 18 and 24 in this action.  Plaintiffs cited the '997 patent in three separate IDSs to the PTO in 2018.  *See* Dkt. No. 288, Ex. N at 174, Ex. O at 203, Ex. P at 240.

- U.S. Patent Application No. 14/618,664 was issued on April 24, 2018 as U.S. Patent 9,952,095 ("the '095 patent"), the subject of Counts 16 and 22 in this

Gibson, Dunn &
Crutcher LLP

**Exhibit 27**
-537-

1    action.  Plaintiffs cited the '095 patent in three separate IDSs to the PTO in 2018.

2    *See* Dkt. No. 288, Ex. N at 175, Ex. O at 203, Ex. P at 240.

3    • U.S. Patent Application No. 14/740,196, which issued as U.S. Patent 10,247,670

4    ("the '670 patent"), the subject of Counts 15 and 21 in this action, was published

5    as U.S. Patent Publication No. 2018/0364162 on December 20, 2018.  Plaintiffs

6    cited the '670 patent in an IDS to the PTO in 2019.  *See* Dkt. No. 288-2, Ex. Q at

7    255.

8    359.   Plaintiffs also were on notice of their trade secret misappropriation claim

9    by 2014, yet only brought a claim for misappropriation in January 2020.  Plaintiffs allege

10   that in 2013, Apple contacted Masimo to understand more about Masimo's technology,

11   entered into a confidentiality agreement with Masimo, and had confidential discussions

12   with Masimo's management.   Plaintiffs allege that Apple recruited key Masimo

13   personnel, including O'Reilly, Masimo's former Chief Medical Officer, and Lamego,

14   former Cercacor CTO.  Plaintiffs allege that O'Reilly and Lamego both had access to

15   Plaintiffs' Confidential Information.  By January 2014, Plaintiffs were suspicious of

16   Apple's conduct, including Apple's hiring of Lamego.  On January 24, 2014, Plaintiffs

17   sent Apple a letter explaining that Lamego possessed Plaintiffs' confidential proprietary

18   information and "warn[ing] Apple about respecting [Plaintiffs'] rights" in such

19   information.  Plaintiffs stated their concern that "Apple [was] attempting to gain access

20   to, or at least the benefit of, Cercacor and Masimo's trade secrets," and that "Apple

21   w[ould] employ Mr. Lamego in an area that . . . involve[d] healthcare technology,

22   including  mobile  health  applications  and  the  measurement  of  physiological

23   information."  Yet in the next six years—even after it became public that Lamego did

24   work for Apple on the same technology to which Plaintiffs' alleged trade secrets

25   supposedly relate—Plaintiffs did nothing.

26   360.   Plaintiffs were also on notice of their misappropriation claim by 2016.

27   Plaintiffs allege that Apple used and disclosed Plaintiffs' Confidential Information at

28   least by filing patent applications containing that information.  Plaintiffs allege that

68

Gibson, Dunn &
Crutcher LLP

**Exhibit 27**
-538-

1   shortly after joining Apple in January 2014, Lamego began pursuing, on Apple's behalf,
2   numerous patent applications directed toward technologies he worked on at Plaintiffs,
3   and with which he had no prior experience or knowledge.  Plaintiffs knew or should
4   have known about Lamego's pursuit of at least one relevant Apple patent application by
5   at least March 2016:  U.S. Patent Application No. 14/740,196 was published as U.S.
6   Patent Publication No. 2016/0061726 on March 3, 2016, naming Lamego as an inventor
7   in the field of healthcare technology.  The '726 publication is entitled "Reflective
8   Surface Treatments For Optical Sensors," and relates to "electronic . . . optical sensing
9   systems" that "can be adapted to obtain physiological data from a biological subject."
10  Plaintiffs allege that the '726 publication included technologies with which Lamego was
11  intimately involved while working at Plaintiffs.

12      361.   Thus, a patent application that (i) referenced healthcare technology on
13  which Lamego was purportedly prohibited from working because, according to
14  Plaintiffs, he was incapable of doing so without using their confidential information, and
15  (ii) named Lamego as inventor, was publicly available more than three years before
16  Plaintiffs filed this action.  Accordingly, by March 3, 2016, Plaintiffs were on notice to
17  investigate their trade secret claim, yet they only filed suit in January 2020.

18                      **SIXTH AFFIRMATIVE DEFENSE**

19      362.   Apple has not and does not willfully infringe any claim of the Asserted
20  Patents, nor has Apple willfully or maliciously misappropriated any of Plaintiffs' alleged
21  trade secrets.

22                      **SEVENTH AFFIRMATIVE DEFENSE**

23      363.   Plaintiffs' Thirteenth Cause of Action is barred, in whole or in part, by the
24  applicable statute of limitations.  Under California Civil Code § 3426.6, a claim for trade
25  secret misappropriation "must be brought within three years after the misappropriation
26  is discovered or by the exercise of reasonable diligence should have been discovered."

27      364.   Plaintiffs were on notice of their misappropriation claim by 2014.  Plaintiffs
28  allege that in 2013, Apple contacted Masimo to understand more about Masimo's

Gibson, Dunn & Crutcher LLP

69

**Exhibit 27
-539-**

technology, entered into a confidentiality agreement with Masimo, and had confidential discussions with Masimo's management.  Plaintiffs allege that Apple recruited key Masimo personnel, including O'Reilly, Masimo's former Chief Medical Officer, and Lamego, former Cercacor CTO.  Plaintiffs allege that O'Reilly and Lamego both had access to Plaintiffs' Confidential Information.  By January 2014, Plaintiffs were suspicious of Apple's conduct, including Apple's hiring of Lamego.  On January 24, 2014, Plaintiffs sent Apple a letter explaining that Lamego possessed Plaintiffs' confidential proprietary information and "warn[ing] Apple about respecting [Plaintiffs'] rights" in such information.  ECF 38-5 (January 24, 2014 Letter); *see also* ECF 60 at 4 (granting judicial notice).  Plaintiffs stated their concern that "Apple [was] attempting to gain access to, or at least the benefit of, Cercacor and Masimo's trade secrets," and that "Apple w[ould] employ Mr. Lamego in an area that . . . involve[d] healthcare technology, including mobile health applications and the measurement of physiological information." ECF 38-5 at 4–5.  Yet in the next six years—even after it became public that Lamego did work for Apple on the same technology to which Plaintiffs' alleged trade secrets supposedly relate—Plaintiffs did nothing.

365.  Plaintiffs were also on notice of their misappropriation claim by 2016.  Plaintiffs allege that Apple used and disclosed Plaintiffs' Confidential Information at least by filing patent applications containing that information.  Plaintiffs allege that shortly after joining Apple in January 2014, Lamego began pursuing, on Apple's behalf, numerous patent applications directed toward technologies he worked on at Plaintiffs, and with which he had no prior experience or knowledge.  Plaintiffs knew or should have known about Lamego's pursuit of at least one relevant Apple patent application by at least March 2016:  U.S. Patent Application No. 14/740,196 was published as U.S. Patent Publication No. 2016/0061726 on March 3, 2016, naming Lamego as an inventor in the field of healthcare technology.  The '726 publication is entitled "Reflective Surface Treatments For Optical Sensors," and relates to "electronic . . . optical sensing systems" that "can be adapted to obtain physiological data from a biological subject."

Gibson, Dunn & Crutcher LLP

**Exhibit 27**
**-540-**

1  Plaintiffs allege that the '726 publication included technologies with which Lamego was

2  intimately involved while working at Plaintiffs.

3      366.   Thus, a patent application that (i) referenced healthcare technology on

4  which Lamego was purportedly prohibited from working because, according to

5  Plaintiffs, he was incapable of doing so without using their confidential information, and

6  (ii) named Lamego as inventor, was publicly available more than three years before

7  Plaintiffs filed this action.  Accordingly, by March 3, 2016, Plaintiffs were on notice to

8  investigate their trade secret claim, and the limitations period commenced by that date.

9  Plaintiffs have no explanation for their delay.

10  **EIGHTH AFFIRMATIVE DEFENSE**

11      367.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

12  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

13  because the alleged trade secret information was readily ascertainable by proper means.

14      368.   "Information that is readily ascertainable by a business competitor derives

15  no independent value from not being generally known" and is therefore not protectable

16  as a "trade secret" within the meaning of that term's statutory definition.  *Syngenta Crop*

17  *Prot., Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1172 (2006); *see also Altavion, Inc. v.*

18  *Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 62–63 (2014) (applying the "not

19  generally known or readily ascertainable" standard).

20      369.   All of Plaintiffs' alleged trade secrets are publicly known or readily

21  ascertainable from public sources and lack independent economic value.

22      370.   For example, Plaintiffs' alleged ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ trade

23  secrets are disclosed within and/or readily ascertainable from at least one or more of the

24  following publicly available documents: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

25  ▆▆▆▆ ▆▆▆▆ ▆▆▆ ▆▆▆ ▆▆▆ ▆▆▆ ▆▆▆▆

26  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

27  ▆▆▆ ▆▆ ▆▆▆ ▆▆▆▆ ▆▆▆▆ ▆▆▆ ▆▆▆▆

28

Gibson, Dunn & Crutcher LLP

71

**Exhibit 27
-541-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 271 of 365   Page ID
#:31237
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 73 of 85   Page ID
#:26461

1  ███████████████████████████████████████████████████████████████

2  ███████

3      371.   For  example,  Plaintiffs'  alleged  ████████████████████████████

4  ███████████  trade secrets are disclosed within and/or readily ascertainable from at least

5  one or more of the following publicly available documents: ██████████████████

6  ██████   █████   █████   █████   ██████   █████   ██████

7  ██████   █████   █████   █████   ██████   █████   ██████

8  ██████   █████   █████   █████   ██████   █████   ██████

9  ██████   █████   █████   █████   ██████   █████   ██████

10 ██████   █████   █████   █████   ██████   █████   ██████

11 ██████   █████   █████   █████   ██████   █████   ██████

12 ████████████████████████████████████████████████████████████████

13 █████████   █████████   ████████   █████████   █████████

14 ████████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████████

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP

**Exhibit 27**
**-542-**

372.   For example, Plaintiffs' alleged ████████████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following publicly available documents: ████████████

373.   For example, Plaintiffs' alleged ████████ trade secrets are disclosed within and/or readily ascertainable from at least the following publicly available documents: ████████████

73

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP

Exhibit 27
-543-

Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 75 of 85   Page ID #:26463

374.   For  example,  Plaintiffs'  alleged ███████████████████████████ ████████  trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following of Plaintiffs' publications, available prior to any alleged disclosure or use of these alleged trade secrets by Apple: ████████████████████ ████████████████████████████████████████████████████████

375.   For  example,  Plaintiffs'  alleged ███████████████████████████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following of Plaintiffs' publications, available prior to any alleged disclosure or

74

Gibson, Dunn & Crutcher LLP

Exhibit 27
-544-

1  use of these alleged trade secrets by Apple:  Masimo █████████████████ ████

2  ████████████████

3      376.   Apple asserts that each of Plaintiffs' alleged trade secrets is publicly known

4  or readily ascertainable from the above publicly available publications prior to any

5  alleged misappropriation by Apple, thus barring Plaintiffs from any recovery against

6  Apple on their trade secret misappropriation claim.

7                              **NINTH AFFIRMATIVE DEFENSE**

8      377.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust

9  enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action

10  because Apple independently conceived of, and/or developed, the information that

11  Plaintiffs allege Apple misappropriated.

12      378.   Apple hereby realleges and incorporates by reference in full the allegations

13  set forth in paragraphs 367–376 above for its Eighth Affirmative Defense.

14      379.   All of Plaintiffs' alleged trade secrets were publicly known and/or

15  ascertainable from publicly available sources prior to any conduct by Apple that

16  Plaintiffs allege constitutes misappropriation of those alleged trade secrets.

17      380.   Apple decided, selected, and developed all features of all Series of the

18  Apple Watch devices independent of any of Plaintiffs' alleged trade secrets.  The ████

19  ████████████████ of the Apple Watch was independently developed by Apple using

20  publicly available information, including well-known ███████████████████████████

21  ██████████████████████████  To the extent any feature of the Apple

22  _____

23  █ ████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████████████████████████

28  █ ████████████████████████████████████████████████

75

Gibson, Dunn &
Crutcher LLP

**Exhibit 27**
-545-

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 275 of 365   Page ID
#:31241
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 77 of 85   Page ID
#:26465

1  Watch is in any way similar to Plaintiffs' alleged trade secrets, Apple began

2  development of such feature as part of its development work on the original Apple

3  Watch as early as 2012, and has independently continued such development since,

4  relying solely on its own independent research and publicly available information.

5  Moreover, no Apple Watch device practices Plaintiffs' alleged ████████████

6  ████████████████████████████████████████████████████████████

7  trade secrets.   Apple has already produced in discovery documents showing its

8  independent development of the ████████████████████████, and further

9  discovery in this case will continue to demonstrate Apple's independent development,

10 thus barring Plaintiffs from any recovery against Apple on their trade secret

11 misappropriation claim.

12      381.  Apple further developed each of its ████████████████████,

13 including for the Apple Watch and its health-related functions, independent of any of

14 Plaintiffs' alleged trade secrets.   To the extent any aspect of Apple's ███████

15 ████████████ is in any way similar to Plaintiffs' alleged trade secrets, Apple

16 began development of such strategies before it hired Michael O'Reilly in 2013, and has

17 independently continued such ███████ since, relying solely on its own independent

18 research and publicly available information.  Moreover, Apple does not practice many

19 of Plaintiffs' alleged ██████████████ trade secrets, including because Apple ██

20 ████████████████████████████████████████

21      382.  Apple  likewise  maintained ████████████████████████

22 ████████████████████████ long before Michael O'Reilly—the only former

23 Masimo employee whom Plaintiffs allege possessed this information—joined Apple.

24 To the extent that Apple has ████████████████████████████████

25 ████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████

28 ████████████████████████.  Michael O'Reilly additionally ████████

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP

**Exhibit 27**
**-546-**

██████████████████████████████████████████████ that predate his employment with Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

383.   Plaintiffs cannot prevail against Apple on Plaintiffs' inventorship and ownership claims, in whole or in part, because Apple independently developed the inventions and technologies disclosed and claimed by the Disputed Patents.

384.   Apple hereby realleges and incorporates by reference in full the allegations set forth in paragraphs 367–376 above for its Eighth Affirmative Defense.

385.   Apple asserts that the named inventors on all of Apple's patents and patent applications that are the subjects of Plaintiffs' Fourteenth through Twenty-Seventh Causes of Action ("Disputed Inventor Patents") are the true and only inventors.  "[T]he issuance of a patent creates a presumption that the named inventors are the true and only inventors," *Bd. of Educ. v. Am. Bioscience*, 333 F.3d 1330, 1337 (Fed. Cir. 2003), and Plaintiffs cannot overcome this presumption.  All subject matter of the Disputed Inventor Patents is materially different from any of Plaintiffs' alleged confidential information, as discovery in this case will demonstrate.  Apple started independently developing the optical sensor architecture of the Apple Watch since as early as 2012, and Apple's engineers independently invented the subject matter of the Disputed Inventor Patents during the course of that independent development, thus barring Plaintiffs from any recovery against Apple on their inventorship and ownership claims.

## ELEVENTH AFFIRMATIVE DEFENSE

386.   Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver.

387.   Plaintiffs waived the ability to make their patent infringement arguments in view of amendments made during prosecution of the Asserted Patents.

388.   In addition, based on information and belief, including because Masimo disclosed in its Form 10-K for the fiscal year ended January 3, 2015 that it "search[es] for existing intellectual property rights," Plaintiffs have been aware of Apple's

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 277 of 365   Page ID
#:31243
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 79 of 85   Page ID
#:26467

1    publication of subject matter related to the subject matter of U.S. Patent Nos.
2    10,078,052; 10,247,670; 9,952,095; 10,219,754; 9,723,997; and 10,524,671 and U.S.
3    Patent Application No. 15/960,507 since as early as 2016, yet only brought claims for
4    ownership, correction of inventorship, and trade secret misappropriation in January
5    2020.  Plaintiffs' conduct was so inconsistent with an intent to enforce their rights that
6    it induced a reasonable belief that they waived their right.  For example, Plaintiffs were
7    aware of several of these patents because Plaintiffs cited the patents to the PTO in
8    conjunction with their own patent applications, yet Plaintiffs did not file suit until
9    January 2020:

10    • U.S. Patent Application No. 14/740,196, which issued as U.S. Patent No.
11       10,078,052 ("the '052 patent"), the subject of Counts 14 and 20 in this action,
12       was published as U.S. Patent Publication No. 2016/006726 on March 3, 2016.
13       Plaintiffs cited the '052 patent in four separate IDSs to the PTO (three in 2018
14       and one in 2019).  *See* Dkt. No. 288, Ex. N at 175, Ex. O at 203, Ex. P at 240, Ex.
15       Q at 255.

16    • U.S. Patent Application No. 14/617,422 was issued on August 8, 2017 as U.S.
17       Patent No. 9,723,997 ("the '997 patent"), the subject of Counts 18 and 24 in this
18       action.  Plaintiffs cited the '997 patent in three separate IDSs to the PTO in 2018.
19       *See* Dkt. No. 288, Ex. N at 174, Ex. O at 203, Ex. P at 240.

20    • U.S. Patent Application No. 14/618,664 was issued on April 24, 2018 as U.S.
21       Patent 9,952,095 ("the '095 patent"), the subject of Counts 16 and 22 in this
22       action.  Plaintiffs cited the '095 patent in three separate IDSs to the PTO in 2018.
23       *See* Dkt. No. 288, Ex. N at 175, Ex. O at 203, Ex. P at 240.

24    • U.S. Patent Application No. 14/740,196, which issued as U.S. Patent 10,247,670
25       ("the '670 patent"), the subject of Counts 15 and 21 in this action, was published
26       as U.S. Patent Publication No. 2018/0364162 on December 20, 2018.  Plaintiffs
27       cited the '670 patent in an IDS to the PTO in 2019.  *See* Dkt. No. 288, Ex. Q at
28       255.

Gibson, Dunn &
Crutcher LLP

78

Exhibit 27
-548-

Accordingly, Plaintiffs have waived their claims for ownership, correction of inventorship, and trade secret misappropriation.

### TWELFTH AFFIRMATIVE DEFENSE

389.   Any and all of Plaintiffs' alleged injuries and/or damages were the result of one or more intervening or superseding causes, including the acts of persons and/or entities other than Apple, or caused or contributed to by Plaintiffs' own actions, inactions, negligence, fault, or lack of diligence, not by actions or inactions of Apple, thus barring Plaintiffs from any recovery against Apple.

390.   In paragraphs 232–239, 244, and 248 of the TAC, Plaintiffs accuse Apple of misappropriating their alleged trade secrets by publishing them in certain of Apple's patents and by implementing them in the Apple Watch Series 4 and 5 devices.  In paragraphs 240–243 of the TAC, Plaintiffs accuse Apple of ███████████████ ████████████████████████████████ However, prior to the publication of these patents, the release of the Apple Watch Series 4 and 5 devices, and Apple's alleged ███████████████████████, Plaintiffs disclosed each of their alleged trade secrets in their own patents, patent publications, corporate filings, website pages, and other publicly available documents.

391.   For example, Plaintiffs' alleged ████████████████████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following of Plaintiffs' patents and/or patent applications that were publicly available prior to any alleged disclosure or use of these alleged trade secrets by Apple: ████████ ████████████████████████████████████████████████ ██████ ███ ████████ ██████ ████████ ██████ ████████ ████████████ ██████████████████

392.   For example, Plaintiffs' alleged ██████████████████ ███████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following of Plaintiffs' patents and/or patent applications that were publicly available prior to any alleged disclosure or use of these alleged trade secrets by

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27
-549-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 279 of 365   Page ID
#:31245
Case 8:20-cv-00048-JVS-JDE   Document 306   Filed 02/24/21   Page 81 of 85   Page ID
#:26469

1   Apple: ███████████████████████████████████████

2   ███████████████████████████████████████████████

3   ███████████████████████████████████████████

4        393.   For   example,   Plaintiffs'   alleged   ██████████   trade   secrets   are

5   disclosed within and/or readily ascertainable from at least one or more of the following

6   of Plaintiffs' patents and/or patent applications that were publicly available prior to any

7   alleged disclosure or use of these alleged trade secrets by Apple: ████████████

8   ████████  ████████  ████████  ████████  ████████  ████████  ████████

9   ███████████████████████████████████████████████

10  ████████████████████████████████████

11       394.   For example, Plaintiffs' alleged ████████████████████████████

12  trade secrets are disclosed within and/or readily ascertainable from at least the following

13  of Plaintiffs' patent that was publicly available prior to any alleged disclosure or use of

14  these alleged trade secrets by Apple: ██████████████████

15       395.   For   example,   Plaintiffs'   alleged   ████████████████████

16  ██████████  trade secrets are disclosed within and/or readily ascertainable from at least

17  one or more of the following of Plaintiffs' publications, available prior to any alleged

18  disclosure or use of these alleged trade secrets by Apple: ████████████████

19  ████████████████████████████████  ████████

20  _____

21  █  ████████████████████████████████████████

22  ███████████████████████████████████

23  █████████████████████████████████████

24  ████████████████████████████████

25  ████████████████████████████████████

26  █  █████████████████████████████

27  ████████████████████████████████

28

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP

Exhibit 27
-550-

396.   For example, Plaintiffs' alleged ███████████████████████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following of Plaintiffs' publications, available prior to any alleged disclosure or use of these alleged trade secrets by Apple: ████████████████████ ████████ ███████████████████

397.   Apple asserts that Plaintiffs' publications of their alleged trade secrets in their own patents, patent publications, corporate filings, website pages, and other publicly available documents were intervening and superseding causes of the injuries and damages, if any, which Plaintiffs claim, thus barring Plaintiffs from any recovery against Apple.

### THIRTEENTH AFFIRMATIVE DEFENSE

398.   To the extent Plaintiffs have suffered any damages, they have failed to take reasonable steps to mitigate such damages.  On information and belief, Plaintiffs have been aware of Apple's conduct on which they base Apple's liability since at least January 2014, when Plaintiffs allege Apple attempted to misappropriate their alleged trade secrets, or, alternatively, since at least March 3, 2016, when Apple's U.S. Patent Publication No. 2016/0061726, which Plaintiffs allege contains their subject matter, published.  Plaintiffs' knowledge of such conduct by Apple is evidenced by their citation



Gibson, Dunn & Crutcher LLP

81

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 27
-551-

1    of Apple's patents that they now allege disclose their confidential information to the

2    U.S. Patent and Trademark Office without any attempt by Plaintiffs to treat such

3    information as confidential.  By failing to take steps earlier to prevent Apple's conduct

4    that allegedly disclosed their alleged trade secrets and confidential information,

5    Plaintiffs have failed to mitigate their damages, if any.

6                          **FOURTEENTH AFFIRMATIVE DEFENSE**

7           399.   Plaintiffs' Thirteenth Cause of Action claim is barred, in whole or in part,

8    by the equitable doctrine of unclean hands because the Cause of Action is based in part

9    on Plaintiffs' actions taken in violation of California Code, Business and Professions

10   Code § 16600 and Unfair Competition Law, § 17200, et seq., and that are contrary to a

11   strong public policy.

12          400.   Apple received a letter from Plaintiffs on or around January 24, 2014.  ECF

13   38-5 (January 24, 2014 Letter); *see also* ECF 60 at 4 (granting judicial notice).  The

14   letter quoted portions of former employee Lamego's Employee Confidentiality

15   Agreement with Cercacor and enclosed a copy of the Agreement.  ECF 38-5 at 5–9.  The

16   letter stated, based on the terms of Lamego's Employee Confidentiality Agreement, that

17   "we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare

18   technology, including mobile health applications and the measurement of physiological

19   information."  *Id.* at 5.  The letter further stated that Plaintiffs found it "difficult to

20   imagine any reason for [Apple's conduct in hiring Lamego] other than [that] Apple [was]

21   attempting to gain access to, or . . . the benefit of, [their] trade secrets."  *Id.* at 4.  The

22   letter accused Apple of "targeting" Plaintiffs' "personnel for some time," and demanded

23   that Apple not employ Lamego in the field of "healthcare technology," because doing

24   so "necessarily [would] involve the use or disclosure of [Cercacor's] trade secrets."  *Id.*

25          401.   The January 24, 2014 letter and Plaintiffs' actions violate California law.

26   It is illegal for Plaintiffs to demand that Apple not employ Lamego in the field of

27   "healthcare technology" because doing so "necessarily [would] involve the use or

28   disclosure of [Cercacor's] trade secrets."  ECF 38-5 at 5.  Plaintiffs are controlling a

Gibson, Dunn & Crutcher LLP

82

**Exhibit 27
-552-**

1  former employee's choice of work (i.e., the area in which the employee may be

2  employed) based only on the notion that the employee will "inevitably disclose" what

3  they know.

4      402.   Plaintiffs based their illegal request on portions of Lamego's Employee

5  Confidentiality Agreement that are void as a matter of law because they restrain

6  Lamego's ability to practice his profession.  Specifically, the Agreement purports to

7  "prohibit[] Lamego, for a period of two years after the end of his employment with

8  Cercacor, from competing with Cercacor."  *Id.* at 4.

9      403.   Plaintiffs maintained in the January 24, 2014 letter that such clauses of

10  Lamego's Employee Confidentiality Agreement were valid because their purpose was

11  to protect trade secrets (*id.*)—but the noncompete clauses in the Agreement are not

12  narrowly tailored or carefully limited to the protection of  trade secrets, but rather are so

13  broadly worded as to restrain competition and therefore are void.  Plaintiffs' clauses are

14  not triggered only when the former employee's services for a competitor implicate the

15  use of confidential information; rather, they are always triggered unless the former

16  employee can "prove that the action was taken without the use or disclosure of any of

17  [Cercacor's] trade secrets" (*id.* at 5).  These clauses are thus facially void under

18  California Code, Business and Professions Code § 16600.  Plaintiffs' use of this illegal

19  noncompete agreement also violates the Unfair Competition Law, § 17200, et seq.

20      404.   Plaintiffs rely on the January 24, 2014 letter as a basis to charge Apple with

21  knowledge of their purported trade secrets, as an element of their Thirteenth Cause of

22  Action.  Plaintiffs allege that, because of Plaintiffs' illegal conduct—sending Apple a

23  copy of Lamego's Employee Confidentiality Agreement with Cercacor and demanding

24  that Apple not employ Lamego in the field of healthcare technology—Apple knew or

25  had reason to know that its knowledge of Plaintiffs purported trade secrets was derived

26  from Lamego who owed a duty to Plaintiffs to maintain their secrecy.

27      405.   As a result of Plaintiffs' illegal conduct, Apple has incurred unnecessary

28  expenses and has suffered other economic injury associated with Plaintiffs conduct.

Gibson, Dunn & Crutcher LLP

83

**Exhibit 27**
-553-

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses.   Apple has not knowingly and intentionally waived any applicable defenses.  Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues, as discovery may require, and/or if the Court lifts the current stay of the patent infringement case (Dkt. 220).

## JURY TRIAL DEMAND

Apple demands a trial by jury on all issues so triable.

Dated: February 24, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Joshua H. Lerner*
      Joshua H. Lerner


*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

**Exhibit 27
-554-**

| From: | Linda.Rivera |
|---|---|
| To: | 2Kxv |
| Subject: | FW: Activity in Case 8:20-cv-00048-JVS-JDE Masimo Corporation et al v. Apple Inc. Amended Answer to Complaint |
| Date: | Thursday, February 25, 2021 8:31:37 AM |

## THIS DOCUMENT HAS NOT BEEN PROCESSED BY CALENDARING OR FORWARDED TO THE TEAM.

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Wednesday, February 24, 2021 10:07 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:20-cv-00048-JVS-JDE Masimo Corporation et al v. Apple Inc. Amended Answer to Complaint

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Lerner, Joshua on 2/24/2021 at 10:06 PM PST and filed on 2/24/2021

| **Case Name:** | Masimo Corporation et al v. Apple Inc. |
|---|---|
| **Case Number:** | 8:20-cv-00048-JVS-JDE |
| **Filer:** | Apple Inc. |
| **Document Number:** | 306 |

**AMENDED ANSWER *to Plaintiffs' Third Amended Complaint* filed by Defendant**

Exhibit 27
-555-

**Apple Inc.. (Lerner, Joshua)**

**8:20-cv-00048-JVS-JDE Notice has been electronically mailed to:**

Adam Powell      adam.powell@knobbe.com, 2abp@knobbe.com, litigation@knobbe.com

Angelique Kaounis      akaounis@gibsondunn.com

Benjamin A Katzenellenbogen      ben.katzenellenbogen@kmob.com, knobbeadmin@ecf.courtdrive.com, litigation@kmob.com

Brian A Rosenthal      barosenthal@gibsondunn.com

Brian K. Andrea      bandrea@gibsondunn.com

Brian Mark Buroker      bburoker@gibsondunn.com

H Mark Lyon      mlyon@gibsondunn.com, CGaedt-Sheckter@gibsondunn.com, EOldiges@gibsondunn.com, KBarry@gibsondunn.com

Ilissa Stacy Samplin      isamplin@gibsondunn.com

Joseph R Re      litigation@kmob.com, joe.re@knobbe.com, jre@kmob.com, KnobbeAdmin@ecf.courtdrive.com

Joshua Hawkes Lerner      jlerner@gibsondunn.com, amoser@gibsondunn.com, apaulson@gibsondunn.com, cblock@gibsondunn.com, tmorgan2@gibsondunn.com

Mark D Kachner      mark.kachner@knobbe.com, doreen.buluran@kmob.com, litigation@knobbe.com

Perry D Oldham      perry.oldham@knobbe.com, 2pdo@kmob.com, litigation@kmob.com

Stephen C Jensen      steve.jensen@knobbe.com, sjensen@kmob.com

Stephen W Larson      stephen.larson@knobbe.com, stephen.larson@kmob.com

**8:20-cv-00048-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\3. [PUBLIC] Apple's Amended Answer to Plaintiffs' Third Amended Complaint.pdf

**Exhibit 27**
**-556-**

**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=2/24/2021] [FileNumber=31467217-0
] [92f27a4233c9a0d8dd700c13c24ac6147d03ad2453b6fc2159b23db80fab36bebe2
26d358b69316e7434fa28ca84ac65bc52e7130ef7a75b48c91d4dc33b9671]]

**Exhibit 27**
**-557-**

# EXHIBIT 31



# Newsroom

🔍 Search Newsroom     Popular Topics ⌄

**PRESS RELEASE**

September 12, 2017

# Apple Watch Series 3 brings built-in cellular, powerful new health and fitness enhancements



---

Featuring Streaming Music, Faster Dual-Core Processor and watchOS 4



Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

**Exhibit 31**

**-621-**



The freedom to go with just your watch. ⊙

Cupertino, California — Apple today introduced Apple Watch Series 3, adding built-in cellular to the world's number one watch. Whether users are out for a run, at the pool or just trying to be more active throughout their day, Apple Watch Series 3 with cellular allows them to stay connected, make calls, receive texts and more, even without iPhone nearby. The third-generation Apple Watch is an amazing health and fitness companion with intelligent coaching features, water resistance 50 meters[1] and a new barometric altimeter that measures relative elevation. Apple Watch Series 3 comes in two models, one with GPS and cellular, and one with GPS, both featuring a 70 percent faster dual-core processor and new wireless chip.



Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

**Exhibit 31**
**-622-**



Apple Watch Series 3 features a faster dual-core processor and wireless chip.   

"We believe the addition of cellular will transform the way people use Apple Watch, providing a new sense of freedom since they can stay connected with or without their iPhone," said Jeff Williams, Apple's chief operating officer. "Apple Watch Series 3 combined with the power of watchOS 4 is the ultimate device for a healthy life."



Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

**Exhibit 31
-623-**



Stream 40 millions songs right from the wrist.



Soon, the combination of cellular and watchOS 4 will allow Apple Music
users to stream 40 million songs right from their wrist. Beginning Friday,
September 15, Apple Watch Series 3 (GPS + Cellular) will be available to
order in 10 countries and territories, and Apple Watch Series 3 (GPS) will
be available to order in 28 countries and territories. Both models are
available in stores starting Friday, September 22.

## Advanced Technology



Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Newsroom



Industry-first antenna design that uses the display itself to transmit and receive.

Apple Watch Series 3 (GPS + Cellular) features a full LTE and UMTS cellular radio that switches seamlessly to cellular when it is away from iPhone. The watch shares the same number as iPhone so there's no need to provide an additional number to family, friends or colleagues; and to help get customers started, participating carriers are also offering special introductory cellular plans at launch. Customers have the ability to make cellular calls directly with Apple Watch Series 3 (GPS + Cellular) and, when paired with AirPods, enjoy a seamless and fully wireless experience. Apple also pioneered an industry-first antenna design that uses the display itself as both a transmitting and receiving element for LTE and UMTS, while introducing a built-in eSIM that is over one-hundredth the size of a traditional SIM card, making over-the-air activation possible without compromising space.[2]



Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

**Exhibit 31**
**-625-**



watchOS 4 includes a new High Intensity Interval Training workout option.

Powering Apple Watch Series 3 is the S3, Apple's third-generation
architecture featuring a faster dual-core processor, which allows for
quicker app launch times and smoother graphics, and, for the first time,
enables Siri to speak using the built-in speaker. Apple designed a new
custom wireless chip called W2, making Wi-Fi 85 percent faster and
Bluetooth and Wi-Fi 50 percent more power efficient, while still providing
all-day battery life and keeping the size virtually the same as before. Apple
Watch Series 3 also features a barometric altimeter that assists with
tracking activity, flights climbed and outdoor workouts, including elevation
gain.

## watchOS 4

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

**Exhibit 31
-626-**

**watchOS 4**



The Heart Rate app offers more detailed heart rate measurements.


watchOS 4 features an updated Heart Rate app, giving even more insight
to heart rate, including measurements during resting, workout, recovery,
walking and Breathe sessions. Customers can also choose to receive a
notification when their heart rate is elevated above a specific threshold
while inactive. Other great watchOS 4 features include the proactive Siri
watch face that displays the information users need most throughout the
day, an enhanced Workout app with new interface, custom High Intensity
Interval Training (HIIT) workout type and auto-sets for pool swims. With

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

to heart rate, including measurements during resting, workout, recovery, walking and Breathe sessions. Users can also choose to receive a notification when their heart rate is elevated above a specific threshold while inactive. Other great watchOS 4 features include the proactive Siri watch face that displays the information users need most throughout the day, an enhanced Workout app with new interface, custom High Intensity Interval Training (HIIT) workout type and auto-sets for pool swims. With GymKit, users will soon enjoy the ability to connect to their favorite cardio equipment and experience two-way synchronization of data with just a tap, resulting in the most accurate information possible.[3]



watchOS 4 introduces a redesigned Music app and new Radio app.   

The redesigned Music app experience automatically syncs playlists like New Music Mix and Favorites Mix, along with the user's most listened to music. Later this fall, Apple Watch Series 3 (GPS + Cellular) will stream music, giving users access to any song from Apple Music, straight from the wrist. The new Radio app also enables listeners to access Beats 1 live or

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 8 of 15

Exhibit 31
-628-

watchOS 4 introduces a redesigned Music app and new Radio app.

The redesigned Music app experience automatically syncs playlists like New Music Mix and Favorites Mix, along with the user's most listened to music. Later this fall, Apple Watch Series 3 (GPS + Cellular) will stream music, giving users access to any song from Apple Music, straight from the wrist. The new Radio app also enables listeners to access Beats 1 live or any Apple Music radio station while away from iPhone or Wi-Fi.

## Apple Watch Line-Up



Apple Watch Edition in a breathtaking new gray ceramic.

Apple Watch Series 3 (GPS + Cellular) starts at $399 (US) and Apple Watch Series 3 (GPS) starts at $329 (US), both featuring new upgrades like a faster dual-core processor and wireless chip, along with a barometric

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Apple Watch Series 3 (GPS + Cellular) starts at $399 (US) and Apple Watch Series 3 (GPS) starts at $329 (US), both featuring new upgrades like a faster dual-core processor and wireless chip, along with a barometric altimeter. Apple Watch Series 3 (GPS + Cellular) also debuts a special red Digital Crown and exclusive "Explorer" watch face that shows cellular connectivity through a unique design. Series 1 will be available at a new starting price of $249 (US), making it more affordable than ever.



Apple Watch Nike+ and the Nike Run Club app make the perfect running partner.

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 10 of 15

Exhibit 31
-630-

Apple Watch Nike+ and the Nike Run Club app make the perfect running partner.

In addition to silver or space gray aluminum, Apple Watch Series 3 now comes in a gorgeous new gold aluminum, along with silver or space black stainless steel cases, which all pair with a stunning assortment of new band colors and styles. The Woven Nylon is updated with a new pattern and the incredibly lightweight Sport Loop effortlessly adjusts to fit wrists with unparalleled comfort. Apple Watch Edition expands to include a beautiful dark gray ceramic case that pairs with a new two-toned Sport Band.



Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 11 of 15

**Exhibit 31
-631-**



The Single Tour Eperon d'Or inspired by an iconic Hermès scarf print. 

Apple Watch Nike+ has been extremely popular, and this fall, the partnership continues with both models of Series 3 pairing with a new pure platinum/black Nike Sport Band or Sport Loop in exclusive colors. The Nike Run Club app has been updated to introduce exciting new features: Audio Guided Runs deliver world-class coaching and motivation from Nike's elite coaches, athletes and entertainers, while the Cheers feature makes running more fun by allowing your friends to send audio-based cheers, which will motivate you during a run. Just Do It Sundays continues to provide inspiration and rewards from participation in the world's largest running community. Apple Watch Hermès models come with built-in cellular and pair with a striking collection of new bands, including the Single Tour Rallye, in perforated Gala calfskin, inspired by the classic Hermès driving glove, and the Single Tour Eperon d'Or, in printed Gala calfskin, inspired by the equestrian scarf pattern designed by Henri d'Origny in 1974. A new watch face, inspired by the Carrick Hermès watch, also designed by Henri d'Origny in 1993, completes the existing selection of Hermès watch faces.

**Pricing and Availability**

- Apple Watch is available in two different case sizes, 38mm and 42mm. Apple Watch Series 3 (GPS + Cellular) will be available in gold, silver or space gray aluminum, or silver or space black stainless steel paired with a variety of bands starting at **$399** (US). Apple Watch Series 3 (GPS) will be available in gold, silver or space gray aluminum cases with a Sport Band starting at **$329** (US). Apple Watch Series 1 is available in silver or space gray aluminum cases paired with a Sport Band starting at just **$249** (US). Apple Watch Edition in gray or white ceramic will be available starting at **$1,299** (US). All models will be available from apple.com and Apple Stores, as well as select Apple Authorized Resellers and carriers (prices may vary). For local availability, visit locate.apple.com. Apple Watch Nike+ starts at **$329** (US) and Apple Watch Hermès starts at **$1,149** (US) (prices may vary).

- Customers will be able to order Apple Watch Series 3 (GPS + Cellular) beginning Friday

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 12 of 15

**Exhibit 31**
**-632-**

aluminum cases with a Sport Band starting at $329 (US). Apple Watch Series 1 is
just $249 (US). Apple Watch Edition in gray or white ceramic will be available starting
at $1,299 (US). All models will be available from apple.com and Apple Stores, as well
as select Apple Authorized Resellers and carriers (prices may vary). For local
availability, visit locate.apple.com. Apple Watch Nike+ starts at $329 (US) and Apple
Watch Hermès starts at $1,149 (US) (prices may vary).

- Customers will be able to order Apple Watch Series 3 (GPS + Cellular) beginning Friday,
  September 15, with availability beginning Friday, September 22 in *Australia, Canada,
  China, France, Germany, Japan, Puerto Rico, Switzerland,* the *UK* and the *US,* with
  other countries following next year. For carrier availability, visit
  apple.com/watch/cellular.

- Customers will be able to order Apple Watch Series 3 (GPS) beginning Friday,
  September 15, with availability beginning Friday, September 22 in *Australia, Austria,
  Belgium, Canada, China, Denmark, Finland, France, Germany, Hong Kong, Ireland, Italy,
  Japan, Luxembourg, Netherlands, New Zealand, Norway, Portugal, Puerto Rico,
  Singapore, Spain, Sweden, Switzerland, Taiwan,* the *UK,* the *US* and *US Virgin Islands.*
  Apple Watch Series 3 (GPS) will be available beginning Saturday, September 23 in *UAE.*

- Apple Watch Series 1 is available on apple.com and anywhere Apple Watch is sold.

- Apple Watch Nike+ will be available to order on apple.com beginning Friday, September
  15, with limited availability on Thursday, October 5 in *Australia, Austria, Belgium,
  Canada, China, Czech Republic, Denmark, Finland, France, Germany, Greece, Guam,
  Hong Kong, Hungary, India, Ireland, Italy, Japan, Kuwait, Luxembourg, Macau, Monaco,
  Netherlands, New Zealand, Norway, Poland, Portugal, Puerto Rico, Qatar, Russia, Saudi
  Arabia, Singapore, Spain, Sweden, Switzerland, Taiwan, Thailand, Turkey, UAE,* the *UK*
  and the *US.* For more information, visit apple.com/apple-watch-nike or
  nike.com/applewatch.

- Apple Watch Hermès will be available to order on apple.com beginning Friday,
  September 15, with availability beginning Friday, September 22 in *Australia, Canada,
  China, France, Germany, Japan, Switzerland,* the *UK* and the *US.* For more information,
  visit apple.com/apple-watch-hermes or hermes.com/applewatchhermes.

- Apple Watch Series 3 (GPS) will be available beginning Friday, September 29 in *Croatia,
  Czech Republic, Greece, Guam, Hungary, Iceland, India, Jersey, Macau, Monaco,
  Poland, Romania, Russia, Slovakia, Thailand* and *Turkey.*

- Apple Watch Series 3 (GPS) will be available beginning Saturday, September 30 in
  *Kuwait, Qatar* and *Saudi Arabia.*

- New Apple Watch bands are available today on apple.com and will be available soon at
  Apple Stores, as well as select Apple Authorized Resellers and carriers in the *US* and
  over 35 countries and regions, including *Australia, Brazil, Canada, China, France,
  Germany, Hong Kong, Italy, Japan, Netherlands, Russia, Singapore, South Korea, Spain,
  Sweden, Switzerland, UAE* and the *UK.*

- Apple Watch Series 3 (GPS + Cellular) requires iPhone 6 or later running iOS 11 or later
  and Apple Watch Series 3 (GPS) requires iPhone 5S or later running iOS 11 or later.
  watchOS 4 and iOS 11 will be available Tuesday, September 19. Some features are not
  available in all regions or all languages.

- Customers who buy Apple Watch from Apple will be offered free Personal Setup in-

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 13 of 15

**Exhibit 31**
**-633-**

*Germany, Hong Kong, Italy, Japan, Netherlands, Russia, Singapore, South Korea, Spain,*

- Apple Watch Series 3 (GPS + Cellular) requires iPhone 6 or later running iOS 11 or later and Apple Watch Series 3 (GPS) requires iPhone 5S or later running iOS 11 or later. watchOS 4 and iOS 11 will be available Tuesday, September 19. Some features are not available in all regions or all languages.

- Customers who buy Apple Watch from Apple will be offered free Personal Setup in-store or online[4] to help set up and personalize their new Apple Watch with calendars, notifications, apps and more.

- Anyone who wants to start with the basics or go further with their new Apple Watch can sign up for free Today at Apple sessions at apple.com/today.

---

📷  **Images of Apple Watch Series 3**
Download all images ⊕

---

Apple revolutionized personal technology with the introduction of the Macintosh in 1984. Today, Apple leads the world in innovation with iPhone, iPad, Mac, Apple Watch and Apple TV. Apple's four software platforms — iOS, macOS, watchOS and tvOS — provide seamless experiences across all Apple devices and empower people with breakthrough services including the App Store, Apple Music, Apple Pay and iCloud. Apple's more than 100,000 employees are dedicated to making the best products on earth, and to leaving the world better than we found it.

[1] Apple Watch Series 3 has a water resistance rating of 50 meters under ISO standard 22810:2010. This means that it may be used for shallow-water activities like swimming in a pool or ocean. However, Apple Watch Series 3 should not be used for scuba diving, waterskiing or other activities involving high-velocity water or submersion below shallow depth. Stainless steel and leather bands are not water resistant.
[2] Apple Watch and iPhone service provider must be the same. Not available with all service providers. Roaming is not available outside your carrier network coverage area. Wireless service plan required for cellular service. Contact your service provider for more details. Check apple.com/watch/cellular for participating wireless carriers and eligibility.
[3] Participating equipment manufacturers and gyms vary.
[4] In most countries.

---

## Press Contacts

**Lance Lin**

Apple

lance_lin@apple.com

(408) 974-5036

**Amy Bessette**

Apple

abessette@apple.com

(408) 862-8012

**Apple Media Helpline**

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 14 of 15

**Exhibit 31
-634-**

Newsroom ... Topics ⌄

## Press Contacts

### Lance Lin
Apple
lance_lin@apple.com
(408) 974-5036

### Amy Bessette
Apple
abessette@apple.com
(408) 862-8012

### Apple Media Helpline
media.help@apple.com
(408) 974-2042



 Newsroom

**The latest news and updates, direct from Apple.**

**Read more ›**

 › Newsroom › Apple Watch Series 3 features built-in cellular and more

| Shop and Learn | Services | Apple Store | For Business | Apple Values |
|---|---|---|---|---|
| Mac | Apple Music | Find a Store | Apple and Business | Accessibility |
| iPad | Apple TV+ | Shop Online | Shop for Business | Education |
| iPhone | Apple Fitness+ | Genius Bar | | Environment |
| Watch | Apple News+ | Today at Apple | **For Education** | Inclusion and Diversity |
| TV | Apple Arcade | Apple Camp | Apple and Education | Privacy |
| Music | iCloud | Apple Store App | Shop for K-12 | Racial Equity and Justice |
| AirPods | Apple One | Refurbished and Clearance | Shop for College | Supplier Responsibility |
| HomePod | Apple Card | Financing | | |
| iPod touch | Apple Books | Apple Trade In | **For Healthcare** | **About Apple** |
| Accessories | App Store | Order Status | Apple in Healthcare | Newsroom |
| Gift Cards | | Shopping Help | Health on Apple Watch | Apple Leadership |
| | **Account** | | Health Records on iPhone | Job Opportunities |
| | Manage Your Apple ID | | | Investors |
| | Apple Store Account | | **For Government** | Events |
| | iCloud.com | | Shop for Government | Contact Apple |
| | | | Shop for Veterans and Military | |

More ways to shop: Find an Apple Store or other retailer near you. Or call 1-800-MY-APPLE.

Copyright © 2021 Apple Inc. All rights reserved.   Privacy Policy   Terms of Use   Sales and Refunds   Legal   Site Map           United States

Document title: Apple Watch Series 3 features built-in cellular and more - Apple
Capture URL: https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:43:47 GMT

Page 15 of 15

**Exhibit 31**
**-635-**

# EXHIBIT 32



# Newsroom

Search Newsroom          Popular Topics ⌄

**PRESS RELEASE**
September 12, 2018

# Apple Watch Series 4: Beautifully redesigned with breakthrough communication, fitness and health capabilities



Featuring a Stunning New Display, Electrocardiogram and Fall Detection



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

**Exhibit 32**
**-636-**



The redesigned Apple Watch Series 4 features a stunning display with thinner borders and curved corners.

Cupertino, California — Apple today introduced Apple Watch Series 4, redesigned and re-engineered to help users stay connected, be more active and manage their health in powerful new ways. While retaining the original iconic design, the fourth-generation Apple Watch has been refined, combining new hardware and software enhancements into a genuinely singular, unified form. The stunning display is over 30 percent larger and seamlessly integrates into the thinner, smaller case, while the new interface provides more information with richer detail. Apple Watch Series 4 with watchOS 5 brings advanced activity and communications features, along with revolutionary health capabilities, including a new accelerometer and gyroscope, which are able to detect hard falls, and an electrical heart rate sensor that can take an electrocardiogram (ECG) using the new ECG app,[1] which has been granted a De Novo classification by the FDA.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 2 of 16

Exhibit 32
-637-



A gorgeous new gold stainless steel case joins existing silver and space black models.

"We're thrilled Apple Watch has become an essential part of people's lives," said Jeff Williams, Apple's chief operating officer. "The completely redesigned Apple Watch Series 4 continues to be an indispensable communication and fitness companion, and now with the addition of groundbreaking features, like fall detection and the first-ever ECG app offered directly to consumers, it also becomes an intelligent guardian for your health."



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 3 of 16

**Exhibit 32**
**-638-**



Apple Watch with watchOS 5 is the ultimate fitness companion.

Beginning Friday, September 14, Apple Watch Series 4 (GPS) will be
available to order in 26 countries and territories and Apple Watch Series 4
(GPS + Cellular) will be available to order in 16 countries and territories.
Both models will be available in stores beginning Friday, September 21.

## Design

Apple Watch Series 4 is more than an evolution — it represents a
fundamental redesign and re-engineering of Apple Watch. It's offered in
two sizes, 40mm and 44mm. The speaker is 50 percent louder, optimized
for phone calls, Siri and Walkie-Talkie, and the microphone has been
relocated, to reduce echo for better sound quality. The device includes the
next-generation S4 chip with a custom 64-bit dual-core processor,
delivering twice the speed while maintaining the same all-day battery life.[2]

Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 4 of 16

Exhibit 32
-639-

Apple Watch Series 4 is more than an evolution — it represents a fundamental redesign and re-engineering of Apple Watch. It's offered in two sizes, 40mm and 44mm. The speaker is 50 percent louder, optimized for phone calls, Siri and Walkie-Talkie, and the microphone has been relocated, to reduce echo for better sound quality. The device includes the next-generation S4 chip with a custom 64-bit dual-core processor, delivering twice the speed while maintaining the same all-day battery life.[2]



New watch faces like Fire react uniquely with the curved edges.

The back of Apple Watch Series 4 is composed of a gorgeous black ceramic and sapphire crystal, allowing radio waves to easily pass through the front and back for better cellular service. The Digital Crown now includes haptic feedback, offering a more mechanical and responsive feel through the sensation of incremental clicks.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

**Exhibit 32**

**-640-**



With Apple Watch Series 4, app icons, buttons and fonts are larger, more glanceable and tappable.

The user interface is optimized for the larger display, allowing for app icons and fonts that are bigger and easier to read, while complications have been beautifully enhanced to be more precise and informative. New watch faces take full advantage of the Series 4 display, from the endlessly customizable Infograph face, to the Breathe face, where the animation is timed around a deep breath. Additionally, a suite of motion faces, including Vapor, Liquid Metal, Fire and Water react uniquely with the curved edges of the case.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

**Exhibit 32**
**-641-**



Yoga and hiking are new dedicated workout types.                    

## Health

Apple Watch Series 4 enables customers to take an ECG reading right from the wrist using the new ECG app, which takes advantage of the electrodes built into the Digital Crown and new electrical heart rate sensor in the back crystal. With the app, users touch the Digital Crown and after 30 seconds, receive a heart rhythm classification. It can classify if the heart is beating in a normal pattern or whether there are signs of Atrial Fibrillation (AFib), a heart condition that could lead to major health complications. All recordings, their associated classifications and any noted symptoms are stored in the Health app in a PDF that can be shared with physicians.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 7 of 16

**Exhibit 32**
**-642-**



Taking an ECG is easy with a touch of the Digital Crown.

With watchOS 5, Apple Watch intermittently analyzes heart rhythms in the
background and sends a notification if an irregular heart rhythm such as
AFib is detected.[3] It can also alert the user if the heart rate exceeds or falls
below a specified threshold.

Fall detection utilizes a next-generation accelerometer and gyroscope,
which measures up to 32 g-forces, along with custom algorithms to
identify when hard falls occur. By analyzing wrist trajectory and impact
acceleration, Apple Watch sends the user an alert after a fall, which can be
dismissed or used to initiate a call to emergency services. If Apple Watch
senses immobility for 60 seconds after the notification, it will automatically
call emergency services and send a message along with location to
emergency contacts.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 8 of 16

**Exhibit 32**
**-643-**



Apple Watch Series 4 can detect hard falls and if required, initiate a call to emergency services. 

## Fitness

With watchOS 5, Apple Watch becomes an even better fitness and workout companion. Activity competitions allow users to challenge other Apple Watch wearers, automatic workout detection provides an alert to start a workout while giving retroactive credit, and Yoga and Hiking are new dedicated workout types that accurately track active calories burned and exercise minutes earned. Running enthusiasts can take advantage of extended battery life — which is increased to six hours — for outdoor workouts and enjoy high-performance features, including cadence for indoor and outdoor runs, pace alerts for outdoor runs and rolling mile pace, which shows pace for the immediately preceding mile.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Exhibit 32
-644-



With watchOS 5, users can challenge any Activity Sharing friend to a seven-day competition. 

## Staying Connected

Customers can reach their friends with just a tap of the wrist with Walkie-Talkie, a watch-to-watch connection that is an entirely new way to communicate around the world over Wi-Fi or cellular.[4] The Siri watch face is more predictive and proactive, offering shortcuts and actionable content from favorite third-party apps. watchOS 5 also lets users listen to their favorite podcasts on the go with Apple Podcasts on Apple Watch, and stream any podcast in the catalog by using Siri. With Apple Watch Series 4, enriched complications offer a more detailed view of helpful third-party apps like Dexcom, which allows for continuous glucose monitoring, or Streaks, which shows daily progress on tasks.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 10 of 16

**Exhibit 32**
**-645-**



The Walkie-Talkie feature offers quick voice communication with any Apple Watch user around the world.

## Apple Watch Line-Up

Apple Watch Series 4 (GPS) starts at **$399** (US) and Apple Watch Series 4 (GPS + Cellular) starts at **$499**, both featuring the updated design and new health features. Series 3 will be available at the new starting price of **$279**, making it even more accessible to customers. Along with the three aluminum finishes anodized in silver, gold and space gray, Apple Watch Series 4 now comes in a striking gold stainless steel with matching Milanese band, joining the silver and space black stainless steel models. A new collection of bands debut for fall and all bands continue to work with any generation of Apple Watch.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 11 of 16

**Exhibit 32**
**-646-**



Apple Watch Series 4 comes in three aluminum finishes, anodized in silver, gold and space gray.

Apple Watch Nike+ remains a customer favorite and the new collection features redesigned Nike watch faces, which match to the new band colors, including a Pure Platinum/Black Sport Band and a Summit White Sport Loop with reflective yarn. Apple Watch Hermès introduces an elegant assortment of color-blocked bands and exclusive watch faces that shift from one color to the other with the passage of the minute hand.



Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

**Exhibit 32**
**-647-**



Apple Watch Series 4 now comes in a gorgeous new gold stainless steel with matching Milanese band.

• • •

**Pricing and Availability**

- Customers will be able to order Apple Watch Series 4 (GPS + Cellular) beginning Friday, September 14, with availability beginning Friday, September 21, in *Australia*, *Canada*, *China*, *Denmark*, *France*, *Germany*, *Hong Kong*, *Italy*, *Japan*, *Singapore*, *Spain*, *Sweden*, *Switzerland*, *the UAE*, *UK* and *US*, with other countries later this year. For carrier availability, visit apple.com/watch/cellular.[5]

- Customers will be able to order Apple Watch Series 4 (GPS) beginning Friday, September 14, with availability beginning Friday, September 21, in *Australia*, *Austria*, *Belgium*, *Canada*, *China*, *Denmark*, *Finland*, *France*, *Germany*, *Guernsey*, *Hong Kong*, *Ireland*, *Italy*, *Japan*, *Jersey*, *Luxembourg*, *Netherlands*, *New Zealand*, *Norway*, *Portugal*, *Puerto Rico*, *Saudi Arabia*, *Singapore*, *Spain*, *Sweden*, *Switzerland*, *the UAE*, *UK*, *US* and *US Virgin Islands*.

Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 13 of 16

**Exhibit 32
-648-**

- Customers will be able to order Apple Watch Series 4 (GPS) beginning Friday, September 14, with availability beginning Friday, September 21, in *Australia, Austria, Belgium, Canada, China, Denmark, Finland, France, Germany, Guernsey, Hong Kong, Ireland, Italy, Japan, Jersey, Luxembourg, Netherlands, New Zealand, Norway, Portugal, Puerto Rico, Saudi Arabia, Singapore, Spain, Sweden, Switzerland, the UAE, UK, US* and *US Virgin Islands.*

- Apple Watch Nike+ will be available to order on apple.com and in the Apple Store app, beginning Friday, September 14, in select countries, with limited availability beginning on Friday, October 5, in *Australia, Austria, Bahrain, Belgium, Canada, China, Czech Republic, Denmark, Finland, France, Germany, Greece, Guam, Hong Kong, Hungary, Ireland, Italy, Japan, Kuwait, Luxembourg, Macau, Monaco, Netherlands, New Zealand, Norway, Oman, Poland, Portugal, Puerto Rico, Qatar, Russia, Saudi Arabia, Singapore, South Africa, Spain, Sweden, Switzerland, the UAE, UK* and *US.* For more information, visit apple.com/apple-watch-nike or nike.com/applewatch.

- Apple Watch Hermès will be available to order on apple.com and in the Apple Store app, beginning Friday, September 14, with availability beginning Friday, September 21, in *Australia, Canada, China, Denmark, France, Germany, Hong Kong, Italy, Japan, Singapore, Spain, Sweden, Switzerland, the UAE, UK* and *US.* For more information, visit apple.com/apple-watch-hermes or hermes.com/applewatchhermes.

- Apple Watch Series 4 (GPS) will be available beginning Friday, September 28, in *Bahrain, Croatia, Czech Republic, Greece, Guam, Hungary, Iceland, Kazakhstan, Kuwait, Macau, Monaco, Oman, Poland, Qatar, Romania, Russia, Slovakia* and *South Africa.*

- New Apple Watch bands will be available to order on apple.com and in the Apple Store app, beginning Friday, September 14, with availability beginning Friday, September 21, at Apple Stores, as well as select Apple Authorized Resellers and carriers in the US and over 35 countries and regions.

- With Apple GiveBack, customers in the US can trade in their eligible device for an Apple Store Gift Card or a refund on their purchase. If their device isn't eligible for credit, Apple will recycle it for free.

- Customers who buy Apple Watch from Apple will be offered free Personal Setup, in-store or online,[6] to help set up and personalize their new Apple Watch with calendars, notifications, apps and more.

---

 **Images of Apple Watch Series 4**
Download all images ⊕

---

Apple revolutionized personal technology with the introduction of the Macintosh in 1984. Today, Apple leads the world in innovation with iPhone, iPad, Mac, Apple Watch and Apple TV. Apple's four software platforms — iOS, macOS, watchOS and tvOS — provide seamless experiences across all Apple devices and empower people with breakthrough services including the App Store, Apple Music, Apple Pay and iCloud. Apple's more

Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 14 of 16

**Exhibit 32**
**-649-**

Apple revolutionized personal technology with the introduction of the
Macintosh in 1984. Today, Apple leads the world in innovation with iPhone,
iPad, Mac, Apple Watch and Apple TV. Apple's four software platforms —
iOS, macOS, watchOS and tvOS — provide seamless experiences across
all Apple devices and empower people with breakthrough services
including the App Store, Apple Music, Apple Pay and iCloud. Apple's more
than 100,000 employees are dedicated to making the best products on
earth, and to leaving the world better than we found it.

[1] ECG app coming later this year (US only).
[2] Battery life depends on use and configuration.
[3] Irregular rhythm notification coming later this year, (US only).
[4] Walkie-Talkie is not available in China, UAE and Pakistan.
[5] Apple Watch requires a compatible iPhone. iPhone service provider must be the same. Not
available with all service providers. Roaming is not available.
[6] In most countries.

## Press Contacts

**Lance Lin**

Apple
lance_lin@apple.com
(408) 974-5036

**Amy Bessette**

Apple
abessette@apple.com
(408) 862-8012

**Apple Media Helpline**

media.help@apple.com
(408) 974-2042



 Newsroom

**The latest news and updates, direct from Apple.**

Read more ›

 › Newsroom ›  Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health

| Shop and Learn | Services | Apple Store | For Business | Apple Values |
| --- | --- | --- | --- | --- |
| Mac | Apple Music | Find a Store | Apple and Business | Accessibility |
| iPad | Apple TV+ | Shop Online | Shop for Business | Education |
| iPhone | Apple Fitness+ | Genius Bar | | Environment |
| Watch | Apple News+ | Today at Apple | For Education | Inclusion and Diversity |
| TV | Apple Arcade | Apple Camp | Apple and Education | Privacy |
| | | | Shop for K-12 | |

Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

Page 15 of 16

**Exhibit 32**
**-650-**

## Press Contacts

**Lance Lin**

Apple

lance_lin@apple.com

(408) 974-5036

**Amy Bessette**

Apple

abessette@apple.com

(408) 862-8012

**Apple Media Helpline**

media.help@apple.com

(408) 974-2042

 Newsroom

**The latest news and updates, direct from Apple.**

**Read more ›**

 › Newsroom › Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health

| Shop and Learn | Services | Apple Store | For Business | Apple Values |
|---|---|---|---|---|
| Mac | Apple Music | Find a Store | Apple and Business | Accessibility |
| iPad | Apple TV+ | Shop Online | Shop for Business | Education |
| iPhone | Apple Fitness+ | Genius Bar | | Environment |
| Watch | Apple News+ | Today at Apple | **For Education** | Inclusion and Diversity |
| TV | Apple Arcade | Apple Camp | Apple and Education | Privacy |
| Music | iCloud | Apple Store App | Shop for K-12 | Racial Equity and Justice |
| AirPods | Apple One | Refurbished and Clearance | Shop for College | Supplier Responsibility |
| HomePod | Apple Card | Financing | | |
| iPod touch | Apple Books | Apple Trade In | **For Healthcare** | **About Apple** |
| Accessories | App Store | Order Status | Apple in Healthcare | Newsroom |
| Gift Cards | | Shopping Help | Health on Apple Watch | Apple Leadership |
| | **Account** | | Health Records on iPhone | Job Opportunities |
| | Manage Your Apple ID | | | Investors |
| | Apple Store Account | | **For Government** | Events |
| | iCloud.com | | Shop for Government | Contact Apple |
| | | | Shop for Veterans and Military | |

More ways to shop: Find an Apple Store or other retailer near you. Or call 1-800-MY-APPLE.

Copyright © 2021 Apple Inc. All rights reserved.    Privacy Policy    Terms of Use    Sales and Refunds    Legal    Site Map        United States

Document title: Redesigned Apple Watch Series 4 revolutionizes communication, fitness and health - Apple
Capture URL: https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:44:58 GMT

**Exhibit 32**
**-651-**

# EXHIBIT 33



# Newsroom

Search Newsroom     Popular Topics ⌄

**PRESS RELEASE**
September 10, 2019

# Apple unveils
# Apple Watch Series 5



Featuring an Always-On Retina Display, Built-In Compass and
International Emergency Calling



Exhibit 33
-652-



Apple Watch Series 5. 

Cupertino, California — Apple today announced Apple Watch Series 5, debuting an Always-On Retina display that never sleeps, so it's easy to see the time and other important information, without raising or tapping the display. New location features, from a built-in compass to current elevation, help users better navigate their day, while international emergency calling[1] allows customers to call emergency services directly from Apple Watch in over 150 countries, even without iPhone nearby. Apple Watch Series 5 is available in a wider range of materials, including aluminum, stainless steel, ceramic and an all-new titanium. Combined with the power of watchOS 6, users are empowered to take charge of their health and fitness with new features like Cycle Tracking, the Noise app and Activity Trends.



Exhibit 33
-653-



Apple Watch Series 5 comes in a new case material made of titanium. 

"We've seen Apple Watch have a meaningful impact on our customers' lives and we're excited to deliver even more capabilities with Apple Watch Series 5 and watchOS 6," said Jeff Williams, Apple's chief operating officer. "The seamless integration of new hardware and software delivers an enhanced experience that makes it even easier to stay active and connected to the people and information users care about."

Starting today, Apple Watch Series 5 (GPS) is available to order in 41 countries and regions and Apple Watch Series 5 (GPS + Cellular) is available to order in 22 countries and regions. Both models will be available in stores beginning Friday, September 20.



Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

**Exhibit 33**
**-654-**



The Always-On Retina display makes it easier to see the time and relevant metrics during workouts.

## Always-On Retina Display

Apple Watch Series 5 features an innovative new display that allows the time and important information to remain visible at all times. Each watch face has been carefully optimized for the new display and to preserve battery life, the screen intelligently dims when a user's wrist is down and returns to full brightness with a raise or a tap. Several advanced technologies work together to deliver this new feature, including the industry's only low-temperature polysilicon and oxide display (LTPO), ultra-low power display driver, efficient power management integrated circuit and new ambient light sensor. This combination of hardware innovation and incredible software design allows Apple Watch Series 5 to offer all-day 18-hour battery life.[2]



Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

**Exhibit 33**

**-655-**



The screen intelligently dims and brightens with the motion of the wrist.



## Navigation

Updated location features on Apple Watch Series 5 provide customers with
greater navigation tools to use throughout the day. The new built-in
compass and updated Maps app allow users to see which way they are
facing. With Apple Watch Series 5, customers can use the new Compass
app to see heading, incline, latitude, longitude and current elevation. Users
can even add one of three new Compass complications to their watch face
to see direction at a glance.



Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

**Exhibit 33**
**-656-**



Apple Watch Series 5 features a new Compass app.

## International Emergency Calling

For added personal safety while traveling, users with cellular models of Apple Watch Series 5 can now complete international calls to emergency services, regardless of where the device was originally purchased or if the cellular plan has been activated. International emergency calling also works with fall detection, if enabled, to automatically place an emergency call if Apple Watch senses the user has taken a hard fall and remains motionless for about a minute.

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

**Exhibit 33
-657-**



Apple Watch Series 5 can now complete calls to emergency services when traveling internationally. 

## watchOS 6

Additional health and fitness features come with watchOS 6, including the new Cycle Tracking app, which gives customers the ability to log important information related to their menstrual cycles, and see predicted timing for their next period and fertile windows using the convenience of Apple Watch.[3] The Noise app helps users understand the ambient sound levels in environments such as concerts and sporting events that could negatively impact hearing, and Activity Trends on iPhone provides a long-term view of their activity patterns to help them understand their progress. watchOS 6 also brings dynamic new watch faces, including Meridian, Modular Compact and Solar Dial, which can be easily customized for quicker access to favorite apps.



Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 7 of 15

**Exhibit 33**
**-658-**



The Meridian face is new to watchOS 6.

## Apple Watch Studio

For the first time, Apple Watch customers can enjoy a more personalized experience when purchasing Apple Watch Series 5 in Apple Stores, from apple.com and in the Apple Store app.[4] Exclusively at Apple, the new Apple Watch Studio gives customers the opportunity to pick their preferred case and band combination to create a look that is uniquely their own.[5]



Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 8 of 15

**Exhibit 33**
**-659-**



Customers can now pick their preferred case and band combination. 

## Apple Watch Lineup

Apple is introducing a new case material made of titanium, a prized material in watchmaking that has superb strength-to-weight ratio and is lighter than stainless steel. Available in two beautiful brushed finishes, the natural titanium has a custom-engineered surface which helps maintain its color and resist staining, while the space black titanium achieves its deep color from a diamond-like coating (DLC).



Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 9 of 15

Exhibit 33
-660-



The new sport loop in midnight blue featured on space gray aluminum case.

Classic styles like the stainless steel case in gold, silver and space black remain, while the aluminum case in silver, gold and space gray is now made for the first time from 100 percent recycled 7000 series aluminum. This fall, the highly scratch-resistant and beautiful white ceramic case is also available, along with a new sport loop and a wide range of great new band colors, which work with any generation of Apple Watch.



Apple Watch Nike features new colors of the Nike Sport Band and reflective Nike Sport

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 10 of 15

Exhibit 33
-661-

Apple Watch Nike features new colors of the Nike Sport Band and reflective Nike Sport Loop.

Apple Watch Nike features a new watch face inspired by the classic Nike Windrunner jacket design, accompanied by new colors of the Nike Sport Band and reflective Nike Sport Loop. Apple Watch Hermès introduces several new styles, including an update to last fall's popular color block band, now in a new Della Cavalleria print, and an all-black version with an exclusive Hermès gradient watch face.



Apple Watch Hermès introduces a color block band with Della Cavalleria print, and an all-black version.

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 11 of 15

**Exhibit 33
-662-**

Apple Watch Hermès introduces a color block band with Della Cavalleria print, and an all-black version.

• • • •

## Pricing and Availability

- Apple Watch Series 5 (GPS) starts at **$399** (US) and Apple Watch Series 5 (GPS + Cellular) starts at **$499**. The popular Series 3 (GPS), with built-in GPS, optical heart rate sensor and water resistance, starts at a new low price of **$199** and Series 3 (GPS + Cellular) is **$299**.

- Apple Watch Series 5 (GPS) is available to order today from apple.com and in the Apple Store app, with availability beginning Friday, September 20 in the *US*, *Puerto Rico*, the *US Virgin Islands* and 38 other countries and regions.

- Apple Watch Series 5 (GPS + Cellular) is available to order today from apple.com and in the Apple Store app, with availability beginning Friday, September 20 in the *US*, *Puerto Rico* and 20 other countries and regions. For carrier availability, visit apple.com/watch/cellular.

- Apple Watch Nike is available to order today from apple.com and in the Apple Store app, with availability beginning Friday, October 4 in the *US*, *Puerto Rico* and more than 51 other countries and regions. For more information, visit apple.com/apple-watch-nike or nike.com/applewatch.

- Apple Watch Hermès is available to order today from apple.com and in the Apple Store app, with availability beginning Friday, September 20 in the *US* and more than 14 other countries and regions. For more information, visit apple.com/apple-watch-hermes or hermes.com/applewatchhermes.

- New Apple Watch bands are available to order today from apple.com and in the Apple Store app, with availability beginning Friday, September 20.

- watchOS 6 will be available for Apple Watch Series 3 and later on September 19 and for Apple Watch Series 1 and 2 later this fall.

- Customers in the US can trade in their eligible device for an Apple Store Gift Card, or a refund on their purchase. If their device isn't eligible for credit, Apple will recycle it for free.[6]

- Customers get 3 percent Daily Cash when they buy Apple Watch Series 5 from Apple with Apple Card.

- Customers can get up to two years of technical support and accidental damage coverage with AppleCare+.

- Customers who buy Apple Watch from Apple will be offered free Personal Setup, in-store or online,[7] to help set up and personalize their new Apple Watch with calendars, notifications, apps and more.

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 12 of 15

**Exhibit 33**
**-663-**

- Customers can get up to two years of technical support and accidental damage

- Customers who buy Apple Watch from Apple will be offered free Personal Setup, in-store or online,[7] to help set up and personalize their new Apple Watch with calendars, notifications, apps and more.

  **Images of Apple Watch Series 5**
Download all images ⊕

Apple revolutionized personal technology with the introduction of the Macintosh in 1984. Today, Apple leads the world in innovation with iPhone, iPad, Mac, Apple Watch, and Apple TV. Apple's five software platforms — iOS, iPadOS, macOS, watchOS, and tvOS — provide seamless experiences across all Apple devices and empower people with breakthrough services including the App Store, Apple Music, Apple Pay, and iCloud. Apple's more than 100,000 employees are dedicated to making the best products on earth, and to leaving the world better than we found it.

[1] Cellular models only and not available in all areas.
[2] Battery life varies by use.
[3] Fertile window predictions should not be used as a form of birth control.
[4] Not available in all countries.
[5] Combinations can be made within collections only.
[6] Trade-in values vary based on the condition, year and configuration of your trade-in device, and may also vary between online and in-store trade-in. You must be at least 18 years old. Offer may not be available in all countries. In-store trade-in requires presentation of a valid, government-issued photo ID (local law may require saving this information). Additional terms from Apple or Apple's trade-in partners may apply.
[7] In most countries.

## Press Contacts

**Lance Lin**

Apple
lance_lin@apple.com
(408) 974-5036

**Nikki Rothberg**

Apple
nrothberg@apple.com
(408) 974-4427

**Apple Media Helpline**

media.help@apple.com
(408) 974-2042

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Apple Media Helpline
(408) 974-2042

## Latest Articles




**PRESS RELEASE**

**Apple Arcade expands its award-winning catalog to more than 180 games**

April 2, 2021

 Newsroom

The latest news and updates, direct from Apple.

**Read more ›**



|  Newsroom   Apple unveils Apple Watch Series 5 |

| Shop and Learn | Services | Apple Store | For Business | Apple Values |
| --- | --- | --- | --- | --- |
| Mac | Apple Music | Find a Store | Apple and Business | Accessibility |
| iPad | Apple TV+ | Shop Online | Shop for Business | Education |
| iPhone | Apple Fitness+ | Genius Bar | | Environment |
| Watch | Apple News+ | Today at Apple | For Education | Inclusion and Diversity |
| TV | Apple Arcade | Apple Camp | Apple and Education | Privacy |
| Music | iCloud | Apple Store App | Shop for K-12 | Racial Equity and Justice |

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

Page 14 of 15

**Exhibit 33**
**-665-**





New Games                    See All

PRESS RELEASE

**Apple Arcade expands its award-winning catalog to more than 180 games**

April 2, 2021



**Newsroom**

The latest news and updates, direct from Apple.

**Read more ›**

 Newsroom > Apple unveils Apple Watch Series 5

| Shop and Learn | Services | Apple Store | For Business | Apple Values |
|---|---|---|---|---|
| Mac | Apple Music | Find a Store | Apple and Business | Accessibility |
| iPad | Apple TV+ | Shop Online | Shop for Business | Education |
| iPhone | Apple Fitness+ | Genius Bar | | Environment |
| Watch | Apple News+ | Today at Apple | **For Education** | Inclusion and Diversity |
| TV | Apple Arcade | Apple Camp | Apple and Education | Privacy |
| Music | iCloud | Apple Store App | Shop for K-12 | Racial Equity and Justice |
| AirPods | Apple One | Refurbished and Clearance | Shop for College | Supplier Responsibility |
| HomePod | Apple Card | Financing | | |
| iPod touch | Apple Books | Apple Trade In | **For Healthcare** | **About Apple** |
| Accessories | App Store | Order Status | Apple in Healthcare | Newsroom |
| Gift Cards | | Shopping Help | Health on Apple Watch | Apple Leadership |
| | **Account** | | Health Records on iPhone | Job Opportunities |
| | Manage Your Apple ID | | | Investors |
| | Apple Store Account | | **For Government** | Events |
| | iCloud.com | | Shop for Government | Contact Apple |
| | | | Shop for Veterans and Military | |

More ways to shop: Find an Apple Store or other retailer near you. Or call 1-800-MY-APPLE.

Copyright © 2021 Apple Inc. All rights reserved.    Privacy Policy | Terms of Use | Sales and Refunds | Legal | Site Map                    United States

Document title: Apple unveils Apple Watch Series 5 - Apple
Capture URL: https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/
Capture timestamp (UTC): Fri, 02 Apr 2021 23:47:16 GMT

# EXHIBIT 34

**Apple Inc.**

**CONDENSED CONSOLIDATED STATEMENTS OF OPERATIONS (Unaudited)**

(In millions, except number of shares which are reflected in thousands and per share amounts)

| | Three Months Ended | |
|---|---|---|
| | December 26, 2020 | December 28, 2019 |
| Net sales: | | |
| Products | $ 95,678 | $ 79,104 |
| Services | 15,761 | 12,715 |
| Total net sales [1] | 111,439 | 91,819 |
| Cost of sales: | | |
| Products | 62,130 | 52,075 |
| Services | 4,981 | 4,527 |
| Total cost of sales | 67,111 | 56,602 |
| Gross margin | 44,328 | 35,217 |
| | | |
| Operating expenses: | | |
| Research and development | 5,163 | 4,451 |
| Selling, general and administrative | 5,631 | 5,197 |
| Total operating expenses | 10,794 | 9,648 |
| | | |
| Operating income | 33,534 | 25,569 |
| Other income/(expense), net | 45 | 349 |
| Income before provision for income taxes | 33,579 | 25,918 |
| Provision for income taxes | 4,824 | 3,682 |
| Net income | $ 28,755 | $ 22,236 |
| | | |
| Earnings per share: | | |
| Basic | $ 1.70 | $ 1.26 |
| Diluted | $ 1.68 | $ 1.25 |
| Shares used in computing earnings per share: | | |
| Basic | 16,935,119 | 17,660,160 |
| Diluted | 17,113,688 | 17,818,417 |
| | | |
| [1] Net sales by reportable segment: | | |
| Americas | $ 46,310 | $ 41,367 |
| Europe | 27,306 | 23,273 |
| Greater China | 21,313 | 13,578 |
| Japan | 8,285 | 6,223 |
| Rest of Asia Pacific | 8,225 | 7,378 |
| Total net sales | $ 111,439 | $ 91,819 |
| | | |
| [1] Net sales by category: | | |
| iPhone | $ 65,597 | $ 55,957 |
| Mac | 8,675 | 7,160 |
| iPad | 8,435 | 5,977 |
| Wearables, Home and Accessories | 12,971 | 10,010 |
| Services | 15,761 | 12,715 |
| Total net sales | $ 111,439 | $ 91,819 |

**Exhibit 34**

**Apple Inc.**

**CONDENSED CONSOLIDATED BALANCE SHEETS (Unaudited)**

(In millions, except number of shares which are reflected in thousands and par value)

| | December 26, 2020 | September 26, 2020 |
|---|---|---|
| **ASSETS:** | | |
| Current assets: | | |
| Cash and cash equivalents | $ 36,010 | $ 38,016 |
| Marketable securities | 40,816 | 52,927 |
| Accounts receivable, net | 27,101 | 16,120 |
| Inventories | 4,973 | 4,061 |
| Vendor non-trade receivables | 31,519 | 21,325 |
| Other current assets | 13,687 | 11,264 |
| Total current assets | 154,106 | 143,713 |
| | | |
| Non-current assets: | | |
| Marketable securities | 118,745 | 100,887 |
| Property, plant and equipment, net | 37,933 | 36,766 |
| Other non-current assets | 43,270 | 42,522 |
| Total non-current assets | 199,948 | 180,175 |
| Total assets | $ 354,054 | $ 323,888 |
| | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY:** | | |
| Current liabilities: | | |
| Accounts payable | $ 63,846 | $ 42,296 |
| Other current liabilities | 48,504 | 42,684 |
| Deferred revenue | 7,395 | 6,643 |
| Commercial paper | 5,000 | 4,996 |
| Term debt | 7,762 | 8,773 |
| Total current liabilities | 132,507 | 105,392 |
| | | |
| Non-current liabilities: | | |
| Term debt | 99,281 | 98,667 |
| Other non-current liabilities | 56,042 | 54,490 |
| Total non-current liabilities | 155,323 | 153,157 |
| Total liabilities | 287,830 | 258,549 |
| | | |
| Commitments and contingencies | | |
| | | |
| Shareholders' equity: | | |
| Common stock and additional paid-in capital, $0.00001 par value: 50,400,000 shares authorized; 16,823,263 and 16,976,763 shares issued and outstanding, respectively | 51,744 | 50,779 |
| Retained earnings | 14,301 | 14,966 |
| Accumulated other comprehensive income/(loss) | 179 | (406) |
| Total shareholders' equity | 66,224 | 65,339 |
| Total liabilities and shareholders' equity | $ 354,054 | $ 323,888 |

**Exhibit 34**

**Apple Inc.**

**CONDENSED CONSOLIDATED STATEMENTS OF CASH FLOWS (Unaudited)**

(In millions)

| | Three Months Ended | |
|---|---|---|
| | December 26, 2020 | December 28, 2019 |
| Cash, cash equivalents and restricted cash, beginning balances | $ 39,789 | $ 50,224 |
| Operating activities: | | |
| Net income | 28,755 | 22,236 |
| Adjustments to reconcile net income to cash generated by operating activities: | | |
| Depreciation and amortization | 2,666 | 2,816 |
| Share-based compensation expense | 2,020 | 1,710 |
| Deferred income tax benefit | (58) | (349) |
| Other | 25 | (142) |
| Changes in operating assets and liabilities: | | |
| Accounts receivable, net | (10,945) | 2,015 |
| Inventories | (950) | (28) |
| Vendor non-trade receivables | (10,194) | 3,902 |
| Other current and non-current assets | (3,526) | (7,054) |
| Accounts payable | 21,670 | (1,089) |
| Deferred revenue | 1,341 | 985 |
| Other current and non-current liabilities | 7,959 | 5,514 |
| Cash generated by operating activities | 38,763 | 30,516 |
| Investing activities: | | |
| Purchases of marketable securities | (39,800) | (37,416) |
| Proceeds from maturities of marketable securities | 25,177 | 19,740 |
| Proceeds from sales of marketable securities | 9,344 | 7,280 |
| Payments for acquisition of property, plant and equipment | (3,500) | (2,107) |
| Payments made in connection with business acquisitions, net | (9) | (958) |
| Other | 204 | (207) |
| Cash used in investing activities | (8,584) | (13,668) |
| Financing activities: | | |
| Proceeds from issuance of common stock | — | 2 |
| Payments for taxes related to net share settlement of equity awards | (2,861) | (1,379) |
| Payments for dividends and dividend equivalents | (3,613) | (3,539) |
| Repurchases of common stock | (24,775) | (20,706) |
| Proceeds from issuance of term debt, net | — | 2,210 |
| Repayments of term debt | (1,000) | (1,000) |
| Proceeds from/(Repayments of) commercial paper, net | 22 | (979) |
| Other | (22) | (16) |
| Cash used in financing activities | (32,249) | (25,407) |
| Decrease in cash, cash equivalents and restricted cash | (2,070) | (8,559) |
| Cash, cash equivalents and restricted cash, ending balances | $ 37,719 | $ 41,665 |
| Supplemental cash flow disclosure: | | |
| Cash paid for income taxes, net | $ 1,787 | $ 4,393 |
| Cash paid for interest | $ 619 | $ 771 |

**Exhibit 34**

**-669-**

# EXHIBIT 35



Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 1 of 12

**Exhibit 35**

**-670-**



AAPL +0.40%

(Bloomberg) -- Apple Inc.'s stock could reach a market capitalization of $3 trillion, analysts say, citing the development of the Apple Car as well as high expectations for the next iPhone.

Citigroup Inc. and Wedbush see potential for the tech giant to hit the milestone, an increase that implies an almost 50% surge from Thursday's close. With a market cap of about $2 trillion currently, Apple is already the most valuable stock in the world.

Developing the Apple Car could boost the company's sales by 10% to 15% after 2024, Citigroup Inc. analyst Jim Suva wrote in a note on Friday. By 2025, he expects the worldwide electric vehicles market to outgrow the combined market for smartphones, PCs, tablets and wearables.

Apple Tilts to IPhone Playbook for Car as Automaker Talks Stall

Wedbush analyst Daniel Ives, whose price target for Apple is a Street-high $175, also sees a $3 trillion valuation on the horizon. In a note on Wednesday, he called recent declines in the stock a "golden buying opportunity," expecting the upcoming iPhone 13 to be a "game changer," with

### TRENDING

1. Oil Gains With Stronger Growth Outlook Allaying Virus Concerns

2. Google AI Research Manager Quits After Two Ousted From Group

3. Yelp to expand data on Asian-owned businesses as consumers prioritize diversity

4. Breaking down what tax breaks companies get

5. Executives at small U.S. banks offer a jolt of optimism

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT



opportunity," expecting the upcoming iPhone 13 to be a "game changer," with supply chain data pointing to greater output rates than for the previous generation.

Apple's shares have slid around 17% since reaching a record high at the end of January amid a rotation out of high-flying tech stocks. They declined 1.8% in early trading on Friday as worries over rising bond yields hit the tech sector more broadly.

(Updates market value, adds Friday's share-price move)

For more articles like this, please visit us at bloomberg.com

Subscribe now to stay ahead with the most trusted business news source.

©2021 Bloomberg L.P.

Comments

Welcome to Yahoo comments! Please keep conversations courteous and on-topic. See our community guidelines for more information.

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 3 of 12

**Exhibit 35**
**-672-**



courteous and on-topic. See our community guidelines for more information.

Share your feedback on our comment section by taking this survey.

| | |
|---|---|
| Be the first to comment... | 😊 GIF |

Powered by ◯ OpenWeb                    Feedback

## Popular in the Community



**Russia says in talks to make more military equipment in India**
💬 1 comment



**BBC's John Sudworth: Why I had to leave China**
💬 1 comment



**Now the hard part: Biden tax hike face hurdles in Congress**
💬 1 comment

## RECOMMENDED STORIES



Yahoo Finance
**3 reasons Goldman Sachs is super bullish on bank stocks**
Goldman Sachs is feeling bank stocks. Here are three names it really likes.

1d ago



**Vrbo**

Find family getaways nearby          Book ea...



Reuters
**India court says ByteDance must deposit $11 million in tax evasion case**
An Indian court on Tuesday said China's ByteDance must deposit around $11 million that authorities believe the company owes in an alleged case of tax evasion, a decision...

Vacation is just

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 4 of 12

**Exhibit 35**
**-673-**



**yahoo!**finance    Search for news, symbols or companies    🔍    Sign in 🔔 ✉️



AAPL +0.39%

An Indian court on Tuesday said China's ByteDance must deposit around $11 million that authorities believe the company owes in an alleged case of tax evasion, a decision...

9h ago



**FX Empire**

**Monthly Recap: Bitcoin and Ethereum Post Over 30% Gains in March**

Bitcoin closed its sixth consecutive month in the green. Exchange rate data from CEX.IO shows that the flagship cryptocurrency opened in March at a low of $45,063 and...

1d ago



**CoinDesk**

**Bitcoin Rangebound With Support Near $57,900**

BTC continues to consolidate, although selling pressure remains limited to rising support levels on intraday charts.

8h ago



**Bloomberg**

**Rate-Hike Bets Unwind in India's Bond Markets With Virus Surge**

(Bloomberg) -- A record jump in coronavirus cases in India is leading the nation's bond traders to pare bets that the central bank will shift to a tighter policy stance as early as...

1d ago



**Yahoo Finance**

**This major investor invested $100 million of his winnings from the GameStop trading frenzy into**

Mudrick Capital's Jason Mudrick is making power moves after cashing in during the GameStop trading frenzy earlier this year. Here's why he is now putting money to work on...

3h ago



**USA TODAY**

**Stimulus checks sent to 130M Americans so far. Delayed payments for some Social Security**

The Treasury has issued more than 130 million stimulus payments under President Biden's American Rescue Plan. Here's how to check your payment status.

22h ago



**Yahoo Finance**



Vrbo

Find family getaways nearby

Book e...



Vrbo

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 5 of 12

**Exhibit 35**
-674-



   



☰ HOME    MAIL    NEWS    FINANCE    SPORTS    ENTERTAINMENT    LIFE    SHOPPING    YAHOO PLUS    MORE...    y!finance⁺

yahoo!finance    [Search for news, symbols or companies]    🔍    ( Sign in )    🔔    ✉️



**Yahoo Finance**

**Former Disney CEO Michael Eisner to take trading card company Topps public in $1.3 billion SPAC deal**

Topps will become a public company again with the help of former Disney CEO Michael Eisner and top Wall Streeter Jason Mudrick.

8h ago



Vrbo

Find family getaways nearby    ( Book e... )



**Yahoo Finance**

**A 'significant' stock market 'consolidation' may only be months away: Deutsche Bank**

Deutsche Bank warns the stock market could be at risk for a sizable pullback in coming months. Here's what would trigger the sell-off.

2h ago



Vrbo

( Book early )



**MarketWatch**

**We have $1.6 million but most is locked in our 401(k) plans — how can we retire early without paying so**

I feel we have enough savings and it'll continue to grow the next two to three years before we decide to call it quits but the challenge is how to get to the money since it's all in...

1h ago



**MarketWatch**

**'We're seeing widespread frothiness, bubbles, risk-taking and leverage,' warns 'Dr. Doom' on state of**

Prominent academic Nouriel Roubini, a professor of economics at the New York University Stern School of Business, explains in an interview with Bloomberg TV that...

5h ago



**Benzinga**

**Scaramucci: Bitcoin Is The Apex Predator, But Ethereum Will Be The Actual Store Of Value**

Anthony Scaramucci, known Bitcoin proponent heading global investment firm SkyBridge Capital, believes that the future of the digital asset in investment portfolios is...

18h ago



**TipRanks**

**2 Compelling Dividend Stocks Yielding at Least 8%; Oppenheimer Says 'Buy'**

The crises of the past year – the COVID pandemic, the social

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 6 of 12

**Exhibit 35**
**-675-**



   

# yahoo!finance



### 2 Compelling Dividend Stocks Yielding at Least 8%; Oppenheimer Says 'Buy'
The crises of the past year – the COVID pandemic, the social lockdowns, the economic shock – are on the wane, and that's good. However, the crisis post-mortems are rolling in. It's...
1d ago



**Find family getaways nearby**

Book ea



MoneyWise
### Is your state saying no to the $10,200 unemployment tax break?
More than a dozen are not excluding the benefits from state taxes. Is yours among them?
17h ago



Book early



MarketWatch
### A powerful way to keep retirees out of poverty is to tackle this workplace problem
A recent study by ProPublica and the Urban Institute found that as many as half of the 40 million working adults over age 50 will, at some point, be jettisoned from their jobs...
5h ago



Reuters
### Japan Airlines to retire 777 planes with Pratt & Whitney engines after United incident
"JAL has decided to accelerate the retirement of all P&W equipped Boeing 777 by March 2021, which (was) originally planned by March 2022," the Japanese airline said on...
19h ago



Barrons.com
### GE Owns Half of a Jet Engine Maker. What a Bear Thinks Investors Should Know.
J.P. Morgan analyst Stephen Tusa pored over the financials of partner Safran, a French aerospace company. He didn't like what he found.
8h ago



CoinDesk
### Grayscale ETF Announcement May Shore Up GBTC Discount, Analysts Say
With redemptions in sight, GBTC shareholders now know they won't be paying a 2% annual fee forever.
23h ago

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 7 of 12

**Exhibit 35**
**-676-**

   



yahoo!finance

Search for news, symbols or companies    🔍    Sign in    🔔    ✉

23h ago



**Quartz**

**A debt-laden Indian realtor with a Trump connection is all set for an IPO**

Macrotech Developers, formerly known as Lodha Developers, will launch its IPO on BSE and the National Stock Exchange on April 7.

14h ago



Vrbo

**Find family getaways nearby**    Book ea...



**MarketWatch**

**Tesla is on fire, but these EV-related stocks could end up just as hot**

Tesla's first-quarter delivery numbers settled the question of whether demand for electric vehicles would strengthen and reach critical mass. Shares of Tesla Inc. (TSLA) soared last...

1d ago



**Bloomberg**

**Philippines Plans U.S. Dollar Bonds 'Before Rates Skyrocket,' Finance Chief Says**

(Bloomberg) -- Philippines Finance Secretary Carlos Dominguez said the government plans to sell dollar bonds before interest rates rise, and will look for new revenue...

17h ago



Vrbo

Book early



**Worth**

**How DeFi Is Minting the Next Class of Millionaires**

While Bitcoin has smashed record-high after record-high this past year, low market cap "alt-coins" are where savvy investors currently find the biggest returns. The post How...

1d ago



**MarketWatch**

**At what age should you stop saving for retirement?**

My accountant sent my husband and me a note yesterday asking how much we planned to contribute to our retirement accounts for 2020. Maybe I'm sharing too much, but at our...

1d ago



**Benzinga**

**AMC Stocks Pop On Upgrade: Why Analyst Sees Potential For Sharp Recovery**

Meme stock AMC Entertainment Holdings Inc (NYSE: AMC).

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 8 of 12

**Exhibit 35**

**-677-**



### AMC Stocks Pop On Upgrade: Why Analyst Sees Potential For Sharp Recovery
Meme stock AMC Entertainment Holdings Inc (NYSE: AMC), which has had a volatile ride amid the WallStreetBets phenomena, is advancing strongly Monday following a...
1d ago



MarketWatch
### How to pay for healthcare costs in retirement
There's too much focus on big, scary numbers and not enough on the reality of what older Americans spend on health
3h ago





CoinDesk
### Marathon Patent Mined 196 Bitcoin in Q1, Sees Having 100K+ Miners Online by Early 2022
Marathon's ASIC spending spree is one of many, and it could signal that bitcoin's hashrate will hit new highs still this year.
22h ago





MarketWatch
### Financial crises get triggered about every 10 years — Archegos might be right on time
No one, for now, can say for sure that the so-called family office's billions in investment losses won't spread.
23h ago



MarketWatch
### Artificial intelligence has advanced so much, it wrote this article
YOUR DIGITAL SELF I did not write this article. In fact, it wasn't written by any person. Every sentence you see after this introduction is the work of OpenAI's GPT-3, a powerful...
1d ago



MarketWatch
### CFPB moves to avert a wave of foreclosures
The Consumer Financial Protection Bureau is moving to strengthen protections for struggling mortgage borrowers, including those with non-federally backed loans who have s...
23h ago

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

**Exhibit 35**
**-678-**









including those with non-federally backed loans who have s...

23h ago



AAPL +0.39%

**CoinDesk**

**XRP Rises Above $1 for First Time Since March 2018, Despite SEC Shadow**

The XRP token's price continues to draw support from a community of loyal and devoted cryptocurrency traders.

7h ago



**Yahoo Finance**

**Biden's electric vehicle ambitions may send Tesla stock skyrocketing to $1,300: analyst**

Wedbush analyst Dan Ives takes the wraps off his new price target on Tesla, but hints there may be even more upside to it.

1d ago



**MoneyWise**

**Bill Gates is betting big on US farmland – should you stake your claim?**

The old fashioned asset fits Gates' charitable goals, but it's also a proven moneymaker.

5h ago



**MarketWatch**

**Saving for retirement? Here are four key lessons**

If you're saving money for retirement, there are four important lessons I hope you'll learn. Lesson 1: When you start saving, the amount you invest will make more...

4h ago



**Barrons.com**

**Costco's March Sales Might Not Matter. There's a Bigger Challenge Ahead.**

Retailing giant Costco seems set to beat March sales estimates. Guggenheim analyst John Heinbockel notes the fiscal fourth quarter ending August could. be more...

5h ago



**Barrons.com**

**Nikola Founder Makes a Curious $48.6M Stock Sale**

Trevor Milton reduced his stake in his former company---



Vrbo

**Find family getaways nearby**

Book ea



Vrbo

Vacation home

Book ea

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 10 of 12

**Exhibit 35**
**-679-**

   

**yahoo!finance**

Search for news, symbols or companies   🔍

Sign in   🔔   ✉️



Barrons.com

### Nikola Founder Makes a Curious $48.6M Stock Sale

Trevor Milton reduced his stake in his former company—
again. The move seems to have driven the stock down on
Monday.

23h ago



Barrons.com

### Grayscale Wants to Turn Giant Bitcoin Fund Into an ETF. Why It's a Big Deal.

The trust has been trading at a discount to its net asset
value as expectations grow that U.S. Bitcoin ETFs could offer
exposure to the currency at lower cost.

22h ago



CoinDesk

### Cardano Venture Fund Makes First Investment: $500K in Payments Firm COTI

Rather than reinventing DeFi on a faster version of
Ethereum, Cardano is doing something different, said COTI
CEO Shahaf Bar-Geffen.

6h ago



Yahoo Finance

### The record-setting U.S. economy is here: Morning Brief

Top news and what to watch in the markets on Tuesday, April
6, 2021.

10h ago



MarketWatch

### GameStop: The incredible unshortable stock

Even news that a new equity offering will dilute share price
can't dampen the enthusiasm of GME's Reddit army to
squeeze the shorts.

22h ago



MarketWatch

### Why Berkshire Hathaway would be hurt by the changes these big shareholders propose

This is the time of year when companies host annual
meetings where shareholders get to make and vote on
various proposals. Boards focus on their particular...

8h ago



Vrbo

**Find family getaways nearby**

Book ea...



Vrbo

🔍 Vacation homes near me

Book ea...

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 11 of 12

**Exhibit 35
-680-**






HOME   MAIL   NEWS   FINANCE   SPORTS   ENTERTAINMENT   LIFE   SHOPPING   YAHOO PLUS   MORE...



yahoo!finance

Search for news, symbols or companies

Sign in



meetings where shareholders get to make and vote on various proposals. Boards focus on their particular...

8h ago

AAPL +0.38%



Vrbo

Find family
getaways nearby

Book ea...



Bloomberg

**Enbridge to Biden: Lake Michigan Pipeline Tunnel Fits U.S. Plans**

(Bloomberg) -- Enbridge Inc. wants to show the Joe Biden administration that the tunnel the Canadian company is building for its oil pipeline under Lake Michigan is exactly...

9h ago



Oilprice.com

**World's Largest Lithium Producer: Get Ready For A Mega-Rally**

With the EV boom squarely in the front view mirror, and with battery gigafactories promising to be heavy-hitting purchasers, lithium prices have started to rise at a fast pace

2d ago



Vrbo

Lakefront

Book ea...



Reuters

**Credit Suisse overhauls management as it takes $4.7 billion hit on Archegos**

Credit Suisse said on Tuesday it will take a 4.4 billion Swiss franc ($4.7 billion) hit from dealings with Archegos Capital Management, prompting it to overhaul the leadership of its...

16h ago



Barrons.com

**Why the Latest Big Oil Deal Is Making Wall Street Nervous**

Pioneer Natural Resources is buying privately held DoublePoint Energy in a deal valued at $6.4 billion that includes $1 billion in cash.

1d ago



MarketWatch

**GameStop falls after filing to sell up to 3.5 million shares**

GameStop Corp. shares dropped Monday, but bounced sharply off earlier lows, after the videogame and consumer electronics retailer finally took advantage of the trading...

1d ago



MarketWatch

**Roblox 'is blurring the lines between social and gaming' analysts say as stock rallies anew**

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 12 of 12

**Exhibit 35**

**-681-**

# EXHIBIT 36

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048JVS(JDEx) | Date | April 17, 2020 |
| Title | Masimo Corporation, et al v Apple, Inc | | |

Present: The Honorable        **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] ORDER RE SCHEDULING DATES**

The Court has read and considered the parties Rule 26(f) Report and sets the following dates:

| | |
|---|---|
| **Jury Trial** | **April 5, 2022 at 8:30 a.m.** |
| **Final PreTrial Conference** | **March 21, 2022 at 11:00 a.m.** |
| File PreTrial Documents not later than March 7, 2022 | |
| File motions in limine not later than February 14, 2022 | |
| **Discovery Cut-off** | **July 5, 2021** |
| **Expert Discovery Cut-off** | **December 6, 2021** |
| Initial disclosure of Experts not later than September 6, 2021 | |
| Rebuttal disclosure of Experts not later than October 18, 2021 | |
| **Law and Motion Cut-off** | **February 7, 2022 at 1:30 p.m.** |
| Motions to be filed and served not later than January 10, 2022 | |
| **Markman Hearing** | **February 8, 2021 at 3:00 p.m.** |

Counsel inform the Court that their selection for a settlement procedure pursuant to Local Rule 16-15 is ADR #3, private mediation.  The Court orders that any settlement discussions shall be completed not later than November 30, 2021.  Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

The Court adopts discvoery limits in Sections 6a-c.  Total hours for depositions 100.  Court will deal with reduction of claims, prior art references at a hearing on **July 10, 2020 at 3:00 p.m.** Parties shall submit joint/separate proposals in one filing by July 3, 2020.  The Court adopts the patent specific dates.  The Court stays the trade secret discovery only pending compliance with 2019.210.  Any dispute over compliance shall be heard before the Magistrate Judge.

| | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |

**Exhibit 36**
**-682-**

1

2

3

4

5

6

7

8

9

10

11                     **IN THE UNITED STATES DISTRICT COURT**

12                  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                            **SOUTHERN DIVISION**

14

15  MASIMO CORPORATION,              )   Case No. 8:20-cv-00048-JVS-JDE
    a Delaware corporation; and      )
16  CERCACOR LABORATORIES, INC.,     )   Hon. James V. Selna
    a Delaware corporation           )   Magistrate Judge John D. Early
17                                   )   **ORDER GRANTING**
              Plaintiffs,            )   **STIPULATION TO AMEND THE**
18                                   )   **SCHEDULING ORDER**
         v.                          )
19                                   )
    APPLE INC., a California corporation )
20                                   )
              Defendant.             )
21                                   )
                                     )
22  ─────────────────────────────── )

23

24

25

26

27

28

**Exhibit 36**
**-683-**

1        This matter is before the Court pursuant to the parties' Stipulation to
2  Amend the Scheduling Order.  Based on the stipulation of the parties, and good
3  cause appearing, the Court GRANTS the Stipulation and AMENDS the
4  Scheduling Order as shown below.

| Event | Current Deadline | New Deadline |
|---|---|---|
| Joint Claim Narrowing Proposal | September 21, 2020 | November 23, 2020 |
| Exchange of Proposed Claim Terms for Construction (Patent L.R. 4-1) | September 21, 2020 | December 7, 2020 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | October 12, 2020 | January 11, 2021 |
| Invalidity Contentions on newly asserted patents (Patent L.R 3-3 and 3-4) | October 22, 2020 | |
| Infringement Contentions (Patent L.R. 3-1 and 3-2) | November 13, 2020 | |
| Joint Markman Prehearing Statement (Patent L.R. 4-3) | November 9, 2020 | February 1, 2021 |
| Complete Claim Construction Discovery (Patent L.R. 4-4) | December 7, 2020 | March 1, 2021 |
| Simultaneous Opening Markman Briefs (Patent L.R. 4-5) | December 21, 2020 | March 15, 2021 |
| Last Date to Add Parties / Amend Pleadings | December 23, 2020 | |

Exhibit 36
-684-

| Event | Current Deadline | New Deadline |
|---|---|---|
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | January 25, 2021 | April 12, 2021 |
| *Markman* hearing | February 8, 2021 | April 26, 2021 at 3:00 p.m. |
| Non-expert Discovery cut off | July 5, 2021 | |

**IT IS SO ORDERED.**

Dated: September 21, 2020

_____

Honorable James V. Selna

33525107

**Exhibit 36**
**-685-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED

CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion for Stay**

Before the Court is Defendant Apple Inc.'s ("Apple") motion to stay proceedings pending inter partes review ("IPR"). Mot., ECF No. 196-1. Plaintiffs Masimo Corporation ("Masimo") and Ceracor Laboratories, Inc. ("Ceracor") (collectively – "Plaintiffs") filed an opposition. Opp'n, ECF No. 209-1. Apple filed a response. Reply, ECF No. 217.

For the following reasons, the Court **GRANTS** the motion as to claims one through twelve.

## I. BACKGROUND

The background of this case is well known to the parties, and is only repeated here so as to frame the discussion below. Plaintiffs specialize in the development and sale of noninvasive technology that monitors physiological parameters. Opp'n at 2-3. Its core business is in the production of products that measure blood oxygen content, also known as pulse oximeters. Mot. at 15. Apple, the well-known consumer technology company, is the creator of the Apple Watch, a leading smart watch. The most recent version of the Apple Watch, the Series 6, was announced on September 15, 2020, and notably includes the ability to measure "Blood Oxygen." Opp'n at 7. This patent infringement and trade secrets lawsuit, however, goes back to Apple's hiring of some of Masimo's employees beginning in 2013. Second Amended Complaint ("SAC"), ECF No. 88-2, ¶¶ 19-25.

On January 9, 2020, Plaintiffs filed their complaint against Apple, alleging

**Exhibit 36**
**-686-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 359 of 365   Page ID
#:31325
Case 8:20-cv-00048-JVS-JDE   Document 222   Filed 10/13/20   Page 2 of 8   Page ID #:16559

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

infringement of the ten patents.[1]  Plaintiffs subsequently filed a First Amended Complaint ("FAC") on March 25, 2020, alleging infringement of two additional patents.[2] Then, on July 24, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"), removing from the case five patents[3] and adding allegations of infringement of five new patents.[4] Overall, there are now twelve patents at issue in the case.

Apple has since filed IPR petitions challenging all asserted claims of all the asserted patents.[5] pple now asks for the Court to issue a stay pending a determination by the Patent Trial and Appeal Board ("PTAB") of their IPR petitions. See generally Mot.

### II. LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to stay an action pending IPR, a court's discretion is typically guided by three factors: "(1)

---

[1]U.S. Patent Nos. 10,258,265 ("the '265 patent"), 10,258,266 ("the '266 patent"), 10,292,628 ("the '628 patent"), 10,299,708 ("the '708 patent"), 10,376,190 ("the '190 patent"), 10,376,191 ("the '191 patent"), 10,470,695 ("the '695 patent"), 6,771,994 ("the '994 patent"), 8,457,703 ("the '703 patent"), and 10,433,776 ("the '776 patent"). See generally Complaint, ECF No. 1.

[2]U.S. Patent Nos. 10,588,553 ("the '553 patent") and 10,588,554 ("the '554 patent"). See generally FAC, ECF No. 28.

[3]The five patents that were removed were the '266, '708, '190, '191, and '695 patents.

[4]U.S. Patent Nos. 10,624,564 ("the '564 patent"), 10,631,765 ("the '765 patent"), 10,702,194 ("the '194 patent"), 10,702,195 ("the '195 patent"), and 10,709,366 ("the '366 patent"). See generally SAC, ECF 88-2.

[5]On August 31, 2020, Apple filed IPR petitions challenging all asserted claims of the '265 patent, the '776 patent, the '994 patent, and the '553 patent. Rosenthal Decl., ECF No. 197, at pages 29-530. On September 2, 2020, Apple filed IPR petitions challenging all claims of the '554 patent and all claims of the '628 patent. Id. at 532-859. On September 9, 2020, Apple filed an IPR petition challenging all asserted claims of the '703 patent. Id. at 861-945. Finally, on September 30, 2020, Apple filed IPR petitions challenging all claims of the remaining five patents. Andrea Decl., ECF No. 211-1, at pages 22-674.

**Exhibit 36**
-687-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (quoting Aten International Co., Limited v. Emine Technology Co., Limited, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)). The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." Allergan Inc. v. Cayman Chemical Co., 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted). In addition, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." Limestone v. Micron Technology, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

### III. DISCUSSION

*A.    Stage of the Proceedings*

The Court first considers "the stage of proceedings," including the progress of discovery, the status of claim construction, and whether a trial date has been set. See Universal Electronics, 943 F. Supp. 2d at 1031. Essentially, where "there is more work ahead of the parties and the Court than behind," this factors weighs in favor of granting a stay. See Tierravision, Inc. v. Google, Inc., 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012).

This case is in its early stages. On September 21, 2020, the Court issued an amended scheduling order. ECF No. 204. The Amended Scheduling Order notes that the Markman hearing is more than six months away, on April 26, 2021. Id. Fact discovery is not scheduled to close until July 5, 2021, while the expert discovery cut-off is not until December 6, 2021. Order re Scheduling Dates, ECF No. 37. The parties have not noticed or taken any depositions. Andrea Decl., ECF No. 197, ¶ 5. The deadline for the parties to submit their preliminary claim constructions is not until January 11, 2021. Amended Scheduling Order. Trial is set for well more than a year from now. Order re Scheduling Dates.

From these facts it is certainly clear that there is more work ahead of the parties and the Court than behind us. Cf. Purecircle USA Inc. v. Sweegen, Inc., 2019 WL 3220021, at

**Exhibit 36**
**-688-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

*2 (C.D. Cal. June 3, 2019) (finding the case to be in its early stages where no depositions had been taken, no expert discovery had occurred, claim construction was not complete, and trial was nine months away). Plaintiffs' arguments that this case is not in its early stages are unavailing. While it is true that the Court has addressed several motions from the parties and the parties have produced approximately 150,000 pages of discovery, Opp'n at 19-20, these numbers do not weigh heavily when compared to the substantial amount of work in the months of discovery ahead. Nor did Apple's motion for a protective order or Apple's subsequent challenges to the magistrate judge's order, see ECF Nos. 54, 76, and 92, cause undue delay, for it did not significantly impact the schedule mentioned above.

The Court therefore finds that this factor weighs in favor of a stay.

    B.    *Simplification of Issues in Question*

The Court next considers "whether a stay will simplify the issues in question and the trial of the case." Universal Electronics, 943 F. Supp. 2d at 1032. Apple has filed IPR petitions challenging all of the asserted claims in the asserted patents. Reply at 10. If an IPR is instituted and the PTAB issues a final written decision, Apple will be estopped from asserting invalidity based on any ground it "raised or reasonably could have raised" during the IPR. 35 U.S.C. § 315(e)(2). Apple has also stipulated that if the PTAB "institutes on any ground raised in its IPR petitions, Apple will not assert in this litigation that same ground against the corresponding claims" even before the issuance of a final written decision. Rosenthal Decl., ECF No. 197, ¶ 17; Reply at 13. A final IPR determination is expected by March 2021, a month before trial is set.[6] 35 U.S.C. § 316(a)(11).

Although Plaintiffs argue that granting a stay of proceedings prior to institution is "inherently speculative," Opp'n at 21, "courts in this District have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." Purecircle, 2019 WL 3220021, at *3 (collecting cases). This is because "many courts have ultimately been persuaded that the potential to save significant judicial resources sways the analysis in favor of stay." Id. at *2. The statistics in this case

_____

    [6]Apple points out that only 3.8% of written decisions are issued more than 13 months after institution. Reply at 10 n.4. This means there is a 96.2% chance that the written decision will be issued prior to the date for which jury trial is set.

**Exhibit 36**
**-689-**

Case 8:20-cv-00048-JVS-JDE   Document 352-3   Filed 04/22/21   Page 362 of 365   Page ID
#:31328
Case 8:20-cv-00048-JVS-JDE   Document 222   Filed 10/13/20   Page 5 of 8   Page ID #:16562

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

support such a conclusion, for there is a 56% IPR institution rate as of 2020 and 76% of Apple's IPR requests since the beginning of 2019 have led to institution.[7] Rosenthal Decl. at 980, Andrea Decl., ECF No. 211-2, at 701. Plaintiffs seek to distinguish <u>Purecircle</u> because that case only involved a single patent. Opp'n at 23. But Apple correctly notes that the existence of twelve different patents in this case weighs even more heavily in favor of a stay because the IPR proceedings have the potential save an even greater amount of judicial resources. Reply at 13.

Further, where a defendant is actively involved in the IPR process with respect to all of the asserted claims, simplification is likely. <u>See</u> <u>Limestone</u>, 2016 WL 3598109, at *4 ("Because Defendants have petitioned for review of nearly all claims asserted in this action, the outcome of the IPR has the potential to significantly narrow the scope and complexity of the litigation."). If the PTAB cancels all of the asserted claims, the patent claims in this action will be rendered moot. Cancellation of only a portion of the asserted claims may still significantly reduce the scope of this litigation, particularly as there are twelve patents asserted in this case. Notably, only 20% of final written decisions issued in IPRs since 2012 have found all the claims to be patentable, meaning that some winnowing is likely. Rosenthal Decl., at 985. Furthermore, the record developed during the IPR even if institution is denied could inform the claim construction process. <u>Aylus</u> <u>Networks,</u> <u>Inc.</u> <u>v.</u> <u>Apple</u> <u>Inc.</u>, 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer.").

Accordingly, the Court finds that this factor also weighs in favor of a stay. The outcome of the IPR may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved.

---

[7] Plaintiffs do correctly note that Apple has brought a lawsuit over the <u>NHK-Fintiv</u> Rule, which Apple alleges has "dramatically reduced the availability of IPR." Opp'n at 23; Larson Declaration, ECF No. 207-2, 257 ¶ 5. But the <u>NHK-Fintiv</u> Rule relates to those cases where the trial date set in pending litigation would be before PTAB reaches a final written decision in the IPR. <u>See id.</u> at 263 ¶ 40, 266 ¶ 56. As discussed earlier, such is not the case here.

**Exhibit 36
-690-**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

### C.   Undue Prejudice or Tactical Advantage

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, 943 F. Supp. 2d at 1032. "[A] primary issue in an undue prejudice analysis is whether the parties are competitors such that a stay would cause irreparable harm to the patentee in the market." Core Optical Technologies, LLC v. Fujitsu Network Communications, Inc., 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016). "Courts are divided on whether infringement among competitors necessarily constitutes undue prejudice to the non-moving party." Wonderland Nursery Goods Co., Limited v. Baby Trend, Inc., 2015 WL 1809309 at *4 (C.D. Cal. 2015) (emphasis added). But "[o]ne relevant consideration in evaluating [Plaintiff's] claims of undue harm is whether the parties are sole competitors in the relevant markets." Karl Storz v. Stryker Corp., 2015 WL 13727876, at *7 (N.D. Cal. Mar. 30, 2015). The existence of other competitors in the relevant market "undermines the weight that should be afforded Plaintiff's contentions of undue harm." Wonderland, 2015 WL 1809309 at *4.

Plaintiffs argue that they compete with Apple, though Plaintiffs do not clearly define the market in which they compete. Opp'n at 1, 9-17. Plaintiffs instead warn that Apple should not be allowed to "define the market." Id. at 15. Plaintiffs note that they sell consumer pulse oximetry products such as the MightySAT, iSpO2, and Masimo Sleep,[8] while Apple has recently launched the Series 6. Opp'n at 10. Apple argues that these products do not compete because Plaintiffs' products are "clinical grade" while the Series 6 is "not intended for medical use." Reply at 18. Apple further notes that the MightySAT, iSpO2, and Masimo Sleep all are fingertip sensors while the Series 6 is a wrist-worn smart watch. Reply at 19. Plaintiffs respond by arguing that even though the Series 6 is not accurate enough for medical use, Apple is "marketing a device with medical functions while winking and insisting they're not medical functions." Opp'n at 14 (quoting Larson



Moreover, the Apple products are no threat to Masimo's oximetry devices used in a clinical or hospital setting.

**Exhibit 36**
**-691-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-48 JVS (JDEx)                    Date    October 13, 2020

Title    Masimo Corporation et al. v. Apple Inc.

Declaration, ECF No. 207-2, at 152).

Without detailed economic analysis, it is difficult for the Court to evaluate the extent to which the Series 6 is a substitute good for Plaintiffs' consumer pulse oximetry products. There well might be a market for consumer pulse oximetry products broadly and consumers may not distinguish between wrist-worn oximeters and fingertip sensors, as Plaintiffs suggest. Id. at 13. But even if that were true, and consumers would view the Series 6 as a wrist-worn pulse oximeter, Apple points out that a variety of other companies also sell products that measure blood oxygen content. Reply at 20-23 (listing products from Garmin, Fitbit, and Facelake among others). Therefore, to the extent that Plaintiffs and Apple are direct competitors in the broad market for consumer pulse oximetry products, they are certainly not sole competitors, which reduces the amount of prejudice that Plaintiffs would suffer.

Plaintiffs do point out other ways in which they might be prejudiced by a stay. For example, Plaintiffs note that the '776 Patent will expire in June 2022, so a stay would leave the '776 Patent "'in limbo for the majority of its remaining life. Carl Zeiss A.G. v. Nikon Corp., 2018 WL 5081479, at *4 (C.D. Cal. Oct. 16, 2018) (quoting Biomet Biologics v. Bio Rich Med, Inc., 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011)). The Court notes, however, that twelve different patents are at issue in this case, not merely one. Delay may result in the loss of evidence or the inability of witnesses to recall specific facts. Cf. Jones, 520 U.S. at 701 (noting that a "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts"). Finally, the Court notes that although Apple did not file its first IPR petitions for eight months, Plaintiffs most recently added patents to its infringement claims with the filing of the SAC on July 24, 2020. This means that Apple has only waited two months to file IPRs for the most recently asserted patents.

The Court therefore finds that this factor weighs slightly against granting the motion.

D.    *Totality of the Circumstances*

In sum, two of the three factors weigh in favor of granting a stay, whereas the third weighs slightly in favor of denying a stay. Having considered the totality of the circumstances, the Court **GRANTS** Apple's motion to stay pending inter partes review.

**Exhibit 36
-692-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

While the third factor does weigh against granting a stay, the prejudice to Plaintiffs is not substantial as compared to the significant efficiencies and simplification of the issues that would come from instituting a stay. Courts, including this one, have issued stays where there has been some prejudice shown to the Plaintiffs if the stay would result in substantial efficiencies. See, e.g., PureCircle, 2019 WL 3220021, at *4; TeleSign Corp. v. Twilio, Inc., 2016 WL 6821111, at *6 (C.D. Cal. Mar. 9, 2016); Delphix Corp. v. Actifio, Inc., 2014 WL 6068407, at *3 (N.D. Cal. Nov. 13, 2014). This case is similar. Ultimately, the Court concludes that Plaintiffs have not shown sufficient prejudice to tip the balance against issuing a stay.

    *E.*    *The Trade Secret Case*

    Finally, the Court notes Apple's assertion that there is "no reason that the separate and independent trade secret case could not proceed." Mot. at 19. Plaintiffs similarly urge the Court to not stay the trade secret case. Opp'n at 24-25. The Court therefore stays only the patent infringement case, consisting in claims one through twelve of the SAC.

**IV. CONCLUSION**

    For the foregoing reasons, the Court **GRANTS** the motion as to claims one through twelve. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for October 19, 2020, is ordered **VACATED**.

    The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

        **IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

**Exhibit 36
-693-**