Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL THE JOINT STIPULATION AND EXHIBITS REGARDING PLAINTIFFS' SECOND MOTION TO COMPEL** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") respectfully request leave to file under seal (1) portions of the Joint Stipulation Regarding Plaintiffs' Second Motion to Compel Apple to Produce Documents and Fully Answer Interrogatories ("Joint Stipulation"), (2) Exhibits 3, 7, 12, 20-21, 23-25, 27-30, and 34-36 to the Declaration of Adam B. Powell in Support of Plaintiffs' Second Motion to Compel Apple to Produce Documents and Fully Answer Interrogatories ("Powell Declaration"), and (3) Exhibits F, G, and H to the Declaration of Ilissa Samplin in Support of Defendant Apple Inc's Opposition to Plaintiffs' Second Motion to Compel Apple to Produce Documents and Fully Answer Interrogatories ("Samplin Declaration"). Plaintiffs have provided a proposed redacted version of the Joint Stipulation.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

/ / /

/ / /

## II. ARGUMENT

Exhibit 28 is an unredacted copy of Plaintiffs' Fourth Amended Complaint (Dkt. No. 296-1), which describes Plaintiffs' trade secrets. Powell Decl. ¶ 4. Exhibit 29 is an unredacted copy of Plaintiffs' Section 2019.210 Statement, which similarly describes Plaintiffs' trade secrets. *Id.* Exhibits 3, 7, and 30 are discovery requests and responses, which quote from Plaintiffs' descriptions of trade secrets. *Id.* Exhibits 12, 20-21, 23-25, 27, and 34-36 to the Powell Declaration and Exhibit F to the Samplin Declaration are letters that the parties exchanged, which discuss and describe Plaintiffs' trade secrets and technical information. *Id.* Exhibit G is an unredacted copy of the Joint Stipulation regarding Apple's Motion to Compel (Dkt. 259-1), which describes Plaintiffs' trade secrets. *Id.* Exhibit H is an unredacted copy of the Court's April 21, 2021, Order Regarding Motion to Dismiss (Dkt. 350), which describes Plaintiffs' trade secrets. *Id.* The Joint Stipulation also contains descriptions of Plaintiffs' trade secrets. *Id.*

These documents discuss Plaintiffs' confidential and proprietary information. Many of these documents discuss Plaintiffs' technical trade secrets. This information is confidential and valuable to Plaintiffs in part because of its secrecy. *Id.* ¶ 5. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.* Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Other documents discuss Plaintiffs' trade secrets concerning Plaintiffs' business and marketing plans and strategies, and interactions with hospitals. *Id.* ¶ 6. This information is confidential and valuable in part because of its secrecy. Disclosure would enable a competitor to copy, undermine, or otherwise respond to Plaintiffs' confidential plans. For example, competitors could undermine Plaintiffs' strategies through counter marketing efforts or make competitive business plans based on information they would not otherwise have. *Id.* Disclosure would also reveal the activity Plaintiffs are engaged

in with hospitals and what Plaintiffs consider valuable and important to succeed in those activities. Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Plaintiffs added redactions to Apple's portion of the joint stipulation that relate to material Plaintiffs designated as highly confidential. Apple disputes the propriety of some of these redactions. Plaintiffs told Apple they are available to meet and confer, but the parties agreed the dispute should not hold up this filing. Until the dispute is resolved, the material should remain sealed.

Apple asked Plaintiffs to include the following statement: "Plaintiffs have included additional redactions to Apple's portion of the joint stipulation without Apple's permission. Apple disagrees that these additional redactions are proper, and requested that Plaintiffs remove them. Plaintiffs refused, and demanded that Apple pursue this challenge under Paragraphs 8.1 – 8.3 of the Protective Order (Dkt. 67), even though those paragraphs are not applicable to this dispute. Apple reserves all rights to challenge Plaintiffs' overbroad redactions."

### III. **CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request that the Court seal the unredacted Joint Stipulation; Exhibits 3, 7, 12, 20-21, 23-25, 27-30, and 34-36 to the Powell Declaration; and Exhibits F, G, and H to the Samplin Declaration.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | | |
| 4 | Dated: April 28, 2021 | By: */s/ Adam B. Powell* |
| | | Joseph R. Re |
| | | Stephen C. Jensen |
| | | Benjamin A. Katzenellenbogen |
| | | Perry D. Oldham |
| | | Stephen W. Larson |
| | | Mark D. Kachner |
| | | Adam B. Powell |
| | | |
| | | Attorneys for Plaintiffs |
| | | MASIMO CORPORATION and |
| | | CERCACOR LABORATORIES, INC. |