Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:     May 20, 2021<br>Time:     10:00 a.m.<br>Ctrm:     6A<br><br>Discovery Cut-Off:        7/5/2021<br>Pre-Trial Conference:   3/21/2022<br>Trial:                         4/5/2022 |

I, Adam B. Powell, hereby declare as follows:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in Support of Plaintiffs' Second Motion To Compel Apple To Produce Documents and Fully Answer Interrogatories (the "Motion").

2.      On February 16 and 17, 2021, I participated in a meet and confer with counsel for Apple regarding Apple's responses to Plaintiffs' requests for production and Apple's response to interrogatories that are the subject of Plaintiffs' Motion.  The parties discussed their respective positions at length over several hours and were able to resolve some of their disputes.  However, the parties were unable to resolve the disputes that are the subject of Plaintiffs' Motion.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' Third Set of Requests for Production (Nos. 61-147).

4.      Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Fourth Set of Requests for Production (Nos. 148-172).

5.      Attached hereto as **Exhibit 3 [Filed Under Seal]** is a true and correct copy of Plaintiffs' Fifth Set of Requests for Production (Nos. 173-248).

6.      Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Second Set of Interrogatories (Nos. 6-10).

7.      Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of Apple's Objections and Responses to Plaintiffs' Third Set of Requests for Production (Nos. 61-147).

8.      Attached hereto as **Exhibit 6** is a true and correct copy of Apple's Objections and Responses to Plaintiffs' Fourth Set of Requests for Production (Nos. 148-172).

9.      Attached hereto as **Exhibit 7 [Filed Under Seal]** is a true and correct copy of Apple's Objections and Responses to Plaintiffs' Fifth Set of Requests for Production (Nos. 173-248).

10.     Attached hereto as **Exhibit 8** is a true and correct copy of Apple's Supplemental Objections and Responses to Plaintiffs' Second Set of Interrogatories (Nos. 6-10).

11.     Attached hereto as **Exhibit 9** is a true and correct copy of an October 1, 2020, letter from Stephen Larson (counsel of record for Plaintiffs) to Brian Andrea (counsel of record for Apple).

12.     Attached hereto as **Exhibit 10** is a true and correct copy of an October 17, 2020, letter from Mr. Andrea to Mr. Larson.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of a November 16, 2020, letter from Mr. Larson to Mr. Andrea.

14.     Attached hereto as **Exhibit 12 [Filed Under Seal]** is a true and correct copy of a November 24, 2020, letter from Mr. Larson to Mr. Andrea.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of a November 25, 2020, letter from Mr. Andrea to Mr. Larson.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of a December 6, 2020, letter from myself to Mr. Andrea.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of another December 6, 2020, letter from myself to Mr. Andrea.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of a December 9, 2020, letter from Ilissa Samplin (counsel of record for Apple) to myself.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of a December 18, 2020, letter from Ms. Samplin to myself.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of a December 30, 2020, letter from myself to Mr. Andrea.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of a January 13, 2021, letter from Ms. Samplin to myself.

22.     Attached hereto as **Exhibit 20 [Filed Under Seal]** is a true and correct copy of a January 27, 2021, letter from myself to Ms. Samplin.

23.     Attached hereto as **Exhibit 21 [Filed Under Seal]** is a true and correct copy of a February 11, 2021, letter from Ms. Samplin to myself.

24.     Attached hereto as **Exhibit 22** is a true and correct copy of a redacted February 15, 2021, email chain from Ms. Samplin to myself.

25.     Attached hereto as **Exhibit 23 [Filed Under Seal]** is a true and correct copy of a February 19, 2021, letter from myself to Ms. Samplin.

26.     Attached hereto as **Exhibit 24 [Filed Under Seal]** is a true and correct copy of a March 9, 2021, letter from Ms. Samplin to myself.

27.     Attached hereto as **Exhibit 25 [Filed Under Seal]** is a true and correct copy of a March 25, 2021, letter from myself to Ms. Samplin.

28.     Attached hereto as **Exhibit 26** is a true and correct copy of a redacted April 7, 2021, email from myself to Ms. Samplin, excluding attachments.

29.     Attached hereto as **Exhibit 27 [Filed Under Seal]** is a true and correct copy of an April 11, 2021, letter from Ms. Samplin to myself.

30.     Attached hereto as **Exhibit 28 [Filed Under Seal]** is a true and correct copy of Plaintiffs' Fourth Amended Complaint, filed at Dkt. No. 296-1 in this case.

31.     Attached hereto as **Exhibit 29 [Filed Under Seal]** is a true and correct copy of Plaintiffs' Section 2019.210 Statement, served on November 6, 2020.

32.     Attached hereto as **Exhibit 30 [Filed Under Seal]** is a true and correct copy of Apple's Eighth Set of Requests for Production (Nos. 128-253).

33.     Attached hereto as **Exhibit 31** is a true and correct copy of a document found linked at https://www.apple.com/newsroom/2021/01/apple-reports-first-quarter-results/.

34.     Attached hereto as **Exhibit 32** is a true and correct copy of a screen capture of the website found at https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html.

35.     Attached hereto as **Exhibit 33** is a true and correct copy of a screen capture of the website found at https://www.apple.com/healthcare/apple-watch/.

36.     Attached hereto as **Exhibit 34 [Filed Under Seal]** is a true and correct copy of March 23, 2021 letter from myself to Mr. Andrea.

37.     Attached hereto as **Exhibit 35 [Filed Under Seal]** is a true and correct copy of an April 1, 2021 letter from Mr. Andrea to myself.

38.     Attached hereto as **Exhibit 36 [Filed Under Seal]** is a true and correct copy of an April 7, 2021, letter from myself to Mr. Andrea.

39.     Attached hereto as **Exhibit 37** is a true and correct copy of a May 26, 2020, letter from Ms. Samplin to Mark Kachner (who is also counsel of record for Plaintiffs).

40.     Attached hereto as **Exhibit 38** are a true and correct copies of screen capture of the website found at https://www.masimopersonalhealth.com/pages/mightysat.

41.     Attached hereto as **Exhibit 39** are a true and correct copies of screen capture of the website found at https://www.masimopersonalhealth.com/pages/ispo2-o2-monitor-android-ios.

42.     Attached hereto as **Exhibit 40** is a true and correct copy of a March 25, 2021, email chain from myself to Ms. Samplin.

43.     Per L.R. 37-2.1, attached hereto as **Exhibit 41** is a true and correct copy of the April 17, 2020, initial scheduling order, filed at Dkt. No. 37 in this case.  Also included is the Court's September 21, 2020, order granting the parties stipulation to amend the scheduling order, filed at Dkt. No. 205, and the redacted version of the Court's October 13, 2020, Order Regarding Motion for Stay, filed at Dkt. No. 222, in this case.

44.     Attached hereto as **Exhibit 42** is a true and correct copy of an April 13, 2021, letter from myself to Ms. Samplin that is being transmitted to Ms. Samplin concurrently with Plaintiffs' portion of the joint stipulation.

1    I declare under the penalty of perjury that the foregoing is true and correct.

2    Executed on April 28, 2021, at Encinitas, California.

3                                    /s/ Adam B. Powell
                                     Adam B. Powell
4    34736530

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S THIRD SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 61-147)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 1
-6-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Plaintiffs within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2.      "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3.      "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4.      The term "Plaintiffs" means Masimo and Cercacor as defined above.

5.      "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S.

-1-

Exhibit 1
-7-

Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No. 10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554. To the extent Masimo asserts additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.     "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch.

7.     "Apple iOS Products" means products that use Apple's mobile iOS operating system.

8.     "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

9.     The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, and U.S. Patent App. No. 15/960,507. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10.   The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11.   The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

-2-

Exhibit 1
-8-

12. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

13. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

14. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

**INSTRUCTIONS**

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

     a. the basis on which the privilege is claimed;

     b. the author or creator of the information, document, or thing;

     c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

     d. the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of

-3-

Exhibit 1
-9-

the document or thing.  If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4.      Produce each requested document or thing along with all non-identical drafts thereof.  Furthermore, produce each document in its entirety, without abbreviation or redaction.

5.      Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things that tend to support or rebut any of Your affirmative defenses to Plaintiffs' causes of action other than trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things that tend to support or rebut any contention that Masimo has not been harmed by Your acts, other than trade secret misappropriation, alleged to be improper in this case.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show any heart rate algorithms used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things that refer or relate to selection between any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and things that refer or relate to power consumption by any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any of the Apple Watch Products or

-4-

Exhibit 1
-10-

any component of any of the Apple Watch Products that relate to pulse rate detection, pulse rate measurement, power consumption by pulse rate detection, or power consumption by pulse rate measurement, including, without limitation, testing protocols, reports, results, notes, and summaries.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things concerning any attempt to obtain FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things concerning the FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things that refer or relate to clinical trials of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning any changes made to any of the Apple Watch Products' firmware, software, or comments thereto that relate to physiological monitoring.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning any changes made to firmware, software, or comments thereto, between the Apple Watch Series 3 and Apple Watch Series 4 and later.

Exhibit 1
-11-

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 3.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 4 and later.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 78:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple Watch Products: LEDs, photodiodes, duty cycle, changes in measurement modes, heart rate context, calculation of physiological parameters based on detected optical signals, determination of heart rate, the health application, the breathe application, and communications of physiological parameters to Apple iOS Products.

**REQUEST FOR PRODUCTION NO. 79:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple iOS Products: communication of physiological parameters from Apple Watch Products, the health application, and tracking of physiological parameters over time.

Exhibit 1
-12-

**REQUEST FOR PRODUCTION NO. 80:**

All documents including all communications discussing the importance of accurate measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 81:**

All documents including all communications discussing the importance of accurate measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia in the marketplace.

**REQUEST FOR PRODUCTION NO. 82:**

All documents including all communications related to complaints, concerns, or criticisms about the accuracy or reliability of measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia for any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of the physiological monitoring features of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to show any algorithm used to monitor any physiological parameter in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and things referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any physiological parameter, for use in Defendant's products.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and things referring or relating to, or otherwise evidencing, the parameters by which Defendant or its customers evaluates the performance of physiological parameter monitoring technology.

**Exhibit 1**
**-13-**

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and things referring or relating to, or otherwise evidencing, any Apple policies, procedures, or guidelines for employees relating to the documentation of research and development efforts.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and things that refer or relate to Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 90:**

All documents and things that refer or relate to any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and things that refer or relate to any communication about Masimo or Cercacor, or any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and things that refer or relate to technical information, specifications, or research data for any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and things that relate to how any Masimo or Cercacor product or technology is designed or manufactured.

/ / /

Exhibit 1
-14-

**REQUEST FOR PRODUCTION NO. 95:**

All documents and things relating to any analysis, study, investigation, or test of any Masimo or Cercacor product or technology by Apple, including without limitation, emails, test results, notes, memoranda, and the actual products or systems examined.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 97:**

All and things that refer or relate to any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things that relate to any comparison of any of the Apple Watch Products to any of the Masimo or Cercacor products or technologies.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

///

///

Exhibit 1
-15-

**REQUEST FOR PRODUCTION NO. 102:**

All documents and things related to Apple's evaluation of the health care market for Apple products including the Apple Watch Products, including but not limited to market size, market importance to Apple's business, evaluation of target customers, and Apple's considerations in entering the health care market.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and things relating to differences, similarities, or comparisons between the consumer market and the health care market for Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and things that relate to Apple's efforts to promote and/or market any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and things that relate to any market studies, market share, competition, and/or competitor products relating to any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things referring or relating to, or otherwise evidencing, the impact or projected impact of Defendant's incorporation of any physiological measurement technology in Defendant's Apple Watch Products on the sales price or sales volume of any third-party product that competes for sales with the Apple Watch Products.

/ / /

Exhibit 1
-16-

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things referring or relating to, or otherwise evidencing, any internal intellectual property strategy, business strategy, or plan relating to physiological monitoring technology.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things referring or relating to forecasts, projections, or strategic evaluations regarding Defendant's consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as inventors on the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as the only inventors on the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things that tend to support or rebut any contention that the Disputed Patents are owned by Apple.

**REQUEST FOR PRODUCTION NO. 113:**

For the Disputed Patents and counterparts thereof, all documents and things concerning the inventorship of the alleged inventions claimed in the Asserted Patents, including without limitation what each inventor allegedly contributed to each Disputed Patents and counterparts thereof.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things referring or relating to the inventorship of one or more of the Disputed Patents.

-11-

Exhibit 1
-17-

**REQUEST FOR PRODUCTION NO. 115:**

All documents and things referring to, relating to, or evidencing invention of any of the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and things referring to, relating to, or evidencing conception and/or reduction to practice of any of the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and things referring or relating to the preparation, decision to file, filing, prosecution and/or enforcement of the Disputed Patents, including but not limited to:

(a)   the complete prosecution files for each patent;

(b)   the complete prosecution files for any parent application or priority application;

(c)   the complete prosecution files for any continuation or divisional patent application claiming priority from or relating to any of the patents;

(d)   all documents and things that provided a basis for the preparation of any of the patents;

(e)   all documents and things that constitute, relate to, or refer to communications between or on behalf of, the inventors, Defendant, Defendant's attorneys, or any patent attorney or agent that relate or refer to any of the patents;

(f)   all drafts of any of the patents; and

(g)   all drafts of any papers filed during the prosecution of any of the patents.

/ / /

/ / /

-12-

Exhibit 1
-18-

**REQUEST FOR PRODUCTION NO. 118:**

All foreign counterparts to the Disputed Patents, and all documents and things relating or referring to the foreign counterparts, including but not limited to complete prosecution files.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and things that refer or relate to any alleged invention described in or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and things that refer or relate to, or otherwise evidence, the inventive contribution of any of the named inventors to the subject matter claimed in any of the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 121:**

All documents and things referring to, relating to, or evidencing any contribution by Defendant's employees to the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and things referring or relating to Defendant's practices, procedures, and/or policies relating to submission of information for possible inclusion in patent applications.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and things that refer or relate to, or otherwise evidence, any incentive or reward program for employees who develop new inventions, including any program in which employees receive bonuses or other forms of compensation in exchange for the disclosure and recording of inventions.

**REQUEST FOR PRODUCTION NO. 124:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees named as inventors on issued foreign or U.S. patents and/or filed foreign or U.S. patent applications.

Exhibit 1
-19-

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees who submit invention disclosure forms for use in evaluating whether to file a patent application.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and things referring or relating to the value and/or potential value of the technology claimed or disclosed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 127:**

All documents and things referring or relating to the advantages or disadvantages of the technology claimed or disclosed in the Disputed Patents over competing technologies.

**REQUEST FOR PRODUCTION NO. 128:**

All communications between Defendant and Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 129:**

All communications between Defendant and any individual who previously worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to identify Your senior management and personnel responsible for research and development, testing, clinical trials, regulatory approval, marketing, and sales of any of the Apple Watch Products, including, but not limited to, organizational charts.

/ / /

-14-

Exhibit 1
-20-

**REQUEST FOR PRODUCTION NO. 132:**

Organizational charts for Apple personnel responsible for human resources as well as research and development, testing, clinical trials, regulatory approval, marketing, and sales of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to identify any legal proceeding involving any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 134:**

Documents that refer or relate to any legal proceeding involving any of the Apple Watch Products, including without limitation, pleadings, hearing transcripts, deposition transcripts, declarations, exhibits, briefs, and production documents.

**REQUEST FOR PRODUCTION NO. 135:**

All documents and things concerning Your document retention and destruction policies or procedures.

**REQUEST FOR PRODUCTION NO. 136:**

All documents and things that refer or relate to any communication between You and any other person regarding the above-captioned lawsuit.

**REQUEST FOR PRODUCTION NO. 137:**

All documents and things exchanged between You and any expert witness or consultant in connection with the above-captioned lawsuit, which relate to the compensation for the expert's or consultant's study or testimony, identify facts or data that You provided and the expert or consultant considered in forming his or her opinions to be expressed, or identify the assumptions You provided and the expert or consultant relied on in forming his or her opinions to be expressed.

/ / /

/ / /

Exhibit 1
-21-

**REQUEST FOR PRODUCTION NO. 138:**

All documents and things whose identity is sought in any interrogatory served by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 139:**

All documents and things cited, referenced, or identified in Your discovery responses.

**REQUEST FOR PRODUCTION NO. 140:**

All documents and things relating to, identified in and/or relevant to Apple's Initial Disclosures, including any and all supplements and amendments thereto.

**REQUEST FOR PRODUCTION NO. 141:**

To the extent not already requested or required, all documents and things produced or provided by any non-party in connection with this Action, including documents and things produced in response to subpoenas served by Apple.

**REQUEST FOR PRODUCTION NO. 142:**

All documents and things provided to any expert witness whom You have retained or plan to retain either to testify at trial or to provide an opinion relating to the matters at issue in this action.

**REQUEST FOR PRODUCTION NO. 143:**

Documents sufficient to identify Apple's procedures or policies for the storage, retention, and destruction of documents or records.

**REQUEST FOR PRODUCTION NO. 144:**

All organizational charts for Apple from January 2003 to the present.

**REQUEST FOR PRODUCTION NO. 145:**

All documents and things used or relied upon in preparing Your discovery responses in this case, including initial disclosures, responses to

-16-

Exhibit 1
-22-

requests for production, responses to interrogatories, responses to requests for admission, and all supplemental disclosures and responses.

**REQUEST FOR PRODUCTION NO. 146:**

All documents and things relating to the contents and/or subject matter of any declarations or affidavits filed by You in this litigation.

**REQUEST FOR PRODUCTION NO. 147:**

All documents and things upon which You intend to rely upon, use, or introduce at trial, for any purpose, including to introduce into evidence, or use as impeachment, rebuttal, or demonstrative purposes.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 17, 2020          By: */s/ Adam B. Powell*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Perry D. Oldham
                                   Stephen W. Larson
                                   Adam B. Powell

                                   Attorneys for Plaintiffs,
                                   Masimo Corporation and
                                   Cercacor Laboratories, Inc.

-17-

Exhibit 1
-23-

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On July 17, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 17, 2020, at Irvine, California.

_____

Karina Villanueva

32420011

-18-

Exhibit 1
-24-

# EXHIBIT 2

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404; Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 2
-25-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure.  These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2.      "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3.      "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4.      The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5.      "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

-1-

Exhibit 2
-26-

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.      "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch.

7.      "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8.      "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9.      The "Disputed Patents" means the patents Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 10,219,754, U.S. Patent No. 9,723,997, U.S. Patent No. 10,524,671, and U.S. Patent No. 9,952,095.  To the extent Plaintiffs identify additional such patents in a future pleading, "Disputed Patents" shall be construed to include such patents.

10.     The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11.     The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

12.     The term "and" shall be construed to include "or" and vice versa,

Exhibit 2
-27-

1    and each of them shall be the logical equivalent of "and/or."

2    13.    The term "concerning" shall mean relating to, referring to,

3    describing, evidencing, or constituting.

4    14.    The term "communication" shall mean and refer to the transmittal

5    of information (in the form of facts, ideas, inquiries, or otherwise).

6    15.    The use of the singular form of any word also includes the plural

7    and vice versa, and a verb tense includes all other verb tenses wherever possible.

8    ## INSTRUCTIONS

9    1.    Produce all documents specified below that are in Your possession,

10   custody, or control, or otherwise known and available to You, Your agents,

11   employees, representatives, investigators, attorneys or their agents, employees,

12   representatives, or investigators at the time and place indicated.

13   2.    If You claim that any requested documents or things are privileged,

14   then provide all information falling within the scope of the Request that is not

15   privileged and identify with sufficient particularity for purposes of a motion to

16   compel the information, document, or thing, separately, with respect to which

17   You claim a privilege, and state:

18   a.    the basis on which the privilege is claimed;

19   b.    the author or creator of the information, document, or thing;

20   c.    each individual or other person to whom the information,

21   document, copy thereof, or thing was sent or otherwise disclosed; and

22   d.    the date of the information or document.

23   3.    If You are aware of the existence, past or present, of a requested

24   document or thing, but the document or thing is not in Your possession,

25   custody, or control, then so state in Your response to the request for that

26   document or thing.  Identify such document or thing and identify, by name, title,

27   and address, the person who last maintained possession, custody, or control of

28   the document or thing.  If the requested document or thing no longer exists, then

-3-

Exhibit 2 -28-

1  Your response should state when, how, and why this is the case.

2      4.     Produce each requested document or thing along with all non-

3  identical drafts thereof.  Furthermore, produce each document in its entirety,

4  without abbreviation or redaction.

5      5.     Identify specifically the derivation and source of each document

6  and thing to be produced.

7                        **REQUESTS FOR PRODUCTION**

8  **REQUEST FOR PRODUCTION NO. 148:**

9      All document and things that refer or relate to the calculation of oxygen

10  saturation in any Apple Watch Product.

11  **REQUEST FOR PRODUCTION NO. 149:**

12     Documents sufficient to show any pulse oximetry algorithms used in any

13  of the Apple Watch Products.

14  **REQUEST FOR PRODUCTION NO. 150:**

15     All documents and things that refer or relate to selection between any

16  pulse oximetry algorithm used in any of the Apple Watch Products.

17  **REQUEST FOR PRODUCTION NO. 151:**

18     All documents and things that refer or relate to power consumption by

19  any pulse oximetry algorithm used in any of the Apple Watch Products.

20  **REQUEST FOR PRODUCTION NO. 152:**

21     The complete source code, including versions, revisions, and comments,

22  that relates to the following features of Apple Watch Products: determination of

23  oxygen saturation.

24  **REQUEST FOR PRODUCTION NO. 153:**

25     All documents and things that refer or relate to the operation of any LEDs

26  used to determine oxygen saturation for any Apple Watch Product, including

27  but not limited to documents and things that refer or relate to LED timing, duty

28  cycle, current, or power usage.

-4-

**Exhibit 2**
-29-

**REQUEST FOR PRODUCTION NO. 154:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any Apple Watch Product or any component of any Apple Watch Product that relate to pulse oximetry or power consumption by pulse oximetry, including, without limitation, testing protocols, reports, results, notes, and summaries.

**REQUEST FOR PRODUCTION NO. 155:**

All documents and things concerning any decision by Apple not to seek FDA approval of the pulse oximetry feature of any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 156:**

All documents and things concerning any attempt to obtain FDA approval of the pulse oximetry feature of any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 157:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the pulse oximetry feature of any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 158:**

All documents and things that refer or relate to the value of including pulse oximetry capabilities in a smartwatch.

**REQUEST FOR PRODUCTION NO. 159:**

All documents and things that refer or relate to all communications discussing the importance of accurate measurements for pulse oximetry to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 160:**

All documents including all communications discussing the importance of accurate measurements for pulse oximetry in the marketplace.

**Exhibit 2**
-30-

**REQUEST FOR PRODUCTION NO. 161:**

All documents including all communications related to complaints, concerns, or criticisms about the accuracy or reliability of measurements for pulse oximetry for any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 162:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse oximetry.

**REQUEST FOR PRODUCTION NO. 163:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 5 and the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 164:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with including pulse oximetry in an Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 165:**

All documents and things related to Masimo's MightySat pulse oximeter.

**REQUEST FOR PRODUCTION NO. 166:**

All documents and things related to Masimo's iSpO2 pulse oximeter.

**REQUEST FOR PRODUCTION NO. 167:**

All documents and things related to Apple marketing or selling Masimo's MightySat pulse oximeter, including but not limited to all documents and things related to Apple's inclusion of MightySat on Apple's website, Apple's removal of MightySat from Apple's website, and Apple's communications with customers about the MightySat.

**REQUEST FOR PRODUCTION NO. 168:**

All documents and things related to Apple marketing or selling Masimo's iSpO2 pulse oximeter, including but not limited to all documents and things

Exhibit 2
-31-

related to Apple Magazine's publication of marketing materials for iSpO2 and Apple's communications with customers about iSpO2.

**REQUEST FOR PRODUCTION NO. 169:**

All documents and things related to Apple's sales or marketing of Masimo's MightySat pulse oximeter, including but not limited to communications discussing sales or marketing of the MightySat in relation to Apple's own marketing, research, or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 170:**

All documents and things related to Apple's sales or marketing of Masimo's iSpO2 pulse oximeter, including but not limited to communications discussing sales or marketing of the iSpO2 pulse oximeter in relation to Apple's own marketing, research, or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 171:**

All documents and things referring to any analysis or study of products that compete or will compete with the pulse oximetry portion of the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 172:**

All documents and things referring to performance of the pulse oximetry feature in the Apple Watch Series 6, including documents relating or referring to whether the pulse oximetry feature in the Apple Watch Series 6 accurately or reliably measures blood oxygen levels.

Exhibit 2
-32-

1

2

3   Dated:  October 9, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KNOBBE, MARTENS, OLSON & BEAR, LLP

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

Exhibit 2
-33-

1

### **PROOF OF SERVICE**

2      I am a citizen of the United States of America and I am employed in San

3  Diego, California.  I am over the age of 18 and not a party to the within action.

4      On October 9, 2020, I served the within **PLAINTIFFS MASIMO**

5  **CORPORATION AND CERCACOR LABORATORIES, INC.'S**

6  **FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

7  **TO DEFENDANT APPLE INC. (NOS. 148-172)** on the parties or their

8  counsel shown at the email addresses shown below:

9  Apple-Masimo@gibsondunn.com                    Brian A. Rosenthal
                                                  BRosenthal@gibsondunn.com
10      Joshua H. Lerner
11      JLerner@gibsondunn.com                     Ilissa Samplin
                                                   ISamplin@gibsondunn.com
12      H. Mark Lyon,
        MLyon@gibsondunn.com                       Angelique Kaounis
13                                                 AKaounis@gibsondunn.com
14      Brian M. Buroker
        BBuroker@gibsondunn.com
15
        Brian K. Andrea
16      BAndrea@gibsondunn.com

17      I declare under penalty of perjury under the laws of the United States that

18  the foregoing is true and correct.

19      Executed on October 9, 2020, at Encinitas, California.

20

21                                  */s/ Adam B. Powell*

22  33102222                        Adam B. Powell

23

24

25

26

27

28

**Exhibit 2**
**-34-**

# EXHIBIT 4

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 6-10)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 4
-52-

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") direct the following interrogatories to Defendant APPLE INC. ("Apple").  These interrogatories are to be answered in writing and under oath, based upon all information and knowledge reasonably available to Apple, its attorneys, agents and all others acting on its behalf in accordance with the Definitions and Instructions below within thirty (30) days of service of these Interrogatories.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

1.     The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2.     "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3.     "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4.     The term "Plaintiffs" means Masimo and Cercacor as defined above.

5.     "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S. Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No.

-1-

Exhibit 4
-53-

10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.     "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch.

7.     "Apple iOS Products" means products that use Apple's mobile iOS operating system.

8.     "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

9.     The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, and U.S. Patent App. No. 15/960,507.  To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10.     The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11.     The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

12.     The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

Exhibit 4
-54-

13.   The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

14.   The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15.   The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1.   Each of these instructions is incorporated into each of the interrogatories to which it pertains.

2.   Each interrogatory must operate and be responded to independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3.   Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors or successors, as well as to information in the possession of Your officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys.  Whenever an answer to these interrogatories contains information which is not based upon Your personal knowledge, state the source and nature of such information.

4.   If in answering any interrogatory, You seek to invoke the procedures of Rule 33(d) of the Federal Rules of Civil Procedure, state fully all facts which support Your contention that the burden of ascertaining the answer to the interrogatory is substantially the same for Masimo as it is for You, and specify those business records from which You contend Masimo may ascertain or derive the answer.

5.   An interrogatory requiring You to "describe" a subject means You shall provide a complete and detailed explanation of the subject in writing, identify all documents (by production range where applicable) relevant to the

-3-

Exhibit 4
-55-

subject, and identify all persons with knowledge relevant to the subject.

6.    If any objection is made to any interrogatory herein, the objection must state with particularity the basis therefor, and the interrogatory must be answered to the extent not objected to.

7.    If any identified document or information was, but no longer is, in Your possession or under Your control, state precisely what disposition was made of it and identify the person who ordered or authorized such disposition.

8.    If You object to any interrogatory or fail to answer any interrogatory on the ground that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then as to such information or such documents allegedly subject to such asserted privilege, You are requested to supply the following information: (i) the nature of the document or information; (ii) the sender, author, or source of the information, (iii) the date of the document or communication; (iv) the name of each person to whom the information, or the original or any copy of a document, was circulated; (v) the names occurring on any circulation list associated with such document, where applicable; (vi) a summary statement of the subject matter of the document or information; (vii) the privilege(s) or doctrine claimed with respect to the document or information; and (viii) the basis for the claim of the privilege(s) or doctrine.

9.    If in response to an interrogatory You do not know all of the facts necessary to provide a complete and specific answer, You should provide an answer to such portion of the interrogatory as You can, and provide such facts as are known to You and any estimates, approximations, or beliefs that You consider reliable.  Any such estimates, approximations, or beliefs should be clearly denoted as such, and the bases for Your belief in their reliability should be explained.

/ / /

-4-

Exhibit 4
-56-

10.     In the event that You object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that interrogatory for purposes of Your response.

11.     Nothing in these interrogatories shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization.

12.     If in answering any of these interrogatories You encounter any ambiguity in construing the interrogatory or any definition or instruction relevant to the interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the interrogatory.

13.     These interrogatories are continuing and require supplemental responses to the extent required pursuant to Fed. R. Civ. P. 26(e).

## **INTERROGATORIES**

**INTERROGATORY NO. 6:**

Describe in detail all bases for each affirmative defense that You assert in this case, including an identification of all documents, things, and witnesses supporting your contention.  You may wait until thirty (30) days after Plaintiffs serve their initial Section 2019.210 disclosure to describe the bases for any affirmative defense(s) to Plaintiffs' trade secret misappropriation cause of action.

**INTERROGATORY NO. 7:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of each Apple Watch Product, including without limitation, when and where the product is and/or was developed (including third party facilities), when and where each product was first released to market, a detailed description of when and why each

-5-

**Exhibit 4**
**-57-**

design change, modification, and improvement concerning physiological monitoring was made between each series of the Apple Watch, a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, the identity of any competitive products examined, analyzed or tested in connection with its design or development, each person or entity involved in designing and developing the Apple Watch Products, and what role each person or entity had in creating the Apple Watch Products.

**INTERROGATORY NO. 8:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of the product software related to physiological monitoring for each Apple Watch Product, including without limitation, when and where each portion of the product software is and/or was developed (including third party facilities), all versions or revisions (including name and/or version number) of the product software developed at each facility, the development and/or code management software used to develop each such version of the product software, the version control software or system used for each such version of the product software, the procedure for recording changes between each such version of the product software, the process for releasing versions of the product software, each person or entity involved in the design and development of the product software, and what role each person or entity had in the design and development of the product software.

**INTERROGATORY NO. 9:**

Describe in detail, with reference to any supporting documents, information, and materials, the operation of pulse rate algorithms associated with each Apple Watch Product, including without limitation the timing, current, and operation of any LEDs used to determine pulse rate, reasons and

**Exhibit 4**
-58-

conditions for changing the timing, current or operation of any LED used to determine pulse rate, reasons and conditions for selecting among algorithms to determine pulse rate, and power usage associated with each type of timing, current, or operation of any LED.

**INTERROGATORY NO. 10:**

Describe in detail any test, analysis, comparison, or competitive analysis that You performed concerning any non-Apple physiological monitor.  To the extent that such test, analysis, comparison, or competitive analysis was based on any scientific or experimental tests or investigations, Your response should identify at least the date of each such investigation, the individuals who conducted the test or investigation, what test or investigation was conducted, the results or conclusions therefrom, to whom the results were communicated, and all documents concerning such test or investigation.


KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 17, 2020           By: */s/ Adam B. Powell*
                                    Joseph R. Re
                                    Stephen C. Jensen
                                    Perry D. Oldham
                                    Stephen W. Larson
                                    Adam B. Powell

                                    Attorneys for Plaintiffs,
                                    Masimo Corporation and
                                    Cercacor Laboratories, Inc.

-7-

Exhibit 4
-59-

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On July 17, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO APPLE INC. (NOS. 6-10)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 17, 2020, at Irvine, California.

Karina Villanueva

32406202

-8-

Exhibit 4
-60-

# EXHIBIT 5

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.:  415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)** <br><br> Hon. James V. Selna <br> Magistrate Judge John D. Early |

Gibson, Dunn &
Crutcher LLP

Exhibit 5
-61-

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Third Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 61–147) (the "Third RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Third RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## **GENERAL OBJECTIONS**

1.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose obligations that

**APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 5**
**-62-**

1    exceed the scope of permissible discovery under the Federal Rules of Civil Procedure,

2    the Local Rules, and all applicable rules and orders of this Court.

3        2.      Apple objects to the Third RFPs, including the Instructions and Definitions

4    and each specific Request therein, to the extent they:  (i) seek documents or information

5    that are not relevant to any party's claims or defenses in the action; (ii) impose a burden

6    disproportionate to the needs of the case; (iii) seek documents or information beyond the

7    scope of permissible discovery; (iv) are unreasonably cumulative or duplicative; or

8    (v) seek information that is obtainable from some other source that is more convenient,

9    less burdensome, or less expensive.  Apple objects to the Third RFPs, including the

10   Instructions and Definitions and each specific Request therein, to the extent they seek

11   disclosure of information, documents, and/or things related to Plaintiffs' trade secret

12   allegations and Plaintiffs have not complied with California Code of Civil Procedure

13   Section 2019.210's ("Section 2019.210") requirement that they identify with reasonable

14   particularity the alleged trade secret(s) that they claim Apple has misappropriated.  *See*

15   Dkt. Nos. 37, 54, 79.  Apple is not withholding materials solely on that basis unless the

16   Request is solely related to Plaintiffs' trade secret allegations.  Apple expressly preserves

17   its objection to producing any documents or things that relate to Plaintiffs' trade secret

18   misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

19   with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July

20   14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

21   relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

22   with Section 2019.210—without waiving, or intending to waive, the preceding

23   objection.  Accordingly, these Responses are given without waiving Apple's right to

24   revise, correct, supplement, or clarify any of its Responses in the event Plaintiffs comply

25   with Section 2019.210 in the future.  These Responses also are given without prejudice

26   to Apple's right to subsequently produce, including at trial, any additional documents,

27   witnesses, or evidence, including, without limitation, documents, witnesses, or evidence

28   that would only be subject to discovery by Plaintiffs if Plaintiffs first complied with the

1    requirements of Section 2019.210.

2         3.      Apple objects to the Third RFPs, including the Instructions and Definitions

3    and each specific Request therein, to the extent they are vague, ambiguous, overbroad,

4    and/or unduly burdensome, including to the extent that they demand production of

5    "each," "every," or "all" documents and things concerning the subject matters

6    referenced therein because such a demand causes undue burden and expense.

7         4.      Apple objects to the Third RFPs, including the Instructions and Definitions

8    and each specific Request therein, to the extent they seek information, documents, and/or

9    things protected from discovery by the attorney-client privilege, the work-product

10   doctrine, the common-interest privilege, and/or any other applicable privilege,

11   immunity, or protection.  Specific objections on the grounds of privilege are provided

12   for emphasis and clarity only, and the absence of a specific objection should not be

13   interpreted as evidence that Apple does not object to a Request on the basis of an

14   applicable privilege.  The inadvertent disclosure of any documents subject to such

15   privilege or protection is not intended to relinquish any privilege or protection and shall

16   not be deemed to be a waiver of any applicable privilege or protection.  Apple reserves

17   the right to demand that Plaintiffs return to it any document inadvertently produced.

18   Plaintiffs shall, upon the request of Apple, immediately return or destroy any such

19   documents inadvertently produced.  Further, upon Plaintiffs' discovery of what may be

20   a privileged document produced by Apple, Plaintiffs should immediately inform Apple

21   in writing.

22        5.      Apple objects to the Third RFPs, including the Instructions and Definitions

23   and each specific Request therein, to the extent they seek confidential commercial,

24   business, financial, or competitively sensitive information, trade secrets, or any other

25   proprietary information of or about Apple, its respective employees, its clients, and its

26   business partners, including information subject to confidentiality agreements with third

27   parties.  Apple further objects to the Third RFPs, including the Instructions and

28   Definitions and each specific Request therein, to the extent that they seek to require

Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

6.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.  Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

7.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.  To the extent the Third RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

8.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.  Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or assumptions are correct or accurate.  The failure to object to any of the defined terms that are listed in the "Definitions" section of the Third RFPs, but that are not used by Plaintiffs in any of the Third RFPs directed to Apple, shall not be construed as a waiver of any objections to the definitions of those defined terms.

9.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to the Third RFPs, Apple does not admit the correctness of such assertions.

10.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, as being unduly burdensome to the extent they seek documents or information that (i) is not within the possession, custody, or control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in the possession of Plaintiffs; (iv) was already produced by or requested from other parties or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.); or (v) is public.

11.     These Responses, and the production of any documents, do not constitute admissions that such documents were in Apple's possession, custody, or control at any particular point in time other than on the date of production.

12.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek discovery from any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are not within Apple's control, and to the extent that a Request seeks such disclosure, it is improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and not on behalf of any parent, subsidiary, or affiliate.

13.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to require Apple to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

14.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files

(including electronic files) where responsive documents reasonably would be expected to be found.  When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure.  Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents.  Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

15.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form.  Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions.  If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

16.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are beyond Apple's possession, custody, or control.

17.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

18.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the use of specific search terms not previously negotiated between the parties.

19.     Apple's undertaking to produce documents responsive to the Third RFPs,

or its failure to object to a Request, is subject to a general proviso that Apple agrees to produce documents only to the extent such documents exist and can be located with reasonable diligence.  Further, Apple's undertaking to produce documents responsive to the Third RFPs does not constitute an admission that such documents actually exist, but rather that Apple has made or will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.  Apple's objections and responses shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody, or control.

20.     By responding to the Third RFPs, Apple does not concede the relevancy or materiality of any Request or of the subject to which it refers.  Apple's responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding.  Apple's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that it is relevant to a claim or defense in this action, or that it is admissible for any purpose.  Apple does not waive its right to object to the admissibility of any document produced by any party on any ground.

21.     Apple responds to the Third RFPs, including the Instructions and Definitions and each specific Request therein, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

22.     Apple objects to the Third RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

23.     Apple reserves all other unarticulated objections.

## **OBJECTIONS TO DEFINITIONS**

1.     Apple objects to the Definitions in the Third RFPs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the

1    Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of

2    this Court.  Apple will construe and respond to the Third RFPs in accordance with the

3    requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable

4    rules and orders of this Court.

5         2.    Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and

6    "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the

7    extent it purports to require Apple to collect and/or produce documents from undefined

8    "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other

9    representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects

10   to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to

11   impose a discovery obligation on persons and/or entities that are not parties to the action.

12   Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the

13   extent the reference to any "agent," "attorney," or "other representative acting for or on

14   behalf of Defendant Apple, Inc." purports to demand information or documents subject

15   to the attorney-client privilege, the work product doctrine, or any other privilege or

16   protection.  In responding to the Third RFPs, Apple will construe these terms to mean

17   Apple Inc., the defendant in this action, and will limit its responses accordingly.

18        3.    Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly

19   burdensome, vague, and ambiguous, particularly to the extent that it does not identify

20   all of the purported "divisions, departments, parents, subsidiaries, affiliates or

21   predecessors" of Masimo Corporation encompassed in the definition.

22        4.    Apple objects to Plaintiffs' definition of "Cercacor" as overly broad,

23   unduly burdensome, vague, and ambiguous, particularly to the extent that it does not

24   identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or

25   predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

26        5.    Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as

27   overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the

28   definition purports to include "additional patents" that Plaintiffs have not alleged Apple

Gibson, Dunn & Crutcher LLP

Exhibit 5
-69-

infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Third RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly. Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information on patents that Plaintiffs are no longer asserting.   Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as prejudicial and premature to the extent it seeks information related to patents only recently asserted in Plaintiffs' forthcoming Second Amended Complaint (and after service of this Request) because such responses would require Apple to respond to the Third RFPs in less than thirty days, in violation of the Federal Rules of Civil Procedure.  Accordingly, these Responses are given without waiving Apple's right to revise, correct, supplement, or clarify any of its Responses in response to patents only recently asserted in Plaintiffs' forthcoming Second Amended Complaint.

6.      Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.      Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8.      Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9.      Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint.  Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Third RFPs, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.

10.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Third RFPs, Apple will construe this term in accordance with the

1   requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable

2   rules and orders of this Court.

3       11.    Apple objects to the definition of "things" as overly broad, unduly

4   burdensome, vague, and ambiguous.  In responding to the Third RFPs, Apple will

5   construe this term in accordance with the requirements of the Federal Rules of Civil

6   Procedure, the Local Rules, and all applicable rules and orders of this Court.

7       12.    Apple objects to the definition of "concerning" as overly broad, unduly

8   burdensome, vague, and ambiguous.  In responding to the Third RFPs, Apple will

9   construe this term in accordance with the requirements of the Federal Rules of Civil

10   Procedure, the Local Rules, and all applicable rules and orders of this Court.

11       13.    Apple objects to the definition of "communication" as overly broad, unduly

12   burdensome, vague, and ambiguous.  Apple further objects to the definition of

13   "communication" as imposing undue burden and expense to the extent that, in the

14   context of any particular request, it would encompass emails or other electronically

15   stored information without reasonable limits placed on the number of custodians and

16   keywords to reduce the burden and expense of collection, processing, review, and

17   production.  In responding to the Third RFPs, Apple will construe this term in

18   accordance with the requirements of the Federal Rules of Civil Procedure, the Local

19   Rules, and all applicable rules and orders of this Court.

20       **OBJECTIONS TO INSTRUCTIONS**

21       1.    Apple objects to the Instructions to the extent they purport to broaden the

22   obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other

23   applicable rules, or any discovery protocols agreed upon by the parties or ordered by the

24   Court.

25       2.    Apple objects to Instruction No. 1 on the grounds that it purports to impose

26   discovery obligations on persons or entities that are separate and distinct from Apple

27   and are not under Apple's control.  Apple also objects to Instruction No. 1 as overly

28   broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEX)

**Exhibit 5**
-72-

burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.      Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.      Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.      Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.      Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to

Gibson, Dunn & Crutcher LLP

Exhibit 5
-73-

1  impose undue burdens and requirements beyond those imposed by the Federal Rules of

2  Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

3  **SPECIFIC OBJECTIONS AND RESPONSES**

4  **REQUEST FOR PRODUCTION NO. 61:**

5  All documents and things that tend to support or rebut any of Your affirmative

6  defenses to Plaintiffs' causes of action other than trade secret misappropriation.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

8  Apple incorporates by reference its General Objections and Objections to

9  Definitions and Instructions.

10  Apple objects to this Request to the extent it seeks documents and things protected

11  from discovery by the attorney-client privilege, the work-product doctrine, the common-

12  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

13  objects to this Request as overbroad and unduly burdensome to the extent it seeks

14  information neither relevant to the issues in the present action nor reasonably calculated

15  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

16  extent that it seeks information already in Plaintiffs' possession or information that is

17  obtainable from another source, such as publicly available materials, that is more

18  convenient, less burdensome, or less expensive.  Apple objects to this Request as

19  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

20  possession, custody, or control.   Apple expressly preserves its objection to producing

21  any documents or things that relate to Plaintiffs' trade secret misappropriation claim,

22  even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

23  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

24  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

25  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

26  without waiving, or intending to waive, the preceding objection.

27  Subject to and without waiver of the foregoing General and Specific Objections

28  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

1   and unduly burdensome to the extent it requests "[a]ll documents and things" relating to

2   the subject matter of the request.  Apple expressly preserves its objection to producing

3   any documents or things that relate to Plaintiffs' trade secret misappropriation claim,

4   even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

5   Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

6   54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

7   trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

8   without waiving, or intending to waive, the preceding objection.

9          Subject to and without waiver of the foregoing General and Specific Objections

10   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

11   Apple agrees to produce documents related to the technical features accused of

12   infringement and responsive to the unobjectionable scope of this Request, to the extent

13   such information exists and is located after a reasonably diligent search.

14   **REQUEST FOR PRODUCTION NO. 67:**

15          All documents and things concerning any attempt to obtain FDA approval of any

16   of the Apple Watch Products.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

18          Apple incorporates by reference its General Objections and Objections to

19   Definitions and Instructions.

20          Apple objects to this Request to the extent it seeks documents and things protected

21   from discovery by the attorney-client privilege, the work-product doctrine, the common-

22   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

23   objects to this Request as overbroad and unduly burdensome to the extent it seeks

24   information neither relevant to the issues in the present action nor reasonably calculated

25   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

26   extent that it seeks information already in Plaintiffs' possession or information that is

27   obtainable from another source, such as publicly available materials, that is more

28   convenient, less burdensome, or less expensive.  Indeed, documents sought by this

Gibson, Dunn & Crutcher LLP

21

**Exhibit 5**
**-75-**

1   Request are publicly available and easily accessible by Plaintiffs. Apple objects to this

2   Request to the extent it seeks documents related to products that are not relevant to this

3   litigation or documents related to products Plaintiffs have not identified in their

4   Complaint or otherwise accused of infringement. Apple objects to this Request as

5   overbroad and unduly burdensome because it is not limited to the publicly released

6   Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement

7   allegations to infringe the Asserted Patents. Apple objects to this Request on the grounds

8   that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents

9   and things" relating to the subject matter of the request. Apple objects to this Request

10  as overbroad and unduly burdensome to the extent it requests information predating the

11  release of the Accused Products and, in fact, is not limited to any relevant time period.

12  Apple objects to this Request to the extent it seeks documents or information that are

13  subject to any protective order interest, privacy interest, contractual obligation, non-

14  disclosure agreement, confidentiality agreement, secrecy order, or other such

15  confidentiality obligation owed to any third party. Apple expressly preserves its

16  objection to producing any documents or things that relate to Plaintiffs' trade secret

17  misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

18  with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July

19  14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

20  relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

21  with Section 2019.210—without waiving, or intending to waive, the preceding

22  objection.

23       Subject to and without waiver of the foregoing General and Specific Objections,

24  Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

25  **REQUEST FOR PRODUCTION NO. 68:**

26       All documents and things concerning the FDA approval of any of the Apple

27  Watch Products.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Gibson, Dunn &
Crutcher LLP

Exhibit 5
-76-

1    Apple incorporates by reference its General Objections and Objections to

2    Definitions and Instructions.

3    Apple objects to this Request to the extent it seeks documents and things protected

4    from discovery by the attorney-client privilege, the work-product doctrine, the common-

5    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

6    objects to this Request as overbroad and unduly burdensome to the extent it seeks

7    information neither relevant to the issues in the present action nor reasonably calculated

8    to lead to the discovery of admissible evidence.  Apple objects to this Request to the

9    extent that it seeks information already in Plaintiffs' possession or information that is

10   obtainable from another source, such as publicly available materials, that is more

11   convenient, less burdensome, or less expensive.  Indeed, documents sought by this

12   Request are publicly available and easily accessible by Plaintiffs.  Apple objects to this

13   Request to the extent it seeks documents related to products that are not relevant to this

14   litigation or documents related to products Plaintiffs have not identified in their

15   Complaint or otherwise accused of infringement.  Apple objects to this Request as

16   overbroad and unduly burdensome because it is not limited to the publicly released

17   Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement

18   allegations to infringe the Asserted Patents.  Apple objects to this Request on the grounds

19   that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents

20   and things" relating to the subject matter of the request.  Apple objects to this Request

21   as overbroad and unduly burdensome to the extent it requests information predating the

22   release of the Accused Products and, in fact, is not limited to any relevant time period.

23   Apple objects to this Request to the extent it seeks documents or information that are

24   subject to any protective order interest, privacy interest, contractual obligation, non-

25   disclosure agreement, confidentiality agreement, secrecy order, or other such

26   confidentiality obligation owed to any third party.  Apple expressly preserves its

27   objection to producing any documents or things that relate to Plaintiffs' trade secret

28   misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

1   with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July

2   14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

3   relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

4   with Section 2019.210—without waiving, or intending to waive, the preceding

5   objection.

6          Subject to and without waiver of the foregoing General and Specific Objections,

7   Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

8   **REQUEST FOR PRODUCTION NO. 69:**

9          All documents and things submitted to or received from the FDA or any other

10  governmental agency that refer or relate to the Apple Watch Products.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

12         Apple incorporates by reference its General Objections and Objections to

13  Definitions and Instructions.

14         Apple objects to this Request to the extent it seeks documents and things protected

15  from discovery by the attorney-client privilege, the work-product doctrine, the common-

16  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

17  objects to this Request as overbroad and unduly burdensome to the extent it seeks

18  information neither relevant to the issues in the present action nor reasonably calculated

19  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

20  extent that it seeks information already in Plaintiffs' possession or information that is

21  obtainable from another source, such as publicly available materials, that is more

22  convenient, less burdensome, or less expensive.  Indeed, documents sought by this

23  Request are publicly available and easily accessible by Plaintiffs.  Apple objects to this

24  Request to the extent it seeks documents related to products that are not relevant to this

25  litigation or documents related to products Plaintiffs have not identified in their

26  Complaint or otherwise accused of infringement.  Apple objects to this Request as

27  overbroad and unduly burdensome because it is not limited to the publicly released

28  Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement

Gibson, Dunn & Crutcher LLP

24

**Exhibit 5**
**-78-**

allegations to infringe the Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period. Apple objects to this Request to the extent it seeks documents or information that are subject to any protective order interest, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things that refer or relate to clinical trials of the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks

Exhibit 5
-79-

information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "clinical trials."  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint.    Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case,

Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint.   Apple expressly

17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.   Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 82:**

All documents including all communications related to complaints, concerns, or criticisms about the accuracy or reliability of measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia for any Apple Watch Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more

convenient, less burdensome, or less expensive.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents" relating to the subject matter of the request.   Apple objects to this Request because it seeks "all communications," which will be negotiated and produced pursuant to the ESI Order in this case.  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents related to the technical features accused of infringement and responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.    Unless otherwise expressly agreed in writing by the parties, a reasonable search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties.

Gibson, Dunn & Crutcher LLP

43

**Exhibit 5**
-83-

1  documents related to products Plaintiffs have not identified in their Complaint or

2  otherwise accused of infringement.  Apple objects to this Request as overbroad and

3  unduly burdensome because it is not limited to the publicly released Apple Watch Series

4  3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

5  Asserted Patents.  Apple objects to this Request as overbroad and unduly burdensome

6  to the extent it requests information predating the release of the Accused Products and,

7  in fact, is not limited to any relevant time period.  Apple expressly preserves its objection

8  to producing any documents or things that relate to Plaintiffs' trade secret

9  misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

10 with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July

11 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

12 relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

13 with Section 2019.210—without waiving, or intending to waive, the preceding

14 objection.

15       Subject to and without waiver of the foregoing General and Specific Objections

16 and under the provisions of the Protective Order and ESI Stipulation entered in this case,

17 Apple responds that this Request is overly broad but is willing to meet and confer as part

18 of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and

19 search terms applicable to this Request.

20 **REQUEST FOR PRODUCTION NO. 98:**

21       All documents and things referring or relating to forecasts or projections regarding

22 sales, revenue, expenses, and/or profit associated with changes between the Apple

23 Watch Series 3 and the Apple Watch Series 4.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

25       Apple incorporates by reference its General Objections and Objections to

26 Definitions and Instructions.

27       Apple objects to this Request to the extent it seeks documents and things protected

28 from discovery by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "associated with changes."  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.   Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

1       Apple objects to this Request to the extent it seeks documents and things protected

2   from discovery by the attorney-client privilege, the work-product doctrine, the common-

3   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

4   objects to this Request as overbroad and unduly burdensome to the extent it seeks

5   information neither relevant to the issues in the present action nor reasonably calculated

6   to lead to the discovery of admissible evidence.  Apple objects to this Request as vague,

7   ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase

8   "associated with changes."  Apple objects to this Request on the grounds that it is overly

9   broad and unduly burdensome to the extent it requests "[a]ll documents and things"

10  relating to the subject matter of the request.  Apple expressly preserves its objection to

11  producing any documents or things that relate to Plaintiffs' trade secret misappropriation

12  claim, even if they also relate to *other* claims, until Plaintiffs comply with Section

13  2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders

14  (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely

15  to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section

16  2019.210—without waiving, or intending to waive, the preceding objection.

17      Subject to and without waiver of the foregoing General and Specific Objections,

18  Apple is willing to meet and confer to discuss the mutual exchange of relevant and

19  reasonable financial information.

20  **REQUEST FOR PRODUCTION NO. 100:**

21      All documents and things that relate to any comparison of any of the Apple Watch

22  Products to any of the Masimo or Cercacor products or technologies.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

24      Apple incorporates by reference its General Objections and Objections to

25  Definitions and Instructions.

26      Apple objects to this Request to the extent it seeks documents and things protected

27  from discovery by the attorney-client privilege, the work-product doctrine, the common-

28  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "Masimo or Cercacor products or technologies."  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

2      Apple incorporates by reference its General Objections and Objections to

3  Definitions and Instructions.

4      Apple objects to this Request to the extent it seeks documents and things protected

5  from discovery by the attorney-client privilege, the work-product doctrine, the common-

6  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

7  objects to this Request as overbroad and unduly burdensome to the extent it seeks

8  information neither relevant to the issues in the present action nor reasonably calculated

9  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

10 extent it seeks documents related to products that are not relevant to this litigation or

11 documents related to products Plaintiffs have not identified in their Complaint or

12 otherwise accused of infringement.  Apple objects to this Request as overbroad and

13 unduly burdensome because it is not limited to the publicly released Apple Watch Series

14 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

15 Asserted Patents.  Apple objects to this Request as vague, ambiguous, overly broad, and

16 unduly burdensome because it uses the undefined phrase "competitor to the Apple

17 Watch Products."  Apple objects to this Request on the grounds that it is overly broad

18 and unduly burdensome to the extent it requests "[a]ll documents and things" relating to

19 the subject matter of the request.  Apple objects to this Request as overbroad and unduly

20 burdensome to the extent it requests information predating the release of the Accused

21 Products and, in fact, is not limited to any relevant time period.  Apple objects to this

22 Request as vague, ambiguous, overly broad, and unduly burdensome because it is not

23 limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint.

24 Apple expressly preserves its objection to producing any documents or things that relate

25 to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims,

26 until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April

27 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only

28 documents or things that relate solely to Plaintiffs' trade secret misappropriation claim

1  until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive,

2  the preceding objection.

3   Subject to and without waiver of the foregoing General and Specific Objections,

4  Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

5  **REQUEST FOR PRODUCTION NO. 102:**

6   All documents and things related to Apple's evaluation of the health care market

7  for Apple products including the Apple Watch Products, including but not limited to

8  market size, market importance to Apple's business, evaluation of target customers, and

9  Apple's considerations in entering the health care market.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

11   Apple incorporates by reference its General Objections and Objections to

12  Definitions and Instructions.

13   Apple objects to this Request to the extent it seeks documents and things protected

14  from discovery by the attorney-client privilege, the work-product doctrine, the common-

15  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

16  objects to this Request as overbroad and unduly burdensome to the extent it seeks

17  information neither relevant to the issues in the present action nor reasonably calculated

18  to lead to the discovery of admissible evidence.  Apple objects to this Request as vague,

19  ambiguous, overly broad, and unduly burdensome because it uses the undefined phrases

20  "health care market" and "importance."  Apple objects to this Request to the extent it

21  seeks documents related to products that are not relevant to this litigation or documents

22  related to products Plaintiffs have not identified in their Complaint or otherwise accused

23  of infringement.  Apple objects to this Request as vague, ambiguous, overly broad, and

24  unduly burdensome because it uses the undefined phrase "Apple products."  Apple

25  objects to this Request as overbroad and unduly burdensome because it is not limited to

26  the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs'

27  infringement allegations to infringe the Asserted Patents.  Apple objects to this Request

28  on the grounds that it is overly broad and unduly burdensome to the extent it requests

1   "[a]ll documents and things" relating to the subject matter of the request.  Apple objects

2   to this Request as overbroad and unduly burdensome to the extent it requests information

3   predating the release of the Accused Products and, in fact, is not limited to any relevant

4   time period.   Apple objects to this Request as vague, ambiguous, overly broad, and

5   unduly burdensome because it is not limited to the asserted claims of the patents asserted

6   by Plaintiffs in their Complaint.    Apple expressly preserves its objection to producing

7   any documents or things that relate to Plaintiffs' trade secret misappropriation claim,

8   even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.

9   Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37,

10  54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs'

11  trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—

12  without waiving, or intending to waive, the preceding objection.

13          Subject to and without waiver of the foregoing General and Specific Objections

14  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

15  Apple agrees to produce documents responsive to the unobjectionable scope of this

16  Request, to the extent such information exists and is located after a reasonably diligent

17  search.

18  **REQUEST FOR PRODUCTION NO. 103:**

19          All documents and things relating to differences, similarities, or comparisons

20  between the consumer market and the health care market for Apple Watch Products.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

22          Apple incorporates by reference its General Objections and Objections to

23  Definitions and Instructions.

24          Apple objects to this Request to the extent it seeks documents and things protected

25  from discovery by the attorney-client privilege, the work-product doctrine, the common-

26  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

27  objects to this Request as overbroad and unduly burdensome to the extent it seeks

28  information neither relevant to the issues in the present action nor reasonably calculated

to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "consumer market and the health care market."  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 104:**

Gibson, Dunn & Crutcher LLP

Exhibit 5
-91-

1        All documents and things that relate to Apple's efforts to promote and/or market

2   any of the Apple Watch Products.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

4        Apple incorporates by reference its General Objections and Objections to

5   Definitions and Instructions.

6        Apple objects to this Request to the extent it seeks documents and things protected

7   from discovery by the attorney-client privilege, the work-product doctrine, the common-

8   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

9   objects to this Request as overbroad and unduly burdensome to the extent it seeks

10  information neither relevant to the issues in the present action nor reasonably calculated

11  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

12  extent that it seeks information already in Plaintiffs' possession or information that is

13  obtainable from another source, such as publicly available materials, that is more

14  convenient, less burdensome, or less expensive.  Apple objects to this Request to the

15  extent it seeks documents related to products that are not relevant to this litigation or

16  documents related to products Plaintiffs have not identified in their Complaint or

17  otherwise accused of infringement.  Apple objects to this Request as overbroad and

18  unduly burdensome because it is not limited to the publicly released Apple Watch Series

19  3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

20  Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad

21  and unduly burdensome to the extent it requests "[a]ll documents and things" relating to

22  the subject matter of the request.  Apple objects to this Request as overbroad and unduly

23  burdensome to the extent it requests information predating the release of the Accused

24  Products and, in fact, is not limited to any relevant time period.   Apple expressly

25  preserves its objection to producing any documents or things that relate to Plaintiffs'

26  trade secret misappropriation claim, even if they also relate to *other* claims, until

27  Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17,

28  June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents

1   or things that relate solely to Plaintiffs' trade secret misappropriation claim until

2   Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the

3   preceding objection.

4          Subject to and without waiver of the foregoing General and Specific Objections

5   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

6   Apple agrees to produce documents responsive to the unobjectionable scope of this

7   Request, to the extent such information exists and is located after a reasonably diligent

8   search.

9   **REQUEST FOR PRODUCTION NO. 105:**

10         All documents and things that relate to any market studies, market share,

11  competition, and/or competitor products relating to any of the Apple Watch Products.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

13         Apple incorporates by reference its General Objections and Objections to

14  Definitions and Instructions.

15         Apple objects to this Request to the extent it seeks documents and things protected

16  from discovery by the attorney-client privilege, the work-product doctrine, the common-

17  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

18  objects to this Request as overbroad and unduly burdensome to the extent it seeks

19  information neither relevant to the issues in the present action nor reasonably calculated

20  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

21  extent it seeks documents related to products that are not relevant to this litigation or

22  documents related to products Plaintiffs have not identified in their Complaint or

23  otherwise accused of infringement.  Apple objects to this Request as vague, ambiguous,

24  overly broad, and unduly burdensome because it uses the undefined phrase "relating to

25  any of the Apple Watch Products."  Apple objects to this Request as overbroad and

26  unduly burdensome because it is not limited to the publicly released Apple Watch Series

27  3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

28  Asserted Patents.  Apple objects to this Request on the grounds that it is overly broad

Gibson, Dunn &
Crutcher LLP

**Exhibit 5**
-93-

and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it is not limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "physiological monitoring technology."  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 107:**

Gibson, Dunn & Crutcher LLP

Exhibit 5
-95-

1       All documents and things referring or relating to, or otherwise evidencing, the

2   impact or projected impact of Defendant's incorporation of any physiological

3   measurement technology in Defendant's Apple Watch Products on the sales price or

4   sales volume of any third-party product that competes for sales with the Apple Watch

5   Products.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

7       Apple incorporates by reference its General Objections and Objections to

8   Definitions and Instructions.

9       Apple objects to this Request to the extent it seeks documents and things protected

10   from discovery by the attorney-client privilege, the work-product doctrine, the common-

11   interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

12   objects to this Request as overbroad and unduly burdensome to the extent it seeks

13   information neither relevant to the issues in the present action nor reasonably calculated

14   to lead to the discovery of admissible evidence. Apple objects to this Request to the

15   extent it seeks documents related to products that are not relevant to this litigation or

16   documents related to products Plaintiffs have not identified in their Complaint or

17   otherwise accused of infringement. Apple objects to this Request as overbroad and

18   unduly burdensome because it is not limited to the publicly released Apple Watch Series

19   3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the

20   Asserted Patents. Apple objects to this Request on the grounds that it is overly broad

21   and unduly burdensome to the extent it requests "[a]ll documents and things" relating to

22   the subject matter of the request. Apple objects to this Request as overbroad and unduly

23   burdensome to the extent it requests information predating the release of the Accused

24   Products and, in fact, is not limited to any relevant time period. Apple objects to this

25   Request as vague, ambiguous, overly broad, and unduly burdensome because it is not

26   limited to the asserted claims of the patents asserted by Plaintiffs in their Complaint.

27   Apple objects to this Request as vague, ambiguous, overly broad, and unduly

28   burdensome because it uses the undefined phrase "physiological measurement

technology." Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation. Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210. Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things referring or relating to, or otherwise evidencing, any internal intellectual property strategy, business strategy, or plan relating to physiological monitoring technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or

Exhibit 5
-97-

documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "[a]ll documents and things" relating to the subject matter of the request.  Apple objects to this Request as overbroad and unduly burdensome to the extent it requests information predating the release of the Accused Products and, in fact, is not limited to any relevant time period. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined phrase "physiological monitoring technology."  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.  Apple expressly preserves its objection to producing any documents or things that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to waive, the preceding objection.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce documents responsive to the unobjectionable scope of this Request, to the extent such information exists and is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things referring or relating to forecasts, projections, or strategic evaluations regarding Defendant's consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Gibson, Dunn & Crutcher LLP

Exhibit 5
-98-

1    Apple incorporates by reference its General Objections and Objections to

2  Definitions and Instructions.

3    Apple objects to this Request to the extent it seeks documents and things protected

4  from discovery by the attorney-client privilege, the work-product doctrine, the common-

5  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

6  objects to this Request as overbroad and unduly burdensome to the extent it seeks

7  information neither relevant to the issues in the present action nor reasonably calculated

8  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

9  extent it seeks documents or information that are subject to any protective order interest,

10  privacy interest, contractual obligation, non-disclosure agreement, confidentiality

11  agreement, secrecy order, or other such confidentiality obligation owed to any third

12  party.  Apple objects to this Request to the extent it seeks documents related to products

13  that are not relevant to this litigation or documents related to products Plaintiffs have not

14  identified in their Complaint or otherwise accused of infringement.  Apple objects to this

15  Request on the grounds that it is overly broad and unduly burdensome to the extent it

16  requests "[a]ll documents and things" relating to the subject matter of the request.  Apple

17  objects to this Request as overbroad and unduly burdensome to the extent it requests

18  information predating the release of the Accused Products and, in fact, is not limited to

19  any relevant time period.  Apple objects to this Request as vague, ambiguous, overly

20  broad, and unduly burdensome because it uses the undefined phrase "physiological

21  monitoring."  Apple objects to this Request as overly broad and unduly burdensome

22  because it is not reasonably limited to the scope of infringement allegations in this

23  litigation.  Apple expressly preserves its objection to producing any documents or things

24  that relate to Plaintiffs' trade secret misappropriation claim, even if they also relate to

25  *other* claims, until Plaintiffs comply with Section 2019.210.  Nonetheless, based on this

26  Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold

27  only documents or things that relate solely to Plaintiffs' trade secret misappropriation

28

1   claim until Plaintiffs comply with Section 2019.210—without waiving, or intending to

2   waive, the preceding objection.

3          Subject to and without waiver of the foregoing General and Specific Objections

4   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5   Apple agrees to produce documents responsive to the unobjectionable scope of this

6   Request, to the extent such information exists and is located after a reasonably diligent

7   search.

8   **REQUEST FOR PRODUCTION NO. 110:**

9          All documents and things that tend to support or rebut any contention that the

10  named inventors were properly identified as inventors on the Disputed Patents.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

12         Apple incorporates by reference its General Objections and Objections to

13  Definitions and Instructions.

14         Apple objects to this Request to the extent it seeks documents and things protected

15  from discovery by the attorney-client privilege, the work-product doctrine, the common-

16  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

17  objects to this Request as overbroad and unduly burdensome to the extent it seeks

18  information neither relevant to the issues in the present action nor reasonably calculated

19  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

20  extent that it seeks information already in Plaintiffs' possession or information that is

21  obtainable from another source, such as publicly available materials, that is more

22  convenient, less burdensome, or less expensive.   Apple objects to this Request as

23  overbroad and unduly burdensome to the extent it seeks documents not within Apple's

24  possession, custody, or control.  Apple objects to this Request on the grounds that it is

25  overly broad and unduly burdensome to the extent it requests "[a]ll documents and

26  things" relating to the subject matter of the request.   Plaintiffs' inventorship and/or

27  ownership claims related to the Disputed Patents is based on Apple's alleged use of

28  Plaintiffs' allegedly confidential trade secrets, and thus this Request is improper because

1   Request, to the extent such information exists and is located after a reasonably diligent

2   search.

3

4

5   Dated:  August 17, 2020            JOSHUA H. LERNER
                                       H. MARK LYON
6                                      BRIAN M. BUROKER
                                       BRIAN A. ROSENTHAL
7                                      ILISSA SAMPLIN
                                       ANGELIQUE KAOUNIS
8                                      BRIAN K. ANDREA
                                       GIBSON, DUNN & CRUTCHER LLP
9

10

11                                     By:  */s/ Joshua H. Lerner*
                                            Joshua H. Lerner
12

13                                     *Attorneys for Defendant Apple Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

123
**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 5
-101-

## <u>PROOF OF SERVICE</u>

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On August 17, 2020, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on August 17, 2020, at Irvine, California.

_Tracy A Morgan_

Tracy A. Morgan

124

**APPLE INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Exhibit 5
-102-

# EXHIBIT 6

1  JOSHUA H. LERNER, SBN 220755
    jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
    mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
7  Palo Alto, CA 94304-1211
   Tel.: 650.849.5300 / Fax: 650.849.5333
8  BRIAN M. BUROKER, *pro hac vice*
    bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
    bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.            333 South Grand Avenue
11 Washington, DC 20036                     Los Angeles, CA 90071-3197
   Tel.: 202.955.8541 / Fax: 202.467.0539   Tel.: 213.229.7000 / Fax: 213.229.7520
12
13 BRIAN A. ROSENTHAL, *pro hac vice*      ANGELIQUE KAOUNIS, SBN 209833
    brosenthal@gibsondunn.com               akaounis@gibsondunn.com
14 GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue                          2029 Century Park East Suite 4000
15 New York, NY 10166-0193                  Los Angeles, CA 90067
   Tel.: 212.351.2339 / Fax: 212.817.9539   Tel.: 310.552.8546 / Fax: 310.552.7026
16 *Attorneys for Defendant Apple Inc.*
17
18              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
19                    **SOUTHERN DIVISION**
20 MASIMO CORPORATION,                 | CASE NO. 8:20-cv-00048-JVS (JDEx)
   a Delaware corporation; and
21 CERCACOR LABORATORIES, INC.,        | **DEFENDANT APPLE INC.'S**
   a Delaware corporation,             | **OBJECTIONS AND RESPONSES TO**
22                                      | **PLAINTIFFS MASIMO**
                                        | **CORPORATION AND CERCACOR**
23             Plaintiffs,              | **LABORATORIES, INC.'S FOURTH**
                                        | **SET OF REQUESTS FOR**
24      v.                              | **PRODUCTION OF DOCUMENTS TO**
                                        | **DEFENDANT APPLE INC. (NOS. 148-**
25 APPLE INC., a California corporation,| **172)**
26             Defendant.
27                                      | Hon. James V. Selna
                                          Magistrate Judge John D. Early
28

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Fourth Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 148-172) (the "Fourth RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Fourth RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose

1   obligations that exceed the scope of permissible discovery under the Federal Rules of

2   Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

3         2.     Apple objects to the Fourth RFPs, including the Instructions and

4   Definitions and each specific Request therein, to the extent they:  (i) seek documents or

5   information that are not relevant to any party's claims or defenses in the action;

6   (ii) impose a burden disproportionate to the needs of the case; (iii) seek documents or

7   information beyond the scope of permissible discovery; (iv) are unreasonably

8   cumulative or duplicative; or (v) seek information that is obtainable from some other

9   source that is more convenient, less burdensome, or less expensive.

10        3.     Apple objects to the Fourth RFPs, including the Instructions and

11  Definitions and each specific Request therein, to the extent they seek disclosure of

12  information, documents, and/or things related to Plaintiffs' trade secret allegations

13  because Plaintiffs have not complied with California Code of Civil Procedure Section

14  2019.210's ("Section 2019.210") requirement that they identify with reasonable

15  particularity the alleged trade secret(s) that they claim Apple has misappropriated.  *See*

16  Dkt. Nos. 37, 54, 79.  Apple is not withholding materials solely on that basis unless the

17  Request is solely related to Plaintiffs' trade secret allegations.  Apple expressly preserves

18  its objection to producing any documents or things that relate to Plaintiffs' trade secret

19  misappropriation claim, even if they also relate to *other* claims, until Plaintiffs comply

20  with Section 2019.210.  Nonetheless, based on this Court's April 17, June 15, and July

21  14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that

22  relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply

23  with Section 2019.210—without waiving, or intending to waive, the preceding

24  objection.  Accordingly, these Responses are made without waiving Apple's right to

25  revise, correct, supplement, or clarify any of its Responses in the event Plaintiffs comply

26  with Section 2019.210 in the future.  These Responses also are made without prejudice

27  to Apple's right to subsequently produce, including at trial, any additional documents,

28  witnesses, or evidence, including, without limitation, documents, witnesses, or evidence

that would only be subject to discovery by Plaintiffs if Plaintiffs first complied with the requirements of Section 2019.210.

4.    Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent that they demand production of "each," "every," or "all" documents and things concerning the subject matters referenced therein because such a demand causes undue burden and expense.

5.    Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek information, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Apple does not object to a Request on the basis of an applicable privilege.  The inadvertent disclosure of any documents subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.  Apple reserves the right to demand that Plaintiffs return to it any document inadvertently produced.  Plaintiffs shall, upon the request of Apple, immediately return or destroy any such documents inadvertently produced.  Further, upon Plaintiffs' discovery of what may be a privileged document produced by Apple, Plaintiffs should immediately inform Apple in writing.

6.    Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek confidential commercial, business, financial, or competitively sensitive information, trade secrets, or any other proprietary information of or about Apple, its respective employees, its clients, and its business partners, including information subject to confidentiality agreements with third parties.  Apple further objects to the Fourth RFPs, including the Instructions

Gibson, Dunn &
Crutcher LLP

4

APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-106-

and Definitions and each specific Request therein, to the extent that they seek to require Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

7.      Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.   Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

8.      Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.   To the extent the Fourth RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

9.      Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.   Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or assumptions are correct or accurate.   The failure to object to any of the defined terms that are listed in the "Definitions" section of the Fourth RFPs, but that are not used by Plaintiffs in any of the Fourth RFPs directed to Apple, shall not be construed

1   as a waiver of any objections to the definitions of those defined terms.

2      10.    Apple objects to the Fourth RFPs, including the Instructions and
3   Definitions and each specific Request therein, to the extent they lack foundation, or
4   incorporate allegations and assertions that are disputed or erroneous.  By responding and
5   objecting to the Fourth RFPs, Apple does not admit the correctness of such assertions.

6      11.    Apple objects to the Fourth RFPs, including the Instructions and
7   Definitions and each specific Request therein, as being unduly burdensome to the extent
8   they seek documents or information that (i) is not within the possession, custody, or
9   control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in
10  the possession of Plaintiffs; (iv) was already produced by or requested from other parties
11  or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-
12  02001 (C.D. Cal.); or (v) is public.

13     12.    These Responses, and the production of any documents, do not constitute
14  admissions that such documents were in Apple's possession, custody, or control at any
15  particular point in time other than on the date of production.

16     13.    Apple objects to the Fourth RFPs, including the Instructions and
17  Definitions and each specific Request therein, to the extent they seek discovery from
18  any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are
19  not within Apple's control, and to the extent that a Request seeks such disclosure, it is
20  improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and
21  not on behalf of any parent, subsidiary, or affiliate.

22     14.    Apple objects to the Fourth RFPs, including the Instructions and
23  Definitions and each specific Request therein, to the extent they purport to require Apple
24  to compile information in a manner that is not maintained in the ordinary course of
25  business, or to create documents, including but not limited to charts, tables, reviews,
26  proposals, methodologies, and/or breakdowns, etc., that do not already exist.

27     15.    Apple objects to the Fourth RFPs, including the Instructions and
28  Definitions and each specific Request therein, to the extent they purport to impose an

obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure. Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents. Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

16.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form. Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions. If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

17.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are beyond Apple's possession, custody, or control.

18.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

19.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the use of specific search terms not previously negotiated between the parties.

20.     Apple's undertaking to produce documents responsive to the Fourth RFPs, or its failure to object to a Request, is subject to a general proviso that Apple agrees to produce documents only to the extent such documents exist and can be located with reasonable diligence.  Further, Apple's undertaking to produce documents responsive to the Fourth RFPs does not constitute an admission that such documents actually exist, but rather that Apple has made or will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.   Apple's objections and responses shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody, or control.

21.     By responding to the Fourth RFPs, Apple does not concede the relevancy or materiality of any Request or of the subject to which it refers.  Apple's responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding.  Apple's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that it is relevant to a claim or defense in this action, or that it is admissible for any purpose.  Apple does not waive its right to object to the admissibility of any document produced by any party on any ground.

22.     Apple responds to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

23.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

24.     Apple objects to the Fourth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they relate to Plaintiffs' patent infringement allegations.  In view of the Court's October 14, 2020 Order (Dkt.

No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot.

25.     Apple reserves all other unarticulated objections.

## OBJECTIONS TO DEFINITIONS

1.     Apple objects to the Definitions in the Fourth RFPs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the Fourth RFPs in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to this action.  Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the Fourth RFPs, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.     Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Masimo Corporation encompassed in the definition.

4.     Apple objects to Plaintiffs' definition of "Cercacor" as overly broad,

9

Gibson, Dunn & Crutcher LLP

**Exhibit 6 -111-**

unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.      Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that Plaintiffs have not alleged Apple infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action. Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information regarding patents that Plaintiffs are no longer asserting. In responding to the Fourth RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly.

6.      Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.      Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the

definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8. Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9. Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint. Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action. In responding to the Fourth RFPs, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.

10. Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous. Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11.     Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12.     Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

13.     Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Fourth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## OBJECTIONS TO INSTRUCTIONS

1.     Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2.     Apple objects to Instruction No. 1 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple also objects to Instruction No. 1 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple

Gibson, Dunn &
Crutcher LLP

12

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6**
**-114-**

further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.      Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.      Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.      Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.      Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-115-**

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 148:

All document and things that refer or relate to the calculation of oxygen saturation in any Apple Watch Product.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, to the extent this Request is even relevant to Plaintiffs' patent infringement allegations, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in

1  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

2  pending compliance with Section 2019.210, Apple declines to respond to this Request

3  at this time.

4  **REQUEST FOR PRODUCTION NO. 149:**

5      Documents sufficient to show any pulse oximetry algorithms used in any of the

6  Apple Watch Products.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

8      Apple incorporates by reference its General Objections and Objections to

9  Definitions and Instructions.

10      Apple objects to this Request as overbroad and unduly burdensome to the extent

11  it seeks information neither relevant to the issues in the present action nor reasonably

12  calculated to lead to the discovery of admissible evidence.  Apple objects to this Request

13  to the extent it seeks documents related to products that are not relevant to this litigation

14  or documents related to products Plaintiffs have not identified in their Complaint or

15  otherwise accused of infringement.  Apple objects to this Request because it is seeks

16  discovery related to Plaintiffs' patent infringement allegations, which have been stayed

17  by the Court.

18      Subject to and without waiver of the foregoing General and Specific Objections

19  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

20  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

21  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

22  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

23  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

24  Statement, dated November 6, 2020, is deficient, including for reasons identified in

25  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

26  pending compliance with Section 2019.210, Apple declines to respond to this Request

27  at this time.

28

Gibson, Dunn &
Crutcher LLP

15

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-117-**

1  **REQUEST FOR PRODUCTION NO. 150:**

2     All documents and things that refer or relate to selection between any pulse

3  oximetry algorithm used in any of the Apple Watch Products.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

5     Apple incorporates by reference its General Objections and Objections to

6  Definitions and Instructions.

7     Apple objects to this Request to the extent it seeks documents and things protected

8  from discovery by the attorney-client privilege, the work-product doctrine, the common-

9  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

10  objects to this Request as overbroad and unduly burdensome to the extent it seeks

11  information neither relevant to the issues in the present action nor reasonably calculated

12  to lead to the discovery of admissible evidence.  Apple objects to this Request as vague,

13  ambiguous, overly broad, and unduly burdensome, including because it uses the

14  undefined phrase "selection between any pulse oximetry algorithm."  Apple objects to

15  this Request to the extent it seeks documents related to products that are not relevant to

16  this litigation or documents related to products Plaintiffs have not identified in their

17  Complaint or otherwise accused of infringement.  Apple objects to this Request on the

18  grounds that it is overly broad and unduly burdensome because it requests "all

19  documents and things" relating to the subject matter of the request.  Apple objects to this

20  Request because it is seeks discovery related to Plaintiffs' patent infringement

21  allegations, which have been stayed by the Court.

22     Subject to and without waiver of the foregoing General and Specific Objections

23  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

24  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

25  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

26  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

27  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

28  Statement, dated November 6, 2020, is deficient, including for reasons identified in

1    Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

2    pending compliance with Section 2019.210, Apple declines to respond to this Request

3    at this time.

4    **REQUEST FOR PRODUCTION NO. 151:**

5          All documents and things that refer or relate to power consumption by any pulse

6    oximetry algorithm used in any of the Apple Watch Products.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

8          Apple incorporates by reference its General Objections and Objections to

9    Definitions and Instructions.

10          Apple objects to this Request to the extent it seeks documents and things protected

11    from discovery by the attorney-client privilege, the work-product doctrine, the common-

12    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

13    objects to this Request as overbroad and unduly burdensome to the extent it seeks

14    information neither relevant to the issues in the present action nor reasonably calculated

15    to lead to the discovery of admissible evidence. Apple objects to this Request as vague,

16    ambiguous, overly broad, and unduly burdensome, including because it uses the

17    undefined phrase "power consumption by any pulse oximetry algorithm."  Apple objects

18    to this Request to the extent it seeks documents related to products that are not relevant

19    to this litigation or documents related to products Plaintiffs have not identified in their

20    Complaint or otherwise accused of infringement.  Apple objects to this Request on the

21    grounds that it is overly broad and unduly burdensome because it requests "all

22    documents and things" relating to the subject matter of the request.  Apple objects to this

23    Request because it is seeks discovery related to Plaintiffs' patent infringement

24    allegations, which have been stayed by the Court.

25          Subject to and without waiver of the foregoing General and Specific Objections

26    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

27    in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

28    to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

Gibson, Dunn &
Crutcher LLP

17
**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-119-**

1   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks
2   documents related to trade secret discovery, because Plaintiffs' Section 2019.210
3   Statement, dated November 6, 2020, is deficient, including for reasons identified in
4   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery
5   pending compliance with Section 2019.210, Apple declines to respond to this Request
6   at this time.

7   **REQUEST FOR PRODUCTION NO. 152:**

8        The complete source code, including versions, revisions, and comments, that
9   relates to the following features of Apple Watch Products: determination of oxygen
10  saturation.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

12       Apple incorporates by reference its General Objections and Objections to
13  Definitions and Instructions.

14       Apple objects to this Request to the extent it seeks documents and things protected
15  from discovery by the attorney-client privilege, the work-product doctrine, the common-
16  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple
17  objects to this Request as overbroad and unduly burdensome to the extent it seeks
18  information neither relevant to the issues in the present action nor reasonably calculated
19  to lead to the discovery of admissible evidence.  Apple objects to this Request to the
20  extent it seeks documents related to products that are not relevant to this litigation or
21  documents related to products Plaintiffs have not identified in their Complaint or
22  otherwise accused of infringement.  Apple objects to this Request as overbroad and
23  unduly burdensome, including because it seeks "[t]he complete source code, including
24  prior versions, revisions, and comments," is not limited to any relevant time period, and
25  is not limited to the technical features accused of infringement.  Apple objects to this
26  Request because it is seeks discovery related to Plaintiffs' patent infringement
27  allegations, which have been stayed by the Court.

28

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6**
**-120-**

1   Subject to and without waiver of the foregoing General and Specific Objections

2   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3   to the extent this Request is even relevant to Plaintiffs' patent infringement allegations,

4   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

5   to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

6   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

7   documents related to trade secret discovery, because Plaintiffs' Section 2019.210

8   Statement, dated November 6, 2020, is deficient, including for reasons identified in

9   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

10   pending compliance with Section 2019.210, Apple declines to respond to this Request

11   at this time.

12   **REQUEST FOR PRODUCTION NO. 153:**

13   All documents and things that refer or relate to the operation of any LEDs used to

14   determine oxygen saturation for any Apple Watch Product, including but not limited to

15   documents and things that refer or relate to LED timing, duty cycle, current, or power

16   usage.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

18   Apple incorporates by reference its General Objections and Objections to

19   Definitions and Instructions.

20   Apple objects to this Request to the extent it seeks documents and things protected

21   from discovery by the attorney-client privilege, the work-product doctrine, the common-

22   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

23   objects to this Request as overbroad and unduly burdensome to the extent it seeks

24   information neither relevant to the issues in the present action nor reasonably calculated

25   to lead to the discovery of admissible evidence.  Apple objects to this Request to the

26   extent it seeks documents related to products that are not relevant to this litigation or

27   documents related to products Plaintiffs have not identified in their Complaint or

28   otherwise accused of infringement.  Apple objects to this Request on the grounds that it

is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, to the extent this Request is even relevant to Plaintiffs' patent infringement allegations, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 154:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any Apple Watch Product or any component of any Apple Watch Product that relate to pulse oximetry or power consumption by pulse oximetry, including, without limitation, testing protocols, reports, results, notes, and summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks

Exhibit 6
-122-

information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 155:**

All documents and things concerning any decision by Apple not to seek FDA approval of the pulse oximetry feature of any Apple Watch Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" concerning the subject matter of the request. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 156:**

All documents and things concerning any attempt to obtain FDA approval of the pulse oximetry feature of any Apple Watch Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

Exhibit 6
-124-

interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" concerning the subject matter of the request.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 157:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the pulse oximetry feature of any Apple Watch Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

1    Apple objects to this Request to the extent it seeks documents and things protected

2    from discovery by the attorney-client privilege, the work-product doctrine, the common-

3    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

4    objects to this Request as overbroad and unduly burdensome to the extent it seeks

5    information neither relevant to the issues in the present action nor reasonably calculated

6    to lead to the discovery of admissible evidence.  Apple objects to this Request to the

7    extent it seeks documents related to products that are not relevant to this litigation or

8    documents related to products Plaintiffs have not identified in their Complaint or

9    otherwise accused of infringement.  Apple objects to this Request on the grounds that it

10    is overly broad and unduly burdensome because it requests "all documents and things"

11    relating to the subject matter of the request.  Apple objects to this Request because it is

12    seeks discovery related to Plaintiffs' patent infringement allegations, which have been

13    stayed by the Court.

14    Subject to and without waiver of the foregoing General and Specific Objections

15    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

16    in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

17    to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

18    Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

19    documents related to trade secret discovery, because Plaintiffs' Section 2019.210

20    Statement, dated November 6, 2020, is deficient, including for reasons identified in

21    Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

22    pending compliance with Section 2019.210, Apple declines to respond to this Request

23    at this time.

24    **<u>REQUEST FOR PRODUCTION NO. 158:</u>**

25    All documents and things that refer or relate to the value of including pulse

26    oximetry capabilities in a smartwatch.

27

28

Gibson, Dunn &
Crutcher LLP

24

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPs**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-126-**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, including because it uses the undefined phrases "value" and "smartwatch."  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request.  Apple objects to this Request as premature and unduly burdensome because it calls for information that is appropriately the subject of expert discovery and subject to separate timing requirements per the Court's Scheduling Order.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

25

**REQUEST FOR PRODUCTION NO. 159:**

All documents and things that refer or relate to all communications discussing the importance of accurate measurements for pulse oximetry to the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request. Apple further objects to this Request to the extent it seeks production of ESI in a manner other than that which is to be negotiated between the parties pursuant to the ESI Order in this case. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request. Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in

1   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

2   pending compliance with Section 2019.210, Apple declines to respond to this Request

3   at this time.

4   **REQUEST FOR PRODUCTION NO. 160:**

5       All documents including all communications discussing the importance of

6   accurate measurements for pulse oximetry in the marketplace.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

8       Apple incorporates by reference its General Objections and Objections to

9   Definitions and Instructions.

10      Apple objects to this Request to the extent it seeks documents and things protected

11  from discovery by the attorney-client privilege, the work-product doctrine, the common-

12  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

13  objects to this Request as overbroad and unduly burdensome to the extent it seeks

14  information neither relevant to the issues in the present action nor reasonably calculated

15  to lead to the discovery of admissible evidence.  Apple objects to this Request on the

16  grounds that it is overly broad and unduly burdensome because it requests "all

17  communications" discussing the subject matter of the request.  Apple further objects to

18  this Request to the extent it seeks production of ESI in a manner other than that which

19  is to be negotiated between the parties pursuant to the ESI Order in this case.  Apple

20  objects to this Request because it is seeks discovery related to Plaintiffs' patent

21  infringement allegations, which have been stayed by the Court.

22      Subject to and without waiver of the foregoing General and Specific Objections

23  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

24  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

25  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

26  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

27  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

28  Statement, dated November 6, 2020, is deficient, including for reasons identified in

1   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

2   pending compliance with Section 2019.210, Apple declines to respond to this Request

3   at this time.

4   **REQUEST FOR PRODUCTION NO. 161:**

5        All documents including all communications related to complaints, concerns, or

6   criticisms about the accuracy or reliability of measurements for pulse oximetry for any

7   Apple Watch Product.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

9        Apple incorporates by reference its General Objections and Objections to

10  Definitions and Instructions.

11       Apple objects to this Request to the extent it seeks documents and things protected

12  from discovery by the attorney-client privilege, the work-product doctrine, the common-

13  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

14  objects to this Request as overbroad and unduly burdensome to the extent it seeks

15  information neither relevant to the issues in the present action nor reasonably calculated

16  to lead to the discovery of admissible evidence.  Apple objects to this Request to the

17  extent it seeks documents related to products that are not relevant to this litigation or

18  documents related to products Plaintiffs have not identified in their Complaint or

19  otherwise accused of infringement.  Apple objects to this Request on the grounds that it

20  is overly broad and unduly burdensome because it requests "all documents" relating to

21  the subject matter of the request.  Apple objects to this Request as unduly burdensome

22  to the extent it seeks information of a type not maintained by Apple and/or in a format

23  different from the format in which Apple maintains its data in the normal course of

24  business.  Apple further objects to this Request to the extent it seeks production of ESI

25  in a manner other than that which is to be negotiated between the parties pursuant to the

26  ESI Order in this case.  Apple objects to this Request because it is seeks discovery related

27  to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

28

1  Subject to and without waiver of the foregoing General and Specific Objections

2  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

4  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

5  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

6  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

7  Statement, dated November 6, 2020, is deficient, including for reasons identified in

8  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

9  pending compliance with Section 2019.210, Apple declines to respond to this Request

10  at this time.

11  **REQUEST FOR PRODUCTION NO. 162:**

12  All documents and things referring or relating to Apple's efforts to train its sales

13  and marketing personnel on measurements for pulse oximetry.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15  Apple incorporates by reference its General Objections and Objections to

16  Definitions and Instructions.

17  Apple objects to this Request to the extent it seeks documents and things protected

18  from discovery by the attorney-client privilege, the work-product doctrine, the common-

19  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

20  objects to this Request as overbroad and unduly burdensome to the extent it seeks

21  information neither relevant to the issues in the present action nor reasonably calculated

22  to lead to the discovery of admissible evidence.  Apple objects to this Request on the

23  grounds that it is overly broad and unduly burdensome because it requests "all

24  documents and things" relating to the subject matter of the request.  Apple objects to this

25  Request because it is seeks discovery related to Plaintiffs' patent infringement

26  allegations, which have been stayed by the Court.

27  Subject to and without waiver of the foregoing General and Specific Objections

28  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

Gibson, Dunn &
Crutcher LLP

29

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-131-**

1  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

2  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

3  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

4  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

5  Statement, dated November 6, 2020, is deficient, including for reasons identified in

6  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

7  pending compliance with Section 2019.210, Apple declines to respond to this Request

8  at this time.

9  **REQUEST FOR PRODUCTION NO. 163:**

10       All documents and things referring or relating to forecasts or projections regarding

11  sales, revenue, expenses, and/or profit associated with changes between the Apple

12  Watch Series 5 and the Apple Watch Series 6.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

14       Apple incorporates by reference its General Objections and Objections to

15  Definitions and Instructions.

16       Apple objects to this Request to the extent it seeks documents and things protected

17  from discovery by the attorney-client privilege, the work-product doctrine, the common-

18  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

19  objects to this Request as overbroad and unduly burdensome to the extent it seeks

20  information neither relevant to the issues in the present action nor reasonably calculated

21  to lead to the discovery of admissible evidence.  Apple objects to this Request on the

22  grounds that it is overly broad and unduly burdensome because it requests "all

23  documents and things" relating to the subject matter of the request.  Apple objects to this

24  Request as unduly burdensome to the extent it seeks information of a type not maintained

25  by Apple and/or in a format different from the format in which Apple maintains its data

26  in the normal course of business.  Apple objects to this Request because it is seeks

27  discovery related to Plaintiffs' patent infringement allegations, which have been stayed

28  by the Court.

Gibson, Dunn &
Crutcher LLP

1  Subject to and without waiver of the foregoing General and Specific Objections

2  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

4  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

5  Apple declines to respond to this Request. Additionally, to the extent this Request seeks

6  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

7  Statement, dated November 6, 2020, is deficient, including for reasons identified in

8  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

9  pending compliance with Section 2019.210, Apple declines to respond to this Request

10  at this time.

11  **REQUEST FOR PRODUCTION NO. 164:**

12  All documents and things referring or relating to forecasts or projections regarding

13  sales, revenue, expenses, and/or profit associated with including pulse oximetry in an

14  Apple Watch Product.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

16  Apple incorporates by reference its General Objections and Objections to

17  Definitions and Instructions.

18  Apple objects to this Request to the extent it seeks documents and things protected

19  from discovery by the attorney-client privilege, the work-product doctrine, the common-

20  interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

21  objects to this Request as overbroad and unduly burdensome to the extent it seeks

22  information neither relevant to the issues in the present action nor reasonably calculated

23  to lead to the discovery of admissible evidence. Apple objects to this Request to the

24  extent it seeks documents related to products that are not relevant to this litigation or

25  documents related to products Plaintiffs have not identified in their Complaint or

26  otherwise accused of infringement. Apple objects to this Request on the grounds that it

27  is overly broad and unduly burdensome because it requests "all documents and things"

28  relating to the subject matter of the request. Apple objects to this Request as unduly

burdensome to the extent it seeks information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the normal course of business.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 165:**

All documents and things related to Masimo's MightySat pulse oximeter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request as

Gibson, Dunn &
Crutcher LLP

32

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-134-**

1   overbroad and unduly burdensome to the extent it seeks documents not within Apple's
2   possession, custody, or control.  Apple objects to this Request on the grounds that it is
3   overly broad and unduly burdensome because it requests "all documents and things"
4   relating to the subject matter of the request.  Apple objects to this Request because it is
5   seeks discovery related to Plaintiffs' patent infringement allegations, which have been
6   stayed by the Court.

7          Subject to and without waiver of the foregoing General and Specific Objections
8   and under the provisions of the Protective Order and ESI Stipulation entered in this case,
9   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion
10  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus
11  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks
12  documents related to trade secret discovery, because Plaintiffs' Section 2019.210
13  Statement, dated November 6, 2020, is deficient, including for reasons identified in
14  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery
15  pending compliance with Section 2019.210, Apple declines to respond to this Request
16  at this time.

17  **REQUEST FOR PRODUCTION NO. 166:**

18         All documents and things related to Masimo's iSpO2 pulse oximeter.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

20         Apple incorporates by reference its General Objections and Objections to
21  Definitions and Instructions.

22         Apple objects to this Request to the extent it seeks documents and things protected
23  from discovery by the attorney-client privilege, the work-product doctrine, the common-
24  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple
25  objects to this Request as overbroad and unduly burdensome to the extent it seeks
26  information neither relevant to the issues in the present action nor reasonably calculated
27  to lead to the discovery of admissible evidence.  Apple objects to this Request to the
28  extent that it seeks information already in Plaintiffs' possession or information that is

obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 167:**

All documents and things related to Apple marketing or selling Masimo's MightySat pulse oximeter, including but not limited to all documents and things related to Apple's inclusion of MightySat on Apple's website, Apple's removal of MightySat from Apple's website, and Apple's communications with customers about the MightySat.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Gibson, Dunn &
Crutcher LLP

34

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6
-136-**

1    Apple objects to this Request to the extent it seeks documents and things protected

2    from discovery by the attorney-client privilege, the work-product doctrine, the common-

3    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

4    objects to this Request as overbroad and unduly burdensome to the extent it seeks

5    information neither relevant to the issues in the present action nor reasonably calculated

6    to lead to the discovery of admissible evidence.  Apple objects to this Request as vague,

7    ambiguous, overly broad, and unduly burdensome, including because it uses the

8    undefined phrase "Apple marketing or selling Masimo's MightySat pulse oximeter."

9    Apple objects to this Request to the extent that it seeks information already in Plaintiffs'

10   possession or information that is obtainable from another source, such as publicly

11   available materials, that is more convenient, less burdensome, or less expensive.  Apple

12   objects to this Request as overbroad and unduly burdensome to the extent it seeks

13   documents not within Apple's possession, custody, or control.  Apple objects to this

14   Request on the grounds that it is overly broad and unduly burdensome because it requests

15   "all documents and things" relating to the subject matter of the request.  Apple further

16   objects to this Request to the extent it seeks production of ESI in a manner other than

17   that which is to be negotiated between the parties pursuant to the ESI Order in this case.

18   Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent

19   infringement allegations, which have been stayed by the Court.

20       Subject to and without waiver of the foregoing General and Specific Objections

21   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

22   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

23   to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

24   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

25   documents related to trade secret discovery, because Plaintiffs' Section 2019.210

26   Statement, dated November 6, 2020, is deficient, including for reasons identified in

27   Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

28

Gibson, Dunn &
Crutcher LLP

35
APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-137-

1   pending compliance with Section 2019.210, Apple declines to respond to this Request

2   at this time.

3   **REQUEST FOR PRODUCTION NO. 168:**

4       All documents and things related to Apple marketing or selling Masimo's iSpO2

5   pulse oximeter, including but not limited to all documents and things related to Apple

6   Magazine's publication of marketing materials for iSpO2 and Apple's communications

7   with customers about iSpO2.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

9       Apple incorporates by reference its General Objections and Objections to

10  Definitions and Instructions.

11      Apple objects to this Request to the extent it seeks documents and things protected

12  from discovery by the attorney-client privilege, the work-product doctrine, the common-

13  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

14  objects to this Request as overbroad and unduly burdensome to the extent it seeks

15  information neither relevant to the issues in the present action nor reasonably calculated

16  to lead to the discovery of admissible evidence.  Apple objects to this Request as vague,

17  ambiguous, overly broad, and unduly burdensome, including because it uses the

18  undefined phrase "Apple marketing or selling Masimo's iSpO2 pulse oximeter."  Apple

19  objects to this Request to the extent that it seeks information already in Plaintiffs'

20  possession or information that is obtainable from another source, such as publicly

21  available materials, that is more convenient, less burdensome, or less expensive.  Apple

22  objects to this Request as overbroad and unduly burdensome to the extent it seeks

23  documents not within Apple's possession, custody, or control.  Apple objects to this

24  Request on the grounds that it is overly broad and unduly burdensome because it requests

25  "all documents and things" relating to the subject matter of the request.  Apple further

26  objects to this Request to the extent it seeks production of ESI in a manner other than

27  that which is to be negotiated between the parties pursuant to the ESI Order in this case.

28

1  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent

2  infringement allegations, which have been stayed by the Court.

3      Subject to and without waiver of the foregoing General and Specific Objections

4  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

6  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

7  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

8  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

9  Statement, dated November 6, 2020, is deficient, including for reasons identified in

10  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

11  pending compliance with Section 2019.210, Apple declines to respond to this Request

12  at this time.

13  **REQUEST FOR PRODUCTION NO. 169:**

14      All documents and things related to Apple's sales or marketing of Masimo's

15  MightySat pulse oximeter, including but not limited to communications discussing sales

16  or marketing of the MightySat in relation to Apple's own marketing, research, or product

17  development for Apple's own pulse oximetry product.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

19      Apple incorporates by reference its General Objections and Objections to

20  Definitions and Instructions.

21      Apple objects to this Request to the extent it seeks documents and things protected

22  from discovery by the attorney-client privilege, the work-product doctrine, the common-

23  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

24  objects to this Request as overbroad and unduly burdensome to the extent it seeks

25  information neither relevant to the issues in the present action nor reasonably calculated

26  to lead to the discovery of admissible evidence.  Apple objects to this Request as vague,

27  ambiguous, overly broad, and unduly burdensome, including because it uses the

28  undefined phrase "Apple's sales or marketing of Masimo's MightySat pulse oximeter."

1   Apple objects to this Request on the grounds that it is overly broad and unduly

2   burdensome because it requests "all documents and things" relating to the subject matter

3   of the request.  Apple further objects to this Request to the extent it seeks production of

4   ESI in a manner other than that which is to be negotiated between the parties pursuant

5   to the ESI Order in this case.  Apple objects to this Request because it is seeks discovery

6   related to Plaintiffs' patent infringement allegations, which have been stayed by the

7   Court.

8         Subject to and without waiver of the foregoing General and Specific Objections

9   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

10  in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

11  to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

12  Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

13  documents related to trade secret discovery, because Plaintiffs' Section 2019.210

14  Statement, dated November 6, 2020, is deficient, including for reasons identified in

15  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

16  pending compliance with Section 2019.210, Apple declines to respond to this Request

17  at this time.

18  **REQUEST FOR PRODUCTION NO. 170:**

19        All documents and things related to Apple's sales or marketing of Masimo's

20  iSpO2 pulse oximeter, including but not limited to communications discussing sales or

21  marketing of the iSpO2 pulse oximeter in relation to Apple's own marketing, research,

22  or product development for Apple's own pulse oximetry product.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

24        Apple incorporates by reference its General Objections and Objections to

25  Definitions and Instructions.

26        Apple objects to this Request to the extent it seeks documents and things protected

27  from discovery by the attorney-client privilege, the work-product doctrine, the common-

28  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

Gibson, Dunn &
Crutcher LLP

38

**APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 6**
**-140-**

objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, including because it uses the undefined phrase "Apple's sales or marketing of Masimo's iSpO2 pulse oximeter." Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to the subject matter of the request.  Apple further objects to this Request to the extent it seeks production of ESI in a manner other than that which is to be negotiated between the parties pursuant to the ESI Order in this case. Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

Gibson, Dunn &
Crutcher LLP

39

APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-141-

**REQUEST FOR PRODUCTION NO. 171:**

All documents and things referring to any analysis or study of products that compete or will compete with the pulse oximetry portion of the Apple Watch Series 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" referring to the subject matter of the request.  Apple objects to this Request because it is seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

40

Apple declines to respond to this Request.  Additionally, to the extent this Request seeks documents related to trade secret discovery, because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time.

**REQUEST FOR PRODUCTION NO. 172:**

All documents and things referring to performance of the pulse oximetry feature in the Apple Watch Series 6, including documents relating or referring to whether the pulse oximetry feature in the Apple Watch Series 6 accurately or reliably measures blood oxygen levels.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive.  Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" referring to the subject matter of the request.  Apple objects to this Request because it is

Gibson, Dunn & Crutcher LLP

1   seeks discovery related to Plaintiffs' patent infringement allegations, which have been

2   stayed by the Court.

3          Subject to and without waiver of the foregoing General and Specific Objections

4   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5   in view of the Court's October 14, 2020 Order (Dkt. No. 220) granting Apple's Motion

6   to Stay, the issues related to Plaintiffs' patent infringement allegations are moot and thus

7   Apple declines to respond to this Request.  Additionally, to the extent this Request seeks

8   documents related to trade secret discovery, because Plaintiffs' Section 2019.210

9   Statement, dated November 6, 2020, is deficient, including for reasons identified in

10  Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery

11  pending compliance with Section 2019.210, Apple declines to respond to this Request

12  at this time.

13

14

15  Dated:  November 9, 2020          JOSHUA H. LERNER
                                      H. MARK LYON
16                                    BRIAN M. BUROKER
                                      BRIAN A. ROSENTHAL
17                                    ILISSA SAMPLIN
                                      ANGELIQUE KAOUNIS
18                                    BRIAN K. ANDREA
                                      GIBSON, DUNN & CRUTCHER LLP
19

20

21                                    By:  */s/ Joshua H. Lerner*
                                          Joshua H. Lerner
22

23                                    *Attorneys for Defendant Apple Inc.*

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

42

APPLE INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF RFPS
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 6
-144-

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On November 9, 2020, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on November 9, 2020, at Irvine, California.

*/s/ Tracy A. Morgan*
Tracy A. Morgan

# EXHIBIT 8

JOSHUA H. LERNER, SBN 220755
 jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
 mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
 bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
 bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
 isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
 akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 6-10)** <br><br> Hon. James V. Selna <br> Magistrate Judge John D. Early |

1

Exhibit 8
-228-

1   Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33, and all

2   applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and

3   through its undersigned attorneys, hereby objects and provides the following

4   Supplemental Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor

5   Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Second Set of

6   Interrogatories to Defendant Apple Inc. (Nos. 6–10) (the "Interrogatories," and each an

7   "Interrogatory").

8   Apple responds generally that its investigation of facts relevant to this litigation

9   is ongoing.  The following Supplemental Responses are made to the best of Apple's

10   present knowledge, information, and belief.  Further investigation may reveal additional

11   facts or information that could lead to additions to, changes in, and/or variations from

12   the Supplemental Responses herein.  Without in any way obligating itself to do so, Apple

13   expressly reserves the right to supplement, amend, correct, clarify, or modify these

14   Supplemental Responses as further information becomes available.  Apple also reserves

15   the right to use or rely on, at any time, documents, evidence, and other matters in addition

16   to any documents produced in response to the Interrogatories, whether or not such

17   documents, evidence, or other matters are newly discovered or are now in existence but

18   have not yet been located.

19   Apple responds to these Interrogatories as it interprets and understands them.  If

20   Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from

21   Apple's understanding, Apple reverses its right to alter or supplement its objections or

22   responses.

23   **GENERAL OBJECTIONS**

24   Apple re-asserts and incorporates by reference herein each and every General

25   Objection, Objection to Definition, and Objection to Instruction that Apple previously

26   asserted in its earlier interrogatory responses, including those asserted with respect to

27   the instructions and definitions contained in the Interrogatories.

28

Gibson, Dunn & Crutcher LLP

2

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-229-

1

## SPECIFIC OBJECTIONS AND RESPONSES

2 **INTERROGATORY NO. 6:**

3       Describe in detail all bases for each affirmative defense that You assert in this
4 case, including an identification of all documents, things, and witnesses supporting your
5 contention. You may wait until thirty (30) days after Plaintiffs serve their initial Section
6 2019.210 disclosure to describe the bases for any affirmative defense(s) to Plaintiffs'
7 trade secret misappropriation cause of action.

8 **RESPONSE TO INTERROGATORY NO. 6 (AUGUST 17, 2020):**

9       Apple hereby restates and incorporates the General Objections above as though
10 fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks
11 information or things protected by the attorney-client privilege, attorney work product
12 doctrine, or any other applicable privilege, immunity, or protection.   Apple objects that
13 this Interrogatory is premature and hence improper and unduly burdensome because it
14 calls for information that is subject to deadlines set forth in the Court's Scheduling
15 Order.  Apple objects to this Interrogatory as premature because Plaintiffs have not yet
16 filed their Second Amended Complaint.  Apple objects to this Interrogatory as premature
17 and prejudicial because it has not completed its investigation of the facts and documents
18 relating to this case and has not fully completed its discovery in this action.   Apple
19 objects to this Interrogatory as premature because Apple has not yet answered Plaintiffs'
20 Complaint and has not yet completed its investigation into the potential defenses it may
21 assert.   Apple objects to this Interrogatory as duplicative of interrogatories previously
22 served by Plaintiffs that request information regarding Apple's defenses.

23       Subject to and without waiving the foregoing General and Specific Objections,
24 Apple responds as follows:  Apple will supplement its response to this Interrogatory
25 after it answers Plaintiffs' Complaint and, for certain affirmative defenses (*e.g.*,
26 invalidity), Apple will provide its contentions in accordance with the Court's schedule.

27       Apple reserves the right to supplement and/or amend its response to this
28 Interrogatory as it continues its investigation and as discovery progresses.

3

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 8**
**-230-**

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (AUGUST 26, 2020):

Subject to and without waiving the foregoing general and specific objections, Apple responds additionally as follows:  Apple's affirmative defenses do not yet exist in this action because it has not filed an Answer to the Complaint in this action.

Based on the information currently available to Apple, Apple intends to allege that the Asserted Patents are invalid at least pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.  Apple will provide the facts and documents related to its invalidity defenses in its invalidity contentions pursuant to the deadlines set forth in the Court's Scheduling Orders.

Apple also expects to assert that Apple does not infringe the Asserted Patents, and will provide its non-infringement contentions (which Plaintiffs have already requested in Plaintiffs' Interrogatory No. 1) after it receives the amended infringement contentions Plaintiffs have indicated they will be providing for all of the Asserted Patents.

Apple also alleges that Plaintiffs have failed to properly plead their trade secret claims for the reasons set forth in Apple's Motion to Dismiss.  *See* Dkt. No. 103-1.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

## INTERROGATORY NO. 7:

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of each Apple Watch Product, including without limitation, when and where the product is and/or was developed (including third party facilities), when and where each product was first released to market, a detailed description of when and why each design change, modification, and improvement concerning physiological monitoring was made between each series of the Apple Watch, a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, the identity of any competitive products examined, analyzed or tested in connection with its design or development, each person

4

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 8 -231-**

1   or entity involved in designing and developing the Apple Watch Products, and what role

2   each person or entity had in creating the Apple Watch Products.

3   **RESPONSE TO INTERROGATORY NO. 7 (AUGUST 17, 2020):**

4        Apple hereby restates and incorporates the General Objections above as though

5   fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks

6   information or things protected by the attorney-client privilege, attorney work product

7   doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to

8   this Interrogatory as overly broad and unduly burdensome in that it seeks information

9   related to technical features that are not relevant to this litigation.  Apple objects to this

10  Interrogatory to the extent it seeks information related to products that are not relevant

11  to this litigation, which Masimo has not identified in its Complaint or otherwise accused

12  of infringement.  Apple objects to this Interrogatory as overbroad and unduly

13  burdensome because it is not limited to the publicly released Apple Watch Series 3-5

14  devices identified and alleged in Plaintiffs' infringement allegations to infringe the

15  Asserted Patents.  Apple objects to this Interrogatory as overly broad and unduly

16  burdensome because it is not reasonably limited to the scope of infringement allegations

17  in this litigation.  Apple objects to this Interrogatory as overbroad and unduly

18  burdensome as it is not limited to any relevant time period.  Apple objects to this

19  Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

20  to the extent it is compound and comprises discrete subparts, and asserts that each

21  subpart of each compound Interrogatory counts separately toward the discovery limits

22  set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States

23  District Court for the Central District of California.

24       Subject to and without waiving the foregoing General and Specific Objections,

25  Apple responds as follows:  The Apple Watch Series 3, 4, and 5 products were developed

26  in Cupertino, California.  The Apple Watch Series 3 was first released to market on

27  September 22, 2017.  The Apple Watch Series 4 was first released to market on

28  September 21, 2018.  The Apple Watch Series 5 was first released to market on

Gibson, Dunn & Crutcher LLP

**Exhibit 8
-232-**

September 20, 2019.   For a detailed description of the complete development of physiological monitoring capabilities used in the Apple Watch Products, Apple directs Plaintiffs to https://www.apple.com/newsroom/2017/09/apple-watch-series-3-features-built-in-cellular-and-more/,      https://www.apple.com/newsroom/2018/09/redesigned-apple-watch-series-4-revolutionizes-communication-fitness-and-health/,      and https://www.apple.com/newsroom/2019/09/apple-unveils-apple-watch-series-5/.   The Apple Watch Series 3, 4, and 5 products were designed and developed by teams led by Brian Land, Senior Manager, and Steve Waydo, Senior Manager.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 8:**

Describe in detail, with reference to any supporting documents, information, and materials, the design and development of the product software related to physiological monitoring for each Apple Watch Product, including without limitation, when and where each portion of the product software is and/or was developed (including third party facilities), all versions or revisions (including name and/or version number) of the product software developed at each facility, the development and/or code management software used to develop each such version of the product software, the version control software or system used for each such version of the product software, the procedure for recording changes between each such version of the product software, the process for releasing versions of the product software, each person or entity involved in the design and development of the product software, and what role each person or entity had in the design and development of the product software.

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

**Exhibit 8**
**-233-**

**RESPONSE TO INTERROGATORY NO. 8 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein.  Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to this Interrogatory as duplicative to the extent it seeks information sought by Interrogatory No. 7.  Apple objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information related to technical features and/or software that are not relevant to this litigation.  Apple objects to this Interrogatory to the extent it seeks information related to products that are not relevant to this litigation, which Masimo has not identified in its Complaint or otherwise accused of infringement.  Apple objects to this Interrogatory as overbroad and unduly burdensome because it is not limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents.  Apple objects to this Request as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.  Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period.  Apple objects to this Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory No. 7 in its entirety.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for

7

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 8**
**-234-**

1   inspection in this action.

2        Apple reserves the right to supplement and/or amend its response to this

3   Interrogatory as it continues its investigation and as discovery progresses.

4   **INTERROGATORY NO. 9:**

5        Describe in detail, with reference to any supporting documents, information, and

6   materials, the operation of pulse rate algorithms associated with each Apple Watch

7   Product, including without limitation the timing, current, and operation of any LEDs

8   used to determine pulse rate, reasons and conditions for changing the timing, current or

9   operation of any LED used to determine pulse rate, reasons and conditions for selecting

10  among algorithms to determine pulse rate, and power usage associated with each type

11  of timing, current, or operation of any LED.

12  **RESPONSE TO INTERROGATORY NO. 9 (AUGUST 17, 2020):**

13       Apple hereby restates and incorporates the General Objections above as though

14  fully set forth herein.   Apple objects to this Interrogatory to the extent it seeks

15  information or things protected by the attorney-client privilege, attorney work product

16  doctrine, or any other applicable privilege, immunity, or protection.  Apple objects to

17  this Interrogatory as overly broad and unduly burdensome in that it seeks information

18  related to technical features that are not relevant to this litigation.  Apple objects to this

19  Interrogatory to the extent it seeks information related to products that are not relevant

20  to this litigation, which Masimo has not identified in its Complaint or otherwise accused

21  of infringement.   Apple objects to this Interrogatory as overbroad and unduly

22  burdensome because it is not limited to the publicly released Apple Watch Series 3-5

23  devices identified and alleged in Plaintiffs' infringement allegations to infringe the

24  Asserted Patents.   Apple objects to this Interrogatory as overly broad and unduly

25  burdensome because it is not reasonably limited to the scope of infringement allegations

26  in this litigation.   Apple objects to this Interrogatory as overbroad and unduly

27  burdensome as it is not limited to any relevant time period.   Apple objects to this

28  Interrogatory as improper as it calls for a narrative.  Apple objects to this Interrogatory

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF
INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

**Exhibit 8**
**-235-**

to the extent it is compound and comprises discrete subparts, and asserts that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory Nos. 7 and 8.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the documents bearing bates numbers APL-MAS_00000001 through APL-MAS_00001192, as well as the source code it has made available for inspection in this action.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

**INTERROGATORY NO. 10:**

Describe in detail any test, analysis, comparison, or competitive analysis that You performed concerning any non-Apple physiological monitor. To the extent that such test, analysis, comparison, or competitive analysis was based on any scientific or experimental tests or investigations, Your response should identify at least the date of each such investigation, the individuals who conducted the test or investigation, what test or investigation was conducted, the results or conclusions therefrom, to whom the results were communicated, and all documents concerning such test or investigation.

**RESPONSE TO INTERROGATORY NO. 10 (AUGUST 17, 2020):**

Apple hereby restates and incorporates the General Objections above as though fully set forth herein. Apple objects to this Interrogatory to the extent it seeks information or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Apple objects to this Interrogatory as overbroad and unduly burdensome as it is not limited to any relevant time period. Apple objects to this Interrogatory as overly broad, unduly burdensome

9

Gibson, Dunn & Crutcher LLP

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-236-

and irrelevant because it seeks information related to "any non-Apple physiological monitor." Apple's inspection of "any non-Apple physiological monitor" is irrelevant to the issues presented in this case. Apple objects to this Interrogatory as overly broad and unduly burdensome because it is not reasonably limited to the scope of infringement allegations in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple is willing to meet and confer to discuss the relevance of the information sought by Plaintiffs.

Apple reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

Dated: August 26, 2020

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

10
**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Exhibit 8
-237-

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On August 26, 2020, I served the within **DEFENDANT APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 6-10)** on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on August 26, 2020, at Irvine, California.

*/s/ Tracy A. Morgan*
Tracy A. Morgan

**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
Case No. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Exhibit 8
-238-

# EXHIBIT 9

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

October 1, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

    We write pursuant to Local Rule 37-1 to address various discovery issues and request a meet and confer.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

    **Apple's Improper Exclusive Reliance on Custodians and Search Terms:**  Apple has taken the position that, as to one or more requests, it may rely <u>solely</u> on search terms and ESI searches to look for responsive documents.  That is improper.  Apple should perform a reasonable search for documents separate and apart from ESI searching by, for example, talking to potential custodians and witnesses to determine where relevant documents may exist.  During the parties June 30th meet and confer, "Apple agreed to let Plaintiffs know if it determines that it will use search terms and custodians alone to satisfy Apple's discovery obligations for a particular RFP."  However, to date, Apple has not identified any such RFPs.  Please confirm that Apple will satisfy its discovery obligations and will not limit its searching to the use of search terms and custodians for any RFP.

    **Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Based on the correspondence between the parties, we understand that Apple is not withholding and does not intend to withhold documents based on its objections for these RFPs and that Apple intends to produce all non-privileged documents responsive to these RFPs.  Please confirm and let us know when Apple intends to produce such documents.

    **Plaintiffs' RFPs 5-8, 10-11, and 26-27:**  Based on the correspondence between the parties, we understand that Apple has withheld documents responsive to these RFPs based solely on Apple's position that Plaintiffs must first serve a Section 2019.210 statement that Apple deems adequate. Because the Court rejected Apple's position in its April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), we expect Apple will produce these documents.  Please confirm and let us know when Apple intends to produce such documents.

    **Plaintiffs' RFP 9:** Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please confirm Apple will no longer withhold documents based on that position.  Apple also previously stated

# Knobbe Martens

that it intends to withhold publicly available documents.  As we previously explained, this is improper.  Apple should produce all documents in its possession, custody, or control, even if they are otherwise publicly available.  Please confirm Apple will produce such documents.  We understand Apple is not withholding and does not intend to withhold documents based on any other objections.  Please let us know if that is incorrect.

**Plaintiffs' RFPs 12-25:**  Based on the correspondence between the parties, we understand Apple has withheld documents responsive to this RFP based on Apple's position that Plaintiffs must serve its Section 2019.210 statement.  As explained above, the Court rejected Apple's position.  Thus, please confirm Apple will no longer withhold documents based on that position.  Apple also previously stated that it intends to withhold any documents that are "relevant specifically to any claim not asserted in this action."  As we have explained, Apple is not permitted to withhold responsive documents based on Apple's contention those documents are relevant to unasserted claims.  Indeed, Plaintiffs are entitled to Apple's documents, including for the purposes of selecting asserted claims.  Please confirm Apple will not maintain this objection.  We understand Apple is not withholding any documents based on any other objection.  Please let us know if that is incorrect.

**Plaintiffs' RFPs 28-33, 35-39, 41-46, 58, 60:**  Based on the correspondence between the parties, we understand Apple contends that these RFPs are premature until it receives Plaintiffs' infringement contentions, but that Apple will produce documents responsive to these RFPs upon receiving such contentions.  We disagree, but look forward to promptly receiving Apple's documents after Plaintiffs serve their infringement contentions.  Please let us know when you will provide these documents.

**Plaintiffs' RFPs 47-49:**  Based on the correspondence between the parties, we understand Apple intends to provide documents related only to how often a user's heart rate is measured and the operation of the LEDs in the Accused Products, but not as to the remainder of these Requests.  As we have previously explained, that is improper.  Please confirm Apple will produce all documents responsive to this request.

**Apple's Improper Attempts to Limit Document Productions to Accused Features:**  Apple has thus far improperly limited Apple's core technical document production to include only documents that relate to features Apple claims were accused of infringement.  Apple has not stated any such objection to RFPs 1-60 and any such objection would be improper. Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

### Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  Apple objects to all RFPs 61-147 on the basis of Section 2019.210 and states that it will "withhold" "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210. . . ."  None of Plaintiffs' RFPs, however, seek only documents relevant to Plaintiffs' trade secret misappropriation claim.  If Apple disagrees and is withholding documents on this basis, please identify the specific RFPs and explain Apple's position.

**Temporal Scope:**  Apple objects to Plaintiffs' RFPs 67-74, 76, 78, 79, 88-91, 97, 98, 100-109, 122-125, 129, 131-135, and 143 on the ground that they are "vague, ambiguous, overly broad, and

# Knobbe Martens

unduly burdensome" because the request does not identify a relevant time period.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Undefined Terms:**  Apple objects to certain requests that use "undefined" terms or phrases such as but not limited to: "refer or relate to," "concerning," "evaluating," "discussing," "commenting," "instructional materials," "directions for use," "training materials," "training manuals," "training videos," "marketing materials," "promotional materials," "informational materials," "internet postings," "physiological monitoring features," "technical documents," "technical information," "specifications," "research data," "pulse rate," "heart rate," "optical . . . components," "structural components," "components," "surface areas," "adhesives," "physiological parameter," "heart rate algorithms," "development," "first heart rate metrics," "first technique," "first period," "second heart rate metrics," "second technique," "second period," "changes in collecting heart rate metrics," "change in operating mode," and "user input."  Please confirm Apple will interpret these terms and phrases according to their plain and ordinary meaning and produce responsive documents accordingly.  If Apple is withholding or intends to withhold documents based on this objection, please identify the specific RFPs,

**Products Not Identified in the Complaint:**  Apple objects to Plaintiffs RFPs 63-72, 74, 76, 78-84, 86, 87, 97, 100-109, and 131-134 to the extent that they seek "documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of infringement."  Apple is incorrect that products not specifically accused of infringement are not relevant to this litigation.  For example, the features of the Series 1 Watch are relevant to this case at least because a comparison between the Series 1 Watch and the Series 3 and later watches may be relevant to showing the value of the features in the later watches.  Apple also objects to RFP 85 because it requests documents related to "Defendant's products" and Apple claims that this term is "undefined and appears to seek documents related to products that are not relevant to this litigation."  This RFP requests documents "referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any <u>physiological parameter</u>, for use in Defendant's products."  This request is clear and seeks relevant documents.  Please confirm Apple is not relying on and does not intend to rely on these objections to withhold relevant documents.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple objects to Plaintiffs' RFPs 63-73, 75, 79, 80, 82-84, 97, 100-105, 107, and 131-134 as overbroad and unduly burdensome because they are not "limited to the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the Asserted Patents."  As a preliminary matter, Plaintiffs have not yet served their infringement contentions because the Court extended Plaintiffs' deadline to do so.  To the extent Apple's objection is based on Plaintiffs' preliminary contentions that were limited to public information only, that is improper.  Further, as discussed above, Apple is incorrect that products not accused of infringement cannot be relevant to this litigation.  Please confirm Apple is not using this objection as a basis to withhold requested discovery.

**Public Documents**:  Apple objects to Plaintiffs' RFPs 61-96, 104, 110- 112, 114-121, 126-129, 133, 134, 136-142, and 145-147, to the extent they seek "information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive."  To the extent Apple intends to withhold documents within Apple's possession, custody, or control based on this objection, that is improper.  Please confirm

Exhibit 9
-241-

## Knobbe Martens

Apple is not withholding and does not intend to withhold public documents within Apple's possession, custody, or control.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  In addition to the issues identified above, Apple has indicated that it only "agrees to produce documents related to the technical features accused of infringement" for these RFPs.  As the parties have discussed, this objection is improper.  Please confirm that Apple will produce all responsive documents, including—at a minimum—all responsive documents related to physiological monitoring.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  In addition to the issues identified above, Apple has requested that the parties meet and confer on the scope of these requests. Plaintiffs believe that the scope of these requests is appropriate, but are willing to meet and confer.  So that the parties can have a productive discussion, please provide Apple's position on what documents it is willing to provide in advance of the parties' meet and confer.

**Plaintiffs' RFPs 80-82, 101, 136:**  In addition to the issues identified above, Apple's objections limit its production of documents responsive to these RFPs to documents identified in a "search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple, using (ii) specific search terms negotiated between the parties."  As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching. Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97:**  In addition to the issues identified above, Apple contends that these requests are "overly broad but is willing to meet and confer as part of the ESI negotiation process to reach an agreement with Plaintiffs on custodians and search terms applicable to this Request."  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.  Further, Plaintiff's believe that the scope of these requests is appropriate but are willing to meet and confer both on these requests specifically and on ESI more generally as discussed below.

**Plaintiffs' RFPs 91, 129, and 136:**  In addition to the issues identified above, Apple objects to these requests because they seek any or all communications that Apple contends "will be negotiated and produced pursuant to the ESI Order in this case."  Plaintiffs do not understand this objection or its basis. Please explain this objection and confirm that Apple is not relying on and does not intend to rely on this objection to withhold any requested discovery.

**Plaintiffs' RFPs 98 and 99:**  In addition to the issues identified above, Apple has indicated that it "is willing to meet and confer to discuss the mutual exchange of relevant and reasonable financial information."  These RFPs relate to forecasts and projections that are prepared in the ordinary course of business.  Thus, there is no need to wait for a future mutual exchange of generated financial spreadsheets.  However, Plaintiffs are willing to meet and confer.  So that the parties can have a productive discussion, please explain Apple's position on these RFPs prior to the meet and confer.

**Plaintiffs' RFPs 132 and 144:**  In addition to the issues identified above, Apple has stated that it will not produce documents responsive to these requests because "Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be

located after a reasonably diligent search."  Plaintiffs find it difficult to believe that a company the size of Apple does not have documents showing Apple's organizational structure or the reporting and supervisory obligations of various employees.   Apple should produce documents providing the requested information, regardless of whether Apple internally labels these documents as "organizational charts."  Please confirm Apple will produce such documents.

## Compliance with ESI Order

Pursuant to Section 1 of the ESI order, the parties agreed to exchange proposed custodians "who are knowledgeable about and were involved with the core issues or subjects in this case" in connection with the meet and confer process on ESI.  Moreover, as discussed above, Apple has referenced and conditioned its production of documents with reference to its production of ESI.  Plaintiffs propose that the parties exchange proposed custodians on October 15.  Please let us know if Apple agrees.  If Apple does not agree, please propose another date for this exchange.

## Apple's Deficient Document Production

To date, Apple has produced approximately 1,000 documents.  Apple has failed to produce responsive documents even as to RFPs as to which it committed to produce documents months ago. Please let us know when Apple will make substantial document productions.

## Plaintiffs Interrogatories Nos. 1 and 6-10

**Plaintiffs' Interrogatory No. 1:**   This interrogatory requests details on Apple's non-infringement positions.  Apple previously indicated it would provide a full response to Interrogatory No. 1 after Plaintiffs provide infringement contentions.  Under the new schedule proposed by the Parties, Plaintiffs' infringement contentions are due November 13, 2020.  Plaintiffs request that Apple will provide a full response by December 7, 2020.  Please confirm Apple will do so.

**Plaintiffs' Interrogatory No. 7:**   This interrogatory requests details on the design and development of the Apple Watch.  Apple's response is woefully deficient and provides little of the requested information.  Please confirm that Apple will supplement its response by October 8

**Plaintiffs' Interrogatory No. 8:**   This interrogatory requests details on the design and development of the product software related to physiological monitoring for each Apple Watch product. Again, Apple's response is woefully deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 9:**   This interrogatory requests details on the operation of the pulse rate algorithm associated with each of the Apple Watches.  Yet again, Apple's response is deficient and provides little of the requested information.  Please confirm Apple will supplement its response by October 8.

**Plaintiffs' Interrogatory No. 10.**   This interrogatory requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor. Apple's response requests a meet and confer to discuss the relevance of the information sought by Plaintiffs.   This interrogatory clearly seeks relevant information and Apple needs to provide a

# Knobbe Martens

substantive response.  So that the parties can have a productive discussion, please explain Apple's position prior to the meet and confer.

## Invalidity Contentions and Plaintiffs' Interrogatory No. 2

Apples' invalidity contentions are woefully deficient.  Apple was required, among other things, to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."  Apple's invalidity contentions failed to provide the necessary obviousness analysis and instead asserts that Apple may rely on any potential combination of its identified references for any potential claim.  This amounts to billions of potential combinations.  Apple also fails to provide any evidence or reasoned explanation on how or why limitations missing in any particular reference would be obvious to a person of ordinary skill in the art.  Please confirm Apple will immediately provide proper invalidity contentions.

Plaintiffs' Interrogatory No. 2 asks for Apple's invalidity positions in this case, including an explanation of why it would have been obvious to combine the prior art references on which you rely in alleging obviousness.  Apple has previously taken the position that it will provide a response to this interrogatory "in accordance with the Scheduling Order entered in this case."  Apple has served invalidity contentions, but as discussed above, those contentions are deficient.  Please confirm that Apple will fully respond to interrogatory number two, including an identification of the specific prior-art combinations on which Apple will rely and an explanation of why it would have been obvious to combine such references.

## Apple Watch Series 6 and SE

Apple recently released the Apple Watch Series 6 and Series SE.  We notified you that these products are accused of infringement in this case.  Moreover, Plaintiffs' definition of "Accused Products" and "Apple Watch Products" encompass both of these products.  Please confirm that, as to each of Plaintiffs' RFPs, Apple will provide the requested discovery as to the Apple Watch Series 6 and Series SE.

## Apple's Refusal to Comply with Paragraph 4.5 of the Protective Order

Apple has inappropriately refused to produce documents contained in the "docs" subdirectory with respect to AppleRTPFirmware-115.9.  Per Paragraph 4.5 of the Protective Order, Apple must produce these documents.  Apple incorrectly claims it is entitled to redact the entirety of the documents under the Protective Order.  The Protective Order allows Apple to redact only the portions that "contain *specific* descriptions of source code (e.g. descriptions of declarations, functions, and parameters) that describe how the source code operates, to be *narrowly applied*."  The documents contained in the "docs" subdirectory for AppleRTPFirmware-115.9 extend well beyond "specific descriptions of source code (e.g. descriptions of declarations, functions, and parameters)."  Please confirm that Apple will produce these documents.

Please let us know your availability to meet and confer pursuant to L.R. 37-1, to address the issues in this letter.  Please also provide the responses requested by this letter before the meet and confer.  In addition, please confirm Plaintiffs may record the parties' meet and confer.

Exhibit 9
-244-

# Knobbe Martens

Best regards,

Stephen W. Larson

32796726

Exhibit 9
-245-

# EXHIBIT 10

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

October 17, 2020

VIA E-MAIL (STEPHEN.LARSON@KNOBBE.COM)

Stephen Larson
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor
Irvine, CA 92614

Re:   Masimo Corp. et al. v. Apple, Inc., C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Steve:

I am writing in response to your letter dated October 1, 2020.  In view of the Court's October 14, 2020 Order granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations in your letter are moot, and thus Apple has not responded to those issues.

Your letter raised a kitchen-sink list of objections to three rounds of Apple's discovery requests (the most recent of which were served seven weeks prior to your letter), as well as a host of other issues.  In the interest of accommodating Plaintiffs' request for a letter and meet and confer on these topics, Apple provides this response.  However, it continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' October 1 letter that are not addressed in this letter.

**Plaintiffs' First and Second Set of Requests For Production (RFP Nos. 1-60)**

**"Apple's Improper Exclusive Reliance on Custodians and Search Terms":**  Plaintiffs request that Apple identify whether it has identified any RFPs that may be satisfied by use of search terms and custodians alone.  Apple responds that it has identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as RFPs where it intends to use search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 5-8, 10-11, and 26-27:**  Apple has objected to some or all of these RFPs on grounds other than Plaintiffs' failure to comply with Section 2019.210, including for example Plaintiffs' failure to provide any temporal scope for these RFPs and the overbroad nature of these RFPs, which seek documents with no relevance to any claim or defense in this case and publicly available documents.  *See, e.g.*, May 26, 2020 Letter from I. Samplin to M. Kachner, at 7–8.  Thus, your assertion in your letter that Apple is withholding documents "solely" based on its Section 2019.210-related objection is incorrect.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 10
-246-

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 2

In addition, Plaintiffs have argued for months that these RFPs relate to their patent
infringement claims, as the Court noted.  Dkt. No. 79 at 2 ("Plaintiffs argued that RFP Nos.
5-25 seek patent discovery." (citing Dkt. No. 43-1 at 4, 34, 36)); 6/23/2020 Kachner to
Samplin letter.  Moreover, Judge Early found that one of these RFPs (RFP 8) "seek[s] some
of the same categories of information Plaintiffs allege as their trade secrets," and even then is
still "relevant to patent issues, including infringement," as Plaintiffs themselves argued.  Dkt.
No. 54 at 8 (citing Dkt. No. 43-1 at 34); *see also* Dkt. No. 79 at 4.  As explained above, on
October 14, 2020, the Court stayed the patent infringement case, which includes discovery
related to those claims.  Thus, your issues related to these RFPs are moot on that basis alone,
and Apple is not obligated to respond to these requests until the patent infringement case is
resumed.

Even if these RFPs constitute trade secret discovery—and Plaintiffs have made clear their
position that they do not—Plaintiffs' October 9, 2020 attempt at a Section 2019.210
statement is deficient, and thus does not comply with Section 2019.210.  Accordingly, Apple
will maintain its objection to these RFPs until Plaintiffs serve an adequate Section 2019.210
disclosure.

**Plaintiffs' RFP No. 9:**  As explained above, Plaintiffs have consistently argued for months
that this Request is "patent discovery," and the Court agreed with Plaintiffs.  Accordingly,
because the patent infringement case is stayed, your issues with respect to this Request are
moot, and Apple is not obligated to respond to this Request until the Court lifts the stay.

In addition, to the extent this Request constitutes trade secret discovery—and not only have
Plaintiffs consistently argue that it does not, this Request is also not one of the four that the
Court found related to "some of the same categories of information Plaintiffs allege as their
trade secrets" (Dkt. No. 54 at 8)—Plaintiffs. have not yet complied with Section 2019.210,
and thus Apple is not obligated to respond to this Request because trade secret discovery
remains stayed until Plaintiffs comply with Section 2019.210.

**Plaintiffs' RFP Nos. 12-25:**  As explained above, Plaintiffs have consistently argued for
months that these RFPs are "patent discovery," and the Court agreed with Plaintiffs.
Accordingly, because the patent infringement case is stayed, your issues with respect to these
RFPs are moot, and Apple is not obligated to respond to these RFPs until the Court lifts the
stay.

In addition, to the extent these RFPs constitutes trade secret discovery—and Plaintiffs have
consistently argued that they do not—Plaintiffs have not yet complied with Section
2019.210, and thus Apple is not obligated to respond to these RFPs because trade secret
discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Exhibit 10
-247-**

# GIBSON DUNN

Stephen Larson
October 17, 2020
Page 3

## Plaintiffs' Third Set of Requests For Production (RFP Nos. 61-147)

**Section 2019.210:**  Apple does not understand your issue concerning these RFPs.  In its August 17, 2020 Objections and Responses to Plaintiffs' Third Set of RFPs, Apple stated for each of these RFPs that "based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210."  Thus, Apple has agreed to produce responsive documents that are not related solely to Plaintiffs' trade secret misappropriation claim.[1]  Discovery of "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim" is stayed pending Plaintiffs' compliance with Section 2019.210.  Dkt. No. 37 at 1.  As explained in our recent correspondence, Plaintiffs have not yet complied with Section 2019.210, so Apple stands by this objection.

**"Temporal Scope":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs lack a temporal limitation.  Apple confirms that it is not withholding documents based on this objection.  As Apple explained previously, temporal limitations for discovery requests are standard—particularly requests propounded by plaintiffs who have superior knowledge of the relevant time periods at issue.  Plaintiffs are in the best position to propose time period limitations here.  Upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Undefined Terms":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs use vague or ambiguous terms or phrases.  Apple confirms that it is not withholding documents based on this objection.  Apple is not refusing to produce responsive documents on the basis that any terms or phrases are "vague, ambiguous, overly broad, and unduly burdensome." Apple confirms that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs when searching for responsive documents.

**"Public Documents":**  Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs seek information already in Plaintiffs' possession or information that is obtainable from another source.  Apple confirms that it is not withholding documents based on this objection.  To the extent a reasonable search yields publicly available documents responsive to Plaintiffs' RFPs, Apple will

---

[1]  To the extent these RFPs seek documents that are relevant to Plaintiffs' patent infringement claims, patent discovery has been stayed by the Court's October 14, 2020 Order (Dkt. No. 220).

**Exhibit 10**
**-248-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 4

produce them, but it will not specifically search for publicly available documents as those
documents are just as easily available to Plaintiffs. Apple also notes that Plaintiffs made this
same objection to Apple's RFP Nos. 15, 31, 38, 39, 42, 43, and 47, and the approach to
public documents should be reciprocal.

**Plaintiffs' RFP Nos. 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  Plaintiffs request that
Apple provide its position with regards to these RFPs in advance of the parties' meet and
confer.

Apple objects to RFP Nos. 67-69 and 88 because they are irrelevant to the issues in the
present action and not reasonably calculated to lead to the discovery of admissible evidence.
Indeed, it is unclear how documents related to FDA correspondence or approval (RFP Nos.
67-79) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation.

Apple objects to RFP Nos. 88, 101, 122, 128-130, and 133-135 because they are overly
broad and unduly burdensome and not reasonably tailored to the issues in this case.  As a
result, these RFPs seek documents nor proportional to the needs of the case.   However,
Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through
these overbroad requests, as Apple may be willing to agree to provide certain documents if
Plaintiffs are willing to narrow the scope of the requests.

Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in
the disputed patents."  As previously explained, the language of this Request requires Apple
to draw a legal conclusion in order to respond.  Apple is willing to meet and confer to discuss
the scope of this request.  However, Apple is willing to meet and confer to discuss what
specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing
to agree to provide certain documents if Plaintiffs are willing to narrow the scope of the
requests.

**Plaintiffs' RFP Nos. 80-82, 101, 136:**  Plaintiffs request that Apple confirm that it will
perform a reasonable search for and produce the documents requested by these RFPs.  As
explained above, Apple has identified RFP Nos. 80-82 and 136 as RFPs whose discovery
obligations are met by a search of (i) the files of specific custodians negotiated between the
parties, whose files are in the possession, custody, or control of Apple and (ii) specific search
terms negotiated between the parties.  Plaintiffs' inclusion of RFP No. 101 in this list is
nonsensical, as Apple did not identify RFP No. 101 as an RFP for which it intends to use
search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 89-97, 129, and 136:**  Apple maintains that these RFPs are overly
broad and unduly burdensome, and the use of search terms and custodians to identify
responsive documents is the reasonable and proportional way of identifying responsive

**Exhibit 10
-249-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 5

documents.  However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to perform searches for certain documents if Plaintiffs are willing to narrow the scope of the requests.

**Plaintiffs' RFP Nos. 132 and 144:**  Plaintiffs request that Apple produce organizational charts responsive to their RFPs.  Apple maintains its objection.  As noted in Apple's Responses to these RFPs, Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be located after a reasonably diligent search.

### "Compliance with ESI Order"

Apple believes that the exchange of custodians at this stage in the case is premature and inappropriate.  Indeed, and as discussed above, Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer.  Apple also contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur.

### "Apple's Deficient Document Production"

As Apple's investigation of the facts relevant to this litigation is ongoing and, while its efforts to identify responsive documents are ongoing, its ability to collect certain documents relevant to the issues in this case has been hindered by Plaintiffs inability to provide a sufficient disclosure of its trade secrets.  Apple will continue to produce documents on a rolling basis, as it has been doing since the outset of discovery.

*      *      *

Apple is available to meet and confer with Plaintiffs, as requested by your October 1, 2020 letter, on the following days and times:  Tuesday October 20 between 9am and 10am PT; Wednesday October 21 between 9:30am and 11am PT; and Thursday October 22 between 10am and 11:30am PT.  Please let us know if any of those times work for you.

With respect to your request for confirmation that "Plaintiffs may record the parties' meet and confer," Apple is amenable to recording the meet and confer.  If Plaintiffs would like to record the meet and confer, please arrange for a court reporter to transcribe the call.

**Exhibit 10**
**-250-**

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 6


Sincerely,

Brian K. Andrea

Exhibit 10
-251-

# EXHIBIT 11

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

November 16, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your October 17, 2020 letter, and pursuant to Local Rule 37-1 to address various ongoing discovery issues and request a meet and confer.   Apple's letter did not address Plaintiffs' requests for Apple's positions on numerous issues.

### Apple's Reliance on Custodians and Search Terms

Apple has now identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as the only RFPs as to which it intends to solely use search terms to identify responsive documents.   Plaintiffs disagree that Apple can satisfy its discovery obligations as to these requests through ESI searching alone.   For example, RFP 26 requests "[a]ll documents and things identified in, and/or relevant to the subject matter of Apple's responses to Plaintiffs' Interrogatories, including any and all supplements and amendments thereto."   At a minimum, as part of a reasonable search, Apple should identify all the documents it cited in its responses to Plaintiffs' interrogatories and consult with relevant Apple employees that may have other documents responsive to this request.   As another example, RFP 89 requests "[a]ll documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology."   As part of a reasonable search, at a minimum, Apple should consult with relevant employees to identify responsive documents as well as determine whether Apple currently and/or in the past has maintained files or folders containing responsive documents.   Apple should take a similar approach to identify documents responsive to the other RFPs separate and apart from ESI searching.   Please confirm Apple will do so.

### Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' letter requested that Apple identify when it would produce responsive documents.  Apple did not respond.  Please identify Apple's positions as to these RFPs.  To the extent that Apple is asserting that it need not provide responsive documents due to the recent stay of the patent case, Apple should have collected and produced responsive documents months ago and long before the stay.  Regardless, many of these requests seek discovery that is relevant to claims that have not been stayed.  For example, RFP 51 requests year-end financial statements that

# Knobbe Martens

are relevant to Plaintiffs' non-patent claims.  Please provide Apple's position as to RFPs 1, 3, 4, 34, 40, 51, and 59.

**Plaintiffs' RFPs 5-27:**  Apple asserts that it need not respond to these requests because the Court stayed the patent infringement case and because Plaintiffs have purportedly not yet served an adequate 2019.210 statement.  Plaintiffs disagree on both points.  First, Plaintiffs 2019.210 statement is adequate.  Indeed, Plaintiffs recently revised their Section 2019.210 statement to address Apple's purported concerns and Apple has failed to identify any specific deficiency.  Second, Apple ignores that it repeatedly argued that documents requested by these RFPs relate to Plaintiffs' trade secret requests.  Indeed, both parties acknowledged these RFPs could be relevant to *both* trade secrets and patents.  As such, Apple cannot use the stay to avoid producing responsive documents.  Moreover, Judge Early, found that at least RFPs 8 and 12-14 seek "some of the same categories of information Plaintiffs allege as their trade secrets."  RFP 26, which requests documents related to Apple's interrogatory responses, also clearly seeks documents related to Plaintiffs' non-patent claims.

## Plaintiffs' Third Set of Requests For Production (RFPs 61-147)

**Section 2019.210**:  In our previous letter, we requested that Apple identify each RFP in response to which Apple is withholding documents based on its section 2019.210 objection.  Apple did not respond.  Plaintiffs are entitled to understand the objections upon which Apple is relying to withhold documents in response to each of Plaintiffs' RFPs.  Plaintiffs request again that Apple provide this information so that the parties can have a productive meet and confer.

**Temporal Scope:**  Apple confusingly asserts "it is not withholding documents based on this objection" while also stating that "[u]pon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period." Plaintiffs disagree with this approach.  Unless a time frame is specified in a RFP, Apple should produce all documents responsive to that RFP that are obtained after a reasonable search.  To the extent that Apple is limiting its production to a certain time period, Apple should identify such limitations for each RFP so that the parties can conduct a productive meet and confer.

**Products Not Identified in the Complaint:**  Apple did not respond to Plaintiffs' letter regarding this issue.  Please provide Apple's position.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so the parties can have a productive meet and confer.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**  Apple did not respond to Plaintiffs' letter regarding this issue.  If Apple is relying on this objection to limit its responses to Plaintiffs' RFPs, Apple should identify the RFPs so that the parties can have a productive meet and confer.

**Public Documents:**  Apple asserts that it is not withholding documents based on this objection. However, Apple also asserts that "it will not specifically search for publicly available documents as those are equally available to Plaintiffs."  Apple cannot unilaterally refuse to search for and produce documents merely because it contends the documents are publicly available elsewhere, particularly without informing Plaintiffs what documents it is refusing to search for.  So that the parties can conduct

# Knobbe Martens

a meaningful meet and confer, please identify the categories of documents that Apple contends are publicly available and that Apple contends it need not search for and produce.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Apple did not respond to our letter on this issue.  Please provide Apple's position.  To extent Apple contends that it need not respond to these RFPs because the patent case is stayed, Apple is incorrect.  For example, RFP 70 requests documents related to the clinical trials of the Apple Watch, which are relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plans and strategies for interacting with hospitals.   RFP 70 seeks technical documents relevant to many issues in this case.  RFP 71 requests documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products, which is a general RFP that relates to all of Plaintiffs' non-patent claims and will allow Plaintiffs to evaluate proposed custodians for ESI searching.  Please provide Apple's position on these RFPs.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  We disagree with Apple's positions on these requests.  First, Apple's letter claims it is unclear "how documents related to FDA correspondence or approval (RFP Nos. 67-69) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation."  FDA correspondence and approval, however, are at least relevant to the timing of when various features were incorporated into Apples devices.  They are also relevant to Apple's misappropriation of Plaintiffs' trade secrets regarding business plan and strategies for interacting with hospitals.  These RFPs also seek technical documents relevant to many other issues in this case.

Second, Apple again claims that RFP Nos. 88, 101, 122, 128-130, and 133-135 are overly broad and unduly burdensome.  However, Apple does not explain why.  Apple should provide its position so that the parties can have a productive meet and confer.

Third, Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in the disputed patents" because the "language of this Request requires Apple to draw a legal conclusion in order to respond."  Apple need not draw a legal conclusion to produce relevant discovery.  Apple should interpret the phrase "subject matter disclosed or claimed in the disputed patents" according to its plain and ordinary meaning.

**Plaintiffs' RFPs 80-82, and 136:**  Apple continues to identify RFPs 80-82 and 136 as RFPs "whose discovery obligations are met by a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple and (ii) specific search terms negotiated between the parties." As discussed above, Apple should perform a reasonable search for documents separate and apart from ESI searching for these RFPs.  Please confirm that Apple will perform a reasonable search for and produce the requested documents.

**Plaintiffs' RFPs 89-97, 129 and 136:**  Apple continues to identify these RFPs as RFPs where it intends to solely use search terms and custodians to identify responsive documents.  As explained above, Apple should perform a reasonable search for documents separate and apart from ESI searching.  Apple also argues that these RFPs are overly broad and unduly burdensome.  However, Apple does not explain why.  Please provide your position so that the parties can have a productive discussion at the meet and confer.  Finally, Apple continues to object to RFPs 91, 129, and 136 because they seek "'any

**Exhibit 11**
**-254-**

**Knobbe Martens**

communications,' which will be negotiated and produced pursuant to the ESI Order in this case." Plaintiffs' letter asked Apple to explain this objection, but Apple did not do so.  Please explain.

**Plaintiffs' RFPs 98 and 99:**  Apple did not respond to Plaintiffs' letter regarding this issue. Please provide Apple's position.

**Plaintiffs' RFPs 132 and 144:**  Apple continues to assert that it does not have organizational charts.  Please identify what documents Apple maintains that show Apple's organizational structure or the reporting and supervisory obligations of various employees, regardless of whether they are labeled as organization charts.

<u>**Compliance with ESI Order**</u>

In the stipulated ESI Order, the parties agreed to "provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case" in conjunction with a meet and confer on ESI.  Apple asserts it is "premature" to do so because "Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer."  Plaintiffs provided an adequate section 2019.210 statement, however, and have responded to Apple's discovery.  Further, in the parties' October 27, 2020, Joint Stipulation, Apple agreed "that it will not use the fact that it has not yet Answered as a basis for refusing to provide or delaying providing discovery."  Thus, it is not premature for the parties to begin the stipulated process to agree on search terms and custodians.  Apple further "contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur."  The stipulated ESI Order, however, does not require this.  Please confirm that Apple will proceed in accordance with the stipulated ESI Order.

<u>**Apple's Deficient Document Production**</u>

Apple claims it will produce documents on a rolling basis, but has produced less than 1400 documents.  Apple has not produced responsive documents even as to RFPs as to which it committed to produce documents months ago.  Moreover, Apple agreed to produce the documents identified in its initial disclosures almost four months ago, but has not produced the documents, including documents concerning Apple's conception, reduction to practice, diligence, ownership, marketing, sales, development, operation, regulation, and implementation of the inventions claimed in the patents and patent applications at issue in Plaintiffs' Correction of Inventorship and Declaratory Judgment claims. Please let us know when Apple will make substantial document productions.

<u>**Plaintiffs' Interrogatories Nos. 7-10**</u>

As explained in Plaintiffs' letter, Interrogatories 7-9 request details on the design and development of the Apple Watch.  Apple's responses are woefully deficient and provides little of the requested information.  Apple did not respond to Plaintiffs' letter on this topic.  To the extent Apple contends that it need not respond to these interrogatories because the patent case is stayed, Apple is incorrect.  The requested information is relevant to Plaintiffs' non-patent claims at least to show when Plaintiffs' trade secrets were incorporated into the Apple Watch and to show if Apple in fact invented

# Knobbe Martens

any of the subject matter claimed in the disputed patents.  Please confirm that Apple will supplement its response by December 2, 2020.

Interrogatory 10 also requests details on any test, analysis, comparison, or competitive analysis that Apple performed on any non-Apple physiological monitor.  Apple's response requested a meet and confer to discuss the relevance of this interrogatory.  Plaintiffs' letter asked Apple to explain its position, but Apple did not respond.  Again, to the extent that Apple contends that it need not respond to this interrogatory because the patent case is stayed, Apple is incorrect.  The requested information is relevant, for example, to any contention by Apple that it independently derived Plaintiffs' trade secrets and to any contention by Apple that it invented any of the subject matter claimed in the disputed patents.  Apple should explain its position on Interrogatory 10 so the parties can have a productive meet and confer.

## Apple Watch Series 6 and SE

Plaintiffs' letter requested that Apple confirm that it will not withhold documents on the Apple Watch Series 6 and SE now that those products are released.  Apple did not respond.  Please confirm that Apple will provide Plaintiffs' requested discovery as to the Apple Watch Series 6 and Series SE.

Best regards,

Stephen W. Larson

32796726

Exhibit 11
-256-

# EXHIBIT 13

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

November 25, 2020

<u>VIA E-MAIL</u>

Stephen W. Larson
Knobbe, Martens, Olson & Bear, LLP
2040 Main St., 14th Fl.,
Irvine, CA 92614
Stephen.Larson@Knobbe.com

Re:    *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*, Case No. 8:20-cv-
       00048-JVS (JDEx) (C.D. Cal.)

Dear Steve:

I write in response to your letter dated November 16, 2020.

As an initial matter, Apple notes that many of the "issues" identified in Plaintiffs' letter,
including but not limited to the sections of Plaintiffs' letter labeled "Plaintiffs' RFPs 5-27,"
"Section 2019.210 Statement," "Plaintiffs' RFPs 63-65, 70-85, and 87," "Plaintiffs' RFPs 67-
69, 86, 88, 101, 122, 128-130, and 133-135," "Plaintiffs' RFPs 98 and 99," "Plaintiffs' RFPs
98 and 99," "Plaintiffs' Interrogatories Nos. 7-10," and "Apple Watch Series 6 and SE,"
concern the parties' disagreement as to whether or not Plaintiffs' requests seek discovery
related to their trade secret allegations. As Plaintiffs are aware, discovery from Apple related
to Plaintiffs' trade secret allegations has been stayed pending Plaintiffs' compliance with
Section 2019.210. (Dkt. No. 37). As we already informed you, Plaintiffs' November 6
amended disclosure remains deficient, and therefore does not comply with Section 2019.210.
*See* 11/12/2020 Samplin to Powell Ltr. Accordingly, Apple maintains its objection to
producing any discovery that is solely related to Plaintiffs' trade secret allegations. *See* Cal.
Civ. Code § 2019.210. If Plaintiffs provide a Section 2019.210-complaint disclosure, Apple
will meet and confer with Plaintiffs regarding the relevance and scope of Plaintiffs' discovery
requests.

### **"Apple's Reliance on Custodians and Search Terms"**

Apple is willing to remove RFPs 26, 89-97, and 117 from its list of RFPs that may be satisfied
through the use of search terms and custodians alone. For each of these RFPs, Apple will
perform a reasonable search beyond search terms and custodians to locate information
responsive to such RFPs, to the extent such documents exist.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**Exhibit 13
-261-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 2

Apple maintains its position as to RFPs 31, 32, 80-82, 128, 129, and 136.  These RFPs are
exceedingly broad in scope, and thus targeted searches for responsive documents without
search terms and custodians are unreasonable, unduly burdensome, and disproportionate to the
needs of the case.  Plaintiffs specifically request clarification of Apple's objection to RFPs 91,
129, and 136 because they seek "'any communications.'"  As Plaintiffs are aware,
communications such as email will be located and produced pursuant to the ESI Order in this
case.   Accordingly,  Apple  will  use  search  terms  and  custodians  to  locate  "any
communications" responsive to these RFPs that may exist.

<u>**Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)**</u>

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Plaintiffs' RFPs 1, 3, 4, 34, 40, and 59 are directed
to Plaintiffs' patent infringement allegations and seek discovery that is relevant only to claims
that have been stayed.  Apple is not obligated to respond to these requests unless and until the
patent infringement case is resumed.  Regarding Plaintiffs' RFP 51, Apple agrees to produce
all Apple year-end SEC financial statements and/or annual reports from 2015 to the present.

**Plaintiffs' RFPs 5-27:**  To the extent Plaintiffs' RFPs 5-27 are related to Plaintiffs' trade secret
allegations, trade secret discovery is stayed.  And even if Plaintiffs are correct that these RFPs
*also* relate to patents, the patent infringement case is stayed—and, therefore, Apple has no
obligation  to  produce  responsive  documents  based  on  Plaintiffs'  purported  patents
justification.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet
and confer with Plaintiffs regarding the relevance and scope of these RFPs, as it pertains to the
trade secret claim.

<u>**Plaintiffs' Third Set of Requests For Production (RFPs 61-147)**</u>

**Section 2019.210 Statement:**  Apple is withholding documents responsive to Plaintiffs' RFPs
61-109, 122-25, and 130-47 based on its Section 2019.210 objection.  To the extent these RFPs
are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs
provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs
regarding the relevance and scope of these RFPs.  With respect to RFPs 110-121 and 126-129,
Apple agrees to produce responsive documents, subject to its objections, to the extent any such
documents exist and can be located after a reasonable search.

**"Temporal Scope":**  Without temporal limitations, the scope of certain RFPs are overbroad
and irrelevant to the issues in the present action.  For example, Plaintiffs' RFP 106 requests
"All documents and things referring or relating to, or otherwise evidencing, valuations of any
physiological  monitoring  technology  or  intellectual  property  relating  to  physiological
monitoring technology," and RFP 133 requests "Documents sufficient to identify any legal
proceeding involving any of the Apple Watch Products."  These Requests are not sufficiently

**Exhibit 13
-262-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 3

tailored to lead to the discovery of admissible evidence.  Plaintiffs, with superior knowledge of the relevant time periods at issue, are in the best position to propose time period limitations.  Apple maintains its position that upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Products Not Identified in the Complaint":**  The RFPs for which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**"Not Limited to the Publicly Released Apple Watch Series 3-5 Devices":**  The RFPs for which Plaintiffs raise this discovery issue are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' purported issues with Apple's responses to these RFPs are moot.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**"Public Documents":**  Apple agrees not to withhold documents solely on the grounds that they are easily available to Plaintiffs.  Apple will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**  Plaintiffs' RFPs 63-65, 70-85, and 87 are directed to Plaintiffs' patent infringement allegations.  The patent infringement case is stayed, and therefore Plaintiffs' responses to these RFPs are moot,.  Apple is not obligated to respond to these RFPs unless and until the Court lifts the stay.  If Plaintiffs contend that certain individual Requests seek information Apple is obligated to produce notwithstanding the stay, please identify such Requests and explain in detail Plaintiffs' purported justification for production despite the stay.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**  To the extent RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Exhibit 13**
-263-

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 4

**Plaintiffs' RFPs 98-99:**  To the extent that RFPs 98-99 are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Plaintiffs' RFPs 132-144:**  As Apple has explained several times, Apple does not maintain formal or informal organizational charts.  In lieu of organizational charts, Apple maintains and relies upon an internal directory, but no documents responsive to these RFPs have been located in that directory following a reasonable search.

### "Compliance with ESI Order"

Plaintiffs' trade secret discovery is stayed pending compliance with Section 2019.210. Accordingly, Apple's position is that it would be inefficient and unduly burdensome to proceed with exchanging custodians and ESI until the full scope of the case has been crystallized, as opposed to proceeding with custodian and ESI exchanges related to Plaintiffs' inventorship and ownership allegations now and Plaintiffs' trade secret allegations down the road, after Plaintiffs comply with Section 2019.210.  That being said, in the interest of moving the litigation along, Apple is willing to begin the stipulated process of negotiating search terms and custodians, but reiterates its request that the parties first discuss and agree on a reasonable number of custodians before proceeding.  Plaintiffs' position appears to be that the parties can identify an infinite number of custodians, which is entirely unreasonable.

### "Apple's Deficient Document Production"

As Apple has explained previously, Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple will continue to produce documents on a rolling basis, as it has been doing.  Apple notes that its ability to search for, identify, and produce documents relevant to Plaintiffs' trade secret allegations has been hindered by Plaintiffs' failure to serve a Section 2019.210-compliant disclosure.

### Plaintiffs' Interrogatories Nos. 7-10

As noted above, to the extent these Interrogatories are related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these Interrogatories.

**Exhibit 13
-264-**

**GIBSON DUNN**

Stephen W. Larson
November 25, 2020
Page 5

<u>**"Apple Watch Series 6 and SE"**</u>

As noted above, to the extent information requested regarding the Apple Watch Series 6 and SE is related to Plaintiffs' trade secret allegations, trade secret discovery is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of Plaintiffs' discovery requests.

\*       \*       \*

Apple is available to meet and confer with Plaintiffs on the following days and times:  Tuesday, December 1 between 11 and 12:30 pm PT or any time Thursday, December 3 after 10 am PT. Please let us know which date and time works for you.

Sincerely,

Brian K. Andrea

Exhibit 13
-265-

# EXHIBIT 14

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 6, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to memorialize our December 1, 2020, meet and confer regarding the issues raised in our November 16, 2020, and October 1, 2020, letters.  At the end of our call, Apple agreed that it would provide its position on several issues discussed below by December 4, 2020, but we have not received Apple's position.  Please provide Apple's position on those issues as soon as possible.

## Apple's Reliance on Custodians and Search Terms

During the meet and confer, Apple admitted that it intends to limit production of *all* email communications to include only communications identified through searching custodians and search terms.  That is inappropriate.  The process outlined in the ESI Order may locate many responsive documents, but it does not provide a basis for a party to refuse to conduct a reasonable search, including by interviewing relevant custodians to identify and collect documents responsive to particular requests.

Apple indicated it would likely remove RFP 91 from its list of RFPs that it contends its searching obligations may be satisfied through the use of search terms and custodians alone, but that it would let us know.  For RFPs 80-82, Apple agreed to investigate whether it maintains a database of customer complaints, and if so, Apple would agree to search that database for responsive documents.

## Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Apple argued that RFPs 1, 3, 4, 34, 40, and 59 are stayed because they relate solely to patent discovery.  With respect to RFP 51, the parties discussed Apple's position that it would agree to produce all year-end SEC financial statements and/or annual reports from 2015 to the present.  Plaintiffs proposed that Apple agree to produce all such statements from two years prior to Michael O'Reilly leaving Masimo to the present.  Apple agreed to consider this request.

**Plaintiffs' RFPs 5-27:**  Apple acknowledged that some of these requests relate to Plaintiffs' trade secret claims, but refused to further discuss these RFPs until after it agrees that Plaintiffs' Section 2019.210 statement is adequate.

## **Plaintiffs' Third Set of Requests For Production (RFPs 61-147)**

**Section 2019.210**:   The parties discussed Apples position that it is withholding documents responsive to RFPs 61-109, 122-125, and 130-147 based on its Section 2019.210 objection.   <u>First</u>, Plaintiffs pointed out that RFPs 61 and 62 specifically request documents related to claims other than trade secret misappropriation.   Apple agreed to produce documents responsive to these RFPs for claims other than patent infringement.   <u>Second</u>, Plaintiffs explained that RFP 71 is a general RFP intended to obtain information about who works on the Apple Watch, which is relevant to all claims.   Apple agreed to provide the identity of anyone who contributed to the Disputed Patents and was not listed as an inventor, and agreed to provide its position on the full scope of this RFP.   <u>Third</u>, Plaintiffs explained that RFPs 88-97 are general RFPs that request documents that are relevant at least to Plaintiffs' patent ownership claims.   Apple agreed to provide its position in writing.   <u>Fourth</u>, Plaintiffs explained that RFPs 122-125 relate to the patent ownership claims because they relate to Apple's practices for compensating employees for invention disclosures.   Apple agreed to perform a reasonable search and produce documents responsive to these RFPs.   <u>Finally</u>, Plaintiffs explained that RFPs 130-147 are general RFPs that request documents relevant to both Plaintiffs' trade secrets and ownership claims. Apple asserted that it was maintaining its Section 2019.210 objection to RFPs 130-147, but would take another look and confirm its position.

**Temporal Scope:**   Plaintiffs explained that Apple's most recent letter listed only RFPs 133 and 106 as "examples" of RFPs that Apple contends are overbroad without temporal limitations.   Plaintiffs have been asking Apple to identify each RFP that it believes should be limited to a specific time period since at least October 1, 2020.   Apple agreed to provide a list of the RFPs it believes should be limited to a specific time period.   For RFPs 133 and 106, Apple agreed to provide a specific time period that Apple planned to use to restrict its production.

**Products Not Identified in the Complaint:**   Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Not Limited to the Publicly Released Apple Watch Series 3-5 Devices:**   Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Public Documents:**   Apple confirmed it is not relying on this objection to withhold documents. Apple agreed it will produce responsive public documents to the extent they are located after a reasonable search for responsive documents.

**Plaintiffs' RFPs 63-65, 70-85, and 87:**   Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135:**   Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Plaintiffs' RFPs 98 and 99:**   Apple refused to discuss its position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

**Exhibit 14**
**-267-**

**Plaintiffs' RFPs 132 and 144:**  Apple agreed to investigate whether Apple's internal directory could show Apple's organizational structure or the reporting and supervisory obligations of various employees and whether some or all of the internal directory could be produced as a PDF.

## Compliance with ESI Order

Plaintiffs explained that they believe the parties should begin the stipulated process to agree on search terms and custodians outlined in the ESI Order. Apple argued the parties should first agree on limiting the number of custodians to be exchanged and asked Plaintiffs to provide their position. Plaintiffs explained that Apple is the party seeking a limit, so Apple should provide its proposal.  Apple provided its proposal in an email on December 2.  Plaintiffs will respond to Apple's email separately.

## Apple's Deficient Document Production

Apple refused to agree to a date by which it would make a substantial production of patent ownership and inventorship documents.  Apple argued there is no deadline for production and that this litigation is still in its early stages.  Apple argued that Plaintiffs should not expect many ownership and inventorship documents and that Apple's further production is likely to consist of a small number of patent prosecution documents.  Apple's statements confirm Plaintiffs' concerns regarding Apple's production of patent ownership and inventorship documents.

## Plaintiffs' Interrogatories Nos. 7-10

Apple refused to discuss it position on these interrogatories until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

## Apple Watch Series 6 and SE

Apple refused to discuss it position on this issue until after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.

Best regards,

Adam B. Powell

**Exhibit 14**
**-268-**

# EXHIBIT 15

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 6, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to memorialize our December 3, 2020, meet and confer regarding the issues raised by our November 24, 2020, letter.

**Section 2019.210:**  Apple confirmed that it was withholding documents responsive to Plaintiffs' RFPs 148–206, 208–13, 216–22, 234–37, 242–43, and 247 "pending compliance with Section 2019.210."  Apple further confirmed that, absent its Section 2019.210 objection, it believed that these requests were "fair" and that Apple would produce documents 30 days after Apple or the Court determined that Plaintiffs' Section 2019.210 statement was adequate.  As we have discussed, Plaintiffs believe their Section 2019.210 statement is more than adequate, and that Apple should not be withholding these documents.

**Patent Discovery:**  Apple stated that, to the extent that Plaintiffs' RFPs' 148–72, 185–202, and 212–13 are related to the patent case, Apple believes those RFPs are stayed.  Plaintiffs disagree, but Plaintiffs requested that Apple inform Plaintiffs if there are any other RFPs that Apple believes are impacted by the patent stay in Plaintiffs' Fourth and Fifth Set of RFPs.

**RFPs 207, 214–15, 223–33, 238–41, 244–46, and 248:**  Apple stated that it was objecting to these RFPs on the basis of Section 2019.210.  Apple distinguished these RFPs from the RFPs discussed in "Section 2019.210" above by stating it would produce documents for the RFPs discussed in "Section 2019.210" above after the Section 2019.210 dispute was resolved, but that there are purportedly additional issues with RFPs 207, 214–15, 223–33, 238–41, 244–46, and 248.  The parties then discussed Apple's issues with these RFPs as outlined below:

- RFP 207 – Apple asserted that this RFP is not relevant because it requests documents on planned interactions with hospitals.  Plaintiffs explained that, to the extent Apple was planning to target specific hospitals based on Masimo's trade secrets, but had not yet done so, this could still be trade secret misappropriation.  Apple agreed to further consider this RFP and provide its position to Plaintiffs.

- RFPs 214-15 – Apple claimed these RFPs are too broad because they purportedly include no subject matter or date restriction.  While Plaintiffs do not believe the parties have had enough meetings to justify further restrictions, Plaintiffs are willing to restrict these RFPs to meetings

regarding Plaintiffs' patient monitoring products or Apple implementing any physiological monitoring technology, if that would resolve the parties' dispute regarding these RFPs. Please let us know if Apple agrees that change would address its concerns.

- RFP 223 – Plaintiffs explained that this RFP seeks documents that Former Employees authored, prepared, edited, modified, or reviewed while employed at Masimo or Cercacor. Plaintiffs further explained that these RFPs request only documents that are in Apple's possession, custody, or control.  Apple agreed to further consider this RFP and provide its position to Plaintiffs.

- RFPs 224-225 – Plaintiffs explained that these RFPs seek documents such as agreements and policies regarding the use of confidential information received by an employee from their former employer or other employee onboarding documents.  Apple agreed Plaintiffs are entitled to such documents but argued that the RFPs were too broad as written.  Plaintiffs also believe that agreements and policies with the Former Employees related to Apple's treatment of its own confidential information and/or noncompete agreements are also relevant because Apple has argued that Plaintiffs have not taken reasonable efforts to maintain the secrecy of their trade secrets and violated California's public policy against employee mobility.  Apple's actions on those topics are relevant to showing whether Plaintiffs acted reasonably.  Please let us know if Apple agrees.

- RFP 226 – Apple asserted that it could not search for documents related to this RFP because the RFP goes to an ultimate issue in the case.  Plaintiffs explained that this RFP seeks documents such as documents that contain Masimo or Cercacor's name.  Apple agreed that Plaintiffs were entitled to such documents but argued that the RFPs were too broad as written.  Plaintiffs disagree and believe it is not unduly burdensome for Apple to search for documents that mention Masimo or Cercacor.  If such a search results in too many documents, then the parties can discuss whether further modifications are appropriate.  Please let us know if Apple agrees.

- RFP 227 – Apple agreed to investigate whether it has documents with a "Company" or similar metadata field and if so, to produce those documents responsive to this RFP.

- RFPs  228-229 – Apple stated it would likely produce the requested computers, Computer Media, networks, or databases, but Apple would provide its position in writing.

- RFP 230 – Apple asserted it could not search for documents related to this RFP because the RFP goes to an ultimate issue in the case.  Plaintiffs maintain that Apple should still provide documents that relate to Masimo and Cercacor, or their products.  While Apple may claim it cannot identify all such documents on their face, that does not mean that Apple should not produce documents that it can identify.  Please provide Apple's position.

- RFPs 231-233 – Apple agreed to further consider these RFPs and provide its position to Plaintiffs.

- RFP 238 – Apple argued it did not know how to search for documents responsive to this RFP. Apple stated that it wanted to "table" this RFP until the parties reach agreement on Apple's

**Exhibit 15**
**-270-**

production of employee onboarding documents.  We do not believe that is necessary, but will await Apple's position on the employee onboarding documents.

- RFP 239 – Apple claimed this RFP is too broad because it is not limited to soliciting Former Employees to disclose trade secrets.  Plaintiffs maintain that Apple's efforts to recruit Plaintiffs' employees are directly relevant to this case and Apple should not withhold documents just because it asserts a given document by itself does not show Apple recruited an employee to obtain trade secrets.  Please let us know if Apple will agree to produce responsive documents.

- RFPs 240 – Apple asserted that this request was too broad, but that Apple would consider producing employee onboarding documents and reviews, reprimands, and promotions.  Apple agreed to provide its position in writing.

- RFP 241 – Apple claimed that this request was too broad, but that Apple would consider producing documents that related to Apple's hiring or termination of Former Employees related to their use of Masimo or Cercacor information.  Plaintiffs maintain that Apple cannot unilaterally withhold documents merely because it contends the documents themselves do not prove Apple hired or terminated an employee for their use of Masimo or Cercacor confidential information.  Please let us know if Apple will produce.

- RFPs 244-245 – Apple asserted that these RFPs are too broad because they are purportedly not limited by subject matter.  Plaintiffs explained that these RFPs are narrowly limited in time and thus Apple should produce all the communications so that Plaintiffs could themselves examine these communications.  Apple agreed to consider this request and provide its position to Plaintiffs.

- RFPs 246 and 248 – Apple agreed to further consider these requests and provide its position to Plaintiffs.

**Overbroad and Unduly Burdensome:**  Apple argued that RFPs 148-72 are overbroad because the patent case is stayed and these RFPs allegedly implicate the patent case.  Apple argued that these RFPs are also overbroad because Plaintiffs have purportedly not yet provided a Section 2019.210 statement.  Apple confirmed it is withholding all responsive documents to these RFPs based on these objections.  Plaintiffs disagree with Apple's position and request that Apple produce the requested documents.  Apple also argued that RFPs 178-248 are overbroad because Plaintiffs have purportedly not provided a sufficient Section 2091.210 statement.  Plaintiffs asked Apple if it is objecting to these RFPs as overbroad for any reason beyond Section 2019.210.  Apple explained that it did not believe so, but that it would confirm.  Plaintiffs again disagree with Apple's position and request that Apple produce the requested documents.

**Vague and Ambiguous:**  Apple explained that it is currently only objecting to Plaintiffs' RFPs 173–83, 185–95, 197–211, 214–15, 223–27, 229–33, 238–41, 244–46, and 248 as vague an ambiguous based on Plaintiffs Section 2019.210 statement.  As discussed, Plaintiffs believe their Section 2019.210 statement is more than adequate, and that Apple should not be withholding these documents.

**Temporal Scope:**  Apple confirmed it would provide its position to Plaintiffs on this issue in writing.

**Exhibit 15**
**-271-**

**Products Not Identified in the Complaint:**  Apple refused to discuss its position on this issue until after Apple agrees Plaintiffs' Section 2019.210 statement is adequate.

**Expert Discovery:**  Apple confirmed it is not withholding documents based on this objection.

**ESI Order:**  Apple stated that it is objecting to producing "communications," particularly emails, except through the procedure outlined in the ESI order. Apple stated that it would, however, produce letters stored as documents on Apple computers.  Plaintiffs maintain that the ESI procedure does not relieve Apple of its obligation of performing reasonable searches for the requested documents.

**Information In Plaintiffs' Possession And Publicly Available Documents:**  Apple confirmed it is not relying on these objections to withhold documents.

**Undefined Terms:**  Apple agreed to interpret these terms according to their plain and ordinary meaning.

**Plaintiffs' RFPs 152, 185, and 212:**  Apple stated that it would revisit these RFPs after Apple agrees that Plaintiffs' Section 2019.210 statement is adequate.  Plaintiffs asked if Apple would produce these documents if the Court found Plaintiffs' current Section 2019.210 statement to be adequate.  Apple refused to provide its position based on Plaintiffs' current Section 2019.210 statement.

**Plaintiffs' RFPs 161 and 163-64:**  The parties discussed Apple's objection that these RFPs sought "information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the normal course of business."  Apple confirmed that it is not withholding documents based on this objection.

**Plaintiffs' RFP 207:**  Apple agreed to revisit this RFP as discussed above.

**Plaintiffs' RFP 240:**  Apple agreed to revisit this RFP as discussed above.  Apple further agreed that it would not withhold documents responsive to this RFP based on its privacy interest objection but would instead simply redact sensitive personal information such as social security numbers.

**Plaintiffs' RFPs 228 and 229:**  The parties specifically discussed Apple's objections to these RFPs "to the extent [they seek] the production of intangible things."  In particular, the parties discussed how to handle any cloud databases that may be at issue.  The parties agreed to further discuss these RFPs if cloud databases or other similar databases become an issue in the case.

At the end of our call, Apple agreed it would provide its position on all outstanding issues by early in the week of December 7, 2020.

Best regards,

Adam B. Powell

32796726

**Exhibit 15**
**-272-**

# EXHIBIT 16

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

December 9, 2020

VIA E-MAIL

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:     *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam,

I write in response to your letter dated December 6, 2020, and in follow-up to the parties' meet
and confer call on December 1, 2020 regarding Plaintiffs' First, Second, and Third Sets of
Requests for Production, Plaintiffs' Interrogatories, and other discovery issues raised in the
parties' letters exchanged on October 1, 2020, October 17, 2020, November 16, 2020, and
November 25, 2020.

## Custodians and Search Term

Apple confirmed that it would remove RFPs 26, 89-97, and 117 from its list of RFPs that may
be satisfied through the use of search terms and custodians alone.  Plaintiffs asked Apple to
confirm whether it would remove RFP 91 from this list.  Apple declines to remove RFP 91
from the list and maintains its position that any RFPs that seek email communications can only
be practicably satisfied through the use of custodians and search terms.

Regarding Plaintiffs' RFPs 80-82, you are correct that we agreed to investigate whether Apple
maintains a database of customer complaints.  However, you are incorrect in asserting that
Apple agreed to search that database for responsive documents if such a database exists.  We
agreed to take the first step, after which we can have further discussions.  We will get back to
you when we have more information.

## Plaintiffs' First and Second Set of Requests For Production (RFPs 1-60)

**Plaintiffs' RFPs 1, 3, 4, 34, 40, 51, and 59:**  Regarding Plaintiffs' RFP 51, Apple agrees to
produce all Apple year-end SEC financial statements and/or annual reports from 2011 to the
present.  Please confirm that this resolves Plaintiffs' concerns.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 16
-273-

**GIBSON DUNN**

Page 2

**Plaintiffs' RFPs 5-27:**  Apple explained that to the extent RFPs 5-27 seek trade secret-related discovery, trade secret discovery is stayed and Apple therefore is not obligated to discuss these RFPs—nor can it meaningfully discuss these RFPs in the absence of the requisite Section 2019.210-related information from Plaintiffs.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

<u>**Plaintiffs' Third Set of Requests For Production (RFPs 61-147)**</u>

**Section 2019.210:**  With respect to Plaintiffs' RFPs 61-109, 122-25, and 130-47, Plaintiffs \ asked Apple to re-evaluate whether it would maintain its Section 2019.210 objection.  Apple agrees to withdraw its Section 2019.210 objection to Plaintiffs' RFPs 61-62, 88, 130-145, and 147.  Apple also agrees to withdraw its Section 2019.210 to Plaintiffs' RFPs 122-25, and to produce policies relating to any incentive or reward program for employees who develop new inventions (Apple has been unable to identify any additional policies that may exist and are responsive to these RFPs, but to the extent any additional policies are discovered upon a reasonable search, Apple will produce them).  Apple maintains its Section 2019.210 objection (and all of its other enumerated objections) to Plaintiffs' RFPs 63-87, 89-109, and 146.

With respect to RFPs 133-34, Plaintiffs offered to narrow their request to documents sufficient to identify legal proceedings involving the Apple Watch, agreeing that the request would be satisfied by Apple's production of the public complaints from such proceedings.  Apple will agree to produce the public complaints from legal proceedings involving the Apple Watch provided that Plaintiffs would not oppose a like request for public complaints from Plaintiffs' prior litigations involving claims of trade secret misappropriation.  Please confirm that Plaintiffs will agree to this compromise.

**"Temporal Scope":**  Apple identifies Plaintiffs' RFPs 101, 104, and 105 as RFPs for which Apple maintains its temporal scope objection.

**"Products Not Identified in the Complaint," "Not Limited to the Publicly Released Apple Watch Series 3-5 Devices," "Plaintiffs' RFPs 63-65, 70-85, and 87," "Plaintiffs' RFPs 67-69, 86, 88, 101, 122, 128-130, and 133-135," "Plaintiffs' RFPs 98-99," and "Apple Watch Series 6 and SE":**  Regarding the aforementioned sections in the parties' previous correspondence, Apple confirmed that to the extent Plaintiffs' RFPs seek discovery related to patent infringement allegations, because the patent infringement case is stayed Apple has no obligation to respond or produce responsive documents based on Plaintiffs' purported patents justification.  To the extent the RFPs seek trade secret-related discovery, trade secret discovery also is stayed.  If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as they pertain to the trade secret claim:

**Exhibit 16
-274-**

**GIBSON DUNN**

Page 3

**Plaintiffs' RFPs 132, 144:**  Plaintiffs asked Apple whether it would print its entire directory database to show organizational structure.  Apple has determined that its directory database does not display or indicate any reporting or managing employees above or below an employee and therefore printing the directory would not provide Plaintiffs with the information they seek—and any such project would be unduly burdensome.

### Apple's Document Production

Plaintiffs have complained about the size of Apple's document productions in the case to date.  These complaints ring hollow.  The majority of Plaintiffs' productions in this case were made before the patent case was stayed.  Apple has no obligation to produce documents responsive to a stayed patent case.  Moreover, much of what Plaintiffs produced was produced in accordance with the local patent rules.  While your letter appears to count those productions towards the number of documents produced by Plaintiffs in this case to date, your letter *discounts* productions Apple likewise made pursuant to the local patent rules towards the number of documents produced by Apple in the case to date.  This makes no sense, and demonstrates the faults in Plaintiffs' argument.  In addition, Plaintiffs' recent productions consist largely of journal papers, news articles, and other information that are not relevant to the issues in this case.  For example, Plaintiffs produced the full text—*515 pages*—of Walter Isaacson's biography of the late Apple founder, Steve Jobs.  (MASA00099426–MASA00099941).  Moreover, under Section 2019.210, trade secret-related discovery is stayed with respect to documents in Apple's possession, custody, or control, but *not* with respect to trade secret-related discovery in Plaintiffs' possession, custody, or control—and therefore it is to be expected that Plaintiffs are currently producing more documents than Apple.  Finally, Plaintiffs' December 6 letter states that "Apple's statements confirm Plaintiffs' concerns regarding Apple's production of patent ownership and inventorship documents."  However, Plaintiffs never expressed such "concerns" during the parties' meet and confer.  As a result, Apple has no idea what purported "concerns" Plaintiffs are referring to.  Apple's investigation of Plaintiffs' allegations in this case is ongoing.  Apple will continue to produce documents on a rolling basis that are responsive to the limited aspects of the case that have not been stayed.

### Plaintiffs' Interrogatories Nos. 7-10

Plaintiffs are correct that Apple maintains its Section 2019.210 objection with respect to these Interrogatories.

**Exhibit 16 -275-**

**GIBSON DUNN**

Page 4

Sincerely,

Ilissa Samplin

Exhibit 16
-276-

# EXHIBIT 17

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

December 18, 2020

VIA E-MAIL

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:     *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam,

I write in response to your letter of December 6, 2020, and in follow-up to the parties' meet and confer call on December 3, 2020 regarding Plaintiffs' Fourth and Fifth Sets of Requests for Production and other discovery issues raised in Plaintiffs' November 24, 2020 letter.

**Section 2019.210:**  Plaintiffs are incorrect in stating that Apple "confirmed that, absent its Section 2019.210 objection, it believed that these requests were 'fair' and that Apple would produce documents 30 days after Apple or the Court determined that Plaintiffs' Section 2019.210 statement was adequate."  During the meet and confer, Apple explained that it is objecting to and withholding documents responsive to RFPs 148–206, 208–13, 216–22, 234–37, 242–43, and 247 on the grounds that these RFPs seek trade secret-related discovery, which is stayed pending Plaintiffs' compliance with Section 2019.210.  However, Apple did not agree—and does not agree—to drop any of its other objections to these RFPs, which may justify withholding responsive documents even if Plaintiffs provide a sufficient Section 2019.210 disclosure—for example, if the RFP is no longer relevant (e.g., if the specific alleged secret to which the RFP pertains is removed from the Section 2019.210 disclosure).  When Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**Patent Discovery:**  Plaintiffs' December 6 letter misstates the RFPs to which Apple objects as related to Plaintiffs' patent infringement allegations, for which discovery is stayed.  Apple declines to respond to RFPs 148–72, 185-86, 191, 197, 212–13 to the extent they seek patent infringement-related discovery.

**Plaintiffs' RFPs 207, 214–15, 223–33, 238–41, 244–46, and 248:**  Apple explained that these RFPs are objectionable based on the trade secret stay, and also on other grounds (e.g., overbreadth).  The parties discussed the following specific RFPs:

**Exhibit 17**
**-277-**

**GIBSON DUNN**

Page 2

- **RFP 207:**  Apple maintains its objection to Plaintiffs' RFP 207 as overbroad and unduly burdensome because, as written, the RFP seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets.  Thus, even if Plaintiffs identify their alleged trade secrets in compliance with Section 2019.210, the RFP would be overbroad and unduly burdensome because it is not in any way tied to those alleged secrets.

- **RFPs 214–15:**  Apple agrees to produce documents responsive to Plaintiffs' proposed narrowing of these RFPs (i.e., documents that refer or relate to any meetings with Masimo or Cercacor regarding Plaintiffs' patient monitoring products or Apple implementing any physiological monitoring products), to the extent such documents exist and can be located after a reasonable search.

- **RFP 223:**  As written, this RFP is overbroad to the extent it seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets.  In the interest of reaching a reasonable compromise, Apple requests that Plaintiffs identify the date on which each Former Employee departed Masimo or Cercacor.  With this information, Apple will be more reasonably able to search for and identify responsive documents.

- **RFPs 224–25:**  Apple largely agrees with Plaintiffs' proposed narrowing of these RFPs, but some of the terminology used by Plaintiffs is vague.  So that the parties are on the same page, Apple agrees to produce documents regarding the use of confidential information received by an employee from its former employer or any other employee onboarding documents that discuss the treatment of confidential information, as well as documents regarding Apple's treatment of its own confidential information, to the extent such documents exist and can be located after a reasonable search.  Please let us know if we have an agreement on these RFPs.

- **RFP 226:**  Plaintiffs' recollection with respect to this RFP is not an accurate summary of the parties' discussion.  The parties agreed that to the extent there is a responsive document that originated with Masimo or Cercacor, Plaintiffs are entitled to receive it in discovery.  The parties did not, as Plaintiffs contend, agree that Plaintiffs are entitled to any document that says "Masimo" or "Cercacor."  Apple also explained that, as written, the RFP seeks documents that go to the ultimate issues in dispute in the case and, therefore, it would be impossible for Apple to commit to producing responsive documents.  During the parties' meet and confer, Plaintiffs agreed to propose a limitation, such as all documents that display "Masimo" or "Cercacor" copyrights.  However, no such compromise is reflected in Plaintiffs' December 6 letter (which notes that this RFP includes—but, presumably is

**Exhibit 17**
**-278-**

**GIBSON DUNN**

Page 3

not limited to—documents "such as" those that display "Masimo" or "Cercacor" copyrights). Please provide a limitation for Apple to evaluate.

- **RFP 227:** Apple does not have a "company" metadata field, and therefore cannot produce documents responsive to this RFP.

- **RFPs 228–29:** As written, these RFPs seek documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets. Apple requests that Plaintiffs first provide the dates on which each Former Employee left Plaintiffs' employ. That will enable Apple to reasonably tailor its search to the types of devices Plaintiffs expressed that they seek by way of these RFPs (and, as discussed during our call, any production in response to these RFPs would be subject to an agreed-upon forensic protocol).

- **RFP 230:** As written, this RFP seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets. During the meet and confer, Plaintiffs agreed to re-evaluate this RFP and consider proposing a limitation, but we have not yet received a proposed limitation from Plaintiffs. Please advise as to Plaintiffs' position.

- **RFPs 231–33:** As written, these RFPs seek documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets. Furthermore, Apple objects to these RFPs on the grounds that they seek information related to "any of the Apple Watch Products," and are not limited to the products accused in the Complaint.

- **RFP 238:** As written, this RFP seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets. Apple requests that Plaintiffs first identify the dates on which each Former Employee left Plaintiffs' employ. That will enable Apple to reasonably tailor its search to the types of documents Plaintiffs expressed that they seek by way of this RFP (i.e., any documents indicating that a Former Employee was working for Apple while still working for Masimo or Cercacor).

- **RFP 239:** Apple maintains its objection that RFP 239 is overbroad to the extent it seeks documents that are neither relevant to the issues in this case nor remotely tailored to Plaintiffs' alleged trade secrets. There are no solicitation claims in this case, and Plaintiffs have not been able to articulate any theory of relevance. If Plaintiffs have more information to provide, Apple will consider it. But based on the RFP as written, and the unconvincing articulation of relevance from Plaintiffs to date, Apple cannot agree to produce responsive documents.

**Exhibit 17**

**-279-**

**GIBSON DUNN**

Page 4

- **RFP 240:**  Apple explained that it objects to producing entire human resource files as an invasion of privacy and because documents in the files are neither relevant nor remotely tailored to the claims in this case.  Plaintiffs explained that they are specifically interested in documents relating to onboarding or "reprimands relating to stealing confidential information."  Apple will produce documents within Michael O'Reilly's and Marcelo Lamego's Apple human resource files that relate to any promotion, reprimand, or acquisition, use, or disclosure of confidential information.  Please confirm whether this proposal resolves the dispute.

- **RFP 241:**  Apple maintains its objection to producing all documents concerning Apple's hiring or termination of any of the Former Employees, because the RFP is overbroad.  Apple proposes that this RFP be limited to documents concerning hiring or termination based on the acquisition, use, or disclosure of confidential information.  Please confirm whether this proposal resolves the dispute.

- **RFP 244:**   Apple objects to this RFP because it is not limited by subject matter, and therefore seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Plaintiffs' 12-month time limitation does not alleviate the problem.  We are happy to keep trying to negotiate this RFP, but right now it is too broad and we haven't received an acceptable narrowing proposal from Plaintiffs.

- **RFP 245:**   Apple objects to this RFP because it is not limited by subject matter, and therefore seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Nonetheless, Apple is willing to produce documents sufficient to show any change in Michael O'Reilly's job title or job responsibilities at Apple, to the extent such documents exist and can be located after a reasonable search.  Please confirm whether this proposal resolves the dispute.

- **RFP 246:**   Apple objects to this RFP because it is not limited by subject matter, and therefore seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Additionally, while this RFP seeks "all communications between Marcelo Lamego and any hospital or healthcare provider while Mr. Lamego worked at Apple," the Complaint does not allege that Lamego's contributions at Apple related to hospital or healthcare provider interactions—and, therefore, we do not see how the requested communications bear any relevance to this action.

- **RFP 248:**   Apple objects to this RFP on the grounds that it is too broad and seeks documents that are neither relevant nor remotely tailored to Plaintiffs' alleged trade secrets.  Nonetheless, Apple is willing to produce documents sufficient to show any change in

**Exhibit 17**
**-280-**

**GIBSON DUNN**

Page 5

Marcelo Lamego's job title or job responsibilities at Apple, to the extent such documents exist and are located after a reasonable search.

**"Overbroad and Unduly Burdensome":**  As Plaintiffs note, Apple has objected to RFPs 148–72 on the basis of Section 2019.210 and the patent stay.  Plaintiffs asked Apple whether it is withholding documents responsive to these RFPs on any other basis.  At the moment, Apple's basis for withholding is Section 2019.210 and the patent stay.  That being said, other objections may provide additional grounds later (e.g., if the Court agrees with Apple that Plaintiffs' disclosure does not comply with Section 2019.210, and Plaintiffs thereafter serve a more targeted disclosure that eliminates certain information, and therefore renders RFPs related to that eliminated information irrelevant).  When Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs.

**"Temporal Scope":**  Apple maintains its temporal scope objection to Plaintiffs' RFP 225.

**"ESI Order":**  As previously explained, Apple reiterates that it is performing reasonable searches for responsive documents, in accordance with the ESI Order, and that its searches for email communications necessarily will involve the use of custodians and search terms.

Sincerely,

Ilissa Samplin

**Exhibit 17**
**-281-**

# EXHIBIT 18

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

December 30, 2020

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Ilissa:

We write to address certain matters in your December 9, 2020, letter as well as Apple's position on ESI custodians.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147**: We understand from your December 9, 2020, letter that Apple is withdrawing Apple's Section 2019.210 objection to RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147.  We also understand that Apple is no longer withholding documents to these RFPs based on its remaining objections.  Please confirm Apple will be producing documents responsive to these RFPs and inform us when Apple expects to make a substantial production.

**RFPs 122 and 133-35:**  For these RFPs, Apple first claims that it is withdrawing its Section 2019.210 objection.  Later in the letter, however, Apple argues that, to the extent these RFPs seek trade secret discovery, trade secret discovery is stayed and that "[i]f Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs, as they pertain to the trade secret claim."  Please confirm that Apple is withdrawing its Section 2019.210 objection for RFPs 122 and 133-35.  Please also confirm that Apple is not withholding responsive documents to RFPs 122 and 135 based on any other objection and will be producing responsive documents.  For RFPs 133-134, Plaintiffs' agree that Apple's production of public complaints from legal proceedings involving the Apple Watch would satisfy Apple's obligation to respond to RFP 133.  After Apple has produced these documents, Plaintiffs will further consider their position on RFP 134.

**Apple's Document Production:**  During the parties' meet and confer, Apple confirmed that it would produce documents responsive to Plaintiffs' patent ownership and inventorship RFPs.  However, Apple argued that Plaintiffs should not expect many documents and that Apple's production is likely to consist of a small number of patent prosecution documents.  Apple now appears to have produced some of the file histories for the Disputed Patents and documents related to Apple's policy of compensating employees that file patent applications.  Apple's arguments and recent production raise concerns that Apple is not adequately searching for and producing documents responsive to Plaintiffs' RFPs.  For example, Plaintiffs' RFPs request documents such as:

- Any document on which Apple may or intends to rely to show (a) the alleged
  contribution of the named inventors to the conception or reduction to practice of the
  subject matter of the Disputed Patents, (b) that the named inventors satisfy the
  requirements to have been properly identified as inventors on the Disputed Patents; or (c)
  that the Disputed Patents were properly assigned to and are owned by Apple;

- Any documents that refute or otherwise relate to (a) any alleged contribution of the
  named inventors to the conception or reduction to practice of the subject matter of the
  Disputed Patents, (b) whether the named inventors satisfy the requirements to have been
  properly identified as inventors on the Disputed Patents; or (c) whether the Disputed
  Patents were properly assigned to and are owned by Apple;

- All documents reflecting work that the named inventors performed as part of allegedly
  inventing, developing, or reducing to practice the subject matter of the Disputed Patents,
  including laboratory notebooks, engineering documents, experiment or test records,
  communications, reports, meeting minutes, self or other evaluations, and correspondence;

- Communications from or to any named inventor regarding the subject matter of the
  Disputed Patents;

- Communications regarding Apple's meetings with Plaintiffs;

- All documents reflecting information exchanged between Apple and Plaintiffs, or any of
  their employees or independent contractors, regarding the subject matter of the Disputed
  Patents;

- Projections, consumer surveys, or other documents related to the value of the inventions
  or subject matter of the Disputed Patents; and

- The prosecution files for the Disputed Patents and related patents and patent applications,
  including any invention disclosures, memoranda, or other documents that provided the
  basis for preparation of drafts or final version of any of the patents, patent applications, or
  documents filed during prosecution.

Please confirm that Apple will search for and produce documents, like those listed above, that are
responsive to Plaintiffs' patent ownership and inventorship RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:** For
these RFPs, Apple has refused to meet and confer on its various objections and has instead claimed that
it will not meet and confer on these RFPs until Apple receives a Section 2019.210 disclosure that it
deems sufficient. As you know, Plaintiffs contend that their Section 2019.210 is more than sufficient,
and no Court has held otherwise. Nothing in the Court's stay allowed Apple to unilaterally withhold
discovery based on its position on sufficiency. Accordingly, Apple's blanket refusal to meet and confer
on its objections to Plaintiffs' RFPs delays discovery and is contrary to the Local Rules.

**ESI Custodians:** Apple has proposed that the parties be limited to eight custodians. The ESI
order does not contain any such limit. Instead, the ESI order states that "each party shall provide a

**Exhibit 18**
**-283-**

proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, alleged misappropriation of trade secrets, the development, design and operation of the accused products, and sales, marketing and other damages-related information for the accused products)."  Pursuant to the ESI order, the parties should exchange lists of custodians who are knowledgeable about or were involved with core issues or subjects in this case.  The parties can then evaluate the proposed lists of custodians and potentially discuss whether any limitations would be appropriate.  Plaintiffs submit that the parties should exchange their lists of custodians on January 15, 2021.

Best regards,

Adam B. Powell

32796726

**Exhibit 18**
**-284-**

# EXHIBIT 19

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

January 13, 2021

<u>VIA E-MAIL</u>

Adam B. Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Adam.Powell@knobbe.com

Re:   *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam:

I write in response to your letter dated December 30, 2020.

**RFPs 61-62, 88, 123-125, 130-132, 136-145, and 147:**  Apple confirms that it is withdrawing its Section 2019.210 objection to these RFPs.  Apple is not withholding documents to these RFPs based on any other objections.  As Apple has previously explained, Apple's investigation of Plaintiffs' allegations in this case is ongoing.  Apple will continue to produce responsive, non-privileged documents on a rolling basis, to the extent that such documents exist and can be located after a reasonable search.

**RFPs 122 and 133-35:**  Apple confirms that it is withdrawing its Section 2019.210 objection to these RFPs.  Apple is not withholding documents responsive to RFPs 122 and 135 based on any other objection and will continue to produce responsive, non-privileged documents on a rolling basis, to the extent that such documents exist and can be located after a reasonable search.

With respect to RFPs 133-34, Plaintiffs' December 30, 2020 letter does not address a proposal made by Apple, and which Plaintiffs agreed to consider, during the parties' meet and confer call on December 1, 2020.  Specifically, during the call, Apple noted that Plaintiffs had previously declined to produce documents similar in scope to the documents requested by Plaintiffs' RFP Nos. 133-134, i.e., documents responsive to Apple's RFP Nos. 75-76, which request documents concerning any litigation or prior legal action in which Plaintiffs have made trade secret appropriation claims.  Apple proposed agreeing to produce the complaints from legal proceedings involving the Apple Watch if Plaintiffs likewise agreed to produce the complaints from Plaintiffs' prior legal proceedings that involve claims for trade secret misappropriation.  Please let us know if we have an agreement on this proposal.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**Exhibit 19
-285-**

**GIBSON DUNN**

Page 2

**Apple's Document Production:**  Plaintiffs' purported "concerns that Apple is not adequately searching for and producing responsive to Plaintiffs' RFPs" (Dec. 30 2020 Ltr. at 1), are entirely unfounded.  Apple's investigation of Plaintiffs' allegations in this case is ongoing and Apple continues to produce documents on a rolling basis, as Apple has done and intends to continue doing.  Apple has diligently produced the non-privileged documents located to date that are responsive to Plaintiffs' correction of inventorship and ownership allegations, including but not limited to Apple's files for each of the Apple Patents and Apple Application subject to Plaintiffs' claims (including the patents, file histories, and assignment documents), the Marcelo Lamego hiring documents and agreements, and Apple's Patent Recognition Program.  Moreover, I note that Plaintiffs have refused to provide basic factual information regarding their correction of inventorship and ownership allegations in response to Apple's Interrogatory Nos. 4-5 and 23, leaving Apple in the dark as far as the contours of the parties' dispute and the scope of relevant documents.  Plaintiffs' attempt to flip the burden on Plaintiffs' correction of inventorship and ownership allegations, by refusing to provide information to Apple while at the same time seeking broad discovery from Apple, is improper.

Plaintiffs' December 30, 2020 letter also provides eight bullet points listing exemplary categories of documents Plaintiffs seek from Apple, without identifying the RFPs that purport to request those categories of documents.  It is unclear whether Plaintiffs are seeking documents pursuant to RFPs they have already served, or if they are attempting to expand the scope of document discovery by way of correspondence in lieu of formal discovery requests.  As you know, the latter is improper.  Apple has already responded to—and the parties have engaged in extensive correspondence and meet and confers regarding—Plaintiffs' RFPs, and thus Plaintiffs already have Apple's position on the scope of documents it has agreed to produce, to the extent such documents exist and are located after a reasonable search.  Apple refers Plaintiffs to its discovery responses and the parties' correspondence for Apple's position on each of the categories listed in Plaintiffs' letter, to the extent those categories even correspond to existing RFPs.

**RFPs 5-27, 63-87, 97-109, 128-132, 148-206, 208-13, 216-22, 234-37, 242-43, and 247:**  Plaintiffs completely misstate and mischaracterize Apple's position regarding these RFPs.  Apple has not "refused to meet and confer on various objections"; rather, Apple's position (which it made very clear to Plaintiffs during numerous meet and confers) is that Apple believes it is a waste of the parties' time and resources to discuss Apple's objections to these RFPs while the parties' dispute about Plaintiffs' Section 2019.210 statement remains pending.  The scope of Plaintiffs' allegations may change depending on how the Court resolves the dispute, which will in turn impact the scope of Apple's objections and responses to these RFPs.  For example, Apple may have objected to a request based on overbreadth, but may be able to drop that objection later if the Court orders Plaintiffs to identify their alleged secrets with greater particularity and Plaintiffs comply.  Thus, Apple maintains that it would be most

**Exhibit 19**

**-286-**

**GIBSON DUNN**

Page 3

efficient for the parties to discuss Apple's full positions on the scope and relevance of these RFPs once the bounds of the trade secrets are identified. Accordingly, and contrary to your letter, Apple suggested holding off on discussing the scope of such RFPs until resolution of the 2019.210 disclosure issue. While Apple's position remains that a discussion about the specific objections to these RFPs is premature and an inefficient use of the parties' resources, to the extent Plaintiffs insist on discussing Apple's objections beyond its Section 2019.210 objection now, before the Court rules on Apple's Section 2019.210 motion to compel, Apple is willing to do so—with a reservation of all rights to modify its positions based on the Court's ruling.

**ESI Custodians:** Plaintiffs' refusal to even discuss reasonable limits on ESI custodians is concerning, as it suggests that it is Plaintiffs' position that they may identify an infinite number of custodians in this case. As you know, the number of custodians in a case greatly impacts cost, burdens, and various other factors. In an effort to prevent this case from spiraling out of control on either side, Apple submits that the best course of action is for the parties to exchange their thoughts on a reasonable number of custodians at this juncture. As you may know, the Model Order for E-Discovery adopted by the Northern District of California, numerous other district courts, and the Federal Circuit Advisory Counsel all set limits on the number of document custodians. Apple is not proposing anything controversial here.

When Apple first requested that the parties discuss reasonable limits on ESI custodians, Plaintiffs asked that Apple provide its proposal. Apple provided its proposal—eight custodians—to Plaintiffs on December 2, 2020. To date, Plaintiffs have provided no indication as to what they consider to be a reasonable number of custodians, instead insisting that there should be no limit. This is not a helpful or productive approach to discovery. It remains Apple's position that, to begin the stipulated process outlined in the ESI Order, the parties should discuss and attempt to agree upon a reasonable number of ESI custodians. A limit on the number of custodians will help the parties select and prioritize the custodians to identify and ensure that the scope of discovery is proportional to the needs of the case. Of course, if good cause exists for the identification of additional custodians later in the case, Apple would not oppose, but for now, the parties should be able to agree on a reasonable number on each side.

**Exhibit 19
-287-**

**GIBSON DUNN**

Page 4


Accordingly, Apple reiterates its request that Plaintiffs respond to Apple's proposal with the number of ESI custodians they consider reasonable in this case.  Please let us know if we can reach agreement here.  Otherwise, we will need to seek the Court's guidance.

Sincerely,

Ilissa Samplin

Exhibit 19
-288-

# EXHIBIT 22

| | |
|---|---|
| **From:** | Samplin, Ilissa <ISamplin@gibsondunn.com> |
| **Sent:** | Monday, February 15, 2021 9:55 PM |
| **To:** | Adam.Powell |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple - Discovery Letter |

Adam,

Here's the remainder of Apple's positions on the RFPs you asked about.

**RFPs 5–25, 27, 63–65, 70–79, 83–85, 87:**  By Plaintiffs' own admission, RFPs 5–25 and 27 were drafted in search of patent-related discovery.  That is what Plaintiffs previously argued in briefing about these RFPs.  And as we previously explained, Plaintiffs' RFPs 63–65, 70–79, 83–85, and 87 also were directed to Plaintiffs' patent infringement case, which is stayed.  Accordingly, these RFPs are overbroad and unduly burdensome—they are not narrowly tailored to the specific technology alleged in Plaintiffs' Section 2019.210 statement.  Apple requests that Plaintiffs narrow these RFPs.

**RFP 26:**  Apple agrees to produce all documents cited in Apple's responses to Plaintiffs' Interrogatories.

**RFPs 67–69, 155–57:**  Apple objects to these RFPs as overbroad and unduly burdensome, and seeking discovery that is not relevant to the claims at issue in this case.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these seemingly irrelevant RFPs.

**RFPs 97, 100:**  Apple objects to these RFPs as overbroad and unduly burdensome to the extent they seek discovery related to products not at issue in this case.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these seemingly overbroad RFPs.

**RFPs 98, 99, 107, 163, 164:**  Apple objects to these RFPs on the grounds that they seek discovery in a format different than what Apple maintains.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these RFPs.

**RFPs 158–160:**  Apple objects to Plaintiffs' RFPs 158–160 as vague and overbroad based on their use of vague terms such as "value" and "importance."  Apple does not understand the relevance of these RFPs, but is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these vague and overbroad RFPs.

**RFPs 106, 108, 109:**  Apple objects to these RFPs as overly broad and unduly burdensome because they seek discovery that is not relevant to the claims at issue in this case.  For example, Apple does not understand how the "consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring" is relevant to the issues in this case.  Apple requests that Plaintiffs propose a limitation in order to appropriately narrow these RFPs.

**RFPs 63–66, 86, 148–54, 172:**  Apple objects to these RFPs as overly broad and unduly burdensome because they seek information related to algorithms and features not at issue in this case.  To appropriately narrow Plaintiffs' overbroad RFPs, Apple makes the following proposals:

- **RFPs 63, 86, 148, 149:**  Apple proposes to produce documents sufficient to show the development of algorithms calculating oxygen saturation used in the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

**Exhibit 22**
**-300-**

- **RFPs 64, 150:** Apple proposes to produce documents sufficient to show the selection of algorithms calculating oxygen saturation by the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 65, 151:** Apple proposes to produce documents sufficient to show the power consumption of algorithms calculating oxygen saturation used in the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 66, 154:** Apple proposes to produce documents sufficient to show testing or analysis of algorithms calculating oxygen saturation used in the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 152, 153, 172:** Apple proposes to produce documents sufficient to show the calculation of oxygen saturation by the Apple Watch Series 4 or later, to the extent such documents exist and can be located following a reasonable search.

**RFPs 185, 186:** Apple objects to Plaintiffs' RFPs 185 and 186 on the grounds that they are overbroad and not relevant because they seek information related to source code not at issue in this case.

**RFPs 80–82, 161:** For these RFPs, you previously requested that we investigate whether there is a database of complaints.  There are a few systems that can be queried, but we are talking about highly overbroad results when these systems are queried for the "Apple Watch."  As I'm sure you can imagine, people complain about all sorts of issues—and these databases are largely for injury or property damage.  We are not aware of any infringement or trade secret-related complaints made through these databases.

**RFPs 165–170:** Apple objects to Plaintiffs' RFPs 165–170 on the grounds that they are overbroad and unduly burdensome because they seek information related to products not at issue in this case.

**RFPs 184, 196:** Apple objects to Plaintiffs' RFPs 184 and 196 as overly broad and vague to the extent they use the term "implementing any of the technique(s) described."  Apple does not understand to which techniques Plaintiffs are referring.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these RFPs.

**RFPs 101–05, 171, 173–83, 187–95, 197–206:** Apple objects to these RFPs as overbroad and unduly burdensome to the extent they seek discovery related to products not accused in the Complaint.  Apple responds that it will only consider these RFPs if they are (1) limited to the Apple Watch Series 4 or later, and (2) limited to a time period beginning in January 2013, six months before Apple hired the former Masimo employee that Plaintiffs claim misappropriated Plaintiffs' alleged trade secrets.  Apple's further responses to these RFPs (in addition to these two proposed limitations) follow:

- **RFP 101:** Apple objects to RFP 101 as overbroad and unduly burdensome.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through this overbroad RFP.

- **RFP 102:** Apple objects to RFP 102 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show Apple's evaluation of the health care market, including the evaluation of target customers and Apple's considerations in entering the health care market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 103:** Apple objects to RFP 103 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show the differences, similarities, or comparisons between the consumer market and the health care market, to the extent such documents exist and can be located following a reasonable search. .

**Exhibit 22**
**-301-**

- **RFP 104:** Apple objects to RFP 104 as overbroad and unduly burdensome.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through this overbroad RFP.

- **RFP 105:** Apple objects to RFP 105 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show market studies for measurement of physiological parameters in connection with entry into the clinical health care market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 171:** Apple objects to RFP 171 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show the study of products that compete or will compete with the pulse oximetry portion of the Apple Watch Series 6, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 173:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 174-179:**  To the extent Apple can discern Plaintiffs' alleged trade secrets, Apple will produce documents responsive to these RFPs, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 180:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 181-182:**  Apple will agree to produce documents responsive to the "implementing" part of these RFPs ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

- **RFP 183**:  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

- **RFP 187:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 188-189:**  Apple will agree to produce documents responsive to the "implementing" part of these RFPs ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

- **RFP 190:**  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

- **RFP 191:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFP 192:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFPs 193-194:**  Apple will agree to produce documents responsive to the "implementing" part of these RFPs ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

- **RFP 195**:  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

**Exhibit 22**
**-302-**

- **RFP 197:**  Apple will produce documents responsive to this RFP, to the extent such documents exist and can be located following a reasonable search.

- **RFP 198:**  Apple objects to RFP 198 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show Apple's assessment, if any, of Plaintiffs' Business and Marketing Plans and Strategies of specified products to healthcare providers and/or the consumer market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 199–202:**  Apple objects to RFPs 199–202 to the extent they are cumulative in view of Plaintiffs' RFP 105.  As explained above, Apple proposes producing documents sufficient to show market studies for measurement of physiological parameters in connection with entry into the clinical health care market, to the extent such documents exist and can be located following a reasonable search.

- **RFP 203:**  Apple objects to RFP 203 as overbroad and unduly burdensome.  Apple proposes producing documents sufficient to show Apple's assessment, if any, of Plaintiffs' Strategies for Interacting with Hospitals with regards to specified products, to the extent such documents exist and can be located following a reasonable search.

**RFP 204–06:**  Apple objects to RFP 204–206 as overbroad and unduly burdensome.  Apple further objects to RFPs 205 and 206 to the extent they are cumulative of Plaintiffs' RFP 204.  Apple proposes producing documents sufficient to show Apple's implementation or consideration of marketing or clinical test/studies with hospitals for measurement of specified physiological parameters, to the extent such documents exist and can be located following a reasonable search.

**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Monday, February 15, 2021 2:04 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Adam,

I write to provide Apple's positions regarding Plaintiffs' RFPs 5–27, 63–87, 97–109, 128–132, 148–206, 208–13, 216–22, 234–37, 242–43, and 247.  We will follow up in another email with the remainder.

**RFPs 128, 129:**  Apple objects to RFPs 128 and 129 on the basis that they request "subject matter disclosed or claimed in the Disputed Patents."  As discussed previously with you, that language is vague, and it is not clear what Plaintiffs seek.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through these overbroad RFPs.

**RFP 130:**  Apple objects to Plaintiffs' RFP 130 as overbroad and unduly burdensome.  Apple does not understand how documents related to Apple's relationship with affiliates is relevant to the issues in this case—indeed, we are not even aware of what affiliates you have in mind here.  Apple is willing to meet and confer with Plaintiffs to discuss what specifically Plaintiffs seek through this overbroad RFP.

**Exhibit 22**
**-303-**

**RFPs 131, 132:**  As explained in previous correspondence, Apple does not maintain organizational charts, formal or informal.  As also explained previously, Apple determined that the printing of its entire directory database would not only fail to provide Plaintiffs with the information they seek, but also would be unduly burdensome.  I'm not sure there is much more to say on these RFPs.

**RFP 208:**  Apple will agree to produce responsive documents, to the extent such documents exist and can be located following a reasonable search.

**RFP 209:**  Apple will agree to produce responsive documents to the "implementing" part of this RFP ("considering" is not relevant), to the extent such documents exist and can be located following a reasonable search.

**RFP 210:**  This RFP is overbroad and unduly burdensome—including because it seeks documents relating to "considering" which is not relevant, and because it seeks "all" documents and things on a broad topic.  We are happy to meet and confer about this further.

**RFP 211**:  This is covered by the alleged trade secrets to which the "value and importance" relate.  In other words, we are not producing beyond what other RFPs pertaining to those alleged trade secrets call for.  Happy to discuss further during our meet and confer.

**RFP 212:**  Apple does not agree to this overbroad RFP.  We have already produced source code for the accused products at issue in this case.

**RFP 213:**  Apple will agree to produce responsive documents to the "have implemented" part of this RFP ("ever considered implementing" is not relevant), to the extent such documents exist and can be located following a reasonable search.

**RFPs 216, 217:**  Apple objects to these RFPs on the grounds that they are overbroad and unduly burdensome.  As worded, these RFPs seek discovery related to topics not at issue in this case.  Apple requests that Plaintiffs propose a subject matter limitation in order to appropriately tailor this RFP.  Once Plaintiffs make their proposal, Apple will consider Plaintiffs' request.

**RFP 218:**  Apple proposes producing documents sufficient to show Apple's decision to discuss physiological monitoring technology with Masimo or Cercacor, to the extent such documents exist and can be located following a reasonable search.

**RFP 219:**  Apple proposes producing documents sufficient to show Apple's decision not to pursue physiological monitoring technology with Plaintiffs, to the extent such documents exist and can be located following a reasonable search.

**RFP 220:**  Apple proposes producing documents sufficient to show Apple's decision to enter into a non-disclosure agreement with Plaintiffs, to the extent such documents exist and can be located following a reasonable search.

**RFP 221:**  Apple proposes producing documents sufficient to show Apple's purpose for entering into a non-disclosure agreement with Plaintiffs, to the extent such documents exist and can be located following a reasonable search.

**RFPs 234–37:**  This goes back to the "Former Employees" issues discussed in our letter of last week.  These RFPs are overbroad on this basis, and RFPs 236 and 237 are further overbroad based on their lack of subject matter limitations.  Apple cannot agree to produce documents in response to these RFPs as written.  We are happy to meet and confer about these further.

**RFPs 242–43:**  These RFPs are overbroad and unduly burdensome.  Apple cannot agree to produce documents in response to these RFPs as written.  We are happy to meet and confer about these further.

**Exhibit 22**
**-304-**

**RFP 247:** Apple will agree to produce responsive documents, subject to claims of privilege, to the extent such documents exist and can be located following a reasonable search.


Regards,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, February 12, 2021 4:31 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

[External Email]
Ilissa,

Thank you for sending us the letter.  After our initial review, we noticed that Apple has not provided its position as to RFPs 5–27, 63–87, 97–109, 128–132, 148–206, 208–13, 216–22, 234–37, 242–43, and 247.  While Apple's formal responses included its objections, Apple has not explained whether it is willing to search for and produce responsive documents for any of these requests.  If Apple will produce documents, we do not know if Apple is relying on its objections to narrow its search or withhold documents.  While we appreciate that Apple is willing to discuss its responses during the meet and confer, we think it would be inefficient to review each RFP one-by-one over the phone to learn whether Apple intends to produce responsive documents.  We assume that Apple intends to produce responsive documents for the vast majority of these RFPs, so we can save a lot of time if you tell us Apple's position for each RFP in advance.  We would appreciate it if you could provide Apple's position at least 24 hours before our call at 2pm on Tuesday.


Please use the following dial in number for our call:

        Phone number: ███████████
        Room #: ███████████


Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, February 11, 2021 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>

**Exhibit 22**
**-305-**

Cc: Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
Subject: RE: Masimo v. Apple - Discovery Letter

Adam,

Thank you for your patience.  Attached please find our response to your January 27 letter.  Please let us know if your team can accommodate the requested 9 am meet and confer tomorrow.  As noted in my separate correspondence to you, unfortunately the necessary members of our team for this meet and confer are not available in the afternoon.

Thank you,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, February 8, 2021 6:12 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

[External Email]
Ilissa,

We will talk to you on Wednesday at 1:30pm.  Please use the following dial in number:

     Phone number: ███████████
     Room #: ███████████

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 Direct

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, February 8, 2021 11:08 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Discovery Letter

We will have our written response to you tomorrow. If you would rather meet and confer on Thursday, that's fine too.

**Exhibit 22**
**-306-**

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Feb 8, 2021, at 11:06 AM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> Ilissa,
>
> We are available at 1:30pm on Wednesday to discuss this issue and the issue mentioned in Brian's email on February 5.  Please confirm that you will have your written response to us today.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 Direct
> **Knobbe Martens**
>
> ---
>
> **From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Sent:** Friday, February 5, 2021 7:15 PM
> **To:** Adam.Powell <Adam.Powell@knobbe.com>
> **Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
> **Subject:** Re: Masimo v. Apple - Discovery Letter
>
> Adam:
>
> Brian emailed earlier about this. We are available to discuss these issues on Wednesday as well, and we will have our written response to you before then. Please let us know if the time slot we proposed on Wednesday will work for your team.
>
> Thank you,
> Ilissa
>
> **Ilissa Samplin**
>
> GIBSON DUNN
>
> Gibson, Dunn & Crutcher LLP
> 333 South Grand Avenue, Los Angeles, CA 90071-3197
> Tel +1 213.229.7354 • Fax +1 213.229.6354
> ISamplin@gibsondunn.com • www.gibsondunn.com

**Exhibit 22**
**-307-**

On Feb 5, 2021, at 6:36 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Dear Ilissa,

We have not yet received your response to our letter of January 27.  Pursuant to Rule 37-1, the parties should meet and confer on the issues raised by our letter by Monday, February 8.  Please provide your written response to our letter by Monday morning.  Please also provide you availability to meet and confer on Tuesday.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Wednesday, January 27, 2021 10:12 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Discovery Letter

Ilissa,

Please see the attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 22**
**-308-**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 22**
**-309-**

# EXHIBIT 26

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Wednesday, April 7, 2021 10:08 PM |
| **To:** | Samplin, Ilissa |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | RE: Masimo v. Apple - Discovery Letter |
| **Attachments:** | 2021-04-07 Joint Stipulation re Plaintiffs_ Motion to Compel.DOC; Plaintiffs' Notice of MTC RFP and Rogs.pdf; [Proposed] Order re Plaintiffs' MTC RFP and Rogs.pdf |

Ilissa,

Attached is a joint stipulation, notice of motion, and proposed order for Plaintiffs' motion to compel regarding several discovery requests on which the parties have reached an impasse.  My supporting declaration and exhibits may be downloaded from the following link ███████████████████████.  All sealed material should be treated as "Highly Confidential."  We look forward to receiving Apple's portion of the joint stipulation, including any proposed redactions to the joint stipulation, in seven days.

Additionally, we have not received a response to my letter below that we sent nearly two weeks ago.  We note that Apple has not provided its final position on several discovery requests that we served months ago.  Please provide Apple's position promptly so that we can determine if additional motion practice will be necessary.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**
**Knobbe** **Martens**

---

**From:** Adam.Powell
**Sent:** Thursday, March 25, 2021 6:38 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Ilissa,

Please see my attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**
**Knobbe** **Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, March 9, 2021 9:51 PM

**Exhibit 26**
-338-

**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Adam,

Please see the attached correspondence.

Best regards,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


**From:** Samplin, Ilissa
**Sent:** Monday, March 8, 2021 9:23 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Discovery Letter

Adam,

We have been running down a few items. We will have our response to you tomorrow.

Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


On Mar 8, 2021, at 6:32 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Ilissa,

I am writing to follow up on my email below.  Apple indicated it would respond to us last week, but I do not believe we received a response.  Please let us know when Apple will provide its position.

Best regards,

**Exhibit 26**
**-339-**

Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, March 1, 2021 11:45 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Adam,

As you know, there were many issues covered in the letter/our multiple meet and confers.  We are working through them, but it is naturally taking time.  We anticipate having a response to you in the second half of this week.

Thanks,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, March 1, 2021 11:43 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

[External Email]
Ilissa,

We have not received a response to our February 19 letter.  Please let us know when Apple expects to provide its position.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Exhibit 26**
**-340-**

**Knobbe Martens**

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, February 19, 2021 6:59 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Ilissa,

Please see my attached letter regarding our meet and confer.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Friday, February 12, 2021 4:31 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Ilissa,

Thank you for sending us the letter.  After our initial review, we noticed that Apple has not provided its position as to RFPs 5–27, 63–87, 97–109, 128–132, 148–206, 208–13, 216–22, 234–37, 242–43, and 247.  While Apple's formal responses included its objections, Apple has not explained whether it is willing to search for and produce responsive documents for any of these requests.  If Apple will produce documents, we do not know if Apple is relying on its objections to narrow its search or withhold documents.  While we appreciate that Apple is willing to discuss its responses during the meet and confer, we think it would be inefficient to review each RFP one-by-one over the phone to learn whether Apple intends to produce responsive documents.  We assume that Apple intends to produce responsive documents for the vast majority of these RFPs, so we can save a lot of time if you tell us Apple's position for each RFP in advance.  We would appreciate it if you could provide Apple's position at least 24 hours before our call at 2pm on Tuesday.

Please use the following dial in number for our call:

Phone number: ███████████
Room #: ███████████

Best regards,
Adam

**Adam Powell**
Partner

4

**Exhibit 26**
**-341-**

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, February 11, 2021 4:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

Adam,

Thank you for your patience.  Attached please find our response to your January 27 letter.  Please let us know if your team can accommodate the requested 9 am meet and confer tomorrow.  As noted in my separate correspondence to you, unfortunately the necessary members of our team for this meet and confer are not available in the afternoon.

Thank you,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, February 8, 2021 6:12 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple - Discovery Letter

[External Email]
Ilissa,

We will talk to you on Wednesday at 1:30pm.  Please use the following dial in number:

      Phone number: ██████████
      Room #: ████████

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

5

**Exhibit 26
-342-**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, February 8, 2021 11:08 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo v. Apple - Discovery Letter

We will have our written response to you tomorrow. If you would rather meet and confer on Thursday, that's fine too.

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Feb 8, 2021, at 11:06 AM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> Ilissa,
>
> We are available at 1:30pm on Wednesday to discuss this issue and the issue mentioned in Brian's email on February 5.  Please confirm that you will have your written response to us today.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
>
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
> **From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Sent:** Friday, February 5, 2021 7:15 PM
> **To:** Adam.Powell <Adam.Powell@knobbe.com>
> **Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
> **Subject:** Re: Masimo v. Apple - Discovery Letter
>
> Adam:
>
> Brian emailed earlier about this. We are available to discuss these issues on Wednesday as well, and we will have our written response to you before then. Please let us know if the time slot we proposed on Wednesday will work for your team.
>
> Thank you,

**Exhibit 26**
**-343-**

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Feb 5, 2021, at 6:36 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> Dear Ilissa,
>
> We have not yet received your response to our letter of January 27.  Pursuant to Rule 37-1, the parties should meet and confer on the issues raised by our letter by Monday, February 8.  Please provide your written response to our letter by Monday morning.  Please also provide you availability to meet and confer on Tuesday.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
> ---
>
> **From:** Adam.Powell
> **Sent:** Wednesday, January 27, 2021 10:12 PM
> **To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
> **Subject:** Masimo v. Apple - Discovery Letter
>
> Ilissa,
>
> Please see the attached letter.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**

7

**Exhibit 26**
**-344-**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and

**Exhibit 26
-345-**

then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 26**
**-346-**

# EXHIBIT 31

**Apple Inc.**

### CONDENSED CONSOLIDATED STATEMENTS OF OPERATIONS (Unaudited)

(In millions, except number of shares which are reflected in thousands and per share amounts)

| | Three Months Ended | |
|---|---|---|
| | December 26, 2020 | December 28, 2019 |
| Net sales: | | |
| Products | $ 95,678 | $ 79,104 |
| Services | 15,761 | 12,715 |
| Total net sales [1] | 111,439 | 91,819 |
| Cost of sales: | | |
| Products | 62,130 | 52,075 |
| Services | 4,981 | 4,527 |
| Total cost of sales | 67,111 | 56,602 |
| Gross margin | 44,328 | 35,217 |
| | | |
| Operating expenses: | | |
| Research and development | 5,163 | 4,451 |
| Selling, general and administrative | 5,631 | 5,197 |
| Total operating expenses | 10,794 | 9,648 |
| | | |
| Operating income | 33,534 | 25,569 |
| Other income/(expense), net | 45 | 349 |
| Income before provision for income taxes | 33,579 | 25,918 |
| Provision for income taxes | 4,824 | 3,682 |
| Net income | $ 28,755 | $ 22,236 |
| | | |
| Earnings per share: | | |
| Basic | $ 1.70 | $ 1.26 |
| Diluted | $ 1.68 | $ 1.25 |
| Shares used in computing earnings per share: | | |
| Basic | 16,935,119 | 17,660,160 |
| Diluted | 17,113,688 | 17,818,417 |
| | | |
| [1] Net sales by reportable segment: | | |
| Americas | $ 46,310 | $ 41,367 |
| Europe | 27,306 | 23,273 |
| Greater China | 21,313 | 13,578 |
| Japan | 8,285 | 6,223 |
| Rest of Asia Pacific | 8,225 | 7,378 |
| Total net sales | $ 111,439 | $ 91,819 |
| | | |
| [1] Net sales by category: | | |
| iPhone | $ 65,597 | $ 55,957 |
| Mac | 8,675 | 7,160 |
| iPad | 8,435 | 5,977 |
| Wearables, Home and Accessories | 12,971 | 10,010 |
| Services | 15,761 | 12,715 |
| Total net sales | $ 111,439 | $ 91,819 |

**Apple Inc.**

**CONDENSED CONSOLIDATED BALANCE SHEETS (Unaudited)**

(In millions, except number of shares which are reflected in thousands and par value)

| | December 26, 2020 | September 26, 2020 |
|---|---|---|
| **ASSETS:** | | |
| Current assets: | | |
| Cash and cash equivalents | $ 36,010 | $ 38,016 |
| Marketable securities | 40,816 | 52,927 |
| Accounts receivable, net | 27,101 | 16,120 |
| Inventories | 4,973 | 4,061 |
| Vendor non-trade receivables | 31,519 | 21,325 |
| Other current assets | 13,687 | 11,264 |
| Total current assets | 154,106 | 143,713 |
| | | |
| Non-current assets: | | |
| Marketable securities | 118,745 | 100,887 |
| Property, plant and equipment, net | 37,933 | 36,766 |
| Other non-current assets | 43,270 | 42,522 |
| Total non-current assets | 199,948 | 180,175 |
| Total assets | $ 354,054 | $ 323,888 |
| | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY:** | | |
| Current liabilities: | | |
| Accounts payable | $ 63,846 | $ 42,296 |
| Other current liabilities | 48,504 | 42,684 |
| Deferred revenue | 7,395 | 6,643 |
| Commercial paper | 5,000 | 4,996 |
| Term debt | 7,762 | 8,773 |
| Total current liabilities | 132,507 | 105,392 |
| | | |
| Non-current liabilities: | | |
| Term debt | 99,281 | 98,667 |
| Other non-current liabilities | 56,042 | 54,490 |
| Total non-current liabilities | 155,323 | 153,157 |
| Total liabilities | 287,830 | 258,549 |
| | | |
| Commitments and contingencies | | |
| | | |
| Shareholders' equity: | | |
| Common stock and additional paid-in capital, $0.00001 par value: 50,400,000 shares authorized; 16,823,263 and 16,976,763 shares issued and outstanding, respectively | 51,744 | 50,779 |
| Retained earnings | 14,301 | 14,966 |
| Accumulated other comprehensive income/(loss) | 179 | (406) |
| Total shareholders' equity | 66,224 | 65,339 |
| Total liabilities and shareholders' equity | $ 354,054 | $ 323,888 |

**Apple Inc.**

**CONDENSED CONSOLIDATED STATEMENTS OF CASH FLOWS (Unaudited)**

(In millions)

| | Three Months Ended | |
|---|---|---|
| | December 26, 2020 | December 28, 2019 |
| Cash, cash equivalents and restricted cash, beginning balances | $ 39,789 | $ 50,224 |
| Operating activities: | | |
| Net income | 28,755 | 22,236 |
| Adjustments to reconcile net income to cash generated by operating activities: | | |
| Depreciation and amortization | 2,666 | 2,816 |
| Share-based compensation expense | 2,020 | 1,710 |
| Deferred income tax benefit | (58) | (349) |
| Other | 25 | (142) |
| Changes in operating assets and liabilities: | | |
| Accounts receivable, net | (10,945) | 2,015 |
| Inventories | (950) | (28) |
| Vendor non-trade receivables | (10,194) | 3,902 |
| Other current and non-current assets | (3,526) | (7,054) |
| Accounts payable | 21,670 | (1,089) |
| Deferred revenue | 1,341 | 985 |
| Other current and non-current liabilities | 7,959 | 5,514 |
| Cash generated by operating activities | 38,763 | 30,516 |
| Investing activities: | | |
| Purchases of marketable securities | (39,800) | (37,416) |
| Proceeds from maturities of marketable securities | 25,177 | 19,740 |
| Proceeds from sales of marketable securities | 9,344 | 7,280 |
| Payments for acquisition of property, plant and equipment | (3,500) | (2,107) |
| Payments made in connection with business acquisitions, net | (9) | (958) |
| Other | 204 | (207) |
| Cash used in investing activities | (8,584) | (13,668) |
| Financing activities: | | |
| Proceeds from issuance of common stock | — | 2 |
| Payments for taxes related to net share settlement of equity awards | (2,861) | (1,379) |
| Payments for dividends and dividend equivalents | (3,613) | (3,539) |
| Repurchases of common stock | (24,775) | (20,706) |
| Proceeds from issuance of term debt, net | — | 2,210 |
| Repayments of term debt | (1,000) | (1,000) |
| Proceeds from/(Repayments of) commercial paper, net | 22 | (979) |
| Other | (22) | (16) |
| Cash used in financing activities | (32,249) | (25,407) |
| Decrease in cash, cash equivalents and restricted cash | (2,070) | (8,559) |
| Cash, cash equivalents and restricted cash, ending balances | $ 37,719 | $ 41,665 |
| Supplemental cash flow disclosure: | | |
| Cash paid for income taxes, net | $ 1,787 | $ 4,393 |
| Cash paid for interest | $ 619 | $ 771 |

# EXHIBIT 32



Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 1 of 12
**Exhibit 32**
-614-



yahoo! finance    [Search for news, symbols or companies]    🔍    Sign in    🔔    ✉

AAPL  +0.40%

**TRENDING**

(Bloomberg) -- Apple Inc.'s stock could reach a market capitalization of $3 trillion, analysts say, citing the development of the Apple Car as well as high expectations for the next iPhone.

1. Oil Gains With Stronger Growth Outlook Allaying Virus Concerns

2. Google AI Research Manager Quits After Two Ousted From Group

Citigroup Inc. and Wedbush see potential for the tech giant to hit the milestone, an increase that implies an almost 50% surge from Thursday's close. With a market cap of about $2 trillion currently, Apple is already the most valuable stock in the world.

3. Yelp to expand data on Asian-owned businesses as consumers prioritize diversity

4. Breaking down what tax breaks companies get

5. Executives at small U.S. banks offer a jolt of optimism

Developing the Apple Car could boost the company's sales by 10% to 15% after 2024, Citigroup Inc. analyst Jim Suva wrote in a note on Friday. By 2025, he expects the worldwide electric vehicles market to outgrow the combined market for smartphones, PCs, tablets and wearables.

Apple Tilts to IPhone Playbook for Car as Automaker Talks Stall

Wedbush analyst Daniel Ives, whose price target for Apple is a Street-high $175, also sees a $3 trillion valuation on the horizon. In a note on Wednesday, he called recent declines in the stock a "golden buying opportunity," expecting the upcoming iPhone 13 to be a "game changer," with

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 2 of 12

**Exhibit 32**
-615-



opportunity," expecting the upcoming iPhone 13 to be a "game changer," with supply chain data pointing to greater output rates than for the previous generation.

Apple's shares have slid around 17% since reaching a record high at the end of January amid a rotation out of high-flying tech stocks. They declined 1.8% in early trading on Friday as worries over rising bond yields hit the tech sector more broadly.

(Updates market value, adds Friday's share-price move)

For more articles like this, please visit us at bloomberg.com

Subscribe now to stay ahead with the most trusted business news source.

©2021 Bloomberg L.P.

Vrbo
Travel better together
Feel that vacation feeling again
Find vacation homes

## Comments

Welcome to Yahoo comments! Please keep conversations courteous and on-topic. See our community guidelines for more information.

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 3 of 12

**Exhibit 32**

**-616-**



courteous and on-topic. See our community guidelines for more information.

Share your feedback on our comment section by taking this survey.

AAPL  +0.40%

Be the first to comment...

Powered by ⚙ OpenWeb                                                                Feedback

## Popular in the Community



**Russia says in talks to make more military equipment in India**

💬 1 comment



**BBC's John Sudworth: Why I had to leave China**

💬 1 comment



**Now the hard part: Biden tax hikes face hurdles in Congress**

💬 1 comment

## RECOMMENDED STORIES



Yahoo Finance

**3 reasons Goldman Sachs is super bullish on bank stocks**

Goldman Sachs is feeling bank stocks. Here are three names it really likes.

1d ago



*Vrbo*

**Find family getaways nearby**

Book ea

Vacation is just



Reuters

**India court says ByteDance must deposit $11 million in tax evasion case**

An Indian court on Tuesday said China's ByteDance must deposit around $11 million that authorities believe the company owes in an alleged case of tax evasion, a decision...

---

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

   

HOME   MAIL   NEWS   FINANCE   SPORTS   ENTERTAINMENT   LIFE   SHOPPING   YAHOO PLUS   MORE...   y!finance+

**yahoo!finance**

Search for news, symbols or companies   Sign in



An Indian court on Tuesday said China's ByteDance must deposit around $11 million that authorities believe the company owes in an alleged case of tax evasion, a decision...

AAPL  +0.39%

9h ago



**Vrbo**

Find family
getaways nearby

Book ea



**FX Empire**

### Monthly Recap: Bitcoin and Ethereum Post Over 30% Gains in March

Bitcoin closed its sixth consecutive month in the green. Exchange rate data from CEX.IO shows that the flagship cryptocurrency opened in March at a low of $45,063 and...

1d ago



**Vrbo**



**CoinDesk**

### Bitcoin Rangebound With Support Near $57,900

BTC continues to consolidate, although selling pressure remains limited to rising support levels on intraday charts.

8h ago



**Bloomberg**

### Rate-Hike Bets Unwind in India's Bond Markets With Virus Surge

(Bloomberg) -- A record jump in coronavirus cases in India is leading the nation's bond traders to pare bets that the central bank will shift to a tighter policy stance as early as...

1d ago



**Yahoo Finance**

### This major investor invested $100 million of his winnings from the GameStop trading frenzy into

Mudrick Capital's Jason Mudrick is making power moves after cashing in during the GameStop trading frenzy earlier this year. Here's why he is now putting money to work on...

3h ago



**USA TODAY**

### Stimulus checks sent to 130M Americans so far. Delayed payments for some Social Security

The Treasury has issued more than 130 million stimulus payments under President Biden's American Rescue Plan. Here's how to check your payment status.

22h ago



**Yahoo Finance**

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

**Exhibit 32**

**-618-**





Search for news, symbols or companies

Sign in



**Yahoo Finance**

### Former Disney CEO Michael Eisner to take trading card company Topps public in $1.3 billion SPAC deal

Topps will become a public company again with the help of former Disney CEO Michael Eisner and top Wall Streeter Jason Mudrick.

8h ago



Vrbo

Find family getaways nearby

Book early



**Yahoo Finance**

### A 'significant' stock market 'consolidation' may only be months away: Deutsche Bank

Deutsche Bank warns the stock market could be at risk for a sizable pullback in coming months. Here's what would trigger the sell-off.

2h ago



Vrbo

Book early



**MarketWatch**

### We have $1.6 million but most is locked in our 401(k) plans — how can we retire early without paying so

I feel we have enough savings and it'll continue to grow the next two to three years before we decide to call it quits but the challenge is how to get to the money since it's all in...

1h ago



**MarketWatch**

### 'We're seeing widespread frothiness, bubbles, risk-taking and leverage,' warns 'Dr. Doom' on state of

Prominent academic Nouriel Roubini, a professor of economics at the New York University Stern School of Business, explains in an interview with Bloomberg TV that...

5h ago

**Benzinga**

### Scaramucci: Bitcoin Is The Apex Predator, But Ethereum Will Be The Actual Store Of Value

Anthony Scaramucci, known Bitcoin proponent heading global investment firm SkyBridge Capital, believes that the future of the digital asset in investment portfolios is...

18h ago



**TipRanks**

### 2 Compelling Dividend Stocks Yielding at Least 8%; Oppenheimer Says 'Buy'

The crises of the past year – the COVID pandemic, the social

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 6 of 12

**Exhibit 32**

**-619-**



HOME   MAIL   NEWS   FINANCE   SPORTS   ENTERTAINMENT   LIFE   SHOPPING   YAHOO PLUS   MORE...

yahoo!finance

Sign in



### 2 Compelling Dividend Stocks Yielding at Least 8%; Oppenheimer Says 'Buy'

The crises of the past year – the COVID pandemic, the social lockdowns, the economic shock – are on the wane, and that's good. However, the crisis post-mortems are rolling in. It's...

1d ago



**Vrbo**

**Find family getaways nearby**

Book e...



MoneyWise

### Is your state saying no to the $10,200 unemployment tax break?

More than a dozen are not excluding the benefits from state taxes. Is yours among them?

17h ago



MarketWatch

### A powerful way to keep retirees out of poverty is to tackle this workplace problem

A recent study by ProPublica and the Urban Institute found that as many as half of the 40 million working adults over age 50 will, at some point, be jettisoned from their jobs...

5h ago



**Vrbo**

**Book early**



Reuters

### Japan Airlines to retire 777 planes with Pratt & Whitney engines after United incident

"JAL has decided to accelerate the retirement of all P&W equipped Boeing 777 by March 2021, which (was) originally planned by March 2022," the Japanese airline said on...

19h ago



Barrons.com

### GE Owns Half of a Jet Engine Maker. What a Bear Thinks Investors Should Know.

J.P. Morgan analyst Stephen Tusa pored over the financials of partner Safran, a French aerospace company. He didn't like what he found.

8h ago



CoinDesk

### Grayscale ETF Announcement May Shore Up GBTC Discount, Analysts Say

With redemptions in sight, GBTC shareholders now know they won't be paying a 2% annual fee forever.

23h ago

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

**Exhibit 32**

**-620-**

   

☰ HOME | MAIL | NEWS | FINANCE | SPORTS | ENTERTAINMENT | LIFE | SHOPPING | YAHOO PLUS | MORE... | y!finance+

 yahoo!finance

Search for news, symbols or companies 🔍

Sign in  🔔  ✉

23h ago



AAPL +0.39%

**Quartz**

### A debt-laden Indian realtor with a Trump connection is all set for an IPO

Macrotech Developers, formerly known as Lodha Developers, will launch its IPO on BSE and the National Stock Exchange on April 7.

14h ago



Vrbo

**Find family getaways nearby**

Book ea...



**MarketWatch**

### Tesla is on fire, but these EV-related stocks could end up just as hot

Tesla's first-quarter delivery numbers settled the question of whether demand for electric vehicles would strengthen and reach critical mass. Shares of Tesla Inc. (TSLA) soared last...

1d ago



Vrbo

Book early



**Bloomberg**

### Philippines Plans U.S. Dollar Bonds 'Before Rates Skyrocket,' Finance Chief Says

(Bloomberg) -- Philippines Finance Secretary Carlos Dominguez said the government plans to sell dollar bonds before interest rates rise, and will look for new revenue...

17h ago



**Worth**

### How DeFi Is Minting the Next Class of Millionaires

While Bitcoin has smashed record-high after record-high this past year, low market cap "alt-coins" are where savvy investors currently find the biggest returns. The post How...

1d ago



**MarketWatch**

### At what age should you stop saving for retirement?

My accountant sent my husband and me a note yesterday asking how much we planned to contribute to our retirement accounts for 2020. Maybe I'm sharing too much, but at our...

1d ago



**Benzinga**

### AMC Stocks Pop On Upgrade: Why Analyst Sees Potential For Sharp Recovery

Meme stock AMC Entertainment Holdings Inc (NYSE: AMC).

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

   

yahoo!finance

HOME    MAIL    NEWS    FINANCE    SPORTS    ENTERTAINMENT    LIFE    SHOPPING    YAHOO PLUS    MORE...

Search for news, symbols or companies

Sign in



### AMC Stocks Pop On Upgrade: Why Analyst Sees Potential For Sharp Recovery

Meme stock AMC Entertainment Holdings Inc (NYSE: AMC), which has had a volatile ride amid the WallStreetBets phenomena, is advancing strongly Monday following a...

1d ago



MarketWatch

### How to pay for healthcare costs in retirement

There's too much focus on big, scary numbers and not enough on the reality of what older Americans spend on health

3h ago



Vrbo

Find family getaways nearby

Book ea



CoinDesk

### Marathon Patent Mined 196 Bitcoin in Q1, Sees Having 100K+ Miners Online by Early 2022

Marathon's ASIC spending spree is one of many, and it could signal that bitcoin's hashrate will hit new highs still this year.

22h ago



Vrbo

Book ne



MarketWatch

### Financial crises get triggered about every 10 years — Archegos might be right on time

No one, for now, can say for sure that the so-called family office's billions in investment losses won't spread.

23h ago



MarketWatch

### Artificial intelligence has advanced so much, it wrote this article

YOUR DIGITAL SELF I did not write this article. In fact, it wasn't written by any person. Every sentence you see after this introduction is the work of OpenAI's GPT-3, a powerful...

1d ago



MarketWatch

### CFPB moves to avert a wave of foreclosures

The Consumer Financial Protection Bureau is moving to strengthen protections for struggling mortgage borrowers, including those with non-federally backed loans who have s...

23h ago

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 9 of 12

**Exhibit 32**

**-622-**



   

HOME    MAIL    NEWS    FINANCE    SPORTS    ENTERTAINMENT    LIFE    SHOPPING    YAHOO PLUS    MORE...    y!finance+

yahoo! finance

Search for news, symbols or companies

Sign in

including those with non-federally backed loans who have s...

23h ago



AAPL +0.39%

**CoinDesk**

### XRP Rises Above $1 for First Time Since March 2018, Despite SEC Shadow

The XRP token's price continues to draw support from a community of loyal and devoted cryptocurrency traders.

7h ago



**Yahoo Finance**

### Biden's electric vehicle ambitions may send Tesla stock skyrocketing to $1,300: analyst

Wedbush analyst Dan Ives takes the wraps off his new price target on Tesla, but hints there may be even more upside to it.

1d ago



**MoneyWise**

### Bill Gates is betting big on US farmland – should you stake your claim?

The old fashioned asset fits Gates' charitable goals, but it's also a proven moneymaker.

5h ago



**MarketWatch**

### Saving for retirement? Here are four key lessons

If you're saving money for retirement, there are four important lessons I hope you'll learn. Lesson 1: When you start saving, the amount you invest will make more...

4h ago



**Barrons.com**

### Costco's March Sales Might Not Matter. There's a Bigger Challenge Ahead.

Retailing giant Costco seems set to beat March sales estimates. Guggenheim analyst John Heinbockel notes the fiscal fourth quarter ending August could. be more...

5h ago



**Barrons.com**

### Nikola Founder Makes a Curious $48.6M Stock Sale

Trevor Milton reduced his stake in his former company---



Vrbo

**Find family getaways nearby**

Book ea



Vrbo

Vacation home

Book ea

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 10 of 12

**Exhibit 32**
-623-

   

## yahoo!finance



**Barrons.com**

### Nikola Founder Makes a Curious $48.6M Stock Sale

Trevor Milton reduced his stake in his former company--- again. The move seems to have driven the stock down on Monday.

23h ago



**Barrons.com**

### Grayscale Wants to Turn Giant Bitcoin Fund Into an ETF. Why It's a Big Deal.

The trust has been trading at a discount to its net asset value as expectations grow that U.S. Bitcoin ETFs could offer exposure to the currency at lower cost.

22h ago


Vrbo

Find family getaways nearby

Book ea



**CoinDesk**

### Cardano Venture Fund Makes First Investment: $500K in Payments Firm COTI

Rather than reinventing DeFi on a faster version of Ethereum, Cardano is doing something different, said COTI CEO Shahaf Bar-Geffen.

6h ago


Vrbo

Vacation homes near me

Book ea



**Yahoo Finance**

### The record-setting U.S. economy is here: Morning Brief

Top news and what to watch in the markets on Tuesday, April 6, 2021.

10h ago



**MarketWatch**

### GameStop: The incredible unshortable stock

Even news that a new equity offering will dilute share price can't dampen the enthusiasm of GME's Reddit army to squeeze the shorts.

22h ago



**MarketWatch**

### Why Berkshire Hathaway would be hurt by the changes these big shareholders propose

This is the time of year when companies host annual meetings where shareholders get to make and vote on various proposals. Boards focus on their particular...

8h ago

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 11 of 12

**Exhibit 32**
**-624-**

   

HOME   MAIL   NEWS   FINANCE   SPORTS   ENTERTAINMENT   LIFE   SHOPPING   YAHOO PLUS   MORE...   y!finance+

**yahoo!**finance

Search for news, symbols or companies   🔍   Sign in   🔔   ✉️



meetings where shareholders get to make and vote on various proposals. Boards focus on their particular...

AAPL +0.38%   8h ago



Bloomberg
**Enbridge to Biden: Lake Michigan Pipeline Tunnel Fits U.S. Plans**
(Bloomberg) -- Enbridge Inc. wants to show the Joe Biden administration that the tunnel the Canadian company is building for its oil pipeline under Lake Michigan is exactly...
9h ago



Oilprice.com
**World's Largest Lithium Producer: Get Ready For A Mega-Rally**
With the EV boom squarely in the front view mirror, and with battery gigafactories promising to be heavy-hitting purchasers, lithium prices have started to rise at a fast pace
2d ago



Reuters
**Credit Suisse overhauls management as it takes $4.7 billion hit on Archegos**
Credit Suisse said on Tuesday it will take a 4.4 billion Swiss franc ($4.7 billion) hit from dealings with Archegos Capital Management, prompting it to overhaul the leadership of its...
16h ago



Barrons.com
**Why the Latest Big Oil Deal Is Making Wall Street Nervous**
Pioneer Natural Resources is buying privately held DoublePoint Energy in a deal valued at $6.4 billion that includes $1 billion in cash.
1d ago



MarketWatch
**GameStop falls after filing to sell up to 3.5 million shares**
GameStop Corp. shares dropped Monday, but bounced sharply off earlier lows, after the videogame and consumer electronics retailer finally took advantage of the trading...
1d ago



MarketWatch
**Roblox 'is blurring the lines between social and gaming' analysts say as stock rallies anew**



*Vrbo*
**Find family getaways nearby**   Book ea...



*Vrbo*
✓   Lakefront   Book ea...

Document title: Apple Could Hit $3 Trillion Market Valuation, Analysts Say
Capture URL: https://finance.yahoo.com/news/apple-could-reach-3-trillion-123537828.html?guccounter=1
Capture timestamp (UTC): Tue, 06 Apr 2021 19:37:56 GMT

Page 12 of 12

**Exhibit 32**
**-625-**

# EXHIBIT 33



**Apple Watch.**
**Helping your patients identify early warning signs.**

Apple Watch has powerful apps that make it the ultimate device for a healthy life. Now with new notifications and the ECG app, it can provide you and your patients with important information concerning their heart health.

---

## Heart rate notifications.

Apple Watch checks for unusually high or low heart rates in the background, which could be signs of a serious underlying condition. This could help you and your patients identify situations which may warrant further evaluation.

If a patient's heart rate is above 120 bpm or below 40 bpm while they appear to have been inactive for 10 minutes, the user will receive a notification. Patients can adjust the threshold bpm or turn these notifications on or off. All heart rate notifications — along with date, time, and heart rate — can be viewed in the Health app on iPhone.

Learn more about heart rate notifications ›



## Irregular rhythm notifications.

The irregular rhythm notification occasionally checks for signs of irregular rhythms that may be suggestive of atrial fibrillation (AFib). This feature won't detect all instances of AFib but may catch something that can provide your patients with an early indication that further evaluation may be warranted.

Irregular rhythm notifications use the optical heart sensor to detect the pulse wave at the wrist and look for variability in



Document title: Healthcare - Apple Watch - Apple
Capture URL: https://www.apple.com/healthcare/apple-watch/
Capture timestamp (UTC): Tue, 13 Apr 2021 06:33:35 GMT

**Exhibit 33**
**-626-**

Healthcare

Overview    Products and Platform    Health on Apple Watch    Health Records

Your heart has shown signs of an irregular rhythm suggestive of atrial fibrillation.

If you have not been diagnosed with AFib by a physician, you

...all instances of AFib but may catch other evaluation may be warranted.

Irregular rhythm notifications use the optical heart sensor to detect the pulse wave at the wrist and look for variability in beat-to-beat intervals when the user is at rest. If the algorithm repeatedly detects an irregular rhythm suggestive of AFib, your patient will receive a notification and the date, time, and beat-to-beat heart rate will be recorded in the Health app.

The irregular notification feature has been granted De Novo classification by the FDA for users 22 years and older in the U.S. with no prior history of AFib.

Learn more about irregular rhythm notifications ›

## Validation of irregular rhythm notification feature.

In 2017 and 2018, researchers at Stanford University School of Medicine worked with Apple to conduct the Apple Heart Study on the detection of atrial fibrillation, a heartbeat irregularity that is a leading cause of stroke and hospitalization. Over 400,000 Apple Watch users participated and helped validate the ability of wearable technology to aid in the early detection of this condition, which often goes undiagnosed. And the study led to the availability of the irregular rhythm notification that is now on Apple Watch.

See the results of the Apple Heart Study ↗

## ECG app.

With the ECG app on Apple Watch Series 4 or later, patients who experience symptoms such as rapid or skipped heartbeat, or receive the irregular rhythm notification, can capture an ECG and record their symptoms. This real world data can enable you to make more informed and timely decisions regarding further evaluation and care.

The ECG app uses the electrical heart sensor built into the Digital Crown and the back crystal of Apple Watch Series 4 or later to record a single lead ECG similar to a Lead I ECG. The ECG app then provides a result of sinus rhythm, atrial fibrillation, atrial fibrillation with high heart rate, or poor recording, and prompts the user to enter any symptoms such as rapid or pounding heartbeat, dizziness, or fatigue. The waveform, results, date, time, and any symptoms are recorded and can be exported from the Health app as a PDF to share with a clinician. If the patient notes symptoms that indicate a serious condition, they are prompted to immediately call emergency services.

The updated ECG app with additional rhythm classification received 510(k) clearance from FDA for users 22 years or older.

Learn more about the ECG app ›

Learn about expanded use of the ECG app during the COVID-19 pandemic (PDF)



68 BPM    10:09

22 sec
Note: Apple Watch never checks for heart attacks.

## How the ECG app works.

**Exhibit 33**
**-627-**

## How the ECG app works.



1. Launch the ECG app on Apple Watch Series 4 or later.

· · · · ·

›

## Understanding the ECG app findings.

The ECG app waveform is similar to a Lead I ECG, which can enable classification of atrial fibrillation and sinus rhythm, but cannot identify other conditions, like heart attacks.

After taking an ECG reading, the ECG app will check for sinus rhythm or AFib. If the heart rate is under 50 bpm or over 150 bpm, the app is unable to check for AFib, but will note the heart rate and save the ECG recording. The ECG app may provide an inconclusive result if, for example, there is presence of arrhythmias other than AFib, presence of an ICD or pacemaker, or poor electrical signal in the recording which can occur as a result of right axis deviation. The ECG app may also provide a poor recording result if there is poor signal due to motion artifacts or poor electrode contact.

In a clinical study, the rhythm classification by the ECG app of a single lead ECG on Apple Watch was compared to the rhythm classification by a cardiologist of a simultaneously collected 12-lead ECG. The ECG app demonstrated 99.3% specificity in classifying sinus rhythm and 98.5% sensitivity in classifying AFib for the classifiable results.

Learn more about arrhythmia detection (PDF)

"This can be an addition to our growing armamentarium to identify AFib, which can be intermittent and asymptomatic."

›

**Dr. Richard Milani**
Professor of Medicine, Vice-Chairman for Cardiovascular Diseases, Ochsner Health System

· · ·

## Compare Apple Watch Models

| | High Heart Rate Notification | Low Heart Rate Notification | Irregular Rhythm Notification | ECG App | Fall Detection |
|---|---|---|---|---|---|
| Sensors | Optical heart sensor / PPG | Optical heart sensor / PPG | Optical heart sensor / PPG | Electrical heart sensor / electrodes | Next generation accelerometer and gyroscope |
| Apple Watch Series 1, 2, 3 | ✅ | ✅ | ✅ | ❌ | ❌ |

Document title: Healthcare - Apple Watch - Apple
Capture URL: https://www.apple.com/healthcare/apple-watch/
Capture timestamp (UTC): Tue, 13 Apr 2021 06:33:35 GMT

**Exhibit 33**
**-628-**

**Healthcare**

| | | | | |
|---|---|---|---|---|
| Apple Watch Series 1, 2, 3 | ✅ | ✅ | ✅ | ❌ | ❌ |
| Apple Watch SE | ✅ | ✅ | ✅ | ❌ | ✅ |
| Apple Watch Series 4 or later | ✅ | ✅ | ✅ | ✅ | ✅ |

Note: Original Apple Watch does not support these functions



### Fall Detection.

When a hard fall is detected with Apple Watch Series 4 or later, an alert appears and allows the user to easily call emergency services or dismiss the alert. If the user is unresponsive for about a minute, an emergency call will be placed automatically and a message will be sent to the user's emergency contacts. All falls detected are recorded in the Health app. This feature is automatically enabled for users 55 years and older and can be turned on for anyone in the Apple Watch app on iPhone.

Learn more about Fall Detection ›

### Medical ID.

Medical ID allows first responders and emergency room clinicians to access critical medical information from a patient's iPhone lock screen or Apple Watch without requiring a passcode, and without compromising patient privacy. Patients can list important information such as allergies, medications, conditions, organ donor preferences, and emergency contacts by setting up Medical ID in the Health app on iPhone.

Learn more about accessing Medical ID on Apple Watch ›





### Health Records on iPhone.

The Health app on iPhone makes it easier than ever for your patients to visualize and securely store their health records from multiple institutions alongside their patient-generated data, creating a more holistic view of their health. So next time you have a question about your patient's medications or past medical history, ask if your patient is aggregating health records in the Health app.

Learn more about health records on iPhone ›

### Designed with security



Document title: Healthcare - Apple Watch - Apple
Capture URL: https://www.apple.com/healthcare/apple-watch/
Capture timestamp (UTC): Tue, 13 Apr 2021 06:33:35 GMT

**Exhibit 33**
**-629-**





## Designed with security and privacy in mind.

When a user's iPhone is locked with a passcode, Touch ID, or Face ID, their health data in the Health app is encrypted on-device. If a user chooses to sync their health data with iCloud, it is encrypted while in transit and at rest.



### The future of healthcare is in your hands.

Learn more about Apple in Healthcare ›



### All new.
### For a better you.

Learn more about Apple Watch ›



Document title: Healthcare - Apple Watch - Apple
Capture URL: https://www.apple.com/healthcare/apple-watch/
Capture timestamp (UTC): Tue, 13 Apr 2021 06:33:35 GMT

**Exhibit 33**
**-630-**

# EXHIBIT 37

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

May 26, 2020

<u>VIA E-MAIL</u>

Mark Kachner
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Mark.Kachner@knobbe.com

Re:     *Masimo v. Apple* – Apple's Response to Plaintiffs' May 22, 2020 Letter and Follow Up re the Parties' Meet and Confers

Dear Mark:

I write in response to your May 22, 2020 letter and as a follow up to the parties' meet and confer on May 19 and 20, 2020.

As an initial matter, we note that your May 11, 2020 letter requesting a meet and confer raised non-specific objections to Apple's Responses to Plaintiffs' First Set of RFPs. Nonetheless, during the parties' meet and confer, you asked us to walk through every one of Apple's responses to Plaintiffs' RFPs, regardless of whether the response was raised in your letter (even admitting at various points that your team had in fact failed to include the issue raised by you during the meet and confer in your May 11 letter). This was not an efficient or good faith use of the meet and confer process; we expect that you will identify specific issues for discussion prior to any future meet and confers so that we can prepare appropriately for the discussion. Relatedly, and as we already discussed, your May 15, 2020 letter responding to Apple's May 11, 2020 letter did nothing to advance the parties' preparation for the meet and confer—which was the goal of the May 15 exchange of letter responses. Our May 11 letter was 5 pages in length; you responded to that letter in *less than a page*, giving Apple absolutely no insight into the basis for Plaintiffs' *many* general offers to "meet and confer" and, therefore, no ability to meaningfully prepare for the discussion. We expect that you will approach the meet and confer process—including the parties' agreed-upon exchanges of letter responses preceding telephonic meet and confers—in good faith in the future.

## I.     PLAINTIFFS' RESPONSES AND OBJECTIONS TO APPLE'S DISCOVERY

**Discovery Related to Trade Secrets:** As we noted during the meet and confer, the Court's Order (Dkt. No. 37) stayed *Plaintiffs' commencement of trade secret-related discovery from*

**Exhibit 37
-650-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 2


*Apple* until Plaintiffs provide a satisfactory Section 2019.210 disclosure.  This includes discovery that overlaps with Plaintiffs' patent allegations.  Under Section 2019.210 and Judge Selna's April 17, 2020 Order (Dkt. No. 37), Apple is not required to produce its confidential information relating to Plaintiffs' allegations of trade secret misappropriation before it receives from Plaintiffs a proper identification of the trade secrets that they contend have been misappropriated.  Plaintiffs' refusal to produce such an identification until after entry of a protective order is unacceptable because Apple is willing to limit access to the identification to Apple's outside counsel.  Plaintiffs' further refusal to even identify a date by which they will produce a Section 2019.210 disclosure is perplexing.

That being said, Section 2019.210—the statute governing the discovery of trade secret-related information on which Judge Selna's April 17 Order was based—is clear that it does not likewise limit *Apple's commencement of trade secret-related discovery from Plaintiffs*.  And that makes perfect sense.  Plaintiffs allege that Apple misappropriated their trade secrets.  Plaintiffs therefore (presumably) know what those trade secrets are—whereas Apple cannot possibly know what those trade secrets are absent a Section 2019.210 disclosure.  Therefore, Plaintiffs are in a position to respond to Apple's trade secret-related discovery requests with documents and information that pertain to the alleged trade secrets and not with documents and information that relate, for example, to Plaintiffs' other trade secrets that are not at issue in this case.  Without a Section 2019.210 disclosure, Apple is not in the same position.  Plaintiffs must produce discovery responsive to Apple's RFPs pertaining to Plaintiffs' trade secret allegations.  Judge Selna's April 17 Order does not relieve Plaintiffs of that obligation.

This is not an isolated issue.  Plaintiffs are relying on the same objection to resist producing highly relevant information in response to Apple's first set of interrogatories.  For some reason, Plaintiffs are intent on delaying discovery pertaining to their trade secret claim and are relying on a misguided interpretation of Judge Selna's April 17 Order to do so.  There simply is no support for Plaintiffs' position—set forth in their responses and objections to Apple's RFPs and interrogatories, and reiterated during our May 19 and 20 meet-and-confer calls—that Apple's discovery requests concerning Plaintiffs' alleged trade secrets are "premature" given the stay put in place by Judge Selna.  That stay does not apply to Apple's discovery requests propounded on Plaintiffs.

While it seems clear that the parties are at an impasse on this issue, please let us know by Friday, May 29 whether Plaintiffs will withdraw this objection and amend their responses to Apple's trade secret-related discovery requests accordingly.  If not, Apple will have no choice but to seek the Court's guidance on this issue.

**Exhibit 37**
**-651-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 3

**Apple's RFP No. 15:**  Thank you for confirmation that the Asserted Patents have been
asserted only against Apple in this litigation and not against any third party.  We understand
this to mean that the Asserted Patents have not been asserted in any litigation, agency
proceeding, mediation, arbitration, or other legal proceeding.  If this is incorrect, please let us
know immediately.

Apple is not willing to limit this Request to documents produced, filed, or served in any
litigation or proceeding involving the Asserted Patents, but is willing to limit the Request to
non-publicly available documents produced, filed, or served in any litigation or proceeding
involving the Asserted Patents or any of their family members.  Indeed, if a family member
was asserted in another proceeding, the documents from that proceeding are highly likely to
be relevant to this litigation.  Please let us know if this proposed modification is acceptable to
Plaintiffs.

**Apple's RFP No. 17:**  Apple is willing to limit the scope of this Request to documents
sufficient to show actual or constructive notice of any alleged infringement of the Asserted
Patents.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP Nos. 24-25:**  We appreciate Plaintiffs' continued investigation into these
Requests, and look forward to hearing from you by Friday, May 29 with the results of that
investigation.  As noted during the meet and confer, Apple is unable to narrow the scope of
these Requests without additional information from Plaintiffs, such as identification of the
departments within Masimo and Cercacor.  Without such additional information, Apple
maintains that Plaintiffs should produce documents responsive to the Requests as written.

**Apple's RFP No. 33:**  Apple proposes that this Request be limited to "all documents and
communications concerning the inventorship of the alleged inventions claimed in the
Asserted Patents, including without limitation what each inventors allegedly contributed to
each Asserted Patent."  Please let us know if this proposed modification is acceptable to
Plaintiffs.

**Apple's RFP No. 34:**  Apple proposes that this Request be limited to "All Communications
with third parties concerning each attempt by Plaintiffs or any Licensee—whether successful
or unsuccessful—to assign, license, or enforce any of the Asserted Patents and/or any
counterparts thereof, including, without limitation, claims against third parties concerning the
possible assignment, ownership, licensing (exclusive or non-exclusive, express or implied,
written or oral), or infringement thereof."  Apple agrees with Plaintiffs' proposal that this
Request not include communications made in the context of litigation, but does include
communications made outside of litigation, such as cease and desist letters.  Please let us
know if this proposed modification is acceptable to Plaintiffs.

**Exhibit 37**
**-652-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 4

**Apple's RFP No. 38:**  Apple proposes that this Request be limited to "All Documents, including without limitation, Prior Art, ever known or identified by or to Plaintiffs, the named inventors of any of the Asserted Patents, or any Person substantively involved in the prosecution of any of the Asserted Patents (including any attorney or patent agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of any of the Asserted Patents and/or any counterparts thereof."  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 39-40:**  Apple stands by RFP No. 39 as written:  "All Documents and Communications relating to validity or invalidity of any of the Asserted Patents or Related Patents and Applications, including without limitation any invalidity contentions served on Plaintiffs and/or summary judgment motions, briefs, and related exhibits and expert reports, filed in any other actions or proceedings involving the Asserted Patents before any tribunal or agency, including, without limitation, in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8: 18-CV-02001 (C.D. Cal.), commenced November 8, 2018."  During the meet and confer, Apple explained that at least a subset of the patents asserted in *True Wearables* are directly related to at least some of the Asserted Patents in this Action and thus documents responsive to this Request are highly relevant to claims and defenses at issue in this Action. Subject to the production of documents responsive to RFP No. 39, Apple agrees to withdraw RFP No. 40.

**Apple's RFP No. 44:**  Apple proposes that this Request be limited to documents predating the earliest priority date of any Asserted Patent that Plaintiffs allegedly practice.  Please let us know if this proposal is acceptable to Plaintiffs.

**Apple's RFP Nos. 45-46:**  Apple is willing to limit these RFPs to the Asserted Patents and any family members thereof.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP Nos. 47, 48, 49, 50, and 52:**  We appreciate Plaintiffs' willingness to produce assignment records and documents showing any direct financial interest or ownership interest in the Asserted Patents.  However, Apple seeks additional documents beyond the documents you identify in response to these RFPs.  As explained during the meet and confer, Apple seeks all agreements involving transfer of rights in the Asserted Patents as well as documents sufficient to identify all individuals having a direct financial interest in the Asserted Patents and/or this litigation.  To be clear, this would include any agreements with employees or executives that include provisions specifically tied to patent litigation, licensing revenue, or this litigation.  Please confirm that Plaintiffs will produce all such documents in response to these RFPs.

**Exhibit 37**
**-653-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 5

**Apple's RFP Nos. 58-59:**  Apple has considered Plaintiffs' objections to these Requests. Apple would be willing to limit these Requests (reserving their rights to re-evaluate, to the extent necessary, following receipt of Plaintiffs' Section 2019.210 disclosure) to documents evidencing the confidentiality obligations owed by any employees, contractors, or third parties to Plaintiffs with respect to the information claimed by Plaintiffs as trade secrets in this case.  This includes all non-disclosure agreements third parties entered into with Plaintiffs concerning information claimed as trade secrets in this case.  This also includes all agreements employees and contractors signed with Plaintiffs about their treatment of information claimed as trade secret in this case.  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 62:**  Apple proposes limiting this Request to "All Documents and Communications relating to any exit interviews, post-employment communications, and other communications relating to trade secrets and/or any alleged breach of contract, for all of Your former employees who You believe were subsequently employed by Apple, including but not limited to, Marcelo Lamego and Michael O'Reilly."  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP Nos. 63 and 72:**  As we understand it, Plaintiffs' main objection to these RFPs is that they may not able to determine who is a former employee of Apple.  Apple has considered this objection further and, frankly, is confused by it.  As is the case with any RFP in any litigation, the responding party need only answer within the scope of its knowledge and a reasonable investigation.  In other words, Plaintiffs would answer with respect to persons that they know are former employees of Apple or discern are employees of Apple after a reasonable investigation.  Accordingly, Apple is inclined to stand by these Requests as written.  We are willing to discuss these Requests further if Plaintiffs have any questions about Apple's position.

**Apple's RFP No. 65:**  Plaintiffs agreed that they will in fact produce documents responsive to this Request.  Plaintiffs will not do so, however, until the stay is lifted.  As discussed during the meet and confer and above, Apple rejects Plaintiffs' interpretation of the stay and maintains that the stay has no bearing on *Apple's* commencement of trade secret-related discovery.  The parties are in agreement about the Request and the scope of Plaintiffs' production in response thereto; the parties are at an impasse on the stay issue.

**Exhibit 37**
**-654-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 6

**Apple's RFP No. 67:**  Plaintiffs agreed to produce documents that support, refute, or relate to (as that term was clarified by Apple during the meet and confer[1]), the trade secrets in Plaintiffs' Section 2019.210 statement.  Plaintiffs will not do so, however, until the stay is lifted.  As discussed during the meet and confer and above, Apple rejects Plaintiffs' interpretation of the stay and maintains that the stay has no bearing on *Apple's* commencement of trade secret-related discovery.  The parties are in agreement about the Request and the scope of Plaintiffs' production in response thereto; the parties are at an impasse on the stay issue.

**Apple's RFP No. 68:**  During the parties' meet and confer, Plaintiffs objected to this Request.  Apple explained that the information requested is relevant to Plaintiff's trade secret claims, including, for example, Plaintiff's burden to demonstrate ownership of protectable trade secrets.  Plaintiffs requested that Apple narrow the scope of the Request, but Apple cannot possibly do so without a Section 2019.210 disclosure.  In the absence of a Section 2019.210 disclosure, Apple maintains the scope of this Request.

**Apple's RFP No. 69:**  Based on the parties' discussion during the meet and confer, Apple proposes limiting this Request to "All documents sufficient to identify each Person involved in the design, development, and/or use of any information that you claim to be a Trade Secret misappropriated by Apple."  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 70:**  Plaintiffs' response is consistent with Apple's understanding from the meet and confer call.

**Apple's RFP No. 72:**  Apple proposes limiting this request to "All Documents and Communications relating to any meetings, telephone calls, videoconferences, or any other in-person or real-time interactions between any current or former employee(s) of Apple and any of Your current or former employee(s), including any notes taken during such interactions and any materials exhibited or exchanged during such interactions, *relating to the subject matter of this Action*."  Please let us know if this proposed modification is acceptable to Plaintiffs.

**Apple's RFP No. 74:**  Apple reserves all rights to re-evaluate this Request upon the receipt of a Section 2019.210 statement from Plaintiffs and upon Plaintiffs' identification of any

---

[1]  Apple clarified, and Plaintiffs agreed, that documents that "relate to" the case are documents that may not within their four corners support or refute the claims or defenses at issue in the case but, in conjunction with other documents, do in fact support or refute claims or defenses at issue in the case or have some bearing on matters at issue in the case.

**Exhibit 37**
**-655-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 7

overlap in the trade secrets at issue in the *Sotera* case and this Action.

**Apple's RFP Nos. 75-76:** Apple maintains the scope of these RFPs as they seek information directly relevant to the claims and defenses at issue in this Action. Please let us know if Plaintiffs will reconsider their position—otherwise, Apple will proceed to move to compel accordingly.

**II.    APPLE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DISCOVERY**

**Objections to Definition of "Apple iOS Products":** As explained during the meet and confer, Apple objects to Plaintiffs' definition as overbroad and not relevant to this Action because it seeks information related to products that are not accused of infringing the Asserted Patents. Nonetheless, Apple will not withhold responsive information based solely on this objection.

**Objections to Producing Documents Before ESI Protocol Is Entered (RFP Nos. 1-8, and 10-25):** The parties are continuing to negotiate the ESI protocol. Apple will produce the documents it has agreed to produce after a Protective Order and an ESI Protocol are entered.

**Objections to Producing Documents Beyond Those Located by Custodian and Keyword Searching (RFP Nos. 1-4, 7, 8, and 10-25):** Please see Haley Morrisson's email of May 22, 2020 on this topic.

**Production of Non-Public Documents (RFP Nos. 5-8 and 10-25):** Apple reiterates the positions it enumerated during the meet and confer: Apple will produce non-public documents responsive to these RFPs that relate only to patent issues. Apple will not produce non-public documents that relate in any way to Plaintiffs' alleged trade secrets until an acceptable Protective Order has been entered, an acceptable ESI Protocol has been entered, *and* Apple receives an adequate Section 2019.210 disclosure from Plaintiffs.

**Objections to Discovery Based on Section 2019.210 (General Objection 4 and RFP Nos. 1 and 3-25):** Plaintiffs asked Apple to confirm that Apple will produce trade secret-related discovery if Apple's Motion for a Protective Order is denied without requiring Plaintiffs to file a separate motion to compel. As Apple explained during the meet and confer, it cannot take a position on this issue until it sees the scope and content of the Court's ruling (e.g., the Court's ruling could be limited to the specific RFPs raised in the filing, and may not reach the broader question of the timing of trade secret-related discovery generally).

**Plaintiffs' RFP No. 4:** Apple agrees to withdraw its objection related to Plaintiffs' failure to limit the Request to the asserted claims of the Asserted Patents.

**Exhibit 37
-656-**

**GIBSON DUNN**

Mark Kachner
May 26, 2020
Page 8

**Plaintiffs' RFP No. 9:**  Apple maintains its objection to this Request as overbroad to the extent it seeks publicly available documents.

**Plaintiffs' RFP No. 10:**  Apple agrees to produce non-privileged documents responsive to this RFP.

*        *        *

We look forward to receiving Plaintiffs' prompt response to the proposed modifications enumerated above, as well as to the various points on which your team agreed to conduct follow-up.  Apple continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' Responses that are not enumerated in this letter or my letter of May 11, 2020, and its right to challenge the sufficiency of Plaintiffs' document productions.

Sincerely,

Ilissa Samplin

cc:  all counsel of record (via e-mail)

**Exhibit 37**
**-657-**

# EXHIBIT 38



## MightySat®

# Monitor your health using the same pulse oximetry technology hospitals rely on

MightySat® – The only fingertip pulse oximeter to measure five key vital signs: oxygen saturation, pulse rate, breathing rate, perfusion index, and pleth variability index. Powered by Masimo SET® – the same technology used to monitor over 200 million patients at hospitals around the world.¹

Shop MightySat®

## The same technology trusted by leading hospitals



Trusted by 9 of the top 10 U.S. hospitals²



The only fingertip pulse oximeter to measure breathing rate

## Performance You Can Depend On:
### The Masimo SET® Difference

For more than thirty years, clinicians have trusted **Masimo** pulse oximetry to help improve patient outcomes. Before Masimo, pulse oximeters were unreliable, providing inaccurate measurements and frequent false alarms. Masimo revolutionized the industry with the development of **Signal Extraction Technology® (SET®)**

SET® differentiates Masimo from other pulse oximetry technology by using advanced signal processing techniques to separate the arterial signal from sources of noise. This key advantage ensures that Masimo SET® delivers truly accurate measurements—even during conditions that prove challenging for conventional technology, such as movement and cold extremities.

- **For All Skin Pigments**
  Masimo SET® is reliable for all skin color pigmentations.

- **Accuracy Anywhere and Everywhere**
  Masimo SET® provides accurate measurements even in brightly lit environments, such as outdoor sunlight.

- **SET® Improves Patient Outcomes**
  Numerous studies have shown that Masimo SET®, combined with clinical oversight, helps clinicians reduce blindness and eye damage (retinopathy of prematurity, or ROP) in neonates, ³ improves critical congenital heart disease (CCHD) screening in newborns,⁴ and reduces ICU transfers and rapid response team activations on the hospital general floor.⁵⁷

## Superior Sensitivity and Specificity

In a comparison of 20 pulse oximeters tested on 70 volunteer subjects during challenging conditions, the Masimo difference was clear: Masimo SET® had greater sensitivity (the ability to detect true oxygen saturation values < 90%) and greater specificity (values ≥ 90%) than all other technologies.⁵



Document title: Industry Leading Fingertip Pulse Oximeters Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/mightysat
Capture timestamp (UTC): Tue, 13 Apr 2021 06:34:26 GMT


MightySat®



## Experts Agree

Masimo SET® is trusted by care providers around the world to monitor more than 200 million patients each year, and has been shown in more than 100 independent and objective studies to outperform other pulse oximetry technologies.[1]

[ Learn More ]

## Hospital-proven technology trusted by doctors and athletes

Hospital grade technology                    Now available at home



Since the invention of SET®, Masimo has become the leading pulse oximetry brand chosen by hospitals

### Provides accurate results when conventional oximeters fail:

- ✓ If you're moving
- ✓ Have cold hands

| Outperforms conventional oximeters | MightySat® | Conventional Oximeters |
|---|---|---|
| Measures 5 important health & breathing values including:<br>• Oxygen level<br>• Pulse rate<br>• Breathing rate<br>• Perfusion index<br>• Pleth variability index | ● | |
| Uses same technology trusted by leading US hospitals & used on over 200 million patients[1] | ● | |
| Proven accuracy even when you're moving* | ● | |
| Proven accuracy even with poor circulation or cold hands* | ● | |
| Rotational | ● | |

## Comfortable &



Document title: Industry Leading Fingertip Pulse Oximeters Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/mightysat
Capture timestamp (UTC): Tue, 13 Apr 2021 06:34:26 GMT

**Exhibit 38**
-659-


MightySat®

PRODUCTS   WHY MASIMO   SUPPORT   SHOP NOW   LOGIN

Buy

## Comfortable & easy-to-use

✓ Durable & lightweight
✓ Flexible grip for greater comfort




### Gives the most complete picture of respiratory function



**Oxygen level**

Oxygen saturation in your blood indicates changes in heart and lung function, activity, and altitude*



**Pulse rate**

Understand how fast your heart is beating; changes can indicate stress or exertion*



**Breaths per minute**

Shows how you are breathing




## Easily track progress with our fully integrated app

✓ See patterns and trends through the free Masimo Personal Health App
✓ Know when your health values are out of target range

Learn More

References:

¹ Estimate. usnews.com health data on file
² http://health.usnews.com/health-care/best-hospitals/articles/best-hospitals-honor-roll-and-overview
³ Castillo et al. Acta Paediatr. 2011 Feb;100(2):188-92.
⁴ Zhao et al. Lancet 2014 Aug 30;384(9945):747-54.
⁵ Taenzer AH et al. Anesthesiology. 2010;112(2):282-287.
⁶ Taenzer A et al. Postoperative Monitoring – The Dartmouth Experience. Anesthesia Patient Safety Foundation Newsletter. Spring-Summer 2012.
⁷ McGrath S et al. The Joint Commission Journal on Quality and Patient Safety. 2016 Jul;42(7):293-302.
⁸ Shah et al. J Clin Anesth. 2012;24(5):385-91.
⁹ Barker S.J. Anesth Analg. 2002 Oct;95(4):967-72.
*¹⁰ Published clinical studies on pulse oximetry and the benefit of Masimo SET® can be found on our website at http://www.masimo.com. Comparative studies include independent and objective studies which are comprised of abstracts presented at scientific meetings and peer-reviewed journal articles.

*Proven accuracy even when you're moving, for oxygen saturation and pulse rate

## Masimo

Together in hospital. Together at home.™

Newsletter Sign-Up

**Follow Us**






Can't find an answer?
Available 24 hours, 7 days a week

**ABOUT US**
About Us

**LEGAL**
Terms

**PRIVACY**
Privacy Notice

FOR HEALTHCARE PROVIDERS

Document title: Industry Leading Fingertip Pulse Oximeters Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/mightysat
Capture timestamp (UTC): Tue, 13 Apr 2021 06:34:26 GMT

Page 3 of 4

**Exhibit 38**
**-660-**



MightySat®

PRODUCTS · WHY MASIMO · SUPPORT   SHOP NOW   LOGIN

Buy




✓ Easy to customize
✓ Long battery life

Gives the most complete picture of respiratory function





**Oxygen level**

Oxygen saturation in your blood indicates changes in heart and lung function, activity, and altitude *



**Pulse rate**

Understand how fast your heart is beating; changes can indicate stress or exertion*



**Breaths per minute**

Shows how you are breathing

## Easily track progress with our fully integrated app

✓ See patterns and trends through the free Masimo Personal Health App

✓ Know when your health values are out of target range

✓ Easily share data with family members or caregivers

Learn More

References:
* Estimate: Masimo data on file
1 http://health.usnews.com/health-care/best-hospitals/articles/best-hospitals-honor-roll-and-overview
2 Castillo et al. Acta Paediatr. 2011 Feb;100(2):188-92.
3 Zhao et al. Lancet 2014 Aug 30;384(9945):747-54.
4 Taenzer AH et al. Anesthesiology. 2010;112(2):282-287.
5 Taenzer A et al. Postoperative Monitoring – The Dartmouth Experience. Anesthesia Patient Safety Foundation Newsletter. Spring-Summer 2012.
6 McGrath S et al. The Joint Commission Journal on Quality and Patient Safety. 2016 Jul;42(7):293-302.
7 Shah et al. J Clin Anesth. 2012;24(5):385-91.
8 Barker S.J. Anesth Analg. 2002 Oct;95(4):967-72.
9 Published clinical studies on pulse oximetry and the benefit of Masimo SET® can be found on our website at http://www.masimo.com. Comparative studies include independent and objective studies which are comprised of abstracts presented at scientific meetings and peer-reviewed journal articles.

*Proven accuracy even when you're moving, for oxygen saturation and pulse rate

## Masimo

Together in hospital. Together at home.™

Newsletter Sign-Up

**Follow Us**






Can't find an answer?
Available 24 hours, 7 days a week
(800) 916-1270

Email Customer Service:
customercare@masimo.com

**ABOUT US**
About Us
Contact Us
Warranty and Returns

**LEGAL**
Terms
Accessibility Statement

**PRIVACY**
Privacy Notice
Cookie Preference
Cookie Notice

FOR HEALTHCARE PROVIDERS

© 2021, Masimo. All Rights Reserved. All trademarks and/or copyrights are properties of their respective owners. The Bluetooth® word mark and logos are registered trademarks owned by Bluetooth SIG, Inc. and any use of such marks by Masimo is under license. iPhone, iPad, iPod, and iPod touch are registered trademarks of Apple Inc. registered in the U.S. and other countries.

Document title: Industry Leading Fingertip Pulse Oximeters Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/mightysat
Capture timestamp (UTC): Tue, 13 Apr 2021 06:34:26 GMT

**Exhibit 38**
**-661-**

# EXHIBIT 39



**iSpO2**

PRODUCTS ⌄   WHY MASIMO ⌄   SUPPORT ⌄

Overview   App   How to Use It   Troubleshooting   Manuals   FAQ

SHOP NOW ⌄   LOGIN

ADD TO CART



## iSpO₂® Pulse Oximeter

Better Data = Better Health™
Better Data = Better Performance™

SHOP ANDROID NOW   SHOP IOS NOW

## The iSpO₂® Pulse Oximeter measures:



**SpO2**

Oxygen level in the blood to indicate changes due to heart or lung, oxygen use by your body, or altitude



**PR**

Number of heart pulses per minute to indicate overall fitness or exertion levels at any time



**Pi**

Strength of blood flow to the finger to indicate changes in blood circulation.

## Accurate When You Need it Most

**The Leading Hospital-Grade Technology**

Masimo pulse oximeters are the leading brand in hospitals because of Signal Extraction Technology (SET®), which provides accurate measurements when other hospital-grade pulse oximeters fail—during movement and low blood flow.

## The Masimo Accuracy Advantage



Performance Index of Oxygen Saturation During Movement and Low Blood Flow¹´²

 **98%** VS. **73%**

Masimo    #2 Hospital-grade Brand



Performance Index of Pulse Rate During Movement and Low Blood Flow¹´²

 **86%** VS. **61%**

Masimo    #2 Hospital-grade Brand

Document title: iSpO2® Pulse Oximeter For Android and IOS | Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/ispo2-o2-monitor-android-ios
Capture timestamp (UTC): Tue, 13 Apr 2021 06:35:21 GMT

**Exhibit 39**
**-662-**





## Flexible and Easy-To-Use:

- The iSpO2® pulse oximeter comes in four versions – small and large options for the lightning connectors (iOS devices) and micro USB (Android devices)

- Operates with either iOS or Android devices

- Masimo Personal Health App coupled with your iSpO2 pulse oximeter allows you to track and trend your oxygen saturation (SpO2), pulse rate (PR), and perfusion index (Pi).

- Portable, lightweight and comes with a carrying case

- One year limited warranty

**SHOP ANDROID NOW**     **SHOP IOS NOW**

## iSpO2® Results in Three Easy Steps

 Connect iSpO2® to device

 Place sensor on finger

 Get measurements

### Click below to learn about the Masimo Personal Health App¹

**MASIMO PERSONAL HEALTH APP**

iSpO2® Pulse Oximeter with Lightning Connector for iOS Device
Sold out

iSpO2® Pulse Oximeter with Micro USB Connector for Android Device
Sold out

MightySat® Fingertip Pulse Oximeter with Bluetooth LE, RRp, & PVi
$299.00
ADD TO CART

Document title: iSpO2® Pulse Oximeter For Android and IOS | Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/ispo2-o2-monitor-android-ios
Capture timestamp (UTC): Tue, 13 Apr 2021 06:35:21 GMT

Page 2 of 3

**Exhibit 39**
**-663-**



Connect iSpO2® to device                    Place sensor on finger                    Get measurements

Click below to learn about the Masimo Personal Health App[1]

[ MASIMO PERSONAL HEALTH APP ]







Add to Cart

iSpO2® Pulse Oximeter with Lightning Connector for iOS Device

Sold out

SOLD OUT

iSpO2® Pulse Oximeter with Micro USB Connector for Android Device

Sold out

SOLD OUT

MightySat® Fingertip Pulse Oximeter with Bluetooth LE, RRp, & PVi

$299.00

ADD TO CART

References:

[1] Schooljans A et al. Acta Anaesth Belg. 2010 (61), 147-150.
[2] Mathews D et al. ASA 2014. A1124.
[3] Perel A. Anesth Analg. 2014 Dec;119(6):1288-92.
[4] Shah N et al. J Clin Anesth. 2012;24(50):385-91.

*It is suggested to measure PVi in the same body position, remaining still and without talking, at the same breathing rate and depth of breathing, until you see a high confidence PVi value (displayed value is bright, not dim). An increase in PVi may indicate a decreased level of hydration, increased breathing effort, or other factors. A decrease in PVi may indicate an increased level of hydration, decreased breathing effort, or other factors. Multiple factors other than hydration and breathing effort can affect PVi, including breathing rate, depth of breathing, body position, body movement, vascular tone, blood flow to the finger (perfusion index), normal variation within a short-term monitoring session, waveform shape changes, and/or cardiovascular abnormalities.

**10 volunteers with adhesive finger sensors from Masimo and the #2 hospital-grade brand were tested during movement and low blood flow with machine- and volunteer-generated hand motions to calculate accuracy, which was defined as oxygen saturation within 7% and pulse rate within 10% of reference.

## Masimo

Together in hospital. Together at home.™

Newsletter Sign-Up

**Follow Us**

      

Can't find an answer?
Available 24 hours, 7 days a week
(800) 916-1270

Email Customer Service:
customercare@masimo.com

**ABOUT US**
About Us
Contact Us
Warranty and Returns

**LEGAL**
Terms
Accessibility Statement

**PRIVACY**
Privacy Notice
Cookie Preference
Cookie Notice

[ FOR HEALTHCARE PROVIDERS ]

© 2021, Masimo. All Rights Reserved. All trademarks and/or copyrights are properties of their respective owners. The Bluetooth® word mark and logos are registered trademarks owned by Bluetooth SIG, Inc. and any use of such marks by Masimo is under license. iPhone, iPad, iPod, and iPod touch are registered trademarks of Apple Inc. registered in the U.S. and other countries.

Document title: iSpO2® Pulse Oximeter For Android and IOS | Masimo Personal Health
Capture URL: https://www.masimopersonalhealth.com/pages/ispo2-o2-monitor-android-ios
Capture timestamp (UTC): Tue, 13 Apr 2021 06:35:21 GMT

**Exhibit 39
-664-**

# EXHIBIT 40

| | |
|---|---|
| **From:** | Adam.Powell |
| **Sent:** | Thursday, March 25, 2021 4:34 PM |
| **To:** | Samplin, Ilissa; Mark.Kachner; Masimo.Apple |
| **Cc:** | *** Apple-Masimo |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - RFPs |

Ilissa,

Unfortunately, your letter of March 9 shows that Apple is not abiding by its end of the bargain.  Apple previously proposed a "sufficient to show" limitation on RFPs 63-66, 86, 102-105, 148-154, 171-172, 198-206, 218-221.  Your March 9 letter appears to have removed that limitation for all of those RFPs, but now imposes new objections and limitations on every single RFP, which again subject Apple's production obligations to what Apple deems "relevant."  I am sure you can appreciate that our view of relevance may differ, as multiple other issues in the case have already revealed.  In particular, for RFPs 63-66, 86, 148-154, and 172, Apple refuses to produce any documents and now offers only to produce source code that would show "relevant operations and functions of the Apple Watch."  For RFPs 63-65, 100, and 105, Apple says it will limit its production to documents that "relate to the alleged trade secrets in Plaintiffs' Section 2019.210 disclosure."  For RFPs 171, 198-206, and 218-221, Apple committed to producing documents, but uses slightly different wording and/or applies a new date limitation.  Apple also added various new limitations and objections to RFPs 102-105.

We disagree with Apple's approach of claiming it would remove the "sufficient to show" limitation, only to have Apple add new objections that again limit its own commitment to produce documents in response to these RFPs.  We reiterate our position that we will remove this limitation if Apple does the same (without adding new objections and limitations).  That was our intent, and we understood it to be Apple's as well.  Your new objections reveal that Apple apparently had a different intent that it was not expressing, and there was apparently no understanding in the first place.  We continue to be willing to do what we have suggested.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** **Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, March 24, 2021 10:03 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - RFPs

Adam, Mark,

I am following up on the below.  Please confirm tomorrow that we are in agreement.

Best regards,
Ilissa

**Exhibit 40**
**-665-**

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Samplin, Ilissa
**Sent:** Friday, March 12, 2021 7:47 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - RFPs

Adam, Mark:

I write in follow-up to my letter to Adam dated March 9, 2021 (copy attached) and Mark's letter to me dated March 2, 2021 (copy attached).  These letters followed our meet-and-confer discussions on February 16, 17, and 19, 2021.

Mark's March 2 letter confirmed Plaintiffs' proposal that "both parties produce all responsive non-privileged documents located after a reasonable search, without limiting their production to 'documents sufficient to show.'"  And in my March 9 letter to Adam, I proposed that Apple drop all the sufficient to show limitations it had previously placed on Plaintiffs' RFPs.  That proposal was made with Mark's March 2 letter and our meet-and-confer discussions on this topic in mind.  In other words,  Apple is willing to drop the sufficient to show limitation, as reflected in my March 9 letter, if Plaintiffs drop like limitations for Apple's RFPs.  This includes, for example, RFPs 58 and 59, in response to which Plaintiffs should not be limiting its productions to representative documents, but rather should be producing all responsive documents.

Please confirm that we are in agreement.

Best regards,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**Exhibit 40**
**-666-**

# EXHIBIT 41

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048JVS(JDEx) | Date | April 17, 2020 |

| | |
|---|---|
| Title | Masimo Corporation, et al v Apple, Inc |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:     [IN CHAMBERS] ORDER RE SCHEDULING DATES**

The Court has read and considered the parties Rule 26(f) Report and sets the following dates:

| | |
|---|---|
| **Jury Trial** | **April 5, 2022 at 8:30 a.m.** |
| **Final PreTrial Conference** | **March 21, 2022 at 11:00 a.m.** |
| File PreTrial Documents not later than March 7, 2022 | |
| File motions in limine not later than February 14, 2022 | |
| **Discovery Cut-off** | **July 5, 2021** |
| **Expert Discovery Cut-off** | **December 6, 2021** |
| Initial disclosure of Experts not later than September 6, 2021 | |
| Rebuttal disclosure of Experts not later than October 18, 2021 | |
| **Law and Motion Cut-off** | **February 7, 2022 at 1:30 p.m.** |
| Motions to be filed and served not later than January 10, 2022 | |
| **Markman Hearing** | **February 8, 2021 at 3:00 p.m.** |

Counsel inform the Court that their selection for a settlement procedure pursuant to Local Rule 16-15 is ADR #3, private mediation.  The Court orders that any settlement discussions shall be completed not later than November 30, 2021.  Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

The Court adopts discvoery limits in Sections 6a-c.  Total hours for depositions 100.  Court will deal with reduction of claims, prior art references at a hearing on **July 10, 2020 at 3:00 p.m.** Parties shall submit joint/separate proposals in one filing by July 3, 2020.  The Court adopts the patent specific dates.  The Court stays the trade secret discovery only pending compliance with 2019.210.  Any dispute over compliance shall be heard before the Magistrate Judge.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

**Exhibit 41**
**-667-**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

       Plaintiffs,

    v.

APPLE INC., a California corporation

       Defendant.

Case No. 8:20-cv-00048-JVS-JDE

Hon. James V. Selna
Magistrate Judge John D. Early

**ORDER GRANTING STIPULATION TO AMEND THE SCHEDULING ORDER**

Exhibit 41
-668-

This matter is before the Court pursuant to the parties' Stipulation to Amend the Scheduling Order.  Based on the stipulation of the parties, and good cause appearing, the Court GRANTS the Stipulation and AMENDS the Scheduling Order as shown below.

| Event | Current Deadline | New Deadline |
|---|---|---|
| Joint Claim Narrowing Proposal | September 21, 2020 | November 23, 2020 |
| Exchange of Proposed Claim Terms for Construction (Patent L.R. 4-1) | September 21, 2020 | December 7, 2020 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | October 12, 2020 | January 11, 2021 |
| Invalidity Contentions on newly asserted patents (Patent L.R 3-3 and 3-4) | October 22, 2020 | |
| Infringement Contentions (Patent L.R. 3-1 and 3-2) | November 13, 2020 | |
| Joint Markman Prehearing Statement (Patent L.R. 4-3) | November 9, 2020 | February 1, 2021 |
| Complete Claim Construction Discovery (Patent L.R. 4-4) | December 7, 2020 | March 1, 2021 |
| Simultaneous Opening Markman Briefs (Patent L.R. 4-5) | December 21, 2020 | March 15, 2021 |
| Last Date to Add Parties / Amend Pleadings | December 23, 2020 | |

-1-

**Exhibit 41**
**-669-**

| Event | Current Deadline | New Deadline |
|---|---|---|
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | January 25, 2021 | April 12, 2021 |
| *Markman* hearing | February 8, 2021 | April 26, 2021 at 3:00 p.m. |
| Non-expert Discovery cut off | July 5, 2021 | |

**IT IS SO ORDERED.**

Dated: September 21, 2020

_____
Honorable James V. Selna

33525107

-2-

Exhibit 41
-670-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED**

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                                Date   October 13, 2020

Title   Masimo Corporation et al. v. Apple Inc.

---

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion for Stay**

Before the Court is Defendant Apple Inc.'s ("Apple") motion to stay proceedings pending inter partes review ("IPR"). Mot., ECF No. 196-1. Plaintiffs Masimo Corporation ("Masimo") and Ceracor Laboratories, Inc. ("Ceracor") (collectively – "Plaintiffs") filed an opposition. Opp'n, ECF No. 209-1. Apple filed a response. Reply, ECF No. 217.

For the following reasons, the Court **GRANTS** the motion as to claims one through twelve.

## I.  BACKGROUND

The background of this case is well known to the parties, and is only repeated here so as to frame the discussion below. Plaintiffs specialize in the development and sale of noninvasive technology that monitors physiological parameters. Opp'n at 2-3. Its core business is in the production of products that measure blood oxygen content, also known as pulse oximeters. Mot. at 15. Apple, the well-known consumer technology company, is the creator of the Apple Watch, a leading smart watch. The most recent version of the Apple Watch, the Series 6, was announced on September 15, 2020, and notably includes the ability to measure "Blood Oxygen." Opp'n at 7. This patent infringement and trade secrets lawsuit, however, goes back to Apple's hiring of some of Masimo's employees beginning in 2013. Second Amended Complaint ("SAC"), ECF No. 88-2, ¶¶ 19-25.

On January 9, 2020, Plaintiffs filed their complaint against Apple, alleging

---

**Exhibit 41
-671-**

Case 8:20-cv-00048-JVS-JDE   Document 358-3   Filed 04/28/21   Page 274 of 286   Page ID
#:32446
Case 8:20-cv-00048-JVS-JDE   Document 222   Filed 10/13/20   Page 2 of 8   Page ID #:16559

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

infringement of the ten patents.[1] Plaintiffs subsequently filed a First Amended Complaint ("FAC") on March 25, 2020, alleging infringement of two additional patents.[2] Then, on July 24, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"), removing from the case five patents[3] and adding allegations of infringement of five new patents.[4] Overall, there are now twelve patents at issue in the case.

Apple has since filed IPR petitions challenging all asserted claims of all the asserted patents.[5] pple now asks for the Court to issue a stay pending a determination by the Patent Trial and Appeal Board ("PTAB") of their IPR petitions. See generally Mot.

## II. Legal Standard

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to stay an action pending IPR, a court's discretion is typically guided by three factors: "(1)

---

[1]U.S. Patent Nos. 10,258,265 ("the '265 patent"), 10,258,266 ("the '266 patent"), 10,292,628 ("the '628 patent"), 10,299,708 ("the '708 patent"), 10,376,190 ("the '190 patent"), 10,376,191 ("the '191 patent"), 10,470,695 ("the '695 patent"), 6,771,994 ("the '994 patent"), 8,457,703 ("the '703 patent"), and 10,433,776 ("the '776 patent"). See generally Complaint, ECF No. 1.

[2]U.S. Patent Nos. 10,588,553 ("the '553 patent") and 10,588,554 ("the '554 patent"). See generally FAC, ECF No. 28.

[3]The five patents that were removed were the '266, '708, '190, '191, and '695 patents.

[4]U.S. Patent Nos. 10,624,564 ("the '564 patent"), 10,631,765 ("the '765 patent"), 10,702,194 ("the '194 patent"), 10,702,195 ("the '195 patent"), and 10,709,366 ("the '366 patent"). See generally SAC, ECF 88-2.

[5]On August 31, 2020, Apple filed IPR petitions challenging all asserted claims of the '265 patent, the '776 patent, the '994 patent, and the '553 patent. Rosenthal Decl., ECF No. 197, at pages 29-530. On September 2, 2020, Apple filed IPR petitions challenging all claims of the '554 patent and all claims of the '628 patent. Id. at 532-859. On September 9, 2020, Apple filed an IPR petition challenging all asserted claims of the '703 patent. Id. at 861-945. Finally, on September 30, 2020, Apple filed IPR petitions challenging all claims of the remaining five patents. Andrea Decl., ECF No. 211-1, at pages 22-674.

**Exhibit 41
-672-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-48 JVS (JDEx)                    Date    October 13, 2020

Title    Masimo Corporation et al. v. Apple Inc.

whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (quoting Aten International Co., Limited v. Emine Technology Co., Limited, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)). The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." Allergan Inc. v. Cayman Chemical Co., 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted). In addition, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." Limestone v. Micron Technology, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

### III. DISCUSSION

*A.    Stage of the Proceedings*

The Court first considers "the stage of proceedings," including the progress of discovery, the status of claim construction, and whether a trial date has been set. See Universal Electronics, 943 F. Supp. 2d at 1031. Essentially, where "there is more work ahead of the parties and the Court than behind," this factors weighs in favor of granting a stay. See Tierravision, Inc. v. Google, Inc., 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012).

This case is in its early stages. On September 21, 2020, the Court issued an amended scheduling order. ECF No. 204. The Amended Scheduling Order notes that the Markman hearing is more than six months away, on April 26, 2021. Id. Fact discovery is not scheduled to close until July 5, 2021, while the expert discovery cut-off is not until December 6, 2021. Order re Scheduling Dates, ECF No. 37. The parties have not noticed or taken any depositions. Andrea Decl., ECF No. 197, ¶ 5. The deadline for the parties to submit their preliminary claim constructions is not until January 11, 2021. Amended Scheduling Order. Trial is set for well more than a year from now. Order re Scheduling Dates.

From these facts it is certainly clear that there is more work ahead of the parties and the Court than behind us. Cf. Purecircle USA Inc. v. Sweegen, Inc., 2019 WL 3220021, at

**Exhibit 41
-673-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

*2 (C.D. Cal. June 3, 2019) (finding the case to be in its early stages where no depositions had been taken, no expert discovery had occurred, claim construction was not complete, and trial was nine months away). Plaintiffs' arguments that this case is not in its early stages are unavailing. While it is true that the Court has addressed several motions from the parties and the parties have produced approximately 150,000 pages of discovery, Opp'n at 19-20, these numbers do not weigh heavily when compared to the substantial amount of work in the months of discovery ahead. Nor did Apple's motion for a protective order or Apple's subsequent challenges to the magistrate judge's order, see ECF Nos. 54, 76, and 92, cause undue delay, for it did not significantly impact the schedule mentioned above.

The Court therefore finds that this factor weighs in favor of a stay.

 B.    *Simplification of Issues in Question*

The Court next considers "whether a stay will simplify the issues in question and the trial of the case." Universal Electronics, 943 F. Supp. 2d at 1032. Apple has filed IPR petitions challenging all of the asserted claims in the asserted patents. Reply at 10. If an IPR is instituted and the PTAB issues a final written decision, Apple will be estopped from asserting invalidity based on any ground it "raised or reasonably could have raised" during the IPR. 35 U.S.C. § 315(e)(2). Apple has also stipulated that if the PTAB "institutes on any ground raised in its IPR petitions, Apple will not assert in this litigation that same ground against the corresponding claims" even before the issuance of a final written decision. Rosenthal Decl., ECF No. 197, ¶ 17; Reply at 13. A final IPR determination is expected by March 2021, a month before trial is set.[6] 35 U.S.C. § 316(a)(11).

Although Plaintiffs argue that granting a stay of proceedings prior to institution is "inherently speculative," Opp'n at 21, "courts in this District have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." Purecircle, 2019 WL 3220021, at *3 (collecting cases). This is because "many courts have ultimately been persuaded that the potential to save significant judicial resources sways the analysis in favor of stay." Id. at *2. The statistics in this case

---

[6]Apple points out that only 3.8% of written decisions are issued more than 13 months after institution. Reply at 10 n.4. This means there is a 96.2% chance that the written decision will be issued prior to the date for which jury trial is set.

**Exhibit 41**
**-674-**

Case 8:20-cv-00048-JVS-JDE   Document 358-3   Filed 04/28/21   Page 277 of 286   Page ID
#:32449
Case 8:20-cv-00048-JVS-JDE   Document 222   Filed 10/13/20   Page 5 of 8   Page ID #:16562

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

support such a conclusion, for there is a 56% IPR institution rate as of 2020 and 76% of Apple's IPR requests since the beginning of 2019 have led to institution.[7] Rosenthal Decl. at 980, Andrea Decl., ECF No. 211-2, at 701. Plaintiffs seek to distinguish <u>Purecircle</u> because that case only involved a single patent. Opp'n at 23. But Apple correctly notes that the existence of twelve different patents in this case weighs even more heavily in favor of a stay because the IPR proceedings have the potential save an even greater amount of judicial resources. Reply at 13.

Further, where a defendant is actively involved in the IPR process with respect to all of the asserted claims, simplification is likely. <u>See</u> <u>Limestone</u>, 2016 WL 3598109, at *4 ("Because Defendants have petitioned for review of nearly all claims asserted in this action, the outcome of the IPR has the potential to significantly narrow the scope and complexity of the litigation."). If the PTAB cancels all of the asserted claims, the patent claims in this action will be rendered moot. Cancellation of only a portion of the asserted claims may still significantly reduce the scope of this litigation, particularly as there are twelve patents asserted in this case. Notably, only 20% of final written decisions issued in IPRs since 2012 have found all the claims to be patentable, meaning that some winnowing is likely. Rosenthal Decl., at 985. Furthermore, the record developed during the IPR even if institution is denied could inform the claim construction process. <u>Aylus</u> <u>Networks, Inc.</u> <u>v. Apple Inc.</u>, 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer.").

Accordingly, the Court finds that this factor also weighs in favor of a stay. The outcome of the IPR may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved.

---

[7] Plaintiffs do correctly note that Apple has brought a lawsuit over the <u>NHK-Fintiv</u> Rule, which Apple alleges has "dramatically reduced the availability of IPR." Opp'n at 23; Larson Declaration, ECF No. 207-2, 257 ¶ 5. But the <u>NHK-Fintiv</u> Rule relates to those cases where the trial date set in pending litigation would be before PTAB reaches a final written decision in the IPR. <u>See id.</u> at 263 ¶ 40, 266 ¶ 56. As discussed earlier, such is not the case here.

**Exhibit 41**
**-675-**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| --- | --- | --- | --- |

| Title | Masimo Corporation et al. v. Apple Inc. |
| --- | --- |

C.   *Undue Prejudice or Tactical Advantage*

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, 943 F. Supp. 2d at 1032. "[A] primary issue in an undue prejudice analysis is whether the parties are competitors such that a stay would cause irreparable harm to the patentee in the market." Core Optical Technologies, LLC v. Fujitsu Network Communications, Inc., 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016). "Courts are divided on whether infringement among competitors necessarily constitutes undue prejudice to the non-moving party." Wonderland Nursery Goods Co., Limited v. Baby Trend, Inc., 2015 WL 1809309 at *4 (C.D. Cal. 2015) (emphasis added). But "[o]ne relevant consideration in evaluating [Plaintiff's] claims of undue harm is whether the parties are sole competitors in the relevant markets." Karl Storz v. Stryker Corp., 2015 WL 13727876, at *7 (N.D. Cal. Mar. 30, 2015). The existence of other competitors in the relevant market "undermines the weight that should be afforded Plaintiff's contentions of undue harm." Wonderland, 2015 WL 1809309 at *4.

Plaintiffs argue that they compete with Apple, though Plaintiffs do not clearly define the market in which they compete. Opp'n at 1, 9-17. Plaintiffs instead warn that Apple should not be allowed to "define the market." Id. at 15. Plaintiffs note that they sell consumer pulse oximetry products such as the MightySAT, iSpO2, and Masimo Sleep,[8] while Apple has recently launched the Series 6. Opp'n at 10. Apple argues that these products do not compete because Plaintiffs' products are "clinical grade" while the Series 6 is "not intended for medical use." Reply at 18. Apple further notes that the MightySAT, iSpO2, and Masimo Sleep all are fingertip sensors while the Series 6 is a wrist-worn smart watch. Reply at 19. Plaintiffs respond by arguing that even though the Series 6 is not accurate enough for medical use, Apple is "marketing a device with medical functions while winking and insisting they're not medical functions." Opp'n at 14 (quoting Larson



[8]

Moreover, the Apple products are no threat to Masimo's oximetry devices used in a clinical or hospital setting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | | Date | October 13, 2020 |
|---|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | | |

Declaration, ECF No. 207-2, at 152).

Without detailed economic analysis, it is difficult for the Court to evaluate the extent to which the Series 6 is a substitute good for Plaintiffs' consumer pulse oximetry products. There well might be a market for consumer pulse oximetry products broadly and consumers may not distinguish between wrist-worn oximeters and fingertip sensors, as Plaintiffs suggest. Id. at 13. But even if that were true, and consumers would view the Series 6 as a wrist-worn pulse oximeter, Apple points out that a variety of other companies also sell products that measure blood oxygen content. Reply at 20-23 (listing products from Garmin, Fitbit, and Facelake among others). Therefore, to the extent that Plaintiffs and Apple are direct competitors in the broad market for consumer pulse oximetry products, they are certainly not sole competitors, which reduces the amount of prejudice that Plaintiffs would suffer.

Plaintiffs do point out other ways in which they might be prejudiced by a stay. For example, Plaintiffs note that the '776 Patent will expire in June 2022, so a stay would leave the '776 Patent "'in limbo for the majority of its remaining life. Carl Zeiss A.G. v. Nikon Corp., 2018 WL 5081479, at *4 (C.D. Cal. Oct. 16, 2018) (quoting Biomet Biologics v. Bio Rich Med, Inc., 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011)). The Court notes, however, that twelve different patents are at issue in this case, not merely one. Delay may result in the loss of evidence or the inability of witnesses to recall specific facts. Cf. Jones, 520 U.S. at 701 (noting that a "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts"). Finally, the Court notes that although Apple did not file its first IPR petitions for eight months, Plaintiffs most recently added patents to its infringement claims with the filing of the SAC on July 24, 2020. This means that Apple has only waited two months to file IPRs for the most recently asserted patents.

The Court therefore finds that this factor weighs slightly against granting the motion.

D.    *Totality of the Circumstances*

In sum, two of the three factors weigh in favor of granting a stay, whereas the third weighs slightly in favor of denying a stay. Having considered the totality of the circumstances, the Court **GRANTS** Apple's motion to stay pending inter partes review.

**Exhibit 41**
**-677-**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

While the third factor does weigh against granting a stay, the prejudice to Plaintiffs is not substantial as compared to the significant efficiencies and simplification of the issues that would come from instituting a stay. Courts, including this one, have issued stays where there has been some prejudice shown to the Plaintiffs if the stay would result in substantial efficiencies. See, e.g., PureCircle, 2019 WL 3220021, at *4; TeleSign Corp. v. Twilio, Inc., 2016 WL 6821111, at *6 (C.D. Cal. Mar. 9, 2016); Delphix Corp. v. Actifio, Inc., 2014 WL 6068407, at *3 (N.D. Cal. Nov. 13, 2014). This case is similar. Ultimately, the Court concludes that Plaintiffs have not shown sufficient prejudice to tip the balance against issuing a stay.

####    E.    The Trade Secret Case

Finally, the Court notes Apple's assertion that there is "no reason that the separate and independent trade secret case could not proceed." Mot. at 19. Plaintiffs similarly urge the Court to not stay the trade secret case. Opp'n at 24-25. The Court therefore stays only the patent infringement case, consisting in claims one through twelve of the SAC.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion as to claims one through twelve. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for October 19, 2020, is ordered **VACATED**.

The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

####    IT IS SO ORDERED.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

**Exhibit 41**
**-678-**

# EXHIBIT 42

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

April 13, 2021

**VIA EMAIL**

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197

Re:    Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Ilissa:

We write regarding in response to your letter of April 11, which responded to our letter of March 25.

**Apple Document Production**: As discussed below, my March 25 letter reiterated Plaintiffs' understanding that Apple agreed to search for and produce all documents responsive to RFPs 110-127. My March 25 letter then stated:

> Based on that understanding, we believe Apple has committed to producing all documents for each of the bullet points of my December 30, 2020, letter. If Apple disagrees and maintains that any of those bullet points fall outside the scope of RFPs 110-127, please let us know.  We believe Apple has an obligation to tell us now so that we can address the issue.

Your April 11 letter does not directly respond to this portion of our letter.  Instead, Apple simply "refers" Plaintiffs back to prior correspondence.  Please answer our question by no later than April 20.

Separately, Apple asks when Plaintiffs will produce complaints from legal proceedings where Plaintiffs made trade secret misappropriation claims.  Apple is already aware of the *True Wearables* and *Sotera* cases, but Plaintiffs will include such complaints in their next document production.

**Former Employees**: We have been asking for Apple's position on former employees for many months now.  With the close of discovery approaching in less than three months, we cannot continue waiting. As discussed below, Plaintiffs included some RFPs addressing former employees in their second motion to compel.

**Reliance on Search Terms Only**: My March 25 letter identified the following RFPs as RFPs for which Apple stated it will limit its production to documents obtained through search terms only: 80-81, 97, 100, 101, 104, 105, 158-160, 171, 181-184, 188-190, 193-196, 209-211, 213, 216-221, 226, 230, 233-235, 244, and 246.  Your April 11 letter states that Apple's "searches for certain RFPs can only be practically satisfied through the use of custodian and search terms," but does not identify the "certain RFPs" to which it refers.  Please explain whether Apple is limiting its searching for all RFPs listed in this paragraph, or only certain RFPs listed in this paragraph.  If Apple is limiting its searching for only certain RFPs, please identify those RFPs.  Please provide your response by April 20.

**Section 2019.210**: We agree the parties reached an impasse on this issue.

**Specific RFPs**

- **RFPs 63-66, 73, 86, 148-151, 153-154, 172, 186**: Apple's April 11 letter reiterates its prior position without offering any new proposal.  We agree the parties reached an impasse on these RFPs, which are the subject of Plaintiffs' first motion to compel.

- **RFPs 67-69, 155-157**: Apple's April 11 letter confirmed Apple is not relying on any distinction between FDA clearance and approval.  However, Apple newly states the feature referenced at https://www.apple.com/healthcare/apple-watch/ concerns FDA approval of an "app" utilized by Apple products and is "unrelated to the operation of the products themselves."  We do not agree with Apple's attempt to withhold documents that relate to software "apps" that run on the Apple Watch as opposed to the hardware itself.  Because the parties reached an impasse on these RFPs, Plaintiffs included them in their second motion to compel.

- **RFPs 97, 100**: Apple's April 11 letter reiterates its prior position without offering any new proposal.  We agree the parties reached an impasse on these RFPs, which are the subject of Plaintiffs' first motion to compel.

- **RFPs 80, 81**: Other than the complaint database, the parties appear to have reached an agreement on these RFPs.  As for the complaint database, it appears to us that Apple is agreeing to produce responsive documents if it can locate them by querying its database.  Please confirm and let us know by April 20 if the database can be queried to locate responsive documents.

- **RFPs 82, 98, 99, 107, 163, 164**: Apple still has not provided its position on these RFPs.  We have now waited many months for Apple to provide its position.  With the close of discovery approaching in less than three months, we cannot continue waiting.  Thus, Plaintiffs included these RFPs in their second motion to compel.

- **RFPs 110-127**: My March 25 letter asserted:

  > Your letter narrows the scope of RFPs 128-129, but does not narrow the scope of RFPs 110-127.  Thus, we understand Apple committed to producing all non-privileged documents that are responsive to RFPs 110-127 and located after a reasonable search. If that is inaccurate, please let us know.

  Your April 11 letter does not respond.  Based on Apple's silence, we understand Apple has committed to producing all non-privileged documents that are responsive to RFPs 110-127 and located after a reasonable search.

- **RFP 161**: Similar to RFPs 80 and 81, RFP 161 is not limited to documents contained in Apple's complaint database.  Please confirm by April 20 that, similar to RFPs 80 and 81, Apple will search for and produce all responsive documents outside of its complaint database.  As for the complaint database, it appears to us that Apple is agreeing to produce responsive documents if it can locate them by querying its database.  Please confirm and let us know by April 20 if the database can be queried to locate responsive documents.

- **RFP 222**: We disagree with Apple's continued attempt to discuss its objections in a piece meal fashion.  The issue of which people are included in the definition of "Former Employees" is separate from the issue of whether Apple will produce responsive documents for any such individual.  Please provide Apple's position by no later than April 20.

**Exhibit 42**
**-680-**

- **RFPs 89-96**: Thank you for confirming that Apple will search for and produce all responsive documents for these RFPs.  We disagree with Apple's position that RFP 91 may be searched for through search terms only.

- **RFP 101**: Plaintiffs' March 25 letter stated: "Your letter states that Apple will produce responsive documents that relate to Apple products accused of incorporating Plaintiffs' alleged trade secrets, but this RFP relates to competitive analysis of any 'competitor to the Apple Watch Products.'  Please clarify Apple's position."  Your April 11 letter ignores our request for clarification and simply restates Apple's assertion that it would produce documents related to "the Apple products accused of incorporating Plaintiffs' trade secrets."  We have now waited many months for Apple to provide its position.  With the close of discovery approaching in less than three months, we cannot continue waiting.  Thus, Plaintiffs included this RFP in their second motion to compel.

- **RFP 102**: Plaintiffs maintain that this RFP relates to damages for at least the reasons that we have previously explained.  Because the parties reached an impasse, Plaintiffs included this RFP in their second motion to compel.

- **RFP 103**: Apple's letter again ignores Plaintiffs' March 25 letter, which stated: "Plaintiffs are seeking documents regarding any differences, similarities, or comparisons that Apple has drawn between consumer and professional healthcare markets."  Rather than address Plaintiffs' March 25 letter, Apple simply reiterates its statement that it does not understand the distinction that Plaintiffs are drawing.  Because the parties reached an impasse, Plaintiffs included this RFP in their second motion to compel.

- **RFP 104**: We disagree with Apple's assertion that this request would "pick up any advertising or marketing ever done for the Apple Watch" because we already agreed to limit this request to physiological monitoring.  We have already explained our position as to why this request is relevant.  Among other things, Plaintiffs' sales and marketing trade secrets are not limited to the parameters at issue in the technical trade secrets.  Apple's marketing of any physiological parameter is relevant to both those trade secrets and damages.   Because the parties reached an impasse, Plaintiffs included this RFP in their second motion to compel.

- **RFP 105**: Plaintiffs explained that they do not agree to the unilateral limitations that Apple placed on this RFP.  Apple's letter again reiterates its prior proposal without making any changes.  Because the parties reached an impasse, Plaintiffs included this RFP in their second motion to compel.

- **RFPs 128, 129, 184, 196**: Plaintiffs explained that they do not agree to the unilateral limitations that Apple placed on these RFPs.  Apple's letter reiterates its prior proposal without making any changes.  Because the parties reached an impasse, Plaintiffs included these RFPs in their second motion to compel.

- **RFPs 131-132**: For these RFPs, Plaintiffs understand Apple has agreed to search for and produce any responsive documents that it locates.  If we are mistaken, please let us know.

- **RFPs 165-170**: These RFPs seek far more than the sales information that Apple produced at APL-MAS_00082917.  Because the parties reached an impasse, Plaintiffs included these RFPs in their second motion to compel.

**Exhibit 42**
**-681-**

- **RFPs 180, 187, 191, 192, 197, 198-206**: Plaintiffs thought Apple had agreed to produce all responsive documents for these RFPs.  Your April 11 letter now explains that Apple is withholding responsive documents.  We disagree with Apple's position.  Because the parties reached an impasse, Plaintiffs included these RFPs in their second motion to compel.

- **RFPs 218-221**: Thank you for confirming Apple agrees to search for and produce all responsive documents.  We disagree with Apple's assertion that it can limit its search to "agreed-upon or court-ordered custodians and search terms."

- **RFP 226**: Thank you for confirming that Apple will not withhold public documents.  We continue to disagree with Apple's attempt to withhold responsive documents that Apple believes do not "relate" to the trade secrets in Plaintiffs' Section 2019.210 disclosure.  Because the parties reached an impasse, Plaintiffs included this RFP in their second motion to compel.

- **RFP 227**: We have been waiting months for Apple to provide its position on metadata.  Please provide Apple's position by no later than April 20.

- **RFP 228**: Thank you for confirming that Apple will provide all responsive devices for Lamego and O'Reilly.  Please inform us whether Apple will do so for devices in O'Reilly's possession (e.g., personal devices).

- **RFPs 239 and 242-243**: We agree the parties reached an impasse on these RFPs, so Plaintiffs included these RFPs in their first and second motion to compel.

- **RFPs 241, 245, 248**: Plaintiffs do not agree to the restrictions that Apple placed on these RFPs.  Because the parties reached an impasse, Plaintiffs included these RFPs in their second motion to compel.

- **RFPs 231-232**: Plaintiffs agree the parties reached an impasse on these RFPs, so Plaintiffs included these RFPs in their first motion to compel.

- **RFPs 236-237**: Apple's April 11 letter stated Apple has "yet to receive" Plaintiffs' confirmation that "the former employees identified in their list of ESI custodians were all of the former employees of which Plaintiffs are aware." Apple appears to have copied its February 19 letter word-for-word and ignored my March 25 letter, which explained:

  > We disagree with your recitation of the meet and confer and do not understand why that information is necessary for Apple to provide its position. Regardless, Plaintiffs already told Apple that their list of ESI custodians included all former employees of which Plaintiffs were aware. Devin Stabile also began working for Apple earlier this month.  However, these requests are not limited to only individuals of which Plaintiffs are aware.  If Apple is aware of other former employees, those individuals should be included.  Please provide Apple's position.

  With the close of discovery approaching in less than three months, we cannot continue waiting for Apple to provide its position.  Thus, Plaintiffs included these RFPs in their second motion to compel.

- **RFP 240**: Because the parties reached an impasse, Plaintiffs included this RFP in their second motion to compel.

**Exhibit 42**
**-682-**

- **RFP 244, 246**: Apple's April 11 letter copies and pastes its prior response without addressing my March 25 letter.  In particular, Apple does not explain whether its new letter has withdrawn its prior proposal from its February 11 letter.  Because the parties reached an impasse, we included these RFPs in our second motion to compel.

**Interrogatories 7-10**

- **Interrogatories 7, 8, and 9**: Plaintiffs agree the parties reached an impasse on these RFPs, so Plaintiffs included these interrogatories in their first motion to compel.

- **Interrogatory 10**: Plaintiffs have explained many times why APL-MAS_00065312 does not provide all information responsive to this interrogatory and asked Apple various questions about that document.  Apple ignores Plaintiffs' questions and reiterates the question that Plaintiffs have already answered.  Because the parties reached an impasse, Plaintiffs included this interrogatory in their second motion to compel.

Thank you for discussing these issues with us.  Plaintiffs have now been waiting months for Apple's responses to various RFPs.  We look forward to receiving Apple's position on all outstanding issues no later than April 20.

Best regards,

Adam B. Powell

**Exhibit 42**
**-683-**