1  JOSHUA H. LERNER, SBN 220755
    jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
   Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
    mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1881 Page Mill Road
   Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
    bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*         ILISSA SAMPLIN, SBN 314018
    bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.           333 South Grand Avenue
11 Washington, D.C. 20036                  Los Angeles, CA 90071-3197
   Tel.: 202.955.8500 / Fax: 202.467.0539  Tel.: 213.229.7000 / Fax: 213.229.7520
12
   BRIAN A. ROSENTHAL, *pro hac vice*      ANGELIQUE KAOUNIS, SBN 209833
13  brosenthal@gibsondunn.com                akaounis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP             GIBSON, DUNN & CRUTCHER LLP
14 200 Park Avenue                         2029 Century Park East Suite 4000
   New York, NY 10166-0193                 Los Angeles, CA 90067
15 Tel.: 212.351.2339 / Fax: 212.817.9539  Tel.: 310.552.8546 / Fax: 310.552.7026

16 *Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF OBJECTION TO PLAINTIFFS' PROPOSED REDACTIONS**<br><br>Hon. James V. Selna<br><br>No Hearing Noticed |

# APPLE'S STATEMENT OPPOSING REDACTIONS

On April 21, 2021, the Court entered (under seal) an Order granting in part Defendant Apple Inc.'s ("Apple") Motion to Dismiss Portions of the Thirteenth Cause of Action in Plaintiffs' Fourth Amended Complaint (ECF 350) (the "Order"). In the Order, the Court directed "the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days"—i.e., April 28, 2021. Order at 12. During a telephonic meet and confer that took place on April 27, 2021, Apple informed Plaintiffs that it disagreed with two sets of their proposed redactions, which have since been submitted to the Court by email (to the Courtroom Deputy) on this date:

1. Plaintiffs' now-dismissed alleged hospital interaction "trade secrets" 44.2-44.4 (*see* Plaintiffs' proposed redactions on pages 4–5 of the Order) ("Disputed Redactions I"), and

2. The Court's description of the contents of a publicly available journal article Apple filed at ECF 327-2 (Plaintiffs' second proposed redaction on page 6 of the Order, first full paragraph, except for the portion of the last proposed redacted sentence that begins with "not" and describes Plaintiffs' alleged trade secret 44.5") ("Disputed Redactions II").

The above redactions are highlighted in pink in the version of the Order Plaintiffs submitted to the Courtroom Deputy attached to their April 28, 2021 email. Apple informed Plaintiffs that it was not presently challenging any other proposed redactions in the Order, which are highlighted in yellow in that version of the Order. Apple requested that Plaintiffs include the substance of this Objection in the email to the Court, but Plaintiffs declined.

Plaintiffs have not met their burden to establish that either of these parts of the Order should be sealed.

**<u>Disputed Redactions I</u>**: With respect to Disputed Redactions I, the Court already held that these alleged trade "secrets" "are legally incapable of constituting trade secrets." Order at 11. The Court explained that there was "nothing secret about" these

alleged secrets because they were "vague," "common sense," and indistinguishable from a "generalized" pubic knowledge. *Id.* at 4–5. There is no justification to seal this information.

This is not the first time that Plaintiffs have attempted to improperly seal information *after* a court held that the information is publicly known. Plaintiffs attempted to do so "pending appeal" in *Sotera Wireless*. The court rejected their request because the information "is no longer confidential or a trade secret." Second Interim Order on Motions to Seal Documents at 10–11, *In re Sotera Wireless*, No. 6-05968-LT11 (Bankr. S.D. Cal. Sept. 12, 2017) (Dkt. 1091). Other courts similarly refuse to seal public information. *See Beaulieu Grp., LLC v. Bates*, 2016 WL 7626471, at *3–4 (C.D. Cal. Oct. 18, 2016) (denying motion to seal information that the court determined is not a trade secret).

After the meet and confer, Plaintiffs cited *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012), in a follow up email as support for their sealing request pending appeal. Plaintiffs' reliance on *Apple v. Samsung* is misplaced. The information at issue in that case was sensitive financial information and market analysis data that was indisputably *not* publicly known and the release of which would have harmed *both* parties competitively. *Id.* at *1. By contrast, Plaintiffs here have not even attempted to meet their burden of showing that disclosure of the public information they seek to redact could harm their competitive interests in any way.

Moreover, the court in *Apple v. Samsung* expressly *ordered* the parties to *immediately appeal* its unsealing order and seek another stay from the Federal Circuit (with appellate briefs due four days after the notice of appeal). That court explained that any harm to the public interest would be minimal because its stay would be brief, expressly not lasting throughout the entire appeal on the merits. By contrast, the Court here has not ordered (or even permitted) an appeal, and Plaintiffs have not even suggested they would seek one at this stage of the case. Permitting Plaintiffs to seal

public information for months or years until this case is resolved would cause far greater harm to the public interest here than in *Apple v. Samsung*.

**Disputed Redactions II**: Plaintiffs' sealing request with respect to the Disputed Redactions II is also unsupported.  The Court expressly held that the public journal article "does *not* embody" Plaintiffs' alleged trade secret.  Order at 6 (emphasis added).  Thus, discussing what the article *does* embody cannot reveal anything about Plaintiffs' alleged secret.  Apple does not currently oppose sealing the portion of the Court's sentence that begins with "not" and *does* disclose Plaintiffs' alleged secret.  *Id.*  But redacting the entire discussion that has nothing to do with Plaintiffs' alleged secrets is improper.

Apple respectfully requests that the Court deny Plaintiffs' attempt to seal Disputed Redactions I and II.

Dated:  April 28, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Joshua H. Lerner*
             Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*