UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Dismiss

Before the Court is Defendant Apple Inc.'s ("Apple") motion to dismiss certain allegations from the thirteenth cause of action, alleging trade secret misappropriation, in the fourth amended complaint ("FAC") of Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively – "Plaintiffs"). MTD, ECF No. 310. Plaintiffs filed an opposition. Opp'n, ECF No. 320-1. Apple filed a response. Reply, ECF No. 326-1. Apple also filed a request for judicial notice. RJN, ECF No. ECF 310-3. Plaintiffs did not oppose the RJN. Plaintiffs subsequently filed a request for oral argument. ROA, ECF No. 349.

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

### I. BACKGROUND

The background of this case is recited here to the extent necessary to frame the discussion below. This case concerns technology for monitoring physiological parameters, such as pulse rate. See FAC, ECF No. 296-1, ¶¶ 9-16. In 2014, Apple recruited Marcelo Lamego, who was the Chief Technical Officer of Cercacor and a Research Scientist at Masimo. Id. ¶ 21, 24. Lamego had access to "highly confidential technical information," "was taught about the keys to effective non-invasive monitoring," and "learned guarded secrets regarding Plaintiffs' mobile medical products." Id. ¶ 22. Plaintiffs' trade secret misappropriation claim under the California Uniform Trade Secrets Act ("CUTSA") alleges that Apple misappropriated Plaintiffs' confidential information from former employees who left Plaintiffs to work for Apple, including Lamego. Id. ¶¶ 223-67.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Plaintiffs allege that Apple misappropriated trade secrets related to each of the following categories: ███████████████████████████████████████ ████████████████████████████ "Plaintiffs' business and marketing plans and strategies," "Plaintiffs' strategies for interacting with hospitals," and ███████ ██████████████████████████████ Id. ¶¶ 40-45.

Apple has sought to dismiss the allegations relating to trade secrets multiple times. On June 25, 2020, the Court dismissed Plaintiffs' claim of trade secret misappropriation in its First Amended Complaint for Plaintiffs' failure to plead its trade secrets "in a manner that gives Apple fair notice of the claim." First Order, ECF No. 60, at 8. Plaintiffs subsequently filed their second amended complaint ("SAC"). SAC, ECF No. 89-1. On October 13, 2020, the Court dismissed the same claim on the same basis. Second Order, ECF No. 219, at 7. Then, Plaintiffs filed their TAC. TAC, ECF No. 233. The Court granted in part and denied in part Apple's motion to dismiss, dismissing certain allegations relating to interactions with hospitals, ███████████████████████, induced misappropriation, and respondeat superior. Third Order, ECF No. 264, at 9, 12-15.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

### A. Request for Judicial Notice

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

Apple requests that the Court take judicial notice of 12 separate documents. RJN at 1-3. The Court will take judicial notice of Exhibits 1-3, as well as U.S. Patent No. 4,854,699, ECF No. 288-2 at 341-46, because each of these documents is published and made publicly available by a government agency. They are therefore documents of public record. See Khoja, 899 F.3d at 999. The Court also takes judicial notice of Exhibits 4, 7, 8, and 10 because they are documents publicly available on Masimo's website. The Court can take judicial notice of the fact that these documents are publicly available, not for the facts contained therein. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010). Similarly, the Court takes notice of Exhibits 5 and 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

because they are articles published in publicly available scientific journals. Id. The Court takes notice of Exhibit 11, Marcelo Lamego's LinkedIn profile, for the fact that it is publicly available, and not the truth of any facts stated therein. Id. Finally, the Court takes judicial notice of Exhibit 6 because it is cited by, and therefore relied on by, the FAC. Lee, 250 F.3d at 688; see FAC ¶ 44.

     B.    *Trade Secret Misappropriation*

Apple seeks dismissal of certain trade secret misappropriation claims that this Court has previously dismissed for failure to state a claim. To prove a prima facie case of trade secret misappropriation, the CUTSA "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (Cal. Ct. App. 2008) (citing Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (Cal. Ct. App. 2003)). See also Cal. Civ. Code § 3426.1 (definition of misappropriation).

     1.    *Ownership of a Trade Secret*

Apple contends that Plaintiffs do not describe their trade secrets relating to strategies for interacting with hospitals in a way that allows for them to be distinguished from information generally known in the trade. Mot. at 3-9. As stated earlier, "[t]o adequately allege the existence of a trade secret, the plaintiff must describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure, 2019 WL 4137618, at *3 (internal citation and quotation marks omitted).

The Court has dismissed a previous iteration of Plaintiffs' trade secret at paragraph 44.2 because ████████████████████████████████████████████████████████ Third Order at 9. Plaintiffs now stress that their trade secret is ████████████████████████████████████████ not just the fact that independent research is seen as more reliable than industry-funded research. Opp'n at 4. They further emphasize that the fact that Masimo employs this means of persuasion is itself secret. Id. at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

But these are distinctions without a difference. There is nothing secret about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ – any person could generate that method of argumentation from the generally known fact that independent research is seen as more reliable. Nor does this method of persuasion become capable of protection when it is reframed as a technique specifically employed by Masimo. If the Court were to accept Plaintiffs' argument, then the Acrisure test would become hollow. Under Plaintiffs' logic, any technique employed by a company – no matter how commonly known – could be framed as a trade secret so long as it was asserted to provide some strategic advantage by virtue of that company's use of the technique being secret. As such, the Court must **DISMISS** Trade Secret 44.2.

The following trade secrets relating to interacting with hospitals fair no better. Trade Secret 44.3 attempts to build on Trade Secret 44.2 by adding in a strategy of persuading hospitals to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ FAC ¶ 44.3. The Court agrees with the Apple that this allegation is insufficiently vague. See MTD at 7-8. While Apple dismisses this attack as an "improper attack on the merits" and an "unsupported attorney argument," Opp'n at 8, the fundamental problem is this allegation fails to identify ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ leaving Apple without notice about the boundaries within which the secret lies. See Acrisure, 2019 WL 4137618, at *3. To the extent that Plaintiffs claim that the trade secret extends to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ the Court fails to see how this technique is separated from general knowledge. As Apple points out, this trade secret amounts to encouraging clinicians to correct mistakes, which is common sense. The Court **DISMISSES** Trade Secret 44.3.

The Court also agrees with Apple that Trade Secret 44.4 amounts to a description of the process of selling any tool to monitor patient data in a healthcare setting. See MTD at 8-9. The Court interprets Trade Secret 44.4 as a strategy of persuading hospitals to use Plaintiffs' products, selling the hospitals Plaintiffs' products, and persuading hospitals that Plaintiffs' products will not negatively impact workflow. See FAC ¶ 44.4. Plaintiffs fail to explain how this strategy is distinguished from any generalized marketing plan. Although the Court agrees with Plaintiffs that marketing techniques can be protected as trade secrets, accord Opp'n at 9, this does not mean that all marketing techniques,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

however general, can constitute trade secrets. While Plaintiffs cite cases that they argue upheld less detailed trade secret descriptions, see id., those cases either did not directly address the sufficiency of the trade secret allegations, see New Show Studios LLC v. Needle, 2014 WL 2988271 (C.D. Cal. June 30, 2014); Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc., 2011 WL 1044899 (N.D. Cal. Mar. 23, 2011), or involved more detailed information that would be uniquely held by the plaintiff, see TMX Funding, Inc. v. Impero Technologies, Inc., 2010 WL 2509979, at *3 (N.D. Cal. June 17, 2010) (marketing plans included prospective customers). Trade Secret 44.4 neither is sufficiently distinguished from any general marketing plan nor includes information uniquely held by Plaintiffs. The Court **DISMISSES** Trade Secret 44.4.

But the Court agrees with Plaintiffs that Trade Secret 44.5 is sufficient to avoid dismissal. That trade secret builds on Trade Secret 44.4 by including use of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ FAC ¶ 44.5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Apple contends that ▮▮▮▮▮▮▮▮▮ is "indistinguishable from matters of general knowledge within the . . . industry." MTD at 9 (quoting CleanFish, LLC v. Sims, 2020 WL 1274991, at *9 (N.D. Cal. Mar. 17, 2020)). But Apple provides no support or analysis for this claim. Although Apple provides ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Contrary to Trade Secrets 44.2 and 44.4, which are facially indistinguishable from information generally known to the public, Trade Secret 44.5 is not facially indistinguishable. The Court therefore cannot credit Apple's mere assertion that such a system is the same as matters known to those skilled in the trade. The Court denies the motion with respect to Trade Secret 44.5.[1]

---

[1] Although Apple asserts that Trade Secret 44.5 is "identical to the corresponding allegation dismissed from the TAC," Reply at 8, Trade Secret 44.5 incorporates Trade Secret 44.4, which itself is new.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

### 2. Remaining Elements of Misappropriation

Apple next makes a series of arguments for why Plaintiffs have failed to allege the elements of a trade secret misappropriation claim. The Court addresses them in turn.

#### a. Use

"[T]here is no requirement that" a plaintiff "plead exactly how [d]efendants improperly obtained or used the alleged trade secret." Metricolor LLC v. L'Oreal S.A., 2020 WL 3802942, at *11 n.7 (C.D. Cal. July 7, 2020) (citing Autodesk, Inc. v. ZWCAD Software, Inc., 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015)). "That is because, at the pleading stage, 'discovery has not yet commenced,' and 'it would be unreasonable to require a plaintiff to demonstrate the precise ways in which [d]efendants have used their trade secrets, given that [d]efendants are the only ones who possess such information.'" Id. (citing Autodesk, 2015 WL 2265479, at *6). Rather, Plaintiffs merely must plausibly allege that Apple misappropriated Plaintiffs' trade secrets. Iqbal, 556 U.S. 662, 678. In doing so, the Court must consider "the entire sequence of events in the complaint . . . in context." Soo Park v. Thompson, 851 F.3d 910, 928 n.22 (9th Cir. 2017).

The Court disagrees with Apple's argument that Plaintiffs have failed to plausibly allege misappropriation of ███████████████████. Although Plaintiffs can only state that they "believe that the Series 6 Watch uses ███████████████████████," FAC ¶ 255, they also include other factual allegations that collectively amount to a plausible allegation that Apple misappropriated Plaintiffs' trade secret. Namely, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Id. While Apple attempts to distance itself from these actions by ascribing them to Lamego and O'Reilly and not Apple, see MTD at 10, such a distinction is disingenuous since "a corporation always acts through individuals." Pyro-Comm Systems Inc. v. West Coast Fire and Integration Inc., 2015 WL 12765143, at *5 (C.D. Cal. Apr. 2, 2015) (emphasis omitted). Collectively, these allegations make it plausible that Apple misappropriated ███████████████████, which is sufficient to survive dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

The Parties next dispute whether Plaintiffs have sufficiently alleged Apple misappropriated Trade Secret 44.1, relating to Plaintiffs' "past and planned interactions with hospitals and individual hospital employees, representatives, and key decision makers." MTD at 12-14; Opp'n at 13-15. The Court acknowledges that it did not directly address this argument in its previous order. See Third Order at 13 (referring only to "Plaintiffs' business and marketing plans and strategies trade secrets" though citing the relevant portion of Apple's previous motion to dismiss). The Court agrees with Apple that there are not sufficient allegations for misappropriation of Trade Secret 44.1. Apple's core contention is that any specific hospital that Plaintiffs have alleged Apple formed a partnership with based on Plaintiffs' trade secrets already had a public relationship with Masimo. See MTD at 13-14; Exhibits 8, 9, and 10. Plaintiffs distinguish Trade Secret 44.1 from the trade secret alleged in the case Apple cites, Veronica Foods Co. v. Ecklin, 2017 WL 2806706, at *14 (N.D. Cal. June 29, 2017), see Opp'n at 14-15. But this does not address the main failing of the FAC, which is its failure to allege how Apple misappropriated the particular compilation of information that it alleges to be a trade secret. All Plaintiffs allege is that Apple developed relationships with three hospitals with whom Masimo already had a public relationship. As such, the Court **DISMISSES** Trade Secret 44.1.

b.   *Acquisition*

Apple argues that the Court must dismiss Plaintiffs' theory of induced misappropriation because Plaintiffs have failed to add new factual allegations sufficient to state a claim. MTD at 14-16. The Court disagrees. The analysis of this theory must focus on allegations about how Apple interacted with Lamego and O'Reilly and whether those interactions amounted to inducement. The FAC's core allegations are "Apple hired Lamego to lead Apple's biosensor development work," "Apple had Lamego work on the Apple Watch project and tasked him with producing key intellectual property related to bio-sensing, defining required resources for current and future bio-sensing functionalities, proposing and reviewing hardware and algorithm architectures, and advising Apple's team regarding bio-sensing functionalities," and "Apple provided substantial financial incentives, which had the effect of enticing O'Reilly, Lamego, and others to use and/or disclose Plaintiffs' Confidential Information to help Apple in its strategic objective in healthcare." FAC ¶¶ 231, 232. Plaintiffs also point to other allegations, see Opp'n at 15-16, that relate to Apple's systematic recruitment of Plaintiffs' employees. Although Apple argues that Plaintiffs' allegations are merely consistent with a practice of providing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

financial incentives to hire executives in a competitive employment market, MTD at 15, it is unclear to the Court "what more Plaintiff could allege to show [inducement] without the use of at least some discovery" as any direct facts about inducement are not presumptively available to Plaintiffs. Calendar Research LLC v. StubHub, Inc., 2017 WL 10378336, at *4 (C.D. Cal. Aug. 16, 2017) (citing Brocade Communications Systems, Inc. v. Networks, Inc., 2011 WL 1044899, at *6 (N.D. Cal. Mar. 23, 2011)).[2] The Court denies the motion with respect to Plaintiffs' inducement theory.

        c.      *Respondeat Superior*

Finally, the Court finds Plaintiffs have stated a theory of misappropriation based on respondeat superior as to all relevant trade secrets. "[A]n employer may be vicariously liable for an employee's tort so long as it was committed within the scope of the employment." Brain Injury Association of California v. Yari, 2020 WL 3643482, at *6 (C.D. Cal. Apr. 30, 2020). The Parties divide their arguments about the respondeat superior claim by category of trade secrets, so the Court similarly structures its analysis.

First, Plaintiffs have sufficiently alleged that Lamego misappropriated the ███████████████████████████████. Notably, Plaintiffs allege that Lamego "███████████████████████████████████████████████████████████████████████████████." FAC ¶¶ 235-36. While Apple dismisses these allegations as "intrinsically no different than alleging Lamego used ███████████████████████████████, which this Court has already rejected as conclusory," MTD at 18, such an argument is inherently contradictory. It is the detail that Plaintiffs have added that makes the allegations no longer conclusory; the word "intrinsically" skips over the detail that makes the difference.

---

    [2] While Apple cites to Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014), it selectively quotes from that case. See MTD at 15. The Eclectic Court wrote, in full, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." Id. (emphasis added) (quoting In re Century Aluminum Co. Securities Litigation, 729 F.3d 1104 (9th Cir.2013)). Since it can be true both that Apple was using financial incentives to hire executives and that it hoped the size of these financial incentives would induce Lamego and O'Reilly to breach their confidentiality agreements, the rule from Eclectic is not a sufficient reason for dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Second, Plaintiffs have sufficiently alleged that Lamego misappropriated the ▮▮▮▮▮. Plaintiffs now allege that ▮▮▮▮▮ FAC ¶ 241. These new allegations are sufficient because they relate to ▮▮▮▮▮ which the Court had found lacking in its previous order. See Third Order at 14-15 (dismissing vicarious liability claim for lack of allegations that Lamego or O'Reilly misappropriated trade secrets).

Third, the Court agrees with Apple that Plaintiffs have not sufficiently alleged that O'Reilly misappropriated the business-, marketing-, and hospital-related trade secrets and therefore cannot state a claim for vicarious liability with respect to these categories of trade secrets. There is only one sentence that Plaintiffs have included in their TAC alleging how O'Reilly has misappropriated Plaintiffs' trade secrets related to business and marketing plans and strategies for engaging with hospitals. Namely, "O'Reilly used and/or disclosed Plaintiffs' business and marketing plans and strategies while at Apple and conveyed those techniques to others at Apple who further used them." TAC ¶ 247. This allegation is conclusory for it is a restatement of the general allegation the O'Reilly misappropriated Plaintiffs' business and marketing plans and strategies. Such a conclusory allegation is insufficient to state a claim. See Iqbal, 556 U.S. at 678.

Finally, Plaintiffs have sufficiently alleged that Lamego misappropriated the ▮▮▮▮▮. Plaintiffs now allege that ▮▮▮▮▮ TAC ¶ 256. Apple's response regarding these allegations are merely a restatement of Apple's previous criticisms of the adequacy of ▮▮▮▮▮ more broadly, MTD at 20-21, which the Court has already rejected. See supra Section III.B.2.a. Plaintiffs' new allegations provide a sufficient basis for alleging vicarious liability.

The Court therefore **DISMISSES** Plaintiffs' vicarious liability claim with respect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | April 21, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

to the business-, marketing-, and hospital-related trade secrets but denies the motion with respect to the other categories of trade secrets.

        C.    *Leave to Amend*

      Plaintiffs seek leave to amend the allegations of their complaint. Opp'n at 25. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

      In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

      Here, the Court believes that amendment would be futile. The complaint has already been amended four times. The vast majority of Plaintiffs' claims have survived dismissal. Those that have not survived dismissal relate to trade secrets that are legally incapable of constituting trade secrets. Further amendment would not change the outcome. The one arguable exception is Trade Secret 44.1. But the Court finds that allowing Plaintiffs leave to amend their complaint a fifth time would prejudice Apple. Therefore, the Court **DENIES** Plaintiffs leave to amend.

**IV. CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                                    Date   April 21, 2021

Title   Masimo Corporation et al. v. Apple Inc.

      For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion. Having considered Plaintiffs' request for oral argument, the Court concludes that Plaintiffs' concerns are adequately addressed by removing the analysis that Plaintiffs contest, which the Court has done. ROA at 1. The Court's conclusions from the tentative order still hold despite that analysis. The Court therefore **DENIES** the request. The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

      **IT IS SO ORDERED.**

:   0

Initials of Preparer   lmb