Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' FIRST MOTION TO COMPEL (DKT. 351)**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date: May 13, 2021<br>Time: 10:00 a.m.<br>Ctrm: 6A<br><br>Discovery Cut-Off: 7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

Plaintiffs provide this supplement in support of their first Motion to Compel (Dkt. 351). Plaintiffs made more than the required "minimal showing of relevance." *DeSilva v. Allergan USA, Inc.*, 2020 WL 5947827, at *3 (C.D. Cal. Sept. 1, 2020). Thus, Apple has "the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id.* Because Apple provided **no** evidentiary support, the Court need not consider Apple's breadth or burden arguments. *See O. L. v. City of El Monte*, 2021 WL 926105, at *22 (C.D. Cal. Jan. 11, 2021). Apple also faults Plaintiffs for serving the joint stipulation "before Apple had an opportunity to finalize its position" (J.S. at 34 n.5), but the parties met many times and exchanged more than a dozen letters over **six months**. Exs. 9-25. With the close of discovery in just two months, Plaintiffs could not keep waiting for Apple to "finalize its position."

A. **Apple's Section 2019.210 Limitation Lacks Merit**

Apple asserts that Plaintiffs contend they are entitled to discovery "untethered" to their Section 2019.210 disclosure. J.S. at 30; *see also id.* at 31 (arguing Plaintiffs assert *Perlan* permits "unrelated" discovery). That has never been Plaintiffs' position. Plaintiffs request the Court reject Apple's attempt to impose a unilateral relevance filter to withhold discovery that is responsive to Plaintiffs' proper discovery requests.

A Section 2019.210 disclosure may provide a basis for objecting to the scope of a **request**, but not for withholding responsive documents. Apple's own cited authorities explain that Section 2019.210 "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's **discovery requests** fall within that scope." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999); *see also BioD, LLC v. Amnio Tech., LLC*, 2014 WL 3864658, at *5 (D. Ariz. Aug. 6, 2014) (Section 2019.210 helps evaluate the "relevancy of plaintiffs' discovery requests"). As in any other case, however, a party may not withhold responsive documents by unilaterally claiming they are not "relevant." *See Bryant v. Mattel, Inc.*, 2007 WL 5430893, at *5 (C.D. Cal. May 18, 2007) (rejecting a party's "unilateral determination of what is 'relevant' or 'sufficient'"); *Kelley v. Billings Clinic*, 2013 WL

-1-

1414442, at *8 (D. Mont. Apr. 8, 2013) ("[I]t is not for a party to determine, by a unilateral review of documentation, whether information is relevant to the case.").

Apple cites one case deciding a discovery motion, but that case ***rejected*** a similar attempt to limit discovery based on a trade secret disclosure. *See Advante Int'l Corp v. Mintel Learning Tech.*, 2006 WL 3371576, at *3 n.4 (N.D. Cal. Nov. 21, 2006). There, the defendant attempted to limit discovery to "source code" and "algorithms" because the trade secret designation was limited to "source code" and "algorithms." *Id.* at *2-3. The court rejected that argument as "an overly restrictive view of the function of the trade secret designation." *Id.* The court explained that "[e]ven though the designation 'functions like' a pleading, the touchstone remains relevance as defined in Rule 26 of the Federal Rules of Civil Procedure." *Id.* at *3. Thus, the court ordered discovery broader than the "source code" and "algorithms" in the trade secret disclosure. *Id.*

### B. <u>Apple's Development of Prior Versions Of The Watch Are Relevant</u>

Apple's attempt to exclude discovery on the Series 1-3 Watch also lacks merit. Apple argues Lamego's efforts to develop the Series 1 are not relevant because the definition of "Apple Watch Products" is limited to commercial products. J.S. at 44-45. Apple never made this objection or raised this issue during the meet and confer. Apple's argument also makes no sense because the Series 1 ***is*** one of the "Apple Watch Products." Ex. 3 at 36. The RFPs request documents that "refer or relate" to such products, which includes documents regarding Lamego's use of trade secrets in developing the Series 1. The Court should reject Apple's unsupported argument. *See PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1383 (2000) ("use" includes "research or development"); *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. Apr. 23, 2012) (defendant can be liable if a secret is "built upon or modified").[1]

---

[1] Apple fails to distinguish *PMC* and *SkinMedica*. *See* J.S. at 41. Apple acknowledges *PMC* held that "research or development" is actionable, which refutes Apple's argument that only commercial products are relevant. Apple acknowledges *SkinMedica* held a defendant need not use "every element" of a secret, which refutes Apple's argument that it can limit discovery to certain elements or "functionality."

Apple agrees comparisons to earlier versions of the watch are relevant, but argues source code is sufficient to make such comparisons. Apple cannot limit its production to information that Apple deems sufficient to establish its position. *Bryant*, 2007 WL 5430893, at *5 (rejecting a party's "unilateral determination" of what is "sufficient").

### C. Pulse Rate And Oxygen Saturation Are Relevant

Apple acknowledges pulse rate and oxygen saturation are relevant, but argues it should not have to produce documents unless Apple determines the documents show use of a particular secret. J.S. at 37. But Apple cannot withhold responsive documents merely because **Apple** asserts the documents are not relevant to misappropriation. *See Bryant*, 2007 WL 5430893, at *5; *Kelley*, 2013 WL 1414442, at *8.

Apple also relies on new objections. First, Apple relies on the word "the" to argue one trade secret is limited to a single algorithm. J.S. at 38, 42. Even if that were true, Apple can still use the trade secret by building upon or modifying it. *See SkinMedica*, 869 F. Supp. 2d at 1197. Second, Apple argues RFP 66 goes "beyond" heart rate by seeking information about "any component" of the watch. J.S. at 38. But RFP 66 is limited to components that "relate to pulse rate" issues. *Id.* at 11. Third, Apple argues RFPs about testing and performance are not relevant. *Id.* at 43. Such information is relevant to damages and Apple's desire for Plaintiffs' technology. Fourth, Apple argues some RFPs are relevant "solely" to the patent case. *Id.* at 38, 42. Apple's objections conceded the opposite. *Id.* at 8-18. Fifth, Apple again argues it need not produce documents because it produced source code. J.S. at 39-40. Apple cannot decide what is "sufficient." *See Bryant*, 2007 WL 5430893, at *5.

Apple also cites *Uniloc USA, Inc. v. Apple Inc.*, 2018 WL 2002979, at *1 (N.D. Cal. Apr. 30, 2018), but *Uniloc* requested "the entire source code" for many products. Plaintiffs seek more targeted discovery directed at physiological monitoring features.

### D. Apple's Other Arguments On The RFPs Lack Merit

Apple argues there is no dispute on RFPs 148-149 and 186 because it "agreed to produce" all responsive documents. J.S. at 28-29. But Apple admits it narrowed RFPs

-3-

148-149 to exclude R&D and narrowed RFP 186 to the Series 3 and later. *Id.* Because Apple presented no objections to the requests, the Court should grant the Motion.

Apple argues the term "physiological monitoring" in RFPs 71-77 and 83-86 is too broad because the Apple Watch includes other monitoring features, like ECG. J.S. at 60-62. Those other monitoring features are relevant to Plaintiffs' business trade secrets, which are not limited to the technical trade secrets. Ex. 28 at 8-10. Such features are also relevant to damages. *See Virnetx, inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014) ("we have never required identity of circumstances" to rely on information about comparable technology); *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 2017 WL 1215838, at *8 (S.D. Cal. Apr. 3, 2017), *aff'd*, 730 F. App'x 938 (Fed. Cir. 2018) (admitting testimony on technology differences between prior licenses).

Apple raises two "hypotheticals" to purportedly "illustrate" the breadth of RFPs 97 and 100, but does not show it conducted such comparisons or that the comparisons it conducted are so numerous to be burdensome. Apple has an "obligation to construe . . . discovery requests in a 'reasonable manner.'" *See O. L.*, 2021 WL 926105, at *22.

Apple argues RFPs 128, 129, 184, and 196 are overbroad because they are not limited to the claims in the disputed patents. J.S. at 73-74. Apple argues the distinction between interrogatories and documents is "a distinction without a difference," but cites nothing to support that assertion. Searching for documents is different than providing a narrative response. Apple also argues the requests are overbroad because the patents contain catchall language that includes gaming and music devices. *Id.* at 74. Again, Apple must construe the requests reasonably. *See O. L.*, 2021 WL 926105, at *22.

Apple argues RFPs 242 and 243 are too broad because Judge Selna found Plaintiffs had not shown Apple was likely to publish additional trade secrets in any particular patent. J.S. at 80. Identifying supporting evidence is a primary purpose of discovery. Plaintiffs properly seek discovery to establish that Apple misappropriated trade secrets by including them in patents. Ex. 26 ¶¶ 231-233, 235-236, 243-244. Apple should not be permitted to conceal its misappropriation until it is too late to stop it.

Apple newly argues the RFPs are not limited to the former employees. J.S. at 80. In response, Plaintiffs agreed to limit the RFPs to applications listing former employees as inventors or otherwise containing information from former employees. Ex. 37. Last night, Apple declined that proposal and raised yet another new objection: the inevitable disclosure doctrine. *Id.* The Court should not consider such new objections, especially because Judge Selna found Plaintiffs are ***not*** relying on that doctrine. Dkt. 264 at 12.

### E. Apple's Arguments On Interrogatories 7-9 Lack Merit

For Interrogatories 7-8, Apple acknowledges it has not provided ***any*** response for the Series 1-2, Series 6, or Series SE watches. J.S. at 90. Apple argues it should not have to answer because Apple asserts its source code is sufficient. That is not correct. *See Bryant*, 2007 WL 5430893, at *5. Apple must provide a response on those versions.

As for the Series 3-5, Apple argues it "never asserted" its websites alone describe the "complete development" of the physiological monitoring features. J.S. at 91. But Apple's response states: "For a detailed description of the ***complete development*** of ***physiological monitoring*** capabilities used in the Apple Watch Products, Apple directs Plaintiffs to [three websites]." *Id.* at 96. Apple defends its reliance on Rule 33(d) by arguing it selected a "subset" of documents. But Apple acknowledges it cited ***every*** document it had produced as of the date of its response. *Id.* at 92. Apple argues it has now produced more documents without supplementing to identify any of those documents. *Id.* That confirms Apple did not identify specific relevant documents. Indeed, Apple does not attach the documents or show they provide the requested information. Apple also claims Plaintiffs "declined" to identify "specific questions," but the interrogatories identify the "specific" information at issue. *See id.* at 82-84.

Finally, Apple argues interrogatories 7-9 are broader than the Section 2019.210 disclosure because only some aspects of Apple's pulse rate algorithm are relevant. J.S. at 95, 98. As discussed, Apple cannot unilaterally limit discovery to information that ***Apple*** believes is relevant. *See* Section A, *supra*. Interrogatories 7-9 seek highly relevant information and Apple provided virtually nothing in response.

-5-

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: April 29, 2021 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Attorneys for Plaintiffs MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

34769749