# EXHIBIT 44

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

April 29, 2021

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
Suite 100
San Diego, CA 92130

Re:  *Masimo Corp. et al. v. Apple Inc.* (C.A. No. 8:20-cv-48-JVS-JDE)

Dear Adam:

We write in response to your April 21 letter and to summarize the outstanding issues regarding ESI discovery that remain following the Court's April 26 order granting in part Apple's Motion to Compel Plaintiffs to Immediately Proceed with ESI Discovery (ECF 355).

**Plaintiffs' Requested ESI Custodians**

Plaintiffs continue to misapply the law when attempting to shift the burden of demonstrating relevance in discovery onto Apple. Contrary to Plaintiffs' contentions, neither the ESI Agreement, the Federal Rules, nor applicable jurisprudence suggest that Apple has an affirmative obligation to *disprove* the relevance of the laundry list of proposed custodians Plaintiffs have requested. On the contrary, "the burden of demonstrating relevance rests with the party seeking discovery." *Martinez v. Walt Disney Co.*, 2012 WL 12913739, at *1 (C.D. Cal. Aug. 8, 2012). Plaintiffs have not met this burden with respect to its lengthy list of requested custodians.

In accordance with the Court's order, Apple will collect, search, and produce data for "up to 39 custodians" (ECF 355). The requested custodians, however, must still be likely to possess ESI relevant to this case; the Court's Order does not give either party the right to request custodians without demonstrating their relevance, in accordance with the applicable law, as discussed above. Thus, to the extent there are additional Apple custodians Plaintiffs intend to identify, please also identify Plaintiffs' basis for contending each custodian possesses relevant ESI, as Apple has been requesting for months.

Additionally, Apple maintains its position that Tim Cook is not an appropriate ESI custodian, and the cases Plaintiffs cite do not suggest otherwise. In *Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016), Dyson agreed that at least some documents from its founder, James Dyson, were relevant because he was "one of the named inventors on the patents that form the basis for this suit." *Id.* Because Plaintiffs had already

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

-18-
Exhibit 44

GIBSON DUNN

Adam Powell
April 29, 2021
Page 2

collected Mr. Dyson's documents in order to produce materials related to inventorship, the Court found it would not be "unduly burdensome" to require him to produce emails. *Id.* at *2. But the same "logical underpinnings of the apex doctrine" establish that it would *not* be appropriate to run Tim Cook "through the wringer of civil discovery" because he does "not have personal knowledge of the relevant facts" and Apple has not collected his documents for this litigation. *Id.* at *1 (noting that the apex doctrine "bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information.")(quoting 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure*, § 2036 n.7 (3d ed. 2010). Particularly with respect to a senior executive like Cook, an allegation that Cook interviewed O'Reilly and made general statements about Apple's commitment to healthcare "does not make him a repository for relevant and responsive information." *Krueger v. Ameriprise Fin., Inc.*, 2013 Wl 12139425, at *9 (D. Minn. Aug. 15, 2013) (denying adding CEO as a custodian because his attendance at a meeting and webcast regarding the topics at issue in the lawsuit did not "make him a source for information" regarding either party's claims or defenses.).

Plaintiffs have still not cooperated with Apple's request that Plaintiffs provide the "legal basis for seeking documents from a top executive who was not involved in the issues in the case." Apple reiterates that request.

**Former Employees of Plaintiffs Later Employed by Apple**

Apple has given more information than required regarding the roles of individuals who previously worked for Plaintiffs. This public information was accessible to either party, and Apple compiled it as a courtesy in an effort to move past this dispute. Apple is aware of its obligations under the ESI Agreement and Federal Rules and is complying with those obligations. Apple disagrees that it has an "obligation" to detail for Plaintiffs the job duties of all former Masimo employees who subsequently worked for Apple, or that doing so would be "reasonable." On the contrary, it is Plaintiffs who have a burden to limit their discovery requests to topics they have reason to believe, "after a reasonable inquiry," are "consistent with [Rule 26]" and "neither unreasonable nor unduly burdensome." Fed. R. Civ. P. 26(g). Plaintiffs now acknowledge that, based on publicly available information, individuals like Linus Conrad, Megan Eilers, and Shruti Koneru are clearly irrelevant to this lawsuit; however, the fact that Plaintiffs ever proposed seeking discovery from them shows a clear lack of a "reasonable inquiry."

Apple also disagrees with the notion that employees can be appropriate custodians simply because they worked in "health technologies" or as a "biomedical scientist" or on "clinical trials relating to the Apple Watch." Plaintiffs disregard the basic principle that "discovery requests are not relevant simply because there is a possibility that the information may be

GIBSON DUNN

Adam Powell
April 29, 2021
Page 3

relevant to the **general subject matter** of the action." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, No. CV 10-1609, 2016 WL 5025751, at *1 (W.D. Pa. Sept. 20, 2016), on reconsideration, 2017 WL 432947 (W.D. Pa. Feb. 1, 2017) (emphasis added)*; see also Martinez*, 2012 WL 12913739, at *1 ("Without prior court permission on a showing of good cause, a party is not entitled to 'relevant to subject matter' discovery."). Instead, Rule 26 requires parties seeking discovery to limit requests to those that are demonstrably "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). As applied to this case, the fact that an individual may have information generally relevant to the Apple Watch (the subject matter in this case) does not mean they have information relevant to whether or not Apple misappropriated Plaintiffs' trade secrets (the specific claims and defenses at issue). Although Bruinsma, Golfetto, Haridas, and Lee held jobs that may (or may not) have made them familiar with certain aspects of the general subject matter of this litigation, Plaintiffs do not allege that any of these individuals—or any of the other individuals named on pages 2-3 of Plaintiffs' April 7 letter—ever misappropriated Plaintiffs' trade secrets or even had access to or knowledge of Plaintiffs' trade secrets. It follows logically that if these individuals had no exposure to Plaintiffs' trade secrets during their employment with Masimo, they could not conceivably have revealed those trade secrets to Apple. Thus, Apple disagrees with Plaintiff's contention that "[t]he time when Mr. Lee worked for Masimo does not show that his role at Apple is irrelevant." If Plaintiffs have a basis for believing that any of their former employees have information relevant to any party's claims or defenses, Plaintiffs should articulate that basis and may include the names of those individuals on their proposed list of up to 39 relevant custodians.

## Search Terms

As discussed during the parties' April 27 meet and confer teleconference, Apple will continue to work collaboratively with Plaintiffs to refine search terms and narrow hits. Consistent with the Court's April 26 order, Apple will not "provide hit counts for *all* of Plaintiffs' proposed custodians," but Apple will provide hit counts for up to 39 *relevant* custodians.

## Data for Former Employees of Apple and Masimo

Apple has already provided extensive information regarding its data retention policy and practices. Apple will not provide additional free discovery into Apple's internal systems, especially where, as here, Plaintiffs have not articulated the relevance of this inquiry. Despite Apple's repeated requests for an explanation and supporting authority for why the answers to Plaintiffs' questions are relevant to the assessment of Apple's legal obligations, Plaintiffs have offered none.

Plaintiffs try to disguise their demand for free discovery into Apple's proprietary backend data storage and retention systems as an attempt to "work cooperatively to recover any missing files." While Apple generally appreciates offers to work cooperatively, it remains unclear

# GIBSON DUNN

Adam Powell
April 29, 2021
Page 4

specifically what Plaintiffs intend to do with the information they seek or how it would inform whether or not "the parties may have a dispute that requires the court's assistance." To the extent Plaintiffs have questions about Apple's document retention policies, they should serve formal discovery, such as 30(b)(6) topics, as noted in my email dated April 28, 2021 regarding Plaintiffs' notices of depositions.

As we have told you several times, Apple's investigation is ongoing. Indeed, as you know, Apple recently located certain documents of Mr. Lamego's, and has already agreed to add Mr. Lamego as an ESI custodian and has indicated that it will produce all relevant, non-privileged documents from Mr. Lamego. If Apple finds additional relevant information through its ongoing investigation, Apple will make that available to Plaintiffs.

Apple reserves all rights and waives none.

Sincerely,


Brian K. Andrea