JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT** <br><br> DEMAND FOR JURY TRIAL <br><br> Hon. James V. Selna |

**REDACTED VERSION OF DOCUMENT**
**PROPOSED TO BE FILED UNDER SEAL**

## ANSWER

Defendant Apple Inc. ("Apple"), by its undersigned counsel, hereby responds to each of the numbered paragraphs in the Fourth Amended Complaint ("4AC") filed against it by Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted in this Answer, Apple denies each and every allegation contained in the 4AC, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the 4AC, and specifically denies any liability to Plaintiffs.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the 4AC to which no responsive pleading is required shall be deemed to be denied.  Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.[1]

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Apple states as follows in response to the specific allegations in the 4AC:

1. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the 4AC, and therefore Apple denies them.

2. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the 4AC, and therefore Apple denies them.

3. Apple admits the allegations in paragraph 3 of the 4AC.

4. Apple admits that the 4AC purports to set forth claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, more particularly, 35 U.S.C. §§ 271 and 281.  Apple denies having committed any act of infringement alleged in the 4AC.  Apple admits that the 4AC purports to set forth

---

[1] Answers to each paragraph of the 4AC are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the 4AC or any subsequent amended complaint.

claims for correction of inventorship of certain United States patents arising under the patent laws of the United States, more particularly 35 U.S.C. § 256. Apple denies that any list of inventors on any of its patents or patent applications that are identified in the 4AC is incorrect or incomplete, and further denies that any correction of inventorship is required. Apple admits that the 4AC purports to set forth a claim for trade secret misappropriation. Apple denies having committed any act of trade secret misappropriation alleged in the 4AC. Apple admits that the 4AC purports to set forth a declaratory action for ownership of certain patents and patent applications. Apple denies that anyone other than Apple displays the title to ownership of its patents and patent applications identified in the 4AC.

5.    Apple admits that this Court has subject matter jurisdiction over claims 1–12 and 14–18 asserted in the 4AC pursuant to 28 U.S.C. §§ 1331 and 1338(a). With respect to the remaining allegations and characterizations in paragraph 5 of the 4AC, Apple lacks knowledge or information sufficient to form a belief about the truth of such allegations and the associated legal conclusion, and therefore Apple denies them.

6.    Apple admits that its principal place of business is in California and that it is subject to personal jurisdiction in California. Apple denies having committed any act complained of in the 4AC, and therefore denies the remaining allegations and characterizations in paragraph 6 of the 4AC.

7.    Apple admits that it has a regular place of business in the County of Orange within the Central District of California. Apple denies that the inventive contributions to its patents and/or patent applications identified in the 4AC took place in the Central District of California. Apple denies having committed any act complained of in the 4AC, and therefore denies the remaining allegations and characterizations in paragraph 7 of the 4AC.

8.    Apple admits that the 4AC purports to set forth claims against Apple for trade secret misappropriation, patent infringement, correction of inventorship, and a declaration of ownership. Apple denies having committed any act complained of in the

Gibson, Dunn & Crutcher LLP

4AC, and therefore denies the remaining allegations and characterizations in paragraph 8 of the 4AC.

9.     To the extent paragraph 9 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 9 of the 4AC, and therefore Apple denies them.

10.     To the extent paragraph 10 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 10 of the 4AC, and therefore Apple denies them.

11.     To the extent paragraph 11 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 11 of the 4AC, and therefore Apple denies them.

12.     To the extent paragraph 12 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 12 of the 4AC, and therefore Apple denies them.

13.     To the extent paragraph 13 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 13 of the 4AC, and therefore Apple denies them.

14.     To the extent paragraph 14 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 14 of the 4AC, and therefore Apple denies them.

15.     To the extent paragraph 15 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge

or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 15 of the 4AC, and therefore Apple denies them.

16.    To the extent paragraph 16 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 16 of the 4AC, and therefore Apple denies them.

17.    To the extent paragraph 17 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 17 of the 4AC, and therefore Apple denies them.

18.    To the extent paragraph 18 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 18 of the 4AC, and therefore Apple denies them.

19.    To the extent paragraph 19 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that in 2013, representatives of Apple and Masimo held a meeting and that Apple and Masimo entered into a confidentiality agreement.  Apple denies the remaining allegations and characterizations in paragraph 19 of the 4AC.

20.    To the extent paragraph 20 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology.  Apple admits that O'Reilly has assisted with projects related to wellness and non-invasive measurement of physiological parameters.  Apple admits that O'Reilly met with the FDA on behalf of Apple in or around December 2013 regarding the FDA's regulation of consumer products.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 20 of the 4AC, and therefore Apple denies them.

21.     To the extent paragraph 21 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it hired Marcelo Lamego in 2014.   Apple denies that it "systematically recruited other key Masimo personnel, such as Marcelo Lamego."  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 21 of the 4AC, and therefore Apple denies them.

22.     To the extent paragraph 23 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 22 of the 4AC, and therefore Apple denies them.

23.     To the extent paragraph 23 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014, containing the language quoted in paragraph 23 of the 4AC.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 23 of the 4AC, and therefore Apple denies them.

24.     To the extent paragraph 24 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Marcelo Lamego, after joining Apple, contributed to and was listed as an inventor of certain patent applications assigned to Apple.   Apple denies the remaining allegations and characterizations in paragraph 24 of the 4AC.

25.     Apple admits that it announced the first version of the Apple Watch in September 2014, and began shipping its watch in April 2015.  Apple admits that the Apple Watch Series 3 was released on September 22, 2017.  Apple admits that the Apple Watch Series 4 was released on September 12, 2018.  Apple admits that the Apple Watch Series 5 was announced on September 10, 2019, and released on September 20, 2019. Apple admits that the Apple Watch Series 6 and Series SE were announced on

September 15, 2020, and released on September 18, 2020.  Apple denies the remaining allegations and characterizations in paragraph 25 of the 4AC.

26.     To the extent paragraph 26 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 26 of the 4AC, and therefore Apple denies them.

27.     Apple admits that the first page of U.S. Patent No. 10,258,265 displays the title as "Multi-stream data collection system for noninvasive measurement of blood constituents," lists Masimo as the assignee, and lists an issue date of April 16, 2019. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the 4AC, and therefore Apple denies them.

28.     Apple admits that the first page of U.S. Patent No. 10,292,628 displays the title as "Multi-stream data collection system for noninvasive measurement of blood constituents," lists Masimo as the assignee, and lists an issue date of May 21, 2019. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the 4AC, and therefore Apple denies them.

29.     Apple admits that the first page of U.S. Patent No. 10,588,553 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of March 17, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the 4AC, and therefore Apple denies them.

30.     Apple admits that the first page of U.S. Patent No. 10,588,554 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of March 17, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the 4AC, and therefore Apple denies them.

31.     Apple admits that the first page of U.S. Patent No. 10,624,564 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood

Constituents," lists Masimo as the assignee, and lists an issue date of April 21, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the 4AC, and therefore Apple denies them.

32.    Apple admits that the first page of U.S. Patent No. 10,631,765 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of April 28, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32 of the 4AC, and therefore Apple denies them.

33.    Apple admits that the first page of U.S. Patent No. 10,702,194 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of July 7, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the 4AC, and therefore Apple denies them.

34.    Apple admits that the first page of U.S. Patent No. 10,702,195 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of July 7, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34 of the 4AC, and therefore Apple denies them.

35.    Apple admits that the first page of U.S. Patent No. 10,709,366 displays the title as "Multi-Stream Data Collection System For Noninvasive Measurement of Blood Constituents," lists Masimo as the assignee, and lists an issue date of July 14, 2020. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of the 4AC, and therefore Apple denies them.

36.    Apple admits that the first page of U.S. Patent No. 6,771,994 displays the title as "Pulse oximeter probe-off detection system," lists Masimo as the assignee, and lists an issue date of August 3, 2004. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the 4AC, and therefore Apple denies them.

37.     Apple admits that the first page of U.S. Patent No. 8,457,703 displays the title as "Low power pulse oximeter," lists Masimo as the assignee, and lists an issue date of June 4, 2013.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 of the 4AC, and therefore Apple denies them.

38.     Apple admits that the first page of U.S. Patent No. 10,433,776 displays the title as "Low power pulse oximeter," lists Masimo as the assignee, and lists an issue date of October 8, 2019.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 of the 4AC, and therefore Apple denies them.

39.     To the extent paragraph 39 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 39 of the 4AC.

40.     To the extent paragraph 40 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 40 of the 4AC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

41.     To the extent paragraph 41 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 41 of the 4AC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

42.     To the extent paragraph 42 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 42 of the 4AC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

43.     To the extent paragraph 43 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 43 of the 4AC, and therefore Apple denies them.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

44.     In light of the Court's ruling on Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action for Trade Secret Misappropriation in the 4AC, no response to paragraphs 44.1–44.4 of the 4AC is required.  To the extent paragraphs 44.5–44.7 of the 4AC implicate legal conclusions, no response is required.  To the extent that a response to paragraphs 44.5–44.7 of the 4AC is required, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations and characterizations in paragraph 44.5–44.7 of the 4AC, and therefore Apple denies them. Apple specifically denies that it has committed any acts of trade secret misappropriation.

45.     To the extent paragraph 45 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 45 of the 4AC.  Apple specifically denies that it has committed any acts of trade secret misappropriation.

46.     This paragraph states a definition to be used in the 4AC to which no response is required.

47.     Apple admits that U.S. Provisional Patent Application No. 62/043,294 displays the title "Reflective Surface Treatments for Optical Sensors," lists Marcelo Lamego as an inventor, and was filed August 28, 2014.  Apple admits that U.S. Patent Application No. 14/740,196 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,078,052.  Apple admits that U.S. Patent Application No. 16/114,003 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,247,670.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 47 of the 4AC, and therefore Apple denies them.

48.     Apple admits that U.S. Provisional Patent Application No. 62/047,818 displays the title "Modulation and Demodulation Techniques for a Health Monitoring System," lists Marcelo Lamego as an inventor, and was filed September 9, 2014.  Apple admits that U.S. Patent Application No. 14/621,268 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,219,754.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 48 of the 4AC, and therefore Apple denies them.

49.     Apple admits that U.S. Provisional Patent Application No. 62/056,299 displays the title "Electronic Device that Computes Health Data," lists Marcelo Lamego as an inventor, and was filed September 26, 2014.  Apple admits that U.S. Patent Application No. 14/617,422 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 9,723,997.  Apple admits that U.S. Patent Application No. 15/667,832 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 10,524,671.  Apple admits that U.S. Patent Application No. 16/700,710 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 49 of the 4AC, and therefore Apple denies them.

50.     Apple admits that U.S. Provisional Patent Application No. 62/057,089 displays the title "Methods and Systems for Modulation and Demodulation of Optical Signals," lists Marcelo Lamego as an inventor, and was filed September 29, 2014.  Apple admits that U.S. Patent Application No. 14/618,664 lists Marcelo Lamego as an inventor and issued as U.S. Patent No. 9,952,095.  Apple admits that U.S. Patent Application No. 15/960,507 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and characterizations in paragraph 50 of the 4AC, and therefore Apple denies them.

51.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

52.     To the extent paragraph 52 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 52 of the 4AC, and specifically denies that it has committed any acts of infringement.

53.     To the extent paragraph 53 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 53 of the 4AC, and specifically denies that it has committed any acts of infringement.

54.     To the extent paragraph 54 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 54 of the 4AC, currently contains the image shown in paragraph 54 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 54 of the 4AC, and specifically denies that it has committed any acts of infringement.

55.     To the extent paragraph 55 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 55 of the 4AC, currently contains the image shown in paragraph 55 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 55 of the 4AC, and specifically denies that it has committed any acts of infringement.

56.     To the extent paragraph 56 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 56 of the 4AC, and specifically denies that it has committed any acts of infringement.

57.     To the extent paragraph 57 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 57 of the 4AC.   Apple denies the remaining allegations and characterizations in

Gibson, Dunn & Crutcher LLP

paragraph 57 of the 4AC, and specifically denies that it has committed any acts of infringement.

58.     To the extent paragraph 58 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,258,265 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 58 of the 4AC, and therefore Apple denies them.

59.     To the extent paragraph 59 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 59 of the 4AC, and specifically denies that it has committed any acts of infringement.

60.     To the extent paragraph 60 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 60 of the 4AC, and specifically denies that it has committed any acts of infringement.

61.     To the extent paragraph 61 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 61 of the 4AC, and specifically denies that it has committed any acts of infringement.

62.     To the extent paragraph 62 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 62 of the 4AC, and specifically denies that it has committed any acts of infringement.

63.     To the extent paragraph 63 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 63 of the 4AC, and specifically denies

Gibson, Dunn & Crutcher LLP

that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

64.     To the extent paragraph 64 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 64, and specifically denies that it has committed or is committing any acts of infringement.

65.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

66.     To the extent paragraph 66 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 66 of the 4AC, and specifically denies that it has committed any acts of infringement.

67.     To the extent paragraph 67 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 67 of the 4AC, and specifically denies that it has committed any acts of infringement.

68.     To the extent paragraph 68 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 68 of the 4AC, and specifically denies that it has committed any acts of infringement.

69.     To the extent paragraph 69 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 69 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 69 of the 4AC, and specifically denies that it has committed any acts of infringement.

70.     To the extent paragraph 70 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 70 of the 4AC, currently contains the image shown in paragraph 70 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 70 of the 4AC, and specifically denies that it has committed any acts of infringement.

71.     To the extent paragraph 71 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 71 of the 4AC.   Apple denies the remaining allegations and characterizations in paragraph 71 of the 4AC, and specifically denies that it has committed any acts of infringement.

72.     To the extent paragraph 72 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,292,628 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 72 of the 4AC, and therefore Apple denies them.

73.     To the extent paragraph 73 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 73 of the 4AC, and specifically denies that it has committed any acts of infringement.

74.     To the extent paragraph 74 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 74 of the 4AC, and specifically denies that it has committed any acts of infringement.

75.     To the extent paragraph 75 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 75 of the 4AC, and specifically denies that it has committed any acts of infringement.

76.     To the extent paragraph 76 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 76 of the 4AC, and specifically denies that it has committed any acts of infringement.

77.     To the extent paragraph 77 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 77 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

78.     To the extent paragraph 78 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 78, and specifically denies that it has committed or is committing any acts of infringement.

79.     Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

80.     To the extent paragraph 80 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 80 of the 4AC, and specifically denies that it has committed any acts of infringement.

81.     To the extent paragraph 81 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 81 of the 4AC, and specifically denies that it has committed any acts of infringement.

82.     To the extent paragraph 82 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

Gibson, Dunn & Crutcher LLP

page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 82 of the 4AC, currently contains the image shown in paragraph 82 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 82 of the 4AC, and specifically denies that it has committed any acts of infringement.

83.    To the extent paragraph 83 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 83 of the 4AC, currently contains the image shown in paragraph 83 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 83 of the 4AC, and specifically denies that it has committed any acts of infringement.

84.    To the extent paragraph 84 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 84 of the 4AC, and specifically denies that it has committed any acts of infringement.

85.    To the extent paragraph 85 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 85 of the 4AC.   Apple denies the remaining allegations and characterizations in paragraph 85 of the 4AC, and specifically denies that it has committed any acts of infringement.

86.    To the extent paragraph 86 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,588,553 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 86 of the 4AC, and therefore Apple denies them.

87.    To the extent paragraph 87 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

Gibson, Dunn &
Crutcher LLP

allegations and characterizations in paragraph 87 of the 4AC, and specifically denies that it has committed any acts of infringement.

88.    To the extent paragraph 88 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 88 of the 4AC, and specifically denies that it has committed any acts of infringement.

89.    To the extent paragraph 89 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 89 of the 4AC, and specifically denies that it has committed any acts of infringement.

90.    To the extent paragraph 90 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 90 of the 4AC, and specifically denies that it has committed any acts of infringement.

91.    To the extent paragraph 91 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 91 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

92.    To the extent paragraph 92 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 92, and specifically denies that it has committed or is committing any acts of infringement.

93.    Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

94.    To the extent paragraph 94 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

allegations and characterizations in paragraph 94, and specifically denies that it commits any acts of infringement.

95.     To the extent paragraph 95 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 95, and specifically denies that it commits any acts of infringement.

96.     To the extent paragraph 96 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 96 of the 4AC, currently contains the image shown in paragraph 96 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 96 of the 4AC, and specifically denies that it has committed any acts of infringement.

97.     To the extent paragraph 97 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 97 of the 4AC, currently contains the image shown in paragraph 97 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 97 of the 4AC, and specifically denies that it has committed any acts of infringement.

98.     To the extent paragraph 98 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 98 of the 4AC, and specifically denies that it has committed any acts of infringement.

99.     To the extent paragraph 99 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 99 of the 4AC.   Apple denies the remaining allegations and characterizations in paragraph 99 of the 4AC, and specifically denies that it has committed any acts of infringement.

100.   To the extent paragraph 100 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 100 of the 4AC, currently contains the image shown in paragraph 100 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 100 of the 4AC, and specifically denies that it has committed any acts of infringement.

101.   To the extent paragraph 101 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,588,554 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 101 of the 4AC, and therefore Apple denies them.

102.   To the extent paragraph 102 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 102, and specifically denies that it has committed any acts of infringement.

103.   To the extent paragraph 103 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 103, and specifically denies that it has committed any acts of infringement.

104.   To the extent paragraph 104 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 104, and specifically denies that it has committed any acts of infringement.

105.   To the extent paragraph 105 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 105, and specifically denies that it has committed any acts of infringement.

106.   To the extent paragraph 106 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 106 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

107.   To the extent paragraph 107 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 107, and specifically denies that it has committed or is committing any acts of infringement.

108.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

109.   To the extent paragraph 109 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 109, and specifically denies that it commits any acts of infringement.

110.   To the extent paragraph 110 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 110, and specifically denies that it commits any acts of infringement.

111.   To the extent paragraph 111 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 111 of the 4AC, currently contains the image shown in paragraph 111 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 111 of the 4AC, and specifically denies that it has committed any acts of infringement.

112.   To the extent paragraph 112 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

Gibson, Dunn & Crutcher LLP

page https://support.apple.com/en-us/HT204666, which is cited in paragraph 112 of the 4AC, currently contains the image shown in paragraph 112 of the 4AC. Apple denies the remaining allegations and characterizations in paragraph 112 of the 4AC, and specifically denies that it has committed any acts of infringement.

113. To the extent paragraph 113 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 113 of the 4AC, and specifically denies that it has committed any acts of infringement.

114. To the extent paragraph 114 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 114 of the 4AC. Apple denies the remaining allegations and characterizations in paragraph 114 of the 4AC, and specifically denies that it has committed any acts of infringement.

115. To the extent paragraph 115 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 115, currently contains the image shown in paragraph 115 of the 4AC. Apple denies the remaining allegations and characterizations in paragraph 115 of the 4AC, and specifically denies that it has committed any acts of infringement.

116. To the extent paragraph 116 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that the web page https://support.apple.com/guide/watch/change-languageorientation-apple-watch-apd0bf18f46b/watchos, which is cited in paragraph 116 of the 4AC, currently describes configuring the orientation of the Apple Watch. Apple denies the remaining allegations and characterizations in paragraph 116 of the 4AC, and specifically denies that it has committed any acts of infringement.

117.   To the extent paragraph 117 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,624,564 lists Marcelo Lamego as an inventor.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 117 of the 4AC, and therefore Apple denies them.

118.   To the extent paragraph 118 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 118, and specifically denies that it has committed any acts of infringement.

119.   To the extent paragraph 119 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 119, and specifically denies that it has committed any acts of infringement.

120.   To the extent paragraph 120 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 120, and specifically denies that it has committed any acts of infringement.

121.   To the extent paragraph 121 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 121, and specifically denies that it has committed any acts of infringement.

122.   To the extent paragraph 122 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 122 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

123.   To the extent paragraph 123 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 123, and specifically denies that it has committed or is committing any acts of infringement.

124.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

125.   To the extent paragraph 125 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 125, and specifically denies that it has committed any acts of infringement.

126.   To the extent paragraph 126 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 126, and specifically denies that it has committed any acts of infringement.

127.   To the extent paragraph 127 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 127 of the 4AC, currently contains the image shown in paragraph 127 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 127 of the 4AC, and specifically denies that it has committed any acts of infringement.

128.   To the extent paragraph 128 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 128 of the 4AC, currently contains the image shown in paragraph 128 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 128 of the 4AC, and specifically denies that it has committed any acts of infringement.

129.   To the extent paragraph 129 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 129 of the 4AC, and specifically denies that it has committed any acts of infringement.

130.   To the extent paragraph 130 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 130 of the 4AC.   Apple denies the remaining allegations and characterizations in paragraph 130 of the 4AC, and specifically denies that it has committed any acts of infringement.

131.   To the extent paragraph 131 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 131 of the 4AC, currently contains the image shown in paragraph 131 of the 4AC.   Apple denies the remaining allegations and characterizations in paragraph 131 of the 4AC, and specifically denies that it has committed any acts of infringement.

132.   To the extent paragraph 132 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,631,765 lists Marcelo Lamego as an inventor.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 132 of the 4AC, and therefore Apple denies them.

133.   To the extent paragraph 133 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 133, and specifically denies that it has committed any acts of infringement.

134.   To the extent paragraph 134 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

Gibson, Dunn & Crutcher LLP

allegations and characterizations in paragraph 134, and specifically denies that it has committed any acts of infringement.

135.   To the extent paragraph 135 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 135, and specifically denies that it has committed any acts of infringement.

136.   To the extent paragraph 136 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 136, and specifically denies that it has committed any acts of infringement.

137.   To the extent paragraph 137 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 137 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

138.   To the extent paragraph 138 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 138, and specifically denies that it has committed or is committing any acts of infringement.

139.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

140.   To the extent paragraph 140 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 140, and specifically denies that it has committed any acts of infringement.

141.   To the extent paragraph 141 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

allegations and characterizations in paragraph 141, and specifically denies that it has committed any acts of infringement.

142.   To the extent paragraph 142 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 142 of the 4AC, currently contains the image shown in paragraph 142 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 142 of the 4AC, and specifically denies that it has committed any acts of infringement.

143.   To the extent paragraph 143 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 143 of the 4AC, currently contains the image shown in paragraph 143 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 143 of the 4AC, and specifically denies that it has committed any acts of infringement.

144.   To the extent paragraph 144 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 144, and specifically denies that it commits any acts of infringement.

145.   To the extent paragraph 145 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 145 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 145 of the 4AC, and specifically denies that it has committed any acts of infringement.

146.   To the extent paragraph 146 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 146 of the 4AC, currently contains the image shown in paragraph 146 of the 4AC.  Apple denies

the remaining allegations and characterizations in paragraph 146 of the 4AC, and specifically denies that it has committed any acts of infringement.

147.   To the extent paragraph 147 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,702,194 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 147 of the 4AC, and therefore Apple denies them.

148.   To the extent paragraph 148 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 148, and specifically denies that it has committed any acts of infringement.

149.   To the extent paragraph 149 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 149, and specifically denies that it has committed any acts of infringement.

150.   To the extent paragraph 150 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 150, and specifically denies that it has committed any acts of infringement.

151.   To the extent paragraph 151 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 151, and specifically denies that it has committed any acts of infringement.

152.   To the extent paragraph 152 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 152 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary

Gibson, Dunn & Crutcher LLP

damages.

153.   To the extent paragraph 153 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 153, and specifically denies that it has committed or is committing any acts of infringement.

154.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

155.   To the extent paragraph 155 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 155, and specifically denies that it has committed any acts of infringement.

156.   To the extent paragraph 156 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 156, and specifically denies that it has committed any acts of infringement.

157.   To the extent paragraph 157 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 157 of the 4AC, currently contains the image shown in paragraph 157 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 157 of the 4AC, and specifically denies that it has committed any acts of infringement.

158.   To the extent paragraph 158 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 158 of the 4AC, currently contains the image shown in paragraph 158 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 158 of the 4AC, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

159.   To the extent paragraph 159 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 159 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 159 of the 4AC, and specifically denies that it has committed any acts of infringement.

160.   To the extent paragraph 160 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,702,195 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 160 of the 4AC, and therefore Apple denies them.

161.   To the extent paragraph 161 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 161, and specifically denies that it has committed any acts of infringement.

162.   To the extent paragraph 162 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 162, and specifically denies that it has committed any acts of infringement.

163.   To the extent paragraph 163 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 163, and specifically denies that it has committed any acts of infringement.

164.   To the extent paragraph 164 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 164, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

165.   To the extent paragraph 165 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 165 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

166.   To the extent paragraph 166 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 166, and specifically denies that it has committed or is committing any acts of infringement.

167.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

168.   To the extent paragraph 168 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 168, and specifically denies that it has committed any acts of infringement.

169.   To the extent paragraph 169 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 169, and specifically denies that it has committed any acts of infringement.

170.   To the extent paragraph 170 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 170 of the 4AC, currently contains the image shown in paragraph 170 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 170 of the 4AC, and specifically denies that it has committed any acts of infringement.

171.   To the extent paragraph 171 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web

page https://support.apple.com/en-us/HT204666, which is cited in paragraph 171 of the 4AC, currently contains the image shown in paragraph 171 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 171 of the 4AC, and specifically denies that it has committed any acts of infringement.

172.   To the extent paragraph 172 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0072912 contains the image shown in paragraph 172 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 172 of the 4AC, and specifically denies that it has committed any acts of infringement.

173.   To the extent paragraph 173 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,709,366 lists Marcelo Lamego as an inventor.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 173 of the 4AC, and therefore Apple denies them.

174.   To the extent paragraph 174 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 174, and specifically denies that it has committed any acts of infringement.

175.   To the extent paragraph 175 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 175, and specifically denies that it has committed any acts of infringement.

176.   To the extent paragraph 176 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 176, and specifically denies that it has committed any acts of infringement.

177.   To the extent paragraph 177 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 177, and specifically denies that it has committed any acts of infringement.

178.   To the extent paragraph 178 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 178 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

179.   To the extent paragraph 179 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 179, and specifically denies that it has committed or is committing any acts of infringement.

180.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

181.   To the extent paragraph 181 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 181, and specifically denies that it has committed any acts of infringement.

182.   To the extent paragraph 182 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 182, and specifically denies that it has committed any acts of infringement.

183.   To the extent paragraph 183 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 183 of the 4AC, currently contains the image shown in paragraph 183 of the 4AC.  Apple

Gibson, Dunn & Crutcher LLP

denies the remaining allegations and characterizations in paragraph 183 of the 4AC, and specifically denies that it has committed any acts of infringement.

184.   To the extent paragraph 184 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 194 of the 4AC, currently contains the image shown in paragraph 184 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 184 of the 4AC, and specifically denies that it has committed any acts of infringement.

185.   To the extent paragraph 185 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 185 of the 4AC, and specifically denies that it has committed any acts of infringement.

186.   To the extent paragraph 186 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that U.S. Patent Application Publication 2019/0090806 contains the image shown in paragraph 186 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 186 of the 4AC, and specifically denies that it has committed any acts of infringement.

187.   To the extent paragraph 187 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 6,771,994 lists an issue date of August 3, 2004.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 187 of the 4AC, and therefore Apple denies them.

188.   To the extent paragraph 188 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 188, and specifically denies that it has committed any acts of infringement.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

189.   To the extent paragraph 189 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 189, and specifically denies that it has committed any acts of infringement.

190.   To the extent paragraph 190 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 190, and specifically denies that it has committed any acts of infringement.

191.   To the extent paragraph 191 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 191, and specifically denies that it has committed any acts of infringement.

192.   To the extent paragraph 192 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 192 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

193.   To the extent paragraph 193 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 193, and specifically denies that it has committed or is committing any acts of infringement.

194.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

195.   To the extent paragraph 195 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 195, and specifically denies that it has committed any acts of infringement.

196.   To the extent paragraph 196 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 196, and specifically denies that it has committed any acts of infringement.

197.   To the extent paragraph 197 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 197 of the 4AC, currently contains the image shown in paragraph 197 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 197 of the 4AC, and specifically denies that it has committed any acts of infringement.

198.   To the extent paragraph 198 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 198 of the 4AC, currently contains the image shown in paragraph 198 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 198 of the 4AC, and specifically denies that it has committed any acts of infringement.

199.   To the extent paragraph 199 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 199 of the 4AC, and specifically denies that it has committed any acts of infringement.

200.   To the extent paragraph 200 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

The optical heart sensor in Apple Watch uses what is known as photoplethysmography. This technology, while difficult to pronounce, is based on a very simple fact: Blood is red because it reflects red light and absorbs green light.  Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through

your wrist at any given moment.

When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate.

Apple denies the remaining allegations and characterizations in paragraph 200 of the 4AC, and specifically denies that it has committed any acts of infringement.

201.   To the extent paragraph 201 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 201, and specifically denies that it has committed any acts of infringement.

202.   To the extent paragraph 202 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 8,457,703 lists an issue date of June 4, 2013.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 202 of the 4AC, and therefore Apple denies them.

203.   To the extent paragraph 203 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 203, and specifically denies that it has committed any acts of infringement.

204.   To the extent paragraph 204 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 204, and specifically denies that it has committed any acts of infringement.

205.   To the extent paragraph 205 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 205, and specifically denies that it has committed any acts of infringement.

206.   To the extent paragraph 206 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 206, and specifically denies that it has committed any acts of infringement.

207.   To the extent paragraph 207 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 207 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

208.   To the extent paragraph 208 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 208, and specifically denies that it has committed or is committing any acts of infringement.

209.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

210.   To the extent paragraph 210 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 210, and specifically denies that it has committed any acts of infringement.

211.   To the extent paragraph 211 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 211, and specifically denies that it has committed any acts of infringement.

212.   To the extent paragraph 212 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://www.apple.com/apple-watch-series-4/health/, which is cited in paragraph 197 of the 4AC, currently contains the image shown in paragraph 212 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 212 of the 4AC, and specifically denies that it has committed any acts of infringement.

213.   To the extent paragraph 213 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the web page https://support.apple.com/en-us/HT204666, which is cited in paragraph 198 of the 4AC, currently contains the image shown in paragraph 213 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 213 of the 4AC, and specifically denies that it has committed any acts of infringement.

214.   To the extent paragraph 214 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

> Apple Watch uses green LED lights paired with light-sensitive photodiodes to detect the amount of blood flowing through your wrist at any given moment.
>
> When your heart beats, the blood flow in your wrist — and the green light absorption — is greater. Between beats, it's less. By flashing its LED lights hundreds of times per second, Apple Watch can calculate the number of times the heart beats each minute — your heart rate. The optical heart sensor supports a range of 30–210 beats per minute. In addition, the optical heart sensor is designed to compensate for low signal levels by increasing both LED brightness and sampling rate.

Apple admits that an Apple web page https://support.apple.com/en-us/HT204666, states as follows:

Gibson, Dunn & Crutcher LLP

The optical heart sensor can also use infrared light. This mode is what Apple Watch uses when it measures your heart rate in the background, and for heart rate notifications. Apple Watch uses green LED lights to measure your heart rate during workouts and Breathe sessions, and to calculate walking average and Heart Rate Variability (HRV).

Apple denies the remaining allegations and characterizations in paragraph 214 of the 4AC.

215.   To the extent paragraph 215 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 215, and specifically denies that it has committed any acts of infringement.

216.   To the extent paragraph 216 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies that U.S. Patent No. 10,433,776 lists an issue date of June 4, 2013.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 216 of the 4AC, and therefore Apple denies them.

217.   To the extent paragraph 217 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 217, and specifically denies that it has committed any acts of infringement.

218.   To the extent paragraph 218 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 218, and specifically denies that it has committed any acts of infringement.

219.   To the extent paragraph 219 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 219, and specifically denies that it has committed any acts of infringement.

220.   To the extent paragraph 220 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 220, and specifically denies that it has committed any acts of infringement.

221.   To the extent paragraph 221 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 221 of the 4AC, and specifically denies that Masimo has suffered or will suffer irreparable harm and injury, including monetary damages.

222.   To the extent paragraph 222 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 222, and specifically denies that it has committed or is committing any acts of infringement.

223.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

224.   To the extent paragraph 224 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 224 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

225.   To the extent paragraph 225 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 225 of the 4AC, and therefore Apple denies them.

226.   To the extent paragraph 226 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 226 of the 4AC, and therefore Apple denies them.

227.   To the extent paragraph 227 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 227 of the 4AC, and therefore Apple denies them.

228.   To the extent paragraph 228 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 228 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

229.   To the extent paragraph 229 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it received a letter from Plaintiffs on or around January 24, 2014, containing the language quoted in paragraph 229 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 229 of the 4AC.

230.   To the extent paragraph 230 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it "systematically hired Plaintiffs' employees."  Apple admits that Tim Cook has publicly commented on Apple's general commitment to health and wellness, that Apple employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology, and that Tim Cook briefly met with O'Reilly before he was hired.  Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 230 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

231.   To the extent paragraph 231 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it hired Marcelo Lamego in 2014.  Apple admits that it received a letter from Plaintiffs on or around January 24, 2014, a copy of which can be found at ECF 38-5.  Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 231

of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

232.   To the extent paragraph 232 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 232 of the 4AC and specifically denies that it has committed any acts of trade secret misappropriation.

233.   To the extent paragraph 233 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 233 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

234.   To the extent paragraph 234 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 234 of the 4AC is "not generally known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 234 of the 4AC, and therefore Apple denies them.

235.   To the extent paragraph 235 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that Provisional Patent Application No. 62/047,818 was filed on September 9, 2014.  Apple admits that U.S. Patent Application No. 14/621,268 is titled "Modulation and Demodulation Techniques for a Health Monitoring System" and was issued on March 5, 2019 as U.S. Patent No. 10,219,754.  Apple denies the remaining allegations and characterizations in paragraph 235 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

236.   To the extent paragraph 236 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first page of U.S. Patent No. 10,219,754 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.   Apple further admits that U.S. Patent No.

10,219,754 does not list any inventors other than Marcelo Lamego.  Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 236 of the 4AC and specifically denies that it has committed any acts of trade secret misappropriation.

237.   To the extent paragraph 237 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 237 of the 4AC is "not generally known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 237 of the 4AC, and therefore Apple denies them.

238.   To the extent paragraph 238 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 238 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

239.   To the extent paragraph 239 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the pictures, which are cited in paragraph 239 of the 4AC, appear to be of the Apple Watch Series 5.  Apple denies the remaining allegations and characterizations in paragraph 239 of the 4AC.

240.   To the extent paragraph 240 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the pictures, which are cited in paragraph 240 of the 4AC, appear to be of the Apple Watch Series 6.  Apple denies the remaining allegations and characterizations in paragraph 240 of the 4AC.

241.   To the extent paragraph 241 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Marcelo Lamego worked on the Apple Watch.  Except as otherwise admitted, Apple denies the

Gibson, Dunn &
Crutcher LLP

43

allegations and characterizations in paragraph 241 of the 4AC and specifically denies that it has committed any acts of trade secret misappropriation.

242.   To the extent paragraph 242 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 242 of the 4AC is "not generally known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 242 of the 4AC, and therefore Apple denies them.

243.   To the extent paragraph 243 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Provisional Patent Application No. 62/056,299 was filed on September 26, 2014.  Apple admits that U.S. Application No. 14/617,422 is titled "Electronic Device That Computes Health Data" and was issued on August 8, 2017 as U.S. Patent No. 9,723,997.  Apple admits that U.S. Application No. 15/667,832 is titled "Electronic Device That Computes Health Data" and was published December on 14, 2017.  Apple admits that U.S. Application No. 15/667,832 issued on January 7, 2020 as U.S. Patent No. 10,524,671.  Apple denies the remaining allegations and characterizations in paragraph 243 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

244.   To the extent paragraph 244 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Marcelo Lamego worked on the Apple Watch, that the first page of U.S. Patent No. 9,723,997 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple, that the first page of U.S. Patent No. 10,524,671 also lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple, and that U.S. Patent Nos. 9,723,997 and 10,524,671 do not list any inventors other than Marcelo Lamego.  Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 244 of the

Gibson, Dunn & Crutcher LLP

4AC and specifically denies that it has committed any acts of trade secret misappropriation.

245.   To the extent paragraph 245 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that all of the alleged trade secret information in paragraph 245 of the 4AC is "not generally known."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 245 of the 4AC, and therefore Apple denies them.

246.   To the extent paragraph 246 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology.  Apple admits that the web page https://www.apple.com/healthcare/apple-watch/ contains the language "Apple Watch.  Helping your patients identify early warning signs."  Apple admits that the web page https://www.apple.com/watch/ contains the language "The future of health is on your wrist."  Apple admits that the web page https://www.apple.com/healthcare/ contains the remaining language quoted in paragraph 246 of the 4AC.  Apple denies the remaining allegations and characterizations in paragraph 246 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

247.   To the extent paragraph 247 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology, that O'Reilly has met with the FDA in his capacity as an Apple employee, that Tim Cook briefly met with O'Reilly before he was hired, and that Tim Cook has publicly commented on Apple's general commitment to health and wellness.  Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 247 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

Gibson, Dunn & Crutcher LLP

248.   In light of the Court's ruling granting in part and denying in part Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action for Trade Secret Misappropriation in the 4AC, no response to paragraph 248 of the 4AC is required.

249.   To the extent paragraph 249 of the 4AC implicates legal conclusions, no response is required.  To the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 249 of the 4AC, and therefore Apple denies them.

250.   In light of the Court's ruling granting in part and denying in part Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action for Trade Secret Misappropriation in the 4AC, no response to paragraph 250 of the 4AC is required.

251.   In light of the Court's ruling granting in part and denying in part Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action for Trade Secret Misappropriation in the 4AC, no response to paragraph 251 of the 4AC is required.

252.   To the extent paragraph 252 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology.  Apple admits that on September 15, 2020 it announced the launch of health research studies with the University of California Irvine, the University of Toronto, and the University of Washington to measure blood oxygen and other parameters with the Apple Watch.  Apple denies the remaining allegations and characterizations in paragraph 252 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

253.   To the extent paragraph 253 of the 4AC implicates legal conclusions, no response is required.  In light of the Court's ruling granting in part and denying in part Apple's Motion to Dismiss Portions of the Thirteenth Cause of Action for Trade Secret Misappropriation in the 4AC, no response to paragraph 253 of the 4AC is required to the extent this paragraph relates to trade secrets 44.1-44.4, which were dismissed.  To the extent that a response is required, Apple admits that it employed Michael O'Reilly

beginning in July 2013 as its Vice President of Medical Technology, that O'Reilly has met with the FDA in his capacity as an Apple employee, that Tim Cook briefly met with Michael O'Reilly before he was hired, and that Tim Cook has publicly commented on Apple's general commitment to health and wellness.  Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 253 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

254.   To the extent paragraph 254 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 254 of the 4AC, and therefore Apple denies them.

255.   To the extent paragraph 255 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the Apple Watch Series 6 includes a blood oxygen sensor, which uses multiple wavelengths to calculate oxygen saturation.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' interactions with O'Reilly and Lamego.  Apple otherwise denies the allegations and characterizations in paragraph 255 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

256.   To the extent paragraph 256 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 256 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

257.   To the extent paragraph 257 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 257 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

258.   To the extent paragraph 258 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the

Gibson, Dunn &
Crutcher LLP

allegations and characterizations in paragraph 258 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

259.   To the extent paragraph 259 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 259 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

260.   To the extent paragraph 260 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that it employed Michael O'Reilly beginning in July 2013 as its Vice President of Medical Technology, and that Tim Cook briefly met with O'Reilly before he was hired.   Except as otherwise admitted, Apple denies the allegations and characterizations in paragraph 260 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

261.   To the extent paragraph 261 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 261 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

262.   To the extent paragraph 262 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the Apple Watch Series 4 was announced on September 12, 2018.   Apple admits that on September 15, 2020 it announced the launch of health research studies with the University of California Irvine, the University of Toronto, and the University of Washington to measure blood oxygen and other parameters with the Apple Watch. Apple denies the remaining allegations and characterizations in paragraph 262 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

263.   To the extent paragraph 263 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that it

received a letter from Plaintiffs on or around January 24, 2014, a copy of which can be found at ECF 38-5, and that it requested non-publication of U.S. Patent Application Nos. 14/621,268, 14/617,422, and 14/618,664. Apple denies the remaining allegations and characterizations in paragraph 263 of the 4AC, and specifically denies that it has committed any acts of trade secret misappropriation.

264. To the extent paragraph 264 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 264 of the 4AC, and specifically denies that Plaintiffs have suffered or will suffer irreparable harm and injury, including monetary damages.

265. To the extent paragraph 265 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 265 of the 4AC, and specifically denies that it has committed or is committing any acts of trade secret misappropriation.

266. To the extent paragraph 266 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 266 of the 4AC, and specifically denies that it has committed or is committing any acts of trade secret misappropriation.

267. To the extent paragraph 266 of the 4AC implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 266 of the 4AC, and specifically denies that it has committed or is committing any acts of trade secret misappropriation, including that it purportedly has done so willfully or maliciously.

268. Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

269. Apple admits that the first page of U.S. Patent No. 10,078,052 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

270.   To the extent paragraph 270 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,078,052 reads as follows:

> An electronic device comprising: a housing defining an aperture; an optical sensing system comprising: a light emitter for emitting light through the aperture, the light emitter positioned adjacent the aperture; and a light detector for obtaining a first portion of the light after the first portion of the light reflects from an object; and a reflector disposed about the aperture and adapted to reflect a second portion of the light back into the object after the second portion of the light reflects from the object.

Apple denies the remaining allegations and characterizations in paragraph 270 of the 4AC.

271.   To the extent paragraph 271 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 271 of the 4AC, and therefore Apple denies them.

272.   To the extent paragraph 272 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 272 of the 4AC, and therefore Apple denies them.

273.   To the extent paragraph 273 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 273 of the 4AC.

274.   To the extent paragraph 274 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 274 of the 4AC.

275.    Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

276.    Apple admits that the first page of U.S. Patent No. 10,247,670 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

277.    To the extent paragraph 277 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,247,670 reads as follows:

> An electronic device comprising: a housing with a surface; a reflective layer that is formed on the surface, wherein the reflective layer has first and second openings; a light emitter that emits light through the first opening; and a light detector that receives the light emitted by the light emitter through the second opening.

Apple denies the remaining allegations and characterizations in paragraph 277 of the 4AC.

278.    To the extent paragraph 278 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 278 of the 4AC, and therefore Apple denies them.

279.    To the extent paragraph 279 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 279 of the 4AC, and therefore Apple denies them.

280.    To the extent paragraph 280 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 280 of the 4AC.

281.   To the extent paragraph 281 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 281 of the 4AC.

282.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

283.   Apple admits that the first page of U.S. Patent No. 9,952,095 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

284.   To the extent paragraph 284 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 9,952,095 reads as follows:

> An electronic device comprising: a housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing.

Apple denies the remaining allegations and characterizations in paragraph 284 of the 4AC.

285.   To the extent paragraph 285 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 285 of the 4AC, and therefore Apple denies them.

286.   To the extent paragraph 286 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 286 of the 4AC, and therefore Apple denies them.

287.   To the extent paragraph 287 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 287 of the 4AC.

288.   To the extent paragraph 288 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 288 of the 4AC.

289.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

290.   To the extent paragraph 290 of the 4AC implicates legal conclusions, no response is required.  Apple admits that the first page of U.S. Patent No. 10,219,754 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.  Apple denies the remaining allegations and characterizations in paragraph 290 of the 4AC.

291.   To the extent paragraph 291 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,219,754 reads as follows:

A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising: determining a first multiplier value by: turning on the first light source; generating a first initial signal in

response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

Gibson, Dunn & Crutcher LLP

Apple denies the remaining allegations and characterizations in paragraph 291 of the 4AC.

292.   To the extent paragraph 292 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 292 of the 4AC, and therefore Apple denies them.

293.   To the extent paragraph 293 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 293 of the 4AC, and therefore Apple denies them.

294.   To the extent paragraph 294 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 294 of the 4AC.

295.   To the extent paragraph 295 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 295 of the 4AC.

296.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

297.   Apple admits that the first page of U.S. Patent No. 9,723,997 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

298.   To the extent paragraph 298 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the twentieth claim of U.S. Patent No. 9,723,997 reads as follows:

A method for using a mobile personal computing device to obtain health data, comprising: using a camera and a proximity sensor to emit light into

a body part of a user touching a surface of the mobile personal computing device; using at least two of the camera, an ambient light sensor, or the proximity sensor to receive at least part of the emitted light reflected by the body part of the user and generate sensor data; and computing health data of the user, utilizing the processing unit, using at least the sensor data regarding the received light.

Apple denies the remaining allegations and characterizations in paragraph 298 of the 4AC.

299.   To the extent paragraph 299 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 299 of the 4AC, and therefore Apple denies them.

300.   To the extent paragraph 300 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 300 of the 4AC, and therefore Apple denies them.

301.   To the extent paragraph 301 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 301 of the 4AC.

302.   To the extent paragraph 302 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 302 of the 4AC.

303.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

304.   Apple admits that the first page of U.S. Patent No. 10,524,671 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

305.   To the extent paragraph 305 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,524,671 reads as follows:

> A wearable device, comprising: a first light source; a second light source, the second light source operating at a different wavelength than the first light source; at least one light receiver; and a processing unit communicably coupled to the first light source, the second light source, and the at least one light receiver; wherein the processing unit is configured to: use the first light source and the second light source to emit light into a body part of a user; and dependent on the light emitted by the first light source and received by the at least one light receiver, compute a pulse rate of the user using the light emitted by the second light source and received by the at least one light receiver.

Apple denies the remaining allegations and characterizations in paragraph 305 of the 4AC.

306.   To the extent paragraph 306 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 306 of the 4AC, and therefore Apple denies them.

307.   To the extent paragraph 307 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 307 of the 4AC, and therefore Apple denies them.

308.   To the extent paragraph 308 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

1   Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and

2   characterizations in paragraph 308 of the 4AC.

3       309.   To the extent paragraph 309 of the 4AC implicates legal conclusions, no

4   response is required.   To the extent that a response is required, Apple denies the

5   allegations and characterizations in paragraph 309 of the 4AC.

6       310.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

7   forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

8   4AC.

9       311.   Apple admits that U.S. Patent 10,078,052 is presently recorded as owned

10   by Apple.

11       312.   To the extent paragraph 312 of the 4AC implicates legal conclusions, no

12   response is required.   To the extent that a response is required, Apple admits that the

13   first claim of U.S. Patent No. 10,078,052 reads as follows:

14         An electronic device comprising: a housing defining an aperture; an optical

15         sensing system comprising: a light emitter for emitting light through the

16         aperture, the light emitter positioned adjacent the aperture; and a light

17         detector for obtaining a first portion of the light after the first portion of the

18         light reflects from an object; and a reflector disposed about the aperture and

19         adapted to reflect a second portion of the light back into the object after the

20         second portion of the light reflects from the object.

21   Apple denies the remaining allegations and characterizations in paragraph 312 of the

22   4AC.

23       313.   To the extent paragraph 313 of the 4AC implicates legal conclusions, no

24   response is required.   To the extent that a response is required, Apple denies the

25   allegations and characterizations in paragraph 313 of the 4AC.

26       314.   To the extent paragraph 314 of the 4AC implicates legal conclusions, no

27   response is required.   To the extent that a response is required, Apple lacks knowledge

28

Gibson, Dunn & Crutcher LLP

1   or information sufficient to form a belief as to the truth of the allegations and

2   characterizations in paragraph 314 of the 4AC, and therefore Apple denies them.

3       315.   To the extent paragraph 315 of the 4AC implicates legal conclusions, no

4   response is required.  To the extent that a response is required, Apple lacks knowledge

5   or information sufficient to form a belief as to the truth of the allegations and

6   characterizations in paragraph 315 of the 4AC, and therefore Apple denies them.

7       316.   To the extent paragraph 316 of the 4AC implicates legal conclusions, no

8   response is required.  To the extent that a response is required, Apple admits that an

9   agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's

10  Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and

11  characterizations in paragraph 316 of the 4AC.

12      317.   To the extent paragraph 317 of the 4AC implicates legal conclusions, no

13  response is required.   To the extent that a response is required, Apple denies the

14  allegations and characterizations in paragraph 317 of the 4AC.

15      318.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set

16  forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the

17  4AC.

18      319.   Apple admits that U.S. Patent 10,247,670 is presently recorded as owned

19  by Apple.

20      320.   To the extent paragraph 320 of the 4AC implicates legal conclusions, no

21  response is required.  To the extent that a response is required, Apple admits that the

22  first claim of U.S. Patent No. 10,247,670 reads as follows:

23          An electronic device comprising: a housing with a surface; a reflective layer

24          that is formed on the surface, wherein the reflective layer has first and

25          second openings; a light emitter that emits light through the first opening;

26          and a light detector that receives the light emitted by the light emitter

27          through the second opening.

28

Apple denies the remaining allegations and characterizations in paragraph 320 of the 4AC.

321.  To the extent paragraph 321 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 321 of the 4AC, and therefore Apple denies them.

322.  To the extent paragraph 322 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 322 of the 4AC, and therefore Apple denies them.

323.  To the extent paragraph 323 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 323 of the 4AC, and therefore Apple denies them.

324.  To the extent paragraph 324 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 324 of the 4AC.

325.  To the extent paragraph 325 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 325 of the 4AC.

326.  Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

327.  Apple admits that U.S. Patent 9,952,095 is presently recorded as owned by Apple.

328.   To the extent paragraph 328 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 9,952,095 reads as follows:

> An electronic device comprising:  housing comprising a surface adapted to be positioned proximate a measurement site of a subject; a biometric sensor positioned at least partially within the surface and comprising: a plurality of light sources for emitting light toward the measurement site at a selected modulation frequency; and an optical sensor for obtaining light exiting the measurement site; and an input amplifier coupled to the output of the biometric sensor and disposed within the housing; a high pass filter coupled to an output of the input amplifier and disposed within the housing, the high pass filter having a cutoff frequency above that of a periodic biometric property of the measurement site; an output amplifier coupled to an output of the high pass filter and disposed within the Housing; and an analog to digital converter coupled to an output of the output amplifier and disposed within the housing.

Apple denies the remaining allegations and characterizations in paragraph 328 of the 4AC.

329.   To the extent paragraph 329 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 329 of the 4AC, and therefore Apple denies them.

330.   To the extent paragraph 330 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 330 of the 4AC, and therefore Apple denies them.

331.   To the extent paragraph 331 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 331 of the 4AC, and therefore Apple denies them.

332.   To the extent paragraph 332 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 332 of the 4AC.

333.   To the extent paragraph 333 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 333 of the 4AC.

334.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

335.   Apple admits that U.S. Patent 10,219,754 is presently recorded as owned by Apple.

336.   To the extent paragraph 336 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,219,754 reads as follows:

A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising: determining a first multiplier value by: turning on the first light source; generating a first initial signal in response to capturing a first light sample corresponding to the first light source; demodulating the first initial signal to produce first initial demodulated signals; filtering and decimating the first initial demodulated signals; and determining the first multiplier value based on the filtered and decimated first initial demodulated signals; determining a second multiplier value by: turning on the second light source; generating a second initial

signal in response to capturing a second light sample corresponding to the second light source; demodulating the second initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals; capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal; demodulating the captured signal to produce multiple demodulated signals; performing a first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; performing a second decimation stage after the first decimation stage by: low pass filtering each demodulated signal; and decimating each demodulated signal; demultiplexing each demodulated signal after the second decimation stage to produce a first signal associated with the first light source and a second signal associated with the second light source; multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal; multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

Apple denies the remaining allegations and characterizations in paragraph 336 of the 4AC.

337.   To the extent paragraph 337 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 337 of the 4AC, and therefore Apple denies them.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

338.   To the extent paragraph 338 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 338 of the 4AC, and therefore Apple denies them.

339.   To the extent paragraph 339 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 339 of the 4AC, and therefore Apple denies them.

340.   To the extent paragraph 340 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).   Apple denies the remaining allegations and characterizations in paragraph 340 of the 4AC.

341.   To the extent paragraph 341 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 341 of the 4AC.

342.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

343.   Apple admits that U.S. Patent 10,524,671 is presently recorded as owned by Apple.

344.   To the extent paragraph 344 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the twentieth claim of U.S. Patent No. 9,723,997 reads as follows:

A method for using a mobile personal computing device to obtain health data, comprising: using a camera and a proximity sensor to emit light into a body part of a user touching a surface of the mobile personal computing device; using at least two of the camera, an ambient light sensor, or the

proximity sensor to receive at least part of the emitted light reflected by the body part of the user and generate sensor data; and computing health data of the user, utilizing the processing unit, using at least the sensor data regarding the received light.

Apple denies the remaining allegations and characterizations in paragraph 344 of the 4AC.

345.   To the extent paragraph 345 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 345 of the 4AC, and therefore Apple denies them.

346.   To the extent paragraph 346 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 346 of the 4AC, and therefore Apple denies them.

347.   To the extent paragraph 347 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 347 of the 4AC, and therefore Apple denies them.

348.   To the extent paragraph 348 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 348 of the 4AC, and therefore Apple denies them.

349.   To the extent paragraph 349 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 349 of the 4AC.

350.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

351.   Apple admits that U.S. Patent 10,524,671 is presently recorded as owned by Apple.

352.   To the extent paragraph 352 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 10,524,671 reads as follows:

> A wearable device, comprising: a first light source; a second light source, the second light source operating at a different wavelength than the first light source; at least one light receiver; and a processing unit communicably coupled to the first light source, the second light source, and the at least one light receiver; wherein the processing unit is configured to: use the first light source and the second light source to emit light into a body part of a user; and dependent on the light emitted by the first light source and received by the at least one light receiver, compute a pulse rate of the user using the light emitted by the second light source and received by the at least one light receiver.

Apple denies the remaining allegations and characterizations in paragraph 352 of the 4AC.

353.   To the extent paragraph 353 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 353 of the 4AC, and therefore Apple denies them.

354.   To the extent paragraph 354 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 354 of the 4AC, and therefore Apple denies them.

355.   To the extent paragraph 355 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 355 of the 4AC, and therefore Apple denies them.

356.   To the extent paragraph 356 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 356 of the 4AC, and therefore Apple denies them.

357.   To the extent paragraph 357 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 357 of the 4AC.

358.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

359.   Apple admits that U.S. Patent 15/960,507 is presently recorded as owned by Apple.

360.   To the extent paragraph 360 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the twenty-first claim of U.S. Patent No. 15/960,507 reads as follows:

A biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: an emitter for transmitting modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog to digital converter to receive an output of the high pass filter.

Apple denies the remaining allegations and characterizations in paragraph 360 of the 4AC.

361.   To the extent paragraph 361 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 361 of the 4AC, and therefore Apple denies them.

362.   To the extent paragraph 362 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 362 of the 4AC, and therefore Apple denies them.

363.   To the extent paragraph 363 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 363 of the 4AC, and therefore Apple denies them.

364.   To the extent paragraph 364 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 364 of the 4AC.

365.   Paragraphs 1–50 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to paragraphs 1–50 of the 4AC.

366.   Apple admits that U.S. Patent 16/700,710 is presently recorded as owned by Apple.

367.   To the extent paragraph 367 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the fifteenth claim of U.S. Patent No. 16/700,710 reads as follows:

[A] wearable device, comprising: a first light source that operates at a first wavelength; a second light source that operates at a second wavelength; at least one light receiver; and a processing unit that is configured to, upon detection of an object using light of the first wavelength received by the at least one light receiver, use light of the second wavelength received by the at least one light receiver to determine health data for a user.

Apple denies the remaining allegations and characterizations in paragraph 367 of the 4AC.

368.   To the extent paragraph 368 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 368 of the 4AC, and therefore Apple denies them.

369.   To the extent paragraph 369 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 369 of the 4AC, and therefore Apple denies them.

370.   To the extent paragraph 370 of the 4AC implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (ECF 16-3).  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 370 of the 4AC, and therefore Apple denies them.

371.   To the extent paragraph 371 of the 4AC implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 371 of the 4AC.

## **PRAYER FOR RELIEF**

The section of the 4AC titled "Prayer for Relief" sets forth the statement of relief requested by Plaintiffs to which no response is required.  Apple denies that Plaintiffs are

1   entitled to any relief against Apple, and requests that the Court dismiss all claims with

2   prejudice and order such further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

4   This paragraph sets forth Plaintiffs' demand for jury trial to which no response is

5   required.

### AFFIRMATIVE DEFENSES

7   Apple asserts the following affirmative defenses, without assuming the burden of

8   proving any fact, issue, or element of a claim where such burden properly belongs to

9   Plaintiffs.  In addition to the affirmative defenses described below, Apple specifically

10  reserves all rights to assert additional affirmative defenses as additional information

11  becomes available.  Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without

12  waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

14  372.   Apple has not directly infringed, induced infringement, or contributed to

15  infringement, and does not directly infringe, induce infringement, or contribute to

16  infringement, of any valid and enforceable claim of the Asserted Patents, either literally

17  or under the Doctrine of Equivalents, and has not otherwise committed any acts in

18  violation of 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE

20  373.   Each asserted claim of the Asserted Patents is invalid for failure to comply

21  with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable

22  statutory provisions of Title 35 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE

24  374.   Plaintiffs' patent infringement claims are barred, in whole or in part, by

25  reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines

26  limiting the scope of the claims and their equivalents.

27  375.   Plaintiffs are estopped from construing any valid claim of the Asserted

28  Patents to be infringed or to have been infringed, either literally or by application of the

Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

376.   To the extent that Plaintiffs and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Plaintiffs for the acts alleged to have been performed before Apple received actual notice that the accused devices were allegedly infringing the Asserted Patents.

377.   Plaintiffs' claims for relief are further barred, in whole or in part, under 35 U.S.C. §§ 286 and 288.

378.   Plaintiffs failed to give proper notice to Apple of its claims under the patent laws of the United States and have failed to establish any basis for damages and/or liability prior to patent issuance.

## FIFTH AFFIRMATIVE DEFENSE

379.   Plaintiffs' non-patent infringement claims are barred, in whole or in part, by the equitable doctrine of laches.

380.   Based on information and belief, including because Masimo disclosed in its Form 10-K for the fiscal year ended January 3, 2015 that it "search[es] for existing intellectual property rights," Plaintiffs have been aware of Apple's publication of subject matter related to the subject matter of U.S. Patent Nos. 10,078,052; 10,247,670; 9,952,095; 10,219,754; 9,723,997; and 10,524,671, and U.S. Patent Application No. 15/960,507 since as early as 2016, yet only brought claims for ownership and correction of inventorship in January 2020.  For example, Plaintiffs were aware of several of these

patents because Plaintiffs cited the patents to the PTO in conjunction with their own patent applications, yet Plaintiffs did not file suit until January 2020:

- U.S. Patent Application No. 14/740,196, which issued as U.S. Patent No. 10,078,052 ("the '052 patent"), the subject of Counts 14 and 20 in this action, was published as U.S. Patent Publication No. 2016/006726 on March 3, 2016. Plaintiffs cited the '052 patent in four separate Information Disclosure Statements ("IDSs") to the PTO (three in 2018 and one in 2019).  *See* ECF 288, Ex. N at 175, Ex. O at 203, Ex. P at 240, Ex. Q at 255.

- U.S. Patent Application No. 14/617,422 was issued on August 8, 2017 as U.S. Patent No. 9,723,997 ("the '997 patent"), the subject of Counts 18 and 24 in this action.  Plaintiffs cited the '997 patent in three separate IDSs to the PTO in 2018. *See* ECF 288, Ex. N at 174, Ex. O at 203, Ex. P at 240.

- U.S. Patent Application No. 14/618,664 was issued on April 24, 2018 as U.S. Patent 9,952,095 ("the '095 patent"), the subject of Counts 16 and 22 in this action.  Plaintiffs cited the '095 patent in three separate IDSs to the PTO in 2018. *See* ECF 288, Ex. N at 175, Ex. O at 203, Ex. P at 240.

- U.S. Patent Application No. 14/740,196, which issued as U.S. Patent 10,247,670 ("the '670 patent"), the subject of Counts 15 and 21 in this action, was published as U.S. Patent Publication No. 2018/0364162 on December 20, 2018.  Plaintiffs cited the '670 patent in an IDS to the PTO in 2019. *See* ECF 288-2, Ex. Q at 255.

381.   Plaintiffs also were on notice of their trade secret misappropriation claim by 2014, yet only brought a claim for misappropriation in January 2020.  Plaintiffs allege that in 2013, Apple contacted Masimo to understand more about Masimo's technology, entered into a confidentiality agreement with Masimo, and had confidential discussions with Masimo's management.   Plaintiffs allege that Apple recruited key Masimo personnel, including O'Reilly, Masimo's former Chief Medical Officer, and Lamego, former Cercacor CTO.  Plaintiffs allege that O'Reilly and Lamego both had access to Plaintiffs' Confidential Information.  By January 2014, Plaintiffs were suspicious of

72

Apple's conduct, including Apple's hiring of Lamego. On January 24, 2014, Plaintiffs sent Apple a letter explaining that Lamego possessed Plaintiffs' confidential proprietary information and "warn[ing] Apple about respecting [Plaintiffs'] rights" in such information. Plaintiffs stated their concern that "Apple [was] attempting to gain access to, or at least the benefit of, Cercacor and Masimo's trade secrets," and that "Apple w[ould] employ Mr. Lamego in an area that . . . involve[d] healthcare technology, including mobile health applications and the measurement of physiological information." Yet in the next six years—even after it became public that Lamego did work for Apple on the same technology to which Plaintiffs' alleged trade secrets supposedly relate—Plaintiffs did nothing.

382. Plaintiffs were also on notice of their misappropriation claim by 2016. Plaintiffs allege that Apple used and disclosed Plaintiffs' Confidential Information at least by filing patent applications containing that information. Plaintiffs allege that shortly after joining Apple in January 2014, Lamego began pursuing, on Apple's behalf, numerous patent applications directed toward technologies he worked on at Plaintiffs, and with which he had no prior experience or knowledge. Plaintiffs knew or should have known about Lamego's pursuit of at least one relevant Apple patent application by at least March 2016: U.S. Patent Application No. 14/740,196 was published as U.S. Patent Publication No. 2016/0061726 on March 3, 2016, naming Lamego as an inventor in the field of healthcare technology. The '726 publication is entitled "Reflective Surface Treatments For Optical Sensors," and relates to "electronic . . . optical sensing systems" that "can be adapted to obtain physiological data from a biological subject." Plaintiffs allege that the '726 publication included technologies with which Lamego was intimately involved while working at Plaintiffs.

383. Thus, a patent application that (i) referenced healthcare technology on which Lamego was purportedly prohibited from working because, according to Plaintiffs, he was incapable of doing so without using their confidential information, and (ii) named Lamego as inventor, was publicly available more than three years before

Gibson, Dunn & Crutcher LLP

Plaintiffs filed this action.  Accordingly, by March 3, 2016, Plaintiffs were on notice to investigate their trade secret claim, yet they only filed suit in January 2020.

## SIXTH AFFIRMATIVE DEFENSE

384.   Apple has not and does not willfully infringe any claim of the Asserted Patents, nor has Apple willfully or maliciously misappropriated any of Plaintiffs' alleged trade secrets.

## SEVENTH AFFIRMATIVE DEFENSE

385.   Plaintiffs' Thirteenth Cause of Action is barred, in whole or in part, by the applicable statute of limitations.  Under California Civil Code § 3426.6, a claim for trade secret misappropriation "must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered."

386.   Plaintiffs were on notice of their misappropriation claim by 2014.  Plaintiffs allege that in 2013, Apple contacted Masimo to understand more about Masimo's technology, entered into a confidentiality agreement with Masimo, and had confidential discussions with Masimo's management.  Plaintiffs allege that Apple recruited key Masimo personnel, including O'Reilly, Masimo's former Chief Medical Officer, and Lamego, former Cercacor CTO.  Plaintiffs allege that O'Reilly and Lamego both had access to Plaintiffs' Confidential Information.  By January 2014, Plaintiffs were suspicious of Apple's conduct, including Apple's hiring of Lamego.  On January 24, 2014, Plaintiffs sent Apple a letter explaining that Lamego possessed Plaintiffs' confidential proprietary information and "warn[ing] Apple about respecting [Plaintiffs'] rights" in such information.  ECF 38-5 (January 24, 2014 Letter); *see also* ECF 60 at 4 (granting judicial notice).  Plaintiffs stated their concern that "Apple [was] attempting to gain access to, or at least the benefit of, Cercacor and Masimo's trade secrets," and that "Apple w[ould] employ Mr. Lamego in an area that . . . involve[d] healthcare technology, including mobile health applications and the measurement of physiological information."  ECF 38-5 at 4–5.  Yet in the next six years—even after it became public

74

that Lamego did work for Apple on the same technology to which Plaintiffs' alleged trade secrets supposedly relate—Plaintiffs did nothing.

387.   Plaintiffs were also on notice of their misappropriation claim by 2016. Plaintiffs allege that Apple used and disclosed Plaintiffs' Confidential Information at least by filing patent applications containing that information.   Plaintiffs allege that shortly after joining Apple in January 2014, Lamego began pursuing, on Apple's behalf, numerous patent applications directed toward technologies he worked on at Plaintiffs, and with which he had no prior experience or knowledge.   Plaintiffs knew or should have known about Lamego's pursuit of at least one relevant Apple patent application by at least March 2016:   U.S. Patent Application No. 14/740,196 was published as U.S. Patent Publication No. 2016/0061726 on March 3, 2016, naming Lamego as an inventor in the field of healthcare technology.   The '726 publication is entitled "Reflective Surface Treatments For Optical Sensors," and relates to "electronic . . . optical sensing systems" that "can be adapted to obtain physiological data from a biological subject." Plaintiffs allege that the '726 publication included technologies with which Lamego was intimately involved while working at Plaintiffs.

388.   Thus, a patent application that (i) referenced healthcare technology on which Lamego was purportedly prohibited from working because, according to Plaintiffs, he was incapable of doing so without using their confidential information, and (ii) named Lamego as inventor, was publicly available more than three years before Plaintiffs filed this action.   Accordingly, by March 3, 2016, Plaintiffs were on notice to investigate their trade secret claim, and the limitations period commenced by that date. Plaintiffs have no explanation for their delay.

## EIGHTH AFFIRMATIVE DEFENSE

389.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action because the alleged trade secret information was readily ascertainable by proper means.

Gibson, Dunn & Crutcher LLP

390.   "Information that is readily ascertainable by a business competitor derives no independent value from not being generally known" and is therefore not protectable as a "trade secret" within the meaning of that term's statutory definition. *Syngenta Crop Prot., Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1172 (2006); *see also Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 62–63 (2014) (applying the "not generally known or readily ascertainable" standard).

391.   All of Plaintiffs' alleged trade secrets are publicly known or readily ascertainable from public sources and lack independent economic value.

392.   For example, Plaintiffs' alleged ███████████████████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following publicly available documents:



For example, Plaintiffs' alleged ███████████████ ███████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following publicly available documents: ████████████

Gibson, Dunn & Crutcher LLP



394.   For example, Plaintiffs' alleged ████████ trade secrets are disclosed within and/or readily ascertainable from at least one or more of the following publicly available documents:

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

395.   For example, Plaintiffs' alleged ████████████████████████

trade secrets are disclosed within and/or readily ascertainable from at least the following

publicly available documents: ████████████████████████



396.   For example, Plaintiffs' alleged ████████████████

████████ trade secrets are disclosed within and/or readily ascertainable from at least

one or more of the following of Plaintiffs' publications, available prior to any alleged

Gibson, Dunn &
Crutcher LLP

1  disclosure or use of these alleged trade secrets by Apple: ████████████████

2  ████████████████████████████████████████████

3     397.   For example, Plaintiffs' one surviving alleged ████████████████

4  ██████████ trade secret is disclosed within and/or readily ascertainable from at least one

5  or more of the following publications, available prior to any alleged disclosure or use of

6  these alleged trade secrets by Apple:  several clinical studies published online,[5] the

7  website of a data automation technology company,[6] and a 2011 Masimo press release.[7]

8     398.   Apple asserts that each of Plaintiffs' alleged trade secrets is publicly known

9  or readily ascertainable from the above publicly available publications prior to any

10 alleged misappropriation by Apple, thus barring Plaintiffs from any recovery against

11 Apple on their trade secret misappropriation claim.

12

13

14  _____



[5]  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3644815/;
https://www.hindawi.com/journals/bmri/2012/930582/;
https://ieeexplore.ieee.org/document/5491421.

[6]  https://www.inovity.com/industry/healthcare/.

[7]  https://www.masimo.com/company/news/news-media/2011/.

Gibson, Dunn &
Crutcher LLP

## NINTH AFFIRMATIVE DEFENSE

399.   Plaintiffs cannot prevail against Apple and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on Plaintiffs' Thirteenth Cause of Action because Apple independently conceived of, and/or developed, the information that Plaintiffs allege Apple misappropriated.

400.   Apple hereby realleges and incorporates by reference in full the allegations set forth in paragraphs 367–376 above for its Eighth Affirmative Defense.

401.   All of Plaintiffs' alleged trade secrets were publicly known and/or ascertainable from publicly available sources prior to any conduct by Apple that Plaintiffs allege constitutes misappropriation of those alleged trade secrets.

402.   Apple decided, selected, and developed all features of all Series of the Apple Watch devices independent of any of Plaintiffs' alleged trade secrets. The ███████ ████████████████ of the Apple Watch was independently developed by Apple using publicly available information, including well-known ██████████████████████████ ████████████████████████████████. To the extent any feature of the Apple Watch is in any way similar to Plaintiffs' alleged trade secrets, Apple began development of such feature as part of its development work on the original Apple Watch as early as 2012, and has independently continued such development since, relying solely on its own independent research and publicly available information. Moreover, no Apple Watch device practices Plaintiffs' alleged ████████████████████████ ████████████████████████████████████████████████████████████ trade secrets.   Apple has already produced in discovery documents showing its independent development of the ████████████████████████████, and further discovery in this case will continue to demonstrate Apple's independent development, thus barring Plaintiffs from any recovery against Apple on their trade secret misappropriation claim.

403.   Apple further developed each of its ████████████████████████████, including for the Apple Watch and its health-related functions, independent of any of

Gibson, Dunn & Crutcher LLP

1   Plaintiffs' alleged trade secrets.  To the extent any aspect of Apple's ███████
2   ████████████ is in any way similar to Plaintiffs' alleged trade secrets, Apple
3   began development of such strategies before it hired Michael O'Reilly in 2013, and has
4   independently continued such development since, relying solely on its own independent
5   research and publicly available information.  Moreover, Apple does not practice many
6   of Plaintiffs' alleged ████████████ trade secrets, including because Apple ███
7   ████████████████████████.

8       404.   Apple likewise maintained relationships with research partners in the
9   healthcare industry long before Michael O'Reilly—the only former Masimo employee
10  whom Plaintiffs allege possessed this information—joined Apple.  To the extent that
11  Apple has participated in, or enabled any research efforts in healthcare settings in which
12  █████████████████████████████████████████████
13  █████████████████████████████████████████████
14  ████████████████████████ such activity is the product of Apple's
15  independent efforts to constantly provide and improve informative technology to users
16  of the Apple Watch.

## TENTH AFFIRMATIVE DEFENSE

18      405.   Plaintiffs cannot prevail against Apple on Plaintiffs' inventorship and
19  ownership claims, in whole or in part, because Apple independently developed the
20  inventions and technologies disclosed and claimed by the Disputed Patents.

21      406.   Apple hereby realleges and incorporates by reference in full the allegations
22  set forth in paragraphs 367–376 above for its Eighth Affirmative Defense.

23      407.   Apple asserts that the named inventors on all of Apple's patents and patent
24  applications that are the subjects of Plaintiffs' Fourteenth through Twenty-Seventh
25  Causes of Action ("Disputed Inventor Patents") are the true and only inventors.  "[T]he
26  issuance of a patent creates a presumption that the named inventors are the true and only
27  inventors," *Bd. of Educ. v. Am. Bioscience*, 333 F.3d 1330, 1337 (Fed. Cir. 2003), and
28  Plaintiffs cannot overcome this presumption.  All subject matter of the Disputed Inventor

Gibson, Dunn & Crutcher LLP

Patents is materially different from any of Plaintiffs' alleged confidential information, as discovery in this case will demonstrate. Apple started independently developing the optical sensor architecture of the Apple Watch since as early as 2012, and Apple's engineers independently invented the subject matter of the Disputed Inventor Patents during the course of that independent development, thus barring Plaintiffs from any recovery against Apple on their inventorship and ownership claims.

## ELEVENTH AFFIRMATIVE DEFENSE

408. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver.

409. Plaintiffs waived the ability to make their patent infringement arguments in view of amendments made during prosecution of the Asserted Patents.

410. In addition, based on information and belief, including because Masimo disclosed in its Form 10-K for the fiscal year ended January 3, 2015 that it "search[es] for existing intellectual property rights," Plaintiffs have been aware of Apple's publication of subject matter related to the subject matter of U.S. Patent Nos. 10,078,052; 10,247,670; 9,952,095; 10,219,754; 9,723,997; and 10,524,671 and U.S. Patent Application No. 15/960,507 since as early as 2016, yet only brought claims for ownership, correction of inventorship, and trade secret misappropriation in January 2020. Plaintiffs' conduct was so inconsistent with an intent to enforce their rights that it induced a reasonable belief that they waived their right. For example, Plaintiffs were aware of several of these patents because Plaintiffs cited the patents to the PTO in conjunction with their own patent applications, yet Plaintiffs did not file suit until January 2020:

- U.S. Patent Application No. 14/740,196, which issued as U.S. Patent No. 10,078,052 ("the '052 patent"), the subject of Counts 14 and 20 in this action, was published as U.S. Patent Publication No. 2016/006726 on March 3, 2016. Plaintiffs cited the '052 patent in four separate IDSs to the PTO (three in 2018

1   and one in 2019).  *See* ECF 288, Ex. N at 175, Ex. O at 203, Ex. P at 240, Ex. Q

2   at 255.

3   • U.S. Patent Application No. 14/617,422 was issued on August 8, 2017 as U.S.

4   Patent No. 9,723,997 ("the '997 patent"), the subject of Counts 18 and 24 in this

5   action.  Plaintiffs cited the '997 patent in three separate IDSs to the PTO in 2018.

6   *See* ECF 288, Ex. N at 174, Ex. O at 203, Ex. P at 240.

7   • U.S. Patent Application No. 14/618,664 was issued on April 24, 2018 as U.S.

8   Patent 9,952,095 ("the '095 patent"), the subject of Counts 16 and 22 in this

9   action.  Plaintiffs cited the '095 patent in three separate IDSs to the PTO in 2018.

10   *See* ECF 288, Ex. N at 175, Ex. O at 203, Ex. P at 240.

11   • U.S. Patent Application No. 14/740,196, which issued as U.S. Patent 10,247,670

12   ("the '670 patent"), the subject of Counts 15 and 21 in this action, was published

13   as U.S. Patent Publication No. 2018/0364162 on December 20, 2018.  Plaintiffs

14   cited the '670 patent in an IDS to the PTO in 2019.  *See* ECF 288, Ex. Q at 255.

15   Accordingly, Plaintiffs have waived their claims for ownership, correction of

16   inventorship, and trade secret misappropriation.

17   **TWELFTH AFFIRMATIVE DEFENSE**

18   411.   Any and all of Plaintiffs' alleged injuries and/or damages were the result of

19   one or more intervening or superseding causes, including the acts of persons and/or

20   entities other than Apple, or caused or contributed to by Plaintiffs' own actions,

21   inactions, negligence, fault, or lack of diligence, not by actions or inactions of Apple,

22   thus barring Plaintiffs from any recovery against Apple.

23   412.   In paragraphs 232–239, 244, and 248 of the 4AC, Plaintiffs accuse Apple

24   of misappropriating their alleged trade secrets by publishing them in certain of Apple's

25   patents and by implementing them in the Apple Watch Series 4 and 5 devices.  In

26   paragraphs 240–243 of the 4AC, Plaintiffs accuse Apple of ████████████████████

27   ████████████████████████████.  However, prior to the publication of

28   these patents, the release of the Apple Watch Series 4 and 5 devices, and Apple's alleged

Gibson, Dunn &
Crutcher LLP

83

1   ████████████████████████, Plaintiffs disclosed each of their alleged

2   trade secrets in their own patents, patent publications, corporate filings, website pages,

3   and other publicly available documents.

4   ████ For example, Plaintiffs' alleged ████████████████████ trade

5   secrets are disclosed within and/or readily ascertainable from at least one or more of the

6   following of Plaintiffs' patents and/or patent applications that were publicly available

7   prior to any alleged disclosure or use of these alleged trade secrets by Apple: ████████

8   ████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████

10  ████████████████████████████

11  ████ For example, Plaintiffs' alleged ████████████████████

12  ████████ trade secrets are disclosed within and/or readily ascertainable from at least

13  one or more of the following of Plaintiffs' patents and/or patent applications that were

14  publicly available prior to any alleged disclosure or use of these alleged trade secrets by

15  Apple: ████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████

18  415.  For example, Plaintiffs' alleged ████████████████ trade secrets are

19  disclosed within and/or readily ascertainable from at least one or more of the following

20  of Plaintiffs' patents and/or patent applications that were publicly available prior to any

21  alleged disclosure or use of these alleged trade secrets by Apple: ████████████

22  ████████ ████████ ████████ ████████ ████████ ████████ ████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████ For example, Plaintiffs' alleged ████████████████████████

26  trade secrets are disclosed within and/or readily ascertainable from at least the following

27  of Plaintiffs' patent that was publicly available prior to any alleged disclosure or use of

28  these alleged trade secrets by Apple ████████████████████

Gibson, Dunn &
Crutcher LLP

1    ██████ For   example,  Plaintiffs'  alleged ████████████████████████

2    ██████  trade secrets are disclosed within and/or readily ascertainable from at least

3    one or more of the following of Plaintiffs' publications, available prior to any alleged

4    disclosure or use of these alleged trade secrets by Apple: ████████████████████

5    ████████████████████████████████████████████

6    ██████ For example, Plaintiffs' one surviving alleged ████████████████

7    ██████  trade secret is disclosed within and/or readily ascertainable from at least one

8    or more of the following publications, available prior to any alleged disclosure or use of

9    these alleged trade secrets by Apple:  several clinical studies published online,[11] the

10   website of a data automation technology company,[12] and a 2011 Masimo press release.[13]

11        419.   Apple asserts that Plaintiffs' publications of their alleged trade secrets in

12   their  own  patents,  patent  publications,  corporate  filings,  website  pages,  and  other

13

14   ──────────────────

15   ████████████████████████████████████████████

16   ████████████████████████████████████████████

17   ████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████████████████████████████████████████

20   ████████████████████████████████████

21   ████████████████████████████████

22   ████████████████████████████████████████████

23   ████████████████████████████████████████████

24   ████████████████████████████████████████████

25   ████████████████████████████████████████████

26   [11] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3644815/;
     https://www.hindawi.com/journals/bmri/2012/930582/;
27   https://ieeexplore.ieee.org/document/5491421.

     [12] https://www.inovity.com/industry/healthcare/.

28   [13] https://www.masimo.com/company/news/news-media/2011/.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEx)

publicly available documents were intervening and superseding causes of the injuries and damages, if any, which Plaintiffs claim, thus barring Plaintiffs from any recovery against Apple.

## THIRTEENTH AFFIRMATIVE DEFENSE

420.   To the extent Plaintiffs have suffered any damages, they have failed to take reasonable steps to mitigate such damages.  On information and belief, Plaintiffs have been aware of Apple's conduct on which they base Apple's liability since at least January 2014, when Plaintiffs allege Apple attempted to misappropriate their alleged trade secrets, or, alternatively, since at least March 3, 2016, when Apple's U.S. Patent Publication No. 2016/0061726, which Plaintiffs allege contains their subject matter, published.  Plaintiffs' knowledge of such conduct by Apple is evidenced by their citation of Apple's patents that they now allege disclose their confidential information to the U.S. Patent and Trademark Office without any attempt by Plaintiffs to treat such information as confidential.  By failing to take steps earlier to prevent Apple's conduct that allegedly disclosed their alleged trade secrets and confidential information, Plaintiffs have failed to mitigate their damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

421.   Plaintiffs' Thirteenth Cause of Action claim is barred, in whole or in part, by the equitable doctrine of unclean hands because the Cause of Action is based in part on Plaintiffs' actions taken in violation of California Code, Business and Professions Code § 16600 and Unfair Competition Law, § 17200, et seq., and that are contrary to a strong public policy.

422.   Apple received a letter from Plaintiffs on or around January 24, 2014.  ECF 38-5 (January 24, 2014 Letter); *see also* ECF 60 at 4 (granting judicial notice).  The letter quoted portions of former employee Lamego's Employee Confidentiality Agreement with Cercacor and enclosed a copy of the Agreement.  ECF 38-5 at 5–9.  The letter stated, based on the terms of Lamego's Employee Confidentiality Agreement, that "we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare

technology, including mobile health applications and the measurement of physiological information." *Id.* at 5. The letter further stated that Plaintiffs found it "difficult to imagine any reason for [Apple's conduct in hiring Lamego] other than [that] Apple [was] attempting to gain access to, or . . . the benefit of, [their] trade secrets." *Id.* at 4. The letter accused Apple of "targeting" Plaintiffs' "personnel for some time," and demanded that Apple not employ Lamego in the field of "healthcare technology," because doing so "necessarily [would] involve the use or disclosure of [Cercacor's] trade secrets." *Id.*

423. The January 24, 2014 letter and Plaintiffs' actions violate California law. It is illegal for Plaintiffs to demand that Apple not employ Lamego in the field of "healthcare technology" because doing so "necessarily [would] involve the use or disclosure of [Cercacor's] trade secrets." ECF 38-5 at 5. Plaintiffs are controlling a former employee's choice of work (i.e., the area in which the employee may be employed) based only on the notion that the employee will "inevitably disclose" what they know.

424. Plaintiffs based their illegal request on portions of Lamego's Employee Confidentiality Agreement that are void as a matter of law because they restrain Lamego's ability to practice his profession. Specifically, the Agreement purports to "prohibit[] Lamego, for a period of two years after the end of his employment with Cercacor, from competing with Cercacor." *Id.* at 4.

425. Plaintiffs maintained in the January 24, 2014 letter that such clauses of Lamego's Employee Confidentiality Agreement were valid because their purpose was to protect trade secrets (*id.*)—but the noncompete clauses in the Agreement are not narrowly tailored or carefully limited to the protection of trade secrets, but rather are so broadly worded as to restrain competition and therefore are void. Plaintiffs' clauses are not triggered only when the former employee's services for a competitor implicate the use of confidential information; rather, they are always triggered unless the former employee can "prove that the action was taken without the use or disclosure of any of [Cercacor's] trade secrets" (*id.* at 5). These clauses are thus facially void under

California Code, Business and Professions Code § 16600.  Plaintiffs' use of this illegal noncompete agreement also violates the Unfair Competition Law, § 17200, et seq.

426.   Plaintiffs rely on the January 24, 2014 letter as a basis to charge Apple with knowledge of their purported trade secrets, as an element of their Thirteenth Cause of Action.  Plaintiffs allege that, because of Plaintiffs' illegal conduct—sending Apple a copy of Lamego's Employee Confidentiality Agreement with Cercacor and demanding that Apple not employ Lamego in the field of healthcare technology—Apple knew or had reason to know that its knowledge of Plaintiffs purported trade secrets was derived from Lamego who owed a duty to Plaintiffs to maintain their secrecy.

427.   As a result of Plaintiffs' illegal conduct, Apple has incurred unnecessary expenses and has suffered other economic injury associated with Plaintiffs conduct.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses.  Apple has not knowingly and intentionally waived any applicable defenses.  Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues, as discovery may require, and/or if the Court lifts the current stay of the patent infringement case (ECF 220).

## JURY TRIAL DEMAND

Apple demands a trial by jury on all issues so triable.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

1    Dated:  May 5, 2021                      Respectfully submitted,

2                                             JOSHUA H. LERNER
                                              H. MARK LYON
3                                             BRIAN M. BUROKER
                                              BRIAN A. ROSENTHAL
4                                             ILISSA SAMPLIN
                                              ANGELIQUE KAOUNIS
5                                             BRIAN K. ANDREA
                                              GIBSON, DUNN & CRUTCHER LLP
6

7
                                              By:  */s/ Joshua H. Lerner*
8                                                  Joshua H. Lerner

9
                                              *Attorneys for Defendant Apple Inc.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)