JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S *EX PARTE* APPLICATION FOR AN ORDER DIRECTING DEPOSITIONS TO PROCEED REMOTELY**<br><br>**<u>OPPOSED</u>**<br><br>*EXPEDITED CONSIDERATION REQUESTED*<br>Magistrate Judge John D. Early<br>No Hearing Noticed |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

For the past 14 months, litigants across the country have been conducting depositions remotely in view of the health and safety challenges of the global pandemic. With less than two months left in fact discovery and dozens of depositions that have not yet started to complete, Plaintiffs seek to deviate from this practice, which has protected deponents and litigants from unnecessary safety risks during the pandemic, and demand that Apple force its employees and counsel to travel to Plaintiffs' offices in San Francisco to sit for nearly 100 hours of combined in-person depositions. The pandemic is not yet over. An average of 48,004 people in the United States were diagnosed with COVID-19 on each of the seven days leading up to Plaintiffs' latest demand for in-person depositions. *See Coronavirus in the U.S.: Latest Map and Case Count*, The New York Times (Updated May 10, 2021). In-person depositions require individuals from numerous households to travel across state lines and gather together indoors for long periods of time—factors which increase the risk of COVID-19 transmission. For numerous reasons, including the health and safety of Apple's employees and counsel, who are still largely working from home, Apple opposes Plaintiffs' demand for in-person depositions and requests that the Court order that depositions in this case—which must be completed within the next two months—proceed remotely.

Apple requests *ex parte* relief because an urgent resolution of this issue is necessary. The parties stipulated to take 100 hours of depositions per side, Plaintiffs served deposition notices on 12 Apple employees, and fact discovery closes on July 5, 2021—which means there is a *large* amount of deposition testimony to accomplish in this case in a short period of time. The deposition process therefore needs to get moving quickly, and the deponents need dates certain for their depositions so that they can plan their work and personal lives over the less than two months remaining in fact discovery.

Apple is ready and willing to proceed with these depositions expeditiously, and has provided to Plaintiffs specific dates in May and June 2021 for each deposition to

take place remotely. Rather than complying with the current public health guidance and accepting the dates Apple offered for remote depositions, Plaintiffs insist that Apple select a *future* date by which its employees will commit to being "comfortable" with in-person depositions, so that depositions in the case can be pushed to that future date. This appears to be a delay tactic to extend fact discovery past the Court-ordered July 5 deadline, and keep the deposition dates in this case in limbo. Plaintiffs will suffer no prejudice by proceeding remotely and on schedule. Remote depositions provide a perfectly suitable way to keep this case on schedule while respecting the health and safety concerns of the litigants and their counsel. Apple respectfully requests that the Court order the depositions proceed remotely on the current case schedule.

## II. BACKGROUND

On April 19, 2021, Plaintiffs served Notices of Deposition on twelve Apple employees. Andrea Decl. ¶ 4, Ex. A. Eleven of the notices called for in-person appearances at Plaintiffs' counsels' office in San Francisco, CA. *Id.* Plaintiffs also noticed one remote deposition of an Apple employee who resides in Japan. *Id.* Apple promptly confirmed that it was working with the noticed deponents to obtain their availability for deposition, and requested that Plaintiffs "arrange to take the depositions remotely." *Id.* ¶ 5, Ex. B. Apple explained that due to Apple's COVID-19 precautions, the noticed deponents were working remotely for the foreseeable future, likely at least until September 2021. *Id.* On Saturday, April 24, 2021, Plaintiffs responded that they intended to depose Apple's employees in person, regardless of Apple's precautions, and demanded that Apple provide dates for in-person depositions. *Id.* ¶ 6, Ex. C.

Apple replied to Plaintiffs on April 28, 2021, explaining that litigants—including Plaintiffs—have been taking and defending remote depositions over the course of the past year or more, and noting that Plaintiffs had provided no explanation for why remote depositions would be inferior or infeasible here. *Id.* ¶ 7, Ex. D. Apple followed up the next day, April 29, and provided deposition dates for the majority of the noticed deponents, with the first being May 25, 2021 and the last being June 22, 2021. *Id.* ¶ 8,

Ex. E. Apple explained that it was still working with the remaining few proposed deponents to confirm their availability. *Id.* Given the many demands on the schedules of the proposed deponents, Apple requested that Plaintiffs promptly confirm whether they had any conflicts with the dates offered. *Id.* Plaintiffs did not respond until late at night on May 4, 2021, demanding that Apple "let us know when [the] deponents will be comfortable with an in-person deposition." *Id.* ¶ 9, Ex. F. Plaintiffs opined—without factual or legal support—that deponents should agree to be deposed in person due to "the low rate of coronavirus," and the "widespread availability of vaccines." *Id.* Plaintiffs insisted—again without support—that conditions had "drastically improved today compared to the past year, and even compared to a few weeks ago." *Id.*[1]

On May 7, Apple provided deposition dates for the remaining few individuals and reiterated that depositions should proceed remotely for health and safety reasons. *Id.* ¶ 10, Ex. G. Apple explained that Plaintiffs in this case have been taking and defending remote depositions for months, including very recently, and have identified no prejudice that they would suffer as a result of taking remote depositions in this case. *Id.* Apple asked Plaintiffs to confirm by Monday, May 10 that they would agree to proceed remotely here as well. *Id.* Plaintiffs have not yet responded to the substance of this email except to note their intent to oppose Apple's ex parte application. *Id.* ¶ 11, Ex. H.

With fact discovery scheduled to close in less than two months, it is imperative that the parties begin moving forward with depositions. And with the pandemic not yet over, and Apple employees and counsel largely still working from home, Apple believes it imperative that those depositions proceed remotely. In view of Plaintiffs' refusal, and the impending fact discovery deadline, Apple was left with no choice but to bring this *ex parte* application for immediate relief.

---

[1] These assertions are sadly contradicted by publicly available data. On May 4, 2021, despite Plaintiffs' insistence that the rate of coronavirus was "low," and that conditions had "drastically improved today compared to the past year," 40,531 people in the United States were diagnosed with COVID-19, compared with 21,962 new cases one year prior on May 4, 2020. *See Coronavirus in the U.S.: Latest Map and Case Count*, The New York Times (Updated May 10, 2021).

### III. LEGAL STANDARD

Rule 30(b)(4) of the Federal Rules of Civil Procedure allows depositions to "be taken by telephone or other remote means" upon stipulation or by court order. Fed. R. Civ. P. 30(b)(4). Courts employ a two-step analysis when determining whether to permit remote depositions: "First, the proponent must advance a legitimate reason for seeking a remote deposition. Second, if that foundational showing is made, then the burden shifts to the opposing party to make a 'particularized showing' that conducting the deposition by remote means would be prejudicial." *Swensen v. GEICO Casualty Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (internal citations omitted).

During the COVID-19 pandemic, Courts have consistently held that leave to proceed with remote depositions should be liberally granted. *See, e.g.*, *Hernandez v. Bobst Grp. N. Am., Inc.*, 2020 WL 6063143, at *2 (E.D. Cal. Oct. 14, 2020).

### IV. ARGUMENT

"Because of the COVID-19 public health emergency… depositions via Zoom and other remote means have become a necessary and regular occurrence in legal proceedings." *Raiser v. San Diego County*, 19-cv-751, 2021 WL 118901, at *6 (S.D. Cal. Jan. 13, 2021); *see also Grupo Petrotemex, S.A. de C.V. v. Polymetrix A.G.*, No. 16-cv-2401, 2020 WL 4218804, at *2 (D. Minn. July 23, 2020) (explaining that conducing depositions remotely has become commonplace during the COVID-19 pandemic). Courts regularly order depositions to occur "by remote means if either party prefers that due to the COVID-19 pandemic." *Franco v. Does*, No. 20-cv-05035, 2020 WL 7121536 (C.D. Cal. Sept. 14, 2020). Due to the ongoing health risks posed by the COVID-19 pandemic, it is imperative to Apple that the depositions in this case over the remaining two months of fact discovery proceed remotely. Plaintiffs are unable to articulate any prejudice that will befall them if the depositions are remote, but nonetheless threaten to delay depositions unless and until Apple agrees to require its employees to appear in person at Plaintiffs' offices. Plaintiffs' demands are irrational and unprecedented during a global pandemic of this nature. Apple already provided Plaintiffs with available dates

for each noticed deposition to proceed remotely—dates *before* the close of fact discovery that will enable Plaintiffs to get testimony from the deponents they want, while keeping this case on schedule. Delaying depositions until the public health crisis abates is unwarranted where, as here, remote depositions are a safe and viable alternative.

### A. Apple Has Identified Numerous Legitimate Reasons for Proceeding with Remote Depositions

Courts widely recognize that the health risks caused by the COVID-19 pandemic present a "legitimate reason for a remote deposition." *Schoonover v. Iovate Health Sciences U.S.A., Inc.*, 20-cv-01487, 2020 WL 7094061, at *1 (C.D. Cal. Nov. 9, 2020) (citing *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 211 (D. Nev. 2020) ("physical distancing orders related to the current pandemic are legitimate reasons for holding depositions remotely.")).

The Centers for Disease Control and Prevention and the San Francisco Department of Public Health continue to caution against unnecessary in-person meetings with members of multiple households (regardless of vaccination status). In fact, the San Francisco Department of Public Health Order of the Health Officer dated May 6, 2021 "*[r]equires* that many businesses continue to maximize the number of people who work remotely from home to the extent possible." (emphasis added). Apple has done so by directing its employees to work remotely to every extent possible, and intends to continue doing so until at least September.

Even with the increase in availability of vaccinations and the precautions that can be implemented, in-person depositions still pose numerous recognized risks. That is precisely why current CDC Guidelines recommend "us[ing] videoconferencing or teleconferencing when possible for work-related meetings or gatherings" and avoiding multi-household gatherings when possible. *See* Centers for Disease Control and Prevention, Guidance for Businesses and Employers Responding to Coronavirus Disease 2019 (COVID-19), last updated Mar. 8, 2021. The use of such remote technology is entirely possible here. Plaintiffs have no good reason for resisting its

use—particularly where the parties have so little time to begin and complete so much deposition testimony that requires participation by witnesses and counsel located across many different states.  *See Hernandez*, 2020 WL 6063143, at *4 ("The safety of participants is particularly at risk when they must travel out of state to attend the deposition, as is the case here.").

To put a finer point on it, the parties have stipulated to taking 100 hours of deposition testimony on each side and Plaintiffs have noticed the depositions of 12 Apple employees.  None of this deposition testimony has occurred yet; there is *much* to accomplish before the impending close of fact discovery.  Conducting these depositions in person over the remaining less than two months of fact discovery would force at least a dozen combinations of individuals from many different households to spend hours together indoors, increasing the risk of COVID-19 transmission.  *See, e.g.*, City and County of San Francisco, Dep't. of Public Health, Order of the Health Officer (May 6, 2021) ("The more people who interact…[and] [t]he longer the duration of contacts, the higher the risk of virus transmission.").  Plaintiffs propose staffing the depositions with vaccinated attorneys, videographers, and court reporters, but "despite [plaintiffs'] counsel's best efforts, it has no control over third parties' compliance and comfort with COVID-19-related precautions and cannot guarantee the safety of the parties, counsel, deponents, videographers, court reporters, or other attendees."  *See Hernandez*, 2020 WL 6063143, at *4.  Moreover, Plaintiffs' proposal does not speak to the deponents themselves, and—Apple is restricted by law from divulging its employees' medical information to Plaintiffs.  *See* Cal. Civ. Code § 56.20.  Further complicating matters is the time it takes for vaccinations to confer immunity.  Even if the deponents and other deposition participants receive vaccinations prior to their rapidly approaching deposition dates, the single-dose Johnson & Johnson vaccine takes at least two weeks to begin conferring protection, and the two-dose Pfizer and Moderna vaccines likewise take at least two weeks to confer immunity following delivery of the *second* dose.  All told, it can take roughly six weeks from the first shot of a given vaccine to reach full immunity

and protection. Apple should not be required to make deponents, counsel, and staff available in person when public regulations currently warn against it—especially since there is an adequate remote alternative.

### B. Plaintiffs Offer No "Particularized Showing" To Support Their Demand for In-Person Depositions

Because Apple has identified legitimate reasons for proceeding with remote depositions, the burden shifts to Plaintiffs to make a "particularized showing" as to why remote depositions would be prejudicial. *Swensen*, 336 F.R.D. at 209. Plaintiffs have not made any showing, let alone the requisite particularized one. Plaintiffs have not provided a single reason as to why remote depositions would be prejudicial; they merely assert that they "plan to take these depositions in person" and "do not believe it is reasonable" for Apple to oppose this plan in light of the "low rate of coronavirus," and "widespread availability of vaccines." Andrea Decl. ¶¶ 7, 10; Exhibits B, F. Simply asserting a preference for in-person testimony (and unilaterally claiming that COVID-19 concerns have abated) is insufficient to overcome Apple's legitimate reasons for its request to proceed remotely. *See Doyel v. ATOS IT Sols. & Servs., Inc.*, 2020 WL 6528421, at *1 (C.D. Cal. June 15, 2020) (ordering remote depositions where counsel failed to "identify[] any specific prejudice or burden," but merely "expresse[d] a preference" to be in-person).

Remote depositions have been proceeding successfully across the state and nation for over a year now. In fact, Plaintiffs themselves have taken and defended numerous remote depositions in recent weeks and months. Andrea Decl. ¶ 10. It comes as no surprise that Plaintiffs have not been able to make a particularized showing of prejudice, as "ample resources exist for counsel to prepare themselves to proceed by video to facilitate the smooth operation of a remote deposition." *Swenson*, 336 F.R.D. at 212 (rejecting "speculat[ion] that remote depositions are cumbersome and are otherwise insufficient substitutes for in-person depositions."). Courts have found that remote videoconference depositions "tend to be effective and efficient." *Newirth v. Aegis*

*Senior Comms. LLC*, 2020 WL 4459120, at *1 (N.D. Cal. May 27, 2020) (internal citations omitted).  Plaintiffs cannot put forth any compelling reason to put the health of deponents, counsel, videographers, and court reporters at risk, simply to accommodate Plaintiffs' preference.  Courts nationwide have specifically rebuffed the suggestion that remote depositions are prejudicial, and some have even held that videoconferencing allows for "greater efficiency during depositions" with regard to the handling of deposition exhibits, and "provides a better opportunity for observing a witness' demeanor because the witness would not need to wear a mask."  *Mosiman v. C & E Excavating, Inc.*, 2021 WL 1100597, at *2-3 (N.D. Ind. Mar. 23, 2021) (citing *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 576 (S.D.N.Y. July 11, 2020)).

Plaintiffs demand that Apple require its employees to name a date by which they would be comfortable proceeding in-person, presumably in an effort to push the depositions off until that date.  *See* Andrea Decl. ¶ 9, Ex. F.  Courts have repeatedly rejected such efforts to "delay the depositions at issue to an unspecified date once the health and safety concerns due to the pandemic permit."  *Swenson*, 336 F.R.D. at 212 (commenting that "no one knows when that will occur and there are alternatives in that such depositions can be taken now by remote means") (internal quotations omitted).  Fact discovery in this case closes in less than two months, and Plaintiffs' refusal to accommodate remote depositions is not a reason to veer off the case's Court-ordered schedule.  *See Doyel*, 2020 WL 6528421, at *1 ("[T]he pandemic is not a reason to delay depositions conducted remotely."); *United States for use and benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. May 8, 2020) (finding no good cause to extend fact discovery for sixty days where parties were "rejecting the use of remote videoconference depositions for reasons of convenience and not true prejudice.").  Plaintiffs will suffer no prejudice if ordered to take depositions remotely, as they and countless other litigants across the country have been doing regularly for the past year.  The depositions in this case need to proceed expeditiously.  The most efficient and equitable way for them to do so is remotely.

### C. *Ex Parte* Relief Is Necessary And Appropriate

*Ex parte* relief is appropriate here because the rapidly approach fact discovery cut-off makes this request urgent. This Application could not be heard according to regularly-noticed motion procedures, as a regularly-noticed motion would not be heard until June 10, 2021, and the noticed depositions are scheduled to begin May 25, 2021.

The deadline for fact discovery is July 5, 2021 (Dkt. 37), and the parties have agreed that each side may take up to 100 hours of combined deposition testimony before that date; therefore, urgent relief is required for all of this deposition testimony to be completed during the fact discovery period (which is entirely possible if the depositions proceed remotely and begin this month, as is true of the schedule of dates Apple provided to Plaintiffs). Moreover, Apple is without fault in creating the need for *ex parte* relief. This Application is necessitated by Plaintiffs' refusal to follow the common practice of respecting the health and safety of other parties and litigants by taking depositions remotely during a global pandemic.

### V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court issue an Order compelling Plaintiffs to proceed with depositions remotely and on the dates Apple has agreed to make each of its deponents available in May and June 2021, or on other mutually agreeable dates.

Dated: May 10, 2021                    Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian K. Andrea*
        Brian K. Andrea

*Attorneys for Defendant Apple Inc.*