JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DECLARATION OF BRIAN K. ANDREA IN SUPPORT OF APPLE'S EX PARTE APPLICATION FOR AN ORDER DIRECTING DEPOSITIONS TO PROCEED REMOTELY**<br><br>Magistrate Judge John D. Early<br>No Hearing Noticed<br><br>Discovery Cut-Off:   7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:                4/5/2022 |

# DECLARATION OF BRIAN K. ANDREA

I, Brian K. Andrea, declare and state as follows:

1. I am an attorney permitted to practice law before this Court *pro hac vice* and am licensed to practice law in the District of Columbia and the Commonwealth of Virginia. I am an associate with the law firm of Gibson, Dunn & Crutcher and counsel of record for Apple Inc. ("Apple") in the above-captioned action.

2. I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3. I make this declaration in support of Apple's *Ex Parte* Application for an Order Directing Depositions to Proceed Remotely.

4. On April 19, 2021, Plaintiffs served deposition notices for twelve Apple employees via email. Eleven of the deposition notices called for in-person depositions at the offices of Knobbe, Martens, Olson & Bear LLP in San Francisco, CA. One deposition notice called for a remote deposition of a witness located in Japan. Attached hereto as **Exhibit A** is a true and correct copy of the email and deposition notices sent by Karina Villanueva (litigation paralegal for Plaintiffs) on April 19, 2021.

5. On April 21, 2021, I emailed counsel of record for Plaintiffs to explain that depositions would need to occur remotely as Apple employees are still working remotely for the foreseeable future, at least until September 2021, due to the COVID-19 pandemic. I asked Plaintiffs to arrange to take the depositions remotely. Attached hereto as **Exhibit B** is a true and correct copy of the email I sent to Plaintiffs' counsel on April 21, 2021.

6. On Saturday, April 24, 2021 at 10:37 pm PDT, Adam Powell (counsel of record for Plaintiffs) replied that Plaintiffs plan to take the noticed depositions in person and stated that COVID-19 vaccines are now available to all adults over age 16 and that Plaintiffs would "ensure the questioning attorney, court reporter, and videographer are all fully vaccinated." Attached hereto as **Exhibit C** is a true and correct copy of the email sent by Adam Powell on April 24, 2021.

7. On April 28, 2021, I responded to Mr. Powell's email and noted that there are factors other than vaccine availability that merit remote depositions. I also noted that it was unclear from Plaintiffs' prior emails why a virtual deposition would be inferior or infeasible, given that litigants (including Plaintiffs in this case) have been taking and defending virtual depositions over the course of the past year or more. Attached hereto as **Exhibit D** is a true and correct copy of the email I sent to Plaintiffs' counsel on April 28, 2021.

8. On April 29, 2021, I sent counsel for Plaintiffs an email with a list of available dates for a majority of the noticed depositions and asked Plaintiffs to confirm their availability on those dates. Attached hereto as **Exhibit E** is a true and correct copy of the email I sent to Plaintiffs' counsel on April 29, 2021.

9. On May 4, 2021, Alan Laquer (counsel of record for Plaintiffs) requested that Apple reserve all the dates set forth in my April 29, 2021 email but stated that "the dates may need to change based on the in-person deposition issue." Mr. Laquer asked that Apple provide a date by which each individual "will be comfortable with an in-person deposition" and stated that "[g]iven the low rate of coronavirus, the widespread availability of vaccines, and our assurance that counsel for Plaintiffs, court reporters, and videographers will all be fully vaccinated, we do not believe it is reasonable for Apple or a witness to object to in-person depositions without substantial cause. Conditions have drastically improved today compared to the past year, and even compared to a few weeks ago. We look forward to receiving your confirmation as to when each of the deponents agrees to being deposed in person." Attached hereto as **Exhibit F** is a true and correct copy of the email sent by Alan Laquer on May 4, 2021.

10. On May 7, 2021, I responded to Mr. Laquer and provided deposition dates for the remainder of the noticed depositions. I wrote that "there is no reason why remote depositions are inferior or infeasible and Plaintiffs have identified no prejudice that they would suffer as a result of taking the depositions remotely." I also noted that parties across the country have been engaging in remote depositions for the course of the global

pandemic, and that Plaintiffs themselves have taken and defended virtual depositions for months, including recently in IPR proceedings related to Plaintiffs' asserted patents. I asked counsel for Plaintiffs to confirm by Monday, May 10 that they would agree to remote depositions. Attached hereto as **Exhibit G** is a true and correct copy of the email I sent to Plaintiffs' counsel on May 7, 2021.

11. Pursuant to Local Rule 7-19.1, on May 10, 2021, shortly after 12:00 pm PDT, I called and left a voice message for Alan Laquer (counsel of record for Plaintiffs) advising him of the date and contents of Apple's *Ex Parte* Application, and asking whether Plaintiffs will oppose. I then called Adam Powell (also counsel of record for Plaintiffs) and conveyed the same information, which Mr. Powell said he would pass along to Mr. Laquer. At 4:24 pm PDT, Mr. Laquer indicated by email that Plaintiffs intend to oppose Apple's *Ex Parte* Application. Attached hereto as **Exhibit H** is a true and correct copy of the email sent by Mr. Laquer on May 10, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATE: May 10, 2021

By: */s/ Brian K. Andrea*
Brian K. Andrea

Gibson, Dunn & Crutcher LLP

ANDREA DECL. ISO APPLE'S *EX PARTE* APPLICATION FOR AN ORDER RE: REMOTE DEPOSITIONS — 3 — CASE NO. 8:20-CV-00048-JVS (JDEx)