UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>ORDER RE: DEFENDANT'S *EX PARTE* APPLICATION (DKT. 371) |

This matter is before the Court pursuant to Defendant Apple Inc.'s ("Apple") *Ex Parte* Application for an Order Directing Depositions to Proceed Remotely (Dkt. 371, "Application"), supporting Memorandum of Points and Authorities (Dkt. 371-1, "Mem."), and Declaration of Counsel (Dkt. 371-2) with supporting Exhibits (Dkt. 371-3).

By its Application, Apple seeks an order that 11 depositions of Apple employees, noticed by Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") to proceed in May and June 2021, in-person, in San Francisco, California, instead proceed remotely by videoconference under Rule 30(b)(4) of the Federal Rules of Civil Procedure due to the continuing COVID-19 pandemic

and Apple's assertion that "due to Apple's COVID-19 precautions, the noticed deponents were working remotely for the foreseeable future, likely at least until September 2021. See Mem. at 2-4. Apple seeks "expedited consideration" of the "urgent" Application. Mem. at 1, 2, 9. Plaintiffs oppose the Application. Dkt. 373.

Apple did not provide declarations from the deponents, nor did Apple's declaration of counsel attest that counsel had personally spoken to the deponents to ascertain the deponents' positions. See Dkt. 371-2. Thus, the Court does not have sufficient evidence upon which to conclude that the deponents themselves have concerns about appearing in-person for depositions. Further, during the meet and confer process, Apple argued that "it is not reasonable for Plaintiffs to insist that the noticed deponents take risks that they are not required to take as part of their regular job duties." Dkt. 371-2 at 66. However, Apple did not provide evidence that the deponents have not recently attended in-person work meetings "as part of their regular job duties" and are not expected to do in the immediate future. Despite these evidentiary deficiencies, due to the seriousness of the issues raised, the Court will not deny the Application outright, but will instead provide Apple with an opportunity to make an appropriate showing in a timeframe consistent with the "urgency" Apple asserts exists.

THEREFORE, having considered the documents filed in support of and in opposition Application,

IT IS HEREBY ORDERED that the Application (Dkt. 371) is GRANTED, in part, subject to the following condition. If Apple's counsel provides a declaration by counsel to counsel for Plaintiffs by 5:00 p.m. on May 12, 2021, that identifies by name each of the 11 Apple employee-deponents who are the subject of the Application, and, for each deponent, attests that counsel has either spoken with or received an electronic communication directly from each such deponent, and answers, for each such deponent based on such communication: (a) whether the deponent states the deponent uncomfortable proceeding with an in-person

deposition due to COVID-19; (b) whether the deponent has, for the preceding 30 days, worked for Apple remotely-only; (c) whether the deponent has attended any in-person work-related meeting during the preceding 30 days; and (d) whether the deponent has been advised that Apple requires the deponent to work remotely for the next 60 days. Confirmation of items (b), (c), and (d) are included based on the arguments and assertions made by Apple in the Application.

For each Apple employee-deponent referenced in a timely declaration by counsel who has advised counsel that the deponent is not comfortable proceeding with an in-person deposition due to COVID-19, has only worked remotely for Apple in the preceding 30 days, has not attended any in-person work meetings in the preceding 30 days, and has been advised by Apple that the deponent-employee will be required by Apple to continue to work remotely for the next 60 days, good cause will have been shown, the Application is GRANTED, and each such deponent may appear remotely on the date Apple has agreed to make such deponent available in May and June 2021, or on another date mutually agreeable by the parties. For any deponent as to whom such a certification is not timely made, good cause has not been shown, and the Application is DENIED. This order relates solely to the in-person or remote appearance of the deponents; other persons are authorized to appear remotely at any of the 11 depositions. This Order is based on the information provided in and the relief sought by the Application. It does not preclude any person from seeking other relief relating to in-person or remote deposition procedures, upon an appropriate showing, by way of a regularly noticed motion pursuant to Local Civil Rule 37-1 to 37-14.

IT IS SO ORDERED.

Dated: May 11. 2021

JOHN D. EARLY
United States Magistrate Judge