UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   Order Re: Defendant's Motion to De-Designate [Dkt. 336]

## I.
## INTRODUCTION

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed their original complaint in this action against Defendant Apple Inc. ("Defendant") on January 9, 2020. See Dkt. 1. On November 13, 2020, Plaintiffs filed a Third Amended Complaint ("TAC") alleging claims for: (1) patent infringement (12 counts); (2) trade secret misappropriation under California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.; (3) correction of inventorship (6 counts); and (4) declaratory relief (7 counts). See Dkt. 230-2 (redacted). On February 5, 2021, Plaintiffs filed an application to file a Fourth Amended Complaint ("4thAC") under seal, which included a redacted and a sealed unredacted copy of the 4thAC. Dkt. 295-2, 296-1 (sealed). Plaintiffs' application to file the 4thAC under seal remains pending. Defendant filed an Amended Answer to the 4thAC with a sealing application on May 5, 2021, noting that Plaintiffs had designated information referenced in the Amended Answer as "highly confidential," but arguing that Defendant "believes there are no grounds to seal this purportedly confidential information because all such information is publicly available and/or does not qualify for trade secret protection." See Dkt. 367 at 2. On May 7, 2021, Judge Selna, finding good cause, ordered that Defendant's Amended Answer was to be filed under seal. Dkt. 369.

On April 8, 2021, Defendant filed a "Motion to De-Designate" (Dkt. 336), with a Local Rule 37 joint stipulation and supporting and opposing declarations and exhibits, some of which were filed under seal. See Dkt. 336 ("Motion"), 336-1 ("Joint Stipulation" or "Jt. Stip."), 334, 335, 336-2 to 336-4. Defendant seeks an order de-designating three categories of information that Plaintiffs have designated as "HIGHLY CONFIDENTIAL-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

ATTORNEYS' EYES ONLY" ("AEO") in the 4thAC, Amended 2019.210 Disclosures, and ESI Disclosures. The parties filed Supplemental Briefs with requests to file under seal on April 15, 2021. Dkt. 338-343. The sealing requests associated with the Motion and the supplemental memoranda were granted. Dkt. 354.

Based on the more than 1000 pages of material, including sealing applications and sealed materials, submitted in connection with this Motion, the Court found the Motion may properly be decided without oral argument and vacated the hearing date. Dkt. 356. Having considered the documents filed in support of and in opposition to the Motion, including the parties' Joint Stipulation and respective Supplemental Memoranda, as well as the parties' declarations and exhibits, and all other matters properly before the Court, the Court rules as follows.

## II.
## THE OPERATIVE LANGUAGE IN THE PROTECTIVE ORDER

The parties contend that the June 30, 2020 Protective Order governs the dispute here. Paragraph 4.8 of the Protective Order defines "Disclosure or Discovery Material" as "all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery." Dkt. 67 at 5. Section 4.16 defines "Protected Material" as "any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL,' [']HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,' OR 'HIGHLY CONFIDENTIAL – SOURCE CODE.'" Id. at 6.

Here, most of the information in dispute is contained within the 4thAC, and thus, does not appear to fall within the Protective Order's definition of "Disclosure or Discovery Material," and instead, may properly be governed by the currently pending application to seal the 4thAC before the District Judge. As the parties appear to agree that the Protective Order should govern the entire dispute here, the Court will broadly interpret the disputes in the 4thAC as "disclosures" as defined in the Protective Order, but any finding on this Motion as it relates to the 4thAC does not control any determination by Judge Selna with respect to the pending sealing application as to the 4thAC.

Paragraph 4.4 defines "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items as:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

extremely confidential and/or sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.

Dkt. 67 at 3-4. Paragraph 9.3 governs the disclosure of AEO information or items, which provides that "[u]nless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 9.2(a), (c)-(i), who are not competitive decision-makers of a Party as defined by applicable authorities." Paragraph 9.2(a), (c)-(i) excludes: "(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action . . . .(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary . . . ." Id. at 13-17.

Under Paragraph 8.1, "[a]ny Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order." "The burden of persuasion in any such challenge proceeding shall be on the Designating Party." Paragraph 8.4. Dkt. 67 at 11-12.

### III.
### DISCUSSION

Defendant moves to de-designate three categories of information. The Court addresses each as follows.

**A.   Allegations in the 4thAC and Amended Section 2019.210 Disclosure**[1]

   1.   Headings in Section VI of the 4thAC

Defendant contends that "[n]ames that merely reflect the broad categories of Plaintiffs' alleged trade secrets . . . do not themselves reveal confidential, let alone extremely confidential, sensitive confidential, or trade secret, information. Nor is their disclosure to Apple in-house counsel or Apple personnel likely to cause harm or significant competitive disadvantage to Plaintiffs." Jt. Stip. at 12. Defendant maintains that outside counsel needs to be able to explain to Defendant's witnesses the general subject matter of the claimed technical trade secrets at issue. Id. at 14-15.

---

[1] This findings shall apply equally to the corresponding disclosures in the Amended Section 2019.210 Disclosure to the extent applicable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

    In opposition, Plaintiffs have submitted the declaration of Mohamed Diab, co-founder and a senior research scientist at Masimo Corporation, wherein he attests that Plaintiffs "identified categories of asserted trade secrets reflect Plaintiffs' acquired knowledge of which techniques, processes, and methods are most appropriate to achieve Plaintiffs' desired results" and disclosure of these categories would inform Plaintiffs' competitors regarding which aspects of Plaintiffs' technology and techniques "are important and suggest areas where Plaintiffs' competitors should focus their research" and would give them "an unfair head start." Dkt. 336-4, Declaration of Mohamed Diab ("Diab Decl.") ¶¶ 5-7.

    "Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." Nutratech, Inc. v. Syntech Int'l, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citing Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)). Here, Plaintiffs have not met their burden of showing that the category headings qualify as "extremely confidential" or "sensitive 'Confidential Information or Items.'" Plaintiffs have not consistently labeled these category headings as AEO (see Exh. O at 272), and as Defendant notes, Judge Selna has previously found that three of the four headings at issue are "certainly not narrow enough to define a clearly identifiable trade secret." Dkt. 219 at 6. These broad, generalized headings merely describe categories of alleged trade secrets, but do not provide any actual, specific technical information or techniques. See Mitchel Int'l, Inc. v. HealthLift Pharmacy Serv., LLC, 2020 WL 2736094, at *1 (D. Utah May 26, 2020). The Court is not persuaded by Mr. Diab's speculative concern that identifying these generic category headings would be "likely to cause harm or significant competitive disadvantage" by giving Plaintiffs' competitors "an unfair head start." On the other hand, restricting Defendant's access to the identify of the broad subject matters of the claimed trade secrets at issue would significantly impair its ability to defend itself. See id. at 3. Defendant must know broadly what trade secrets are at issue in order to address Plaintiffs' claims.

    Plaintiffs' purported concerns can be addressed by designating the category headings as confidential. Accordingly, under the Protective Order, the category headings at issue shall be re-designated "CONFIDENTIAL" information.

    2.    Allegations Regarding Trade Secrets (Paragraphs 40(10)-(15), 42(4)-(5), 235, and 243 of the 4thAC)

Defendant contends that it is improper for Plaintiffs to seek the AEO designation as to these alleged trade secrets because they are copied "nearly verbatim" from Defendants' published patents. Jt. Stip. at 16, 20. Defendant argues that because the allegations at issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

are contained within Defendant's patents, by publishing these patents, any trade secrets they contain have been destroyed. Id. at 15-16.

This argument is similar to Defendant's prior argument in support of its Motion to Dismiss the Thirteenth Cause of Action in the TAC wherein Defendant argued that Plaintiffs' alleged trade secrets were already disclosed by patents. See Dkt. 241 at 5-7. As Plaintiffs' note, Judge Selna declined to dismiss Plaintiffs' misappropriation claim on the basis of prior disclosure in Defendant's patents, finding that "the appropriate time to raise such an argument is during summary judgment." Dkt. 273 at 7. Quoting MACOM Techn. Soln's Inc. v. Litrinium, Inc., 2019 WL 4282906, at *7 (C.D. Cal. June 3, 2019), Judge Selna explained, "Whether the alleged trade secrets are actually generally known to the public is a question of fact and beyond the scope of a motion to dismiss." Id.; see also Dkt. 148 (Defendant's Opposition to Seal Documents, arguing there is no good cause to seal published patents), 152 (order granting application to seal). Separately, after Defendant had argued "there are no grounds to seal" information in Defendant's Amended Answer to the 4thAC, despite Plaintiffs' having designated information therein as "highly confidential," because, Defendant claimed, "all such information is publicly available and/or does not qualify for trade secret protection" (Dkt. 367 at 2), Judge Selna, finding good cause, ordered that Defendant's Amended Answer be filed under seal. Dkt. 369.

However, Judge Selna's prior rulings on these similar issues do not control the outcome here. In ruling on the motion to dismiss, as Judge Selna explained, he was bound by law to accept all well-pleaded factual allegations as true, to be distinguished from the iterative process of discovery as it relates to trade secret identification. See Dkt. 273 at 7. Here, the issue is whether Plaintiffs have met their burden of persuasion, without the benefit of pleading rules. Separately, in rejecting Defendant's argument against sealing its Amended Answer, Judge Selna did not find the material was AEO under the Protective Order. Instead, he found good cause for sealing under Local Rule 79-5.2. Designation of material under the Protective Order does not control a determination of whether the material may be filed under seal. See Dkt. 67 at ¶¶ 3, 16.3; Local Rule 79-5.2.2. By contrast, the issue here is whether, for purposes of this Motion, Plaintiffs have met their burden under the Protective Order to show the material is "extremely confidential and/or sensitive 'Confidential Information or Items, disclosure of which . . . is likely to cause harm or significant competitive disadvantage to" Plaintiffs. Such a determination is not, as Plaintiffs contend, a "merits" determination (see Jt. Stip. at 39); rather, it is a determination of whether Plaintiffs have met their burden under the Protective Order to designate material as AEO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Although a close call, the Court finds Plaintiffs have met their burden to show that, at least on the current record, the particular selections from Defendant's patents at issue, in combination with and in the context of Plaintiffs' trade secret allegations, represent extremely confidential and sensitive information, the disclosure of which, in that combined form and context, to a direct competitor, is likely to cause harm to Plaintiffs. See Jt. Stip. at 45-46; Diab Decl., ¶¶ 8, 9. Plaintiffs have made a sufficient showing to designate these allegations as AEO. Therefore, Defendant's Motion is DENIED as to these allegations.

    3.    <u>Contested Allegations in Paragraphs 234, 236-237, 241-242, 244, 247, 250, 253-254, 256, 258</u>

Plaintiffs have designated several paragraphs as AEO information because they refer to the trade secret categories discussed above. For the reasons previously explained in Section A(1), the following paragraphs shall be re-designated as Confidential only: Paragraphs 234, 237, 241, 242, 254, and 256. The Court also finds that Plaintiffs have not met their burden to designate the following Paragraphs as AEO information and instead, shall be re-designated as Confidential: Paragraphs 247, 250, and 253.

The Court adopts Plaintiffs' proposed revised AEO designations as to Paragraphs 236, 244, and 258 as indicated at pages 44-45 of the Joint Stipulation.

**B.**     <u>Images in 4thAC</u>

In the 4thAC, Plaintiffs have included pictures of the Apple Watch with arrows delineating specific components that Plaintiffs assert incorporate or use Plaintiffs' confidential techniques. While Defendant does not dispute that the arrows are subject to the AEO designation, it contends that the pictures of the Apple Watch following paragraphs 239 and 240 are already widely available on the Internet, and as such, do not reveal confidential, let alone "extremely confidential" or "sensitive 'Confidential' or Items.'" Jt. Stip. at 53.

Plaintiffs counter that their "creation, selection, and presentation of certain images of the Apple Watch were properly designated AEO because those images identify aspects of Plaintiffs' trade secrets and disclose highly confidential information about Plaintiffs' trade secrets." Jt. Stip. at 57. Mr. Diab attests in his declaration that the pictures point to specific confidential techniques. Diab Decl. ¶ 10. Plaintiffs have sufficiently shown that the photographs at paragraphs 239 and 240, which includes the annotations, contain extremely confidential and/or sensitive "Confidential Information or Items." Plaintiffs created specific images of the Apple Watch, incorporating certain components and annotations, to convey the specific features of the Apple Watch that Plaintiffs assert incorporate or use their confidential techniques. Context matters. A map of a narrow portion of the coast of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Normandy, with five arrows pointing to five specific beaches, found on an American tourist today, contains no sensitive information. The identical map, found on an American soldier in the England on June 5, 1944, would contain extremely sensitive information, even without the arrows. The Court will not redact or manipulate portions of images here. Defendants' Motion is DENIED as to these images in the context in which they appear.

**C.     ESI Disclosures**

In the last category of information, Plaintiffs have designated a chart identifying potential ESI custodians and their "areas of knowledge" as AEO information. Defendant contends that the names of Plaintiffs' employees are "easily found on LinkedIn" and the "generic phrases" regarding each individuals' areas of knowledge "would describe practically any of Plaintiffs' employees." Jt. Stip. at 66-67.

Plaintiffs contend that that their competitors could use this information to target and recruit Plaintiffs' employees who were involved in developing Plaintiffs' technology and trade secrets. Jt. Stip. at 69. Mr. Diab attests that they maintain their personnel information as confidential and "disclosing to Plaintiffs' competitors a list of Plaintiffs' employees who helped develop or who know about Plaintiffs' confidential technical or marketing information at issue here would harm Plaintiffs and benefit Plaintiffs' competitors because it would enable them to use that information to target and recruit Plaintiffs' critical research and marketing employees." Diab Decl. ¶ 11. Plaintiffs maintain this concern is "particularly acute with respect to disclosure to" Defendant as Defendant's "misappropriate of Plaintiffs' trade secrets included 'systematically hiring Plaintiffs' employees, including Masimo's former Chief Medical Officer, Michael O'Reilly, and many others.'" Jt. Stip. at 69.[2]

During the meet and confer process, Plaintiffs agreed to permit Defendant's in-house counsel to see the information, but otherwise maintained the AEO designation. Jt. Stip. at 66, 70. A meet and confer letter dated March 1, 2021, appears to suggest that this was a compromise reached by the parties, after which Defendant then demanded further de-designation. See Declaration of Angelique Kaounis, Dkt. 335-2, Exh. H at 49. Despite the extensive briefing on this Motion, however, Plaintiffs have not taken the position that in the Joint Stipulation that Defendant breached an agreement on this issue. Rather, Plaintiffs merely argue that "after giving the information to its in-house counsel, [Defendant] sought

---

[2] It appears that Plaintiffs previously agreed to de-designate to "confidential" other information in the chart that identified Defendant employees or consultants as potential ESI custodians. Jt. Stip. at 66 n.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

even broader disclosure by demanding that it be able to disclose the material to other employees." Jt. Stip. at 70. Thus, this "compromise" is not dispositive of the issue.

The Court finds the decision in Bryant v. Mattel, Inc., 2007 WL 5416687 (C.D. Cal. Feb. 6, 2007) persuasive in the matter. In that case, the court found that similar information was not appropriately designated as attorney's eyes only. In that case, Mattel designated a list of 150 witnesses, including its employees, which Mattel viewed as highly confidential and proprietary such that its disclosure to a competitor would cause substantial commercial harm. Id. at *2. MGA moved to compel Mattel to re-designate that portion of the list. In concluding that the witness list did not constitute protected AEO information, the court considered that Mattel did not submit a declaration attesting to any company policy to treat employee identities as confidential business information or evidence to show the witness list qualified as a trade secret, and noted that the witness list contained no details as to job titles, job functions, department affiliations or anything else that would assist a recruiter in evaluating a witness's potential employability at MGA. Rather, the list merely provided a "vague and brief description of the subject matter of their anticipated testimony." Id. at *4. The court in Bryant also rejected Mattel's assertion that MGA intended to use the list to recruit employees, explaining that any prohibition against MGA contacting Mattel's witnesses under any circumstances would be contrary to California's public policy and the protective order prohibited use of litigation materials for non-litigation purposes. Id. at *5.

Similarly, Plaintiffs seek to designate the names of their employees and generic, broad descriptions of their "areas of knowledge" as AEO information. While Plaintiffs have submitted a declaration attesting generally that Plaintiffs "maintain their personnel information as confidential," there is no explanation regarding what information this entails, including that employee identities are treated as confidential or that anything in this disclosure qualifies as a trade secret. Indeed, as Defendant notes, Mr. Diab is employed by Masimo and does not identify any role at Cercacor or that he has personal knowledge regarding Cercacor's confidentiality protocols. The fact that employees apparently are free to create LinkedIn accounts suggests that their names and general job descriptions are not maintained as "confidential business information." Further, as in Bryant, the Protective Order in this case limits use of protected material: "All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function." Dkt. 67 at Section 5.1. Plaintiffs have failed to sufficiently explain why their concerns for recruiting cannot be addressed by Section 5.1 of the Protective Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Accordingly, the Court finds Plaintiffs have not met their burden of designating the ESI disclosures at issue as AEO information and Plaintiffs shall re-designate this information as "Confidential."

## IV. CONCLUSION

Defendant's Motion (Dkt. 336) is GRANTED in part and DENIED in part. Based on the foregoing, and within ten (10) days of this Order:

1. Plaintiffs shall redesignate the following to "CONFIDENTIAL":
   a. Category Headings in Section VI of the 4thAC and Amended Section 2019.210 Disclosure;
   b. Paragraphs 234, 237, 241-242, 247, 250, 253-254, and 256 of the 4thAC; and
   c. ESI Disclosures.

2. Plaintiffs shall revise AEO designations as to Paragraphs 236, 244, and 258 of the 4thAC as indicated in pages 44-45 of the Joint Stipulation.

Defendant's Motion is DENIED in all other respects.

As noted above, with respect to the information contained in the 4thAC, this Order in no way limits Judge Selna's discretion with respect to the pending sealing application for the 4thAC.

IT IS SO ORDERED.