Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION TO COMPEL APPLE TO COMPLY WITH THE COURT'S ORDER (DKT. 355) BY SEARCHING TIM COOK'S DOCUMENTS** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") respectfully request leave to file under seal Documents Regarding Plaintiffs' Motion to Compel Apple to Comply with the Court's Order (Dkt. 355) by Searching Tim Cook's Documents. Plaintiffs have provided a proposed redacted version of the supporting Joint Stipulation.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Plaintiffs seek to seal contains information that one or both of the parties consider confidential. Exhibit 2 is an unredacted copy of the Joint Stipulation Regarding Apple's Motion to Compel Plaintiffs to Immediately Proceed with ESI Discovery (Dkt. 332-1), which includes highly confidential information regarding Plaintiffs' trade secrets, as well as information about Apple's employees that Apple asserts is confidential. Powell Decl. ¶ 4. Exhibit 5 is an unredacted copy of Plaintiffs' Fourth Amended Complaint (Dkt. No. 296-1), which describes Plaintiffs'

-1-

trade secrets. *Id.* The proposed redacted portions of the Joint Stipulation discuss Plaintiffs' trade secrets. *Id.* This information is confidential and valuable to Plaintiffs in part because of its secrecy. *Id.* Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.* Thus, Plaintiffs would be harmed if these trade secrets were disclosed. *Id.*

Exhibit 19 is an email chain between Plaintiffs and Apple regarding a meeting to discuss Plaintiffs' technology. Plaintiffs designated Exhibit 19 pursuant to the Protective Order. *Id.* ¶ 5. The Declaration of Joe Kiani discusses communications between Plaintiffs and Apple as well as the statements of Michael O'Reilly regarding how Apple recruited him. *Id.* Plaintiffs understand that both parties consider such discussions between them confidential and that they would be harmed by the disclosure of such business dealings. *Id.*

Exhibits 15 and 16 are Apple presentations that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order. *Id.* ¶ 6. Plaintiffs take no position on the confidentiality of these documents, but request the Court seal them based on Apple's designation.

Exhibits A and C are confidential communications between Plaintiffs and Apple. *Id.* at ¶ 7. They include ESI search terms that are descriptive of Plaintiffs' trade secrets. *Id.* As above, this information would harm Plaintiffs if it was disclosed. *Id.* Apple also identified these exhibits as exhibits be filed under seal. *Id.*

The Declaration of Adrian Perica and the Declaration of Michael O'Reilly discuss the confidential information in the Declaration of Joe Kiani. *Id.* ¶ 8. *Id.* Apple also identified these declarations as declarations to be filed under seal. *Id.*

The proposed redacted portions of the Joint Stipulation discuss the aforementioned Exhibits and Declaration and should also be sealed for the same reasons. *Id.*¶ 9.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Plaintiffs' competitors would not be able to obtain from elsewhere the confidential information regarding Plaintiffs' technical trade secrets, Plaintiffs' communications with Apple, and how Dr. O'Reilly was recruited by Apple. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal (1) portions of the Joint Stipulation, (2) Exhibits 2, 5, 15, 16, and 19 to the Declaration of Adam B. Powell, (3) the Declaration of Joe Kiani, (4) Exhibits A and C to the Declaration of Brian K. Andrea; (5) the Declaration of Michael O'Reilly, and (6) the Declaration of Adrian Perica.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 20, 2021

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

34956907

-3-