Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**JOINT STIPULATION OF PLAINTIFFS' MOTION TO COMPEL APPLE TO COMPLY WITH THE COURT'S ORDER (DKT. 355) BY SEARCHING TIM COOK'S DOCUMENTS**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:  June 10, 2021<br>Time:  10:00 a.m.<br>Ctrm:  6A<br><br>Discovery Cut-Off:  7/5/2021<br>Pre-Trial Conference:  3/21/2022<br>Trial:  4/5/2022<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

Attorneys for Defendant Apple Inc.

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTORY STATEMENTS ................................................................ 1
    A.   Plaintiffs' Introductory Statement ........................................................ 1
    B.   Apple's Introductory Statement ............................................................ 3

II.  PLAINTIFFS' POSITION ................................................................................ 4
    A.   Factual Background ............................................................................... 4
    B.   Argument ................................................................................................ 5
        1.   The Phrase "Up To" 39 Custodians Does Not Give Apple The Right To Refuse To Search Mr. Cook's Documents ............ 5
        2.   Apple Has Not Met Its Burden To Preclude Discovery From Mr. Cook ......................................................................................... 6
    C.   Conclusion ............................................................................................. 9

III. APPLE'S POSITION ........................................................................................ 9
    A.   Factual Background ............................................................................... 9
    B.   Argument .............................................................................................. 11
        1.   Mr. Cook is Highly Unlikely to Possess Information Relevant to Any Party's Claims or Defenses ................................ 11
        2.   Demanding Discovery from Mr. Cook Imposes an Undue Burden .................................................................................. 14
    C.   Conclusion ........................................................................................... 16

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs"), as movant, and Defendant Apple, Inc. ("Apple"), as respondent, through their respective counsel of record, submit this joint stipulation in connection with Masimo's motion to compel. Pursuant to Local Rule 37-1, this Joint Stipulation was prepared following the parties' conference of counsel, which took place on April 2 and May 12, 2021.

## I. INTRODUCTORY STATEMENTS

### A. Plaintiffs' Introductory Statement

This Motion seeks an order compelling Apple to comply with the Court's April 26 Order to "immediately proceed with the production of electronically stored information ('ESI') for up to 39 custodians per side" by collecting ESI from Apple's CEO, Tim Cook. Ex. 1 (Dkt. 355) (the "Order") at 1.[1] Despite the Order, Apple initially refused to search additional custodians unless Plaintiffs convinced Apple of each custodian's relevance. Apple ultimately agreed to search some custodians, but refuses to search Mr. Cook's documents by asserting he is not relevant. Apple's position lacks merit for many reasons.

First, the Order did not give Apple discretion to refuse to collect ESI from Mr. Cook. The Order addressed Apple's recent motion to "compel" Plaintiffs to *limit* discovery to just twelve custodians per side. Ex. 2 (Dkt. 332-1) at 1. Plaintiffs provided substantial evidence identifying a number of specific custodians that Apple should search, including Mr. Cook. *Id.* at 26-33. Apple argued Plaintiffs had not shown that these custodians, including Mr. Cook, were relevant. Ex. 3 (Dkt. 344) at 2-3. Far from giving Apple discretion to refuse to search Mr. Cook's documents, the Court ordered the parties to proceed on up to 39 custodians. Ex. 1 at 1.

Second, Mr. Cook is directly involved in the issues of this case. Mr. Cook has said health will be Apple's "greatest contribution to mankind." Exs. 12-14. ███████

---

[1] All exhibits in Plaintiffs' sections are attached to the Declaration of Adam B. Powell, filed concurrently. All emphasis in Plaintiffs' sections is added unless noted otherwise.

-1-

1  ████████████████ Exs. 15-16. ████████████
2  ████████████████████████████████████████
3  ████████ Kiani Decl. ¶ 3. After the meeting, however, Apple recruited Plaintiffs'
4  employees. ████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████████
8  ████████████████████████████████████████
9  ████████████████████████████████████████
10 ████████████████████████████

Apple confusingly argues it would be burdensome to produce documents from Mr. Cook. The amount of ESI Apple will collect from Mr. Cook will be proportional to his level of involvement. The more involved he was, the more responsive ESI he would possess. Conversely, if Apple is correct that Mr. Cook had less involvement, then the collection would involve minimal effort. Either way, the burden is proportional to the needs of the case and not undue. Plaintiffs also prepared a special list of narrowed search terms for Mr. Cook to address any purported burden.

Apple also argues Mr. Cook is not an appropriate ESI custodian because he is an "apex" witness. The parties briefed this issue in the prior motion and the Court did not carve out Mr. Cook from searching. Ex. 2 at 33; Ex. 3 at 2-3. Moreover, Apple's cited authority establishes that the "apex" doctrine relates to *depositions*—it does not require a threshold showing before *collecting documents*. Ex. 2 at 33. Other courts throughout the country agree the "apex" doctrine does not immunize a high-level executive's documents from discovery. The Court should order Apple to search Mr. Cook's documents.

/ / /

/ / /

/ / /

B. **Apple's Introductory Statement**

Plaintiffs' extraordinary demand that Apple produce the electronically stored information ("ESI") of Apple's Chief Executive Officer, Tim Cook, without providing any sound factual or legal basis justifying the request, should be denied.

*First*, the Court's prior order requiring the disclosure of 39 custodians did not erase the requirement of Rule 26(b) that all discovery be relevant and proportional. Apple is already in the process of searching the files of 28 custodians that have arguably relevant ties to this case, including executives such as Adrian Perica, Apple's Vice President of Corporate Development. Masimo, however, is not permitted under the Court's order to ignore the Federal Rules and demand discovery from any custodian it desires, regardless of relevance and proportionality. Notably, the Court's Order ***did not*** address the relevance of the custodians from whom Plaintiffs seek ESI or prohibit the parties from objecting to requested custodians—or any other requested discovery—on the basis of relevance. The Federal Rules of Civil Procedure still apply, and Rule 26(b) is clear that discovery must be relevant and proportional to the needs of the case.

*Second*, Tim Cook is the CEO of Apple, and the burden associated with collecting and reviewing his documents is higher, as Courts have recognized for the same reasons depositions of apex witnesses are disfavored. *See, e.g. Lauris v. Novartis*, 2016 WL 7178602, at *5 (E.D. Cal. Dec. 8, 2016) (requiring "more than mere speculation to order Defendants to include [] apex custodians in the search protocol"). While Masimo speculates about how Mr. Cook *could* be relevant in a declaration submitted by its own CEO, this speculation is wrong. As set out in the declarations of Mr. Perica and Dr. O'Reilly, [REDACTED] *See* Declaration of Michael O'Reilly ("O'Reilly Decl.") ¶¶ 6, 8; Declaration of Adrian Perica ("Perica Decl.") ¶¶ 3-8. And Plaintiffs' allegation that Mr. Cook has "publicly stated that he sees healthcare as central to Apple's future" does not lead to the conclusion that he has unique documents relevant to this case that justifies

/ / /

searching his ESI. Since Mr. Cook had no involvement in any of the issues Masimo identifies, the documents in his possession are highly unlikely to be relevant.

In short, Plaintiffs provide no showing that Mr. Cook has relevant information to the party's claims or defenses, let alone firsthand, unique information that is unavailable through less intrusive means. Plaintiffs' motion should be denied.

## II. PLAINTIFFS' POSITION

### A. Factual Background

The full history of the parties' ESI dispute is recited in Plaintiffs' portion of the prior joint stipulation. *See* Ex. 2 at 19-24. As explained therein, Plaintiffs asked Apple to begin this process in October 2020, but Apple argued it was "premature and inappropriate." *Id.* at 19. Apple then limited the disclosure of potential custodians to just eight individuals. *Id.* at 20-22. Plaintiffs identified numerous missing custodians and moved to compel a complete disclosure. *Id.* at 22. On March 5, 2021, the Court declined to intervene, but warned that "any knowing failure to identify in a timely manner all appropriate custodians as part of the iterative, good faith discovery process may result in a future order excluding evidence or other consequences." Ex. 4 (Dkt. 318) at 2.

After the Court's order, Apple moved to "compel" Plaintiffs to agree to limit searching to just twelve custodians. Ex. 2 at 1. Plaintiffs' portion of the joint stipulation explained why each of 36 additional Apple custodians, including Mr. Cook, was relevant. *Id.* at 26-33. Apple's supplement argued Plaintiffs had not proven each of the additional custodians were relevant and focused on Mr. Cook. Ex. 3 at 2-3. On April 26, 2021, the Court ordered the parties to "immediately proceed with the production of electronically stored information ('ESI') for up to 39 custodians per side . . . ." Ex. 1 at 1.

Apple then argued it would search "up to 39 custodians" only if Plaintiffs convinced Apple of each custodian's relevance. Ex. 6 at 1-2. Apple eventually agreed to search additional custodians, but maintained it can refuse to search Mr. Cook's

/ / /

/ / /

-4-

documents because they claim he is not relevant. *Id.* at 1.[2] Plaintiffs promptly requested a conference of counsel. Ex. 7 at 1. Apple refused, asserting Plaintiffs had not complied with Local Rule 37-1. Ex. 8 at 1-2. Plaintiffs explained their compliance and asked to meet that week. Ex. 9 at 1. Apple declined until the final day permitted by the rules. Ex. 10 at 1. The parties were unable to resolve their dispute. Powell Decl. ¶ 2. This Motion followed.

**B.    Argument**

Apple argues the phrase "up to" gives it veto power over any of Plaintiffs' requested custodians, including Mr. Cook. Apple cites nothing to support that interpretation. Apple's specific argument that Mr. Cook is an inappropriate custodian is unsupported. The Court should grant Plaintiffs' motion.

### 1.    The Phrase "Up To" 39 Custodians Does Not Give Apple The Right To Refuse To Search Mr. Cook's Documents

The Court ordered the parties to "immediately proceed with the production of electronically stored information ('ESI') for up to 39 custodians per side . . . ." Ex. 1 at 1. Plaintiffs understood the phrase "up to" meant that the parties could—but were not required—to designate 39 custodians from whom the other side would collect ESI. Apple argues the phrase "up to" gives Apple discretion to refuse to search custodians, including Mr. Cook, unless Apple agrees they are relevant. Ex. 6 at 1 (Apple arguing the order "does not give either party the right to request custodians without demonstrating their relevance"). Apple's argument is misplaced for several reasons.

First, Apple already made that argument and did not prevail. Ex. 2 at 12-13, 16-17; Ex. 3 at 2. Apple argued Plaintiffs had not shown the additional custodians, including Mr. Cook, were relevant. Ex. 2 at 12-13, 16-17; Ex. 3 at 2. This Court ordered the parties to search up to 39 custodians, instead of the 12 Apple argued were appropriate.

---

[2] Based on Apple's representations, Plaintiffs are no longer asking Apple to search two other custodians (Mr. Rollins and Mr. Raths). Plaintiffs may ask Apple to search additional custodians after Apple begins producing ESI documents.

-5-

Despite Apples arguments that it should not have to search Mr. Cook's documents, the Court did not exclude Mr. Cook. Ex. 1 at 1. Nowhere did the Court suggest that (i) Apple could unilaterally decide it would not search Mr. Cook's documents, (ii) Plaintiffs must provide further evidence of relevance; or (iii) the parties should further brief this issue. To the contrary, the Court ordered the parties to proceed "immediately." *Id.*

Second, ***Plaintiffs***—not Apple—bear the risk of requesting discovery from a custodian of limited relevance. Plaintiffs are limited to 39 custodians absent further order of the Court. If Plaintiffs designate Mr. Cook and he ends up being less relevant, they do so at the risk of not collecting from more relevant custodians. Moreover, less relevant custodians would presumably have fewer responsive documents, which would ***reduce*** Apple's costs to review and produce documents. If Mr. Cook has few responsive documents, then Apple would benefit from him being one of the designated custodians. Apple's arguments suggest that Apple knows Mr. Cook's ESI will be highly relevant.

Accordingly, Plaintiffs respectfully submit the Court already decided this matter when it ordered the Parties to search "up to 39 custodians" without excluding Mr. Cook, even though Apple argued in its motion that he should be excluded.

### 2. Apple Has Not Met Its Burden To Preclude Discovery From Mr. Cook

The Court did not require a separate individualized showing of relevance for custodians that were briefed in the prior ESI motion, like Mr. Cook. Apple bears the burden of limiting discovery to exclude Mr. Cook's documents. *See Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *2 (N.D. Ill. Apr. 22, 2016) (finding that, even if the apex doctrine applied to document collection, the responding party has the burden). Apple briefed that issue, and did not succeed in obtaining his exclusion.

Regardless, Mr. Cook is highly relevant and was directly involved in key issues in this case. On a general level, Mr. Cook has said that health will be Apple's "greatest contribution to mankind." Exs. 12-14. Mr. Cook stated that it was a "big idea" to continuously monitor consumers and that Apple was focused on allowing users to "own their health in a way that they haven't been able to in the past." Ex. 12.

1  ████████████████████████████████████████████████
2  ████████████████████████████████████████████████
3  ████████████████████████████████████████████████
4  ████████████████████████████████████████████████
5  ████████████████████████████████████████████████
6  ████████████████████████████████████████████████
7  ██████████████████████

8      Moreover, Mr. Cook was directly involved in this matter. ████

9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 ████████████████████████████████████████████████
12 ████████████████████████████████████████████████
13 ████████████████████████████████████████████████
14 ████████████████████████████████████████████████
15 ██████████████████████████████████████████

16     After the meeting, however, Plaintiffs learned that Apple was recruiting Plaintiffs' employees. Kiani Decl. ¶ 4. One of those employees was Michael O'Reilly, who was Masimo's Chief Medical Officer at the time. *Id.* ████

19 ████████████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 ████████████████████████████████████████████████
23 ████████████████████████████████████████████████
24 ██████████████████████████

25     In addition, Mr. Cook directly helped recruit Dr. O'Reilly. *Id.* ¶ 8; *see also* Ex. 5 ¶¶ 230, 247, 253, 260 (Plaintiffs' complaint alleging Mr. Cook's involvement). Dr. O'Reilly is one of the central figures in this case. ████

28 ████████████████████████████████████████████████

1 ▮▮▮
2 ▮▮▮
3 ▮▮▮
4 ▮▮▮
5 ▮▮▮
6 ▮▮▮ which Tim Cook later announced with much fanfare in the Apple Watch Series 6.  *See* Ex. 17. ▮▮▮

Apple obviously has knowledge of these facts, which show that Mr. Cook is a relevant custodian.  As a result, Apple should have identified both Mr. Perica and Mr. Cook as appropriate custodians months ago.  Apple also should have agreed to search Mr. Cook after Plaintiffs identified him, especially considering Plaintiffs proposed a narrower set of search terms for Mr. Cook compared to other custodians.

Apple argues that Mr. Cook is not an appropriate document custodian because he is an "apex" witness.  But Apple's own cited authority explained that the "apex" doctrine does not apply to document collection.  *See Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019).  Other courts agree.  *See, e.g.*, *Dyson*, 2016 WL 1613489, at *2 (concluding "all of the cases this Court reviewed on the [apex] issue were concerned with preventing **depositions** of high ranking corporate officials"); *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (rejecting apex argument for collecting documents).  Neither the "apex" doctrine nor any other rule immunizes a high-level executive's **documents** from discovery.  Such a rule would give such executives' free reign to engage in, participate in, and/or direct tortious conduct with the comfort that their documents would be fully protected from litigation discovery.

Indeed, Apple has a history of providing documents **and testimony** from Mr. Cook if Apple determines that doing so is in its own best interest.  For example, Mr. Cook is currently testifying in the highly publicized *Epic v. Apple* case.  Ex. 11 at 8 (accepting

-8-

Apple's offer to designate Mr. Cook as a custodian, but rejecting time limitation on his deposition); *see also In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *3-4 (N.D. Cal. Jan. 26, 2021) (consolidated case) (allowing Mr. Cook to be deposed for up to seven hours). Apple should not be permitted to exclude Mr. Cook's documents.

### C. Conclusion

Accordingly, Plaintiffs respectfully request the Court order Apple to proceed with searching Mr. Cook's files.

### III. APPLE'S POSITION

Apple has made very clear to Plaintiffs that it will produce ESI for up to 39 custodians in compliance with the Court's Order. Apple does not agree, however, that Plaintiffs simply get to choose *any* 39 current or former Apple employees, regardless of whether those employees are likely to possess documents relevant to any claim or defense and proportionate to the needs of the case. At its core, Plaintiffs seek an Order from the Court permitting them to request ESI from anyone, regardless of relevance. Such an Order would eviscerate Rule 26's requirement that discovery be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Tim Cook, Apple's CEO, is not likely to have discoverable information relevant to any party's claims or defenses. Collecting and producing his documents is unduly burdensome and not appropriate under Rule 26 or this Court's precedents. The topics Plaintiffs purportedly hope to search for in Mr. Cook's files can be addressed through less intrusive and more appropriate means, including through the *many* other custodians from whom Apple has agreed to provide ESI. Plaintiffs' request for Mr. Cook's files should be denied.

### A. Factual Background

On April 26, 2021, in response to Apple's joint stipulation requesting that the parties move forward immediately with ESI discovery, the Court ordered the parties "to immediately proceed with the production of [ESI] for up to 39 custodians per side," which the Court found "reasonable and proportionate" under Fed. R. Civ. P. 26(b)(1).

Dkt. 355. The Court's Order did not authorize Plaintiffs (or Apple) to identify custodians of their own choosing regardless of relevance, and did not rule on the issue of whether Mr. Cook (or any other individual) is an appropriate ESI custodian. *Id.; contra* J.S. at 6 (arguing that the Court "already decided" this issue).

On April 29, 2021, Apple confirmed in writing that, in accordance with the Court's Order, Apple would provide ESI discovery for up to 39 custodians who are likely to possess ESI relevant to this case. *See* Andrea Decl., Ex. B. Apple explained that, based on the allegations in the complaint, Mr. Cook (whose ESI Plaintiffs had previously requested) was not an appropriate custodian, and asked that Plaintiffs "provide the legal basis for seeking documents from a top executive who was not involved in the issues in the case." *Id.* at 10-11. Plaintiffs declined to do so. Instead, on May 1, 2021, Plaintiffs sent a letter "pursuant to Local Rule 37-1" accusing Apple of "refusal to comply with the Court's April 26, 2021, Order." Andrea Decl., Ex. D at 22. At this point, Apple was actively searching the files of 15 Apple custodians and awaiting Plaintiffs' updated list of proposed additions, so the unfounded suggestion that Apple was "refusing to comply" with the Court's Order came as a complete surprise.[3]

On May 4, 2021, Apple asked for clarity as to what issue(s) Plaintiffs sought to address "pursuant to Local Rule 37-1," as Plaintiffs' May 1, 2021 letter did not "identify each issue and/or discovery request in dispute," "state briefly as to each such issue/request the moving party's position," "provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request," or "specify the terms of the discovery order to be sought," as the Local Rules require. Andrea Decl., Ex. E at 26-27.

Plaintiffs responded on May 5, 2021, stating that they intended to ask the Court to "compel Apple to search up to 39 custodians, including Mr. Cook." Andrea Decl., Ex. F

---

[3] On April 30, because Plaintiffs were not responding to Apple's correspondence regarding revisions to ESI search terms, Apple informed Plaintiffs that it would "move forward with reviewing documents for search terms that did not result in an unreasonably high number of documents" in an effort to keep ESI discovery moving forward. Andrea Decl., Ex. C at 15.

-10-

at 33.  During a May 12, 2021 meet and confer teleconference, Apple explained that it would be a waste of judicial resources to attempt to "compel Apple to search up to 39 custodians," because Apple was already doing so.  Andrea Decl., Ex. G at 37.  Apple also continued to request Plaintiffs' basis for seeking to add Mr. Cook as an ESI custodian. Plaintiffs declined to provide any explanation of relevance or proportionality, instead suggesting that the phrase "up to" in the Court's order entitles them to demand that Apple search any 39 current or former Apple employees of Plaintiffs' choosing irrespective of relevance or proportionality.  Andrea Decl., Ex. G at 37.  Plaintiffs sent Apple their portion of this joint stipulation the same evening.

B.     <u>Argument</u>

    1.     **<u>Mr. Cook is Highly Unlikely to Possess Information Relevant to Any Party's Claims or Defenses</u>**

Over the past two months, Plaintiffs have refused each of Apple's repeated requests that Plaintiffs explain their basis for proposing Mr. Cook as an ESI custodian. *See, e.g.*, Andrea Decl., Ex. B.  Plaintiffs now advance speculative theories—many of which are raised here for the very first time—in an attempt to justify their pursuit of Mr. Cook's emails.  But all of Plaintiffs' new theories are unsupported, premised on inaccurate assumptions, and insufficient to justify including Mr. Cook as an ESI custodian in this case.  Moreover, this tactic undercuts the letter and spirit of Local Rule 37-1, which requires parties to "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."

***First***, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs cite no evidence in support of their claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* O'Reilly Decl. ¶ 9.  At most, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as Mr. Kiani (and Plaintiffs) incorrectly allege.  *Id.*  Plaintiffs also assert that ▮▮▮▮▮▮

-11-

██████████████████████████████████████████████████ J.S. at 8.  This, too, is false—as Dr. O'Reilly explains, ███████████████████████████████████████████ ███████████.[4]  O'Reilly Decl. ¶ 7.

**Second**, Mr. Cook's public statements regarding Apple's general commitment to healthcare bear no relation to this case.  None of the statements Plaintiffs identify are specific to the technology or any other issues in this case, nor do they suggest that Mr. Cook would have documents relevant or proportionate to the needs of this case.  *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (holding that "public statements about the importance of the technology at issue" made by Steve Jobs were not a reason to involve him in discovery).  Moreover, the statements Plaintiffs cite are dated one year or more *after* the start of this case.  Powell Decl., Exs. 12-14 (dated 12/14/2020, 2/16/2021, and 2/15/2021, respectively).  They are by definition not probative of the events that transpired during the time period at issue.

**Third**, Mr. Cook's role in announcing new Apple products does not make him an appropriate ESI custodian.  Plaintiffs claim that "███████████████████████ ███████████████████████████, which Tim Cook later announced with much fanfare in the Apple Watch Series 6."  J.S. at 8.  As is customary when Apple announces any new product, Tim Cook took to the stage to announce the Apple Watch Series 6, ██████████ ████████████████████████████████████████████████████████████████  The product announcement made no reference to ██████████████████████████████ ███████████████; and the exhibit Plaintiffs cite does not even remotely suggest otherwise.  J.S. at 6, Powell Decl., Ex. 17.  Plaintiffs cite no evidence to support the assertion that ████████████████████████████████████████████████████████ ████████████████" J.S. at 8, or that he had any relevant interactions with Mr. Cook.  The fact that Mr. Cook announces a new Apple product on behalf of the company he leads does not entitle litigants to demand that Apple produce his ESI in any subsequent

---

[4] Apple is already producing ESI from Dr. O'Reilly, so even if Plaintiffs' accusations were true (they are not), they do not justify also including Mr. Cook as a custodian.

-12-

litigation related to that product. If that were the standard, Mr. Cook would be an ESI custodian in virtually *every* case related to Apple products. That is certainly not the metric the Federal Rules of Civil Procedure contemplate.

**Fourth**, ▮▮▮▮▮. Plaintiffs argue that ▮▮▮▮▮ J.S. at 7, Kiani Decl. ¶ 3. As an initial matter, none of these allegations are in Plaintiffs' Complaint as a basis for any of Plaintiffs' claims. This narrative also is factually misleading, as it amounts to mere speculation that Mr. Cook was involved—which is hardly a valid basis to request that Apple include its CEO as an ESI custodian. As Mr. Perica states in his declaration, ▮▮▮▮▮ Perica Decl. ¶ 3. Moreover, contrary to Plaintiffs' affirmative statement, ▮▮▮▮▮ *Id.* ¶ 6. ▮▮▮▮▮ *Id.* ¶ 3. ▮▮▮▮▮ *Id.* ¶ 8. ▮▮▮▮ *Id.* To the extent Plaintiffs believe that ▮▮▮▮▮ are relevant to the claims or defenses in this litigation, the best source of that information is Mr. Perica, *not* Mr. Cook.[5] Plaintiffs provide no reason to believe that Mr. Cook would have documents that Plaintiffs cannot obtain through Mr. Perica or others.

///

---

[5] Notably, Plaintiffs served this joint stipulation on Apple before they even requested Mr. Perica as an ESI custodian. Plaintiffs did not make such a request until the day *after* sending Apple this joint stipulation. *See* Andrea Decl., Ex. H.

-13-

***Fifth***, there is nothing to suggest that , as Plaintiffs insinuate. J.S. at 7. *See* Powell Decl., Ex. 15. *Id.* at 319. *Id.*

At bottom, none of Plaintiffs' purported justifications for naming Mr. Cook as an ESI custodian hold water. And they all fall flat when considered in light of the fact that Plaintiffs propose running search terms such as ▮▮▮▮▮▮▮▮ through Mr. Cook's data. Andrea Decl., Ex. A at 7. This search term bears no relation to any of the purported reasons for Mr. Cook's inclusion as a custodian. *See BlackBerry Ltd. v. Facebook, Inc.*, 2019 WL 4544425, at *4 (C.D. Cal. Aug. 19, 2019) (rejecting request to include Mark Zuckerberg as a custodian because his purported role was "too attenuated" from the infringement issues in the case to warrant running the proposed search terms across his email inbox).

### 2. Demanding Discovery from Mr. Cook Imposes an Undue Burden

Fed. R. Civ. P. 26 requires that discovery be "proportional to the needs of the case," and allows courts to limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(1)-(2).

Because Mr. Cook is not likely to have relevant documents, demanding his ESI is disproportional to the needs of the case. Plaintiffs attempt to distract from and minimize Apple's concerns by insisting that Plaintiffs are the ones who "bear the risk of requesting discovery from a custodian of limited relevance," thereby missing out on collecting a

higher volume of materials "from more relevant custodians." J.S. at 6. While this may be a "risk" that Plaintiffs are willing to take, the *burden* of doing so falls on Apple—and it is not one Apple is obligated to bear in view of the complete lack of relevance of Mr. Cook to Plaintiffs' allegations in this case. The ultimate number of documents produced is merely one factor in the calculation of discovery costs. Before documents can be produced, they must be collected, processed, stored on a production database, reviewed, imaged, and produced. Each step comes at a cost, and when a custodian is not relevant, that cost is a disproportionate burden that the Federal Rules do not require Apple to bear. *See, e.g.*, *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 1325344, at *2 (D. Colo. Jan. 3, 2017) ("[D]iscovery directed at irrelevant matters imposes a *per se* undue burden.").

      Plaintiffs attempt to distract from the core of Apple's arguments by asserting that Apple stakes its claims on the apex doctrine. J.S. at 2, 6, 8. To be clear, Apple maintains that discovery from Mr. Cook is outside the appropriate parameters of discovery regardless of his job title, but when considering requests for ESI discovery from executives, courts "require more than mere speculation to order Defendants to include [] apex custodians in the search protocol." *Lauris*, 2016 WL 7178602, at *5. The "logical underpinnings of the apex doctrine" establish that it would *not* be appropriate to run Mr. Cook "through the wringer of civil discovery" because he does "not have personal knowledge of the relevant facts" and Apple has not collected his documents for this litigation. *Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016) (noting that the apex doctrine "bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information" (quoting 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure*, § 2036 n.7 (3d ed. 2010))). Particularly with respect to a senior executive like Mr. Cook, ███████████████████████████████, made general statements about Apple's commitment to healthcare, or announced features of the Apple Watch at a product launch "does not make him a repository for relevant and responsive information." *Krueger v. Ameriprise Fin., Inc.*, 2013 Wl 12139425, at *9 (D.

Minn. Aug. 15, 2013) (denying adding CEO as a custodian because his attendance at a meeting and webcast regarding the topics at issue in the lawsuit did not "make him a source for information" regarding either party's claims or defenses).

There is no reason to include Mr. Cook as a custodian where Plaintiffs "not only fail[ed] to show that [he] possesse[d] unique, personal, non-repetitive firsthand knowledge of relevant facts" but also failed to "exhaust[] less burdensome means to obtain that information." *Affinity Labs*, 2011 WL 1753982, at *15 (denying discovery from Steve Jobs); *see also Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019) (holding that plaintiffs "may elect to obtain ESI from a custodian who is a senior executive" only with "a factual basis to believe that such senior executive has relevant information"). Plaintiffs cite no contrary authority supporting their view that relevance is a non-issue when it comes to selection of ESI custodians, and especially those in executive-level roles.

Lastly, Plaintiffs emphasize that Mr. Cook has been involved in *other* litigation. J.S. at 8. This context has little import here except that it demonstrates that Apple abides by the Federal Rules governing discovery: when Mr. Cook *does* possess information relevant to a party's claims or defenses and proportionate to the needs of the case, Apple makes Mr. Cook available for ESI collection and testimony when merited. This, however, is not one of those cases.

## C. Conclusion

The bottom line is clear: Apple *will* produce ESI discovery for "up to 39 custodians." Dkt. 355. But, consistent with the relevance and proportionality standards of Rule 26, and the precedents of this Court, Mr. Cook should not be one of them.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 20, 2021

By: */s/Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

GIBSON, DUNN & CRUTCHER LLP

Dated: May 20, 2021

By: */s/Brian K. Andrea (with permission)*
    Joshua H. Lerner
    H. Mark Lyon
    Brian M. Buroker
    Brian A. Rosenthal
    Ilissa Samplin
    Angelique Kaounis
    Brian K. Andrea

Attorneys for Defendant
APPLE INC.

34697912