JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DECLARATION OF BRIAN K. ANDREA IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** <br><br> Judge: Magistrate Judge John D. Early <br> Date/Time: June 10, 2021 / 10:00 AM <br> Courtroom: 6A <br><br> Discovery Cutoff: 7/5/2021 <br> Pre-trial Conference: 3/21/2022 <br> Trial: 4/5/2022 |

1.      I, Brian K. Andrea, declare and state as follows:

2.      I am an associate with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Defendant Apple Inc. ("Apple") in the above-captioned action.

3.      I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

4.      I make this declaration in support of Apple's Opposition to Plaintiffs' Motion to Compel Apple to Comply with the Court's Order (Dkt. 355) by searching Tim Cook's Documents (the "Motion").

5.      On March 12, 2021, Adam Powell, counsel of record for Plaintiffs, sent a letter to me.  A true and correct copy of Adam Powell's March 12, 2021 letter to me is attached as **Exhibit A**.

6.      On April 29, 2021, I sent a letter to Adam Powell.  A true and correct copy of my April 29, 2021 letter to Adam Powell is attached as **Exhibit B**.

7.      On April 30, 2021, I sent an email message to Cheryl Burgess, counsel for Plaintiffs.  A true and correct copy of my April 30, 2021 email message to Cheryl Burgess is attached as **Exhibit C**.

8.      On May 1, 2021, Adam Powell sent a letter to me.  A true and correct copy of Adam Powell's May 1, 2021 letter to me is attached as **Exhibit D**.

9.      On May 4, 2021, I sent a letter to Adam Powell.  A true and correct copy of my May 4, 2021 letter to Adam Powell is attached as **Exhibit E**.

10.     On May 5, 2021, Adam Powell sent a letter to me.  A true and correct copy of Adam Powell's May 5, 2021 letter to me is attached as **Exhibit F**.

11.     On May 12, 2021, my colleague Susanna Schuemann sent an email message to Adam Powell, memorializing the parties' May 12, 2021 meet and confer call.  A true and correct copy of Susanna Schuemann's May 12, 2021 email message to Adam Powell is attached as **Exhibit G**.

Gibson, Dunn & Crutcher LLP

DECL. OF BRIAN K. ANDREA IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL       2       CASE NO. 8:20-CV-00048-JVS (JDEx)

12.    On May 13, 2021, Adam Powell sent an email to me.  A true and correct copy of Adam Powell's May 13, 2021 email to me is attached as **Exhibit H**.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of May, 2021, in Oakton, Virginia.


By:   /s/ *Brian K. Andrea*
                Brian K. Andrea

Gibson, Dunn & Crutcher LLP

DECL. OF BRIAN K. ANDREA IN SUPPORT OF
APPLE'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL                    3                    CASE NO. 8:20-CV-00048-JVS (JDEX)

# Exhibit B

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

April 29, 2021

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
Suite 100
San Diego, CA 92130

Re:     *Masimo Corp. et al. v. Apple Inc.* (C.A. No. 8:20-cv-48-JVS-JDE)

Dear Adam:

We write in response to your April 21 letter and to summarize the outstanding issues regarding ESI discovery that remain following the Court's April 26 order granting in part Apple's Motion to Compel Plaintiffs to Immediately Proceed with ESI Discovery (ECF 355).

## Plaintiffs' Requested ESI Custodians

Plaintiffs continue to misapply the law when attempting to shift the burden of demonstrating relevance in discovery onto Apple. Contrary to Plaintiffs' contentions, neither the ESI Agreement, the Federal Rules, nor applicable jurisprudence suggest that Apple has an affirmative obligation to *disprove* the relevance of the laundry list of proposed custodians Plaintiffs have requested. On the contrary, "the burden of demonstrating relevance rests with the party seeking discovery." *Martinez v. Walt Disney Co.*, 2012 WL 12913739, at *1 (C.D. Cal. Aug. 8, 2012). Plaintiffs have not met this burden with respect to its lengthy list of requested custodians.

In accordance with the Court's order, Apple will collect, search, and produce data for "up to 39 custodians" (ECF 355). The requested custodians, however, must still be likely to possess ESI relevant to this case; the Court's Order does not give either party the right to request custodians without demonstrating their relevance, in accordance with the applicable law, as discussed above. Thus, to the extent there are additional Apple custodians Plaintiffs intend to identify, please also identify Plaintiffs' basis for contending each custodian possesses relevant ESI, as Apple has been requesting for months.

Additionally, Apple maintains its position that Tim Cook is not an appropriate ESI custodian, and the cases Plaintiffs cite do not suggest otherwise. In *Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016), Dyson agreed that at least some documents from its founder, James Dyson, were relevant because he was "one of the named inventors on the patents that form the basis for this suit." *Id.* Because Plaintiffs had already

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Exhibit B
Page 10

**GIBSON DUNN**

Adam Powell
April 29, 2021
Page 2

collected Mr. Dyson's documents in order to produce materials related to inventorship, the Court found it would not be "unduly burdensome" to require him to produce emails. *Id.* at*2. But the same "logical underpinnings of the apex doctrine" establish that it would *not* be appropriate to run Tim Cook "through the wringer of civil discovery" because he does "not have personal knowledge of the relevant facts" and Apple has not collected his documents for this litigation. *Id.* at *1 (noting that the apex doctrine "bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information.")(quoting 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure*, § 2036 n.7 (3d ed. 2010). Particularly with respect to a senior executive like Cook, an allegation that Cook interviewed O'Reilly and made general statements about Apple's commitment to healthcare "does not make him a repository for relevant and responsive information." *Krueger v. Ameriprise Fin., Inc.*, 2013 Wl 12139425, at *9 (D. Minn. Aug. 15, 2013) (denying adding CEO as a custodian because his attendance at a meeting and webcast regarding the topics at issue in the lawsuit did not "make him a source for information" regarding either party's claims or defenses.).

Plaintiffs have still not cooperated with Apple's request that Plaintiffs provide the "legal basis for seeking documents from a top executive who was not involved in the issues in the case." Apple reiterates that request.

**<u>Former Employees of Plaintiffs Later Employed by Apple</u>**

Apple has given more information than required regarding the roles of individuals who previously worked for Plaintiffs. This public information was accessible to either party, and Apple compiled it as a courtesy in an effort to move past this dispute. Apple is aware of its obligations under the ESI Agreement and Federal Rules and is complying with those obligations. Apple disagrees that it has an "obligation" to detail for Plaintiffs the job duties of all former Masimo employees who subsequently worked for Apple, or that doing so would be "reasonable." On the contrary, it is Plaintiffs who have a burden to limit their discovery requests to topics they have reason to believe, "after a reasonable inquiry," are "consistent with [Rule 26]" and "neither unreasonable nor unduly burdensome." Fed. R. Civ. P. 26(g). Plaintiffs now acknowledge that, based on publicly available information, individuals like Linus Conrad, Megan Eilers, and Shruti Koneru are clearly irrelevant to this lawsuit; however, the fact that Plaintiffs ever proposed seeking discovery from them shows a clear lack of a "reasonable inquiry."

Apple also disagrees with the notion that employees can be appropriate custodians simply because they worked in "health technologies" or as a "biomedical scientist" or on "clinical trials relating to the Apple Watch." Plaintiffs disregard the basic principle that "discovery requests are not relevant simply because there is a possibility that the information may be

**GIBSON DUNN**

Adam Powell
April 29, 2021
Page 3

relevant to the **general subject matter** of the action." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, No. CV 10-1609, 2016 WL 5025751, at *1 (W.D. Pa. Sept. 20, 2016), on reconsideration, 2017 WL 432947 (W.D. Pa. Feb. 1, 2017) (emphasis added)*; see also Martinez*, 2012 WL 12913739, at *1 ("Without prior court permission on a showing of good cause, a party is not entitled to 'relevant to subject matter' discovery."). Instead, Rule 26 requires parties seeking discovery to limit requests to those that are demonstrably "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). As applied to this case, the fact that an individual may have information generally relevant to the Apple Watch (the subject matter in this case) does not mean they have information relevant to whether or not Apple misappropriated Plaintiffs' trade secrets (the specific claims and defenses at issue). Although Bruinsma, Golfetto, Haridas, and Lee held jobs that may (or may not) have made them familiar with certain aspects of the general subject matter of this litigation, Plaintiffs do not allege that any of these individuals—or any of the other individuals named on pages 2-3 of Plaintiffs' April 7 letter— ever misappropriated Plaintiffs' trade secrets or even had access to or knowledge of Plaintiffs' trade secrets. It follows logically that if these individuals had no exposure to Plaintiffs' trade secrets during their employment with Masimo, they could not conceivably have revealed those trade secrets to Apple. Thus, Apple disagrees with Plaintiff's contention that "[t]he time when Mr. Lee worked for Masimo does not show that his role at Apple is irrelevant." If Plaintiffs have a basis for believing that any of their former employees have information relevant to any party's claims or defenses, Plaintiffs should articulate that basis and may include the names of those individuals on their proposed list of up to 39 relevant custodians.

**Search Terms**

As discussed during the parties' April 27 meet and confer teleconference, Apple will continue to work collaboratively with Plaintiffs to refine search terms and narrow hits. Consistent with the Court's April 26 order, Apple will not "provide hit counts for *all* of Plaintiffs' proposed custodians," but Apple will provide hit counts for up to 39 *relevant* custodians.

**Data for Former Employees of Apple and Masimo**

Apple has already provided extensive information regarding its data retention policy and practices. Apple will not provide additional free discovery into Apple's internal systems, especially where, as here, Plaintiffs have not articulated the relevance of this inquiry. Despite Apple's repeated requests for an explanation and supporting authority for why the answers to Plaintiffs' questions are relevant to the assessment of Apple's legal obligations, Plaintiffs have offered none.

Plaintiffs try to disguise their demand for free discovery into Apple's proprietary backend data storage and retention systems as an attempt to "work cooperatively to recover any missing files." While Apple generally appreciates offers to work cooperatively, it remains unclear

# GIBSON DUNN

Adam Powell
April 29, 2021
Page 4

specifically what Plaintiffs intend to do with the information they seek or how it would inform whether or not "the parties may have a dispute that requires the court's assistance." To the extent Plaintiffs have questions about Apple's document retention policies, they should serve formal discovery, such as 30(b)(6) topics, as noted in my email dated April 28, 2021 regarding Plaintiffs' notices of depositions.

As we have told you several times, Apple's investigation is ongoing. Indeed, as you know, Apple recently located certain documents of Mr. Lamego's, and has already agreed to add Mr. Lamego as an ESI custodian and has indicated that it will produce all relevant, non-privileged documents from Mr. Lamego. If Apple finds additional relevant information through its ongoing investigation, Apple will make that available to Plaintiffs.

Apple reserves all rights and waives none.

Sincerely,


Brian K. Andrea

# Exhibit D

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

May 1, 2021

**<u>VIA EMAIL</u>**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
BAndrea@gibsondunn.com

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your letter of April 29, 2021, which responded to our letter of April 21, 2021. We also write pursuant to Local Rule 37-1 to request a conference of counsel on Apple's refusal to comply with the Court's April 26, 2021, Order (Dkt. 355).

**<u>Plaintiffs' Requested ESI Custodians</u>**

We disagree with your assertion that we are attempting to "shift the burden of demonstrating relevance in discovery onto Apple."  As we have explained many times, the ESI Agreement required Apple to identify all individuals who are "knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, alleged misappropriation of trade secrets, the development, design and operation of the accused products, and sales, marketing and other damages-related information for the accused products)."  Dkt. 51 at 1.  When Apple refused to do so, the Court warned "any knowing failure to identify in a timely manner all appropriate custodians as part of the iterative, good faith discovery process may result in a future order excluding evidence or other consequences."  Dkt. 318 at 2.  Apple still refused to do so and moved for an order limiting discovery to just twelve custodians.  The Court rejected Apple's position and ordered the parties to "immediately proceed with the production of electronically stored information ('ESI') for up to 39 custodians per side, which the Court, having considered all of the evidence and argument presented by the parties, finds reasonable and proportionate to the needs of the case . . . ."  Dkt. 355 at 1.

Nowhere did the Court suggest that Apple could continue to limit discovery by requiring Plaintiffs to first convince Apple of the relevance of any additional custodians.  Nor did the Court permit Apple to withhold discovery from Mr. Cook.  Your assertion that we have not "cooperated" with Apple's request for legal support contradicts the record, where we have provided extensive support for our position. Indeed, our prior briefing explained the basis for our requested custodians and provided legal support for Mr. Cook being an appropriate custodian.

Apple's insistence that Plaintiffs must convince Apple of the relevance of each custodian is yet another improper attempt to limit discovery.  Plaintiffs request that Apple reconsider its position and confirm it will search up to 39 custodians, including Mr. Cook.  Please let us know when you are available to

discuss as soon as possible.  Because we have been discussing this matter for quite some time, we suggest a meeting on May 3 or 4.

**<u>Former Employees of Plaintiffs Later Employed by Apple</u>**

We continue to disagree with your position on former employees.  Far from providing sufficient information, Apple admits that it provided only public information.  Apple claims Plaintiffs failed to conduct a "reasonable inquiry" merely because Plaintiffs agreed to drop certain custodians based on the information that Apple provided.  We did so based on Apple's representation that such information was correct.  Please let us know if Apple is now representing that it conducted no independent analysis to verify such information.  Apple still has not identified all custodians in a timely manner as required by the Court.  Dkt. 318 at 2.

We also disagree with your assertion that we have not provided sufficient information to show the relevance of other former employees.  We have provided more than enough of a basis to seek discovery.  That is especially true because Apple has declined our reasonable requests for additional information.

**<u>Search Terms</u>**

The parties are discussing search terms separately.  We disagree with Apple's refusal to provide hit counts for all of Plaintiffs' proposed custodians.  As we have explained, such hit counts will help the parties evaluate the relevance of such custodians.  We disagree with Apple's approach of refusing to provide hit counts unless Plaintiffs first conclusively demonstrate relevance to Apple's liking.

**<u>Data For Former Employees</u>**

Apple ignores the question Plaintiffs asked in my April 21 letter, which stated:

> Apple previously asked us to confirm that we had files and emails for all of Apple's proposed custodians.  Plaintiffs confirmed and, in my April 7 letter, asked Apple to provide the same information regarding the individuals that Plaintiffs asked Apple to search.  Your April 14 letter ignored our request.  Given that Apple demanded that we provide this information, please provide the same information to us.

Please answer our question promptly.

**<u>Lamego and Nazzaro Data</u>**

We also disagree with Apple's position on this issue.  Far from seeking "free discovery," we explained many times that we are trying to assess whether the data Apple deleted can be recovered.  Apple's objection to producing "proprietary" information is resolved by the Protective Order, which permits Apple to designate the information as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

Your April 14 letter asked us to reiterate our questions.  We did so in our April 21 letter as follows:

- Apple appears to be drawing a distinction between "destroying" files and "removing" them from Apple's system.  Can you explain?  What does Apple do when it "removes" files from its system?  Does Apple move or copy the files to some other location or device?  Or does it delete

all instances of those files?  If Apple deletes all instances of those files, does it simply delete the files or does it "wipe" or overwrite files?

• What software does Apple use to search emails?  Most software allows for searching multiple custodians at once, so we may be able to offer some suggestions.

• Apple states that it has not exported Lamego or Nazzaro's files for other litigation.  Has Apple done so for any other purpose?

• It sounds like Apple is taking the position that it must have removed Lamego and Nazzaro's emails and files 4-10 weeks after they left because that is Apple's standard procedure.  Has Apple been able to verify that it actually removed Lamego and Nazzaro's emails 4-10 weeks after they left?

• Apple claims it does not understand what we mean by "a relevant area."  As we have previously explained, Apple itself asserted that some individuals did not work in a relevant area.  For example, Apple asserted that one individual was not relevant because he worked on the Apple Airpods project.  If that person did not also work on something relevant to the case, we would likely agree with that assessment.  Thus, we are asking Apple to identify the individuals that Apple believes worked in an area relevant to the case.  A relevant area may include, by way of example and not limitation, physiological monitoring, sensor design, or health-related app development.  Until Apple explains what each individual did at Apple, rather than Apple's unilateral conclusion that they are not relevant, we are unable to agree with Apple's legal conclusion.  Apple—not Plaintiffs—have the requisite knowledge.  Please confirm Apple will maintain the files for all individuals who worked for or with Plaintiffs and later worked for or with Apple in a relevant area.

Your April 29 letter refuses to provide any of this information.  Please answer our questions promptly.

Your letter also states that Apple has recently located certain documents from Mr. Lamego.  However, you do not address my email of April 24, 2021, which stated:

> If Apple located computers or images of computers used by Mr. Lamego, they should be produced as responsive to at least RFP No. 229.  Please confirm Apple will produce any such computers or images.

Please answer our question promptly.

Best regards,

Adam B. Powell

# Exhibit E

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

May 4, 2021

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
Suite 100
San Diego, CA 92130

Re:   *Masimo Corp. et al. v. Apple Inc.* (C.A. No. 8:20-cv-48-JVS-JDE)

Dear Adam:

We write in response to your May 1 letter.  Your letter purports to "write pursuant to Local Rule 37-1 to request a conference of counsel on Apple's refusal to comply with the Court's April 26, 2021, Order (Dkt. 355)."  While we respond to the issues in your letter below, there are two significant issues with this first sentence of your letter that Apple feels compelled to address up front.

***First***, Apple has not "refused to comply" with the Court's Order.  To the contrary, Apple's April 29 letter explicitly stated that "Apple will collect, search, and produce data for 'up to 39 custodians.'"  Plaintiffs still have not sent their list of "up to 39 custodians" from whom they request ESI, despite your indication that you would be doing so "soon" during our phone call last Tuesday (April 27) regarding search terms. Moreover, Apple has already searched, and is already reviewing ESI from, 15 custodians (13 identified by Apple and 2 additional custodians Plaintiffs requested), most of whom Plaintiffs have noticed for depositions in the coming weeks.  While Apple remains willing to search ESI from additional relevant custodians, if and when Plaintiffs identify such individuals, the parties should focus their immediate efforts on those individuals who have been noticed for deposition.  In any event, we don't understand how Plaintiffs can allege that Apple is "refusing to comply" when Plaintiffs have not even identified the custodians whose ESI they request Apple to search.

***Second***, it isn't clear what issue(s) Plaintiffs seek to address "pursuant to Local Rule 37-1." Indeed, your letter falls far short of compliance with the requirements of L.R. 37-1, which states that "[t]he moving party's letter" must do all of the following:

- "identify each issue and/or discovery request in dispute,"
- "state briefly as to each such issue/request the moving party's position,"
- "provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request," and

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Exhibit E
Page 26

**GIBSON DUNN**

Adam Powell
May 4, 2021
Page 2

- "specify the terms of the discovery order to be sought."

Plaintiffs' letter does none of that.  Plaintiffs' letter is organized under five sub-headings, which each represent issues that the parties have been discussing and negotiating over the past several months.  Plaintiffs do not specify which of those are in dispute for purposes of the L.R. 37-1 conference of counsel, nor do Plaintiffs "state briefly" their position on each issue. Plaintiffs also fail to "provide any legal authority [Plaintiffs] believe[] is dispositive of the dispute."  Indeed, Plaintiffs do not cite to a single case, statute, regulation, or other legal authority throughout the entire letter.  The letter also fails to "specify the terms of the discovery order to be sought."

Apple therefore asks that, prior to holding a conference of counsel, Plaintiffs provide a letter that complies with the requirements of L.R. 37-1.  Because the purpose of the conference of counsel is to "eliminate the necessity for hearing the motion," the conference will be most effective if Plaintiffs comply with L.R. 37-1 by providing a letter that identifies each issue in dispute, briefly states Plaintiffs' position, provides supporting legal authority (if any exists), and specifies the terms of the discovery order sought.

Once Plaintiffs provide this information, Apple will "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."  L.R. 37-1.

Apple is disappointed by the blatant falsehoods and mischaracterizations that permeate Plaintiffs' May 1 letter.  Apple therefore seeks to correct the record and clarify its position on the issues below:

**Plaintiffs' Requested ESI Custodians**

During our telephone call regarding ESI search terms nearly a week ago, on April 27, 2021, you indicated that you would be providing a list of additional custodians Plaintiffs seek to have Apple search in addition to the 15 custodians Apple has already agreed to search, up to 39 total as permitted by the Court's April 26 Order.  We still have not received a list of any additional custodians.  Please identify the additional custodians Plaintiffs seek to have Apple search. Additionally, please let us know your basis for believing the additional custodians you seek to have Apple search are likely to be knowledgeable about or were involved in the core issues or subjects in this case.  If you do not believe Plaintiffs are obligated to provide such a showing of relevance, please state that and provide your authority for such a position.

Turning to your letter, Plaintiffs continue to mischaracterize the ESI Agreement.  The ESI Agreement does not require Apple to identify "**all** individuals" who are knowledgeable about

**GIBSON DUNN**

Adam Powell
May 4, 2021
Page 3

and were involved with the core issues or subjects in this case.  Rather, it states that the parties "agree to meet and confer in an attempt to reach agreement on…a **reasonable list** of custodians" and that each party "shall provide a proposed list of individual custodians."  Dkt. 51 at 1:5-15.

Even more egregious is Plaintiffs' mischaracterization of the Court's April 26 Order.  Dkt. 355 at 1.  The Court's Order did not allow either party to request any custodian they want without any regard for the relevance of the custodians.  Nor did the Court's Order include an identification of custodians that the Court deemed to be appropriate or inappropriate custodians for this matter.  Instead, the Court specified a number of custodians ("up to 39") that it considered to be "reasonable and proportionate to the needs of the case."  However, the Court did not waive the fundamental Rule 26 requirement that discovery be "relevant to any party's claim or defense."  The Court also did not express any inclination to overrule the well-established precedent in this district that "the burden of demonstrating relevance rests with the party seeking discovery."  *Martinez v. Walt Disney Co.*, 2012 WL 12913739, at *1 (C.D. Cal. Aug. 8, 2012); *see also TiVo Inc. v. Verizon Comms., Inc.*, 2012 WL 12881961, at *2 (C.D. Cal. 2012) (holding that "stat[ing] only generally that the discovery [plaintiff] seeks is 'necessary' and 'directly relevant' to its case" is "insufficient to meet [plaintiff's] burden to show relevance.").

Plaintiffs try to characterize Apple's request that Plaintiffs bear their burden to show relevance as an "improper attempt to limit discovery" and a "refusal to comply" with the Court's April 26, 2021 Order.  To be clear, Apple will comply with the Court's order in full and will search up to 39 custodians.  However, consistent with the Court's order, the caselaw in this jurisdiction, and the Federal Rules of Civil Procedure, Apple will not include custodians who are not relevant to the claims and defenses in this action, which Plaintiffs have attempted time and time again to include in the list of ESI custodians, as evidenced by the laundry lists of custodians they have provided previously without any basis for alleging they are likely to have relevant ESI.[1]

As discussed during the parties' April 27 meet and confer teleconference, Apple is already in the process of reviewing documents collected from 15 custodians they have identified as the individuals who are knowledgeable about and were involved with the core issues or subject in this case.  As requested above, if there are additional custodians—up to 39 total—that Plaintiffs

---

[1] Apple maintains that Tim Cook is not likely to have information relevant to any parties' claims or defenses. Plaintiffs insist that they have already "provided legal support for Mr. Cook being an appropriate custodian."  This is not accurate.  At most, Plaintiffs have offered a few cases suggesting that the "Apex" doctrine is given more weight in the context of depositions rather than document collection, on the premise that document collection does not impose a burden on executives.  Plaintiffs have not responded to Apple's request that Plaintiffs provide the "legal basis for seeking documents from a top executive who was not involved in the issues in the case."  Apple reiterates that request.

**GIBSON DUNN**

Adam Powell
May 4, 2021
Page 4

believe are likely to have relevant ESI, please identify those individuals and your basis for your contention that they have relevant ESI.

**Search Terms**

Consistent with the Court's order, Apple will provide search term hits for up to 39 custodians. Plaintiffs have not provided any legal precedent for the notion that Apple should provide search term hits for individuals who are *not* custodians, and doing so is costly and burdensome, as we have explained to you many times. Producing a search term report for an individual who is not relevant is an undue burden. *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 1325344, at *2 (D. Colo. Jan. 3, 2017) (noting that "discovery directed at irrelevant matters imposes a *per se* undue burden.").

Additionally, we note that Plaintiffs have still not provided revised search terms, despite Apple's suggestion that the parties exchange revised terms for those terms that hit on a large number of documents during our call nearly a week ago (on Tuesday April 27). Although we did not hear back from you regarding that proposal, Apple nonetheless provided revised versions of its own terms that hit on a large number of documents to Plaintiffs the next day (on April 28). Moreover, given the lack of response from Plaintiffs for the next several days, Apple has decided to begin reviewing documents that hit on Plaintiffs' unobjectionable terms, as outlined in our correspondence on April 30. Please provide your revised terms immediately.

**Plaintiffs' Request for Free Discovery Regarding Former Employees**

From the beginning of this case, Plaintiffs have been attempting to obtain free discovery from Apple employees about whom Plaintiffs have made no allegations of misappropriation or any other wrongdoing. Apple has made very clear that it is willing to provide discovery regarding these "former employees" but only if Plaintiffs can point to some allegation that even relates to the individuals—the fact that the "former employees" used to be employed by Plaintiffs is hardly a sufficient showing, and hardly a reason to subject them to discovery in this case.

Indeed, Plaintiffs' statements in the most recent letter are blatant mischaracterizations. Apple's position that Plaintiffs failed to conduct a "reasonable inquiry," as required by Rule 26(g), is not "merely because" of Plaintiffs' long overdue agreement to "drop certain custodians." Rather, the lack of reasonable inquiry is evidenced by the fact that Plaintiffs even suggested including plainly irrelevant custodians in the first place. Indeed, on April 1, when Apple first shared the chart containing the information Plaintiffs requested, Apple told Plaintiffs that the information was provided was "publicly available" and clarified that it was improper that Plaintiffs had asked Apple to provide information through informal channels outside the written discovery process. Apple maintains that position.

Exhibit E
Page 29

**GIBSON DUNN**

Adam Powell
May 4, 2021
Page 5

Plaintiffs ignore several critical points raised in Apple's prior letters.  ***First***, as Apple has explained many times, Rule 26 allows discovery into matters relevant to any party's **claim or defense**.   The claims at issue in this phase of litigation relate to Apple's alleged misappropriation of trade secrets.  Plaintiffs do not allege that any of the individuals named on pages 2-3 of Plaintiffs' April 7 letter ever had access to or knowledge of Plaintiffs' trade secrets, let alone misappropriated them.  Individuals who had no exposure to Plaintiffs' trade secrets could not conceivably have revealed those trade secrets to Apple.  Therefore, Plaintiffs can (and should) narrow their list to only include individuals to whom they granted access to Plaintiffs' trade secrets.

***Second***, and relatedly, Plaintiffs' definition of "[a] relevant area"—accompanied by Plaintiffs' demand that Apple provide information on all individuals who worked on a project that fits within this overbroad definition—is untethered from the concept of relevance under Rule 26.  Importantly, Rule 26 does not call for "subject matter discovery."  *See Cole's Wexford Hotel, Inc. v. Highmark Inc.*, No. CV 10-1609, 2016 WL 5025751, at *1 (W.D. Pa. Sept. 20, 2016), on reconsideration, 2017 WL 432947 (W.D. Pa. Feb. 1, 2017) (emphasis added); *see also Martinez*, 2012 WL 12913739, at *1 ("Without prior court permission on a showing of good cause, a party is not entitled to 'relevant to subject matter' discovery."). In fact, Rule 26 was specifically amended to remove the phrase "subject matter" from the description of relevance in order to prevent parties from seeking to "justify discovery requests that sweep far beyond the claims and defenses of the parties."  *See Committee Notes on Rules—2000 Amendment.* While the topics Plaintiffs identify (*e.g.* "physiological monitoring, sensor design, or health-related app development") may be germane to the general subject matter of the lawsuit, a wholesale identification of every individual who worked in a so-called "relevant area" is not relevant to any party's claims or defenses and not proportionate to the needs of the case.

With this in mind, Apple proposes two simple steps to resolve issues related to former employees without necessitating court involvement:

1.  If Plaintiffs have reason to believe that any individuals who worked for or with Plaintiffs and later worked for or with Apple possess information relevant to any party's claims or defenses, Plaintiffs can include the names of those individuals in their list of up to 39 custodians they would like Apple to search, as discussed above.

2.  If Plaintiffs seek further information, including non-public information, about any individuals who worked for or with Apple, they can request that information through the written discovery process.

**GIBSON DUNN**

Adam Powell
May 4, 2021
Page 6

**<u>Apple's Data Retention Policies and Practices</u>**

In letters dated April 1 and April 14, Apple proposed that if Plaintiffs wanted to continue to inquire into the technical specifics of Apple's internal data retention systems, Plaintiffs should provide three pieces of information:  1) "a specific list of questions," 2) "a detailed explanation for why the answer to each question is relevant to the assessment of Apple's legal obligations," and 3) "supporting legal authority."  Plaintiffs have refused to comply with parts 2 and 3 of Apple's request.  Instead, Plaintiffs presented a list of technical questions about Apple's internal technological processes and proprietary backend systems.  Plaintiffs assure Apple that any concerns about sharing proprietary information can be ameliorated by the "Confidential" and "Highly Confidential – Attorneys' Eyes Only" designations permitted by the Protective Order.  However, Rule 26(c) protective orders are not intended to be an end run around Rule 26(b), which limits the scope of discovery to matters relevant to any party's claim or defense. Accordingly, Apple requests that Plaintiffs identify which claims and/or or defenses relate to the list of questions Plaintiffs posed in their April 21 and May 1 letters.  As explained in Apple's April 28 email and April 29 letter, to the extent Plaintiffs have questions about Apple's document retention policies, they should serve formal discovery, such as 30(b)(6) topics.

**<u>Plaintiffs' Inquiry Regarding Data for Former Employees</u>**

Apple has provided Plaintiffs with a copy of Apple's operative data retention policy, and Plaintiffs may reference this policy to evaluate whether Apple has retained files and emails for each of Plaintiffs' proposed custodians.  To the extent Plaintiffs still have questions about the application of the data retention policy with respect to individual custodians, Apple can address those questions once Plaintiffs provide a list of up to 39 relevant custodians that Plaintiffs would like Apple to search.  Apple reiterates its request that Plaintiffs provide this list promptly.

Lastly, with regard to your inquiry about the recently located documents from Mr. Lamego, as noted in my April 21 email, Apple confirms that it will produce all non-privileged, responsive documents that were located.

Apple reserves all rights and waives none.

Sincerely,

*Brian Andrea*

Brian K. Andrea

# Exhibit F

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

May 5, 2021

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
BAndrea@gibsondunn.com

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your letter of May 4, 2021, which responded to our letter of May 1, 2021.

## Plaintiffs' May 1 Letter Satisfied L.R. 37-1

We disagree with your assertion that Plaintiffs' letter did not satisfy Local Rule 37-1.  As an initial matter, Apple's position is inconsistent with the position it has taken on Local Rule 37-1 letters in the past.  For example, Apple declined to clearly identify its requested relief on ESI custodians in its March 17 letter, during the meet and confer, in subsequent emails, and in the joint stipulation.

Regardless, we already satisfied Local Rule 37-1 through our March 25 letter and subsequent meet and confer.  Our May 1 letter also satisfied Local Rule 37-1.  We identified the issues in dispute: (1) Apple's requirement that Plaintiffs first convince Apple of the relevance of custodians beyond the fifteen Apple agreed to search, and (2) Apple's refusal to search Mr. Cook's files.  We explained our position on both issues in detail.  We also explained that we had elaborated on our position and provided legal support in prior briefing on Apple's ESI motion.  We also specified the relief that we intended to seek: The Court should compel Apple to search up to 39 custodians, including Mr. Cook.  Please let us know when you are available to meet and confer.  We are available on May 6 after 3pm pacific, or on May 7 after 11am pacific.

## Plaintiffs' Requested ESI Custodians

We disagree with your assertion that Plaintiffs "mischaracterize" the ESI agreement.  Far from mischaracterizing the agreement, our letter quoted it word-for-word.  *See* 5/1/2021 letter at 1.  Apple newly argues it need not identify all potential custodians because the agreement states that the parties will meet and confer in an attempt to reach a "reasonable list" of custodians.  Apple continues to conflate the concepts of (a) ***disclosing*** potential custodians and (b) ***searching*** custodians.  We maintain that the ESI agreement requires full disclosure of potential custodians (as defined in the agreement) and then the parties meet and confer on the "reasonable list" of custodians to search.

Apple claims it is complying with the Court's April 26 Order to search "up to 39 custodians" because Plaintiffs had not yet provided a list of additional custodians.  But Apple states it will not search

additional custodians because Apple believes that Plaintiffs have not shown that each custodian is relevant. Apple made the same argument in prior briefing and the Court rejected Apple's argument. In particular, Apple argued Plaintiffs had not shown more than 12 custodians were relevant. The Court rejected Apple's request to limit discovery to 12 custodians and found 39 custodians was appropriate. As explained in my prior letter, the Court did not suggest that Apple could continue to limit discovery by requiring Plaintiffs to first convince Apple of the relevance of any additional custodians. The Court did not find any of Plaintiffs' proposed custodians, including Tim Cook, were inappropriate. Thus, we believe the Court intended for Plaintiffs to select up to 39 custodians for Apple to search.

Regardless, we have now identified the additional custodians that we are requesting Apple to search at this time. We intend to identify additional custodians up to 39 after Apple produces meaningful discovery. Please confirm Apple will search our requested custodians.[1]

**Search Terms**

We continue to disagree with Apple's refusal to provide hit counts for all of Plaintiffs' proposed custodians. Your letter cites a single case from Colorado, but that case did not address this issue. *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 1325344, at *2 (D. Colo. Jan. 3, 2017). Apple newly asserts that it would be "costly and burdensome" to provide hit counts, but provides no facts to support that argument. Hit count reports are an important tool to evaluating a potential custodian's relevance.

We also disagree with your assertion that we somehow delayed the process. As we explained during the April 27 meet and confer, Apple had far more to fix in its proposed search terms because they yielded ***17 million*** documents compared to ***3.5 million*** documents for Plaintiffs' search terms. While Apple has revised some of its search terms, the unrevised search terms still total ***12 million*** documents. Thus, Apple has still not revised all of its search terms that need revision. By contrast, our hits totaled just 3.5 million documents but we still provided revised search terms to further narrow discovery.

**The Former Employees**

We continue to disagree with Apple's recitation of the history on this dispute. We also disagree with Apple's assertion that Plaintiffs are seeking "free discovery" about the former employees. We are simply trying to narrow the parties' dispute through the meet and confer process. We disagree with Apple's assertion that we should serve written discovery on these topics, especially because Apple's prior letters made clear that it intends to object to any such written discovery.

Additionally, my prior letter explained that Plaintiffs' commitment to drop certain individual was based on our understanding that Apple represented the information it provided (which Apple asserts is public) was accurate. We asked "if Apple is now representing that it conducted no independent analysis to verify such information." Your letter did not answer our question. Please do so.

---

[1] In a footnote, Apple argues "Plaintiffs have not responded to Apple's request that Plaintiffs provide the 'legal basis for seeking documents from a top executive who was not involved in the issues in the case.'" We have responded to that assertion many times by explaining the legal and factual basis for our request. Apple's apparent disagreement with our assertion does not mean we have "not responded."

**Data For Former Employees**

My April 21 letter and May 1 letter stated:

> Apple previously asked us to confirm that we had files and emails for all of Apple's
> proposed custodians.  Plaintiffs confirmed and, in my April 7 letter, asked Apple to
> provide the same information regarding the individuals that Plaintiffs asked Apple to
> search.  Your April 14 letter ignored our request.  Given that Apple demanded that we
> provide this information, please provide the same information to us.

Apple once again refuses to answer this question.  Please answer our question promptly.

**Lamego and Nazzaro Data**

Plaintiffs have repeatedly asked Apple to answer the same basic questions about data that Apple
admittedly destroyed.  Apple repeatedly refuses unless Plaintiffs first provide "a detailed explanation for
why the answer to each question is relevant to the assessment of Apple's legal obligations" and
"supporting legal authority."  As we have explained many times, the issue we are addressing is whether
the data exists and can be recovered—not Apple's "legal obligations" to maintain the data.  Thus,
Apple's questions are unnecessarily defensive and irrelevant to the issue that we are addressing.

Your letter states that Apple will produce all "responsive documents" that it located from Lamego.
However, Apple still does not answer the question posed in my April 24 email and May 1 letter, which
stated:

> If Apple located computers or images of computers used by Mr. Lamego, they should be
> produced as responsive to at least RFP No. 229.  Please confirm Apple will produce any
> such computers or images.

Please answer our question promptly.

Best regards,

Adam B. Powell

Exhibit F
Page 35

# Exhibit G

**From:** Schuemann, Susanna G.
**Sent:** Wednesday, May 12, 2021 3:51 PM
**To:** Adam.Powell; Andrea, Brian
**Cc:** Kaounis, Angelique; *** Apple-Masimo; Masimo.Apple
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Dear Adam,

We write to memorialize the parties' May 12, 2021 meet and confer teleconference.  As we stated during the call, in accordance with the Court's order, **Apple will collect, search for, and produce ESI for up to 39 custodians**.  Apple has asked Plaintiffs to provide a list of up to 39 custodians for Apple to search.  As long as those custodians are likely to possess relevant ESI, Apple will search each of those custodians.  So far, Plaintiffs have proposed 30 custodians, and Apple has agreed to search all of those custodians with the exception of three individuals (Tim Cook, Mark Rollins, and Cornelius Raths) who Apple maintains are not likely to have ESI relevant to this case and are thus not appropriate ESI custodians in this case, as set forth in our email dated May 7, 2021.  Plaintiffs have not responded to that email or Apple's position regarding the lack of relevance of those three individuals.  If Plaintiffs have additional information suggesting that those three custodians are relevant, Apple is willing to consider it.  But at this point, Apple has confirmed it will search 27 identified custodians, and has invited Plaintiffs to propose up to 12 additional custodians for a total of up to 39 custodians.  Accordingly, **it is not necessary or appropriate to ask the Court for an order compelling Apple to search up to 39 custodians**.  Apple agrees to do so.

Our understanding from today's call is that Plaintiffs contend the parties have a dispute as to the words "up to" in the Court's order.  Apple's reading of the Court order is that the phrase "up to" refers to the **number** of custodians that Apple must search ("up to 39").  Plaintiffs contend that the phrase "up to" means that Plaintiffs may select any 39 custodians that <u>they</u> consider relevant, and that Apple is required to search those particular custodians regardless of Apple's own position as to whether the custodians are relevant.  As we explained, the Federal Rules governing discovery still apply to ESI custodians.  There is nothing in Judge Early's order abrogating Rule 26 here—nor have you pointed to (and we are not aware of) any authority in that regard.  Apple is permitted to make objections to Plaintiffs' ESI discovery requests, including based on relevance, burden, and proportionality, just as it is permitted to make those objections to other discovery requests.  Apple disagrees with Plaintiffs' reading of the Court's order to the extent that Plaintiffs contend that the Court order exempted Plaintiffs from the responsibility to demonstrate that the discovery they seek is relevant and proportionate to the needs of the case.

Best,
Susanna

**Susanna G. Schuemann**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.374.8455
SSchuemann@gibsondunn.com • www.gibsondunn.com

Exhibit G
Page 37

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, May 10, 2021 3:18 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Brian,

We are available at 3pm pacific tomorrow, but we disagree with your email to the extent it attempts to limit our discussion.  Please use the following dial in number:

       Phone number: 888-475-4499
       Room #: 221-856-8931

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Monday, May 10, 2021 12:16 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We are available to meet and confer regarding the issues in the second paragraph of your letter dated May 5, 2021 tomorrow (May 11) at 3pm PT.  Please let us know if that works for you, and if so please circulate a dial in number.

Thanks,
Brian

**Brian Andrea**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, May 10, 2021 10:13 AM

Exhibit G
Page 38

**To:** Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Brian,

We still have not received a response with your availability to meet and confer on my May 1 letter.  Please let us know
when you are available to meet and confer today.

Best regards,
Adam

On May 5, 2021, at 8:41 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

Brian,

Please see the attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Tuesday, May 4, 2021 12:51 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

Please see the attached letter.

Best regards,
Brian

**Brian Andrea**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

Exhibit G
Page 39

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Saturday, May 1, 2021 9:32 PM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Brian,

Please see my attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 Direct

**Knobbe Martens**

**From:** Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Sent:** Thursday, April 29, 2021 9:46 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

Please see attached correspondence from Brian Andrea.

Best,
Susanna

**Susanna G. Schuemann**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.374.8455
SSchuemann@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, April 21, 2021 9:38 AM
**To:** Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>; Masimo.Apple

Exhibit G
Page 40

<[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Brian,

Please see my attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Andrea, Brian <[BAndrea@gibsondunn.com](mailto:BAndrea@gibsondunn.com)>
**Sent:** Wednesday, April 14, 2021 8:25 PM
**To:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Cc:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>; *** Apple-Masimo <[Apple-Masimo@gibsondunn.com](mailto:Apple-Masimo@gibsondunn.com)>; Schuemann, Susanna G. <[SSchuemann@gibsondunn.com](mailto:SSchuemann@gibsondunn.com)>; Masimo.Apple <[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

Please see the attached letter and the attached word document.

Best regards,
Brian


**Brian Andrea**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <[Adam.Powell@knobbe.com](mailto:Adam.Powell@knobbe.com)>
**Sent:** Wednesday, April 7, 2021 10:10 PM
**To:** Andrea, Brian <[BAndrea@gibsondunn.com](mailto:BAndrea@gibsondunn.com)>
**Cc:** Kaounis, Angelique <[AKaounis@gibsondunn.com](mailto:AKaounis@gibsondunn.com)>; *** Apple-Masimo <[Apple-Masimo@gibsondunn.com](mailto:Apple-Masimo@gibsondunn.com)>; Schuemann, Susanna G. <[SSchuemann@gibsondunn.com](mailto:SSchuemann@gibsondunn.com)>; Masimo.Apple <[Masimo.Apple@knobbe.com](mailto:Masimo.Apple@knobbe.com)>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Brian,

Exhibit G
Page 41

Please see my attached letter and the attached word document.


Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Andrea, Brian <BAndrea@gibsondunn.com>
**Sent:** Friday, April 2, 2021 6:14 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Schuemann, Susanna G. <SSchuemann@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians


Adam,


We write to memorialize our April 2 meet and confer teleconference about the issues raised in Plaintiffs' March 23 and March 25 letters and in Apple's April 1 response.


As discussed, we look forward to receiving the following from you:


1. The legal basis for your proposal of forty-nine custodians at the outset of discovery.  You referred to caselaw cited in your prior joint stipulation, but those cases are distinguishable, as we explained in our responsive briefing.  If you have applicable legal support, we are glad to consider it.
2. The specific factual basis for believing that each of the forty-nine proposed custodians is proportional to the needs of the case, and that each one is "knowledgeable about" and "involved in the core issues or subjects in this case" as required by the parties' ESI agreement (Dkt. 51).  As we reiterated on the call, we are willing to discuss including any custodian likely to possess nonduplicative information that is relevant to any party's claim or defense and proportional to the needs of the case.  But as we have made clear in our prior correspondence, we cannot accept Plaintiffs' current proposal, which includes individuals who—as far as we can tell—were never employed by Apple and/or had no involvement in the topics at issue.
3. The legal and factual basis for your request for documents from Tim Cook.  We have asked you repeatedly for your legal basis for this request, including during our March 29 meet and confer correspondence and in our April 1 letter, and you have not cited a single case justifying this request.  As we document in our April 1 letter, the allegations in the complaint do not justify including Mr. Cook as a custodian.  Today, you presented a new unfounded assertion that Mr. Cook has stated that "Apple is focused more and more on healthcare and less and less on computers." You quickly admitted Mr. Cook had *not* actually made that statement, but the fact remains that there is no legitimate basis for collecting documents from Mr. Cook.

Exhibit G
Page 42

Please let us know when we can expect the information you agreed to provide regarding each of your forty-nine proposed custodians, including Mr. Cook.

Regards,

Brian

On Apr 2, 2021, at 11:06 AM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Brian,

We are reviewing your letter, but are available to meet and confer regarding Plaintiffs' March 25 letter at 2pm today.  Please confirm that time still works for you.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Schuemann, Susanna G. <SSchuemann@gibsondunn.com>
**Sent:** Thursday, April 1, 2021 4:09 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Kaounis, Angelique <AKaounis@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Counsel:

Attached please find correspondence from Brian Andrea and a native copy of APL-MAS_75595.

Best,
Susanna

**Susanna G. Schuemann**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.374.8455
SSchuemann@gibsondunn.com • www.gibsondunn.com

On Mar 31, 2021, at 8:56 PM, Kaounis, Angelique <AKaounis@gibsondunn.com> wrote:

Exhibit G
Page 43

Counsel:

Attached please find Apple's portion of the Joint Stipulation regarding Apple's Motion to Compel Plaintiffs to Immediately Proceed With ESI Discovery.

The accompanying attorney declaration and the exhibits (both public and under seal versions of the exhibits) will follow shortly via ShareFile because of their size.  Please let us know if you have any issues retrieving them.

When you send back Plaintiffs' portion, please include proposed redactions in yellow highlighting for Plaintiffs' portion, as well as any proposed redactions for Apple's portion.

We look forward to receiving Plaintiffs' portion of the Joint Stipulation in seven days.

Thanks,
Angelique


**Angelique Kaounis**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Kaounis, Angelique
**Sent:** Tuesday, March 30, 2021 7:19 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We write briefly to correct the misstatements in your email.  We have been clear about our proposed compromise and about the relief we intend to seek from the Court if Plaintiffs remain unwilling to proceed with ESI discovery now.  Nonetheless, to reiterate, if we are unable to reach a resolution, Apple will ask the Court to compel Plaintiffs to proceed with ESI discovery on twelve custodians per side, without prejudice to either side's ability to pursue ESI from additional custodians in the future.

Apple is preparing a written response to each of the issues raised in your March 23 and March 25 letters.  The March 29 call was convened due to the urgent need to move forward with a proportional, workable, mutually agreeable set of initial custodians.  In the interest of efficiency, we asked you to show patience for a couple days while we work with our client to finalize responses.  We did not refuse to discuss anything.  Rather, we tried to keep the focus on the most important and time-sensitive issue:  agreeing on a way to move forward with ESI discovery now.  But rather than provide a straightforward explanation of Plaintiffs' position on that issue, you instead insisted that the parties discuss other issues, which we did discuss.  In particular, 1) we invited you to share case law supporting your request for custodial files from Tim Cook, and 2) we told you that although we were not able to replicate the legibility you claim to have with APL-

8

MAS_0075595, that we were trying to solve the issue for you.  Please refer to our forthcoming written responses to the other issues set forth in your March 25 letter for Apple's responses to Plaintiffs' other issues.

Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, March 30, 2021 8:51 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

[External Email]
Angelique and Brian,

I write to memorialize our March 29 meet and confer.  We disagree with your email, which once again does not accurately reflect our meeting.  Our meet and confer was unhelpful because Apple refused to fully discuss the parties' disputes, including the issues raised in Apple's own March 17 letter and Plaintiffs' responsive March 23 letter.  For example, Apple refused to discuss: (1) whether Plaintiffs' former employees are appropriate custodians, (2) whether Tim Cook is an appropriate custodian, (3) Lamego/Nazario's files, and (4) whether Apple would produce a new version of APL-MAS_0075595.  Apple argued it need not discuss these issues because Plaintiffs' March 25 Local Rule 37 letter mentioned them and Apple intended to wait ten days to respond to that letter.  We explained that the issues we were trying to discuss were covered by Apple's own March 17 letter and our March 23 response, not just our separate March 25 Local Rule 37 letter.

Rather than discuss all aspects of Apple's own letter, Apple demanded that Plaintiffs preemptively agree to Apple's demand to search just twelve Apple custodians.  Your email below argues that, because both parties will eventually search at least 12 custodians, Plaintiffs should select 12 Apple custodians now.  But Apple is refusing to provide the information that would be necessary for Plaintiffs to make an informed decision even as to 12 custodians, including hit counts for all custodians and search terms.  Such information is important to target and prioritize ESI discovery.  For example, hit counts would help Plaintiffs better understand the relevance of various Apple custodians and prioritize its requests for ESI searching.  We also do not know whether Apple will agree to search Tim Cook's files or whether it will agree to search any of Plaintiffs' former employees other than O'Reilly.  Thus, these issues are interrelated and cannot be isolated.  Indeed, Apple promised in the ESI stipulation that it would discuss custodians <u>and</u> search terms in an attempt to reach an <u>overall agreement</u>.  Apple's refusal to do so is unnecessarily delaying this process.

Apple's claim that it urgently seeks to "make progress" is belied by the many months in which Apple refused to engage in any ESI discussions. Apple's demand that Plaintiffs select 12 custodians in the dark makes no sense in view of Apple's commitment to provide the other information and engage in an overall discussion in the next few days. Likewise, providing our position in writing in less than 24 hours can hardly be considered "delay" or refusing to answer Apple's question by a "date certain." We simply need reasonable information, consistent with what we have been willing to provide Apple, given Apple's refusal to search more than 12 custodians.

During the call, you stated that Apple will immediately proceed with twelve custodians regardless of whether Plaintiffs agree. While Plaintiffs maintain that Apple should provide hit counts for all of Plaintiffs' custodians, nothing is preventing Apple from running searches on whatever custodians it likes. During the meet and confer, Apple threatened to move the Court, but did not indicate what relief Apple seeks. Even though Local Rule 37-1 required Apple's letter to clearly identify "the terms of the discovery order to be sought," Apple's letter did not do so. Moreover, plaintiffs have not placed an arbitrary limit on searching, and simply look to find an equitable approach. Plaintiffs also have not in any way refused to begin that process, which they have already started. As discussed above, nothing is preventing Apple from performing searches on its own custodians. Please clarify what relief Apple plans to seek from the Court if the parties do not reach an agreement.

During the meet and confer, the parties also discussed (1) the type of documents covered by ESI searching and (2) Plaintiffs search of the twelve custodians that Apple identified. On the first issue, Apple stated that it planned to search all files, including messaging and chat logs, but that it envisioned the negotiated ESI search terms would apply only to email searching. We responded that we would consider Apple's position and get back to you. On the second issue, Plaintiffs again explained they never refused to search the twelve custodians that Apple identified. To the contrary, we explained that we had already begun pulling files and would provide hit counts as soon as possible. Apple demanded Plaintiffs provide a "date certain" as to when we would provide hit counts, while Apple could not provide a date certain itself when we asked the same question. As we explained, Plaintiffs are working diligently to pull the data, process the data, and provide hit counts as soon as possible. We likewise request hit counts from Apple.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

From: Kaounis, Angelique <AKaounis@gibsondunn.com>
Sent: Monday, March 29, 2021 8:02 PM
To: Masimo.Apple <Masimo.Apple@knobbe.com>
Cc: *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
Subject: Masimo Corp. et al. v. Apple Inc. | 20-cv-00048 - Meet and Confer re ESI Custodians

Adam,

We write to memorialize today's meet and confer call. We are disappointed by Plaintiffs' refusal to agree to Apple moving forward with 12 custodians on each side, particularly in view of the fact that Plaintiffs have indicated they do intend to request that Apple search the ESI of the 12 custodians Apple has identified. We are endeavoring in good faith to make progress, with the understanding that all parties reserve rights to seek additional custodians later, depending on the discovery that unfolds. It is likewise disheartening that Plaintiffs cannot commit to providing a final answer to

Apple's proposal to begin with 12 custodians by a date certain.  Your suggestion that we asked you for an "on the spot" answer is detached from the documented reality of the parties' discussions.  We presented this proposal to Plaintiffs on March 17, followed up on March 22 asking for a response to allow us to "move forward with ESI discovery immediately," reiterated this request on March 23, and then once again posed the same question on March 26.  In no way were you put on the spot today.  Accordingly, we renew our request that you let us know today—or tomorrow at the latest—whether Plaintiffs will agree to commence ESI discovery with the list of 12 custodians presented in Apple's March 17 letter.

We will respond in writing to the issues raised in your March 23 and March 25 letters later this week.  In the meantime, we need to move forward with an initial set of custodians.  Discovery is an iterative, collaborative process.  The fact that other issues remain to be decided does not justify Plaintiffs' delay.

Thanks,
Angelique


**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

<Joint Stip re ESI Custodians.DOC>

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Exhibit G
Page 47

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Exhibit G
Page 48

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

<2021-05-05 Letter to Andrea.pdf>

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit G
Page 49

# Exhibit H

| | |
|---|---|
| **From:** | Adam.Powell <Adam.Powell@knobbe.com> |
| **Sent:** | Thursday, May 13, 2021 11:00 PM |
| **To:** | *** Apple-Masimo; Rosenthal, Brian A.; Lerner, Joshua H.; Samplin, Ilissa; Lyon, H. Mark; Kaounis, Angelique; Buroker, Brian M.; Andrea, Brian |
| **Cc:** | Masimo.Apple |
| **Subject:** | Masimo v. Apple - Deposition Notices and ESI Custodians |
| **Attachments:** | 2021-05-13 Deposition Notice - Jack Fu.pdf; 2021-05-13 Deposition Notice - Afshad Mistri.pdf; 2021-05-13 Deposition Notice - Jeff Williams.pdf; 2021-05-13 Deposition Notice - Louis Bakma.pdf; 2021-05-13 Deposition Notice - Ueyn Block.pdf; 2021-05-13 Deposition Notice - Steve Smith.pdf; 2021-05-13 Deposition Notice - Divya Nag.pdf; 2021-05-13 Deposition Notice - Adrian Perica.pdf; 2021-05-13 Deposition Notice - Tao Shui.pdf; 2021-05-13 Deposition Notice - Dong Zheng.pdf |

[External Email]
Counsel,

Please see the attached deposition notices.

Additionally, Plaintiffs request that Apple add the following individuals to the list of custodians that Apple searches pursuant to the parties' ESI discussions.

1.  Adrian Perica
2.  Steve Smith
3.  Jeff Williams

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit H
Page 51