JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation,<br><br>      Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO EXTEND CERTAIN CASE DEADLINES**<br><br>**Hearing:**<br>Date:    June 21, 2021<br>Time:   1:30 p.m.<br>Place:  Courtroom 10C<br>Judge:  Hon. James V. Selna |

## I. INTRODUCTION

The parties agree that an extension of the July 5, 2021 fact discovery cut-off in this case is necessary. The problem is that they cannot agree on the length of that extension or whether the trial date also needs to be extended. Apple's position is that a short extension of time to complete depositions, until August 13, 2021, along with a corresponding short extension for expert discovery and dispositive motion deadlines, is sufficient and will not disrupt the remainder of the schedule already set by the Court. Plaintiffs, on the other hand, demand an extension of more than a year, which requires a reversal of the Court's Order staying the patent claims in this case pending decisions on the pending IPRs (Plaintiffs' back-up position is an extension of the entire case schedule by seven months). Apple does not believe that dozens of pages of mud-slinging as to the reasons for an extension are necessary or productive; there are easily identified discovery motions that neither party can dispute have delayed discovery. The only real disagreement between the parties is how long an extension is appropriate. Apple submits that its proposed schedule is realistic, largely adheres to the Court's existing Scheduling Order, including the trial date, and does not require a complete reversal of the Court's order on the extensively briefed stay of the patent infringement case. Apple asks the Court to accept its proposed extensions for three reasons:

*First*, Apple's proposed extensions for depositions, expert discovery, and dispositive motions afford the parties sufficient time to complete fact discovery while preserving much of the schedule ordered by this Court including the trial date. Apple is not aware of—and Plaintiffs have not presented—any reason why Apple's schedule is unworkable or unrealistic.

*Second*, Plaintiffs' correspondence shows that Plaintiffs intend to lay the blame for any delay at Apple's doorstep. Again, the blame game is neither necessary nor efficient—the disputes here are easily identified, and Apple will not use this brief to repeat its views on the merits of those disputes. First and foremost, the parties disagreed over ESI custodians and search terms. Apple proposed from the outset that the parties

begin searching and producing documents from twelve custodians, and now that Judge Early has ordered "up to 39 custodians," Apple already has agreed to—and is already searching documents from—28 custodians identified by Plaintiffs. Apple has objected only to Plaintiffs' demands for documents from apex executives, Tim Cook and Jeff Williams. The parties also are finalizing their search terms without the need for motion practice. The parties also had a dispute as to the conduct of depositions—remote or in person—that Judge Early has resolved. Now that the majority of the parties' ESI disputes have been resolved by the Court or are pending decision, Apple sees no reason why the parties cannot substantially complete document production by June 25, 2021—to the extent parties want depositions after document production, that can be done with the modest extension for depositions until August 13, 2021.

*Third*, the parties' dispute as to the time necessary to complete discovery should not be weaponized as a second attempt to avoid the Court's stay of the patent case. To avoid burdening the Court with this dispute, Apple asked Plaintiffs to stipulate to a short extension of the deposition deadline—or to propose anything short of a seven month stay—but Plaintiffs did not agree. Instead, Plaintiffs seek to extend the fact discovery deadline for *more than one year*, to prevent their trade secret claim from proceeding to trial before their stayed patent infringement claims. In short, Plaintiffs' proposal boils down to a second attempt to avoid the Court's October 13, 2020 Order staying the patent infringement case pending *inter partes* ("IPR") review. In that Order, the Court acknowledged that there was "no reason that the separate and independent trade secret case could not proceed," while the patent case awaited the outcome of the IPRs. ECF 222. At that time, Plaintiffs agreed, "similarly urg[ing] the Court to not stay the trade secret case," and arguing that such a delay "would prejudice Plaintiffs," causing "irreparable harm." ECF 209-1 at 24, 11. Now, such prejudice is conveniently absent, as Plaintiffs press for a schedule change that would push the close of discovery to *90 days after the resolution of all IPRs*—a move that, with IPR appeals, could delay the resolution of the trade secret case for upwards of *two years*. Such a delay would be

wasteful, prejudicial to Apple for all the reasons previously considered by the Court in ruling on the stay, and render both the Court's Scheduling Order and Order staying the patent infringement case meaningless.

Apple therefore respectfully asks the Court to instead order a short extension of fact discovery until August 13, 2021 for depositions only, and corresponding short extensions of the expert discovery and law and motion deadlines, as outlined in the chart below.

## II. FACTUAL BACKGROUND

### A. The Court Stays the Patent Case Pending *Inter Partes* Review

On October 13, 2020, the Court granted Apple's Motion to Stay Proceedings Pending *Inter Partes* Review, staying the patent infringement case pending final disposition of Apple's IPR petitions challenging the claims of Plaintiffs' asserted patents before the Patent Trial and Appeal Board. *See* ECF 222. In its briefing on the motion, Apple proposed that instead of staying only the patent case, the "Court could also opt to stay the entire action," noting that the trade secret case was at that time still in its infancy. ECF 196-1 at 21. Plaintiffs objected, "urg[ing] the Court to not stay the trade secret case," ECF 222 at 8. Plaintiffs argued that doing so "would prejudice Plaintiffs," ECF 209-1 at 24, causing "irreparable harm," including through the "los[s of] market share and business opportunities," *id.* at 11, which would allow Apple to "capture and define the market" for medical wearables and result in reputational harm and the "loss of evidence or the inability of witnesses to recall specific facts." *Id.* at 15-16. In the end, the Court held that the trade secret case should not be stayed, accepting the parties' position that "Apple's IPR petitions . . . are not tied to Plaintiffs' trade secret misappropriation . . . claims," and "[a]s a result, there is no reason that the separate and independent trade secret case could not proceed." ECF 222 at 8. Following the Court's Order, the parties immediately began propounding discovery related to Plaintiffs' trade secret claim, and have been actively litigating the claim since.

### B. Discovery Disputes Delay Document Production and Depositions

Since the Court's Order staying the patent infringement case, the parties have been actively litigating the trade secret case along the schedule set by the Court under the assumption that it will proceed to trial on April 5, 2022; however, recent disputes over ESI discovery and discovery motion practice have resulted in deferred document production, which in turn has delayed the scheduling of depositions.

*Disagreements over ESI Custodians*. The parties had a dispute about the ESI custodians to be searched on both sides. When Apple pressed Plaintiffs to "exchange ESI for the custodians already identified"—i.e., the custodians the parties had identified and agreed to on each side—to "move forward with ESI discovery," ECF 333-2 at 181, Plaintiffs did not agree. Plaintiffs demanded that Apple search the ESI of all forty-nine custodians they had identified for Apple, including Apple CEO Tim Cook. ECF 332-2 at 231. Apple explained that "[t]he parties need to move forward with ESI discovery immediately to complete discovery under the current schedule" and proposed a compromise that would allow both parties to do that without ceding their positions. *Id.* at 233. Plaintiffs did not agree, reiterating their demand that Apple "search[] all of the [forty-nine] custodians included in [their] letter of March 23, 2021." ECF 333-2 at 267.

On April 8, 2021, Apple sought to push the schedule forward by filing a joint stipulation, noting the impending July 5, 2021 deadline for the completion of fact discovery and asking the Court to "order Plaintiffs to proceed with ESI discovery for twelve custodians per side, without prejudice to either side's ability to seek ESI from additional custodians later." ECF 331-1 at 2. On April 26, 2021, the Court granted Apple's motion in part, ordering the parties to "immediately proceed with the production of [ESI] for up to 39 custodians per side." ECF 335 at 2. The parties have since been negotiating those 39 custodians per side. On May 20, 2021, Plaintiffs filed another joint stipulation, seeking to compel Apple to produce ESI for Apple CEO Tim Cook, which is pending before the Court, and is scheduled to be heard on June 10, 2021.

*Disputes Over ESI Search Terms*.  Disagreements over ESI search terms have likewise hampered the parties' ability to timely produce ESI discovery.  Plaintiffs and Apple first exchanged ESI search terms on April 16 and 20, 2021, respectively, but many of their respective terms were producing outsized hit counts.  *See* Declaration of Ilissa Samplin in Support of Apple's Motion to Extend Certain Case Deadlines ("Samplin Decl.") Ex. A.  The parties have been engaged in meet and confers since, in efforts to narrow the hit counts on both sides.  *See id.*  This process has taken time—and has required the exchange of multiple hit reports on both sides—which has delayed the search and production of ESI.

*Disagreements Over Depositions*.  While the parties have served their respective deposition notices, disputes over deposition dates, ESI production, and whether depositions must occur in person have delayed the process.  Again, Apple sought to push this process forward with an *ex parte* motion to confirm that remote depositions are acceptable.  With the help of Judge Early's Order—and admonition to work out any disputes over remote depositions—Apple is confident that the parties can and will promptly agree on the manner in which depositions are taken.

## C.    The Current Dispute

On May 12, 2021, Plaintiffs wrote Apple that "it does not appear feasible that the parties will complete their ESI searching and produce documents sufficiently in advance of the upcoming depositions," and requested a conference of counsel to discuss the case schedule.  *Id.* Ex. B.  Apple responded on May 14, 2021 indicating its willingness to discuss a short extension of the schedule for depositions.  *Id.* Ex. C.  Apple proposed that the parties stipulate to an extension of the current discovery cut-off for depositions only until August 13, 2021, suggested modest corresponding extensions to the expert discovery and law and motion deadlines, and proposed concrete deadlines for Plaintiffs to serve their 30(b)(6) notice, finalize ESI search terms, schedule depositions, and complete document production, so as to guard against further future delay.  *Id.*

The parties held a conference of counsel on May 17, 2021, during which Plaintiffs rejected Apple's proposal. *Id. ¶* 7 & Ex. D. Instead, Plaintiffs proposed that the close of fact discovery be set "at least 90 days after the patent stay is lifted"—a postponement of *over one year. Id.* Alternatively, Plaintiffs explained that if the patent and trade secret cases were officially bifurcated, they "would suggest setting [] the close of fact discovery on February 7, 2022." *Id.*, Ex. D. Plaintiffs provided no justification for their proposed schedule other than to delay the trade secret case so that it can proceed on the same timeline as the stayed patent case. *Id. ¶* 7. The parties spoke again the next day, and Apple explained that Plaintiffs' de facto stay of the trade secret case for over a year was untenable. *Id. ¶* 8. To most efficiently resolve the scheduling issue, Apple proposed that the parties file a joint stipulation for a conference with the Court, along with a joint statement setting forth the parties' respective positions on scheduling before such a conference. *Id.* Plaintiffs rejected the proposal in favor of proceeding with their own motion. *Id. ¶* 8 & Ex. E. Apple therefore files this short motion to apprise the Court of its position on the scheduling dispute.

### III.   ARGUMENT

**A.   Good Cause Exists for a Short Extension of the Fact Discovery Deadline for Depositions Only, and Corresponding Short Extensions of Expert Discovery and Law and Motion Deadlines**

When a district court sets a deadline, a party must present "good cause" for modifying it. Fed. R. Civ. P. 16(b)(4). Good cause exists for a short modification of the Scheduling Order to allow the parties roughly one extra month to complete depositions, and corresponding short extensions to the expert discovery and law and motion deadlines, as outlined in the following chart:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery cut-off | July 5, 2021 | July 5, 2021 (except depositions; includes cut-off for motions to compel) |

| | | |
|---|---|---|
| | | August 13, 2021 (depositions only) |
| Opening expert reports | Sept. 6, 2021 | October 27, 2021 |
| Rebuttal expert reports | Oct. 18, 2021 | December 8, 2021 |
| Expert discovery cut-off | Dec. 6, 2021 | December 22, 2021 |
| Law and Motion – motions filed no later than | Jan. 10, 2022 | January 24, 2022 |
| Law and Motion cut-off | Feb. 7, 2022 at 1:30 pm | February 14, 2022 at 1:30 pm |
| MILs | Feb. 14, 2022 | |
| Pretrial documents | Mar. 7, 2022 | |
| Final pretrial conference | March 21, 2022 | |
| Trial | Apr. 5, 2022 | |

The parties have been actively litigating this case pursuant to the schedule set by the Court. Serial disputes over ESI custodians and search terms and motion practice related to the same have stymied both parties' ability to timely produce ESI, pushing production timelines past contemplated or currently scheduled deposition dates. As a result of these delays, good cause exists for a short extension of the current fact discovery deadline of July 5, 2021, including to avoid the inefficiencies inherent in having to call deponents for additional depositions after document productions complete. To account for the extension of fact discovery, good cause also exists for short extensions of the expert discovery and law and motion deadlines.

Apple contends that with the exception of these proposed short extensions, this case should continue to move forward according to the schedule set by the Court—with trial to occur on the date already set by the Court. The parties have been litigating this case under the assumption that it will proceed to trial on April 5, 2022. There is no justification for altering that date. Apple has much at stake in this litigation, both economically and reputationally, and is entitled to have it concluded expeditiously. The parties' disputes over ESI custodians have either been resolved by, or are currently

pending before, the Court. Plaintiffs have represented that they are currently working on revising their ESI search terms and will submit narrowed terms to Apple in the near term. As a result, Apple believes that the parties can substantially complete document production by June 25, 2021. Accordingly, the parties should need only short extensions of the fact and expert discovery and law and motion deadlines as outlined above. By contrast, Plaintiffs' proposal would require vacating *every* date in the current Scheduling Order. Good cause does not exist for such a drastic change.

### B.  There Is No Basis to Undo the Court's Order Staying the Patent Infringement Case and Moot the Scheduling Order

Plaintiffs have argued throughout this litigation that the patent infringement and trade secret cases are separate. *See, e.g.*, July 10, 2020 Hr'g Tr. at 16:1–2, 5 (Plaintiffs' counsel arguing that "[o]ur patent case is independent of the trade secret case"); *see also id.* at 12:10–19 (the Court recognizing that the two cases are separate and stating that although discovery in the trade secret case was stayed until Plaintiffs provide a disclosure of their alleged trade secrets, "[w]e need to go forward with the patent case"). Plaintiffs have also argued that trade secret discovery is separate from patent discovery. *See, e.g.*, ECF 43-1 (Joint Stipulation) at 30–31 (Plaintiffs arguing that their patent infringement claims do not "hinge" on their trade secret claims). In opposition to Apple's motion to stay the patent infringement case, Plaintiffs "urg[ed] the Court to not stay the trade secret case," ECF 222 at 8, arguing that such a delay "would prejudice Plaintiffs," causing "irreparable harm," including through the "los[s of] market share and business opportunities," which would allow Apple to "capture and define the market" for medical wearables, and result in reputational harm, the "loss of evidence," and "the inability of witnesses to recall specific facts." ECF 209-1 at 11, 15-16, 24. The Court credited these arguments in holding that the trade secret case should *not* be stayed along with the patent case, finding "no reason that the separate and independent trade secret case could not proceed," while the patent case awaited the outcome of the IPRs. ECF 222 at 8. Now, the "irreparable harm" Plaintiffs complained of appears

conveniently to have evaporated. For reasons unbeknownst to Apple, Plaintiffs have reversed their position and now demand that Apple agree to a de facto stay of the trade secret case until "at least 90 days after the patent stay is lifted," i.e., 90 days after the resolution of the last IPR.

Plaintiffs' proposed schedule on its face would reverse the Court's October 13, 2020 Order. Barring unusual circumstances, the Patent Trial and Appeal Board must issue a Final Written Decision within one year. Any motions for reconsideration are due within another 30 days, with the Board usually taking around 30-45 days to decide them. With the last IPR in this case instituted on May 12, 2021, all final decisions would be issued by May 12, 2022, and all decisions on any motions for reconsideration would likely be issued sometime that summer. Plaintiffs' proposed schedule would likely delay discovery in the trade secret case for *over one year*. If Plaintiffs appeal any of the IPR decisions, the delay could extend closer to two years. In granting Apple's motion to stay the patent case, the Court credited Apple's argument that "Apple's IPR petitions challenge the patents Plaintiffs have asserted against Apple, which are not tied to Plaintiffs' trade secret misappropriation . . . claims," meaning there was "no reason that the separate and independent trade secret case could not proceed." ECF 196-1 at 19; ECF 222 at 8 (quoting ECF 196-1 at 19). Nothing has changed since that Order. Yet Plaintiffs now seek to tie the trade secret case to the resolution of the IPR petitions in contravention of the Court's findings. Plaintiffs offer no basis to put an active case on ice while the parties await the outcome of unrelated patent rulings.

Further, Plaintiffs' requested extension would render the Court's Scheduling Order meaningless. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* Since the stay of the patent case, the parties have been actively litigating the trade secret case on the schedule set by

1  the Court. The Court has not altered those deadlines, nor have Plaintiffs offered any
2  good cause for their proposed unilateral rewrite of the entire case schedule.

3        Plaintiffs should not be allowed to eviscerate both the stay order and the
4  Scheduling Order by delaying the case for over one year when only short extensions are
5  necessary to allow for the completion of fact discovery on the trade secret claim. Instead,
6  the Court should order a short extension of the deadline for the completion of fact
7  discovery until August 13, 2021, for fact depositions only, and corresponding short
8  extensions to the expert discovery and law and motion deadlines, as outlined in Apple's
9  chart above. *See* Sec. III.A.

## IV.  CONCLUSION

Apple respectfully requests that the Court extend: (1) the deadline for completion of fact depositions to August 13, 2020; (2) the deadline for submission of opening expert reports to October 27, 2021; (3) the deadline for submission of rebuttal expert reports to December 8, 2021; (4) expert discovery cutoff to December 22, 2021; (5) the deadline for submission of motions on the law and motion calendar to January 24, 2022; and (6) the law and motion cutoff to February 14, 2022 at 1:30 pm.

Dated: May 24, 2021

                         Respectfully submitted,

                         JOSHUA H. LERNER
                         H. MARK LYON
                         BRIAN M. BUROKER
                         BRIAN A. ROSENTHAL
                         ILISSA SAMPLIN
                         ANGELIQUE KAOUNIS
                         BRIAN K. ANDREA
                         GIBSON, DUNN & CRUTCHER LLP

                         By:  */s/ Joshua H. Lerner*
                                Joshua H. Lerner

                         *Attorneys for Apple Inc.*