Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date: June 21, 2021<br>Time: 1:30pm<br>Ctrm: 10C<br>Judge: Hon. James. V. Selna |

REDACTED VERSION OF DOCUMENT
PRPOSED TO BE FILED UNDER SEAL

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. STATEMENT OF FACTS ........................................................................ 2

    A. Masimo Diligently Pursued Core Technical Documents ........................ 2

    B. Masimo Diligently Pursued ESI and Other Discovery ........................... 3

    C. Despite Masimo's Efforts, Discovery Is Still In Its Early Stages ........... 5

    D. Many Disputes Remain And Will Require Time For Resolution ........... 6

III. ARGUMENT .............................................................................................. 8

    A. The Parties Cannot Complete Discovery Under The Current Schedule ............................................................................................... 9

        1. The Discovery Remaining Is Massive ........................................... 9

        2. A Special Master Is Necessary To Resolve Many Discovery Disputes ...................................................................... 12

    B. Masimo Acted Diligently In Pursuing Discovery From Apple ............. 13

    C. The Court Should Adopt Masimo's Proposal, Not Apple's Proposal ................................................................................................ 15

IV. CONCLUSION ........................................................................................ 16

# TABLE OF AUTHORITIES

Page No(s).

*Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*,
   2009 WL 800209 (D. Idaho Mar. 24, 2009) .......................................................... 10

*Emblaze Ltd. v. Apple Inc.*,
   No. 5:11-cv-01079-PSG, Dkt. 248 (N.D. Cal. Sept. 12, 2013) .............................. 10

*Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*,
   2020 WL 7094074 (C.D. Cal. July 30, 2020) .................................................. 11, 14

*Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al.*,
   No. 8:20-00088 JVS, Dkt. 43 (C.D. Cal. April 14, 2021) ................................ 11, 12

*Guifu Li v. A Perfect Day Franchise, Inc.*,
   281 F.R.D. 373 (N.D. Cal. 2012) .......................................................................... 11

*Hendershot v. Ready to Roll Transp., Inc.*,
   228 Cal. App. 4th 1213 (2014) .............................................................................. 11

*Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*,
   Case No. 2:19-cv-07748-CAS(PLAx), Dkt. No. 104
   (C.D. Cal. May 22, 2020) ................................................................................ 14, 15

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ................................................................................... 9

*Limon v. Circle K Stores Inc.*,
   2020 WL 1503448 (E.D. Cal. Mar. 30, 2020) ............................................. 9, 11, 15

*Macias v. KDF Foxdale, L.P.*,
   2020 WL 2097607 (N.D. Cal. May 1, 2020) ......................................................... 15

*Magnolia Med. Tech., Inc. v. Kurin, Inc.*,
   No. 19-cv-00097, Dkt. 194 (D. Del. Oct. 6, 2020) ................................................ 10

*PMC, Inc. v. Kadisha*,
   78 Cal. App. 4th 1368 (2000) .................................................................................. 8

*Romo v. Costco Wholesale Corp.*,
   2020 WL 1624589 (S.D. Cal. Apr. 2, 2020) .......................................................... 15

# TABLE OF AUTHORITIES
(*cont'd*)

Page No(s).

*Sung Gon Kang v. Credit Bureau Connection, Inc.*,
   2020 WL 1689708 (E.D. Cal. Apr. 7, 2020) ....................................................... 11, 15

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
   No. 03-01329 WBS EFB, Dkt. 316 (E.D. Cal. Oct. 26 2010) ................................. 11

*WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
   No. 17-cv-01118, Dkt. 140 (S.D. Cal. June 12, 2018) .............................................. 10

## OTHER AUTHORITIES

Fed. R. Civ. P. 16 .................................................................................................................. 8

Rule 26 ........................................................................................................................... 2, 13

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") hereby request that the Court adjust the scheduling order to permit the parties to conduct the large amount of discovery that remains.

## I. INTRODUCTION

The Parties agree the schedule is not feasible and must be changed. While Apple would agree to a short extension, Masimo seeks more fundamental changes. Masimo requests the Court extend discovery until 90 days after final decisions in the *inter partes* review (IPR) proceedings. Masimo also requests the Court set a deadline for the parties to retain a discovery special master. Obtaining discovery from Apple has proven to be a long, arduous, and very expensive task. Continuing under the current procedure would take the parties **years** to complete discovery or result in an unfair trial for Masimo. A special master, operating under expedited procedures, would help complete discovery under Masimo's requested schedule.

Even though Masimo filed this case in January 2020, discovery is still in its early stages. The pleadings did not close until May 5, 2021. The parties have yet to take a single deposition, and each side intends to take at least twenty. The parties recently exchanged custodians and search terms for electronically stored information (ESI) but have not even **begun** producing ESI. ESI discovery will be extensive and constitute the majority of the documents produced. After the parties produce ESI, each side will need to review the other's production and conduct up to one hundred hours of depositions.

Masimo diligently pursued discovery. Masimo sought Apple's core technical documents for months, but it took the Court issuing multiple orders and then threatening contempt before Apple produced the documents. Masimo then pursued ESI discovery for months, but Apple refused to participate until the Court issued another two orders. The Court issued the most recent order on April 26—two months before the current close of discovery. Meanwhile, even though the global pandemic caused explosive demand for Masimo's life-saving pulse oximetry products, Masimo worked around the clock to ensure it met its obligations both to patients and in this case.

Nothing indicates Apple will suddenly change course and begin cooperating by producing discovery in good faith. The history of this case shows that Apple will obstruct discovery, even when ordered to produce it. The current procedures are clearly inadequate, even if the Court were to extend discovery by a year or more. Thus, Masimo requests that the Court adjust the schedule and set a date for the parties to retain a special master not encumbered by the local rules to expedite resolution of discovery disputes.

## II. STATEMENT OF FACTS

Masimo asserts claims for infringement of twelve patents, misappropriation of dozens of trade secrets, and correction of inventorship/ownership of eight Apple patents/patent applications. Dkt. 296-1. The Court entered the initial scheduling order on April 2020. Dkt. 33; Dkt. 37. Among other things, the schedule called for Apple to produce "core technical documents" in June 2020, Markman briefing through January 2021, the close of fact discovery in July 2021, and trial in April 2022. Dkt. 33 at 24-26; Dkt. 37. Subsequent events made this schedule impossible.

### A. Masimo Diligently Pursued Core Technical Documents

To comply with the Markman schedule, and while Apple was challenging the trade secret pleadings, Masimo initially focused on obtaining patent discovery. Masimo served its first discovery requests immediately after the Rule 26 conference in March 2020. Ex. 1.[1] Apple argued it need not produce discovery, including "core technical documents," until Masimo provided an adequate Section 2019.210 trade secret disclosure. Dkt. 33 at 26, n.6. The Court rejected that argument and stayed "trade secret discovery only." Dkt. 37. Over the next several months, Masimo wrote to Apple eighteen times, met with Apple twice, and moved the Court three times attempting to obtain the documents. Exs. 2-12; Dkt. 55; Dkt. 82; Dkt. 123-1. Masimo also responded to three motions Apple filed attempting to avoid producing the documents. Dkt. 43; Dkt. 57; Dkt. 73.

---

[1] Unless noted otherwise, all exhibits are attached to the Declaration of Adam B. Powell, filed concurrently herewith. All emphasis is added unless noted otherwise.

-2-

Judge Early and this Court repeatedly ordered Apple to produce the documents. Dkt. 37; Dkt. 54; Ex. 13 at 12:10-19; Dkt. 76; Dkt. 79. On July 29, the Court threatened Apple with sanctions or contempt:

> This issue has been litigated multiple times, and Apple has not prevailed. Now is the time for Apple to Act: The Court expects prompt and full compliance. Any further recalcitrance on Apple's part will likely draw an application for contempt or sanctions under 28 U.S.C. § 1927 or an invitation from the Court to seek such relief.

Dkt. 92. When Apple still refused to comply, Masimo wrote to Apple several more times and moved to enforce the order on August 20. Ex. 14; Dkt. 123-1. Judge Early encouraged the parties to resolve Masimo's motion, such as through simultaneously exchanging Masimo's Section 2019.210 disclosure and Apple's core technical documents. Dkt. 185 at 28. The parties agreed and exchanged those documents on October 9, 2020—four months after Apple's June 2020 deadline and two months after the Court ordered Apple's "prompt and full compliance." *See* Dkt. 92.

**B.    Masimo Diligently Pursued ESI and Other Discovery**

On October 13, 2020, the Court granted Apple's request to stay the patent claims pending *inter partes* review. Dkt. 220. Apple largely halted document production. Ex. 15 at 1. Masimo pressed for discovery on the claims that were not stayed and asked Apple to begin exchanging ESI discovery. Ex. 16 at 5. Apple responded that ESI discovery was "premature and inappropriate" because the pleadings had not closed and because Masimo's Section 2019.210 disclosure was purportedly inadequate. Ex. 15 at 5. Apple moved to compel a revised Section 2019.210 disclosure by arguing Masimo "surprised" Apple on the agreed-exchange date with a "woefully deficient" Section 2019.210 disclosure. Dkt. 259-1 at 8. In January 2021, Judge Early confirmed that Masimo's disclosure was sufficient. Dkt. 279. Throughout this period, Apple produced very little discovery. *See* Exs. 17-18 (producing only about 3,400 pages of discovery).

Meanwhile, Masimo continued to seek ESI discovery. From November 2020 to February 2021, Masimo wrote to Apple twelve times, met and conferred, and served a

joint stipulation. Ex. 19; Ex. 20 at 4; Ex. 21; Ex. 22 at 2; Exs. 32, 23-25; Ex. 26 at 2-3; Exs. 27-29. Apple maintained ESI discovery should begin **only if** Masimo agreed to limit disclosure and searching to just eight custodians. Ex. 30. Masimo maintained that Apple's position violated the parties' ESI agreement, which required the parties to disclose **all** potential custodians before meeting to discuss which custodians would actually be searched. *See* Dkt. 51 at 2. Masimo promptly served a joint stipulation on January 22. Ex. 27. Apple persuaded Masimo to withdraw the joint stipulation by promising to comply. Ex. 28 at 1-2. After Masimo withdrew the joint stipulation, however, Apple engaged in self-help by disclosing only eight custodians—the precise number it wanted as a limit. Ex. 31.

Masimo wrote to Apple eight more times, met and conferred again, and then moved to compel. Exs. 37-41; Dkt. 315. In March 2021, Judge Early declined to intervene, holding the ESI agreement was not an order of the Court. Dkt. 318 at 2. However, Judge Early warned that "any knowing failure to identify in a timely manner all appropriate custodians as part of the iterative, good faith discovery process may result in a future order excluding evidence or other consequences." *Id.*

After the March 2021 Order, Apple continued to claim it has only twelve relevant custodians. Ex. 42 at 13-14. Throughout March and April, Masimo wrote to Apple eleven times and met with Apple twice to resolve the issue. *Id.*; Ex. 43 at 1; Exs. 44-47; Ex. 48 at 1-3; Ex. 49. Because Apple refused to identify all potential custodians, Masimo identified missing custodians based on Apple's very limited document production. Ex. 50 at 1, 3. Apple then sought to impede ESI discovery by moving to "compel" Masimo to **limit** discovery to just **twelve** custodians. Dkt. 333. On April 26, 2021, Judge Early ordered the parties to "immediately proceed with the production of electronically stored information ('ESI') for up to **39** custodians per side . . . ." Dkt. 355 at 2.

After the Order, both sides requested the other search additional custodians. Masimo immediately agreed to search all of Apple's requested custodians. *See* Ex. 51. Despite the clear Order, Apple argued it would search additional custodians **only if**

-4-

Masimo convinced Apple of each custodian's relevance. Ex. 52 at 1-2. Apple agreed to search some custodians, but refused to search others. *Id.* at 1-3. Masimo wrote to Apple and met with Apple again before moving to compel on Apple's refusal to search one custodian. Dkt. 378-2. Apple then refused to search yet another custodian, which will likely result in another motion. Ex. 100.

**C.     Despite Masimo's Efforts, Discovery Is Still In Its Early Stages**

The parties still plan to take an enormous amount of discovery. The parties are currently processing data and generating search term hit count reports for the additional custodians exchanged after Judge Early's April 2021 Order. So far, Apple has provided hit counts on 15 of its custodians (with 18 remaining) and Masimo has provided hit counts on 16 of its custodians (with 10 remaining). Ex. 51 at 2; Exs. 53-56. For the 16 custodians that Masimo searched so far, Apple's requested search terms hit on **17 million** documents. Ex. 56. Even though Apple is the defendant, and should not require substantial document discovery from Masimo, Apple refuses to narrow terms that hit on **12 million** documents. Ex. 53. Yet Apple simultaneously demands that Masimo, as the plaintiff with the burden of proof, narrow search terms that hit on about one quarter as many documents (3.5 million Apple documents). Ex. 51 at 4.

Since mid-April, Masimo has written to Apple fifteen times and met and conferred twice in an attempt to resolve these disputes. Ex. 57; Ex. 58 at 1-2; Exs. 59-62; Ex. 63 at 1-2; Ex. 64 at 2-3; Exs. 65-69. Masimo is working to narrow its terms, but Apple's refusal to reciprocate will likely necessitate yet another motion. If Apple does not narrow its terms, it would take **over 250,000 attorney hours** for Masimo to review and produce the documents. *See* Ex. 70 at 2 (Attorneys conducting document review typically review about 40-50 documents per hour). That would take more than **125 attorneys** each working 40 hours per week **an entire year** to complete. Even if the parties (or the Court) were to narrow ESI searching to about one million documents per side (about 10% of the current total), it would still take about 20,000 hours of attorney time per side to produce documents before depositions could proceed. *See id.*

The parties have also not completed other document production. Apple recently confirmed it is still searching the files of relevant custodians. Ex. 71 at 1. Masimo has been diligently producing discovery in response to Apple's extensive requests. Masimo agreed to produce responsive documents for the vast majority of Apple's RFPs, produced nearly 200,000 pages of documents so far, and is continuing its efforts to locate additional documents. Powell Decl. ¶ 102.

The parties have yet to take any depositions. When Masimo noticed its first deposition in November 2020, Apple declined to make the witness available unless Masimo agreed it would not seek a second deposition when Apple produced that witness' documents. Ex. 72 at 14. Masimo wrote to Apple nine times from November 2020 through February 2021 and repeatedly asked when Apple would produce the documents. *See id.* Masimo agreed to postpone the deposition several times to try to obtain Apple's documents before taking the deposition. *Id.* at 1-5. However, Apple has yet to produce all documents for that witness (or any other witness). Ex. 73 at 3.

Just last week, Apple canceled ***all*** depositions on ***both*** sides, asserting the parties should complete document production before taking depositions. *Id*. Masimo agrees that obtaining documents before depositions would be more effective, but that is impossible under the current schedule, particularly when Apple resists discovery at every turn. This is particularly true in light of Judge Early's warning during a hearing last Thursday that taking a deposition prior to receiving documents may result in not being able to take a follow-up deposition after documents are produced.

Additionally, the pleadings did not close until May 5, 2021. *See* Dkt. 368. From April 2020 through April 2021, Apple pursued four motions to dismiss challenging portions of the trade secret claims only. Dkt. 38; Dkt. 104; Dkt. 238; Dkt. 310. Throughout that time, Apple declined to participate in discovery as documented above.

D.     **Many Disputes Remain And Will Require Time For Resolution**

Unfortunately, the parties have many more discovery disputes that will require time to resolve. Masimo recently filed two motions to compel written discovery. Dkt.

351; Dkt. 357. Before filing those motions, Masimo diligently pursued the discovery from Apple for months. The parties exchanged nearly two dozen communications and met and conferred numerous times on these motions alone. Exs. 74-75; Ex. 76 at 2; Exs. 77-78. While Apple's Section 2019.210 motion was pending, Masimo attempted to discuss Apple's other objections so the parties could quickly proceed when Judge Early ruled. Ex. 101. Apple refused to discuss other objections until Judge Early ruled. Ex. 102 ("If Plaintiffs provide a Section 2019.210-compliant disclosure, Apple will meet and confer with Plaintiffs regarding the relevance and scope of these RFPs").

When Judge Early confirmed Masimo's Section 2019.210 disclosure was sufficient, Masimo followed up and again asked Apple for its position. From January to April 2021, Masimo wrote to Apple ten times and attended two detailed conferences of counsel to try to resolve the matter. Exs. 74-75; Ex. 76 at 2; Exs. 77-78. Apple refused to provide its position on several RFPs. Exs. 75, 77. Eventually, Masimo had to move to compel. *See* Dkt. 351; Dkt. 357. Despite fact discovery closing in two months under the current schedule, Apple argued the motions were premature. Dkt. 353-1 at 34 (arguing Masimo moved "before Apple had an opportunity to finalize its position"); Dkt. 359-1 at 4 (arguing Masimo "jumped the gun" on a second motion "just as premature and flawed as [its] first"). Judge Early granted-in-part and denied-in-part the first motion on May 20. Dkt. 380. Judge Early issued the denials without prejudice to Masimo serving revised requests. Masimo did so the very next day on May 21. Ex. 79. The second motion will be heard on June 3. *See* Dkt. 380.

The parties also dispute the actions Apple should take regarding missing documents from key witnesses. In February 2021—more than one year after Masimo filed this case—Apple first informed Masimo it had "removed" all of Marcelo Lamego and David Nazzaro's files when they left Apple. Ex. 42 at 14. Lamego was Cercacor's Chief Technical Officer and central to Masimo's allegation that Apple obtained trade secrets from Masimo's former employees. Dkt. 296-1, ¶¶ 21-24, 223-267. Nazzaro is one of the named inventors on two Apple patents that are the subject of Masimo's

-7-

correction of inventorship/ownership claims. *Id.* ¶¶ 47, 268-281. Apple's delay in admitting it "removed" the files prevented the parties from addressing the issue for a year. The delay may also make it less likely the documents can be recovered.

As soon as Apple informed Masimo documents were missing, Masimo attempted to learn what happened and whether they could be recovered. Ex. 42 at 12-14. Masimo met with Apple twice and wrote to Apple ten times. Exs. 42, 47; Ex. 48 at 4; Ex. 49; Ex. 67 at 11; Ex. 58 at 3-4; Ex. 80. On April 1, Apple refused to answer any further questions. Ex. 99 at 7. Masimo exchanged additional letters attempting to resolve the issue before serving yet another joint stipulation. Ex. 48 at 4; Ex. 58 at 3-4; Ex. 80.

Masimo also anticipates another motion on Apple's prototypes. Ex. 81 at 1-3; Ex. 82. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Apple refused. *Compare* Exs. 81-82 *with* Exs. 83, 86-87.[2] Masimo expects to serve a joint stipulation soon.

The parties also dispute each other's selection of expert witnesses. Masimo recently served a joint stipulation because the parties could not resolve a dispute on Apple's expert. Ex. 88. Apple also recently objected to two Masimo experts. Ex. 89.

The track record in this case demonstrates that the parties have very different ideas as to how discovery should proceed. While Masimo wants full and complete discovery, Apple seeks to cut off discovery.

### III. ARGUMENT

A party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party

---

[2] ▮▮▮▮▮▮▮▮▮ a defendant can improperly misappropriate a trade secret by "employing the confidential information" in many ways, including in "research or development." *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1383 (2000).

-8-

seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Courts may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Id.* "The Court has broad discretion in granting modifications to the schedule." *Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *8 (E.D. Cal. Mar. 30, 2020) (citing *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)).

### A. The Parties Cannot Complete Discovery Under The Current Schedule

#### 1. The Discovery Remaining Is Massive

The schedule is no longer feasible because discovery is still in its early stages.  In October 2020, Apple justified its motion to stay by asserting the 150,000 pages of documents the parties had produced paled in comparison to the "*massive* amount of discovery that a case of this size necessitates." Dkt. 217 at 3; *see also id.* at 4 (arguing the remaining discovery would "*vastly eclipse* the minimal basic discovery provided to date").  Apple argued the case was in its early stages because "[t]he parties have neither noticed nor taken a single deposition, and there will be many, including the 10 named inventors." *Id.* at 3.

To date, Apple has produced approximately 165,000 pages of documents and the parties have not taken any depositions.  Despite Apple conceding this case will require a "massive amount of discovery," Masimo had to make herculean efforts at significant cost to obtain the little discovery it has from Apple.  As discussed, Masimo had to file numerous motions and obtain numerous court orders before Apple finally produced its core technical documents *four months* late.  Dkt. 37; Dkt. 54; Ex. 13 at 12:10-19; Dkt. 76; Dkt. 79; Dkt. 92.  Masimo then had to chase Apple for *seven* months before the Court ordered Apple to search 39 custodians.  Ex. 15-16, 19-32, 37-52; Dkt. 355 at 2.  But Apple is still refusing to search some custodians.  Ex. 52 at 1-2; Ex. 100.

Apple also demands Masimo review at least **12 million** documents for possible production even though Apple refuses to review less than one-third of that number of documents for possible production.  Ex. 53; Ex. 51 at 4.  The unfairness is apparent.

Apple is far larger than Masimo and admits it "employs *hundreds* of engineers who work on the Apple Watch and hundreds of people who are involved in the marketing and sale of Apple's products." Dkt. 331-1 at 13 (emphasis in original). Moreover, Masimo brought claims for misappropriation of trade secrets and patent ownership/inventorship. Dkt. 296-1. Thus, Apple's actions, particularly when designing the Apple Watch, are at issue. One would expect many more relevant Apple documents compared to Masimo documents, not the other way around. Even if Apple suddenly began cooperating, it would still take months for the parties to review and produce documents. Once the parties make substantial document productions, they will then need time to review each other's production before taking the many depositions that Apple argues are required.

Courts typically grant extensions to accommodate document production, including far smaller productions than at issue here. *See, e.g.*, *Magnolia Med. Tech., Inc. v. Kurin, Inc.*, No. 19-cv-00097, Dkt. 194 at 10 (D. Del. Oct. 6, 2020) (attached as Ex. 90) (extending deadlines because a party produced approximately 57,000 documents in the final month for document production); *WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-cv-01118, Dkt. 140 at 10 (S.D. Cal. June 12, 2018) (attached as Ex. 91) (extending expert discovery where plaintiff recently produced documents and "Defendants need prior to conducting various depositions and discussions with their experts"); *see also Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*, 2009 WL 800209, at *4 (D. Idaho Mar. 24, 2009) (reopening and extending discovery where plaintiff did not recognize the importance of one document produced in discovery). Indeed, Apple itself has successfully obtained such extensions. *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, Dkt. 248 at 4-5 (N.D. Cal. Sept. 12, 2013) (attached as Ex. 92).

The parties have also not taken any depositions. While the parties had scheduled depositions in May and June, Apple canceled ***all*** depositions on ***both*** sides by asserting the parties should first finish document production. Ex. 73 at 3. Apple also suggested ESI discovery is an "iterative" process that should occur in multiple rounds. Dkt. 332-

1 at 8, 10, 16. Masimo agrees that documents should be produced before taking depositions and that discovery is an iterative process. However, Apple must recognize that neither is possible under the current schedule or under Apple's proposed schedule, particularly when Apple continually resists discovery. Apple thus appears intent on running out the clock to evade its discovery obligations. In similar circumstances, courts have expressed "significant concerns regarding Defendants' tactics, and the ability of Plaintiffs to fairly prosecute this action." *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 387 (N.D. Cal. 2012) (imposing issue sanctions where fact discovery closed before defendant produced documents it had been compelled to produce).

As explained above, the parties also have had many discovery disputes and expect more in the future. *See supra* Section II.D. Under similar circumstances, this Court has extended discovery. *See Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *2 (C.D. Cal. July 30, 2020) (extending where the "record reveals that discovery has been extensive and contentious in this matter"). Other courts extend discovery to "give Defendant sufficient time to produce the requested information, and to give Plaintiff sufficient time to conduct any further discovery necessary." *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *8 (E.D. Cal. Apr. 7, 2020); *see also Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 03-01329 WBS EFB, Dkt. 316 at 3 (E.D. Cal. Oct. 26 2010) (attached as Ex. 93) (extending discovery by seven months due to pending disputes); *Limon*, 2020 WL 1503448, at *8.

The pleadings also just recently closed on May 5. *See* Dkt. 368. As a result, Masimo has had little opportunity to take discovery on Apple's fourteen affirmative defenses. "Due process requires that plaintiffs be given an adequate opportunity to conduct discovery on and brief issues related to defendant's affirmative defenses." *Hendershot v. Ready to Roll Transp., Inc.*, 228 Cal. App. 4th 1213, 1225 (2014). The Court recently extended discovery where the pleadings were reopened shortly before the close of fact discovery. *See Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al.*, No. 8:20-00088 JVS (DFMx), Dkt. 43, at 6-7 (C.D. Cal. April 14, 2021) (attached as

Ex. 94). In that case, the Court continued the trial and all pretrial deadlines by nine months. *Id.* at 6. Masimo similarly requests the Court amend the schedule to allow Masimo to obtain discovery from Apple.

### 2. A Special Master Is Necessary To Resolve Many Discovery Disputes

Apple appears to be using the cumbersome nature of discovery motions, and Masimo's desire to avoid burdening the Court, as a tactic to deny discovery. As discussed, Masimo spent months trying to work with Apple in an attempt to resolve disputes without burdening the Court. Masimo recently had to file two motions to compel discovery requests, one motion on ESI generally, and another motion to obtain discovery from a specific custodian. Dkt. 317; Dkt. 353-1; Dkt. 359-1; Dkt. 379-1. Masimo expects to file motions to obtain discovery regarding another custodian Apple refuses to search, documents Apple says were "removed," and prototypes Apple refuses to produce. *See supra* Section II.D. As discussed, Plaintiffs spent months and wrote to Apple dozens of times before it could file those motions under the Local Rules. *Id.* Despite these months of efforts and fact discovery closing in a few weeks, Apple still argues Masimo filed prematurely. Dkt. 353-1 at 34; Dkt. 359-1 at 4 (arguing Masimo "jumped the gun").

The current process by which Masimo has to compel discovery from Apple will take years and millions of additional dollars for Masimo to obtain reasonable discovery. The status quo will either cause significant delay and expense, or force Masimo to proceed to trial without discovery. Thus, Masimo requests the appointment of a discovery special master to resolve disputes on an expedited basis.

Nothing indicates Apple will suddenly change course and begin cooperating in good faith. Past experience shows that, even when ordered to produce discovery, Apple will use self-help to continue to obstruct discovery. Indeed, it took four months and numerous court orders just for Apple to produce "core technical documents" as required by the schedule. Dkt. 37; Dkt. 54; Ex. 13 at 12:10-19; Dkt. 76; Dkt. 79; Dkt. 92. It also took seven months and two court orders for Apple to agree to search a reasonable number

of ESI custodians.  Dkt. 318 at 2; Dkt. 355 at 2.  The current procedures are clearly not adequate, even if the Court were to extend discovery by a year or more.

Masimo is determined to obtain discovery from Apple, even if it comes with the steep price of delaying trial and losing Judge Early's supervision.  Judge Early has twice suggested a special master, but explained that any order appointing a special master must come from this Court.  Ex. 95 at 14:13-17.  Masimo greatly appreciates Judge Early's diligent work on this case, but recognizes the burden that this case has imposed on the Court.  Thus, Masimo requests the Court select one of the individuals on which the parties previously agreed.  Dkt. 289 (both parties identifying Judges Guilford and Segal as potential special masters).  In addition, the Court should empower the special master to act in an expeditious fashion unencumbered by the Local Rules.

**B.     Masimo Acted Diligently In Pursuing Discovery From Apple**

Masimo has diligently pursued discovery from Apple.  Masimo promptly served document requests in March 2020—shortly after the Rule 26 conference and before the scheduling order even issued.  Ex. 1.  Masimo diligently pursued patent discovery to meet the patent-specific deadlines in the scheduling order until the Court stayed the patent claims in October 2020.  Exs. 2-3; Ex. 4 at 1; Exs. 5-12; Dkt. 55; Dkt. 82; Dkt. 123-1, Dkt. 43; Dkt. 57; Dkt. 73, Ex. 14; Dkt. 123-1.  Masimo had to file numerous motions just to obtain "core technical documents" that the scheduling order required Apple to have produced four months earlier.  Dkt. 55; Dkt. 82; Dkt. 123-1.

Masimo also promptly pursued trade-secret and patent-ownership discovery.  Apple challenged Masimo's trade secret pleadings for over a year and refused to provide discovery while it challenged Masimo's Section 2019.210 disclosure.  *See supra* Section II.B.  When the Court confirmed the disclosure was sufficient, Apple still refused to participate in ESI discovery.  Masimo met with Apple many times and attempted to resolve the dispute.  After two contested motions, the Court ordered Apple to search up to 39 custodians.  Despite Masimo's diligence, the parties are just now beginning ESI discovery with only six weeks remaining in the schedule.  *See supra* Sections II.B-C.

Masimo also noticed its first deposition six months ago, but Apple refused to make the witness available unless Masimo agreed not to take a second deposition when Apple produced documents. Ex. 72 at 14. Masimo again pursued the matter with Apple and repeatedly asked Apple when it would produce the documents. Masimo is still awaiting completion of the document production for just that one witness. Ex. 73 at 3. In the meantime, Masimo diligently produced nearly 200,000 pages of documents. *See supra* Section II.C.

Masimo diligently participated in discovery despite a world-wide pandemic in which doctors around the globe were relying on Masimo to keep up with explosive demand for its life-critical pulse oximetry devices. Declaration of Bilal Muhsin at ¶¶ 3-10 ("Muhsin Decl."). The FDA worked urgently with Masimo on clearance so that Masimo could release a new product called Masimo SafetyNet. *Id.* ¶ 8. That device quickly made national news as the only clinical grade remote wearable pulse oximeter available to monitor COVID-19 patients from their homes. *Id.*; Exs. 96-97.

Masimo's team at times worked through the night to keep up with the extreme increase in demand and ensure doctors worldwide could obtain its devices without an interruption in supply. Muhsin Decl. ¶¶ 5-6. Masimo invested significant resources to keep its employees safe from the pandemic and to ensure production escalated as quickly as possible. *Id.* Masimo even arranged for alternate manufacturing locations in case of a COVID outbreak at any given location. *Id.* ¶ 7. These efforts were time consuming for the employees who were leading Masimo's COVID-19 response, which were also the same people that were helping Masimo's counsel collect the discovery Apple requested in this case. *Id.* ¶ 10. Those employees sometimes worked around the clock to ensure Masimo met its obligations to patients and in this case. *Id.* ¶¶ 6, 10; *see Fisher and Paykel Healthcare Ltd.*, 2020 WL 7094074, at *1 (extending discovery where movant made devices that were "in increased demand as a result of the pandemic").

Courts routinely find the pandemic alone constitutes "good cause." *See, e.g., Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*, Case No. 2:19-cv-07748-

-14-

CAS(PLAx), Dkt. No. 104, at 3 (C.D. Cal. May 22, 2020) (attached as Ex. 98) (collecting cases and extending discovery); *Sung Gon Kang*, 2020 WL 1689708, at *8; *Limon*, 2020 WL 1503448, at *8; *Romo v. Costco Wholesale Corp.*, 2020 WL 1624589, at *1 (S.D. Cal. Apr. 2, 2020); *Macias v. KDF Foxdale, L.P.*, 2020 WL 2097607, at *2 (N.D. Cal. May 1, 2020). Here, Masimo persevered to meet its discovery obligations despite the pandemic. Muhsin Decl. ¶ 10. That perseverance further demonstrates Masimo's diligence.

### C. The Court Should Adopt Masimo's Proposal, Not Apple's Proposal

Masimo recognizes its requested extension would postpone trial. But this modified schedule is warranted in view of how much discovery remains and Masimo's diligent efforts throughout this case. Masimo's proposal would also allow the parties to complete discovery on all issues so that they could be presented in a single trial.[3] During the meet and confer on this motion, Apple made a counter proposal that ignores the realities of this case and Apple's conduct during discovery. Apple proposes extending the deadline for depositions by six weeks with no extension to complete the massive document production that remains. Ex. 73 at 5. That is not reasonable for all of the reasons discussed above.

Apple's proposal also added deadlines to the schedule that are not feasible. Apple added a deadline for "Final ESI search terms" only eleven days from now on June 4. *Id.* But nothing indicates Apple will narrow its search terms so quickly. Indeed, for weeks Apple has refused to narrow its search terms that hit on over 12 million documents, suggesting further motion practice will be required just to finalize search terms. Apple also suggests the deposition schedule for all witnesses on both sides be "set" by June 11. *Id.* But that precedes document production or review. Apple suggests document production be complete by June 25, *id.*, but that would allow just three weeks to review

---

[3] Extending discovery by one year would set the close of fact discovery in July 2022. The IPR proceedings should conclude in May 2022. A small additional extension until August 2022 would allow some time to conduct patent-specific discovery after the stay.

-15-

and produce millions of documents, *see supra* Section II.C. Apple's schedule would also preclude motions to compel based on information learned during depositions.

Apple's proposal is also not feasible because it continues the status quo, which involves lengthy discovery disputes. As discussed above, a discovery special master and expedited procedures are necessary to resolve the parties' disputes more quickly. Without an expedited procedure, Apple will continue to use the drawn-out formal motion practice to deny discovery. Thus, Apple's proposal is merely its latest attempt to deny discovery. The Court should adopt Masimo's proposal.

## IV. CONCLUSION

As established above, Masimo tried in earnest to work under the Local Rules. These efforts have proven to be ineffective in obtaining discovery from Apple. Accordingly, Masimo respectfully requests the Court modify the schedule to allow fact discovery to continue until 90 days after the final written decisions on Apple's IPR petitions and appoint a special master unencumbered by the Local Rules.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 24, 2021

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

34965764