JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>APPLE INC., a California corporation,<br><br>            Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**AMENDED DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO EXTEND CERTAIN CASE DEADLINES**<br><br>**Hearing:**<br>Date:      June 21, 2021<br>Time:      1:30 p.m.<br>Place:     Courtroom 10C<br>Judge:     Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

AMENDED SAMPLIN DECLARATION IN SUPPORT OF APPLE INC.'S
MOTION TO EXTEND CERTAIN CASE DEADLINES
CASE NO. 8:20-CV-00048-JVS (JDEx)

1    I, Ilissa Samplin, declare and state as follows:

2        1.    I am an attorney duly licensed to practice law before this Court and all

3    courts of the State of California.  I am a partner with the law firm of Gibson, Dunn &

4    Crutcher LLP and counsel of record for Apple Inc. in the above-captioned action.

5        2.    I have personal, firsthand knowledge of the facts stated herein and, if called

6    upon to do so, could and would competently testify thereto.

7        3.    I make this declaration in support of Apple's Motion to Extend Certain

8    Case Deadlines.

9        4.    A true and correct copy of an email chain between Cheryl Burgess, counsel

10   for Plaintiffs, and my colleague, Brian Andrea, with the first email dated April 16, 2021,

11   and the latest email dated May 20, 2021, is attached hereto as **Exhibit A (filed under**

12   **seal)**.

13       5.    A true and correct copy of a May 12, 2021 letter from Adam Powell,

14   counsel for Plaintiffs, to me is attached hereto as **Exhibit B**.

15       6.    A true and correct copy of a May 14, 2021 email from me to Mr. Powell is

16   attached hereto as **Exhibit C**.

17       7.    On May 17, 2021, Apple and Plaintiffs held a telephonic conference of

18   counsel during which they discussed modifications to the case schedule to ensure the

19   parties have sufficient time to complete fact depositions.  During this conference,

20   Plaintiffs rejected Apple's proposal for a short extension of the deadline for fact

21   discovery for depositions and instead proposed extending the deadline for fact discovery

22   until at least 90 days after the stay of the patent infringement case is lifted.  Plaintiffs

23   provided no justification for this proposal other than to delay the trade secret case so that

24   it can proceed on the same timeline as the stayed patent case.  A true and correct copy

25   of a May 17, 2021 email from Adam Powell to me, summarizing the parties' meet and

26   confer, is attached hereto as **Exhibit D**.

27       8.    On May 18, 2021, the parties spoke again on the phone about their

28   competing proposals for an extension of certain case deadlines.  I explained to

Gibson, Dunn &
Crutcher LLP

1

AMENDED SAMPLIN DECLARATION IN SUPPORT OF APPLE INC.'S
MOTION TO EXTEND CERTAIN CASE DEADLINES
CASE NO. 8:20-CV-00048-JVS (JDEx)

Mr. Powell that Plaintiffs' proposed de facto stay of the trade secret case until the stay of the patent infringement case is lifted was unacceptable to Apple.  Plaintiffs indicated they planned to brief the issue before the Court.  Apple proposed that the parties file a joint stipulation for a conference with the Court, along with a joint statement setting forth the parties' respective positions on scheduling before such a conference.  Plaintiffs rejected that proposal in favor of proceeding with their own motion.  A true and correct copy of a May 19, 2021 email from Mr. Powell to me, in which Plaintiffs rejected Apple's proposal to present a joint statement to the Court, is attached hereto as **Exhibit E**.

Executed this 25th day of May, 2021 in Los Angeles, California.

By:   /s/ *Ilissa Samplin*

Ilissa Samplin

2

AMENDED SAMPLIN DECLARATION IN SUPPORT OF APPLE INC.'S
MOTION TO EXTEND CERTAIN CASE DEADLINES
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP

# Exhibit A
# (filed under seal)

# Exhibit B

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

May 12, 2021

**<u>VIA EMAIL</u>**

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197

Re:     Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Ilissa:

We write to request a conference of counsel regarding the current case schedule.

As you are aware, the fact discovery cutoff is currently July 5, 2021.  Dkt. 37.  This deadline has never been adjusted despite the parties engaging in extensive motion practice regarding the pleadings and discovery, and two stays in the case, one of which remains in place.  Moreover, the parties are currently engaged in discussions regarding ESI search terms.  As described in recent correspondence, Apple has so far declined to agree to narrow many search terms that hit on about 12 million of Plaintiffs' documents.  Yet Apple is also demanding that Plaintiffs narrow their search terms that hit on about 3.5 million of Apple's documents.  The parties do not appear to be close to reaching an agreement yet.

Apple has previously taken the position that the parties are entitled to only one deposition per witness even if relevant documents are produced after the deposition.  While Plaintiffs would like to take the depositions as expeditiously as possible, Plaintiffs need to obtain Apple's documents before they can do so.  Based on the parties' current discussions and resultant timing on ESI searching, it does not appear feasible that the parties will complete their ESI searching and produce documents sufficiently in advance of the upcoming depositions.

In Apple's recent *ex parte* application, Apple took the position that the July 5 discovery cutoff would not change.  Thus, we request a conference of counsel to discuss the schedule and, if necessary, a motion to adjust the schedule.  Please let us know when you or someone from your team is available to discuss the matter this week.

Best regards,

Adam B. Powell

INTELLECTUAL PROPERTY + TECHNOLOGY LAW   |   knobbe.com

# Exhibit C

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

May 14, 2021

VIA E-MAIL (ADAM.POWELL@KNOBBE.COM)

Adam Powell
Knobbe, Martens, Olson & Bear LLP
3579 Valley Centre Dr.
Suite 300
San Diego, CA 92130

Re:     *Masimo Corp. et al. v. Apple, Inc.*, C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Adam:

I write in response to your letter dated May 12, 2021 requesting a discussion regarding extending the deadline for discovery.

Apple is open to discussing an extension of the schedule for depositions, provided Plaintiffs do not use Apple's willingness to extend the schedule as a basis to seek relief from, or reconsideration of, the Court's Order regarding remote depositions (Dkt. 374).  Moreover, any extension must include deadlines to ensure that tasks such as ESI discovery and deposition scheduling proceed efficiently and with certainty.  To that end, we have included a proposal below.  As you will see, we have proposed dates for (i) Plaintiffs to serve their 30(b)(6) notice (Apple served its notice earlier this week), (ii) finalizing ESI search terms, (iii) scheduling depositions, and (iv) substantial completion of document production, which would include production of ESI.  These deadlines are important because the parties need certainty with respect to the deposition schedule.  Additionally, as we indicated previously, Apple is not willing to make its deponents available more than once.  Given that many of the Apple employees Plaintiffs have noticed for deposition are likely to be 30(b)(6) designees, Apple requires Plaintiffs' 30(b)(6) notice before making any of its employees available for deposition.  Apple has extended the same courtesy to Plaintiffs.

We also propose that any extension of the current discovery cut-off be for depositions only; there is no reason the parties cannot complete the remainder of discovery by the previously-scheduled deadline for the close of fact discovery.

# GIBSON DUNN

Adam Powell
May 14, 2021
Page 2

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Plaintiffs serve 30(b)(6) notice** | N/A | May 19, 2021 |
| **Final ESI search terms** | N/A | June 4, 2021 |
| **Deposition schedule set** | N/A | June 11, 2021 |
| **Substantial completion of document production** | N/A | June 25, 2021 |
| **Discovery cut-off** | July 5, 2021 | July 5, 2021 (except depositions) (includes cut-off for motions to compel) |
| | | August 13, 2021 (depositions only) |
| **Opening expert reports** | Sept. 6, 2021 | October 27, 2021 |
| **Rebuttal expert reports** | Oct. 18, 2021 | December 8, 2021 |
| **Expert discovery cut-off** | Dec. 6, 2021 | December 22, 2021 |
| **Law and Motion– motions filed no later than** | Jan. 10, 2022 | January 24, 2022 |
| **Law and Motion cut-off** | Feb. 7, 2022 at 1:30 pm | February 14, 2022 at 1:30 pm |
| **MILs** | Feb. 14, 2022 | |
| **Pretrial documents** | Mar. 7, 2022 | |
| **Final pretrial conference** | March 21, 2022 | |
| **Trial** | Apr. 5, 2022 | |

Please let us know if Plaintiffs agree to Apple's proposal.

Sincerely,

Ilissa Samplin

Exhibit D

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, May 17, 2021 10:39 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

[External Email]
Ilissa,

Thank you for meeting with us today.  As discussed, we disagree with Apple's proposal for several reasons.  First, we do not agree to forego our right to seek in-person depositions.  Indeed, we do not believe the declaration that Apple served last week satisfied Judge Early's conditions required for remote depositions.  Second, neither party should give up the ability to move to compel after receiving additional discovery from the other side, including depositions that may reveal additional documents that a party believes should be produced.  Third, Apple's proposal does not account for the patent claims that are currently stayed.  As we pointed out, Apple did not request bifurcation, and cannot simply presume bifurcation based on a stay.  At present, Plaintiffs would oppose any motion to bifurcate by Apple, and Apple has not presented any reasons for such a bifurcation.  Finally, Apple's proposal does not address the completion of discovery in an orderly or efficient fashion.  Indeed, given the status of document production, Apple's proposal will almost certainly cause further motion practice regarding second depositions due to timing on production of documents.

To address the scheduling consequences of the patent stay obtained by Apple, we suggested that fact discovery extend until after the patent stay is lifted.  Due to the overlap between the patent and trade secret claims, we preliminarily suggested completing fact discovery for the patent issue in 90 days after the final IPR decisions.  As we noted when you suggested that seemed too short, we are open to discussing the particular duration for completion of patent discovery.  Thus, we suggest setting (a) the close of fact discovery for at least 90 days after the patent stay is lifted and (b) the remaining dates with approximately the same spacing as the current schedule.  We are open to modifying those dates if Apple would like additional time for patent discovery or if Apple has suggestions on the remaining dates.  We are also not fundamentally opposed to some of Apple's other suggestions (e.g., deadlines for substantial completion of document discovery), but would need to work out the details with Apple.  As we noted, there are problems created in phased discovery, including that Apple may contend discovery relates to trade secrets once we are in any patent discovery phase.

We also discussed the amount of time that is necessary for trade secret discovery if the claims were bifurcated (which we would oppose).  While the parties have different views of how discovery proceeded so far, we hope the parties can agree that discovery remains in the early stages.  The parties have not reached agreement on ESI search terms or begun producing ESI.  We provided our formal Section 2019.210 statement and suggested the parties begin ESI discovery in October 2020, but the parties are just now doing so in May 2021.  Thus, in the event there were to be separate schedules for the trade secret case and the patent case, we would suggest setting (a) the close of fact discovery on February 7, 2022 and (b) the remaining dates with approximately the same spacing as the current schedule.

During our call, you indicated that you would check with Apple and get back to us on our proposals set forth above.  You also indicated you would let us know your thoughts on how the parties should present any remaining disputes to the Court.  In particular, we asked whether you thought the parties should agree to expedite the briefing schedule or stipulate to an interim extension while we wait for the Court to rule.

We look forward to receiving Apple's position.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Sunday, May 16, 2021 4:36 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v. Apple

Thanks Ilissa. That should be fine.

On May 16, 2021, at 4:17 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:

 That's fine, but I have a hard stop at 2.

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On May 16, 2021, at 4:05 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Thanks Ilissa.  Can we do 1:15pm PT?

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Saturday, May 15, 2021 2:18 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v. Apple

Sure. 1 pm PT on Monday works well for us.  Does that work for you?

We can use this dial in:

8667475969,,,2132297354#

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On May 15, 2021, at 1:08 PM, Adam.Powell
> <Adam.Powell@knobbe.com> wrote:
>
>  [External Email]
> Ilissa,
>
> We are considering your proposal and suggest that we discuss the
> matter over the phone.  Are you available to do so on Monday?  My
> schedule is fairly flexible, so please let me know when would be
> convenient for you.
>
> Thanks,
> Adam
>
> **Adam Powell**
> Partner
>
> 858-707-4245 **Direct**
>
> **Knobbe Martens**
>
> _____
>
> **From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
> **Sent:** Friday, May 14, 2021 12:25 PM
> **To:** Adam.Powell <Adam.Powell@knobbe.com>
> **Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>;
> Masimo.Apple <Masimo.Apple@knobbe.com>
> **Subject:** RE: Masimo v. Apple
>
> Adam:
>
> Please see the attached.
>
> Regards,
> Ilissa

Ilissa Samplin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, May 14, 2021 8:57 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

[External Email]
Ilissa,

We have not heard when you or someone from your team is available to discuss this issue.  Please respond.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Adam.Powell
**Sent:** Wednesday, May 12, 2021 11:09 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo v. Apple

Ilissa,

Please see the attached letter.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review,

Exhibit E

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, May 19, 2021 9:39 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

[External Email]
Ilissa,

Thank you for discussing this matter with me today.  We believe the parties' dispute is not the sort of simple dispute that can be presented in a joint statement.  The dispute is a more fundamental disagreement on how the case should proceed.  Thus, we intend to file our own motion.  Since both sides agree more time is necessary, we remain willing to file a stipulated request for an interim extension while the matter is briefed.  Please let us know if Apple would like to do so.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens


**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, May 19, 2021 9:01 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

Speak to you then.


**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, May 19, 2021 12:00 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

[External Email]
Hi Ilissa,

I am available at 11.  We can use the following dial in:

> Phone number: 888-475-4499
> Room #: 221-856-8931

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe** Martens

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Wednesday, May 19, 2021 6:02 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v. Apple

Adam,

Can we have a call today about this? Please let me know how your schedule looks. Between 10:30 and 4 PT is best for me. I'm in a mediation but can step out at points during that time block.

Thanks,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On May 18, 2021, at 12:39 AM, Adam.Powell <Adam.Powell@knobbe.com> wrote:
>
> [External Email]
> Ilissa,
>
> Thank you for meeting with us today.  As discussed, we disagree with Apple's proposal for several reasons.  First, we do not agree to forego our right to seek in-person depositions.  Indeed, we do not believe the declaration that Apple served last week satisfied Judge Early's conditions required for

2

remote depositions.  Second, neither party should give up the ability to move to compel after receiving additional discovery from the other side, including depositions that may reveal additional documents that a party believes should be produced.  Third, Apple's proposal does not account for the patent claims that are currently stayed.  As we pointed out, Apple did not request bifurcation, and cannot simply presume bifurcation based on a stay.  At present, Plaintiffs would oppose any motion to bifurcate by Apple, and Apple has not presented any reasons for such a bifurcation.  Finally, Apple's proposal does not address the completion of discovery in an orderly or efficient fashion.  Indeed, given the status of document production, Apple's proposal will almost certainly cause further motion practice regarding second depositions due to timing on production of documents.

To address the scheduling consequences of the patent stay obtained by Apple, we suggested that fact discovery extend until after the patent stay is lifted.  Due to the overlap between the patent and trade secret claims, we preliminarily suggested completing fact discovery for the patent issue in 90 days after the final IPR decisions.  As we noted when you suggested that seemed too short, we are open to discussing the particular duration for completion of patent discovery.  Thus, we suggest setting (a) the close of fact discovery for at least 90 days after the patent stay is lifted and (b) the remaining dates with approximately the same spacing as the current schedule.  We are open to modifying those dates if Apple would like additional time for patent discovery or if Apple has suggestions on the remaining dates.  We are also not fundamentally opposed to some of Apple's other suggestions (e.g., deadlines for substantial completion of document discovery), but would need to work out the details with Apple.  As we noted, there are problems created in phased discovery, including that Apple may contend discovery relates to trade secrets once we are in any patent discovery phase.

We also discussed the amount of time that is necessary for trade secret discovery if the claims were bifurcated (which we would oppose).  While the parties have different views of how discovery proceeded so far, we hope the parties can agree that discovery remains in the early stages.  The parties have not reached agreement on ESI search terms or begun producing ESI.  We provided our formal Section 2019.210 statement and suggested the parties begin ESI discovery in October 2020, but the parties are just now doing so in May 2021.  Thus, in the event there were to be separate schedules for the trade secret case and the patent case, we would suggest setting (a) the close of fact discovery on February 7, 2022 and (b) the remaining dates with approximately the same spacing as the current schedule.

During our call, you indicated that you would check with Apple and get back to us on our proposals set forth above.  You also indicated you would let us know your thoughts on how the parties should present any remaining disputes to the Court.  In particular, we asked whether you thought the parties should agree to expedite the briefing schedule or stipulate to an interim extension while we wait for the Court to rule.

We look forward to receiving Apple's position.

Best regards,
Adam


**Adam Powell**
Partner

858-707-4245 **Direct**

# Knobbe Martens


**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Sunday, May 16, 2021 4:36 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>

**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v. Apple

Thanks Ilissa. That should be fine.

On May 16, 2021, at 4:17 PM, Samplin, Ilissa <ISamplin@gibsondunn.com> wrote:

 That's fine, but I have a hard stop at 2.

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On May 16, 2021, at 4:05 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]
Thanks Ilissa.  Can we do 1:15pm PT?

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Saturday, May 15, 2021 2:18 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v. Apple

Sure. 1 pm PT on Monday works well for us.  Does that work for you?

We can use this dial in:

8667475969,,,2132297354#

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

On May 15, 2021, at 1:08 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

[External Email]
Ilissa,

We are considering your proposal and suggest that we discuss the matter over the phone.  Are you available to do so on Monday?  My schedule is fairly flexible, so please let me know when would be convenient for you.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Friday, May 14, 2021 12:25 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

Adam:

Please see the attached.

Regards,
Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

5

Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, May 14, 2021 8:57 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple

[External Email]
Ilissa,

We have not heard when you or someone from your team is available to discuss this issue.  Please respond.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Wednesday, May 12, 2021 11:09 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo v. Apple

Ilissa,

Please see the attached letter.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.