Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>          Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation<br><br>          Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL APPLE TO COMPLY WITH THE COURT'S ORDER (DKT. 355) BY SEARCHING TIM COOK'S DOCUMENTS** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion to Compel Apple to Comply with the Court's Order (Dkt. 355) by Searching Tim Cook's Documents ("Supplemental Memorandum"). Plaintiffs have provided a proposed redacted version of the Supplemental Memorandum.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both sides consider confidential. Exhibit 26 is a letter exchanged between the parties discussing ESI search terms, which disclose confidential technical information. Powell Decl. ¶ 4. Exhibits 20-21 are emails that contain information regarding Masimo business operations and personnel. *Id.* Masimo would be harmed if its competitors had access to such internal information. *Id.*

Apple has designated Exhibit 25 as Highly Confidential – Attorneys' Eyes Only under the Protective Order. *Id.* ¶ 5. Exhibit 26 also appears to contain information that Apple has previously designated as confidential or highly confidential under the Protective Order. *Id.* Masimo requests the Court seal these exhibits on that additional basis.

The proposed redacted portions of the Supplemental Memorandum discuss the same information and should be sealed for the same reasons. *Id.* ¶ 6.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Plaintiffs' competitors would not be able to obtain from elsewhere the confidential information regarding Plaintiffs' technical information and Plaintiffs' and Apple's employees from anywhere else. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal (1) portions of the Supplemental Memorandum and (2) Exhibits 20-21 and 25-26 to the Supplemental Declaration of Adam B. Powell.

/ / /

/ / /

/ / /

/ / /

/ / /

|     |                          |                                                           |
| --- | ------------------------ | --------------------------------------------------------- |
| 1   |                          | Respectfully submitted,                                   |
| 2   |                          | KNOBBE, MARTENS, OLSON & BEAR, LLP                        |
| 4   | Dated: May 27, 2021      | By: */s/ Adam B. Powell*                                  |
|     |                          | Joseph R. Re                                              |
|     |                          | Stephen C. Jensen                                         |
|     |                          | Benjamin A. Katzenellenbogen                              |
|     |                          | Perry D. Oldham                                           |
|     |                          | Stephen W. Larson                                         |
|     |                          | Mark D. Kachner                                           |
|     |                          | Adam B. Powell                                            |
|     |                          |                                                           |
|     |                          | Attorneys for Plaintiffs                                  |
|     |                          | MASIMO CORPORATION and                                    |
|     |                          | CERCACOR LABORATORIES, INC.                               |

35047267

-3-