Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL APPLE TO COMPLY WITH THE COURT'S ORDER BY SEARCHING TIM COOK'S DOCUMENTS**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date: June 10, 2021<br>Time: 10:00 AM<br>Ctrm: 6C<br><br>Discovery Cut-Off: 7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") provide this supplement in support of the Motion to Compel (Dkt. 377). Apple incorrectly claims Masimo seeks an order allowing it to "request ESI from anyone, regardless of relevance." Dkt. 379-1 ("J.S.") at 9. That is not true. Masimo seeks an order compelling Apple to search the files of one person: Tim Cook. Apple already objected to searching Mr. Cook's files in its prior ESI motion and the Court did not exclude Mr. Cook. Apple now submits two new declarations, but both are contradicted by contemporaneous documents. The Court should grant the Motion.

### A. Apple's Factual Background Is Not Accurate

Contrary to Apple's arguments, Masimo did not "decline" to provide support or "any explanation" of Mr. Cook's relevance. J.S. at 10-11. Masimo provided a factual explanation and legal support, including in the prior briefing. Ex. 9 at 2 n.1; Ex. 2 at 32-33; Dkt. 345 at 4.[1] Apple implies Masimo is playing word games with the phrase "up to." J.S. at 10-11. But *Apple* relied on that phrase to refuse to search custodians. Ex. E at 3. Masimo merely disagreed with Apple's interpretation and explained the phrase meant each side could request up to 39 custodians—not that a party had discretion to limit their own search to fewer than 39 custodians. Ex. 9 at 2.

### B. Apple Does Not Rebut Masimo's Evidence Of Mr. Cook's Relevance

Apple's prior motion asked the Court to exclude Mr. Cook because he purportedly was not a relevance custodian. Ex. 3 at 2. The Court ordered the parties to proceed on up to 39 custodians and did not exclude Mr. Cook. *See* Ex. 1. Apple's portion of the present joint stipulation does not present any reason to reconsider the issue.

Masimo presented evidence showing Mr. Cook is likely to possess relevant information. Mr. Cook publicly states he is dedicated to healthcare. Exs. 12-14.

---

[1] Numbered exhibits are attached to the Powell Declaration (Dkt. 378-3) or the Supplemental Powell Declaration, submitted herewith. Lettered exhibits are attached to the Andrea Declaration (Dkt. 378-4). All emphasis is added unless noted otherwise.

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ██████████████████████████████████

4       Apple dismisses this evidence as "speculative" and presents two declarations. *See*
5 Dkt. 379-5 ("O'Reilly Decl."); Dkt. 379-6 ("Perica Decl.") ¶ 7. But neither shows Mr.
6 Cook is irrelevant. ████████████████████████████████
7 ████████████████████████████████████████
8 ████████████████████████████████████████
9 ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ██████████████████████████████████
13   ████████████████████████████████████
14 ████████████████ But that is contradicted by contemporaneous evidence.
15 ████████████████████████████████████████
16 ██████████████████████████████████
17   ████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 ████████████████████████████████████████
21 ██ Again, the contemporaneous evidence contradicts Mr. Perica's declaration. ██
22 ██████████████████████████████████████
23 ████████████████████████████████
24 ████████████████████████████████
25 ████████████████████████████████
26 ████████████████████████████████
27 ████████████████████████████████
28 ██

Apple then suggests Mr. Cook was involved in health only after the "the time period at issue." J.S. at 12. That is also incorrect. Shortly after Apple released its first watch in 2015, Forbes cited statements from Mr. Cook and others to report: "Apple has healthcare in its sights." Ex. 22. Moreover, a 2014 article discussed Apple's meeting with the FDA, which was attended by "Jeff Williams, senior vice president of Operations at Apple, reporting to CEO Tim Cook" and "Dr. Michael O'Reilly, a medical expert from the Universities of Michigan and California who used to be the Chief Medical Officer of Masimo Corp." Ex. 23. Jeff Williams is the other custodian Apple recently maintained it would not search. Ex. 24. Unfortunately, that may require another motion.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

█ Apple complains that *Masimo* cites "no evidence" that Dr. Lamego "had any ***relevant*** interactions with Mr. Cook." J.S. at 12. That argument is circular. Apple cannot withhold communications of Mr. Cook on the ground that Masimo does not yet have them to attach as exhibits. That is particularly true because Apple admits it "removed" Dr. Lamego's documents (Ex. 7 at 2-3), rendering Mr. Cook the only source of such communications. Notably, Apple never represents there are no such communications, even though Apple has access to such documents. Rather, Apple merely faults Masimo for not having the very documents that Apple refuses to search for.

Finally, Apple argues another court found public statements by Apple's prior CEO insufficient to "involve him in discovery." J.S. at 12. But that case addressed a ***deposition***—not written discovery. See *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *2 (N.D. Cal. May 9, 2011). The court denied the request because the plaintiff "failed to serve any written discovery to obtain the information it seeks, thus failing to exhaust less burdensome means to obtain it." *Id.* at *10. Here, Masimo is doing what the *Affinity Labs* court suggested—seeking written discovery first. *Affinity Labs* supports Masimo, not Apple. Apple fails to cite any case supporting its remarkable

-3-

position that a high-level executive's documents are immune from discovery.

### C. Apple Does Not Show Searching Mr. Cook's Files Is Burdensome

Apple fails to meet its burden of limiting discovery to exclude Mr. Cook's documents. *See Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *2 (N.D. Ill. Apr. 22, 2016) (finding that, even if the apex doctrine applied to document collection, the responding party has the burden); *Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 4579259, at *3 (C.D. Cal. June 7, 2019) (explaining that the party seeking to limit discovery "has a 'heavy burden' of showing why discovery should be limited"). Apple's "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are not sufficient. *See Nguyen*, 2019 WL 4579259, at *3.

During the meet and confer, Masimo asked Apple about its claim of burden. *See* Ex. 26 at 3. ██████████████████████████████████████████ In the two motions that followed, Masimo argued Apple failed to present any evidence of burden. Ex. 2 at 2; J.S. at 6. On both occasions, Apple responded with ***no evidence*** of burden. *See* Ex. 2 at 10-17; Ex. 3 at 2-3; J.S. at 14-16. Despite submitting other declarations, Apple ***still*** never explains what would be necessary to search Mr. Cook's files. The reason for Apple's lack of evidence is apparent: Apple is one of the largest technology companies in the world and obviously has the ability to easily search electronic files without involving a particular employee.

Apple argues the "number of documents produced is merely one factor in the calculation of discovery costs" and documents must first be "collected, processed, stored on a production database, reviewed, imaged, and produced." J.S. at 15. Apple claims "each step comes at a cost," but presents no evidence to support that assertion, quantify the cost, or show the process is burdensome for Mr. Cook. Indeed, Apple has likely already collected, processed, and stored Mr. Cook's files for other litigations, including the *Epic* case in which Apple produced Mr. Cook's documents. *See* Ex. 11 at 8.

Apple argues Masimo is attempting to "distract" by asserting Apple is relying on the apex doctrine. J.S. at 15. But Apple—not Masimo—raised the apex doctrine. J.S.

at 15; Ex. 3 at 3; Ex. 6 at 2; Ex. 8 at 3. Masimo explained Apple's cited authority held the "apex" doctrine does not apply to document collection. J.S. at 8 (citing *Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019). Masimo also cited other cases holding the same. J.S. at 8. Apple does not address those cases.

Apple cites several cases, but none support its position. Apple cites *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 1325344, at *2 (D. Colo. Jan. 3, 2017), but that case addressed a **deposition**—not document requests. Apple cites *Dyson*, 2016 WL 1613489, at *1, but that court found the apex doctrine applies to **depositions**—not document requests. *Id.* at *2. The court explained that, even if the doctrine applied to document requests, the producing party had the burden of establishing good cause to limit discovery. *Id.* Ultimately, the court ordered discovery because "[i]t is not oppressive, harassing, annoying, embarrassing, nor unduly burdensome to require [Mr. Dyson] to produce his emails." *Id.* Similarly, here, Masimo has shown Mr. Cook is relevant and Apple presented no evidence of burden.

Apple cites *Lauris v. Novartis*, 2016 WL 7178602, at *5 (E.D. Cal. Dec. 8, 2016), but that case also explained the apex doctrine does **not** apply to e-discovery. *Id.* at *3. That court found the request was not proportional because the individual was unlikely to possess unique information, e-discovery costs would "exceed $1 million," and the case involved only "a single individual." Apple cites *Krueger v. Ameriprise Fin., Inc.*, 2013 WL 12139425, at *9 (D. Minn. Aug. 15, 2013), but that court found the custodian irrelevant. Unlike *Lauris* and *Krueger*, Masimo made a showing that Mr. Cook is relevant to this large case with potentially billions of dollars in dispute. Ex. 2 at 39.

### D. Conclusion

Apple's unsupported arguments about simply searching Mr. Cook's documents suggests that Apple "doth protest too much." If Mr. Cook were as irrelevant as Apple contends, then it would cost little to search his documents and Apple should have nothing to worry about. If anything, Apple should be pleased that Masimo would have wasted one of its 39 custodians on Mr. Cook. The Court should grant Masimo's Motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 27, 2021

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

34769749