Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO EXTEND CERTAIN CASE DEADLINES**<br><br>Hon. James V. Selna<br><br>Date: June 21, 2021<br>Time: 1:30 pm<br>Ctrm: 10C<br><br>Discovery Cut-Off:    7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial:                4/5/2022 |

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ..................................................................................... 1

II.  STATEMENT OF FACTS ....................................................................... 2

  A. Despite Masimo's Diligent Efforts, Discovery Is In The Early Stages .............................................................................................. 2

  B. Apple Did Not Meet And Confer On Its Motion ............................ 4

III. ARGUMENT ............................................................................................ 5

  A. Apple Did Not Meet And Confer On Its Motion ............................ 5

  B. Apple's Proposal Is Not Feasible .................................................... 5

    1. The Amount of Discovery Remaining Is "Massive" ............. 6

    2. A Special Master Is Necessary To Resolve Many Discovery Disputes ................................................................ 8

    3. Apple's Proposed Schedule Is Fanciful ................................. 8

  C. Apple's Other Arguments Lack Merit ............................................. 9

    1. Apple's Attempts To Blame Masimo Lack Merit ................ 10

    2. Apple's Prejudice Argument Lacks Merit ........................... 11

    3. Masimo Is Not Attempting To "Undo" The Stay Order ...... 11

IV. CONCLUSION ...................................................................................... 14

# TABLE OF AUTHORITIES

**Page No(s).**

*Advanced Modular Sputtering, Inc. v. Superior Court*,
   132 Cal. App. 4th 826 (2005) ................................................................... 13

*Attia v. Google LLC*,
   2018 WL 2971049 (N.D. Cal. June 13, 2018) .......................................... 13

*Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*,
   2009 WL 800209 (D. Idaho Mar. 24, 2009) .............................................. 6

*Beco Dairy Automation, Inc. v. Glob. Tech. Sys., Inc.*,
   2016 WL 5870117 (E.D. Cal. Oct. 6, 2016) ............................................ 12

*Boston Scientific Corp. v. Edwards Lifesciences Corp.*,
   No. SACV 16-00730-CJC, Dkt. 127 (C.D. Cal. Nov. 15, 2018) ............ 14

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
   2013 WL 257124 (N.D. Cal. Jan. 23, 2013) ............................................ 12

*Dermafocus LLC v. Ulthera, Inc.*,
   2018 WL 5113960 (D. Del. Oct. 19, 2018) ............................................. 14

*Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*,
   2020 WL 7094074 (C.D. Cal. July 30, 2020) ........................................... 7

*Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al.*,
   No. 8:20-00088 JVS, Dkt. 43 (C.D. Cal. April 14, 2021) ......................... 8

*Hendershot v. Ready to Roll Transp., Inc.*,
   228 Cal. App. 4th 1213 (2014) .................................................................. 7

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ......................................................... 5, 11, 12

*Limon v. Circle K Stores Inc.*,
   2020 WL 1503448, at *5 (E.D. Cal. Mar. 30, 2020) ................................. 7

*Magnolia Med. Tech., Inc. v. Kurin, Inc.*,
   No. 19-cv-00097, Dkt. 198 (D. Del. Oct. 16, 2020) ................................. 6

*Estate of Rosado-Rosario v. Falken Tire Corp.*,
   319 F.R.D. 71 (D.P.R. 2016) ..................................................................... 9

*Sung Gon Kang v. Credit Bureau Connection, Inc.*,
   2020 WL 1689708 (E.D. Cal. Apr. 7, 2020) ............................................. 7

# TABLE OF AUTHORITIES
## (Cont'd)

**Page No(s).**

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
  No. 03-01329 WBS EFB, Dkt. 316 (E.D. Cal. Oct. 26 2010) ..............................7

*WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
  No. 17-cv-01118, Dkt. 140 (S.D. Cal. June 12, 2018) .........................................6

*Williams v. Daszko*,
  2017 WL 1684118 (E.D. Cal. May 3, 2017) ........................................................9

## OTHER AUTHORITIES

Fed. R. Civ. P. 16 ...............................................................................................................5

Local Rule 7-3 ................................................................................................................4, 5

Local Rule 37 ....................................................................................................................8

Rule 26 ...............................................................................................................................2

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") hereby oppose Apple's Motion to Extend (Dkt. 385) ("Apple's Motion").

## I. INTRODUCTION

The parties agree the current schedule is not feasible. For this reason, Masimo asked Apple to meet and confer on Masimo's intended motion to modify the schedule. *See* Dkt. 389-1 ("Masimo's Motion"). Apple should have presented its position in its opposition to Masimo's Motion. Instead, Apple filed a competing motion that addresses the same issues without meeting and conferring.

Apple's schedule is not remotely realistic for the reasons explained in Masimo's Motion. Among other things, Apple filed its first answer in February 2021 and the pleadings closed only a few weeks ago. Apple provided the basis for some of its affirmative defenses just last Friday. The parties have also not yet taken a single deposition and Apple acknowledges there is a "massive" amount of document discovery that should occur before depositions. Indeed, the parties have not even begun producing electronically stored information ("ESI"). While the parties are actively negotiating ESI search terms, Apple's current search terms hit on more than 6 million Masimo documents. That would take 70 attorneys working full time for ***an entire year*** to review and produce. Discovery is nowhere near complete.

Apple's proposal also fails to provide a streamlined method of resolving disputes. Apple appears to be using the cumbersome nature of discovery motions, and Masimo's efforts to resolve disputes without burdening the Court, to avoid providing discovery. Indeed, the Court had to issue many orders—and threaten contempt—before Apple produced core technical documents four months late. It then took ***seven months*** and two court orders before Apple agreed to search a reasonable number of custodians. The parties also have many other pending disputes that will need to be resolved. Without more streamlined procedures, even another year of discovery will not be enough time.

Apple apparently hopes the Court will ignore the history of this case by characterizing Masimo's recitation of facts as "mud-slinging" and playing the "blame

-1-

game." But these facts are relevant to demonstrating Masimo's diligence, the necessity of a special master, and the length of additional time that is necessary for discovery. Masimo spent months chasing discovery from Apple but, unfortunately, the parties still have much to do. Apple's proposed extension is not remotely reasonable.

## II. STATEMENT OF FACTS

Masimo included a complete statement of facts with its pending motion. *See* Masimo's Motion at 2-8. The same facts are relevant to this motion. Masimo summarizes the facts below with citations to Masimo's Motion and exhibits referenced therein to avoid burdening the Court with duplicative exhibits.

### A. Despite Masimo's Diligent Efforts, Discovery Is In The Early Stages

Masimo served its first set of discovery requests immediately after the Rule 26 conference in March 2020. *Id.* at 2 (citing Ex. 1). Apple argued it need not produce discovery, including "core technical documents," until Masimo provided an adequate Section 2019.210 trade secret disclosure. *Id.* (citing Dkt. 33 at 26, n.6). Masimo pursued the matter for months and sought the Court's assistance several times. *Id.* (citing Exs. 2-12; Dkt. 55; Dkt. 82; Dkt. 123-1). The Court repeatedly ordered Apple to produce the documents and eventually threatened Apple with sanctions or contempt. *Id.* at 2-3 (citing Dkt. 37; Dkt. 54; Ex. 13 at 12:10-19; Dkt. 76; Dkt. 79; Dkt. 92). Apple finally provided its documents on October 9, 2020—four months late. *Id.* at 3 (citing Dkt. 92).

In September 2020, Apple moved to stay the patent claims pending *inter partes* review ("IPR"). Dkt. 196-1. Apple repeatedly justified its stay by arguing the IPRs will conclude **before trial**. *Id.* at 3 (arguing "the PTAB will decide the IPRs before the trial date"); Dkt. 217 at 7 n.3, 12, 18. On October 13, 2020, the Court granted Apple's request to stay the patent claims pending IPR. Masimo's Motion at 3 (citing Dkt. 220).

Around the same time, Masimo pressed Apple to begin ESI discovery. *Id.* (citing Ex. 16). Apple responded that ESI discovery was "premature and inappropriate" because the pleadings had not closed and because Masimo's Section 2019.210 disclosure was "woefully deficient." *Id.* (citing Ex. 15 at 5; Dkt. 259-1 at 8). When the Court

confirmed Masimo's Section 2019.210 disclosure was sufficient, Apple maintained ESI discovery should be limited to eight or twelve custodians. *Id.* at 3-4. From November 2020 to April 2021, Masimo wrote to Apple more than thirty times, attended several meet and confers, and moved to compel. *Id.* (citing Exs. 15-16, 19-32, 37-50; Dkt. 315). Masimo also opposed Apple's motion to limit discovery to just twelve custodians. *Id.* at 4 (citing Dkt. 333). On April 26, 2021, Judge Early ordered the parties to "immediately proceed with the production of electronically stored information ('ESI') for up to 39 custodians per side . . . ." *Id.* (citing Dkt. 355 at 2). Even after the April 2021 Order, Apple argued it has veto power to eliminate any custodian it deems irrelevant. *Id.* at 4-5 (citing Exs. 51-52). Masimo moved to compel on one additional custodian (Dkt. 378-2) and will likely have to do the same on another.

Despite Masimo's efforts, discovery is still in its infancy. Masimo's Motion at 5. The parties produced some documents, but have not agreed on search terms or begun producing ESI. *Id.* Apple's initial search terms hit on **17 million** Masimo documents, while Masimo's initial search terms hit on 3.5 million Apple documents. *Id.* (citing Ex. 56). Since mid-April, Masimo has written to Apple fifteen times and met and conferred twice to resolve the issue. *Id.* (citing Exs. 57-69). Apple has now narrowed some terms, but they are still hitting on more than 6 million Masimo documents. Powell Decl., Ex. 8 at 48.[1] Further narrowing is an iterative and time-consuming process because it takes more than one week for the discovery vendors to process and run revised terms. *Id.*, Ex. 4. Without substantial narrowing, this dispute will likely require motion practice.

The parties have not taken any depositions. Masimo's Motion at 6. Masimo noticed its first deposition in November 2020, but Apple declined to make the witness available unless Masimo agreed not to seek another deposition after Apple produced

---

[1] Masimo's Motion incorrectly stated Apple had not yet narrowed its proposed search terms that hit on 12 million Masimo documents. Apple revised some of those terms five business days earlier on May 15, but Masimo's vendor had not finished processing them. Masimo regrets that it did not update that statement in the final version of its brief.

documents. *Id.* at 6 (citing Exs. 72-73). Apple recently canceled **all** depositions on **both** sides, asserting that the parties should complete document production before taking depositions. *Id.* at 6 (citing Ex. 73). Apple also finally answered the complaint for the first time in February 2021 and the pleadings closed in May 2021—after more than one year of motions challenging the complaint. *Id.* (citing Dkt. 368).

The parties have many other disputes that will require time to resolve. *Id.* at 6-7. Masimo expended significant efforts trying to resolve the matters informally for many months. *Id.* at 7 (citing Exs. 42, 47, 48, 49, 58, 74-80, 81-89). Masimo then filed two motions to compel on discovery requests, one motion on ESI generally, and another motion to obtain discovery from a specific custodian. *Id.* (citing Dkt. 317; Dkt. 353-1; Dkt. 359-1; Dkt. 379-1). Last week, Masimo filed another motion to compel on important documents that Apple "removed" from its computer system. Dkt. 400. Masimo expects to file motions to obtain discovery regarding another custodian Apple refuses to search and prototypes Apple refuses to produce. Masimo's Motion at 8 (citing Exs. 81-87). The parties also dispute one of Apple's expert witnesses. *Id.* (citing Exs. 88-89). Despite these efforts—and fact discovery currently closing in a few weeks—Apple still argued Masimo "jumped the gun" in moving to compel. Dkt. 353-1 at 34; Dkt. 359-1 at 4.

### B. Apple Did Not Meet And Confer On Its Motion

On May 12, Masimo requested a meet and confer to discuss Masimo's intended motion to modify the schedule. Powell Decl., Ex. 1. The parties discussed Masimo's anticipated motion on May 17, but Apple did not mention it was considering its own motion. *Id.* ¶ 2. Apple first indicated it may file a competing motion during a hearing on May 20. *Id.*, Ex. 2 at 162:22-23. Apple then sent Masimo a letter regarding its motion on Friday, May 21. *Id.*, Ex. 3. Masimo responded on Monday, May 24, and offered to meet and confer that week. *Id.*, Ex. 4. Around the same time that Masimo sent its letter, however, Apple filed the present motion. *See* Dkt. 385. Thus, Apple's Motion does not contain the meet and confer certification required by Local Rule 7-3. *See id.*

## III. ARGUMENT

A party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court should deny Apple's Motion for many reasons.

### A. Apple Did Not Meet And Confer On Its Motion

The Local Rules provide "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . at least seven (7) days prior to the filing of the motion." L.R. 7-3. The parties never discussed Apple's Motion. In fact, Apple did not request a meet and confer until May 21—the Friday before its May 24 filing. *See supra* Section II.B. Apple appears to acknowledge it failed to meet and confer by omitting the required certification in its Notice of Motion. Dkt. 385.

### B. Apple's Proposal Is Not Feasible

Apple's proposed schedule is not practical. Apple concedes that "there are easily identified discovery motions that neither party can dispute have delayed discovery." Br. at 1. Apple acknowledges the parties' disagreement on ESI custodians delayed discovery. *Id.* at 4. Apple further concedes the process of exchanging ESI search terms "has taken time—and has required the exchange of multiple hit reports on both sides—which has delayed the search and production of ESI." *Id.* at 5. Apple also admits its request for **all** depositions to occur remotely "delayed the process." *Id.*

Despite these admissions, Apple proposes no extension to the fact discovery cut-off other than about a six-week extension to take depositions. *Id.* at 7. Apple asserts such a "short extension" is sufficient (*id.*), but presents **no** evidence or analysis to support that unrealistic assumption. Apple never explains how the parties' disagreements will suddenly evaporate and allow the parties to complete discovery in record time. Apple's proposal is not feasible for many reasons discussed below.

/ / /

### 1. The Amount of Discovery Remaining Is "Massive"

As explained in Masimo's Motion, Apple has characterized the amount of discovery remaining as "massive." In October 2020, Apple justified its motion to stay the patent infringement claims by asserting the 150,000 pages of documents the parties had produced paled in comparison to the "***massive*** amount of discovery that a case of this size necessitates." Dkt. 217 at 3; *see also id.* at 4 (arguing the remaining discovery would "***vastly eclipse*** the minimal basic discovery provided to date"). Apple argued the case was in its early stages because "[t]he parties have neither noticed nor taken a single deposition, and there will be many, including the 10 named inventors." *Id.* at 3.

To date, Apple has produced approximately 170,000 pages of documents and the parties have taken no depositions. Apple speculates the parties are "finalizing their search terms without the need for motion practice." Br. at 2. But Apple's search terms are still hitting on over six million Masimo documents. That would take an entire year to review and produce even if Masimo's counsel assigned 70 lawyers to the task full time. *See* Masimo's Motion at 5 (citing Ex. 70). Plaintiffs are engaging in this process with Apple, but it has been taking a week or more to run each iteration of search terms. Because it took Apple many weeks to narrow its terms this far, nothing suggests Apple will reduce its search terms to hit on a reasonable number of documents anytime soon.

Even if the parties (or the Court) were to narrow ESI searching to about one million documents per side, it would still take about 20,000 hours of attorney time per side to review and produce those documents. Courts routinely extend discovery for far smaller productions. *See, e.g.*, *Magnolia Med. Tech., Inc. v. Kurin, Inc.*, No. 19-cv-00097, Dkt. 194 at 10 (D. Del. Oct. 6, 2020) (Masimo's Motion as Ex. 90) (extending discovery to accommodate a 57,000-document production); *WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-cv-01118, Dkt. 140 at 10 (S.D. Cal. June 12, 2018) (attached to Masimo's Motion as Ex. 91) (extending discovery to accommodate a 7,500-document production); *see also Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*, 2009 WL 800209, at *4 (D. Idaho Mar. 24, 2009) (reopening and extending

discovery where plaintiff did not recognize the importance of one document produced in discovery).

The parties have also not taken any depositions. Apple recently canceled **all** depositions on **both** sides by asserting the parties should finish document production before taking depositions. Masimo's Motion at 10 (citing Ex. 73 at 3). Apple also suggested ESI discovery is an "iterative" process that should occur in multiple rounds. Dkt. 332-1 at 8, 10, 16. Masimo agrees the parties should produce documents before taking depositions and that discovery is an iterative process. However, that would not be possible under the current schedule or Apple's proposal.

The parties have also had many discovery disputes. *See supra* Section II.A. This Court has extended discovery where the "record reveals that discovery has been extensive and contentious . . . ." *Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *1, *4 (C.D. Cal. July 30, 2020). Other courts do the same. *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *8 (E.D. Cal. Apr. 7, 2020) (extending discovery by six months); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 03-01329 WBS EFB, Dkt. 316 at 2, 7 (E.D. Cal. Oct. 26 2010) (attached to Masimo's Motion as Ex. 93) (extending discovery by seven months); *Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *5 (E.D. Cal. Mar. 30, 2020).

The pleadings did not even close until May 2021. *See* Dkt. 368. The pleadings closed only then because Masimo declined to move to strike several of Apple's insufficient defenses. Instead, Masimo sought to move the case forward and avoid further delay by seeking discovery on Apple's meritless defenses. Last Friday, Apple provided a 69-page interrogatory response disclosing new information about its defenses. Powell Decl., Ex. 5. Thus, Apple has been taking discovery on Masimo's claims for more than a year, but is unfairly trying to limit discovery on Apple's defenses to a few weeks. *See Hendershot v. Ready to Roll Transp., Inc.*, 228 Cal. App. 4th 1213, 1225 (2014) ("Due process requires that plaintiffs be given an adequate opportunity to conduct discovery on and brief issues related to defendant's affirmative defenses."). The

Court should reject Apple's request to truncate discovery and adopt Masimo's proposal, which allows time for discovery after the pleadings closed. *See Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al.*, No. 8:20-00088 JVS (DFMx), Dkt. 43, at 6-7 (C.D. Cal. April 14, 2021) (extending discovery by nine months after reopening the pleadings) (attached to Masimo's Motion as Ex. 94).

### 2. A Special Master Is Necessary To Resolve Many Discovery Disputes

Apple's proposal is also not feasible because it does not provide a streamlined process to resolve disputes. The local rules provide a deliberate process for discovery motion practice. *See* L.R. 37. Apple appears to be using the time-consuming nature of discovery motions—and Masimo's sincere desire to avoid burdening the Court—to deny discovery. As discussed, Masimo has had to expend herculean efforts just to get the little discovery it has from Apple. Indeed, Masimo had to obtain countless court orders just to get Apple to produce "core technical documents" and search a reasonable number of custodians. Dkt. 37; Dkt. 54; Dkt. 76; Dkt. 79; Dkt. 92; Dkt. 318 at 2; Dkt. 355 at 2.

Past experience shows the current process will take years for Masimo to obtain reasonable discovery. The status quo will either cause significant delay and expense, or force Masimo to proceed to trial without adequate discovery. Masimo is determined to obtain discovery from Apple, even if it comes with the steep price of delaying trial and losing Judge Early's supervision. Thus, Masimo's Motion requested the appointment of a discovery special master as Judge Early has twice suggested. *See* Masimo's Motion at 12-13 (citing Ex. 95 at 14:13-17).

### 3. Apple's Proposed Schedule Is Fanciful

Apple makes no attempt to explain how its schedule is reasonable in view of the facts discussed above. Instead, Apple appears to simply assume the parties can complete document discovery by July 5—five weeks from now and only two weeks after the hearing on this motion. Br. at 6. But nothing suggests the parties will be anywhere near substantial completion of document discovery by then. Indeed, the parties are still discussing search terms that are hitting on millions of documents. The process of

narrowing those terms takes time because of the amount of ESI that is being searched. Even after the parties (or the Court) selects final search terms, the parties will need significant time to review and produce documents. The opposing side will then need time to review the production before Apple argues depositions can even begin.

Apple also asserts the parties can complete depositions by August 13. *Id.* at 7. But any realistic view of the case suggests the parties will need many months to substantially complete document production alone. Apple's proposal also cuts off all document production and motions to compel on July 5 before depositions even begin. But depositions often reveal additional information that should be produced. *See, e.g.*, *Williams v. Daszko*, 2017 WL 1684118, at *5-6 (E.D. Cal. May 3, 2017) (modifying scheduling order because deposition testimony necessitated "propound[ing] follow-up questions to defendants"); *Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 76-77 (D.P.R. 2016) (during depositions "plaintiffs learned that additional documents and depositions were required to address information previously requested but not produced."). Apple does not attempt to justify precluding such discovery.

Apple also suggests an expert discovery schedule that is not reasonable. While the current schedule permits **seven** weeks for expert depositions (October 18 to December 6) (Dkt. 37), Apple's schedule allows **two** weeks (December 8 to December 22) (Br. at 7). Apple does not explain why such a condensed schedule is reasonable.

Finally, Apple's schedule fails to address the parties' many disputes and the time it has taken for Apple to produce discovery. Apple never explains why the parties' disagreements will suddenly evaporate and allow the parties to complete discovery in record time. Thus, Apple's proposed schedule is fanciful.

C. **Apple's Other Arguments Lack Merit**

Rather than show its proposed schedule is feasible, Apple instead attacks the schedule set forth in Masimo's Motion. Apple should have raised such arguments in opposition to Masimo's Motion. Nothing justifies Apple amplifying the proceedings with such a duplicative motion. Apple's arguments lack merit for many reasons.

-9-

### 1. **Apple's Attempts To Blame Masimo Lack Merit**

Despite accusing Masimo of playing the "blame game," Apple repeatedly blames Masimo for the parties' lack of progress. Apple apparently hopes the Court will not adopt Masimo's proposal if it believes Masimo is responsible for some of the discovery delay. For example, Apple attempts to blame Masimo for the parties' lack of progress on ESI custodians by arguing it "pressed" Masimo to exchange ESI and proposed a "compromise." Br. at 4. The opposite is true. *Masimo* asked Apple to begin ESI discovery in October 2020, and Apple responded it was "premature and inappropriate." Masimo's Motion at 3 (citing Ex. 15 at 5). Apple's "compromise" was to search just *twelve* custodians. Dkt. 333. Judge Early found Apple's "compromise" inadequate and ordered the parties to proceed on *39* custodians. Dkt. 355 at 2. If Apple had agreed to search a reasonable number of custodians when Masimo asked in October 2020, the parties would have begun the ESI process *seven months* earlier.

Apple's story about remote depositions is also not true. Apple implies Judge Early agreed with Apple's efforts to supposedly "push this process forward" with an *ex parte* motion. Br. at 5. In reality, Judge Early found Apple presented insufficient evidence to conclude "the deponents themselves have concerns about appearing in-person for depositions." Dkt. 374 at 2. Judge Early gave Apple an "opportunity" to cure if Apple's counsel contacted the witnesses "directly" and provided a specific set of representations about each witness by a specific time. *Id.* at 2-3.

Apple's declaration failed to comply with Judge Early's order. Powell Decl., Ex. 6. At a separate hearing, Apple argued its language was close enough. *Id.*, Ex. 2 at 164:11-165:24 (Apple acknowledging "the wording wasn't the exact words in your order," but Apple "did [its] best to comply"). Judge Early explained his language was deliberately specific and was based on Apple's own representations. *Id.*, Ex. 2 at 168:7-15; *id.* at 169:9-10 ("If it really is that urgent, then you've got to comply with what you say."); *id.* at 170:13-18 ("when you get stuff thirdhand through in-house counsel . . . things get lost in the . . . muddle"). Judge Early encouraged the parties to discuss each

witness separately instead of "lumping 11 people together with a bunch of representations that may or may not apply to each of them." *Id.*, Ex. 2 at 169:22-170:4. Masimo has repeatedly offered to do so, but Apple has so far declined. *Id.*, Ex. 4 at 2.

### 2. Apple's Prejudice Argument Lacks Merit

Apple also argues the Court should reject Masimo's proposal because Apple has "much at stake in this litigation, both economically and reputationally, and is entitled to have it concluded expeditiously." Br. at 7. This is clearly an argument opposing Masimo's Motion. But Apple's purported prejudice is not a reason to deny Masimo's Motion. *See Johnson*, 975 F.2d at 609 (prejudice "might supply additional reasons to deny a motion," but the focus must remain on the moving party's diligence).

Regardless, Apple cites no factual evidence or legal support suggesting it would suffer prejudice by extending the case schedule. As established in Masimo's Motion, Masimo proceeded diligently to obtain discovery. Despite Masimo's efforts, a massive amount of document discovery must still be conducted before depositions. Apple should not be permitted to deprive Masimo of fair discovery.

### 3. Masimo Is Not Attempting To "Undo" The Stay Order

Finally, Apple argues Masimo is attempting to "undo" the Court's order staying the patent claims. Br. at 8. Apple is wrong for two reasons.

First, Masimo's proposed extension has little to do with the patent claims. As Masimo explained, the parties will need at least another year to complete discovery on the trade secret and patent ownership claims even with a more streamlined dispute resolution process. Masimo's Motion at 2. Because such an extension is required, a few additional weeks would have the added benefit of keeping the patent and non-patent claims together for trial. *Id.* at 15.

Second, Apple's argument relies on a false premise—that the Court's Order *staying* the patent claims also *bifurcated* them. Far from requesting bifurcation, Apple repeatedly argued the stay was appropriate because the IPRs will conclude *before trial*. Dkt. 196-1 at 3 (arguing "the PTAB will decide the IPRs before the trial date"); Dkt.

217 at 7 n.3 (arguing "the PTAB will, by statute, decide all of Apple's IPR petitions before trial commences in this case in April, 2022"); *id.* at 12 (distinguishing cases denying a stay because "Apple's IPR petitions are due to be decided before the current trial date"); *id.* at 18. The Court granted the stay, observing "[a] final IPR determination is expected by March 2021, a month before trial is set." Dkt. 220 at 4. Thus, this ruling envisioned a single trial after final determination of the IPR petitions.

Apple never moved for bifurcation, presumably because it could not have met the strict standards for doing so. The patent and trade-secret claims relate to similar technology—physiological monitoring, including pulse rate and oxygen saturation. *See, e.g.*, Dkt. 296-1 ¶¶ 40, 52-57. Masimo accuses the same products of patent infringement and trade secret misappropriation—the Apple Watch Series 4 and later products. *See, e.g.*, *id.* ¶¶ 52, 238-240.[2] The parties' relationship, whereby Apple sought out Masimo's technology, is relevant to both the trade secret and patent claims. *See, e.g.*, *id.* ¶¶ 228-232. Indeed, Apple repeatedly touted the overlap in its motion to preclude all discovery. *See* Dkt. 43-1 at 16-18 (Apple arguing trade secret and patent discovery are related because both concern "the very same Apple watches"); Dkt. 46 at 2 (Apple arguing that Masimo's patent discovery also relates to Masimo's trade secret claims).

Apple cites no case supporting its position. Apple's sole authority had nothing to do with stays or bifurcation. *See Johnson*, 975 F.2d at 610 (finding the plaintiff had not been diligent in naming the correct defendant). Contrary to Apple's assumption, courts routinely refuse to bifurcate trade secret and patent claims with overlapping facts. *See, e.g.*, *Beco Dairy Automation, Inc. v. Glob. Tech. Sys., Inc.*, 2016 WL 5870117, at *3-4 (E.D. Cal. Oct. 6, 2016) (declining to bifurcate patent and trade secret claims that "share significant overlap in the underlying facts and questions of law"); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 257124, at *1 (N.D. Cal. Jan. 23, 2013) (explaining that trade secret and patent claims were not bifurcated); *see also Attia v.*

---

[2] Plaintiffs also accuse the Series 3 of infringing two patents. Dkt. 296-1 ¶¶ 195, 210.

*Google LLC*, 2018 WL 2971049, at *20-21 (N.D. Cal. June 13, 2018) (finding "judicial economy favors" hearing trade secret and RICO claims together).

Apple claims Masimo argued the "patent infringement and trade secret cases are separate." Br. at 8. As support, Apple points to Masimo's arguments that the patent infringement and trade secret claims are not factually **dependent** on one another. *Id.* (citing 7/10/2020 Hearing Tr; Dkt. 43-1). As this Court may recall, Apple asked the Court to stay discovery on all claims until Masimo provided an adequate Section 2019.210 trade secret disclosure. Dkt. 43-1 (joint stipulation regarding Apple's motion for protective order). Masimo explained that Section 2019.210 stays discovery on claims other than trade secrets "only if the claim is 'factually dependent' or 'hinges upon' the misappropriation of trade secrets." *Id.* at 5 (quoting *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005)). The patent claims did not "hinge upon" trade secret misappropriation because Masimo can prove patent infringement without proving trade secret misappropriation, and vice versa. Masimo's argument does not suggest the claims should be tried separately.

Apple also relies heavily on Masimo's objection to staying the trade secret case. Apple claims the "irreparable harm [Masimo] complained of appears conveniently to have evaporated." Br. at 8-9. Masimo's harm has not "evaporated." The slow pace of discovery is actually exacerbating Masimo's harm. But going to trial without full and fair discovery is even worse.

Staying the entire case—such that discovery would not have begun until late 2022 when the IPR stay is lifted—would have resulted in years of additional delay. All of the parties' disputes discussed above would have occurred in 2022 and 2023 instead of 2020 and 2021. While Masimo would have liked to proceed to trial expeditiously, the difficulty in obtaining discovery has made that impossible. Masimo simply has no choice but to delay trial so that it can first obtain discovery from Apple.

Finally, Apple argues there will be further delay for appeals and motions for reconsideration of the IPR final written decisions. Br. at 9. Apple's position again

contradicts its argument that the stay would not extend beyond the *current* trial date. Dkt. 196-1 at 3; Dkt. 217 at 7 n.3, 12.  Moreover, Apple's argument is speculative.  If Masimo were to prevail, the Court could lift the stay because the "mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight." *Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, at *2, *3 (D. Del. Oct. 19, 2018) (modification in original); *see also Boston Scientific Corp. v. Edwards Lifesciences Corp.*, No. SACV 16-00730-CJC (GJSx), Dkt. 127 at 5 (C.D. Cal. Nov. 15, 2018) (granting motion to lift stay despite pending appeal) (attached to Powell Decl. as Ex. 7).  Even if Apple were to prevail on some claims, Masimo may forego some appeals or seek to proceed on the remaining claims.  Thus, Apple has no basis for assuming the patent stay will continue past the final written decision in the IPRs.

## IV. CONCLUSION

Apple's proposed extension is not feasible because it does not account for the massive amount of discovery that remains, numerous pending disputes, and how long it has taken to get this far.  The Court should deny Apple's motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 1, 2021           By: */s/ Adam B. Powell*
                                  Joseph R. Re
                                  Stephen C. Jensen
                                  Benjamin A. Katzenellenbogen
                                  Perry D. Oldham
                                  Stephen W. Larson
                                  Mark D. Kachner
                                  Adam B. Powell

                                  Attorneys for Plaintiffs
                                  MASIMO CORPORATION and
                                  CERCACOR LABORATORIES, INC.

-14-