JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

Attorneys for Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**Hearing:**<br>Date:    June 21, 2021<br>Time:    1:30 p.m.<br>Place:   Courtroom 10C<br>Judge:  Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

# I. INTRODUCTION

Apple believes that the parties' competing schedules should have been submitted to the Court in a straightforward and concise manner. The original schedule, and each parties' proposal, is set forth below:

| Event | Current Schedule | Apple's Proposal | Plaintiffs' Proposal |
|---|---|---|---|
| Discovery cut-off | July 5, 2021 | July 5, 2021 (except depositions; includes cut-off for motions to compel) / August 13, 2021 (depositions only) | July 5, 2022 – TBD 2022+ |
| Opening expert reports | Sept. 6, 2021 | October 27, 2021 | TBD 2022+ |
| Rebuttal expert reports | Oct. 18, 2021 | December 8, 2021 | TBD 2022+ |
| Expert discovery cut-off | Dec. 6, 2021 | December 22, 2021 | TBD 2022+ |
| Law and Motion – motions filed no later than | Jan. 10, 2022 | January 24, 2022 | TBD 2022+ |
| Law and Motion cut-off | Feb. 7, 2022 at 1:30 pm | February 14, 2022 at 1:30 pm | TBD 2022+ |
| MILs | Feb. 14, 2022 | Feb. 14, 2022 | TBD 2022+ |
| Pretrial documents | Mar. 7, 2022 | Mar. 7, 2022 | TBD 2022+ |
| Final pretrial conference | March 21, 2022 | March 21, 2022 | TBD 2022+ |
| Trial | Apr. 5, 2022 | Apr. 5, 2022 | TBD 2022+ |

The undisputed facts about the competing schedules are not hard to discern: Apple would like extensions that provide time for discovery and motions while keeping the pre-trial dates and trial date intact. Plaintiffs would like *all* dates to be vacated and reset after IPRs are resolved. There is no dispute that Plaintiffs' proposal simply undoes the Court's Order staying the patent case, which followed extensive briefing by both parties.

Gibson, Dunn & Crutcher LLP

1

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEx)

Apple does not believe that dozens of pages of mudslinging and hundreds of pages of exhibits are relevant or necessary to resolve a scheduling dispute. Apple believes that the remaining discovery on the trade secret case can be completed in time to keep the trial date, and there is nothing in Plaintiffs' papers to suggest otherwise. Indeed, Plaintiffs do not propose *any* specific dates, nor do they present detailed arguments in favor of dates other than those proposed by Apple. *See* ECF 385. Plaintiffs simply seek an open-ended extension of discovery. Accordingly, Apple believes its schedule is more appropriate.

## II.  BACKGROUND FACTS

Again, Apple does not believe it is necessary or appropriate to argue every point in Plaintiffs' Motion, which expressly blames Apple for the need for an extension. There are, however, basic facts that should not be left out:

While Plaintiffs leave it for a footnote on the last page of their argument, Plaintiffs seek to prolong discovery for **at least one year**. Furthermore, the extension could be significantly longer. Plaintiffs do not mention that many additional months of delay could occur should Plaintiffs seek to appeal any inter partes review ("IPR") rulings. *See* Mot. at 1 and 5, fn. 3.

To justify their open ended scheduling proposal, Plaintiffs claim that Apple has insisted Plaintiffs review "12 million documents." Mot. at 1, 5 (claiming remaining discovery will take "years" of attorney time). That is not true. The truth is that the parties are actively engaged in the iterative process of narrowing search terms—and Apple has absolutely no intention of requiring Plaintiffs to review 12 million documents. With Plaintiffs' cooperation, and a good faith effort on both sides, no reason exists why the parties cannot substantially complete document production by June 25, 2021, allowing the parties to keep the trial date set by the Court.

Plaintiffs then refer to disputes that arose and have since been resolved. None presents a basis to blame Apple for a schedule change:

Gibson, Dunn & Crutcher LLP

2
DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

*Operative Complaint*: Plaintiffs have swapped out five patents since filing the original complaint in this case, added seven new patents, added approximately 40 trade secrets, and had portions of their trade secret allegations dismissed three times. ECF 60, 264, 361.

*Core Technical Documents*: The parties engaged in briefing relating to Plaintiffs' 2019.210 disclosure and Apple's core document production. Following extensive briefing and a hearing with Judge Early in September 2020, the parties agreed that Plaintiffs would produce their 2019.210 statement and Apple would supplement its core document production. *See* ECF 173, 179. That was almost 9 months ago, and the parties subsequently entered a stipulation to amend the scheduling order that did *not* include a request to extend fact discovery. ECF 199–200. Furthermore, in opposing a stay of the patent case, Plaintiffs highlighted the large number of documents, including source code, that Apple already produced: Plaintiffs reviewed "approximately 150,000 pages of discovery," and spent "40-45 hours inspecting . . . source code." ECF 209-1 at 20; *see* ECF 168-1, Ex A at 1; *id.*, Ex. C at 2-3; *id.* Ex. D at 1; *id.* Ex. E at 5.

*Section 2019.210*: As indicated above, Apple pushed for a Section 2019.210 disclosure from day one. Plaintiffs first produced a Section 2019.210 disclosure nine months later, on October 9, 2020. Plaintiffs served another disclosure four weeks later. Judge Early held Plaintiffs' Section 2019.210 disclosure sufficient on January 21, 2021, *see* ECF 279, and the parties have been engaged in trade secret discovery since.

*ESI Custodians*: On April 8, 2021, Apple filed a joint stipulation to move forward with collection from custodians. Given the dispute over Plaintiffs' demand for upwards of 50 custodians, Apple asked the Court to compel "Plaintiffs to proceed with ESI discovery for twelve custodians per side, *without prejudice to either side's ability to seek ESI from additional custodians later*." ECF 331-1 at 2 (emphasis added). On April 26, 2021, Judge Early ordered the parties to "immediately proceed with the production of [ESI] for up to 39 custodians per side." ECF 335 at 2. Plaintiffs provided a revised list of 30 proposed custodians, and Apple has already agreed to 28 of them and is actively

reviewing and producing documents. Plaintiffs filed a motion to compel demanding that Apple include Tim Cook, Apple's CEO, as an ESI custodian. *See* ECF 379-1. That dispute remains pending.

*ESI Search Terms*: Plaintiffs and Apple first exchanged ESI search terms on April 16 and 20, 2021. *See* ECF 385-1 at 5. Apple sent its revised terms to Plaintiffs the next week. Samplin Decl., Ex. A. Plaintiffs waited a week, until May 5, to send a list of revised terms, but did not include revisions for numerous terms highlighted by Apple as producing outsized hit counts. Powell Decl. Ex. 55. Apple has provided Plaintiffs, at their demand, a *second* set of revised search terms, as well as updated hit counts for the revised terms Plaintiffs did provide. Plaintiffs on the other hand are still "working on revising" their first set of terms. ECF 385-1 at 8. Apple is also still waiting on Plaintiffs to provide updated hit counts for the second set of revised terms it provided to Plaintiffs. Apple has never "refused to narrow its search terms," Mot at 15, "demand[ed] Masimo review at least 12 million documents for possible production," *id.* at 9 or "refus[ed] to review less than one-third of that number of documents for possible production." *Id.* Apple believes that with a deadline to complete their exchanges, and for production, the parties should be able to move forward under Apple's proposed schedule.

*Discovery and Joint Stipulations*: As Judge Early recently detailed, Plaintiffs submitted two motions to compel on 92 discovery requests, which required review of 2,497 pages of briefing, after which Plaintiffs' first motion was denied, in part or in full, as to 30 of 34 requests. ECF 380. Judge Early scheduled a hearing on the remaining requests for June 3, 2021. *Id.* Plaintiffs have voiced their intent to file many more motions.

To date, Plaintiffs have served **510** often overlapping and redundant requests for production of documents, including those detailed in the chart on the following page. This unsurprisingly leads to discovery disputes. On May 19, in the midst of Apple's trial with Epic Games, Plaintiffs also served Apple with seven document requests directly related to that trial and having nothing to do with the issues of this case. *See*

Gibson, Dunn & Crutcher LLP

4

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

Samplin Decl., Ex. B. Plaintiffs have also served two subpoenas on Apple asking for overlapping documents to be produced in the True Wearables case. *See* Samplin Decl., Ex. C.

To present the Court with some insight as to what is happening in terms of the discovery being served, and what motions are being filed, below is a chart with just a few examples of the types of discovery that Plaintiffs are imposing, and to which Apple is responding:

| **RFP No.** | **Duplicate RFP No.** |
|---|---|
| **262**: All documents or communications referencing, relating to or discussing the practice of efficient infringement. | **446**: Documents regarding the practice of efficient infringement |
| **279**: All documents or communications referring or relating to how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website. | **466**: Documents regarding how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website. |
| **280**: All documents or communications referring or relating to the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website. | **467**: Documents regarding the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website. |
| **282**: All communications between (1) Pekka Talke, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & | **468**: All communications between (1) Pekka Talke, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of |

Gibson, Dunn & Crutcher LLP

5
Defendant Apple Inc.'s Opposition to Plaintiffs' Motion to Modify the Scheduling Order
Case No. 8:20-cv-00048-JVS (JDEx)

| RFP No. | Duplicate RFP No. |
|---|---|
| Crutcher LLP, regarding physiological monitoring. | Gibson, Dunn & Crutcher LLP, regarding pulse rate or pulse oximetry. |
| **303**: All documents that refer or relate to the value to Apple of creating an ecosystem of products or services. | **490**: Documents regarding the value to Apple of creating an ecosystem of products or services. |
| **304**: All documents that refer or relate to the value of the Apple Watch Products to Apple's ecosystem. | **491**: Documents regarding the value of the Apple Watch Products to Apple's ecosystem. |
| **305**: All documents that refer or relate the value or importance of ResearchKit to Apple. | **492**: Documents regarding the value or importance of ResearchKit to Apple. |
| **306**: All documents that refer or relate Apple's plans or strategies for Apple's ResearchKit. | **493**: Documents regarding Apple's plans or strategies for Apple's ResearchKit. |
| **307**: All documents that refer or relate the value or importance of HealthKit to Apple. | **494**: Documents regarding the value or importance of HealthKit to Apple. |
| **309**: All documents that refer or relate Apple's plans or strategies to create a hub or ecosystem for health data. | **495**: Documents regarding Apple's plans or strategies to create a hub or ecosystem for health data. |
| **310**: All documents that refer or relate to the value of creating to create a hub or ecosystem for health data. | **496**: Documents regarding the value of creating to create a hub or ecosystem for health data. |
| **312**: All documents that refer or relate to Apple's decision, reasons, or motivations for hiring Mujeeb Ijaz, Don Dafoe, Michael Erickson, Dapeng Wang, and Indrajeet Thorat from A123 Systems, LLC. | **498**: Documents regarding Apple's decision to hire Mujeeb Ijaz, Don Dafoe, Michael Erickson, Dapeng Wang, and Indrajeet Thorat from A123 Systems, LLC. |
| **313**: All documents that refer or relate to Apple's plans to create or maintain a product ecosystem using health monitoring or health data. | **499**: Documents regarding Apple's plans to create or maintain a product ecosystem using health monitoring or health data. |
| **314**: All documents that refer or relate to the value and importance of creating or maintaining an ecosystem using health monitoring or health data. | **500**: Documents regarding the value and importance of creating or maintaining an ecosystem using health monitoring or health data. |
| **317**: All documents and communications that refer or relate to Apple having an "ecosystem" of products and/or services. | **504**: Documents regarding Apple having an "ecosystem" of products and/or services. |

Gibson, Dunn & Crutcher LLP

6

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEx)

## III.  ARGUMENT

### A.  There Is Good Cause For A Modest Adjustment To The Scheduling Order.

Both sides believe that they have been diligent, and that there is good cause for a change to the Court's Scheduling Order.  Whereas Plaintiffs lay the blame for a change at Apple's doorstep, Apple's view is that both parties have filed motions affecting the timing of discovery, those motions have taken time to resolve, and, as Judge Early cautioned, nothing productive will come from accusing the other side of ulterior motives.  *See* Transcript of January 21, 2021 Telephonic Conference, at 9, 26 (asking Plaintiffs "not to point fingers here" and noting that "juries don't necessarily like lawyers that snip at each other and fight at each other and can't agree on what even a juror can see is a relatively basic and simple process.").

Thus, Apple does not believe that the real dispute here relates to diligence or the need for a schedule change; the dispute is simply about which parties' proposal is more reasonable.  Apple believes that its proposal is more reasonable for the following reasons:

*First*, document production and depositions can happen within the schedule Apple proposed or a small adjustment thereto.  Apple already provided this schedule to Plaintiffs many times, and they never pointed out a specific date that was unreasonable, offered a reason for their disagreement, or proposed a specific alternative.  Samplin Decl., Ex. D.

*Second*, the parties are closing in on search terms for agreed-upon custodians, and there's no reason substantial production cannot be concluded on the reasonable schedule Apple proposes thereafter.  Apple has not demanded—nor does it want—Plaintiffs to review 12 million documents.  As set forth above, Apple has been moving fast on revising terms.  A deadline to complete negotiation of terms also would make sense, and Apple proposed one.  ECF 385; *see also infra* p. 1.

*Third*, depositions can and should be scheduled.  Apple has said this repeatedly.  There was a dispute as to in person or remote depositions which the parties are now

Gibson, Dunn & Crutcher LLP

7

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEx)

resolving with input from Judge Early.  *See* ECF 374.  Again, Apple has proposed a reasonable deadline for depositions, and Plaintiffs provide no specific alternative.

Plaintiffs' scheduling proposal, in contrast, is open ended, and lacks any specific dates.  Apple is not aware of *any* opinion finding good cause for such a lengthy extension to unknown dates more than a year in the future.  There is also no escaping the fact that Plaintiffs failed in their effort to avoid a stay of the patent case, and now, intentionally or not, Plaintiffs are effectively asking the Court to reverse its Order without fact-based arguments that support specific alternative dates.

Apple remains willing—as it tried before—to negotiate a reasonable schedule, but if Plaintiffs insist on having the Court decide, then Apple's dates, or something close to them, are more reasonable in light of the facts than an open ended schedule untethered to specific needs.

### B.     The Court Should Deny Plaintiffs' Request for a Special Master

Apple believes that it is valuable for Judge Early to have a finger on the pulse of this case.  As Plaintiffs acknowledge, Judge Early has twice suggested a discovery master, and Plaintiffs have twice resisted.  *See* ECF 289.  It is only now, after burdening the Court with two motions to compel, losing on 88% of the requests adjudicated by Judge Early on the first motion, and threatening many more motions, that Plaintiffs are changing their tune.  Apple believes that Judge Early's guidance will result in greater efficiency overall.

### IV.    CONCLUSION

The Court should deny the entirety of Plaintiffs' Motion to Modify the Case Schedule, including the request for a Special Master, and instead enter Apple's proposal as articulated in its May 24, 2021 Motion to Extend Certain Case Deadlines.  *See* ECF 385-1.

Gibson, Dunn & Crutcher LLP

8

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

Dated: June 1, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Apple Inc.*

Gibson, Dunn & Crutcher LLP

9

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)