JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER** <br><br> **Hearing**: <br> Date: June 21, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 10C <br> Judge: Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

SAMPLIN DECL. IN SUPPORT OF APPLE INC.'S OPPOSITION TO PLAINTIFF' MOTION TO MODIFY THE SCHEDULING ORDER
CASE NO. 8:20-CV-00048-JVS (JDEx)

I, Ilissa Samplin, declare and state as follows:

1.　　I am an attorney duly licensed to practice law before this Court and all courts of the State of California.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action.

2.　　I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3.　　I make this declaration in support of Apple's Opposition to Plaintiffs' Motion to Modify the Scheduling Order.

4.　　A true and correct copy of an email chain between Cheryl Burgess, counsel for Plaintiffs, and my colleague, Brian Andrea, with the first email dated April 16, 2021, and the latest email dated April 28, 2021, is attached hereto as **Exhibit A (filed under seal)**.

5.　　A true and correct copy of Plaintiffs' Eight Set of Requests for Production of Documents, served on Apple on May 19, 2021, is attached hereto as **Exhibit B.**

6.　　A true and correct copy of Non-Party Apple Inc.'s Responses and Objections to Plaintiffs' Subpoena in *Masimo Corp. et al v. True Wearables, Inc. et al*, No. 8:18-cv-02001-JVS-JDE (C.D. Cal.), is attached hereto as **Exhibit C**.

7.　　On May 21, 2021, I sent a letter to Adam Powell (counsel of record for Plaintiffs).  A true and correct copy of the May 21, 2021 letter I sent to Mr. Powell is attached hereto as **Exhibit D**.

Executed this 1st day of June, 2021 in Los Angeles, California.

By:　/s/ *Ilissa Samplin*　　　　　　　　
　　　Ilissa Samplin

Gibson, Dunn & Crutcher LLP

# Exhibit A
# (filed under seal)

# Exhibit B

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE ) |
| | ) **PLAINTIFFS MASIMO** |
| Plaintiffs, | ) **CORPORATION AND** ) **CERCACOR LABORATORIES,** |
| | ) **INC.'S EIGHTH SET OF** ) **REQUESTS FOR PRODUCTION** |
| v. | ) **OF DOCUMENTS TO** ) **DEFENDANT APPLE INC. (NOS.** |
| APPLE INC., a California corporation | ) **281-317)** ) |
| | ) |
| Defendant. | ) Hon. James V. Selna ) Magistrate Judge John D. Early |
| | ) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

-1-

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.      "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch.

7.      "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8.      "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9.      "Apple Watch Series 7" means the Apple Watch models or prototypes following the Apple Watch Series 6, which was released on September 18, 2020, regardless of whether it has been released yet or what it is called internally or publicly.  For avoidance of doubt, "Accused Products" defined above includes the Apple Watch Series 7.

10.     The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent App. No. 15/960,507, and U.S. Patent App. No. 16/700,710. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

11.     The term "Computer Media" shall mean and refer to all computer storage devices, including both internal and external hard drives, CDs, DVDs, flash drives, tapes, and any other electronic storage media.

-2-

12. The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

13. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

14. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

15. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

16. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

17. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## **INSTRUCTIONS**

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which

-3-

You claim a privilege, and state:

a.      the basis on which the privilege is claimed;

b.      the author or creator of the information, document, or thing;

c.      each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

d.      the date of the information or document.

3.      If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing.  Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing.  If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4.      Produce each requested document or thing along with all non-identical drafts thereof.  Furthermore, produce each document in its entirety, without abbreviation or redaction.

5.      Identify specifically the derivation and source of each document and thing to be produced.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 281:**

All trial and deposition transcripts of testimony by Tim Cook in any litigation relating to intellectual property, correction of inventorship, ownership of patents, trade secret misappropriation, unfair competition, or patent misuse.

**REQUEST FOR PRODUCTION NO. 282:**

All communications between (1) Pekka Talke, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding physiological monitoring.

-4-

**REQUEST FOR PRODUCTION NO. 283:**

All documents and communications reflecting the name and number of individuals hired by Apple who previously worked for companies that make pulse oximetry products, including but not limited to Masimo, Cercacor, Nellcor Puritan Bennett, Inc., Philips Electronic North America Corporation, Mindray DS USA, Inc., and Nonin Medical, Inc.

**REQUEST FOR PRODUCTION NO. 284:**

All communications between (1) Marcelo Lamego, True Wearables, Inc., or any other individuals associated with True Wearables, Inc., and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, after Marcelo Lamego ended his employment at Apple.

**REQUEST FOR PRODUCTION NO. 285:**

All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the Food and Drug Administration (FDA), regarding any of the Apple Watch Products, including any application operating on the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 286:**

All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the FDA, regarding the measurement of any physiological parameter.

**REQUEST FOR PRODUCTION NO. 287:**

All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the FDA, regarding any informal meetings with the FDA, including but not limited to informal meetings

-5-

addressing whether any Apple product requires FDA clearance or approval and how said clearance or approval could be obtained.

**REQUEST FOR PRODUCTION NO. 288:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding any Apple Watch Product, including but not limited to the questions asked and the users' feedback.

**REQUEST FOR PRODUCTION NO. 289:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding pulse rate, blood glucose, or pulse oximetry, including but not limited to the questions asked and the users' feedback.

**REQUEST FOR PRODUCTION NO. 290:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding Apple applications, Apple products, third party applications, or third-party products for managing, tracking, or recording health data, including but not limited to the questions asked and the users' feedback.

**REQUEST FOR PRODUCTION NO. 291:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding Apple applications, Apple products, third party applications, or third-party products for monitoring, tracking, or recording blood oxygen levels, including but not limited to the questions asked and the users' feedback.

**REQUEST FOR PRODUCTION NO. 292:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding the use of third-party apps in conjunction with any Apple Watch Product for monitoring,

-6-

tracking, or recording health data including blood oxygen levels, including but
not limited to the questions asked and the users' feedback.

**REQUEST FOR PRODUCTION NO. 293:**

All documents reflecting Marcelo Lamego's job duties and title, who he
reported to, group he was assigned to, compensation, severance, and
communications regarding patent applications.

**REQUEST FOR PRODUCTION NO. 294:**

All documents reflecting Michael O'Reilly's job duties and title, who he
reported to, group he was assigned to, compensation, and communications
regarding patent applications.

**REQUEST FOR PRODUCTION NO. 295:**

All documents that refer or relate to the value or importance of accurate
measurement of heart rate or blood oxygen saturation in the Apple Watch
Products.

**REQUEST FOR PRODUCTION NO. 296:**

All documents that refer or relate to the value or importance of battery
life in the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 297:**

All documents that refer or relate to the value or importance of reducing
ambient light intrusion or optical leakage in the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 298:**

All documents that refer or relate to why features were included in the
Apple Watch 6, but not included in the Apple Watch SE.

**REQUEST FOR PRODUCTION NO. 299:**

All documents that refer to the value or importance of performing health
research using Apple products.

**REQUEST FOR PRODUCTION NO. 300:**

All documents that refer or relate to the value or importance of using

1  Apple products to remotely monitor patients or measure patient parameters.

2  **REQUEST FOR PRODUCTION NO. 301:**

3      All documents that refer or relate to the value or importance of precision
4  medicine or custom care plans.

5  **REQUEST FOR PRODUCTION NO. 302:**

6      All documents that refer or relate to the value or importance of creating
7  custom health applications.

8  **REQUEST FOR PRODUCTION NO. 303:**

9      All documents that refer or relate to the value to Apple of creating an
10 ecosystem of products or services.

11 **REQUEST FOR PRODUCTION NO. 304:**

12     All documents that refer or relate to the value of the Apple Watch
13 Products to Apple's ecosystem.

14 **REQUEST FOR PRODUCTION NO. 305:**

15     All documents that refer or relate the value or importance of ResearchKit
16 to Apple.

17 **REQUEST FOR PRODUCTION NO. 306:**

18     All documents that refer or relate Apple's plans or strategies for Apple's
19 ResearchKit.

20 **REQUEST FOR PRODUCTION NO. 307:**

21     All documents that refer or relate the value or importance of HealthKit to
22 Apple.

23 **REQUEST FOR PRODUCTION NO. 308:**

24     All documents that refer or relate Apple's plans or strategies for Apple's
25 HealthKit.

26 **REQUEST FOR PRODUCTION NO. 309:**

27     All documents that refer or relate Apple's plans or strategies to create a
28 hub or ecosystem for health data.

**REQUEST FOR PRODUCTION NO. 310:**

All documents that refer or relate to the value of creating to create a hub or ecosystem for health data.

**REQUEST FOR PRODUCTION NO. 311:**

All documents that refer or relate the value or importance of using Apple products in clinical care facilities.

**REQUEST FOR PRODUCTION NO. 312:**

All documents that refer or relate to Apple's decision, reasons, or motivations for hiring Mujeeb Ijaz, Don Dafoe, Michael Erickson, Dapeng Wang, and Indrajeet Thorat from A123 Systems, LLC.

**REQUEST FOR PRODUCTION NO. 313:**

All documents that refer or relate to Apple's plans to create or maintain a product ecosystem using health monitoring or health data.

**REQUEST FOR PRODUCTION NO. 314:**

All documents that refer or relate to the value and importance of creating or maintaining an ecosystem using health monitoring or health data.

**REQUEST FOR PRODUCTION NO. 315:**

All documents reflecting strategies or decisions on setting consumer prices for Apple Watch Products, including but not limited to strategies or decisions on relative prices between different models, and price adjustments as newer models are released.

**REQUEST FOR PRODUCTION NO. 316:**

All trial exhibits, trial testimony, deposition exhibits, and deposition testimony from the case Epic Games, Inc v. Apple Inc., Case No. 4:20-cv-05640-YGR.

**REQUEST FOR PRODUCTION NO. 317:**

All documents and communications that refer or relate to Apple having an "ecosystem" of products and/or services.

-9-

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 19, 2021          By: */s/ Adam B. Powell*
                             Joseph R. Re
                             Stephen C. Jensen
                             Benjamin A. Katzenellenbogen
                             Perry D. Oldham
                             Stephen W. Larson
                             Mark D. Kachner
                             Adam B. Powell

                             Attorneys for Plaintiffs,
                             Masimo Corporation and
                             Cercacor Laboratories, Inc.

-10-

**PROOF OF SERVICE**

1

2          I am a citizen of the United States of America and I am employed in

3     Irvine, California.  I am over the age of 18 and not a party to the within action.

4          On May 19, 2021, I served the within **PLAINTIFFS MASIMO**

5     **CORPORATION AND CERCACOR LABORATORIES, INC.'S EIGHTH**

6     **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**

7     **DEFENDANT APPLE INC. (NOS. 281-317)** on the parties or their counsel

8     shown at the email addresses shown below:

9     Apple-Masimo@gibsondunn.com              Brian A. Rosenthal
                                               BRosenthal@gibsondunn.com
10          Joshua H. Lerner
11          JLerner@gibsondunn.com              Ilissa Samplin
                                               ISamplin@gibsondunn.com
12          H. Mark Lyon,
            MLyon@gibsondunn.com              Angelique Kaounis
13                                             AKaounis@gibsondunn.com
14          Brian M. Buroker
            BBuroker@gibsondunn.com
15
            Brian K. Andrea
16          BAndrea@gibsondunn.com

17          I declare under penalty of perjury under the laws of the United States that

18     the foregoing is true and correct.

19          Executed on May 19, 2021, at Irvine, California.

20

21

22     34915511                                _____
                                                         Peter Toller
23

24

25

26

27

28

-11-

# Exhibit C

Exhibit C
Page 24

1  JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street Suite 3000
3  San Francisco, CA 94105
     Telephone: 415.393.8200
4    Facsimile: 415.393.8306

5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
7  Palo Alto, CA 94304-1211
   Telephone:  650.849.5300
8  Facsimile:   650.849.5333

9  ILISSA SAMPLIN, SBN 314018
     isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
11 Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
12 Facsimile: 213.229.7520

13 *Attorneys for Non-Party Apple Inc.*

14

15                 **UNITED STATES DISTRICT COURT**
                **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
16

17 MASIMO CORPORATION and
   CERCACOR LABORATORIES, INC.,
18                                       CASE NO. 8:18-cv-02001-JVS-JDE
19                 Plaintiffs,
                                         **NON-PARTY APPLE INC.'S**
20        v.                             **RESPONSES AND OBJECTIONS TO**
                                         **PLAINTIFFS' SUBPOENA TO**
21 TRUE WEARABLES, INC. and              **TESTIFY AT DEPOSITION AND TO**
   MARCELO LAMEGO,                       **PRODUCE DOCUMENTS AND**
22                                       **THINGS**
                 Defendants.
23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Exhibit C
Page 25

1    Pursuant to Federal Rule of Civil Procedure 45, Nonparty Apple Inc. ("Apple")

2    responds and objects to Plaintiffs' subpoena, dated May 11, 2021, and Exhibits A and

3    B attached thereto ("Subpoena") directed to Apple.

4                              **GENERAL OBJECTIONS**

5    Apple makes the following General Objections.  Each of these General

6    Objections is incorporated into the Specific Objections and Responses set forth below,

7    whether or not separately set forth therein.

8    Specific Objections to each Deposition Topic ("Topic") and Request for

9    Production of Documents ("Request") are made on an individual basis below.  The

10   Specific Objections are submitted without prejudice to, and without any waiver of, the

11   General Objections not expressly set forth in the specific Response.  The assertion or

12   non-assertion of any objection to any Topic or Request is neither intended as, nor shall

13   in any way be deemed, a waiver of Apple's right to assert that or any other objection at

14   a later date.

15   No incidental or implied admission is intended by any Response.  Apple's

16   response or objection to any Topic or Request should not be taken as an admission that

17   Apple accepts or admits the existence of any "facts" set forth or assumed by such

18   Topic or Request.  An answer to part or all of any Topic or Request is not intended to

19   be, and shall not be construed to be, a waiver of any part of any objection to the Topic

20   or Request.

21   The subject matter of these Topics and Requests is under continuing

22   investigation.  Apple will respond to these Topics and Requests with current

23   knowledge and reserves the right to supplement these responses if any additional

24   information is identified at a later time and to make any additional objections that may

25   become apparent.

26   Apple plans to move to quash the Subpoena and for a protective order over the

27   confidential information solicited in these Requests.  Should its motion be denied,

28

Gibson, Dunn & Crutcher LLP

Exhibit C
Page 26

Apple requests a meet and confer with Plaintiffs' counsel to discuss the scope of testimony under these Topics and the scope of production under these Requests.

1.     Apple objects to the Subpoena, including the Definitions and Instructions and each specific Topic and Request therein, to the extent that they are unduly burdensome and oppressive on Apple, a nonparty to this litigation, and seek to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Central District of California.  Apple will construe and respond to the Topics and Requests in accordance with the requirements of the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Central District of California.

2.     Apple objects to the Topics and Requests, including the Definitions and Instructions and each specific Topic and Request therein, to the extent that they:  (i) seek testimony, documents, or information that are not relevant to any Party's claims or defenses in the action; (ii) impose a burden disproportionate to the needs of the case; (iii) seek testimony, documents, or information beyond the scope of permissible discovery; or (iv) are unreasonably cumulative or duplicative.

3.     Apple objects to the Topics and Requests, including the Definitions and Instructions, and each specific Topic and Request therein, to the extent they are vague, ambiguous, overly broad, and/or unduly burdensome.

4.     Apple objects to the Topics and Requests, including the Definitions and Instructions, as overly broad and unduly burdensome, particularly to the extent that they purport to require Apple, a nonparty to this litigation, to gather, review, and produce certain kinds of information that are beyond its possession, custody, and control, cannot be collected and reviewed without incurring substantial cost and burden, and are unlikely to lead to the discovery of relevant evidence.

5.     Apple objects to the Requests, including the Definitions and Instructions, and each specific Request therein, as unduly burdensome to the extent they purport to

2

Gibson, Dunn & Crutcher LLP

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION     CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 27

require production of documents that are (i) public or otherwise available from sources to which Plaintiffs also have access; (ii) already in the possession of Plaintiffs; (iii) already produced by or requested from other parties or nonparties in this action; and/or (iv) equally available from parties to this action.

6.     Apple objects to the Requests, including the Definitions and Instructions, and each specific Request therein, to the extent they seek documents that are beyond Apple's possession, custody, or control.

7.     Apple objects to the Requests, including the Definitions and Instructions, and each specific Request therein, to the extent they purport to require Apple to take any additional actions beyond a reasonable search of its records where responsive documents, if any, are most likely to be found.

8.     Apple objects to the Topics and Requests, including the Definitions and Instructions, and each specific Topic and Request therein, to the extent they purport to require testimony regarding, or production of documents that are subject to, any privilege, immunity, protective order, or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and the common interest privilege.

9.     Apple objects to the Topics and Requests, including the Definitions and Instructions, and each specific Topic and Request therein, to the extent they seek confidential proprietary information, trade secrets, or otherwise competition-sensitive information not relevant to, or necessary for, this action.

10.     Apple objects to the Requests, including the Definitions and Instructions, and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

11.     Apple objects to these Topics and Requests, including the Definitions and Instructions, and each specific Topic and Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

Gibson, Dunn & Crutcher LLP

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION     CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 28

12.     Apple reserves the right to produce only portions of documents where such documents also contain information that is unrelated to a Request or subject to a right of privacy, proprietary information, and/or privilege.

13.     Any documents inadvertently produced shall not constitute a waiver of any privilege, any other doctrine against disclosure, or Apple's rights to object to the use of any document inadvertently disclosed.  Apple reserves the right to demand the return of any document inadvertently produced.

14.     In furnishing the responses herein, Apple does not concede the truth of any factual assertion or implication contained in any of the Requests.

15.     Apple reserves all other unarticulated objections.

## **OBJECTIONS TO DEFINITIONS – EXHIBIT A**

Apple makes the following Objections to the Definitions in Exhibit A.  Each of these Objections to Definitions is incorporated into the Specific Objections and Responses set forth below, whether or not separately set forth therein.

1.     Apple objects to the Definitions in Exhibit A to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the Topics in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to the definition of "Apple," "You," and "Your" as vague and ambiguous in the context of a subpoena directed to Apple—because the terms are defined as "Lamego and True Wearables, collectively and/or individually," and neither Lamego nor True Wearables are part of or associated with Apple.

3.     Apple objects to the definitions "Oxxiom" and "Accused Product" on the grounds that they are vague, ambiguous, and overbroad.  Additionally, these terms are not even used in the Topics.

Gibson, Dunn & Crutcher LLP

4

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION     CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 29

**SPECIFIC OBJECTIONS TO DEPOSITION TOPICS – EXHIBIT A**

**TOPIC NO. 1:**

Apple's reasons for hiring Marcelo Lamego.

**RESPONSE TO TOPIC NO. 1:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple also objects to this Topic on the grounds and to the extent that it is overly broad, unduly burdensome, seeks information that is not relevant to any Party's claims or defenses, and seeks information that is not proportional to the needs of the case.  Specifically, Apple objects to this Topic on the basis that there is no claim in the case based on Apple's hiring of Mr. Lamego; rather this Topic appears to be directed to Plaintiffs' separate lawsuit against Apple and, to the extent relevant, is more appropriately addressed through testimony in that case pursuant to Fed. R. Civ. P. 30(b)(6).  *See Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D. Cal.).  Apple further objects to this Topic to the extent that it calls for information that is protected from disclosure pursuant to the attorney-client privilege or the attorney work product doctrine or other applicable privileges or immunities.  Apple also objects to this Topic on the ground that it is vague and ambiguous, including based on its use of the undefined term "reasons for hiring."

Apple does not presently intend to offer a witness to provide testimony on this Topic.  Apple reserves the right, however, to amend its response to this Topic if it becomes necessary to do so following the resolution of its forthcoming Motion to Quash and for a Protective Order in the United States District Court for the Central District of California.

**TOPIC NO. 2:**

Reasons for termination of Marcelo Lamego's employment relationship with Apple.

**RESPONSE TO TOPIC NO. 2:**

Apple incorporates by reference its General Objections as if fully set forth

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION   CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 30

1  herein.  Apple also objects to this Topic on the grounds and to the extent that it is

2  overly broad, unduly burdensome, seeks information that is not relevant to any Party's

3  claims or defenses, and seeks information that is not proportional to the needs of the

4  case.  Specifically, Apple objects to this Topic on the basis that there is no claim in the

5  case based on Apple's hiring of Mr. Lamego; rather this Topic appears to be directed

6  to Plaintiffs' separate lawsuit against Apple and, to the extent relevant, is more

7  appropriately addressed through testimony in that case pursuant to Fed. R. Civ. P.

8  30(b)(6).  *See Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D.

9  Cal.).  Apple further objects to this Topic to the extent that it calls for information that

10  is protected from disclosure pursuant to the attorney-client privilege or the attorney

11  work product doctrine or other applicable privileges or immunities.  Apple also objects

12  to this Topic on the ground that it is vague and ambiguous, including based on its use

13  of the undefined term "employment relationship."

14       Apple does not presently intend to offer a witness to provide testimony on this

15  Topic.  Apple reserves the right, however, to amend its response to this Topic if it

16  becomes necessary to do so following the resolution of its forthcoming Motion to

17  Quash and for a Protective Order in the United States District Court for the Central

18  District of California.

19  **TOPIC NO. 3:**

20       Apple's communications with Marcelo Lamego concerning Apple recruiting

21  Marcelo Lamego

22  **RESPONSE TO TOPIC NO. 3:**

23       Apple incorporates by reference its General Objections as if fully set forth

24  herein.  Apple also objects to this Topic on the grounds and to the extent that it is

25  overly broad, unduly burdensome, seeks information that is not relevant to any Party's

26  claims or defenses, and seeks information that is not proportional to the needs of the

27  case.  Specifically, Apple objects to this Topic on the basis that there is no claim in the

28  case based on Apple's hiring of Mr. Lamego; rather this Topic appears to be directed

Gibson, Dunn &
Crutcher LLP

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION       CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 31

1   to Plaintiffs' separate lawsuit against Apple and, to the extent relevant, is more

2   appropriately addressed through testimony in that case pursuant to Fed. R. Civ. P.

3   30(b)(6).  *See Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D.

4   Cal.).  Apple further objects to this Topic to the extent that it calls for information that

5   is protected from disclosure pursuant to the attorney-client privilege or the attorney

6   work product doctrine or other applicable privileges or immunities.  Apple also objects

7   to this Topic on the ground that it is vague and ambiguous, including based on its use

8   of the undefined term "recruiting."  In addition, Apple objects to this Topic as seeking

9   potentially confidential information in the absence of entry of an acceptable protective

10  order.

11       Apple does not presently intend to offer a witness to provide testimony on this

12  Topic.  Apple reserves the right, however, to amend its response to this Topic if it

13  becomes necessary to do so following the resolution of its forthcoming Motion to

14  Quash and for a Protective Order in the United States District Court for the Central

15  District of California.

16  **TOPIC NO. 4:**

17       Apple's communications with Marcelo Lamego concerning termination of

18  Marcelo Lamego's employment relationship with Apple.

19  **RESPONSE TO TOPIC NO. 4:**

20       Apple incorporates by reference its General Objections as if fully set forth

21  herein.  Apple also objects to this Topic on the grounds and to the extent that it is

22  overly broad, unduly burdensome, seeks information that is not relevant to any Party's

23  claims or defenses, and seeks information that is not proportional to the needs of the

24  case.  Specifically, Apple objects to this Topic on the basis that there is no claim in the

25  case based on Apple's hiring of Mr. Lamego; rather this Topic appears to be directed

26  to Plaintiffs' separate lawsuit against Apple and, to the extent relevant, is more

27  appropriately addressed through testimony in that case pursuant to Fed. R. Civ. P.

28  30(b)(6).  *See Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D.

7

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION     CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 32

Cal.).  Apple further objects to this Topic to the extent that it calls for information that
is protected from disclosure pursuant to the attorney-client privilege or the attorney
work product doctrine or other applicable privileges or immunities.  Apple also objects
to this Topic on the ground that it is vague and ambiguous, including based on its use
of the undefined terms "termination" and "employment relationship."

Apple does not presently intend to offer a witness to provide testimony on this
Topic.  Apple reserves the right, however, to amend its response to this Topic if it
becomes necessary to do so following the resolution of its forthcoming Motion to
Quash and for a Protective Order in the United States District Court for the Central
District of California.

### OBJECTIONS TO DEFINITIONS – EXHIBIT B

Apple makes the following Objections to the Definitions in Exhibit B.  Each of
these Objections to Definitions is incorporated into the Specific Objections and
Responses set forth below, whether or not separately set forth therein.

1.      Apple objects to the Definitions in the Requests to the extent that they
purport to impose requirements that are inconsistent with, or beyond those
contemplated by, the Federal Rules, the Local Rules, and all applicable rules and
orders of this Court.  Apple will construe and respond to the Requests in accordance
with the requirements of the Federal Rules, the Local Rules, and all applicable rules
and orders of this Court.

2.      Apple objects to the definitions of "Apple," "You" and "Your" on the
grounds that they are vague, ambiguous, overbroad, and unduly burdensome.  Apple
further objects to the definitions of "Apple," "You" and "Your" to the extent that they
purport to include persons or entities that are separate and distinct from Apple and are
not under Apple's control.  Apple further objects to the definitions of "Apple," "You"
and "Your" to the extent the reference to "agents" and "attorneys" purports to demand
information or documents subject to the attorney-client privilege, the work product

Gibson, Dunn &
Crutcher LLP

Exhibit C
Page 33

1    doctrine, or any other privilege or protection.  In responding to the Requests, Apple

2    will construe these terms to mean Apple Inc. and limit its responses accordingly.

3         3.       Apple objects to the definitions of "describe," "described" and

4    "description" on the grounds that they are vague, ambiguous, overbroad, and unduly

5    burdensome.  Indeed, the terms are not used in any of the Requests.

6         4.       Apple objects to the definitions of "communication," "communications,"

7    and "documents" on the grounds that they are vague, ambiguous, overbroad, and

8    unduly burdensome.  In responding to the Requests, Apple will construe these terms in

9    accordance with the requirements of the Federal Rules, the Local Rules, and all

10   applicable rules and orders of this Court.

11                **OBJECTIONS TO INSTRUCTIONS – EXHIBIT B**

12        Apple makes the following Objections to the Instructions in Exhibit B.  Each of

13   these Objections to Instructions is incorporated into the Specific Objections and

14   Responses set forth below, whether or not separately set forth therein.

15        1.       Apple objects to the Instructions to the extent that they purport to broaden

16   the obligations imposed by the Federal Rules, the Local Rules, any other applicable

17   rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

18        2.       Apple objects to Instruction No. 1 on the grounds that it is vague,

19   ambiguous, overbroad, and to the extent it imposes undue burdens and requirements

20   beyond those imposed by the Federal Rules, the Local Rules, and all applicable rules

21   and orders of this Court.  Apple further objects to Instruction No. 1 to the extent that it

22   purports to demand the production of documents subject to the attorney-client

23   privilege, the work product doctrine, or any other privilege or protection.  Apple

24   further objects to Instruction No. 1 to the extent that it purports to demand the

25   production of documents that are not in the possession, custody, or control of Apple,

26   including documents in the possession of unidentified persons "purporting to act" on

27   Apple's behalf.  Apple further objects to Instruction No. 1 to the extent it purports to

28

Gibson, Dunn &
Crutcher LLP

Exhibit C
Page 34

1    impose discovery obligations on persons or entities that are separate and distinct from

2    Apple and are not under Apple's control.

3        3.      Apple objects to Instruction No. 4 on the grounds that it is vague,

4    ambiguous, overbroad, and to the extent it imposes undue burdens and requirements

5    beyond those imposed by the Federal Rules, the Local Rules, and all applicable rules

6    and orders of this Court.  Apple further objects to Instruction No. 4 to the extent that it

7    purports to demand the production of documents subject to the attorney-client

8    privilege, the work product doctrine, or any other privilege or protection.  Apple

9    further objects to Instruction No. 4 to the extent that it purports to demand the

10   production of documents that are not in the possession, custody, or control of Apple.

11   Apple further objects to Instruction No. 4 to the extent it purports to impose discovery

12   obligations on persons or entities that are separate and distinct from Apple and are not

13   under Apple's control.

14       4.      Apple objects to Instruction No. 5 on the grounds that it is vague,

15   ambiguous, and overbroad, and to the extent that it purports to require Apple to

16   provide information beyond that which is required by the Federal Rules, the Local

17   Rules, and all applicable rules and orders of this Court.

18       5.      Apple objects to Instruction No. 6 on the grounds that it is vague,

19   ambiguous, and overbroad, and to the extent that it purports to require Apple to

20   provide information beyond that which is required by the Federal Rules, the Local

21   Rules, and all applicable rules and orders of this Court.

22       6.      Apple objects to Instruction No. 7 on the grounds that it is vague,

23   ambiguous, and overbroad, and to the extent that it purports to require Apple to

24   provide information beyond that which is required by the Federal Rules, the Local

25   Rules, and all applicable rules and orders of this Court.

26       7.      Apple objects to Instruction No. 8 to the extent that it purports to require

27   Apple to provide information beyond that which is required by the Federal Rules, the

28   Local Rules, and all applicable rules and orders of this Court.  To the extent documents

10

Gibson, Dunn & Crutcher LLP

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION       CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 35

1    are produced, they will be produced as maintained in the normal course of business,

2    subject to an agreed upon ESI protocol.

3                          **SPECIFIC OBJECTIONS TO REQUESTS**

4                  **FOR PRODUCTION OF DOCUMENTS – EXHIBIT B**

5    **DOCUMENT REQUEST NO. 1:**

6          The personnel file for Marcelo Lamego.

7    **RESPONSE TO DOCUMENT REQUEST NO. 1:**

8          Apple incorporates by reference its General Objections as if fully set forth

9    herein.  Apple also objects to this Request on the grounds and to the extent that it is

10   overly broad, unduly burdensome, seeks documents that are not relevant to any Party's

11   claims or defenses, and seeks documents that are not proportional to the needs of the

12   case.  Specifically, Apple objects to this Request on the basis that there is no claim in

13   the case based on Mr. Lamego's alleged involvement in any Apple program or project;

14   rather this Request appears to be directed to Plaintiffs' separate lawsuit against Apple

15   and is in fact the subject of a discovery dispute pending before the Court in that matter.

16   *See* Dkt. 369, Joint Stipulation regarding Plaintiffs' Second Motion to Compel, at 90–

17   102, *Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D. Cal. Apr.

18   28, 2021) (seeking to compel and opposing a response to Request for Production 240).

19   Apple further objects to this Request to the extent that it calls for information that is

20   protected from disclosure pursuant to the attorney-client privilege or the attorney work

21   product doctrine or other applicable privileges or immunities.  Apple also objects to

22   this Request on the ground that it is vague and ambiguous, including based on its use

23   of the undefined term "personnel file."

24         Apple does not presently intend to produce documents in response to this

25   Request.  Apple reserves the right, however, to amend its response to this Request if it

26   becomes necessary to do so following the resolution of its forthcoming Motion to

27   Quash and for a Protective Order in the United States District Court for the Central

28   District of California.

Gibson, Dunn & Crutcher LLP

11

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION          CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 36

**DOCUMENT REQUEST NO. 2:**

All documents related to Apple hiring Marcelo Lamego.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple also objects to this Request on the grounds and to the extent that it is overly broad, unduly burdensome, seeks documents that are not relevant to any Party's claims or defenses, and seeks documents that are not proportional to the needs of the case.  Specifically, Apple objects to this Request on the basis that there is no claim in the case based on Mr. Lamego's alleged involvement in any Apple program or project; rather this Request appears to be directed to Plaintiffs' separate lawsuit against Apple and is in fact the subject of a discovery dispute pending before the Court in that matter. *See* Dkt. 369, Joint Stipulation regarding Plaintiffs' Second Motion to Compel, at 90–102, *Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D. Cal. Apr. 28, 2021) (seeking to compel and opposing a response to Requests for Production 239 and 241).  Apple further objects to this Request to the extent that it calls for information that is protected from disclosure pursuant to the attorney-client privilege or the attorney work product doctrine or other applicable privileges or immunities.  Apple also objects to this Request on the ground that it is vague and ambiguous, including based on its use of the undefined term "hiring."

Apple does not presently intend to produce documents in response to this Request.  Apple reserves the right, however, to amend its response to this Request if it becomes necessary to do so following the resolution of its forthcoming Motion to Quash and for a Protective Order in the United States District Court for the Central District of California.

**DOCUMENT REQUEST NO. 3:**

All documents related to the termination of Marcelo Lamego's employment relationship with Apple.

Gibson, Dunn &
Crutcher LLP

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION      CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 37

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple also objects to this Request on the grounds and to the extent that it is overly broad, unduly burdensome, seeks documents that are not relevant to any Party's claims or defenses, and seeks documents that are not proportional to the needs of the case.  Specifically, Apple objects to this Request on the basis that there is no claim in the case based on Mr. Lamego's alleged involvement in any Apple program or project; rather this Request appears to be directed to Plaintiffs' separate lawsuit against Apple and is in fact the subject of a discovery dispute pending before the Court in that matter. *See* Dkt. 369, Joint Stipulation regarding Plaintiffs' Second Motion to Compel, at 90–102, *Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D. Cal. Apr. 28, 2021) (seeking to compel and opposing a response to Requests for Production 240 and 241).  Apple further objects to this Request to the extent that it calls for information that is protected from disclosure pursuant to the attorney-client privilege or the attorney work product doctrine or other applicable privileges or immunities.  Apple also objects to this Request on the ground that it is vague and ambiguous, including based on its use of the undefined terms "termination" and "employment relationship."

Apple does not presently intend to produce documents in response to this Request.  Apple reserves the right, however, to amend its response to this Request if it becomes necessary to do so following the resolution of its forthcoming Motion to Quash and for a Protective Order in the United States District Court for the Central District of California.

**DOCUMENT REQUEST NO. 4:**

All communications with Marcelo Lamego regarding his employment at Apple, including his recruitment and termination.

Non-Party Apple Inc.'s Responses and Objections to Plaintiffs'
Subpoena to Testify at a Deposition in a Civil Action        Case No. 8:18-CV-02001-JVS-JDE

Gibson, Dunn & Crutcher LLP

Exhibit C
Page 38

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple also objects to this Request on the grounds and to the extent that it is overly broad, unduly burdensome, seeks documents that are not relevant to any Party's claims or defenses, and seeks documents that are not proportional to the needs of the case.  Specifically, Apple objects to this Request on the basis that there is no claim in the case based on Mr. Lamego's alleged involvement in any Apple program or project; rather this Request appears to be directed to Plaintiffs' separate lawsuit against Apple and is in fact the subject of a discovery dispute pending before the Court in that matter. *See* Dkt. 369, Joint Stipulation regarding Plaintiffs' Second Motion to Compel, at 90–102, *Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D. Cal. Apr. 28, 2021) (seeking to compel and opposing responses to Requests for Production 236–237, 239–241, 246, and 248).  Apple further objects to this Request to the extent that it calls for information that is protected from disclosure pursuant to the attorney-client privilege or the attorney work product doctrine or other applicable privileges or immunities.  Apple also objects to this Request on the ground that it is vague and ambiguous, including based on its use of the undefined terms "recruitment" and "termination."

Apple does not presently intend to produce documents in response to this Request.  Apple reserves the right, however, to amend its response to this Request if it becomes necessary to do so following the resolution of its forthcoming Motion to Quash and for a Protective Order in the United States District Court for the Central District of California.

**DOCUMENT REQUEST NO. 5:**

All documents reflecting Marcelo Lamego's job duties and title, who he reported to, group he was assigned to, compensation, severance, and communications regarding patent applications.

Gibson, Dunn & Crutcher LLP

14

Exhibit C
Page 39

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple also objects to this Request on the grounds and to the extent that it is overly broad, unduly burdensome, seeks documents that are not relevant to any Party's claims or defenses, and seeks documents that are not proportional to the needs of the case.  Specifically, Apple objects to this Request on the basis that there is no claim in the case based on Mr. Lamego's alleged involvement in any Apple program or project; rather this Request appears to be directed to Plaintiffs' separate lawsuit against Apple and is in fact the subject of a discovery dispute pending before the Court in that matter. *See* Dkt. 369, Joint Stipulation regarding Plaintiffs' Second Motion to Compel, at 90–102, *Masimo Corp., et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS-JDE (C.D. Cal. Apr. 28, 2021) (seeking to compel and opposing responses to Requests for Production 236–237, 239–241, 246, and 248).  Apple further objects to this Request to the extent that it calls for information that is protected from disclosure pursuant to the attorney-client privilege or the attorney work product doctrine or other applicable privileges or immunities.  Apple also objects to this Request on the ground that it is vague and ambiguous, including based on its use of the undefined terms "job duties," "group," and "compensation."

Apple does not presently intend to produce documents in response to this Request.  Apple reserves the right, however, to amend its response to this Request if it becomes necessary to do so following the resolution of its forthcoming Motion to Quash and for a Protective Order in the United States District Court for the Central District of California.

Gibson, Dunn & Crutcher LLP

15

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION          CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 40

1

2    Dated:  May 20, 2021                     Respectfully submitted,
3                                             JOSHUA H. LERNER
                                              H. MARK LYON
                                              ILISSA SAMPLIN
4                                             GIBSON, DUNN & CRUTCHER LLP

5

6                                             By:  */s/ Joshua H. Lerner*
7                                                   Joshua H. Lerner

8                                             *Attorneys for Non-Party Apple Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION     CASE NO. 8:18-CV-02001-JVS-JDE

Exhibit C
Page 41

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in San Francisco, California. I am over the age of 18 and not a party to the within action.

On May 20, 2021, I served a true and correct copy of the foregoing **NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP
Joseph R. Re
joseph.re@knobbe.com
Stephen C. Jensen
steve.jensen@knobbe.com
Irfan A. Lateef
Irfan.lateef@knobbe.com
Perry D. Oldham
perry.oldham@knobbe.com
Brian C. Claassen
Brian.classen@knobbe.com
Mark Kachner
mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am a member of the bar of this Court, and that the forgoing is true and correct.

Executed on May 20, 2021, at Walnut Creek, California.

By: */s/ Susanna Schuemann*
      Susanna Schuemann

17

NON-PARTY APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION          CASE No. 8:18-CV-02001-JVS-JDE

Gibson, Dunn &
Crutcher LLP

Exhibit C
Page 42

# Exhibit D

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

May 21, 2021

<u>VIA E-MAIL</u>

Alan G. Laquer
Knobbe Martens
2040 Main Street
Irvine, CA  92614

Cheryl T. Burgess
Knobbe Martens
2040 Main Street
Irvine, CA  92614

Re:     *Masimo et al. v. Apple Inc.*, C.A. 8:20-cv-00048-JVS-JDE (C.D. Cal.)

Dear Alan and Cheryl:

I am writing in response to your emails sent the evening of May 19, 2021, regarding
deposition scheduling, and to address the current case schedule dispute between the parties.

Plaintiffs' proposal of an interim stay while motions about the case schedule are briefed does
not work because, as we noted previously, the parties have no power to effect their own stay
of the case—particularly one that would cause them to fall out of compliance with the
Court's Scheduling Order.  Indeed, in response to the stay proposal, Judge Early yesterday
commented that he has no power to change the schedule either.  Accordingly, we recommend
that the parties agree to interim dates for the exchange of ESI discovery parameters,
scheduling of depositions, substantial completion of document discovery, and depositions—
so that we continue to move forward with progressing the case in view of the current
Scheduling Order by which all parties are presently bound.  To the extent Plaintiffs intend to
continue to object to my May 12 declaration after Judge Early's comments yesterday, we
also need to immediately discuss that dispute so that we can resolve the question of remote
depositions.  We are available today or over the weekend to discuss a mutually agreeable
schedule and any remaining remote deposition issues.  **Please provide Plaintiffs'
availability as soon as possible.**

With respect to your emails about depositions, Plaintiffs certainly are free to move forward
with depositions of Apple witnesses as soon as they would like to do so.  But, as Judge Early
made clear at yesterday's hearing, Plaintiffs will do so at the risk of not getting a second

Exhibit D
Page 44

# GIBSON DUNN

Alan G. Laquer
Cheryl T. Burgess
May 21, 2021
Page 2

deposition if documents pertaining to those deponents are produced later.  Apple does not intend to make its witnesses available for deposition more than once.  You have indicated that Plaintiffs will take the same position with respect to their deponents (who you are offering for deposition *before* production of their documents).  That is why we believe it is most efficient for both sides to come up with a schedule for the case that sets dates for the exchange of ESI discovery parameters, substantial completion of document production, and Plaintiffs' 30(b)(6) notice, in advance of a deadline for fact depositions.

## Mr. Laquer's Email Regarding Plaintiffs' Requested Depositions

Mr. Laquer's email mischaracterizes the parties' prior correspondence, and ignores the fact that Apple has already made its position on scheduling abundantly clear.  Contrary to Mr. Laquer's suggestion that Plaintiffs previously accepted the deposition dates for Apple's custodians that Apple provided on April 29 (nearly 3 weeks ago), Plaintiffs have only stated that Apple should "reserve all of the dates" pending the outcome of the parties' dispute based on Plaintiffs' unwillingness to take Apple's depositions remotely.[1]  As Apple informed Plaintiffs, however, Apple's witnesses are unable to indefinitely keep dates open on their calendar, and thus Apple requested multiple times that Plaintiffs confirm the dates. ***Plaintiffs did not do so until Mr. Laquer's email earlier this week***.

Furthermore, Mr. Laquer's email makes clear that Plaintiffs have no intention of serving Apple with their 30(b)(6) notice prior to these depositions, despite Apple's repeated requests for Plaintiffs' notice before Apple puts its witnesses up for deposition and despite the fact that Apple already served its 30(b)(6) notice to afford Plaintiffs that courtesy.  As we have explained multiple times, many of Apple's witnesses are likely to be corporate designees in this case and Apple is not willing to make its deponents available more than once.  Apple therefore has reasonably requested Plaintiffs' 30(b)(6) topics, so that it can prepare the appropriate corporate designees who have also been designated in their individual capacities.  Plaintiffs have refused.  If Plaintiffs insist on taking the noticed depositions prior to providing their 30(b)(6) topics, Apple will reserve the right to designate their deponents' deposition testimony as Apple's 30(b)(6) testimony after Plaintiffs serve their 30(b)(6)

---

[1]  Plaintiffs have taken the position that "Apple's application was denied" for each of the 11 deponents that are the subject of my May 12 declaration.  Judge Early did not endorse Plaintiffs' position at yesterday's conference.  Plaintiffs' position following the conference is not yet clear to Apple.  And if Plaintiffs continue to insist that "Apple's application was denied" despite the discussion at yesterday's hearing, it is further unclear to Apple whether Plaintiffs are expecting that Apple will continue to keep all dates open while the dispute about my declaration is resolved.

**GIBSON DUNN**

Alan G. Laquer
Cheryl T. Burgess
May 21, 2021
Page 3

topics.  In view of Plaintiffs' unwillingness to agree that they will not seek second
depositions from Apple's witnesses, even if the witnesses' documents are produced after
their deposition, Apple cannot agree to make its witnesses available for deposition at this
time.

**<u>Ms. Burgess' Email Regarding Apple's Requested Depositions</u>**

Ms. Burgess' email similarly mischaracterizes the parties' correspondence and seeks to place
conditions on Apple's ability to depose Plaintiffs' deponents.  Ms. Burgess' email offers—
*for the first time*—dates for Plaintiffs' deponents, starting as early as next week.  We have
been asking for dates for weeks.  It is unreasonable of Plaintiffs to provide one-weeks' notice
for these deponents.  Ms. Burgess' email also makes clear that Plaintiffs will not be
providing documents for their deponents prior to the dates Plaintiffs are offering for
deposition, and that if Apple wants to take the depositions on the proposed dates, it must
agree not to seek second depositions of those witnesses.  In other words, Apple must forego
its right to take depositions of Plaintiffs' witnesses with the benefit of Plaintiffs' documents.
These conditions are unreasonable; Apple will not accept Plaintiffs' attempt to impose such
conditions.

We are also compelled to address Ms. Burgess' attempt to equate Plaintiffs' conditions on
Apple taking Plaintiffs' depositions to the vastly different situation that was presented with
respect to Plaintiffs' attempt to depose Wolf Oetting seven (7) months ago.  On November
18, 2020, Plaintiffs noticed Mr. Oetting—and only Mr. Oetting—for deposition.  In response,
Apple stated that taking Mr. Oetting's deposition on the date noticed would be premature
given the stage of the case.  Indeed, Apple had not yet produced Mr. Oetting's documents or
ESI, and Plaintiffs had not yet provided their 30(b)(6) notice.  Apple also noted that Mr.
Oetting was not available on the date Plaintiffs noticed due to Apple's annual company-wide
shut down the final two weeks of December.  Nonetheless, Apple offered to make Mr.
Oetting available for deposition on January 20, 21, or 22, but made clear that it would object
to any efforts to take Mr. Oetting's deposition a second time in view of the fact that the
parties had not yet completed their document productions.  In other words, Plaintiffs could
choose to take Mr. Oetting's deposition knowing that his documents had not been
produced—which was their prerogative—but they could not secure a second bite of the apple
later having made that choice to proceed early.  Plaintiffs then asked if Mr. Oetting could
instead be available in February, and Apple offered February 22.  Plaintiffs next demanded
that Apple produce all of Mr. Oetting's documents prior to his deposition.  Apple agreed to
do so on February 8, and did in fact produce all of Mr. Oetting's documents, with the
exception of ESI, prior to February 22.  With respect to ESI, Apple offered on February 24 to
prioritize searching and producing Mr. Oetting's ESI if Plaintiffs provided search terms that

**GIBSON DUNN**

Alan G. Laquer
Cheryl T. Burgess
May 21, 2021
Page 4

they wished to apply to the ESI.  Plaintiffs responded a week later that they were "adjusting [Plaintiffs'] search terms," but Apple did not hear again from Plaintiffs until March 12, when Plaintiffs provided search terms for nearly 50 custodians.

In short, the record is clear that Apple was more than willing to produce Mr. Oetting's documents—including ESI—prior to his deposition in order to avoid a later request by Plaintiffs to take his deposition a second time.  Apple expects that Plaintiffs will do the same for the individuals Apple seeks to depose.

**The Parties Need to Set a Schedule That Will Allow Discovery to Move Forward Now**

Apple is eager to move discovery forward now and, as we have made clear, we are willing to work with Plaintiffs to come up with a sensible schedule with that goal in mind.  In particular, as I note above, we are available today or over the weekend to discuss an interim schedule while briefing on the Scheduling Order is pending, so that the parties can continue to work towards progressing this case under the current Schedule Order by which they are bound.

With respect to the parties' dispute about an extension of the Scheduling Order, Apple provided Plaintiffs with the following proposed amended schedule that would allow both parties to take depositions with full knowledge of each other's 30(b)(6) topics as well as documents (including ESI) for all deponents:

**GIBSON DUNN**

Alan G. Laquer
Cheryl T. Burgess
May 21, 2021
Page 5

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Plaintiffs serve 30(b)(6) notice** | N/A | May 19, 2021 |
| **Final ESI search terms** | N/A | June 4, 2021 |
| **Deposition schedule set** | N/A | June 11, 2021 |
| **Substantial completion of document production** | N/A | June 25, 2021 |
| **Discovery cut-off** | July 5, 2021 | July 5, 2021 (except depositions) (includes cut-off for motions to compel) |
| | | August 13, 2021 (depositions only) |
| **Opening expert reports** | Sept. 6, 2021 | October 27, 2021 |
| **Rebuttal expert reports** | Oct. 18, 2021 | December 8, 2021 |
| **Expert discovery cut-off** | Dec. 6, 2021 | December 22, 2021 |
| **Law and Motion– motions filed no later than** | Jan. 10, 2022 | January 24, 2022 |
| **Law and Motion cut-off** | Feb. 7, 2022 at 1:30 pm | February 14, 2022 at 1:30 pm |
| **MILs** | Feb. 14, 2022 | |
| **Pretrial documents** | Mar. 7, 2022 | |
| **Final pretrial conference** | March 21, 2022 | |
| **Trial** | Apr. 5, 2022 | |

Plaintiffs have not provided any proposal that would allow the parties to move forward with scheduling and taking depositions any time in the near future.  To the contrary, in response to Apple's proposal, Plaintiffs proposed that the parties agree to extend the discovery cut-off deadline 90 days after the final IPR decisions.[2]  In other words, Plaintiffs' proposal seeks to extend discovery until at least the summer of 2022 and, with any appeals from the IPRs, potentially well into 2023.  Such a proposal is clearly not intended to allow for discovery to proceed expeditiously now, and would result in a trial date in 2023 or 2024 at the earliest. We urge Plaintiffs to reconsider Apple's proposal.

---

[2]  Plaintiffs have also rebuffed Apple's proposal to include firm deadlines for Plaintiffs to serve their 30(b)(6) notice, negotiate ESI search terms, set a deposition schedule, and substantially complete document production.

**GIBSON DUNN**

Alan G. Laquer
Cheryl T. Burgess
May 21, 2021
Page 6

We look forward to hearing from you as soon as possible about Plaintiffs' availability to meet and confer today or over the weekend.

Sincerely,

Ilissa Samplin