Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF PERRY D. OLDHAM IN SUPPORT OF PLAINTIFFS' MOTION TO DENY ACCESS TO CONFIDENTIAL INFORMATION TO DR. MARCO PEREZ**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:    Thurs., June 24, 2021<br>Time:    10:00 a.m.<br>Ctrm:    6A<br><br>Discovery Cut-Off:    7/5/2021<br>Pre-Trial Conference:    3/21/2022<br>Trial:    4/5/2022 |

I, Perry D. Oldham, hereby declare as follows:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in Support of Plaintiffs' Motion to Deny Access to Confidential Information to Dr. Marco Perez (the "Motion").

2.      Pursuant to Local Rule 37-1, I met and conferred with counsel of record for Apple regarding Plaintiffs' objections to Marco Perez, one of Apple's proposed experts, receiving access to Plaintiffs' confidential information.  The conference took place on May 14, 2021.  The parties discussed Plaintiffs' proposal that Dr. Perez agree to restrictions on his future work.  The parties were unable to resolve the disputes that are the subject of Plaintiffs' Motion.  The Joint Stipulation accompanying this declaration was prepared following the parties' conference of counsel.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of an email chain between Angelique Kaounis, counsel of record for Apple, and myself, counsel of record for Plaintiffs, dated April 20 through May 14.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of an email chain between Angelique Kaounis, counsel of record for Apple, and myself, counsel of record for Plaintiffs, dated May 17, 2021 through May 20, 2021.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of a draft agreement regarding Dr. Perez that I sent to Angelique Kaounis on May 17, 2021.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of a draft agreement regarding Dr. Perez that Angelique Kaounis sent to me on May 18, 2021 and again May 20, 2021.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of a draft agreement regarding Dr. Perez that I sent to Angelique Kaounis on May 19, 2021.

-1-

8.      Attached hereto as **Exhibit 6** is a true and correct copy of a draft agreement regarding Dr. Perez that I sent to Angelique Kaounis on May 20, 2021.

9.      Attached hereto as **Exhibit 7** is a true and correct copy of an email chain between Angelique Kaounis, counsel of record for Apple, and myself, counsel of record for Plaintiffs, dated May 17, 2021 through May 21, 2021.

10.      Attached hereto as **Exhibit 8** is a true and correct copy of a draft agreement regarding Dr. Perez that I sent to Angelique Kaounis on May 20, 2021.

11.      Attached hereto as **Exhibit 9** is a true and correct copy of a draft agreement regarding Dr. Perez that Angelique Kaounis sent to me on May 21, 2021.

12.      Attached hereto as **Exhibit 10** is a true and correct copy of an email chain between Brian Andrea, counsel of record for Apple, and Adam Powell, counsel of record for Plaintiffs, dated August 18, 2020 through September 1, 2020.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 3, 2021, at Irvine, California.

*/s/ Perry D. Oldham*
Perry D. Oldham

35016737

| From: | Perry.Oldham |
|---|---|
| To: | Kaounis, Angelique |
| Cc: | Masimo.Apple; *** Apple-Masimo |
| Subject: | RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez |
| Date: | Friday, May 14, 2021 2:23:04 PM |

Dear Angelique,

Thank you for confirming that Dr. Perez has not received any information designated as confidential.

Plaintiffs likewise reserve all rights.

I look forward to speaking with you at 2:45.

Best regards,

Perry

**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, May 14, 2021 2:17 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

Dear Perry,
Apple has not provided Dr. Perez any information designated confidential or highly confidential by Plaintiffs.
We will speak with you at 2:45 pm.
Apple reserves all rights.
Thanks,
Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

Exhibit 1
- 3 -

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Friday, May 14, 2021 1:49 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

[External Email]
Dear Angelique,

We disagree with your position regarding waiver.

Please confirm that Apple has not provided Plaintiffs' confidential information to Dr. Perez.

Please use the following number for the call:

(877) 678-4585
715-953-090

Best regards,

Perry

**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, May 14, 2021 1:18 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

Dear Perry,
We disagree that the seven-day window for serving a joint stipulation has not been triggered for the reasons set forth in my prior email. Plaintiffs had obligations to timely request a telephonic meet and confer and serve a joint stipulation. They did neither.

In any case, Dr. Perez already affirmed that that he did not "anticipate at the time of retention [] becom[ing] an officer, director or employee of a Party or of a competitor of a Party." And as

Exhibit 1
- 4 -

stated below, he may not become an officer, director or employee of any entity outside of Stanford, per Stanford policy.   Plaintiffs' speculative concern that he might not work at Stanford at some undetermined point in the future is not a valid basis for objection under the PO.

If you have a proposal to move forward, please be ready to discuss it this afternoon at 2:45 pm Pacific.  Please circulate a dial-in.

To be clear, Apple's position regarding waiver remains the same.  Should Plaintiffs seek to move forward with a joint stipulation, they should be prepared to request leave of Court to file an untimely stipulation.

Thanks very much,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Friday, May 14, 2021 11:49 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

[External Email]
Dear Angelique,

The section you quoted below requires a meet and confer.  That has not happened, and the seven day window for serving a joint stipulation has not been triggered.

We are available for a meet and confer today if you have availability.  If you do not have availability today, please let us know when you would be available.

Dr. Perez appears to currently be involved in algorithm development for noninvasive physiological monitoring. Until Plaintiffs can be assured that Dr. Perez will not be working in the field as a competitor, Plaintiffs maintain the objection.

Exhibit 1
- 5 -

Although Dr. Perez is currently subject to the rules in place for Stanford, those rules would not apply if Dr. Perez changes employment.

Finally, the parties have worked together in the past to negotiate terms that would allow experts to have access to confidential information with appropriate restrictions in place.  We expect that we would be successful in negotiating terms here that would allow Dr. Perez to practice as a physician and treat his patients.

Please let us know your availability for a meet and confer.

Best regards,

Perry


**Perry Oldham**

Partner

949-721-2961

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, May 14, 2021 11:27 AM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

Dear Perry,
Thanks for your email. Under Section 9.2 of the Protective Order, Plaintiffs, as the objecting party, had the obligation to file a Joint Stipulation and prove the need for a protective order (see below):

> If the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days of the meet and confer. The objecting Party shall have the burden of proving the need for a protective order.

Contrary to your below assertion, it was not Apple's responsibility to seek a conference of counsel.  Instead, under Local Rule 37-1, "[i]t is the responsibility of counsel for the moving party to arrange" for the "Prefiling Conference of Counsel" before filing any motion relating to

Exhibit 1
- 6 -

discovery under F. Rs. Civ. P. 26-37.  It's our view that Plaintiffs have waived any objection to Dr. Perez by failing to comply with the PO and the local rules.

In any event, Apple provided a substantive response to Plaintiffs' objection over a week ago and Plaintiffs did not timely respond.  Instead, your below email merely states that Plaintiffs maintain their objection.  Thus, in addition to the waiver issue, as a substantive matter, Plaintiffs have not provided any information that would inform a conference of counsel.  If you wish to provide any further information to attempt to justify Plaintiffs' position, please do so.

Apple reserves all rights.
Thanks very much,
Angelique


**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Friday, May 14, 2021 10:41 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

[External Email]
Dear Angelique,

You never asked for a conference of counsel or provided a time that you were available.

Plaintiffs maintain their objections to Dr. Perez and he should not be provided with any confidential information.

Please let us know when you are available for a meet and confer.  I am available today if there is a time that works for you.

Best regards

Perry

Exhibit 1
- 7 -

**Perry Oldham**

Partner

949-721-2961

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, May 14, 2021 9:36 AM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

Dear Perry,

We did not hear back from you in response to my below May 6 email about Dr. Perez.  As you know, the Protective Order says "if an objection is received within th[e] fourteen (14) day [objection] period," under PO Section 9.2, "the Parties agree to meet and confer within seven (7) days following the objection and to use good faith to resolve any such objection."  Based on your below May 4 email, that seven day period ended Tuesday, May 11.

The PO also provides "[i]f the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days of the meet and confer."  That seven day period lapsed yesterday, Thursday, May 13—seven days from my May 6 email.

In light of the above and the information provided in my May 6 email, we assume Plaintiffs' objection to Dr. Perez has been resolved and we will proceed accordingly.

Thanks,

Angelique

**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

Exhibit 1
- 8 -

**From:** Kaounis, Angelique
**Sent:** Thursday, May 6, 2021 6:18 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

Dear Perry,

Thanks for your email.

In response to your request for more information about Dr. Perez's role in the NIH-sponsored study relating to "Machine Learning in Atrial Fibrillation," Dr. Perez is developing Artificial Intelligence/Machine Learning algorithms that utilize ECG measurements, as well as genetic and other clinical data such as patient history, intracardiac electrogram measurements, echocardiogram, cardiac MRI, and laboratory testing, to help predict outcomes after a catheter-based ablation for atrial fibrillation.  In light of this, please let us know if you intend to maintain your objection to Dr. Perez.

Second, with regard to your question about consulting for Apple, Dr. Perez did help design the protocols for the Apple Heart Study, which was completed over two years ago.

Third, Dr. Perez already has agreed to the Protective Order, which as you know, required him to affirm that he did not "anticipate at the time of retention [] becom[ing] an officer, director or employee of a Party or of a competitor of a Party."  Further, per Stanford policy, he is not allowed to become an officer, director or employee of any entity outside of Stanford.  Finally, because he is a practicing physician whose work necessarily involves utilizing physiological measurements obtained using commercially available devices to treat his patients, he cannot agree to the further limitation you request—i.e., to not in the future provide Apple or others with non-litigation consulting services relating to physiological monitoring.

Thanks,

Angelique

**Angelique Kaounis**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

Exhibit 1
- 9 -

2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Tuesday, May 4, 2021 1:45 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

[External Email]

Dear Angelique,

Plaintiffs object to the disclosure of confidential information to Dr. Marco Perez because it appears that he is currently involved in the development of algorithms for processing physiological parameters.  Can you please provide more information about his role in the research relating to "Machine Learning in Atrial Fibrillation."

In addition, it appears that Dr. Perez has consulted for Apple in the past regarding clinical studies, including developing protocols for such studies.

Accordingly, Plaintiffs would expect Dr. Perez to agree that after seeing Plaintiffs' confidential information,  he will not in the future provide Apple or others with non-litigation consulting services relating to physiological monitoring.

Best regards,

Perry

**Perry Oldham**

Partner

Exhibit 1
- 10 -

949-721-2961

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, April 20, 2021 8:52 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Marco Perez

Counsel,

Under Section 9.2 of the Protective Order, Apple discloses Dr. Marco Perez as an expert in the above-captioned action to whom it intends to disclose Confidential and Highly Confidential information or items.  The following information, which provides the information required by paragraphs 9.2(i) to (v) of the Protective Order, is attached:

- Dr. Perez's signed copy of Exhibit A to the Protective Order;

- Dr. Perez's current CV;

- a listing of Dr. Perez's past and current expert witness work, and additional consulting work.

Dr. Perez is a named inventor on US Patent No. 10,172,916.

Finally, I confirm that Dr. Perez is not presently an officer, director, or employee of a party to this litigation or of a competitor of a party to this litigation, nor is he anticipated to become an officer, director, or employee of a Party or a competitor of a party to this litigation.  He is also not involved in competitive decision making on behalf of a party to this litigation or a competitor of a party to this litigation.

Thanks,
Angelique
**Angelique Kaounis**

**GIBSON DUNN**

Exhibit 1
- 11 -

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the

Exhibit 1
- 12 -

intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Exhibit 1

- 13 -

| | |
|---|---|
| **From:** | Kaounis, Angelique |
| **To:** | Perry.Oldham; Masimo.Apple |
| **Cc:** | *** Apple-Masimo |
| **Subject:** | RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez |
| **Date:** | Thursday, May 20, 2021 5:36:12 PM |
| **Attachments:** | 2021.05.18 (qd redline) Draft Perez Agreement.DOCX |

Perry,

Thanks for your email.  As you know, the portion of the Protective Order's Section 9.2(c) that you cite below—referring to "consultants in this action"—is an alternate way of stating "non-testifying experts."  That provision allows a Receiving Party to disclose Designated Material to any expert, so long as that expert is "not presently an officer, director, or *employee* of a Party or of a competitor of a Party," nor anticipated to become one.  Plaintiffs are now suggesting that this provision action includes the highlighted language:  "is not presently an officer, director, or employee [or consultant] of a Party or of a competitor of a Party," nor anticipated to become a *consultant* in the context of this provision.  It does not.

Further, if Plaintiffs wanted the aforementioned section of the Protective Order to include a prohibition on acting as a consultant, they could have argued for that language to be included in that provision when they presented their proposed PO to the Court.  They did not.

Given the Order's many prior references to litigation consultants elsewhere, it is significant that the PO mentions only employees and not consultants in the context of the prohibition you cite below in your May 19 email.  Apple's position remains the same.  Plaintiffs' additional requested limitations are not supported by the Protective Order.

We have offered a reasonable compromise in the attached Agreement.  Please confirm this is acceptable or provide us with Plaintiffs' portion of the Joint Stipulation.  As you know, it is Apple's position that the Joint Stipulation is untimely so we should agree to an expedited briefing schedule, without waiver of that position, as soon as practicable. Please let us know when we should expect to receive Plaintiffs' portion of the Joint Stipulation and we can discuss a briefing schedule based on that.

Apple reserves all rights.

Thanks,
Angelique

**Angelique Kaounis**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

Exhibit 2
- 14 -

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Thursday, May 20, 2021 8:23 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

[External Email]
Dear Angelique,

We have not yet received a response to the language we proposed on Wednesday. We have refined the attached agreement to clarify the intent.

We remain open to consider suggestions from Apple. We would prefer to avoid burdening the Court with another dispute.

Please let us know your availability to discuss these revisions and why Apple's retention of Dr. Perez in non-litigation matters is not akin to him being an employee for purposes of the protective order.

Best regards,

Perry


**Perry Oldham**

Partner

949-721-2961

## Knobbe Martens


---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Wednesday, May 19, 2021 1:44 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

Dear Angelique,

Exhibit 2
- 15 -

Please see the attached revised agreement.  We disagree that the terms you removed are "unnecessary," so we have added them back into the agreement.  We tried to use your proposed language where possible.

The protective order refers to "consultants in this action" in the context of experts.

The consulting Dr. Perez provided in the past to Apple was not pursuant to this action. Further, it was not in the context of litigation services.

You have not identified where the protective order "distinguishes between consulting and employment roles," and we are unable to find the distinction you are relying upon. Please identify where the protective order makes this distinction, so that we may consider your arguments.

For reference, paragraph 9(c) relates to consultants serving as litigation experts, not consultants providing non-litigation work, more like a traditional employee:

> (c) **Experts** (as defined in this Order) of the Receiving Party **to whom disclosure is reasonably necessary for this Action**, including the expert's support staff, provided that: (1) **such consultants or experts** are not presently an officer, director, or **employee** of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or **employee** of a Party or of a competitor of a Party...

Best regards,

Perry

**Perry Oldham**

Partner

949-721-2961

**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, May 18, 2021 6:29 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>

Exhibit 2
- 16 -

**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

Perry,
Thanks for the draft proposal.  Plaintiffs' proposal is not workable for Dr. Perez.  As we explained on last week's call, Plaintiffs' further limitations on Dr. Perez's ability to practice medicine and engage in clinical research are not required by the Protective Order.  Among other things, as we pointed out, the PO distinguishes between consulting and employment roles, a distinction that Plaintiffs now wish to ignore.
We reiterate our proposal to not show Dr. Perez Plaintiffs' algorithms and have revised the attached proposed agreement accordingly. We also have stricken some unnecessary language. Please let us know if this proposal is acceptable or if Plaintiffs intend to maintain their objection. If the latter, please send us Plaintiffs' portion of the joint stipulation tomorrow. Apple reserves all rights.
Thanks,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Monday, May 17, 2021 10:21 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

[External Email]
Dear Angelique,

Attached is a draft agreement for Dr. Perez that incorporates some of the ideas we discussed last week.  Please let me know when you are ready to discuss further.

Best regards,

Perry

Exhibit 2
- 17 -

**Perry Oldham**

Partner

949-721-2961

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 2
- 18 -

## **AGREEMENT**

WHEREAS, I, Marco Perez, desire to be retained as an expert and consultant for Apple, Inc. ("Apple") in litigation against Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) in the United States District Court for the Central District of California (the "Litigation");

WHEREAS, I executed Exhibit A to the Protective Order entered in the Litigation (Dkt. 67) and Plaintiffs objected to me having access to and reviewing Plaintiffs' confidential material designated pursuant to the Protective Order;

NOW, THEREFORE, IN CONSIDERATION OF PLAINTIFFS WITHDRAWING THEIR OBJECTIONS, I HEREBY AGREE AS FOLLOWS:

1.  For the duration of the Litigation, including all appeals from orders and final judgments in this action, plus two years, I agree that:

    a.  I will not develop, design, or contribute to the development or design of clinical protocols for any commercial enterprise.  This agreement will not prevent me from collecting data pursuant to clinical protocols, but I agree that I will not analyze such data or provide any suggestions or feedback relating to the development, design or modification of clinical protocols for any commercial enterprise.

    b.  The only confidential information from Plaintiffs that I will review will relate to clinical protocols.  I will not review any confidential documents that describe algorithms or technology designed for physiological parameters.

2.  I agree that a violation of this Agreement will cause irreparable harm to Plaintiffs' competitive position, reputation, customer relationships, and other aspects of their business for which an award of money damages would be inadequate.  I therefore agree that

Exhibit 3
- 19 -

Plaintiffs shall be entitled to an injunction or other court order as appropriate to prevent me from violating this Agreement or to ameliorate the effects of a violation, in addition to any claims for money damages or other relief.

3. This Agreement shall be governed by the laws of the state of California.  If any provision of this Agreement is invalid or not permitted, all other provisions shall remain in effect.

4. For purposes of enforcing this Agreement, I hereby consent to jurisdiction and venue in the state and federal courts in the Central District of California, as well as any other jurisdiction allowed by law.

5. This Agreement is binding on my successors and assigns, and will benefit the successors and assigns of Plaintiffs.

Dated:_____   By:_____
                                        Marco Perez

34977462

Exhibit 3

- 20 -

**AGREEMENT**

WHEREAS, I, Marco Perez, desire to be retained as an expert and/or consultant for Apple, Inc. ("Apple") in litigation against Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) in the United States District Court for the Central District of California (the "Litigation");

WHEREAS, I executed Exhibit A to the Protective Order entered in the Litigation (Dkt. 67) and Plaintiffs objected to me having access to and reviewing Plaintiffs' ~~confidential material~~information designated "Confidential" or "Highly Confidential" pursuant to the Protective Order;

NOW, THEREFORE, IN CONSIDERATION OF PLAINTIFFS WITHDRAWING THEIR OBJECTIONS, I HEREBY AGREE AS FOLLOWS:

1. ~~For the duration of the Litigation, including all appeals from orders and final judgments in this action, plus two years, I agree that:~~

   a. ~~I will not develop, design, or contribute to the development or design of clinical protocols for any commercial enterprise. This agreement will not prevent me from collecting data pursuant to clinical protocols, but I agree that I will not analyze such data or provide any suggestions or feedback relating to the development, design or modification of clinical protocols for any commercial enterprise.~~

   b. ~~The only confidential information from Plaintiffs that I will review will relate to clinical protocols. I will not review any confidential documents that describe algorithms or technology designed for physiological parameters.~~

~~2.~~1. ~~I~~ agree that a violation of this Agreement will cause irreparable harm to Plaintiffs' competitive position, reputation, customer relationships, and other aspects of their business

Exhibit 4
- 21 -

for which an award of money damages would be inadequate.  I therefore agree that Plaintiffs shall be entitled to an injunction or other court order as appropriate to prevent me from violating this Agreement or to ameliorate the effects of a violation, in addition to any claims for money damages or other relief. I will not review algorithms for calculating heart rate or oxygen saturation using light emitting technology designated by Plaintiffs as "Confidential" or "Highly Confidential".

3.2. This Agreement shall be governed by the laws of the state of California.  If any provision of this Agreement is invalid or not permitted, all other provisions shall remain in effect.

4.   For purposes of enforcing this Agreement, I hereby consent to jurisdiction and venue in the state and federal courts in the Central District of California, as well as any other jurisdiction allowed by law.

5.   This Agreement is binding on my successors and assigns, and will benefit the successors and assigns of Plaintiffs.

Dated:_____   By:_____

                                       Marco Perez

34977462

Exhibit 4
- 22 -

## **AGREEMENT**

WHEREAS, I, Marco Perez, desire to be retained as an expert and/or consultant for Apple, Inc. ("Apple") in litigation against Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) in the United States District Court for the Central District of California (the "Litigation");

WHEREAS, I executed Exhibit A to the Protective Order entered in the Litigation (Dkt. 67) and Plaintiffs objected to me having access to and reviewing Plaintiffs' information confidential material designated "Confidential" or "Highly Confidential" pursuant to the Protective Order;

NOW, THEREFORE, IN CONSIDERATION OF PLAINTIFFS WITHDRAWING THEIR OBJECTIONS, I HEREBY AGREE AS FOLLOWS:

1. For the duration of the Litigation, including all appeals from orders and final judgments in this action, plus two years, I agree that:

   a. If I receive confidential material designated pursuant to the Protective Order that relates to the development or design of clinical protocols, I agree that I will not develop, design, or contribute to the development or design of clinical protocols for any commercial enterprise.  This agreement will not prevent me from collecting data pursuant to clinical protocols, but I agree that I will not analyze such data or provide any suggestions or feedback relating to the development, design or modification of clinical protocols for any commercial enterprise.

   b. I will not review algorithms for physiological monitoring designated by Plaintiffs as "Confidential" or "Highly Confidential".  If I receive material designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order that

Exhibit 5

- 23 -

relates to algorithms for physiological monitoring, I agree that I will not develop, design, or contribute to the development or design of algorithms for physiological monitoring. ~~The only confidential information from Plaintiffs that I will review will relate to clinical protocols.   I will not review any confidential documents that describe algorithms or technology designed for physiological parameters.~~

2.   I agree that a violation of this Agreement will cause irreparable harm to Plaintiffs' competitive position, reputation, customer relationships, and other aspects of their business for which an award of money damages would be inadequate.   I therefore agree that Plaintiffs shall be entitled to an injunction or other court order as appropriate to prevent me from violating this Agreement or to ameliorate the effects of a violation, in addition to any claims for money damages or other relief.

3.   This Agreement shall be governed by the laws of the state of California.   If any provision of this Agreement is invalid or not permitted, all other provisions shall remain in effect.

4.   For purposes of enforcing this Agreement, I hereby consent to jurisdiction and venue in the state and federal courts in the Central District of California, as well as any other jurisdiction allowed by law.

5.   This Agreement is binding on my successors and assigns, and will benefit the successors and assigns of Plaintiffs.

Dated:_____   By:_____
                                         Marco Perez

34977462

Exhibit 5

- 24 -

**AGREEMENT**

WHEREAS, I, Marco Perez, desire to be retained as an expert and/or consultant for Apple, Inc. ("Apple") in litigation against Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) in the United States District Court for the Central District of California (the "Litigation");

WHEREAS, I executed Exhibit A to the Protective Order entered in the Litigation (Dkt. 67) and Plaintiffs objected to me having access to and reviewing Plaintiffs' information confidential material designated "Confidential" or "Highly Confidential" pursuant to the Protective Order;

NOW, THEREFORE, IN CONSIDERATION OF PLAINTIFFS WITHDRAWING THEIR OBJECTIONS, I HEREBY AGREE AS FOLLOWS:

1. For the duration of the Litigation, including all appeals from orders and final judgments in this action, plus two years, I agree that:

   a. If I receive confidential material designated pursuant to the Protective Order that relates to the development or design of clinical protocols, I agree that I will not, for any commercial enterprise, develop, design, modify, or contribute to the development, or design or modification of clinical protocols for collecting or analyzing physiological data any commercial enterprise. This agreement will not prevent me from collecting data pursuant to clinical protocols, but I agree that I will not analyze such data or provide any suggestions or feedback relating to the development, design or modification of clinical protocols for any commercial enterprise.

Exhibit 6
- 25 -

b. I will not review algorithms for physiological monitoring designated by Plaintiffs as "Confidential" or "Highly Confidential".  If I receive material designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order that relates to algorithms for physiological monitoring, I agree that I will not develop, design, or contribute to the development or design of algorithms ~~for physiological monitoring~~in the subject areas for which I receive such materials.~~The only confidential information from Plaintiffs that I will review will relate to clinical protocols.  I will not review any confidential documents that describe algorithms or technology designed for physiological parameters.~~

2. I agree that a violation of this Agreement will cause irreparable harm to Plaintiffs' competitive position, reputation, customer relationships, and other aspects of their business for which an award of money damages would be inadequate.  I therefore agree that Plaintiffs shall be entitled to an injunction or other court order as appropriate to prevent me from violating this Agreement or to ameliorate the effects of a violation, in addition to any claims for money damages or other relief.

3. This Agreement shall be governed by the laws of the state of California.  If any provision of this Agreement is invalid or not permitted, all other provisions shall remain in effect.

4. For purposes of enforcing this Agreement, I hereby consent to jurisdiction and venue in the state and federal courts in the Central District of California, as well as any other jurisdiction allowed by law.

5. This Agreement is binding on my successors and assigns, and will benefit the successors and assigns of Plaintiffs.

Exhibit 6
- 26 -

Dated:_____   By:_____

                                       Marco Perez


34977462

Exhibit 6
- 27 -

**From:** Perry.Oldham
**Sent:** Friday, May 21, 2021 3:35 PM
**To:** Kaounis, Angelique
**Cc:** *** Apple-Masimo; Masimo.Apple
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr.
Marco Perez

Dear Angelique,

Thank you for agreeing to the further limitations in Paragraph No. 1.  We seem to be making progress.

On the clinical trial issue, we do not understand your claim that the language somehow restricts Dr.
Perez' ability to practice medicine, and that is not our intent.  Thus, it appears you may be interpreting
the language differently than we intend.  We simply maintain that, if he actually reviews Plaintiffs' highly
confidential information (some of which has been refined over the past 30 years) on how they design
and conduct clinical trials in the specifically identified areas, that Dr. Perez should not provide design
input for clinical trials in the same area in the future.  Your email suggests that Dr. Perez will under no
circumstances agree to any restrictions on him designing clinical trials in the future, even directly in the
area of those clinical trial designs he saw in Plaintiffs' highly confidential documents.  But, that is not
simply practicing medicine.  Please let us know immediately if our understanding is incorrect, as we
would like to clarify the language if the issue can be resolved.

We did not intend the language on clinical trials to place restrictions on Dr. Perez ability to practice
medicine. It only places restrictions on the development of clinical protocols in the subject areas for
which he receives confidential information revealing how Plaintiffs design or conduct clinical
trial.  Please let us know immediately why this limitation would prevent Dr. Perez from practicing
medicine.

Plaintiffs have not attempted to redefine the word employee. Rather, your arguments continue to
attribute a position to Plaintiffs that Plaintiffs have never taken.

The simple fact remains that Dr. Perez was retained by Apple to "design the protocols for the Apple
Heart Study," and not as an individual "to whom disclosure [was] reasonably necessary for this Action."
Thus, the work that Dr. Perez previously performed for Apple was not pursuant to being a consultant as
that term is defined in the protective order.  The label Apple chooses to apply to the prior work does not
change the nature of that work.  Designing protocols for the Apple Heart Study does not make Dr. Perez
an individual "to whom disclosure [was] reasonably necessary for this Action."

To be clear on something you appear to have misunderstood, as I stated earlier, "[t]he conference of
counsel occurred on Friday, May 14, and we will timely provide Plaintiff's portion of the Joint Stipulation
later today on May 21."

The Protective Order does not specify which party is to request  a conference of counsel when
objections are made.  Rather, Paragraph 9.2(c) of the Protective Order simply states "the Parties agree
to meet and confer within seven (7) days following the objection and to use good faith to resolve any
such objection."  Previously, Apple requested the conference of counsel when Plaintiffs made objections
under the protective order.  *See, e.g.*, Brian Andrea's 9/1/2020 email to Adam Powell requesting a meet
and confer. When you raised the issue with respect to Dr. Perez, we promptly conferred with you.

Exhibit 7
- 28 -

Plaintiffs maintain that this course of action is consistent with the Protective Order and the parties' prior interactions.

Assuming we do not get further agreement from Apple, we will provide the Joint Stipulation later today.

Best regards,

Perry

**Perry Oldham**
Partner
949-721-2961
**Knobbe Martens**

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Friday, May 21, 2021 1:42 PM
**To:** Perry.Oldham@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

Perry,
Thanks for your email.  As you note below, Dr. Perez already agreed to a compromise as set forth in Paragraph No. 1 of the proposed agreement I sent you.  We expect Dr. Perez will agree to Plaintiffs' addition limitations in Paragraph No. 1 highlighted below:

> I will not review algorithms for calculating heart rate, oxygen saturation, electrocardiograms, or arrhythmia detection designated by Plaintiffs as "Confidential" or "Highly Confidential".

However, as we've explained, Dr. Perez cannot agree to a future limitation on his ability to conduct research and practice medicine.  Plaintiffs' speculative concern that he will violate the terms of the Protective Order in his future consulting work based on his past work for Apple does not justify such an unreasonable restriction.  Dr. Perez already has agreed to abide by the terms of the Protective Order.

Plaintiffs' discussion of Section 9.2(c) below does not advance the dialogue.  Plaintiffs' attempt to redefine the term "employee" to include a "consultant"—by claiming the phrase "contract employee" (which appears nowhere in the PO) somehow encompasses a "consultant" is unsupported by the PO.  Plaintiffs are attempting to retroactively insert a restriction into the Protective Order that they could have negotiated, or presented to the Court at the time they submitted their proposed Protective Order, but did not.  We encourage Plaintiffs to reconsider their position. However, if they choose not to do so, we expect to receive Plaintiffs' portion of the joint stipulation today.

Exhibit 7
- 29 -

Finally, as you know, it remains Apple's position that Plaintiffs waived their objections to Dr. Perez by failing to timely meet and confer or timely provide their portion of the joint stipulation under the terms of the PO and the local rules, as I previously explained.  Your attempt to characterize last week's meet and confer as a "timely" conference of counsel is not well-taken for the reasons I previously described.  Apart from the timeliness issue, as you know, Plaintiffs did not serve a letter requesting such a Rule 37 conference—let alone identify any legal authority Plaintiffs believe is dispositive of the dispute or specify the terms of the discovery order to be sought as required by Rule 37.

Apple reserves all rights.
Thanks,
Angelique


**Angelique Kaounis**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Thursday, May 20, 2021 11:50 PM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Re: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

[External Email]
Dear Angelique,

The document you attached today appears to be the same document you sent two days ago.  Please confirm that you have simply reverted to your prior draft, without further compromise.

Based on our understanding that you intended to send us the same document again, we accepted your changes and made a further compromise for your consideration.  The redlines include more specificity to the types of algorithms that Dr. Perez will not receive, and establish that Dr. Perez will not develop clinical studies in areas for which he receives Plaintiffs' confidential information regarding clinical studies.

It also appears that you have misunderstood our interpretation of Protective Order.

Consultants can be employed in a variety of contexts, including both legal and non-legal matters. Section 9.2(c) uses the term "consultants" in the context of legal matters ("to whom

Exhibit 7
- 30 -

disclosure is reasonably necessary for this Action").  Apple's prior retention of Dr. Perez was not in the context of a legal matter.  Rather, it was in the context of the type of work that would be done by a contract employee.

Regardless, whether he was called a "consultant" or something else in the context of his work for Apple is irrelevant.  Our understanding is that Dr. Perez worked for Apple in a non-legal context, advising on physiological measurement analysis and clinical studies.  We believe that type of work presents a very high risk of inadvertent disclosure.

The conference of counsel occurred on Friday, May 14, and we will timely provide Plaintiff's portion of the Joint Stipulation on Friday, May 21.

Please let us know if Apple agrees with any portion of the redlines in the attached document, or if Apple stands on its original draft.

Best regards,

Perry


**Perry Oldham**

Partner

949-721-2961

## Knobbe Martens

---

**From:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Sent:** Tuesday, May 18, 2021 6:29 PM
**To:** Perry.Oldham <Perry.Oldham@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

Perry,
Thanks for the draft proposal.  Plaintiffs' proposal is not workable for Dr. Perez.  As we explained on last week's call, Plaintiffs' further limitations on Dr. Perez's ability to practice medicine and engage in clinical research are not required by the Protective Order.  Among other things, as we pointed out, the PO distinguishes between consulting and employment roles, a distinction that Plaintiffs now wish to ignore.
We reiterate our proposal to not show Dr. Perez Plaintiffs' algorithms and have revised the attached proposed agreement accordingly. We also have stricken some unnecessary language.  Please let us know if this proposal is acceptable or if Plaintiffs intend to maintain their objection. If the latter, please send us Plaintiffs' portion of the joint stipulation tomorrow.

Exhibit 7
- 31 -

Apple reserves all rights.
Thanks,
Angelique

**Angelique Kaounis**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East Suite 4000, Los Angeles, CA 90067-3026
Tel +1 310.552.8546 • Fax +1 310.552.7026
AKaounis@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry.Oldham <Perry.Oldham@knobbe.com>
**Sent:** Monday, May 17, 2021 10:21 AM
**To:** Kaounis, Angelique <AKaounis@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@knobbe.com>
**Subject:** Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Draft Agreement for Dr. Marco Perez

[External Email]
Dear Angelique,

Attached is a draft agreement for Dr. Perez that incorporates some of the ideas we discussed last week.  Please let me know when you are ready to discuss further.

Best regards,

Perry


**Perry Oldham**

Partner

949-721-2961

## Knobbe Martens

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is

Exhibit 7
- 32 -

strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 7
- 33 -

# AGREEMENT

WHEREAS, I, Marco Perez, desire to be retained as an expert and/or consultant for Apple, Inc. ("Apple") in litigation against Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) in the United States District Court for the Central District of California (the "Litigation");

WHEREAS, I executed Exhibit A to the Protective Order entered in the Litigation (Dkt. 67) and Plaintiffs objected to me having access to and reviewing Plaintiffs' information designated "Confidential" or "Highly Confidential" pursuant to the Protective Order;

NOW, THEREFORE, IN CONSIDERATION OF PLAINTIFFS WITHDRAWING THEIR OBJECTIONS, I HEREBY AGREE AS FOLLOWS:

1.   I will not review algorithms for calculating heart rate, ~~or~~ oxygen saturation, electrocardiograms, or arrhythmia detection ~~using light emitting technology~~ designated by Plaintiffs as "Confidential" or "Highly Confidential".

~~1.~~2.If I receive confidential material designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order that relates to the development or design of clinical protocols, I agree that I will not, for any commercial enterprise, develop, or contribute to the development, of clinical protocols in the subject areas for which I receive such materials.

~~2.~~3.This Agreement shall be governed by the laws of the state of California.  If any provision of this Agreement is invalid or not permitted, all other provisions shall remain in effect.

Dated:_____   By:_____

                                      Marco Perez

34977462

Exhibit 8
- 34 -

## **AGREEMENT**

WHEREAS, I, Marco Perez, desire to be retained as an expert and/or consultant for Apple, Inc. ("Apple") in litigation against Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) in the United States District Court for the Central District of California (the "Litigation");

WHEREAS, I executed Exhibit A to the Protective Order entered in the Litigation (Dkt. 67) and Plaintiffs objected to me having access to and reviewing Plaintiffs' information designated "Confidential" or "Highly Confidential" pursuant to the Protective Order;

NOW, THEREFORE, IN CONSIDERATION OF PLAINTIFFS WITHDRAWING THEIR OBJECTIONS, I HEREBY AGREE AS FOLLOWS:

1.   I will not review algorithms for calculating heart rate, ~~or~~ oxygen saturation, electrocardiograms, or arrhythmia detection ~~using light emitting technology~~ designated by Plaintiffs as "Confidential" or "Highly Confidential".

~~1.~~2. ~~If I receive confidential material designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order that relates to the development or design of clinical protocols, I agree that I will not, for any commercial enterprise, develop, or contribute to the development, of clinical protocols in the subject areas for which I receive such materials.~~

~~2.~~3. This Agreement shall be governed by the laws of the state of California.  If any provision of this Agreement is invalid or not permitted, all other provisions shall remain in effect.

Dated:_____       By:_____
                                                Marco Perez

34977462

Exhibit 9

- 35 -

| | |
|---|---|
| **From:** | Andrea, Brian |
| **To:** | Adam.Powell |
| **Cc:** | Masimo.Apple; *** Apple-Masimo |
| **Subject:** | Re: Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Majid Sarrafzadeh |
| **Date:** | Tuesday, September 1, 2020 11:30:56 AM |

Adam,

Can you please let us know what specific experience of Dr. Sarrafzedeh's Plaintiffs are objecting to?

Once we have that information, we would like to meet and confer with Plaintiffs this week to attempt to resolve Plaintiffs' objection.  Please let us know your availability.

Thanks,
Brian

**Brian Andrea**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

Tel +1 202.887.3624 • Fax +1 202.530.4220

BAndrea@gibsondunn.com • www.gibsondunn.com

On Aug 31, 2020, at 5:33 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:

 [External Email]

Brian,
Pursuant to Paragraph 9.2(c) of the Protective Order, Plaintiffs object to Dr. Sarrafzadeh receiving Plaintiffs' confidential information.  Dr. Sarrafzadeh's CV indicates that he has a history of working in the design and development of medical devices, including devices that compete with Plaintiffs' technology.  Dr. Sarrafzadeh also has pending patent applications that Apple did not disclose in violation of Paragraph 9.2(c)(iv) of the Protective Order.  For example, U.S. Patent App. No. 16/296,018 names Dr. Sarrafzadeh as an inventor, and is entitled "Apparatus, Systems, and Methods For Tissue Oximetry and Perfusion Imaging."  For at least all these reasons, Plaintiffs cannot agree to allow Dr. Sarrafzadeh to review Plaintiffs' proprietary technology.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Andrea, Brian <BAndrea@gibsondunn.com>

Exhibit 10
- 36 -

**Sent:** Tuesday, August 18, 2020 11:10 AM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo Corp. et al. v. Apple Inc., Case No. 8:20-cv-00048-JVS-JDE - Disclosure of Dr. Majid Sarrafzadeh

Counsel,

Under Section 9.2 of the Protective Order, Apple discloses Dr. Majid Sarrafzadeh as an expert in the above-captioned action to whom it intends to disclose Confidential and Highly Confidential information or items.  The following information, which provides the information required by paragraphs 9.2(i) to (v) of the Protective Order, is attached:

- Dr. Sarrafzadeh's signed copy of Exhibit A to the Protective Order;
- Dr. Sarrafzadeh's current CV;
- a listing of Dr. Sarrafzadeh's past and current expert witness work.

Finally, I confirm that Dr. Sarrafzadeh is not presently an officer, director, or employee of a party to this litigation or of a competitor of a party to this litigation, nor is he anticipated to become an officer, director, or employee of a Party or a competitor of a party to this litigation.  He is also not involved in competitive decision making on behalf of a party to this litigation or a competitor of a party to this litigation.

Thanks,
Brian

**Brian Andrea**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3624 • Fax +1 202.530.4220
BAndrea@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 10

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 10