Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SUPPLEMENTAL APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION TO COMPEL REGARDING DOCUMENTS APPLE DESTROYED** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Masimo") respectfully request leave to file under seal Documents Regarding Masimo's Supplemental Memorandum Regarding Plaintiffs' Motion to Compel Regarding Documents Apple Destroyed (the "Supplemental Memo"). Masimo has provided a proposed redacted version of the Supplemental Memo.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).

## II. ARGUMENT

The information that Masimo seeks to seal contains information Apple appears to consider confidential. Exhibit 23 is a copy of a document Apple produced to Masimo that Apple designated as "Highly Confidential – Attorneys' Eyes Only." Supp. Powell Decl. ¶ 4. The Supplemental Memo discusses this exhibit. *Id.* ¶ 5. The Supplemental Memo also contains discussion and quotations from the Declaration of Robin Goldberg, which Apple previously designated as "Highly Confidential – Attorneys' Eyes Only" and was the subject of Masimo's prior application to seal, Dkt. No. 402. *Id.* Masimo takes no position on whether these documents should be sealed. However, Masimo respectfully requests the Court seal these materials based on Apple's representation that they meet the requirements of the Protective Order.

/ / /

/ / /

-1-

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal Exhibit 23 to the Supplemental Declaration of Adam B. Powell and portions of the Supplemental Memo.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 3, 2021

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.