Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL REGARDING DOCUMENTS APPLE DESTROYED**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:     June 17, 2021<br>Time:     10:00 a.m.<br>Ctrm:     6A<br><br>Discovery Cut-Off:         7/5/2021<br>Pre-Trial Conference:   3/21/2022<br>Trial:                           4/5/2022<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDERE SEAL

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") submit this supplement in support of Masimo's Motion to Compel (Dkt. 400).

Apple does not contest the missing documents are relevant and that they must be produced if they are in Apple's possession, custody, or control.  Instead, Apple argues the missing documents cannot be recovered.  As support, Apple provides—for the first time—a declaration purportedly showing Apple's efforts to recover the missing documents.  Dkt. 403-2 ("Goldberg Declaration").  But the Goldberg Declaration raises more questions than it answers and fails to show Apple took reasonable steps to recover the missing documents.

**A.**   **Apple Has Not Shown It Took Reasonable Steps To Recover The Documents**

Apple argues Masimo's request is a "waste of judicial resources" because the documents are not recoverable.  Jt. Stip. at 12.  But Apple's letters declined to take a position on whether the documents were recoverable.  *Compare* Ex. 4 at 83-84 *with* Ex. 4 at 82-83; Ex. 11 at 4; Ex. 19 at 2-2.  Apple now cites the Goldberg Declaration to support its new assertion, but that declaration fails to explain Apple's efforts to recover the documents.[1] ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████   However, Ms. Goldberg omits information necessary to determine whether Apple's actions are reasonable or whether other actions remain.

███████████████████████████████████████████████████████████

██████████████████████████████████████████   Nor has Apple shown it has taken all reasonable steps to recover the missing documents.  ██████████████

████████████████████████████████████████████████████████████

While producing documents from backup tapes may be costly, Apple should at least explain if such tapes exist so the parties could discuss potential sharing of those costs.

---

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████ Masimo suggested Apple indirectly recreate the missing emails by searching for emails between Lamego/Nazzaro and other Apple employees.   During the meet and confer, Apple represented it cannot search multiple email accounts at once. ████████████████████████████████████

████████████████████████████████ As a large technology company, it is unlikely that Apple cannot search emails in this manner.

Third, Apple has not explained if Lamego's and Nazzaro's documents were exported for litigation or other purposes, such that they exist and could be searched. Masimo reasonably asked whether the files are available from another source, including ███████████████████████████████████████████████. If the files were exported and retained for some other litigation, then they are in Apple's possession, custody, or control, and can be recovered.

███████████████████████████████████████████████████

███████████████████████████████ Because Apple *has* recovered some files for Lamego, the term does not appear to mean the data is permanently destroyed.   Apple's refusal to provide an explanation, despite Masimo's many requests (Ex. 19), suggests Apple is choosing its words carefully.

Finally, Apple has not represented whether it "removed" documents from other requested ESI custodians.   Apple also refuses to confirm it will preserve the files of others who worked for Masimo and then worked for Apple in a relevant area.  *See* Exs. 18 and 19.   Given Apple's "removal" of Lamego's and Nazzaro's files, these are reasonable and straightforward questions that Apple should have answered.

**B.** **Apple Should Provide A Report Explaining The Steps It Took To Recover The Missing Documents**

For months, Masimo has been asking for basic information to determine if the missing documents can be recovered. Ex. 18.  Apple repeatedly refused to provide the information.   Ex. 19.   Apple now submits the Goldberg Declaration, which uses

imprecise language and fails to explain what happened to the documents.   The Court should order Apple to report on its efforts to recover the missing files.

Apple asserts it should not have to provide a report because no "troubling discrepancies" exist regarding Apple's discovery obligations.   Jt. Stip. at 14.   But the Goldberg Declaration is filled with inconsistencies. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████
    ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

Apple also argues a report would reveal "confidential and proprietary" details regarding Apple's systems.   Jt. Stip. at 4, 12.   But the Court entered a Protective Order to address such concerns.   Dkt. No. 67.   Apple similarly suggests a report would disclose privileged information.   Jt. Stip. at 4, 15.   But Apple fails to explain how answering basic *factual* questions about Apple's computer systems would disclose privileged information. Apple's privilege arguments are also inconsistent with its assertion that removal was done pursuant to "routine data retention policies."   *Id. at* 2.

---

[2] Exhibit 23 is illegible when printed.   Masimo asked Apple for a legible copy, but Apple represented Exhibit 23 is the only copy it has.   Apple told Masimo that the document must be viewed using the "zoom" function on an electronic copy.   *See* Suppl. Powell Decl. ¶ 2.   For this reason, Masimo provides the Court with an electronic copy.

## C.   <u>Masimo Is Not Seeking "Discovery On Discovery"</u>

Apple cites cases addressing "discovery on discovery," but such cases are irrelevant here.  As explained in Masimo's portion of the Joint Stipulation, the Federal Rules require parties to produce relevant electronically stored information that is "reasonably accessible."  *See* Fed. R. Civ. P. 26(b)(2).  If a party claims that information is not reasonably accessible, that party must "provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources."  Fed. R. Civ. P. 26(b)(2) advisory committee's note to 2006 amendment.

Apple claims those requirements do not apply because it is not objecting on the basis of undue burden.  Jt. Stip. at 2, 13.  But Apple is simultaneously refusing to identify whether the information exists anywhere else such that it could be recoverable.  That is a necessary first step.  Masimo is merely requesting information to evaluate if the documents are reasonably accessible, not "discovery on discovery" as Apple suggests.

Apple cites several cases, but none support its position.  In *Winfield v. City of New York*, 2018 WL 840085, at *6 (S.D.N.Y. Feb. 12, 2018), the court explained that, once the requesting party shows the information is relevant, "the burden falls on the responding party to justify curtailing discovery."  *Id.* at *4.  The court then granted the requested discovery regarding the databases at issue.  *Id.* at *6-*7.  Because Apple does not contest Masimo's showing of relevance, Apple bears the burden of curtailing discovery.  Apple has not attempted to meet that burden.

Apple's remaining cases address circumstances where the plaintiff failed to show the information was relevant.  *See Perez v. DirecTV Grp. Holdings, LLC*, 2020 WL 5875026, at *1 (C.D. Cal. Aug. 17, 2020); *Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017); *Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*, 2014 WL 10714011, at *14-*15 (D. Minn. Dec. 5, 2014).  Here, it is undisputed the missing documents are highly relevant.

/ / /

-4-

**D.**   **Apple's Other Arguments Lack Merit**

Apple raises a series of other unpersuasive arguments.  First, Apple claims Masimo "concede[s]" it has "no argument *at all* that Apple had any duty" to preserve.  Jt. Stip. at 3 (emphasis in original).  But Masimo made no such concession.  Masimo showed Apple's own positions demonstrate ***Apple*** thought it had a duty to preserve.  Jt. Stip. at 9. Moreover, Apple's duty to preserve is irrelevant because Apple must produce responsive information in its possession, custody, or control, even if Apple could have destroyed the information.  Fed. R. Civ. P. 26(a)(1)(A)(ii), (b)(1).

Second, Apple argues its destruction of evidence is the "consequence" of Masimo filing this lawsuit too late.  Jt. Stip. at 3.  But Apple claims it removed the information just 4-10 weeks after the individuals left Apple.  Apple's statute-of-limitations defense does not justify Apple refusing to take reasonable steps to recover important evidence that it admittedly deleted.

Third, Apple attempts to ascribe improper motive to Masimo by asserting "this motion is a thinly veiled attempt to obtain free discovery in an attempt to bolster [its] 'next step' in '[e]valuating potential spoliation."  Jt. Stip. at 4.  Apple does not explain that assertion, and it is not true.  Masimo seeks basic information to determine whether the information is recoverable.  Masimo wants the documents—not a spoliation fight.

It should be in both parties' interest to recover the missing documents.  Doing so would provide Masimo with relevant discovery and eliminate any discussion about spoliation.  Unfortunately, Apple appears to have little interest in recovering the documents unless Masimo first proves spoliation.  But Masimo need not prove spoliation just for Apple to conduct a reasonable search to recover documents it destroyed.  The Court should grant Masimo's motion.

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 3, 2021                    By: /s/ Adam B. Powell
                                           Joseph R. Re
                                           Stephen C. Jensen
                                           Benjamin A. Katzenellenbogen
                                           Perry D. Oldham
                                           Stephen W. Larson
                                           Mark D. Kachner
                                           Adam B. Powell

                                           Attorneys for Plaintiffs
                                           MASIMO CORPORATION and
                                           CERCACOR LABORATORIES, INC.

35069148