Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date:  June 21, 2021<br>Time:  1:30pm<br>Ctrm:  10C<br>Judge: Hon. James. V. Selna |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................2

    A. Apple Does Not Dispute The Key Facts And Law At Issue ................2

        1. Apple Does Not Contest A "Massive" Amount Of Discovery Remains ..............................................................................2

        2. Apple Does Not Contest Masimo's Diligence ..........................4

        3. Apple Does Not Mention Or Distinguish Masimo's Cited Authorities.................................................................................6

        4. Apple Fails To Substantiate Its Objection To A Special Master ........................................................................................7

    B. Apple Does Not Support Its Unrealistic Schedule................................8

    C. Apple's Other Arguments Lack Merit .................................................10

        1. Apple's Attempts To Blame Masimo Lack Merit ...................10

        2. Masimo Is Not Attempting To "Undo" The Stay Order .........13

III. CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

Page No(s).

*Attia v. Google LLC*,
  2018 WL 2971049 (N.D. Cal. June 13, 2018) ................................................. 14

*Beco Dairy Automation, Inc. v. Glob. Tech. Sys., Inc.*,
  2016 WL 5870117 (E.D. Cal. Oct. 6, 2016) ................................................... 14

*Boston Scientific Corp. v. Edwards Lifesciences Corp.*,
  No. SACV 16-00730-CJC (C.D. Cal. Nov. 15, 2018) ..................................... 14

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
  2013 WL 257124 (N.D. Cal. Jan. 23, 2013) ................................................... 14

*Dermafocus LLC v. Ulthera, Inc.*,
  2018 WL 5113960 (D. Del. Oct. 19, 2018) .................................................... 14

*Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*,
  2020 WL 7094074 (C.D. Cal. July 30, 2020) ............................................. 6, 7

*Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al.*,
  No. 8:20-00088 JVS (C.D. Cal. April 14, 2021) .............................................. 6

*Hendershot v. Ready to Roll Transp., Inc.*,
  228 Cal. App. 4th 1213 (2014) ........................................................................ 4

*Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*,
  Case No. 2:19-cv-07748-CAS(PLAx) (C.D. Cal. May 22, 2020) ................... 6

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ........................................................................... 5

*Limon v. Circle K Stores Inc.*,
  2020 WL 1503448 (E.D. Cal. Mar. 30, 2020) ................................................. 6

*Magnolia Med. Tech., Inc. v. Kurin, Inc.*,
  No. 19-cv-00097 (D. Del. Oct. 16, 2020) ........................................................ 6

*Nguyen v. Lotus by Johnny Dung Inc.*,
  2019 WL 4579259 (C.D. Cal. June 07, 2019) ............................................... 12

*Estate of Rosado-Rosario v. Falken Tire Corp.*,
  319 F.R.D. 71 (D.P.R. 2016) ........................................................................... 9

*Sung Gon Kang v. Credit Bureau Connection, Inc.*,
  2020 WL 1689708 (E.D. Cal. Apr. 7, 2020) .................................................... 6

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
    No. 03-01329 WBS EFB (E.D. Cal. Oct. 26 2010)..................................................6

*WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
    No. 17-cv-01118 (S.D. Cal. June 12, 2018) ..........................................................6

*Williams v. Daszko*,
    2017 WL 1684118 (E.D. Cal. May 3, 2017) ........................................................9

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") submit this reply supporting its Motion to modify the schedule (Dkt. 383).

## I. INTRODUCTION

This Motion is essentially undisputed. The parties agree the current schedule is not feasible. Apple does not contest Masimo's diligence or the key facts that caused so little progress. For example, Apple did not contest that it took four months and many Court orders—including one threatening sanctions or contempt—before Apple produced core technical documents. Nor did Apple contest that it took seven months and two Court orders before Apple agreed to search a reasonable number of custodians for electronically stored information ("ESI"). It also took over a year to work through Apple's challenges to Masimo's pleadings. As a result, the parties have not taken any depositions or begun producing ESI. Indeed, Apple's ESI search terms are still hitting on over **six million** Masimo documents. These undisputed facts demonstrate at least another year of discovery is necessary.

Apple's Opposition largely ignores these facts and relies on what Apple "believes" the parties can accomplish. But the proceedings contradict the bases for Apple's beliefs. For example, Apple represents document production can be complete by June 25—less than three weeks from now and just four days after the hearing on this Motion. Apple never explains how the parties could agree on search terms and then review and produce millions of documents during that time. Based on Apple's current search terms, Masimo would have to hire **more than 1,100 lawyers** working full time to reach that goal. Apple also represented that it needs until at least June 25 just to produce the discovery that Judge Early recently ordered Apple to produce.

Apple accuses Masimo of "mud-slinging" and alleges Masimo is trying to "blame" Apple for the parties' lack of progress. Just because the facts demonstrate Apple obstructed discovery does not show Masimo is "mud-slinging." Masimo presented facts to substantiate its argument that it could not obtain discovery despite its diligence. Such facts also demonstrate that a discovery special master and substantial

extension are required.  They also show Apple will not suddenly change course and provide discovery without substantial motion practice.  Apple never explains how the parties' disagreements will suddenly evaporate and allow the parties to complete discovery in record time.  Masimo has spent months and millions of dollars chasing discovery from Apple.  Unfortunately, Apple provided very little discovery and the parties still have much to do.  The Court should grant the Motion.

## II. ARGUMENT

Apple does not address Masimo's proposed schedule.  Instead, it incorrectly characterizes Masimo's schedule as "open ended" and argues Masimo "did not propose *any* specific dates."  Br. at 1-2; *see also id.* (chart listing all of Masimo's proposed deadlines as "TBD 2022+").  But Masimo's proposed order included specific dates for each deadline.  *See* Dkt. 383-1.  Masimo proposed the parties retain a special master within two weeks of the hearing (July 5, 2021) and complete fact discovery in thirteen months (August 8, 2022).  *Id.*  Masimo set the remaining dates with similar spacing as the current schedule.  *Id.*  Masimo's schedule is appropriate for many reasons.

### A. Apple Does Not Dispute The Key Facts And Law At Issue

Apple's Opposition is remarkable for what it does not say.  As discussed below, Apple does not contest that a massive amount of discovery remains and that Masimo was diligent.  Apple does not cite a single case and does not attempt to distinguish any of Masimo's cited cases.  Nor does Apple explain its objection to a special master.  Thus, Apple does not dispute *any* of the facts or law necessary to grant this Motion.

#### 1. Apple Does Not Contest A "Massive" Amount Of Discovery Remains

Apple does not dispute that a "massive" amount of discovery remains.  In October 2020, Apple argued this case would involve a "massive amount of discovery" and the discovery remaining would "vastly eclipse" what the parties had done so far.  Dkt. 217 at 3-4.  Apple also argued discovery was in its early stages because the parties had not "taken a single deposition."  *Id.*  Apple ignores its prior positions and makes no attempt to argue the parties have made significant progress since then.

Instead, Apple baldly claims "no reason exists why the parties cannot substantially complete document production by June 25." Br. at 2. But Apple provides no analysis or support for that claim. Apple does not explain how the parties could complete all document production in just three weeks. Indeed, Masimo would have to immediately hire more than 1,100 lawyers just to complete ESI discovery by June 25 based on Apple's current search terms. *See* Ex. 70 at 2 (attorneys conducting document review typically review about 40-50 documents per hour).[1] That does not even account for other document productions, or the likely need for additional motion practice.

Apple also ignores or mischaracterizes recent events. Apple argues Judge Early denied much of Masimo's first motion to compel. Br. at 8. But Apple has recently produced about 27,000 pages based on the discovery that Judge Early ordered. Ex. 103. Judge Early also granted-in-part Masimo's second motion to compel last week. Dkt. 436. Apple characterized the discovery that Judge Early ordered it to produce as "substantial" and asked for additional time to comply. Ex. 104 at 109:20-110:21. Judge Early set the deadline for June 25 and told Apple the parties could agree among themselves for additional time. *Id.* at 110:8-13. Having asserted it needs until at least June 25 to produce those documents alone, Apple cannot credibly contend the parties could complete *all* document production—including millions of ESI documents—by June 25. Apple also cannot claim Judge Early validated Apple's obstruction.

Apple argues the parties are "actively engaged in the iterative process of narrowing search terms." Br. at 2. But Apple fails to account for the time necessary to conduct such an "iterative process." It took Apple weeks to propose narrowed search terms. Dkt. 423-1, Ex. 8 at 145. Due to the size of the data, it took Masimo's discovery vendor two weeks to process and run those searches. *See id.* at 139. Thus, there is no chance that Apple could sufficiently narrow its terms before June 25—much less do so in time for Masimo to *complete* document production by then. Masimo agrees that ESI

---

[1] Unless noted otherwise, exhibits are attached to the Powell Declaration (Dkt. 386) or the Supplemental Powell Declaration submitted herewith.

discovery is an iterative and time-consuming process. It will likely take months to complete. Indeed, if Apple had agreed to search a reasonable number of custodians when Masimo asked in October 2020, the parties would have begun the ESI process eight months ago.

Apple does not contest that it challenged the pleadings for over a year, and that the pleadings recently closed in May 2021. The pleadings closed then only because Masimo chose not to move to strike several insufficient defenses. Instead, Masimo sought to move the case forward by seeking discovery on the defenses. One week ago, Apple served a 69-page interrogatory response disclosing new information about its defenses. *Id.*, Ex. 5. Thus, Apple has been taking discovery on Masimo's claims for more than a year but is improperly trying to limit discovery on Apple's defenses to just a few weeks. *See Hendershot v. Ready to Roll Transp., Inc.*, 228 Cal. App. 4th 1213, 1225 (2014) ("Due process requires that plaintiffs be given an adequate opportunity to conduct discovery on and brief issues related to defendant's affirmative defenses.").

Apple also does not contest that the parties have many other discovery disputes. Masimo moved to compel Apple to search a specific custodian and attempt to recover important documents that Apple "removed" from its computer system. Dkt. 379-1; Dkt. 400. The parties also dispute one of Apple's expert witnesses. Dkt. 435. There are also other disputes the parties are discussing. Apple never explains how these issues could be resolved, much less the relevant discovery produced, within Apple's schedule. Even if that were possible, Masimo should have an opportunity to serve follow-up discovery, draft and respond to interrogatories, and take depositions in the ordinary course. Masimo's schedule is appropriate in view of Apple's failure to engage in discovery earlier, the sheer volume of discovery remaining, and the parties' many disputes.

### 2. Apple Does Not Contest Masimo's Diligence

Apple also does not contest that Masimo diligently sought discovery. In particular, Apple does not dispute at least the following key facts:

///

- To obtain "core technical documents" from Apple, Masimo wrote to Apple more than twenty times, met and conferred twice, moved the Court three times, and responded to three Apple motions. Exs. 2-14; Dkt. 43; Dkt. 55; Dkt. 57; Dkt. 73; Dkt. 82; Dkt. 123-1. The Court had to issue numerous orders—and threaten sanctions or contempt—before Apple produced the documents four months late. Dkt. 37; Dkt. 54; Ex. 13 at 12:10-19; Dkt. 76; Dkt. 79; Dkt. 92.

- Apple argued Masimo's Section 2019.210 disclosure was "woefully deficient" for three months before the Court confirmed that the entire disclosure was sufficient. Dkt. 259-1; Dkt. 279. During that time, Apple refused to provide *any* trade secret discovery and produced very little other discovery. *See* Exs. 17-18 (Apple producing only about 3,400 pages).

- For seven months, Apple refused to search more than twelve custodians. In an attempt to resolve the issue, Masimo wrote to Apple more than thirty times, attended several meet and confers, moved to compel, and responded to Apple's motion to limit discovery. Exs. 15-16, 19-32, 37-50; Dkt. 315; Dkt. 333. Apple refused to search more than twelve custodians until the Court ordered it to search up to 39 custodians. Dkt. 355. Even after that Order, Apple argued it has veto power to eliminate any custodian it deems irrelevant. Dkt. 379-1. By contrast, Masimo immediately agreed to search all of the custodians that Apple requested.

Apple argues these events are irrelevant because they "have since been resolved." Br. at 2. This undisputed history shows that extracting discovery from Apple has been a long, arduous, and very costly task. The facts show that Masimo was diligent, that a special master is necessary, and that obtaining discovery in the future will include more delays. Apple argues it is not to "blame" for a scheduling change. *Id*. Although the evidence shows otherwise, that is not relevant. To prevail, Masimo must show its own diligence—not Apple's bad faith. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The undisputed facts demonstrate Masimo's diligence.

### 3. Apple Does Not Mention Or Distinguish Masimo's Cited Authorities

Apple also does not even mention—much less distinguish—a single one of the authorities that Masimo cited in its opening brief. Those authorities show that courts routinely extend discovery for many months based on only some of the compelling facts present here. For example, this Court has extended discovery by nine months because the pleadings had to be reopened shortly before the close of fact discovery. *Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC et al.*, No. 8:20-00088 JVS (DFMx), Dkt. 43, at 6-7 (C.D. Cal. April 14, 2021) (Ex. 94).

Courts have extended discovery by three to seven months to accommodate discovery disputes. *See, e.g.*, *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *8 (E.D. Cal. Apr. 7, 2020) (extending discovery by six months); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 03-01329 WBS EFB, Dkt. 316 at 2, 7 (E.D. Cal. Oct. 26 2010) (Ex. 93) (extending discovery by seven months); *Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *1, *4 (C.D. Cal. July 30, 2020) (extending discovery by four months).

Courts have also extended discovery to accommodate document productions that are orders-of-magnitude smaller than the productions at issue here. *See, e.g.*, *Magnolia Med. Tech., Inc. v. Kurin, Inc.*, No. 19-cv-00097, Dkt. 198 at 1 (D. Del. Oct. 16, 2020) (Ex. 109) (extending discovery by three months to accommodate a 57,000-document production); *WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-cv-01118, Dkt. 140 at 1, 4 (S.D. Cal. June 12, 2018) (Ex. 91) (extending discovery by three months to accommodate a 7,500-document production).

Courts have also extended discovery by three to six months due to the pandemic. *See, e.g.*, *Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*, Case No. 2:19-cv-07748-CAS(PLAx), Dkt. No. 104, at 3-4 (C.D. Cal. May 22, 2020) (Ex. 98) (collecting cases and extending discovery by three months); *Sung Gon Kang*, 2020 WL 1689708, at *8 (extending discovery by six months); *Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *3 (E.D. Cal. Mar. 30, 2020) (extending discovery by three months).

Here, Masimo invested significant resources in ramping up production of its life-critical pulse oximetry devices. Declaration of Bilal Muhsin at ¶¶ 3-10. Masimo's employees sometimes worked around the clock to ensure Masimo met its obligations to patients *and* in this case. *Id.* ¶¶ 6, 10; *see Fisher and Paykel*, 2020 WL 7094074, at *1 (extending discovery by four months where movant made devices "in increased demand as a result of the pandemic").

In short, courts routinely extend discovery by many months based on only *some* of the many compelling facts of this case. Masimo's diligence in seeking discovery—and the amount of discovery that remains—dwarfs the movants' showings in these cases. Thus, Masimo's requested thirteen-month extension is reasonable and appropriate.

### 4. Apple Fails To Substantiate Its Objection To A Special Master

Apple also fails to explain its objection to the Court appointing a special master. As Masimo explained, Apple appears to be using the time-consuming nature of discovery motions—and Masimo's sincere desire to avoid burdening the Court—to deny discovery. The process in the Local Rules benefits the party denying discovery by forcing the opposing side to repeatedly burden the Court. In this case, Masimo has had to work tirelessly and spend millions of dollars just to get the little discovery it has from Apple. Indeed, Masimo had to obtain countless court orders just to get Apple to produce "core technical documents" and search a reasonable number of custodians. Dkt. 37; Dkt. 54; Dkt. 76; Dkt. 79; Dkt. 92; Dkt. 318 at 2; Dkt. 355 at 2. Apple does not respond to the facts presented by Masimo, much less deny that it is leveraging the process to foreclose discovery. If Apple wanted to move this case forward, it should have no objection to a special master resolving disputes on an expedited basis.

Apple offers little explanation for its refusal to agree to a special master. Apple incorrectly claims Masimo "twice resisted" a special master. Br. at 8. The first time Judge Early raised the issue, *Apple* argued a special master was not necessary. Ex. 95 at 12:14-20. Masimo told Judge Early it would consider the possibility. *Id.* at 14:3-12. Masimo then chose not to contradict Apple's position at the time. *See* Dkt. 289.

1  The second time Judge Early raised the issue, Masimo's counsel explained he did not "have a position" and would again speak to his client. Ex. 105 at 43:23-25. By then, several months had passed and it had become clear that Apple was misusing the process to deny discovery. Thus, Masimo has since considered the issue and agreed with Judge Early that a special master should be appointed. Without a special master, the thirteen-month extension Masimo suggested will not be enough time.

Apple argues Masimo is requesting a special master because Judge Early recently ruled against Masimo. Br. at 8. That is not true and Apple cites nothing to support its vivid imagination. Indeed, Judge Early has ruled in Masimo's favor on numerous disputes. *See, e.g.*, Dkt. 54, Dkt. 67, Dkt. 235, Dkt. 279, Dkt. 298, Dkt. 355. Masimo simply realized that the status quo is not working. The history of this case demonstrates a special master could provide a more focused and expedited process for the parties' numerous disputes without taking up a disproportionate amount of the Court's time. A special master is necessary if the parties have any hope of completing discovery in the time provided by Masimo's proposed schedule. Thus, Masimo requests the Court select one of the individuals on which the parties previously agreed. *See* Dkt. 289 (both parties identifying Judges Guilford and Segal as potential special masters).

**B.    Apple Does Not Support Its Unrealistic Schedule**

Apple's Opposition proposes an alternative schedule. But Apple makes no attempt to explain how its schedule is reasonable given the undisputed facts discussed above. Instead, Apple simply assumes "document production and depositions can happen within the schedule Apple proposed or a small adjustment thereto." Br. at 7. But nothing suggests the parties will be anywhere near substantial completion of document discovery by Apple's June 25 deadline. Indeed, the parties are still discussing search terms that are hitting on millions of documents. The process of narrowing those terms takes time because of the amount of ESI that is being searched. Even after the parties (or the Court) selects final search terms, the parties will need significant time to

///

review and produce documents. The opposing side will then need time to review the production before Apple argues depositions can even begin.

Apple argues the parties are "closing in on search terms" and Apple has been "moving fast on revising terms." Br. at 7. But Apple took 4-6 weeks to narrow its terms from 17 million to 6 million documents. Ex. 106. Further narrowing is likely to take far longer because Apple has already narrowed the most obviously overbroad terms. Nothing suggests Apple will sufficiently narrow its terms anytime soon, much less soon enough for Masimo to review and produce those documents by June 25. Moreover, Apple has run search terms on only about half of Masimo's requested custodians. Apple has not provided *any* hit counts for the remaining custodians that Apple agreed to search more than four weeks ago. Ex. 51 at 1. Apple cannot genuinely claim it will now review and produce those documents in less than three weeks.

Apple argues depositions "can and should be scheduled." Br. at 7. But Masimo already provided dates for many of its witnesses and accepted dates to depose Apple's witness. **Apple** canceled all depositions on **both** sides by asserting the parties must complete document production first. Ex. 73 at 3. Any realistic view of the case suggests the parties will need months to substantially complete document production alone.

Apple's proposal also cuts off all document production and motions to compel on July 5 before depositions even begin. But depositions almost always reveal additional information that should be produced. *See, e.g.*, *Williams v. Daszko*, 2017 WL 1684118, at *5-6 (E.D. Cal. May 3, 2017) (modifying scheduling order because deposition testimony necessitated "propound[ing] follow-up questions to defendants"); *Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 76-77 (D.P.R. 2016) (during depositions "plaintiffs learned that additional documents and depositions were required to address information previously requested but not produced."). Apple does not attempt to justify precluding such discovery.

Apple argues the parties are "now resolving" their dispute as to remote depositions. Br. at 7-8. While Masimo hopes to resolve the issue informally, the parties

have not made any progress lately. On May 20, Judge Early encouraged the parties to discuss each witness instead of Apple's approach of "lumping 11 people together with a bunch of representations that may or may not apply to each of them." Ex. 105 at 169:22-170:4. Masimo repeatedly offered to do so, but Apple declined. Ex. 106 at 2.

Apple also suggests an unreasonable expert discovery schedule. While the current schedule permits *seven* weeks for expert depositions (October 18 to December 6), Apple's schedule allows *two* weeks (December 8 to December 22). Dkt. 37; Br. at 1. Apple does not and cannot explain why such a condensed schedule is reasonable.

Finally, Apple's schedule fails to address the parties' many disputes and the time it has taken for Apple to produce discovery. Apple never explains why the parties' disagreements will suddenly evaporate and allow the parties to complete discovery in record time. Apple's proposed schedule is unrealistic and unfair.

### C.  Apple's Other Arguments Lack Merit

As discussed above, Apple fails to address Masimo's proposal or dispute any of the key facts or law supporting that proposal. Apple also offers little justification for its own proposal. Instead, Apple devotes most of its short brief to unsubstantiated attacks on Masimo. Apple's arguments are largely irrelevant and all lack merit.

#### 1.  Apple's Attempts To Blame Masimo Lack Merit

Despite accusing Masimo of improperly "blam[ing] Apple," Apple repeatedly blames Masimo for the parties' lack of progress. First, Apple claims the core technical documents dispute occurred "almost 9 months ago" but Masimo did not ask to extend fact discovery when the parties agreed to extend *Markman* dates in September 2020. Br. at 3. Those facts are not relevant to Masimo's diligence. As the plaintiff, the last thing Masimo wanted was to delay trial. Masimo hoped the Court's orders would encourage Apply to begin complying with its discovery obligations. Subsequent proceedings have shown Masimo was too optimistic. Apple's decision to continue obstructing discovery does not provide a basis to deny this Motion. To the contrary, Apple's continued obstruction shows a special master and substantial extension are necessary.

Second, Apple argues Masimo's position is inconsistent with its opposition to Apple's motion to stay. Br. at 3. Apple incorrectly asserts Masimo "highlighted the large number of documents, including source code, that Apple had already produced." Br. at 3. In reality, Masimo highlighted that *the parties* had produced 150,000 pages of documents—most of which Masimo produced. Dkt. 209-1 at 20. Masimo never argued Apple had produced significant discovery or that the parties were anywhere near completing discovery. Moreover, Apple responded by arguing a "massive" amount of discovery remained that would "vastly eclipse" the discovery produced so far. *See* Dkt. 217 at 3-4. Having prevailed on its motion, Apple cannot now take a contrary position.

Third, Apple argues Masimo delayed providing a Section 2019.210 trade secret disclosure. Br. at 3. But the Court repeatedly rejected Apple's demand for a deadline to provide the disclosure. *See* Dkt. 37 (declining to set a deadline); Dkt. 43-5 (Apple then requesting a disclosure within 7 days); Dkt. 54 (order denying Apple's request); Dkt. 76 and 79 (orders denying Apple's request to stay, and objections to, Dkt. 54). Masimo believed it was more efficient to serve the disclosure after the pleadings closed because Apple was challenging Plaintiffs' description of trade secrets in the complaint. Indeed, Apple had cited no case ordering a plaintiff to provide a Section 2019.210 disclosure *before* the pleadings had closed. *See* Dkt. 169-1 at 21. Nevertheless, Masimo served a disclosure in October 2020—*seven* months before the pleadings closed. Masimo did so to move the case forward and to obtain Apple's core technical documents. Apple then exercised self-help by refusing to engage in discovery for months by incorrectly arguing the disclosure was "woefully deficient." Dkt. 259-1 at 8.

Fourth, Apple claims it tried to "move forward" with ESI in April 2021. Br. at 3-4. But Apple omits that Masimo asked Apple to begin ESI discovery *six months earlier* in October 2020. Ex. 16 at 5. Apple responded that ESI discovery was "premature and inappropriate." Ex. 15 at 5. Apple claims its April 2021 motion sought to proceed on twelve custodians "without prejudice" to either side seeking additional custodians. Br. at 3. In reality, Apple sought an order limiting discovery to twelve custodians absent a

showing of "good cause." *See* Dkt. 333. Apple thus sought to flip the burden. *See Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 4579259, at *3 (C.D. Cal. June 07, 2019) (explaining the party limiting discovery bears a "heavy burden" of showing "why discovery should be limited"). Judge Early rejected Apple's proposal and ordered the parties to proceed on up to **39** custodians. Dkt. 355 at 2. Far from pushing ESI forward, Apple delayed the process by seven months.

Fifth, Apple faults Masimo for serving too many requests for production that Apple claims are "overlapping and redundant." Br. at 4. Apple then devotes nearly two pages of its brief to quoting discovery requests. *See id.* at 5-6. But Masimo served those requests at Judge Early's instruction. At the May 20 hearing, Judge Early found several requests were too broad as worded, and denied Masimo's motion "without prejudice" to Masimo redrafting the requests. *See, e.g.*, Ex. 105 at 48:25-49:4, 92:14-93:7, 128:8-13, 135:17-136:1, 152:2-18. Masimo diligently redrafted many requests to **narrow** them and reserved them the very next day on May 21. Br. at 5-6; Ex. 107 at 35. Far from showing something nefarious, as Apple suggests, those discovery requests further demonstrate Masimo's diligence.[2]

Unable to attribute any significant delay to Masimo, Apple accuses Masimo of "wait[ing] a week" to send revised search terms in April 2021. Br. at 4. One week does not support a claim of "waiting" and clearly had no impact on the schedule. Regardless, Apple omits that Apple took four weeks to revise its search terms to hit on fewer than 12 million documents. Dkt 423-1 at 150. In fact, Apple's current terms are *still* hitting on about twice as many documents as Masimo's original terms (6.2 million versus 3.5 million). *See id.* at 186. Moreover, Apple has not provided hit counts for the additional

///

---

[2] Apple faults Masimo for serving a subpoena in the *True Wearables* case that overlaps with discovery in this case. Br. at 5. Masimo served a very narrow subpoena for information directly relevant to that case. The subpoena is necessary because, absent relief from the Court, the Protective Order prevents the parties from using confidential information from this case in the *True Wearables* case.

custodians it agreed to search four weeks ago. Thus, Masimo still has no idea how many Apple documents are currently hitting on Masimo's search terms.

### 2. Masimo Is Not Attempting To "Undo" The Stay Order

Apple also argues Masimo is trying to "undo" the Court's order staying the patent claims. Br. at 1, 8. Apple's assertion is wrong for two reasons.[3]

First, Masimo's proposed extension has little to do with the patent claims. As Masimo explained, the parties will need at least another year to complete discovery on the trade secret and patent ownership claims even with a more streamlined dispute resolution process. Because such an extension is required, a few additional weeks would have the added benefit of keeping the patent and non-patent claims together for trial.

Second, Apple's argument relies on a false premise—that the Court's Order *staying* the patent claims also *bifurcated* them. Far from requesting bifurcation, Apple repeatedly argued the stay was appropriate because the IPRs will conclude before trial. Dkt. 196-1 at 3 (arguing "the PTAB will decide the IPRs before the trial date"); Dkt. 217 at 7 n.3 (arguing "the PTAB will, by statute, decide all of Apple's IPR petitions before trial commences in this case in April, 2022"); *id.* at 12 (distinguishing cases denying a stay because "Apple's IPR petitions are due to be decided before the current trial date"); *id.* at 18. The Court granted the stay, observing "[a] final IPR determination is expected by March 2021, a month before trial is set." Dkt. 220 at 4. Thus, Apple argued, and the Court's ruling envisioned, a single trial after final determination of the IPR petitions.

Apple never moved for bifurcation, presumably because it could not have met the strict standards for doing so. The patent and trade-secret claims relate to similar technology—physiological monitoring, including pulse rate and oxygen saturation. *See, e.g.*, Dkt. 296-1 ¶¶ 40, 52-57. Masimo accuses the same products of patent infringement and trade secret misappropriation—the Apple Watch Series 4 and later products. *See,*

---

[3] Masimo's arguments in this section are largely duplicative of those in its Opposition to Apple's motion. Masimo responds here so the record on this Motion is complete.

*e.g., id.* ¶¶ 52, 238-240.[4] The parties' relationship, whereby Apple sought out Masimo's technology, is relevant to both the trade secret and patent claims. *See, e.g., id.* ¶¶ 228-232. Indeed, Apple repeatedly touted the overlap in its motion to preclude all discovery. *See* Dkt. 43-1 at 16-18 (Apple arguing trade secret and patent discovery are related because both concern "the very same Apple watches"); Dkt. 46 at 2 (Apple arguing that patent discovery also relates to the trade secret claims).

Apple cites no case supporting its position. Contrary to Apple's assumption, courts routinely refuse to bifurcate trade-secret and patent claims with overlapping facts. *See, e.g., Beco Dairy Automation, Inc. v. Glob. Tech. Sys., Inc.*, 2016 WL 5870117, at *3-4 (E.D. Cal. Oct. 6, 2016) (declining to bifurcate patent and trade-secret claims that "share significant overlap in the underlying facts and questions of law"); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 257124, at *1 (N.D. Cal. Jan. 23, 2013) (explaining that trade-secret and patent claims were not bifurcated); *see also Attia v. Google LLC*, 2018 WL 2971049, at *20-21 (N.D. Cal. June 13, 2018) (finding "judicial economy favors" hearing trade-secret and RICO claims together).

Apple argues there will be further delay for appeals of the IPR final written decisions. Br. at 2. Apple's position again contradicts its argument that the stay would not extend beyond the ***current*** trial date. Dkt. 196-1 at 3; Dkt. 217 at 7 n.3, 12. Moreover, Apple's argument is speculative. If Masimo were to prevail, the Court could lift the stay because the "mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight." *Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, at *2, *3 (D. Del. Oct. 19, 2018) (modification in original); *see also Boston Scientific Corp. v. Edwards Lifesciences Corp.*, No. SACV 16-00730-CJC (GJSx), Dkt. 127 at 5 (C.D. Cal. Nov. 15, 2018) (granting motion to lift stay despite pending appeal) (Ex. 108). Even if Apple were to prevail on some claims, Masimo may

---

[4] Plaintiffs also accuse the Series 3 of infringing two patents. Dkt. 296-1 ¶¶ 195, 210.

forego some appeals or seek to proceed on the remaining claims. Apple has no basis for assuming the patent stay will continue past the final written decision in the IPRs.

### III. CONCLUSION

Masimo tried in earnest to complete discovery on schedule under the procedures provided in the Local Rules. These efforts have proven to be ineffective in obtaining discovery from Apple. Masimo respectfully requests the Court modify the schedule to allow fact discovery to continue until August 2022. Masimo also requests the Court appoint one of the special masters that the parties agreed would be acceptable. *See* Dkt. 289 (the parties identifying Judges Guilford and Segal).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 7, 2021

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

35073329