# EXHIBIT 104

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                    (SOUTHERN DIVISION - SANTA ANA)


MASIMO CORPORATION, ET AL,    ) CASE NO: 8:20-CV-00048-JVS-JDEx
                              )
            Plaintiffs,       )           CIVIL
                              )
     vs.                      )     Santa Ana, California
                              )
APPLE, INC,                   )     Thursday, June 3, 2021
                              )
            Defendant.        )     (10:05 a.m. to 12:59 p.m.


       HEARING RE: PLAINTIFFS' MOTION TO COMPEL [DKT.NO.357]


               BEFORE THE HONORABLE JOHN D. EARLY,
                  UNITED STATES MAGISTRATE JUDGE


  ** NOTE:  WORD REDACTED ON PAGE 90 PER ORDER OF THE COURT **



APPEARANCES:              SEE PAGE 2



Court Reporter:           Recorded; CourtSmart

Courtroom Deputy:         Maria Barr

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

-5-

**APPEARANCES:**

For Plaintiffs:        BENJAMIN A. KATZENELLENBOGEN, ESQ.
                       Knobbe Martens Olson & Bear, LLP
                       2040 Main Street
                       14th Floor
                       Irvine, CA 92614

                       ADAM POWELL, ESQ.
                       Knobbe Martens Olson & Bear, LLP
                       12790 El Camino Real
                       San Diego, CA 92130

For Defendant:         JOSHUA H. LERNER, ESQ.
                       Gibson Dunn & Crutcher, LLP
                       555 Mission Street
                       Suite 3000
                       San Francisco, CA 94105

                       ILISSA S. SAMPLIN, ESQ.
                       Gibson Dunn & Crutcher, LLP
                       2029 Century Park East
                       Suite 4000
                       Los Angeles, CA 90067

1      **Santa Ana, California; Thursday, June 3, 2021; 10:05 a.m.**

2                              **(Call to Order)**

3          **THE COURT:**  Good morning, everyone.

4      **(Counsel greet the Court)**

5          **THE COURT:**  We're calling the case of *Masimo
6  Corporation, et al. v. Apple Inc.*, Central District of
7  California Case Number 8:20-cv-48-JVS-JDE.  We're here for the
8  continued hearing on Plaintiffs' Second Motion to Compel, which
9  is Docket Number 357.  We'll now take appearances from counsel,
10 starting with Plaintiffs, please.

11         **MR. POWELL:**  Thank you, Your Honor.  Adam Powell for
12 Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.
13 With me is my partner, Ben Katzenellenbogen.

14         **THE COURT:**  Good morning.

15         And on behalf of Apple?

16         **MR. LERNER:**  Good morning, Your Honor.  Josh Lerner
17 and Ilissa Samplin on behalf of Apple.

18         **THE COURT:**  Good morning.

19         All right.  As I mentioned, we're here for the
20 continued hearing on Plaintiffs' Second Motion to Compel,
21 Docket 357.  I think I went over for our hearing two weeks ago
22 on May 27th what I've reviewed, and I've reviewed all the
23 relevant material.  In addition, there was a supplement or a
24 joint statement filed on June 1st, 2021, at Docket Number 419
25 that indicates that the parties have reached an agreement on

1  Requests for Production Numbers 101, 102, 103, 106, 107, 108,
2  109, and 235 and, therefore, the motion is withdrawn as to
3  those Requests for Production.  And it indicates certain
4  proposals made by Plaintiff as to Requests Numbers 226, 230
5  through 234, 180, 187, 192, 198 through 201, and 203 through
6  206 with the Defendant responding with a counter proposal as to
7  one of them -- I think it was 226.  Yes.
8         Has anything else changed since the filing of the
9  joint statement from Plaintiffs' standpoint?
10         **MR. POWELL:**  Yes, Your Honor.  In preparing for the
11  hearing we did review some of the requests and we've identified
12  some with counsel that I think there's no issue on.  And we've
13  also proposed some compromises on a few other requests based on
14  what we thought the parties had agreed to on the other requests
15  and what might be a reasonable compromise.
16         **THE COURT:**  All right.  So, let me start with what
17  you think agreements have been reached that that would
18  potentially moot further argument and then I'll confer with
19  Defense counsel if they agree.
20         **MR. POWELL:**  Sure.  So, on Requests 191, 197, and
21  202, we believe that --
22         **THE COURT:**  Let me do this.  Just slow down, because
23  I've got like three different places that I've got to jump back
24  and forth.  So, 190 -- say again.
25         **MR. POWELL:**  I apologize, Your Honor.  191.

1   **THE COURT:** You don't have to apologize.

2   **MR. POWELL:** All right, 191.

3   **THE COURT:** Okay.

4   **MR. POWELL:** 197.

5   **THE COURT:** Okay.

6   **MR. POWELL:** And 202.

7   **THE COURT:** Tell me what's the new status of those.

8   **MR. POWELL:** It appears that Apple has agreed to
9   search for all responsive documents and so we would agree that
10  that representation has mooted the motion.

11  **THE COURT:** Let me ask Apple if that's correct.

12  **MS. SAMPLIN:** It is correct, Your Honor, with the
13  caveat we said we were conducting a reasonable and diligent
14  search for all responsive documents. I just want to make sure
15  that we're clear on that.

16  **THE COURT:** Let me be very clear that anything that's
17  ordered and with respect to a request for production is whether
18  you want to say limited to or requires a reasonable and
19  diligent search.

20          So, based on my understanding there is then an
21  agreement and Requests for Production Numbers 191, 202, and 197
22  are moot, the motion as to those three Requests for Production
23  are moot.

24          Mr. Powell, anything further?

25  **MR. POWELL:** Yes, there's two other categories. The

6

1  first is Request for Production Number 82.
2          **THE COURT:** All right.
3          **MR. POWELL:** That request, Apple has agreed to
4  conduct a reasonable search for responsive documents and has
5  limited the request -- or the search to ESI custodian
6  searching.
7          **THE COURT:** All right.
8          **MR. POWELL:** And so that would moot our motion, this
9  particular motion, but we do have another issue about whether
10 that's appropriate that's being discussed for a bunch of
11 different RFPs.  So, we would just like to reserve our right to
12 discuss that issue with the other RFPs on the same issue later.
13         **THE COURT:** Well, what I really want is a clear
14 answer.  Is Number 82 moot or not?
15         **MR. POWELL:** It is moot for this motion, Your Honor.
16         **THE COURT:** All right.  From Apple's standpoint, is
17 it your understanding that the motion as to Request for
18 Production Number 82 is moot?
19         **MS. SAMPLIN:** Well, it's moot, Your Honor, if we have
20 an agreement that we're limiting our search to ESI, meaning
21 search terms and custodians, but what I hear I think, it wasn't
22 clear to me --
23         **THE COURT:** So, the answer's no.  Is that correct?
24 You don't understand that it's moot and we'll have to have a
25 hearing on it.

1        **MS. SAMPLIN:**  I'm actually not sure, Your Honor.

2        **THE COURT:**  All right.

3        **MS. SAMPLIN:**  Because I didn't understand what
4   Mr. Powell was just saying about wanting to reserve the right
5   to deal with something later.  I'm not sure what he means.  I
6   thought we had reached agreement before this conference that it
7   was moot, but he seems to be saying he's reserving some right
8   to raise something later and I just don't know what that
9   something is.

10       **THE COURT:**  Mr. Powell, here's what I need to know.
11  Do I have to have a hearing, are we having a hearing today on
12  Request for Production Number 82, or have the parties reached
13  an agreement as to Request for Production Number 82?

14       **MR. POWELL:**  I don't think we need a hearing as to 82
15  at this time.  This is just --

16       **THE COURT:**  I mean really be very clear.  Without
17  wiggle room, okay -- I'm here to make decisions.  It's okay if
18  you want a decision or a ruling on something.  But the I don't
19  think and at this time, now is the time and not think maybe,
20  yes or no, are we going to go forward with a hearing on
21  Number 82?  I'm happy to do it either way.

22       **MR. POWELL:**  No, Your Honor, and I just want to
23  explain why for me.  The only reason is that this issue that
24  I'm discussing has not been briefed to the Court and so we
25  don't think it's an issue the Court needs to decide.  There's

1   **MR. LERMA:** It would still -- go ahead.

2   **MS. SAMPLIN:** Yeah. I was just going to say, the

3   reason we agreed to the modification for 235 because it was a

4   disclosure to Apple regarding pulse rate or oxygen saturation

5   by any former employee. So I think that's their argument.

6   They --

7   **THE COURT:** But this is developed or manufactured.

8   That seems even more restrictive than coming from Plaintiffs

9   which could be all sorts of different things.

10   **MS. SAMPLIN:** But it's all the former employees. And

11   so that's I think it still suffers from the overbreadth.

12   **THE COURT:** Isn't Number 235 all former employees?

13   **MS. SAMPLIN:** Right, but disclosed to Apple. So

14   we're searching in Apple's files for things that were

15   disclosed.

16   **THE COURT:** If I got rid of any former employees it

17   wouldn't narrow this at all.

18   **MR. LERMA:** No I mean that's -- there's all these

19   "or's". But to Your Honor's point, it wouldn't just be

20   marketing; it would be anything about since it's developed or

21   manufactured, it's anything about any of their products. Full

22   stop.

23   **THE COURT:** Well, pulse rate or oxygen saturation

24   technology.

25   **MR. LERMA:** But that's what their products do. They

1  don't anything else.
2          **THE COURT:**  Excluding marketing materials.
3          **MR. LERMA:**  Right.  Even if you exclude marketing
4  materials, it's still everything related to their products.  We
5  just could not find a way to fix it.
6          **THE COURT:**  Why would you have things relating to
7  their products other than in the marketing that we talked about
8  earlier?
9          **MR. LERMA:**  Because we sell them and have for --
10         **THE COURT:**  That's marketing material.
11         **MR. LERMA:**  And I think part of the --
12         **THE COURT:**  That's what we're --
13         **MR. LERMA:**  No, not just mark -- we have
14  everything --
15         **THE COURT:**  Anything relating to sales or marketing.
16         **MR. LERMA:**  What's that?
17         **THE COURT:**  Excluding sales or marketing.
18         **MR. LERMA:**  That's my point is there's a whole
19  universe when you sell something that has nothing to -- we're
20  not just engaged in the sales -- the marketing.  We actually
21  have the store.  And so there's communications about how much
22  of these do you want?  How much are you paying?  When are you
23  getting them?  There's all this stuff that has nothing to do
24  with the case.
25         And just to give Your Honor some idea, the stuff that

1  we're talking about of theirs is a thing that goes on your

2  finger.  And then in many instances it connects to a phone,

3  including ours.  So we're talking about a large universe of

4  stuff with 234 that we couldn't find a way to fix that doesn't

5  have anything to do with the case.

6              **THE COURT:**  All right.  Anything further from

7  Plaintiffs on 234?

8              **MR. POWELL:**  Not unless Your Honor has any questions

9  for us.

10             **THE COURT:**  Well, I'm probably going to deny the

11 motion.  So if you have anything you want to add, add it now,

12 just as to 234.

13             **MR. POWELL:**  Okay.  Thank you, Your Honor.

14             I would think that the pulse rate and oxygen

15 saturation limitation is more than appropriate.

16             And Counsel has identified sales and marketing

17 documents as being a problem and we can easily exclude those.

18 And that is, again, after discussing about excluding those,

19 Counsel mentioned that documents about how many products are

20 purchased and how many products are shipped to stores and that

21 kind of thing, those are, again, part of the sales and

22 marketing.

23             If it helps, we can change this to exclude nonpublic

24 -- or I'm sorry, to include only nonpublic documents and

25 exclude any of these public documents that might be out there

1  that they're referring to.

2          But I do think this is directly relevant.  It's

3  similar to what they agreed to on 235.  And I do think it is

4  appropriate.

5          **MR. LERMA:**  It's not remotely.

6          **THE COURT:**  Whoa, whoa, whoa, I'll let you know if I

7  need to hear further argument.

8          **MR. LERMA:**  Apologies.

9      **(Pause)**

10         **THE COURT:**  I'm going to add 234 to the Category 9,

11 that you folks are to meet and confer further on this to see

12 whether since we're really talking about what needs to be

13 excluded from an otherwise broadly relevant but argument is

14 overbroad request, that you folks are to meet and confer

15 further with respect to 234.

16         It's denied without prejudice, following the meet and

17 confer, to Plaintiff filing a notice that it could not be

18 resolved.

19         **MR. POWELL:**  Understood, Your Honor.

20         **THE COURT:**  I'm working my way backwards to make sure

21 I've got everything down.

22     **(Pause)**

23         All right.  Adding Number 5, 67 through 70,

24 155 through 157 or 67 through 69, it's denied.

25         70 is denied but it's subject to what's been

**EXCEPTIONAL REPORTING SERVICES, INC**

**EXHIBIT 104**
**-14-**

1  confirmed at the hearing with that Apple will comply as

2  modified to replace "accused of infringement" with "Plaintiffs'

3  trade secret disclosures".

4             As to 155, that's a deny.

5             166 -- is a grant -- I'm sorry.

6             156 is a grant;

7             And 157 is a grant but with the reference to, "or any

8  other government agency," stricken.

9             Roman Numeral 4, 165 to 170.

10            165, and reworded, "All documents and things

11 reflecting an intent by Apple to investigate for commercial use

12 technology based on Masimo's MightySat Pulse Oxsimeter".

13            And similar for 166, with the difference being the

14 iSpO2 Pulse Oximeter.  So those are both granted as reworded.

15            And the motion is denied as to 167, 168, 169 and 170.

16            Moving back to heading Roman Numeral 3, I think these

17 have largely been withdrawn, except for 104 and 105 which were

18 denied.  And the basis for the denial was overbreadth, not

19 reasonably calculated or not proportional to the needs of the

20 case, and not sufficiently reasonably narrowly tailored with

21 respect to 104 and 105.

22            And then finally, Category Heading Roman Numeral 2:

23            Number 82, that has been withdrawn as moot.

24            Number 98, also withdrawn.

25            Number 99, also withdrawn.

1   Number 107 was withdrawn in the filing on Tuesday.
2   163 is also withdrawn.
3   And 164 is a grant.  And I don't think there was any
4 change to the language of 164.
5   **MS. SAMPLIN:**  No, there was not, Your Honor.
6   **THE COURT:**  Yes, so 164 is a grant.
7   What's a reasonable time to make production or
8 respond to Interrogatory Number 10?  I think, Plaintiffs, you
9 asked for 14 days on the motion.
10   Is there any separate request based on the current
11 status of the case?
12   **MR. POWELL:**  I think we would leave it with our
13 request on the motion.
14   **THE COURT:**  Okay.  Mr. Lerner, do you want to be
15 heard on the amount of time needed to comply?
16   **MR. LERMA:**  On the -- on the -- sorry for pausing for
17 a second.
18   On the interrogatories -- on the interrogatory, two
19 weeks works.
20   **THE COURT:**  All right.  What about the production of
21 documents?
22   **MR. LERMA:**  Given the number that we are talking
23 about here and the ongoing discussions about terms and
24 custodians, that is obviously more difficult, particularly
25 because some of these, as Your Honor has indicated, are

**EXCEPTIONAL REPORTING SERVICES, INC**

**EXHIBIT 104**
-16-

1   substantial.  I certainly think we --

2           **THE COURT:**  Let me interrupt.

3           As of this moment your discovery cutoff is July 5th?

4           **MR. LERMA:**  Yep.

5           **THE COURT:**  I wouldn't want to set it out beyond

6   then.

7           **MR. LERMA:**  Understood.

8           **THE COURT:**  July 5th is I think it's a federal

9   holiday; it may not be a holiday for the entire entirety of

10  folks but how about today is the 3rd; how about by Friday, June

11  21 which would be 22 days.  And obviously if the parties get an

12  extension of the discovery cutoff, they can agree amongst

13  themselves to extend the dates.

14          **MR. KATZENELLENBOGEN:**  Your Honor, I believe that's a

15  Monday.

16          **THE COURT:**  I'm sorry.  June 25.  What did I say?

17          **MR. LERMA:**  June 25th works, Your Honor.  Obviously

18  we'll confer with counsel if there's --

19          **THE COURT:**  You don't need an extension if it's

20  granted by the other side if for whatever reason as you work

21  things out you discover more time is needed.

22          All right.  So why don't -- I'll leave the

23  Interrogatory Number 10 supplemental response due by June 17th,

24  and any further production of documents due by June 25th, and

25  the parties may, on their own without coming to court, grant

```
 1  extensions for such further responses as they may agree.
 2          Is there anything further that we should take up on
 3  this motion, Number 357?
 4          MR. POWELL:  Nothing from Masimo, Your Honor.
 5          THE COURT:  And from Apple?
 6          MR. LERMA:  No, Your Honor, thank you for your time.
 7          THE COURT:  All right.  Thank you.  You-all have a
 8  good day.
 9          MR. LERMA:  You too.
10          MR. POWELL:  Thank you, Your Honor.
11      (Proceeding adjourned at 12:59 p.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

|  |  |
| --- | --- |
| _____ | **June 5, 2021** |
| Signed | Dated |

*TONI HUDSON, TRANSCRIBER*