# EXHIBIT 106

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Alan G. Laquer
Alan.Laquer@knobbe.com

May 24, 2021
via email

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
ISamplin@gibsondunn.com

   Re:  Masimo v. Apple, case no: 20-cv-00048

Dear Ilissa:

I write in response to your letter of May 21, 2021. It appears that Apple is still doing its best to try to cut off its discovery obligations.

**Case Scheduling**

Plaintiffs have never proposed an "interim stay" while motions about the case schedule are briefed. Plaintiffs suggested that the parties agree on an interim *extension*. Such an extension would simply extend the current case schedule by 1-2 months to allow time for the Court to address Plaintiffs' motion to extend the case schedule. Plaintiffs did not suggest that the parties "effect their own stay." Instead, we suggested that the parties file a joint request to modify the Scheduling Order to enter the agreed upon extension. Your letter does not address Plaintiff's proposal for an interim extension.

We disagree with your proposal that an interim extension should add dates for the exchange of ESI discovery parameters, scheduling of depositions, substantial completion of document discovery, and depositions. That proposal includes fundamental changes to the Scheduling Order beyond simply extending current dates to preserve the status quo while the matter is briefed. For example, Apple seeks to impose dates for Plaintiff's to serve its 30(b)(6) notice, final ESI search terms, deposition schedule set, and substantial completion for document production. These activities are not included in the current Scheduling Order, and we do not agree they should be added to it, especially as part of an interim extension that should be preserving the status quo. Apple is again attempting to cut off discovery.

Moreover, your proposed timing is unworkable. For example, Apple proposes June 4, 2021 as the deadline for Final ESI search terms. However, Apple's terms are currently overbroad. Given the number of custodians, large volume of ESI documents, and large number of search hits, it takes up to a week of machine time just to run revised terms across Plaintiffs' custodians. Given the incremental approach Apple has taken to narrowing its terms, we doubt Apple's ability to sufficiently narrow its search terms by June 4, 2021. Plaintiffs cannot agree to finalize and run Apple's search terms based on an arbitrary date, rather than based on the reasonableness of the search results. As a further example, Apple schedules 21 days between final ESI search terms and substantial completion for document production. As you are aware, Apple's current terms hit on millions of documents. Three weeks is not sufficient to review and produce that many documents.

INTELLECTUAL PROPERTY + TECHNOLOGY LAW | knobbe.com

EXHIBIT 106
-37-

**Knobbe Martens**

Ilissa Samplin<br>Page 2

Your letter reiterates Apple's previous position on the schedule. It does not appear that Apple has modified its prior proposal. At the hearing last week, Apple suggested that it may also file its own competing motion to adjust the schedule. We do not understand why Apple would suggest doing that when it should simply oppose Plaintiffs' motion. Please explain the relief Apple intends to seek and why it believes that is properly presented as a separate motion.

We are willing to meet and confer to discuss the appropriate length of an interim extension while the matter is briefed. However, we maintain that any interim extension should merely preserve the status quo rather than add new deadlines.

### Depositions

Apple is attempting to draw an artificial distinction between "reserving" a date and "confirming" a date. Plaintiffs told Apple many times that they intended to move forward with the depositions on the dates provided by Apple. If Apple believed there was some ambiguity, Apple should have identified the ambiguity rather than simply repeated its incorrect understanding of our position.

My email to you on May 19, 2021 explained in detail the ways in which your declaration failed to satisfy the elements that Judge Early's Order required in order to grant Apple's *ex parte* application to force remote depositions. Your letter of May 21 fails to respond. Your letter ignores that the Order required that the deponent-employee "has been advised by Apple that the deponent-employee will be required by Apple to continue to work remotely for the next 60 days." Your letter also ignores that several of Apple's deponent-employees have worked in-person for Apple in the preceding 30 days, including through attending in-person work meetings. Your letter also ignores that you did not speak or receive an electronic communication directly from any of the deponents-employees, as required by the Order. Your letter states that Judge Early did not "endorse Plaintiffs' position," but notably does not address Apple's position. Our recollection is that Judge Early made clear that his Order included specific language that Apple needed to satisfy. Deviating from his Order resulted in a denial, albeit without prejudice to Apple presenting specific reasons why a particular deposition should be taken remotely. Plaintiffs maintain that Apple's *ex parte* application was denied for all 11 deponent-employees.

Nevertheless, as we explained at the hearing, we are willing to discuss taking some depositions remotely if some of the witnesses have a legitimate reason for not wanting to appear in person. As Judge Early suggested, we do not believe this should necessarily be an "all or nothing" proposal. Plaintiffs also requested that Apple explain its position in advance of that meet and confer. We remain interested in understanding Apple's position.

Plaintiffs have repeatedly offered to provide Apple with 30(b)(6) topics so long as Apple does not contend that prejudices Plaintiffs' ability to serve additional 30(b)(6) topics. Your letter continues to ignore that offer, and instead mischaracterizes our position as being unwilling to serve 30(b)(6) topics. Given the extensive discovery that remains, including document production and individual depositions, it is unreasonable to demand that Plaintiffs finalize their 30(b)(6) topics at this time. Apple has no authority for its attempt to require that Plaintiffs serve any 30(b)(6) topics—much less all of them—before taking individual depositions pursuant to 30(b)(1). Indeed, Apple's attempt to impose that novel theory contradicts common deposition practice in which 30(b)(6) topics are served well after individual depositions occur. Apple has taken the position that Plaintiffs may serve only a single 30(b)(6) notice containing all of their topics. If Apple instead agrees not to dispute that Plaintiffs may later serve additional 30(b)(6) topics, then Plaintiffs will gladly serve their existing topics now. Again, Apple's positions appear to be nothing more than an attempt to cut off discovery.

knobbe.com

**EXHIBIT 106**<br>**-38-**

**Knobbe Martens**

Plaintiffs have worked hard to arrange for their deponents to be available for Apple to depose. Apple complains that Plaintiffs provided dates as early as this week, but we were merely trying to provide dates at approximately the same time as Apple's noticed dates. We are happy to ask for additional dates further out if you like. Your complaint regarding depositions occurring before document production is a result of Apple requesting excessive document search terms that hit on millions of documents and being unwilling to narrow its search terms. We agree it is more efficient to take depositions after receiving substantial document productions concerning the deponents, but that is not possible under the current schedule or Apple's proposal. We also did not assert that Apple must "agree not to seek second depositions of those witnesses." Rather, we summarized our understanding of ***Apple's*** position that ***neither*** party can take second depositions after documents are produced. We understand from your letter that Apple will not be taking depositions of Plaintiffs' witnesses on the dates that we previously provided or makings its own witnesses available for depositions on the dates that Apple previously provided.

We also continue to disagree with your attempt to characterize the parties' dispute on Mr. Oetting's deposition. Among other things, Apple never told us that it finished producing Mr. Oettings non-ESI documents until very recently. We also do not agree with your assertion that we delayed providing search terms between February 24 and March 12. Once it became clear the parties would exchange terms and hit counts for several custodians, we reasonably addressed all custodians at once. We are still anxiously awaiting receipt of Mr. Oetting's documents and dates for his deposition.

**Meet and Confer**

Plaintiffs are available to meet and confer tomorrow. Please provide Apple's complete availability so that we can identify a time that works.

Sincerely,

Alan G. Laquer

knobbe.com

EXHIBIT 106
-39-