# EXHIBIT 108

# JS-5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORP., et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARDS LIFESCIENCES CORP., <br><br> Defendant. | Case No.: SACV 16-00730-CJC (GJSx) <br><br><br> **ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO LIFT STAY** |

**I. INTRODUCTION & BACKGROUND**

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (together, "Boston"), initiated this patent infringement action against Defendant Edwards Lifesciences Corporation ("Edwards") on April 19, 2016. Boston alleges infringement of six patents divided into two families: (1) the "crimper patent" (U.S. Patent No. 6,915,560) and (2) the "catheter patents" (U.S. Patent Nos. 6,007,543, 6,203,558,

6,371,962, 6,712,827, and 8,709,062). These patents protect certain products used in Boston's transcatheter aortic valve implantation (TAVI) device. (Dkt. 64 at 2–3.) Edwards brought counterclaims against Boston seeking a declaration that the crimper and catheter patents are invalid. (Dkt. 49.)

After Boston filed this patent infringement action, Edwards filed petitions for *inter partes* review ("IPR") with the United States Patent and Trademark Office ("PTO"). *See* 35 U.S.C. §§ 311 *et seq*. Anyone who is not the patent owner may petition for IPR to cancel one or more claims of a patent. *Id.* § 311(b). If the PTO decides to grant a petition, the PTO begins, or "institutes," IPR of the patent. *Id.* § 311(a). Once a petition is instituted, the PTO must conclude IPR within one year, with a possible six-month extension for good cause. *Id.* § 316(a)(11).

The PTO instituted IPR on the crimper patent on June 29, 2017. (Dkt. 104 at 2.) On July 31, 2017, Edwards filed a motion to stay the case pending the PTO's IPR determinations, (Dkt. 63), which the Court granted, (Dkt. 95). The Court directed the parties to notify the Court when the PTO had made its determinations on the pending IPR petitions. (*Id.*) By October 25, 2017, the PTO had denied Edwards' IPR petitions on five of the six catheter patents. (Dkt. 104 at 2.) As to the '062 catheter patent, the PTO granted Edwards' petition with respect to some of the claims, but denied the petitions on claims 8, 16, and 22. (*Id.*)

On November 7, 2017, Boston filed a motion to lift the stay in light of the PTO's determinations regarding some of Edwards' IPR petitions. (Dkt. 104.) On December 1, 2017, the Court denied Boston's motion and directed the parties "to notify the Court upon **final** resolution of the IPR." (Dkt. 110 at 7 [emphasis in original].) Boston dropped certain patent claims but continued to assert claims 8, 16, and 22 of the '062 catheter patent for which the PTO did not institute IPR.

     In April 2018, the PTO revisited its '062 catheter patent decision and instituted review of claims 8, 16, and 22. (Dkt. 112 Ex. 3.) Before the PTO issued its final decision, Boston renewed its motion to lift the stay. (Dkt. 111-1.) The Court again denied Boston's request. (Dkt. 116.) Although the PTO had issued its final decision on the crimper patent, it had not yet issued a final decision as to claims 8, 16, and 22 of the '062 catheter patent. IPR of these remaining claims, the Court reasoned, could further "simplify the issues" in the instant litigation and therefore justified continuing the stay. (*Id*. at 5.) The Court, however, declined Edwards' request to maintain the stay until the Federal Circuit reviewed Edwards' appeals of the PTO's final decisions. (*Id*. at 6 ["The possibility of simplification from the Federal Circuit appeal is too speculative to justify extension of the stay on that ground alone."].)

     On October 12, 2018, the PTO issued its final written decision in the IPR of the '062 catheter patent, finding that claims 8, 16, and 22 are valid. (Dkt. 117.) On October 24, 2018, Edwards appealed the PTO's decision to the Federal Circuit. Because the PTO has resolved all of the pending IPRs on which the stay was premised, Boston filed the instant renewed motion to lift the stay. (Dkt. 121-1 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

**II. DISCUSSION**

     Edwards asserts that the stay should remain in effect until the Federal Circuit reviews the PTO's final decision on appeal. (Dkt. 123 at 2.) Edwards contends that the timeline of that appeal is "definite" because the Federal Circuit has set a briefing schedule and oral argument is calendared for early February 2019. (*Id*. at 1.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 26, 2018, at 1:30 p.m. is hereby vacated and off calendar.

-3-

**EXHIBIT 108**
-44-

Accordingly, Edwards claims that the "Court's prior concerns regarding the indefinite timeline" of the appeal process "have been resolved." (*Id.* at 3.) The Court disagrees.

District courts have the inherent power to manage their dockets and stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). By the same token, "[t]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *See Indep. Living Ctr. of S. Cal. v. Douglas*, 2012 WL 1622346, at *2 (C.D. Cal. May 8, 2012) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)). In determining whether a stay pending patent reexamination is appropriate, courts generally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). Ultimately, however, "the totality of the circumstances governs." *Id.* at 1031.

The purpose of the original stay has been satisfied. The Court directed the parties to notify the Court upon "final resolution" of the pending IPRs before the PTO. On October 12, 2018, the PTO issued its final decision on the only pending IPR of patents at issue in this litigation. As the Court noted in its August 9, 2018 Order, the possibility of simplification from the appeal pending before the Federal Circuit is too speculative to justify extension of the stay on that ground alone. (*See* Dkt. 116 at 6.) The chance "that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds." *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *7 (C.D. Cal. Mar. 8, 2018)

(citing *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627 (E.D. Tex. 2017)). Given that the Federal Circuit declined Edwards' request to issue a decision "within three months of oral argument," (Mot. at 3), the appeal process is far from "definite." According to Federal Circuit data, the average time from oral argument to decision is approximately half a year. (Dkt. 126-1 at 5.) Waiting for a decision from the Federal Circuit subjects the present action to the indefinite timeline of the appeal process in exchange for an uncertain or unlikely possibility of further simplification of the issues.

## III. CONCLUSION

In light of the totality of the circumstances, the Court finds that a stay is no longer warranted. For the foregoing reasons, Boston's renewed motion to lift the stay is **GRANTED**. The Court hereby **DIRECTS** the parties to meet and confer and file a revised proposed scheduling order within **FOURTEEN DAYS**.

DATED:   November 15, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE