Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DENY ACCESS TO CONFIDENTIAL INFORMATION TO DR. MARCO PEREZ**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date: Thurs., June 24, 2021<br>Time: 10:00 a.m.<br>Ctrm: 6A<br><br>Discovery Cut-Off: 7/5/2021<br>Pre-Trial Conference: 3/21/2022<br>Trial: 4/5/2022 |

Pursuant to Local Rule 37-2.3, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly "Masimo") hereby submit this supplemental memorandum in support of their Motion to Deny Access to Confidential information to Dr. Marco Perez.

## I. APPLE'S ARGUMENTS ARE BASED ON THE FALSE PREMISE THAT MASIMO OBJECTS TO PEREZ'S *PAST* ACTIVITIES.

Apple incorrectly asserts that Masimo objects to Dr. Perez because he previously designed a clinical protocol for Apple. *See* Jt. Stip. at 12:24-26. Masimo did not raise a concern that Dr. Perez will somehow use something he learns in this case in connection with work he did in the past. Nor would the restrictions that Masimo proposed on Dr. Perez's ***future*** activities affect anything he did in the past. Masimo's concerns are based on Dr. Perez's future activities, particularly his future work designing and developing clinical research protocols.

Dr. Perez's past clinical research, including his past clinical research for Apple, combined with Apple's assertion that this is what he does for a living, provides an indication of the type of clinical research protocols he is likely to design in the future absent additional restrictions. That is why Masimo proposed that Dr. Perez refrain from developing clinical research protocols in the subject areas for which he receives such materials during the pendency of this case and for two years thereafter. Doing so would resolve this dispute because it would lessen the risk of inadvertent use of Masimo's trade secrets and other confidential information.

## II. DR. PEREZ SHOULD NOT ACCESS MASIMO'S CLINICAL RESEARCH TRADE SECRETS AND CONTINUE DESIGNING CLINICAL PROTOCOLS

Apple incorrectly asserts that Masimo does not "connect any specific facts about [Masimo's] alleged secrets to any work that Dr. Perez has or even might conduct." Jt. Stip. at 4:9-11. Apple similarly asserts that Masimo does not "describe what specific information could be used" or "how it could be used" by Dr. Perez. *Id.* at 20:5-6. Apple also claims that Masimo's objection is based on Dr. Perez accessing "*unspecified* clinical protocols used for *undescribed* purposes—not one of which is before this Court and not

-1-

one of which is described by a competent declarant[.]" Jt. Stip. at 18:23-19:1. All of these claims are false.

Apple ignores that Masimo objected to Dr. Perez accessing Masimo's trade secrets (and related confidential information) for conducting clinical research because Apple admits that Dr. Perez is involved in *designing* protocols for conducting clinical research. Masimo expressly described these trade secrets in the Fourth Amended Complaint (as well as Masimo's trade secret identification). *See, e.g.*, 4th A.C., Dkt. 296-1, ¶ 44(5). Judge Selna denied Apple's Motion to Dismiss this trade secret, because it "builds on Trade Secret 44.4" and Apple failed to support its "mere assertion that such a system is the same as matters known to those skilled in the trade." Dkt. 361, p. 6.

Apple also incorrectly suggests that the Court need not worry about Dr. Perez's potential use of Masimo's trade secrets and other confidential information because Apple asserts Dr. Perez will be "addressing [Masimo's] alleged 'business and marketing' and hospital interaction trade secrets, not source code[.]" Jt. Stip. at 23:11-13. Apple has no basis for arguing its expert should have access to Masimo trade secrets and other confidential information that he could potentially use in designing protocols for competitive research regardless of whether that information includes source code or algorithms. *See id.* The law protects both technical and non-technical trade secrets. Apple appears to be arguing that Masimo's Trade Secret 44.5 and related confidential information cannot derive economic value from not being generally known, and thereby trying to use a discovery motion to seek reconsideration of Judge Selna's Order identifying 44.5 as a potentially protectable trade secret. That is improper.

Apple argues that every clinical protocol is "unique," and Dr. Perez will design future protocols based on all information available to him, not based on prior protocols. *See* Jt. Stip. at 19:16-19. Again, that is not the issue. Masimo's Trade Secret 44.5 involves information that is potentially applicable to many clinical protocols, including ones Dr. Perez may design in the future. If Dr. Perez learns about how Masimo conducts and formulates its clinical research, he should not be allowed to contemporaneously

design research protocols in the subject areas for which he receives such materials because "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980).

Apple also argues that Dr. Perez "is addressing [Masimo's] alleged 'business and marketing' and hospital interaction trade secrets" in an attempt to argue that the trade secrets Dr. Perez may review differ from Dr. Perez's areas of research. *See* Jt. Stip. at 23:11-12. But Masimo's "hospital interaction" trade secrets include Trade Secret 44.5, which describes how Masimo conducts clinical research. *See* 4th A.C., Dkt. 296-1, ¶ 44(5). Dr. Perez can either access Masimo's confidential information about that trade secret, or continue designing protocols for conducting clinical research that could benefit from knowing that trade secret. He should not be allowed to do both.

Apple's reference to the consulting activities of Masimo's expert Mr. Goldberg is particularly curious. *See* Jt. Stip. at 18:3-6. Apple initially objected to Mr. Goldberg, but withdrew its objection based on Masimo's representation that Mr. Goldberg's "only consulting activities at this time are in the area of expert witness and litigation support" and his past research "is complete and none is ongoing." Ex. 11, pp. 1-2 (attached to the Supplemental Declaration of Perry D. Oldham, filed concurrently). The difference between experts who are actively researching and those who are not is critical, and highlights why Mr. Goldberg is an appropriate expert witness and Dr. Perez is not.

### III. MASIMO PROPERLY APPLIES SECTION 9.2(C)

Apple also argues that Masimo misreads Section 9.2(c) of the Protective Order. *See* Jt. Stip. at 26:1-27:2. However, Section 9.2(c) does not support Apple. First, Apple incorrectly suggests that Section 9.2(c) does not apply to Dr. Perez at all because he is or was a "consultant." Section 9.2(c) allows a party to object to an expert whenever "good cause exists to object to the disclosure of Protected Material to the outside expert or consultant." Dkt. 67 § 9.2(c) at 15:6-9. The Protective Order does not exempt consultants from scrutiny. Moreover, Dr. Perez expressly agreed "not to review

algorithms[.]" Jt. Stip. at 4:22, 12:1-4. This rebuts Apple's suggestion that the Protective Order does not allow additional limitations on experts or consultants. The only issue is whether Masimo's additional proposed restriction on designing research protocols is also appropriate. As discussed above, it is.

Second, Apple incorrectly asserts that the categorical prohibitions in Section 9.2(c) do not apply to Dr. Perez. Section 9.2(c) prohibits experts from receiving confidential information if they are "an officer, director, or employee of a Party or of a competitor of a Party." Dkt. 67 § 9.2(c). To the extent Dr. Perez were to design clinical protocols on behalf of Stanford University for a commercial enterprise (or directly for a commercial enterprise), then Dr. Perez would be its employee. Likewise, Stanford (or the commercial enterprise) would be a competitor of Masimo with respect to Masimo's trade secret for conducting clinical research. Thus, Section 9.2(c) would categorically preclude Dr. Perez from reviewing Masimo's confidential information unless he provides assurances that he will not design research protocols for a commercial enterprise if he receives access to this same type of information from Masimo.

Third, Apple focuses only on the categorical prohibitions listed at the beginning of Section 9.2(c). A later portion of Section 9.2(c) expressly allows objections for any reason constituting "good cause." *Id*. Thus, regardless of whether the categorical prohibitions in Section 9.2(c) bar Dr. Perez from reviewing confidential information, the section provides this Court with discretion to exclude him for good cause. Masimo has established good cause in the absence of Masimo's requested assurances.

### IV. MASIMO IS NOT EXCLUDING ALL EXPERTS WITH EXPERIENCE IN DESIGNING CLINICAL PROTOCOLS

Apple inaccurately asserts that, under Masimo's proposed restrictions, "Apple cannot have an expert with experience related to the alleged secrets to assist it in the case[.]" Jt. Stip. at 3:16-17. Apple's own arguments belie this assertion. Apple asserts that "'the nature of [Masimo's] suit requires inquiry into the state of the art ***during a prior time period***,' and Dr. Perez's 'involvement in the … industry ***during that period***

-4-

is important to [Apple's] defense.'" Jt. Stip. at 24:24-25:2 (quoting *Santella*, 2012 WL 5399970, at *8) (emphases added). Masimo has no objection to Apple retaining an expert, including Dr. Perez, who designed clinical research protocols during any "prior" time period. Masimo's only objection is to Apple using experts who want to **continue** doing so after receiving Masimo's confidential information that reveals Masimo's approach to such research. Masimo asks only that Apple retain an expert who either no longer actively participates in doing so or would be willing to refrain from doing so for a reasonable time. *See* Jt. Stip. at 10:20-24. Despite Apple's rhetoric, Apple offers no evidence that there is any absence of such experts. *See id.* at 25, n.11 (asserting Apple need not make any such showing).

Apple appears to acknowledge there are plenty of such experts available when it asserts that, under Masimo's requested restriction, "Apple is left hiring someone who no longer does clinical research[.]" Jt. Stip. at 25:18-19. That appears to be entirely consistent with Apple's argument at the top of the same page of the Joint Stipulation that the "important" time period is some unidentified "prior time period"—not today. Jt. Stip. at 24:24-25:2.

Apple hyperbolically asserts that Masimo's "proposed restrictions would prevent Apple from using *any* practicing doctor who participates in even tangentially relevant clinical studies." Jt. Stip. at 25:11-13. That is false. Masimo's Proposed Order would not restrict Dr. Perez, or any other expert, from practicing medicine or participating in clinical studies where the protocol was designed by others. *See* Dkt. 434-1. It would only prevent an expert, who receives confidential material that relates to the **development or design** of clinical protocols, from "develop[ing], or contribut[ing] to the development, of clinical protocols in the subject areas for which he receives such materials." *Id.* Moreover, that restriction would only apply during this case and for two years thereafter. That would not prevent Dr. Perez, or any other expert, from practicing medicine or participating in clinical protocols designed by others.

/ / /

-5-

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: June 10, 2021 | By: */s/ Perry D. Oldham*<br>Joseph R. Re<br>Stephen C. Jensen<br>Benjamin A. Katzenellenbogen<br>Perry D. Oldham<br>Stephen W. Larson<br>Mark D. Kachner<br>Adam B. Powell |
|  | Attorneys for Plaintiffs<br>MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC. |

35102278