## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:** Order Re: Plaintiffs' Motion to Deny Access to Confidential Information to Dr. Marco Perez (Dkt. 434)

On June 3, 2021, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") filed a Motion to Deny Access to Confidential Information to Dr. Marco Perez ("Dr. Perez"), with a Local Rule 37 joint stipulation and supporting and opposing declarations and exhibits. Dkt. 434 ("Motion"), 435 ("Joint Stipulation" or "Jt. Stip."), 434-1, 435-1 to 435-3. The parties met and conferred on the issues raised in this Motion on May 14, 2021.[1] See Motion; Jt. Stip. at 6 (citing Dkt. 435-1 ¶ 2), 14 (citing Dkt. 435-2 ¶ 3) (original pagination used unless stated otherwise).

Dr. Perez, one of Defendant's proposed experts, is an "Associate Professor in Cardiovascular Medicine at Stanford University as well as a Director of Stanford's Inherited Cardiac Arrhythmia Clinic and Electrocardiography Department." Dkt. 435-3 ¶ 3. Dr. Perez has "overseen numerous clinical studies as a Principal Investigator [("PI")] or Co-PI for the [National Institutes of Health], Apple, AHA, Robert Wood Johnson, Weston Havens Foundation, Stanford, the Gooter Foundation, and others." Id. ¶ 9. Dr. Perez was a Co-PI "for the Apple Heart Study, which concluded over two years ago on February 21, 2019." Id. ¶ 7. Dr. Perez explains that the Apple Heart Study's

> goals were to measure the ability of the Apple Watch to detect new onset atrial fibrillation using long-term intermittent photoplethysmogram monitoring. My

---

[1] Although the parties spend considerable portions of the Joint Stipulation arguing on whether the May 14, 2021, meet and confer was timely, the Court exercises its discretion to consider the Motion on its merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

> role as Co-Principal Investigator was to design the project and analyze and interpret results of the study. I did not act as a strategic or competitive decisionmaker in this role, nor did I do so in my consulting work for Apple.

Id. Dr. Perez also states that "[i]n some of [his] roles" as PI or Co-PI of a clinical study, he "was required to maintain confidentiality of various information, including details of clinical study design, software algorithms and study results." Id. ¶ 9. In addition, Dr. Perez has signed Exhibit A to the Protective Order (Dkt. 67) and, "in response to Plaintiffs' objections," agreed to "refrain from reviewing algorithms for calculating heart rate, oxygen saturation, electrocardiograms, or arrhythmia detection that they designate confidential or highly confidential in this matter." Id. ¶ 11.

On June 10, 2021, Plaintiffs filed a Supplemental Memorandum in support of the Motion. Dkt. 446. The Motion is thus fully briefed. The Court finds this matter may appropriately be decided without oral argument and thus vacates the hearing set for June 24, 2021.

Paragraph 9.2(c) of the Protective Order currently in force in this action ("Paragraph 9.2(c)") provides that a party may "disclose any information or item designated 'CONFIDENTIAL,'" unless "ordered by the court or permitted in writing by the Designating Party," to

> Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, including the expert's support staff, provided that: (1) such consultants or experts are not presently an officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party and (2) such expert or consultant is not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

Dkt. 67 at 13-14. Under Paragraph 9.2(c), if the producing party objects to disclosing its Protected Material to the receiving party's consultant or expert, and the parties are unable to resolve the objection, the producing party, as the objecting party, has "the burden of proving" to the Court "the need for a protective order." Id. at 15. Paragraph 9.3 of the Protective Order relates to information or items designated "HIGHLY CONFIDENTIAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

— ATTORNEYS' EYES ONLY" and adopts the conditions stated in Paragraph 9.2(c). See id. at 17.

Plaintiffs here ask the Court to sustain their objections under Paragraph 9.2(c) to Dr. Perez's "access to Plaintiffs' confidential information without further restrictions on his future work," because "Dr. Perez has a history of developing clinical research protocols, including the recent Apple Heart Study for Apple." Jt. Stip. at 1 (citing Dkt. 453-1, Ex. 1). Additionally, "Apple has made clear he has every intention to continue developing clinical research protocols in the future." Jt. Stip. at 8. Plaintiffs thus

> have grave concerns that Dr. Perez may develop clinical research protocols and strategies for Apple or others in the near future after reviewing Plaintiffs' confidential information for developing similar clinical protocols. This would place Dr. Perez in the impossible position of trying to segregate the confidential information he learned from participating in this litigation as he develops clinical research protocols and strategies in his future work for Apple and others.

Id. at 1.

Plaintiffs argue that if Dr. Perez is to receive "confidential material designated as 'Confidential' or 'Highly Confidential' pursuant to the Protective Order that relates to the development or design of clinical protocols," Dr. Perez must agree to "not, for any commercial enterprise, develop, or contribute to the development, of clinical protocols in the subject areas for which he receives such materials" for this litigation's duration, "including all appeals from orders and final judgments in this action, plus two years." Dkt. 434-1; see Jt. Stip. at 1-2. "Dr. Perez can either continue to develop clinical research protocols commercially—the field of Plaintiffs' confidential information—or he can access Plaintiffs' confidential information. He should not be allowed to do both." Jt. Stip. at 9 (emphasis omitted).

Defendant contends that reviewing Plaintiff's confidential information would not lead Dr. Perez "to discard his own ethical obligations and those of the Protective Order and compromise his future ability to craft protocols, oversee studies, and interpret data." Jt. Stip. at 19. According to Defendant, a "clinical protocol is a particular research plan created to conduct a specific clinical study," and "each clinical protocol is tailored to the specific objective or objectives, population, methodology, data limitations and statistical considerations of the clinical trial at issue." Id. at 12 (citing Dkt. 435-3 ¶ 12). Therefore, "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

clinical research protocol is not the type of document an expert can just 'reuse' for a different study." Jt. Stip. at 12. And as "strongly suggest[ed]" by Dr. Perez's experience as a PI or Co-PI for various entities, "Dr. Perez will approach the drafting of clinical protocols and interpretation of data resulting from clinical studies based on the unique requirements of each study . . . ." Id. at 19. Moreover, Dr. Perez explains that "the National Institutes of Health . . . provides many resources for protocol development to assist investigators in writing and developing clinical research protocols that are in compliance with regulatory requirements." Dkt. 435-3 ¶ 12. Dr. Perez is subject to "clinical guidelines such as the American Medical Association's 'Ethics of Medical Research & Innovation'" as well. Dkt. 435 ¶ 13. The American Medical Association's Ethics of Medical Research & Innovation "explains that physicians who are involved in clinical research have special responsibilities to protect the rights, safety and welfare of research participants that include matters of study design, informed consent and selection of participants." Id.

In response to Apple's argument "that every clinical protocol is 'unique,' and Dr. Perez will design future protocols based on all information available to him," Plaintiffs state that

> Masimo's Trade Secret 44.5 involves information that is potentially applicable to many clinical protocols, including ones Dr. Perez may design in the future. If Dr. Perez learns about how Masimo conducts and formulates its clinical research, he should not be allowed to contemporaneously design research protocols in the subject areas for which he receives such materials because 'it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.' FTC v. Exxon Corp., 636 F.2d 1336, 1350 (D.C. Cir. 1980).

Dkt. 446 at 2-3. Plaintiffs do not refute Defendant's explanation of how clinical research protocols are developed or designed. Rather, as presented, Plaintiffs' contention is that information on "how Masimo conducts and formulates its clinical research," such as those relating to Trade Secret 44.5, can be applicable to a clinical protocol even if the protocol was, as Defendant states, "tailored to the specific objective or objectives, population, methodology, data limitations and statistical considerations of the clinical trial at issue." Dkt. 446 at 2-3; Jt. Stip. at 12.

Reviewing the parties' arguments, the Court concludes that Plaintiffs have not shown that "[e]ven the utmost good faith by Dr. Perez would not guard against him developing clinical protocols in light of his knowledge of the confidential information that he reviews

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS (JDEx) | Date | June 17, 2021 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

in this litigation" and so do not meet their burden to show Dr. Perez should be precluded from receiving their confidential information unless Dr. Perez agrees to the restrictions proposed by Plaintiffs. Jt. Stip. at 2. First, assuming that the alleged trade secrets or confidential information relate to a common step in conducting research, Plaintiffs have not shown that such particular method of accomplishing this step is widely applicable to clinical research studies regardless of a study's conditions. In other words, the study-specific nature of clinical research protocol development and design limits the potential applicability of the alleged trade secrets at issue.

Second, even if the trade secrets or confidential information at issue have some applicability to the conditions of a future clinical research proposed to Dr. Perez, Plaintiffs have not demonstrated that "the risk of inadvertent use of confidential information by Dr. Perez" is "unacceptably high" because Plaintiffs' arguments on this matter are conclusory. Jt. Stip. at 7-8; see also id. at 2, 9; Dkt. 446 at 2. Despite Plaintiffs' insistence that an "unacceptably high" risk of inadvertent disclosure is present, there is no indication from the material submitted that if Dr. Perez cannot design a clinical research protocol without using protocols disclosed by Plaintiffs. Moreover, Dr. Perez is subject to professional ethical guidelines like the American Medical Association's Ethics of Medical Research & Innovation and has been "required to maintain confidentiality of various information" in his past roles as PI or Co-PI. Dkt. 435-3 ¶¶ 9, 13. Dr. Perez also has signed Exhibit A to the Protective Order. Id. ¶ 11. Plaintiffs here do not offer enough support for doubting Dr. Perez's statement that "exposure to clinical research protocols that Plaintiffs use in their business would not affect how [he] approach[es] [his] research in [his] future practice in light of the study-specific considerations and general guidelines" or for concluding that the existing Protective Order is insufficient in protecting their confidential information in this instance. Id. ¶ 13.

For the foregoing reasons, the Motion (Dkt. 434) is DENIED.

IT IS SO ORDERED.