JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, pro hac vice
  bburoker@gibsondunn.com
BRIAN K. ANDREA, pro hac vice
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, pro hac vice
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DECLARATION OF ROBIN GOLDBERG IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL REGARDING DOCUMENTS APPLE DESTROYED** <br><br> Magistrate Judge John D. Early <br><br> Discovery Cut-Off:      7/5/2021 <br> Pre-Trial Conference: 3/21/2022 <br> Trial:                          4/5/2022 |

**REDACTED VERSION OF DOCUMENT FILED PURSUANT TO ORDER OF THE COURT DATED JUNE 17, 2021 (DKT. NO. 452)**

Gibson Dunn & Crutcher LLP

DECLARATION OF ROBIN GOLDBERG ISO APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL REGARDING DOCUMENTS APPLE DESTROYED | CASE NO. 8:20-CV-00048-JVS (JDEx)

# DECLARATION OF ROBIN GOLDBERG

I, Robin Goldberg, declare and state as follows:

1. I am currently employed by Apple Inc. ("Apple") as Discovery Manager. I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2. I make this declaration in support of Apple's Opposition to the "Motion to Compel Regarding Documents Apple Destroyed" filed by Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc. ("Plaintiffs") in the matter *Masimo Corp., et al. v. Apple Inc.*, Case No. 8:20-cv-00048-JVS (JDEx), which is currently pending in United States District Court for the Central District of California.

3. I have worked on eDiscovery matters for Apple for more than five years and have managed data collection and other aspects of eDiscovery in hundreds of litigation matters. I am familiar with Apple's internal policies, procedures, and capabilities regarding retrieval, collection, and production of data. I am also familiar with Apple's practices and procedures regarding retention of emails and other data of employees who depart Apple.

4. I understand that space on Apple's systems is at a premium, the cost of storing data indefinitely is high, and the indefinite storage of data poses security risks. Apple's practice is to remove data stored on the e-mail server for employees who depart Apple, unless it is necessary to retain that data for a business purpose.

5. [REDACTED]

6. [REDACTED]

1

DECLARATION OF ROBIN GOLDBERG ISO APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL REGARDING DOCUMENTS APPLE DESTROYED | CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson Dunn & Crutcher LLP

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2     7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5 ▓▓▓▓▓▓▓▓▓▓

    8. I am aware of, and involved in, Apple's efforts to determine whether e-mail data for former Apple employees David Nazzaro and Marcelo Lamego were handled in accordance with the policy and procedures I discuss above.

    9. I confirmed that both Mr. Nazzaro's and Mr. Lamego's e-mail data were removed from Apple's systems sometime between four and ten weeks after their departure from Apple in 2014, and that their e-mail data is no longer accessible or recoverable.

    10. I am unable to determine the exact date that Mr. Nazzaro's and Mr. Lamego's e-mail data was removed from Apple's system, because Apple does not maintain that information. However, I did confirm that Mr. Nazzaro's and Mr. Lamego's e-mail data were removed from Apple's system. I have no reason to believe that the removal of Mr. Nazzaro's and Mr. Lamego's e-mail data was inconsistent with the policy and procedures I discuss above.

    11. I am also aware of, and involved in, Apple's efforts to determine if any of Mr. Nazzaro's or Mr. Lamego's data other than e-mail data was retained by Apple, or could be retrieved or restored. Such efforts included searching in all places within Apple's data retention systems (including servers and other data storage systems) where such data may reside. Apple was unable to locate any of Mr. Nazzaro's data that was retained by Apple. Apple was able to locate at least some of Mr. Lamego's data.

    12. Apple's specific processes and systems for handling data, including its software for searching e-mail data and other data, are developed in-house by Apple and are considered confidential and proprietary. Apple ensures the integrity and

confidentiality of its process and systems through policies that restrict sharing information about how Apple stores, retains, and removes data, and by training relevant employees regarding their confidentiality obligations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of May, 2021, in Palo Alto, California.

By: _____
Robin Goldberg

3
DECLARATION OF ROBIN GOLDBERG ISO APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL REGARDING DOCUMENTS APPLE DESTROYED | CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP