UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | June 23, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion for Relief</u>**

Before the Court is Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively – "Plaintiffs") motion that seeks 1) to "extend discovery until 90 days after final decisions in the <u>inter partes</u> review (IPR) proceedings;" and 2) for "the Court [to] set a deadline for the parties to retain a discovery special master." Mot., ECF No. 383, at 1. Apple filed an opposition. Opp'n, ECF No. 426. Plaintiffs filed a response. Reply, ECF No. 441.

For the following reasons, the Court **GRANTS** the motion and adopts the schedule at the end of this order.

**I. BACKGROUND**

The background of the case is well known to the Parties, so the Court focuses on the issues relevant to this motion. The current discovery cut-off is July 5, 2021. Discovery so far has progressed slowly and has been bogged down by a series of discovery motions. The Parties are still negotiating which search terms will be used for ESI discovery and neither party has taken a deposition yet. Mot. at 1. The Parties now agree that good cause exists to amend the scheduling order so that discovery can progress. Opp'n at 7. The Parties disagree on how much time should be allocated for discovery.

Plaintiffs seek to amend the scheduling order to change the dates as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                              Date   June 23, 2021

Title   Masimo Corporation et al. v. Apple Inc.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline to Retain Discovery Special Master | N/A | July 5, 2021 |
| Non-Expert Discovery Cut-Off | July 5, 2021 | August 8, 2022 |
| Opening Expert Reports | September 6, 2021 | December 19, 2022 |
| Rebuttal Expert Reports | October 18, 2021 | January 30, 2023 |
| Expert Discovery Cut-Off | December 6, 2021 | March 20, 2023 |
| Law and Motion – Motion Filed No Later Than | January 10, 2022 | April 24, 2023 |
| Law and Motion Cut-Off | February 7, 2022 | May 22, 2023 |
| Deadline to File Motions in Limine | February 14, 2022 | May 29, 2023 |
| Deadline to File Pretrial Documents | March 7, 2022 | June 19, 2023 |
| Final Pretrial Conference | March 21, 2022 | July 10, 2023 |
| Jury Trial | April 5, 2022 | July 26, 2023 |

Proposed Order, ECF No. 383-1.[1]

## II. LEGAL STANDARD

A district court has wide latitude in controlling discovery." Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (internal quotation marks and citation omitted).  Pursuant to Federal Rule of Civil Procedure 16(b), a district court must issue a scheduling order that limits the time to, among other things, complete discovery.  Fed. R. Civ. P. 16(b)(1), (3).  A party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08

---

[1] Although Apple repeatedly states that Plaintiffs do not propose specific dates for the amended scheduling order, Apple apparently did not look at Plaintiffs' proposed order which does provide such dates. See, e.g., Opp'n at 2 ("Indeed, Plaintiffs do not propose any sepcific dates.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-48 JVS (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

(9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The court may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." Id. While a court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

### III. DISCUSSION

    *A.*    *Extension of Case Management Deadlines*

Apple agrees with Plaintiffs that there is good cause for an adjustment to the Scheduling Order. Opp'n at 7. The key dispute is about how long the Court should grant to complete discovery. As such, the Court focuses its attention not on what discovery has occurred up to this point but on what discovery has yet to occur. The Parties appear to agree on which discovery issues have the potential to take time: completion of ESI discovery and depositions. See Mot. at 5-6, 9-11; Opp'n at 7-8.

There is not a dispute about how long the depositions will take. Plaintiffs state that each side intends to take at least twenty depositions, which will take each side up to one hundred hours. Mot. at 1. Apple does not challenge this estimate. Instead, Apple merely asserts that it believes "depositions can and should be scheduled." Opp'n at 7. At the same time, the Parties have an ongoing dispute about depositions. Apple refuses to proceed with its depositions without first receiving documents for the deponents from Plaintiffs, and Plaintiffs refuse to allow Apple to conduct more than one deposition of any given person. Pl. Ex. 73, ECF No. 386-1, at 574. While both Parties agree that depositions are most effective after relevant documents are produced, Plaintiffs believe that producing documents before depositions are scheduled "is impossible under the current schedule." Mot. at 6.

The core issue is therefore how long it will take for the Parties to complete document production. It is clear from the evidence submitted to the Court that negotiations are ongoing to narrow search terms so that each side will not have to review and produce millions of documents. See, e.g., Pl. Ex. 69, ECF No. 389-2, at 529-45. The core of the dispute is how much the parties will be able to narrow their search terms. Although the Parties appear to dispute just how many documents are currently coming up

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | June 23, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

on their hit lists, the number is at least several million. Id. Of course, the Court cannot determine the number of documents that each side will conclude is reasonable to produce. Plaintiffs suggest that reducing the amount of documents to one million per side would still take ten attorneys a full year of work to review. Mot. at 5 ("Even if the parties (or the Court) were to narrow ESI searching to about one million documents per side (about 10% of the current total), it would still take about 20,000 hours of attorney time per side to produce documents before depositions could proceed.").

Apple does not provide the Court with any estimate of how many documents per side it expects the Parties to eventually agree to. Nor does Apple provide an estimate of when such an agreement might be reached. While Apple has recommended a June 4 "deadline to complete negotiation of terms," Pl. Ex. 73 at 576, that deadline has already passed. In its opposition, Apple recommends retaining the current discovery cut-off, except that depositions would have to be completed by August 13. Opp'n at 1.

Apple has failed to persuade the Court that it should not extend the discovery cutoff. It is plainly unreasonable to believe that the Parties will be able to review documents that are produced and conduct over one hundred hours of informed depositions by August 13 even if hundreds of thousands of documents are produced by July 5. Nor is the Court persuaded to deny the motion outright by Apple's insinuation that Plaintiffs are merely trying to avoid the stay of the patent case. See id. at 8.

That being said, the Court must still set new deadlines that are justified by the current state of discovery. Plaintiffs' proposal to continue deadlines by fourteen months would amount to a substantial change to the schedule and appears to be justified mainly as a way to allow the patent case could be folded in. See Mot. at 15 ("Masimo's proposal would also allow the parties to complete discovery on all issues so that they could be presented in a single trial."). The Court will not consider the patent case as a relevant factor in setting deadlines because the patent case has been stayed. As both Parties appear to want to narrow the number of documents produced, the Court believes that the Parties can soon reach an agreement to narrow search terms so that review can be completed in six months. Even if the number of documents produced approached one million per side, the Court believes that each side has the resources to commit more than ten attorneys to document review. Depositions then can be completed over the course of three months. As there is still a little under one month until the current discovery cut-off, the Court **ORDERS** an extension of case management deadlines by eight months.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | June 23, 2021 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

### B. Special Master

The Court has considered Plaintiffs' request for a special master. See Mot. at 12-13. The Court notes that Magistrate Judge Early has already proposed that the Parties use a special master to resolve discovery disputes. Pl. Ex. 95, ECF No. 389-1, at 720-23. Plaintiffs also list four discovery motions that Plaintiffs have brought in the last three months and the fact that they intend to bring several more motions shortly. Mot. at 12. A special master might also facilitate efficient resolution of negotiations around ESI search terms. Apple states that appointment of a special master would be less efficient, Opp'n at 8, but the Court believes that the extensive litigation around discovery that is ongoing would be more efficiently addressed through a special master.

Fortunately, the Parties have even developed a list of special masters that would be acceptable to each side, which includes two mutually agreeable individuals: the Honorable Suzanne Segal, United States Magistrate Judge (ret.), and the Honorable Andrew Guilford, United States District Judge (ret.). Special Masters List, ECF No. 289. The Court is considering the appointment of either of the agreed choices, assuming acceptance of the assignment. Within seven days, the parties shall file a joint consent to the appointment of a special master and their order of preference. They shall also lodge a proposed order of appointment, specifying the powers and duties of the special master.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and adopts the following deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | July 5, 2021 | March 7, 2022 |
| Opening Expert Reports | September 6, 2021 | May 9, 2022 |
| Rebuttal Expert Reports | October 18, 2021 | June 20, 2022 |
| Expert Discovery Cut-Off | December 6, 2021 | August 8, 2022 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)  Date  June 23, 2021

Title  Masimo Corporation et al. v. Apple Inc.

| | | |
|---|---|---|
| Law and Motion – Motion Filed No Later Than | January 10, 2022 | September 12, 2022 |
| Law and Motion Cut-Off | February 7, 2022 | October 11, 2022 |
| Deadline to File Motions in Limine | February 14, 2022 | October 17, 2022 |
| Deadline to File Pretrial Documents | March 7, 2022 | November 7, 2022 |
| Final Pretrial Conference | March 21, 2022 | November 21, 2022 |
| Jury Trial | April 5, 2022 | December 6, 2022 |

The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

**IT IS SO ORDERED.**

: 0

Initials of Preparer  lmb