JOSEPH R. RE (Bar No. 134479)
 joseph.re@knobbe.com
STEPHEN C. JENSEN (Bar No. 149894)
 stephen.jensen@knobbe.com
PERRY D. OLDHAM (Bar No. 216016)
 perry.oldham@knobbe.com
STEPHEN W. LARSON (Bar No. 240844)
 stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

ADAM B. POWELL (Bar. No. 272725)
 adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000;
Facsimile: (858) 707-4001

*Attorneys for Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc.*
*[Additional counsel listed on next page]*

JOSHUA H. LERNER, SBN 220755
 jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
 mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

*Attorneys for Defendant Apple Inc.*
*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS-JDE<br><br>**JOINT CONSENT TO APPOINTMENT OF SPECIAL MASTER PURSUANT TO THE COURT'S JUNE 23, 2021, MINUTE ORDER (DKT. 465)** |

| | |
|---|---|
| MARK D. KACHNER (Bar No. 234192)<br>　mark.kachner@knobbe.com<br>KNOBBE MARTENS OLSON &<br>BEAR LLP<br>1925 Century Park East, Suite 600<br>Los Angeles, CA 90067<br>Telephone: (310) 551-3450<br>Facsimile: (310) 601-1263<br><br>*Attorney for Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc.* | BRIAN M. BUROKER, *pro hac vice*<br>　bburoker@gibsondunn.com<br>BRIAN K. ANDREA, *pro hac vice*<br>　bandrea@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel.: 202.955.8541 / Fax: 202.467.0539<br><br>BRIAN A. ROSENTHAL, *pro hac vice*<br>　brosenthal@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.2339 / Fax: 212.817.9539<br><br>ILISSA SAMPLIN, SBN 314018<br>　isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel.: 213.229.7000 / Fax: 213.229.7520<br><br>ANGELIQUE KAOUNIS, SBN 209833<br>　akaounis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East Suite 4000<br>Los Angeles, CA 90067<br>Tel.: 310.552.8546 / Fax: 310.552.7026<br><br>*Attorneys for Defendant Apple Inc.* |

Pursuant to the Court's June 23, 2021, Order (Dkt. 465), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo"), and Defendant Apple Inc. ("Apple"), respectfully submit the following Joint Consent to Appointment of Special Master with the parties' order of preference of appointments. Following the list below, which was previously submitted to the Court (in different order, *see* Dkt. 289), the parties also each provide a brief statement explaining their order of preference:

| Masimo's Proposed Names | Apple's Proposed Names |
|---|---|
| Hon. Andy Guilford (Ret.) | Hon. Suzanne Segal (Ret.)[1] |
| Hon. John Leo Wagner (Ret.) | Hon. Cecily Bond (Ret.) |
| Roy Silva | Hon. Andy Guilford (Ret.) |
| Hon. Suzanne Segal (Ret.) | |

**A.   Masimo's Statement**

Masimo requests that the Court appoint Judge Guilford as the Special Master. Even though Apple suggested Judge Guilford serve as the Special Master, Apple now raises senseless objections. Rule 53 provides the basis for objections: "A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification." Fed. R. Civ. P. 53(a)(2). Apple identifies no reason to suggest Judge Guilford's "impartiality might reasonably be questioned" under 28 U.S.C. § 455.

---

[1] For ease of the Court's reference, Apple provides the hourly rates for its first two candidates: Judge Segal's rate is $1,100 per hour or $11,000 per day, and Judge Bond is $8,250 per 10-hour day (up to 8 hours of session time on the scheduled day and up to 2 hours of reading and research time), or $825 per hour for other professional time (additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards). Masimo does not believe it was appropriate to contact potential special masters, so it does not know the potential special masters' billing rates.

1

JOINT CONSENT TO APPOINTMENT OF SPECIAL MASTER PURSUANT TO THE COURT'S JUNE 23, 2021, MINUTE ORDER (DKT. 465)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Apple first objects to Judge Guilford because he and Joseph Re "together co-founded" the Howard T. Markey Intellectual Property American Inn of Court (the "Markey Inn"). Apple is overemphasizing that association.[2] Mr. Re has never even met Judge Guilford outside of a professional context. Such professional relationships provide no basis for disqualification. *See United States v. Mosesian*, 1992 WL 197408, at *5 (9th Cir. 1992) (judges are not required to forsake "professional relationships with members of the bar"); *In re Walters*, 649 Fed. App'x 273, 274-76 (3d Cir. 2016) (affirming court's refusal to recuse itself where court knew counsel "very well" and was a member of an Inn of Court founded to honor counsel's relative); *Kinchen v. St. John's Univ.*, 830 Fed. App'x 691, 692-93 (2d Cir. 2020) (the court's "speaking engagement" and "professional relationship" with a party raised "no inference of bias"). The point of professional organizations is to foster relationships and civility between lawyers and judges. Apple's approach would improperly penalize and disincentivize both lawyers and judges for participating in such organizations.

Moreover, Apple's claimed objection cannot be genuine because many **Gibson** lawyers are active in the Markey Inn, including a Founding Master and a former President of the Inn. Powell Decl., Ex. 1. Judge Guilford also has relationships with Gibson lawyers through the ABTL and other organizations. *Id.*, Ex. 2. Thus, both firms have connections with Judge Guilford through professional organizations.

Far from raising a legitimate objection, Apple appears to be seeking a Special Master with which ***only Apple's*** counsel has a professional relationship. Apple states that Knobbe has no similar relationships with Judge Segal, but never represents that Gibson has no such relationships. Masimo learned that Judge Segal serves as an Officer

---

[2] Eight years ago, Mr. Re and Judge Guilford attended the same luncheon during the annual Federal Circuit Bar Association Bench & Bar conference. Judge Richard Linn presented about the American Inns of Court. He mentioned the Markey name was available and that a judicial sponsor was required to start a new Inn. Mr. Re asked if Judge Guilford would be the required judicial sponsor, and they immediately informed Judge Linn that they would start an IP Inn in Orange County under the Markey name.

for the Federal Bar Association, where Apple's lead counsel (Josh Lerner) is a Vice President. *See* Kaounis Decl., Ex. E; Powell Decl., Ex. 3. Judge Segal is also an Officer of the Paul R. Michel Intellectual Property Inn of Court with Gibson lawyers also serving as Officers. Powell Decl., Ex. 3. Judge Segal is on the Executive Board of the Federal Bar Association, LA Chapter, with Gibson lawyers. Kaounis Decl., Ex. E. A full search would surely reveal more Gibson relationships with Judges Segal and Guilford. Under Apple's approach, Judge Guilford is more appropriate because he has professional relationships with ***both*** counsel, whereas Judge Segal has relationships with ***only Gibson*** lawyers. Based on Apple's arguments, Masimo would have more basis to object to the appointment of Judge Segal.

Apple argues the parties listed Judge Segal as preferable on their prior submission to the Court. That is false. The parties never discussed which individual was preferable. Masimo listed individuals in no particular order other than to list commonly-listed individuals first. Indeed, Apple's email to Masimo listed Judge Guilford first. *Id.*, Ex. 4. According to Apple's argument, Apple prioritized Judge Guilford as its first choice.

Apple attempts to draw a distinction between "lead counsel" and other lawyers at counsels' respective law firms. But Apple provides no authority or argument to support that distinction. Notably, discovery disputes are often handled by more junior lawyers. But Apple's lead counsel, Josh Lerner, often argues discovery motions in this case. As discussed, Mr. Lerner serves as Vice President of a bar association with Judge Segal. *See* Kaounis Decl., Ex. E; Powell Decl., Ex. 3.

Apple also objects to Judge Guilford because he would like to use a Judicate West research attorney (Jenna Kelleher) who previously was an associate at Knobbe for three years ending in 2016. Ms. Kelleher's prior work at Knobbe would not disqualify Judge Guilford. *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995) ("if a clerk has a possible conflict of interest it is the clerk, not the judge, who must be disqualified"). Judge Guilford identified Ms. Kelleher's prior work at Knobbe "in the interest of full disclosure," but never contemplated there would be any basis for Apple

to object to his appointment. *See* Kaounis Decl., Ex. B. If the Court believes Ms. Kelleher has a conflict, Judge Guilford can use another research attorney.

Moreover, Apple has no legitimate objection to Ms. Kelleher. *See Hamid*, 51 F.3d at 1416-17 (clerk previously worked for a firm representing one of the parties but planned to join a different firm at the end of his clerkship). Judge Guilford came to the same conclusion in writing "[n]either Ms. Kelleher nor I believe that her prior employment at Knobbe would impact her ability to impartially assist me in this matter." Kaounis Decl., Ex. B. Judge Guilford explained that Ms. Kelleher has no plans to return to Knobbe, has assisted Judges in matters where Knobbe was counsel of record, and is "immensely respected by all the Judges she assisted." *Id.* Apple's claimed concern about Ms. Kelleher's prior work at Knobbe suggests Apple thinks Judge Early's prior work at Gibson Dunn would be unfair to Masimo. Masimo disagrees.

Apple also objects to Ms. Kelleher because she was listed as an "other appointed attorney" on a Masimo trademark application. *See* Kaounis Decl., Ex. C. Pursuant to its standard practice, Knobbe listed ***all*** attorneys who are authorized to practice before the U.S. Patent and Trademark Office on all trademark applications. *See id.* Knobbe could find no record of Ms. Kelleher ever working on a Masimo matter.

Additionally, Judge Guilford is the logical choice because he was a Patent Pilot Program Judge and his office is less than two miles from the courthouse. While the patent infringement claims are currently stayed, the parties will benefit from his experience when the patent stay is lifted. That experience is also relevant to other claims that are not stayed, including patent ownership/inventorship and trade secret misappropriation. The parties will also benefit from Judge Guilford's more than thirty years of experience as a trial lawyer and fourteen years of experience as a District Court Judge. A local Special Master will also be beneficial for in-person hearings.

Accordingly, Masimo respectfully requests the Court appoint Judge Guilford as the Special Master.

B.  **Apple's Statement**

Apple requests that the Court appoint Judge Segal as special master.

The parties each listed Judge Segal as the first candidate in their initial list of proposed special masters to the Court (Dkt. 289). While the parties also initially agreed that Judge Guilford would be an acceptable candidate (*id*.), Apple has subsequently learned that Judge Guilford and his research attorney have several connections to Knobbe Martens, which Judge Segal, to Apple's knowledge, does not. Thus, Judge Segal should be the natural choice for this appointment.

Specifically, after the parties submitted their list of proposed special masters to the Court in their Joint Statement Pursuant to the Court's January 21, 2021, Minute Order (Dkt. 279), Dkt. 289, Apple became aware of a connection between Plaintiffs' lead counsel Joseph Re and the Honorable Andrew J. Guilford (Ret.)—specifically, that Mr. Re and Judge Guilford had together co-founded The Howard T. Markey Intellectual Property American Inn of Court. Kaounis Decl., Ex. A, at 4.

Then, after the Court issued its June 9 tentative Order Regarding Motions for Relief, Judge Guilford notified the parties that if appointed, he would likely use the services of a Judicate West research attorney, Jenna Kelleher, to assist him in performing tasks such as legal research and document organization. Kaounis Decl., Ex. B, at 7. In that same communication, Judge Guilford disclosed that "from 2013 to July 2016, Ms. Kelleher worked as an associate at Knobbe Martens"—counsel of record for Plaintiffs in this action. *Id*. at 8; *see also id*., Ex. C, at 10-12, 14-15 (listing various Knobbe Martens attorneys, including Ms. Kelleher, as counsel for Plaintiff Masimo Corporation on a Trademark/Service Mark Application, Serial No. 87080891). Judge Guilford explained that neither he nor Ms. Kelleher "believe that her prior employment at Knobbe would impact her ability to impartially assist me in this matter." *Id*., Ex. B, at 8.

Upon learning the above information, Apple requested that Plaintiffs consent to the appointment of Judge Segal as special master—a candidate the parties previously

agreed on and, in fact, each listed first in their initial list of proposed special masters to the Court. Kaounis Decl., Ex. D, at 19-21, 24. Plaintiffs declined. *Id*. at 19, 22-23.

To be clear, Apple is not suggesting that mere overlapping participation between a firm's lawyers' and a particular judge in professional associations warrants disqualification. Here, however the situation is unique: Plaintiffs' lead counsel—Mr. Re—was a founding member of an organization with Judge Guilford and Judge Guilford has indicated he plans to utilize the services of a former Knobbe Martens associate on this particular matter. *Cf.* Decl. of J. Lerner, at ¶ 4. Such connections are materially different than, for example, one of Gibson Dunn's 1400+ lawyers holding a position in the same organization as Judge Segal (or Judge Guilford).

Despite having listed Judge Segal first in their listing of Special Master candidates previously submitted to the Court, Plaintiffs now suggest that Judge Guilford is the logical choice because he served on the Central District's Patent Pilot Program and is "local." Kaounis Decl., Ex. D, at 23. However, the patent infringement claims in the case have been stayed. Dkt. 220. And in any event, Judge Segal has patent experience as well. Kaounis Decl., Ex. E., at 26. Further, there is no evidence that Judge Segal would be less available to the parties due to her office location, and any suggestion otherwise is undermined by Plaintiffs' prior agreement that Judge Segal would be their first choice as a suitable Special Master. Dkt. 289.

In light of the above, Apple requests that the Court appoint Judge Segal as special master.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

JOINT CONSENT TO APPOINTMENT OF SPECIAL MASTER PURSUANT TO THE COURT'S JUNE 23, 2021, MINUTE ORDER (DKT. 465)
CASE NO. 8:20-CV-00048-JVS (JDEx)

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 30, 2021  By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs
Masimo Corporation and
Cercacor Laboratories

GIBSON, DUNN & CRUTCHER LLP

Dated: June 30, 2021  By: */s/ Angelique Kaounis*
Joshua H. Lerner
H. Mark Lyon
Brian M. Buroker
Brian A. Rosenthal
Ilissa Samplin
Angelique Kaounis
Brian Andrea

Attorneys for Defendant Apple Inc.

**ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from each of the signatories above.

By: */s/ Adam B. Powell*
Adam B. Powell
Attorneys for Plaintiffs
Masimo Corporation and
Cercacor Laboratories

35248281