# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**[PROPOSED] ORDER APPOINTING SPECIAL MASTER** |

1. As set forth in the Court's June 23, 2021, Order (Dkt. 465), the Court has determined that the appointment of a Special Master is appropriate to address matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district. *See* Fed. R. Civ. P. 53(a)(1)(C).

2. Accordingly, the Court ORDERS as follows:

3. The Court appoints _____ (hereinafter, "Special Master") to serve as Special Master for purposes of resolving the parties' discovery disputes.

### A. Duties Of The Special Master

4. Pursuant to Rule 53(b)(2)(A), the Special Master's duty is to decide pretrial discovery disputes that were previously referred to Magistrate Judge Early under General Order No. 05-07 (except motions for reconsideration of orders previously issued by Magistrate Judge Early). For the avoidance of doubt, this will include disputes that would normally be addressed under Local Rule 37 and any motions relating to discovery under Fed. R. Civ. P. 26-37. The Special Master shall have the power to decide disputes on an *ex parte* basis if appropriate.

5. The Special Master will possess the full authority permitted under Rule 53(c) to perform the duties set forth in this Order.

6. The Special Master shall proceed with all reasonable diligence to manage discovery and resolve disputes. The Special Master shall have discretion to modify the Protocol set forth in Section B below after consulting with the parties.

### B. Protocol

7. Before filing any motion, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference. Counsel for the opposing party must confer with counsel for the moving party within [*Masimo*: **three**; *Apple*: **five**][1] court days after the moving party

---

[1] The parties have included disputed material in brackets with each side's preferred option to enable the Court to decide which option to order.

-1-

requests a conference.  The parties shall confer in good faith if an extension becomes necessary, for example, for holidays and client closures.

8. If counsel are unable to settle their differences, the moving party may present the matter to the Special Master for resolution.  Unless ordered otherwise by the Special Master, all briefing submitted to the Special Master shall be conducted by letter briefs of no more than five pages each (for moving and opposing briefs), and 3 pages each (for reply briefs).  The moving party shall email its Opening Letter Brief to the Special Master and counsel for the opposing party simultaneously.  Within seven **[*Masimo*: calendar; *Apple*: court]** days of receiving the Opening Letter Brief, the opposing party shall respond to the email with its Opposing Letter Brief.  Within seven **[*Masimo*: calendar; *Apple*: court]** days of receiving the Opposing Letter Brief, the moving party may reply to the email with its Reply Letter Brief.  The parties shall limit the number and size of exhibits that they attach to any briefing submitted to the Special Master to the extent possible.

9. The Special Master shall resolve all disputes as expeditiously as possible.  **[*Masimo*: The Special Master has discretion to hold hearings in person in this District, telephonically, by video, or decide disputes without hearings.  If the Special Master decides to have a hearing, the Special Master shall notify the parties at least three court days in advance of the hearing.]**[2] **[*Apple*: The Special Master shall hold hearings in person in this District, telephonically, or by video.  The party filing any motion shall reserve a hearing date and time with the special master's office before filing.]**

C. <u>Orders, Reports, and Recommendations</u>

10. All rulings of the Special Master shall be reduced to a reasoned written

---

[2] If the Court adopts Masimo's proposal, Apple requests that the following language replace Masimo's second sentence:  "In the event that Special Master decides a hearing is not warranted, the Special Master shall notify the parties at least three court days in advance of the scheduled hearing to give the parties an opportunity to specify, via a short email submission, the reasons a hearing is warranted."  Masimo disagrees.

order **[*Masimo*: provided that the hearing transcript can serve as the written order if the Special Master so orders]**.³ *See* Fed. R. Civ. P. 53(b)(2)(C). The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. *See* Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

11. Pursuant to Rule 53(e), the Special Master shall file public and sealed (if necessary) versions of any written order, report, or recommendation. Where the parties jointly consent to such sealing, or when the Special Master determines in his/her discretion that sealing is appropriate, the Special Master is hereby authorized to file any such order, report, or recommendation under seal as necessary without further order of this Court.

D. **Objections**

12. Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendation of the Special Master, the District Judge shall afford each party an opportunity to be heard and, at its discretion, may receive evidence and may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate.

13. Pursuant to rule 53(b)(2)(D) and 53(f), any party wishing to file objections

---

³ If the Court adopts Masimo's proposal, Apple requests that the following language replace Masimo's proposal (with Apple's change and additional language in italics): "provided that the hearing transcript can serve as the written order if the Special Master *identifies the portion of the transcript that will serve as the order*." Masimo disagrees.

to the Special Master's order, report, or recommendation, must move the District Judge within fourteen days of the Special Master's order, report, or recommendation. All briefs the parties file in connection with any such objection shall comply with the formatting requirements of the Local Rules except be limited to fifteen pages. The meet and confer requirement of Local Rule 7-3 does not apply to such objections.

14. The party filing an objection shall submit with such objection any documents submitted by the parties in connection with the Special Master's decision that were not otherwise filed on the ECF system. Prior to doing so, the parties shall meet and confer on any proposed redactions at least **[*Masimo*: three; *Apple*: two]** calendar days before the filing. If the parties cannot agree on redactions, the party seeking more expansive redactions shall be required to file an application to seal the documents with the Court pursuant to Local Rule 79-5.

E. **Standards of Review**

15. Standards of review for objections to the Special Master's rulings shall be as follows per Rule 53(f)(3)-(5):

16. The Court must decide de novo all objections to findings of fact.

17. The Court must decide de novo all objections to conclusions of law.

18. The Court may set aside a ruling on a procedural matter only for an abuse of discretion.

F. **Other Matters**

19. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at the Special Master's discretion. The Special Master may not communicate ex parte with a party.

20. The Special Master's term of service will end **[*Masimo*: at the pretrial conference; *Apple*: 45 days after the close of fact discovery]** or when the Court terminates the appointment.[4] Pursuant to Rule 53(b)(2)(C), the Special Master shall

---

[4] For the avoidance of doubt, the parties agree that non-discovery related expert motions, including *Daubert* motions, will be heard by Judge Selna.

maintain orderly files consisting of all documents submitted to the Special Master by the parties and any of the Special Master's written orders, reports, and recommendations. The Special Master shall retain such files until the resolution of this case and any appeals thereto. For all hearings before the Special Master, the parties will obtain a court reporter to record the hearing stenographically. Plaintiffs and Defendant shall each pay half of the expense of the court reporter for each hearing.

21. Pursuant to Rules 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $ _____ [5] for his/her services pursuant to this Order. The Special Master shall prepare an invoice for his/her services and provide it to the Parties. Plaintiffs and Defendant shall each pay half of the invoice. However, the Special Master shall have the authority to apportion costs by another method if appropriate or sanction a party according to Fed. R. Civ. P. Rules 37 or 45.

IT IS SO ORDERED

DATED: _____            _____

The Honorable James V. Selna
United States District Judge

35194958

---

[5] The Parties will agree to the usual and customary rate charged by the special master.