Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 10 ORDER DENYING MOTION TO COMPEL DISCOVERY FROM TIM COOK (DKT. 445)** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Motion for Reconsideration of the Court's June 10 Order Denying Motion to Compel Discovery from Tim Cook (Dkt. 445). Masimo has provided a proposed redacted version of the supporting memorandum.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential. Exhibit 22 of the supporting memorandum includes highly confidential information regarding Apple's misappropriation of Masimo's trade secrets, which identifies and reveals some of the details of those trade secrets. Powell Decl. ¶ 4. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with industry-leading performance due, in part, to its years-long investment in its technical trade secrets. If Masimo's trade

secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if these trade secrets were disclosed. *Id.*

Exhibits 19-20 are emails that contain information regarding Masimo's business operations and personnel. *Id.* ¶ 5. Exhibit 18 is an email chain between Masimo and Apple regarding a meeting to discuss Masimo's technology. *Id.* Masimo would be harmed if its competitors had access to such internal information. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Thus, Masimo would be harmed if these details were disclosed. *Id.*

Exhibits 8-9, 11, and 16-17 are documents that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order. *Id.* ¶ 6. Masimo requests the Court seal these documents based on Apple's designations.

The proposed redacted portions of the supporting memorandum discuss the aforementioned Exhibits and should also be sealed for the same reasons. *Id.* ¶ 7. Some of the proposed redacted portions of the supporting memorandum also discuss the sealed Declarations of Joe Kiani (Dkt. 413), Michael O'Reilly (Dkt. 414), and Adrian Perica (Dkt. 415). *Id.* These Declarations discuss communications between Masimo and Apple relating to Masimo's technology, as well as how Apple recruited Dr. O'Reilly. *Id.* Masimo understands both parties consider such discussions between them confidential and that they would be harmed by the disclosure of such business dealings. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the confidential information regarding Masimo's technical trade secrets, Masimo's communications with Apple, and how Dr. O'Reilly was recruited by Apple. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively

sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

The Court previously granted the parties' applications to file the aforementioned Declarations and Exhibits 16-20 and 22 under seal. Dkt. 390; Dkt. 451.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal (1) portions of the supporting memorandum; and (2) Exhibits 8-9, 11, 16-20, and 22 to the Declaration of Adam B. Powell.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 19, 2021

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

35205205