Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 10 ORDER DENYING MOTION TO COMPEL DISCOVERY FROM TIM COOK (DKT. 445)**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:      August 19, 2021<br>Time:      10:00 a.m.<br>Ctrm:      6A<br><br>Discovery Cut-Off:      3/7/2022<br>Pre-Trial Conference:   11/21/2022<br>Trial:      12/6/2022 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................... 1

II. STATEMENT OF FACTS ................................................................... 2

    A. The Court Denied Masimo's Motion Based On Apple's Representation That Cook Was Not Likely To Have Discoverable Information ................................................................. 2

    B. Newly Available Evidence Contradicts Apple's Representation ........ 3

        1. Cook Was Involved In Recruiting Lamego ................................ 3

        2. Cook Was Involved In ██████████ ........................... 5

        3. Cook Was Involved In ████████████ ██████ ................. 5

    C. The Parties Met And Conferred But Were Unable To Resolve This Dispute ............................................................................... 6

III. ARGUMENT ........................................................................................ 6

    A. The Evidence As A Whole Shows Cook Is A Relevant Custodian ............................................................................................. 7

    B. Apple's Representation And Declarations Do Not Shield Cook From ESI ............................................................................................ 9

    C. Searching Cook's ESI Is Proportional To The Needs Of This Case ................................................................................................... 10

IV. CONCLUSION ................................................................................... 11

1

<b>TABLE OF AUTHORITIES</b>

2

<b>Page No(s).</b>

3

4

*Bohnert v. Texaco Trading & Transp., Inc.*,
  1989 WL 47026 (D. Kan. Apr. 28, 1989) ...........................................................11

5

*Cal. Earthquake Auth. v. Metro. W. Sec., LLC*,
  2012 WL 5880345 (E.D. Cal. Nov. 21, 2012) .......................................................9

6

7

*Comtech EF Data Corp. v. Radyne Corp.*,
  2007 WL 5041159 (D. Ariz. Oct. 12, 2007) .........................................................9

8

*Dyson, Inc. v. SharkNinja Operating LLC*,
  2016 WL 1613489 (N.D. Ill. Apr. 22, 2016)........................................................10

9

10

*Elantech Devices Corp. v. Synaptics, Inc.*,
  2008 WL 11390835 (N.D. Cal. Aug. 11, 2008)....................................................10

11

*Gonzales v. Sitel Operating Corp*,
  2020 WL 96900 (D. Nev. Jan. 7, 2020) ................................................................9

12

13

*In re Hazelrigg*,
  2013 WL 6154102 (B.A.P. 9th Cir. Nov. 19, 2013) .............................................9

14

*Ingram v. Pac. Gas & Elec. Co.*,
  2013 WL 6174487 (N.D. Cal. Nov. 25, 2013) ....................................................11

15

16

*Intel Corp. v. Rivers*,
  2019 WL 4318583 (E.D. Cal. Sept. 12, 2019) ......................................................8

17

*Jardin v. DATAllegro, Inc.*,
  2011 WL 1769835 (S.D. Cal. May 9, 2011) .........................................................9

18

19

*Los Angeles v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ................................................................................6

20

21

*Selby v. Coombe*,
  1998 WL 146267 (N.D.N.Y. Mar. 23, 1998)......................................................11

22

*Tawfilis v. Allergan, Inc.*,
  2015 WL 9982762 (C.D. Cal. Dec. 14, 2015).......................................................6

23

24

*Vasudevan Software, Inc. v. Microstrategy Inc.*,
  2012 WL 5637611 (N.D. Cal. Nov. 15, 2012) ......................................................8

25

26

*Williams v. Apple, Inc.*,
  2020 WL 5107639 (N.D. Cal. Aug. 31, 2020) ......................................................8

27

28

**TABLE OF AUTHORITIES**
(*Cont'd*)

**Page No(s).**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ................................................................................. 11

Local Rule 7-3 ........................................................................................ 7

Local Rule 7-18 ................................................................................... 6, 7

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Masimo") respectfully request reconsideration of the Court's June 10 Order denying Masimo's Motion to Compel. *See* Dkt. 410 (the "Motion"); Dkt. 445 (the "Order").

## I. **INTRODUCTION**

On June 10, this Court denied Masimo's Motion to compel Apple to include Tim Cook as an ESI custodian based on Apple's representation that Tim Cook was "not likely" to have discoverable information. The Court stressed its reliance on that representation and warned of "severe repercussions" if it turned out not to be true. New evidence demonstrates Tim Cook has discoverable information.

On July 2, Apple publicly filed an exhibit in the *True Wearables* case showing Cook played a role in recruiting Cercacor's Chief Technical Officer, Marcelo Lamego. Lamego contacted Cook at 1:00 a.m. and offered to solve Apple's patient monitoring problem based on his work at Masimo in exchange for an executive position at Apple. By 10:30 a.m. that same day, Apple reached out to Lamego. Follow up emails show ███████████████████████████████████████████ Apple interviewed and hired Lamego anyway.

Apple also recently produced other emails showing Cook is a relevant custodian. On June 25, Apple produced emails showing ████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████ Other recently produced emails show ██████████████████████████

Far from being unlikely to possess relevant information, as Apple represented, Cook was directly involved in recruiting ████████████████ at the heart of this case. Those recruiting efforts are relevant to showing Apple knew it was obtaining Masimo's trade secrets—an element of Masimo's claims. Masimo respectfully requests the Court reconsider its decision and order Apple to search for and produce Cook's ESI.

## II.  <u>STATEMENT OF FACTS</u>

A.    <u>The Court Denied Masimo's Motion Based On Apple's Representation</u>
<u>That Cook Was Not Likely To Have Discoverable Information</u>

Masimo moved to compel Apple to search Cook's ESI.  Dkt. 410 (the "Motion").

Masimo argued Cook is relevant because: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (4) he speaks publicly and to investors about the

Apple Watch and its functionalities, including pulse oximetry.  *Id.* at 6-7.

The Court denied Masimo's Motion by relying on Apple's representation that

"Tim Cook, Apple's CEO, is not likely to have discoverable information relevant to any

parties' claims or defenses."   Ex. 1 at 5:12-14 (punctuation omitted).[1]   The Court

acknowledged that was a "conclusory statement," but found it was "made by an Officer

of the Court and Officers of the Court, to this Court in connection with this motion."  *Id.*

at 5:15-17; *see also id.* at 9:14-15 ("I don't believe that Apple's lawyers would make

that willy-nilly without some foundation and I'm accepting it.").  The Court explained

it was relying on that representation for its ruling.  *Id.* at 5:17-19 ("I want Apple and its

counsel to understand that's the basis for my tentative and potentially the basis for my

ruling.").  The Court continued, warning:

> I am letting everyone know if it turns out from some other source that Mr.
> Cook actually does have discoverable information relevant to any parties'
> claims or defenses in his ESI streams, we will be having a hearing and it
> may involve a hearing of Mr. Cook testifying in this court, in person, if that
> turns out to be a representation that was made to me that I'm relying on for
> purposes of making this order. And it may also require testimony from
> counsel who made this representation but that's only if it turns out to
> potentially not be true.

---

[1] Unless noted otherwise, exhibits are attached to the Declaration of Adam B. Powell
submitted herewith.   Exhibits 1-9 and 11-12 were not available as of the filing of
Masimo's Motion.  All emphasis is added unless noted otherwise.

1   *Id.* at 9:15-25; *see also id.* at 6:7-10 ("If that turns out to not be true, through some other

2   source, there will be severe repercussions because I'm relying on it.").

3          The Court asked Apple's counsel "do you hear and understand what I said about

4   the representation made at page 9 of the Joint Stipulation?"  *Id.* at 13:14-16.  Apple's

5   counsel responded, "Yes, Your Honor."  *Id.* at 13:17.  The Court then issued a formal

6   order denying the Motion.  *See* Dkt. 445.

7   **B.**     **Newly Available Evidence Contradicts Apple's Representation**

8          After the June 10 hearing, Masimo obtained new evidence showing Cook has

9   relevant documents.   The newly available evidence shows Cook was involved in

10   recruiting Lamego ██████████████████████████████████████████████

11          **1.**     **Cook Was Involved In Recruiting Lamego**

12          In addition to the representation above, Apple's response to the Motion argued

13   that "Plaintiffs cite no evidence to support the assertion that Mr. Lamego . . . had any

14   relevant interactions with Mr. Cook."  Dkt. 410 at 12.  New evidence shows Lamego

15   had relevant interactions with Mr. Cook.

16          On June 3—one week before the June 10 hearing here—Apple filed a Motion to

17   Quash a subpoena Masimo issued on Apple in *Masimo Corp. v. True Wearables, Inc*.

18   Ex. 2.  Masimo's portion of the joint stipulation discussed an email Lamego sent to Cook

19   that Lamego designated as "confidential" in that case, thereby preventing Masimo from

20   using it here.   *Id.* at 3-4, 26-27, 32.  True Wearables initially objected to Masimo

21   providing the email to Apple based on the protective order in that case.  Ex. 3 at 4.  After

22   Apple sought access, True Wearables agreed, and Masimo provided the email to Apple

23   on June 3.  Ex. 4 at 1.  Apple then filed the joint stipulation and underlying exhibits

24   under seal.  After the Court found that the email was not confidential, Apple filed the

25   email publicly on July 2.  *See* Ex. 5 at 2; Ex. 6.[2]

26   _____

27   [2] The Apple lawyer who signed Apple's motion to quash on June 3 in *True Wearables*
    is the same Apple lawyer who represented Apple at the June 10 hearing in this case and

28   confirmed Apple's representation.  *Compare* Ex. 2 at 40 *with* Ex. 1 at 13:14-17.

That email shows Lamego interacted directly with Cook.  Specifically, Lamego wrote to Cook at 1:00 a.m. on October 2, 2013, when he was still Cercacor's CTO.  Ex. 6 at 36.  Lamego referenced Apple's prior offer for him to "join the executive technical team."  *Id.*  Lamego told Cook he had developed intellectual property for Masimo and Cercacor and was "positively sure [he] could add significant value to the Apple team."  *Id.*  Lamego wrote that he believed Apple could solve two aspects of patient monitoring on its own, but needed his help to solve the "patient equation."  *Id.*  Lamego explained the "patient equation" was the "deceptive part" because it is "easy to develop" medical products for most users, but "extremely more complex" to do so for all users.  *Id.*  In exchange for an executive position, Lamego offered to help Apple solve these issues, referencing his "10 years" at Masimo and Cercacor.  *Id.* at 36-37.  By 10:30 a.m. that same morning, Apple's executive recruiter responded: "I saw your note to Tim Cook" and "I'm glad you remain enthusiastic about Apple."  *Id.* at 38.  Apple then hired him.

On June 24, this Court held a hearing on Apple's motion in *True Wearables*.  Ex. 7.  The Court observed this email "speaks for itself" and noted the "timing" that Lamego wrote the email at "1:00 a.m." and by "10:30 a.m. an Apple recruiter responds to that email that was sent to Mr. Cook by Mr. Lamego."  *Id.* at 33:12-18.  While it was "not in and of itself going to be [] case dispositive" it was certainly relevant.  *Id.* at 34:10-35:11.  The Court also mentioned: "[T]here is a whiff of Three-card Monte going on here about getting documents and finding documents and doing a shell game about where Plaintiffs are supposed to go and the procedural mechanisms."  *Id.* at 30:10-14.  The Court declined to "make any findings about Apple and counsel" at that time.  *Id.* at 30:10-11; *see id.* at 31:7-9 ("I'm not going to make a finding, at least not at this juncture, about good faith or bad faith"); *id.* at 47:8-13 ("I'm not making any findings one way or another right now.  I'll tell Apple I almost did.  And I'm not going to, based on what seems to be going on, on some of these issues.").

In addition to the email discussed above, Apple also produced additional relevant emails on July 9.  The additional emails show ███████████████████

-4-

1

2

3

4

5

6

7

8

9

10

11

12 ███████████████████████████  Instead, Apple proceeded to hire Lamego.

13     **2.**     <u>**Cook Was Involved In**</u> ████████████

14     Apple also recently produced emails undermining both Apple's representation

15 and the O'Reilly declaration about Cook's involvement.  O'Reilly declared ████

16

17

18

19

20

21     On June 25, 2021, however, Apple produced ████████████

22

23

24

25

26     **3.**     <u>**Cook Was Involved In**</u> ████████████

27     In addition to the representation above, Apple argued ████████

28

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ███████████████████████████████████████████████

4 ████████████████████████████████████████

5 On July 9, 2021, Apple produced ████████████████████

6 ███████████████████████████████████████████████

7 ███████████████████████████████████████████████

8 ███████████████████████████████████████████████

9 ████████████████████████████

**C.** **The Parties Met And Conferred But Were Unable To Resolve This Dispute**

On July 6, 2021, Masimo asked to meet and confer on this motion.  Ex. 12.  The parties met on July 9, 2021.  Powell Decl. ¶ 3.  Masimo presented much of the evidence discussed above, but Apple declined to search Cook's documents.  *Id.*

## III.  ARGUMENT

Courts have the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).  "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *Tawfilis v. Allergan, Inc.*, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015).  Local Rule 7-18 provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

/ / /

/ / /

/ / /

1    Masimo brings this motion under subsections (a) and (b) based on new material facts.[3]

2    **A.      The Evidence As A Whole Shows Cook Is A Relevant Custodian**

3            The Order found Masimo's initial evidence of relevance was "relatively weak."

4    Ex. 1 at 4:21-24.  The combination of the prior evidence and newly available evidence

5    shows Cook is a relevant custodian.

6            Cook focuses much of his energy on Apple's healthcare initiatives and believes

7    health will be Apple's "greatest contribution" to mankind.  Ex. 13; *see also* Exs. 14-17.

8    Masimo's Motion submitted a declaration from its CEO, Joe Kiani, explaining that

9

10

11

12

13

14

15

16

17

18

19           The newly available evidence confirms Cook's relevance.  One email suggests

20                                                                              Another shows Cook

21    was involved in recruiting Lamego.  Lamego wrote to Cook at 1:00 a.m., explaining he

22    would solve the "patient equation" in exchange for an executive position at Apple.  Ex.

23    6.  By 10:30 a.m. that morning, Apple reached out to Lamego.  *Id.*  In another email,

24

25    ───────────────

26    [3] Motions for reconsideration should be filed within 14 days absent good cause.  L.R. 7-18.  Good cause exists because the evidence became available on June 25, July 2, and

27    July 9—more than 14 days after the June 10 hearing.  Masimo requested a meet and confer the next business day after Apple filed the Lamego/Cook email publicly on July

28    2.  Masimo then filed this motion promptly thereafter.  *See* Local Rule 7-3.

1

2

3    ▮ In yet another newly available email, ▮▮▮▮▮▮▮▮▮

4

5

6    ▮▮▮▮▮▮▮▮▮▮▮▮ This evidence shows Cook is relevant

7    to core disputes in this case.

8        During the June 10 hearing, the Court characterized Apple's recruiting efforts as

9    not going to the "heart" of the case. Ex. 1 at 6:3-6, 12:10-11. But Masimo alleges Apple

10   recruited individuals for the express purpose of obtaining Masimo's trade secrets. *See,*

11   *e.g.*, Dkt. 296-1 ¶¶ 229, 231, 236, 241, 244, 256, 260. Thus, Apple's recruiting efforts

12   are relevant to both Apple's knowledge that it was receiving trade secrets and its

13   inducement of individuals to disclose trade secrets. Apple has contested both issues in

14   multiple motions to dismiss. *See, e.g.*, Dkt. 237-1 at 22-24; Dkt. 247-1 at 23-24; Dkt.

15   309-1 at 14-21; Dkt. 320-1 at 15-24. The emails discussed above tend to show ▮▮▮

16   ▮▮▮▮▮▮▮▮▮ When Lamego offered to solve the

17   "patient equation" at Apple, ▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮ Apple hired Lamego anyway. Masimo deserves an opportunity

19   to show Cook himself knew what Apple was doing.

20       Masimo's showing here dwarfs what other courts have found sufficient. *See, e.g.*,

21   *Vasudevan Software, Inc. v. Microstrategy Inc.*, 2012 WL 5637611, at *6 (N.D. Cal.

22   Nov. 15, 2012) (CEO had "more knowledge than anyone else at Microstrategy about big

23   picture subjects"); *Intel Corp. v. Rivers*, 2019 WL 4318583, at *5 (E.D. Cal. Sept. 12,

24   2019) (ordering discovery of additional custodians because it was "plausible" others

25   "communicated about the relevant information"); *Williams v. Apple, Inc.*, 2020 WL

26   5107639, at *2-3 (N.D. Cal. Aug. 31, 2020) (finding a "reasonable basis" to believe

27   additional custodians had relevant documents). Here, Masimo demonstrated Cook is

28   knowledgeable about the "big picture" strategy for Apple and the facts of this case.

1  **B.**   <u>**Apple's Representation And Declarations Do Not Shield Cook From ESI**</u>

2           As discussed, this Court previously relied on Apple's representation that "Tim

3    Cook, Apple's CEO, is not likely to have discoverable information relevant to any

4    parties' claims or defenses." Ex. 1 at 5:12-17.  That mere representation is insufficient

5    to overcome Masimo's contrary evidence.  *See Gonzales v. Sitel Operating Corp*, 2020

6    WL 96900, at *3 (D. Nev. Jan. 7, 2020) ("contention alone is insufficient to refute

7    Defendant's provided evidence"); *In re Hazelrigg*, 2013 WL 6154102, at *6 (B.A.P. 9th

8    Cir. Nov. 19, 2013) (unsworn statements did not create a genuine issue of fact in view

9    of contrary evidence); *see also Comtech EF Data Corp. v. Radyne Corp.*, 2007 WL

10   5041159, at *7 (D. Ariz. Oct. 12, 2007) (the special master "relegated" the "unsupported

11   attorney argument" to the "proper status as ineffectual against contrary evidence").

12          Apple's declarations do not show Cook is irrelevant.  While O'Reilly attempts to



15          Contemporaneous emails also undermine

22   Ex. 20.  Newly available evidence corroborates

24          Even if Apple had raised a factual dispute about Cook's relevance, courts

25   routinely hold that such factual disputes weigh in favor of discovery—not against it.  *See*

26   *Cal. Earthquake Auth. v. Metro. W. Sec., LLC*, 2012 WL 5880345, at *3 (E.D. Cal. Nov.

27   21, 2012) ("That the relationship . . . is so sharply disputed supports the need for more,

28   not less, discovery"); *Jardin v. DATAllegro, Inc.*, 2011 WL 1769835, at *4 (S.D. Cal.

May 9, 2011) (the requesting party "satisfied his burden of showing the relevance" where a factual dispute "could exist" and the requested documents "potentially b[ore] on this issue"); *see also Elantech Devices Corp. v. Synaptics, Inc.*, 2008 WL 11390835, at *2 (N.D. Cal. Aug. 11, 2008) ("Protection from an 'apex' deposition would be particularly inappropriate where, as here, there is a factual dispute as to whether the deponent has first-hand knowledge of relevant facts."). Accordingly, the totality of the evidence shows Cook is an appropriate ESI custodian.

## C.   Searching Cook's ESI Is Proportional To The Needs Of This Case

In weighing proportionality, the Court relied on aspects of the "apex" doctrine to conclude "there is some burden and that's facially apparent." Ex. 1 at 4:14-19. Numerous courts held the apex doctrine does not apply to document production. *See, e.g.*, *Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 1613489, at *2 (N.D. Ill. Apr. 22, 2016). Even if the doctrine were to apply to document production, however, the party opposing discovery would still be required to submit evidence of burden. *Id.*

Here, Apple submitted no evidence of undue burden. Apple argued searching emails is burdensome because they must be "collected, processed, stored on a production database, reviewed, imaged, and produced." Dkt. 410 at 15. Apple claimed "[e]ach step comes at a cost," but presented no evidence to support that assertion, quantify the cost, or show the process is unduly burdensome for Cook. Apple's failure to submit evidence is telling because it has likely collected, processed, and stored most of Cook's files for other litigations, including the *Epic* case in which Apple produced Cook's documents. *See* Ex. 21 at 8. Apple also would have had to search Cook's ESI to satisfy the Court's new June 24 order in *True Wearables*.[4] Running additional computerized searches on that ESI would be trivial.

---

[4] Among other things, the Court in *True Wearables* ordered Apple to produce "all documents related to Apple hiring Marcelo Lamego" and "all communications with Marcelo Lamego regarding his employment at Apple, including his recruitment and termination." Ex. 5 at 1 (citing Ex. 2 at 7).

1    Moreover, the newly available evidence further shows that searching Cook's ESI
2    is proportional.  In weighing proportionality, courts consider "the importance of the
3    issues at stake in the action, the amount in controversy, the parties' relative access to
4    relevant information, the parties' resources, the importance of the discovery in resolving
5    the issues, and whether the burden or expense of the proposed discovery outweighs its
6    likely benefit." Fed. R. Civ. P. 26(b)(1).  Here, the evidence shows Cook was directly
7    involved in recruiting ██████████████████ and Cercacor's Chief Technical
8    Officer.  As discussed, Apple's recruiting efforts are highly relevant.

9    Additionally, the accused product (the Apple Watch) is the primary product in
10   Apple's "wearables" division, which has revenues of nearly $13 billion per quarter.  Dkt
11   332-1 at 26, 39.  The requested information is also in Apple's exclusive possession.
12   Finally, Apple is worth more than $2 trillion and is the most valuable public company
13   on earth. *Id.* at 39.  Apple cannot claim that it lacks the resources to search Cook's ESI.
14   Indeed, Apple did not attempt to present *any* evidence of burden.  Apple's refusal to
15   present evidence precludes a finding of undue burden.  *See Bohnert v. Texaco Trading*
16   *& Transp., Inc.*, 1989 WL 47026, at *2 (D. Kan. Apr. 28, 1989); *Ingram v. Pac. Gas &*
17   *Elec. Co.*, 2013 WL 6174487, at *5 (N.D. Cal. Nov. 25, 2013); *see also Selby v. Coombe*,
18   1998 WL 146267, at *3 (N.D.N.Y. Mar. 23, 1998).

19   Ultimately, the Court based its decision on a representation from Apple's counsel
20   that Cook is unlikely to possess relevant information.  Ex. 1 at 5:15-17.  The newly
21   available evidence shows otherwise.  The Court should make its ruling based on the
22   present factual record regarding relevance and burden, which overwhelmingly supports
23   Masimo's Motion.

24                              **IV.  <u>CONCLUSION</u>**

25   Accordingly, Masimo respectfully requests the Court reconsider its decision and
26   order Apple to search Cook's ESI using Masimo's proposed search terms.  *See* Ex. 22.
27   / / /
28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 19, 2021                    By: /s/ Adam B. Powell
                                             Joseph R. Re
                                             Stephen C. Jensen
                                             Benjamin A. Katzenellenbogen
                                             Perry D. Oldham
                                             Stephen W. Larson
                                             Mark D. Kachner
                                             Adam B. Powell

                                             Attorneys for Plaintiffs
                                             MASIMO CORPORATION and
                                             CERCACOR LABORATORIES, INC.

35267435

-12-