JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendants. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 10 ORDER DENYING MOTION TO COMPEL DISCOVERY FROM TIM COOK**<br><br>**Hearing:**<br>Date:   August 19, 2021<br>Time:   10:00 a.m.<br>Place:  Courtroom 6A<br>Judge:  Hon. John D. Early |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................3

III. ARGUMENT..........................................................................................................4

    A. Plaintiffs' Motion for Reconsideration Should Be Denied as Untimely.............................................................................................................5

    B. Plaintiffs Present No Basis for Reconsidering the Court's Order .............7

        1. Mr. Cook Forwarding an Unsolicited Email without Comment Is Neither a New Nor a Material Fact Warranting Reconsideration......................................................................................7

        2. Plaintiffs Present No New or Material Evidence Concerning Mr. Cook's Single Meeting with Dr. O'Reilly ...............................9

        3. Plaintiffs Present No New or Material Facts on Their Claim That Mr. Cook Was Involved in Meetings with Masimo..............10

    C. Plaintiffs' Motion Provides No Basis for Reconsidering the Court's Ruling That Mr. Cook Is Not a Proportional Custodian..........................11

IV. CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Blackberry Ltd. v. Facebook, Inc.*,
   2019 WL 4544425 (C.D. Cal. Aug. 19, 2019) ......................................................... 12

*Brantley v. Borg-Warner Morse Tec., Inc.*,
   2013 WL 5204524 (S.D. Cal. Sept. 13, 2013) ....................................................... 5, 6

*Chavez v. CCA/Eloy Det. Ctr.*,
   2008 WL 2225759 (D. Ariz. May 28, 2008) .............................................................. 5

*Johnson v. Mammoth Recreation, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ................................................................................ 5, 6

*Lauris v. Novartis*,
   2016 WL 7178602 (E.D. Cal. Dec. 8, 2016) .............................................................. 9

*Martinez v. Scott*,
   2020 WL 8572817 (C.D. Cal. Dec. 15, 2020) ............................................................ 7

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011) ....................................................................... 5

*Proctor v. Corr. Corp. of Am.*,
   2012 WL 1987180 (D. Ariz. June 4, 2012) ................................................................ 7

*Rhodes v. Pfeiffer*,
   2017 WL 10519635 (C.D. Cal. June 30, 2017) ...................................................... 2, 5

**RULES**

L. R. 7-18 ............................................................................................................. 1, 5, 6, 11

## I. INTRODUCTION

Plaintiffs' Motion for Reconsideration should be denied as untimely and because it presents no basis for revisiting the Court's ruling that Apple Inc. CEO Tim Cook is not a proper ESI custodian. The Court accepted Apple's position that Mr. Cook is unlikely to have any unique knowledge about the issues in this case, and found Plaintiffs' contrary contentions to be "relatively weak," "minimal at best," and "not compelling." Powell Decl. Ex. 1, Hr'g Tr. re: Pls.' Mot. to Compel (Dkt. No. 377) and Order Denying Motion ("Tr.") at 4:21, 7:15, 12:7-9. That ruling was correct, and nothing in Plaintiffs' Motion warrants reconsideration.

*First*, Plaintiffs' Motion is untimely. Local Rule 7-18 requires that a motion for reconsideration be filed within 14 days after entry of the order to be reconsidered, absent a showing of good cause. The Court issued its order on June 10 (Dkt. 445), and Plaintiffs waited until July 19 to file their Motion (Dkt. 472 or "Mot.")—nearly a month past the deadline. And Plaintiffs have not shown "good cause" for their tardiness; the primary document they rely on has been in their possession for well over a year, and their Motion repeats the same arguments previously presented to and rejected by this Court. There is no excuse for Plaintiffs' blatant untimeliness, and the Motion should be denied on this ground alone.

*Second*, the Motion fails to present "a material difference in fact" from what Plaintiffs previously argued or "the emergence of new material facts" warranting reconsideration. L.R. 7-18(a), (b). Plaintiffs claim that "newly available evidence shows Cook was involved in recruiting Lamego, ███████████████████ ████████████████ Mot. at 3. But the primary document they rely on is not "new" because it was produced to Plaintiffs more than a year before the Court's ruling, and other documents they cite are held by Masimo's own custodians. And even if the documents were deemed "material[ly] differen[t]" from what Plaintiffs previously argued (they are not), Plaintiffs did not "exercise reasonable diligence," given how long the information has been in their possession. L.R. 7-18(a).

The supposedly "new" evidence also provides no basis for reconsidering the Court's order. For example, the *entire* basis for Plaintiffs' argument that "Cook Was Involved In Recruiting Lamego" (Mot. at 3–5) is an *unsolicited* message from Mr. Lamego to Mr. Cook, which Mr. Cook then forwarded to a couple other Apple employees *without any comment*. Forwarding an unsolicited email does not make a CEO an appropriate apex custodian. Nor does ███████████████████████████████████████████████████████████████████████████ Under the ESI protocol entered by the Court, appropriate custodians are those who are "knowledgeable about and were involved in the core issues or subjects in this case" (Dkt. 51 ¶ 1); the Court correctly found that Mr. Cook does not meet that description; and nothing in Plaintiffs' Motion warrants reconsideration of that decision.

*Third*, Plaintiffs' Motion provides no new material facts relevant to the proportionality of Mr. Cook's ESI, and the Motion should be denied on this independent ground as well. The Court previously concluded that the burden of requiring collection from Tim Cook is "facially apparent," and Plaintiffs' "weak" showing of relevance was not enough to overcome it. Tr. at 4:10-13, 4:19-21. None of the new documents Plaintiffs rely on has anything to do with the proportionality of the burden and expense of making Mr. Cook an ESI custodian. Apple has offered or agreed to search the ESI of *33* other custodians, and Plaintiffs do not claim that Mr. Cook would have any relevant information that Plaintiffs will not obtain through those other custodians.

In sum, Plaintiffs' Motion for Reconsideration is nothing more than a rehash of their previous arguments. This procedurally and substantively improper ploy to gain access to Apple's CEO's inbox should be rejected. *Rhodes v. Pfeiffer*, 2017 WL 10519635 (C.D. Cal. June 30, 2017) (denying untimely motion for consideration and holding that "Litigants may not use motions for reconsideration 'to obtain the proverbial second bite of the apple.'") (citation omitted)).

## II. FACTUAL BACKGROUND

Plaintiffs moved to compel discovery from Tim Cook (Dkt. 379-1), alleging that Mr. Cook was ███████████████████████████████████████████████████ ███████████████████████████████ (Mot at 7). The parties submitted competing declarations, ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. Declaration of Joshua Lerner ("Lerner Decl.") ¶¶ 12–13; Exs. E–F.

The Court denied Plaintiffs' motion on June 10, 2021, finding Plaintiffs' showing of relevance to be "minimal at best" and insufficient to impose discovery burdens on Apple and Mr. Cook. Tr. at 7:15. Specifically, the Court ruled that "the issues at depth in those dueling declarations" are "not to the heart of the case." Tr. at 6:3-6. The Court accepted Apple representation that Mr. Cook was not knowledgeable or involved in the core issues in the case, found Plaintiffs' arguments to the contrary to be "weak," and denied the motion to compel. Tr. at 4:21, 5–6; Dkt. 445.

Plaintiffs filed the present Motion for Reconsideration 39 days after the Court's ruling (Dkt. 472)—long after the deadline imposed by Local Rule 7-18. They premise their motion on three groups of documents, but none of these documents are newly available or materially different from what Plaintiffs previously argued.

***Mr. Cook's passive forward of an unsolicited email from Mr. Lamego.*** The primary focus of Plaintiffs' motion is an email from Mr. Lamego to Mr. Cook in October 2013, which Mr. Cook forwarded without comment to others at Apple. Powell Decl. Ex. 8. The email does not suggest that Mr. Lamego had ever met with or interacted with Mr. Cook. Plaintiffs received a copy of this email in a February 2020 *True Wearables* document production—well over a year before they filed their motion to compel. Decl. of Kristin Drieman ("Drieman Decl.") ¶ 4. Indeed, Plaintiffs attached that document to a declaration in *True Wearables* on June 3, 2021, a week *before* the hearing on Plaintiffs'

underlying motion to compel discovery from Tim Cook. Lerner Decl. ¶ 14. A version of the email was separately produced by Apple on July 9. Mot. at 4.

*Mr. Cook's alleged involvement in* ▓▓▓▓▓. Plaintiffs also rely on an email between ▓▓▓▓▓ (*not* Mr. Cook). The document states ▓▓▓▓▓. Mot. at 5; Powell Decl. Ex. 9. The email exchange does not ▓▓▓▓▓.

*Mr. Cook's alleged involvement in* ▓▓▓▓▓. Plaintiffs also rely on a short email exchange from May 2013 ▓▓▓▓▓. Powell Decl. Ex. 11. Mr. Cook is not copied on any of the emails. ▓▓▓▓▓

Plaintiffs also attach an unproduced document ▓▓▓▓▓ (and presumably has been in Plaintiffs' possession since that date). Mot. at 9; Powell Decl. Ex. 20. It is not a new document. It also is not relevant. At most, the document shows that ▓▓▓▓▓.

### III.  ARGUMENT

Plaintiffs' Motion is untimely and meritless. Plaintiffs fail to demonstrate good cause for their tardiness in bringing this motion, and present no new material facts

warranting reconsideration. The Court should deny Plaintiffs' Motion.

### A. Plaintiffs' Motion for Reconsideration Should Be Denied as Untimely

Local Rule 7-18 requires a party to file a motion for reconsideration within 14 days following the entrance of the order to be reconsidered. Plaintiffs indisputably failed to file their Motion by this deadline.

Plaintiffs block-quote Local Rule 7-18 (Mot. at 6), but misleadingly omit (without even an ellipsis) the portion of the rule establishing this deadline:

> "L.R. 7-18 Motion for Reconsideration. A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. ***Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application***."

L.R. 7-18 (emphasis added).

The Court entered its order on June 10, and Plaintiffs filed their motion for reconsideration 39 days later, on July 19, 2021. Therefore, the motion is time barred and should be rejected on that basis alone. *Rhodes*, 2017 WL 10519635 at *1-2 (denying motion for reconsideration as untimely under Local Rule 7-18); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011) (same).

Plaintiffs sheepishly acknowledge their failure to meet the deadline in a footnote (Mot. at 7 n.3), but do not come close to meeting their burden of showing good cause excusing them from that deadline. "The good cause standard primarily considers the diligence of the party filing the untimely motion." *Chavez v. CCA/Eloy Det. Ctr.*, 2008 WL 2225759, at *1 (D. Ariz. May 28, 2008) (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Brantley v. Borg-Warner Morse Tec.*,

*Inc.*, 2013 WL 5204524, at *2 (S.D. Cal. Sept. 13, 2013) (to "demonstrate good cause, a party must demonstrate its diligence in taking discovery ... or noticing the particular outstanding discovery").

Plaintiffs contend that "[g]ood cause exists because the evidence became available on June 25, July 2, and July 9—more than 14 days after the June 10 hearing." *Id*. This is false. The primary document Plaintiffs cite (the single, unsolicited email from Mr. Lamego to Mr. Cook) **has been in Plaintiffs' possession since February 6, 2020** when it was produced to Masimo (represented by the same law firm and many of the same attorneys as in this case) in *Masimo Corp., et al. v. True Wearables, Inc., et al.*, No. 8:18-cv-02001-JVS (JDEx). *See* Drieman Decl. ¶ 4. They attached that email to a declaration filed in *True Wearables* on June 3, 2021. *See* Lerner Decl. ¶ 14. To be sure, the email was previously designated as confidential under the *True Wearables* protective order. Lerner Decl. Ex. A. But Plaintiffs make no attempt to justify their failure to seek de-designation or permission to use the *True Wearables* document in the *Apple* case, or to raise with Apple the existence of this email at an earlier date. Although Apple repeatedly asked Plaintiffs to share the basis for their request to include Tim Cook as an ESI custodian, Plaintiffs never mentioned or even alluded to any communications between Mr. Cook and Mr. Lamego as part of the basis for requesting to search his ESI. *See* Lerner Decl. ¶ 10. "The burden was upon [plaintiffs]" to "pay attention to the responses they received" in discovery (*Johnson*, 975 F.2d at 609), and Plaintiffs have not established good cause for their untimely filing of their Motion.

Plaintiffs' lack of "good cause" is further evident because their Motion simply rehashes the unsuccessful arguments made in their original motion to compel, which the local rule directly prohibits: "No motion for reconsideration shall *in any manner* repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18 (emphasis added). Here again, Plaintiffs' block-quotation of the Local Rule (Mot. at 6) misleadingly omits this key requirement.

Plaintiffs' Motion cites much of the same case law and is supported by the same exhibits Plaintiffs submitted in support of their original motion. For example, Plaintiffs once again lodge the same news articles with the Court documenting Apple and Mr. Cook's well-known commitment to health care. *Compare* Powell Decl. Exs. 13–15 *with* Decl. of Adam Powell in Support of Motion to Compel Exs. 14-16. And on the proportionality of deeming Mr. Cook an ESI custodian, Plaintiffs' Motion for Reconsideration is simply a reprise of their previous motion. Judge Early already considered the articles Plaintiffs cite and the cases they rely on, and found "[t]he fact that the CEO of Apple indicated he's very interested in health care technology [] has very little weight in terms of making that person's email subject to search." Tr. at 7:15-18. This is no "good cause" for excusing a tardy motion that presents the same arguments the Court has already considered and rejected. *Martinez v. Scott*, 2020 WL 8572817, at *2 (C.D. Cal. Dec. 15, 2020) (denying untimely motion for reconsideration where plaintiffs failed to demonstrate good cause and "improperly repeat[ed] arguments previously presented in support of Plaintiff's prior motions"); *Proctor v. Corr. Corp. of Am.*, 2012 WL 1987180, at *1 (D. Ariz. June 4, 2012) (denying untimely reconsideration motion for failure to show good cause).

## B. Plaintiffs Present No Basis for Reconsidering the Court's Order

Putting aside the untimeliness of Plaintiffs' Motion, the documents Plaintiffs rely on are neither "new" nor "material," as the Local Rule requires for reconsideration; and Plaintiffs present nothing that calls this Court's prior ruling into question.

### 1. Mr. Cook Forwarding an Unsolicited Email without Comment Is Neither a New Nor a Material Fact Warranting Reconsideration

The primary focus of Plaintiffs' Motion is a one-time, unsolicited email communication sent from Marcelo Lamego to Tim Cook in the middle of the night on October 2, 2013. Powell Decl. Ex 6. This email in no way warrants reconsideration of the Court's ruling that Mr. Cook is not a proper ESI custodian.

Mr. Cook's forwarding of an unsolicited email is not a "new" fact. Plaintiffs already unsuccessfully argued that Mr. Cook's receipt of emails from customers providing feedback about the Apple Watch were enough to make him a proper custodian. Jt. Stip. (Dkt. 379-1) at 7. If Mr. Cook receiving an unsolicited email was enough to make him a custodian, Plaintiffs' motion to compel would have come out differently.

Nor is this evidence "newly available," as Plaintiffs claim throughout their Motion. Plaintiffs received the document no later than February 6, 2020. Drieman Decl. ¶ 4. In fact, on June 3, 2021, a week *before* the Court held a hearing on Plaintiffs' underlying motion to compel discovery from Tim Cook, Plaintiffs attached this document to a declaration filed in the *True Wearables* case. Lerner Decl. ¶ 14.

And the fact that Mr. Cook forwarded an unsolicited email from Mr. Lamego is in no way material to whether he is a proper ESI custodian. It is unremarkable that Apple's CEO forwards unsolicited emails that do not require his personal involvement or attention to his employees—in this case with no comment or guidance about whether or how that employee should handle the email. Far from demonstrating that Mr. Lamego and Mr. Cook "interacted" or that Mr. Cook "recruited" Mr. Lamego (Mot. at 3, 4), Plaintiffs' evidence demonstrates that Mr. Cook viewed the Lamego email as one that did *not* warrant his personal response, and was more appropriately delegated to *others* within the Apple organization.

In an abundance of diligence and good faith, Apple traced the email through its records to determine whether Mr. Cook ever responded to or discussed this email with others. Lerner Decl. ¶¶ 6–7. Apple found no evidence of Mr. Cook taking any action on the email beyond forwarding it without any commentary. Lerner Decl. ¶ 7. Apple already made some of the downstream recipients of this email ESI custodians. Lerner Decl. ¶ 9. Apple has also offered Jeff Williams—Apple's Chief Operating Officer and undoubtedly an *Apex* employee—as an ESI custodian, in part because ███████████ ███████████████████████████████████████████████████████. Lerner Decl.

1  ¶ 17. Thus, Plaintiffs have access to any relevant discovery that exists here, and there is no basis for burdening Mr. Cook.

The email Plaintiffs rely on shows only that Mr. Cook sometimes receives unsolicited emails, and like any leader of a large organization, re-routes the inquiries to subordinates with the expectation that they will handle the issue or further delegate it as appropriate. This proves the *opposite* of what Plaintiffs argue—Mr. Cook did *not* consider this email to rise to the level of requiring his personal attention. *See Lauris v. Novartis*, 2016 WL 7178602, at *5 (E.D. Cal. Dec. 8, 2016) (requiring "more than mere speculation to order Defendants to include [] apex custodians in the search protocol").

### 2. Plaintiffs Present No New or Material Evidence Concerning Mr. Cook's Single Meeting with Dr. O'Reilly

The Court already rejected Plaintiffs' argument that Mr. Cook's brief meeting with Dr. O'Reilly somehow makes Mr. Cook a relevant ESI custodian. Tr. at 7-8. As Dr. O'Reilly testified, ███████████████████████████████████████ Lerner Decl. Ex. E, at ¶ 5.

Plaintiffs' new evidence consists of nothing more than a prefatory email sent from Apple employees (*not* Mr. Cook) to Dr. O'Reilly about the logistics of setting up a meeting: ███████████████████████████████████████ Mot. at 5; Powell Decl. Ex. 9. Plaintiffs do not attempt to explain how this email "undermin[es] both Apple's representation and the O'Reilly declaration about Cook's involvement." Mot. at 5. It does not. The email does not present any new facts, and certainly not anything material to the question whether Mr. Cook is a proper ESI custodian.

Plaintiffs also reference an email ███████████████████████ that they have presumably held for the past 8 years, but have never produced. Mot. at 9; Powell Decl. Ex. 20. Even now, Plaintiffs provide only the contents of this email—and only under seal. Powell Decl. Ex. 20. Apple asked Plaintiffs repeatedly during the

meet-and-confer process for their basis for proposing Mr. Cook as an ESI custodian, and they have never so much as mentioned this email. Lerner Decl. ¶ 10. Plaintiffs now claim this unproduced document is a "new fact" that compels reconsideration of the Court's prior order. This is patently inappropriate. Withholding a document while meeting and conferring only to pull it out for the first time in Court filings is antithetical to the reconsideration standard and should not be condoned.

In any event, as Judge Early put it, the substance of the email does "not [go] to the heart of the case." Tr. at 6:5-6. At most, the email suggests that ███████████████████████████████████████████████████████████████████. See Powell Decl. Ex. 20. The email says nothing about whether ███████████████████████████████████████. It is not material to the question whether Mr. Cook is a proper ESI custodian, and therefore cannot support reconsideration.

### 3. Plaintiffs Present No New or Material Facts on Their Claim That Mr. Cook Was Involved in Meetings with Masimo

Mr. Perica's declaration in opposition to Plaintiffs' motion to compel made clear that Mr. Cook was "not involved" in meetings with Masimo, did not "direct or instruct" those meetings to occur, and may not have been "aware that the meeting was occurring." Mot. at 5-6; Lerner Decl. Ex. F, at ¶ 3. The Court properly rejected Plaintiffs' arguments to the contrary, and Plaintiffs' Motion presents no new or material facts warranting reconsideration.

The document Plaintiffs rely on (APL-MAS_00332011, Exhibit 11 to the Declaration of Adam Powell) is a ████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

1  ████████████████████████████████████████████████████████████
2  ████████████████████████████████████████
3  The email does not state or suggest that ██████████████████████. There
4  is no purported connection between the first agenda item ████████████ and
5  the last one ██████████████████. Indeed, the use of the phrase ████ indicates
6  that ████████████ was a *separate topic* to be discussed during the same meeting,
7  and not related to the ████████████ Plaintiffs claim that this document "suggests
8  ██████████████████████████" (Mot. at 7), but they are simply
9  wrong. Exhibit 11 does nothing to connect Mr. Cook to this case, and in no way rises
10 to the level of a "new" or "material" fact warranting reconsideration. L.R. 7-18.

**C.  Plaintiffs' Motion Provides No Basis for Reconsidering the Court's Ruling That Mr. Cook Is Not a Proportional Custodian**

The Court was correct in finding that the "burden" in searching the records of the CEO of a large international corporation was "facially apparent." Tr. at 4:19, 7:5, 7:7, 8:2. None of the documents Plaintiffs rely on in their Motion have anything to do with the proportionality of compelling discovery of Mr. Cook's ESI. Thus, even if the facts Plaintiffs rely on were "new" (they are not) and showed Mr. Cook was involved in the events at issue in the case (they do not), they would not render Mr. Cook a proportional custodian.

Collecting ESI from a CEO is always burdensome. The Court noted that it "d[oes] not] need a declaration to know … that it is … burdensome to search the CEO of a [large] international corporation for records." Tr. at 4:10-19. "[T]here is a burden on the CEO of one of the largest corporations in the world to have me have that person designated as an ESI custodian beyond what it would be for, say, an engineer …." Tr. at 10:11–16.

This is especially true here where Plaintiffs insist that Apple must collect *all* text messages, iMessages, or other electronic communication streams from all custodians who potentially may have used those methods of communications for *any* work-related

purpose at *any* time. Lerner Decl. ¶ 16. Plaintiffs have indicated they will consider exceptions on a case-by-case basis only if Apple presents a specific factual proffer for each custodian, explaining the extent to which they used (or did not use) personal devices and messaging services for work. Lerner Decl. ¶ 16, Ex. I. The burden and the privacy concerns with subjecting a CEO to ESI discovery are heightened where, as here, Plaintiffs seek personal phone records and text messages.

Against the enormous burden of making Mr. Cook an ESI custodian, Plaintiffs' Motion nowhere even suggests that Mr. Cook's ESI would yield non-duplicative information or documents. For instance, Mr. Cook was not involved in ▓▓▓▓ ▓▓▓▓ but even if he had been, documents about those discussions would be available through custodians Mr. Perica and Mr. Smith—as the Court previously noted. *E.g.*, Tr. 12:17–19 ("[T]o the extent Mr. Cook was communicating with [Mr. Perica], presumably you're going to get that."); Lerner Decl. ¶ 11. Plaintiffs do not provide any reason to believe that Mr. Cook would have unique, non-duplicative documents about those discussions, or anything else. And Plaintiffs' proposed search terms for Mr. Cook's ESI are not even tethered to their contentions about his relevance. For example, Plaintiffs want Apple to run the term ▓▓▓▓▓▓▓▓ through Mr. Cook's ESI (Powell Decl. Ex. 22), but have articulated no connection between Mr. Cook and any allegations of ▓▓▓▓—there are none. *See Blackberry Ltd. v. Facebook, Inc.*, 2019 WL 4544425, at *4 (C.D. Cal. Aug. 19, 2019) (denying request to compel including Mark Zuckerberg as a custodian because his purported role was "too attenuated" from the infringement issues to warrant running proposed search terms across his email inbox).

Productions in this matter are ongoing, and if future document productions reveal that additional individuals were "knowledgeable about and were involved in the core issues or subjects in this case" (Dkt. 51 ¶ 1), Apple will offer them as custodians in good faith—as it has done all along. For example, Apple recently proposed adding Paul Mannheimer as an ESI custodian because he was involved in development of algorithms

at issue in the case (Lerner Decl. ¶ 15), and agreed to include Mr. Williams, who is indisputably an *Apex* employee, on the custodian list as well (Lerner Decl. ¶ 17).

Despite Apple's good faith effort to identify relevant custodians, Plaintiffs remain fixated on Mr. Cook. But Plaintiffs have presented no basis for concluding that Mr. Cook has any information that they cannot (and will not) more easily obtain through any of the now 33 other custodians Apple has offered or agreed to search.

## IV.     CONCLUSION

Plaintiffs' Motion for Reconsideration is untimely and meritless. The Court should deny Plaintiffs' Motion with prejudice.*

Dated: July 29, 2021

                                             Respectfully submitted,

                                             JOSHUA H. LERNER
                                             H. MARK LYON
                                             BRIAN M. BUROKER
                                             BRIAN A. ROSENTHAL
                                             ILISSA SAMPLIN
                                             ANGELIQUE KAOUNIS
                                             BRIAN K. ANDREA
                                             GIBSON, DUNN & CRUTCHER LLP

                                          By:   */s/ Joshua H. Lerner*
                                                     Joshua H. Lerner

                                          *Attorneys for Apple Inc.*

---

* If the Court disagrees and grants Plaintiffs' Motion, there should at a minimum be a negotiation between the parties about the search terms to be used. Plaintiffs should not be permitted to unilaterally impose on Apple search terms that have no connection to Mr. Cook's role, responsibilities, or knowledge.