Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 10 ORDER DENYING MOTION TO COMPEL DISCOVERY FROM TIM COOK (DKT. 445)**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:   September 2, 2021<br>Time:  10:00 a.m.<br>Ctrm:  6A<br><br>Discovery Cut-Off:   3/7/2022<br>Pre-Trial Conference: 11/21/2022<br>Trial:                12/6/2022 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ...................................................................................... 1

II.  ARGUMENT ............................................................................................. 2

    A.    Apple's Procedural Challenges Fail ................................................. 2

        1.    Masimo Established Good Cause ......................................... 2

        2.    Masimo's Motion Does Not Improperly Repeat Prior Arguments ............................................................................. 4

    B.    Newly Available Evidence Changes The Relevance Analysis ................. 5

        1.    Cook Was Involved In Recruiting Lamego ......................... 5

        2.    Cook Was Involved In ■■■■■■■■■■ ............................ 7

        3.    ■■■■ as Involved In ■■■■■■■■■■■■■ ■■■ ...................... 9

    C.    Newly Available Evidence Changes The Proportionality Analysis ........................................................................................ 10

III. CONCLUSION ....................................................................................... 12

# TABLE OF AUTHORITIES

Page No(s).

*BlackBerry Ltd. v. Facebook, Inc.*,
   2019 WL 4544425 (C.D. Cal. Aug. 19, 2019) ...................................................... 11

*Brantley v. Borg-Warner Morse Tec, Inc.*,
   2013 WL 5204524 (S.D. Cal. Sept. 13, 2013) ........................................................ 4

*Cal. Earthquake Auth. v. Metro. W. Sec., LLC*,
   2012 WL 5880345 (E.D. Cal. Nov. 21, 2012) ................................................... 7, 10

*Chavez v. CCA/Eloy Det. Ctr.*,
   2008 WL 2225759 (D. Ariz. May 28, 2008) ......................................................... 4

*Elantech Devices Corp. v. Synaptics, Inc.*,
   2008 WL 11390835 (N.D. Cal. Aug. 11, 2008) ................................................ 7, 10

*Intel Corp. v. Rivers*,
   2019 WL 4318583 (E.D. Cal. Sept. 12, 2019) ..................................................... 10

*Intervention911 v. City of Palm Springs*,
   2018 WL 6131166 (C.D. Cal. June 14, 2018) ...................................................... 5

*Jardin v. DATAllegro, Inc.*,
   2011 WL 1769835 (S.D. Cal. May 9, 2011) ..................................................... 7, 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) .................................................................................. 4

*Lauris v. Novartis AG*,
   2016 WL 7178602 (E.D. Cal. Dec. 8, 2016) ......................................................... 7

*Martinez v. Scott*,
   2020 WL 8572817 (C.D. Cal. Dec. 15, 2020) ....................................................... 5

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011) ................................................................... 4

*Proctor v. Corr. Corp. of Am.*,
   2012 WL 1987180 (D. Ariz. June 4, 2012) ........................................................... 5

# TABLE OF AUTHORITIES
### (*cont'd*)

Page No(s).

*Rhodes v. Pfeiffer*,
  2017 WL 10519635 (C.D. Cal. June 30, 2017) ........................................................ 4

*United States v. Mobile Med. Examination Servs., Inc.*,
  2019 WL 11766135 (C.D. Cal. Sept. 16, 2019) ....................................................... 5

*Williams v. Apple, Inc.*,
  2020 WL 5107639 (N.D. Cal. Aug. 31, 2020) .................................................. 10, 11

## OTHER AUTHORITIES

Fed. R. Civ. P. 26 ............................................................................................... 5, 10

L.R. 7-3 ..................................................................................................................... 2

L.R. 7-18 ................................................................................................................... 2

Cal. R. Pro. Conduct 3.3 .......................................................................................... 3

# I. INTRODUCTION

Apple's Opposition ignores most of Masimo's arguments in its opening brief. Apple does not mention the Court's reliance on Apple's representation that Cook was "not likely" to have discoverable information. Nor does Apple address its strong suggestion that Lamego and Cook had no "relevant interactions." Apple also ignores the *True Wearables* hearing, where the Court expressed concern about Apple playing "Three-card Monte" and commented on the relevance of the Lamego-Cook email. *See* Ex. 7 at 30:10-14; 33:12-18 (observing the email "speaks for itself").[1]

Rather than address Masimo's arguments, Apple asks the Court to deny the Motion on procedural grounds. Apple argues Masimo should have brought the Lamego-Cook email to Apple's attention in this case. But Apple had that email for years because Lamego sent it to Cook. Moreover, Masimo could not have mentioned the email to Apple without violating the protective order in *True Wearables*. Apple argues Masimo should have moved for relief from that protective order. But Masimo did not anticipate Apple would withhold the email in this case, much less represent it did not exist. Apple also ignores that it first produced other new evidence on which this Motion is based on June 25 and July 9. Apple's procedural challenges lack merit.

Apple's arguments on the merits are equally unpersuasive. Apple attempts to trivialize the Lamego-Cook email as an "unsolicited" email that Cook supposedly decided was not worth his attention. But Apple presents no evidence to support that argument ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Apple also represents that Cook did not comment on that particular email, but avoids addressing whether Cook discussed the topic generally in other emails. As to O'Reilly, Apple argues ▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

---

[1] Numbered exhibits are attached to the Declaration of Adam B. Powell (Dkt. 473; Dkt. 475-2) or the Supplemental Declaration of Adam B. Powell submitted herewith. Lettered exhibits are attached to the Declaration of Joshua Lerner (Dkt 478-2; Dkt. 479-1). All emphasis is added unless noted otherwise.

███████████████████████████████████████████████████████

████████████████████████████████████████, but again fails to say what actually happened. Apple's speculation about what *may* have happened shows precisely why discovery is necessary.

Apple argues it would be an "enormous burden" to search Cook's ESI, but Apple still presents *no* evidence to support that assertion. Far from supporting its assertion, Apple's Opposition reveals Apple can easily search Cook's ESI. Indeed, Apple admits it has searched for emails from Cook responding to the Lamego-Cook email. Nothing suggests that running more searches would be unduly burdensome. Masimo respectfully requests the Court require Apple to search Cook's ESI.

## II.  ARGUMENT

### A.  Apple's Procedural Challenges Fail

Apple argues this Motion is both untimely and rehashes prior arguments. Dkt. 478-1 at 5-8. Those procedural challenges fail for the reasons discussed below.[2]

### 1.  Masimo Established Good Cause

As Masimo explained, "good cause exists because the evidence became available on June 25, July 2, and July 9—more than 14 days after the June 10 hearing." Dkt. 475-1 at 7 n.3. Apple produced some new documents on June 25 and July 9. Exs. 8-9, 11. The Lamego-Cook email first became available for use in this case on July 2 when Apple filed it publicly. Ex. 5-6. Masimo then promptly met with Apple and moved the Court.[3]

---

[2] Apple claims Masimo "misleadingly omit[ted] (without even an ellipsis)" portions of L.R. 7-18. Dkt. 478-1 at 5-8. Masimo cited the rule and explained that motions "should be filed within 14 days absent good cause." Dkt. 475-1 at 7, n.3. An ellipsis was not appropriate because Masimo quoted a full sentence. *See* The Bluebook: A Uniform System of Citation (21st ed. 2020) at 87. Notably, Apple's motion for reconsideration quoted the same sentence from Local Rule 7-18 without the sentences Apple now claims Masimo omitted. *See* Dkt. 72-1 at 3-4. Apple also did not use an ellipsis. *See id.*

[3] Masimo requested a meet and confer on July 6 (the next business day after July 2) and the parties met on July 9. Powell Decl. ¶ 2. Thus, Masimo could not have filed this Motion before July 16. *See* L.R. 7-3. Masimo moved the next business day on July 19.

Apple argues the Lamego-Cook email "**has been in Plaintiffs' possession since February 6, 2020** . . . ." Dkt. 478-1 at 6 (emphasis in original). Apple faults Masimo for not "rais[ing] with Apple the existence of this email at an earlier date." Dkt. 478-1 at 6. But Apple had the email for years because Lamego sent it to Cook in 2013. Moreover, as Apple admits, True Wearables designated the email as "confidential" pursuant to the protective order in that case. Thus, Masimo could not have used the email in this case, or raised it with Apple, without violating the protective order in *True Wearables*. *See* Ex. A ¶ 5 (protected material shall be used "only in the litigation of this Action and shall not be used for any other purpose"). Indeed, True Wearables objected when Masimo asked if it could disclose the email to Apple when opposing Apple's motion to quash **in the True Wearables case**. Ex. 3 at 4. True Wearables reversed course only after *Apple* requested disclosure. Ex. 4 at 1.[4]

Apple faults Masimo for attaching the email to that opposition "on June 3, 2021, a week **before**" the hearing in this case. Dkt. 478-1 at 8 (emphasis in original). Because Apple knew Masimo was relying on the email by June 3, Masimo fully expected Apple would at least acknowledge it at the hearing. Masimo was shocked when Apple ignored the email and reaffirmed its representation that Cook was "not likely" to have relevant information. Ex. 1 at 13:14-17. Unlike Masimo, Apple could have discussed the email because Apple possessed it since 2013. At a minimum, Apple should have informed the Court that it was aware of information that might be contrary to the representation on which the Court made clear it was relying. *See* Cal. R. Pro. Conduct 3.3(a)(1).

Apple claims Masimo should have sought "de-designation or permission to use" the Lamego-Cook email in this case. Dkt. 478-1 at 6. Apple should have complied with its obligations to produce responsive documents, including the Lamego-Cook email. / / /

---

[4] Apple and True Wearables have a common interest agreement and are coordinating their defenses in both cases.

Masimo cannot be faulted for failing to anticipate that Apple would deny the existence of the Lamego-Cook email at the June 10 hearing.

Apple cites several cases addressing motions for reconsideration and good cause generally, but none are relevant here. *See Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011) (denying reconsideration based on finding no new facts or law); *See Rhodes v. Pfeiffer*, 2017 WL 10519635, at *2 (C.D. Cal. June 30, 2017) (new facts apparent eight months earlier); *Chavez v. CCA/Eloy Det. Ctr.*, 2008 WL 2225759, at *1 (D. Ariz. May 28, 2008) (movant did not attempt to show good cause); *Brantley v. Borg-Warner Morse Tec, Inc.*, 2013 WL 5204524, at *2 (S.D. Cal. Sept. 13, 2013) (addressing good cause for amending the scheduling order); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (same). Nothing supports Apple's assertion that Masimo could have used the Lamego-Cook email in this case before Apple filed it publicly on July 2.

Apple also ignores that this Motion is based on additional documents, which Apple produced on June 25 and July 9 pursuant to the Court's order. Exs. 8, 9, 11; Dkt. 436. Those documents included additional emails on the same chain as the Lamego-Cook email. *Compare* Ex. 6 *with* Ex. 8 at APL-MAS_00332237-38. Had Apple timely produced those documents months ago without requiring a court order, Masimo could have presented this relevant evidence with the original motion. The Court should not allow Apple to use its own withholding of documents to defeat this Motion.

**2. Masimo's Motion Does Not Improperly Repeat Prior Arguments**

Apple inaccurately asserts Masimo "rehashes" prior arguments. As Masimo explained, "[t]he **combination** of the prior evidence and newly available evidence shows Cook is a relevant custodian." Dkt. 475-1 at 7. While the newly available evidence is compelling, the issue is not whether the newly available evidence *alone* shows Cook is relevant. The issue is whether the new evidence justifies reconsidering the record as a whole. Thus, Masimo properly summarized the prior evidence and explained how the newly available evidence "confirms Cook's relevance." *Id.* at 7-8.

-4-

Masimo also showed the newly available evidence affects the proportionality analysis because Masimo's higher showing of relevance rebuts Apple's claim of undue burden. *Id.* at 10-11. In addition, Masimo explained that Apple would have had to search Cook's ESI to satisfy the Court's new June 24 order in *True Wearables*, so running additional searches would be trivial. *Id.* at 10. Masimo properly argued the totality of the new and prior evidence shows Apple should search Cook's ESI. Citing only the new evidence would have led to an incomplete Rule 26 analysis.

Apple appears to suggest a party may never mention facts or arguments presented in the original motion. Dkt. 478-1 at 6-7. Apple cites two cases, but neither supports that assertion. *See Martinez v. Scott*, 2020 WL 8572817, at *2 (C.D. Cal. Dec. 15, 2020) (denying pro se plaintiff's motion for many reasons, including that it was "frivolous" and presented no new facts); *Proctor v. Corr. Corp. of Am.*, 2012 WL 1987180, at *1 (D. Ariz. June 4, 2012) (denying pro se plaintiff's motion as untimely without discussing prior arguments). Masimo properly bolstered prior arguments with new evidence that tips the analysis. *See Intervention911 v. City of Palm Springs*, 2018 WL 6131166, at *1-3 (C.D. Cal. June 14, 2018) (granting motion for reconsideration where new facts supported movant's prior argument and contradicted opposing party's prior representation); *United States v. Mobile Med. Examination Servs., Inc.*, 2019 WL 11766135, at *2-4 (C.D. Cal. Sept. 16, 2019) (granting motion for reconsideration based on new facts and rejecting argument that movant was "merely rehash[ing] arguments").

**B.  Newly Available Evidence Changes The Relevance Analysis**

Rather than address the evidence as a whole, Apple dissects the evidence and attempts to show each new piece is insufficient in a vacuum. That approach lacks merit.

**1.  Cook Was Involved In Recruiting Lamego**

Newly available evidence shows Cook was involved in recruiting Lamego. Lamego wrote to Cook at 1:00 a.m. promising to solve the "deceptive" "patient equation" in exchange for an executive position. Ex. 6.

|   |   |
|---|---|
| 1 | ████████████████████████████████████████ |
| 2 | ██████████████ Apple's Executive Recruiter contacted Lamego and referenced the |
| 3 | email to Cook. Ex. 6. ████████████████████████████████ |
| 4 | ████████████████████████████████████████ |
| 5 | ████████████████████████████████ |

Apple argues the Lamego-Cook email "is not a 'new' fact" because Masimo "argued Mr. Cook's receipt of emails from customers providing feedback about the Apple Watch w[as] enough to make him a proper custodian." Dkt. 478-1 at 8. That argument makes no sense. Lamego is not a customer, and the Lamego-Cook email did not provide "feedback about the Apple Watch." Moreover, when customers contact Cook, his assistant explains that Cook is too busy to respond. *See, e.g.*, Ex. 23. █████████████████████████████████████████████████████████████

Apple attempts to downplay the Lamego-Cook email by referring to it as "unsolicited" and arguing it is "unremarkable" that Cook forwarded it. Dkt. 478-1 at 8. Far from being "unremarkable," ████████████████████ Apple does not attempt to show Cook routinely forwards such emails to others, █████████████. Apple argues Cook viewed the Lamego email as "not warrant[ing] his personal response" and being "more appropriately delegated" to others. Dkt. 478-1 at 8. But Apple presents no evidence to support that assertion. Cook could have discussed the matter over the phone, in other emails, or in other communications.

Apple argues it "traced the email through its records to determine whether Mr. Cook ever responded to or discussed *this email* with others" but found no evidence. Dkt. 478-1 at 8. Apple cites a declaration from its counsel, Mr. Lerner, stating he directed others to search for "other versions of *this email chain*." Dkt. 479-1 ¶ 7. Mr. Lerner represents the search "did not yield any indication that Tim Cook ever responded to or substantively commented on *this email chain*." *Id.* Notably, Apple does not represent that it searched other emails or communication streams for evidence that Cook

1  discussed hiring Lamego or other Masimo employees.  Masimo is entitled to discovery
2  to learn the facts.
3       Apple argues the Court need not include Cook as an ESI custodian because it has
4  now "offered Jeff Williams" as an ESI custodian.  Dkt. 478-1 at 8.  But Apple refused
5  to search Williams' ESI for months.  *See* Ex. D.  Apple finally agreed to search Williams'
6  ESI *one day* before filing its Opposition.  Ex. I.  Apple demanded Masimo withdraw this
7  Motion because Jeff Williams' documents would supposedly "put to bed Plaintiffs'
8  other speculations about Tim Cook's alleged involvement in the activities relevant to
9  this case."  *Id.*  Masimo explained that it could not accept Apple's view of Williams'
10 documents without first reviewing them.  Ex. 24.  Apple's Opposition did not provide
11 any of the documents that it boldly claimed would put the issue to bed.
12      Apple cites *Lauris v. Novartis AG*, 2016 WL 7178602, at *5 (E.D. Cal. Dec. 8,
13 2016), but that case is nothing like this case.  In *Lauris*, the court declined to order
14 discovery of custodians based on "mere speculation" because "e-discovery costs to date
15 will exceed $1 million" in "an action involving a single individual."  *Id.*  Here, Masimo
16 showed Cook is relevant and Apple submitted no evidence on burden.
17      At a minimum, the email creates a factual dispute about Cook's relevance.  Courts
18 routinely hold such factual disputes weigh in favor of discovery—not against it.  *See*
19 *Cal. Earthquake Auth. v. Metro. W. Sec., LLC*, 2012 WL 5880345, at *3 (E.D. Cal. Nov.
20 21, 2012) ("That the relationship . . . is so sharply disputed supports the need for more,
21 not less, discovery"); *Jardin v. DATAllegro, Inc.*, 2011 WL 1769835, at *4 (S.D. Cal.
22 May 9, 2011); *Elantech Devices Corp. v. Synaptics, Inc.*, 2008 WL 11390835, at *2
23 (N.D. Cal. Aug. 11, 2008).  Apple does not mention, much less distinguish, these cases.
24      **2.  Cook Was Involved In** ▮▮▮▮▮▮▮▮▮▮
25      In another newly available email, ▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 Combined with prior evidence, this email further establishes Cook's involvement in
28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

-7-

1  ███████████████████████████████████████████████████████████████████████
2  ████████████████████████  The newly available evidence, particularly when combined with
3  the prior evidence, shows Cook was involved in ████████████████████

4      Apple ignores the evidence as a whole and criticizes only newly available
5  evidence. Apple argues one email █████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████████
7  ███████████████████████████████████████████████████████████████████████
8  ███████████████████████████████████████████████████████████████████████
9  ███████████████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████  Regardless,
12 Apple does not deny ████████████████ and presents no *evidence* to support its
13 speculation ████████████████. Apple's speculation as to what *might* have happened
14 shows why discovery is necessary.

15     Apple argues Masimo does not "attempt to explain" how the newly available
16 email undermines Apple's representation and the O'Reilly declaration. Dkt. 478-1 at 9.
17 That is not correct. ██████████████████████████████████████████████████
18 ███████████████████████████████████████████████████████████████████████
19 ███████████████████████████████████████████████████████████████████████
20 ███████████████████████████████████████████████████████████████████████
21 ███████████████████████████████████████████████████████████████████████
22 ███████████████████████████████████████████████████████████████████████
23 ███████████████████████████████████████████████████████████████████████
24 ███████████████████████████████████████████████████████████████████████
25 ██████████████████████████████████████████████████████████████████

26     Apple next argues Masimo asserted a ████████████████████
27 ████████████ is a "new fact" upon which Masimo bases this Motion. Dkt. 478-1 at 9-
28 11. That is not correct. Masimo submitted that email with its supplement supporting

the original motion because it rebutted ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Dkt. 414; Dkt. 415. Masimo referenced that email in arguing the newly available evidence "corroborates" prior evidence. *See* Dkt. 475-1 at 9 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Apple faults Masimo for "withholding" that email, but such emails are the subject of ESI searching. Had Apple agreed to start ESI discovery in October 2020 when Masimo asked, Apple would have received that email long ago.

      Finally, Apple cites this Court's statement that recruiting efforts do not go to the "heart of the case." Dkt. 478-1 at 10. But Apple ignores Masimo's argument as to why recruiting is relevant. Masimo alleges Apple recruited individuals for the purpose of obtaining Masimo's technology, including trade secrets. *See, e.g.*, Dkt. 296-1 ¶¶ 229, 231, 236, 241, 244, 256, 260. Thus, recruiting is relevant to showing Apple knew it was receiving trade secrets and induced others to disclose trade secrets. Apple has contested both issues in multiple motions to dismiss. *See, e.g.*, Dkt. 237-1 at 22-24. The Court should order discovery that would prove (or disprove) those allegations.

    3.    **Cook Was Involved In** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

      In another newly available email, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The full email states:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*Id.* Apple presents no ***evidence*** to support its assertion that the topics were unrelated. Indeed, Apple does not represent it conducted any searching to support such an assertion. At a minimum, the email raises a factual dispute that weighs in favor of discovery. *See*

*Cal. Earthquake*, 2012 WL 5880345, at *3; *Jardin*, 2011 WL 1769835, at *4; *Elantech*, 2008 WL 11390835 *2.

Apple's position appears to be that all inferences should be drawn in its favor and Masimo must prove beyond any doubt that Cook will have relevant ESI. Apple cites no case to support such an extreme view. As discussed in Masimo's opening brief, courts routinely order ESI discovery on far lower showings of relevance. *See, e.g.*, *Intel Corp. v. Rivers*, 2019 WL 4318583, at *5 (E.D. Cal. Sept. 12, 2019) (ordering discovery of additional custodian where it was "plausible" others "communicated about the relevant information"); *Williams v. Apple, Inc.*, 2020 WL 5107639, at *2-3 (N.D. Cal. Aug. 31, 2020). Apple does not mention, much less distinguish, these authorities.

**C.  Newly Available Evidence Changes The Proportionality Analysis**

Apple argues "[n]one of the documents Plaintiffs rely on in their Motion have anything to do with the proportionality of compelling discovery of Mr. Cook's ESI." Dkt. 478-1 at 11. That is not true. Proportionality weighs relevance against burden. Fed. R. Civ. P. 26(b)(1); *see also* Ex. 1 at 7-8 (the Court weighing relevance against burden). Masimo's stronger relevance showing on reconsideration overcomes Apple's unsupported argument on undue burden. Additionally, it should be less burdensome to search Cook's ESI now because Apple already had to do so to satisfy the Court's new June 24 order in *True Wearables*. Apple ignores both arguments.

Rather than address Masimo's arguments, Apple claims an "enormous burden" of searching Cook's ESI. Dkt. 478-1 at 12. But Apple again presents no **evidence** to support that argument. Far from showing burden in searching Cook's ESI, Apple's Opposition shows it can easily search Cook's ESI when it wants to. Specifically, Apple admits it searched its email records to determine whether Cook responded to the Lamego-Cook email. *See* Dkt. 478-1 at 8; Dkt. 479-1 ¶ 7. Apple completed that searching before its deadline to file its Opposition and does not assert the search was burdensome. Apple's actions thus further undermine its bare attorney argument that searching Cook's ESI would be "enormous[ly]" burdensome.

Apple argues the burden is enhanced because "Plaintiffs insist that Apple must collect *all* text messages, iMessages, or other communication streams" and will consider exceptions only based on a "specific factual proffer for each custodian." Dkt. 478-1 at 11-12. Apple is overly dramatizing the parties' discussions. Masimo merely requested Apple do what this Court required: ask each custodian what electronic communication streams they use for business purposes and search those streams. Ex. H; Ex. 1 at 11:16-21. When Apple demanded Masimo agree to various restrictions in advance, Masimo suggested the parties discuss facts instead of hypotheticals. Ex. H.

Apple next argues Cook's ESI would be duplicative of Williams' ESI. Dkt. 478-1 at 12-13. While Cook and Williams may communicate often, nothing suggests that Cook communicates *only* with Williams. Williams does not appear to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Cook also may have emailed Apple recruiters, who are not currently ESI custodians. Regardless, other courts have rejected Apple's argument. *See Williams*, 2020 WL 5107639, at *2 (ordering discovery of other custodians because "Apple may limit the extent of its document review by removing the duplicate files from the three custodians' collections before applying search terms and conducting a review for responsive documents").

Apple also complains about Masimo's proposed search terms. Dkt. 478-1 at 12. Apple cites a single case where the plaintiff failed to show the custodian had *any* relevant knowledge. *See BlackBerry Ltd. v. Facebook, Inc.*, 2019 WL 4544425, at *7 (C.D. Cal. Aug. 19, 2019). Here, Masimo showed that Cook has relevant knowledge.

Apple claims there is "no connection between Mr. Cook" and the term "efficient infringement." Dkt. 478-1 at 12. Apple's former "patent chief" argued "'efficient infringement', where the benefits outweigh the legal costs of defending against a suit, could almost be viewed as a 'fiduciary responsibility,' at least for cash-rich firms that can afford to litigate without end." Ex. 25. Apple's practice of "efficient infringement" is thus relevant to Apple's intent to use Masimo's trade secrets. Cook testified to Congress the "concept of 'efficient infringement' is an anathema to Apple." Ex. 26. If

that is true, Apple should have nothing to worry about. Regardless, the relevance of Apple's practice of "efficient infringement" should be resolved in a motion in limine—not a discovery motion.

### III. CONCLUSION

Masimo respectfully requests the Court reconsider its decision and order Apple to search Cook's ESI using Masimo's proposed search terms.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 5, 2021

By: /s/ Adam B. Powell
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

53886594

-12-