Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 10 ORDER DENYING MOTION TO COMPEL DISCOVERY FROM TIM COOK (DKT. 445)** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal portions of Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Reconsideration of the Court's June 10 Order Denying Motion to Compel Discovery from Tim Cook (Dkt. 445). Masimo has provided a proposed redacted version of the supporting Reply memorandum.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The portions of the Reply memorandum that Masimo seeks to seal contain information that one or both of the parties consider confidential. The proposed redacted portions of the Reply memorandum discuss Exhibits and Declarations that Masimo has previously applied to have filed under seal and should be sealed for the same reasons as the underlying Exhibits and Declarations.

/ / /

The Reply discusses Exhibits 8-9 and 11, which are documents that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order. Declaration of Adam B. Powell ("Powell Decl.") ¶ 5. Masimo requested the Court seal these exhibits in connection with Masimo's motion for reconsideration. Dkt. 474.

The Reply discusses Exhibits 19-20, which are emails that contain information regarding Masimo's business operations and personnel. Powell Decl. ¶ 6. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Thus, Masimo would be harmed if these details were disclosed. *Id.* The Court previously granted the parties' applications to seal these exhibits. Dkt. 390; Dkt. 451. Masimo also requested the Court seal these exhibits in connection with Masimo's motion for reconsideration. Dkt. 474.

The Reply discusses the Declarations of Joe Kiani (Dkt. 413), Michael O'Reilly (Dkt. 414), and Adrian Perica (Dkt. 415). Those declarations discuss communications between Masimo and Apple relating to Masimo's technology, as well as how Apple recruited Dr. O'Reilly. Powell Decl. ¶ 7. Masimo understands both parties consider such discussions between them confidential and that they would be harmed by the disclosure of such information. *Id.* The Court previously granted the parties' applications to seal these declarations. Dkt. 390; Dkt. 451. Apple also applied to seal the O'Reilly and Perica Declarations in connection with its opposition to Masimo's motion for reconsideration. Dkt. 477.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the confidential information regarding Masimo's technical trade secrets, Masimo's communications with Apple, and how Dr. O'Reilly was recruited by Apple. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively

sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal portions of the supporting Reply memorandum.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 5, 2021

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

53918236