1    Hon. Andrew J. Guilford (Ret.)
     Judicate West
2    1851 East First Street
     Suite 1600
3    Santa Ana, CA 92705
     Phone: (714) 834-1340
4
     Special Master
5

6                              JUDICATE WEST

7

8    MASIMO CORPORATION, a Delaware          ) SACV 20-00048JVS(JDEx)
     Corporation; and CERCACOR               )
9    LABORATORIES, INC., a Delaware          ) [REDACTED]
     Corporation,                            )
10                                           )
                  Plaintiffs,                ) ORDER ON DISCOVERY MOTION
11                                           )
           vs.                               ) JW Case No.: A279875
12                                           )
     APPLE INC., a California corporation,   )
13                                           )
                  Defendant.                 )
14                                           )
                                             )
15   ——————————————————————————————)

16

17         Masimo Corporation and Cercacor Laboratories, Inc. (together, Masimo) moved to compel

18   Apple to produce documents responsive to Masimo's Request for Production Nos. 265-273 and

19   452-465 (RFP's) regarding development and structure of Apple prototypes. (The "Motion".) Apple

20   objected. The Special Master provides this written Order under the terms of Paragraph 10 of the

21   Order Appointing the Special Master.

22         After thorough letter-briefing, an oral argument was held in person on September 29, 2021.

23   Present for Masimo were Adam B. Powell and Stephen W. Larson of Knobbe, Martens, Olson, and

24   Bear. Present for Apple were Jason C. Lo and Joshua H. Lerner of Gibson, Dunn, and Crutcher. On

25   the Zoom video were Natalie Paus and Court Reporter Nancy Presant. The Special Master grants

26   the Motion.

27         To begin, in its September 14, 2021, Letter Brief, Apple cites a 35-year-old case from a

28   Massachusetts District Court. Apple claims that this case supports its argument that a plaintiff

                                                  1

1  seeking information the defendant considers a trade secret "must show that other evidence which

2  it has gathered through discovery provides a substantial factual basis for its claim." (September 14

3  Brief, page 3) (quoting *Microwave Rsch. Corp. v. Sanders Assocs., Inc.*, 110 F.R.D. 669, 674 (D.

4  Mass. 1986)). Apple then argues that Masimo's Motion should be denied because Masimo did not

5  provide evidence proving its case on the merits. (September 14 Brief, pages 3-4.)  The Special

6  Master disagrees. No court in this circuit has followed that statement, and other courts rightly

7  found it "dubious."  See *Fair Isaac Corp. v. Equifax, Inc.*, 2007 WL 2791168, at *3 (D. Minn. Sept.

8  25, 2007). Requiring some discovery to get other discovery in this case is too cumbersome. The

9  Special Master does not find that Microwave is helpful here.

10      In its September 14, 2021, Letter Brief, Apple argues that "The RFP's Seek Information That

11  Is Not Relevant Nor Proportional." (September 14 Brief, page 3.) The Special Master disagrees, for

12  the reasons that follow.

13      Apple argues that Masimo is not entitled to documents concerning future versions of the

14  Apple Watch. (September 14 Brief, page 3.) Masimo cites numerous cases supporting its position

15  that such information is discoverable. (August 31 Brief, page 4.) The Special Master finds that such

16  discovery is relevant and proportional in this case involving substantial sums and may be

17  discovered.

18      Apple argues that "the notion that information concerning Apple's future products would be

19  probative to Plaintiffs' trade secret claim that stems from an employee who worked for Apple for six

20  months over seven years ago is not credible." (September 14 Brief, page 3.) The Special Master

21  disagrees. An employee working for a short time many years ago indeed might have provided trade

22  secrets that have a continuing effect. And in this case, there are other facts and other employees

23  involved. See August 31 Brief, page 2.

24      Apple argues that "the RFPs are untethered to the allegations underlying Plaintiffs' trade

25  secret misappropriation claim." The Special Master finds that there is sufficient tethering.

26      In its September 14, 2021, Letter Brief, Apple argues that "The RFPs Directed To 'Rainbow'

27  Parameters Are Independently Irrelevant." Masimo argues that "such parameters are directly

28  relevant to Masimo's trade secrets on ███████████████████████

1 ████████ This argument was not developed at the hearing. The Special Master concludes that

2 the record does not justify sustaining Apple's objection.

3     At the hearing, Apple argued that some RFP's were overbroad, focusing for the first time on

4 the placement of commas in some RFP's. Comma placement can be very significant. At the hearing,

5 Masimo presented solutions to Apple's argument that seemed to resolve the issue. The issue

6 presented at the hearing was not fully developed. Accordingly, the parties will continue meeting and

7 conferring on this issue as the documents are produced, and if any dispute arises, the Special

8 Master will resolve the dispute in a simple telephone call to the Special Master. Such telephone call

9 will be scheduled by calling the Case Manager Heidi Adams.

10     Numerous other arguments were presented in the briefs and oral arguments, and all were

11 considered by the Special Master in making this Order.

12     Overall, Masimo has sufficiently made a threshold showing of relevance and Apple has not

13 met its burden to justify barring discovery. Accordingly, the Special Master rules as follows.

14     1. Discovery regarding Apple's future products and prototypes is relevant and

15 proportional to the needs of the case;

16     2. Apple shall conduct a reasonable and good faith search for documents and

17 things in its possession, custody, and/or control responsive to Plaintiffs'

18 Request for Production Nos. 265-273 and 452-465;

19     3. Within 21 days of this Order, Apple shall produce all responsive, non-

20 privileged documents and things that it locates pursuant to Paragraph 2;

21  and

22     4. Within 21 days of this Order, concerning any document previously produced by Apple with

23 redactions made of information about future products or prototypes, such documents shall

24 be reproduced without such redactions.

25     As noted, the Special Master provides this written Order under the terms of Paragraph 10 of

26 the Order Appointing the Special Master, which states in part as follows.

27     The Special Master shall issue rulings by order, except for any contempt findings that shall

28 be issued by report and recommendation.  See Fed. R. Civ. P. 53(c)(2).  The Special Master

shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated:  October 6, 2021

Hon. Andrew J. Guilford (Ret.)
Special Master

4