Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY THE PROTECTIVE ORDER (DKT. 67)**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:   November 18, 2021<br>Time:   10:00 a.m.<br>Ctrm:   6A<br><br>Discovery Cut-Off:   3/7/2022<br>Pre-Trial Conference: 11/21/2022<br>Trial:   12/6/2022 |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. ARGUMENT ............................................................................................. 2

    A. Masimo Demonstrated Sufficient Relevance ................................... 2

        1. Apple's Proposed Legal Standard Is Incorrect ......................... 2

        2. Masimo Need Not Show Overlapping Claims And Legal Issues ............................................................................. 4

        3. Masimo Demonstrated Discovery Will Sufficiently Overlap ..................................................................................... 5

        4. Apple's Assertion That This Motion Is Unnecessary Lacks Merit ............................................................................. 8

    B. Apple's Prejudice Arguments Lack Merit ......................................... 8

        1. Apple's Reliance Interest Argument Lacks Merit ..................... 9

        2. Apple's Other Prejudice Arguments Lacks Merit ................... 10

    C. Apple's Alternative Proposal Is Inefficient And Unfair .................. 12

III. CONCLUSION ........................................................................................ 13

# TABLE OF AUTHORITIES

Page No(s).

*In re Agent Orange Prod. Liab. Litig.*,
  821 F.2d 139 (2d Cir. 1987) .................................................................................. 9

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  2012 WL 1511901 (N.D. Cal. Jan. 27, 2012) ........................................................ 6

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) .............................................................................. 8, 9

*CDN Inc. v. Kapes*,
  197 F.3d 1256 (9th Cir. 1999) ............................................................................... 9

*In the Matter of Certain Hybrid Electric Vehicles and Components Thereof*,
  2017 WL 2303742 (USITC May 23, 2017) .......................................................... 5

*In the Matter of Certain Hybrid Electric Vehicles and Components Thereof*,
  2017 WL 4350335 (USITC Sept. 15, 2017) .......................................................... 5

*In re Certain Light-Based Physiological Measurement Devices and Components Thereof*,
  ITC Inv. No. 337-TA-1276 ............................................................................passim

*Cummins-Allison Corp v. SBM Corp.*,
  2013 WL 12250448 (D. Haw. Nov. 8, 2013) ............................................. 9, 11, 12

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) .......................................................................passim

*Halo Elecs., Inc. v. XFMRS, Inc.*,
  2012 WL 2238022 ............................................................................................ 9, 12

*Immunex Corp. v. Sanofi*,
  2018 WL 11211727 (C.D. Cal. Jan. 18, 2018) ................................................. 9, 10

*Jepson, Inc. v. Makita Elec. Works, Ltd.*,
  30 F.3d 854 (7th Cir. 1994) ................................................................................. 10

*Millennium Labs., Inc. v. Allied World Assurance Co., Inc.*,
  2017 WL 4810181 (S.D. Cal. Oct. 24, 2017) ........................................................ 5

*Nichia Corp. v. Seoul Semiconductor Co.*,
  2007 WL 2533729 (N.D. Cal. Aug. 31, 2007) ...................................................... 9

# TABLE OF AUTHORITIES
## (*Cont'd*)

**Page No(s).**

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,
  2019 WL 201440 (S.D. Cal. Jan. 15, 2019) ................................................. 3

*OptoLum, Inc. v. Cree, Inc.*,
  2018 WL 6834608 (M.D.N.C. Dec. 28, 2018) .............................................. 6

*Pub. Citizen v. Liggett Grp., Inc.*,
  858 F.2d 775, 790 (1st Cir. 1988) ................................................................. 9

*Qualcomm Inc. v. Apple Inc.*,
  2019 WL 4284531 (S.D. Cal. Mar. 27, 2019) ............................................... 3

*In re Roman Catholic Archbishop of Portland in Oregon*,
  661 F.3d 417 (9th Cir. 2011) .................................................................. 8, 10

*Stevens v. Corelogic, Inc.*,
  2016 WL 397963397936 (S.D. Cal. Feb. 2, 2016) ........................................ 8

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
  2008 WL 2813081 (D. Neb. July 18, 2008) .................................................. 4

*United Nuclear Corp. v. Cranford Ins. Co.*,
  905 F.2d 1424 (10th Cir. 1990) ............................................................. 8, 13

*Universal Ent. Corp. v. Aruze Gaming Am., Inc.*,
  2020 WL 2308226 (D. Nev. May 8, 2020) ....................................... 3, 4, 7, 9

*Verizon California Inc. v. Ronald A. Katz Tech. Licensing, L.P.*,
  214 F.R.D. 583 (C.D. Cal. 2003) ............................................................. 4, 9

*Wilk v. Am. Med. Ass'n*,
  635 F.2d 1295 (7th Cir.1980) ................................................................. 3, 8

## OTHER AUTHORITIES

19 CFR § 210.27 ............................................................................................... 10

Fed. R. Civ. P. 26 .............................................................................................. 10

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") submit this reply in support of their Motion to Modify the Protective Order.

## I. <u>INTRODUCTION</u>

Apple's Opposition confirms the Court should grant the Motion. Apple acknowledges that some discovery in this case will overlap with discovery in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation"). Masimo thus satisfied the minimal showing of relevance required by the Ninth Circuit. Apple argues the Court should deny the Motion because Masimo has not shown that **all** discovery from this case is relevant in the ITC Investigation. As support, however, Apple relies on snippets of cases out of context while ignoring controlling Ninth Circuit law.

Apple also fails to show any prejudice. Apple claims that granting the Motion would "eviscerate" Apple's reliance on the Protective Order. That argument makes no sense here, where Apple's documents would not be produced to any third party. Apple also ignores controlling Ninth Circuit law explaining that a party has little, if any, reliance interest in a blanket protective order like the one at issue here. Apple also claims Masimo plans to open "Pandora's Box" by introducing a "deluge of irrelevant discovery" and forcing Apple to exclude "thousands" of documents. Unsurprisingly, Apple cites no evidence to support those claims. The ITC scheduled a short five-day bench trial. No reasonable litigant, including Masimo, would try to admit "thousands" of irrelevant documents, particularly in such a short trial. Moreover, resolving admissibility disputes for some documents would be far less expensive than repeating millions of dollars' worth of discovery from this case.

Accordingly, Apple has no valid basis for opposing the Motion. Apple does not and could not argue that granting the Motion would require a burdensome production because Masimo does not ask Apple to produce anything. Instead, Masimo merely seeks to make discovery from this case available in the ITC Investigation as if Apple produced it there. Rather than prevent any cognizable burden or prejudice, Apple appears to be

trying to deny Masimo access to evidence that Apple believes would be harmful to its defense in the ITC Investigation. That is not a valid basis to deny the Motion.

## II. ARGUMENT

### A. Masimo Demonstrated Sufficient Relevance

Apple argues that Masimo cited the incorrect legal standard for relevance and that Masimo's motion fails under the "correct standard." Opp. at 5-6. Apple is wrong.

#### 1. Apple's Proposed Legal Standard Is Incorrect

Apple advocates for an incorrect legal standard by claiming *Foltz* "**held** that the protected discovery **must be** 'sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided.'" Opp. at 5 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003)).[1] Apple omits that the sentence it quotes began with the phrase "[t]he case law suggests" and discussed cases from *other* circuits. *See Foltz*, 331 F.3d at 1132. Apple ignores the next paragraph of *Foltz*, which explained that district courts should make a "rough estimate" of relevance. *Id.* Apple also ignores *Foltz*'s application of law to facts, where it held the relevance requirement was satisfied "if **any** properly protected Foltz discovery is relevant to the collateral suits . . . ." *Id.* at 1134.[2] Apple likewise ignores *Foltz*'s rationale, which explained cross-use motions should "generally be granted" because the Ninth Circuit "strongly favors" access to discovery in collateral cases. *Id.* at 1131-32.

Apple then attempts to change the law even further by suggesting Masimo must show "**much, if not most**," or "**all**" information will be discoverable in the ITC Investigation. Opp. at 5, 7 (emphasis in original); *see also id.* at 7-8 (arguing Masimo failed to show "'all discovery in this case—including all depositions and interrogatory

---

[1] Unless noted otherwise, emphasis is added and exhibits are attached to the Powell Declaration (Dkt. 507) and Supplemental Powell Declaration (submitted herewith).

[2] *Foltz* explained the collateral court would need to resolve the third-party intervenor's request for the discovery in the collateral case. 331 F.3d at 1132. As explained below, that is not necessary in cases like this involving the same parties that already have access to the discovery in this case. *See infra* Section II.B.2.

-2-

responses—would be discoverable"). Apple relies on a "much, if not most" quote from a parenthetical summarizing an example that the Seventh Circuit found **sufficient**. *See Foltz*, 331 F.3d at 1132 (citing *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1298 (7th Cir.1980)). Neither *Foltz* nor *Wilk* suggested that such a showing was **required**.

Apple's "all" quote is from a case rejecting "Plaintiff's argument that all discovery in th[at] case [was] necessarily relevant to the other cases." *See NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 201440, at *2 (S.D. Cal. Jan. 15, 2019). Merely because the plaintiff there argued "all" discovery was relevant, and the court disagreed, does not mean that is the appropriate legal standard. Moreover, the factual showing of relevance in *NuVasive* was also not similar to the showing here. *Id.* at *2 (explaining the movant did not try to "obtain a relevancy determination from the Court").

Apple's reliance on *Qualcomm Inc. v. Apple Inc.*, 2019 WL 4284531, at *1 (S.D. Cal. Mar. 27, 2019), is also misplaced because that court denied a motion to compel on discovery requests seeking "everything produced in discovery or introduced into the record" in other cases. The court did not address a request to modify the protective order to permit use in an ITC case. To the contrary, Apple **agreed** to "a cross-use agreement in the case pending before the International Trade Commission." *Id.* Thus, the court did not cite *Foltz* or make a relevancy determination under *Foltz*. In addressing the relevance of the discovery requests, the court found the movant made only a conclusory argument about relevance to remedies and defenses in one case and "sa[id] nothing about the relevance of documents produced in the [two other] cases." *Id.*

In a lengthy footnote, Apple argues Masimo's cases "reinforce" Apple's proposed legal standard. Opp. at 5, n.3. They do not. Apple crops a quote from *Universal* and argues the court found "insufficient evidence" of overlap for one collateral case on which it denied the motion. *Id.* But the court actually found "**Defendants** fail[ed] to discuss **any** overlap of facts and issues between the cases." *See Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2020 WL 2308226, at *4 (D. Nev. May 8, 2020). Apple then represents *Universal* "only permitted" cross-use for the other collateral case because of

overlapping fraud allegations. Opp. at 5, n.3. But Apple cites from the background section and ignores the court's analysis that did not discuss those allegations. *See Universal*, 2020 WL 2308226, at *4. The court found some overlap and granted the motion because the discovery was "relevant enough." *Id.*

Apple argues *Verizon* "found" information was "relevant to the defendant/patent owner's "mirror image infringement action . . . ." Opp. at 5, n.3. Far from making such a finding, the court explained "it is **not** this Court's province" to determine whether collateral courts will find information "relevant or persuasive." *Verizon California Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003). The court granted the motion because the documents met the needs of the parties and the non-movant failed to show it would suffer "any unfair prejudice." *Id.*

Finally, Apple argues *Streck*'s decision was based on a finding that the two proceedings were "related" because they shared "patents and subject matter." Opp. at 5, n.3. As support, Apple again quotes the factual background section of *Streck*. *See Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 2008 WL 2813081, at *1-2 (D. Neb. July 18, 2008). The court's actual **analysis** of whether to grant the motion did not discuss relevance. *Id.* at *3-4. Instead, the court explained the plaintiff showed a need for modification and the defendant failed to show prejudice. *Id*. Apple's proposed legal standard is unsupported and contrary to law.

### 2. **Masimo Need Not Show Overlapping Claims And Legal Issues**

Apple argues Masimo's Motion lacks merit because the "claims and legal issues" in the two cases do not overlap. Opp. at 6. But Apple cites no authority suggesting that the claims and legal issues must overlap. As *Foltz* explains, the relevance inquiry is "based upon a comparison of the complaints in the [present] litigation and the collateral suits, the contents of the protected discovery, the general rules on the scope of discovery in the collateral jurisdictions, and any other relevant factors that are in conformity with this opinion." *Foltz*, 331 F.3d at 1134.

///

Indeed, courts grant motions after finding discovery will overlap where the facts—but not the claims—overlap. *See, e.g., Millennium Labs., Inc. v. Allied World Assurance Co., Inc.*, 2017 WL 4810181, at *4-5 (S.D. Cal. Oct. 24, 2017) (allowing use of discovery from employer's insurance policy dispute in employee's false claims case). Nothing supports Apple's argument that the legal claims in the two cases must overlap to grant this Motion. The relevant inquiry is whether the facts overlap such that discovery is likely to overlap. As discussed below, Masimo satisfied that standard.

### 3. Masimo Demonstrated Discovery Will Sufficiently Overlap

Apple admits to some overlapping facts between this case and the ITC Investigation, but argues Masimo fails to justify "cross-use of **all** documentary, written, and deposition discovery" in the ITC Investigation. Opp. at 7 (emphasis in original). But Apple cites no case suggesting Masimo must show "all" discovery is relevant. *See supra* Section II.A.1. As *Foltz* explained, courts make a "rough estimate" of relevance that is satisfied if "any" material is relevant. 331 F.3d at 1132, 1134.

Apple then raises several factual arguments about the overlap between this case and the ITC Investigation. First, Apple claims its attempts to copy Masimo's technology are "extraneous" to the ITC Investigation. Opp. at 8. Those allegations were not the focus of Masimo's opening brief (*see* Mot. at 6), but they are relevant to patent infringement and non-obviousness in ITC cases. *See In the Matter of Certain Hybrid Electric Vehicles and Components Thereof*, 2017 WL 2303742, at *2 (USITC May 23, 2017) (granting motion to compel because respondent's "involvement" with complainant was "relevant to issues such as indirect infringement (*e.g.*, knowledge of the asserted patents and knowledge of [respondent]'s alleged infringement) and secondary considerations of non-obviousness (*e.g.*, copying)"); *In the Matter of Certain Hybrid Electric Vehicles and Components Thereof*, 2017 WL 4350335, at *8 (USITC Sept. 15, 2017) (granting motion to compel because respondent's decision to copy or otherwise adopt complainants technology was relevant).

/ / /

Second, Apple argues Masimo engaged in "hand-waving" to "transparently elide[]" differences in the cases. Opp. at 8. As support, Apple claims Masimo failed to show both cases encompass "all" non-invasive or light-based monitoring. *Id.* at 8-9. But Masimo never argued both cases involve "all" such techniques. To the contrary, Masimo showed both cases involve two of the same light-based techniques: pulse oximetry and pulse rate. *Compare* Dkt. 296-1 at ¶¶ 10-12, 25, 234-244, 254-256 *with* Ex. 6 at ¶¶ 24-25, 31, 46, 53, 60, 67, 74. Masimo also showed both cases involve overlapping versions of the same Apple product. *Compare* Dkt. 296-1 at ¶¶ 238, 240, 255 *with* Ex. 6 at ¶ 39. Apple does not contest these facts, which more than satisfy *Foltz*.

Third, Apple argues Masimo "concedes" a "large portion" of discovery was irrelevant because some versions of the Apple Watch are not accused of infringement in the ITC Investigation. Opp. at 9. Masimo made no such concession, and Apple's argument is incorrect. Masimo did not accuse discontinued prior versions of the watch in the ITC Investigation, but that does not mean they are irrelevant. The development of earlier versions is relevant to the later versions accused in the ITC Investigation. *See, e.g., OptoLum, Inc. v. Cree, Inc.*, 2018 WL 6834608, at *6 (M.D.N.C. Dec. 28, 2018) (finding earlier prototypes relevant to party's understanding of the "operation of the resulting accused products"); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 1511901, at *7, fn. 31 (N.D. Cal. Jan. 27, 2012) (compelling production of documents on prior non-accused versions of the accused product in a design patent case based on Apple's argument that "documents from the design history of non-accused products may be directly relevant to the design of accused products if their design originated with the same core product").

Fourth, Apple argues Masimo served a "staggering" 574 requests. Opp. at 9. Masimo did so pursuant to this Court's suggestion that Masimo should serve a larger number of more focused requests. *See* Ex. 22 at 49:5-11 (explaining "I don't mind seeing request for production number 850"). Apple also argues Masimo identified only

/ / /

eight overlapping discovery requests between the two cases. Opp. at 9. But those were merely examples of the many overlapping requests.³

Fifth, Apple argues discovery in the ITC Investigation will not be contentious. Opp. at 9-10. But Apple ignores that it raised in the ITC Investigation many discovery disputes that this Court rejected. *See* Mot. at 4 (citing Powell Decl. ¶ 12 & Dkt. 67, 355, 503). Instead of addressing those facts, Apple argues Masimo has so far brought only one motion to compel in the ITC. Opp. at 9-10. But the parties are discussing many other disputes. Masimo's genuine desire to resolve disputes without motion practice does not suggest the parties will have few discovery disputes in the ITC Investigation. Regardless, granting this motion will reduce—not increase—the number of discovery disputes in the ITC Investigation. Especially in view of the short six-month discovery period in the ITC Investigation, both parties would benefit from avoiding discovery disputes over material that has already been produced in this case.

Sixth, Apple faults Masimo for not identifying "specific documents, discovery responses, or depositions," that are relevant in both cases. Opp. at 1. Apple cites no supporting authority, and ignores Masimo's authority to the contrary. *See Universal*, 2020 WL 2308226, at *4 (explaining the movant "need not identify specific documents they want to share"). Moreover, complying with Apple's demand would force Masimo to violate the protective order by using discovery from this case to analyze claims in the ITC Investigation. Identifying all documents that support Masimo's claims in the ITC Investigation this early would also be impractical and inconsistent with the ITC Scheduling Order requiring the parties to exchange trial exhibit lists in April 2022. *See* Ex. 9 at 2. Requiring Masimo to identify counsel's selection of relevant documents would also improperly reveal work product. *See Stevens v. Corelogic, Inc.*, 2016 WL

---

³ *See, e.g.*, *compare* Ex. 23 at Nos. 79, 152, 212 *with* Ex. 24 at 43 (source code); *compare* Ex. 23 at Nos. 90-95, 97, 100, 370-374, 534 *with* Ex. 24 at 49-50 (copying); *compare* Ex. 23 at Nos. 266-267, 271-273, 452-453, 457-458, 460, 463-464 *with* Ex. 24 at 135, 136 (oxygen saturation); *compare* Ex. 23 at Nos. 13, 88, 131, 169, 170, 249-250, 266, 271, 273, 351, 439-441 *with* Ex. 24 at Nos. 20, 24, 28-30, 53, 85 (other R&D).

397936, at *8-10 (S.D. Cal. Feb. 2, 2016) (counsel's selection of important documents for a witness to review is protected work product).

### 4. Apple's Assertion That This Motion Is Unnecessary Lacks Merit

Apple also suggests Masimo's request is unnecessary because Apple is producing "relevant" information from this case in the ITC Investigation. Opp. at 9. In doing so, Apple seeks to be the sole arbiter of relevance. But Apple ignores that the Court found Apple's definition of "relevance" was unduly narrow. *See* Ex. 5 at 12:5-32:23. Masimo also seeks to avoid what occurred in *True Wearables*, where a protective order prevented Masimo from telling the Court about evidence that contradicted Apple's representation. Ex. 5 at 8:23-9:3, 30:18-23. Especially in view of this history, the Court should reject Apple's assurance that it will produce all discovery that Apple deems "relevant" in the ITC Investigation.

Apple argues Masimo can move to compel in the ITC if Apple withholds relevant information. Forcing Masimo to move to compel on documents Apple already produced here is inefficient and inappropriate. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) ("Defendants' desire to make it more burdensome for Intervenors to pursue their collateral litigation is not legitimate prejudice."); *Wilk*, 635 F.2d at 1301 (rejecting attempt to "erect gratuitous roadblocks" to prevent discovery from one case from being used in another case). Moreover, as discussed above, the protective order may prevent Masimo from telling the ITC about such evidence.

### B. Apple's Prejudice Arguments Lack Merit

Apple does not contest that a party seeking continued protection under a protective order bears the burden to "allege specific prejudice or harm." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice. *Id.* Apple raises several prejudice arguments that all lack merit.

### 1. Apple's Reliance Interest Argument Lacks Merit

Apple first argues that granting the Motion would "rock" Apple's reliance on the blanket Protective Order. Opp. at 10-11. But the caselaw is clear that a party has little or no reliance interest in blanket protective orders. *See Foltz*, 331 F.3d at 1133 (reliance interest is "diminished" in cases involving a "blanket protective order" because such orders are "by nature overinclusive"). As the Ninth Circuit explained, "reliance on a blanket protective order" without more would "not justify a refusal to modify" the protective order. *Id.*; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988)). District court decisions are in accord. *See, e.g.*, *Universal Entertainment*, 2020 WL 2308226, at *1; *Verizon California*, 214 F.R.D. at 586; *Cummins-Allison Corp v. SBM Corp.*, 2013 WL 12250448, at *3 (D. Haw. Nov. 8, 2013); *Halo Elecs., Inc. v. XFMRS, Inc.*, 2012 WL 2238022, at *2 (N.D. Cal. June 15, 2012). Even the Second Circuit—which applies a far higher "extraordinary circumstances" standard for using discover in other cases—rejected reliance on a blanket protective order. *See In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 148 (2d Cir. 1987).

Even though Masimo cited much of this law in its opening brief, Apple does not attempt to distinguish it. Instead, Apple cites decisions that did not even address requests to use discovery in other cases. *See, e.g.*, *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) (enforcing stipulation to narrow the scope of a copyright dispute); *Nichia Corp. v. Seoul Semiconductor Co.*, 2007 WL 2533729, at *2 (N.D. Cal. Aug. 31, 2007) (enforcing stipulation to forego obviousness defense in patent case). Apple cites another case not available on Westlaw (*VLSI Tech.*) without attaching a copy of the order. The order was a short "text-only" order with no analysis. *See* Ex. 25 at Dkt. 297.

Apple cites only one substantive decision addressing a motion to modify a protective order. *See Immunex Corp. v. Sanofi*, 2018 WL 11211727, at *2 (C.D. Cal. Jan. 18, 2018). That case denied a request to use discovery in *inter partes* review ("IPR") proceedings because IPR discovery is "far narrower" than district court discovery. *Id.*

(explaining IPR discovery is generally limited to depositions of some witnesses). Here, Apple does not contest that the discoverability standards are similar in the ITC and this case. *See* Mot. at 6-7 (citing 19 CFR § 210.27(b)(1); Fed. R. Civ. P. 26(b)(1); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 861 (7th Cir. 1994)). The *Immunex* court also considered plaintiff's reliance on the protective order because defendant stipulated to the order ***after*** filing the IPRs. *See* 2018 WL 11211727, at *2. Here, the Court entered the protective order long before the ITC Investigation began and, thus, could not have addressed that case. Apple's "reliance interest" argument lacks merit.

### 2. Apple's Other Prejudice Arguments Lacks Merit

Apple next argues it would suffer "manifold" prejudice because granting Masimo's motion would force Apple to spend time preparing on "tens of thousands" of irrelevant documents. Apple claims that would open "Pandora's Box" and be "incredibly arduous, if not impossible, to restore" because Apple would be "forced to move to exclude thousands of documents." Opp. at 11-12. Nothing supports Apple's hyperbole. The ITC Investigation is set for a short five-day trial. No reasonable litigant, including Masimo, would waste time trying to admit "thousands" of irrelevant documents. Moreover, asserting that documents may be inadmissible at trial is no basis to withhold discovery because information need not be admissible to be discoverable. *See* 19 CFR § 210.27; Fed. R. Civ. P. 26. That is particularly true here because granting the Motion merely allows the use of discovery already produced and imposes no burden on Apple. Indeed, Masimo's Proposed Order requires no act by Apple at all.

Crediting Apple's generic and unsupported arguments would be inconsistent with Ninth Circuit precedent requiring a party seeking continued protection under a protective order to "allege specific prejudice or harm." *Roman Catholic*, 661 F.3d at 424 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice.). Apple's argument is also inconsistent with Ninth Circuit precedent that "***strongly favors*** access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131. As the Ninth Circuit explained, such

cross-use motions "should generally be granted" where, as in this case, "reasonable restrictions" will continue to protect discovery from disclosure. *See id.* at 1132.

Apple also argues that granting the Motion would force Apple to "challenge the discoverability" of information in the ITC Investigation. Opp. at 1. Granting the Motion would have the opposite effect by ***avoiding*** discoverability disputes. Masimo's counsel already has the information, so Apple would not need to produce anything. Instead, Masimo merely seeks to make discovery from this case available in the ITC Investigation as if Apple produced it there.[4] While *Foltz* found the collateral court should resolve discoverability separately (331 F.3d at 1132), that was necessary because the case involved third-party intervenors who did not already have the discovery (*id.* at 1127). Concerns about discoverability by third parties do not apply where the parties are the same and both sides already have access to the discovery at issue. *See Cummins*, 2013 WL 12250448, at *3. Thus, Apple's purported desire to avoid discoverability disputes supports granting—not denying—the Motion.

Lacking support for its claims of prejudice, Apple argues the Court should deny this Motion because Masimo served discovery requests in the ITC Investigation seeking such information and did "***not*** seek relief from the ALJ." Opp. at 11 (emphasis in original). But Apple served its response to those discovery requests just ***five days*** before Masimo filed this Motion. *See* Selwyn Decl., Ex. 1. The parties have had so many disputes with prior requests that they have not yet discussed the newer requests during the biweekly discovery conferences required in the ITC Investigation.

Apple also argues that courts "routinely" find prejudice for reasons other than disclosure to third parties. Opp. at 12. As support, Apple cites the text-only order discussed above that lacks any analysis. *See* Ex. 25 at Dkt. 297. Apple also cites to

---

[4] If the Court were to grant this Motion, Masimo would expect Apple to agree the information need not be formally produced again in the ITC Investigation. If Apple were to refuse, Masimo would formally produce the information to avoid a dispute.

*Immunex*, which is irrelevant for the reasons discussed above. Apple thus cites no case finding prejudice in a situation similar to this case.

By contrast, Masimo cited four cases explaining why courts find no prejudice where the parties in both cases are the same. *See* Mot. at 7-8. In another lengthy footnote, Apple attempts to distinguish two of those cases. *See* Opp. at 12, n.6. Apple argues *Cummins* did not address the burden of "litigating thousands of 'admissibility' questions." Opp. at 12, n.6. As discussed above, however, Apple fails to show it will have to litigate "thousands of admissibility questions" here. Thus, Apple's attempt to distinguish *Cummins* fails. Apple also argues the showing of relevance in *Cummins* was greater than here, but that is irrelevant to prejudice. *Cummins* explained that "no concerns exist regarding unfettered dissemination to unknown third parties" where, as in this case, the parties are the same in the first case and the collateral case. 2013 WL 12250448, at *2, *3.

Apple argues *Halo* did not address burden "because" the movant sought to use only a "small handful" of documents. Opp. at 12, n.6. But Apple again cites the factual background of *Halo*. *See* 2012 WL 2238022, at *1. While *Halo* addressed few documents, the court's prejudice analysis did not mention or rely on that fact. *See id.* at *2-3. Instead, the court rejected the defendant's reliance on a "blanket protective order" and explained the information could be protected by designating it as "Attorneys' Eyes Only" in the collateral case. *Id.* The same analysis applies here.

C. **Apple's Alternative Proposal Is Inefficient And Unfair**

Apple claims its alternate proposal is the "normal and presumptively reasonable" option. Opp. at 13. Apple again cites no supporting authority. Instead, Apple argues it has already produced everything in this case that is relevant in the ITC Investigation so Masimo should not have access to anything else. *Id.* As discussed, that is unfair because the Court found Apple's definition of relevance is unduly narrow. Additionally, Masimo may not be able to use discovery from this case to rebut Apple's representation that it produced everything relevant in the ITC Investigation.

Indeed, Apple has already attempted to selectively use the Protective Order to prevent Masimo from obtaining discovery in the ITC Investigation. For example, Masimo asked if its counsel could use the "hit count reports"[5] from this case to evaluate and test Apple's assertion that electronic discovery in the ITC Investigation should be limited to three custodians. Apple refused. *See* Ex. 26. Apple's only conceivable rationale for doing so is to make it more difficult for Masimo to rebut Apple's arguments in the ITC Investigation. But Apple's "desire to make it more burdensome for [Masimo] to pursue [the ITC Investigation] is not legitimate prejudice." *See United Nuclear*, 905 F.2d at 1428. The Court should not condone Apple's attempt to selectively use the Protective Order to obtain a tactical advantage in the ITC Investigation.

Apple also ignores Masimo's argument that the same lawyers on both sides have made appearances in this case and the ITC Investigation. In fact, Apple's ITC counsel from Wilmer Hale filed Apple's Opposition to this Motion. Thus, denying the Motion would not prevent the parties' ITC counsel from having access to discovery from this case. Denying the motion would only force counsel to try to artificially segregate information usable only in this case from documents usable only in the ITC Investigation. Apple presents no valid basis for creating such artificial barriers in a case involving overlapping products and technology, the same parties, and the same lawyers.

### III. CONCLUSION

For all of these reasons, Masimo respectfully requests the Court modify the Protective Order as set forth in the Proposed Order.

/ / /

/ / /

/ / /

/ / /

---

[5] The "hit count reports" show, for each custodian, the number of documents that contain each search term. The parties designated the reports as "Attorneys Eyes Only" because they include Apple internal codenames and information about Masimo's trade secrets.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: November 4, 2021 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

35267435

-14-