1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
8
   Adam B. Powell (Bar. No. 272725)
9  adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
10 3579 Valley Centre Drive
   San Diego, CA 92130
11 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

12 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

13
14           **IN THE UNITED STATES DISTRICT COURT**

15          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                    **SOUTHERN DIVISION**

17 | MASIMO CORPORATION, | ) | Case No. 8:20-cv-00048-JVS-JDE |

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

) Case No. 8:20-cv-00048-JVS-JDE
)
) **SUPPLEMENTAL DECLARATION**
) **OF ADAM B. POWELL IN SUPPORT**
) **OF MOTION TO MODIFY THE**
) **PROTECTIVE ORDER**
)
) [Discovery Document: Referred to
) Magistrate Judge John D. Early]
)
)
) Date:      November 18, 2021
) Time:      10:00 a.m.
) Ctrm:      6A
)
) Discovery Cut-Off:      3/7/2022
) Pre-Trial Conference:   11/21/2022
) Trial:                  12/6/2022
)

I, Adam B. Powell, hereby declare as follows:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in Support of Masimo's Motion to Modify the Protective Order (the "Motion").

2.     Attached hereto as **Exhibit 22** is a true and correct copy of excerpts of the transcript of the May 20, 2021, hearing regarding Masimo's motion to compel.

3.     Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from various requests for production that Masimo served on Apple in this case.

4.     Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from various requests for production that Masimo served on Apple in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation").

5.     Attached hereto as **Exhibit 25** is a true and correct copy of the text-only order from *VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-5671 (N.D. Cal. Feb. 5, 2021), Dkt. 297.

6.     Attached hereto as **Exhibit 26** is a true and correct copy of a letter from Jonathan Cox, counsel for Apple in the ITC Investigation, to Kendall Loebbaka, counsel for Masimo in the ITC Investigation, dated October 29, 2021.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on November 4, 2021, at Encinitas, California.

*/s/ Adam B. Powell*
Adam B. Powell

54525145

-1-

# EXHIBIT 22

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)


MASIMO CORPORATION, ET AL,    ) CASE NO: 8:20-CV-00048-JVS-JDEx
                              )
              Plaintiffs,     )             CIVIL
                              )
      vs.                     )      Santa Ana, California
                              )
APPLE, INC,                   )      Thursday, May 20, 2021
                              )
              Defendant.      )
_____)


PARTIAL TRANSCRIPT RE:

MOTION TO COMPEL [DKT.NOS.351,357]


BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE

(SEALED PORTIONS OMITTED)


APPEARANCES:          SEE PAGE 2


Court Reporter:       Recorded; REMOTE; Wave

Courtroom Deputy:     Maria Barr

Transcribed by:       Exceptional Reporting Services, Inc.
                      P.O. Box 8365
                      Corpus Christi, TX 78468
                      361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Exhibit 22
-2-

49

1    Number 65.  I read it into the record.  I gave some tentative

2    thoughts to you, Mr. Powell.  It's the refer or relate and any

3    ruling would be without prejudice to you or your client serving

4    a follow-up request for production.

5           And I'm going to throw this out there.  I don't mind

6    seeing request for production number 850.  That in and of

7    itself tells me nothing, because 850 carefully crafted requests

8    for production are much better than ten, you know, give me

9    every single document referring, relating, concerning, having

10   anything to do with some general topic.  So, I don't mind if

11   the numbers get up there high.

12          What I mind is trying to figure out how on an eight-

13   year time period with I understand there's still a dispute on

14   up to 39 custodians, and possibly more if a showing is made

15   that it's warranted, how refer or relate to documents are

16   needed.  You know, I don't -- the difficulty is I don't have on

17   the flip side the evidence of the burden.  But on this one,

18   when I see refer or relate to it causes me concern and we'll

19   continue to hear that as we go through this.

20          But let me hear from you, Mr. Powell.  I don't

21   actually recall if you had an opportunity to be heard on 65.

22          **MR. POWELL:**  Sure, Your Honor.

23          So, just a few things.  And I recognize what you're

24   saying about it being -- this language being a bit broad.  And

25   part of that is because we're in a situation where we don't

Exhibit 22
-3-

## CERTIFICATION

      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____               **May 26, 2021**

        Signed                             Dated

              *TONI HUDSON, TRANSCRIBER*

Exhibit 22
-4-

# EXHIBIT 23

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Attorneys for Plaintiffs,
**Masimo Corporation and Cercacor Laboratories, Inc.**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE <br> ) <br> ) **PLAINTIFFS MASIMO** <br> ) **CORPORATION AND** <br> ) **CERCACOR LABORATORIES,** <br> ) **INC.'S FIRST SET OF REQUESTS** <br> ) **FOR PRODUCTION OF** <br> ) **DOCUMENTS TO DEFENDANT** <br> ) **APPLE INC. (NOS. 1-25)** <br> ) <br> ) Hon. James V. Selna <br> ) <br> ) <br> ) |

Exhibit 23
-5-

**REQUEST FOR PRODUCTION NO. 9:**

All publications, articles, abstracts, papers, presentations, seminars, speeches, press releases, and internet postings relating to any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 10:**

All videos or DVDs demonstrating or showing the operation of the Accused Products.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of the physiological monitoring features of any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 12:**

All technical documents for the Accused Products, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things that refer or relate to technical information, specifications, and research data for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things concerning the research, design, and development of any of the Accused Products or any component of any of the Accused Products, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or

Exhibit 23
-6-

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that refer or relate to the operation of any LEDs used to determine pulse rate or heart rate for any of the Accused Products, including but not limited to documents and things that refer or relate to LED timing, duty cycle, current, or power usage.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things that refer or relate to collecting first heart rate metrics using a first technique during a first period and collecting second heart rate metrics using a second technique during a second period for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on user input for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on a change in operating mode for any of the Accused Products.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 16, 2020        By: /s/ Stephen W. Larson

Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

Exhibit 23
-7-

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S THIRD SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 61-147)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 23
-8-

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 3.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 4 and later.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 78:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple Watch Products: LEDs, photodiodes, duty cycle, changes in measurement modes, heart rate context, calculation of physiological parameters based on detected optical signals, determination of heart rate, the health application, the breathe application, and communications of physiological parameters to Apple iOS Products.

**REQUEST FOR PRODUCTION NO. 79:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple iOS Products: communication of physiological parameters from Apple Watch Products, the health application, and tracking of physiological parameters over time.

Exhibit 23
-9-

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and things referring or relating to, or otherwise evidencing, any Apple policies, procedures, or guidelines for employees relating to the documentation of research and development efforts.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and things that refer or relate to Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 90:**

All documents and things that refer or relate to any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and things that refer or relate to any communication about Masimo or Cercacor, or any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and things that refer or relate to technical information, specifications, or research data for any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and things that relate to how any Masimo or Cercacor product or technology is designed or manufactured.

/ / /

Exhibit 23
-10-

**REQUEST FOR PRODUCTION NO. 95:**

All documents and things relating to any analysis, study, investigation, or test of any Masimo or Cercacor product or technology by Apple, including without limitation, emails, test results, notes, memoranda, and the actual products or systems examined.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 97:**

All and things that refer or relate to any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things that relate to any comparison of any of the Apple Watch Products to any of the Masimo or Cercacor products or technologies.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

/ / /

/ / /

Exhibit 23
-11-

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees who submit invention disclosure forms for use in evaluating whether to file a patent application.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and things referring or relating to the value and/or potential value of the technology claimed or disclosed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 127:**

All documents and things referring or relating to the advantages or disadvantages of the technology claimed or disclosed in the Disputed Patents over competing technologies.

**REQUEST FOR PRODUCTION NO. 128:**

All communications between Defendant and Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 129:**

All communications between Defendant and any individual who previously worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to identify Your senior management and personnel responsible for research and development, testing, clinical trials, regulatory approval, marketing, and sales of any of the Apple Watch Products, including, but not limited to, organizational charts.

/ / /

Exhibit 23
-12-

requests for production, responses to interrogatories, responses to requests for admission, and all supplemental disclosures and responses.

**REQUEST FOR PRODUCTION NO. 146:**

All documents and things relating to the contents and/or subject matter of any declarations or affidavits filed by You in this litigation.

**REQUEST FOR PRODUCTION NO. 147:**

All documents and things upon which You intend to rely upon, use, or introduce at trial, for any purpose, including to introduce into evidence, or use as impeachment, rebuttal, or demonstrative purposes.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 17, 2020            By: */s/ Adam B. Powell*
                                    Joseph R. Re
                                    Stephen C. Jensen
                                    Perry D. Oldham
                                    Stephen W. Larson
                                    Adam B. Powell

                                    Attorneys for Plaintiffs,
                                    Masimo Corporation and
                                    Cercacor Laboratories, Inc.

-17-

Exhibit 23
-13-

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404; Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S FOURTH SET OF**<br>) **REQUESTS FOR PRODUCTION**<br>) **OF DOCUMENTS TO**<br>) **DEFENDANT APPLE INC. (NOS.**<br>) **148-172)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 23
-14-

1  Your response should state when, how, and why this is the case.

2      4.    Produce each requested document or thing along with all non-

3  identical drafts thereof.  Furthermore, produce each document in its entirety,

4  without abbreviation or redaction.

5      5.    Identify specifically the derivation and source of each document

6  and thing to be produced.

7                    **REQUESTS FOR PRODUCTION**

8  **REQUEST FOR PRODUCTION NO. 148:**

9      All document and things that refer or relate to the calculation of oxygen

10  saturation in any Apple Watch Product.

11  **REQUEST FOR PRODUCTION NO. 149:**

12      Documents sufficient to show any pulse oximetry algorithms used in any

13  of the Apple Watch Products.

14  **REQUEST FOR PRODUCTION NO. 150:**

15      All documents and things that refer or relate to selection between any

16  pulse oximetry algorithm used in any of the Apple Watch Products.

17  **REQUEST FOR PRODUCTION NO. 151:**

18      All documents and things that refer or relate to power consumption by

19  any pulse oximetry algorithm used in any of the Apple Watch Products.

20  **REQUEST FOR PRODUCTION NO. 152:**

21      The complete source code, including versions, revisions, and comments,

22  that relates to the following features of Apple Watch Products: determination of

23  oxygen saturation.

24  **REQUEST FOR PRODUCTION NO. 153:**

25      All documents and things that refer or relate to the operation of any LEDs

26  used to determine oxygen saturation for any Apple Watch Product, including

27  but not limited to documents and things that refer or relate to LED timing, duty

28  cycle, current, or power usage.

Exhibit 23
-15-

related to Apple Magazine's publication of marketing materials for iSpO2 and Apple's communications with customers about iSpO2.

**REQUEST FOR PRODUCTION NO. 169:**

All documents and things related to Apple's sales or marketing of Masimo's MightySat pulse oximeter, including but not limited to communications discussing sales or marketing of the MightySat in relation to Apple's own marketing, research, or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 170:**

All documents and things related to Apple's sales or marketing of Masimo's iSpO2 pulse oximeter, including but not limited to communications discussing sales or marketing of the iSpO2 pulse oximeter in relation to Apple's own marketing, research, or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 171:**

All documents and things referring to any analysis or study of products that compete or will compete with the pulse oximetry portion of the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 172:**

All documents and things referring to performance of the pulse oximetry feature in the Apple Watch Series 6, including documents relating or referring to whether the pulse oximetry feature in the Apple Watch Series 6 accurately or reliably measures blood oxygen levels.

Exhibit 23
-16-

1

2

3    Dated: October 9, 2020

4

5

6

7

8

KNOBBE, MARTENS, OLSON & BEAR, LLP

By: */s/ Adam B. Powell*

Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

-8-

Exhibit 23
-17-

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404; Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO<br>) CORPORATION AND<br>) CERCACOR LABORATORIES,<br>) INC.'S FIFTH SET OF REQUESTS<br>) FOR PRODUCTION OF<br>) DOCUMENTS TO DEFENDANT<br>) APPLE INC. (NOS. 173-248)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 23
-18-

**REQUEST FOR PRODUCTION NO. 211:**

All documents and things that refer or relate to the value and importance of using any technique for calculating oxygen saturation.

**REQUEST FOR PRODUCTION NO. 212:**

The complete source code, including all versions, revisions, and comments, for any of Your products that calculate oxygen saturation.

**REQUEST FOR PRODUCTION NO. 213:**

Documents sufficient to identify any pulse oximetry algorithm that You have implemented or ever considered implementing in the Accused Products.

**REQUEST FOR PRODUCTION NO. 214:**

All documents and things that refer or relate to any meeting with Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 215:**

All documents and things that refer or relate to any agreements between Masimo or Cercacor and Apple, including confidentiality agreements.

**REQUEST FOR PRODUCTION NO. 216:**

All communications with Michael O'Reilly before Mr. O'Reilly left Masimo.

**REQUEST FOR PRODUCTION NO. 217:**

All communications with Marcelo Lamego before Mr. Lamego left Cercacor.

**REQUEST FOR PRODUCTION NO. 218:**

All documents and things referring or relating to, or otherwise evidencing, Apple's decision to discuss physiological monitoring technology with Masimo or Cercacor.

Exhibit 23
-19-

**REQUEST FOR PRODUCTION NO. 244:**

All communications between Michael O'Reilly and any hospital or healthcare provider in the first twelve months that Mr. O'Reilly worked at Apple.

**REQUEST FOR PRODUCTION NO. 245:**

Documents sufficient to show the date and reason for any of Michael O'Reilly's changes in title or job responsibilities at Apple.

**REQUEST FOR PRODUCTION NO. 246:**

All communications between Marcelo Lamego and any hospital or healthcare provider while Mr. Lamego worked at Apple.

**REQUEST FOR PRODUCTION NO. 247:**

All patent and/or invention disclosure documents provided by Marcelo Lamego to Apple.

**REQUEST FOR PRODUCTION NO. 248:**

Documents sufficient to show the date and reason for Marcelo Lamego's employment at Apple ending.


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  October 9, 2020          By: */s/ Adam B. Powell*
                                     Joseph R. Re
                                     Stephen C. Jensen
                                     Perry D. Oldham
                                     Stephen W. Larson
                                     Adam B. Powell

                                     Attorneys for Plaintiffs,
                                     Masimo Corporation and
                                     Cercacor Laboratories, Inc.

-15-

Exhibit 23
-20-

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S SIXTH SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 249-256)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 23
-21-

1            d.     the date of the information or document.

2         3.     If You are aware of the existence, past or present, of a requested

3    document or thing, but the document or thing is not in Your possession,

4    custody, or control, then so state in Your response to the request for that

5    document or thing.  Identify such document or thing and identify, by name, title,

6    and address, the person who last maintained possession, custody, or control of

7    the document or thing.  If the requested document or thing no longer exists, then

8    Your response should state when, how, and why this is the case.

9         4.     Produce each requested document or thing along with all non-

10   identical drafts thereof.  Furthermore, produce each document in its entirety,

11   without abbreviation or redaction.

12        5.     Identify specifically the derivation and source of each document

13   and thing to be produced.

14                                **REQUESTS FOR PRODUCTION**

15   **REQUEST FOR PRODUCTION NO. 249:**

16        All documents and things related to decisions to research, design, and/or

17   develop products or components used to calculate one or more physiological

18   parameters including but not limited to pulse oximetry.

19   **REQUEST FOR PRODUCTION NO. 250:**

20        All documents and things related to decisions to research, design, and/or

21   develop any Apple wrist worn monitor that performs pulse oximetry and/or any

22   component of any Apple wrist worn monitor that performs pulse oximetry.

23   **REQUEST FOR PRODUCTION NO. 251:**

24        An inspection of any Apple product that calculates one or more

25   physiological parameters including but not limited to pulse oximetry, including

26   without limitation, prior and future planned versions and prototypes.

27

28

Exhibit 23
-22-

1 **REQUEST FOR PRODUCTION NO. 252:**

2 An inspection of any Apple wrist worn monitor that performs pulse

3 oximetry, including without limitation, prior and future planned versions and

4 prototypes.

5 **REQUEST FOR PRODUCTION NO. 253:**

6 All trial and deposition transcripts of testimony by any current or former

7 Apple employee in any litigation or legal proceeding, related to calculating one

8 or more physiological parameters including but not limited to pulse oximetry.

9 **REQUEST FOR PRODUCTION NO. 254:**

10 All trial and deposition transcripts of testimony by any named inventor of

11 any of the Disputed Patents.

12 **REQUEST FOR PRODUCTION NO. 255:**

13 All communications between an Apple employee or Apple representative,

14 including Apple's inhouse or outside counsel, and any employee of Plaintiffs

15 while the employee was employed by Plaintiffs.

16 **REQUEST FOR PRODUCTION NO. 256:**

17 All business reports related to anticipated or actual profitability by

18 product or business unit, related to Apple Watch Products.

19

20 KNOBBE, MARTENS, OLSON & BEAR, LLP

21

22 Dated: March 3, 2021       By: */s/ Mark D. Kachner*

23 Joseph R. Re
Stephen C. Jensen

24 Perry D. Oldham
Stephen W. Larson

25 Mark D. Kachner
Adam B. Powell

26 Attorneys for Plaintiffs,

27 Masimo Corporation and
Cercacor Laboratories, Inc.

28

-5-

Exhibit 23
-23-

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257-280)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Exhibit 23
-24-

**REQUEST FOR PRODUCTION NO. 263:**

All documents or communications describing, referencing or relating to Apple's policies, procedures, or strategies for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 264:**

All documents or communications referencing or relating to any evaluation by Apple of whether the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 265:**

All documents or communications referencing or relating to the research, design, and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**REQUEST FOR PRODUCTION NO. 266:**

All documents or communications referencing or relating to the decisions to research, design, and/or develop Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood

Exhibit 23
-25-

1  glucose.

2  **REQUEST FOR PRODUCTION NO. 267:**

3      All documents or communications referencing or relating to the function

4  of Defendant's Apple Watch Series 7 and/or any component of Defendant's

5  Apple Watch Series 7 that measures physiological parameters, including oxygen

6  saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth

7  variability index, methemoglobin, carboxyhemoglobin, respiration rate from the

8  pleth, or blood glucose.

9  **REQUEST FOR PRODUCTION NO. 268:**

10     An inspection of Defendant's Apple Watch Series 7, including without

11 limitation, prior versions and prototypes.

12 **REQUEST FOR PRODUCTION NO. 269:**

13     All documents or communications referencing or relating to all efforts to

14 market Defendant's Apple Watch Series 7 to consumers.  For avoidance of

15 doubt, this includes documents and things related to efforts to advertise and sell

16 said Apple Watch Series 7 to consumers.

17 **REQUEST FOR PRODUCTION NO. 270:**

18     All documents or communications referencing or relating to sales

19 projections for Defendant's Apple Watch Series 7.

20 **REQUEST FOR PRODUCTION NO. 271:**

21     Documents sufficient to identify all persons involved in the research,

22 design, and development of any physiological measurement capability,

23 including oxygen saturation, pulse rate, perfusion index, total hemoglobin,

24 oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin,

25 respiration rate from the pleth, or blood glucose, of the Apple Watch Series 7.

26 **REQUEST FOR PRODUCTION NO. 272:**

27     Documents sufficient to identify any oxygen saturation, pulse rate,

28 perfusion index, total hemoglobin, oxygen content, pleth variability index,

-7-

Exhibit 23
-26-

methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose algorithm that You have implemented, ever considered implementing, or are planning to implement in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 273:**

Documents sufficient to identify when You began the research, design, and/or development of any perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose functionality, including, but not limited to, any such functionality implemented in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 274:**

Documents sufficient to identify any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 275:**

Documents sufficient to identify the trade secrets that You asserted in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 276:**

All of Your interrogatory responses in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 277:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 278:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

/ / /

/ / /

Exhibit 23
-27-

**REQUEST FOR PRODUCTION NO. 279:**

All documents or communications referring or relating to how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**REQUEST FOR PRODUCTION NO. 280:**

All documents or communications referring or relating to the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  April 28, 2021            By: */s/ Adam B. Powell*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Benjamin A. Katzenellenbogen
                                   Perry D. Oldham
                                   Stephen W. Larson
                                   Mark D. Kachner
                                   Adam B. Powell

                                   Attorneys for Plaintiffs,
                                   Masimo Corporation and
                                   Cercacor Laboratories, Inc.

Exhibit 23
-28-

1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
4  ben.katzenellenbogen@knobbe.com
   Perry D. Oldham (Bar No. 216016)
5  perry.oldham@knobbe.com
   Stephen W. Larson (Bar No. 240844)
6  stephen.larson@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
7  2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
8  Telephone: (949)-760-0404; Facsimile: (949)-760-9502
9
   Adam B. Powell (Bar. No. 272725)
10 adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
11 3579 Valley Centre Drive
   San Diego, CA 92130
12 Telephone: (858) 707-4000; Facsimile: (858) 707-4001
13
14 Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.
15
16          **IN THE UNITED STATES DISTRICT COURT**
17          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
18                 **SOUTHERN DIVISION**
19

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE ) ) **PLAINTIFFS MASIMO** ) **CORPORATION AND** |
| Plaintiffs, | ) **CERCACOR LABORATORIES,** ) **INC.'S NINTH SET OF REQUESTS** ) **FOR PRODUCTION OF** |
| v. | ) **DOCUMENTS TO DEFENDANT** ) **APPLE INC. (NOS. 318-524)** |
| APPLE INC., a California corporation | ) **(CORRECTED)** ) |
| Defendant. | ) Hon. James V. Selna ) Magistrate Judge John D. Early ) |

Exhibit 23
-29-

1  **REQUEST FOR PRODUCTION NO. 349:**

2

3

4

5  **REQUEST FOR PRODUCTION NO. 350:**

6

7

8

9  **REQUEST FOR PRODUCTION NO. 351:**

10       Documents sufficient to identify all persons involved in the research,

11  design, and development of the pulse rate or oxygen saturation features of the

12  Apple Watch Products.

13  **REQUEST FOR PRODUCTION NO. 352:**

14

15

16

17  **REQUEST FOR PRODUCTION NO. 353:**

18

19

20

21  **REQUEST FOR PRODUCTION NO. 354:**

22

23

24

25  **REQUEST FOR PRODUCTION NO. 355:**

26       Documents sufficient to show any changes made to any of the Apple

27  Watch Products firmware, software, or comments thereto with respect to the

28  pulse rate or oxygen saturation features of the Apple Watch Products.

-9-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-30-

**REQUEST FOR PRODUCTION NO. 369:**

Documents sufficient to show the factors Apple's customers consider when evaluating the performance of pulse rate or oxygen saturation technology.

**REQUEST FOR PRODUCTION NO. 370:**

Documents sufficient to show any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 371:**

Documents sufficient to show any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 372:**

Documents sufficient to show any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 373:**

Documents regarding any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 374:**

Documents regarding any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 375:**

Communications between Defendant and Plaintiffs regarding the subject matter claimed in the Disputed Patents.

-12-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-31-

**REQUEST FOR PRODUCTION NO. 436:**

Documents regarding Apple implementing or considering any of the Strategies For Interacting With Hospitals described under heading "E" of Plaintiffs' Section 2019.210 Statement, including any amendments.

**REQUEST FOR PRODUCTION NO. 437:**

Documents regarding Apple implementing or considering any strategy for persuading hospitals to share clinical data.

**REQUEST FOR PRODUCTION NO. 438:**

Documents regarding the value and importance of any strategy for persuading hospitals to share clinical data.

**REQUEST FOR PRODUCTION NO. 439:**

Documents regarding decisions to research or design products used to calculate pulse rate and oxygen saturation.

**REQUEST FOR PRODUCTION NO. 440:**

Documents regarding decisions to research or design products that can be used for medical research.

**REQUEST FOR PRODUCTION NO. 441:**

Documents regarding decisions to research or design any Apple wrist worn monitor that performs pulse oximetry.

**REQUEST FOR PRODUCTION NO. 442:**

An inspection of any Apple product that calculates heart rate or pulse oximetry, including without limitation, prior and future planned versions and prototypes.

**REQUEST FOR PRODUCTION NO. 443:**

All communications regarding pulse rate or pulse oximetry between an Apple employee or Apple representative, including Apple's inhouse or outside counsel, and any employee of Plaintiffs, while the employee was employed by Plaintiffs.

-22-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-32-

**REQUEST FOR PRODUCTION NO. 444:**

All communications regarding employment at Apple between an Apple employee or Apple representative, including Apple's inhouse or outside counsel, and any employee of Plaintiffs, while the employee was employed by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 445:**

Documents regarding Apple's Kona, Mars, P1 Stealth, ProtoN-34, ProtoN, Proto2, Proto2B, Platinum, Lisa, Citrine, Jasper, Scandium, Emerald, Ruby, Amethyst or Opal prototypes or projects.

**REQUEST FOR PRODUCTION NO. 446:**

Documents regarding the practice of efficient infringement

**REQUEST FOR PRODUCTION NO. 447:**

Documents regarding Apple's policies and procedure for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 448:**

Documents regarding Apple's strategies for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 449:**

Documents regarding any evaluation by Apple of whether the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 450:**

Documents regarding any evaluation by Apple of whether the pulse rate feature of the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-33-

**REQUEST FOR PRODUCTION NO. 451:**

Documents regarding any evaluation by Apple of whether the pulse oximetry feature of the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 452:**

Documents regarding the design or development of Defendant's Apple Watch Series 7 or any component of Defendant's Apple Watch Series 7 that measures oxygen saturation or pulse rate.

**REQUEST FOR PRODUCTION NO. 453:**

Documents regarding the design and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 454:**

Documents regarding the design and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures blood glucose.

**REQUEST FOR PRODUCTION NO. 455:**

Documents regarding Apples planned efforts to market Defendant's Apple Watch Series 7 to consumers.

**REQUEST FOR PRODUCTION NO. 456:**

Any sales projections for Defendant's Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 457:**

Documents sufficient to identify all persons involved in the design and development of the oxygen saturation or pulse rate features of the Apple Watch Series 7.

-24-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-34-

**REQUEST FOR PRODUCTION NO. 458:**

Documents sufficient to identify all persons involved in the design and development of any features of the Apple Watch Series 7 that measure perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 459:**

Documents sufficient to identify all persons involved in the design and development of any features of the Apple Watch Series 7 that measure blood glucose.

**REQUEST FOR PRODUCTION NO. 460:**

Documents sufficient to identify the algorithm used in the oxygen saturation or pulse rate features of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 461:**

Documents sufficient to identify the algorithm in the Apple Watch 7 used to calculate perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 462:**

Documents sufficient to identify the algorithm in the Apple Watch 7 used to calculate blood glucose.

**REQUEST FOR PRODUCTION NO. 463:**

Documents sufficient to identify when you began the design and development of the oxygen saturation or pulse rate features of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 464:**

Documents sufficient to identify when you began the design and development of any features of the Apple Watch Series 7 that measure perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

-25-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-35-

**REQUEST FOR PRODUCTION NO. 523:**

Documents sufficient to identify the source of each item of information regarding pulse rate or oxygen saturation technology used by each of the following individuals while employed by Apple: John Aguilar, Anderson Briglia, Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil Harsule, Joe Jagenow, Marcelo Lamego, Inje Lee, Yinghui Lu, Ehsan Masoumi, Michael O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan, Felipe Tonello, Vincent Wayne, and Rich Young.

**REQUEST FOR PRODUCTION NO. 524:**

Documents identifying the source of each item of information regarding pulse rate or oxygen saturation technology used by each of the following individuals while employed by Apple: John Aguilar, Anderson Briglia, Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil Harsule, Joe Jagenow, Marcelo Lamego, Inje Lee, Yinghui Lu, Ehsan Masoumi, Michael O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan, Felipe Tonello, Vincent Wayne, and Rich Young.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 25, 2021          By: */s/ Adam B. Powell*
                                 Joseph R. Re
                                 Stephen C. Jensen
                                 Benjamin A. Katzenellenbogen
                                 Perry D. Oldham
                                 Stephen W. Larson
                                 Mark D. Kachner
                                 Adam B. Powell

                                 Attorneys for Plaintiffs,
                                 Masimo Corporation and
                                 Cercacor Laboratories, Inc.

-34-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 23
-36-

1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
7  2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
8  Telephone: (949)-760-0404; Facsimile: (949)-760-9502
9
   Adam B. Powell (Bar. No. 272725)
10 adam.powell@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
11 3579 Valley Centre Drive
   San Diego, CA 92130
12 Telephone: (858) 707-4000; Facsimile: (858) 707-4001
13
14 Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.
15

16           **IN THE UNITED STATES DISTRICT COURT**

17          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18                    **SOUTHERN DIVISION**

19

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE )<br>) **PLAINTIFFS MASIMO** |
| | ) **CORPORATION AND** |
| | ) **CERCACOR LABORATORIES,** |
|             Plaintiffs, | ) **INC.'S TENTH SET OF** |
| | ) **REQUESTS FOR PRODUCTION** |
|          v. | ) **OF DOCUMENTS TO** |
| | ) **DEFENDANT APPLE INC. (NOS.** |
| APPLE INC., a California corporation | ) **525-574)** |
| | ) |
| | ) |
|          Defendant. | ) Hon. James V. Selna |
| | ) Magistrate Judge John D. Early |
| | ) |

Exhibit 23
-37-

**REQUEST FOR PRODUCTION NO. 532:**

Summary documents regarding any algorithm used in the pulse rate and pulse oximetry features in any of the Apple Watch Products, including engineering requirements specifications, revision histories, and presentations.

**REQUEST FOR PRODUCTION NO. 533:**

Documents regarding the relative importance of the factors Apple considered when selecting technology that it used to measure pulse rate or oxygen saturation for use in Apple's products.

**REQUEST FOR PRODUCTION NO. 534:**

Documents sufficient to show any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products, in which Marcelo Lamego or Michael O'Reilly was involved.

**REQUEST FOR PRODUCTION NO. 535:**

Communications between Defendant and the following individuals regarding subject matter claimed in the Disputed Patents: Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

**REQUEST FOR PRODUCTION NO. 536:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques.

**REQUEST FOR PRODUCTION NO. 537:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques that name any of the following individuals as an inventor or otherwise contain information from any of the following individuals: Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

Exhibit 23
-38-

1  **REQUEST FOR PRODUCTION NO. 572:**

2       Documents regarding any analysis by Apple, including analysis of iPhone

3  compatible devices, to determine whether to add an ECG monitoring feature to

4  the Apple Watch Products or to create an ECG monitoring application for the

5  Apple Watch Products.

6  **REQUEST FOR PRODUCTION NO. 573:**

7       Documents regarding any analysis by Apple, including analysis of any

8  iPhone compatible devices, to determine whether or how to obtain FDA

9  clearance or approval for any ECG monitoring feature of the Apple Watch

10 Products, or any ECG application for the Apple Watch Products.

11 **REQUEST FOR PRODUCTION NO. 574:**

12      Documents regarding any analysis by Apple of the FDA clearances or

13 approvals for any iPhone compatible device.

14

15                          KNOBBE, MARTENS, OLSON & BEAR, LLP

16

17 Dated:  July 23, 2021          By: */s/ Adam B. Powell*
                                     Joseph R. Re
18                                   Stephen C. Jensen
                                     Benjamin A. Katzenellenbogen
19                                   Perry D. Oldham
                                     Stephen W. Larson
20                                   Mark D. Kachner
                                     Adam B. Powell
21
                                     Attorneys for Plaintiffs,
22                                   Masimo Corporation and
                                     Cercacor Laboratories, Inc.
23

24

25

26

27

28

                                    -12-

Exhibit 23
-39-

# EXHIBIT 24

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

**Before the Honorable Charles Bullock**
**Chief Administrative Law Judge**

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-1276 |

**MASIMO CORPORATION AND CERACOR LABORATORIES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
TO APPLE INC. (1-126)**

Exhibit 24
-40-

**REQUEST FOR PRODUCTION NO. 18:**

Documents and things sufficient to identify all brands, models, product names, internal names, product numbers, and SKU codes for any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to identify each person involved in research, design, and development of the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify all present employees, past employees, consultants, and contract employees, whether full- or part-time, whose responsibilities or assignments include work concerning the design, research, development, analysis, testing, manufacturing, purchase, marketing, importation, exportation or sale of any pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, including organizational charts and telephone and/or email directories.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify all third parties that worked with You or on Your behalf concerning the conception, design, development, implementation, testing, and manufacturing of the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6 and all documents received by You from such third parties concerning such work.

Exhibit 24
-41-

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things concerning the design and development of the pulse oximeter
and thermistor features on any Accused Product and Components Thereof, including but not
limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 23:**

All communications and files of anyone involved in the design or development of the
Accused Products and Components Thereof , including the Apple Watch Series 6, concerning the
pulse oximeter and thermistor features in such products.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things concerning any contracts, agreements, or understandings with
any person or entity concerning the research, design, and development of the pulse oximetry and
thermistor features on any Accused Product and Components Thereof, including but not limited
to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things concerning any consulting, contracting or design work
performed for You by any third party relating to the pulse oximeter and thermistor features on any
Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things concerning the conception, engineering, design, qualification,
testing, and development of any Accused Product and Components Thereof, including but not
limited to, the Apple Watch Series 6, including design briefs, knowledge sheets, bills of materials,
specifications, reference designs, schematics, block diagrams, data sheets, layouts, databases,
depictions, photographs, simulations, test plans, test results, users manuals or other manuals,

Exhibit 24
-42-

journals, notes, laboratory notebooks, engineering notebooks, communications, and correspondence.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things concerning any proposed production model, prototype, or other preproduction embodiment of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 28:**

All diaries, appointment calendars, journals, notebooks, and trip reports prepared at the direction of or maintained by any person involved in the research, design, development, marketing importation, or sale of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, concerning or evidencing in any way events concerning the research, design, development, marketing, importation, or sale of such products.

**REQUEST FOR PRODUCTION NO. 29:**

Documents, publications, articles, manuscripts, papers, technical disclosures, abstracts, papers, presentations, or speeches authored or given, in whole or in part, by any person involved in the research, design, development, marketing or sale of pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, concerning any such products.

**REQUST FOR PRODUCTION NO. 30:**

Documents and things sent to or from any person substantively involved in the research, design, development, marketing, importation, or sale of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, concerning such products.

Exhibit 24
-43-

specifications concerning the structure, function and operation of pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 42:**

All user manuals and user guides for any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 43:**

A complete set of engineering drawings, source code, and specifications for each Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, including all revisions of each engineering drawing and all engineering change orders.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things concerning changes or modifications to the design of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things concerning any papers, articles or scientific works which refer to the oxygen saturation and heart rate measurement features of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, or discuss the scientific or engineering principles on which the design of pulse oximeter and thermistor features in any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, is based.

**REQUEST FOR PRODUCTION NO. 46:**

All technical papers, journal articles, and professional association presentations authored by You or Your employees, consultants, or affiliated entities that relate in whole or in part to the

Exhibit 24
-44-

design of the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, regardless of whether such documents are published or unpublished.

**REQUEST FOR PRODUCTION NO. 47:**

For each model or version of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, all documents and things concerning or relating to the structure, design, architecture and operation of the relevant features of the product, including, without limitation, the design, specification, definition, features, architecture, engineering, verification, simulation, emulation, and operation of the product.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things concerning any effort by You, Your affiliates, or Your suppliers or on behalf of You, Your affiliates, or Your suppliers to design, redesign, commercialize or modify any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, in view of the Patents-in-Suit, including all laboratory notebooks, engineering notebooks, logs, records, files, and models generated by or at the direction of any person involved in the design-around process by or at Your direction.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning any effort by You or on behalf of You to incorporate any feature or functionality of any of Complainants' products into any product containing either pulse oximeter or thermistor features.

Exhibit 24
-45-

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning any effort by Apple to incorporate any feature or functionality of any of Complainants' products into any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things concerning any reverse engineering or other analysis performed by You or on behalf of You on any of Complainants' products, including but not limited to the Domestic Industry Products.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things concerning the Domestic Industry Products.

**REQUEST FOR PRODUCTION NO. 53:**

All documents concerning research, design, or development agreements entered into between Apple and any third party for any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 54:**

Five samples of each model of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and things concerning the manufacture of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 56:**

All documents concerning original equipment manufacturer ("OEM") agreements relating to the pulse oximeter and thermistor features on any Accused Product and Components Thereof,

Exhibit 24
-46-

**REQUEST FOR PRODUCTION NO. 85:**

All documents and things concerning Your decision, strategies, motivations, reasons, or goals to research and develop any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 86:**

All product roadmaps for each Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 87:**

For each entity involved in the manufacture, importation into the U.S., or sale in the U.S. of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, documents sufficient to show that entity's organizational structure and the reporting relationships among its departments or business functions, including the executive, engineering, design, research, testing, development, manufacturing, fabrication, assembly, packaging, marketing, promotion, sales, licensing, accounting, finance, and export/import departments or business functions, and the persons holding positions in its departments or business functions since the date of the first sale of the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 88:**

For each entity involved in the manufacture, importation into the U.S., or sale in the U.S. of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, documents sufficient to show its corporate structure, including the identity of each legal entity within its corporate family as well as each partner entity and affiliate.

Exhibit 24
-47-

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things concerning consumer feedback relating to the pulse oximetry features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, regardless of the country of origin, including documents regarding any action taken in response to the feedback.

**REQUEST FOR PRODUCTION NO. 126:**

All copies of Complainants' documents in Your possession, custody, or control, including, without limitation, all manuals, schematics, drawings, blueprints, block diagrams, software, and manufacturing, marketing, advertising, and promotional documents.


Dated:  August 19, 2021

By: */s/ Jonathan E. Bachand*
Stephen C. Jensen
Joseph R. Re
Sheila N. Swaroop
Jonathan E. Bachand

**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:   (949) 760-0404
Facsimile:    (949) 734-4988
Emails: steve.jensen@knobbe.com;
joe.re@knobbe.com;
sheila.swaroop@knobbe.com;

and

1717 Pennsylvania Ave NW #900
Washington, DC 20006
Telephone:   (202) 640-6400
Facsimile:    (949) 734-4988
Email: jonathan.bachand@knobbe.com

*Counsel for Complainants*
*Masimo Corporation and*
*Ceracor Laboratories, Inc.*

Exhibit 24
-48-

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C.**

**Before the Honorable Monica Bhattacharyya**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-1276 |

**MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO APPLE INC. (134-144)**

Pursuant to the United States International Trade Commission's Rules of Practice and Procedure and 19 C.F.R. §§ 210.27 and 210.30, Complainants Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Complainants") hereby request that Respondent Apple Inc. ("Apple") responds to the following Requests for Production of Documents and Things within the time prescribed by the rules of the Administrative Law Judge and the Commission.

## DEFINITIONS

The following definitions shall apply to each of the interrogatories herein:

1.      The terms "Respondent," "Apple," "You," and "Your" mean Apple Inc., including, without limitation: any predecessor, predecessor-in-interest, successor, subsidiary, affiliate, and/or division; and any past or present principal, officer, director, employee, former employee, servant, agent, attorney, or other representative.

2.      The terms "Complainants" mean Masimo Corporation and Cercacor Laboratories, Inc., collectively and individually, including: any predecessor, predecessor-in-interest, successor, subsidiary, affiliate, and/or division; and any principal, officer, director, employee, former employee, servant, agent, attorney, or other representative.

1

Exhibit 24
-49-

§ 210.27(f), any additional information that You identify, acquire, or become aware of up to and including the time of the hearing.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 134:

Documents sufficient to show any and all differences in the Blood Oxygen App amongst each model number of Apple Watch Series 6.

### REQUEST FOR PRODUCTION NO. 135:

Documents sufficient to show any and all differences in the Blood Oxygen App amongst each model number of Apple Watch Series 7.

### REQUEST FOR PRODUCTION NO. 136:

Documents sufficient to show any and all differences in the Blood Oxygen App of Apple Watch Series 6 and the Blood Oxygen App of Apple Watch Series 7.

### REQUEST FOR PRODUCTION NO. 137:

Documents sufficient to show the number of units of Apple Watch Series 6 and Apple Watch Series 7, by model number, that You have imported into the United States, or had imported into the United States, since August 13, 2021 and the date, quantity, port of entry, port of departure, and importing entity for each such importation.

### REQUEST FOR PRODUCTION NO. 138:

Documents sufficient to show each location in the United States where You have inventory of Apple Watch Series 6 or Apple Watch Series 7, including each such location's address, the number of such units in inventory by model number, and the total retail value of that location's inventory.

Exhibit 24
-50-

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show representative examples of all commercial invoices for all of Your importation or importation that You have had performed, into the United States since August 13, 2021, of Apple Watch Series 6 and Apple Watch Series 7.


Dated:  October 7, 2021                    By: */s/ Alan G. Laquer*
                                              Stephen C. Jensen
                                              Joseph R. Re
                                              Sheila N. Swaroop
                                              Ted. M. Cannon
                                              Alan G. Laquer
                                              Kendall M. Loebbaka
                                              Douglas B. Wentzel
                                              **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                              2040 Main Street, Fourteenth Floor
                                              Irvine, CA  92614
                                              Telephone:  (949) 760-0404
                                              Facsimile:  (949) 760-9502

                                              William R. Zimmerman
                                              Jonathan E. Bachand
                                              **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                              1717 Pennsylvania Avenue N.W., Suite 900
                                              Washington, DC 20006
                                              Telephone:  (202) 640-6400
                                              Facsimile:  (202) 640-6401

                                              Brian C. Horne
                                              **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                              1925 Century Park East
                                              Suite 600
                                              Los Angeles, CA 90067
                                              Telephone:  (310) 551-3450
                                              Facsimile:  (310) 551-3458

                                              Carol Pitzel Cruz
                                              **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                              925 4th Ave., #2500
                                              Seattle, WA 98104
                                              Telephone:  (206) 405-2000

Exhibit 24
-51-

# EXHIBIT 25

ADRMOP,AO279,PRVADR,STAYED

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:17-cv-05671-BLF

| | |
|---|---|
| VLSI Technology LLC v. Intel Corporation | Date Filed: 10/02/2017 |
| Assigned to: Judge Beth Labson Freeman | Jury Demand: Both |
| Referred to: Judge Nathanael M. Cousins | Nature of Suit: 830 Patent |
| Cause: 35:271 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**VLSI Technology LLC**                    represented by    **Henry C. Bunsow**
                                                            Bunsow De Mory LLP
                                                            701 El Camino Real
                                                            Redwood City, CA 94063
                                                            (650) 351-7248
                                                            Fax: (415) 426-4744
                                                            Email: hbunsow@bdiplaw.com
                                                            *TERMINATED: 08/16/2018*
                                                            *LEAD ATTORNEY*

                                                            **Alvin Matthew Ashley**
                                                            Irell & Manella LLP
                                                            840 Newport Center Drive, Suite 400
                                                            Newport Beach, CA 92660-6324
                                                            949-760-0991
                                                            Fax: 949-760-5200
                                                            Email: mashley@irell.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Amy E Proctor**
                                                            Irell and Manella LLP
                                                            1800 Avenue of the Stars
                                                            Ste 900
                                                            Los Angeles, CA 90067
                                                            310-203-7961
                                                            Email: aproctor@irell.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Babak Redjaian**
                                                            Irell and Manella LLP
                                                            840 Newport Center Dr.
                                                            Ste. 400
                                                            Newport Beach, CA 92660
                                                            949-760-5260
                                                            Email: bredjaian@irell.com
                                                            *ATTORNEY TO BE NOTICED*

Exhibit 25
-52-

| | | |
|---|---|---|
| | | Lifted 9/1/2021. Last Day to Hear Dispositive Motions set for 8/4/2022 09:00 AM. Final Pretrial Conference set for 11/3/2022 01:30 PM. Jury Selection set for 12/2/2022, 12/5/2022 09:00 AM. Jury Trial set for 12/5/2022, 12/6/2022, 12/7/2022, 12/8/2022, 12/9/2022, 12/12/2022, 12/13/2022, 12/14/2022, 12/15/2022, 12/16/2022 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. (tshS, COURT STAFF) (Filed on 6/15/2020) (Entered: 06/15/2020) |
| 09/09/2020 | 291 | NOTICE of Change of Address by Mark Daniel Selwyn (Selwyn, Mark) (Filed on 9/9/2020) (Entered: 09/09/2020) |
| 01/22/2021 | 292 | ADMINISTRATIVE MOTION For Relief From Protective Order filed by Intel Corporation. Responses due by 1/26/2021. (Attachments: # 1 Declaration Of Mark D. Selwyn In Support Of Intel Corporation's Administrative Motion For Relief From Protective Order, # 2 Proposed Order)(Selwyn, Mark) (Filed on 1/22/2021) (Entered: 01/22/2021) |
| 01/26/2021 | 293 | CLERK'S NOTICE RE: 292 Administrative Motion For Relief From Protective Order. This motion will be addressed by Judge Nathanael Cousins. Response due 1/26/2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmhS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 294 | OPPOSITION/RESPONSE (re 292 ADMINISTRATIVE MOTION For Relief From Protective Order ) filed byVLSI Technology LLC. (Attachments: # 1 Declaration of Michael D. Harbour, # 2 Exhibit A to Harbour Declaration, # 3 Exhibit B to Harbour Declaration)(Harbour, Michael) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 295 | Proposed Order re 294 Opposition/Response to Motion, by VLSI Technology LLC. (Harbour, Michael) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 02/05/2021 | 296 | NOTICE by Intel Corporation *Joint Statement Of Recent Decisions* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Selwyn, Mark) (Filed on 2/5/2021) (Entered: 02/05/2021) |
| 02/05/2021 | 297 | **Order denying 292 Administrative Motion for Relief From Protective Order entered by Judge Nathanael M. Cousins. The Court finds that Intel has not established good cause for relief. It has not shown the relevance of the materials requested for the antitrust case before Judge Chen. Moreover, the Court finds that VLSI relied on the protective order and it would be unfair to grant the relief requested by Intel at this time. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Entered: 02/05/2021)** |
| 03/31/2021 | 298 | NOTICE by Intel Corporation *(Notice of Withdrawal of Donald Richard Steinberg)* (Steinberg, Donald) (Filed on 3/31/2021) (Entered: 03/31/2021) |
| 08/16/2021 | 299 | NOTICE by Intel Corporation *Intel Corporation's Notice Of Inter Partes Review Developments* (Selwyn, Mark) (Filed on 8/16/2021) (Entered: 08/16/2021) |
| 09/02/2021 | 300 | NOTICE of Appearance by Ian Robert Washburn (Washburn, Ian) (Filed on 9/2/2021) (Entered: 09/02/2021) |
| 09/02/2021 | 301 | NOTICE of Appearance by Babak Redjaian (Redjaian, Babak) (Filed on 9/2/2021) (Entered: 09/02/2021) |
| 09/02/2021 | 302 | NOTICE of Appearance by Kamran Vakili (Vakili, Kamran) (Filed on 9/2/2021) (Entered: 09/02/2021) |
| 09/02/2021 | 303 | NOTICE of Appearance by Sara Adina Stohl (Stohl, Sara) (Filed on 9/2/2021) (Entered: 09/02/2021) |

Exhibit 25
-53-

| | | 10/08/2021) |
|---|---|---|
| 10/08/2021 | [322](#) | STIPULATION WITH PROPOSED ORDER *Regarding October 13 Hearing,* filed by Intel Corporation and VLSI Technology LLC. (Selwyn, Mark) (Filed on 10/8/2021) Modified on 10/12/2021 (jmlS, COURT STAFF). (Entered: 10/08/2021) |
| 10/11/2021 | [323](#) | TRANSCRIPT ORDER for proceedings held on 9/30/2021 before Judge Beth Labson Freeman by VLSI Technology LLC, for Court Reporter Ana Dub. (Slusarczyk, Dominik) (Filed on 10/11/2021) (Entered: 10/11/2021) |
| 10/12/2021 | [324](#) | **ORDER GRANTING [322](#) Stipulation vacating the 10/13/2021 hearing. Signed by Judge Nathanael M. Cousins.** (lmhS, COURT STAFF) (Filed on 10/12/2021) (Entered: 10/12/2021) |
| 10/12/2021 | [325](#) | **ORDER MODIFYING CASE SCHEDULE. Signed by Judge Beth Labson Freeman on 10/12/2021. (blflc4S, COURT STAFF) (Filed on 10/12/2021) (Entered: 10/12/2021)** |
| 10/13/2021 | | Reset Dates re [325](#) ORDER MODIFYING CASE SCHEDULE. Last Day to Hear Dispositive Motions set for 10/19/2023 09:00 AM. Final Pretrial Conference set for 2/22/2024 01:30 PM. Jury Selection set for 3/22/2024, 3/25/2024 09:00 AM. Jury Trial 3/25/2024, 3/26/2024, 3/27/2024, 3/28/2024, 3/29/2024, 4/1/2024, 4/2/2024, 4/3/2024, 4/4/2024, 4/5/2024 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman.<br>(tshS, COURT STAFF) (Filed on 10/13/2021) (Entered: 10/14/2021) |
| 10/29/2021 | [326](#) | STIPULATION WITH PROPOSED ORDER *Regarding Case Schedule* re [325](#) Order filed by Intel Corporation and VLSI Technology LLC. (Selwyn, Mark) (Filed on 10/29/2021) Modified on 11/1/2021 (jml, COURT STAFF). (Entered: 10/29/2021) |
| 11/01/2021 | [327](#) | **ORDER GRANTING [326](#) STIPULATION REGARDING CASE SCHEDULE. Signed by Judge Beth Labson Freeman on 11/1/2021. (blflc4, COURT STAFF) (Filed on 11/1/2021) (Entered: 11/01/2021)** |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/04/2021 15:16:28 | | |
| **PACER Login:** | Knobbepacer | **Client Code:** | MASIMOL.1427L |
| **Description:** | Docket Report | **Search Criteria:** | 5:17-cv-05671-BLF |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

Exhibit 25
-54-

# EXHIBIT 26

WILMERHALE

October 29, 2021

Jonathan A. Cox

+1 617 526 6609 (t)
+1 617 526 5000 (f)
jonathan.cox@wilmerhale.com

**By E-mail**

Kendall Loebbaka
Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
kendall.loebbaka@knobbe.com

Re:  *Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC
Inv. No. 337-TA-1276

Dear Kendall:

I write to summarize the parties' discussion during the October 27, 2021 DCM regarding
identification of email custodians, and in response to the portions of your October 28, 2021 letter
regarding the same.

As we have stated repeatedly in correspondence and during the parties' DCMs, Apple's proposed
framework for identifying and exchanging email custodians has been outstanding since first
addressed in Exhibit B to the parties' August 31, 2021 Joint Discovery Statement (and in
discussions proceeding that filing).  As you know, that proposal sets forth:

> that the parties meet and confer to reach agreement on a reasonable list of custodians for
> purposes of collection, review, and production of electronically stored information.  In
> connection with the meet and confer process, each party shall provide a proposed list of
> individual custodians who are knowledgeable about and were involved with the core
> issues or subjects in this case (e.g., the conception of the claimed inventions; the design
> and operation of the Apple Watch Series 6 Blood Oxygen Sensor).  The Parties then shall
> meet and confer to reach agreement on document custodians and also shall meet and
> confer to reach agreement on search terms to be used for electronic searches of the files
> from those custodians.  Apple proposes that each party may limit its email production to a
> total of three (3) custodians per party and limit its email production to a total of ten (10)
> search terms per custodian.

Notwithstanding Apple's proposal, Complainants for weeks made no counterproposal on the
number of email custodians they believed appropriate or the process for identifying potential
custodians.  Then, on October 4, Complainants proposed that the parties use a list of email
custodians from a district court case between the parties as the source of custodians in this
matter.  *See* October 4, 2021 letter from Loebbaka to Frazier re: Sept. 29 DCM.   Since then,
Complainants have repeatedly insisted on using information from the district court litigation as
the basis for identifying custodians.  Apple has explained that this is an inappropriate basis for

Exhibit 26
-55-

WILMERHALE

Kendall Loebbaka
Page 2

determining either how many or which custodians may have email that is potentially relevant for this separate ITC Investigation, including because the district court litigation concerns different claims and allegations than are at issue in this Investigation.  Indeed, Complainants' patent infringement claims in the district court matter involve *different* patents than those asserted in this Investigation and different accused products.  More importantly, discovery on Complainants' patent infringement claims in the district court has been ***stayed*** since October 2020 because Apple's petitions for *inter partes review* were instituted on all the asserted patents. Accordingly, the discovery ongoing in the district court case relates to allegations of trade secret misappropriation and claims for correction of inventorship/ownership that are wholly unrelated to the allegations in this Investigation.  And of course, unlike in this ITC Investigation, there is no domestic industry that needs to be established in the district court litigation.  In short, there is no reason to believe that the district court email custodians are an appropriate starting point.

In the interest of continuing to advance discussions, on October 22, Apple proposed that the parties agree to each provide a list of ten custodians who may have relevant email, and then the other party could select three custodians for production from this list.  *See* October 22, 2021 letter from Frazier to Loebbaka re: Oct. 20 DCM.  Apple further proposed the parties exchange proposed search terms and meet and confer in good faith to reach a final list.  *Id.*

Complainants appear to have finally agreed to Apple's proposed framework on October 25, 2021 (*see* October 25, 2021 letter from Loebbaka to Frazier re: Email Discovery), and made their ***first*** counterproposal under that framework, seeking production of email from ***25 custodians*** per side.

At the October 27, 2021 DCM, Apple stated that Complainants' initial counterproposal for 25 custodians was unreasonably high and asked Complainants to explain the basis for this number. Complainants stated that they derived this number from the number of custodians listed in the metadata of Apple's various productions and from allegedly looking at publicly available information regarding custodians in the district court matter.  Apple explained that Complainants' methodology for calculating this number was unsound, including because a custodian of certain non-email documents produced in this Investigation does not necessarily have relevant email whose production would be proportional to the needs of the case.  Apple reiterated its October 22 proposal (which Complainants had appeared to overlook) that the parties identify ten potential custodians whose email would be searched, and then produce email from three of those custodians.  Complainants rejected this suggestion without further consideration, and prematurely declared that the parties would be at impasse if Apple did not agree to 25 custodians per side for email production—notwithstanding the fact that 25 custodians was Complainants' first and only counterproposal to date.

As Apple stated during the October 27 DCM, the parties are not at impasse.  At the very least, Apple is entitled to know which of its employees you have identified as potential email custodians on the basis of Apple's production in this Investigation (and/or any other research you may have conducted), and why you contend they are appropriate email custodians.  We will

Exhibit 26
-56-

WILMERHALE

Kendall Loebbaka
Page 3

make a good faith evaluation of your explanation and respond promptly with our position. Please let us know if this proposal is agreeable to Complainants.

As requested on the DCM, we would further appreciate an explanation from Complainants as to why they believe such a large number of email custodians is proportional to the needs of the Investigation, which involves a narrow set of issues.

Best regards,

*Jonathan A. Cox*

Jonathan A. Cox

Exhibit 26
-57-