JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING,
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION**<br><br>**Hearing**<br><br>Date: February 7, 2022<br>Time: 1:30pm<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Pursuant to Local Rule 56-1, Defendant Apple Inc. ("Apple") respectfully submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of Apple's Motion For Partial Summary Judgment.

I.   STATEMENT OF UNCONTROVERTED FACTS

| No. | Fact | Evidence |
| --- | --- | --- |
| 1. | Dr. Michael O'Reilly is Plaintiff Masimo Corporation's ("Masimo") former employee and Dr. Marcelo Lamego is Plaintiff Cercacor Laboratories, Inc.'s ("Cercacor") former employee. | Fourth Amended Compl. ("4AC"), Dkt. 296-1, ¶¶ 20-24. |
| 2. | O'Reilly began working at Apple in July 2013. | 4AC ¶ 20. |
| 3. | Lamego began working at Apple in January 2014. | 4AC ¶ 23. |
| 4. | Plaintiff Cercacor sent Apple a letter on January 24, 2014 stating that "Apple had been targeting Masimo and Cercacor" employees for hiring, including after "Cercacor's owners" indicated "they had no current desire to sell." | 4AC ¶ 23; Andrea Decl. Ex. 1 ("January 2014 Letter") at 1. |
| 5. | The January 24, 2014 letter stated that Apple hired Lamego "to design and develop products that are likely the same as the products that he was responsible for developing for [Plaintiff] Cercacor." | January 2014 Letter at 1. |
| 6. | The January 24, 2014 letter stated "Lamego learned, and personally conceived, a large | January 2014 Letter at 1. |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE        1        CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | number of very valuable trade secrets while he was at [Plaintiff] Masimo, and he continued to use and improve those trade secrets under license from Masimo when Cercacor was spun off from Masimo." | |
| 7. | The January 24, 2014 letter stated Apple should refrain from assigning Lamego to work on "healthcare technology, including mobile health applications and the measurement of physiological information." | January 2014 Letter at 2. |
| 8. | The January 24, 2014 letter stated that employing either O'Reilly or Lamego to work on "mobile health device[] projects" would be taken as a sign that "Apple is attempting to gain access to, or at least the benefit of, [Plaintiffs'] trade secrets." | January 2014 Letter at 2. |
| 9. | The January 24, 2014 letter attached a confidentiality agreement that Lamego had signed when he was an employee of Plaintiff Cercacor. | January 2014 Letter at 3-4. |
| 10. | The confidentiality agreement attached to the January 24, 2014 letter stated: "I agree that [working for a competitor of Plaintiff Cercacor] would necessarily involve the use or disclosure of Masimo['s] … trade secrets and proprietary … information." | January 2014 Letter at 2, 4. |
| 11. | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮ |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE      2      CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | ███████████████████████ ████████ | ████████████████████ █████ |
| 12. | ███████████████████████ ███████████████████████████ █████████████████ █████████████████ ██████████████ | ████████████████████ █████ |
| 13. | Apple continued to develop and improve its healthcare technologies after receiving the January 24, 2014 letter. | 4AC ¶ 25; Andrea Decl. Ex. 3. |
| 14. | On March 9, 2015, Apple publicly announced ResearchKit. | Andrea Decl. Ex. 3. |
| 15. | Apple's announcement of ResearchKit described it as "an open source software framework designed for medical and health research, helping doctors and scientists gather data more frequently and more accurately from participants using iPhone® apps." | Andrea Decl. Ex. 3. |
| 16. | Numerous media outlets covered Apple's ResearchKit announcement. | Andrea Decl. Exs. 4, 5, 6, 7, 8. |
| 17. | Numerous media outlets, including *USA Today*, the *Chicago Tribune*, *The New York Times*, and *The Wall Street Journal*, reported that O'Reilly had attended a December 2013 meeting with the FDA on Apple's behalf regarding "mobile medical applications." | Andrea Decl. Exs. 9, 10, 11, 12. |
| 18. | ████████████████████████ | ██████████████ |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE    3    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | ███████████████ ███████████████ ███████████████ ██ | |
| 19. | On March 3, 2016, the U.S. Patent Office published a patent application for healthcare technology that listed an August 28, 2014 priority date. | Andrea Decl. Ex. 15 ('726 publication) at 1. |
| 20. | The March 3, 2016 Patent Application's identifier is Pub. No. 2016/0061726. | '726 publication at 1. |
| 21. | The '726 publication names Apple as the applicant and Lamego as a co-inventor. | '726 publication at 1. |
| 22. | The '726 publication describes "optical sensing systems configured to provide functionality such as fitness or health tracking or physiological date collection." | '726 publication ¶ 29. |
| 23. | The '726 publication also explains how the disclosed system could be used as a "medical diagnostic tool … that can be placed against a patient's skin in order to obtain physiological characteristics of said patient." | '726 publication ¶ 29. |
| 24. | The '726 publication includes a "smart watch" embodiment, which can obtain "certain physiological data about the user such as heart rate, respiration rate, blood oxygenation, blood pressure, and so on." | '726 publication ¶¶ 5-6. |
| 25. | On May 6, 2014, the *Chicago Tribune* | Andrea Decl. Ex. 10. |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE   4   CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | | |
|---|---|---|---|
| | | published an article entitled "Apple on medical tech hiring spree, a possible hint of iWatch plans." | |
| | 26. | The *Chicago Tribune* article quoted Plaintiffs' CEO Joseph Kiani as stating that Apple had "recruited" his former employees "with access to deep wells of [Plaintiffs'] trade secrets and information" and that Apple was "just buying people." | Andrea Decl. Ex. 10 at 6. |
| | 27. | The *Chicago Tribune* article specifically named O'Reilly and Lamego as employees who had been "poached" from Plaintiffs. | Andrea Decl. Ex. 10 at 5. |
| | 28. | ████████████████████████████████████████ | ████████████ |
| | 29. | In April 2015, Paul Jansen—a Masimo executive—sent O'Reilly an email highlighting a recent news article about the Apple Watch. | Andrea Decl. Ex. 18 at 1. |
| | 30. | Jansen's April 2015 email stated that the article's reference to potential "pulse oximetry functionality" in the Apple Watch has "caught | Andrea Decl. Ex. 18 at 1. |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE     5     CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | [his] eye" and that "I'm sure these reports are always 100% accurate :)" | |
| 31. | Lamego ultimately left Apple to form his own company, named True Wearables. | Andrea Decl. Ex. 19 at 2. |
| 32. | [redacted] | [redacted] |
| 33. | [redacted] | [redacted] |
| 34. | [redacted] | [redacted] |
| 35. | [redacted] | [redacted] |
| 36. | [redacted] | [redacted] |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE     6     CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| 37. | ███████████████ | ███████████████ |
| 38. | Plaintiffs filed suit against Apple for trade secret misappropriation on January 9, 2020. | Original Complaint, Dkt. 1. |
| 39. | Plaintiffs did not take any legal action against Apple prior to January 9, 2020. | 4AC ¶ 262 |
| 40. | Plaintiffs allege that O'Reilly and Lamego breached their confidentiality agreements by disclosing Plaintiffs' alleged trade secrets to Apple. | 4AC ¶¶ 228, 230, 232. |
| 41. | ███████████████ | ███████████████ |
| 42. | Plaintiffs' complaint relies in part on Apple patent filings, including U.S. Patent No. 9,952,095 ('095 patent). | 4AC ¶ 263; Andrea Decl. Ex. 22 ('095 Patent). |
| 43. | The '095 patent and the '726 publication both relate to light emitter technology used for health monitoring to increase reliability of biological readings. | '095 Patent 2:3-34; '726 Publication ¶¶ 5-9. |
| 44. | Several figures in the '726 publication are | '095 Patent fig. 1a-2b; |

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE     7     CASE NO. 8:20-cv-00048-JVS (JDEx)

| | identical or nearly identical to the figures in the '095 patent. | '726 Publication fig. 1a-2b. |
|---|---|---|
| 45. | The '726 publication and '095 share identical or nearly identical written description text. | The similar passages for each document are highlighted in the exhibit copy. *Compare, e.g.*, '095 Patent 5:47-6:63 *with* '726 Publication ¶¶ 51-57. |
| 46. | Plaintiffs were aware of Lamego's purported misappropriation by January 4, 2016. | Andrea Decl. Ex. 19 at 19. |

## II.     PROPOSED CONCLUSIONS OF LAW

1. Under the California Uniform Trade Secret Act, a plaintiff must file suit within three years after it discovered or reasonably could have discovered defendant's purported misappropriation. Cal. Civ. Code § 3426.6; *see also, e.g.*, *MGA Entm't, Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554, 564 (2019).

2. "[T]he standard for accrual of the statute of limitations … is *not* the receipt of documentary evidence of misappropriation," *MGA Entm't*, 41 Cal. App. 5th at 563-564. Rather, the statute of limitations begins to run when the plaintiff has at least constructive notice of the misappropriation. *See E-FAB, Inc. v. Accts. Inc. Servs.*, 153 Cal. App. 4th 1308, 1318-1319 (2007).

3. One form of constructive notice is inquiry notice. Once the plaintiff has enough information to have a reason to suspect that it has been injured, it is on inquiry notice. *E-FAB*, 153 Cal. App. at 1318-1319; *see, e.g.*, *Fulfillium v. ReShape Med. LLC*, 2018 WL 11354522, at *5 (C.D. Cal. Nov. 6, 2018); *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1102 (C.D. Cal. 2016); *Gabriel Techs. Corp. v. Qualcomm Inc.*, 857 F.

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE        8        CASE NO. 8:20-cv-00048-JVS (JDEx)

Supp. 2d 997, 1003 (S.D. Cal 2012).

4. While Plaintiffs have alleged that they did not have a reason to suspect Apple's purported misappropriation prior to January 10, 2017—i.e., three years before this suit was filed—the undisputed evidence shows otherwise.

5. Specifically, (1) Plaintiffs informed Apple that if it employed O'Reilly and Lamego to work on healthcare technology, the two would necessarily use or disclose Plaintiffs' trade secrets, (2) Apple openly employed O'Reilly and Lamego to work on healthcare technology, and (3) ███████████████████████████████████████████████████████████████████████████████████████████████████████

6. Because Apple has met its initial burden of demonstrating that Plaintiffs' claims are time barred, "the burden [now] shifts to … the non-moving party to establish that there is sufficient evidence in the record from which a reasonable trier of fact could conclude that Plaintiffs' claims are not time barred" or that "an equitable exception" to the statute of limitations applies. *Wolf*, 167 F. Supp. 3d at 1091-1092.

7. In light of the undisputed facts discussed above, Plaintiffs can make neither showing.

8. Accordingly, their trade secrets claim is barred by the statute of limitations as a matter of law.

Dated:  December 7, 2021        Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

MARK D. SELWYN
WILMER CUTLER PICKERING

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE    9    CASE NO. 8:20-cv-00048-JVS (JDEx)

HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
　　　Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

SUF ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE           10           CASE NO. 8:20-cv-00048-JVS (JDEx)