1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502

8  Adam B. Powell (Bar. No. 272725)
9  adam.powell@knobbe.com
   Daniel P. Hughes (Bar No. 299695)
10 daniel.hughes@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
11 3579 Valley Centre Drive
   San Diego, CA 92130
12 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

13 [Counsel appearance continues on next page]

14 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.
15

16              **IN THE UNITED STATES DISTRICT COURT**

17            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18                        **SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Opposition to Apple Inc.'s Motion for Partial Summary Judgement on the Thirteenth Cause of Action for Trade Secret Misappropriation, or to Bifurcate Trial in the Alternative.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210.

## II. ARGUMENT

The documents that Masimo seeks to seal contain information that one or both of the parties consider confidential.

Exhibits A, B, M, W, and Y contain or describe Masimo's confidential communications with Apple. Declaration of Adam B. Powell ¶ 4. Masimo understands both parties consider such discussions between them confidential and that they would be harmed by the disclosure of such business dealings. *Id.* Similarly Exhibits F, G, I, and J contain and describe Masimo's confidential communications with its former employees Dr. Marcelo Lamego and Dr. Michael O'Reilly, who were employed by Apple. *Id.* Masimo would be harmed if its competitors had access to such internal

-1-

information. *Id.* Exhibit G also contains personal information that Masimo believes Dr. O'Reilly would consider confidential. *Id.* Exhibit X is a brief that Apple filed before the Special Master and that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order. *Id.* Exhibit X discusses various other material that was designated pursuant to the Protective Order in this case. *Id.*

The Declaration of Joe Kiani discusses some of the aforementioned Exhibits, facts underlying those Exhibits, and additional information that Masimo considers confidential. *Id.* ¶ 5. Masimo would be harmed if its competitors had access to such internal information. *Id.* Masimo requests the Court seal the Declaration of Joe Kiani for the same reasons discussed above.

Exhibits D, H, I-M, S-W, and BB are documents that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order. *Id.* ¶ 6. Masimo requests the Court seal these documents based on Apple's designations.

The proposed redacted portions of the Opposition and the supporting Statement of Genuine Disputes of Material Fact discuss the aforementioned Exhibits, Declaration of Joe Kiani, or previously sealed portions of Apple's Motion For Summary Judgment or its supporting Exhibits. *Id.* ¶ 7. Masimo requests the Court seal these portions of the Opposition and the supporting Statement of Genuine Disputes of Material Fact for the same reasons discussed above.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the confidential information discussed above. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this*

case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal (1) portions of the Opposition; (2) portions of the supporting Statement of Genuine Disputes of Material Fact; (3) the Declaration of Joe Kiani; and (4) Exhibits A, B, D, F-M, S-Y, and BB to the Declaration of Adam B. Powell.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 4, 2022

By: /s/ Adam B. Powell
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories

54855593