Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date:  February 7, 2022<br>Time:  10:00 a.m.<br>Ctrm:  6A<br><br>Discovery Cut-Off:  3/7/2022<br>Pre-Trial Conference:  11/21/2022<br>Trial:  12/6/2022 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. STATEMENT OF FACTS ....................................................................... 1

    A. Masimo Diligently Pursued Discovery Before The June 2021 Order ............................................................................................... 2

    B. Masimo Diligently Pursued Discovery After The June 2021 Order ............................................................................................... 2

        1. Masimo Diligently Pursued Email ESI Discovery ............... 3

        2. Masimo Diligently Pursued Non-Email ESI Discovery ....... 3

        3. Masimo Diligently Pursued ESI Discovery From Tim Cook ....................................................................................... 4

        4. Masimo Diligently Pursued Documents That Apple's Destroyed ............................................................................... 5

        5. Masimo Diligently Pursued Its Document Requests ............ 5

        6. Masimo Diligently Complied With Its Own Discovery Obligations ............................................................................ 7

    C. Apple Refused To Meet And Confer On This Motion For Weeks ............................................................................................. 7

III. ARGUMENT ............................................................................................ 8

    A. Masimo Acted Diligently In Pursuing Discovery From Apple ...... 8

    B. The Parties Cannot Complete Discovery Under The Current Schedule ........................................................................................ 10

        1. Significant Document Discovery Remains ........................ 10

        2. The Parties Need Time To Resolve Many Discovery Disputes ............................................................................... 12

        3. The Parties Have Not Taken Any Substantive Depositions .......................................................................... 14

    C. Masimo's Proposed Schedule Is Appropriate .............................. 14

IV. CONCLUSION ...................................................................................... 16

# TABLE OF AUTHORITIES

Page No(s).

*Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*,
  2009 WL 800209 (D. Idaho Mar. 24, 2009).................................................11

*In re Certain Light-Based Physiological Measurement Devices and Components Thereof*,
  Investigation 337-TA-1276 ..................................................................12, 15

*Emblaze Ltd. v. Apple Inc.*,
  No. 5:11-cv-01079-PSG, Dkt. 248 (N.D. Cal. Sept. 12, 2013)....................12

*Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*,
  2020 WL 7094074 (C.D. Cal. July 30, 2020) .........................................10, 14

*Guifu Li v. A Perfect Day Franchise, Inc.*,
  281 F.R.D. 373 (N.D. Cal. 2012) ................................................................15

*Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*,
  Case No. 2:19-cv-07748-CAS(PLAx), Dkt. No. 104
  (C.D. Cal. May 22, 2020) .............................................................................9

*Hunt v. County of Orange*,
  672 F.3d 606 (9th Cir. 2012) ........................................................................8

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ........................................................................8

*Limon v. Circle K Stores Inc.*,
  2020 WL 1503448 (E.D. Cal. Mar. 30, 2020).......................................8, 9, 14

*Magnolia Med. Tech., Inc. v. Kurin, Inc.*,
  No. 19-cv-00097, Dkt. 194 (D. Del. Oct. 6, 2020).......................................11

*Romo v. Costco Wholesale Corp.*,
  2020 WL 1624589 (S.D. Cal. Apr. 2, 2020) ..................................................9

*Sung Gon Kang v. Credit Bureau Connection, Inc.*,
  2020 WL 1689708 (E.D. Cal. Apr. 7, 2020) ...........................................9, 14

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
  No. 03-01329 WBS EFB, Dkt. 316 (E.D. Cal. Oct. 26 2010) ....................14

*WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
  No. 17-cv-01118, Dkt. 140 (S.D. Cal. June 12, 2018)................................11

# TABLE OF AUTHORITIES
## (*Cont'd*)

Page No(s).

## OTHER AUTHORITIES

28 U.S.C. § 1927 ................................................................................................. 2

Fed. R. Civ. P. 16 ............................................................................................... 8

Local Rule 7-3 .................................................................................................... 8

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") respectfully move to modify the Scheduling Order.

## I. INTRODUCTION

The Parties have made material progress in discovery, but much still remains. Masimo submits the remaining discovery will require eight months beyond the time provided in the current schedule.

Obtaining discovery has proven to be a long, arduous, and very expensive task. Early in this case, Masimo had to file numerous motions and this Court had to threaten Apple with contempt before Apple produced "core technical documents" required by the scheduling order. More recently, Masimo wrote to Apple *eighty-eight* times, met with Apple *nine* times, and briefed *three* motions on the contours of email ESI discovery. Masimo has engaged in similar efforts on countless other disputes. In total, Masimo has written to Apple hundreds of times, met with Apple dozens of times, and moved to compel fourteen times. Masimo's efforts have taken tens-of-thousands of attorney hours and cost millions of dollars. Masimo has been more than diligent.

Unfortunately, substantial discovery remains. The parties have yet to take a single substantive deposition, and each side intends to take at least twenty. Before those depositions can begin, the parties need to finish producing their own documents and reviewing each other's documents. Apple produced 1.4 million pages of documents (about 80% of its total production) around Thanksgiving. Masimo is dedicating significant resources to reviewing those documents, but it will take time to finish. Apple is also still actively producing documents, including documents the Special Master ordered Apple to produce by various dates in January 2022. The parties also have many remaining discovery disputes and will likely have additional disputes as discovery continues. The parties need eight months to finish discovery.

## II. STATEMENT OF FACTS

Masimo asserts claims for infringement of twelve patents, misappropriation of dozens of trade secrets, and correction of inventorship/ownership of eight Apple

patents/patent applications. Dkt. 296-1. The initial scheduling order called for the close of fact discovery in July 2021. Dkt. 33 at 24-26; Dkt. 37. In May 2021, the parties agreed the initial schedule was untenable but disagreed as to the length of an appropriate extension. Dkt. 383 (Masimo requesting discovery be extended until August 2022); Dkt. 385-3 (Apple requesting the deadline to conduct depositions be extended until August 2021). The Court adopted an intermediate schedule that called for the close of fact discovery in March 2022. Dkt. 468 (the "June 2021 Order") at 5-6.

### A. Masimo Diligently Pursued Discovery Before The June 2021 Order

Early in the case, Masimo diligently pursued patent discovery to meet the patent-specific deadlines in the scheduling order until the Court stayed the patent claims in October 2020. *See* Dkt. 384 at 2-3 (and evidence cited therein). Among other things, Masimo wrote to Apple more than twenty times and briefed seven motions attempting to obtain Apple's "core technical documents" as required by the schedule. The Court eventually admonished Apple: "This issue has been litigated multiple times, and Apple has not prevailed. Now is the time for Apple to Act: The Court expects prompt and full compliance." Dkt. 92 (threatening "contempt or sanctions under 28 U.S.C. § 1927").

When the Court stayed the patent claims in October 2020, Masimo continued to diligently pursue trade-secret and patent-ownership discovery. Dkt. 384 at 3-5. Apple challenged Masimo's trade secret pleadings for over a year and refused to provide discovery while it challenged Masimo's trade secret disclosure. *Id.* The Court confirmed the disclosure was sufficient, but Apple still refused to participate in discovery. *Id.* at 3-5. It took six months, 31 letters, four meet and confers, and three motions to obtain agreement on a reasonable number of ESI custodians. *Id.* Masimo was similarly diligent in pursuing other discovery before the June 2021 Order. *Id.* at 6.

### B. Masimo Diligently Pursued Discovery After The June 2021 Order

Since the June 2021 Order, Masimo continued to diligently pursue discovery. Masimo wrote to Apple hundreds of times, met with Apple dozens of times, and filed eight discovery motions. Some of the larger tasks are described in more detail below.

### 1. **Masimo Diligently Pursued Email ESI Discovery**

When the Court issued the June 2021 Order, Masimo had obtained an order requiring Apple to search up to 39 custodians, but the parties were still negotiating search terms. That process continued for months, with the parties finally agreeing to search terms on September 8. Ex. 3 at 5.[1] On September 28, the parties agreed to substantially complete production of email ESI discovery that hit on those terms by November 19, 2021. Ex. 3 at 3. Not counting the Tim Cook dispute discussed below, Masimo wrote to Apple eighty-eight times, met and conferred with Apple nine times, and briefed three motions, just to obtain agreement on the contours of email ESI discovery. Powell Decl. ¶ 3(a).

### 2. **Masimo Diligently Pursued Non-Email ESI Discovery**

In June 2021, Judge Early confirmed that ESI discovery includes both email ***and*** non-email communications. Ex. 28 at 11:16-21. From July through September of 2021, Masimo wrote to Apple ten times and met with Apple twice about non-email ESI searching. Powell Decl. ¶ 3(b). Apple agreed to search some non-email communications, but refused to use search terms. Ex. 8. Apple instead reviewed only non-email ESI communications that each ESI custodian identified. *Id.* at 4.

Masimo moved to compel on October 12, 2021. The Tentative Order would have required Apple to (1) provide a declaration about its searching by December 10 and (2) conduct additional searches by December 27, but Apple obtained extensions for both deadlines. *See* Dkt. 539 at 15-16 (setting deadlines as December 27 and January 14). ███████████████████████████████████████████████████████████████ Thus, Apple will be producing material non-email ESI discovery, and the parties will likely have additional motion practice in view of the Apple declaration.

---

[1] Unless noted otherwise, all exhibits are attached to the Declaration of Adam B. Powell, submitted herewith. Unless noted otherwise, all emphasis in quotations is added.

### 3. **Masimo Diligently Pursued ESI Discovery From Tim Cook**

Masimo spent months compelling Apple to produce discovery from Apple's CEO, Tim Cook. Masimo wrote to Apple twenty-eight times, met with Apple three times, and moved to compel. Powell Decl. ¶ 3(c); Dkt. 410. Judge Early denied the motion by relying on Apple's representation that "Tim Cook, Apple's CEO, is not likely to have discoverable information relevant to any parties' claims or defenses." Ex. 28 at 5:12-14 (punctuation omitted). Judge Early explained he was relying on the representation and warned of "severe repercussions" if it was false. *Id.* at 5:17-6:10, 9:15-25, 13:14-17.

An email (later made public in *Masimo v. True Wearables*)[2] proved Apple's representation was false. In the email, Marcelo Lamego (Cercacor's then CTO) wrote to Cook at 1:00 a.m. on October 2, 2013. Ex. 29 at 36. Lamego referenced Apple's prior offer for him to "join the executive technical team." *Id.* Lamego told Cook he believed Apple could solve two aspects of patient monitoring on its own, but needed his help to solve the "patient equation." *Id.* Lamego explained that was the "deceptive part" because it is "easy to develop" medical products for most users, but "extremely more complex" to do so for all users. *Id.* In exchange for an executive position at Apple, Lamego offered to help Apple solve these issues, referencing his "10 years" at Masimo and Cercacor. *Id.* at 36-37. By 10:30 a.m. that morning, Apple's Director of Recruiting responded "I saw your note to Tim Cook" and immediately referred Lamego to Apple's executive recruiting team. *Id.* at 38. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Apple hired him anyway.

After obtaining this evidence, Masimo wrote to Apple, met with Apple again, and moved for reconsideration. Powell Decl. ¶ 3(c); Dkt. 471. At the hearing, Apple initially

---

[2] Apple moved to quash a subpoena Masimo issued on Apple in *Masimo v. True Wearables*. Masimo's portion of the joint stipulation discussed the email, which Lamego designated as "confidential" in that case, thereby preventing Masimo from using it here. Ex. 36 at 15:12-24. At the *True Wearables* hearing, Judge Early found the email was not confidential and ordered Apple to file it publicly. *Id.* at 17:14-18.

1  argued the email was not relevant, but Judge Early strongly disagreed. Ex. 30 at 12:5-
2  32:23; *id.* 29:11-13 ("Did you lie to me?"); *id.* at 31:7-8 ("how am I supposed to trust
3  anything you say now?"). The Court granted Masimo's motion. Dkt. 471, 502. ▆
4  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
5  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Masimo is meeting with Apple about this
6  production and expects additional motion practice. *See id.*

### 4. Masimo Diligently Pursued Documents That Apple's Destroyed

Masimo spent nearly a year (and counting) pursuing discovery regarding Apple's deletion of evidence. In February 2021—more than one year after Masimo filed this case—▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Before the June 2021 Order, Masimo diligently attempted to learn what happened and whether the documents could be recovered. Ex. 1 at 12-14, 38; Ex. 2 at 4; Ex. 4 at 3-4. Judge Early allowed a corporate deposition on this issue (Dkt. 452), which Apple set for weeks later in August 2021.

Because Apple's witness was not prepared, Masimo wrote to Apple six times, met with Apple again, and moved to compel. Powell Decl. ¶ 3(d). The Special Master granted Masimo's motion by ordering Apple to provide more information by declaration and submit to another deposition. Dkt. 538 at 12. Apple requested and obtained an extension of time and finally provided a declaration on December 30. Exs. 11, 39. Masimo will address the declaration at the deposition soon. *See* Dkt. 538 at 12-14.

### 5. Masimo Diligently Pursued Its Document Requests

Masimo agreed to produce documents for most of Apple's requests. By contrast, Apple agreed to provide documents for only about one third of Masimo's requests. As a result, Masimo spent months pursuing its requests through motions to compel.

First, Masimo sought information about unreleased products. Masimo wrote to Apple seven times, met with Apple three times, and moved to compel. Powell Decl. ¶ 3(e). The Special Master granted Masimo's motion on October 6 and ordered Apple

to produce responsive documents by October 27. Dkt. 504. Apple then requested and obtained an extension that provided *seven weeks* to produce documents, over Masimo's objection that Apple's extensions were putting the schedule in jeopardy. Ex. 6 at 7. Apple produced documents, but refused to make products available for inspection as ordered by the Special Master. Powell Decl. ¶ 3(e). Thus, Masimo wrote to Apple seven more times, met with Apple again, and may need to move to enforce the order. *Id.*

Second, Masimo sought information about the importance of certain features in the Apple Watch. Masimo wrote to Apple six times, met with Apple four times, and moved to compel. Powell Decl. ¶ 3(f). The Special Master issued a Tentative Order in Masimo's favor. At the hearing, Apple again asked for an extension of several weeks that again gave Apple *seven weeks* to produce documents. Ex. 5 at 57:10-58:6. Masimo again explained "the cumulative effect of these extensions" was a problem because Apple requests extensions and then, near the discovery cutoff, argues "it's too late and you can't extend" the overall case schedule. *Id.* at 58:9-59:12. Apple admitted it would oppose modifying the schedule, but wanted its lengthy extension anyway. *Id.* at 59:13-60:11. The Special Master found Masimo's concerns were "duly noted," but granted the extension after explaining this Court is very busy and that a continuance was possible even if the parties did not request it. *Id.* at 60:12-61:6, 62:12-14.

Third, Masimo sought information about documents relevant to Masimo's business and hospital-interaction trade secrets. Masimo wrote to Apple several times, met with Apple again, and moved to compel. Powell Decl. ¶ 3(g). Apple indicated it was available for a hearing on December 17, but then pulled the date after the Special Master accepted it, which delayed the hearing until January 5. Ex. 7. The Special Master issued a tentative that would largely grant the motion and require production by Apple pursuant to a number of requests (Ex. 13), but has not issued a final order.

Fourth, Masimo sought information about former employees and the disputed patents. Masimo wrote to Apple five times, met with Apple two times, and moved to compel. Powell Decl. ¶ 3(h). That motion is pending.

-6-

Fifth, Masimo sought information about Apple's practice of "efficient infringement," whereby Apple infringes on others' intellectual property, reasoning it is more efficient to infringe and litigate than to obtain the rights lawfully. Masimo wrote to Apple three times, met with Apple, and expects to move to compel soon. Powell Decl. ¶ 3(i).

### 6. Masimo Diligently Complied With Its Own Discovery Obligations

Masimo diligently complied with its own discovery obligations. As discussed, the parties agreed on search terms for email ESI on September 28. Ex. 3 at 2. Masimo spent over 14,000 attorney hours ensuring it could substantially complete its email ESI production by the Parties' agreed date of November 19. Powell Decl. ¶ 4. Masimo is also continuing to search for and produce discovery in response to Apple's discovery requests. *Id.* To date, Masimo has produced 2,921,797 pages of documents. *Id.*

### C. Apple Refused To Meet And Confer On This Motion For Weeks

On Monday, December 27, Masimo provided a proposal to modify the schedule and asked to meet and confer. Dkt. 545-2 at 7. On December 29, Apple asked Masimo for a chart of revised dates, which Masimo provided that same day. *Id.* Apple then stated it could not meet that week because Apple was "shutdown" between Christmas and New Years. *Id.*[3] Apple indicated it could meet the week of January 3. *Id.* On January 3, Masimo asked when Apple was available. *Id.* When Apple did not respond, Masimo wrote to Apple again on January 4. *Id.* When Apple still did not respond, Masimo raised the issue after a hearing in this case on January 5. *Id.* ¶ 2. Apple indicated it was still discussing the issue internally. *Id.* Apple responded later that evening by again stating it would meet later that week. *Id.* Masimo contacted Apple two more times on January 6 and 7, but Apple did not respond. *Id.*

---

[3] Apple took a very different position when Masimo was unable to meet over the Thanksgiving holiday. On November 23, Apple demanded Masimo meet on November 24 or 29 (the day before or after the holiday weekend). Ex. 44. When Masimo instead offered to meet just one day later, Apple wrote numerous times over the holiday weekend and on November 29 to accuse Masimo of misconduct. Ex. 23.

-7-

Masimo told Apple by email and voicemail on January 7 that it would apply *ex parte* for relief from Local Rule 7-3 if it did not hear from Apple soon. *Id.* When Apple still did not respond, Masimo filed an *ex parte* application for relief from Local Rule 7-3. Dkt. 545. Apple filed a statement of non-opposition. Dkt. 546. Apple explained it was "working in good faith to respond to Plaintiffs' proposal and expects to be able to respond substantively shortly." *Id.* As of the signing of this Motion, however, Apple has not responded to Masimo's December 27 proposal. Thus, Masimo moves to modify the schedule.

### III. ARGUMENT

A party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Id.* "The Court has broad discretion in granting modifications to the schedule." *Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *8 (E.D. Cal. Mar. 30, 2020) (citing *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)).

#### A.     Masimo Acted Diligently In Pursuing Discovery From Apple

As discussed, Masimo diligently pursued discovery from Apple before the Court's June 2021 Order. *See* Dkt. 384. After the June 2021 Order, extracting discovery from Apple remained a long and arduous task, including for routine issues. For example, Masimo had to write to Apple nine times over two weeks and file an *ex parte* application, but Apple still has not provided its position on the schedule. Ex. 43. In total, Masimo has written to Apple hundreds of times, met with Apple dozens of times, and filed eight discovery motions since June 2021. Those efforts include at least the following:

- **Email ESI Discovery**. It took eleven months, eighty-eight letters, nine meetings, and three motions just to obtain an agreement on the contours of email ESI discovery. *See supra*, Section II.B.1.

- **Non-Email ESI Discovery**. It took six months, seventeen letters, three meetings, and a motion, but Apple still has not yet agreed on the contours of non-email ESI discovery. *See supra*, Section II.B.2.

- **ESI Discovery From Tim Cook**. It took ten months, more than thirty letters, six meetings, and two motions, but Apple's production from Tim Cook remains deficient. *See supra*, Section II.B.3.

- **Apple's Destruction Of Lamego And Nazzaro Documents**. It took eleven months, thirty-two letters, four meetings, and two motions, but the issue is still not resolved. *See supra*, Section II.B.4.

- **Masimo's Document Requests**. Since July 2021, Masimo wrote to Apple at least twenty-five times, attended eight conferences of counsel, and filed four motions to compel. *See supra*, Section II.B.5.

- **Masimo's Discovery Obligations.** Masimo spent over 14,000 attorney hours on email ESI, has now produced almost three million pages of discovery, and will continue producing discovery as soon as possible. *See supra*, Section II.B.6.

Masimo engaged in these efforts without interruption despite explosive demand for Masimo's life-critical pulse oximetry devices during the pandemic. Declaration of Bilal Muhsin at ¶¶ 3-10 ("Muhsin Decl."). Masimo invested significant resources to keep its employees safe and to ensure doctors worldwide could obtain its critical-care devices without an interruption in supply. *Id.* ¶¶ 5-6. The same people leading Masimo's COVID-19 response were also helping Masimo's counsel collect the discovery Apple requested. *Id.* ¶ 10. Courts have found the pandemic alone constitutes "good cause."[4] That is especially true where the movant made devices that were "in

---

[4] *See, e.g.*, *Hope Med. Enters., Inc. v. Fagron Compounding Serv., LLC*, Case No. 2:19-cv-07748-CAS(PLAx), Dkt. No. 104, at 3 (C.D. Cal. May 22, 2020) (attached as Ex. 49) (collecting cases); *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *8 (E.D. Cal. Apr. 7, 2020); *Limon*, 2020 WL 1503448, at *8; *Romo v. Costco Wholesale Corp.*, 2020 WL 1624589, at *1 (S.D. Cal. Apr. 2, 2020).

increased demand as a result of the pandemic." *See Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *1 (C.D. Cal. July 30, 2020) (extending discovery where movant made devices that were "in increased demand as a result of the pandemic"). Masimo's perseverance in meeting its obligations despite the pandemic further demonstrates Masimo's diligence.

**B.    The Parties Cannot Complete Discovery Under The Current Schedule**

While the parties made material progress since the June 2021 Order, significant discovery remains. In October 2020, Apple argued the case was in its early stages because "[t]he parties have neither noticed nor taken a single deposition, and there will be many, including the 10 named inventors." Dkt. 217 at 3. As discussed, the parties have still not taken a single substantive deposition, and each party intends to take at least twenty. Before the depositions can occur, the parties need to finish producing their own documents, finish reviewing each other's documents, and resolve numerous disputes.

**1.    Significant Document Discovery Remains**

In the sixteen months leading up to November of 2021, Apple produced 437,572 pages of documents. Powell Decl. ¶ 5. Apple then produced 1,404,562 documents from November 5-24.[5] *Id.* Masimo's outside counsel engaged as many Knobbe attorneys as possible to review Apple's production, and even has partners reviewing documents. *Id.* However, reviewing an opposing party's production for substance is far more time consuming than screening an outgoing production for privilege and responsiveness. Based on current review rates, Masimo estimates it will complete an initial review of Apple's current production no earlier than the end of April 2022. *Id.* Presumably, Apple also needs time to review Masimo's productions.

---

[5] In its May 24, 2021, motion concerning the schedule, Apple represented to the Court it could "substantially complete document production by June 25, 2021." Dkt. 385-1 at 2. Apple did not produce substantial email ESI until November 2021—five months later—and still has not completed its document production.

-10-

Masimo will also need time to review other documents that Apple is still producing. The Special Master also recently ordered Apple to produce responsive documents by various dates in January. Dkt. 538; Ex. 13 at 2. Apple opposed the motions based on the number of documents it would have to produce. *See, e.g.*, Ex. 24 at 1-3 (arguing Masimo's requests were "wildly disproportionate," sought "large swaths" of information, and "broad and extensive discovery"). Thus, Apple should be producing substantial documents in the coming weeks. Apple is also a far larger company than Masimo and the email ESI search terms hit on 869,200 Apple documents compared to 550,211 Masimo documents. Powell Decl. ¶ 4. Yet Apple has produced 1 million ***fewer*** pages of documents compared to Masimo (about 1.8 million versus 2.9 million). *Id.* Given this apparent discrepancy, Masimo is diligently reviewing Apple's productions to identify potential deficiencies that may need to be resolved.

Apple has also argued that ESI discovery is an "iterative" process that should occur in multiple rounds. Dkt. 332-1 at 8, 10, 16. Thus, Masimo reserved 9 of the permissible 39 custodians so that it could add custodians after obtaining Apple's initial email production. Ex. 3 at 29. Masimo is diligently reviewing Apple's recent productions and plans to identify additional custodians soon. Apple also reserved custodians. The parties will need time to produce documents from those custodians and review each other's productions.

Courts typically grant extensions to accommodate far smaller productions than at issue here. *See, e.g.*, *Magnolia Med. Tech., Inc. v. Kurin, Inc.*, No. 19-cv-00097, Dkt. 194 at 10 (D. Del. Oct. 6, 2020) (attached as Ex. 45) (extending deadlines because a party produced approximately 57,000 documents in the final month for document production); *WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-cv-01118, Dkt. 140 at 1 (S.D. Cal. June 12, 2018) (attached as Ex. 46) (extending expert discovery where plaintiff would be producing documents that Defendants needed to review "prior to conducting various depositions and discussions with their experts"); *see also Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*, 2009 WL 800209, at *3-4 (D.

Idaho Mar. 24, 2009) (reopening and extending discovery where plaintiff did not recognize the importance of one document produced in discovery). Indeed, Apple itself has obtained such extensions. *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, Dkt. 248 at 4-5 (N.D. Cal. Sept. 12, 2013) (attached as Ex. 47).

### 2. The Parties Need Time To Resolve Many Discovery Disputes

The parties also have many discovery disputes to resolve. One motion to compel on Masimo's document requests is pending and additional disputes on document requests will be briefed soon. Powell Decl. ¶¶ 3(h)-(i). On non-email ESI, the Special Master ordered Apple to provide more information and ordered the parties to meet and confer on additional searches. Dkt. 538 at 15-16. Masimo met with Apple and wrote to Apple, but the parties still have disputes. Ex. 14. The Special Master also ordered Apple to provide more information about ████████████████████████████████████ ██████ Dkt. 538 at 12-14.

The parties also have an outstanding dispute on cross-use of discovery between this case and a related ITC action between Masimo and Apple, *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, Investigation 337-TA-1276 (the "ITC Case"). The ITC Case involves the same parties (Masimo, Cercacor, and Apple) and similar technology (pulse rate and oxygen saturation technology). However, Apple opposed Masimo's request to reduce document production burden by allowing for cross-use of documents already produced in this case. Dkt. 511. Judge Early ordered the parties to meet and confer on specific categories. Dkt. 515. To facilitate those discussions, Masimo asked Apple to identify the documents it produced in both cases on November 24. Ex. 25. Apple provided the requested information on December 23. Ex. 26. The history of this case indicates further disputes on that issue are likely. Even if some common ground is reached, the parties have already needlessly had to duplicate efforts.

The Special Master process for resolving disputes is quicker and more efficient than the process provided by the Local Rules, but it can still take months to complete.

When Masimo requests a meet and confer, Apple typically waits the maximum amount of time (5 business days) before agreeing to talk to Masimo. *See, e.g.*, Exs. 9, 37-38. During the meet and confer, Apple often states it needs more time to formulate its position. *See, e.g.*, Ex. 10. When Masimo is finally able to move to compel, Apple demands a hearing on every motion, has had limited availability for hearings, and has changed its availability after the Special Master confirms a date. *See, e.g.*, Exs. 7, 32. After Masimo prevails, Apple has obtained lengthy extensions over Masimo's objections that the extensions were putting the schedule at risk. *See, e.g.*, Ex. 5 at 58:9-59:12-16, 66:6-21, 68:11-13.

Apple also recently raised many disputes. Apple did not file a single motion from June 2021 through most of November 2021, but then raised a barrage of disputes around the holidays and immediately after producing 1.4 million pages from November 5-24. On November 23, Apple asked to meet and confer on an early motion for summary judgment. Ex. 40. On November 29, Apple moved to compel on contention interrogatories. Ex. 15. On November 30, Apple asked to modify the protective order to clear an expert without the required disclosures. Ex. 16. On December 2, Apple disputed Masimo's document production format that Masimo has been using since May *2020*. Ex. 41. On December 7, Apple filed its motion for summary judgment. Dkt. 522. On December 13, Apple revived a subpoena that it issued on Knobbe Martens seven months ago. Ex. 17. On December 16, Apple revived a dispute on document requests that the parties discussed seven months ago. Ex. 42. On December 14, Apple raised a second dispute on other document requests. Ex. 18. On December 17, Apple raised a third dispute on document requests. Ex. 19. On December 23, Apple filed another motion to compel on contention interrogatories.[6] Ex. 20. On December 30, Apple raised

---

[6] Apple also asked for extensions on various issues at 8pm that evening, demanding a response on Christmas Eve. Exs. 31, 33. When Masimo had not responded by noon on Christmas Eve, Apple wrote to the Special Master, which necessitated several emails from Masimo and the Special Master over the Christmas weekend. Exs. 34-35.

a fourth dispute on document requests. Ex. 21. All of these disputes will take time to resolve and divert resources from document review.

In other cases, this Court has extended discovery to facilitate resolution of the parties' disputes. *See Fisher and Paykel Healthcare*, 2020 WL 7094074, at *2 (extending where the "record reveals that discovery has been extensive and contentious in this matter"). Other courts extend discovery to "give Defendant sufficient time to produce the requested information, and to give Plaintiff sufficient time to conduct any further discovery necessary." *Sung Gon Kang*, 2020 WL 1689708, at *8; *see also Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 03-01329 WBS EFB, Dkt. 316 at 3 (E.D. Cal. Oct. 26 2010) (attached as Ex. 48) (extending discovery by seven months); *Limon*, 2020 WL 1503448, at *8.

### 3. The Parties Have Not Taken Any Substantive Depositions

The parties also need time to take substantive depositions. To date, the parties have conducted only non-substantive depositions about document collection. Both sides intend to take at least 20 substantive depositions. Powell Decl. ¶ 6. Masimo and Apple appear to agree that depositions should not proceed until after the parties disputes are resolved and the parties have had time to review each other's document production.

### C. Masimo's Proposed Schedule Is Appropriate

Masimo was hopeful that it could complete discovery in the time provided by the prior extension, but the schedule is untenable. Based on the parties' progress to date, Masimo respectfully submits that another eight months are necessary for both parties to have a fair chance to complete discovery.

Masimo optimistically estimates it will finish an initial review of Apple's current production no earlier than the end of April 2022. Powell Decl. ¶ 5. Masimo expects Apple will need time to review Masimo's larger document production. Masimo will also need time to review other documents that Apple is still producing, including documents Apple will be producing in response to the Special Master's orders. *See* Dkt. 539; Ex. 13. The parties have also had many disputes, including on seemingly basic

-14-

issues. Indeed, it has been two full weeks and Apple ***still*** has not provided its position on the schedule. Nothing suggests Apple will suddenly change course and begin working with Masimo to streamline this case. Apple instead appears intent on running out the clock to evade its discovery obligations. In similar circumstances, courts have expressed "significant concerns regarding Defendants' tactics, and the ability of Plaintiffs to fairly prosecute this action." *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 387 (N.D. Cal. 2012) (imposing issue sanctions where fact discovery closed before defendant produced documents it had been compelled to produce).

Recent developments in the pandemic also suggest additional disruptions are inevitable. California is averaging 75,000 new COVID cases per day—far outpacing the 40,000-45,000 cases per day average during the worst surge in December 2020 and January 2021. Ex. 50. As the Omicron variant works its way through the population, depositions and other events may be delayed if witnesses or counsel test positive at inopportune times or are forced by local orders to quarantine. *See e.g.*, Muhsin Decl. ¶ 10. Witness availability will also be constrained by depositions in the ITC Case, as well as the March 15 trial in *True Wearables*. Apple designated *True Wearables* as a "related" case (Dkt. 14), and is closely coordinating with Lamego and True Wearables pursuant to a common interest agreement. Ex. 22 at 1.

Accordingly, the parties will need until July 2022 to complete document production and review of each other's documents. The parties can then conduct depositions over the next three months—the amount of time this Court found appropriate for depositions (Dkt. 468 at 4)—before discovery closes in early November 2022.[7]

Masimo recognizes its suggested extension would postpone trial. As the plaintiff, Masimo does not make this request lightly. However, the modified schedule is

---

[7] Masimo proposed a minimum five-month extension to Apple if the parties were able to reach an agreement because they could later seek more time if necessary. *See* Ex. 43 at 4-5. Masimo reserved the right to propose a different schedule if it had to file a contested motion. *Id* at 5. Masimo thus seeks a realistic schedule in the hope that the parties will not have to return to the Court again to modify the schedule.

warranted in view of how much discovery remains and Masimo's diligent efforts throughout this case. Masimo is determined to obtain adequate discovery so that the parties can have a fair trial on the merits.

## IV.  CONCLUSION

The parties have made material progress on discovery since the Court's June 2021 Order. Unfortunately, and despite Masimo's diligence, the parties still have much to do. Accordingly, Masimo respectfully requests the Court modify the schedule as provided in the Proposed Order.[8]

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 10, 2022            By: /s/ Adam B. Powell
　　　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　MASIMO CORPORATION and
　　　　　　　　　　　　　　　　　　CERCACOR LABORATORIES, INC.

54829422

---

[8] The June 2021 Order did not mention the "Last day to conduct private ADR." *Compare* Dkt. 37 (original schedule) *with* Dkt. 468 (June 2021 Order). Masimo's Proposed Order sets that deadline for six days prior to the close of expert discovery (the same timing as the original schedule). *See* Dkt. 37.

-16-