Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>APPLE INC., a California corporation<br><br>　　　　Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date:　　February 7, 2022<br>Time:　　10:00 a.m.<br>Ctrm:　　6A<br><br>Discovery Cut-Off:　　3/7/2022<br>Pre-Trial Conference:　11/21/2022<br>Trial:　　12/6/2022 |

I, Adam B. Powell, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto. I submit this Declaration in Support of Masimo's Motion for to Modify the Scheduling Order (the "Motion").

2. Masimo made a good faith effort to meet and confer with Apple about the substance of the Motion. On December 27, 2021, I asked Apple to meet and confer to discuss the schedule and, if necessary, a motion to adjust the schedule. On December 29, Apple asked for the specific changes to the schedule, which I provided that day. Apple responded that it could not meet that week, but committed to meet with Masimo sometime the week of January 3. I then wrote to Apple on December 30, January 3, January 4, January 6, and January 7 asking Apple to provide its position and availability to meet and confer. I also raised the issue with Ken Parker (counsel for Apple) after a hearing before the Special Master on January 5. Mr. Parker indicated Apple was still considering the issue. On January 7, I informed Apple by phone and voicemail that Masimo would apply *ex parte* for relief from Local Rule 7-3 if we did not hear from Apple soon. When Apple did not respond, Masimo filed an *ex parte* application. Masimo's efforts to meet with Apple are detailed in that *ex parte* application. *See* Dkt. 545. Later that day, Apple filed a Notice of Non-Opposition to Masimo's *Ex Parte* Application. *See* Dkt. 546. As of the signing of this Declaration, Apple has still not provided its position on the schedule or its availability to meet and confer. Thus, this Motion is made pursuant to Apple's Notice of Non-Opposition to Masimo's Ex Parte Application For Relief From Local Rule 7-3. Dkt. 545; Dkt. 546.

3. At my direction, Masimo's counsel reviewed our files for this case to determine the number of times that Masimo wrote to Apple, met with Apple, and filed motions on certain topics. Below are the results of our analysis.

a. **Email ESI Discovery**: Masimo wrote to Apple eighty-eight times, met and conferred with Apple nine times, and briefed three motions. These totals do not include the Tim Cook dispute discussed below.

b. **Non-Email ESI Searching**: Masimo wrote to Apple ten times and met with Apple twice about non-email ESI searching.

c. **Discovery From Tim Cook**: Masimo wrote to Apple twenty-eight times, met with Apple three times, and moved to compel. After obtaining additional evidence, Masimo wrote to Apple, met with Apple again, and moved for reconsideration.

d. **Lamego and Nazzaro Documents**: Masimo wrote to Apple numerous times, met with Apple, and moved to compel. After the court-ordered Goldberg deposition, Masimo wrote to Apple six times, met with Apple again, and moved to compel a second time.

e. **Masimo's Document Requests (Unreleased Products)**: Masimo wrote to Apple seven times, met with Apple three times, and moved to compel. After the Special Master's Order, Apple did not make any products available for inspection. Masimo then wrote to Apple seven more times, met with Apple again, and may need to move to enforce the order.

f. **Masimo's Document Requests (Importance of Certain Features in the Apple Watch)**: Masimo wrote to Apple six times, met with Apple four times, and moved to compel.

g. **Masimo's Document Requests (Business and Hospital-Interactions)**: Masimo wrote to Apple several times, met with Apple, and moved to compel.

h. **Masimo's Document Requests (Former Employees/Disputed Patents)**: Masimo wrote to Apple five times, met with Apple two times, and moved to compel. That motion is pending.

       i. **Masimo's Document Requests (Efficient Infringement)**: Masimo wrote to Apple three times, met with Apple, and expects to move to compel soon.

4. The parties' final search terms hit on 869,200 Apple emails/attachments and 550,211 Masimo emails/attachments. Masimo has spent over 14,000 attorney hours reviewing those documents, preparing them for production, and preparing appropriate privilege logs. To date, Masimo produced 2,921,797 pages of documents. To date, Apple produced 1,854,298 pages of documents.

5. Apple made its first production in this case on June 15, 2020. From June 2020 through October 2021, Apple produced 437,572 pages of documents. From November 2021 through December 2021, Apple produced 1,405,375 pages documents. Masimo is currently reviewing the documents produced by Apple. Masimo has engaged as many Knobbe Martens attorneys as possible to review the documents, including some partners at the firm. Based on current review rates, Masimo estimates it will complete an initial review of Apple's current production by the end of April 2022.

6. The parties have exchanged lists of potential deponents. Each side has indicated it intends to take at least twenty depositions.

7. Attached hereto as **Exhibit 1 [FUS]** is a true and correct copy of an email chain, the last email dated March 9, 2021, from myself to Brian Andrea (counsel for Apple).

8. Attached hereto as **Exhibit 2 [FUS]** is a true and correct copy of an April 7, 2021, letter from myself to Brian Andrea.

9. Attached hereto as **Exhibit 3 [FUS]** is a true and correct copy of an email chain, the last email dated October 20, 2021, from Cheryl Burgess (counsel for Masimo) to counsel for Apple.

10. Attached hereto as **Exhibit 4 [FUS]** is a true and correct copy of an April 21, 2021, letter from myself to Brian Andrea.

11. Attached hereto as **Exhibit 5 [FUS]** is a true and correct copy of the rough transcript of the December 3, 2021, Hearing regarding Plaintiff's November 17, 2021, Motion to Compel.

12. Attached hereto as **Exhibit 6 [FUS]** is a true and correct copy of an email chain, the last email dated November 2, 2021, from myself to Kenneth Parker (counsel for Apple).

13. Attached hereto as **Exhibit 7 [FUS]** is a true and correct copy of an email chain, the last email dated December 16, 2021, from Heidi Adams (Judge Guilford's staff) to Kenneth Parker.

14. Attached hereto as **Exhibit 8 [FUS]** is a true and correct copy of an email chain, the last email dated September 10, 2021, from Ilissa Samplin (counsel for Apple) to myself.

15. Attached hereto as **Exhibit 9 [FUS]** is a true and correct copy of an email chain, the last email dated January 4, 2022, from Daniel Hughes (counsel for Masimo) to counsel for Apple.

16. Attached hereto as **Exhibit 10 [FUS]** is a true and correct copy of an email chain, the last email dated August 3, 2021, from myself to Ilissa Samplin.

17. Attached hereto as **Exhibit 11 [FUS]** is a true and correct copy of the December 30, 2021, Declaration of Robin Goldberg.

18. Attached hereto as **Exhibit 12 [FUS]** is a true and correct copy of a letter dated December 30, 2021, from myself to Susanna Schuemann (counsel for Apple).

19. Attached hereto as **Exhibit 13 [FUS]** is a true and correct copy of the [Tentative] Order No. 3 of Special Master on Two Discovery Motions.

20. Attached hereto as **Exhibit 14 [FUS]** is a true and correct copy of an email chain, the last email dated January 6, 2021, from Daniel Hughes to Nora Passamaneck (counsel for Apple).

21. Attached hereto as **Exhibit 15 [FUS]** is a true and correct copy of Apple's November 29, 2021, Motion to Compel.

22. Attached hereto as **Exhibit 16 [FUS]** is a true and correct copy of an email dated November 30, 2021, from Angelique Kaounis (counsel for Apple) to counsel for Masimo.

23. Attached hereto as **Exhibit 17 [FUS]** is a true and correct copy of a December 13, 2021, letter from Tobias Snyder (counsel for Apple) to Cheryl Burgess.

24. Attached hereto as **Exhibit 18 [FUS]** is a true and correct copy of an email chain, the last email dated December 16, 2021, from Brian Andrea to Daniel Hughes.

25. Attached hereto as **Exhibit 19 [FUS]** is a true and correct copy of a December 17, 2021, letter from Brian Andrea to Mark Kachner (counsel for Masimo).

26. Attached hereto as **Exhibit 20 [FUS]** is a true and correct copy of Apple's December 23, 2021, Motion to Compel.

27. Attached hereto as **Exhibit 21 [FUS]** is a true and correct copy of a December 30, 2021, letter from Angelique Kaounis to Mark Kachner.

28. Attached hereto as **Exhibit 22 [FUS]** is a true and correct copy of a December 17, 2021, letter from Brian Andrea to myself.

29. Attached hereto as **Exhibit 23 [FUS]** is a true and correct copy of an email chain, the last email dated November 30, 2021, from Ilissa Samplin to counsel for Masimo.

30. Attached hereto as **Exhibit 24 [FUS]** is a true and correct copy Apple's December 1, 2021, Opposition to Plaintiffs' Motion to compel.

31. Attached hereto as **Exhibit 25 [FUS]** is a true and correct copy of a November 24, 2021, letter from Kendall Loebbaka (counsel for Masimo in ITC Inv. No. 337-TA-1276) to Sarah Frazier (counsel for Apple in ITC Inv. No. 337-TA-1276).

32. Attached hereto as **Exhibit 26 [FUS]** is a true and correct copy of an email chain, the last email dated December 23, 2021, from Nora Passameneck to myself.

33. Attached hereto as **Exhibit 27 [FUS]** is a true and correct copy of a document bearing bates numbers APL-MAS_00332234-38 produced in this case.

34. Attached hereto as **Exhibit 28** is a true and correct copy of the transcript from the June 10, 2021, Hearing regarding Plaintiffs' Motion to Compel (Dkt No. 377).

35. Attached hereto as **Exhibit 29** is a true and correct copy of Exhibit 4 to a document available on the public docket of *Masimo Corp. v. True Wearables, Inc.* (Dkt. 321-1).

36. Attached hereto as **Exhibit 30** is a true and correct copy of the transcript from the September 23, 2021, Hearing regarding Plaintiffs' Motion for Reconsideration.

37. Attached hereto as **Exhibit 31** is a true and correct copy of an email chain, the last email dated December 24, 2021, from myself to Kenneth Parker.

38. Attached hereto as **Exhibit 32** is a true and correct copy of a November 9, 2021, email from Kenneth Parker to Hon. Andrew Guilford.

39. Attached hereto as **Exhibit 33** is a true and correct copy of a December 23, 2021, email from Kenneth Parker to myself.

40. Attached hereto as **Exhibit 34** is a true and correct copy of a December 24, 2021, email from Kenneth Parker to the office of the Special Master.

41. Attached hereto as **Exhibit 35** is a true and correct copy of an email chain, the last email dated December 26, 2021, from Hon. Andrew Guilford to Kenneth Parker.

42. Attached hereto as **Exhibit 36** is a true and correct copy of a transcript of the June 24, 2021, Hearing regarding Non-party Apple, Inc.'s Motion to Quash Subpoena (Dkt. 282) (*Masimo Corp v. True Wearable, Inc.* 18cv02001-JVS-JDE).

43. Attached hereto as **Exhibit 37** is a true and correct copy of an email chain, the last email dated November 29, 2021, from myself to counsel for Apple.

44. Attached hereto as **Exhibit 38** is a true and correct copy of an email chain, the last email dated January 4, 2022, from myself to counsel for Apple.

45. Attached hereto as **Exhibit 39** is a true and correct copy of an email Order of the Special Master, dated December 26, 2021.

46. Attached hereto as **Exhibit 40** is a true and correct copy of an email dated November 23, 2021, from Mark Selwyn to counsel for Masimo.

47. Attached hereto as **Exhibit 41** is a true and correct copy of an email dated December 2, 2021, from Brian Andrea to counsel for Masimo.

48. Attached hereto as **Exhibit 42** is a true and correct copy of an email chain, the last email dated December 16, 2021, from Doran Satanove (counsel for Apple) to Cheryl Burgess.

49. Attached hereto as **Exhibit 43** is a true and correct copy of an email chain, the last email dated January 7, 2022, from myself to Nora Passameneck.

50. Attached hereto as **Exhibit 44** is a true and correct copy of an email chain, the last email dated November 29, 2021, from Daniel Hughes to Kenneth Parker.

51. Attached hereto as **Exhibit 45** is a true and correct copy of the *Magnolia Med. Techs., Inc. v. Kurin, Inc.*, No. 1:19-cv-00097-CFC-CJB (D. Del.) docket, as of May 24, 2021.

52. Attached hereto as **Exhibit 46** is a true and correct copy of the Order Granting in Part Defendants' Motion to Continue Expert Report Deadline, *Whitewater W. Indus., Ltd., v. Pac. Surf Designs, Inc.*, No. 17-cv-1118-BEN(BLM), Dkt. 140 (S.D. Cal. June 12, 2018).

53. Attached hereto as **Exhibit 47** is a true and correct copy of the Order re: Discovery Motions, *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, Dkt. 248 (N.D. Cal. Sept. 12, 2013).

54. Attached hereto as **Exhibit 48** is a true and correct copy of the Memorandum and Order re: Motion to Amend Scheduling Order and Defendant's Motion to Prohibit Plaintiff from Introducing Certain Evidence, *Tech. Licensing, Corp. v. Technicolor USA, Inc.*, No. 2:03-1329 WBS EFB, Dkt. 316 (E.D. Cal. Oct. 26, 2010).

55. Attached hereto as **Exhibit 49** is a true and correct copy of the Civil Minutes-General on Defendants' Notice of Motion to Modify and Continue Scheduling Order (Dkt. [96], filed April 22, 2020), *Hope Med. Enters, Inc., v. Fagron*

*Compounding Serv., LLC*, No. 2:19-cv-07748-CAS(PLAx), Dkt. 104 (C.D. Cal. May 22, 2020).

56. Attached hereto as **Exhibit 50** is a PDF printout of the web page https://www.nytimes.com/interactive/2021/us/california-covid-cases.html as it existed at 18:47 EDT on January 10, 2022.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on January 10, 2022, at Encinitas, California.

                     */s/ Adam B. Powell*
                         Adam B. Powell

54829494