1  JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3  San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
5  H. MARK LYON, SBN 162061
      mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
6  Palo Alto, CA 94304-1211
7  Tel.: 650.849.5300 / Fax: 650.849.5333

8  BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
9  BRIAN K. ANDREA, *pro hac vice*
      bandrea@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
11 Washington, D.C. 20036
    Tel.: 202.955.8500 / Fax: 202.467.0539
12
13 [Counsel appearance continues on next page]

14 *Attorneys for Defendant Apple Inc.*

15
16            **UNITED STATES DISTRICT COURT**
            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
17                   **SOUTHERN DIVISION**

18 MASIMO CORPORATION,                CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
19 CERCACOR LABORATORIES, INC.,       **REPLY TO PLAINTIFFS'**
    a Delaware corporation,           **STATEMENT OF GENUINE**
20                                     **DISPUTES OF MATERIAL FACT**
                    Plaintiffs,        **AND IN SUPPORT OF APPLE INC.'S**
21                                     **MOTION FOR PARTIAL SUMMARY**
        v.                            **JUDGMENT**
22
    APPLE INC.,                       **Hearing**
23 a California corporation,
                                      Date: February 7, 2022
24                  Defendant.        Time: 1:30pm
                                      Courtroom: 10C
25                                    Judge: Hon. James V. Selna
26
27
28        **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

Gibson, Dunn &
Crutcher LLP

Pursuant to Local Rule 56-1, Defendant Apple Inc. ("Apple") respectfully submits the following Combined Statement of Uncontroverted Facts with its Reply.

Despite Local Rule 56-2's requirement that Plaintiffs submit a "concise 'Statement of Genuine Issues' setting for all material facts … [to] be litigated," Plaintiffs have responded to Apple's 7-page list of undisputed facts with a *35-page document* that (1) disputes most points raised by Apple (often without clear explanation) and (2) adds 63 new and purportedly "material" facts that are either irrelevant to the narrow statute of limitations question at issue or do not raise genuine disputes.

As a representative example, Plaintiffs assert that there is a genuine dispute of material fact over Apple's SUF No. 31, which provides "Lamego ultimately left Apple to form his own company, named True Wearables." That is nearly a direct quote from this Court's summary judgment decision in the parallel *Masimo v. True Wearables* case. *See* Ex. 19 at 2 ("After Lamego left Apple, he founded True Wearables."). Similarly, Plaintiffs assert that there is a genuine dispute of material fact over Apple's SUF No. 37 because Apple "misquoted" a particular letter. Their response, however, quotes precisely the same passage from the same letter. As a final example, Plaintiffs' Fact No. 42 asserts that "Apple selectively requested the Patent Office refrain from publishing the patent applications discussed in the proceeding fact to prevent Masimo from learning of its misappropriation," but the only supporting documents it cites to support this accusation are the Patent Office forms requesting nonpublication.

Apple objects to Plaintiffs' "improper" attempt "to overwhelm this Court with a litany of immaterial and unsupported facts," which is apparently intended to "create the illusion that there is a dispute requiring the denial of [Apple's] motion." *See Hayes v. Superior Court of Cal.*, 2010 WL 11549761, at *7 (C.D. Cal. 2010); *see also Herrera v. Hitman Fight Gear*, 2014 WL 12570923, at *3 (C.D. Cal. 2014) (striking the plaintiff's Statement of Genuine Issues where it did not comply with Rule 56-2). That said, in order to make crystal clear the weakness of Plaintiffs' position, Apple

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
1

1  responds to each purported dispute of fact.

2  **I.     APPLE'S STATEMENT OF UNCONTROVERTED FACTS**

3         As reflected in the table below, Plaintiffs' objections do not create a genuine

4  issue of material fact—largely for one of three reasons. ***First***, a purported dispute that

5  "do[es] not contradict the material fact at issue" or merely argues about "inferences

6  and conclusions to be drawn from the facts" does not create a genuine dispute of

7  material fact. *Russell v. Pacific Motor Trucking*, 2014 WL 7246632, at *1 n.1 (C.D.

8  Cal. Dec. 18, 2014); *Patterson v. Boeing Co.*, 2018 WL 5937911, at *1 (C.D. Cal. Apr.

9  4, 2018). ***Second***, and relatedly, a "dispute [over] the characterization of the facts"

10 does not create a genuine dispute of material fact—rather, the party seeking to dispute

11 the fact must "offer[] conflicting evidence." *AFMS LLC v. UPS Co.*, 105 F. Supp. 3d

12 1061, 1071 (C.D. Cal. 2015); *see also Whitaker v. Starbucks Corp.*, 2020 WL

13 6493683, at *2 n.1 (C.D. Cal. Sept. 24, 2020) (no genuine dispute where plaintiff

14 "failed to provide any declarations or written evidence to dispute Defendant's

15 evidence, relying instead on conclusory statements"). ***Third***, a party opposing

16 summary judgment cannot dispute a fact without "explain[ing]" the basis for the

17 dispute. *United States v. Gazanferi*, 2016 WL 7655763, at *2 (C.D. Cal. Jan. 28,

18 2016); *see also SEC v. Brookstreet Sec. Grp.*, 2012 WL 13046847, at *4 (C.D. Cal.

19 June 29, 2012) ("It is not this Court's responsibility to scour the record in search of a

20 genuine issue of triable fact[.]"), *aff'd in relevant part by* 584 F. App'x 689, 690 (9th

21 Cir. 2014).

| No. | Fact and Supporting Evidence | Plaintiffs' Response and Defendant's Reply |
|-----|------------------------------|--------------------------------------------|
| 1.  | Dr. Michael O'Reilly is Plaintiff Masimo Corporation's ("Masimo") former employee and Dr. Marcelo Lamego is Plaintiff | **Plaintiffs' Response** Undisputed that O'Reilly was previously an employee of Masimo, and Lamego was previously an employee of Cercacor. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
2

| | | |
|---|---|---|
| | Cercacor Laboratories, Inc.'s ("Cercacor") former employee. **Evidence** Fourth Amended Compl. ("4AC"), Dkt. 296-1, ¶¶ 20-24. | **Defendant's Reply** This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 2. | O'Reilly began working at Apple in July 2013. **Evidence** 4AC ¶ 20. | **Plaintiffs' Response** Undisputed that Apple provided discovery purportedly showing that Apple officially employed O'Reilly beginning in July 2013. **Defendant's Reply** This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 3. | Lamego began working at Apple in January 2014. **Evidence** 4AC ¶ 23. | **Plaintiffs' Response** Undisputed that Apple provided discovery purportedly showing that Apple officially employed Lamego beginning in January 2014. **Defendant's Reply** This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 4. | Plaintiff Cercacor sent Apple a letter on January 24, 2014 stating that "Apple had been targeting Masimo and Cercacor" employees for hiring, including after "Cercacor's owners" indicated | **Plaintiffs' Response** Disputed.  Apple misquotes the letter. Cercacor sent Apple a letter dated January 24, 2014.  Among other things, that letter stated: "Apple has been targeting Masimo and Cercacor personnel for some time." |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
3

"they had no current desire to sell."

**Evidence**

4AC ¶ 23; Andrea Decl. Ex. 1 ("January 2014 Letter") at 1.

Ex. 1 at 1.  The letter also included the words "The CEO responded that Cercacor's owners had no current desire to sell the company."  *Id.*  The letter also stated: "In view of Mr. Lamego's obligations arising from the Agreement, we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information."  *Id.* at 2. The letter also stated: "We also ask that Apple refrain from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple and that Apple will direct Mr. Lamego to honor his obligations to all of his prior employers."  *Id.*

**Defendant's Reply**

It is undisputed that Cercacor sent Apple a letter on January 24, 2014 stating that "Apple ha[d] been targeting Masimo and Cercacor" employees for hiring, including after "Cercacor's owners" indicated they "had no current desire to sell the company."  To the extent that Plaintiffs dispute SUF No. 4 because Apple made two minor typographical errors in its

Gibson, Dunn & Crutcher LLP

Reply To Statement Of Genuine Disputes Of Fact And iso Apple's Summary Judgment Mot.
4
Case No. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | original filing (omitting brackets from "ha[d]" and including the word "they" in quotation marks), this does not create a genuine issue of fact that needs to be resolved at trial. |
| 5. | The January 24, 2014 letter stated that Apple hired Lamego "to design and develop products that are likely the same as the products that he was responsible for developing for [Plaintiff] Cercacor." <br><br> **Evidence** <br><br> January 2014 Letter at 1. | **Plaintiffs' Response** <br><br> Disputed.  Cercacor sent Apple a letter dated January 24, 2014.  Among other things, that letter stated: "We believe that Apple has hired Mr. Lamego to design and develop products that are likely the same as the products that he was responsible for developing for Cercacor."  Ex. 1 at 1.  See also response to Fact No. 4 above for additional context. <br><br> **Defendant's Reply** <br><br> Because Plaintiffs do not explain what portion of SUF No.5 is disputed or why it is disputed, this fact should be deemed undisputed.  *See Gazanferi*, 2016 WL 7655763, at *2; *supra* p. 2.  To the extent that Plaintiffs believe "additional context" is needed to understand this quotation, that does not create a genuine dispute of material fact.  *See Russell*, 2014 WL 7246632, at *1 n.1; *supra* p. 2. |
| 6. | The January 24, 2014 letter stated | **Plaintiffs' Response** |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
5

| | | |
|---|---|---|
| | "Lamego learned, and personally conceived, a large number of very valuable trade secrets while he was at [Plaintiff] Masimo, and he continued to use and improve those trade secrets under license from Masimo when Cercacor was spun off from Masimo."<br><br>**Evidence**<br>January 2014 Letter at 1. | Undisputed that Cercacor sent Apple a letter dated January 24, 2014. Among other things, that letter stated: "Mr. Lamego learned, and personally conceived, a large number of very valuable trade secrets while he was at Masimo, and he continued to use and improve those trade secrets under license from Masimo when Cercacor was spunoff from Masimo." Ex. 1 at 1. See also response to Fact No. 4 above for additional context.<br><br>**Defendant's Reply**<br>This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 7. | The January 24, 2014 letter stated Apple should refrain from assigning Lamego to work on "healthcare technology, including mobile health applications and the measurement of physiological information."<br><br>**Evidence**<br>January 2014 Letter at 2. | **Plaintiffs' Response**<br>Disputed. Cercacor sent Apple a letter dated January 24, 2014.  Among other things, that letter stated: "In view of Mr. Lamego's obligations arising from the Agreement, we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information." Ex. 1 at 2. The letter also stated:  "We  also  ask that Apple refrain |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
6

from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple and that Apple will direct Mr. Lamego to honor his obligations to all of his prior employers." *Id.* See also response to Fact No. 4 above for additional context.

**Defendant's Reply**

It is undisputed that Apple accurately quoted the letter. Because Plaintiffs do not explain what portion of SUF No. 7 is disputed or why it is disputed, this fact should be deemed undisputed. *See Gazanferi*, 2016 WL 7655763, at *2; *supra* p. 2. To the extent that Plaintiffs believe "additional context" is needed to understand this quotation, that does not create a genuine dispute of material fact. *See Russell*, 2014 WL 7246632, at *1 n.1; *supra* p. 2.

| 8. | The January 24, 2014 letter stated that employing either O'Reilly or Lamego to work on "mobile health device[] projects" would be taken as a sign that "Apple is attempting to gain access to, or at least the benefit of, [Plaintiffs'] | **Plaintiffs' Response** Disputed. Apple misquotes the letter. Cercacor sent Apple a letter dated January 24, 2014. Among other things, that letter stated: "In his capacity as Cercacor's CTO, Mr. Lamego was responsible for ***all*** of Cercacor's research and development and |
|---|---|---|

| | |
|---|---|
| trade secrets." | *all* projects that are underway, or even contemplated, at Cercacor. These projects include mobile health devices and applications and physiological measurements." Ex. 1 at 1 (emphasis in original). The letter also stated: "We note that Apple expressed great interest in the Masimo technology on which Mr. Lamego was trained-the same technology that Mr. Lamego applied at Cercacor. Apple has been targeting Masimo and Cercacor personnel for some time. Apple hired Masimo's Chief Medical Officer, Michael O'Reilly. Thereafter, Apple expressed to Masimo and Cercacor's CEO that Apple had even greater interest in Cercacor. The CEO responded that Cercacor's owners had no current desire to sell the company. Shortly thereafter, we understand that Apple increased its efforts to recruit Mr. Lamego. It is difficult to imagine any reason for this sequence of events other than Apple is attempting to gain access to, or at least the benefit of, Cercacor and Masimo's trade secrets. Ex. 1 at 1. See |
| **Evidence** | |
| January 2014 Letter at 2. | |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
8

also response to Fact No. 4 above for
additional context.

**Defendant's Reply**

Plaintiffs do not dispute that the January
2014 letter states that (1) Lamego worked
on "projects" that included "mobile health
devices," (2) "[w]e trust that Apple will
employ Mr. Lamego in an area that does
not involve healthcare technology,
including mobile health applications," and
that (3) "Apple['s] hir[ing] of Masimo's
Chief Medical Officer, Michael O'Reilly"
was part of a "sequence of events" in
which "Apple is attempting to gain access
to, or at least the benefit of, Cercacor and
Masimo's trade secrets."  To the extent
that Plaintiffs dispute SUF No. 8 because
Apple made a minor typographical error in
its original filing (failing to place the word
"projects" in separate quotation marks
from "mobile health device"), that does
not raise a genuine dispute of fact that
would need to be resolved at trial.  And to
the extent that Plaintiffs dispute Apple's
characterization of the letter, their
objection does not amount to a genuine
dispute of fact.  *See AFMS*, 105 F. Supp.
3d at 1071; *supra* p. 2.

Gibson, Dunn &
Crutcher LLP

| 9. | The January 24, 2014 letter attached a confidentiality agreement that Lamego had signed when he was an employee of Plaintiff Cercacor.<br><br>**Evidence**<br><br>January 2014 Letter at 3-4. | **Plaintiffs' Response**<br><br>Undisputed that Cercacor sent Apple a letter dated January 24, 2014.  Among other things, that letter enclosed a copy of a "Masimo Labs Employee Confidentiality Agreement" that Lamego executed. Ex. 1 at 1.<br><br>**Defendant's Reply**<br><br>This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| --- | --- | --- |
| 10. | The confidentiality agreement attached to the January 24, 2014 letter stated: "I agree that [working for a competitor of Plaintiff Cercacor] would necessarily involve the use or disclosure of Masimo['s] … trade secrets and proprietary … information."<br><br>**Evidence**<br><br>January 2014 Letter at 2, 4. | **Plaintiffs' Response**<br><br>Disputed.  Cercacor sent Apple a letter dated January 24, 2014.  Among other things, that letter enclosed a copy of a "Masimo Labs Employee Confidentiality Agreement" that Lamego executed.  Ex. 1 at 1.  Paragraph 15 of the Agreement states: "I agree that the activities forbidden in paragraphs 13 and 14 above would necessarily involve the use or disclosure of Masimo Labs' trade secrets and proprietary and confidential information and are necessary to protection of Masimo Labs' trade secrets and proprietary and confidential information. I understand that none of my activities will be prohibited under paragraphs 13 and 14 to the extent |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
10

that I can prove that the action was taken without the use or disclosure of Masimo Labs' trade secrets or proprietary or confidential information."  Ex. 1 at 4.

**Defendant's Reply**

It is undisputed that Apple accurately quoted the confidentiality agreement. Because Plaintiffs do not explain what portion of SUF No. 10 is disputed or why it is disputed, this fact should be deemed undisputed. *See Gazanferi*, 2016 WL 7655763, at *2; *supra* p. 2.  And to the extent that Plaintiffs dispute Apple's summary of Paragraph 14 as "[working for a competitor of Plaintiff Cercacor]," Plaintiffs merely object to the characterization of the facts, which does not raise a genuine dispute. *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2.

| 11. | ████████████ | **Plaintiffs' Response** |
| | ████████████ | Disputed.  It is unclear what Apple means by "substantially similar." ████ |
| | ████████████ | ████████████████ |
| | ████ | ████████████████ |
| | **Evidence** | **Defendant's Reply** |
| | ████████████ | It is undisputed ████████ |
| | ████████████ | ████████████ |



Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
11
CASE NO. 8:20-cv-00048-JVS (JDEx)



|  |  |  |
|---|---|---|
|  |  | ████████████ To the extent that Plaintiffs dispute using the words "substantially similar" ████████ ████████ ████████ ████████ ████ ████████ a disagreement over Apple's characterization does not raise a genuine dispute. *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2. |
| 12. | ████████ ████████ ████████ ████████ ████████ ████████ ████ **Evidence** ████████ ████ | **Plaintiffs' Response** ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
12                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | ██████████████████████<br>████████████<br><br>**Defendant's Reply**<br><br>It is undisputed that Apple accurately quoted ████████████████.<br><br>Because Plaintiffs do not explain what portion of SUF No. 12 is disputed or why it is disputed, this fact should be deemed undisputed. *See Gazanferi*, 2016 WL 7655763, at *2; *supra* p. 2.<br><br>And to the extent that Plaintiffs dispute Apple's summary of █████████<br>████████████████<br><br>Plaintiffs merely object to the characterization of the facts, which does not raise a genuine dispute. *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2. |
| 13. | Apple continued to develop and improve its healthcare technologies after receiving the January 24, 2014 letter.<br><br>**Evidence**<br><br>4AC ¶ 25; Andrea Decl. Ex. 3. | **Plaintiffs' Response**<br><br>Disputed. The evidence Apple cites does not support this alleged fact. Apple cites to the Fourth Amended Complaint, which states that Apple announced the first version of the Apple Watch in September 2014. FAC ¶ 125. Apple also cites its own March 9, 2015 press release entitled "Apple Introduces ResearchKit, Giving Medical Researchers the Tools to |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
13
CASE NO. 8:20-cv-00048-JVS (JDEx)

|     |                                                                                                                                          |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------- | --- |
|     |                                                                                                                                          | Revolutionize Medical Studies." Ex. 3. Neither citation supports Apple's broad statement regarding developing and improving healthcare technologies. **Defendant's Reply** Plaintiffs do not dispute that after January 24, 2014, Apple announced the Apple Watch and issued a press release regarding ResearchKit.  Moreover, Plaintiffs fail to explain what about the phrase "continued to develop and improve its healthcare technologies" they believe raises a genuine dispute that needs to be resolved at trial.  As discussed, a "dispute [over] the characterization of the facts" does not create a genuine dispute of material fact— rather, the party seeking to dispute the fact must "offer[] conflicting evidence."  *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2. |
| 14. | On March 9, 2015, Apple publicly announced ResearchKit. **Evidence** Andrea Decl. Ex. 3.                                                  | **Plaintiffs' Response** Undisputed that Apple issued a press release on March 9, 2015 entitled "Apple Introduces ResearchKit, Giving Medical Researchers the Tools to Revolutionize Medical Studies."  Ex. 3. **Defendant's Reply** |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
14                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 15. | Apple's announcement of ResearchKit described it as "an open source software framework designed for medical and health research, helping doctors and scientists gather data more frequently and more accurately from participants using iPhone® apps." <br> **Evidence** <br> Andrea Decl. Ex. 3. | **Plaintiffs' Response** <br> Undisputed that Apple's March 9, 2015 press release included the words "Apple today announced ResearchKit, an open source software framework designed for medical and health research, helping doctors and scientists gather data more frequently and more accurately from participants using iPhone apps."  Ex. 3. <br> **Defendant's Reply** <br> This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 16. | Numerous media outlets covered Apple's ResearchKit announcement. <br> **Evidence** <br> Andrea Decl. Exs. 4, 5, 6, 7, 8. | **Plaintiffs' Response** <br> Disputed. Apple cites articles purportedly from "The Health Care Blog," "The Verge," "Vox," "fortune.com," and "techcrunch.com" that reference ResearchKit.  Exs. 4-8.  Apple's citations do not support Apple's broad assertion that "numerous media outlets covered Apple's ResearchKit announcement." <br> **Defendant's Reply** <br> Plaintiffs do not dispute that Apple has identified five articles from different media sources that reference ResearchKit |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
15                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | and were written shortly after ResearchKit was announced.  To the extent Plaintiffs disagree with Apple's characterization of publications like *Vox* and *Fortune* as "media outlets," that does not raise a genuine dispute, *see AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2, and in any event, the Court could take judicial notice that *Vox* and *Fortune* are media outlets. |
|---|---|---|
| 17. | Numerous media outlets, including *USA Today*, the *Chicago Tribune*, *The New York Times*, and *The Wall Street Journal*, reported that O'Reilly had attended a December 2013 meeting with the FDA on Apple's behalf regarding "mobile medical applications." **Evidence** Andrea Decl. Exs. 9, 10, 11, 12. | **Plaintiffs' Response** Disputed.  Apple cited articles purportedly from the online pages of USA Today, Chicago Tribune, New York Times, and Wall Street Journal referencing a meeting with the FDA.  Exs. 9-12.  Apple's citations do not support Apple's broad assertion that "numerous media outlets . . . reported that O'Reilly had attended a December 2013 meeting with the FDA on Apple's behalf regarding 'mobile medical applications.'" **Defendant's Reply** Plaintiffs do not dispute that Apple has identified articles from four major newspapers (*The Wall Street Journal*, *The New York Times*, *USA Today*, and the *Chicago Tribune*) that reference |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
16
CASE NO. 8:20-cv-00048-JVS (JDEx)



| | | O'Reilly's December 2013 meeting with the FDA.  To the extent that Plaintiffs dispute arises from the fact that Ex. 10 (the *Chicago Tribune* article) does not use the term "mobile medical applications" but simply cross-references the earlier *New York Times* article (i.e., "In January, the New York Times reported that Apple executives, including O'Reilly, met with senior officials at the Food and Drug Administration, including Bakul Patel, who drafted FDA's final guidance for mobile health"), this does not create a genuine issue that needs to be resolved at trial. |
|---|---|---|
| 18. | **Evidence** | **Plaintiffs' Response** Disputed. **Defendant's Reply** |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
17
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | | |
|---|---|---|---|
| | | | ██████████████████████████ ██████████████████ To the extent Plaintiffs merely dispute how Apple characterized ██████████ that does not create a genuine dispute. *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2. |
| | 19. | On March 3, 2016, the U.S. Patent Office published a patent application ████████ ████████ that listed an August 28, 2014 priority date.<br><br>**Evidence**<br>Andrea Decl. Ex. 15 ('726 publication) at 1. | **Plaintiffs' Response**<br>Disputed.  Apple cites U.S. Patent Application Publication No. 2016/0061726, which is entitled "Reflective Surface Treatments for Optical Sensors."  Ex. 15.  Apple's citation does not support its assertion that the patent application is "████████████████."<br><br>**Defendant's Reply**<br>Plaintiffs appear to concede the existence of U.S. Patent Application Publication No. 2016/0061726 and that it was published on March 3, 2016.  Plaintiffs appear to dispute Apple's characterization of the '726 publication as ██████████ ███████████████ ██████████████ ████████████████ ████████████████ ███████████ ████████████████ |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
18                                                        CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | ████████████████████████████████<br>████████████████████████ |
| 20. | The March 3, 2016 Patent Application's identifier is Pub. No. 2016/0061726.<br>**Evidence**<br>'726 publication at 1. | **Plaintiffs' Response**<br>Undisputed.<br>**Defendant's Reply**<br>Undisputed. |
| 21. | The '726 publication names Apple as the applicant and Lamego as a co-inventor.<br>**Evidence**<br>'726 publication at 1. | **Plaintiffs' Response**<br>Undisputed.  The '726 publication also names Trevor J. Ness, Chin San Han, David I. Nazzaro, Naoto Matsuyuki, and Wolf Oetting as co-inventors.  Ex. 15.<br>**Defendant's Reply**<br>Undisputed. |
| 22. | The '726 publication describes "optical sensing systems configured to provide functionality such as fitness or health tracking or physiological date collection."<br>**Evidence**<br>'726 publication ¶ 29. | **Plaintiffs' Response**<br>Disputed.  Apple appears to have misquoted words from the middle of a sentence in a lengthy paragraph in the middle of the '726 publication.  Paragraph 29 of the '726 publication states in part: "Moreover, although many embodiments described herein reference optical sensing systems configured to provide functionality such as fitness or health tracking or physiological data collection to a wearable electronic device, one may appreciate that the various systems and |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
19

| | | |
|---|---|---|
| | | methods described herein are not limited to use of optical sensing systems in this manner." Ex. 15 ¶ 29.<br><br>**Defendant's Reply**<br><br>Plaintiffs do not dispute paragraph 29 of the '726 publication uses the phrase "optical sensing systems configured to provide functionality such as fitness or health tracking or physiological data collection." To the extent that Plaintiffs dispute SUF No. 22 because Apple made a minor typographical error in its original filing (using the word "date" instead of "data"), that does not raise a genuine dispute of fact that would need to be resolved at trial. |
| 23. | The '726 publication also explains how the disclosed system could be used as a "medical diagnostic tool … that can be placed against a patient's skin in order to obtain physiological characteristics of said patient."<br><br>**Evidence**<br><br>'726 publication ¶ 29. | **Plaintiffs' Response**<br><br>Disputed. Apple appears to have quoted words from the middle of a sentence in a lengthy paragraph in the middle of the '726 publication. Paragraph 29 of the '726 publication states in part: "For example, an optical sensing system can be used to detect subsurface characteristics of a material during a manufacturing process to determine whether the material should be rejected or accepted. In another example, |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
20                                              CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | an optical sensing system can be disposed onto or into a veterinary or medical diagnostic tool (e.g., wand, pen, etc.) that can be placed against a patient's skin in order to obtain physiological characteristics of said patient."  Ex. 15 ¶ 29.<br><br>**Defendant's Reply**<br><br>Plaintiffs do not dispute that Apple correctly quoted the '726 publication.  To the extent that Plaintiffs believe additional context is needed to understand this quotation, that does not create a genuine dispute of material fact over whether Apple accurately quoted the patent application.  *See Russell*, 2014 WL 7246632, at *1 n.1; *supra* p. 2. |
| 24. | The '726 publication includes a "smart watch" embodiment, which can obtain "certain physiological data about the user such as heart rate, respiration rate, blood oxygenation, blood pressure, and so on."<br><br>**Evidence**<br><br>'726 publication ¶¶ 5-6. | **Plaintiffs' Response**<br><br>Disputed.  Apple appears to have quoted words from two different paragraphs in the middle of the '726 publication as though they form one sentence.  Paragraph 5 of the '726 publication states in part: "For example, an electronic device such as a wearable fitness device can be positioned against the skin of a user's wrist (hereinafter the 'measurement site') and |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
21                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | | can obtain therefrom certain physiological data about the user such as heart rate, respiration rate, blood oxygenation, blood pressure, and so on." Ex. 15 ¶ 5. Paragraph 6 of the '726 publication states in part: "In many embodiments, an electronic device (such as a smart watch, fitness device, cellular phone, tablet computer, other computing device, exercise equipment, exercise monitor, physiology monitor, and so on) can include an optical sensing system positioned behind or within one or more apertures defined within a bottom surface of the electronic device." *Id.* ¶ 6. **Defendant's Reply** Plaintiffs do not dispute that Apple correctly quoted the '726 publication.  To the extent that Plaintiffs believe additional context is needed to understand this quotation, that does not create a genuine dispute of material fact over whether Apple accurately quoted the patent application.  *See Russell*, 2014 WL 7246632, at *1 n.1; *supra* p. 2. |
| 25. | On May 6, 2014, the *Chicago Tribune* published an article | | **Plaintiffs' Response** Undisputed. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
22
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | entitled "Apple on medical tech hiring spree, a possible hint of iWatch plans."<br><br>**Evidence**<br>Andrea Decl. Ex. 10. | **Defendant's Reply**<br>Undisputed. |
| 26. | The *Chicago Tribune* article quoted Plaintiffs' CEO Joseph Kiani as stating that Apple had "recruited" his former employees "with access to deep wells of [Plaintiffs'] trade secrets and information" and that Apple was "just buying people."<br><br>**Evidence**<br>Andrea Decl. Ex. 10 at 6. | **Plaintiffs' Response**<br>Disputed.  The Chicago Tribune article quotes Mr. Kiani as saying "Some of the talent (Apple recruited) has access to deep wells of trade secrets and information." Ex. 10 at 6.  The article also quotes Mr. Kiani as saying "They are just buying people," and "I just hope Apple is not doing what we're doing." *Id.*  The article does not support the alleged fact.<br><br>**Defendant's Reply**<br>It is undisputed that Apple accurately quoted the article.  Because Plaintiffs do not explain what portion of SUF No. 26 is disputed or why it is disputed, this fact should be deemed undisputed.  *See Gazanferi*, 2016 WL 7655763, at *2; *see supra* p. 2.  To the extent that Plaintiffs believe additional context is needed to understand this quotation, that does not create a genuine dispute of material fact. *See Russell*, 2014 WL 7246632, at *1 n.1; |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
23
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | | |
|---|---|---|---|
| | | | *supra* p. 2. |
| 27. | The *Chicago Tribune* article specifically named O'Reilly and Lamego as employees who had been "poached" from Plaintiffs. **Evidence** Andrea Decl. Ex. 10 at 5. | | **Plaintiffs' Response** Disputed.  The Chicago Tribune article states: "Apple has poached biomedical engineers from companies including Vital Connect, Masimo Corp, Sano Intelligence and 02 MedTech."  Ex. 10 at 5.  The article also states: "A LinkedIn search shows Masimo chief medical officer Michael O'Reilly; Cercacor chief technology officer Marcelo Lamego; and Vital Connect's Ravi Narasimhan, vice president of biosensor technology, and Nima Ferdosi, an embedded sensors expert, are among those who have moved over to the Cupertino company." *Id.* **Defendant's Reply** Plaintiffs do not dispute the *Chicago Tribune* article (1) states that Apple has "poached" employees from companies including Masimo Corp, and (2) specifically names O'Reilly and Lamego as former Masimo and Cercacor employees who (at the time of the article) worked for Apple.  Because Plaintiffs do not explain what portion of SUF No. 27 is disputed or why it is disputed, this fact |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
24
CASE NO. 8:20-cv-00048-JVS (JDEx)



should be deemed undisputed.  *See Gazanferi*, 2016 WL 7655763, at *2; *supra* p. 2.  And to the extent that merely Plaintiffs dispute that Apple has accurately characterized the article, that does not raise a genuine dispute.  *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2.

28.

**Plaintiffs' Response**

Disposed. ▓▓▓▓▓

▓▓▓▓▓▓ The documents Apple cites do not support the alleged fact.

**Defendant's Reply**

**Evidence**

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
25
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮ that does not raise a genuine dispute. *See AFMS*, 105 F. Supp. 3d at 1071. |
| 29. | In April 2015, Paul Jansen—a Masimo executive—sent O'Reilly an email highlighting a recent news article about the Apple Watch. <br><br> **Evidence** <br> Andrea Decl. Ex. 18 at 1. | **Plaintiffs' Response** <br> Disputed. Apple cites an email from Paul Jansen to Michael O'Reilly's personal gmail account with a website link. Ex. 18. Apple's citation to this document does not support its alleged fact. <br><br> **Defendant's Reply** <br> Plaintiffs do not dispute (1) the existence of the email sent from Paul Jansen to Michael O'Reilly, (2) that the subject line of the email reads "Apple Watch already |

Gibson, Dunn & Crutcher LLP

| | | has 264 health apps, unused pulse ox functionality, and a hospital pilot \| mobihealthnews," or (3) that the first line of text in the body of the email is the "website link" to the mobihealthnews article that the subject line references. Because Plaintiffs do not explain what portion of SUF No. 29 is disputed or why it is disputed, this fact should be deemed undisputed.  *See Gazanferi*, 2016 WL 7655763, at *2; *supra* p. 2.  To the extent that Plaintiffs merely object to Apple's characterization of the email as "highlighting" the news article, this does not create a genuine dispute.  *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2. |
|---|---|---|
| 30. | Jansen's April 2015 email stated that the article's reference to potential "pulse oximetry functionality" in the Apple Watch has "caught [his] eye" and that "I'm sure these reports are always 100% accurate :)"  **Evidence**  Andrea Decl. Ex. 18 at 1. | **Plaintiffs' Response**  Undisputed that the email from Paul Jansen to Dr. O'Reilly's personal gmail account contains the words "I'm sure these reports are always 100% accurate ... " and "This caught my eye."  Ex. 18.  Disputed as to any suggestion that Mr. Jansen was confirming or endorsing the accuracy of the information on the website link.  **Defendant's Reply**  Plaintiffs do not dispute that SUF No. 30 |

| | | | |
|---|---|---|---|
| | | | accurately quotes the email. To the extent that Plaintiffs dispute the inferences that can be drawn from the email, that does not create a genuine dispute of material fact. *See Russell*, 2014 WL 7246632, at *1 n.1; *supra* p. 2. |
| 31. | | Lamego ultimately left Apple to form his own company, named True Wearables. **Evidence** Andrea Decl. Ex. 19 at 2. | **Plaintiffs' Response** Disputed. Lamego's employment at Apple was terminated. Apple cites a court order from the *Masimo v. True Wearables* case that does not support its alleged fact. **Defendant's Reply** This Court's summary judgment ruling in the parallel *Masimo v. True Wearables* case states: "After Lamego left Apple, he founded True Wearables and released the Oxxiom pulse oximeter." Ex. 19 at 2. To the extent that Plaintiffs merely object to Apple's characterization of Lamego leaving Apple "to form his own company," that does not create a genuine dispute. *See AFMS*, 105 F. Supp. 3d at 1071. |
| 32. | | ███████████████ ███████████████ ███████████████ ███████████ | **Plaintiffs' Response** Disputed. ███████████ ███████████████ ███████████ |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
28
CASE NO. 8:20-cv-00048-JVS (JDEx)



**Evidence**

**Defendant's Reply**

Plaintiffs do not dispute that SUF No. 32 accurately quotes ▮▮▮▮▮▮▮▮

33. **Plaintiffs' Response**

Undisputed ▮▮▮▮▮▮▮▮

**Evidence**

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
29                              CASE NO. 8:20-cv-00048-JVS (JDEx)



**Defendant's Reply**

Plaintiffs do not dispute that SUF No. 33 accurately quotes ███████████

34. ███████████

**Plaintiffs' Response**

Disputed. Apple misquotes the letter and omits key context. ███████████

**Evidence**

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
30                    CASE No. 8:20-cv-00048-JVS (JDEx)



**Defendant's Reply**

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
31                   CASE NO. 8:20-cv-00048-JVS (JDEx)



Plaintiffs' response does not identify what portion of ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ To the extent that Plaintiffs believe additional context is needed to understand this quotation, (1) that does not create a genuine dispute of material fact, *see Russell*, 2014 WL 7246632, at *1 n.1; *supra* p. 2, and (2) ▮▮▮▮▮▮

| 35. | ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ **Evidence** ▮▮▮▮▮▮▮▮ ▮▮▮ | **Plaintiffs' Response** Undisputed. ▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮ **Defendant's Reply** This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 36. | ▮▮▮▮▮▮ ▮▮▮▮▮▮ | **Plaintiffs' Response** Disputed. ▮▮▮▮▮ |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
32                                    CASE NO. 8:20-cv-00048-JVS (JDEx)



**Evidence**

**Defendant's Reply**

Plaintiffs do not dispute that SUF No. 36 accurately quotes ▮▮▮▮

37.

**Plaintiffs' Response**

Disputed. ▮▮▮▮

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
33                    CASE NO. 8:20-cv-00048-JVS (JDEx)

**Evidence**

**Defendant's Reply**

Plaintiffs' response does not identify what portion of the ██████████████ is purportedly misquoted and, indeed, quotes from the same portion of the letter.

| 38. | Plaintiffs filed suit against Apple for trade secret misappropriation on January 9, 2020. **Evidence** Original Complaint, Dkt. 1. | **Plaintiffs' Response** Undisputed that Plaintiffs filed suit that included a claim for trade secret misappropriation. The complaint also included claims for patent infringement, patent ownership, and correction of inventorship. **Defendant's Reply** This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
|---|---|---|
| 39. | Plaintiffs did not take any legal action against Apple prior to | **Plaintiffs' Response** Undisputed that Masimo first sued Apple |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
34
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | January 9, 2020.<br><br>**Evidence**<br><br>4AC ¶ 262. | for trade secret misappropriation on January 9, 2020.<br><br>**Defendant's Reply**<br><br>This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 40. | Plaintiffs allege that O'Reilly and Lamego breached their confidentiality agreements by disclosing Plaintiffs' alleged trade secrets to Apple.<br><br>**Evidence**<br><br>4AC ¶¶ 228, 230, 232. | **Plaintiffs' Response**<br><br>Undisputed.<br><br>**Defendant's Reply**<br><br>Undisputed. |
| 41. | ████████████████<br>████████████<br>█████████████████<br>████████████████<br>████████████████<br>██████████████<br>████████<br><br>**Evidence**<br><br>████████████ | **Plaintiffs' Response**<br><br>Disputed.  Apple's citations do not support its alleged fact.  The Fourth Amended Complaint does not mention ████████  *See* FAC.  The complaint as a whole alleges facts sufficient to state a claim for misappropriation of trade secrets. *Id.*<br><br>**Defendant's Reply**<br><br>Plaintiffs appear to dispute SUF No. 41 purely because "[t]he Fourth Amended Complaint does not mention ████████████  However, as explained in Apple's reply brief, the Fourth Amended Complaint █████████████ ████████████████ |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
35

| | | |
|---|---|---|
| | | ███████████████████████<br>███████████ |
| 42. | Plaintiffs' complaint relies in part on Apple patent filings, including U.S. Patent No. 9,952,095 ('095 patent).<br>**Evidence**<br>4AC ¶ 263; Andrea Decl. Ex. 22 ('095 Patent). | **Plaintiffs' Response**<br>Undisputed that Masimo seeks correction of inventorship and declaratory judgment of ownership of the '095 patent. Masimo alleges that Apple requested non-publication of the application that led to the '095 patent. FAC ¶ 263.<br>**Defendant's Reply**<br>This fact is undisputed, as Plaintiffs do not identify any specific disagreement. |
| 43. | The '095 patent and the '726 publication both relate to light emitter technology used for health monitoring to increase reliability of biological readings.<br>**Evidence**<br>'095 Patent 2:3-34; '726 Publication ¶¶ 5-9. | **Plaintiffs' Response**<br>Disputed. The '726 publication is entitled "Reflective Surface Treatments for Optical Sensors." Ex. 15 at 1. The '095 patent is entitled "Methods and Systems for Modulation and Demodulation of Optical Signals." Ex. 22 at 1. Among other things, the '726 publication states: "This disclosure relates generally to sensor devices, and more particularly to electronic devices incorporating one or more optical sensing systems." Ex. 15 ¶ 2. Among other things, the '095 patent states: "The present invention relates generally to health monitoring systems, |

and more particularly to health monitoring devices that include one or more optical sensors." Ex. 22 at 1:17-19.  Apple has identified no "overlapping" material disclosing Masimo trade secrets that were included in Apple's publications in 2017 and later.

**Defendant's Reply**

It is unclear what portion of SUF No. 43 Plaintiffs dispute.  To the extent they generally take issue with Apple's characterization that both the '095 patent and the '726 publication "relate to light emitter technology used for health monitoring to increase reliability of biological readings," the cited passage from the '726 publication states that (1) "an electronic device such as a wearable fitness device can be positioned against the skin of a user's wrist (hereinafter the 'measurement site') and can obtain therefrom certain physiological data about the user," and (2) the "electronic device … can include an optical sensing system, … [which] can include a light emitter … for illuminating a measurement site of an object." Ex. 15 at ¶¶ 5-6.  Similarly, the cited passage from the '095 patent

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
37                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | | provides that embodiments (1) "may relate to … an electronic device including at least … a biometric sensor … including at least a plurality of light sources for emitting light toward the measurement site" and (2) "may relate to … a method of optical sensing, including at least the operations of emitting light toward a measurement site of a subject."  Ex. 21 at 2:7-13, 31-34. |
| 44. | Several figures in the '726 publication are identical or nearly identical to the figures in the '095 patent.<br><br>**Evidence**<br>'095 Patent fig. 1a-2b; '726 Publication fig. 1a-2b. | **Plaintiffs' Response**<br>Undisputed that Fig. la of the '726 publication is similar to Fig. la of '095 patent.  Undisputed that Fig. 1b of the '726 publication is similar to Fig. 1b of '095 patent.  Undisputed that Fig. 2b of the '726 publication is similar to Fig. 2b of '095 patent.  Apple has identified no "overlapping" material disclosing the Masimo trade secrets that were included in Apple's publications in 2017 and later.<br><br>**Defendant's Reply**<br>Plaintiffs do not dispute that "several figures in the '726 publication are identical or nearly identical to the figures in the '095 patent." |
| 45. | The '726 publication and '095 | **Plaintiffs' Response** |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
38                      CASE NO. 8:20-cv-00048-JVS (JDEx)

| | |
|---|---|
| share identical or nearly identical written description text. <br><br> **Evidence** <br><br> The similar passages for each document are highlighted in the exhibit copy. *Compare, e.g.*, '095 Patent 5:47-6:63 *with* '726 Publication ¶¶ 51-57. | Disputed.  Substantial differences exist between the '726 publication and the '095 patent.  Apple highlighted purportedly similar passages in the exhibit copies, leaving large swaths of text that is not highlighted.  *Compare, e.g.,* Ex. 15 ¶¶ 29-50 to Ex. 22 at 4:16-5:46.  The passages Apple cites do not support its alleged fact.  Apple has identified no "overlapping" material disclosing the Masimo trade secrets that were include in Apple's publications in 2017 and later. <br><br> **Defendant's Reply** <br><br> Plaintiffs do not appear to dispute that the highlighted passages in the exhibits share identical or nearly identical written text, and in any event, have not come forward with the kind of contrary evidence that would create a genuine dispute of material fact (e.g., highlighted passages that do not share text). *See AFMS*, 105 F. Supp. 3d at 1071; *supra* p. 2. |
| 46. | Plaintiffs were aware of Lamego's purported misappropriation by January 4, 2016. <br><br> **Evidence** <br><br> Andrea Decl. Ex. 19 at 19. | **Plaintiffs' Response** <br><br> Disputed.  Masimo's was not aware of Lamego's misappropriation by January 2016.  Apple's citations do not support its alleged fact.  Apple fails to show that |

Masimo had reason to believe Apple had actually misappropriated a trade secret prior to 2017.  Apple likewise fails to show that a reasonable investigation in 2014-2016 would have produced facts sufficient to justify bringing suit for misappropriation of trade secrets. Masimo could not have learned of Apple's misappropriation prior to 2017.  *See* Exs. F, H, N, O, P, Q, R, S, T, AA, BB; Exs. 1, 15, 20; FAC ¶ 231.

**Defendant's Reply**

Plaintiffs do not appear to dispute that in the parallel *True Wearables* case, they acknowledged they "'had … reason to suspect that Lamego may have acted deceptively by withholding information from Cercacor or its Board in his capacity as its CTO" based on a press release issued by True Wearables on January 4, 2016 "about developing a competing wireless pulse oximeter." Ex. 19 at 19.  Plaintiffs' remaining assertions about the state of their knowledge regarding Apple's purported misappropriation prior to January 2017 are addressed in Apple's reply brief.  *See* Reply Br. 7-16.

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)

## II.  ADDITIONAL PURPORTEDLY MATERIAL FACTS RAISED BY
   **PLAINTIFFS**

As reflected in the table below and in Apple's concurrently filed reply brief, Plaintiffs have failed to identify any genuine dispute of material fact that precludes this Court from entering summary judgment in Apple's favor.  Each of the purported facts referenced below falls into one of two categories.  ***First***, many are irrelevant to when Plaintiffs should have suspected Apple's purported misappropriation and thus do not constitute a *material* fact.  *See Morgan v. United States Soccer Fed'n*, 445 F. Supp. 3d 635, 651 (C.D. Cal. 2020) ("Facts are 'material' only if dispute about them may affect the outcome of the case under applicable substantive law."); *accord Ford v. Outhouse, Inc.*, 2019 WL 4540118, at *3 (C.D. Cal. May 15, 2019) ("Purported facts which are speculative, irrelevant, prejudicial, or which misstate evidence are not material[.]").  ***Second***, the remainder of the purported facts are insufficient to raise a genuine dispute of fact.  *See Patterson v. International Bhd. Of Teamsters, Loc. 959*, 121 F.3d 1345, 1350 (9th Cir. 1997) (plaintiff is required to "produce more than a 'mere scintilla' of evidence to avoid summary judgment").  In particular, a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

| No. | Plaintiffs' Purported Material Facts and Supporting Evidence | Defendant's Response |
|-----|-------------------------------------------------------------|----------------------|
| 1.  | ███████████████<br><br>██████████████████<br><br>██████████████<br><br>**Evidence**<br>Kiani Decl. ¶ 3. | **Defendant's Response**<br>Regardless of whether this point is disputed, it is not a material fact.  By Plaintiffs' and this Court's logic, events that occurred in January 2014 (when Lamego left Plaintiffs' employment) or |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
CASE NO. 8:20-cv-00048-JVS (JDEx)
41



| | | earlier predate when the purported misappropriation occurred and cannot resolve the question at issue—i.e., whether Plaintiffs had a reason to suspect the purported misappropriation *after it occurred.  See* Apple Reply Br. 7-8. |
|---|---|---|
| 2. | ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ ▉▉▉▉ **Evidence** Kiani Decl. ¶ 3. | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |
| 3. | ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ **Evidence** Ex. A. | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |
| 4. | ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉ | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |

Gibson, Dunn & Crutcher LLP



| | | Defendant's Response |
|---|---|---|
| | **Evidence** Ex. B at -107. | |
| 5. | **Evidence** Exs. U, V, W. | **Defendant's Response** As the three ▆▆▆▆ cited for this broad point are all from 2013, see response to Plaintiffs' Fact No. 1. |
| 6. | **Evidence** Ex. U. | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |
| 7. | **Evidence** | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
43                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | Ex. V at -707. | |
| 8. | ███████████████<br>███████████████<br>███████<br>**Evidence**<br>Ex. W. | **Defendant's Response**<br>As the ███████ cited for this point is from 2013, see response to Plaintiffs' Fact No. 1. |
| 9. | Apple designated the documents in Exhibits U, V, and W "Attorneys Eyes Only," thereby preventing Masimo from knowing the facts therein.<br>**Evidence**<br>Exs. U, V, W. | **Defendant's Response**<br>Apple does not dispute that it designated Exhibits U, V, and W, as "Attorneys' Eyes Only."  Regardless, this is not a material fact, as whether Apple designated three documents as confidential *after* Plaintiffs filed suit in January 2020 is irrelevant to Plaintiffs' knowledge of Apple's purported misappropriation between 2014 and 2016. |
| 10. | After the 2013 Masimo-Apple meeting, Masimo learned Apple was recruiting its employees.<br>**Evidence**<br>Ex. Y. | **Defendant's Response**<br>Apple does not dispute that ████████<br>███████████████<br>███████████████<br>However, this fact is not material for the reasons explained in the response to Plaintiffs' Fact No. 1. |
| 11. | ███████████████<br>███████████<br>██████████<br>███████████████ | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 1. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
44                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| ████████████████ ████████████ ████████████ ███████████████ ██████████████ █████████████ ████ **Evidence** Ex. Y; Kiani Decl. ¶ 4. | | |
| 12. | ███████████ ████████████████ ███████████████ ███████████████ ██████████████ ████ **Evidence** Ex. Y; Kiani Decl. ¶ 4. | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |
| 13. | Apple first reached out to Lamego in early 2013. **Evidence** Ex. C at -520. | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |
| 14. | In October 2013, Lamego wrote an email to Cook at 1:00 am. **Evidence** Ex. C at -520. | **Defendant's Response** See response to Plaintiffs' Fact No. 1. |
| 15. | Lamego told Cook he believed | **Defendant's Response** |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
45                          CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | Apple could solve two aspects of patient monitoring on its own, but needed him to solve the "patient equation."  Lamego explained that was the "deceptive part" because it is "easy to develop" medical products for most users, but "extremely more complex" to do so for all users.  In exchange for a "senior technical executive position," Lamego claimed he could solve the deceptive patient equation for Apple, referencing his "10 years" at Masimo and Cercacor.<br><br>**Evidence**<br>Ex. C at -520. | See response to Plaintiffs' Fact No. 1. |
| 16. | By 10:30 a.m. the same morning that Lamego wrote to Cook, Apple's Director of Recruiting responded: "I saw your note to Tim Cook" and referred Lamego to Apple's executive recruiting team.<br><br>**Evidence**<br>Ex. C at -520. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 1. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
46
CASE NO. 8:20-cv-00048-JVS (JDEx)



| 17. | ▆▆▆▆▆▆▆▆ | **Defendant's Response** |
|---|---|---|
| | ▆▆▆▆▆▆▆▆ | See response to Plaintiffs' Fact No. 1.  In addition, statements made ▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆ are irrelevant to the question of whether *Plaintiffs* had a reason to suspect misappropriation.  *See Cypress Semiconductor Corp. v. Superior Court*, 163 Cal. App. 4th 575, 587 (2008) (constructive notice turns "not upon the defendant's actual state of mind but upon the plaintiff's suspicions"). |
| | **Evidence** Ex. D at -235. | |
| 18. | ▆▆▆▆▆▆▆▆ | **Defendant's Response** |
| | ▆▆▆▆▆▆▆▆ | See response to Plaintiffs' Fact No. 1. In addition, this fact is irrelevant because Plaintiffs' own evidence established ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆ ▆▆▆▆▆ |
| | **Evidence** Ex. T. | |
| 19. | Masimo had no knowledge that Lamego wrote to Cook in October 2013 until the Court in *Masimo v. True Wearables* ordered it to be filed publicly in 2021. **Evidence** Ex. C. | This is not a material fact, as whether Plaintiff Masimo had knowledge of a specific email *after* Plaintiffs filed suit in 2020 is irrelevant to Plaintiffs' knowledge of Apple's purported misappropriation between 2014 and 2016.  In any event, this purported fact does not create a genuine dispute because the cited exhibit is just the |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
47
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | October 2013 email itself. There is no indication on the document's face when Plaintiffs became aware of the communication. |
|---|---|---|
| 20. | ████████████<br>██████████<br>███████<br>█████████████<br>████████████<br>████<br><br>**Evidence**<br>Kiani Decl. ¶ 9; Ex. 20 at -209. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 1. |
| 21. | ███████████████<br>██████████<br>██████████<br>███████<br>███████████████<br>██████<br>██████<br><br>**Evidence**<br>Kiani Decl. ¶ 9; *see also* Ex. 20 at -209. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 1. In addition, this purported fact does not raise a genuine dispute for the reasons explained in Apple's reply brief. *See* Reply Br. 9-10. |
| 22. | Based on Lamego's assurances and Masimo's letter to Apple, Masimo hoped Apple would not induce or allow Lamego to use | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 21. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
48                            CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | Masimo's trade secrets.<br><br>**Evidence**<br><br>Ex. 1. | |
| 23. | Masimo also sent a standard letter to Apple to try to ensure that Apple was not seeking any trade secrets from Lamego.  The letter attached a copy of Lamego's employment agreement and asked Apple to "refrain from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple."  Masimo asked Apple to "direct Mr. Lamego to honor his obligations to all of his prior employers."<br><br>**Evidence**<br><br>Ex. 1. | **Defendant's Response**<br><br>Undisputed, with the exception of the word "standard" to describe the letter.  The letter was tailored to address Masimo's specific concerns with respect to Lamego. |
| 24. | ███████████████████<br>█████████████<br>███████████████████<br>███████████████<br>████████<br><br>**Evidence**<br><br>Ex. F. | **Defendant's Response**<br><br>For the reasons explained in Apple's briefing, this purported fact is not material and does create not a genuine dispute. Reply Br. 9-10. |
| | ███████████████████ | **Defendant's Response** |

Gibson, Dunn &<br>Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
49
CASE NO. 8:20-cv-00048-JVS (JDEx)



| 25. | ▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬<br>▬▬▬<br>**Evidence**<br>Ex. F. | See response to Plaintiffs' Fact No. 24. |
| 26. | ▬▬▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬<br>**Evidence**<br>Ex. F. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 24. |
| 27. | ▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬<br>▬▬▬▬▬<br>▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬<br>▬▬<br>**Evidence**<br>Ex. F. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 24. |
| 28. | ▬▬▬▬▬▬ | **Defendant's Response** |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
50                    CASE NO. 8:20-cv-00048-JVS (JDEx)



| | | See response to Plaintiffs' Fact No. 24. |
|---|---|---|
| | **Evidence**<br>Ex. F. | |
| 29. | **Evidence**<br>Kiani Decl. ¶¶ 6-7. | **Defendant's Response**<br>For the reasons explained in Apple's briefing, this purported fact is not material and does not create a genuine dispute. Reply Br. 10-11. |
| 30. | **Evidence**<br>Exs. G, I, J, K, L, M. | **Defendant's Response**<br>For the reasons explained in Apple's briefing, this purported fact is not material and does create not a genuine dispute. Reply Br. 10-11. As to Exhibit G in particular, the fact that Kiani assisted one of O'Reilly's family members with a personal medical issue is irrelevant to whether Plaintiffs suspected O'Reilly of misappropriation. |
| 31. | | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 30. |

Gibson, Dunn & Crutcher LLP



| | |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ **Evidence** Ex. G. | |
| 32. ▮▮▮▮▮▮▮▮▮ ▮▮▮▮ **Evidence** Ex. I. | **Defendant's Response** See response to Plaintiffs' Fact No. 30. |
| 33. ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮ **Evidence** Exs. J, K, L. | **Defendant's Response** See response to Plaintiffs' Fact. No. 30. |
| 34. ▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮ **Evidence** Ex. M. | **Defendant's Response** See response to Plaintiffs' Fact No. 30. |
| 35. ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮ **Evidence** Kiani Decl. ¶¶ 7-9. | **Defendant's Response** It is unclear what Plaintiffs mean by ▮▮▮▮▮▮▮ To the extent that they are referring to January 2014 and before, please see the response to Plaintiffs' Fact No. 1. To the extent that Plaintiffs are referring to a time period |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
52
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | | after January 2014, the three cited paragraphs from the Kiani declaration are too vague and conclusory to raise a genuine dispute. *See* Apple Reply Br. 7-8. |
| 36. | Apple concealed its misappropriation of Masimo's trade secrets until 2017 and later.<br>**Evidence**<br>Exs. H, N, O, P, Q, R, S, T, AA, BB, Ex. 15; FAC ¶ 231. | | **Defendant's Response**<br>The cited evidence does not create a genuine dispute of material fact over the statute of limitations question. First, Exhibits N, O, P, Q, and AA are Apple press releases and publications that do not create a genuine dispute over whether Plaintiffs were on notice of Apple's purported misappropriation. *See* Apple Reply Br. 11-12. Second, Exhibits H, S, and BB are ██████████ ███████████████████████ ████████████████████████ ██████████████████████ ██████████████ ██████████████████████ ████████████████████ ████████████████████ █████████████. *See* Reply Br. 14-15. Third, Exhibit T is a ████████████ ████████████████ ████████████████████ |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
53
CASE NO. 8:20-cv-00048-JVS (JDEx)



*See* Reply Br. 14-15.  Fourth, Exhibit R merely lists the bare fact that Apple requested nonpublication of three patent applications and Plaintiffs have not identified any evidence in the record that suggests Apple requested nonpublication to hide their contents from Plaintiffs. Reply Br. 11.  Fifth, Exhibit 15 is the '726 publication, which was published in March 2016 and which Plaintiffs (erroneously) argued is irrelevant to their knowledge of Apple's misappropriation. *See supra* pp. 18-22, 36-39.  Finally, paragraph 231 of the Fourth Amended Complaint cannot as a matter of law preclude summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (at summary judgment, party "may not rest upon the mere allegations or denials of his pleading").

| 37. | | **Defendant's Response** |
|---|---|---|
| | | See response to Plaintiffs' Fact No. 36. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
54
CASE NO. 8:20-cv-00048-JVS (JDEx)



| | | |
|---|---|---|
| | ▉▉▉▉▉▉▉▉<br>▉▉▉▉▉<br>**Evidence**<br>Ex. S. | |
| 38. | ▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉<br>▉▉▉▉▉▉<br>▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉<br>▉▉▉▉▉<br>**Evidence**<br>Ex. S. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 36. |
| 39. | ▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉<br>**Evidence**<br>Ex. BB. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 36. |
| 40. | ▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉<br>**Evidence**<br>Ex. H. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 36. |
| 41. | Apple requested the Patent Office refrain from publishing the patent applications that Masimo alleges contain Masimo's trade secrets. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 36. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
55                                       CASE NO. 8:20-cv-00048-JVS (JDEx)

| | **Evidence** Ex. R. | |
|---|---|---|
| 42. | Apple selectively requested the Patent Office refrain from publishing the patent applications discussed in the proceeding fact to prevent Masimo from learning of its misappropriation. **Evidence** Ex. R. | **Defendant's Response** See response to Plaintiffs' Fact No. 36. |
| 43. | Apple allowed other Lamego patent applications to publish in the ordinary course, which neither Masimo nor Apple has alleged contain Masimo's trade secrets. **Evidence** *See*, *e.g.*, Ex. 15. | **Defendant's Response** See response to Plaintiffs' Fact No. 36. |
| 44. | Apple did not publish details on its healthcare initiatives until 2017 and later. **Evidence** Exs. N, O, P, Q, AA. | **Defendant's Response** See response to Plaintiffs' Fact No. 36.  In addition, this assertion ignores that Apple undisputedly published information on ResearchKit in 2015.  *See* Apple Reply Br. 11-12. |
| 45. | Apple launched its "Healthcare" website in March of 2017. **Evidence** Ex. N. | **Defendant's Response** See response to Plaintiffs' Fact No. 36. |

Gibson, Dunn & Crutcher LLP

Reply To Statement Of Genuine Disputes Of Fact And iso Apple's Summary Judgment Mot.
56
Case No. 8:20-cv-00048-JVS (JDEx)

| 46. | Apple published its first "Health" press release in January 2018.<br><br>**Evidence**<br>Ex. O. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 44. |
|---|---|---|
| 47. | In December 2018, Apple announced that it received its first FDA clearance for an application on the Apple Watch. The announcement stated: "the ECG app on Apple Watch Series 4 marks the first direct-to-consumer product that enables customers to take electrocardiogram right from their wrist" to "provide critical data to physicians."<br><br>**Evidence**<br>Ex. P. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |
| 48. | Before 2018, Apple had not received FDA clearance for any aspect of the Apple Watch.<br><br>**Evidence**<br>Ex. P. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |
| 49. | The initial Apple Watch website did not focus on healthcare features.<br><br>**Evidence**<br>Ex. Q, AA. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
57                                              CASE NO. 8:20-cv-00048-JVS (JDEx)

| 50. | Prior to the Series 4, the pulse rate feature of the Apple Watch had significant performance issues.<br><br>**Evidence**<br>Ex. Z. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |
|---|---|---|
| 51. | Apple did not focus on the Apple Watch's health features before 2018 because the non-invasive physiological measurement features had significant performance issues.<br><br>**Evidence**<br>Ex. Z. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |
| 52. | In 2018, Apple released an updated Series 4 watch that solved some of the earlier performance issues.<br><br>**Evidence**<br>Ex. Z. | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |
| 53. | Apple touted performance improvements  by referring to the Series 1-3 watches as having an "optical heart sensor" while the Series 4 and later devices have a "second-generation optical heart sensor."<br><br>**Evidence** | **Defendant's Response**<br><br>See response to Plaintiffs' Fact No. 36. |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
58                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | Ex. Z. | |
|---|---|---|
| 54. | Apple built on those technologies with later versions of the watch, including the Series 6 in 2020 that purports to measure oxygen saturation.<br><br>**Evidence**<br>Ex. Z. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 36. |
| 55. | Apple argued the Second Amended Complaint "confirms that Plaintiffs do not have a valid trade secret claim against Apple."<br><br>**Evidence**<br>Dkt. 121 at 1, 2. | **Defendant's Response**<br>As explained in Apple's briefing, Apple's position regarding the merits of Plaintiffs' trade secret claim after this suit was filed in January 2020 is not material to whether Plaintiffs had reason to suspect misappropriation between 2014 and 2016. Reply Br. 9. |
| 56. | Apple argued Masimo must be relying on "inevitable disclosure" because it did not have enough facts to bring suit.<br><br>**Evidence**<br>Dkt. 121 at 16-17. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 55. |
| 57. | Apple argued the complaint should be dismissed with prejudice because Masimo had no factual basis for filing suit.<br><br>**Evidence** | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 55. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
59
CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | Dkt. 121 at 18 ("If Plaintiffs have a basis to plead that Apple misappropriated any of their trade secrets, Plaintiffs would have done so by now—allowing further amendment would be futile"). | |
| 58. | In December 2020, Apple again argued Masimo had insufficient facts to bring suit and must be improperly relying on the doctrine of inevitable disclosure.<br><br>**Evidence**<br>*See* Dkt. 241 at 24. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 55. |
| 59. | Apple argued that, if Masimo had a "valid" claim, it would have "specified the alleged trade secrets long ago and alleged a colorable misappropriation theory—they have not."<br><br>**Evidence**<br>Dkt. 241 at 2, 25. | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 55. |
| 60. | In March 2021, Apple again argued that Masimo lacked facts sufficient to bring suit.<br><br>**Evidence**<br>Dkt. 312; Dkt. 329 at 1 ("At this point it is apparent that these | **Defendant's Response**<br>See response to Plaintiffs' Fact No. 55. |

Gibson, Dunn & Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
60                        CASE NO. 8:20-cv-00048-JVS (JDEx)

| | amended trade secret claims are not viable"). | |
|---|---|---|
| 61. | Apple claimed Masimo had no basis for bringing suit and must be relying on inevitable disclosure. **Evidence** Dkt. 312 at 17 n. 8. | **Defendant's Response** See response to Plaintiffs' Fact No. 55. |
| 62. | The Court largely denied Apple's final motion but granted a portion of the motion. **Evidence** Dkt. 361 at 11 (explaining "[t]he vast majority of Plaintiffs' claims have survived dismissal"). | **Defendant's Response** See response to Plaintiffs' Fact No. 55. |
| 63. | Apple's Opposition to Masimo's Motion for Preliminary Injunction argued that Motion was "the latest in a series of allegations premised on rank speculation that flout California law." **Evidence** Dkt. 150 at 2. | **Defendant's Response** See response to Plaintiffs' Fact No. 55. |

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
61                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

1

2

3

4    Dated: January 18, 2022                    Respectfully submitted,

5                                               JOSHUA H. LERNER
                                                H. MARK LYON
6                                               BRIAN M. BUROKER
                                                BRIAN A. ROSENTHAL
7                                               ILISSA SAMPLIN
                                                ANGELIQUE KAOUNIS
8                                               BRIAN ANDREA
                                                GIBSON, DUNN & CRUTCHER LLP
9
                                                MARK D. SELWYN
10                                              WILMER CUTLER PICKERING
                                                  HALE AND DORR LLP
11

12
                                                By:  /s/ Mark D. Selwyn
13                                                     Mark D. Selwyn

14
                                                Attorneys for Defendant Apple Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

REPLY TO STATEMENT OF GENUINE DISPUTES OF FACT AND ISO APPLE'S SUMMARY JUDGMENT MOT.
62                              CASE NO. 8:20-cv-00048-JVS (JDEx)