1   JOSHUA H. LERNER, SBN 220755
       jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street Suite 3000
3   San Francisco, CA 94105
    Tel.: 415.393.8200 / Fax: 415.393.8306
4
    H. MARK LYON, SBN 162061
5      mlyon@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   1881 Page Mill Road
    Palo Alto, CA 94304-1211
7   Tel.: 650.849.5300 / Fax: 650.849.5333

8   BRIAN M. BUROKER, *pro hac vice*
       bburoker@gibsondunn.com
9   BRIAN K. ANDREA, *pro hac vice*
       bandrea@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
11  Washington, D.C. 20036
    Tel.: 202.955.8500 / Fax: 202.467.0539

12  [Counsel appearance continues on next page]

13  *Attorneys for Defendant Apple Inc.*

14

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| 17  MASIMO CORPORATION, a Delaware corporation; and 18  CERCACOR LABORATORIES, INC., a Delaware corporation, 19                                   Plaintiffs, 20        v. 21  APPLE INC., a California corporation, 22                                   Defendant. 23 | CASE NO. 8:20-cv-00048-JVS (JDEx) **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE** <u>Hearing</u> Date: February 7, 2022 Time: 1:30pm Courtroom: 10C Judge: Hon. James V. Selna |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE                                    CASE NO. 8:20-cv-00048-JVS (JDEX)
ACTIVEUS 192056634V.3

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE                    CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ......................................................................................................... 2

    A.   Plaintiffs Have Failed To Establish A Genuine Dispute Of Material Fact Over Whether They Had Constructive Notice Of Their Trade Secret Claim By January 2017 ..................................................................... 2

        1.   Plaintiffs Are Wrong About Both The Burden Of Proof And The Legal Standard For Constructive Notice ................................. 2

        2.   Plaintiffs Have Failed To Meet Their Burden To Establish A Genuine Question Of Material Fact Over Whether They Were On Constructive Notice Of Apple's Purported Misappropriation ................................................................................. 7

    B.   If Summary Judgment Is Not Granted, This Court Should Bifurcate The Trial On The Statute Of Limitations Question ................................. 16

III.    Conclusion ........................................................................................................... 18

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE          i          CASE NO. 8:20-cv-00048-JVS (JDEx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aholelei v. Department of Public Safety*,
    488 F.3d 1144 (9th Cir. 2007) ..................................................................9

*Alamar Biosciences Inc. v. Difco Labs. Inc.*,
    1996 WL 648286 (E.D. Cal. Oct. 13, 1995) .............................................3, 6

*Anagnostellis v. Pitney Bowes Inc.*,
    2013 WL 8840335 (C.D. Cal. Mar. 5, 2013) ..........................................3, 4, 7

*Brocade Communications System v. A10 Networks, Inc.*,
    873 F. Supp. 2d 1192, 1217 (N.D. Cal. 2012) ...........................................12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .............................................................................3, 4

*City of Los Angeles v. San Pedro Boat Works*,
    2008 WL 11334051 (C.D. Cal. Apr. 28, 2008)............................................6

*Comil USA, LLC v. Cisco Systems, Inc.*,
    575 U.S. 632 (2015) ..............................................................................16

*Cypress Semiconductor Corp. v. Superior Court*,
    163 Cal. App. 4th 575 (2008)................................................................5, 9

*Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*,
    305 F.3d 1303 (Fed. Cir. 2002) .............................................................11

*Emazing Lights, LLC v. Ramiro Montes de Oca*,
    2016 WL 3475330 (C.D. Cal. May 3, 2016)..............................................14

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005).............................................................................6

*FTC v. Publishing Clearing House, Inc.*,
    104 F.3d 1168 (9th Cir. 1997).................................................................8

*Gabriel Techs. Corp. v. Qualcomm, Inc.*,
    857 F. Supp. 2d 997 (S.D. Cal. 2012) ...............................................1, 3, 4, 7

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE          ii          CASE NO. 8:20-cv-00048-JVS (JDEx)

*Hansen v. United States*,
    7 F.3d 137 (9th Cir. 1993) ........................................................................ 8

*Hays v. VDF Futureceuticals, Inc.*,
    2016 WL 5660395 (D. Haw. Sept. 28, 2016) .................................... 1, 5

*Henrich v. Ethicon, Inc.*,
    2021 WL 2801961 (D. Nev. Apr. 15, 2021) .................................... 18

*Herremans v. BMW of N. Am., LLC*,
    2014 WL 5017843 (C.D. Cal. Oct. 3, 2014) .................................... 6

*Highmark Digital, Inc. v. Casablanca Design Centers, Inc.*,
    2020 WL 2114940 (C.D. Cal. Mar. 26, 2020) ............................ 12

*Hirst v. Gertzen*,
    676 F.2d 1252 (9th Cir. 1982) .................................................. 18

*Jolly v. Eli Lilly & Co.*,
    44 Cal.3d 1103 (1988) .......................................................... 4

*Lujan v. National Wildlife Fed'n*,
    497 U.S. 871 (1990) ............................................................. 8

*Memry Corp. v. Kentucky Oil Tech. N.V.*,
    2005 WL 8162558 (N.D. Cal. Apr. 8, 2005) .......................... 10

*Memry Corp. v. Kentucky Oil Tech. N.V.*,
    2007 WL 2746736 (N.D. Cal. Sept. 20, 2007) ...................... 10

*Morgan v. United States Soccer Fed'n, Inc.*,
    445 F. Supp. 3d 635 (C.D. Cal. 2020) ................................... 9

*Norgart v. Upjohn Co.*,
    21 Cal. 4th 383 (Cal. 1999) ................................................. 5

*O'Connor v. Boeing N. Am., Inc.*,
    311 F.3d 1139 (9th Cir. 2002) ................................... 1, 3, 4, 6

*Pacific Dawn LLC v. Pritzker*,
    831 F.3d 1166 (9th Cir. 2016) ............................................. 2

*Patterson v. International Brotherhood of Teamsters, Loc. 959*,
    121 F.3d 1345 (9th Cir. 1997) ............................................. 9

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE    iii    CASE NO. 8:20-cv-00048-JVS (JDEx)

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1056 (9th Cir. 2008) ....................................................................4, 5

*SAS Institute, Inc. v. Iancu*,
    138 S. Ct. 1348 (2018) ................................................................................16

*Teledyne Risi, Inc. v. Martin-Baker Aircraft Co.*,
    2017 WL 9831402 (C.D. Cal. Sept. 7, 2017) ...........................................3, 13

*Wang v. Palo Alto Networks, Inc.*,
    2014 WL 1410346 (N.D. Cal. Apr. 11, 2014) ...........................................3, 15

*Whyte v. Schalge, Lock Co.*,
    101 Cal. App. 4th 1443 (2002) ......................................................................8

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) ...................................1, 3, 5, 10, 15

**OTHER AUTHORITIES**

Cal. Civ. Jury Instruction No. 455 ............................................................................3

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE          iv          CASE NO. 8:20-cv-00048-JVS (JDEx)

# I.   **INTRODUCTION**

Plaintiffs' opposition to Apple's motion for partial summary judgment is both wrong on the law and unsuccessful in its attempt to engineer genuine issues of material fact based on illusory or immaterial disputes.

As to the law, because it is undisputed that Apple's purported misappropriation occurred more than three years prior to when this suit was filed, it is *Plaintiffs* that have the burden of proving that an exception to the normal statute of limitations applies. Plaintiffs must "come forward with evidence establishing a triable issue of fact with regard to whether the discovery rule applies" (i.e., that they did not have at least constructive notice of the purported misappropriation). *See O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002); *accord Gabriel Techs. Corp. v. Qualcomm, Inc.*, 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012). And despite Plaintiffs' protestations, even their own authority establishes they were on notice as soon as they "'ha[d] a suspicion of wrongdoing.'" *See* Mot. 1 (quoting *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1102 (C.D. Cal. 2016)); *accord Hays v. VDF Futureceuticals, Inc.*, 2016 WL 5660395, at *3 (D. Haw. Sept. 28, 2016) ("'Once the plaintiff has a suspicion of wrongdoing and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.'").

As to the facts, Plaintiffs have failed to meet their burden to show that there is a genuine dispute regarding whether they had constructive notice of Apple's purported misappropriation prior to January 2017. They have not, for example, presented any evidence regarding when and how they discovered the purported misappropriation, or even specific evidence explaining why the misappropriation could not have been discovered sooner by reasonable inquiry. Plaintiffs' only direct evidence about their state of mind prior to 2017 is a ███████ declaration from Masimo CEO Joe Kiani, which focuses almost exclusively ████████████████████████████████████ ███████████████████████████. And Plaintiffs have not disputed that during 2014-2016 ████████████████████████████████████████████████ (2) Lamego's

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE    1    CASE NO. 8:20-cv-00048-JVS (JDEx)

1   and O'Reilly's names were linked to Apple's healthcare technology, and (3) ▮▮▮▮
2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3        Finally, even if this Court concludes Plaintiffs have established a genuine issue of
4   material fact regarding the statute of limitations that must be tried before a jury, this
5   Court should bifurcate this case to allow a jury to make that determination.  Resolving
6   the statute of limitations question in Apple's favor would save substantial time and
7   resources, as it would require dismissal of Plaintiffs' complex trade secret claim, which
8   has been the chief focus of discovery to date.  Plaintiffs' assertion that Apple would not
9   be prejudiced by raising the statute of limitations and the flaws of Plaintiff's affirmative
10  case in the same proceeding is rebutted by Plaintiffs' own brief, which (improperly)
11  attempts to leverage Apple's past statements about the merits to defeat the present
12  motion.

## II.    ARGUMENT

A.   **Plaintiffs Have Failed To Establish A Genuine Dispute Of Material Fact Over Whether They Had Constructive Notice Of Their Trade Secret Claim By January 2017**

1.   **Plaintiffs Are Wrong About Both The Burden Of Proof And The Legal Standard For Constructive Notice**

19       As Apple explained, once a moving party demonstrates that the other side's suit
20  was filed outside of the three-year statute of limitations for trade secret claims, the
21  burden shifts to the non-moving party to establish that an exception to the statute of
22  limitations applies—here, the discovery rule. Mot. 8.[1]  To prevail at this stage, Plaintiffs
23  must put forth evidence showing that there is a genuine dispute of material fact over
24  whether they were on constructive notice of their trade secret claim prior to January

[1] Plaintiffs' opposition does not invoke any other potential exception to the statute of limitations, and it is now too late for them to do so. *See Pacific Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (Plaintiffs' "argument was waived" because they "did not raise that argument to the district court in their … opposition to the defendant's motion for summary judgment.").

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE   2         CASE NO. 8:20-cv-00048-JVS (JDEx)

1    2017.  Mot. 8, 12.  Under California law, a plaintiff has constructive notice of a potential

2    misappropriation claim when it "'has a **suspicion** of wrongdoing, and therefore an

3    incentive to sue.'"  Mot. 1, 8-9 (emphasis added) (quoting *Wolf*, 167 F. Supp. 3d at

4    1102).

5            Plaintiffs make two basic arguments in response, neither of which is persuasive.

6    *First*, Plaintiffs contend that *Apple* has the burden to prove "as a matter of law" that

7    Plaintiffs had constructive notice.  Opp. 10-11.  Plaintiffs fail to cite any relevant

8    authority for this point, almost certainly because their argument "misconstrue[s] the

9    parties' respective burdens."  *Anagnostellis v. Pitney Bowes Inc.*, 2013 WL 8840335, at

10   *4 (C.D. Cal. Mar. 5, 2013).  "Since it is undisputed that the alleged misappropriation

11   of trade secrets took place outside the limitations period" (i.e., three years before the suit

12   was filed in January 2020), it is *Plaintiffs* that "'have the burden of proving the facts

13   necessary'" to "delay the start of the statute of limitations period."  *See Gabriel Techs.*

14   *Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012).  In other words,

15   "[b]ecause Plaintiffs have the burden of proof at trial to establish that they are entitled

16   to the benefit of the discovery rule, to defeat summary judgment they [a]re required to

17   come forward with evidence establishing a triable issue of fact with regard to whether

18   the discovery rule applies."  *O'Connor*, 311 F.3d at 1150 (citing *Celotex Corp. v. Catrett*,

19   477 U.S. 317, 323 (1986)); *see Wang v. Palo Alto Networks, Inc.*, 2014 WL 1410346, at

20   *5 (N.D. Cal. Apr. 11, 2014) (applying this principle to California trade secrets claim);

21   *Wolf*, 167 F. Supp. 3d at 1092 (same); *Gabriel Techs.*, 857 F. Supp. 2d at 1003 (same);

22   *Alamar Biosciences Inc. v. Difco Labs. Inc.*, 1996 WL 648286, at *3 (E.D. Cal. Oct. 13,

23   1995) (same); *see also Teledyne Risi, Inc. v. Martin-Baker Aircraft Co.*, 2017 WL

24   9831402, at *4 (C.D. Cal. Sept. 7, 2017) (placing burden on defendant raising California

25   trade secret counterclaim to show discovery rule applied).[2]

26   _____

27   [2] This principle also appears in California's model jury instructions.  *See* Cal. Civ. Jury
     Instruction No. 455 (if plaintiff's "claimed harm occurred" outside the limitations

28

Gibson, Dunn &
Crutcher LLP

This rule placing the burden on the plaintiff to establish that the discovery rule applies exists for good reason: "Knowledge of the facts that led a plaintiff to believe it was appropriate and necessary to bring a claim is a matter peculiarly within the knowledge of the plaintiff." *O'Connor*, 311 F.3d at 1157. Accordingly, Plaintiffs cannot prevail on summary judgment under "the delayed discovery rule … by merely attacking Defendant's evidence[;] Plaintiff[s] must submit [their] own affirmative evidence." *Anagnostellis*, 2013 WL 8840335, at *4. Specifically, Plaintiffs must at least "show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Gabriel Techs.*, 857 F. Supp. 2d at 1003.[3]

*Second*, Plaintiffs urge that establishing constructive notice requires showing not merely that Plaintiffs suspected misappropriation, but also that they "could have learned facts sufficient to justify bringing suit" had they conducted a reasonable inquiry prior to January 2017—i.e., that there was "public information in 2014-2016 [that] would have showed Apple misappropriated" Plaintiffs' trade secrets. Opp. 19-20 (capitalization omitted). That, too, is not the law, and seeks to create a hurdle to entry of summary judgment that does not exist. Rather, "'once the plaintiff *has a suspicion of wrongdoing* and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.'" *Gabriel Techs.*, 857 F. Supp. 2d at 1003 (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988) (emphasis added)). This standard is met when the plaintiff "'at least suspects a factual basis, as opposed to a legal theory, for [the claim's] elements, even if he lacks knowledge thereof.'" *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1056, 1057 (9th Cir. 2008) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-

---

period, plaintiff's "lawsuit was still filed on time if [plaintiff] proves that … [it] did not know of facts that would have caused a reasonable person to suspect [] that … it[] had suffered harm that was caused by someone's wrongful conduct").

[3] The cases Plaintiffs cite for their burden argument merely discuss the generic summary judgment standard. Opp. 10. *Celotex* actually undermines their position: it rejected the argument that "the burden is on the [moving] party … to produce evidence showing the absence of a genuine issue of material fact … with respect to an issue on which the nonmoving party bears the burden of proof." 477 U.S. at 325.

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE     4     CASE NO. 8:20-cv-00048-JVS (JDEx)

398 (Cal. 1999)).  The statute of limitations thus begins to run when "simply put, [a plaintiff] at least suspects that someone has done something wrong to him, wrong being used, not in any technical sense, but rather in accordance with its lay understanding." *Id.* (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-398 (Cal. 1999)); *see also Wolf*, 167 F. Supp. 3d at 1103 (fact that plaintiff "thought there w[ere] no grounds to pursue legal action" insufficient to establish she lacked a reasonable suspicion of wrongdoing).

Plaintiffs fail to identify any case applying California law that has adopted their preferred two-part test for constructive notice.  They rely heavily on a single sentence from Hays, 2016 WL 5660395, at *3, but Hays did not purport to divide the constructive notice inquiry into two parts.  To the contrary, it acknowledged that (1) "[u]nder California's discovery rule, a suspicion of wrongdoing will trigger the statute of limitations" and (2) cited much of the same case law as Apple has (e.g., Gabriel, Jolly, and Cypress Semiconductor Corp. v. Superior Court, 163 Cal. App. 4th 575, 586 (2008)).  Hays, 2016 WL 5660395 at *3 (emphasis added).  While this Court's motion to dismiss ruling cited Hays in passing, the Court said nothing indicating it adopted Plaintiffs' unsupported reading of that decision.  See Ex. 23 at 5.

The remaining cases Plaintiffs cite are even further afield.  Plaintiffs invoke language from *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 815 (2005), but that case dealt with a very different factual scenario—i.e., where a malpractice plaintiff was aware he had been harmed, but did not have reason to suspect that the harm was caused by a defective product and not the surgeon alone.  *See Fox*, 35 Cal. at 813 (holding discovery rule applies "if a plaintiff's reasonable and diligent investigation discloses only one kind of wrongdoing when the injury was actually caused by tortious conduct of a wholly different sort"); *see also Platt*, 522 F.3d at 1056 (distinguishing *Fox* where there was no question that defendant caused plaintiffs' harm).  In any event, *Fox* expressly recognized that *Jolly* and *Norgart* remained good law, and explained that they

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE          5          CASE NO. 8:20-cv-00048-JVS (JDEx)

were inapplicable on *Fox*'s facts because "the plaintiffs [in those two cases] suspected or had reason to suspect" what had caused their injury. *Fox*, 35 Cal. at 810-811, 814.

Finally, the passage Plaintiffs quote from *Alamar* appears to be discussing the separate "fraudulent concealment" exception to the statute of limitations—a tolling theory that Plaintiffs do not clearly raise in their opposition, likely because it requires evidence of "affirmative deceptive conduct" by the defendant. *Compare Alamar*, 1996 WL 648286, at *3, *with Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, at *5 (C.D. Cal. Oct. 3, 2014) (discussing fraudulent concealment doctrine). At most, the language in *Alamar* is simply a restatement of the principle that it is plaintiff's burden to show that it could not have developed a reasonable suspicion of misappropriation any earlier even if it had exercised reasonable diligence. *See supra* pp. 3-4.

Plaintiffs' error may have resulted from the fact that the test for constructive notice under *federal law* is different (and more generous to a slow-moving plaintiff) than the test for constructive notice under *state law*. *See City of Los Angeles v. San Pedro Boat Works*, 2008 WL 11334051, at *7-8 (C.D. Cal. Apr. 28, 2008). It is the federal standard that asks (1) "whether a reasonable person in Plaintiffs' situation would have been expected to inquire about the cause of his or her injury" and (2) if so, "whether an inquiry would have disclosed the nature and cause of plaintiff's injury as to put him on notice of his claim." *O'Connor*, 311 F.3d at 1150; *compare* Opp. 1 (asserting Apple must show "(1) Masimo had reason to believe misappropriation had actually occurred and (2) a reasonable investigation would have revealed a sufficient factual basis to bring suit"). Under the state standard, suspicion alone—which Plaintiffs undeniably had—is enough. *O'Connor*, 311 F.3d at 1148.

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE          6          CASE NO. 8:20-cv-00048-JVS (JDEx)

2.  **Plaintiffs Have Failed To Meet Their Burden To Establish A Genuine Question Of Material Fact Over Whether They Were On Constructive Notice Of Apple's Purported Misappropriation**

As Apple has explained, (1) there is no dispute that the purported misappropriation occurred more than three years before this suit in January 2020, and (2) there is no genuine dispute of material fact that Plaintiffs had reason to suspect Apple's purported misappropriation by late 2016. Mot. 9-14.

a.  **Plaintiffs Have Not Come Forward With Evidence That Creates A Genuine Issue Of Material Fact**

Plaintiffs devote most of their opposition to attorney argument in the form of quibbles with Apple's evidence. These efforts are mere distractions. Plaintiffs "cannot invoke the delayed discovery rule on a motion for summary judgment by merely attacking Defendant's evidence," but must "submit [their] own affirmative evidence," *Anagnostellis*, 2013 WL 8840335, at *4, which shows (1) "the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence," *Gabriel*, 857 F. Supp. 2d at 1003; *supra* pp. 3-4. For example, Plaintiffs could have presented evidence that "they conducted an investigation and" either "the information necessary to discover the claim was not available" or an "expert informed [them] that no wrongdoing had occurred." *Gabriel*, 857 F. Supp. 2d at 1005-1006.

Plaintiffs have not presented evidence sufficient to meet their burden. In fact, they have not submitted any evidence truly responsive to their burden. For example, the only substantive declaration they submitted neither specifically explains why Plaintiffs could not have discovered Apple's purported misappropriation between 2014-2016 nor substantively responds to any of the factual evidence Apple put forward showing constructive notice during that period. *See* Dkt. 543-4 ("Kiani Decl."). Rather, the declaration almost exclusively discusses ████████████████████████

████████████████████████████████████████████████

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE      7      CASE NO. 8:20-cv-00048-JVS (JDEx)

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ██████████████████████

4      The remainder of the declaration amounts to either (1) vague descriptions of

5 events with no date or details (e.g., "On several occasions, Dr. O'Reilly informed me

6 and others at Masimo that Apple was not pursuing a product that would measure oxygen

7 saturation," Kiani Decl. ¶ 7) or (2) bare legal conclusions █████████████████

8 ████████████████████████████████████████████████████

9 ████████████. Such a "conclusory, self-serving affidavit, lacking detailed facts and

10 any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC*

11 *v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *see also*

12 *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (affidavit stating without detail

13 that plaintiff "never received" a certain document did not create a factual dispute as to

14 whether document was sent).[4]

15      Beyond the declaration, Plaintiffs' evidence is either irrelevant (and thus does not

16 create a dispute of *material* fact) or insufficient (and thus does not create a *genuine*

17 dispute of material fact). As to the former, Plaintiffs spend nearly three pages—and cite

18 eight exhibits—██████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 █████████████████████████  ███████████████████████████

21 ████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████

23 ████████████████████████████████████but that issue is not germane to the central

24 question in this motion:   When Plaintiffs should have suspected Apple's purported

25

─────────────────────────────

26 [4] While this Court is required to review the record in the light most favorable to
Plaintiffs, it cannot permissibly read "missing facts" into Kiani's declaration. *See Lujan*
27 *v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  A contrary rule would allow a
plaintiff to defeat summary judgment with an "affidavit containing general allegation of
28 injury," rather than the "specific facts" called for by Rule 56. *Id.*

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE   8   CASE NO. 8:20-cv-00048-JVS (JDEx)

1    misappropriation, *see Morgan v. United States Soccer Fed'n, Inc.*, 445 F. Supp. 3d 635,

2    651 (C.D. Cal. 2020) ("Facts are 'material' only if dispute about them may affect the

3    outcome of the case under applicable substantive law.").

4          For similar reasons, Plaintiffs' invocation of Apple's prior merits arguments, Opp.

5    8-9, 15, and the fact that Plaintiffs have not yet deposed several current or former Apple

6    employees, Opp. 9, is another mere distraction.  The constructive notice inquiry does

7    not turn on *Apple's* "actual state of mind, but upon the plaintiffs' suspicions." *Cypress*,

8    163 Cal. App. 4th at 587.  In any event, Apple, "like other defendants, [is] allowed to

9    assert legitimate alternative defenses," *Aholelei v. Department of Public Safety*, 488 F.3d

10   1144, 1149 (9th Cir. 2007), and Plaintiffs have not identified any specific information

11   they believe they could obtain via deposition that has not already been produced in the

12   millions of pages turned over during document discovery.

13         The rest of Plaintiffs' evidence is insufficient to raise a genuine dispute of fact.

14   *See Patterson v. International Brotherhood of Teamsters, Loc. 959*, 121 F.3d 1345, 1350

15   (9th Cir. 1997) (plaintiff is required to "produce more than a 'mere scintilla' of evidence

16   to avoid summary judgment").  *First*, Plaintiffs contend they had no reason to suspect

17   misappropriation prior to January 2017 because Lamego ████████████████████

18   ████████████████████.  Opp. 4-5.  But Plaintiffs have conceded in parallel

19   litigation that they had "reason to suspect that Lamego had acted deceptively" as early

20   as January 4, 2016, when Lamego's company "issued a press release about developing

21   a competing wireless pulse oximeter."  Ex. 19 at 19-20.  And in any event, the primary

22   evidence Plaintiffs cite in support of this point are (1) conclusory, self-serving

23   statements from Kiani's declaration that cannot create a genuine dispute of material fact,

24   Opp. 4 (citing Kiani Decl. ¶ 9), and (2) conclusory, self-serving statements that appear

25   in ██████████████████████████████████████████████

26   ██████████████████████████████████████████████

27   ██████████████████████████████████████████████

28

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE          9            CASE NO. 8:20-cv-00048-JVS (JDEx)



1

2

3

4

5

6

7

8

9

10

11 ████████████████ Plaintiffs at least had a suspicion of misappropriation by this time.

12 *Second*, and relatedly, Plaintiffs assert that they had no reason to suspect

13 misappropriation before January 2017 ████████████████████████

14 ███████████████████████████████████████████████████████

15 ███████████████████████████████████████████████████████

16 ████████████████ are the conclusory, self-serving statements in Kiani's declaration. *See*

17 *supra* pp. 7-8.   If anything, Kiani's assertion that ███████████████████

18 ███████████████████████████████████████████████████████

19 ████████████ weakens Plaintiffs' position, as it is undisputed that one of Plaintiffs'

20 executives was aware in April 2015 of an article stating that the latest version of the

21 Apple Watch had the hardware for "pulse oximetry functionality" and emailed O'Reilly

22 raising that specific point. Ex. 18; Mot. 5.[5]

23 Moreover, ██████████████████████████████████████████

24 █████████████████ hardly shows that Plaintiffs did not simultaneously suspect him

25

26 [5] Plaintiffs cite the 12(b)(6) ruling in *Memry Corp. v. Kentucky Oil Tech. N.V.*, 2005 WL 8162558, at *6 (N.D. Cal. Apr. 8, 2005), to argue that personal "assurances" and a

27 business relationship between the parties precludes constructive notice. But the same court later granted summary judgment on the limitations issue. *See Memry Corp. v.*

28 *Kentucky Oil Tech. N.V.*, 2007 WL 2746736, at *8-12 (N.D. Cal. Sept. 20, 2007).

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE   10   CASE NO. 8:20-cv-00048-JVS (JDEx)

1  of misappropriating trade secrets.  To the contrary, it is undisputed that ███████

2  ████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████      Mot. 3-5

6  (citing Exs. 13, 14, 16, and 17).

7      *Third*, Plaintiffs contend that Apple "concealed" its purported misappropriation

8  until January 2017.  Opp. 6-7.  But their primary evidence is the bare fact that Apple

9  requested nonpublication of three patent applications.  *See* Opp. 6 (citing Ex. R).  They

10  identify nothing in the record (besides an allegation in their complaint, which is

11  insufficient at the summary judgment stage, Mot. 12 n.2) that even suggests Apple did

12  so to hide their contents from Plaintiffs specifically, as opposed to protecting Apple's

13  highly sensitive work product from the world at large.  Nor is there anything unusual or

14  suspicious about a patentee requesting confidentiality until a patent issues; "[t]he

15  integrity of the patent system is maintained in part" by protecting confidentiality.  *See*

16  *Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*, 305 F.3d 1303, 1314 (Fed. Cir.

17  2002).

18      Plaintiffs also assert concealment because Apple purportedly "did not publish

19  details on its healthcare initiatives until 2017 and later," but they provide no evidence

20  that supports such a definitive statement.  Rather, they merely cite Apple press releases

21  and publications from that era, along with one cherry-picked ad from 2014.  *See* Opp. 6-

22  7 (citing Exs. O, N, P, Q, Z, AA).  That Apple did not provide the same level of detail

23  about the Apple Watch in one specific pre-2017 advertisement as it has in several more

24  recent documents shows nothing about Apple's broader pre-2017 practice.

25      In any event, Apple has already produced undisputed evidence establishing that

26  by 2015, (1) Masimo executive Paul Jansen was aware of a news article regarding the

27  Apple Watch's pulse oximetry functionality, and (2) Apple had publicly announced its

28

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE      11      CASE NO. 8:20-cv-00048-JVS (JDEx)

ResearchKit technology.  Mot. 2-4.  Plaintiffs' chief response is that the ResearchKit announcement is irrelevant because "Masimo's complaint does not mention ResearchKit."  Opp. 13.  Plaintiffs are wrong.  While the Fourth Amended Complaint does not use the word "ResearchKit," it goes further. ██████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████   ██████████████████████████████████

████████████████████████████████████   And while Plaintiffs assert that there is nothing "tying … O'Reilly to ResearchKit," Opp. 13, one of their own exhibits is an email chain that (1) includes both Jansen and O'Reilly, and (2) discusses ResearchKit.  See Ex. I at 3-4 ("You can learn more about the initiative on our website here: https//www.apple.com/researchkit/.  There's also a great technical overview resource on ResearchKit that you can find here: https://developer.apple.com/researchkit/researchkit-technical-overview.pdf.").

As a final matter, Plaintiffs do not identify any case involving comparable facts where summary judgment was denied.  In *Highmark Digital, Inc. v. Casablanca Design Centers, Inc.*, for example, the plaintiff had expressed a "general distrust" towards the defendants before the statute of limitations period because of the defendants' "decision to cease doing business with [plaintiff]"—not because (like here) plaintiff suspected defendants of "using [plaintiff's] technology improperly."  *See* 2020 WL 2114940, at *13 (C.D. Cal. Mar. 26, 2020).  And in *Brocade Communications Systems, Inc., v. A10 Networks, Inc.*, the plaintiff thoroughly rebutted evidence suggesting that "there was a general concern" that a defendant had used the plaintiff's confidential information prior to the statute of limitations period—for example, by providing testimony from three of the plaintiffs' executives that (1) they had not been "concerned with departures of [their]

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE        12        CASE NO. 8:20-cv-00048-JVS (JDEx)

1    employees to" work for that defendant and (2) the plaintiffs' employees had "viewed
2    [the defendant's] product as a non-competitive product" during the relevant time period.
3    873 F. Supp. 2d 1192, 1217 (N.D. Cal. 2012).  Plaintiffs have not attempted to make a
4    similar showing here—nor could they given the clear evidence presented by Apple.  *See*
5    Mot. 2-5; *see also Teledyne*, 2017 WL 9831402, at \*5 (granting summary judgment on
6    statute of limitations grounds where counterclaim plaintiff "failed to offer admissible
7    evidence sufficient to create a genuine dispute of material fact" as to whether exception
8    to statute of limitations applied).

9            **b. Plaintiffs' Remaining Arguments Are Meritless**

10           Plaintiffs' opposition raises two additional types of arguments.  Plaintiffs first
11   contend that this Court's motion to dismiss ruling "rejected" "many of the same
12   arguments" Apple raises on summary judgment. Opp. 1, 8, 12. But as Apple explained,
13   this Court ruled only that (1) the January 2014 letter standing alone did not establish
14   constructive notice because it was sent before any misappropriation could have begun
15   and (2) it was required to treat as true Plaintiffs' allegation that they had no way of
16   learning of Apple's purported misappropriation before January 2017. Mot. 7. Plaintiffs
17   have no answer and have failed to provide evidence that clearly supports the allegations
18   on which this Court previously relied. *See* Ex. 23 at 6.

19           Plaintiffs also attack the evidence of constructive notice that Apple put forth in its
20   opening brief.  *See* Opp. 12-17.  As discussed above, attacking Apple's evidence is
21   insufficient to carry Plaintiffs' burden to establish at least a genuine dispute of material
22   fact regarding whether they were on constructive notice.  Regardless, Plaintiffs are
23   unable to dispute three key facts, which taken together are sufficient to establish that
24   Plaintiffs had a reason to suspect misappropriation prior to January 2017.

25           **1.**    <u>Plaintiffs were</u> ██████████████ <u>during 2014-2016 for potential</u>
26   <u>misappropriation.</u> ████████████████████████████████████
27   *see also, e.g.*, Ex 1. at 2 (January 2014 letter to Apple warning that employing O'Reilly

28

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE         13            CASE NO. 8:20-cv-00048-JVS (JDEx)

and Lamego to work on "mobile health device[]" projects would be taken as sign that "Apple is attempting to gain … at least the benefit of[ Plaintiffs'] trade secrets); Ex. 10 at 5-6 (Kiani asserting in *Chicago Tribune* article that Apple had "recruited" employees with "access to deep wells of … trade secrets").

Plaintiffs have neither disputed the language quoted above appears in the cited documents nor presented competing evidence (outside of the conclusory statements in the Kiani declaration). ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████. And while Plaintiffs quibble about the *weight* that this Court should place on these documents, *see* Opp. 12, 15-16, such "unsubstantiated attorney argument cannot defeat summary judgment." *Emazing Lights, LLC v. Ramiro Montes de Oca*, 2016 WL 3475330, at 3 (C.D. Cal. May 3, 2016).

    **2.**  <u>Both Lamego and O'Reilly's names were linked to Apple's healthcare technology during 2014-2016.</u> *See* Exs. 9, 11-12 (articles published in *USA Today*, *The New York Times*, and *The Wall Street Journal* in January 2014 stating that O'Reilly attended meeting at FDA on Apple's behalf regarding mobile medical applications); ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 18 at 1 (Masimo executive's April 2015 email to O'Reilly regarding article about Apple Watch's "pulse oximetry functionality").

Once again, Plaintiffs have not disputed that the language quoted above appears in the cited documents. Plaintiffs imply that ████████████████████████████

████████████████████████████████████████████████████████████████

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE    **14**    CASE NO. 8:20-cv-00048-JVS (JDEx)

1 ███████████████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████ Plaintiffs

4 also argue that the '726 Publication does not actually contain the confidential

5 information at issue in this case. Opp. 15. However, they do not dispute that the '726

6 Publication listed Lamego as an inventor and involved the same area of healthcare

7 technology as Apple's patent applications that purportedly disclosed Plaintiffs'

8 purported trade secrets. Opp. 15; *cf. Wang*, 2014 WL 1410346, at *6 ("[A]n inventor

9 actively practicing in the field and prosecuting his own patent application must be

10 deemed to be on constructive notice of published patent applications in the same field.").

11  **3.** ██████████████████████████████████████

12 ████████████████████. *See* Ex. 18 at 1 (Masimo executive's April 2015 email

13 to O'Reilly regarding article about Apple Watch's "pulse oximetry functionality"); ███

14 ███████████████████████████████████████████████████████████████

15 ███████████████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████████████

18 ███████████████████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████████████

20 █████████████████████████████████

21  Plaintiffs have not disputed that the language quoted above appears in the cited

22 documents. And while they assert that ████████████████████████████████████

23 ███████████████████████████████████████████████████████████████

24 ███████████████████████████████████████████████████████████████

25 ██████████████████████████████████████████████████ *See Wolf*, 167

26 F. Supp. 3d at 1102-1103 (granting summary judgment on statute of limitations where

27

28

Gibson, Dunn &
Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO
BIFURCATE TRIAL IN THE ALTERNATIVE          15          CASE NO. 8:20-cv-00048-JVS (JDEx)

1   despite plaintiff's "early suspicions" of wrongdoing, "plaintiff chose to sit on her rights
2   rather than act upon her incentive to sue" (internal quotation marks omitted)).

**B.   If Summary Judgment Is Not Granted, This Court Should Bifurcate The Trial On The Statute Of Limitations Question**

5      If this Court does not grant summary judgment, it should at least bifurcate trial to
6   allow the parties to resolve the statute of limitations issue.  As Apple has explained,
7   bifurcation is appropriate because (1) it will likely dispose of Plaintiffs' complex trade
8   secret claim, saving the parties countless hours and millions of dollars in attorneys' fees
9   and (2) trying the statute of limitations question at the same time as the merits of
10  Plaintiffs' trade secrets claim would unduly prejudice Apple.  Mot. 14-17.

11      Plaintiffs do not dispute the basic legal principle that this Court has discretion to
12  order bifurcation if doing so would promote judicial economy and convenience or avoid
13  prejudice.  Instead, they make four basic arguments, all of which are unavailing.

14      *First*, Plaintiffs note that even if Apple prevails on its statute of limitations
15  defense, the parties will still have to try Plaintiffs' patent claims.  Opp. 21.  But as
16  Plaintiffs acknowledge in the very next breath, nearly half those claims are stayed
17  pending *inter partes* review of the underlying patents, *id.*, and would vanish if the Patent
18  Office concludes that those patents are invalid, *see Comil USA, LLC v. Cisco Systems,*
19  *Inc.*, 575 U.S. 632, 644 (2015) ("[A]n invalid patent cannot be infringed[.]"); *SAS*
20  *Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018) (Patent Office may only institute
21  review if "'there is a reasonable likelihood" that at least one of the claims challenged is
22  invalid).  And while Plaintiffs assert that "much of the same evidence" at issue in the
23  statute of limitation proceeding would have to be presented in resolving Plaintiffs' grab
24  bag of ownership and inventorship claims, they fail to identify any significant overlap
25  between the two proceedings.[6]

_____

27  [6] Plaintiffs' assertion that Apple's affirmative defenses (e.g., unclean hands, laches) rely on similar facts as the limitations issue, Opp. 22, is a red herring.  Most of the overlap

Gibson, Dunn &
Crutcher LLP

*Second,* Plaintiffs contend that the statute of limitations issue overlaps with the trade secret merits in at least some ways.  Opp. 21.  Plaintiffs, however, do not dispute that trying the statute of limitations question alone would avoid having to resolve a whole host of issues regarding whether each of Plaintiffs' dozens of purported trade secrets were actually kept secret, were misappropriated by Apple, and merit damages.  *See* Mot. 15.  Moreover, Plaintiffs are simply incorrect that the statute of limitations issue itself involves a "complex factual history between the parties."  Opp. 21.  As discussed above, the basic facts are straightforward:  Plaintiffs had ample reason to suspect Apple's (purported) misappropriation long before January 2017 and yet did nothing before filing suit in January 2020.  *See supra* pp. 7-15.

*Third*, Plaintiffs argue that bifurcation will not save time if Apple fails to prevail on the statute of limitations issue.  Opp. 22.  As explained above, however, Plaintiffs will ultimately have the burden to establish that the discovery rule applies and—to date—they have failed to muster sufficient evidence to establish a genuine issue of material fact on the question, much less the preponderance of the evidence required to support their position at trial.  *See supra* pp. 2-15.

*Finally*, Plaintiffs contend that there is nothing inherently prejudicial about Apple being required to make two arguments in the alternative in a single trial.  Opp. 22-23.  But the preceding 20 pages of Plaintiffs' opposition brief—which repeatedly cite Apple's (irrelevant) merits arguments in prior motions to undermine Apple's statute of limitations position—demonstrate precisely why trying the two issues together would be problematic.  *See e.g.*, *id.* 8-9 (discussing Apple's motion to dismiss and preliminary injunction briefing); *see also supra* p. 9 (citing case law explaining why Apple's view of the strength of Plaintiffs' merits case is irrelevant to the discovery rule inquiry).  Courts have granted bifurcation precisely to avoid "the prejudice to the defendants of

---

involves arguments specific to Plaintiffs' trade secret claim.  *See, e.g.*, Dkt. 370 ¶¶ 381-383 (laches); *id.* ¶¶ 421-427 (unclean hands).  If that claim is dismissed on limitations grounds, there would be no need for Apple to raise such defenses later.

Gibson, Dunn & Crutcher LLP

having to argue seemingly conflicting positions to the jury." *Henrich v. Ethicon, Inc.* 2021 WL 2801961, at *1 (D. Nev. Apr. 15, 2021); *see also Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (affirming bifurcation ordered, *inter alia*, to avoid "unnecessary jury confusion").[7]

### III.   CONCLUSION

This Court should grant Apple summary judgment on its statute of limitations defense to Plaintiffs' trade secret misappropriation claim. Alternatively, if the Court decides not to grant summary judgment at this time, it should bifurcate the case and hold an initial trial to resolve Apple's statute of limitations defense.

Dated: January 18, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

MARK D. SELWYN
WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
   Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

---

[7] Plaintiffs try to distinguish cases like *Henrich* and *Hirst* because they did not involve factual scenarios identical to this case (e.g., *Henrich* involved a product liability dispute). Opp. 24.  But Apple cited those cases for the legal principle that the fact that a party's defense requires it to argue two conflicting positions *can* be an independent ground for bifurcation.  Plaintiffs do not identify any case that rejects this rule of law.

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOT. FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CUTSA CLAIM, OR TO BIFURCATE TRIAL IN THE ALTERNATIVE           18           CASE NO. 8:20-cv-00048-JVS (JDEx)