1    JOSHUA H. LERNER, SBN 220755
     jlerner@gibsondunn.com
2    GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street Suite 3000
3    San Francisco, CA 94105
     Tel.: 415.393.8200 / Fax: 415.393.8306
4
   H. MARK LYON, SBN 162061
5      mlyon@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6    1881 Page Mill Road
   Palo Alto, CA 94304-1211
7    Tel.: 650.849.5300 / Fax: 650.849.5333

8    BRIAN M. BUROKER, *pro hac vice*
     bburoker@gibsondunn.com
9    BRIAN K. ANDREA, *pro hac vice*
     bandrea@gibsondunn.com
10   GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.
11   Washington, D.C. 20036
   Tel.: 202.955.8500 / Fax: 202.467.0539

12   [Counsel appearance continues on next page]

13   *Attorneys for Defendant Apple Inc.*

14

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br>a California corporation,<br><br>            Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date: February 7, 2022<br>Time: 10:00 a.m.<br>Ctrm: 6A<br>Discovery Cut-Off: 3/7/2022<br>Pre-Trial Conference: 11/21/2022<br>Trial: 12/6/2022 |

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

1   BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
3   New York, NY 10166-0193
    Tel.: 212.351.2339 / Fax: 212.817.9539
4
    ILISSA SAMPLIN, SBN 314018
5     isamplin@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   333 South Grand Avenue
    Los Angeles, CA 90071-3197
7   Tel.: 213.229.7000 / Fax: 213.229.7520

8   ANGELIQUE KAOUNIS, SBN 209833
      akaounis@gibsondunn.com
9   GIBSON, DUNN & CRUTCHER LLP
10  2029 Century Park East Suite 4000
    Los Angeles, CA 90067
11  TEL.: 310.552.8546 / FAX: 310.552.7026

12

13  MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
14  WILMER CUTLER PICKERING,
      HALE AND DORR LLP
15  2600 El Camino Real, Suite 400
    Palo Alto, CA 94306
16  Tel.: 650.858.6000 / Fax: 650.858.6100

17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

1

2

# TABLE OF CONTENTS

3    I.    Background....................................................................................................2

4        A.    Procedural Background.......................................................................2

5        B.    Discovery Following The Court's June Order ...................................3

6        C.    Remaining Discovery To Be Conducted............................................6

7        D.    Plaintiffs' Second Request To Extend The Case Schedule ...................7

8    II.   Legal standard ...........................................................................................8

9    III.  Argument ...................................................................................................9

10        A.    Plaintiffs Have Failed To Establish "Good Cause" For A Second
            Eight-Month Extension Of The Case Schedule...................................9

11

12        B.    Should The Court Extend The Case Schedule, Trial On Apple's
            Statute Of Limitations Defense Should Go Forward On December
13            6, 2022......................................................................................... 13

14    IV.   Conclusion ............................................................................................ 14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL
    12826458 (C.D. Cal. June 15, 2015) ......................................................12

*Exxon Co. v. Sofec, Inc.*, 54 F.3d 570 (9th Cir.1995) ......................................14

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074
    (C.D. Cal. July 30, 2020) .........................................................................12

*Grisham v. Philip Morris, Inc.*, 2009 WL 9102320 (C.D. Cal. Dec. 3,
    2009) ..........................................................................................................14

*Helo Energy, LLC v. Hoggan*, 2016 WL 11744946 (C.D. Cal. Mar. 7,
    2016) ..........................................................................................................10

*Hunter v. Delaware N. Cos. Travel Hospitality Servs., Inc.*, 2021 WL
    4815034 (C.D. Cal. June 28, 2021) .................................................... 8, 10

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) .........8, 9, 10

*Limon v. Circle K Stores Inc.*, 2020 WL 1503448 (E.D. Cal. Mar. 30,
    2020) ..........................................................................................................12

*Marrs v. Crete Carrier Corp.*, 2009 WL 10674228 (C.D. Cal. Mar. 25,
    2009) .................................................................................................... 10, 11

*Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D.
    667 (C.D. Cal. 2003) .................................................................................. 8

*Novoa v. GEO Grp., Inc.*, 2020 WL 6694342 (C.D. Cal. Oct. 15, 2020) .............. 9

*St. Paul Mercury Ins. Co. v. Hahn*, 2014 WL 12791262 (C.D. Cal. Apr.
    28, 2014) ....................................................................................................10

*Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708
    (E.D. Cal. Apr. 7, 2020) ...........................................................................12

*Warner/Chappell Music, Inc. v. Rap–A–Lot 2K Records, Inc.*, 2014 WL
    4829019 (C.D. Cal. Sept. 29, 2014) .................................................. 10, 11

Gibson, Dunn &
Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATUTES, RULES, AND REGULATIONS**

6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.) ....................................................11

Fed. R. Civ. P. 16(b)(4)............................................................................... 8

Fed. R. Civ. P. 42(b)....................................................................................14

iii

Gibson, Dunn &
Crutcher LLP

1    At some point, discovery must end.   Plaintiffs filed this case two years ago, in

2    January 2020.   This is the second time that Plaintiffs have sought a lengthy extension to

3    both the fact discovery period and the overall case schedule.   Having already obtained

4    an eight-month extension to the case schedule, Plaintiffs now seek ***eight more months***

5    of fact discovery and in the same breath, Plaintiffs complain that Apple has produced

6    both too much and not enough.   Plaintiffs' proposal should be rejected.

7    While the scope of discovery has been vast due to Plaintiffs' expansive discovery

8    demands, that is not a basis to extend discovery another eight months.   Failure to

9    complete fact discovery is not, without more, good cause.   After more than twenty

10   months of fact discovery, now is the time to streamline discovery—not expand it.   The

11   parties should focus their efforts on completing any outstanding document discovery—

12   focusing on documents that are relevant to core issues—and conducting depositions.

13   The parties have already substantially completed ESI discovery, and thus any remaining

14   document production is discrete and can be completed within the two months remaining

15   for discovery under the current schedule.   As the Court previously acknowledged,

16   "[d]epositions then can be completed over the course of three months." Dkt. 465 at 4.

17   Thus, at most, a three-month extension to allow for depositions is warranted.

18   Should the Court elect to extend the case schedule, and to the extent that the Court

19   does not grant in full Apple's pending motion for partial summary judgment (*see* Dkt.

20   522), Apple respectfully requests that the Court retain the current December 6, 2021 trial

21   date for a trial on Apple's statute of limitations defense.   While that defense can (and

22   should) be resolved on summary judgment, should the Court find a trial necessary to

23   address it, that trial should occur before any trial on the merits of Plaintiffs' trade secret

24   claim.   *See* Dkt. 522-1 at 14-16.   Bifurcation would be particularly appropriate should

25   the Court elect to extend the case schedule, as it would eliminate the need to litigate a

26   host of complex issues, saving the parties, the Court, and the jury from wasting an

27

28

Gibson, Dunn &
Crutcher LLP

1

enormous amount of time adjudicating and trying claims that are ultimately barred from proceeding.

Accordingly, Apple respectfully requests that the Court deny Plaintiffs' request for an additional eight-month extension, limit any extension of the case schedule to three-months for the purpose of conducting depositions, and, should an extension be granted, bifurcate Apple's statute of limitation defense so that trial can proceed on that issue (if necessary) on the currently-scheduled December 6, 2021 trial date.

# I.   BACKGROUND

## A.   Procedural Background

Having waited nearly seven years to do so (*see* Dkt. 522-1 at 2-3), Plaintiffs filed this action on January 9, 2020, asserting claims for patent infringement and trade secret misappropriation. Dkt. 1. On October 13, 2020, the Court granted Apple's Motion to Stay Proceedings Pending Inter Partes Review ("IPR"), staying the patent infringement case pending final disposition of Apple's IPR petitions challenging the validity of the asserted patents before the Patent Trial and Appeal Board. *See* Dkt. 222. Although Apple had proposed that the Court could elect to stay the case in its entirety rather than staying only the patent case (Dkt. 196-1 at 21), Plaintiffs "urge[d] the Court to not stay the trade secret case," and the Court ultimately allowed the trade secret case to proceed. Dkt. 222 at 8.

Following the Court's stay of the patent infringement claims, in May 2021, the parties filed competing motions seeking to extend the case schedule. *See* Dkt. 383; Dkt. 385. While Apple sought to extend the fact discovery deadline by one month (from July 2021 to August 2021) and to maintain the trial date (then scheduled for April 2022) (Dkt. 385-1 at 6-7), Masimo sought a ***fourteen-month*** extension of the fact discovery deadline and trial date to August 2022 and July 2023, respectively (Dkt. 383-1). The Court issued an order addressing the parties' competing motions on June 23, 2021 ("June Order"). Dkt. 465. Focusing "not on what discovery has occurred up to this point but on what

discovery has yet to occur," the Court explained that Plaintiffs' proposed fourteen-month extension "would amount to a substantial change to the schedule and appears to be justified mainly as a way to allow the patent case [to] be folded in" despite the Court's stay of the patent case and that the patent case was therefore not "a relevant factor in setting deadlines." *Id.* at 3-4.  The Court accordingly adjusted the schedule by eight months—rather than the fourteen requested by Plaintiffs—setting the fact discovery deadline for March 7, 2022, with trial to begin on December 6, 2022. *Id.* at 4, 6.

**B.      Discovery Following The Court's June Order**

Since the Court's June Order, Plaintiffs have used the additional eight months of discovery to seek broad and expansive discovery that is largely untethered to the remaining alleged trade secrets.  Plaintiffs have served 598 document requests on Apple, 67 of which were served after the Court's June Order.  Exs. A-B.  Many of Plaintiffs' requests seek documents far beyond the scope of the alleged trade secrets at issue in this case.   For example, while the only Apple product that Plaintiffs have alleged to be relevant to their purported trade secrets is the Apple Watch (*see* Ex. C at 25-29), Plaintiffs have recently sought discovery broadly directed to all "***Apple products***." *See* Ex. D at 3-4 (Special Master's order limiting scope of requests directed to "Apple products").  And while Plaintiffs' Complaint alleges trade secret misappropriation based on Apple's hiring of two of Plaintiffs' former employees, O'Reilly and Lamego, Plaintiffs have recently sought broad discovery related to ***ten*** of Plaintiffs' former employees.  Ex. E a 4-5 (Apple's Opp'n to Motion to Compel).  And although this Court—after granting Plaintiffs ***three*** opportunities to adequately plead their alleged trade secrets (*see* Dkt. 60 at 7-8; Dkt. 219 at 5, 7; Dkt. 264 at 5-9)—properly dismissed certain of Plaintiffs' trade secrets as "facially public" (Dkt. 264 at 9), Plaintiffs have nonetheless recently sought broad discovery on subjects such as "health research" and "medical research" without regard to the trade secrets actually remaining at issue in the case.  Ex. D at 3 (Special Master denying motion to compel as to request for documents

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

on the "value and importance of performing health research" and "design [of] products that can be used for medical research").

In addition to capitalizing on the Court's June Order to seek expansive (and often irrelevant) discovery, Plaintiffs have also introduced numerous delays. While Apple was working in good faith to reach agreement on the reasonable contours of ESI discovery, Plaintiffs spent months refusing to agree to practical limits or protocols that would allow discovery to proceed efficiently. For example, in the early stages of discovery, Apple sought to establish reasonable limits on the scope of ESI discovery, including the number of total ESI custodians from whom documents would be collected. *See, e.g.*, Dkt. 332-2 at 233. Plaintiffs refused to even discuss limitations, insisting instead that Apple agree to search the files of nearly *fifty* custodians. *See* Dkt. 331-1 at 5-10. And after the Court—on Apple's motion (Dkt. 331-1)—ordered the parties to "immediately proceed with the production of [ESI] for up to 39 custodians per side" (Dkt. 355), Apple attempted to reach agreement with Plaintiffs on search terms and collection and review of ESI. But Plaintiffs—abruptly and just before the parties' agreed-upon date for substantial completion of ESI discovery—made an eleventh-hour request to modify the scope of ESI discovery, seeking non-email ESI for the first time. *See* Ex. F (Apple's Opp'n to Pls.' request to modify terms of ESI Discovery).

Plaintiffs have also used the additional time granted by the Court's June Order to implement a strategy of delaying resolution of disputes, waiting months to even request a meet and confer and then serially raising issues that Apple considered long settled and resolved. Indeed, while Plaintiffs spend pages detailing the motions they have filed (Mot. at 5-7), Plaintiffs fail to mention that Apple served its responses and objections to the vast majority of the requests on which Plaintiffs have moved to compel in *May or June 2021*. *See* Exs. G-I. And rather than addressing their complaints with any given set of requests in a single letter or motion, Plaintiffs spent months sending serial letters requesting piecemeal meet and confers on various aspects of the responses, followed by

1  serial motions to compel, in an apparent attempt to draw out discovery. *See, e.g.*, Exs.

2  J-P (letters requesting meet and confers in July, August, September, and November for

3  the first time on responses served in May or June 2021).[1]

4        Plaintiffs have also introduced delays in the conduct of depositions.  In an effort

5  to avoid multiple depositions of witnesses who would ultimately be designated as

6  corporate witnesses, Apple sought an agreement from Plaintiffs that the parties would

7  serve corporate deposition notices pursuant to Rule 30(b)(6) before proceeding with any

8  individual depositions. Ex. Q.  While Apple served its Rule 30(b)(6) notice to Plaintiffs

9  on May 10, 2021 (Ex. R), Plaintiffs refused to agree, and to date have not served a Rule

10  30(b)(6) notice to Apple or even responded to Apple's notice.  Moreover, although

11  Apple sought Plaintiffs' agreement that depositions could proceed remotely in view of

12  the ongoing pandemic, Plaintiffs refused, forcing Apple to file an Ex Parte Application

13  to allow its witnesses to be deposed remotely. *See* Dkt. 371.[2]

14        Despite Plaintiffs' ever-increasing demands for broad discovery, refusal to agree

15  to an efficient conduct of discovery, and repeated delays, the parties have nonetheless

16  made substantial progress in the intervening six months since this Court's June Order.

17  The parties substantially completed their respective custodian ESI document production

18  on November 19, 2021, as agreed. *See* Pls.' Ex. 3 at 3.  Apple has produced more than

19  200,000 documents, including documents from 32 agreed ESI custodians, which span

20  more than 1.8 million pages of material. January 18, 2022 Declaration of Brian Andrea,

21  ¶ 30.  And Plaintiffs have produced more than 320,000 documents, including from 26

22  agreed ESI custodians. *Id*.  While some document production remains on both sides as

23

24  _____

25     [1] Plaintiffs' delay tactics continue.  As recently as December 2021, Plaintiffs
resurrected an issue the parties met and conferred about months ago, responding to a

26  letter Apple sent addressing the issue on ***August 20, 2021***. *See* Exs. S-U (addressing
Plaintiffs' document requests Nos. 257-258 in August and December).

27
   [2] Notably, months later, Plaintiffs requested that a deposition of one of their
28  witnesses proceed remotely, to which Apple consented.  Ex. V.

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

a result of recent orders from the Special Master, as discussed below, those productions will be modest when compared to the expansive discovery that has taken place to date.

## C.     Remaining Discovery To Be Conducted

While both parties have some remaining document production to complete (which is expected given that discovery remains ongoing), the parties substantially completed their custodial ESI document production on November 19, 2021 and the vast majority of the work on document collection has been done.  Although Plaintiffs improperly suggest that they intend to essentially restart document production with several new custodians, in actuality the remaining outstanding document production is discrete and targeted.[3]

As one example, on December 10, 2021, the Special Master issued an Order granting-in-part and denying-in-part Plaintiffs' motion to compel related to non-email ESI.  Dkt. 539 at 2.  Although the Special Master denied Plaintiffs' request that Apple collect iMessages between ESI custodians because "the burden to Apple of collecting large amounts of data directly from the cell phones of each and every one of its 31 ESI custodians is outweighed by the likely benefit to this case," the Special Master granted Plaintiffs' motion as to certain non-email chat (i.e., "Slack") messages.  *Id.* at 15-16. Since the Special Master's decision, Apple has worked diligently to collect and review those chat messages and expects its production of those documents to be small because—as Apple explained in its opposition to Plaintiffs' motion (Ex. F at 5)—the vast majority of the collected messages are non-responsive.

As another example, on August 31, 2021, Apple's corporate designee, Robin Goldberg, testified on several topics related to Apple's retention of the custodial files of two former employees who left Apple more than five years before Masimo filed this case.  Ex. W.   Following the deposition, Masimo moved to compel a further Rule

---

[3] As discussed below (*infra* p. 11), Apple disagrees with Plaintiffs' suggestion that they may request additional ESI custodians at this late stage.

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

30(b)(6) deposition on these topics, claiming that Ms. Goldberg was "not properly prepared." Ex. X at 2-5. But as the Special Master observed, "[e]xtensive ground was covered over the course of [Ms. Goldberg's] deposition including into areas far beyond the handling of [the former employees'] data after they left Apple in 2014," and Ms. Goldberg was overall "adequately prepared during the vast majority of her testimony." Dkt. 539 at 12. While the Special Master directed Apple to provide a declaration providing answers to four specific inquiries posed during the deposition (Dkt. 539 at 12-14), Apple provided that declaration on December 30, 2021. Ex. Y.

Thus, while some work remains on document production, there are two months remaining in the current discovery period and the remaining work—which is minor in the overall scope of discovery—can be accomplished in a timely manner. With the vast majority of document production complete and two months remaining in the current discovery schedule, the parties are ready to begin depositions.

**D.      Plaintiffs' Second Request To Extend The Case Schedule**

Six months after the Court granted Plaintiffs an eight-month extension and about two months shy of the fact discovery deadline, on December 27, 2021, Plaintiffs emailed Apple requesting an additional "five-month extension" of the case schedule. Dkt. 545-2, Ex. 1 at 8. Apple responded on December 29, requesting that Plaintiffs provide their "proposed changes to the schedule up to and including trial so that [Apple could] evaluate precisely what Plaintiffs are proposing." *Id.* at 7. Plaintiffs replied by proposing a schedule with fact discovery closing in August 2022 and trial in May 2023 and demanding Apple's position by "close of business." *Id.* at 6. Given Apple's closure over the holidays, counsel for Apple explained that Apple would not be able to provide a response by close of business and would need to meet and confer regarding the schedule after the holidays. *Id.* at 5. Plaintiffs ultimately filed their second Motion to Modify the Scheduling Order, requesting an ***eight-month*** extension to the procedural schedule—rather than the five months proposed to Apple—with fact discovery closing

Gibson, Dunn &
Crutcher LLP

in November 2022 and trial beginning in August 2023—one month *later* than the fourteen-month extension requested (and rejected) in Plaintiffs' first extension motion. *Compare* Dkt. 548-1, *with* Dkt. 383-1.

Since filing this motion on January 10, 2022, Apple has proposed a compromise under which fact discovery would be completed by May 19, 2022 (approximately two months after the current deadline), with trial extended five months.  Ex. Z.  Plaintiffs in turn proposed a six-month extension to the fact discovery deadline, with a seven-month extension of trial.  *Id.* at 1-2.  Apple countered that it would agree to a three-month extension of fact discovery with the following conditions: "(1) the parties agree that they will identify no additional ESI custodians (and in any event Apple does not believe Plaintiffs are entitled to identify additional custodians at this time); (2) the parties complete all document production by the current March 7 deadline for fact discovery; (3) all motions to compel regarding document production be filed no later than February 1, so that any disputes can be ruled upon by the current March 7 deadline for fact discovery; and (4) Plaintiffs serve a Rule 30(b)(6) notice at least one month before any Apple depositions are scheduled."  *Id.* at 1.

## II.   LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) ("[W]hen a plaintiff seeks to continue the dates set by the court at a scheduling conference, it must first show 'good cause' for modification of the scheduling order under Rule 16(b)." (internal citations omitted)). The "good cause" standard "primarily considers the diligence of the party seeking the amendment. . . . If the moving party fails to demonstrate diligence, 'the inquiry should end.'"  *Hunter v. Delaware N. Cos. Travel Hosp. Servs., Inc.*, 2021 WL 4815034, at *2 (C.D. Cal. June 28, 2021) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

609 (9th Cir. 1992); *Novoa v. GEO Grp., Inc.*, 2020 WL 6694342, at *1 (C.D. Cal. Oct. 15, 2020)).

## III.   ARGUMENT

**A.   Plaintiffs Have Failed To Establish "Good Cause" For A Second Eight-Month Extension Of The Case Schedule.**

In June 2021, the Court extended the case schedule by eight months—largely at Plaintiffs' request—at a time when no substantial document production had yet taken place. Dkt. 465 at 4.  Now, with the vast majority of document production in the rear-view mirror, Plaintiffs seek an ***additional*** eight-month extension to the case schedule. Plaintiffs' request appears to be largely aimed at enabling Plaintiffs to continue to seek additional broad discovery from Apple and to raise serial (and unnecessary) discovery disputes in an apparent attempt to prolong the case until the IPRs are resolved.  Indeed, as this Court acknowledged in the June Order, "Plaintiffs' [prior] proposal to continue deadlines by fourteen months [to July 2023] would amount to a substantial change to the schedule and appears to be justified mainly as a way to allow the patent case could be folded in." Dkt. 465 at 4.  Yet, Plaintiffs now seek to extend the case schedule out even further than they originally requested—to August 2023—and notably well over a year ***after*** Final Written Decisions are expected to issue in the IPRs.  Plaintiffs' request is just as improper today as it was when the Court rejected it back in June.  Plaintiffs' requested eight-month extension should be denied, and at most, the Court should grant the parties an additional three months to complete depositions.

While Plaintiffs claim that they "diligently pursued discovery from Apple" (Mot. at 8), in reality, Plaintiffs have used the six months since this Court's June Order to significantly expand the scope of discovery and to revive stale issues that were presumptively settled and should have been raised long ago.  *See supra* pp. 3-5. Moreover, Plaintiffs have purposely delayed depositions by refusing to serve a Rule 30(b)(6) notice to Apple or to even respond to Apple's Rule 30(b)(6) notice to Plaintiffs,

1   which has been pending for over *six months*.  That is not diligence, and accordingly,

2   "'the inquiry should end.'"  *Hunter*, 2021 WL 4815034, at *2 (citing *Johnson*, 975 F.2d

3   at 609); *see also e.g.*, *Warner/Chappell Music, Inc. v. Rap–A–Lot 2K Records, Inc.*, 2014

4   WL 4829019, at *1 (C.D. Cal. Sept. 29, 2014) (movants were not diligent where they

5   failed to adhere to the deposition schedule); *Helo Energy, LLC v. Hoggan*, 2016 WL

6   11744946, at *4 (C.D. Cal. Mar. 7, 2016) (movant was not diligent where movant to

7   confer regarding deposition dates); *St. Paul Mercury Ins. Co. v. Hahn*, 2014 WL

8   12791262, at *2 (C.D. Cal. Apr. 28, 2014) (movant was not diligent where movant

9   waiting eight months after discovery opened to notice depositions).

10          Moreover, while Plaintiffs exert much energy rehashing Apple's alleged conduct

11   over the last six months of discovery, as this Court previously explained, Plaintiffs'

12   motion should focus "not on what discovery has occurred up to this point but on what

13   discovery has yet to occur."  Dkt. 465 at 3-4.   That remaining discovery can be

14   accomplished in far less than the eight months that Plaintiffs seek.  As discussed above

15   (pp. 6-7), the parties substantially completed their custodial ESI document production

16   on November 19, 2021, and the remaining categories of documents to be produced are

17   discrete.   And as this Court previously acknowledged, with document production is

18   mostly complete, "[d]epositions then can be completed over the course of three months."

19   Dkt. 465 at 4.

20          Plaintiffs' primary argument for their requested lengthy extension is that Plaintiffs

21   need time to review Apple's document production.  Mot. at 10-11.  But the volume of

22   Apple's productions is a problem of Plaintiffs' own making.  As discussed above,

23   Plaintiffs have sought (and continue to seek) extensive and broad discovery from Apple

24   spanning nearly 600 document requests ultimately collected from more than 30 ESI

25   custodians. The mere fact that Plaintiffs now realize that they bit off more than they can

26   chew does not provide a basis for the lengthy extension that Plaintiffs now seek.  *See*

27   *e.g.*, *Marrs v. Crete Carrier Corp.*, 2009 WL 10674228, at *3 (C.D. Cal. Mar. 25, 2009)

28

(denying motion to continue trial, noting that "[f]ailure to timely complete discovery is not good cause"); *Warner/Chappell Music, Inc.*, 2014 WL 4829019, at *1 (denying application to continue trial where counsel had failed to "manage their schedules in a way that allow[ed] them to complete the discovery work necessary in the time provided").

Moreover, Plaintiffs' suggestion that the parties agreed to "reserv[e]" custodians is simply incorrect. Mot. at 11. While Judge Early ordered the parties to "proceed with the production of [ESI] for up to 39 custodians per side" (Dkt. 335), that did not give Plaintiffs a license to lie in wait until the end of fact discovery and then seek to extend the fact discovery deadline in order to spring additional custodians on Apple, as Plaintiffs apparently intend to do should the Court grant their requested eight-month extension. As Judge Early previously acknowledged, Apple was "*not* ordered to search from 39 custodians," but rather "*up to* 39 custodians." Dkt. 443 at 25. If Plaintiffs had any good faith basis for requesting additional custodians, they should have identified it long ago, as "[a] party's assertion that further discovery is needed, without more, will not suffice" to establish a good faith basis for extension. 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.).[4]

Nor does the possibility of "further disputes" (Mot. at 12) counsel in favor of Plaintiffs' requested eight-month extension. While both parties have raised disputes, as Plaintiffs themselves acknowledge, the Special Master's "process for resolving disputes is quicker and more efficient" and Apple expects that the Special Master will continue to address disputes expeditiously should any further disputes arise. Moreover, Plaintiffs' complaint about disputes rings hollow given that, as discussed above (pp. 4-5), many of the disputes that Plaintiffs have raised with the Special Mater relate to requests that

---

[4] Contrary to Plaintiffs' suggestion (Mot. at 11), Apple did not argue that ESI discovery should occur in "multiple rounds." Apple referenced Judge Early's instruction in *March 2021* to engage in an "iterative, good faith discovery process." Dkt. 332-1 at 10. The parties still had an obligation "to identify in a *timely manner* all appropriate custodians as part of the iterative, good faith discovery process." Dkt. 318 at 2.

Gibson, Dunn & Crutcher LLP

Apple responded to back in ***May or June 2021***.  There is no good cause to extend the schedule where Plaintiffs "could have moved more quickly with regard to some aspects of discovery."  *Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 12826458, at *2 (C.D. Cal. June 15, 2015).  Plaintiffs' cited cases do not suggest otherwise.  *See* Mot. at 14.  *Fisher* noted that movant had "exhaust[ed] the meet and confer process" and still "conducted its discovery within the deadlines established by the Court."  *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *2 (C.D. Cal. July 30, 2020).  And *Sung Gon Kang* involved an extension necessary "to complete class certification discovery" in light of the pandemic.  *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *20 (E.D. Cal. Apr. 7, 2020); *see also Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *8 (E.D. Cal. Mar. 30, 2020) (extending deadlines to complete class certification discovery in light of the pandemic).

The need for depositions also provides no basis for an eight-month extension. While Plaintiffs note that "[b]oth sides intend to take at least 20 substantive depositions" (Mot. at 14), the same was true at the time of the Court's June Order.  *See* Dkt. 465 at 3 (noting that "each side intend[ed] to take at least twenty depositions").  Indeed, Plaintiffs and Apple are each slated to take twenty depositions in the co-pending International Trade Commission action in just six weeks.  Moreover, Apple stands ready to proceed with depositions.  Apple served its Rule 30(b)(6) deposition notice to Plaintiffs in May 2021.  Ex. R.  Although Plaintiffs have delayed serving a Rule 30(b)(6) notice to Apple (and have yet to do so despite Apple's requests), Apple has nonetheless been working to determine the availability of its witnesses in February and March.

Any extension to the case schedule should therefore be limited in scope and designed to focus the parties' efforts on completing the outstanding discovery that remains—not on ***expanding*** the scope of discovery as Plaintiffs apparently hope to do if their motion is granted.  There are about two months remaining in the current fact discovery period in which the parties can complete any remaining document production.

Gibson, Dunn & Crutcher LLP

Given that the vast majority of document production has already been completed, at most, the Court should grant a three-month extension for the purpose of completing depositions, as reflected in the schedule below.  *See* Dkt. 465 at 4 (noting that "[d]epositions then can be completed over the course of three months").  As the Court previously acknowledged, that period of time should be more than sufficient.[5]

**B.     Should The Court Extend The Case Schedule, Trial On Apple's Statute Of Limitations Defense Should Go Forward On December 6, 2022.**

Although at most a three-month extension to allow for depositions is warranted, should the Court decide to extend the case schedule, Apple respectfully requests that the Court reserve the current December 6, 2022 trial date for a trial on Apple's statute of limitations defense if the Court determines that there is a genuine issue of fact that precludes summary judgment.  As explained in Apple's Motion for Partial Summary Judgment (Dkt. 522), because Plaintiffs filed their complaint over three years after they had reason to suspect Apple's purported misappropriation, this Court should enter summary judgment in Apple's favor on Plaintiffs' trade secret claim.  However, at a minimum, Apple's statute of limitations defense should be bifurcated for trial.  *See* Dkt. 522-1 at 14-16.  Indeed, bifurcation would be particularly appropriate should the Court elect to extend the case schedule for several more months so that a key (and dispositive) defense can be addressed in the interim.

Plaintiffs' motion seeks to move the trial date to August 2023.  Given the significant time and resource costs that could be avoided by resolving the statute of limitations issue expeditiously, delaying the resolution until that late date would be highly inefficient.  *See* Dkt. 522-1 at 15-16 (explaining that bifurcation would eliminate the need "to litigate a host of complex issues for the dozens of purported trade secrets,"

---

[5] Plaintiffs point to the pandemic as supporting an extension, Mot. at 15, but they fought having depositions proceed remotely, which would alleviate many of the concerns Plaintiffs now raise.  *See* Dkt. 371; Dkt. 373.  Plaintiffs were also able to file an action against Apple in the International Trade Commission in June 30, 2021, where the parties are scheduling dozens depositions to be completed by February 23, 2022.

Gibson, Dunn & Crutcher LLP

1  avoiding "enormous amounts of court, jury, and witness time, and millions of dollars in
2  attorneys' fees and costs that the parties can expect to incur in litigating the merits of the
3  trade secret misappropriation claim in its entirety").

4       Accordingly, should the Court elect to extend the case schedule, Apple
5  respectfully requests that the Court reserve the December 6, 2022 trial date for a trial on
6  Apple's statute of limitations defense.  *See* Fed. R. Civ. P. 42(b) ("The court, in
7  furtherance of convenience or to avoid prejudice, or when separate trials will be
8  conducive to expedition and economy, may order a separate trial of any claim, ... or of
9  any separate issue ...."); *see also Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir.
10  1995) (upholding district court's decision to "bifurcat[e] the trial into a statute of
11  limitations phase and a liability phase because the statute of limitations issue was
12  dispositive"); *Grisham v. Philip Morris, Inc.*, 2009 WL 9102320, at *4 (C.D. Cal. Dec.
13  3, 2009) (holding that "[t]he case will benefit from a preliminary resolution of the limited
14  factual question of when Plaintiff knew or should have known of [the claim]" because
15  resolution of that issue "would eliminate the need for a lengthy trial regarding
16  Defendants' allegedly wrongful activities").

## IV.   CONCLUSION

17
18       Apple respectfully requests that the Court deny Plaintiffs' request for an
19  additional eight-month extension to the case schedule.  At most, a three-month extension
20  is warranted to allow for depositions.  Moreover, should the Court extend the schedule
21  (and trial date), Apple respectfully requests that the Court reserve the current December
22  6, 2022 trial date for a trial on Apple's statute of limitations defense (assuming a trial is
23  necessary), in accordance with the schedule below:

24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

| Event | Current Schedule | Apple's Proposed Schedule |
|---|---|---|
| Non-Expert Discovery Cut-Off | 3/7/2022 | 3/7/2022 (except depositions) |
| Complete Non-Expert Depositions | | 6/6/2022 |
| Opening Expert Reports | 5/9/2022 | 8/8/2022 |
| Rebuttal Expert Reports | 6/20/2022 | 9/19/2022 |
| Expert Discovery Cut-Off | 8/8/2022 | 11/4/2022 |
| Jury Trial on Apple's Statute of Limitations Defense | | 12/6/2022 |
| Law and Motion – Motions Filed No Later Than (if necessary) | 9/12/2022 | 1/9/2023 |
| Law and Motion Cut-Off (if necessary) | 10/11/2022 | 2/13/2023 |
| Deadline To File Motions In Limine (if necessary) | 10/17/2022 | 3/28/2023 |
| Deadline To File Pretrial Documents (if necessary) | 11/7/2022 | 4/10/2023 |
| Final Pretrial Conference (if necessary) | 11/21/2022 | 4/24/2023 |
| Jury Trial (if necessary) | 12/6/2022 | 5/9/2023 |

Gibson, Dunn & Crutcher LLP

1 | Dated: January 18, 2021

Respectfully submitted,

2
JOSHUA H. LERNER
3
H. MARK LYON
BRIAN M. BUROKER
4
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
5
ANGELIQUE KAOUNIS
BRIAN ANDREA
6
GIBSON, DUNN & CRUTCHER LLP

7
MARK D. SELWYN
WILMER CUTLER PICKERING HALE AND
8
DORR LLP

9
By: */s/ Mark D. Selwyn*
10
Mark D. Selwyn

11

12 *Attorneys for Defendant Apple Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

Gibson, Dunn &
Crutcher LLP