# EXHIBIT A

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S TENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 525-574)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776. To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch. For the avoidance of doubt, this definition includes the Apple Watch Series 7. For the avoidance of doubt, this definition includes research and development directed towards such products and software that runs on such products.

7. "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone. For the avoidance of doubt, this definition includes research and development directed towards such products and software that runs on such products

9. "Apple Watch Series 7" means the Apple Watch models or prototypes following the Apple Watch Series 6, which was released on September 18, 2020, regardless of whether it has been released yet or what it is called internally or publicly. For avoidance of doubt, "Accused Products" defined above includes the Apple Watch Series 7.

10. The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent App. No. 15/960,507, and U.S. Patent App. No. 16/700,710. To the

extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

11.  The term "Computer Media" shall mean and refer to all computer storage devices, including both internal and external hard drives, CDs, DVDs, flash drives, tapes, and any other electronic storage media.

12.  The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

13.  The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

14.  The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

15.  The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

16.  The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

17.  The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18.  The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

### INSTRUCTIONS

1.  Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees,

representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

    a. the basis on which the privilege is claimed;

    b. the author or creator of the information, document, or thing;

    c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

    d. the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing. If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4. Produce each requested document or thing along with all non-identical drafts thereof. Furthermore, produce each document in its entirety, without abbreviation or redaction.

5. Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 525:**

Documents from 2012 to the present, disclosing or discussing Apple's recruiting plans and strategies for hiring employees with work experience at medical device companies to support development of Apple's physiological

-4-

monitoring devices.

**REQUEST FOR PRODUCTION NO. 526:**

Documents from 2012 to the present, disclosing or discussing Apple's identification of medical device companies and/or specific employees at such companies for recruitment to support development of Apple's physiological monitoring devices.

**REQUEST FOR PRODUCTION NO. 527:**

Documents from 2012 to the present, disclosing or discussing Apple's plans, strategies, or efforts to recruit employees to support development of Apple's physiological monitoring devices.

**REQUEST FOR PRODUCTION NO. 528:**

Documents and communications regarding Apple recruiting employees from any of the following companies: C8 Medisensors Inc., Koninklijke Philips N.V., Philips Healthcare, Medtronic, Agilent Technologies, or companies owned by any of the foregoing.

**REQUEST FOR PRODUCTION NO. 529:**

All expert reports and expert deposition transcripts from an expert retained by or on behalf of Apple that discuss a relevant product market that includes the Apple Watch Products, including any physiological monitoring feature of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 530:**

All expert reports and expert deposition transcripts from an expert retained by or on behalf of Apple that discuss the health care and/or consumer markets for the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 531:**

Radar documents, and all attachments to those radar documents, regarding the pulse rate or oxygen saturation features of the Apple Watch Products, and that also refer to Marcelo Lamego.

**REQUEST FOR PRODUCTION NO. 532:**

Summary documents regarding any algorithm used in the pulse rate and pulse oximetry features in any of the Apple Watch Products, including engineering requirements specifications, revision histories, and presentations.

**REQUEST FOR PRODUCTION NO. 533:**

Documents regarding the relative importance of the factors Apple considered when selecting technology that it used to measure pulse rate or oxygen saturation for use in Apple's products.

**REQUEST FOR PRODUCTION NO. 534:**

Documents sufficient to show any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products, in which Marcelo Lamego or Michael O'Reilly was involved.

**REQUEST FOR PRODUCTION NO. 535:**

Communications between Defendant and the following individuals regarding subject matter claimed in the Disputed Patents: Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

**REQUEST FOR PRODUCTION NO. 536:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques.

**REQUEST FOR PRODUCTION NO. 537:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques that name any of the following individuals as an inventor or otherwise contain information from any of the following individuals: Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

**REQUEST FOR PRODUCTION NO. 538:**

Documents regarding Apple's efforts to promote and/or market any of the Apple Watch Products in ways that refer to the pulse rate or oxygen saturation features of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 539:**

Documents regarding market studies, market share, competition, and/or competitor products relating to any of the Apple Watch Products that refer to the pulse rate or oxygen saturation features of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 540:**

Documents regarding Apple marketing Apple's inclusion of MightySat on Apple's website and Apple's removal of MightySat from Apple's website.

**REQUEST FOR PRODUCTION NO. 541:**

Documents and things regarding any evaluation, testing, teardown of, or comment on, Masimo's MightySat pulse oximeter.

**REQUEST FOR PRODUCTION NO. 542:**

Documents and things regarding Apple Magazine's publication of marketing materials for iSpO2.

**REQUEST FOR PRODUCTION NO. 543:**

Documents and things regarding any evaluation, testing, teardown of, or comment on, Masimo's iSpO2 pulse oximeter.

**REQUEST FOR PRODUCTION NO. 544:**

Communications regarding the sales or marketing of Masimo's MightySat pulse oximeter in relation to Apple's own marketing, research, or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 545:**

Communications regarding the performance of Masimo's MightySat pulse oximeter in relation to Apple's own research or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 546:**

Communications regarding the sales or marketing of Masimo's iSpO2 pulse oximeter in relation to Apple's own marketing, research, or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 547:**

Communications regarding the performance of Masimo's iSpO2 pulse oximeter in relation to Apple's own research or product development for Apple's own pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 548:**

Documents that refer to Masimo or Cercacor that are or were in the possession, custody, or control of Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

**REQUEST FOR PRODUCTION NO. 549:**

All communications between Apple and Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, Mathew Paul, and Hung Vo while he or she was working for Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 550:**

Documents regarding discussion, evaluation, or other consideration of Hung Vo working for Apple.

**REQUEST FOR PRODUCTION NO. 551:**

All communications between Apple and Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul, in the year prior to the individual beginning work at Apple.

**REQUEST FOR PRODUCTION NO. 552:**

Documents regarding Johannes Bruinsma, Haritha Haridas, Swapnil

Harsule, Marcelo Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul working for Apple or any other company while he or she was still working for Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 553:**

Documents regarding hiring, evaluations, bonuses, changes in compensation, changes in job title, or termination for the following individuals: Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

**REQUEST FOR PRODUCTION NO. 554:**

Communications regarding the collection and sharing of clinical data, between any hospital or healthcare provider and Michael O'Reilly or Marcelo Lamego in the first twelve months that Mr. O'Reilly or Mr. Lamego worked at Apple.

**REQUEST FOR PRODUCTION NO. 555:**

Documents sufficient to show how the Apple Watch Products select between different pulse oximetry algorithms, including the circumstances in which a particular pulse oximetry algorithm is used.

**REQUEST FOR PRODUCTION NO. 556:**

Documents sufficient to Identify and explain what the "Rover" project or product is.

**REQUEST FOR PRODUCTION NO. 557:**

Documents sufficient to Identify the Apple employees working on, contributing to, or otherwise involved with the "Rover" project or product.

**REQUEST FOR PRODUCTION NO. 558:**

Documents regarding the "Rover" project or product that also relate to Masimo, Cercacor, Michael O'Reilly, Marcelo Lamego, or products that include pulse rate or pulse oximetry features.

/ / /

**REQUEST FOR PRODUCTION NO. 559:**

Documents sufficient to show all of Apple's algorithms that use light in calculating a physiological parameter before Marcelo Lamego arrived at Apple, including algorithms that Apple had developed (in whole or in part) but had not implemented in any product.

**REQUEST FOR PRODUCTION NO. 560:**

Documents regarding any effort by Apple to develop or implement any technique that uses light to calculate a physiological parameter before Marcelo Lamego arrived at Apple.

**REQUEST FOR PRODUCTION NO. 561:**

Documents sufficient to show all of Apple's demodulation and/or demultiplexing algorithms before Marcelo Lamego arrived at Apple.

**REQUEST FOR PRODUCTION NO. 562:**

Documents regarding any effort by Apple to develop or implement any demodulation or demultiplexing technique before Marcelo Lamego arrived at Apple.

**REQUEST FOR PRODUCTION NO. 563:**

Documents regarding Marcelo Lamego's or Michael O'Reilly's proposed changes to the Apple Watch Products, including changes to any physiological monitoring feature of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 564:**

Documents regarding Apple's consideration of any of Marcelo Lamego's or Michael O'Reilly's proposed changes to the Apple Watch Products, including changes to any physiological monitoring feature of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 565:**

Documents regarding any decision by Apple to adopt or not to adopt any of Marcelo Lamego's or Michael O'Reilly's proposed changes to the Apple

Watch Products, including changes to any physiological monitoring feature of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 566:**

Documents and communications replying to, referring to, or commenting on Marcelo Lamego's June 30, 2014, email to Steve Hotelling, and all attachments thereto, including "N27 revised.key.zip," "Stanford Contract.pdf," "Fitness and wellness technology development 03:19:2014.key.zip," "movie_with_wrist-pulse_ox_prototype_demo.mov," and "N27_list_of_potential_improvements.key.zip."

**REQUEST FOR PRODUCTION NO. 567:**

Documents and communications referring to, commenting on, or attached to the video of a reflection-based wrist pulse oximeter that Marcelo Lamego made, including the communications from Marcelo Lamego to Jeff Williams, Adrian Perica, and Michael O'Reilly, to which that video was attached.

**REQUEST FOR PRODUCTION NO. 568:**

An inspection of the reflection-based wrist pulse oximeter that Marcelo Lamego made and gave to Michael O'Reilly.

**REQUEST FOR PRODUCTION NO. 569:**

Documents regarding Apple's considerations for adding particular health features to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 570:**

Documents regarding any analysis by Apple on iPhone compatible devices for measuring physiological parameters to determine whether to add a health feature to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 571:**

Documents regarding any analysis by Apple on applications for measuring physiological parameters, including applications on the App Store, to determine whether to add a health feature to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 572:**

Documents regarding any analysis by Apple, including analysis of iPhone compatible devices, to determine whether to add an ECG monitoring feature to the Apple Watch Products or to create an ECG monitoring application for the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 573:**

Documents regarding any analysis by Apple, including analysis of any iPhone compatible devices, to determine whether or how to obtain FDA clearance or approval for any ECG monitoring feature of the Apple Watch Products, or any ECG application for the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 574:**

Documents regarding any analysis by Apple of the FDA clearances or approvals for any iPhone compatible device.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 23, 2021       By: /s/ Adam B. Powell
　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On July 23, 2021, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S TENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 525-574)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 23, 2021, at Irvine, California.

*Claire A. Stoneman* (signature)

Claire A. Stoneman

35318127

-13-