# EXHIBIT B

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Counsel appearance continues on next page

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>    Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation<br><br>    Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 575-592)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

1  Mark D. Kachner (Bar No. 234,192)
2  mark.kachner@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3  1925 Century Park East, Suite 600
   Los Angeles, CA 90067
4  Telephone: (310) 551-3450; Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, Apple Watch Series 7, and any subsequent series of the Apple Watch.  For the avoidance of doubt, this definition includes the Apple Watch Series 8.  For the avoidance of doubt, this definition includes research and development directed towards such products and software that runs on such products.

7. "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.  For the avoidance of doubt, this definition includes research and development directed towards such products and software that runs on such products

9. "Apple Watch Series 8" means the Apple Watch models or prototypes following the Apple Watch Series 7, which was announced on September 14, 2021, regardless of whether it has been released yet or what it is called internally or publicly.  For avoidance of doubt, "Accused Products" defined above includes the Apple Watch Series 8.

10. The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent No. 9,723,997, U.S. Patent App. No. 15/960,507, and U.S. Patent App.

-2-

No. 16/700,710. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

11. The term "Computer Media" shall mean and refer to all computer storage devices, including both internal and external hard drives, CDs, DVDs, flash drives, tapes, and any other electronic storage media.

12. The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

13. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

14. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

15. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

16. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

17. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents,

employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

  2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

   a. the basis on which the privilege is claimed;

   b. the author or creator of the information, document, or thing;

   c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

   d. the date of the information or document.

  3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing. If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

  4. Produce each requested document or thing along with all non-identical drafts thereof. Furthermore, produce each document in its entirety, without abbreviation or redaction.

  5. Identify specifically the derivation and source of each document and thing to be produced.

/ / /

/ / /

/ / /

-4-

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 575:**

All "Engineering Project Files" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -237) that refer or relate to light based physiological monitoring.

**REQUEST FOR PRODUCTION NO. 576:**

All "Engineering Project Files" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -237) that refer or relate to light based physiological monitoring and were authored, in whole or in part, by Marcelo Lamego or David Nazzaro.

**REQUEST FOR PRODUCTION NO. 577:**

All "Engineering Project Files" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -237) that refer or relate to light based physiological monitoring and were kept, maintained by, or in the possession of, Marcelo Lamego or David Nazzaro when they were employed at Apple.

**REQUEST FOR PRODUCTION NO. 578:**

All "New Product Development Documentation" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -237) that refer or relate to light based physiological monitoring.

**REQUEST FOR PRODUCTION NO. 579:**

All "New Product Development Documentation" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -237) that refer or relate to light based physiological monitoring and were authored, in whole or in part, by Marcelo Lamego or David Nazzaro.

**REQUEST FOR PRODUCTION NO. 580:**

All "New Product Development Documentation" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -237)

that refer or relate to light based physiological monitoring and were kept, maintained by, or in the possession of, Marcelo Lamego or David Nazzaro when they were employed at Apple.

**REQUEST FOR PRODUCTION NO. 581:**

All "Project Files" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -238) that refer or relate to light based physiological monitoring.

**REQUEST FOR PRODUCTION NO. 582:**

All "Project Files" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -238) that refer or relate to light based physiological monitoring and were authored, in whole or in part, by Marcelo Lamego or David Nazzaro.

**REQUEST FOR PRODUCTION NO. 583:**

All "Project Files" (as referenced in Apple's Records Management policy, *see, e.g.*, APL-MAS_00360216 at -238) that refer or relate to light based physiological monitoring and were kept, maintained by, or in the possession of, Marcelo Lamego or David Nazzaro when they were employed at Apple.

**REQUEST FOR PRODUCTION NO. 584:**

Documents regarding the procedure, parameters, protocols, and/or study protocols, associated with any Apple internal or external study that was ordered, or collaborated on, by Apple, which analyzed, evaluated, or tested any Masimo product.

**REQUEST FOR PRODUCTION NO. 585:**

Documents regarding the procedure, parameters, protocols, and/or study protocols, associated with the Apple study or studies codenamed "Rivia" and all subparts or continuations of that study or studies.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 586:**

Documents regarding any contributions by Hai Pham, Haritha Haridas, Inje Lee, or Michael O'Reilly to any Apple internal or external study that was ordered, or collaborated on, by Apple, which analyzed, evaluated, or tested any Masimo product, including the Apple study or studies codenamed "Rivia" and all subparts or continuations of that study or studies.

**REQUEST FOR PRODUCTION NO. 587:**

Documents sufficient to identify any external study ordered, or collaborated on, by Apple, which relate to the physiological monitoring capabilities of the Apple Watch Products, including software thereon.

**REQUEST FOR PRODUCTION NO. 588:**

Documents and communications regarding any external study ordered, or collaborated on, by Apple, which relate to the potential clinical use of the Apple Watch Products and/or the software thereon.

**REQUEST FOR PRODUCTION NO. 589:**

Documents and communications regarding how Apple determines whether to make the Apple Watch Products' pulse oximetry feature available in a region.

**REQUEST FOR PRODUCTION NO. 590:**

Documents sufficient to show how Apple determines whether to make the Apple Watch Products' pulse oximetry feature available in a region.

**REQUEST FOR PRODUCTION NO. 591:**

Documents and communications regarding why the Apple Watch Products' pulse oximetry feature is not available in all regions.

**REQUEST FOR PRODUCTION NO. 592:**

Documents sufficient to show why the Apple Watch Products' pulse oximetry feature is not available in all regions.

/ / /

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 29, 2021      By: */s/ Adam B. Powell*
　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On October 29, 2021, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 575-592)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

Jason C. Lo
jlo@gibsondunn.com

Marc R. Lewis
mlewis@lewisllewellyn.com

Mark D. Selwyn
Mark.selwyn@wilmerhale.com

Tobias George Snyder
tsnyder@lewisllewellyn.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 29, 2021, at Irvine, California.

_____
Peter Toller

54113200

-9-