# EXHIBIT G

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257–280)** <br><br> Hon. James V. Selna <br> Magistrate Judge John D. Early |

Gibson, Dunn & Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Seventh Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 257–280) (the "Seventh RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Seventh RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1.    Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose

1    obligations that exceed the scope of permissible discovery under the Federal Rules of

2    Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

3              2.       Apple objects to the Seventh RFPs, including the Instructions and

4    Definitions and each specific Request therein, to the extent they:  (i) seek documents or

5    information that are not relevant to any party's claims or defenses in the action;

6    (ii) impose a burden disproportionate to the needs of the case; (iii) seek documents or

7    information beyond the scope of permissible discovery; (iv) are unreasonably

8    cumulative or duplicative; or (v) seek information that is obtainable from some other

9    source that is more convenient, less burdensome, or less expensive.

10             3.       Apple objects to the Seventh RFPs, including the Instructions and

11   Definitions and each specific Request therein, to the extent they are vague, ambiguous,

12   overbroad, and/or unduly burdensome, including to the extent that they demand

13   production of "each," "every," or "all" documents and things concerning the subject

14   matters referenced therein because such a demand causes undue burden and expense.

15             4.       Apple objects to the Seventh RFPs, including the Instructions and

16   Definitions and each specific Request therein, to the extent they seek information,

17   documents, and/or things protected from discovery by the attorney-client privilege, the

18   work-product doctrine, the common-interest privilege, and/or any other applicable

19   privilege, immunity, or protection.  Specific objections on the grounds of privilege are

20   provided for emphasis and clarity only, and the absence of a specific objection should

21   not be interpreted as evidence that Apple does not object to a Request on the basis of an

22   applicable privilege.   The inadvertent disclosure of any documents subject to such

23   privilege or protection is not intended to relinquish any privilege or protection and shall

24   not be deemed to be a waiver of any applicable privilege or protection.  Apple reserves

25   the right to demand that Plaintiffs return to it any document inadvertently produced.

26   Plaintiffs shall, upon the request of Apple, immediately return or destroy any such

27   documents inadvertently produced.  Further, upon Plaintiffs' discovery of what may be

28   a privileged document produced by Apple, Plaintiffs should immediately inform Apple

in writing.

5.      Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek confidential commercial, business, financial, or competitively sensitive information, trade secrets, or any other proprietary information of or about Apple, its respective employees, its clients, and its business partners, including information subject to confidentiality agreements with third parties.  Apple further objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent that they seek to require Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

6.      Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.   Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

7.      Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.  To the extent the Seventh RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

8.      Apple objects to the Seventh RFPs, including the Instructions and

Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.   Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or assumptions are correct or accurate.   The failure to object to any of the defined terms that are listed in the "Definitions" section of the Seventh RFPs, but that are not used by Plaintiffs in any of the Seventh RFPs directed to Apple, shall not be construed as a waiver of any objections to the definitions of those defined terms.

9.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to the Seventh RFPs, Apple does not admit the correctness of such assertions.

10.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, as being unduly burdensome to the extent they seek documents or information that (i) is not within the possession, custody, or control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in the possession of Plaintiffs; (iv) was already produced by or requested from other parties or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.); or (v) is public.

11.     These Responses, and the production of any documents, do not constitute admissions that such documents were in Apple's possession, custody, or control at any particular point in time other than on the date of production.

12.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek discovery from any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are not within Apple's control, and to the extent that a Request seeks such disclosure, it is improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and not on behalf of any parent, subsidiary, or affiliate.

13.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to require Apple to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

14.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found.  When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure.  Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents.  Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

15.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form.   Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions.   If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

16.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are

beyond Apple's possession, custody, or control.

17.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they are unreasonably cumulative or duplicative.

18.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the use of specific search terms not previously negotiated between the parties.

19.     Apple's undertaking to produce documents responsive to the Seventh RFPs, or its failure to object to a Request, is subject to a general proviso that Apple agrees to produce documents only to the extent such documents exist and can be located with reasonable diligence.   Further, Apple's undertaking to produce documents responsive to the Seventh RFPs does not constitute an admission that such documents actually exist, but rather that Apple has made or will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist. Apple's objections and responses shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody, or control.

20.     By responding to the Seventh RFPs, Apple does not concede the relevancy or materiality of any Request or of the subject to which it refers.  Apple's responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding.  Apple's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that it is relevant to a claim or defense in this action, or that it is admissible for any purpose.  Apple does not waive its right to object to the admissibility of any document produced by any party on any ground.

21.     Apple responds to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery

requests.

22.     Apple objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

23.     Apple reserves all other unarticulated objections.

## OBJECTIONS TO DEFINITIONS

1.     Apple objects to the Definitions in the Seventh RFPs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the Seventh RFPs in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to this action.  Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the Seventh RFPs, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.     Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or

predecessors" of Masimo Corporation encompassed in the definition.

4.     Apple objects to Plaintiffs' definition of "Cercacor" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.     Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that Plaintiffs have not alleged Apple infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information on patents that Plaintiffs are no longer asserting.   In responding to the Seventh RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly.

6.     Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.     Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3–5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8.     Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9.     Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint.  Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  In responding to the Seventh RFPs, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.

10.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Seventh RFPs, Apple will construe this term in accordance with the

requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11.     Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Seventh RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12.     Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Seventh RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

13.     Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous.   Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.   In responding to the Seventh RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## OBJECTIONS TO INSTRUCTIONS

1.     Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2.     Apple objects to Instruction No. 1 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple also objects to Instruction No. 1 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue

burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.     Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.     Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.     Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.     Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to

Gibson, Dunn &
Crutcher LLP

impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 257:**

All communications between (1) Marcelo Lamego or other individuals associated with True Wearables, Inc., including employees of Merchant & Gould, P.C., and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding *Masimo Corp. v. True Wearables, Inc*., Case No. 8:18- CV-02001-JVS-JDE or the allegations in that case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 257:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it requests communications regarding '"the allegations in that case" without any identification of the specific allegations among the many made in *Masimo Corp. v. True Wearables, Inc*., Case No. 8:18-CV-02001-JVS-JDE, to which this Request purportedly relates.

Gibson, Dunn & Crutcher LLP

1    Subject to and without waiver of the foregoing General and Specific Objections

2  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3  Apple does not have any non-privileged communications responsive to this Request.

4  **REQUEST FOR PRODUCTION NO. 258:**

5    All communications between (1) Marcelo Lamego or other individuals associated

6  with True Wearables, Inc. including employees of Merchant & Gould, P.C., and (2) any

7  Apple employee or other individuals associated with Apple, including Apple in-house

8  council or employees of Gibson, Dunn & Crutcher LLP, regarding this case or the

9  allegations in this case.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 258:**

11    Apple incorporates by reference its General Objections and Objections to

12  Definitions and Instructions.

13    Apple objects to this Request to the extent it seeks documents and things protected

14  from discovery by the attorney-client privilege, the work-product doctrine, the common-

15  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

16  objects to this Request as overbroad and unduly burdensome because it seeks

17  information neither relevant to any party's claim or defense nor proportional to the needs

18  of the case.  Apple objects to this Request to the extent it seeks documents or information

19  that are subject to a court order prohibiting their disclosure, and/or to any protective

20  order interest, privacy interest, contractual obligation, nondisclosure agreement,

21  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

22  to any third party.

23    Subject to and without waiver of the foregoing General and Specific Objections

24  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

25  Apple does not have any non-privileged communications responsive to this Request.

26  **REQUEST FOR PRODUCTION NO. 259:**

27    All communications between (1) any employee of Sotera Wireless Inc. or Hon

28  Hai Precision Industry Co. Ltd., or other individuals associated with Sotera Wireless

Gibson, Dunn &
Crutcher LLP

Inc. or Hon Hai Precision Industry Co. Ltd., including employees of Cooley LLP, Husch Blackwell LLP, or Procopio, Cory, Hargreaves & Savitch LLP, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding any litigation between Masimo and Sotera Wireless Inc. and/or Hon Hai Precision Industry Co. Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 259:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request as vague and ambiguous to the extent it requests documents and things regarding "any litigation between Masimo and Sotera Wireless Inc. and/or Han Hai Precision Industry Co. Ltd." without any identification of any such litigation between Masimo Corp. and Sotera Wireless Inc. and/or Han Hai Precision Industry Co. Ltd.

**REQUEST FOR PRODUCTION NO. 260:**

All communications between (1) any employee of Sotera Wireless Inc. or Hon Hai Precision Industry Co. Ltd., or other individuals associated with Sotera Wireless Inc. or Hon Hai Precision Industry Co. Ltd., including employees of Cooley LLP, Husch Blackwell LLP, or Procopio, Cory, Hargreaves & Savitch LLP, and (2) any Apple

employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 260:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.

**REQUEST FOR PRODUCTION NO. 261:**

All documents or communications related to Apple's Kona, Mars, P1 Stealth, ProtoN-34, ProtoN, Proto2, Proto2B, Platinum, Lisa, Citrine, Jasper, Scandium, Emerald, Ruby, Amethyst or Opal prototypes or projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 261:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information

1   that are subject to a court order prohibiting their disclosure, and/or to any protective

2   order interest, privacy interest, contractual obligation, nondisclosure agreement,

3   confidentiality agreement, secrecy order, or other such confidentiality obligation owed

4   to any third party.  Apple objects to this Request to the extent it seeks documents related

5   to products that are not relevant to this litigation or documents related to products

6   Plaintiffs have not identified in their Complaint or otherwise accused of incorporating

7   Plaintiffs' alleged trade secrets.  Apple objects to this Request on the grounds that it is

8   overly broad and unduly burdensome because it requests "all documents or

9   communications" relating to the subject matter of the Request.  Apple objects to this

10  Request as overbroad and unduly burdensome to the extent it is not limited to any

11  relevant subject matter or time period.  Apple objects to this Request to the extent it

12  seeks discovery related to Plaintiffs' patent infringement allegations, which have been

13  stayed by the Court.  Apple objects to this Request to the extent it seeks information

14  relating to Apple's unreleased products.  Such information is generally not discoverable

15  unless a party puts such information at issue.  *EPOS Techs. v. Pegasus Techs.*, 842 F.

16  Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into

17  unreleased products is not proper under the Federal Rules"); *Fenster Family Patent*

18  *Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. 04-cv-0038, 2005 WL 2304190,

19  at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the

20  stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore &*

21  *Associates, Inc.*, No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011)

22  (denying motion to compel discovery with respect to products "in development" or "not

23  in the marketplace").

24      Subject to and without waiver of the foregoing General and Specific Objections

25  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

26  Apple agrees to produce all non-privileged documents and things responsive to this

27  Request that relate to the alleged trade secrets identified in Plaintiffs' Section 2019.210

28  disclosure, to the extent such documents exist and are located after a reasonable search.

1  Apple will not produce any documents and things related to any future planned versions

2  and prototypes of the Apple Watch.

3  **REQUEST FOR PRODUCTION NO. 262:**

4  All documents or communications referencing, relating to or discussing the

5  practice of efficient infringement.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 262:**

7  Apple incorporates by reference its General Objections and Objections to

8  Definitions and Instructions.

9  Apple objects to this Request to the extent it seeks documents and things protected

10 from discovery by the attorney-client privilege, the work-product doctrine, the common-

11 interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

12 objects to this Request as overbroad and unduly burdensome because it seeks

13 information neither relevant to any party's claim or defense nor proportional to the needs

14 of the case.  Apple objects to this Request to the extent it seeks documents or information

15 that are subject to a court order prohibiting their disclosure, and/or to any protective

16 order interest, privacy interest, contractual obligation, nondisclosure agreement,

17 confidentiality agreement, secrecy order, or other such confidentiality obligation owed

18 to any third party.  Apple objects to this Request on the grounds that it is overly broad

19 and unduly burdensome because it requests "all documents or communications" relating

20 to the subject matter of the Request.  Apple objects to this Request as overbroad and

21 unduly burdensome to the extent it is not limited to any relevant subject matter or time

22 period.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs'

23 patent infringement allegations, which have been stayed by the Court.

24 **REQUEST FOR PRODUCTION NO. 263:**

25 All documents or communications describing, referencing or relating to Apple's

26 policies, procedures, or strategies for evaluating whether an Apple product violates the

27 intellectual property of others, including through patent infringement or trade secret

28 misappropriation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 263:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant subject matter or time period. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple does not have any non-privileged documents or communications responsive to this Request.

1   **REQUEST FOR PRODUCTION NO. 264:**

2           All documents or communications referencing or relating to any evaluation by

3   Apple of whether the Apple Watch did or did not violate the intellectual property of

4   others, including through patent infringement or trade secret misappropriation.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 264:**

6           Apple incorporates by reference its General Objections and Objections to

7   Definitions and Instructions.

8           Apple objects to this Request to the extent it seeks documents and things protected

9   from discovery by the attorney-client privilege, the work-product doctrine, the common-

10  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

11  objects to this Request as overbroad and unduly burdensome because it seeks

12  information neither relevant to any party's claim or defense nor proportional to the needs

13  of the case.  Apple objects to this Request to the extent it seeks documents or information

14  that are subject to a court order prohibiting their disclosure, and/or to any protective

15  order interest, privacy interest, contractual obligation, nondisclosure agreement,

16  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

17  to any third party.  Apple objects to this Request to the extent it seeks documents related

18  to products and features that are not relevant to this litigation or documents related to

19  products Plaintiffs have not identified in their Complaint or otherwise accused of

20  incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request on the

21  grounds that it is overly broad and unduly burdensome because it requests "all

22  documents or communications" relating to the subject matter of the Request.  Apple

23  objects to this Request as vague, ambiguous, overly broad, and unduly burdensome

24  because it uses the undefined term "others."  Apple objects to this Request as overbroad

25  and unduly burdensome to the extent it is not limited to any relevant subject matter or

26  time period.  Apple objects to this Request to the extent it seeks discovery related to

27  Plaintiffs' patent infringement allegations, which have been stayed by the Court.

28

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce all non-privileged documents or communications referencing or relating to any evaluation by Apple of whether the Apple Watch did or did not violate Plaintiffs' intellectual property, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 265:**

All documents or communications referencing or relating to the research, design, and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 265:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "Apple Watch Series 7." The "Apple Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a product incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request to

the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request.  Apple objects to this Request as overbroad and unduly burdensome because it requests documents related to "physiological parameters," a term that encompasses features and technologies that are not relevant to any issues in this case. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.  Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products.  Such information is generally not discoverable unless a party puts such information at issue. *EPOS Techs. v. Pegasus Techs*., 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc*., No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc*., No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

**REQUEST FOR PRODUCTION NO. 266:**

All documents or communications referencing or relating to the decisions to research, design, and/or develop Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological

parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood

**RESPONSE TO REQUEST FOR PRODUCTION NO. 266:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "Apple Watch Series 7." The "Apple Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a product incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request. Apple objects to this Request as overbroad and unduly burdensome because it requests documents related to "physiological parameters," a term that encompasses features and technologies that are not relevant to any issues in this case. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent

infringement allegations, which have been stayed by the Court.  Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products.  Such information is generally not discoverable unless a party puts such information at issue.  *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc.*, No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

## REQUEST FOR PRODUCTION NO. 267:

All documents or communications referencing or relating to the function of Defendant's Apple Watch Series 7 and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 267:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "Apple Watch Series 7."  The "Apple Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a

product incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request.   Apple objects to this Request as overbroad and unduly burdensome because it requests documents related to "physiological parameters," a term that encompasses features and technologies that are not relevant to any issues in this case. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.  Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products.  Such information is generally not discoverable unless a party puts such information at issue. *EPOS Techs. v. Pegasus Techs*., 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc*., No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc*., No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

## REQUEST FOR PRODUCTION NO. 268:

An inspection of Defendant's Apple Watch Series 7, including without limitation, prior versions and prototypes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 268:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "Apple Watch Series 7." The "Apple Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a product incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court. Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products. Such information is generally not discoverable unless a party puts such information at issue. *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical*

1   *Corp. v. W.L. Gore & Associates, Inc.*, No. 10-cv-3734, 2011 WL 11023511, at *8 (D.

2   Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in

3   development" or "not in the marketplace").

4   **REQUEST FOR PRODUCTION NO. 269:**

5        All documents or communications referencing or relating to all efforts to market

6   Defendant's Apple Watch Series 7 to consumers. For avoidance of doubt, this includes

7   documents and things related to efforts to advertise and sell said Apple Watch Series 7

8   to consumers.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 269:**

10        Apple incorporates by reference its General Objections and Objections to

11   Definitions and Instructions.

12        Apple objects to this Request to the extent it seeks documents and things protected

13   from discovery by the attorney-client privilege, the work-product doctrine, the common-

14   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

15   objects to this Request as overbroad and unduly burdensome because it seeks

16   information neither relevant to any party's claim or defense nor proportional to the needs

17   of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly

18   burdensome because it uses the undefined term "Apple Watch Series 7."  The "Apple

19   Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a

20   product incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to

21   the extent it seeks documents or information that are subject to a court order prohibiting

22   their disclosure, and/or to any protective order interest, privacy interest, contractual

23   obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other

24   such confidentiality obligation owed to any third party.  Apple objects to this Request to

25   the extent it seeks documents related to products that are not relevant to this litigation or

26   documents related to products Plaintiffs have not identified in their Complaint or

27   otherwise accused of incorporating Plaintiffs' alleged trade secrets.  Apple objects to

28   this Request on the grounds that it is overly broad and unduly burdensome because it

1  requests "all documents or communications" relating to the subject matter of the

2  Request.  Apple objects to this Request to the extent it seeks discovery related to

3  Plaintiffs' patent infringement allegations, which have been stayed by the Court.  Apple

4  objects to this Request to the extent it seeks information relating to Apple's unreleased

5  products.  Such information is generally not discoverable unless a party puts such

6  information at issue.  *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 34 (D.D.C.

7  2012) (internal citation omitted) ("Patent discovery into unreleased products is not

8  proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med.*

9  *Solutions USA, Inc.*, No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005)

10  (denying discovery as to a product "that is still in the stages of research and

11  development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc.*, No. 10-

12  cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel

13  discovery with respect to products "in development" or "not in the marketplace").

14  **REQUEST FOR PRODUCTION NO. 270:**

15      All documents or communications referencing or relating to sales projections for

16  Defendant's Apple Watch Series 7.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 270:**

18      Apple incorporates by reference its General Objections and Objections to

19  Definitions and Instructions.

20      Apple objects to this Request to the extent it seeks documents and things protected

21  from discovery by the attorney-client privilege, the work-product doctrine, the common-

22  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

23  objects to this Request as overbroad and unduly burdensome because it seeks

24  information neither relevant to any party's claim or defense nor proportional to the needs

25  of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly

26  burdensome because it uses the undefined term "Apple Watch Series 7."  The "Apple

27  Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a

28  product incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to

the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court. Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products. Such information is generally not discoverable unless a party puts such information at issue. *EPOS Techs. v. Pegasus Techs*., 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc*., No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc*., No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

**REQUEST FOR PRODUCTION NO. 271:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological measurement capability, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, of the Apple Watch Series 7.

Gibson, Dunn &
Crutcher LLP

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 271:**

2         Apple incorporates by reference its General Objections and Objections to

3    Definitions and Instructions.

4         Apple objects to this Request to the extent it seeks documents and things protected

5    from discovery by the attorney-client privilege, the work-product doctrine, the common-

6    interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

7    objects to this Request as overbroad and unduly burdensome because it seeks

8    information neither relevant to any party's claim or defense nor proportional to the needs

9    of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly

10   burdensome because it uses the undefined term "Apple Watch Series 7."  The "Apple

11   Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a

12   product incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to

13   the extent it seeks documents or information that are subject to a court order prohibiting

14   their disclosure, and/or to any protective order interest, privacy interest, contractual

15   obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other

16   such confidentiality obligation owed to any third party.  Apple objects to this Request to

17   the extent it seeks documents related to products and features that are not relevant to this

18   litigation or documents related to products Plaintiffs have not identified in their

19   Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets.  Apple

20   objects to this Request on the grounds that it is overly broad and unduly burdensome

21   because it requests "all documents or communications" relating to the subject matter of

22   the Request.   Apple objects to this Request as overbroad and unduly burdensome

23   because it requests documents related to "physiological parameters," a term that

24   encompasses features and technologies that are not relevant to any issues in this case.

25   Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent

26   infringement allegations, which have been stayed by the Court.  Apple objects to this

27   Request to the extent it seeks information relating to Apple's unreleased products.  Such

28   information is generally not discoverable unless a party puts such information at issue.

*EPOS Techs. v. Pegasus Techs*., 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc*., No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc*., No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

**REQUEST FOR PRODUCTION NO. 272:**

Documents sufficient to identify any oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose algorithm that You have implemented, ever considered implementing, or are planning to implement in the Apple Watch Series 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 272:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "Apple Watch Series 7." The "Apple Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a product incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual

obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.  Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products.  Such information is generally not discoverable unless a party puts such information at issue. *EPOS Techs. v. Pegasus Techs*., 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc*., No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc*., No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

## REQUEST FOR PRODUCTION NO. 273:

Documents sufficient to identify when You began the research, design, and/or development of any perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose functionality, including, but not limited to, any such functionality implemented in the Apple Watch Series 7.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 273:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "Apple Watch Series 7."  The "Apple Watch Series 7" neither exists nor has the "Apple Watch Series 7" been identified as a product incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.  Apple objects to this Request to the extent it seeks information relating to Apple's unreleased products.  Such information is generally not discoverable unless a party puts such information at issue. *EPOS Techs. v. Pegasus Techs*., 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (internal citation omitted) ("Patent discovery into unreleased products is not proper under the Federal Rules"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc*., No. 04-cv-0038, 2005 WL 2304190, at *6 (D. Del. Sept. 20, 2005) (denying discovery as to a product "that is still in the stages of research and development"); *see also AGA Medical Corp. v. W.L. Gore & Associates, Inc*., No. 10-cv-3734, 2011 WL 11023511, at *8 (D. Minn. Oct. 19, 2011) (denying motion to compel discovery with respect to products "in development" or "not in the marketplace").

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case,

1   Apple agrees to produce all non-privileged documents and things responsive to this

2   Request that relate to the alleged trade secrets identified in Plaintiffs' Section 2019.210

3   disclosure, to the extent such documents exist and are located after a reasonable search.

4   Apple will not produce any documents and things related to any future planned versions

5   and prototypes of the Apple Watch.

6   **REQUEST FOR PRODUCTION NO. 274:**

7        Documents sufficient to identify any case in which You asserted claims for

8   misappropriation of trade secrets.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 274:**

10        Apple incorporates by reference its General Objections and Objections to

11   Definitions and Instructions.

12        Apple objects to this Request to the extent it seeks documents and things protected

13   from discovery by the attorney-client privilege, the work-product doctrine, the common-

14   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

15   objects to this Request as overbroad and unduly burdensome because it seeks

16   information neither relevant to any party's claim or defense nor proportional to the needs

17   of the case.  Apple objects to this Request to the extent that it seeks information already

18   in Plaintiffs' possession or information that is obtainable from another source, such as

19   publicly available materials, that is more convenient, less burdensome, or less expensive.

20   Apple objects to this Request to the extent it seeks documents or information that are

21   subject to a court order prohibiting their disclosure, and/or to any protective order

22   interest, privacy interest, contractual obligation, nondisclosure agreement,

23   confidentiality agreement, secrecy order, or other such confidentiality obligation owed

24   to any third party.  Apple objects to this Request to the extent it seeks documents related

25   to products and features that are not relevant to this litigation or documents related to

26   products Plaintiffs have not identified in their Complaint or otherwise accused of

27   incorporating Plaintiffs' alleged trade secrets.   Apple objects to this Request as

28

overbroad and unduly burdensome to the extent it is not limited to any relevant subject matter or time period.

**REQUEST FOR PRODUCTION NO. 275:**

Documents sufficient to identify the trade secrets that You asserted in any case in which You asserted claims for misappropriation of trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 275:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant subject matter or time period.

**REQUEST FOR PRODUCTION NO. 276:**

All of Your interrogatory responses in any case in which You asserted claims for misappropriation of trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 276:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant subject matter or time period.

**REQUEST FOR PRODUCTION NO. 277:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 277:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant subject matter or time period.

**REQUEST FOR PRODUCTION NO. 278:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 278:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information

1  that are subject to a court order prohibiting their disclosure, and/or to any protective

2  order interest, privacy interest, contractual obligation, nondisclosure agreement,

3  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

4  to any third party.  Apple objects to this Request to the extent it seeks documents related

5  to products and features that are not relevant to this litigation or documents related to

6  products Plaintiffs have not identified in their Complaint or otherwise accused of

7  incorporating Plaintiffs' alleged trade secrets.   Apple objects to this Request as

8  overbroad and unduly burdensome to the extent it is not limited to any relevant subject

9  matter or time period.

10  **REQUEST FOR PRODUCTION NO. 279:**

11       All documents or communications referring or relating to how many Apple Watch

12  customers use each of the features listed under the "Quick Look" heading of the website

13  https://www.apple.com/watch/compare for each Apple Watch Product, including all

14  Apple Watch Products both listed and not listed on that website that use features listed

15  on that website.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 279:**

17       Apple incorporates by reference its General Objections and Objections to

18  Definitions and Instructions.

19       Apple objects to this Request to the extent it seeks documents and things protected

20  from discovery by the attorney-client privilege, the work-product doctrine, the common-

21  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

22  objects to this Request as overbroad and unduly burdensome because it seeks

23  information neither relevant to any party's claim or defense nor proportional to the needs

24  of the case.  Apple objects to this Request to the extent it seeks documents or information

25  that are subject to a court order prohibiting their disclosure, and/or to any protective

26  order interest, privacy interest, contractual obligation, nondisclosure agreement,

27  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

28  to any third party.  Apple objects to this Request to the extent it seeks documents related

to products and features that are not relevant to this litigation or documents related to products Plaintiffs have not identified in their Complaint or otherwise accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents or communications" relating to the subject matter of the Request. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant subject matter or time period. Apple objects to this Request as unduly burdensome to the extent it seeks information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the normal course of business.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 280:**

All documents or communications referring or relating to the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 280:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information

Gibson, Dunn & Crutcher LLP

that are subject to a court order prohibiting their disclosure, and/or to any protective
order interest, privacy interest, contractual obligation, nondisclosure agreement,
confidentiality agreement, secrecy order, or other such confidentiality obligation owed
to any third party.  Apple objects to this Request to the extent it seeks documents related
to products and features that are not relevant to this litigation or documents related to
products Plaintiffs have not identified in their Complaint or otherwise accused of
incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request on the
grounds that it is overly broad and unduly burdensome because it requests "all
documents or communications" relating to the subject matter of the Request.  Apple
objects to this Request as overbroad and unduly burdensome to the extent it is not limited
to any relevant subject matter or time period.  Apple objects to this Request as unduly
burdensome to the extent it seeks information of a type not maintained by Apple and/or
in a format different from the format in which Apple maintains its data in the normal
course of business.

Subject to and without waiver of the foregoing General and Specific Objections
and under the provisions of the Protective Order and ESI Stipulation entered in this case,
Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

Dated:  May 28, 2021              JOSHUA H. LERNER
                                  H. MARK LYON
                                  BRIAN M. BUROKER
                                  BRIAN A. ROSENTHAL
                                  ILISSA SAMPLIN
                                  ANGELIQUE KAOUNIS
                                  BRIAN K. ANDREA
                                  GIBSON, DUNN & CRUTCHER LLP


                                  By:  */s/ Joshua H. Lerner*
                                       Joshua H. Lerner

                                  *Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

40

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in New York, New York. I am over the age of 18 and not a party to the within action.

On May 28, 2021, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257–280) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on May 28, 2021, at New York, New York.

*/s/ Oliver J. Fong*

Oliver J. Fong

**APPLE INC.'S RESPONSES TO PLAINTIFFS' SEVENTH SET OF RFPS**
Case No. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP