# EXHIBIT H

1    JOSHUA H. LERNER, SBN 220755
       jlerner@gibsondunn.com
2    GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street Suite 3000
3    San Francisco, CA 94105
     Tel.: 415.393.8200 / Fax: 415.393.8306
4
5    H. MARK LYON, SBN 162061
       mlyon@gibsondunn.com
6    GIBSON, DUNN & CRUTCHER LLP
     1881 Page Mill Road
7    Palo Alto, CA 94304-1211
     Tel.: 650.849.5300 / Fax: 650.849.5333

8    BRIAN M. BUROKER, *pro hac vice*
       bburoker@gibsondunn.com
9    BRIAN K. ANDREA, *pro hac vice*          ILISSA SAMPLIN, SBN 314018
       bandrea@gibsondunn.com                   isamplin@gibsondunn.com
10   GIBSON, DUNN & CRUTCHER LLP            GIBSON, DUNN & CRUTCHER LLP
     1050 Connecticut Avenue, N.W.          333 South Grand Avenue
11   Washington, DC 20036                   Los Angeles, CA 90071-3197
     Tel.: 202.955.8541 / Fax: 202.467.0539 Tel.: 213.229.7000 / Fax: 213.229.7520
12
     BRIAN A. ROSENTHAL, *pro hac vice*      ANGELIQUE KAOUNIS, SBN 209833
13     brosenthal@gibsondunn.com               akaounis@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP            GIBSON, DUNN & CRUTCHER LLP
14   200 Park Avenue                        2029 Century Park East Suite 4000
     New York, NY 10166-0193                Los Angeles, CA 90067
15   Tel.: 212.351.2339 / Fax: 212.817.9539 Tel.: 310.552.8546 / Fax: 310.552.7026

16   *Attorneys for Defendant Apple Inc.*

17

18              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
19                    **SOUTHERN DIVISION**

20   MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
     a Delaware corporation; and
21   CERCACOR LABORATORIES, INC.,           **DEFENDANT APPLE INC.'S**
     a Delaware corporation,                **OBJECTIONS AND RESPONSES TO**
22                                           **PLAINTIFFS MASIMO**
                      Plaintiffs,            **CORPORATION AND CERCACOR**
23                                           **LABORATORIES, INC.'S EIGHTH**
            v.                               **SET OF REQUESTS FOR**
24                                           **PRODUCTION OF DOCUMENTS TO**
     APPLE INC., a California corporation,   **DEFENDANT APPLE INC. (NOS. 281–**
25                                           **317)**
                      Defendant.
26
                                             Hon. James V. Selna
27                                           Magistrate Judge John D. Early

28

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Eighth Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 281–317) (the "Eighth RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing.  The following Responses are made to the best of Apple's present knowledge, information, and belief.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein.  Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available.  Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Eighth RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction.  Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa.  A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason.  However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## **GENERAL OBJECTIONS**

1.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose

Gibson, Dunn &
Crutcher LLP

1   obligations that exceed the scope of permissible discovery under the Federal Rules of

2   Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

3          2.     Apple objects to the Eighth RFPs, including the Instructions and

4   Definitions and each specific Request therein, to the extent they:  (i) seek documents or

5   information that are not relevant to any party's claims or defenses in the action;

6   (ii) impose a burden disproportionate to the needs of the case; (iii) seek documents or

7   information beyond the scope of permissible discovery; (iv) are unreasonably

8   cumulative or duplicative; or (v) seek information that is obtainable from some other

9   source that is more convenient, less burdensome, or less expensive.

10         3.     Apple objects to the Eighth RFPs, including the Instructions and

11  Definitions and each specific Request therein, to the extent they are vague, ambiguous,

12  overbroad, and/or unduly burdensome, including to the extent that they demand

13  production of "each," "every," or "all" documents and things concerning the subject

14  matters referenced therein because such a demand causes undue burden and expense.

15         4.     Apple objects to the Eighth RFPs, including the Instructions and

16  Definitions and each specific Request therein, to the extent they seek information,

17  documents, and/or things protected from discovery by the attorney-client privilege, the

18  work-product doctrine, the common-interest privilege, and/or any other applicable

19  privilege, immunity, or protection.  Specific objections on the grounds of privilege are

20  provided for emphasis and clarity only, and the absence of a specific objection should

21  not be interpreted as evidence that Apple does not object to a Request on the basis of an

22  applicable privilege.  The inadvertent disclosure of any documents subject to such

23  privilege or protection is not intended to relinquish any privilege or protection and shall

24  not be deemed to be a waiver of any applicable privilege or protection.  Apple reserves

25  the right to demand that Plaintiffs return to it any document inadvertently produced.

26  Plaintiffs shall, upon the request of Apple, immediately return or destroy any such

27  documents inadvertently produced.  Further, upon Plaintiffs' discovery of what may be

28  a privileged document produced by Apple, Plaintiffs should immediately inform Apple

in writing.

5.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek confidential commercial, business, financial, or competitively sensitive information, trade secrets, or any other proprietary information of or about Apple, its respective employees, its clients, and its business partners, including information subject to confidentiality agreements with third parties.  Apple further objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent that they seek to require Apple to produce any document containing the private, confidential, or privileged information of non-parties, including, but not limited to, third-party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

6.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they call for the production of documents or information that are subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.   Apple's production of such documents or information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

7.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, as overly broad, unduly burdensome, and oppressive to the extent any Request fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which Plaintiffs would not be entitled to collect any damages.  To the extent the Eighth RFPs seek documents from an unspecified or expansive time period, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

8.     Apple objects to the Eighth RFPs, including the Instructions and

Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions.  Nothing contained in or absent from Apple's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, arguments, or assumptions are correct or accurate.  The failure to object to any of the defined terms that are listed in the "Definitions" section of the Eighth RFPs, but that are not used by Plaintiffs in any of the Eighth RFPs directed to Apple, shall not be construed as a waiver of any objections to the definitions of those defined terms.

9.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to the Eighth RFPs, Apple does not admit the correctness of such assertions.

10.    Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, as being unduly burdensome to the extent they seek documents or information that (i) is not within the possession, custody, or control of Apple; (ii) is as readily available to Plaintiffs as to Apple; (iii) is already in the possession of Plaintiffs; (iv) was already produced by or requested from other parties or non-parties in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.); or (v) is public.

11.    These Responses, and the production of any documents, do not constitute admissions that such documents were in Apple's possession, custody, or control at any particular point in time other than on the date of production.

12.    Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek discovery from any parent, subsidiary, or affiliate of Apple.  Such parents, subsidiaries, or affiliates are not within Apple's control, and to the extent that a Request seeks such disclosure, it is improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and not on behalf of any parent, subsidiary, or affiliate.

13.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to require Apple to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

14.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found.  When Apple agrees to produce documents in response to a Request, such a response does not constitute a representation that Apple will search all files maintained by any person, but only that responsive documents will be produced if they exist and can be located by a reasonable and diligent search of readily accessible files where such responsive documents reasonably would be expected to be found, and are not otherwise protected by disclosure.  Subject to the objections stated, Apple will search the readily accessible and centrally located files of individuals whom it reasonably believes may have relevant documents.  Any Request that seeks to require Apple to go beyond such a search is overbroad and unduly burdensome.

15.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form.   Production of documents, including electronically stored information, in native form prevents Apple from adequately labeling and controlling its productions.   If and when Apple produces documents, Apple will produce such documents in a reasonably useable form within the meaning of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

16.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek documents that are

1    beyond Apple's possession, custody, or control.

2        17.    Apple objects to the Eighth RFPs, including the Instructions and

3    Definitions and each specific Request therein, to the extent they are unreasonably

4    cumulative or duplicative.

5        18.    Apple objects to the Eighth RFPs, including the Instructions and

6    Definitions and each specific Request therein, to the extent they call for the use of

7    specific search terms not previously negotiated between the parties.

8        19.    Apple's undertaking to produce documents responsive to the Eighth RFPs,

9    or its failure to object to a Request, is subject to a general proviso that Apple agrees to

10   produce documents only to the extent such documents exist and can be located with

11   reasonable diligence.  Further, Apple's undertaking to produce documents responsive to

12   the Eighth RFPs does not constitute an admission that such documents actually exist,

13   but rather that Apple has made or will continue to make a reasonable, good faith search

14   and attempt to ascertain whether responsive documents do in fact exist.  Apple's

15   objections and responses shall not be construed as representations regarding the

16   existence or non-existence of specific documents in its possession, custody, or control.

17       20.    By responding to the Eighth RFPs, Apple does not concede the relevancy

18   or materiality of any Request or of the subject to which it refers.  Apple's responses are

19   made subject to, and without waiving, any objections as to the competency, relevancy,

20   materiality, privilege, or admissibility of any of the responses given, or of the subject

21   matter, in any proceeding in this action or in any other subsequent proceeding.  Apple's

22   willingness to provide any document or information in response to a Request shall not

23   be interpreted as an admission that it is relevant to a claim or defense in this action, or

24   that it is admissible for any purpose.  Apple does not waive its right to object to the

25   admissibility of any document produced by any party on any ground.

26       21.    Apple responds to the Eighth RFPs, including the Instructions and

27   Definitions and each specific Request therein, without waiving or intending to waive,

28   but rather preserving and intending to preserve, its right to object to any other discovery

Gibson, Dunn & Crutcher LLP

requests.

22.     Apple objects to the Eighth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

23.     Apple reserves all other unarticulated objections.

## OBJECTIONS TO DEFINITIONS

1.     Apple objects to the Definitions in the Eighth RFPs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple will construe and respond to the Eighth RFPs in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

2.     Apple objects to Plaintiffs' definition of "Apple," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require Apple to collect and/or produce documents from undefined "present or former officer[s], director[s], employee[s], agent[s], attorney[s], or other representative[s] acting for or on behalf of Defendant Apple, Inc."  Apple further objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent it seeks to impose a discovery obligation on persons and/or entities that are not parties to this action.  Apple also objects to the definition of "Apple," "Defendant," "You," and "Your" to the extent the reference to any "agent," "attorney," or "other representative acting for or on behalf of Defendant Apple, Inc." purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the Eighth RFPs, Apple will construe these terms to mean Apple Inc., the defendant in this action, and will limit its responses accordingly.

3.     Apple objects to Plaintiffs' definition of "Masimo" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or

predecessors" of Masimo Corporation encompassed in the definition.

4.    Apple objects to Plaintiffs' definition of "Cercacor" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it does not identify all of the purported "divisions, departments, parents, subsidiaries, affiliates or predecessors" of Cercacor Laboratories, Inc. encompassed in the definition.

5.    Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that Plaintiffs have not alleged Apple infringes in any complaint filed in this action but may assert in "a future pleading." Apple also objects to Plaintiffs' definition of "Masimo Asserted Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.  Apple objects to Plaintiffs' definition of "Masimo Asserted Patents" to the extent it seeks information on patents that Plaintiffs are no longer asserting.   In responding to the Eighth RFPs, Apple will construe this term to mean the patents asserted by Plaintiffs in their Complaint in this action, and will limit its responses accordingly.

6.    Apple objects to Plaintiffs' definition of "Apple Watch Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of patents included in the Second Amended Complaint, which are: U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776 (collectively, the "Asserted Patents"), or to the relevant time frame of alleged infringement.

7.      Apple objects to Plaintiffs' definition of "Apple iOS Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3–5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

8.      Apple objects to Plaintiffs' definition of "Accused Products" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition is not limited to components or functionality of the publicly released Apple Watch Series 3-5 devices identified and alleged in Plaintiffs' infringement allegations to infringe the asserted claims of the Asserted Patents, or to the relevant time frame of alleged infringement.

9.      Apple objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent the definition purports to include "additional patents" that are not the subject of any Claim in Plaintiffs' Complaint.   Apple also objects to Plaintiffs' definition of "Disputed Patents" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs refer generally to an unidentified "future pleading," which could include, for example, a pleading filed against entities other than Apple or a pleading filed in an entirely different action.   In responding to the Eighth RFPs, Apple will construe this term to mean the "Disputed Patents" specifically referenced in Plaintiffs' Complaint.

10.     Apple objects to the definition of "documents" as overly broad, unduly burdensome, vague, and ambiguous.   Apple further objects to the definition of "documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.   In responding to the Eighth RFPs, Apple will construe this term in accordance with the

requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

11.     Apple objects to the definition of "things" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Eighth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

12.     Apple objects to the definition of "concerning" as overly broad, unduly burdensome, vague, and ambiguous.  In responding to the Eighth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

13.     Apple objects to the definition of "communication" as overly broad, unduly burdensome, vague, and ambiguous.  Apple further objects to the definition of "communication" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production.  In responding to the Eighth RFPs, Apple will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## OBJECTIONS TO INSTRUCTIONS

1.     Apple objects to the Instructions to the extent they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court.

2.     Apple objects to Instruction No. 1 on the grounds that it purports to impose discovery obligations on persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple also objects to Instruction No. 1 as overly broad, unduly burdensome, vague, and ambiguous to the extent it imposes undue

burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple further objects to Instruction No. 1 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

3.     Apple objects to Instruction No. 2 as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court, including to the extent it purports to require production of a privilege log that is more detailed than that required under the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

4.     Apple objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

5.     Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.  Apple also objects to Instruction No. 4 to the extent it purports to demand the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.

6.     Apple objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "derivation" and "source" and otherwise demands that the "derivation" and "source" be identified "specifically."  Apple also objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to

Gibson, Dunn &
Crutcher LLP

impose undue burdens and requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and all applicable rules and orders of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 281:

All trial and deposition transcripts of testimony by Tim Cook in any litigation relating to intellectual property, correction of inventorship, ownership of patents, trade secret misappropriation, unfair competition, or patent misuse.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 281:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

### REQUEST FOR PRODUCTION NO. 282:

All communications between (1) Pekka Talke, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding physiological monitoring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 282:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it requests "all documents and things" relating to the subject matter of the request. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 283:**

All documents and communications reflecting the name and number of individuals hired by Apple who previously worked for companies that make pulse oximetry products, including but not limited to Masimo, Cercacor, Nellcor Puritan Bennett, Inc., Philips Electronic North America Corporation, Mindray DS USA, Inc., and Nonin Medical, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 283:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

Gibson, Dunn &
Crutcher LLP

interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as unduly burdensome to the extent it seeks information of a type not maintained by Apple and/or in a format different from the format in which Apple maintains its data in the normal course of business.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 284:**

All communications between (1) Marcelo Lamego, True Wearables, Inc., or any other individuals associated with True Wearables, Inc., and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, after Marcelo Lamego ended his employment at Apple.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 284:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

1   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

2   objects to this Request as overbroad and unduly burdensome because it seeks

3   information neither relevant to any party's claim or defense nor proportional to the needs

4   of the case.  Apple objects to this Request to the extent that it seeks information already

5   in Plaintiffs' possession or information that is obtainable from another source, such as

6   publicly available materials, that is more convenient, less burdensome, or less expensive.

7   Apple objects to this Request to the extent it seeks documents or information that are

8   subject to a court order prohibiting their disclosure, and/or to any protective order

9   interest,   privacy   interest,   contractual   obligation,   nondisclosure   agreement,

10  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

11  to any third party.

12       Subject to and without waiver of the foregoing General and Specific Objections

13  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

14  Apple agrees to produce all non-privileged responsive documents responsive to this

15  Request, to the extent such documents exist and are located after a reasonable search.

16  **REQUEST FOR PRODUCTION NO. 285:**

17       All communications between (1) any Apple employee or other individuals

18  associated with Apple, including Apple in-house council or employees of Gibson, Dunn

19  & Crutcher LLP, and (2) the Food and Drug Administration (FDA), regarding any of

20  the Apple Watch Products, including any application operating on the Apple Watch

21  Products.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 285:**

23       Apple incorporates by reference its General Objections and Objections to

24  Definitions and Instructions.

25       Apple objects to this Request as overbroad and unduly burdensome because it

26  seeks information neither relevant to any party's claim or defense nor proportional to

27  the needs of the case.  Apple objects to this Request to the extent it seeks documents

28  related to products that are not relevant to this litigation, including because they are

1   related to products Plaintiffs have not identified in their Complaint as accused of

2   incorporating Plaintiffs' alleged trade secrets.

3   Subject to and without waiver of the foregoing General and Specific Objections

4   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5   Apple agrees to produce non-privileged communications regarding any attempt by

6   Apple to obtain FDA approval of the pulse oximetry feature of any Apple Watch

7   Product, to the extent such documents exist and are located after a reasonable search.

8   **REQUEST FOR PRODUCTION NO. 286:**

9   All communications between (1) any Apple employee or other individuals

10  associated with Apple, including Apple in-house council or employees of Gibson, Dunn

11  & Crutcher LLP, and (2) the FDA, regarding the measurement of any physiological

12  parameter.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 286:**

14  Apple incorporates by reference its General Objections and Objections to

15  Definitions and Instructions.

16  Apple objects to this Request as overbroad and unduly burdensome because it

17  seeks information neither relevant to any party's claim or defense nor proportional to

18  the needs of the case.  Apple objects to this Request to the extent it seeks documents

19  related to products that are not relevant to this litigation, including because they are

20  related to products Plaintiffs have not identified in their Complaint as accused of

21  incorporating Plaintiffs' alleged trade secrets.

22  Subject to and without waiver of the foregoing General and Specific Objections

23  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

24  Apple agrees to produce non-privileged communications regarding any attempt by

25  Apple to obtain FDA approval of the pulse oximetry feature of any Apple Watch

26  Product, to the extent such documents exist and are located after a reasonable search.

27

28

Gibson, Dunn &
Crutcher LLP

**REQUEST FOR PRODUCTION NO. 287:**

All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the FDA, regarding any informal meetings with the FDA, including but not limited to informal meetings addressing whether any Apple product requires FDA clearance or approval and how said clearance or approval could be obtained.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 287:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce non-privileged communications regarding any attempt by Apple to obtain FDA approval of the pulse oximetry feature of any Apple Watch Product, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 288:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding any Apple Watch Product, including but not limited to the questions asked and the users' feedback.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 288:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Gibson, Dunn & Crutcher LLP

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 289:**

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding pulse rate, blood glucose, or pulse oximetry, including but not limited to the questions asked and the users' feedback.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 289:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks

Gibson, Dunn &
Crutcher LLP

1  information neither relevant to any party's claim or defense nor proportional to the needs

2  of the case.  Apple objects to this Request to the extent it seeks documents or information

3  that are subject to a court order prohibiting their disclosure, and/or to any protective

4  order interest, privacy interest, contractual obligation, nondisclosure agreement,

5  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

6  to any third party.  Apple objects to this Request to the extent it seeks documents related

7  to products that are not relevant to this litigation, including because they are related to

8  products Plaintiffs have not identified in their Complaint as accused of incorporating

9  Plaintiffs' alleged trade secrets.

10      Subject to and without waiver of the foregoing General and Specific Objections

11  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

12  Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

13  **REQUEST FOR PRODUCTION NO. 290:**

14      All documents and things related to the surveys sent by Apple or third parties

15  employed by Apple to Apple Watch Product users regarding Apple applications, Apple

16  products, third party applications, or third-party products for managing, tracking, or

17  recording health data, including but not limited to the questions asked and the users'

18  feedback.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 290:**

20      Apple incorporates by reference its General Objections and Objections to

21  Definitions and Instructions.

22      Apple objects to this Request to the extent it seeks documents and things protected

23  from discovery by the attorney-client privilege, the work-product doctrine, the common-

24  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

25  objects to this Request as overbroad and unduly burdensome because it seeks

26  information neither relevant to any party's claim or defense nor proportional to the needs

27  of the case.  Apple objects to this Request to the extent it seeks documents or information

28  that are subject to a court order prohibiting their disclosure, and/or to any protective

order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

## REQUEST FOR PRODUCTION NO. 291:

All documents and things related to the surveys sent by Apple or third parties employed by Apple to Apple Watch Product users regarding Apple applications, Apple products, third party applications, or third-party products for monitoring, tracking, or recording blood oxygen levels, including but not limited to the questions asked and the users' feedback.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 291:

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related

1    to products that are not relevant to this litigation, including because they are related to

2    products Plaintiffs have not identified in their Complaint as accused of incorporating

3    Plaintiffs' alleged trade secrets.

4         Subject to and without waiver of the foregoing General and Specific Objections

5    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

6    Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

7    **REQUEST FOR PRODUCTION NO. 292:**

8         All documents and things related to the surveys sent by Apple or third parties

9    employed by Apple to Apple Watch Product users regarding the use of third-party apps

10   in conjunction with any Apple Watch Product for monitoring, tracking, or recording

11   health data including blood oxygen levels, including but not limited to the questions

12   asked and the users' feedback.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 292:**

14        Apple incorporates by reference its General Objections and Objections to

15   Definitions and Instructions.

16        Apple objects to this Request to the extent it seeks documents and things protected

17   from discovery by the attorney-client privilege, the work-product doctrine, the common-

18   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

19   objects to this Request as overbroad and unduly burdensome because it seeks

20   information neither relevant to any party's claim or defense nor proportional to the needs

21   of the case.  Apple objects to this Request to the extent it seeks documents or information

22   that are subject to a court order prohibiting their disclosure, and/or to any protective

23   order interest, privacy interest, contractual obligation, nondisclosure agreement,

24   confidentiality agreement, secrecy order, or other such confidentiality obligation owed

25   to any third party.  Apple objects to this Request to the extent it seeks documents related

26   to products that are not relevant to this litigation, including because they are related to

27   products Plaintiffs have not identified in their Complaint as accused of incorporating

28   Plaintiffs' alleged trade secrets.

1       Subject to and without waiver of the foregoing General and Specific Objections

2   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

3   Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

4   **REQUEST FOR PRODUCTION NO. 293:**

5       All documents reflecting Marcelo Lamego's job duties and title, who he reported

6   to, group he was assigned to, compensation, severance, and communications regarding

7   patent applications.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 293:**

9       Apple incorporates by reference its General Objections and Objections to

10   Definitions and Instructions.

11       Apple objects to this Request to the extent it seeks documents and things protected

12   from discovery by the attorney-client privilege, the work-product doctrine, the common-

13   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

14   objects to this Request as overbroad and unduly burdensome because it seeks

15   information neither relevant to any party's claim or defense nor proportional to the needs

16   of the case, including because it relates to purely personal matters of employees that are

17   unconnected to any allegations in this case.  Apple objects to this Request to the extent

18   it seeks documents or information that are subject to a court order prohibiting their

19   disclosure, and/or to any protective order interest, privacy interest, contractual

20   obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other

21   such confidentiality obligation owed to any third party.

22       Subject to and without waiver of the foregoing General and Specific Objections

23   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

24   Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

25   **REQUEST FOR PRODUCTION NO. 294:**

26       All documents reflecting Michael O'Reilly's job duties and title, who he reported

27   to, group he was assigned to, compensation, and communications regarding patent

28   applications.

Gibson, Dunn &
Crutcher LLP

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 294:**

2      Apple incorporates by reference its General Objections and Objections to

3  Definitions and Instructions.

4      Apple objects to this Request to the extent it seeks documents and things protected

5  from discovery by the attorney-client privilege, the work-product doctrine, the common-

6  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

7  objects to this Request as overbroad and unduly burdensome because it seeks

8  information neither relevant to any party's claim or defense nor proportional to the needs

9  of the case, including because it relates to purely personal matters of employees that are

10 unconnected to any allegations in this case.  Apple objects to this Request to the extent

11 it seeks documents or information that are subject to a court order prohibiting their

12 disclosure, and/or to any protective order interest, privacy interest, contractual

13 obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other

14 such confidentiality obligation owed to any third party.

15     Subject to and without waiver of the foregoing General and Specific Objections

16 and under the provisions of the Protective Order and ESI Stipulation entered in this case,

17 Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

18 **REQUEST FOR PRODUCTION NO. 295:**

19     All documents that refer or relate to the value or importance of accurate

20 measurement of heart rate or blood oxygen saturation in the Apple Watch Products.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 295:**

22     Apple incorporates by reference its General Objections and Objections to

23 Definitions and Instructions.

24     Apple objects to this Request to the extent it seeks documents and things protected

25 from discovery by the attorney-client privilege, the work-product doctrine, the common-

26 interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

27 objects to this Request as overbroad and unduly burdensome because it seeks

28 information neither relevant to any party's claim or defense nor proportional to the needs

of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.   Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.  Apple objects to this Request to the extent it is duplicative and/or cumulative of Plaintiffs' previous Requests.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce non-privileged formal studies showing the value and/or potential value of including in the Apple Watch the Oxygen Saturation Calculation Techniques identified in Paragraph 45.1-.3 of the Fourth Amended Complaint, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 296:**

All documents that refer or relate to the value or importance of battery life in the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 296:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective

order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

**REQUEST FOR PRODUCTION NO. 297:**

All documents that refer or relate to the value or importance of reducing ambient light intrusion or optical leakage in the Apple Watch Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 297:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple agrees to produce all non-privileged documents and things responsive to this

Request that relate to the alleged trade secrets identified in Plaintiffs' Section 2019.210 disclosure, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 298:**

All documents that refer or relate to why features were included in the Apple Watch 6, but not included in the Apple Watch SE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 298:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "features." Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 299:**

All documents that refer to the value or importance of performing health research using Apple products.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 299:**

2       Apple incorporates by reference its General Objections and Objections to

3  Definitions and Instructions.

4       Apple objects to this Request to the extent it seeks documents and things protected

5  from discovery by the attorney-client privilege, the work-product doctrine, the common-

6  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

7  objects to this Request as overbroad and unduly burdensome because it seeks

8  information neither relevant to any party's claim or defense nor proportional to the needs

9  of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly

10 burdensome because it uses the undefined term "health research."  Apple objects to this

11 Request to the extent it seeks documents or information that are subject to a court order

12 prohibiting their disclosure, and/or to any protective order interest, privacy interest,

13 contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy

14 order, or other such confidentiality obligation owed to any third party.  Apple objects to

15 this Request to the extent it seeks documents related to products that are not relevant to

16 this litigation, including because they are related to products Plaintiffs have not

17 identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

18      Subject to and without waiver of the foregoing General and Specific Objections

19 and under the provisions of the Protective Order and ESI Stipulation entered in this case,

20 Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

21 **REQUEST FOR PRODUCTION NO. 300:**

22      All documents that refer or relate to the value or importance of using Apple

23 products to remotely monitor patients or measure patient parameters.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 300:**

25      Apple incorporates by reference its General Objections and Objections to

26 Definitions and Instructions.

27      Apple objects to this Request to the extent it seeks documents and things protected

28 from discovery by the attorney-client privilege, the work-product doctrine, the common-

1   interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

2   objects to this Request as overbroad and unduly burdensome because it seeks

3   information neither relevant to any party's claim or defense nor proportional to the needs

4   of the case. Apple objects to this Request to the extent it seeks documents or information

5   that are subject to a court order prohibiting their disclosure, and/or to any protective

6   order interest, privacy interest, contractual obligation, nondisclosure agreement,

7   confidentiality agreement, secrecy order, or other such confidentiality obligation owed

8   to any third party. Apple objects to this Request to the extent it seeks documents related

9   to products that are not relevant to this litigation, including because they are related to

10  products Plaintiffs have not identified in their Complaint as accused of incorporating

11  Plaintiffs' alleged trade secrets.

12          Subject to and without waiver of the foregoing General and Specific Objections

13  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

14  Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

15  **REQUEST FOR PRODUCTION NO. 301:**

16          All documents that refer or relate to the value or importance of precision medicine

17  or custom care plans.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 301:**

19          Apple incorporates by reference its General Objections and Objections to

20  Definitions and Instructions.

21          Apple objects to this Request to the extent it seeks documents and things protected

22  from discovery by the attorney-client privilege, the work-product doctrine, the common-

23  interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

24  objects to this Request as overbroad and unduly burdensome because it seeks

25  information neither relevant to any party's claim or defense nor proportional to the needs

26  of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly

27  burdensome because it uses the undefined terms "precision medicine" and "custom care

28  plans." Apple objects to this Request to the extent it seeks documents or information

1   that are subject to a court order prohibiting their disclosure, and/or to any protective

2   order interest, privacy interest, contractual obligation, nondisclosure agreement,

3   confidentiality agreement, secrecy order, or other such confidentiality obligation owed

4   to any third party.  Apple objects to this Request to the extent it seeks documents related

5   to products that are not relevant to this litigation, including because they are related to

6   products Plaintiffs have not identified in their Complaint as accused of incorporating

7   Plaintiffs' alleged trade secrets.

8         Subject to and without waiver of the foregoing General and Specific Objections

9   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

10  Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 302:**

12        All documents that refer or relate to the value or importance of creating custom

13  health applications.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 302:**

15        Apple incorporates by reference its General Objections and Objections to

16  Definitions and Instructions.

17        Apple objects to this Request to the extent it seeks documents and things protected

18  from discovery by the attorney-client privilege, the work-product doctrine, the common-

19  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

20  objects to this Request as overbroad and unduly burdensome because it seeks

21  information neither relevant to any party's claim or defense nor proportional to the needs

22  of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly

23  burdensome because it uses the undefined term "custom health applications."  Apple

24  objects to this Request to the extent it seeks documents or information that are subject

25  to a court order prohibiting their disclosure, and/or to any protective order interest,

26  privacy interest, contractual obligation, nondisclosure agreement, confidentiality

27  agreement, secrecy order, or other such confidentiality obligation owed to any third

28  party.  Apple objects to this Request to the extent it seeks documents related to products

1    that are not relevant to this litigation, including because they are related to products

2    Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs'

3    alleged trade secrets.

4        Subject to and without waiver of the foregoing General and Specific Objections

5    and under the provisions of the Protective Order and ESI Stipulation entered in this case,

6    Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

7    **REQUEST FOR PRODUCTION NO. 303:**

8        All documents that refer or relate to the value to Apple of creating an ecosystem

9    of products or services.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 303:**

11       Apple incorporates by reference its General Objections and Objections to

12   Definitions and Instructions.

13       Apple objects to this Request to the extent it seeks documents and things protected

14   from discovery by the attorney-client privilege, the work-product doctrine, the common-

15   interest privilege, and/or any other applicable privilege, immunity, or protection. Apple

16   objects to this Request as overbroad and unduly burdensome because it seeks

17   information neither relevant to any party's claim or defense nor proportional to the needs

18   of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly

19   burdensome because it uses the undefined term "ecosystem." Apple objects to this

20   Request to the extent it seeks documents or information that are subject to a court order

21   prohibiting their disclosure, and/or to any protective order interest, privacy interest,

22   contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy

23   order, or other such confidentiality obligation owed to any third party. Apple objects to

24   this Request to the extent it seeks documents related to products that are not relevant to

25   this litigation, including because they are related to products Plaintiffs have not

26   identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

27   Apple objects to this Request as overbroad and unduly burdensome to the extent it is not

28   limited to any relevant time period. Apple objects to this Request to the extent it seeks

discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 304:**

All documents that refer or relate to the value of the Apple Watch Products to Apple's ecosystem.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 304:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "ecosystem." Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period. Apple objects to this Request to the extent it seeks

1   discovery related to Plaintiffs' patent infringement allegations, which have been stayed

2   by the Court.

3        Subject to and without waiver of the foregoing General and Specific Objections

4   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

5   Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

6   **REQUEST FOR PRODUCTION NO. 305:**

7        All documents that refer or relate the value or importance of ResearchKit to

8   Apple.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 305:**

10        Apple incorporates by reference its General Objections and Objections to

11   Definitions and Instructions.

12        Apple objects to this Request to the extent it seeks documents and things protected

13   from discovery by the attorney-client privilege, the work-product doctrine, the common-

14   interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

15   objects to this Request as overbroad and unduly burdensome because it seeks

16   information neither relevant to any party's claim or defense nor proportional to the needs

17   of the case.  Apple objects to this Request to the extent it seeks documents or information

18   that are subject to a court order prohibiting their disclosure, and/or to any protective

19   order interest, privacy interest, contractual obligation, nondisclosure agreement,

20   confidentiality agreement, secrecy order, or other such confidentiality obligation owed

21   to any third party.  Apple objects to this Request to the extent it seeks documents related

22   to products that are not relevant to this litigation, including because they are related to

23   products Plaintiffs have not identified in their Complaint as accused of incorporating

24   Plaintiffs' alleged trade secrets.

25        Subject to and without waiver of the foregoing General and Specific Objections

26   and under the provisions of the Protective Order and ESI Stipulation entered in this case,

27   Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

28

**REQUEST FOR PRODUCTION NO. 306:**

All documents that refer or relate Apple's plans or strategies for Apple's ResearchKit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 306:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 307:**

All documents that refer or relate the value or importance of HealthKit to Apple.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 307:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Gibson, Dunn &
Crutcher LLP

1  Apple objects to this Request to the extent it seeks documents and things protected

2  from discovery by the attorney-client privilege, the work-product doctrine, the common-

3  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

4  objects to this Request as overbroad and unduly burdensome because it seeks

5  information neither relevant to any party's claim or defense nor proportional to the needs

6  of the case.  Apple objects to this Request to the extent it seeks documents or information

7  that are subject to a court order prohibiting their disclosure, and/or to any protective

8  order interest, privacy interest, contractual obligation, nondisclosure agreement,

9  confidentiality agreement, secrecy order, or other such confidentiality obligation owed

10  to any third party.  Apple objects to this Request to the extent it seeks documents related

11  to products that are not relevant to this litigation, including because they are related to

12  products Plaintiffs have not identified in their Complaint as accused of incorporating

13  Plaintiffs' alleged trade secrets.

14  Subject to and without waiver of the foregoing General and Specific Objections

15  and under the provisions of the Protective Order and ESI Stipulation entered in this case,

16  Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

17  **REQUEST FOR PRODUCTION NO. 308:**

18  All documents that refer or relate Apple's plans or strategies for Apple's

19  HealthKit.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 308:**

21  Apple incorporates by reference its General Objections and Objections to

22  Definitions and Instructions.

23  Apple objects to this Request to the extent it seeks documents and things protected

24  from discovery by the attorney-client privilege, the work-product doctrine, the common-

25  interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

26  objects to this Request as overbroad and unduly burdensome because it seeks

27  information neither relevant to any party's claim or defense nor proportional to the needs

28  of the case.  Apple objects to this Request to the extent it seeks documents or information

Gibson, Dunn & Crutcher LLP

that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 309:**

All documents that refer or relate Apple's plans or strategies to create a hub or ecosystem for health data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 309:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "ecosystem."  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to

this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 310:**

All documents that refer or relate to the value of creating to create a hub or ecosystem for health data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 310:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "ecosystem."  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not

identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 311:**

All documents that refer or relate the value or importance of using Apple products in clinical care facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 311:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 312:**

All documents that refer or relate to Apple's decision, reasons, or motivations for hiring Mujeeb Ijaz, Don Dafoe, Michael Erickson, Dapeng Wang, and Indrajeet Thorat from A123 Systems, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 312:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.

**REQUEST FOR PRODUCTION NO. 313:**

All documents that refer or relate to Apple's plans to create or maintain a product ecosystem using health monitoring or health data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 313:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "ecosystem."  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 314:**

All documents that refer or relate to the value and importance of creating or maintaining an ecosystem using health monitoring or health data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 314:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

Gibson, Dunn & Crutcher LLP

objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "ecosystem."  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period.  Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 315:**

All documents reflecting strategies or decisions on setting consumer prices for Apple Watch Products, including but not limited to strategies or decisions on relative prices between different models, and price adjustments as newer models are released.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 315:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Apple

objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.  Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets.

**REQUEST FOR PRODUCTION NO. 316:**

All trial exhibits, trial testimony, deposition exhibits, and deposition testimony from the case *Epic Games, Inc v. Apple Inc.*, Case No. 4:20-cv- 05640-YGR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 316:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case.  Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party.

**REQUEST FOR PRODUCTION NO. 317:**

All documents and communications that refer or relate to Apple having an "ecosystem" of products and/or services.

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 317:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome because it seeks information neither relevant to any party's claim or defense nor proportional to the needs of the case. Apple objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it uses the undefined term "ecosystem." Apple objects to this Request to the extent it seeks documents or information that are subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party. Apple objects to this Request to the extent it seeks documents related to products that are not relevant to this litigation, including because they are related to products Plaintiffs have not identified in their Complaint as accused of incorporating Plaintiffs' alleged trade secrets. Apple objects to this Request as overbroad and unduly burdensome to the extent it is not limited to any relevant time period. Apple objects to this Request to the extent it seeks discovery related to Plaintiffs' patent infringement allegations, which have been stayed by the Court.

Subject to and without waiver of the foregoing General and Specific Objections and under the provisions of the Protective Order and ESI Stipulation entered in this case, Apple is willing to meet and confer with Plaintiffs to discuss the scope of this Request.

Gibson, Dunn &
Crutcher LLP

1  Dated:  June 21, 2021                    JOSHUA H. LERNER
2                                           H. MARK LYON
                                            BRIAN M. BUROKER
3                                           BRIAN A. ROSENTHAL
                                            ILISSA SAMPLIN
4                                           ANGELIQUE KAOUNIS
                                            BRIAN K. ANDREA
5                                           GIBSON, DUNN & CRUTCHER LLP

6
                                           By:  */s/ Joshua H. Lerner*
7                                                Joshua H. Lerner

8
                                           *Attorneys for Defendant Apple Inc.*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I am a citizen of the United States of America and I am employed in New York,

3

New York. I am over the age of 18 and not a party to the within action.

4

On June 21, 2021, I served the within DEFENDANT APPLE INC.'S

5

OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION

6

AND CERCACOR LABORATORIES, INC.'S EIGHTH SET OF REQUESTS FOR

7

PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 281–317)

8

on the parties or their counsel shown at the email addresses shown below:

9

KNOBBE, MARTENS, OLSON & BEAR, LLP

10

Joseph R. Re

11

joseph.re@knobbe.com

12

Stephen C. Jensen

13

steve.jensen@knobbe.com

14

Perry D. Oldham

15

perry.oldham@knobbe.com

16

Stephen W. Larson

17

stephen.larson@knobbe.com

18

Adam B. Powell

19

adam.powell@knobbe.com

20

Mark Kachner

21

mark.kachner@knobbe.com

22

I certify and declare under penalty of perjury under the laws of the State of

23

California that I am employed in the office of a member of the bar of this Court at whose

24

direction the service was made, and that the forgoing is true and correct.

25

Executed on June 21, 2021, at New York, New York.

26

*/s/ Oliver J. Fong*

27

Oliver J. Fong

28

Gibson, Dunn &
Crutcher LLP