# EXHIBIT K

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

July 27, 2021

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
BAndrea@gibsondunn.com

Re:   Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write to request a meet and confer regarding Apple's Objections and Responses to Masimo's Seventh Set of Requests for Production (Nos. 257-280).  This letter addresses RFPs 257-264 and 274-280.  Masimo addressed RFPs 265-273 in a separate letter.

## General Objections

**Native Files:**  Apple generally "objects to the Seventh RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek production of electronically stored documents in their native form."  The production of ESI in its native format is governed by the parties' ESI Stipulation and Order, which was granted by the Court.  Dkt. 51; Dkt. 52.  This requires that "[m]ultimedia files and spreadsheets shall be produced as natives with a slipsheet" and "[t]he parties will meet and confer to discuss additional requests for the production of files in native format, on a case-by-case basis."  Dkt. 51 at 3.  Apple's general objection is contrary to both the ESI Order's plain requirement that multimedia files and spreadsheets be produced in their native format, and its requirement that additional requests be discussed on a case-by-case basis.  Please confirm Apple is not relying on this objection to withhold any documents or refuse to produce documents as native files.

**Boilerplate Overbroad, Undue Burden, Proportionality, Privacy, and Confidentiality:** Apple objected to *every* RFP as "overbroad and unduly burdensome" and "neither relevant to any party's claim or defense nor proportional to the needs of the case."  Apple objected to *every* RFP as seeking documents "subject to a court order prohibiting their disclosure, and/or to any protective order interest, privacy interest, contractual obligation, nondisclosure agreement, confidentiality agreement, secrecy order, or other such confidentiality obligation owed to any third party."  These objections are not specific to any particular and Apple makes no attempt here to present any specific evidence for any particular requests.  If Apple has a ***particularized*** basis for any particular request, please state the basis clearly.  Otherwise, we understand Apple is not using these objections as a basis to withhold responsive documents.

## Requests For Production

**RFPs 257-258**: These requests concern communications between Apple and True Wearables regarding the *True Wearables* case and this case. Apple's response states: "Apple does not have any non-privileged documents or communications responsive to this Request." We understand that means Apple has responsive documents, but contends they are privileged. If so, please provide a privilege log pursuant to Instruction No. 2 and Fed. R. Civ. P. 26(b)(5)(A)(ii). To the extent Apple is relying on a common interest agreement with True Wearables, please produce the agreement so that we can evaluate Apple's claims of privilege. Otherwise, please specifically state Apple has no responsive documents. Please also confirm Apple is not relying on any other objections to withhold responsive documents.

**RFPs 259-260**: These requests concern communications between Apple and Sotera regarding the *Sotera* case and this case. Apple refused to produce ***any*** responsive documents. Apple has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

**RFP 261**: This request concerns various relevant Apple projects and code names. Apple's substantive response states that it will produce only documents that ***Apple*** determines "relate to the alleged trade secrets identified in Plaintiffs' Section 2019.210 disclosure." But Judge Early previously held that Apple is "taking too restrictive of a view of what 2019.210 does; what the definition of relevance is for discovery." 5/20/2021 Tr. at 12. Thus, Apple may not restrict its production to only documents that ***Apple*** determines are relevant to the Section 2019.210 disclosure. Please confirm Apple will produce all responsive documents.

**RFPs 262**: This request concerns Apple's alleged practice of "efficient infringement." Apple refused to produce ***any*** responsive documents, but has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

**RFP 263**: This request concerns Apple's policies, procedures, and strategies for evaluating whether a product violates the intellectual property rights of others. Apple's response states: "Apple does not have any non-privileged documents or communications responsive to this Request." We understand that means Apple has responsive documents, but contends they are privileged. If so, please provide a privilege log pursuant to Instruction No. 2 and Fed. R. Civ. P. 26(b)(5)(A)(ii). Otherwise, please specifically state Apple has no responsive documents. Please also confirm Apple is not relying on any other objections to withhold responsive documents.

**RFP 264**: This request concerns Apple's analysis of whether the Apple Watch did or did not violate the intellectual property rights of others. Apple agreed to produce all responsive documents concerning Masimo's intellectual property rights, but refuses to produce documents regarding the intellectual property rights of others. Apple does not justify this limitation with a specific objection. To the extent this limitation is based on Apple's overly broad and unduly burdensome, proportionality, or relevance objections, this limitation is not well founded. Apple's evaluations of the Apple Watch with respect to others' intellectual property rights are relevant to Masimo's claims. For example, such documents are relevant to showing Apple's practice of "efficient infringement" and willful misappropriation of trade secrets. Please confirm Apple will produce all responsive documents.

**RFPs 274-278**: These requests concern other cases in which Apple asserted claims for misappropriation of trade secrets.  Such documents are relevant to showing whether Apple is taking inconsistent positions in this case concerning Masimo's assertion of trade secret misappropriation.  Apple refused to produce *any* responsive documents, but has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C).  Please confirm Apple will produce all responsive documents.

**RFPs 279-280**: These requests concern the features listed under the "Quick Look" heading of Apple's website for the Apple Watch products.  The requests are relevant to showing the relative importance of various features of the Apple Watch products at issue here in comparison to other features, which is relevant to damages.  Apple offers to meet and confer.

Please let us know when you are available to meet and confer pursuant to Paragraph 7 of the Special Master Order (Dkt. 470).  We are generally available on July 28 or July 30.

Best regards,

Adam B. Powell

32796726