# EXHIBIT O

November 10, 2021

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
BAndrea@gibsondunn.com

Re: Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to portions of your August 20 letter that we did not discuss in prior letters addressing other RFPs. We also write to request a meet and confer on additional requests concerning similar topics at issue in this letter.

**Apple's August 20 Letter**

We continue to disagree with the general statements in your letter. Because we responded in other letters, we will not repeat ourselves. We address specific requests below.

**RFPs 293, 294**: Apple argues these requests are "duplicative" of several other RFPs, but does not explain which request is allegedly duplicative of prior requests. The requests are different on their face. For example, RFPs 293 and 294 are limited to Lamego and O'Reilly, whereas RFP 240-241 concern all "Former Employees." RFP 245 also refers to O'Reilly's *changes* in title or job responsibilities, whereas RFP 245 seeks other information.

Apple agrees to provide documents "sufficient to show" certain topics, but Apple does not attempt to justify that limitation. Apple also claims compensation is "private" and "irrelevant," but again does not explain its position. The complaint specifically alleges Apple "provided substantial financial incentives, which had the effect of enticing O'Reilly, Lamego, and others to use and/or disclose Plaintiffs' Confidential Information to help Apple in its strategic objective in healthcare." Dkt. 296-1 ¶ 232. The Court relied on those allegations in denying Apple's motion to dismiss. Dkt. 361 at 8.

Apple also argues that Masimo has not justifies its request for communications regarding patent applications. But Masimo alleges Apple misappropriated Masimo's trade secrets by obtaining them from former employees (like Lamego and O'Reilly) and incorporating them in patent applications. Dkt. 296-1 ¶ 233. Please confirm Apple will produce all responsive documents.

**RFP 377**: Apple agrees to produce documents for Lamego and "any individuals Plaintiffs have alleged should be named as an inventor on the Disputed Patents." Apple's position does not address Masimo's allegation that Apple misappropriated trade secrets by obtaining information from former employees and including that information in patent applications. Subject to its right to seek information about other individuals if it learns new facts, Masimo would be willing to limit this RFP to the following

individuals: John Aguilar, Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Ehsan Masoumi, Michael O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan, and Vincent Wayne. Please let us know if Apple agrees.

**RFP 413-416, 418**: Apple argues these requests are "duplicative" of several other RFPs, but does not explain which request is allegedly duplicative of prior requests. The requests are different on their face. For example, RFP 414 refers to pulse rate or oxygen saturation, whereas RFPs 234 and 235 refer to physiological monitoring. Regardless, Apple has never provided any legal support for its objection that RFPs "overlap" partially or fully with prior RFPs. Apple also claims it already agreed to produce some documents, but does not identify the specific objections serving as the basis for its withholding of other responsive documents. That is improper. *See* Fed. R. Civ. P. 34(b)(2)(C).

Apple argues that Masimo has not addressed Apple's assertion that prior RFPs were inappropriate. Apple appears to be pointing to its assertion that the definition of "Former Employees" is too broad. As a compromise, Masimo would be willing to agree to the same list of individuals in RFP 377 above. Please let us know if Apple agrees.

**RFPs 443-444**: Apple argues these requests are "duplicative" of RFP 255. But RFP 255 seeks all communications between Apple employees/representatives and former Masimo employees, whereas RFPs 443 and 444 are limited to specific subject matter. Beyond Apple's incorrect "duplicative" argument, Apple has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

## Additional Conference of Counsel

Masimo also requests a conference of counsel on the additional requests below, which concern similar topics as those addressed above.

**RFPs 412**: This RFP seeks non-public documents from Masimo or Cercacor. Such documents would be highly relevant to trade secret misappropriation. Apple agreed to produce only responsive documents that are relevant to specific techniques described in Masimo's Section 2019.210 disclosure. Nothing justifies Apple's limitation. Judge Early previously held that Apple is "taking too restrictive of a view of what 2019.210 does; what the definition of relevance is for discovery." 5/20/2021 Tr. at 12. Thus, Apple may not restrict its production to only documents that *Apple* determines are relevant to the Section 2019.210 disclosure. Please confirm Apple will produce all responsive documents.

**RFP 417**: This RFP seeks documents regarding pulse rate or pulse oximetry developed or manufactured by Plaintiffs or any former employee. Apple refused to produce ***any*** responsive documents. Apple has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

**RFP 419**: This RFP seeks documents regarding any disclosure to Apple regarding pulse rate or oxygen saturation by former Masimo employees. Apple agreed to produce the disclosure themselves, but not any related documents. Apple has not explained or justified its limitation. Please confirm Apple will produce all responsive documents.

**RFPs 420-421:** These RFPs seek Apple's human resources file for Lamego and O'Reilly. Apple agreed to produce only documents that it determines "relate to the acquisition, use, or disclosure of confidential or proprietary information." Apple has not explained or justified its limitation. Please confirm Apple will produce all responsive documents.

**RFPs 422-425**: These RFPs seek documents regarding Apple's hiring or termination of Lamego/O'Reilly, and change in job titles. Apple's recruiting efforts and change in job titles for Lamego/O'Reilly are relevant to showing Apple's knowledge that it was obtaining Masimo's trade secrets and its willful misappropriation of trade secrets. Apple refused to produce *any* responsive documents. Apple has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

**RFPs 470-474, 476-480**: These requests seek documents regarding Lamego's job duties/titles, who he reported to, who reported to him, the group he was assigned to, and his compensation/severance. Apple has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

**RFPs 548-553**: These requests seek information about Masimo documents in the possession of certain former employees, communications with former employees while they were employed by Masimo or before they worked at Apple, and information about hiring and employing those former employees. Apple offered to meet and confer on some requests and refused to provide any documents for other requests. However, Apple has not identified the specific objections serving as the basis for its withholding of responsive documents pursuant to Fed. R. Civ. P. 34(b)(2)(C). Please confirm Apple will produce all responsive documents.

**Conclusion**

Please provide Apple's position on RFPs 293, 294, 377, 413-416, 418, 443-444. Please also let us know when you are available to meet and confer pursuant to Paragraph 7 of the Special Master Order regarding RFPs 412, 417, 419-425, 470-474, 476-480, and 548-553. We are available most of the day on November 12.

Best regards,

Adam B. Powell

Case 8:20-cv-00048-JVS-JDE   Document 565-8   Filed 01/18/22   Page 4 of 4   Page ID #:47259

53866034

knobbe.com