# EXHIBIT R

| | |
|---|---|
| 1 | JOSHUA H. LERNER, SBN 220755 |
|   |   jlerner@gibsondunn.com |
| 2 | GIBSON, DUNN & CRUTCHER LLP |
|   | 555 Mission Street Suite 3000 |
| 3 | San Francisco, CA 94105 |
|   | Tel.:  415.393.8200 / Fax: 415.393.8306 |

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.:  650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation,<br><br>        Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S NOTICE OF DEPOSITION OF MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)**<br><br>Date:   June 2, 2021<br>Time:  9:00 a.m. PT<br>Place:  Remote deposition |

Gibson, Dunn & Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Apple, Inc., by and through its undersigned attorneys, will take the oral deposition of Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") on June 2, 2021, at 9:00 a.m. PT, unless otherwise agreed, and continuing from day to day thereafter until concluded, Saturdays, Sundays, and holidays excepted. The deposition is being taken for the purposes of discovery, for use at trial, and for any other purposes as permitted under the Federal Rules of Civil Procedure, court order, and any other applicable rules. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs are directed to designate one or more officers, directors, managing agents, or other individuals able to fully and completely testify on behalf of Plaintiffs regarding the subject matters listed in Exhibit A attached hereto.

The deposition shall be conducted using remote video conference and deposition technology, unless otherwise agreed by the parties, before a notary public or some other officer authorized by law to administer oaths for use at the trial herein.

The court reporter, questioning and defending attorneys, any other party representative attending the deposition, and videographer may be remote for the purposes of reporting and recording the proceeding, and may not be in the presence of the deponent. The deposition will be recorded stenographically and by videotape, and may be recorded through instant visual display of testimony using "Live Note" or a similar software.

Any recording, videotape, and transcript of this deposition may be used for any legally permissible purpose, including admission at trial.

Gibson, Dunn & Crutcher LLP

1

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

| | |
|---|---|
| Dated: May 10, 2021 | Respectfully submitted,<br><br>JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Ilissa Samplin*<br>       Ilissa Samplin<br><br>*Attorneys for Defendant Apple Inc.* |

2

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

# EXHIBIT A
# DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  In these interrogatories, the following terms are to be given their ascribed definitions.

1. The term **"Action"** refers to *Masimo Corporation et al. v. Apple Inc.*, Civil Action No. 8:20-cv-00048-JVS (JDEx), commenced on January 9, 2020.

2. The term **"Complaint"** refers to the current operative complaint in the Action.

3. The term **"Masimo"** refers to Masimo Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Masimo Corporation's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Masimo Corporation.

4. The term **"Cercacor"** refers to Cercacor Laboratories, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Cercacor Laboratories, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Cercacor Laboratories, Inc.

5. The terms **"You," "Your,"** or **"Plaintiffs,"** refer to Masimo and Cercacor, jointly or individually.

6. The terms **"Defendant"** or **"Apple"** refer to Apple Inc.

3

Gibson, Dunn & Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

7. The term **"the '265 patent"** refers to U.S. Patent No. 10,258,265.

8. The term **"the '628 patent"** refers to U.S. Patent No. 10,292,628.

9. The term **"the '553 patent"** refers to U.S. Patent No. 10,588,553.

10. The term **"the '554 patent"** refers to U.S. Patent No. 10,588,554.

11. The term **"the '564 patent"** refers to U.S. Patent No. 10,624,564,

12. The term **"the '765 patent"** refers to U.S. Patent No. 10,631,765,

13. The term **"the '194 patent"** refers to U.S. Patent No. 10,702,194,

14. The term **"the '195 patent"** refers to U.S. Patent No. 10,702,195,

15. The term **"the '366 patent"** refers to U.S. Patent No. 10,709,366,

16. The term **"the '994 patent"** refers to U.S. Patent No. 6,771,994.

17. The term **"the '703 patent"** refers to U.S. Patent No. 8,457,703.

18. The term **"the '776 patent"** refers to U.S. Patent No. 10,433,776.

19. The terms **"Asserted Patent"** or **"Asserted Patents"** or **"Patents-in-Suit"** refer to the '265, the '628, the '553, the '554, the '564, the '765, the '194, the '195, the '366, the '994, the '703, and the '776, collectively, as well as any applications for and/or counterparts to these patents, and any other patents that You may accuse Apple of infringing in this Action, and their applications and/or counterparts.

20. The term **"Related Patents and Applications"** refers to (i) all U.S. or foreign patents and patent applications related to the Asserted Patents or their applications by way of subject matter or claimed priority date, and (ii) any patent or patent application that claims priority to an Asserted Patent, or to which an Asserted Patent claims priority.

21. The terms **"Asserted Claim"** or **"Asserted Claims"** means the claims of the Asserted Patents that Plaintiffs contend Apple has infringed and/or is infringing.

22. The term **"Asserted Technologies"** refers to the alleged inventions claimed by the Asserted Claims.

23. The term **"Apple Patents"** refers to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, 9,723,997, and 10,524,671, collectively, as well as

4
NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

any applications for and/or counterparts to these patents, and any other of Apple's patents for which Plaintiffs may bring claims of correction of inventorship in this Action, and their applications and/or counterparts.

24. The term **"Apple Applications"** refers to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710, 14/618,664, and 15/960,507, and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively, and any counterparts thereof, and any other of Apple's patent applications for which Plaintiffs may bring claims of ownership in this Action, and any counterparts thereof.

25. The term "**Alleged Inventors**" refers to Messrs. Al-Ali, Diab, and Weber, as alleged in the Fourth Amended Complaint, collectively, and any other individuals who Plaintiffs may contend in this Action should be named as inventors on the Apple Patents and Apple Applications.

26. The terms "**Trade Secret**" or "**Trade Secrets**" means the information identified in Plaintiffs' Section 2019.210 Statement and alleged in the Fourth Amended Complaint, including without limitation information allegedly disclosed by Your former employees, information allegedly disclosed in Apple Patents or Apple Applications, or information allegedly incorporated in the Accused Products, as alleged trade secrets and any other trade secret that Plaintiffs allege Apple misappropriated. In referring to any information alleged in the Fourth Amended Complaint and in Plaintiffs' Section 2019.210 Statement as a "Trade Secret," Apple in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in the Fourth Amended Complaint and in Plaintiffs' Section 2019.210 Statement concerning the purported "Trade Secrets" satisfy Plaintiffs' obligations under California Code of Civil Procedure Section 2019.210 to describe their alleged trade secrets with reasonable particularity.

27. The term **"Accused Products"** refers to the Apple Watch Series 3 and later devices, alone or in combination with Apple iPhones, that Plaintiffs assert infringe

5

NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP

any of the Asserted Patents, and any other products that Plaintiffs are permitted to accuse of infringing any of the Asserted Patents in this Action. In referring to any product as an "Accused Product," Apple in no way communicates its agreement that the product infringes the Asserted Patents.

28. The term **"Prior art"** refers to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Asserted Patents.

29. The term **"Licensee"** refers to any entity having a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that the entity has any rights to the Asserted Patents or Related Patents, may practice one or more claims of the Asserted Patent and/or that Plaintiffs will not file suit or otherwise enforce against that entity one or more claims of the Asserted Patent or Related Patents and Applications.

30. The terms **"Person"** or **"Persons"** shall mean any natural person, or any business, legal or governmental entity or association, including, without limitation, the owners, officers, directors, agents, trustees, parents, or subsidiaries, affiliates, assignees, predecessors, and successors of such entities or associations and/or natural persons.

31. The term **"Communication"** shall mean every manner of disclosure, transfer, or exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

32. The terms **"Document"** or **"Documents"** is used in the most comprehensive and broadest sense permitted by the Federal Rules of Civil Procedure 26 and 34, and specifically includes electronically stored information and every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence. A draft or non-identical copy is a separate Document within the meaning of this term.

33. The terms **"Thing"** or **"Things"** are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is

6

Gibson, Dunn & Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

1  not limited to, prototypes, models, specimens, or other devices, and commercially
2  manufactured items.

3      34.    The term **"each"** shall mean each and every.

4      35.    The term **"any"** shall include the word "all," and vice versa.

5      36.    The terms **"and,"** **"or,"** and **"and/or"** shall be construed in the
6  conjunctive or the disjunctive, whichever makes the discovery request more inclusive
7  so as to bring within the scope of the request all Documents that might otherwise be
8  construed to be outside of its scope.

9      37.    The present tense includes the past and future tenses. The singular
10 includes the plural, and the plural includes the singular. Words in the masculine,
11 feminine or neutral form shall include all of the other genders.

12     38.    The use of the term "**the**" shall not be construed as limiting the scope of
13 any interrogatory.

14     39.    References to **"employees,"** **"officers,"** **"directors,"** or **"agents"** shall
15 include both current and former employees, officers, directors, and agents.

16     40.    A request for **"identification,"** to **"identify,"** or to "**describe**" requires
17 the following:

18     (a)    When used with respect to a person other than a natural person,
19 including, but not limited to, any corporation, partnership, association,
20 foundation, trust, organization, or other entity or functional division thereof, to
21 state: (1) its full name; (2) the address of its principal office or place of business;
22 (3) all names under which it is doing business or ever has done business; (4) the
23 nature of the venture (e.g., sole proprietorship, partnership, corporation, etc.); and
24 (5) the identities of its officers, directors, partners, or administrators.

25     (b)    When used with respect to a natural person, provide (1) the full
26 name; (2) any other names that person uses presently or has used in the past; (3)
27 present or last known business and residence addresses; (4) present or last known
28 telephone number; (5) present or last known employer and address thereof; and

7

Gibson, Dunn & Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

(6) present or last known job, position, or title of that person.

(c) When used with respect to a Document or tangible thing, to state: (1) the type of Document or tangible thing (e.g., letter, memorandum, computer disk drive, etc.); (2) the date it was created; (3) its author and signatories; (4) its addresses and all other persons receiving copies; (5) the nature and substance of the Document in sufficient particularity to enable it to be identified; and (6) its location and its custodian (or, if it is no longer within your possession, custody, or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved the disposition; and identify the person or persons having knowledge of its contents).

(d) When used with respect to a Communication, provide the date of the Communication, identify the person who initiated the Communication, identify each person who received such Communication, identify the form of the Communication, identify any Document which embodies the Communication, and provide a general description of the content of the Communication.

(e) When used with respect to an act, event, instance, occasion, meeting, conversation, allegation, or contention, means to state all facts concerning the subject matter in detail, including the date and place thereof, to identify the individual participants, to summarize separately for each individual participant what she or he said or did, and to identify each Document or Communication used or prepared in connection therewith or making any reference thereto.

41. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

42. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

43. "Relating to" shall mean referring to, reflecting, regarding, describing, evidencing, constituting, containing, concerning, discussing, alluding to, germane to,

8

Gibson, Dunn & Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

mentioning, surrounding, analyzing, setting forth, summarizing, supporting, refuting, or characterizing, directly or indirectly, expressly or implicitly, in whole or in part, the subject matter of the Request.

### **DEPOSITION TOPICS**

1. The management, ownership, corporate structure, and revenue structure of each of Masimo and Cercacor, including the relationships between and among divisions, subsidiaries, or affiliates of each company, and whether and how profits and/or losses of such divisions, subsidiaries, or affiliates flow to each company.

2. All facts and circumstances relating to Your alleged development of each of Your alleged Trade Secrets, including without limitation the identity of each Person involved in the conception, design, or development of each such Trade Secret, and the nature of involvement of each such Person.

3. All facts and circumstances relating to Plaintiffs' past, present, or planned future use of each of Your alleged Trade Secrets, including without limitation:

   a. The identity of every product, including prototypes not yet released for sale, strategy, or plan that allegedly incorporates each alleged Trade Secret;
   b. The functionality that allegedly incorporates each alleged Trade Secret;
   c. When each alleged Trade Secret was incorporated into every product, strategy, or plan; and,
   d. When each alleged Trade Secret ceased being incorporated into every product, strategy, or plan.

4. All facts and circumstances relating to the access by and/or disclosure to Apple of each of Plaintiffs' alleged Trade Secrets, including without limitation:

   a. The recipients of each such Trade Secret;
   b. The means of disclosure of each such Trade Secret; and
   c. The date on which Plaintiffs first became aware of the alleged disclosure of each of Your alleged Trade Secrets to Apple.

5. All facts and circumstances relating to Your January 24, 2014 letter that

9

Gibson, Dunn & Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

You sent to Apple, including without limitation, Your reasons for sending that letter and any actions You took after January 24, 2014 relating to the subject matter of that letter.

6. All facts and circumstances relating to any agreements entered into between You, on the one hand, and any of Your current and/or former employees, on the other hand, regarding inventions, including ownership and assignment of same.

7. All facts and circumstances relating to any contracts or nondisclosure agreements You have entered into that cover any of Your alleged Trade Secrets.

8. All facts and circumstances relating to Your contention that Apple has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, each of Plaintiffs' alleged Trade Secrets, including without limitation the identity of each Apple product that allegedly incorporates and uses each such Trade Secret and the means by which said product(s) in fact incorporate or use that Trade Secret.

9. All facts and circumstances relating to Plaintiffs' initial discovery of Apple's alleged misappropriation of each of Plaintiffs' alleged Trade Secrets, including without limitation the date(s) on which each discovery occurred.

10. All facts and circumstances that support, refute, or relate to Your contention that each of Plaintiffs' alleged Trade Secrets possesses independent economic value and/or provides Plaintiffs with an actual or potential business advantage from not being generally known to, and not readily ascertainable through proper means by, the general public.

11. All facts and circumstances relating to Plaintiffs' products, including prototypes not yet released for sale, which Plaintiffs allege compete with any version of the Apple Watch, including without limitation:

   a. The products' manner of operation;
   b. The development of such products;
   c. The efficacy of such products;
   d. Plaintiffs' marketing of such products, including the relevant product market(s);

10
NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

      e. Sales of, and offers to sell such products;

      f. The market share of such products;

      g. Use of such products by Plaintiffs' customers;

      h. Financial information related to such products, including revenue, profits, and production and marketing costs;

      i. Plaintiffs' patents and patent applications related to such products; and

      j. Plaintiffs' licensing efforts with regards to those patents and applications.

12. All facts and circumstances relating to any of Your investigations of any version of the Apple Watch, including without limitation any analyses You have performed of any version of the Apple Watch and the results of the same.

13. All facts and circumstances relating to the estimated value and potential value of Plaintiffs' alleged Trade Secrets and the means by which Plaintiffs calculate the same.

14. All facts and circumstances relating to the estimated value and potential value of each of Masimo and Cercacor and the means by which Plaintiffs calculate the same.

15. All facts and circumstances relating to Your sales, pricing, cost, revenue, and profit data during the last ten years for each product that you allege incorporates Your alleged Trade Secrets.

16. All facts and circumstances relating to any forecasts for Your sales, pricing, cost, revenue, and profit for each product that you allege incorporates Your alleged Trade Secrets.

17. All facts and circumstances relating to any royalties received or paid in the last ten years, including the portion of any royalties received or paid for technology relating to the subject matter covered by Your alleged Trade Secrets.

18. All facts and circumstances relating to any profits, revenue, or sales that You contend You have lost or may lose because of sales of the Apple Watch.

11
NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

19. All facts and circumstances relating to any business value You contend You have lost or may lose because of sales of the Apple Watch.

20. For each of Your products that you allege competes with the Apple Watch, all facts and circumstances relating to Your contention that Your products compete with the Apple Watch.

21. All facts and circumstances relating to any current and potential competitors that compete with Your products that incorporate Your alleged Trade Secrets, including, without limitation, any evaluation, analysis, facts, and evidence as to why the competitors' products compete with Your products that incorporate Your alleged Trade Secrets.

22. All facts and circumstances relating to customers' decisions to purchase Your products incorporating Your alleged Trade Secrets rather than purchasing competing products.

23. All facts and circumstances relating to customers' decisions to purchase Your products that You allege compete with any version of the Apple Watch.

24. All facts and circumstances relating to customers' decisions to purchase any version of the Apple Watch instead of any of Your products.

25. All facts and circumstances relating to the total addressable market, Your market share, and competitor market shares for Your products incorporating Your alleged Trade Secrets and any products that compete with Your products incorporating Your alleged Trade Secrets.

26. All facts and circumstances relating to the substitutability of Your products incorporating Your alleged Trade Secrets with competitors' products, including, without limitation, any substitutability analysis performed by You.

27. All facts and circumstances relating to any harm or damages You seek in this lawsuit, including without limitation: (i) lost sales; (ii) lost profits; (iii) lost royalties; (iv) lost research and collaboration opportunities; (v) lost business value; (vi) sales at lower prices; (vii) price erosion; (viii) lost sales of components and accessories; (ix) lost

12
NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

market share; (x) lost investment value of the alleged Trade Secrets; and (xi) loss of competitive advantage.

28. All facts and circumstances relating to the confidentiality or secrecy of each of Your alleged Trade Secrets, including, but not limited to, Your information technology policies, human resources policies, confidentiality policies, document access restrictions, and any other policies, protocols, or restrictions designed to safeguard the confidentiality or secrecy of the alleged Trade Secrets, all facts and circumstances relating to access to the alleged Trade Secrets, including access by Marcelo Lamego and/or Michael O'Reilly, and all efforts taken by You to preserve the confidentiality or secrecy of the alleged Trade Secrets.

29. All facts and circumstances relating to the disclosure of any of Your alleged Trade Secrets to any third party, including the identity of each such third party and the circumstances under which each alleged Trade Secret was disclosed to each such third party.

30. All facts and circumstances relating to Marcelo Lamego's and Michael O'Reilly's employment with Plaintiffs, including without limitation:

    a. All facts and circumstances relating to their hiring and training, including as referenced in Paragraph 22 of the Complaint;

    b. All facts and circumstances relating to the projects and products on which they worked;

    c. All facts and circumstances relating to each of Your alleged Trade Secrets to which they had access and the degree of that access;

    d. All facts and circumstances relating to their compensation while employed by You;

    e. All facts and circumstances relating to their departure from Plaintiffs' employ, including, but not limited to, any requests that they return or destroy Your confidential information and/or Your alleged Trade Secrets;

    f. All facts and circumstances relating to offers by Plaintiffs, if any, that they

Gibson, Dunn & Crutcher LLP

13

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

        could return to work at Plaintiffs after departing; and

        g. All facts and circumstances relating to any communications between Plaintiffs and the United States Food and Drug Administration relating to Lamego or O'Reilly.

31. Any criminal investigations of, or proceedings against Plaintiffs, including without limitation the grand jury proceedings regarding the Pronto and Pronto-7 products, which Plaintiffs disclosed in a Form 8-K filing on May 6, 2014.

32. All facts and circumstances relating to any communications and dealings between Plaintiffs and Apple during the period preceding the filing of this lawsuit, including without limitation:

        a. Discussions between Apple and Plaintiffs regarding any planned or contemplated business collaboration or combination;

        b. Any non-disclosure agreements between Apple and Plaintiffs; and

        c. Any license agreements between Apple and Plaintiffs.

33. All facts and circumstances relating to the relationship between Masimo and Cercacor, including any license agreements between Masimo and Cercacor.

34. All facts and circumstances relating to any communications between Plaintiffs and any of Plaintiffs' former employees who were subsequently employed by Apple, where such communications occurred after such former employees ended their employment with Plaintiffs.

35. All facts and circumstances relating to any license agreements You have entered into or offers to license You have made in the last ten years, including for technology relating to the subject matter covered by Your alleged Trade Secrets.

36. All facts and circumstances relating to any differences between Your alleged Trade Secrets and the information disclosed in Plaintiffs' patents or patent applications, including without limitation U.S. Patent Nos. 5,632,272, 5,823,950, 5,919,134, 6,229,856, 6,526,300, 7,003,338, 8,185,180, 8,203,704, 8,437,825, 8,471,713, 8,515,509, 8,577,431, 8,630,691, 8,700,112, 8,740,792, 8,821,397,

8,909,310, 9,192,351, 9,341,565, 9,591,975, 9,861,305, 10,231,670, 10,376,190, 10,448,871, 10,575,779, and 10,702,195 and U.S. Patent App. Pub. Nos. 2010/0004518, 2010/0030040, 2011/0237911, 2014/0121482, 2014/0275808, 2015/0366507, 2016/0081552, 2016/0367173, 2017/0000394.

37. All facts and circumstances relating to Plaintiffs' practices, procedures, and/or policies for submission of information for possible inclusion in patent applications.

38. Plaintiffs' policies, strategies, plans, and practices regarding any of its patents or technology, including without limitation, filing patent applications, acquiring patents or patent applications from others, exploiting patents and patented technology, charging patent infringement, and enforcing patents.

39. How Plaintiffs decide whether to maintain any alleged inventions or technologies as a trade secret.

40. All facts and circumstances regarding your allegations that the Apple Patents and Apple Applications claim subject matter that Marcelo Lamego obtained from discussions with, or jointly conceived with, Masimo employees as referenced in Paragraphs 270, 277, 284, 291, 298, 305, 312, 320, 328, 336, 344, and 352 of the Complaint.

41. All facts and circumstances regarding the value and/or potential value of the technology claimed or disclosed in the Apple Patents and Apple Applications.

42. All facts and circumstances regarding the advantages or disadvantages of the technology claimed or disclosed in the Apple Patents and/or Apple Applications over competing technologies.

43. All facts and circumstances regarding the conception of the Apple Patents and Apple Applications, including without limitation:

    a. What alleged inventive contributions were made by each Alleged Inventor to the Apple Patents and Apple Applications;

    b. Who made alleged inventive contributions to the subject matter of the

15
NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn &
Crutcher LLP

Apple Patents and Apple Applications;

  c. When the alleged inventive contributions were made by each Alleged Inventor to the Apple Patents and Apple Applications; and

  d. Where the alleged inventive contributions were made by each Alleged Inventor to the Apple Patents and Apple Applications.

44. All facts and circumstances regarding Your allegations that the Alleged Inventors are joint inventors of any patentable subject matter claimed in the Apple Patents and Apple Applications as referenced in Paragraphs 270, 277, 284, 298, 305, 312, 320, 328, 344, and 352 of the Complaint.

45. All facts and circumstances regarding Your allegations that Masimo is at least a joint owner of the Apple Patents and Apple Applications as referenced in Paragraphs 272, 279, 286, 293, 307, 315, 317, 323, 325, 331, 333, 339, 341, 355, 357, 362, 364, 369, and 371 of the Complaint.

46. All facts and circumstances regarding your allegations that Cercacor is at least a joint owner of the Apple Patents and Apple Applications as referenced in Paragraphs 300, 347, and 349 of the Complaint.

47. All facts and circumstances regarding the alleged reduction to practice of the Apple Patents and Apple Applications.

48. All facts and circumstances regarding the invention of any of the subject matter claimed in the Apple Patents and Apple Applications.

49. All facts and circumstances regarding any alleged invention described in or claimed in the Apple Patents and Apple Applications.

50. All facts and circumstances regarding the inventive contribution of any of the Alleged Inventors to the subject matter claimed in any of the Apple Patents and Apple Applications.

51. All facts and circumstances regarding the differences between any inventive contribution by any of the Alleged Inventors to the subject matter claimed in any of the Apple Patents and Apple Applications and what was known in the art at the

16

Gibson, Dunn &
Crutcher LLP

NOTICE OF DEPOSITION OF MASIMO CORP. AND
CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

time of the alleged invention.

52. All facts and circumstances regarding Your use of inventions disclosed in the Apple Patents and Apple Applications.

53. All facts and circumstances regarding Your first knowledge of the Apple Patents and Apple Applications, including without limitation the date on which You first became aware of the Apple Patents and Apple Applications.

54. All facts and circumstances regarding Your submission of the Apple Patents in Information Disclosure Statements filed with the USPTO in connection with U.S. Patent Nos. 10,448,871, 10,258,265, 10,258,266, 10,638,961, 10,702,194, and 10,638,961.

55. All facts and circumstances regarding Your contention that the Apple Watch includes Plaintiffs' technologies to solve alleged prior performance issues as alleged in Paragraph 25 of the Complaint.

Dated: May 10, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Ilissa Samplin
Ilissa Samplin

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

17

NOTICE OF DEPOSITION OF MASIMO CORP. AND CERCACOR LABS., INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)
CASE NO. 8:20-CV-00048-JVS (JDEX)

**CERTIFICATE OF SERVICE**

I, Ilissa Samplin, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071, in said County and State. On May 10, 2021, I served the following document(s):

**DEFENDANT APPLE INC.'S NOTICE OF DEPOSITION OF MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

on the parties stated below, by the following means of service:

Knobbe, Martens, Olson & Bear LLP

Joseph R. Re (joseph.re@knobbe.com)

Stephen C. Jensen (steve.jensen@knobbe.com)

Perry D. Oldham (perry.oldham@knobbe.com)

Stephen W. Larson (Stephen.larson@knobbe.com)

Adam B. Powell (adam.powell@knobbe.com)

Mark Kachner (mark.kachner@knobbe.com)

The document was served pursuant to Fed. R. Civ. P. 5(b) via electronic mail. Based on an agreement of the parties to accept service by email or electronic transmission to the above service list, I served the document to the perrsons at the email addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this was executed on May 10, 2021, in Los Angeles, California.

*Ilissa Samplin*
Ilissa Samplin