# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**[PROPOSED] ORDER GRANTING MOTION TO MODIFY THE PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:  February 17, 2022<br>Time:  10:00 a.m.<br>Ctrm:  6A<br><br>Discovery Cut-Off:  3/7/2022<br>Pre-Trial Conference:  11/21/2022<br>Trial:  12/6/2022 |

Having considered Plaintiffs' Motion to Modify the Protective Order (Dkt. 67), all the papers filed in support, in opposition and in reply thereof, the evidence of record cited therein, and any oral argument by counsel, and for good cause found, the Court **GRANTS** the Motion. Paragraph 5.1 of the Protective Order (Dkt. 67) is hereby modified to add the material shown in underline below:

***[PRIMARY REQUEST]***

5.1 All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except that the parties may use following categories of Protected Material in the ITC investigation captioned as *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation"):

1. Documents regarding the structure, including hardware, software and firmware, and function of the accused products in the ITC Investigation and components thereof. For the avoidance of doubt, such documents would include technical documents (e.g., specifications, architecture, algorithms, process diagrams, flowcharts, whole or exploded assemblies, circuit board layouts, etc.) regarding the Blood Oxygen feature, temperature sensor, and thermistor. Such documents would also include technical documents regarding the optical components (e.g., LEDs, photodiodes, lenses, back crystal assembly, and related components like ink, coatings, and paint), including documents relating to cone angle, diffusion, diffusivity, diffusers, emission profile, beam shaping, and/or beam shape.
2. Documents regarding testing of the components described in Number 1 above, including specifications, test procedures, test results, and comparisons with products made by Masimo, Cercacor, or others.
3. Documents regarding any problems with the accuracy of $SpO_2$ measurements of Series 6 or Series 7.
4. Apple's communications with the FDA relating to the blood

oxygen and/or pulse rate features of its Apple Watch products.

5. Internal Apple communications regarding Masimo, its employees, its technology, and its patents.

6. Documents about the locations where Apple conducts its engineering validation testing ("EVT") for its Apple Watch products and the results of such testing.

Nothing in this Protective Order shall prevent or restrict a Party from producing the above categories of Protected Material in the ITC Investigation, provided that the material is designated as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or with a comparable notice, under Paragraph 2(a) of the Protective Order in the ITC Investigation. A Receiving Party shall not be in breach of this Order for using or producing in the ITC Investigation materials it believed in good faith fit within the above categories, even if the Court subsequently determines the document does not fit within one of the above categories. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

**[ALTERNATIVE REQUEST]**

5.1 All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except that the parties may file and show Protected Material to the Administrative Law Judge ("ALJ") in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation"). Protected Material may not be used in the ITC Investigation for other purposes absent the ALJ's permission.

**IT IS SO ORDERED.**

Dated:_____       _____
                                        The Honorable John D. Early
                                        United States Magistrate Judge

54939443