Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF MOTION TO MODIFY THE PROTECTIVE ORDER (DKT. 67)**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date: February 17, 2022<br>Time: 10:00 a.m.<br>Ctrm: 6A<br><br>Discovery Cut-Off: 3/7/2022<br>Pre-Trial Conference: 11/21/2022<br>Trial: 12/6/2022 |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I, Adam B. Powell, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto. I submit this Declaration in Support of Masimo's Motion for to Modify the Protective Order (the "Motion").

2. On January 13, 2022, I asked to meet and confer with Defendant Apple ("Apple") on the relief sought in this Motion. The parties met and conferred on January 18, 2022. The parties thoroughly discussed the issues, but were unable to reach an agreement. Apple subsequently agreed to waive the requirement in Local Rule 7-3 that "the conference shall take place at least seven (7) days prior to the filing of the motion." The parties agreed Masimo could file this Motion under Rule 7 on January 20, 2022, and set it for hearing on February 17, 2022.

3. In June 2021, Masimo filed a complaint in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation"). I am also counsel for Masimo and Cercacor in the ITC Investigation.

4. Attached hereto as **Exhibit 1 [Filed Under Seal]** is a true and correct copy of a document Masimo produced in this case bearing production Bates numbers MASA00085626–MASA00085628.

5. Attached hereto as **Exhibit 2 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates number APL-MAS_00359911.

6. Attached hereto as **Exhibit 3 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00433706–APL-MAS_00433710.

7. Attached hereto as **Exhibit 4 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00433808–APL-MAS_00433810.

8. Attached hereto as **Exhibit 5 [Filed Under Seal]** is a true and correct copy of a document Masimo produced in this case bearing production Bates number MASA01088118.

9. Attached hereto as **Exhibit 6** is a true and correct copy of a document produced in Masimo v. True Wearables, No. 8:18-cv-02001-JVS-JDE, and publicly filed in that case at Dkt. 321-1, Ex. 4.

10. Attached hereto as **Exhibit 7 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00332234–APL-MAS_00332238.

11. Attached hereto as **Exhibit 8** is a true and correct copy of the transcript of the June 10, 2021, hearing regarding Masimo's Motion to Compel in this case.

12. Attached hereto as **Exhibit 9** is a true and correct copy of the publicly filed Joint Stipulation Regarding Apple's Motion to Quash Subpoena and For a Protective Order in *Masimo Corp. v. True Wearables, Inc.*, No. 8:18-cv-02001-JVS (JDEx) (C.D. Cal. July 2, 2021) ("*True Wearables*"), Dkt. 321.

13. Attached hereto as **Exhibit 10** is a true and correct copy of the transcript of the June 24, 2021, hearing regarding Apple's Motion to Quash in *True Wearables*, Dkt. 316.

14. Attached hereto as **Exhibit 11** is a true and correct copy of the transcript of the September 23, 2021, hearing regarding Masimo's Motion for Reconsideration in this case.

15. Attached hereto as **Exhibit 12** is a true and correct copy of the public version of Masimo's operative First Amended Complaint filed on July 7, 2021, in the ITC Investigation, excluding exhibits.

16. Attached hereto as **Exhibit 13** is a true and correct copy of the August 13, 2021, Notice of Institution of Investigation in the ITC Investigation.

17. Attached hereto as **Exhibit 14** is a true and correct copy of the August 18, 2021, Protective Order and January 10, 2022, Supplemental Protective Order in the ITC Investigation.

18. Attached hereto as **Exhibit 15** is a true and correct copy of the Procedural Schedule set by in the ITC Investigation on October 14, 2021.

19. Attached hereto as **Exhibit 16** is a true and correct copy of the transcript of the November 18, 2021, hearing regarding Masimo's first Motion to Modify the Protective Order in this case.

20. Attached hereto as **Exhibit 17** is a true and correct copy of a letter my colleague Kendall Loebbaka sent to Sarah R. Fraizer (counsel for Apple in the ITC Investigation), dated November 24, 2021.

21. Attached hereto as **Exhibit 18** is a true and correct copy of an email chain between myself and Nora Passamaneck (counsel for Apple in this case), dated between December 10, 2021, and December 23, 2021.

22. Attached hereto as **Exhibit 19 [Filed Under Seal]** is a true and correct copy of a letter that I sent to Ms. Passamaneck, dated January 13, 2022.

23. Attached hereto as **Exhibit 20 [Filed Under Seal]** is a true and correct copy of a letter I received from Ms. Passamaneck, dated January 19, 2022.

24. Attached hereto as **Exhibit 21** is a true and correct copy of Masimo's First Set of Requests for Production of Documents and Things (Nos. 1–126) that Masimo served on Apple in the ITC Investigation on August 19, 2021.

25. Attached hereto as **Exhibit 22** is a true and correct copy of Masimo's First Set of Interrogatories (Nos. 1–25) that Masimo served on Apple in the ITC Investigation on August 19, 2021.

-3-

26. Attached hereto as **Exhibit 23** is a true and correct copy of Masimo's Fourth Set of Interrogatories (Nos. 55–61) that Masimo served on Apple in the ITC Investigation on October 7, 2021.

27. Attached hereto as **Exhibit 24** is a true and correct copy of Masimo's Fifth Set of Interrogatories (Nos. 62–70) that Masimo served on Apple in the ITC Investigation on October 21, 2021.

28. Attached hereto as **Exhibit 25 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00167660–APL-MAS_00167677.

29. Attached hereto as **Exhibit 26 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00168252–APL-MAS_00168253.

30. Attached hereto as **Exhibit 27 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00325492–APL-MAS_00325507.

31. Attached hereto as **Exhibit 28 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_01582248–APL-MAS_01582295.

32. Exhibit 29 was intentionally skipped.

33. Attached hereto as **Exhibit 30 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00169158–APL-MAS_00169228.

34. Attached hereto as **Exhibit 31 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00388289–APL-MAS_00388290.

35. Exhibits 32 and 33 were intentionally skipped.

36. Attached hereto as **Exhibit 34 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00733873–APL-MAS_00733885.

37. Attached hereto as **Exhibit 35 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_01219295–APL-MAS_01219360.

38. Exhibit 36 was intentionally skipped.

39. Attached hereto as **Exhibit 37 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00082739–APL-MAS00082813.

40. Exhibit 38 was intentionally skipped.

41. Attached hereto as **Exhibit 39** is a true and correct copy of Masimo's Second Set of Interrogatories (Nos. 26–49) that Masimo served on Apple in the ITC Investigation on September 3, 2021.

42. Attached hereto as **Exhibit 40 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_01363863–APL-MAS_01363887.

43. Exhibit 41 was intentionally skipped.

44. Attached hereto as **Exhibit 42 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00160964–APL-MAS_00161023.

45. Attached hereto as **Exhibit 43 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00204219–APL-MAS_00204221.

46. Attached hereto as **Exhibit 44 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_01422590–APL-MAS_01422592.

47. Attached hereto as **Exhibit 45 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00690233–APL-MAS_00690235.

48. Attached hereto as **Exhibit 46 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00361993–APL-MAS_00361996.

49. Attached hereto as **Exhibit 47 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00538915–APL-MAS_00538918.

50. Attached hereto as **Exhibit 48 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates number APL-MAS_00212155.

51. Attached hereto as **Exhibit 49 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00704812–APL-MAS_00704818.

52. Attached hereto as **Exhibit 50** is a true and correct copy of Masimo's Sixth Set of Interrogatories (Nos. 71–77) that Masimo served on Apple in the ITC Investigation on November 4, 2021.

53. Attached hereto as **Exhibit 51** is a true and correct copy of Masimo's Motion to Compel Apple to Provide Responses to Request for Production No. 107 and Interrogatory No. 71, along with exhibits, which Masimo filed in the ITC Investigation on December 20, 2021.

54. Attached hereto as **Exhibit 52** is a true and correct copy of Order No. 11 in the ITC Investigation granting a joint motion to extend the time for Apple to respond to Masimo's motion to compel.

55. Exhibit 53 was intentionally skipped.

56. Attached hereto as **Exhibit 54 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00201073–APL-MAS_00201076.

57. Exhibits 55–57 were intentionally skipped.

58. Attached hereto as **Exhibit 58** is a true and correct copy of Masimo's Fifth Set of Requests for Production of Documents and Things (Nos. 145–149) that Masimo served on Apple in the ITC Investigation on October 21, 2021.

59. Attached hereto as **Exhibit 59 [Filed Under Seal]** is a true and correct copy of excerpts from a document Apple produced in this case bearing production Bates number APL-MAS_00484905.

60. Attached hereto as **Exhibit 60** is a true and correct copy of excerpts from U.S. Patent No. 10,945,648.

61. Attached hereto as **Exhibit 61** is a true and correct copy of excerpts from U.S. Patent No. 10,687,745.

62. Attached hereto as **Exhibit 62** is a true and correct copy of excerpts from U.S. Patent No. 10,912,501.

63. Attached hereto as **Exhibit 63** is a true and correct copy of excerpts from U.S. Patent No. 10,912,502.

64. Attached hereto as **Exhibit 64** is a true and correct copy of excerpts from U.S. Patent No. 7,761,127.

65. Attached hereto as **Exhibit 65 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00239614–APL-MAS_00239619.

66. Attached hereto as **Exhibit 66 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00237757–APL-MAS_00237761.

67. Attached hereto as **Exhibit 67 [Filed Under Seal]** is a true and correct copy of a document Apple produced in this case bearing production Bates numbers APL-MAS_00332212–APL-MAS_00332220.

68. Attached hereto as **Exhibit 68** is a true and correct copy of a compilation of excerpts from Masimo's First, Third, Fifth, Eighth, and Ninth Sets of Requests for Production of Documents, that Masimo served on Apple in this case.

69. Attached hereto as **Exhibit 69** is a true and correct copy of excerpts from Apple's First, Second, and Eighth Sets of Requests for Production of Documents, that Apple served on Masimo in this case.

70. Attached hereto as **Exhibit 70** is a true and correct copy of excerpts from Apple's First and Third Sets of Requests for Production of Documents, that Apple served on Masimo in the ITC Investigation.

71. Attached hereto as **Exhibit 71** is a true and correct copy of an email chain between myself and Brian Andrea (counsel for Apple in this case), dated between October 8, 2021, and October 11, 2021.

72. Attached hereto as **Exhibit 72** is a true and correct copy of Masimo's Second Set of Requests for Production of Documents and Things (Nos. 127–130) that Masimo served on Apple in the ITC Investigation on September 27, 2021.

73. Attached hereto as **Exhibit 73** is a true and correct copy of the Public Interest Statement that Apple filed in the ITC Investigation on July 14, 2021.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on January 20, 2022, at Encinitas, California.

                         */s/ Adam B. Powell*
                         Adam B. Powell

54939415