Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Discovery Cut-Off:       3/7/2022<br>Pre-Trial Conference: 11/21/2022<br>Trial:                           12/6/2022 |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Motion to Modify the Protective Order.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210.

## II. ARGUMENT

The documents that Masimo seeks to seal contain information that one or both of the parties consider confidential.

Exhibit 1 contains Masimo's confidential communications with Apple. Declaration of Daniel Hughes ¶ 4. Masimo understands both parties consider such discussions between them confidential and that they would be harmed by the disclosure of such business dealings. *Id.* Exhibit 5 is an internal Masimo email that discusses the same business dealings. Masimo would be harmed if its competitors had access to this information. *Id.*

Exhibits 2-4, 7, 25-28, 30, 31, 34, 35, 37, 40, 42-49, 54, 59, 65-67 are documents that Apple designated as "Highly Confidential – Attorney's Eyes Only" or "Confidential" under the Protective Order. *Id.* ¶ 5. Masimo requests the Court seal these documents based on Apple's designations. Exhibits 19 and 20 are correspondence

between the parties that discuss the contents of some of these documents. *Id.* Masimo requests the Court seal these documents for the same reason.

The proposed redacted portions of the Motion discuss the aforementioned Exhibits, as well as confidential information about Masimo's product line. *Id.* ¶ 6. Masimo requests the Court seal these portions of the Motion for the same reasons discussed above.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the confidential information discussed above. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal Exhibits 1-5, 7, 19-20, 25-28, 30, 31, 34, 35, 37, 40, 42-49, 54, 59, 65-67 and portions of Masimo's Motion.

/ / /

|   |   |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: January 20, 2022 | By: */s/Daniel Hughes* |
| | Joseph R. Re |
| | Stephen C. Jensen |
| | Benjamin A. Katzenellenbogen |
| | Perry D. Oldham |
| | Stephen W. Larson |
| | Adam B. Powell |
| | Daniel P. Hughes |
| | |
| | Attorneys for Plaintiffs |
| | MASIMO CORPORATION and |
| | CERCACOR LABORATORIES, INC. |

54829624

-3-