Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Date:  February 7, 2022<br>Time:  10:00 a.m.<br>Ctrm:  6A<br><br>Discovery Cut-Off:  3/7/2022<br>Pre-Trial Conference:  11/21/2022<br>Trial:  12/6/2022 |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ..................................................................................1

II.     ARGUMENT ........................................................................................2

    A.     Masimo Demonstrated Good Cause For Its Proposal........................2

        1.     Apple Does Not Dispute The Key Facts Demonstrating Good Cause ..................................................................................2

        2.     Masimo Did Not Delay Discovery .............................................3

        3.     Masimo Is Not Trying To "Expand" Discovery.......................6

    B.     Apple Does Not Dispute That Significant Discovery Remains..........9

        1.     Document Production Is Not Complete....................................9

        2.     The Parties Have Many Discovery Disputes To Resolve ......10

        3.     Document Review Is Not Complete ........................................11

        4.     The Parties Have Not Taken Any Substantive Depositions ................................................................................13

    C.     The Court Should Adopt Masimo's Proposed Schedule .................13

        1.     Masimo's Schedule Accounts For the Remaining Discovery ................................................................................13

        2.     Apple's Proposed Schedule Is Unworkable ...........................14

    D.     Apple's Bifurcation Request Lacks Merit ......................................15

III.    CONCLUSION ...................................................................................17

# TABLE OF AUTHORITIES

**Page No(s).**

*Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*,
  2009 WL 800209 (D. Idaho Mar. 24, 2009)..................................................12

*Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*,
  2015 WL 12826458 (C.D. Cal. June 15, 2015)..............................................10

*Emblaze Ltd. v. Apple Inc.*,
  No. 5:11-cv-01079-PSG, Dkt. 248 ...........................................................5, 12

*Exxon Co. v. Sofec, Inc.*,
  54 F.3d 570 (9th Cir. 1995) .......................................................................16

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*,
  2020 WL 7094074 (C.D. Cal. July 30, 2020) ...............................................11

*Grisham v. Philip Morris, Inc.*,
  2009 WL 9102320 (C.D. Cal. Dec. 3, 2009)................................................16

*Helo Energy, LLC v. Hoggan*,
  2016 WL 11744946 (C.D. Cal. Mar. 7, 2016) ...............................................6

*Hunter v. Delaware N. Companies Travel Hosp. Servs., Inc.*,
  2021 WL 4815034 (C.D. Cal. June 28, 2021)................................................6

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ......................................................................2

*Limon v. Circle K Stores Inc.*,
  2020 WL 1503448 (E.D. Cal. Mar. 30, 2020)...............................................11

*Magnolia Med. Tech., Inc. v. Kurin, Inc.*,
  No. 19-cv-00097, Dkt. 194 (D. Del. Oct. 6, 2020).........................................12

*Marrs v. Crete Carrier Corp.*,
  2009 WL 10674228 (C.D. Cal. Mar. 25, 2009) .............................................12

*Paris v. Union Pac. R.R., Co.*,
  2006 WL 5186517 (E.D. Ark. Aug. 11, 2006)................................................16

*Estate of Rosado-Rosario v. Falken Tire Corp.*,
  319 F.R.D. 71 (D.P.R. 2016) .....................................................................15

*St. Paul Mercury Ins. Co. v. Hahn*,
  2014 WL 12791262 (C.D. Cal. Apr. 28, 2014)................................................6

# TABLE OF AUTHORITIES
## (*Cont'd*)

**Page No(s).**

*Sung Gon Kang v. Credit Bureau Connection, Inc.*,
 2020 WL 1689708 (E.D. Cal. Apr. 7, 2020) ....................................................11

*Warner/Chappell Music, Inc. v. Rap-A-Lot 2k Recs., Inc.*,
 2014 WL 4829019 (C.D. Cal. Sept. 29, 2014) .............................................6, 12

*WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
 No. 17-cv-01118, Dkt. 140 (S.D. Cal. June 12, 2018) ...................................12

*Williams v. Daszko*,
 2017 WL 1684118 (E.D. Cal. May 3, 2017) ...................................................15

## OTHER AUTHORITIES

Local Rule 37-1................................................................................................10

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") file this Reply supporting Masimo's Motion to modify the Scheduling Order ("Motion").

## I. **INTRODUCTION**

This Motion is largely undisputed. The parties agree the current schedule is not feasible. Apple argues Masimo has not shown good cause for its particular proposal, but does not contest the key facts showing Masimo's diligence. For example, Apple does not contest it took eleven months, eighty-eight letters, nine meetings, and three motions to reach an agreement on the contours of email ESI discovery. Apple does not contest that Masimo engaged in similar efforts on other disputes and, in total, wrote to Apple hundreds of times, met with Apple dozens of times, and moved to compel fourteen times. These undisputed facts demonstrate Masimo's diligence.

Apple's Opposition largely ignores these facts. Instead, Apple argues Masimo intentionally delayed discovery. The undisputed facts discussed above demonstrate that Masimo has been diligently attempting to obtain appropriate discovery from Apple. Apple also argues Masimo "used" the prior extension to broaden discovery. But Masimo served most of the discovery at issue *before* the prior extension and has been successful on the vast majority of its motions to compel. The Special Master's partial denial with respect to a few discovery requests does not show Masimo's requests, as a whole, were too broad or "untethered" to the trade secrets.

Apple proposes a shorter extension based on unsupported representations of what Apple "believes" the parties can accomplish. But the proceedings contradict the bases for Apple's beliefs. Apple represents document production can be complete by March 7 (about one month from now). In briefing the last motion to extend, Apple similarly represented it could complete document production in 30 days even though it has now been seven months and Apple still has not completed document production. In fact, last week Apple told Masimo it has *no idea* how long it will take to comply with the Special Master's order on non-email ESI documents. Apple also includes *zero* time for the parties to review each other's productions. Apple claims its proposal is appropriate if

1   the Court ignores the history of this case, but history necessarily informs the future.
2   Apple never explains how the parties' disagreements will suddenly evaporate.  Masimo
3   has spent months and millions of dollars chasing basic discovery from Apple, but the
4   parties still have much to do.  The Court should adopt Masimo's schedule.

## II.  ARGUMENT

### A.   Masimo Demonstrated Good Cause For Its Proposal

The parties agree on the legal standard for good cause, which "primarily considers
the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
*Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Apple also does not dispute the key facts
demonstrating Masimo's diligence.  Instead, Apple attempts to "black hat" Masimo with
a series of false and largely irrelevant arguments.

### 1.   Apple Does Not Dispute The Key Facts Demonstrating Good Cause

Apple's Opposition is most remarkable for what it does not dispute.  Apple did
not previously, and does not now, dispute Masimo's diligence before the June 2021
Order.  Apple likewise does not dispute the key facts showing Masimo's diligence after
the June 2021 Order.  For example, Apple does not dispute the following:

- It took eleven months, eighty-eight letters, nine meetings, and three motions to obtain an agreement on email ESI discovery. Dkt. 557, Section II.B.1.

- It took six months, seventeen letters, three meetings, and a motion, but Apple has not yet agreed on non-email ESI discovery.  *Id.*, Section II.B.2.

- It took ten months, more than thirty letters, six meetings, and two motions, but Apple's production from Tim Cook remains in dispute.  *Id.*, Section II.B.3.

- It took eleven months, thirty-two letters, four meetings, and two motions, but the issue of ███████████████████████████████████ ███████████████████████████████  *Id.*, Section II.B.4.

- Since July 2021, Masimo wrote to Apple at least twenty-five times, attended eight conferences of counsel, and filed four motions to compel on document requests.  The motions were largely granted.  *Id.*, Section II.B.5.

- Masimo diligently complied with discovery demands from Apple, including by producing over 2.9 million pages of discovery, which required substantial time to review.  *Id.*, Section II.B.6.

Apple argues the Court should ignore these facts because the Court supposedly held motions to modify the schedule must focus "not on what discovery has occurred up to this point but on what discovery has yet to occur."  Dkt. 565 at 10 (quoting Dkt. 465 at 3-4).  The Court did not say that.  Instead, it decided to "focus[] its attention" on future discovery because Apple agreed there was "good cause" and the "key dispute" was the length of the extension.  Dkt. 465 at 3-4.  Here, Apple again proposes an extension and never argues the current schedule is sufficient.  Thus, the Court may again "focus" its attention on remaining discovery.  However, prior events are relevant to showing good cause and the time required to complete discovery.  As explained below, the history of this case demonstrates discovery will take many more months.

### 2. <u>Masimo Did Not Delay Discovery</u>

Apple appears to agree good cause exists for *some* extension, but argues Masimo fails to show good cause for *its specific* proposal.  Opp. at 9.  Rather than address the key facts discussed above, however, Apple falsely argues Masimo "introduced numerous delays" to "draw out discovery."  Opp. at 4, 5, n.1.  Apple's brief provides no facts to support why Masimo—the Plaintiff—would try to delay discovery.  Apple speculates that Masimo's requested modification to the schedule is designed "to prolong the case until the IPRs are resolved."  Opp. at 9.  Apple cites nothing to support such speculation, which  is inconsistent with the facts.  Indeed, Masimo often follows up with Apple many times just to get a simple response on a particular issue.  *See, e.g.*, Exs. 6, 8, 9, 14, 37, 38, 51, 52.[1]  On this very Motion, Masimo wrote to Apple *eight* times over

---

[1] Unless noted otherwise, numbered exhibits are attached to the Powell Declaration (Dkt. 550, 552-2) or the Supplemental Powell Declaration (submitted herewith), and lettered exhibits are attached to the Andrea Declaration (Dkt. 564-1, 565-1).  Unless noted otherwise, all emphasis in quotations is added.

two weeks and filed an *ex parte* application before Apple provided its position.  Dkt. 545; Dkt. 545-2.[2]  Apple also rejected Masimo's request for expedited briefing on this Motion, despite Apple originally suggested expedited briefing.  *See* Dkt. 546 at 1.

Apple's argument also makes no sense.  Apple never explains why Masimo would put its trade secret and patent ownership cases in jeopardy by intentionally ***not*** obtaining discovery, just to potentially combine the patent and trade secret trials.  Moreover, many IPR hearings have occurred and Masimo expects final written decisions in March 2022. Suppl. Powell Decl. ¶ 2.  As a result, even Apple's proposal allows depositions to occur months after such IPR decisions.   This Motion is about trade secret and patent ownership/inventorship discovery.

In an attempt to support its accusations of "delay," Apple repeatedly misstates the facts.  First, Apple claims Masimo "introduced numerous delays" by "refusing to agree to practical limits" on ESI discovery.  Opp. at 4.  The Court disagreed with what Apple claims were "practical limits" and sided with Masimo.  Dkt. 355 at 2.  As explained in Masimo's prior motion, Masimo began pressing for ESI discovery in October 2020 but Apple claimed it was "premature and inappropriate."  Dkt. 384 (and evidence cited therein) at 3.  For months, Apple tried to limit discovery to eight or twelve custodians. *Id.* at 3-4.  Apple then sought to impede discovery by moving to "compel" Masimo to ***limit*** discovery to just twelve custodians.  *Id.*  Judge Early rejected Apple's position and ordered the parties to proceed on "up to 39 custodians" per side.  Dkt. 355 at 2.

Second, Apple claims Masimo implemented a "strategy of delaying resolution of disputes" on motions to compel.  Opp. at 4.  As support, Apple points out that Masimo has had to file several motions to compel on requests served in May or June 2021 and that Apple addressed some of those requests in a letter in August.  *Id.* at 4-5, n.1.  Apple omits that its formal written responses for about one hundred requests refused to state

---

[2] Apple complains that Masimo once asked for a response by "close of business" that day.  Opp. at 7.  Masimo had been asking for Apple's position for days, and it took another ***thirteen days*** and an *ex parte* application before Apple responded.  Ex. Z.

-4-

whether Apple would produce documents.  *See* Ex. I.  After Apple finally provided its position in the August 2021 letter, Masimo grouped the requests by topic and filed several successful motions to compel.  *See* Ex. 54.  Masimo did so in several more-targeted motions because Apple itself has argued Masimo previously moved on too many discovery requests in a single motion.  *Id.*

Third, Apple accuses Masimo of delaying depositions by refusing to "respond to Apple's Rule 30(b)(6) notice to Plaintiffs, which has been pending for over six months." Opp. at 9-10; *see also id.* at 5.  That is false.  In May 2021, ***Apple*** canceled ***all*** depositions on ***both*** sides.  Ex. 55 at 3.  Apple never re-served that 30(b)(6) notice or asked Masimo to designate a witness on those topics.  Instead, Apple served a different 30(b)(6) notice concerning document collection.  Ex. 68.  Masimo responded to that notice and Apple took two depositions on those topics.  Ex. 56; Suppl. Powell Decl. ¶ 3.  Apple similarly complains that Masimo declined Apple's demand that the parties agree to serve only a single 30(b)(6) notice by a set date.  Opp. at 5.  Masimo explained that the law does not support Apple's request.  Apple apparently agrees because it has now served multiple 30(b)(6) notices.  *See* Ex. 68.

Fourth, Apple argues Masimo unreasonably refused to allow all depositions to proceed remotely, "forcing" Apple to file an *ex parte* application to proceed remotely. Opp. at 5.  Once again, Apple lost that issue.  *See* Dkt. 374 ("the Court does not have sufficient evidence upon which to conclude that the deponents themselves have concerns about appearing in-person for depositions.").[3]

Apple cites several cases and argues Masimo was not diligent because it did not notice depositions.  Opp. at 10.  Apple's argument is factually and legally wrong. Masimo ***did*** notice many depositions before the June 2021 Order.  Ex. 58.  In December

---

[3] Apple complains that one Masimo witness asked to proceed remotely.  Opp. at 5, n.2. That witness asked to proceed remotely because his wife is immunocompromised.  *See* Ex. 57.  Masimo readily offered for take depositions remotely in such circumstances. Ex. 63 at 166-167.

2021, Masimo requested Apple provide witness availability.  Ex. 59.  Masimo did so pursuant to ***Apple's*** suggestion that the parties discuss agreeable dates rather than just picking dates.  *See id.*  Apple has not provided availability for any of its witnesses.

Apple cites several cases, but they addressed dramatically different facts than the facts here.  Two of Apple's cited cases found no good cause where the movant ***chose*** to postpone discovery to explore settlement options.  *See Hunter v. Delaware N. Companies Travel Hosp. Servs., Inc.*, 2021 WL 4815034, at *3 (C.D. Cal. June 28, 2021); *Warner/Chappell Music, Inc. v. Rap-A-Lot 2k Recs., Inc.*, 2014 WL 4829019, at *1 (C.D. Cal. Sept. 29, 2014).  *Warner/Chappell* and the other two cases Apple cites addressed motions filed at or after the close of fact discovery.  *See* 2014 WL 4829019 at *1 (motion filed 1 month before trial); *Helo Energy, LLC v. Hoggan*, 2016 WL 11744946, at *4 (C.D. Cal. Mar. 7, 2016) (movant knew of the issue during discovery but did not move until months ***after*** discovery closed); *St. Paul Mercury Ins. Co. v. Hahn*, 2014 WL 12791262, at *2 (C.D. Cal. Apr. 28, 2014) (movant did nothing for months and then moved to extend "the day of the discovery cutoff").  Apple cites no case denying an extension in circumstances remotely similar to this case.

### 3.   <u>Masimo Is Not Trying To "Expand" Discovery</u>

Apple next argues Masimo is trying to "expand" discovery and "essentially restart document production," when the parties should instead "streamline" discovery to "core" issues.  Opp. at 1, 6, 12-13.  Apple cites no authority suggesting the scope of discovery narrows over time.  Such a rule would incentivize parties to withhold discovery for months and then argue it is too late, just as Apple is arguing here.  Unlike most defendants who seek to delay trial indefinitely, Apple slows the pace of discovery to a crawl and then tries to close discovery before it has to comply with its obligations.[4]

---

[4] Apple's actions here and in other cases reveal its strategy.  Apple previously tried to shut down document production in June 2021 (Dkt. 385-1 at 2) even though Apple still has not finished production seven months later.  On this Motion, Apple similarly attempts to restrict discovery as much as possible.  Opp. at 8:8-16.  Other plaintiffs have accused Apple of engaging in similar tactics in other cases.  *See, e.g.*, Ex. 60.

1   Regardless, the evidence shows Masimo is seeking appropriate discovery.  Indeed, as

2   addressed below, Masimo prevailed on almost all issues about which Apple complains.

3        First, Apple argues Masimo sought discovery that is "untethered" to the trade

4   secrets.  Opp. at 3.  The Special Master rejected that argument in granting Masimo's first

5   motion to compel in full.  *See* Dkt. 503 at 2 ("The Special Mater finds that there is

6   sufficient tethering.").  Apple also claims Masimo improperly sought discovery on all

7   "Apple Products" when only the Apple Watch is at issue.  Opp. at 3.  Again, the Special

8   Master held Masimo was "entitled to seek discovery beyond the Apple Watch" and

9   Apple must respond "for any product implicated by those requests, not just Apple Watch

10  Products."  Dkt. 538 at 6.  Apple points to a separate order from the Special Master, but

11  that order also permitted discovery on ███████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████   Apple also argues Masimo sought discovery on trade secrets the Court

14  dismissed, but cites to requests that are relevant to trade secrets the Court ***did not***

15  dismiss.  *Id.*   Though the Special Master denied Masimo's motion on a handful of

16  requests, he granted it on many others.  *See id.*

17       Second, Apple argues Masimo is seeking discovery that is too "broad" because

18  Masimo has moved to compel documents related to former employees that Apple hired

19  other than Lamego and O'Reilly.  Opp. at 3.  That dispute is currently pending before

20  the Special Master.  Masimo's complaint identified examples of relevant individuals

21  (Lamego and O'Reilly) based on public information and alleged Apple "recruited other

22  key Masimo personnel" to obtain trade secrets.  Dkt 296-1 ¶¶ 21, 228-233, 261-267.

23  Judge Early found Masimo ***was*** permitted to seek discovery beyond Lamego and

24  O'Reilly if it limited the request to relevant named individuals.  Ex. 61 at 58:15-59:4,

25  66:17-23.   Masimo thus narrowed its requests to specific individuals based on

26  information Apple produced in discovery.  Ex. 62 at 2-3.

27       Third, Apple insinuates Masimo is seeking to expand discovery because Masimo

28  served 598 document requests.  Opp. at 3.  But Apple acknowledges Masimo served the

vast majority of those requests *before* the Court's June 2021 Order, demonstrating Masimo is *not* trying to "restart document production." *See id.* at 3, 6.  Moreover, about 200 of the requests merely updated prior requests to remove the phrase "all documents and things" based on Judge Early's guidance.  Ex. I.  Judge Early told Masimo to serve revised requests and explained, "I don't mind seeing request for production number 850."  Ex. 63 at 49.  Excluding Masimo's updated requests that merely removed the phrase "all documents and things," Apple served a similar number of requests as Masimo.  *See* Ex. 64.

Fourth, Apple argues Masimo made an "eleventh-hour" request for non-email ESI "abruptly and just before the parties' agreed-upon date for substantial completion of ESI discovery" in November 2021.  Opp. at 4.  That is false.  In June 2021, Judge Early confirmed ESI discovery includes both email and non-email communications.  Ex. 28 at 11:16-21.  Masimo then sought non-email ESI from Apple in July 2021—*two months* before the parties agreed on search terms for email ESI and *four months* before the November date that Apple references.  *See* Ex. 8 at 13.  Moreover, Apple again omits that the Special Master granted Masimo's motion to compel and ordered Apple to search non-email chat communications and text messages.  Dkt. 538 at 14-16

Fifth, Apple argues the Special Master found Masimo's questioning at a 30(b)(6) deposition went "beyond" that which Judge Early allowed.  Opp. at 7.  But the Special Master *granted* Masimo's motion, finding Apple's witness was not prepared on critical issues that Masimo has been asking Apple about for *nearly a year*.  Ex. 65 ████████; Ex. 66 at 29:5-10 (Judge Early allowing a corporate deposition on that issue); Dkt. 538 at 13 (Special Master finding Apple's witness was not prepared on that issue).  Apple also ignores that it took a 30(b)(6) deposition on even broader topics.  *Compare* Ex. 67 (Masimo's Deposition Notice of Apple) to Ex. 68 (Apple Deposition Notice of Masimo).  Nothing supports Apple's accusations about Masimo expanding discovery.

/ / /

**B.   Apple Does Not Dispute That Significant Discovery Remains**

Apple likewise does not dispute that the parties still have many tasks to complete before depositions should begin.  Apple represents those tasks can occur quickly, but the facts contradict Apple's representation.

**1.   Document Production Is Not Complete**

Apple agrees document production is not complete, but ignores much of the production that remains.  For example, Apple ignores the documents it is still producing documents pursuant to the Special Master's recent discovery orders.  Apple also ignores that it told Masimo just last week it has ***no idea*** how long it will take to finish producing non-email ESI as ordered by the Special Master.  Suppl. Powell Decl. ¶ 4.[5]  The Special Master also ordered Apple to produce text messages from its employees, but Apple has not even begun that production because it refused to timely meet-and-confer as required by the Special Master.  Ex. 69.  Apple also ignores that it produced one million fewer pages of discovery than Masimo despite being a far larger company and the ESI search terms hitting on far more Apple documents than Masimo documents.  Powell Decl. ¶ 4.

Apple ignores these facts and, instead, argues the parties will not be allowed to designate more ESI custodians because it supposedly "did not argue" ESI should occur in multiple rounds.  Opp. at 11, n.4.  Even if that were true, it is irrelevant to the other document productions discussed above.  Apple's representation is also false.  *See, e.g.*, Dkt. 331-1 at 16 (Apple arguing "the parties are free to seek ESI from additional custodians if appropriate after initial rounds of ESI production"); *id.* at 2 (Apple arguing ESI discovery should proceed "without prejudice to either side's ability to seek ESI from additional custodians later"); *id.* at 11 (same); *id* at 10 (arguing ESI custodians should

/ / /

---

[5] Apple claims the production resulting from this collection will be "small" because "the vast majority of the collected messages are non-responsive."  Opp. at 6. Apple cites no evidence for this argument.  Apple cannot know how many responsive documents will exist when it has not even collected, much less reviewed, the documents.

1  be identified as part of a "iterative, good faith discovery process").   Apple's new

2  argument shows the parties apparently have yet another dispute to resolve.

3  **2.      The Parties Have Many Discovery Disputes To Resolve**

4  Apple agrees the parties have many additional disputes to resolve.  Opp. at 11.

5  Apple argues those disputes do not support modifying the schedule because the Special

6  Master process is "quicker and more efficient" than Local Rule 37-1 and "Apple expects

7  that the Special Master will continue to address disputes expeditiously should any further

8  disputes arrive." Opp. at 11.  History once again refutes Apple's assertion.

9  Apple does not dispute that the Special Master process can still take months to

10  complete.  Mot. at 12-13.  Indeed, Apple does not dispute it typically (a) waits the

11  maximum time to meet and confer, (b) states it needs more time after the meeting to

12  formulate a position, (c) demands hearings on every motion, (d) provides limited

13  availability for hearings, (e) has changed its availability after the Special Master

14  confirms a date for hearings, and (f) requests lengthy extensions to comply with the

15  Special Master's orders.  *Id.*  Apple also ignores that it raised a barrage of disputes

16  immediately after producing 1.4 million pages of documents in November 2021.  *Id.* at

17  13-14.  In addition to the ten disputes mentioned in Masimo's opening brief (*see id.*),

18  Apple has since raised more disputes (*See, e.g.*, Exs. 70-72).   The parties thus have

19  many disputes that will take time to resolve and divert resources from document review.

20  Apple next argues the parties' future disputes are irrelevant because Masimo

21  waited too long to present some prior disputes on document requests.  Opp. at 11-12.

22  As discussed above, Masimo did not delay in filing its motions to compel.  Regardless,

23  Apple does not explain why any purported delay on prior disputes means the time needed

24  to resolve future disputes (including disputes Apple raised) is irrelevant.  Apple cites

25  one case as support, but that case is irrelevant to this issue.  *See Bioriginal Food & Sci.*

26  *Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 12826458, at *2 (C.D. Cal. June 15,

27  2015) (denying motion to add new counterclaims two months before trial when the party

28  should have known they existed long ago).

Apple also fails to distinguish Masimo's cases. Apple argues the movant in *Fisher* "conducted its discovery within the deadlines established by the Court." Opp. at 12. Apple does not explain how that distinguishes *Fisher* from this case, where Masimo similarly conducted discovery during the current schedule. Apple argues *Sung Gon* and *Limon* concerned "class certification discovery" (Opp. at 12), but does not explain why that matters. All three cases extended discovery, in part, to allow time to resolve the parties' disputes. *See Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *2 (C.D. Cal. July 30, 2020); *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *8 (E.D. Cal. Apr. 7, 2020); *Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *8 (E.D. Cal. Mar. 30, 2020). Apple's attempt to shut down discovery before the parties' disputes can be resolved further reveals Apple's strategy: fight discovery at every turn and then seek to close discovery before having to comply with its obligations. The Court should not reward such behavior.

### 3.   <u>Document Review Is Not Complete</u>

Apple also does not contest that the parties have not finished reviewing each other's current productions, much less the documents the parties will be producing in the future. As Masimo explained—and Apple does not contest—Apple produced 400,000 pages in the sixteen months leading up to November 2021 and then produced 1.4 million pages from November 5-24. Despite engaging "as many Knobbe Martens attorneys as possible to review the documents, including some partners at the firm," Masimo estimates it will not finish the review of Apple's current production until the end of April 2022. Powell Decl. ¶ 5. As discussed, reviewing an opposing party's production for substance is far more time consuming than screening an outgoing production for privilege. Apple does not address these facts, much less show Masimo's estimate is unreasonable. Apple also does not represent when it will finish reviewing Masimo's production, presumably because it will take time.

Rather than contest these facts, Apple argues the time needed to review Apple's production is a "problem of [Masimo's] own making" because Masimo supposedly

served broad discovery and "bit off more than [it] can chew." Opp. at 10. As discussed, the evidence shows Masimo served appropriate discovery. Moreover, the issue is not the size of Apple's production, but the timing. As discussed, Apple failed to produce the vast majority of its production until recently. Indeed, from June 2020 through October 2021, Apple produced an average of 6,000 pages per week. *See* Powell Decl. ¶ 5. Apple then produced over ***450,000 pages per week*** for three weeks in November 2021. *See id.* Masimo deserves a fair chance to review those documents, and Apple's future productions, before depositions begin.

Apple cites two cases to argue that reviewing an opposing party's production does not justify modifying the schedule. Opp. at 10-11. Neither case even addressed document review, much less denied a motion under similar circumstances. *See Marrs v. Crete Carrier Corp.*, 2009 WL 10674228, at *2 (C.D. Cal. Mar. 25, 2009) (denying motion filed ***after*** close of fact discovery asking to designate a new witness and take more depositions); *Warner/Chappell*, 2014 WL 4829019, at *1 (denying motion where "the majority of the parties' time has been dedicated to settlement negotiations").

Contrary to Apple's assertion, courts routinely grant extensions to accommodate far smaller productions than the productions at issue here. *See, e.g.*, *Magnolia Med. Tech., Inc. v. Kurin, Inc.*, No. 19-cv-00097, Dkt. 194 at 10 (D. Del. Oct. 6, 2020) (Ex. 45) (extending deadlines because a party produced approximately 57,000 documents in the final month for document production); *WhiteWater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-cv-01118, Dkt. 140 at 1 (S.D. Cal. June 12, 2018) (Ex. 46) (extending expert discovery where plaintiff would be producing documents that Defendants needed to review "prior to conducting various depositions and discussions with their experts"); *see also Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*, 2009 WL 800209, at *3-4 (D. Idaho Mar. 24, 2009) (reopening and extending discovery where plaintiff did not recognize the importance of one document produced in discovery); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, Dkt. 248 at 4-5 (N.D.

/ / /

-12-

Cal. Sept. 12, 2013) (Ex. 47) (Apple obtaining such an extension).  Masimo cited these cases in its opening brief, but Apple completely ignores them.

### 4.     The Parties Have Not Taken Any Substantive Depositions

The parties also agree they have not taken any substantive depositions, and each side intends to take at least twenty.  Apple asserts the need for depositions provides "no basis" for an extension because "the same was true at the time of the Court's June Order."  Opp. at 12.  Apple does not explain that argument.  The fact that the parties still have not taken any substantive depositions seven months later in January 2022 is certainly relevant to how much time is needed to complete discovery.

Apple also claims, "Plaintiffs and Apple are each slated to take twenty depositions in the co-pending International Trade Commission action in just six weeks."  Opp. at 12.  Apple cites nothing to support that statement, which is again incorrect.  Apple has noticed six upcoming Masimo depositions and Masimo has noticed eleven upcoming Apple depositions in the ITC Investigation.  Suppl. Powell Decl. ¶ 5.  Regardless, Apple's argument at most shows the parties are dedicating significant resources to the ITC Investigation and are unlikely to be able to conduct depositions in this case during the same time period.

### C.     The Court Should Adopt Masimo's Proposed Schedule

Masimo proposed a reasonable schedule that will allow the parties to complete discovery in an orderly manner.[6]  In contrast, Apple proposes an unworkable schedule.

### 1.     Masimo's Schedule Accounts For the Remaining Discovery

As discussed, the parties have *more* pending disputes than the Special Master addressed in the past six months.  As a result, even if Apple agrees to present them more quickly than it has in the past, those disputes will likely take at least another six months.

---

[6] Apple complains that Masimo requests a longer schedule than it proposed during the meet and confer.  Opp. at 7.  Masimo told Apple it was exploring a compromise and may seek different relief if it had to move the Court.  Ex. 73 at 1; *see also* Mot. at 15 n.7 (Masimo explaining it seeks a realistic schedule to avoid having to move again later).

Masimo thus expects the parties' pending disputes can be resolved no earlier than July 2022. The parties also need time to finish reviewing each other's productions. Masimo will not finish reviewing Apple's current production before the end of April 2022 and will need time to review future productions. Assuming Apple produces additional documents on a rolling basis, Masimo expects it can also complete review by the July 2022 estimate for resolving pending disputes. The parties can then conduct depositions in three months and close discovery in early November.

Even those estimates are optimistic. The history of this case demonstrates the parties will likely have more disputes that will need to be resolved. The new Omicron variant of COVID-19 is also likely to continue disrupting some proceedings. When Masimo filed this Motion, California was averaging 75,000 new Covid cases per day. *See* Ex. 50. That has now increased to more than 110,000 new cases per day—almost triple the highest number recorded during the 2020-2021 winter surge. *See* Ex. 74. Indeed, many of Masimo's outside counsel on this case have recently tested positive or had to quarantine. This Court also recently extended its suspension of jury trials through the end of February. The pandemic is likely to continue causing at least some disruptions for the foreseeable future.[7]

### 2.    Apple's Proposed Schedule Is Unworkable

Apple's schedule is flawed for many reasons. Under Apple's proposal, *all* of fact discovery except depositions would need to be completed in about a ***month***. But Apple told Masimo it had no idea when it could produce the documents the Special Master ordered it to produce six weeks ago. Apple has also not even started searching its employees text messages as ordered by the Special Master. Ex. 69. Apple's proposal

/ / /

---

[7] Apple argues the pandemic is not relevant because Masimo argued in May 2021 that some depositions can proceed in person. Opp. at 13, n.5. At the time, California was averaging 1,500-2,000 new cases per day (Ex. 74)—less than 2% of the current case counts. Masimo believes depositions can and should proceed in person when possible based on conditions, regulations, and witness circumstances.

does not provide sufficient time for document discovery that Apple has already been ordered to produce, much less future document productions.

Apple's proposal also does not allow any time for the parties to resolve their pending disputes and any future disputes. Many of these disputes are not fully briefed and Apple is currently refusing to provide its availability for a hearing on the one dispute that is fully briefed. Ex. 53 (Apple arguing a hearing on Masimo's Motion should be delayed until an entirely separate Apple Motion is fully briefed). The parties will not be able to resolve these disputes and provide any discovery required by the Special Master in a single month. Apple also informed Masimo just last week that it intends to seek more discovery on Masimo chat program messages. Suppl. Powell Decl. ¶ 4. But Apple has still not even told Masimo what it is requesting. Depending on the scope of Apple's eventual requests, that process could take significant time.

Apple also seeks to shut down all document discovery before the parties take depositions. But depositions almost always reveal additional information that should be produced. *See, e.g.*, *Williams v. Daszko*, 2017 WL 1684118, at *5-6 (E.D. Cal. May 3, 2017) (modifying scheduling order because deposition testimony necessitated "propound[ing] follow-up questions to defendants"); *Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 76-77 (D.P.R. 2016) (during depositions "plaintiffs learned that additional documents and depositions were required to address information previously requested but not produced."). Apple does not attempt to justify precluding such discovery. Apple's proposal is wholly unrealistic.

## D.    <u>Apple's Bifurcation Request Lacks Merit</u>

Apple also requests that, if the Court extends the case schedule, "the Court reserve the current December 6, 2022 trial date for a trial on Apple's statute of limitations defense." Opp. at 13. Apple cites its pending motion for bifurcation and argues that bifurcation would resolve a "key (and dispositive) defense. . . ." Opp. at 13 (citing Dkt. 522-1 at 14-16). As Masimo explained in its opposition, Apple's statute of limitations defense is meritless and, thus, is unlikely to resolve any disputes. *See generally,* Dkt.

556. Moreover, Apple seeks to bifurcate only *one* of its fourteen defenses that—even if successful—would resolve only one of Masimo's *twenty-six* claims. *Id.* at 21-23. Thus, the relevant evidence would also need to be presented with the other claims and defenses regardless of whether Apple's statute-of-limitations defense were successful. *Id.* Bifurcation would cause needless duplication and waste.

Apple cites cases bifurcating defenses that, if successful, would have resolved the *entire* case. *See Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995); *Grisham v. Philip Morris, Inc.*, 2009 WL 9102320, at *4 (C.D. Cal. Dec. 3, 2009). Here, Apple has not and could not argue its statute-of-limitation defense would resolve Masimo's entire case, which includes thirteen claims seeking correction of ownership and inventorship of Apple patents and twelve claims for patent infringement. Dkt. 296-1 at 104-133. Nor would a resolution of Apple's statute-of-limitations defense resolve Apple's laches and failure-to-mitigate defenses, which rely on much of the same evidence. Dkt. 370 ¶¶ 379-383 (laches), ¶ 420 (failure to mitigate). Indeed, Apple's laches defenses includes a near word-for-word recitation of the *entirety* of Apple's statute-of-limitations defense. *Compare id.* ¶¶ 379-383 (laches), *with id.* ¶¶ 385-388 (statute of limitations). Apple's failure-to-mitigate defense likewise relies on much of the same allegations. *Id.* ¶ 420 (failure to mitigate). Apple has vaguely suggested it may not raise those defenses on other claims, but those defenses are both expressly *not* limited to Plaintiffs' trade-secret claims. Dkt. 370 ¶ 379 ("Plaintiffs' non-patent infringement claims are barred, in whole or in part, by the equitable doctrine of laches"); ¶ 420 ("To the extent Plaintiffs have suffered any damages, they have failed to take reasonable steps to mitigate such damages."). Given such extensive overlap, bifurcation into separate trials would lead to "unnecessary *repetition* rather than expedition and economy." *Paris v. Union Pac. R.R., Co.*, 2006 WL 5186517, at *5 (E.D. Ark. Aug. 11, 2006).

/ / /

### III.  <u>CONCLUSION</u>

The parties agree the current schedule is untenable.  Apple proposes a schedule that is unworkable.  The Court should adopt Masimo's proposal, which would allow the parties to complete discovery and conduct a fair trial on the merits.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  January 24, 2022                    By: /s/ Adam B. Powell
                                            Joseph R. Re
                                            Stephen C. Jensen
                                            Benjamin A. Katzenellenbogen
                                            Perry D. Oldham
                                            Stephen W. Larson
                                            Mark D. Kachner
                                            Adam B. Powell

                                            Attorneys for Plaintiffs
                                            MASIMO CORPORATION and
                                            CERCACOR LABORATORIES, INC.

54941656

-17-