Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' APPLICATION TO**<br>) **FILE UNDER SEAL DOCUMENTS**<br>) **REGARDING PLAINTIFFS' REPLY**<br>) **IN SUPPORT OF PLAINTIFFS'**<br>) **MOTION TO MODIFY THE**<br>) **SCHEDULING ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1    Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor

2  Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal

3  documents regarding Plaintiffs' Reply in Support of Plaintiffs' Motion to Modify the

4  Scheduling Order.

5                              **I.  LEGAL STANDARDS**

6    The public's "access to judicial records is not absolute."  *Kamakana v. City &*

7  *Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  Documents filed in connection

8  with a non-dispositive dispute are properly sealed upon a showing of good cause.  *See*

9  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.

10  2002).  "One factor that weighs in favor of sealing documents is when the release of the

11  documents will cause competitive harm to a business."  *Apple Inc. v. Samsung Elecs.*

12  *Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where

13  "competitors could not obtain [the information] anywhere else."  *Id.* at 1229 (reversing

14  district court's refusal to seal material after finding compelling reasons to seal the

15  material).  Moreover, identifications of trade secrets are "subject to any orders that may

16  be appropriate under Section 3426.5 of the Civil Code."  Cal. Code Civ. P. § 2019.210.

17                                 **II.  ARGUMENT**

18    The documents that Masimo seeks to seal contain information that one or both of

19  the parties consider confidential.

20    Exhibits 51-52, 54, 59, 65, 69, and 71-72 contain or describe Masimo's

21  confidential communications with Apple.  Declaration of Daniel Hughes ¶ 4.  Masimo

22  understands both parties consider such discussions between them confidential and that

23  they would be harmed by the disclosure of such business dealings.  *Id.*

24    Exhibits 58 and 62 contain or reveal information about Apple's employees that

25  Apple may consider confidential.  *Id.* ¶ 5.  Exhibit 67 contains information about Apple's

26  file systems that Masimo understands Apple to regard as confidential.  *Id.*

27

28

-1-

1    Exhibits 64 and 70 contain information that relates to or reveals the substance of
2   Masimo's trade secrets.  *Id.* ¶ 6. Masimo would be harmed if its competitors had access
3   to this information.  *Id.*

4    The proposed redacted portions of Masimo's Reply discuss the aforementioned
5   Exhibits.  *Id.* ¶ 7.  Masimo requests the Court seal these portions of the Motion for the
6   same reasons discussed above.

7    Courts seal documents where, as here, disclosure "will cause competitive harm."
8   *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial
9   process, be permitted to access Masimo's confidential information that they "could not
10  obtain anywhere else."  *Id.* at 1229.  For instance, Masimo's competitors would not be
11  able to obtain from elsewhere the confidential information discussed above.  Further,
12  Apple has argued that designating information as "Highly Confidential – Attorneys Eyes
13  Only," as is the case here, should be presumptively sufficient to grant an application to
14  seal.  Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify
15  the filing under seal of any materials marked with these elevated designations in *this*
16  case—where highly confidential information, source code, competitive information, and
17  potentially trade secrets are at issue").

### III.  CONCLUSION

19   For the reasons discussed above, Masimo respectfully requests that the Court seal
20  Exhibits 51, 52, 54, 58, 59, 62, 64, 65, 67, 69-72 and portions of Masimo's Reply.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 24, 2022

By: */s/Daniel Hughes*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.