EXHIBIT 74

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)


MASIMO CORPORATION, ET AL,  ) CASE NO: 8:20-CV-00048-JVS-JDEx
                            )
           Plaintiffs,      )         CIVIL
                            )
    vs.                     )     Santa Ana, California
                            )
APPLE, INC,                 )     Thursday, May 20, 2021
                            )
             Defendant.     )
_____)


PARTIAL TRANSCRIPT RE:

MOTION TO COMPEL [DKT.NOS.351,357]


BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE

(SEALED PORTIONS OMITTED)


<u>APPEARANCES</u>:            SEE PAGE 2


Court Reporter:        Recorded; REMOTE; Wave

Courtroom Deputy:      Maria Barr

Transcribed by:        Exceptional Reporting Services, Inc.
                       P.O. Box 8365
                       Corpus Christi, TX 78468
                       361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Exhibit 74

<u>**APPEARANCES**</u>:


For Plaintiffs:                    BENJAMIN A. KATZENELLENBOGEN, ESQ.
                                   Knobbe Martens Olson & Bear, LLP
                                   2040 Main Street
                                   14th Floor
                                   Irvine, CA 92614

                                   ADAM POWELL, ESQ.
                                   Knobbe Martens Olson & Bear, LLP
                                   12790 El Camino Real
                                   San Diego, CA 92130


For Defendant:                     JOSHUA H. LERNER, ESQ.
                                   Gibson Dunn & Crutcher, LLP
                                   555 Mission Street
                                   Suite 3000
                                   San Francisco, CA 94105

                                   ILISSA S. SAMPLIN, ESQ.
                                   Gibson Dunn & Crutcher, LLP
                                   2029 Century Park East
                                   Suite 4000
                                   Los Angeles, CA 90067

Exhibit 74

3

1                 **Santa Ana, California; Thursday, May 20, 2021**

2                       **(Remote Appearances)**

3                         **Call to Order**

4          **THE CLERK:**  Please come to order.  This United States

5    District Court is now in session, the Honorable John D. Early,

6    United States Magistrate Judge presiding.

7          **THE COURT:**  Good morning, everyone, please be seated.

8      **(All respond good morning)**

9          **THE COURT:**  All right, calling the case of *Masimo*

10   *Corporation, et al versus Apple Inc.*, Central District of

11   California Case Number 8:20-00048-JVS.

12         We are here on two Motions.  We'll take appearances

13   with Counsel and then we'll describe the Motion.  We'll start

14   with Counsel for Plaintiff.

15         **MR. POWELL:**  Thank you, Your Honor, Adam Powell for

16   the Plaintiff Masimo Corporation and Cercacor.

17         With me is my partner Ben Katzenellenbogen.

18         **THE COURT:**  All right, thank you, good morning.

19         And for Defendants -- for Defendant?

20         **MR. LERNER:**  Good morning, Your Honor, Joshua Lerner

21   of Gibson Dunn on behalf of Apple, and with me is my partner,

22   Ilissa Samplin.

23         **THE COURT:**  All right, good morning and welcome, as

24   well.

25         We are proceeding and everyone is wearing a mask.

**EXCEPTIONAL REPORTING SERVICES, INC**

Exhibit 74

1  that you're going to hear repeatedly, but I don't think it

2  matters what lens you view it through, whether or not it's

3  relevance or 2019.210, or the claims as they have been set

4  forth.

5          Any heart rate algorithms used in any Apple Watch

6  product is unequivocally overbroad, it captures heart rate

7  algorithms that do not relate to any issue in this case.

8          **THE COURT:**  How do I know that?  What's the evidence

9  that I have that I can cite to for that?

10         **MR. LERNER:**  The only two secrets that they point to

11 in this argument, and there's two of them, and we've set them

12 out and it's hard to do this without saying the words --

13         **THE COURT:**  Well, I guess what I'm asking -- let me

14 talk a little bit and then I'll have you respond, the 2019.210

15 argument is going to keep coming up so let me talk to you about

16 it.  I think both sides have gone to their respective corners

17 on what this all means, and you used the phrase "tethered to"

18 and I love language, all language is to some extent analogy and

19 metaphor, right, words are metaphors for things.  I'm not going

20 to go too deep into Plato's cave, but "tethered" is a great

21 analogy.

22         What is a tether?

23         There is a fixed point that a rope is connected to,

24 and then whatever is at the end of that rope, a boat, a dog,

25 whatever, roams around, but there is a fixed point to which

Exhibit 74

1   something is tethered and then there's a penumbra, to use a

2   Supreme Court word, around which the attachment moves, and I

3   think that is a great analogy for the 2019 concept, it's a

4   great analogy for discovery relevance in general, just like the

5   pleadings frame or tether the allegations for purposes of

6   discovery.

7              What is relevant to those allegations is not just the

8   specific words used in the 2019.210 designation, or the

9   specific words used in a Complaint, discovery is broader than

10  that.  Federal Rule of Evidence 401 is broader than that.

11             Rule 401 is "any fact that has any tendency to make

12  another fact of consequence more or less likely is relevant."

13             And the definition of discovery is even greater than

14  the definition of relevance for trial.

15             So what is the 2019 or what is the pleadings -- where

16  does that fit in there?

17             That determines under Rule 401 what is "of

18  consequence."

19             So Rule 401 doesn't say any fact of consequence is

20  relevant and any fact not of consequence is not relevant, it's

21  merely any fact that makes such other fact more or has any

22  tendency to make it more or less likely.

23             So how do we deal with that?

24             Every single discovery request has to deal with that.

25  We can't just say "I want every fact tied to just the

1   allegations in the Complaint."  So it's a matter of balancing.

2           To some extent every discovery request has built into

3   it a proportionality, a Rule 26(b) proportionality analysis.

4           Here's my difficulty from Apple's standpoint:

5           I don't have any evidence.  I don't know why this

6   would be disproportionate.  I don't know how difficult it would

7   be for Apple to produce this.

8           Facially it looks relevant.  Facially you're saying

9   "Well, maybe aspects of it are tied to this trade secret

10  designation, but that's very narrow compared to the world and

11  universe of documents that we would be required to search for."

12  And that's where I'm going to refocus this to the language and

13  we'll talk to Plaintiffs about it.

14          But Apple is taking too restrictive of a view of what

15  2019.210 does; what the definition of relevance is for

16  discovery.  But let me tell you, I'm sympathetic and I want to

17  listen to you because at some point things do get too broad.

18          But what I need, what Rule 26 tells me, is I've got

19  to do that proportionality balancing based on certain factors,

20  and one of them is the cost, the burden, the expense, and I

21  don't have any of that from Apple here.

22          Now, again, I'm talking more and we're going way over

23  our five-minute target, but there's sometimes, and this --

24  you'll see different District Courts, usually Central District,

25  most Magistrate Judges and District Judges, they go by the

Exhibit 74

48

1    on one side, I don't know what's coming from the other side.

2    And I had a 240-page joint stipulation not too long ago that

3    was not difficult at all to rule on.  Sometimes I have six-page

4    apex-type depositions that are incredibly complex and require a

5    great deal of thought.

6            And -- again you're getting too inside baseball here.

7    Law clerks are great.  Law clerks who have never practiced I

8    don't think are able to handle a lot of the discovery disputes

9    as easily as someone who has practiced.  So -- I don't want to

10   waste any more time.  You don't have positions on it.  We're

11   going to proceed, but it can't go on like this and I don't know

12   what to do.

13           I think we had -- and maybe it was that same phone

14   call or maybe it was on a subsequent Order, but I on one issue

15   offered to have an informal, made myself available to have an

16   informal telephone call about whatever the issue was, and my

17   mind is forgetting what that was, and I wasn't taken up on it.

18           I don't know if that's going to help, but things like

19   spoliation or spolation, that's not one I can rule on on the

20   fly and that's not one anyone can.  But if we -- if this is the

21   reality of what we have, we're going to have to come up with

22   another way or a better way to handle it that takes into

23   account that this is a public office that serves all sorts of

24   people, not just one case.

25           So, let's proceed on with -- we left off at Request

Exhibit 74

49

1    Number 65.  I read it into the record.  I gave some tentative

2    thoughts to you, Mr. Powell.  It's the refer or relate and any

3    ruling would be without prejudice to you or your client serving

4    a follow-up request for production.

5            And I'm going to throw this out there.  I don't mind

6    seeing request for production number 850.  That in and of

7    itself tells me nothing, because 850 carefully crafted requests

8    for production are much better than ten, you know, give me

9    every single document referring, relating, concerning, having

10   anything to do with some general topic.  So, I don't mind if

11   the numbers get up there high.

12           What I mind is trying to figure out how on an eight-

13   year time period with I understand there's still a dispute on

14   up to 39 custodians, and possibly more if a showing is made

15   that it's warranted, how refer or relate to documents are

16   needed.  You know, I don't -- the difficulty is I don't have on

17   the flip side the evidence of the burden.  But on this one,

18   when I see refer or relate to it causes me concern and we'll

19   continue to hear that as we go through this.

20           But let me hear from you, Mr. Powell.  I don't

21   actually recall if you had an opportunity to be heard on 65.

22           **MR. POWELL:**  Sure, Your Honor.

23           So, just a few things.  And I recognize what you're

24   saying about it being -- this language being a bit broad.  And

25   part of that is because we're in a situation where we don't

Exhibit 74

50

1    have discovery yet and we've gotten very little in response.

2              And so, there is one option that I wanted to mention

3    and it's something that we are discussing about the schedule

4    with the other side.  If the schedule was extended to allow

5    sufficient time to get some discovery and then propound more

6    requests that are narrower, then that would be something that

7    we would certainly be interested in.

8              The problem is we've been -- on this particular

9    request we've been negotiating for about four months now and

10   we're six weeks out from the close of fact discovery.  So, I

11   apologize, and I really did not want to bring this sort of

12   motion to you.  I just did not think that we had any other

13   choice because we'd already gone four months of negotiations,

14   multiple meet and confers.  I think there were two dozen

15   letters on these requests alone back and forth.

16             And so that's why we felt like we had no choice.  If

17   there was more time in the schedule, I would be happy to get

18   some discovery and try to propound narrower requests to try to

19   alleviate some of the burden on the Court.  But that's -- it's

20   this crunch in the schedule that is part of the problem here.

21             And so that I think would also alleviate some of the

22   problem on some of these motions.  Again, there is a crunch in

23   the schedule and that's why some of these motions are getting

24   filed now, because we have frankly no other choice with the

25   schedule.

Exhibit 74

173

## <u>CERTIFICATION</u>

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    <u>May 26, 2021</u>

            Signed                                         Dated


*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**

Exhibit 74

# EXHIBIT 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Attorneys for Plaintiffs,
**Masimo Corporation and Cercacor Laboratories, Inc.**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S FIRST SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 1-25)**<br>)<br>) Hon. James V. Selna<br>)<br>)<br>) |

Exhibit 75

**REQUEST FOR PRODUCTION NO. 9:**

All publications, articles, abstracts, papers, presentations, seminars, speeches, press releases, and internet postings relating to any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 10:**

All videos or DVDs demonstrating or showing the operation of the Accused Products.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of the physiological monitoring features of any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 12:**

All technical documents for the Accused Products, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things that refer or relate to technical information, specifications, and research data for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things concerning the research, design, and development of any of the Accused Products or any component of any of the Accused Products, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or

-5-

Exhibit 75

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that refer or relate to the operation of any LEDs used to determine pulse rate or heart rate for any of the Accused Products, including but not limited to documents and things that refer or relate to LED timing, duty cycle, current, or power usage.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things that refer or relate to collecting first heart rate metrics using a first technique during a first period and collecting second heart rate metrics using a second technique during a second period for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on user input for any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things that refer or relate to changes in collecting heart rate metrics based on a change in operating mode for any of the Accused Products.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  March 16, 2020         By: */s/ Stephen W. Larson*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Perry D. Oldham
                                        Stephen W. Larson

                                        Attorneys for Plaintiffs,
                                        Masimo Corporation and
                                        Cercacor Laboratories, Inc.

-7-

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404; Facsimile:  (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)**<br>)<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 75

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 3.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 4 and later.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 78:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple Watch Products: LEDs, photodiodes, duty cycle, changes in measurement modes, heart rate context, calculation of physiological parameters based on detected optical signals, determination of heart rate, the health application, the breathe application, and communications of physiological parameters to Apple iOS Products.

**REQUEST FOR PRODUCTION NO. 79:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple iOS Products: communication of physiological parameters from Apple Watch Products, the health application, and tracking of physiological parameters over time.

Exhibit 75

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and things referring or relating to, or otherwise evidencing, any Apple policies, procedures, or guidelines for employees relating to the documentation of research and development efforts.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and things that refer or relate to Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 90:**

All documents and things that refer or relate to any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and things that refer or relate to any communication about Masimo or Cercacor, or any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and things that refer or relate to technical information, specifications, or research data for any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and things that relate to how any Masimo or Cercacor product or technology is designed or manufactured.

/ / /

Exhibit 75

**REQUEST FOR PRODUCTION NO. 95:**

All documents and things relating to any analysis, study, investigation, or test of any Masimo or Cercacor product or technology by Apple, including without limitation, emails, test results, notes, memoranda, and the actual products or systems examined.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 97:**

All and things that refer or relate to any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things that relate to any comparison of any of the Apple Watch Products to any of the Masimo or Cercacor products or technologies.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

/ / /

/ / /

Exhibit 75

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees who submit invention disclosure forms for use in evaluating whether to file a patent application.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and things referring or relating to the value and/or potential value of the technology claimed or disclosed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 127:**

All documents and things referring or relating to the advantages or disadvantages of the technology claimed or disclosed in the Disputed Patents over competing technologies.

**REQUEST FOR PRODUCTION NO. 128:**

All communications between Defendant and Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 129:**

All communications between Defendant and any individual who previously worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to identify Your senior management and personnel responsible for research and development, testing, clinical trials, regulatory approval, marketing, and sales of any of the Apple Watch Products, including, but not limited to, organizational charts.

/ / /

-14-

Exhibit 75

1  requests for production, responses to interrogatories, responses to requests for

2  admission, and all supplemental disclosures and responses.

3  **REQUEST FOR PRODUCTION NO. 146:**

4       All documents and things relating to the contents and/or subject matter of

5  any declarations or affidavits filed by You in this litigation.

6  **REQUEST FOR PRODUCTION NO. 147:**

7       All documents and things upon which You intend to rely upon, use, or

8  introduce at trial, for any purpose, including to introduce into evidence, or use

9  as impeachment, rebuttal, or demonstrative purposes.

10

11                              KNOBBE, MARTENS, OLSON & BEAR, LLP

12  Dated: July 17, 2020          By: */s/ Adam B. Powell*
13                                   Joseph R. Re
                                     Stephen C. Jensen
14                                   Perry D. Oldham
                                     Stephen W. Larson
15                                   Adam B. Powell

16                                   Attorneys for Plaintiffs,
                                     Masimo Corporation and
17                                   Cercacor Laboratories, Inc.

18

19

20

21

22

23

24

25

26

27

28

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404; Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 148-172)**<br>)<br>)<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 75

1   Your response should state when, how, and why this is the case.

2      4.    Produce each requested document or thing along with all non-

3   identical drafts thereof.  Furthermore, produce each document in its entirety,

4   without abbreviation or redaction.

5      5.    Identify specifically the derivation and source of each document

6   and thing to be produced.

7                    **REQUESTS FOR PRODUCTION**

8   **REQUEST FOR PRODUCTION NO. 148:**

9      All document and things that refer or relate to the calculation of oxygen

10  saturation in any Apple Watch Product.

11  **REQUEST FOR PRODUCTION NO. 149:**

12     Documents sufficient to show any pulse oximetry algorithms used in any

13  of the Apple Watch Products.

14  **REQUEST FOR PRODUCTION NO. 150:**

15     All documents and things that refer or relate to selection between any

16  pulse oximetry algorithm used in any of the Apple Watch Products.

17  **REQUEST FOR PRODUCTION NO. 151:**

18     All documents and things that refer or relate to power consumption by

19  any pulse oximetry algorithm used in any of the Apple Watch Products.

20  **REQUEST FOR PRODUCTION NO. 152:**

21     The complete source code, including versions, revisions, and comments,

22  that relates to the following features of Apple Watch Products: determination of

23  oxygen saturation.

24  **REQUEST FOR PRODUCTION NO. 153:**

25     All documents and things that refer or relate to the operation of any LEDs

26  used to determine oxygen saturation for any Apple Watch Product, including

27  but not limited to documents and things that refer or relate to LED timing, duty

28  cycle, current, or power usage.

Exhibit 75

related to Apple Magazine's publication of marketing materials for iSpO2 and
Apple's communications with customers about iSpO2.

**REQUEST FOR PRODUCTION NO. 169:**

All documents and things related to Apple's sales or marketing of
Masimo's MightySat pulse oximeter, including but not limited to
communications discussing sales or marketing of the MightySat in relation to
Apple's own marketing, research, or product development for Apple's own
pulse oximetry product.

**REQUEST FOR PRODUCTION NO. 170:**

All documents and things related to Apple's sales or marketing of
Masimo's iSpO2 pulse oximeter, including but not limited to communications
discussing sales or marketing of the iSpO2 pulse oximeter in relation to Apple's
own marketing, research, or product development for Apple's own pulse
oximetry product.

**REQUEST FOR PRODUCTION NO. 171:**

All documents and things referring to any analysis or study of products
that compete or will compete with the pulse oximetry portion of the Apple
Watch Series 6.

**REQUEST FOR PRODUCTION NO. 172:**

All documents and things referring to performance of the pulse oximetry
feature in the Apple Watch Series 6, including documents relating or referring to
whether the pulse oximetry feature in the Apple Watch Series 6 accurately or
reliably measures blood oxygen levels.

Exhibit 75

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  October 9, 2020          By: */s/ Adam B. Powell*
                                 Joseph R. Re
                                 Stephen C. Jensen
                                 Perry D. Oldham
                                 Stephen W. Larson
                                 Adam B. Powell

                                 Attorneys for Plaintiffs,
                                 Masimo Corporation and
                                 Cercacor Laboratories, Inc.

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404; Facsimile:  (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S FIFTH SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 173-248)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 75

**REQUEST FOR PRODUCTION NO. 211:**

All documents and things that refer or relate to the value and importance of using any technique for calculating oxygen saturation.

**REQUEST FOR PRODUCTION NO. 212:**

The complete source code, including all versions, revisions, and comments, for any of Your products that calculate oxygen saturation.

**REQUEST FOR PRODUCTION NO. 213:**

Documents sufficient to identify any pulse oximetry algorithm that You have implemented or ever considered implementing in the Accused Products.

**REQUEST FOR PRODUCTION NO. 214:**

All documents and things that refer or relate to any meeting with Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 215:**

All documents and things that refer or relate to any agreements between Masimo or Cercacor and Apple, including confidentiality agreements.

**REQUEST FOR PRODUCTION NO. 216:**

All communications with Michael O'Reilly before Mr. O'Reilly left Masimo.

**REQUEST FOR PRODUCTION NO. 217:**

All communications with Marcelo Lamego before Mr. Lamego left Cercacor.

**REQUEST FOR PRODUCTION NO. 218:**

All documents and things referring or relating to, or otherwise evidencing, Apple's decision to discuss physiological monitoring technology with Masimo or Cercacor.

-10-

Exhibit 75

1  **REQUEST FOR PRODUCTION NO. 244:**

2      All communications between Michael O'Reilly and any hospital or

3  healthcare provider in the first twelve months that Mr. O'Reilly worked at

4  Apple.

5  **REQUEST FOR PRODUCTION NO. 245:**

6      Documents sufficient to show the date and reason for any of Michael

7  O'Reilly's changes in title or job responsibilities at Apple.

8  **REQUEST FOR PRODUCTION NO. 246:**

9      All communications between Marcelo Lamego and any hospital or

10  healthcare provider while Mr. Lamego worked at Apple.

11  **REQUEST FOR PRODUCTION NO. 247:**

12      All patent and/or invention disclosure documents provided by Marcelo

13  Lamego to Apple.

14  **REQUEST FOR PRODUCTION NO. 248:**

15      Documents sufficient to show the date and reason for Marcelo Lamego's

16  employment at Apple ending.

17

18                              KNOBBE, MARTENS, OLSON & BEAR, LLP

19

20  Dated:  October 9, 2020         By: */s/ Adam B. Powell*
                                        Joseph R. Re
21                                      Stephen C. Jensen
                                        Perry D. Oldham
22                                      Stephen W. Larson
                                        Adam B. Powell
23
                                        Attorneys for Plaintiffs,
24                                      Masimo Corporation and
                                        Cercacor Laboratories, Inc.
25

26

27

28

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S SIXTH SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 249-256)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>)<br>) |

Exhibit 75

1           d.     the date of the information or document.

2        3.     If You are aware of the existence, past or present, of a requested

3    document or thing, but the document or thing is not in Your possession,

4    custody, or control, then so state in Your response to the request for that

5    document or thing.  Identify such document or thing and identify, by name, title,

6    and address, the person who last maintained possession, custody, or control of

7    the document or thing.  If the requested document or thing no longer exists, then

8    Your response should state when, how, and why this is the case.

9        4.     Produce each requested document or thing along with all non-

10   identical drafts thereof.  Furthermore, produce each document in its entirety,

11   without abbreviation or redaction.

12       5.     Identify specifically the derivation and source of each document

13   and thing to be produced.

14   **REQUESTS FOR PRODUCTION**

15   **REQUEST FOR PRODUCTION NO. 249:**

16       All documents and things related to decisions to research, design, and/or

17   develop products or components used to calculate one or more physiological

18   parameters including but not limited to pulse oximetry.

19   **REQUEST FOR PRODUCTION NO. 250:**

20       All documents and things related to decisions to research, design, and/or

21   develop any Apple wrist worn monitor that performs pulse oximetry and/or any

22   component of any Apple wrist worn monitor that performs pulse oximetry.

23   **REQUEST FOR PRODUCTION NO. 251:**

24       An inspection of any Apple product that calculates one or more

25   physiological parameters including but not limited to pulse oximetry, including

26   without limitation, prior and future planned versions and prototypes.

27

28

Exhibit 75

**REQUEST FOR PRODUCTION NO. 252:**

An inspection of any Apple wrist worn monitor that performs pulse oximetry, including without limitation, prior and future planned versions and prototypes.

**REQUEST FOR PRODUCTION NO. 253:**

All trial and deposition transcripts of testimony by any current or former Apple employee in any litigation or legal proceeding, related to calculating one or more physiological parameters including but not limited to pulse oximetry.

**REQUEST FOR PRODUCTION NO. 254:**

All trial and deposition transcripts of testimony by any named inventor of any of the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 255:**

All communications between an Apple employee or Apple representative, including Apple's inhouse or outside counsel, and any employee of Plaintiffs while the employee was employed by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 256:**

All business reports related to anticipated or actual profitability by product or business unit, related to Apple Watch Products.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _March 3, 2021_      By: _/s/ Mark D. Kachner_

Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

-5-

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE <br> ) <br> ) **PLAINTIFFS MASIMO** <br> ) **CORPORATION AND** <br> ) **CERCACOR LABORATORIES,** <br> ) **INC.'S SEVENTH SET OF** <br> ) **REQUESTS FOR PRODUCTION** <br> ) **OF DOCUMENTS TO** <br> ) **DEFENDANT APPLE INC. (NOS.** <br> ) **257-280)** <br> ) <br> ) <br> ) Hon. James V. Selna <br> ) Magistrate Judge John D. Early <br> ) |

Exhibit 75

**REQUEST FOR PRODUCTION NO. 263:**

All documents or communications describing, referencing or relating to Apple's policies, procedures, or strategies for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 264:**

All documents or communications referencing or relating to any evaluation by Apple of whether the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 265:**

All documents or communications referencing or relating to the research, design, and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**REQUEST FOR PRODUCTION NO. 266:**

All documents or communications referencing or relating to the decisions to research, design, and/or develop Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood

Exhibit 75

glucose.

**REQUEST FOR PRODUCTION NO. 267:**

All documents or communications referencing or relating to the function of Defendant's Apple Watch Series 7 and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose.

**REQUEST FOR PRODUCTION NO. 268:**

An inspection of Defendant's Apple Watch Series 7, including without limitation, prior versions and prototypes.

**REQUEST FOR PRODUCTION NO. 269:**

All documents or communications referencing or relating to all efforts to market Defendant's Apple Watch Series 7 to consumers.  For avoidance of doubt, this includes documents and things related to efforts to advertise and sell said Apple Watch Series 7 to consumers.

**REQUEST FOR PRODUCTION NO. 270:**

All documents or communications referencing or relating to sales projections for Defendant's Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 271:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological measurement capability, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 272:**

Documents sufficient to identify any oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index,

Exhibit 75

methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose algorithm that You have implemented, ever considered implementing, or are planning to implement in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 273:**

Documents sufficient to identify when You began the research, design, and/or development of any perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose functionality, including, but not limited to, any such functionality implemented in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 274:**

Documents sufficient to identify any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 275:**

Documents sufficient to identify the trade secrets that You asserted in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 276:**

All of Your interrogatory responses in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 277:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 278:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

/ / /

/ / /

-8-

Exhibit 75

**REQUEST FOR PRODUCTION NO. 279:**

All documents or communications referring or relating to how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**REQUEST FOR PRODUCTION NO. 280:**

All documents or communications referring or relating to the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  April 28, 2021          By: */s/ Adam B. Powell*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

-9-

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 318-524) (CORRECTED)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Exhibit 75

**REQUEST FOR PRODUCTION NO. 349:**

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████

**REQUEST FOR PRODUCTION NO. 350:**

████████████████████████████████████████████
████████████████████████████████████████████
██████████

**REQUEST FOR PRODUCTION NO. 351:**

Documents sufficient to identify all persons involved in the research, design, and development of the pulse rate or oxygen saturation features of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 352:**

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

**REQUEST FOR PRODUCTION NO. 353:**

████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████

**REQUEST FOR PRODUCTION NO. 354:**

████████████████████████████████████████████
████████████████████████████████████████████
██████████

**REQUEST FOR PRODUCTION NO. 355:**

Documents sufficient to show any changes made to any of the Apple Watch Products firmware, software, or comments thereto with respect to the pulse rate or oxygen saturation features of the Apple Watch Products.

-9-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

**REQUEST FOR PRODUCTION NO. 369:**

Documents sufficient to show the factors Apple's customers consider when evaluating the performance of pulse rate or oxygen saturation technology.

**REQUEST FOR PRODUCTION NO. 370:**

Documents sufficient to show any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 371:**

Documents sufficient to show any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 372:**

Documents sufficient to show any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 373:**

Documents regarding any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 374:**

Documents regarding any comparison between any pulse rate or oxygen saturation feature of any Masimo or Cercacor product or technology and any similar feature in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 375:**

Communications between Defendant and Plaintiffs regarding the subject matter claimed in the Disputed Patents.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

**REQUEST FOR PRODUCTION NO. 436:**

Documents regarding Apple implementing or considering any of the Strategies For Interacting With Hospitals described under heading "E" of Plaintiffs' Section 2019.210 Statement, including any amendments.

**REQUEST FOR PRODUCTION NO. 437:**

Documents regarding Apple implementing or considering any strategy for persuading hospitals to share clinical data.

**REQUEST FOR PRODUCTION NO. 438:**

Documents regarding the value and importance of any strategy for persuading hospitals to share clinical data.

**REQUEST FOR PRODUCTION NO. 439:**

Documents regarding decisions to research or design products used to calculate pulse rate and oxygen saturation.

**REQUEST FOR PRODUCTION NO. 440:**

Documents regarding decisions to research or design products that can be used for medical research.

**REQUEST FOR PRODUCTION NO. 441:**

Documents regarding decisions to research or design any Apple wrist worn monitor that performs pulse oximetry.

**REQUEST FOR PRODUCTION NO. 442:**

An inspection of any Apple product that calculates heart rate or pulse oximetry, including without limitation, prior and future planned versions and prototypes.

**REQUEST FOR PRODUCTION NO. 443:**

All communications regarding pulse rate or pulse oximetry between an Apple employee or Apple representative, including Apple's inhouse or outside counsel, and any employee of Plaintiffs, while the employee was employed by Plaintiffs.

-22-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

**REQUEST FOR PRODUCTION NO. 444:**

All communications regarding employment at Apple between an Apple employee or Apple representative, including Apple's inhouse or outside counsel, and any employee of Plaintiffs, while the employee was employed by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 445:**

Documents regarding Apple's Kona, Mars, P1 Stealth, ProtoN-34, ProtoN, Proto2, Proto2B, Platinum, Lisa, Citrine, Jasper, Scandium, Emerald, Ruby, Amethyst or Opal prototypes or projects.

**REQUEST FOR PRODUCTION NO. 446:**

Documents regarding the practice of efficient infringement

**REQUEST FOR PRODUCTION NO. 447:**

Documents regarding Apple's policies and procedure for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 448:**

Documents regarding Apple's strategies for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 449:**

Documents regarding any evaluation by Apple of whether the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 450:**

Documents regarding any evaluation by Apple of whether the pulse rate feature of the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

**REQUEST FOR PRODUCTION NO. 451:**

Documents regarding any evaluation by Apple of whether the pulse oximetry feature of the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 452:**

Documents regarding the design or development of Defendant's Apple Watch Series 7 or any component of Defendant's Apple Watch Series 7 that measures oxygen saturation or pulse rate.

**REQUEST FOR PRODUCTION NO. 453:**

Documents regarding the design and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 454:**

Documents regarding the design and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures blood glucose.

**REQUEST FOR PRODUCTION NO. 455:**

Documents regarding Apples planned efforts to market Defendant's Apple Watch Series 7 to consumers.

**REQUEST FOR PRODUCTION NO. 456:**

Any sales projections for Defendant's Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 457:**

Documents sufficient to identify all persons involved in the design and development of the oxygen saturation or pulse rate features of the Apple Watch Series 7.

-24-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

**REQUEST FOR PRODUCTION NO. 458:**

Documents sufficient to identify all persons involved in the design and development of any features of the Apple Watch Series 7 that measure perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 459:**

Documents sufficient to identify all persons involved in the design and development of any features of the Apple Watch Series 7 that measure blood glucose.

**REQUEST FOR PRODUCTION NO. 460:**

Documents sufficient to identify the algorithm used in the oxygen saturation or pulse rate features of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 461:**

Documents sufficient to identify the algorithm in the Apple Watch 7 used to calculate perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 462:**

Documents sufficient to identify the algorithm in the Apple Watch 7 used to calculate blood glucose.

**REQUEST FOR PRODUCTION NO. 463:**

Documents sufficient to identify when you began the design and development of the oxygen saturation or pulse rate features of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 464:**

Documents sufficient to identify when you began the design and development of any features of the Apple Watch Series 7 that measure perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

1  **REQUEST FOR PRODUCTION NO. 523:**

2       Documents sufficient to identify the source of each item of information

3  regarding pulse rate or oxygen saturation technology used by each of the

4  following individuals while employed by Apple: John Aguilar, Anderson

5  Briglia, Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil

6  Harsule, Joe Jagenow, Marcelo Lamego, Inje Lee, Yinghui Lu, Ehsan Masoumi,

7  Michael O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan,

8  Felipe Tonello, Vincent Wayne, and Rich Young.

9  **REQUEST FOR PRODUCTION NO. 524:**

10      Documents identifying the source of each item of information regarding

11  pulse rate or oxygen saturation technology used by each of the following

12  individuals while employed by Apple: John Aguilar, Anderson Briglia,

13  Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil Harsule, Joe

14  Jagenow, Marcelo Lamego, Inje Lee, Yinghui Lu, Ehsan Masoumi, Michael

15  O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan, Felipe

16  Tonello, Vincent Wayne, and Rich Young.

17

18                          KNOBBE, MARTENS, OLSON & BEAR, LLP

19

20  Dated:  May 25, 2021          By: /s/ Adam B. Powell

21                                  Joseph R. Re
                                    Stephen C. Jensen
22                                  Benjamin A. Katzenellenbogen
                                    Perry D. Oldham
23                                  Stephen W. Larson
                                    Mark D. Kachner
24                                  Adam B. Powell

25                                  Attorneys for Plaintiffs,
                                    Masimo Corporation and
26                                  Cercacor Laboratories, Inc.

27

28

-34-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 75

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE ) |
| | ) **PLAINTIFFS MASIMO** |
| Plaintiffs, | ) **CORPORATION AND** ) **CERCACOR LABORATORIES,** ) **INC.'S TENTH SET OF** ) **REQUESTS FOR PRODUCTION** |
| v. | ) **OF DOCUMENTS TO** ) **DEFENDANT APPLE INC. (NOS.** |
| APPLE INC., a California corporation | ) **525-574)** ) |
| | ) |
| Defendant. | ) Hon. James V. Selna ) Magistrate Judge John D. Early ) |

Exhibit 75

1    **REQUEST FOR PRODUCTION NO. 532:**

2           Summary documents regarding any algorithm used in the pulse rate and

3    pulse oximetry features in any of the Apple Watch Products, including

4    engineering requirements specifications, revision histories, and presentations.

5    **REQUEST FOR PRODUCTION NO. 533:**

6           Documents regarding the relative importance of the factors Apple

7    considered when selecting technology that it used to measure pulse rate or

8    oxygen saturation for use in Apple's products.

9    **REQUEST FOR PRODUCTION NO. 534:**

10          Documents sufficient to show any comparison between any Masimo or

11   Cercacor product or technology and any of the Apple Watch Products, in which

12   Marcelo Lamego or Michael O'Reilly was involved.

13   **REQUEST FOR PRODUCTION NO. 535:**

14          Communications between Defendant and the following individuals

15   regarding subject matter claimed in the Disputed Patents: Johannes Bruinsma,

16   Haritha Haridas, Swapnil Harsule, Marcelo Lamego, Inje Lee, Pekka Talke,

17   Ehsan Masoumi, Michael O'Reilly, and Mathew Paul.

18   **REQUEST FOR PRODUCTION NO. 536:**

19          All unpublished Apple patent applications regarding pulse rate or oxygen

20   saturation monitoring techniques.

21   **REQUEST FOR PRODUCTION NO. 537:**

22          All unpublished Apple patent applications regarding pulse rate or oxygen

23   saturation monitoring techniques that name any of the following individuals as

24   an inventor or otherwise contain information from any of the following

25   individuals: Johannes Bruinsma, Haritha Haridas, Swapnil Harsule, Marcelo

26   Lamego, Inje Lee, Pekka Talke, Ehsan Masoumi, Michael O'Reilly, and

27   Mathew Paul.

28

Exhibit 75

1  **REQUEST FOR PRODUCTION NO. 572:**

2      Documents regarding any analysis by Apple, including analysis of iPhone

3  compatible devices, to determine whether to add an ECG monitoring feature to

4  the Apple Watch Products or to create an ECG monitoring application for the

5  Apple Watch Products.

6  **REQUEST FOR PRODUCTION NO. 573:**

7      Documents regarding any analysis by Apple, including analysis of any

8  iPhone compatible devices, to determine whether or how to obtain FDA

9  clearance or approval for any ECG monitoring feature of the Apple Watch

10  Products, or any ECG application for the Apple Watch Products.

11  **REQUEST FOR PRODUCTION NO. 574:**

12      Documents regarding any analysis by Apple of the FDA clearances or

13  approvals for any iPhone compatible device.

14

15                          KNOBBE, MARTENS, OLSON & BEAR, LLP

16

17  Dated:  July 23, 2021          By: */s/ Adam B. Powell*
                                        Joseph R. Re
18                                      Stephen C. Jensen
                                        Benjamin A. Katzenellenbogen
19                                      Perry D. Oldham
                                        Stephen W. Larson
20                                      Mark D. Kachner
                                        Adam B. Powell
21
                                        Attorneys for Plaintiffs,
22                                      Masimo Corporation and
                                        Cercacor Laboratories, Inc.
23

24

25

26

27

28

-12-

Exhibit 75

# EXHIBIT 76

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C.**

**Before the Honorable Charles Bullock**
**Chief Administrative Law Judge**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-1276 |

**MASIMO CORPORATION AND CERACOR LABORATORIES, INC.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**
**TO APPLE INC. (1-126)**

Exhibit 76

**REQUEST FOR PRODUCTION NO. 18:**

Documents and things sufficient to identify all brands, models, product names, internal names, product numbers, and SKU codes for any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to identify each person involved in research, design, and development of the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify all present employees, past employees, consultants, and contract employees, whether full- or part-time, whose responsibilities or assignments include work concerning the design, research, development, analysis, testing, manufacturing, purchase, marketing, importation, exportation or sale of any pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, including organizational charts and telephone and/or email directories.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify all third parties that worked with You or on Your behalf concerning the conception, design, development, implementation, testing, and manufacturing of the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6 and all documents received by You from such third parties concerning such work.

Exhibit 76

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things concerning the design and development of the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 23:**

All communications and files of anyone involved in the design or development of the Accused Products and Components Thereof , including the Apple Watch Series 6, concerning the pulse oximeter and thermistor features in such products.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things concerning any contracts, agreements, or understandings with any person or entity concerning the research, design, and development of the pulse oximetry and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things concerning any consulting, contracting or design work performed for You by any third party relating to the pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things concerning the conception, engineering, design, qualification, testing, and development of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, including design briefs, knowledge sheets, bills of materials, specifications, reference designs, schematics, block diagrams, data sheets, layouts, databases, depictions, photographs, simulations, test plans, test results, users manuals or other manuals,

Exhibit 76

journals, notes, laboratory notebooks, engineering notebooks, communications, and correspondence.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things concerning any proposed production model, prototype, or other preproduction embodiment of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 28:**

All diaries, appointment calendars, journals, notebooks, and trip reports prepared at the direction of or maintained by any person involved in the research, design, development, marketing importation, or sale of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, concerning or evidencing in any way events concerning the research, design, development, marketing, importation, or sale of such products.

**REQUEST FOR PRODUCTION NO. 29:**

Documents, publications, articles, manuscripts, papers, technical disclosures, abstracts, papers, presentations, or speeches authored or given, in whole or in part, by any person involved in the research, design, development, marketing or sale of pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, concerning any such products.

**REQUST FOR PRODUCTION NO. 30:**

Documents and things sent to or from any person substantively involved in the research, design, development, marketing, importation, or sale of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, concerning such products.

Exhibit 76

specifications concerning the structure, function and operation of pulse oximeter and thermistor features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 42:**

All user manuals and user guides for any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 43:**

A complete set of engineering drawings, source code, and specifications for each Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, including all revisions of each engineering drawing and all engineering change orders.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things concerning changes or modifications to the design of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things concerning any papers, articles or scientific works which refer to the oxygen saturation and heart rate measurement features of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, or discuss the scientific or engineering principles on which the design of pulse oximeter and thermistor features in any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, is based.

**REQUEST FOR PRODUCTION NO. 46:**

All technical papers, journal articles, and professional association presentations authored by You or Your employees, consultants, or affiliated entities that relate in whole or in part to the

17

Exhibit 76

design of the pulse oximeter and thermistor features on any Accused Product and Components
Thereof, including but not limited to, the Apple Watch Series 6, regardless of whether such
documents are published or unpublished.

**REQUEST FOR PRODUCTION NO. 47:**

For each model or version of any Accused Product and Components Thereof, including
but not limited to, the Apple Watch Series 6, all documents and things concerning or relating to
the structure, design, architecture and operation of the relevant features of the product, including,
without limitation, the design, specification, definition, features, architecture, engineering,
verification, simulation, emulation, and operation of the product.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things concerning any effort by You, Your affiliates, or Your suppliers
or on behalf of You, Your affiliates, or Your suppliers to design, redesign, commercialize or
modify any Accused Product and Components Thereof, including but not limited to, the Apple
Watch Series 6, in view of the Patents-in-Suit, including all laboratory notebooks, engineering
notebooks, logs, records, files, and models generated by or at the direction of any person involved
in the design-around process by or at Your direction.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning any effort by You or on behalf of You to incorporate any feature
or functionality of any of Complainants' products into any product containing either pulse
oximeter or thermistor features.

Exhibit 76

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning any effort by Apple to incorporate any feature or functionality of any of Complainants' products into any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things concerning any reverse engineering or other analysis performed by You or on behalf of You on any of Complainants' products, including but not limited to the Domestic Industry Products.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things concerning the Domestic Industry Products.

**REQUEST FOR PRODUCTION NO. 53:**

All documents concerning research, design, or development agreements entered into between Apple and any third party for any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 54:**

Five samples of each model of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and things concerning the manufacture of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 56:**

All documents concerning original equipment manufacturer ("OEM") agreements relating to the pulse oximeter and thermistor features on any Accused Product and Components Thereof,

Exhibit 76

**REQUEST FOR PRODUCTION NO. 85:**

All documents and things concerning Your decision, strategies, motivations, reasons, or goals to research and develop any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 86:**

All product roadmaps for each Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 87:**

For each entity involved in the manufacture, importation into the U.S., or sale in the U.S. of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, documents sufficient to show that entity's organizational structure and the reporting relationships among its departments or business functions, including the executive, engineering, design, research, testing, development, manufacturing, fabrication, assembly, packaging, marketing, promotion, sales, licensing, accounting, finance, and export/import departments or business functions, and the persons holding positions in its departments or business functions since the date of the first sale of the Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 88:**

For each entity involved in the manufacture, importation into the U.S., or sale in the U.S. of any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, documents sufficient to show its corporate structure, including the identity of each legal entity within its corporate family as well as each partner entity and affiliate.

Exhibit 76

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things concerning consumer feedback relating to the pulse oximetry features on any Accused Product and Components Thereof, including but not limited to, the Apple Watch Series 6, regardless of the country of origin, including documents regarding any action taken in response to the feedback.

**REQUEST FOR PRODUCTION NO. 126:**

All copies of Complainants' documents in Your possession, custody, or control, including, without limitation, all manuals, schematics, drawings, blueprints, block diagrams, software, and manufacturing, marketing, advertising, and promotional documents.


Dated:  August 19, 2021          By: */s/ Jonathan E. Bachand*
                                 Stephen C. Jensen
                                 Joseph R. Re
                                 Sheila N. Swaroop
                                 Jonathan E. Bachand

                                 **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                 2040 Main Street, Fourteenth Floor
                                 Irvine, CA  92614
                                 Telephone:  (949) 760-0404
                                 Facsimile:  (949) 734-4988
                                 Emails: steve.jensen@knobbe.com;
                                 joe.re@knobbe.com;
                                 sheila.swaroop@knobbe.com;

                                 and

                                 1717 Pennsylvania Ave NW #900
                                 Washington, DC 20006
                                 Telephone:  (202) 640-6400
                                 Facsimile:  (949) 734-4988
                                 Email: jonathan.bachand@knobbe.com

                                 *Counsel for Complainants*
                                 *Masimo Corporation and*
                                 *Ceracor Laboratories, Inc.*

Exhibit 76

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

**Before the Honorable Monica Bhattacharyya**
**Administrative Law Judge**

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-1276 |

**MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO APPLE INC. (134-144)**

Pursuant to the United States International Trade Commission's Rules of Practice and Procedure and 19 C.F.R. §§ 210.27 and 210.30, Complainants Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Complainants") hereby request that Respondent Apple Inc. ("Apple") responds to the following Requests for Production of Documents and Things within the time prescribed by the rules of the Administrative Law Judge and the Commission.

## DEFINITIONS

The following definitions shall apply to each of the interrogatories herein:

1.      The terms "Respondent," "Apple," "You," and "Your" mean Apple Inc., including, without limitation: any predecessor, predecessor-in-interest, successor, subsidiary, affiliate, and/or division; and any past or present principal, officer, director, employee, former employee, servant, agent, attorney, or other representative.

2.      The terms "Complainants" mean Masimo Corporation and Cercacor Laboratories, Inc., collectively and individually, including: any predecessor, predecessor-in-interest, successor, subsidiary, affiliate, and/or division; and any principal, officer, director, employee, former employee, servant, agent, attorney, or other representative.

Exhibit 76

§ 210.27(f), any additional information that You identify, acquire, or become aware of up to and including the time of the hearing.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 134:**

Documents sufficient to show any and all differences in the Blood Oxygen App amongst each model number of Apple Watch Series 6.

**REQUEST FOR PRODUCTION NO. 135:**

Documents sufficient to show any and all differences in the Blood Oxygen App amongst each model number of Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 136:**

Documents sufficient to show any and all differences in the Blood Oxygen App of Apple Watch Series 6 and the Blood Oxygen App of Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 137:**

Documents sufficient to show the number of units of Apple Watch Series 6 and Apple Watch Series 7, by model number, that You have imported into the United States, or had imported into the United States, since August 13, 2021 and the date, quantity, port of entry, port of departure, and importing entity for each such importation.

**REQUEST FOR PRODUCTION NO. 138:**

Documents sufficient to show each location in the United States where You have inventory of Apple Watch Series 6 or Apple Watch Series 7, including each such location's address, the number of such units in inventory by model number, and the total retail value of that location's inventory.

Exhibit 76

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show representative examples of all commercial invoices for all of Your importation or importation that You have had performed, into the United States since August 13, 2021, of Apple Watch Series 6 and Apple Watch Series 7.

Dated:  October 7, 2021             By: */s/ Alan G. Laquer*

Stephen C. Jensen
Joseph R. Re
Sheila N. Swaroop
Ted. M. Cannon
Alan G. Laquer
Kendall M. Loebbaka
Douglas B. Wentzel
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

William R. Zimmerman
Jonathan E. Bachand
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1717 Pennsylvania Avenue N.W., Suite 900
Washington, DC 20006
Telephone:  (202) 640-6400
Facsimile:  (202) 640-6401

Brian C. Horne
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East
Suite 600
Los Angeles, CA 90067
Telephone:  (310) 551-3450
Facsimile:  (310) 551-3458

Carol Pitzel Cruz
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
925 4th Ave., #2500
Seattle, WA 98104
Telephone:  (206) 405-2000

11

Exhibit 76

EXHIBIT 77

| | |
|---|---|
| **From:** | Parker, Kenneth G. |
| **To:** | Adam.Powell |
| **Cc:** | Masimo.Apple; *** Apple-Masimo; WH Apple-Masimo Service List |
| **Subject:** | Re: Masimo v. Apple |
| **Date:** | Thursday, January 20, 2022 6:37:19 PM |

Adam,

Confirmed.

**Ken Parker**
Partner

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4336 • Cell +1 949.433.4890
KParker@gibsondunn.com • www.gibsondunn.com

On Jan 20, 2022, at 5:48 PM, Adam.Powell <Adam.Powell@knobbe.com> wrote:


 **[WARNING: External Email]**

Ken,

It was nice talking to you today.  With respect to Masimo's motion to modify the protective order, we agreed that Apple will waive the seven-day requirement of Local Rule 7 and Masimo will not seek expedited briefing.  The parties agree Masimo will file the motion today and set it for hearing on February 17, 2022.

Masimo also agreed to Apple's request for a seven-day extension of time to produce the "slack" documents, making Apple's deadline January 28, 2022.

Please confirm you agree.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 77

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 77