JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearances continue on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S REQUEST FOR A HEARING REGARDING ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTEENTH CAUSE OF ACTION FOR TRADE SECRET MISAPPROPRIATION (ECF NOS. 522, 524)**<br><br>**Original Hearing Date**<br><br>Date: February 7, 2022<br>Time: 1:30pm<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

1  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   MARK D. SELWYN, SBN 244180
5    mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
6     HALE AND DORR LLP
   2600 El Camino Real, Suite 400
7  Palo Alto, CA 94306
   Tel.: 650.858.6000 / Fax: 650.858.6100
8
   ILISSA SAMPLIN, SBN 314018
9    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
10 333 South Grand Avenue
   Los Angeles, CA 90071-3197
11 Tel.: 213.229.7000 / Fax: 213.229.7520

12 ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
13 GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East Suite 4000
14 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple requests oral argument on its Motion for Partial Summary Judgment. *See* ECF Nos. 522, 524 (sealed). Respectfully, the Tentative Ruling appears to (1) leave unaddressed one important issue of law (the burden of proof) and (2) misapply the case law on a second important issue (the constructive notice standard). Both matters warrant further discussion at oral argument.

*First*, the Tentative Ruling does not appear to consider that, because the purported misappropriation undisputedly occurred outside the statute of limitations, Plaintiffs have the burden of proof to establish that an exception to the statute of limitations applies. *See* ECF No. 587 ("Reply Br.") at 3-4; *see also* ECF No. 524 ("Opening Br.") at 8. Under Ninth Circuit and other federal case law from California, Plaintiffs must come forward with evidence and cannot rely on attorney argument or the allegations of their Complaint. Reply Br. 3-4 (citing, *inter alia, O'Connor v. Boeing N. Am.*, 311 F.3d 1139, 1150 (9th Cir. 2002)). At a minimum, Plaintiffs "must at least show (1) the time and manner of discovery [of the purported misappropriation] and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 4 (quoting *Gabriel Techs. Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012)).[1]

Plaintiffs have not come forward with *any* evidence establishing when and how they discovered the purported misappropriation. *See* Reply Br. 7-13. The Tentative Ruling cites the opening page of Plaintiffs' opposition brief as support for their contention that "they had insufficient reason to believe misappropriation had actually occurred before 2017." *See* Tentative Ruling at 4 (citing ECF No. 556 ("Opp.") at 1). But that page contains only attorney argument, and no evidence. *Id.* The Tentative Ruling also cites the prior motion to dismiss ruling. *Id.* at 3 (quoting FAC ¶¶ 219-220). But that was necessarily decided on the basis of the allegations in Plaintiffs' Complaint.

---

[1] The Tentative Ruling relies on *Klang v. Pflueger*, which recites precisely the same standard (albeit in the motion to dismiss context). *See* 2014 WL 4922401 at *6 (C.D. Cal. July 10, 2014) ("A plaintiff … must … show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.") *cited in* Tentative Ruling at 2-3.

1   Finally, the Tentative Ruling cites page 6 of Plaintiffs' brief. *Id.* at 3.  But the only
2   relevant evidence cited on that page is the bare existence of three unpublished patent
3   applications.  *See* Opp. 6; *see also* Ex. R (ECF No. 541-1 at 76-81).  Plaintiffs have
4   provided no evidence regarding the significance of those applications.  Indeed, the only
5   declaration that Plaintiffs put in the record does not even mention the patent applications,
6   much less identify the time and manner of Plaintiffs' actual discovery of Apple's
7   purported misappropriation.  *See* Reply Br. 7-8, 11.  While the Tentative Ruling rightly
8   notes that it must view the facts in the light most favorable to Plaintiffs, Tentative Ruling
9   at 6, it cannot permissibly read "missing facts" into the record, *see* Reply Br. 8 n.4.  Nor
10  can it relieve Plaintiffs of their burden of production on an issue as to which they bear
11  the ultimate burden of proof.

12       Plaintiffs similarly have failed to come forward with any meaningful evidence
13  showing that they could not have with reasonable diligence discovered facts that would
14  have caused a reasonable person to suspect the alleged misappropriation earlier than
15  January 2017.  Reply Br. 7-13.  The Tentative Ruling appears to place the burden on
16  Apple to present evidence to show that Plaintiffs did not have constructive notice, in that
17  it focuses on the evidence *Apple raised* and explained why it is insufficient.  *See*
18  Tentative Ruling at 6-7.  That was the correct approach at the motion to dismiss stage,
19  where Plaintiffs could meet their burden by "specifically plead[ing] facts," *Klang*, 2014
20  WL 4922401 at *6, but summary judgment requires the party bearing the burden of proof
21  (here, Plaintiffs) to "'submit [their] own affirmative evidence,'" Reply Br. 3-4 (quoting
22  *Anagnostellis v. Pitney Bowes Inc.*, 2013 WL 8840335, at *4 (C.D. Cal. 5, 2013)).

23       *Second*, the Tentative Ruling appears to misapply the standard for constructive
24  notice in trade secret cases.  Specifically, the Tentative Ruling's statement that "a
25  suspicion that [trade secret] information *could* have been shared provides an insufficient
26  basis for filing a trade secret misappropriation claim" is an inaccurate statement of
27  California law.  Tentative Ruling at 6.  While the Tentative Ruling is correct that *Jolly*
28  *v. Eli Lilly Co.*, 44 Cal. 3d 1103 (Cal. 1988), involved a factual situation where the

personal injury plaintiff was aware that she had suffered injury, *Jolly* did not state that such knowledge was required for constructive notice. The California Supreme Court later stated that "[u]nder *Jolly*, … the plaintiff discovers the cause of action when he *at least suspects* a factual basis … for its elements, even if he lacks knowledge thereof—when, simply put, he *at least 'suspects* … that someone has done wrong' to him." *Nogart v. UpJohn*, 21 Cal. 4th 383, 397 (1999) (emphases added), *cited in* Reply Br. 4-5.

California state court trade secret decisions have not allowed a plaintiff to carry its burden under the discovery rule simply by claiming that plaintiff did not definitively know it had been injured. In *MGA v. Mattel, Inc.*, for example, the Court of Appeal explained that (1) *Jolly* "makes … perfectly clear" that a plaintiff "need not be aware of 'specific facts necessary to establish the claim'" and (2) under California law, the "question is not when [plaintiff] actually discovered [the] misappropriations; it is when [the plaintiff] by the exercise of reasonable diligence should have discovered [defendant] engaged in misappropriation." *See* 41 Cal. App. 5th 554, 563-564 (2019), *cited in* Opening Br. 8-9. Notably, the *Mattel* Court concluded that plaintiff was on constructive notice simply because it had known that defendant (1) had improper access to plaintiff's "private showrooms at toy fairs" and (2) "expressed concern" and "*considered the possibility*" that defendants might misappropriate proprietary information at those toy fairs. *Id.* (emphasis added). As *Mattel* summarized, in light of that evidence, plaintiff "cannot now say it had no reason to *suspect an injury* and some wrongful cause." *Id.* (emphasis added); *see also Cypress Semiconductor Corp. v. Superior Court*, 163 Cal. App. 4th 575, 588 (2008), *cited in* Reply Br. 9 ("[T]he question is: When did [plaintiff] first have *any reason to suspect*" alleged misappropriation (emphasis added)).

| | | |
|---|---|---|
| 1 | Dated: February 7, 2022 | Respectfully submitted, |
| 2 | | JOSHUA H. LERNER |
| 3 | | H. MARK LYON<br>BRIAN M. BUROKER |
| 4 | | BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN |
| 5 | | ANGELIQUE KAOUNIS<br>BRIAN ANDREA |
| 6 | | GIBSON, DUNN & CRUTCHER LLP |
| 7 | | MARK D. SELWYN<br>WILMER CUTLER PICKERING HALE AND |
| 8 | | DORR LLP |
| 9 | | |
| 10 | | By: */s/ Mark D. Selwyn*<br>     Mark D. Selwyn |
| 11 | | |
| 12 | | *Attorneys for Defendant Apple Inc.* |