Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' RESPONSE TO APPLE REQUEST FOR HEARING (Dkt. 595)** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Apple does not seek oral argument on its request for bifurcation, so that portion of the Tentative should be final. Apple raises two arguments on summary judgment. Masimo first addresses Apple's second argument because it concerns the legal standard.

### A. Apple's Arguments On Constructive Notice Lack Merit

Apple does not contest the Tentative's explanation of the overall legal standard. In particular, the statute of limitations does not run until a plaintiff has "[1] reason to suspect that a trade secret had been misappropriated, and [2] a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit) . . .." Tentative at 3 (quoting *Hays v. VDF Futureceuticals, Inc.*, 2016 WL 5660395, at *3 (D. Haw. Sept. 28, 2016)). Apple's own cited cases support this standard. For example, *Cypress* explained that knowing the defendant had **access** to a trade secret was not enough to bar a claim if the plaintiff did not also have reason to believe "misappropriation" occurred. *Cypress Semiconductor Corp. v. Superior Ct.*, 163 Cal. App. 4th 575, 587-588 (2008). Similarly, the relevant question in *MGA* was when the plaintiff should have learned defendant "engaged in misappropriation." *MGA v. Mattel, Inc.*, 41 Cal. App. 5th 554, 563-64 (2019). In *Eli Lilly*, the plaintiff knew she was harmed, suspected the injury was from a particular drug, and an investigation would have confirmed her belief. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1112-13 (1988).

This legal standard is appropriate because "[i]t would be contrary to public policy to require plaintiffs to file a lawsuit at a time when the evidence available to them failed to indicate a cause of action." *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 815 (2005). That would expose plaintiffs to "sanctions for filing a cause of action without any factual support" and "failure to specify supporting facts." *Id.* (rejecting defense where inquiry would not have revealed a basis for suit).[1]

---

[1] Apple's reply attempted to distinguish *Fox* as applying where the plaintiff was "aware he had been harmed" but did not know how he was harmed. Dkt. 560-1 at 5. That argument does not support Apple's position. As discussed below, no evidence suggests Masimo even knew it had been harmed in 2014-2016, much less how it had been harmed.

-1-

Rather than attack the Tentative's legal standard, Apple focuses on the Tentative's ***response*** to Apple's heavy reliance on one phrase in *Jolly v. Eli Lilly*. *See* Tentative at 6. Apple strings together several quotes and arguments to suggest the Tentative required Apple to show Masimo definitively knew misappropriation had occurred. *See* Dkt. 595 at 2 (arguing the Tentative incorrectly held "a suspicion that [trade secret] information *could* have been shared provides an insufficient basis for filing a trade secret misappropriation claim"); *id.* at 2-3 (arguing *Jolly v. Eli Lilly* did not "require" definitive knowledge); *id.* at 3 (arguing a plaintiff need not "definitively know" it was injured).

Apple's argument takes a portion of the Tentative out of context. The relevant portion explains in full:

> Rather, viewing the facts in the light most favorable to Plaintiffs, before 2017 they knew only that former employees had their trade secrets; but a suspicion that such information *could* have been shared provides an insufficient basis for filing a trade secret misappropriation claim. Absent actual injury, being suspicious of circumstances and watching for signs of completed misappropriation and therefore injury do not on their own provide such a basis.

Tentative at 6. Thus, the "could" language that Apple quotes was not addressing whether Masimo had definitive proof of misappropriation. Rather, Masimo understands the Tentative as explaining the statute does not begin to run merely because a former employee possessed trade secrets and ***might*** use them in the ***future***. This analysis is supported by the law discussed above.

Apple's attempt to analogize *MGA* to the facts of this case also lacks merit. *See* Dkt. 595 at 3. In *MGA*, the plaintiff had asserted a "factually detailed" unclean hands defense in another case alleging trade secret misappropriation more than three years before filing suit. *MGA*, 41 Cal. App. 5th at 563. The court found plaintiff had reason to believe misappropriation occurred when it asserted that defense. *Id.* Apple's other cited cases are likewise not analogous. *See Eli Lilly*, 44 Cal. 3d 1107-1108 (plaintiff knew of her injury and suspected the injury was caused by defective drug years before filing suit); *Nogart v. UpJohn*, 21 Cal. 4th 383, 406-407 (1999); (plaintiff believed

wrongful death was caused by medical care, including the drug at issue in that case, years before the plaintiff filed suit).

The facts here are nothing like *MGA*, *Eli-Lilly*, or *Nogart*. The Tentative discussed each piece of evidence on which Apple relied and found disputed issues of fact. Tentative at 5-6. As the Tentative explained, Masimo sent the 2014 letter before Lamego started at Apple, so it could not show Masimo knew or should have known Apple misappropriated trade secrets. *Id.* at 5. Similarly, the articles Apple cited showed "speculation and hope for no misappropriation." *Id.* Likewise, Apple working on "pulse oximetry" did not show Masimo had reason to know Apple was "misappropriating trade secrets." *Id.* As for the 2016 letters, the Court found "at a minimum" Masimo raised "disputed issues of fact concerning whether the correspondence should have reasonably led Plaintiffs to conclude that Lamego and/or O'Reilly had defied their agreements with Masimo and ignored Masimo's warnings about protecting the trade secrets, and in so concluding, affirmatively ignored the former employees' assurances to the contrary." *Id.* at 5-6. Such facts are nothing like *MGA*, *Eli-Lilly*, or *Nogart*.[2]

**B.  Apple's Arguments On The Burden Of Proof Lack Merit**

Apple argues the Tentative misapplied the burden of proof. Dkt. 595 at 1. As a preliminary matter, Apple does not deny it bears the ultimate burden of proof. Instead, Apple argues that Masimo bears the burden on a different purported two-part test. In particular, Apple argues Masimo must show "(1) the time and manner of discovery [of the purported misappropriation] and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* (quoting Reply at 4). Apple cites only its reply brief, thereby acknowledging it raised this purported test for the first time on reply. *See id.*

/ / /

---

[2] The Tentative does not focus on the "investigation" requirement from *Hays*, but that requirement also supports the Tentative because a reasonable investigation would not have produced facts sufficient to bring suit in 2014-2016. *See* Dkt. 556 at 19-20. Indeed, Apple argued Masimo did not have a Rule 11 basis to bring suit even in 2020. *Id.*

-3-

The Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Even if Apple had timely raised this purported test, Masimo satisfied it. Apple asserts Masimo's fact declaration does not "mention the patent applications" or "the time and manner of Plaintiffs' actual discovery of Apple's purported misappropriation." Dkt. 595 at 2 (citing Opp. at 6). Apple also complains that Masimo did not explain the "significance of the applications." *Id*. Apple simply ignores Masimo's evidence and explanation. Masimo presented unrebutted evidence that the patent application it alleges disclose Masimo's trade secrets published in August 2017 and later. Ex. R at 1, 3, 5. Thus, as Masimo explained, it "could not have learned of the contents of those patent applications until they published or issued in 2017 or later." *See* Opp. at 6. Apple also admitted it did not release the first product accused in the trade secret case (the Apple Watch Series 4) until "September 12, 2018." Dkt. 370 (Apple's Answer) ¶ 25.

Thus, the evidence leads to the inescapable conclusion that Masimo learned of the misappropriation between the time Apple began publishing the relevant patents in August 2017 and Masimo filing suit in January 2020. Apple apparently asks this Court to infer the impossible: in 2014-2016, Masimo somehow obtained Apple's patents or prototypes that were not public until 2017 and later. The record obviously contains no such evidence. Apple thus fails to rebut Masimo's evidence showing Masimo could not have learned of the misappropriation before 2017. In fact, Apple never even explains what it contends a reasonable investigation in 2014-2016 would have revealed.

Apple attempts to sidestep these facts by suggesting Masimo must provide the specific date it learned of the misappropriation. Such a date is immaterial here because it indisputably occurred within three years of filing suit. Thus, it does not matter if Masimo learned of Apple's patents and products the day they became public in 2017-2018 or shortly before Masimo filed suit in January 2020. The result is the same either way: Masimo's suit is timely. Apple cites no case requiring a more specific showing in such circumstances. To the contrary, the case Apple cites concerned a plaintiff who

knew of the misappropriation more than three years before filing suit and chose to do nothing. *Gabriel Techs. Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1004 (S.D. Cal. 2012) (plaintiff's co-founder thought defendant "had committed a 'direct rip-off' of [plaintiff's] trade secret" but did nothing because he "didn't think it was important").[3]

Apple also argues the Tentative did not cite sufficient evidence because it cited only a prior Court Order and pages 1 and 6 of Masimo's Opposition. Dkt. 595 at 1-2. Just because the Tentative did not cite every piece of evidence does not mean it failed to consider such evidence. Regardless, Apple is wrong. The Tentative cited pages 4-7 and 13-18 of Masimo's Opposition and SDF #s 4-10, 26-28, and 32-37, which contain a detailed discussion of the evidence. Tentative at 4-5.

Finally, Apple argues Masimo failed to show it "could not have with reasonable diligence discovered facts that would have caused a reasonable person to suspect the alleged misappropriation earlier than January 2017." Dkt. 595 at 2. That misapplies the legal standard. The issue is not whether a reasonable investigation would reveal "facts that would have caused a reasonable person to suspect . . . misappropriation." *See id.* The issue is whether "a reasonable investigation would produce facts sufficient to **confirm this suspicion (and justify bringing suit)** . . . ." *See* Tentative at 3 (emphasis added) (quoting *Hays*, 2016 WL 5660395, at *3). Apple never shows a reasonable investigation in 2014-2016 would have revealed facts sufficient to **suspect** misappropriation, much less **confirm** the suspicion and **justify bringing suit**. To the contrary, as discussed, the evidence affirmatory shows it was impossible for Masimo to learn about Apple's misappropriation more than three years before filing suit.

Accordingly, Apple provides no basis for disturbing the Tentative.

---

[3] If the Court believes Masimo should provide further evidence of when in 2017-2020 Masimo learned of Apple's patent applications, Masimo should be given a chance to supplement the record because Apple raised this issue for the first time on reply.

|   |   |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: February 11, 2022 | By: */s/ Adam B. Powell* |
| | Joseph R. Re |
| | Stephen C. Jensen |
| | Benjamin A. Katzenellenbogen |
| | Perry D. Oldham |
| | Stephen W. Larson |
| | Adam B. Powell |
| | Daniel P. Hughes |
| | |
| | Attorneys for Plaintiffs |
| | MASIMO CORPORATION and |
| | CERCACOR LABORATORIES, INC. |