# EXHIBIT 5

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Kenneth G. Parker
Direct: +1 949.451.4336
Fax: +1 949.475.4726
KParker@gibsondunn.com

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
<u>Hearing Requested</u>

January 28, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Suite 1600
Santa Ana, CA 92705

Re:     *Masimo Corp. et al. v. Apple Inc.*, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Judge Guilford:

Two years into this case, Plaintiffs hold tight to the position that it is premature for them to identify the specific harms they claim to have suffered from Apple's purported misappropriation and the basic facts supporting their damages theories. They refuse to provide even the rough damages calculation required under FRCP 26. To this day, it is unclear whether they contend "this is a $1 case or a case worth billions." *Corning Optical Comm'cns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278 (N.D. Cal. 2015) (ordering plaintiff to supplement Rule 26 disclosures and damages interrogatories). As Your Honor recently observed, given the "significant amount of time that has passed" in this case, "[a]nd with the end of fact discovery approaching," "surely [Plaintiffs] can provide more detailed responses." Jan. 13 Order at 7-8. The same principle should govern here.

I.      **Plaintiffs' Supposed "Compromise" Is Illusory**

Plaintiffs' opposition relies heavily on a purported "compromise" they offered to Apple last week to resolve this motion. Opp. 1, 3, 4, 5. In reality, Plaintiffs stated vaguely and at a high level of generality that they would provide some of the information sought and that they would not be able to provide it for a month. Ex. A at 2. Plaintiffs' only clear proposal was to produce some quantum of "revenue and profitability information" in order to satisfy Rule 26, *id.*—an offer that was plainly insufficient under the case law, *id.* at 1. Apple responded to Plaintiffs within 24 hours, asking for clarification about what they were offering to provide and when. *Id.* Plaintiffs declined to provide details and filed their opposition. Ex. 9 at 1. Accordingly, the suggestion that the Special Master could simply "order Masimo to provide the information it offered as a compromise" rings hollow.

II.     **Rule 26 – Plaintiffs' Computation of Damages**

Plaintiffs have failed to offer any meaningful articulation of their damages claims, much less the "computation of each category of damages claimed" and the "documents or other evidentiary material" supporting those computations that FRCP 26 requires. Mot. 1-2.

In response, Plaintiffs first claim that they cannot provide even a rough calculation (much less identify relevant documents) because they need more fine-grained information from Apple. Opp. 1-2. This position might have been tenable at the outset of this litigation—or even prior to when Apple provided Apple Watch sales information in September 2020—but it is "plainly insufficient" coming shortly before the close of fact discovery. *See Corning*, 306 F.R.D. at 277, 279. As *Brandywine Communications Techs v. Cisco Systems* explains, Plaintiffs should at least be able to calculate (1) "the extent of loss of [their] own sales of [their] own products in an approximate dollar amount and state how that amount was calculated" and (2) state the claimed royalty rate and base, "specifying that information by year." 2012 WL 5504036, at *1-2 (N.D. Cal. Nov. 13, 2012). To the extent "new information … come[s] to light as the case proceeds … Rule 26(e) provides a solution for that: supplementation." *Corning*, 306 F.R.D. at 279.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Exhibit 5
Page 1

GIBSON DUNN

Hon. Andrew J. Guilford (Ret.)  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
January 28, 2022
Page 2

Plaintiffs' related suggestion that Apple is withholding discovery by not responding to a May 2020 interrogatory is empty, as Plaintiffs were required to make their Rule 26 disclosures on April 20, 2020, *see* Dkt. 33 at 6—weeks before the interrogatory was even sent. It is also wrong, as Apple had already produced Apple Watch sales data and requested a meet and confer on that interrogatory. Plaintiffs did not follow up until January 26, 2022—i.e., days *after* they filed their opposition brief. *See* Ex. 10 at 1; *see Frontline Med. Assoc., Inc. v. Coventry*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) ("'[a] party is not excused from making its disclosures because it has not fully investigated the case'").

Plaintiffs also assert they cannot provide any damages information outside of an expert report. Mot. 2. To be clear, Apple is not seeking hundreds of pages of detailed minutiae that list Plaintiffs' alleged lost profits down to the cent; it is seeking what Plaintiffs claim to be their alleged damages and the specific harms they claim to have suffered, based on the "information that is reasonably available to" Plaintiffs. *See* Mot. 2 (collecting cases). The cases Plaintiffs cite are not to the contrary. In *Stone Brewing Co. v. MillerCoors LLC*, the defendant failed to object on Rule 26 grounds until *after* plaintiff's expert report issued. 2020 WL 907060 at *8 n.13 (S.D. Cal. Feb. 25, 2020). At most, *Stone* stands for the same proposition as the Advisory Committee Note that Plaintiffs cite—i.e., it is "normally not possible to disclose sophisticated intellectual property damage calculations *at the Rule 26(a) deadline*." *Id.* at *8 & n.14 (emphasis added). Here, that deadline passed in April 2020. Moreover, *Undiscovered Corp. v. Heist Studios* supports Apple, as the plaintiff *did* supplement its Rule 26(a) calculation eight months after the initial deadline. 2019 WL 8219489 at *1, 5 (C.D. Cal. Oct. 1, 2019) (recognizing sanctions possible if no supplementation).[1]

### III. Interrogatory No. 13 – Plaintiffs' Alleged Harm

As Apple has explained, Plaintiffs should be required to describe the specific harms (e.g., lost sales, profits, and opportunities) they claim to have suffered as a result of Apple's misappropriation. Mot. 2-4. Plaintiffs have just two responses, neither of which is persuasive.

First, Plaintiffs assert Judge Early resolved this issue, concluding that their August 2020 response sufficed. Opp. 3. Not so. Judge Early quoted Plaintiffs' own acknowledgment that "discovery in this matter has only recently begun" as something that "qualifies" their response. Ex. 5 at 8. Now that the close of fact discovery is near, the need for any such qualifier has vanished and yet Plaintiffs still have not produced the requested information.[2]

Second, Plaintiffs contend it is still "premature" to provide a full response to this interrogatory because "discovery is [not] nearing completion" and they still have to review many of the documents Apple has produced. Opp. 3-4. But the Special Master rejected this precise argument (albeit in the context of another discovery request Plaintiffs labeled a "contention interrogatory") in its January 13 order. *See* Jan. 13 Order at 7-8 ("the end of fact discovery [is] approaching [and] Apple is entitled to

---

[1] Plaintiffs' suggestion that the Special Master should consider Apple's response to a damages interrogatory, Ex. B at 19-20, or Apple's attempt to come to a compromise with Plaintiffs regarding Interrogatory No. 13, Ex. E at 5, makes little sense in the context of determining Plaintiffs' obligations to disclose basic information at or near the outset of the litigation. Since Apple is not pursuing any counterclaims, its damages-related arguments will necessary be responsive to Plaintiffs' theories—information that Plaintiffs have not provided in even the most rudimentary of forms.

[2] Plaintiffs implicitly recognize the significance of the word "qualify" just one paragraph later. *See* Opp. 3 ("Even if Judge Early *qualified* his ruling based on the stage of the case… ." (emphasis added)).

Exhibit 5
Page 2

**GIBSON DUNN**

Hon. Andrew J. Guilford (Ret.)          HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
January 28, 2022
Page 3

those further responses"). That Plaintiffs have a pending motion to modify the schedule does not diminish the substantial discovery that has taken place in anticipation of the close of fact discovery.

### IV. Interrogatory No. 17 – Plaintiffs' Theories of Relief

Plaintiffs should be required to provide basic information supporting their assertions that they are "entitled to any relief in this case, including monetary damages and injunctive relief." Mot. 4.

Plaintiffs' primary response is that Interrogatory No. 17 is essentially the same as No. 13. Opp. 4-5. A glance at the two interrogatories shows that Plaintiffs are wrong—the former seeks information that supports Plaintiffs' specific legal theories for receiving relief for all their claims; the latter asks Plaintiffs to describe how they have been harmed by Apple's purported trade secret misappropriation. Even Plaintiffs' purported compromise offered to provide different information for the two interrogatories. Ex. A at 2 ("For Interrogatory 13, Plaintiffs will describe how they were harmed by Apple's misappropriation …[.] For Interrogatory 17, Plaintiffs will identify the factual and legal bases that support Plaintiffs' claims for relief.").[3]

Plaintiffs also repeat their assertion that they need additional information from Apple, Opp. 4-5, without identifying what they need and why. Plaintiffs' unjust enrichment theories—"Apple generated profits," "Apple filed some patent applications and obtained patents," and "Apple ... unjustly benefited from the saved cost of development and a head start period" (Ex. 6 at 6)—depend on already-produced sales information, public patent information, or *Plaintiffs'* development documents.

### V. Interrogatory No. 28 – Plaintiffs' Products That Practice The Trade Secrets

It is undisputed that the Special Master has now ordered Plaintiffs to produce the bulk of what was requested under Interrogatory No. 28. *See* Opp. 5; Jan. 13 Order at 11. Plaintiffs primarily argue that they should not have to produce additional information related to Apple patents and patent applications because they do not know precisely what Apple is requesting. Opp. 5. Plaintiffs' feigned confusion is unavailing. The interrogatory itself states: "For each of the Apple Patents, the Apple Applications, and Trade Secrets … provide … an identification of every product sold or offered for sale by You that practices, or has ever practiced, such Apple Patent, Apple Application, or Trade Secret." Ex. 8 at 5. This information is clearly relevant to damages and inventorship; Masimo's practice of patented, but non-trade secret, claim limitations in Apple's patents is relevant to the contribution of the alleged trade secrets to consumer demand and the valuation and "apportionment of plaintiff's products" (Jan. 13 Order at 11), and the timing of Masimo's first use of Apple's patents is relevant to inventorship. Plaintiffs also contend that producing this information in chart form would be unduly burdensome, Opp. 5, but neither they—nor their cases (which deal with complicated element-by-element claim charts)—explain why that is so.

Sincerely,

/s/ Kenneth G. Parker

Kenneth G. Parker

---

[3] Plaintiffs are incorrect in asserting (Opp. 4) that Apple "demanded" the same information for both interrogatories. *See* Ex. A at 1.

Exhibit 5
Page 3