# EXHIBIT 10

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

January 21, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Ste 1600
Santa Ana, CA 92705

Re:  *Masimo Corp. et al v. Apple Inc.*, case no. 8:20-cv-00048-JVS-JDE (C.D. Cal.)

Judge Guilford:

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") oppose Apple's December 23, 2021, Motion to Compel on Apple's Interrogatory Nos. 13, 17 and 28 and the Initial Disclosures regarding computation of damages.  Similar to Apple's November 29 motion, this Motion concerns contention interrogatories.  This Motion goes further, however, because it seeks damages contentions and calculations that are the subject of expert testimony.  Following the Special Master's January 13 Order on the November 29 motion, Masimo offered to compromise by providing supplemental contentions based on the factual information it currently knows.  Masimo explained, however, that it cannot provide full damages calculations and theories because that information depends on discovery from Apple and expert testimony.  Apple rejected Masimo's proposal and insisted Masimo must provide its full damages case now before Apple provides discovery and without the benefit of expert analysis.  The Court should deny the Motion or, at most, order Masimo to provide the information it offered as a compromise.

## I. The Special Master Should Deny Apple's Motion For a Rule 26 Computation of Damages

After the January 13 Order, Masimo offered to supplement its initial disclosures with factual information about revenue and profitability. Ex. A. Masimo explained it "will not provide exact damages calculations because that is not required in complex cases where such calculations require expert testimony and information from the defendant." *Id.* Apple demanded exact damages calculations. *Id.*

### a. Masimo's Damages Depend on Discovery from Apple And Expert Testimony

While Rule 26 requires damages calculations in many cases, the Advisory Committee Notes explain "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." Thus, "it is normally not possible to disclose sophisticated intellectual property damages calculations at the Rule 26(a) deadline." *Stone Brewing Co., LLC v. MillerCoors LLC*, 2020 WL 907060, at *8 (S.D. Cal. Feb. 25, 2020).  It is "entirely appropriate to use damages experts to calculate damages in a sophisticated case and to inform the opposing party that one will do so." *Id.* at *8 (plaintiff properly disclosed calculations at the expert phase); *see also Undiscovered Corp. v. Heist Studios*, 2019 WL 8219489, at *1 (C.D. Cal. Oct. 1, 2019) (plaintiff properly disclosed calculations at the close of fact/expert discovery).  Apple's own authority explains that precise calculations "need not be disclosed to the extent the method is properly the subject of expert testimony and the parties will be turning over expert evidence in the future." *Frontline Med. Assoc., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009).  Rule 26 also does not apply to equitable remedies or punitive damages. *N. Nat. Gas Co. v. L.D. Drilling, Inc.*, 405 F. Supp. 3d 981, 1002 (D. Kan. 2019); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011).

Here, Masimo explained it has "not yet made a computation of any category of damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) because [Masimo] require[s] discovery from Defendant to do so." Ex.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

knobbe.com

Exhibit 10
Page 1

1 at 6. However, Masimo has identified several remedies it will seek, many of which are equitable or exemplary damages that are not subject to the Rule 26 requirement. *See* Ex. 3 at 46-48 (identifying restitution, disgorgement, punitive/exemplary damages, and attorneys' fees). Masimo's legal damages theories are not amenable to calculation at this stage. For example, lost profits will depend on the extent to which Apple has spoiled sales of pulse oximetry devices to consumers by releasing inferior products. Masimo's damages calculations will also depend on how Apple has utilized its trade secrets, including both technical trade secrets and business/hospital interaction trade secrets. Until Masimo learns all of the ways in which Apple is using its trade secrets, Masimo cannot determine damages caused by that misappropriation. For example, Masimo is still learning how Apple has used Masimo's trade secrets to improve performance and influence customer expectations, including the expectations of Masimo customers and potential Masimo customers. Such discovery will inform how Apple is impacting Masimo's ability to sell its own physiological measurement devices.

Apple argues Masimo has sufficient information to calculate its damages because Apple provided Masimo with Apple Watch sales data. Br. at 1-2. As discussed above, damages in this case will depend on far more than Apple's sales data. Moreover, Apple has not produced all sales data sought by Masimo. For example, Apple has still not responded to Masimo's May 2020 Interrogatory requesting that Apple disclose "on a monthly basis from April 2015 to present, the total unit and dollar sales, revenue, total net profit, and total gross profit realized" for each Apple Watch. Ex. D at 16-17. Apple also argues that royalties are easily calculable. Br. at 2. But Apple has not shown that Rule 26 requires a calculation of royalties in trade secret cases. Moreover, many of the factors for calculating a royalty depend on evidence from Apple. *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of California, Inc.*, 2015 WL 3825318, at *11 (C.D. Cal. June 18, 2015) (trade secret case applying *Georgia-Pacific* factors, including rates paid by defendant for comparable technology, the commercial relationship between plaintiff and defendant, the value of the technology to defendant, and expert opinions on royalties).

Apple's actions also demonstrate the parties agree that damages theories and calculations in this case are properly the subject of expert testimony. For example, Apple objected to providing damages contentions "as premature and prejudicial because it calls for information that is more appropriately the subject of expert discovery and subject to separate timing requirements per the Court's Scheduling Order." Ex. B at 19-20. In fact, Apple repeatedly told Masimo—including just two months before filing this Motion—that it does ***not*** seek "detailed quantification of damages at this time." Ex. E at 5; *see also* Dkt. 271-1 at 68 (same). The Special Master also recently rejected Apple's motion to compel a "technical market definition" because "experts will likely opine on 'technical market definition(s)' in the context of this case, and Masimo is correct that only underlying factual information need be provided here." 1/13/2021 Order at 12. Apple complains Masimo has not supplemented recently (Br. at 1), but ignores that it (1) refused to provide any trade secret discovery until January 2021 (*see* Dkt. 279), (2) recently told Masimo it was not seeking a damages calculation (Ex. E), and (3) produced more than 80% of its documents in just the past two months (Dkt. 557 at 1). The Special Master should reject Apple's demand for damages calculations before obtaining necessary discovery and without the benefit of expert analysis. At most, Masimo should provide the factual information it offered as a compromise.

    b. **Apple's Cases Do Not Support Apple's Motion**

Apple's cases do not support its demand. None of Apple's cases address the Advisory Committee Comment discussed above and none addressed the sort of complex damages theories at issue in this case. As Apple's cited authority explains, the Rule 26 damages disclosure obligation depends on the nature of the case and the claims pursued. *See City & Cty. of S.F. v. Tutor-Sabila Corp.* 218 F.R.D 219, 221 (N.D.

Cal. 2003). In *Tutor-Sabila*, the plaintiff easily calculated overall damages for the breach of contract and the court merely ordered the plaintiff to separate out those damages amongst multiple defendants who had varying degrees of exposure. *Id.* Apple also cites several cases involving a simple damages calculation for an individual's lost earnings. *See Vincent v. Classic Party Rentals, Inc.*, 2009 WL 10674768, at *2 (C.D. Cal. Oct. 27, 2009); *Frontline*, 263 F.R.D. at 569 (ordering plaintiff to "provide information reasonably available to it as to gross revenues, expenses and any other component of its lost profits computation," which was all in the plaintiff's possession). Another case Apple cited did not appear to require a numerical calculation, but instead required disclosure of general methodologies that plaintiff acknowledged it was considering. *Boswell v. Costco Wholesale Corp.*, 2017 WL 2727769, at *2 (C.D. Cal. Jan. 19, 2017). Apple also cites one case where the plaintiff admitted it had already calculated damages but did not want to disclose the calculation. *See Agena v. Cleaver-Brooks, Inc.*, 2020 WL 6888725, at *2 (D. Haw. July 31, 2020). Apple also cites *Brandywine Commc'ns Techs. v. Cisco Sys.*, 2012 WL 5504036, at *3 (N.D. Cal. Nov. 13, 2012), but that involved no competitive issues impacting damages because it concerned a notorious non-practicing patent plaintiff. Ex. F. As discussed, Masimo has not calculated damages because the damages theories in this complex intellectual property case depend on expert analysis and extensive information from Apple. The facts here bear no resemblance to the simple damages theories in the cases on which Apple relies.

## II.   The Special Master Should Deny Apple's Motion on Interrogatory No. 13

Masimo offered to supplement Interrogatory No. 13 with factual information in its possession. Ex. A. Apple demanded Masimo identify "(1) specific sales, customers, or projects lost; (2) specific lost revenues, profits, or price erosion on specific products; and (3) specific lost opportunities or lost value." *Id.* That is contrary to Judge Early's order, and would require discovery from Apple and expert testimony.

### a.   The Court Found Masimo Sufficiently Responded to Interrogatory No. 13

Apple previously moved to compel a further response to Interrogatory No. 13. Dkt. 271-1. Judge Early denied Apple's motion, explaining that "Plaintiff sufficiently answered this request." Dkt. 298 at 8. The Court rejected Apple's demand for a more detailed response and explained that Masimo "provided a substantive response and did not solely refer to information that is expected to be reveal [*sic.*] in an expert report unlike the several cases Defendant cites in support of its position." *Id.* Apple contends that "Judge Early relied on" Masimo's assertion that discovery had only begun and Masimo was continuing to investigate the subject matter of this interrogatory. Br. at 3. Judge Early did not rely on that assertion; he quoted it when rejecting Apple's argument, explaining that Masimo "still provided a substantive response" that was "sufficient." Dkt. 298 at 8. Unlike other interrogatories at issue in the same Motion, Judge Early did ***not*** find Masimo's Interrogatory 13 response was sufficient only at that stage of the case. *Compare* Dkt. 298 at 8 (finding Masimo "sufficiently answered" Interrogatory 13) *with* 14-15 (finding further responses to Interrogatories 4 and 5 were unwarranted "at this time").

### b.   Apple Presents No Basis to Reconsider the Ruling on Interrogatory No. 13

Apple provides no authority for the Special Master to reconsider Judge Early's ruling. In fact, the Court order appointing the Special Master specifically carved out "motions for reconsideration of orders previously issued by Magistrate Judge Early." Dkt. 470. Even if Judge Early qualified his ruling based on the stage of the case, Apple's motion remains premature. As Judge Early explained, "[w]hile contention interrogatories that are served close to trial can "be a useful tool to narrow the issues in dispute," courts "are reluctant to allow contention interrogatories when the responding party has not yet obtained

enough information through discovery to respond . . . ." Dkt. 298 at 3 (citing several case). Thus, "courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete." Dkt. 298 at 14 (quoting *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1–2 (N.D. Cal. Dec. 11, 2008)). Indeed, it is "generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) (quotation omitted).

Courts in this district routinely delay responses to contention interrogatories until at or near the end of discovery. *See, e.g., Sec. & Exch. Comm'n v. Moshayedi*, 2013 WL 12172127, at *1 (C.D. Cal. Mar. 21, 2013) (denying motion two months before close of fact discovery and making interrogatories due two weeks before close of fact discovery); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (contention interrogatories due "30 days before the discovery cut-off"); *Open Text Inc v. Northwell Health, Inc.*, 2020 WL 6050595, at *4 (C.D. Cal. Aug. 6, 2020) (agreeing with Convergent and similar cases but granting motion because "discovery closes in less than a month"). Masimo recently moved to modify the schedule because the parties will not be able to complete discovery by the current deadline. *See* Dkt. 549. That motion will be heard on February 7. *Id.*

In an effort to show discovery is nearing completion, Apple claims the "deadline for substantial completion of ESI discovery" has passed. That is false. The Court imposed no such deadline. Instead, the parties merely set a deadline amongst themselves to substantially complete production of emails that hit on negotiated search terms. Regardless, Apple only recently produced 1.4 million pages of documents that Masimo is still reviewing. Dkt. 557 at 1. Apple has also yet to complete document production, including productions ordered by the Special Master. *Id*. And neither party has taken a single substantive deposition. Thus, Masimo does not yet have facts necessary to calculate damages or identify lost "sales, customers, or projects" caused by Apple's conduct. Masimo conducted a reasonable investigation, provided substantive responses based on its investigation to date, and agreed to supplement as its investigation continues. Masimo simply does not yet have the detail Apple demands. Indeed, as discussed, Apple itself took the position that damages contentions are the subject of expert discovery.

Apple's own quotation from *Cal. Police Activities League v. Cal. Police Youth Charities, Inc.*, 2009 WL 537091, at *3 (N.D. Cal. Mar. 3, 2009) proves Masimo's point. Apple argues that case held a plaintiff must show they suffered harm "as a direct and proximate result of the [] use or disclosure of the trade secret, or the defendant benefit from such use or disclosure." Br. at 3. Thus, Apple acknowledges that Masimo's harm depends on ***Apple's*** use and disclosure of Masimo's trade secrets. Moreover, *Cal. Police* merely recited the elements of a cause of action on a Rule 12(e) motion. It did not hold that a plaintiff must provide detailed damages contentions before significant discovery is complete.

### III.  The Special Master Should Deny Apple's Motion on Interrogatory No. 17

Interrogatory No. 17 is similar to Interrogatory No. 13, but also includes equitable relief. Though not required, Masimo's response to Interrogatory No. 13 included both legal and equitable relief. Masimo's response to Interrogatory No. 17 is similar to Interrogatory No. 13 and is sufficient for the same reasons Judge Early found with respect to Interrogatory No. 13. Nevertheless, Masimo offered to supplement Interrogatory No. 17 with factual information similar to its offer on Interrogatory No. 13. Ex. A. Apple again demanded Masimo identify "(1) specific sales, customers, or projects lost; (2) specific lost revenues, profits, or price erosion on specific products; and (3) specific lost opportunities or lost value." *Id.* Apple contends without support that "Plaintiffs' alleged lost profits, price erosion, reasonable

royalty, diminution in value, and restitution—is undeniably within Plaintiffs' "current possession, custody, or control." Br. at 4. As discussed above, that assertion is incorrect because Masimo is still learning from Apple's discovery the nature and extent of Masimo's harm. Moreover, Masimo needs discovery from Apple to calculate Apple's unjust enrichment.

## IV. The Special Master Should Deny Apple's Motion on Interrogatory No. 28

As Apple acknowledges, Interrogatory No. 28 significantly overlaps with Interrogatory No. 26. Before the meet and confer on this motion, Apple had already moved to compel a further response to Interrogatory No. 26. Masimo explained that a decision on Interrogatory No. 26 "will inform the parties' dispute" and "suggest[ed] the parties continue this discussion after that hearing." Ex. C. Apple filed this Motion anyway, focusing almost entirely on why Masimo should have to provide the same information at issue in Interrogatory No. 26. *See* Mot. at 5.

After Apple filed this motion, the Special Master ordered Masimo to supplement its response to Interrogatory No. 26. Masimo then offered to supplement its response to Interrogatory No. 28 to include similar information as called for in Interrogatory No. 26. Ex. A. Apple rejected Masimo's proposal, and tried to justify its rejection by arguing that Interrogatory No. 28 seeks two pieces of "different information" from Interrogatory No. 26. Ex. A; Mot at 5. But Apple's opening brief merely mentioned that "different information" in passing with no analysis or support. Mot. at 5. Having failed to address that information in its opening brief, Apple should not be able to pursue that information for the first time in reply. *Allergan Inc. v. Cayman Chem. Co.*, 2010 WL 11470342, at *5 (C.D. Cal. Jan. 12, 2010). Regardless, Apple is not entitled to that different information.

First, Apple seeks "information related to Apple Patents and patent applications." Mot. at 5. Apple does not explain its position either in its Motion or subsequent email. Mot. at 5, Ex. A. To the extent Apple is asking how Masimo practices the claims of the Apple patents that are the subject of Masimo's inventorship/ownership claims, Apple never explains the relevance of such information. And to the extent Masimo's trade secrets are included in the disputed Apple patents, Masimo is already explaining how Masimo practices its trade secrets in response to Interrogatory No. 26.

Second, Apple argues Masimo must respond to Interrogatory No. 28 by completing Apple's chart. Mot. at 5. Apple's motion barely mentioned the chart and offered no explanation why Masimo should be compelled to complete the chart. Apple's demand is unduly burdensome, should be counted as multiple interrogatories, and is not required by Rule 33. In another case, Apple lost a motion to compel an interrogatory response in a specific chart format because the demand was unduly burdensome. *Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS (BLM), 2018 WL 733740, at *2 (S.D. Cal. Feb. 6, 2018). Other courts similarly reject demands to format interrogatory responses in specific chart format. *Finjan, Inc. v. ESET, LLC*, No. 17CV183 CAB (BGS), 2018 WL 4772124, at *3 (S.D. Cal. Oct. 3, 2018) (interrogatory demanding response in specific chart format was "unduly burdensome both in terms of the format required as well as the specificity demanded"). The Special Master should similarly reject Apple's request.

Sincerely,

*Mark Kachner*

Mark D. Kachner

54825767