# EXHIBIT 11

# Mark.Kachner

| | |
|---|---|
| **From:** | Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com> |
| **Sent:** | Tuesday, January 18, 2022 6:03 PM |
| **To:** | Mark.Kachner; Adam.Powell; *** Apple-Masimo; WH Apple-Masimo Service List |
| **Cc:** | Masimo.Apple |
| **Subject:** | RE: Hearing on December 22 Motion to Compel |

Mark,

Thank you for Plaintiffs' proposal offering a compromise on Apple's December 23 Motion to Compel.  Plaintiffs' proposal provides little explanation for why, given the Special Master's prior order, Plaintiffs should not respond fully to the discovery at issue, and also fails to specify in what respects Plaintiffs are proposing to provide less than the full scope of what Apple seeks.

To help ensure that we are not misunderstanding Plaintiffs' proposal, we outline what Apple is seeking on each issue and ask for the following clarifications:

**Plaintiffs' Rule 26 disclosure:**  As outlined in Apple's Motion, a plaintiff is required to "'provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable [the other party] to understand the contours of its potential exposure and make informed decisions as to settlement and discovery.'" *Frontline Med. Assoc., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009).  Plaintiffs' offer to provide only their revenue and profitability information is insufficient, and the Rule 26 advisory committee notes do not support that Plaintiffs can withhold their assessment of damages until expert discovery.  Rather, Apple's Motion cites a number of cases supporting that Plaintiffs should be able to describe their lost profits and reasonable royalty contentions at this stage.  *See, e.g.*, *Brandywine Commc'ns Techs. v. Cisco Sys.*, 2012 WL 5504036, at *3 (N.D. Cal. Nov. 13, 2012).  Will Plaintiffs agree to provide the supplementation sought by Apple's motion?

**Interrogatory Nos. 13 and 17:**  Please identify with specificity how Plaintiffs propose they will supplement these interrogatory responses.  As to Interrogatory No. 13, Apple's Motion seeks to compel Plaintiffs to "describe the specific harms they claim to have suffered, including, e.g., (1) specific sales, customers, or projects lost; (2) specific lost revenues, profits, or price erosion on specific products; and (3) specific lost opportunities or lost value."  Will Plaintiffs' supplementation describe each of these alleged harms?  As to Interrogatory No. 17, please confirm that Plaintiffs will supplement their response to address the deficiencies addressed in our December 6 letter, attached to the December 23 Motion to Compel as Exhibit 7.

**Interrogatory No. 28:**  As noted in Apple's December 23 Motion, Interrogatory No. 28 requests overlapping, but also different information, than Interrogatory No. 26.  Specifically, in addition to what the Court has already granted as to Interrogatory No. 26, Interrogatory No. 28 seeks information related to the Apple patents and patent applications, and calls for the requested information to be provided in chart form.  Please confirm that Plaintiffs will supplement to include information as to the Apple patents and patent applications.  Please also explain why you contend that providing the information in chart form would be unduly burdensome.

Regards,
Nora

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Monday, January 17, 2022 5:46 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Adam.Powell <Adam.Powell@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-

MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Hearing on December 22 Motion to Compel

**EXTERNAL SENDER**

Nora,

We have a proposal regarding Apple's December 23rd Motion to Compel, in light of the Special Master's order on January 13th.

Regarding Rule 26 disclosures, Plaintiffs would agree to supplement to provide revenue and profitability information.  We will not provide exact damages calculations because that is not required in complex cases where such calculations require expert testimony and information from the defendant.  *See* Fed. R. Civ. P. 26 (advisory committee notes) (The obligation to calculate damages "applies only with respect to documents then reasonably available to it and not privileged or protected as work product. Likewise, a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.").

Plaintiffs would also agree to supplement their responses to Interrogatories 13 and 17, based on information currently available to Plaintiffs.  For Interrogatory 13, Plaintiffs will describe how they were harmed by Apple's misappropriation based on information currently available to Plaintiffs.  For Interrogatory 17, Plaintiffs will identify the factual and legal bases that support Plaintiffs' claims for relief.

The information the Special Master required Plaintiffs to provide in its January 13th Order in response to Interrogatory 26 is also responsive to the information Apple seeks in response to Interrogatory 28.  Plaintiffs will agree to supplement Interrogatory Nos. 26 and 28 to provide this information.  Plaintiffs will not provide this information in the precise format Apple has requested for Interrogatory No. 28, because doing so is unduly burdensome.  Apple has previously lost a motion to compel an interrogatory response in specific chart format for the same reason.  *See Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS (BLM), 2018 WL 733740, at *2 (S.D. Cal. Feb. 6, 2018); *see also Finjan, Inc. v. ESET, LLC*, No. 17CV183 CAB (BGS), 2018 WL 4772124, at *3 (S.D. Cal. Oct. 3, 2018) (interrogatory demanding response in specific chart format was "unduly burdensome both in terms of the format required as well as the specificity demanded").

If Apple agrees, we will provide supplemental responses by February 17 (For Rule 26 disclosures and ROGs 13 and 17), and will supplement ROG 28 on February 10 along with ROG 26.  Please confirm Apple will withdraw its December 23rd motion to compel.  If Apple refuses to withdraw its motion to compel, please explain the bases for your refusal by the end of the day on January 18 so we can understand Apple's position with enough time to have a fair opportunity to respond in our opposition.

Best regards,
Mark

**Mark Kachner**
Partner
310-407-3472 Direct
**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, January 14, 2022 3:43 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>

**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Hearing on December 22 Motion to Compel

Adam,

Apple's December 23 Motion to Compel is also pending and the two motions should be heard together. The only reason the December 23 Motion is not fully briefed is because Plaintiffs asked for additional time at the January 5 hearing, arguing that the Special Master's rulings could affect Plaintiffs' positions with respect to Apple's December 23 Motion. Given that the Special Master has now granted Apple's motion in relevant part (Interrogatory No. 26), Plaintiffs have no basis to oppose Apple's December 23 Motion to Compel. As a result, if Plaintiffs will stipulate to the relief requested by Apple's December 23 Motion to Compel, then Apple will agree to proceed with the hearing on Plaintiffs' motion only. However, if Plaintiffs still plan on opposing notwithstanding Order No. 3, then holding separate hearings on motions that were filed at the same time would be inefficient for both the parties and the Special Master.

Plaintiffs may of course file their opposition to Apple's December 23 Motion before the deadline, and Apple will agree to file its Reply within three business days.

Regards,
Nora

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, January 12, 2022 7:43 PM
**To:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Hearing on December 22 Motion to Compel

**EXTERNAL SENDER**

Counsel,

Masimo's December 22 Motion to Compel is now fully briefed. We write to request your availability for next week in the event that Judge Guilford chooses to hold a hearing. We can make any day next week work.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.