```
Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master
```

FILED
CLERK, U.S. DISTRICT COURT
2/24/22
CENTRAL DISTRICT OF CALIFORNIA
BY: ____LB____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279875)<br><br>**ORDER NO. 4 OF SPECIAL MASTER ON TWO DISCOVERY MOTIONS** |

This Discovery Order No. 4 of the Special Master addresses two pending discovery disputes.

First, on December 22, 2021, Masimo Corporation and Cercacor Laboratories, Inc. (together, "Masimo") moved to compel Apple to produce documents responsive to Masimo's Request for Production ("RFP") Nos. 377, 388–395, 413–416, 418, 420–421, 425, 480, 536–537, and 548–553. ("RFP Mot.") These RFPs generally request documents that relate in some fashion to former Masimo employees who were later interviewed by, hired by, and/or consulted for Apple. Masimo attaches an Appendix to the motion that lists these RFPs, including updated versions for certain ones that Masimo has agreed to narrow. On January 5, 2022 Apple filed an opposition to the motion ("RFP Opp'n"), and on January 12, 2022, Masimo filed a reply ("RFP Reply").

Second, on December 23, 2021, Apple moved to compel further responses to its Interrogatory Nos. 13, 17, and 28 and for Masimo to supplement its initial disclosure regarding computation of damages under Rule 26(a)(1)(A)(iii). ("ROG Mot.") Masimo timely opposed the motion on January 21, 2022 ("ROG Opp'n") and Apple filed a reply on January 28, 2022 ("ROG Reply").

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on February 4, 2022. Before the hearing, the parties were provided with a tentative R&R relating to the two disputes. The hearing was attended by eight representatives of the parties and Court Reporter Crystal Hereford.

As explained further in various sections of this Order, the Special Master rules as follows.

- Masimo's 12/22 RFP Motion is **DENIED**.
- Apple's 12/23 ROG Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 2 of this Order. Additional discovery responses required by the ruling on this motion shall be served within 28 days of final issuance of this Discovery Order No. 4.

1. **MASIMO'S DECEMBER 22, 2021 RFP MOTION**

As noted, Masimo attaches an Appendix to its motion that lists the disputed RFPs at issue, including some narrowed versions of those RFPs. Although Apple maintains its objections to producing documents in response to the disputed RFPs, Apple does not state an objection to the fact that Masimo submits narrowed versions of the RFPs with its motion. The Special Master has thus focused his review on those versions of the RFPs presented in the Appendix.

Most of the disputed RFPs seek categories of documents and things from ten specific individuals. These individuals include Marcelo Lamego and Michael O'Reilly. In its motion, Masimo otherwise argues that documents related to the other eight individuals – again, all former Masimo employees that were later interviewed by, hired by, and/or consulted for Apple – are relevant to this case. (*See* RFP Mot. at 2–3.) Masimo's three-page letter brief provides a short description of its position and attaches a compilation exhibit to support that position for each of the eight individuals.

2

Judge Early previously found that Masimo's RFPs requesting certain categories of documents and things from "former [Masimo] employees" were too broad. The parties dispute the record relating to Judge Early's decision, and Masimo asserts that by narrowing its request down to ten specific individuals, it has satisfied Judge Early's concerns. But Judge Early was consistent in commenting that the inquiry must still be "tied to the issues." (*See, e.g.*, RFP Opp'n, Ex. B (June 3, 2021 Hearing Tr.) at 60:12–13.) Apple does not appear to dispute that Lamego and O'Reilly may have information "tied to the issues" in this case, and indeed have produced extensive documents and things relating to these two individuals. Apple did not dispute a similar assertion made at the hearing, and Masimo did not contest that fact that efforts have been made to produce documents for these two individuals. For most of the remaining eight listed employees, Masimo essentially states that they are relevant because they worked in a similar field of technology at both Masimo and Apple. Some also discussed their experience at Masimo during their interviews with Apple.

Masimo's arguments for most of the eight employees are insufficient to tie them to the trade secret allegations in this case. The simple fact that an employee worked in the same field of technology at two companies is not enough. Moreover, as Apple notes, most of the individuals listed have not been named as ESI custodians, and are not alleged in this case to have themselves misappropriated Masimo's trade secrets. The apparent overbreadth and additional burden at this juncture of now searching for documents and things related to these individuals outweighs the potential benefits Masimo asserts in its briefs. Balancing proportionality considerations thus does not support compelling responses to the disputed RFPs listing ten former Masimo employees.

Although Masimo proposes that "if the Special Master disagrees on the relevance of any person, that person should be struck from the request," the Special Master declines to take this approach. (*See* RFP Reply at 2.) Masimo reiterated this argument at the hearing. It emphasized the relevance of two out of the eight listed former employees, and three out of the numerous disputed RFPs. The Special Master has generally followed Judge Early's approach in this case of "ruling on the requests in front of [him]." (*See, e.g.*, RFP Opp'n, Ex. B (June 3, 2021 Hearing Tr.) at 53:20.) As noted, Judge Early also previously considered RFPs regarding "former employees," and commented that "when you get to 19 [former employees] or even if you narrow it down to 14 [former

employees], I got to get into a balancing." (*Id.* at 66:1–4.) The Special Master finds the same balancing considerations are necessary at eight or ten employees, including for the three RFPs Masimo raised at the hearing, and moreover that it would be inappropriate to take Masimo's alternative proposed approach (*i.e.* striking former employees from the proposed RFPs) in the circumstances presented here.

Some of the disputed RFPs seeking Apple's unpublished patent applications are not limited to the list of ten former Masimo employees. RFP 536, for example, seeks "[a]ll unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques." The Special Master finds these requests are also overbroad and not proportional to the needs of this case at this time. Among other things, an Apple witness has declared under penalty of perjury that "there are no pending Apple patent applications listing Marcelo Lamego as an inventor that have not already published." (RFP Opp'n, Ex. A ¶ 3.) As Apple also notes, the allegations in the Fourth Amended Complaint relate to Lamego's and O'Reilly's time at Apple more than seven years ago. Masimo has not otherwise adequately stated a basis to support any speculation that Apple currently has unpublished patent applications that contain Masimo's alleged trade secrets. Again, proportionality does not support compelling responses to these RFPs. The Special Master has considered the arguments made during the hearing and finds they should not change the outcome.

Finally, RFP Nos. 420, 421, 425, and 480 seek Lamego's and O'Reilly's entire human resource file, as well as documents regarding compensation or a change of title for O'Reilly. The parties did not present arguments regarding these four RFPs at the hearing. Apple states that it has already produced some, but not all, of the HR file for Lamego and O'Reilly. Apple otherwise disputes the relevance of the remaining information sought. The Special Master again agrees with Apple and concludes that the information sought is overbroad and the RFPs are not supported by proportionality considerations. Masimo has not shown that the additional information sought is sufficiently tied to this case to warrant compelling responses to these RFPs. The Special Master finds that Judge Early's previous comments regarding a related dispute similarly support this outcome.

The Special Master accordingly **DENIES** Masimo's RFP Motion.

2. APPLE'S DECEMBER 23, 2021 ROG MOTION

<u>Masimo's Rule 26(a)(1)(A)(iii) Computation of Damages and Interrogatory No. 17</u>

Rule 26(a)(1)(A)(iii) requires the following as part of a parties' initial disclosures.

26(a)(1)(A)(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Interrogatory No. 17 in this case requests the following.

17. State in detail all factual and legal bases for Your contention that You are entitled to any relief in this case, including but not limited to, monetary damages and injunctive relief, including, without limitation, identifying and describing in detail all Documents and Communications relating to such contention and identifying all individuals having information about such contention. (ROG Mot., Ex. 6 at 5.)

Intellectual property damages have long been a focal point of scholarly discussion. As intellectual property litigants spend countless time and money preparing for an impending trial, the issue of damages often seems to be left for analysis and disclosure quite late in the game, to first be substantively discussed only at the expert discovery stage. As Masimo notes, this makes some sense given that intellectual property damages present complex issues. But what a case is worth should always be at the forefront of the client's mind, whether in an intellectual property case or any other. *See* Rule 26. Practically speaking, there are serious problems with the notion of waiting until significant resources have been spent before realizing that a case may not have been worth spending those resources in the first place (or realizing that a case was worth so much, it would have simply been a better business decision not to take risk and time in spending those resources). It's for these reasons and others that N.D. Cal. includes a provision for damages contentions in its patent local rules, and think-tanks like the Sedona Conference have a Patent Damages and Remedies Working Group that has published "Commentary on Case Management of Patent Damages and Remedies Issues." (*See* https://thesedonaconference.org/node/286 (last visited February 2, 2022) (The Sedona Conference has also met and written on issues relating to trade secret damages.).)

As Apple notes, Masimo has not provided any information yet about whether "this is a $1 case or a case worth billions." (ROG Reply at 1 (quotations and citation omitted).) At this stage in the proceedings, more information is required in Masimo's initial disclosures and in response to Interrogatory No. 17. The Special Master will not order the particulars that Apple demands at this time, but the Special Master has concerns that Masimo's compromise offers are not enough. N.D. Cal. Patent Local Rule 3-8 may provide some ideas for a potential middle ground that would be appropriate at this stage. The Special Master will be available to consider any further disputes relating to these items after Masimo has supplemented these responses.

The parties did not present oral argument on these two matters at the hearing. The Special Master accordingly **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's motion as it relates to compelling supplementation of Masimo's Rule 26(a)(1)(A)(iii) disclosure and response to Apple's Interrogatory No. 17.

<u>Interrogatory No. 13</u>

> 13.    For each alleged Trade Secret that You contend was misappropriated by Apple, identify and describe in detail how You were harmed by the alleged misappropriation. (ROG Mot., Ex. 3 at 41.)

The Special Master has reviewed Judge Early's February 17, 2021 ruling and his analysis regarding Masimo's response to Interrogatory No. 13. Judge Early states:

> Reviewing Plaintiffs' responses to Interrogatory No. 13, the Court finds that Plaintiff sufficiently answered this request. While Plaintiffs statement that "[d]iscovery in this matter has only recently begun . . . , and Plaintiffs are continuing to investigate the subject matter of this interrogatory" qualifies Plaintiffs' response, Plaintiffs still provided a substantive response and did not solely refer to information that is expected to be reveal in an expert report unlike the several cases Defendant cites in support of its position. *See* First Jt. Stip. At 67-68. Rather, Plaintiffs' responses offer "some understanding of the particular harms" they allegedly suffered because of Defendant's alleged misappropriation. First Jt. Stip. at 67 (quoting *AMEC Env't & Infrastructure, Inc.*, 2013 WL 3923459, at *5). Plaintiffs' responses are also not as threadbare as the interrogatory answer described in *Loop AI Labs Inc v. Gatti*, which "simply lists the categories of damages [the plaintiff] seeks . . . ." 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016).
>
> The First Motion is therefore denied as to Interrogatory No. 13.

(Dkt. No. 298 at 8 (also provided as: ROG Mot., Ex. 5).)

The Special Master agrees with Masimo's interpretation of Judge Early's ruling, and will not disturb this law of the case. Judge Early did not rely on the stage of the case in determining that Masimo's response to interrogatory No. 13 is sufficient.

Although Apple made strong arguments at the hearing, the Special Master must respect Judge Early's decision and the fact that any challenges to it should be brought before Judge Early in the form of a motion for reconsideration. But the Special Master also notes that he would expect some of the information sought by Apple under this interrogatory should also be properly provided in Masimo's supplemental initial disclosure for damages and supplemental response to Interrogatory No. 17.

The Special Master thus **DENIES** Apple's motion as it relates to Interrogatory No. 13.

**Interrogatory No. 28**

> 28. For each of the Apple Patents, the Apple Applications, and Trade Secrets, provide in table form, as set forth below, an identification of every product sold or offered for sale by You that practices, or has ever practiced, such Apple Patent, Apple Application, or Trade Secret, and explain the full basis for your assertion, including the functionality in each product that allegedly meets each element of each Apple Patent, Apple Application and/or Trade Secret, the identity of all documents that support your assertion, and the earliest date on which each product was first offered for sale and sold.
>
> [Chart provided, with a column listing "Apple Patent or Apple Application or Trade Secret[s]," and blank columns entitled "Plaintiff Product(s)," "Basis for Assertion," "Functionality," "Supporting Documents," and "Earliest Date Offered"]

(ROG Mot., Ex. 8.)

Regarding Interrogatory No. 28, the parties dispute whether Masimo (1) should be required to identify every product it has sold or offered for sale that practices an Apple Patent or Apple Application and (2) should be required to provide its response to the interrogatory in chart form.

Apple argues that this information

> is clearly relevant to damages and inventorship; Masimo's practice of patented, but non-trade secret, claim limitations in Apple's patents is relevant to the contribution of the alleged trade secrets to consumer demand and the valuation and 'apportionment of plaintiff's products' ([Discovery Order No. 3 at 11]), and the timing of Masimo's first use of Apple's patents is relevant to inventorship.

7

(ROG Reply at 3.) As to requesting a chart, Apple simply comments that Masimo has not explained why doing so would be unduly burdensome, beyond simply saying it is so. (*Id.*)

The Special Master has considered all of the arguments presented, and finds Apple's position on both issues unpersuasive. Proportionality, relevance, undue burden, and other considerations do not support compelling the additional information sought by Interrogatory No. 28.

The Special Master thus **DENIES** Apple's motion as it relates to Interrogatory No. 28.

**3.  CONCLUSION**

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order. The Special Master now rules as follows.

- Masimo's 12/22 RFP Motion is **DENIED**.
- Apple's 12/23 ROG Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 2 of this Order. Additional discovery responses required by the ruling on this motion shall be served within 28 days of final issuance of this Discovery Order No. 4.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated:  February 7, 2022

Hon. Andrew J. Guilford (Ret.)
Special Master

**JUDICATE WEST**
Alternative Dispute Resolution

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

*Results Beyond Dispute*℠            www.judicatewest.com

## PROOF OF SERVICE

**Masimo Corporation, et al. vs. Apple, Inc.**
**A279845**

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On February 7, 2022, I served the foregoing documents, described as:

**ORDER NO. 4 OF SPECIAL MASTER ON TWO DISCOVERY MOTIONS**

to the following parties:

**SEE ATTACHED MAILING LIST**

(X) **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (email) to the parties as listed on this Proof of Service

( ) **BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

( ) **BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

( ) **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

( ) **BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

( ) **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 7, 2022**, at Santa Ana, California.

Heidi Adams_____
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1 113 • Fax (213) 223-1 114
Sacramento Office • 980 9 TH Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Monday, February 7, 2022

**JW Case #: A279845**

*Case Caption: Masimo Corporation, et al. vs. Apple, Inc.*

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Ryan J. Moran, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: rmoran@apple.com
Representing Apple, Inc.

Natalie Pous, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: npous@apple.com
Representing Apple, Inc.

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.

Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.

Joshua H. Lerner, Esq.
Gibson, Dunn & Crutcher, LLP
555 Mission St.
Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200   Fax: (415) 393-8306
Email: jlerner@gibsondunn.com
Representing Apple, Inc.

Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.

H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Gibson, Dunn & Crutcher, LLP
3161 Michelson Dr.
Irvine, CA 92612
Phone: (949) 451-3800   Fax: (949) 451-4220
Email: kparker@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.


Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.


Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.


Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.


Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495