UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | February 17, 2022 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Apple's Motion for Partial Summary Judgment**

Before the Court is a motion for partial summary judgment filed by Defendant Apple Inc. Apple seek summary judgment on Plaintiffs Masimo Corporation and Cercacor Laboratories Inc.'s thirteenth cause of action for trade secret misappropriation. In the alternative, Apple seeks to bifurcate trial on the underlying statue of limitations issue. See Motion, ECF Nos. 522, 524 (sealed); see also Statement of Uncontroverted Facts ("SUF"), ECF Nos. 522-2, 524-1 (sealed). Plaintiffs filed an opposition. See Opp., ECF Nos. 540, 556 (sealed); see also Statement of Genuine Disputes ("SGD"), ECF Nos. 540-1, 556-1 (sealed). Apple filed a Reply. See Reply, ECF Nos. 562, 560-1 (sealed); see also Reply to SGD, ECF Nos. 562-1, 560-2 (sealed).

On February 3, 2022, the Court vacated the February 7, 2022, hearing and issued a sealed Tentative ruling to the parties. Upon receipt of the Tentative, Apple filed a request for hearing. The Court ordered a response and Plaintiffs responded. See ECF Nos. 595, 596, 598.

After considering the arguments presented in the principal briefing as well as the request for hearing-related briefing, the Court concludes that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Therefore, the Court **DENIES** the request for hearing.

For the following reasons, the Court **DENIES** the motion.

# I. Background

In this action, Plaintiffs bring claims against Apple for patent infringement and theft of trade secrets relating to non-invasive patient-monitoring technology. After Apple met with Masimo in 2013, Masimo employees Michael O'Reilly (Chief Medical Officer) and Marcelo Lamego (Chief Technical Officer) left to work for Apple. Plaintiffs assert that, while employed at Apple, Lamego assisted with patent applications directed toward similar technologies based on Plaintiffs' confidential information. In their Thirteenth Cause of action, Plaintiffs allege theft of trade secrets under California's Uniform Trade Secrets Act ("CUTSA"). Plaintiffs maintain that they had no reason to suspect theft of this information until they discovered patent applications containing the information (January 2017) and learned that Apple would release certain new products (announced in 2018). This is especially true, Plaintiffs suggest, because Plaintiffs notified Apple, in January 2014, that Lamego possessed confidential information and Apple never advised Plaintiffs that Lamego had revealed any such information. Apple now moves for summary judgment on this claim, arguing that it was filed well after the three-year statute of limitations for a CUTSA claim began to run.

# II. Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the non-movant,[1] shows "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[2]; see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1373 (Fed. Cir. 2005). The moving party bears the initial burden to demonstrate an absence of a genuine issue of material fact. Id.; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). If, and only if, the moving party meets its burden, then the non-moving party must produce specific evidence to rebut the moving party's claim and create a genuine dispute of material fact. MEMC, 420 F.3d at 1373; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If the non-moving party meets this burden, then the motion will be denied. See generally Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1360 (Fed. Cir. 2001). Where the parties have made cross-motions for summary

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[2] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

judgment, each motion "must be independently assessed on its own merit." <u>California v. United States</u>, 271 F.3d 1377, 1380 (Fed. Cir. 2001).

### III. DISCUSSION

#### A. *Trade Secret Misappropriation Claim*

##### 1. <u>Legal Framework</u>

Under the CUTSA, "[a]n action for [trade secret] misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6. "Under the 'discovery rule,' the statute of limitations begins to run when a plaintiff discovers, or has reason to discover, the cause of action." <u>See</u> <u>Klang v. Pflueger</u>, 2014 WL 4922401, at *6 (C.D. Cal. July 10, 2014) (Selna, J.). "[W]hen there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit), the limitations period begins, even though the plaintiff has not conducted such an investigation." <u>Hays v. VDF Futureceuticals, Inc.</u>, 2016 WL 5660395, at *3 (D. Haw. Sept. 28, 2016) (internal citation and quotation marks removed).

##### 2. <u>Relevant Procedural History</u>

Earlier in this litigation, Apple moved to dismiss Plaintiffs' trade secret claim, arguing that it was time-barred because it was filed more than three years after Plaintiffs "'discovered or by the exercise of reasonable diligence should have discovered'" Apple's purported misappropriation. <u>See</u> ECF No. 38 at 6-14 (quoting Cal. Civ. Code § 3426.6). Apple theorized that Masimo's January 2014 letter to Apple concerning Lamego's impending employment, and the March 2016 PTO publication of an Apple patent application, Pub. No. 2016/0061726 (the "'726 publication") in the same field of healthcare technology, put Plaintiffs on notice of the purported misappropriation.

The Court ruled that the January 2014 letter did not trigger the statute of limitations period.  Even though "this letter certainly suggest[ed] that Plaintiffs had a suspicion Lamego would be in a position to compete with his former employer by drawing upon Plaintiffs' trade secrets, he had not yet begun his employment" at Apple. MTD Order, ECF No. 60 at 6. "Thus, Plaintiffs would not have reason to suspect that a trade secret had already been misappropriated, as is required." <u>Id.</u>

The Court ruled that the '726 publication, which was in the same field but not alleged to contain confidential information, did not trigger the statute of limitations period either because, construing the allegations in the complaint as true, "Plaintiffs 'had no way of knowing, or learning, of [Apple's] improper acquisition, use, or disclosure prior to January 10, 2017,'" because Apple had "requested[ed] non-publication of [the]

various patent applications containing Plaintiffs' trade secrets," and no confidential information was published in any patent application until after January 10, 2017. Id. at 6 (quoting FAC ¶¶ 219-220). Thus, the Court concluded that it was "not apparent" based on these allegations "that the claim is time-barred," so "the CUTSA statute of limitations [was] not a ground upon which to grant Apple's motion [to dismiss]." Id.

###   3.   Summary of Contentions

In its motion for partial summary judgment, Apple renews the arguments presented it its earlier motion to dismiss. Specifically, Apple argues that Plaintiffs had at least constructive notice of this claim by October 2016 at the latest. Mot. at 8. This is because, Apple contends, Plaintiffs had the following "actionable suspicions" more than three years before bringing the claim:

- Before Lamego even started working for Apple, Plaintiffs concluded that any work he did with Apple would "necessarily" implicate their confidential information, and Plaintiffs would assume that Apple was trying to access their trade secrets if Apple allowed Lamego or O'Reilly to work on "mobile health device[] projects." (January 2014 letter)

- Lamego and O'Reilly's involvement in developing Apple's healthcare technology was publicly known. (2014 articles, March 2016 patent publication)

- ████████████████████████████████████████████████

Apple contends that these circumstances "establish what this Court found missing in its prior ruling—i.e., that Plaintiffs 'had a reason to suspect that a trade secret had already been misappropriated' prior to January 2017." Mot. at 12 (quoting MTD Order at 6).

Plaintiffs respond that the Court should deny the motion because they had insufficient reason to believe misappropriation had actually occurred before 2017; and a reasonable investigation in 2014 or 2016 would not have revealed a sufficient factual basis to bring this claim. Opp. at 1.[3] As to the 2014 letter to Apple, when Lamego left for Apple, he assured Plaintiffs he would not share trade secrets. Id. at 4. Further, Masimo provided Lamego's employment agreement (containing confidentiality provisions) to Apple so Apple would understand the need to avoid obtaining confidential information. Id. ████████

---

[3]   Plaintiffs suggest this motion is also premature because Apple raised the issue two business days after Apple produced 1.4 million pages of discovery and before any substantive depositions have occurred. Id. at 9. But Plaintiffs do not develop this argument as a potential basis for denying the motion.

[REDACTED] Id. Further, Plaintiffs argue that, "[f]or years, Apple took steps to prevent Masimo from learning it had misappropriated trade secrets." Id. at 6. For example, Apple selectively requested that the PTO refrain from publishing patent applications containing Masimo-confidential information, so Plaintiffs did not learn of them until 2017. Id. Conversely, Apple did not seek to delay publication of applications containing no trade secrets. Id. Further, Apple did not go public with information concerning its health initiative until 2017 and 2018. Id. at 6-7.

Turning to the public articles, Plaintiffs argue that Apple has not shown that Plaintiffs were on notice about "ResearchKit" or whether Lamego and/or O'Reilly were involved. Id. at 13. Further, Plaintiffs argue that the mere fact of O'Reilly meeting with the FDA would not put them on notice of trade secret misappropriation. Id. at 14. Plaintiffs also argue that the generic information published in the '726 publication, which did not contain trade secrets, likewise did not place them on notice. Id. at 15. Although Plaintiffs acknowledge that Lamego and O'Reilly had access to trade secrets, Masimo still hoped Apple was not expanding into this area. Id. at 16. As to Plaintiffs' communications with Lamego, Plaintiffs argue that, at best, they create a factual dispute over whether Plaintiffs' should have reasonably believed misappropriation occurred. Id. at 17-18.

4. Analysis

The Court concludes that Apple's motion must be denied because disputed issues of material fact persist regarding *when* Plaintiffs discovered or had reason to discover that a trade secret had been misappropriated. See Cal. Civ. Code § 3426.6. Specifically, Plaintiffs have raised material factual disputes concerning whether they had reason to suspect misappropriation had occurred more than three years before filing suit, or that they could have learned sufficient facts to justify filing suit then. See Hays, 2016 WL 5660395 at *3; see also MTD Order at 5. Plaintiffs rely on publication of once-secret patent applications and Apple's first accused-product release to establish constructive notice of misappropriation. The competing constructive-notice evidence raises disputed issues of material fact and does not establish as a matter of law that the statute of limitations and discovery rule bar Plaintiffs' claim.

*First*, Apple does not dispute the nonpublication requests and eventual publication dates of the relevant accused patent applications. Nor could it, as this is a matter of public record. See Powell Decl., ECF No. 541-1 at 76-81, Ex. R (U.S. Patent Nos. 9,723, 997 (August 8, 2017), 9,952,095 (April 24, 2018), 10,219,754 (March 5, 2019)). Likewise, Apple does not dispute when it first publicly released the accused Apple Watch Series 4 (*i.e.*, September 12, 2018). See Answer, ECF No. 370 at ¶ 25. Plaintiffs rely on these

materials to establish their claimed earliest constructive notice date. See also ECF No. 556-3 ████████████████████████████████████████████

*Second*, the 2014 letter from Masimo to Apple raised by Apple, which written *before* Lamego began working at Apple and around the time he assured Masimo that he would honor its confidential information, remains insufficient to raise a statute of limitations bar or preclude the discovery rule for the reasons stated in the MTD Order. See SDF #4-#10. ████████████████ To the extent Apple contends it was unreasonable for Plaintiffs to believe Lamego's assurances, that is a question of fact.

*Third*, the articles raised by Apple show speculation and hope for no misappropriation. See, e.g., SDF #26-#28. Further, a competitor working on competing technology such as pulse oximetry is not enough for a prospective trade secret plaintiff to conclude that they only way the competitor could possibly be working on that technology is through misappropriating trade secretes. Similarly, the '926 publication in an overlapping area does not give rise to constructive notice. To the extent Apple contends it was unreasonable for Plaintiffs to continue to believe, given the articles and patent publication, that Apple was not purportedly misappropriating trade secrets, this is a question of fact.

*Fourth*, although ████████████████████████████████████ ████████████ the Court cannot conclude as a matter of law that the statute of limitations bar applies and the discovery rule timing presented by Plaintiffs does not apply. See, e.g., SDF #32-#37. At a minimum, Plaintiffs have raised disputed issues of fact concerning whether the correspondence should have reasonably led Plaintiffs to conclude that Lamego and/or O'Reilly had defied their agreements with Masimo and ignored Masimo's warnings about protecting the trade secrets, and in so concluding, affirmatively ignore the former employees' assurances to the contrary.

Regarding the proper legal framework, Apple relies heavily on the assertion that "a suspicion of wrongdoing" is sufficient to start the statute of limitations clock. See Mot. at 1, 8-9, 11; Reply at 4-5. The "suspicion of wrongdoing" language comes from Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 751 P.2d 923 (Cal. 1988), a personal injury suit brought by a plaintiff who suffered cancer as a result of an anti-miscarriage drug her mother took while the plaintiff was in utero. The plaintiff learned in 1972 that a mother's use of the drug caused injuries in utero, but the plaintiff did not bring suit until 1980. In that context, the California Supreme Court explained, "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." Id. at 1110. The court observed that the plaintiff *knew* she was injured, and once she suspected the injuries were someone's fault (i.e., the cancer was *caused* by the drug manufacturer as opposed to

natural causes), she could not sleep on her rights. That is, "[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." Id. at 1111.

Thus, Eli Lilly stands for the proposition that an injured plaintiff who suspects someone is responsible for her injury must act on that suspicion. But Apple overlooks a critical distinction between the plaintiff in Eli Lilly and the Plaintiffs here. There, the plaintiff knew she had suffered injury, so it was up to her to seek redress against the cause of that injury. Here, Plaintiffs argue that they did not learn until 2017 that their trade secrets had been misappropriated, see ECF No. 541-1 at 76-81 (Ex. R), requiring them to seek redress against the cause of their injury in a timely manner.

Viewing the facts in the light most favorable to Plaintiffs, a jury could conclude that before 2017 they knew only that former employees had their trade secrets; but a suspicion that such information theoretically *could* be shared provides an insufficient basis for filing a trade secret misappropriation claim. See Cypress Semiconductor Corp. v. Superior Ct., 163 Cal. App. 4th 575, 587, 77 Cal. Rptr. 3d 685, 694 (Cal. App. 2008) ("As we have explained above, the misappropriation that triggers the running of the statute is that which the plaintiff suspects [based on facts], *not that which may or may not actually exist*.") (emphasis added). This is true for the additional reason that a mere suspicion that misappropriation may or may not have occurred provides an insufficient basis under Rule 11 to file suit. See, e.g., Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 815 (Cal. 2005) (cautioning would-be plaintiff concerning possibility of "sanctions for filing a cause of action without any factual support").  Although definitive knowledge is not required, absent actual injury, being suspicious of circumstances and watching for signs of misappropriation (or lack thereof) does not provide such a basis.

Under California law, "The question when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion." Ovando v. Cty. of Los Angeles, 159 Cal. App. 4th 42, 71 Cal. Rptr. 3d 415, 429 (Cal. App. 2008). Because the evidence presented supports competing views, this question of fact must be resolved by a jury.

Accordingly, the Court denies the motion.

### B.   *Bifurcation of Statute of Limitations Defense*

Under Federal Rule of Civil Procedure 42(b), the Court may exercise its discretion to bifurcate a trial on separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize [the proceedings]." Fed. R. Civ. P. 42(b).

Apple argues that its statute of limitations defense to Plaintiff's CUTSA claim "'is a prime candidate for a limited trial under Rule 42(b),' both because 'the issues may

overlap very little with the merits of the case and because the potential savings are greatest when a case is put to death at an early stage.'" Mot. at 14 (quoting Grisham v. Philip Morris, Inc., No. CV 02-7930 SVW RCX, 2009 WL 9102320, at *4 (C.D. Cal. Dec. 3, 2009)). Apple believes resolution of the statute of limitations issue will likely dispose of Plaintiffs' misappropriation claim, and therefore bifurcation is desirable. Id. Further, Apple argues that bifurcation will promote judicial economy and convenience while minimizing prejudice. Id. at 14-16. Without bifurcation, Apple predicts that it will be prejudiced by "having to present two, somewhat conflicting cases to the jury—arguing that Plaintiffs knew or should have known of Apple's (purported) misappropriation, while at the same time contending that Plaintiffs' have not met their burden to show there was misappropriation to begin with." Id. at 16.

Plaintiffs respond that bifurcation is unwarranted because, even if Apple succeeds on one of its fourteen defenses, it would resolve only one of Plaintiffs' twenty-six claims. Opp. at 2.  And Plaintiffs contend that the same evidence presented on the bifurcated defense would have to be presented again as to other claims and defenses. Id.; see also id. at 21-23.

The Court declines to exercise its discretion to bifurcate the statute of limitations issue. The Court concludes that the issues are sufficiently overlapping that bifurcation would not result in judicial or party efficiency. Moreover, the Court finds Apple's prejudice concerns unwarranted.  Affirmative defenses often require a defendant to present two separate theories, and the Court sees no reason any supposed inconsistency cannot be ameliorated through targeted questions on the verdict form and/or in limine guidance (e.g., concerning appropriate restrictions on referencing certain litigation positions taken by Apple in this case).

Accordingly, the Court denies Apple's alternative request for bifurcation.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion and request for hearing.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |