Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 4**<br><br>Date:  March 29, 2022<br>Time:  1:30 p.m.<br>Ctrm:  10C |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION ...................................................................1

II.  BACKGROUND ...................................................................2

    A.  Apple Served Two Largely Duplicative Interrogatories ....................2

    B.  Apple Filed Separate Motions to Compel ...........................................3

        1.  Apple's Motion On Interrogatory No. 26 ..................................3

        2.  Apple's Motion On Interrogatory No. 28 ..................................4

    C.  Apple's Present Objections ..................................................6

III.  LEGAL STANDARD ...........................................................6

IV.  ARGUMENT...........................................................................8

    A.  The Court Should Overrule Apple's Objections Because Apple Raises New Arguments And Identifies No Errors In Order No. 4 ..........8

    B.  Apple's Arguments Are Improper and Lack Merit...........................9

        1.  Masimo Should Not Be Required To Separately Identify When Masimo First Offered Its Products For Sale ...................9

        2.  Masimo Identified the Functionality In Its Products That Incorporate The Asserted Trade Secrets..................................11

V.  CONCLUSION ......................................................................13

1

## TABLE OF AUTHORITIES

2

**Page No(s).**

3

4

*ActiveRain Corp. v. Move, Inc.*,
5
    2008 WL 11337643 (C.D. Cal. Dec. 16, 2008) ................................................10

*Arconic Inc. v. Universal Alloy Corp.*,
6
    2020 WL 10486178 (N.D. Ga. Mar. 30, 2020)................................................7, 9

7

*Attia v. Google LLC*,
8
    2018 WL 4202151 (N.D. Cal. Sept. 4, 2018) ...................................................10

9

*Cobell v. Jewell*,
    2016 WL 10703799 (D.D.C. Oct. 11, 2016) ...................................................7, 8

10

*Commissariat a l'Energie Atomique v. Samsung Elecs. Co.*,
11
    245 F.R.D. 177 (D. Del. 2007)........................................................................7, 9

12

*Convolve, Inc. v. Compaq Computer Corp.*,
    2004 WL 1944834 (S.D.N.Y. Sept. 1, 2004)...................................................7, 9
13

*Dura Glob. Techs., Inc. v. Magna Donnelly, Corp.*,
14
    2007 WL 4303294 (E.D. Mich. Dec. 6, 2007) .................................................10

15

*Kaplan v. Hezbollah*,
    213 F. Supp. 3d 27 (D.D.C. 2016) ..................................................................7, 9
16

17

*LivePerson, Inc. v. [24]7.ai, Inc.*,
    2019 WL 3254226 (N.D. Cal. July 19, 2019)...................................................10

18

*Mattel, Inc. v. MGA Ent., Inc.*,
19
    2011 WL 836418 (C.D. Cal. Mar. 4, 2011).......................................................10

20

*MSC Software Corp. v. Altair Eng'g, Inc.*,
    2015 WL 13273227 (E.D. Mich. Nov. 9, 2015)...........................................9, 10
21

*Nilssen v. Motorola, Inc.*,
22
    2002 WL 206007 (N.D. Ill. Feb. 8, 2002) .........................................................7

23

*Phase Four Indus., Inc. v. Marathon Coach, Inc.*,
    2006 WL 1465313 (N.D. Cal. May 24, 2006)............................................10, 11
24

25

*Radware, Ltd. v. F5 Networks, Inc.*,
    147 F. Supp. 3d 974 (N.D. Cal. 2015)...............................................................10

26

*Won v. England*,
27
    2010 WL 597113 (D. Haw. Feb. 18, 2010) .....................................................7, 9

28

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*World Triathalon Corp. v. Dunbar*,
   539 F. Supp. 2d 1270 (D. Haw. 2008), *aff'd in part, appeal dismissed
   in part sub nom. World Triathlon Corp. v. Hapai*, 320 F. App'x 778
   (9th Cir. 2009) ...........................................................................................7, 8

*World Triathlon Corp. v. Hapai*,
   320 F. App'x 778 (9th Cir. 2009)....................................................................7

*Yoe v. Crescent Sock Co.*,
   2017 WL 11479993 (E.D. Tenn. Mar. 24, 2017)............................................10

# OTHER AUTHORITIES

Fed. R. Civ. P. 53(f)...........................................................................................6

# I.  **INTRODUCTION**

Apple's Objection seeks to compel production of information than it did ***not*** seek from the Special Master.  In fact, Apple's Objection barely even mentions the order to which it nominally objects (Order No. 4).  Apple first moved to compel on Interrogatory No. 26.  While that motion was pending, Apple filed a second motion on Interrogatory No. 28, which sought largely duplicative information.  When the Special Master ruled on the appropriate scope of Interrogatory No. 26, Apple narrowed the second motion to seek only two categories of "different information" at issue in Interrogatory No. 28 but not Interrogatory No. 26.  In particular, Apple's second motion sought: (1) information about Masimo products that practice an Apple patent or patent application; and (2) for Masimo to provide its responses "in chart form."  The Special Master's Order No. 4 denied both requests.  Apple objects to Order No. 4.

Instead of addressing Order No. 4, however, Apple asks this Court to compel Masimo to provide information that differs from the information it sought from the Special Master.  In particular, Apple now seeks information regarding "when" each product incorporating any alleged trade secret was sold.  Apple also briefly requests additional information regarding the functionality within each Masimo product that incorporates the trade secrets.  Courts throughout the country uniformly refuse to consider such new arguments that were not before the Special Master because it would subvert the entire purpose of referring matters under Rule 53.  Accordingly, this Court should overrule Apple's Objections because they seek different relief and present new arguments than what Apple presented to the Special Master.  Indeed, Apple identifies no error in Order No. 4, which did not even address the relief Apple now seeks.

Apple's arguments are also improper and meritless.  Masimo already provided discovery showing "when" Masimo sold various products incorporating Masimo's trade secrets by producing detailed sales data.  Apple does not even assert, much less explain why, Apple is unable to ascertain the requested information from those documents.  Moreover, Apple previously sought to compel production of the same information in the

context of duplicative Interrogatory No. 26.  The Special Master denied that aspect of Apple's request in Order No. 3.  Apple did *not* object to that determination and should not be permitted to renew waived objections here.

Masimo also provided extensive information about the functionality within each product that incorporates Masimo's trade secrets pursuant to the Special Master's Order No. 3.  To the extent Apple argues Masimo's supplement was insufficient, that issue is currently being discussed by the parties, has not been presented to the Special Master, and is not ripe for resolution by this Court.  Masimo respectfully requests the Court overrule Apple's Objections to Order No. 4.

## II.  BACKGROUND

**A.    Apple Served Two Largely Duplicative Interrogatories**

Apple served two largely duplicative interrogatives: Nos. 26 and 28.  Both sought information regarding Masimo's incorporation of the asserted trade secrets into Masimo's products.  The full text of each Interrogatory is set forth below.

26. For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You have used, are using, or plan to use the alleged Trade Secret, including the identity of every product, strategy, or plan that allegedly incorporates each alleged Trade Secret, the functionality that allegedly incorporates each alleged Trade Secret, when each alleged Trade Secret was incorporated into every product, strategy, or plan, and when each alleged Trade Secret ceased being incorporated into every product, strategy, or plan.

28. For each of the Apple Patents, the Apple Applications, and Trade Secrets, provide in table form, as set forth below, an identification of every product sold or offered for sale by You that practices, or has ever practiced, such Apple Patent, Apple Application, or Trade Secret, and explain the full basis for your assertion, including the functionality in each product that allegedly meets each element of each Apple Patent, Apple Application and/or Trade Secret, the identity of all documents that support your assertion, and the earliest date on which each product was first offered for sale and sold.

/ / /

-2-

Ex. 2 at 58; Ex. 8 at 9-10.[1]

As shown below, the interrogatories seek common categories of information.

| Interrogatory No. 26 | Interrogatory No. 28 |
| --- | --- |
| "the identity of every product, strategy, or plan that allegedly incorporates each alleged Trade Secret" | "an identification of every product sold or offered for sale by You that practices, or has ever practiced, such … Trade Secret" |
| "the functionality that allegedly incorporates each alleged Trade Secret" | "the functionality in each product that allegedly meets each element of each … Trade Secret" |
| "when each alleged Trade Secret was incorporated into every product" | "the earliest date on which each product was first offered for sale and sold" |

Ex. 2 at 58; Ex. 8 at 9-10.  Interrogatory No. 28 differs from No. 26 in that it (1) asked Masimo to provide the information in table form and (2) sought information about the disputed Apple patents. *See id.*  Neither is at issue here. *See* Br. At 2, n.1 (Apple stating patent information is not at issue); *id. passim* (Apple failing to mention the request for information in table or chart form).

**B.    Apple Filed Separate Motions to Compel**

Apple brought separate Motions to compel further responses to Interrogatory Nos. 26 and 28.  Apple first moved on Interrogatory No. 26 (Ex. 3) and then moved on Interrogatory No. 28 (Ex. 4) while its first motion was pending.

**1.    Apple's Motion On Interrogatory No. 26**

Masimo's responses to Interrogatory No. 26 provided detailed information for each category of trade secrets (Ex. 2 at 56-70), but Apple asserted more detail was required.  On January 13, 2022, the Special Master found "Masimo has adequately

---

[1] Unless noted otherwise, numbered exhibits are attached to the Declaration of Brian Andrea (Dkt. 613-2; Dkt. 614-2) and lettered exhibits are attached to the Declaration of Adam B. Powell (submitted herewith).  All emphasis is added unless noted otherwise.

responded to this request in many ways." Ex. A at 11. The Special Master ordered Masimo to provide a limited supplement and "disclose to Apple the functionality (e.g., software algorithm) itself that actually tracks each technical trade secret, and which products the functionality is actually present in." *Id.* The Special Master denied Apple's request for "when each alleged Trade Secret was incorporated into every product, strategy, or plan, and when each alleged Trade Secret ceased being incorporated into every product, strategy, or plan." *See* Ex. A at 10-11. Apple never objected to this order and Apple's deadline to object passed on January 27, 2022. *See* Dkt. 470 ¶ 13.

On February 10, 2022, Masimo supplemented Interrogatory No. 26. Ex. 2 at 70-75. Masimo identified the products that practice each technical trade secret and the relevant functionality within each product. *Id.* To the extent Apple seeks further supplementation of Interrogatory No. 26, such issues are not before the Court.

### 2. <u>Apple's Motion On Interrogatory No. 28</u>

Masimo's responses to Interrogatory No. 28 also provided detailed information and incorporated by reference Masimo's response to Interrogatory No. 26. Ex. 1 at 6-11.[2] Despite the significant overlap, Apple moved to compel on Interrogatory No. 28 while its motion on Interrogatory No. 26 was pending. Ex. 4. Apple's second motion originally focused on why Masimo should provide the same information that was at issue in Interrogatory No. 26. *Id.* at 5 (arguing "Plaintiffs' response to Interrogatory No. 26 is itself deficient and is subject to Apple's November 29, 2021 motion to compel"). Indeed, Apple repeatedly acknowledged the significant overlap in these two interrogatories. *See e.g.*, Br. at 3, n.2; Ex. 5 at 3; Ex. 11 at 3, n.2.

After the Special Master ruled on Interrogatory No. 26, Masimo offered to supplement its response to Interrogatory No. 28 to include the information the Special Master required with respect to Interrogatory No. 26. *See* Ex. 11 at 2; Ex. 12. Apple asserted that was not sufficient, arguing it was also entitled to (1) "information related

---

[2] The parties agreed they may respond to interrogatories by incorporating other documents by reference. Ex. D at 5.

to the Apple patents and patent applications" and (2) "the requested information to be provided in chart form." Ex. 11 at 1. Masimo's opposition explained these intervening facts and focused on the two categories of information Apple said were still at issue regarding Interrogatory No. 28. Ex. 10 at 5. Apple's reply also focused solely on those two categories of information. Ex. 5 at 3. Apple acknowledged that, in Order No. 3 regarding Interrogatory No. 26, "the Special Master has now ordered Plaintiffs to produce the bulk of what was requested under Interrogatory No. 28." *Id.* Apple's then devoted its entire argument on reply to its request for information regarding the patents and seeking information in table or chart form. *Id.*

The Special Master acknowledged Apple narrowed its motion and issued a tentative order that characterized the remaining dispute as whether Masimo "(1) should be required to identify every product it has sold or offered for sale that practices an Apple Patent or Apple Application and (2) should be required to provide its response to the interrogatory in chart form." Ex. B at 6:24-26. The tentative order characterized Apple as arguing "this information" is relevant to damages, and quoted Apple's arguments from its Reply asserting that Masimo's practice of "non-trade secret, claim limitations in Apple's patents" is allegedly relevant to damages. *Id.* at 6:27-7:3. The tentative order observed that, "[a]s to requesting a chart, Apple simply comments that Masimo has not explained why doing so would be unduly burdensome, beyond simply saying it is so." *Id.* at 7:4-5. The tentative order did not offer a tentative ruling and instead stated, "[t]he Special Master looks forward to discussing this dispute with the parties at the hearing, including given the fact that Apple's arguments on these two issues were not clearly developed or presented until its reply brief." *Id.* at 7:6-8

At the hearing, Apple did not dispute the tentative order's characterization of the dispute or Apple's arguments. Rather, Apple explained its argument "really focuses on the request for a chart" and reiterated "the focus is on the categorization that is requested in the chart[.]" Ex. C at 57:21-58:8; *id.* at 58:18-24. Apple also made arguments regarding the disputed patents, and concluded by saying:

And so that is really *the focus of Interrogatory Number 28*, which kind of developed organically because Your Honor's previous rule -- previous ruling [in Order No. 3] *is on the specificity required by the chart* and the remaining, I guess, what I'd call the tail issue of the applications and the patent language."

*Id.* at 60:13-18.

On February 7, 2022, the Special Master denied Apple's motion to compel the two pieces of different information sought in Interrogatory No. 28.  Ex. 6.  Order No. 4 incorporated the language from the tentative to which Apple had not objected and recognized the parties narrowed the dispute to "whether Masimo (1) should be required to identify every product it has sold or offered for sale that practices *an Apple Patent or Apple Application* and (2) should be required to provide its response to the interrogatory *in chart form*."  Ex. 6 at 7.  Order No. 4 repeated the same language from the tentative about Apple's arguments, which Apple had not disputed during the hearing, and found Apple's arguments on *both* issues "unpersuasive."  *Id.* at 7-8.  Order No. 4 explained that "[p]roportionality, relevance, undue burden, and other considerations do not support compelling *the additional information* sought by Interrogatory No. 28."  *Id.* at 8.

### C.    Apple's Present Objections

Apple's Objections identify no errors in Order No. 4 and do not seek to compel either of the two pieces of "different information" that Apple sought from the Special Master.  As to the first piece, Apple expressly states it is *not* seeking information on "each Apple patent and patent application."  *See* Br. at 2, n.1.  Apple's Objections never mention the second piece, the previously requested chart, which Apple repeatedly characterized at the hearing as the "focus" of its motion regarding Interrogatory No. 28.  *See id.*, *passim*.  Thus, Apple identifies no error regarding that issue.  Instead, Apple makes new arguments that were *not* before the Special Master.

### III.  LEGAL STANDARD

The Court reviews objections to the Special Master's findings of fact and conclusions of law de novo.  Fed. R. Civ. P. 53(f).

-6-

District courts consistently "decline[] to consider arguments raised for the first time in objections to, or 'appeals' from, the Special Master's reports and recommendations, rather than before the Claims Administrator or the Special Master." *Cobell v. Jewell*, 2016 WL 10703799, at *5 (D.D.C. Oct. 11, 2016); *World Triathalon Corp. v. Dunbar*, 539 F. Supp. 2d 1270, 1278, n.13 (D. Haw. 2008) ("Defendants cannot raise entirely new arguments for the first time on an objection to a Special Master's Report."), *aff'd in part, appeal dismissed in part sub nom. World Triathlon Corp. v. Hapai*, 320 F. App'x 778 (9th Cir. 2009); *Arconic Inc. v. Universal Alloy Corp.*, 2020 WL 10486178, at *4 (N.D. Ga. Mar. 30, 2020) ("those arguments were not raised before the Special Master and the Court need not consider them now"); *Convolve, Inc. v. Compaq Computer Corp.,* 2004 WL 1944834, at *1 (S.D.N.Y. Sept. 1, 2004) ("The new arguments now advanced by Convolve come too late because they could have been raised to the Special Master but were not."); *Nilssen v. Motorola, Inc.,* 2002 WL 206007, at *11 (N.D. Ill. Feb. 8, 2002) ("The proper time for Nilssen to assert arguments and allegations in opposition to Motorola's Motion for Summary Judgment was in his response to Motorola's motion, not during his objections to the findings of the Special Master, long after the motions have been fully briefed and filed."); *Won v. England*, 2010 WL 597113, at *2 (D. Haw. Feb. 18, 2010) ("the court will not entertain arguments that FCU failed to make before the special master").

Accordingly, when objecting to a Special Master's order, a party should ***not*** raise new arguments or supplement the record. *See Kaplan v. Hezbollah*, 213 F. Supp. 3d 27, 42-44 (D.D.C. 2016) (explaining the "consequences of allowing a party to supplement the record while on appeal before the district court are not insignificant.").  Considering new arguments "frustrates all of the 'systemic efficiencies' inherent in the Special Master's appointment" and would render the Special master proceedings "wholly redundant."  *Id*; *Cobell*, 2016 WL 10703799, at *5 ("Claimants raising entirely new arguments in their objections undermine the purpose of the Special Master."); *see also Commissariat a l'Energie Atomique v. Samsung Elecs. Co.*, 245 F.R.D. 177, 180 (D.

-7-

1  Del. 2007) ("In other words, the purpose of Rule 53 is allow the court to be more
2  responsive to counsel and litigants and to improve its efficiency. It is not intended to be
3  used to embark in serial 'minitrials' on discovery issues.").

## IV.  ARGUMENT

A.  **The Court Should Overrule Apple's Objections Because Apple Raises New Arguments And Identifies No Errors In Order No. 4**

Unlike typical objections to a special master's order, Apple's Objections barely even mention the order at issue (Special Master's Order No. 4).  Indeed, the first half of Apple's brief does not even mention the Order to which Apple supposedly objects.  *See* Br. at 4:19-26 (Apple first mentioning Order No. 4).  Apple instead seeks to compel ***different*** information that was not at issue in Order No. 4.  In particular, Apple's Objections now request that the Court compel Masimo to "identify for each alleged trade secret, each product and the functionality within each product that Plaintiffs claim incorporate each alleged trade secret, and the earliest date on which each product incorporating any alleged trade secret was first offered for sale and sold."  *Id.* at 10.

The information Apple now seeks was ***not*** the subject of its narrowed motion to compel on Interrogatory No. 28.  After the Special Master entered Order No. 3, Apple narrowed its motion to two pieces of "different information" that were not part of Interrogatory No. 26. Ex. 11 at 1.  Thus, Masimo's opposition and Apple's reply focused on those two pieces of "different information."  Ex. 10 at 5; Ex. 5 at 3.  The Special Master's tentative order addressed only those two issues.  Ex. B at 6.  The Special Master's Order No. 4 addressed those two issues by rejecting Apple's arguments and denying Apple's motion on both issues.  Ex. 6 at 7-8.

Apple does not object to the Special Master's ruling on either issue and, instead, seeks to compel other information.  As discussed, the Court should not allow Apple to use the objection process to raise new arguments that were not before the Special Master. *See World Triathalon*, 539 F. Supp. 2d at 1278; *Cobell*, 2016 WL 10703799, at *5;

-8-

*Arconic*, 2020 WL 10486178, at *4; *Convolve,* 2004 WL 1944834, at *1; *Won*, 2010 WL 597113, at *2.

Rather than address Order No. 4 on Interrogatory No. 28, Apple addresses Order No. 3 on Interrogatory No. 26.  But Apple chose ***not*** object to that order.  Apple's deadline for doing so passed long ago, on January 27, 2022.  *See* Dkt. 470 ¶ 13.  As a result, the order is now final.  The Court should not allow Apple to use its present Objections as a collateral attack on the Special Master's ruling on Order No. 3.  *See Kaplan*, 213 F. Supp. 3d at 42-44 (considering new arguments "frustrates all of the 'systemic efficiencies' inherent in the Special Master's appointment" and would render the Special master proceedings "wholly redundant"); *Cobell*, 2016 WL 10703799, at *5 ("Claimants raising entirely new arguments in their objections undermine the purpose of the Special Master."); *Commissariat a l'Energie Atomique*, 245 F.R.D. at 180.

**B.**   **Apple's Arguments Are Improper and Lack Merit**

   **1.**   **Masimo Should Not Be Required To Separately Identify When Masimo First Offered Its Products For Sale**

Apple argues Masimo should have to identify "the dates on which each product incorporating an alleged trade secret was first offered for sale and sold."  Br. at 1:22-25; *see also id.* at 6:17-18 (emphasizing Apple seeks "when" each product was sold).  Apple raised this identical issue in its earlier motion to compel regarding Interrogatory No. 26.  Ex. 3 at 8.  Masimo previously explained that the law "does not require the trade secret owner to identify when it first began using its trade secrets.  Ex. E at 8 (distinguishing *MSC Software Corp. v. Altair Eng'g, Inc.*, 2015 WL 13273227, at *18 (E.D. Mich. Nov. 9, 2015)).  The Special Master agreed with Masimo and denied Apple's motion on this issue.  Ex. A at 11.  Apple chose ***not*** to file objections and raise this issue with this Court.

Apple attempts to sidestep the prior ruling by arguing Interrogatory No. 28 differs from Interrogatory No. 26 in that Interrogatory No. 28 asks Masimo to state "the earliest date on which each product was first offered for sale and sold."  Br. at 3, n.2.  But both interrogatories seek essentially the same information on this issue.  *Compare* Ex. 2 at 58

(Interrogatory No. 26 seeking "when each alleged Trade Secret was incorporated into every product") *with* Ex. 8 at 9-10 (Interrogatory No. 28 seeking "the earliest date on which each product was first offered for sale and sold"); *see also* Br. at 3, n.2 & 3.

Thus, Apple's Objections seek the same information on which Apple lost with respect to Interrogatory No. 26.  Apple should not be permitted to use these objections to Order No. 4 to revive an issue on which it lost—and failed to object—in Order No. 3. That is especially true because Apple narrowed its motion on Interrogatory No. 28 to address only two "different" issues.  *See* Ex. 5 at 3; Ex. 11 at 1.

To the extent the Court were to entertain Apple's collateral attack on Order No. 3, Apple's arguments lack merit.  Most of Apple's cases merely address damages in general without discussing whether a plaintiff must describe in an interrogatory when it began using each trade secret.  *See Attia v. Google LLC*, 2018 WL 4202151, at *2 (N.D. Cal. Sept. 4, 2018) (denying request for tax and bankruptcy records); *ActiveRain Corp. v. Move, Inc.*, 2008 WL 11337643, at *5 (C.D. Cal. Dec. 16, 2008) (declining to order production of information about modifications to trade secrets); *Yoe v. Crescent Sock Co.*, 2017 WL 11479993, at *4 (E.D. Tenn. Mar. 24, 2017) (addressing modifications to manufacturing process); *Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 3d 974, 1014 (N.D. Cal. 2015) (addressing demand for particular features); *MSC Software Corp. v. Altair Eng'g, Inc.*, 2015 WL 13273227, at *16 (E.D. Mich. Nov. 9, 2015) (same); *LivePerson, Inc. v. [24]7.ai, Inc.*, 2019 WL 3254226, at *2 (N.D. Cal. July 19, 2019) (rejecting specific expert opinion on damages); *Mattel, Inc. v. MGA Ent., Inc.*, 2011 WL 836418, at *3 (C.D. Cal. Mar. 4, 2011) (same); *see also Dura Glob. Techs., Inc. v. Magna Donnelly, Corp.*, 2007 WL 4303294, at *5 (E.D. Mich. Dec. 6, 2007) (addressing whether plaintiff should describe its trade secrets before discovery).

Apple identifies only one case as supposedly addressing this issue.  Br. at 9 (arguing *Phase Four* ordered "plaintiff to respond to interrogatory requesting information on the plaintiff's products, including the date each product was sold").  In that case, the plaintiff asserted it had produced documents from which the requested

information could be ascertained, and the defendant asserted the information was not in the documents. *Phase Four Indus., Inc. v. Marathon Coach, Inc*., 2006 WL 1465313, at *11-12 (N.D. Cal. May 24, 2006). The court indicated that producing the requested information would have been sufficient, but ordered a further response because the court was unable to identify the information in the plaintiff's documents. *Id.* at *12.

Masimo did exactly what the *Phase Four* court indicated was sufficient. Masimo told Apple what products incorporate Masimo's trade secrets and produced extensive sales data for those products. Thus, the information that Apple seeks regarding "when" Masimo sold these products may be determined by Apple as easily as by Masimo by examining the sales data that Masimo produced as it is kept it in the ordinary course of business. Masimo also separately identified the earliest date that it incorporated various features in its source code. Ex. 2 at 50-55; *see, e.g., id.* at 50 ████████████ ████████████████████████████████████████████████ ██████████████████ None of Apple's cited cases suggest that Apple is entitled to more information. The Court should not order Masimo to identify precisely "when" each of its products incorporated the asserted trade secrets.

## 2. Masimo Identified the Functionality In Its Products That Incorporate The Asserted Trade Secrets

Apple argues, in passing, that Masimo should "identify for each alleged trade secret, each product and the functionality within each product that Plaintiffs claim incorporate each alleged trade secret . . . ." Br. at 10:6-8. Once again, Apple made the identical argument in its motion to compel on Interrogatory No. 26. The Special Master granted that motion in part by ordering Masimo to supplement its answer to "disclose to Apple the functionality (e.g., software algorithm) itself that actually tracks each technical trade secret, and which products the functionality is actually present in." *Id.* Masimo supplemented its response to Interrogatory No. 26 to provide the information identified by the Special Master. Ex. 2 at 70-75. Masimo also incorporated Interrogatory No. 26 by reference in its response to Interrogatory No. 28. Ex. 1 at 7-9.

-11-

1   Indeed, Apple concedes that "Plaintiffs have now identified at least some functionality

2   that Plaintiffs contend incorporate the alleged trade secrets . . . ."  Br. at 6:5-6.

3           Rather than attack Order No. 4 on Interrogatory No. 28, Apple complains that

4   Masimo's response to Interrogatory No. 26 failed to comply with Order No. 3.  Br. at

5   2:17-18 (arguing Masimo's response to Interrogatory No. 26 "merely referred to broad

6   categories of products and functionality").   The parties are currently meeting and

7   conferring on whether Masimo's response to Interrogatory No. 26 is sufficient under

8   Order No. 3.  If the parties are unable to resolve that issue, Apple must pursue the matter

9   in the first instance with the Special Master.  Apple should not subvert the purpose of

10  the Special Master referral order by raising the issue with this Court in the first instance.

11  That is especially true because Apple narrowed its motion on Interrogatory No. 28 to

12  address only two "different" issues.  *See* Ex. 5 at 3; Ex. 11 at 1.

13          To  the  extent  the  Court  were  to  entertain  Apple's  premature  attack  on

14  Interrogatory No. 26, Apple's argument lacks merit.  Masimo's response to Interrogatory

15  No. 26 provided detailed descriptions of the functionalities of its technical trade secrets.

16  Ex.  2  at  58-75.   For  example,  ████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████

22          Masimo also explained ███████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████████

28

1  ██████████████████████████████████████████████
2  ████████████████████████
3     ██████████████████████████████████████████
4  ██████████████████████████████████████████████
5  ██████████████████████████████████████████████
6  ██████████████████████████████████████████████
7  ██████████████████████████████████████████████
8  ██████████████████████████████████████████████
9  ████████████████████████████████████

Accordingly, Masimo thoroughly explained the functionality of its products that incorporate the technical trade secrets. Masimo's response to Interrogatory No. 26 provides the information the Special Master ordered Masimo to provide and which Apple now seeks. The Court should not order Masimo to provide more information.

### V.  **CONCLUSION**

For the reasons set forth above, the Court should overrule Apple's Objection to Special Master Order No. 4.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 7, 2022              By: */s/ Adam B. Powell*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

-13-