# EXHIBIT 79

PUBLIC VERSION

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

Before the Honorable Monica Bhattacharyya
Administrative Law Judge

| | |
|---|---|
| **In the Matter of**<br><br>CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF | Inv. No. 337-TA-1276 |

**RESPONDENT'S MOTION FOR PROTECTIVE ORDER
TO PRECLUDE DEPOSITIONS OF TIM COOK AND JEFF WILLIAMS**

<u>Ground Rule 3.2 Certification</u>

Respondent Apple Inc. certifies that it has made a reasonable, good faith effort to resolve this matter with Complainants more than two business days before filing this motion. Apple understands Complainants oppose the motion.

\* \* \*

Pursuant to 19 C.F.R. §§ 210.15 and 210.34, and the Protective Order in this Investigation (Order No. 1), Apple hereby submits this Motion for Protective Order. As discussed in the attached Memorandum, under the "apex" doctrine good cause exists for a protective order precluding depositions of high-ranking officials where, as here, they lack any unique, relevant knowledge. Basic discovery principles that govern in this forum also limit discovery when the party seeking it has had ample opportunity to obtain the requested information through other, less intrusive means, and the burden of the discovery outweighs its benefit. 19 C.F.R. § 210.27(d). Further discussion of these issues is included in the attached Memorandum.

Exhibit 79

before the ALJ. Complainants allege—without any support—that these high-level executives have knowledge about Apple's "copying" or "reverse engineering" of Masimo products. Doc ID No. 763732 at 1. As a preliminary matter, for evidence of alleged copying to be relevant, the "copying" evidence must be tied **to the claimed inventions**. *See, e.g.*, *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012) ("[A] nexus between the copying and the novel aspects of the claimed invention must exist for evidence of copying to be given significant weight in an obviousness analysis."). Notwithstanding the extensive discovery to date, Complainants have identified **no** evidence that Apple copied or reverse engineered any of the asserted patents or products practicing those patents. This has been corroborated by every Apple engineer Complainants have asked. *See* Ex. 3 [Dua Rough Dep.] at 59:3-9 ("Q: Are you aware of anyone at Apple doing any tear down of Masimo devices? A: I'm not aware of any tear down work – tear down of anything related to Masimo devices. Q: Are you aware of any reverse engineering at Apple of any Masimo devices? A: I'm not aware of any such efforts."); *id.* at 156:2-8, 157:2-11; Ex. 4 [Block Rough Dep.] at 43:8-13 ("Q: Do you recall ever tearing down a Masimo device as part of your job? A: No. Not as part of my job. Q: Do you ever recall tearing down a Masimo device just for the fun of it? A: No."); Ex. 5 [Charbonneau-Lefort Rough Dep.] at 191:6-10 ("Q: In the process of developing the Apple Watch Series 6 did you reverse any products from other companies? A: No, we did not. This is never something that we do."); Ex. 6 [Land Rough Dep.] at 118:10-20 (Q: … During the [sic] your work developing the blood oxygen feature for the AppleWatch, have you studied any of the Masimo pulse oximeter devices? A: No. Q: Have you studied any of the Cercacor devices? A: I haven't, no. Not that I can remember."). It just did not happen. Indeed, Apple could not have copied the alleged inventions claimed by three of the Asserted Patents because the patents were not even applied for until after the Accused Products launched. Nor could Apple have copied the "Masimo Watch"—the only Masimo product alleged

to practice four of the Asserted Patents—as even today no "Masimo Watch" is publicly available.

Simply put, there is no copying evidence, let alone reason to believe such information would be exclusively within the possession of Apple's most senior executives—rather than the engineers who actually developed the accused features.[1] "Given the absence of specific knowledge" from Mr. Cook and Mr. Williams, "and the access to other sources of discovery" a "protective order on the basis of relevance" is warranted. *See Sharma v. Lockheed Eng'g & Mgmt. Servs. Co.*, No. 97-3134(L), 1988 WL 118154, at *2 (4th Cir. Nov. 7, 1988) (unpublished) (affirming protective order precluding deposition of company president); *Dixon v. Foot Locker Inc.*, 623 F. App'x 594, 595 (4th Cir. 2015) (unpublished) (affirming denial of motion to compel CEOs' depositions when plaintiff failed to establish CEOs "had any direct or specialized knowledge relevant to the elements of [the] claims").

In their attempt to justify Mr. Cook's deposition, Complainants also point to a single email that former Cercacor employee Marcelo Lamego sent to Mr. Cook in 2013—i.e., **years** before development began on the accused products. *See supra* pp. 4-5. That email—attached from a filing in the district court proceedings between the parties—has not even been produced in this Investigation precisely because it has nothing to do with the issues before the ALJ and therefore was not within scope of any discovery request propounded on Apple. Moreover, Apple has confirmed that neither Mr. Lamego nor any other former employee of Complainants worked on the design or development of the accused features. *See* Ex. 7 [9/16/21 Resp. to Interrog. No. 26] at 10-11.

Complainants' other generic, half-hearted allegations are hardly the kind of "solid, detailed

---

[1] To the extent Complainants seek testimony from Mr. Cook and Mr. Williams about unspecified allegations of "copying" or "reverse engineering" of Masimo technology beyond that at issue in this Investigation, such information is not relevant, and there is similarly no reason to believe it either exists or would be uniquely in the possession of Mr. Cook or Mr. Williams.

showing" required to overcome the general rule that high-ranking executives are not subject to depositions. *K.C.R.*, 2014 WL 3434257, at *7 (quoting *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 2011 WL 811731, at *2 (N.D. Cal. March 2, 2011)). Complainants point to Mr. Cook's "public statements" about "the health and wellness features of the Apple Watch" to claim that he has relevant testimony about the "nexus between the patented features and the commercial success of" Apple's watches. Doc ID No. 763732 at 1 & Ex. 4. But the public statement Complainants rely upon neither addresses the specific arrangements and designs of components that are claimed in the patents, nor addresses the alleged nexus between the foregoing and the Apple watch's commercial success. *Id.*; *see also W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1372 (Fed. Cir. 2010) ("Our case law clearly requires that the patentee must establish a nexus between the evidence of commercial success and the patented invention."). There is no indication that Mr. Cook has any relevant information about nexus and commercial success, let alone information that is non-duplicative of the information already provided in Apple's discovery responses and from the depositions of other Apple witnesses in this case or that could not have been obtained through other means. And while certainly true that Mr. Williams "has knowledge of the company's activities and operations," Doc ID No. 763732 at 1, if that were sufficient justification for seeking a COO's deposition, the exception would swallow the rule and there would be no apex doctrine.

Mr. Cook's and Mr. Williams' depositions should accordingly be precluded. *See, e.g.*, *Certain Microfluidic Sys. & Components Thereof*, Inv. No. 337-TA-1100, Order No. 23, 2018 WL 6603652, at *1-2 (Nov. 2, 2018) (precluding apex deposition when witness had no "unique knowledge … that is independent and non-cumulative" and "there appear to be multiple other witnesses who have superior or equivalent knowledge"); *Certain Standard Cell Librs.*, Inv. No. 337-TA-906, Order No. 23, 2014 WL 3519087, at *2 (July 11, 2014) (granting motion to quash

9

Exhibit 79

DATED: February 25, 2021                    Respectfully submitted,

/s/ Sarah R. Frazier
Mark D. Selwyn
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6031

Joseph J. Mueller
Richard Goldenberg
Sarah R. Frazier
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Michael D. Esch
David Cavanaugh
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6000

*Counsel for Respondent Apple Inc.*

14

Exhibit 79

## LIST OF EXHIBITS

| Exhibit Number | Description |
| --- | --- |
| Exhibit 1 | Apple's Objections and Responses to Notice of Deposition of Cook |
| Exhibit 2 | Apple's Objections and Responses to Notice of Deposition of Williams |
| Exhibit 3 | Deposition Transcript of Aditya Dua |
| Exhibit 4 | Deposition Transcript of Ueyn Block |
| Exhibit 5 | Deposition Transcript of Matthieu Charbonneau-Lefort |
| Exhibit 6 | Deposition Transcript of Brian Land |
| Exhibit 7 | Apple's Objections and Responses to Second Set of Interrogatories |
| Exhibit 8 | Apple's Eleventh Supplemental Objections Responses to First Set of Interrogatories |
| Exhibit 9 | Apple's First Supplemental Objections and Responses to Fifth Set of Interrogatories |
| Exhibit 10 | Apple's Objections and Responses to First Set of Request for Production of Documents and Things |
| Exhibit 11 | Letter from Frazier to Loebbaka |
| Exhibit 12 | Apple Leadership Information – Tim Cook |
| Exhibit 13 | Apple Leadership Information – Jeff Williams |

PUBLIC VERSION

# EXHIBIT 7

Exhibit 79

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable Monica Bhattacharyya
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-1276 |

**RESPONDENT APPLE'S OBJECTIONS AND RESPONSES TO COMPLAINANTS' SECOND SET OF INTERROGATORIES (NOS. 26-49)**

Pursuant to the United States International Trade Commission's Rules of Practice and Procedure and 19 C.F.R. §§ 210.27 and 210.29, the Chief Administrative Law Judge's Ground Rules (Order No. 2) and the Protective Order (Order No. 1) in this Investigation, Respondent Apple Inc. ("Apple"), by counsel, hereby responds to Complainants Masimo Corporation and Cercacor Laboratories, Inc.'s (collectively, "Complainants") Second Set of Interrogatories (Nos. 26-49) ("Interrogatories") as follows:

**RESERVATIONS AND RIGHTS**

These responses are submitted on behalf of Apple and reflect Apple's continuing investigation of facts and discovery of information and documents relating to the claims and defenses at issue in this Investigation. Accordingly, Apple's responses are based solely on information currently available to Apple based upon a reasonable investigation under the time available to respond. Investigation and discovery are ongoing. Pursuant to 19 C.F.R. § 210.27(f), Apple reserves all rights to supplement, modify, revise, and/or amend any response should additional information become available through the discovery process or other means, and to assert additional objections to these Interrogatories as

an expert opinion. Apple's investigation is ongoing, and Apple will disclose its contentions pursuant to the Procedural Schedule in this Investigation.

30. Apple objects to the Interrogatories to the extent they call for a legal opinion or conclusion.

31. Apple's agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually exist in Apple's possession, custody, or control, or can be located through a reasonable search, or that such documents or information are relevant.

32. Apple has responded to the Interrogatories as it interprets and understands each Interrogatory therein. If Complainants subsequently assert an interpretation of any Interrogatory or subpart thereof that differs from Apple's understanding of that Interrogatory or subpart thereof, Apple reserves the right to supplement its objections and/or responses.

33. In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 26:**

From the date Apple decided to pursue pulse oximetry in its products to present, identify all Apple employees, officers, director, agents, engineers, scientists, researchers, developers, consultants, members, and representatives who at any time were employed by or worked with either of the Complainants and were involved in the design, development, or testing of pulse oximetry technology at Apple.

10
337-TA-1276 - RESPONDENT APPLE'S OBJECTIONS AND RESPONSES TO COMPLAINANTS' SECOND SET OF INTERROGATORIES (NOS. 26-49)

Exhibit 79

## RESPONSE TO INTERROGATORY NO. 26:

Apple incorporates its General Objections above as if set forth fully herein. Apple objects to this Interrogatory because it is duplicative of other Interrogatories served by Complainants, including at least Interrogatory Nos. 1-3. Apple further objects to the extent that this Interrogatory seeks information that is neither relevant to this Investigation nor reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information relating to Complainants' claim of trade secret misappropriation currently being litigated in the District Court Litigation. Apple further objects to the terms "involved in" as vague and ambiguous. Apple further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the Investigation, including to the extent that it seeks Apple identify "all … employees, officers, director, agents, engineers, scientists, researchers, developers, consultants, members, and representatives" who were "involved in" the specified activities.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Based on its investigation to date, Apple is not aware of any Apple employees formerly employed by Complainants who worked on the design or development of the Blood Oxygen feature incorporated into the Accused Products.

## INTERROGATORY NO. 27:

For each individual identified in Your response to Interrogatory No. 26, provide the following information:

(a)     The identity of the Complainant entity(ies) that the identified individual was

11
337-TA-1276 - RESPONDENT APPLE'S OBJECTIONS AND RESPONSES TO COMPLAINANTS' SECOND SET OF INTERROGATORIES (NOS. 26-49)

Exhibit 79

Interrogatory.

Dated: September 16, 2021

                                Respectfully submitted,

                                */s/ Sarah R. Frazier*
                                Mark D. Selwyn
                                WILMER CUTLER PICKERING HALE AND DORR LLP
                                2600 El Camino Real
                                Suite 400
                                Palo Alto, CA 94306
                                Telephone: (650) 858-6031

                                Joseph J. Mueller
                                Richard Goldenberg
                                Sarah R. Frazier
                                WILMER CUTLER PICKERING HALE AND DORR LLP
                                60 State Street
                                Boston, MA 02109
                                Telephone: (617) 526-6000

                                Michael D. Esch
                                David L. Cavanaugh
                                WILMER CUTLER PICKERING HALE AND DORR LLP
                                1875 Pennsylvania Ave., NW
                                Washington, DC 20006
                                Telephone: (202) 663-6000

                                *Counsel for Respondent Apple Inc.*

34
337-TA-1276 - RESPONDENT APPLE'S OBJECTIONS AND RESPONSES TO COMPLAINANTS' SECOND SET OF INTERROGATORIES (NOS. 26-49)

Exhibit 79