JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

                    Plaintiffs,

        v.

APPLE INC.,
a California corporation,

                    Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF OBJECTIONS TO SPECIAL MASTER ORDER NO. 4**

Date: March 28, 2022
Time: 1:30 p.m.

Discovery Cut-Off: 8/12/2022
Pre-Trial Conference: 3/13/2023
Trial: 3/28/2023

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
 isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
 akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

MARK D. SELWYN, SBN 244180
 mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK
 nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF OBJECTIONS TO SPECIAL MASTER ORDER NO. 4

CASE NO. 8:20-cv-00048-JVS (JDEx)

# **TABLE OF CONTENTS**

I.      Introduction...................................................................................... 1

II.     Argument ........................................................................................... 2

        A.      Apple Presented Its Arguments To The Special Master. ...................... 2

        B.      The Special Master's Order On Interrogatory No. 26 Does Not
                Foreclose The Requested Relief. ...................................................... 5

        C.      The Court Should Order Plaintiffs To Identify When Products
                Incorporating The Alleged Trade Secrets Were First Sold In
                Response To Interrogatory No. 28. .................................................... 7

III.    Conclusion ......................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashanti v. Martel*, No. CV 15-10026-DDP (AGR), 2019 WL 4138016
  (C.D. Cal. May 16, 2019).........................................................................4

*Ashanti v. Martel*, No. CV 15-10026-DDP (AGR), 2020 WL 1317721
  (C.D. Cal. Mar. 20, 2020).......................................................................4

*Brown v. Spiga*, No. CV 15-8585-ODW (AGR), 2016 WL 11518934
  (C.D. Cal. Dec. 16, 2016).......................................................................4

*Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372 (Fed. Cir. 2012)..........................3

*Phase Four Indus. v. Marathon Coach, Inc.*, No. 04-4801 JW, 2006 WL
  1465313 (N.D. Cal. May 24, 2006).........................................................7

*United States v. Gil*, 680 F. App'x 11 (2d Cir. 2017)........................................3

*Wyatt Tech. Corp. v. Malvern Instr., Inc.*, No. CV 07-8298 ABC, 2010
  WL 11505684 (C.D. Cal. Jan. 25, 2010)..................................................7

*Wyatt Tech. Corp. v. Malvern Instr., Inc.*, No. CV 10-55343, 526 F.
  App'x 761 (9th Cir. 2013) ......................................................................7

# STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 33(d)(1)..................................................................................7

Wilmer Cutler
Pickering Hale
and Dorr LLP

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF OBJECTIONS TO SPECIAL MASTER ORDER NO. 4
ii                   CASE NO. 8:20-cv-00048-JVS (JDEx)

## I.   INTRODUCTION

Plaintiffs' response to Apple's Objections makes no attempt to dispute the relevance and discoverability of the information sought in Apple's Interrogatory No. 28. Nor could it.  Specific responses to the issues of whether Plaintiffs' products incorporate the alleged trade secrets and when products incorporating the alleged trade secrets were first offered for sale or sold are indisputably relevant to several issues in the case, including Plaintiffs' claim for lost profits, any lost value in the alleged trade secrets that Plaintiffs claim to have suffered, and whether the alleged trade secrets remained secret. Nor do Plaintiffs claim that there is any burden associated with providing the information requested in Interrogatory No. 28—information that Plaintiffs now claim can be ascertained from their "detailed sales data." Dkt. 622-1 at 1.  Instead, Plaintiffs lodge a series of procedural attacks that fall under the slightest scrutiny.

Contrary to Plaintiffs' waiver assertions, Apple's motion to compel before the Special Master plainly requested that Plaintiffs be ordered to identify "***the date on which each product incorporating the alleged trade secrets was offered for sale or sold***." Ex. 4 at 5 (Dec. 23, 2021 Motion) (emphasis added).[1]  Apple maintained that position through the hearing on Apple's motion, where Apple explained to the Special Master that "***when [Plaintiffs] sold that product that incorporates that trade secret is really important***"—the very same argument that Apple makes before this Court. *See, e.g.*, Ex. 13 at 65:2-8 (Feb. 4, 2022 Hearing Tr.) (emphasis added).  Nor is the relief Apple seeks precluded by the Special Master's ruling on Interrogatory No. 26.   As Apple has repeatedly explained, Interrogatory No. 26 and Interrogatory No. 28 seek different information, and the Special Master did not address whether Plaintiffs are required to identify the date on which products incorporating the alleged trade secrets were first sold

---

[1] Numbered exhibits refer to the exhibits attached to the February 22, 2022 Declaration of Brian Andrea (Dkt. 614-2) or the exhibits attached to the Declaration of Nora Passamaneck filed contemporaneously with this reply.

1   in ruling on Apple's motion to compel on Interrogatory No. 26 (and Plaintiffs have not

2   done so in response to that interrogatory).

3        Because the information requested in Interrogatory No. 28—including the dates

4   on which each product incorporating an alleged trade secret was first offered for sale

5   and sold—is clearly relevant and there is no legitimate burden with providing it, Apple

6   respectfully requests that the Court order Plaintiffs to fully respond to Apple's

7   Interrogatory No. 28.

## II.    ARGUMENT

9        Plaintiffs do not meaningfully dispute that whether, how, and when Plaintiffs

10  purportedly offered products incorporating their alleged trade secrets is relevant,

11  including to damages.  Nor do Plaintiffs claim that providing the requested information

12  would be unfair or unduly burdensome.  Instead, Plaintiffs accuse Apple of presenting

13  "new arguments" not presented to the Special Master and claim that Plaintiffs have

14  "already provided" the information requested in Interrogatory No. 28.  Dkt. 622-1 at 1.

15  Both arguments should be rejected.

## A.    Apple Presented Its Arguments To The Special Master.

17       Contrary to Plaintiffs' assertions, Apple does not seek to "compel *different*

18  information that was not at issue in Order No. 4."  Dkt. 622-1 at 8.  Rather, Apple seeks

19  relief that was squarely presented in its motion before the Special Master, which

20  explained that "Plaintiffs should be required to supplement their responses to provide

21  the requested detail, factual information, and evidence supporting their damages claims,

22  including … [i]nformation regarding the specific functionalities in Plaintiffs' products

23  that purportedly practice the alleged trade secrets, and *the first incorporation and sale*

24  *thereof*."  Ex. 4 at 5 (Dec. 23, 2021 Motion) (emphasis added).  Apple also emphasized

25  that a complete response to Interrogatory No. 28 required Plaintiffs to identify "*the date*

26  *on which each product incorporating the alleged trade secrets was offered for sale or*

27  *sold*."  *Id.* (emphasis added).  Apple further explained that the requested information was

28

"plainly relevant to damages, including demand, valuation, apportionment, and lost profits." *Id.* Apple now seeks the very same relief in its objections before this Court. *See* Dkt. 616 at 1 ("Apple respectfully requests that the Court order Plaintiffs to fully respond to Apple's Interrogatory No. 28, including by identifying the dates on which each product incorporating an alleged trade secret was first offered for sale and sold."). Apple thus squarely presented the arguments before this Court in its opening brief before the Special Master, which was more than sufficient to preserve the issue before this Court. *See Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1379 (Fed. Cir. 2012) ("Th[e] obligation [for a district court to consider an argument] is not waived … by some procedural requirement that ducks consideration of evidence presented in the opening brief but not pursued in a reply brief …."); *see also, e.g.*, *United States v. Gil*, 680 F. App'x 11, 12 n.1 (2d Cir. 2017) ("[Plaintiff's] opening brief raises four arguments. In his reply brief and during oral argument, however, he appeared to state that he asserts only the third and fourth arguments. … Nevertheless, since it appears that he preserved the first two arguments in his opening brief, we will address all four.").

Nor did Apple "narrow[]" the scope of its requested relief as Plaintiffs claim. Dkt. 622-1 at 8. Following the Special Master's Order directing Plaintiffs to supplement their response to Apple's Interrogatory No. 26 (*see* Dkt. 580 at 10-11), Plaintiffs proposed to Apple that they supplement Interrogatory No. 28 to provide the same information ordered by the Special Master in response to Interrogatory No. 26 (Ex. 11 at 2 (Jan. 18, 2022 Email)). In response, Apple explained that Interrogatory No. 28 sought "different information" as explained in Apple's motion to compel, including that "***the requested information*** … be provided in chart form." Ex. 11 at 1 (Jan. 18, 2022 Email) (emphasis added). Apple never stated that it was ***narrowing*** the information sought in Interrogatory No. 28, which includes "the earliest date on which each product [incorporating Plaintiffs' alleged trade secrets] was first offered for sale and sold." *See* Ex. 1 at 7 (Plaintiffs' Resp. to Interrog. No. 28).

Plaintiffs' claim that Apple "narrowed" the scope of its motion is no more than a futile attempt to ascribe Plaintiffs' arguments to Apple. After all, in responding to Apple's motion to compel a complete response to Interrogatory No. 28, it was *Plaintiffs*—not Apple—who claimed that "Interrogatory No. 28 significantly overlaps with Interrogatory No. 26" except for "two pieces" of information—information related to Apple's patents and patent application and the "chart" format. *See* Ex. 10 at 5 (Jan. 21, 2022 Opposition).

And because Plaintiffs focused their opposition on the portion of Interrogatory No. 28 seeking information related to Apple's patents and patent applications and the format in which the information should be provided, Apple's reply focused on *those arguments* rather than the arguments Apple had already advanced—and to which Plaintiffs had not responded—in its opening brief. *See* Ex. 5 at 3 (Jan. 28, 2022 Reply) (noting that "Plaintiffs primarily argue that they should not have to produce additional information related to Apple patents and patent applications" and that "producing this information in chart form would be unduly burdensome"). The mere fact that Apple elected to respond to the arguments Plaintiffs raised in their opposition—rather than reiterating the arguments Apple raised in its opening motion—does not mean that Apple "narrowed" the scope of its motion. *See, e.g.*, *Brown v. Spiga*, No. CV 15-8585-ODW (AGR), 2016 WL 11518934, at *1 (C.D. Cal. Dec. 16, 2016) ("Plaintiff argues that his former defense counsel … has 'tacitly' conceded the existence of a conspiracy with the prosecutor by failing to file a reply brief in support of his motion to dismiss the complaint. Plaintiff is advised that a party is not required to file a reply brief, which is optional."); *see also Ashanti v. Martel*, No. CV 15-10026-DDP (AGR), 2019 WL 4138016, at *2 n.2 (C.D. Cal. May 16, 2019) ("A reply is optional and failure to file a reply is not equivalent to a default."), *report and recommendation adopted*, 2020 WL 1317721 (C.D. Cal. Mar. 20, 2020); L.R. 7-10 ("Reply Papers. A moving party *may* …

serve and file a reply memorandum, and declarations or other rebuttal evidence." (emphasis added)).

Indeed, at the hearing on Apple's motion, Apple again made clear that it sought the *substantive information* requested by the chart. Specifically, Apple explained that "*when* [Plaintiffs] sold that product that incorporates that trade secret is really important." *See, e.g.*, Ex. 13 at 65:2-8 (Feb. 4, 2022 Hearing Tr.) ("[T]he *specificity of the type of chart* we're asking for as to trade secrets is warranted here to advance the purposes of the litigation as to *when* the trade secret was practiced, how it was practiced.") (emphases added); *see also, e.g., id.* at 58:25-59:4 ("If it's being practiced in a product, we're entitled to know what that product is, where it is in the product, and when it was put in there, *when the product was sold*, and so forth."); *id.* at 59:5 (Special Master noting that Interrogatory No. 28 seeks "[w]hat, where, *when*" the alleged trade secrets are used in Plaintiffs' products (emphasis added)); *id.* at 59:21-24.

Apple thus maintained its position that the information requested in Interrogatory No. 28—including *when* products incorporating the alleged trade secrets were first offered for sale and sold—should be provided.[2]

**B.    The Special Master's Order On Interrogatory No. 26 Does Not Foreclose The Requested Relief.**

Plaintiffs next suggest that the Special Master's order on Apple's motion to compel on Interrogatory No. 26 somehow forecloses the relief Apple now seeks. *See* Dkt. 622-1 at 9. But contrary to Plaintiffs' claims, the Special Master did not address whether Plaintiffs should identify when the products incorporating the alleged trade secrets were *first offered for sale and sold* in resolving Apple's motion on Interrogatory No. 26.

---

[2] Plaintiffs also criticize Apple for purportedly not "addressing Order No. 4." Dkt. 622-1. But, as explained in Apple's objections (Dkt. 616 at 4), the Special Master's Order provided no explanation for rejecting Apple's arguments based on "[p]roportionality, relevance, undue burden, and other considerations" (Ex. 6 at 8 (Nov. 29, 2021 Motion)). Thus, there was nothing in the Order for Apple to address.

As an initial matter, Apple's motion on Interrogatory No. 26 did not raise the "identical issue" now before the Court. Dkt. 622-1 at 9. As Apple has repeatedly explained to Plaintiffs, Interrogatory No. 28 requests "different information" from that requested in Interrogatory No. 26. *See* Ex. 11 at 1 (Jan. 18, 2022 Email). Among other things, Apple's Interrogatory No. 26 requests that Plaintiffs identify "when each alleged Trade Secret ***was incorporated*** into every product, strategy, or plan, and when each alleged Trade Secret ceased being incorporated into every product, strategy, or plan." Ex. 2 at 58 (Plaintiffs' Resp. to Interrog. No. 26) (emphasis added). In contrast, Interrogatory No. 28 seeks identification of "the earliest date on which each product [practicing Plaintiffs' alleged trade secrets] was ***first offered for sale and sold***." Ex. 1 at 7 (Plaintiffs' Resp. to Interrog. No. 28) (emphasis added). That distinction is important, as the primary basis for Plaintiffs' refusal to identify when they "incorporated" the alleged trade secrets in response to Interrogatory No. 26 was their claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 14 at 8-9 (Dec. 13, 2021 Opposition) (emphasis added).[3]

Interrogatory No. 28—seeking information about when each product incorporating the alleged trade secrets was first ***offered for sale or sold***—presents no similar purported challenges. With respect to Interrogatory No. 28, Plaintiffs now appear to argue that there is so little burden associated with identifying the dates on which products incorporating Plaintiffs' alleged trade secrets were first sold, Apple should identify that information itself from unidentified "sales data" that Plaintiffs have produced. *See* Dkt. 622-1 at 11 (arguing that "the information that Apple seeks regarding 'when' Masimo sold these products may be determined by Apple as easily as

---

[3] The Special Master did not address this specific argument in ordering Plaintiffs to supplement their response to Interrogatory No. 26. *See* Dkt. 580 at 10-11.

by Masimo by examining the sales data that Masimo produced"). Thus, the Special
Master's ruling on Interrogatory No. 26—to the extent it bears on Apple's current
request at all—does not foreclose the relief that Apple now seeks.

## C.   The Court Should Order Plaintiffs To Identify When Products Incorporating The Alleged Trade Secrets Were First Sold In Response To Interrogatory No. 28.

As Apple explained (Dkt. 616 at 6-8), whether and when Plaintiffs sold products
incorporating their alleged trade secrets can indicate that the alleged trade secrets lack
value and is relevant to whether the alleged trade secret remained secret. Plaintiffs do
not meaningfully dispute that when they sold products incorporating their alleged trade
secrets is relevant to several issues in the case, including damages. Instead, Plaintiffs
claim that they have produced "sales data" from which information responsive to
Interrogatory No. 28 can be determined. Dkt. 622-1 at 10-11. However, merely
producing documents from which responsive information can allegedly be obtained does
not relieve Plaintiffs of their obligation to provide the information requested in
Interrogatory No. 28. *See* Fed. R. Civ. P. 33(d)(1) (party responding to interrogatories
must identify documents in "sufficient detail to enable the interrogating party to locate
and identify them as readily as the responding party could."); *Wyatt Tech. Corp. v.
Malvern Instr., Inc.*, No. CV 07-8298 ABC (MANx), 2010 WL 11505684, at *20 (C.D.
Cal. Jan. 25, 2010) ("[Plaintiff's] responses to Interrogatory Nos. 16 and 17 also refer
[Defendant] to documents already produced, but without identifying those documents
specifically, that response is both improper and useless."), *aff'd in part*, 526 F. App'x
761 (9th Cir. 2013). Indeed, the responding party in *Phase Four Indus. v. Marathon
Coach, Inc.*, No. 04-4801 JW, 2006 WL 1465313, at *11-12 (N.D. Cal. May 24, 2006),
at least identified as an exhibit the data that it claimed was responsive. Here, Plaintiffs
have not identified what specific records contain the information requested (either in
response to Interrogatory No. 28 or in their response to Apple's objections). Nor have

they articulated any burden associated with providing the information that Apple has requested.

Accordingly, Plaintiffs should be ordered to respond to Interrogatory No. 28 by identifying, for each alleged trade secret and each product that Plaintiffs claim incorporates an alleged trade secret, *when* such product was first offered for sale and sold.[4]

## III.    CONCLUSION

Apple respectfully requests that the Court order Plaintiffs to supplement their response to Apple's Interrogatory No. 28 to identify for each alleged trade secret, each product and the functionality within each product that Plaintiffs claim incorporate each alleged trade secret, and the earliest date on which each product incorporating any alleged trade secret was first offered for sale and sold.

---

[4] Contrary to Plaintiffs' assertions (Dkt. 622-1), Apple's objections to Order No. 4 are not asking this Court to order Plaintiffs to comply with the Special Master's Order No. 3 regarding Interrogatory No. 26.  Rather, Apple requests that Plaintiffs be ordered—in response to *Interrogatory No. 28*—to identify for each alleged trade secret, each product and the functionality within each product that Plaintiffs claim incorporate each alleged trade secret, and the earliest date on which each product incorporating any alleged trade secret was first offered for sale and sold.  Apple reserves all rights to seek appropriate relief from the Special Master for Plaintiffs' failure to comply with Order No. 3.

Dated: March 14, 2022               Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

MARK D. SELWYN
WILMER CUTLER PICKERING HALE AND DORR LLP


By:  */s/ Mark D. Selwyn*
          Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*