Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,

    Plaintiffs,

vs.

APPLE INC., a California corporation,

    Defendant.

Case No. SACV 20-00048 JVS (JDEx)

(JW Reference No.: A279845)

ORDER NO. 6 OF SPECIAL MASTER ON TWO DISCOVERY MOTIONS

This Discovery Order No. 6 of the Special Master addresses two pending discovery disputes.

First, on February 11, 2022, Masimo Corporation and Cercacor Laboratories, Inc. (together, "Plaintiffs") moved to compel Apple to produce documents responsive to Plaintiffs' Request for Production ("RFP") Nos. 445, 446, 570–574, and 589–592. ("RFP Mot.") Plaintiffs state the following.

> This Motion concerns four categories of documents: (1) documents regarding certain Apple projects identified by codename, (2) documents regarding Apple's practice of "efficient infringement," (3) documents regarding examples of Apple's "efficient infringement," and (4) documents regarding Apple making the pulse oximetry feature of the Apple Watch available in only certain regions.

(RFP Mot. at 1.) Apple opposed the motion on February 18 ("RFP Opp'n") and Plaintiffs filed a reply on February 25 ("RFP Reply").

Second, on February 15, 2022, Apple moved to compel Masimo to designate a Rule 30(b)(6) witness prepared to testify on certain topics. ("Rule 30(b)(6) Mot.") The seven topics at issue generally relate to Masimo's document retention policies, and are similar to Rule 30(b)(6) topics that Plaintiffs previously served on Apple. The Special Master previously addressed disputes relating to the sufficiency of Apple's Rule 30(b)(6) testimony on those similar topics in Discovery Order No. 2. Masimo opposed the motion on February 22 ("Rule 30(b)(6) Opp'n") and Apple filed a reply on March 1 ("Rule 30(b)(6) Reply").

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on March 11, 2022. The hearing was attended by numerous individuals in-person and via Zoom, and reported by Crystal Hereford. Before the hearing, the parties were provided with a tentative R&R relating to the two disputes.

As explained further in various sections of this Order, the Special Master rules as follows.

- Masimo's February 11, 2022 RFP Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 1 of this Order. The additional discovery and declaration(s) contemplated by this Discovery Order No. 6 shall be served within 28 days of this ruling.
- Apple's February 15, 2022 Rule 30(b)(6) Motion is **DENIED**.

1. **PLAINTIFFS' FEBRUARY 11, 2022 RFP MOTION**

Plaintiffs attach a corrected Appendix to their reply that lists the disputed RFPs at issue, including some narrowed versions of certain of those RFPs. Although Apple maintains its objections to producing documents in response to the disputed RFPs (and observes that Plaintiffs' original Appendix submitted with its motion inadvertently omitted certain disputed RFPs), Apple does not state an objection to the fact that Plaintiffs submit narrowed versions of certain RFPs with their motion. The Special Master has thus focused his review on those versions of the RFPs presented

2

in the corrected Appendix.

### 1.1   DOCUMENTS REGARDING APPLE'S CODENAME PROJECTS

<u>Request For Production No. 445 (narrowed):</u>



In response to Plaintiffs' RFP motion on this dispute, Apple argues that it (1) "has already agreed to produce documents related to seven of the codenames originally listed" and (2) "for the remaining eight codenames, the relevant documents—i.e., those that are related to the accused technology—that could be found after reasonable search have already been produced in response to Plaintiffs' many other RFPs." (RFP Opp'n at 1–2.)

Given the extensive discovery that has already occurred in this case, including based on ESI keywords tailored to identifying documents relating to the accused technology, Plaintiffs have not adequately explained how proportionality supports this additional discovery sought. Although Plaintiffs argue that certain documents referencing codenames may not mention "pulse rate" or "pulse rate software," many other ESI searches have been run that are related to the accused technology and go beyond these terms. On the current record, the Special Master finds that the burden to identify any non-overlapping documents sought outweighs the likely benefit.

At the hearing, the parties did not present oral argument on this issue. Plaintiffs' RFP Motion is **DENIED** as to this dispute.

### 1.2   DOCUMENTS REGARDING "EFFICIENT INFRINGEMENT"

<u>Request For Production No. 446 (original):</u>

Documents regarding the practice of efficient infringement.

Apple argues that it has "*already* searched its full document collection for the term 'efficient infringement' . . . . The search identified nine documents that use the phrase, and Apple has produced all of those documents that are not privileged and are responsive." (RFP Opp'n at 3

(emphasis in original).) In reply, Plaintiffs express dissatisfaction with this response. They suggest that Apple has only searched the files of its ESI custodians, and otherwise question whether Apple has indeed produced documents responsive to RFP No. 446.

Plaintiffs' RFP Motion is **GRANTED-IN-PART** on this issue at this time in that Apple is **ORDERED** to submit a sworn declaration to support its assertion that "Apple has produced all of those documents that are not privileged and are responsive." The declaration should otherwise explain whether Apple has searched for and produced documents specifically in response to RFP No. 446, and if certain documents have not been produced, explain why not.

### 1.3 DOCUMENTS REGARDING "EFFICIENT INFRINGEMENT" EXAMPLES

**Request For Production No. 570 (narrowed):**

Documents regarding any analysis by Apple on iPhone compatible devices for measuring pulse rate or oxygen saturation to determine whether to add a pulse rate or oxygen saturation feature to the Apple Watch Products.

**Request For Production No. 571 (narrowed):**

Documents regarding any analysis by Apple on applications for measuring pulse rate or oxygen saturation, including applications on the App Store, to determine whether to add a pulse rate or oxygen saturation feature to the Apple Watch Products.

**Request For Production No. 572 (original):**

Documents regarding any analysis by Apple, including analysis of iPhone compatible devices, to determine whether to add an ECG monitoring feature to the Apple Watch Products or to create an ECG monitoring application for the Apple Watch Products.

**Request For Production No. 573 (original):**

Documents regarding any analysis by Apple, including analysis of any iPhone compatible devices, to determine whether or how to obtain FDA clearance or approval for any ECG monitoring feature of the Apple Watch Products, or any ECG application for the Apple Watch Products.

**Request For Production No. 574 (original):**

Documents regarding any analysis by Apple of the FDA clearances or approvals for any iPhone compatible device.

Plaintiffs argue that "these requests seek information about Apple's analysis of

4

incorporating particular physiological monitoring features in the Apple Watch, including features that were originally part of third-party compatible devices." (RFP Mot. at 4.) Among other arguments, Apple argues that these RFPs are overbroad and would "sweep in nearly *any* analysis that Apple has done regarding the pros and cons of pulse rate/oxygen functionality, ECG functionality, and the viability of receiving FDA approval for *any* Apple product." (*Id.* at 5 (emphasis in original).)

Although the Special Master has already directed discovery of similar RFPs (*see* Discovery Order No. 2), on their face, RFPs 570–572 are limited to analyses to "determine whether to add" a particular feature to the Apple Watch products. RFP 573 similar relates to analysis of any iPhone compatible devices "to determine whether or how to obtain FDA clearance or approval." The Special Master finds this RFPs sufficiently narrowly tailored to be supported by proportionality in this case.

At the hearing, Apple argued that RFP 573 presents different issues than those in play for RFPs 570–572, and Apple renewed its objection to providing responses to this request. After further considering the arguments made and evidence raised, including that RFP 573 is limited to "any ECG monitoring feature of the Apple Watch Products, or any ECG application for the Apple Watch Products," the Special Master finds that Apple's objections to this RFP must be overruled.

Plaintiffs' motion is **GRANTED** as to RFPs 570–573 and **DENIED** as to RFP 574.

### 1.4 DOCUMENTS REGARDING REGIONAL AVAILABILITY OF PULSE OXIMETRY APPLE WATCH FEATURE

Request For Production No. 589 (original):

> Documents and communications regarding how Apple determines whether to make the Apple Watch Products' pulse oximetry feature available in a region.

Request For Production No. 590 (original):

> Documents sufficient to show how Apple determines whether to make the Apple Watch Products' pulse oximetry feature available in a region.

5

Request For Production No. 591 (original):

>  Documents and communications regarding why the Apple Watch Products' pulse oximetry feature is not available in all regions.

Request For Production No. 592 (original):

> Documents sufficient to show why the Apple Watch Products' pulse oximetry feature is not available in all regions.

Apple states that "Apple Watch's pulse oximetry feature . . . was intended to be—and should have been—available everywhere in the world." (RFP Opp'n at 5.) Apple states that "due to a clerical error, the App was not available in a subset of countries . . . . Apple is now in the process of disseminating a software update that will correct that error." (*Id.*) Plaintiffs respond by stating dissatisfaction with Apple's position and arguing they are "entitled to test Apple's new assertion, especially in view of Apple's repeated incorrect assertions on this issue during . . . meet and confer." (RFP Reply at 3.)

At the hearing, the parties did not present oral argument on this issue. Plaintiffs' RFP Motion is **GRANTED-IN-PART** on this issue at this time in that Apple is **ORDERED** to submit a sworn declaration of an Apple employee to support its assertion that Apple Watch's pulse oximetry feature was only inadvertently unavailable in a subset of countries due to a "clerical error." Plaintiffs' RFP Motion is **OTHERWISE DENIED** on this issue.

2. APPLE'S FEBRUARY 15, 2022 RULE 30(B)(6) MOTION

Judge Early previously directed Apple to offer a Rule 30(b)(6) witness on certain topics after Apple shared with Plaintiffs that it no longer had access, custody, or control over certain Lamego documents from the timeframe when Lamego worked at Apple. The Special Master later reviewed the parties' disputes relating to the testimony provided by Apple's Rule 30(b)(6) witness, and directed Apple's witness to further answer by way of declaration four specific questions that had been asked at the deposition. (Disputes relating to Apple's Rule 30(b)(6) witness and her declaration remain ongoing, but are not addressed by this ruling.)

6

Judge Early's ruling permitted Plaintiffs to take "narrow" discovery to explore questions related to the unavailable Lamego documents. (*See, e.g.*, 6/17/2021 Hearing Tr. at 28:12.) Judge Early's ruling also permitted Apple to take "proportional" discovery regarding document retention. Apple thus also served Masimo with a Rule 30(b)(6) notice on document retention topics, including relating to *Masimo's* maintenance and retention of Lamego's and O'Reilly's documents. Apple now argues that Masimo's designated witness, Bobby Lee, was not adequately prepared to testify on three of the seven topics—Topic Nos. 1, 4, and 6.

In its introductory paragraph, Apple asserts that its seven document retention topics were "relevant" and "reasonable." Its brief otherwise makes a "what's good for the goose is good for the gander" argument, referencing the additional responses that the Special Master previously ordered of Apple's Rule 30(b)(6) witness. But as Masimo notes, there is no threshold basis to support that Masimo has been unable to produce all responsive documents relating to Lamego and O'Reilly. The situation here is different from the one facing Apple, where Apple specifically admitted (with some ambiguous statements) to Masimo and Judge Early that it no longer had access to certain Lamego documents.

The Special Master has reviewed Lee's deposition, and as with Apple's Rule 30(b)(6) witness, Lee was generally adequately prepared to answer the many varied and detailed questions asked by Apple's counsel. Although Lee did not know or could not recall answers to some of Apple's questions, Apple has not explained what disputed issues exist that require the Special Master to compel further answers to those questions. The Special Master notes that with certain lines of questioning, Apple seemed to be exploring Masimo's measures for maintaining the secrecy of its alleged trade secrets rather than a standard exploration of the adequacy of Masimo's document retention policies and its productions in this case. The burden will ultimately be on *Masimo* to show it adequately maintained the secrecy of its alleged trade secrets. Thus, although the Special Master will not compel a further Rule 30(b)(6) witness on the three topics identified in Apple's motion, Masimo may wish to consider whether, in any event, it would be willing to offer Lee or another witness to testify further on these or related topics.

At the hearing, Apple submitted on the tentative ruling as to this dispute, but expressed

some concerns about the parties' ongoing disputes related to *Apple's* Rule 30(b)(6) witness on document retention topics. Those issues will be addressed by a future ruling.

Apple's Rule 30(b)(6) Motion is **DENIED**.

### 3. CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

- Masimo's February 11, 2022 RFP Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 1 of this Order. The additional discovery and declaration(s) contemplated by this Discovery Order No. 6 shall be served within 28 days of this ruling.
- Apple's February 15, 2022 Rule 30(b)(6) Motion is **DENIED**.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: March 17, 2022

_____
Hon. Andrew J. Guilford (Ret.)
Special Master

JUDICATE WEST
Alternative Dispute Resolution

Results Beyond Dispute℠

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

## PROOF OF SERVICE

**Masimo Corporation, et al. vs. Apple, Inc.**
**A279845**

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On March 17, 2022, I served the foregoing documents, described as:

**ORDER NO. 6 OF SPECIAL MASTER ON TWO DISCOVERY MOTIONS**

to the following parties:

**SEE ATTACHED MAILING LIST**

**(X) BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

**( ) BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

**( ) BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

**( ) BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

**( ) BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

**( ) STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**( ) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 17, 2022,** at Santa Ana, California

Heidi Adams
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9ᵀᴴ Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Thursday, March 17, 2022

**JW Case #: A279845**

*Case Caption: Masimo Corporation, et al. vs. Apple, Inc.*

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Ryan J. Moran, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: rmoran@apple.com
Representing Apple, Inc.

Natalie Pous, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: npous@apple.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.


Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.


Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.


Joshua H. Lerner, Esq.
Gibson, Dunn & Crutcher, LLP
555 Mission St.
Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200   Fax: (415) 393-8306
Email: jlerner@gibsondunn.com
Representing Apple, Inc.


Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.


H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

JUDICATE WEST
Alternative Dispute Resolution
*Results Beyond Dispute*℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

---

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500 Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000 Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000 Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590 Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590 Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.

Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031 Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495