Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

FILED
CLERK, U.S. DISTRICT COURT
4/11/22
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279875)<br><br>[AMENDED] ORDER NO. 3 OF SPECIAL MASTER ON TWO DISCOVERY MOTIONS |

This Discovery Order No. 3 of the Special Master addresses two pending discovery disputes.

First, on November 17, 2021, Masimo Corporation and Cercacor Laboratories, Inc. (together, "Masimo") moved to compel Apple to produce documents responsive to Masimo's Request for Production ("RFP") Nos. 285–287, 299–302, 305–308, 311, 407–408, 410–411, 437–438, 440, 469, 486–489, 494, and 497. ("RFP Mot.") (As will be discussed, Masimo has since withdrawn its motion as to some of these RFPs.) Masimo states that "[t]his Motion seeks documents about the use of Apple's products in various clinical and non-clinical settings. The Motion also seeks information about Apple's HealthKit and ResearchKit software, clinical research, and communications with the FDA." Apple opposed the motion on December 1 ("RFP Opp'n") and Masimo filed a reply on December 8 ("RFP Reply").

1

Second, on November 29, 2021, Apple moved to compel further responses to its Interrogatory Nos. 4–7, 11, 23, 26, and 29. ("ROG Mot.") Apple states that these interrogatories ask Masimo "to disclose the basic facts on which [it] relied for [its] patent inventorship/ownership and trade secret misappropriation claims." Apple also acknowledges that some of the same disputes were brought before Judge Early in January 2021. Masimo opposed the motion on December 13 ("ROG Opp'n") and Apple filed a reply on December 20 ("ROG Reply").

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on January 5, 2022. Before the hearing, the parties were provided with a tentative R&R relating to the two disputes. The hearing was reported by Court Reporter Deborah Slinn. The Special Master appreciates counsel's reasonable and thoughtful arguments at the hearing.

As explained further in various sections of this Order, the Special Master rules as follows.

- Masimo's RFP Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 1 of this Order. Additional discovery responses required by the ruling on this motion shall be served within 21 days of final issuance of this Discovery Order No. 3.
- Apple's ROG Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 2 of this Order. Additional discovery responses required by the ruling on this motion shall be served within 28 days of final issuance of this Discovery Order No. 3.

1.  MASIMO'S NOVEMBER 17, 2021 RFP MOTION

    1.1   Preliminary Considerations

In its reply brief, Masimo includes a footnote that states, "[i]n view of the Special Master's guidance in the Tentative Order dated December 2, 2021, Masimo withdraws Request Nos. 299–302, 305–308, and 311 from this Motion." (RFP Reply at 1.) The Special Master thus **DENIES AS MOOT** Masimo's RFP Motion as these RFPs.

### 1.2   RFP Nos. 440, 486–489, and 497

The Special Master has already previously reviewed and ruled on the parties' disputes related to the scope of Masimo's marketing trade secrets. (*See* Discovery Order No. 2 at 4–6.) The Special Master finds no basis to review the parties' dispute again in the context of these particular RFPs.

The Special Master rules as follows.

| | | |
|---|---|---|
| 440 | Documents regarding decisions to research or design products that can be used for medical research. | **DENIED** as overbroad, vague, and ambiguous, including as to the term "products that can be used for medical research." |
| 486 | Documents regarding the value or importance of performing health research using Apple products. | **DENIED** as overbroad, vague, and ambiguous, including as to the term "health research." |
| 487 | Documents regarding the value or importance of using Apple products to ▇▇▇▇▇▇▇▇▇▇▇▇▇ | **GRANTED**, with the understanding that the term "patient" is used consistent with its use in the phrase "professional patient care field" in trade secret 43.1. |
| 488 | Documents regarding the value or importance of ▇▇▇▇▇▇▇▇▇▇▇▇▇ | **GRANTED** with the understanding that the scope of this RFP is limited to relate to (1) any Apple Watch Products and (2) any Apple products that could be used by physicians to monitor a patients' physiological parameters. |
| 489 | Documents regarding the value or importance of ▇▇▇▇▇▇▇▇▇▇▇▇▇ | **GRANTED** with the understanding that the scope of this RFP is limited to relate to (1) any Apple Watch Products and (2) any Apple products that could be used by physicians to monitor a patients' physiological parameters. |

| 497 | Documents regarding the value or importance of ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ | **GRANTED** with the understanding that the scope of the phrase "Apple products" is limited to (1) any Apple Watch Products and (2) any Apple products that could be used by physicians to monitor a patients' physiological parameters. |
|---|---|---|

### 1.2   RFP Nos. 437 and 438

Masimo argues that RFP Nos. 437 and 438 are relevant to its remaining trade secrets for "strategies for interacting with hospitals."

In considering a motion to dismiss the Fourth Amended Complaint, Judge Selna dismissed Masimo's trade secrets ~~44.2~~ 44.1 through 44.4 without leave to amend. (Apr. 21, 2021 Order at 5–6.) Masimo argues that "[t]he Court did not dismiss Trade Secrets 44.6 and 44.7 . . . , which incorporate the material from any of Trade Secrets 44.1–44.5." (RFP Mot. at 3.) Masimo's argument that Trade Secrets ~~44.2~~ 44.1 through 44.4 live on via incorporation into trade secrets 44.6 and 44.7 is not persuasive. Trade Secret 44.6 states, "[t]he knowledge that Plaintiffs were pursuing 1–5 above when interacting with hospitals." Trade Secret 44.7 states, "[t]he value, importance, and appropriateness of 1–5 above for interacting with hospitals." These two trade secrets are not comparable to a dependent patent claim with additional limitations that require their own showing of non-infringement or invalidity. Masimo's position would permit it to improperly resuscitate Trade Secrets ~~44.2~~ 44.1 through 44.4 after they were found insufficient by the Court. Judge Selna's ruling supports the conclusion that Trade Secrets 44.6 and 44.7 must now be limited to building on ~~44.1 and~~ 44.5 only.

The Special Master does find, however, that Trade Secret 44.5 is more akin to a dependent patent claim. It incorporates "[t]he strategy of [44.]4 above," and further builds on it with meaningful, additional requirements. And at the motion to dismiss stage, the Court specifically concluded that the additional requirements of Trade Secret 44.5 were "clearly distinguishable from any standard marketing strategy." (Apr. 21, 2021 Order at 6.)

Among other arguments, Masimo argues that its RFPs Nos. 437 and 438 "track secrets 44.4 and 44.5." But the Special Master disagrees. As written, RFPs Nos. 437 and 438 are fairly broad. Moreover, the information sought is ultimately irrelevant if it does not relate back to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Trade Secrets 44.4, 44.5. This is also reflected by some of Masimo's own arguments in briefing. (*See* RFP Reply at 2.)

The Special Master thus **DENIES** Masimo's motion as to RFPs 437 and 438 as overbroad.

| 437 | Documents regarding Apple implementing or considering any strategy for persuading hospitals to share clinical data. |
| 438 | Documents regarding the value and importance of any strategy for persuading hospitals to share clinical data. |

### 1.3   RFP No. 494

The Special Master has considered the parties' arguments regarding RFP No. 494, and finds Apple's argument regarding the language of the Fourth Amended Complaint unpersuasive. The Special Master **GRANTS** Masimo's motion as to that RFP, which requests "[d]ocuments regarding the value or importance of HealthKit to Apple." Apple's argument at the hearing that this RFP should be limited is not persuasive.

### 1.4   RFP Nos. 285–287

The Special Master has considered the parties' arguments regarding RFP Nos. 285–287, and finds that all three RFPs are overbroad because none of them are limited to both (1) specific products and (2) the measurement of physiological parameters. The Special Master is further guided by a determination reached by Judge Early about an RFP similar to RFP No. 285.

The Special Master thus **DENIES** Masimo's motion as to RFP Nos. 285–287.

5

| | |
|---|---|
| 285 | All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the Food and Drug Administration (FDA) regarding any of the Apple Watch Products, including any application operating on the Apple Watch Products. |
| 286 | All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the FDA, regarding the measurement of any physiological parameter. |
| 287 | All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the FDA, regarding any informal meetings addressing whether any Apple product requires FDA clearance or approval and how said clearance or approval could be obtained. |

### 1.4   RFP Nos. 407–408, 410–411, and 469

The Special Master is generally satisfied by Apple's statements in meet and confer letters stating that it has agreed to produce, and indeed has already produced, documents responsive to the full scope of these requests. (*See, e.g.*, Ex. 8 at 117, Ex. 10 at 123.) But to ensure no further dispute, Apple is **ORDERED** to serve a supplemental written response to RFP Nos. 407–409, 410–411, and 469 clearly stating under oath of its attorney that it has done so.

## 2.   APPLE'S NOVEMBER 29, 2021 ROG MOTION

<u>Interrogatory Nos. 4 and 5</u>

> 4.   For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged Inventor and/or others conceived of such subject matter and/or reduced such subject matter to practice, identifying when such conception and reduction to practice took place, describing each Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, and identifying and

6

describing in detail all evidence to support any contention that the inventors named on that Apple Patent did not solely conceive and/or reduce to practice any of the claims of that Apple Patent. (Ex. 2 to ROG Mot.)

5. For each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple Patent and/or Apple Application, identifying by patent column and line number or application page and paragraph number all subject matter of such Apple Patent or such Apple Application that Plaintiffs assert was developed by Marcelo Lamego, describing the circumstances under which Marcelo Lamego and/or others conceived of such subject matter, identifying when such conception and reduction to practice took place, identifying any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such subject matter and/or reduction to practice of such subject matter, describing each such Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, identifying which entity—Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and stating in detail any other factual and legal bases for Your contention that You are entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications. (Ex. 2 to ROG Mot.)

There is no reasonable dispute that at least some further response to these interrogatories is warranted before discovery closes. The issues, however, are *when* further responses must be provided and *how much more detail* is required.

The parties hotly dispute the timing issue. Apple previously moved to compel a further response to these two interrogatories, and its request was denied by Judge Early in February 2021. A review of Judge Early's order shows that he found both interrogatories "seek information that is relevant to this case." (Dkt. No. 298 at 13.) But he also found both interrogatories were "not so limited" or narrow as Apple suggested. (*Id.*) He ultimately concluded that requiring a further response would be premature and "of questionable value" at the stage of the case, but specifically reminded "all parties that they are subject to Rule 26(e)(1)(A)'s mandate [to] supplement any interrogatory response 'in a timely manner[.]'" (*Id.* at 14.)

Despite this reminder, and despite the significant amount of time that has passed since Judge Early initially considered the issue, Masimo has provided no further supplemental responses to these interrogatories since August 2020. Masimo argues that depositions are still on the horizon and it is now contending with review of millions of pages of documents. But surely Masimo can now

7

provide more detailed responses to these interrogatories compared to what it could a year ago. And with the end of fact discovery approaching, Apple is entitled to those further responses so that it can investigate and defend against Masimo's assertions in turn.

As far as the amount of detail required, at the hearing, Apple explained that it maintains its request for patent inventorship contributions by specific column and line number of the specification, which is Masimo's chief complaint about the scope of these interrogatories. Based on consideration of the arguments raised, including new arguments made at the hearing, the Special Master finds that the full scope of these interrogatories is overly broad and unduly burdensome. Although Apple has suggested some potential basis for seeking inventorship contribution by column and line number of the specification, proportionality ultimately does not support the exercise.

Instead, Apple has otherwise stated in more general terms that No. 4 seeks "the facts underlying [Plaintiffs'] claim that their employees invented the subject matter set forth in the Apple patents and patent applications listed in the complaint and to describe the circumstances under which they contend the inventions occurred." (ROG Mot. at 1.) As to No. 5, Apple has stated that it asks "Plaintiffs to identify the evidence that they believe demonstrates that former Apple employee Marcelo Lamego developed the subject matter set forth in each Apple patent and application while he was working for Plaintiffs and to describe the circumstances under which he or others did so." (*Id.*) Masimo must provide this information to the best of its ability under this Order, and of course must later supplement if more information comes to light in the final months of discovery. But it is not required to do so by providing a column and line number analysis of the applicable patent specifications.

Apple's motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as to these interrogatories.

Interrogatory No. 23

> 23. Identify all facts of which You are aware that relate to each of the Apple Patents and each of the Apple Applications. Your response should identify at least the circumstances and dates relating to your first awareness of each of the Apple Patents and each of the Apple Applications. (Ex. 3 to ROG Mot.)

The Special Master has reviewed Interrogatory No. 23, Masimo's response, and the parties' arguments in their papers regarding it. The Special Master finds that Masimo has adequately responded to this request, but Masimo is reminded of its duty to supplement as more information becomes available to it, particularly if it becomes aware of additional information regarding its first awareness of particular Apple Applications. Apple's counsel stated that Apple submitted on the tentative R&R as to the dispute over this interrogatory.

Apple's motion is **DENIED** as to this interrogatory.

Interrogatory No. 6

> 6. For each alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person. (Ex. 12 to ROG Mot.)

Apple argues that Masimo has only provided development details for one out of sixteen of Masimo's ▮▮▮▮▮ trade secrets. Masimo argues that this issue was already addressed by Judge Early, but does not refute Apple's underlying assertion about the nature of Masimo's interrogatory response itself. (*See generally*, ROG Opp'n at 4–5.) Masimo must provide a further response that addresses the other fifteen out of sixteen ▮▮▮▮▮ trade secrets. Masimo's counsel stated that Masimo submitted on the tentative R&R as to the dispute over this interrogatory.

Apple's Motion is **GRANTED** as to this interrogatory.

Interrogatory No. 7

> 7. For each alleged Trade Secret that You contend was misappropriated by Apple, describe all actions You have taken to safeguard the alleged Trade Secret's secrecy. (Ex. 7 to ROG Mot.)

The Special Master has reviewed Interrogatory No. 7, Masimo's response, and the parties' arguments in their papers regarding it. The Special Master finds that Masimo has adequately responded to this request, but Masimo is reminded of its duty to supplement as more information

becomes available to it, particularly if it becomes aware of unique actions undertaken to safeguard particular trade secrets. Apple's counsel stated that Apple submitted on the tentative R&R as to the dispute over this interrogatory.

Apple's motion is **DENIED** as to this interrogatory.

### Interrogatory No. 11

> 11. For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access. (Ex. B to ROG Opp'n.)

Judge Early previously considered a request to compel a further response to this interrogatory. Judge Early granted Apple's motion on this point, but the parties dispute whether Judge Early's ruling required Masimo to provide "the period of time over which the individuals had . . . access" to Masimo's trade secrets.

The parties' competing interpretations of Judge Early's ruling are each reasonable. But based on review of Judge Early's order and the arguments presented, the Special Master finds that a supplemental response to this interrogatory to provide time period information is not warranted.

The parties also dispute whether Masimo has adequately identified the individuals who had access to Masimo's business and marketing trade secrets. The Special Master finds Masimo's response sufficient on this point at this stage, but Masimo is reminded of its burden to prove the secrecy of its trade secrets and its duty to supplement as more information becomes available to it.

Apple's motion is **DENIED** as to this interrogatory.

### Interrogatory No. 26

> 26. For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You have used, are using, or plan to use the alleged Trade Secret, including the identity of every product, strategy, or plan that allegedly incorporates each alleged Trade Secret, the functionality that allegedly incorporates each alleged Trade Secret, when each alleged Trade Secret was incorporated into every product, strategy, or plan, and when each alleged Trade Secret ceased being incorporated into every product, strategy, or plan. (Ex. 11 to ROG Mot.)

The Special Master has reviewed Interrogatory No. 26, Masimo's response, and the parties' arguments in the papers regarding it. The Special Master finds that Masimo has adequately responded to this request in many ways.

The Special Master does not reach a determination in the context of this discovery motion regarding whether apportionment of a plaintiff's products is required for particular types of damages analyses in this case. But Apple is entitled to fully explore its potential competing damages theories, including theories relying on apportionment of plaintiff's products. For the technical trade secrets, to the extent possible, Masimo must explain "the functionality that allegedly incorporates each alleged Trade Secret." Of course, Masimo can maintain its position, among others, that a trade secret is "incorporated" if someone relied on the teachings of a trade secret to decide whether to include or not include a certain functionality in a future product. But even while maintaining this position, Masimo must still disclose to Apple the functionality (e.g., software algorithm) itself that actually tracks each technical trade secret, and which products the functionality is actually present in.

Apple's motion is **GRANTED-IN-PART** as to this interrogatory on the grounds stated herein.

### Interrogatory No. 29

> 29.   Identify each and every market in which the products that You allege include Your Trade Secrets compete and the scope of the products included in those markets, including but not limited to, for each such market, whether the market includes clinical or non-clinical grade products, whether the market includes consumers or healthcare professionals, whether the market includes products that conduct pulse oximetry measurements while a user is moving, whether the market includes products that do not conduct pulse oximetry measurements while a user is moving, and whether the market includes products that conduct other forms of physiological monitoring while a user is moving. (Ex. 21 to ROG Mot.)

Masimo argues that Apple is seeking a "technical market definition" in response to Interrogatory No. 29, but that such a definition is irrelevant and otherwise a matter for expert testimony. (ROG Opp'n at 9–10.) Masimo also argues that it has already identified factual information in response to Interrogatory No. 29, including regarding the types of customers for its products, and thus has adequately responded to this interrogatory at this stage.

Apple does not necessarily dispute that it seeks a "market definition" in response to this interrogatory. (ROG Reply at 5 ("Plaintiffs argue that providing a market definition requires expert testimony. But the only cases they cite for this proposition come from the *antitrust* context . . . ." (citation omitted)).) But Apple also otherwise frames its request as seeking information about "what market Plaintiffs allege they compete in and the kinds of competing products in that market." (*Id.*) Apple argues that this information is relevant to damages, including "[t]o determine whether Plaintiffs lost sales as a result of Apple's purported misappropriation." (*Id.*)

The Special Master agrees with Apple that the market(s) that Masimo's products compete in and the kinds of competing products in the market(s) may be relevant to evaluating damages in this case. Masimo states that it has provided factual information in response to this interrogatory and "agreed to supplement if it learns of additional information." (ROG Opp'n at 10.) But it's not clear that Masimo has indeed provided all factual information responsive to this interrogatory. As Apple puts it, "Plaintiffs' independent, pre-litigation understanding of what they, as a business, consider to be their market is illuminating with respect to any later expert testimony, and Apple has a right to know what Plaintiffs consider to be their market regardless of what an expert might later opine." (ROG Reply at 5.) More information is required.

But the Special Master also agrees with Masimo that a "technical market definition" is not warranted at this stage unless Masimo has already conceptualized or relied on one or more "technical market definition(s)" in the ordinary course of its business. Ultimately, experts will likely opine on "technical market definition(s)" in the context of this case, and Masimo is correct that only underlying factual information need be provided here. But that includes factual information about Masimo's understanding of the scope of the types of products that compete against its products.

At the hearing, each party's counsel submitted on the tentative R&R as to the dispute over this interrogatory.

Apple's Motion is thus **GRANTED-IN-PART** as to this interrogatory.

## 3. CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

- Masimo's RFP Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 1 of this Order. Additional discovery responses required by the ruling on this motion shall be served within 21 days of final issuance of this Discovery Order No. 3.
- Apple's ROG Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 2 of this Order. Additional discovery responses required by the ruling on this motion shall be served within 28 days of final issuance of this Discovery Order No. 3.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: April 11, 2022

Hon. Andrew J. Guilford (Ret.)
Special Master