# ATTACHMENT I

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**[TENTATIVE] ORDER NO. 8 OF SPECIAL MASTER ON FOUR DISCOVERY MOTIONS** |

This Discovery Order No. 8 of the Special Master addresses four pending discovery motions. Plaintiffs had also filed a fifth discovery motion on March 7, 2022, but withdrew it in a March 21, 2022 letter.

First, on March 1, 2022, Apple moved to compel Plaintiffs to further produce documents and things in response to Apple's Requests for Production Nos. 346–354. ("Product RFP Mot.") Apple states, "[t]hese RFPs seek discovery related to Plaintiffs' products or planned products, including prototypes, that measure or are intended to measure physiological parameters." (*Id.* at 1.) Plaintiffs opposed the motion on March 8, 2022 ("Product RFP Opp'n") and Apple filed a reply letter brief on March 15, 2022 ("Product RFP Reply").

Second, Plaintiffs moved to amend their Section 2019.210 trade secret disclosure on March 4, 2022. ("Section 2019.210 Mot.") Apple filed an opposition on March 11, 2022 ("Section 2019.210 Opp'n") and on March 23, 2022 Plaintiffs timely submitted their reply ("Section 2019.210 Reply").

Third, on March 11, 2022, Apple moved to compel Plaintiffs to further produce documents in response to Apple's RFP Nos. 160, 180, 275, and 283–286. ("RFP Mot.") These RFPs relate to various categories of information, including Plaintiffs' (1) clinical studies, (2) hospital trade secrets, (3) communications with the FDA "relating" to O'Reilly, and (4) documents from the *True Wearables* case. Plaintiffs opposed the motion on March 23, 2022 ("RFP Opp'n"), and Apple replied on March 30, 2022 ("RFP Reply").

Fourth, on March 25, 2022, Apple moved to correct a "clerical error" in the Special Master's Discovery Order No. 3. ("Clerical Error Mot.") On April 1, 2022, Masimo filed a one-page opposition letter ("Clerical Error Opp'n"), arguing that the motion is moot.

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on April 8, 2022. Before the hearing, the parties were provided with a tentative R&R regarding the four disputes.

The Special Master rules as follows.

- A ruling on Apple's March 1, 2022 Motion to Compel Production as to RFPs Concerning Plaintiffs' Products and Prototypes is **DEFERRED** pending completion of the additional meet and confer efforts specified in Section 1 of this Ruling.
- The Special Master **DECLINES TO RULE** on Masimo's March 4, 2022 Motion for Leave to Amend its Trade Secret Disclosures on the basis that the matter is better presented to Judge Selna, and **RECOMMENDS** in Section 2 of this Ruling that the parties rest on the letter briefs they have filed on this topic with the Special Master by resubmitting them to Judge Selna.
- Apple's March 11, 2022 Motion to Compel Production as to Various RFPs is **DENIED**.
- Apple's March 25, 2022 Motion to Correct Discovery Order No. 3 is **GRANTED**.

1. **APPLE'S MARCH 1, 2022 MOTION TO COMPEL PRODUCTION IN RESPONSE TO RFPS CONCERNING MASIMO'S PRODUCTS AND PROTOTYPES**

The Special Master has reviewed the parties' arguments and is not persuaded that the parties have adequately met and conferred on the disputes raised relating to Apple's RFPs Nos. 346–354.

A ruling on Apple's March 1, 2022 Motion to Compel is **DEFERRED.** Apple is **ORDERED** to provide Masimo and the Special Master with a document within seven days of this Order specifying the exact language of Apple's proposed narrowed versions of each of these RFPs. Masimo is **ORDERED** to respond within seven days of receiving that document with any written objections it is maintaining to each of the narrowed RFPs, including based on arguments timely discussed in its opposition to Apple's March 1, 2022 motion. After the parties have met and conferred at least telephonically, they must timely contact the Special Master with an identification of remaining disputes related to this motion that require resolution at the next hearing.

Some discovery on these topics is warranted. But the requests are overbroad as originally written, and Apple has failed to clearly define how it is proposing to narrow each of these RFPs. Apple is also expected to consider other ways to narrow the RFPs and reach a compromise with Plaintiffs beyond the suggestions it has made in its briefs, as it is unclear whether the briefs' suggestions are sufficient to overcome overbreadth concerns. The parties will likely not be permitted an opportunity to submit further briefing on this issue beyond the items ordered by this ruling.

2. **MASIMO'S MARCH 4, 2022 MOTION FOR LEAVE TO AMEND ITS SECTION 2019.210 TRADE SECRET DISCLOSURE**

During initial scheduling in this case, Judge Selna issued a Scheduling Order that stated, "[t]he Court stays the trade secret discovery only pending compliance with 2019.210. Any dispute over compliance shall be heard before the Magistrate Judge." (Dkt. No. 37.) Eventually, Judge Early found that Plaintiffs had complied, and that their Section 2019.210 disclosure was sufficient for discovery to begin. After Judge Early reached his determination regarding the sufficiency of the

disclosure's compliance with 2019.210 (Dkt. No. 279), Judge Selna found as a matter of pleading sufficiency during a motion to dismiss Plaintiffs' Third Amended Complaint that some of the stated trade secrets did not satisfy the plausibility requirements of *Iqbal* and *Twombly*. (Dkt. No. 264 (sealed).) Plaintiffs' most updated recitation of their trade secret disclosures appears in their Fourth Amended Complaint. (Dkt. Nos. 296-1 (sealed).) The FAC was also challenged on a motion to dismiss, with some of the stated trade secrets ultimately dismissed with prejudice. (Dkt. No. 350 (sealed).)

After these proceedings, the Special Master was appointed in this case. (Dkt. No. 470.) The Order Appointing Special Master states,

> 4. Pursuant to Rule 53(b)(2)(A), the Special Master's duty is to decide pretrial discovery disputes that were previously referred to Magistrate Judge Early under General Order No. 05-07 (except motions for reconsideration of orders previously issued by Magistrate Judge Early). For the avoidance of doubt, this will include disputes that would normally be addressed under Local Rule 37 and any motions relating to discovery under Fed. R. Civ. P. 26-37. The Special Master shall have the power to decide disputes on an *ex parte* basis if appropriate.

(*Id.* at 1, ¶ 4.)

For many reasons – including those based on review of this procedural history, the stated scope of the Special Master's authority in the Order Appointing Special Master, and the nature of this dispute – the Special Master finds that this dispute is more appropriately raised before Judge Selna. The Special Master thus **DECLINES TO RULE** on Masimo's March 4, 2022 Motion for Leave to Amend.

For sake of judicial and party efficiency, the Special Master **RECOMMENDS** to the extent Plaintiffs intend to maintain their request to amend their trade secret disclosures, that Judge Selna accept as complete briefing the three letter briefs and their attachments filed before the Special Master by the parties on this issue and decline to accept any further submissions from the parties beyond their lodging of these materials on the docket.

3. **APPLE'S MARCH 11, 2022 MOTION TO COMPEL PRODUCTION IN RESPONSE TO RFPS CONCERNING VARIOUS ISSUES**

### RFP No. 160

> All Documents, Communications, and Things regarding clinical studies You have ever been involved in that relate to any Trade Secret.

For RFP No. 160, Apple's Motion requests that the Special Master order Plaintiffs to "(1) confirm whether any responsive documents remain to produce, and if so, (2) order them to produce those documents within one month." (RFP Mot. at 1.)

Apple's requests are **DENIED**, with the note that Plaintiffs are expected to comply with all deadlines in the amended scheduling order that has been entered by Judge Selna to the extent they intend to produce additional documents in response to this request.

### RFP No. 180

> All Documents, Communications, and Things regarding each hospital identified in Paragraph 44 of the Complaint, including but not limited to all agreements with each hospital.

Apple requests that Plaintiffs be ordered to produce "all responsive, non-privileged documents to RFP No. 180." (RFP Mot. at 3.) RFP No. 180 is overly broad and seeks discovery that is not proportional to the needs of this case. Plaintiffs adequately preserved an objection based on overbreadth in their written responses to this RFP. (Ex. 1 to RFP Mot., at 43.)

The Special Master thus **DENIES** Apple's request to compel further production in response to RFP No. 180.

### RFP No. 275

> All documents and communications between You and the United States Food and Drug Administration relating to Michael O'Reilly.

Apple requests that Plaintiffs be ordered "to produce all responsive, non-privileged documents to RFP No. 275." (RFP Mot. at 3.) In making this argument, Apple argues that communications directly between the FDA and O'Reilly are covered by this request. (*Id.*) Apple quotes its very broad general definition in its RFPs for the term "relating to" and states, "[a] communication between the FDA and O'Reilly by its terms concerns, reflects, identifies, refers to, involves, mentions, and/or is pertinent to O'Reilly." (*Id.*)

The Special Master finds Apple's RFP No. 275 is overbroad and as written, seeks discovery that is not proportional to the needs of this case. Apple's request to compel further production in response to RFP No. 275 is **DENIED**.

RFP No. 283

All correspondence between Plaintiffs and True Wearables, Inc. in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) and all responses to discovery requests in that same matter, that mention Marcelo Lamego or that relate to any of the alleged Trade Secrets You contend Apple misappropriated.

RFP No. 284

Unredacted copies of all redacted documents filed in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) that mention Marcelo Lamego or that relate to any of the alleged Trade Secrets You contend Apple misappropriated.

RFP No. 285

All correspondence between Plaintiffs and True Wearables, Inc. in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) and all responses to discovery requests in that same matter, that mention any current or former Apple employee other than Marcelo Lamego.

RFP No. 286

Unredacted copies of all redacted documents filed in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) that mention any current or former Apple employee other than Marcelo Lamego.

Apple requests that the Special Master "order Plaintiffs to produce all responsive, non-

privileged documents to RFP Nos. 283–286." (RFP Mot. at 4.) Apple states that "[a]t a minimum, Plaintiffs should be able to provide the documents and communications that *Plaintiffs* have produced for True Wearables as well as court filings that contain information that is confidential only to Plaintiffs." (*Id.*)

Apple is again seeking relief on RFPs that are vastly overbroad. Apple does not dispute, for example, Plaintiffs' overbreadth argument about documents that "mention Marcelo Lamego" in a lawsuit against a company owned by Marcelo Lamego. Proportionality does not support the Special Master's entering an order compelling production in response to these RFPs as written. Additional issues raised by Plaintiffs' opposition further support this outcome.

The Special Master **DENIES** Apple's request to compel documents in response to RFP Nos. 283–286.

### 4. APPLE'S MARCH 25, 2022 MOTION TO CORRECT DISCOVERY ORDER NO. 3

The Special Master has reviewed Apple's March 25, 2022 Motion, as well as Masimo's April 1, 2022 opposition. Based on the record, it is not necessary to review a reply.

Masimo argues, among other things, that the motion is moot because Masimo has specifically agreed in writing that "Trade Secret 44.1 was dismissed and Masimo will not cite or quote the text of Order No. 3 to argue in the future that Trade Secrets 44.6 and 44.7 incorporate Trade Secret 44.1." (Clerical Error Opp'n at 1.)

Although this appears to resolve the dispute, the Special Master will amend Discovery Order No. 3 to more clearly reflect Judge Selna's rulings in this case. The Special Master thus **GRANTS** Apple's March 25, 2022. An amended version of Discovery Order No. 3 will be issued on the docket shortly.

### 5. CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

- A ruling on Apple's March 1, 2022 Motion to Compel Production as to RFPs Concerning Plaintiffs' Products and Prototypes is **DEFERRED** pending completion of the additional meet and confer efforts specified in Section 1 of this Ruling.
- The Special Master **DECLINES TO RULE** on Masimo's March 4, 2022 Motion for Leave to Amend its Trade Secret Disclosures on the basis that the matter is better presented to Judge Selna, and **RECOMMENDS** in Section 2 of this Ruling that the parties rest on the letter briefs they have filed on this topic with the Special Master by resubmitting them to Judge Selna.
- Apple's March 11, 2022 Motion to Compel Production as to Various RFPs is **DENIED**.
- Apple's March 25, 2022 Motion to Correct Discovery Order No. 3 is **GRANTED**.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: _____

Hon. Andrew J. Guilford (Ret.)
Special Master