# ATTACHMENT II

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

March 4, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Ste 1600
Santa Ana, CA 92705

Re:     *Masimo Corp. et al v. Apple Inc.*, case no. 8:20-cv-00048-JVS-JDE (C.D. Cal.)

Judge Guilford:

Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") move to amend Masimo's Section 2019.210 trade secret disclosure (the "Disclosure"). The parties met and conferred, but were unable to resolve the dispute. Due to unique procedural facts, the Fourth Amended Complaint ("FAC")—not the prior Disclosure—is the operative trade secret disclosure.[1] Exhibit 1 is a redline showing changes that align the Disclosure with the operative FAC. Those amendments should not be controversial because they do not change the trade secrets as pleaded in the FAC. Exhibit 2 is a redline showing changes from Exhibit 1 to Masimo's proposed Disclosure. Those amendments either clarify the scope of existing trade secrets or identify additional acts of misappropriation that Masimo learned of during discovery. Exhibit 3 is a clean copy of Masimo's proposed Disclosure.

## I. ARGUMENT

### A. Legal Standards

While a plaintiff can often identify some trade secrets before filing suit, others may require discovery. Earlier in this case, Judge Selna explained that discovery is an "iterative process" and that a "[t]rade secret identification is naturally refined during discovery . . . ." Dkt. 273 at 7-8 (citing *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 659 (9th Cir. 2020)). In *InteliClear*, the Ninth Circuit explained that "discovery provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification." 978 F.3d at 662. As a result, the plaintiff in *InteliClear* properly "left open the possibility of expanding its identifications" after conducting discovery. *Id.* at 659 "Refining trade secret identifications through discovery makes good sense" because there are "valid reasons to avoid being overly specific at the outset in defining [the plaintiff's] intellectual property." *Id.* at 662. The *InteliClear* court imposed no condition on amendments. *See id.*

Thus, courts often allow parties to add or revise trade secrets during discovery. *See, e.g.*, *Vacco Indus., Inc. v. Van Den Berg*, 5 Cal. App. 4th 34, 51, n.16 (1992) (finding "no error" in allowing plaintiff to amend its trade secret disclosure "several times" and refusing to "limit plaintiffs to the trade secrets described in their original notice"); *Advante Int'l Corp. v. Mintel Learning Tech.*, 2006 WL 3371576, at *3-4 (N.D. Cal. Nov. 21, 2006) (compelling discovery on trade secrets identified on the last day of

---

[1] Apple had argued Masimo must identify its trade secrets in both the Complaint ***and*** a separate Disclosure. As a result, the parties litigated the same issue in parallel motions before Judge Early (addressing the Disclosure) and Judge Selna (addressing the complaint). Judge Early found the Disclosure sufficient and denied Apple's motion. Dkt. 279. Judge Selna granted part of Apple's motion (Dkt. 264), causing Masimo to file the FAC (Dkt. 296-1) after Judge Early found the Disclosure sufficient. Thus, the trade secret description in the FAC is more recent than the description in the Disclosure.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

discovery); *Givaudan Fragrances Corp. v. Krivda*, 2013 WL 5781183, *2-3 (D.N.J. Oct. 25, 2013) (allowing plaintiff to pursue 34 trade secrets disclosed "sporadically" throughout discovery and granting summary judgment only on trade secrets *never* disclosed during discovery); *StoneEagle Servs., Inc. v. Valentine,* 2013 WL 9554563, at *5 (N.D. Tex. June 5, 2013) (requiring plaintiff to describe trade secrets with "reasonable particularity" but explaining the court would *not* "prevent Plaintiffs from seeking to amend or supplement their list in the future" under Fed. R. Civ. P. 26(e)); *see also Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, 2017 WL 10543565, at *3 (C.D. Cal. Mar. 13, 2017) (explaining the plaintiff served an initial trade secret disclosure in 2014 and freely updated it in 2016 and 2017). Federal Courts have explained that reading Section 2019.210 to bar amendment would "raise serious questions under the Erie doctrine." *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1044 (N.D. Cal. 2004) (discussing the precursor to Section 2019.210, Section 2019(d)).

**B.    The Special Master Should Allow Amendments To Conform The Disclosure To The FAC**

The amendments shown in Exhibit 1 merely conform the Disclosure to the trade secret description in the FAC, which both parties have treated as the operative trade secret disclosure. *See, e.g.*, Ex. 4 at 14; Ex. 5 at 9. Apple opposes these changes by arguing Masimo must be trying to "evade" Judge Selna's order dismissing some trade secrets. *See* Ex. 4 at 1, 4. But Masimo confirmed it does *not* assert these changes would have any effect, whatsoever, on the scope of the case. Ex. 4 at 2. Matching the Disclosure to the FAC avoids confusion and allows the amendments discussed in Sections C and D below to be evaluated against the current text in the FAC. Without these changes, the parties and the Court will have to cross-reference multiple trade secret disclosures rather than having a single operative trade secret disclosure. The Special Master should allow the changes shown in Exhibit 1.

**C.    The Special Master Should Allow Masimo To Clarify Two Existing Specific Trade Secrets**

The Special Master should also allow Masimo to make small amendments to clarify two trade secrets. These amendments do not change the scope of the trade secrets Masimo disclosed to Apple. Apple has long known that Masimo interpreted these trade secrets in this manner, so it cannot claim any prejudice.

*First*, Masimo seeks to amend TS A.1 to recite ████████████████████████████████████ These amendments do not change the scope of this trade secret and merely clarify what Masimo disclosed long ago: ████ There should be no controversy on this point. ████████████████████████████████████

███

*Id.* ¶24-25. Thus, Masimo's amendments merely clarify what Masimo contended and disclosed long ago.

███ Ex. 4 at 3.
Apple can identify no prejudice from these changes, which are consistent with Masimo's interrogatory responses disclosed long ago. ███

D. **The Special Master Should Also Allow Masimo To Refine** ███ **Based On Information Learned In Discovery**

The Special Master should also allow Masimo to modify the Disclosure to refine the ███ trade secrets by adding two groups of specific trade secrets.

*First*, Masimo seeks to add trade secret B.5, which recites: ███

Masimo learned that Apple took this trade secret for the first time in discovery. ███

    *Second*, Masimo seeks to add three trade secrets concerning 

### E.    Apple's Objection Lacks Merit

    Apple argued some amendments should not be allowed because Masimo had purportedly not shown "good cause." Ex. 4 at 1, 3. As discussed, the Ninth Circuit held that trade secrets disclosures are often revised during discovery and did not mention any "good cause" requirement. *See InteliClear*, 978 F.3d at 659 (reversing early summary judgment order based on failure to identify all trade secrets before discovery). To the extent it is required, Masimo satisfied the good cause standard. The California Court of Appeal explained a plaintiff may properly amend to add new trade secrets identified during discovery. *See Perlan Therapeutics, Inc. v. Sup. Ct.*, 178 Cal. App. 4th 1333, 1350 (2009) ("If, through discovery, [the plaintiff] uncovers information suggesting defendants misappropriated additional trade secrets, it may have good cause to amend its trade secret statement under appropriate circumstances."); *see also Neothermia*, 345 F. Supp. 2d at 1044-45 (plaintiff freely amended its disclosure once and could amend further upon a showing of "good cause").

    Here, Masimo has been diligently pursuing discovery from Apple throughout this case. Masimo has had to move to extend the case schedule twice because the parties were not able to complete discovery. Dkt. 384 & 557. As Masimo explainedit wrote to Apple hundreds of times, met with Apple dozens of

times, and moved to compel fourteen times. Masimo's efforts have taken thousands of attorney hours and cost millions of dollars. Despite Masimo's efforts, Apple produced most of its documents only recently. In the sixteen months leading up to November of 2021, Apple produced 437,572 pages of documents total. Apple then produced 1,404,562 documents in less than three weeks from November 5-24. Masimo obviously has not had enough time to review all of Apple's production, but Masimo sought to balance speed (to avoid allegations of delay) against thoroughness (to avoid serial motions to amend). Masimo diligently reviewed that production, identified the trade secrets at issue here from late December through January, and then contacted Apple to discuss this Motion on January 28. Masimo proposed amending the Disclosure just two months after Apple's large November 2021 productions. Accordingly, Masimo satisfied any "good cause" requirement. *See Perlan* 178 Cal. App. 4th at 1350 (explaining a plaintiff has good cause to amend "[i]f, through discovery, [it] uncovers information suggesting defendants misappropriated additional trade secrets").

## II. CONCLUSION

For at least the reasons discussed above, Masimo respectfully requests the Special Master issue an order permitting Masimo to amend its Disclosure as shown in Exhibit 3.

Sincerely,

Adam B. Powell

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

knobbe.com