# ATTACHMENT IV

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# HAYNES BOONE

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
<u>Hearing Requested</u>

Kenneth G. Parker
Direct: (949) 202-3014
Fax: (949) 202-3152
Ken.parker@haynesboone.com

March 11, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Suite 1600
Santa Ana, CA 92705

Re:    <u>Masimo Corp. et al. v. Apple Inc.</u>, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Judge Guilford:

Apple opposes Plaintiffs' March 4, 2022 motion to amend the Section 2019.210 trade secret disclosure.

Plaintiffs filed suit well over two years ago. In that time, they have filed *five* iterations of their complaint—largely in response to Judge Selna's repeated rulings that the trade secret allegations failed to state a claim upon which relief could be granted. *See, e.g.*, Dkt. 60 at 7-8; Dkt. 219 at 7; Dkt. 264 at 9, 13. Last April, Judge Selna ordered a halt to Plaintiffs' serial attempted amendments. He noted that the "complaint has already been amended four times" and held that "[t]hose [claims] that have not survived dismissal relate to trade secrets that are legally incapable of constituting trade secrets." He further held that "allowing Plaintiffs leave to amend their complaint a fifth time would prejudice Apple." Ex. A at 11.

Plaintiffs are now seeking to circumvent Judge Selna's ruling in two ways. First, they are attempting to insert new purported trade secrets (or materially expanded definitions of existing secrets) into this 26-month-old case. This is a thinly disguised request to file a Fifth Amended Complaint, especially given Plaintiffs' assertion that their current complaint—and not their 2019.210 statement served in discovery—"is the operative trade secret disclosure." Mot. 1. In any event, as Judge Selna has recognized in the parallel *True Wearables* litigation, a party seeking to expand the scope of its trade secret case must establish good cause for doing so. *Masimo Corp. v. True Wearables, Inc.*, 2021 WL 2546752, at *1-2 (C.D. Cal. Mar. 10, 2021).[1] Plaintiffs have failed to make such a showing here.

Second, Plaintiffs are also attempting to sidestep Judge Selna's prior ruling by *adding* purported trade secrets to the 2019.210 statement that Judge Selna *dismissed* as "legally incapable of constituting trade secrets." Ex. A at 11. Plaintiffs do not identify authority supporting their (confusing) request, nor do they provide any explanation for waiting nearly a year to make it. Apple thus respectfully requests that the Special Master deny Plaintiffs' motion.

## I.    Plaintiffs' Request Goes Beyond The Special Master's Authority

Judge Selna's order appointing the Special Master gives the Special Master "the … duty … to decide pretrial discovery disputes that were previously referred to Magistrate Judge Early," which includes motions to compel under Local Rule 37 and "any motions relating to discovery under Fed. R. Civ. P. 26-37." Ex. B at 1. Plaintiffs' motion does not involve a discovery dispute. Rather, it seeks to *expand* the scope of their affirmative trade secrets case as they pleaded it in the Fourth Amended Complaint ("FAC") because any changes made to the Section 2019.210 statement would effectively become part of their operative pleadings going forward. Indeed, in *True Wearables*, Judge

---

[1] Mr. Lamego founded True Wearables, Inc., in approximately August 2014 after his short time at Apple. Plaintiff Masimo, represented by the same counsel, has also sued True Wearables and Mr. Lamego for trade secrets misappropriation in the *True Wearables* case.

**HAYNES BOONE**

Hon. Andrew J. Guilford (Ret.)
March 11, 2022
Page 2

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Early himself concluded that a motion that sought a ruling on the scope of Masimo's trade secret claims "is beyond the scope of the discovery reference to the assigned magistrate judge" and suggested that the moving party take the issue up directly with Judge Selna. *See Masimo Corp. v. True Wearables, Inc.*, 18-cv-02001 (C.D. Cal. Jan. 19, 2021), ECF 150 at 2. The Special Master should deny the motion. *See Cisco Sys., Inc. v. Chung*, 2020 WL 7495085, at *9 (N.D. Cal. Dec. 21, 2020) (granting motion to strike trade secrets that "f[e]ll outside the scope of the court's prior order"), *reconsideration denied*, 2021 WL 981048 (N.D. Cal. Mar. 16, 2021).

**II.    Plaintiffs Have Failed To Show Good Cause To Expand Their Trade Secret Case**

**A.    A Party Must Show Good Cause Before Being Permitted To Expand Its Trade Secret Case Beyond The Bounds Of Its Section 2019.210 Statement**

Setting aside Judge Selna's ruling on the FAC, Plaintiffs must show good cause to amend their trade secrets statement, and they cannot. California Code of Civil Procedure Section 2019.210 requires a trade secret plaintiff to "identify the trade secret[s]" it intends to pursue "*before* commencing discovery." (Emphasis added.) Among other things, this "prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets" and "enables defendants to form complete and well-reasoned defenses." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999).

In a recent decision by Judge Selna that Plaintiffs fail to address in their motion, he explained that following the initial Section 2019.210 statement, "a new trade secret can only be added on a showing of good cause, meaning that the burden is placed on the party seeking to assert new trade secrets." *True Wearables*, 2021 WL 2546752, at *2. This "makes logical sense" because initial disclosures under Fed. R. Civ. P. 26 and § 2019.210 are both "designed to facilitate the parties' understanding of the case early on and to inform the appropriate scope of discovery." *Id.* Good cause generally focuses on "the moving party's reasons for seeking modification," as well as on "the existence or degree of prejudice to the [non-moving] party." *See Blue Novis, Inc. v. U.S. All. Grp., Inc.*, 2021 WL 3162183, at *2 (C.D. Cal. May 18, 2021); *see also Vitec Elecs. Corp. v. Veris Indus., LLC*, 2021 WL 5937336, at *13-14 (Cal. Ct. App. Dec. 16, 2021) ("Good cause includes, typically, a party's diligence, the excused inability to have sought the relief earlier, and lack of prejudice to the opposing party.").[2]

Plaintiffs argue at some length that the Ninth Circuit's ruling in *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020) (and a host of older district court rulings), permits Plaintiffs to add or expand their asserted trade secrets without limitation. Mot. 1, 4. Judge Selna considered this precise argument and rejected it, explaining that "*InteliClear* does not address the addition of wholly new trade secrets." *True Wearables*, 2021 WL 2546752, at *2. Instead, *InteliClear* governs a situation where a party "*refine*[s]" their trade secrets, *id.*—i.e., "make[s] minor changes so as to improve or clarify" them, *Oxford English Dictionary Online* (3d ed., published online Mar. 2022). Here, as explained below, Plaintiffs' proposed modifications to the Section 2019.210 statement are substantive and material, and they go far beyond "minor changes."[3]

---

[2] *True Wearables* was discussed in the parties' discovery correspondence, and it is baffling that Plaintiffs don't address it in their motion. *See* Ex. 4 at 3.

[3] In any event, *InteliClear* is easily distinguished on its facts. There "no discovery [was] conducted" before the district court dismissed the trade secret claims on summary judgment. *Id.* at 663. "On these facts," the Ninth Circuit concluded

**HAYNES BOONE**

Hon. Andrew J. Guilford (Ret.)
March 11, 2022
Page 3

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

In their further effort to claim they can amend their disclosures at will, Plaintiffs present a string cite of cases with parentheticals, all of which are incomplete at best. The three-sentence footnote in *Vacco Indus. v. Van Den Berg*, for example, provides no information about the relation of any trade secret disclosure amendments to the discovery cutoff, whether or not good cause was shown for the amendments, or whether, as here, the plaintiff appeared to be engaged in post-hoc "tailoring" of trade secrets to the opponent's documents. 5 Cal. App. 4th 34, 51, n.16 (1992). The exact same is true of *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, 2017 WL 10543565, at *3 (C.D. Cal. Mar. 13, 2017), which was also stayed for two years pending *inter partes review* of related patents. *Id.* at *2. And in *Bal Seal*, the defendant contested the adequacy of the disclosure, not the propriety of amendments. *Id.* The decision in *Advante Int'l Corp. v. Mintel Learning Tech.* was a ruling on a motion to compel discovery in which the court explicitly *did not reach the issue* of whether the plaintiff could expand the scope of its trade secrets disclosure; rather, the court simply found that certain information outside the scope of the trade secrets disclosure might be relevant *regardless* of whether the disclosure could be expanded. 2006 WL 3371576, at *3-4 (N.D. Cal. Nov. 21, 2006). Moreover, unlike this case, in *Advante* the contested additional trade secret information had already been specifically alleged in the complaint in the case. *Id*. The court in *StoneEagle Servs., Inc. v. Valentine* simply stated that the plaintiff might be able to amend its disclosure later "should the circumstances warrant doing so," a clear reference to a good cause analog. 2013 WL 9554563, at *5 (N.D. Tex. June 5, 2013). Two cases are from courts having no connection to, or grounding in case law regarding, the California Uniform Trade Secrets Act or Section 2019.210. *Id.* (N.D. Tex.); *Givaudan Fragrances Corp. v. Krivda*, 2013 WL 5781183, at *2-3 (D.N.J. Oct. 25, 2013). Last but not least, Plaintiffs' citation to *Neothermia Corp. v. Rubicor Med., Inc*. is a classic red herring: Although the court did note *Erie* concerns with respect to applying Section 2019.210, it nevertheless explicitly held that that the plaintiff would "have to demonstrate good cause" to amend its trade secret disclosure. 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004).

**B.     Plaintiffs Have Not Shown Good Cause**

*1. Plaintiffs Have Not Shown Good Cause to Add The New Trade Secrets.*

The Special Master should reject Plaintiffs' proposal to add four new (purported) trade secrets to the ▮▮▮▮▮▮▮▮▮▮ category: B.5, B.6, B.7 and B.8. *See* Mot. 3-4 (discussing trade secrets B.5, B.6, B.7, and B.8).

Plaintiffs' sole justification for adding B.5-8 is the bare allegation that they learned "for the first time in discovery" that Apple allegedly misappropriated these purported trade secrets. Mot. 3-4. But although Plaintiffs lodge their now boilerplate allegation that Apple failed to produce a significant amount of discovery until November 2021, Mot. 4-5, they do not provide any details on *when* they learned about these trade secrets or *why* they could not have raised them earlier than a year-and-a-half after the start of discovery. Even Plaintiffs' best case on good cause states merely that uncovering information in discovery "*may* [be] cause to amend [a] trade secret statement *under*

---

that summary judgment was premature. *Id*; *see also id*. at 659 (noting that "no discovery whatsoever had occurred"); *id* at 661-62 (holding that discovery should have been permitted). The court also went to great lengths to distinguish cases in which extended discovery had in fact occurred. *Id.* at 663 (contrasting its facts to cases in which "protracted discovery" and "massive document discovery" had occurred). In contrast, discovery in this case began in mid-2020, nearly two years ago, *see* Dkt. 33 at 26, and Plaintiffs have already had ample opportunity to "refine" their trade secrets.

**HAYNES BOONE**

Hon. Andrew J. Guilford (Ret.)
March 11, 2022
Page 4

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

*appropriate circumstances.*"  *See Perlan Therapeutics, Inc. v. Sup. Ct.*, 178 Cal. App. 4th 1333, 1350 (2009) (emphases added).  Plaintiffs have not identified why the circumstances of this case permit a late amendment, and should not be permitted to do so for the first time on reply.  *See Allergan Inc. v. Cayman Chem. Co.*, 2010 WL 11470342, at *5 (C.D. Cal. Jan. 12, 2010) ("The Court will not consider new arguments … raised for the first time in a party's reply brief.").

Even if Plaintiffs had tried to meet their burden in any meaningful way, they would be unable to do so.  By their own admission, Plaintiffs have had these documents for at least four months.  Mot. 5.  What's more, each of the supposedly new trade secrets was addressed in documents that Apple produced well before November 2021.  Specifically:

- Trade Secret B.5:  Plaintiffs rely on Exhibit 9 to support their assertion that they learned about this trade secret "for the first time in discovery."  Mot. 3.  Exhibit 9, however, was produced in September 2021, months before the more significant production in November 2021 that Plaintiffs complain was too burdensome to timely review.  Mot. 4-5.
- Trade Secrets B.6-B.7:  ██████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████  Both concepts are discussed in Ex. C. at -731-732, which was produced before July 9, 2021 along with six other versions of the same email thread that contained the same discussion—again, well before the November 2021 production.
- Trade Secret B.8:  Plaintiffs describe this trade secret as ████████████████████ ███████████████████████████████████████████████████  Mot. 4.  Again, this concept was discussed in documents produced before July 9, 2021.  *See* Ex. D at -561-562.

More broadly, Plaintiffs' belated attempt to add four new trade secrets to the dozens already at issue in this litigation—and to do so nearly a year-and-a-half after discovery began and they served their initial Section 2019.210 statement—would prejudice Apple's ability to prepare a defense.  The California Court of Appeal has cautioned that "[w]hat the plaintiff *cannot* do is to wait until the defense has loosed its arrow at the bullseye, then move the target, and finally claim victory when the defense's arrow misses the mark."  *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 757-60 (2020) (emphasis added).  That appears to be precisely what Plaintiffs are attempting here.

   *2. The Special Master Should Reject Plaintiffs' Effort To Expand Trade Secret D.1.*

Plaintiffs' proposal to significantly expand the scope of (purported) trade secret D.1, Mot. 2-3, fails due to the same diligence and prejudice problems discussed above.  ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████████████

---

[4] ████████████████████████████████████████████████████████████████ ████████████████  Plaintiffs' strategic silence suggests that they are merely using broad, "catch-all" language as a tactic to inappropriately maintain maximum flexibility going forward to tailor their alleged trade secrets to language

# HAYNES BOONE

Hon. Andrew J. Guilford (Ret.)  **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
March 11, 2022
Page 5

[REDACTED]

### III.     Plaintiffs Should Not Be Permitted To Add Claims That Judge Selna Dismissed

Plaintiffs also argue that they should be permitted to add (purported) trade secrets E.2-4 to their Section 2019.210 statement. Mot. 2; *see also* Ex. 1 at 12-13. This approach makes no sense because Judge Selna *dismissed* those claims nearly a year ago, explaining that trade secrets 44.2-44.4, which correspond to Plaintiffs' proposed E.2-4, are "legally incapable" of constituting trade secrets. *See* Dkt. 350 at 4-6, 8. And the Special Master subsequently rejected Plaintiffs' argument that the dismissed claims live on in the so-called "catch all" trade secrets at 44.6-44.7 of the FAC and E.7-8 of the current Section 2019.210 statement. *See* Ex. E at 4 ("Masimo's argument that Trade Secrets 44.2 through 44.4 live on via incorporation into trade secrets 44.6 and 44.7 is not persuasive.").

Plaintiffs cite no authority for resuscitating dismissed claims here. To the contrary, Judge Selna has previously denied a motion to amend as "futile" where it would add language that would be "subject to immediate dismissal." *Freemont Reorganizing Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2012 WL 13015133, at *4 (C.D. Cal. Jan. 9, 2012). Plaintiffs provide no reason to take a different approach. Plaintiffs contend that adding the dismissed claims to the 2019.210 statement would "avoid[] confusion." Mot. 4. To the contrary, it would *cause* confusion. As Plaintiffs acknowledge, the parties have treated the FAC as the "operative trade secret disclosure," Mot. 2. Amending the 2019.210 statement at this late date would only raise questions about which document governs. Plaintiffs also argue that they "do[] not assert these changes would have any effect, whatsoever, on the scope of the case." Mot. 2. But if that is so, there is no need to make the change.[5]

### Conclusion

For the foregoing reasons, Apple respectfully requests that the Special Master deny Plaintiffs' motion to amend.

Sincerely,
/s/ Kenneth G. Parker

Kenneth G. Parker

---

in Apple documents. *See Perlan*, 178 Cal. App. 4th at 1350.

[5] While Plaintiffs' request to add section E.5 does not raise precisely same concerns as sections E.2-4 in light of the Special Master's ruling that the purported trade secret located at paragraph 44.5 of the FAC remains live, the same concerns about undue delay and confusion apply.