# ATTACHMENT VI

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

March 23, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Ste 1600
Santa Ana, CA 92705

Re:   *Masimo Corp. et al v. Apple Inc.*, case no. 8:20-cv-00048-JVS-JDE (C.D. Cal.)

Judge Guilford:

Masimo submits this reply in support of its March 4 Motion to amend its Section 2019.210 trade secret disclosure (the "Disclosure"). Apple attempts to rewrite history by claiming Judge Selna "ordered a halt" to Masimo's "serial" trade secret amendments. Opp. at 1. In reality, Judge Selna found "the vast majority of Plaintiffs' claims have survived dismissal." Dkt. 361 at 11. Judge Selna denied leave to amend on narrow issues and never suggested Masimo could not revise its separate Disclosure. Indeed, Apple admits Judge Selna in *True Wearables **allowed*** such amendments based on information obtained in discovery. Granting this Motion would not "circumvent" Judge Selna's ruling.

Apple also seizes on housekeeping changes shown in Exhibit 1 to tout a misleading theme that Masimo is trying to reassert dismissed trade secrets ("TS") 44.2-44.4. Opp. at 1, 5. That is not true. There is no dispute that TS 44.2-44.4 have been dismissed. The housekeeping changes would ***not*** reintroduce those trade secrets into the case. Rather, they merely conform the Disclosure to the trade secret description in the complaint. Those changes are necessary to avoid confusion associated with multiple disclosures and to keep numbering consistent within each category of trade secrets. Indeed, Apple recently moved to compel Masimo to produce discovery on dismissed TS 44.2-44.4. Ex. 13 at 1-3. Without these changes, the parties would need to cross reference multiple disclosures in addressing that motion and other references to TS 44.2-44.4. Apple's other arguments lack merit for the reasons discussed below.

### A.   The Special Master Has Authority To Decide This Motion

After weeks of conferring and exchanging letters on Masimo's requested changes, Apple now argues the Special Master does not even have the authority to decide the issue. Opp. at 1-2. But Apple never raised that argument before. In fact, Apple cited the Special Master Referral Order in arguing what Masimo should do to properly meet and confer on this Motion. Ex. 4 at 13. Apple should not be permitted to lead Masimo to believe it agreed the Special Master should resolve this dispute only to later assert the opposite as its ***primary argument*** in opposition. Apple is also incorrect on the merits. Apple admits Judge Selna referred to the Special Master all "discovery disputes that were previously referred to Magistrate Judge Early," but then incorrectly suggests the order referred only "motions to compel" under Local Rule 37. Opp. at 1. The order referred "disputes that would normally be addressed under Local Rule 37." Ex. B at 1. Apple previously argued Section 2019.210 disputes are discovery issues referred to Judge Early. Dkt. 33 at 8. Judge Selna agreed. Dkt. 37. Apple then presented numerous Section 2019.210 motions to Judge Early under Local Rule 37. Dkt. 43-1, 169-1, 260-1. Apple should not be permitted to reverse course now that ***Masimo*** seeks relief regarding Section 2019.210. Apple ignores all of this history and instead points to an order in *True Wearables* where Judge Early decided he lacked authority to resolve this issue. Opp. at 1-2. But that decision was based on Judge Selna deciding to resolve such disputes himself ***in that case***. Ex. 14 at 1-2. As discussed, Judge Selna reached the opposite conclusion here. The Special Master has jurisdiction to decide this dispute.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

knobbe.com

B.   **The Special Master Should Allow Masimo To Amend The Disclosure**

As discussed, the Special Master should allow the housekeeping changes shown in Exhibit 1 to avoid confusion. As for the other changes shown in Exhibit 2, Apple ignores TS A.1 and, thus, provides no basis to deny that portion of the Motion. Masimo addresses Apple's remaining arguments below.

1.   **Apple Advocates For The Wrong Legal Standard**

Apple claims *True Wearables* interpreted *InteliClear* to require good cause for amendments other than "minor changes." Opp. at 2. That is a dramatically incorrect description of those cases. In fact, the "minor changes" language upon which Apple relies appears nowhere in either decision. Apple cites a cherry-picked *dictionary definition* as supposedly showing what *True Wearables* meant by the word "refine" when it held that "refin[ing] identified trade secrets does not require a special showing of good cause." *Id.*; *Masimo Corp. v. True Wearables, Inc.*, 2021 WL 2546752, at *1-2 (C.D. Cal. Mar. 10, 2021). But Apple's chosen definition is only one of many definitions, most of which do *not* refer to "minor changes." *See e.g.*, Ex. 15 at 7 ("To improve on or upon something by introducing refinements"). Masimo attaches hereto an example of the changes *True Wearables* characterized as "refinements." *See* Powell Decl. ¶ 3. Far from requiring good cause for anything other than "minor changes," the Court required good cause to add "wholly new trade secrets." *True Wearables*, 2021 WL 2546752, at *1-2.

Apple next cites *Computer Econ.* to suggest a plaintiff cannot use discovery to refine or add trade secrets. Opp. at 2. Apple is incorrect. Indeed, Apple quotes *Computer Econ.* as stating that a plaintiff should not use discovery "to obtain the defendant's trade secrets." Opp. at 2. But Apple does not allege Masimo is using discovery to obtain *Apple's* trade secrets. Moreover, *Computer Econ.* addressed whether Section 2019.210 applies in federal court—not the standard for amendments. In contrast, Masimo cited many cases, including a California Court of Appeal decision, explaining that a plaintiff may amend based on information learned in discovery. Mot. at 1-2. Indeed, *True Wearables* allowed *eight* new trade secrets based on discovery. *See* 2021 WL 2546752, at *1-2. Apple attempts to distinguish Masimo's cases, but does not contest that they also allowed amendments during discovery. *See* Opp. at 3. Apple cites other cases, but none support its position. *See Blue Novis, Inc. v. U.S. All. Grp., Inc.*, 2021 WL 3162183, at *1-*2 (C.D. Cal. May 18, 2021) (addressing "good cause" for amending complaint in a non-trade secret case); *Vitec Elecs. Corp. v. Veris Indus., LLC*, 2021 WL 5937336, at *11 (Cal. Ct. App. Dec. 16, 2021) (explaining plaintiff had freely amended during discovery but could not do so *after* the discovery cutoff and only *one month* before trial); *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 760 (2020) (rejecting "one sentence" request to amend in opposition to *summary judgment* but nonetheless explaining plaintiff could have asked to "reorient its trade secret case" at summary judgment phase). None of those cases denied an amendment in circumstances similar to those here, where *five months* remain in discovery and trial is *one year* away.

2.   **The Special Master Should Allow Masimo To Amend Trade Secret D.1**

Apple's specific objections fare no better. ███████████████████████████████
███████████████████████████████████████████████████████████████ Opp. at 4-5. As a preliminary matter, Masimo's change is clearly a "refinement" that does not require good cause because Masimo merely adds *two words* to an existing trade secret. Ex. 2 at 9. The changes found acceptable in *True Wearables* demonstrate the changes here are appropriate. *See* Powell Decl. ¶ 3. Regardless, Apple's
███████████████████████████████████████████████████████████████



### 3. The Special Master Should Allow Masimo To Refine The Light Propagation and Light Piping Management Trade Secrets

Masimo's changes to its ███████████████████████ likewise do not require good cause because they do not add "wholly new" trade secrets. *See True Wearables*, 2021 WL 2546752, at *2. Instead, the changes refine the existing category of ███████████████ that Masimo identified in the first sealed complaint and the current complaint. ███████████████████████████████████████ Thus, Apple is incorrect to argue that good cause is required under *True Wearables*.

Regardless, Masimo also showed good cause. Apple argues Masimo did not explain "*when* [it] learned about these trade secrets or *why* [it] could not have raised them earlier . . . ." Opp. at 3. Not so. Masimo explained it "identified the trade secrets at issue here from late December through January" because Apple "produced most of its documents only recently." Mot. at 5. The process of refining trade secrets is very time consuming, particularly when Apple designated almost all of its documents "Attorneys Eyes' Only." Outside counsel with knowledge of Masimo's technology had to review Apple documents to identify potential acts of misappropriation and then review Masimo documents to confirm the information was a Masimo trade secret communicated to Lamego. The process took hundreds of hours.

Rather than address when Masimo *actually* learned the new information, Apple claims Masimo *could* have learned about it earlier. For TS B.5, Apple claims it produced the document Masimo cited (Ex. 9) in "September 2021, months before" November 2021. Opp. at 4. That is incorrect. Apple produced the document on October 1—just one month before Apple began its large productions in November. Ex. 17. For TS B.6-B.8, Apple admits it produced the documents Masimo cited (Exs. 11-12) recently, but argues it disclosed the same "concepts" in earlier documents. Opp. at 4 (citing Exs. C & D). But one of Apple's cited documents is nothing like the document Masimo cited. *Compare* Ex. 12 at -244 (providing extensive detail about the use and benefits of the model) *with* Ex. D at -561 (discussing information that is more basic). Regardless, Apple never disputes Masimo's timing was reasonable based on when it *actually learned* the new information. Masimo's timing was dictated, in part, by Apple's representation that it would produce substantial documents throughout November 2021. Indeed, Apple increased its productions from about 25,000 pages per month throughout the case to 1.4 million pages in November. Masimo focused on that substantial production, which led Masimo to file an efficient single motion to amend the Disclosure.

Apple also shows no prejudice. As discussed, some changes merely confirm what Masimo disclosed to Apple long ago in discovery responses. *See* Mot. at 2-3. The other changes refine the existing ███████████████████████ to include specific techniques. Masimo does not need much, if any, discovery on the changes. Apple could have served discovery on the changes weeks ago and still has plenty of time to do so. Indeed, the parties have not taken any substantive depositions, five months remain in discovery, and trial is a year away. Dkt. 627. The Special Master should grant the Motion.

**Knobbe Martens**

Page 4

Sincerely,

*[signature]*

Adam B. Powell