Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' NOTICE OF FULLY BRIEFED MOTION AND MOTION TO MODIFY TRADE SECRET DISCLOSURE** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Notice of Fully Briefed Motion And Motion to Modify Trade Secret Disclosure. Masimo requests leave to file under seal Attachments III and VII in their entirety. Masimo also requests leave to file under seal portions of Attachments V and VII. Finally, Masimo requests leave to file the unredacted version of Attachments II, IV, and VI under seal. Masimo has provided proposed redactions for Attachments II, IV, and VI to the Powell Declaration in Support of this Notice.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210.

## II. ARGUMENT

Attachment III contains Ex. 1-12 in support of Masimo's Motion To Amend Trade Secret Disclosure. Hughes Declaration ¶ 4. Attachment III contain documents that disclose information about Masimo's asserted trade secrets. *Id.* Masimo would be harmed if its competitors had access to this information. *Id.* Attachment III also contain documents that were previously filed under seal. Finally, Attachment III contains documents that Apple has designated as Highly Confidential under the Protective Order in this case. *Id.* Thus, Masimo requests that the Court seal Attachment III.

Attachment V contains Exhibits A-E in support of Apple's Opposition to Masimo's Motion To Amend Trade Secret Disclosure. *Id.* ¶ 5. Ex. A to Attachment V is an order by this Court that was previously filed under seal. *Id.* Ex. C and D are documents that Apple has designated as Highly Confidential under the Protective Order in this case. *Id.* Ex. E discloses information about Masimo's asserted trade secrets. *Id.* Masimo would be harmed if its competitors had access to this information. *Id.* Thus, Masimo requests that the Court seal these portions of Attachment V.

Attachment VII contains Ex. 13-18 in support of Masimo's Motion To Amend Trade Secret Disclosure. *Id.* ¶ 6. Exhibit 13 to Attachment VII is a letter brief that discloses information about Masimo's asserted trade secrets. *Id.* Masimo would be harmed if its competitors had access to this information. *Id.* Exhibits 16 and 18 are documents that were previously filed under seal in this case. *Id.* Exhibit 17 is an email from Apple that contains information about Apple's document production process that Masimo understands that Apple may consider confidential. *Id.* Thus, Masimo requests that the Court seal these portions of Attachment VII.

Attachment VIII is a Declaration of Adam Powell in support of Masimo's Motion To Amend Trade Secret Disclosure, which Masimo submitted with its reply brief. *Id.* ¶ 7. This document discusses Masimo's trade secrets in the *Masimo v. True Wearables* case. *Id.* Masimo would be harmed if its competitors had access to this information. *Id.* Thus, Masimo requests that the Court seal Attachment VIII.

Attachments II, IV, and VI are the Parties' briefs in support of Masimo's Motion To Amend Trade Secret Disclosure. *Id.* ¶ 8. The proposed redacted portions of these attachments discuss the aforementioned documents. *Id.* Masimo requests the Court seal these portions of these Attachments for the same reasons discussed above.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be

able to obtain from elsewhere the confidential information discussed above. Further, Apple has argued that designating information as "Highly Confidential – Attorneys Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the entirety of Attachments III and VIII, portions of Attachments V and VII, and the redacted portions of Attachments II, IV, and VI.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 11, 2022

By: */s/ Daniel P. Hughes*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.