# EXHIBIT 22

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**[TENTATIVE] ORDER NO. 7 OF SPECIAL MASTER ON TWO DISCOVERY DISPUTES** |

This Discovery Order No. 7 of the Special Master addresses two pending discovery disputes.

First, on February 25, 2022, Masimo Corporation and Cercacor Laboratories, Inc. (together, "Plaintiffs") moved "for an order compelling Apple to comply with Judge Early's order to produce documents from Apple CEO Tim Cook's electronically stored information ('ESI')." ("CEO ESI Mot.") Apple opposed the motion on March 4 ("CEO ESI Opp'n") and Plaintiffs filed a reply on March 11 ("CEO ESI Reply").

Second, on February 28, 2022, each side filed a letter relating to the same dispute – whether Apple's Rule 30(b)(6) witness Robin Goldberg is required by Discovery Order No. 2 to now sit for an additional 1-hour deposition. Plaintiffs styled their February 28, 2022 correspondence as a motion "to enforce the Order No. 2 of the Special Master on Discovery Motions." ("Masimo Rule

1

Exhibit 22
Page 1

30(b)(6) Mot.") Apple referred to its February 28, 2022 correspondence as a request for clarification or guidance. ("Apple Clarification Request.") Oppositions were received on March 7, 2022 ("Opp'n to Masimo Rule 30(b)(6) Mot."; "Opp'n to Apple Clarification Request") and replies were received on March 14, 2022 ("Reply re Masimo Rule 30(b)(6) Mot."; "Reply re Apple Clarification Request").

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on March 24, 2022. Before the hearing, the parties were provided with a tentative R&R relating to the two disputes.

Consistent with the guidance provided in various sections of this Order and at the hearing, the Special Master **DENIES** Masimo's request to compel production of additional ESI from Apple's CEO and the Special Master enforces his Discovery Order No. 2 by **DENYING** Masimo's request for an additional one-hour deposition of Apple's Rule 30(b)(6) witness.

1.   **PLAINTIFFS' FEBRUARY 25, 2022 CEO MOTION**

The parties dispute the adequacy of Apple's production of ESI collected from the files of Apple's CEO. Judge Early twice considered disputes on the threshold question of whether Plaintiffs should be permitted to even seek discovery from Apple's CEO. Judge Early initially denied Plaintiffs' request. But a document was then unearthed that contradicted Apple's assertion that its CEO was not likely to have information relevant to this case. Judge Early ultimately granted a motion for reconsideration and ordered Apple to search its CEO's ESI.

After running specific search terms on its CEO's ESI, Apple disclosed hit counts to Masimo. Those hit counts show that the specific search terms identified about 1,500 "Unique Docs." (CEO ESI Opp'n at 1 (approximated from chart showing search terms and corresponding hit counts, including under the heading "Unique Docs").) Apple initially produced 28 documents in October 2021 and withheld one document family as privileged. (*Id.*) The parties continued to meet and confer regarding the dispute, and Apple later provided Plaintiffs with additional information about its production of CEO ESI, including eventually producing one additional document.

Plaintiffs ask that Apple be ordered to hand over all the non-privileged documents identified by the search terms. Plaintiffs dispute that Apple should be permitted to withhold documents based on Apple's assessment that those documents are irrelevant to this case. For its part, Apple explains at a high level some bases for its assertion that many of the documents identified by the search terms are irrelevant.

Rule 26(b)(1) states that "[u]nless otherwise *limited* by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(1) (emphasis added). A tribunal "must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C).

As Judge Selna has aptly noted, both parties in this case are represented by sophisticated counsel. It would not surprise the Special Master if he were to learn that the parties or counsel on both sides of this case had previously complained of the thousands or even millions of pages produced in a litigation and the significant burden it created in time and resources to review and analyze. Masimo has now twice presented the other side to that coin by arguing that – in a case with millions of pages already produced – each side should not be filtering for threshold relevance but instead moving ahead in producing every single non-privileged document that hits on a search term, even where it was a document hit based on "references to people with the first or last name Massimo, a street name in Rome, a clothing brand, [or] a restaurant." (CEO ESI Opp'n at 4.)

Some basic trust is required to engage in the litigation process. There must be trust that the Officers of the Court representing the other side are fulfilling their ethically-bound duties to the system, and trust that if they aren't, there are monetary sanctions or other judicial avenues available to rectify the problem. The Special Master can only order so many sworn declarations and play out so many scenarios where trial tactics could address the discovery disputes now being raised pre-trial. The parties should continue to take a diligent approach to ensuring they can collect the necessary discovery to eventually try this case, just as they should continue to hold their fellow Officers of the Court to a similarly high standard in their obligations to the process. But until more

comes to light to suggest those ethical obligations are indeed not being met, the Special Master will not order the production of many documents that Apple has stated in a letter to this tribunal are irrelevant to this case.

Plaintiffs' February 25, 2022 CEO ESI Motion is **DENIED**.

## 2. PARTIES' FEBRUARY 28, 2022 DISPUTE OVER ADDITIONAL DEPOSITION OF APPLE'S RULE 30(b)(6) WITNESS

In Discovery Order No. 2, the Special Master considered the parties' dispute over the sufficiency of Rule 30(b)(6) deposition testimony offered by Apple witness Robin Goldberg. The Special Master directed Apple to submit a sworn declaration further answering four questions that had been asked and inadequately answered during the deposition. Goldberg timely submitted that sworn declaration.

The Special Master's Discovery Order No. 2 also stated that "[i]f necessary, the parties may meet and confer after the declaration is served and if necessary, Masimo is permitted to take a further one-hour deposition solely on these [four] narrow topics." (Discovery Order No. 2 at 12.)

The Special Master has reviewed Goldberg's declaration as well as the arguments raised by the parties regarding whether an additional one-hour deposition is necessary. The Special Master finds that it is not. Goldberg provided a full response to each of the four questions in the Special Master's Discovery Order No. 2. There comes a point where the remedy for an answer not liked by the interrogator is effective cross examination at trial concerning discovery requests carefully crafted with trial in mind. Plaintiffs' arguments for otherwise seeking an additional one-hour deposition from Goldberg are not persuasive.

The Special Master accordingly enforces his Discovery Order No. 2 by finding a further Rule 30(b)(6) deposition unnecessary and **DENYING** Masimo's request for an additional one-hour deposition of Apple's Rule 30(b)(6) witness.

## 3. CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were

considered by the Special Master in making this Order.

Consistent with the guidance provided in various sections of this Order and at the hearing, the Special Master **DENIES** Masimo's request to compel production of additional ESI from Apple's CEO and the Special Master enforces his Discovery Order No. 2 by **DENYING** Masimo's request for an additional one-hour deposition of Apple's Rule 30(b)(6) witness.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: _____

Hon. Andrew J. Guilford (Ret.)
Special Master