Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 7**<br><br>Date:  May 16, 2022<br>Time:  1:30 p.m.<br>Ctrm:  10C |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ...................................................................................2

    A.    Apple Falsely Represents Cook Is Unlikely To Have Relevant Information ..................................................................................................2

    B.    Newly Available Evidence Contradicted Apple's Representation ..........................................................................................3

    C.    Judge Early Grants Masimo's Motion For Reconsideration ................5

    D.    The Special Master Grants Masimo's Motion to Enforce ....................6

    E.    Apple Proposes An Unworkable "Compromise" ..................................8

III. ARGUMENT ......................................................................................................8

    A.    The Special Master Correctly Ordered Apple To Produce Documents Without Filtering For "Relevance" ...................................8

    B.    The Special Master Correctly Ordered Apple To Produce All Documents That Hit On The ESI Search Terms ...............................11

    C.    Apple Has Identified No Burden From The Special Master's Order .................................................................................................13

    D.    This Court Should Not Reverse Judge Early's Order ........................14

IV. CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

Page No(s).

*BancPass, Inc. v. Highway Toll Administration*, LLC,
   2016 WL 4031417 (W.D. Tex., July 26, 2016) ................................................. 11

*Brahmana v. Lembo*,
   2010 WL 11587053 (N.D. Cal., Feb. 26, 2010) ................................................. 9

*Cabrales v. Aerotek, Inc.*,
   2018 WL 2121829 (C.D. Cal. May 8, 2018) ................................................ 9, 10

*Columbia Pictures, Inc. v. Bunnell*,
   245 F.R.D. 443 (C.D. Cal. 2007) ..................................................................... 14

*Conagra Foods Food Ingredients Co., Inc. v. Archer Daniels Midland Co.*,
   2014 WL 1570263 (D. Kan., April 18, 2014) ................................................... 9

*Darbeevision, Inc. v. C&A Marketing, Inc.*,
   2019 WL 7166982 (C.D. Cal. May 17, 2019) ................................................. 14

*DCG Systems v. Checkpoint Technologies*,
   Case No. 11-03792 PSG (N.D. Cal, Oct. 19, 2012) ..................................... 9, 10

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.*,
   2012 WL 7783405 (C.D. Cal. Apr. 23, 2012) .............................................. 9, 10

*Kajeet, Inc. v. Qustodio, LLC*,
   2019 WL 8060078 (C.D. Cal., Oct. 22, 2019) ................................................. 10

*O'Donnell/Salvatori Inc. v. Microsoft Corp.*,
   339 F.R.D. 275 (W.D. Wash. 2021) ................................................................ 10

*Palmer v. Cognizant Tech. Sols. Corp.*,
   2021 WL 3145982 (C.D. Cal. July 9, 2021) .................................................... 11

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
   2002 WL 818061 (D. Del. Apr. 30, 2002) ....................................................... 13

*Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*,
   2007 WL 2758571 (C.D. Cal. Sept. 18, 2007) ........................................... 12, 13

## OTHER AUTHORITIES

L.R. 72-2.1 ............................................................................................................. 14

## I. INTRODUCTION

The Special Master correctly required Apple to produce documents that Judge Early ordered Apple to produce *six* months ago. In October of 2021, Judge Early ordered Apple to search Tim Cook's electronically stored information ("ESI") and produce "**all** responsive documents." Although the keywords hit on 1,500 documents, Apple produced only twenty-eight documents. Apple admitted it withheld responsive documents because ***Apple*** decided they were not ***relevant***. At the hearing before the Special Master, Apple revealed its "relevance" assertions were based on Apple's own belief the documents were "atmospheric" or not "key to the case." Ex. 23 at 33:10-25.[1]

Judge Early did not allow Apple to screen documents for "relevance." Instead, Judge Early required Apple to produce all "responsive" documents. And for good reason: Judge Early found Apple had withheld a critical Tim Cook email based on its own incorrect assessment of "relevance." Contrary to Apple's representations, Judge Early found the Cook email was highly relevant. Ex. 16 at 36:1-13 ("this is an ***important email***," "[w]hat happened to it is important," and Cook's actions concerning the email "speak[] loudly"). He criticized Apple for claiming otherwise. *Id.* at 29:11–13 ("Did you lie to me?"); *id.* at 31:7–8 ("how am I supposed to trust anything you say now?").

The Special Master recognized this history and enforced Judge Early's order by requiring Apple to "produce all documents uncovered by the search terms identified, without any determinations made by Apple regarding their perceived relevance to this case." Nothing in Judge Early's order allows Apple to withhold documents based on its own assessment of relevance. Indeed, Apple's history of withholding documents as supposedly irrelevant was the very act that caused Judge Early to question Apple's candor in the first place. Rather than identify any error in the Special Master's order, Apple raises new strawmen arguments directed to "privacy" concerns about unidentified

---

[1] Unless noted otherwise, numbered exhibits are attached to the Declaration of Nora Passamaneck (Dkt. 654-2) and lettered exhibits are attached to the Declaration of Adam B. Powell (submitted herewith). All emphasis is added unless noted otherwise.

1 documents. Consistent with the parties' prior practice, Apple can redact truly personal
2 information. Nothing justifies Apple's ongoing contempt of Judge Early's Order.

## II. STATEMENT OF FACTS

### A. Apple Falsely Represents Cook Is Unlikely To Have Relevant Information

Masimo moved to compel Apple to search Cook's ESI nearly a *year* ago on May 20, 2021. Dkt. 410 (the "Original Motion"). Masimo argued Cook is relevant because: ▮▮▮ and (4) he speaks publicly and to investors about the Apple Watch and its functionalities, including pulse oximetry. *Id.* at 6-7. In response, Apple argued that "Mr. Cook is highly unlikely to possess information relevant to any party's claims or defense." Dkt. 379-1 at 11 (capitalization changed).

At a June 10 hearing, the Court denied Masimo's Original Motion by relying on Apple's representation that "Tim Cook, Apple's CEO, is not likely to have discoverable information relevant to any parties' claims or defenses." Ex. 14 at 5:12-14 (punctuation omitted). The Court acknowledged that was a "conclusory statement," but found it was "made by an Officer of the Court and Officers of the Court, to this Court in connection with this motion." *Id.* at 5:15-17; *see also id.* at 9:14-15 ("I don't believe that Apple's lawyers would make that willy-nilly without some foundation and I'm accepting it."). The Court explained it was relying on that representation for its ruling. *Id.* at 5:17-19 ("I want Apple and its counsel to understand that's the basis for my tentative and potentially the basis for my ruling."). The Court continued, warning:

> I am letting everyone know if it turns out from some other source that Mr. Cook actually ***does*** have discoverable information relevant to any parties' claims or defenses in his ESI streams, we will be having a hearing and it ***may involve a hearing of Mr. Cook testifying*** in this court, in person, if that turns out to be a representation that was made to me that I'm relying on for purposes of making this order. And it ***may also require testimony from counsel who made this representation*** but that's only ***if it turns out to potentially not be true***.

-2-

*Id.* at 9:15-25; *see also id.* at 6:7-10 ("If that turns out to not be true, through some other source, there will be **severe repercussions** because I'm relying on it.").

The Court asked Apple's counsel "***do you hear and understand*** what I said about the representation made at page 9 of the Joint Stipulation?" *Id.* at 13:14-16. Apple's counsel responded, "**Yes**, Your Honor." *Id.* at 13:17. The Court then denied Masimo's Original Motion. *See* Dkt. 445.

**B.  Newly Available Evidence Contradicted Apple's Representation**

In Masimo's separate litigation with Marcelo Lamego in *Masimo Corp. v. True Wearables, Inc.*, Lamego produced an email showing Lamego interacted directly with Cook. As the Court may recall from the *True Wearables* trial, Lamego emailed Cook at 1:00 a.m. on October 2, 2013, when he was still Cercacor's CTO. Ex. 15 at 3. Lamego referenced Apple's prior offer for him to "join the executive technical team." *Id.* Lamego told Cook he had developed intellectual property for Masimo and Cercacor and was "positively sure [he] could add significant value to the Apple team." *Id.* Lamego wrote that he believed Apple could solve two aspects of patient monitoring on its own, but needed his help to solve the "patient equation." *Id.* Lamego explained the "patient equation" was the "deceptive part" because it is "easy to develop" medical products for most users, but "extremely more complex" to do so for all users. *Id.* In exchange for an executive position, Lamego offered to help Apple solve these issues, referencing his "10 years" at Masimo and Cercacor. *Id.* at 3-4. By 10:30 a.m. that same morning, Apple's executive recruiter responded: "I saw your note to Tim Cook" and "I'm glad you remain enthusiastic about Apple." *Id.* at 5. Apple then hired him.

True Wearables designated the email as "confidential," preventing Masimo from using it here. However, Apple's attorneys became aware of that email at least by June 3, 2021, when Masimo raised it in a joint stipulation on Apple's motion to quash a subpoena Masimo issued on Apple in *True Wearables*. Ex. A. The Apple lawyer who signed Apple's motion to quash is the same Apple lawyer who then confirmed Apple's representation at the June 10 hearing in this case. *Compare id.* at 45 *with* Ex. 14 at

-3-

13:14-17. Thus, Apple's counsel was aware of the email at least seven days **before** he represented to Judge Early that Cook was not likely to have discoverable information.

On June 24, Judge Early held a hearing on Apple's motion to quash in *True Wearables*. Ex. B. Judge Early observed the Cook email "speaks for itself" and noted the "timing" that Lamego wrote it at "1:00 a.m." and by "10:30 a.m. an Apple recruiter responds to that email that was sent to Mr. Cook by Mr. Lamego." *Id.* at 33:12-18. While it was "not in and of itself going to be [] case dispositive" it was certainly relevant. *Id.* at 34:10-35:11. Judge Early also recognized: "[T]here is a whiff of Three-card Monte going on here about getting documents and finding documents and doing a shell game about where Plaintiffs are supposed to go and the procedural mechanisms." *Id.* at 30:10-14. The Court declined to "make any findings about Apple and counsel" at that time. *Id.* at 30:10-11; *see id.* at 31:7-9 ("I'm not going to make a finding, at least not at this juncture, about good faith or bad faith"); *id.* at 47:8-13 ("I'm not making any findings one way or another right now. I'll tell Apple I almost did. And I'm not going to, based on what seems to be going on, on some of these issues."). Judge Early found the email was not confidential and ordered Apple to file it publicly. *See* Ex. C at 2; Ex. 15.

The Cook email referenced above was merely the first of many documents that came to light and demonstrated Mr. Cook's close connection to the facts of this case. After Judge Early made the Cook email public, Apple then produced additional emails in the same chain.[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Apple now claims the Cook email was also produced from Jeff Williams' files. But Apple produced the additional copies only **after** the Cook Email was de-designated in *True Wearables*. Moreover, Judge Early rejected Apple's reliance on its agreement to search Williams' files as tactical. *See* Ex. 16 at 33:20-34:1 (finding Apple agreed to search Williams' ESI just one day before opposing the reconsideration motion).

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████████
8  ███████████████████████  Instead, Apple proceeded to hire Lamego.
9  ███████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 ██████████████████████████████████

**C.  Judge Early Grants Masimo's Motion For Reconsideration**

The Cook email and the other documents above unequivocally demonstrated that Apple's representations regarding Cook were incorrect. Accordingly, Masimo moved for reconsideration on July 19, 2021. Dkt. 471 (the "Reconsideration Motion"). At the hearing, Judge Early noted his concerns about "Three Card Monte" and warned he would do a "deep dive" if Apple continued to argue the email was irrelevant. Ex. 16 at 6:16-10:5. When Apple continued to argue irrelevance, Judge Early conducted a "deep dive" and extensively questioned Apple's counsel about the Cook email. *Id.* at 11:19-43:25;

*see also id.* at 12:18 and 37:15 (referencing his "days as a prosecutor"); *id.* at 20:1-23:25 (Judge Early repeatedly asking Apple's counsel to answer his questions).

Apple's counsel eventually conceded the email "could" be relevant and suggested Judge Early stop questioning him. *Id.* at 24:21-24. Judge Early continued, eliciting counsel's admission that he knew of the Cook email at the time of his prior incorrect representation. *Id.* at 29:11-13 ("Did you lie to me?"); *id.* at 31:7-8 ("how am I supposed to trust anything you say now?"); *id.* at 32:3-8 ("to hear that you knew about this October 2nd, 2013, letter at the time you made that representation, and assured me that you understood that that's what I was relying on, and to hear as we sat here today the various myriad ways [] that letter is relevant to the issues in this case, I'm not sure what to do with that"). Judge Early continued to explain how the Cook email was highly relevant and "speak[s] loudly". *Id.* at 38:8-13.[3]

Judge Early thus found that Cook indeed had relevant evidence and that Apple presented no evidence of burden. *Id.* at 43:15-23. Because the only basis for Judge Early's prior ruling was "counsel's representation, which turned out **not to be true**," Judge Early granted Masimo's motion for reconsideration. *Id.* at 43:18-19. Judge Early ordered Apple to search Cook's ESI using specific search terms and "produce ***all responsive***, non-privileged documents" by October 27, 2021. Dkt. 502 at 2.

Apple's search of Cooks' ESI using the Court-ordered search terms yielded about 1,500 unique documents. Ex. 3 at 1. Apple ultimately produced only twenty-nine of these documents (withholding one as privileged) and stated it was "not aware of any additional ESI from Mr. Cook to be produced." Br. at 3-4; Ex. 1 at 2; Ex. 2 at 3.

### D.  The Special Master Grants Masimo's Motion to Enforce

Given Apple's ongoing refusal to produce the documents, Masimo moved to enforce Judge Early's order before the Special Master (Judge Guilford). Ex. 19.

---

[3] Masimo's summary cannot fully capture Judge Early's strong response to Apple's false assertions regarding relevance. To fully appreciate Judge Early's reasoning, a review of the full transcript is necessary.

-6-

1  Masimo showed Apple had indisputably withheld *responsive* documents in defiance of
2  Judge Early's order. *See id.* at 3-4. For example, Apple previously agreed to produce
3  documents responsive to Request No. 89 stating: "All documents and things that *refer*
4  or relate to Masimo or Cercacor." *Id.* at 3. █████████████████████████
5  █████████████████████████████████████████████████████
6  Masimo also explained that Apple had been caught multiple times withholding relevant
7  discovery about Cook, which further justified ordering Apple to "produce *all* documents
8  resulting from application of the Court-ordered search terms to Tim Cook's ESI, without
9  withholding documents for any reason other than privilege." Ex. 19 at 5.

      Apple opposed by arguing it should not have to produce documents because they are purportedly not "relevant." Ex. 20 ███████████████████ ████████████████████████ But Apple did not dispute that Judge Early ordered Apple to "produce all responsive, non-privileged documents" that hit on the search terms. *See id.* Apple largely ignored Masimo's arguments and evidence showing that Apple withheld responsive documents. *See id.*

      At the hearing, Masimo explained in detail the history that led to Judge Early's decision. Ex. 23 at 8:15-13:10. Apple nonetheless continued to assert it could withhold documents it decided were purportedly irrelevant. The Special Master questioned Apple regarding its relevance assertions. ████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████

      The Special Master granted Masimo's Motion and required Apple to "produce all documents uncovered by the search terms identified, without any determinations made by Apple regarding their perceived *relevance* to this case." Dkt. 641 at 3. The Special Master referenced the "specific circumstances" that led to Judge Early's Order. *Id.* The Special Master also explained that he explored "Apple's asserted determinations
/ / /

regarding lack of relevance, and answers referring to certain categories of documents as 'atmospheric' and 'not critical to trial' were ***telling***." *Id.*[4]

### E. <u>Apple Proposes An Unworkable "Compromise"</u>

Nearly two weeks after the Special Master's order, Apple emailed Masimo a purported "compromise" on the Cook ESI, and demanded a response the next day. Ex. 24 at 1-2. Apple offered to "agree not to appeal" the Special Master's order if Masimo would agree that Apple could continue withholding broad and vague categories of documents. *Id.* at 1. Masimo declined Apple's offer because the Special Master's decision was correct and because Apple's broad and vague categories would allow Apple to continue withholding numerous important documents based on Apple's unilateral assertions of relevance.

## III. <u>ARGUMENT</u>

### A. <u>The Special Master Correctly Ordered Apple To Produce Documents Without Filtering For "Relevance"</u>

Apple identifies no error in the Special Master's decision enforcing Judge Early's Order. The text of Judge Early's Order is straightforward:

> Defendant is ORDERED to search Tim Cook's electronically stored information using the following search terms: [listing search terms] ***and produce all responsive, non-privileged documents by October 27, 2021***…

Dkt. 502 at 2. Despite Apple's previous conduct in improperly withholding documents based on "relevance," Apple continues to argue it can withhold nearly ***all*** documents based on its own assessment of "relevance." Apple is incorrect for many reasons.

***First***, as shown above, Judge Early ordered Apple to produce "all responsive" documents. The Order did ***not*** say Apple should produce only documents that Apple

---

[4] Apple emphasizes the Special Master's ***tentative*** order, claiming the Special Master "rejected" Masimo's arguments and "concluded" Masimo's approach was "untenable." Br. at 4-5. Apple's reliance on a tentative order is inappropriate because it does not reflect the Special Master's ruling. *See* Ex. 23 at 4:14-16 ■■■■■■■■■■■■■■■■■■

thought were "relevant." Thus, the Order provides no support for Apple's argument that it can withhold documents based on its own assessments of relevance.

***Second***, the Special Master correctly noted the "specific circumstances" that led to Judge Early's Order. Judge Early scolded Apple for taking baseless "relevance" positions to avoid producing Cook's documents. *See* Ex. 16 at 6:16-10:5; 12:8-43:25; 12:18; 37:15; 24:21-24; 29:11-13; 31:7-8; 32:3-8. ████████████████████ ████████████████████████████████████████████ ██████████████████████████████ Apple should not be permitted to again engage in the very conduct that led to Judge Early's Order by continuing to apply Apple's unilateral relevance filter to withhold documents.

***Third***, the Special Master explained that he "asked some questions to explore Apple's asserted determinations regarding lack of relevance" and Apple's "answers referring to certain categories of documents as 'atmospheric' and 'not critical to trial' were ***telling***." Dkt. 641 at 3. Apple has no basis to withhold documents on the ground that ***Apple*** believes they are "not critical to trial," especially when Apple repeatedly claimed the Cook email was not even ***relevant***. The Court should allow Masimo to see these documents and determine how relevant they are. If they are not relevant, as Apple claims, Masimo would not use them (or the Court would exclude them) at trial.

***Fourth,*** Judge Early and the Special Master's decisions are well supported by the case law. Courts routinely hold that a party must "produce all ***responsive*** documents, not merely those [the party] ***believes*** are ***relevant***." *See Cabrales v. Aerotek, Inc.*, 2018 WL 2121829, at *4 (C.D. Cal. May 8, 2018) (emphasis added); *Brahmana v. Lembo*, 2010 WL 11587053, at *1 (N.D. Cal., Feb. 26, 2010) (holding that a party may not withhold documents based on relevance and must instead produce all documents responsive to discovery requests); *DCG Systems v. Checkpoint Technologies*, Case No. 11-03792 PSG, at 1 (N.D. Cal, Oct. 19, 2012) (same) (attached as Ex. H); *Conagra Foods Food Ingredients Co., Inc. v. Archer Daniels Midland Co.*, 2014 WL 1570263, at *5 (D. Kan., April 18, 2014) (same); *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 2012

WL 7783405, at *1 (C.D. Cal. Apr. 23, 2012) (same); *see also Kajeet, Inc. v. Qustodio, LLC,* 2019 WL 8060078, at *12-*13 (C.D. Cal., Oct. 22, 2019) (holding that a party cannot withhold responsive documents it unilaterally determines are "duplicative").

That approach makes sense because "litigants frequently disagree about what is relevant, partly because each litigant may perceive relevance differently based upon its distinct views concerning the case." *InTouch Techs.*, 2012 WL 7783405, at *1.[5] Thus, once a category of documents is determined to be relevant, that category of documents should be produced absent a proper objection. The opposing party is not permitted to withhold specific documents within that category based on that party's own unilateral (and hidden) assessment of relevance. Such an approach invites gamesmanship.

Apple attempts to distinguish *Cabrales* and *InTouch* by claiming neither case "dealt with" document productions that are the "result of search terms under an ESI order." Br. at 13 (internal ellipses omitted). But Apple fails to explain why a different rule should apply to documents sought through ESI requests. ESI search terms are one method of locating documents to review for production. Apple identifies no reason why it should be allowed to filter for its own unilateral view of relevance because documents were found using ESI searching instead of other searching. Indeed, *DCG* expressly addressed ESI identified with search terms and found a party cannot filter for relevance. Ex. H at 1. In fact, the court in *DCG* ordered a party to not screen emails for relevance and instead "produce documents using search terms as a proxy for responsiveness." *Id*.

Apple cites a single case from outside of the district that allowed a party to withhold ESI for relevance. Br. at 13 (citing *O'Donnell/Salvatori Inc. v. Microsoft Corp.,* 339 F.R.D. 275, 276-278 (W.D. Wash. 2021)). But that case acknowledges "only a handful of courts" have considered this issue and cited cases that allowed a **responsiveness** review, not a **relevance** review. *O'Donnell* 339 F.R.D. 275 at 277, *citing*

---

[5] Apple critiques Masimo for not providing citations to cases other than *Cabrales* and *InTouch* to the Special Master at the hearing. Br. at 13. Masimo offered the citations to the Special Master to the hearing. Ex. 23 at 10:4-7; 16:20-23; 31:20-22.

1  *BancPass, Inc. v. Highway Toll Administration*, LLC, 2016 WL 4031417, at *3 (W.D. Tex., July 26, 2016) (allowing a party to screen for responsiveness) and *Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021) (same).

More importantly, Apple's cited case is distinguishable because Judge Early ***ordered*** Apple to search Cook's ESI and produce "all responsive" documents—not all "relevant" documents. Dkt. 502 at 2. The order also resulted from Judge Early's detailed findings that Apple improperly withheld the Cook email as irrelevant. Apple cites no case suggesting a relevance review is appropriate under those circumstances.

### B. The Special Master Correctly Ordered Apple To Produce All Documents That Hit On The ESI Search Terms.

Apple also argues it should be permitted to withhold documents if Apple believes the documents are not "responsive" to Masimo's separate RFPs. But Apple makes no showing that all of the withheld documents are not responsive to Masimo's document requests. To the contrary, Apple once again ignores evidence showing Apple withheld responsive documents. For example, Apple previously ***agreed*** to produce documents responsive to Request No. 89 seeking: "All documents and things that ***refer*** or relate to Masimo or Cercacor." Ex. 19 at 3. ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ These documents are responsive to RFP No. 89. Accordingly, Apple's "responsiveness" arguments fail to justify Apple's withholding of over a thousand documents.

Apple's arguments about responsiveness are merely another attempt to withhold documents based on Apple's perception of relevance. Indeed, Apple repeatedly

conflated the concepts of relevance and responsiveness before the Special Master. Ex. 23 at 31:23-32:1 [redacted] *id.* at 21:20-23 ([redacted] Ex. 20 at 4 ([redacted] Even in its Motion here, Apple continues to argue Judge Early's order to produce "responsive" documents included a review for "relevance." Br. at 11-14 (suggesting relevance and responsiveness are not distinct concepts).

The Special Master correctly rejected those arguments and required Apple to produce all non-privileged documents. Apple argues the Special Master's order is inconsistent with the text of Judge Early's order. Br. at 9. Not so. Judge Early's Order required Apple to run searches with **specific listed terms** and "produce **all responsive**, non-privileged documents . . . ." Dkt. 502 at 2. Judge Early's order did not require Masimo to prove that each individual document would be responsive to a particular RFP. The parties extensively negotiated the search terms that Judge Early ordered, resulting in a targeted search that avoided unduly burdening Apple.

The Special Master's Order was particularly appropriate given Apple's conduct. As discussed, Apple represented Cook was "not likely to have discoverable information" despite knowing of the critical Cook email. Ex. 14 at 5:12-14 (punctuation omitted). Even after the email became public, Apple continued to argue it was not relevant. Ex. 16 at 12:5-10. Judge Early strongly disagreed. *Id*. at 12:11–32:23. Apple then refused to comply with Judge Early's order for **six months**, asserting the same "relevancy" arguments that led to Judge Early's order in the first place. Apple has since admitted that it not only withheld documents for relevance, but based on Apple's opinion on the ***degree*** of relevance or importance at trial. Ex. 23 at 33:10-34:2.

Such conduct more than justifies Apple producing all of the non-privileged documents that hit on the search terms. For example, the Court in *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571, at *18-*19 (C.D. Cal. Sept. 18, 2007), granted this relief because of a party's "discovery order non-compliance." The

court in *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2002 WL 818061, at *4 (D. Del. Apr. 30, 2002), granted this relief because of a party's "pattern of behavior in blocking discovery and inaccurately stating that no responsive documents could exist." Apple attempts to distinguish *Wingnut* and *Tulip* by claiming that they "dealt with situations where a party failed to produce any responsive documents at all and were sanctioned as a result." Br. at 10. Nothing supports Apple's argument that a party can immunize itself from scrutiny by producing a tiny fraction of the documents it was ordered to produce. *Wingnut* and *Tulip* are analogous and support Order No. 7.

### C. Apple Has Identified No Burden From The Special Master's Order

Apple has now briefed four motions and violated a court order for months, all to avoid producing 1,500 documents in a case where Apple has already produced **more than two million pages**. Apple's conduct is particularly striking because Apple has failed to present any evidence or argument of burden despite numerous opportunities. Indeed, Judge Early found Apple identified **no** burden in opposing both Masimo's Original Motion and Reconsideration Motion. Ex. 16 at 6:8-9; 31:25-32:3. Apple also identified no burden in opposing Masimo's motion that led to the order at issue here. *See* Ex. 20. Apple similarly identifies no burden in its present objections. In fact, Apple concedes it already collected and reviewed Cook's emails "for responsiveness and privilege." Ex. 20 at 1 n.1. There is no undue burden in producing the non-privileged documents Apple already reviewed. When considering motions to compel production without an additional review for responsiveness, Courts view the motion "with an eye towards ensuring that parties participating in the discovery process fulfill their obligations under the rules while guarding against ordering relief that places an unfair burden on any one party." *See Tulip*, 2002 WL 818061, at *6–*7. Because no unfair burden exists, the Court should require Apple to finally produce the withheld documents.

Rather than provide evidence of burden, Apple suggests it should be able to withhold hundreds of documents for privacy because the documents have personal information ██████████████████████████████████ Br. at 1. But all such

-13-

documents can be designated Attorneys' Eyes Only under the protective order and truly personal information (e.g., social security numbers and ▮▮▮▮▮) can be redacted just as the parties have done for many other documents in this case. Indeed, courts have explained that withholding documents as "personal" is inappropriate when they can instead be redacted or designated pursuant to a protective order. *See Darbeevision, Inc. v. C&A Marketing, Inc.*, 2019 WL 7166982, at *4 (C.D. Cal. May 17, 2019).

Further, Apple provided only *examples* of the types of documents it intends to withhold. *See* Ex. 24 (Apple defining broad categories "including" certain "example" documents). Many documents within these categories could be relevant especially because of the search terms located within the document. For example, ▮▮▮▮▮ ▮▮▮▮▮ that discussed Masimo or analogous technology would certainly be relevant to damages and the value of Masimo's technology. Documents discussing ▮▮▮▮▮ of Masimo or a third-party with analogous technology would similarly be relevant. As would "▮▮▮▮▮" that mention Masimo or Masimo's CEO. The Court should reject Apple's ill-defined categories of documents.

### D. This Court Should Not Reverse Judge Early's Order

Finally, in a last-ditch effort, Apple asks this Court to "reverse the magistrate judge's decision." Br. at 14. But Apple never sought review of that October Order. Apple should not be permitted to do so now only after Masimo proved Apple has been in contempt of that order for *six months*. While Apple is correct that the Court has inherent authority to reverse decisions, Apple ignores the rules that govern this Court's review of the magistrate decisions. *See* L.R. 72-2.1. Indeed, Apple provides no reason to reverse Judge Early's ruling, much less show that the ruling contains "clearly erroneous" factual findings or was "contrary to law." *See Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). Judge Early correctly rejected Apple's improper view of relevance and, in response to Apple's misconduct, required Apple to produce *all* documents from a narrow set of search terms. The Court should decline Apple's unsupported invitation to reverse Judge Early's six-month old decision.

Apple argues the Special Master's enforcement of Judge Early's Order "would sub silentio overrule" two prior orders by the Special Master because it would require Apple to produce, for example, Cook Documents that mention "efficient infringement." Br. at 14-15. But the Special Master's decision regarding "efficient infringement" documents was directed to a particular set of documents responsive to a particular RFP. The Special Master did not hold that Apple can withhold any *other* document that mentions the term "efficient infringement." Moreover, the Special Master's prior orders were based on a review of relevance, burden, and proportionality for particular document requests. Whether Apple should produce a small universe of documents it already reviewed is an entirely separate issue. Regardless, Apple's complaints about the Special Master's decisions provide no reason for this Court to reverse Judge Early's Order.

Apple also argues that "Mr. Cook is not just any custodian; he is the CEO." Br. at 15. Apple asserts that requiring Apple to produce "all" his documents would "set a dangerous precedent." *Id*. Apple could have avoided such concerns by complying with its discovery obligations months ago. Having fought discovery at every turn—and repeatedly misrepresenting Cook's relevance—Apple cannot now complain about producing a small set of documents as to which Apple can show no burden. After *eleven months* of motions to compel, motions for reconsideration, and communications between the parties, Apple has had every possible opportunity to contest the requested discovery and has not prevailed. Apple should now finally be required to produce the withheld documents.[6]

## IV. CONCLUSION

For the reasons set forth above, the Court should overrule Apple's Objection to Special Master Order No. 7.

---

[6] Apple's conduct is reminiscent of its prior refusal to produce core technical documents despite five court orders. Dkt. 37; Dkt. 54; Ex. I at 12:10-19; Dkt. 76; Dkt. 79. This Court held: "This issue has been litigated multiple times, and Apple has not prevailed. Now is the time for Apple to act: The Court expects prompt and full compliance." Dkt. 92 (threatening "contempt or sanctions" for "any further recalcitrance on Apple's part").

|     |                              |                                                                 |
| --- | ---------------------------- | --------------------------------------------------------------- |
|     |                              | Respectfully submitted,                                         |
|     |                              | KNOBBE, MARTENS, OLSON & BEAR, LLP                              |
| Dated: April 25, 2022         | By: */s/ Adam B. Powell*                                                                                                        |
|     |                              | Joseph R. Re  <br>Stephen C. Jensen  <br>Benjamin A. Katzenellenbogen  <br>Perry D. Oldham  <br>Stephen W. Larson  <br>Mark D. Kachner  <br>Adam B. Powell  <br>Daniel P. Hughes |
|     |                              | Attorneys for Plaintiffs  <br>MASIMO CORPORATION and  <br>CERCACOR LABORATORIES, INC. |

55445542