# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)


MASIMO CORPORATION, ET AL,   ) CASE NO: 8:18-CV-02001-JVS-JDE
                             )
            Plaintiffs,      )            CIVIL
                             )
      vs.                    )      Santa Ana, California
                             )
TRUE WEARABLES, INC, ET AL,  )      Thursday, June 24, 2021
                             )
            Defendants.      )
_____)


HEARING RE: NON-PARTY APPLE, INC'S MOTION TO QUASH SUBPOENA
[DKT.NO.282];

AND SEALING APPLICATIONS [DKT.NOS.280,289,291]


BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE



<u>APPEARANCES</u>:              SEE PAGE 2


Court Reporter:          Recorded; Digital

Courtroom Deputy:        Maria Barr

Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988




**Proceedings recorded by electronic sound recording;
transcript produced by transcription service.**

<u>**APPEARANCES**</u>:


For Plaintiffs:            JOSEPH R. RE, ESQ.
                           Knobbe Martens Olson & Bear, LLP
                           2040 Main Street
                           14th Floor
                           Irvine, CA 92614

                           MARK D. KACHNER, ESQ.
                           Knobbe Martens Olson & Bear, LLP
                           1925 Century Park East
                           Suite 600
                           Los Angeles, CA 90067


For Moving Party:          ILISSA S. SAMPLIN, ESQ.
                           Gibson Dunn & Crutcher, LLP
                           2029 Century Park East
                           Suite 4000
                           Los Angeles, CA 90067

3

1          **Santa Ana, California; Thursday, June 24, 2021**

2                    **(Remote appearances)**

3                      **(Call to Order)**

4          **THE CLERK:**  Please remain seated, and come to order.

5   This United States District Court is now in session.  The

6   Honorable John D. Early, United States Magistrate Judge,

7   presiding.

8          **THE COURT:**  Good morning everyone.  We're calling the

9   case of Masimo Corporation, et al, versus True Wearables, Inc.,

10  et al; Case Number 8:18-cv-2001-JVS-JDE.

11         Let's have appearances from Counsel, starting with

12  Counsel for the Plaintiffs.

13         **MR. RE:**  Thank you, Your Honor.  For the Plaintiff

14  Masimo Corporation and Cercacor Laboratories, my name is Joseph

15  Re from the law firm of Knobbe Martens.  And to my left is my

16  partner, Mark Kachner.

17         **THE COURT:**  All right.  And on behalf of Debtor -- or

18  I'm sorry -- on behalf of moving party Apple Inc.

19         **MS. SAMPLIN:**  Yes.  Good morning, Your Honor.  On

20  behalf of a non-party, but moving party in this case, on the

21  Motion to Quash, Apple Inc., Ilissa Samplin from Gibson, Dunn &

22  Crutcher.

23         **THE COURT:**  All right.  Is there any appearance or

24  person here on behalf of any of the Defendants; True Wearables,

25  or the other Defendant, Mr. Lamego?

Exhibit B
-51-

4

1          Seeing or hearing nothing.  It was noticed for today.

2   They are not required to be here if they don't find an interest

3   in it.

4          All right.  We're here for one substantive motion,

5   and that's Docket Number 282, non-party Apple's Motion to Quash

6   and/or for a protective order regarding a subpoena.

7          In connection with that motion, there's a joint

8   stipulation supporting and opposing evidence.  There are

9   supplemental memoranda filed by each Plaintiff and moving party

10  Apple, at least one of which is supported by additional

11  evidence.  And then there are three applications to seal

12  documents in connection with the initial motion and joint

13  stipulation in evidence, and then in connection with each

14  supplemental memorandum.

15         We're going to start with the Motions to Seal -- or

16  the Requests to Seal.  We're going to go through these item by

17  item.  And we're going to start -- and I know it was a

18  different case, but at least some of the same Counsel were here

19  last week, or two weeks ago, where we talked about Local Rule

20  79-5.2.2, governs sealing.

21         Our protected order in this case also requires

22  parties, if they seek to seal documents, to proceed under Local

23  Rule 79.

24         And I'm just going to read, so that we all are on the

25  same footing.

5

1          This is Subsection B.

2          The heading is, "Documents designated by another as

3          confidential pursuant to a protective order."

4   And now I'll quote.  And this is a long quote:

5          "At least three days before seeking to file under

6          seal a document containing information previously

7          designated as confidential by another pursuant to a

8          protected order, the filing party must confer with

9          the person that designated the material confidential,

10         open paren, (the, (quote), 'designating party')

11         (close quote, close paren), "in an attempt to

12         eliminate or minimize the need for filing under

13         sealing by means of redaction. (period).

14         "If the document cannot be suitably redacted by

15         agreement, comma, the filing party may file an

16         application pursuant to Subsection A, comma, but the

17         supporting declaration must identify the material

18         previously identified as confidential, (comma), as

19         well as the designating party, (comma), and must

20         describe in detail the efforts made to resolve the

21         issue. (period).

22         I'm going to skip a sentence.  And then:

23         "Subsequently: (colon) --

24   Again, we're just going to talk about little i:

25         "Within four days of the filing of the application,

Exhibit B
-53-

1           comma, the designating party must file a declaration

2           establishing that all or part of the designated

3           material is sealable by showing good cause or

4           demonstrating compelling reasons why the strong

5           presumption of public access in civil cases should be

6           overcome, (comma), with citations to the applicable

7           legal author -- legal standard. (period).

8           I'm going to end it there.  There's discussions about

9   if the designating party maintains that only a portion of the

10  material is sealable, the designated party should file, with

11  that declaration, a copy of what the proposed portion to be

12  sealed should be highlighted.

13          The last sentence of Subsection (i) provides,

14  (quote):

15          "Failure to file a declaration or other required

16          document may be deemed sufficient grounds for denying

17          the application."  (period, close quote).

18  Then little i-2 -- so little ii.

19          "If the application is denied, the filing party may

20          file the document in the public case file, i.e.,

21          unsealed, no earlier than four days and no later than

22          ten days after the application is denied unless the

23          Court orders otherwise." (period).

24          All right.  So with that standard in mind, let's turn

25  to Docket Number 289.  And that is an application to seal --

1    I'm sorry -- Docket Number 280.  That is an application to file

2    certain documents under seal along with redacted versions, and

3    then, in conjunction with that Docket 281, which is sealed.

4            And I won't, at this moment, get into anything that

5    appears to be confidential or had been designated as

6    confidential in those documents, but I will momentarily.

7            The declaration in support of the sealing request --

8    and this all relates to the original motion, which is Docket

9    282.  So we're in Docket 281.  It's by Mr. Lerner, Counsel for

10   moving party Apple.  And it cites to the appropriate Local Rule

11   79-5.2.2.  And it says it seeks to seal portions of the joint

12   stipulation.  And there is a sealed version, which is

13   unredacted and then separately filed at Docket 280; 281 is a

14   redacted version, along with Exhibits H and N to the

15   declaration of Ilissa Samplin, and Exhibits 3 through 8 and 10

16   through 11, to the declaration of Mark Kachner -- I'm sorry, I

17   butchered that.  Is it --

18           **MR. RE:**  Kachner.

19           **MR. KACHNER:**  Kachner, thank you.

20           **THE COURT:**  Kat --

21           **MR. KACHNER:**  Kack --

22           **THE COURT:**  Kachner -- which are all submitted in

23   connection with the motion.

24           So I'll tell you, I preliminarily looked at the

25   Documents H and N; they're Exhibits H and N to Ms. Samplin's

1    declaration.  And I find, based on what's in front of me and

2    the reference to the Case 8:20-cv-48-JVS that a sufficient

3    showing has been made to seal those documents.

4              As to the exhibits to Mr. Kachner's declaration, let

5    me start by asking.  I didn't see it on the docket.  And I'll

6    start with you, Ms. Samplin, because it's Mr. Lerner's

7    declaration that seeks sealing.

8              Turning -- and I'm going to go in a quick aside,

9    turning to paragraph 7 of that declaration, at Docket 281, it

10   indicates that Exhibits 3 through 8, 10 through 11, to the

11   Kachner declaration, contain material designated as

12   confidential or confidential attorney eyes' only, "AEO," by

13   Plaintiff and/or Defendants True Wearables and Marcelo Lamego

14   under the protected order in this case.

15             And I'm going to start with you, Ms. Samplin.  To

16   your knowledge, has anyone filed a declaration, either from

17   Plaintiffs or Defendants, as required under Local Rule

18   79-5.2.2(b), as I previously read from?

19             **MS. SAMPLIN:**  Your Honor, I don't have knowledge of

20   that off the top of my head.  But it --

21             **THE COURT:**  All right.

22             **MS. SAMPLIN:**  -- doesn't mean it's going to happen.

23             **THE COURT:**  Okay.  I'll ask Plaintiffs.

24             Are you aware of anyone having filed a declaration as

25   required to maintain a request to seal an evidentiary showing

1   under -- or just right now, it's a yes or no question, okay --

2   under Local Rule 79.5.2.2(b), to support sealing of the

3   documents attached -- that are sought to be sealed, attached to

4   your declaration?

5          **MR. RE:**  No, Your Honor.

6          **THE COURT:**  All right.  So with that being the lay of

7   the land, tentatively, under the Local Rules, I could, based on

8   that alone, order the request for sealing denied.

9          But let's do this:  Let's go through these, because I

10  don't want to do anything that's going to create unnecessary

11  heartburn due to maybe an oversight by someone.  So let's pull

12  up -- and, unfortunately, my computer right now is really slow.

13  But let's go through Exhibits 3 through 8, comma, 10 through

14  11, from Mr. Kachner's declaration.

15         And the only -- you're the only person here between

16  Plaintiffs and Defendants, who I can hear from, about the --

17  any basis to grant the sealing request.

18         So let's start with Exhibit 3.  Which I think I'm

19  safe to say is -- let's characterize it as a portion of a

20  transcript of a deposition taken on May 20, 2021.  I don't know

21  if we want me to get more specific than that.

22         But from Plaintiffs' standpoint, is this transcript

23  something that needs to remain under seal?  Is there

24  appropriate evidentiary showing?  And if there hasn't, do you

25  want to try to make one now?

10

1          **MR. RE:**  Thank you, Your Honor.  This is a deposition

2     transcript of the Defendant in the litigation that Defendant's

3     Counsel designated confidential.

4          **THE COURT:**  All right.  Are you requesting

5     confidential or attorneys' eyes only treatment for it?

6          **MR. RE:**  Yes, Your Honor.

7          **THE COURT:**  You are?  I want to be clear.  The way it

8     works is, they had an opportunity -- the Defendants did -- had

9     an opportunity to support the sealing request that was made

10    here under the Local Rules.

11         They did not make an evidentiary showing.  But if we

12    have a kind of situation where someone made a mistake, they're

13    not here today -- I wish they were -- they're not here today.

14         And if there's something in here that maybe you, as

15    an officer of the Court, are going to tell me, "Well, you know,

16    Judge, there's something in here that I think that they've

17    expressed separately or in some other circumstance."

18         And if you want to take a few moments to review it, I

19    encourage you to.  But my tentative is to find that the sealing

20    requirements have not been met, and order that this be filed in

21    the public docket within four days, and that we're going to

22    talk about these things today.

23         So let me start with -- it was a bit of a litany of

24    questions.  It's not your -- you never requested attorneys'

25    eyes only or confidential treatment of this portion of the

11

1    transcript, correct?

2              **MR. RE:**  Correct.

3              **THE COURT:**  And by you, I mean your clients.

4              Defendants did.  Is there anything in there that --

5    and, again, I'm putting you in an awkward spot, and I'm just

6    asking if you can tell me anything that you see in there that I

7    should independently verify.

8              Because I'll tell you, I don't see anything in there

9    that looks some -- looks like something that rises to the level

10   of attorneys' eyes only substantively or even to the level of

11   confidential.  I largely see objections and colloquies between

12   Counsel here.

13             So tell me if you see anything.  And when you're

14   done, after you've had enough time to look at it, tell me if

15   there's anything in here that you think I should be concerned

16   with.

17             **MR. RE:**  I attended the deposition.  And I know

18   exactly what the situation is.  The deposition --

19             **THE COURT:**  This is Mr. Re?

20             **MR. RE:**  This is Mr. Re.  Under the protected order,

21   the parties are given 30 days in which to make the redactions.

22             At the time of this filing, the entirety of the

23   transcript has to be treated as confidential or AEO under the

24   protected order until a certain amount of time -- I believe

25   it's 30 days -- passes for the witness to then designate the

Exhibit B
-59-

12

1    portions they want to make AEO or confidential.

2           The trouble was, at the time this was filed, the

3    30-day --

4           **THE COURT:**  Understood.

5           **MR. RE:**  -- time passed.

6           **THE COURT:**  So has there been any specific

7    designation of any of this portion to your knowledge?

8           **MR. RE:**  To my knowledge, no.

9           **THE COURT:**  And do you see anything independently in

10   there that would -- that I should really look closely at,

11   because I'm inclined to deny the sealing request as to this

12   transcript?

13          You're not representing them.  I'm just asking you,

14   as an officer of the Court, sometimes things come up in

15   litigation where the parties know, "Hey, this is a very

16   sensitive topic for the other side."

17          **MR. RE:**  I believe that the Defendant has

18   over-designated.  I'm with the Court.  I think much has been

19   over-designated.

20          **THE COURT:**  Is there anything in here that is not

21   over-designated, from your view?  We're just talking about

22   Exhibit 3.

23          **MR. RE:**  In my opinion, nothing should be

24   designated --

25          **THE COURT:**  I don't even want you to give your

**EXCEPTIONAL REPORTING SERVICES, INC**

Exhibit B
-60-

13

1    opinion.  It's more, has anything come to you from the

2    Defendants?

3            **MR. RE:**  Yes.  The Defendant has previously

4    designated documents that are inferentially referred to --

5            **THE COURT:**  We're going to be getting to those, I

6    believe.

7            **MR. RE:**  -- into the --

8            **THE COURT:**  We're going to be --

9            **MR. RE:**  -- deposition.

10           **THE COURT:**  -- getting to those.

11           **MR. RE:**  Particularly the deposition on page 327; the

12   email in question, which has been designated as confidential,

13   is --

14           **THE COURT:**  All right.  And I'll tell you --

15           **MR. RE:**  -- is discussed.

16           **THE COURT:**  -- that I've looked at that, and I don't

17   think that's confidential.

18           **MR. RE:**  I agree with you.

19           **THE COURT:**  All right.  So other than -- thank you

20   for relaying that information that's come from the Defendants

21   who were -- had notice of this hearing and are not appearing,

22   had an opportunity to file the required declaration, under

23   Local Rule 79.5.2.2(b), and did not.

24           So other than that, anything else you should -- that

25   I should look at closely that you're aware of?

EXCEPTIONAL REPORTING SERVICES, INC

14

1          **MR. RE:**  Nothing from the Plaintiff.

2          **THE COURT:**  All right.  So I'm going to deny the

3    motion -- the Request to Seal Exhibit 3 to the Kachner

4    declaration.

5          Let's move on to Exhibit 4.

6          And I should say that Exhibit 3, actually it's

7    several sessions of a deposition transcript of Mr. Lamego, just

8    to be clear for the record.

9          All right.  Exhibit 4 is, I believe, two emails.  I'm

10   not going to say the substance yet.  But the header -- I'll

11   put -- I'll say the date and time -- is an email dated

12   Wednesday, October 2, 2013, at 12:54 a.m.  It's a three-page

13   email followed by -- it's part of the same exhibit -- a

14   separate email, dated Wednesday, October 2, 2013, at 10:25 a.m.

15          I'll start with you, Ms. Samplin.  Are you aware of

16   any filing by Defendants seeking to support -- it's

17   Mr. Lerner's declaration -- seeking to support an evidentiary

18   finding to keep this document -- or to file this document under

19   seal?

20          **MS. SAMPLIN:**  I am not, Your Honor.

21          **THE COURT:**  All right.  On behalf of Plaintiffs,

22   either Mr. Re or Mr. Kachner, are you aware of any information

23   in the record -- let's just start with on the docket -- of an

24   evidentiary showing to support the continued sealing of

25   Exhibit 4?

Exhibit B
-62-

1          **MR. RE:**  No, Your Honor.

2          **THE COURT:**  And is there anything in there -- and

3    I've reviewed it.  And it tentatively appears to me to not

4    contain anything that would rise to the level of -- and we're

5    looking at good cause here as opposed to compelling reasons --

6    but good cause to overcome the general presumption of public

7    access.

8          But tell me if you, first of all, on behalf of your

9    client, do you see anything in there that you think requires

10   sealing?

11         **MR. RE:**  No, Your Honor.

12         **THE COURT:**  And is there anything that you know of

13   from your dealings with Mr. Lamego or his Counsel -- Mr. Re had

14   mentioned that this is something that they had taken the

15   position, was -- is it attorneys' eyes only?  Is that how they

16   designated it, or just confidential?

17         **MR. RE:**  Just confidential.

18         **MR. KACHNER:**  Just confidential.

19         **THE COURT:**  All right.  That they find this document

20   confidential, other than generally attesting to that and

21   stating that in other portions of the litigation?

22         **MR. RE:**  We only know, having attended the Lamego

23   deposition, that he believes he kept it confidential because he

24   feels he has an obligation to Apple.

25         **THE COURT:**  Okay.  And just to be clear, Mr. Lerner's

1    declaration, the only basis for sealing the Request to Seal

2    anything in Mr. Kachner's declaration is the assertion that the

3    material had been designated confidential or AEO by Plaintiffs

4    and/or Defendants, correct?

5           **MR. RE:**  There's one item, Your Honor.  We requested

6    to True Wearables' Counsel that we could disclose this to

7    Apple.  And they put conditions on that.

8           **THE COURT:**  I recall that.  And I saw that there's

9    references in the briefing to that.  But here's my -- stepping

10   back, there's only one basis that's -- now it's in front of me.

11   There's a request to seal it.  The only basis for the request

12   to seal it is Mr. Lerner's statement that this document has

13   been designated confidential or confidential attorneys' eyes

14   only by Plaintiffs and/or Defendant.  Is that correct?

15          **MR. RE:**  It's misleading.  We only designated it --

16          **THE COURT:**  No, no, no.  I guess -- is there anybody

17   else?  Did Apple?  Has Apple attempted to designate this email

18   in connection with this motion?

19          **MR. KACHNER:**  No, Your Honor.

20          **THE COURT:**  Okay.  So we're just focusing on

21   Plaintiffs and/or Defendants.  I wish we knew who it was.  My

22   understanding is that you advised him that Defendants -- you

23   advised Apple that the Defendants had designated this as

24   confidential.  And then as pursuant to the protective order

25   would need to be filed under the procedures of Local Rule

17

1    79-5.2.  But no one has filed any evidentiary showing with

2    respect to this email; is that correct?

3            **MR. KACHNER:**  Correct.

4            **THE COURT:**  All right.  And other than the general

5    history of the litigation where they have stated they consider

6    it confidential, is there anything before today's hearing or

7    anything that you've been advised, recognizing that they didn't

8    initially want to share it with Apple.  Anything other than

9    that that contains information in here that's been relayed to

10   you as somehow particularly sensitive in this eight-year-old,

11   nearly eight-year-old email involving being approached for

12   potentially joining an executive team?

13           **MR. RE:**  No, Your Honor.

14           **THE COURT:**  All right.  I find that I'm going to deny

15   the request to seal Exhibit 4.  And as with all the exhibits I

16   decline, we're going to follow the procedure in Local Rule

17   79-5.2 that that's ordered to be filed in the public docket

18   between four 10 days from today.

19           Let's move on to Exhibit 5, looks like a meet-and-

20   confer correspondence.  And I think this was at least generally

21   what Mr. Kachner was talking about, that there was

22   communications with between counsel for Plaintiffs and

23   Defendants regarding certain records and this motion.

24           Then I'll ask Ms. Samplin, are you aware of anything

25   that's been submitted by Defendants that would support an

1    evidentiary showing to continue to seal Exhibit 5?

2            **MS. SAMPLIN:**  No, Your Honor.

3            **THE COURT:**  All right.  And on behalf of Plaintiffs,

4    do Plaintiffs contend that Exhibit 5 contains confidential or

5    attorneys'-eyes-only information under the protective order?

6            **MR. KACHNER:**  No, Your Honor.

7            **THE COURT:**  All right.  Having independently reviewed

8    it, I don't see anything in Exhibit 5 that would warrant or

9    justify any finding of confidentiality or other basis to

10   overcome the general presumption of public access.  And there's

11   been no evidentiary showing as required under Local Rule

12   79-5.2.2(b), so I'm going to deny the motion to seal Exhibit 5.

13           Exhibit 6 is another deposition transcript.  This is

14   a deposition, I won't say of whom, but of a representative of

15   Plaintiffs that was designated attorneys' eyes only.  And

16   again, it does not appear that there's been an evidentiary

17   showing with respect to Exhibit 6.

18           Ms. Samplin, are you aware of any that I have missed?

19           **MS. SAMPLIN:**  I am not, Your Honor.

20           **THE COURT:**  All right.  On behalf of Plaintiffs,

21   since I can't tell from Mr. Lerner's declaration because it

22   says "and/or," I can't tell who designated this.  Do you know

23   who designated this for purposes of our hearing here today,

24   designated it as attorneys' eyes only?

25           **MR. KACHNER:**  Understood, Your Honor.

19

1        **THE COURT:**  Okay.  And what is your view about

2   whether it should continue to be attorneys' eyes only or

3   confidential; or maybe more generally, should it be filed under

4   seal or not?

5        **MR. KACHNER:**  There are some materials in here, Your

6   Honor, that we would like to maintain under seal.

7        **THE COURT:**  All right.  Even though the showing is

8   late, I'm going to allow you, counsel for Plaintiffs, to file a

9   supplemental declaration setting forth, as required under Local

10  Rule 79-5.2.2(b), with highlighting what portions of Exhibit 6

11  you believe are -- should be maintained under seal, with an

12  evidentiary showing as to why.  And that filing may itself be

13  under seal.  And then we'll make a ruling on Exhibit 6.

14       All right.  Let's turn to Exhibit 7.  It looks like a

15  series of a family of email chain.

16       Ms. Samplin, do you have any -- is there anything in

17  the docket that suggests that any party made an evidentiary

18  showing to continue sealing Exhibit 7?

19       **MS. SAMPLIN:**  No, Your Honor.

20       **THE COURT:**  And on behalf of Plaintiffs, did you

21  designate this confidential or attorneys' eyes only or did

22  Defendants designate that?

23       **MR. KACHNER:**  Plaintiffs designated Exhibit 7.

24       **THE COURT:**  All right.  They had an opportunity and

25  did not submit any follow up and did not appear at the hearing

Exhibit B
-67-

1    -- have not appeared at the hearing this morning.

2              Is there anything that you'd like to offer?  And

3    Mr. Kachner, you raised your hand.

4              **MR. KACHNER:**  I just want to be clear.  Plaintiffs

5    designated this document.

6              **THE COURT:**  Oh you said "Plaintiffs".  All right.

7    Well what's the basis for it?

8        **(Pause)**

9              **MR. KACHNER:**  We withdraw the confidentiality

10   designation, Your Honor.

11             **THE COURT:**  I don't want to rush you.  Here's what I

12   really don't want to do.  I don't want to have someone come

13   rushing back and say, whoops, we forgot this, so take as much

14   time as you need.  And if you withdraw it then it will be

15   withdrawn and the request to seal as to Exhibit 7 will be

16   denied but take your time.

17       **(Pause; Counsel confer).**

18             **THE COURT:**  Mr. Re, you want to speak.

19             **MR. RE:**  Yes.  I wonder if we can include this with

20   Exhibit 6 and go back to see our clients.  We're a little

21   concerned that there's individual names and their immigration

22   status --

23             **THE COURT:**  All right.

24             **MR. RE:**  -- that's mentioned on the document.

25             **THE COURT:**  The same order for Exhibit 7 as to

1  Exhibit 6 that to the extent continued sealing is requested, I

2  need a basis for it and I need an evidentiary showing to

3  support it.  And if not all of the document needs to be sealed,

4  I need a redacted version and then a version highlighting -- a

5  clean and unredacted version but has the portions to be

6  redacted highlighted.  And that submission may be made under

7  seal.

8           Exhibit 8, this is a letter dated July 23rd, 2016.

9  On its face, it indicates that there may be a basis to maintain

10 it confidential although the basis is an evidentiary basis as

11 opposed to meaning the basis to treat it as restricted that's

12 on the face of it is as an evidentiary privilege, not as a

13 public privilege.

14          So I'll ask you again, Ms. Samplin, any information

15 that you're aware of in the docket that I've missed about an

16 evidentiary showing to keep Exhibit 7 confidential or under

17 seal?

18          **MS. SAMPLIN:**  Are we on Exhibit 7 or Exhibit 8?

19          **THE COURT:**  You're right, Exhibit 8.

20          **MS. SAMPLIN:**  No, Your Honor.

21          **THE COURT:**  All right.  And on behalf of Plaintiffs,

22 who designated Exhibit 8?

23          **MR. KACHNER:**  This was designated by Defendants.

24          **THE COURT:**  All right.  Anything in there that you're

25 aware of that -- bearing in mind if it's filed in the public

1  docket, it doesn't alter any -- for lack of a better term --

2  "mediation privilege" or "settlement communication privilege"

3  but that's the one that caused me a little bit of pause.

4         **MR. KACHNER:**  We do not maintain confidentiality --

5         **THE COURT:**  All right.  Exhibit -- I'm going to deny

6  the motion as to Exhibit 8.

7         And then we turn to Exhibit 10.

8         So Exhibit 8 I actually left off.  There are

9  attachments to Exhibit 8 that have photos.

10        I just want to make sure, none of that is an issue

11 for Plaintiffs, correct?

12        **MR. KACHNER:**  None of that's an issue for Plaintiffs.

13        **THE COURT:**  All right.  Turning to exhibit -- well

14 there's more even beyond that but it looks like some emails but

15 since there's been no evidentiary showing I'm going to deny the

16 application.

17        Exhibit 10 is additional transcript of a different

18 witness' deposition in this case.

19        Ms. Samplin, any information that you're aware of

20 that's on the record that any party made an evidentiary showing

21 to support a sealing request?

22        **MS. SAMPLIN:**  No, Your Honor.

23        **THE COURT:**  On behalf of Plaintiffs, who requested

24 this transcript to be treated confidential?

25        **MR. KACHNER:**  Defendants, Your Honor.

23

1        **THE COURT:**  All right.  And it looks like it's dated

2  back in December of 2020 so the earlier situation seems less at

3  issue.

4        Is there anything in this transcript that you appear

5  cause -- would cause -- would support just facially a continued

6  sealing of Exhibit 10?

7        **MR. KACHNER:**  No, Your Honor.  I would qualify that,

8  that this also falls in the category of documents that we

9  requested True Wearables' permission to disclose to Apple, and

10  even right before the filing they conditioned that disclosure.

11        **THE COURT:**  All right.  And there's a reference to an

12  investigation, a government investigation.  Is there anything

13  that you're aware of that that -- this wasn't sealed based on

14  some governmental request or agency request that something be

15  kept confidential.  Is that correct?  From your perspective?

16        **MR. KACHNER:**  I don't believe so, Your Honor.

17        **THE COURT:**  Okay. All right.  The motion will be

18  denied for lacking and evidentiary support as to Exhibit 10.

19        And lastly, Exhibit 11 is another email chain with

20  counsel.

21        Ms. Samplin, are you aware of any evidentiary basis

22  on the docket to support the continued or the request to seal

23  beyond Mr. Lerner's declaration for Exhibit 11?

24        **MS. SAMPLIN:**  No, Your Honor.

25        **THE COURT:**  Oh behalf of Plaintiffs, do you know who

24

1    designated Exhibit 11 to be treated as confidential?  It's not

2    facially stamped confidential.

3            **MR. KACHNER:**  Plaintiffs designated this document,

4    Your Honor.

5            **THE COURT:**  Plaintiffs did.

6            **MR. KACHNER:**  Yes, Your Honor.

7            **THE COURT:**  All right.  What's the basis?

8            **MR. KACHNER:**  There is material in here discussing

9    confidential development work that was going on at Masimo and

10   Cercacor.

11           **THE COURT:**  All right.  Other than that, is there

12   anything that Plaintiff based its designation on?

13           **MR. KACHNER:**  No, Your Honor.

14           **THE COURT:**  All right.  As with Exhibit 6 and 7

15   authorized Plaintiff to make a filing with respect to

16   Exhibit 11 that sets forth what the legal basis for the

17   sealing, what an evidentiary foundation would be for sealing.

18   And take proposed redacted (indisc. papers shuffling) if

19   anything can be publicly disclosed to propose redacted and a

20   unredacted version with the proposed redactions highlighted in

21   the unredacted version.

22           So that's with respect to just the motion.  As I

23   noted, I don't see a problem with Exhibits H and N to

24   Ms. Samplin's declaration based on what's in the record and

25   what's in the record in the other case being under seal, but

1  everything else will be unsealed with an unredacted copy to be

2  filed within four days, except for Exhibits 6, 7 and 11 and

3  we'll await further ruling on that based on a further showing

4  by Plaintiffs.

5          In terms of the two supplemental memoranda, I think

6  that Apple's supplemental memoranda was only -- sought an

7  under-seal filing because argument portions in the supplemental

8  memoranda referred to other materials that were provisionally

9  sought sealing, so we're going to take that up after everything

10 gets final.  And we'll direct that with respect to Apple's

11 supplement -- and also the joint stipulation -- anything that

12 is ordered unsealed will no longer be a basis to redact from

13 the joint stipulation.  Anything that remains sealed will

14 remain.  And so since it's a joint submission, we're going to

15 have to have the parties work together to submit a redacted

16 joint -- a newly redacted joint stipulation with everything

17 that's been ordered not sealed to be included in that new

18 redacted joint stipulation to be filed.  Everybody understand

19 that?

20          And the same applies to the supplemental memoranda.

21          There are some exhibits to Plaintiffs' supplemental

22 memoranda.  I think it's Exhibit 16 which Plaintiff seeks

23 sealing.  And let's pull that up.  And while I'm doing that

24 I'll ask since this is at Plaintiffs' request -- well let me

25 take a look.

Exhibit B
-73-

26

1      **(Pause)**

2           **MR. RE:**  Your Honor, I might be able to make this one

3    easy for you.

4           **THE COURT:**  All right.

5           **MR. RE:**  The Exhibit 16 is a continuation of an email

6    chain that was previously filed at Exhibit 5.  And there's

7    nothing new in the additional discussion that would warrant

8    sealing.  So the same treatment applies to Exhibit 5 which was

9    unsealed, I believe.

10          **THE COURT:**  All right.  I guess -- let me ask you.

11          Who -- although you did the declaration, did you do

12   the declaration seeking sealing of Exhibit 16 because

13   Defendants had designated Exhibit 16 confidential?

14          **MR. RE:**  That's right, Your Honor.

15          **THE COURT:**  All right.  And you're not aware of any

16   filing by Defendants providing an evidentiary basis to keep

17   that document under seal since you filed your request to seal?

18          **MR. RE:**  No, Your Honor.

19          **THE COURT:**  And do you independently see anything

20   from your perspective that would require sealing with respect

21   to Exhibit 16?

22          **MR. RE:**  No, Your Honor.

23          **THE COURT:**  All right.  Exhibit 16 -- the request to

24   seal Exhibit 16 is denied.  And it will be ordered to be filed

25   on the public docket four days after today.

Exhibit B
-74-

27

1              And your joint -- I don't actually recall any

2    redactions from your joint or your supplemental memoranda --

3    Oh, there are, okay.

4              **MS. SAMPLIN:**  For Apple, Your Honor?

5              **THE COURT:**  Pardon?

6              **MS. SAMPLIN:**  Apple you mean?

7              **THE COURT:**  I was talking about for Plaintiffs but I

8    see that there are.

9              So you're each going to go through -- for your

10   supplemental memoranda, you're going to file a new one.  And

11   it's going to be redacted, only the materials that have been

12   approved for redaction which as of right now is only the two

13   exhibits to Ms. Samplin's declaration, and may also include the

14   three exhibits, Exhibits 6, 7 and 11 from Mr. Kachner's

15   declaration.  Anything that's in the joint stipulation or

16   either supplemental memoranda that's maintained as redacted

17   will be -- as deemed confidential will be maintained as

18   redacted.  Anything else that's redacted based on one of the

19   other things that the application had been denied, you're going

20   to be filing a new one but we're going to wait four days so

21   we're going to get new -- what did I say, the rule say it's

22   either four to 10 days you're going to be filing all this stuff

23   and so I do -- actually, you know what?  For your supplemental

24   memoranda and your joint stipulations, you're going to have to

25   wait to file that until I've ruled on the new submissions by

28

1   Plaintiffs with respect to Exhibits 6, 7 and 11.  So we'll hold

2   off on that and there'll be a separate order regarding those.

3           All right.  So that's the sealing.

4           **MS. SAMPLIN:**  Your Honor, I just have one question.

5           **THE COURT:**  Yeah.

6           **MS. SAMPLIN:**  Our supplemental memorandum only quotes

7   from Exhibit 8 which you just denied the motion so should we

8   just go ahead and file that and not wait --

9           **THE COURT:**  Wait --

10          **MS. SAMPLIN:**  -- or --

11          **THE COURT:**  Wait four days because that's what the

12  local rules provide.  It says "Unless by order of the court".

13  If we had Defendants here I would just do it now but we're

14  going to wait.  It doesn't mean that they have -- having had

15  both an ability to comply with the rule as required and appear

16  here today that -- well I'm just going to leave it at that but

17  we'll have  it --

18          **MS. SAMPLIN:**  But we don't need to wait for your

19  further order on the other exhibit.

20          **THE COURT:**  Correct.  On that one once four days have

21  passed, you can go ahead and file it unless you hear otherwise

22  from the Court.

23          Okay.  Let's now turn to the substance.

24          And I'm going to speak about everything that's been

25  unsealed.  And in the event that anything changes on that,

Exhibit B
-76-

1    we'll go back and have to perhaps designate from here on

2    forward this transcript confidential but for now it's not and

3    we're proceeding in a public fashion.

4           My tentative is to deny the motion in its entirety

5    with the possible exception -- I haven't decided -- as to

6    Request for Production Number 1 which is the entire human

7    resources employee file for Mr. Lamego and we can talk further

8    about that.  And I'm going to tell you that I'm using the

9    amended categories for document productions proffered by

10   Plaintiff in their portion of the joint stipulation as opposed

11   to what's in the original subpoena.

12          I find that, tentatively, that both the requested

13   categories of records and the topics for testimony are relevant

14   -- again, with a little proviso on the employee file -- are

15   relevant and are proportional to the needs to the case, taking

16   into account the somewhat heightened review under Rule 45

17   because Apple is a nonparty.  But I do find that the material

18   sought is relevant; it's narrowly crafted to go to those

19   issues; again, bearing in mind that even with the heightened

20   relevance standard of Rule 45, relevance is still broadly

21   construed.

22          To the extent Apple argues that confidential

23   information is sought, I find that the protective order in this

24   case is sufficient to protect any such interests and does not

25   overcome the need and proportionality for the information.

1    There's an argument that these requests duplicate requests for

2    documents in what Apple designated as a related case in Masimo,

3    et al. v. Apple, Inc; Case Number 8:20-cv-48-JVS.  And I think

4    that argument is somewhat related but not identical to Apple's

5    last argument that the subpoena is -- and they used the phrase

6    "and around" various limitations and discovery that were either

7    agreed to or imposed in that other case.  And on each of those

8    grounds I deny the motion and find that this is an appropriate

9    effort to obtain legitimate discovery.

10            And I'm not going to at this point make any findings

11   about Apple and counsel but I'm going to say that there is a

12   whiff of Three-card Monte going on here about getting documents

13   and finding documents and doing a shell game about where

14   Plaintiffs are supposed to go and the procedural mechanisms.

15            And we have -- it's actually referenced in one of the

16   exhibits that we were just discussing that's been unsealed --

17   an assertion of a common interest privilege.  And there's been

18   fingers pointing that you can't disclose this or you can't use

19   something disclosed in this case in another case -- and that's

20   what the protective orders do say that parties are limited.

21   And so to the extent a party is -- demands that a party obtain

22   discovery through another case because that party is not

23   allowed to obtain it or use it under the protective order in

24   that case, then that's a perfectly appropriate situation.

25            And when defendants who are apparently in a common

31

1    interest privilege with nonparty Apple assert that they're not

2    going to answer questions or provide information because they

3    deem it to be confidential and that confidentiality is alleged

4    to be held by Apple, these are all the factors that go into why

5    those final two arguments raised by Apple, that it's Plaintiffs

6    that are doing an end-around or -- and this may be my words,

7    not theirs -- playing games that I do not agree.  And I'm not

8    going to make a finding, at least not at this juncture, about

9    good faith or bad faith but I'll certainly be willing to hear.

10           So having heard my tentative, Apple -- Ms. Samplin,

11   it's Apple's motion.  I'll hear from you.

12           **MS. SAMPLIN:**  Thank you, Your Honor.  I just want to

13   clarify.

14           Our end run argument was about the fact that we

15   appeared before Your Honor a few weeks ago, on request in the

16   Apple case that related to Marcelo Lamego's duties at Apple or

17   job responsibilities and hiring and whatnot, and Your Honor

18   denied all but one of those requests.  And so the end run that

19   we are arguing is that they are trying to get documents of the

20   type that were deemed overbroad and irrelevant to the Apple

21   case.  They're now trying to get it in the True Wearables case

22   which has nothing to do with Apple or Marcelo Lamego's time at

23   Apple.  That's the argument we were trying to make.

24           I hear Your Honor on your other point but

25   respectfully, we believe if the discovery is not relevant in

32

1   the Apple case where Apple is a party, and the issues in the

2   case are tied to Lamego's work at Apple, we don't see how those

3   documents are relevant in this case where all of the causes of

4   action are about Lamego's time at True Wearables.

5           And then when you look at the supplemental memorandum

6   from Plaintiffs, their justification is basically an email from

7   Lamego, that was Exhibit 16, and then all they point to at the

8   end is that it's relevant to their breach of fiduciary duty

9   claim.  But that claim in the complaint is that Lamego breached

10  his fiduciary duty to Cercacor by, one, failing to disclose

11  facts that showed some noninvasive measurement technology was

12  not feasible, causing Cercacor to license this technology to

13  Masimo even though it did not work; and, two, failing to file

14  patents on subject matter he was instructed to include.  That

15  has nothing to do with Apple; that has nothing to do with the

16  email to Tim Cook; that has nothing to do with Apple hiring

17  Lamego or Lamego choosing to work at Apple.  So I'm just

18  struggling to see the relevance of the breach of fiduciary duty

19  claim which is the only purported basis set forth in the

20  supplemental memorandum for the discovery at issue.

21          **THE COURT:**  Where did Mr. Lamego work between the

22  time he worked at Cercacor and True Wearables?

23          **MS. SAMPLIN:**  He worked at Apple, Your Honor, but the

24  claims in this case are not based on his time at Apple.

25          **THE COURT:**  He's alleged to have taken trade secrets

1  and used them at his new business, correct?

2         **MS. SAMPLIN:**  His new business meaning True

3  Wearables?

4         **THE COURT:**  Yes.

5         **MS. SAMPLIN:**  Yes, correct.

6         **THE COURT:**  And that was roughly six, seven, eight

7  months after he left Cercacor, correct?

8         **MS. SAMPLIN:**  That is correct.

9         **THE COURT:**  And in that intervening six, seven, eight

10  months he was at Apple, correct?

11         **MS. SAMPLIN:**  That is correct.

12         **THE COURT:**  And I have in front of me an email that

13  he sent to Apple's CEO.  Let's just say it speaks for itself as

14  to what Mr. Lamego was saying.  And then the timing is that

15  email was sent at what?  12:00 a.m.?  1:00 a.m.?  And then at

16  10:00 a.m. -- I'm sorry, even earlier than that.  What is it?

17  10:30 a.m. an Apple recruiter responds to that email that was

18  sent to Mr. Cook by Mr. Lamego, correct?

19         **MS. SAMPLIN:**  That's correct.

20         **THE COURT:**  Well, I'm going to tell you that in my

21  view, under the broad definition of relevance, even as somewhat

22  constricted by the Rule 45 requirements that we have tried to

23  avoid an undue burden on a party or on a nonparty that a

24  sufficient showing of relevance as to why the hiring and

25  potential grounds for termination, grounds which apparently --

34

1    it's unrebutted -- Mr. Lamego has refused to answer, stating

2    that it's because he owes a duty of confidentiality to Apple

3    that I think rise to the level of relevance, that rise to the

4    level of proportional to the needs of the case.

5            And again, I don't really want to but maybe I should

6    get into some other issues that this email disclosure raises.

7    I'm not going to but if we want to go talk about it more, let's

8    do that.  I'll leave it up to you, Ms. Samplin.

9            **MS. SAMPLIN:**  I defer to Your Honor as to what you --

10           **THE COURT:**  Well I guess what I'm saying is, argue as

11   much if you want.  If we really want to get into -- when you

12   say there's no connection or no relevance to this case for

13   information about Mr. Lamego's short stint at Apple, why he was

14   hired, why he was terminated, this email sheds a lot of light

15   on some issues.  It's not in and of itself going to be a case

16   dispositive but it's certainly --

17           I've done a lot of trials and you want to tell a

18   story.  And part of -- and I don't mean like a fairy tale.  I

19   mean there's a beginning, middle and end.  And Mr. Lamego's

20   time at Apple is fairly -- I'm not going to overstate it -- but

21   fairly described as part of the middle of this story.  And to

22   excise it would not meet with what a trial is for, what a jury

23   is for.  Again, I'm not going to do the trial; that's going to

24   be up to Judge Selna to see what comes in and what doesn't but

25   I'm not going to, at this stage, excise what I believe -- and

35

1   this email seems to confirm -- there's a significant,

2   potentially significant information in that six, seven or

3   eight-month period that are part of the story.  And maybe

4   there's nothing, maybe there's nothing to it but there's enough

5   here to fall within the definition of relevance and

6   proportionality to tell a story.

7            And the email, the follow-up email from a recruiter,

8   the whole history of the allegations in the case, and we'll see

9   what happens.  It may be -- again, it may be nothing; there may

10  be nothing to it but it appears relevant and it appears

11  proportional.

12           And in terms of the end-run language -- well, I think

13  that there's more going on here than -- I'm going to leave it

14  at that.  There's more going on here.  And I have some concerns

15  about some of the things that are going on but I'm just going

16  to leave it at that and give you an opportunity, Ms. Samplin,

17  to argue anything else that you want on anything in my

18  tentative or anything else.

19           **MS. SAMPLIN:**  Well, Your Honor, can we talk about --

20  or did you want to do it separately, the personnel file?

21           **THE COURT:**  Sure, let's talk about the personnel

22  file.  I'll tell you my concerns are it's -- somebody's

23  personnel file could contain a lot of things that I don't think

24  are necessarily relevant, things like medical leave, things

25  like reasonable accommodations.  I don't know if any of these

Exhibit B
-83-

36

1  things exist; I don't have a factual basis.  Mr. Lamego who I

2  kind of would have thought would have filed something to the

3  extent my concerns are based on his right to privacy, he didn't

4  and he's not here.  It's kind of why I'm surprise -- one of the

5  reasons I'm surprised his counsel isn't here.  But that said, I

6  do still have to take everything into account.

7        We have a protective order but we have Rule 45.  I

8  don't know how burdensome it would be to produce the personnel

9  file but maybe we can get some clarification on why the

10  entirety of the personnel file is relevant and proportional.

11        But first of all, it's your motion, Ms. Samplin.  And

12  having heard my thoughts, you tell me what you think.

13        **MS. SAMPLIN:**  I believe that the request for the full

14  personnel file is overbroad and not proportional.  And if we're

15  going based on Your Honor's articulation of relevance and why

16  you believe certain of these requests fit in the relevance

17  standard, then I would argue that the requests that they're

18  going to get, if you're going to deny our motion, elsewhere

19  between Requests for Production 2 to 5, as modified -- because

20  I understand we're going by their modified requests for

21  production -- they're getting the information that you've

22  articulated as relevant.  I don't see why they need to open up

23  an entire personnel file which Your Honor already said did need

24  to be produced in the Apple case.

25        **THE COURT:**  well let's -- to some extent the Apple

**EXCEPTIONAL REPORTING SERVICES, INC**

37

1    case had different issues.  There where what?  Ten or 12 former

2    employees governed by the request at issue in that case,

3    although there were one or two that related to Mr. Lamego and

4    the issues are somewhat subtly different.  And in the Apple

5    case, Mr. Lamego wasn't a party whereas here, I'm just -- again

6    I'm surprised he's not here to assert a right to privacy

7    because that would be the primary basis.

8              I don't really see -- I don't know how big his

9    personnel file is, considering the number of motions, both in

10   this case and the related case.  From a comparison standpoint,

11   I don't imagine the photocopying costs of a personnel file are

12   unduly burdensome or expensive under Rule 45 but that's the

13   only one that I'm unsure about and particularly considering.

14   I'm tentatively going to grant it as to all those other

15   categories.

16             So anything else, Ms. Samplin?

17             **MS. SAMPLIN:**  Yes.  So Your Honor I just want to

18   point you to page 1 in our Supplemental Memorandum because you

19   are correct that requests in the Apple case did have that

20   definition of former employees that was broader and went beyond

21   Lamego.

22             But then we specifically spoke about the personnel

23   file as it related to Lamego.  And on page 64 of the transcript

24   you reiterated that you weren't compelling Apple to produce the

25   entire HR files of Lamego.  I hear you that Lamego is a party

Exhibit B
-85-

38

1   here and he's not here to assert privacy interests but we still

2   think it's overbroad and not proportional to the needs of the

3   case, particularly if you are going to grant the other requests

4   for production.

5          **THE COURT:**  All right.  Anything further?

6          **MS. SAMPLIN:**  I guess I would just ask for

7   clarification.

8          Your tentative on Requests 2 through 5, that's for

9   all modified versions of those requests.

10          **THE COURT:**  Yes.

11          **MS. SAMPLIN:**  Right?  Okay.

12      **(Pause)**

13          I guess I would still argue that I think Request

14   Number 2, for example, is too broad because weren't limited by

15   Plaintiffs to "documents sufficient to show".  They were just

16   enlarged to "documents and communications".  So we're now

17   requesting documents and communications related to the hiring

18   of Lamego.  I understand they dropped the word "all" but the

19   fact that they've used documents sufficient to show elsewhere

20   shows that their request for documents, as opposed to all

21   documents is really just the same thing.  And so I think the

22   request is still broad -- is still overbroad.

23          **THE COURT:**  Anything further?

24          **MS. SAMPLIN:**  Are we going to deal with the

25   deposition topic separately?

1          **THE COURT:**  No.  It's your motion.  Anything else you

2  want to raise with respect to the motion?

3          **MS. SAMPLIN:**  Yes.  So I would say that I think the

4  deposition topics are unnecessary if Your Honor is granting the

5  request -- sorry -- is denying the motion with respect to

6  Requests 2 through 5.  The deposition topics get at largely the

7  same material.  And I would suggest at a minimum the Plaintiff

8  should get the documents -- if we're being ordered to produce

9  the documents -- see what's in the documents and then decide.

10  And maybe we can work together and meet and confer as to

11  whether a deposition is actually necessary from a nonparty in

12  this case on the same exact topics that they're seeking

13  documents about.

14          **THE COURT:**  Well the good news is that will be my

15  order with one little proviso.  Apple will be ordered to

16  produce the documents first.  And then once the documents are

17  received, the 30(b)(6) or the Rule 45 deposition will proceed.

18  And if for whatever reason Plaintiff doesn't need it any

19  further or doesn't want it any further, they can cancel it but

20  it will be ordered and it will be ordered to take place after

21  the documents are received.

22          Anything further?

23          **MS. SAMPLIN:**  The deposition topics, Your Honor.

24      **(Pause)**

25          I would also just add, I think the deposition topics

40

1    were not revised and they still go beyond the revised requests

2    for production.  And so again, I think the deposition is not

3    necessary here on these broad topics, getting at all

4    communications that were had between Apple and Marcelo Lamego

5    related to hiring or termination.  And I think the documents

6    are sufficient in that regard.  And if they're not, if the

7    Court deemed them not, the deposition should be tailored to the

8    revised topics.

9              **THE COURT:**  Anything further?

10             **MS. SAMPLIN:**  No, Your Honor.

11             **THE COURT:**  All right.  On behalf of Plaintiffs, I'm

12    telling you, I'm inclined at this point to stick with my

13    tentative, including the tentative to deny the request for the

14    entirety of Mr. Lamego's personnel file.

15             If there's something specific, other than what's

16    already been granted, that there's a proffer of relevance, I'll

17    hear it.  But I'm, at this point, inclined to stick with my

18    tentative.  But you can argue anything you wish.

19             **MR. RE:**  Well, I agree with the tentative.  And we

20    have no interest in trying to invade his right to privacy on

21    the medical.  And those types of issues are obviously not of

22    interest to us at all.

23             And I haven't seen any evidence of burden.  And I

24    think the Court's correct.  And I agree with tentative.

25             I just want to correct one thing on the record.

1   Ms. Samplin repeatedly has stated as if this Court has denied

2   the Apple Motion to Compel.  And I agree with you, it's

3   slightly different circumstances.

4           But just so the record is clear, we submitted the

5   order from that Apple hearing.  And the reason why 236, 237,

6   and 239 were denied, they were denied as moot.  Because Apple

7   agreed to produce the documents with respect to Lamego and

8   O'Reilly.

9           So it's not correct that these motions were just

10  denied outright.  They were denied as moot, as unnecessary

11  because they did agree to produce, even in the Apple case, the

12  Lamego-related documents.  So I wanted that to be clear.

13          And with regard to this discussion we're having now

14  about the Cook email and all of that, they had the Cook email,

15  they had all the evidence, and their supplemental memorandum

16  ignored the notice of related cases, ignored the confidential

17  agreement, ignored the Tim Cook email, and, as you noted, they

18  didn't even contest that Lamego is not giving us the

19  information, because he's saying, "Go to Apple."

20          And I attended that Lamego deposition.  And his --

21  he's not even taking the view that this stuff is irrelevant.

22  He's just taking, you know, "Go to Apple.  I don't want to be

23  sued by Apple."

24          So you're right.  Lamego himself is not even

25  contesting the relevance of this information.  He's just not

1    comfortable with us seeing it because he's afraid of Apple.

2            I have nothing further, and I agree with the

3    tentative.

4            **THE COURT:**  All right.  The tentative order, with

5    respect to the motion itself, Docket 282, will be the order of

6    the Court.  There will be a written order to follow.  The

7    motion will be denied with the exception of Category I, the

8    entirety of the personnel file.  I'm not going to order that.

9    I didn't hear anything about some sub-information other than

10   what's contained in Request Numbers 2 through 5.

11           So that will be the order of the Court.  And in terms

12   of the sealing applications, the three sealing applications we

13   mentioned, the request to seal the two exhibits to

14   Ms. Samplin's declaration, Exhibits H and N, those -- that

15   request will be granted as to those, and it will be denied as

16   to Exhibits 3, 4, 5, 9, and 10 to the declaration of

17   Mr. Kachner, with respect -- and that's the initial declaration

18   of Mr. Kachner -- with respect to Exhibit 6, 7, and 11.

19           Apple is -- or Plaintiffs are ordered to file a

20   supplemental declaration under seal that provides their grounds

21   for continued sealing as to those exhibits, and an evidentiary

22   showing in support of those grounds, and newly redacted and

23   highlighted versions of those exhibits, to only seek to redact

24   those portions as to which confidentiality or attorneys' eyes

25   only or whatever the legal basis for sealing is made.

43

1           And as to the, I think it was Exhibit -- what did we

2   say Exhibit 12 in -- filed by -- in Mr. Kachner's declaration,

3   in support of Plaintiffs' supplemental memorandum, that request

4   to seal is denied.

5           **MS. SAMPLIN:**  I think it's Exhibit 16, Your Honor.

6           **THE COURT:**  Oh, 16.  I'm sorry.  Thank you.

7           Exhibit 16, that request is denied.  All those

8   documents as to which requests to seal have been denied are to

9   be filed within four to ten days from today, on the public

10  record.

11          And Apple's showing -- how much time do you think you

12  need to make your showing with respect to Exhibits 6, 7, and

13  11?

14          **MR. SPEAKER:**  Maybe by Monday.

15          **THE COURT:**  All right.

16          **MR. SPEAKER:**  Monday is fine, Your Honor.

17          **THE COURT:**  By Monday, June 28th.  Apple will file

18  that request.

19          And then I know this is a lot.  Apple's supplemental

20  memoranda should be refiled without any item under seal, let's

21  say, by Tuesday, June 29th -- and I may have said, "July 28th"

22  earlier -- June 28th -- by Tuesday, June 29th.

23          And then the joint stipulation, the parties are to

24  meet and confer and determine, after this hearing and the

25  rulings, what still needs to be redacted, and then to file a

44

1   redacted version of the joint stipulation with only the

2   provisions that remain under seal redacted.

3          And Plaintiffs' supplemental memorandum, same with

4   that, because there were some provisions in the supplemental

5   memorandum that are redacted -- or that were redacted because

6   of earlier filings.

7          Does that all make sense?

8          **MR. SPEAKER:**  Yes, Your Honor.

9          **THE COURT:**  Any questions?

10          In terms of the timing of the production, I guess,

11  since I'm denying the motion, I don't necessarily want to get

12  into timing.  It's not really before me.  It was a Motion to

13  Quash.  So the subpoena goes forward.  Obviously, the return

14  date has passed.

15          I'd be inclined to say ten days, produce documents.

16  And when is our discovery cutoff in this case?  It's already

17  passed, right?

18          **MR. RE:**  No.

19          **MR. KACHNER:**  Yes, Your Honor.  True Wearables,

20  (audio glitch).

21          **THE COURT:**  Okay.  And it was in May, right?

22          **MR. RE:**  Yes.  We're now in expert discovery.

23          **THE COURT:**  Okay.  So let's --

24          **MS. SAMPLIN:**  Your Honor, I would just ask, with the

25  July 4th holiday, I'm just -- it's just going to be a little

**EXCEPTIONAL REPORTING SERVICES, INC**

1    tough for -- our client shuts down the arm of production.

2            THE COURT:  Well, how much -- can I ask you -- of the

3    requested documents, how much is different from what I assume

4    your clients are already gathering in the 20-48 case?

5            MS. SAMPLIN:  Your Honor, honestly, most of these

6    requests were denied in that case, so -- or they were narrowed.

7    I mean, I just do want to want to say --

8            THE COURT:  All right.  We don't need to hear

9    anymore.  We've got trial dates, Selma has trial dates.

10   They've got expert discovery cutoffs; they've got motion

11   deadlines coming up.

12           There was no expedited request for a hearing on this

13   motion, so I won't make an unreasonably short response.  But

14   for June 24th, I'm not really sure why Friday, July 2nd

15   wouldn't be a reasonable deadline to get what, to me, for a guy

16   that worked at Apple for seven months, we're not talking

17   about -- I don't think.

18           I don't see anything in front of me that would

19   suggest that we're talking about a substantial amount of

20   documents.  There may be work to locate them.

21           MS. SAMPLIN:  I'm just saying the client is closed on

22   July 2nd.  And I believe July 1st.  So that's my hesitation.

23   I'm not sure about July 1st, but I know July 2nd.  So that's my

24   hesitation.

25           THE COURT:  Apple, as a company, company-wide is

1    closed?

2              **MS. SAMPLIN:**  Production.  The production team that

3    does the productions for us.

4              **THE COURT:**  When is your expert discovery cutoff?

5              **MR. SPEAKER:**  August.

6              **MR. SPEAKER:**  Opening reports have already been

7    served.  August is --

8              **MR. SPEAKER:**  Yeah.  We're in the middle of rebuttal

9    reports.  So we probably have about six weeks.

10             **THE COURT:**  All right.  Well, I'm not sure that this

11   has -- I don't know you case well enough to know how much this

12   has to do with expert reports.

13             But I'll tell you what, I'll give Apple until July

14   7th, which is 13 days.  And the parties are to schedule the

15   deposition testimony to take place expeditiously after the

16   production and the full production of documents.

17             All right.  Is there anything further that I need to

18   take up this morning with request to the motions, the sealing

19   applications, or any other matter?

20             On that general question, I'll start with Plaintiff.

21             **MR. RE:**  Nothing further from the Plaintiff.

22             **THE COURT:**  All right.  From Apple?

23             **MS. SAMPLIN:**  I do just want to state on the record

24   that I think Mr. -- just to the extent there was a suggestion

25   by Mr. Re that we have somehow mislead the Court as to what was

47

1    ordered or agreed to in the Apple case, our supplemental

2    memorandum is clear.  On page 2, we said Apple voluntarily

3    agreed to produced.  And we referred to RFP 236.

4          So I just want to correct the record before the

5    Court.  I don't think there was any effort.  I know there

6    wasn't an effort to mislead the Court as to what Apple

7    voluntarily agreed to do in the Apple case.

8          **THE COURT:**  We'll leave it at that.  I'm not making

9    any findings one way or another right now.

10         I'll tell Apple I almost did.  And I'm not going to,

11   based on what seems to be going on, on some of these issues.

12   But we're just going to leave it -- we're going to leave it at

13   that.

14         All right.  So we are adjourned.

15        **(Proceeding Concluded)**

16

17

18

19

20

21

22

23

24

25

**EXCEPTIONAL REPORTING SERVICES, INC**

Exhibit B
-95-

## <u>CERTIFICATION</u>

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    <u>June 26, 2021</u>

         Signed                                                    Dated


*TONI HUDSON, TRANSCRIBER*