JOSHUA H. LERNER, SBN 220755
jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

APPLE INC.,
a California corporation,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 8**

Date: May 23, 2022
Time: 1:30 p.m.

Discovery Cut-Off: Aug. 12, 2022
Pre-Trial Conference: Mar. 13, 2023
Trial: Mar. 28, 2023

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 8
CASE NO. 8:20-cv-00048-JVS (JDEX)

Wilmer Cutler Pickering Hale and Dorr LLP

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

## TABLE OF CONTENTS

I. Introduction ........ 1

II. Background ........ 3

A. Apple's RFP No. 275 – Communications Between Michael O'Reilly and The FDA ........ 3

B. Apple's RFP Nos. 283-286 – *True Wearables* Litigation Documents ........ 5

III. Legal Standard ........ 6

IV. Argument ........ 7

A. The O'Reilly-FDA Communications Sought By RFP No. 275 Are Relevant, And Plaintiffs Did Not Satisfy Their Burden To Show That They Are Overbroad Or Not Proportional To The Needs Of The Case ........ 7

B. The *True Wearables* Documents Sought By RFP Nos. 283-286 Are Relevant, And Plaintiffs Did Not Meet Their Burden To Show That They Are Overbroad Or Not Proportional To The Needs Of The Case ........ 11

V. Conclusion ........ 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006) ........ 8

*Amini Innovation v. Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014) ........ 14

*Beeman v. Anthem Prescription Management., Inc.*, 2017 WL 5564535 (C.D. Cal. Nov. 17, 2017) ........ 14

*Bryant v. Mattel, Inc.*, 2007 WL 5432960 (C.D. Cal. Apr. 17, 2007) ........ 12

*Coast Hematology-Oncology Associates Medical Group v. Long Beach Memorial Medical Center*, 58 Cal. App. 5th 748 (2020) ........ 13

*Fisher v. American Bankers Insurance Co. of Florida*, 2021 WL 6536669 (C.D. Cal. Dec. 17, 2021) ........ 6

*Gold v. Kaplan*, 2021 WL 6618643 (C.D. Cal. Dec. 2, 2021) ........ 9, 14

*Green Payment Solutions, LLC v. First Data Corp.*, 2018 WL 6333696 (C.D. Cal. Oct. 30, 2018) ........ 10

*Hope Medical Enterprises, Inc. v. Fagron Compounding Services, LLC*, 2020 WL 2771233 (C.D. Cal. Mar. 31, 2020) ........ 6, 7

*Intex Recreation Corp. v. Bestway USA Inc.*, 2021 WL 6618494 (C.D. Cal. Nov. 10, 2021) ........ 7, 11

*Littlefield v. NutriBullet, L.L.C.*, 2017 WL 10439791 (C.D. Cal. Nov. 3, 2017) ........ 10

*Martinez v. Davis*, 2010 WL 11549650 (C.D. Cal. Mar. 11, 2010) ........ 13

*Masimo Corp. et al. v. True Wearables, Inc. et al.*, C.A. No. 8:18-CV-02001 (C.D. Cal.) ........ 1

*O. L. v. City of El Monte*, 2020 WL 7264549 (C.D. Cal. Oct. 30, 2020) .......... 7

*Pacific Coast Surgical Center v. Scottsdale Insurance Co*, 2019 WL 1873228 (C.D. Cal. Apr. 24, 2019) .......... 10

*Pangborn v. Los Angeles County Deputy Sheriffs Lieutenant Baudino*, 2018 WL 6265055 (C.D. Cal. Sept. 27, 2018) .......... 14

*Ramirez v. County of Los Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005) .......... 9, 12

*RG Abrams Insurance v. Law Offices of C.R. Abrams*, 2021 WL 4805315 (C.D. Cal. Aug. 10, 2021) .......... 9

*SPS Technologies, LLC v. Briles Aerospace, Inc.*, 2020 WL 4341717 (C.D. Cal. June 25, 2020) .......... 10

*Walker v. Life Insurance Co. of the Southwest*, 2018 WL 5905121 (C.D. Cal. Oct. 23, 2018) .......... 10

*Zissa v. County of Los Angeles*, 2021 WL 4620952 (C.D. Cal. Jan. 4, 2021) .......... 7

**STATUTES, RULES, AND REGULATIONS**

Fed. R. Civ. P. 26 .......... 9

Fed. R. Civ. P. 53(f)(3)-(4) .......... 6

Federal Rule of Civil Procedure 26(b)(1) .......... 6

# I. INTRODUCTION

Apple objects to Special Master Order Number 8, which denies Apple's motion to compel production of (1) communications between Michael O'Reilly and the FDA that occurred when O'Reilly was employed by Plaintiffs (RFP No. 275), and (2) documents from *Masimo Corp. et al. v. True Wearables, Inc. et al.*, C.A. No. 8:18-CV-02001 (C.D. Cal.), that mention Marcelo Lamego, other Apple employees, and Plaintiffs' alleged trade secrets (RFP Nos. 283-286), *see* Dkt. 656 at 6-9. Notably, Plaintiffs *agreed to produce* documents in response to RFP No. 275 nearly a year ago. Furthermore, the Special Master previously *granted* Plaintiffs' motion to compel the production of documents responsive to Plaintiffs' similar and much broader RFP No. 573, which sought "[d]ocuments regarding *any analysis* by Apple, including analysis of *any iPhone compatible devices*, to determine whether or how to obtain FDA clearance or approval for any ECG" (electrocardiogram) features or applications of Apple Watch products. Dkt. 637 at 4-5 (emphases added). As to the *True Wearables* documents, Plaintiffs' position during the meet and confer process was that Apple should obtain the materials from third-party True Wearables (notwithstanding that they were in the possession of Plaintiffs), but Plaintiffs did *not* take the position that Apple should be barred from obtaining those materials altogether.

Mr. O'Reilly and Mr. Lamego are central to Plaintiffs' trade secret case, as Plaintiffs' only theory for how Apple allegedly acquired Plaintiffs' purported trade secrets is that Lamego and O'Reilly brought this information with them when they joined Apple. Communications between O'Reilly and the FDA are directly relevant to Plaintiffs' allegations that O'Reilly [redacted] The *True Wearables*

documents are relevant because that litigation involves allegations of trade secret misappropriation by Lamego that are similar to those at issue here. *Compare* Dkt. 296-1 ¶¶ 22-26, 79-267 (Fourth Amended Complaint) *with Masimo Corp. v. True Wearables Inc.*, No. 8:18-cv-02001, Dkt. 42 ¶¶ 35-43, 74-101 (June 17, 2019) (First Amended *True Wearables* Complaint). If Plaintiffs made statements in those documents about, for example, Lamego's knowledge of their technology or Plaintiffs' efforts to maintain the secrecy of their purported trade secrets, such admissions would be highly relevant to Apple's defenses.

The Special Master's ruling (correctly) did not suggest that Apple failed to meet its burden to establish the relevancy of either the FDA-O'Reilly communications or the *True Wearables* documents. As noted above, even Plaintiffs agreed to produce the FDA-O'Reilly materials and as to the *True Wearables* documents, Plaintiffs' position during the meet and confer process was that Apple should be required to subpoena a third party for those materials. Rather, the Special Master (incorrectly) denied Apple's motion on the grounds that these requests for production were overbroad and sought discovery that is not proportional to the needs of this case. Dkt. 656 at 6-8. In reality, Plaintiffs did not meet their burden to establish overbreadth or a lack of proportionality and for good reason—the requests were not overbroad and they were proportional. Under RFP No. 275, Apple seeks a discrete set of communications that are limited in substance (to O'Reilly's communications with the FDA) and in time (to the period O'Reilly was employed by Plaintiff). Plaintiffs have presented no evidence that this request would result in a high volume of documents—indeed, the number could be quite small. Finally, Plaintiffs themselves have argued in pressing their case on their much broader RFP No. 573

Apple also narrowed RFP Nos. 283-286 to a limited set of unredacted filings and discovery responses from the *True Wearables* litigation that are readily available from Plaintiffs' files for that case. Because the requests seek documents that are of central importance to this case and do not present any undue burden (since Plaintiffs presumably already have electronic copies of all the *True Wearables* documents), they are proportional to the needs of the case.

Apple therefore respectfully requests that the Court sustain Apple's objections to Special Master Order Number 8 and order Plaintiffs to produce (1) communications between O'Reilly and the FDA located after a reasonable search (or confirm that there are none), and (2) discovery responses and unredacted versions of sealed filings from the *True Wearables* litigation that involve Marcelo Lamego, other Apple employees, and/or Plaintiffs' alleged trade secrets.

## II. BACKGROUND

### A. Apple's RFP No. 275 – Communications Between Michael O'Reilly and The FDA

[redacted] Six months later, [redacted]

[redacted] Ex. 30 at 15:18-22. Plaintiffs have failed to identify any such Bates numbers.

Wilmer Cutler Pickering Hale and Dorr LLP

On March 11, 2022, Apple moved to compel Plaintiffs to produce the communications between O'Reilly and the FDA. Apple's motion explained [REDACTED] Plaintiffs' opposition contested neither [REDACTED]

At oral argument, Apple pointed out that the Special Master had [REDACTED] The sole reason the Special Master gave for his ruling was that "Apple's RFP No. 275 is overbroad [] as written and seeks discovery that is not proportional to the needs of this case." Dkt. 656 at 6. The Special Master distinguished his ruling on RFP No. 573 on the grounds that Apple included a more "general definition of 'relating to' in its RFPs" as well as "other arguments raised at the hearing." *Id.*[2]

---

[2] The only support the Special Master provided for the "other reasons" language was a citation to Order No. 6 (which denied Plaintiffs' motion to compel documents responsive to RFP No. ***574*** as opposed to 573). Dkt. 656 at 6. The Special Master did not explain the relevance of Plaintiffs' RFP No. 574, nor was that RFP discussed at the hearing.

### B. Apple's RFP Nos. 283-286 – *True Wearables* Litigation Documents

With respect to RFP Nos. 283-286, Apple's motion to compel explained

[3] Apple previously also sought correspondence from the *True Wearables* litigation that related to the same subject matter, as well as unredacted filings concerning the purported trade secrets that Masimo alleges Apple misappropriated but in the spirit of compromise



Wilmer Cutler Pickering Hale and Dorr LLP

[REDACTED]

At oral argument, [REDACTED] The Special Master rejected Apple's offer to narrow the RFPs as untimely and found that the RFPs "as written" were "vastly overbroad" and not "[p]roportional[]" because they seek "documents that 'mention Marcelo Lamego' in a lawsuit against a company owned by Marcelo Lamego." Dkt. 656 at 7-8. The Special Master also stated that its ruling was "further support[ed]" by "issues raised [in] Plaintiffs' opposition." Dkt. 656 at 7. The Special Master did not specify what those issues were.

## III. LEGAL STANDARD

Under this Court's order appointing the Special Master, this Court reviews *de novo* all objections to findings of fact and conclusions of law. *See* Dkt. 470 at 4; *accord* Fed. R. Civ. P. 53(f)(3)-(4).

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." The relevancy requirement "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hope Med. Enters., Inc. v. Fagron Compounding Servs., LLC*, 2020 WL 2771233, at *2 (C.D. Cal. Mar. 31, 2020). And in evaluating proportionality, a court may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Fisher v. Am. Bankers Ins. Co. of Fla.*, 2021 WL 6536669, at *2 (C.D. Cal. Dec. 17, 2021).

Once the party seeking discovery meets its "initial burden" to establish relevance, the "party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections." *Hope Med. Enters.*, 2020 WL 2771233, at *2; *see also Zissa v. Cty. Of L.A.*, 2021 WL 4620952, at *1-2 (C.D. Cal. Jan. 4, 2021) (similar). If the party resisting discovery raises only "general objections, without evidentiary support, such as overbreadth, undue burden, oppressive, vague, compound, etc.," the objections should be "overruled as unsupported." *O. L. v. City of El Monte*, 2020 WL 7264549, at *5 (C.D. Cal. Oct. 30, 2020). When "it is not clear that" that the party resisting discovery has been held to its burden, a ruling denying the discovery is "contrary to law." *Intex Recreation Corp. v. Bestway USA Inc.*, 2021 WL 6618494, at *5 (C.D. Cal. Nov. 10, 2021) (sustaining objections to magistrate judge ruling regarding proportionality).

## IV. ARGUMENT

### A. The O'Reilly-FDA Communications Sought By RFP No. 275 Are Relevant, And Plaintiffs Did Not Satisfy Their Burden To Show That They Are Overbroad Or Not Proportional To The Needs Of The Case

Neither Plaintiffs nor the Special Master disputed that communications between O'Reilly and the FDA are relevant to Plaintiffs' claims that Apple misappropriated their alleged trade secrets related to a [REDACTED] How O'Reilly represented Plaintiffs in front of the agency goes to the merits of Plaintiffs' trade secret claims, as it could show whether O'Reilly even had access to certain alleged trade secrets, the value that Plaintiffs place on them, and whether Plaintiffs took reasonable measures to protect their secrecy. In particular, as Apple has explained—and Plaintiffs did not dispute—Plaintiffs' only theory for how [REDACTED]

[redacted] Any communications between O'Reilly and the FDA during his employment with Plaintiffs are therefore relevant to O'Reilly's knowledge (or lack thereof) of [redacted][4]

Tellingly, Plaintiffs have effectively conceded the relevance of this kind of document [redacted]. Plaintiffs cannot reasonably claim that Apple's documents regarding FDA approval are relevant while also asserting that O'Reilly's communications with the FDA while he was employed by Plaintiffs are not.

Accordingly, because Apple established that the O'Reilly communications are relevant, the burden shifted to Plaintiffs to establish that the documents should not be produced. *See supra* p. 7. While the Special Master's Order held that RFP No. 275 is overbroad and seeks discovery that is not proportional to the needs of the litigation, it did so without explanation and the record does not support the conclusion that Plaintiffs satisfied their burden.

*First*, Plaintiffs argued [redacted] *see also* Dkt. 656 at 6. But the "bald, boilerplate assertion that [a party's] document requests are overly burdensome and harassing merely because they seek information 'relating to' a subject is without merit." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 n.1 (C.D. Cal. 2006)

---

[4] Plaintiffs stated in passing that [redacted]

(collecting cases). To be sure, the "unrestrictive use" of terms like "all documents" or "relating to" can in some circumstances create an overbreadth problem, but "a request will not be objectionable solely because of the use of such [a] term[] if [it] modif[ies] a sufficiently specific type of information or group of documents." *See Gold v. Kaplan*, 2021 WL 6618643, at *6 (C.D. Cal. Dec. 2, 2021). When the requested documents "are relevant to plaintiff[s'] allegation[s]" and "reasonably calculated to lead to the discovery of admissible evidence," an overbreadth objection based on a request seeking "all" relevant documents should be rejected. *See Ramirez v. Cty. Of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005); [REDACTED]

Here, RFP No. 275 is limited to [REDACTED] The category of documents that Plaintiffs have failed to produce—communications between O'Reilly and the FDA during O'Reilly's employment with Plaintiffs—is narrower still, as it is limited both in substance (it specifies two specific email senders/recipients) and in time (it is limited to when O'Reilly worked for Plaintiffs). This request therefore "seek[s] specific communications with specific temporal and/or substantive parameters" and is not overbroad. *See RG Abrams Ins. V. L. Offs. Of C.R. Abrams*, 2021 WL 4805315, at *10 (C.D. Cal. Aug. 10, 2021).

*Second*, Plaintiffs similarly failed to articulate any cognizable burden associated with producing communications between O'Reilly and the FDA that would raise a proportionality issue. *See* Fed. R. Civ. P. 26. Plaintiffs claim that [REDACTED]

[REDACTED] This combined conduct suggests they did not perform a reasonable search in the first instance. *See Littlefield v. NutriBullet, L.L.C.*, 2017 WL 10439791, at *6 (C.D. Cal. Nov. 3, 2017) (requiring that party either "identify the bates stamp numbers for the produced documents," or "[t]o the extent that [it] determines, after a reasonable search, that no responsive documents exist, it shall affirmatively state this fact in its revised written responses"). In any event, at the hearing, Apple suggested—and Plaintiffs did not dispute—that [REDACTED] If the search were truly burdensome, Plaintiffs could support that assertion by providing a high number of hits based on, for example, [REDACTED] But Plaintiffs have not offered "any evidence, as opposed to argument, regarding the asserted burden, in terms of cost or time, with running one additional search." *Walker v. Life Ins. Co. of the Sw.*, 2018 WL 5905121, at *2 (C.D. Cal. Oct. 23, 2018); *accord SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 4341717, at *2 (C.D. Cal. June 25, 2020) (rejecting "mere[] assert[ion]—without any support—that additional burden … of running the additional ESI search terms is 'unreasonable'").

In sum, Plaintiffs' "conclusory statement that production of the documents would be 'burdensome,' with no further explanation" is insufficient to sustain a proportionality objection. *See Pac. Coast Surgical Ctr. V. Scottsdale Ins. Co.*, 2019 WL 1873228, at *2 (C.D. Cal. Apr. 24, 2019) (affirming magistrate judge finding that request was proportional); *see also Green Payment Sols., LLC v. First Data Corp.*, 2018 WL

6333696, at *3 (C.D. Cal. Oct. 30, 2018) (overruling objection that discovery sought was "overly burdensome" where Plaintiffs had "not described in sufficient detail or quantified [their] burden to search the ESI"). Because the Special Master failed to hold Plaintiffs to their burden, the denial of Apple's motion to compel the production of documents responsive to RFP No. 275 is thus "contrary to law" and should be reversed. *See Intex*, 2021 WL 6618494, at *5 (reversing magistrate judge where it was "not clear that the MJ Order applied th[e] proper burden on [the party resisting discovery] in reaching its proportionality ruling").

**B. The *True Wearables* Documents Sought By RFP Nos. 283-286 Are Relevant, And Plaintiffs Did Not Meet Their Burden To Show That They Are Overbroad Or Not Proportional To The Needs Of The Case**

As with the O'Reilly-FDA communications, [redacted] This is for good reason: As this Court is undoubtedly aware, True Wearables is owned by Marcelo Lamego and the allegations of trade secret theft are similar to those at issue here. *Compare* Dkt. 296-1 ¶¶ 22-26, 80-267 (Fourth Amended Complaint) *with Masimo Corp. v. True Wearables Inc.*, No. 8:18-cv-02001, Dkt. 42 ¶¶ 35-43, 74-101 (June 17, 2019) (First Amended *True Wearables* Complaint). [redacted]

Plaintiffs accordingly once again had (and failed to satisfy) the burden to establish that these relevant documents should not be produced. And once again, the Special

Master concluded that Plaintiffs had met their burden without substantive explanation or grounding in the record. *See* Dkt. 656 at 7-8.

*First*, Apple's requests (particularly as narrowed at the hearing) are not overbroad. The documents that Apple seeks under RFP Nos. 284 and 286 are reasonably limited to unredacted versions of sealed filings in the *True Wearables* litigation that involve Marcelo Lamego, Apple employees, or the alleged trade secrets in this case. The *True Wearables* litigation currently includes 568 docket entries in total, and only approximately 100 of those entries are sealed. *See True Wearables*, C.A. No. 8:18-CV-02001.[5]

Moreover, [redacted] Dkt. 656 at 7, Mr. Lamego's conduct is central to Plaintiffs' allegations about Apple. [redacted]. And Plaintiffs have argued that the *True Wearables* case—which again, centers around Lamego's conduct using Plaintiffs' technology—is so close to this one so [redacted] Given Plaintiffs' "extensive" allegations regarding Lamego, which relate to "an important element of [their] case," Apple's request is not overbroad. *See Ramirez*, 231 F.R.D. at 412; *see also Bryant v. Mattel, Inc.*, 2007 WL 5432960, at *3 (C.D. Cal. Apr. 17, 2007) (even defendant's "extremely broad" request for discovery was not "overbroad or unduly burdensome" where plaintiffs' claims were broad and the information sought was relevant to a "key issue in this litigation").

---

[5] In Plaintiffs' briefing, they misleadingly [redacted]

The discovery responses called for by RFP Nos. 283 and 285 also present a discrete set of documents. Plaintiffs have never identified the number of discovery responses in the *True Wearables* litigation, let alone provided a number that raises concerns of overbreadth. The Court should thus reject Plaintiffs' "generalized objection that [Apple's] discovery requests are overbroad" because Plaintiffs "do not explain why or relate the objection to the actual information or documents requested." *See Martinez v. Davis*, 2010 WL 11549650, at *2 (C.D. Cal. Mar. 11, 2010).

*Second*, Plaintiffs' suggestions that Apple's requests are unduly burdensome because [REDACTED] Plaintiffs have also repeatedly taken the position throughout this litigation that their Section 2019.210 Statement adequately describes their purported trade secrets such that discovery can proceed. *See, e.g.*, Dkt. 268 at 5 ("Plaintiffs submit that their Disclosure is sufficient and discovery should proceed now as to all trade secrets other than [certain hospital interaction trade secrets]."); [REDACTED] Since Plaintiffs have already defined the relevant universe of trade secrets, they cannot now reasonably claim that it is too difficult to identify those trade secrets—or related technology—when reviewing the *True Wearables* papers. Indeed, Plaintiffs are in a far better position than Apple to identify which alleged trade secrets have been asserted in both actions. *See Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 758 (2020) ("[P]utative trade secret owners themselves spell out the boundaries of their property claims[.]").

*Third*, Plaintiffs' assertion that Apple should [REDACTED], misses the mark. At oral argument,

Apple stated and—Plaintiffs did not dispute—that ████████ "Multiple courts have unambiguously stated that" an objection that the requested information is equally available to the requesting party is generally "insufficient to resist a discovery request." *Pangborn v. L.A. Cty. Deputy Sheriffs Lieutenant Baudino*, 2018 WL 6265055, at *4 (C.D. Cal. Sept. 27, 2018) (collecting cases). Put slightly differently, "[c]ourts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Amini Innovation v. Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014).

More broadly, Plaintiffs have a "duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production" and Plaintiffs have not done so here. *See Beeman v. Anthem Prescription Mgmt., Inc.*, 2017 WL 5564535, at *4-5 (C.D. Cal. Nov. 17, 2017). At a minimum, Plaintiffs could—but apparently have failed—to ████████

In sum, Apple's RFP Nos. 283-286 are reasonably limited to unredacted filings and discovery responses in the *True Wearables* litigation concerning Marcelo Lamego, other Apple employees, and the alleged trade secrets in this case. "Because [Plaintiffs] have failed to demonstrate why producing discovery" relating to those RFPs "would be unduly burdensome and because such discovery is relevant to Plaintiffs' claims, … the requested discovery is proportional to the needs of the case" under "the factors set forth in Rule 26(b)." *Gold*, 2021 WL 6618643, at *5.

## V. CONCLUSION

Apple respectfully requests that the Court sustain Apple's objections to the Special Master's Discovery Order No. 8 and order the production of documents responsive to RFP Nos. 275 and 283-286.

Dated: April 25, 2022

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 8
15
CASE NO. 8:20-cv-00048-JVS (JDEX)