# EXHIBIT 9

JOSHUA H. LERNER, SBN 220755
    jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:   415.393.8306

H. MARK LYON, SBN 162061
    mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:  650.849.5300
Facsimile:   650.849.5333

BRIAN M. BUROKER, *pro hac vice*
    bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8541
Facsimile:   202.467.0539

ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
    akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Telephone:  310.552.8546
Facsimile:   310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.** <br><br> Action Filed:    January 9, 2020 |

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 1

Gibson, Dunn & Crutcher LLP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the Local Civil Rules of the United States District Court for the Central District of California, Defendant Apple Inc.("Apple") hereby serves its First Set of Requests for Production of Documents and Things ("Requests") to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) to be responded to, in writing, within thirty (30) days of service hereof, and in accordance with the definitions and instructions below.  These Requests are continuing in nature and responses thereto should be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I.  <u>DEFINITIONS</u>

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  In these Requests, the following terms are to be given their ascribed definitions.

1.     The term **"Action"** refers to *Masimo Corporation et al. v. Apple Inc.*, Civil Action No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.), commenced on January 9, 2020.

2.     The term **"Complaint"** refers to the current operative complaint in the Action.

3.     The term **"Masimo"** refers to Masimo Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Masimo Corporation's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled

1

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 2

Gibson, Dunn &
Crutcher LLP

by Masimo Corporation.

4.      The term **"Cercacor"** refers to Cercacor Laboratories, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Cercacor Laboratories, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Cercacor Laboratories, Inc.

5.      The terms **"You," "Your," or "Plaintiffs,"** refer to Masimo and Cercacor, jointly or individually.

6.      The terms **"Defendant"** or **"Apple"** refer to Apple Inc.

7.      The term **"the '265 patent"** means U.S. Patent No. 10,258,265.

8.      The term **"the '266 patent"** refers to U.S. Patent No. 10,258,266.

9.      The term **"the '628 patent"** refers to U.S. Patent No. 10,292,628.

10.     The term **"the '708 patent"** refers to U.S. Patent No. 10,299,708.

11.     The term **"the '190 patent"** refers to U.S. Patent No. 10,376,190.

12.     The term **"the '191 patent"** refers to U.S. Patent No. 10,376,191.

13.     The term **"the '695 patent"** refers to U.S. Patent No. 10,470,695.

14.     The term **"the '994 patent"** refers to U.S. Patent No. 6,771,994.

15.     The term **"the '703 patent"** refers to U.S. Patent No. 8,457,703.

16.     The term **"the '776 patent"** refers to U.S. Patent No. 10,433,776.

17.     The term "**the '553 patent**" refers to U.S. Patent No. 10,588,553.

18.     The term "**the '554 patent**" refers to U.S. Patent No. 10,588,554.

19.     The terms "**Asserted Patents**" or "**Patents-in-Suit**" refer to the '265 patent, the '266 patent, the '628 patent, the '708 patent, the '190 patent, the '191 patent, the 695 patent, the '994 patent, the '703 patent, the '776 patent, the '553 patent, and the '554 patent, collectively, as well as any applications for and/or

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 3

counterparts to these patents, and any other patents that You may accuse Apple of infringing in this Action, and their applications and/or counterparts.

20.     The term **"Related Patents and Applications"** refers to (i) all U.S. or foreign patents and patent applications related to the Asserted Patents or their applications by way of subject matter or claimed priority date, and (ii) any patent or patent application that claims priority to an Asserted Patent, or to which an Asserted Patent claims priority.

21.     The terms **"Asserted Claim"** or **"Asserted Claims"** means the claims of the Asserted Patents that Plaintiffs contend Apple has infringed and/or is infringing.

22.     The term **"Asserted Technologies"** refers to the alleged inventions claimed by the Asserted Claims.

23.     The term **"Apple Patents"** refers to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, and 10,524, 671, collectively, as well as any applications for and/or counterparts to these patents, and any other of Apple's patents for which Plaintiffs may bring claims of correction of inventorship in this Action, and their applications and/or counterparts.

24.     The term "**Apple Applications**" refers to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832 16/700,710, 14/618,664, and 15/960,507, and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively, and any counterparts thereof, and any other of Apple's patent applications for which Plaintiffs may bring claims of ownership in this Action, and any counterparts thereof.

25.     The term "**Alleged Inventors**" refers to Messrs. Al-Ali, Diab, and Weber, as described in paragraphs 22, 227, 234, 241, 248, 255, 262, 270, 278, 286, and/or 294 of the Complaint, collectively, and any other individuals who Plaintiffs

3

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 4

Gibson, Dunn &
Crutcher LLP

may contend in this Action should be named as inventors on the Apple Patents and Apple Applications.

26.    The terms "**Trade Secret**" or "**Trade Secrets**" means the information identified in paragraph 211 of the Complaint as alleged trade secrets and any other trade secret that Plaintiffs allege Apple misappropriated.  In referring to any information identified in paragraph 211 of the Complaint as a "Trade Secret," Apple in no way communicates its agreement that the information constitutes a trade secret.

27.    The term "**Accused Products**" refers to the Apple Watch Series 4 and later devices, alone or in combination with Apple iPhones, that Plaintiffs assert infringe any of the Asserted Patents, and any other products that Plaintiffs are permitted to accuse of infringing any of the Asserted Patents in this Action.  In referring to any product as an "Accused Product," Apple in no way communicates its agreement that the product infringes the Asserted Patents.

28.    The term "**Prior art**" refers to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Asserted Patents.

29.    The term "**Licensee**" refers to any entity having a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that the entity has any rights to the Asserted Patents or Related Patents, may practice one or more claims of the Asserted Patent and/or that Plaintiffs will not file suit or otherwise enforce against that entity one or more claims of the Asserted Patent or Related Patents and Applications.

30.    The terms "**Person**" or "**Persons**" shall mean any natural person, or any business, legal or governmental entity or association.

31.    The term "**Communication**" shall mean every manner of disclosure, transfer, or exchange of information whether person-to-person, in a group, orally, in

4

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 5

Gibson, Dunn & Crutcher LLP

writing, by telephone, by electronic transmission, or otherwise.

32.     The terms **"Document"** or **"Documents"** is used in the most comprehensive and broadest sense permitted by the Federal Rules of Civil Procedure 26 and 34, and specifically includes electronically stored information and every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence.  A draft or non-identical copy is a separate Document within the meaning of this term.

33.     The terms **"Thing"** or **"Things"** are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

34.     A Document, Thing, or Communication **"relating to," "related to," "concerning,"** or **"regarding"** a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

35.     The term **"each"** shall mean each and every.

36.     The term **"any"** shall include the word "all," and vice versa.

37.     The terms **"and," "or,"** and **"and/or"** shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

38.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine or neutral form shall include all of the other genders.

39.     The use of the term **"the"** shall not be construed as limiting the scope

5

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 6

of any Request.

40.     References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

## II.   **INSTRUCTIONS**

1.     All requests must be responded to fully and in writing in accordance with Fed. R. Civ. P. 34.

2.     You are to produce all requested Documents, Communications, and Things that are in Your custody, control, or possession, or within the custody, control or possession of Your attorneys, accountants, agents, consultants, investigators, other representatives, affiliates, employees, and/or any other entities or individuals acting on Your behalf or on whose behalf You are acting.   A Document, Communication, or Thing not in Your physical custody is nonetheless deemed to be in Your possession, custody, or control if You (i) own such Document, Communication, or Thing in whole or in part, (ii) have a right by contract, statute or otherwise, to use, examine, or copy such Document, Communication, or Thing on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document, Communication, or Thing on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document, Communication, or Thing when You have sought to do so.   In the event that You cannot produce any of the Documents, Communications, or Things designated in a particular request, You shall produce those Documents, Communications, or Things which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents, Communications, or Things.

3.     If Your response to a Request is that Documents, Communications, and Things are not in Your possession, custody, or control, describe in detail the efforts You have made to locate the Documents, Communications, and Things, and

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 7

identify who has possession, custody, or control of them.

4.      If any Request calls for the production of Documents, Communications, and Things that have been lost, discarded, or destroyed, You shall state the circumstances of the loss or destruction of each such Document, Communication, or Thing, including the identity of Person(s) having knowledge as to the circumstances of its loss or destruction and the date of its loss or destruction.

5.      These Requests call for the production of all original Documents, all non-identical copies of such Documents, any preliminary drafts thereof, including all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Documents.  Unless otherwise agreed in writing, each non-identical version of any Document, Communication, or Thing shall constitute a separate Document, Communication, or Thing.  Each draft or version of any Document, Communication, or Thing also shall constitute a separate Document, Communication, or Thing.

6.      Email attachments and embedded files must be mapped to their parent by the Document or by production number.  If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded Document must be included.

7.      If, for any reason other than a claim of privilege, You refuse to respond to any Request herein, please state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

8.      If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of confidentiality, privilege, or any other protection from production including, but not limited to, attorney work product or attorney-client privilege, You shall produce, in accordance with Rule 26 of the Federal Rules, a written privilege log that sets forth:  (i) the author(s) and sender(s)

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 8

of the Document or Communication; (ii) the type of Document or Communication, e.g., letter or memorandum; (iii) the dates associated with the Document or Communication (the date it bears, the date it was sent, and the date it was received); (iv) all recipients of the Document or Communication; (v) the number of pages of the Document or Communication; (vi) the identity of each person who has custody or control over the Document or Communication and each copy thereof; (vii) such other information as is sufficient to identify the Document or Communication; and (viii) the nature of the privilege asserted.

9.      If information is redacted from a Document or Communication produced in response to a Request, You shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and separately log each redaction on the privilege log.

10.     No specific Request should be construed to limit the scope of any other Request, or of any term defined herein, and no subpart of any Request should be construed to limit the scope of any other subpart of such Request.

11.     Whenever You object to a particular Request or portion thereof, You must produce all Documents, Communications, and Things called for that are not subject to that objection.  Similarly, whenever a Document, Communication, or Thing is not produced in full, You must state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information, and belief those portions of the Document, Communication, or Thing that are not produced.  If you object to a particular Request or portion thereof, You must also (i) identify with particularity any Document, Communication, or Thing falling within any category or item in the Request to which an objection is made, and (ii) set forth clearly the extent of, and the specific ground for, the objection.

12.     Documents, Communications, and Things shall be produced in the same order as they are kept in the usual course of business and shall not be shuffled

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 9

or otherwise rearranged.   Documents and Communications that were, in their original condition, stapled, clipped, contained in file folders or binders, or otherwise fastened together shall be produced in such form.   Whenever it is reasonably practicable, please produce Documents, Communications, and Things in such a manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive.

13.     All Documents requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether You consider the attachment and enclosures to be relevant or responsive to the request.

14.     Documents in electronic form, including, but not limited to, e-mail shall be produced electronically in a form to be agreed upon by the parties, replete with agreed upon metadata.

15.     If there are no Documents, Communications, or Things responsive to a particular Request, You shall so state in writing.

16.     Unless otherwise stated, each Request is directed towards each Plaintiff in this Action.

17.      If, in responding to these Requests, You encounter any ambiguities when construing a Request, instruction, or definition, in Your response set forth the matter deemed ambiguous and the construction used in answering.

18.     These Requests are continuing in nature, and require prompt and further supplemental production if You obtain additional responsive information.

19.     Apple serves these Requests without prejudice to its right to serve additional requests for production in this Action.

20.     Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each Request.

### III.    REQUESTS FOR PRODUCTION

1.     All Documents, Communications, and Things relating to, identified

9

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 10

Gibson, Dunn &
Crutcher LLP

in, and/or relevant to Plaintiffs' Initial Disclosures, including any and all supplements and amendments thereto.

2.      All Documents, Communications, and Things identified in, and/or relevant to the subject matter of Plaintiffs' responses to Defendant's Interrogatories, including any and all supplements and amendments thereto.

3.      All Documents and Things relating to Plaintiffs' Communications that refer to any of the Asserted Patents or Asserted Technology, including without limitation, such Communications with, about, or referring to Apple.

4.      All Documents, Communications, and Things concerning any inspection, testing, evaluation, or analysis of any product by any Person for any purpose that is related to any of the Asserted Patents, including, without limitation, each Accused Product.

5.      All Documents, Communications, and Things that support, refute, or relate to any contention by Plaintiffs that any of the Accused Products infringes any claim of the Asserted Patents, either literally or under the Doctrine of Equivalents.

6.      All Documents, Communications, and Things that support, refute, or relate to any contention by Plaintiffs regarding indirect infringement of each of the Asserted Patents.

7.      All Documents, Communications, and Things concerning the basis and foundation for Plaintiffs' allegation that Defendant's alleged infringement of any of the Asserted Patents is or has been willful, including Documents relating to all supporting facts and circumstances.

8.      All Documents and Communications concerning the basis and foundation for Plaintiffs' request for enhanced damages under 35 U.S.C. § 284.

9.      All Documents and Communications concerning the basis and foundation for Plaintiffs' request for attorneys' fees under 35 U.S.C. § 285.

10.     All Documents, Communications, and Things relating to Your

10

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 11

Gibson, Dunn & Crutcher LLP

discovery of the facts underlying the allegations in Your Complaint, including, but not limited to, all Documents concerning the circumstances under which You first became aware of the existence of each Accused Product, all Documents and Communications concerning any investigation or other inquiry that You undertook or that was undertaken on Your behalf, and all Documents concerning any Communications between any Plaintiff and any current or former employee(s) of Apple concerning any of the Asserted Patents or Asserted Technologies prior to the filing of the Complaint in this Action, such as, for example, any negotiations or offers to license the Asserted Patents.

11. All Documents and Communications that You reviewed or relied upon in drafting Your Complaint.

12. All Documents provided to any expert witness whom You have retained or plan to retain either to testify at trial or to provide an opinion relating to the matters at issue in this Action.

13. All Documents and Communications relating to any contemplated attempt, threatened attempt, or actual attempt by You to enforce Your purported intellectual property rights or interest in the Asserted Patents and/or Related Patents and Applications, including, without limitation, cease and desist letters, demands, notices of infringement, other correspondence, or pleadings, and any evaluation of value or risk to Plaintiffs of such an attempt, and any likelihood of success of such an attempt.

14. All Documents, Communications, and Things relating to any responses to any assertion by You of infringement of the Asserted Patents or any Related Patents and Applications.

15. All Documents produced in, filed in, served in, or concerning any litigation, including proceedings in any federal court or agency, related to the Asserted Patents or Related Patents and Applications, including but not limited to

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 12

all pleadings, motions, briefs, declarations, affidavits, expert witness disclosures and reports, discovery requests and responses, Documents produced by any party or non-party, hearing transcripts, deposition transcripts (and exhibits thereto), trial and hearing exhibits, Documents obtained by subpoena, asserted Prior Art, and correspondence between any Plaintiff (on the one hand) and any other party or any non-party or any expert witness (on the other hand) regarding any aspect of the litigation or proceeding, including but not limited to resolution or settlement.

16.     All Documents concerning whether or not each product that was covered by any claim of the Asserted Patents, and that was made or sold within the United States by Plaintiffs or any Licensee prior to the filing of this Action, was marked with the number of that Asserted Patent or with an indication that the application for that Asserted Patent was pending.

17.     For each Asserted Claim, all Documents and Communications concerning whether Defendant had actual or constructive notice of any alleged infringement of the Asserted Patents in compliance with 35 U.S.C. § 287 including, but not limited to, any patent marking(s) by Plaintiffs, any Licensees, or any other third parties.

18.     All Documents and Communications that identify any Licensee that manufactures and/or sells products that utilize the Asserted Technologies or are covered by the Asserted Patents.

19.     All Documents and Communications concerning Plaintiffs' efforts in monitoring or ensuring that Licensees mark products covered by any the Asserted Patents.

20.     All Documents and Communications concerning the number of marked or unmarked products manufactured or sold by Plaintiffs or Licensees.

21.     All Documents and Communications relating to the construction or interpretation of any terms in the claims of the Asserted Patents.

Exhibit 9
Page 13

22.     Documents sufficient to identify Masimo's procedures or policies for the storage, retention, and destruction of Documents or records.

23.     Documents sufficient to identify Cercacor's procedures or policies for the storage, retention, and destruction of Documents or records.

24.     All organizational charts for Masimo from January 2003 to the present.

25.     All organizational charts for Cercacor from January 2003 to the present.

26.     All Documents concerning or relating to an appraisal or valuation of any patent, license, royalty, technology transfer, or authorization-to-use agreement that relates to any of the Asserted Patents and/or any Asserted Technologies, including appraisals or valuations performed for tax purposes.

27.     All Documents and Communications concerning or relating to any license agreements concerning or covering, in whole or in part, any of the Asserted Patents or Asserted Technologies, including but not limited to any license agreement identified in other litigation, royalty reports, and Documents or correspondence generated in connection with negotiating such license agreements.

28.     All Documents and Communications concerning any licensing practices or policies of the industry and market You contend to be relevant to the Asserted Patents or Asserted Technologies.

29.     All Documents and Communications concerning any proposed or actual settlement of any litigation, prospective litigation, or disputes involving any of the Asserted Patents.

30.     For all claims of the Asserted Patents, all Documents and Communications concerning the conception, reduction to practice (constructive or actual), first public use, first public disclosure, first publication, first offer for sale, first sale, first written description of each alleged invention, diligence used in

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 14

reducing the invention(s) to practice, and equipment used (and ownership and location thereof) in the conception, diligence, and reduction to practice.

31.     All Documents (including all Prior Art) and Communications evidencing the state of the art and the level of ordinary skill in the art(s) to which the subject matter of each Asserted Patent pertain at the time of filing of each of the Asserted Patent.

32.     All Documents You contend support any secondary considerations or objective evidence of non-obviousness as described in *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966), with respect to any asserted claim of the Asserted Patents, including, without limitation, any commercial success, long-felt need, failure of others, unexpected results, or industry acclaim.

33.     For the Asserted Patents and counterparts thereof, all Documents and Communications concerning the inventorship of the alleged inventions claimed in the Asserted Patents, including without limitation what each inventor allegedly contributed to each Asserted Patent and counterparts thereof.

34.     All Documents and Communications concerning each attempt by Plaintiffs or any Licensee—whether successful or unsuccessful—to assign, license, or enforce any of the Asserted Patents and/or any counterparts thereof, including, without limitation, Communications with or claims against third parties concerning the possible assignment, ownership, licensing (exclusive or non-exclusive, express or implied, written or oral), or infringement thereof.

35.     All Documents that support, refute, or relate to Your contention that You are entitled to recover any damages from Apple as a result of Apple's purported conduct as described in the Complaint, including without limitation, damages claimed on the basis of lost profits, unjust enrichment, established royalties, reasonable royalties, price erosion, convoyed sales, or any other basis; and method(s) used by You to compute the amount of damages and the figures used in the

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 15

computation.

36.     All Documents that support, refute, or relate to Your contention that You are entitled to recover an ongoing royalty from Apple; and method(s) used by You to compute the amount of an ongoing royalty.

37.     All Documents that support, refute, or relate to any contention by You that any of the alleged inventions claimed in the Asserted Patents are the basis for the customer demand for any Accused Products.

38.     All Documents, including without limitation, Prior Art, ever known or identified by or to Plaintiffs, the named inventors of any of the Asserted Patents, or any Person substantively involved in the prosecution of any of the Asserted Patents (including any attorney or patent agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of any of the Asserted Patents, any counterparts thereof, or any other patent listing one or more named inventors on the cover as an inventor, including English language translations thereof.

39.     All Documents and Communications relating to validity or invalidity of any of the Asserted Patents or Related Patents and Applications, including without limitation any invalidity contentions served on Plaintiffs and/or summary judgment motions, briefs, and related exhibits and expert reports, filed in any other actions or proceedings involving the Asserted Patents before any tribunal or agency, including, without limitation, in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.), commenced November 8, 2018.

40.     All documents produced by Masimo and Cercacor in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.), commenced November 8, 2018.

41.     All Documents concerning the subject matter disclosed in the Asserted Patents and which was ever known or identified by or to Plaintiffs, the

15

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 16

Gibson, Dunn &
Crutcher LLP

named inventors of any of the Asserted Patents, any Person substantively involved in the prosecution of any of the Asserted Patents (including any attorney or patent agent having such involvement), or any third party, whether or not the Documents technically qualify as Prior Art to any of the Asserted Patents.

42.     Documents sufficient to identify each individual associated with the filing or prosecution of the patent application leading to each of the Asserted Patents and/or any counterparts thereof.

43.     All published or unpublished articles, papers, manuscripts, technical reports, conference papers, presentations, grant requests, or other publications authored, co-authored, written, or co-written by any of the named inventors, or by any other employee, agent, or representative of Plaintiffs, relating to the Asserted Technologies, Asserted Patents, patent applications, license agreements, or this Action that qualify as Prior Art.

44.     All Documents related to conferences, trade shows, and/or meetings attended by Plaintiffs or any of the named inventors of the Asserted Patents which relate to the Asserted Technologies and predate the filing dates of the Asserted Patents.

45.     All prosecution file histories—both published and unpublished—for the Asserted Patents, counterparts thereof, foreign equivalents, and Related Patents and Applications, and including English translations thereof, together with all Communications to or from any Plaintiff, the named inventors of the Asserted Patents, and any Person substantively involved in the prosecution of any of the Asserted Patents, counterparts thereof, and/or Related Patents and Applications (including any attorney or patent agent having such involvement).

46.     All Documents and Communications concerning or used in the filing and prosecution of the Asserted Patents, any counterparts thereof, foreign equivalents, and/or Related Patents and Applications, including, without limitation,

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 17

Documents and Communications concerning any decision to file such patent applications, and all notes (including interview notes), presentations, draft and final versions of such applications, draft and final versions of responses to office actions, Communications with or among the named inventors, concerning the filing and prosecution of the Asserted Patents and/or counterparts thereof, all Documents and Communications relating to the decision of any of the named inventors, or any other employee, agent, or representative of Plaintiffs, to submit any prior art during the prosecution of the Asserted Patents, counterparts thereof, foreign equivalents, and Related Patents and Applications, and all Documents and Communications submitted to or received from any patent office.

47.     All Documents regarding any current or prior ownership, sale, and/or assignment of each of the Asserted Patents, including Documents sufficient to show the identity of each Person involved in such transfer of ownership, sale, and/or assignment and to describe each Person's involvement, and all agreements reflecting or otherwise relating to such transfer, sale, and/or assignment.

48.     All Documents relating to grants, or other transfers of any rights, obligations or financial interest, including the right to grant licenses to others, in or to the Asserted Patents (collectively, "transactions"), including Documents sufficient to show the identity of each Person involved in such transactions and to describe each Person's involvement, and all agreements reflecting or otherwise relating to such transactions.

49.     All Documents relating to any financial interest in or to the Asserted Patents by any Person, including Documents sufficient to identify all persons with such a financial interest, and the nature and amount of such financial interest.

50.     All Documents relating to any financial interest in or to this litigation by any Person, including Documents sufficient to identify all persons with such a financial interest, and the nature and amount of such financial interest.

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 18

Gibson, Dunn & Crutcher LLP

51.     All Documents and Communications relating to any agreements between Masimo and Cercacor concerning or relating to any interest in the Asserted Patents and/or Related Patents and Applications.

52.     All Documents and Communications relating to any agreements between any of the named inventors of the Asserted Patents and Masimo, Cercacor, or Plaintiffs concerning or relating to assignment of any interest in any patent or patent application naming such individuals as inventors.

53.     To the extent not already requested or required, all Documents, Communications, and Things produced or provided by any non-party in connection with this Action, including Documents, Communications, and Things produced in response to subpoenas served by Plaintiffs.

54.     All Documents and Communications that support, refute, or relate to Your allegations in the Complaint that the Alleged Inventors jointly invented the subject matter of the Apple Patents, including, without limitation, for each of the Apple Patents, Documents and Communications that (i) identify in detail the subject matter of such Apple Patent each of the Alleged Inventors allegedly invented, (ii) identify the circumstances under which each of the Alleged Inventor and/or others conceived of such subject matter and/or reduced such subject matter to practice, and (iii) describe each such Person's contribution to the conception and/or reduction to practice of the subject matter.

55.     All Documents and Communications that support, refute, or relate to Your allegations in paragraphs 227, 234, 241, 248, 255, 262, 270, 278, 286, and 294 of the Complaint that the subject matter of Apple's Patents is based on discussions Marcelo Lamego had with the Alleged Inventors, including, without limitation, for each of the Apple Patents and each of the Alleged Inventors, Documents and Communications that (i) identify the dates such alleged discussions took place, (ii) identify all participants to such discussions and/or others present for such

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 19

discussions, (iii) describe the circumstances under which such discussions took place, (iv) describe the subject matter of such discussions as it relates to each of the Apple Patents, and (v) describe in detail any other factual and legal bases for Your contention that the Alleged Inventors are entitled to be listed as inventors on the Apple Patents.

56.     All Documents and Communications that support, refute, or relate to Your allegations in the Complaint that Marcelo Lamego developed the subject matter of the Apple Patents and Apple Applications while working for Plaintiffs and/or such subject matter was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, Documents and Communications that (i) identify in detail such subject matter of each Apple Patent and Apple Application, (ii) describe the circumstances under which Marcelo Lamego and/or others conceived of such subject matter and/or reduced to practice such subject matter, (iii) identify any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception and/or reduction to practice of such subject matter, (iv) describe each such Person's contribution to the conception and/or reduction to practice of the subject matter, (v) identify which entity—Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and (vi) describe in detail any other factual and legal bases for Your contention that You are entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications.

57.     All Documents and Communications relating to Your search of patent applications or patents filed by or on behalf of Apple or any current or former employee(s) of Apple, or on which Cornelius Rath, Ehsan Masoumi, Michael O'Reilly, Ottavia Golfetto, Yinghui Lu, Joseph Jagenow, Vincent Wayne, Will Regan, lnje Lee, Shruti Koneru, Swapnil Harsule, John Aguilar, Boris Oreshkin, Pekka Talke, Haritha Haridas, Rich Young, Johannes Bruinsma, Felipe Tonello were

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 20

Gibson, Dunn &
Crutcher LLP

named as inventors, including, without limitation, all Documents and Communications relating to any such search that was undertaken by You or on Your behalf.

58.    All Documents and Communications relating to any confidentiality obligations owed to You by Your employees, Your customers, and/or Your suppliers, including, without limitation, the identity of such employee, customer, and/or supplier, and the effective start and end dates for the obligation(s).

59.    All Documents and Communications relating to Your purported efforts to enforce the confidentiality obligations referenced in Request No. 58.

60.    All Documents and Communications relating to any and all purported confidentiality obligations of Apple to You, including but not limited to the confidentiality agreement between Apple and You referenced in paragraph 19 of the Complaint and all Communications relating thereto.

61.    All Documents and Communications relating to requests by You to all of Your former employees who You believe were subsequently employed by Apple concerning  the return or destruction of any Documents You claim to reflect Your confidential or proprietary information, including but not limited to, all such requests made to Marcelo Lamego and Michael O'Reilly.

62.    All Documents and Communications relating to Your personnel files, including but not limited to, all Documents and Communications relating to any exit interviews, for all of Your former employees who You believe were subsequently employed by Apple, including but not limited to, Marcelo Lamego and Michael O'Reilly.

63.    All Communications between You and any current or former employee(s) of Apple relating to any of Your former employees who You believe were subsequently employed by Apple, including but not limited to Marcelo Lamego and Michael O'Reilly.

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 21

Gibson, Dunn & Crutcher LLP

64.     All Documents and Communications relating to the potential collaboration between Apple and You referenced in paragraph 19 of the Complaint.

65.     All Documents and Communications sufficient to show the alleged Trade Secrets referenced in paragraphs 210–24 of the Complaint.

66.     All Documents sufficient to show Your efforts to maintain the secrecy of the alleged Trade Secrets reference in paragraphs 211–24 of the Complaint, including without limitation (i) Documents sufficient to identify all Persons who have accessed the alleged Trade Secrets; and (ii) Documents sufficient to show the confidentiality obligations of each such Person to You, if such obligations differ from those identified and described in response to Request No. 58.

67.     All Documents and Communications that support, refute, or relate to the allegations in paragraphs 210–24 of the Complaint that Apple has misappropriated Trade Secrets belonging to You.

68.     All Documents and Communications relating to the conception, reduction to practice, diligence from conception to reduction to practice, development, and/or design of any information that You claim to be a Trade Secret misappropriated by Apple, including, without limitation, invention disclosure forms, laboratory notebooks, engineering notebooks, journals, laboratory reports, test results, test data, internal memoranda, correspondence, research reports, development proposals, Documents describing manufacturing techniques and specifications, product requirement Documents, product proposals, functional specifications, product literature, source code or other software, engineering drawings, Documents describing the system architecture, flow charts, user manuals, project approvals, research agreements, grant applications, business plans, articles, press releases, and sales and marketing materials.

69.     All Documents sufficient to identify each Person involved in the design, development, and/or use of any information that You claim to be a Trade

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 22

Secret misappropriated by Apple, including Documents sufficient to show the nature and level of involvement of each such Person.

70.    All Documents and Communications sufficient to show the value of each of Your alleged Trade Secrets that You allege was misappropriated by Apple, including any licensing agreements for the Trade Secrets that You possess with third parties.

71.    All Documents and Communications sufficient to show the ownership of each of the alleged Trade Secrets that You claim was misappropriated by Apple.

72.    All Documents and Communications relating to any meetings, telephone calls, videoconferences, or any other in-person or real-time interactions between any current or former employee(s) of Apple and any of Your current or former employee(s), including any notes taken during such interactions and any materials exhibited or exchanged during such interactions.

73.    All Documents and Communications that support, refute, or relate to Your allegations in paragraphs 20–22 and 25 of the Complaint.

74.    All Documents and Communications relating to the trade secrets which You alleged were misappropriated by the defendants in *Masimo Corp. v. Sotera Wireless Inc., et al.*, No. 30-2013-00649172-CU-IP-CJC (Orange County Superior Court, May 10, 2013).

75.    All Documents and Communications concerning any litigation or prior legal action in which You accused another Person or Persons of misappropriating trade secrets, including, but not limited to, all transcripts of depositions (and exhibits thereto) in which You or persons acting on Your behalf were examined in connection with the claimed misappropriation.

76.    All Documents and Communications concerning any contemplated, threatened, or actual accusation—made by You or Persons acting on Your behalf via

22

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 23

Gibson, Dunn &
Crutcher LLP

informal means (i.e., not via litigation or legal action)—of trade secret misappropriation, including, but not limited to, cease and desist letters, demands, notices, or other correspondence.

77.    All Documents and Communications relating to any agreements with Apple regarding any product or technology that You contend involves or incorporates Your alleged Trade Secrets, including copies of all such agreements.

78.    To the extent not already requested or required, all Documents, Communications, and Things that You may use to support any of Your allegations or contentions in Your Complaint or otherwise made in this Action, including, but not limited to, any Documents, Communications, and/or Things that You intend to introduce at trial.

Dated: April 3, 2020               Respectfully submitted,

                                   JOSHUA H. LERNER
                                   H. MARK LYON
                                   BRIAN M. BUROKER
                                   ILISSA SAMPLIN
                                   ANGELIQUE KAOUNIS
                                   GIBSON, DUNN & CRUTCHER LLP


                                   By: */s/Joshua H. Lerner*
                                         Joshua H. Lerner

                                   *Attorneys for Defendant Apple Inc.*

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 9
Page 24

## CERTIFICATE OF SERVICE

I, Ilissa Samplin, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 3rd day of April, 2020, I served a true and correct copy of the foregoing **DEFENDANT APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.** by electronic mail on the following counsel of record:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

*Attorneys for Plaintiffs Masimo Corporation and
Cercacor Laboratories, Inc.*

By: */s/ Ilissa Samplin*
Ilissa Samplin

24

APPLE INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 9
Page 25

Gibson, Dunn &
Crutcher LLP