# EXHIBIT 10

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br>a California corporation,<br><br>　　　　　　Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. (NOS. 283-286)**<br><br>Hon. James V. Selna<br><br>Magistrate Judge John D. Early |

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 10
Page 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the Local Civil Rules of the United States District Court for the Central District of California, Defendant Apple Inc. ("Apple") hereby serves its Eighth Set of Requests for Production of Documents and Things ("Requests") to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) to be responded to, in writing, within thirty (30) days of service hereof, and in accordance with the definitions and instructions below. These Requests are continuing in nature and responses thereto should be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I.　DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In these Requests, the following terms are to be given their ascribed definitions.

1.　The term **"Action"** refers to *Masimo Corporation et al. v. Apple Inc.*, Civil Action No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.), commenced on January 9, 2020.

2.　The term **"Complaint"** refers to the current operative complaint in the Action.

3.　The term **"Masimo"** refers to Masimo Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Masimo Corporation's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled

Gibson, Dunn & Crutcher LLP

1

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 10
Page 2

by Masimo Corporation.

4. The term **"Cercacor"** refers to Cercacor Laboratories, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Cercacor Laboratories, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Cercacor Laboratories, Inc.

5. The terms **"You," "Your,"** or **"Plaintiffs,"** refer to Masimo and Cercacor, jointly or individually.

6. The terms **"Defendant"** or **"Apple"** refer to Apple Inc.

7. The term **"the '265 patent"** refers to U.S. Patent No. 10,258,265.

8. The term **"the '628 patent"** refers to U.S. Patent No. 10,292,628.

9. The term "**the '553 patent**" refers to U.S. Patent No. 10,588,553.

10. The term "**the '554 patent**" refers to U.S. Patent No. 10,588,554.

11. The term "**the '564 patent**" refers to U.S. Patent No. 10,624,564,

12. The term "**the '765 patent**" refers to U.S. Patent No. 10,631,765,

13. The term "**the '194 patent**" refers to U.S. Patent No. 10,702,194,

14. The term "**the '195 patent**" refers to U.S. Patent No. 10,702,195,

15. The term "**the '366 patent**" refers to U.S. Patent No. 10,709,366,

16. The term **"the '994 patent"** refers to U.S. Patent No. 6,771,994.

17. The term "**the '703 patent**" refers to U.S. Patent No. 8,457,703.

18. The term **"the '776 patent"** refers to U.S. Patent No. 10,433,776.

19. The terms **"Asserted Patent"** or **"Asserted Patents"** or **"Patents-in-Suit"** refer to the '265, the '628, the '553, the '554, the '564, the '765, the '194, the '195, the '366, the '994, the '703, and the '776, collectively, as well as any applications for and/or counterparts to these patents, and any other patents that You

2

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 10
Page 3

1  may accuse Apple of infringing in this Action, and their applications and/or
2  counterparts.

3     20.    The term **"Related Patents and Applications"** refers to (i) all U.S.
4  or foreign patents and patent applications related to the Asserted Patents or their
5  applications by way of subject matter or claimed priority date, and (ii) any patent or
6  patent application that claims priority to an Asserted Patent, or to which an Asserted
7  Patent claims priority.

8     21.    The terms **"Asserted Claim"** or **"Asserted Claims"** means the
9  claims of the Asserted Patents that Plaintiffs contend Apple has infringed and/or is
10 infringing.

11    22.    The term **"Asserted Technologies"** refers to the alleged inventions
12 claimed by the Asserted Claims.

13    23.    The term **"Apple Patents"** refers to U.S. Patent Nos. 10,078,052,
14 10,247,670, 9,952,095, 10,219,754, 9,723,997, and 10,524,671, collectively, as well
15 as any applications for and/or counterparts to these patents, and any other of Apple's
16 patents for which Plaintiffs may bring claims of correction of inventorship in this
17 Action, and their applications and/or counterparts.

18    24.    The term **"Apple Applications"** refers to U.S. Patent Application
19 Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710,
20 14/618,664, and 15/960,507, and U.S. Provisional Patent Application Nos.
21 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively, and any
22 counterparts thereof, and any other of Apple's patent applications for which
23 Plaintiffs may bring claims of ownership in this Action, and any counterparts
24 thereof.

25    25.    The term "**Alleged Inventors**" refers to Messrs. Al-Ali, Diab, and
26 Weber, as alleged in the Fourth Amended Complaint, collectively, and any other
27 individuals who Plaintiffs may contend in this Action should be named as inventors
28

3

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 10
Page 4

on the Apple Patents and Apple Applications.

26. The terms "**Trade Secret**" or "**Trade Secrets**" means the information identified in Plaintiffs' Section 2019.210 Statement and alleged in the Fourth Amended Complaint, including without limitation information allegedly disclosed by Your former employees, information allegedly disclosed in Apple Patents or Apple Applications, or information allegedly incorporated in the Accused Products, as alleged trade secrets and any other trade secret that Plaintiffs allege Apple misappropriated. In referring to any information alleged in the Fourth Amended Complaint and in Plaintiffs' Section 2019.210 Statement as a "Trade Secret," Apple in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in the Fourth Amended Complaint and in Plaintiffs' Section 2019.210 Statement concerning the purported "Trade Secrets" satisfy Plaintiffs' obligations under California Code of Civil Procedure Section 2019.210 to describe their alleged trade secrets with reasonable particularity.

27. The term **"Accused Products"** refers to the Apple Watch Series 3 and later devices, alone or in combination with Apple iPhones, that Plaintiffs assert infringe any of the Asserted Patents, and any other products that Plaintiffs are permitted to accuse of infringing any of the Asserted Patents in this Action. In referring to any product as an "Accused Product," Apple in no way communicates its agreement that the product infringes the Asserted Patents.

28. The term **"Prior Art"** refers to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Asserted Patents.

29. The term **"Licensee"** refers to any entity having a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that the entity has any rights to the Asserted Patents or Related Patents, may practice one or more claims of the Asserted Patent and/or that Plaintiffs will not file suit or

4

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 10
Page 5

otherwise enforce against that entity one or more claims of the Asserted Patent or Related Patents and Applications.

30. The terms **"Person"** or **"Persons"** shall mean any natural person, or any business, legal or governmental entity or association.

31. The term **"Communication"** shall mean every manner of disclosure, transfer, or exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

32. The terms **"Document"** or **"Documents"** is used in the most comprehensive and broadest sense permitted by the Federal Rules of Civil Procedure 26 and 34, and specifically includes electronically stored information and every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence. A draft or non-identical copy is a separate Document within the meaning of this term.

33. The terms **"Thing"** or **"Things"** are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

34. A Document, Thing, or Communication **"relating to," "related to," "concerning,"** or **"regarding"** a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

35. The term **"each"** shall mean each and every.

36. The term **"any"** shall include the word "all," and vice versa.

37. The terms **"and," "or,"** and **"and/or"** shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more

5
APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 10
Page 6

inclusive so as to bring within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

38.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine or neutral form shall include all of the other genders.

39.     The use of the term **"the"** shall not be construed as limiting the scope of any Request.

40.     References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

## II.   INSTRUCTIONS

1.      All requests must be responded to fully and in writing in accordance with Fed. R. Civ. P. 34.

2.      You are to produce all requested Documents, Communications, and Things that are in Your custody, control, or possession, or within the custody, control or possession of Your attorneys, accountants, agents, consultants, investigators, other representatives, affiliates, employees, and/or any other entities or individuals acting on Your behalf or on whose behalf You are acting.  A Document, Communication, or Thing not in Your physical custody is nonetheless deemed to be in Your possession, custody, or control if You (i) own such Document, Communication, or Thing in whole or in part, (ii) have a right by contract, statute or otherwise, to use, examine, or copy such Document, Communication, or Thing on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document, Communication, or Thing on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document, Communication, or Thing when You have sought to do so.  In the event that You cannot produce any of the Documents, Communications, or Things designated in a particular request, You shall produce those Documents,

6

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 10
Page 7

Communications, or Things which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents, Communications, or Things.

3. If Your response to a Request is that Documents, Communications, and Things are not in Your possession, custody, or control, describe in detail the efforts You have made to locate the Documents, Communications, and Things, and identify who has possession, custody, or control of them.

4. If any Request calls for the production of Documents, Communications, and Things that have been lost, discarded, or destroyed, You shall state the circumstances of the loss or destruction of each such Document, Communication, or Thing, including the identity of Person(s) having knowledge as to the circumstances of its loss or destruction and the date of its loss or destruction.

5. These Requests call for the production of all original Documents, all non-identical copies of such Documents, any preliminary drafts thereof, including all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Documents. Unless otherwise agreed in writing, each non-identical version of any Document, Communication, or Thing shall constitute a separate Document, Communication, or Thing. each draft or version of any Document, Communication, or Thing also shall constitute a separate Document, Communication, or Thing.

6. Email attachments and embedded files must be mapped to their parent by the Document or by production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded Document must be included.

7. If, for any reason other than a claim of privilege, You refuse to respond to any Request herein, please state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such

7

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 10
Page 8

1  refusal.

2  8. If You withhold any Document or Communication, or any portion of
3  any Document or Communication, under a claim of confidentiality, privilege, or any
4  other protection from production including, but not limited to, attorney work product
5  or attorney-client privilege, You shall produce, in accordance with Rule 26 of the
6  Federal Rules, a written privilege log that sets forth: (i) the author(s) and sender(s)
7  of the Document or Communication; (ii) the type of Document or Communication,
8  e.g., letter or memorandum; (iii) the dates associated with the Document or
9  Communication (the date it bears, the date it was sent, and the date it was received);
10 (iv) all recipients of the Document or Communication; (v) the number of pages of
11 the Document or Communication; (vi) the identity of each person who has custody
12 or control over the Document or Communication and each copy thereof; (vii) such
13 other information as is sufficient to identify the Document or Communication; and
14 (viii) the nature of the privilege asserted.

15 9. If information is redacted from a Document or Communication
16 produced in response to a Request, You shall identify the redaction by stamping the
17 word "Redacted" on the Document at each place where information has been
18 redacted and separately log each redaction on the privilege log.

19 10. No specific Request should be construed to limit the scope of any
20 other Request, or of any term defined herein, and no subpart of any Request should
21 be construed to limit the scope of any other subpart of such Request.

22 11. Whenever You object to a particular Request or portion thereof, You
23 must produce all Documents, Communications, and Things called for that are not
24 subject to that objection. Similarly, whenever a Document, Communication, or
25 Thing is not produced in full, You must state with particularity the reason or reasons
26 it is not being produced in full, and describe, to the best of Your knowledge,
27 information, and belief those portions of the Document, Communication, or Thing

28

Gibson, Dunn & Crutcher LLP

8
APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 10
Page 9

that are not produced. If you object to a particular Request or portion thereof, You must also (i) identify with particularity any Document, Communication, or Thing falling within any category or item in the Request to which an objection is made, and (ii) set forth clearly the extent of, and the specific ground for, the objection.

12. Documents, Communications, and Things shall be produced in the same order as they are kept in the usual course of business and shall not be shuffled or otherwise rearranged. Documents and Communications that were, in their original condition, stapled, clipped, contained in file folders or binders, or otherwise fastened together shall be produced in such form. Whenever it is reasonably practicable, please produce Documents, Communications, and Things in such a manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive.

13. All Documents requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether You consider the attachment and enclosures to be relevant or responsive to the request.

14. Documents in electronic form, including, but not limited to, e-mail shall be produced electronically in a form to be agreed upon by the parties, replete with agreed upon metadata.

15. If there are no Documents, Communications, or Things responsive to a particular Request, You shall so state in writing.

16. Unless otherwise stated, each Request is directed towards each Plaintiff in this Action.

17. If, in responding to these Requests, You encounter any ambiguities when construing a Request, instruction, or definition, in Your response set forth the matter deemed ambiguous and the construction used in answering.

18. These Requests are continuing in nature, and require prompt and further supplemental production if You obtain additional responsive information.

9

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 10
Page 10

19. Apple serves these Requests without prejudice to its right to serve additional requests for production in this Action.

20. Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each Request.

### III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 283:**

All correspondence between Plaintiffs and True Wearables, Inc. in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) and all responses to discovery requests in that same matter, that mention Marcelo Lamego or that relate to any of the alleged Trade Secrets You contend Apple misappropriated.

**REQUEST FOR PRODUCTION NO. 284:**

Unredacted copies of all redacted documents filed in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) that mention Marcelo Lamego or that relate to any of the alleged Trade Secrets You contend Apple misappropriated.

**REQUEST FOR PRODUCTION NO. 285:**

All correspondence between Plaintiffs and True Wearables, Inc. in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) and all responses to discovery requests in that same matter, that mention any current or former Apple employee other than Marcelo Lamego.

**REQUEST FOR PRODUCTION NO. 286:**

Unredacted copies of all redacted documents filed in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) that mention any current or former Apple employee other than Marcelo Lamego.

10

Gibson, Dunn & Crutcher LLP

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-cv-00048-JVS (JDEx)

Exhibit 10
Page 11

Dated: May 12, 2021

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

By: */s/Joshua H. Lerner*
   Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

11

APPLE INC.'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 10
Page 12

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Denver, Colorado. I am over the age of 18 and not a party to the within action.

On May 12, 2021, I served a true and correct copy of the foregoing **DEFENDANT APPLE INC.'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. (NOS. 283-286)** on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP
Joseph R. Re
joseph.re@knobbe.com
Stephen C. Jensen
steve.jensen@knobbe.com
Perry D. Oldham
perry.oldham@knobbe.com
Stephen W. Larson
stephen.larson@knobbe.com
Adam B. Powell
adam.powell@knobbe.com
Mark Kachner
mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am a member of the bar of this Court, and that the forgoing is true and correct.

Executed on May 12, 2021, at Boulder, Colorado.

By: *Nathan Powell*
Nathan Powell

12

APPLE INC.'S TWELFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-cv-00048-JVS (JDEx)

Gibson, Dunn & Crutcher LLP

Exhibit 10
Page 13