# EXHIBIT 16

| | |
|---|---|
| **From:** | Satanove, Doran J. <DSatanove@gibsondunn.com> |
| **Sent:** | Thursday, March 24, 2022 5:55 PM |
| **To:** | Adam.Powell; Passamaneck, Nora Q.E.; Mark.Kachner |
| **Cc:** | Masimo.Apple; *** Apple-Masimo; WH Apple-Masimo Service List |
| **Subject:** | RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence |

**EXTERNAL SENDER**

Adam,

We expect Plaintiffs to conduct a reasonable and diligent search for documents responsive to these requests as narrowed.  If Plaintiffs contend that their use of search terms fulfills that obligation as to these requests, then Plaintiffs should so state.  We cannot tell Plaintiffs how to search for responsive documents in the first instance, but preserve our right to raise any deficiency upon review of Plaintiffs' production.  Please let us know if you believe Plaintiffs' use of search terms meets your obligation and whether you have produced responsive documents.

Best,
Doran


**Doran J. Satanove**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, March 18, 2022 7:17 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

[WARNING: External Email]

Doran,

As you know, Mark is at trial until Tuesday so he will not be able to respond to you today.  We are having a hard time understanding Apple's position on these RFPs.  We asked if Apple was requesting that we conduct additional searching beyond searching the ESI custodians with the parties' search terms.  Your email states that Apple is **not** asking Masimo to do more but then asserts Masimo must conduct a "reasonable and diligent search."  We are trying to understand what Apple contends is a "reasonable and diligent search."  Is it Apple's position that searching the ESI custodians with the parties' search terms is a "reasonable and diligent search" for these RFPs?

Exhibit 16
Page 1

We ask because it appears to us that Apple is taking contradictory positions.  In particular, Apple has argued its own searching for emails is limited to ESI custodians/search terms yet Apple appears to be arguing Masimo should do something more (without defining what it is asking Masimo to do).  We are willing to consider additional searching, but we believe it should be reciprocal.

Perhaps it would be better to discuss the matter over the phone since it appears the parties are talking past each other.  Please let us know your thoughts.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Tuesday, March 15, 2022 2:55 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

We have not heard back from you on the below.  Please respond with the confirmation we requested by Friday.

Best,
Doran

**Doran J. Satanove**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Wednesday, March 2, 2022 1:22 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Satanove, Doran J. <DSatanove@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

**[WARNING: External Email]**

Mark,

Contrary to your assertion below, we did not argue that Masimo should conduct "additional email searching beyond the use of search terms and custodians" in connection with RFPs 343 and 344.  Rather, we explained that we were seeking

Exhibit 16
Page 2

confirmation as to whether Plaintiffs have produced all responsive documents within their possession, custody, or control, following a reasonable and diligent search.  We are still seeking that confirmation—please provide it by Friday.

Regards,
Nora

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Friday, February 25, 2022 7:14 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

**EXTERNAL SENDER**

Doran and Nora,

I'm writing to follow-up on our meet and confer from yesterday.

First we discussed what Apple meant by the phrase "Your practice of any Trade Secrets" in the context of Apple's modified RFPs.  We specifically discussed Apple's intended meaning of this phrase, particularly in light of the many months of back and forth where Apple has taken the position that responsive documents must include all documents showing "use of a product that incorporates a trade secret."  During the meet and confer, Apple explained it was no longer seeking documents that merely relate to use of a product that incorporates a trade secret, and that these RFPs seek only documents actually referring to the trade secret or the practice of the trade secret.

We also discussed that the requests are overbroad to the extent they ask for <u>all</u> documents and communications showing, describing, or referring to the requested material.  Apple explained that these RFPs do not seek <u>all</u> responsive documents.

Apple argued that Masimo should conduct additional email searching beyond the use of search terms and custodians.  But Apple has previously argued that it should not have to search for emails beyond the use of search terms and custodians.  We are willing to discuss additional searches, but any such agreement must be reciprocal.

Regards, Mark

**Mark Kachner**
Partner

310-407-3472 Direct

**Knobbe Martens**

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Wednesday, February 23, 2022 9:55 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Thanks, Mark.  I will send an invite for tomorrow at 3:30 p.m.

Best,

Exhibit 16
Page 3

Doran

**Doran J. Satanove**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, February 22, 2022 5:08 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

**[WARNING: External Email]**

Doran,

I have conflicts tomorrow, but I am available Thursday after 11:30 a.m., or Friday 10-12.  Please let me know what works and send a call-in number.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct

**Knobbe Martens**

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Monday, February 21, 2022 4:46 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

We are available to discuss tomorrow between 12 and 1 p.m.  We're also available on Wednesday, between 10 and 11 a.m., or between 12 and 2 p.m.  (all PT).  Please confirm a time.

Best,
Doran

**Doran J. Satanove**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

Exhibit 16
Page 4

200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Thursday, February 17, 2022 1:33 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

[WARNING: External Email]

Doran,

We've reviewed your proposed edits to RFPs 343 and 344.  But it does not appear to us as though Apple has actually clarified the scope of these RFPs to address Masimo's objections that we have been emailing about since October.  It seems the parties are still speaking past each other.  We are available for a teleconference to discuss.  Please let us know your availability.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

---

**From:** Mark.Kachner
**Sent:** Tuesday, February 15, 2022 4:30 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Doran,

We are considering your modified RFPs and will get back to you soon.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Tuesday, February 8, 2022 8:54 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** Re: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Exhibit 16
Page 5

Mark,

As my prior emails make clear, to the extent Plaintiffs construed these RFPs as seeking documents relating to any "use of a product that incorporates a trade secret," Apple has confirmed that it is seeking documents no broader than the plain text of the RFPs—i.e., documents relating to use *of the trade secrets* allegedly disclosed in the Apple Patents and Apple Applications.  Nevertheless, in the interest of clarity, Apple is willing to modify the text of the RFPs as follows:

> REQUEST FOR PRODUCTION NO. 343: Documents and Communications showing, describing, or referring to Your practice of any Trade Secrets You allege were disclosed in the Apple Patents or Apple Applications.

> REQUEST FOR PRODUCTION NO. 344: Documents and Communications showing, describing, or referring to any third party practicing the Trade Secrets You allege were disclosed in the Apple Patents or Apple Applications.

Documents showing that Plaintiffs and/or third parties practice the Trade Secrets disclosed in the Apple Patents and Apple Applications are directly relevant to the issues in this case, including Plaintiffs' possession of these alleged Trade Secrets, the confidentiality of the alleged Trade Secrets, and their value.  Plaintiffs' purported confusion regarding these RFPs seems to be nothing more than a delay tactic.  Please confirm by this Friday whether Plaintiffs will produce documents responsive to the full scope of the RFPs, as modified above; otherwise, we will assume the parties are at an irreconcilable impasse.

Best,
Doran

**Doran J. Satanove**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

On Feb 7, 2022, at 6:23 PM, Mark.Kachner <Mark.Kachner@knobbe.com> wrote:

**[WARNING: External Email]**

Doran,

You have again failed to clarify or narrow the scope of these discovery requests.  You insist that we are ignoring your email and compromise, however we do not understand what Apple believes it has clarified or excluded from the scope of these requests.  Apple maintains it is seeking "documents and communications relating to Plaintiffs or third-parties using the referenced trade secrets."  And despite Apple's statement that it is "not seeking documents regarding *any use*

6

Exhibit 16
Page 6

of a product that Plaintiffs contend incorporates the alleged trade secrets" Apple has not provided a different explanation of what it means by "using the referenced trade secrets."  Apple has also not withdrawn its multiple prior statements that "use" for purposes of these requests means "use of a product that incorporates a trade secret."  If Apple is indeed modifying its definition of use and proposing new scope for the boundary of these requests, please clearly let us know.  The parties seem to be speaking past each other, and we can be available for a teleconference if you think that would be helpful.

Regards, Mark

**Mark Kachner**
Partner

310-407-3472 Direct

**Knobbe Martens**

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Friday, February 4, 2022 10:17 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Your response ignores my email and compromise proposal.  We specifically stated that we are seeking "documents and communications relating to Plaintiffs or third-parties using the referenced *trade secrets*."  In other words, we are not seeking documents regarding *any* use of a product that Plaintiffs contend incorporates the alleged trade secrets, but rather documents and communications regarding the products' purported use of the alleged trade secrets.  Given your refusal to agree to provide this bare minimum, we consider the parties at an impasse.  If you disagree, please let us know by Monday that Plaintiffs agree to produce documents regarding the products' purported use of the alleged trade secrets.

Best,
Doran

**Doran J. Satanove**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, January 25, 2022 8:46 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

**[WARNING: External Email]**

Doran,

Exhibit 16
Page 7

Defendants first raised the issue of Masimo producing all of its OEM agreements with each OEM customer in the December 2021 meet and confer.  As I stated my December 30 email, we are in the process of resolving third-party confidentiality issues.

Your January 18, 2022 email below regarding the scope of Apple's RFPs 343 and 344 does not clarify the scope of these RFPs.  On multiple occasions Apple has taken the position that responsive documents must include all documents showing "use of a product that incorporates a trade secret."  We have explained why this request is overbroad and not proportional to the needs of the case.  Apple responds to Masimo's objection stating that it is "based on the notion that [Masimo] must produce all documents and communications concerning any use of a product that incorporates the trade secrets referenced in the RFPs."  But that is how Apple has defined the scope of the RFPs.  In your January 18th email you state that Apple is attempting to "clarify" that it is only interested in "documents and communications relating to Plaintiffs or third-parties using the referenced *trade secrets*."  But this does not clarify the scope or resolve any dispute.  Apple appears to merely be reaffirming that it is indeed seeking all documents regarding use of any product that incorporates a trade secret.  We remain willing to discuss a reasonable narrowing of these RFPs.  Please provide the specific text of any narrowed request for our consideration.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Tuesday, January 18, 2022 9:38 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Masimo's OEM agreements are especially relevant to Plaintiffs' claims, and you have had the opportunity for months to resolve the third-party confidentiality issues you raised for the first time in December.  As you know, the fact discovery period for this case ends in less than two months.  Your inability to provide any time frame by when your production of Masimo's OEM agreements will be complete is not acceptable.

We understand that Plaintiffs' objections are based on the notion that they must produce all documents and communications concerning *any* use of a product that incorporates the trade secrets referenced in the RFPs—regardless of whether those uses actually relate to the alleged trade secrets at issue.  To clarify, Apple is interested only in those documents specifically called for by the RFPs—i.e., documents and communications relating to Plaintiffs or third-parties using the referenced *trade secrets*.  Accordingly, we are not seeking "every email with customers discussing the use of any Masimo product that relates to Masimo's trade secrets, regardless of whether the email has anything to do with Masimo's trade secrets," as you suggest.  Those emails would not be responsive to the RFPs because, as you note, they have nothing to do with the trade secrets.

This clarification should resolve Plaintiffs' objections.  Please confirm that it does, and that Plaintiffs will produce all responsive documents accordingly.

Best,
Doran

**Doran J. Satanove**

Exhibit 16
Page 8

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Thursday, December 30, 2021 1:50 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

**[WARNING: External Email]**

Doran,

As we explained, we are in the process of resolving third-party confidentiality issues concerning Masimo's OEM agreements, and we do not have a date certain when this process will be complete.  We will update you as this comes along.

As we have explained on several occasions, Apple's RFPs 343 and 344 are overbroad and seek documents that are not relevant to any party's claim or defense and are not proportional to the needs of the case.  Indeed RFP 343 seeks "All Documents and Communications relating to Your practice of any Trade Secrets You allege were disclosed in the Apple Patents or Apple Applications." And RFP 344 seeks "All Documents and Communications relating to any third party practicing the Trade Secrets You alleged were disclosed in the Apple Patents or Apple Applications."

During the party's meet and confers, Apple has taken the position that that responsive documents must include all documents showing "use of a product that incorporates a trade secret."  We explained that Apple's RFPs are incredibly overbroad because they seek, for example, every email with customers discussing the use of any Masimo product that relates to Masimo's trade secrets, regardless of whether the email has anything to do with Masimo's trade secrets.  Apple has argued such documents are "relevant to how that product practices a trade secret, and Plaintiffs should produce documents responsive to the full scope of these RFPs."  But Apple has never attempted to explain the relevance or proportionality of its request for all documents showing every time Masimo, OEMs, or customers have ever used such a product.  We are happy to consider any proposal Apple has to narrow RFPs 343 and 344, but cannot agree to produce documents responsive to the full scope of those requests.

Best regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**

## Knobbe Martens

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Monday, December 27, 2021 5:36 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Exhibit 16
Page 9

Thank you for confirming that Plaintiffs will produce their OEM license agreements.  To be clear, Plaintiffs' assertion that they "never refused to produce" those agreements is inaccurate—Plaintiffs indicated they would not be producing any responsive documents to RFPs 343 and 344 during our December 1 meet and confer.  In any event, if Plaintiffs have always intended to produce those agreements, then Plaintiffs have had time to address third-party confidentiality issues.  Please promptly provide a date by which Plaintiffs' production of their OEM agreements will be complete, and please confirm that Plaintiffs will not be withholding any agreements on the basis of the unspecified third-party confidentiality issues you raised for the first time in your email.

Plaintiffs' commitment to produce their OEM license agreements does not resolve Apple's RFPs 343 and 344.  As you know, these RFPs are not so limited; other documents and communications concerning Plaintiffs' or third-parties' practicing of alleged trade secrets disclosed in Apple Patents or Apple Applications are relevant to this case, and Plaintiffs have failed to adequately substantiate any of their objections to date, despite weeks of correspondence and meet and confers about these RFPs.  Accordingly, Apple understands the parties remain at an impasse regarding RFPs 343 and 344.


Best,
Doran


**Doran J. Satanove**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Monday, December 20, 2021 10:00 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

[WARNING: External Email]

Doran,

Masimo has never refused to produce its OEM license agreements.  Those agreements include third-party confidential information and Masimo is working to address third-party confidentiality issues.  Masimo also confirms it will produce those agreements subject to its third-party confidentiality obligations.  Does that resolve Apple's dispute?


Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct

**Knobbe Martens**

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Wednesday, December 15, 2021 11:18 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>

Exhibit 16
Page 10

**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Apple continues to dispute Plaintiffs' relevance objections to RFPs 343 and 344. As we noted during our call, documents and communications showing how Plaintiffs and third-parties practice the products Plaintiffs contend incorporate the alleged trade secrets referenced in the RFPs are, at minimum, relevant to the value of those alleged trade secrets, and to Plaintiffs' alleged damages (specifically, the apportionment of damages pertaining to those trade secrets).

We asked you to identify the universe of products Plaintiffs contend incorporate the alleged trade secrets referenced in RFPs 343-344 so that we could better understand Plaintiffs' burden objections. Citing Plaintiffs' supplemental response to Apple's Interrogatory No. 26 does not suffice, because Plaintiffs have yet to clarify whether the list of products in their response is exhaustive, as noted in Apple's pending motion to compel. Your email also provides no additional information in support of Plaintiffs' burden objections—and it does not confirm that Plaintiffs will produce all contracts with their OEM manufacturers concerning the products Plaintiffs contend incorporate the purported trade secrets in RFPs 343-344. Plaintiffs have yet to articulate any rationale as to why those contracts are irrelevant.

We understand the parties to be at an impasse regarding these RFPs.

Best,
Doran


**Doran J. Satanove**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Wednesday, December 8, 2021 5:25 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** \*\*\* Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

<span style="color:red">**[WARNING: External Email]**</span>

Doran,

As a follow-up to the December 1 meet and confer, you mischaracterized Plaintiffs' objections to RFPs 343 and 344. In Apple's October 19, 2021 letter on these RFPs, Apple stated "that a use of a product that incorporates a trade secret is relevant to how that product practices a trade secret, and Plaintiffs should produce documents responsive to the full scope of these RFPs." Masimo has explained several times that it disagrees with Apple on this issue and Masimo maintains the requests are overbroad and seek irrelevant information.

During the meet and confer I asked Apple to explain how requesting all documents showing "use of a product that incorporates a trade secret is relevant to how that product practices a trade secret." Apple refused to respond. Instead, as you note, Apple asked that Masimo identify the universe of products that incorporate the requested trade secrets, and only then would Apple consider narrowing its request. As a follow-up to Apple's request, please review Masimo's

Exhibit 16
Page 11

response and supplemental response to Apple's Interrogatory No. 26. Masimo agrees to provide documents regarding the use of Masimo's trade secrets. Masimo will not agree to produce all documents about the use of any product that incorporates Masimo's trade secrets because, as Apple has explained it is seeking all documents relating to every time Masimo, OEMs, or customers have ever used a product that incorporates Masimo's trade secrets. That would include, for example, virtually every communication Masimo has ever had with customers about its products.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 Direct
**Knobbe Martens**

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Friday, December 3, 2021 8:48 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

I write to memorialize our December 1 meet and confer regarding RFPs 343 and 344. During the call, we reiterated our concern that Plaintiffs are attempting to improperly narrow these RFPs to documents pertaining to the specific uses of their products Plaintiffs believe practice the alleged trade secrets referenced in the RFPs. We explained, as we did in our October 19 letter, that Plaintiffs have consistently taken the position that discovery into Apple's products should not be limited by Apple's determination of what is relevant to the specific trade secrets at issue in this case—and that Plaintiffs must therefore accept that they cannot limit discovery into their own products accordingly. You indicated you understood our position, but maintained your objection.

You explained that Masimo has OEM contracts with manufacturers, and that those manufacturers sell to a large number of customers, which gives rise to a burden argument. More specifically, you argued that the RFPs encompass any document concerning how any party (Plaintiffs, manufacturers, and/or down-stream customers) has ever used the products. We responded that, as an initial matter, Plaintiffs should of course be producing all of its contracts concerning any products they contend incorporate the alleged trade secrets referenced in the RFPs. Those contracts are evidence that goes to the heart of multiple elements of Plaintiffs' trade secrets claims, Apple's defenses, and damages.

With respect to additional information beyond those contracts, we indicated that it was difficult for us to assess the reasonableness of your burdensome argument in a vacuum, and asked you to explain in more detail the scope of responsive information Plaintiffs believe they may possess, so that we could have a productive conversation about whether or not the scope of the RFPs should be narrowed. For example, we asked you to identify which of Plaintiffs' products (whether Plaintiffs' products or OEM products provided to manufacturers) incorporate the alleged trade secrets at issue in the RFPs. You indicated that you did not know the answer to that question, but you agreed to investigate and provide us with more information about the scope of responsive documents Plaintiffs possess (including the specific products that Plaintiffs contend incorporate the alleged trade secrets referenced in the RFPs). We stressed that the more information Plaintiffs can provide about the universe of responsive documents, the easier it will be to reach a resolution, and forego motion practice.

Please provide us with the information you learn by December 10, 2021 and we are happy to meet and confer accordingly.

Best,
Doran

Exhibit 16
Page 12

**Doran J. Satanove**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Satanove, Doran J.
**Sent:** Tuesday, November 30, 2021 1:30 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Thank you.

**Doran J. Satanove**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Tuesday, November 30, 2021 12:40 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

**[WARNING: External Email]**
I'm available Wednesday at 11am PT.

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Monday, November 29, 2021 6:24 PM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Thanks for your email.  We are tied up tomorrow after 2 pm PT.  We are available 9 am – 2 pm PT on Wednesday.  Please let us know a time that works and I will circulate a dial-in.

Best,
Doran

**Doran J. Satanove**

Exhibit 16
Page 13

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Wednesday, November 24, 2021 2:42 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

[WARNING: External Email]

Doran,
I'm available after 2pm PT on November 30 to discuss Apple's RFPs 343-344.  Please send a conference number.
- Mark

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Wednesday, November 24, 2021 11:37 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Apple is considering your responses regarding RFPs 266-267 and 302-309, and addresses the remainder of your responses below.

**RFPs 310-341:**  Apple's proposed modifications in its October 19 letter comply with Rule 34.  In order to efficiently resolve the dispute, Apple asked for confirmation of the non-consumer markets to which Plaintiffs sell, which would have allowed Apple to accept Plaintiffs' proposed language.  If Plaintiffs do not wish to confirm this information, then Apple would modify the pertinent RFPs as follows:

> "Documents and communications that show the [identified product] was targeted at, or otherwise intend to be sold to, hospitals, healthcare providers, and any other non-consumer markets."

If Plaintiffs do not have responsive documents in their possession, custody, or control, pertaining to the other non-consumer markets referenced in the above modification, they may respond accordingly.

**RFPs 343-344:**  Per your request, Apple is available to further meet and confer about these RFPs during the week of November 29.

Best,
Doran

**Doran J. Satanove**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

Exhibit 16
Page 14

200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Monday, October 25, 2021 12:14 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

[WARNING: External Email]

Brian and Doran,

This is in response to your letter dated October 19.

**RFPs 266-267, 302-309:**

Apple contends it is entitled to discover expert reports and expert testimony from other litigations that Masimo has been involved in.  But Apple objected to providing reciprocal discovery in response to Masimo's RFPs 529-530.  Thus, Apple's insistence contradicts the legal position Apple is taking in responding to Masimo's similar requests.  Please let us know when Apple is available to meet and confer soon so that Apple can reconcile these positions.

**RFPs 310-341:**

As set forth in my October 8th letter, we understood Apple modified RFPs 310-341 during the parties' 10/1 meet and confer as described in that letter.  Apple appears to mostly agree but now asks Masimo to also "confirm in writing that hospitals or healthcare providers are the only markets the identified products are targeted at or otherwise intended to be sold to."  Apple states  "if Plaintiffs are aware of other non-consumer markets at which they target or intend to sell the identified products, however, then Apple would agree to modify the pertinent RFPs," as set forth in your October 19th letter.  These are Requests for Production that Apple served pursuant to FRCP 34.  Such discovery relates to the production of documents, and does not require Masimo to provide what amounts to an interrogatory response.  Please let us know how Apple intends to modify its requests so that they comply with Rule 34.

**RFPs 343-344:**

As we explained during the September 24th meet and confer and as set forth in my October 8 follow-up letter, Masimo objected to these RFPs because, among other things, they were ambiguous and appeared to seek all documents regarding Masimo's or a third-party's mere use of any product that incorporates a trade secret.  That would appear to include, for example, every document or communication Masimo has regarding every single one of its customers that purchased a product covered by a trade secret.

During the September 24th meet and confer, Apple appeared to understand the overbreadth issue and appeared willing to narrow the RFPs.  But in your October 19th letter, Apple refuses to narrow its RFPs and instead affirms it is "seeking information about the use of a product that incorporates the trade secret," even if such use does not provide the user with any information about the trade secret.  Apple then states it is "seeking documents showing how Plaintiffs' or third-parties use the alleged trade secrets."  Masimo maintains its objections.  We believe the parties should be able to resolve this dispute, but Apple's latest correspondence suggests it is now standing on seeking the extremely broad requests.  We suggest a follow-up meet and confer to try to resolve the issue.

Regards, Mark

Exhibit 16
Page 15

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe** Martens

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Tuesday, October 19, 2021 11:02 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Mark,

Please see the attached correspondence.

Best,
Doran

**Doran J. Satanove**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Mark.Kachner <Mark.Kachner@knobbe.com>
**Sent:** Friday, October 8, 2021 5:50 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** RE: Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

[WARNING: External Email]

Brian and Doran,

Our response is attached.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe** Martens

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Friday, October 1, 2021 8:41 AM
**To:** Mark.Kachner <Mark.Kachner@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple (8:20-cv-48-JVS) - Discovery Correspondence

Exhibit 16
Page 16

Counsel,

Please see the attached correspondence.

Best,
Doran

**Doran J. Satanove**

<span style="color:#4472C4">GIBSON DUNN</span>

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 16
Page 17

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to

Exhibit 16
Page 18

you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 16
Page 19

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 16
Page 20