# EXHIBIT 17

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

June 30, 2020

VIA E-MAIL

Mark Kachner
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Mark.Kachner@Knobbe.com

Re:   *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*
      Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Mark:

I write as a follow-up to the parties' meet and confer on June 30, 2020 regarding (1) Plaintiffs' June 23, 2020 Letter regarding Apple's Objections and Responses to Plaintiffs' Second Set of Requests for Production and First Set of Interrogatories, and (2) Plaintiffs' June 26, 2020 Email regarding Plaintiffs' Objections and Responses to Apple's First Set of Requests for Production and First Set of Interrogatories. This letter confirms our discussions during the June 30 meet and confer.

**I.    Plaintiffs' June 23, 2020 Letter Regarding Apple's Objections and Responses to Plaintiffs' Second Set of Requests for Production and First Set of Interrogatories**

**"Apple's failure to identify the basis for withholding documents" (RFP Nos. 26-33, 35-42, 44-49, 58-60):** Apple explained that its investigation of facts relevant to this litigation is ongoing and it has only just begun the process of performing reasonable searches for documents. As of now, Apple is not aware of any responsive documents that are being withheld based on its objections, although it anticipates that it will withhold responsive, privileged documents.

**"Apple's improper Section 2019.210 objection" (RFP Nos. 26, 28-30, 46-49):** Apple explained that this issue is presently moot in view of the Court's Order last Thursday, June 25, 2020, dismissing Plaintiffs' claim of trade secret misappropriation. However, to the extent Plaintiffs plan to amend their Complaint in an attempt to plead a trade secret claim, as stated in their Opposition to Apple's Motion for Review (Dkt. 64), Apple will maintain its objection to these RFPs until Plaintiffs serve an adequate Section 2019.210 disclosure.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

Exhibit 17
Page 1

**GIBSON DUNN**

Mark Kachner
June 30, 2020
Page 2

**"Apple's improper reliance on custodians and search terms" (RFP Nos. 26-42, 44-49, 58-60):** Apple explained that its objection is based on that the fact that, while Apple will of course perform a reasonable search of its files, using search terms and custodians alone to identify responsive documents will satisfy Apple's discovery obligations for at least some of these RFPs. Apple's investigation of facts relevant to this litigation is ongoing and Apple reserves the right to revise its response to these RFPs subject to the findings of its investigation. Apple agreed to let Plaintiffs know if it determines that it will use search terms and custodians alone to satisfy Apple's discovery obligations for a particular RFP.

**"Apple's improper refusal to produce confidential documents" (RFP Nos. 26, 28-30, 46-49):** Apple withdrew its objection that it would only produce non-confidential documents responsive to these Requests. Apple explained that subject to compliance with applicable confidentiality requirements and entry of an acceptable protective order in this action, Apple plans to produce responsive documents subject to its remaining objections and to the extent such information exists and is located after a reasonably diligent search.

**"Apple's improper objection to producing publicly available documents" (RFP Nos. 28, 31-32, 35-40, 47-49, 58-60):** Apple explained that, to the extent a reasonable search yields publicly available documents responsive to Plaintiffs' RFPs, Apple will produce them, but it will not specifically search for publicly available documents as those documents are just as easily available to Plaintiffs. Apple also noted that Plaintiffs made this same objection to Apple's RFP Nos. 15, 31, 38, 39, 42, 43, and 47, and the approach to public documents should be reciprocal.

**"Apple's improper objection that requests are premature in light of scheduling order" (RFP Nos. 28-33, 35-39, 41-46, 58, 60 and Interrogatory Nos. 1 and 4):** Apple explained that these RFPs and interrogatories request documents and information related to, *inter alia*, Apple's non-infringement contentions, Apple's response to Plaintiffs' willfulness allegations, Apple's response to Plaintiffs' damages case, claim construction, the level of skill in the art, secondary considerations of non-obviousness, customer demand for the inventions claimed by the Asserted Patents, and invalidity/unenforceability. Apple cannot possibly provide documents and information responsive to these RFPs and Interrogatories until it at least receives Plaintiffs' infringement contentions, which will be provided in accordance with the Court's Scheduling Order. With respect to invalidity, the Court's Scheduling Order also provides a date by which Apple must provide that information. Finally, with respect to damages, Apple cannot possibly respond to Plaintiffs' damages case until it knows what Plaintiffs' damages case is. Notably, to date, Plaintiffs have refused to provide any factual and legal bases for their contention that they are entitled to any relief in this case, including but not limited to, monetary damages and injunctive relief. Indeed, Apple has requested this

Exhibit 17
Page 2

**GIBSON DUNN**

Mark Kachner
June 30, 2020
Page 3

information in its Interrogatory No. 17, served on May 14, 2020, which Plaintiffs have not yet answered.

**"Apple's improper objection based on the ultimate burden of proof" (RFP Nos. 28, 31-32):** Apple explained that these RFPs are premature in light of the Scheduling Order, as discussed above.

**"Apple's improper objections based on the asserted claims" (RFP Nos. 33, 39, 41-42, 44-46, 58-59):** Apple explained that it cannot provide a response to RFP Nos. 33, 39, 44, and 46 until it receives Plaintiffs' infringement contentions. With respect to RFP Nos. 41, 42, 58, and 59, Apple is not at this time aware of any documents that are claim-specific, and Apple does not presently plan to withhold responsive documents based on this objection.

**"Apple's improper objection to undefined terms" (RFP Nos. 34-35):** Apple stated that it is not refusing to produce responsive documents on the basis that any terms or phrases are "vague, ambiguous, overly broad, and unduly burdensome." Apple confirmed that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs when searching for responsive documents.

**"Apple's improper objection to producing Apple communications" (RFP No. 40):** Apple explained that its objection is based on the fact that this RFP seeks communications between Apple "and any other party or entity," and is thus overbroad and unduly burdensome. Apple asked Plaintiffs to clarify the scope of this Request and Plaintiffs refused to narrow the scope at all. Apple agreed to search for communications with third parties related to the asserted patents and produce responsive documents, subject to its other objections.

**"Apple's improper objection to Heart Rate Context" (RFP Nos. 47-49):** Apple explained to Plaintiffs that it objects to this Request because it is not relevant to the issues in this case. Apple further noted that "Heart Rate Context" does not appear in the Complaint. Plaintiffs agreed to provide an explanation of the alleged relevance of "Heart Rate Context" to this action.

**Plaintiffs' request for samples (RFP No. 50):** Apple noted that Plaintiffs' request for samples of the Original Apple Watch, the Series 1 Watch, and the Series 2 Watch is improper because these products are not accused of infringement in this case. With respect to Plaintiffs' request for samples of the Apple Watch Series 4 and 5, Apple noted that it does not have any specific means for purchasing these products other than the normal retail channels, and thus routes that are equally available to Plaintiffs. To the extent Plaintiffs would like Apple to acquire the products for Plaintiffs, Apple requests that Plaintiffs pay for the products. At Plaintiffs' request, Apple will look into whether it can obtain samples of

Exhibit 17
Page 3

**GIBSON DUNN**

Mark Kachner
June 30, 2020
Page 4

the Original Apple Watch, the Series 1 Watch, the Series 2 Watch, and Series 4 Watch that Plaintiffs can purchase.

**Sales and financial information (RFP Nos. 52-57 and Interrogatory No. 5):** As the parties agreed on prior meet and confers, Apple proposed that after entry of a Protective Order, the parties meet and confer to discuss the type of sales and financial information that each party seeks, to determine whether each party can provide the information sought by the other party, and agree on a plan for exchanging sales and financial information.

> Specifically with respect to **RFP No. 56**, Apple offered to provide license and agreements that exist, subject to other objections, including confidentiality obligations, related to the accused technology or features in the Accused Products. Plaintiffs did not agree to Apple's proposal and took the position that this RFP covers features that are not in the accused products. Nonetheless, Plaintiffs stated that they would get back to Apple as to whether they would be willing to narrow this RFP.

**II.    Plaintiffs' June 26, 2020 Email Regarding Plaintiffs' Objections and Responses to Apple's First Set of Requests for Production and First Set of Interrogatories**

As an initial matter, Apple noted that Plaintiffs' correspondence did not answer Apple's question as to what additional documents, if any, Plaintiffs are withholding beyond those related to U.S. Patent No. 7,295,866, asserted in the *True Wearables* case (which is a direct parent of the '703 patent asserted in this case). Thus, Apple reiterated its request that Plaintiffs provide a response to Apple's inquiry. Plaintiffs represented that there are no other patents related to the asserted patents that have been involved in any other litigation or administrative proceeding (including foreign litigation and proceedings) besides the '866 patent in the *True Wearables* case. Thus, other than documents related to the '866 patent, Plaintiffs represented that there are no additional documents being withheld on the basis of their objections to discovery requests seeking documents or information regarding Related Patents.

**Apple's RFP No. 15:** Apple appreciates Plaintiffs' offer to "produce the invalidity contentions from *True Wearables*" and "to discuss what else Apple is specifically seeking." Apple indicated that it seeks non-public documents in any litigation or proceeding in which any of the Asserted Patents or Related Patents are asserted. This includes any document related to those patents from the litigation or proceeding, including but not limited to, any contentions, expert reports, and interrogatory responses related to issues such as infringement and non-infringement, validity and invalidity, eligibility and ineligibility, enforceability and unenforceability, claim construction, or damages. Plaintiffs agreed to produce documents responsive to this narrowed scope of RFP No. 15.

Exhibit 17
Page 4

**GIBSON DUNN**

Mark Kachner
June 30, 2020
Page 5

**Apple's RFP Nos. 45, 46:** Apple appreciates Plaintiffs' willingness to produce the file histories for the Asserted Patents. In addition, Apple seeks Plaintiffs' prosecution files for any foreign Related Patents. The prosecution of the claims in those patents are relevant to the interpretation of the claims in this case. To the extent such files contain privileged communications, Apple expects that such communications would be logged on the privilege log. Plaintiffs agreed to consider whether they will agree to produce the prosecution files for any foreign Related Patents.

**Apple's RFP No. 38:** Apple appreciates Plaintiffs' agreement to produce Prior Art that is relevant to the validity, invalidity, enforceability, or unenforceability of the Asserted Patents or Related Patents. Plaintiffs confirmed that, in addition to Prior Art Plaintiffs deem relevant to the Asserted Patents or Related Patents, such production will also include Prior Art that was identified to Plaintiffs as being relevant by any third party.

**Apple's Interrogatory No. 14:** Apple appreciates Plaintiffs' response indicating that they have conducted an investigation for any non-privileged assessments or valuations of the Asserted Patents or their family members and are not presently aware of any such documents. Apple requested that Plaintiffs amend their interrogatory response to affirmatively state this. Plaintiffs agreed to do so.

\*   \*   \*

Apple looks forward to receiving Plaintiffs' prompt responses to various points on which they agreed to conduct follow-up by July 7, 2020. Apple continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' Interrogatories and Requests for Production that are not enumerated in this letter.

Sincerely,

*Brian Andrea*

Brian K. Andrea

Exhibit 17
Page 5