# EXHIBIT 18

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian K. Andrea
Direct: +1 202.887.3624
Fax: +1 202.530.4220
BAndrea@gibsondunn.com

October 17, 2020

VIA E-MAIL (STEPHEN.LARSON@KNOBBE.COM)

Stephen Larson
Knobbe, Martens, Olson & Bear LLP
2040 Main St., 14th Floor
Irvine, CA 92614

Re:   Masimo Corp. et al. v. Apple, Inc., C.A. 8:20-cv-00048 (C.D. Cal.)

Dear Steve:

I am writing in response to your letter dated October 1, 2020. In view of the Court's October 14, 2020 Order granting Apple's Motion to Stay, the issues related to Plaintiffs' patent infringement allegations in your letter are moot, and thus Apple has not responded to those issues.

Your letter raised a kitchen-sink list of objections to three rounds of Apple's discovery requests (the most recent of which were served seven weeks prior to your letter), as well as a host of other issues. In the interest of accommodating Plaintiffs' request for a letter and meet and confer on these topics, Apple provides this response. However, it continues to reserve all rights, including without limitation its right to challenge additional aspects of Plaintiffs' October 1 letter that are not addressed in this letter.

### Plaintiffs' First and Second Set of Requests For Production (RFP Nos. 1-60)

**"Apple's Improper Exclusive Reliance on Custodians and Search Terms":** Plaintiffs request that Apple identify whether it has identified any RFPs that may be satisfied by use of search terms and custodians alone. Apple responds that it has identified RFP Nos. 26, 31, 32, 80-82, 89-97, 117, 128, 129, and 136 as RFPs where it intends to use search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 5-8, 10-11, and 26-27:** Apple has objected to some or all of these RFPs on grounds other than Plaintiffs' failure to comply with Section 2019.210, including for example Plaintiffs' failure to provide any temporal scope for these RFPs and the overbroad nature of these RFPs, which seek documents with no relevance to any claim or defense in this case and publicly available documents. *See, e.g.*, May 26, 2020 Letter from I. Samplin to M. Kachner, at 7–8. Thus, your assertion in your letter that Apple is withholding documents "solely" based on its Section 2019.210-related objection is incorrect.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Exhibit 18
Page 1

Case 8:20-cv-00048-JVS-JDE   Document 664-20   Filed 04/25/22   Page 3 of 7   Page ID
#:48971

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 2

In addition, Plaintiffs have argued for months that these RFPs relate to their patent infringement claims, as the Court noted.  Dkt. No. 79 at 2 ("Plaintiffs argued that RFP Nos. 5-25 seek patent discovery." (citing Dkt. No. 43-1 at 4, 34, 36)); 6/23/2020 Kachner to Samplin letter.  Moreover, Judge Early found that one of these RFPs (RFP 8) "seek[s] some of the same categories of information Plaintiffs allege as their trade secrets," and even then is still "relevant to patent issues, including infringement," as Plaintiffs themselves argued.  Dkt. No. 54 at 8 (citing Dkt. No. 43-1 at 34); *see also* Dkt. No. 79 at 4.  As explained above, on October 14, 2020, the Court stayed the patent infringement case, which includes discovery related to those claims.  Thus, your issues related to these RFPs are moot on that basis alone, and Apple is not obligated to respond to these requests until the patent infringement case is resumed.

Even if these RFPs constitute trade secret discovery—and Plaintiffs have made clear their position that they do not—Plaintiffs' October 9, 2020 attempt at a Section 2019.210 statement is deficient, and thus does not comply with Section 2019.210.  Accordingly, Apple will maintain its objection to these RFPs until Plaintiffs serve an adequate Section 2019.210 disclosure.

**Plaintiffs' RFP No. 9:**  As explained above, Plaintiffs have consistently argued for months that this Request is "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to this Request are moot, and Apple is not obligated to respond to this Request until the Court lifts the stay.

In addition, to the extent this Request constitutes trade secret discovery—and not only have Plaintiffs consistently argue that it does not, this Request is also not one of the four that the Court found related to "some of the same categories of information Plaintiffs allege as their trade secrets" (Dkt. No. 54 at 8)—Plaintiffs. have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to this Request because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

**Plaintiffs' RFP Nos. 12-25:**  As explained above, Plaintiffs have consistently argued for months that these RFPs are "patent discovery," and the Court agreed with Plaintiffs.  Accordingly, because the patent infringement case is stayed, your issues with respect to these RFPs are moot, and Apple is not obligated to respond to these RFPs until the Court lifts the stay.

In addition, to the extent these RFPs constitutes trade secret discovery—and Plaintiffs have consistently argued that they do not—Plaintiffs have not yet complied with Section 2019.210, and thus Apple is not obligated to respond to these RFPs because trade secret discovery remains stayed until Plaintiffs comply with Section 2019.210.

Exhibit 18
Page 2

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 3

### Plaintiffs' Third Set of Requests For Production (RFP Nos. 61-147)

**Section 2019.210:** Apple does not understand your issue concerning these RFPs. In its August 17, 2020 Objections and Responses to Plaintiffs' Third Set of RFPs, Apple stated for each of these RFPs that "based on this Court's April 17, June 15, and July 14 Orders (Dkt. Nos. 37, 54, 79), Apple will withhold only documents or things that relate solely to Plaintiffs' trade secret misappropriation claim until Plaintiffs comply with Section 2019.210." Thus, Apple has agreed to produce responsive documents that are not related solely to Plaintiffs' trade secret misappropriation claim.[1] Discovery of "documents or things that relate solely to Plaintiffs' trade secret misappropriation claim" is stayed pending Plaintiffs' compliance with Section 2019.210. Dkt. No. 37 at 1. As explained in our recent correspondence, Plaintiffs have not yet complied with Section 2019.210, so Apple stands by this objection.

**"Temporal Scope":** Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs lack a temporal limitation. Apple confirms that it is not withholding documents based on this objection. As Apple explained previously, temporal limitations for discovery requests are standard—particularly requests propounded by plaintiffs who have superior knowledge of the relevant time periods at issue. Plaintiffs are in the best position to propose time period limitations here. Upon Plaintiffs' identification of relevant time periods, Apple will provide information and documents in its possession, custody, or control for the relevant time period.

**"Undefined Terms":** Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs use vague or ambiguous terms or phrases. Apple confirms that it is not withholding documents based on this objection. Apple is not refusing to produce responsive documents on the basis that any terms or phrases are "vague, ambiguous, overly broad, and unduly burdensome." Apple confirms that it will use the plain and ordinary meaning of the terms in Plaintiffs' RFPs when searching for responsive documents.

**"Public Documents":** Plaintiffs request that Apple identify whether it is withholding documents based on its objection that certain of Plaintiffs' RFPs seek information already in Plaintiffs' possession or information that is obtainable from another source. Apple confirms that it is not withholding documents based on this objection. To the extent a reasonable search yields publicly available documents responsive to Plaintiffs' RFPs, Apple will

---

[1] To the extent these RFPs seek documents that are relevant to Plaintiffs' patent infringement claims, patent discovery has been stayed by the Court's October 14, 2020 Order (Dkt. No. 220).

Exhibit 18
Page 3

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 4

produce them, but it will not specifically search for publicly available documents as those documents are just as easily available to Plaintiffs. Apple also notes that Plaintiffs made this same objection to Apple's RFP Nos. 15, 31, 38, 39, 42, 43, and 47, and the approach to public documents should be reciprocal.

**Plaintiffs' RFP Nos. 67-69, 86, 88, 101, 122, 128-130, and 133-135:** Plaintiffs request that Apple provide its position with regards to these RFPs in advance of the parties' meet and confer.

Apple objects to RFP Nos. 67-69 and 88 because they are irrelevant to the issues in the present action and not reasonably calculated to lead to the discovery of admissible evidence. Indeed, it is unclear how documents related to FDA correspondence or approval (RFP Nos. 67-79) and physiological parameter evaluation (RFP No. 86) are relevant to this litigation.

Apple objects to RFP Nos. 88, 101, 122, 128-130, and 133-135 because they are overly broad and unduly burdensome and not reasonably tailored to the issues in this case.  As a result, these RFPs seek documents nor proportional to the needs of the case.   However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to provide certain documents if Plaintiffs are willing to narrow the scope of the requests.

Apple objects to RFP No. 128 to the extent it requests "subject matter disclosed or claimed in the disputed patents."  As previously explained, the language of this Request requires Apple to draw a legal conclusion in order to respond.  Apple is willing to meet and confer to discuss the scope of this request.  However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to provide certain documents if Plaintiffs are willing to narrow the scope of the requests.

**Plaintiffs' RFP Nos. 80-82, 101, 136:**  Plaintiffs request that Apple confirm that it will perform a reasonable search for and produce the documents requested by these RFPs.  As explained above, Apple has identified RFP Nos. 80-82 and 136 as RFPs whose discovery obligations are met by a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Apple and (ii) specific search terms negotiated between the parties.  Plaintiffs' inclusion of RFP No. 101 in this list is nonsensical, as Apple did not identify RFP No. 101 as an RFP for which it intends to use search terms and custodians to identify responsive documents.

**Plaintiffs' RFP Nos. 89-97, 129, and 136:**  Apple maintains that these RFPs are overly broad and unduly burdensome, and the use of search terms and custodians to identify responsive documents is the reasonable and proportional way of identifying responsive

Exhibit 18
Page 4

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 5

documents. However, Apple is willing to meet and confer to discuss what specifically Plaintiffs are seeking through these overbroad requests, as Apple may be willing to agree to perform searches for certain documents if Plaintiffs are willing to narrow the scope of the requests.

**Plaintiffs' RFP Nos. 132 and 144:** Plaintiffs request that Apple produce organizational charts responsive to their RFPs. Apple maintains its objection. As noted in Apple's Responses to these RFPs, Apple does not maintain organizational charts, and thus does not have any documents responsive to this Request that can be located after a reasonably diligent search.

### "Compliance with ESI Order"

Apple believes that the exchange of custodians at this stage in the case is premature and inappropriate. Indeed, and as discussed above, Plaintiffs have yet to provide a sufficient trade secret disclosure or responses to Apple's discovery, and Apple has not yet filed an answer. Apple also contends that the parties should discuss reasonable limits on the number of custodians before any exchanges of custodians can occur.

### "Apple's Deficient Document Production"

As Apple's investigation of the facts relevant to this litigation is ongoing and, while its efforts to identify responsive documents are ongoing, its ability to collect certain documents relevant to the issues in this case has been hindered by Plaintiffs inability to provide a sufficient disclosure of its trade secrets. Apple will continue to produce documents on a rolling basis, as it has been doing since the outset of discovery.

\*   \*   \*

Apple is available to meet and confer with Plaintiffs, as requested by your October 1, 2020 letter, on the following days and times: Tuesday October 20 between 9am and 10am PT; Wednesday October 21 between 9:30am and 11am PT; and Thursday October 22 between 10am and 11:30am PT. Please let us know if any of those times work for you.

With respect to your request for confirmation that "Plaintiffs may record the parties' meet and confer," Apple is amenable to recording the meet and confer. If Plaintiffs would like to record the meet and confer, please arrange for a court reporter to transcribe the call.

Exhibit 18
Page 5

**GIBSON DUNN**

Stephen Larson
October 17, 2020
Page 6

Sincerely,

*[signature: Brian Andrea]*

Brian K. Andrea

Exhibit 18
Page 6