# EXHIBIT 20

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' RESPONSES TO APPLE INC.'S FOURTH SET OF INTERROGATORIES (NOS. 24-25)** |

Exhibit 20
Page 1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby respond to Defendant APPLE INC. ("Apple") Fourth Set of Interrogatories.

## GENERAL STATEMENT AND OBJECTIONS

Plaintiffs assert each of the following General Objections to each of Apple's instructions, definitions, and interrogatories. In addition to these General Objections, Plaintiffs state specific objections to individual interrogatories, including objections that are not generally applicable to all interrogatories. By setting forth specific objections, Plaintiffs are not limiting or restricting these General Objections.

1. Plaintiffs object generally to Apple's definitions and instructions to the extent that they fail to comply with, or impose obligations in excess of, Rule 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of this Court. Plaintiffs will respond to the interrogatories in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Plaintiffs object to these interrogatories to the extent they seek information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case. To the extent Plaintiffs respond to any request, Plaintiffs do not concede that the information sought by these requests is relevant or proportional.

3. Plaintiffs object to these interrogatories to the extent they seek information not in the possession, custody, or control of Plaintiffs. Plaintiffs' responses are limited to information that is within their possession, custody, or control.

4. Plaintiffs object to these interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege, rule, or immunity.

Any specific objections to specific interrogatories stated on the grounds of attorney-client privilege and/or work product in no way limits the generality of this objection. Nothing in Plaintiffs' responses is intended to be or should be considered a waiver of any attorney-client privilege, work product protection, the right of privacy, or any other applicable privilege or doctrine. To the extent any interrogatory may be construed as calling for information protected by any such privilege or doctrine, a continuing objection to each and every such interrogatory is hereby stated.

5. Plaintiffs object to these interrogatories to the extent they seek third-party proprietary information, trade secrets and/or other confidential information and/or protected information that Plaintiffs are obligated to avoid disclosing.

6. Plaintiffs object to these interrogatories to the extent they are overly broad and unduly burdensome, the burden of responding outweighs their likely benefit, they are unlimited in time, or would require an unreasonably detailed and unreasonably extensive search of all of Plaintiffs' information and files. Plaintiffs will make a reasonable investigation as required by the Federal Rules of Civil Procedure.

7. Plaintiffs object to these interrogatories to the extent they seek information that would be relevant only to Plaintiffs' trade secret claims while Apple is simultaneously arguing to the Court that Plaintiff's trade secret claims should not be part of this case and should be dismissed.

8. Plaintiffs object to Apple's definitions, instructions, and for interrogatories to the extent that they are vague, ambiguous, or unintelligible. Words and terms used in the following responses are used in accordance with their normal meanings and connotations.

9. Plaintiffs object to Apple's definitions of the terms "Masimo" and "Cercacor" as overly broad and unduly burdensome. As used herein, the term

1  "Masimo" means Masimo Corporation only, and the term "Cercacor" means Cercacor Laboratories, Inc., only. As stated above, the term "Plaintiffs" means Masimo and Cercacor, collectively and/or individually.

10. Plaintiffs object to Apple's definitions of the terms "Asserted Patent," "Asserted Patents" or "Patents-in-Suit." As used herein, these terms shall refer to U.S. Patent Nos. 10,258,265, 10,292,628, 10,588,553, 10,588,554, 10,624,564, 10,631,765, 10,702,194, 10,702,195, 10,709,366, 6,771,994, 8,457,703, 10,433,776, individually in the case of "Asserted Patent" or collectively in the case of "Asserted Patents" and "Patents-in-Suit."

11. Plaintiffs object to Apple's definition of "Apple Patents." As used herein, this term shall refer to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, 9,723,997, and 10,524,671, collectively.

12. Plaintiffs object to Apple's definition of "Apple Applications." As used herein, this term shall refer to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710 and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively.

13. Plaintiffs also object to Apple's definitions of the terms "Related Patents and Applications" and "Asserted Technologies," and Apple's instructions regarding "identification," "identify," and "describe" as overly broad and unduly burdensome, and rendering the interrogatories vague, ambiguous, or unintelligible. As with other words and terms used in the following responses, any usage of these terms in accordance with their normal meanings and connotations

14. Only the express and overt meaning of these responses is intended. No response should be construed to contain implied statements, representations, or admissions of any kind. The fact that Plaintiffs respond or object to an interrogatory should not be understood as an admission that Plaintiffs accept or

-3-

Exhibit 20
Page 4

admit the existence of any "fact" set forth in or assumed by the interrogatory.

15. Plaintiffs' responses are made without, in any way, waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

a. The right to raise all objections as to competence, authenticity, relevance, materiality, privilege and admissibility with regard to the information and documents identified and/or produced in response to these Interrogatories, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

b. The right to object to the use of the information and/or documents for any purpose, including without limitation their use in any subsequent proceeding in, or the trial of, this or any other action;

c. The right to assert or raise, in this action or in any other context, attorney-client privilege, work product protection, the protections afforded by Rule 26(b)(4)(B), the right of privacy, or any other applicable privilege or protective doctrine; and

d. The right to object on any ground at any time to interrogatories or other discovery relating to information and/or information or the subject matter thereof.

16. Plaintiffs are providing information that has been identified by means of a reasonable investigation and that is the subject of legitimate discovery. The following responses are based upon information presently available to and located by Plaintiffs after a reasonable search. However, discovery is ongoing in this case, and Plaintiffs have not yet completed their investigation of the facts relating to this case. Nor have Plaintiffs completed discovery or preparation for trial. Plaintiffs give these responses without prejudice to Plaintiffs' right to supplement their responses, should additional information be discovered, and to rely upon any additional discovered evidence. Moreover, certain of these interrogatories are premature in that they seek

-4-

Exhibit 20
Page 5

contentions or other information that Plaintiffs cannot or are not obligated provide at this stage of the case, or seek information that is partially or wholly within the possession of Apple or third parties and that has not yet been produced to Plaintiffs. Finally, certain of these interrogatories are subject to specific objections and are therefore not the subject of legitimate discovery.

17. Without waiving the specific objections set forth below, and subject to the limitations and General Objections set forth above, Plaintiffs provide the following responses:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 24:**

State in detail all differences between each and every Trade Secret You contend Apple misappropriated and the information disclosed in any of your patents or patent applications, including without limitation U.S. Patent Nos. 9,861,305, 8,471,713, 8,515,509, 8,740,792, 9,341,565, 8,515,509, 8,185,180, 10,376,190, 10,702,195, 8,700,112, 10,575,779, 10,231,670, and 9,192,351, and U.S. Patent App. Pub. No. 2016/0367173.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiffs object to this interrogatory as overly broad and unduly burdensome because it requests Plaintiffs "[s]tate in detail all differences between each and every Trade Secret You contend Apple misappropriated and the information disclosed in any of your patents or patent applications." Plaintiffs also object to this interrogatory as vague and ambiguous with respect to the phrase "[s]tate in detail all differences between

each and every Trade Secret You contend Apple misappropriated and the information disclosed in any of your patents or patent applications." Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). Plaintiffs object to this request as premature to the extent that it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order. Plaintiffs object to this request as premature to the extent that Defendants have not yet identified which of Plaintiffs' patents or patent applications Defendant claims discloses Plaintiffs' trade secrets. *See Brescia v. Angelin*, 172 Cal. App. 4th 133, 147 ("[S]ection 2019.210 was intended to require the trade secret claimant to identify the alleged trade secret with adequate detail to ***allow the defendant to investigate*** how it might differ from matters already known and to allow the court to craft relevant discovery" (emphasis added)).

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs request a meet and confer about the alleged relevance and scope of this interrogatory.

Plaintiffs are continuing to investigate the subject matter of this interrogatory. Plaintiffs reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

**<u>INTERROGATORY NO. 25:</u>**

State in detail all differences between each and every Trade Secret You contend Apple misappropriated and each and every Trade Secret You contend Marcelo Lamego and/or True Wearables misappropriated in Masimo et al. v.

-6-

Exhibit 20
Page 7

True Wearables, Inc. et al., Civil Action No. 8:18-CV-02001 (C.D. Cal.), commenced November 8, 2018.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Plaintiffs further object to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiffs object to this interrogatory as overly broad and unduly burdensome because it requests Plaintiffs "[s]tate in detail all differences." Plaintiffs also object to this interrogatory as vague and ambiguous with respect to the phrase "[s]tate in detail all differences." Plaintiffs object to this interrogatory on the grounds that it is a contention interrogatory propounded at an early stage of the proceedings when Plaintiffs have not yet had an opportunity to conduct meaningful discovery. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991); *see also In re Convergent Techs. Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). Plaintiffs further object to this interrogatory as premature to the extent that it calls for expert opinions in advance of the deadlines set forth in the Court's scheduling order. Plaintiffs further object to this interrogatory to the extent it seeks third-party proprietary information, trade secrets and/or other confidential and/or protected information that Plaintiffs are obligated not to disclose.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs request a meet and confer about the alleged relevance and scope of this interrogatory.

-7-

Exhibit 20
Page 8

1   Plaintiffs are continuing to investigate the subject matter of this
2   interrogatory. Plaintiffs reserve the right to amend and/or supplement this
3   interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil
4   Procedure as they identify additional information.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 3, 2020    By: /s/ Adam B. Powell
　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　　　Cercacor Laboratories

# PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On December 3, 2020, I served the within **PLAINTIFFS' RESPONSES TO APPLE INC.'S FOURTH SET OF INTERROGATORIES (NOS. 24-25)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on December 3, 2020, at Irvine, California.

*Karina Villanueva* (signature)

Karina Villanueva

33919032