# EXHIBIT 26

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404 Facsimile: (949)-760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 707-4000 Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early<br><br>**PLAINTIFFS' RESPONSES TO APPLE INC.'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 283-286)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby respond to Defendant APPLE INC. ("Apple") Twelfth Set of Requests for Production of Documents and Things.

**GENERAL STATEMENT AND OBJECTIONS**

The following General Objections apply to all requests, whether or not a general objection is referred to specifically in response to any particular request:

1. Plaintiffs object generally to Apple's Definitions and Instructions to the extent that they fail to comply with, or impose obligations in excess of, the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Central District of California, the Scheduling Order, and any other applicable rules.

2. Plaintiffs object to the Definitions and Instructions set forth in Apple's Requests to the extent they make the individual requests vague, ambiguous and unintelligible.

3. Plaintiffs object to Apple's Requests to the extent they seek information protected by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity. Plaintiffs have stated their privilege objections expressly to each request which would, in their view, reasonably be interpreted to encompass privileged documents or information. To the extent that any other requests encompass privileged documents or information, however, Plaintiffs hereby incorporate their general objection. Should any production of privileged documents occur, it was inadvertent and shall not constitute a waiver of any privilege or of Plaintiffs' right to request the return of such documents and object in this litigation to the use of any such documents. If Apple receives a privileged document from Plaintiffs, Apple should immediately notify counsel for

Plaintiffs of the circumstances, refrain from reading the privileged document, return the privileged document to counsel for Plaintiffs, and take reasonable steps to minimize the effects of the inadvertent production. To the extent that Plaintiffs produce any privileged documents and it is later held that Plaintiffs waived the applicable privilege, such waiver shall apply only to the document inadvertently produced.

4. Plaintiffs object to Apple's Requests to the extent they are overly broad and unduly burdensome, particularly to the extent that they do not identify specific documents and to the extent that representative samples would be sufficient, and thus the request would require an unreasonably detailed and extensive search of all of Plaintiffs' documents and files.

5. Plaintiffs object to Apple's Requests to the extent they seek information and documents that are not relevant to the subject matter of this litigation or proportional to the needs of the case. To the extent that Plaintiffs respond to any request, it does not concede that the documents sought by the request are relevant.

6. Plaintiffs object to Apple's Requests as unduly burdensome to the extent that the requests seek documents or things that are publicly available and/or that are equally available to Apple.

7. Plaintiffs object to Apple's Requests as overly broad and unduly burdensome to the extent that they are unbounded as to time and/or are not limited to a time frame relevant to the present case.

8. Plaintiffs object to Apple's Requests to the extent they seek to require Plaintiffs to provide information and/or documents and things beyond what is in Plaintiffs' possession, custody, or control and can be located after a reasonable search of their own files at their principal offices and facilities and from reasonable inquiry of their present employees, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

9. Plaintiffs object to Apple's Requests to the extent they seek to require Plaintiffs to provide information and/or documents and things from ESI (including emails) that would otherwise be subject to a separate ESI protocol negotiated by the parties on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

10. Plaintiffs object to Apple's Requests to the extent that the Requests seek "all documents" and/or "all communications" concerning or relating to a particular subject on the grounds that Plaintiffs would be required to search for documents from every one of Plaintiffs' employees. Plaintiffs object to performing searches of such breadth on the grounds of undue burden and expense. In their search for relevant, responsive documents, Plaintiffs have made or will make a reasonable search of all persons who are reasonably likely to have responsive documents, as required by the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

11. As used herein, statements that Plaintiffs will produce responsive, non-privileged documents or documents sufficient to show does not constitute a representation that such documents exist, but only that Plaintiffs will make, or have made, a reasonable search for such documents subject to the objection, and will produce at an appropriate time, or have produced, such documents within their possession, custody, or control. Where Plaintiffs agree to produce responsive, non-privileged documents, Plaintiffs shall produce such documents and things in their possession, custody, or control that are uncovered by means of a reasonable search.

12. The fact that Plaintiffs have responded or objected to a Request, or have produced documents in response to a Request, should not be understood as an admission that Plaintiffs accept or admit the existence of any "fact" set forth in or assumed by that Request.

/ / /

13. Plaintiffs object to Apple's Requests to the extent that they seek production of documents containing third-party proprietary information, trade secrets and/or other confidential and/or protected information that Plaintiffs are obligated not to disclose.

14. Notwithstanding Plaintiffs' responses contained herein, Plaintiffs reserve their right to later object to Apple's use of the information, documents, or things produced in response to these Requests. Such objections, which are not waived by Plaintiffs' responses, include but are in no way limited to the following:

a. objections concerning the competence, authenticity, relevance, materiality, privilege, and admissibility with regard to the information and documents identified or produced in response to these requests for production, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

b. objections to the use of the information for any purpose, including, without limitation, their use in any subsequent proceeding in, or the trial of, this or any other action;

c. the right to assert or raise, in this or any other context, attorney-client privilege, the work product doctrine, the protections afforded by Rule 26(b)(3) or Rule 26(b)(4)(B), the right of privacy, or any other applicable privilege or protective doctrine; and

d. objections on any ground at any time to interrogatories, other document requests, or other discovery relating to information or documents produced or the subject matter thereof.

15. Plaintiffs object to Apple's definitions of "Masimo" and "Cercacor," to the extent that they call for information or documents that are

protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Plaintiffs further object to Apple's definitions of "Masimo" and "Cercacor" as overly broad and unduly burdensome. As used herein, "Masimo" means "Masimo Corporation." As used herein, "Cercacor" means "Cercacor Laboratories, Inc."

16. Plaintiffs object to Apple's definitions of the terms "Asserted Patent," "Asserted Patents" or "Patents-in-Suit." As used herein, these terms shall refer to U.S. Patent Nos. 10,258,265, 10,292,628, 10,588,553, 10,588,554, 10,624,564, 10,631,765, 10,702,194, 10,702,195, 10,709,366, 6,771,994, 8,457,703, 10,433,776, individually in the case of "Asserted Patent" or collectively in the case of "Asserted Patents" and "Patents-in-Suit."

17. Plaintiffs object to Apple's definition of "Related Patents and Applications" because the phrase "related […] by way of subject matter or claimed priority date" is vague and ambiguous.

18. Plaintiffs object to Apple's definition of "Apple Patents." As used herein, this term shall refer to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, 9,723,997, and 10,524,671, collectively.

19. Plaintiffs object to Apple's definition of "Apple Applications." As used herein, this term shall refer to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710 and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively.

20. Plaintiffs object to Apple's definitions of "referring to," "relating to," "concerning," or "regarding," as overly broad and unduly burdensome. Plaintiffs will respond to Apple's Requests with information within Plaintiffs' possession, custody, and control obtained through a reasonable search and inquiry.

/ / /

21. Plaintiffs object to Apple's instruction regarding the information required in connection with any requested document or thing that Plaintiffs assert is privileged or otherwise protected from discovery as overly broad, unduly burdensome, and inconsistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. Plaintiffs will comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

22. Plaintiffs object to Apple's Instructions in Instructions 2-9, 11-15, and 17-18 to the extent that they impose obligations in excess of, or that are inconsistent with, Rule 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and any ESI protocol negotiated by the parties.

23. Only the express and overt meaning of these responses is intended. No response should be construed to contain implied statements, representations, or admissions of any kind.

24. Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations and shall in no way be interpreted as terms of art or statutorily defined terms used in the patent laws. Plaintiffs specifically disavow any such meaning or connotation that might be accorded to such terms.

25. The following responses are based upon information presently available to and located by Plaintiffs. Discovery is still continuing and Plaintiffs therefore reserve the right to amend, supplement, and/or alter these responses as warranted during the course of discovery.

Subject to and without waiving the foregoing General Objections, Plaintiffs respond to Apple's Requests as follows:

/ / /

/ / /

/ / /

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 283:**

All correspondence between Plaintiffs and True Wearables, Inc. in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) and all responses to discovery requests in that same matter, that mention Marcelo Lamego or that relate to any of the alleged Trade Secrets You contend Apple misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 283:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product immunity, or any other privilege or immunity. Plaintiffs object to this request on the grounds that it calls for information that is not relevant to any party's claim or defense, especially as to correspondence or discovery responses unrelated to the claims or defenses in this case. Plaintiffs further object to this request as overly broad and unduly burdensome to the extent it seeks documents that are not proportional to the needs of the case, especially in that it calls for "All correspondence" and "all responses to discovery requests" regarding the listed topics without regard to whether the topics have any bearing or relationship to any facts, issues, or allegations in the case. Plaintiffs object that the phrase "relate to any of the alleged Trade Secrets" is vague and ambiguous in the context of this request. Plaintiffs further object to this request to the extent that it seeks documents subject to third-party confidentiality obligations, especially as to agreements with third parties subject to non-disclosure obligations or protective orders that Plaintiffs have a legal obligation not to disclose. Plaintiffs also objects to this request to the extent it seeks documents and things that are subject to one or more confidentiality agreements with non-parties to this action, which agreements restrict Plaintiffs' ability to disclose such documents and

things. Plaintiffs further object to this request to the extent it seeks information that is not in Plaintiffs' possession, custody, or control. Plaintiffs object to this request as cumulative and duplicative over at least Apple's previous Request for Production Nos. 15, 39, 40, and 257.

Subject to and without waiving the foregoing objections, so that Plaintiffs can identify a reasonable scope for their search and production of responsive documents that is proportional to the needs of the case, Plaintiffs request a meet and confer on this request to better understand what documents Apple seeks in response to this request.

**REQUEST FOR PRODUCTION NO. 284:**

Unredacted copies of all redacted documents filed in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) that mention Marcelo Lamego or that relate to any of the alleged Trade Secrets You contend Apple misappropriated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 284:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product immunity, or any other privilege or immunity. Plaintiffs object to this request on the grounds that it calls for information that is not relevant to any party's claim or defense, especially as to documents or information unrelated to the claims or defenses in this case. Plaintiffs further object to this request as overly broad and unduly burdensome to the extent it seeks documents that are not proportional to the needs of the case, especially in that it calls for "Unredacted copies of all redacted documents" regarding the listed topics without regard to whether the topics have any bearing or relationship to any facts, issues, or allegations in the case. Plaintiffs further object to this request to the extent that it seeks documents subject to third-party confidentiality obligations, especially as to

agreements with third parties subject to non-disclosure obligations or protective orders that Plaintiffs have a legal obligation not to disclose. Plaintiffs also objects to this request to the extent it seeks documents and things that are subject to one or more confidentiality agreements with non-parties to this action, which agreements restrict Plaintiffs' ability to disclose such documents and things. Plaintiffs further object to this request to the extent it seeks information that is not in Plaintiffs' possession, custody, or control. Plaintiffs object to this request as cumulative and duplicative over at least Apple's previous Request for Production Nos. 15, 39, 40, 102, 103, 115, 254, 257, and 278.

Subject to and without waiving the foregoing objections, so that Plaintiffs can identify a reasonable scope for their search and production of responsive documents that is proportional to the needs of the case, Plaintiffs request a meet and confer on this request to better understand what documents Apple seeks in response to this request.

**REQUEST FOR PRODUCTION NO. 285:**

All correspondence between Plaintiffs and True Wearables, Inc. in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) and all responses to discovery requests in that same matter, that mention any current or former Apple employee other than Marcelo Lamego.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 285:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product immunity, or any other privilege or immunity. Plaintiffs object to this request on the grounds that it calls for information that is not relevant to any party's claim or defense, especially as to correspondence or discovery responses unrelated to the claims or defenses in this case. Plaintiffs further object to this request as overly broad

and unduly burdensome to the extent it seeks documents that are not proportional to the needs of the case, especially in that it calls for "All correspondence" and "all responses to discovery requests" regarding the listed topic without regard to whether the topic has any bearing or relationship to any facts, issues, or allegations in the case. Plaintiffs object that the phrase "any current or former Apple employee other than Marcelo Lamego" is vague and ambiguous in the context of this request. Plaintiffs further object to this request to the extent that it seeks documents subject to third-party confidentiality obligations, especially as to agreements with third parties subject to non-disclosure obligations or protective orders that Plaintiffs have a legal obligation not to disclose. Plaintiffs also objects to this request to the extent it seeks documents and things that are subject to one or more confidentiality agreements with non-parties to this action, which agreements restrict Plaintiffs' ability to disclose such documents and things. Plaintiffs further object to this request to the extent it seeks information that is not in Plaintiffs' possession, custody, or control. Plaintiffs object to this request as cumulative and duplicative over at least Apple's previous Request for Production Nos. 15, 39, 40, and 257.

Subject to and without waiving the foregoing objections, so that Plaintiffs can identify a reasonable scope for their search and production of responsive documents that is proportional to the needs of the case, Plaintiffs request a meet and confer on this request to better understand what documents Apple seeks in response to this request.

**REQUEST FOR PRODUCTION NO. 286:**

Unredacted copies of all redacted documents filed in *Masimo Corp. et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.) that mention any current or former Apple employee other than Marcelo Lamego.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 286:**

Plaintiffs incorporate their General Statement and Objections. Plaintiffs object to this request to the extent that it seeks the production of documents protected by the attorney-client privilege, work product immunity, or any other privilege or immunity. Plaintiffs object to this request on the grounds that it calls for information that is not relevant to any party's claim or defense, especially as to documents or information unrelated to the claims or defenses in this case. Plaintiffs further object to this request as overly broad and unduly burdensome to the extent it seeks documents that are not proportional to the needs of the case, especially in that it calls for "Unredacted copies of all redacted documents" regarding the listed topic without regard to whether the topic have any bearing or relationship to any facts, issues, or allegations in the case. Plaintiffs object that the phrase "any current or former Apple employee other than Marcelo Lamego" is vague and ambiguous in the context of this request. Plaintiffs further object to this request to the extent that it seeks documents subject to third-party confidentiality obligations, especially as to agreements with third parties subject to non-disclosure obligations or protective orders that Plaintiffs have a legal obligation not to disclose. Plaintiffs also objects to this request to the extent it seeks documents and things that are subject to one or more confidentiality agreements with non-parties to this action, which agreements restrict Plaintiffs' ability to disclose such documents and things. Plaintiffs further object to this request to the extent it seeks information that is not in Plaintiffs' possession, custody, or control. Plaintiffs object to this request as cumulative and duplicative over at least Apple's previous Request for Production Nos. 15, 39, 40, 102, 103, 115, 254, 257, and 278.

Subject to and without waiving the foregoing objections, so that Plaintiffs can identify a reasonable scope for their search and production of responsive documents that is proportional to the needs of the case, Plaintiffs request a meet

and confer on this request to better understand what documents Apple seeks in response to this request.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 11, 2021

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On June 11, 2021, I served the within **PLAINTIFFS' RESPONSES TO APPLE INC.'S TWELFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 283-286)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court, and that the forgoing is true and correct.

Executed on June 11, 2021, at Irvine, California.

Peter Toller

34967337