Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE FOURTH AMENDED COMPLAINT**<br><br>Hon. Judge James V. Selna<br><br>Date:   June 6, 2022<br>Time:   1:30 p.m.<br>Ctrm:   10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") respectfully move for Leave to Supplement the Fourth Amended Complaint.

## I. INTRODUCTION

Masimo seeks leave to supplement its Complaint to allege facts occurring after the Complaint was filed and to add a new cause of action based on those facts. After Masimo filed the Complaint, an Apple patent application issued as a patent. Masimo seeks to supplement an existing cause of action for a declaration of ownership of the patent application to identify it as having issued as a patent. Masimo also seeks to add a cause of action for correction of inventorship of the now-issued patent. Thus, the supplement will have little, if any, substantive effect on the scope of the litigation.

Apple does not oppose Masimo supplementing the Complaint to allege the new facts or add the new cause of action. Apple opposes only the form of Masimo's proposed Supplemental Complaint. Apple's only objection is Masimo incorporating by reference in the new cause of action certain *existing paragraphs* from the operative Complaint.

Apple's objections to Masimo incorporating by reference existing allegations are meritless. If all of Apple's responses to the existing allegations remain the same, Apple can respond with a single sentence incorporating by reference its prior responses. If Apple's responses to any paragraphs have changed, and particularly if Apple's investigation has determined that Apple can no longer deny certain allegations in good faith, then it will promote resolution of this matter for Apple to provide updated responses.

Despite numerous conferences of counsel and email exchanges, the parties were unable to resolve this minor dispute. Masimo initially proposed that the parties submit a stipulation allowing the supplement and asking the Court to decide which paragraphs should be incorporated by reference. Apple demanded that Masimo file a formal motion.

Accordingly, Masimo brings this Motion and seeks leave to file the Supplemental Complaint attached as Exhibit A to the Declaration of Benjamin Katzenellenbogen.

## II. STATEMENT OF FACTS

### A. Masimo's Fourth Amended Complaint

Masimo filed the Fourth Amended Complaint on February 5, 2021. (*See* Doc. 296-1.) A courtesy copy of the public [Redacted] version of the Fourth Amended Complaint (Doc. 295-2) is attached as Exhibit B to the Declaration of Benjamin Katzenellenbogen. The Fourth Amended Complaint alleged facts regarding the inventive contributions of Masimo employees to the subject matter of Apple's pending U.S. Patent Application No. 15/960,507. (*See* Katz. Decl., Ex. B, ¶¶ 1-26, 47-50, 358-364.) Masimo's Twenty-Sixth Cause of Action incorporated these allegations by reference and sought a declaration of ownership of the '507 application. (*See id.*, ¶¶ 358-364.) Masimo could not seek correction of inventorship of the '507 application because the application had not yet issued as a patent. *See* 35 U.S.C. § 256.

### B. The Patent Issued After Masimo Filed The Current Complaint

After Masimo filed the Fourth Amended Complaint, the United States Patent Office issued U.S. Patent Application No. 15/960,507 as U.S. Patent No. 11,009,390.

### C. Masimo's Proposed Supplemental Complaint

Masimo asked Apple to consent to Masimo filing a supplement complaint to: (1) supplement the allegations in Plaintiffs' Twenty-Sixth Cause of Action to seek declaratory judgment of ownership of U.S. Patent No. 11,009,390 (instead of referring to it as the '507 application) and (2) add a new cause of action seeking correction of inventorship of U.S. Patent No. 11,009,390.

Apple did not oppose the substance of Masimo's request. However, Apple objected to the form of the supplemental pleading. Specifically, Apple objected to the first paragraph of Masimo's new cause of action incorporating by reference existing Paragraphs 1-50 of the Fourth Amended Complaint—even though Masimo's other 27 causes of action incorporate the same paragraphs. (*See* Katz. Decl., Ex. B, ¶¶ 51, 65, 79, 93, 108, 124, 139, 154, 167, 180, 194, 209, 223, 268, 275, 282, 289, 296, 303, 310, 318, 326, 334, 342, 350, 358, 365.)

Through months of negotiations, Masimo narrowed the dispute. Masimo agreed to incorporate by reference Paragraphs 1-26 and 47-50 of the Fourth Amended Complaint. Apple has no objection to Masimo's incorporating by reference Paragraphs 1-7 and 50, but objects to Masimo also in incorporated Paragraphs 8-26 and 47-49

Thus, the dispute is limited to whether Paragraph 375 of Masimo's First Supplemental Complaint should incorporate by reference the existing allegations in Paragraphs 8-26 (allegations regarding Plaintiffs' statement of the case) and 47-49 (allegations regarding the disputed Apple/Lamego patents).

Attached as Exhibit A is Masimo's proposed form of First Supplement to the Fourth Amended Complaint. In it, Paragraph 375 of Masimo's new Twenty-Eighth Cause of Action incorporates by reference the existing allegations in Paragraphs 1-26 and 47-50 of the Fourth Amended Complaint.

### III.  LEGAL STANDARDS

The Ninth Circuit has characterized supplemental pleadings as "a tool of judicial economy and convenience" that are "favored" and "ought to be allowed as of course, unless some particular reason for disallowing them appears, … ." *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir.1988) (internal citations omitted).

"Leave to file a supplemental complaint should be freely given, '[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Quiksilver, Inc. v. Kymsta Corp.*, No. CV 02-5497-VBF(MCX), 2007 WL 9712162, at *1 (C.D. Cal. Aug. 20, 2007) (*quoting San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) and *Foman v. Davis*, 371 U.S. 178, 182 (1962) ).

In determining whether leave to file a supplemental pleading should be given, district courts in the Ninth Circuit have considered the following factors, typically in summary fashion:

(1) the relatedness of the original and supplemental pleadings;

(2) whether allowing supplementation would serve the interests of judicial economy;

(3) whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendment previously allowed;

(4) whether amendment would impose undue prejudice upon the opposing party;

(5) whether supplementation would be futile;

(6) whether final judgment has been rendered;

(7) whether the district court retains jurisdiction over the case;

(8) whether any prior court orders imposed a future affirmative duty upon defendant; and

(9) whether the proposed supplemental complaint alleges that defendants defied a prior court order.

See *Nikko Materials USA, Inc. v. Navcom Def. Elecs., Inc.*, No. CV-054158-JFWV-BKX, 2013 WL 12159103, at *1 (C.D. Cal. Dec. 4, 2013) (citing *San Luis & Delta–Mendota Water Auth. v. U.S. Dept. of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006)).

## IV. THE COURT SHOULD GRANT LEAVE TO SUPPLEMENT

The Court should grant Masimo leave to supplement the Complaint because there is "no particular reason for disallowing them" and Apple does not oppose the substance of the supplement. See *Keith,* 858 F.2d at 473. Moreover, the factors considered by district courts in contested situations favor supplementation: (1) the original and supplemental pleadings are closely related; (2) allowing supplementation would serve the interests of judicial economy; (3) there is no evidence of delay, bad faith or dilatory motive on the part of Masimo, or evidence of repeated failure to cure deficiencies by amendment previously allowed; (4) supplementation would not impose undue prejudice on Apple; (5) supplementation would not be futile; (6) final judgment has not been rendered; and (7) the Court retains jurisdiction over the case. See *Nikko Materials*, 2013

WL 12159103, at *1

The first seven factors seek to ascertain whether "the proposed supplemental complaint is a discrete and logical extension of the original claims" and whether "allowing supplementation serves the interest of judicial economy" as compared to "having to open a new case, randomly assigning it, going through the related-case low number analysis, and initiating Rule 16 scheduling as if this were a new case, … ." *San Luis & Delta–Mendota Water Auth.*, 236 F.R.D. at 501.  The answer in this case is overwhelmingly yes.  Apple has never argued otherwise.  The eighth and ninth factors address when supplementation is appropriate even after entry of final judgment, and do not apply here.  *See id.* at 496 (citing *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 403 (9th Cir. 1997)).

Apple has never asserted that any factor would support denying Masimo's proposed supplement.  During the meet-and-confer process, Apple asserted that Masimo's proposed incorporation of existing Paragraphs 8-26 and 47-49 is unnecessary surplusage and would somehow create confusion.  However, Apple never explained why these paragraphs are allegedly surplusage or how incorporating existing allegations could create confusion.  Apple also failed to explain why it asserts that incorporating some existing paragraphs is appropriate but incorporating other existing paragraphs is not.  Apple appeared to be concerned that incorporating some of the allegations could act as requests for admission.  To the extent Apple's responses to existing allegations are no longer accurate, and Apple would now need to admit some of all of the allegations in Paragraphs 8-26 and 47-49, it would promote judicial economy by narrowing the disputed issues and would be an additional reason to grant Masimo's request.

Accordingly, the Court should grant Masimo leave to supplement its Complaint.

## V. **CONCLUSION**

For the reasons set forth above, Masimo respectfully requests the Court grant Masimo leave to file the supplemental complaint attached as Exhibit A to the Declaration of Benjamin Katzenellenbogen.

Case 8:20-cv-00048-JVS-JDE   Document 672   Filed 05/02/22   Page 8 of 8   Page ID #:49350

Alternatively, Maismo requests the grant Masimo leave to file the supplemental complaint attached as Exhibit C to the Declaration of Benjamin Katzenellenbogen, to which Masimo understands Apple has no objection (because Paragraph 375 incorporates by reference only Paragraphs 1-7 and 50).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 2, 2022        By: /s/ Benjamin A. Katzenellenbogen
        Joseph R. Re
        Stephen C. Jensen
        Benjamin A. Katzenellenbogen
        Perry D. Oldham
        Stephen W. Larson
        Mark D. Kachner
        Adam B. Powell
        Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55487286