JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S REPLY IN SUPPORT OF ITS OBJECTIONS TO SPECIAL MASTER ORDER NO. 7** <br><br> Date: May 16, 2022 <br> Time: 1:30 p.m. <br><br> Discovery Cut-Off: Aug. 12, 2022 <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1    BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
2    GIBSON, DUNN & CRUTCHER LLP
      200 Park Avenue
3    New York, NY 10166-0193
      Tel.: 212.351.2339 / Fax: 212.817.9539
4

5    ILISSA SAMPLIN, SBN 314018
      isamplin@gibsondunn.com
6    GIBSON, DUNN & CRUTCHER LLP
      333 South Grand Avenue
7    Los Angeles, CA 90071-3197
      Tel.: 213.229.7000 / Fax: 213.229.7520

8    ANGELIQUE KAOUNIS, SBN 209833
      akaounis@gibsondunn.com
9    GIBSON, DUNN & CRUTCHER LLP
      2029 Century Park East Suite 4000
10   Los Angeles, CA 90067
      Tel.: 310.552.8546 / Fax: 310.552.7026
11

12   KENNETH G. PARKER, SBN 182911
      Ken.parker@haynesboone.com
13   HAYNES AND BOONE, LLP
      660 Anton Boulevard Suite 700
14   Costa Mesa, CA 92626
      Tel. 650.949.3014 / Fax: 949.202.3001

15   MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
16   WILMER CUTLER PICKERING
      HALE AND DORR LLP
17   2600 El Camino Real, Suite 400
      Palo Alto, CA 94306
18   Tel.: 650.858.6000 / Fax: 650.858.6100

19   NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
20   WILMER CUTLER PICKERING
      HALE AND DORR LLP
21   1225 Seventeenth St., Suite 2600
      Denver, CO 80202
22   Tel: 720.274.3152 / Fax: 720.273.3133

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S REPLY ISO ITS OBJECTIONS TO SPECIAL MASTER ORDER NO. 7

CASE NO. 8:20-cv-00048-JVS (JDEx)

**TABLE OF CONTENTS**

I.      Introduction ................................................................................................ 1

II.     Argument ................................................................................................... 2

        A.      As Part of Apple's Continuing Effort To Narrow The Dispute—
                And Out Of An Abundance Of Caution—Apple Has Now Produced
                Additional Documents From Mr. Cook ...................................................... 2

        B.      Judge Early's September 29 Ruling Only Covers Responsive
                Documents ...................................................................................................... 3

        C.      Nothing In Judge Early's September 29 Ruling Precluded Apple
                From Screening For Relevance ...................................................................... 6

        D.      This Court Should Reverse Judge Early's Ruling To The Extent It
                Bars Reviewing Mr. Cook's ESI for Responsiveness/Relevance ............... 9

III.    Conclusion ................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*BancPass, Inc. v. Highway Toll Admin., LLC*,
  2016 WL 4031417 (W.D. Tex. July 26, 2016) ...........................................6, 7

*Brahmana v. Lembo*,
  2010 WL 11587053 (N.D. Cal. Feb. 26, 2010)...........................................7, 8

*Cabrales v. Aerotek, Inc.*,
  2018 WL 2121829 (C.D. Cal. May 8, 2018)...............................................7, 8

*Conagra Foods Food Ingredients Co. v. Archer Daniels Midland Co.*,
  2014 WL 1570263 (D. Kan. Apr. 18, 2014) ...............................................7, 8

*Darbeevision, Inc. v. C&A Mktg., Inc.*,
  2019 WL 7166982 (C.D. Cal. May 17, 2019)................................................11

*DCG Sys., Inc. v. Checkpoint Techs.*,
  No.11-cv-03792, Dkt. 166 (N.D. Cal. Oct. 19, 2012)............................3, 4, 8

*FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*,
  2016 WL 6522807 (S.D. Cal. Nov. 3, 2016) ...............................................6, 7

*InTouch Techs., Inc. v. VGO Commc'ns, LLC*,
  2019 WL 8060078 (C.D. Cal. Oct. 22, 2019) ..............................................7, 8

*O'Donnell/Salvatori Inc. v. Microsoft Corp.*,
  339 F.R.D. 275 (W.D. Wash. 2021).......................................................1, 6, 7

*Palmer v. Cognizant Tech. Sols. Corp.*,
  2021 WL 3145982 (C.D. Cal. July 9, 2021) ........................................1, 5, 6, 7

*Tulip Computers Int'l B.V. v. Dell Comput. Corp.*,
  2002 WL 818061 (D. Del. Apr. 30, 2002) ....................................................11

*Youngevity Int'l Corp. v. Smith*,
  2017 WL 6541106 (S.D. Cal. Dec. 21, 2021) .................................................3

# I. INTRODUCTION

Plaintiffs identify nothing to support the Special Master's view that—although Judge Early's order states that Apple should produce "all **responsive**, non-privileged" ESI that hit on Plaintiffs' search terms—Judge Early actually "intended" Apple to produce "**all** documents uncovered by the search terms identified," including non-responsive documents. *See Compare* Dkt. 502 at 2 *with* Dkt. 641 at 3.[1]  The Special Master's supposition would make Apple's CEO the only ESI custodian in this litigation—out of more than sixty—subject to a requirement to produce irrelevant, and in many cases highly personal, documents.  That cannot be squared with Federal Rule of Civil Procedure 26, Judge Early's order, or basic fairness and common sense.

Plaintiffs' main justification for Order No. 7 is a rationale that even the Special Master failed to credit—i.e., that Apple should be required to produce all of Mr. Cook's non-privileged ESI as a punishment for not producing enough.  But nothing in Judge Early's ruling or statements at oral argument adopted this approach.  Plaintiffs also argue that the basic requirements of relevance and proportionality do not apply to ESI productions, but "courts … have almost uniformly found that a relevance review and the withholding of irrelevant documents, is appropriate."  *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 276-278 (W.D. Wash. 2021) (citing, *inter alia*, *Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021)).

This Court should sustain Apple's objections and reverse the Special Master's unprecedented order.

---

[1] Emphasis added to quotes throughout unless otherwise noted.

Wilmer Cutler
Pickering Hale
and Dorr LLP

## II.    ARGUMENT[2]

### A.    As Part of Apple's Continuing Effort To Narrow The Dispute—And Out Of An Abundance Of Caution—Apple Has Now Produced Additional Documents From Mr. Cook

To avoid the need to file its Objection to the Special Master's Order No. 7, Apple previously proposed a compromise with Plaintiffs under which Apple would produce the vast majority of Mr. Cook's non-privileged documents that hit on Plaintiffs' broad search terms, omitting only those that fall into a narrow set of specifically-defined categories (*e.g.*, ████████████████████████). Mot. 6-7. Plaintiffs' opposition barely addresses Apple's attempt to compromise, which would have given Plaintiffs the vast majority of what that they sought in front of the Special Master. And Plaintiffs' scant response (*e.g.*, Opp. 8) mischaracterizes the parties' exchange. Apple sent its letter on April 12, three days before the last day to file objections. *See* Ex. 25 at 2. Plaintiffs did not respond to the letter until 10:18am PT on the day Apple's objections were due and then declined the compromise without any explanation or attempt to negotiate. *See id.* at 1.

In any event, in an effort to further narrow the parties' dispute and out of an abundance of caution, Apple last week produced ████████████████████ ████████—i.e., those that hit on search terms, do not implicate Mr. Cook's personal matters, and have even a remote connection to this litigation at a very high level of generality. *See* Ex. 26 at 1 (cover letter accompanying production). Most of these documents are attachments to three emails and the bulk of the remainder are emails on press releases, articles, and media coverage of Apple Watch. *Id.* The production also ████████████████████████████████████████████████████

---

[2] Plaintiffs devote a third of their brief to rehashing the parties' dispute over whether Mr. Cook's emails should be collected, searched, and produced. Apple has undisputedly already produced responsive documents. In any event, that issue has no bearing on whether Apple should be required to produce all non-privileged documents hitting on Plaintiffs' broad search terms.

1        ████████████████████████████████████████████████. *See* Opp. 11.

2 While Apple hopes that this further production will assist in resolving the parties'

3 dispute, it does not change the fact that—as discussed below—the Special Master's

4 order is premised on a misreading of Judge Early's ruling.

5        **B.**     **Judge Early's September 29 Ruling Only Covers Responsive**

6               **Documents**

7        As Apple has explained, the plain text of Judge Early's ruling required Apple to

8 produce only "responsive and non-privileged" documents that hit on Plaintiffs' search

9 terms. Mot. 9-11. That narrowing language matters. In front of the Special Master,

10 Plaintiffs identified only two sets of RFPs implicated by Mr. Cook's ESI—documents

11 that reference Masimo/Cercacor and communications with Michael O'Reilly while he

12 was an employee at Apple—and many of the documents encompassed by the Special

13 Master's order are not responsive to either set of requests. *Id.* 9-11.

14        Plaintiffs fail to justify the Special Master's conclusion that Judge Early

15 "intended" for Apple to produce all of Mr. Cook's non-privileged ESI, even though

16 Judge Early's ruling indicated otherwise. They speculate that Judge Early would have

17 wanted Apple to produce all non-privileged ESI and let Plaintiffs determine what was

18 responsive. Opp. 12. But if that were so, Judge Early would presumably have ordered

19 Apple to produce "all non-privileged documents," and not "all responsive and non-

20 privileged documents." *See Youngevity Int'l Corp. v. Smith*, 2017 WL 6541106, at *10

21 (S.D. Cal. Dec. 21, 2021) (normal rule is that documents are not responsive "solely

22 because they hit on a search term the parties' agreed upon"). Indeed, given that

23 Plaintiffs' original motion merely sought to make Mr. Cook an ESI custodian and the

24 parties have screened the ESI collected from all other custodians for responsiveness, it

25 is only logical that Judge Early would have expressly stated that the scope of Mr. Cook's

26 production was not limited to responsive and non-privileged documents if he intended

27 such a harsh remedy—as even Plaintiffs' own case law shows. *See DCG Sys., Inc. v.*

28

*Checkpoint Techs.*, No.11-cv-03792, Dkt. 166 at 1 (N.D. Cal. Oct. 19, 2012) (instructing party to "produce documents using search terms as a proxy for responsiveness").

Plaintiffs relatedly argue that Apple should be required to produce all non-privileged documents as a punishment for not producing as many responsive documents as Plaintiffs believe is appropriate.  Opp. 12-13.  But as Apple has pointed out (and Plaintiffs fail to dispute) the only two cases they have cited in support of such a drastic remedy involved situations where *no* documents were produced at all.  Mot. 10-11.  And Plaintiffs simply ignore the cases from this District and others holding that there is nothing *per se* wrong with a party producing a relatively low proportion of documents compared to the number of documents that hit on the search terms.  *Compare* Mot. 11 *with* Opp. 11-13.

In any event, Plaintiffs dramatically overstate the number of documents that are even potentially responsive to the sole discovery request that they cite in their opposition in front of this Court, which seeks "[a]ll documents and things that *refer* to or relate to Masimo or Cercacor."  *See* Opp. 11 (emphasis in original).  For example, Plaintiffs inflate the number of documents that hit on the terms "Masimo" and "Cercacor" by reciting both the number of documents that use those terms *and* their families (e.g., documents that are attached to an email that uses the term, but do not themselves use it).  Even prior to Apple's most recent production of documents from Mr. Cook's ESI, there were only 44 unique documents that hit on Masimo and 3 that hit on Cercacor from Mr. Cook's ESI.  Ex. 3 at 1.  Plaintiffs also rely heavily on the assertion that any document that uses the word "Massimo" (i.e., a potential misspelling of "Masimo") is necessarily responsive to this request, but ignore entirely that Massimo is a common word—it could just as easily refer to a surname, a clothing brand, a motor company, or a restaurant.  Mot. 3-4 (citing Ex. 5 at 2; Ex. 3 at 1).  For example, there are two Italian restaurants named "Massimo" in the Bay Area alone.  *See* www.massimos.com ("Massimo's has been a Fremont [California] destination and landmark since opening in 1976.") (visited

May 2, 2022); www.massimoristorante.com ("Northern Italian Inspired Cuisine In Downtown Walnut Creek [California.]") (visited May 2, 2022).  As a result, Apple informed Plaintiffs nearly six months ago that "we have not found [Massimo] to be a helpful term in generating responsive hits."  Ex. 3 at 1.

Finally, Plaintiffs argue that Apple impermissibly conflated responsiveness with relevance in determining which documents to produce.  Opp. 11-12.  Even if the two concepts are distinct, however, Judge Early's order should at least be limited to documents that respond to a specific RFP.  Here, Plaintiffs have only identified two purportedly on-point RFPs, *see supra* p. 3, and Apple should not be required to produce anything that falls outside the scope of those requests (for example, a document that refers generally to "healthcare" and "pulse rate" without making any mention of Masimo, Cercacor, or O'Reilly).

Moreover, to be clear, at least one court in this District has held that screening ESI for responsiveness *necessarily* requires considering relevance and proportionality. *See Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021), *cited in* Mot. 8.  As the *Palmer* court explained, "compelling defendants to produce all documents that contain only one search term without a responsiveness review … is not the standard under Rule 26 for discovery, which provides that discovery may be obtained 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'"  *Palmer*, 2021 WL 3145982, at *9 (citing Fed. R. Civ. P. 26(b)(1)).  In other words, determining whether a document is "responsive to the discovery request … by extension" requires considering "whether or not it is relevant and proportional to the needs of the action."  *Id.*  Plaintiffs have no answer to this clear language.[3]

---

[3] Plaintiffs cite *Palmer* only once and attempt to distinguish it as allowing a "*responsiveness* review, not a *relevance* review."  Opp. 10-11.  As the quotations above demonstrate, that is incorrect.

Wilmer Cutler
Pickering Hale
and Dorr LLP

**C.     Nothing In Judge Early's September 29 Ruling Precluded Apple From Screening For Relevance**

As explained, both the Federal Rules and the relevant case law establish that the default rule is that a party need only produce relevant documents that are proportional to the needs of the litigation. Mot. 7-8, 11-14. Judge Early did not say anything in the September 29 ruling or the preceding oral argument that indicated an intent to displace that principle. Mot. 11-14. Plaintiffs' arguments to the contrary are unavailing.

*First*, Plaintiffs dispute that Rule 26(b)'s relevance and proportionality requirements even apply when a party is producing ESI identified on the basis of search terms. But as Apple has already pointed out, "[w]hile there is little case law" on the issues "the courts that have addressed [the issue] have almost uniformly found that a relevance review … is appropriate." *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 276-277 (W.D. Wash. 2021). Plaintiffs criticize *O'Donnell* as being "a single case from outside of the district." Opp. 10. But *O'Donnell* surveyed a number of other decisions in arriving at its conclusion, including the *Palmer* case from this District and *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, 2016 WL 6522807, at *7-8 (S.D. Cal. Nov. 3, 2016), from the Southern District of California. *See O'Donnell*, 339 F.R.D. at 276-277.

Moreover, Plaintiffs are simply incorrect when they assert (at 10-11) that *O'Donnell* only considered cases involving responsiveness review and not relevance review. That was certainly not the view of the *O'Donnell* court, which described the cases it cited as "address[ing]" whether "the *relevance standard* from the civil rules … appl[ies] to document productions that are the result of the execution of search terms under [an] ESI order." 339 F.R.D. at 276-277 (emphasis added). Nor do Plaintiffs accurately describe the underlying cases cited by *O'Donnell*. As discussed above, for example, *Palmer* discussed both relevance and responsiveness. *See supra* p. 5. A second case rejected the argument that it was impermissible for a party to "produce only

those [ESI] documents that [they] determined were relevant to the case." *BancPass, Inc. v. Highway Toll Admin., LLC*, 2016 WL 4031417 at \*2-3 (W.D. Tex. July 26, 2016) (denying motion to compel, even though producing party winnowed production in part by "performing various searches to exclude irrelevant documents"). And a third case cited by *O'Donnell* endorsed the producing party's decision to "cull[] [ESI] for relevance" where the underlying search terms hit on "many irrelevant and unresponsive documents." *See FlowRider*, 2016 WL 6522807, at \*8.

Unable to effectively distinguish Apple's case law, Plaintiffs identify six decisions that they claim show that "[c]ourts routinely hold" that a party in Apple's position may not screen an ESI production for relevance. Opp. 9-10. As Plaintiffs tacitly concede, five of the six decisions do not even involve the special context of this case— i.e., where broad search terms run on a custodian's ESI yield thousands of irrelevant documents. *See Cabrales v. Aerotek, Inc.*, 2018 WL 2121829, at \*4-5 (C.D. Cal. May 8, 2018); *Brahmana v. Lembo*, 2010 WL 11587053, at \*1 (N.D. Cal. Feb. 26, 2010); *Conagra Foods Food Ingredients Co. v. Archer Daniels Midland Co.*, 2014 WL 1570263, at \*5 (D. Kan. Apr. 18, 2014); *InTouch Techs., Inc. v. VGO Commc'ns, LLC*, 2019 WL 8060078, at \*12-13 (C.D. Cal. Oct. 22, 2019). While Plaintiffs assert (at 10) that this distinction does not matter, *O'Donnell, Palmer*, *BancPass*, and *FlowRider* ruled differently and for good reason. Filtering ESI via search terms (especially the kind of search terms Plaintiffs used here, which used generic words like "patient" and "monitoring") will necessarily lead to overinclusive results, which in turn creates the need to review for responsiveness and relevance. Mot. 10-11; *see also Palmer*, 2021 WL 3145982, at \*8-9 (agreeing with party's explanation that it was necessary to review and withhold non-responsive/irrelevant documents that hit on search terms where "there were many false positives with respect to some of the search terms[] … which yielded numerous results that were not responsive").

Each of the five non-ESI cases cited by Plaintiffs is easily distinguishable. Plaintiffs have not even attempted to rebut Apple's explanation for why *Cabrales* and *InTouch* are inapposite (i.e., because neither purports to state a general rule and both dealt with very different factual scenarios). *Compare* Mot. 13-14 *with* Opp. 9-10. As for the remainder, the *Brahmana* decision punished a party for refusing to turn over documents (on the grounds that the producing party had "intend[ed] to use them for impeachment") by ordering the producing party to turn over any responsive documents it had withheld without regard to relevance. 2010 WL 11587053, at *1. In *Conagra*, the court ordered the production of all responsive documents pertaining to a certain kind of "ultrafine whole wheat flour" regardless of relevance where the producing party apparently failed to raise a relevance objection. 2014 WL 1570263, at *5 (court noting that "Conagra has failed to support any objections to these requests"). And in *Kajeet*, the defendant "d[id] not dispute … that the requested information" was relevant. 2019 WL 8060078, at *12.

*DCG Systems* is the only case Plaintiffs have identified that involves search term hits and ESI. But that ruling—which is unpublished and so obscure that it apparently is unavailable on either Westlaw or LEXIS—contains no meaningful analysis or explanation for its "terse" instruction that the party should produce "documents responsive to [the] documents requests and not merely relevant to the disputed issues in this case." *See DCG Systems*, Dkt. 166 at 1. If anything, *DCG Systems* supports Apple's position, as it shows that had Judge Early intended to overrule normal principles of relevance and proportionality, he would have spoken much more clearly.[4]

*Second*, Plaintiffs reprise their assertion below that Judge Early's statements during the motion for reconsideration hearing regarding the relevance of a single email

---

[4] This answers Plaintiffs' passing argument (at 8-9) that Judge Early's ruling's silence on relevance and proportionality demonstrates his intent to overrule those background principles. *DCG Systems* teaches that when a court wishes to displace the normal Rule 26(b) protections, it does so expressly.

Wilmer Cutler
Pickering Hale
and Dorr LLP

to Mr. Cook should be read broadly as a holding that *every* document in Mr. Cook's possession that hits on Plaintiffs' broad search terms is relevant to this case.  Opp. 9. Apple already refuted this argument at length in its opening brief. Mot. 12-13.  Plaintiffs have no answer.[5]

     *Finally*, Plaintiffs appear to argue that—regardless of Judge Early's intent—the Special Master's order should be upheld because the Special Master was not convinced that Apple was properly screening for relevance.  Opp. 9.  That was not Plaintiffs' argument before the Special Master, where their counsel stated that ████████████
████████████████████████████████ Ex. 23 at 15; *accord* Dkt. 641 at 3 (Special Master stating that "[a]t the hearing, counsel for Plaintiffs strongly emphasized that their motion was styled as a motion to enforce Judge Early's earlier ruling" and "referred to specific procedural history").  Nor was that the Special Master's rationale for his ruling, which was based on his view that "in the specific circumstances of this dispute, Judge Early intended" that Apple should not screen its production for relevance.  Dkt. 641 at 1-3.  In any event, the single document that the Special Master discussed with Apple's counsel—████████████████████████████████
████████████████████████████████
████████████), *compare* Ex. 23 at 33 *with* Dkt. 641 at 3—has now been produced.

### D. This Court Should Reverse Judge Early's Ruling To The Extent It Bars Reviewing Mr. Cook's ESI for Responsiveness/Relevance

     As Apple explained, if this Court concludes that the Special Master was right that Judge Early intended to require Apple to produce Mr. Cook's non-privileged ESI

---

████████████████████████████████████████
████████████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

without any kind of screen, this Court should exercise its authority to reverse that decision. Mot. 14-15.

Plaintiffs' primary response is that Judge Early's ruling should not be overruled because it is not based on "erroneous" factual findings or "contrary to law." Opp. 14-15. To be clear, Apple asks this Court to reverse the gloss that the Special Master has now placed on Judge Early's order, which is both contrary to the plain text of the ruling and Rule 26(b). To the extent that the September 29 ruling can be read in a way that disregards its plain text and the background presumptions of the Federal Rules, it is indeed contrary to law.

Plaintiffs also appear to dispute that the Special Master's reading of Judge Early's ruling would overrule the Special Master's prior ruling regarding the production of "efficient infringement" documents. Opp. 15.[6] Plaintiffs' position makes no sense. They previously demanded that Apple turn over "[d]ocuments regarding the practice of efficient infringement"—a category that included nine documents, Dkt. 637 at 3-4. Special Master Order No. 6 rejected the assertion that Apple should have to produce all nine documents regardless of responsiveness and ordered Apple to submit a sworn declaration showing that the unproduced documents were either privileged or nonresponsive. *Id.* Special Master Order No. 7 would reverse that ruling by removing the responsiveness limitation.

Finally, Plaintiffs ask this Court to ignore that the Special Master's order requires Apple to produce a broad, unfiltered swath of its CEO's documents—even those documents that involve his ███████████████████████. Opp. 13-15. Plaintiffs' assertion that there is no burden involved with the production of such highly sensitive materials from Mr. Cook misses the point. The concern is not that Apple will have to organize and produce additional documents. Apple has now devoted many hours

---

[6] Notably, Plaintiffs do not dispute that the Special Master's reading would overrule his prior holding that Apple is not required to turn over all human resources information on Michael O'Reilly. *Compare* Mot. 15 *with* Opp. 15.

1   to reviewing and re-reviewing the documents at issue, including in order to develop a

2   compromise that would give Plaintiffs the vast majority of what they seek (a

3   compromise that Plaintiffs have flatly rejected without discussion).

4       The point is that Plaintiffs' attorneys will be allowed to trawl through dozens of

5   Mr. Cook's personal papers, ranging from his travel schedule to his briefing packets for

6   meetings with foreign leaders to documents that involve Nike corporate governance.

7   Such information cannot be protected with a handful of narrow redactions that cover

8   only numerals like a social security number or a dollar figure.  It is no coincidence that

9   Plaintiffs are unable to identify a single case from any jurisdiction permitting such an

10  intrusive search and that one of Plaintiffs' primary cases purposely excluded the CEO's

11  documents from an otherwise broad production order.  *See Tulip Computers Int'l B.V.*

12  *v. Dell Comput. Corp.*, 2002 WL 818061, at *7 (D. Del. Apr. 30, 2002).

13      Ultimately, it is telling that the only case that Plaintiffs cite in support of their

14  novel argument that Mr. Cook's interests are entitled to no weight involved an entirely

15  different factual situation—a dispute over whether a plaintiff *company* that filed a breach

16  of contract lawsuit could withhold clearly relevant information about its "revenues,

17  profits, and losses."  *See Darbeevision, Inc. v. C&A Mktg., Inc.*, 2019 WL 7166982, at

18  *1 (C.D. Cal. May 17, 2019).  Mr. Cook's personal papers, correspondence, and holiday

19  card lists are not remotely close to a corporation's ledger, nor should this Court treat

20  them as such.

## III.    CONCLUSION

21

22      Apple respectfully requests that the Court sustain Apple's objections to the

23  Special Master's Discovery Order No. 7.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 2, 2022

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND
DORR LLP


By:  */s/ Mark D. Selwyn*
        Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*