Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 8**<br><br>Date: May 23, 2022<br>Time: 1:30 p.m.<br>Ctrm: 10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND ................................................................................. 2

        A.      RFP No. 275 – All Communications Between O'Reilly and
                The FDA ............................................................................... 3

        B.      RFP Nos. 283-286: *True Wearables* Litigation Documents ..................... 4

III.    ARGUMENT ..................................................................................... 6

        A.      The Special Master Correctly Rejected Apple's Demand for
                All of O'Reilly's Communications With The FDA .................................. 6

                1.      Apple Has Not Established Relevancy ........................................... 6

                2.      Apple's Request Is Overly Broad, Unduly
                        Burdensome, and Not Proportional to the Needs of
                        the Litigation ................................................................... 7

        B.      The Special Master Correctly Denied Apple's Demand for
                Broad Discovery from the True Wearables Case ................................... 9

                1.      Apple Has Not Established Relevancy ........................................... 9

                2.      Apple's Requests are Overly Broad, Unduly
                        Burdensome and Not Proportional to the Needs of
                        the Litigation ................................................................. 11

IV.     CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**Page No(s).**

*A. Farber & Partners, Inc. v. Garber,*
    234 F.R.D. 186 (C.D. Cal. 2006)..................................................................8

*Amini Innovation Corp. v. Home Furnishings, Inc.,*
    300 F.R.D. 406 (C.D. Cal. 2014)................................................................15

*Apple Inc. v. Samsung Elecs. Co.,*
    2012 WL 2862613 (N.D. Cal. July 11, 2012) ..........................................14

*Bryant v. Mattel, Inc.,*
    2007 WL 5432960 (C.D. Cal. Apr. 17, 2007) ..........................................12

*Coast Hematology-Oncology Assocs. Med. Grp. v. Long
Beach Mem'l Med. Ctr.,*
    58 Cal. App. 5th 748 (2020) .....................................................................13

*Doe v. Am. Nat. Red Cross,*
    151 F.R.D. 71 (S.D.W. Va. 1993) ..........................................................6, 8

*Gold v. Kaplan,*
    2021 WL 6618643 (C.D. Cal. Dec. 2, 2021).............................................7

*Green Payment Sols., LLC v. First Data Corp.,*
    2018 WL 6333696 (C.D. Cal. Oct. 30, 2018) ...........................................9

*Hickman v. Taylor,*
    329 U.S. 495 (1947).................................................................................6, 8

*Lee v. Postmates, Inc.,*
    2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) ..........................................11

*Liu v. Faraday & Future Inc.,*
    2021 WL 3264417 (C.D. Cal. May 3, 2021).............................................11

*MarketLinx, Inc. v. Industry Access,*
    2013 WL 12133884 (C.D. Cal. Jan. 2, 2013)............................................9

*Martinez v. Davis,*
    2010 WL 11549650 (C.D. Cal. Mar. 11, 2010) .......................................12

1
2

**TABLE OF AUTHORITIES**
(***cont'd***)

3

**Page No(s).**

4
5

*MCC Controls v. Hal Hays Construction*,
  2020 WL 6034321 (C.D. Cal. July 23, 2020) ............................................. 9

6
7

*New Hampshire v. Maine*,
  532 U.S. 742 (2001).................................................................*passim*

8
9

*Pac Coast Surgical Ctr. v. Scottsdale Ins. Co.*,
  2019 WL 1873228 (C.D. Cal. Apr. 24, 2019) ........................................... 9

10

*Pangborn v. L.A. Cty. Deputy Sheriffs Lieutenant Baudino*,
  2018 WL 6265055 (C.D. Cal. Sept. 27, 2018) ....................................... 15

11
12

*Ramirez v. County of Los Angeles*,
  231 F.R.D. 407 (C.D. Cal. 2005).......................................................... 7, 12

13
14

*RG Abrams Ins. v. Law Offices of C.R. Abrams*,
  2021 WL 4805315 (C.D. Cal. Aug. 10, 2021) .......................................... 8

15
16

*Smith v. Bank of America, N.A.*,
  2019 WL 7188571 (C.D. Cal. Sept. 20, 2019) .......................................... 6

17
18

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
  2020 WL 4341717 (C.D. Cal. June 25, 2020) .......................................... 8

19
20

*Walker v. Life Ins. Co. of the Sw.*,
  2018 WL 5905121 (C.D. Cal. Oct. 23, 2018) ........................................... 8

21
22
23
24
25
26
27
28

# I.  **INTRODUCTION**

Apple's Objections address two separate topics.  First, after Apple itself demanded the parties limit email searching to specific search terms—and the parties negotiated those terms for months—Apple now demands Masimo conduct additional email searches and produce **all** emails between the FDA and O'Reilly (an ex-Masimo employee that joined Apple).  But Masimo already produced all responsive O'Reilly ESI that hit on the search terms the parties negotiated.  Apple argues additional searching is appropriate because Masimo contends O'Reilly ███████████████████████ ████████████████████████ Br. at 1:22-24.[1] ███████████████████ ████████████████████████████████████ Thus, Masimo suggested **both** parties produce O'Reilly's FDA communications.  Apple refused and moved to compel.

Second, Apple demands overbroad and burdensome discovery from the *True Wearables* case.  Masimo has already provided Apple extensive discovery from *True Wearables* in response to Apple's prior targeted requests.  The requests at issue here, however, are overly broad and unduly burdensome.  For example, Apple seeks documents that "involve Marcelo Lamego . . . ."  Br. at 3:7-12.  But Lamego owns True Wearables, is a named defendant in *True Wearables*, and that case focused on Lamego misappropriating Masimo's trade secrets on behalf of True Wearables.  Apple thus seeks a vast production of documents that have nothing to do with the allegations in this case.

Apple's requests are also burdensome because the protective order in *True Wearables* requires Masimo to obtain permission from True Wearables to produce each specific document.  ██████████████████████████ ████████████████████████     █████████████████ █████████████████████████████████

---

[1] Unless noted otherwise, numbered exhibits are attached to the Declaration of Nora Passamaneck (Dkt. 664-2) and lettered exhibits are attached to the Declaration of Stephen W. Larson (submitted herewith).  All emphasis is added unless noted otherwise.

1

2

3              Moreover, even doing so would not satisfy Apple'

4 demand for ***all*** documents that "involve Marcelo Lamego . . . ."  Br. at 3:7-12.

5

6

7

8

9

10         Nor has Apple explained why it is unable to serve targeted and reasonable

11 discovery requests on Masimo.  The Court should confirm the Special Master's decision.

## II.  BACKGROUND

13       Throughout this case, Apple has successfully objected to hundreds of discovery

14 requests as overbroad and unduly burdensome, including requests far narrower than

15 those at issue here.  For example, Judge Early denied Masimo's motion on a request for

16

17

18

19 He also denied Masimo's motion on a request for "[a]ll communications between

20 Defendant and any individual who previously worked for Plaintiffs referring or relating

21 to subject matter disclosed or claimed in the Disputed Patents."  Dkt.  353-1 at 68, 73-

22 75 (motion reciting RFP 129 and Apple arguing overbreadth) & Dkt. 380 (denying

23 motion regarding FRP 129).

24

25

26

27       In contrast, Masimo produced voluminous discovery.  Despite being far smaller

28 than Apple with far fewer employees working on relevant projects, Masimo produced

more than 335,000 documents—about **50% more** than the 220,000 documents that Apple produced.  Masimo readily agreed to produce documents for the vast majority of Apple's requests, but has maintained its objections to a few requests.

A.      **RFP No. 275 – All Communications Between O'Reilly and The FDA**

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████ For example,

Masimo searched O'Reilly's emails using the search terms that **Apple** requested and the parties stipulated to almost eight months ago. ███████████████████████

████████████████████████████████████████████████████████████

█████████████████████ Masimo also produced thousands of documents relating to FDA approval for Masimo products.  Larson Decl. ¶ 10.

Apple nonetheless demanded that Masimo produce **all** O'Reilly communications with the FDA.  But Apple has repeatedly argued a reasonable search for emails is satisfied by searching email ESI with agreed-upon terms for identified custodians.  Ex. 17 at 2; Ex. 18 at 1.  Masimo completed that search and produced documents through November of 2021.  Nevertheless, as a compromise, Masimo suggested **both** parties produce all of O'Reilly's communications with the FDA.  Ex. 2 at 1.  Apple refused to consider any reciprocal production and, instead, moved to compel.  *Id.*

In its opposition, Masimo contested Apple's showing of relevance. ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████

After the Special Master issued a tentative order in Masimo's favor, Apple raised a new argument at the hearing. ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ The Special Master found Masimo's RFP No. 573 was not similar because that request was "narrowly tailored" to certain "*analysis* by Apple" concerning "'whether or how to obtain FDA clearance or approval for any ECG monitoring feature of the Apple Watch Products, or any ECG application for the Apple Watch Products.'" Dkt. 656 at 6:15-23 (emphasis in original). The Special Master explained that "different considerations apply to this dispute," "[p]articularly given Apple's general definition of 'relating to . . . .'" *Id.* Indeed, the Special Master explained he *denied* discovery as to Masimo RFP No. 574, which sought "[d]ocuments regarding *any* analysis by Apple of the FDA clearances or approvals for any iPhone compatible device." *Id.* at 21-23.[2]

**B.** **RFP Nos. 283-286:** ***True Wearables* Litigation Documents**

Masimo objected to RFP Nos. 283-286 as overly broad and not proportional because they seek essentially every document in the *True Wearables* case. Ex. 26 at 7:2-12:2. Apple has argued these RFPs seek three broad categories of documents. First, Apple's RFP Nos. 283 and 284 seek every document mentioning Marcelo Lamego that was produced, served, filed, or sent between counsel in *True Wearables*. Ex. 10 at 10 (RFP Nos. 283-284); Ex. 27 at 4 (Apple seeks documents "Plaintiffs have *produced*"). Such requests essentially seek all documents from that case because Lamego owns True Wearables, is a named defendant in *True Wearables*, and the case concerns Lamego misappropriating Masimo's trade secrets on behalf of True Wearables.

Second, Apple's RFP 283 and 284 also seek every document produced, served, filed, or sent between counsel that "*relate*" to the trade secrets in *this case*. Ex. 10 at 10 (RFP No. 283). As Apple concedes, its definition of "relate" requires documents that:

/ / /

---

[2] Apple argues the Special Master found Apple's argument on RFP 573 "pretty powerful." Br. at 4. The Special Master made that comment during the hearing before having a chance to see RFP No. 573 was *not* like Apple's request. Apple also criticizes the Special Master for relying on an "RFP [not] discussed at the hearing" (Br. at 4 n.2), but the Special Master did so in response to Apple's admittedly new argument.

directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, **support, negate**, or are in any way pertinent to" the trade secrets at issue here.

Ex. 27 at 3.

Third, Apple's RFP Nos. 285-286 seek all documents or communications that mention "any current or former Apple employee" other than Lamego.  Ex. 26 at 9:15-20, 10:24-26.  ███████████████████████████████████████████████

███████████████████████████████  For the first time at the hearing, Apple offered to provide a list of names (Br. at 13:11-13), but Apple never provided the list or suggested how long it is—e.g., whether it is 10 names or 90,000 names.  *See* Ex. A at 6 (Apple website stating it has 90,000 U.S. employees).

Nevertheless, Masimo attempted to determine whether it could resolve some issues ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

Despite the breadth of Apple's requests, Apple refused to narrow them and instead moved to compel on their full scope.  Only after the Special Master issued a tentative order in Masimo's favor did Apple finally offer to narrow its requests at the hearing.  Ex. 30 at 18:2-14 (hearing transcript); Dkt. 656 at 7:28-8:2 (Special Master Order No. 8 noting Apple proposed narrowed versions at the hearing).  ███████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████  As Masimo explained, both Judge Early and the Special Master had adopted the practice of addressing RFPs as written, or as narrowed by a party in writing when moving to

compel.  In fact, Apple has successfully argued that Masimo's attempts to narrow its RFPs at hearings were improper.  *See e.g.*, Ex. B at 23:16-20; Dkt. 656 at 7:28-8:2.

The Special Master rejected Apple's attempted narrowing as untimely and Apple's requests as "vastly overbroad" and not "[p]roportional[]" because, for example, they seek "documents that 'mention Marcelo Lamego' in a lawsuit against a company owned by Marcelo Lamego."  Dkt. 656 at 7:23-27.

## III.  ARGUMENT

### A.  The Special Master Correctly Rejected Apple's Demand for All of O'Reilly's Communications With The FDA

#### 1.  Apple Has Not Established Relevancy

Apple argues that Masimo did not "dispute[] that communications between O'Reilly and the FDA are relevant to Plaintiffs' claims . . . ."  Br. at 7:17-21.  That is incorrect.  Masimo explained that Apple's relevancy argument makes no sense.  Ex. 28 at 4; Ex. 30 at 15:3-10.  Specifically, Apple argues that all of O'Reilly's communications with the FDA while at *Masimo* are relevant because Masimo claims O'Reilly ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████     ███████████     Apple's demand for one-sided discovery is inappropriate.  *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (discovery "is not a one-way proposition"); *Doe v. Am. Nat. Red Cross*, 151 F.R.D. 71, 75 (S.D.W. Va. 1993) (finding Magistrate Judge's order providing for discovery by one side only was "contrary to law" and ordering reciprocal discovery).

Apple's relevancy argument is also improperly speculative.  *See Smith v. Bank of America, N.A.*, 2019 WL 7188571, at *9 (C.D. Cal. Sept. 20, 2019) ("speculation" that certain documents may be relevant "does not demonstrate" that a "search for such remote documents–even if possibly relevant–would be proportional to the needs of this case.").  Indeed, Apple has argued that "a speculative theory" of relevance "should be

rejected." Dkt. 407 at 63.  Here, Apple speculates that O'Reilly may have sent emails to the FDA and that those emails "*could* show whether O'Reilly even *had access to certain alleged trade secrets*, the value that Plaintiffs place on them, and whether Plaintiffs took reasonable measures to protect their secrecy."  Br. at 7:21-25.  Apple never attempts to explains why this makes sense.  Indeed, many of the trade secrets at issue concern ███████████████████████████████ Br. at 8:2-4.

Apple then argues the communications are relevant because ███████████ ████████████████████████████████████████████████████████ ███████████████████████ While Apple has strenuously objected to providing information about its own FDA submissions, Masimo provided extensive discovery regarding its FDA submissions and FDA approval of its devices.  Larson Decl. ¶ 10. Indeed, Apple has identified no deficiency in that production.   Apple's argument regarding the general importance of FDA approval does not justify a request for *all* of O'Reilly's communications with the FDA while at Masimo, particularly when Apple *refuses* to provide the same discovery.  Accordingly, Apple has not shown relevance.

## 2.   Apple's Request Is Overly Broad, Unduly Burdensome, and Not Proportional to the Needs of the Litigation

Apple likewise fails to show any error in the Special Master's finding that the request is overly broad and seeks discovery not proportional to the needs of the litigation. Apple acknowledges its request uses the term "relating to," which Apple broadly defines as all documents that "directly or indirectly constitute, contain, embody, concern … reflect … deal with … involve … support, negate, or are in any way pertinent to that subject."  Ex. 27 at 3; Br. at 4:2-5.  Apple does not attempt to defend that definition.

None of Apple's cases support its request.  *Gold v. Kaplan*, 2021 WL 6618643, at *6 (C.D. Cal. Dec. 2, 2021) (requests limited to specific groups of documents including "bank account statements," payments to trust beneficiaries, and defendant's ownership interest in other entities); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005) (requests for discipline and personnel complaints against an officer

-7-

accused of misconduct); *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 4805315, at *10 (C.D. Cal. Aug. 10, 2021) (requests for communications "during specified periods of time" in which the parties "discuss" specific relevant subjects); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 n.1 (C.D. Cal. 2006) (responding party's **only basis** for "boilerplate" objections to **193 requests** was that many of the requests sought information "relating to" a subject).

Apple also argues Masimo failed to articulate any burden associated with producing all of O'Reilly's emails with the FDA.  Br. at 9:21-24.  Not so.  Masimo argued it would be burdensome to perform additional ESI searching and production.  Ex. 28 at 4.  ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████  Ex. C (September 2021); Ex. D at 1, 8 (March 2022).  Moreover, **Apple** successfully argued that once "searches have already been run," requiring a party "to run additional searches months later" would be unduly burdensome.  Ex. 28 at 4 (citing Ex. 19 at 2) (quotations omitted).  The Special Master agreed and **denied** discovery to Masimo on that very basis.  *See* Dkt. 635 at 3. Having succeeded in arguing it should not have to conduct additional email ESI searching, Apple should not be permitted to now argue the opposite in this Motion.  *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (prohibiting a party who succeeded in maintaining one position from taking a contrary position in the same litigation); *see also Hickman*, 329 U.S. at 507; *Am. Nat. Red Cross*, 151 F.R.D. at 75.

Apple cites *Walker v. Life Ins. Co. of the Sw.*, 2018 WL 5905121 (C.D. Cal. Oct. 23, 2018), but that case addressed the burden in adding a single search term while ESI searches were being run.  *Walker* did not address the burden present here, where the parties extensively negotiated such terms, engaged in motion practice, ran the agreed upon specific terms and produced millions of pages of ESI.  Nor did *Walker* address one party requesting such a search after successfully **opposing** additional searches itself.  *See* Ex. 28 at 4.  Apple's other cases merely addressed general boilerplate objections.  *SPS*

1  *Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 4341717, at *2 (C.D. Cal. June 25,

2  2020); *Pac Coast Surgical Ctr. v. Scottsdale Ins. Co.*, 2019 WL 1873228, at *2 (C.D.

3  Cal. Apr. 24, 2019); *Green Payment Sols., LLC v. First Data Corp.*, 2018 WL 6333696,

4  at *3 (C.D. Cal. Oct. 30, 2018).

5      Apple also appears to suggest Masimo needed to make a detailed evidentiary

6  showing of burden. Br. at 10:13-11:8. Once again, however, ***Apple*** successfully argued

7  the opposite. Indeed, Apple has defeated Masimo's motions to compel on numerous

8  requests by arguing burden without ***ever*** submitting any supporting evidence. Dkt. 580

9  at 5; Dkt. 617 at 4; Dkt. 637 at 5; Ex. B at 13:9-14 (Judge Early explaining "I don't need

10  evidence for that").[3] Having succeeded on this issue in the past, Apple should not be

11  permitted to argue the opposite now. *See New Hampshire*, 532 U.S. at 749-50.

12  Regardless, cases explain that detailed evidentiary showings are unnecessary when the

13  requests are overbroad on their face. *See, e.g.*, *MCC Controls v. Hal Hays Construction*,

14  2020 WL 6034321 at *5 (C.D. Cal. July 23, 2020) ("as Primex was only contacted by

15  HHC to provide parts and service for a portion of the project, the request for all

16  documents related to the State Contract … is overbroad on its face"); *MarketLinx, Inc.*

17  *v. Industry Access*, 2013 WL 12133884 at *4 (C.D. Cal. Jan. 2, 2013) ("[a]ll documents

18  and things relating to your competitors" was "overbroad on its face"). Accordingly, the

19  Court should overrule Apple's objection on RFP 275.

20  **B.    The Special Master Correctly Denied Apple's Demand for Broad Discovery**

21  **from the True Wearables Case**

22      **1.    Apple Has Not Established Relevancy**

23      Apple's attempts to establish relevance for RFP Nos. 283-286 likewise fail.

24  Apple first asserts that Masimo has "not seriously disputed" that the *True Wearables*

25

26  [3]

27

28

1   documents are "relevant." Br. at 11:12-14. That is false. As Masimo explained, █████

2   ████████████████████████████████████████████████████████████████████

3   ███████████████████████████████████  Ex. 28 at 4 . For example,

4   Apple's RFPs seek every document mentioning Marcelo Lamego or other current or

5   former Apple employees that was produced, served, filed, or sent between counsel in

6   *True Wearables*. Ex. 10 at 10 (RFPs); Ex. 27 at 4 (Apple confirming it seeks documents

7   "Plaintiffs have ***produced***"). But, as Lamego is the CEO and owner of True Wearables,

8   this is nearly every document in the case.

9        Apple argues the documents are relevant because this case and *True Wearables*

10  have "similar" allegations of trade secret theft. Br. at 11:14-25. But Apple does not

11  attempt to explain any similarities, or why they would justify such broad discovery.[4]

12       Apple also asserts that ███████████████████████████████████████

13  ███████████████████████  Br. at 11:19-25. But Masimo merely relied on a *True*

14  *Wearables* decision, along with many other cases, for the ***legal proposition*** that

15  unpublished patent applications can be discoverable. Ex. 13 at 4. This does not show

16  *True Wearables* ***documents*** are relevant. Apple also notes that Masimo subpoenaed

17  Apple in *True Wearables*. Br. at 11:19-25. Apple produced only 250 documents in

18  response to the subpoena in *True Wearables*. Larson Decl. ¶ 12. Merely because a small

19  number of Apple documents were relevant to *True Wearables* does not mean thousands

20  of *True Wearables* documents are relevant here.

21       Further, neither argument establishes that every current or former Apple employee

22  would be relevant. Indeed, Apple successfully resisted discovery on ██████████████

23  ███████████████████████████████████████████████████████████████████

24  ████████████████████████████  *See* Dkt. 359-1 at 6:10-11. Once again, the

25

26  ──────────────────
    [4] ███████████████████████████████████████████████████████████████████

27  ███████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████

                                    -10-

Court should reject Apple's attempt to argue the opposite to support its own motion to compel. *See New Hampshire*, 532 U.S. at 749-50.

**2.** **Apple's Requests are Overly Broad, Unduly Burdensome and Not Proportional to the Needs of the Litigation**

Apple's arguments regarding burden also fail. At the hearing, Apple did not even ***attempt*** to justify the broad scope of its RFPs. Instead, Apple attempted to narrow its RFPs with no notice to Masimo. Ex. 30 at 18:2-14 (hearing transcript); Dkt. 656 at 7:28-8:2 (order noting Apple proposed narrowed versions at the hearing). The Special Master correctly rejected Apple's attempt to salvage its RFPs by narrowing them for the first time at the hearing. Dkt. 656 at 7:28-8:2 (Special Master Order No. 8); *see Liu v. Faraday & Future Inc.*, 2021 WL 3264417, at *3 (C.D. Cal. May 3, 2021) ("declin[ing] to consider" an argument raised for the first time at a hearing); *Lee v. Postmates, Inc.*, 2018 WL 4961802, at *5 (N.D. Cal. Oct. 15, 2018) (finding plaintiff "waived the arguments raised for the first time at the hearing by failing to address them in her brief").

Indeed, at ***Apple's insistence***, both Judge Early and the Special Master have rejected Masimo's attempts to narrow its RFPs at the hearing. *E.g.*, Ex. B at 23:16-20; Dkt. 656 at 7:28-8:2 (Special Master Order No. 8). Like it did at the hearing, Apple makes no attempt here to defend the broad RFPs on which it moved to compel. Apple instead argues in favor of its narrowed requests. Br. at 5:2-5. The Court should reject Apple's attempt to narrow its requests now, especially after repeatedly prevailing in preventing Masimo from doing exactly that. *See New Hampshire*, 532 U.S. at 749-50.

Regardless, even Apple's narrowed requests remain overly broad for many reasons. ***First***, Apple's request for documents concerning or mentioning Lamego in a case about Lamego is overly broad on its face. Apple argues that Lamego is important in this case (Br. at 12:12-15), but fails to explain how that could justify production of every document mentioning his name. Indeed, Apple has successfully prevented far narrower discovery of Lamego. *See* Dkt. 617 at 4:18-28 (denying Masimo's motion to compel a copy of Apple's human resources file for Marcelo Lamego).

Apple's citations to *Ramirez*, *Bryant*, and *Martinez* do not support its position. Both *Ramirez* and *Bryant* dealt with narrow requests for small categories of documents. *Ramirez*, 231 F.R.D. at 412 (requesting only complaints of improper conduct against a particular sheriff's deputy); *Bryant v. Mattel, Inc.*, 2007 WL 5432960, at *2 (C.D. Cal. Apr. 17, 2007) (requesting documents to identify specific individuals involved in specific "products and packaging").  None are like the case here, where Apple is requesting nearly every document from *True Wearables*. *Martinez* dealt with a case where a party made "generalized objections" that the party did not explain.  *See Martinez v. Davis*, 2010 WL 11549650, at *2 (C.D. Cal. Mar. 11, 2010).  Here, Masimo has specifically and repeatedly explained its overbreadth objection.

Apple also claims this discovery is justified because Masimo argued the Court's rulings in *True Wearables* should control here.  Br. at 12:15-18.  As discussed, Masimo simply relied on *True Wearables*, along with other cases, as **legal authority** on the discoverability of unpublished patent applications.  *Supra* p. 10.  The fact that a ruling on a legal issue in one case may be persuasive in another case obviously does not show **all** *True Wearables* filings and discovery responses are relevant here.

**Second**, Apple's request for documents concerning or referencing "other Apple employees" is likewise overly broad.  Masimo cannot possibly identify all of Apple's 90,000 employees.  Though Apple finally offered to provide a list, Apple never did so or specified how long it would be.  *See* Br. at 13:11-13.  Apple cannot complain that Masimo's burden arguments are not sufficiently specific when Apple refuses to make clear what search Apple is demanding.  Regardless, as discussed, ███████████ ████████████████████████████████████████████████████████ *See* Dkt. 359-1 at 6:10-11.  The Court should reject Apple's attempt to argue the opposite to support its own motion to compel.  *See New Hampshire*, 532 U.S. at 749-50.

**Third**, Apple's RFPs seek every sealed document or discovery response produced, served, filed, or sent between counsel that "**relate**" to the trade secrets in this case.  Ex. 10 at 10 (RFP 283) (emphasis added); Br. at 5:2-5.  As discussed, Apple's

definition of "relate" is exceedingly broad and would require Masimo to determine, for example, whether any particular document in *True Wearables* has any tendency to "support[]" or "negate[]" the trade secrets at issue ***here***.  *Supra* p. 4-5.  Requiring Masimo to pour through tens of thousands of documents to determine whether a particular document supports or negates the trade secrets at issue is overly burdensome and not proportional.

Moreover, Apple's requests continue to be vague.  *See* Br. at 1:5-7 (documents "that ***mention*** Marcelo Lamego, other Apple employees, and Plaintiffs' alleged trade secrets"); 3:10-12 (documents that "***involve*** Marcelo Lamego, other Apple employees, and/or Plaintiffs' alleged trade secrets"); 5:2-5 (RFPs 283 and 285 alone seeking documents "that (1) ***mention*** Marcelo Lamego, (2) ***mention*** other current or former Apple employees, or (3) ***relate*** to any of the alleged trade secrets Plaintiffs contend Apple misappropriated"); 14:19-21 (RFPs 283-286 seeking documents "***concerning*** Marcelo Lamego, other Apple employees, and the alleged trade secrets in this case").  Such ambiguity is why the Special Master correctly rejected Apple's attempt to purportedly narrower RFPs "on the fly" at the hearing.  Dkt. 656 at 7:28-8:2.  If Apple wanted to narrow its requests, it should have provided the text of its narrowed requests with its motion—just as the Special Master and Judge Early required Masimo to do.

Regardless, requiring Masimo to review numerous documents to determine whether a particular document "mentions," "concerns," or "involves" Masimo's trade secrets at issue here would be unduly burdensome.  Apple cites *Coast Hematology* for the proposition that Masimo is "in a far better position than Apple to identify which alleged trade secrets have been asserted in both actions."  Br. at 13:21-25.  But *Coast Hematology* involved a motion for summary judgment, not a discovery dispute, and did not address burden at all.  *Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 752 (2020).  Moreover, forcing Masimo to decide the issue in the context of a discovery request is burdensome and will invite further disputes if (or when) Apple interprets the trade secrets differently.

1    **Fourth**, Apple's requests seek "all" such documents.  At **Apple's request**, both

2  Judge Early and the Special Master have rejected many of Masimo's requests for

3  production that similarly use the word "all."  Ex. B at 22:24–23:22, 27:14–28:18, 48:25–

4  58:7 (Judge Early denying discovery on several Masimo RFPs because they began with

5  the phrase "all documents and things related to"); Dkt. 539 at 2:27–3:2, 7:8–8:10, 10:23–

6  11:16 (Special Master Order No. 2 denying discovery on other Masimo RFPs seeking

7  "all" documents).  Having succeeded on this issue in the past, Apple should not be

8  permitted to argue the opposite now.  *See New Hampshire*, 532 U.S. at 749-50.

9    Moreover, Apple's requests are particularly burdensome because the *True*

10  *Wearables* protective order requires Masimo to confer with True Wearables as to

11  potentially thousands of documents.  The *True Wearables* protective order limits use of

12  True Wearables' designated material "to the prosecution or defense of that [*True*

13  *Wearables*] case only."  Ex. 22 at 8:25–9:2; *accord* Ex. 23 at 4:22–27.  To produce True

14  Wearables' designated material in this case, Masimo would require True Wearables'

15  prior written consent or a court order.  Ex. 23 at 5:6–14, 9:7–13:27, 15:1–5. █████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████

20  ██████  Such a review is obviously unduly burdensome.

21    Further, Apple has successfully argued that Apple does not even have possession,

22  custody, or control over documents with third-party confidential information protected

23  by a protective order in another case.  *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL

24  2862613, at *4 (N.D. Cal. July 11, 2012).  Here, Masimo similarly does not have

25  possession, custody, or control of the documents and cannot produce them.

26  ████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 █████████████████████████████████████  ██████████

6 ████████████████████████████████████████████████

7 ███████████████████████████████

8      Thus, contrary to Apple's argument, Masimo's position is not that "the requested

9 information is equally available" to Apple.  Br. at 14:3-9.  In reality, the information is

10 *far more accessible* to Apple █████████████████████████████

11 ████████████████████████████████████████████████

12 ████  Apple's cited cases do not show otherwise because they only address discovery

13 that is "equally available" to the parties.  *See Pangborn v. L.A. Cty. Deputy Sheriffs*

14 *Lieutenant Baudino*, 2018 WL 6265055, at *4 (C.D. Cal. Sept. 27, 2018); *Amini*

15 *Innovation Corp. v. Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014).

16 Apple also complains that Masimo could have "conduct[ed] a reasonable search for

17 designated materials that contain only Plaintiffs' confidential material."  Br. at 14:13-

18 15.  But Masimo has done so in response to more targeted requests by Apple.  For

19 example, in response to other Apple RFPs, Masimo agreed to provide Apple transcripts

20 of testimony from *True Wearables* for (1) Masimo's alleged inventors of the Disputed

21 Patents and (2) five additional fact witnesses.  Ex. F at 1.  Masimo has also provided

22 over 36,000 pages of other discovery from *True Wearables*.  Larson Decl. ¶ 11.  Apple's

23 arguments are unavailing.

24 ## IV. CONCLUSION

25      For the reasons set forth above, the Court should overrule Apple's Objection to

26 Special Master Order No. 8.

27 _____

[5] ████████████████████████████████████████████████

28 ████████████████████████████████████████████████

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 2, 2022

By: /s/ Stephen W. Larson

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55516272

-16-