Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>)<br>) **PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 8**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Opposition to Defendant Apple Inc.'s Objection to Special Master Order No. 8.  Masimo has provided a proposed redacted version of the supporting memorandum.

## I. <u>LEGAL STANDARDS</u>

The public's "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business."  *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where "competitors could not obtain [the information] anywhere else."  *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).  Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Cal. Code Civ. P. § 2019.210.  Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ."  Cal. Civ. Code § 3426.5 (emphasis added).

## II. <u>ARGUMENT</u>

Portions of the Opposition and Exhibits C-E, G, and H to the Declaration of Stephen W. Larson each contain confidential information as described in more detail below.

Exhibits D and E are series of emails that counsel for the parties exchanged and that discuss information that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order.  Hughes Decl. ¶ 5.  Masimo requests the Court seal these documents based on Apple's designations.  Additionally, Exhibit D contains

1    confidential information about Masimo employees and future Masimo products.  *Id.*

2    Masimo would be harmed if competitors had access to this information.  *Id.*  Thus,

3    Masimo requests the court seal Exhibit D for at least this additional reason.

4         Exhibits G and H are emails between Michael O'Reilly and the FDA.  These

5    documents are non-public communications between Masimo and the FDA that would

6    reveal Masimo's confidential business strategy.  Masimo would be harmed if

7    competitors had access to this information.  These documents were accordingly

8    designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

9    *Id.* ¶ 5.

10        Exhibit C is a table of ESI "hit counts" on various search terms run on several

11   Masimo ESI custodians.  These search terms include phrases that describe Masimo's

12   confidential and proprietary technical trade secrets.  *Id.* ¶ 6.  Masimo designated this

13   information "Highly Confidential – Attorneys Eyes Only" under the Protective Order.

14   *Id.*  This information is confidential and valuable to Masimo in part because of its

15   secrecy.  Masimo is a technology leader with industry-leading performance due, in part,

16   to their years-long investment in their technical trade secrets.  If Masimo's technical

17   trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's

18   large investment without the time or costs incurred by Masimo.  *See id.*  Thus, Masimo

19   would be harmed if these trade secrets were disclosed.  *Id.*

20        Some of the proposed redacted portions of the supporting memorandum discuss

21   the aforementioned Exhibits and should also be sealed for the same reasons.  *Id.* ¶ 7.

22   Other of the proposed redacted portions of the supporting memorandum discuss material

23   previously sealed by the Court, including the sealed Exhibits attached to Apple's

24   Objection to Special Master Order No. 8, and should be sealed for the reasons the Court

25   granted the prior motions to seal.  *Id.*; s*ee also* Dkt. 666.

26        Courts seal documents where, as here, disclosure "will cause competitive harm."

27   *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial

28   process, be permitted to access Masimo's confidential information that they "could not

1   obtain anywhere else." *Id.* at 1229.  For instance, Masimo's competitors would not be

2   able to obtain from elsewhere the confidential information regarding Masimo's trade

3   secrets or Masimo's communications with Apple.  Further, Apple has argued that

4   designating information as "Highly Confidential – Attorneys Eyes Only," as is the case

5   here, should be presumptively sufficient to grant an application to seal.  Dkt. 61-1 at 11

6   (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of

7   any materials marked with these elevated designations in *this* case—where highly

8   confidential information, source code, competitive information, and potentially trade

9   secrets are at issue").

10                              **III.  CONCLUSION**

11          For the reasons discussed above, Masimo respectfully requests that the Court seal

12   (1) portions of the supporting memorandum; and (2) Exhibits C-E, G, and H to the

13   Declaration of Stephen W. Larson.

14

15                                             Respectfully submitted,

16                                             KNOBBE, MARTENS, OLSON & BEAR, LLP

17

18   Dated: May 2, 2022                        By: */s/ Daniel Hughes*

19                                                  Joseph R. Re
                                                    Stephen C. Jensen
20                                                  Benjamin A. Katzenellenbogen
                                                    Perry D. Oldham
21                                                  Stephen W. Larson
                                                    Mark D. Kachner
22                                                  Adam B. Powell
                                                    Daniel P. Hughes
23
                                                    Attorneys for Plaintiffs
24                                                  MASIMO CORPORATION and
                                                    CERCACOR LABORATORIES, INC.
25

26

27   55543644

28

                                          -3-