| | |
|---|---|
| 1 | Joseph R. Re (Bar No. 134479) |
|   | joseph.re@knobbe.com |
| 2 | Stephen C. Jensen (Bar No. 149894) |
|   | steve.jensen@knobbe.com |
| 3 | Benjamin A. Katzenellenbogen (Bar No. 208527) |
|   | ben.katzenellenbogen@knobbe.com |
| 4 | Perry D. Oldham (Bar No. 216016) |
|   | perry.oldham@knobbe.com |
| 5 | Stephen W. Larson (Bar No. 240844) |
|   | stephen.larson@knobbe.com |
| 6 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
|   | 2040 Main Street, Fourteenth Floor |
| 7 | Irvine, CA 92614 |
|   | Telephone: (949) 760-0404; Facsimile: (949) 760-9502 |
| 8 | |
|   | Adam B. Powell (Bar. No. 272725) |
| 9 | adam.powell@knobbe.com |
|   | Daniel P. Hughes (Bar No. 299695) |
| 10 | Daniel.hughes@knobbe.com |
|    | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| 11 | 3579 Valley Centre Drive |
|    | San Diego, CA 92130 |
| 12 | Telephone: (858) 707-4000; Facsimile: (858) 707-4001 |
| 13 | [Counsel appearance continues on next page] |
| 14 | Attorneys for Plaintiffs, |
|    | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION FOR SUR REPLY REGARDING APPLE'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 7** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF EX PARTE APPLICATION

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") hereby apply *Ex Parte* for an Order allowing Masimo to file a Sur Reply to respond to new arguments and evidence raised in Apple's Reply In Support Of Its Objections To Special Master Order No. 7 (Dkt. 675-1). In accordance with Local Rule 7-19.1, Masimo's Counsel notified Counsel for Apple of this Application on May 4, 2022. *See* Declaration of Adam Powell Regarding Notice of *Ex Parte* Application Pursuant to Local Rule 7-19.1. Apple indicated it did not yet know whether it would oppose the motion. *Id.*

## MEMORANDUM OF POINTS AND AUTHORITIES

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D. Cal. 2000). Courts do not consider new arguments without an opportunity to respond. *Sec. & Exch. Comm'n v. Heart Tronics, Inc.*, 2015 WL 13375687, at *2 (C.D. Cal. Aug. 3, 2015) ("When new evidence is presented in a reply, the Court should either not consider it or give the non-movant an opportunity to respond"); *Burke v. City of Santa Monica*, 2010 WL 11549357, at *2 (C.D. Cal. Nov. 2, 2010) ("If the court elects to consider new material included in a reply, however, it must afford the opposing party an opportunity to respond.").

Apple's reply is based on new facts and arguments that it should have presented in its opening brief. On April 29 (after Masimo's April 25 opposition), Apple produced hundreds of new documents from Tim Cook's ESI. Dkt. 675-1 at 2. Apple then argued in reply that the production shows it produced all documents that "have even a remote connection to this litigation at a very high level of generality." *Id.* Contrary to Apple's arguments, the documents are highly relevant and responsive to numerous Masimo document requests, including requests to which Apple was ordered to produce documents months ago. Apple should not be allowed to withhold the documents for months and address them for the first time in reply when Masimo cannot respond.

*Ex parte* relief is appropriate where there is insufficient time to bring a regularly noticed motion, the moving party would suffer prejudice, and the moving party is without fault in creating the necessity for *ex parte* relief. *See Malch v. Dolan*, No. EDCV 15-517-DDP, 2018 WL 6017000 at *2 (C.D. Cal. Apr. 12, 2018). Here, there is insufficient time to bring a regularly noticed motion because Apple's underlying motion is set for hearing in less than two weeks on May 16, 2022. *See* Dkt. 654. Masimo would be prejudiced if it does not have a chance to respond to Apple's new arguments and evidence. Masimo is not at fault because it promptly filed this request just two days after Apple improperly included new evidence in its reply. *Ex parte* relief is appropriate.

Accordingly, Masimo respectfully requests leave to address Apple's new arguments and evidence in a short 4-page sur-reply. *See* Attachment A. Masimo also requests leave to file the supporting Declaration of Adam B. Powell, which attaches some of Apple's new production that Apple referenced in its reply. *See* Attachment B.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 4, 2022

By: /s/ *Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55518227