Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION TO MODIFY THE PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>OPPOSED |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I, Adam B. Powell, hereby declare:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and Counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action.  I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in support of *Ex Parte* Application to Modify the Protective Order.

2.      Attached hereto as **Exhibit 1 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00415060.

3.      Attached hereto as **Exhibit 2 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00733237.

4.      Attached hereto as **Exhibit 3 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00804746 and its attachments, APL-MAS_00804750 and APL-MAS_00804751.[1]

5.      Attached hereto as **Exhibit 4 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00226067.

6.      Attached hereto as **Exhibit 5 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00359911.

7.      Attached hereto as **Exhibit 6 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_01135388.

8.      Attached hereto as **Exhibit 7 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00403773.

9.      Attached hereto as **Exhibit 8 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00433706.

10.     Attached hereto as **Exhibit 9 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00536875.

_____

[1] Masimo identified APL-MAS_00592181 during the meet and confer, which is a later email on the same chain that did not include these attachments.

-1-

11.     Attached hereto as **Exhibit 10 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00676497.

12.     Attached hereto as **Exhibit 11 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00332007.

13.     Attached hereto as **Exhibit 12 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_01853759.

14.     Attached hereto as **Exhibit 13 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00433808.

15.     Attached hereto as **Exhibit 14 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00225017.

16.     Attached hereto as **Exhibit 15 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00700555.

17.     Attached hereto as **Exhibit 16 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00212155.

18.     Attached hereto as **Exhibit 17 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_01058238.

19.     Attached hereto as **Exhibit 18 [Filed Under Seal]** is a true and correct copy of the document that Apple produced in discovery as APL-MAS_00690233.

20.     Attached hereto as **Exhibit 19** is a true and correct copy of a letter my colleague Kendall Loebbaka sent to Sarah R. Fraizer (counsel for Apple in the ITC Investigation), dated November 24, 2021.

21.     Attached hereto as **Exhibit 20** is a redacted true and correct copy of an email chain between myself and Nora Passamaneck (counsel for Apple in this case), dated between December 10, 2021, and December 23, 2021.

22.     Attached hereto as **Exhibit 21** is a true and correct copy of excerpted claims from US Patent Nos. 10,912,501; 10,912,502; and 10,945,648.

23.     Attached hereto as **Exhibit 22** is a true and correct copy of the Public Interest Statement that Apple filed in *In the Matter of Certain Light-Based Physiological*

*Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation") on July 14, 2021.

24.    Attached hereto as **Exhibit 23** are true and correct excerpts of Apple's letter to ALJ Bhattacharyya that Apple filed in the ITC Investigation on December 2, 2022.

25.    Attached hereto as **Exhibit 24** are true and correct excerpts of Apple's Response to First Amended Complaint that Apple filed in the ITC Investigation on September 23, 2021.

26.    Attached hereto as **Exhibit 25** are true and correct excerpts of Apple's Motion to Compel that Apple filed in the ITC Investigation on December 22, 2021.

27.    Trial in the ITC Investigation is currently scheduled to begin on June 6, 2022.

28.    Pursuant to L.R. 7-19, on May 2, 2022, Daniel Hughes (counsel for Masimo) wrote an email to counsel for Apple requesting a meet and confer on the relief that Masimo is seeking in the *ex parte* application.  Mr. Hughes explained that Masimo intended to file an *ex parte* application if the parties were unable to reach a resolution. Attached hereto as **Exhibit 26** is a true and correct copy of that email.

29.     At approximately 3:00pm on May 4, 2022, I spoke to Nora Passamaneck and Mark Selwyn (both counsel for Apple) orally over the phone.  Ms. Passamaneck and Mr. Selwyn informed me that Apple would not agree to Masimo's requested relief for any of the documents that Masimo had identified in its email of May 2, 2022.  I informed Ms. Passamaneck and Mr. Selwyn that Masimo would be filing this application.  Ms. Passamaneck and Mr. Selwyn informed me that Apple would oppose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/ / /

/ / /

/ / /

/ / /

Executed on May 5, 2022, at Encinitas, California.

_/s/ Adam B. Powell_
Adam B. Powell