Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' *EX PARTE* APPLICATION TO MODIFY THE PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early] |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' *Ex Parte* Application To Modify the Protective Order. Masimo has provided a proposed redacted version of its *Ex Parte* Application. Masimo requests the Court seal Exhibits 1-18 to the Declaration of Adam B. Powell in their entirety.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an **alleged** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Apple considers confidential. Exhibits 1-18 to the Declaration of Adam B. Powell are documents that Apple designated as "Highly Confidential – Attorney's Eyes Only," under the Protective Order. Declaration of Daniel P. Hughes ¶ 4. The redacted portions of Masimo's *Ex Parte* Application discuss the aforementioned exhibits. *Id.* ¶ 5. On May 4, 2022, counsel for Masimo met and conferred with counsel for Apple regarding

Masimo's Application to Seal. *Id.* ¶6. At the meet and confer, Apple confirmed that it considered the information in Exhibits 1-18 highly confidential and requested that Masimo file these documents under seal. *Id.* Thus, Masimo requests the Court seal these documents based on Apple's representation that they are highly confidential such that disclosure would cause competitive harm. *See Apple*, 727 F.3d at 1221.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the redacted portion of Masimo's *Ex Parte* Application and Exhibits 1-18 to the Declaration of Adam B. Powell.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 5, 2022

By: /s/ Daniel P. Hughes
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.