Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

Case No. 8:20-cv-00048-JVS-JDE

**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION TO MODIFY THE PROTECTIVE ORDER**

[Discovery Document: Referred to Magistrate Judge John D. Early]

OPPOSED

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

## NOTICE OF EX PARTE APPLICATION

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. hereby apply *Ex Parte* for an Order to Modify the Protective Order (Dkt. 67) to allow Masimo to use the attached Exhibits 1-18 in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276.[1] In accordance with Local Rule 7-19.1, Plaintiffs' Counsel notified Counsel for Apple of this Application on May 2 and 4, 2022. Powell Decl. ¶¶ 28-29 & Ex. 26. Apple indicated it intends to oppose. Powell Decl. ¶ 29.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Masimo seeks to modify the Protective Order to allow the parties to use certain discovery from this case in an ITC investigation between the same parties, *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation"). The ITC Investigation involves the same parties (Masimo, Cercacor, and Apple), common products (the Apple Watch), and overlapping technology (light-based physiological monitoring).

Masimo previously filed two motions on this topic, the second of which has been pending since the Court took it off calendar in February 2022. Because Masimo has no way of knowing exactly what Apple will argue at trial, Masimo's prior motions sought permission to use all documents or at least categories of documents. However, Masimo is running out of time because trial in the ITC Investigation is set for June 6—less than five weeks from now. Thus, Masimo hereby moves *ex parte* on a far narrower request that would allow Masimo to use eighteen specific documents.

### II. PROCEDURAL HISTORY

In October 2021, Masimo moved to modify the protective order to allow the parties to use all discovery from this case in the ITC Investigation as if it had been

[1] Unless noted otherwise, all exhibits are attached to the Declaration of Adam B. Powell, filed concurrently herewith. All emphasis is added unless noted otherwise.

produced there. Dkt. 505 (the "First Motion"). At the hearing, this Court asked whether it had to adopt an "all-or-nothing" approach to what discovery was usable in the ITC Investigation. Dkt. 518 at 17:16-19, 18:8-20. Both parties agreed that was not necessary, but Masimo expressed its concern that analyzing the specific documents from this case that are relevant to the ITC Investigation may be a violation of the protective order. *Id.* at 20:5-21:16. The Court explained that Masimo could perform such an analysis without violating the Protective Order, and told the parties to meet and confer on specific types or categories of documents. *Id.* at 19:13-17, 25:23-24:1.

Shortly after the hearing, on November 24, Masimo asked Apple to identify the documents it already produced in both cases to facilitate the parties' discussion. Ex. 19. Masimo followed up with Apple several times until finally, on December 23, Apple provided the requested information. Ex. 20. Masimo then promptly met and conferred with Apple and filed a second motion to modify the protective order in January 2022. Dkt. 568 (the "Second Motion"). Masimo set the Second Motion for hearing on February 17, 2022. *Id.* On February 16, 2022, the Court determined the matter could be decided without a hearing and vacated the hearing "with a written order on the Motion to be issued." Dkt. 603. The Second Motion remains pending as of this filing.

## III. ARGUMENT

The Ninth Circuit "***strongly favors*** access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131. "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material ***should generally be granted***." *Id.* at 1132. Under *Foltz*, courts addressing discovery cross-use weigh two factors. ***First***, the moving party must "demonstrate the

relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* ***Second***, the court "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1133. Masimo's request more than satisfies those requirements.

**A. Masimo Has Demonstrated Sufficient Relevance**

The Ninth Circuit requires only a threshold showing of relevance. *Foltz*, 331 F.3d at 1133-34. The required showing is not high. *See, e.g.*, *Universal Entm't Corp. v. Aruze Gaming Am., Inc.*, 2020 WL 2308226, at *4 (D. Nev. May 8, 2020); *Verizon California Inc. v. Ronald A. Katz Tech. Licensing L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003); *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 2008 WL 2813081, at *4 (D. Neb. July 18, 2008). As shown below, the documents here are highly relevant to core issues and arguments Apple plans to raise at trial in the ITC Investigation.

**1. Exhibits 1-3 Are Relevant To Patent Infringement**

Exhibits 1-3 are relevant to proving patent infringement. For example, claim 1 of U.S. Patent No. 10,912,501 requires "***a protrusion*** arranged over the interior surface, the protrusion comprising a ***convex surface*** . . . ." Ex. 21 at '501 Patent, claim 1. Several other claims include similar limitations. *Id.* at '502 Patent, claims 19 and 28; *id.* at '648 Patent, claims 8 and 20. Exhibits 1-3 discuss the curved back on the sensor portion of the Apple Watch and, therefore, are relevant to the claimed element discussed above.

[redacted] These documents directly contradict Apple's position in the ITC Investigation that Masimo's patents are invalid because the curved surface limitation was obvious. *See Neptune Generics, LLC v. Eli Lilly & Co.*, 921 F.3d 1372, 1377 (Fed. Cir. 2019) (holding that industry skepticism supported a finding of non-obviousness).

**2. <u>Exhibits 4-14 Rebut Apple's Arguments About Masimo</u>**

Exhibits 4-14 are relevant to rebutting several of Apple's arguments about Masimo. At the onset of the ITC Investigation, Apple alleged Masimo is "acting as [a] non-practicing entit[y]" (*i.e.*, a patent troll) by "asserting patents not to protect competing products (as they offer no smartwatch products), but rather to monetize their patents by attempting to eliminate Apple's product from the market . . ." Ex. 22 at 1. Apple has also attempted to deflect from Masimo's copying allegations by claiming that ***Masimo*** somehow copied ***Apple***. *See, e.g.*, Ex. 23 at 3 (arguing Masimo's "knowledge of and consideration of the Apple Watch products in the prosecution of the asserted and related patents or development of Masimo's own products is directly relevant to whether Complainants were drawing ideas for features and functions from Apple and not, as they contend, that Apple uses any of Complainants' alleged inventions"). Apple also claimed it was unaware of Masimo and its patents to support a prosecution laches defense in the ITC investigation.

Documents from this case demonstrate those assertions are false. [redacted]



The documents at issue also include a response to the email that Lamego sent to Cook in October 2013 offering to solve Apple's patient monitoring problems. While the Court ordered Apple to file the initial Lamego-Cook email publicly, Apple's later internal discussions about the email are not public.

**3. Exhibits 15-18 Rebut Apple's Assertions About The Performance And Necessity Of Apple's Pulse Oximetry Technology**

Exhibits 15-18 are relevant to rebutting Apple's assertions regarding the performance of the Apple Watch's pulse oximetry component. Apple has repeatedly characterized the pulse oximetry feature of the Apple Watch as accurate and important. Ex. 22 at 1-4 (arguing its "innovative" technology was of "critical importance" during the COVID-19 pandemic); Ex. 24 at 2 (arguing its engineers' "hard work and innovation" resulted in new pulse oximetry technology); Ex. 25 at 62 (same).



**B. Apple Cannot Show Substantial Prejudice**

The Ninth Circuit has explained that a party's reliance interest is diminished in cases involving a protective order that, like the order in this case, applies to any document a party decides to designate. *Foltz*, 331 F.3d at 1131 (explaining such orders are "by nature overinclusive"); *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 712 F.3d 1349, 1351 n.1 (9th Cir. 2013) (citing *Foltz*, 331 F.3d at 1138). Courts are less likely to find prejudice where the parties in both cases are the same because "no concerns exist regarding unfettered dissemination to unknown third parties." *See Cummins-Allison Corp. v. SBM Co.*, 2013 WL 12250448, at *2, *3 (D. Haw. Nov. 8, 2013).

Here, Apple previously raised a number of arguments in an attempt to show prejudice. Apple's arguments were not persuasive at the time and are even less so now.

First, Apple argued it would be prejudiced based on its "reliance interest" in the protective order. Dkt. 511 at 10. The Court credited that argument in ruling on the October 2021 Motion because the parties spent significant time contesting various provisions in the protective order, particularly the source code provisions. Dkt. 518 at 9:2-11, 29:8-17. As Masimo explained in its January 2022 Motion, Masimo eliminated the issue by excluding source code from its request. Dkt. 569 at 17. Indeed, none of the documents here are source code. Masimo also showed that Apple failed to identify any deficiency in the ITC Investigation protective order. *Id.* at 17-18; Dkt. 591 at 15-16 (Masimo rebutting Apple's assertions on specific provisions). Masimo also provided extensive caselaw supporting that a party has little, if any, reliance interest in circumstances like these. Dkt. 569 at 18-19.

Second, Apple argued that Masimo's categorical approach was inappropriate and that Masimo intended to dump "thousands" of documents into the ITC record. Dkt. 584 at 18-19. Apple similarly claimed that it would be burdensome to move to exclude "thousands" of irrelevant documents. *Id.* at 19. Apple thus suggested that anything other than a document-by-document proposal was burdensome. Masimo proposed a categorical approach pursuant to the Court's instructions. Dkt. 518 at 37:1-7. Regardless, this application adopts Apple's own proposal for this set of documents, identifying eighteen specific documents by bates number. Apple cannot claim any burden in Masimo adopting Apple's own proposal here. Moreover, each side in the ITC Investigation listed about 1,500 exhibits on their current exhibit lists. Apple cannot claim any burden in the overall exhibit list growing by just 18 exhibits. To the extent Apple claims the ITC may prevent Masimo from adding to the exhibit list, the Court should allow the ITC to make that determination itself. Indeed, Apple itself added new exhibits to the ITC exhibit list ***the same day*** as this filing.

**C. <u>Conclusion</u>**

Accordingly, Masimo has shown the documents at issue here are relevant to several issues in the ITC Investigation that will be going to trial in just five weeks. Apple

may contend these documents should be excluded or given little weight at trial, but the ALJ should be permitted to make that decision herself. Apple cannot identify any prejudice in this extremely limited request. Thus, Masimo has more than satisfied the *Foltz* requirements.

## IV. EX PARTE RELIEF IS NECESSARY AND APPROPRIATE

Masimo bring this motion *ex parte* because a regularly noticed motion would not resolve this issue sufficiently in advance of the ITC trial to allow Masimo to use the documents. The ITC trial begins on June 6, 2022, less than five weeks away. Powell Decl. ¶ 27. A regularly noticed motion would not be heard until June 2—just two business days before trial. Moreover, the parties are currently exchanging exhibit lists and drafting pre-trial documents, including the parties' final pre-hearing brief, which is due on May 13, 2022. Every day that passes impacts Masimo's ability to prepare its case in the ITC Investigation because Masimo does not know the district court documents that will be available to Masimo in the ITC. Thus, *ex parte* relief is appropriate. *See Malch v. Dolan*, No. EDCV 15-517-DDP, 2018 WL 6017000 at *2 (C.D. Cal. Apr. 12, 2018) (granting *ex parte* application in part where there was insufficient time to bring a properly noticed motion, the moving party would suffer prejudice if not permitted to bring the application, and the moving party was without fault in creating the situation that required *ex parte* relief).

Masimo is not at fault for having to bring this application on an *ex parte* basis. Masimo previously filed two regularly noticed motions in October 2021 and January 2022 that would have obviated the need for this application. The second motion was set for hearing eleven weeks ago on February 17. Dkt. 568. The Court took the hearing off calendar and indicated it would decide Masimo's motion without a hearing, but has not yet done so. Thus, Masimo tried to obtain relief pursuant to a regularly noticed motion but was unable to do so. *Ex parte* relief is appropriate.

/ / /

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 5, 2022         By: */s/ Adam B. Powell*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Benjamin A. Katzenellenbogen
                                        Perry D. Oldham
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs
                                        MASIMO CORPORATION and
                                        CERCACOR LABORATORIES, INC.