UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | April 28, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiffs' Motion to Modify Trade Secret Disclosure (redacted)**

Before the Court is Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s (collectively, "Masimo") Motion to Modify Trade Secret Disclosure. See Notice, ECF No. 644; see also ECF Nos. 650 (Mot.) (sealed), 650-2 (Opp.) (sealed), 650-4 (Reply) (sealed).[1] The parties filed their motion papers before the Special Master initially, but the Special Master advised that the matter should be presented to this Court and suggested that the Court accept the parties' letter briefing. See ECF No. 645-1. The Court accepted that briefing and corrected the noticed motion date set by Masimo. See ECF No. 649.

A review of the briefing demonstrates that this matter may be decided without the need for oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Therefore, the Court **VACATES** the May 9, 2022 hearing. For the following reasons, the Court **GRANT-IN-PART** and **DENIES-IN-PART** the motion.

## I. BACKGROUND

The parties are familiar with the facts of this case so the Court recites them here

---

[1] The sealed filings relating to this motion violate Local Rule 79-5.2.2 in a number of respects (e.g., no declaration, no redacted version attached to the application at ECF No. 646). This is not the first time the Court has brought such violations to the attention of the parties. If violations continue, the Court will consider striking future filings or denying future applications to seal. Counsel are again ordered to review Local Rule 79-5 and comply therewith.

only as necessary to resolve this dispute.

Masimo moves to amend its Section 2019.210 trade secret Disclosure, which is set forth in the Fourth Amended Complaint ("4AC"), to (1) conform its Disclosure statement, which predates the 4AC due to unique procedural circumstances, and (2) "clarify the scope of existing trade secrets or identify additional acts of misappropriation that Masimo learned of during discovery." Mot. at 1. Masimo argues that "courts often allow parties to add or revise trade secrets during discovery" because "there are 'valid reasons to avoid being overly specific at the outset in defining [the plaintiff's] intellectual property.'" Id. (quoting InteliClear, LLC v. ETC Glob. Holdings, Inc., 978 F.3d 653, 662 (9th Cir. 2020)).

As to the first category of proposed edits, Masimo argues it should be allowed to conform its Disclosure statement because these changes would not "have any effect, whatsoever, on the scope of the case." Id. at 2 (proposed changes shown redlined in Exhibit 1). As to the second category of proposed edits, Masimo argues it should be allowed to make "small amendments" to "clarify two existing specific trade secrets" because such amendments "do not change the scope of the trade secrets Masimo disclosed to Apple." Id. (proposed changes shown redlined in Exhibit 2). Masimo also seeks to add four new trade secrets based on information it argues it received recently in discovery. Id. at 3-4.

Apple opposes Masimo's motion because it argues Masimo is "seeking to circumvent" this Court's ruling that "'leave to amend their complaint a fifth time [to revise the alleged trade secrets] would prejudice Apple.'" Opp. at 1 (quoting ECF No. 350 (sealed), 361 (redacted) at 11); see also id. at 5. Apple argues that Masimo's request is a "thinly disguised request to file a Fifth Amended Complaint" and improperly seeks to "insert new purported trade secrets (or materially expanded definitions of existing secrets);" and in any event, Masimo has failed to establish good cause for the proposed amendments. Id. Apple argues the request to add or strike language in the Disclosure is improper for the additional reason that it seeks to "add[] purported trade secrets to the 2019.210 statement that [this Court] dismissed as 'legally incapable of constituting trade secrets.'" Id. (quoting ECF No. 350 (sealed), 361 (redacted) at 11).

## II. LEGAL STANDARD

Under California Code of Civil Procedure Section 2019.210, a trade secret plaintiff must "identify the trade secret[s]" it intends to pursue "before commencing discovery." This requirement "promotes well-investigated claims and dissuades the filing of meritless trade secret complaints," "prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets," "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope," and "enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges

of trade secret misappropriation." Loop AI Labs Inc. v. Gatti, 195 F. Supp. 3d 1107, 1112 (N.D. Cal. 2016) (internal quotations and citations omitted).

This identification requirement notwithstanding, "'[t]rade secret plaintiffs rarely provide a precise and complete identification of the alleged trade secrets at issue without a court order requiring them to do so," which "is a strategy, not an accident.'" Perlan Therapeutics, Inc. v. Superior Ct., 178 Cal. App. 4th 1333, 1344 (2009) (quoting Graves & Range, *Identification of Trade Secret Claims in Litigation: Solutions for a Ubiquitous Dispute* (2006) 5 Nw. J. Tech. & Intell. Prop. 68 ("Graves & Range")). "'It is also common for a trade secret plaintiff to alter its list of trade secret claims as the case proceeds—sometimes dramatically, by replacing entire categories of information or technology, or by re-combining slippery, multi-element "combination trade secret" claims into new subsets.'" Id. (quoting Graves & Range at 68). But "[i]f [a trade secret plaintiff] does not know what its own trade secrets are, it has no basis for suggesting defendants misappropriated them." Id. at 1350.

Setting aside the propriety (or lack thereof) of these litigation strategies, to conform with the § 2019.210 identification requirement, trade secret plaintiffs are "not entitled to include broad, 'catch-all' language as a tactic to preserve an unrestricted, unilateral right to subsequently amend its trade secret statement." Id. But, if "through discovery, [a trade secret plaintiff] uncovers information suggesting defendants misappropriated additional trade secrets, it may have good cause to amend its trade secret statement under appropriate circumstances." Id. If a trade secret plaintiff "seek[s] to amend its trade secret identification in the future, it shall have to demonstrate good cause for the amendment. Such a requirement, grounded in the purposes underlying § 2019[.210], is perfectly consistent with the Federal Rules of Civil Procedure." Neothermia Corp. v. Rubicor Med., Inc., 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004).

Because trade secret disclosures, like initial disclosures under Rule 26, are "designed to facilitate the parties' understanding of the case early on and to inform the appropriate scope of discovery," "a new trade secret can only be added on a showing of good cause, meaning that the burden is placed on the party seeking to assert new trade secrets." Masimo Corp. v. True Wearables, Inc., No. SA CV 18-2001 JVS(JDEx), 2021 WL 2546752, at *2 (C.D. Cal. Mar. 10, 2021). "Good cause" for amendment requires a showing of diligence. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) (considering good cause in the analogous context of disclosing patent infringement and invalidity contentions); see also id. at 1363 (diligence is shown by "promptly moving to amend when new evidence is revealed in discovery"). If the party seeking amendment shows diligence, the Court "then considers whether there would be undue prejudice to the non-moving party" by permitting the amendments. Apple Inc. v. Samsung Elecs. Co., Case No. 12 CV-00630-LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012).

### III. DISCUSSION

As this Court has stated in a related trade secrets case, "it is appropriate to require a showing of good cause to amend the [relevant trade secret disclosure] with a *new* trade secret given the guidance provided by § 2019.210 and Rule 26." True Wearables, 2021 WL 2546752, at *2 (emphasis added).[2] "This is a higher standard than what is required for refinement of trade secrets that have already been identified." Id. As the Ninth Circuit has recognized, *existing* trade secrets disclosures may be refined based on information revealed during discovery. See InteliClear, LLC v. ETC Glob. Holdings, Inc., 978 F.3d 653, 662 (9th Cir. 2020) ("discovery provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification").

Applying this framework, the Court rules on Masimo's proposed amendments and additions.

    A.    <u>Proposed Conformance of Disclosure to 4AC</u>

The Court declines Masimo's request to "conform" its trade secret Disclosure as proposed via redline in Exhibit 1. See ECF No. 650-1 at pp. 29-31. The parties agree that the evolution of Masimo's trade secrets Disclosure has a unique procedural history given parallel litigation before this Court and Judge Early near the beginning of the case. But the parties also agree that the Fourth Amended Complaint contains the currently governing trade secrets Disclosure. Masimo has not provided sufficient analysis to demonstrate how the proposed edits in Exhibit 1 represent nothing more than importing governing language from the 4AC into the Disclosure. As Apple notes, the category of trade secrets Masimo now seeks to "conform" are the same category wherein some trade secrets were subject to dismissal with prejudice. See generally ECF Nos. 350 (sealed), 361 (redacted). Since there is no dispute between the parties that the disclosures in the 4AC govern, those disclosures, subject to other edits or amendments permitted by this Order, will continue to govern. Accordingly, this request is **DENIED**.

    B.    <u>Proposed Amendments</u>

*First*, for Trade Secret A.1, Masimo proposes the following edits: ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Id. (strikethrough denotes proposed stricken word and underline denotes proposed added words). Masimo argues "[t]hese amendments do not change the scope of this trade secret and merely clarify what Masimo disclosed long ago: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[2] The Court agrees with Apple that it is "baffling" (Opp. at 2 n.2) that Masimo's moving papers did not acknowledge and apply the framework set forth in this relevant and related decision.

■■■

*Second*, for Trade Secret D.1, Masimo proposes the following edit: ■■■ ■■■ Mot. at 3 (underline denotes proposed added words). Masimo argues this proposed amendment ■■■ ■■■ Id. Masimo states that it seeks this amendment in light of Apple's apparent position that ■■■. Id. Masimo argues this change will not prejudice Apple because the concept was disclosed long ago in interrogatory responses. Id. (citing ECF No. 650-1 at p. 147).

In addition to opposing these proposed edits as violating the Court's prior orders, Apple opposes these edits for the additional reason that they "are substantive and material, and they go far beyond 'minor changes.'" Opp. at 2. With respect to the proposed ■■■ amendment to TS D.1, Apple argues ■■■ ■■■ ■■■ Id. Apple argues this addition is particularly inappropriate given Apple's prior attempts to have Masimo clarify if it was claiming any applications are implicated by this trade secret. Id. at 4 n.4.

In reply, Masimo states it ■■■ ■■■ Reply at 3.

The Court finds that these proposed amendments fall into the category of refining existing trade secrets because they do not change the scope of what was disclosed previously. Rather, the narrow edits are more properly construed as minor changes to clarify what was already stated, or conform the specifics of the Disclosure to reflect what has been disclosed generally. Regarding TS A.1, the proposed clarifications of striking ■■■ are consistent with the position taken by Masimo during this litigation. See, e.g., ECF No. 119, Diab Decl. at ¶ 10 ■■■ ■■■. Apple does not explain how these edits would expand the scope of this trade secret.

Regarding TS D.1, the proposed clarification of adding ■■■ is also consistent with the position taken by Masimo during this litigation. See, e.g., ECF No. 650-1 at p. 147 (Response at 28:19-21) ■■■ ■■■

▮▮▮[3]

Because these edits do not change the scope of the stated trade secrets, the Court concludes that its earlier Motion to Dismiss Order does not apply. There, after Masimo sought leave to amend to try to save certain trade secrets in a proposed Fifth Amended Complaint, the Court denied leave because it was futile as to certain legally deficient alleged trade secrets and would be prejudicial to Apple as to one additional alleged trade secret. See ECF No. 361 at 11. The proposed amendments seek to clarify trade secrets that survived the motion to dismiss stage and do not seek to expand the scope or revive defunct trade secret allegations.

To the extent Masimo has not provided a fulsome discovery response to Apple regarding ▮▮▮ Masimo is ordered to make that disclosure to Apple within 14 days. Any relevant Apple application not identified by Masimo by this deadline may not be later asserted by citing "including applications" as a catch-all. See, e.g., Freeman Inv. Mgmt. Co. v. Frank Russell Co., No. 13-CV-2856 JLS, 2016 WL 5719819, at *10–12 (S.D. Cal. Sept. 30, 2016) (plaintiff's "subjective and vague descriptions" were insufficient "at this late stage in the litigation" such that additional attempts to refine identification would be "too little too late" after a year and a half of discovery).

    B.    <u>Proposed Additions</u>

Turning to the additional alleged misappropriations, Masimo argues that, based on information learned in discovery, it should be allowed to "modify the Disclosure to refine the ▮▮▮ trade secrets" to add "two groups" of trade secrets. Mot. at 3.

*First*, Masimo seeks to add trade secret B.5 ▮▮▮ Id. Masimo states that it first learned during discovery that Apple took this trade secret. Id. ▮▮▮.

*Second*, Masimo seeks to add three trade secrets, B.6, B.7, and B.8, all of which ▮▮▮

---

    [3]    Because Masimo did not mention or analyze how this change would impact the other four Business and Marketing trade secrets that incorporate "the strategy described in [D.]1," the Order permitting this amendment should be construed as applying to D.1 only, and not as being incorporated anywhere by reference.

███████████████████. Masimo states that it learned for the first time during discovery that Apple misappropriated these trade secrets. Id. ███████████████████

Masimo argues these additions are warranted because, to the extent diligence is required, it has been diligent throughout discovery and obtained the relevant documents from Apple recently. Id. at 5 (discussing diligence efforts following "large November 2021 productions").

Apple opposes the proposed additions, arguing that Masimo has failed to demonstrate good cause by referencing the November 2021 productions without "provid[ing] any details on when they learned about these trade secrets or why they could not have raised them earlier than a year-and-a-half after the start of discovery." Opp. at 3. Even if Masimo had tried to meet its burden, Apple argues it cannot do so because Masimo has had the referenced documents for at least four months. Id. at 4. Moreover, Apple argues that Masimo had the allegedly "new" information months before the cited November 2021 productions. Specifically, Apple argues:

- Trade Secret B.5: the document on which Masimo relies was produced in September 2021.
- Trade Secrets B.6, B.7, and B.8: the information on which Masimo relies was produced in July 2021.

Id. at 4.

Besides the lack of diligence, Apple argues it would be prejudiced if Masimo was allowed to add new trade secrets at this late stage of discovery. Id.

Masimo replies that its motion identified when it first learned of the new information (from late December 2021 to January 2022) and it was diligent in discovering the new misappropriation because "[t]he process of refining trade secrets is very time consuming, particularly when Apple designated almost all of its documents 'Attorneys Eyes Only.'" Reply at 3. Masimo admits that it received the document relevant to TS B.5 on October 1, 2021 (rather than in November). Id. Regarding, TS B.6, B.7, and B.8, Masimo argues the July 2021-produced documents cited by Apple do not provide the same level of detail as what was produced in November 2021. Thus, Masimo argues that, based on when it actually learned about the new misappropriations, it was diligent, and this "led Masimo to file an efficient single motion to amend the Disclosure." Id. Masimo also argues that Apple has shown no prejudice arising from the confirming and refining proposed amendments and "Masimo does not need much, if any, discovery on the changes." Id.

The Court concludes that, given the timing of the voluminous November 2021 productions, and the time consuming procedures attendant to sorting and reviewing

Attorneys Eyes Only materials, Masimo's identification, between December 2021 and January 2022, of the new alleged misappropriations demonstrates sufficient diligence. *See* True Wearables, 2021 WL 2546752, at *2. Masimo contacted Apple about this matter on January 28, and following a meet and confer process, filed its motion before the Special Master, who referred the matter back to this Court. Given the recent discovery extensions in this case (ECF No. 627), combined with the fact that depositions have not yet begun and minimal additional discovery, if any, will be needed, the Court concludes that a delay of three months does not undermine diligence. Accordingly, the Court finds that Masimo has shown good cause for the proposed amendments.

The Court relies on Masimo's explanation that "Masimo sought to balance speed (to avoid allegations of delay) against thoroughness (to avoid serial motions to amend)." Mot. at 5. Conducting a thorough review of 1.4 million documents and teeing up these issues over the course of three months is sufficiently diligent in the context of this case. By crediting this explanation, however, the Court takes seriously Masimo's averment that its December-January review provided sufficient time such that serial motions to amend are unnecessary. Should Masimo seek further amendments based on the November 2021 (or any earlier) productions, it is highly unlikely that diligence can be demonstrated at this point, and more likely that Apple will be able to demonstrate prejudice.

The Court is not persuaded by Apple's arguments that Masimo was on sufficient notice of some of the alleged new misappropriations based on documents produced in July 2021. For example, a document on which Masimo relies to allege TS B.6, B.7, and B.8 provides much greater detail than the earlier-produced document identified by Apple. Compare ECF No. 650-1 at p. 198 (Ex. 12 at _00429244) ███████████████ ██████ with ECF No. 650-3 at p. 233 (Ex. D at _00231561) (general information). Given Masimo's obligations under Rule 11, the Court finds it appropriate that Masimo did not move to amend based on the July 2021-produced document.

Finally, Apple has not shown how it will be prejudiced if Masimo is allowed to amend its Disclosure to include the newly alleged trade secret misappropriations. Although discovery has been ongoing for one and a half years, Apple produced the relevant discovery in November 2021 and, as stated, discovery is not yet closed and no depositions have occurred. Any minimal reciprocal discovery arising from these amendments can be facilitated without upsetting the current case management order. The Court encourages the parties to work together on any needed disclosures (i.e., each party should cooperate with the other party if *either* party identifies necessary discovery arising from these amendments).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |