Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>[PROPOSED] **PLAINTIFFS' SUR REPLY REGARDING APPLE'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 7** |

FILED PURSUANT TO ORDER OF
THE COURT DATED MAY 5, 2022

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") submit this sur-reply to address new arguments and evidence Apple presented for the first time in its Reply (Dkt. 675-1). Masimo disagrees with many assertions in Apple's Reply but limits this sur-reply to new arguments and evidence.

## A. Introduction

Apple's Objections asserted Apple was withholding only irrelevant and non-responsive information. On April 29—*after* Apple's April 15 Objections, *after* Masimo's April 25 Opposition, and one business day before Apple's May 2 Reply—Apple produced hundreds of new documents from Cook's ESI. Reply at 2. Apple argues its production shows it has now produced all documents that "have even a remote connection to this litigation at a very high level of generality." *Id.* Apple's new facts and arguments are improper both because Apple submitted them for the first time in reply and because Apple withheld them from Judge Early, Judge Guilford, and Masimo for months. Such gamesmanship cannot be tolerated.

Moreover, the production confirms Apple should not be allowed any discretion to continue withholding Cook ESI because Apple has been in contempt of Judge Early's Order for months. Indeed, Apple's "cover letter" ***admits*** ▮▮▮▮▮ (Ex. 26 at 1) and, thus, should have been produced long ago.[1] The new documents also show Apple's prior representations about the withheld Cook ESI were incorrect. Apple should not be allowed to withhold documents responsive to Court-ordered ESI search terms for Cook.

## B. Apple Withheld Responsive And Relevant Documents

The recently produced Cook documents are indisputably responsive and relevant. In one document, ▮▮▮▮▮

---

[1] Exhibit 26 is attached to the Passamaneck Declaration (Dkt. 675-2). Exhibits J-R are attached to the Proposed Declaration of Adam B. Powell filed concurrently herewith.

1  ████████████████████████████████████████████████
2  ████████████████████████████████████████████████
3  ████████████████████████████████████████████████
4  ████  *See, e.g.*, Dkt. 539 at 9 (ordering Apple to produce "strategic evaluations" about
5  Apple's "consideration of a purchase, acquisition, or license of technology from any
6  company concerning pulse rate or oxygen saturation technology").[2]  Other newly
7  produced Cook documents are similarly responsive to that request. *See, e.g.*, ████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10 ██████████████████████████████████████  These documents further
11 undermine Apple's representations to Judge Early that ██████████████
12 ████████████████████████████████████████████████
13 ██████████████████████████  Dkt. 379-1 at 12, 14.
14 Other new emails show ████████████████████████████████
15 ████████████████████████████████████████████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 Another new email shows ██████████████████████████████
23 ████████████████████████████████████████████████
24 ████████████████████████████████████████████████

---

[2] Apple argues it "should not be required to produce anything that falls outside the scope of" two document requests that Masimo previously cited. Reply at 5. Apple cites no case supporting that argument. Masimo cited those requests because the search term hit counts showed Apple failed to produce responsive documents. Masimo could not show Apple failed to comply with other requests before seeing the documents Apple withheld.

1
2
3
4
5
6 ███████████████████████████████████████████████████████████████ *See,*
7 *e.g.*, Dkt. 539 at 9 (ordering Apple to produce "Documents regarding Apple's evaluation
8 of the health care market for the Apple Watch Products, including market size, market
9 importance to Apple's business, evaluation of target customers, and Apple's
10 considerations in entering the health care market"). ████████████████
11 ████████████████████████████████████████████████████████████████████
12 ████████████████████████ *See* Dkt. 359-1 at 98-99.
13    The new documents also show █████████████████████████
14 ████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████
21 ████    *See, e.g.*, Dkt. 580 at 5 (ordering Apple to produce "[d]ocuments regarding the
22 value or importance of HealthKit to Apple"); Dkt. 580 at 3-4 (ordering Apple to produce
23 documents about aspects of HealthKit and ResearchKit, including ████████████
24 ████████████████████████████████████████████████████████████████████
25 ████████; Dkt. 539 at 6 (noting Apple agreed to produce documents on ResearchKit).
26    That Apple withhold these documents for months as supposedly irrelevant and
27 non-responsive—despite Court orders and document requests directly on point—shows
28 Apple must produce all documents responsive to the Court-ordered search terms.

**C. Apple Is *Still* Withholding Relevant And Responsive Documents**

The new production also demonstrates Apple remains in contempt of Judge Early's Order. For example, Apple does not dispute that it must produce all documents that refer or relate to "Masimo" or "Cercacor." Reply at 4. Apple argues that 44 "unique" documents hit on Masimo and 3 hit on Cercacor. Even after the new production, however, Apple has produced only ███████████████████████ ███████████████████████████████████████ Apple gives no basis to withhold the other documents.

Likewise, Apple acknowledges neither its prior production nor its new production contained **any** of the ██ documents that hit on the term "Massimo" (a common misspelling Apple uses to refer to Masimo). Reply at 4. Apple claims that Masimo relied "heavily" on the assertion that "any document" that hit on that misspelling is "necessarily" responsive. *Id.* That is not true. Masimo showed "Massimo" is a common misspelling used by Apple employees and executives, such that it is likely at least **some** documents with that term are responsive. Opp. (Dkt. 668) at 11. Apple argues that term **could** refer to other entities but does not represent all ██ additional documents **actually** refer to other entities. *See* Reply at 4-5.

Moreover, Apple's demonstrable failure to produce these particular documents does not even address the numerous other withheld documents that are responsive to Judge Early's ordered search terms and likely responsive to Masimo's many RFPs. Apple should not be permitted to invoke the red herring of private information, which can be redacted, to withhold all such remaining documents.

**D. Conclusion**

Apple's eleventh-hour production demonstrates that Apple previously withheld, and continues to withhold, responsive and relevant documents. Apple violated Judge Early's prior order **and** numerous other discovery orders that have been issued on particular document requests. These new facts confirm that Apple should produce all of Cook's ESI that hit on the court-ordered search terms.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   |   |
| Dated: May 4, 2022 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Daniel P. Hughes |
|   |   |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and |
|   | CERCACOR LABORATORIES, INC. |