# EXHIBIT B

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | **Inv. No.  337-TA-1276** |

**ORDER NO. 4:      ISSUING REPLACEMENT GROUND RULES**

(September 22, 2021)

On September 13, 2021, the instant case was reassigned from the Chief Administrative Law Judge to the undersigned. Effective immediately, the attached Ground Rules shall replace the original Ground Rules and shall control the remainder of this investigation.

**SO ORDERED.**

Monica Bhattacharyya
Administrative Law Judge

## <u>GROUND RULES FOR SECTION 337 INVESTIGATIONS</u>

These Ground Rules supplement the Commission's Rules of Practice and Procedure, 19 C.F.R. Parts 201 and 210 ("Commission Rules"), in order to aid the Administrative Law Judge in the orderly conduct of the section 337 investigation pursuant to the Administrative Procedure Act, 5 U.S.C. § 556(c).

Certain of these Ground Rules (*e.g.,* Ground Rules 5 and 6, and Appendix B) only apply to U.S. patent-based investigations pursuant to section 337(a)(1)(B).   In the case of an investigation based upon unfair methods of competition and unfair acts pursuant to section 337(a)(1)(A) or a registered copyright, registered trademark, or registered mask work pursuant to section 337(a)(1)(B), (C) or (D), additional Ground Rules may govern.   In addition, in a case involving an early initial determination pursuant to Commission Rule 210.10(b)(3) or a motion for temporary relief pursuant to section 337(e), additional Ground Rules may also govern.

In case of any conflict between these Ground Rules and any subsequent order issued by the Administrative Law Judge or the Commission in this Investigation, the subsequent order shall control.

# Table of Contents

1.    Address; Requirements for Filing, Service, and Copies; Time ................................ 1
      1.1   Address of the Administrative Law Judge ................................ 1
      1.2   Filings and Submissions ................................ 1
      1.3   Service Copy Requirements ................................ 1
      1.4   Concurrent Service ................................ 2
      1.5   Service on Unrepresented Parties ................................ 2
      1.6   Computation of Time ................................ 2
      1.7   Request for Extension of Time ................................ 2
      1.8   Confidential Submissions ................................ 2
      1.9   Public Versions of Confidential Orders ................................ 3
      1.10  Style Guide; Citations ................................ 3
      1.11  Courtesy Copies of Patents and File Histories ................................ 4
2.    Procedural Schedule ................................ 4
3.    Motions; Deadlines for Responses ................................ 6
      3.1   Contents; In General ................................ 6
      3.2   Contents; Certification ................................ 6
      3.3   Motions for Summary Determination and Responses Thereto ................................ 6
      3.4   Discovery-Related Motions ................................ 7
      3.5   Deadline for Filing Response to Motion ................................ 7
      3.6   Request for Shortened Time to Respond to Motion ................................ 8
      3.7   Reply Briefs ................................ 8
      3.8   No Motion Stops Discovery Except Motion to Quash Subpoena ................................ 8
4.    Discovery ................................ 8
      4.1   Resolution of Disputes; Coordinated Discovery ................................ 8
            4.1.1   Discovery Committee ................................ 8
      4.2   Stipulations Regarding Discovery Procedure ................................ 9
      4.3   Service of Discovery Requests and Responses ................................ 9
      4.4   Discovery Requests, Responses and Objections ................................ 9
            4.4.1   Depositions; Notice ................................ 9
            4.4.2   Contention Interrogatories ................................ 9
            4.4.3   Discovery Cutoff and Completion ................................ 10
      4.5   Subpoenas ................................ 10
            4.5.1   Issuance and Service ................................ 10
            4.5.2   Motion to Quash Subpoena; Deadline ................................ 11
            4.5.3   Subpoenas *Ad Testificandum* for Hearings ................................ 11
      4.6   Bates Numbering ................................ 11
      4.7   Translations ................................ 11
      4.8   Privileged Matter ................................ 11
            4.8.1   Claiming Privilege ................................ 12
            4.8.2   Motions to Compel Production of Privileged Matter ................................ 12
            4.8.3   Timing of Privilege Claims ................................ 13
5.    Notice of Prior Art ................................ 13

6.     Claim Construction Proceedings .................................................................. 13
       6.1     Terms Requiring Construction and Submission of Joint Claim ......... 13
               Construction Chart ................................................................. 13
       6.2     Claim Construction Briefing ................................................... 14
       6.3     Claim Construction Hearing Procedure and Post-Hearing Claim
               Construction Chart ................................................................. 14
7.     Expert Witnesses and Reports .................................................................. 15
8.     Settlement/Mediation ............................................................................. 15
9.     Pre-hearing Filings and Submissions ...................................................... 15
       9.1     Pre-hearing Statement ........................................................... 15
       9.2     Pre-hearing Brief .................................................................. 16
       9.3     High Priority Objections ......................................................... 16
       9.4     Motions *in Limine* ................................................................. 17
       9.5     Exhibits .............................................................................. 17
               9.5.1   Exhibit Lists ............................................................. 17
               9.5.2   Numbering and Labeling of Exhibits ............................. 17
               9.5.3   Inclusion on Exhibit List. .......................................... 18
               9.5.4   Sponsoring Witness ................................................... 19
               9.5.5   Foreign Language Exhibits .......................................... 19
               9.5.6   Authenticity ............................................................ 19
               9.5.7   Exchange of Proposed Exhibits Among Parties ............... 19
               9.5.8   Service of Proposed Exhibits Upon the Administrative Law Judge .. 20
10.    Hearing - Evidence and Exhibits .............................................................. 20
       10.1    Material To Be Received Into Evidence ..................................... 20
               10.1.1  Admission of Exhibits Into Evidence ............................ 20
       10.2    Witness Testimony ................................................................ 20
               10.2.1  Deposition Testimony in Lieu of Live Testimony ............. 20
               10.2.2  Witness Exhibits. ...................................................... 21
11.    Hearing Procedure ................................................................................ 21
       11.1    Hearing; Order of Examination ................................................ 21
       11.2    Closing Argument ................................................................. 21
       11.3    Hearing Hours ...................................................................... 22
       11.4    WebEx Procedures ................................................................ 22
       11.5    Trial Decorum ...................................................................... 23
       11.6    Examination of Witnesses ....................................................... 23
               11.6.1  Scope of Examination; In General ................................ 23
               11.6.2  Coordination of Witnesses ......................................... 23
               11.6.3  Scope of Expert Witness Testimony .............................. 23
               11.6.4  Coordination of Respondents' Cross-examination ............ 23
               11.6.5  Use of Translators .................................................... 24
               11.6.6  Conferring with Witness during a Break in Testimony ....... 24
               11.6.7  Sequestration of Witnesses ......................................... 24
               11.6.8  Submission of Updated Schedule of Estimated Time and Date of
                       Witnesses ............................................................... 24
       11.7    Time-Keeping ...................................................................... 24

**11.8    Close of Hearing Procedures** ........................................................ **24**
     **11.8.1   Physical Exhibits** ............................................................ **24**
     **11.8.2   Corrections to Transcripts** ............................................ **25**
**12.   Submission of Final Exhibit Lists and Final Exhibits** ..................... **25**
     **12.1    Final Exhibit List** ................................................................ **25**
     **12.2    Administrative Law Judge's Electronic Copy** ..................... **25**
     **12.4    Commission's Copy** ............................................................ **26**
      **12.4.1   Native Files** ..................................................................... **26**
     **12.5    Exhibit Set for the Office of General Counsel** .................... **26**
**13.   Post-hearing Briefs** ........................................................................... **26**
     **13.1    Initial Post-hearing Briefs; Filing and Content** .................. **26**
     **13.2    Post-hearing Reply Briefs; Filing and Content** .................. **27**
     **13.3    Citations to Evidence** ......................................................... **27**
     **13.4    Citations to Pre-hearing Briefs** ......................................... **28**
     **13.5    Citation to Demonstrative Exhibits** .................................... **28**
**14.   Cooperation Among Parties** ............................................................. **28**
**15.   *Ex Parte* Contacts** ............................................................................ **28**

## JUDGE BHATTACHARYYA'S GROUND RULES[1]

1.     **Address; Requirements for Filing, Service, and Copies; Time**

### 1.1     Address of the Administrative Law Judge

The Administrative Law Judge's address is as follows:

> The Honorable Monica Bhattacharyya
> U.S. International Trade Commission
> 500 E Street, S.W., Room 317
> Washington, D.C. 20436

The Administrative Law Judge may be contacted through her attorney-advisors, Ted Jou and Michael Maas, at the following email addresses: edward.jou@usitc.gov and michael.maas@usitc.gov.

### 1.2     Filings and Submissions

All submissions shall be filed with the Office of the Secretary of the Commission in accordance with Commission Rule 210.4(f), unless otherwise specifically provided for in these Ground Rules or by order of the Administrative Law Judge.

### 1.3     Service Copy Requirements

In accordance with the requirements of Commission Rules 210.4(f)(2) and (g), copies of each submission shall be served on all other parties, including the Commission Investigative Staff. On the same day that the submission is filed, an electronic copy in Word or PDF format shall be sent by email to Bhattacharyya337@usitc.gov.   For any motion or brief longer than 5 pages, the electronic service shall include a Word format version of the motion, brief and/or memorandum.   Electronic copies of exhibits should be in PDF form and should be bookmarked to indicate each separate exhibit.

---

[1] September 20, 2021

## 1.4     Concurrent Service

Service on opposing counsel may be by hand, by e-mail, or by overnight courier.   Parties are encouraged to agree upon a method of service so that the parties will receive all submissions at the same time the submissions are received by the Commission.

## 1.5     Service on Unrepresented Parties

Pursuant to Commission Rules 201.16(a) and 210.7(a)(1), Complainant(s) shall complete service of any public documents in this investigation originating within the Commission (*e.g.*, orders and determinations issued by the Administrative Law Judge, or filings of the Office of Unfair Import Investigations (OUII)) upon all non-defaulted parties for whom there is no known method of electronic service.   Complainants shall also complete service of any OUII discovery requests upon such parties in coordination with the Commission Investigative Attorney.   **This requirement does not apply to confidential documents**, and Complainant(s) shall **not** serve the confidential version of any document originating within the Commission in this investigation upon any party.

## 1.6     Computation of Time

The first day of the ten (10) calendar days for responding to a motion received by the Administrative Law Judge shall be the first business day following the date that said motion was filed in the Office of the Secretary, and shall apply whether a motion is hand delivered, emailed, or served by overnight courier on the other parties.   In addition to the requirements of Commission Rules 201.14, 201.16(d), and 210.6 for computation of time, if the last day of the period of time for making a submission falls on a day on which weather or other conditions have made the Office of the Secretary of the Commission inaccessible, the period shall run until the end of the next business day that is not one of the aforementioned days.

## 1.7     Request for Extension of Time

Any request for extension of time must be made by written motion **two days before** the due date and good cause for such extension must be established.   Motions filed after this date may not be ruled on prior to the expiration of the deadline and may be denied for failure to abide by this rule.

## 1.8     Confidential Submissions

The confidential nature of any filing with the Office of the Secretary of the Commission or of any submission to the Administrative Law Judge shall be conspicuously noted on the top

- 2 -

page of any filing or other submission.   The parties should ensure that any confidential submission complies with Commission Rule 201.8.

If a party makes any filing with a confidential designation, a public version of that filing must be made within five (5) business days from the date of the original filing, including public versions of any exhibits attached thereto.   For pre-hearing and post-hearing briefs, the parties shall have ten (10) business days to comply with this rule.   For any filing made by the Office of Unfair Import Investigations, the Commission Investigative Staff shall have ten (10) business days to comply.   A designation of "Public Version" shall be conspicuously noted on the top page, and all confidential labels shall be removed.   If an exhibit is not capable of redaction, this must be clearly indicated on the exhibit cover sheet, and the party must attach a declaration justifying why the entire document must remain confidential.   When redacting confidential business information, parties shall limit their redactions to information that meets the definition for confidential business information set forth in Commission Rule 201.6(a)

### 1.9   Public Versions of Confidential Orders

If the Administrative Law Judge issues a confidential order or initial determination, the parties must jointly submit within seven (7) days of the order a single proposed public version of that order with any proposed redactions indicated in red. If the parties submit excessive redactions, they may be required to provide declarations from individuals with personal knowledge, justifying each proposed redaction and specifically explaining why the information sought to be redacted meets the definition for confidential business information set forth in 19 C.F.R. § 201.6(a).

To the extent possible, the proposed redactions should be made electronically, in a single pdf file of the issued order or initial determination, using the "Redact Tool" within Adobe Acrobat. The parties' submissions under this rule need not be filed with the Commission Secretary but shall be submitted by e-mail to the attorney-advisors for this investigation.

### 1.10   Style Guide; Citations

Unless otherwise specified, all text in any submitted paper shall use at least 12-point font. In addition, all briefs shall be double-spaced (with the exception of headings, footnotes, quotations, etc.) with one-inch margins (excluding headers for CBI and footers, such as page numbers).

The official case reporter citation must be included for any published decision or order that is cited in a party's motion, brief, or pleading.   Additionally, the docket number and the full date of the disposition must be included in the citation of any unreported decision or order that is referenced by the parties.   A copy of any cited decision or order that is not available on Westlaw, LEXIS, or EDIS shall be provided in an appendix to the brief or pleading. Any citations to documents on EDIS should include the EDIS Document ID.   Further, every party must cite to the

specific page(s) of any cited decision or order that includes the holding for which the authority is cited.

### 1.11    Courtesy Copies of Patents and File Histories

Within thirty (30) days of institution of the investigation, Complainant(s) must submit via Box a word-searchable PDF copy of each patent at issue and a bookmarked, Bates-stamped PDF copy of the file history for each patent at issue.   The Box folder will be created by the Office of Administrative Law Judges and associated with this investigation.

## 2.    Procedural Schedule

The Administrative Law Judge will promulgate a procedural schedule for the investigation. Modifications of the procedural schedule by any party shall be made by written motion showing good cause.   The event and deadline dates in the procedural schedule will generally adhere to the following framework; however, the parties may suggest modifications when proposing dates in the Joint Proposed Procedural Schedule:

| |
|---|
| File identification of expert witnesses, including their expertise and curriculum vitae |
| Exchange list of claim terms to be construed[2] |
| Exchange proposed claim constructions |
| Initial deadline for responses to contention interrogatories on issues for which the responding party bears the burden of proof, and on public interest issues (if applicable) |
| Meet and confer to discuss and limit number of disputed claim terms |
| Initial deadline for responses to contention interrogatories on issues for which the responding party does not bear the burden of proof |
| Exchange of initial expert reports (if any) on claim construction issues |
| Exchange of rebuttal expert reports (if any) on claim construction issues |
| File joint proposed claim construction chart |
| Initial *Markman* Briefs |
| Rebuttal *Markman* Briefs |
| Technology Tutorial and *Markman* Hearing |
| File updated joint proposed claim construction chart |
| File notice of prior art |
| Cut-off date for supplements to contention interrogatories on issues for which the responding party bears the burden of proof, and on public interest issues (if applicable) |

---

[2]  The parties may propose staggered deadlines for the Commission Investigative Staff for deadlines relating to exchange of claim terms, proposed claim constructions, and claim construction briefing.

- 4 -

| |
|---|
| Cut-off date for supplements to contention interrogatories on issues for which the responding party does not bear the burden of proof |
| Fact discovery cutoff and completion |
| Deadline for motions to compel fact discovery |
| Exchange of initial expert reports (identify tests/surveys/data) |
| Exchange of rebuttal expert reports |
| File tentative list of witnesses a party will call to testify at the hearing, with an identification of each witness' relationship to the party |
| Expert discovery cutoff and completion |
| Deadline for motions to compel expert discovery |
| Attendance at one-day mediation session[3] |
| Submission of joint report on mediation |
| Deadline for filing summary determination motions |
| Exchange of exhibit lists among the parties |
| Exchange proposed direct exhibits, with physical exhibits available – Complainant(s) and Respondent(s) |
| Exchange proposed direct exhibits, with physical exhibits available – Staff |
| Exchange proposed rebuttal exhibits, with physical exhibits available – all parties |
| File pre-hearing statements and briefs – Complainant(s) and Respondent(s) |
| File pre-hearing statement and brief – Staff |
| File requests for receipt of evidence without a sponsoring witness |
| Deadline to file motions *in limine* |
| Deadline to file high priority objections statement[4] |
| File responses to requests for receipt of evidence without a sponsoring witness |
| Submit proposed exhibits to Administrative Law Judge |
| File responses to motions *in limine* |
| File responses to high priority objections statement |
| Pre-hearing conference |
| Hearing |
| File initial post-hearing briefs and exhibit lists and submit final exhibits |
| File reply post-hearing briefs |

---

[3] For any questions regarding the mediation program, the parties should refer to the Revised Users' Manual for Commission Mediation Program, available at https://www.usitc.gov/intellectual_property/mediation.

[4] To facilitate resolution, responses to motions *in limine*, and responses to high priority objection statements must be submitted by no later than ten (10) calendar days prior to the hearing.

| Initial Determination |
| Target date for completion of investigation |

**3.     Motions; Deadlines for Responses**

**3.1     Contents; In General**

All written motions shall consist of: (1) the motion; (2) a separate memorandum of points and authorities in support of the motion;[5] (3) an appendix of declarations, affidavits, exhibits, or other attachments in support of the memorandum of points and authorities; and (4) a Certificate of Service as required by Commission Rule 201.16(c).

All responses to motions shall include the Motion Docket Number assigned to the motion by the Commission's Office of the Secretary in either the title or the first paragraph of the response,[6] and shall consist of: (1) a memorandum of points and authorities in response to the motion; (2) an appendix of declarations, affidavits, exhibits, or other attachments in support of the memorandum of points and authorities; and (3) a Certificate of Service as required by Commission Rule 201.16(c).

**3.2     Contents; Certification**

All motions shall include a certification that the moving party has made reasonable, good-faith efforts to resolve the matter with the other parties **at least two business days**[7] prior to filing the motion, and shall state, if known, the position of the other parties on such motion. Said certification shall be placed at the beginning of the motion under a heading entitled "Ground Rule 3.2 Certification" or similar language.

**3.3     Motions for Summary Determination and Responses Thereto**

Motions for summary determination are limited to 50 pages (excluding exhibits). Responses to motions for summary determination are limited to 50 pages (excluding exhibits). To the extent there is more than one complainant and/or respondent in an investigation, complainants and/or respondents shall coordinate their efforts and submit a single brief. Exceptions to this rule will be made on a case-by-case basis.

No more than one motion for summary determination may be filed by a party without leave from the Administrative Law Judge.

---

[5] For procedural motions, such as motions for extensions of time, and for motions less than ten pages, a separate memorandum is not necessary.

[6] Motion Docket Numbers may be obtained online through the Commission's Electronic Document Information System (EDIS).

[7] Parties can agree to waive the "two business days" requirement.

### 3.4    Discovery-Related Motions

#### 3.4.1    Teleconference Requirement

Prior to filing any motion related to a discovery dispute, the party that seeks to file such a motion must discharge its obligation to meet and confer under Ground Rules 3.2 and 4.1.1. If, after discharging its obligation under that rule, the discovery dispute persists, the party intending to file the discovery-related motion shall contact the Administrative Law Judge's attorney-advisor to schedule a telephone conference with the Administrative Law Judge in an attempt to resolve the discovery dispute. Prior to contacting the Administrative Law Judge's attorney-advisor, the party should determine the availability of the other parties for a telephone conference.

**At least forty-eight (48) hours** prior to the conference call, the party intending to file the motion shall file a written explanation of the discovery dispute.   The written explanation shall be no more than three (3) pages.   Any other party wishing to file an explanation of that discovery dispute may also do so provided the explanation is filed at least **twenty-four (24) hours** prior to the conference call and is also not more than three (3) pages.

Leave to file a discovery-related motion will be granted, if at all, only after the intended movant has complied with the procedure provided herein.

Note that this subsection does not apply to third-party (a.k.a. non-party) discovery disputes.

#### 3.4.2    Content of Discovery-Related Motions

Any discovery-related motion must have appended to it the pertinent parts of the discovery request and all objections and answers thereto.   Additionally, if a party serves supplemental responses subsequent to the filing of a motion to compel, that party must file copies of the supplemental responses, or where documents are produced, a detailed accounting of what additional documents were produced.   If any portion of a discovery-related motion becomes moot prior to the issuance of an order, the moving party shall file a Notice identifying which portion(s) of its motion are moot.   If a party intends to withdraw its motion, it shall file a Notice of Withdrawal.

### 3.5    Deadline for Filing Response to Motion

The deadline for responding to motions shall be computed in accordance with Ground Rule 1.6.

### 3.6    Request for Shortened Time to Respond to Motion

A motion may include a request to shorten the period of time during which other parties may respond to the motion.   The fact that a shortened response time is requested shall be noted in the title of the motion and the motion shall include an explanation of the grounds for such a request. A request for a shortened response time shall not be made through a separate motion. Requests for shortened response time are disfavored and should only be made for good cause.

### 3.7    Reply Briefs

Except for motions *in limine*, discovery-related motions, or as otherwise ordered, the moving party is permitted to file a reply brief within three (3) days of the filing of a response to the motion, limited to no more than ten (10) pages.   The reply brief shall include the Motion Docket Number assigned to the motion by the Commission's Office of the Secretary in either the title or the first paragraph of the brief and shall consist of: (1) a memorandum of points and authorities limited to issues raised in the response; and (2) an appendix of declarations, affidavits, exhibits, or other attachments in support of the memorandum of points and authorities, with a list of the contents thereof. Sur-reply briefs will not be permitted absent extraordinary circumstances.

### 3.8    No Motion Stops Discovery Except Motion to Quash Subpoena

No motion stops discovery except a timely motion to quash a subpoena.

## 4.    Discovery

### 4.1    Resolution of Disputes; Coordinated Discovery

All parties shall make reasonable efforts to resolve among themselves disputes arising during discovery.   Parties with similar interests must coordinate and consolidate depositions and all other discovery.

#### 4.1.1   Discovery Committee

Commencing with the first full week after these Ground Rules are issued, a discovery conference committee (the "Discovery Committee") consisting of the lead counsel of each party and the Commission Investigative Staff shall convene at least once every two weeks during the discovery phase of this Investigation, either in person or by telephone, to resolve discovery disputes.   The Discovery Committee shall confer in good faith to resolve every outstanding discovery dispute in a timely manner within the deadlines set forth in the Procedural Schedule.

- 8 -

No motion to compel discovery may be filed unless the subject matter of the motion has first been brought to the Discovery Committee and the Committee has reached an impasse in resolving the matter.

**4.2     Stipulations Regarding Discovery Procedure**

Unless otherwise directed by the Administrative Law Judge, the parties may by written stipulation provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions.   The parties may also modify other procedures governing or limitations placed upon discovery, except that stipulations extending the time for responses to discovery may, if they would interfere with the target date of the investigation or with any time set in the procedural schedule or in an order for completion of discovery, for hearing of a motion, or for the trial, be made only with the approval of the Administrative Law Judge upon a written motion showing good cause.

**4.3     Service of Discovery Requests and Responses**

Discovery requests and responses thereto shall be served upon all parties, including the Commission Investigative Staff, but shall not be served on the Administrative Law Judge unless they are pertinent to a motion. Discovery documents need not be served on the Office of the Secretary of the Commission, unless they are appended to motions.

**4.4     Discovery Requests, Responses and Objections**

**4.4.1     Depositions; Notice**

In addition to the requirements of Commission Rule 210.28(c), unless otherwise ordered, any party desiring to take a deposition shall give notice in writing to every other party of not less than ten (10) days if the deposition is to be taken of a person located in the United States, or of not less than fifteen (15) business days if the deposition is to be taken of a person located outside the United States.

**4.4.2     Contention Interrogatories**

Parties are expected to respond to contentions interrogatories by the date(s) set forth in the Procedural Schedule.   A party may not introduce evidence at the hearing that is outside of the scope of its responses to contention interrogatories.

Conclusory statements in responses to contention interrogatories are insufficient.   For example, if a party simply states: "There is also infringement under the doctrine of equivalents," the party is prohibited from later introducing evidence regarding the details of such infringement.

Amendment or supplementation of responses to contention interrogatories after the deadlines set forth in the Procedural Schedule may be made only with leave of the Administrative Law Judge and shall be entered only upon a showing of good cause.

### 4.4.3   Discovery Cutoff and Completion

All discovery requests, including without limitation requests for admissions, must be initiated in sufficient time prior to the fact discovery cutoff and completion date so that the responses will be due prior to that date within the time periods set forth above.   Discovery requests by any party that would require responses after the fact discovery cutoff and completion date must be approved in advance by the Administrative Law Judge upon a showing of compelling circumstances.

### 4.5      Subpoenas

### 4.5.1   Issuance and Service

Pursuant to Commission Rule 210.32, an application for a subpoena may be made *ex parte* to the Administrative Law Judge. The application shall be in writing with the proposed subpoena attached, and one (1) copy thereof shall be submitted in an editable format readable by Microsoft Word (*e.g.*, .doc or .docx) to the attorney-advisors identified in Ground Rule 1.3.   A cover letter must accompany the application and should clearly indicate who to contact when the subpoena application is ready.

The application shall set forth with specificity the relevancy of the information sought and the reasonableness of the scope of the inquiry.   In addition, the subpoena should set forth a time limit for a motion to quash and should also state that the subpoena will be served by overnight delivery, if not sooner.   The signature page for the subpoena shall not be on a separate page and must include the case caption.   Any dates in a subpoena set for appearance of a deponent or production of documents should not be prior to the deadline for filing of any motions to quash.   Samples of subpoenas are attached in Appendix A hereto.

A copy of the issued subpoena and the application shall be served by the applicant upon the subpoenaed party and all other parties to the investigation on the next business day, at the latest, after the subpoena is issued.   One (1) copy of the issued subpoena, the application, and the proof of service to the subpoenaed party shall be supplied to the Administrative Law Judge. The application and subpoena need not be filed with or served on the Office of the Secretary of the Commission, including EDIS, unless they are appended to a motion to quash or motion for a protective order.

### 4.5.2   Motion to Quash Subpoena; Deadline

In addition to the requirements of Commission Rule 210.32(d), any motion to limit or quash a subpoena shall be filed within ten (10) days after receipt thereof, or within such other time as the Administrative Law Judge may allow.   Filing of any motion to quash an issued subpoena automatically stays such subpoena pending disposition of the motion by the Administrative Law Judge.

### 4.5.3   Subpoenas *Ad Testificandum* for Hearings

Applications for subpoenas *ad testificandum* to appear at the hearing must be submitted fourteen (14) days prior to the start of the hearing. Leave to subpoena a witness after this time will only be granted upon a written motion showing compelling circumstances.

### 4.6    Bates Numbering

If documents produced by any supplier in response to a document request are furnished to the requester as copies of original documents, every page of every such document shall be numbered sequentially by a unique number (commonly known as a "Bates number").   The Bates number shall appear stamped on the lower right-hand corner of the page.

### 4.7    Translations

All documents produced in response to a document request shall be the original or true complete copies of originals. If an English translation of any document produced exists, the English translation shall be produced.   If any of the parties dispute the translation provided by the producing party, then the translation must be certified by a qualified and neutral translator upon whom counsel can agree.

### 4.8    Privileged Matter

In order to expedite discovery, the following procedure shall be followed with respect to those documents for which counsel claims privilege (attorney-client or work product).

- 11 -

### 4.8.1   Claiming Privilege

If a party objects to discovery on the basis of a claim of privilege, the party asserting the privilege shall, in the objection to the interrogatory, document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.[8]   The following information shall be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (A) For oral communications: (i) the name of the person making the communication and the name(s) of persons present while the communication was made; (ii) the date and place of the communication; and (iii) the subject matter of the communication; (B) For documents: (i) the sender(s)/author(s) of the document; (ii) the recipient(s) of the document; (iii) the date of the document; and (iv) the subject matter of the document.   The individuals involved in any discovery withheld on the basis of privilege shall be identified by position and entity (corporation, firm, etc.) with which they are employed or associated.   If the author/sender or recipient is an attorney or foreign patent agent, he or she shall be so identified.

The above information should be provided separately for each document for which privilege/protection is asserted, unless doing so would be excessively burdensome or expensive. In such instances, the party asserting privilege/protection should particularize why providing separate designations would be excessively burdensome or expensive, and then may identify by categories the voluminous documents or communications for which privilege/protection is asserted, providing the above information for each category.   A party may only designate documents as privileged/protected by category if each document (A) is within the privilege/protection claimed and (B) shares common characteristics such as sender, receiver, author, or specific subject matter.

Where only part of a document or communication is privileged/protected, the unprivileged/unprotected portion should be disclosed if otherwise discoverable and within the scope of the discovery request.   Emails and attachments shall be treated as separate documents. Additionally, the parties are encouraged to confer and reach agreement regarding how to assert privilege/protection claims with respect to email "chains" or "strings."

### 4.8.2   Motions to Compel Production of Privileged Matter

Any party seeking production of allegedly privileged documents shall file an appropriate motion only after examining the privileged document list.   In opposing any such motion, a party must demonstrate that each element of the applicable privilege(s) has been met.   This may be done through the submission of affidavits or other appropriate evidence.   Blanket assertions of

---

[8]   If a party asserts that the common interest privilege applies, the party should so note <u>and</u> also identify the underlying privilege (*i.e.*, attorney-client privilege or work product) that protects the discovery from disclosure.

privilege are insufficient.   Failure to submit evidence to support privilege claims may result in waiver of the privilege.

### 4.8.3   Timing of Privilege Claims

The privileged document list shall be supplied, unless otherwise ordered or agreed upon by the parties, within ten (10) days after objections based on privilege to the underlying discovery request are due.

## 5.   Notice of Prior Art

Parties must file on or before the date set in the procedural schedule, notices of any prior art consisting of the following information: country, number, date, and name of the patentee of any patent; the title, date and page numbers of any publication to be relied upon as anticipation or obviousness of the patent in suit or as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit.

If a trademark is involved, the parties must file on or before the date set in the procedural schedule, notices of any art on which a party will rely at the hearing regarding the functionality or non-functionality of any trademarks at issue.

In the absence of such notice, proof of said matters may not be introduced into evidence at the hearing except upon a timely written motion showing good cause.

## 6.   Claim Construction Proceedings

### 6.1   Terms Requiring Construction and Submission of Joint Claim Construction Chart

By the date(s) ordered in the procedural schedule, each party shall serve a list of claim terms that the party contends should be construed by the Administrative Law Judge.   The list shall include identification of any preamble language that the party contends is limiting, any claim term which the party contends is indefinite, and any claim term that the party construes as invoking means-plus-function or step-plus-function language under 35 U.S.C. § 112 ¶ 6 / (f).

Thereafter, each party shall serve proposed constructions for all terms the parties have exchanged by the date(s) ordered on the procedural schedule.

The parties shall meet and confer for the purpose of narrowing claim construction disputes and shall jointly file a chart of agreed and disputed constructions by the date ordered on the procedural schedule.

The joint chart shall also identify up to eight (8) terms that the parties believe are amenable to resolution in the *Markman* hearing process and likely to be significant to resolving the parties' dispute.   The parties are discouraged from identifying terms for the *Markman* hearing that any party contends are indefinite based in substantial part on expert opinion.   To the extent such terms are identified, it is likely that resolution will be deferred until a complete record has been presented (*e.g.*, on summary determination, or after the evidentiary hearing).

### 6.2    Claim Construction Briefing

By the date(s) ordered on the procedural schedule, and unless otherwise ordered by the Administrative Law Judge, each party shall serve an opening claim construction brief only addressing the up to eight (8) terms that the parties believe are amenable to resolution in early claim construction and likely to be significant to resolving the parties' dispute.   The briefs should be organized by patent.   Opening briefs are limited to 50 pages (excluding attachments). Rebuttal briefs may also be filed by the date(s) set forth in the procedural schedule and are limited to 25 pages (excluding attachments).

The opening claim construction brief for each party should identify the person of ordinary skill in the art.

If the parties intend to rely on declarations from any witness to support their claim construction arguments, such witnesses shall be made available for deposition prior to the deadline for rebuttal briefs.

### 6.3    Claim Construction Hearing Procedure and Post-Hearing Claim Construction Chart

Unless otherwise ordered, the claim construction hearing will be limited to the up to eight (8) terms identified by the parties as amenable to resolution in the *Markman* hearing process and likely to be significant to resolving the parties' dispute.

Parties should present all of the arguments for each term in sequence before proceeding to the next term, except that similar terms may be grouped together if agreed upon by the parties. Each party will receive an opportunity for an initial presentation and rebuttal.

Exhibits at the claim construction hearing shall be limited to those attached to the parties' claim construction briefs, although the parties may use additional demonstrative exhibits.

Witness testimony will not be permitted at the claim construction hearing absent leave from the Administrative Law Judge.   The parties may make reference to any witness declarations and/or depositions filed in connection with the claim construction briefs.

- 14 -

After the claim construction hearing, the parties shall submit an updated joint proposed claim construction chart, by the date set forth in the procedural schedule, setting forth their post-hearing constructions of the terms discussed at the hearing.

## 7.      Expert Witnesses and Reports

On or before the dates set forth in the procedural schedule, a party shall disclose to other parties the identity of any person who is retained or employed to provide expert testimony at the hearing and shall provide to the other parties a written report prepared and signed by the witness. The report shall not be filed with the Office of the Secretary of the Commission.   The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.   The parties shall supplement these disclosures as needed in the manner provided in Commission Rule 210.27(c).

## 8.      Settlement/Mediation

Negotiated settlements are favored by the Commission as a matter of policy. To this end, the Commission has a mediation program described at www.usitc.gov/intellectual_property/mediation.htm.   The parties shall notify the Administrative Law Judge as soon as practicable after they reach a negotiated settlement on any aspect of the proceeding.

## 9.      Pre-hearing Filings and Submissions

### 9.1      Pre-hearing Statement

Each party who desires to participate in the hearing in this Investigation must file on or before the date set forth in the procedural schedule a pre-hearing statement containing the following information:

(a)      The names of all known witnesses, their addresses, whether they are fact or expert witnesses (and their area of expertise), and a brief outline of the testimony of each witness. In the case of expert witnesses, a copy of the expert's curriculum vitae shall accompany this submission.

(b)      A list of all exhibits which the parties will seek to introduce at the hearing.

(c)      A list of any stipulations on which the parties have agreed.

- 15 -

(d)     A proposed agenda for the pre-hearing conference.

(e)     Estimated date and approximate length for appearance of each witness.   The parties shall confer on estimated dates and approximate length prior to submission of their pre-hearing statements.

(f)     Certification regarding good faith efforts to settle.

## 9.2     Pre-hearing Brief

On or before the date set forth in the procedural schedule, each party shall file a pre-hearing brief not exceeding 250 pages. To the extent there is more than one complainant and/or respondent in an investigation, complainants and/or respondents shall coordinate their efforts and submit a single brief.   Exceptions to this rule will be made on a case-by-case basis.

The pre-hearing brief shall be prefaced with a table of contents and a table of authorities. The pre-hearing brief shall set forth a party's contentions on each of the proposed issues, including specific citations to legal authorities and record evidence, and shall conform to the general outline set forth in Appendix B hereto.   With respect to the issues of infringement, validity, and the technical prong of domestic industry, the parties should present their briefing on a limitation-by-limitation basis.   The parties shall meet and confer prior to filing the pre-hearing briefs in order to agree on an outline, so that each of the submitted briefs addresses the issues in the same order.   If any party has issues that are not specifically named in this general outline, the parties may insert these issues where appropriate.

Any contentions not set forth in detail as required herein shall be deemed abandoned or withdrawn, except for contentions of which a party is not aware and could not be aware in the exercise of reasonable diligence at the time of filing the pre-hearing brief.

## 9.3     High Priority Objections

High priority objections may address proposed exhibits or testimony.   The parties must confer before filing objections, and the statement of high priority objections shall include a certification pursuant to Ground Rule 3.2.   No party shall place more than ten objections on the high priority list.   The parties should not attempt to circumvent this limitation by including numerous subsections in their objections.

High priority objections and responses thereto shall include the exhibit(s) that is the subject of the objection and/or exhibit(s) that is referenced or discussed in the objection or response.   Any high priority objection that does not include said exhibit(s) will not be considered.

- 16 -

### 9.4 Motions *in Limine*

Unless granted leave by the Administrative Law Judge, each side shall be limited to a maximum of five motions *in limine*.   The parties should not attempt to circumvent this limitation by including numerous subsections in a motion *in limine*.   Additionally, any motion regarding an expert must be its own motion and cannot be combined with arguments relating to other exhibits or witnesses. The parties are limited to 10 pages per motion. A separate memorandum is unnecessary for motions *in limine*.

Motions *in limine* and responses thereto shall include the exhibit(s) that is the subject of the motion and/or the exhibit(s) that is referenced or discussed in the response.   Any motion *in limine* that does not include said exhibit(s) will not be considered.

### 9.5 Exhibits

### 9.5.1 Exhibit Lists

Every exhibit list shall consist of a table enumerating all exhibits and identifying each exhibit by a descriptive title, a brief statement of the purpose for which the exhibit is being offered in evidence, the name of the sponsoring witness, and the status of receipt of the exhibit into evidence.   In any exhibit list submitted prior to the offer of any exhibit into evidence, the entry in the column for the status of receipt shall be left blank.   In any exhibit list submitted after the exhibit is offered into evidence or withdrawn, the entry in that column shall show the date of admission into evidence or rejection of the exhibit or shall indicate its withdrawal. Exhibit lists shall list all exhibits together in numerical order, *e.g.*, CX-0001, CX-0002, CX-0003C, CX-0004, CX-0005C, etc.   The exhibit list must be formatted in a way that it is legible when viewed in hard copy.

The parties shall meet and confer before submitting any joint exhibits to agree upon a common descriptive title, statement of purpose, and sponsoring witnesses.

No exhibit list shall contain confidential information; all exhibit lists shall be public documents.

### 9.5.2 Numbering and Labeling of Exhibits

Written exhibits shall be marked serially commencing with the four-digit number "0001" and preceded by the prefix "CX-" for Complainant's(s') exhibits, "RX-" for Respondent's(s') exhibits, "SX-" for the Commission Investigative Staff's exhibits, and "JX-" for any joint exhibits.

Each exhibit shall be marked by placing a label bearing the exhibit's number (*e.g.*, CX-0003C or RX-0005) in the upper right portion of the exhibit's first page.   The pages of each exhibit must be sequentially numbered in a consistent location on the pages.

- 17 -

If there is more than one respondent in the Investigation, Respondents shall coordinate their numbering to avoid duplication in numbering.   Additionally, the parties shall coordinate exhibits to avoid unnecessary duplication (*e.g.*, patents; file wrappers).

### 9.5.2.1   Confidential Exhibits

If an exhibit (or any portion of the exhibit) contains confidential business information, a "C" shall be placed after the exhibit number. For certain lengthy exhibits of which only portions are confidential, the parties may be asked to submit a public version of the exhibit.

On any exhibit list submitted, exhibits which contain confidential business information shall be denoted by placing a "C" after the exhibit number in the listing.

### 9.5.2.2   Physical Exhibits

Physical exhibits shall be numbered in a separate series commencing the four-digit number "0001" preceded by the prefixes "CPX-", "RPX-", "SPX-" and "JPX-", for Complainant, Respondent, the Commission Investigative Staff, and joint exhibits, respectively. Confidential exhibits shall be denoted with the letter "C" as in the case of documentary exhibits.

### 9.5.2.3   Demonstrative Exhibits

Demonstrative exhibits shall be numbered in a separate series commencing with the four-digit number "0001" preceded by the prefixes "CDX-", "RDX-", and "SDX-", for Complainant, Respondent(s), and the Commission Investigative Staff, respectively. Confidential demonstrative exhibits shall be denoted with the letter "C". Demonstrative exhibits shall contain citations to the substantive evidence on which they are based.

### 9.5.2.4  One Document Per Exhibit

Except for good cause shown, each exhibit shall consist of no more than one document. Exceptions to this "one document per exhibit" rule include instances when it would be appropriate to group certain documents together as one exhibit, such as a group of invoices or related e-mails.

### 9.5.3   Inclusion on Exhibit List.

### 9.5.3.1   Exhibits Used for Impeachment

Exhibits used solely for impeachment must be included on the exhibit list.

### 9.5.3.2      Documents Not Included on Exhibit List

A party may not introduce a document at the hearing that was not included on the exhibit list exchanged on the date provided for in the Procedural Schedule, except for good cause.

### 9.5.4    Sponsoring Witness

Except as set forth below, each exhibit that is offered into evidence shall have a "sponsoring witness."   One of the purposes of having a sponsoring witness associated with an exhibit is to establish a foundation for the exhibit and to prevent exhibits from coming into the record without context.

If a party believes evidence to be non-controversial and to be appropriate for receipt in evidence without a sponsoring witness, that party may present with each such exhibit on or before the due date set forth in the procedural schedule: (1) an affidavit or declaration that the declarant prepared or someone under the declarant's direction prepared the exhibit; (2) a request that the exhibit be received in evidence without a witness at the hearing; and (3) a statement of grounds for receiving the exhibit in evidence without a witness at the hearing.   Any party who wishes to cross-examine the declarant may object in writing within three (3) days of service of the affidavit or declaration and request, specifying whom the party intends to examine.   In the absence of objections, and upon good cause shown, the exhibit shall be received in evidence without a witness subject to the right of objection on other grounds.

### 9.5.5    Foreign Language Exhibits

No foreign language exhibits will be received into evidence unless a translation thereof is provided at the time set for the exchange of exhibits.   The translation shall be included as part of the foreign language exhibit.

### 9.5.6    Authenticity

All documents that appear to be regular on their face shall be deemed authentic, unless it is shown by particularized evidence that the document is a forgery or is not what it purports to be.

### 9.5.7    Exchange of Proposed Exhibits Among Parties

Copies of documentary proposed exhibits, along with a proposed exhibit list shall be served on the opposing parties (including the Commission Investigative Staff) on the date ordered in the procedural schedule.   Once the parties have exchanged their proposed exhibit lists, they shall eliminate any duplicative exhibits or renumber such exhibits as joint exhibits and update their exhibit lists before they are submitted to the Administrative Law Judge by the due date in the procedural schedule.   Proposed physical exhibits need not be served, but shall be identified in the proposed exhibit list and made available for inspection by the other parties on

- 19 -

the date established for the submission and service of proposed exhibits.   Proposed exhibits shall not be filed with the Office of the Secretary of the Commission.

### 9.5.7.1   Exchange of Demonstrative Exhibits

Demonstrative exhibits must be exchanged by 9:00 p.m. the evening before the day on which the demonstrative exhibit will be used. Demonstrative exhibits may, however, be created by a witness during examination through, for example, asking the witness to draw a picture or annotate an exhibit.   Such exhibits need not be exchanged in advance.

### 9.5.8   Service of Proposed Exhibits Upon the Administrative Law Judge

On the date that is set forth in the procedural schedule, the Administrative Law Judge shall receive an electronic PDF version of all proposed exhibits, along with a proposed exhibit list.   The electronic version of proposed exhibits shall be submitted via a Box folder created by the Office of Administrative Law Judges and associated with this investigation.

## 10.   Hearing - Evidence and Exhibits

### 10.1   Material To Be Received Into Evidence

Only factual material and expert opinion shall be received into evidence.   Legal argument shall be presented in the briefs.

### 10.1.1   Admission of Exhibits Into Evidence

Exhibits will be admitted into evidence after the witness is done testifying. The parties should meet and confer and attempt to resolve any objections to the exhibits.   Once the parties have reached an agreement, the party requesting that the exhibits be admitted into evidence should present a list to the Administrative Law Judge, with a copy to the court reporter.   The exhibits will be read into the record and it will be confirmed that neither the opposing party nor the Commission Investigative Staff has any objections.   After that, the Administrative Law Judge will admit the exhibits into evidence.

If parties need to submit additional exhibits after the hearing has concluded, they should do so via motion.

### 10.2   Witness Testimony

Unless leave is otherwise granted, all direct testimony must be given by a live witness.

### 10.2.1   Deposition Testimony in Lieu of Live Testimony

Absent an agreement among the parties, deposition testimony can only be admitted as

- 20 -

evidence if it falls within one of the exceptions set forth in Commission Rule 210.28(h).

### 10.2.2  Witness Exhibits

Prior to commencing the examination or cross-examination of a witness, counsel shall provide the witness and other counsel with all exhibits to be used in the examination of the witness. The parties may stipulate as to the manner in which exhibits are provided to other counsel and the witness (*e.g.*, physical binders or electronic files).

Prior to commencing the examination or cross-examination of a witness, counsel shall provide the exhibits for each witness to the Administrative Law Judge electronically via Box.   The exhibits shall be organized in folders by witness name and each folder shall include a table of exhibits listing the exhibit number and an informative title.

## 11.   Hearing Procedure

### 11.1   Hearing; Order of Examination

The order of examination at the hearing is as follows (subject to alteration at the pre-hearing conference or other changes in the discretion of the Administrative Law Judge):

(1)    Brief Opening Statements
    (a)    Complainant (limited to 1 hour)
    (b)    Respondent (limited to 1 hour)
    (c)    Commission Investigative Staff (limited to thirty minutes)

(2)    Complainant's Case-in-Chief.

(3)    Respondent's Case-in-Chief: In the event there is more than one respondent, the order of presentation will be determined at the pre-hearing conference. Respondents, where possible, should avoid unnecessary duplication of effort.

(4)    Commission Investigative Staff's Case-in-Chief.

(5)    Complainant's Rebuttal

(6)    Respondent's Rebuttal

### 11.2   Closing Argument

There are no closing arguments.

### 11.3   Hearing Hours

Normal hearing hours are 9:30 a.m. to 5:00 p.m. with a one-hour luncheon recess beginning each day at approximately 12:45 p.m.   There will be one fifteen-minute break in the morning and one fifteen-minute break in the afternoon.

### 11.4   WebEx Procedures

To aid in the identification of hearing participants, any person attending a hearing conducted via WebEx must edit their participant name in WebEx to conform to the following format:

[C/R/S] [party affiliation] Attendee Name

For example, if Sally Smith attends on behalf of complainant ACME Corp., her display name would read: "[C][Acme] Sally Smith."   If the participant is signed on to the Protective Order (or otherwise covered by it), he or she must include a "[PO]" in his or her display name (e.g., "[PO] [R] John Brown").

The examinations of witnesses shall be divided into separate public and confidential portions.   Protecting confidential business information ("CBI") is of paramount importance. Complainant(s) and Respondent(s) must appoint monitors to ensure that unauthorized persons are not present during CBI sessions.   As in a conventional courtroom, if anyone believes that an unauthorized individual is in attendance (for example, based on a review of the list of participants on the video platform), he or she should draw attention to that fact by making a statement on the record or contacting the attorney-advisors via email.

Counsel and witnesses must be in separate locations.   During confidential sessions, witnesses should be in a private location (i.e., a room with a closed door) and may not be accompanied by unauthorized individuals.

Each testifying witness shall have his or her camera and microphone turned on continuously for the entire duration of the witness's testimony.   Each questioning attorney shall have his or camera and microphone turned on during his or her period of questioning.   One attorney for each party may have his or her microphone turned on during each witnesses' testimony to aid in making objections or making any necessary statements and should turn his or her camera on when speaking.   All other participants/attendees shall turn off their cameras and mute their microphones.

- 22 -

### 11.5    Trial Decorum

All audible sounds from mobile phones, tablets, and computers shall be silenced in the courtroom during the hearing.   All telephone calls must be taken outside of the courtroom.   No food, gum, or beverages other than bottled water will be permitted in the courtroom during trial.

No photo taking, video recording, or audio recording is permitted in online hearings or in the courtroom except by a court reporter authorized by the Commission.

### 11.6    Examination of Witnesses

#### 11.6.1  Scope of Examination; In General

Except as noted below, direct examination of non-hostile witnesses shall not be conducted by leading questions, however, the Commission Investigative Staff may ask leading questions at any time.

Except in extraordinary circumstances, examination of witnesses shall be limited to direct, cross, Staff questioning, redirect, and recross. Cross examination shall be limited to the scope of direct examination; examination by the Staff shall not be limited in scope; redirect examination shall be limited to the scope of cross and Staff examination; and recross examination shall be limited to the scope of redirect and Staff examination.

A party may call a witness on an opposing party's witness list, however, that witness must be identified by name on the party's own witness list.   In the event both Complainants and Respondents wish to call the same witness, the witness shall testify only once, and the parties shall meet and confer regarding when to call the witness.

#### 11.6.2  Coordination of Witnesses

The parties are expected to coordinate examination of witnesses so as to allot appropriate time for examination of each of the witnesses within the total time allotted for the trial.

#### 11.6.3  Scope of Expert Witness Testimony

An expert's testimony at the trial shall be limited in accordance with the scope of his or her expert report(s), deposition testimony, or within the discretion of the Administrative Law Judge.

#### 11.6.4  Coordination of Respondents' Cross-examination

Respondents shall coordinate cross-examination through one attorney as far as practicable to avoid duplication.   If that is not possible, counsel who intends to cross-examine

- 23 -

must be present in the trial room during the entire preceding cross-examination of the witness so as not to engage in repetitive questioning.

### 11.6.5  Use of Translators

If a translator will be used at trial, the parties are responsible for obtaining one qualified, neutral translator upon whom counsel can agree.   It is suggested that the translator be chosen from a list of approved translators, such as may be kept by various federal district courts or federal agencies.   Translators will be sworn in.

### 11.6.6  Conferring with Witness during a Break in Testimony

Counsel shall not confer with a witness during a break in the witness' testimony on the witness' substantive testimony.

### 11.6.7    Sequestration of Witnesses

Sequestration of fact witnesses is not required, but may be requested by the parties. Such requests should be made at the pre-hearing conference.

### 11.6.8    Submission of Updated Schedule of Estimated Time and Date of Witnesses

By 8:30 a.m. on each day in which the court is in session, the parties should submit an updated schedule of estimated time and date of hearing witnesses.   This list should be emailed to the attorney-advisors identified in Ground Rule 1.1.

### 11.7    Time-Keeping

The parties are responsible for keeping track of the time that each party has used.

### 11.8    Close of Hearing Procedures

### 11.8.1  Physical Exhibits

All physical exhibits left at the Commission should be identified on a "List of Physical Exhibits."   The list should include the exhibit number and a description of the exhibit.   If the party intends to leave a photograph in lieu of a physical exhibit, the party should so state on the list.   Physical exhibits will not be returned to the parties until the conclusion of the investigation, including all appeals.

### 11.8.2  Corrections to Transcripts

If a transcript needs to be corrected after the conclusion of the hearing, the party requesting the change shall do so through a motion.   Once an order issues adopting the proposed correction, it is incumbent upon the party requesting the change to send a copy of the order to the court reporting service so that the corrections can be made.

## 12.   Submission of Final Exhibit Lists and Final Exhibits

On the same day that initial post-hearing briefs are due, the parties shall each submit the following: [1] the final exhibit lists; and [2] an electronic version of the final set of exhibits to the Administrative Law Judge for use in drafting the final initial determination.[9]

On the date that reply post-hearing briefs are due, the parties shall submit a Commission set of exhibits, with rejected exhibits submitted under separate cover and so marked.

Each side is only responsible for submitting its own exhibits.[10]   Source code (both paper and electronic copies) should be submitted in a manner jointly agreed upon by the parties.

### 12.1   Final Exhibit List

Each party must submit a final exhibit list prepared in accordance with Ground Rule 9.5.1 reflecting the status of all exhibits, including those admitted or rejected during the hearing. Withdrawn exhibits do not need to be on the exhibit list.

The parties should submit three versions of the final exhibit list: (1) a list identifying all confidential exhibits: (2) a list identifying all public exhibits; and (3) a master list with all exhibits (both confidential and public).   Each side is only responsible for submitting its own exhibit list, except that Complainant(s) is also responsible for submitting the three versions of the joint exhibit lists.

Each party should also submit a list of rejected exhibits.   Only one version of this list is required.

### 12.2   Administrative Law Judge's Electronic Copy

The parties should provide an electronic copy of the exhibits.   This electronic copy shall be uploaded using the Box platform and need not be separated or broken up in the manner described below for the Commission's set of exhibits.

---

[9]  Demonstrative exhibits should be included.

[10]  Complainant(s) are responsible for submitting joint exhibits.

Native files (such as Excel, videos) may be included with the electronic copy of exhibits submitted to the Administrative Law Judge.

## 12.4    Commission's Copy

The Commission set of exhibits shall be submitted in electronic format. The format for these exhibits is set forth at: http://www.usitc.gov/docket_services/documents/EDIS3UserGuide-CDSubmission.pdf.

There are twenty-four standard exhibit categories: CX, CDX, CPX, RX, RDX, RPX, JX, JDX, JPX, SX, SDX, SPX, CX-[four-digit number]C, CDX-[four-digit number]C, CPX-[four-digit number]C, RX-[four-digit number]C, RDX-[four-digit number]C, RPX-[four-digit number]C, JX-[four-digit number]C, JDX-[four-digit number]C, JPX-[four-digit number]C, SX-[four-digit number]C, SDX-[four-digit number]C, and SPX-[four-digit number]C.

The Commission set of exhibits shall be uploaded using the Box platform with separate folders for each type of exhibit, *e.g.,* CX (Public), CX (Confidential), etc.   The exhibits must be PDF files and any file larger than 25MB shall be broken up into separate files.   A Table of Contents file in PDF format which lists the names of all files in each folder should be created and included in each folder.   Rejected exhibits should be provided in separate folders.

Any exhibits that are not included with the Commission exhibits and on the final exhibit list at the conclusion of the hearing will not be considered as part of the record to be certified to the Commission when the final initial determination issues.

### 12.4.1    Native Files

Native files (such as Excel, videos) should be printed to PDF and placed in the appropriate folder. If the native file cannot be printed to PDF in a legible manner, a placeholder should be placed in the appropriate folder indicating that the exhibit is a native file.   In addition to the PDF files, parties may submit the native files in separate folders that are explicitly identified, *e.g.,* CX (Native).

## 12.5    Exhibit Set for the Office of General Counsel

No later than seven (7) days after the submission of post-hearing reply briefs, the parties shall contact the Office of General Counsel regarding submission of exhibits to that office.

## 13.    Post-hearing Briefs

### 13.1    Initial Post-hearing Briefs; Filing and Content

On or before the date set forth in the procedural schedule, each party shall file a post-hearing brief (and submit the courtesy copy required by Ground Rule 1.3).   The post-hearing

brief shall discuss the issues and evidence tried within the framework of the general issues determined by the Commission's Notice of Investigation and those issues that are included in the pre-hearing brief and any permitted amendments thereto.   All other issues shall be deemed waived.

The parties are expected to follow the outline used in pre-hearing briefs in the post-hearing brief, <u>except that</u> the parties should remove references to any issue that the parties agree is no longer in dispute.

A reasonable page limit will be imposed for all post-hearing briefs, which will be determined on a case-by-case basis.   Parties are required to use double-spacing (with the exception of headings, footnotes, quotations, etc.), at least 12-point font, and one-inch margins (excluding headers for CBI and footers, such as page numbers).   If the parties have any questions regarding the acceptable formatting requirements for post-hearing briefs, they should contact the Administrative Law Judge's attorney-advisor.

To the extent there is more than one complainant and/or respondent in an investigation, complainants and/or respondents shall coordinate their efforts and submit a single brief. Exceptions to this rule will be made on a case-by-case basis.   This rule shall also apply to post-hearing reply briefs.

## 13.2    Post-hearing Reply Briefs; Filing and Content

On or before the date set forth in the procedural schedule, each party shall file a post-hearing reply brief.   The post-hearing reply brief shall discuss the issues and evidence discussed in the initial post-hearing briefs of each opposing party.

A reasonable page limit will be imposed on all post-hearing reply briefs, which will be determined on a case-by-case basis. The rules relating to post-hearing briefs detailed in Ground Rule 13.1 also apply to reply briefs.

## 13.3    Citations to Evidence

When citing to witness testimony, the party must include a parenthetical identifying the witness whose testimony is being cited. For example, if a party is citing to the trial testimony of their witness, Dr. Smith, the party should include the citation: Tr. (Smith) at 123:1-124:14. If citing to the direct testimony of Dr. Smith, the party should include the citation: CX-0001C (Smith) at Q/A 1-5. This rule also applies if the cited exhibit is testimony received during a deposition.

### 13.4    Citations to Pre-hearing Briefs

It is preferable to cite to the evidentiary record rather than pre-hearing briefs.   Parties may not incorporate any portion of their pre-hearing briefs into their post-hearing briefs by reference.

### 13.5    Citation to Demonstrative Exhibits

If a party cites to a demonstrative exhibit in its post-hearing brief, it must include a parenthetical identifying the substantive evidence on which the demonstrative is based, *e.g.*, RDX-0001 (summarizing RX-0001).   If the demonstrative was prepared during examination of the witness, the party should so state.

## 14.    Cooperation Among Parties

Due to the time limitations imposed by section 337, counsel shall attempt to resolve, by stipulation or negotiated agreement, any procedural problems encountered, including those relating to discovery and submission of evidence.   To assure the proper cooperative spirit in this investigation, continuing good faith communications between counsel for the parties is essential and expected.

## 15.    *Ex Parte* Contacts

There shall be no *ex parte* contacts with the Administrative Law Judge.   Any questions of a technical or procedural nature shall be directed to the Administrative Law Judge's attorney-advisors for this investigation.

# APPENDIX A

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, D.C.

In the Matter of

**Certain . . .**

Investigation No. 337-TA-___

### SUBPOENA DUCES TECUM

**TO:**   NAME
         ADDRESS

**TAKE NOTICE**: By authority of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), 5 U.S.C. § 556(c)(2), and pursuant to 19 C.F.R. § 210.32 of the Rules of Practice and Procedure of the United States International Trade Commission, and upon an application for subpoena made by ["Complainant(s)" / "Respondent(s)"/ etc., followed by name of company],

**YOU ARE HEREBY ORDERED** to produce at _____, on ___, or at such other time and place agreed upon, all of the documents and things in your possession, custody or control which are listed and described in Attachment A hereto. Such production will be for the purpose of inspection and copying, as desired.

If production of any document listed and described in Attachment A hereto is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list. The privileged document list must identify each document separately, specifying for each document at least: (1) the date; (2) author(s)/sender(s); (3) recipient(s), including copy recipients; and (4) general subject matter of the document. The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they

are employed or associated. If the sender or the recipient is an attorney or a foreign patent agent, he or she shall be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

If any of the documents or things listed and described in Attachment A hereto are considered "confidential business information," as that term is defined in the Protective Order attached hereto, such documents or things shall be produced subject to the terms and provisions of the Protective Order.

Any motion to limit or quash this subpoena shall be filed within **ten (10) days** after the receipt hereof. At the time of filing of any motion concerning this subpoena, a copy shall be sent by email to Bhattacharyya337@usitc.gov.

IN WITNESS WHEREOF the undersigned of the United States International Trade Commission has hereunto set his hand and caused the seal of said United States International Trade Commission to be affixed at Washington, D.C. on this ___ day of _____, 2021.


_____
Monica Bhattacharyya
Administrative Law Judge
United States International Trade Commission

- 2 -

# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

In the Matter of

**Certain . . .**

Investigation No. 337-TA-___

## SUBPOENA AD TESTIFICANDUM

**TO:**   NAME
ADDRESS

**TAKE NOTICE**: By authority of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), 5 U.S.C. § 556(c)(2), and pursuant to 19 C.F.R. § 210.32 of the Rules of Practice and Procedure of the United States International Trade Commission, and upon an application for subpoena made by ["Complainant(s)" / "Respondent(s)" / etc., followed by name of company].

**YOU ARE HEREBY ORDERED** to present yourself for purposes of your deposition upon oral examination on_____, at_____, or at such other time and place agreed on, concerning the subject matter set forth in Attachment A hereto.

This deposition will be taken before a Notary Public or other person authorized to administer oaths and will continue from day to day until completed.

If any of your testimony is considered "confidential business information," as that term is defined in the Protective Order attached hereto, such testimony shall be so designated and treated according to the terms and provisions of the Protective Order.

Any motion to limit or quash this subpoena shall be filed within **ten (10) days** after the

receipt hereof. At the time of filing of any motion concerning this subpoena, a copy shall be sent

by email to Bhattacharyya337@usitc.gov.

IN WITNESS WHEREOF the undersigned of the United States International Trade Commission has hereunto set his hand and caused the seal of said United States International Trade Commission to be affixed at Washington, D.C. on this ___ day of _____, 2021.


_____

Monica Bhattacharyya
Administrative Law Judge
United States International Trade Commission

- 3 -

# APPENDIX B

## GENERAL OUTLINE FOR ALL BRIEFS

I.      INTRODUCTION

      A.      Procedural History

      B.      The Parties

      C.      Overview of the Technology

      D.      The Patents at Issue

      E.      The Products at Issue

II.     JURISDICTION

III.    PATENT "A"

      A.      Claim Construction

      A.      Infringement

            1.      Claim 1

            2.      Claim 2

      B.      Domestic Industry – "Technical Prong"

      C.      Validity

      Anticipation Under 35 U.S.C. § 102(a)

      Obviousness Under 35 U.S.C. § 103(a)

      A.      Unenforceability

      B.      Other Defenses

IV.     PATENT "B" ...

V.      DOMESTIC INDUSTRY - ECONOMIC PRONG

      Significant Investment in Plant and Equipment

Exhibit B
Page 40

Significant Employment of Labor or Capital

I.      REMEDY AND BONDING