1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
8
   Adam B. Powell (Bar. No. 272725)
9  adam.powell@knobbe.com
   Daniel P. Hughes (Bar No. 299695)
10 Daniel.hughes@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
11 3579 Valley Centre Drive
   San Diego, CA 92130
12 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

13 [Counsel appearance continues on next page]

14 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY TO APPLE'S OPPOSITION TO EX PARTE APPLICATION TO MODIFY THE PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early] |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") submit this reply in support of its *ex parte* application (Dkt. 690).

A. *Ex Parte* Relief Is Appropriate

*Ex Parte* relief is justified. Masimo filed a regularly noticed motion in January 2022 that is still pending. Opp. at 7. Despite that, Apple claims Masimo should have filed yet another regularly noticed motion because the January 2022 motion was "fully briefed three months ago, and the Court's order vacating the argument date made no promises as to when a written opinion would issue." *Id.* at 10. Apple cites no case supporting that argument, and it would be poor policy to encourage parties to burden the courts with duplicative filings when a motion is pending. And, contrary to Apple's suggestion, Masimo is not seeking to "fault" the Court for delay. Rather, Masimo seeks to meet its burden of demonstrating it is not at fault for seeking *ex parte* relief. The reasons the order did not issue yet are irrelevant to Masimo showing its own diligence.

Apple also claims the January 2022 motion is irrelevant because it addressed an "entirely separate issue" by seeking cross-use by category instead of specific documents. Opp. at 10. But Apple does not deny that **all** documents at issue here fit within the categories in the January 2022 motion. Thus, granting that motion would have removed the need for this application by allowing Masimo to use the documents at issue here.

Apple cites several cases to suggest Masimo's motion is not timely, but none addressed a party who **did** file a regularly noticed motion that was still pending several months later. *See Doe 1 v. Manhattan Beach Unified Sch. Dist.*, 2020 WL 7222809, at *2 (C.D. Cal. Oct. 30, 2020) (movant raised the issue only in an *ex parte* application); *SEC v. Private Equity Mgmt.*, 2009 WL 10676179, at *2 (C.D. Cal. June 1, 2009) (same); *White v. Baca*, 2014 WL 12696910, at *2-3 (C.D. Cal. 2014) (same).

Finally, Apple argues Masimo failed to show that it will suffer "any prejudice" if this application is denied. Opp. at 11. That is false. Masimo showed Apple intends to present a narrative in the ITC Investigation that the documents directly rebut in at least three areas. First, Apple is arguing a claim element was obvious even though █████

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Second, Apple is trying to convince the ITC that Masimo somehow copied Apple when ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Third, Apple claims its pulse oximetry technology is accurate and important even though ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ There can be no dispute that Masimo will suffer great prejudice if it is unable to present the *true facts* to rebut Apple's narrative.

Apple also argues Masimo will suffer no prejudice because it is "too late" to add exhibits to the exhibit list in the ITC Investigation. In doing so, Apple ignores that *Apple* added new exhibits to the exhibit list on *the very same day* as Masimo's *ex parte* application. Mot. at 8. Moreover, after filing its opposition, Apple sent an email in the ITC Investigation arguing it was proper for Apple to add "rebuttal" exhibits on May 5 and stated, "Apple does not object if Complaints have rebuttal exhibits of this nature to add so long as they provide them on Monday [May 9]." Ex. 27.[1] Exhibits 1-18 are rebuttal exhibits because, as discussed, they directly refute arguments Apple has made clear it will present to the ITC. Thus, Masimo will be able to add these exhibits without any objection from Apple if the Court grants the application today. Even if the Court grants the application later and Apple objects, Masimo should have a chance to convince the ITC that the new exhibits should be allowed because they are Apple's own documents that rebut Apple's arguments. *Ex parte* relief is appropriate.

**B. Masimo Satisfied The *Foltz* Test For Modifying The Protective Order**

**1. Masimo Demonstrated Sufficient Relevance**

Apple fails to rebut Masimo's strong showing of relevance or provide any reason why Apple is trying so hard to shield these documents from discovery in the ITC. Apple begins by arguing the Court should reject Masimo's request because Masimo could have moved to compel in the ITC. Opp. at 12-13 (citing *AT&T Corp. v. Sprint Corp.*, 407

---

[1] Exhibits 1-18 are attached to the Declaration of Adam B. Powell (Dkt. 692-2) and Exhibit 27 is attached to the Supplemental Declaration of Adam B. Powell filed concurrently herewith. All emphasis in quotations is added unless noted otherwise.

F.3d 560, 562 (2d Cir. 2005)).  But the Protective Order here prevented Masimo from representing to the ITC that such documents exist.  Further, Apple's support for that argument is a single case from the Second Circuit (*AT&T*).  But Apple's other cited authority explains the Second Circuit applies a "**very restrictive**" standard and the "prevailing approach" is "more receptive" to modification.  *See* 8A Wright & Miller, *Federal Practice & Procedure Civ.* § 2044.1 (3d ed.).  Indeed, courts have distinguished *AT&T* and rejected the same argument Apple advances.  *See Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 51 (D.D.C. 2021); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 316 (D. Conn. 2009).

Regardless, Apple's argument makes no sense because a motion to compel is almost always available in a collateral case.  Thus, Apple's argument would defeat cross-use in almost **all** cases even though the Ninth Circuit "strongly favors" cross-use.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003).  Apple does not dispute that, absent relief from the protective order, Masimo could not even show the documents that Apple withheld to the ITC in connection with a motion to compel.  Apple thus seeks to use the protective order to shield its own improper withholding of documents and thereby present a false narrative before the ITC.  That is obviously not the purpose of a protective order.

Apple's specific arguments fare no better.  **<u>First</u>**, Apple does not dispute that Exhibits 1-3 address ██████████████████████████████████  Nor does Apple contest that the exhibits show ██████████████████ ██████████████████  Instead, Apple argues Exhibits 1-3 are not relevant because they ██████████████████████████████████████ ██████████████████████████████████████ ██████████████  Opp. at 13.  But Apple does not attempt to explain why █ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Regardless, deciding admissibility and how much weight to give these exhibits at trial should be determined by the ITC—not this Court on a motion for relief from a protective order.

Apple also argues the exhibits are not relevant to establishing skepticism because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Opp. at 13. As support, Apple argues *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1335 (Fed. Cir. 2016), held skepticism is relevant only if it shows "doubt or disbelief" about the "likely success of a combination or solution." *Id.* As an initial matter, Apple is wrong to suggest ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Apple is also wrong on the law. Contrary to Apple's suggestion, *WBIP* explained that skepticism is not a binary question as to whether a device would or would not work. *WBIP*, 829 F.3d at 1335 (skepticism concerns "**whether** or **how** a problem could be solved or the **workability** of the claimed solution"). Apple also ignores Masimo's more recent authority, which specifically rejected the exact argument Apple makes here. *See Neptune Generics, LLC v. Eli Lilly & Co.*, 921 F.3d 1372, 1378 (Fed. Cir. 2019) (rejecting argument that skepticism "must be premised on whether it is 'technically infeasible,' 'unworkable,' or 'impossible' that the claimed subject matter would work for its intended purpose"). The Federal Circuit explained, "a range of third-party opinion . . . can constitute skepticism" and cited another case explaining that mere evidence parties were "worried" or "surprised" was sufficient. *Id.* (citing *Circuit Check Inc. v. QXQ Inc.*, 795 F.3d 1331, 1337 (Fed. Cir. 2015)). Regardless, the ITC should be permitted to decide whether to consider, and how much weight to afford, Exhibits 1-3.

**Second**, Apple does not dispute that it intends to argue at the ITC hearing that Masimo is a patent "troll" that somehow copied Apple. Apple also does not dispute Masimo's explanation as to what Exhibits 4-14 show. Indeed, Apple does not dispute Exhibits 4-14 show ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Rather than address these facts, Apple argues Exhibits 4-14 are not relevant because they do not show that Masimo offered a "smartwatch product." Opp. at 13-14. But Apple does not explain why that matters. Apple also argues Exhibits 4-14 do not show "copying" for purposes of patent non-obviousness because they do not show Apple copied the particular patented inventions at issue. *Id.* Regardless of whether the exhibits can establish copying for patent non-obviousness, they are relevant to rebutting Apple's false accusations about Masimo. Apple does not argue otherwise.

***Third***, Apple does not dispute that Exhibits 15-18 show ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Instead, Apple argues the only "specific issue" that such statements are relevant to is public interest, which will be decided at a later stage. Opp. at 14. But Apple then admits in a footnote that it often touts the blood oxygen feature as "innovative." *Id.*, n.7. Apple never represents its trial presentation will avoid discussing how its products are innovative, important, or accurate. Prior experience suggests Apple will make such arguments at trial. Masimo should be permitted to show the ITC that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ But even if the documents were relevant only to public interest, Apple does not explain why Masimo should have to burden this Court with yet another motion to obtain access to admittedly relevant documents at a later stage.

2. **Apple Fails To Demonstrate Any Prejudice**

Apple briefly addresses its supposed prejudice at the end of its brief. Opp. at 14-15. Apple presents two arguments, neither of which has merit.

***First***, Apple argues that introducing just ***eighteen*** documents after the deadline to exchange exhibits lists would cause "significant disruption." Opp. at 15. But Apple once again ignores that these are Apple's documents, and that Apple itself added exhibits to its exhibit list on May 5—the ***very same day*** Masimo filed its *ex parte* application. Mot. at 8. Apple argued its additions were proper because parties can add "rebuttal" exhibits after the initial deadline to exchange exhibit lists. Ex. 27. Indeed, Apple offered not to

object if Masimo added rebuttal exhibits itself today. *Id.* Having argued that it is proper to add rebuttal exhibits at this stage—and stipulating that Masimo could do so—Apple cannot claim it would be prejudicial for Masimo to add these exhibits.

Regardless, the ITC can and should decide the issue. *See Halo Elecs., Inc. v. XFMRS, Inc.*, 2012 WL 2238022, at *3 (N.D. Cal. June 15, 2012) (rejecting argument that collateral court would exclude the documents as untimely because "Plaintiff will obviously have to obtain the Nevada court's permission before using the disputed materials at trial"); *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 2008 WL 2813081, at *1 (D. Neb. July 18, 2008) (rejecting argument about circumventing procedure in collateral court because "[w]hether the documents may ultimately be admissible in the Interference proceeding is not for this court to decide").

**Second**, Apple once again argues it has "relied on the terms of the protective order in producing documents and discovery responses in this litigation." Opp. at 15. Apple argues that Masimo merely "parrot[s]" its prior arguments in the January 2022 motion and failed to address the Court's concerns. *Id.* Apple never explains that assertion, instead citing to Masimo's Reply and baldly claiming in a parenthetical that Masimo declined to respond to the Court's explanation. *Id.*, n. 8 (citing Dkt. 591 at 19). Apple apparently came to that conclusion because it cites the wrong section of Masimo's Reply. In the section entitled "Apple Fails to Identify Any Deficiency In The ITC Protective Order," Masimo addressed each provision identified by Apple or the Court point by point. Dkt. 591 at 15-16 ("First" through "Fifth").

Regardless, Apple once again fails to identify *any* provision in the protective order in the ITC Investigation that is insufficient to protect its confidential information. Indeed, Apple has produced its source code—which Apple has touted as its most sensitive materials—and extensive technical documentation in the ITC Investigation. Apple makes no attempt to show the eighteen documents at issue here—which are largely *emails*—are somehow *more* sensitive than the source code and technical documents that Apple produced in the ITC Investigation.

Apple also ignores that the reliance interest is diminished in cases involving a protective order that, like the order here, applies to any document a party designates. *Foltz*, 331 F.3d at 1138 (explaining such orders are "by nature overinclusive"). As the Ninth Circuit explained, reliance on such an order without more would "not justify a refusal to modify" the protective order. *Id.* Apple's cited authority explained "courts need to be alert to the possibility that knowledgeable litigants may lard the record with routine claims of reliance . . . ." 8A Wright & Miller, *Federal Practice & Procedure Civ.* § 2044.1 (3d ed.). This case exemplifies such a fact pattern. Adopting Apple's generic arguments would mean a party's alleged "reliance" would be a silver bullet that defeats cross-use in virtually any case. That is obviously inconsistent with *Foltz*'s holding that cross-use motions should "generally be granted" because the Ninth Circuit "strongly favors" access to discovery in collateral cases. *See* 331 F.3d at 1131-32.

## C. **Conclusion**

Accordingly, Masimo respectfully requests the Court grant the limited relief sought herein to alleviate the clear prejudice that Masimo will suffer if it is unable to use Exhibits 1-18 to rebut Apple's false narratives that it intends to present at the ITC trial.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 9, 2022

By: /s/ *Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.