Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S EX PARTE APPLICATION FOR SUR-SUR-REPLY (Dkt. 702)** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") oppose Apple's *ex parte* application for a sur-sur-reply (Dkt. 702). *See* Fed. R. Civ. P. 6(a)(2)(C) (where deadline is stated in hours and would end on a weekend or holiday, the deadline is extended until the same time on the next business day).

Apple's request is improper because Apple caused the need for *ex parte* relief. Apple claims it is not at fault because it filed its request the day after Masimo's sur-reply. Dkt. 702 at 2. But Apple *admitted* Masimo's sur-reply was proper because *Apple* improperly relied on new evidence in reply. Indeed, it is undisputed that Apple chose to withhold Cook's documents for months and then produced a few hundred of them on April 29—after Masimo's Opposition and one business day before Apple's Reply. Apple absurdly claims that production was "timely" (Dkt. 702 at 2), but Judge Early ordered Apple to produce Cook's ESI *seven months* ago. *See* Dkt. 493. Apple makes no attempt to show it was unable to comply with that order, much less explain why it refused to produce documents until the narrow *one-week* window between Masimo's Opposition and Apple's Reply.[1] Had Apple produced the documents earlier, it could have addressed them in its opening, Masimo would have responded in opposition, and Apple could have responded to Masimo in reply. Thus, Apple's timing tactics caused the need for *ex parte* relief.

Apple also does not show any prejudice because its proposed sur-sur-reply does nothing to rebut Masimo's arguments. Among other things, Apple claims it "consistently" admitted to withholding any document *Apple* decided was *either* "irrelevant *or* non-responsive." Dkt. 701-1 at 1, n.1. But Apple repeatedly represented the opposite to Masimo *and* Judge Guilford. *See, e.g.*, Dkt. 653-2, Ex. 3 at 2 (Masimo confirming Apple represented it did *not* review for "relevance" and instead reviewed

---

[1] Apple attempts to blame Masimo for a supposed "last minute" denial of Apple's alleged "compromise." Dkt. 702-1 at 1. Apple made its proposal on April 12—more than a year after Masimo identified Cook as a custodian, more than six months after Judge Early ordered Apple to produce Cook's documents, and almost two weeks after Judge Guilford's order to enforce. Even so, Masimo responded in less than 72 hours.

-1-

"only for responsiveness"), Ex. 6 at 1-3 (Masimo confirming the same and Apple agreeing Masimo was "correct"), Ex. 20 at 1 (Apple arguing to Judge Guilford that it "in fact produced responsive, not-privileged documents"). Regardless, Apple's disclosure only further demonstrates Apple's misconduct. As discussed, Judge Early ordered Apple to produce all "responsive" documents—not just documents Apple admits are responsive *and* relevant. Apple also attempts to downplay the importance of the documents that it produced (Dkt. 701-1 at 1-2), but does not deny they are responsive and subject to Judge Early's order to produce long ago.

Accordingly, Apple has not met its burden of justifying a sur-sur-reply. Granting Apple's request would result in *fourteen* briefs being filed over the span of a *year* before *three* separate judges—all to confirm that Apple should produce a mere 1,500 documents. The Court should order Apple to produce all Cook documents responsive to the Court-ordered search terms.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 9, 2022

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55577889