**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO MODIFY THE PROTECTIVE ORDER [DKT. 690], OTHERWISE DENYING PLAINTIFFS' MOTION FOR ORDER TO MODIFY THE PROTECTIVE ORDER [DKT. 568], AND GRANTING APPLICATIONS TO SEAL [DKT. 691, 703, 707]** |

Having considered: (1) the Motion of Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Plaintiffs") for Order to Modify the Protective Order (Dkt. 568, "Motion") and all papers filed in support of an in opposition to the Motion, including sealed filings; and (2) Plaintiffs' Ex Parte Application to Modify the Protective Order (Dkt. 690, "Application") and all papers filed in support of an in opposition to the Application, including sealed filings, having previously found the Motion may properly be decided without oral argument (Dkt. 603) and now finding the Application may properly be decided without oral argument, the Court DENIES the Motion (Dkt. 568), finding Plaintiffs have not made a sufficient showing to modify the Protective Order (Dkt. 67) in the manner requested in the Motion for the reasons previously enunciated by the Court at the hearing on Plaintiffs' prior Motion to Modify

the Protective Order (see Dkt. 515, 518), and the Court GRANTS the Application (Dkt. 67), finding Plaintiffs have made an appropriate showing to modify the Protective Order (Dkt. 67) in the limited manner requested in the Application.

Therefore, the Court hereby MODIFIES Paragraph 5.1 of the Protective Order (Dkt. 67) to add the material shown in underline below:

> 5.1 All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, <u>except that both parties may use Exhibits 1-18 attached to the May 5, 2022, Declaration of Adam B. Powell in Support of Plaintiffs' *Ex Parte* Motion For Relief from the Protective Order ("Exhibits 1-18") in the ITC investigation captioned as *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Investigation"):</u>
>
> <u>Nothing in this Protective Order shall prevent or restrict a Party from producing Exhibits 1-18 in the ITC Investigation, provided that the material is designated as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or with a comparable notice, under Paragraph 2(a) of the Protective Order in the ITC Investigation.</u> Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

In all other respects, the Protective Order (Dkt. 67) remains in effect.

Further, having considered the Applications for Leave to File Document Under Seal (Dkt. 691, 703, 707, "Sealing Applications"), and finding good cause therefor, the Sealing Applications (Dkt. 691, 703, 707) are GRANTED. The requesting parties may file under seal unredacted versions of documents referenced in the Sealing Applications.

**IT IS SO ORDERED.**

DATED: May 09, 2022

_____
JOHN D. EARLY
United States Magistrate Judge