JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S REPLY IN SUPPORT OF ITS OBJECTIONS TO SPECIAL MASTER ORDER NO. 8** <br><br> Date: May 23, 2022 <br> Time: 1:30 p.m. <br><br> Discovery Cut-Off: Aug. 12, 2022 <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL.

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

# TABLE OF CONTENTS

I.   Introduction ................................................................................................. 1

II.  Argument .................................................................................................... 2

    A.   Plaintiffs' New Estoppel Argument Should Be Rejected .......................... 2

    B.   The O'Reilly-FDA Communications Sought By RFP No. 275 Should Be Produced ........................................................... 4

        1.   The O'Reilly-FDA Communications Are Relevant ................................. 4

        2.   The O'Reilly-FDA Communications Are Not Overbroad Or Disproportionate To The Needs Of The Case ............................................ 6

    C.   The *True Wearables* Documents Sought By The Narrowed RFP Nos. 283-286 Should Be Produced ........................................................... 8

        1.   The *True Wearables* Documents Are Relevant ........................................ 8

        2.   The *True Wearables* Documents Are Not Overbroad Or Disproportionate To The Needs Of This Case ............................................ 9

III. Conclusion ................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*,
    2012 WL 2862613 (N.D. Cal. July 11, 2012) ........................................ 11, 12

*Baughman v. Walt Disney World Co.*,
    685 F.3d 1131 (9th Cir. 2012) ...................................................................... 2

*Bryant v. Mattel, Inc.*,
    2007 WL 5432960 (C.D. Cal. Apr. 17, 2007) ................................................ 9

*Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem'l Med. Ctr.*,
    58 Cal. App. 5th 748 (2020) ........................................................................ 11

*Martinez v. Davis*,
    2010 WL 11549650 (C.D. Cal. Mar. 11, 2010) ............................................. 9

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ............................................................................... 2, 4

*Physicians Healthsource Inc. v. Masimo Corp.*,
    2019 WL 1966663 (C.D. Cal. Feb. 27, 2019) ............................................ 8, 9

*Ramirez v. County of Los Angeles*,
    231 F.R.D. 407 (C.D. Cal. 2005) ................................................................. 9

*Smith v. Bank of America, N.A.*,
    2019 WL 7188571 (C.D. Cal. 2019) ............................................................ 5

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
    2020 WL 4341717 (C.D. Cal. June 25, 2020) .............................................. 7

**OTHER AUTHORITIES**

18B Wright & Miller, *Federal Practice And Procedure: Jurisdiction and Related Matters* § 4477.3 (3d ed. 2022) .......................................................... 3

## I. INTRODUCTION

Plaintiffs' opposition largely relies on arguments that were neither raised in front of nor relied upon by the Special Master. Plaintiffs' new relevance arguments—which the Special Master's thin reasoning did not address—are meritless, as all RFPs at issue are linked to a central issue in this case: Whether Lamego and O'Reilly were in possession of, and then transferred, Plaintiffs' alleged trade secrets to Apple. Plaintiffs' new estoppel argument is similarly meritless because Apple has never taken a "clearly inconsistent" position on comparable discovery issues. Instead, Plaintiffs' estoppel argument improperly invokes earlier rulings involving different RFPs and different factual disputes. Taken to its logical conclusion, Plaintiffs' position would preclude a party from raising any overbreadth or proportionality objections at all simply because the same party previously prevailed on an unrelated objection. That cannot be right.

Plaintiffs' efforts to justify the Special Master's reasoning regarding overbreadth and proportionality fare no better. Plaintiffs notably do not dispute that (1) the O'Reilly-FDA communications could be quickly obtained with a simple search over ESI that has already been collected and (2) the volume of communications from such a search would be modest. And with respect to the *True Wearables* documents, Plaintiffs construct a strawman in asserting that Apple seeks every single document "produced, served, filed, or sent between counsel" in *True Wearables*. *E.g.*, Opp. 10. That is flat wrong. Apple's narrowed requests are limited to sealed filings and discovery responses that concern Lamego, Apple employees, or the alleged trade secrets at issue in this case—all of which are topics of substantial importance to Plaintiffs' claims and Apple's defenses. Further, Plaintiffs have failed to provide even a rough sense of how many documents are responsive to the narrowed requests, indicating that they cannot meet their burden to show that Apple's highly relevant RFPs should be denied as overbroad or not proportional to this litigation.

Apple respectfully requests that the Court sustain Apple's objections to Special Master Order No. 8 and order the production of documents responsive to RFP Nos. 275 and 283-286.

## II.     ARGUMENT

### A.     Plaintiffs' New Estoppel Argument Should Be Rejected

Plaintiffs argue for the first time that Apple is judicially estopped from challenging Plaintiffs' failure to produce relevant documents. *See* Opp. 8-9, 11-12, 14. But as the case that Plaintiffs cite six times explains, the normal requirement is that "a party's later position must be 'clearly inconsistent' with its earlier position" and the party must have "succeeded in persuading a court to accept that party's earlier position." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). For example, in *New Hampshire*, the Supreme Court concluded that the state of New Hampshire was estopped from arguing that the phrase the "Middle of the River"—which appears in a document that set forth the borders between New Hampshire and Maine—meant something different from what New Hampshire had argued in a prior boundary dispute several decades earlier. *Id.* at 751-755. In other words, "[h]aving convinced this Court to accept one interpretation of 'Middle of the River' and having benefitted from that interpretation," New Hampshire could not change its position 23 years later. *Id.*; *see also, e.g.*, *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (judicial estoppel applied where plaintiff had claimed in prior ADA litigation "that she relied on a wheelchair or scooter for her mobility" but asserted in later suit that "she has 'never used' and 'doesn't need' a wheelchair'").

The purported inconsistencies that Plaintiffs rely upon look nothing like the narrow, fact-intensive disputes in *New Hampshire* or *Baughman* that were directly contradicted in later litigation. In particular, the earlier rulings that Plaintiffs invoke involved different RFPs—not Apple's RFP Nos. 275 or 283-286. Plaintiffs cite no case law—nor is Apple aware of any—holding that asserting a general legal argument in one discovery dispute (i.e., that a request is "overbroad and unduly burdensome," Opp. 2)

forecloses asserting that same general argument in a later dispute.  As a leading treatise explains, "[i]t is difficult to imagine circumstances that would justify an invocation of judicial estoppel to preclude positions as to a matter of pure law, divorced from any application to a common matrix of fact."  18B Wright & Miller, *Federal Practice And Procedure: Jurisdiction and Related Matters* § 4477.3 (3d ed. 2022).  Indeed, under Plaintiffs' flawed reasoning, because they have successfully obtained discovery on Plaintiffs' RFP No. 289, which seeks "*[a]ll* documents and things *related* to the surveys sent by Apple … to Apple Watch Product users," Dkt. 539 at 6-7 (emphases added), they should be prohibited from challenging Apple's use of the words "all" and "related to" as overbroad here.

In any event, Plaintiffs' scattershot and under-reasoned judicial estoppel arguments repeatedly conflate (1) the fact that Apple succeeded in opposing a particular discovery request with (2) this Court, Judge Early, or the Special Master adopting an Apple position that Plaintiffs claim is clearly inconsistent with the present motion.  For example:

- Plaintiffs ███████████████████████████████████ ███████████████████████████████████ ███████████████████████ but in that ruling the Special Master "agree[d] with Apple" regarding "relevance" and found that "Masimo has not shown that the additional information sought is sufficiently tied to this case[.]" *See* Dkt. 617 at 4.

- Plaintiffs cite the Special Master's ruling regarding ███████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████ which is quite different from the situation here (where Apple is seeking legal filings that mention

Apple employees in a case with very similar trade secret allegations), Mot. 1-2, 11.

- Plaintiffs contend that Apple has "successfully argued" that it is not necessary to make a "detailed evidentiary showing of burden" (Opp. 9) to show that discovery is not proportional to the needs of the case, but cites rulings where the Special Master credited Apple's arguments on overbreadth and/or relevance. *See* Dkt. 580 at 5 (some information sought by Plaintiffs was "▇▇▇▇▇▇▇▇▇▇▇▇" and requests were "overbroad"); Dkt. 617 at 4 (Special Master "agree[d] with Apple" that documents were not relevant); Dkt. 637 at 5 (Special Master noted that Apple argued that RFP No. 574 was "overbroad" and denied discovery on RFP No. 574).[1]

Ultimately, Plaintiffs' belated judicial estoppel argument is flawed both as a matter of law (because it misunderstands the scope of the *New Hampshire* rule) and as a matter of fact (because it misrepresents the prior rulings in this case). It should be rejected.

**B.  The O'Reilly-FDA Communications Sought By RFP No. 275 Should Be Produced**

**1.  The O'Reilly-FDA Communications Are Relevant**

The O'Reilly-FDA communications are directly relevant to the allegations that

[REDACTED]

---

[1] Plaintiffs' assertion (at 9) that Judge Early stated that "I don't need evidence" to rule on proportionality is misleading. Judge Early was making the "common sense" point that evidence may not be needed if a request for production is phrased broadly, but is necessary if the request appears more limited (e.g., "give me all documents that mention RC Cola for the year 2014 produced in the country of Portugal"). Ex. B at 17.

1  ████████████████████████████████████████████████████████

2  ██████████████████████████████████

3  Plaintiffs' first response is to repeat their prior refrain that this theory of relevance "makes no sense"—without explaining why that is so. Opp. 6.[2] As just discussed, ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Plaintiffs also argue that this theory of relevance should be rejected because it is "speculative." Opp. 6. But the only case they cite in support of this argument was discussing proportionality, not relevance. *See Smith v. Bank of America, N.A.*, 2019 WL 7188571, at *9 (C.D. Cal. 2019) (court concluding that even if documents were "possibly relevant," they were not "proportional to the needs of this case" (emphasis omitted)). In any event, O'Reilly's communications with the FDA are directly relevant to this case for the reasons explained above. The only "speculation" involved is whether the communications exist, which is information that Apple could not possibly know without discovery, as it is solely within the control of Plaintiffs.

Finally, Plaintiffs argue that Apple "has not shown relevance" ██████████ ████████████████████████████████████████████████████████ ██████ ██████ ████████████████████████████ ██████████ Plaintiffs' characterization that these ████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████ But Apple should *also* be able to attack Plaintiffs' case by ████████████████████████████████████████ ██████ In any event, whether or not Apple has agreed to produce those documents says nothing about whether Apple RFP No. 275 is relevant.

---

[2] Plaintiffs imply (at 6) that Apple ignored this purported argument in its opening brief. Not so. *See* Mot. 8 n.4.

## 2. The O'Reilly-FDA Communications Are Not Overbroad Or Disproportionate To The Needs Of The Case

As Apple explained, Plaintiffs have not carried their burden to show that the communications are overbroad or disproportionate to the needs of the case because RFP No. 275 is limited in both substance (to emails with specific senders/recipients, O'Reilly or the FDA) and time (to the period when O'Reilly worked for Plaintiffs). Mot. 9.

█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Plaintiffs next try to distinguish the numerous cases Apple cites showing that the terms "relating to" and "all" are not *per se* overbroad by pointing out that the cases are not 100% factually identical to this one (apparently because those cases involved "bank account statements" and "discipline and personnel complaints" rather than emails). Opp. 7-8. But Plaintiffs tellingly do not dispute the basic legal principle for which those cases are cited—that a request is not overbroad solely because it uses "relating to" or "all" so long as the request seeks a specific type of information (as is the case with RFP No. 275). Mot. 8-9. As Plaintiffs themselves have acknowledged, many of their own RFPs request documents that "refer or relate" to and "that's been the parties' practice." Ex. B at 54:19-55:6.

Plaintiffs also argue at length that it would be burdensome to conduct a reasonable search for O'Reilly's communications with the FDA. Opp. 7-9. But they fail to respond to Apple's suggestion—which was also made before the Special Master, Ex. 29 at 3—

1  ████████████████████████████████████████████████
2  ████████████████████████████████ Whether or not Plaintiffs should be required
3  to make a "*detailed* evidentiary showing of burden" (Opp. 9 (emphasis added)), they
4  have made *no* showing and provided *no* explanation for why such a straightforward
5  search would raise difficulties.

6  Plaintiffs' related suggestion (*id.* 8-9) that Apple has argued that a search like the
7  one proposed here would be unduly burdensome is incorrect. ████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████ The Special
11 Master rejected Plaintiffs' arguments precisely because "many other ESI searches have
12 been run that are related to the accused technology" and the number of "non-overlapping
13 documents" to be found was minimal. Dkt. 635 at 3.³

14 In sum, Apple seeks a narrow and discrete category of documents
15 (communications between O'Reilly and FDA) that merely requires filtering Mr.
16 O'Reilly's emails for an FDA email extension. Given the relevance of the
17 communications and the ease with which they could be produced, Apple's request is not
18 overly broad and is proportional to the needs of the case. *See SPS Techs., LLC v. Briles*
19 *Aerospace, Inc.*, 2020 WL 4341717, at *2 (C.D. Cal. June 25, 2020) (rejecting "mere[]
20 assert[ion]—without *any* support—that additional burden … of running the additional
21 ESI search terms is 'unreasonable'").

---

³ Plaintiffs wrongly assert (at 3) that Apple has argued that "a reasonable search for emails" is necessarily "satisfied by searching email ESI with agreed-upon terms for identified custodians." In the two documents cited, Apple stated only that this could constitute a reasonable search for "at least *some* … RFPs." Ex. 17 at 2 (emphasis added); *see also* Ex. 18 at 1 (identifying specific RFPs where this was sufficient).

C. **The *True Wearables* Documents Sought By The Narrowed RFP Nos. 283-286 Should Be Produced**

1. **The *True Wearables* Documents Are Relevant**

████████████████

████████████████

████████████████

████████████████ The *True Wearables* suit alleges that Lamego and his company improperly used trade secrets that Lamego obtained during his employment for Plaintiffs, and this suit similarly alleges that Apple improperly used dozens of trade secrets that Lamego purportedly brought over from Plaintiffs. Mot. 1, 11-12. ████████

████████████████

████████████████

████████████████

████████████████

████████████████

████████████████

Plaintiffs' opposition does not dispute the facts above. Rather, it simply (at 9-10) repackages arguments on *proportionality* (i.e., that the requests will sweep in more than just relevant documents). That is an issue on which they have the burden of proof. *See Physicians Healthsource Inc. v. Masimo Corp.*, 2019 WL 1966663, at *4 (C.D. Cal. Feb. 27, 2019) (Selna, J.) (explaining that language of Rule 26(b) "does not place on the party

---

[4] Plaintiffs argue (at 9-10, 12) that they cited the *True Wearable* among "many other cases" in support of a legal proposition. ████████
████████████████
████████████████
████████████████
████████████████

seeking discovery the burden of all proportionality considerations").[6]  As explained below, Plaintiffs cannot carry that burden.

## 2. The *True Wearables* Documents Are Not Overbroad Or Disproportionate To The Needs Of This Case

*First*, Plaintiffs devote significant space to rebutting an argument that Apple is not making—i.e., that this Court should enforce the *True Wearables* RFPs as originally written. *See, e.g.*, Opp. 10 (arguing that Apple is seeking "every document mentioning Marcelo Lamego or other current or former Apple employees that was produced, served, filed, or sent between counsel"); *id.* 12 (arguing that Apple is "requesting nearly every document from *True Wearables*"). But as Apple explained in its opening brief, it is only seeking to compel production of the documents called for by its *narrowed* RFPs, which are limited to a discrete set of sealed documents and discovery responses. *See* Mot. 5, 11-12. This refutes Plaintiffs' attempt (at 12) to distinguish *Ramirez v. County of Los Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005), and *Bryant v. Mattel, Inc.*, 2007 WL 5432960 (C.D. Cal. Apr. 17, 2007), based on the number of documents at issue.[7]

In any event, as noted above, even regarding the RFPs as originally drafted, Plaintiffs' prior position was that Apple was free to obtain those materials from third-party True Wearables, but that Plaintiffs themselves should not be required to collect and produce the same materials.

Plaintiffs relatedly contend that Apple waived the opportunity to narrow its RFPs by not doing so at an earlier stage. Opp. 11. Plaintiffs, however, cite no authority barring a party from asking for *less* (as opposed to more or different) relief at a hearing.

---

[6] [redacted]

[7] Moreover, because Plaintiffs have failed to explain why producing just a limited number of sealed documents and discovery responses (as opposed to all *True Wearables* documents) would be burdensome, *Martinez v. Davis*, 2010 WL 11549650 (C.D. Cal. Mar. 11, 2010), remains applicable. *Cf.* Opp. 12.

Plaintiffs' assertion that Apple has previously taken a contrary position on the propriety of narrowing in front of the Special Master and Judge Early is meritless. The snippet Plaintiffs cite from Judge Early denied Plaintiffs' request to narrow its RFPs based on the sheer volume of the requests at issue. *See* Ex. B at 27 ("[A]s I mentioned to you I'm not going to be in the business with 92 Requests to start narrowing on the fly, it's either going to be granted or denied."). And—remarkably—the only Special Master ruling Plaintiffs identify is the one at issue *in this case*, where the Special Master barred *Apple* from narrowing its RFPs. *See* Dkt. 656 at 7-8.

*Second*, Plaintiffs' overbreadth arguments are meritless. They argue (at 11) that Lamego is insufficiently important to "justify production of every [*True Wearables*] document mentioning his name." Opp. 11. But again, Apple is not requesting every document—just a limited number of sealed documents and discovery responses. Moreover, as discussed above, Lamego is central to Plaintiffs' allegations in this case. *See supra* p. 1, 8. Plaintiffs themselves have repeatedly described him ██████

██████

██████

█████

Plaintiffs relatedly contend that Apple's request for the *True Wearables* sealed documents and discovery responses referencing current/former Apple employees is overbroad. Opp. 12. But as Plaintiffs concede, Apple offered to provide them with just such a list of employees and they declined to take further action. Apple should not be punished for Plaintiffs' strategic failure to act. ██████

██████

██████

██████

█████

*Third*, Plaintiffs' arguments regarding the purported undue burden imposed by these RFPs are unpersuasive. Their contention (at 13) that they would be required to "pour through tens of thousands of documents" to produce responsive documents is apparently once again pegged to the original RFPs, rather than the narrowed RFPs that apply only to sealed documents and discovery responses. Plaintiffs' complaint that it will be "burdensome" to determine whether the sealed documents and discovery requests in *True Wearables* relate to the trade secrets in this case simply ignores the basic legal proposition cited in Apple's opening brief—that only a trade secret owner can determine the metes and bounds of its claims. *See Coast Hematology-Oncology Assocs. Med. Grp. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 758 (2020). Indeed, the definition and scope of Plaintiffs' asserted trade secrets shifted—at Plaintiffs' request—less than two weeks ago. *See* Dkt. 669 at 4-9 (granting leave for Plaintiffs to amend and add to their purported trade secret claims).

*Fourth*, Plaintiffs' contention that Apple should seek the *True Wearables* documents directly from the defendant in that case fails. Plaintiffs' arguments (at 14) about whether the RFPs' use of the word "all" is improper have been refuted above, *see supra* pp. 3, 6, and they do not dispute that they have physical possession of electronic copies of the sealed filings and discovery responses from the *True Wearables* litigation, *compare* Mot. 14 *with* Opp. 14-15. Instead, they argue that the documents are "far more accessible to Apple" because ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Plaintiffs also contend that Apple should be barred from challenging its failure to produce in light of Apple's position in a decade-old case from another District. Opp. 14; *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 2862613, at *4 (N.D. Cal. July 11,

---

[8] Plaintiffs assert (at 15 & n.5) ████████████████████████ but provide no explan

2012). But *Samsung* is entirely inapposite because there, Apple could not produce the documents at issue without permission from the tribunal—permission that Apple had expressly requested and that remained pending at the time of the decision. *See Samsung*, 2012 WL 2862613, at *4 & n.30. Here, Plaintiffs concede that it is possible for them to produce the documents sought so long as they comply with True Wearables' guidelines for doing so. *See* Opp. 14. In any event, Plaintiffs have failed to dispute that they have not even attempted a reasonable search for the requested documents that contain only Plaintiffs' confidential material (and thus could be produced without permission from True Wearables). Plaintiffs' failure to attempt even this small step shows that their undue burden arguments are entirely hollow—they simply do not wish to produce the highly relevant documents that Apple has requested.

### III. CONCLUSION

Apple respectfully requests that the Court sustain Apple's objections to the Special Master's Discovery Order No. 8 and order the production of documents responsive to RFP Nos. 275 and 283-286.

| | |
|---|---|
| Dated: May 9, 2022 | Respectfully submitted, |

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*