JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT FOURTH AMENDED COMPLAINT [DKT. 672]**<br><br>Date: June 6, 2022<br>Time: 1:30 p.m.<br><br>Discovery Cut-Off: Aug. 12, 2022<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT FOURTH AMENDED COMPLAINT         CASE NO. 8:20-cv-00048-JVS (JDEx)

1   BRIAN A. ROSENTHAL, *pro hac vice*
       brosenthal@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
3   New York, NY 10166-0193
    Tel.: 212.351.2339 / Fax: 212.817.9539
4
    ILISSA SAMPLIN, SBN 314018
5      isamplin@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   333 South Grand Avenue
    Los Angeles, CA 90071-3197
7   Tel.: 213.229.7000 / Fax: 213.229.7520

8   ANGELIQUE KAOUNIS, SBN 209833
       akaounis@gibsondunn.com
9   GIBSON, DUNN & CRUTCHER LLP
    2029 Century Park East Suite 4000
10  Los Angeles, CA 90067
    Tel.: 310.552.8546 / Fax: 310.552.7026
11
    MARK D. SELWYN, SBN 244180
12     mark.selwyn@wilmerhale.com
    WILMER CUTLER PICKERING
13      HALE AND DORR LLP
    2600 El Camino Real, Suite 400
14  Palo Alto, CA 94306
    Tel.: 650.858.6000 / Fax: 650.858.6100
15
    NORA Q.E. PASSAMANECK, *pro hac vice*
16     nora.passamaneck@wilmerhale.com
    WILMER CUTLER PICKERING
17      HALE AND DORR LLP
    1225 Seventeenth St., Suite 2600
18  Denver, CO 80202
    Tel: 720.274.3152 / Fax: 720.273.3133
19
    KENNETH G. PARKER, SBN 182911
20     ken.parker@haynesboone.com
    HAYNES AND BOONE, LLP
21  600 Anton Blvd., Suite 700
    Costa Mesa, CA 92626
22  Tel: 949.202.3014 / Fax: 949.202.3152

## I. INTRODUCTION

Apple does not object to Plaintiffs' right to file the First Supplement to the Fourth Amended Complaint submitted as Exhibit C (Dkt. 673-3), and Apple agreed to that relief long ago. But Apple has repeatedly objected to Plaintiffs' efforts to incorporate by reference paragraphs of allegations already recited in the active complaint—they are unnecessary to support the supplement to the Fourth Amended Complaint that simply updates Plaintiffs' ownership claim and asserts a new claim for correction of inventorship, and not permitted by Federal Rule of Civil Procedure 15(d). This Court should deny Plaintiffs' motion in part and grant it in part, giving Plaintiffs leave to file the First Supplement to the Fourth Amended Complaint submitted at Exhibit C. (Dkt. 673-3.)

## II. PLAINTIFFS' EFFORT TO RE-ASSERT ALLEGATIONS PRE-DATING THE FOURTH AMENDED COMPLAINT

In Exhibit A (Dkt. 673-1), Plaintiffs propose to incorporate by reference 22 paragraphs previously set forth in the Plaintiffs' Fourth Amended Complaint. (*See* Dkt. 673-1 at ¶¶ 8-26, 47-49.) None of the allegations sets forth facts that post-date the filing date of the Fourth Amended Complaint. (*Id.*) The allegations include assertions about Plaintiffs' business and purported innovations, Plaintiffs' efforts at guarding the secrecy of their confidential information, Plaintiffs' interactions with Apple in 2013, Apple's recruiting and hiring of Plaintiffs' employees Michael O'Reilly in 2013 and Marcelo Lamego in 2013/early 2014, Mr. Lamego's alleged use of Plaintiffs' confidential information during his six-month employment at Apple in 2014, Apple's alleged incorporation of Plaintiffs' technology into Apple Watch starting in 2018, and descriptions of other patents for which Plaintiffs assert claims for correction of inventorship. (*See* Dkt. 673-2 at ¶¶ 8-26, 47-49.) None of the allegations are new events

that occurred after the Fourth Amended Complaint, and none of them are necessary to assert the new inventorship claims.[1]

## III. ARGUMENT

The only dispute between the parties is whether Plaintiffs may "supplement" the operative complaint by referring back to and incorporating by reference the 22 paragraphs described above. (Dkt. 673-2 at ¶¶ 8-26, 47-49.)

It is plainly impermissible under Federal Rule of Civil Procedure 15(d). Rule 15(d) only permits and envisions the addition of allegations that "set[] out [a] transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented" (emphasis added). Courts and commentators agree the rule only allows new information to be added. *See Jackson v. Josiah*, 2021 WL 1773539, at *2 (E.D. Cal. Mar. 1, 2021) (Rule 15(d) allows supplementation "only with" events that occur "'*after* the date of the pleading to be supplemented'"); *Wilson v. City of Walnut Creek*, 2020 WL 4569474, at *2 (N.D. Cal. Aug. 7, 2020) ("Rule 15(d) requires an inquiry into the conduct that has occurred after the date of the pleading to be supplemented."); William W. Schwarzer et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, Cal. and 9th Cir. Eds.*, Ch. 8-F at 8:1720 (2022) ("A supplemental pleading is used to allege relevant facts *occurring after* the original pleading was filed." (emphasis in original)). This limitation exists because a supplemental pleading does not replace the operative pleading it supplements; rather, it is read *in conjunction with the operative pleading*. *Id.* at 8:1725.

Tellingly, although Plaintiffs cite a number of cases that set forth the *general* standard under Rule 15(d), they do not cite a single case from any jurisdiction granting

---

[1] Plaintiffs (at 5) feign confusion why Apple would object to the incorporation of only some of paragraphs 1-50. As outlined in the parties' correspondence, Apple originally raised concerns as to all 50 paragraphs, agreed to incorporation of background paragraphs in an effort to avoid motion practice. Plaintiffs did not agree, and Apple maintains its objection to allegations that are de facto RFAs. *See* Ex. 1 at 2.

a comparable request to repeat old material previously asserted in the operative pleading being supplemented.  The 22 paragraphs at issue are not necessary to update their ownership claim and assert a new claim for correction of inventorship, and Plaintiffs do not suggest otherwise.

## IV. CONCLUSION

This Court should grant Plaintiffs leave to file the pleading submitted as Exhibit C (Dkt. 673-3) and deny Plaintiffs' motion to incorporate by reference a host of old, already-asserted allegations.

Dated: May 16, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*