# EXHIBIT A

| **From:** | Parker, Ken <Ken.Parker@haynesboone.com> |
|---|---|
| **Sent:** | Tuesday, April 19, 2022 1:13 PM |
| **To:** | Ben.Katzenellenbogen |
| **Cc:** | *** Apple-Masimo; Masimo.Apple; WH Apple-Masimo Service List |
| **Subject:** | Re: Masimo v. Apple -- Supplemental Complaint |

**EXTERNAL SENDER**

Ben,

We do  not agree to the filing of the stipulation Plaintiffs propose.  First, Judge Selna made clear this week that he prefers a normal notice of motion process.  Second, as importantly, Plaintiffs' proposed stipulation ignores that Plaintiffs bear the burden of showing good cause for including the surplus allegations that it seeks to include in the Supplemental Complaint.  We believe that to date Plaintiffs have failed to address the clear text of FRCP 15, the plain meaning of "supplement," and the authority provided stating that a supplemental complaint should only contain new material, not repeat old materials.  And Plaintiffs have yet to address the issue of the confusion that repetitive allegations will later cause.  In addition, in this case the parties have agreed upon a specific cap on requests for admission in this case, and Plaintiffs' repetition of surplus, old, and unnecessary allegations in the Supplemental Complaint circumvents the parties' negotiated and agreed-upon RFA cap.  Frankly Plaintiffs have failed to articulate any legitimate reason for repeating allegations of old facts in the Supplemental Complaint and need to explain to the Court why that should be permitted.

We believe the parties have complied with all Rule 7.1 obligations and that Plaintiffs are free to file their motion whenever they wish.

Regards,

**Ken Parker**
HaynesBoone
949-433-4890

On Apr 15, 2022, at 2:58 PM, Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com> wrote:

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ken,

Can you please confirm before the end of the day that Apple approves the stipulation?
That will allow us to circulate final PDFs on Monday before filing.

Exhibit A
Page 1

Thanks,
Ben

**Ben Katzenellenbogen**

949-721-6374 **Direct**

**Knobbe Martens**

---

**From:** Ben.Katzenellenbogen
**Sent:** Wednesday, April 13, 2022 11:11 AM
**To:** Parker, Ken <Ken.Parker@haynesboone.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

I'm disappointed the parties were unable to resolve this minor issue, particularly after Masimo repeatedly offered to compromise.

As we discussed, in order to minimize the burden on the Court and the parties that would be associated with a formal motion, attached is a stipulation and proposed order that asks the Court to grant leave to file a supplemental complaint either with Masimo's proposed wording or with Apple's proposed wording.  The only difference in the two exhibits A and B would be which paragraph numbers are incorporated by reference.

Please confirm we have your approval to file.  Of course, if you think there is any potential room to resolve this issue, please give me a call.

Thanks,
Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

---

**From:** Parker, Ken <Ken.Parker@haynesboone.com>
**Sent:** Tuesday, March 29, 2022 4:19 PM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ben,

Thanks for your email.  Apple will oppose any Supplemental Complaint that incorporates paragraphs 8-26 and 47-49 on the grounds, among others, that they do not contain new allegations that post-date the filing of the Fourth Amended Complaint, create confusion, and are unnecessary surplusage in the context of a Supplemental Complaint under Rule 15(d).  In the event Masimo files a Supplemental Complaint that incorporates only paragraphs 1-7 and 50, Apple will not challenge the sufficiency of the pleading under Rules 12 or 15 or assert that Masimo's agreement not to incorporate paragraphs 8-49 affects the substance of the supplemental allegations or limits the proof Masimo may offer in support of its new claim.

Exhibit A
Page 2

Regards,

Ken

## HAYNES BOONE

**Kenneth G. Parker** | Partner-Litigation
ken.parker@haynesboone.com | (t) +1 949.202.3014
Orange County | Palo Alto

**From:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Sent:** Thursday, March 24, 2022 12:28 PM
**To:** Parker, Ken <Ken.Parker@haynesboone.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ken,

We disagree with Apple's assertions and do not understand Apple's professed concerns.

However, if it will avoid any dispute, we are willing to compromise by incorporating paragraphs 1-26 and 47-50, provided Apple agrees that it will not (1) challenge the sufficiency of the supplemental pleading, or (2) assert that Masimo's agreement not to incorporate paragraphs 27-46 affects the substance of the supplemental allegations or limits the proofs Masimo may offer in support of the new claim.

Please confirm.

Thanks,
Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

**From:** Parker, Ken <Ken.Parker@haynesboone.com>
**Sent:** Tuesday, March 15, 2022 10:26 AM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** Re: Masimo v. Apple -- Supplemental Complaint

Dear Ben,

We have reviewed the recently revised First Supplement to the Fourth Amended Complaint.  Although it has eliminated almost all of the unnecessary and potentially confusing repetition of allegations, one problem remains: the wholesale incorporation of paragraphs 1-50 via paragraph 326 of the First Supplement to the Fourth Amended Complaint is inappropriate.  Paragraphs 8-49 set forth no new facts and no facts necessary to support the 28th Cause of Action set

3

Exhibit A
Page 3

forth in the proposed First Supplement and create unnecessary issues and confusion.  As just one example, several trade secrets have been dismissed.  Incorporation of them creates issues as to whether the First Supplement can even be signed in good faith and then how to handle conflicting responsive pleadings (since the new answer would have to note the dismissal of trade secrets).


At most, only incorporation of paragraphs 1-7 and 50 is appropriate and does not create the issues I refer to above.  Thus, Apple would not object to paragraph 326 incorporating paragraphs 1-7 and 50 of the Fourth Amended Complaint by reference.

**Ken Parker**
HaynesBoone
949-433-4890


On Mar 10, 2022, at 11:21 AM, Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com> wrote:


**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ken,

Following up on the email below (and my subsequent email forwarding it to your Haynes and Boone email address), please let us know if Apple has any questions or concerns.

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**
**Knobbe Martens**

**From:** Ben.Katzenellenbogen
**Sent:** Friday, March 4, 2022 1:54 PM
**To:** Parker, Kenneth G. <KParker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

Thanks for discussing this with me.
Attached is the draft supplemental complaint, as well as an accompanying stipulation and proposed order.

Please let us know if you have questions or concerns.

Thanks,
Ben

**Ben Katzenellenbogen**
949-721-6374 **Direct**
**Knobbe Martens**

Exhibit A
Page 4

**From:** Ben.Katzenellenbogen
**Sent:** Wednesday, February 23, 2022 10:49 AM
**To:** Parker, Kenneth G. <KParker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

I have written you four times in the last two weeks regarding the supplemental complaint, including three times last week, without receiving any response.

Please provide the courtesy of responding.

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374  **Direct**
**Knobbe Martens**

---

**From:** Ben.Katzenellenbogen
**Sent:** Friday, February 18, 2022 4:14 PM
**To:** Parker, Kenneth G. <KParker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

We still have not heard from Apple on this issue.
Please respond.

-Ben

**Ben Katzenellenbogen**
949-721-6374  **Direct**
**Knobbe Martens**

---

**From:** Ben.Katzenellenbogen
**Sent:** Wednesday, February 16, 2022 12:00 PM
**To:** Parker, Kenneth G. <KParker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

We again request that you confirm Apple will not oppose Masimo's request for leave to amend, or identify a time in the next couple of days when you are available to discuss.

Exhibit A
Page 5

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

---

**From:** Ben.Katzenellenbogen
**Sent:** Monday, February 14, 2022 10:39 AM
**To:** 'Parker, Kenneth G.' <KParker@gibsondunn.com>; '*** Apple-Masimo' <Apple-Masimo@gibsondunn.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** 'WH Apple-Masimo Service List' <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

Please confirm today that Apple will not oppose Masimo's request for leave to amend, or identify a time in the next
couple of days when you are available to discuss.

Thanks,
Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

---

**From:** Ben.Katzenellenbogen
**Sent:** Sunday, February 6, 2022 3:07 PM
**To:** Parker, Kenneth G. <KParker@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>;
Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ken,

Masimo agrees that it will not argue the supplemental claim provides a basis for extending the case schedule.

Masimo will also agree that it will not argue the supplemental claim provides a basis for serving additional
interrogatories or requests for production specifically directed to the supplemental claim, provided Apple agrees to
supplement its prior responses to provide any additional information or documents that are responsive in light of the
supplemental claim.  Of course, as discovery proceeds, Masimo may serve additional written discovery requests that
seek information relating to Masimo's inventorship claims, including the supplemental claim.

We disagree with Apple's suggestion that Masimo should file a supplemental complaint that omits the allegations from
the currently operative complaint, thereby creating multiple operative complaints.  The supplemental complaint will
replace the current complaint and become the operative complaint as set forth in the draft.

We are happy to discuss the format of Apple's answer.  We note that it would require the same effort for Apple to
prepare a supplement its prior answer that provides responses to the supplemental allegations as it would for Apple to
create a new document that included responses to the supplemental allegations.  Thus, we do not understand Apple's
concerns.

6

Exhibit A
Page 6

Please confirm that Apple will not oppose Masimo's request for leave to amend.  If you would like to discuss, let me know when you are available.

Thanks,

Ben

**Ben Katzenellenbogen**

949-721-6374 Direct

**Knobbe Martens**

---

**From:** Parker, Kenneth G. <KParker@gibsondunn.com>
**Sent:** Monday, January 24, 2022 3:15 PM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Ben,

We want to make sure we have a common understanding about the practical ramifications of the Supplement to the Complaint at this stage.  First, given the time that has passed since the '390 patent issued—and that Plaintiffs already identified the application for it in the Fourth Amended Complaint ("FAC") and it has been the subject of extensive discovery—the Supplement to the Complaint should not provide a springboard for new interrogatories or requests for production.  Second, we do not believe it should be used as a basis for any schedule extensions.  Please confirm Plaintiffs will not be asserting anything to the contrary.

Since a supplement to the complaint supplements, rather than replaces, the existing complaint, we believe that as to form the Supplement to the Complaint should contain only new claims and any new facts that support any of the new claims.  Among other things, the repetition of hundreds of previous allegations from the FAC creates ambiguity as to whether the entire Supplement to the Complaint must be answered anew and whether the Supplement to the Complaint is replacing the FAC.  We do not believe Plaintiffs intend the Supplement to the Complaint to entirely replace the FAC.  And, therefore, we request that Plaintiffs revise this draft and provide a new version for our review.  If we need to discuss on the phone, please let me know.

Regards,

**Ken Parker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4336 • Cell +1 949.433.4890
KParker@gibsondunn.com • www.gibsondunn.com

---

**From:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Sent:** Monday, January 24, 2022 1:26 PM
**To:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple -- Supplemental Complaint

Exhibit A
Page 7

**[WARNING: External Email]**

Counsel,

Apple has not responded to my email below.

Please provide Apple's position by close of business tomorrow.

Thanks,
Ben

**Ben Katzenellenbogen**
949-721-6374 **Direct**
**Knobbe Martens**

---

**From:** Ben.Katzenellenbogen
**Sent:** Thursday, January 13, 2022 9:59 AM
**To:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** Masimo v. Apple -- Supplemental Complaint

Counsel,

Please confirm Apple does not oppose Masimo filing a supplemental complaint to identify that Apple's '507 application issued as the '390 patent.

As reflected in the attached redlines, Masimo proposes to supplement Paragraph 50 to identify the issuance of the '390 patent, supplement Claim 26 to refer to the '390 patent instead of the '507 application, and to add Claim 28 seeking correction of inventorship of the '390 patent.

If Apple would like to discuss, we are available to meet and confer.

-Ben

**Ben Katzenellenbogen**
949-721-6374 **Direct**
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit A
Page 8

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

Exhibit A
Page 9