UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | SACV 20-00048JVS(JDEx) |
| Title | Masimo Corporation, et al. v. Apple Inc. |
| Date | May 13, 2022 |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** **[IN CHAMBERS] Order Regarding Apple's Objections to Special Master Order No. 7**

Before the Court is Apple's Objections to the Special Master's Order No. 7. See Obj., ECF Nos. 654, 657 (sealed); see also ECF No. 641 (Special Master Order No. 7). Masimo filed an opposition. See Opp., ECF Nos. 658, 668 (sealed). Apple filed a reply. See Reply, ECF Nos. 676, 683 (sealed). The Court granted Masimo's ex parte application to file a sur-reply ("SR"). See ECF Nos. 689 (order), SR, 685-2, 698 (sealed). The Court denied Apple's ex parte application to respond to the sur-reply. ECF No. 711.

A review of the briefing demonstrates that this matter may be decided without the need for oral argument. Fed. R. Civ. P. 78; L.R. 7-15. There is no hearing to vacate, however, because Apple did not properly file its objections as a noticed motion placed on the Court's calendar.[1] If any party wishes to file objections in the future, the request must be filed as a noticed motion (e.g., Motion to Review Special Master Order No. 7) so it is placed on the Court's calendar. The parties may direct any questions about the proper docketing event to the CM/ECF Help Desk.

For the following reasons, the Court **SUSTAINS** the objections without prejudice to Masimo filing an appropriate request for relief, if necessary, to be considered before the Special Master in the first instance.

---

[1] The same is true for Apple's objections to the Special Master's Order No. 8. See ECF No. 664.

# I. BACKGROUND

The parties are familiar with the facts of this case so the Court recites them here only as necessary to resolve this dispute.

Apple object to the Special Master's Order No. 7, which orders Apple to produce all non-privileged ESI from its CEO, Tim Cook, that hits on agreed search terms. Obj. at 1. Apple argues that the Special Master misconstrued Judge Early's order to produce "all responsive non-privileged documents" (ECF No. 502 at 2) to mean all documents that hit on Plaintiffs' search terms. Obj. at 1, 8. Apple argues it should be required to produce only "documents that are relevant and proportional to the litigation." Id. at 1. Apple observes that "[n]othing in Judge Early's September 29 ruling addresses the relevance question" because the underlying motion addressed only whether Tim Cook should be added as an ESI custodian. Id. at 11-12. Apple argues that "Judge Early did not state that all of Mr. Cook's ESI was *per se* relevant." Id. at 12. Contrary to this narrow order, Apple argues that the Special Master's Order No. 7 now requires "Mr. Cook [to be] the only custodian for which Apple must produce all documents that hit on Plaintiffs' search terms—no matter how private or irrelevant." Id.

Masimo responds that the Special Master's order is correct because it seeks to enforce Judge Early's order, and "Judge Early did not allow Apple to screen documents for 'relevance,'" but instead "required Apple to produce all 'responsive' documents." Opp. at 1. Masimo argues that Judge Early entered a broad order because he perceived that Apple was hiding something. Id. ("Apple's history of withholding documents as supposedly irrelevant was the very act that caused Judge Early to question Apple's candor in the first place."); see also id. at 8-9. Masimo argues that Apple should comply with Judge Early's and now the Special Master's order, and "Apple can redact truly personal information." Id. at 2. Masimo argues this relief is appropriate given Apple's misrepresentations to Judge Early, where Apple's counsel knew of the Lamego-Cook email at least by June 3, 2021, yet told Judge Early that Cook likely had no relevant ESI on June 7, 2021. Id. at 3-4. Further, Masimo rejects Apple's arguments relating to ESI search-term specific discovery, arguing that "Apple identifies no reason why it should be allowed to filter for its own unilateral view of relevance because documents were found using ESI searching instead of other searching." Id. at 10.

In its Reply, Apple continues to object, but notes that, "in an effort to further narrow the parties' dispute and out of an abundance of caution," Apple produced several hundred additional documents, including "those that hit on search terms, do not implicate Mr. Cook's personal matters, and have even a remote connection to this litigation at a very high level of generality." Reply at 2. Apple rejects Masimo's interpretation of Judge Early's order, arguing that if Judge Early wanted Apple to produce everything that hit on the agreed upon search terms and let Masimo determine relevance, then "Judge Early

would presumably have ordered Apple to produce 'all non-privileged documents,' and not 'all responsive[,] non-privileged documents.'" Id. at 3.

## II. LEGAL STANDARD

"The court must decide de novo all objections to findings of fact made or recommended by a master." Fed. R. Civ. P. 53(f)(3). "[T]he court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53 (f)(5); see also ECF No. 470, Order Appointing Special Master at ¶¶ 15-17 ("Standards of review for objections to the Special Master's rulings shall be as follows per Rule 53(f)(3)-(5)"). "The Court must decide de novo all objections to conclusions of law." Id. "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo." Hernandez v. Lynch, No. ED CV 16-620 JGB(KKx), 2019 WL 6998774, at *2 (C.D. Cal. June 18, 2019). But a party "cannot raise entirely new arguments for the first time on an objection to a Special Master's Report." World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1278, n.13 (D. Haw. 2008), aff'd in part, appeal dismissed in part sub nom. World Triathlon Corp. v. Hapai, 320 F. App'x 778 (9th Cir. 2009).

Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Heredia v. Sunrise Senior Living LLC, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

The Court has conducted a de novo review of the record relating to this discovery dispute, including the Special Master's Order No. 7 and Judge Early's underlying orders. Based on that review, for the reasons explained below, the Court **SUSTAINS** Apple's objections. As explained below, however, this ruling is without prejudice to Masimo filing an appropriate motion for the requested relief for the Special Master to consider in the first instance, but only if such relief remains necessary.

In Order No. 7, the Special Master "continue[d] to emphasize the concerns stated in his tentative ruling regarding ESI data dumps and notions of basic trust in complex

litigations," but given "the specific circumstances of this dispute," the Special Master concluded that "Judge Early intended by his September 29, 2021 Order Granting Plaintiffs' Motion for Reconsideration (Dkt. No. 502) that Apple be required to produce all documents uncovered by the search terms identified, without any determinations made by Apple regarding their perceived relevance to this case." ECF No. 641 at 3.

Because Masimo never requested this relief before Judge Early, the Court declines to adopt this conclusion. A review of the underlying proceedings before Judge Early demonstrates that Masimo is overreaching in its interpretation of Judge Early's order.

The seeds that sprouted into this dispute were planted when Apple filed its Motion to Compel Plaintiffs to Immediately Proceed with ESI Discovery. ECF No. 333. To resolve that motion, Judge Early considered "over 900 pages of material." ECF No. 355 at 1. Judge Early concluded that the parties were in agreement that ESI discovery should move forward, so he granted the motion in part "as follows: the parties are ORDERED, to the extent they have not already done so, to immediately proceed with the production of electronically stored information ("ESI") for up to 39 custodians per side, which the Court, having considered all of the evidence and argument presented by the parties, finds reasonable and proportionate to the needs of the case." Id. at 2 (citing Fed. R. Civ. P. 26(b)(1)).

During ESI discovery, Masimo sought to add Tim Cook as an ESI custodian. Masimo styled its request as a "motion to compel Apple to comply with the Court's Order (Dkt. 355) by searching Tim Cook's Documents." See ECF Nos. 377 (Notice), 379-1 (Joint Stipulation brief). In the motion, consistent with the Order Masimo was seeking to enforce (ECF No. 355) and the Notice of Motion (ECF No. 377), Masimo "request[ed] [that] the Court order Apple to proceed with searching Mr. Cook's files." ECF No. 379-1 at 9. Outside of discussing whether Cook would likely possess ESI relevant to the case, i.e., whether he should be included as an ESI custodian, the parties' Joint Stipulation brief did not discuss any special procedures for Cook's ESI if the Court ordered him included as a custodian. This suggests the parties assumed he would be treated the same as any other custodian (i.e., apparently no other custodian has produced *all* non-privileged documents simply because they hit on search terms without further review).

Judge Early held a hearing on Masimo's motion to compel on June 10, 2021. During the hearing, Apple argued it was unlikely Cook's ESI contained anything relevant to the case. Relying on Apple's statements, and stressing the importance of their accuracy as providing support for his ruling, Judge Early denied Masimo's motion to compel. See ECF No. 445. After the Lamego-Cook email came to light in this case, Masimo filed a motion to reconsider, arguing that the email demonstrates that Cook has relevant material and should be an ESI custodian; Masimo argued including him as a custodian was proportional to the needs of the case. See ECF Nos. 471, 472 at 11 ("the newly available evidence further shows that searching Cook's ESI is proportional"). Thus, Masimo

"request[ed] [that] the Court reconsider its decision and order Apple to search Cook's ESI using Masimo's proposed search terms." Id. at 11.

During the hearing on Masimo's reconsideration motion, Judge Early expressed serious concerns about Apple's representations to him in the prior hearing concerning the unlikelihood that Cook's ESI would contain anything relevant. In discussing how he decided the motion to compel, Judge Early asked counsel:

> What do I do [to prepare for motion hearings]? I rely on the candor of counsel at times, like I did on June 10th, when you told me Mr. Cook is unlikely to have any relevant, discoverable material in his email, and you just confirmed to me -- we could talk about the issue of ESI custodian in a moment -- but you just confirmed to me that this email is relevant on so many issues that you -- you don't even want to talk about it anymore. Did you lie to me?

ECF No. 654-18 at 29:4-11. Counsel stated it was "not [his] intent," and he wanted to argue that CEOs should not become custodians upon receiving unsolicited emails. But Judge Early observed that, rather than raising the email and explaining why it did not make Cook a proper custodian, counsel instead withheld the email from the Court. Id. at 28:12-29:3.

Reminding counsel of his representations at the prior hearing, Judge Early admonished counsel:

> [At hearings,] I'm going to take you at your word when you tell me as an officer of the Court it's not likely to have any relevant discoverable information. And to hear that you knew about this October 2nd, 2013, [email] at the time you made that representation, and assured me that you understood that that's what I was relying on, and to hear as we sat here today the various myriad ways in ways that [email] is relevant to the issues in this case, I'm not sure what to do with that.

Id. at 32:1-8.

Despite Judge Early's serious concerns about counsel's representations to the Court, the hearing transcript shows that the relief requested in Masimo's original motion to compel is the relief that remained at stake: whether to make Cook an ESI custodian. See, e.g., id. at 40:15-20 (discussing the standard for making someone a custodian). At the end of the hearing, Judge Early stated, "I am tentatively finding that the -- Mr. Cook being designated as an ESI custodian is proportional to the needs of the case, as Defendant has not shown me any evidence otherwise." Id. at 43:20-23; see also id. at 50:20-21 ("my tentative will be the order that the motion will be granted").

Following the hearing, Judge Early issued a written order, ruling that Plaintiffs "substantively have met their burden for the relief sought that was initially denied

without prejudice in the June 10, 2021 Order." ECF No. 502 at 2. Thus, he ordered that "Defendant is ORDERED to search Tim Cook's electronically stored information using the [agreed upon] search terms," and must "produce all responsive, non-privileged documents." Id.

Because Judge Early's order on Masimo's reconsideration motion granted the relief originally requested in Masimo's motion to compel, the only relief that should be found in that order is "the relief sought that was initially denied without prejudice" on June 10, 2021. ECF No. 502 at 2. As stated, Masimo "request[ed] [that] the Court order Apple to proceed with searching Mr. Cook's files." ECF No. 379-1 at 9.

Without any sort of request that Cook's ESI search term hits be treated differently than any other ESI custodian, the Court declines to read into Judge Early's order anything other than the relief originally requested in the underlying motion to compel. The Court concludes that Judge Early would not grant new and additional relief on a reconsideration motion without stating that such relief was under consideration, and then stating the basis for granting that new and additional relief. See, e.g., Jones v. Mississippi, 141 S. Ct. 1307 (2021) (if the Court believed something else was necessary, "the Court easily could have and surely would have said so"); Pina v. Carr, No. C 08-268 SI (pr), 2008 WL 4447695, at *7 (N.D. Cal. Sept. 29, 2008) ("This court will not read [a decision] to extend the right therein any broader than the [specific] context in which it was decided.")

The Court observes that the disputed language in Judge Early's order requiring Apple to "produce all *responsive*, non-privileged documents" derives from Masimo's proposed order on the reconsideration motion. See ECF No. 471-1 (emphasis added); see also ECF No. 377-1 (proposed order on underlying motion to compel also included "produce all *responsive* documents") (emphasis added). That the Court adopted this language for its convenience in its written order should not be read to grant new and additional relief than that requested in the original motion to compel that led to the reconsideration motion.

Although the Court finds no basis in Judge Early's order to conclude that he intended to treat Cook different than other ESI custodians, i.e., nothing in the order suggests that he intended "responsive" to mean "all non-privileged search term hits" without regard for rule Rule26(b)(1), the Court recognizes this may not end the issue.

Thus, Apple's objection is sustained insofar as Masimo is asking for relief not originally sought before Judge Early. But the Court shares Judge Early's concerns about Apple's representations to the Court. The Court also shares the Special Master's concerns that, rather than addressing relevance, Apple represented that ████████████████████████████████████████████████████████████████████████████████████████████████████████ In light of the history of this specific dispute, if Masimo believes further relief is warranted regarding the production of all discoverable

information viewed in light of Rule 26(b)(1), it should bring a request for *that* relief before the Special Master in the first instance. Any such request must show that it complies with Rule 26(b)(1) and does not run afoul of the Special Master's concerns about "ESI data dumps and notions of basic trust in complex litigations." See ECF No. 641 at 3; Fed. R. Civ. P. 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case").[2]

## IV. CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** the objections without prejudice.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

---

[2] The Court observes that burden does not appear to be an issue because the relevant ESI hits contain only 1,500 documents, some of which have already been produced. The Court also observes that, in light of what has been produced, and given Apple's concerns about specific categories of documents (see Mot. at 6), at this late stage in the dispute, the parties should meet and confer in earnest and make all good faith efforts to resolve any remaining issues without instituting another round of burdensome litigation for such a small document collection. During that meet and confer, the parties may wish to consider, e.g., ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓