Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO FOR LEAVE TO SUPPLEMENT THE FOURTH AMENDED COMPLAINT**<br><br>Hon. Judge James V. Selna<br><br>Date: June 6, 2022<br>Time: 1:30 p.m.<br>Ctrm: 10C |

Mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") submit this reply in support of their Motion for Leave to Supplement the Fourth Amended Complaint.

## I. INTRODUCTION

Apple's partial opposition consents to Masimo supplementing the complaint. Apple objects only to Masimo incorporating by reference certain paragraphs from the complaint. Apple identifies no support in the text of the Rules or the case law for its requested prohibition. In contrast, Masimo is aware of at least one case where this Court granted leave to file a supplemental complaint containing a new cause of action that incorporated by reference all prior allegations in the complaint. Apple also never identifies any legitimate reason *why* Masimo should be precluded from incorporating by reference prior allegations in the complaint. Because Apple failed to present any valid basis for objecting, or any authority to support its position, the Court should grant Masimo's motion.

## II. ARGUMENT

Masimo's Motion identified the relevant factors and explained why they support supplementation in this case. *See* Dkt. 672 at 3:13-5:24. Apple does not dispute Masimo's analysis. Nor does Apple assert that any factor would weigh against allowing incorporation by reference of prior allegations. Thus, Apple does not dispute that the relevant factors support supplementation. Indeed, Apple does not dispute that supplementation is appropriate. Instead, Apple raises a series of unsupported arguments regarding incorporating by reference certain existing allegations from the complaint.

### A. This Court Previously Allowed Supplemental Pleadings That Incorporate By Reference All Prior Paragraphs From The Complaint

Apple asserts that "[t]ellingly, although Plaintiffs cite a number of cases that set forth the *general* standard under Rule 15(d), they do not cite a single case from any jurisdiction granting a comparable request to repeat old material previously asserted in the operative pleading being supplemented." Dkt. 725 at 2:22-3:2. Masimo cited the

general standard and cases applying Rule 15(d) because, to the best of Masimo's knowledge, no party has ever complained about a supplemental complaint incorporating by reference prior allegations. Apple cites no case suggesting such incorporation by reference would be improper.

Masimo is aware of at least one case in which this Court allowed a supplemental complaint containing a new cause of action that incorporated by reference every prior paragraph in the complaint. *See Advanced Thermal Sciences Corp. v. Applied Materials, Inc.*, No. 8:07-cv-01384-JVS-JWJ (C.D. Cal.). In *ATS*, the plaintiff sought leave to supplement its complaint and attached as Exhibit 6 the proposed supplemental pleadings. *See id.* at Dkt. 100[1] at 5:13-15 (identifying proposed pleading); Dkt. 101-7, ¶ 60 (proposed pleading incorporating by reference paragraphs 1-59 of the complaint). This Court granted the motion. *See id.*, Dkt. 114. The plaintiff filed the supplemental complaint, which incorporated by reference every paragraph from the complaint. *See id.*, Dkt. 116. Apple offers no reason why the outcome should be different here.

**B.    Apple Invents A "Necessary" Standard For Pleadings**

Apple asserts on every page of its partial opposition that some of the incorporated paragraphs are "unnecessary" or "not necessary" to the supplemental claim. Dkt. 725 at 1:5-6, 2:1-2, 3:2-3. Apple does not dispute the paragraphs recite at least relevant background and context for the supplemental claim. Thus, the paragraphs are properly incorporated by reference.

Apple offers no support for its proposed pleading requirement that a party may include only allegations that the opposing party agrees are strictly "necessary." Nothing in the Federal Rules or the case law limits pleadings to allegations that are absolutely "necessary." The Federal Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief … ." Fed. R. Civ. P. 8(a)(2). Apple does not assert that incorporating by reference the prior allegations would violate the "short

---

[1] Courtesy copies of documents from the *ATS* case are provided as Exhibits D-G.

and plain" requirement. The Federal Rules also permit a defendant to seek to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But, again, Apple does assert the prior allegations fall into any of these categories. Thus, Apple's assertions regarding the necessity of the allegations are irrelevant.

### C. Neither Rule 15(d) Nor Apple's Pro Se Cases Suggest That Supplemental Pleadings Cannot Incorporate By Reference Prior Allegations

Apple asserts that incorporating by reference prior allegations is "not permitted by Federal Rule of Civil Procedure 15(d)." Dkt. 725 at 1:8. Apple provides no support for this assertion. Rule 15(d) permits "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). It expressly allows adding allegations regarding facts occurring after filing of the complaint. Nothing in the Rule suggests that, when the new facts give rise to a new cause of action, the new cause of action cannot also be supported by, or incorporate by reference, facts alleged in the original complaint.

Apple also cites two *pro se* cases that neither held nor suggested a supplemental complaint cannot incorporate by reference original allegations. *See* Dkt. 725 at 2. Apple's first case addressed an improperly noticed motion by a *pro se* plaintiff where the court noted the motion "does not include her proposed supplement with the motion." *Jackson v. Josiah*, No. 219CV0671JAMKJNPS, 2021 WL 1773539, at *1 (E.D. Cal. Mar. 1, 2021). The court denied the motion without prejudice because "the court cannot tell exactly what allegations or exhibits plaintiff wishes to add to her complaint." *Id.* Apple's cited language came from general guidance the court offered in dicta to the *pro se* plaintiff.

Apple's second case also involved a *pro se* plaintiff. *See Wilson v. City of Walnut Creek*, No. 20-CV-02721-PJH, 2020 WL 4569474 (N.D. Cal. Aug. 7, 2020), *appeal dismissed*, No. 20-16523, 2020 WL 6580180 (9th Cir. Sept. 18, 2020). The plaintiff sought leave to serve new defendants identified in a first *amended* complaint. *Id.* at *1. The motion did not involve a *supplemental* pleading at all. Rule 15(d) was mentioned

only because the *pro se* plaintiff incorrectly sought leave to serve the new defendants pursuant to Rule 15(d). *Id.* The court observed that the "FAC includes some of the allegations from the complaint … but also includes hundreds of pages of separate incidents occurring in 2018 through 2020 and involving dozens of new defendants who plaintiff wants to add to this action." *Id.* The court had no concern about the repeated allegations. Rather, the court denied the motion because "[a]dding new defendants would dramatically expand the scope of this case to events and transactions that have no apparent relation to the original conduct alleged in the complaint." *Id.* at *2. The *Wilson* court also observed that "[d]efendants argue that they will suffer prejudice if the court were to grant plaintiff's motion because it would require extensive investigation into the various matters alleged in the more than 600 pages of the FAC." *Id.* Apple does assert that allowing Masimo to repeat prior allegations would expand the scope of this case or prejudice Apple in any way. Thus, *Wilson* does not support Apple's arguments.

If anything, *Wilson* rebuts Apple's interpretation of Rule 15(d). *Wilson* focused on Rule 15(d) allowing new causes of action and quoted the Ninth Circuit as holding that, "Rule 15(d) enables a plaintiff to 'introduce[ ] a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.'" *Id.* at *1 (quoting *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998)). *Wilson* never suggested that Rule 15(d) should be interpreted as prohibiting reference to prior allegations that may also support or relate to a new cause of action.

### D. Apple Cannot Object To Updating Prior Denials

Masimo does not understand why Apple spends so much time and effort trying to prevent Masimo from relying on prior allegations to support its new cause of action. Apple does not assert prejudice or any other potentially cognizable reason for preventing incorporation by reference of prior allegations. Instead, Apple notes that "Apple maintains its objection to allegations that are de facto RFAs." Dkt. 725 at 2, n.1. To the extent Apple can no longer maintain in good faith its prior denials of the earlier allegations, Apple's attempt to avoid having to narrow the case by disclosing those

admissions is inconsistent with the spirit of Rule 1 and would not provide a valid basis for denying Masimo leave to file its supplemental complaint in the form of Exhibit A. *See* Fed. R. Civ. P. 1 (stating the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Apple's unsupported objections provide no basis to deny this Motion.

### III.  CONCLUSION

Masimo respectfully requests the Court grant Masimo leave to file the supplemental complaint in the form of Exhibit A. Alternatively, Masimo requests leave (which Apple does not oppose) to file the supplemental complaint in the form of Exhibit C.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 23, 2022

By: */s/ Benjamin A. Katzenellenbogen*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55625666