# EXHIBIT D

Joseph R. Re (State Bar No. 134,479)
2jrr@kmob.com
Benjamin A. Katzenellenbogen (State Bar No. 208,527)
2bak@kmob.com
Colin B. Heideman (State Bar No. 238,674)
2cbh@kmob.com
Nicholas B. Janda (State Bar No. 253,610)
2nbj@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

[FOR A COMPLETE LISTING OF PLAINTIFF / COUNTER
DEFENDANT'S COUNSEL REFER TO SIGNATURE PAGE]

Attorneys for Plaintiff/Counterdefendant, ADVANCED
THERMAL SCIENCES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ADVANCED THERMAL SCIENCES CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC., a Delaware Corporation,<br><br>Defendant.<br>_____<br>AND RELATED COUNTERCLAIMS<br>_____ | Civil Action No.<br>SACV 07-1384 JVS (JWJx)<br><br>**ADVANCED THERMAL SCIENCES CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br><br>Date:  October 6, 2008<br>Time:  1:30 p.m.<br>Ctrm.  10C<br><br><br>The Honorable James V. Selna |

Plaintiff/Counterdefendant Advanced Thermal Sciences Corporation ("ATS") submits this Memorandum in support of its Motion for Leave to file a Supplemental Complaint against Defendant/Counterclaimant Applied Materials, Inc. ("AMI"). This Memorandum is supported by a Notice of Motion, Declaration of Nicholas B. Janda with accompanying exhibits, Proposed Order, and a Proposed Supplemental Complaint.

## I. INTRODUCTION

ATS seeks leave to supplement its Complaint, pursuant to Rule 15(d), to add a claim for fraud against AMI based on AMI's recent supplemental interrogatory responses and Amended Counterclaims. Alternatively, ATS seeks leave to amend its Complaint, pursuant to Rule 15(a), to add the same claim.

AMI's proposed fraud claim alleges that AMI made knowingly false representations to ATS in order to induce ATS to take various actions, including: extending the expiration date of the parties' Joint Development Agreement (the "Agreement"); entering into the TDSF Statement of Work; and providing AMI access to ATS' Transfer Direct Saturated Fluid ("TDSF") temperature control technology. AMI's knowingly false representations included various statements to the effect that AMI acknowledged that ATS had developed and invented the TDSF technology and that AMI would not dispute ATS' ownership of, or exclusive rights in, ATS' TDSF technology.

ATS is bringing this claim now because ATS just learned that AMI's representations were false. ATS previously believed, based on its conversations with AMI and from AMI's original Answer and Counterclaims, that the parties were in general agreement that ATS had invented most aspects of the TDSF technology. ATS believed that the parties' dispute related to inventorship of only specific aspects of the TDSF technology and related contractual rights. It was not until AMI served its supplemental interrogatory responses and filed its Amended Counterclaims that ATS realized AMI contends that AMI solely or

jointly developed all or essentially all aspects of ATS' TDSF technology. AMI's recently clarified allegations are glaringly inconsistent with AMI's previous representations and establish that, when AMI earlier represented that it understood and agreed that ATS had solely developed ATS' TDSF Technology, it made those representations with the intent to defraud ATS.

As soon as ATS learned of AMI's allegations, ATS promptly sought AMI's permission to add the fraud claim. ATS sought this permission before the deadline for amending the pleadings. In order to accommodate AMI's counsel's schedule, the parties were not able to formally meet and confer immediately, and AMI agreed not to oppose any motion for leave to file a fraud claim based on any delay in actually filing the motion. AMI did not inform ATS that it would oppose this motion until Friday, September 5, 2008. ATS promptly brought this Motion.

Adding ATS' fraud claims will not delay these proceedings. The pleadings are not otherwise complete, as AMI's counterclaims are the subject of a pending Rule 12 Motion. It is also early in the discovery process. Fact discovery does not close until March 9, 2009, and this case is not scheduled for trial until November 3, 2009.

Moreover, as a practical matter, ATS is unquestionably entitled to file its fraud claim against AMI via a separate complaint. That lawsuit would be filed in this Court and would likely be consolidated with this case as it would involve the same parties, the same Agreement and the same technology. Thus, there is no legitimate reason for AMI to oppose this Motion.

## II. LEAVE TO SUPPLEMENT IS LIBERALLY GRANTED UNDER THE FEDERAL RULES

A party may supplement its pleading to set "forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Courts have broad

discretion to grant a party's request for leave to supplement its pleadings and are encouraged to liberally grant requests under Rule 15(d). *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981).

A party may also amend its pleadings under Rule 15(a), and "rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977 (9th Cir. 1981)). The underlying purpose of Rule 15 is "to facilitate decision on the merits rather than on the pleadings or technicalities." *See FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995). "Given the liberal standard mandated by Rule 15, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *In re 3Com Sec. Litigation*, 1992 U.S. Dist. LEXIS 12923 (N.D. Cal. 1992) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)).

Courts generally require the existence of one or more of the following factors before denying a motion for leave to supplement or amend under Rule 15: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the claims alleged in the supplemental pleading. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit has held that "the consideration of prejudice to the opposing party . . . carries the greatest weight . . . . Absent prejudice, or a strong showing of any of the [four factors], there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052

/ / /

- 3 -

(9th Cir. 2003). Conversely, "delay alone—no matter how lengthy—is an insufficient ground for denial of leave to amend." *See Webb*, 655 F.2d at 980.

In addition, courts generally require some relationship between the claims set forth in the original pleading and the newly alleged matters. *Keith*, 858 F.2d at 474. As discussed in more detail below, none of the above-listed factors for denying a motion for leave to supplement or amend are applicable here. In addition, granting ATS' motion would promote judicial efficiency. Therefore, this Court should grant ATS' motion.

### III. FACTUAL BACKGROUND

#### A. Procedural History

Getting the pleadings sorted out in this case has taken considerably longer than normal. ATS filed this action against AMI in November, 2007. AMI filed its original Answer and Counterclaims on May 2, 2008. On July 1, 2008, the Court dismissed portions of AMI's Counterclaims with leave to amend. (Ex. Order Dkt.) AMI formally filed its First Amended Counterclaims on August 21, 2008. ATS is now seeking to dismiss and to strike portions of AMI's First Amended Counterclaims. ATS also understands that AMI may seek leave to file a Second Amended Counterclaim to address some of the deficiencies identified in the parties' meet and confer regarding ATS' motion to dismiss and to strike. (Ex. 1.)[1]

Despite the uncertainty regarding the pleadings, ATS is moving forward with discovery. ATS received AMI's Supplemental Interrogatory responses on August 12, 2008. The positions AMI took in these supplemental responses now makes it clear that AMI fraudulently induced ATS to enter into various transactions. On August 15, 2008, ATS informed AMI of the basis for its fraud

---

[1] All exhibits referenced herein are attached to the Katzenellenbogen Declaration, unless otherwise noted.

- 4 -

1  claim and requested AMI's consent to amend its Complaint. (Ex. 2.) On
2  August 18, 2008, AMI requested a draft of ATS' proposed fraud claim. (Ex. 3.)
3  ATS' belief in the merits of its fraud claim were further confirmed when AMI
4  first attempted to file its Amended Counterclaims on August 18, 2008 (AMI's
5  Amended Counterclaims were initially rejected by the Court and were
6  eventually refiled on August 21, 2008). On August 22, 2008, ATS provided
7  AMI with a draft of the fraud claim and requested that the parties meet and
8  confer as soon as possible. *(Id.)* The parties met and conferred and AMI
9  indicated it would consider ATS' request. (Ex. 4.) On Friday, September 5,
10 2008, AMI finally informed ATS that AMI would not consent to the addition of
11 the fraud claim, thereby necessitating this Motion. (Ex. 1.)

12 **B.   <u>ATS' Fraud Allegations</u>**

13       ATS' proposed Supplemental Complaint alleges that AMI falsely
14 represented to ATS that AMI would not contest ATS' exclusive inventorship or
15 ownership of ATS' TDSF technology. (*See* Ex. 6 at ¶¶ 61-65.) AMI's false
16 representations to ATS included the representation that AMI understood and
17 agreed that: ATS "is the owner of proprietary Component technology" (*id.* at
18 ¶ 61); the TDSF technology is ATS' "patented technology" (*id.* at ¶ 62); and
19 ATS would be able to market its "patented TDSF technology to third parties"
20 (*id.* at ¶ 64). Perhaps most importantly, AMI falsely represented to ATS that
21 AMI agreed and understood that, "[ATS'] pre-existing IP includes but is not
22 limited to . . . techniques for saturated fluid transfer temperature control," which
23 is the TDSF technology. (*Id.* at ¶ 65.)

24       ATS' proposed Supplemental Complaint alleges that AMI's
25 representations to ATS individually and collectively indicated to ATS that AMI
26 understood and agreed that the subject matter disclosed and claimed in ATS'
27 TDSF patents were ATS' "Pre-Existing IP" under the Agreement and that AMI
28 / / /

- 5 -

Exhibit D
-7-

would not dispute ATS' exclusive inventorship and ownership of ATS' TDSF patents. (*Id.* at ¶ 66.)

ATS' proposed Supplemental Complaint alleges that AMI's representations to ATS individually and collectively further indicated to ATS that AMI understood and agreed that AMI would not dispute ownership of the technology disclosed and claimed in ATS' TDSF patents, and that regardless of any alleged AMI contributions to other aspects of ATS' TDSF technology, ATS would always be free to exploit, use and license to others all aspects of the TDSF technology that ATS developed or invented before executing the TDSF Statement of Work and all aspects of the TDSF technology that ATS developed or invented independently of AMI. (*Id.* at ¶ 67.)

ATS' proposed Supplemental Complaint alleges that AMI knew these representations were false, as particularly revealed by AMI's First Supplemental Responses to ATS' First Set of Interrogatories, received by ATS on August 12, 2008, and AMI's Amended Counterclaims, served on August 18, 2008. (*Id.* at ¶ 68.)

ATS' proposed Supplemental Complaint alleges that AMI made the false representations with the intent of inducing ATS to: enter into the TDSF SOW; enter into Amendment Number 2 to extend the expiration of the Agreement from May 14, 2004, to May 14, 2005; provide AMI with access to and disclosure of ATS' TDSF technology; expend considerable financial and technological resources to develop customized versions of ATS' TDSF technology for AMI; forgo exploring other aspects and applications of ATS' TDSF technology; and forgo entering into development agreements with third parties regarding ATS' TDSF technology. (*Id.* at ¶¶ 69-74.)

ATS' proposed Supplemental Complaint alleges that ATS reasonably relied upon AMI's false representations to its detriment. (*Id.* at ¶ 75.) ATS would not have entered into the TDSF SOW, extended the expiration of the

1  Agreement from May 14, 2004, to May 14, 2005, provided AMI with access to
2  and disclosure of ATS' TDSF technology, expended considerable financial and
3  technological resources to develop customized versions of ATS' TDSF
4  technology for AMI, forgone exploring other aspects and applications of ATS'
5  TDSF technology, or forgone entering into development agreements with third
6  parties regarding ATS' TDSF technology, but for AMI's false representations.
7  (*Id.*)

8  ATS' proposed Supplemental Complaint alleges that AMI's false
9  representations, and ATS' reasonable reliance on those false representations,
10 have damaged ATS. (*Id.* at ¶ 76.) ATS' damages include, but are not limited
11 to: the time, resources and attorneys' fees ATS has and continues to expend
12 protecting its rights through this litigation; the considerable financial and
13 technological resources ATS expended to develop customized versions of ATS'
14 TDSF technology for AMI; and ATS' inability to exploit, use or license to
15 others its intellectual property rights in the TDSF technology. (*Id.*)

16 ATS' proposed Supplemental Complaint alleges that AMI's false
17 representations, and ATS' reasonable reliance on those false representations,
18 have also unjustly enriched AMI. (*Id.* at ¶ 77.) AMI has been unjustly enriched
19 by, among other benefits, gaining access to ATS' TDSF technology, which
20 provided AMI with an opportunity to assert the existence of Jointly Developed
21 IP and enabled AMI to file blocking patent applications on ATS' TDSF
22 technology, and preventing AMI's competitors from having access to ATS'
23 TDSF technology. (*Id.*) ATS' allegations state a claim for fraud.

## IV. THE COURT SHOULD GRANT ATS LEAVE TO SUPPLEMENT ITS COMPLAINT TO ADD THE FRAUD ALLEGATIONS

26 ATS satisfies the liberal standard for leave to supplement ATS' original
27 complaint. Events occurring after the filing date of ATS Complaint provide
28 evidence supporting ATS' fraud claim. The facts alleged in ATS' proposed

1  supplemental pleading are directly related to the claims set forth in ATS'
2  original pleading. Moreover, ATS' Proposed Supplemental Complaint was
3  brought in good faith, without undue delay, will not prejudice AMI and alleges
4  facially meritorious claims.

### A. ATS is Acting in Good Faith

ATS brings this motion in good faith. AMI's recent interrogatory responses and allegations provided ATS with a good faith basis for bringing the fraud claim. ATS is not bringing this claim for any improper purpose.

### B. ATS Acted Diligently

The legally operative facts that provided ATS with a good faith basis for bringing its fraud claim occurred when ATS received AMI's Supplemental Responses to ATS' First Set of Interrogatories on August 12, 2008, and when AMI filed its Amended Counterclaims on August 18, 2008, and then refiled them on August 21, 2008. ATS sought AMI's approval to add the fraud claim on August 15, 2008, and brought this motion promptly after AMI confirmed it would oppose ATS' request.

### C. AMI Will Not be Unduly Prejudiced

AMI cannot meet the burden of showing that it would be prejudiced if ATS is permitted to supplement its counterclaims. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (the party opposing leave to amend or supplement bears the burden of showing prejudice.) The litigation is still in its early stages. The parties have exchanged initial written discovery and no depositions have occurred. Although ATS has been diligently pursuing discovery, AMI has barely begun to seek any discovery. To date, ATS has produced over 70,000 pages of discovery. ATS has noticed two depositions of AMI, but AMI is currently seeking to postpone the first noticed deposition by approximately ten weeks from its originally scheduled date. In contrast, AMI has produced fewer than 8,000 pages of discovery, and AMI has not noticed any depositions of

1 | ATS. Thus, AMI will not need to duplicate any discovery and there is more
2 | than enough time for AMI to conduct any discovery it may seek in defending
3 | against ATS' fraud claim.

**D.   ATS' Fraud Allegations State a Valid Claim For Relief**

A supplemental claim is futile "only if it would clearly be subject to dismissal." *Hip Hop Bev. Corp. v. RIC Representacoes Importacao e Comercio Ltda*, 220 F.R.D. 614, 622-23 (C.D. Cal. 2003). ATS' fraud claim is not futile, as ATS' Proposed Supplemental Complaint alleges with specificity several bases for finding that AMI fraudulently induced ATS to engage in various activities to the detriment of ATS' and the unjust benefit of AMI. The only basis AMI articulated during the parties' meet and confer for opposing this motion was AMI's disagreement with the merits of ATS' allegations. AMI's mere disagreement with ATS' allegations does not establish that ATS' claim is clearly subject to dismissal. Accordingly, ATS' supplemental claim for fraud is not futile.

**E.   Judicial Economy Also Favors Granting ATS Leave to Supplement its Complaint**

Courts also often consider factors of judicial economy in determining whether to allow supplementation of a complaint. ATS' fraud claim involves the same parties, the same Agreement, and the same technology already at issue in this case. It would be more efficient for this Court to consider the claims alleged in ATS' proposed supplemental complaint in this litigation rather than in a separate lawsuit. Litigating the fraud claim separately from the current claims in this litigation would be a needless waste of judicial resources. Moreover, if leave were not granted, the separate lawsuit that ATS would be forced to file in this Court would almost certainly be considered a related proceeding and would probably be consolidated with this case anyway.

/ / /

- 9 -

## V. THE COURT MAY CONSIDER ATS' MOTION AS A MOTION FOR LEAVE TO AMEND ITS COMPLAINT

The Court has discretion to treat ATS' supplement complaint as an amended complaint. *See United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir. 1963) (characterizing a pleading as an amended complaint as opposed to a supplemental complaint is immaterial). To the extent the Court determines that ATS' proposed claim for fraud is more properly considered as an amendment, rather than a supplement, to ATS' Complaint, the Court should still grant ATS' motion because the analysis is the same.

### A. The Court Should Grant ATS Leave To Amend Under Rule 15(a)

The factors the court examines when deciding whether to grant leave to supplement are the same as for granting leave to amend. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (holding that the standard for granting leave to amend a pleading is the same as for supplementing a pleading). As discussed above, the facts favor granting ATS' request to supplement its complaint. Therefore, if this Court believes that ATS' new allegations are best brought as an amended complaint, it should grant ATS leave to amend its Complaint to add the fraud claim alleged in its' Proposed Supplemental Complaint.

### B. Alternatively, ATS Would Be Entitled To Amend Under Rule 16(b)

If the Court were to determine that the deadline to amend the pleadings has already passed, ATS requests that the Court modify the deadline for amending the pleadings set in the scheduling order, because ATS has shown good cause for the amendment. Fed. R. Civ. P. 16(b). Good cause is shown by establishing that the party acted with diligence to add the amendment. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The facts that provided ATS with the good faith basis for alleging the fraud claim occurred on August 12 and 18-21, 2008. ATS immediately sought AMI's permission to add the fraud claim on August 15, 2008. (Ex. 2.) AMI did not inform ATS that AMI would not stipulate to allow ATS to add the fraud claim until September 5, 2008. (Ex. 1.) ATS brought this motion promptly after AMI completed the meet-and-confer process required by the Local Rules. Moreover, when ATS agreed to accommodate the schedule of AMI's counsel by postponing the meet and confer, AMI stipulated that it, "will not oppose any motion for leave to file a fraud claim on the grounds of delay in actually filing the motion for leave." (Ex. 5.) ATS brought this claim as soon as it learned of the operative facts and could not have brought this motion any sooner. Therefore, ATS acted diligently and has shown good cause to modify the Court's Scheduling Order.

## VI. CONCLUSION

For the reasons stated above, ATS respectfully request that the Court grant ATS' motion and allow it to file the Proposed Supplemental Complaint submitted herewith.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 15, 2008   By: s/Benjamin A. Katzenellenbogen
    Joseph R. Re
    Benjamin A. Katzenellenbogen
    Colin B. Heideman
    Nicholas B. Janda

JACKSON DEMARCO TIDUS PECKENPAUGH

    Ryan M. Patch (State Bar No. 128,042)
    rpatch@jdtplaw.com
    2030 Main Street, 12th Floor
    Irvine, CA 92614
    Telephone: (949) 752-8585
    Facsimile: (949) 752-0597

| | |
|---|---|
| 1 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
| 2 | Steven A. Lamb (State Bar No. 132,534) |
| 3 | slamb@ssd.com<br>555 South Flower Street, 31st Floor |
| 4 | Los Angeles, CA 90071<br>Telephone: (213) 624-4500 |
| 5 | Facsimile: (213) 623-4581 |
| 6 | Attorneys for Plaintiff / Counterdefendant<br>ADVANCED THERMAL SCIENCES |
| 7 | CORPORATION |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, 14th Floor, Irvine, California 92614.

On September 15, 2008, I served the within **ADVANCED THERMAL SCIENCES CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**VIA HAND DELIVERY TO**:

Sean A. Lincoln
Michael R. Heafey
Jan Ellard
Siddhartha M. Venkatesan
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road,
Menlo Park, CA  94024

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 15, 2008, at Irvine, California.

                                       s/Margaret H. Greenwalt
                                       Margaret H. Greenwalt

5901394_5
091508

# TABLE OF CONTENTS

Page #s

I. INTRODUCTION ........................................................................................ 1

II. LEAVE TO SUPPLEMENT IS LIBERALLY GRANTED UNDER THE FEDERAL RULES ......................................... 2

III. FACTUAL BACKGROUND ..................................................................... 4

    A. Procedural History ........................................................................ 4

    B. ATS' Fraud Allegations ................................................................ 5

IV. THE COURT SHOULD GRANT ATS LEAVE TO SUPPLEMENT ITS COMPLAINT TO ADD THE FRAUD ALLEGATIONS ........................................................................... 7

    A. ATS is Acting in Good Faith ........................................................ 8

    B. ATS Acted Diligently ................................................................... 8

    C. AMI Will Not be Unduly Prejudiced ............................................ 8

    D. ATS' Fraud Allegations State a Valid Claim For Relief .............. 9

    E. Judicial Economy Also Favors Granting ATS Leave to Supplement its Complaint ............................................................ 9

V. THE COURT MAY CONSIDER ATS' MOTION AS A MOTION FOR LEAVE TO AMEND ITS COMPLAINT ..................... 10

    A. The Court Should Grant ATS Leave To Amend Under Rule 15(a) ............................................................................ 10

    B. Alternatively, ATS Would Be Entitled To Amend Under Rule 16(b) ......................................................................... 10

VI. CONCLUSION ......................................................................................... 11

# TABLE OF AUTHORITIES

**Page #s**

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) .................................................................. 10

*In re 3Com Sec. Litigation*,
    1992 U.S. Dist. LEXIS 12923 (N.D. Cal. 1992) ....................................... 3

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ................................................................. 3, 8

*Eminence Capital, L.L.C. v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................... 3-4

*FilmTec Corp. v. Hydranautics*,
    67 F.3d 931 (Fed. Cir. 1995) ..................................................................... 3

*Glatt v. Chicago Park Dist.*,
    87 F.3d 190 ............................................................................................. 10

*Hip Hop Bev. Corp. v. RIC Representacoes Importacao e Comercio Ltda*,
    220 F.R.D. 614 (C.D. Cal. 2003) .............................................................. 9

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .................................................................. 10

*Keith v. Volpe*,
    858 F.2d 467 (9th Cir. 1988) ................................................................. 3, 4

*Senza-Gel Corp. v. Seiffhart*,
    803 F.2d 661 (Fed. Cir. 1986) ................................................................... 3

*United States ex rel. Atkins v. Reiten*,
    313 F.2d 673 (9th Cir. 1963) .................................................................. 10

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981) ................................................................. 3, 4

# TABLE OF AUTHORITIES
## (Cont'd.)

Page #s

*William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*,
668 F.2d 1014 (9th Cir. 1981) ................................................................. 3

## OTHER AUTHORITIES

Fed. R. Civ. P. 12 ............................................................................................ 2

Fed. R. Civ. P. 15(a) .................................................................................. 1, 3

Fed. R. Civ. P. 15(d) ............................................................................. 1, 2, 3

Fed. R. Civ. P. 16(b) ..................................................................................... 10