# EXHIBIT F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-01384-JVS (JWJx) | Date | October 6, 2008 |
| Title | Advanced Thermal Sciences Corp v. Applied Materials Inc. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Kyung Green |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Benjamin Katzenellenbogen<br>Steven Lamb | Sean Lincoln |

**Proceedings:** Plaintiff/Counter Defendant's Motion to Dismiss/Strike Amended Counterclaims (Fld 9-15-08)
Plaintiff/Counter Defendant's Motion for Leave to File Supplemental Complaint (Fld 9-15-08)
Interim Status Conference

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments.

The Court takes the Plaintiff/Counter Defendant's Motion to Dismiss/Strike Amended Counterclaims under submission.

The Court GRANTS the Plaintiff/Counter Defendant's Motion for Leave to File Supplemental Complaint and rules in accordance with the tentative ruling as follows:

Plaintiff/Counterdefendant Advanced Thermal Sciences Corp. ("ATS") moves for leave to file a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) against Defendant/Counterclaimant Applied Materials, Inc. ("AMI"). ATS seeks to add a claim for fraud against AMI based on AMI's recent supplemental interrogatory responses and Amended Counterclaims. In the alternative, ATS seeks leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add the same claim. AMI opposes the motion.

I.    LEGAL STANDARD

Rule 15(a) provides that leave to amend "shall be freely given when justice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 07-01384-JVS (JWJx)                    Date   October 6, 2008

Title   Advanced Thermal Sciences Corp v. Applied Materials Inc.

so requires." Fed. R. Civ. P. 15(a). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). Consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Given the liberal standards mandated by Rule 15, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986).

Rule 15(d) permits a party, upon reasonable notice, to file supplemental pleadings setting forth occurrences that have happened since the date of the original pleading. Fed. R. Civ. P. 15(d). The standards governing supplemental pleadings are nearly identical to those for amending pleadings, Franks v. Ross, 313 F.3d 184, 198 n. 15 (4th Cir. 2002), and should be construed liberally. Keith v. Volpe, 858 F.2d 467, 476 (9th Cir. 1988). Trial courts have broad discretion in deciding whether to allow supplemental pleadings. Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).

II.   DISCUSSION

   A.   Futility

In opposition to ATS' motion, AMI first argues that ATS should not be granted leave to file a Supplemental Complaint because ATS' fraud claim is futile. (Opp. pp. 8-9.) A court may refuse to grant leave if a claim is futile or legally insufficient. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). A claim may only be deemed futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Id.

Case 8:20-cv-00048-JVS-JDE   Document 734-3   Filed 05/23/22   Page 4 of 8   Page ID
#:51344
Case 8:07-cv-01384-JVS-JWJ   Document 114   Filed 10/06/2008   Page 3 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-01384-JVS (JWJx) | Date | October 6, 2008 |
| Title | Advanced Thermal Sciences Corp v. Applied Materials Inc. | | |

     AMI contends that ATS has not and cannot allege the elements of a fraud claim and cannot do so with the specificity required by Fed. R. Civ. P. Rule 9(b). (Opp. p. 9.) To demonstrate fraud in California, a plaintiff must establish the following elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Small v. Fritz Companies, Inc., 30 Cal.4th 167, 173 (Cal. 2003).

     A plaintiff stating a fraud claim in federal court must meet the Rule 9(b) "heightened pleading" standard, which provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A plaintiff "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. Id.

     AMI contends that ATS alleges neither a false representation nor an intent to defraud. (Opp. p. 10.) However, ATS clearly and directly alleges both false representation and intent to defraud in its proposed Supplemental Complaint, ¶¶ 61-65, 69), and in its briefs. (Mot. p. 6, Reply p. 1.) Moreover, the Court finds that ATS alleges the elements of fraud with sufficient particularity. ATS alleges that AMI made specific misrepresentations in identified and dated documents (the JDA and the TDSF SOW) with the intent to induce reliance while planning to later contest the agreed upon provisions. This provides the Court with the "who, what, when, where, and how" of the fraud claim.

     AMI argues that ATS has provided "no facts, much less particularized facts, suggesting that [AMI] entered into the TDSF SOW with the intent of later disavowing its provisions." (Opp. p. 15.) However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The fact that AMI agreed to certain statements attributing property rights to ATS is at least some circumstantial evidence on which to base the general allegation.

     AMI further argues that ATS places a "heavy gloss" on the five alleged misrepresentations by mischaracterizing statements in the Joint Development Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-01384-JVS (JWJx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Advanced Thermal Sciences Corp v. Applied Materials Inc. | | |

("JDA") and the ATSC "TDSF" Statement of Work ("TDSF SOW"). (Opp. p. 10.) The fact that AMI does not agree with ATS' interpretation of the relevant statements, however, does not mean that ATS cannot make such allegations. Specifically, AMI argues that ATS falsely interprets several of AMI's statements that ATS has proprietary rights over the intellectual property in question as tantamount to affirmative promises by AMI not to contest ATS' rights. (Id. at 12.) Viewing ATS' allegations in the light most favorable to ATS with all reasonable inferences drawn in ATS' favor, the Court cannot say that "no set of facts can be proved under the amendment to the pleadings [or supplemental pleading] that would constitute a valid and sufficient claim." See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Miller, 845 F.2d at 214. It is at least possible that ATS could demonstrate that AMI made an implied promise not to contest ATS' intellectual property rights by asserting that ATS had such rights.

AMI also argues that the alleged misrepresentations were "made at least as much by ATS as they are by [AMI]" and that at least certain of the statements are more properly attributable to ATS. (Opp. p. 13.) Whether ATS also agreed to the statements or whether AMI had had the opportunity to review the provisional patent application regarding the transfer direct saturated fluid ("TDSF") technology, however, is irrelevant. ATS is alleging that AMI falsely represented that it believed the truth of the representations and made the statements with the intent to defraud. (Reply p. 1.) The important fact is that AMI agreed to the statements at issue. It is at least possible that AMI agreed to the representations in order to induce reliance by ATS even if AMI did not have specific knowledge regarding the TDSF technology.

Similarly, AMI points out that "the very provisions that ATS characterizes as 'false representations'" are true. (Opp. p. 14.) The fact that the underlying statements are true, however, is irrelevant to the allegations at issue. ATS is alleging that AMI falsely represented that it believed the provisions with the intent to later deny the truth of those representations. (Reply p. 5.) AMI concedes that "[p]romissory fraud . . . consists of making a promise without the present intention to perform it, i.e., misrepresenting the speaker's then-present intentions." Opp. p. 14; Yield Dynamics, Inc. v. Tea Systems Corporation, 154 Cal.App.4th 547, 575 (2007). ATS clarifies that this is precisely what it is alleging (that AMI was impliedly promising not to contest certain rights while planning to do so). (Reply p. 6.) A fraud claim can be based on an implied representation. Pearson v. Norton, 230 Cal. App. 2d 1, 7 (1964). It is at least arguable that agreeing that ATS has the rights to certain intellectual property is an implied promise not to contest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-01384-JVS (JWJx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Advanced Thermal Sciences Corp v. Applied Materials Inc. | | |

those rights.  Therefore, the fact that ATS asserts that the underlying statements in question are factually true does not make ATS' fraud claim futile.

In sum, the Court finds that ATS has set forth the elements of fraud with sufficient particularity and that AMI has failed to establish that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."  See Miller, 845 F.2d at 214.[1]

B.   Bad Faith and Undue Delay

AMI argues that ATS' motion is brought in bad faith and with undue delay because ATS has known of AMI's claim to an interest in the '353 patent under the terms of the JDA since at least the time ATS filed its original Complaint.  (Opp. p. 17.)  ATS has not argued, however, that it only recently learned of AMI's claim to an interest in the '353 patent.  ATS argues that it only recently learned of the details and scope of AMI's claims.  (Reply p. 7.)  ATS alleges that it previously believed that AMI disputed inventorship of only certain specific aspects of the TDSF technology.  (Id.)  ATS contends that when AMI recently served its supplemental interrogatory responses and filed its Amended Counterclaims, ATS realized that AMI is asserting that it "solely or jointly developed all or essentially all aspects of ATS' TDSF technology."  (Id.)  ATS also asserts that it informed AMI of the basis for its fraud claim on August 15, 2008, only three days after receiving AMI's supplemental interrogatory responses.  (Id.)  This Court agrees that

---

[1] The Court also notes that the fraud claim would not succumb to a motion to dismiss.  A court properly denies leave to amend where claims proffered by the amendment would succumb in any event to a motion to dismiss.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal.") (citation omitted). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1974 (2007).  For the reasons stated above, this Court finds that ATS has stated enough facts to state a claim to relief that is plausible on its face.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-01384-JVS (JWJx) | Date | October 6, 2008 |
| Title | Advanced Thermal Sciences Corp v. Applied Materials Inc. | | |

recently learning of the scope of the contest provides a sufficient for supplementing the Complaint. Therefore, the Court finds that AMI has not met its burden to demonstrate that ATS brought this motion in bad faith or with undue delay.

### C. Recovery of Attorney's Fees

ATS seeks damages for "the time, resources and attorneys' fees ATS has and continues to expend protecting its rights through this litigation." (Proposed Supplemental Complaint, ¶ 76.) AMI argues that Gray v. Don Miller & Associates, 35 Cal.3d 498, 507 (1984), stands for the proposition that such damages are not available in an action for fraud.

In Gray, however, the court states that a party can recover attorneys' fees where such recovery is authorized by an agreement. 35 Cal. 3d at 504 ("each party is to bear his own attorney fees unless . . . the agreement of the parties provides otherwise"). Indeed, Section 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement . . . of the parties . . . ." Cal. Code Civ. P. § 1021.

ATS correctly notes that in this case, the parties' agreement (the JDA) expressly provides for the recovery of attorneys' fees:

> If any Party to this Agreement brings an action against the other
> Party to enforce its rights under the Agreement, the prevailing
> Party shall be entitled to its costs and expenses, including,
> without limitation, reasonable attorney's fees and costs
> incurred in connection with such action . . . .

(Reply p. 8; Ex. 1 at § 10.10.) Therefore, the Court denies AMI's request to strike ATS' claim for attorneys' fees.

### III. CONCLUSION

AMI has not met its burden of demonstrating why leave to amend should not be granted. See Senza-Gel Corp., 803 F.2d at 666. Therefore, ATS' motion for leave to file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-01384-JVS (JWJx) | Date | October 6, 2008 |
| Title | Advanced Thermal Sciences Corp v. Applied Materials Inc. | | |

a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) is granted.[2] The Court and counsel confer regarding the status report submitted to the Court.

|  | 0 | : | 20 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

[2] The Court need not address ATS' request for leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a). In addition, the Court need not address AMI's request for judicial notice of the '353 patent as the Court did not rely on the patent in reaching its decision on this motion.