# EXHIBIT G

1  Joseph R. Re (State Bar No. 134,479)
2jrr@kmob.com
2  Benjamin A. Katzenellenbogen (State Bar No. 208,527)
2bak@kmob.com
3  Colin B. Heideman (State Bar No. 238,674)
2cbh@kmob.com
4  Nicholas B. Janda (State Bar No. 253,610)
2nbj@kmob.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
6  Irvine, CA 92614
Telephone: (949) 760-0404
7  Facsimile: (949) 760-9502

8  [FOR A COMPLETE LISTING OF PLAINTIFF / COUNTER-
DEFENDANT'S COUNSEL REFER TO SIGNATURE PAGE]

9  Attorneys for Plaintiff/Counterdefendant, ADVANCED
THERMAL SCIENCES CORPORATION

10

11             IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    SOUTHERN DIVISION

14

15  ADVANCED THERMAL SCIENCES       )  Civil Action No.
CORPORATION, a Delaware           )  SACV 07-1384 JVS (JWJx)
16  Corporation,                   )
                                   )
17         Plaintiff,              )  **SUPPLEMENTAL**
                                   )  **COMPLAINT FOR FRAUD**
18      v.                         )
                                   )  **and**
19  APPLIED MATERIALS, INC., a     )
Delaware Corporation,             )  **DEMAND FOR JURY TRIAL**
20                                 )
         Defendant.               )
21                                 )
                                   )  The Honorable James V. Selna
22  AND RELATED COUNTERCLAIMS.     )
                                   )
23

24

25

26

27

28

FILED 2008 OCT 21 AM 9:59 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA BY:

Plaintiff ADVANCED THERMAL SCIENCES CORPORATION ("ATS") brings this Supplemental Complaint against Defendant APPLIED MATERIALS, INC. ("AMI"), and alleges as follows:

## I. SIXTH CLAIM FOR RELIEF

### (Fraud)

60.     ATS repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 59 of ATS' Complaint, as though fully set forth herein.

61.     AMI falsely represented to ATS that AMI would not contest ATS' exclusive inventorship or ownership of ATS' TDSF technology.  Specifically, in Recital B of the Agreement, AMI falsely represented to ATS that AMI understood and agreed that, "[*ATS*] is a manufacturer of, among other things, Components and *is the owner of proprietary Component technology*." (Emphases added.)

62.     In Section 2.0 of the TDSF SOW, AMI falsely represented to ATS that AMI understood and agreed that the TDSF SOW was intended to drive the development, design, test, and qualification of, "[*ATS*'] *patented technology for TDSF*." (Emphasis added.)

63.     In Section 7.4 of the TDSF SOW, AMI falsely represented to ATS that AMI understood and agreed that the TDSF technology was, "[*ATS*'] *TDSF technology*, . . . ." (Emphasis added.)

64.     In Section 11.3 of the TSDF SOW, AMI falsely represented to ATS that AMI understood and agreed that, upon AMI's failure to pursue further projects involving ATS' TDSF technology, "[*ATS*] *may market* [*ATS*'] *patented TDSF technology to third parties*."  (Emphasis added.)

65.     In Section 10.1 of the TDSF SOW, AMI falsely represented to ATS that AMI understood and agreed that, "[*ATS*'] *pre-existing IP includes but is not limited to* technologies for:  pumping, temperature control valve design and

-2-

application, single and multiple channel temperature control system designs, temperature sensor design and manufacturing, heat exchanger design and manufacturing, ***techniques for saturated fluid transfer temperature control***, and temperature control logic and software." (Emphases added.)

66.    AMI's representations to ATS individually and collectively indicated to ATS that AMI understood and agreed that the subject matter disclosed and claimed in the '353 Patent was ATS' "Pre-Existing IP" under the Agreement and that AMI would not dispute ATS' exclusive inventorship and ownership of the '353 Patent.

67.    AMI's representations to ATS individually and collectively further indicated to ATS that AMI understood and agreed that AMI would not dispute ownership of the technology disclosed and claimed in the '353 Patent, and that regardless of any alleged AMI contributions to other aspects of ATS' TDSF technology, ATS would always be free to exploit, use and license to others all aspects of the TDSF technology that ATS developed or invented before executing the TDSF Statement of Work and all aspects of the TDSF technology that ATS developed or invented independently of AMI.

68.    AMI knew these representations were false, as particularly revealed by AMI's First Supplemental Responses to ATS' First Set of Interrogatories, served on August 12, 2008, and AMI's Amended Counterclaims, served on August 18, 2008.

69.    AMI made the false representations with the intent of inducing ATS to enter into the TDSF SOW.

70.    AMI made the false representations with the intent of inducing ATS to enter into Amendment Number 2 to extend the expiration of the Agreement from May 14, 2004, to May 14, 2005.

71.    AMI made the false representations with the intent of inducing ATS to provide AMI with access to and disclosure of ATS' TDSF technology.

-3-

72.   AMI made the false representations with the intent of inducing ATS to expend considerable financial and technological resources to develop customized versions of ATS' TDSF technology for AMI.

73.   AMI made the false representations with the intent of inducing ATS to forgo exploring other aspects and applications of ATS' TDSF technology.

74.   AMI made the false representations with the intent of inducing ATS to forgo entering into development agreements with third parties regarding ATS' TDSF technology.

75.   ATS reasonably relied upon AMI's false representations to its detriment.  ATS would not have entered into the TDSF SOW, extended the expiration of the Agreement from May 14, 2004, to May 14, 2005, provided AMI with access to and disclosure of ATS' TDSF technology, expended considerable financial and technological resources to develop customized versions of ATS' TDSF technology for AMI, forgone exploring other aspects and applications of ATS' TDSF technology, or forgone entering into development agreements with third parties regarding ATS' TDSF technology but for AMI's false representations.

76.   AMI's false representations, and ATS' reasonable reliance on those false representations, have damaged ATS.  ATS' damages include, but are not limited to: the time, resources and attorneys' fees ATS has and continues to expend protecting its rights through this litigation; the considerable financial and technological resources ATS expended to develop customized versions of ATS' TDSF technology for AMI; and ATS' inability to exploit, use or license to others its intellectual property rights in the TDSF technology.

77.   AMI's false representations, and ATS' reasonable reliance on those false representations, have also unjustly enriched AMI.  AMI has been unjustly enriched by, among other benefits, gaining access to ATS' TDSF technology,

-4-

which provided AMI with an opportunity to assert the existence of Jointly Developed IP and enabled AMI to file the blocking AMI Patent Applications, and preventing AMI's competitors from having access to ATS' TDSF technology.

## II. SUPPLEMENTAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff ATS prays for judgment in its favor against Defendant AMI for the following supplemental relief:

P.      A judgment that AMI defrauded ATS under the common law;

Q.      An order that AMI's actions were willful, intentional, and/or malicious and awarding ATS punitive damages;

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  October 20, 2008       By:_____
                                   Joseph R. Re
                                   Benjamin A. Katzenellenbogen
                                   Colin B. Heideman
                                   Nicholas B. Janda

JACKSON DEMARCO TIDUS PECKENPAUGH

                                   Ryan M. Patch (State Bar No. 128,042)
                                   rpatch@jdtplaw.com
                                   2030 Main Street, 12th Floor
                                   Irvine, CA 92614
                                   Telephone:  (949) 752-8585
                                   Facsimile:  (949) 752-0597

SQUIRE, SANDERS & DEMPSEY L.L.P.

                                   Steven A. Lamb (State Bar No. 132,534)
                                   slamb@ssd.com
                                   555 South Flower Street, 31st Floor
                                   Los Angeles, CA 90071
                                   Telephone:  (213) 624-4500
                                   Facsimile:  (213) 623-4581

                                   Attorneys for Plaintiff / Counterdefendant
                                   ADVANCED THERMAL SCIENCES
                                   CORPORATION

-5-

Exhibit G
-48-

## DEMAND FOR JURY TRIAL

ATS hereby demands a trial by jury as to all issues triable by a jury in the above-captioned action.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 20, 2008        By:

Joseph R. Re
Benjamin A. Katzenellenbogen
Colin B. Heideman
Nicholas B. Janda

JACKSON DEMARCO TIDUS PECKENPAUGH

Ryan M. Patch (State Bar No. 128,042)
rpatch@jdtplaw.com
2030 Main Street, 12th Floor
Irvine, CA 92614
Telephone: (949) 752-8585
Facsimile: (949) 752-0597

SQUIRE, SANDERS & DEMPSEY L.L.P.

Steven A. Lamb (State Bar No. 132,534)
slamb@ssd.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-4500
Facsimile: (213) 623-4581

Attorneys for Plaintiff / Counterdefendant
ADVANCED THERMAL SCIENCES
CORPORATION

-6-

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, 14th Floor, Irvine, California 92614.

On October 20, 2008, I served the within **SUPPLEMENTAL COMPLAINT FOR FRAUD AND DEMAND FOR JURY TRIAL** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**VIA FIRST CLASS MAIL TO**:
Sean A. Lincoln
Michael R. Heafey
Jan Ellard
Siddhartha M. Venkatesan
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road,
Menlo Park, CA  94024

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 20, 2008, at Irvine, California.

_____
Margaret H. Greenwalt

5908421
102008

-7-