Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CONFIRMATION THAT PATENT STAY HAS ENDED**<br><br>Hon. James V. Selna<br><br>Date: June 27, 2022<br>Time: 1:30 p.m.<br>Ctrm: 10C |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo"), respectfully move to confirm that the patent stay is no longer in effect for U.S. Patent Nos. 8,457,703 and 10,433,776.

## I. INTRODUCTION

Masimo moves to confirm that the patent stay that the Court issued in September 2020 extended only through the *Inter Partes* Review ("IPR") proceedings at the Patent Trial and Appeal Board ("PTAB"). Masimo brings this Motion because the IPR proceedings at the PTAB concluded but Apple has taken the position that the stay extends through appeal to the Federal Circuit.

Apple's position lacks merit because its briefing for the stay never mentioned appeals, much less attempted to justify why the stay should extend for years during such appeals. To the contrary, Apple discussed only the PTAB proceedings and repeatedly argued that Masimo would not be prejudiced because those proceedings would last only one year and be resolved before trial (then scheduled for April 2022). Apple even promised that "[t]he patent infringement case can easily be restarted should [Masimo] prevail in the PTAB." The Court's order granting a stay thus summarized Apple's request as a staying pending determination by the PTAB of Apple's IPR petitions.

Now that the PTAB proceedings are over—and Masimo prevailed on all claims of one patent family—Apple reverses course and argues the stay should extend additional years while Apple appeals those patents to the Federal Circuit. Apple's position contradicts both Apple's arguments and the Court's order granting Apple's request. The Court should confirm the stay has ended.

## II. STATEMENT OF FACTS

On September 15, 2020, Apple moved to stay the patent infringement claims "pending final disposition of Apple's petitions for *Inter Partes* Review ('IPR') challenging all asserted claims of the twelve asserted patents before the Patent Trial and Appeal Board ('PTAB')." Dkt. 196-1 (Apple's opening brief) at 1. Those PTAB proceedings have now concluded. Powell Decl. ¶ 10.

Apple's briefs requesting a stay focused exclusively on the PTAB proceedings and never attempted to justify extending any stay through appeal. Apple's opening brief emphasized the importance of the "PTAB proceedings" in narrowing the scope of this case and discussed statistics for "PTAB" institutions and final written decisions. Dkt. 196-1 at 11, 12. Apple repeatedly emphasized a "short" stay for the PTAB proceedings would not prejudice Masimo. *Id.* at 17 ("The shortened timeline of IPR proceedings also ensures that any stay granted by the Court will be relatively short, which reduces the likelihood of undue prejudice or tactical disadvantage to Plaintiffs."). Apple argued the "PTAB's Final Written Decisions" would issue by "March 2022, before the scheduled trial date in this action (April 5, 2022)." *Id.* at 6. Thus, Apple argued delay caused by the "one-year timeline for IPR proceedings" was "not enough" to constitute prejudice. *Id.* at 18. Apple also assured the Court that "[t]he patent infringement case can easily be restarted should [Masimo] prevail in the ***PTAB***." *Id.* at 2.[1]

Apple's reply also repeatedly emphasized the PTAB proceedings would end before trial. Dkt. 213-1. For example, Apple argued:

> Moreover, as Plaintiffs' concede, the PTAB's Final Written Decisions must issue approximately by March 2022, before trial is set to commence on April 5, 2022. *See* 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107(b). Thus, Apple's IPR proceedings have great potential to dispose of all (or at the very least greatly simplify all) patent infringement issues in this case before trial.

*Id.* at 10; *see also id.* at 12 (arguing "Apple's IPR petitions are due to be decided before the current ***trial date***"); *id.* at 18 (arguing Apple "expects the PTAB's decisions to issue ***before trial***"). Apple distinguished Masimo's cited cases that denied stays that would last years because "the PTAB will, by statute, decide all of Apple's IPR petitions before trial commences in this case in April, 2022." *Id.* at 7, n.3; *see also id.* at 11-12. Apple also dismissed Masimo's concerns that the PTAB proceedings might not end until September 2022 (after trial) because "such extensions are extremely rare." *Id.* at 10, n.4.

---

[1] Unless noted otherwise, all emphasis is added and all exhibits are attached to the Declaration of Adam B. Powell, submitted herewith.

The Court's order explained the scope of relief that it was addressing: Apple's request "for the Court to issue a stay pending a determination by the Patent Trial and Appeal Board ('PTAB') of [Apple's] IPR petitions." Dkt. 220 at 2. The Court agreed with Apple that "[a] final IPR determination is expected by March 2021 [*sic* – 2022], a month before trial is set." *Id.* at 4. The Court also disagreed with Masimo's concerns that the IPR proceedings could be extended because that happens in only "3.8%" of cases so "there is a 96.2% chance that the written decision will be issued prior to the date for which [the] jury trial is set." *Id.* at 4, n.6; *see also id.* at 5 n.7 (declining to rely on Apple's argument that the *NHK-Fintiv* Rule "dramatically reduced the availability of IPR" because that rule applies where trial would occur "before PTAB reaches a final written decision" which was "not the case here"). The Court thus stayed the patent infringement claims. *Id.* at 8.

The PTAB proceedings are now complete. The PTAB found all but one claim in two patent families unpatentable. Powell Decl. ¶ 10. The PTAB confirmed the patentability of all claims in the third "low power" family (U.S. Patent Nos. 8,457,703 and 10,433,776). *Id.* The "low power" patents are the two patents at issue here.

### III. ARGUMENT

#### A. Apple Moved For A Stay Pending Proceedings At The PTAB Only

Apple's briefing made clear that Apple was requesting a stay only pending the IPR proceedings at the PTAB and **not** during a Federal Circuit appeal. Apple's briefs never even **mentioned** appeals, much less explained why the stay should extend additional years for such appeals. Instead, Apple repeatedly argued a stay was appropriate because such proceedings were "short" and would end by March 2022— before the then-scheduled April 2022 trial. *See supra* Section II. Apple also assured Masimo and this Court that "[t]he patent infringement case can easily be restarted should [Masimo] prevail in the PTAB." Dkt. 196-1 at 2.

Apple presumably did not try to argue the stay should extend through appeal because it likely knew that courts often deny such requests. For example, one decision

in this District granted a stay but concluded "a stay of this action pending final exhaustion of the IPR process, including exhaustion of appeals" would not "lead to sufficient simplification of issues or other benefits to warrant the additional delay." *Nike, Inc. v. Skechers U.S.A., Inc.*, 2021 WL 4925447, at *10 (C.D. Cal. June 30, 2021). The decision explained that the stay did ***not*** include "any appeals of the PTAB's rulings" and "[t]he parties should neither expect nor request any further stay once the PTAB issues its final written decisions on these proceedings." *Id.* Courts often lift stays at the conclusion of the Patent Office proceedings despite the defendant's appeals. *See, e.g., Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *3 (N.D. Cal. Sept. 23, 2019); *Elms 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018); *Smart Modular Technologies, Inc. v. Netlist, Inc.*, 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016).

During the parties' meet and confer on this issue, Apple argued the stay extended through appeal because Apple's proposed order recited "and any subsequent appeals therefrom." Dkt. 196-2. But the Court did ***not*** sign Apple's proposed order and Apple made no such request in its briefing. Instead, the Court issued its own order stating Apple requested "a stay pending a determination by the Patent Trial and Appeal Board ('PTAB') of [Apple's] IPR petitions." Dkt. 220 at 2. The Court granted that stay. *Id.*

Courts routinely decline to grant requests in proposed orders that are not discussed, much less, justified in briefs. *See, e.g., T.V. v. Sacramento City Unified Sch. Dist.*, 2018 WL 3303162, at *1 (E.D. Cal. July 5, 2018) (rejecting "plaintiff's proposed order" because it was "inconsistent with plaintiffs' motion"); *Safegate Airport Sys., Inc. v. RLG Docking Sys., Inc.*, 2014 WL 3397774, at *8 (D. Ariz. July 11, 2014) (finding plaintiff "proposes a new and different interpretation in it Proposed Order that was not briefed or argued"); *DeFazio v. Hollister, Inc.*, 854 F. Supp. 2d 770, 807 (E.D. Cal. 2012) (finding "plaintiffs' proposed orders request prospective injunctive relief" but their briefing was "devoid of any substantive discussion" on the issue).

/ / /

Accordingly, Masimo respectfully requests that the Court confirm the stay for patent claims that were confirmed by the PTAB has ended.

### B. The Case Can Proceed To Trial On Schedule

This case can proceed to trial with the low power patents on the current schedule. Trial is currently scheduled for March of 2023—ten months from now. That is more than enough time for several reasons.

#### 1. The Parties Have Tried More Patents In Less Time

Ten months is more than enough time to proceed to trial because the parties recently prepared for a trial on 5 patents from start to finish, with no prior discovery, in the *same* amount of time. Powell Decl. ¶ 11 (ITC investigation instituted in August 2021 with a final hearing date of June 2022). Here, there are only two patents at issue. Even without considering the additional facts discussed below, Apple cannot reasonably assert that it is not feasible for the parties to try two patents in March of 2023.

#### 2. Apple's Defenses Have Been Significantly Narrowed

Apple's defenses have also been severely limited by its decision to pursue IPRs and its representation regarding estoppel. As Apple represented, "Apple [is] estopped from raising in this action invalidity grounds that were raised or reasonably could have been raised in the IPR proceedings." Dkt. 196-1 at 10-11. Thus, Apple argued "if some claims survive, by definition the case will be narrower, as Apple's invalidity challenges will have been substantially narrowed." *Id.* at 11. The Court relied on those arguments in granting the stay. Dkt. 220 at 4. There can be no dispute that Apple's defenses are significantly limited.

#### 3. The Parties Have Already Conducted Extensive Discovery

The parties have also already conducted extensive discovery that is relevant to the patent claims. The "low power" patents at issue here in particular concern subject matter that has already been the subject of extensive discovery due to the trade secret claims. Claim 1 of the '703 patent recites "A method of managing power consumption during continuous patient monitoring," including elements such as "continuously operating a

-5-

1 patient monitor at a lower power consumption level" and "transitioning to continuously
2 operating said patient monitor at a higher power consumption level" based on certain
3 characteristics. Ex. 1 at 2. Claim 1 of the '776 Patent recites "A method of operating a
4 patient monitor configured to monitor at least a pulse rate of a patient," including
5 elements wherein "power consumption of the first control protocol light source
6 according to the first duty cycle is different than power consumption of the second
7 control protocol light source according to the second duty cycle." Ex. 2 at 2. Claim 9
8 also refers to physiological events, including "oxygen desaturation." *Id.*

9       While the specific details of Masimo's trade secrets are not the same as the
10 patents, the relevant technology overlaps. Masimo's trade secrets include ▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23       As a result of Masimo's trade secrets, the parties have taken extensive discovery
24 on each other's pulse rate and pulse oximetry products. Those products include the
25 Apple Watch products accused of infringing the "low power" patents and Masimo
26 products that compete with those products. Discovery covered those products'
27 algorithms, hardware configurations, marketing, and sales. Below are examples of some
28 ///

discovery requests on which Apple agreed to produce, or was ordered to produce, responsive documents.

> 63. Documents sufficient to show any heart rate algorithms used in any of the Apple Watch Products.
>
> 149. Documents sufficient to show any pulse oximetry algorithms used in any of the Apple Watch Products.
>
> 153. All documents and things that refer or relate to the operation of any LEDs used to determine oxygen saturation for any Apple Watch Product, including but not limited to documents and things that refer or relate to LED timing, duty cycle, current, or power usage.
>
> 325. Documents sufficient to show power consumption by each heart rate algorithm used in any of the Apple Watch Products.
>
> 328. Documents sufficient to show testing of the Apple Watch Products with respect to pulse rate detection, pulse rate measurement, power consumption by pulse rate detection, or power consumption by pulse rate measurement.
>
> 339. Documents sufficient to show power consumption by each pulse oximetry algorithm used in any of the Apple Watch Products.
>
> 342. Documents sufficient to show testing of the Apple Watch Products with respect to pulse oximetry or power consumption by pulse oximetry

Ex. 4; Powell Decl. ¶ 6 (explaining Apple agreed to produce or was ordered to produce on each request). Masimo has also agreed to produce, and produced, significant discovery on similar topics. *See, e.g.*, Ex. 5 at RFPs 104-109, 122-127, 145, 279-282; Powell Decl. ¶ 7. These are only a few examples of the many overlapping requests.

Indeed, Apple itself acknowledged the trade secret and patent discovery overlapped. At the onset of this case, Apple argued the overlap was so significant that patent discovery should be barred until Masimo had complied with the Section 2019.210 trade secret disclosure requirements. Dkt. 43-1 at 16. When Masimo argued many requests were permissible because they did not relate solely to trade secrets, Apple argued "the language of the Requests makes crystal clear that the Requests *also* seek information *relating to* Plaintiffs' trade secret claim." *Id.* Apple argued the requests concerned the "Apple Watch Series 4 or later" products, which are "the very same Apple

Watches that Plaintiffs contend incorporate their trade secrets." *Id.* The Court acknowledged discovery overlapped, but ordered Apple to produce documents. *See, e.g.*, Ex. 6 at 12:10-19 (concluding patent documents "should be disclosed now, notwithstanding the fact that they may overlap the trade secrets case").

Accordingly, the parties have exchanged significant discovery that overlaps with the patent claims. To date, Apple has produced about 2.4 million pages and Masimo has produced over 3 million pages. Powell Decl. ¶ 9. Masimo does not expect the parties will need much, if any, additional written discovery. The parties have substantial time remaining for depositions, and Masimo would increase the total number of hours if necessary.

### 4. The Current Schedule Can Accommodate Patent Dates

In obtaining the original stay, Apple repeatedly touted that the IPR proceedings would conclude "before" the trial in April 2022 and argued the patent case can "easily be restarted" if Masimo prevailed at the PTAB. Having made those arguments to successfully obtain a stay, Apple cannot now credibly assert that the patent case cannot go to trial in March 2023—nearly a year after the IPRs ended.

The current schedule is sufficient to include any patent dates that the Court believes are necessary. That is particularly true because the parties already served preliminary infringement contentions and invalidity contentions long ago. Those contentions could be updated fairly quickly and the parties could proceed to Markman briefing. Masimo suggests a status conference to discuss what patent dates are necessary and a potential schedule. Below is one potential exemplary schedule where the Markman hearing could occur in September 2022 (several months before summary judgment).

/ / /

/ / /

/ / /

/ / /

| Event | Date |
|---|---|
| Parties to update existing Infringement Contentions (Patent L.R. 3-1 and 3-2) & Invalidity Contentions (Patent L.R. 3-3 and 3-4) | 7/11/2022 |
| Exchange of Proposed Claim Terms for Construction (Patent L.R. 4-1) | 7/18/2022 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | 8/1/2022 |
| Joint Markman Prehearing Statement (Patent L.R. 4-3) | 8/15/2022 |
| Complete Claim Construction Discovery (Patent L.R. 4-4) | 8/15/2022 |
| Simultaneous Opening Markman Briefs (Patent L.R. 4-5) | 8/29/2022 |
| Simultaneous Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | 9/12/2022 |
| Markman Hearing | 9/26/2022 |

## IV. CONCLUSION

Accordingly, Masimo respectfully requests the Court confirm that the patent stay on the "low power" patents has ended. Masimo would also welcome any status conference with the Court to discuss a schedule on necessary patent dates.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 23, 2022

By: /s/ Adam B. Powell
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.