JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 9** <br><br> Date: July 11, 2022 <br> Time: 1:30 p.m. <br><br> Discovery Cut-Off: Aug. 12, 2022 <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2    GIBSON, DUNN & CRUTCHER LLP
     200 Park Avenue
3    New York, NY 10166-0193
     Tel.: 212.351.2339 / Fax: 212.817.9539
4

5    ILISSA SAMPLIN, SBN 314018
     isamplin@gibsondunn.com
6    GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
7    Los Angeles, CA 90071-3197
     Tel.: 213.229.7000 / Fax: 213.229.7520

8    ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
9    GIBSON, DUNN & CRUTCHER LLP
     2029 Century Park East Suite 4000
10   Los Angeles, CA 90067
     Tel.: 310.552.8546 / Fax: 310.552.7026
11

12   KENNETH G. PARKER, SBN 182911
     ken.parker@haynesboone.com
13   HAYNES AND BOONE, LLP
     660 Anton Boulevard Suite 700
14   Costa Mesa, CA 92626
     Tel. 650.949.3014 / Fax: 949.202.3001

15   MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
16   WILMER CUTLER PICKERING
     HALE AND DORR LLP
17   2600 El Camino Real, Suite 400
     Palo Alto, CA 94306
18   Tel.: 650.858.6000 / Fax: 650.858.6100

19   NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20   WILMER CUTLER PICKERING
     HALE AND DORR LLP
21   1225 Seventeenth St., Suite 2600
     Denver, CO 80202
22   Tel: 720.274.3152 / Fax: 720.273.3133

23

24

25

26

27

28

DEFENDANT APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 9

CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

I.   Introduction ................................................................................................. 1

II.  Background ................................................................................................... 2

     A.   Apple's RFP Nos. 346 And 350: Design, Development, Operation, And Marketing Of Plaintiffs' Wrist-Worn And Competitive Products .............................................................................................. 2

     B.   Apple's RFP Nos. 358, 360, 361, 364, 366, 369, 371, 373, 374, and 375: Plaintiffs' "W1" Watch ............................................................. 4

III. Legal Standard ............................................................................................. 6

IV.  Argument ...................................................................................................... 7

     A.   RFP Nos. 346 and 350 Seek Relevant And Proportional Discovery ......... 7

     B.   RFP Nos. 358, 360, 361, 364, 366, 369, 371, And 373-375 Concerning The W1 Watch Seek Relevant And Proportional Discovery. ...................................................................................... 12

V.   Conclusion ................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*A. Farber & Partners, Inc. v. Garber*,
234 F.R.D. 186 (C.D. Cal. 2006) ................................................................. 11

*ActiveRain Corp. v. Move, Inc.*,
2008 WL 11337643 (C.D. Cal. Dec. 16, 2008) ........................................... 13

*Attia v. Google LLC*,
2018 WL 4202151 (N.D. Cal. Sept. 4, 2018) .......................................... 8, 13

*Brill v. Napolitano*,
2010 WL 11512400 (C.D. Cal. May 12, 2010) ............................................ 14

*Delquin Plastics USA, Inc. v. Larach*,
2017 WL 6888280 (C.D. Cal. Sept. 26, 2017) ............................................ 15

*Fisher v. Am. Bankers Ins. Co. of Fla.*,
2021 WL 6536669 (C.D. Cal. Dec. 17, 2021) ............................................... 6

*Flack v. Nutribullet, L.L.C.*,
333 F.R.D. 508 (C.D. Cal. 2019) ................................................................. 11

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
2013 WL 12090042 (S.D. Fla. June 14, 2013) ............................................ 13

*Gold v. Kaplan*,
2021 WL 6618643 (C.D. Cal. Dec. 2, 2021) ............................................... 11

*Hope Medical Enterprises, Inc. v. Fagron Compounding Services, LLC*,
2020 WL 2771233 (C.D. Cal. Mar. 31, 2020) ............................................... 6

*In re Avaya Inc.*,
2018 WL 1940381 (Bankr. S.D.N.Y. Apr. 23, 2018), *aff'd,* 602
B.R. 445 (S.D.N.Y. 2019) ............................................................................ 13

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
2014 WL 12647879 (N.D. Cal. Nov. 14, 2014) ........................................... 15

*Intex Recreation Corp. v. Bestway USA Inc.*,
2021 WL 6618494 (C.D. Cal. Nov. 10, 2021) ............................................... 7

*IQVIA, Inc. v. Veeva Sys., Inc.*,
    2019 WL 3059805 (D.N.J. July 11, 2019), *modified on other
    grounds*, 2019 WL 6044885 (D.N.J. Nov. 14, 2019)....................................10

*M & F Fishing, Inc. v. Certain Underwriters at Lloyds*,
    2007 WL 9706491 (S.D. Cal. Apr. 13, 2007) ...............................................15

*Madej v. Yale Univ.*,
    2020 WL 6270273 (D. Conn. Oct. 26, 2020).................................................10

*Nutrition Distribution LLC v. IronMag Labs, LLC*,
    2018 WL 6307882 (C.D. Cal. Oct. 29, 2018) ...............................................11

*O. L. v. City of El Monte*,
    2020 WL 7264549 (C.D. Cal. Oct. 30, 2020) ...........................................7, 12

*Siano Mobile Silicon, Inc. v. Mavcom, Inc.*,
    2011 WL 1483706 (N.D. Cal. Apr. 19, 2011) ...............................................10

*Softel, Inc. v. Dragon Medical & Sci. Communications Ltd.*,
    891 F. Supp. 935 (S.D.N.Y. 1995), *vacated and remanded in part
    on other grounds sub nom. Softel, Inc. v. Dragon Med. & Sci.
    Commc'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997).................................................8

*Yoe v. Crescent Sock Co.*, 2017 WL 11479993 (E.D. Tenn. Mar. 24, 2017)............9

## STATUTES, RULES, AND REGULATIONS

Federal Rule of Civil Procedure 53(f)(3)-(4)................................................6

Federal Rule of Civil Procedure 26(b)(1) .................................................6

1    **I.    INTRODUCTION**

2          In this trade secret case, Plaintiffs claim to have suffered harm to their purported

3    ████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████████      Plaintiffs further contend that Apple's

6    alleged trade secret misappropriation has caused Plaintiffs to ██████████████

7    ████████████████████████████████████████████████████

8    ██████████    Based on those allegations, Plaintiffs apparently intend ███████████

9    ████████████████████████████████████████████

10         Based on Plaintiffs' allegations, Apple sought discovery on the design,

11   development, operation, and efforts to market the very products ████████████████

12   █████████████████████████████████████████. Yet despite Plaintiffs'

13   assertions and the extraordinary damages Plaintiffs intend to seek in this case, Plaintiffs

14   have sought to deprive Apple of basic discovery ████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████████████    Notably, in doing so, Plaintiffs have scarcely challenged

17   the relevance of the requests at issue and instead have resorted to vague assertions that

18   the requests are overbroad, without a single factual basis to back up those claims.  The

19   Special Master—accepting Plaintiffs' conclusory assertions—has in turn declined to

20   order the requested discovery, while at the same time ordering Apple to provide nearly

21   identical discovery to Plaintiffs.  Apple now appeals certain aspects of the Special

22   Master's ruling that go to the heart of Plaintiffs' trade secret and damages claims.

23         Because the requested discovery is undeniably relevant to Plaintiffs' allegations

24   in this case and neither Plaintiffs nor the Special Master has identified any concrete

25   burden associated with providing it, Apple respectfully requests that the Court order

26   Plaintiffs to provide discovery in response to Apple's Requests for Production ("RFP")

27   Nos. 346, 350, 358, 360, 361, 364, 366, 369, 371, and 373-375.

28

## II.   BACKGROUND

### A.   Apple's RFP Nos. 346 And 350: Design, Development, Operation, And Marketing Of Plaintiffs' Wrist-Worn And Competitive Products

Plaintiffs claim to have ███████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████. In view of these claims, Apple's RFP Nos. 346 and 350 (as narrowed) seek documents and communications ████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████.

On March 1, 2022, Apple moved to compel production of documents responsive to RFP Nos. 346 and 350.  Ex. 23 (Mar. 1, 2022 Mot.).  Apple explained that the requested documents are relevant to the value of the alleged trade secrets and any claimed damages.  *Id.* at 3.  Apple further explained that the RFPs are proportional because RFP No. 346 is limited to documents "sufficient to show" and RFP No. 350 is limited to marketing documents.  *Id.* at 3-5.  Apple also "narrowed these RFPs to seek discovery only regarding Plaintiffs' prior or future wrist-worn products and products that Plaintiffs contend compete with or will compete with Apple Watch."  *Id.* at 1. Plaintiffs' opposition did not meaningfully contest relevance.  Instead, Plaintiffs baldly claimed the RFPs were "exceedingly broad," yet failed to point to any concrete burden associated with producing responsive documents.  Ex. 24 at 3-4 (Mar. 8, 2022 Opp.).

On April 18, 2022, the Special Master issued Order No. 8 (Dkt. 656), which

1    deferred ruling on Apple's motion and ordered Apple to provide Plaintiffs with "Apple's

2    proposed narrowed" RFPs.  *Id.* at 3.  Apple provided the following narrowed RFPs:

3    

4    

5    

6    

7    

8    

9    

10    

11    

12            After Apple provided the narrowed RFPs, the Special Master held a hearing.  At

13    the hearing, Apple explained that the RFPs seek discovery plainly relevant

14    

15    

16                                                Apple further explained that

17    

18    

19    

20    

21    

22    

23                                                            Apple also pointed out that Plaintiffs

24    failed to substantiate any alleged burden associated with producing the documents.  Ex.

25    42 at 27:11-28:6, 30:7-14 (Apr. 29, 2022 Hr'g Tr.).   Plaintiffs did not challenge

26    relevance; rather, they acknowledged that

27    

28            On May 11, 2022, the Special Master issued Order No. 9, denying-in-part Apple's

1  March 1 motion to compel.  As relevant here, without explanation, the Special Master

2  found that ███████████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████████████████████████

4  ███████████████████████████████████████████████████████████████████████

5  ███████████████████████████████████████████████████████████████████████

6  ███████████████████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████████████████████

9  ███████████████████████████████████████████████████████████████████████

10     **B.     Apple's RFP Nos. 358, 360, 361, 364, 366, 369, 371, 373, 374, and 375:**

11           **Plaintiffs' "W1" Watch**

12        In January 2022, Plaintiffs showcased a new wrist-worn product called the

13  Masimo W1 watch (the "W1") at an Arab Health event in Dubai.[1]  Plaintiffs claim to

14  have suffered harm to their purported ██████████████████████████████████████

15  ███████████████████████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18        On February 8, 2022, ████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████████████████

20  ███████████████████████████████████████████████  Specifically, the RFPs seek

21  documents related to (1) the research, design and/or development of the W1 or its

22  components (Nos. 358, 360, 371); (2) the functionality, manufacture, and use of the W1

23  (Nos. 361, 366); (3) the marketing and sale of the W1 and wrist-worn products (Nos.

24  364, 373, 374); (4) FDA communications regarding the W1 (No. 369); and (5) efforts to

25  obtain intellectual property protection (No. 375).  *Id.* ██████████████████████████

26  ─────────────────────

27  [1]     *See*          https://www.youtube.com/watch?v=5KvcsFkxBvE          at          0:57;

28  https://www.youtube.com/watch?v=y1PRT0jRX5c at 0:58.

1

2

3

4

5   ▮▮▮▮▮▮▮▮▮▮[2] Although Plaintiffs eventually agreed to produce responsive

6   documents that postdated the February 23, 2022 close of discovery in the ITC action,

7   they refused to produce responsive documents ***predating*** that date, and instead insisted

8   on a cross-use agreement.  Ex. 32 at 1 (Mar. 18, 2022 email from D. Satanove).

9          On March 30, 2022, Apple moved to compel production of documents responsive

10  to these RFPs, explaining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮  Moreover, because Plaintiffs claimed to have already collected responsive

14  documents for the ITC action, Apple explained that the requests posed minimal, if any,

15  burden to Plaintiffs.  *Id.* at 4.  ▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Instead, Plaintiffs

18  asserted that they had produced documents related to the W1 in the ITC action, and that

19  Judge Early's ruling on the then-pending cross-use use motion would "likely provide

20  additional guidance … and may resolve the parties' disputes."  *Id.*

21          During the hearing on Apple's March 30 motion, Apple explained ▮▮▮▮▮

22  —————————————————

23  [2] On October 19, 2021, Plaintiffs moved to modify the Protective Order to permit Plaintiffs to use discovery produced in this case in the ITC action.  *See* Dkts. 505, 506.

24  Apple opposed, and Magistrate Judge Early denied the motion in November 2021.  *See* Dkt. 511, 515.  Approximately two months later, Plaintiffs filed a second motion to

25  modify the Protective Order, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮  Magistrate Judge Early again denied Plaintiffs' request to allow blanket cross-use of documents on May 9, 2022, mooting Plaintiffs' primary

28  argument for resisting discovery related to the W1.  *See* Dkt. 710 at 1-2.

1 ████████████████████████████████████

2 ████████████████████████████████████

3 ███████████████████████████████████

4 ████████████████████████████████████

5 ██████████████████████████████ Following

6 the hearing, the Special Master denied Apple's motion ██████████

7 ████████████████████████████████████

8 ████████████████████████████████████

9 ████████████████████████████████████

10 ████████████████████████████████████

11 ███████████████████████████████

## III.   LEGAL STANDARD

Under this Court's order appointing the Special Master, this Court reviews *de novo* all objections to findings of fact and conclusions of law. *See* Dkt. 470 at 4; *accord* Fed. R. Civ. P. 53(f)(3)-(4). Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional[.]" The relevance requirement "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hope Med. Enters., Inc. v. Fagron Compounding Servs., LLC*, 2020 WL 2771233, at *2 (C.D. Cal. Mar. 31, 2020). For proportionality, a court may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Fisher v. Am. Bankers Ins. Co. of Fla.*, 2021 WL 6536669, at *2 (C.D. Cal. Dec. 17, 2021).

Once the party seeking discovery meets its "initial burden" to establish relevance, the "party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections." *E.g., Hope*

*Med. Enters.*, 2020 WL 2771233, at *2.  If the party resisting discovery raises only "general objections, without evidentiary support, such as overbreadth, undue burden, oppressive, vague, compound, etc.," the objections should be "overruled as unsupported."  *O. L. v. City of El Monte*, 2020 WL 7264549, at *5 (C.D. Cal. Oct. 30, 2020).  When "it is not clear that" that the party resisting discovery has been held to its burden, a ruling denying the discovery is "contrary to law."  *Intex Recreation Corp. v. Bestway USA Inc.*, 2021 WL 6618494, at *5 (C.D. Cal. Nov. 10, 2021).

## IV.   ARGUMENT

### A.   RFP Nos. 346 and 350 Seek Relevant And Proportional Discovery.

During the briefing and hearing before the Special Master, Plaintiffs never meaningfully disputed the relevance of the discovery sought in RFP Nos. 346 and 350.[3] And for good reason:  RFP Nos. 346 and 350 seek documents ***directly relevant*** to Plaintiffs' damages allegations and the value of the alleged trade secrets.

RFP No. 346 seeks documents ███████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████   To the extent that Plaintiffs contend that ████████████ ████████████████████████   Apple should receive discovery on the design, features, and functionality of those products, including the extent to which those products actually incorporate the alleged trade secrets or other non-trade secret features.

---

[3] Although Plaintiffs stated in passing that Apple's assertion of relevance was "conclusory" and Apple "should have identified specific products," Plaintiffs made no attempt to rebut relevance in their opposition or at the hearing.  *See* Ex. 24 at 4 (Mar. 8, 2022 Opp.).  Given Plaintiffs' failure to address the relevance of RFP Nos. 346 and 350 before the Special Master, ████████████████████████████████████████ ████████████████████████████████████████████████████

---

That discovery is relevant to whether Plaintiffs' ███████ were caused by Apple's alleged misappropriation and the value (if any) of Plaintiffs' alleged trade secrets.

For example, discovery on all the features of the products may help Apple determine whether the success or failure of the product is attributable to the trade secrets or some other factor (e.g., a new non-trade secret feature that drives success or poor battery life and bulky design that leads to market failure). As this Court previously explained, "Apple may attempt to show that trade secrets-based components had no effect on consumer demand or that applying proper apportionment results in little to no trade secrets-related damages." Dkt. 638 at 5; *see also Attia v. Google LLC*, 2018 WL 4202151, at *2 (N.D. Cal. Sept. 4, 2018) (defendant in a trade secret case is "certainly entitled to discovery relating to the value or lack of value of the alleged trade secrets" and "the financial benefits (or lack thereof) that plaintiffs obtained from" them).

Similarly, RFP No. 350 seeks discovery related to Plaintiffs' ███████ ███████████████████████████████████████████████████████ ███████ Those documents are relevant to Plaintiffs' claim that Apple's alleged misappropriation has ███████████████████████████████████ ███████████████████████████████████████████████████ ███████████████ Apple should be permitted discovery into Plaintiffs' efforts to market products as a part of that alleged ███████████ so that Apple may defend against Plaintiffs' conclusory (and unsupported) allegations. Moreover, Plaintiffs' marketing of competing products is directly relevant to Plaintiffs' lost profits allegations. If Plaintiffs failed to market their purported competing products (or if their marketing focused on non-trade secret functions and features), that would undermine Plaintiffs' damages claims. *See Softel, Inc. v. Dragon Med. & Sci. Commc'ns Ltd.*, 891 F. Supp. 935, 943 (S.D.N.Y. 1995) (rejecting argument that damages should be awarded based on competitive advantage when "plaintiff did not prove that Dragon gained any time advantage over competitors"), *vacated and remanded in part on other grounds sub nom. Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997); *see*

---

1    *also Yoe v. Crescent Sock Co.*, 2017 WL 11479993, at *4 (E.D. Tenn. Mar. 24, 2017)

2    (discovery on plaintiff's products was relevant "to whether the alleged trade secret …

3    has been rendered obsolete and deemed to no longer possess any economic value").

4    Alternatively, Plaintiffs' own marketing assessments may reveal that Plaintiffs' products

5    have failed or will fail for reasons entirely unrelated to Apple's alleged conduct (e.g.,

6    consumers do not like the W1 styling or the product is difficult to use).

7          Although RFP Nos. 346 and 350 seek information that directly bears on Plaintiffs'

8    damages claims, the Special Master ███████████████████████████████████

9    ████████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████████

11   ████████████████████████████████    But Apple explained in detail the relevance of

12   the requested documents both in its briefing (*see* Ex. 23 at 3-5 (Mar. 1, 2022 Mot.); Ex.

13   25 at 3 (Mar. 15, 2022 Reply)), and at the hearing before the Special Master (*see* Ex. 42

14   at 9:4-11:15 (Apr. 29, 2022 Hr'g Tr.)).    The Special Master failed to address Apple's

15   arguments that the requested documents are directly relevant to Plaintiffs' damages

16   claims, let alone explain how discovery concerning the design, development, operation,

17   and marketing of the very products that form the basis for Plaintiffs' lost sales allegations

18   could possibly be ***irrelevant*** in view of Plaintiffs' extraordinary damages claims.

19         Because Apple established relevance, the burden should have then shifted to

20   ***Plaintiffs*** to prove that the RFPs are not proportional.  *See supra* p. 6-7.  While the

21   Special Master determined RFP Nos. 346 and 350 to be "overbroad," that conclusion

22   was wholly unsupported by the record, much less by any specific finding.

23         *First*, although the Special Master found the phrase ███████████████████

24   ████████████████████████████████████████████████████████████████████

25   ████████████    the Special Master previously ordered Apple to provide discovery in

26   response to ***nearly identical*** requests served by Plaintiffs.  *See* Dkt. 503 at 3 (ordering

27   Apple to provide discovery in response to Plaintiffs' RFP Nos. 265-273 and 452-465);

28   Ex. 5 at 5 (Pls.' RFP No. 265) (seeking "[a]ll documents or communications referencing

---

or relating to the research, ***design, and/or development***" of Apple Watch (emphasis added)); *id.* at 6 (Pls.' RFP No. 267) (seeking "[a]ll documents or communications referencing or relating to the ***function*** of" Apple Watch (emphasis added)); Ex. 6 at 6 (Pls.' RFP Nos. 460-463) (seeking "[d]ocuments sufficient to identify the ***algorithm***" in Apple Watch (emphasis added)).   Apple's RFP No. 346— ██████████████

████████████████████████████████████████████████

████████████████████████████—is no more burdensome for Plaintiffs than Plaintiffs' parallel (and far broader) requests are for Apple.  *See Madej v. Yale Univ.*, 2020 WL 6270273, at *11 (D. Conn. Oct. 26, 2020) ("request for documents, limited to documents 'sufficient to show,'" was "not burdensome"); *IQVIA, Inc. v. Veeva Sys., Inc.*, 2019 WL 3059805, at *8 (D.N.J. July 11, 2019) ("in light of [Defendant's] assertion that it will accept documents sufficient to show" plaintiff did not meet "burden to demonstrate" production "would be unduly burdensome and disproportionate"), *modified on other grounds*, 2019 WL 6044885 (D.N.J. Nov. 14, 2019); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, 2011 WL 1483706, at *4 (N.D. Cal. Apr. 19, 2011) (ordering production when party resisting production "ha[d] not demonstrated" burden "in producing documents sufficient to show").[4]

    *Second*, the Special Master's finding that ████████████████████

████████████████████████████████████████████████

██████ As with RFP No. 346, the Special Master previously ordered Apple to provide ████████████ discovery to Plaintiffs.  *See* Dkt. 503 at 3 (ordering Apple to provide discovery in response to Plaintiffs' RFP No. 455); Ex. 6 at 5 (Pls.' RFP No. 455)

---

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

(seeking "[d]ocuments *regarding* Apples [sic] planned *efforts to market*" Apple Watch (emphasis added)).  That ruling directly contradicts the Special Master's conclusion—when assessing the breadth of *Apple's* RFPs—that RFP No. 350 is overbroad and not proportional to the needs of the case.  Moreover, although "unrestrictive use" of terms like "all documents" or "relating to" may give rise to breadth concerns in certain circumstances, "a request will not be objectionable solely because of the use of such [a] term[]" where, as here, it "modif[ies] a sufficiently specific type of information or group of documents" (i.e., marketing efforts for competitive products).  *See Gold v. Kaplan*, 2021 WL 6618643, at *6 (C.D. Cal. Dec. 2, 2021); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 n.1 (C.D. Cal. 2006) (finding that "bald, boilerplate assertion that [a party's] document requests are overly burdensome and harassing merely because they seek information 'relating to' a subject is without merit").

*Third,* the Special Master offered no explanation for why the burden of producing documents in response to RFP Nos. 346 and 350 outweighs the likely benefit of production.  Indeed, Plaintiffs have *never* articulated any concrete burden associated with responding to these requests.  Nor have Plaintiffs offered any counterproposals that would alleviate any alleged burden (assuming there is any).  Plaintiffs' failure is particularly stark here, given that ███████████████████████████ ███████████████████████████████████████████ *see also* Dkt. 503 at 2 (granting discovery into "documents concerning future versions of the Apple Watch" because "such discovery is relevant and proportional in this case involving substantial sums"); *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 516 (C.D. Cal. 2019) ("Where, as here, the damages sought are substantial, the scope of discovery that may be deemed proportionate … is generally broader[.]"); *Nutrition Distrib. LLC v. IronMag Labs, LLC* , 2018 WL 6307882, at *2 (C.D. Cal. Oct. 29, 2018) ("[G]iven the substantial damages and injunctive relief sought, the RFPs are proportional[.]").  In view of Plaintiffs' failure to provide any "evidentiary support" to their "general objection" of undue burden, Plaintiffs failed to meet their burden to resist the relevant discovery

sought in RFP Nos. 346 and 350, and Apple's objections should be sustained as to those RFPs.  *See City of El Monte*, 2020 WL 7264549, at *5.

**B.      RFP Nos. 358, 360, 361, 364, 366, 369, 371, And 373-375 Concerning The W1 Watch Seek Relevant And Proportional Discovery.**

Having placed the W1 watch directly at issue as a basis for their damages claims (*see supra* p. 1, 4), Plaintiffs never seriously disputed the relevance of RFP Nos. 358, 360, 361, 364, 366, 369, and 371, which each seek discovery related to the W1.  *See supra* p. 4-6. ███████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████████████████ ███
████████████████████████████████████████████████
█████████████████████████████████████

That is unsurprising, as each of these RFPs is indisputably relevant to Plaintiffs' damages allegations and alleged trade secrets.  As explained above, Plaintiffs claim to have ███████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

_____

[5] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████

1  ████████████████████████████████████████████████████████

2  ████████████. *See, e.g., ActiveRain Corp. v. Move, Inc.*, 2008 WL 11337643, at *3 (C.D.

3  Cal. Dec. 16, 2008) ("[E]vidence of changes to plaintiff's trade secrets could show that

4  the original information is no longer a valuable trade secret[.]").

5        Similarly, ███████████████████████████████████████

6  ██████████ is directly relevant to Plaintiffs' claim that they suffered harm to their purported

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████ is directly relevant to the extent to

13 which Plaintiffs' alleged trade secrets remain (or will remain) secret (and thus may no

14 longer qualify as a trade secret). *See In re Avaya Inc.*, 2018 WL 1940381, at *8 (Bankr.

15 S.D.N.Y. Apr. 23, 2018) ("Damages are only appropriate for the period of time during

16 which the trade secret would remain a secret[.]"), *aff'd,* 602 B.R. 445 (S.D.N.Y. 2019).

17       Plaintiffs have put ████████████████████████████████

18 ███████████████████████████ directly at issue.   Apple is thus "entitled to

19 discovery relating to the value or lack of value of the alleged trade secrets and plaintiffs'

20 other allegations of harm, including plaintiffs' prior unsuccessful efforts to

21 commercialize … and the financial benefits (or lack thereof) … from the alleged trade

22 secrets." *Attia v. Google LLC*, 2018 WL 4202151, at *2 (N.D. Cal. Sept. 4, 2018); *see

23 also, e.g.*, *Flexiteek Americas, Inc. v. Plasteak, Inc.*, 2013 WL 12090042, at *6 (S.D.

24 Fla. June 14, 2013) (Given "the damages sought … Defendants are entitled to discover

25 information related to the Plaintiffs' products and manufacturing capabilities[.]").

26       Having effectively conceded relevance, Plaintiffs had the burden to establish that

27 the documents should not be produced.  Plaintiffs made no attempt to satisfy that burden.

28

---

Nonetheless, the Special Master concluded—without explanation or record support—that the requests were "overbroad." *See* Ex. 45 at 6-8 (Order No. 9).[6]  That was error.

*First*, there is no basis in the record for the Special Master's conclusion that these RFPs are overbroad.  Plaintiffs' opposition ***never even asserted*** that the requests are overbroad.  *See* Ex. 40 (Apr. 6, 2022 Opp.).[7]  And at the hearing, Plaintiffs summarily claimed that ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████   Such boilerplate objections without evidentiary support are insufficient to sustain Plaintiffs' burden.  *See Brill v. Napolitano*, 2010 WL 11512400, at *2 (C.D. Cal. May 12, 2010) ("[P]laintiff's unexplained and unsupported boilerplate objections are improper[.]").  Yet the Special Master nonetheless found—without explanation—that the RFPs were "overbroad."  Ex. 45 at 6-8 (Order No. 9).

*Second*, the Special Master's conclusory finding that the requests are "overbroad" is further undermined by the fact that ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████   If true, there is little (if any) burden associated with requiring Plaintiffs to Bates-stamp and produce those documents

─────────────────────

[6] ████████████████████████████████████████████████████████████████

[7] ████████████████████████████████████████████████████████████████

in this case.  *See, e.g.*, *Delquin Plastics USA, Inc. v. Larach*, 2017 WL 6888280, at *1 (C.D. Cal. Sept. 26, 2017) (ordering production where "Plaintiff has not identified any undue burden or expense" and "documents have already been searched for and collected"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 12647879, at *2 (N.D. Cal. Nov. 14, 2014) (concluding that "there would not be any significant burden because the responsive documents from" related litigation "have already been collected, reviewed and produced"); *M & F Fishing, Inc. v. Certain Underwriters at Lloyds*, 2007 WL 9706491, at *5 (S.D. Cal. Apr. 13, 2007) ("[T]he burden and expense to SeaPac in producing the documents it already collected and reviewed … would be low[.]").[8] Accordingly, Apple's objections with respect to these RFPs should be sustained.

## V.   CONCLUSION

Apple respectfully requests that the Court sustain Apple's objections to the Special Master's Order No. 9 and order the production of documents responsive to RFP Nos. 346, 350, 358, 360, 361, 364, 366, 369, 371, and 373-375 within 14 days.

Dated:  May 25, 2022                              Respectfully submitted,

                                                 H. MARK LYON
                                                 BRIAN M. BUROKER
                                                 BRIAN A. ROSENTHAL
                                                 ILISSA SAMPLIN
                                                 ANGELIQUE KAOUNIS
                                                 BRIAN ANDREA
                                                 GIBSON, DUNN & CRUTCHER LLP

                                                 KENNETH G. PARKER
                                                 HAYNES AND BOONE, LLP

---

[8] Plaintiffs have not represented that the documents produced in the ITC action are coextensive with the documents sought by Apple in the RFPs at issue in this case. Accordingly, as Apple previously explained to Plaintiffs, ███████████████████████████████████████████████████████████████████████

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND
DORR LLP


By: */s/ Mark D. Selwyn*
       Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*