# EXHIBIT 5

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257-280)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Exhibit 5
Page 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch.

7. "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9. "Apple Watch Series 7" means the Apple Watch models or prototypes following the Apple Watch Series 6, which was released on September 18, 2020, regardless of whether it has been released yet or what it is called internally or publicly.  For avoidance of doubt, "Accused Products" defined above includes the Apple Watch Series 7.

10. The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent App. No. 15/960,507, and U.S. Patent App. No. 16/700,710. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

11. The term "Computer Media" shall mean and refer to all computer storage devices, including both internal and external hard drives, CDs, DVDs, flash drives, tapes, and any other electronic storage media.

12. The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

13. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

14. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

15. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

16. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

17. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which

-3-

Exhibit 5
Page 4

**REQUEST FOR PRODUCTION NO. 263:**

All documents or communications describing, referencing or relating to Apple's policies, procedures, or strategies for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 264:**

All documents or communications referencing or relating to any evaluation by Apple of whether the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 265:**

All documents or communications referencing or relating to the research, design, and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**REQUEST FOR PRODUCTION NO. 266:**

All documents or communications referencing or relating to the decisions to research, design, and/or develop Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood

glucose.

**REQUEST FOR PRODUCTION NO. 267:**

All documents or communications referencing or relating to the function of Defendant's Apple Watch Series 7 and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose.

**REQUEST FOR PRODUCTION NO. 268:**

An inspection of Defendant's Apple Watch Series 7, including without limitation, prior versions and prototypes.

**REQUEST FOR PRODUCTION NO. 269:**

All documents or communications referencing or relating to all efforts to market Defendant's Apple Watch Series 7 to consumers. For avoidance of doubt, this includes documents and things related to efforts to advertise and sell said Apple Watch Series 7 to consumers.

**REQUEST FOR PRODUCTION NO. 270:**

All documents or communications referencing or relating to sales projections for Defendant's Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 271:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological measurement capability, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 272:**

Documents sufficient to identify any oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index,

methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose algorithm that You have implemented, ever considered implementing, or are planning to implement in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 273:**

Documents sufficient to identify when You began the research, design, and/or development of any perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose functionality, including, but not limited to, any such functionality implemented in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 274:**

Documents sufficient to identify any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 275:**

Documents sufficient to identify the trade secrets that You asserted in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 276:**

All of Your interrogatory responses in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 277:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 278:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 279:**

All documents or communications referring or relating to how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**REQUEST FOR PRODUCTION NO. 280:**

All documents or communications referring or relating to the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 28, 2021        By: /s/ Adam B. Powell
　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　　　Cercacor Laboratories, Inc.