# **EXHIBIT 6**

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 318-524) (CORRECTED)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Exhibit 6
Page 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

1  U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No.
2  6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the
3  extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted
4  Patents" shall be construed to include such patents.

5        6.    "Apple Watch Products" means smartwatches produced by Apple,
6  including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series
7  2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple
8  Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple
9  Watch.  For the avoidance of doubt, this definition

10       7.    "Apple iPhone" means Apple iPhone products that use Apple's
11 mobile iOS operating system.

12       8.    "Accused Products" means Apple Watch Series 3 or later, as well
13 as the combination of Apple Watch Series 4 or later with an Apple iPhone.

14       9.    "Apple Watch Series 7" means the Apple Watch models or
15 prototypes following the Apple Watch Series 6, which was released on
16 September 18, 2020, regardless of whether it has been released yet or what it is
17 called internally or publicly.  For avoidance of doubt, "Accused Products"
18 defined above includes the Apple Watch Series 7.

19       10.    The "Disputed Patents" means the patents or patent applications
20 that Plaintiffs assert should have their inventorship and/or ownership corrected,
21 including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent
22 No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671,
23 U.S. Patent App. No. 15/960,507, and U.S. Patent App. No. 16/700,710. To the
24 extent Plaintiffs identify additional such patents or patent applications in a
25 future pleading, "Disputed Patents" shall be construed to include such patents.

26       11.    The term "Computer Media" shall mean and refer to all computer
27 storage devices, including both internal and external hard drives, CDs, DVDs,
28 flash drives, tapes, and any other electronic storage media.

12. The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

13. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

14. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

15. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

16. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

17. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which

-3-

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

Exhibit 6
Page 4

**REQUEST FOR PRODUCTION NO. 451:**

Documents regarding any evaluation by Apple of whether the pulse oximetry feature of the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 452:**

Documents regarding the design or development of Defendant's Apple Watch Series 7 or any component of Defendant's Apple Watch Series 7 that measures oxygen saturation or pulse rate.

**REQUEST FOR PRODUCTION NO. 453:**

Documents regarding the design and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 454:**

Documents regarding the design and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures blood glucose.

**REQUEST FOR PRODUCTION NO. 455:**

Documents regarding Apples planned efforts to market Defendant's Apple Watch Series 7 to consumers.

**REQUEST FOR PRODUCTION NO. 456:**

Any sales projections for Defendant's Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 457:**

Documents sufficient to identify all persons involved in the design and development of the oxygen saturation or pulse rate features of the Apple Watch Series 7.

-24-

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

Exhibit 6
Page 5

**REQUEST FOR PRODUCTION NO. 458:**

Documents sufficient to identify all persons involved in the design and development of any features of the Apple Watch Series 7 that measure perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 459:**

Documents sufficient to identify all persons involved in the design and development of any features of the Apple Watch Series 7 that measure blood glucose.

**REQUEST FOR PRODUCTION NO. 460:**

Documents sufficient to identify the algorithm used in the oxygen saturation or pulse rate features of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 461:**

Documents sufficient to identify the algorithm in the Apple Watch 7 used to calculate perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 462:**

Documents sufficient to identify the algorithm in the Apple Watch 7 used to calculate blood glucose.

**REQUEST FOR PRODUCTION NO. 463:**

Documents sufficient to identify when you began the design and development of the oxygen saturation or pulse rate features of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 464:**

Documents sufficient to identify when you began the design and development of any features of the Apple Watch Series 7 that measure perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, or respiration rate from the pleth.

**REQUEST FOR PRODUCTION NO. 465:**

Documents sufficient to identify when you began the design and development of any features of the Apple Watch Series 7 that measure blood glucose.

**REQUEST FOR PRODUCTION NO. 466:**

Documents regarding how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**REQUEST FOR PRODUCTION NO. 467:**

Documents regarding the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**REQUEST FOR PRODUCTION NO. 468:**

All communications between (1) Pekka Talke, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding pulse rate or pulse oximetry.

**REQUEST FOR PRODUCTION NO. 469:**

All communications between (1) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, and (2) the FDA, regarding pulse rate or pulse oximetry.

**REQUEST FOR PRODUCTION NO. 470:**

Documents regarding Marcelo Lamego's job duties and title.

**REQUEST FOR PRODUCTION NO. 523:**

Documents sufficient to identify the source of each item of information regarding pulse rate or oxygen saturation technology used by each of the following individuals while employed by Apple: John Aguilar, Anderson Briglia, Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil Harsule, Joe Jagenow, Marcelo Lamego, Inje Lee, Yinghui Lu, Ehsan Masoumi, Michael O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan, Felipe Tonello, Vincent Wayne, and Rich Young.

**REQUEST FOR PRODUCTION NO. 524:**

Documents identifying the source of each item of information regarding pulse rate or oxygen saturation technology used by each of the following individuals while employed by Apple: John Aguilar, Anderson Briglia, Johannes Bruinsma, Ottavia Golfetto, Haritha Haridas, Swapnil Harsule, Joe Jagenow, Marcelo Lamego, Inje Lee, Yinghui Lu, Ehsan Masoumi, Michael O'Reilly, Boris Oreshkin, Mathew Paul, Kornelius Raths, Will Regan, Felipe Tonello, Vincent Wayne, and Rich Young.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 25, 2021    By: /s/ Adam B. Powell
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

-34-

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Exhibit 6
Page 8