# EXHIBIT 9

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

1925 Century Park East, Suite 600, Los Angeles, CA 90067
T (310) 551-3450

Mark Kachner
Mark.Kachner@knobbe.com

January 25, 2022

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306
BAndrea@gibsondunn.com

Re:   Masimo Corp. and Cercacor Laboratories v. Apple Inc.

Dear Brian:

We write in response to your January 21, 2022, letter regarding Masimo's responses to Apple's 15th Set of Requests for Production and as a follow-up to our January 19, 2022 meet and confer. Apple's January 21 letter misstates what transpired at the meet and confer.

**RFPs 347-352:**   During the meet and confer, Masimo explained its objection that that these RFPs encompass "all or nearly all of Plaintiffs' portfolio of monitoring products dating back to the early 1990s." Apple cannot cure the overbreadth problem by seeking documents "sufficient to show," the requested information, because the universe of information Apple seeks is itself overbroad and not proportional to the needs of the case.

During the meet and confer, Apple complained that it did not yet know which Masimo products practice the asserted trade secrets. I explained that our response to Interrogatory No. 26 provided this information and that we would be supplementing this response soon to address Special Master Guilford's order.

Apple now purports to clarify the scope of the documents it is seeking, but Apple's letter does not narrow the scope of any requests and the requests remain overbroad and not proportional to the needs of the case. First, for "Masimo's products on the market," Apple appears to limit its request to "unreleased versions" and "prototypes" that "show, describe, or refer to the alleged trade secrets in this case." But every released version of every product Masimo has ever sold started as an unreleased version and prototype. Apple's requests are thus still directed at all or nearly all of Plaintiffs' portfolio of monitoring products dating back to the early 1990s. Second, Apple describes its request for "unreleased versions, including prototypes" of products. But given Apple's discussion on the scope of Masimo's "products on the market," which really seeks discovery on "unreleased versions," Apple's definition of the scope of "unreleased versions" is also overbroad and not proportional to the needs of the case, as described above. Accordingly, it is unclear to us how or whether Apple is actually narrowing these requests. Please provide the text of any narrowed request for our consideration.

**RFPs 353-354:**   We discussed the scope of these RFPs during the meet and confer. We never refused to offer any inspection of any specific device. Rather Apple still appears to demand an inspection of all or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

INTELLECTUAL PROPERTY + TECHNOLOGY LAW   knobbe.com

Exhibit 9
Page 1

**Knobbe** Martens

Page 2

nearly all of Plaintiffs' portfolio of monitoring products dating back to the early 1990s, including unreleased products. Regarding an inspection of "wrist-worn products," Apple now clarifies that "wrist-worn monitor" means "products measuring physiological parameters or using light-based measurement techniques at the wrist." But Apple has already inspected such products in this case and the ITC case. Indeed, between this case and the co-pending ITC case between the same parties and involving the same lawyers, Apple has now conducted at least three inspections of wrist-worn products. In addition, in the ITC case, Apple recently demanded a deposition of a Masimo witness to demonstrate Masimo's wrist-worn monitor, which was conducted on January 6, 2022. As you know, Masimo has proposed that the parties agree to cross-use discovery between the cases. Although Apple objected to cross-use, Masimo remains open to discussing the matter. Apple has not articulated any reason it needs to unnecessarily amplify the proceedings by duplicating these inspections.

Best regards,

*/s/ Mark Kachner*

Mark D. Kachner

54972965

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

knobbe.com

Exhibit 9
Page 2