# EXHIBIT 12

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 3 OF SPECIAL MASTER ON TWO DISCOVERY MOTIONS** |

This Discovery Order No. 3 of the Special Master addresses two pending discovery disputes.

First, on November 17, 2021, Masimo Corporation and Cercacor Laboratories, Inc. (together, "Masimo") moved to compel Apple to produce documents responsive to Masimo's Request for Production ("RFP") Nos. 285–287, 299–302, 305–308, 311, 407–408, 410–411, 437–438, 440, 469, 486–489, 494, and 497. ("RFP Mot.") (As will be discussed, Masimo has since withdrawn its motion as to some of these RFPs.) Masimo states that "[t]his Motion seeks documents about the use of Apple's products in various clinical and non-clinical settings. The Motion also seeks information about Apple's HealthKit and ResearchKit software, clinical research, and communications with the FDA." Apple opposed the motion on December 1 ("RFP Opp'n") and Masimo filed a reply on December 8 ("RFP Reply").

1

Exhibit 12
Page 1

becomes available to it, particularly if it becomes aware of unique actions undertaken to safeguard particular trade secrets. Apple's counsel stated that Apple submitted on the tentative R&R as to the dispute over this interrogatory.

Apple's motion is **DENIED** as to this interrogatory.

Interrogatory No. 11

> 11. For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access. (Ex. B to ROG Opp'n.)

Judge Early previously considered a request to compel a further response to this interrogatory. Judge Early granted Apple's motion on this point, but the parties dispute whether Judge Early's ruling required Masimo to provide "the period of time over which the individuals had . . . access" to Masimo's trade secrets.

The parties' competing interpretations of Judge Early's ruling are each reasonable. But based on review of Judge Early's order and the arguments presented, the Special Master finds that a supplemental response to this interrogatory to provide time period information is not warranted.

The parties also dispute whether Masimo has adequately identified the individuals who had access to Masimo's business and marketing trade secrets. The Special Master finds Masimo's response sufficient on this point at this stage, but Masimo is reminded of its burden to prove the secrecy of its trade secrets and its duty to supplement as more information becomes available to it.

Apple's motion is **DENIED** as to this interrogatory.

Interrogatory No. 26

> 26. For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You have used, are using, or plan to use the alleged Trade Secret, including the identity of every product, strategy, or plan that allegedly incorporates each alleged Trade Secret, the functionality that allegedly incorporates each alleged Trade Secret, when each alleged Trade Secret was incorporated into every product, strategy, or plan, and when each alleged Trade Secret ceased being incorporated into every product, strategy, or plan. (Ex. 11 to ROG Mot.)

The Special Master has reviewed Interrogatory No. 26, Masimo's response, and the parties' arguments in the papers regarding it. The Special Master finds that Masimo has adequately responded to this request in many ways.

The Special Master does not reach a determination in the context of this discovery motion regarding whether apportionment of a plaintiff's products is required for particular types of damages analyses in this case. But Apple is entitled to fully explore its potential competing damages theories, including theories relying on apportionment of plaintiff's products. For the technical trade secrets, to the extent possible, Masimo must explain "the functionality that allegedly incorporates each alleged Trade Secret." Of course, Masimo can maintain its position, among others, that a trade secret is "incorporated" if someone relied on the teachings of a trade secret to decide whether to include or not include a certain functionality in a future product. But even while maintaining this position, Masimo must still disclose to Apple the functionality (e.g., software algorithm) itself that actually tracks each technical trade secret, and which products the functionality is actually present in.

Apple's motion is **GRANTED-IN-PART** as to this interrogatory on the grounds stated herein.

### Interrogatory No. 29

> 29.    Identify each and every market in which the products that You allege include Your Trade Secrets compete and the scope of the products included in those markets, including but not limited to, for each such market, whether the market includes clinical or non-clinical grade products, whether the market includes consumers or healthcare professionals, whether the market includes products that conduct pulse oximetry measurements while a user is moving, whether the market includes products that do not conduct pulse oximetry measurements while a user is moving, and whether the market includes products that conduct other forms of physiological monitoring while a user is moving. (Ex. 21 to ROG Mot.)

Masimo argues that Apple is seeking a "technical market definition" in response to Interrogatory No. 29, but that such a definition is irrelevant and otherwise a matter for expert testimony. (ROG Opp'n at 9–10.) Masimo also argues that it has already identified factual information in response to Interrogatory No. 29, including regarding the types of customers for its products, and thus has adequately responded to this interrogatory at this stage.