# EXHIBIT 18

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

August 27, 2021

**VIA EMAIL**

Brian Andrea
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
BAndrea@gibsondunn.com

Re:   Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.

Dear Brian:

We write in response to your August 20 letter regarding (a) my July 27 letter on RFP Set 7, (b) my July 27 email on RFP Sets 8 and 9, (c) my August 6 letter on RFP Sets 8 and 9, and (d) our conferences of counsel on August 3, 4, and 12.

We disagree with Apple's position that the number of RFPs that Masimo served is inappropriate. Judge Early denied-in-part Masimo's motions to compel and suggested Masimo serve new requests to address his concerns. He specifically stated, "I don't mind seeing request for production number 850." 5/20/2021 Tr. at 49. Masimo did as Judge Early suggested by serving revised requests that removed the language about which Judge Early was concerned.

Your summary of the parties' conferences of counsel is also not accurate. Masimo never "refused to answer or explain how their new RFPs are at all substantively different from prior cases." To the contrary, Apple refused to identify the allegedly duplicative requests for many requests. Whenever Apple identified an allegedly duplicative request, Masimo explained why the two requests differed. For example, Masimo explained some new requests refer to "pulse rate" or "pulse oximetry" instead of all "physiological parameters." Other requests refer to communications with Lamego instead of all documents. For some requests, Masimo removed the phrase "all documents or communications referring or relating to" based on Judge Early's prior rulings. We explained our position that requests may properly seek "all documents or communications referring or relating to" particular subject matter, and require only a "reasonable search" under the Federal Rules. However, we served revised requests because Judge Early denied Masimo's motion to compel with respect to some such requests, even though Apple did not raise the issue itself (presumably because Apple uses similar language). We explained our position numerous times during the meeting and in numerous emails after the meet and confer. We also explained that Apple refused to produce documents for many allegedly duplicative requests. Apple's apparent disagreement with our position does not mean Masimo refused to provide its position.

During the meeting, Apple also refused to provide its position as to whether it would produce responsive documents for every RFP that we discussed. Apple stated only that it would "get back to us," including for over 100 requests on which Apple's written responses also had refused to provide a

position. Apple also declined to provide its position as to whether allegedly "overlapping" requests were identical in scope. We explained that Apple's position would inform whether we could withdraw some requests. For example, if Apple took the position that two requests were identical in scope, then Masimo may be able to withdraw one request. Apple refused to provide its position during the meeting, waited weeks to respond in writing, and then still refused to provide a position. While Apple wrote a lengthy 35-page letter, the majority of the letter merely quotes the language of each RFP.

Masimo responds to Apple's position below on several RFPs concerning similar topics. Masimo will respond to Apple's assertions about other RFPs in subsequent letters.

**RFPs 318-320, 325-327, 332-334, 339-342, 346**

Without explanation, Apple argues these requests are duplicative of several RFPs. As we explained during the conference of counsel, the RFPs differ in many ways. For example, most of these RFPs refer to Lamego, whereas the allegedly duplicative RFPs do not. RFP 325 seeks documents "sufficient to show power consumption," whereas RFP 65 seeks "all documents and things that refer or relate to power consumption." Moreover, Apple refused to produce responsive documents for many allegedly duplicative requests.

Apple states it already agreed to produce certain types of documents and such a search "would include any documents encompassed by these new requests." Apple demands Masimo identify any "additional documents" it is seeking. Apple's response thus suggests that it *may* provide all responsive documents, but refuses to take a clear position. Such a response contravenes the Federal Rules, which require that objections "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Masimo does not know what documents Apple is withholding, so it cannot be expected to identify "additional documents Plaintiffs seek." Apple must clearly state whether it will produce all responsive documents for each request.

Please state clearly whether Apple will provide all responsive documents for each of these RFPs. Because it has been many weeks since Masimo raised this dispute and Apple has still not clearly provided its position, please respond by September 1.

**RFPs 328-330, 343-344**

Apple argues these requests are duplicative of several RFPs, but again provides no explanation for its assertion. As we explained, the RFPs differ in many ways. For example, these RFPs seek documents "sufficient to show" certain topics and internal Apple communications, whereas the allegedly duplicative RFPs seek "all documents and things" that refer to power consumption or any testing. Moreover, Apple refused to produce responsive documents for some allegedly duplicative requests.

Apple again states it has already agreed to produce certain types of information and such a search "would include any documents that are encompassed by these requests." Apple again demands Masimo identify any "additional documents" it is seeking. Apple's response thus suggests that it *may* provide all responsive documents, but refuses to take a clear position. As discussed, Apple's position contravenes the Federal Rules. *See* Fed. R. Civ. P. 34(b)(2)(C). Apple must clearly state whether it will produce all responsive documents for each request.

Exhibit 18
Page 2

Please state clearly whether Apple will provide all responsive documents for each of these RFPs. Because it has been many weeks since Masimo raised this dispute and Apple has still not clearly provided its position, please respond by September 1.

**RFP 358**

Apple argues this request is overbroad because it is unclear what Masimo is seeking by "comments thereto." However, Apple then agrees to "provide non-privileged documents responsive to these requests, to the extent such documents exist and can be located through a reasonable search." Thus, Apple's position is unclear. To the extent Apple relies on that objection, "comments thereto" refers to firmware or software comments.

Please confirm Apple will produce all responsive documents for RFP 358. Please respond by September 1.

**RFPs 441 and 442**

Apple argues these requests are duplicative of RFPs 249-252 and 268, but again provides no explanation for its assertion. As discussed, Masimo served revised requests that removed the "all documents and things" language that was in the prior requests. These requests also refer to pulse oximetry and/or heart rate instead of "one or more physiological parameters including but not limited to pulse oximetry." Apple also refused to produce all responsive documents for the allegedly duplicative requests.

Apple states it is "unaware" of any "Apple wrist worn monitor that performs pulse oximetry" other than the Apple Watch and demands that Masimo identify documents that it seeks beyond those Apple agreed to produce in response to other document requests. Apple limited its prior responses to RFPs 249-252 to commercial products (the Series 4-6 and SE). Apple objected entirely to RFP 268. These requests are not limited to the Series 4-6 and SE versions of the Apple Watch and includes, for example, future prototypes.

Apple has refused to produce any information about future prototypes. Apple has also indicated there is no room for compromise and that "Apple maintains its position that prototype discovery is not proper or warranted." *See* 8/3/2021 email from Ilissa Samplin.

**RFP 452-465**

Apple argues these requests are duplicative of RFPs 265-273. As discussed above, Masimo served revised requests that removed the "all documents and things" language about which Judge Early was concerned. Apple also refused to produce all responsive documents for the allegedly duplicative requests.

Apple states that it generally does not object to these requests except for timing. In particular, Apple argues it need not produce ***any*** documents for products until the product is actually released. We disagree for the reasons discussed in prior letters. Apple also objected to RFPs 453, 454, 455, 458, 459, 461, 462, 464, and 465 as seeking information about light-based parameters not at issue in this case. As Masimo explained during the conference of counsel, the technical trade secrets at issue in this case are

Exhibit 18
Page 3

Case 8:20-cv-00048-JVS-JDE   Document 744-20   Filed 05/25/22   Page 5 of 5   Page ID
#:52039

**Knobbe Martens**

relevant to those light-based parameters.  Masimo's technical trade secrets at issue help accurately measure light-based physiological parameters, including the parameters in these requests.

      Apple has refused to produce any information about future prototypes.  Apple has also indicated there is no room for compromise and that "Apple maintains its position that prototype discovery is not proper or warranted."  *See* 8/3/2021 email from Ilissa Samplin.

      Best regards,

Adam B. Powell

53866034

Exhibit 18
Page 4