# EXHIBIT 24

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

March 8, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Ste 1600
Santa Ana, CA 92705

Re:   *Masimo Corp. et al v. Apple Inc.*, case no. 8:20-cv-00048-JVS-JDE (C.D. Cal.)

Judge Guilford:

Masimo Corp. and Cercacor Laboratories, Inc. (jointly, "Masimo") oppose Apple's motion to compel on Apple's RFP Nos. 346–354 (the "Motion").

Apple places great emphasis on the Masimo "W1" Watch product, but Masimo already provided extensive discovery and an inspection of a prototype of that product. Masimo also agreed to provide additional discovery on the W1 from the parties' ITC Investigation, which Apple already has because the same lawyers represent Apple in both cases. Apple does not dispute that doing so would satisfy its requests with respect to the W1. The parties merely dispute the mechanics of how that discovery will formally be made available here. Masimo took the "category" approach that Judge Early suggested, which the parties are currently litigating before Judge Early. To the extent Judge Early requires a different approach, Masimo will adopt that approach or otherwise produce the discovery here.

However, Apple's RFPs are not limited to the W1. The RFPs also seek extensive discovery on the development, marketing, sales, and long-term strategy for essentially every Masimo product or prototype since Masimo's founding 30 years ago. Days before filing its Motion, Apple purported to narrow its RFPs. Apple has not clearly narrowed its requests, but appears to seek information on the W1 *and* any other product that competes or may compete in the future with the Apple Watch. Because Apple is moving into the hospital space, Apple's supposedly narrower requests still seek discovery on essentially all Masimo products. Thus, the requests are still overbroad and seek information that is not relevant or proportional to the needs of the case. The Special Master should deny Apple's Motion.

## I. BACKGROUND

Apple wrongly asserts "Plaintiffs delayed providing responses to these RFPs" and that it has been "negotiating these RFPs with Plaintiffs for months with no resolution." Mot. at 1, 2. Apple served RFP Nos. 346–354 seeking broad discovery on all "products or planned products that measure or are intended to measure physiological parameters . . . ." *See, e.g.*, Ex. 2 at 11.[1] On January 10, 2022, Masimo timely objected and explained "Apple's request encompasses all or nearly all of Plaintiffs' portfolio of monitoring products dating back to the early 1990s." Ex. 3 at 8. Apple wrote to Masimo about the requests on January 12. Ex. 4. Masimo responded two days later, explaining the requests "seek production of nearly every document Plaintiffs ever possessed" because almost all of Masimo's business relates to products that are "intended to measure physiological parameters." Ex. 8 at 1. The parties met on January 19, and Apple maintained its position that Masimo must produce documents regarding nearly all products Masimo has ever made or sold. Ex. 9 at 1–2.

---

[1] Numbered exhibits are attached to Apple's opening letter. Lettered exhibits are attached hereto.

On February 8, 2022, Apple first argued Masimo should provide documents regarding Masimo's W1 product based on these RFPs. Ex. A at 3–4. However, Apple did not narrow its requests. *See id.* Masimo responded that it had already provided significant W1 discovery (including a prototype inspection) and that it would make additional discovery from the ITC Investigation (including several prototype inspections) formally available in this case.[2] *Id.* at 2. The parties met and conferred on these requests with respect to the W1 for the first time on February 18. Ex. 10 at 1.

On February 23, 2022, Apple demanded that Masimo either identify by production number all documents from the ITC case or reproduce all those documents in this case. *Id.* Apple did not include the text of any narrowed RFP, but stated it would narrow RFP Nos. 347–354 to "unreleased versions of any wrist-worn products and/or any other product that Plaintiffs contend competes with the Apple Watch, including prototypes, that show, describe, or refer to the alleged trade secrets in this case—regardless of whether the released versions of those products use the alleged trade secrets." *Id.* at 2. Masimo responded two days later and requested additional time to evaluate Apple's new proposal. Ex. 11. Apple ignored Masimo's email and filed the Motion just two business days later.

Apple thus mischaracterizes the record in asserting that Masimo "delayed providing responses to these RFPs," that Masimo "stalled providing responses to Apple's offers of compromise," that Masimo "refused to provide any of the requested discovery," and that Apple has been "negotiating these RFPs with Plaintiffs for months with no resolution." *See* Mot. at 1-2. As demonstrated above, none of those allegations are true.

## II. ARGUMENT

### A. Masimo Already Agreed to Substantial Discovery Regarding the Masimo Watch Product

Apple's Motion emphasizes Masimo's W1 Watch.[3] That is a red herring because Masimo already produced substantial discovery regarding W1, including a prototype that Apple inspected nine months ago. Masimo also agreed to make extensive discovery on the W1 from the ITC investigation formally available to Apple's attorneys for use in this case. Mot. at 2. Apple does not dispute that providing such additional discovery would satisfy its requests at issue here with respect to the W1.

Apple merely complains about the mechanics of how the discovery will formally be provided. Apple's complaint is part-and-parcel of a larger dispute about how discovery between the two proceedings should be made available. Apple rejected Masimo's requests that Apple documents produced in each case be formally available in both. Judge Early suggested that the parties designate *categories* of documents that were produced in the ITC for cross-use in this case. Ex. B at 19:13–17, 41:7–10 (Judge Early explaining "You don't have to go document by document" but could instead identify "the types of

---

[2] Masimo's offer stands in stark contrast to Apple's approach of objecting to all discovery on unreleased products. The Special Master granted Masimo's motion to compel on the topic, finding "[d]iscovery regarding Apple's future products and prototypes is relevant and proportional to the needs of the case." Special Master Order No. 1 at 3. The Special Master ordered Apple to make its prototypes available for inspection by November 2021, but Apple did not produce *any* devices for inspection. Masimo tried to resolve the issue with Apple informally for months and recently moved to enforce on March 7, 2022.

[3] Apple cites nothing to support its incorrect assertion that the W1 is a "direct copy of the Apple Watch. Mot. at 1, 5. Apple's assertion is also irrelevant because Apple has no claims against Masimo in this case.

documents" or "particular category of documents"). Masimo took that approach here, designating W1 discovery as a "category" available in this case. Masimo took a similar approach regarding certain Apple documents, identifying six categories of Apple documents produced here that Masimo wishes to use in the ITC investigation. Apple challenged that approach, which led to Masimo filing its pending motion to modify the protective order. Dkt. 569. That motion is fully briefed and will be decided any day now without a hearing. *See* Dkt. 603. Judge Early's ruling will likely provide additional guidance as to how discovery should be shared. To the extent Judge Early requires something other than identification of "categories," Masimo will adopt that approach or reproduce the W1 discovery here.

B.  **Apple's Requests for Production are Overbroad and Unduly Burdensome**

While Apple's Motion emphasizes the W1, it actually seeks far broader relief. The Motion seeks to "compel Plaintiffs to produce and/or provide for inspection documents and things responsive to" Apple's RFP Nos. 346–354. Mot. at 1. Apple's RFPs are exceedingly broad and seek discovery not proportional to the case. For example, RFP No. 346 seeks documents sufficient to show the:

> design, development, and operation of *any* algorithms *and/or* functionality of Your products *or* planned products that measure or are intended to measure physiological parameters, *including* [numerous specifically listed parameters], *including, without limitation*, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

Ex. 2 at 11 (emphasis added). Nearly every product Masimo has released since its founding in the early 1990s measures or is intended to measure a physiological parameter. Thus, contrary to Apple's argument, such requests do not "largely parallel" Masimo's RFPs regarding Apple's prototypes (Mot. at 2) because Masimo did not seek every document about every product Apple has ever made.

Apple's other requests are similarly overbroad:

- RFP Nos. 347 and 348 seek the identity of *every* person involved in designing and developing "*any* algorithms" for the above products and prototypes and specific start times for the design and development of each product, planned product, and prototype.

- RFP No. 349 seeks "*all*" documents and communications relating to "decisions to research design and/or develop" essentially all Masimo "products and/or algorithms," including "*without limitation*, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations and prototypes."

- RFP No. 350 seeks "*all*" documents or communications "referencing or relating to *all* efforts to market Your products or planned products, including prototypes" that measure numerous parameters.

- RFP No. 351 seeks "*all*" document or communications "referencing or relating to sales projections for Your products or planned products, including prototypes" that measure numerous parameters.

- RFP No. 352 seeks documents sufficient to identify "sales projections for Your products or planned products, including prototypes" that measure numerous parameters.

- <u>RFP Nos. 353–54</u> seek inspection of all of Masimo's products that measure numerous parameters, "including *without limitation*, all prior versions and prototypes."

Recognizing this dramatic overbreadth, Apple proposes to limit its requests. However, Apple never provides the text of any narrowed request. Instead, Apple provides inconsistent general proposals on how it would supposedly narrow its requests. *Compare* Ex. 10 at 2 ("unreleased versions of any wrist-worn products and/or any other product that Plaintiffs contend competes with the Apple Watch, including prototypes, that show, describe, or refer to the alleged trade secrets in this case—regardless of whether the released versions of those products use the alleged trade secrets") *with* Mot. at 1 ("prior or future wrist-worn products and products that Plaintiffs contend compete with or will compete with Apple watch, including prototypes") *and* Mot. at 2 ("*any* wrist-worn prototypes") (emphasis in original). Such inconsistences show why Apple should have set forth the exact text of its narrowed requests so that Masimo could fairly respond. Masimo has done so in an Appendix to prior motions, which the Special Master relied on in addressing the narrowed requests. *See, e.g.*, Special Master Order No. 4 at 2. Apple should not be permitted to rely on vague general proposals or propose specific narrowing for the first time on reply. The Special Master should deny the Motion based on the text of Apple's overbroad requests.

To the extent the Special Master considers Apple's proposal, and Masimo can understand it, Apple's requests are still dramatically overbroad. Apple's reference to "wrist-worn products" is vague as to whether it includes only products that measure physiological parameters at the wrist or also wrist-mounted products with a finger sensor. Additionally, Apple's reference to products that "Plaintiffs contend compete or *will compete*" is similarly ill-defined. Masimo has not taken a position as to competitive products, much less *future* competitive products, and should not have to do so in response to an RFP. Every product Masimo makes that measures physiological parameters, which is nearly all of Masimo's products, may potentially "compete" in the future if Apple markets the Apple Watch for the hospital setting. Thus, Apple's requests remain overbroad and unduly burdensome.

Apple cannot maintain that these broad requests are appropriate in view of Apple's conclusory assertion of relevance—that it seeks documents "relevant" to "independent economic value" and "damages." Mot. at 1, 3. Apple's cases on this supposed relevance are inapposite. *See Yoe v. Crescent Sock Co.*, 2017 WL 11479993, *4 (E.D. Tenn. Mar. 24, 2017) (granting discovery on *a single named product* at issue); *Dura Glob. Techs., Inc. v. Magna Donnelly, Corp.*, 2007 WL 4303294, *2 (E.D. Mich. Dec. 6, 2007) (granting in-part motion for protective order against disclosure of trade secrets in interrogatory response). Even as narrowed, Apple's requests would still seek information on potentially *every* Masimo product or prototype due to Apple's ill-defined "compete" or "will compete" clause.

No reason exists for Apple to assert such overbroad document requests. Masimo provided interrogatory responses identifying products that have employed and/or incorporated Masimo trade secrets and how those trade secrets were used and/or incorporated. *See* Ex. 9 at 1. Having received that information, Apple should have served more targeted discovery requests—not broad requests on Masimo's entire product portfolio and prototypes. To the extent Apple sought discovery beyond the W1, it should have identified specific products so that Masimo could fairly evaluate burden and relevance.

Apple argues that Masimo has "refused to provide *any* of the requested discovery on the grounds that [it has] already provided some discovery into [its] products." Mot. at 4 (emphasis added). Apple again mischaracterizes the record. As explained above, Apple insisted on seeking broad discovery on nearly all of Masimo's products. While maintaining its objections to the breadth of Apple's requests, Masimo *agreed* to provide more documents relating to W1. Masimo did so particularly because it saw

little burden in formally making that discovery available to Apple for use in this case by category. Apple made its proposal to narrow only a few days before filing its motion and then moved to compel without providing Masimo a reasonable opportunity to respond. Thus, Apple's assertion that Masimo "refused" to provide any discovery is simply wrong.

Apple argues that Masimo's "blanket objections" to RFP Nos. 346–352 as seeking "all documents" relating to Masimo's products are inconsistent with Masimo's obligation to "reasonably and appropriately interpret these requests . . . ." Mot. at 5 (quotations removed). Apple's argument is disingenuous because Apple itself has successfully objected to Masimo's requests on the same basis. While both parties originally served requests seeking "all" documents and neither party objected, Judge Early denied discovery on several Masimo requests based on that phrase. *See, e.g.*, Ex. C at 22:24–23:22, 27:14–28:18, 48:25–58:7. Apple then successfully argued the Special Master should also deny discovery based on the same phrase. Special Master Order No. 2 at 7, 9 (denying discovery on requests seeking "all" documents but granting on requests seeking "documents regarding"). Having successfully prevented discovery based on that phrase in the past, Apple should not be permitted to now argue its requests are proper.

### III. CONCLUSION

Masimo respectfully requests the Special Master deny Apple's motion to compel Masimo to produce and/or provide for inspection documents and things responsive to Apple's RFP Nos. 346–354.

Sincerely,

Adam B. Powell