# EXHIBIT 28

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
T (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

January 13, 2022

**VIA EMAIL**

Nora Passamaneck
WilmerHale
1225 Seventeenth St., Suite 2600
Denver, CO 80202
nora.passamaneck@wilmerhale.com

Re:     *Masimo Corp. and Cercacor Laboratories, Inc. v. Apple Inc.*

Dear Nora:

  We write to request a meet and confer regarding a potential motion to modify the Protective Order to allow certain material from this case to be used in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276 (the "ITC Case").

  At the November 18 hearing, Judge Early encouraged Masimo to seek a narrower request that sought cross-use of only certain discovery. Judge Early explained that Masimo could make that request by excluding documents or identifying documents for inclusion. Judge Early also explained that Masimo could identify specific documents or "categories" of documents for inclusion or exclusion. During the hearing, Apple represented that it had already produced 64,000 pages of overlapping discovery in both cases.

  To facilitate these discussions, on November 24, Masimo requested that Apple provide an overlay identifying the 64,000 overlapping pages of discovery. Apple did so on December 23. Thus, we identify categories of documents below that we request Apple agree Masimo can use in the ITC Case as if they had been produced there. Masimo is excluding source code from its current request, but reserves the right to request source code after inspecting Apple's source code produced in the ITC Case.

  1. Documents regarding the structure, including hardware, software and firmware, and function of the Accused Product(s) and components thereof. For the avoidance of doubt, such documents would include technical documents (e.g., specifications, architecture, algorithms, process diagrams, flowcharts, whole or exploded assemblies, circuit board layouts, etc.) regarding the Blood Oxygen feature, temperature sensor, and thermistor. Such documents would also include technical documents regarding the optical components (e.g., emitters, detectors, lenses, back crystal assembly, and related components like ink, coatings, and paint), including documents relating to cone angle, diffusion, diffusivity, diffusers, emission profile, beam shaping, and/or beam shape. Such documents are relevant to several issues in the ITC Case, including at least patent infringement. They are responsive to at least ITC RFP Nos. 32-41, 43-45, 47, and 228-239 as well as ITC Interrogatory Nos. 2, 4, 5, 55-57, 62. Based on the overlay Apple provided, Apple does not appear to have provided all documents in this category. *See,*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Exhibit 28
Page 1

    *e.g.*, APL-MAS_00029116, APL-MAS_00029123, APL-MAS_00082739, APL-MAS_00167551, APL-MAS_00167660, APL-MAS_00168252, APL-MAS_00168703, APL-MAS_00169158, APL-MAS_00325492, APL-MAS_00388289, APL-MAS_00507078, APL-MAS_00554220, APL-MAS_00596876-884, APL-MAS_00733873, APL-MAS_01118195, APL-MAS_01219295, APL-MAS_01582248, and APL-MAS_01829103.

2. Documents regarding testing of the components described in Number 1 above, including specifications, test procedures, test results, and comparisons with products made by Masimo, Cercacor, or others. Such documents are relevant to several issues in the ITC Case, including at least patent infringement and secondary considerations of non-obviousness (e.g., copying). They are responsive to at least ITC RFP Nos. 26, 31, 37, 59, 235, 237, and 239 as well as ITC Interrogatory Nos. 4, 16, 28, and 31. Based on the overlay Apple provided, Apple does not appear to have provided all documents in this category. *See, e.g.*, APL-MAS_00169158, APL-MAS_01363863, APL-MAS_01435298.

3. Documents regarding any problems with the accuracy of SpO$_2$ measurements of Series 6 or Series 7. Such documents are relevant to several issues in the ITC Case, including at least injury to Masimo from Apple's importation of products that do not accurately measure SpO$_2$, which is relevant to the bond determination. They are responsive to at least ITC RFP Nos. 26, 30-39, 85, and 129-130 as well as ITC Interrogatory Nos. 2, 4, 39, and 44. Based on the overlay Apple provided, Apple does not appear to have provided all documents in this category. *See, e.g.*, APL-MAS_00160964, APL-MAS_00204219, APL-MAS_00212155, APL-MAS_00361993, APL-MAS_00538915, APL-MAS_00690233, APL-MAS_00704812, APL-MAS_01363863, APL-MAS_01422590, and APL-MAS_01422593.

4. Apple's communications with the FDA relating to the blood oxygen and/or pulse rate features of its Apple Watch products. Such documents are relevant to at least importation and infringement in the ITC Case. They are responsive to at least ITC RFP No. 107 and ITC Interrogatory No. 71. Based on the overlay Apple provided, Apple does not appear to have provided all documents in this category. *See, e.g.*, APL-MAS_00084102, APL-MAS_00201073, APL-MAS_00355365, and APL-MAS_01815032.

5. Internal Apple communications regarding Masimo, its employees, its technology, and its patents. Such documents are relevant to several issues in the ITC Case, including at least secondary considerations of nonobviousness (e.g., copying, commercial success), rebutting Apple's prosecution laches defense, and rebutting Apple's argument that Masimo contrived its domestic industry. They are responsive to at least ITC RFP Nos. 1-3, 5, 64, and 158-207 as well as ITC Interrogatory No. 26, 27, and 64. Based on the overlay Apple provided, Apple does not appear to have provided all documents in this category. *See, e.g.*, APL-MAS_00223850, APL-MAS_00236499, APL-MAS_00239614, APL-MAS_00237757, APL-MAS_00332212, APL-MAS_00332234, APL-MAS_00360015, APL-MAS_00359911, APL-MAS_00379949, APL-MAS_00416657, APL-MAS_00433706, APL-MAS_00433808, APL-MAS_00446711, and APL-MAS_00601199.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Exhibit 28
Page 2

**Knobbe Martens**

6.    Documents about the locations where Apple conducts its engineering validation testing ("EVT") for its Apple Watch products and the results of such testing. Such documents are relevant to several issues in the ITC Case, including at least the identity and features of infringing products Apple has or will import during the pendency of the ITC Case. They are responsive to at least ITC RFP Nos. 145-146, 149, and 155-156 as well as ITC Interrogatory Nos. 7, 65-68, and 86. Based on the overlay Apple provided, Apple does not appear to have provided all documents in this category. *See, e.g.*, APL-MAS_00484905, APL-MAS_01321790.

Please confirm Apple agrees to Masimo's request for all of the above categories. If Apple disagrees for any particular category, please provide your availability to meet and confer as soon as possible. I am generally free on January 14, 17, or 18.

Best regards,

Adam B. Powell

53866034

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Exhibit 28
Page 3