# EXHIBIT 32

| | |
|---|---|
| **From:** | Satanove, Doran J. |
| **To:** | Justin.Gillett; Masimo.Apple |
| **Cc:** | *** Apple-Masimo; Ken.Parker@haynesboone.com; WH Apple-Masimo Service List |
| **Subject:** | RE: Masimo v. Apple - Discovery Ltr. Re Apple"s RFPs |
| **Date:** | Friday, March 18, 2022 10:19:16 AM |

**EXTERNAL SENDER**

Justin,

We write to follow up on yesterday's meet and confer concerning Plaintiffs' responses to Apple's 16th Set of RFPs.

**RFPs 358-375:** Regarding documents responsive to these RFPs that pre-dates the close of discovery in the ITC proceeding, we reiterated our position in our March 9, 2022 letter that Plaintiffs should either (i) produce such documents in this case; or (ii) identify all responsive documents produced in the ITC action by Bates numbers to be designated for cross-use in this action. Plaintiffs refused to agree to doing either. Accordingly, as to responsive documents pre-dating the close of discovery in the ITC investigation, the parties are at an impasse regarding these RFPs.

With respect to responsive documents that post-date the close of discovery in the ITC proceeding, Plaintiffs confirmed they would produce the documents called for by these RFPs. Please provide a date by when Plaintiffs will begin doing so.

**RFPs 376, 378, 386-392, 396, 397, 399, 400**: Plaintiffs maintained their position that they would not produce responsive documents unless Apple confirmed it would produce reciprocal discovery. We explained, as we did in our March 9 letter, that courts "will not . . . countenance[]" "[c]onditioning responses to discovery requests on another party's agreement to do the same, in a tit-for-tat manner[.]" *Lubahn v. Absolute Software*, 2017 WL 6461863, at *1 (E.D. Mich. Dec. 19, 2017 (citation omitted). Indeed, courts have noted such a position may be sanctionable. *See id.*; *see also* Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 680-681 (C.D. Cal. 2009) (recognizing same, and citing cases finding "'tit-for-tat' objections to discovery" are not "legitimate objections" at all); *see also Richardson v. City of Antioch*, 2009 WL 982118, at *1 (N.D. Cal. Apr. 13, 2009) (same).

Although it is improper for Plaintiffs to condition their responses to these RFPs on Apple providing reciprocal discovery, Plaintiffs repeatedly asked whether Apple would produce documents in response to hypothetical RFPs mirroring Apple's RFPs at issue, explicitly asking whether Apple would agree to produce documents in response to the same RFPs "if the word 'Plaintiffs' was replaced with 'Apple.'" We explained that Apple's hypothetical responses to hypothetical RFPs were not the subject of the meet and confer; Apple has no obligation to respond to hypothetical discovery requests; if Plaintiffs are not satisfied with Apple's responses to any of Plaintiffs' RFPs to date (which include document productions responsive to the hypothetical RFPs Plaintiffs posed) they may explain as much in writing; if Plaintiffs wish to seek additional discovery from Apple they may serve such discovery—*and that none of the foregoing has anything to do with Plaintiffs' obligations to timely respond to Apple's RFPs at issue. See Richardson*, 2009 WL 982118, at *1 (whether a party

Exhibit 32
Page 1

serving discovery is separately "responding appropriately to [the opposing party's] discovery demands" are "issues . . . [to] be addressed on their own merits.") (citation omitted).

In addition, with respect to RFPs 386-392, 396, 397, 399, and 400, Plaintiffs asserted these RFPs did not sufficiently relate to their alleged trade secrets and asked *Apple* to propose narrowing them. We explained that we see no basis to narrow these RFPs because they seek documents directly tied to—and often copied verbatim from—the allegations in Plaintiffs' Fourth Amended Complaint, and Plaintiffs' alleged trade secrets. We further noted that it is Plaintiffs—not Apple—that best know Plaintiffs' purported trade secrets, and whether Apple's RFPs seek documents unrelated to them. Thus, to the extent Plaintiffs contend that any portion of Apple's RFPs seeks documents that is are not related to the alleged trade secrets, or is otherwise irrelevant to the issues in the case, it is *Plaintiffs* that should be identifying that information so that Apple can consider whether and how the RFPs should be narrowed. We further stated multiple times that we would consider any narrowing of these RFPs that Plaintiffs propose in writing. Plaintiffs said they would get back to us on these RFPs, but did not provide a date by when they would so.

With respect to RFP 376, Plaintiffs explained they did not understand the meaning of "the named inventors of the Trade Secrets" as referenced in this RFP. Apple explained that the phrase refers to the names of the individuals who contributed to the development of the alleged trade secrets. Plaintiffs asserted they would "consider that explanation" and would respond as to whether they would produce responsive documents.

**RFP 393**: Apple confirmed that it is withdrawing RFP 393 as inadvertently duplicative of RFP 397.

Plaintiffs did not otherwise articulate any specific (or proper) objections to the above RFPs. Please provide Plaintiffs' position on these RFPs by no later than close of business Tuesday, March 22, and identify what documents Plaintiffs are willing to produce, if any. Apple will otherwise consider the parties to be at an impasse regarding these RFPs.

As always, Apple reserves all rights to identify additional deficiencies in Plaintiffs' discovery responses in this case.

Best,
Doran


**Doran J. Satanove**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>

Exhibit 32
Page 2

**Sent:** Tuesday, March 15, 2022 3:37 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Ken.Parker@haynesboone.com; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple - Discovery Ltr. Re Apple's RFPs

**[WARNING: External Email]**

Doran,

We are available Thursday at 10:00 a.m. PT.

Best regards,
Justin

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Tuesday, March 15, 2022 12:30 PM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Ken.Parker@haynesboone.com; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple - Discovery Ltr. Re Apple's RFPs

Justin,

We are not available tomorrow at 1:30 PT. We are available Thursday between 9:00 a.m. and 12:00 p.m. PT. Please confirm a time in that window and I will circulate a dial-in.

Best,
Doran

**Doran J. Satanove**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Monday, March 14, 2022 7:31 PM
**To:** Satanove, Doran J. <DSatanove@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Ken.Parker@haynesboone.com; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple - Discovery Ltr. Re Apple's RFPs

Exhibit 32
Page 3

**[WARNING: External Email]**

Doran,

Masimo is not available to confer tomorrow at 1:00. We are available Wednesday at 1:30 PT. Please let us know whether that works on your end and circulate a conference line.

Best regards,
Justin

**Justin Gillett**
Partner
Justin.Gillett@knobbe.com

949-721-6322 Direct

**Knobbe Martens**

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/justin-gillett

---

**From:** Satanove, Doran J. <DSatanove@gibsondunn.com>
**Sent:** Friday, March 11, 2022 4:18 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Ken.Parker@haynesboone.com; WHApple-MasimoServiceList@wilmerhale.com
**Subject:** RE: Masimo v. Apple - Discovery Ltr. Re Apple's RFPs

Mark,

We had noted our availability to meet and confer today about Plaintiffs' responses to Apple's Sixteenth Set of RFPs in the letter sent below, but we did not hear back. We are also available to meet and confer on Tuesday, the 15th, before 1:00 p.m. PT. Please confirm a time.

Best,
Doran

**Doran J. Satanove**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

---

**From:** Satanove, Doran J.
**Sent:** Wednesday, March 9, 2022 12:41 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Ken.Parker@haynesboone.com;

Exhibit 32
Page 4

WHApple-MasimoServiceList@wilmerhale.com

**Subject:** Masimo v. Apple - Discovery Ltr. Re Apple's RFPs

Counsel,

Please see the attached correspondence regarding Plaintiffs' responses to Apple's 16th Set of RFPs.

Best,
Doran

**Doran J. Satanove**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.4098 • Fax +1 212.817.9598
DSatanove@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 32
Page 5

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 32
Page 6