# EXHIBIT 36

|   |   |   |
|---|---|---|
| 1 | JOSHUA H. LERNER, SBN 220755<br>  jlerner@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street Suite 3000<br>San Francisco, CA 94105<br>Tel.: 415.393.8200 / Fax: 415.393.8306 | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | H. MARK LYON, SBN 162061<br>  mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Tel.: 650.849.5300 / Fax: 650.849.5333 | |
| 6 | | |
| 7 | | |
| 8 | BRIAN M. BUROKER, *pro hac vice*<br>  bburoker@gibsondunn.com | |
| 9 | BRIAN K. ANDREA, *pro hac vice*<br>bandrea@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel.: 202.955.8541 / Fax: 202.467.0539 | ILISSA SAMPLIN, SBN 314018<br>  isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel.: 213.229.7000 / Fax: 213.229.7520 |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | BRIAN A. ROSENTHAL, *pro hac vice*<br>  brosenthal@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.2339 / Fax: 212.817.9539 | ANGELIQUE KAOUNIS, SBN 209833<br>  akaounis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East Suite 4000<br>Los Angeles, CA 90067<br>Tel.: 310.552.8546 / Fax: 310.552.7026 |
| 14 | | |
| 15 | | |
| 16 | *Attorneys for Defendant Apple Inc.* | |

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br>a California corporation,<br><br>          Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. (NOS. 104-109)**<br><br>Hon. James V. Selna<br><br>Magistrate Judge John D. Early |

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 36
Page 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the Local Civil Rules of the United States District Court for the Central District of California, Defendant Apple Inc.("Apple") hereby serves its Fifth Set of Requests for Production of Documents and Things ("Requests") to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") in Civil Action No. 8:20-cv-00048-JVS (JDEx) to be responded to, in writing, within thirty (30) days of service hereof, and in accordance with the definitions and instructions below. These Requests are continuing in nature and responses thereto should be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I.   DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In these Requests, the following terms are to be given their ascribed definitions.

1. The term **"Action"** refers to *Masimo Corporation et al. v. Apple Inc.*, Civil Action No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.), commenced on January 9, 2020.

2. The term **"Complaint"** refers to the current operative complaint in the Action.

3. The term **"Masimo"** refers to Masimo Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Masimo Corporation's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled

Gibson, Dunn & Crutcher LLP

1

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 36
Page 2

by Masimo Corporation.

4. The term **"Cercacor"** refers to Cercacor Laboratories, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Cercacor Laboratories, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Cercacor Laboratories, Inc.

5. The terms **"You," "Your,"** or **"Plaintiffs,"** refer to Masimo and Cercacor, jointly or individually.

6. The terms **"Defendant"** or **"Apple"** refer to Apple Inc.

7. The term **"the '265 patent"** refers to U.S. Patent No. 10,258,265.

8. The term **"the '628 patent"** refers to U.S. Patent No. 10,292,628.

9. The term "**the '553 patent**" refers to U.S. Patent No. 10,588,553.

10. The term "**the '554 patent**" refers to U.S. Patent No. 10,588,554.

11. The term "**the '564 patent**" refers to U.S. Patent No. 10,624,564,

12. The term "**the '765 patent**" refers to U.S. Patent No. 10,631,765,

13. The term "**the '194 patent**" refers to U.S. Patent No. 10,702,194,

14. The term "**the '195 patent**" refers to U.S. Patent No. 10,702,195,

15. The term "**the '366 patent**" refers to U.S. Patent No. 10,709,366,

16. The term **"the '994 patent"** refers to U.S. Patent No. 6,771,994.

17. The term **"the '703 patent"** refers to U.S. Patent No. 8,457,703.

18. The term **"the '776 patent"** refers to U.S. Patent No. 10,433,776.

19. The terms **"Asserted Patent"** or **"Asserted Patents"** or **"Patents-in-Suit"** refer to the '265, the '628, the '553, the '554, the '564, the '765, the '194, the '195, the '366, the '994, the '703, and the '776, collectively, as well as any applications for and/or counterparts to these patents, and any other patents that You

2

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 36
Page 3

may accuse Apple of infringing in this Action, and their applications and/or counterparts.

20. The term **"Related Patents and Applications"** refers to (i) all U.S. or foreign patents and patent applications related to the Asserted Patents or their applications by way of subject matter or claimed priority date, and (ii) any patent or patent application that claims priority to an Asserted Patent, or to which an Asserted Patent claims priority.

21. The terms **"Asserted Claim"** or **"Asserted Claims"** means the claims of the Asserted Patents that Plaintiffs contend Apple has infringed and/or is infringing.

22. The term **"Asserted Technologies"** refers to the alleged inventions claimed by the Asserted Claims.

23. The term **"Apple Patents"** refers to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, 9,723,997, and 10,524,671, collectively, as well as any applications for and/or counterparts to these patents, and any other of Apple's patents for which Plaintiffs may bring claims of correction of inventorship in this Action, and their applications and/or counterparts.

24. The term **"Apple Applications"** refers to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710, 14/618,664, and 15/960,507, and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively, and any counterparts thereof, and any other of Apple's patent applications for which Plaintiffs may bring claims of ownership in this Action, and any counterparts thereof.

25. The term "**Alleged Inventors**" refers to Messrs. Al-Ali, Diab, and Weber, as described in paragraphs 22, 245, 252, 259, 266, 273, 280, 287, 295, 303, 311, 319, and/or 327 of the Second Amended Complaint, collectively, and any other

3
APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 36
Page 4

individuals who Plaintiffs may contend in this Action should be named as inventors on the Apple Patents and Apple Applications.

26. The terms "**Trade Secret**" or "**Trade Secrets**" means the information identified in Plaintiffs' Section 2019.210 Statement and alleged in the Second Amended Complaint, including without limitation information allegedly disclosed by Your former employees, information allegedly disclosed in Apple Patents or Apple Applications, or information allegedly incorporated in the Accused Products, as alleged trade secrets and any other trade secret that Plaintiffs allege Apple misappropriated. In referring to any information alleged in the Second Amended Complaint and in Plaintiffs' Section 2019.210 Statement as a "Trade Secret," Apple in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in the Second Amended Complaint and in Plaintiffs' Section 2019.210 Statement concerning the purported "Trade Secrets" satisfy Plaintiffs' obligations under California Code of Civil Procedure Section 2019.210 to describe their alleged trade secrets with reasonable particularity.

27. The term **"Accused Products"** refers to the Apple Watch Series 3 and later devices, alone or in combination with Apple iPhones, that Plaintiffs assert infringe any of the Asserted Patents, and any other products that Plaintiffs are permitted to accuse of infringing any of the Asserted Patents in this Action. In referring to any product as an "Accused Product," Apple in no way communicates its agreement that the product infringes the Asserted Patents.

28. The term **"Prior art"** refers to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Asserted Patents.

29. The term **"Licensee"** refers to any entity having a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that the entity has any rights to the Asserted Patents or Related Patents, may practice

4

APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 36
Page 5

one or more claims of the Asserted Patent and/or that Plaintiffs will not file suit or otherwise enforce against that entity one or more claims of the Asserted Patent or Related Patents and Applications.

30. The terms **"Person"** or **"Persons"** shall mean any natural person, or any business, legal or governmental entity or association.

31. The term **"Communication"** shall mean every manner of disclosure, transfer, or exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

32. The terms **"Document"** or **"Documents"** is used in the most comprehensive and broadest sense permitted by the Federal Rules of Civil Procedure 26 and 34, and specifically includes electronically stored information and every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence. A draft or non-identical copy is a separate Document within the meaning of this term.

33. The terms **"Thing"** or **"Things"** are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

34. A Document, Thing, or Communication **"relating to," "related to," "concerning,"** or **"regarding"** a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

35. The term **"each"** shall mean each and every.

36. The term **"any"** shall include the word "all," and vice versa.

37. The terms **"and," "or,"** and **"and/or"** shall be construed in the

5

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 36
Page 6

conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

38. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine or neutral form shall include all of the other genders.

39. The use of the term **"the"** shall not be construed as limiting the scope of any Request.

40. References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

## II.  INSTRUCTIONS

1. All requests must be responded to fully and in writing in accordance with Fed. R. Civ. P. 34.

2. You are to produce all requested Documents, Communications, and Things that are in Your custody, control, or possession, or within the custody, control or possession of Your attorneys, accountants, agents, consultants, investigators, other representatives, affiliates, employees, and/or any other entities or individuals acting on Your behalf or on whose behalf You are acting. A Document, Communication, or Thing not in Your physical custody is nonetheless deemed to be in Your possession, custody, or control if You (i) own such Document, Communication, or Thing in whole or in part, (ii) have a right by contract, statute or otherwise, to use, examine, or copy such Document, Communication, or Thing on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document, Communication, or Thing on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document, Communication, or Thing when You have sought to do so. In the event that You cannot produce any of the Documents, Communications, or Things

6

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 36
Page 7

designated in a particular request, You shall produce those Documents, Communications, or Things which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents, Communications, or Things.

3. If Your response to a Request is that Documents, Communications, and Things are not in Your possession, custody, or control, describe in detail the efforts You have made to locate the Documents, Communications, and Things, and identify who has possession, custody, or control of them.

4. If any Request calls for the production of Documents, Communications, and Things that have been lost, discarded, or destroyed, You shall state the circumstances of the loss or destruction of each such Document, Communication, or Thing, including the identity of Person(s) having knowledge as to the circumstances of its loss or destruction and the date of its loss or destruction.

5. These Requests call for the production of all original Documents, all non-identical copies of such Documents, any preliminary drafts thereof, including all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Documents. Unless otherwise agreed in writing, each non-identical version of any Document, Communication, or Thing shall constitute a separate Document, Communication, or Thing. Each draft or version of any Document, Communication, or Thing also shall constitute a separate Document, Communication, or Thing.

6. Email attachments and embedded files must be mapped to their parent by the Document or by production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded Document must be included.

7. If, for any reason other than a claim of privilege, You refuse to respond to any Request herein, please state the grounds upon which such refusal is

7

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 36
Page 8

based with sufficient particularity to permit a determination of the propriety of such refusal.

8.   If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of confidentiality, privilege, or any other protection from production including, but not limited to, attorney work product or attorney-client privilege, You shall produce, in accordance with Rule 26 of the Federal Rules, a written privilege log that sets forth: (i) the author(s) and sender(s) of the Document or Communication; (ii) the type of Document or Communication, e.g., letter or memorandum; (iii) the dates associated with the Document or Communication (the date it bears, the date it was sent, and the date it was received); (iv) all recipients of the Document or Communication; (v) the number of pages of the Document or Communication; (vi) the identity of each person who has custody or control over the Document or Communication and each copy thereof; (vii) such other information as is sufficient to identify the Document or Communication; and (viii) the nature of the privilege asserted.

9.   If information is redacted from a Document or Communication produced in response to a Request, You shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and separately log each redaction on the privilege log.

10.   No specific Request should be construed to limit the scope of any other Request, or of any term defined herein, and no subpart of any Request should be construed to limit the scope of any other subpart of such Request.

11.   Whenever You object to a particular Request or portion thereof, You must produce all Documents, Communications, and Things called for that are not subject to that objection. Similarly, whenever a Document, Communication, or Thing is not produced in full, You must state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge,

8

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 36
Page 9

information, and belief those portions of the Document, Communication, or Thing that are not produced. If you object to a particular Request or portion thereof, You must also (i) identify with particularity any Document, Communication, or Thing falling within any category or item in the Request to which an objection is made, and (ii) set forth clearly the extent of, and the specific ground for, the objection.

12. Documents, Communications, and Things shall be produced in the same order as they are kept in the usual course of business and shall not be shuffled or otherwise rearranged. Documents and Communications that were, in their original condition, stapled, clipped, contained in file folders or binders, or otherwise fastened together shall be produced in such form. Whenever it is reasonably practicable, please produce Documents, Communications, and Things in such a manner as will facilitate their identification with the particular Request or category of Requests to which they are responsive.

13. All Documents requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether You consider the attachment and enclosures to be relevant or responsive to the request.

14. Documents in electronic form, including, but not limited to, e-mail shall be produced electronically in a form to be agreed upon by the parties, replete with agreed upon metadata.

15. If there are no Documents, Communications, or Things responsive to a particular Request, You shall so state in writing.

16. Unless otherwise stated, each Request is directed towards each Plaintiff in this Action.

17. If, in responding to these Requests, You encounter any ambiguities when construing a Request, instruction, or definition, in Your response set forth the matter deemed ambiguous and the construction used in answering.

18. These Requests are continuing in nature, and require prompt and

9

Gibson, Dunn & Crutcher LLP

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Exhibit 36
Page 10

further supplemental production if You obtain additional responsive information.

19. Apple serves these Requests without prejudice to its right to serve additional requests for production in this Action.

20. Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each Request.

### III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 104:**

All documents and things relating to the research, design, and/or development of Plaintiffs' alleged wrist worn monitor that performs pulse oximetry and/or any component of Plaintiffs' alleged wrist worn monitor that performs pulse oximetry, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and things related to the decisions to research, design, and/or develop Plaintiffs' alleged wrist worn monitor that performs pulse oximetry and/or any component of Plaintiffs' alleged wrist worn monitor that performs pulse oximetry.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things relating to the function of Plaintiffs' alleged wrist worn monitor that performs pulse oximetry and/or any component of Plaintiffs' alleged wrist worn monitor that performs pulse oximetry.

**REQUEST FOR PRODUCTION NO. 107:**

An inspection of Plaintiffs' alleged wrist worn monitor that performs pulse oximetry, including without limitation, prior versions and prototypes.

**REQUEST FOR PRODUCTION NO. 108:**

10

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Gibson, Dunn &
Crutcher LLP

Exhibit 36
Page 11

All documents and things relating to all efforts to market Plaintiffs' alleged wrist worn monitor that performs pulse oximetry to consumers. For avoidance of doubt, this includes documents and things related to efforts to advertise and sell said wrist worn monitor that performs pulse oximetry to consumers.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things relating to sales projections for Plaintiffs' alleged wrist worn monitor that performs pulse oximetry.

Dated: November 12, 2020                    Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP


By: */s/Joshua H. Lerner*
        Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

11

APPLE INC.'S FIFTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

Exhibit 36
Page 12

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On November 12, 2020, I served a true and correct copy of the foregoing **DEFENDANT APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. (NOS. 104-109)** on the parties or their counsel shown at the email addresses shown below:

```
KNOBBE, MARTENS, OLSON & BEAR, LLP
           Joseph R. Re
       joseph.re@knobbe.com
         Stephen C. Jensen
      steve.jensen@knobbe.com
          Perry D. Oldham
      perry.oldham@knobbe.com
         Stephen W. Larson
     stephen.larson@knobbe.com
          Adam B. Powell
      adam.powell@knobbe.com
           Mark Kachner
      mark.kachner@knobbe.com
```

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on November 12, 2020, at Irvine, California.

By: */s/ Tracy Morgan*
Tracy Morgan

Gibson, Dunn & Crutcher LLP

12

APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS MASIMO AND CERCACOR
CASE NO. 8:20-CV-00048-JVS (JDEx)

Exhibit 36
Page 13