UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | May 18, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Apple's Objections to Special Master Order No. 8</u>**

Before the Court are Apple's Objections to the Special Master's Order No. 8. <u>See</u> Obj., ECF Nos. 664, 667 (sealed); <u>see also</u> ECF No. 656 (Special Master Order No. 8). Masimo filed an opposition. <u>See</u> Opp., ECF Nos. 678, 684 (sealed). Apple filed a reply. <u>See</u> Reply, ECF Nos. 717, 719 (sealed).

A review of the briefing demonstrates that this matter may be decided without the need for oral argument. Fed. R. Civ. P. 78; L.R. 7-15. There is no hearing to vacate, however, because Apple did not file its objections properly. As stated in the Court's prior Order, if any party wishes to file objections in the future, the request must be filed as a noticed motion (<u>e.g.</u>, Motion to Review Special Master Order No. 8) so it is placed on the Court's calendar. The parties may direct any questions about the proper docketing event to the CM/ECF Help Desk.

For the following reasons, the Court **DEFERS** ruling on the first objection and **OVERRULES** the second objection.

## I. BACKGROUND

The parties are familiar with the facts of this case so the Court recites them here only as necessary to resolve this dispute.

Apple objects to the Special Master's Order No. 8, which denies Apple's request to

further compel production of documents (1) relating to communications between Michael O'Reilly and the FDA when O'Reilly was employed by Masimo, and (2) from the related litigation *Masimo v. True Wearables*, Case No. 8:18-CV-02001-JVS-JDEx. Apple argues that, although the "Special Master's ruling (correctly) did not suggest that Apple failed to meet its burden to establish the relevancy of either the FDA-O'Reilly communications or the True Wearables documents," he concluded incorrectly that the "requests for production were overbroad and sought discovery that is not proportional to the needs of this case." Obj. at 2.

## II. LEGAL STANDARD

"The court must decide de novo all objections to findings of fact made or recommended by a master." Fed. R. Civ. P. 53(f)(3). "[T]he court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53 (f)(5); see also ECF No. 470, Order Appointing Special Master at ¶¶ 15-17 ("Standards of review for objections to the Special Master's rulings shall be as follows per Rule 53(f)(3)-(5)"). "The Court must decide de novo all objections to conclusions of law." Id. "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo." Hernandez v. Lynch, No. ED CV 16-620 JGB(KKx), 2019 WL 6998774, at *2 (C.D. Cal. June 18, 2019). But a party "cannot raise entirely new arguments for the first time on an objection to a Special Master's Report." World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1278, n.13 (D. Haw. 2008), aff'd in part, appeal dismissed in part sub nom. World Triathlon Corp. v. Hapai, 320 F. App'x 778 (9th Cir. 2009).

Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Heredia v. Sunrise Senior Living LLC, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

The Court has conducted a de novo review of the record relating to Apple's objections to the Special Master's Order No. 8. Based on that review, for the reasons explained below, the Court **DEFERS** ruling on the first objection and **OVERRULES** the second objection.

A.  <u>O'Reilly-FDA Communications</u>

Apple argues that Plaintiffs failed to meet their burden of showing no proportionality since Apple only "seeks a discrete set of communications that are limited in substance (to O'Reilly's communications with the FDA) and in time (to the period O'Reilly was employed by Plaintiff)." Obj. at 2. Apple argues the responsive documents "could be quite small." <u>Id.</u> Apple believes that any documents showing that "O'Reilly represented Plaintiffs in front of the agency [are relevant] to the merits of Plaintiffs' trade secret claims, as it could show whether O'Reilly even had access to certain alleged trade secrets, the value that Plaintiffs place on them, and whether Plaintiffs took reasonable measures to protect their secrecy." <u>Id.</u> at 7. Apple argues that neither Plaintiffs nor the Special Master questioned relevance, and Plaintiffs failed to show that the request was disproportional to the needs of the case. Apple rejects Plaintiffs' argument that the request is "burdensome" because Plaintiffs did not support that conclusory assertion. <u>Id.</u> at 10.

In response, Plaintiffs argue that they already "searched O'Reilly's emails using the search terms that Apple requested and the parties stipulated to almost eight months ago," and Plaintiffs produced [two] responsive emails between O'Reilly and the FDA. Opp. at 1, 3 (citing. ECF Nos. 680-5, 680-6 (Exs. G, H)). Further, Plaintiffs argue that Apple's request "makes no sense" because it relates to "the relevance of O'Reilly's emails with the FDA while at Apple [<u>i.e.</u>, did O'Reilly convey Masimo trade secrets to the FDA on behalf of Apple]." <u>Id.</u> at 3, 6. As a compromise, "Masimo suggested both parties produce O'Reilly's FDA communications," but Apple declined. <u>Id.</u> at 1. Further, Plaintiffs argue that Apple's request for documents "relating to" O'Reilly and the FDA is overbroad, and Plaintiffs contend it would be burdensome to conduct additional ESI searching and production. <u>Id.</u> at 7-8. Moreover, Plaintiffs argue that specific evidence of burden is unnecessary when requests are "overbroad on their face." <u>Id.</u> at 9.

In reply, Apple argues that it has "produced FDA submissions and related communication," but the fact that O'Reilly is "rarely feature[d]" in those communications shows that he "never used the alleged trade secrets at Apple." Reply at 5. Now Apple wishes to show that O'Reilly never possessed the alleged trade secrets in the first place. <u>Id.</u> Apple also argues that the two emails Plaintiffs produced are not responsive to Apple's current request (<u>i.e.</u>, emails between O'Reilly and the FDA). <u>Id.</u> at 6.

The Court has reviewed de novo the Special Master's ruling and observes that it did not address relevance. Rather, it turns on overbreadth and proportionality. <u>See</u> ECF No. 656 at 6 ("The Special Master finds Apple's RFP No. 275 [about O'Reilly-FDA communications] is overbroad [] as written and seeks discovery that is not proportional to the needs of this case."). This is likely because, as Apple observes, Plaintiffs' briefing on this issue did not discuss relevance. <u>See</u> ECF No. 667-18 (Ex. 28) at 3-4. Accordingly, rather than entertaining new relevance arguments for the first time before this Court, for the purposes of resolving the objection, the Court will assume the requested materials are

relevant to whether O'Reilly possessed Plaintiffs' asserted trade secrets while working for Plaintiffs.

The Court lacks sufficient information to rule on proportionality. Plaintiffs did not address directly the burden (or lack thereof) associated with taking O'Reilly's existing ESI and "filtering [his] emails to or from emails with 'fda.gov,'" which is the solution proposed by Apple in its briefing to the Special Master. See ECF No. 667-19 (Ex. 29) at 3. Rather, Plaintiffs appear to take the position that, in light of the completed search-term searches and productions, *any* additional ESI searches at this point would be unduly burdensome and disproportionate to the needs of the case. The Court observes, however, that Plaintiffs did not challenge Apple's suggestion at the hearing that the search would "generate very few documents." See ECF No. 667-20 (Ex. 30) at 11:16-12:12; compare id. at 14:25-15:2 (Plaintiffs responded that, "we are happy to do that [search the O'Reilly ESI for fda.gov] if – particularly if Apple is willing to do that because there should be reciprocity.").

Considering the fact that Apple's request is narrow in substance (searching existing O'Reilly ESI for emails to/from fda.gov) and time limited (to the period during which O'Reilly worked for Plaintiffs), the Court may be inclined to conclude that Plaintiffs have not carried their burden to show that this request is not proportional to the needs of the case. This is especially true considering (1) the agreed upon search terms produced only two related O'Reilly documents, and (2) Plaintiffs' representation that they would be happy to do so.[1] Thus, the Court orders Plaintiffs to run this limited search on O'Reilly's existing ESI and file a status report within seven (7) days of this Order advising whether the search resulted in any hits.

If it does not, that fact will provide sufficient information for Apple to make its point and the objection will be denied as moot. If the search results in any hits, Plaintiffs shall advise how many and address directly, in no more than three pages, whether and how any burden would arise in connection with that specific production (as opposed to arguing that the agreed-upon search terms transform any additional searches into an undue burden). If Plaintiffs' status report identifies hits and argues undue burden, the Court will order a response from Apple at that time.

    B.    *Masimo v. True Wearables* Discovery Responses and Sealed Filings

Apple argues that it has narrowed its request for this category of documents to include discovery responses that "(1) mention Marcelo Lamego, (2) mention other

---

[1]    Plaintiffs suggest that this request should be reciprocal, but such requested relief is not before the Court on Apple's Objections to Special Master Order No. 8. If Plaintiffs believe that Apple should have produced such reciprocal information in response to outstanding discovery, Plaintiffs may bring an appropriate motion for the Special Master to consider in the first instance.

current or former Apple employees [with names to be provided by Apple], or (3) relate to any of the alleged trade secrets Plaintiffs contend Apple misappropriated;" and any sealed filings "that mention Mr. Lamego or any other current or former Apple employees." Obj. at 5-6. Apple argues that these documents "are readily available from Plaintiffs' files for that case." Id. at 2-3. Apple contends that Plaintiffs have failed to support their arguments concerning burden and that the requested documents are disproportionate to the needs of the case, especially where Plaintiffs have relied on some documents in the True Wearables case to argue discovery is warranted here. Id. at 11. Apple argues its request, as narrowed at the hearing, is not overbroad because the True Wearables docket contains only 568 entries, with only approximately 100 of those sealed. Id. at 12. Further, Apple contends that, "[s]ince Plaintiffs have already defined the relevant universe of trade secrets, they cannot now reasonably claim that it is too difficult to identify those trade secrets—or related technology—when reviewing the True Wearables papers." Id. at 13. Apple rejects Plaintiffs' suggestion that Apple should try to obtain the documents from True Wearables instead of Plaintffs. Id. at 14.

Plaintiffs respond that this request is overbroad because it "seek[s] essentially every document in the True Wearables case," because the request encompasses "every document mentioning Marcelo Lamego that was produced, served, filed, or sent between counsel in True Wearables," plus anything related to the trade secrets asserted in this case, plus anything that mentions a current or former Apple employee. Opp. at 4-5. Plaintiffs reject Apple's mid-hearing offer to provide a list of employee names because Plaintiffs are unaware how long the list will be. Id. at 5. As Apple has argued before, Plaintiffs argue that Apple's attempt to narrow the RFPs as written by suggesting narrower requests at the hearing "were improper." Id. at 6. Further, Plaintiffs argue the request is unduly burdensome given the protective order restrictions in *True Wearables*, requiring True Wearables' consent for document sharing, and the attendant burdens this would place on Plaintiffs. Id. at 14 (noting "Masimo is in no position to determine which among thousands of documents relate to Lamego's work at Apple").

The Court has reviewed de novo the Special Master's ruling and observes that, as with the O'Reilly-FDA dispute, it did not address relevance. Again, it turns on overbreadth and proportionality.

> Apple is again seeking relief on RFPs that are vastly overbroad. Apple does not dispute, for example, Plaintiffs' overbreadth argument about documents that 'mention Marcelo Lamego' in a lawsuit against a company owned by Marcelo Lamego. Proportionality does not support the Special Master's entering an order compelling production in response to these RFPs as written.

See ECF No. 656 at 7. As before, Plaintiffs' briefing did not discuss relevance. See ECF No. 667-18 (Ex. 28) at 4-5 ("Apple's Request Nos. 283-286 are also overly burdensome and not proportionate to the needs of this case for many reasons."). Accordingly, rather than entertaining new relevance arguments for the first time before this Court, for the

purposes of resolving the objection, the Court will assume the requested materials are relevant to whether Lamego possessed Plaintiffs' asserted trade secrets while working for Plaintiffs (i.e., Apple argues that, if he did not possess them, he could not have taken them to Apple).[2]

The Court overrules Apple's objection as it relates to proportionality. In Order No. 8, the Special Master observed correctly that Apple's RFPs as written are "vastly overbroad." ECF No. 656 at 7. The Special Master acknowledged that, "At the hearing, Apple proposed narrowed versions of RFP Nos. 283–286," but "Plaintiffs stated that they were not previously informed of such a proposal," so "the Special Master decline[d] to consider these narrowed versions 'on the fly.'" Likewise, the Court will not consider Apple's mid-hearing proposal to narrow the RFPs. The Special Master ruled on the RFPs as written, and it seems that, given Apple's later suggestion to narrow the requests, even Apple now agrees that the RFPs are overbroad. In the True Wearables case, Lamego is a named defendant and the CEO of the other named defendant, so the requests for anything that mentions him would require review and production of essentially the entire case. The Court is familiar with the breadth of the filings in that case and recently presided over a bench trial in that case. Considering the totality of that case, Plaintiffs have shown that Apple's requests are not proportional to the needs of *this* case. Moreover, Apple does not address the burdens associated with requiring Plaintiffs to manually review the entire True Wearables case for responsiveness to Apple's present requests, or relatedly, the issues arising from True Wearables' conditional consent to allow document sharing only after Plaintiffs have completed considerable manual review to comply with those conditions. Accordingly, the Court **OVERRULES** this objection.

To the extent Apple wishes to seek a more limited production of relevant materials from the True Wearables litigation, Apple should meet and confer with Plaintiffs to discuss whether its new proposals concerning, e.g., 100 sealed docket entries is proportional to the needs of the case. If Apple brings an appropriate request before the Special Master in the first instance, in responding, Plaintiffs are in the best position to advise whether the requested material is relevant and proportional to the needs of this case (e.g., Plaintiffs know whether they are asserting any of the same trade secrets against Apple as they asserted against the True Wearables defendants, so Plaintiffs are in the best position to gauge the potential manual-review burden associated with any future narrowed request from Apple; if there is little to no overlap between the asserted trade secrets, for example, there may be little for Plaintiffs to review and the burden may be low). The Court expresses no opinion on such a hypothetical motion.

---

[2]     To the extent Plaintiffs now argue that Apple does not explain the overlap between the asserted trade secrets in this case and in the True Wearable case, Apple has no occasion to know what trade secrets have been asserted in another case governed by a restrictive protective order to which it is not a party.

## IV. Conclusion

For the foregoing reasons, the Court **DEFERS** ruling on the O'Reilly-FDA objection and **OVERRULES** the True Wearables litigation objection.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |