UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS (JDEx) | Date | June 2, 2022 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                                    Not Present

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Supplement Fourth Amended Complaint**

  Before the Court is Plaintiffs' motion to supplement the Fourth Amended Complaint: by revising an existing cause of action to reflect that an already pleaded patent application has now become an issued patent, and to add a cause of action for correcting inventorship on that patent.  See Mot., ECF No. 672 at 1. The Motion is fully briefed.  See Opp., ECF No. 725; Reply, ECF No. 733. A review of the briefing demonstrates that this matter may be decided without the need for oral argument.  Fed. R. Civ. P. 78; L.R. 7-15. The Court **VACATES** the June 6, 2022, hearing.

  In a two-page brief, Apple partially opposes, only insofar as Plaintiffs' proposed supplement "incorporate[s] by reference paragraphs of allegations already recited in the active complaint." Opp. at 1. Apple argues that the incorporated paragraphs are "unnecessary to support the supplement" and "not permitted by Federal Rule of Civil Procedure 15(d)." Id.; see also ECF No. 673-2 at ¶¶ 8-26, 47-49 (challenged paragraphs of proposed 4AC Supplement).

  Under Rule 15(d), following a "motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). Indeed, courts have "stressed the trial court's discretion in deciding whether to allow a supplemental pleading, and liberally construe Rule 15(d) absent a showing of prejudice to the defendant." Id. at 475. "The rule is designed to give a party every opportunity to join all of his grievances against another party regardless of when they arose" and "the court should freely grant a party's request to file a supplemental pleading when the supplemental facts connect it to the original pleading." Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli, 213 F.R.D. 63, 66 (D.D.C. 2003) (quotations omitted).

In the interest of efficiency, the Court **GRANTS** Plaintiffs' motion to supplement because it will allow all newly arising but related claims to be adjudicated in the same case. Apple neither contests this point nor argues prejudice from the proposed supplement. Accordingly, there is no basis on which to deviate from the liberal standard governing Rule 15.

Although Apple argues that Plaintiffs should not be able to incorporate-by-reference allegations in the operative complaint since the facts underlying those allegations arose before the need to supplement, as Apple recognizes, "a supplemental pleading does not replace the operative pleading it supplements; rather, it is read in conjunction with the operative pleading." Opp. at 2. Thus, to provide context for the supplemental content, Plaintiffs may refer back to common allegations of which Apple is already on notice and to which Apple has already responded in its Answer.[1]

The Court disagrees with Apple that incorporating-by-reference prior allegations would violate Rule 15(d). Rule 15(d) governs whether a supplement should be allowed, not whether other portions of the operative complaint may be referenced for context. Because Apple does not oppose the supplement in principle, and because Plaintiffs have met their burden under Rule 15(d), the

---

[1] Although Apple does not argue undue burden, the Court observers that allowing Plaintiffs to incorporate prior allegations by reference will create no burden as Apple may simply incorporate-by-reference its prior responses. If Apple wishes to update or correct any prior responses, it has an ongoing obligation to do so without regarding for Plaintiffs' present motion. See, e.g., Fed. R. Civ. P. 8(b), 11(b), 15(a)(2), 26(e).

motion will be granted.

For the reasons stated, the Court **GRANTS** the Motion.

Plaintiffs shall file their First Supplemental Complaint (ECF No. 673-1) as a standalone docket entry, and Apple shall respond thereto within 21 days of filing.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |