| | |
|---|---|
| 1 | Joseph R. Re (Bar No. 134479) |
|   | joseph.re@knobbe.com |
| 2 | Stephen C. Jensen (Bar No. 149894) |
|   | steve.jensen@knobbe.com |
| 3 | Benjamin A. Katzenellenbogen (Bar No. 208527) |
|   | ben.katzenellenbogen@knobbe.com |
| 4 | Perry D. Oldham (Bar No. 216016) |
|   | perry.oldham@knobbe.com |
| 5 | Stephen W. Larson (Bar No. 240844) |
|   | stephen.larson@knobbe.com |
| 6 | Justin J. Gillett (Bar No. 298150) |
|   | Justin.Gillett@knobbe.com |
| 7 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
|   | 2040 Main Street, Fourteenth Floor |
| 8 | Irvine, CA 92614 |
|   | Telephone: (949) 760-0404; Facsimile: (949) 760-9502 |

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**FIRST SUPPLEMENT TO THE FOURTH AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. James V. Selna |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATIES, INC. ("Cercacor") hereby supplement the allegations in the Fourth Amended Complaint as follows:

372. On May 18, 2021, U.S. Patent Application No. 15/960,507 ("the '507 Application") issued as U.S. Patent No. 11,009,390 (the '390 Patent).

373. Plaintiffs' Twenty-Sixth Cause of Action (Declaratory Judgment of Ownership of U.S. Patent Application No. 15/960,507) now seeks declaratory judgment of ownership of the '390 Patent. The allegations in Paragraphs 359-364 now apply to the '390 Patent.

374. The reference in Paragraphs 359-364 to the '507 Application now refer to the '390 Patent, with the exception that the reference to Claim 21 of the '570 Application in the second sentence of Paragraph 360 is supplemented to state that this includes, for example, Claim 1 of the '390 Patent, which recites "[a] biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: a plurality of emitters, each configured to transmit modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog to digital converter to receive an output of the high pass filter."

## TWENTY-EIGHTH CAUSE OF ACTION
## (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 11,009,390)

375. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 26 and 47 through 50.

376. Lamego is a named inventor of U.S. Patent 11,009,390 presently recorded as owned by Apple.

377. The '390 Patent claims subject matter that Lamego obtained from discussions with, or jointly conceived with, Masimo employees. For example, Claim 1 of the '390 Patent recites "[a] biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: a plurality of emitters, each configured to transmit modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site; and an analog to digital converter to receive an output of the high pass filter." Lamego obtained this subject matter from discussions with, or jointly conceived it with, Diab. Accordingly, Diab is a joint inventor of any patentable subject matter claimed in the '390 Patent, and should have been named as an inventor on the '390 Patent.

378. In written assignments, Lamego, as well as Diab, agreed to assign and assigned to Masimo all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during their employment at Masimo, including ownership of all patents and patent applications claiming such subject matter.

379. Those assignments vested in Masimo all legal and equitable title to all patents and patent applications reciting inventions made during their employment, such that Masimo is at least a joint owner of the '390 Patent and Masimo has standing to seek correction of inventorship to perfect Masimo's ownership interest in the '390 Patent.

380. In at least one written assignment, Lamego agreed to assign and assigned to Cercacor all patentable subject matter (as well as all works of authorship, developments, improvements, or trade secrets) conceived during his employment at Cercacor, including ownership of all patents and patent applications claiming such subject matter. An exemplary agreement conveying such rights was attached as Exhibit A to Apple's Motion to Dismiss (Doc. No. 16-3). Accordingly, to the extent the evidence establishes that Lamego obtained patentable subject matter claimed in the '390 Patent from, or jointly conceived such subject matter with, Masimo employees while Lamego was an employee of Cercacor, Cercacor would be a joint owner of the '390 Patent and has standing to seek correction of inventorship to perfect Cercacor's ownership interest in the '390 Patent.

381. Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 256, Plaintiffs seek an order directing the U.S. Patent and Trademark Office to correct the inventorship of the '390 Patent by adding inventor Diab as a named inventor.

## SUPPLEMENTAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant for the following supplemental relief:

T. That the U.S. Patent and Trademark Office be directed to correct the inventorship of the '390 patent to add the correct inventors; and

U. That Plaintiffs be declared exclusive owners, or at least joint owners, of the '390 Patent, and all applications, patents, continuations, divisionals, and reissues that claim priority to that patent, including foreign counterparts.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2022         By: */s/ Benjamin A. Katzenellenbogen*
        Joseph R. Re
        Stephen C. Jensen
        Benjamin A. Katzenellenbogen
        Perry D. Oldham
        Stephen W. Larson
        Mark D. Kachner
        Adam B. Powell
        Daniel P. Hughes

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2022

By: */s/ Benjamin A. Katzenellenbogen*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

55731918