JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION "FOR CONFIRMATION THAT PATENT STAY HAS LIFTED"**<br><br>Date: June 27, 2022<br>Time: 1:30 p.m.<br><br>Discovery Cut-Off: Aug. 12, 2022<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO LIFT PATENT STAY

CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

I. Introduction ..................................................................................................1

II. Background..................................................................................................2

III. Argument .....................................................................................................3

    A. The Stay Order Should Apply Until The "Final Disposition" Of The IPR Rulings—i.e., Until After All Appeals Are Resolved.................3

    B. The Same Considerations That The Order Relies Upon Support Continuing The Stay Pending Appeal..........................................................6

IV. Conclusion .................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AgroFresh Inc. v. Essentiv LLC*,
    2019 WL 2327654 (D. Del. May 31, 2019) .................................................. 10

*Apple Inc. v. Masimo Corp.*,
    IPR2020-01523, Paper 32 (Apr. 11, 2022) ............................................. 2, 12

*Apple Inc. v. Masimo Corp.*,
    IPR2020-01524, Paper 29 (Apr. 29, 2022) .......................................... 2, 3, 12

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017) ............................................................. 10, 12

*Baxter Healthcare Corp. v. Becton, Dickinson & Co.*,
    2021 WL 22553 (S.D. Cal. Jan. 4, 2021) ...................................... 1, 7, 10, 11

*DeFazio v. Hollister, Inc.*,
    854 F. Supp. 2d 770 (E.D. Cal. 2012) ............................................................ 5

*DivX, LLC v. Netflix, Inc.*,
    2022 WL 1208167 (C.D. Cal. Mar. 29, 2022) ....................... 1, 6, 7, 8, 10, 11

*Elms 3DS Innovations, LLC v. Samsung Elecs. Co.*,
    2018 WL 1061370 (D. Del. Feb. 26, 2018) ................................................... 5

*Fresenius USA, Inc. v. Baxter, Int'l, Inc.*,
    712 F.3d 1330 (Fed. Cir. 2013) ..................................................................... 4

*FT Travel—New York, LLC v. Your Travel Center, Inc.*,
    112 F. Supp. 3d 1063 (C.D. Cal. 2015) ......................................................... 7

*In re Papst Licensing*,
    320 F. Supp. 3d 132 (D.D.C. 2018) ............................................................ 10

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ...................................................................................... 8

*Nike, Inc. v. Skechers U.S.A., Inc.*,
    2021 WL 4925447 (C.D. Cal. 2021) ......................................................... 4, 6

*Oyster Optics, LLC v. Ciena Corp.*,
  2019 WL 4729468 (N.D. Cal. Sept. 23, 2019)..................................................6

*Realtime Data LLC v. Silver Peak Sys., Inc.*,
  2018 WL 3744223 (N.D. Cal. Aug. 7, 2018)..................................1, 7, 10, 11

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom LLC*,
  2017 WL 6939167 (N.D. Cal. Mar. 16, 2017) .................................................7

*Safegate Airport Sys. v. RLG Docking Sys., Inc.*,
  2014 WL 3397774 (D. Ariz. July 11, 2014) ....................................................5

*Smart Modular Techs., Inc. v. Netlist, Inc.*,
  2016 WL 5159524 (E.D. Cal. Sept. 21, 2016) .................................................6

*T.V. v. Sacramento City Unified School Dist.*,
  2018 WL 3303162 (E.D. Cal. July 5, 2018)......................................................5

*Thorner v. Sony Computer Ent. Am. LLC*,
  669 F.3d 1362 (Fed. Cir. 2012) .......................................................................9

**STATUTES, RULES, AND REGULATIONS**

35 U.S.C. § 318(b) ....................................................................................................4

## I.     INTRODUCTION

Plaintiffs' request to restart proceedings on their patent infringement claims that survived IPR review—just weeks before the close of fact discovery—should be rejected for two separate reasons.

First, this Court's prior ruling granting the stay is best read to encompass both the *inter partes* review ("IPR") proceedings themselves and—if necessary—any further proceedings on appeal. Apple moved for a stay "pending *final disposition* of Apple's petitions for *Inter Partes* Review," Dkt. 196-1 at 1 (emphasis added), and Apple's proposed order stated expressly that it was seeking a stay "pending the conclusion of *Inter Partes* Review proceedings … *and any subsequent appeals* therefrom." Dkt. 196-2 (emphasis added). This Court granted Apple's motion without qualification. *See* Dkt. 220 at 8. All twelve IPRs are being appealed by the parties and are thus not final.

Second, even if, as Plaintiffs suggest, this Court's ruling leaves open the question whether the stay continues through appeal, this Court should continue the stay. Courts in this district and state routinely leave such stays in place pending appeal where, as here, the patent infringement case is not far along, the appeal will simplify proceedings, and Plaintiffs will not suffer undue prejudice. *See, e.g.*, *DivX, LLC v. Netflix, Inc.*, 2022 WL 1208167, at *6 (C.D. Cal. Mar. 29, 2022); *Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, 2021 WL 22553, at *2 (S.D. Cal. Jan. 4, 2021); *Realtime Data LLC v. Silver Peak Sys., Inc.*, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018). Indeed, if Apple prevails in its appeal challenging the two IPR rulings that it lost, "the patent [infringement] claims in this action will be rendered moot," Dkt. 220 at 5, and the time that the parties and this Court have spent rushing to catch the patent infringement case up to the trade secret case will have been wasted. In the alternative, if Plaintiffs somehow prevail on appeal in challenging any of the ten IPR rulings that they lost, a second patent infringement trial is inevitable—a result that would "duplicate the discovery process and expend unnecessary resources." *Baxter*, 2021 WL 22553, at *3.

Regardless of whether this Court originally intended its stay ruling to encompass appeals or is now considering that question for the first time, the result should be the same: The stay should remain in place and Plaintiffs' motion should be denied.

## I.   BACKGROUND

In 2020, Apple filed a motion to stay the patent infringement claims in this case "pending final disposition" of its IPR petitions, which challenged "all asserted claims of all the asserted patents." *See* Dkt. 196-1 at 1; Dkt. 220 at 2. This Court "grant[ed] the motion," explaining that "[t]his case is in its early stages" and that "it is certainly clear that there is more work ahead of the parties and the Court than behind us"—*e.g.*, the parties were not scheduled to "submit their preliminary claim constructions" for several months and that the *Markman* hearing was "more than six months away." Dkt. 220 at 3-4, 8. The Court also placed weight on the fact that the resolution of the IPR petitions could "significantly narrow the scope and complexity of the litigation" since "[i]f the PTAB cancels all of the asserted claims the patent [infringement] claims in this action will be rendered moot" and even "[c]ancellation of only a portion of the asserted claims may still significantly reduce the scope of this litigation." *Id.* at 5. While the Court found that Plaintiffs might suffer "some prejudice" as a result of the delay, it was "not substantial as compared to the inefficiencies and simplifications of the issues that would come from instituting a stay." *Id.* at 8.

This Spring, the Patent Office issued a final written decision for each of the asserted patents, finding all asserted claims of all challenged patents unpatentable with just two exceptions: U.S. Patent Nos. 8,547,703 and 10,433,776. *See Apple Inc. v. Masimo Corp.*, IPR2020-01523, Paper 32 (Apr. 11, 2022); *Apple Inc. v. Masimo Corp.*, IPR2020-01524, Paper 29 (Apr. 29, 2022). Apple will appeal both rulings later this month, and Masimo has appealed its losses. Thus, the IPRs are far from over.

On May 10, 2022, Plaintiffs informed Apple (for the first time) that they believed that the stay applied to the Patent Office proceedings and did not extend to any

subsequent appeals. Ex. A at 8. Accordingly, "they plann[ed] to contact the Court to request a status conference on" whether the "stay is … in place with respect to these patents." *Id.*

The parties originally agreed to submit a joint "neutral statement" to the court regarding the status of the stay. Ex. A at 5. On May 17, Plaintiffs asserted that Apple's proposed edits to the statement were unduly argumentative and insisted that the parties prepare "separate sections for [their] positions." *Id.* at 4. Plaintiffs provided their section on Thursday, May 19 and Apple provided its section on Friday, May 20. *Id.* at 3-4; *see also* Ex. B (final version of draft submission). At 8:38pm on Sunday, May 22, Plaintiffs once again shifted position, this time stating that because "[t]his simple submission has now become sufficiently argumentative, … [w]e plan to submit a motion on Monday." Ex. A at 2-3. Plaintiffs filed this motion the next day.[1]

## II. ARGUMENT

### A. The Stay Order Should Apply Until The "Final Disposition" Of The IPR Rulings—i.e., Until After All Appeals Are Resolved

Although this Court's stay order did not expressly address whether it applied through appeals of the IPR rulings, the natural reading is that it does. The Court's order granted Apple's requested relief as to the patent infringement claims without qualification. And the very first page of Apple's opening brief shows what Apple sought: for this Court to stay the patent infringement claims "pending *final disposition*" of the IPRs. Dkt. 196-1 at 1 (emphasis added). Apple's reply brief made a similar request, asking the Court to "stay … the patent infringement case pending *final resolution* of Apple's IPR petitions." Dkt. 217 at 25.

---

[1] Later that evening, Plaintiffs asked Apple to agree to an expedited briefing schedule. Ex. A at 2. Apple declined, noting both that (1) had Plaintiffs proceeded with filing a joint statement, the issue could have been resolved expeditiously, and (2) Plaintiffs had sandbagged by Apple by pretending to work on a joint filing for a week before filing a much longer motion on less than 24-hour notice. *Id.* at 1.

By statute, the Patent Office's ruling on an IPR petition is not final until "the time for appeal has expired or any appeal has terminated." *See* 35 U.S.C. § 318(b). The contrary rule would render the appeal process superfluous and would mean that the Patent Office would be empowered to "cancel[] any claim of the patent" at will, without any form of Article III oversight. *Id.*; *cf. Fresenius USA, Inc. v. Baxter, Int'l, Inc.*, 712 F.3d 1330, 1344 (Fed. Cir. 2013) (emphasizing that there is no basis for "distinguishing between the effects of a final affirmed court decision determining invalidity and a final, affirmed PTO decision determining invalidity").[2] To the extent that there could be any confusion over what a stay pending "final resolution" or "final disposition" of the IPR proceedings meant, Apple's proposed order resolves it, as it requested a stay "pending the conclusion of Inter Partes Review proceedings filed by Defendant Apple Inc. pertaining thereto, *and any subsequent appeals therefrom*." Dkt. 196-2 (emphasis added).

Plaintiffs' primary response is that Apple's prior briefing raised arguments in favor of the stay that are purportedly inconsistent with a stay pending appeal. Mot. 3-4. But Plaintiffs point to nowhere in Apple's briefing that disclaims Apple's current position. At best, the language they quote showcased Apple's optimism that the Patent Office would reach the correct result without the need for correction by the Federal Circuit. (Apple was almost entirely right—the Patent Office did invalidate the overwhelming majority of Plaintiffs' patent claims in the first instance. *See supra* p. 2.)

Plaintiffs' secondary argument that this Court should not put any weight on the wording of Apple's proposed order because it was not ultimately adopted (Mot. 4) misses the point. The wording of the proposed order simply confirms the scope of the

---

[2] Plaintiffs' own authority draws a similar linguistic distinction. In *Nike, Inc. v. Skechers U.S.A., Inc.*, 2021 WL 4925447 (C.D. Cal. 2021), the court explained that a request for a stay "'pending *final exhaustion* of the *Inter Partes* Review proceedings'" encompassed both a stay "pending final written decisions from the [Patent Office]" *and* "exhaustion of appeals," *id.* at *10 (emphasis added).

relief that Apple sought and the Court granted—a stay pending final disposition of the IPRs. This distinguishes two of Plaintiffs' authorities, which deal with black-and-white discrepancies between the proposed order and other documents. *See T.V. v. Sacramento City Unified School Dist.*, 2018 WL 3303162, at *1 (E.D. Cal. July 5, 2018) (declining to follow proposed order's $31,700.02 attorney fee award where party's settlement agreement contemplated $31,746.15); *Safegate Airport Sys. v. RLG Docking Sys., Inc.*, 2014 WL 3397774, at *8 (D. Ariz. July 11, 2014) (party raised "different" claim construction in proposed order from what was "briefed or argued"). The third is even further afield. There, (1) the court had previously made a "clear and direct request" for the moving party to identify case law that would permit it to award injunctive relief, (2) the moving party's proposed order sought injunctive relief but its briefing did not, and (3) the non-moving party's opposition brief pointed out the purported discrepancy and the moving party had the opportunity to respond in reply. *DeFazio v. Hollister, Inc.*, 854 F. Supp. 2d 770, 807 (E.D. Cal. 2012). This case does not involve comparable facts—this Court did not ask Apple to provide authority indicating that it had the authority to issue a stay pending appeal, Apple did not request relief that went beyond its briefing, and Plaintiffs waited nearly two years to raise the supposed discrepancy.

      Finally, Plaintiffs contend that this Court would have denied a request to stay the IPRs until the appeals were resolved if Apple had raised the issue. Mot. 3-4. But even accepting the premise that Apple did not seek a stay that lasted through the IPR appeals (which is wrong, *supra* pp. 3-5), Plaintiffs cite nothing in this Court's prior ruling to support their speculation. Instead, Plaintiffs rely (at 3-4) on rulings from other courts that concluded based on the (very different) facts in front of them that a stay pending appeal was inappropriate. For example, in two of Plaintiffs' cases, the defendant was not appealing *all* unfavorable IPR rulings and so "no matter what happens with the pending appeal, the case will certainly go forward unaffected as to [at least] one of the patents-in-suit." *Elms 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2018 WL 1061370,

at *2 (D. Del. Feb. 26, 2018); *see also Oyster Optics, LLC v. Ciena Corp.,* 2019 WL 4729468, at *3 (N.D. Cal. Sept. 23, 2019) (lifting stay where defendant appealed only one of the three IPR proceedings it lost).  In a third, plaintiff was appealing an individual Patent Office examiner's ruling to the agency's review board, which in turn would be subject to appeal to the Federal Circuit—meaning that continuing the stay could have resulted in the litigation being stayed for a total of five-and-a-half years. *Smart Modular Techs., Inc. v. Netlist, Inc.,* 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016).[3]  In contrast, the facts in this case—and especially the significant possibility that lifting the stay will lead to either months of wasted effort (if the Federal Circuit reverses any of Plaintiffs' wins) or result in two patent infringement trials regarding similar technology (if the Federal Circuit reverses any of Apple's wins)—support keeping the stay in place. *Infra* pp. 6-12.

### B. The Same Considerations That The Order Relies Upon Support Continuing The Stay Pending Appeal

As this Court explained in the stay order, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  Dkt. 220 at 2.  That power includes leaving a stay pending IPR in place while the Patent Office's rulings are on appeal.  *See, e.g.*, *DivX*, 2022 WL 1208167, at *3.  Whether a stay should remain in place is "typically" governed by "the same standard that applies to determine whether to impose a stay in the first place.  *Id.* (collecting cases).  In other words, a court's discretion is "typically guided by three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear

---

[3] Plaintiffs also cite *Nike*, but that ruling turned on the fact that the plaintiff's briefing pressed the defendant to justify why the IPR stay should extend to appeals and the defendant failed to respond.  *See* 2021 WL 4925447, at *10.  Here, the first time Plaintiffs questioned whether the stay extended to appeals was last month.  *See supra* pp. 2-3.

tactical disadvantage to the nonmoving party." Dkt. 220 at 3. This Court "is not limited to these factors and 'the totality of the circumstances governs.'" *Id.*

**1. Prejudice/Disadvantage To Non-Moving Party.** As this Court explained, while this factor weighs "slightly against" granting a stay, Plaintiffs failed to identify any prejudice that is "substantial as compared to the significant efficiencies and simplification of issues that would come from instituting a stay." Dkt. 220 at 7-8. While leaving the stay in place pending appeal will necessarily "further delay resolution" of the patent infringement claims, "'mere delay in the litigation does not establish undue prejudice.'" *DivX*, 2022 WL 1208167, at *6. In any event, given that Plaintiffs failed to raise *any* prejudice arguments in their opening brief, they should not be permitted to do so in the first instance on reply. *See FT Travel—New York, LLC v. Your Travel Center, Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (collecting cases for the proposition that "[c]ourts decline to consider arguments that are raised for the first time in reply").

**2. Stage Of The Proceedings.** Another consideration is "'the stage of proceedings,' including the progress of discovery, the status of claim construction, and whether a trial date has been set." Dkt. 220 at 3. The patent infringement aspects of this case are still, as this Court previously explained, "in [their] early stages." *Id.* There has been no *Markman* hearing, no exchange of claim constructions, no expert discovery, and (at best) limited fact discovery on patent-infringement-specific issues. *Id.*[4] In other words, this factor "necessarily favors maintaining the stay, as the case has been frozen at the same early stage it was when the Court first entered the stay." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom LLC*, 2017 WL 6939167, at *2 (N.D. Cal. Mar. 16, 2017); *accord Baxter*, 2021 WL 22553, at *2 (same); *see also Realtime*, 2018 WL

---

[4] To the extent that Plaintiffs' statement (at 7) that the seven RFPs they have cited as providing relevant discovery are "only a few examples" means that they intend to present new "examples" on reply, they should be barred from doing so. *See FT Travel*, 112 F. Supp. 3d at 1079.

3744223, at *2 (this factor favored continuing stay because case was at "nearly … the same phase as it was" when the stay was imposed).[5]

Plaintiffs' response is that the parties have now conducted "extensive" discovery that is "relevant" to the two surviving patents. Mot. 5-6. As an initial matter, this argument is inconsistent with Plaintiffs' prior representations that their "'patent case is independent of the trade secret case,'" Ex. 6 at 16, and that their patent infringement claims do not "hinge" on their trade secret claims, Dkt. 43-1 at 30-31.[6]

More broadly, the low-power patents are *entirely* distinct from the trade secret claims. The patents claim systems and methods to reduce power consumption—*e.g.*, toggling between reduced and full activation of light sources based on "processing characteristics," Ex. 1 at 11:31-52, or using different duty cycles for the light source under different conditions, Ex. 2 at 11:40-12:21. For example, to establish infringement of claim 1 of the '703 patent, Plaintiffs will need to show that Apple's products perform each of the following steps:

- "[D]riv[e] one or more light sources configured to emit light into the tissue of a monitored patient,"
- "[R]eceiv[e] one or more signals from one or more detectors configured to detect said light after attenuation by said tissue,"
- "[C]ontinuously operat[e] a patient monitor at a lower power consumption level to determine measurement values for one or more physiological parameters of a patient,"

---

[5] The *DivX* court discounted this factor because "the proceedings cannot meaningfully progress while the stay remains in place." 2022 WL 1208167, at *3. Apple respectfully disagrees with this logic, but it is worth noting that the *DivX* court still approved a stay pending appeal even though it viewed this factor as neutral. *Id.*

[6] Plaintiffs cite (at 7) Apple's counter-arguments from the same filing, but concede in the very next breath that Apple *lost* that argument and "was ordered to produce documents." Estoppel attaches only when a party *prevails* on a particular argument. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

- "[C]ompar[e] processing characteristics to a predetermined threshold," and
- "[W]hen said processing characteristics pass said threshold, transition[] to continuously operating said patient monitor at a higher power consumption level, wherein said continuously operating at said lower power consumption level comprises reducing activation of an attached sensor, said sensor positioning, said light sources, and said detectors proximate said tissue."

Ex. 1 at 11:31-52. Claim 1 of the '776 patent recites six, similarly complex steps. Ex. 2 at 11:40-12:21. Because "[i]t is the claims that define the metes and bounds of the patentee's invention," *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012), Plaintiffs will have to take discovery into each claim element to prove their case.

In contrast, even assuming ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Rather, Plaintiffs' apparent position is that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Mot. 6.[7] Under this logic, discovery provided for ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ would be "relevant" and—per Plaintiffs' statement (at 8) that they do not expect to "need much, if any, additional written discovery"—sufficient to show infringement of the limitations claimed in the '703 and '776 patents.

---

[7] ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

**3. Simplification of Issues.** The final consideration is "whether a stay will simplify the issues in question and the trial of the case." Dkt. 220 at 4-6; *see also In re Papst Licensing*, 320 F. Supp. 3d 132, 137-138 (D.D.C. 2018) (describing this as "'the most important factor'"). As this Court has explained, "where a defendant is actively involved in the IPR process with respect to the asserted claims, simplification is likely." Dkt. 220 at 5. This is because "[i]f the PTAB cancels all of the asserted claims, the patent claims in this action will be rendered moot" and, in any event, "the record developed during the IPR" even if a patent survives review "could inform the claim construction process." *Id.*; *see Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer.").

If anything, the case for staying the patent infringement claims has grown stronger in the wake of (1) the Patent Office's rulings invalidating ten patents and (2) Apple's decision to appeal the remaining two IPR decisions. If Apple prevails on appeal, it would "render the entirety of Plaintiffs' case moot." *Baxter*, 2021 WL 22553, at *3. In other words, if this Court proceeds with "only the claims deemed patentable by the PTAB at this point in time, it will have expended unnecessary resources if any of those claims are later determined to be non-patentable." *Realtime*, 2018 WL 3744223, at *2; *accord DivX*, 2022 WL 1208167, at *4 (maintaining stay "pending appeal will avoid the parties and the Court unnecessarily expending resources engaging in further discovery and pretrial motion practice regarding any such claims"); *see also AgroFresh Inc. v. Essentiv LLC*, 2019 WL 2327654, at *2 (D. Del. May 31, 2019) (similar and collecting cases).

"Still worse," in the unlikely event Plaintiffs prevail on any of their ten appeals, "the court would have to duplicate its efforts and potentially conduct multiple trials if claims deemed non-patentable are later found to be patentable." *Realtime*, 2018 WL

2744223, at *2. This "loss of efficiency [is] compounded" by the fact that the patents all relate to the same basic technology, meaning that there likely will be "overlapping witnesses, experts, or evidence." *Id.*; *see also Baxter*, 2021 WL 22553, at *3 (multiple trials for related patents "duplicate the discovery process and expend unnecessary resources"). Plaintiffs do not acknowledge these practical problems created by lifting the stay, even though Apple raised them in the proposed joint filing. *See* Ex. B at 4-5. In particular, Plaintiffs' argument (at 5) that Apple's defenses to the low-power patents have been permanently narrowed by the Patent Office's rulings ignores the possibility that the Patent Office could be reversed on appeal.[8]

Beyond these general considerations, adding two, largely unlitigated patents back into this case less than ten months before trial will wreak havoc on the current, carefully negotiated case schedule. *See* Dkt. 672 at 2-3. A number of discovery deadlines have already passed—most notably the deadline to serve RFPs and interrogatories—and the time to complete responses to document production and for each party to have taken at least 35 hours of fact depositions is set to expire later this month. *Id.* Plaintiffs' assertion (at 5) that the patent infringement claims could be resolved in less than a year because of the speed of the parallel ITC proceeding ignores two crucial distinctions: (1) the ITC matter was scheduled from the outset in way that would allow the parties to conduct discovery and resolve all pre-trial issues in a year and (2) it did not require the parties to litigate several other kinds of factually complex claims (here, trade secrets and inventorship/ownership).

Plaintiffs' assurance (at 8) that "the current schedule is sufficient to include" new patent deadlines on issues like invalidity and infringement contentions and claim

---

[8] To the extent that Plaintiffs contend in reply that "any simplification is speculative given the Federal Circuit's high affirmance rate of PTAB decisions," *DivX*, 2022 WL 1208167, at *4, courts have declined to credit that argument because even if "'affirmance of the PTAB decisions may be statistically more likely, this outcome is far from a foregone conclusion,'" *id.*; *accord Baxter*, 2021 WL 22553, at *3.

construction is at best wildly optimistic.  Further, the statement seems calculated to lay the groundwork for more even delay in this already protracted lawsuit.  For example, since July 2020—which is the last and only time Plaintiffs have served infringement contentions—Apple has released two new versions of Apple Watch (versions 6 and 7).  Plaintiffs' infringement contentions, however, are necessarily based on the Apple Watch versions released at the time and thus do not identify any features specific to later versions of Watch.  *See* Ex. C at 3-5.  If the patent case were restarted, Plaintiffs would have to provide a new set of infringement contentions to address those newer versions.

As another example, Plaintiffs contend that all claim construction issues could be fully briefed and heard by this Court by September 26, 2022—i.e., in a roughly two-month span.  Mot. 9.  Not only does this proposal fail to account for the fact that this Court may need additional time after the hearing to decide the myriad issues posed by the low-power patents, but it contradicts Plaintiffs' own, prior representation that the parties would need *four* months merely to prepare and brief claim construction.  *See* Dkt. 33 at 24-25 (parties recommending that proposed claim terms be exchanged on September 21, 2020 and submit final *Markman* briefs on January 25, 2021).  Further complicating the claim construction process is the fact that Plaintiffs made a number of disclaimers regarding claim scope in front of the Patent Office, *see Apple Inc. v. Masimo Corp.*, IPR2020-01523, Paper 32 at 9-10 (construction of "processing characteristics"); *Apple Inc. v. Masimo Corp.*, IPR2020-01524, Paper 29 at 10 (construction of "duty cycle[]").  Plaintiffs may further modify or clarify those disclaimers in the parallel appeal proceedings—likely only *after* the parties are briefing the claim construction issues in front of this Court.  Because Plaintiffs' disclaimers are relevant to this Court's own construction decisions, *e.g., Aylus*, 586 F.3d at 1362, this disconnect will either require this Court to set a much later *Markman* deadline than Plaintiffs propose or run the risk of adopting constructions that differ from Plaintiffs' own statements about the scope of their claims in front of the Federal Circuit.

### III.   CONCLUSION

Apple respectfully requests that this Court deny Plaintiffs' motion to lift the stay of the patent infringement claims.

Dated:  June 6, 2022                                  Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By:  */s/ Mark D. Selwyn*
         Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*