JOSHUA H. LERNER, SBN 220755
  Joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)**<br><br>Date: July 11, 2022<br>Time: 1:30pm<br>Discovery Cut-Off: August 12, 2022<br>Pre-Trial Conference: March 13, 2023<br>Trial: March 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12   Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard Suite 700
   Costa Mesa, CA 92626
14 Tel. 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth St., Suite 2600
   Denver, CO 80202
22 Tel: 720.274.3152 / Fax: 720.273.3133

**TABLE OF CONTENTS**

I. Introduction ................................................................................................. 1

II. Background ................................................................................................. 2

III. Legal Standard ........................................................................................... 5

IV. Argument .................................................................................................... 6

    A. Reconsideration Is Warranted In Light Of New Factual Developments That Occurred Weeks After This Court's Original Ruling ................................................................................................ 6

    B. ████████████████████████████████████████████ ............... 8

V. Conclusion ................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alcox v. City of Lompoc*,
   2018 WL 6113077 (C.D. Cal. July 26, 2018) ...................................................6

*Allergan Inc. v. Athena*,
   2012 WL 12898344 (C.D. Cal. May 24, 2012).............................................5, 6

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
   254 F.3d 882 (9th Cir. 2001).............................................................................6

*Freeman Inv. Mgmt. Co. v. Frank Russell Co.*,
   2016 WL 5719819 (S.D. Cal. Sept. 30, 2016) ..............................................4, 6

*Hamid v. Nike Retail Services, Inc*,
   2018 WL 1684316, at *4 (C.D. Cal. April 6, 2018).........................................7

*Universal Electronics Inc. v. Logitech, Inc.*,
   2012 WL 13028537 (C.D. Cal.  July 2, 2012) .............................................6, 9

**STATUTES, RULES, AND REGULATIONS**

Local Civil Rule 7-3.................................................................................................7

Local Civil Rule 7-18 ......................................................................................5, 6, 7

APPLE'S MEMO ISO MOT. TO CLARIFY OR RECONSIDER ORDER REGARDING TS DISCLOSURE (DKT. 669)
ii
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

# I. INTRODUCTION

For two years, Plaintiffs' trade secrets case has focused on the aspects of ▇ ▇ *E.g.*, Dkt. 296-1 at ¶¶ 237-239, 246. In April, however, Plaintiffs moved to amend their trade secret disclosure ▇ ▇ ▇ ▇ *See* Dkt. 647-2 at 27.  Plaintiffs asserted that this change was a modest "refinement" of the trade secret and argued that Apple was on notice that ▇ ▇ ▇ Dkt. 647-1 at 3; *accord* Dkt. 647-5 at 3.

This Court accepted Plaintiffs' representation, citing ▇ ▇ was "consistent with the position taken by Masimo during this litigation" and thus "do[es] not change the scope of the stated trade secret[]." Dkt. 669 at 5-6.  Still, to help ensure that Plaintiffs did not transgress the spirit of the ruling allowing amendment, the Court ordered them to identify in a supplemental interrogatory response ▇ ▇ Dkt. 669 at 5-6.

Plaintiffs subsequently submitted a response ▇ ▇ ▇ ▇ ▇ ▇

1 █████████████████████████████████████████████████████
2 ████████

3       Apple respectfully submits that Plaintiffs' eleventh-hour attempt to significantly expand the scope of this case, just nine months away from trial and with the end of fact discovery rapidly approaching, is incongruous with the reasoning of this Court's original ruling and seems far from the outcome that the Court envisioned. Apple accordingly asks this Court to modify its ruling to ███████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████

## II.    BACKGROUND

      Plaintiffs filed the operative Fourth Amended Complaint ("FAC") on February 5, 2021. Dkt. 296-1. In relevant part, Plaintiffs allege that Apple ████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████████

      On April 14, 2020, Apple served Interrogatory No. 10, which seeks Plaintiffs' position on how Apple has used or disclosed each alleged trade secret. Ex. B at 12-13. As relevant here, ███████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████

1. ███████████████████████████████████████████
2. ███████████████
3. On March 4, 2022, after Apple had already produced expansive information about
4. plans related to future versions of Apple Watch and related applications, Plaintiffs filed
5. a motion with the Special Master to amend their Section 2019.210 trade secret
6. disclosure. *See generally* Dkt. 650. ███████████████████
7. ███████████████████████████████████████████
8. ███████████████████████████ ████████████████
9. ███████████████████████████████████████████
10. ███████████████████████████████████████████
11. ███████████████████████████████████████████
12. ███████████████████████████████████████████
13. ███████████████████████████████████████████
14. ███████████████████████████████████████████
15. ███████████████████████████████████████████
16. ███████████████████████████████████████████
17. █████████████████████████ Plaintiffs subsequently refiled the briefing with
18. this Court.
19. This Court ultimately held that Plaintiffs' addition ████████████████
20. ████████████████████████
21. ██████████████████████████████████████ As support
22. for Plaintiffs' "consistent … position" on the issue, this Court cited to the only evidence
23. Plaintiffs provided—the supplemental response to Interrogatory No. 10. Dkt. 669 at 5-
24. 6.
25. This Court's ruling, however, came with two important caveats. First, the Court
26. stated that "[b]ecause [Plaintiffs] did not mention or analyze how this change would
27. impact ████████████████████████████████████
28.

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ███████████████████████████████████████████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ██████████████████████████████ (citing *Freeman Inv. Mgmt.*

8 *Co. v. Frank Russell Co.*, 2016 WL 5719819, at *10–12 (S.D. Cal. Sept. 30, 2016)).

9 ███████████████████████████████████████████

10 ███████████████████████████████████████████

11 ███████████████████████████████████████████

12 ███████████████████████████████████████████

13 ███████████████████████████████████████████

14 ███████████████████████████████████████████

15 ███████████████████████████████████████████

16 ███████████████████████████████████████████

17 ███████████████████████████████████████████

18 ███████████████████████████████████████████

19 ███████████████████████████████████████████

20 ███████████████████████████████████████████

21 ███████████████████████████████████████████

22 ███████████████████████████████████████████

23 ███████████████████████████████

24

25 ─────────────────────

26 ███████████████████████████████████████████

27 ███████████████████████████████████████████

28 ███████████████████████████████████████████



### III. LEGAL STANDARD

The Court has the "inherent authority and power to modify its own interlocutory orders" at any time before judgment is entered. *Allergan Inc. v. Athena*, 2012 WL 12898344, at *2 (C.D. Cal. May 24, 2012). "A request from a party for a court to exercise this authority generally comes in the form of a motion for reconsideration." *Id.* A motion for reconsideration is appropriate when, *inter alia*, "new developments would affect the outcome" of the previous order. *Id.* As relevant here, this can be shown by establishing "a material difference in fact … from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision" or "the emergence of new material facts … occurring after the time of such decision." *See* Local Rule 7-18;

*see also Allergan*, 20212 WL 12898344, at *2-3.  Local Rule 7-18 also requires a showing of good cause when a party moves for reconsideration more than fourteen days after the decision issued.

However, "a court's inherent authority to modify its own interlocutory orders is not limited to the circumstances set forth in Local Rule 7-18." *Allergan*, 2012 WL 12898344, at *3; *accord Alcox v. City of Lompoc*, 2018 WL 6113077, at *2 (C.D. Cal. July 26, 2018) ("Additionally, this District's Local Rules do not curtail the Court's inherent authority to alter or amend interlocutory orders.").  Rather, this Court may invoke that authority "if sufficient cause is shown"—the "only requirement … is that the court 'has not been divested of jurisdiction over the order.'" *Allergan*, 2012 WL 12898344, at *2-3 (citing *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001)).  In other words, a court may modify its prior interlocutory ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Universal Electronics Inc. v. Logitech, Inc.*, 2012 WL 13028537, at *1 (C.D. Cal. July 2, 2012) (internal quotation marks and citation omitted).

As to the scope of trade secrets identified in a § 2019.10 disclosure, courts are disinclined to expand that scope late in a case, particularly where a plaintiff premises such an expansion on confidential information discovered from the defendant during the case. *See, e.g.*, *Freeman*, 2016 WL 5719819, at *10–12 (plaintiff's "subjective and vague descriptions" were insufficient "at this late stage in the litigation" such that additional attempts to refine identification would be "too little too late" after a year and a half of discovery).

### IV.   ARGUMENT

#### A.   Reconsideration Is Warranted In Light Of New Factual Developments That Occurred Weeks After This Court's Original Ruling

As discussed above, this Court has plenary authority to revise an interlocutory

1  ruling so long as it has jurisdiction, regardless of whether Local Rule 7-18's criteria for
2  reconsideration are satisfied. *Supra* pp. 5-6. Regardless, Apple's motion easily satisfies
3  Local Rule 7-18's criteria for reconsideration. Plaintiffs did not ███████████
4  ███████████████████████████████████████████████████████████████
5  until two weeks after this Court's ruling, meaning that the details of Plaintiffs'
6  supplemental response to Apple Interrogatory No. 10 are "new material facts …
7  occurring after the Order was entered." *See* Local Rule 7-18(b); *see also Hamid v. Nike*
8  *Retail Services, Inc*, 2018 WL 1684316, at *4 (C.D. Cal. April 6, 2018) (granting motion
9  for reconsideration under L.R. 7-18 based on interrogatory responses received after
10 original order issued). Alternatively, because Plaintiffs' briefing ███████████
11 ███████████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████
13 ██, *see supra* p. 3—Plaintiffs' later supplementation represented a "material difference
14 in fact … from that presented to the Court" that Apple could not have learned via the
15 exercise of reasonable diligence. Local Rule 7-18(a).
16     The same basic considerations satisfy Local Rule 7-18's required showing of good
17 cause for motions filed more than fourteen days after the original ruling. Plaintiffs did
18 not serve their supplemental response until 8:35pm on the fourteenth day after this
19 Court's ruling. *See supra* pp. 4-5. Accordingly, there was no practical way for Apple
20 to file a motion for reconsideration within two weeks—particularly given Local Rule 7-
21 3's requirement that the parties meet and confer seven days prior to filing a motion. *See*
22 *supra* pp. 4-6. Indeed, Plaintiffs' apparent position that ███████████████ in the
23 supplemental response ███████████████ was not clear until several weeks
24 after they served that response. *See supra* p. 5.

1 ███
2 ███
3 ███
4 ███

5    Plaintiffs previously represented to this Court that adding the phrase ███
6 ███ that ███
7 ███
8 ███ Dkt. 647-1 at 3-4.  This Court
9 should hold Plaintiffs to their word.  Plaintiffs' subsequent supplemental response to
10 Interrogatory 10—███
11 ███—is an attempt to exploit the Court's ruling to
12 expand the case far beyond what Plaintiffs assured the Court was their intent.

13    The sole ███ that Plaintiffs cited to show that their amendment was
14 both consistent with past practice and not prejudicial to Apple was the ███
15 ███ Dkt. 647-1 at 4.  Apple's opposition brief expressed concern
16 that Plaintiffs had previously refused to identify "which … ███
17 ███ and were "strategic[ally] … using broad language to
18 maintain maximum flexibility going forward." Dkt. 650-2 at 4 n.4.  Plaintiffs' reply,
19 however, assured this Court that it ███
20 ███ and that, accordingly, ███
21 ███ Dkt.
22 647-5 at 3.  Although Plaintiffs advanced other arguments for why they believed ███
23 ███ this Court's ruling rested solely on the ground
24 that ███
25 ███ Dkt. 699 at 5-6.

26    The clear implication of Plaintiffs' representations was that the ███
27 ███
28

APPLE'S MEMO ISO MOT. TO CLARIFY OR RECONSIDER ORDER REGARDING TS DISCLOSURE (DKT. 669)

Wilmer Cutler Pickering Hale and Dorr LLP

8    CASE NO. 8:20-cv-00048-JVS (JDEx)

██████ Twice—in opening and again in reply—Plaintiffs relied on ████████████████████████████████████████

██████ Even after Apple's opposition argued that it would suffer prejudice if Plaintiffs later took a very broad reading of ████████████ Plaintiffs argued that Apple's concerns about its failure to identify specific applications were misplaced precisely because Plaintiffs ████████████████████████████████. Plaintiffs' silence in their briefing is particularly notable because—at that time—limited discovery had already been permitted regarding ████████████████████████████████████████████████████████████ *See* Dkt. 539 at 6-7; Dkt. 580 at 5; Dkt. 635 at 4-5.

This Court's ruling appears to have anticipated the possibility of a bait-and-switch by Plaintiffs in that it required Plaintiffs to identify ████████████████████████████████████████████████████████████████████████ However, Apple respectfully submits that Plaintiffs' ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ go well beyond what was "previously raised [before] or considered by the Court." *Universal Electronics*, 2012 WL 13028537, at *2. Many of the ████████████████ cited by Plaintiffs have little-to-no relationship with ████████████████████████████ Instead, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██████ Equally concerning, Plaintiffs have left the door open to expanding this list further, by vaguely claiming that their allegations extend to unnamed ██████

1  ████████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████  *Id.*
3        Plaintiffs' post-ruling disclosures are also troubling because they are not limited
4  to any specific ████████████████████████████████ Combined with Plaintiffs' recent
5  questions to Apple regarding whether this Court's Order narrows the scope of ████
6  █████████ *see supra* p. 5, it appears that Plaintiffs are preparing to argue that all
7  those trade secrets are also implemented by, for example, ████████████████████
8  ████████████  While this Court expressly declined to rule on the scope of ████
9  (because Plaintiffs had failed to brief the issue, Dkt. 669 at 6 n.3), Apple does not see
10 any principled way to read this Court's explanation for why the term ██████████
11 █████████████████████████████████████████████████████████████████
12 Accordingly, leaving this Court's ruling in place means permitting Plaintiffs to expand
13 the scope of ████████████████████████████████████ "'at this late
14 stage in the litigation'"—precisely what the Order was trying to avoid. *Id.* at 6.
15                              **V.   CONCLUSION**
16        Apple respectfully requests that the Court modify its Order (Dkt. 669) to narrow
17 the ███████████████ at issue ██████████████████████████████████████
18 █████████████████████████████████████████████████████████████████
19 █████████████████████████████████████████████████████████████████
20 ██████████████████████████████████████

| | | |
|---|---|---|
| 2 | Dated: June 13, 2022 | Respectfully submitted, |

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

JOSHUA H. LERNER
MARK D. SELWYN
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*