Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299725)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONFIRMATION THAT PATENT STAY HAS ENDED**<br><br>Hon. James V. Selna<br><br>Date: June 27, 2022<br>Time: 1:30 p.m.<br>Ctrm: 10C |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................................1

II. THE COURT SHOULD CONFIRM THE STAY WAS LIFTED .................2

    A. Apple Moved For A Stay Pending Proceedings At The PTAB Only ...................................................................................................2

    B. The Case Can Proceed To Trial On Schedule ......................................4

III. THE COURT SHOULD DENY APPLE'S REQUEST FOR A NEW STAY ...............................................................................................................7

    A. Apple's Request Is Procedurally Deficient............................................8

    B. Apple Has Not Established The Requirements For Obtaining A Stay .......................................................................................................8

        1. Legal Standards For A Stay .......................................................8

        2. The Stage Of The Proceedings Weighs Against A Stay ............9

        3. A Stay Is Unlikely To Simplify The Case ...............................10

        4. A Stay Would Prejudice And Tactically Disadvantage Plaintiffs ...................................................................................13

        5. Totality of the Circumstances ...................................................15

IV. CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

Page No(s).

*AgroFresh Inc. v. Essentiv LLC*,
   2019 WL 2327654 (D. Del. May 31, 2019) .................................................... 12

*Baxter Healthcare Corp. v. Becton, Dickinson & Co.*,
   2021 WL 22553 (S.D. Cal. Jan. 4, 2021) ........................................................ 12

*Biomet Biologics, LLC v. Bio Rich Med., Inc.*,
   2011 WL 4448972 (C.D. Cal. Sept. 26, 2011) ............................................... 13

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
   2016 WL 7507760 (C.D. Cal. Sept. 12, 2016) ............................................... 11

*DivX, LLC v. Netflix, Inc.*,
   2022 WL 1208167 (C.D. Cal. Mar. 29, 2022) ........................................... 9, 12

*Elms 3DS Innovations, LLC v. Samsung Elecs. Co.*,
   2018 WL 1061370 (D. Del. Feb. 26, 2018) ................................................... 11

*Feltzs v. Cox Commc'ns Cal., LLC*,
   2022 WL 401807 (C.D. Cal. Jan. 21, 2022) ..................................................... 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) ........................................................................ 3

*Guthrie v. Hurwitz*,
   2018 WL 4005261 (E.D. Cal. Aug. 20, 2018) ................................................. 8

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ....................................................................................... 11

*Nike, Inc. v. Skechers U.S.A., Inc.*,
   2021 WL 4925447 (C.D. Cal. June 30, 2021) ................................................. 3

*Otto Bock HealthCare LP v. Ossur*
   2013 WL 12313020 (C.D. Cal. Dec. 16, 2013) .......................................... 8, 13

*Oyster Optics, LLC v. Ciena Corp.*,
   2019 WL 4729468 (N.D. Cal. Sept. 23, 2019) ..................................... 9, 14, 15

*In re Papst Licensing GmbH & Co. KG Pat. Litig.*,
   320 F. Supp. 3d 132 (D.D.C. 2018) ............................................................... 12

*Polymer Techs., Inc. v. Bridwell*,
   103 F.3d 970 (Fed. Cir. 1996) ....................................................................... 13

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Realtime Data LLC v. Silver Peak Sys., Inc.*,
  2018 WL 3744223 (N.D. Cal. Aug. 7, 2018) .................................................. 12

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom LLC*,
  2017 WL 6939167 (N.D. Cal. Mar. 16, 2016) ................................................ 12

*Speakware Inc. v. Microsoft Corp.*,
  2019 WL 1878350 (C.D. Cal. Feb. 21, 2019) ................................................... 8

*Toshiba Tec Corp. v. Katun Corp.*,
  2016 WL 9137646 (C.D. Cal. Sept. 21, 2016) ................................................ 13

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013) ..................................................... 8, 13

*Walker v. Life Ins. Co. Of the Sw.*,
  2018 WL 5892163 (C.D. Cal. Oct. 22, 2018) ................................................... 8

## OTHER AUTHORITIES

35 U.S.C. § 318 ............................................................................................................. 3

Rule 26 ........................................................................................................................... 6

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo"), respectfully submit this reply in support of their motion to confirm that the patent stay is no longer in effect for U.S. Patent Nos. 8,457,703 and 10,433,776.

## I. INTRODUCTION

Apple does not dispute that it told the Court it was moving for a "short" "one year" stay at the "PTAB"—not a multi-year stay including appeals to the Federal Circuit. Nor does Apple dispute that the Court cited such representations in granting the stay. Apple instead tries to retroactively change its requested relief by recharacterizing its use of the term "final disposition." According to Apple, it included Federal Circuit appeals by requesting a stay "pending final disposition of Apple's petitions for Inter Partes Review . . . ." But Apple cropped that quote to omit that its sentence ended with "***before the Patent Trials and Appeals Board***." Thus, Apple's stay motion made very clear that Apple requested a stay through the final decision at the PTAB—not the Federal Circuit.

Apparently recognizing the weakness of its argument, Apple devotes most of its brief to arguing in favor a *new* stay through appeal. Apple cannot seek new relief in an opposition. Regardless, such a motion would lack merit. Since the last stay, the parties have exchanged significant discovery that is also relevant to the "low power" patents that the PTAB confirmed. The same type of statistics that Apple and the Court relied on to support the prior stay (because patent challengers have a high rate of success at the PTAB) now confirm a stay is inappropriate (because the Federal Circuit affirms the overwhelming majority of IPR appeals). Masimo would also be severely prejudiced by a new stay as Apple is now flooding the market with pulse oximetry products that compete with Masimo.

Accordingly, the Court should confirm the stay has been lifted and reject Apple's procedurally improper and substantively unsupported request in its opposition for a new stay pending appeal.

/ / /

-1-

## II. THE COURT SHOULD CONFIRM THE STAY WAS LIFTED

### A. Apple Moved For A Stay Pending Proceedings At The PTAB Only

Apple repeatedly stated it sought a stay pending the "short" proceedings at the PTAB—not the Federal Circuit. For example, Apple argued:

- The "PTAB proceedings" would simplify this case. Dkt. 196-1 at 11.[1]
- Simplification was likely because the "PTAB has instituted review" on "66%" of relevant petitions and "80% of the PTAB's Final Written Decisions" cancel claims. *Id.* at 12.
- "The shortened timeline of IPR proceedings also ensures that any stay granted by the Court will be relatively short, which reduces the likelihood of undue prejudice or tactical disadvantage to Plaintiffs." *Id.* at 17.
- The "PTAB's Final Written Decisions" would issue by "March 2022, before the scheduled trial date in this action (April 5, 2022)." *Id.* at 6.
- The "one-year timeline for IPR proceedings" was "not enough" to constitute prejudice to Masimo. *Id.* at 18.
- "The patent infringement case can easily be restarted should [Masimo] prevail in the PTAB." *Id.* at 2.

Apple also distinguished Masimo's cited authorities by relying on the expected completion of the PTAB proceedings in early 2022—not resolution of the inevitable appeals. Apple contrasted stays in those cases that lasted years because "the PTAB will, by statute, decide all of Apple's IPR petitions before trial commences in this case in April, 2022." Dkt. 213-1 at 7 n.3. Similarly, Apple dismissed Masimo's concerns that the PTAB proceedings could last until September 2022 because "such extensions are extremely rare." *Id.* at 10 n.4. Apple cannot credibly argue now that its prior arguments for a stay until March of 2022 were actually arguments for a stay into 2023 or 2024.

---

[1] Unless noted otherwise, all emphasis is added. Numbered exhibits are attached to the Powell Declaration (Dkt. 737, 745-1) or Supplemental Powell Declaration (submitted herewith). Lettered exhibits are attached to the Passamaneck Declaration (Dkt. 753-1).

Apple ignores these facts and claims its request included appeals to the Federal Circuit because Apple moved for a stay "pending ***final disposition*** of Apple's petitions for *Inter Partes* Review. . . ." Mot. at 1 (emphasis in original) (citing Dkt. 196-1 at 1). As discussed, however, Apple cropped the critical end of its sentence. Apple moved for a stay "pending final disposition of Apple's petitions for Inter Partes Review ('IPR') challenging all asserted claims of the twelve asserted patents ***before the Patent Trial and Appeal Board ('PTAB')***." Dkt. 196-1 at 1.

Apple then stretches further by arguing its reference to "final disposition" before the PTAB meant appeals to the Federal Circuit because "the Patent Office's ruling on an IPR petition is not final until 'the time for appeal has expired or any appeal has terminated.'" Opp. at 4. As support, Apple relies on a statute that sets the timing for publishing a formal "certificate" identifying claims that were canceled, confirmed, or amended. 35 U.S.C. § 318(b). Apple also includes a "*cf.*" cite to an irrelevant collateral estoppel case. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1335 (Fed. Cir. 2013). Finally, in a footnote, Apple claims that *Nike, Inc. v. Skechers U.S.A., Inc.*, 2021 WL 4925447, at *10 (C.D. Cal. June 30, 2021) "explained" that a stay pending "final exhaustion" of IPR proceedings included appeals. Opp. at 4 n.2. But Apple cited the court's summary of the parties' arguments in that case—not the court's holding. *Nike*, 2021 WL 4925447, at *10. The court refused to extend the stay through appeal. *Id.* Regardless, Apple's new argument cannot be squared with Apple's arguments in favor of the stay, which asserted the stay would be resolved before trial by "March 2022." Dkt. 196-1 at 6. Apple made abundantly clear that it requested a stay pending a final decision at the PTAB.

Apple next dismisses all of its prior representations about the "short" "one year" proceedings at the "PTAB" as supposedly showing only "Apple's optimism" that it would prevail on all claims at the PTAB. Opp. at 4. That is not what Apple said at the time, presumably because it would have undermined Apple's entire request for a stay. Instead, Apple argued a stay was appropriate even though Masimo was likely to prevail

on some issues. For example, Apple argued, "even if some claims survive, by definition the case will be narrower, as Apple's invalidity challenges will have been substantially narrowed." Dkt. 196-1 at 11; *see also* Dkt. 213-1 at 13 (arguing if "any of the patent claims survive," estoppel will "streamlin[e] and focus[] any case that remains"); *id.* at 14 (arguing a stay would simplify the case "even if the PTAB were to deny institution"). Apple even promised "[t]he patent infringement case can ***easily be restarted*** should [Masimo] prevail in the PTAB." Dkt. 196-1 at 2. Nothing supports Apple's assertion that its prior representations applied only if Apple won at the PTAB.

Finally, Apple argues its proposed order mentioned appeals and the Court granted Apple's request "without qualification." Opp. at 3-4. But Apple cites nothing in the Court's Order to support that argument. Far from granting Apple's request without qualification, the Court wrote a detailed nine-page Order. Dkt. 220. The Court's Order identified the relief at issue as "a stay pending a determination by the Patent Trial and Appeal Board ('PTAB') of [Apple's] IPR petitions." Dkt. 220 at 2. In granting that relief, the Court cited to Apple's arguments about the proceedings ending before trial. *Id.* at 4 ("A final IPR determination is expected by March 2021 [*sic* – 2022], a month before trial is set"); *id.* at 4 n.6 (rejecting Masimo's concerns about extensions at the PTAB because "there is a 96.2% chance that the written decision will be issued prior to the date for which [the] jury trial is set"). Apple does not support its argument that the Court necessarily granted relief buried in a proposed order that the Court did not sign.[2]

**B.    The Case Can Proceed To Trial On Schedule**

Apple also fails to rebut Masimo's showing that the "low power" patents can proceed to trial on schedule with the other pending claims. While the patent case was stayed, the parties took extensive discovery on the non-stayed claims that is also relevant

---

[2] Masimo cited cases for the uncontroversial point that courts need not grant unsupported requests in proposed orders. Mot. at 4. Apple attempts to distinguish the facts of those cases and blames Masimo for not previously addressing Apple's new interpretation. Opp. at 5. Apple does not explain why Masimo should have rebutted an interpretation that Apple did not offer and that is contrary to the arguments Apple actually made.

to the "low power" patents. *See* Mot. at 5-8. Masimo explained—and Apple does not contest—that both the patent claims and the trade secret claims concern pulse rate and oxygen saturation calculations. *Id.* at 5-6. As a result, the parties have taken extensive discovery on each other's pulse rate and pulse oximetry products. *Id.* at 6. Such products include the Apple Watch products accused of infringing the "low power" patents and Masimo products that compete with those products. *Id.* Discovery covered those products' "algorithms, hardware configurations, marketing, and sales." *Id.*

Apple does not contest any of these assertions. Nor does Apple argue it needs additional discovery to defend itself. Instead, Apple confusingly argues Masimo must need more discovery. Opp. at 9 ("Plaintiffs will have to take discovery into each claim element to prove their case."). But Masimo explained it does not "need much, if any, additional written discovery." Mot. at 8. Because Apple does not assert that it needs additional discovery, Masimo bears the risk in proceeding to trial. If Apple truly believed that Masimo lacked sufficient evidence to prove infringement, Apple would presumably be thrilled to have Masimo proceed to trial on those claims now.

Apple also inaccurately characterizes Masimo as asserting " ▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊" Opp. at 9. That was not Masimo's argument. Masimo argued that discovery overlapped because both the patent and trade secret claims concern pulse rate and pulse oximetry. Mot at 5-6. ▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊ *Id.* at 7.[3] Apple does not attempt to show otherwise.

Apple also asserts Masimo's argument about overlap is "inconsistent" with its prior argument that the "patent case is independent of the trade secret case." Opp. at 8

---

[3] Apple argues ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

(citing Ex. 6 at 16). Masimo had argued the patent claims were not "factually dependent on the trade secret claims" such that they were not stayed pending compliance with trade-secret disclosure requirements. Ex. 6 at 16. Masimo never asserted discovery would not overlap. The Court expressly noted the potential overlap, and ordered Apple to provide patent documents "now, notwithstanding the fact that they may overlap the trade secrets case." *Id.* at 12.[4]

Apple next argues that "adding" the "low power" patents ten months before trial would "wreak havoc" on the schedule because some interim dates have passed. Opp. at 11. But Apple never says how much additional time it believes would be necessary to proceed to trial. Apple's argument is also inconsistent with its prior positions. In June 2021, when the parties had not begun producing ESI discovery and had taken no depositions, Apple asserted the parties could complete ***all discovery*** in ten weeks. *See* Dkt. 426 at 1. Although Apple's overly optimistic predictions proved to be false, discovery is now far more advanced. Apple should have specifically identified what discovery it thinks cannot be completed and the specific time it thinks would be required, so the court could meaningfully address the issue.

Apple also claims Masimo's proposal for patent dates is "wildly optimistic" because the parties previously agreed in the original Rule 26(f) report that more time was necessary for claim construction. Opp. at 12 (citing Dkt. 33). But that was when the case included twelve patents instead of two, before any discovery took place, and before Apple's defenses were severely limited by IPR estoppel. Indeed, Apple itself argued that IPR proceedings will simplify the proceedings both through estoppel and informing claim construction. Dkt. 196-1 at 11.

///

---

[4] Apple asserts its representations about overlapping discovery are irrelevant because estoppel does not apply. Opp. at 8 n.6. Masimo did not argue estoppel. It cited Apple's factual representations about overlapping discovery. Mot. at 7-8. The Court's rejection of Apple's legal arguments does not change Apple's factual representations.

Apple also fails to rebut Masimo's assertion that the recent ITC investigation between the same parties confirms the parties can proceed to trial by March 2023. In the ITC, the parties prepared for a trial on five patents, from start to finish with no prior discovery, in ten months. *See* Powell Decl. ¶ 11. Apple responds with the irrelevant observation that the ITC's original schedule set that timing. Opp. at 11. This case is not starting from scratch, so crafting a schedule that gets these two patents to trial in ten months should be reasonable. Apple also argues the ITC did not involve trade secret and patent inventorship/ownership claims. *Id.* That is true, but the parties have been conducting discovery on those claims for the past two-and-a-half years. Moreover, the parties were able to litigate the ITC case in parallel with this case and the *True Wearables* case. Nothing suggests that Apple (and its four law firms who made appearances in this case) lack the resources to prepare for trial on two related patents in ten months.

Immediately after accusing Masimo of proposing a schedule that was too quick, Apple accuses Masimo of trying to "lay the groundwork for more even [*sic*] delay in this already protracted lawsuit." Opp. at 12. Apple never explains why Masimo—the plaintiff—would want delay. Masimo has been doing everything it can to move its case forward in the face of Apple's roadblocks. *See* Dkt. 557 (explaining Masimo's efforts at the time included hundreds of correspondence, dozens of meet and confers, and fourteen motions to compel). However, Masimo would agree to a short continuance if Apple establishes it actually needs more time to prepare for trial.

Accordingly, Masimo respectfully requests the Court confirm the stay has been lifted for the "low power" patents.

### III. THE COURT SHOULD DENY APPLE'S REQUEST FOR A NEW STAY

Apple appears to recognize its arguments about the existing stay lack merit because it dedicates most of its brief to requesting a ***new*** stay through appeal. Apple's new request is procedurally and substantively deficient.

/ / /

## A. Apple's Request Is Procedurally Deficient

Apple's request is improper because Apple never filed a motion requesting such relief and cannot do so in its opposition. *Walker v. Life Ins. Co. Of the Sw.*, 2018 WL 5892163, at *4 (C.D. Cal. Oct. 22, 2018) (rejecting opposition's request for relief because the party "must file its own properly noticed motion"); *Guthrie v. Hurwitz*, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (finding the court could not consider a request for leave to amend made in response to a motion to strike). That alone is reason enough to deny Apple's request for a new stay.

## B. Apple Has Not Established The Requirements For Obtaining A Stay

As a preliminary matter, Apple attempts to prevent Masimo from responding on the merits by asserting the Court should not consider Masimo's arguments against a stay because they were not in Masimo's opening brief. Opp. at 7. Masimo's opening brief did not present arguments against a stay pending appeal because there is no motion for a stay pending appeal. Masimo properly replies below to a new request that Apple made in its opposition. *See Feltzs v. Cox Commc'ns Cal., LLC*, 2022 WL 401807, at *2 (C.D. Cal. Jan. 21, 2022). As discussed below, Apple's new request lacks merit.

### 1. Legal Standards For A Stay

"The party seeking a stay bears the burden of showing that a stay is warranted." *Otto Bock HealthCare LP v. Ossur hf*, 2013 WL 12313020, at *2-3 (C.D. Cal. Dec. 16, 2013) (denying motion to stay). "[C]ourts in this district typically consider three factors: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *Speakware Inc. v. Microsoft Corp.*, 2019 WL 1878350, at *2 (C.D. Cal. Feb. 21, 2019) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). These factors are "not exhaustive" as the decision "must be based on the totality of circumstances." *Id.* (internal quotations omitted). Each factor weighs against Apple's requested stay.

## 2. The Stage Of The Proceedings Weighs Against A Stay

Apple argues the stage of proceedings weighs in favor of a stay even though it admits its own cited authority found this factor neutral because "the proceedings cannot meaningfully progress while the stay remains in place." Opp. at 8 n.5 (citing *DivX, LLC v. Netflix, Inc.*, 2022 WL 1208167, at *3-4 (C.D. Cal. Mar. 29, 2022)). Apple states (without explanation) that it "disagrees" with *DivX*, but ignores that *DivX* analyzed competing cases and explained that the factor cannot weigh in favor of a stay "because otherwise the justification for maintaining the stays—based on the lack of progress in the cases due to the stays themselves—would be circular." *DivX*, 2022 WL 1208167, at *3; *see also Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019) ("the existence of a stay, on its own, does not justify its perpetuation"). As a result, this factor is at most neutral and cannot support Apple's request.

However, this case presents facts that cause this factor to weigh against a stay. Despite the patent case being stayed, the parties have made substantial progress on discovery that overlaps with the patent case. The Court found the prior stay appropriate because, while the parties had produced "approximately 150,000 pages of discovery [citation], these numbers do not weigh heavily when compared to the substantial amount of work in the months of discovery ahead." Dkt. 220 at 4. The parties have now produced over seven million pages of documents (almost 5 million from Masimo and about 2.5 million from Apple). That is about fifty times greater than before the first stay. Thus, Apple is wrong when it argues the case "has been frozen at the same early stage it was when the Court first entered the stay." Opp. at 7 (quotation omitted).

Apple does not seriously dispute that these large productions include substantial documents that are also relevant to the "low power" patents. Apple does not dispute the parties took discovery on each other's pulse rate and pulse oximetry products. *See* Mot. at 6. Nor does Apple dispute that the parties took discovery on such products' "algorithms, hardware configurations, marketing, and sales." *See id.* Indeed, as discussed, Apple appears to agree that it does not need more discovery.

Unable to deny that the parties have made substantial progress, Apple attempts to use its own delay to justify a stay. In particular, Apple argues there are now "just weeks" left in discovery. Opp. at 1. The "just weeks" referenced by Apple is actually almost *ten* weeks. Moreover, Apple acknowledges Masimo raised this issue a month earlier on May 10. *Id*. at 2-3. Apple argues the dispute could have been resolved sooner if the parties submitted a joint statement, but does not deny that Apple's argumentative edits to the joint statement prompted full briefing. Apple also acknowledges that Masimo asked Apple to agree to expedited briefing. Ex. A. Apple declined, asserting it somehow needed two weeks—double the standard amount of time—to respond to Masimo's short nine-page opening brief. *Id*.[5]

The caselaw explains this factor is, at most, neutral. In these circumstances, however, the parties have made substantial progress in discovery since the Court issued the original stay. As a result, this factor weighs against a stay.

### 3. A Stay Is Unlikely To Simplify The Case

Apple also fails to show that a stay pending appeal is likely to simplify the case. Apple argues the Court found "simplification is likely" when a defendant is "actively involved" in IPR proceedings. Mot. at 10 (quoting Dkt. 220 at 5). Apple omits the rest of the Court's explanation: simplification was likely because only 20% of final written decisions at the PTAB confirmed the patentability of all claims. Dkt. 220 at 5; *see also* Dkt. 196-1 at 12 (Apple arguing 80% of PTAB decisions cancel some or all claims).

The same statistics now demonstrate that simplification is unlikely because the Federal Circuit affirms IPR decisions issued by the PTAB over 80% of the time. Ex. 7. Masimo could not locate affirmance rates broken down by result at the PTAB, but one would expect affirmance rates to be even higher in relatively rare cases, like this case,

---

[5] Apple accuses Masimo of "sandbag[ing]" by "pretending" to work on a joint filing while preparing this Motion. Opp. at 3 n.1. Apple is wrong. Masimo prepared its short opening brief over a weekend after receiving Apple's argumentative edits to the joint statement, and filed its motion that Monday. Suppl. Powell Decl. ¶ 2.

-10-

where the PTAB confirms all claims.  Thus, the statistics the Court found supported the prior stay now demonstrate the opposite.  Other courts have relied on similar statistics to decline to extend stays pending appeal.  *See, e.g.*, *Elms 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2018 WL 1061370, at *2-3 (D. Del. Feb. 26, 2018) (finding appeal was unlikely to simplify issues because the "odds" of reversal were low).[6]

      In a footnote, Apple argues it would be improper to rely on statistical evidence because statistics do not show the same result would occur here.  Opp. at 11 n.8.  As discussed, Apple argued the opposite to support the stay.  *See* Dkt. 196-1 at 10-12 (relying extensively on statistical evidence).  When Masimo criticized Apple's use of statistics, Apple argued the use of statistics was proper to show the "probability" of simplification.  Dkt. 213-1 at 15.  The Court cited Apple's statistics in concluding that simplification was likely.  Dkt. 220 at 5.  Having obtained its stay by relying on statistical evidence, Apple cannot now argue it would be improper to rely on statistical evidence.  *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (prohibiting a party who succeeded in maintaining one position from taking a contrary position).

      Apple also argues a stay might simplify issues "[i]f" Apple prevails on appeal.  Opp. at 10; *see also id.* at 11 (arguing Masimo ignored "the possibility that the Patent Office could be reversed on appeal").  Such speculation does not meet Apple's burden to show simplification is likely.  Moreover, Apple argued such a generic assertion is inappropriate because it "likely applies in all stay motions, and thus proves too much."  Dkt. 213-1 at 11 (quoting *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016).  Apple's position is inappropriate because it similarly would apply to any situation in which a defendant sought to appeal.

/ / /

---

[6] Apple argues *Elms* is irrelevant because the defendant did not appeal all decisions.  Opp. at 5.  But Apple omits the next paragraph, which explained the stay "no longer ma[de] good sense" even for the "11 patents-in-suit that *[were]* the subject of the appeal" because the Federal Circuit was unlikely to reverse.  *Elms*, 2018 WL 1061370, at *3.

Apple next argues the Court should stay all patent claims pending appeal to eliminate the need for "multiple trials." *See* Opp. at 10-11. Apple's arguments and cited cases do not apply because the "low power" patents here would be added to an existing trial. Thus, granting Apple's request for a new stay actually has the potential to increase—not decrease—the number of trials the Court will need to conduct. Barring appeals, granting Apple's request for a stay would necessarily result in two trials: one on trade secrets now and a second on the low power patents later. In contrast, denying Apple's request would result in a single trial under the current status.[7]

Apple's cited cases are also distinguishable for other reasons. In one, the plaintiff ***agreed*** to a motion that expressly "conditioned the stay on the resolution of any appeal." *Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, 2021 WL 22553, at *4 (S.D. Cal. Jan. 4, 2021). In three other cases, the parties were not competitors and/or the plaintiff did not seek injunctive relief. *See DivX*, 2022 WL 1208167, at *5; *Realtime Data LLC v. Silver Peak Sys., Inc.*, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018); *In re Papst Licensing GmbH & Co. KG Pat. Litig.*, 320 F. Supp. 3d 132, 139 (D.D.C. 2018). The other two cases are even further afield because they addressed requests to proceed to trial on patents even though the PTAB found all claims ***unpatentable***. *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 2327654, at *2 (D. Del. May 31, 2019) (finding "if the Federal Circuit upholds the PTAB decision, there will be no valid claims"); *Robert Bosch Healthcare Sys., Inc. v. Cardiocom LLC*, 2017 WL 6939167, at *2 (N.D. Cal. Mar. 16, 2016) (finding "if the PTO maintains its current position, Bosch will have no claim for infringement whatsoever"). No such facts exist here.

Accordingly, the statistical evidence that Apple and the Court relied on when there was an 80% chance of cancelling some claims now demonstrates at least an 80% chance

---

[7] The Federal Circuit appeals could change the current status. If Masimo prevails on its appeals, some or all of the other patents could be the subject of a second trial. A single trial under Apple's proposal is possible only if Apple prevails on ***all*** appeals brought by ***both*** Masimo and Apple. Apple's argument that "multiple trials" is necessary demonstrates that Apple believes Masimo's appeals will succeed.

-12-

of affirmance. Apple's speculation that a stay *might* simplify issues does not show simplification is *likely*. This factor weighs heavily against a stay.

### 4. A Stay Would Prejudice And Tactically Disadvantage Plaintiffs

The Federal Circuit has explained that "[c]ompetitors change the marketplace. Years after infringement has begun, it may be impossible to restore a patentee's (or an exclusive licensee's) exclusive position by an award of damages and a permanent injunction. Customers may have established relationships with infringers." *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996). Thus, "when parties to litigation are direct competitors" courts "presume that a stay will prejudice the non-movant[.]" *Otto Bock*, 2013 WL 12313020, at *3. Courts deny motions to stay in such circumstances. *Id.*; *Universal Elecs.*, 943 F. Supp. 2d at 1033-34 ("infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages"); *Toshiba Tec Corp. v. Katun Corp.*, 2016 WL 9137646, at *4 (C.D. Cal. Sept. 21, 2016) (courts "regularly find this factor weighs strongly against granting a stay where the parties are direct competitors"); *Biomet Biologics, LLC v. Bio Rich Med., Inc.*, 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011).

Apple's brief suggests that nothing has changed since the Court granted the original stay. That is not correct. At the time, Apple had only recently *announced* it would begin selling pulse oximetry products. See Dkt. 209-1 at 1. Apple has now been flooding the market with its pulse oximetry products for twenty months. Moreover, the Court previously concluded that Masimo would suffer no prejudice because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 220 at 6 n.8. Masimo is now in the second phase of release, known as limited market release, for that product. Ex. 8.

Masimo has also long sold many consumer pulse oximetry products (e.g., MightySAT, iSpO2, Masimo Sleep). Apple previously argued those products do not compete with the Apple Watch because they have "fingertip sensor[s]" and the Apple Watch had other features. Dkt. 217 at 19. Apple claimed that treating such products as

-13-

1   competitors was "akin to saying a flashlight competes with a car (with headlights)
2   because they both provide light." *Id.* at 20.  Apple has since produced documents in
3   discovery showing its does not believe those assertions.

4   ████████████████████████████████████████████████████
5   ████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████
9   ████████████████████████████████████████████████████
10  ████████████████████████████████████████████████████
11  ████████████████████████████████████████████████████
12  ██████████████████████████████
13       ████████████████████
14  ████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████
18  ████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████
20  ████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████
23  ████████████████████████████████████████████████████
24  ████████████████████

25       Moreover, the prejudice of maintaining a stay pending appeal is inherently higher
26  than a stay only at the PTAB.  While "the PTAB must complete an IPR by a statutorily-
27  imposed deadline," the Federal Circuit "has no such deadline" so "there is no clearly
28  defined endpoint to a continued stay" pending appeal.  *Oyster Optics*, 2019 WL

4729468, at *4 (finding prejudice even though plaintiff identified nothing other than "prejudice inherent in any stay"). Here, Masimo's prejudice is particularly acute due to the combination of an open-ended Federal Circuit appeal and the parties becoming closer competitors by the day.

Accordingly, the evidence of competition is much stronger now than it was when Apple originally moved to stay. While the Court previously found this factor weighed "slightly against" a stay, it now weighs heavily against a stay.

### 5. Totality of the Circumstances

The Court previously granted a stay because "two of the three factors weigh in favor of granting a stay, whereas the third weighs slightly in favor of denying a stay." Dkt. 220 at 8. As discussed, all three factors now weigh against a stay. Apple's request for a new stay pending appeal lacks merit and should be denied.

### IV. CONCLUSION

Masimo respectfully requests the Court confirm that the patent stay on the "low power" patents has ended. Masimo requests the Court decline to consider or deny Apple's new request for a stay. Masimo would welcome a status conference with the Court to discuss a schedule on patent dates.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 13, 2022   By: /s/ *Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

-15-