Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 9 OF SPECIAL MASTER ON TWO DISCOVERY DISPUTES** |

This Discovery Order No. 9 of the Special Master addresses two pending discovery disputes.

First, on March 1, 2022, Apple moved to compel Masimo Corporation and Cercacor Laboratories, Inc. (together, "Plaintiffs") to further produce documents and things in response to Apple's Requests for Production Nos. 346–354. ("Product RFP Mot.") Apple states, "[t]hese RFPs seek discovery related to Plaintiffs' products or planned products, including prototypes, that measure or are intended to measure physiological parameters." (*Id.* at 1.) Plaintiffs opposed the motion on March 8, 2022 ("Product RFP Opp'n") and Apple filed a reply letter brief on March 15, 2022 ("Product RFP Reply"). The Special Master considered the parties' March 1, 2022 dispute in Discovery Order No. 8 and deferred ruling, pending additional actions to be taken by the parties. On April 15, 2022, Apple timely submitted the exact language of its proposed narrowed versions of

each of the disputed RFPs. (In that filing, Apple also withdrew its RFPs Nos. 352 and 354.) On April 22, 2022, Plaintiffs timely submitted its maintained written objections to each of the narrowed RFPs.

Second, on March 30, 2022, Apple moved to compel Plaintiffs to "produce and/or provide for inspection documents and things responsive to Apple's Request for Production ("RFP") Nos. 358–375. ("W1 RFP Mot.")  Apple states, "[t]hose requests seek discovery related to Plaintiffs' 'Masimo W1' watch, which Plaintiffs have apparently been developing and recently publicly announced." (*Id.* at 1.) Plaintiffs opposed the motion on April 6 ("W1 RFP Opp'n") and Apple filed a reply on April 13 ("W1 RFP Reply").

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on April 29, 2022. Before the hearing, the parties were provided with a tentative R&R relating to the two disputes. The hearing was reported by Deborah J. Slinn, CSR No. 7918.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Apple's March 1, 2022 Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated herein.
- Apple's March 30, 2022 Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated herein.

1. **APPLE'S MARCH 1, 2022 MOTION TO COMPEL PRODUCTION IN RESPONSE TO RFPS CONCERNING MASIMO'S PRODUCTS AND PROTOTYPES**

The Special Master commends counsel on their thoughtful oral argument on this motion. In particular, counsel engaged in a thorough discussion of applicable legal standards related to discovery and the nuances involved in those legal standards. The Special Master agrees that proportionality involves weighing many competing considerations, including relevance, burden, and amount in controversy. But the Special Master also agrees that sometimes, a request for

documents is simply so broad on its face that it's not necessary to review evidence of burden or other considerations.

Other competing concerns were presented, and all have been considered. One of those competing concerns relates to the "competing products" phrase appearing in all of the disputed RFPs, which states, "Your prior, current, or future Wrist-Worn Products, and/or products that Plaintiffs contend compete with or will compete with Apple Watch." In resolving this motion, the Special Master finds that Apple has adequately defined the term "Wrist-Worn Products" in RFP No. 346, and the Special Master understands that definition to apply to each disputed RFP discussed here. The phrase "products that Plaintiffs contend compete with or will compete with Apple Watch" is also adequately defined. From the arguments presented, it is clear that the information sought relates to Plaintiffs' products that Plaintiffs intend to reference or use to support their damages claims in this case. At the hearing, Plaintiffs suggested they do not yet know which of their products will be used to support their damages claims because expert reports are not yet coming due. But Apple is reasonably entitled to know before the expert report deadline what products Plaintiffs contend compete with or will compete with Apple Watch for purposes of this case. And Apple is also entitled to discovery on those products, so long as that discovery sought is not overbroad and is proportional to the needs of this case.

The Special Master thus rules as follows.

| RFP AS MODIFIED | RULING |
| --- | --- |
| **RFP No. 346:**<br><br>Documents and Communications sufficient to show the design, development, and operation of any algorithms and/or functionality of Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes, that measure or are intended to measure Physiological Parameters. The term "Wrist-Worn Product" means products that measure physiological parameters at the wrist as well as wrist-mounted products with a finger sensor. The term "Physiological Parameters" means oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth | **DENIED.**<br><br>The phrase "design, development, and operation of any algorithms and/or functionality" is overbroad as used in this RFP. Apple has not adequately shown that the vast amount of information sought by this RFP on its face is relevant and proportional to matters in dispute, and specifically that the information |

| | |
|---|---|
| variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, and/or blood glucose. | sought is relevant to setting forth damages theories in this case. |
| **RFP No. 347:**<br><br>Documents sufficient to identify each Person involved in the design and development of any algorithms and/or functionality of Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes, that measure or are intended to measure Physiological Parameters. | GRANTED. |
| **RFP No. 348:**<br><br>Documents and Communications sufficient to identify when You began the design and/or development of any algorithms and/or functionality of Your prior, current, or future Wrist Worn Products, and/or products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes, that measure or are intended to measure Physiological Parameters. | GRANTED. |
| **RFP No. 349:**<br><br>Documents and Communications referencing, describing, providing and/or reciting Your decisions to research, design and/or develop algorithms and/or functionality of Your prior, current, or future Wrist-Worn Products, and/or products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes, that measure or are intended to measure Physiological Parameters. | DENIED.<br><br>The phrase "referencing, describing, providing and/or reciting," and particularly the word "referencing," is overbroad as used in this RFP. |
| **RFP No. 350:**<br><br>Documents or Communications referencing, describing, providing and/or reciting efforts to market Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes. | DENIED.<br><br>The phrase "referencing, describing, providing and/or reciting," and particularly the word "referencing," is overbroad as used in this RFP. This RFP also uses the phrase "efforts to market" instead of a phrase like "marketing materials," which further increases the scope of this request. Although Apple argued at the hearing that the |

4

| | |
|---|---|
| | scope of this request must be this broad in order to identify "the dog that didn't bark," this argument is not persuasive in the context of this request. |
| **RFP No. 351:**<br><br>Documents or Communications describing, providing and/or reciting sales projections for Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes. | GRANTED. |
| **RFP No. 353:**<br><br>An inspection of Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes. | GRANTED. |

## 2. APPLE'S MARCH 30, 2022 MOTION TO COMPEL PRODUCTION IN RESPONSE TO RFPS CONCERNING MASIMO'S W1 PRODUCT

Apple moves to compel discovery related to its RFPs Nos. 358–375. As the tentative ruling noted, many of the parties' arguments focused on the "mechanics" of if/how documents in the co-pending ITC case could be relied on in this case in response to these RFPs. In ruling on these RFPs, to the extent Apple's motion to compel has been granted as to a particular RFP, the Special Master will leave it up to Masimo to choose whether it might respond to the RFP in whole or in part by re-producing documents already produced in the ITC case or listing by bates number the documents in the ITC case responsive to these requests. If Masimo chooses to list bates numbers, it must be clear that it is permitting all of Apple's outside counsel in this case to view the listed documents on the basis that those ITC case documents are also responsive to these requests. No matter what Masimo chooses to do regarding documents that were also produced in the ITC case (or other documents it is already in the process of producing in this case), where Apple's motion to compel has been granted, Masimo must *fully* respond to the disputed interrogatory, including by producing any responsive documents that for whatever reason were not produced in the ITC case. The Special

5

Master does not otherwise consider the parties' disputes over cross-use of documents in these actions.

The Special Master now rules as follows.

| RFP | RULING |
|---|---|
| **RFP No. 358:**<br><br>Documents and Things relating to the research, design and/or development of the W1 Wrist Worn Monitor, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes. | **DENIED** as overbroad. |
| **RFP No. 359:**<br><br>Documents and Things relating to any component of the W1 Wrist Worn Monitor, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes. | **DENIED** as overbroad. |
| **RFP No. 360:**<br><br>Documents and Things relating to the decisions to research, design, and/or develop the W1 Wrist Worn Monitor and/or any component of Plaintiffs' W1 Wrist Worn Monitor that performs pulse oximetry and/or pulse rate. | **DENIED** as overbroad. |
| **RFP No. 361:**<br><br>Documents and Things relating to the functions of the W1 Wrist Worn Monitor, including any component of the W1 Wrist Worn Monitor that performs pulse oximetry and/or pulse rate. | **DENIED** as overbroad. |
| **RFP No. 362:**<br><br>An inspection of the W1 Wrist Worn Monitor. | **GRANTED.** |

| RFP | Description | Ruling |
|---|---|---|
| **RFP No. 363:** | An inspection of all prior versions and prototypes of the W1 Wrist Worn Monitor. | **GRANTED.** |
| **RFP No. 364:** | Documents and Things relating to Your efforts to market and publicize the W1 Wrist Worn Monitor. For avoidance of doubt, this includes Documents and Things related to efforts to advertise and sell the W1 Wrist Worn Monitor to consumers and/or end-users. | **DENIED** as overbroad. |
| **RFP No. 365:** | Documents and Things relating to sales forecasts and projections for the W1 Wrist Worn Monitor. | **GRANTED.** |
| **RFP No. 366** | Documents relating to the manufacture of the W1 Wrist Worn Monitor. | **DENIED** as overbroad. |
| **RFP No. 367** | Documents relating to the use of the W1 Wrist Worn Monitor. | **DENIED** as vague and overbroad. |
| **RFP No. 368:** | Documents relating to the sale and offer for sale of the W1 Wrist Worn Monitor. | **GRANTED.** |
| **RFP No. 369:** | Documents and Communications You submitted to or received from the U.S. Food and Drug Administration ("FDA") and/or Federal Communications Commission ("FCC") regarding the W1 Wrist Worn Monitor. For avoidance of doubt, this should include, but not be limited to, all informal Communications between You and the FDA and/or FCC. | **DENIED** as overbroad. |
| **RFP No. 370:** | | **DENIED** as overbroad. |

| | |
|---|---|
| Documents and Things relating to source code, including all prior versions, revisions, and comments, for the W1 Wrist Worn Monitor. | |
| **RFP No. 371:**<br><br>The source code, including all prior versions, revisions, and comments, for any functionality of the W1 Wrist Worn Monitor | **DENIED** as overbroad. |
| **RFP No. 372:**<br><br>Documents and/or Communications referring to or relating to the actual or potential use of any watch or wrist-worn monitor developed by Plaintiffs in connection with any clinical studies. | **DENIED** as overbroad. Moreover, despite concerns raised in the tentative ruling that RFP Nos. 372–375 are not limited to the W1 product, argument was not presented regarding these four RFPs at the hearing. |
| **RFP No. 373:**<br><br>Documents relating to any business plans and/or marketing plans relating to any watch or wrist-worn monitor developed by Plaintiffs. | **DENIED** as overbroad. Moreover, despite concerns raised in the tentative ruling that RFP Nos. 372–375 are not limited to the W1 product, argument was not presented regarding these four RFPs at the hearing. |
| **RFP No. 374:**<br><br>Communications with any hospital or institutional healthcare provider relating to any watch or wrist-worn monitor developed by Plaintiffs. | **DENIED** as overbroad. Moreover, despite concerns raised in the tentative ruling that RFP Nos. 372–375 are not limited to the W1 product, argument was not presented regarding these four RFPs at the hearing. |
| **RFP No. 375:**<br><br>Documents referring to Your efforts to obtain protection of any intellectual property embodied in or used by any watch or wrist-worn monitor developed by Plaintiffs. | **DENIED** as overbroad. Moreover, despite concerns raised in the tentative ruling that RFP Nos. 372–375 are not limited to the W1 product, argument was not presented regarding these four RFPs at the hearing. |

### 3.  CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Apple's March 1, 2022 Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated herein.
- Apple's March 30, 2022 Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated herein.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: May 11, 2022

_____
Hon. Andrew J. Guilford (Ret.)
Special Master

**JUDICATE WEST**
Alternative Dispute Resolution

*Results Beyond Dispute*℠

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

## PROOF OF SERVICE

**Masimo Corporation, et al. vs. Apple, Inc.**
**A279845**

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On May 12, 2022, I served the foregoing documents, described as:

**ORDER NO. 9 OF SPECIAL MASTER ON TWO DISCOVERY DISPUTES**

to the following parties:

**SEE ATTACHED MAILING LIST**

(X) **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

( ) **BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

( ) **BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

( ) **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

( ) **BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

( ) **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( ) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 12, 2022**, at Santa Ana, California

<u>Heidi Adams</u>
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Wednesday, May 11, 2022

**JW Case #: A279845**

*Case Caption: Masimo Corporation, et al. vs. Apple, Inc.*

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Ryan J. Moran, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: rmoran@apple.com
Representing Apple, Inc.

Natalie Pous, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: npous@apple.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.


Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.


Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.


Joshua H. Lerner, Esq.
Gibson, Dunn & Crutcher, LLP
555 Mission St.
Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200   Fax: (415) 393-8306
Email: jlerner@gibsondunn.com
Representing Apple, Inc.


Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.


H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.


Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.


Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000   Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.


Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.


Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.


Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495