Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE ) ) |
| Plaintiffs, | ) **PLAINTIFFS' APPLICATION TO** ) **FILE UNDER SEAL DOCUMENTS** ) **REGARDING PLAINTIFFS'** ) **OPPOSITION TO DEFENDANT** |
| v. | ) **APPLE INC.'S MOTION TO** ) **CLARIFY OR RECONSIDER ORDER** |
| APPLE INC., a California corporation | ) **REGARDING PLAINTIFFS'** ) **MOTION TO MODIFY TRADE** ) **SECRET DISCLOSURE (DKT. 669)** |
| Defendant. | ) ) |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Clarify or Reconsider Order Regarding Plaintiffs' Motion to Modify Trade Secret Disclosure (Dkt. 669) ("Opposition"). Masimo has provided a proposed redacted version of its Opposition. Masimo requests the Court seal Exhibits 4-9 and 11-14 to the Declaration of Adam B. Powell in their entirety and the highlighted portions of the Opposition.

## I. <u>LEGAL STANDARDS</u>

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. <u>ARGUMENT</u>

The documents that Masimo seeks to seal contain information that one or both of the parties consider confidential. Exhibits 4-5, 7-9, and 11 to the Declaration of Adam B. Powell discuss Masimo's highly confidential trade secrets and technical information. Powell Decl. ¶ 5. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with industry-leading

1   performance due, in part, to its years-long investment in its technical trade secrets.  *Id.*
2   If Masimo's trade secrets and confidential information were disclosed, Masimo's
3   competitors would reap the benefits of Masimo's large investment without the time or
4   costs incurred by Masimo.  *Id.*  Thus, Masimo would be harmed if these trade secrets
5   were disclosed.  *Id.*

6          Apple designated Exhibits 9 and 12-14 as "Highly Confidential – Attorneys' Eyes
7   Only" under the Protective Order.  *Id.* ¶ 6.  Masimo also understands that Apple
8   considers the information discussed in Exhibit 6 to be Highly Confidential.  *Id.*  Masimo
9   requests the Court seal Exhibits 6, 9, and 12-14 based on Apple's designations and
10  Masimo's understanding of Apple's position.

11         Some of the proposed redacted portions of the Opposition discuss the
12  aforementioned Exhibits and should also be sealed for the same reasons.  *Id.* ¶ 7.  Other
13  of the proposed redactions of the Opposition discuss material previously sealed by the
14  Court.  *Id.*

15         Courts seal documents where, as here, disclosure "will cause competitive harm."
16  *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial
17  process, be permitted to access Masimo's confidential information that they "could not
18  obtain anywhere else."  *Id.* at 1229.  For instance, Masimo's competitors would not be
19  able to obtain from elsewhere the information regarding Masimo's trade secrets.

20         Apple has argued that designating information as "Highly Confidential –
21  Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant
22  an application to seal.  Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly
23  certain to justify the filing under seal of any materials marked with these elevated
24  designations in *this* case—where highly confidential information, source code,
25  competitive information, and potentially trade secrets are at issue").

26                          **III.  <u>CONCLUSION</u>**

27         For the reasons discussed above, Masimo respectfully requests that the Court seal
28  the proposed redacted portions of Plaintiffs' Opposition to Defendant Apple Inc.'s

1  Motion to Clarify or Reconsider Order Regarding Plaintiffs' Motion to Modify Trade

2  Secret Disclosure (Dkt. 669) and Exhibits 4-9 and 11-14 to the Declaration of Adam B.

3  Powell.

4

5                                                Respectfully submitted,

6                                                KNOBBE, MARTENS, OLSON & BEAR, LLP

7

8  Dated: June 21, 2022                    By: /s/ Adam B. Powell

9                                                Joseph R. Re
                                                 Stephen C. Jensen
10                                               Benjamin A. Katzenellenbogen
                                                 Perry D. Oldham
11                                               Stephen W. Larson
                                                 Mark D. Kachner
12                                               Baraa Kahf
                                                 Adam B. Powell
13                                               Daniel P. Hughes
                                                 Justin J. Gillett

14                                               Attorneys for Plaintiffs
15                                               MASIMO CORPORATION and
                                                 CERCACOR LABORATORIES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28