Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)** <br><br> Date: July 11, 2022 <br> Time: 1:30 p.m. <br> Ctrm: 10C |

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION .................................................................... 1

II.     STATEMENT OF FACTS ......................................................... 1

        A.    Apple Has Long Known Masimo Alleges ████████ ██████████ .......................................................... 1

              1.    Masimo's Complaint Alleged ████████████ ......... 2

              2.    The Parties Exchanged Discovery On ████████ ████████ ...................................................... 3

        B.    Masimo Moved To Amend Its Trade Secret Disclosure ████████████████ ........................................... 5

        C.    The Parties Meet And Confer ......................................... 6

III.    ARGUMENT ........................................................................... 7

        A.    Apple Has Not Met The Standard For Seeking Reconsideration ............................................................ 7

              1.    Apple Has Not Shown Good Cause For Its Delay .......... 7

              2.    Apple Does Not Identify Any New Material Facts ........ 8

              3.    Apple's Request To Ignore Local Rule 7-18 Lacks Merit ......................................................................... 10

        B.    The Allegedly New Facts Do Not Change The Court's Conclusion ................................................................... 11

              1.    Apple Advances The Incorrect Legal Standard ............ 11

              2.    The Allegedly New Facts Strengthen The Court's Decision ..................................................................... 12

        C.    Apple Seeks Different Relief Not At Issue In The Original Motion ........................................................................... 13

IV.     CONCLUSION ....................................................................... 14

# TABLE OF AUTHORITIES

**Page No(s).**

*Allergan Inc. v. Athena*,
    2012 WL 12898344 (C.D. Cal. May 24, 2012)......................................................11

*America Unite for Kids v. Lyon*,
    2015 WL 5822578 (C.D. Cal. Sept. 30, 2015).........................................................7

*Freeman Inv. Mgmt. Co. v. Frank Russell Co.*,
    2016 WL 5719819 (S.D. Cal. Sept. 30, 2016).......................................................11

*Jadwin v. County of Kern*,
    2010 WL 1267264 (E.D. Cal. Mar. 31, 2010).......................................................11

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000)..................................................................................7

*Masimo Corp. v. True Wearables, Inc.*,
    2021 WL 2546752 (C.D. Cal. Mar. 10, 2021)..................................................11, 12

## OTHER AUTHORITIES

Local Rule 7-18.......................................................................................*passim*

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo"), respectfully oppose Apple's Motion for Reconsideration ("Motion") of the Order granting-in-part Masimo's motion to amend its trade secret disclosure ("Order").

## I. **INTRODUCTION**

Apple previously argued ███████████████████████████████████ ███████████████████████████████████████ The Court's Order allowed Masimo to amend that trade secret to ████████████████████████████. Apple does not ask the Court to change that decision. Instead, Apple seeks to ██████ ████████████████████████████████ Apple does so by claiming Masimo previously alleged ████████████████████████████. Apple claims Masimo is now trying to "expand" its allegations ████████████████████████. That is incorrect. █████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████ Apple cannot credibly claim surprise.

Apple also fails to satisfy the standards for reconsideration. Apple's motion is untimely, Apple fails to present any new material facts, and Apple has not shown any allegedly new facts should change the Court's conclusion. The Court should deny Apple's Motion.

## II. **STATEMENT OF FACTS**

**A.** **Apple Has Long Known Masimo Alleges** ██████████████████████ ████████████████████████████████████████

As described below, Masimo disclosed long ago that it ████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████

/ / /

1.   **Masimo's Complaint Alleged** 

In the Complaint, Masimo alleged

/ / /

---
<sup>1</sup> Lettered exhibits are attached to the Declaration of Nora Passamaneck (Dkt. 758-2 - 758.4, 759-2).  Numbered exhibits are attached to the Declaration of Adam B. Powell (submitted herewith).  Emphasis in quotations is added unless noted otherwise.



2.    __The Parties Exchanged Discovery__

Masimo requested discovery regarding the "iOS Health App," "health application," and "communications of physiological parameters to Apple iOS products."  Ex. 2 at 7 (RFP No. 47); Ex. 3 at 6 (RFP Nos. 78, 79).  Masimo requested discovery about surveys sent to Apple Watch Product users "regarding Apple applications, Apple products, third party applications, or third party products for monitoring tracking or recording" health data. Ex. 4 at 6 (RFP Nos. 290 and 291). Masimo requested discovery on the "Health application, Heart Rate application, Blood Oxygen application, ResearchKit applications, HealthKit applications, SensorKit applications, and CareKit applications." Ex. 6 at 5-6 (RFP Nos. 597 and 598); *see also* Ex. 4 at 8 (RFP Nos. 305-308); Ex. 5 at 29 (RFP Nos. 492-494).

Ex. 7 at 4.  The Special Master agreed with Masimo and ordered Apple to produce documents on HealthKit.  Dkt. 580 at 5 (granting

motion).  The Special Master likewise ordered Apple to provide discovery on Apple's analysis of "iPhone compatible devices" and "applications on the App Store" to add features, including to "create an ECG monitoring application for the Apple Watch Products."  Dkt. 637 at 4.

Apple served discovery requests seeking all Masimo documents that referred to Apple's ResearchKit, HealthKit, or CareKit.  Ex. 10 at 9 (RFP Nos. 407-409).  Apple served discovery regarding software applications published by Masimo Corp. and Cercacor. Ex. 15 at 14-15 (RFP Nos. 396-399).



**B.** **Masimo Moved To Amend Its Trade Secret Disclosure** ████████

The Court agreed with Masimo, finding that Masimo's amendment falls into the category of "refining" a trade secret because it does "not change the scope of what was disclosed previously."   Dkt. 669 at 5.   The Court agreed that ████████ ████████ Footnote 3 of the Order stated: "Because Masimo did not mention or analyze how this change would impact the other four Business and Marketing trade

―――――――――

[2] Masimo identified ████████ in part due to space constraints because Masimo originally submitted the motion to the Special Master.  Dkt. 470 ¶ 8 (limiting replies to three pages).

secrets that incorporate 'the strategy described in [D.]1,' the Order permitting this amendment should be construed as applying to D.1 only, and not as being incorporated anywhere by reference." *Id.* at 6 n.3.

## C.   The Parties Meet And Confer

On May 16, Masimo wrote to Apple to discuss what it believed were uncontroversial portions of the Court's Order. Ex. E at 5-6. Masimo asked if Apple agreed (1) the Order did not require Masimo to serve a revised trade secret disclosure and (2) footnote 3 maintained the status quo such that ███████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████ Apple agreed with Masimo on both points. *Id.* at 1, 6 (agreeing ████████████████████████████████████████████████████████████████ █████████████

Despite agreeing with Masimo, Apple asserted Masimo's email had somehow raised "concerns" about ████████████████████████████████████████ The parties met and conferred and then Apple filed the Motion.

/ / /

# III.  ARGUMENT

## A.    Apple Has Not Met The Standard For Seeking Reconsideration

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *America Unite for Kids v. Lyon*, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citations omitted).  Local Rule 7-18 requires the moving party to demonstrate:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before the order was entered.

L.R. 7-18. Such a motion must be filed 14 days after the Court's initial decision, unless good cause exists for delay.  *Id.*  Apple's motion fails to satisfy these requirements.

### 1.    Apple Has Not Shown Good Cause For Its Delay

Apple filed this Motion on June 13—***46 days*** after the Order at issue.  Apple must show good cause for filing its motion more than fourteen days after the Order.  L.R. 7-18.  Apple first attempts to blame Masimo by arguing Masimo served its supplemental interrogatory response at issue on May 12 (fourteen days after the Order) so Apple could not have met the fourteen-day deadline.  Mot. 7.  But Masimo served that response pursuant to the Court's instructions.  *See* Dkt. 669 at 6.

Regardless, Apple waited another ***32 days*** before filing its Motion. ███████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

1  ██████████████████████████████████████████████

2  ████████████████████████████████████████ *Id.* at 1.

3  The fact that Masimo separately sought a confirmation on ███████—on which the

4  parties agree—does not show good cause for Apple's delay in moving for

5  reconsideration on ██████ Apple has not shown good cause for filing its Motion more

6  than one month late.

7  **2.   Apple Does Not Identify Any New Material Facts**

8  Apple argues reconsideration is warranted in light of "new factual developments."

9  Mot. at 6. But Apple does not identify any new material facts. *See* L.R. 7-18 (requiring

10  "(a) a material difference in fact or law from that presented to the Court before such

11  decision" or "(b) the emergency of new material facts or a change of law").

12  In an attempt to show a new material fact, Apple incorrectly characterizes the

13  prior briefing and this Court's Order. ████████████████████████████

14  ██████████████████████████████████████████████

15  ██████████████████████████████████████████████

16  ██████████████████████████████████████████████

17  ██████████████████████████████████████████████

18  ██████████████████████████████████████████████

19  ██████████████████████████████████████████████

20  ██████████████████████████████████████████████

21  ██████████████████████████████████████████████

22  ██████████████████████████████████████████████

23  ██████████████████████████████████████████████

24  ██████████████████████████

25  Regardless, Masimo addressed ███████████████████████

26  ██████████████████████████████████████████████

27  ██████████████████████████████████████████████

28  ██████████████████████████████████████████████



Apple appears to acknowledge that Masimo's arguments were not limited to ███ ███ Mot. at 8 (acknowledging Masimo "advanced other arguments"). Apple asserts it can ignore those arguments, however, because "this Court's ruling rested solely" on ████ *Id.* Apple then suggests the Court must have intended to limit its Order to ████ *Id.* at 9. But Apple cites nothing to support that assertion and it makes no sense. To the contrary, ███

Moreover, Masimo's supplemental interrogatory response cited by Apple was neither new nor material because ████



13    Apple   incorrectly   suggests   Masimo   "left   the   door   open"   to

20    Apple also implies that another new "fact" could be the email that Masimo sent

21    asking

22    But Apple never supports that suggestion.

26    **3.    Apple's Request To Ignore Local Rule 7-18 Lacks Merit**

27    Recognizing it has not and cannot satisfy the requirements of Local Rule 7-18,

28    Apple asks the Court to exercise its "plenary authority" to grant reconsideration.  Mot.

at 6.  But such authority is reserved for extraordinary circumstances.  "The Ninth Circuit recognized that this authority was necessary to 'correct mistakes' or to grant relief from 'manifest error.'"  *Allergan Inc. v. Athena*, 2012 WL 12898344, at *3 (C.D. Cal. May 24, 2012).  "But a court should generally leave a previous decision undisturbed absent a showing that it either presented clear error or would work a manifest injustice."  *Id.* at *4 (*quoting Jadwin v. County of Kern*, 2010 WL 1267264, at *9 (E.D. Cal. Mar. 31, 2010)).  Apple does not attempt to show clear error or manifest injustice.  Thus, Apple presents no basis for departing from Local Rule 7-18.

Accordingly, Apple has not established any basis for the Court to reconsider its prior order.  The Court should deny Apple's Motion.

## B.     The Allegedly New Facts Do Not Change The Court's Conclusion

As discussed above, Apple has not established that the Court should reconsider its prior decision.  That alone is a sufficient reason to deny Apple's Motion.  However, Apple's Motion also fails because Apple does not show the allegedly new facts would cause the Court to reach a different result on the merits of the underlying motion.

### 1.     Apple Advances The Incorrect Legal Standard

As a preliminary matter, Apple does not provide the correct legal standard for amending trade secret disclosures.  Apple cites a single case from the Southern District of California to suggest a high standard for amending trade secret disclosures at this stage of the case.  Mot. at 6 (citing *Freeman Inv. Mgmt. Co. v. Frank Russell Co.*, 2016 WL 5719819, at *10–12 (S.D. Cal. Sept. 30, 2016)).  Apple ignores the legal standard set forth in the Order and the *True Wearables* decision on which the Court relied.  Among other things, the Court explained:

> "[I]t is appropriate to require a showing of good cause to amend the [relevant trade secret disclosure] with a new trade secret given the guidance provided by § 2019.210 and Rule 26."  *True Wearables*, 2021 WL 2546752, at *2 (emphasis added).  "This is a higher standard than what is required for refinement of trade secrets that have already been identified."  *Id.*

Dkt. 669 at 4.  Thus, *True Wearables* and the Order held that a "refinement" to an existing trade secret is a lower standard than identifying a new trade secret and does not require good cause. ██████████████████████████████████

██████████████████████████████████████████████████████████

### 2.   **The Allegedly New Facts Strengthen The Court's Decision**

Apple fails to show the Court should reach a different result if it considers the allegedly new facts.  Masimo moved to amend the definition of ███████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Far from supporting Apple's position, the allegedly new facts support the Court's conclusion because ███████████████████████████████████████████

███████████████████████████  To the extent the Court considers the supplemental interrogatory response that Apple points to, it should also consider ████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████  Those new facts

***strengthen*** the Court's holding that ██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████



19   Accordingly, the allegedly new evidence strengthens the Court's holding ███████

20   ██████████████████████████████████████ To the extent the Court

21   reconsiders its Order, it should reach the same decision.[3]

22   **C.**   **Apple Seeks Different Relief Not At Issue In The Original Motion**

23   Apple's Motion for Reconsideration is also improper because Apple is seeking

24   relief not at issue in the original motion.  The Court recently explained that a motion for

25   reconsideration can provide only the "relief originally requested" in the underlying

26   _____

27   [3] If anything, the Court should remove footnote 3 because ███████████████████
████████████████████ Apple agreed on this point, but removing footnote 3

28   could avoid further disputes if Apple later tries to change its position.

motion.  Dkt. 732 at 6 (sustaining Apple's objections to the extent Masimo was "asking for relief not originally sought before Judge Early").

Here, Apple was not the movant on the underlying motion and its opposition argued ███████████████████████████████████████████. By contrast, Apple's Motion for reconsideration seeks to ████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████ Apple did not request, and therefore could not have obtained, such an order on the original motion.  Nor has Apple cited the legal standards for excluding evidence of misappropriation or attempted to explain why it would be entitled to such drastic relief.  Apple should not be permitted to exclude evidence of misappropriation by seeking reconsideration on the definition of Masimo's trade secret.

## IV.  CONCLUSION

Accordingly, Masimo respectfully requests the Court deny Apple's Motion for Reconsideration.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  June 21, 2022               By: /s/ Adam B. Powell
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Benjamin A. Katzenellenbogen
                                        Perry D. Oldham
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs
                                        MASIMO CORPORATION and
                                        CERCACOR LABORATORIES, INC.

-14-