Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO REVIEW SPECIAL MASTER ORDER NO. 9**<br><br>Date:   July 11, 2022<br>Time:   1:30 p.m.<br>Ctrm:   10C<br><br>Hon. James V. Selna |

REDACTED   VERSION   OF   PROPOSED
DOCUMENT TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION ..................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................ 2

    A.  Apple's RFP Nos. 358, 360, 361, 364, 366, 369, 371, and 373-375 ........................................................................................................ 2

        1.  The Parties' Dispute Regarding Cross-Designation of ITC Documents ................................................................................. 2

        2.  Apple Moves to Compel ................................................................. 3

        3.  Masimo Reproduces Its Entire ITC Production ......................... 3

    B.  Apple's RFP Nos. 346 and 350 ............................................................... 4

        1.  Apple's Original Discovery Requests ......................................... 4

        2.  Apple Fails to Narrow Its Requests ........................................... 5

III.  ARGUMENT ........................................................................................... 6

    A.  Masimo Has Already Provided Far More Than Proportional Discovery in Response to RFP Nos. 358, 360, 361, 364, 366, 369, 371, and 373-375 ........................................................................... 6

        1.  Apple's Motion On These RFPs Is Moot ................................... 6

        2.  The Special Master Correctly Decided Apple's Motion ........... 7

    B.  The Special Master Correctly Denied Apple's Motion to Compel as to RFP Nos. 346 and 350 ................................................... 8

        1.  The Special Master Correctly Found that RFPs 346 and 350 Are Overly Broad and Not Proportional to this Case ......... 8

        2.  The Special Master Correctly Rejected Apple's "Dog That Didn't Bark" Argument .................................................... 11

        3.  None of Apple's Cases Support the Scope of Discovery Sought by RFP No. 346 and 350 ............................................... 12

        4.  RFP Nos. 346 and 350 Are Not Similar to Masimo Requests ................................................................................... 12

        5.  None of Apple's Remaining Arguments Justify RFP Nos. 346 and 350 .............................................................................. 13

IV.  CONCLUSION ...................................................................................... 15

# TABLE OF AUTHORITIES

**Page No(s).**

*A. Farber & Partners, Inc. v. Garber*,
   234 F.R.D. 186 (C.D. Cal. 2006)..........................................................................12

*Attia v. Google LLC*
   2018 WL 4202151 (N.D. Cal. Sept. 4, 2018).....................................................10

*In re Avaya Inc.*,
   2018 WL 1940381 (Bankr. S.D.N.Y. Apr. 23, 2018) ........................................7

*Brill v. Napolitano*,
   2010 WL 11512400 (C.D. Cal. May 12, 2010)....................................................8

*Flack v. Nutribullet, L.L.C.*,
   333 F.R.D. 508 (C.D. Cal. 2019).......................................................................15

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
   2013 WL 12090042 (S.D. Fla. June 14, 2013).....................................................7

*Gold v. Kaplan*,
   2021 WL 6618643 (C.D. Cal. Dec. 2, 2021).....................................................12

*Intex Recreation Corp. v. Bestway USA Inc.*,
   2021 WL 6618494 (C.D. Cal. Nov. 10, 2021)...................................................15

*IQVIA, Inc. v. Veeva Sys., Inc.*,
   2019 WL 3059805 (D.N.J. July 11, 2019) .........................................................12

*Madej v. Yale Univ.*,
   2020 WL 6270273 (D. Conn. Oct. 26, 2020) .....................................................12

*MarketLinx, Inc. v. Indus. Access*,
   2013 WL 12133884 (C.D. Cal. Jan. 2, 2013).....................................................10

*MCC Controls v. Hal Hays Constr.*,
   2020 WL 6034321 (C.D. Cal. July 23, 2020) ....................................................10

*New Hampshire v. Maine*,
   532 U.S. 742 (2001)............................................................................................10

*Nutrition Distrib. LLC v. IronMag Labs, LLC*,
   2018 WL 6307882 (C.D. Cal. Oct. 29, 2018).....................................................15

*O. L. v. City of El Monte*,
   2020 WL 7264549 (C.D. Cal. Oct. 30, 2020) ....................................................15

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Siano Mobile Silicon, Inc. v. Mavcom, Inc.*,
   2011 WL 1483706 (N.D. Cal. Apr. 19, 2011)......................................................12

*Soften, Inc. v. Dragon Med. & Sci. Commc'ns Ltd.*,
   891 F. Supp. 935 (S.D.N.Y. 1995) ......................................................................12

*Yoe v. Crescent Sock Co.*,
   2017 WL 11479993 (E.D. Tenn. Mar. 24, 2017) ................................................12

## I. **INTRODUCTION**

Apple claims that "Plaintiffs have sought to deprive Apple of basic discovery on the[ir] products . . . ." Br. at 1. Nothing could be further from the truth. Masimo has now produced over 1.8 *million* pages of such discovery in response to numerous Apple production requests. Indeed, as explained below, Masimo has now produced more documents regarding its wrist-worn products than Apple has produced regarding the ***Apple Watch***, which is the primary target of this trade secret case.

The issue here is the scope of several specific RFPs addressed by the Special Master. After extensive negotiations, briefing, and oral argument, the Special Master granted Apple's motion as to some requests but denied it as to others that are burdensome, plainly overbroad, and not proportional to the needs of the case. Apple's objections challenge the Special Master's denial on (1) Apple's RFP 346, which seeks extensive technical discovery regarding *all* aspects of Masimo wrist-worn products and prototypes extending back many years, and (2) Apple's RFP 350, which seeks essentially *all* marketing-related documents for those products and prototypes. Apple fails to explain why such burdensome discovery is necessary because of "damages" issues.

Apple claims its RFPs mirror certain requests served by Masimo. But Masimo's requests were directed to the Apple Watch accused of trade-secret misappropriation. Moreover, Masimo's requests did not seek all discovery concerning the technology underlying all aspects of the Apple Watch. Masimo's requests targeted aspects of the Apple Watch that measure ***physiological parameters***.

Apple also challenges the Special Master's denial of a separate motion seeking to compel broad discovery regarding Masimo's new W1 Watch Product ("W1"). Because Masimo provided extensive discovery regarding that product in the parties' separate litigation in the ITC, Masimo repeatedly offered to make that discovery formally available to Apple's counsel, which represent Apple in both forums. The parties' dispute focused on whether (1) Masimo could do so by cross-designating the documents as a

category, or (2) Masimo must identify or produce each specific document.   Apple repeatedly represented that Masimo could resolve this issue by simply reproducing and separately bates-stamping the W1 documents here.   To avoid further disputes, Masimo recently did exactly that—formally reproducing and separately bates-stamping its W1 documents here.   Moreover, to avoid further disputes, Masimo produced **more** than Apple could have possibly wanted or needed—Masimo reproduced all **1.4 million pages** of its ITC production in this case.   Apple's request is thus moot.   Any attempt by Apple to argue that even **more** is required should be denied as not reasonable or proportional.

## II.   STATEMENT OF FACTS

### A.   Apple's RFP Nos. 358, 360, 361, 364, 366, 369, 371, and 373-375

#### 1.   The Parties' Dispute Regarding Cross-Designation of ITC Documents

These RFPs seek broad discovery relating to the W1, which is a Masimo monitor that measures physiological parameters at the wrist instead of using a finger sensor. Apple demanded all documents regarding the research, design, development (358, 360), functions (361), manufacturing (366), source code (371), FDA communications (369), business and marketing plans (373), communications with hospitals (374), and efforts to obtain intellectual property (375).   As the Special Master observed, RFP Nos. 373-75 are not even limited to the W1, and instead seek broad discovery on other watch or wrist-worn monitor Plaintiffs developed.   Nonetheless, Apple always treated these requests as being directed to the W1.   Indeed, Apple's first discovery letter asserted these RFPs concern "Plaintiffs' W1 Wrist Worn Monitor."   Ex. 31 at 1.

The parties' correspondence focused on how Masimo would make the W1 documents produced in the ITC available in the District Court.   Apple's letter addressed the potential to ███████████████████████████████████████████ ████████████████████████ Apple's counsel, which also represents Apple in the ITC, was well aware of Masimo's vast production of W1 documents in that case resulting from Masimo's need to address the ITC's "domestic industry" requirements. Masimo proposed that it ████████████████████████████████████████████

1    ██████████████████████████████████    Apple rejected that proposal and insisted that

2    Masimo ████████████████████████████████████████████████████████████

3    ██████████████████████████████████████████    While the meet and confer

4    focused on the parties' dispute over cross-use, Masimo always maintained its objections

5    to relevance and proportionality. Ex. 26 at 6-23.

6        **2.    Apple Moves to Compel**

7        Apple moved to compel, characterizing its motion as seeking "discovery related

8    to Plaintiffs' 'Masimo W1' watch . . . ." Ex. 39 at 1. Apple demanded, ████████████

9    ████████████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████████████

11   ████████████████    Apple argued there would be little burden because Masimo had already

12   collected responsive documents in the ITC. *Id.* at 4. At the hearing, Apple demanded

13   that Masimo identify by bates number the ITC documents responsive to Apple's

14   requests. Ex. 42 at 36:1-5. Apple argued, in the alternative, that:

15   ████████████████████████████████████████████████████
16   ████████████████████████████████████████████████████
17   ████████████████████████████████████████████████████
18   ██████████████████████

19   *Id.* at 64:10-16 (emphasis added). Masimo maintained its objections as to relevance and

20   proportionality, but again offered cross-use as a compromise. *Id.* at 68:15-24 ████████

21   ████████████████████████████████████████████████████████████████████████

22   ████████████). On May 11, the Special Master granted Apple's Motion as to four requests,

23   but denied it as to RFP Nos. 358-361, 364, 366-67, and 369-75. Ex. 45 at 6-8.

24       **3.    Masimo Reproduces Its Entire ITC Production**

25       Though the Special Master was entirely correct in denying Apple's motion,

26   Masimo recently reproduced all ***1.4 million pages*** of its ITC production. Kahf Decl.

27   ¶ 2. Masimo's production contains numerous documents relating to the W1. ████████

28   ████████████████████████████████████████████████████████████████████████

-3-

1  ██████████████████████████████████████████████

2  ██████████████████████      Thus, Masimo appears to have produced more W1

3  documents than Apple produced regarding the **accused Apple Watch**.  Overall, taking

4  into account Masimo's production here and Masimo's recent reproduction of the ITC

5  documents, Masimo estimates that it has produced ████████████████████████

6  ██████████████████████████  Overall, to date, Masimo has produced 4,976,579

7  pages of documents, whereas Apple has produced only 2,523,204 pages, though Apple

8  is a far larger company and is accused of trade-secret misappropriation.  *Id*. ¶ 11.

9  **B.    Apple's RFP Nos. 346 and 350**

10      **1.    Apple's Original Discovery Requests**

11      On March 1, 2022, Apple also separately moved to compel discovery on Apple's

12  RFP Nos. 346-354.  Ex. 23.  Despite Apple's intense emphasis in this case on Masimo's

13  W1, Apple's RFP Nos. 346-354 are **not** limited to the W1 and seek additional broad

14  discovery regarding Masimo wrist-worn products that may compete.  ████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████

19      But Apple demands more.  Apple RFP Nos. 346-354 seek extensive discovery on

20  **all** technical aspects and **all** marketing-related documents for Masimo wrist-worn

21  products and prototypes extending back many years.  The Special Master agreed the

22  "requests [were] overbroad as originally written, and Apple failed to clearly define how

23  it is proposing to narrow each of these RFPs."  Dkt. 656 at 3.  The Special Master

24  nonetheless gave Apple another chance, ordering Apple to specify "the exact language

25  of Apple's proposed narrowed versions of each of these RFPs."  *Id*.  The Special Master

26  directed Apple to "consider other ways to narrow the RFPs and reach a compromise with

27  Plaintiffs beyond the suggestions it has made in its briefs . . . ."  *Id*.

28  / / /

2. **Apple Fails to Narrow Its Requests**

Apple provided its "narrowed" versions of the RFPs on April 15. Ex. 43 at 1. But Apple's amended requests sought essentially the *same* unduly broad discovery Apple sought in its Motion to Compel. Ex. 44 at 1-2. For example, Apple eliminated the word "includ[ing]" before its list of physiological parameters, such as "oxygen saturation, pulse rate," etc. *Id.* at 1. But Apple then defined "Physiological Parameters" as "includ[ing]" those same parameters. *Id.* at 1-2. The parties met and conferred, but Apple refused any compromise.

At the hearing, the Special Master heard extensive argument from Apple seeking to justify its broad requests. Ex. 42 at 5-11, 16-40, 48-51. Apple did not dispute their breadth, but argued ████████████████████████████████████████████ ████████████████████████████████████ *Id.* at 48:22-25 (emphasis added). Specifically, Apple argued Masimo should produce essentially everything to avoid Masimo being able to ████████████████████████████████████████ ████████████████████████████████████

Judge Guilford responded by asking Apple: ████████████████████ ████████████████████████████████████████ ███████████████ Apple responded by suggesting such a remedy would not be available if the Court did not grant a motion to compel requesting the withheld documents. *Id.* at 50:14-51:1. Apple also argued that, absent an order compelling Masimo to essentially produce *all* of the requested discovery, Masimo would ████ ████████████████████████████████████████ ███████. *Id.* at 53:1-6. Masimo rejected Apple's accusations, responded that one

---

[1] Apple made these arguments despite having *succeeded* in convincing Judge Early and the Special Master that many of Masimo's discovery requests should be denied because Masimo should simply trust Apple not to engage in such tactics. Dkt. 443 (6/3/2021 hearing tr.) at 47:20-48:2 ("We trust lawyers to be ethical"); Ex. F at 5:20-6:1 (" ████████████████████████████████████████



Masimo further explained that ████ and that, at the time and even *before* Masimo's reproduction of ITC documents, Masimo had produced ████ of documents regarding wrist-worn products, which was ████. On May 11, 2022, the Special Master granted Apple's Motion as to some RFPs but denied as to RFPs 346 and 350 at issue here.

## III. **ARGUMENT**

**A.**   **Masimo Has Already Provided Far More Than Proportional Discovery in Response to RFP Nos. 358, 360, 361, 364, 366, 369, 371, and 373-375**

### 1.   **Apple's Motion On These RFPs Is Moot**

Masimo's recent production of 1.4 *million* pages of documents produced in the ITC should moot Apple's Motion as to RFP Nos. 358, 360, 361, 364, 366, 369, 371, and 373-375.  As discussed above, Apple's Motion sought discovery regarding the W1 and the parties' dispute always focused on how Masimo would make its ITC production available in the district court.   Apple repeatedly urged Masimo to reproduce those documents to resolve the dispute.   Apple expressly stated: ████ Apple argued its request created little burden because Masimo had already collected responsive documents in the ITC.  *Id*.   At the hearing, Apple similarly Apple argued that the ████ Apple makes the same arguments here. Br. at 14-15 (citing cases finding little burden because documents were already collected).

/ / /

_____

extent, I think you have to trust the answers you've been given and be prepared at trial to impeach . . .").

-6-

1    Taking into account Masimo's recent production of documents produced in the

2    ITC, Masimo has now produced a vast number of documents responsive to RFP Nos.

3    358, 360, 361, 364, 366, 369, 371, and 373-375. Kahf Decl. ¶ 3. ████████████

4    ████████████████████████████████████████████████████████████████

5    ███████████████████████████████████████████████████████ Apple is

6    represented by many of the same attorneys representing Apple before the ITC and has

7    never explained why Masimo's ITC production would not satisfy Apple's W1 requests.

8    **2.    The Special Master Correctly Decided Apple's Motion**

9    To the extent Apple argues Masimo's recent production somehow fails to satisfy

10   Apple's Motion, the Court should deny Apple's discovery as not proportional to the

11   case. Masimo originally produced more than 24,000 pages, and then continued to

12   produce other responsive documents Masimo found in discovery. *Id.* ¶ 5. Masimo then

13   conducted an entire additional round of ESI searching using Apple's requested W1

14   search terms, resulting in a production of 145,045 pages. *Id.* As of today, Masimo has

15   produced over 1.19 million pages of W1 documents. *Id.*

16   Moreover, Masimo always maintained its objections to RFP Nos. 358, 360, 361,

17   364, 366, 369, 371, and 373-375 and the Special Master correctly found them

18   "overbroad." Ex. 45 at 6-8. ████████████████████████████████

19   ████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████

21   ████████████████████ Apple's broad requests are not justified by Apple's asserted

22   relevance, i.e., Masimo's "lost sales." Indeed, Apple never explained why, for example,

23   Masimo's efforts to obtain intellectual property are relevant to damages.

24   None of Apple's cases support ordering Masimo to provide even more W1

25   discovery. *See In re Avaya Inc.*, 2018 WL 1940381, at *8 (Bankr. S.D.N.Y. Apr. 23,

26   2018) (bankruptcy decision estimating claim); *Flexiteek Americas, Inc. v. Plasteak, Inc.*,

27   2013 WL 12090042, at *6 (S.D. Fla. June 14, 2013) (ordering reasonable royalty

28   discovery in a patent case, including the patentee's manufacturing capabilities); *Brill v.*

-7-

1   *Napolitano*, 2010 WL 11512400, at *2 (C.D. Cal. May 12, 2010) (plaintiff relied on

2   "unexplained and unsupported boilerplate objections").

3   Apple suggests, in a footnote, that Masimo's ITC production might not satisfy

4   Apple's requests because "RFP Nos. 373-75 are not limited to the W1." Br. at 14 n.6.

5   But Apple's Motion sought discovery relating to ***the W1***. *See* Ex. 39 at 1 (Apple's

6   motion explaining that the relevant RFPs "seek discovery related to Plaintiffs' 'Masimo

7   W1' watch"); Ex. 45 at 2 (Special Master Order No. 9 summarizing Apple's Motion as

8   seeking "discovery related to Plaintiffs' 'Masimo W1' watch"). Apple cannot seek relief

9   here on a motion it never filed. Moreover, as summarized by the Special Master,

10  "despite concerns raised in the tentative ruling that RFP Nos. 372–375 are not limited to

11  the W1 product, argument was ***not*** presented regarding these four RFPs at the hearing."

12  *Id.* at 8. The Court should overrule Apple's objections.

13  **B.   The Special Master Correctly Denied Apple's Motion to Compel as to RFP**

14       **Nos. 346 and 350**

15       **1.   The Special Master Correctly Found that RFPs 346 and 350 Are**

16            **Overly Broad and Not Proportional to this Case**

17  RFP Nos. 346 and 350 seek exceedingly broad technical and marketing discovery

18  regarding Masimo wrist-worn products ***beyond*** W1. But Masimo has already provided

19  extensive discovery on its products that Apple may consider "wrist-worn," including █

20  ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ██████████████████████████████████████

25  RFP Nos. 346-354 are overly broad because they seek ***all*** marketing-related

26  documents and extensive discovery directed to ***all*** technical aspects of Masimo wrist-

27  worn products and prototypes, which extend back many years. In its present motion,

28

-8-

Apple crops the text of its "narrowed" RFP No. 346. Br. at 3. The actual text of Apple's "narrowed" RFP calls for:

> Documents and Communications sufficient to show the design, development, and operation of **any** algorithms and/or functionality of Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes, that measure or are intended to measure Physiological Parameters. The term "Wrist-Worn Product" means products that measure physiological parameters at the wrist as well as wrist-mounted products with a finger sensor. The term "Physiological Parameters" means oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, and/or blood glucose.

Ex. 43 at 1 (underline added to show omitted text). Apple's RFP No. 350, even as purportedly "narrowed," seeks "Documents or Communications referencing, describing, providing and/or reciting efforts to market Your prior, current, or future Wrist-Worn Products and products that Plaintiffs contend compete with or will compete with Apple Watch, including prototypes." *Id.* at 1.

Apple thus seeks essentially **all** of Masimo's marketing documents and extensive technical discovery sufficient to show the design, development, operation, algorithms and functionality of "any" aspect of Masimo's "wrist-worn products," which as defined, may include ██████████████████████████████████████████████ ████████████████████████████████████████ The Special Master correctly found "Apple has not adequately shown that the **vast** amount of information sought" by Apple "is relevant and proportional to matters in dispute, and specifically that the information sought is relevant to setting forth damages theories in this case." Ex. 45 at 3-4.

As Masimo explained at the hearing, and Apple never disputed, there are "plenty of cases that reject RFPs for being overbroad on [their] face. It's happened a number of times in this case." Ex. 42 at 43:24-44:2. Indeed, Apple itself has repeatedly succeeded in arguing Masimo's RFPs were overly broad on their face without submitting any supporting evidence. *See, e.g.*, Ex. G (5/20/21 hearing tr.) at 125:14-17 ("I don't need a

-9-

declaration to know that there are a lot of people involved in the development of every single version of the Apple Watch"). Having succeeded on that argument in the past, Apple cannot now argue the opposite. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (prohibiting a party who succeeded in maintaining one position from taking a contrary position).

Moreover, courts in this District often deny discovery requests as overbroad on their face. *See, e.g.*, *MCC Controls v. Hal Hays Constr.*, 2020 WL 6034321 at *5 (C.D. Cal. July 23, 2020) ("as Primex was only contracted by HHC to provide parts and services for a portion of the Project, the request for all documents related to the State Contract . . . is overbroad on its face"); *MarketLinx, Inc. v. Indus. Access*, 2013 WL 12133884 at *4 (C.D. Cal. Jan. 2, 2013) ("[a]ll documents and things relating to Your competitors[,]" was "vague and overbroad on its face").

Apple cites *Attia v. Google LLC*, but that case ***denied*** discovery because:

> Google's broad requests for *all* of plaintiffs' financial, tax, and bankruptcy records are not reasonably tailored to plaintiffs' actual claims for damages in this case. The broad scope of discovery Google seeks is neither relevant nor proportional to the needs of the case, although some subset of records falling within the scope of these document requests may be.

2018 WL 4202151 at *2 (N.D. Cal. Sept. 4, 2018). Similarly, here, Apple's broad requests for technical discovery and ***all*** of Masimo's marketing documents for the above products is not reasonably tailored or proportional. *Attia* supports Masimo's position.

The Special Master also observed that the "phrase 'referencing, describing, providing and/or reciting,' and particularly the word 'referencing,' is overbroad as used in" RFP 350. Ex. 45 at 4. The Special Master is correct—Apple's RFP would require the production of any document that happens to ***reference*** Masimo's marketing as to wrist-worn products. The Special Master also found the RFP overly broad because it uses the phrase "'efforts to market' instead of a phrase like 'marketing materials,' which further increases the scope of this request." *Id*. Apple's request would require production, for example, of any document that happens to "reference" any "efforts to

-10-

market" the above products, which Masimo has sold for many years.  RFPs 346 and 350 are unduly burdensome because, for example, they would require Masimo to collect and produce vast amounts of technical and marketing documents for ███████████████ ████████████████████████████████████████ Kahf Decl. ¶¶ 6-8.

### 2.      The Special Master Correctly Rejected Apple's "Dog That Didn't Bark" Argument

At the hearing, Apple all but conceded the breadth of RFPs No. 346 and 350, but argued that ████████████████████████████████████████████████ ████████████████████████████████████ Order No. 9 correctly rejects that argument, finding that "[a]lthough Apple argued at the hearing that the scope of this request must be this broad in order to identify 'the dog that didn't bark,' this argument is not persuasive in the context of this request."  Ex. 45 at 4-5.

Apple's suggestion that Masimo might intentionally withhold documents it plans to use at trial or selectively withhold contrary documents is unsupported and wrong.  As discussed, Masimo has now produced far more discovery on its products than Apple produced on the accused Apple Watch.  Masimo also agreed to produce documents in response to Apple's (1) RFP No. 78, which asks for all documents Masimo intends to "use to support any of [it]s allegations or contentions," including documents Masimo "intend[s] to introduce at trial" and (2) RFP No. 35, which seeks "All Documents that support, refute, or relate to [Masimo's] contention that [Masimo is] entitled to recover any damages from Apple . . . ."  Ex. E at 31-32, 66.  Apple's "dog that didn't bark" argument does not justify its broad request for *all* of Masimo's marketing documents associated with at least the above products and broad technical discovery.  As Masimo explained, one could ██████████████████████████████████████████ ████████████████████████████████████████████████

/ / /

1
2

### 3. <u>None of Apple's Cases Support the Scope of Discovery Sought by RFP No. 346 and 350</u>

3      None of Apple's other cases justify Apple's overly broad discovery demands. *See*
4   *Soften, Inc. v. Dragon Med. & Sci. Commc'ns Ltd.*, 891 F. Supp. 935, 943 (S.D.N.Y.
5   1995) (plaintiff's damages theory failed, not because of discovery produced by plaintiff,
6   but because defendant's expert "testified that other graphics software was available at
7   the time"); *Yoe v. Crescent Sock Co.*, 2017 WL 11479993, at *4 (E.D. Tenn. Mar. 24,
8   2017) (ordering discovery, not of marketing documents, but regarding the
9   manufacturing of a product and modifications to the product); *Gold v. Kaplan*, 2021 WL
10  6618643, at *6 (C.D. Cal. Dec. 2, 2021) (finding requests seeking bank transactions were
11  "sufficiently narrow so as to not render them facially overbroad"); *A. Farber & Partners,*
12  *Inc. v. Garber*, 234 F.R.D. 186, 188 n.1 (C.D. Cal. 2006) (rejecting "boilerplate"
13  objection that requests were overly burdensome because used phrase "relating to").

14      Apple cites certain cases that ordered discovery in response to requests that used
15  the phrase "sufficient to show." Br. at 10. But none of Apple's cases ordered discovery
16  "sufficient to show" every aspect of the design, development, and operation of ***any***
17  algorithms and/or functionality of multiple products based on an argument that such
18  discovery was needed for "damages." Apple's cases ordered far narrower discovery.
19  *See Madej v. Yale Univ.*, 2020 WL 6270273, at *11 (D. Conn. Oct. 26, 2020) (documents
20  sufficient to show a committee met "six times" in a particular year); *IQVIA, Inc. v. Veeva*
21  *Sys., Inc.*, 2019 WL 3059805, at *8 (D.N.J. July 11, 2019) (documents sufficient to show
22  financial information for one product); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, 2011
23  WL 1483706, at *4 (N.D. Cal. Apr. 19, 2011) (documents sufficient to show marketing
24  and sales documents reflecting defendant's presence in California).

### 4. <u>RFP Nos. 346 and 350 Are Not Similar to Masimo Requests</u>

26      Apple claims the "Special Master previously ordered Apple to provide discovery
27  in response to ***nearly identical*** requests served by Plaintiffs." Br. at 9 (emphasis in
28  original). Apple claims its RFP 346 is nearly identical to Masimo RFPs 265-73 and 452-

465. *Id*. But Masimo's tailored requests were narrowly directed to ████████ ████████████████████████████████████████████████ ███████████████████████  In contrast, Apple's requests are directed to ***all*** Masimo wrist-worn products, ████████████████████████████████████████ ████████████████████████████████████████████████████████ ████  Apple cannot establish an equivalency between its broad requests and Masimo's request for limited discovery regarding future versions of the accused product.

Moreover, unlike Apple, Masimo did ***not*** broadly request documents regarding the "design, development, and operation of any algorithms and/or functionality" of the Apple Watch.  Instead, Masimo sought documents regarding the aspects of the Apple Watch "that measures physiological parameters . . . ." Ex. 5. Indeed, at a hearing before the Special Master, Apple complained that a "comma" placement might suggest Masimo was seeking ██████████████████████████████████████████████████ ████  Masimo responded, ████████████████████████████████ ████████████████████████████████████████████████████  The Special Master's order was limited to such discovery and not comparable to RFP No. 346.

Apple also argues that its RFP 350 is "nearly identical" to Masimo's RFP 455. Br. at 10. But Apple crops Masimo's RFP to suggest it sought unlimited discovery regarding Apple's marketing of its watch.  RFP No. 455 actually sought "Documents regarding Apple's planned efforts to market Defendant's <u>Apple Watch Series 7 to consumers</u>." Ex. 6 at 5 (emphasis added to show excluded portion of RFP).  Thus, again, Masimo requested limited discovery "regarding" Apple's "planned efforts" to market ████████████████████████████████████████████████████████████ ████████████████  In contrast, Apple's request seeks vast marketing-related discovery extending back many years.  Kahf Decl. ¶ 8.  The requests are not comparable.

**5.** <u>**None of Apple's Remaining Arguments Justify RFP Nos. 346 and 350**</u>

None of Apple's remaining arguments justify the "vast" discovery sought by RFPs No. 346 and 350.  First, Apple argues that the discovery is appropriate because

Masimo alleges "lost sales" and Apple requires discovery on the "extent to which those products actually incorporate the alleged trade secrets or other non-trade secret features." Br. at 2-3. But Apple cites no cases holding that a trade-secret defendant is entitled to "vast" technical and marketing discovery based on such allegations. To the extent Apple has some basis to seek discovery beyond the 1,830,709 pages Masimo already produced, it should do so through targeted discovery requests.

Second, Apple cites this Court's Order sustaining Apple's objections to Special Master Order No. 4. But there, the Court ordered Masimo to respond to an interrogatory "concerning when Plaintiffs' trade secret-bearing products were sold," finding that Masimo did not "dispute proportionality or argue undue burden" and instead stated it "already provided sufficient sales information . . . from which Apple can determine [the information]." Dkt. 638 at 5. That Order does not support Apple's broad request here.

Third, Apple claims that the Special Master "failed to address Apple's arguments" and "merely concluded—without analysis—that Apple has not shown how the information" is relevant and proportional. Br. at 9. That ignores the parties' extensive arguments at two hearings, including the Special Master's questioning and discussion of Apple's "dog that didn't bark" theory. Order No 9 is more than sufficiently detailed, especially given the Special Master's resolution of numerous Apple RFPs. Apple also ignores that the Special Master specifically *asked* if the parties wanted him to provide more detailed orders and *both* parties deferred to his judgment. Ex. H.

Sixth, Apple argues that the Special Master "offered no explanation for why the burden of producing documents" outweighs the "likely benefit of production." Br. at 11. But the Special Master correctly found that Apple's request seeks a "vast amount of information" not proportional to the "damages theories" Apple identified. Ex. 45 at 3-4. Apple also claims that Plaintiffs never articulated any concrete burden, nor offered any counterproposals to relieve any burden. Br. at 11. Both claims are incorrect. Masimo explained why Apple's request is burdensome. Ex. 42 at 43:9-45:17. Indeed, as described above, there was extensive argument regarding the breadth and burden of

-14-

Apple's requests.  Thus, Masimo did not merely rely on "general objections" such as "overbreadth" and undue burden," as in Apple's cases.  *O. L. v. City of El Monte*, 2020 WL 7264549, at *5 (C.D. Cal. Oct. 30, 2020).  Masimo also provides additional evidence of burden in connection with this opposition.  Kahf Decl. ¶¶ 6-8.  The Special Master properly considered the burden of discovery, which distinguishes Apple's reliance on *Intex Recreation Corp. v. Bestway USA Inc*., 2021 WL 6618494, at *5 (C.D. Cal. Nov. 10, 2021) (not clear whether magistrate judge considered burden).  Masimo also proposed solutions, including that Apple serve more targeted requests, Ex. 42 at 66:24-67:4, or that the parties' damages teams confer and determine what targeted discovery might be appropriate.  *Id.* at 14:7-19, 41:10-22.  Apple was not interested.

Seventh, Apple argues broad discovery is appropriate because of the potentially large damages at issue.  But the Special Master acknowledged "proportionality involves weighing many competing considerations" including the "amount in controversy."  Ex. 45 at 2.  None of Apple's cases ordered the broad discovery sought by Apple.  *See* Dkt. 503 at 2 (granting discovery of aspects of future versions of Apple Watch that measure physiological parameters); *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 516 (C.D. Cal. 2019) (authorizing psychopathology test on plaintiff); *Nutrition Distrib. LLC v. IronMag Labs, LLC*, 2018 WL 6307882, at *2 (C.D. Cal. Oct. 29, 2018) (granting discovery as to certain litigation-related activities).  Masimo has more than satisfied its discovery obligations and Apple's objections should be overruled.

## IV.  **CONCLUSION**

For the reasons discussed above, the Court should overrule Apple's objections.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 21, 2022

By: */s/ Baraa Kahf*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55686557

-16-