UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00048 JVS (JDEx)    Date  June 23, 2022

Title  Masimo Corporation et al. v. Apple Inc.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion to Confirm Patent Stay Has Ended**

Before the Court is Plaintiffs' motion to confirm that the stay of the patent claims has ended.  See Mot., ECF No. 735; see also ECF Nos. 736 (Memo P&A), 745 (Sealed Memo P&A). The Motion is fully briefed.  See Opp., ECF Nos. 735, 755 (Sealed); Reply, ECF Nos. 760, 763-1 (Sealed)[1]. A review of the briefing shows this matter may be decided without the need for oral argument.  Fed. R. Civ. P. 78; L.R. 7-15. The Court **VACATES** the June 27, 2022, hearing.

For the reasons stated below, the Court **DENIES** Plaintiffs' motion.

## I.    Background

On October 13, 2020, to promote efficiency pending the outcome of IPR proceedings, the Court stayed Plaintiffs' patent infringement-related claims (i.e., Claims 1-12 of the then-current Second Amended Complaint). See ECF Nos. 220 (Sealed), 222 (Redacted) ("Stay Order"). Plaintiffs now move to "confirm that the

---

[1] No standalone version of the Sealed Reply has been filed. See ECF No. 765 (Order granting Application to Seal).

patent stay is no longer in effect for U.S. Patent Nos. 8,457,703 and 10,433,776." Mot. at 1. Specifically, because the IPR proceedings before the PTAB have concluded and Apple was unsuccessful at invalidating those two patents, Plaintiffs seek "confirmation" that the patent stay is over and was never intended to remain in place during a Federal Circuit appeal. Id. Plaintiffs believe the stay is over because, in moving to stay, Apple sought a stay only through completion of the PTAB proceedings, not further appellate proceedings. See id. (citing ECF No. 196-1 (Apple sought stay "pending final disposition of Apple's petitions for Inter Partes Review ('IPR') challenging all asserted claims of the twelve asserted patents before the Patent Trial and Appeal Board ('PTAB').)"; id. at 2 ("[t]he patent infringement case can easily be restarted should [Masimo] prevail in the PTAB")). Therefore, Plaintiffs conclude that Apple now should be precluded from seeking a longer stay. Mot. at 1-2. In further support of their request, Plaintiffs also argue that proceeding with these two patents now will not disrupt the March 2023 trial date because the IPR proceedings have narrowed Apple's invalidity arguments, the parties have already taken extensive discovery overlapping with these claims, and the current schedule can accommodate adding the necessary patent dates. Id. at 6-9.

Apple responds that a stay through appeal is warranted because it moved for a stay "'pending final disposition of Apple's petitions for Inter Partes Review,'" Opp. at 1 (quoting ECF No. 196-1 at 1)); "Apple's proposed order stated expressly that it was seeking a stay 'pending the conclusion of Inter Partes Review proceedings … and any subsequent appeals therefrom,'" id. (quoting ECF No. 196-2); and its "reply brief made a similar request, asking the Court to 'stay … the patent infringement case pending final resolution of Apple's IPR petitions.'" Id. at 3 (quoting ECF No. 217 at 25). Apple contends that, "[b]y statute, the Patent Office's ruling on an IPR petition is not final until 'the time for appeal has expired or any appeal has terminated.'" Id. at 4 (quoting 35 U.S.C. § 318(b)). Even assuming Apple did not request a stay through appeal, Apple argues that nothing in the Stay Order suggests the Court granted the stay based on an understanding that the stay would last only through the PTAB's decision. Id. at 5. Apple also argues that, applying the same factors the Court considered initially, a stay remains warranted. Id. at 6-12. Finally, Apple observes that, before the PTAB, it was unsuccessful on only two of the twelve instituted IPRs, and if it prevails on appeal, the patent claims would be moot here; conversely, if Plaintiffs succeed on any of their own ten appeals, lifting the stay now would result in two patent trials. Id. at 1,

6, further supporting a continued stay.[2]

In reply, Plaintiffs argue that Apple should not be allowed to seek new relief in an opposition, and in any event its arguments for a continued stay lack merit. See generally Reply. Further, Plaintiffs argue that they would be "severely prejudiced by a new stay as Apple is now flooding the market with pulse oximetry products that compete with Masimo." Id. at 1. Plaintiffs reiterate that lifting the stay would not disrupt the current case schedule and trial date. Id. at 4-6. Plaintiffs also argue that the Court should not enter a new stay because substantial overlapping discovery has been completed; the Federal Circuit affirms the vast majority of PTAB decisions; and "Apple has now been flooding the market with its pulse oximetry products for twenty months" and the parties are "becoming closer competitors by the day." Id. at 8-15.

## II.   Legal Standard

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to stay an action pending IPR, a court's discretion is typically guided by three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (quoting Aten International Co., Limited v. Emine Technology Co., Limited, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).

The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." Allergan Inc. v. Cayman Chemical Co., 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted). In addition, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." Limestone v. Micron Technology, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

---

[2] Both parties have appealed their respective IPR losses to the Federal Circuit (i.e., all twelve patents are subject to appeal).

## III.   Analysis

The Court begins by considering what impact, if any, the Stay Order has on the present dispute. In the proceedings underlying the Stay Order, neither party addressed whether any stay should continue through any theoretical appeals. Accordingly, the Stay Order did not decide the issue. Although the parties have now presented that question to the Court in an unusual procedural posture,[3] in the interest of efficiency the Court will answer the question.[4]

*First*, in the Stay Order, the Court found that the stage of the proceedings favored a stay because the case was in its early stages. See Stay Order at 3-4. Due to the stay, save for some overlapping discovery, the patent claims have necessarily remained at the same stage. Since the original stay is what prevented the patent claims from proceeding further, the Court concludes that this factor neither favors or disfavors a stay. This is because the stay necessarily prevented the development of any facts that would allow for an updated, meaningful analysis of this factor. See DivX, LLC v. Netflix, Inc., No. CV 19-1602-PSG-DFMx, 2022 WL 1208167, at *4 (C.D. Cal. Mar. 29, 2022) ("although the early stage of the proceedings in each case remains unchanged [because of the stay], the Court finds the first factor neutral"). Thus, this factor is unhelpful to the overall analysis.

*Second*, in the Stay Order, the Court found that simplification of the issues favored a stay because "[t]he outcome of the IPR[s] may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved." Stay Order at 6. The Court finds that this remains true.

Here, Apple filed petitions on all asserted claims of all twelve asserted patents and the PTAB instituted all of the proceedings. Plaintiffs won nine and Apple won two of those proceedings, and now *both* parties are appealing *all* of the

---

[3] For example, the previous non-moving party is now the moving party, neither party identified this issue in the nearly two years since the Stay Order issued, and the parties declined to present the issue to the Court in the form of a joint report seeking guidance.

[4] Relatedly, to the extent each party complains that the opposing party included arguments at the improper time (e.g., Apple presents arguments supporting a continued stay in its Opposition and Plaintiffs present new arguments concerning prejudice for the first time in Reply), again, in the interest of efficiency and considering the somewhat unusual procedural posture in which this question has been presented, the Court will consider all arguments presented by the parties.

PTAB's decisions adverse to their respective positions. See, e.g., Limestone, 2016 WL 3598109, at *4 (where the IPR would involve "nearly all claims asserted in this action, the outcome of the IPR ha[d] the potential to significantly narrow the scope and complexity of the litigation"). The parties' and the Court's resources will continue to be preserved if the stay remains in place until the Federal Circuit makes a final determination about these patents.

Further, considering the manner in which the trade secrets component of this case is being litigated by both parties (e.g., little success during the meet and confer process resulting in heavy motion practice before the Special Master and this Court on a steady and ongoing basis on even small issues), the Court concludes that it would be a waste of resources to proceed immediately with only two patents while appeals are pending on all twelve patents. The Court does not wish to multiply the proceedings unnecessarily and asks the parties to be mindful of this consideration.

Finally, although not necessary to the Court's weighing of this factor, the Court tends to agree with Apple that injecting two patent counts at this late stage of the trade secrets case would render the current, carefully negotiated schedule untenable. See, e.g., Order, ECF No. 586 ("Given the talent and experience of counsel on both sides, the current [scheduling] situation is at a minimum perplexing."). With trial about nine months away, the Court does not believe that any patent claims would be ready for trial on the same schedule (e.g., at a minimum, the parties would have to exchange updated contentions, go through the entire Markman process, and address any patent-related summary judgment matters).

For the reasons explained, the Court finds that the second factor continues to favor a stay.

*Third*, in the Stay Order, the Court found that undue prejudice or tactical advantage slightly disfavored a stay because the parties "are certainly not sole competitors [in the relevant market], which reduces the amount of prejudice that Plaintiffs would suffer," but with twelve patents at issue, "[d]elay may result in the loss of evidence or the inability of witnesses to recall specific facts." Stay Order at 6-7.

Although Plaintiffs continue to argue competitive harm and argue they are prejudiced by Apple flooding the market, they do not aver that they are sole

competitors in the relevant market, so that fact has not changed. See id. at 6 ("The existence of other competitors in the relevant market 'undermines the weight that should be afforded Plaintiff's contentions of undue harm.'") (quoting Wonderland Nursery Goods Co., Limited v. Baby Trend, Inc., 2015 WL 1809309 at *4 (C.D. Cal. 2015)). Additionally, more than two years into this litigation, Plaintiffs do not argue or cite circumstances suggesting the passage of time has led to the loss of evidence or fading memories. Accordingly, the Court finds that this factor continues to slightly favor a stay.

Considering the totality of the present circumstances, the Court finds that, on balance, continuing the stay is warranted, particularly where the potential for simplification favors a stay and the potential for prejudice or tactical advantage only slightly favors a stay.

For the reasons stated, the Court **DENIES** the Motion. After considering the parties' current arguments, the Court rules that the stay shall continue through the Federal Circuit's decision on the PTAB's IPR decisions.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |