JOSHUA H. LERNER, SBN 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, pro hac vice
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT TO THE FOURTH AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

# ANSWER

Defendant Apple Inc. ("Apple"), by its undersigned counsel, hereby responds to the First Supplement to the Fourth Amended Complaint ("Supplement") filed against it by Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs"). Apple hereby incorporates by reference its Amended Answer to Plaintiffs' Fourth Amended Complaint.

# GENERAL DENIAL

Except as otherwise expressly admitted in this Answer and/or Apple's Amended Answer to Plaintiffs' Fourth Amended Complaint, Apple denies each and every allegation contained in the Fourth Amended Complaint and Supplement, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the Supplement, and specifically denies any liability to Plaintiffs. Pursuant to Federal Rule of Civil Procedure 8(b), allegations in the Supplement to which no responsive pleading is required shall be deemed to be denied. Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.[1]

# RESPONSE TO SPECIFIC ALLEGATIONS

Incorporating the foregoing, Apple states as follows in response to specific allegations in the Fourth Amended Complaint and Supplement:

1. Apple admits that Masimo is a Delaware corporation with its principal place of business located at 52 Discovery, Irvine, California 92618.

2. Apple admits that Cercacor is a Delaware corporation with its principal place of business located at 15759 Alton Pkwy, Irvine, California 92618.

9. Apple admits that Masimo is a medical technology company that has focused on the clinical setting. To the extent a response is required to the remaining allegations in paragraph 9 of the Fourth Amended Complaint, Apple lacks knowledge

---

[1] Answers to each paragraph of the Supplement are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the Supplement or any subsequent amended complaint.

1

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT TO THE FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)

or information sufficient to form a belief about the truth of the allegations, and therefore Apple denies them.

13. Apple admits that Masimo has sought and received multiple U.S. patents. To the extent a response is required to the remaining allegations in paragraph 13 of the Fourth Amended Complaint, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore Apple denies them.

15. On information and belief, Apple admits that Masimo Laboratories, Inc. was founded in 1998 and later changed its name to Cercacor Laboratories Inc. and that there is a cross-license agreement between Cercacor and Masimo. To the extent a response is required to the remaining allegations in paragraph 15 of the Fourth Amended Complaint, Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore Apple denies them.

21. Apple admits that it hired Marcelo Lamego in 2014. Apple denies that it "systematically recruited other key Masimo personnel, such as Marcelo Lamego." On information and belief, Apple admits that Marcelo Lamego was a Masimo employee in approximately 2000-2001 and 2003-2006 and Cercacor Chief Technical Officer during 2006-2014. To the extent a response is required to the remaining allegations in paragraph 21 of the Fourth Amended Complaint, Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore Apple denies them.

372. Apple admits that on May 18, 2021, U.S. Patent Application No. 15/960,507 issued as U.S. Patent No. 11,009,390.

373. To the extent paragraph 373 implicates legal conclusions, no response is required. To the extent a response is required, Apple admits that Plaintiffs' Twenty-Sixth Cause of Action (Declaratory Judgment of Ownership of U.S. Patent Application No. 15/960,507) now seeks declaratory judgment of ownership of U.S. Patent No. 11,009,390. Apple denies all remaining allegations and characterizations in paragraph 373 of the Supplement.

374. To the extent paragraph 374 implicates legal conclusions, no response is required. To the extent paragraph 373 incorporates paragraphs 359-364 of Plaintiffs' Fourth Amended Complaint (Dkt. 296-1), Apple incorporates by reference its responses to the foregoing from its Amended Answer to Plaintiffs' Fourth Amended Complaint (Dkt. 296-1). For avoidance of doubt, Apple otherwise denies all remaining allegations and characterizations set forth in paragraphs 359-364 of Plaintiffs' Fourth Amended Complaint (Dkt. 296-1). To the extent that a response is required as to paragraph 374, Apple admits that the first claim of U.S. Patent No. 11,009,390 reads as follows:

> A biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: a plurality of emitters, each configured to transmit modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site and an analog to digital converter to receive an output of the high pass filter.

Apple denies the remaining allegations and characterizations in paragraph 377 of the Supplement.

375. Apple hereby incorporates by reference its prior responses to the allegations set forth in paragraphs 1 through 26 and 47 through 50 of the Fourth Amended Complaint (Dkt. 296-1) set forth in Apple's Amended Answer to Plaintiffs' Fourth Amended Complaint (Dkt. 296-1).

376. Apple admits that the first page of U.S. Patent No. 11,009,390 lists Marcelo Lamego as an inventor and is presently recorded as owned by Apple.

377. To the extent paragraph 377 of the Supplement implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that the first claim of U.S. Patent No. 11,009,390 reads as follows:

> A biometric sensor within a housing of a wearable electronic device, the biometric sensor comprising: a plurality of emitters, each configured to transmit modulated light toward a measurement site of a subject through a first aperture in the housing; an optical sensor for receiving modulated light through a second aperture in the housing, the modulated light at least partially exiting the measurement site; a high pass filter to receive an output of the optical sensor, the high pass filter having a cutoff frequency above a frequency of a periodic optical property of the measurement site and an analog to digital converter to receive an output of the high pass filter.

Apple denies all remaining allegations and characterizations in paragraph 377 of the Supplement.

378. To the extent paragraph 378 of the Supplement implicates legal conclusions, no response is required. To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 378 of the Supplement, and therefore Apple denies them.

379. To the extent paragraph 379 of the Supplement implicates legal conclusions, no response is required. To the extent that a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in paragraph 379 of the Supplement, and therefore Apple denies them.

380. To the extent paragraph 380 of the Supplement implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that an agreement between Marcelo Lamego and Cercacor is attached as Exhibit A to Apple's Motion to Dismiss (Dkt. 16-3). Apple denies the remaining allegations and characterizations in paragraph 380 of the Supplement.

381. To the extent paragraph 381 of the Supplement implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations in paragraph 381 of the Supplement.

### SUPPLEMENTAL PRAYER FOR RELIEF

The section of the Supplement titled "Supplemental Prayer for Relief" sets forth the statement of relief requested by Plaintiffs to which no response is required.  Apple denies that Plaintiffs are entitled to any relief against Apple, and requests that the Court dismiss all claims with prejudice and order such further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

Apple hereby incorporates by reference the affirmative defenses asserted in its Amended Answer to the Fourth Amended Complaint (Dkt. 305-1).  In addition to the affirmative defenses incorporated by reference above, Apple specifically reserves all rights to assert additional affirmative defenses as additional information becomes available.

### RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses.  Apple has not knowingly and intentionally waived any applicable defenses.  Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Federal Rule of Civil Procedure 8(c), and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues, as discovery may require, and/or if the Court lifts the current stay of the patent infringement case (Dkt. 220).

### JURY TRIAL DEMAND

Apple demands a trial by jury on all issues so triable.

DATED: June 27, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

MARK D. SELWYN
JOSHUA H. LERNER
WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
  Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

6

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENT TO THE FOURTH AMENDED COMPLAINT
CASE NO. 8:20-CV-00048-JVS (JDEX)