JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S REPLY IN SUPPORT OF ITS MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)** <br><br> Date:  July 11, 2022 <br> Time: 1:30pm <br> Discovery Cut-Off: August 12, 2022 <br> Pre-Trial Conference: March 13, 2023 <br> Trial: March 28, 2023 |

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

# **TABLE OF CONTENTS**

Page

I.      Introduction ........................................................................................... 1

II.     Argument ............................................................................................... 2

        A.      Apple Has Satisfied The Procedural Requirements For
                Reconsideration ....................................................................... 2

        B.      This Court Should Modify Its Ruling Regarding █████████
                ██████████ ........................................................................ 7

III.    Conclusion ............................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Freeman Inv. Mgmt. Co. v. Frank Russel Co.*,
    2016 WL 5719819 (S.D. Cal. Sept. 30, 2016) ................................................7

## STATUTES AND RULES

L.R. 7-18(a)..................................................................................................4

L.R. 7-18(b) .................................................................................................5

Federal Rule of Civil Procedure 26(e)(1)(A)............................................................1

1

## I.    INTRODUCTION

2     There is no dispute that—for two years after Apple served Plaintiffs with an

3  interrogatory asking them to "state precisely how [they] contend that Apple … has used,

4  is using [or] plans to use" Plaintiffs' alleged trade secrets, Ex. A at 7—Plaintiffs'

5  response  identified  ████████████████████████████████████████████

6  ███████████████████  There is also no dispute that when ████████████████

7  ███████████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████████████████

9  █████████████████████████████  And there is no dispute Plaintiffs waited until 8:35pm

10  on  the  fourteenth  day  after  this  Court's  original  ruling  to  update  their  response  to

11  Interrogatory No. 10 to include ████████████████████████████████████████

12  ███████████████████████████████████████████████████████████████████

13  ██████████████████████████████████████

14     Plaintiffs' primary justification for this eleventh-hour expansion of their trade

15  secrets  case  is  that  █████████████████████████████████████████████████

16  ███████████████████████████  *E.g.*, Opp. 12; *see also* Opp. 6.  But the

17  evidence they cite in support of this statement is limited to ████████████████████

18  ███████████████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████████████

20  ███████████████████████████████████████████████████████████████████

21  ███████████████████████████████████████████████████████████████████

22  ████████████████████████████  *see* Dkt. 543-1 at 13.  Indeed, if ██████████

23  ███████████████████████████████████████████████████████████████████

24  █████████████████████████████████████████  they appear to have violated their

25  duty under Rule 26(e)(1)(A) to promptly supplement their response to Interrogatory No.

26  10.

27

28

Plaintiffs' assertion (at 14) that Apple is seeking "drastic relief" is wrong.  Apple merely asks that this Court to modify its trade secret disclosure ruling to hold Plaintiffs to their same position of the last two years—i.e., ████████████████████████ ████████████████████████████████████████  ████████████████████████  Such a ruling would give Plaintiffs everything they expressly sought in their initial motion while keeping Plaintiffs' trade secret case within the bounds that existed until just last month.

## II.    ARGUMENT

### A.    Apple Has Satisfied The Procedural Requirements For Reconsideration

Even setting aside this Court's inherent authority to modify interlocutory orders, Apple's motion satisfied Local Rule 7-18's criteria for reconsideration—either because (1) Plaintiffs' supplemental response was a "material difference in fact … from that presented to the Court" (since Plaintiffs' prior briefing identified only ████████ ████████████████████████ or (2) Plaintiffs' supplemental response to Interrogatory No. 10 constituted "new material facts" (in that Plaintiffs did not provide Apple ████████████████████████████ until 14 days after this Court's ruling).  Mot. 6-7.  Plaintiffs' arguments to the contrary are meritless.

*First*, Plaintiffs contend that Apple cannot show good cause for filing this motion more than fourteen days after this Court's order.  Opp. 7-8.  But Plaintiffs do not dispute that it was impossible for Apple to comply with the normal fourteen-day rule since Plaintiffs served their supplemental response to Interrogatory No. 10 on the evening of the fourteenth day.  The delayed timing of Plaintiffs' service of their response either undermines Plaintiffs' assertion ████████████████████████ ██████ and/or seems to have been calculated to prevent Apple from being able to comply with the fourteen-day rule.  While Plaintiffs (at 7) appear to blame this Court's order for their delay, nothing in this Court's ruling required them to wait until 8:35pm on the last

possible day.  Rather, this Court ordered them to supplement their response "*within* 14 days" "*if*" there were ███████████████████████████ ███████████████████████████████ Dkt. 669 at 6 (emphases added).  Indeed, if Plaintiffs had long understood the ███████████████████████████████ ███████████████████████████████, they presumably could have filed their supplement within a few days of this initial ruling.

Plaintiffs also argue that Apple cannot show good cause because it did not file its motion immediately after receiving the supplemental interrogatory response.  Opp. 7-8. But Local Rule 7-18 only requires a party to show good cause for why the motion for reconsideration was not filed within the initial, fourteen-day window and Apple has done so.  *See* L.R. 7-18 ("Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application."); *supra* pp. 2-3.  In any event, as Apple has explained, a significant implication of Plaintiffs' position—███████████████████████████████ ███████████████████████████████—did not become apparent until late May and the parties accordingly did not meet and confer on this motion until May 31.  *See* Ex. E at 1-6.  At that point, Local Rule 7-3 required Apple to wait another seven days before filing the present motion, meaning that the earliest Apple could have filed the instant motion was June 7 and the earliest possible hearing date under Local Rule 6-1 was July 11—the very date this motion is scheduled to be considered.

Plaintiffs relatedly assert (at 7-8) that ████ █████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████

1 █████████[1]

2     *Second*, Plaintiffs contend that their decision ████████████████████

3 ███████████████████████████████ was fully consistent with the position

4 they took in their briefing before this Court.  Opp. 8-9; *cf.* L.R. 7-18(a).  However, their

5 half-hearted assertion (at 8) that the fact that the ████████████████████████

6 ████████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████████

8 ████████████

9     Plaintiffs' related argument (at 5 & n.2) that they ████████████████

10 ███████████████████████ "due to [briefing] space constraints" imposed by the

11 order appointing the Special Master is meritless.  Plaintiffs' opening brief was nearly

12 half a page under the limit, *see* Dkt. 647-1 at 5. In any event, such information would

13 have taken up just a few lines in the reply, *cf.* Opp. 10-13 ███████████████

14 █████████████████████████, and in any event Plaintiffs could have asked for a

15 little more space if truly required.  Given that Apple's opposition squarely raised

16 Plaintiffs' previous failure ████████████████████████████████████

17 █████████████████████, *see* Mot. 8-9, Dkt. 650-2 at 4 n.4, Plaintiffs present no

18 reason—beyond gamesmanship—for why they did not make space ████████████

19 ████████████████████████

20     Plaintiffs additionally contend that their briefing ██████████████

21 ████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████

23 ███████████████████ Opp. 8-9; *see also* Dkt. 647-2 at 47.  This Court did not credit that

24 argument, perhaps because Plaintiffs ████████████████████████████████████

25 _____

26 [1] ████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████

28 ████████████████

1  ██████████████████████████████████████ *See* Dkt. 669 at 6.  In any event,

2  as Plaintiffs sheepishly concede (at 8), they made no attempt to ████████████

3  ████████████████████████ Accordingly, ████████████████████████████

4  ████████████████████████████████████ was new information

5  previously withheld from the Court.[2]

6      *Third*, Plaintiffs argue that █████████████████████████████

7  ████████  are not new material facts because ██████████████████████

8  ████████████████ Opp. 9-10; *cf.* L.R. 7-18(b).  Plaintiffs fail to identify a factual

9  basis for this sweeping assertion—particularly given that it is undisputed both that (1)

10  █████████████████████████████████████████

11  █████████████████████████████████████████

12  █████████████████████████████████████████

13  █████████████████████████████████████████

14  █████████████ Indeed, Plaintiffs concede that no filing in this case had

15  ever before discussed ████████████████████████████████████████

16  ████████████████████████████████ ██[3]

17      Because Plaintiffs failed to respond to Apple's direct oral and written requests for

18  more information about the ██████████████, they are forced to rely primarily on a

19  smattering of statements made in unrelated discovery filings.  Plaintiffs largely cite their

20  own RFPs, but most of those requests do not mention ███████████████ and *none* of

21  them mention █████████████████████████ Opp. 3-4, 9; *see also* Dkt. 539

22  _____

23  [2] Plaintiffs also contend (at 6, 9) that the fact that Court ordered them to supplement

24  their response at all justifies their decision ██████████████████████████████
██████████████████████████████████████████████████

25  ██████████████████████████████████████████████████

26  [3] Plaintiffs' suggestion (at 9-10) that Apple should have guessed ████████████

27  ██████████████████████████████████████████████████

28  ██████████████████████████████████████

1  at 7 (Special Master chiding Plaintiffs for failing to name ███████████

2  ████████████████████  Although Plaintiffs point to the fact the Special Master

3  ordered Apple ████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ██████████████████████████████████████████

7  　　　　Plaintiffs also argue that the fact that Apple's *responses* to Plaintiffs' general

8  interrogatories regarding ██████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████  somehow put

11 Apple on notice that ██████████████████████████████████  Opp. 4, 9

12 (citing Exs., 8, 9).  Of course, that gets things exactly backwards—Apple's disclosure

13 of facts about its defensive case says little about Plaintiffs' affirmative case.  Notably,

14 moreover, Apple's response to Interrogatory No. 17 expressly stated that ███████

15 ████████████████████████████  *See* Ex. 8 at 46, 52, 53, 55, 56.[4]

16 　　　　Finally, Plaintiffs rely on ████████████████████████████████

17 ██████████████████████████████████████████  Opp. 2, 9 (citing Dkt.

18 296-1 ¶ 246).  As Plaintiffs concede, however, ████████████████████████

19 ██████████████████  And although Plaintiffs try to read in unquoted language from

20 Apple's website that █████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████

22 ████████████████████████  *See* Dkt. 543-1 at 13.  Even if paragraph 246's

23 vague language *could* have put Apple on notice prior to that tactical decision, Plaintiffs'

24

25 ──────────────────────

26 [4] Similarly, Plaintiffs' assertion (at 4) that the fact that Apple sought discovery on Plaintiffs' knowledge of ███████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████████████

28

1    disclaimer obviated any such notice.[5]

2    **B.     This Court Should Modify Its Ruling Regarding** ██████████████

3    ████████

4    As explained, this Court should modify its ruling to make clear ██████████████

5    ███████████████████████████████████████████████████████████████████████

6    ████████████████████████████████   Mot. 8-10.  Plaintiffs make three basic

7    arguments in response, none of which is persuasive.

8    *First*, Plaintiffs criticize Apple for relying on *Freeman Inv. Mgmt. Co. v. Frank*

9    *Russel Co.*, 2016 WL 5719819 (S.D. Cal. Sept. 30, 2016), to show that courts disfavor

10   expanding the scope of a trade secret at a late stage in the case because (in Plaintiffs'

11   view) *Freeman* improperly "suggest[s] a high standard for amending trade secret

12   disclosures."  Opp. 11.  This Court's original ruling cited exactly the same language

13   from *Freeman* as Apple.  *Compare* Dkt. 669 at 6 *with* Mot. 6.[6]

14   *Second*, Plaintiffs argue that the fact that their May 12, 2022 supplemental

15   response ███████████████████████████████████████████████████████████████████

16   ██████████████████████████████████████████   Opp. 12-13.  As explained

17   above, however, Plaintiffs had not previously argued that any of ██████████████

18   ████████████████████████████████████████████████████████████████   As Plaintiffs

19   themselves acknowledge just one page earlier, this Court's prior ruling was premised on

20   the   assumption   that   ██████████    ██████████    ██████████    ████    ████████

21   ████████████████████████   Opp. 11.   ████████████████████████████████████

22   ███████████████████████████████████████████████████████████████████████

23

24   _____

25   [5] ████████████████████████████████████████████████████████████████████████

26   ────────────────────────────────────   ithin the scope of Plaintiffs' trade
     secret claim.

27   [6] This also answers Plaintiffs' argument (at 14) that Apple has not "cited the legal

28   standards for excluding evidence of misappropriation."

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████

3      Plaintiffs also state that the supplemental response's reference to ███████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████

6 █████████████████████████████ Opp. 10.  Apple respectfully requests that—at

7 a minimum—this Court modify its prior order to reflect this new concession.[7]

8      Finally, Plaintiffs repeat several of their merits argument from their initial

9 briefing.  *Compare* Dkt. 776-1 at 12-13 *with* Dkt. 647-5 at 2-3.  Because Local Rule 7-

10 18 prohibits Apple from "repeat[ing] any … written argument made in support" of the

11 original motion, Apple respectfully refers this Court to its original opposition brief.  *See*

12 Dkt. 647-3 at 4-5.

13      *Third*, Plaintiffs contend that Apple cannot use a motion for reconsideration to

14 ask this Court to narrow the scope of its prior ruling.  Opp. 13-14.  But their only

15 authority for this point—one of this Court's prior rulings in this case—is entirely

16 inapposite.  There, Plaintiffs filed a motion to "*enforce*" one of Magistrate Judge Early's

17 discovery rulings, but in doing so sought *greater* relief than Judge Early has originally

18 awarded.  *See* Dkt. 732 at 2, 6 (emphasis added).  Moreover, as this Court noted,

19 Plaintiffs retained the option to seek "further relief" in front of the Special Master in the

20 first instance.  *Id.* at 6-7.  Here, because Plaintiffs ████████████████ from Apple

21 and this Court until two weeks after this Court's initial decision, Apple has no other

22 recourse for modifying this Court's order beyond a motion for reconsideration in light

23 of Plaintiffs' post-ruling actions.

24

25 _____

26 [7] To the extent that Plaintiffs (at 10) are obliquely pledging only ███████████████

27 ████████████████████████████████████████—that kind of gamesmanship should be

rejected.  *See* Mot. 9-10.

28

1

### III.   CONCLUSION

2

Apple respectfully requests that the Court modify its Order (Dkt. 669) ██████

3

██████████████████████████████████████████████████████████

4

██████████████████████████████████████████████████████████

5

██████████████████████████████████████████████████████████

6

███  ███  ███  ████  █████  ████  ██  ██  █    ███████   ████████

7

8

Dated:  June 27, 2022                    Respectfully submitted,

9

                                         JOSHUA H. LERNER

10                                       H. MARK LYON
                                         BRIAN M. BUROKER

11                                       BRIAN A. ROSENTHAL
                                         ILISSA SAMPLIN

12                                       ANGELIQUE KAOUNIS
                                         GIBSON, DUNN & CRUTCHER LLP

13

14                                       KENNETH G. PARKER

15                                       HAYNES AND BOONE, LLP

16                                       JOSHUA H. LERNER

17                                       MARK D. SELWYN
                                         NORA Q.E. PASSAMANECK

18                                       WILMER CUTLER PICKERING HALE AND

19                                       DORR LLP

20

21                                       By:  */s/ Mark D. Selwyn*

22                                              Mark D. Selwyn

23

24                                       *Attorneys for Defendant Apple Inc.*

25

26

27

28