JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF OBJECTIONS TO SPECIAL MASTER ORDER NO. 9** <br><br> Date: July 11, 2022 <br> Time: 1:30 p.m. <br><br> Discovery Cut-Off: Aug. 12, 2022 <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

BRIAN A. ROSENTHAL, *pro hac vice*
   brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
   akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
   ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
   mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
   nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

# TABLE OF CONTENTS

I.      Introduction ........................................................................................................ 1

II.     Argument ............................................................................................................ 2

        A.      Plaintiffs' Late-Breaking Production Of ITC Documents Does Not
                Moot Apple's Motion As To RFP Nos. 358, 360, 361, 364, 366,
                369, 371, 373, 374, And 375. ...................................................................... 2

        B.      Plaintiffs' Efforts To Justify Their Refusal To Provide Discovery In
                Response To RFP Nos. 346 And 350 Should Be Rejected. ...................... 7

III.    Conclusion ........................................................................................................ 12

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**CASES**

4

5

*Attia v. Google LLC*,
        2018 WL 4202151 (N.D. Cal. Sept. 4, 2018) .................................................4

6

7

*Cheng v. AIM Sports, Inc.*,
        2011 WL 13196557 (C.D. Cal. Mar. 30, 2011) ............................................5

8

9

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
        2013 WL 12090042 (S.D. Fla. June 14, 2013) .............................................5

10

*MarketLinx, Inc. v. Industry Access Inc.*,
        2013 WL 12133884 (C.D. Cal. Jan. 2, 2013).................................................9

11

12

*MCC Controls v. Hal Hays Construction*,
        2020 WL 6034321 (C.D. Cal. July 23, 2020) ...............................................9

13

14

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
        575 F.2d 1152 (6th Cir. 1978) ......................................................................5

15

16

*Polaris Innovations Ltd. v. Kingston Tech. Co.*,
        2017 WL 3275615 (C.D. Cal. Feb. 14, 2017) .............................................11

17

18

19

*Qualcomm Inc. v. Broadcom Corp.*,
        2008 WL 66932 (S.D. Cal. Jan. 7, 2008), *vacated in part on other
        grounds*, 2008 WL 638108 (S.D. Cal. Mar. 5, 2008).....................................6

20

*Stanford Hosp. & Clinics v. Serv. Emps. Int'l Union, Loc. 715*,
        2008 WL 4532557 (N.D. Cal. Oct. 8, 2008)................................................12

21

22

*Tyler v. City of San Diego*,
        2015 WL 1955049 (S.D. Cal. Apr. 29, 2015) .............................................11

23

**STATUTES, RULES, AND REGULATIONS**

24

19 U.S.C. § 1337(d) .................................................................................................5

25

26

27

28

## I.     INTRODUCTION

Plaintiffs' opposition to Apple's objections (Dkt. 780-1 ("Opp.")) makes no attempt to dispute the relevance of the discovery sought in Apple's Request for Production ("RFP") Nos. 346, 350, 358, 360, 361, 364, 366, 369, 371, 373, 374, and 375.  Nor could it.  Plaintiffs have indicated that they will be seeking ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ Yet Plaintiffs refuse to provide discovery sufficient to show ███████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Plaintiffs also refuse to provide discovery responsive to the full scope of Apple's requests for ████████████████████████████████████████████████████████████████ ██████████████████████████.  Tacitly recognizing the relevance of the requested discovery, Plaintiffs now seek to justify their refusal to produce by resorting to vague and unsupported assertions of "burden."  But Plaintiffs' arguments simply do not (and cannot) justify their failure to provide highly relevant discovery that would be appropriate in any case where ████████████████████████████████████████ █████████████████████████.

Plaintiffs first try to brush aside Apple's motion as "moot" with respect to RFP Nos. 358, 360, 361, 364, 366, 369, 371, 373, 374, and 375 because Plaintiffs recently reproduced the entirety of their production from a separate action pending in the International Trade Commission ("ITC").  But conspicuously absent from Plaintiffs' brief and newly-offered attorney declaration is any assertion that the ITC production satisfies the *full scope* of Apple's requests.  It does not.  As Apple has made clear throughout, to the extent the documents produced in the ITC action did not address the

1   full scope of Apple's RFPs, Plaintiffs should be compelled to search for and produce

2   any such non-overlapping documents in this case.

3          Plaintiffs take a scattershot approach with respect to Apple's RFP Nos. 346 and

4   350.  Doubling down on the Special Master's conclusory assertion that the RFPs are

5   overbroad "on [their] face" (Ex. 45 at 3-4 (Order No. 9)), Plaintiffs ignore the language

6   and scope of the RFPs—which are limited to documents "sufficient to show" ████

7   ████████████████████████████████████████████████████████████

8   ████████████████████████  Plaintiffs emphasize that they have produced some

9   responsive documents—but that is, if anything, part of the problem.  If left intact, the

10  Special Master's order will embolden Plaintiffs to continue selectively producing

11  documents on which Plaintiffs will likely rely to support their extreme damages demand,

12  while at the same time withholding relevant documents that Apple has requested, which

13  are necessary to respond to that demand.

14         Because the requested discovery is indisputably relevant to at least Plaintiffs' ██

15  ████████████  the value (or lack thereof) of the alleged trade secrets, and the extent

16  to which Plaintiffs' alleged trade secrets remain (or will remain) secret, Apple

17  respectfully requests that the Court order Plaintiffs to provide discovery in response to

18  Apple's RFP Nos. 346, 350, 358, 360, 361, 364, 366, 369, 371, and 373-375.

19  **II.    ARGUMENT**

20       **A.    Plaintiffs' Late-Breaking Production Of ITC Documents Does Not**

21              **Moot Apple's Motion As To RFP Nos. 358, 360, 361, 364, 366, 369, 371,**

22              **373, 374, And 375.**

23         Having reproduced their ITC production in this case more than two weeks after

24  Apple filed this motion, Plaintiffs now claim that production moots Apple's motion as

25  to RFP Nos. 358, 360, 361, 364, 366, 369, 371, 373, 374, and 375.  Not so.  While

26  Plaintiffs' long-delayed reproduction may contain documents responsive to ***some*** of the

27  RFPs at issue, Plaintiffs make no representation that the ITC production satisfies the ***full***

28

1    *scope* of Apple's requests, undermining Plaintiffs' mootness argument.

2         Contrary to Plaintiffs' assertion (Opp. 6), the parties' dispute did not "focus[] on

3    how Masimo would make its ITC production available in the district court." From the

4    outset, Apple sought to compel Plaintiffs to produce discovery responsive to the specific

5    RFPs it had served in this case, regardless of what Plaintiffs produced in the separate

6    ITC action. █████████████████████████████████████████

7    █████████████████████████████████████████████████

8    █████████████████████████████████████████████████

9    █████████████████████████████████████████████████

10   █████████████████████████████████████████████████

11   ████████    Rather, it was Plaintiffs—not Apple—███████████████

12   █████████████████████████████████████████████████

13   █████████████████████████████████████████████████

14   █████████████████████████████████████████████████

15   █████████████████████████████████████████████████

16   █████████████████████████████████████████████████

17   █████████████████████████████████████████████████

18   █████████████████████████████████████████████████

19   █████████████████████████████████████████████████

20   █████████████████████████████████████████████████

21   █████████████████████████████████████████████████

22   ████████████████████

23         Plaintiffs' opposition stays the course, now seeking to leverage the fact that

24   Plaintiffs have recently re-produced their *entire* ITC production in this action—most of

25   which has nothing to do with the RFPs at issue—to avoid agreeing to search for and

26   produce documents responsive to Apple's targeted RFPs in this case. Plaintiffs once

27   again mischaracterize the record. To be sure, Apple agreed that responsive documents

28

1    produced in the ITC action should be reproduced in this case.  But Apple also repeatedly

2    explained that, to the extent the documents produced in the ITC action did not address

3    the full scope of Apple's RFPs, Plaintiffs should be compelled to produce any such non-

4    overlapping documents in this case.  *See, e.g.*, ███████████████████████

5    ████████████████████████████████████████████████

6    ████████████████████████████████████████████████

7    ████████████████████████████████████████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   ███████

13       While Plaintiffs claim that, as a result of their reproduction of the ITC documents

14   in this case, they have "now produced a vast number of documents responsive to"

15   Apple's RFPs, Plaintiffs do not represent that the ITC production **fully addresses** each

16   of the categories of documents requested in the RFPs at issue in this motion.  Nor do

17   Plaintiffs explain what is missing.  For example, while Plaintiffs' counsel's declaration

18   asserts that Plaintiffs produced ████████████████████████████████

19   ███████  Plaintiffs say nothing about whether the ITC production would encompass

20   documents related to Plaintiffs' ██████████████████████████

21   ████████████████████████████████████████████  Such

22   documents are directly relevant to Plaintiffs' ████████████████████

23   ███████████████████████████████████████  that would

24   suggest that Plaintiffs' trade secrets held little value.  *See Attia v. Google LLC*, 2018 WL

25   4202151, at *2 (N.D. Cal. Sept. 4, 2018) (trade secret defendant entitled to discovery

26   related to "plaintiffs' prior unsuccessful efforts to commercialize" alleged trade secrets).

27       Similarly, while Plaintiffs claim their ITC production includes ██████████

28

██████████████████████████████████████████████████

Plaintiffs stay silent regarding whether the ITC production contains documents related to ██████████████████████████████████████████████████ ████████████████████, which is also directly relevant to Plaintiffs' lost profits damages claims.  *See Flexiteek Americas, Inc. v. Plasteak, Inc.*, 2013 WL 12090042, at *6 (S.D. Fla. June 14, 2013) ("Defendants are entitled to discover information related to the Plaintiffs' products and manufacturing capabilities[.]"); *cf. Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978) ("manufacturing … capability to exploit the demand" is one factor considered in assessing lost profits).  Nor have Plaintiffs represented that they conducted a search for ████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████

Plaintiffs' reproduction of their entire ITC production thus provides Apple little comfort that Plaintiffs have actually conducted a reasonable search for the ***specific categories*** of documents at issue in Apple's motion.  And it is unlikely that Plaintiffs have done so.  The ITC action involves no overlapping claims with the present action, and, in fact, contains no damages claims at all, as the only authorized remedy in the ITC is exclusion.  *See* 19 U.S.C. § 1337(d) ("If the Commission determines … that there is a violation of this section, it shall direct that the articles concerned, imported by any person violating the provision of this section, be excluded from entry into the United States ….").[1]

---

[1] Contrary to Plaintiffs' suggestion (Opp. 7), it is not Apple's obligation to determine whether Plaintiffs' "ITC production would … satisfy Apple's W1 requests."  The burden to provide relevant discovery from their own files rests with Plaintiffs, not Apple.  *See, e.g., Cheng v. AIM Sports, Inc.*, 2011 WL 13196557, at *8 (C.D. Cal. Mar. 30, 2011)

*(Cont'd on next page)*

███████████████████████████████[2] Plaintiffs make no attempt to dispute the

relevance of the requested discovery.[3]  Instead, Plaintiffs essentially argue that they have

produced a lot of pages in this case and should not have to produce any more.  *See* Opp.

7-8. But the volume of Plaintiffs' overall production—much of which is largely

irrelevant in view of Plaintiffs' decision to produce the entirety of their ITC production

in this case—does not excuse Plaintiffs from providing relevant discovery in response

to Apple's specific requests.[4]  *See Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932,

at *9 (S.D. Cal. Jan. 7, 2008) ("Producing 1.2 million pages of marginally relevant

documents while hiding 46,000 critically important ones … does not satisfy either the

client's or attorney's discovery obligations.  Similarly, agreeing to produce certain

categories of documents and then not producing all of the documents that fit within such

a category is unacceptable."), *vacated in part on other grounds*, 2008 WL 638108 (S.D.

Cal. Mar. 5, 2008).  As explained in Apple's opening brief (Dkt. 743-1 at 12-13), each

of the requests is relevant to multiple issues in the case, including Plaintiffs' damages

---

("[P]rinciples of fairness require that the burden of culling through" documents "be placed on plaintiffs, rather than on defendant" because "the burden of searching through plaintiffs' records … would be much greater for defendant").



[3] In passing, Plaintiffs claim that Apple failed to "explain[] why, for example, Masimo's efforts to obtain intellectual property are relevant to damages."  Opp. 7.  But as Apple explained (Dkt. 743-1 at 13), such efforts are "directly relevant to the extent to which Plaintiffs' alleged trade secrets remain (or will remain) secret (and thus may no longer qualify as a trade secret)."

[4] Plaintiffs' repeated references (Opp. 3-4, 7; *see also* Dkt. 780-2 ¶¶ 4, 11) to the number of "pages" the parties have produced is misleading and irrelevant.  Apple's motion should not be decided based on a comparison of the size of the parties' document productions, particularly where the mere size of the production says nothing about the *relevance* of the documents produced.

1  claims and the extent to which Plaintiffs' alleged trade secrets remain (or will remain)

2  secret.  Accordingly, Plaintiffs should be ordered to produce any documents responsive

3  to Apple's RFP Nos. 358, 360, 361, 364, 366, 369, 371, 373, 374, and 375 not

4  encompassed within Plaintiffs' recently reproduced ITC documents.

5      **B.    Plaintiffs' Efforts To Justify Their Refusal To Provide Discovery In**

6          **Response To RFP Nos. 346 And 350 Should Be Rejected.**

7          As Apple explained in detail (Dkt. 743-1 at 7-9), RFP Nos. 346 and 350 seek

8  discovery that is highly relevant to ███████████████████████████████████████

9  ███████████████████████████  Plaintiffs make no attempt to dispute the relevance of

10  the requested discovery in their opposition.  *See* Opp 8-15.  Instead, Plaintiffs adopt a

11  kitchen sink approach, lodging various complaints about the alleged breadth of the RFPs

12  without any factual support to back them up.  Each of Plaintiffs' arguments should be

13  rejected.

14          *First*, Plaintiffs claim that RFP Nos. 346 and 350 seek "essentially all of Masimo's

15  marketing documents and extensive technical discovery" when Plaintiffs have "already

16  provided extensive discovery on [their] products."  Opp. 8-9.  But that is belied by both

17  the plain language of the RFPs and the scope of Plaintiffs' production with respect █

18  █████████████████████████████████████████████████that Plaintiffs now identify

19  as falling within those scope of those RFPs.  As Apple explained (Dkt. 743-1 at 10),

20  RFP No. 346 is limited to documents ████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████

22  ██████████████████████████████████  Similarly, RFP No. 350 seeks documents

23  specifically  related  to ████████████████████████████████████████████████

24  ████████████████████████████████  Yet despite the bounded

25  scope of these RFPs and Plaintiffs' claim that they have produced ███████████████

26  ████████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████████

28

---



suggests that Plaintiffs' production is woefully deficient.  Plaintiffs' vague claims that they have "already provided extensive discovery on [their] products" (Opp. 8) are thus no comfort in the face of Plaintiffs' express refusal to produce documents in response to Apple's RFPs.

*Second*, rather than identifying any actual burden associated with producing documents responsive to RFP Nos. 346 and 350, Plaintiffs instead seek to justify the Special Master's ruling on the ground that the requests are purportedly "overbroad on their face."  Opp. 9-10.  That is plainly incorrect.  As discussed above and in Apple's opening brief (Dkt. 743-1 at 9-11), the requests are tailored to claims and issues that ***Plaintiffs*** have injected into this case.  Plaintiffs nonetheless go one step further by arguing that Apple is somehow precluded from challenging the Special Master's decision on these RFPs based on a prior ruling on Plaintiffs' unrelated motion to compel.  Opp. 9-10.  That argument should be rejected, not least because Plaintiffs point to statements from ***Judge Early***—not Apple—in an attempt to justify their preclusion arguments.  *See* Dkt. 782-1 at 125:13-22 (Ex. G) (May 20, 2021 Hr'g Tr.).

Plaintiffs also seek to excuse the Special Master's failure to provide any explanation for the conclusion that the burden of producing documents in response to

RFP Nos. 346 and 350 outweighs the likely benefit of production by arguing that "the Special Master specifically asked if the parties wanted him to provide more detailed orders and both parties deferred to his judgment." *See* Opp. 14 (citing Dkt. 782-1 at 94 (Ex. H)). But that is a distraction—the fact remains that Plaintiffs failed to demonstrate that the burden outweighed the likely benefit before the Special Master, and fail to make that showing here. *See* Opening Br. (Dkt. 743-1) at 11-12; *infra* p. 11-12. The fact that the parties jointly agreed to provide "no specific feedback or opinion on the length of [the Special Master's] orders" (Dkt. 782-1 at 94 (Ex. H)) is beside the point.

Moreover, Plaintiffs' cited cases are also not on point. In *MCC Controls v. Hal Hays Construction*, 2020 WL 6034321, at *5 (C.D. Cal. July 23, 2020), the court found the request overbroad because it sought documents beyond the "portion of the Project" that was relevant to the claims in the case. In contrast, the requests here are undoubtedly relevant, as Apple explained (and Plaintiffs do not dispute). Similarly, in *MarketLinx, Inc. v. Industry Access Inc.*, 2013 WL 12133884, at *4 (C.D. Cal. Jan. 2, 2013), the court found a request for "[a]ll documents and things relating to Your competitors[,]" overbroad because it "fail[ed] to specify the competitors and/or the products concerned." In contrast, RFP Nos. 346 and 350 are specifically targeted ███████████████████ ████████████████████████████████████████████████ ██████████████.

*Third*, Plaintiffs attempt to wave away Apple's concern that Plaintiffs may "selectively withhold" documents contrary to positions Plaintiffs intend to take in this case. Opp. 11. But that is precisely what the Special Master's order permits Plaintiffs to do. For example, with respect to RFP No. 346, ███████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████ Similarly, with respect to RFP No. 350, ████████████████

1

2

3

4

5

6

7

8

9

10

11

12 ▮▮▮▮▮▮▮▮▮▮▮ That is certainly not the way that discovery

13 should work, particularly in a case where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Opp. 15.

15        *Fourth*, Plaintiffs also seek to distinguish Apple's requests from their own

16 requests on the ground that Plaintiffs' requests are purportedly targeted to "Apple Watch

17 Series 7." Opp. 12-13. But that alleged distinction can be readily dismissed. ▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 46 at 5 (Pls.' Sixth Set of RFPs) (RFP

25 No. 250) (seeking "[a]ll documents and things related to decisions to research, ***design,***

26 ***and/or develop*** any ***Apple wrist worn monitor*** …") (emphasis added); Ex. 47 at 8 (Pls.'

27 Third Set of RFPs) (RFP No. 83) (seeking "[a]ll documents and things that refer or relate

28

to the use, effectiveness, **capabilities, functionality, or characteristics** of the physiological monitoring features of any of the **Apple Watch Products**” (emphasis added)); *id.* at 11 (RFP No. 104) (seeking “[a]ll documents and things that relate to Apple’s **efforts to promote and/or market** any of the Apple Watch Products” (emphasis added)); *see also id.* at 3 (defining “Apple Watch Products” to mean “smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch”). ██████████████████

████████████████████████████████████████████████

     *Finally*, Plaintiffs claim that they “explained why Apple’s request is burdensome” and have now provided “additional evidence of burden in connection with this opposition.” Opp. 14-15 (citing Dkt. 780-2 ¶¶ 6-8 (Kahf Decl.)). But before the Special Master, Plaintiffs’ only claim of burden was that the requests were ████████████

███████████████████████████████████████████████████

████████  Such boilerplate “assertions of undue burden and lack of proportionality, without more, are insufficient under FRCP 26.” *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 2017 WL 3275615, at *7 (C.D. Cal. Feb. 14, 2017). Plaintiffs nonetheless seek to cure their failure of proof by submitting a declaration—not from an employee of Plaintiffs with first-hand knowledge—but from Plaintiffs’ counsel. *See* Dkt. 780-2 ¶¶ 6-8 (Kahf Decl.). But that declaration was not presented to the Special Master, and this Court can and should simply disregard it as untimely. To the extent the Court considers it, the declaration merely vaguely states that development of Plaintiffs’ ████████

██████████████████████████████    ████████████████

There is no specific detail regarding the volume of documents that exist, the time period that those documents span, or how many new custodians (if any) would need to have their documents collected. *Tyler v. City of San Diego*, 2015 WL 1955049, at *2 (S.D. Cal. Apr. 29, 2015) (no undue burden when City failed to provide the number of hits

"for search terms run conjunctively" and "offere[ed] no evidence of the effort or cost involved in conducting the ESI search and production"); *Stanford Hosp. & Clinics v. Serv. Emps. Int'l Union, Loc. 715*, 2008 WL 4532557, at *3 (N.D. Cal. Oct. 8, 2008) ("A bare allegation of burden without more information as to the number of documents that exist or estimated to exist does not suffice to exempt the unions from their discovery obligations."). Thus, even Plaintiffs' late-breaking declaration falls far short of establishing that Apple's requests are disproportional ██████████████████ ████████████████ .

## III.   CONCLUSION

Apple respectfully requests that the Court sustain Apple's objections to the Special Master's Order No. 9 and order the production of documents responsive to RFP Nos. 346, 350, 358, 360, 361, 364, 366, 369, 371, and 373-375 within 14 days.

Dated: June 27, 2022                    Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN ANDREA
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND
DORR LLP

By: */s/ Mark D. Selwyn*

Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*