# EXHIBIT 46

1 | Joseph R. Re (Bar No. 134479)
2 | joseph.re@knobbe.com
  | Stephen C. Jensen (Bar No. 149894)
3 | steve.jensen@knobbe.com
  | Perry D. Oldham (Bar No. 216016)
4 | perry.oldham@knobbe.com
  | Stephen W. Larson (Bar No. 240844)
5 | stephen.larson@knobbe.com
6 | **KNOBBE, MARTENS, OLSON & BEAR, LLP**
  | 2040 Main Street, Fourteenth Floor
7 | Irvine, CA 92614
  | Telephone: (949)-760-0404; Facsimile: (949)-760-9502
8 |
9 | Adam B. Powell (Bar. No. 272725)
  | adam.powell@knobbe.com
10 | **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   | 12790 El Camino Real
11 | San Diego, CA 92130
   | Telephone: (858) 707-4000; Facsimile: (858) 707-4001
12 |
13 | Attorneys for Plaintiffs,
   | Masimo Corporation and Cercacor Laboratories, Inc.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>              Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation<br><br>              Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S SIXTH SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 249-256)**<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 46
Page 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

1. U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch.

7. "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9. The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent App. No. 15/960,507, and U.S. Patent App. No. 16/700,710. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10. The term "Computer Media" shall mean and refer to all computer storage devices, including both internal and external hard drives, CDs, DVDs, flash drives, tapes, and any other electronic storage media.

11. The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

12. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic

or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

13. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

14. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

15. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

16. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

17. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

   a. the basis on which the privilege is claimed;
   b. the author or creator of the information, document, or thing;
   c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

-3-

Exhibit 46
Page 4

      d.    the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing. If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4. Produce each requested document or thing along with all non-identical drafts thereof. Furthermore, produce each document in its entirety, without abbreviation or redaction.

5. Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 249:**

All documents and things related to decisions to research, design, and/or develop products or components used to calculate one or more physiological parameters including but not limited to pulse oximetry.

**REQUEST FOR PRODUCTION NO. 250:**

All documents and things related to decisions to research, design, and/or develop any Apple wrist worn monitor that performs pulse oximetry and/or any component of any Apple wrist worn monitor that performs pulse oximetry.

**REQUEST FOR PRODUCTION NO. 251:**

An inspection of any Apple product that calculates one or more physiological parameters including but not limited to pulse oximetry, including without limitation, prior and future planned versions and prototypes.

**REQUEST FOR PRODUCTION NO. 252:**

An inspection of any Apple wrist worn monitor that performs pulse oximetry, including without limitation, prior and future planned versions and prototypes.

**REQUEST FOR PRODUCTION NO. 253:**

All trial and deposition transcripts of testimony by any current or former Apple employee in any litigation or legal proceeding, related to calculating one or more physiological parameters including but not limited to pulse oximetry.

**REQUEST FOR PRODUCTION NO. 254:**

All trial and deposition transcripts of testimony by any named inventor of any of the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 255:**

All communications between an Apple employee or Apple representative, including Apple's inhouse or outside counsel, and any employee of Plaintiffs while the employee was employed by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 256:**

All business reports related to anticipated or actual profitability by product or business unit, related to Apple Watch Products.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 3, 2021    By: */s/ Mark D. Kachner*
Joseph R. Re
Stephen C. Jensen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

# PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in San Diego, California. I am over the age of 18 and not a party to the within action.

On March 3, 2021, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 249-256)** on the parties or their counsel shown at the email addresses shown below:

| | |
|---|---|
| Apple-Masimo@gibsondunn.com | Brian A. Rosenthal<br>BRosenthal@gibsondunn.com |
| Joshua H. Lerner<br>JLerner@gibsondunn.com | Ilissa Samplin<br>ISamplin@gibsondunn.com |
| H. Mark Lyon,<br>MLyon@gibsondunn.com | Angelique Kaounis<br>AKaounis@gibsondunn.com |
| Brian M. Buroker<br>BBuroker@gibsondunn.com | |
| Brian K. Andrea<br>BAndrea@gibsondunn.com | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 3, 2021, at Irvine, California.

_Karina Villanueva_

Karina Villanueva

34494702