# EXHIBIT 47

| | |
|---|---|
| 1 | Joseph R. Re (Bar No. 134479) |
| 2 | joseph.re@knobbe.com<br>Stephen C. Jensen (Bar No. 149894) |
| 3 | steve.jensen@knobbe.com<br>Perry D. Oldham (Bar No. 216016) |
| 4 | perry.oldham@knobbe.com |
| 5 | Stephen W. Larson (Bar No. 240844)<br>stephen.larson@knobbe.com |
| 6 | **KNOBBE, MARTENS, OLSON & BEAR, LLP**<br>2040 Main Street, Fourteenth Floor |
| 7 | Irvine, CA 92614<br>Telephone: (949) 760-0404; Facsimile: (949) 760-9502 |
| 8 | |
| 9 | Adam B. Powell (Bar. No. 272725)<br>adam.powell@knobbe.com |
| 10 | **KNOBBE, MARTENS, OLSON & BEAR, LLP**<br>12790 El Camino Real |
| 11 | San Diego, CA 92130<br>Telephone: (858) 707-4000; Facsimile: (858) 707-4001 |
| 12 | |
| 13 | Attorneys for Plaintiffs,<br>Masimo Corporation and Cercacor Laboratories, Inc. |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>          Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation<br><br>          Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO**<br>) **CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S THIRD SET OF REQUESTS**<br>) **FOR PRODUCTION OF**<br>) **DOCUMENTS TO DEFENDANT**<br>) **APPLE INC. (NOS. 61-147)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 47<br>Page 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Plaintiffs within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" means Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S.

Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No. 10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554. To the extent Masimo asserts additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch.

7. "Apple iOS Products" means products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

9. The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, and U.S. Patent App. No. 15/960,507. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

12. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

13. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

14. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

   a. the basis on which the privilege is claimed;
   b. the author or creator of the information, document, or thing;
   c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and
   d. the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of

-3-

Exhibit 47
Page 4

the document or thing. If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4. Produce each requested document or thing along with all non-identical drafts thereof. Furthermore, produce each document in its entirety, without abbreviation or redaction.

5. Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things that tend to support or rebut any of Your affirmative defenses to Plaintiffs' causes of action other than trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things that tend to support or rebut any contention that Masimo has not been harmed by Your acts, other than trade secret misappropriation, alleged to be improper in this case.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show any heart rate algorithms used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things that refer or relate to selection between any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and things that refer or relate to power consumption by any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any of the Apple Watch Products or

any component of any of the Apple Watch Products that relate to pulse rate detection, pulse rate measurement, power consumption by pulse rate detection, or power consumption by pulse rate measurement, including, without limitation, testing protocols, reports, results, notes, and summaries.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things concerning any attempt to obtain FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things concerning the FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things that refer or relate to clinical trials of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning any changes made to any of the Apple Watch Products' firmware, software, or comments thereto that relate to physiological monitoring.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning any changes made to firmware, software, or comments thereto, between the Apple Watch Series 3 and Apple Watch Series 4 and later.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 3.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things that refer or relate to the performance of non-invasive physiological measurements for the Apple Watch Series 4 and later.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things that refer or relate to changes in the performance of non-invasive physiological measurements between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 78:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple Watch Products: LEDs, photodiodes, duty cycle, changes in measurement modes, heart rate context, calculation of physiological parameters based on detected optical signals, determination of heart rate, the health application, the breathe application, and communications of physiological parameters to Apple iOS Products.

**REQUEST FOR PRODUCTION NO. 79:**

The complete source code, including prior versions, revisions, and comments, that relates to the following features of Apple iOS Products: communication of physiological parameters from Apple Watch Products, the health application, and tracking of physiological parameters over time.

**REQUEST FOR PRODUCTION NO. 80:**

All documents including all communications discussing the importance of accurate measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 81:**

All documents including all communications discussing the importance of accurate measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia in the marketplace.

**REQUEST FOR PRODUCTION NO. 82:**

All documents including all communications related to complaints, concerns, or criticisms about the accuracy or reliability of measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia for any Apple Watch Product.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of the physiological monitoring features of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to show any algorithm used to monitor any physiological parameter in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and things referring or relating to, or otherwise evidencing, factors Apple considered when selecting technology that it used to monitor any physiological parameter, for use in Defendant's products.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and things referring or relating to, or otherwise evidencing, the parameters by which Defendant or its customers evaluates the performance of physiological parameter monitoring technology.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things referring or relating to Apple's efforts to train its sales and marketing personnel on measurements for pulse rate, heart rate, plethysmograph, or detecting arrhythmia.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and things referring or relating to, or otherwise evidencing, any Apple policies, procedures, or guidelines for employees relating to the documentation of research and development efforts.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and things that refer or relate to Masimo or Cercacor.

**REQUEST FOR PRODUCTION NO. 90:**

All documents and things that refer or relate to any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and things that refer or relate to any communication about Masimo or Cercacor, or any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and things that refer or relate to technical information, specifications, or research data for any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and things that refer or relate to the use, effectiveness, capabilities, functionality, or characteristics of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and things that relate to how any Masimo or Cercacor product or technology is designed or manufactured.

/ / /

**REQUEST FOR PRODUCTION NO. 95:**

All documents and things relating to any analysis, study, investigation, or test of any Masimo or Cercacor product or technology by Apple, including without limitation, emails, test results, notes, memoranda, and the actual products or systems examined.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and things that refer or relate to any analysis, reverse engineering, and/or study of any Masimo or Cercacor product or technology.

**REQUEST FOR PRODUCTION NO. 97:**

All and things that refer or relate to any comparison between any Masimo or Cercacor product or technology and any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 3 and the Apple Watch Series 4.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 4 and the Apple Watch Series 5.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things that relate to any comparison of any of the Apple Watch Products to any of the Masimo or Cercacor products or technologies.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning any competitive analysis of any competitor to the Apple Watch Products.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 102:**

All documents and things related to Apple's evaluation of the health care market for Apple products including the Apple Watch Products, including but not limited to market size, market importance to Apple's business, evaluation of target customers, and Apple's considerations in entering the health care market.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and things relating to differences, similarities, or comparisons between the consumer market and the health care market for Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and things that relate to Apple's efforts to promote and/or market any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and things that relate to any market studies, market share, competition, and/or competitor products relating to any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things referring or relating to, or otherwise evidencing, the impact or projected impact of Defendant's incorporation of any physiological measurement technology in Defendant's Apple Watch Products on the sales price or sales volume of any third-party product that competes for sales with the Apple Watch Products.

/ / /

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things referring or relating to, or otherwise evidencing, any internal intellectual property strategy, business strategy, or plan relating to physiological monitoring technology.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things referring or relating to forecasts, projections, or strategic evaluations regarding Defendant's consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as inventors on the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and things that tend to support or rebut any contention that the named inventors were properly identified as the only inventors on the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things that tend to support or rebut any contention that the Disputed Patents are owned by Apple.

**REQUEST FOR PRODUCTION NO. 113:**

For the Disputed Patents and counterparts thereof, all documents and things concerning the inventorship of the alleged inventions claimed in the Asserted Patents, including without limitation what each inventor allegedly contributed to each Disputed Patents and counterparts thereof.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things referring or relating to the inventorship of one or more of the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 115:**

All documents and things referring to, relating to, or evidencing invention of any of the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and things referring to, relating to, or evidencing conception and/or reduction to practice of any of the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and things referring or relating to the preparation, decision to file, filing, prosecution and/or enforcement of the Disputed Patents, including but not limited to:

(a) the complete prosecution files for each patent;

(b) the complete prosecution files for any parent application or priority application;

(c) the complete prosecution files for any continuation or divisional patent application claiming priority from or relating to any of the patents;

(d) all documents and things that provided a basis for the preparation of any of the patents;

(e) all documents and things that constitute, relate to, or refer to communications between or on behalf of, the inventors, Defendant, Defendant's attorneys, or any patent attorney or agent that relate or refer to any of the patents;

(f) all drafts of any of the patents; and

(g) all drafts of any papers filed during the prosecution of any of the patents.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 118:**

All foreign counterparts to the Disputed Patents, and all documents and things relating or referring to the foreign counterparts, including but not limited to complete prosecution files.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and things that refer or relate to any alleged invention described in or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and things that refer or relate to, or otherwise evidence, the inventive contribution of any of the named inventors to the subject matter claimed in any of the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 121:**

All documents and things referring to, relating to, or evidencing any contribution by Defendant's employees to the subject matter claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and things referring or relating to Defendant's practices, procedures, and/or policies relating to submission of information for possible inclusion in patent applications.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and things that refer or relate to, or otherwise evidence, any incentive or reward program for employees who develop new inventions, including any program in which employees receive bonuses or other forms of compensation in exchange for the disclosure and recording of inventions.

**REQUEST FOR PRODUCTION NO. 124:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees named as inventors on issued foreign or U.S. patents and/or filed foreign or U.S. patent applications.

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things that refer or relate to, or otherwise evidence, any policy regarding compensation for employees who submit invention disclosure forms for use in evaluating whether to file a patent application.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and things referring or relating to the value and/or potential value of the technology claimed or disclosed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 127:**

All documents and things referring or relating to the advantages or disadvantages of the technology claimed or disclosed in the Disputed Patents over competing technologies.

**REQUEST FOR PRODUCTION NO. 128:**

All communications between Defendant and Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 129:**

All communications between Defendant and any individual who previously worked for Plaintiffs referring or relating to subject matter disclosed or claimed in the Disputed Patents.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to identify the relationship between Apple and each of its affiliates, including without limitation, its predecessors, successors, parents, subsidiaries, divisions, and partners.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to identify Your senior management and personnel responsible for research and development, testing, clinical trials, regulatory approval, marketing, and sales of any of the Apple Watch Products, including, but not limited to, organizational charts.

///

**REQUEST FOR PRODUCTION NO. 132:**

Organizational charts for Apple personnel responsible for human resources as well as research and development, testing, clinical trials, regulatory approval, marketing, and sales of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to identify any legal proceeding involving any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 134:**

Documents that refer or relate to any legal proceeding involving any of the Apple Watch Products, including without limitation, pleadings, hearing transcripts, deposition transcripts, declarations, exhibits, briefs, and production documents.

**REQUEST FOR PRODUCTION NO. 135:**

All documents and things concerning Your document retention and destruction policies or procedures.

**REQUEST FOR PRODUCTION NO. 136:**

All documents and things that refer or relate to any communication between You and any other person regarding the above-captioned lawsuit.

**REQUEST FOR PRODUCTION NO. 137:**

All documents and things exchanged between You and any expert witness or consultant in connection with the above-captioned lawsuit, which relate to the compensation for the expert's or consultant's study or testimony, identify facts or data that You provided and the expert or consultant considered in forming his or her opinions to be expressed, or identify the assumptions You provided and the expert or consultant relied on in forming his or her opinions to be expressed.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 138:**

All documents and things whose identity is sought in any interrogatory served by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 139:**

All documents and things cited, referenced, or identified in Your discovery responses.

**REQUEST FOR PRODUCTION NO. 140:**

All documents and things relating to, identified in and/or relevant to Apple's Initial Disclosures, including any and all supplements and amendments thereto.

**REQUEST FOR PRODUCTION NO. 141:**

To the extent not already requested or required, all documents and things produced or provided by any non-party in connection with this Action, including documents and things produced in response to subpoenas served by Apple.

**REQUEST FOR PRODUCTION NO. 142:**

All documents and things provided to any expert witness whom You have retained or plan to retain either to testify at trial or to provide an opinion relating to the matters at issue in this action.

**REQUEST FOR PRODUCTION NO. 143:**

Documents sufficient to identify Apple's procedures or policies for the storage, retention, and destruction of documents or records.

**REQUEST FOR PRODUCTION NO. 144:**

All organizational charts for Apple from January 2003 to the present.

**REQUEST FOR PRODUCTION NO. 145:**

All documents and things used or relied upon in preparing Your discovery responses in this case, including initial disclosures, responses to

1 requests for production, responses to interrogatories, responses to requests for
2 admission, and all supplemental disclosures and responses.

3 **REQUEST FOR PRODUCTION NO. 146:**

4 All documents and things relating to the contents and/or subject matter of
5 any declarations or affidavits filed by You in this litigation.

6 **REQUEST FOR PRODUCTION NO. 147:**

7 All documents and things upon which You intend to rely upon, use, or
8 introduce at trial, for any purpose, including to introduce into evidence, or use
9 as impeachment, rebuttal, or demonstrative purposes.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 17, 2020           By: */s/ Adam B. Powell*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Perry D. Oldham
                                   Stephen W. Larson
                                   Adam B. Powell

                                   Attorneys for Plaintiffs,
                                   Masimo Corporation and
                                   Cercacor Laboratories, Inc.

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On July 17, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

| | |
|---|---|
| Apple-Masimo@gibsondunn.com | Brian A. Rosenthal<br>BRosenthal@gibsondunn.com |
| Joshua H. Lerner<br>JLerner@gibsondunn.com | Ilissa Samplin<br>ISamplin@gibsondunn.com |
| H. Mark Lyon,<br>MLyon@gibsondunn.com | Angelique Kaounis<br>AKaounis@gibsondunn.com |
| Brian M. Buroker<br>BBuroker@gibsondunn.com | |
| Brian K. Andrea<br>BAndrea@gibsondunn.com | |

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 17, 2020, at Irvine, California.

32420011

Karina Villanueva