Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO INCREASE DEPOSITION HOURS**<br><br>Hon. James V. Selna<br><br>Date:   August 15, 2022<br>Time:   1:30 p.m.<br>Ctrm:   10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

## I. INTRODUCTION

Masimo has efficiently used its deposition time, but it is now clear that 100 hours will not be enough. Last Friday, Apple identified additional witnesses it plans to take to trial or designate as a 30(b)(6) witness. During the meet and confer on this motion, Apple agreed to remove a few witnesses from its trial list. But Apple has still identified **21** people it will take to trial or designate as a 30(b)(6) witness—**17** of which Masimo has not yet deposed. If Masimo used five hours per witness, it would take 85 hours to finish deposing witnesses that *Apple* identified. Combined with the 40 hours Masimo already used, the limit would have to be increased to 125 hours just to allow Masimo to depose Apple's witnesses.

The current 100-hour limit does not provide enough time for Masimo to depose the witnesses that Apple will rely on, much less any witnesses that Masimo believes have relevant information that may be favorable to Masimo. Apple should not be allowed to dictate which depositions Masimo takes or force Masimo to choose between foregoing depositions of Apple's trial witnesses or foregoing witnesses likely to have information supporting Masimo's case. Masimo respectfully requests the Court increase the limit to at least 140 hours. Alternatively, Masimo requests a status conference to discuss an appropriate limit.

## II. STATEMENT OF FACTS

In the Rule 26 Report, Masimo requested 140 hours of fact depositions and Apple requested 80 hours. Dkt. 33 at 11. The parties agreed each fact deposition would count as lasting at least 3.5 hours. *Id.* The Court ordered 100 hours of depositions. Dkt. 37.

### A. Masimo Efficiently Used The Deposition Time It Has Taken

Masimo has used about 40 hours of deposition time. Powell Decl. ¶ 9. Masimo has taken eight depositions, including a seven-hour deposition of Marcelo Lamego. *Id.* Lamego is a central figure in this case: He was Cercacor's Chief Technical Officer before Apple recruited him, and Masimo alleges he took Masimo's trade secrets to Apple. Dkt. 296-1 ¶¶ 21, 24. Masimo efficiently used its time with the other witnesses,

averaging about 4.8 hours per witness. Powell Decl. ¶ 9. Apple's witnesses frequently wasted time with long non-responsive answers. As the Court may recall from the March 2022 bench trial in *Masimo v. True Wearables*, Dr. Lamego routinely provides long non-responsive answers. For another witness, the Special Master found "Masimo is entitled to more forthcoming answers from Apple on important issues" and ordered additional testimony by deposition. Dkt. 538 at 12. A bullet point summary of each deposition is included in the Powell declaration at Paragraph 9.[1]

### B. Apple Necessitated This Motion

By early July, it appeared the 100-hour limit would likely be insufficient. The scheduling order did not directly address whether third party depositions count towards the 100-hour limit, so Masimo asked Apple for its position on third party depositions on July 5. Powell Decl., Ex. 2. Apple took the position that third-party depositions counted towards the limit. *Id.* Masimo responded by asking Apple if it would agree to jointly request a status conference to discuss the issue with the Court. *Id.* On July 11, Apple refused and argued the parties should "take a hard look at the depositions they are seeking and determine which ones they can forego." *Id.*

Rather than do so, however, Apple *increased* the number of Apple witnesses that Masimo needs to depose. Powell Decl., Ex. 1. As of July 15, Apple had identified **22** witnesses that it intended to bring to trial and/or designate as a 30(b)(6) witness. Powell Decl. ¶¶ 5-6. Apple designated **17** of those witnesses on 30(b)(6) topics. *Id.* ¶ 6. Apple provided that list of designees on July 15 for the first time—despite agreeing to do so in June and Masimo repeatedly following up since June 24. Powell Decl., Ex. 1. In contrast, Masimo designated only nine witnesses to testify on 30(b)(6) topics despite agreeing to offer testimony on *more* 30(b)(6) topics than Apple. Powell Decl. ¶ 8.

---

[1] Masimo did not include deposition transcripts or identify specific trade secrets at issue to avoid burdening the Court with an application to seal. Masimo will provide such additional facts if the Court believes it would be helpful.

During the meet and confer on this Motion, Apple offered to remove four witnesses from its trial list. *Id.* ¶ 7. However, one witness was never on Apple's list and two others are still 30(b)(6) designees. *Id.* Thus, Apple has still identified **21** witnesses that it either intends to bring to trial or designate as a 30(b)(6) witness. *Id.* Apple's list includes **17** witnesses Masimo has not yet deposed. *Id.*

The remaining witnesses on Apple's list include a key former Masimo employee (Michael O'Reilly), O'Reilly's supervisor (Jeff Williams), Lamego's supervisor (Steve Hotelling), a named inventors on the disputed Apple patents (Wolf Oetting), and Apple engineering managers responsible for the relevant technology (Ueyn Block and Brian Land). *Id.* Some witnesses may be less relevant, like an Apple industrial designer (Peter Russell-Clarke), but Masimo must depose all of them because Apple plans to rely on them. *Id.* If Masimo takes only five hours per witness, it would take 85 hours to depose only the witnesses on Apple's list. That would exceed Masimo's remaining time by 25 hours. Thus, Masimo asked Apple to agree to increase the limit. Powell Decl., Ex. 1. Apple refused.

### III. THE COURT SHOULD INCREASE THE DEPOSITION LIMIT

**A.     Legal Standards**

Parties may take ten depositions for seven hours each without court intervention. Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 30(d)(1). "A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30 (advisory committee notes); *see also Verso Paper LLC v. HireRight, Inc.*, 2012 WL 13018381, at *2 (C.D. Cal. Apr. 11, 2012) (holding same).

When considering a request for additional deposition time, courts "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Under Rule 26, courts weigh relevance and proportionality, considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### B. More Than 100 Hours Is Necessary And Appropriate

Masimo's request for 140 hours of time is **less than** Masimo would have under the standard Federal Rules. Under the Rules, Masimo could depose each of Apple's seventeen 30(b)(6) designees for seven hours and it would count as a single deposition. Fed. R. Civ. P. 30 (advisory committee notes); *Verso Paper*, 2012 WL 13018381, at *2. Masimo could then depose nine other witnesses in their individual capacity for seven hours each. Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 30(d)(1). As a result, Masimo could have taken up to 182 hours of depositions under the default rules. Masimo should not have to demonstrate proportionality to take 140 hours of depositions.

Regardless, proportionality also supports granting Masimo's request. First, the upcoming depositions are important to resolving issues at stake. Masimo alleges Apple obtained Masimo's trade secrets through recruiting numerous individuals, including Cercacor's Chief Technical Officer and Masimo's Chief Medical Officer. Dkt. 296-1 ¶¶ 228-261. The case includes **sixteen** unstayed causes of action for trade secret misappropriation, correction of inventorship for Apple patents, and declaration of ownership of Apple patents. Dkt. 296-1; Dkt. 750. The trade secret allegations alone include almost fifty trade secrets. Dkt. 296-1 ¶¶ 40-45; Dkt. 669. Without an increase to the overall deposition limit, Masimo will not have enough time to depose even the witnesses Apple intends to take to trial and/or designate as 30(b)(6) witnesses, much less the witnesses Masimo thinks will help prove its claims. Nothing justifies limiting depositions to only those witnesses that *Apple* wants Masimo to depose.

Second, Masimo realistically seeks damages exceeding $1 billion. That amount in controversy justifies larger discovery limits. Indeed, Apple has argued proportionality supports extensive discovery based on such damages. *See, e.g.*, Dkt. 743-1 at 11. As a result, Masimo has produced about **five million pages** of discovery. Powell Decl. ¶ 10.

The same proportionality considerations favor increased deposition time so the parties can obtain the relevant facts in this large case.[2]

Third, the parties have expended significant resources in discovery. The parties have produced about 7.5 million pages of documents. Both parties have informed the Court that they have expended several million dollars in attorneys' fees. The cost for an additional 40 hours of depositions is small in comparison to the resources both sides have spent, and will continue spending, on this case. Because depositions are often the most important discovery vehicle, the benefit of additional time far exceeds the relatively small cost. Moreover, given Apple's considerable resources, Apple cannot claim any undue burden in allowing Masimo to take 40 additional hours of depositions.

Fourth, courts often allow similar or more amounts of time in similar cases. For example, the court allowed 250 hours of depositions in an intellectual property case between Apple and Samsung. *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1232267, at *5 (N.D. Cal. Apr. 12, 2012). In another intellectual property case, the court ordered 140 hours of depositions. *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 2020 WL 3266220, at *3 (W.D. Wash. June 17, 2020). In an antitrust case, the court allowed 170 hours of depositions. *United States v. Bazaarvoice, Inc.*, 2013 WL 2627724, at *1 (N.D. Cal. June 11, 2013). In a case involving patents, the court allowed 125 hours of depositions. *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 455 (N.D. Cal. 2008). Some courts have even allowed dramatically larger deposition limits. *See, e.g.*, *Adams v. United States*, 2009 WL 3444486, at *1 (D. Idaho Oct. 22, 2009) (1600 hours). Masimo's request for 140 hours is reasonable and appropriate.

## IV. CONCLUSION

For the reasons discussed above, Masimo respectfully requests the Court allow Masimo to take up to 140 hours of depositions in this case. Alternatively, Masimo respectfully requests a status conference to discuss an appropriate hours limit.

---

[2] Apple is a far larger company, but produced only 2.6 million pages (about half what Masimo produced). Powell Decl. ¶ 10.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: July 18, 2022 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Daniel P. Hughes |
|   | Justin J. Gillett |
|   |   |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |