# EXHIBIT 2

| | |
|---|---|
| **From:** | Passamaneck, Nora Q.E. |
| **To:** | Adam.Powell; Daniel.Hughes; WH Apple-Masimo Service List; Apple-Masimo; Masimo.Apple; Parker, Ken |
| **Subject:** | RE: Masimo v. Apple - Third Party Depositions |
| **Date:** | Monday, July 11, 2022 11:53:26 AM |

Adam:

Apple's position is that under the existing scheduling order, third-party depositions count towards the 100-hour limit.  That should come as no surprise to Plaintiffs -- it is the plain reading of the Court's order.  Apple is not willing to agree to an increase of the limit, and Plaintiffs offer no good cause.  Rather, both parties should take a hard look at the depositions they are seeking and determine which ones they can forego.  To that end, Apple will not proceed with Priddell, Pauley, and Coleman if Plaintiffs will confirm they will not be trial witnesses or otherwise offer evidence from them.

To the extent Plaintiffs seek a modification of the Court's existing scheduling order, Plaintiffs should file a properly-noticed motion.  You can indicate that Apple opposes.

Thank you,
Nora

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, July 7, 2022 9:16 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Daniel.Hughes <Daniel.Hughes@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Parker, Ken <Ken.Parker@haynesboone.com>
**Subject:** RE: Masimo v. Apple - Third Party Depositions

**EXTERNAL SENDER**

Nora,

Thanks for your email.  Now that each party has some depositions completed, it seems clear that neither party will complete the proposed depositions under the current 100-hour limit, particularly now that Apple has asserted third-party depositions count towards the 100-hours.  Is Apple willing to agree to increase the limit?  If not, we propose the parties file a short joint request for a status conference to discuss this issue with Judge Selna.  Given the last failed attempt at this, we would propose that each party set forth their position with a one page limit.  Please let us know tomorrow.

Thanks,
Adam

**Adam Powell**
Partner

Exhibit 2
-10-

858-707-4245 **Direct**

**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, July 7, 2022 12:01 PM
**To:** Daniel.Hughes <Daniel.Hughes@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Parker, Ken <Ken.Parker@haynesboone.com>
**Subject:** RE: Masimo v. Apple - Third Party Depositions

Daniel,

We disagree with your understanding of the 100 hour limit for depositions.  In the parties' Joint 26(f) Report, Plaintiffs proposed an hours limit "of fact depositions per side," while Apple proposed an hours limit "of party fact depositions per side."  Dkt. 33.  The court chose a total hours limit on 100 hours per side.  *See* Dkt. 37 (Order, "Total hours for depositions 100.").  As a result, the time taken by the each for side for the Lamego deposition will count against that party's 100 hour deposition limit.

Regards,
Nora

---

**From:** Daniel.Hughes <Daniel.Hughes@knobbe.com>
**Sent:** Tuesday, July 5, 2022 5:25 PM
**To:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Parker, Ken <Ken.Parker@haynesboone.com>
**Subject:** Masimo v. Apple - Third Party Depositions

**EXTERNAL SENDER**

Nora,

We write regarding the 100 hour limit for depositions.  Our understanding is that the limit does not apply to third party depositions because it was intended to avoid overburdening party witnesses.  Please let us know if Apple agrees.

Best regards,
Daniel

**Daniel Hughes**
Partner
858-707-4208 **Direct**

**Knobbe Martens**

Exhibit 2
-11-

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 2
-12-