JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO INCREASE DEPOSITION TIME**<br><br>Date: August 15, 2022<br>Time: 1:30pm<br>Ctrm: 6A |

1  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12   Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard Suite 700
   Costa Mesa, CA 92626
14 Tel. 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth St., Suite 2600
   Denver, CO 80202
22 Tel: 720.274.3152 / Fax: 720.273.3133

23
24
25
26
27
28

## I.   INTRODUCTION

In April 2020—when Plaintiffs had 24 claims pending against Apple (including numerous claims for alleged patent infringement, which are now stayed)—the parties agreed to place limits on the number of hours allotted for depositions, but disagreed on the amount.  Dkt. 33 at 1-2, 11.  Plaintiffs argued for "140 hours of fact depositions per side," Apple requested "80 hours of party fact depositions per side," *id.* at 11, and Judge Selna settled on 100 "[t]otal hours for depositions," Dkt. 37 at 1.  Now, two years later and only three weeks before the close of fact discovery, Plaintiffs again seek 140 hours of fact depositions—even though they acknowledge that this case has since shrunk to "sixteen unstayed causes of action."  Mot. 4 (emphasis omitted).

Plaintiffs' *de facto* motion for reconsideration is untimely and unjustified.  By their own logic—and at a bare minimum—Plaintiffs should have filed this motion no later than early May 2022, when they requested *38* depositions of Apple witnesses and *80* broadly-framed 30(b)(6) topics.  *See* Ex. A.  Using Plaintiffs' self-serving assumption that each deposition will last an average of 5 hours, *see* Mot. 3, they would have needed nearly 140 hours of time to complete those depositions.  In any event, Plaintiffs have squandered the 40 hours they have already used on witnesses whom they previously deposed or whom Apple has not designated for any purpose.  They have also refused to narrow their deposition requests (as Apple has repeatedly done) in order to ensure that they will have sufficient time for all witnesses they view as important.  Plaintiffs' "eve of the close of discovery" motion—which threatens to derail this case's "'firm track to trial,'" Dkt. 816 at 10 n.6—should be denied.

## II.   BACKGROUND

### A.  Plaintiffs Plan For A Long List Of Depositions Starting in May 2022

On May 3, 2022, Plaintiffs sent Apple a list of 38 witnesses whom they intended to depose, Ex. A, amounting (under their 5-hours-per-witness estimate) to 190 hours of deposition time.  Plaintiffs also served Apple with 80 Rule 30(b)(6) deposition topics,

which ranged from what they called "efficient infringement" to requests for information about irrelevant Apple employees like Kornelius Raths—a former Masimo employee who was hired by Apple years after Lamego left and works on an aspect of Apple Watch not at issue in this case (the sleep/wake function). See Passamaneck Decl. ¶ 7.[1]

On May 26, in an attempt to narrow the parties' dispute and conserve deposition time, Apple proposed that both sides (1) identify 14 witnesses whom they intend to take to trial or designate for 30(b)(6) testimony and 12 witnesses whom they do *not* intend to use at trial/designate and—one business day later—(2) use that information to identify the 20 witnesses from the other side whom they wished to depose. Ex. B at 3. Plaintiffs used this information to identify a list of *22* witnesses, *id.* at 1, amounting (under the five-hours-per-witness standard) to 110 hours of deposition time and not including Plaintiffs' already-requested deposition of Marcelo Lamego or the 7 hours of deposition time that was already used by Plaintiffs.

### B. Plaintiffs Squander Much Of The 40 Hours Of Deposition Time Spent To Date On Ancillary Witnesses Or Issues

Plaintiffs have already spent 40 hours deposing 8 witnesses. Powell Decl. ¶ 9. Plaintiffs devoted 7 hours to questioning two witnesses (Louis Bokma and Jack Fu), even though Apple had informed Plaintiffs weeks earlier that it did not intend to use either individual at trial or as a 30(b)(6) designee. Passamaneck Decl. ¶ 8. Plaintiffs also spent roughly 4 hours deposing Denby Sellers, even though they had already deposed her for 7 hours in the *True Wearables* case. *Id.* ¶ 10. Finally, Plaintiffs managed to spend 7 hours deposing an Apple 30(b)(6) witness (Robin Goldberg) regarding the limited subject of document retention for Lamego and one other Apple employee. *See* Dkt. 539 at 12. Plaintiffs were subsequently admonished by the Special Master for "cover[ing]" "[e]xtensive ground" and "going far afield" in their questioning of Ms.

---

[1] Apple originally listed a similar number of witnesses, but quickly narrowed its list by taking off 20 witnesses who were tangential to the issues and/or not going to be used at trial. Passamaneck Decl. ¶ 6.

Goldberg, notwithstanding that Magistrate Judge Early had limited them to a "narrow set of deposition topics." Dkt. 539 at 12.[2]

### III. ARGUMENT

As a general matter, a party seeking "leave to take more depositions must make a 'particularized showing'" as to why the additional discovery is necessary." *PAX Water Techs., Inc. v. Medora Corp.*, 2019 WL 8301182, at *1 (C.D. Cal. July 9, 2019). In considering such a motion, courts consider, *inter alia*, whether "'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action'" and whether the discovery is "'outside the scope permitted by 26(b)(1).'" *Id.*

### A. The 100-Hour Deposition Limit Is More Than Adequate

Judge Selna's original decision to set a limit of 100 hours for depositions was well-founded and should remain in place. Apple has carefully planned to keep its own deposition time under that limit. Because Apple has already selected whom it will depose and for how long—and indeed has already conducted a number of depositions, including that of Marcelo Lamego—based on the rules that have been in place for over two years, expanding the number of deposition hours at this point would only punish Apple for its planning and diligence.

Moreover, in order to assist Plaintiffs in managing their time, Apple has identified a dozen witnesses whom Apple does not intend to use at trial or in 30(b)(6) depositions. *Supra* p. 2. Despite this advance warning, Plaintiffs have already deposed two witnesses on that list and are still planning to depose three others whom Apple has indicated it does not plan to offer for affirmative testimony. Passamaenck Decl. ¶¶ 8-9. In addition and at Plaintiffs' request, Apple has agreed that Plaintiffs can use prior deposition and hearing transcripts from the parties' ITC proceeding for any

---

[2] Plaintiffs wrongly (Mot. 2) claim that the Special Master "ordered additional testimony [from Ms. Goldberg] by deposition." The Special Master found Ms. Goldberg "was non-evasive" and "was generally prepared," but requested additional information on "four specific topics" via a declaration. Dkt. 539 at 12. The Special Master rejected a later request for a one-hour-long follow-on deposition. Dkt. 641 at 4.

purpose in this case. Passamaneck Decl. ¶ 11. Notwithstanding this agreement, Plaintiffs have already re-deposed one witness who testified in the ITC proceedings and seek to re-depose three more. *Id.* ¶ 12.

### B. Plaintiffs' Belated Arguments In Favor Of Expanding The 100-Hour Limit Are Meritless

Plaintiffs have failed to establish that the current 100-hour limit is not "ample" or otherwise inconsistent with the relevancy, proportionality, and burden considerations imposed by Rule 26(b)(1). *See PAX Water*, 2019 WL 8301182 at *1.

*First*, Plaintiffs contend that they are entitled to 140 hours of deposition time because under the default Federal Rules, they would purportedly have been permitted to count 119 hours of 30(b)(6) witness testimony as a single, 7-hour deposition. Mot. 4. But if Plaintiffs wanted to rely on the default 10-deposition-limit put in place by Rule 30(a)(2) and its attendant pros-and-cons, they should have raised that concern at the outset of this case—or at least more than one business day before filing a motion.

*Second*, Plaintiffs argue that Apple has recently and unfairly increased the number of witnesses it intends to designate under Rule 30(b)(6). Mot. 2. To be clear, Apple's 30(b)(6) designations included just four additional witnesses—two of whom were added as an accommodation to Plaintiffs to cover a single request (or closely related requests) for testimony on matters such as what they call "efficient infringement" and Apple's document collection efforts. Passamaneck Decl. ¶ 13. If Plaintiffs withdraw these topics, then they will have two less witnesses to depose. And while Plaintiffs make much of the fact that they have designated only nine Rule 30(b)(6) witnesses, this speaks only to the reasonableness of Apple's topics.[3]

*Third*, Plaintiffs contend that this Court should order additional deposition time because a handful of other courts have "allowed" more than 100 hours worth of

---

[3] To the extent Plaintiffs' real complaint is that each individual 30(b)(6) designee would count as a minimum of 3.5 hours, Apple has never argued that the minimum applies to witnesses who are being deposed solely under 30(b)(6), *see* Dkt. 33 at 11

depositions in intellectual property and antitrust cases.  Mot. 5.  But Plaintiffs make no attempt to explain why those cases are remotely comparable to this one, or why what was done in those other cases should trump the decision already made by Judge Selna *in this case*.  For example, one of the cases they cite permitted 1,600 deposition hours where there were 440 plaintiffs—i.e., roughly 4 hours per plaintiff.  *See Adams v. United States*, 2009 WL 3444486, at *1 (D. Idaho Oct. 2, 2009).  In another, each side was allotted a total of 190 hours where defendants preliminarily listed 130 witnesses for trial—i.e., less than an hour per witness.  *See United States v. Bazaarvoice, Inc.*, 2013 WL 2627724, at *1-3 (N.D. Cal. June 11, 2013).  The remaining three cases merely note the existing hour limit in passing and without analysis.  *See Apple Inc. v. Samsung Elecs. Co.,* 2012 WL 1232267, at *5 (N.D. Cal. Apr. 12, 2012); *IBM v. Zillow Grp. Inc.*, 2020 WL 3266220, at *3 (W.D. Wash. June 17, 2020); *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 455 (N.D. Cal. 2008).  None of those three cases involved a motion for reconsideration of a limit previously set after consideration of the parties' competing positions.

    *Finally*, Plaintiffs argue that the total number of deposition hours should be expanded because this case involves 16 legal claims, a damages claim purportedly "exceeding $1 billion," and significant expenditures in time and resources of both parties.  Mot. 4-5.  But all of this was—or should have been—clear at the time that this suit was first filed, and Judge Selna still ordered a 100-hour deposition limit.  Indeed, the only meaningful new piece of information is that the number of live claims is now *lower* than it was in April 2020 because the patent infringement claims have been stayed.  Plaintiffs are not entitled to more deposition time for use in a smaller case.

## IV.   CONCLUSION

    For the reasons discussed above, the Court should deny Plaintiffs' motion.

| | |
|---|---|
| Dated: July 20, 2022 | Respectfully submitted, |
| | JOSHUA H. LERNER |
| | H. MARK LYON |
| | BRIAN M. BUROKER |
| | BRIAN A. ROSENTHAL |
| | ILISSA SAMPLIN |
| | ANGELIQUE KAOUNIS |
| | GIBSON, DUNN & CRUTCHER LLP |
| | |
| | KENNETH G. PARKER |
| | HAYNES AND BOONE, LLP |
| | |
| | JOSHUA H. LERNER |
| | MARK D. SELWYN |
| | NORA Q.E. PASSAMANECK |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | |
| | By: /s/ Mark D. Selwyn |
| |      Mark D. Selwyn |
| | |
| | *Attorneys for Defendant Apple Inc.* |