Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Supplemental Memorandum in Opposition to Defendant Apple Inc.'s Motion to Clarify or Reconsider Order Regarding Plaintiffs' Motion to Modify Trade Secret Disclosure (Dkt. 669) ("Supplemental Memorandum").

Masimo has provided a proposed redacted version of its Supplemental Memorandum. Masimo has also provided a proposed redacted version of the Report Regarding Defendant Apple Inc.'s Motion to Clarify or Reconsider Order Regarding Plaintiffs' Motion to Modify Trade Secret Disclosure (Dkt. 669) ("Report"). Masimo requests the Court seal Exhibits 16-33, 35-36, and 38-40 to the Declaration of Adam B. Powell in their entirety, the highlighted portions of the Supplemental Memorandum, and the highlighted portions of the Report.

## I. <u>LEGAL STANDARDS</u>

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The documents that Masimo seeks to seal contain information that one or both of the parties consider confidential.

Exhibit 16 is an email between counsel disclosing Masimo's trade secrets and the applications implicated by them. Powell Decl. ¶ 7. Exhibit 22 is a hearing transcript that discusses Masimo's trade secrets. *Id.* Exhibit 23 are interrogatories that discuss Masimo's trade secrets. *Id.* Exhibits 24 and 38 are interrogatory responses that discusses Masimo's confidential documents and trade secrets. *Id.* Exhibits 31-33 are letters between counsel that discuss Masimo's trade secrets. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with industry-leading performance due, in part, to its years-long investment in its technical trade secrets. *Id.* If Masimo's trade secrets and confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if these trade secrets were disclosed. *Id.*

Exhibits 17-20, 26-30, and 40 are documents that Apple produced in this case and designated pursuant to the Protective Order. *Id.* ¶ 8. Exhibits 21, 25, 33, 35, and 36 contain Apple codenames that Masimo understands Apple considers confidential. *Id.* Exhibit 24 is an interrogatory response that discusses documents Apple designated as confidential. *Id.* Masimo requests the Court seal these documents based on Apple's assertion that they contain confidential information. *Id.*

The proposed redacted portions of the Supplemental Memorandum and Report discuss the aforementioned Exhibits and should also be sealed for the same reasons. *Id.* ¶ 9. The proposed redacted portion of the Report includes material Apple considers confidential. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not

obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

Apple has argued that designating information as "Highly Confidential – Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the proposed redacted portions of the Supplemental Memorandum, the proposed redacted portions of the Report, and Exhibits 16-33, 35-36, and 38-40 to the Declaration of Adam B. Powell.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 20, 2022

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55998042