Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF FACTS ....................................................................... 2

III. ARGUMENT .......................................................................................... 3

    A.    Applications That Use Apple Watch Parameter Data Are At Issue ........................................................................................... 3

    B.    Apple's Other New Arguments Lack On The "Frameworks" Lacks Merit .............................................................................. 6

        1.    Apple's New "Frameworks" Argument Lacks Merit ................ 6

        2.    Apple's New Heart Rate Argument Lacks Merit ...................... 7

    C.    Apple Has Not Attempted To Meet The Standard For Excluding Evidence .................................................................. 7

        1.    Apple Suffered No Prejudice And Any Prejudice ..................... 7

        2.    The Other Factors Weigh Against Excluding Evidence ............ 8

IV. CONCLUSION ....................................................................................... 9

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo"), submit this supplemental memorandum addressing disputed applications included in their third supplemental response to Apple's Interrogatory No. 10 ("3SR").

As a preliminary matter, the parties stipulated to extend the deadline to file this brief based on their continued efforts to meet and confer. Dkt. 828. Because the Court has not yet ruled on that stipulation, Masimo files this brief out of an abundance of caution. However, Masimo did not know Apple's latest position discussed herein until about 10 pm on filing day. Masimo will file a revised version of this brief that addresses the parties' final dispute more directly if the Court grants the stipulation.

## I. **INTRODUCTION**

Masimo significantly narrowed its allegations to try to avoid this dispute. Masimo agreed not to allege misappropriation of trade secrets ("TS") D.1-D.5 at issue here based on Health Cloud, Fitness, ResearchKit, or iResearch. Masimo also limited "Heart-Related Applications" to the Heart Rate and ECG applications. For other applications (and "frameworks" like HealthKit), Masimo limited its allegations to the portions that use oxygen saturation, heart rate, or ECG parameter data. Masimo followed the Court's suggestion not to pursue other aspects like sleep or nutrition. *See* Dkt. 815 at 6. Masimo also confirmed it is not alleging misappropriation based on third-party applications. Yet Apple still demands that Masimo restricts its case further. *See* Ex. 16 at 4.[1]

Apple's Motion nominally seeks "reconsideration" of the Order allowing Masimo to amend its description of trade secrets. But Apple's Motion has nothing to do with Masimo's *description* of trade secrets. Apple instead seeks to exclude evidence of a separate element, Apple's *misappropriation*. Thus, Apple's request is more akin to a motion *in limine* under Rule 37. But Apple has not attempted to justify such relief. Apple has been on notice of Masimo's allegations for months based on the complaint

---

[1] Lettered exhibits are attached to the Passamaneck Declarations (Dkt. 758-2 – 758-4, 759-2 – 759-7). Numbered exhibits are attached to the Powell Declarations (Dkt. 778, 778-1, 776-2, and submitted herewith). Emphasis is added unless noted otherwise.

and discovery exchanged between the parties.   Moreover, Masimo served the supplemental response at issue *three months* before the close of fact discovery, three-and-a-half months before the deadline to supplement responses to contention interrogatories, before the deadline to serve written discovery, and before either party took a single substantive deposition.   Apple cites no authority that would support excluding evidence under such facts.  The Court should deny Apple's Motion.

## II.  STATEMENT OF FACTS

In February 2021, Masimo filed the operative complaint identifying several business and marketing trade secrets.  Dkt. 296-1. ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

Masimo also identified Apple marketing materials to supports its allegations that Apple misappropriated TS D.1-D.5.  *Id.* ¶ 43.1-43.5. ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

The parties briefed—and the Court held—those allegations sufficiently alleged misappropriation of the business and marketing trade secrets.  Dkt. 264 at 13.

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ The Court correctly allowed

---

2 Masimo understands and acknowledges the July 6 Order's concern about filing standalone sealed versions of documents.  *See* Dkt. 815 at 1, n.1.  Masimo respectfully submits that it had filed a standalone sealed opposition on June 28.  *See* Dkt. 801.

Masimo's clarifying amendment and further requested that Masimo identify any "applications they believe are implicated by this trade secret" in interrogatory response within 14 days of the order. Dkt. 669 at 5-6. Thus, Masimo supplemented its interrogatory response to include the software applications that operate on the Apple Watch and allow it to collect parameter data as implicated by TS D.1. Masimo also identified other applications that *use* data collected by the Apple Watch as implicated by TS D.2-D.5. ███████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

Apple moved for reconsideration by arguing Masimo was trying to "expand" the case to include new applications. Dkt. 758-1 at 2. The Court instructed the parties to meet and confer to try to reach an agreement, considering "whether certain applications may clearly be within the scope of Plaintiffs' earlier disclosure (e.g., the use of HealthKit to access and share SpO2 data), whereas others may not (e.g., the use of HealthKit to track sleep or nutrition)." Dkt. 815 at 6. As discussed, Masimo significantly narrowed its allegations to try to avoid this dispute but the parties could not resolve all disputes.

### III. **ARGUMENT**

The Court found Apple's Motion was "not really a motion for reconsideration" and should not be treated as one. Dkt. 815 at 4. Indeed, the underlying motion was Masimo's request to amend the *description* of Masimo's trade secrets. Dkt. 640, 650. Apple's motion for "reconsideration" did not concern the *description* of Masimo's trade secrets. Rather, it sought to limit Masimo's *misappropriation* allegations. Thus, Apple's motion for "reconsideration" is better understood as a request to exclude evidence of misappropriation. Such a request lacks merit because Masimo has always alleged the applications discusses herein are at issue in TS D.1-D.5.

A. **Applications That Use Apple Watch Parameter Data Are At Issue**

Apple agreed some applications are at issue because they use parameter data but disputed other applications. Those applications are all at issue.

1    **HealthKit**: HealthKit is a software framework that allows applications to collect

2    and store health information, including heart rate, oxygen saturation, and ECG data from

3    the Apple Watch.  ███████████████████████████████████████████████

4    █████████████████████████████████████████████████████████████████████

5    █████████████████████████████████████████████████████████████████████

6    █████████████████████████████████████████████████████████████████████

7    █████████████████████████████████████████████████████████████████████

8    ███████████████████████████████████████████████  Thus,  HealthKit

9    implicates at least Masimo's TS D.1-D.4.  *See* Dkt. 296-1 ¶¶ 43.1-4.

10       Apple  has  long  known  HealthKit  was  relevant.  ██████████████████

11   █████████████████████████████████████████████████████████████████████

12   █████████████████████████████████████████████████████████████████████

13   █████████████████████████████████████████████████████████████████████

14   █████████████████████████████████████████████████████████████████████

15   █████████████████████████████████████████████████████████████████████

16   █████████████████████████████████████████████████████████████████████

17   █████████████████████████████████████████████████████████████████████

18   █████████████████████████████████████████████████████████████████████

19   █████████████████████████████████████████████████████████████████████

20   █████████████████████████████████████████████████████████████████████

21   █████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   **CareKit**:  █████████████████████████████████████████████

24   █████████████████████████████████████████████████████████████████████

25   █████████████████████████████████████████████████████████████████████

26   █████████████████████████████████████████████████████████████████████

27   █████████████████████████████████████████████████████████████████████

28

1 ███████████████████████████████████████████████████████████████

2 ████████████████████████████████████

3    ██████████████████████████████████████████████████████████

4 ███████████████████████████████████████████████████████████████

5 ███████████████████████████████████████████████████████████████

6 ███████████████████████████████████████████████████████████████

7 ███████████████████████████████████████████████████████████████

8 ███████████████████████████████████████████████████████████████

9 ███████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████

12        **<u>SensorKit</u>**: SensorKit is software framework that facilitates other applications to

13 access parameter data from the Apple Watch.  *See* Ex. 37 at 1.   █████████████

14 ███████████████████████████████████████████████████████████████

15 ███████████████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████████████

18 ███████████████████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████████████

20 ███████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████

22    ██████████████████████████████████████████████████████████

23 ███████████████████████████████████████████████████████████████

24 ███████████████████████████████████████████████████████████████

25 ███████████████████████████████████████████████████████████████

26 ███████████████████████████████████████████████████████████████

27 ███████████████████████████████████████████████████████████████

28 ███████████████████████████████████████████████████████████████

1 ██████████████████████████████████████████
2 ██████████████████████████████████████████
3 ██████████████████████████████████████████
4 ██████████████████████████████████████████
5 ██████████████████████████████████████████
6 ██████████████████████████████████████████
7 ██████████████████████████████████████████
8 ████████████████████████████████████

## B. Apple's Other New Arguments Lack On The "Frameworks" Lacks Merit

On July 19 and 20, Apple raised additional arguments about "frameworks" and "heart rate." Both lack merit.

### 1. Apple's New "Frameworks" Argument Lacks Merit

During a meet and confer yesterday (July 19), Apple for the first time attempted to distinguish applications (like the "Blood Oxygen" app) from the "frameworks" that enable applications (HealthKit, CareKit, and SensorKit). Apple did not explain its contention, but Apple appeared to argue "frameworks" cannot misappropriate TS D.1-5 ████████████████████████████████ ████████████████████. Apple never raised that argument in prior briefing and should not be allowed to do so now. Apple's argument also lacks merit.

Masimo alleges Apple is misappropriating an overall business and marketing *strategy*. The applications and "frameworks" discussed herein are not "accused products" like in a patent case. Rather, they are evidence that Apple is using Masimo's overall trade secret strategy. Apple's new argument is also improperly directed towards the *merits* of Masimo's claim rather than the *timeliness* or prejudice of Masimo's

---

[3] Apple produced the ████████████ in November 2021 and January 2022. The April 2022 Order found Masimo acted diligently in identifying new trade secrets based on the voluminous November 2021 productions. Dkt. 669 at 7-8. For the same reason, Masimo acted diligently in ████████████████ as relevant to these trade secrets.

allegations.  The sufficiency of Masimo's allegations is an issue for summary judgment and trial.  Moreover, one can misappropriate trade secrets even if they are not implemented in precisely the same manner.  *See SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. 2012) (defendant can be liable if it "unlawfully acquired and then built upon or modified" the trade secrets).

### 2.  Apple's New Heart Rate Argument Lacks Merit

At about 10 pm on filing day, Apple insisted on using "i.e." instead of "including" in the portion of the Joint Report referring to Heart Rate.  Apple declined to explain why it was making that change or what it seeks to exclude with that phrase.  Apple appears to be trying to exclude all aspects of the Heart Rate application other than "high / low heart rate notification and irregular rhythm notification."  Apple's argument lacks merit because the heart rate application has been at issue since the beginning of this case.  Indeed, that is the very software on the Apple Watch that measures heart rate,[4] which has always been a core aspect of this case.  Apple has no basis for attempting to exclude any portion of the heart rate application.  Apple should not be permitted to explain its position for the first time in its brief when Masimo cannot respond.

### C.  Apple Has Not Attempted To Meet The Standard For Excluding Evidence

Motions to exclude evidence are typically brought as a motion *in limine* under Rule 37.  The following factors are relevant: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).  Apple has never made any attempt to satisfy this standard.

### 1.  Apple Suffered No Prejudice And Any Prejudice

As explained above, Apple has long known that Masimo alleges misappropriation of TS D.1-D.5 based on the applications discussed above.  Thus, Apple cannot show any

---

[4] Apple's "Heart Rate" application measures pulse rate, so Masimo refers to "heart rate" here for simplicity.

prejudice or surprise.  Even if the 3SR were the first disclosure of Masimo's theory, Apple could not claim prejudice.  Apple incorrectly claims Masimo served the 3SR at the "eleventh-hour."  *See* Dkt. 792-1 at 1:14-16.  There is no dispute that Masimo complied with the Court's Order to serve the 3SR by May 12, 2022.  Dkt. 669 at 6.  There is also no dispute Masimo served the 3SR: (1) ***three-and-a-half months*** before the August 26 deadline to serve responses to contention interrogatories, (2) ***three months*** before the August 12 close of fact discovery, and (3) before the deadlines to serve written discovery.  Dkt. 627.  Masimo served the 3SR before the parties took ***any*** substantive depositions.  Powell Decl. ¶ 2 (explaining the parties took non-substantive 30(b)(6) depositions on document collection).  Thus, Apple had time to serve discovery, prepare its witnesses, and depose Masimo's witnesses.

Even where the evidence was identified much later, courts routinely hold that supplementing interrogatory responses to add information about the other parties' products is timely under Rule 26(e)(1).  *See, e.g.*, *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp. 3d 547 (D.S.C. 2018) (finding failure to disclose evidence before expert reports "harmless" where the receiving party could cross-examine the expert and failed to take any action to cure any alleged prejudice).

Moreover, Apple served the vast majority of its document production within a few months of the 3SR.  Powell Decl. ¶ 3 (Apple served about 2 million pages on or after November 2021).  In fact, Apple is ***still*** producing documents.  *Id.*  Apple also supplemented its contention interrogatories long after the 3SR to disclose its own theories for the first time.  For example, Apple served its contentions as to why Masimo's trade secrets were generally known on July 15, 2022.  Ex. 38 at 94-96.  Apple served contentions on patent inventorship/ownership on the same day.  Ex. 39 at 22-38.  The fact that Apple is still producing documents and updating its own contentions further shows Apple has no basis to claim surprise or prejudice from the 3SR.

### 2. <u>The Other Factors Weigh Against Excluding Evidence</u>

The remaining factors also weigh against excluding evidence.  ***First***, any

supposed prejudice is curable because fact discovery has not yet closed.  **Second**, Masimo served the 3SR more than ten months before trial.  Nothing suggests trial will be disrupted.  **Third**, Masimo always acted in good faith.  Masimo disclosed its contentions long ago.  Indeed, Masimo and Apple have both taken extensive discovery on these issues.  Masimo sought to amend its trade secret allegations because Apple injected ambiguity by at times claiming a "product" includes only hardware.  Since then, Masimo has done exactly as the Court ordered by serving the 3SR.[5]

## IV.  CONCLUSION

Accordingly, Masimo respectfully asks the Court to deny Apple's Motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 20, 2022                    By: /s/ Adam B. Powell
                                            Joseph R. Re
                                            Stephen C. Jensen
                                            Benjamin A. Katzenellenbogen
                                            Perry D. Oldham
                                            Stephen W. Larson
                                            Mark D. Kachner
                                            Adam B. Powell
                                            Daniel P. Hughes

                                            Attorneys for Plaintiffs
                                            MASIMO CORPORATION and
                                            CERCACOR LABORATORIES, INC.

---

[5] As discussed, Apple has never explained why it satisfied the correct legal standard for excluding evidence.  Apple should not be permitted to do so for the first time on reply in connection with supplemental briefing regarding a motion for reconsideration concerning Masimo's identification of trade secrets.