Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO INCREASE DEPOSITION HOURS**<br><br>Hon. John D. Early<br><br>Date:  August 15, 2022<br>Time:  1:30 p.m.<br>Ctrm:  6A |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Masimo Corp. and Cercacor Laboratories, Inc. (jointly, "Masimo") respectfully submit this Reply in support of Masimo's Motion to Increase Deposition Hours.

### A.     The Current Hours Limit Is Insufficient

Apple does not address most of Masimo's arguments about the current hours limit. For example, Apple does not dispute it has identified **21** witnesses it intends to bring to trial or designate as a 30(b)(6) witness, including **17** that Masimo had not yet deposed. Powell Decl. ¶ 8. Apple does not dispute it would take 85 hours to depose those witnesses at five hours each, which would exceed the remaining time by 25 hours.

Apple also does not dispute that Masimo would be entitled to take at least **182** hours under the standard rules. *See* Mot. at 4 (citing Fed. R. Civ. P. 30 & *Verso Paper*, 2012 WL 13018381 at *2). Apple's only response is that Masimo could have asked to proceed under those rules at the beginning of the case. Opp. at 4. But Masimo had no way of knowing in 2020 that Apple would designate **17** 30(b)(6) witnesses in 2022.[1]

Apple also fails to address proportionality. *See* Mot. at 4-5. Apple does not dispute the remaining depositions are important to resolving issues at stake in this case. *Id.* Nor does Apple dispute that more than $1 billion is at stake and that Apple argued proportionality supports extensive discovery based on such damages. *Id.* Apple likewise does not claim 40 hours of deposition time would be unduly burdensome in a case where both parties have already spent millions of dollars in attorneys' fees. *Id.*

Instead, Apple argues it added "just four" witnesses last week. Opp. at 4. That is not a trivial change. It adds an extra **20 hours**—20% of the current 100 hours. Apple suggests Masimo's five-hour estimate per witness is too high (*id.* at 1), but offers no estimate of its own. Apple also ignores that Masimo's estimate is **lower** than the standard seven hours per witness provided by the Federal Rules. If anything, the five-

---

[1] In a footnote, Apple suggests the 3.5-hour minimum may not apply to 30(b)(6) witnesses. Opp. at 4, n.3. Apple never made that offer and carefully avoids doing so. Regardless, only three remaining witnesses are solely 30(b)(6) witnesses. Suppl. Powell Decl. ¶ 3. Even if Masimo deposed those three witnesses for 1 hour each, it would still take 113 hours just to finish deposing the witnesses on which Apple plans to rely.

hour estimate is conservative because Apple offered many of its more important witnesses (e.g., O'Reilly, Hotelling, and Williams) towards the end of discovery.

Apple also attempts to distinguish some of Masimo's cited cases. Opp. at 5. But Apple simply ignores Masimo's descriptions of why the cases are relevant. Moreover, Apple cites no authority of its own suggesting that 100 hours is enough for a large case involving 7.5 million pages of documents and over $1 billion in dispute.

### B. Apple's Critiques of Masimo's Depositions Lack Merit

Apple claims Masimo wasted 3.5 hours deposing each of Bokma and Fu because Apple did not designate them as trial or 30(b)(6) witnesses. Opp. at 2. But Apple ignores Masimo's explanations of their relevance (Powell Decl. ¶ 9) and cites no authority suggesting a party must depose only the witnesses on which its **opponent** plans to rely. Apple claims Masimo wasted 4 hours deposing Sellers because it already deposed her in *True Wearables*. Opp. at 2. But Apple plans to rely on Sellers and she possesses information relevant to this case not at issue in *True Wearables*. Apple argues Masimo wasted seven hours on Goldberg. *Id.* But that deposition concerned efforts to recover important evidence from Lamego that Apple admittedly destroyed. Powell Decl. ¶ 9.[2]

Apple's arguments about Masimo's planned depositions also lack merit. For example, Apple faults Masimo for seeking to depose three witnesses on which Apple does not plan to rely. Opp. at 3. Again, Apple does not argue those witnesses are irrelevant or explain why Masimo cannot depose a few witnesses to support its own claims. Apple likewise faults Masimo for seeking to "re-depose" witnesses from the ITC Investigation. Opp. at 4. But Apple plans to rely on **all** of those witnesses here (Suppl. Powell Decl., Ex. 3) and most documents from this case were **not** available in the ITC because Apple successfully opposed cross use (*See* Dkt. Nos. 515 & 710).

### C. Apple's Remaining Arguments Lack Merit

Rather than focus on the relevant facts, Apple spends much of its brief on

---

[2] Apple identifies a typographical error. Opp. at 3, n.2. Masimo intended to state the Special Master ordered testimony by declaration. Masimo apologizes for any confusion.

irrelevant and meritless arguments. First, Apple argues the Motion is an untimely *"de facto* motion for reconsideration." Opp. at 1, 5. Just two weeks ago, however, Apple suggested a motion to extend the depositions hours would be premature and that the parties should continue trying to proceed under the current limit. Powell Decl., Ex. 2. Regardless, Apple's own cited authority explains "the timing of the motion for leave to take additional depositions will depend on when the party will be able to make the requisite particularized showing." *PAX Water Techs., Inc. v. Medora Corp.*, 2019 WL 8301182, at *2 (C.D. Cal. July 9, 2019). Masimo followed that standard by proceeding under the current limit until it was clear the limit was insufficient.

Second, Apple complains that Masimo originally asked to depose too many witnesses. Opp. at 1. But Apple also identified 37 witnesses (Passamaneck Decl. ¶ 6) and both parties narrowed their lists at the same time. Apple argues Masimo served "irrelevant" 30(b)(6) topics about Kornelius Raths. Opp. at 1-2. Apple must have believed Raths was relevant because Apple served its own topics on him. Suppl. Powell Decl. ¶ 4. Apple claims it "narrowed" the dispute, but today Apple served initial disclosures identifying a total of **24** Apple witnesses with "discoverable information that Apple may use to support its claims and/or defenses." Suppl. Powell Decl., Ex. 3.

Third, without any support, Apple claims this Motion "threatens to derail" trial. Opp. at 1. Apple cannot claim 40 hours of depositions will impact the schedule when Apple is represented by *four* law firms. Apple likewise cannot show increasing the limit now would "punish" Apple. Masimo is a smaller company with fewer employees, so it makes sense that Apple requested fewer depositions. Regardless, Apple will benefit from more time because most of its depositions remain to be taken.

Finally, Apple claims the only "new" fact is some claims are stayed. Opp. at 5. Apple omits many new facts. Apple identified **21** people as trial or 30(b)(6) witnesses. The Court allowed Masimo to revise its trade secrets. Apple released a new version of the Apple Watch with pulse oximetry—a key part of Masimo's business. Given what is at stake, Masimo deserves a fair chance to depose a reasonable number of witnesses.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | Dated: July 21, 2022 | By: */s/ Adam B. Powell* |
| | | Joseph R. Re |
| | | Stephen C. Jensen |
| | | Benjamin A. Katzenellenbogen |
| | | Perry D. Oldham |
| | | Stephen W. Larson |
| | | Mark D. Kachner |
| | | Adam B. Powell |
| | | Daniel P. Hughes |
| | | Justin J. Gillett |
| | | |
| | | Attorneys for Plaintiffs |
| | | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

56001898