Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**SUPPLEMENTAL DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' MOTION TO INCREASE DEPOSITION HOURS**<br><br>Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Date:  August 15, 2022<br>Time:  1:30 p.m.<br>Ctrm:  6A |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I, Adam B. Powell, hereby declare as follows:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Supplemental Declaration in Support of Plaintiffs' Motion To Increase Deposition Hours (the "Motion").

2.     Attached hereto as **Exhibit 3** is a true and correct copy of Apple's Third Amended Initial Disclosures, dated July 21, 2022.

3.     Apple's Rule 26(a)(1) Initial Disclosures (Exhibit 3) list witnesses "that Apple may use to support its claims or defenses, unless the use would be solely for impeachment."  I have compared that list against Apple's list of twenty-one witnesses it may call at trial or has designated as 30(b)(6) witnesses, set forth in my prior declaration at Paragraph 7.  Only three witnesses appear on Apple's list of trial or 30(b)(6) witnesses that do not appear on Apple's Initial Disclosures: David Amor, Robin Goldberg, and Eugene Kim.

4.     Apple's 30(b)(6) Topics seek the following information about four individuals, including Kornelius Raths:

- Facts and circumstances relating to their hiring and training by Plaintiffs;
- Facts and circumstances relating to the projects and products on which they worked for Plaintiffs;
- Facts and circumstances relating to their compensation while employed by Plaintiffs;
- If applicable, facts and circumstances relating to their departure from Plaintiffs' employ, including, the reason for their departure;
- Facts and circumstances relating to offers by Plaintiffs, if any, that they could return to work at Plaintiffs after departing, including Plaintiffs' subsidiaries;

-1-

- Communications between Plaintiffs and Lamego, O'Reilly, Bruinsma, and Raths while they were employed by Apple;

- Facts and circumstances relating to communications between Plaintiffs and the FDA relating to Lamego, O'Reilly, Bruinsma, and Raths; and

- Agreements entered into between Plaintiffs and Lamego, O'Reilly, Bruinsma, and Raths, including agreements related to inventions, including ownership and assignment of the same.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on July 21, 2022, at San Diego, California.

*/s/ Adam B. Powell*

55800077

# EXHIBIT 3

1
JOSHUA H. LERNER, SBN 220755
   joshua.lerner@wilmerhale.com
2
WILMER CUTLER PICKERING
   HALE AND DORR LLP
3
1 Front Street, Ste. 3500
San Francisco, CA 94111
4
Tel.: 628.235.1124 / Fax: 628.235.1001
5
H. MARK LYON, SBN 162061
   mlyon@gibsondunn.com
6
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
7
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333
8
BRIAN M. BUROKER, *pro hac vice*
9
   bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
10
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
11
Tel.: 202.955.8500 / Fax: 202.467.0539
12
BRIAN A. ROSENTHAL, *pro hac vice*
13
   brosenthal@gibsondunn.com GIBSON,
DUNN & CRUTCHER LLP 200 Park
Avenue
14
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP 333
South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
   akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

MARK D. SELWYN. SBN 244180
   mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

15

16
*Attorneys for Defendant Apple Inc.*

17

18

19
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

20

21
MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware Corporation,

22

23
            Plaintiffs,

24
      v.

25
APPLE INC.,
a California corporation,

26
            Defendant.

27

28

CASE NO. 8:20-cv-00048-JVS (JDEx)

**DEFENDANT APPLE INC.'S THIRD AMENDED INITIAL DISCLOSURES**

Hon. James V. Selna

Magistrate Judge John D. Early

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant

2   Apple Inc., by and through its undersigned counsel, makes the following Third Amended

3   Initial Disclosures ("Disclosures"). These Disclosures are based upon the information

4   currently and reasonably available to Apple.   Apple's investigation of the facts

5   pertaining to this matter is ongoing, and Apple reserves the right to supplement and/or

6   amend these Disclosures as appropriate under Federal Rule of Civil Procedure 26(e).  In

7   particular, and without limitation, Apple reserves the right to identify additional

8   individuals and to identify and produce additional documents and other such information

9   as they become known or available and to include individuals not identified in these

10   initial disclosures in Apple's list of trial witnesses.  By making these Disclosures, Apple

11   does not concede the relevance or admissibility of any of the information provided, nor

12   does it represent that it is identifying every individual or document possibly relevant to

13   this lawsuit, or that Plaintiffs' First Amended Complaint states any actionable claim.

14    In addition, Apple makes these Disclosures without in any way waiving:  (1) the

15   right to object on the basis of any privilege, the work product doctrine, competency,

16   undue burden, relevance, materiality, hearsay or any other proper ground, to the use of

17   any such information, for any purpose, in whole or in part, in any subsequent proceeding

18   in this action or any other action; (2) the right to object on any and all grounds, at any

19   time, to any other discovery request or proceeding involving or relating to the subject

20   matter of these disclosures; or (3) the right to seek relief under a suitable protective order

21   agreed to by the parties and/or issued by the Court covering any information to be

22   provided in discovery in this case.

23    All the Disclosures set forth below are made subject to the above objections and

24   qualifications.

25

26

27

28

**I.      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Apple may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Rule 26(a)(1)(A)(i), the following list sets forth the name and contact information of those individuals whom Apple presently has reason to believe are likely to have discoverable information that Apple may use to support its claims and/or defenses. Apple anticipates that further individuals may be identified as discovery proceeds and if Plaintiffs clarify their claims. Specifically with respect to Plaintiffs' trade secret misappropriation claim, Apple requested that Plaintiffs describe their alleged trade secrets with reasonable particularity before they commence trade secret-related discovery. Plaintiffs declined, thus far, to do so.

By indicating the general subject matter of information that individuals and entities may possess, Apple does not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of any particular information for any purpose, nor does Apple in any way limit its right to call any individual or entity to testify concerning other subjects. The witnesses listed below are also knowledgeable regarding the topics on which they are designated in response to Plaintiffs' May 3, 2022 Rule 30(b)(6) Notice.

Where used below, "Asserted Patents" shall mean U.S. Patent Nos. 10,258,265; 10,624,564; 10,292,628; 10,631,765; 10,702,194; 10,709,366; 10,702,195; 6,771,994; 8,457,703; 10,433,776; 10,588,553; and 10,588,554.

Where used below, "Disputed Apple Patents" shall mean the Apple patents identified in Paragraphs 47-50 of Plaintiffs' Fourth Amended Complaint (Dkt. 296-1), and Paragraph 372 of Plaintffs' First Supplement to the Fourth Amended Complaint (Dkt. 750).

All Apple employees should be contacted only through counsel for Apple.

| Name | Contact Information | Subject(s) |
| --- | --- | --- |
| Myra Haggerty | Apple | Design, development, testing, results, structure, function, and/or operation of the physiological sensors in the Apple Watch Series 3-7 and SE. |
| Steve Hotelling | Apple | Design, development, testing, results, structure, function, and/or operation of the physiological sensors in the Apple Watch Series 3-7 and SE; knowledge of the Disputed Apple Patents on which he is a named inventor and related technology; circumstances of employment of Marcelo Lamego, including hiring and termination; Apple history. |
| Trevor Ness | Apple | Knowledge of the Disputed Apple Patents on which he is a named inventor and related technology. |
| Chinsan Han | Apple | Knowledge of the Disputed Apple Patents on which he is a named inventor and related technology. |
| Naoto Matsuyuki | Apple | Knowledge of the Disputed Apple Patents on which he is a named inventor and related technology. |
| Wolf Oetting | Apple | Knowledge of the Disputed Apple Patents on which he is a named inventor. |
| Brian Land | Apple | Design, development, testing, results, structure, function, and/or operation of the physiological sensors in the |

| Name | Contact Information | Subject(s) |
|---|---|---|
| | | Apple Watch Series 3-7 and SE. |
| Stephen Waydo | Apple | Design and development of software relating to the physiological sensors in the Apple Watch Series 3-7 and SE. |
| Michael O'Reilly | Apple | Communications between Masimo and Apple; alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |
| Deidre Caldbeck | Apple | Marketing relating to the Apple Watch Series 3-7 and SE. |
| Jeff Williams | Apple | Apple history; circumstances of employment of Marcelo Lamego, including hiring and termination; design, development, function, operation, sales, and/or marketing of the physiological sensors in the Apple Watch Series 3-7 and SE; Apple strategy with respect to health. |
| Adrian Perica | Apple | Masimo communications with Apple. |
| Steve Smith | Apple | Masimo communications with Apple. |
| Afshad Mistri | Apple | Marketing relating to the Apple Watch Series 3-7 and SE. |

Gibson, Dunn & Crutcher LLP

Exhibit 3
-7-

| Name | Contact Information | Subject(s) |
|---|---|---|
| Divya Nag | Apple | Marketing relating to the Apple Watch Series 3-7 and SE. |
| Erno Klaassen | Apple | Design and development of software relating to the physiological sensors in the Apple Watch Series 3-7 and SE. |
| Ueyn Block | Apple | Design and development of software relating to the physiological sensors in the Apple Watch Series 3-7 and SE. |
| Aditya Dua | Apple | Design and development of software relating to the physiological sensors in the Apple Watch Series 6-7. |
| Paul Mannheimer | Apple | Design and development of software relating to the physiological sensors in the Apple Watch Series 6-7. |
| Denby Sellers | Apple | Circumstances of employment of Marcelo Lamego, including hiring. |
| Michael Jaynes | Apple | Apple's financial information produced in this litigation; the cost of the implementation of non-infringing alternatives Apple has put forth in this case. |
| Peter Russell-Clarke | Apple | History, design, development, and appearance of Apple Watch. |
| Chris Saari | Apple | Apple Watch software for various non-health features. |
| Jackie Harlow | Apple | Licensing relating to Apple Watch, health and wellness. |

| Name | Contact Information | Subject(s) |
|---|---|---|
| **Plaintiffs** | | |
| Walter Weber | Masimo Corporation c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |
| Massi Joe E. Kiani | Masimo Corporation c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | The operation and finances of Masimo Corporation; ownership of the Asserted Patents; Masimo communications with Apple; Masimo's intellectual property strategy; alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents; Masimo's and Cercacor's efforts to  maintain secrecy of alleged trade secrets; Masimo's and Cercacor's efforts to develop alleged trade secrets; the scope of Masimo's and Cercacor's alleged trade secrets; to whom Masimo and Cercacor have disclosed their alleged trade secrets, including third parties; third parties to whom Masimo or Cercacor have licensed their alleged trade secrets or patents. |
| Mohamed K. Diab | Masimo Corporation c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related |

| Name | Contact Information | Subject(s) |
|---|---|---|
| | Irvine, CA 92614 | applications; prior art to and prosecution of the Asserted Patents. |
| Additional individuals to be identified who were or are associated with Masimo Corporation 52 Discovery Irvine, CA 92618 | Masimo Corporation c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | The operation and finances of Masimo Corporation; ownership of the Asserted Patents; communications with Apple; alleged invention and patenting of the Asserted patents and/or related applications; prior art to and prosecution of the Asserted Patents; Masimo's intellectual property strategy; and factual knowledge with respect to claims and defenses in this action, including the timing of discovery of the alleged trade secret claim. |
| Jeroen Poeze | Cercacor Laboratories c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of Asserted Patents. |
| Greg Olsen | Cercacor Laboratories, Inc. c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of Asserted Patents. |
| Hung Vo | Cercacor Laboratories, Inc. c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and |

| Name | Contact Information | Subject(s) |
|---|---|---|
| | | prosecution of the Asserted Patents. |
| Ferdyan Lesmana | Cercacor Laboratories, Inc. c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |
| Additional individuals to be identified who were or are associated with Cercacor Laboratories, Inc. 15750 Alton Pkwy Irvine, CA 92618 | Cercacor Laboratories, Inc. c/o Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | The operation and finances of Cercacor Laboratories, Inc.; ownership of the Asserted Patents; communications with Apple; alleged invention and patenting of the inventions claimed in the Asserted Patents and/or related applications; prior art to and prosecution of the Asserted Patents; Cercacor's intellectual property strategy; and factual knowledge with respect to claims and defenses in this action, including the timing of discovery of the alleged trade secret claim. |
| **Third Parties** | | |
| Marcelo Lamego | True Wearables 29826 Avenida de Las Banderas, Suite 300 Rancho Santa Margarita, CA 92688 | Communications between Masimo and Apple; alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; knowledge of the Disputed Apple Patents and related technology; prior art to and prosecution of the Asserted Patents; Masimo's and |

| Name | Contact Information | Subject(s) |
|------|---------------------|------------|
| | | Cercacor's efforts to maintain secrecy of alleged trade secrets; Masimo's and Cercacor's efforts to develop alleged trade secrets; the scope of Masimo's and Cercacor's alleged trade secrets; disclosure or use of Masimo's or Cercacor's trade secrets, or lack thereof; the allegations of disclosure of Masimo's and Cercacor's alleged trade secrets to Apple. |
| David Nazzaro | *Current address unknown* | Knowledge of the Disputed Apple Patents on which he is a named inventor and related technology. |
| Ammar Al-Ali | *Current address unknown* | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |
| Sean Merritt | *Current address unknown* | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |
| Cristiano Dalvi | *Current address unknown* | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |

| Name | Contact Information | Subject(s) |
|---|---|---|
| Johannes Bruinsma | *Current address unknown* | Alleged invention and patenting of the inventions claimed in the Asserted Patents, related technology, and/or related applications; prior art to and prosecution of the Asserted Patents. |
| John Grover | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Preparation and prosecution of the patent applications for the Asserted Patents and/or related applications; assignments of the Asserted Patents. |
| Scott Cromar | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Preparation and prosecution of the patent applications for the Asserted Patents and/or related applications; assignments of the Asserted Patents. |
| Jarom Kesler | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Preparation and prosecution of the patent applications for the Asserted Patents and/or related applications; assignments of the Asserted Patents. |
| Daniel Gibson | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Preparation and prosecution of the patent applications for the Asserted Patents and/or related applications; assignments of the Asserted Patents. |
| Aaron Johnson | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Preparation and prosecution of the patent applications for the Asserted Patents and/or related applications; assignments of the Asserted Patents. |
| Stephen C. Jensen | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Communications with Apple on behalf of Masimo; orchestration and execution of Masimo's intellectual property strategy. |

| Name | Contact Information | Subject(s) |
|---|---|---|
| Individuals to be identified who were or are associated with: Knobbe, Martens, Olson & Bear, LLP | Knobbe, Martens, Olson & Bear, LLP 2040 Main St #14 Irvine, CA 92614 | Preparation and prosecution of the patent applications for the Asserted Patents and/or related applications; assignments of the Asserted Patents; Masimo's and Cercacor's intellectual property strategy. |

In addition to the individuals identified above, the following individuals may have discoverable information:  (i) other persons involved in the preparation and prosecution of the patent applications related to the Accused Patents; (ii) users, authors and inventors of prior art, who may have information regarding the relevant technology and/or market, and the state of the prior art at the time of the alleged invention(s) of the Asserted Patents; (iii) persons identified by any defendant sued by Plaintiffs in other patent or trade secret litigations; (vi) all individuals necessary for evidentiary foundational purposes; (vii) persons necessary for impeachment purposes; (viii) persons having knowledge of the ownership and assignment of the Asserted Patents and/or any related patent(s); (ix) persons identified in any party's interrogatories or document responses; (x) persons identified in Plaintiffs' initial disclosures or any supplementations or amendments thereto; (xi) other individuals currently or previously employed by Plaintiffs with knowledge relevant to the claims or defenses at issue in this litigation; (xii) persons deposed by Apple or Plaintiffs in connection with this litigation; (xiii) persons with knowledge of the scope of Masimo and Cercacor's alleged trade secrets; (xiv) persons with knowledge of Masimo and Cercacor's  supposed efforts to maintain secrecy of their alleged trade secrets; (xv) persons to whom Masimo and Cercacor have disclosed their alleged trade secrets; (xvi) third parties to whom Masimo or Cercacor have licensed their alleged trade secrets or patents; (xvii) persons deposed by Plaintiffs or defendants in the True Wearables case; and (xviii) other presently unknown persons who may have knowledge of one or more matters relevant to this case.

**II.     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that Apple has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The materials described below constitute Apple's good-faith effort to identify documents and categories of documents, electronically stored information, and tangible things that Apple expects may provide support for its claims and defenses, to the extent that such documents, information, and things can be or have been identified at this early stage in the litigation.   Apple reserves the right to supplement these disclosures as it further investigates Plaintiffs' allegations and its defenses, and as this litigation otherwise proceeds, except to the extent that other disclosures by Apple adequately provide such information.   The following identifications should not be construed as an admission that the listed documents, information, and things will necessarily include, constitute, or embody discoverable information.

Subject to the foregoing, Apple identifies the following categories of documents, electronically stored information, and tangible things on which Apple may rely to support its defenses in this litigation, some of which may be in Apple's possession, custody, or control:

1.     U.S. Patent Nos. 10,258,265; 10,624,564; 10,292,628; 10,631,765; 10,702,194; 10,709,366; 10,702,195; 6,771,994; 8,457,703; 10,433,776; 10,588,553; and 10,588,554 (collectively, "Asserted Patents");

2.     Documents related to the Asserted Patents and the prosecution thereof, including without limitation the patents, their file histories, and cited references;

3.     Documents related to the construction of terms in any asserted claim of the Asserted Patents;

4.     Documents relating to the ownership of the Asserted Patents;

5.  Documents relating to the conception, reduction to practice, design, and/or development of the Asserted Patents;

6.  Documents concerning Apple's conception, reduction to practice, diligence, ownership, marketing, sales, development, operation, regulation, and implementation of the inventions claimed in the patents and patent applications at issue in Plaintiffs' Correction of Inventorship and Declaratory Judgment claims;

7.  Prior art to the Asserted Patents;

8.  Extrinsic evidence that may bear on claim construction, including without limitation dictionary definitions, learned treatises, prior art, and testimony of percipient and expert witnesses, to be identified by Apple;

9.  Documents and things relating to Apple's design, development, manufacture, operation and use of sensors in Apple Watch Series 3-7 and SE for measuring physiological parameters;

10. Documents concerning Apple's assertion that it has not misappropriated the alleged trade secrets;

11. Documents concerning the lack of efforts by Plaintiffs to maintain the secrecy of their alleged trade secrets;

12. Documents demonstrating that the CUTSA limitations period began more than three years ago;

13. Documents concerning Apple's assertion that it does not infringe the Asserted Patents;

14. Documents concerning Apple's assertion that the claims of the Asserted Patents are invalid for failure to satisfy one or more of the statutory conditions for patentability;

15. Documents concerning any other assertion of Apple in its portion of the Joint Rule 26(f) Report and Discovery Plan;

16. Documents concerning the general technology at issue;

Gibson, Dunn &
Crutcher LLP

17. Documents relating to any third-party's financial interest in the outcome of this litigation;

18. Documents relating to any alleged communication or interaction between Masimo Corporation or Cercacor Laboratories, on the one hand, and Apple, on the other;

19. Documents relating to the lack of any injury, damages, and/or monetary loss allegedly sustained and/or claimed by Plaintiffs;

20. Documents concerning Apple's costs, profits, revenues, and unit sales, if any, associated with Apple Watch Series 3-7 and SE;

21. Documents concerning Apple's marketing and sales of Apple Watch Series 3-7 and SE;

22. Documents concerning any pre-filing investigation by Plaintiffs;

23. Documents relating to licensing of, exploitation of, or litigation regarding the Asserted Patents;

24. Financial, sales, marketing, and licensing information relating to other products alleged to practice one or more of the claims of the Asserted Patents;

25. Documents relating to the hiring by Apple of any former or current employees of Plaintiffs, including Apple's recruiting practices for employees involved with the Apple Watch Series 3-7 and SE;

26. Additional documents relating to the instrumentalities and products relevant to Plaintiffs' infringement claims that will become apparent as discovery continues.

This disclosure does not waive any privileges or protection that may apply to documents within the following categories, and Apple expressly reserves any objection to the production of documents that are protected from discovery pursuant to the law of the United States or any applicable jurisdiction. Apple may assert any and all

1  appropriate privileges, including, but not limited to, the attorney-client privilege and

2  work product doctrine, and the parties are currently negotiating a protective order to

3  govern the production of any confidential or sensitive information.   Apple anticipates

4  that additional documents will be obtained from Plaintiffs.  Apple reserves the right to

5  supplement this list to reflect additional documents upon Plaintiffs' clarification of their

6  claims and as discovery commences and continues.  Apple expressly preserves all

7  objections under the Federal Rules of Evidence, the Federal Rules of Civil Procedure,

8  and/or the Civil Local Rules of this Court to the admissibility of any information

9  disclosed.  By identifying the foregoing categories of documents, Apple does not

10  concede that any category listed is relevant and reserves all objections, privileges and

11  protections (including, but not limited to, the attorney-client privilege and/or the work

12  product doctrine).

13      The foregoing documents are located in Apple's possession, custody or control,

14  or also may be in the possession, custody or control of Plaintiffs or of third parties, or

15  also may be publicly available.

16
17  **III.  A computation of each category of damages claimed by the disclosing
18      party—who must also make available for inspection and copying as under
19      Rule 34 the documents or other evidentiary material, unless privileged or
20      protected from disclosure, on which each computation is based, including
21      materials bearing on the nature and extent of injuries suffered.**

22      Apple does not currently claim damages in this litigation, although Apple reserves

23  the right to assert counterclaims and separately to seek attorneys' fees and costs as the

24  case develops.  A computation of these damages and any related documents, if any, will

25  be made available under Rule 34 of the Federal Rules of Civil Procedure at the

26  appropriate time.

27
28

Gibson, Dunn &
Crutcher LLP

**IV.** **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Apple is currently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

\* \* \* \* \*

Apple reserves the right to supplement and correct these initial disclosures to include information hereafter acquired based upon further clarification of Apple's claims and discovery.

DATED: July 21, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
BRIAN K. ANDREA
GIBSON, DUNN & CRUTCHER LLP

JOSHUA H. LERNER
MARK D. SELWYN
WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Joshua H. Lerner*
      Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

Exhibit 3
-19-

1

**CERTIFICATE OF SERVICE**

2

    I am a citizen of the United States of America and I am employed in Palo Alto,

3

California.  I am over the age of eighteen years and am not a party to the within action;

4

my business address is 2600 El Camino Real, Suite 400, Palo Alto, CA 94306.

5

6

    On July 21, 2022, I served a true and correct copy of the foregoing

7

**DEFENDANT APPLE INC.'S THIRD AMENDED INITIAL DISCLOSURES** on

8

the parties or their counsel at the email addresses shown below:

9

        KNOBBE, MARTENS, OLSON & BEAR, LLP

10

        Joseph R. Re

11

        joseph.re@knobbe.com
        Stephen C. Jensen

12

        steve.jensen@knobbe.com
        Perry D. Oldham

13

        perry.oldham@knobbe.com

14

        Stephen W. Larson
        stephen.larson@knobbe.com

15

        Adam B. Powell

16

        adam.powell@knobbe.com
        Mark Kachner

17

        mark.kachner@knobbe.com

18

19

    I certify and declare under penalty of perjury under the laws of the United States

20

of America that the foregoing is true and correct.

21

22

Executed on July 21, 2022, at Palo Alto, California.

23

24

25

                            By:  /s/ Ernest L. Aglipay
                                 Ernest L. Aglipay

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE'S THIRD AMENDED INITIAL DISCLOSURES  17          CASE NO. 8:20-cv-00048-JVS (JDEX)

Exhibit 3
-20-