Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REVISED SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)** |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ...................................................................................2

III. ARGUMENT ......................................................................................................3

    A.    Applications That Use Apple Watch Parameter Data Are At Issue ...................................................................................................3

    B.    Apple's New Arguments Lack Merit ...........................................5

        1.    Apple's HealthKit, SensorKit, and CareKit Arguments Lack Merit ...................................................................................6

        2.    [REDACTED] ...................................................................................8

        3.    Apple's Heart Rate Argument Lacks Merit ...................................8

    C.    Apple Has Not Attempted To Meet The Standard For Excluding Evidence ...................................................................................8

        1.    Apple Suffered No Prejudice ...................................................9

        2.    The Other Factors Weigh Against Excluding Evidence ...........10

IV. CONCLUSION ...................................................................................................10

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo"), submit this revised supplemental memorandum addressing applications included in the third supplemental response to Apple's Interrogatory No. 10 ("3SR").

Masimo previously submitted a memorandum (Dkt. 839) and joint report (Dkt. 840) because the Court had not yet extended the deadline. The Court has now done so. Dk. 838. The parties conferred again on July 21 but did not change their positions set forth in the joint report. Thus, Masimo does not file a new joint report but files this revised memorandum to address arguments Apple raised in the further meet and confer.

## I. INTRODUCTION

Masimo significantly narrowed its allegations to try to avoid this dispute. Masimo agreed not to allege misappropriation of trade secrets ("TS") D.1-D.5 at issue here based on Health Cloud, Fitness, ResearchKit, or iResearch. Masimo limited "Heart-Related Applications" to the Heart Rate[1] and ECG applications. For other applications (including "frameworks" like HealthKit), Masimo directed its allegations to the portions that use oxygen saturation, heart rate, or ECG parameter data. Masimo followed the Court's suggestion not to target other aspects like sleep or nutrition. *See* Dkt. 815 at 6. Masimo confirmed it is not alleging misappropriation based on third-party applications. Yet Apple still demands that Masimo restrict its allegations further. *See* Ex. 16 at 4.[2]

Apple's Motion nominally seeks "reconsideration" of the Order allowing Masimo to amend its description of trade secrets. But Apple's Motion has nothing to do with Masimo's ***description*** of trade secrets. Apple instead seeks to exclude evidence of a separate element: Apple's ***misappropriation***. Thus, Apple's request is more akin to a motion *in limine* under Rule 37. Apple has not attempted to justify such relief. Apple

---

[1] Apple's reference to "heart rate" more accurately refers to "pulse rate" because it measures blood pulses rather than heart beats. The terms are different, but sometimes used synonymously. Masimo adopts Apple's nomenclature here for simplicity.

[2] Lettered exhibits are attached to the Passamaneck Declarations (Dkt. 758-2 – 758-4, 759-2 – 759-7). Numbered exhibits are attached to the Powell Declarations (Dkt. 778, 778-1, 776-2, and submitted herewith). Emphasis is added unless noted otherwise.

has known of Masimo's allegations for months based on the complaint and discovery. Moreover, Masimo served the 3SR *three months* before the close of fact discovery, three-and-a-half months before the deadline to supplement responses to contention interrogatories, before the deadline to serve written discovery, and before either party took a single substantive deposition. Apple cites no authority that would support excluding evidence under such facts. The Court should deny Apple's Motion.

## II. STATEMENT OF FACTS

In February 2021, Masimo filed the operative complaint identifying several business and marketing trade secrets. Dkt. 296-1 ¶ 43. ██████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

Masimo also identified Apple marketing materials to support its allegations that Apple misappropriated TS D.1-D.5. *Id.* ¶¶ 43.1-43.5. ████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

The parties briefed—and the Court held—those allegations sufficiently alleged misappropriation of the business and marketing trade secrets. Dkt. 264 at 13. ██████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████ The Court allowed Masimo's amendment and ordered Masimo to identify any "applications they believe are implicated by this trade secret" within 14 days. Dkt. 669 at 5-6. ████████████████████████████████████████
████████████████████████████████████████████████████████

1  ████████████████████████████████████████████████████

2  ███████████████████████████████████████ Thus, the identified

3  applications fall into the original scope of TS D.1-D.5.

4       Apple moved for reconsideration by arguing Masimo was trying to "expand" the

5  case to include new applications. Dkt. 758-1 at 2. The Court instructed the parties to

6  meet and confer to try to reach an agreement, considering "whether certain applications

7  may clearly be within the scope of Plaintiffs' earlier disclosure (e.g., the use of HealthKit

8  to access and share SpO2 data), whereas others may not (e.g., the use of HealthKit to

9  track sleep or nutrition)." Dkt. 815 at 6. Masimo believes the 3SR was fully consistent

10  with its trade-secret description. However, as discussed, Masimo significantly narrowed

11  its allegations to try to avoid a dispute. Apple still demands further narrowing.

## III. ARGUMENT

13       The Court found Apple's Motion was "not really a motion for reconsideration"

14  and should not be treated as one. Dkt. 815 at 4. Indeed, the underlying motion was

15  Masimo's request to amend the description of its trade secrets. Dkt. 640, 650. Apple's

16  motion for "reconsideration" did not concern the description of Masimo's trade secrets.

17  Rather, it sought to limit Masimo's misappropriation allegations. Thus, Apple's motion

18  for "reconsideration" is better understood as a request to exclude evidence of Apple's

19  misappropriation. Apple's request lacks merit.

20  **A. Applications That Use Apple Watch Parameter Data Are At Issue**

21       All applications appearing in the parties' joint report (Dkt. 840) implicate TS D.1-

22  D.5. Apple agrees some applications are at issue and disputes whether others are at

23  issue. *Id.* Masimo addresses the disputed applications below.

24       **HealthKit**: HealthKit allows applications to collect and store health information,

25  including heart rate, oxygen saturation, and ECG data from the Apple Watch. ██

26  ████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████

1  █████████████████████████████████████████████████
2  █████████████████████████████████████████████████
3  █████████████████████████████████████████████████
4  ██████████████████████████████████
5  ████████ Apple has long known HealthKit was at issue. ████████
6  █████████████████████████████████████████████████
7  █████████████████████████████████████████████████
8  ██████████ Masimo also identified HealthKit in discovery. ████████
9  █████████████████████████████████████████████████
10 █████████████████████████████████████████████████
11 █████████████████████████████████████████████████
12 █████████████████████████████████████████████████
13 █████████████████████████████████████████████████
14 █████████████████████████████████████████████████
15 █████████████████████████████████████████████████
16 █████████████████████████████████████████████████
17 **CareKit**: ████████████████████████████████████████
18 █████████████████████████████████████████████████
19 █████████████████████████████████████████████████
20 █████████████████████████████████████████████████
21 █████████████████████████████████████████████████
22 █████████████████████████████████████████
23 ████ Apple has long known CareKit was at issue. ████████
24 █████████████████████████████████████████████████
25 █████████████████████████████████████████████████
26 █████████████████████████████████████████████████
27 █████████████████████████████████████████████████
28 █████████████████████████████████████████████████

1  
2  
3         **SensorKit**: SensorKit facilitates access to parameter data from the Apple Watch.  
4 *See* Ex. 25 at 1.  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25     **B.**    <u>**Apple's New Arguments Lack Merit**</u>  
26         In the three days leading up to this revised supplemental brief, Apple raised  
27 additional arguments during meet and confers. These new arguments each lack merit.  
28

1. **Apple's HealthKit, SensorKit, and CareKit Arguments Lack Merit**

During a meet and confer on July 19, 2022, Apple for the first time attempted to distinguish applications (e.g., the "Blood Oxygen" app) from the "frameworks" that enable applications (e.g., HealthKit, CareKit, and SensorKit). During a July 21 meet and confer, Apple raised several arguments to support that distinction. All lack merit.

*First*, ██████████████████████████████████████████████████████████████████████████████████████████████ But Apple's Motion never raised this purported distinction. Dkt. 758-1, 792-1. Apple should not be permitted to raise it for the first time in a supplemental brief in connection with a motion for reconsideration that never raised the issue.[3]

Regardless, a "framework" is simply an application to build other applications. The parties have long agreed and used the term "application" to include the applications that Apple now refers to as "frameworks," i.e., HealthKit, CareKit, and SensorKit. █

██████████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████

More fundamentally, Apple's hyper-technical claim construction style argument has no place in a trade secret case, especially at this stage. Trade secrets need only be described with "reasonable particularity." Cal. Code Civ. Proc. § 2019.210. Further,

---

[3] During the July 21 meet and confer, Apple claimed it referred to "frameworks" during a separate meet and confer in "August or September" of 2021. Masimo disagrees that such any conversation occurred. Suppl. Powell Decl. ¶ 19. However, to the extent Apple was pursuing this purported distinction since 2021, that is all the more reason for Apple to have addressed it in prior briefing.

-6-

1  the relevant issue in this Motion is the definition of Masimo's trade secret—not Apple's misappropriation. ████████

████████████

████████ *See SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. 2012) (defendant can be liable if it "unlawfully acquired and then built upon or modified" the trade secrets).

**Second**, ████████████

████████████

████████ Again, Apple never raised that argument in prior briefing and should not be allowed to do so now. ████████

████████████

████████████

████████ The Court should reject Apple's attempt to exclude this relevant aspect of Apple's misappropriation.

Apple's new arguments are also again directed towards the ***merits*** of Masimo's claim rather than the ***timeliness*** or prejudice of Masimo's allegations. The sufficiency of Masimo's evidence is an issue for trial. Moreover, as discussed, one can misappropriate trade secrets even if they are not implemented in precisely the same manner. *See SkinMedica*, 869 F. Supp. 2d at 1197.

***Third***, Apple argues that including HealthKit, CareKit, and SensorKit is inconsistent with Masimo's agreement not to allege misappropriation by third-party applications. Again, Apple did not raise this argument in prior briefing. Regardless, Apple misconstrues Masimo's position. Masimo is not alleging that any specific third-party applications misappropriate the trade secret. Nor does Masimo seek damages from revenue earned by third parties. Rather, Masimo seeks damages based on ████

████████████

████████

[lines 1–6 redacted]

### 3. Apple's Heart Rate Argument Lacks Merit

Apple concedes that the Heart Rate application may fall within TS D.1-D.5. Dkt. 840 at 1:16-17. Indeed, that is the very software on the Apple Watch that measures heart rate, which has always been a core aspect of this case. However, Apple uses "i.e." to carve out all aspects of the application other than (a) high / low heart rate notification and (b) irregular rhythm notification. *Id.* Apple fails to justify that limitation. During the meet and confer, Apple declined to explain its argument. [redacted]

[lines 14–17 redacted]

Apple's argument lacks merit. The Motion should be addressing the definition of Masimo's trade secret—not the precise scope of Apple's misappropriation. Regardless, Masimo alleges *Apple* misappropriated a business and marketing *strategy*. How individuals use the Apple Watch is not determinative of whether Apple misappropriated the trade secret. [redacted]

[redacted] Moreover, Apple's argument is again a merits question that should be resolved at trial.

### C. Apple Has Not Attempted To Meet The Standard For Excluding Evidence

Motions to exclude evidence are typically brought as motions *in limine* under Rule 37. The following factors are relevant: "(1) prejudice or surprise to the party against

whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).  Apple has never made any attempt to satisfy this standard.

### 1. Apple Suffered No Prejudice

As explained above, Apple has long known that Masimo alleges misappropriation of TS D.1-D.5 based on the applications discussed above.  Thus, Apple cannot show any prejudice or surprise.  Further, even if the 3SR were the first disclosure of Masimo's theory, Apple could not claim prejudice.  Apple incorrectly claims Masimo served the 3SR at the "eleventh-hour."  *See* Dkt. 792-1 at 1:14-16.  There is no dispute that Masimo complied with the Court's Order to serve the 3SR by May 12, 2022.  Dkt. 669 at 6. There is also no dispute Masimo served the 3SR: (1) ***three-and-a-half months*** before the August 26 deadline to serve responses to contention interrogatories, (2) ***three months*** before the August 12 close of fact discovery, and (3) before the deadlines to serve written discovery.  Dkt. 627.  Masimo also served the 3SR before the parties took ***any*** substantive depositions.  Suppl. Powell Decl. ¶ 2 (explaining the parties took non-substantive 30(b)(6) depositions on document collection).  Thus, Apple had time to serve discovery, prepare its witnesses, and depose Masimo's witnesses.

Even when evidence was identified much later, courts frequently hold that supplementing responses to contention interrogatories is timely under Rule 26(e)(1). *See, e.g.*, *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp. 3d 547 (D.S.C. 2018) (finding failure to disclose evidence before expert reports "harmless" where the receiving party could cross-examine the expert and failed to take any action to cure any alleged prejudice); *Crescenta Valley Water Dist. v. Exxon Mobil Corp.*, No. 2:07-cv-2630, 2013 WL 12095206, at *1-*3 (C.D. Cal. June 24, 2013) (approving supplemental interrogatory response served five days before the discovery cutoff).

Moreover, Apple served the vast majority of its document production within a few months of the 3SR.  Suppl. Powell Decl. ¶ 3 (Apple served about 2 million pages

on or after November 2021). In fact, Apple is *still* producing documents. *Id.* Apple also supplemented its contention interrogatories long after the 3SR to disclose its own theories for the first time. For example, Apple served its contentions as to why Masimo's trade secrets were generally known just a week ago on July 15, 2022. Ex. 28 at 94-96. Apple served contentions on patent inventorship/ownership on the same day. Ex. 29 at 22-38. That Apple is still producing documents and updating its own contentions shows Apple has no basis to claim surprise or prejudice from the 3SR.

### 2. The Other Factors Weigh Against Excluding Evidence

The remaining factors also weigh against excluding evidence. ***First***, any supposed prejudice is curable because fact discovery has not yet closed. ***Second***, Masimo served the 3SR more than ten months before trial. Nothing suggests trial will be disrupted. ***Third***, Masimo always acted in good faith. Masimo disclosed its contentions long ago. Indeed, the parties have long taken extensive discovery on these issues. Masimo merely sought to amend its trade secret allegations because Apple injected ambiguity by at times claiming a "product" includes only hardware. Since then, Masimo has done exactly as the Court ordered by serving the 3SR.[4]

## IV. CONCLUSION

Accordingly, Masimo respectfully asks the Court to deny Apple's Motion.

---

[4] As discussed, Apple has never explained why it satisfied the correct legal standard for excluding evidence. Apple should not be permitted to do so for the first time on reply in connection with supplemental briefing regarding a motion for reconsideration concerning Masimo's identification of trade secrets.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: July 22, 2022 | By: /s/ Adam B. Powell |
|  | Joseph R. Re |
|  | Stephen C. Jensen |
|  | Benjamin A. Katzenellenbogen |
|  | Perry D. Oldham |
|  | Stephen W. Larson |
|  | Mark D. Kachner |
|  | Adam B. Powell |
|  | Daniel P. Hughes |
|  | Attorneys for Plaintiffs |
|  | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |