UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-0048-JVS (JDEx) | Date | July 22, 2022 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

**Proceedings:**   (In Chambers) Order Denying Motion to Increase Deposition Hours (Dkt. 821)

On July 18, 2022, Plaintiffs Cercacor Laboratories, Inc. and Masimo Corporation (collectively, "Masimo") filed a Motion to Increase Deposition Hours (Dkt. 821, "Motion"), supported by a Memorandum (Dkt. 822, "Mem.") and evidence (Dkt. 823, 823-1, 823-2). On July 20, 2022, the Court granted the parties' Stipulation for expedited briefing on the Motion, to be determined without a hearing. Dkt. 828. Also on July 20, 2022, Defendant Apple, Inc. ("Apple") filed an Opposition to the Motion (Dkt. 831, "Opp."), with supporting evidence (Dkt. 831-1 to 831-3). On July 21, 2022, Masimo filed a Reply (Dkt. 843, "Reply") with further evidence (Dkt. 843-1). The Motion is now fully briefed. The Court now rules as follows on the expedited basis requested by the parties.

In the Motion, Masimo asks the Court to increase the existing time limit for depositions of 100 hours per side to 140 hours per side. Mem. at 1. Masimo asserts that Apple has designated 21 people as either corporate representatives under Federal Rules of Civil Procedure ("Rule") 30(b)(6) or as trial witnesses, 17 of whom Masimo has not yet deposed. Id. Masimo argues that it must depose all those witnesses and, if it used 5 hours per such witness, it would take 85 hours, which would put Masimo at 125 hours just to complete depositions of Apple witnesses, taking into account 40 hours already used by Masimo, hours that Masimo argues was "efficiently used." Id. Masimo notes that the parties agreed in their Rule 26 Joint Report that each fact deposition would count as at least 3.5 hours. Id. (citing Dkt. 33 at 11). Masimo argues that were the Rule 30 general limitations in force, it would be entitled to seven hours for each of Apple's Rule 30(b)(6) designee, with all such designees counting as a single deposition, meaning, Masimo claims, it would be entitled to more than 140 hours under the otherwise operable time limits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-0048-JVS (JDEx) | Date | July 22, 2022 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Masimo further argues that the complexity of the issues, the scope of discovery thus far, and the amount in controversy all warrant at least 140 hours of deposition time, citing several other district court decisions. Id. at 4-5 (citing cases).

In Opposition, Apple posits that 100 hours for depositions is sufficient. Opp. at 1. Apple argues that at the time the 100-hour limit was set, the case included patent infringement claims that are now stayed, resulting in, at present, a "smaller case" than what was at issue when the 100-hour limit was set. Opp. at 1, 5. Apple contends that Masimo delayed in bringing the Motion and asserts Masimo "[s]quander[ed]" deposition time thus far. Id. at 1-3. As to Masimo's contention that it would have been permitted more time had the 100-hour limit not been set at the outset of the case, Apple avers that Masimo should have raised the issue at the time and not waited to seek to alter the rules under which the parties had been operating for more than two years. Apple also claims it "has never argued" that the 3.5 hour minimum per deponent calculation, reflected in the parties' Rule 26 Joint Report, "applies to witnesses who are being deposed solely under [Rule] 30(b)(6)." Id. at 4, n.3. Apple finally argues that the cases cited by Masimo are either readily distinguishable or do not contain sufficient factual analysis to permit a comparison here. Id. at 5.

In Reply, Masimo accuses Apple of ignoring Masimo's arguments and disputes Apple's critiques of Masimo's use of deposition time and designation of deposition witnesses/topics. Reply at 1-3. Masimo denies that the Motion is untimely and denies that an additional 40 hours of deposition time will derail the current trial date. Id. at 3. In a footnote, Masimo notes that Apple, in a footnote, suggests that the 3.5 hour minimum deposition time "may not apply to [Rule] 30(b)(6) witnesses," but asserts that Apple "never made that offer and carefully avoids doing so." Id. at 1, n.1. In response to Apple's assertion that the only thing that has changed since the 100-hour limit was set is that the case narrowed as a result of the stay of the patent infringement claims, Masimo argues that other new facts include Apple's identification of 21 Rule 30(b)(6) designees/trial witnesses, Masimo's revised trade secrets, and Apple's release of a new version of the Apple Watch with pulse oximetry. Reply at 5.

The conclusion of Masimo's Reply brings the essential question raised by the Motion into stark relief: What has changed since the 100-hour deposition limit was set to warrant altering that limit? Or more broadly, what litigation events that could not have been anticipated have occurred requiring a revision a discovery limitation set in April 2020 after the parties had a full and fair opportunity to be heard on the issue and upon which the parties have relied for more than two years? Masimo identifies three new facts: (1) its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-0048-JVS (JDEx) | Date | July 22, 2022 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

revised trade secrets; (2) the release of a new version of the Apple Watch with pulse oximetry; and (3) the 21 Rule 30(b)(6) deponents/trial witnesses identified by Apple. Reply at 5. As to the first two "new facts," Masimo does not explain why its revised trade secret allegations or the release of the new Apple Watch with pulse oximetry materially altered the time needed for depositions in the case.

As the third proffered "new fact," it does not appear that the designation by Apple of 21 Rule 30(b)(6) deponents/trial witnesses was unforeseeable in April 2020 when the 100-hour deposition limit was set. In the Rule 26 Joint Report, Masimo stated that it would direct discovery to:

> at least the following topics: the structure, function, and operation of Apple's products accused of infringing Plaintiffs' asserted patents; Apple's misappropriation of Plaintiffs' trade secrets; the correct inventorship and ownership of the Apple patents at issue; Apple's affirmative defenses; and Apple's revenue, costs, profits pricing, margins, marketing, revenues and profits relating to the accused products. Plaintiffs also anticipate third-party discovery may be necessary for some or all of the above topics.

Dkt. 33 at 8-9. From those topics, Masimo stated in April 2020 that it anticipated taking depositions of "Apple's employees, non-party witnesses" and Rule 30(b)(6) depositions of Apple "concerning the issues identified above." Id. at 10. From that broad list of discovery topics, the potential for 21 Rule 30(b)(6) witnesses and trial witnesses does not seem unforeseeable. Further, although not an apples-to-apples comparison, on March 12, 2021, Masimo identified 48 Apple current or former employees it sought to have designated as ESI custodians. Dkt. 332-2 at 27 (CM/ECF pagination) (under seal). Relatedly, on April 8, 2021, Masimo represented to the Court that 36 proposed Apple ESI custodians "are highly likely" to possess information relevant to the case. Dkt. 331-1 at 29-36 (CM/ECF pagination). Based upon Masimo's own prior representations, the designation by Apple of a combined 21 persons to serve as Rule 30(b)(6) designees and/or trial witnesses does not appear to be a material change from what could have been anticipated from the earliest stages of the litigation. Further, as Apple notes and as Masimo does not dispute, with the stay of the patent issues, the case is narrower than it was at the time the 100-hour limitation was set. Masimo has not set forth a convincing reason why facts have changed sufficiently to warrant an increase in that 100-hour limit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-0048-JVS (JDEx) | Date | July 22, 2022 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

As to the difficulties Masimo asserts it faces in complying with the limit, as Apple notes, the parties have known of the limit for well over two years and have planned, or should have planned, accordingly. Although Masimo assumes it will take 5 hours for each deposition of the 21 witnesses designated by Apple (Mem. at 1), it does not provide any factual basis to support this assumption. Some depositions might take 5 hours. Some might take 30 minutes. There is no basis for the Court to make the assumption Masimo makes. Similarly, the parties each reference the statements in the Rule 26 Joint Report that the parties will count each "fact deposition" as lasting 3.5 hours (Dkt. 33 at 11), but Judge Selna's Order contains no such provision (see Dkt. 37) and the Court herein finds no reason to impose such a provision, meaning there is no minimum time for any deposition in terms of counting against the 100-hour limit. As to the district court cases cited by Masimo, the Court agrees with Apple that those cases are either factually distinguishable or do not contain sufficient facts to provide an apt comparison to a case such as this, in which, among other things, the parties requested deposition timing limits, were heard on the appropriate limit and operated on that limit for more than two years, during which the scope of the issues in the case actually narrowed. As to Masimo's argument that it would have been entitled to more time without the 100-hour limit, without reaching the issue, Masimo could have requested the parties abide by Rule 30's dictates but did not do so in the Rule 26 Joint Report more than two years ago. An increase in the 100-hour limit is not warranted based on the showing made in support of the Motion.

The Court does not minimize the amount of work and planning necessary to complete the depositions in this case within the 100-hour limit that has governed the case since April 2020. Blaise Pascal, in an oft-repeated sentiment, wrote "I have only made this letter longer because I have not had the time to make it shorter." The Court has confidence that the 12 attorneys who have appeared on Masimo's behalf in this case and the 24 who have appeared on behalf of Apple (see Docket), having had more than two years since the 100-hour limit was set, can use their collective time, resources, and expertise to focus their respective deposition questioning to both comply with the 100 hour limit and still adequately prepare for trial.

For the foregoing reasons, the Motion (Dkt. 821) is DENIED.

IT IS SO ORDERED.

| | Initials of Clerk: | mba |
|---|---|---|