JOSHUA H. LERNER, SBN 220755
　joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
　HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
　mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
　bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM IN SUPPORT OF APPLE'S MOTION TO BAR PLAINTIFFS FROM RAISING OFFENSIVE COLLATERAL ESTOPPEL**<br><br>Date: August 22, 2022<br>Time: 1:30pm<br>Courtroom: 10C |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5     isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
      akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12    Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard Suite 700
   Costa Mesa, CA 92626
14 Tel. 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth St., Suite 2600
   Denver, CO 80202
22 Tel: 720.274.3152 / Fax: 720.273.3133

23
24
25
26
27
28

**TABLE OF CONTENTS**

I. Introduction ..................................................................................................1

II. Background..................................................................................................1

III. Argument .....................................................................................................4

    A. Plaintiffs Should Not Be Permitted To Raise An Offensive Collateral Estoppel Argument At This Late Stage In The Case ................4

    B. Even If Plaintiffs Did Not Forfeit The Right To Raise A Collateral Estoppel Argument, The Record Is Sufficiently Clear To Render Further Discovery On That Issue Unnecessary .........................................7

IV. Conclusion .................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Safety Flight Systems, Inc. v. Garrett Corp.*,
  528 F.2d 288 (9th Cir. 1975) ................................................................... 8, 9

*Bryant v. Mattel, Inc.*,
  2007 WL 5432959 (C.D. Cal. Apr. 19, 2007) ............................................. 10

*Collins v. D.R. Horton, Inc.*,
  505 F.3d 874 (9th Cir. 2007) ....................................................................... 4

*El Bey v. City of New York*,
  2014 WL 5768985 (S.D.N.Y. Oct. 31, 2014) ............................................... 5

*Environmental World Watch, Inc. v. Walt Disney Co.*,
  2012 WL 12878581 (C.D. Cal. Aug. 10, 2012) .......................................... 10

*Harvey v. United Transportation Union*,
  878 F.2d 1235 (10th Cir. 1989) ................................................................... 5

*Herzbrun v. Milwaukee County*,
  504 F.2d 1189 (7th Cir. 1974) ..................................................................... 5

*In re Fitch*,
  349 B.R. 133 (Bankr. N.D. Tex. 2006) ........................................................ 7

*Kiessling v. Rader*,
  2017 WL 11310113 (D. Nev. Feb. 17, 2017) ............................................. 10

*National Union Fire Ins. Co. v. Coinstar, Inc.*,
  2014 WL 3396124 (W.D. Wash. July 10, 2014) ........................................ 10

*Parklane Hosiery Co., v. Shore*,
  439 U.S. 322 (1979) ................................................................................ 4, 7

*Physicians Committee for Responsible Medicine v. Glickman*,
  117 F. Supp. 2d 1 (D.D.C. 2000) ............................................................... 10

*Pool v. Orkin, Inc.*,
  2010 WL 5452712 (S.D. Iowa Aug. 30, 2010) ............................................ 5

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
   396 F. Supp. 3d 851, 879 (N.D. Cal. 2019) ................................................... 8

*Rowles v. Curators of Univ. of Mo.*,
   983 F.3d 345 (8th Cir. 2020) .................................................................... 10

*Saniefar v. Moore*,
   2018 WL 1305710 (E.D. Cal. Mar. 13, 2018) ............................................. 8

*Scherer v. FCA US, LLC*,
   538 F. Supp. 3d 1002 (S.D. Cal. May 12, 2021) ......................................... 7

*Syverson v. IBM Corp.*,
   472 F.3d 1072 (9th Cir. 2007) .................................................................... 6

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ................................................................................... 8

*United States v. Bhatia*,
   545 F.3d 757 (9th Cir. 2008) .................................................................. 8, 9

*United States v. Gordon*,
   563 F. Supp. 3d 660 (W.D. Ky. 2021) ........................................................ 5

*United States v. United Air Lines, Inc.*,
   216 F. Supp. 709 (E.D. Wash. 1962) ......................................................... 7

*United States v. Wanland*,
   2017 WL 4269887, (E.D. Cal. Sept. 26, 2017 ............................................ 7

*Walker v. North Las Vegas Police Department*,
   2015 WL 8328263 (D. Nev. Dec. 8, 2015) ............................................... 10

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
   (3d ed. 1998) ................................................................................ 4, 5, 8, 9

Wilmer Cutler Pickering Hale and Dorr LLP

MEMO ISO APPLE'S MOT. TO BAR PLAINTIFFS FROM RAISING OFFENSIVE COLLATERAL ESTOPPEL
iii        CASE NO. 8:20-cv-00048-JVS (JDEx)

## I.     INTRODUCTION

Plaintiffs' last-minute attempt to launch a fishing expedition into Apple's communications with two third parties ██████████████████ should be rejected for two independent reasons.

First, the only theory Plaintiffs have asserted for seeking these documents—that Apple is in privity with both entities and thus may be collaterally estopped by any rulings from the parallel ███████ litigation—is not available to them. While neither any court in the Central District of California nor the Ninth Circuit has addressed when offensive collateral estoppel must be raised, the better reading of the available case law is that a plaintiff must put the defendant on notice at an early stage in the case so that the defendant has ample time to prepare a defense. Here, however, Plaintiffs waited nearly two-and-a-half years into this litigation—and *after* the deadline to serve interrogatories and RFPs had passed—before raising their collateral estoppel theory and have blocked Apple from receiving discovery into the details of ████ ████████. Plaintiffs' delay and obstructionism should not be rewarded.

Second, there is already sufficient evidence in the record to resolve the threshold issue of whether Apple is ███████████████████████████████. As Apple has explained, ████████████████████████████████████████████████████ ███████████████████████████. Because Plaintiffs cannot show that Apple ███████████████████████████████████ ████████████████ does not seek relevant information.

## II.     BACKGROUND

Marcelo Lamego worked for Plaintiffs for fourteen years. Dkt. 296-1 at 7. He left Plaintiffs in early 2014 to work at Apple for roughly seven months, Ex. 1 at 15, before leaving to found his own company—True Wearables. In November 2018, Plaintiffs sued True Wearables, alleging that Lamego had stolen their technology,

1   which True Wearables used to commit patent infringement and trade secret
2   misappropriation. Ex. 1.
3         In 2020, Plaintiffs filed this suit against Apple, asserting that Lamego had stolen
4   Plaintiffs' technology, which Apple then used to infringe Plaintiffs' patents and
5   misappropriate their trade secrets. Dkt. 28. Although Plaintiffs amended their
6   complaint four times—most recently in February 2021—no version of the complaint
7   referenced ███████████████ or the collateral estoppel doctrine.
8         Because Plaintiffs' parallel suits against Apple and True Wearables involved
9   some similar allegations—e.g., that Lamego stole Plaintiffs' alleged trade secrets—
10  ███████████████████████████████████████████████████████
11  ███████████████████████████████████████████████████████
12  ███████████████████████████████████████████████████████
13  ███████████████████████████████████████████████████████
14  ███████████████████████████████████████████████████████
15  ██████████ it has also sent Plaintiffs a detailed privilege log that identifies each
16  of the roughly one hundred privileged communications that Apple withheld. Ex. 4.
17        On February 15, 2022, Plaintiffs served their Interrogatory No. 25, asking Apple
18  to ███████████████████████████████████████████████████
19  ███████████████████████████████████████████████████████
20  ████ Ex. 5 at 8. Apple provided a detailed response, explaining that ████
21  ███████████████████████████████████████████████████████
22  ███████████████████████████████████████████████████████
23  ███████████████████████████████████████████████████████
24  ███████████████████████████████ Ex. 6 at 5-6. In other words, Apple
25  ███████████████████████████████████████████ Ex. 7 at 2.
26        The last day for the parties to serve interrogatories and requests for production
27  was May 13, 2022. Dkt. 627. After that deadline, Plaintiffs filed two briefs in front of
28

1 the Special Master, which argued for the first time that Apple was bound by the rulings
2 in ■■■. First, Plaintiffs sought ■■■
3 ■■■
4 ■■■
5 ■■■
6 ■■■
7 ■■■
8 ■■■
9 In the ensuing briefing, Apple noted that Plaintiffs had ■■■
10 ■■■
11 ■■■ Ex. 10. Plaintiffs did not deny either that ■■■
12 ■■■. Ex. 11.
13 Instead, they insisted that they could raise issue preclusion because it ■■■
14 ■■■ Id.
15 On June 24, 2022, the Special Master asked for briefing on whether Plaintiffs
16 could raise an offensive collateral estoppel claim at this stage of the case. The parties
17 filed simultaneous opening briefs on June 30 and simultaneous responsive briefs on
18 July 7. Exs. 12-15. Although the parties disagreed on whether Plaintiffs could
19 proceed with a collateral estoppel argument, they agreed that the question should be
20 resolved by this Court rather than the Special Master. Accordingly, the Special Master
21 "recommend[ed]" that (1) "each party file an opening brief on this issue with the Court
22 of no more than 10 pages by July 22, 2022 [(]submitted as a noticed motion on the
23 Court's docket)," (2) "each party file responsive cross-briefs of no more than 5 pages
24 by July 29, 2022" and (3) "no additional briefs be permitted except as otherwise
25 requested by Judge Selna." Ex. 16 at 5-6. The Special Master asked the parties to
26 brief two basic, ■■■
27 ■■■
28

█████████████████████████████████████████████████
█████████████████████████████████████████████ Ex. 16 at 5.

### III. ARGUMENT

#### A. Plaintiffs Should Not Be Permitted To Raise An Offensive Collateral Estoppel Argument At This Late Stage In The Case

1. Apple is not aware of any Ninth Circuit or Central District of California case that addresses whether early notice of offensive collateral estoppel is required. As a general matter, "it is uncertain whether a plaintiff must plead preclusion in support of issues that otherwise are properly supported by the complaint." *See* 18A Wright & Miller, Federal Practice and Procedure § 4405 (3d ed. 1998).

However, the policy concerns that undergird the application of offensive collateral estoppel strongly weigh in favor of requiring a plaintiff to provide early notice. As the Supreme Court has explained, unlike defensive collateral estoppel—where "a plaintiff [i]s estopped from asserting a claim that [it] had previously litigated and lost against another defendant"—offensive collateral estoppel raises serious gamesmanship and fairness concerns. *See Parklane Hosiery Co., v. Shore*, 439 U.S. 322, 329-330 (1979). For example, a defendant may have "little incentive to defend vigorously" in the first action—"particularly if future suits are not foreseeable"—or may have "procedural opportunities" in the second action that were not available in the first action. *Id.* at 330-331. Indeed, when "the application of offensive estoppel would be unfair to a defendant" for these reasons "or for other reasons," "a trial judge should not allow" its use. *Id.* at 331; *accord Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007).

One of the *Parklane* Court's overarching concerns was notice, an issue that arises "most frequent[ly]" in cases like this one where the non-moving party was not a defendant to the prior suit—"the weaker the argument[,] the greater the need for notice." 18A Wright & Miller, *Federal Practice & Procedure* § 4405. In those circumstances, "the rationale for requiring a party to plead defensive issue preclusion pretrial applies to

offensive use as well—to provide 'the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be appropriate." *Harvey v. United Transp. Union*, 878 F.2d 1235, 1243 (10th Cir. 1989). Cases from across the country have come to the same conclusion, rejecting plaintiffs' eleventh-hour attempts to raise a collateral estoppel argument that was not pled or otherwise raised at an early stage of the case. *See, e.g.*, *El Bey v. City of New York*, 2014 WL 5768985, at *5 (S.D.N.Y. Oct. 31, 2014) (collateral estoppel forfeited where not pled in complaint); *Pool v. Orkin, Inc.*, 2010 WL 5452712, at *4 (S.D. Iowa Aug. 30, 2010) (same); *Herzbrun v. Milwaukee Cnty.*, 504 F.2d 1189, 1196 (7th Cir. 1974) (collateral estoppel forfeited where not raised in pleading or motion).[1]

This case illustrates why early notice is vital to permit a defendant to prepare an adequate defense. As discussed above, the deadline for either party to serve interrogatories or requests for production was May 13, 2022. *See supra* p. 3. Plaintiffs admittedly did not raise their collateral estoppel arguments until over a week later ( ███████████████████████████████████████████████████████████ ), thus depriving Apple of a fair chance to seek reciprocal written discovery. For example, had Plaintiffs raised their argument in a timely fashion, Apple could have served written discovery seeking information about ███████████████████████████████████████████████████████████ —information that they are uniquely suited to provide as the only common party in both suits. *See Syverson v. IBM Corp.*, 472 F.3d 1072, 1078

---

[1] Plaintiffs have noted that *Harvey* and *Herzbrun* were recently distinguished by a Kentucky district court. *See U.S. v. Gordon*, 563 F. Supp. 3d 660, 666 (W.D. Ky. 2021), *cited in* Ex. 14. But that case involved a *claim* preclusion argument based on prior litigation between the same plaintiff and the same defendant, and thus did not implicate the same unfairness concerns that exist in this case and in *Parklane*.

(9th Cir. 2007) (for collateral estoppel to apply, moving party must show "there was a full and fair opportunity to litigate the identical issue in the prior action"). It is unclear how Plaintiffs will show the cases involve identical issues, given that they have recently argued that this case is ███████████████████████████████████████ ███████████████████████████████████████ See Ex. 14 at 2.

Moreover, Plaintiffs have affirmatively prevented Apple from obtaining discovery relevant to their new estoppel arguments. For example, Plaintiffs have refused to permit Apple ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ And even today, Plaintiffs have refused to respond to several outstanding Apple RFPs that could further rebut Plaintiffs' baseless accusations about ███████████████████████████████████████. See Ex. 18 at 3-4. Moreover, Plaintiffs both successfully excluded Apple's outside counsel from much of ████████████████████████████████████ ███████████████████████████████████████████.

2. In front of the Special Master, Plaintiffs did not identify a single case that has approved raising an offensive collateral estoppel argument after such delay and obstructionism. As an initial matter, Plaintiffs relied on two trial court decisions that stand for the proposition that a plaintiff need not always specifically allege a fact in a complaint in order to seek discovery on it. Ex. 12 at 1. But, crucially, neither case dealt with the special context of offensive collateral estoppel, which the Supreme Court has emphasized can raise special concerns about fairness, notice, and sandbagging. *See supra* pp. 4-5. In any event, the very case law Plaintiffs cited emphasizes that "[t]he

allegations in a complaint generally dictate what evidence is discoverable." *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. May 12, 2021).

Plaintiffs' cases that actually discuss collateral estoppel are not helpful. Their lead case is *United States v. Wanland*, which states that the defendant could "hardly claim to be unfairly surprise[d] by the [plaintiffs] use of" offensive collateral estoppel because although the complaint did not use the words "collateral estoppel," it "specifically alleged and outlined the" prior judicial findings against the defendant. 2017 WL 4269887, at *7 (E.D. Cal. Sept. 26, 2017). Here, the operative complaint does not mention ████████████████, and Plaintiffs have blocked discovery into ████ ████. *See supra* p. 2-3, 6. Moreover, both *Wanland* and Plaintiffs' only other semi-recent case involved early motions for summary judgment, which at least gave the defendant some notice to rebut a collateral estoppel argument. *Wanland*, 2017 WL 4269887, at *7 (noting that plaintiffs' "initial motion for summary judgment," which was filed nearly two years prior to court's ruling, "expressly invoke[d] the doctrine of offensive collateral estoppel"); *In re Fitch*, 349 B.R. 133, 140-141 (Bankr. N.D. Tex. 2006) (motion for partial summary judgment filed five months after suit began). Finally, Plaintiffs' remaining case is 60 years old and issued long before the Supreme Court's guidance in *Parklane*. Compare *U.S. v. United Air Lines, Inc.*, 216 F. Supp. 709 (E.D. Wash. 1962) *with Parklane*, 439 U.S. at 331; *see also Fitch*, 349 B.R. at 141 (noting *Parklane* "cautioned trial courts against the use of offensive collateral estoppel").

In sum, the better reading of the case law is that Plaintiffs are barred from raising collateral estoppel at this late stage of the case.

**B.   Even If Plaintiffs Did Not Forfeit The Right To Raise A Collateral Estoppel Argument, The Record Is Sufficiently Clear To Render Further Discovery On That Issue Unnecessary**

Plaintiffs have identified only one theory for why Apple's interactions ████ ████████████████—that Apple allegedly has sufficient "control" over

1  the ▓▓▓▓▓▓ litigation to be bound by its rulings.  But Apple has already

2  established that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

3    1.  Normally, a non-party is not bound by prior rulings because it has "not had

4  a 'full and fair opportunity to litigate' the claims and issues settled in that suit."  See

5  *Taylor v. Sturgell*, 553 U.S. 880, 892-893 (2008).  There is a narrow exception when a

6  nonparty has "'assumed control' over the litigation in which that judgment was

7  rendered."  *Id.* at 895.  The test for control is whether "the 'relationship between the

8  nonparty and a party was such that the nonparty had the same practical opportunity to

9  control the course of the proceedings.'"  *U.S. v. Bhatia*, 545 F.3d 757, 759-760 (9th Cir.

10  2008) (quoting 18A Wright & Miller, Federal Practice and Procedure § 4451).  In other

11  words, the nonparty must "'have effective choice as to the legal theories and proofs to

12  be advanced in behalf of the party to the action.'"  *Power Integrations, Inc. v. ON*

13  *Semiconductor Corp.*, 396 F. Supp. 3d 851, 879 (N.D. Cal. 2019).

14    Establishing control is a high bar.  "Cooperation" or "periodic discussions"

15  between the party and the non-party is insufficient, *Bhatia*, 545 F.3d at 760-761, as is

16  "[m]ere coordinated action" and "provid[ing] relevant discovery," *Saniefar v. Moore*,

17  2018 WL 1305710, at *7 (E.D. Cal. Mar. 13, 2018), or "participation without control,"

18  18A Wright & Miller, Federal Practice and Procedure § 4451.  Even a party that is

19  "heavily involved" in litigation "cannot be estopped to relitigate issues involved in an

20  earlier suit unless he had 'the right to participate and control such … defense.'"  See

21  *American Safety Flight Sys., Inc. v. Garrett Corp.*, 528 F.2d 288, 289 (9th Cir. 1975).

22  Thus, control is "most often found when a liability insurer assumes control of a

23  defense, an indemnitor participates in defending an action brought against its

24  indemnitee, or the owners and officers of a closely held corporation control corporate

25  litigation."  18A Wright & Miller, Federal Practice and Procedure § 4451.

26    Apple has already provided sufficient information to establish that ▓▓▓

27  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—directly or through

28

1 ▓▓▓▓. As to ▓▓▓▓, Apple has stated in an interrogatory response that ▓▓▓▓
2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 19. That response should end the inquiry. Because
4 Apple did not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5 Apple could not—and did not—use ▓▓▓▓ as a proxy to control ▓▓▓▓▓▓▓▓.
6 As to ▓▓▓▓▓▓▓▓ itself, Apple has already stated that it did not control ▓▓
7 ▓▓▓▓▓▓ because, *inter alia*, (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.



10 *See supra* pp. 2-3. Given that Apple did not have "effective choice" over the legal
11 strategy in ▓▓▓▓▓▓▓▓, any further investigation into the more granular details of
12 its purported involvement in that case is necessarily irrelevant. Mere "involve[ment],"
13 after all, is not enough to establish control. *See Am. Safety*, 527 F.3d at 289; *see also*
14 *Bhatia*, 545 F.3d at 760 (finding no control even though party and non-party had
15 "cooperat[ed] and shar[ed] witness interviews" and had "parallel legal interests").
16     2. Plaintiffs have previously argued that the Special Master (and
17 presumably, this Court) cannot consider Apple's prior responses regarding control in
18 determining whether Plaintiffs seek relevant information. That cannot be right. After
19 all, "[d]iscovery to pursue a suspicion or a hunch is unwarranted." *Physicians Comm.*
20 *for Responsible Med. v. Glickman*, 117 F. Supp. 2d 1, 4 (D.D.C. 2000). Thus, where a
21 defendant has provided a plaintiff with sufficient information to assess the strength of
22 his claims, a district court does not abuse its discretion by denying further, "kitchen[-
23 ]sink" style discovery. *See Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353-54
24 (8th Cir. 2020) (affirming denial of motion to compel production of 60 Title IX
25 complaints where defendant provided summaries of all 60).
26     Plaintiffs have not identified any cases to the contrary. One of their cited
27 decisions states merely that it is improper to address a case's merits in resolving a
28

sanctions motion based on improper conduct. *See Env'l World Watch, Inc. v. Walt Disney Co.*, 2012 WL 12878581, at *5 (C.D. Cal. Aug. 10, 2012). The remaining decisions hold only that a court should not assess the merits of an underlying legal claim in determining whether to permit discovery. *See Nat'l Union Fire Ins. Co. v. Coinstar, Inc.*, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014); *Kiessling v. Rader*, 2017 WL 11310113, at *3 (D. Nev. Feb. 17, 2017); *Walker v. North Las Vegas Police Dep't*, 2015 WL 8328263, at *2 (D. Nev. Dec. 8, 2015). Plaintiffs, however, state their collateral estoppel theory is not a standalone legal claim, but an alternative way of proving their trade secret claim to navigate around cases that disapprove of using discovery as a fishing expedition to raise new claims. *See* Ex. 11 at 1; *see also Bryant v. Mattel, Inc.*, 2007 WL 5432959, at *3-4 (C.D. Cal. Apr. 19, 2007) ("Fishing expeditions to discover new claims … are not permitted."). Plaintiffs cannot have it both ways—either their collateral estoppel argument is a new "claim" (and *Bryant* applies) or it is not (in which case *Coinstar*, *Kiessling*, and *Walker* are inapposite).

In sum, the record is clear that Apple was not in privity with ▇▇▇▇▇▇ ▇▇▇▇▇▇ and thus cannot be bound by rulings in the ▇▇▇▇▇▇ case.

## IV. CONCLUSION

For the reasons discussed above, the Court should hold either that Plaintiffs have forfeited their collateral estoppel argument or that the record is sufficiently clear to show that Plaintiffs cannot establish "control" (and thus preclusion) as a matter of law.

Dated: July 22, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

JOSHUA H. LERNER
MARK D. SELWYN
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By: */s/ Mark Selwyn*
      Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*