Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION SEEKING GUIDANCE REQUESTED BY THE SPECIAL MASTER)** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Memorandum In Support Of Motion Seeking Guidance Requested By The Special Master (the "Memorandum").

Masimo has provided a proposed redacted version of the Memorandum. Masimo requests the Court seal Exhibits 1-7 to the Declaration of Benjamin A. Katzenellenbogen in their entirety and the highlighted portions of the Supplemental Memorandum.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The documents that Masimo seeks to seal contain information that one or both of the parties consider confidential.

Exhibit 1 is Order No. 11 of the Special Master, which discusses and discloses Masimo's trade secrets. *See* Declaration Of Benjamin A. Katzenellenbogen In Support Of Plaintiffs' Application To File Under Seal ("Katz. Decl.") ¶ 6. Exhibit 6 is a reply

-1-

brief filed by Apple that also discloses and discusses Masimo's trade secrets. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with industry-leading performance due, in part, to its years-long investment in its technical trade secrets. *Id.* If Masimo's trade secrets and confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if these trade secrets were disclosed. *Id.*

Exhibits 3 is an interrogatory response by Apple regarding Apple's relationship with True Wearables. *Id.* ¶ 7. Apple marked this response as Highly Confidential – Attorneys' Eyes Only. *Id.* Exhibits 2, 4, 5, and 7 are various orders, letters, and briefs that discuss the information in Exhibit 3. *Id.* Exhibit 1 also discusses the information in Exhibit 3. *Id.* Thus, Masimo requests that the Court seal these documents based on Apple's designation of the material as Highly Confidential – Attorneys' Eyes Only.

The proposed redacted portions of the Memorandum discuss the aforementioned Exhibits and should also be sealed for the same reasons. *Id.* ¶ 8.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

Apple has argued that designating information as "Highly Confidential – Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

-2-

## III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the proposed redacted portions of the Memorandum and Exhibits 1-7 to the Declaration of Benjamin A. Katzenellenbogen.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 22, 2022

By: /s/ Benjamin A. Katzenellenbogen
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.