Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION SEEKING GUIDANCE REQUESTED BY THE SPECIAL MASTER**<br><br>Hon. James V. Selna<br><br>Date:<br>Time: 1:30 p.m.<br>Ctrm: 10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

## TABLE OF CONTENTS

**Page No.**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

A. Masimo's Motion to Compel ..... 1

B. The Special Master's Order ..... 3

III. LEGAL STANDARDS ..... 4

A. Non-Party Preclusion ..... 4

B. Discovery Generally ..... 5

IV. MASIMO SHOUD BE ABLE TO SEEK PRECLUSION DISCOVERY ..... 5

A. Masimo Was Not Required to Plead Offensive Issue Preclusion ..... 5

B. Masimo Timely Identified Its Preclusion Theory ..... 7

C. Masimo Has No Obligation To Prove Estoppel As A Condition Precedent To Seeking Discovery Regarding Estoppel ..... 7

D. Apple Cannot Avoid Discovery By Using An Intermediary ..... 9

V. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page No(s).**

*Anaheim Gardens v. United States*,
125 Fed. Cl. 88 (2016) .......... 6

*Caterpillar Tractor Co. v. Int'l Harvester Co.*,
120 F.2d 82 (3d Cir. 1941) .......... 9

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
2020 WL 11273048 (N.D. Cal. July 17, 2020) .......... 8

*Del Mar Avionics v. Quinton Instruments Co*.,
645 F.2d 832 (9th Cir. 1981) .......... 4

*DeSilva v. Allergan USA, Inc*.,
2020 WL 5947827 (C.D. Cal. Sept. 1, 2020) .......... 5

*Drummond v. U.S.*,
324 U.S. 316 (1945) .......... 4

*Env't World Watch, Inc. v. Walt Disney Co.*,
2012 WL 12878581 (C.D. Cal. Aug. 10, 2012), *vacated in part on other grounds,* 630 F. App'x 687 (9th Cir. 2015) .......... 8

*Finjan, Inc. v. ESET, LLC*,
2018 WL 4772124 (S.D. Cal. Oct. 3, 2018) .......... 8

*In re Fitch*,
349 B.R. 133 (Bankr. N.D. Tex. 2006) .......... 6

*Kiessling v. Rader*,
2017 WL 11310113 (D. Nev. Feb. 17, 2017) .......... 8

*Masimo Corp. v. True Wearables Inc.*,
Case No. 8:18-CV-02001 .......... *passim*

*Montana v. U.S.*,
440 U.S. 147 (1979) .......... 4

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*,
2014 WL 3396124 (W.D. Wash. July 10, 2014) .......... 8, 9

## TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Pool v. Orkin, Inc.*, 2010 WL 5452712 (S.D. Iowa Aug. 30, 2010) .......... 7

*Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002 (S.D. Cal. 2021) .......... 6

*SPH Am., LLC v. Research in Motion, Ltd.*, 2016 WL 6305414 (S.D. Cal. Aug. 15, 2016) .......... 4, 9

*U.S. v. United Air Lines, Inc.*, 216 F. Supp. 709 (E.D. Wash. 1962) .......... 6

*United States v. Bhatia*, 545 F.3d 757 (9th Cir. 2008) .......... 4

*United States v. Gordon*, 563 F. Supp. 3d 660 (W.D. Ky. 2021) .......... 7

*United States v. Wanland*, 2017 WL 4269887 (E.D. Cal. Sept. 26, 2017) .......... 6

*Universal Oil Prod. Co. v. Globe Oil & Ref. Co.*, 31 F. Supp. 665 (N.D. Ill. 1939) .......... 10

*Universal Oil Prod. Co. v. Winkler-Koch Eng'g Co.*, 27 F. Supp. 161 (N.D. Ill. 1939) .......... 9, 10

*Walker v. N. Las Vegas Police Dep't*, 2015 WL 8328263 (D. Nev. Dec. 8, 2015) .......... 8

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 .......... 6

Fed. R. Civ. P. 26 .......... 5, 6

18 A. Wright, A. Miller & E. Cooper, Fed. Prac. And Proc. (3d ed. 2017) .......... 9

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo"), respectfully seeking the guidance requested by the Special Master.

## I. INTRODUCTION

Masimo filed a motion before the Special Master to compel Apple Inc. ("Apple") to respond fully to an interrogatory regarding the nature and extent of Apple's participation in the *True Wearables* litigation. The discovery is relevant to many issues, including whether Apple exerted sufficient control over *True Wearables* that Masimo may preclude Apple from relitigating issues that may be resolved against True Wearables or Marcelo Lamego. The Special Master deferred ruling on Masimo's motion and directed the parties to seek the Court's guidance as to whether Masimo may seek discovery in support of Masimo's offensive non-party issue preclusion theory.

The Court should allow Masimo to seek discovery that may support issue preclusion because there is no reason to prevent such discovery. The scope of discovery is presumptively broad, and the information sought is relevant. The Federal Rules impose no requirement to plead offensive preclusion (in contrast to the requirement to plead preclusion when asserted as an affirmative defense). Masimo did not fail to disclose its theory earlier in the case. Nor does Apple need any discovery from Masimo on this issue. Finally, Masimo need not prove it will prevail as a precondition to obtaining discovery to support its theory.

## II. BACKGROUND

### A. Masimo's Motion to Compel

Masimo served an interrogatory (No. 25) to obtain information the case law identifies as relevant to whether Apple exercised sufficient control over the *True Wearables* litigation that Apple may be bound by adverse rulings. Masimo asked Apple to "[d]escribe in detail Apple's relationship with True Wearables and/or Marcelo Lamego regarding *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001, including appeals ("*True Wearables*") and/or this case." (Ex. 3 (numbered Exhibits are attached to the Decl. of Benjamin Katzenellenbogen, filed herewith) at 3:3-5.) The



interrogatory identifies specific information that Apple should provide. (*Id.* at 3:3-18.)

Following a meet and confer, Apple purported to supplement its answer, but failed to address the deficiencies and provided no additional substantive information. (*Id.* at 4:25-6:14.)

Apple's continued refusal to answer the interrogatory necessitated Masimo filing a motion seeking to compel Apple to provide four pieces of information: "[1] the extent to which Apple and/or its legal counsel can be involved in,

influence, control, or determine whether to appeal in *True Wearables*; [2] the extent to which Apple and/or its legal counsel can be involved in, review, provide input on, draft, edit, or approve filings in *True Wearables*; [3] the extent to which Apple and/or its legal counsel can be involved in, provide input on, influence, or affect litigation strategy in *True Wearables*; and [4] the details of Apple's agreement with True Wearables and/or Lamego to coordinate on issues arising out of this case or *True Wearables*." (Ex. 3 at 3:12-18 (numbering added).)

**B. <u>The Special Master's Order</u>**

On July 15, 2022, after multiple rounds of briefing and argument, the Special Master issued an Order that did not resolve Masimo's motion. Instead, the Special Master requested guidance from this Court. The Special Master's Order reviewed the relief sought, as well as the parties' arguments, and provided the following analysis:

> The Special Master finds that the question of whether Plaintiffs should be permitted to seek discovery on their non-party issue preclusion theory in this case is more appropriately decided by Judge Selna in the first instance and before resolution of the current discovery motion. Beyond the initial issue of [A] whether the theory needed to be pled, other procedural issues have also been raised more generally, such as [B] whether Plaintiffs timely identified this theory during the course of this case. Apple has also asserted that [C] the record is already sufficiently clear to show that Plaintiffs will ultimately be unable to muster the evidence necessary to satisfy the applicable legal standard for non-party issue preclusion (a legal standard somewhat disputed by the parties), thus (according to Apple) making the discovery Plaintiffs seek on this issue irrelevant. (Opp'n re Plf. Rog 25 at 2.) ***Judge Selna's guidance is thus respectfully sought on these threshold issues***. Certainly, an initial ruling by the Court in this limited situation that will ultimately affect numerous discovery disputes may save time by avoiding the need to review one or more initial rulings by the Special Master.

(Ex. 1 at 5:10-21 (bracketed lettering and emphasis added).)

The Special Master concluded that:

> Thus, after balancing numerous considerations, the Special Master DEFERS RULING on Plaintiffs' June 1, 2022 motion to compel. The

> Special Master respectfully finds that before the motion can be resolved, Judge Selna's guidance must first be sought on the following threshold question: ***whether Plaintiffs will be permitted to seek discovery in this case regarding their offensive non-party issue preclusion theory***.

(*Id.* at 6:7-11 (emphasis added); *see id.* at 2:15-19.) The Special Master further recommended an expedited briefing schedule and respectfully asked the Court "to review the dispute at his earliest convenience." (*Id.* at 2:19-24; *see id.* at 6:11-15.)

Masimo now seeks the guidance requested by the Special Master.

## III. LEGAL STANDARDS

### A. Non-Party Preclusion

Collateral preclusion is typically based on prior litigation involving the party to be bound, but it can also apply when a party controlled prior litigation. The Supreme Court held that a "nonparty is bound by a judgment if she 'assume[d] control' over the litigation in which that judgment was rendered." *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008) (quoting *Montana v. U.S.*, 440 U.S. 147, 154 (1979)). Determining whether a non-party exercised sufficient control "to actuate principles of estoppel" involves evaluating the extent of the non-party's participation in the prior litigation, including whether the non-party "reviewed and approved the complaint" or "directed the filing of a notice of appeal[.]" *Montana*, 440 U.S. at 155. The Ninth Circuit characterized the considerations identified in *Montana* as including whether the non-party was able to "direct or review [a party's] filings" or did something to "influence or affect [a party's] litigation strategy." *United States v. Bhatia*, 545 F.3d 757, 760–61 (9th Cir. 2008). The Ninth Circuit also stated that "[f]actors important to a finding of control include" whether the non-party exercised "control over the decision to appeal." *Del Mar Avionics v. Quinton Instruments Co.*, 645 F.2d 832, 835 (9th Cir. 1981). Additionally, where a party "employs counsel to represent its interest in a litigation or otherwise actively aids in its conduct, it is properly enough deemed to be a party and not a stranger to the litigation and bound by its results." *Drummond v. U.S.*, 324 U.S. 316, 317-18 (1945).

**B. Discovery Generally**

Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The propounding party bears an initial burden of making a "minimal showing of relevance." *DeSilva v. Allergan USA, Inc.*, 2020 WL 5947827, at *3 (C.D. Cal. Sept. 1, 2020). Apple recently observed that "[a] request for discovery is relevant if there 'is ***any possibility*** that the information sought ***may be*** relevant to the claim or defense of any party,' and the moving party must only make a 'minimal showing' of relevance, … ." (Ex. 6 at 1 (citations omitted).) "Once the minimal showing of relevance is made, '[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *DeSilva*, 2020 WL 5947827, at *3 (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

**IV. MASIMO SHOUD BE ABLE TO SEEK PRECLUSION DISCOVERY**

The Special Master sought guidance on whether Masimo should be permitted to seek discovery regarding Masimo's offensive non-party issue preclusion theory. The Special Master viewed this inquiry as related to three subsidiary questions: (A) Whether Masimo must have pled the theory in its complaint; (B) Whether Masimo timely identified this theory during the course of this case; and (C) Whether Apple's assertions regarding some aspects of Apple's participation in *True Wearables* should prevent Masimo from seeking contrary discovery. Masimo addresses these questions below.

**A. Masimo Was Not Required to Plead Offensive Issue Preclusion**

Masimo was not required to plead issue preclusion as a precondition to seeking discovery for two independent reasons. First, the Federal Rules do not require pleading every fact, issue, or argument that may support a party's claim. Nor do the Rules limit discovery to the specific facts, issues, or arguments that were pled in support of a cause of action. Rather, discovery may be taken on any subject matter that is relevant to the claims that are pled. The Rules provide that "[p]arties may obtain discovery regarding

***any*** nonprivileged matter that is ***relevant to*** any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1) (emphases added). Here, Masimo pled a claim for trade secret misappropriation. (*See* Dkt. 296-1 at 80 (Thirteenth Cause of Action).) Masimo properly seeks discovery regarding facts that may support its misappropriation claims, including facts that may support issue preclusion arguments regarding aspects of that claim. Such discovery is relevant to Masimo's claim.

Cases interpreting the Rules confirm that "the scope of permissible discovery is not based solely on whether a transaction is expressly mentioned in the complaint." *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. 2021); *Anaheim Gardens v. United States*, 125 Fed. Cl. 88, 105 (2016) ("It is not the case that a fact must be alleged in a pleading for a party to be entitled to discovery of information concerning that fact") (internal quotation marks omitted). Therefore, Masimo was not required to specifically plead that Apple's participation in *True Wearables* may support Masimo's claim for trade secret misappropriation as a prerequisite to obtaining discovery about the nature and extent of Apple's participation.

Second, Masimo had no obligation to plead offensive issue preclusion. The Rules require pleading "res judicata" and "estoppel" if the party is raising these doctrines as an "affirmative defense." Fed. R. Civ. P. 8(c)(1). But Masimo is not raising any such defense. Masimo raises issue preclusion *offensively* in support of its own claim for relief. Every case cited to the Special Master confirms that the Federal Rule's requirement for pleading affirmative defenses does not require pleading preclusion in support of a plaintiff's claim. *See United States v. Wanland*, 2017 WL 4269887, at *7 (E.D. Cal. Sept. 26, 2017) (rejecting argument that a plaintiff must plead "offensive collateral estoppel" in its complaint); *In re Fitch*, 349 B.R. 133, 140-41 (Bankr. N.D. Tex. 2006); *U.S. v. United Air Lines, Inc.*, 216 F. Supp. 709, 718 (E.D. Wash. 1962).

Apple argued to the Special Master that whether Masimo was required to affirmatively plead issue preclusion "is an open question." (Ex. 7 at 1.) Apple is wrong; the question is decided, not open. The cases Apple cited do not show that such pleading

is required. Another district court recently distinguished two of the three cases Apple cited. *See United States v. Gordon*, 563 F. Supp. 3d 660, 666 (W.D. Ky. 2021) (distinguishing *Herzbrun* and *Harvey* while accepting a res judicata argument first raised on summary judgment). The third case Apple cited is irrelevant because it expressly relies on and interprets Iowa state law. *Pool v. Orkin, Inc.*, 2010 WL 5452712, at *3-4 (S.D. Iowa Aug. 30, 2010). No authority suggests Masimo might need to plead offensive issue preclusion.

**B. Masimo Timely Identified Its Preclusion Theory**

The Special Master asked whether Masimo had timely identified its preclusion theory. (Ex. 1 at 5:14-15.) The Special Master did not point to any disclosure, discovery response, or brief that should have but allegedly failed to identify Masimo's theory. Apple complained before the Special Master that Masimo raised its issue preclusion theory in briefing filed after the deadline to serve written discovery. (Ex. 6 at 1.) However, like the Special Master, Apple did not cite any disclosure, discovery response, or brief in which Apple claims Masimo should have disclosed its theory earlier. (*See id.*) Apple asserted that Apple missed out on "a fair chance to seek reciprocal written discovery." (*Id.*) However, Apple does not identify any written discovery that it would have sought, or what "reciprocal" discovery could be sought from Masimo regarding Apple's participation in *True Wearables*.

Nor does Apple need any discovery from Masimo. Masimo has no information regarding the nature or extent of ***Apple's*** participation in *True Wearables*. Such information is within Apple's knowledge and possession, not Masimo's. The same reason that Masimo needs the discovery from Apple is exactly why Apple needs no reciprocal discovery from Masimo. Apple has not, and cannot, identify any prejudice that would result from allowing Masimo to seek discovery on its issue preclusion theory.

**C. Masimo Has No Obligation To Prove Estoppel As A Condition Precedent To Seeking Discovery Regarding Estoppel**

Masimo need not prove its theory as a precondition to obtaining discovery. "The

Federal Rules 'do not require the party who carries the burden on an issue to make a prima facie case before it is entitled to discover rebuttal information.'" *Cellspin Soft, Inc. v. Fitbit, Inc.*, 2020 WL 11273048, at *1 (N.D. Cal. July 17, 2020); *Finjan, Inc. v. ESET, LLC*, 2018 WL 4772124, at *2 (S.D. Cal. Oct. 3, 2018) ("importantly '[t]he ultimate burden ... does not dictate the scope of discovery'" (quoting *SPH Am., LLC v. Research in Motion, Ltd.*, 2016 WL 6305414, at *2 (S.D. Cal. Aug. 15, 2016))). Apple cannot withhold discovery until Apple agrees Masimo has proven its *prima facie* case.

Nor can Apple evade its discovery obligations by criticizing Masimo's evidence. As other district courts in the Ninth Circuit have recognized:

> Discovery itself is the process which serves as the vehicle for Plaintiffs to obtain the very evidence Defendants contend is lacking. To permit a party to avoid discovery on this basis would lead to the tautology of denying a claim due to lack of evidence because discovery requests—the means of getting that evidence—were denied due to a lack of evidence.

*Kiessling v. Rader*, 2017 WL 11310113, at *3 (D. Nev. Feb. 17, 2017) (quoting *Walker v. N. Las Vegas Police Dep't*, 2015 WL 8328263, at *2 (D. Nev. Dec. 8, 2015)). Thus, the merits of Masimo's issue preclusion theory, and specifically the sufficiency of the evidence Masimo may be able to present ***after*** obtaining discovery from Apple, cannot be evaluated ***before*** Masimo obtains the requested discovery. *See id.*

Nor can Apple avoid producing harmful information by selectively producing favorable information and asserting that, if the Court were to consider only the favorable information, Apple would prevail. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, 2014 WL 3396124 at *2 (W.D. Wash. July 10, 2014) ("arguments regarding the lack of evidence put forward by [the moving party] to justify discovery of the relevant information is premature, where the discovery process itself may be a vehicle to obtain the very evidence [the resisting party] contends is lacking.").

Arguments on the merits are irrelevant at this stage because a discovery motion "is not the appropriate setting" to evaluate "the merits of the underlying case." *Env't World Watch, Inc. v. Walt Disney Co.*, 2012 WL 12878581, at *5 (C.D. Cal. Aug. 10,

2012), *vacated in part on other grounds,* 630 F. App'x 687 (9th Cir. 2015); *Nat'l Union*, 2014 WL 3396124, at *2 ("inappropriate to rule on the merits of the underlying [claim] when considering discovery motions").

Accordingly, the record does not establish that Masimo will be unable to prevail on its issue preclusion theory.

**D. Apple Cannot Avoid Discovery By Using An Intermediary**

Although not directly encompassed by the Special Master's request for guidance, the Special Master previously indicated some uncertainty regarding Masimo's theory that Apple may have indirectly controlled the *True Wearables* litigation through [REDACTED] The Special Master previously inquired about "the propriety of issue preclusion" in this situation, where "there are multiple parties on multiple levels"—i.e. [REDACTED] (Ex. 2 at 5:5-6.)

Apple has not identified any authority suggesting it would be immune from preclusion simply because it concealed its control over *True Wearables* or exerted control through an intermediary. To the contrary, a judgment may bind a nonparty if that nonparty "assume[d] control over the litigation in which that judgment was rendered." *Taylor*, 550 U.S. at 895 (internal quotation marks omitted). Control by a nonparty triggers preclusion even if that control is exercised secretly. 18 A. Wright, A. Miller & E. Cooper, Fed. Prac. And Proc. § 4451, at 366 (3d ed. 2017); *Caterpillar Tractor Co. v. Int'l Harvester Co.*, 120 F.2d 82, 85 (3d Cir. 1941) (manufacturer secretly controlled patent infringement defense of its dealer).

At least one Federal Court held that a nonparty may exercise control sufficient to trigger estoppel through an intermediary. *See Universal Oil Prod. Co. v. Winkler-Koch Eng'g Co.*, 27 F. Supp. 161 (N.D. Ill. 1939). In *Universal Oil*, a patentee sued a company

for using infringing machinery. *Id*. The patentee prevailed in a previous lawsuit asserting the same patent against another company that was using the same type of infringing machinery. *Id. Universal Oil* held that the new defendant was bound by the earlier judgment because the new defendant had exercised control over the defense in the prior case ***through an intermediary***. *Id.* at 164.[1] Specifically, the defense was controlled by a voluntary association called "the Patent Company" that was partially controlled by the new defendant. *Id.* at 162.

*Universal Oil* confirms that Apple may be bound by *True Wearables* if Apple exerted control over the defense, regardless of whether Apple exerted that control directly or through an intermediary [REDACTED]. If the Court concludes that Apple lacked the requisite degree of control, then Apple will not be bound by the prior judgment. Conversely, if the evidence shows that Apple exerted control, either directly or through an intermediary, such that Apple already had its day in court on any issues litigated in *True Wearables*, then binding Apple to the judgment would be fair and consistent with due process.

## V. CONCLUSION

Masimo respectfully requests the Court advise the Special Master that Masimo may seek discovery regarding Masimo's offensive non-party preclusion argument.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 22, 2022

By: */s/ Benjamin A. Katzenellenbogen*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen

[1] On rehearing, the court revised its decision due to new factual circumstances that deprived the new defendant of the control it had previously exercised over the defense in the earlier case. *Universal Oil Prod. Co. v. Globe Oil & Ref. Co.*, 31 F. Supp. 665 (N.D. Ill. 1939). Nothing in the rehearing decision contradicts the reasoning in the original decision that control may be established through an intermediary.

Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

55997025