UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
REDACTED
**CIVIL MINUTES - GENERAL**

Case No.  SA CV 20-00048 JVS (JDEx)     Date  July 6, 2022

Title  Masimo Corporation, et al. v. Apple Inc.

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                              Not Present

Proceedings:  **[IN CHAMBERS] Order Regarding Apple's Motion to Clarify or Reconsider Order Re Trade Secret Disclosure**

Before the Court is Apple's Motion to Clarify or Reconsider Order Regarding Plaintiffs' Motion to Modify Trade Secrets Disclosure (Dkt. 669). See Mot., Dkt. 759, Dkt. 767 (sealed); Opp., Dkt. 777, Dkt. 776-1 (sealed); Reply, Dkt. 793, Dkt. 804 (sealed).[1] Because this Order requests additional briefing, the Court **DEFERS** ruling and **VACATES** the July 11, 2022 hearing.

**I. BACKGROUND**

In this action, through their § 2019.210 trade secret Disclosure, Plaintiffs identify Trade Secret D.1, relating to Plaintiffs' Business and Marketing Plans and Strategies:

---

[1] After the Court granted the underlying Application to Seal (Dkt. 775), see Dkt. 783, no standalone sealed version of the Opposition was filed. The Court has admonished both parties on numerous occasions to comply with L.R. 79-5.2.2, including filing standalone sealed versions after the application has been granted. This is perplexing considering the breadth of experience of all counsel in this case. Given the prior admonishments and the continuing violations, the Court will no longer issue admonishments; instead, upon future violations of the sealing rules, the Court will impose monetary sanctions beginning at $250 per violation.



See Dkt. 650-1, Ex. 1 at 27 (emphasis added).

On April 28, 2022, the Court issued an order granting in part Masimo's motion to modify this disclosure. See TS Order, Dkt. 669 (sealed), Dkt. 693 (redacted). The Court allowed Masimo's proposed amendment, because it was only a "refining" edit clarifying tha▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 669 at 5-6 (emphasis added). The Court concluded this was only a refining amendment because it was "consistent with the position taken by Masimo during this litigation." Id. at 6.  Specifically, in Masimo's Second Supplemental Response (2SR) to Apple's Interrogatory No. 10–which asks how Masimo contends that Apple misappropriates this and other trade secrets–▮▮▮▮▮▮▮▮▮▮▮▮ See Dkt. 767-2, Ex. C at 28-29 (2SR to Rog No. 10).

Further, the Court allowed the amendment because it did "not change the scope of the stated trade secrets." Dkt. 669 at 6. To ensure that Masimo and Apple were operating from the same play book, the Court ordered that, if "Masimo has not provided a fulsome discovery response to Apple regarding hardware and software, i.e., if Masimo has not 'identif[ied] which, if any, applications they believe are implicated by this trade secret,' besides oxygen saturation as mentioned in Masimo's second supplemental interrogatory response, Masimo [was] ordered to make that disclosure to Apple within 14 days." Id.

Fourteen days later, Masimo provided its Third Supplemental Response (3SR) to Rog No. 10. See Dkt. No. 767-1, Ex. A at 11-14. ▮▮▮▮▮▮▮▮▮▮▮▮



Id.

After receiving the 3SR, Apple filed its motion to clarify or reconsider the TS Order. Apple argues that the 3SR "represents a dramatic expansion of the scope of the case" because the dozen new applications "go far beyond the heart and blood-related applications" that have been the subject of this case for over two years. Mot. at 1. Apple explains the newly listed applications relate to things like noise, sleep, menstrual cycle, and audio exposure tracking, mobility, and the ability to create new applications. Id. at 1-2. Thus, Apple asks the Court to reconsider or clarify the TS Order to specify that ▮▮▮▮ Id. at 2. Apple avers that the Court may make this clarification either under its inherent authority or under L.R. 7-18 governing reconsideration motions. Id. at 6.

Masimo opposes, arguing that it "has long alleged misappropriation based on those applications," as shown by allegations in the Complaint and discovery exchanged by the parties. Opp. at 1. ▮▮▮▮ Id. Further, Masimo argues that Apple has not met the standard for reconsideration under L.R. 7-18 and this is not an extraordinary circumstance warranting other relief. Id. at 7-13. In any event, Masimo clarifies that it "is not alleging misappropriation by the third parties that use those [listed] tools." Id. at 10 ▮▮▮

In reply, Apple argues that none of the handful of discovery requests cited by Masimo links those topics to misappropriation of Masimo's Business and Marketing Plans and Strategies trade secrets, and a single paragraph in the operative Complaint that

does not mention a single application should not be construed to allege misappropriating applications. Reply at 1. Further, Apple asserts that "if Plaintiffs truly believe that they have 'long alleged misappropriation' of the twelve or more new applications identified on May 12, 2022, see Opp. 1, they appear to have violated their duty under Rule 26(e)(1)(A) to promptly supplement their response to Interrogatory No. 10." Id. at 1. Apple reiterates that it is not asking the Court to change the substance of its ruling, but rather "to hold Plaintiffs to their same position of the last two years." Id. at 2.

The Court construes Apple's motion as a request to enforce the TS Order by ensuring that the refining amendment permitted by the Court is not used as a backdoor to change the scope of the case at this late date. It is not really a motion for reconsideration so the Court declines to analyze it as one.

## II. Legal Standard

"A district court has the authority to make an enforcement order to secure compliance with its earlier orders and governing law." Armstrong v. Brown, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013); see also, e.g., Kiskadee Commc'ns (Bermuda), Ltd. v. Father, No. C 10-05277 WHA, 2011 WL 5085284, at *1 (N.D. Cal. Oct. 26, 2011) (granting motion to enforce stay order after plaintiff issued a discovery subpoena during stay).

"Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct, among other things, responses to discovery requests 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" Jones v. Travelers Cas. Ins. Co. of Am., 304 F.R.D. 677, 678–79 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 26(e)(1)(A)). "The parties are expected to supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel or an order from the Court." Id.

"In addition, Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from 'use [of] that information … to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'" Id. (quoting Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is 'self-executing' and 'automatic.'" Id. (quoting Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001)).

## III. Discussion

The Court needs more information before it can determine wither Plaintiffs' Third Supplemental Response to Interrogatory No. 10 expands the scope of Trade Secrets D.1 (and by extension Trade Secrets D.2 through D.5[2]). Apple is correct that the TS Order relied on Plaintiffs' disclosure of Apple's Blood Oxygen software to conclude that Plaintiffs' proposed refining amendment was consistent with the positions Plaintiffs had long taken in this case. See TS Order at 5-6. It is unclear to the Court, however, whether and how Plaintiffs' Second Supplemental Response disclosing oxygen saturation techniques, combined with scattershot discovery responses and one paragraph in the Complaint, can be said to encompass the other applications Plaintiffs have now added to the 3SR.

A comparison of Trade Secret D.1 alongside the relevant portion of the 2SR and 3SR illustrates this lack of clarity concerning scope.

| TS D.1 | 2SR | 3SR |
|---|---|---|
| ■■■ | Apple appears to be implementing Plaintiffs' business and marketing strategies, and strategies for interacting with hospitals. . . . Apple advertises its oxygen saturation feature as a "breath of fresh innovation" and a "revolutionary Blood Oxygen feature." . . . Apple appears to be using ■■■ | Masimo has identified the following applications . . . that appear relevant to Apple implementing Plaintiffs' business and marketing plans and strategies: HealthKit, CareKit, ResearchKit, SensorKit, and Applications that Utilize Them. Apple markets HealthKit, CareKit, ResearchKit, and SensorKit as frameworks to build applications and to gather, retrieve, and share data. . . . Health Application . . . Blood Oxygen Application (SpO2). . . Heart-Related Applications, HEARTI Project . . . ECG Application . . . Irregular Rhythm Notification . . . Glucose Monitoring . . . Research Application, iResearch, and Health Cloud . . . [and] Fitness Application . . . . |

---

[2]  Since the parties agree that the TS Order should be construed as applying to TS D.2 through D.5 as well, the Court will so construe it.

To provide the Court with the information it needs to resolve whether the new list of applications disclosed in the 3SR expands the scope of the business and marketing trade secrets, the parties are ordered to take the following steps.

- Within seven days of receiving this Order, the parties shall meet and confer to discuss areas of agreement (e.g., Plaintiffs agreed in their Opposition that third-party applications are not included; Apple reasonably suggests that Plaintiffs may not later add additional applications created by Apple, but the parties should discuss this in the context of the applicable discovery rules, such as the impact of a newly created versus an existing but not alleged application; ▮▮▮▮▮ ). The parties should approach these discussions with an open mind and consider whether certain applications may clearly be within the scope of Plaintiffs' earlier disclosure ▮▮▮▮▮ , whereas others may not ▮▮▮▮▮

- Within fourteen days of receiving this Order under seal, the parties shall file a joint report setting forth the applications on which they agree reasonably fall within (or outside) the original scope of TS D.1-D.5.

- Within fourteen days of receiving this Order under seal, Plaintiffs shall file a supplemental brief of no more than ten pages addressing any remaining applications they believe fall within the original scope of TS D.1-D.5 to which Apple still objects. Specifically, Plaintiffs shall explain how such applications were included in the original scope of TS D.1-D.5, providing relevant record and/or discovery citations demonstrating the specific subject matter was included with respect to these specific trade secret allegations.[3]

- Within seven days of Plaintiffs' brief, Apple shall file a response thereto of no more than ten pages, addressing the scope of TS D.1-D.5 and why it believes any remaining objected-to applications exceed the scope.

## IV. CONCLUSION

For the foregoing reasons, the Court **DEFERS** resolution of the motion and **ORDERS** supplemental briefing as stated.

---

[3] If Plaintiffs conclude that any of the SR3 applications fall outside the original scope of TS D.1-D.5 and wish to add them now, Plaintiffs shall address whether and how this is permissible under Rules 26(e)(1) and 37(c)(1).

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of this sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |